

E. EVANS WOHLFORTH, JR.
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4879 Fax: (973) 639-6486
ewohlforth@gibbonslaw.com

June 23, 2022

**VIA ECF**

Hon. Cathy L. Waldor, U.S.M.J.
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:   *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*
             **Civ. No. 2:22-cv-02632-JMV-CLW**

Dear Judge Waldor:

      On behalf of Defendant Save On SP, LLC ("SaveOn"), we write in opposition to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") request that the Court schedule an initial conference pursuant to Federal Rule of Civil Procedure 16 on July 24, 2022.

      Local Rule 16.1 states that the court shall schedule a Rule 16 conference no later than 60 days from the filing of an initial answer to the complaint. Because an answer is not required until after resolution of any motion to dismiss, the Local Rule clearly contemplates—contrary to JJHCS's suggestion that the court *must* schedule a conference by July 24, 2022—that the Court need not schedule a Rule 16 conference until after it rules on a motion to dismiss.

      SaveOn intends to file a motion to dismiss here on bases that JJHCS could not cure through amendment. Among other things, SaveOn intends argue that all of JJHCS's claims are preempted by ERISA and that JJHCS's purported injuries were not caused by SaveOn's alleged conduct, defects that JJHCS could not plead around in a new complaint. Under this Court's orders of June 10 and June 14, 2022, SaveOn's motion is due July 15, and will be fully briefed by August 29. Dkt. Nos. 13, 15. It would be premature schedule a Rule 16 conference—and so require a Rule 26(f) conference in the next two weeks, triggering discovery—before SaveOn even files its motion.

      JJHCS suggestion that early discovery is somehow "imperative" here is misguided. JJHCS asserts "ongoing harm to patients," but there is none—as the materials incorporated into its complaint show, the relevant plan members receive their specialty medications for free, even if they deplete or CarePath lowers the available assistance. *See, e.g.*, David Cook, *IPBC and SaveonSP Training-20210216 1901-1*, VIMEO, at 42:30 to 42:50 (Feb 17, 2021), https://vimeo.com/513414094 ("The member always pays zero. As long as they're enrolled and as long as the drug is in the program, [even] if they've maxed out the copay assistance…."); *id.* at 07:30 to 07:50, 14:45 to 15:17, 43:15 to 43:49. JJHCS also asserts that SaveOnSP caused it to make extra co-pay assistance payments, but it does not seek early injunctive relief that might justify discovery now—nor could it, as its asserted harms are purely financial. And while JJHCS asserts

GIBBONS P.C.

Hon. Cathy L. Waldor, U.S.M.J.
June 23, 2022
Page 2

that SaveOnSP's alleged conduct could "threaten the financial viability" of its copay assistance program, JJHCS can decrease the budget for that program at any time, as it did recently for at least two specialty drugs.

  Holding a Rule 16 conference on JJHCS's unnecessarily accelerated timetable would be unproductive and disruptive at this stage of the litigation. There is nothing to be gained by commencing discovery before resolution of SaveOn's upcoming motion to dismiss and doing so would risk wasting the Court's time and resources on discovery practice that will be unnecessary if the Court dismisses JJHCS's claims. SaveOn has preserved relevant documents, and if any of JJHCS's claims survive, it will engage in appropriate discovery on those remaining claims.
We thank the Court for its kind attention to this letter. Please do not hesitate to have the Court's staff contact the undersigned with any questions or if we may be of assistance.

          Respectfully submitted,

          s/ Evans Wohlforth

          E. Evans Wohlforth, Jr.

Cc:  All counsel (Via ECF)