## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAVE ON SP LLC, <br><br> *Defendant*. | Case No. 2:22-cv-02632-JMV-CLW |

**BRIEF IN SUPPORT OF MOTION OF PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA FOR LEAVE TO APPEAR AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF**

Keith J. Miller
Robinson Miller LLC
110 Edison Place, Ste. 302
Newark, NJ 07102
Tel: 973-690-5400
Fax: 973-466-2761

Eric D. McArthur*
Madeleine Joseph*†
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000
Fax: (202) 736-8711

*Pro hac vice* forthcoming
†Admitted only in Massachusetts; supervised by principals of the firm who are members in good standing of the D.C. Bar.

*Counsel for Amicus Curiae Pharmaceutical Research and Manufacturers of America*

# TABLE OF CONTENTS

INTEREST OF *AMICUS CURIAE*..................................................................................1

ARGUMENT ...................................................................................................................1

CONCLUSION ................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Acra Turf Club, LLC v. Zanzuccki*,
    No. CIV.A. 12-2775 MAS, 2014 WL 5465870 (D.N.J. Oct. 28,
    2014) ................................................................................................... 1, 2

*Neonatology Assocs., P.A. v. IRS*,
    293 F.3d 128 (3d Cir. 2002) ........................................................................ 2, 4

*Pfizer Inc. v. HHS*,
    No. 1:20-CV-4920, 2021 WL 4523676 (S.D.N.Y. Sept. 30, 2021) ..................... 3

*Russell v. Bd. of Plumbing Examiners of Cnty. of Westchester*,
    74 F. Supp. 2d 349 (S.D.N.Y. 1999) .................................................................. 3

*United States v. Alkaabi*,
    223 F. Supp. 2d 583 (D.N.J. 2002) .................................................................... 1

*United States v. Bayer Corp.*,
    No. CV 07-0001 (JLL), 2014 WL 12625934 (D.N.J. Oct. 23, 2014) .............. 2, 3

**Other Authorities**

Fed. R. App. P. 29(b) ..................................................................................... 2

## INTEREST OF *AMICUS CURIAE*

The proposed *amicus*, the Pharmaceutical Research and Manufacturers of America (PhRMA), is a voluntary, nonprofit organization that represents the country's leading biopharmaceutical companies. Its members develop cutting-edge medications, treatments, and vaccines that save and improve the lives of countless patients. PhRMA and its members have a special interest in this case. Many of those members offer patient copay assistance programs like the one at issue in this suit, and therefore well understand the impact of schemes like SaveOnSP on patient assistance programs and the patients who rely on them. PhRMA is therefore uniquely positioned to provide insight on a core issue in the motion to dismiss: whether SaveOnSP causes harm to patients, the public, and manufacturers.

## ARGUMENT

PhRMA respectfully moves for leave to file the accompanying amicus brief urging this Court to deny SaveOnSP's motion to dismiss.[1] *See* Ex. A. District courts have inherent authority and "broad discretion" to allow *amicus* participation. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). There is no rule governing *amicus* appearances in the district courts, so courts in this District are guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29. *Id.*; *Acra Turf*

---

[1] Plaintiff Johnson & Johnson Health Care Systems, Inc. consents to the filing of the amicus brief. Defendant SaveOnSP LLC does not consent.

*Club, LLC v. Zanzuccki*, No. 12-2775, 2014 WL 5465870, at \*5 (D.N.J. Oct. 28, 2014). That Rule permits participation where an *amicus* has "sufficient 'interest' in the case," and its "brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Assocs., P.A. v. IRS*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.). (quoting Fed. R. App. P. 29(b)). Leave to file amicus briefs should be granted "unless it is obvious that the proposed briefs do not meet Rule 29's criteria[,] … broadly interpreted." *Id.* at 133.

Under this standard, PhRMA should be granted leave to file its amicus brief. PhRMA has a "strong interest in the outcome of this case." *United States v. Bayer Corp.*, No. 07-0001, 2014 WL 12625934, at \*1 (D.N.J. Oct. 23, 2014). Courts in this district have recognized that trade associations like PhRMA have a special stake in suits that affect their members, and have granted those associations leave to file amicus briefs based on that interest. *Id.* (granting two trade associations leave to file amicus briefs in a case of consequence to their members); *Acra Turf Club*, 2014 WL 5465870, at \*5.

This suit has considerable implications for PhRMA's members, who have invested billions of dollars in their own patient copay assistance programs and would like to continue doing so. Because the scheme challenged in this suit and others like it jeopardize the future of this form of patient assistance, PhRMA and its members have a special interest in seeing the case go forward. Given PhRMA's stake in its

2

members' ability to operate cost-sharing assistance programs, another district court recently granted PhRMA leave to file an amicus in a case about two such programs. *Pfizer Inc. v. HHS*, No. 1:20-CV-4920, 2021 WL 4523676, at *1 n.1 (S.D.N.Y. Sept. 30, 2021).

Further, PhRMA's participation in this case would assist the Court in resolving a core issue presented in the motion to dismiss. SaveOnSP argues that its program does not cause harm to the public or pharmaceutical manufacturers. Mot. to Dismiss at 16–18, 22–25. The evidence PhRMA lays out in its proposed amicus brief demonstrates that SaveOnSP is mistaken, and that patients, the public, and manufacturers are hurt by SaveOnSP and similar schemes. *See Russell v. Bd. of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) ("The primary role of [an] amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public."). And because PhRMA represents companies across the pharmaceutical industry, its perspective on that evidence is uniquely valuable "in considering the implications of the ultimate outcome of this dispute on the entire … industry." *Bayer*, 2014 WL 12625934, at *1 (granting leave to file where trade associations "submitted thorough and informative briefs, which are of assistance to the Court, particularly in considering" those implications); *cf. Neonatology Assocs.*, 293 F.3d at 132 ("Some friends of the court are entities with particular expertise not possessed by any party to the case.").

**CONCLUSION**

Because of PhRMA's significant interest in the outcome of this case, and because its proposed amicus brief would aid the Court in resolving an important issue presented in the motion to dismiss, the Court should grant PhRMA's motion for leave to appear as amicus and accept the attached brief for filing.

*Signatures follow on next page.*

Dated:  August 18, 2022

Respectfully submitted,

*/s/ Keith J. Miller*
Keith J. Miller
ROBINSON MILLER LLC
110 Edison Place, Ste. 302
Newark, NJ 07102
Tel: 973-690-5400
Fax: 973-466-2761

Eric D. McArthur*
Madeleine Joseph*†
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711

*Pro hac vice* forthcoming
†Admitted only in Massachusetts;
supervised by principals of the firm who are
members in good standing of the D.C. Bar.