UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Case No. 2:22-cv-02632-JMV-CLW <br> *(Document electronically filed)* <br><br> *Oral Argument Requested* |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY STAY DISCOVERY

**GIBBONS P.C.**
E. Evans Wohlforth, Jr.
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500
ewohlforth@gibbonslaw.com

**SELENDY GAY ELSBERG PLLC**
David Elsberg *(admitted pro hac vice)*
Andrew R. Dunlap *(admitted pro hac vice)*
Meredith Nelson *(admitted pro hac vice)*
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .............................................................................................................................3

ARGUMENT ....................................................................................................................................7

I.      The Court Should Partially Stay Discovery and Order Limited Initial Discovery ..............8

          A.      Partially Staying Discovery Will Simplify the Issues and Promote Judicial Economy ..........................................................................................................................8

          B.      Proceeding With Full Discovery Now Would Unjustifiably Burden SaveOn ..................................................................................................................11

          C.      Partially Staying Discovery Will Not Prejudice JJHCS .......................................13

          D.      This Litigation Is in a Nascent Stage ...................................................................14

CONCLUSION ...............................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.A. Action Collection Co. v. Dweck*,
   2011 WL 13143955 (D.N.J. July 25, 2011) ................................................................................ 4

*Actelion Pharms. Ltd. v. Apotex Inc.*,
   2013 WL 5524078 (D.N.J. Sept. 6, 2013) ..................................................................... *passim*

*Anfibio v. Optio Solutions LLC*,
   2020 WL 8483808 (D.N.J. Dec. 30, 2020) .............................................................................. 14

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*,
   3 N.Y.3d 200 (2004) ................................................................................................................ 10

*Burress v. Freedom Mortg. Corp.*,
   2021 WL 2661254 (D.N.J. May 26, 2021) ........................................................................ 8, 13

*Cowe v. Moormann*,
   2019 WL 1493367 (D.N.J. Apr. 3, 2019) ................................................................................. 4

*Eye Care Ctr. of New Jersey, P.A. v. Twin City Fire Ins. Co.*,
   2020 WL 7227186 (D.N.J. Nov. 20, 2020) ......................................................................... 7, 14

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*,
   247 F.R.D. 453 (D.N.J. 2007) ................................................................................................... 7

*Gibly v. Best Buy Co.*,
   2022 WL 2413906 (D.N.J. Mar. 7, 2022) ..................................................................... 7, 8, 11

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) ......................................................................................... 7, 11

*Pfizer, Inc. v. U.S. Dep't of Health & Hum. Servs.*,
   42 F.4th 67 (2d Cir. 2022) ............................................................................................ 1, 12, 13

*Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*,
   967 F.3d 218 (3d Cir. 2020) ...................................................................................................... 9

*Somerset Orthopedic Associates, P.A. v. Horizon Healthcare Servs. Inc.*,
   2020 WL 1983693, at *4 (D.N.J. Apr. 27, 2020) ..................................................................... 9

*Spencer v. Wetzel*,
   2012 WL 2930228 (M.D. Pa. July 18, 2012) .......................................................................... 13

*Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*,
   2016 WL 3267285 (D.N.J. June 8, 2016) ............................................................................8

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
   7 F. Supp. 2d 523 (D.N.J. 1998) .........................................................................................8

**Statutes**

42 U.S.C. § 1320a-7b(b)(2)(B) ......................................................................................................1

ERISA § 514(a) .............................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 26(c) ......................................................................................................................7

Fed. R. Civ. P. 26(d)(1) ..............................................................................................................3, 4

Fed. R. Civ. P. 26(d)(2) ..................................................................................................................4

Fed. R. Civ. P. 34 ...........................................................................................................................4

Local Rule 16.1(a)(1) .....................................................................................................................7

## PRELIMINARY STATEMENT

This case concerns JJHCS's[1] attempt to prevent the employers who sponsor health plans from fighting back against drug manufacturers, like JJHCS, that have massively hiked the costs of their specialty drugs over recent decades. As drug makers have raised prices, they have introduced "copay assistance" programs, like JJHCS's CarePath program, which they say help patients afford the rising costs of their drugs. In fact, these programs benefit drug manufacturers. By covering the copays that health benefit plans require plan participants to pay, JJHCS induces participants to continually use its drugs instead of its competitors' drugs, increasing its sales. The Second Circuit recently upheld an advisory opinion from the Department of Health and Human Services determining that such copay assistance programs are *illegal* when applied to federal healthcare programs, as they violate the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2)(B). *See Pfizer, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 42 F.4th 67, 69 (2d Cir. 2022).

