E. Evans Wohlforth, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Tel: 973-596-4500
ewohlforth@gibbonslaw.com

David Elsberg *(admitted pro hac vice)*
Andrew R. Dunlap *(admitted pro hac vice)*
Meredith Nelson *(admitted pro hac vice)*
**SELENDY GAY ELSBERG PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Case No. 2:22-cv-02632-JMV-CLW <br><br> Motion Date: October 3, 2022 <br><br> **[PROPOSED] ORDER** |

**THIS MATTER**, having come before the Court by motion (the "Motion") of defendant Save On SP, LLC ("SaveOn") for an Order partially staying discovery in this action pending the outcome of SaveOn's motion to dismiss the complaint, and this Court having fully considered the submissions in support of and in opposition to the Motion, as well as the arguments of counsel, if any; and for good cause having been shown:

1

**IT IS** on this _____ day of _____ 2022,

**ORDERED** that SaveOn's Motion to Partially Stay Discovery is **GRANTED**; and it is

**FURTHER ORDERED** that the next Court conference in this matter will be held on _____; and it is

**FURTHER ORDERED** that discovery in this matter will proceed on the following schedule:

1. **Partial Stay of Discovery**. All discovery activity, obligations, and deadlines not set forth in Section 2 of this Order are stayed until the date the Court issues an Order ruling on the pending Motion to Dismiss [ECF No. 31] (the "Decision Date").

2. **Preliminary Discovery**. From the entry of this Order until the Decision Date (the "Preliminary Discovery Period"), the parties will engage in the following discovery activities:

   a. **Rule 26 Disclosures**. The parties shall exchange disclosures pursuant to Rule 26(a)(1) no later than 30 days from the entry of this Order.

   b. **Initial Document Requests**. The parties shall serve initial document requests no later than 45 days from the date of this Order (the "Initial Document Requests").

   c. **Initial Interrogatories**. The parties shall serve initial interrogatories no later than 45 days from the entry of this Order (the "Initial Interrogatories"). Initial Interrogatories shall be limited to (1) seeking names of witnesses with knowledge of information relevant to the subject matter of the action; (2) the computation of damages; and (3) the existence, custodians, locations, and general description of relevant documents.

   d. **Responses to Document Requests and Interrogatories**. The parties shall serve written responses and objections to any Initial Document Requests and Initial Interrogatories no later than 75 days from the date of this Order.

   e. **Initial Search Terms**. No later than 80 days from the date of this Order, the parties shall begin meeting and conferring regarding the search parameters that the parties shall use to locate relevant documents, including appropriate search terms and queries, date ranges, and custodians (the "Initial Search Terms"). The Parties shall complete these negotiations no later than 110 days from the date of this Order.

   f. **Preliminary Discovery Disputes**. No later than 140 days from the date of this Order, the parties shall submit to the Court any disputes regarding the Initial Document Requests, the Initial Interrogatories, or the Initial Search Terms.

      g. **ESI Protocol**. The parties shall timely confer to attempt to reach agreement on a protocol for the production of electronically stored information.

      h. **Protective Order.** The parties shall timely confer and attempt to agree upon a Discovery Confidentiality Order that protects any personal health information and/or confidential or proprietary commercial information that may be exchanged in discovery in this matter or otherwise revealed to the public in the course of these proceedings. The Discovery Confidentiality Order shall provide protection of personal health information sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated under its aegis (*see* 45 C.F.R. § 160.512(e)(1)(ii)). Notwithstanding any other provision of this Order, no party is obligated to produce documents or respond to interrogatories or requests for admission until a Discovery Confidentiality Order is entered by the Court.

      i. **Reservation of Rights**. The parties' objections to any Initial Document Request or Initial Interrogatory, and their consent to any Initial Search Term, shall be without prejudice to their right to raise further objections to any Initial Document Request, Initial Interrogatory, or Initial Search Term following the Decision Date based on the Court's ruling on the Motion to Dismiss.

2. **Subsequent Discovery**. From the Decision Date forward (the "Subsequent Discovery Period"), the parties will engage in the following discovery activities:

   a. **Subsequent Objections**. Within 14 days of the Decision Date, the parties shall serve any objections to any Initial Document Request, Initial Interrogatory, or Initial Search Term based on the Court's ruling on the Motion to Dismiss.

   b. **Document Production**. The parties shall make their initial production of documents within 30 days following the Decision Date. The parties shall produce documents on a rolling basis thereafter. The parties shall substantially complete their document productions by 120 days after the Decision Date (the "Substantial Completion Date").

   c. **Subsequent Discovery Requests**. The parties shall serve any further document requests or interrogatories within 60 days after the Decision Date.

   d. **Depositions:**  The parties shall complete non-expert depositions within 90 days of the Substantial Completion Date (the "Discovery Completion Date").

3. **Discovery Disputes**.  Please refer to the Court's Civil Case Management Order.

4. **Motion Practice**.  Please refer to the Court's Civil Case Management Order.

5. **Experts**.  All affirmative expert reports shall be served within 14 days after the Discovery Completion Deadline. Any responsive expert reports shall be served 60 days thereafter. The parties shall complete all expert depositions within 30 days after service of responsive expert reports.

6. **Form and Content of Expert Reports**. All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

7. **Extensions and Adjournments**. Please refer to the Court's Civil Case Management Order.

8. **Applicability of the Rules of Court**. Except as expressly set forth in this Order the Federal Rules of Civil Procedure and the Local Civil Rules this Court shall govern the scope and substance of discovery in this matter. The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

9. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY OTHER ORDERS WILL RESULT IN SANCTIONS.**

Dated: _____ \_\_\_\_, 2022

_____

Hon. Cathy L. Waldor, U.S.M.J.