IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br>    *Plaintiff,* <br><br>v. <br><br>SAVE ON SP, LLC, <br><br>    *Defendants.* | Civil Action No. 2:22-cv-02632-JMV-CLV |

**AIMED ALLIANCE REPLY TO SAVE ON SP'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF AIMED ALLIANCE, TRIAGE CANCER, THE HIV AND HEPATITIS POLICY INSTITUTE, THE COALITION OF STATE RHEUMATOLOGY ORGANIZATIONS, THE AIDS INSTITUTE, THE NATIONAL ONCOLOGY STATE NETWORK, AND THE CONNECTICUT ONCOLOGY ASSOCIATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

A. Ross Pearlson, Esq.
CHISEA SHANINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
973-325-1500
rpearlson@csglaw.com

*Counsel for Amicus Curiae Aimed Alliance*

4889-4858-5269.v1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FUNDING STATEMENT ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 2

    I.   Aimed Alliance and fellow amici have a special interest in protecting health care consumers, caregivers, and providers, and without their participation, this perspective will be omitted from this Court's proceedings. ............................................................................................. 3

    II.   Aimed Alliance and fellow amici represent a perspective that is not currently represented by either party. ......................................................................................................................... 5

    III.   Aimed Alliance and fellow amici's brief provides this Court with a timely and independent analysis of the impact of SaveOnSP's program on patients, patient advocacy groups, and national health policy. .......................................................................................................... 6

    IV.   Aimed Alliance and amici's interest in the outcome of the motion to dismiss does not bar their admission as amicus curiae. ............................................................................................. 8

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Federal Rule of Appellate Procedure**
Fed. R. App. Pro. 29(a)(4)(e) ………………………………………………………………. 2

**United States District Courts**
*Feehan v. Wisconsin Elections Commission,* 2020 WL 8571817 (E.D. Wisc. Dec. 8, 2020)………………………………………………………………………………………….. 6, 7

*Granillo v. FCA US LLC,* No.16-153 (FLW)(DEA)*,* 2018 WL 4676057, (D. N.J. Sept. 28, 2018)…………………………………………………………………………………... 2, 3, 4, 6, 8

*McDonough v. Horizon Healthcare Servs., Inc.*, No. 09-571, 2014 WL 3396097 (D.N.J. July 9, 2014)……………………………………………………………………………………....... 6

*National Petrochemical & Refiners Ass'n v. Goldstons,* No. CV-F-10-163 LJO DLB, 2010 WL 228471 (E.D. Calif. June 3, 2010)……………………………………………………. 2, 5

*United States v. Alkaabi*, 223 F. Supp. 2d 583 (D. N.J. 2002)………………………………….. 8

*United States v. Morales,* 2019 WL 4316539 (Sept. 12, 2019) (D. N.J.)………………………... 7

*Yip v. Pagano,* 606 F.Supp. 1566 (D. N.J.)(1985)……………………………………….. 3, 4

**United States Courts of Appeals**
*Prairie River Network v. Dygengy Midwest Generation, LLC..*, 976 F.3d 761 (7th Cir. 2020)……………………………………………………………………………………….. 6

*Neonatology Assoc., P.A. v. Comm'r,* 293 F.3d 128 (3d Cir. 2002)…………………………….. 8
*Ryan v. Commodity Futures Trading Com'n,* 125 F.3d 1062 (7th Cir. 1997)…………………… 5

**Other**
*SaveOnSP Memorandum of Law in Opposition of Aimed Alliance, Triage Cancer, the HIV + Hepatitis Policy Institute, the Coalition of State Rheumatology Organizations, the AIDS Institute, the National Oncology State Network and the Connecticut Oncology, and Motion of Pharmaceutical Research and Manufacturers of America for Leave to File Amicus Curiae Briefs* ……………………………………………………………………………………………… 3

*Aimed Alliance, Triage Cancer, the HIV + Hepatitis Policy Institute, the Coalition of State Rheumatology Organizations, the AIDS Institute, the National Oncology State Network and the Connecticut Oncology, Amicus Brief* ……………………………………………… 5, 9, 10

**PRELIMINARY STATEMENT**

When patients cannot meet their cost-sharing requirements to access their medically necessary treatments, they may rely on copay assistance programs. Typically, the assistance provided by copay assistance programs counts towards meeting patients' deductibles and annual out-of-pocket limits. However, when a plan adopts a copay maximizer, the plan accepts the third-party assistance to contribute to the cost of the medically necessary treatment but does not count that assistance towards meeting the patient's deductible or annual out-of-pocket limit.

