UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CW) |
| Plaintiff, | |
| vs. | **DISCOVERY CONFIDENTIALITY ORDER** |
| SAVE ON SP, LLC, | |
| Defendant. | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party who produces to any other person any "Discovery Material" (*i.e.*, information, documents, or things of any kind, including without limitation interrogatory answers, admissions, pleadings, responses to a subpoena, or testimony) in the course of discovery in this action) (a "Producing Party") shall have the right to designate as "Confidential" and subject to this Order any Discovery Material or portion thereof: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3, or the production of which would cause the Producing Party to violate his, her, or its privacy or confidentiality obligations to others.

    a. Any Producing Party who produces or discloses any Confidential Discovery Material shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

    b. Any Producing Party who produces Confidential Discovery Material in native format, shall include, at the end of the file name and prior to the file extension, the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER". Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

2. Any Producing Party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Discovery Material or any portion thereof that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the

       Producing Party or the disclosure of which absent an Attorneys' Eyes Only designation could cause the Producing Party to violate its privacy or confidentiality obligations to others.

       a.      Any Producing Party who produces or discloses any Attorneys' Eyes Only Discovery Material shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

       b.      Any Producing Party who produces Attorneys' Eyes Only Discovery Material in native format, shall include, at the end of the file name and prior to the file extension, the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER". Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

3.      With respect to the production of any Discovery Material that identifies an individual or subscriber and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber ("Confidential Health Information"), the Producing Party or its counsel shall mark the same with the following or similar legend: "CONFIDENTIAL HEALTH INFORMATION." If such Discovery Material is produced in native format, the native version shall include, at the end of the file name and prior to the file extension, the following or similar legend: "CONFIDENTIAL HEALTH INFORMATION." Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

       a.      Confidential Health Information specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 45 C.F.R. § 160.103 (defining "individually identifiable health information" and "protected health information"). Confidential Health Information also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. Confidential Health Information also includes without limitation all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from, Confidential Health Information.

       b.      Confidential Health Information does not include any Discovery Material that has all of the following identifiers of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber removed or redacted:

i. names;

ii. all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

iii. all elements of dates (except year) for dates directly related to an individual, including birth date, admission dates, discharge dates and date of death, and all ages over 89, and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

iv. telephone numbers;

v. fax numbers;

vi. electronic mail addresses;

vii. social security numbers;

viii. medical record numbers;

ix. health plan beneficiary numbers;

x. account numbers;

xi. certificate/license numbers;

xii. vehicle identifiers and serial numbers, including license plate numbers;

xiii. device identifiers and serial numbers;

xiv. web universal resource locators ("URLs");

xv. internet protocol ("IP") address numbers;

xvi. biometric identifiers, including finger and voice prints;

xvii. full face photographic images and any comparable images; and

xviii. any other unique identifying number, characteristic, or code except as permitted for a code utilized to re-identify de-identified data that complies with 45 C.F.R. § 164.514(c).

    c.    Notwithstanding the foregoing, the parties shall produce Discovery Material containing Confidential Health Information in response to discovery requests of another party in this litigation without redaction, designating such documents as set forth herein.

    d.    This Order is intended to provide protection sufficient to constitute a Qualified Protective Order under HIPAA and the regulations promulgated under its aegis. *See* 45 C.F.R. § 164.512(e)(1)(ii).

4. All Designated Material, defined to include Confidential, Confidential Health Information, and Attorneys' Eyes Only materials, shall be used by any person to whom the Discovery Material is produced or disclosed (a "Receiving Party") solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, including for purposes of initiating, prosecuting, or defending any other action, and shall not be disclosed by the Receiving Party to anyone other than those set forth herein, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a Receiving Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Designated Material, provided that such advice and opinions shall not reveal the content of such Designated Material except by prior written agreement of counsel for the parties, by Order of the Court, or as otherwise permitted by this Discovery Confidentiality Order.