SaveOn advises healthcare plan sponsors how to structure their plan benefits to take advantage of copay assistance while ensuring that plan participants get their specialty drugs for free. These terms: (1) reclassify some drugs as "non-essential health benefits" under the Affordable Care Act; (2) set higher copays for them; and (3) set plan benefits in which participants who enroll in copay assistance programs and consent to SaveOn monitoring their pharmacy accounts can get their drugs for free. Recognizing that ERISA prevents it from suing plan sponsors directly to stop them from adopting and implementing those terms, JJHCS instead sued SaveOn, seeking relief that would make it functionally impossible for any plan sponsor to implement such terms.

---

[1] Unless otherwise indicated, defined terms have the same meaning as in JJHCS's Complaint.

This motion concerns JJHCS's demand for broad, expedited discovery before the Court resolves SaveOn's dispositive motion to dismiss. On the day it served its Complaint, JJHCS attempted to serve 42 sweeping document requests, and demanded that the parties begin discovery before SaveOn had even responded to the Complaint. When SaveOn declined, JJHCS urged this Court to set a Rule 16 conference immediately, even though the Local Rules give the Court the discretion to set that conference after an answer is filed, and even later if a dispositive motion is pending, as here. When the Court denied that motion during a recent hearing, and instead ordered the parties to brief whether discovery should proceed, JJHCS continued to press the Court to schedule the Rule 16 conference, which the Court again denied.

Following the hearing, SaveOn proposed a compromise to JJHCS: While the motion to dismiss is pending, the parties would do most major discovery work short of depositions and document production—that is, initial disclosures, initial document requests, limited initial interrogatories, responses and objections, a protective order, an electronic discovery protocol, negotiation of document search parameters (search terms, custodians, time periods)—and, if any of JJHCS's claims survive, the parties would produce documents on an expedited basis at that point. JJHCS refused. It demanded instead that SaveOn not only start full discovery now but *expedite* it, so that the parties would produce all documents before the Court decides the pending motion.

SaveOn now asks the Court to partially stay discovery and order the parties to proceed with the limited initial discovery that SaveOn proposed, as reflected in the attached Proposed Order.

*First*, a partial stay would simplify the issues before the Court by narrowing or outright eliminating entirely the need for discovery and associated motion practice. SaveOn seeks to dismiss all of JJHCS's claims on grounds that could not be cured by amendment. Those claims are

2

fatally flawed because they are preempted by ERISA and because JJHCS has not sufficiently pled the elements of its claims. Section I.A, *infra*.

*Second*, SaveOn would be prejudiced by engaging in document discovery while its motion to dismiss is pending. JJHCS's document requests ask SaveOn to produce huge numbers of documents, including large swaths of sensitive patient information. Section I.B, *infra*.

*Third*, JJHCS would not be prejudiced by a partial stay. SaveOn is preserving relevant documents and has offered to negotiate now the search parameters to gather material for any later production. There is nothing about JJHCS's claims that requires early resolution. And any suggestion by JJHCS that patients are being harmed in the interim is simply false. Section I.C, *infra*.

*Finally*, this litigation is in an early stage. The parties have not agreed to a discovery plan, and the Court has not yet scheduled a Rule 16 conference. A partial stay of document production while the parties engage in the initial phases of discovery thus would not disrupt the litigation. Section I.D, *infra*.

## **BACKGROUND**

On May 4, 2022, JJHCS filed its Complaint, alleging that SaveOn engaged in deceptive trade practices under NY GBL § 349 and tortiously interfered with contracts between patients and JJHCS. Compl., ECF No. 1. JJHCS seeks damages and an injunction. *Id.*

When JJHCS served its Complaint on May 11, 2022, it attached a set of 42 purported initial document requests. *See* Ex. 1 (Pl.'s First Reqs.).[2] [3] JJHCS seeks, among other things:

---

[2] Exhibits are attached to the Certification of E. Evans Wohlforth, Jr.