SaveOnSP's program is particularly harmful to patients and the broader healthcare system as it alleges that under the Patient Protection and Affordable Care Act ("ACA"), SaveOnSP can define specialty medications as non-essential health benefits. SaveOnSP not only harms patients by increasing their overall health care costs, but it also mischaracterizes why patients use copay assistance programs; jeopardizes patients' ability to rely on copay assistance programs; creates a roadmap for eroding essential health benefit protections more broadly; and increases overall health care costs by inflating the costs of prescription medications by setting the copay to the full amount of copay assistance available. Thus, Aimed Alliance and fellow amici seek this Court's acceptance of their brief to ensure this Court is fully aware of how SaveOnOP's program harms patients and public health.

This Court should permit Aimed Alliance and fellow amici to appear as friends of the court. **First,** Aimed Alliance and fellow amici's interest in this case does not impact their ability to appear as amici curiae. **Second,** Aimed Alliance and fellow amici have a special interest in this case of protecting health care consumers through upholding consumer protection laws and ensuring a public-interest case is litigated on its merits in a public forum. **Third,** the amici curiae brief was timely filed and provides an independent analysis on issues before this Court that will aid this

Court in understanding the issues before it. **Fourth,** Aimed Alliance and fellow amici represent the public interest and provide a perspective currently not represented by the commercial parties to this case.

## FUNDING STATEMENT

No party's counsel authored amici's motion, brief, or this response in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting amici's motion, brief, or this response; and no person other than the amici contributed money that was intended to fund preparing or submitting amici's motion, brief, or this response. Fed. R. App. Pro. 29(a)(4)(e).

## ARGUMENT

District courts have broad discretion to admit amicus briefs. *Granillo v. FCA US LLC,* No.16-153 (FLW)(DEA)*,* 2018 WL 4676057, at *4 (D. N.J. Sept. 28, 2018). District Courts in the Third Circuit typically use the Third Circuit's application of Federal Rule of Appellate Procedure 29 as a guide for assessing whether an amicus curiae brief should be accepted. *Id.* Thus, this Court may consider whether (1) the amicus curiae has a "special interest" in the case; (2) their interest is not otherwise represented competently or at all; (3) the information provided is timely and useful; and (4) the petition is not partial to a particular outcome in the case. *Id.* Moreover, participation as an amicus curiae has been considered appropriate when the legal issues in the case have potential ramifications beyond the litigating parties. *National Petrochemical & Refiners Ass'n v. Goldstons,* No. CV-F-10-163 LJO DLB, 2010 WL 228471, (E.D. Calif. June 3, 2010).

Aimed Alliance and fellow amici can establish all four elements of the Third Circuit guidelines. Therefore, we respectfully request this Court admit the amicus brief.

### I. Aimed Alliance and fellow amici have a special interest in protecting health care consumers, caregivers, and providers, and without their participation, this perspective will be omitted from this Court's proceedings.

Aimed Alliance and fellow amici's special interest in this case is to protect health care consumers, caregivers, and providers. To determine whether a potential amicus has a "special interest" in the case, courts consider whether it has "interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it." *Granillo*, at *5. However, within this approach, District courts have also allowed amicus curiae who will be indirectly impacted by the outcome to participate as amicus curiae. *Yip v. Pagano,* 606 F.Supp. 1566 (D. N.J.)(1985).