5. Discovery Material produced and marked Confidential and Confidential Health Information and the contents of such material may be disclosed only to the following individuals under the following conditions:

    a.    Outside litigation counsel retained by the parties for this action (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b.    Outside experts or consultants retained by outside counsel for purposes of this action, including their staff, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

    c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d.    The Court and court personnel;

    e.    Any deponent may be shown or examined on any information, document or thing designated under this Discovery Confidentiality Order if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials provided that the vendor has first signed a copy of Exhibit A;

    g.    Any other person mutually agreed upon in writing among the Parties, but only if that person has signed a copy of Exhibit A; and

    h.    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6. With respect to Discovery Material produced and designated Confidential Health Information:

    a.    A Receiving Party or any other person who has access to Designated Material shall implement appropriate administrative, physical, and technical safeguards to prevent the use or disclosure of Confidential Health Information in any manner other than pursuant to the terms and conditions of this Order;

    b.    A Receiving Party or any other person who has access to Designated Material shall limit the use or disclosure of Confidential Health Information to the minimum necessary to accomplish the intended purpose of such use or disclosure—but nothing in this sub-paragraph 6(b) shall prevent any use of Designated Material for purposes of this litigation in a manner consistent with the terms of this Order; and

    c.    In the event that the Receiving Party or any person who has access to Designated Material becomes aware of or suspects that Discovery Material produced and marked Confidential Health Information or the contents of such material has been disclosed or used by the Receiving Party—or by any other party to which the Receiving Party disclosed said Discovery Material—in a manner other than those permitted under this Order, that person or the Receiving Party shall immediately notify the Producing Party. Such notification shall provide the Producing Party with information sufficient to identify the Confidential Health Information at issue and, to the extent possible, the nature of the unauthorized disclosure or use. For the purposes of this reporting requirement, no person is required to report inconsequential incidents that occur on a daily basis such as scans or 'pings' that are not allowed past that person's fire walls.

7. Discovery Material produced and marked as Attorneys' Eyes Only may be disclosed only to the persons described in Paragraphs 5.a through 5.g above, except that with respect to in-house counsel, said Discovery Material may also be disclosed only up to four (4) in-house counsel with responsibilities for this matter, provided that before any such

Discovery Material is disclosed to in-house counsel, they have been disclosed to the opposing party and have signed a copy of Exhibit A.  A party may substitute which in-house counsel may access Attorneys' Eyes Only materials pursuant to this Paragraph, provided that such substitution is disclosed to the opposing party prior to sharing any Attorneys' Eyes Only Discovery Material with the substituted counsel and the total number of in-house counsel does not exceed four. The parties may agree in writing that Discovery Material produced and marked as Attorneys' Eyes Only may be disclosed to additional in-house attorneys.

8. Designated Material shall be used only by individuals permitted access to it under Paragraphs 5 and 7.  Designated Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, and, in the case of Discovery Materials marked "Confidential Health Information," there exists a valid authorization by the individual to whom it relates that complies with the requirements of 45 C.F.R. § 164.508(6); or (b) the Court orders such disclosure.

9. With respect to any depositions that involve a disclosure of Designated Material, the designating party shall have until fourteen (14) days after receipt of the final deposition transcript to inform all other parties which portions of the transcript, by page and line number, are to be designated as Confidential, Confidential Health Information, or Attorneys' Eyes Only, which period may be extended by agreement of the parties. During these fourteen (14 days), all deposition transcripts shall be treated as if they had been designated as Attorneys' Eyes Only in their entirety.

10. If counsel for a Receiving Party objects to the designation of all or a portion of Discovery Material as Confidential, Confidential Health Information, or Attorneys' Eyes Only, the following procedure shall apply:

    a. Counsel for the Receiving Party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity by Bates number or deposition page and line number the documents or information in question and shall state the grounds for objection. Counsel for the Producing Party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the Discovery Material is Confidential, Confidential Health Information, or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. The challenged material shall be treated as it has been designated until the Producing Party agrees otherwise in writing or this Court issues an order rejecting the designation.

    b. If a dispute as to a Confidential, Confidential Health Information, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule

        37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. Any document designated Confidential, Confidential Health Information, or Attorneys' Eyes Only by a party or non-party and which document is filed with the Court shall be filed under seal in accordance with Local Civil Rule 5.3. Court filings that refer to Designated Material, but do not disclose the substance of that Designated Material, need not be filed under seal. However, any Court filing that would disclose the substance of any Designated Material must be filed under seal or with redactions to the extent necessary to preserve confidentiality of that material in accordance with Local Civil Rule 5.3.

12. Each person who has access to Designated Material shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Discovery Material that should have been marked as Designated Materials, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated under this Discovery Confidentiality Order within a reasonable time after the Producing Party discovers that the material was not properly marked. Such notice shall constitute a designation of the Discovery Material as Confidential, Attorneys Eyes Only, or Confidential Health Information under this Discovery Confidentiality Order.