[3] JJHCS did not properly serve these document requests. Parties ordinarily may not "seek discovery" prior to a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Requests for documents under

- "Documents sufficient to identify every person who has ever been enrolled in CarePath and the SaveOnSP Program" and "every health plan who has ever contracted with SaveOnSP or Express Scripts to participate in the SaveOnSP Program," Ex. 1 at 6 (Reqs. 3, 4);

- All communications with or concerning persons currently enrolled in or eligible for CarePath, *id.* (Reqs. 5, 7, 8);

- "[A]ny payments remitted to SaveOnSP" pursuant to its agreements with Express Scripts (a pharmacy benefit manager) "or any other agreement, written or otherwise," *id.* at 7 (Req. 10);

- All agreements between SaveOn and Express Scripts, Accredo (a specialty pharmacy), or any health insurance plan sponsors, *id.* at 6-7 (Reqs. 9-11, 13, 17); *id.* at 11 (Req. 37);

- Annual program summary documents for every plan that SaveOn partners with and all communications with those plans, *id.* at 10-11 (Reqs. 36-38);

- "All documents and communications relating to CarePath," *id.* at 8 (Req. 23);

- All documents that would allow JJHCS to "identify" members of plans affiliated with SaveOn via "the transaction/claims data," *id.* at 11 (Req. 40); and

- All data concerning any manufacturer assistance provided for prescriptions filled by members of SaveOn-affiliated plans from January 1, 2016 through the present, *id.* (Req. 41).

JJHCS demanded that SaveOn agree to a Rule 26(f) conference by July 3, 2022, two weeks before SaveOn was to file a motion to dismiss JJHCS's claims in their entirety. Ex. 3 at 1. SaveOn declined, noting that a Rule 26(f) conference was not required until three weeks before the Court holds a Rule 16 conference, which it need not do until 60 days after an answer is filed, and that

---

Federal Rule of Civil Procedure 34 cannot be delivered within 21 days of service of the summons and complaint, and in any event are not considered served until the parties have held a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2). JJHCS served its document requests on the same day that it served its Complaint, and prior to any Rule 26(f) conference. Its requests were thus not properly served. *See, e.g.*, *Cowe v. Moormann*, 2019 WL 1493367, at *1 (D.N.J. Apr. 3, 2019) ("Plaintiff's discovery motion is denied as the initial conferences should occur prior to discovery."); *A.A. Action Collection Co. v. Dweck*, 2011 WL 13143955, at *1 (D.N.J. July 25, 2011) (quashing subpoena as premature under Rule 26(d)(1)).

JJHCS had not shown a compelling need for early discovery. Ex. 5 (Ltr. to J. Greenbaum) (citing Local Rule 16(a)(1)). JJHCS moved this Court to schedule a Rule 16 conference, Pl.'s Ltr., ECF No. 25; SaveOn opposed, Def.'s Ltr., ECF No. 27; and the Court scheduled a hearing for August 16, 2022, ECF No. 29.

On July 15, 2022, SaveOn moved to dismiss JJHCS's claims in full. Def.'s Br. Supp. Mot. Dismiss ("Mot."), ECF No. 31-1. JJHCS opposed on August 15. Pl.'s Opp'n Br. ("Opp."), ECF No. 34. SaveOn replied on August 29. Def.'s Reply Br. ("Reply"), ECF No. 43. SaveOn moved on three substantive grounds. *First*, JJHCS's claims concerning payments made by CarePath to participants in ERISA plans are preempted by ERISA, because JJHCS's claims seek to interfere with SaveOn's implementation of plan terms at the plan sponsors' direction; seek to coerce ERISA plan sponsors to change their plan terms; and would require the Court to interpret plan terms to assess JJHCS's damages and its GBL § 349 claim. Mot. 9-15.; Reply 3-7.[4] *Second*, JJHCS fails to state a claim for deceptive trade practices under GBL § 349 because it fails to sufficiently allege: (1) a cognizable, direct injury caused by SaveOn; (2) that SaveOn deceived or misled the public; or (3) that SaveOn caused public harm. Mot. 15-25; Reply 7-10. *Finally*, JJHCS fails to state a claim for tortious interference with contract because it fails to: (1) explain how SaveOn could have tortiously interfered with contracts that did not yet exist at the time of its conduct; (2) explain how SaveOn could have induced patients already enrolled in CarePath to breach their contracts by enrolling with CarePath; or (3) allege that plan benefit terms constitute an impermissible "offer." Mot. 25-29; Reply 10-12.