SaveOnSP argues that Aimed Alliance and fellow amici's interests are similar to the case of *Granillo*, in which the court denied a consumer protection group admission in a class action settlement as amici because they were only *generally* interested in protecting consumers and auto safety. *Granillo,* at *2. However, Aimed Alliance's and fellow amici's position is distinguishable from the facts of *Granillo*. In *Granillo,* the court held that granting an amicus curiae motion was inappropriate because class members could individually challenge the class settlement. *Id.* at *5-8. Here, it would be unreasonable to expect individually impacted patients to file their own civil actions against SaveOnSP or to petition this Court as amici. Moreover, unlike a class action lawsuit where class members are required to be notified of their eligibility to become part of the class, patients are often unaware they are even enrolled in a copay maximizer program until they learn that they have not met their deductibles and annual out-of-pocket limits as they typically do. *Aimed Alliance, Triage Cancer, the HIV + Hepatitis Policy Institute, the Coalition of State Rheumatology Organizations, the AIDS Institute, the National Oncology State Network and the Connecticut Oncology, Amicus Brief,* [hereinafter *Aimed Alliance, et al. Amicus Brief*]. at p. 14. Therefore, it

would be unreasonable to expect these same unknowing individuals to identify they are enrolled in this program, know the program violates state law, engage legal counsel, and file an action; or become aware of this litigation and understand how to petition this Court to submit an amicus curiae brief. Thus, Aimed Alliance and fellow amici are best suited to advocate to this Court on behalf of the patients impacted by these programs.

Moreover, in *Granillo,* the Court held that the amici did not have a special interest because they would not be directly impacted by the litigation. *Id.* at *5. Unlike, in *Granillo,* Aimed Alliance will be directly impacted by this litigation because, as SaveOnSP has identified, Aimed Alliance has actively engaged various entities to hold SaveOnSP and similar programs accountable for what Aimed Alliance believes is a violation of the ACA and an unfair practice that harms consumers. Thus, the outcome of this case will directly impact Aimed Alliance's and fellow amici's future strategies for advocating for consumer protection laws, regulations, and enforcement, on behalf of health care consumers, caregivers, and providers.

Even if this Court were to hold that Aimed Alliance and fellow amici would not be directly impacted by the outcome of the motion to dismiss, the amicus curiae brief may still be accepted. *Yip,* 606 F. Supp. at 1566. In *Yip,* the court permitted an amicus curiae participation although the amici would not be directly impacted by the litigation. *Id.* at 1568. The court reasoned that because the amicus curiae party's subsequent activities could be potentially impacted by the court's ruling, it would be appropriate for the amicus curiae to be accepted. *Id.* Similarly, Aimed Alliance and fellow amici's activities will be impacted if this Court grants the motion to dismiss, as amici will be required to re-shape their understanding of how SaveOnSP and similar programs can be held accountable for their misleading and harmful conduct.

In conclusion, Aimed Alliance and fellow amici can establish they and their activities will be impacted by the outcome of the motion to dismiss; therefore, they have a special interest in this case. Therefore, Aimed Alliance and fellow amici respectfully request that this Court permit them to participate as amici curiae.

## II. Aimed Alliance and fellow amici represent a perspective that is not currently represented by either party.

As not-for-profit health policy and patient advocacy organizations, Aimed Alliance and fellow amici represent the interests of health care consumers, caregivers, and providers –a perspective not otherwise represented by the two for-profit businesses involved in this case. Courts typically permit an amicus brief where the amicus is not represented completely. *National Petrochemical & Refiners Ass'n v. Goldstene,* 2010 WL 2228471, at *1. A court may consider an amicus not represented completely between the litigant parties when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers of the parties are able to provide." *Ryan v. Commodity Futures Trading Com'n,* 125 F.3d 1062, 1063 (7th Cir. 1997).

Aimed Alliance and fellow amici's interests are not currently represented in this litigation by the two for-profit businesses. Here, amici have a unique perspective on how patients with varying conditions rely on copay assistance programs. Moreover, amici's position is on behalf of all insured consumers who need prescription drugs that are on SaveOnSP's list, not simply patients who are treated with Johnson and Johnson prescription drugs. Thus, Aimed Alliance and fellow amici's participation would provide this Court with a holistic view of how SaveOnSP harms all insured consumers who need medications that are on SaveOnSP's exclusion lists. Moreover, amici's brief shares the impacts of SaveOnSP's program on broader health policy, including how

SaveOnSP's non-EHB analysis could erode other essential health benefit protections and create an unfair and unjust health care delivery system in contradiction to the intent of federal law.