14. When the inadvertent or mistaken disclosure of any Discovery Material protected by privilege or work-product immunity is discovered by the Producing Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). If a Producing Party asserts an inadvertently produced document is privileged in its entirety, the Producing Party shall produce a privilege log with respect to any such inadvertently disclosed information within five (5) business days of receiving confirmation from the Receiving Party that the inadvertently disclosed information has been returned or destroyed. If a Producing Party asserts that only a portion of an inadvertently produced document is privileged, it must reproduce the document in redacted form within five (5) business days of receiving confirmation from the Receiving Party that the inadvertently disclosed information has been returned or destroyed. The Receiving Party may request additional information regarding the redacted document to the extent necessary to evaluate whether to challenge the claim of privilege. The Producing Party shall provide that information within five (5) business days of receiving such request. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge

      the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. If such challenge involves moving the Court for an order compelling production, said motion shall be filed under seal, and neither the fact of the inadvertent production nor the content of any privileged portion of the Discovery Material at issue shall be asserted as a grounds or basis for entering such an order.

15. If a non-party serves a Party in this action with a request, subpoena, or order ("demand") for disclosure of Designated Material of a Designating Party, the Party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the Designating Party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The Party receiving the demand shall not disclose any Designated Material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request.  In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the demand in any legal manner. The Party who received the demand shall not oppose or otherwise interfere with the Designating Party's actions.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

17. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, within 30 days of the final disposition of the litigation, each party or other individual subject to the terms hereof shall promptly return to the origination source, or, upon permission of the producing party, destroy all originals and unmarked copies of documents and things containing Designated Material and to destroy, should such source so request, all copies of Designated Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Designated Material; provided, however, that counsel may retain complete copies of all motions, filings, transcripts and pleadings including any exhibits attached thereto, and copies of attorney work product, including counsel's emails, for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  Any copies of transcripts and pleadings including exhibits attached thereto retained by counsel for archival purposes shall, to the extent that they that contain or reference Confidential Health Information, be maintained in accordance with the requirements of HIPAA and

        45 C.F.R. § 164.504(e)(2)(ii)(J) imposed on Business Associates to preserve the privacy of those transcripts and pleadings. Counsel to all Receiving Parties must certify compliance with these requirements within 45 days of the final disposition of the litigation.

20.    To the extent a party requests the return of Designated material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

21.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

We consent to the form and entry of the within Order.

| | |
|---|---|
| Dated: November 21, 2022 | Dated: November 21, 2022 |
| GIBBONS, PC.<br>One Gateway Center<br>Newark, New Jersey 07102-5310<br>973-596-4500 | SILLS CUMMIS & GROSS, P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>973-643-7000 |
| */s/ E. Evans Wohlforth, Jr.*<br>E. Evans Wohlforth, Jr., Esq. | */s/ Jeffrey J. Greenbaum*<br>Jeffrey J. Greenbaum, Esq. |
| SELENDY GAY ELSBERG, PLLC<br>David Elsberg<br>Andrew R. Dunlap<br>Meredith Nelson<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212-390-9000 | PATTERSON BELKNAP WEBB<br>& TYLER LLP<br>Adeel A. Mangi<br>George LoBiondo<br>Harry Sandick<br>1133 Avenue of the Americas<br>New York, New York 10036<br>(212) 336-2000 |
| *Attorneys for Defendant*<br>*Save On SP LLC* | *Attorneys for Plaintiff*<br>*Johnson & Johnson Health Care Systems Inc.* |

**IT IS SO ORDERED**

Dated: _____                                        _____

                                                                                  Honorable Cathy L. Waldor, U.S.M.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : <br> : Civil Action No. 22-2632 (JMV) (CLW) <br> : |
| Plaintiff, <br> vs. | : **ENDORSEMENT OF** <br> : **PROTECTIVE ORDER** <br> : |
| SAVE ON SP, LLC, | : |
| Defendant. | : |

# EXHIBIT A

I hereby attest that I understand that information or documents marked as Designated Material are provided to me subject to the Order dated _____, 2022 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Designated Material pursuant to the Order.

I further agree that I shall not use Designated Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Designated Material, in any form whatsoever, to others.

I further agree to return or destroy Designated Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Designated Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____