---

[4] All pin citations to Mot., Opp., and Reply refer to the document pagination.

5

On August 16, 2022, the Court held a hearing on the parties' discovery dispute. *See* Ex. 2 (Hr'g Tr.). The Court declined to set a Rule 16 conference and instead ordered the parties to brief whether discovery should proceed or be stayed. *Id.* at 24:19-25:3; 26:9-27:3. The Court also advised the parties to consider whether they could compromise on proceeding with limited discovery before the motion to dismiss was resolved. *Id.* at 27:11-14.

Following the hearing, SaveOn proposed a compromise to JJHCS: (1) the parties would agree to stay document production and depositions until after the resolution of the MTD; (2) in the interim, the parties would exchange Rule 26 disclosures, serve initial document requests, serve limited initial interrogatories, serve written objections and responses to initial document requests and interrogatories, and meet and confer about initial search parameters (search terms, custodians, time periods); (3) the parties could litigate disputes over this initial discovery before the motion to dismiss is resolved, putting the parties in a position to quickly produce documents thereafter; and (4) if any of JJHCS's claims survive SaveOn's motion, the parties would complete discovery expeditiously—starting document production within 30 days of the decision, substantially completing production in another 90 days, and completing non-expert depositions within 90 days after that. Ex. 4 at 1, 3; *see* Def.'s Proposed Order (the "Proposed Order").

JJHCS rejected this compromise. It offered no compromise of its own. It rather proposed that the parties not only start full discovery now, but that they *expedite* discovery, requiring the parties to substantially complete document production before the Court resolves the motion to dismiss. Ex. 4 at 2.

SaveOn now moves the Court to adopt its proposed schedule, which seeks to advance the discovery process without subjecting SaveOn to potentially needless discovery pending a decision on its motion to dismiss.

6

## ARGUMENT

The question of whether to schedule a Rule 16 conference or to postpone discovery is committed to this Court's sound discretion. The Local Rules permit this Court to "defer[]" a Rule 16 conference "due to the pendency of a dispositive or other motion," Local Rule 16.1(a)(1), and it need not schedule that conference until a defendant has "fil[ed] … an initial answer," *id.* After discovery has commenced, this Court has "discretion to stay a proceeding whenever the interests of justice mandate such action." *Eye Care Ctr. of New Jersey, P.A. v. Twin City Fire Ins. Co.*, 2020 WL 7227186, at *2 (D.N.J. Nov. 20, 2020) (internal quotations omitted); *see also Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.").

Under Federal Rule of Civil Procedure 26(c), this Court also may stay discovery for good cause, referring to four factors: (1) "whether a stay would simplify the issues and the trial of the case"; (2) "whether denial of the stay would create a clear case of hardship or inequity for the moving party"; (3) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party"; and (4) "whether discovery is complete and/or a trial date has been set." *Gibly v. Best Buy Co.*, 2022 WL 2413906, at *3 n.4 (D.N.J. Mar. 7, 2022); *see also Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (same). Courts "adapt[]" their consideration of the good cause standard to "reflect the additional considerations that arise where a stay is sought pending resolution of a dispositive motion." *Actelion*, 2013 WL 5524078, at *3; *see also Gibly*, 2022 WL 2413906, at *3 n.4 ("[I]t is well-settled that 'it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.'" (quoting *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010))).

7

I.  **The Court Should Partially Stay Discovery and Order Limited Initial Discovery**

While the Court has solid grounds to defer the Rule 16 conference (and hence all discovery) until the motion to dismiss is resolved, SaveOn asks the Court to use its discretion to enter the Proposed Order that allows meaningful initial discovery to proceed while staying document production, depositions, and third-party discovery. Proposed Order. Although the "good cause" standard to stay discovery does not apply here (as discovery has not commenced), SaveOn's request would easily meet that standard.