Therefore, because amicus curiae can share unique insights on how SaveOnSP and similar programs impact insured health care consumers, we respectfully request that this Court accept Aimed Alliance and fellow amici's brief.

**III. Aimed Alliance and fellow amici's brief provides this Court with a timely and independent analysis of the impact of SaveOnSP's program on patients, patient advocacy groups, and national health policy.**

Aimed Alliance and fellow amici's brief provides a timely and independent analysis on the impacts of copay maximizers and non-EHB schemes on patients and national health policy implications not otherwise raised by the parties. Courts are inclined to accept the amicus brief if it aids in the determination of the issues in a case, as "[t]he purpose of an amicus curiae...is to assist the court in a proceeding." *Granillo*, at * 5 (citing *McDonough v. Horizon Healthcare Servs., Inc.*, No. 09-571, 2014 WL 3396097, at *12 (D.N.J. July 9, 2014). Amicus briefs may provide a wide variety of content to aid the court, including ideas, arguments, theories, insights, facts, or data not found in the briefs of the parties. *Prairie River Network v. Dygengy Midwest Generation, LLC.*, 976 F.3d 761, 763 (7th Cir. 2020). Courts have also held that if an amicus brief includes arguments also included by the parties, this alone does not disqualify an amicus from participation, so long as the brief is still additive. *Id.* at 764.

In *Feehan v. Wisconsin Elections Commission*, the court considered whether an amicus brief by a non-profit organization should be admitted on the question of whether the court should dismiss the lawsuit. 2020 WL 8571817, at *2-3 (E.D. Wisc. Dec. 8, 2020). The court allowed the amicus brief to be admitted and reasoned that, while the defendant was a government entity that represented the people more broadly, the non-profit provided a unique perspective from the

6

members of its community. *Id.* at *3. Similarly, while Johnson and Johnson may have patients' interests in mind, Aimed Alliance and its fellow amici are uniquely positioned where Johnson and Johnson is not to assist the Court in understanding the impact of these programs on patients, caregivers, and providers. Aimed Alliance and its fellow amici are uniquely positioned because these organizations collectively work with and on behalf of consumers who have been impacted by their copay assistance not being counted towards their deductibles and annual out-of-pocket limits, including consumers who have been harmed by enrollment in SaveOnSP's program. Therefore, Aimed Alliance and fellow amici are providing a timely and independent analysis on the harmful impact of SaveOnSP's program. Thus, the information Aimed Alliance and fellow amici are providing can assist this Court in determining an issue in this case – whether SaveOnSP's program harms consumers.

Lastly, because this Court is currently considering whether SaveOnSP's motion to dismiss should be granted, Aimed Alliance and fellow amici's brief primarily cites to Johnson and Johnson's complaint in light of the standard of review for a motion to dismiss. When reviewing a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all inferences in favor of the non-moving party. *United States v. Morales,* 2019 WL 4316539 (Sept. 12, 2019) (D. N.J.). To survive a motion to dismiss the party only needs to demonstrate that the alleged misconduct is *plausible* not *probable. Id.* at *2. Thus, because determining whether a motion to dismiss should be granted largely depends on whether the complaint establishes a *plausible* cause of action, the amicus curiae brief points this Court to the Complaint. However, if beneficial and necessary for this Court's determination of this motion, Aimed Alliance and fellow amici can supply additional citations to aid in this Court's understanding of how SaveOnSP's program harms health care consumers.