A.  **Partially Staying Discovery Will Simplify the Issues and Promote Judicial Economy**

Stays are favored where "issuance of a stay would simplify the issues for trial by narrowing or outright eliminating the need for discovery." *Actelion*, 2013 WL 5524078, at *5 (internal quotations and original alterations omitted); *see also Gibly*, 2022 WL 2413906, at *3 n.5. Courts "ha[ve] an interest [in] resolving individual cases efficiently" and effectively managing their caseloads. *Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*, 2016 WL 3267285, at *5 (D.N.J. June 8, 2016) (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)).

In the face of a pending dispositive motion, the court "examine[s] the impact of [the] dispositive motion." *Actelion*, 2013 WL 5524078, at *5-6. That inquiry favors a stay here. SaveOn has filed a dispositive motion to dismiss on grounds that could not be cured by amendment. The Court need not find that SaveOn has a "clear and unmistakable likelihood of success" on the pending motion. *Actelion*, 2013 WL 5524078, at *5 (internal quotations omitted). Rather, it asks "whether the pending dispositive motion … appear[s] to be without foundation in law." *Id.*; *see also Burress v. Freedom Mortg. Corp.*, 2021 WL 2661254, at *4 (D.N.J. May 26, 2021). JJHCS cannot credibly assert that the MTD "is without basis, frivolous, or filed solely for a dilatory

8

purpose." *Actelion*, 2013 WL 5524078, at *6. SaveOn's motion is well-founded and likely to dispose of JJHCS's claims.

SaveOn showed that JJHCS's claims are preempted by ERISA § 514(a). Mot. 9-15. JJHCS's claims are impermissibly "connected with" ERISA plans (one test for ERISA preemption), because JJHCS seeks to compel and coerce plan sponsors to change plan terms and because its claims would interfere with SaveOn's implementation of those plan terms. *Id.* at 9-13. JJHCS asserts that the parties to this action are not the "traditional ERISA entities," *e.g.*, plans and plan participants, Opp. 12-14, but the test is whether its claims "arise out of" and "directly affect the relationship among" traditional ERISA entities. *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 235-36 (3d Cir. 2020). JJHCS's claims do just that, because they seek an injunction and damages that would force ERISA plans to change their benefit designs. Reply 3-6.

ERISA § 514(a) preempts JJHCS's claims for the independent reason that those claims require the Court to "constr[ue]" or "interpret[] plan terms." *Plastic Surgery*, 967 F.3d at 230; *see also* Mot. 13-14 (citing *Somerset Orthopedic Associates, P.A. v. Horizon Healthcare Servs. Inc.*, 2020 WL 1983693, at *4 (D.N.J. Apr. 27, 2020)). JJHCS says that SaveOn injured it by causing it to pay more in copay assistance than it did under plans without terms that SaveOn proposed, Opp. 25, but this would require the Court to compare current and previous plan terms. Mot. 14; Reply 7. SaveOn also showed that JJHCS's GBL § 349 claims for alleged denials of coverage would require the Court to assess whether SaveOn's actions complied with the relevant plans. Mot. 14-15; Reply 7.

SaveOn also showed that JJHCS's claims under GBL § 349, New York's consumer protection statute, fail on their face. The New York Court of Appeals has held that a third-party payer of health care costs cannot bring claims under GBL § 349 for amounts it pays on behalf of patients,

9

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 3 N.Y.3d 200, 207 (2004), which is what JJHCS does here. Mot. 16-17; Reply 8. JJHCS also acknowledged that SaveOn's alleged deception does not cause JJHCS to pay more in copay assistance, as it admits that plan participants faced with increased copays would turn to CarePath in any event. Mot. 17-18; Reply 8-9. SaveOn also showed that JJHCS's allegations of consumer harm and deception are speculative or contradicted by JJHCS's cited documents. Mot 18-25, Reply 9-10.

SaveOn additionally showed that JJHCS's tortious interference claim is not well-pled. JJHCS's allegation that SaveOn tortiously induces participants to enroll in CarePath fails because most patients are pre-enrolled in CarePath at the time SaveOn speaks with them, meaning SaveOn could not have caused the breach. For any participant SaveOn speaks to before they enroll in CarePath, JJHCS's claim fails because SaveOn cannot tortiously interfere with a contract that does not yet exist. Mot. 25-27. JJHCS changed theories in its Opposition, asserting SaveOn tortiously induces patients to enroll in a "SaveOnSP Program," Opp. 37, but JJHCS does not explain what that program is if it is not plan terms, and JJHCS does not dispute that plan terms cannot breach its CarePath contracts. Reply 2-3, 11-12.