**IV.    Aimed Alliance and amici's interest in the outcome of the motion to dismiss does not bar their admission as amicus curiae.**

Aimed Alliance and fellow amici are partial to the outcome of the motion to dismiss, as amici are interested in this case not being dismissed; however, this interest does not bar the admission of Aimed Alliance and fellow amici's amicus brief. "While the partiality of an amicus is a factor to be considered by a court in deciding whether to allow participation, there is no rule that amici must be totally disinterested." *Granillo,* at * 8 (citing *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D. N.J. 2002). Moreover, parties with pecuniary, as well as policy, interests often appear as amici in the Third Circuit. *Neonatology Assoc., P.A. v. Comm'r,* 293 F.3d 128, 131-32 (3d Cir. 2002).

Here, Aimed Alliance and fellow amici do not have any pecuniary interests; amici only have a policy interest in advocating for affordable healthcare and consumer access to quality health care; and upholding consumer protection and health care affordability laws. Further, as stated in *Aimed Alliance, et al. Amicus Brief,* at p. 3, amici are interested in this Court denying the motion to dismiss to ensure that the case may proceed so that the extent of SaveOnSP's alleged conduct can be litigated on the merits in a public forum.

Under our legal analysis, as explained Section A of our amicus brief, amici believe SaveOnSP's conduct violates the New York consumer protection statute; therefore, amici are also interested in understanding whether this Court agrees with our legal analysis, and if so, upholding this law to ensure health care consumers are protected from this program. In addition, as referenced in SaveOnSP's motion, Aimed Alliance has been actively encouraging discussion and awareness of this program and how it compares with state and federal laws, including through our letter to CCIIO, comment to the Department of Health and Human Services, and February 2022 webinar. *Aimed Alliance, et al. Amicus Brief* at p. 7.

8

Moreover, amici are not influenced by their corporate supporters; their former personnel; or by current employees' past employment affiliations. Employees transition to new jobs regularly; it is a nature of the workforce, and as they transition, the interests of their former employers are not carried over with them. Moreover, SaveOnSP itself has benefitted from employees changing jobs, as its founder and CEO are both former Johnson & Johnson employees. Complaint para. 9. Thus, SaveOnSP's allegation that non-profits are in some way connected to their former employees' future employers is unreasonable and stands in contradiction to SaveOnSP's own hiring conduct.

As not-for-profit health policy and patient advocacy organizations, amici's policies and priorities are driven by our respective public-interest missions, which include: protecting and enhancing the rights of health care consumers and providers (Aimed Alliance); advocating for the health care, finances, insurance, employment and consumer rights of those diagnosed with cancer and their caregivers (Triage Cancer); promoting quality and affordable health care for people living with or at risk of HIV, hepatitis, and other serious and chronic health conditions (HIV + Hepatitis Policy Institute); helping rheumatologists protect their patients and livelihoods (Coalition of State Rheumatology Organizations (CSRO)); promoting social changes through public policy, research, advocacy, and education (AIDS Institute); strengthening cancer care and policies across the U.S. (The National Oncology State Network (NOSN)); and improving the hematologic and oncologic care of patients (the Connecticut Oncology Association (CtOA)). Thus, the missions of amici are aligned with protecting patients and caregivers, and our respective mission-focused initiatives are determined by independent boards of directors and organizational staff, not by corporate supporters.

Therefore, to the extent that Aimed Alliance and fellow amici have an interest in the outcome of the motion to dismiss, it does not bar this Court from accepting their amicus brief because amici's interest is in protecting health care consumers and caregivers, including ensuring state consumer protection and federal patient protection laws are enforced.

## CONCLUSION

For the reasons discussed above, the Court should grant Aimed Alliance and fellow amici's motion for leave to file and accept the attached amicus brief.

Dated: September 26, 2022

Respectfully submitted,

By: /s/ A. Ross Pearlson

A. Ross Pearlson, Esq.
CHISEA SHANINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
973-325-1500
rpearlson@csglaw.com

*Counsel for Amicus Curiae Aimed Alliance*

4889-4858-5269.v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Dated: September 26, 2022

By: */s/ A. Ross Pearlson*

A. Ross Pearlson, Esq.
CHISEA SHANINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
973-325-1500
rpearlson@csglaw.com

*Counsel for Amicus Curiae Aimed Alliance*

11

4889-4858-5269.v1