In addition to assessing the viability of SaveOn's motion to dismiss, the Court must also assess "how the motion's resolution may impact the overall adjudication of [the] action." *Actelion*, 2013 WL 5524078, at *6. It must ask if resolution of the pending motion may "narrow" or "outright eliminate" the need for discovery, thereby avoiding the expense of unnecessary discovery. *Id.* at *5. "[T]his factor requires an individual determination in light of the specific circumstances of a given case" and "the nature of the dispositive motion." *Id.* at *6. This analysis also favors a stay.

SaveOn's motion could eliminate the need for discovery by dismissing JJHCS's claims in full on grounds that could not be cured by amendment. Even if the motion results in a partial

10

dismissal, it may "simplify the issues for both trial and discovery." *Gibly*, 2022 WL 2413906, at *3 n.5. For example, if the Court grants SaveOn's motion only as to participants who were already enrolled in CarePath when they spoke to SaveOn, it will eliminate any discovery concerning those participants.

        **B.**        **Proceeding With Full Discovery Now Would Unjustifiably Burden SaveOn**

Proceeding with full discovery would prejudice SaveOn. Denying a stay may cause undue hardship by requiring a defendant to "engage in discovery which would be rendered moot if [its] motion to dismiss is granted." *Gibly*, 2022 WL 2413906, at *3 n.5; *see also Mann*, 375 F. App'x at 239 ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."). "This is particularly true in a case such as this where there will be 'extensive electronic discovery.'" *Gibly*, 2022 WL 2413906, at *3 n.5.

SaveOn would be prejudiced from engaging in discovery while its motion to dismiss is pending—especially the large swath of material that JJHCS intends to demand. In its purported initial 42 document requests, JJHCS asks for all communications and draft communications with persons currently enrolled or eligible to enroll in CarePath (Request 5), all of SaveOn's communications with JJHCS as well as communications concerning those communications (Request 6), all communications with CarePath enrollees or patients who declined to enroll (Requests 7, 8), all documents concerning SaveOn's relationship with several third parties and communications with the same (Requests 9-11, 13), annual program summary documents for every plan that SaveOn partners with and all communications with those plans (Requests 36-38), and all documents and communications "relating to CarePath" (Request 23), to name just a few. Ex. 1 at 5-11. SaveOn partners with numerous plan sponsors, each of which has a significant number of plan participants.

11

Because discovery concerning all of those plan sponsors and participants would be "voluminous, quite costly, and expensive[,] … the equities favor issuance of a stay." *Actelion*, 2013 WL 5524078, at *4; *see also id.* ("The Court concludes that the potential cost of discovery establishes a specific and substantiated risk of harm.").

JJHCS also seeks especially sensitive information. It wants SaveOn to identify the hundreds of thousands of participants enrolled in the plans that SaveOn advises who also enrolled in copay assistance programs—not just in CarePath. Ex. 1 (Reqs. 40-41). And it wants all electronic prescription-level data for those participants' drug purchases since January 1, 2016, Ex. 1 (Req. 42)—which would include their health plan member IDs, BIN numbers, PCN numbers, group names, and group numbers. *Id.* To produce this data, which is owned by the plans, SaveOn would have to notify each plan it works with and ensure that the data is produced in compliance with HIPAA, all of which would be costly and time intensive.

JJHCS is also likely to seek extensive discovery from third parties. JJHCS alleges that SaveOn executes its alleged scheme by working with entities including Express Scripts (a pharmacy benefit manager), Compl. ¶¶ 28, 37-38, 51-52, 68, Accredo (an online specialty pharmacy that works with Express Scripts), *id.* ¶¶ 28, 51, 62-63, 65, and numerous health plans, *id.* ¶¶ 24, 53, 84. Allowing full discovery now likely would impose obligations on these third parties and on SaveOn.

The massive scope of JJHCS's proposed discovery strongly favors granting a stay. *See Pfizer*, 2018 WL 1071932, at *2 (granting a stay where plaintiff's discovery requests would require discovery from defendants and various third parties, exploring defendant's contracts with third parties, pricing and sales strategies, and communications with third parties).

12

### C. Partially Staying Discovery Will Not Prejudice JJHCS

JJHCS must "articulate a particular prejudice that would arise from a limited stay of discovery." *Burress*, 2021 WL 2661254, at *3. Delay, without more, does not "necessitate a finding of undue prejudice and clear tactical disadvantage" to the plaintiff. *Id.*

JJHCS has not articulated any need for expedited discovery. It did not need early discovery to oppose SaveOn's motion to dismiss. *Spencer v. Wetzel*, 2012 WL 2930228, at *2 (M.D. Pa. July 18, 2012) (recommending grant of motion to stay where plaintiff did not argue discovery was necessary to respond to motion to dismiss). There is no risk of JJHCS losing relevant evidence: SaveOn is preserving relevant documents, Def.'s Ltr. at 2, and it has agreed to search for and collect relevant materials now. *Pfizer*, 2018 WL 1071932, at *2 (denying motion to stay where a stay would "not threaten [defendant's] ability to collect time sensitive evidence"). And there is no need to resolve JJHCS's claims on an expedited basis—SaveOn has been operating since 2017, yet JJHCS did not sue it until this year; JJHCS does not seek preliminary injunctive relief; and JJHCS has given this Court no basis to conclude that any alleged "ongoing" harm could not compensated with money damages, should JJHCS prevail. *See* Def.'s Ltr.

JJHCS has not shown that a stay would unduly delay this case. While this Court noted that increased caseloads are leading some courts in this District to take longer in resolving motions, Ex. 2 at 24:11-18, 27:5-10, Judge Vazquez, who will decide SaveOn's motion to dismiss, has a track record over the last three years of resolving dispositive motions expeditiously, almost always during the six-month period following their submission. Ex. 6 (Judge Vazquez's CJRA 8 Reports, 2020-2022). It is thus highly likely Judge Vazquez will resolve the motion here by March 31, 2023. And SaveOn has agreed to meaningful discovery now and to *expedited* document production and

depositions should any of JJHCS's claims survive, *see* Proposed Order, ensuring that this litigation will move forward expeditiously.

JJHCS's assertions that a stay might harm patients are false. *See* Pl.'s Ltr. at 1; Ex. 2 at 6:22-24, 11:2-21. JJHCS alleged that SaveOn engineers false "denials of coverage," Compl. ¶ 113, but the one document it cited in supposed support shows that there is no denial of coverage and that no patient is told that there is, Mot. at 27-28—to the contrary, plan participants who enroll in copay assistance and consent to monitoring get their specialty drugs for free, *e.g.*, Mot. at 2, 25. JJHCS also alleged that SaveOn causes patients emotional harm, Compl. ¶ 114; Opp. 33-34, but it cites only a single document showing that only one patient was confused by a drug manufacturer (like JJHCS), not by SaveOn. Mot. 22-24. JJHCS cannot oppose a stay with such unsubstantiated assertions. *C.f.*, *Actelion*, 2013 WL 5524078, at *4 (rejecting unsubstantiated assertions that staying discovery would "offend" the "public[] … interest").

### D. This Litigation Is in a Nascent Stage

Where a dispositive motion is pending, courts favor a stay if "discovery has not commenced, and a trial date has not been set." *Eye Care Ctr.*, 2020 WL 7227186, at *2; *see also Anfibio v. Optio Solutions LLC*, 2020 WL 8483808, at *2 (D.N.J. Dec. 30, 2020) (finding that a stay was favored in light of "the relative infancy of [the] matter" and "the lack of discovery yet conducted"); *Actelion*, 2013 WL 5524078, at *6 (noting that the limited time between the filing of a complaint and a motion to stay discovery (four months) favors a stay because no party has engaged in significant production).

This case is in a very early stage. JJHCS filed its complaint on May 4 and served it on May 11. SaveOn moved to dismiss approximately two months later, and that motion is fully

14

briefed. No discovery has been taken, the parties have not agreed to a discovery plan, and the Court has not scheduled a Rule 16 conference. The status of the case thus favors a partial stay.

## CONCLUSION

The Court should grant SaveOn's motion and enter the Proposed Order.

Dated: Newark, New Jersey
September 2, 2022

Respectfully submitted,

By: /s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
ewohlforth@gibbonslaw.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*