# EXHIBIT 1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

December 9, 2022

Harry Sandick
(212) 336-2723
hsandick@pbwt.com

<u>By Email</u>

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
mnelson@selendygay.com

            **Re:**     ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***
                    **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Meredith:

      We write to memorialize the parties' discussions during the conferrals that took place on December 7 and 8 regarding Save On SP LLC's ("SaveOnSP") Responses and Objections to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") First and Second Requests for Production.  We have addressed general issues common to numerous Requests as well as issues specific to individual Requests.

      We are at impasse on several issues based on our discussions, and therefore we intend to proceed to the Court with dispatch so that any disputed issues can be promptly resolved.  To the extent that we have misunderstood your position on any of these issues, please let us know by December 14, 2022.

## I.    GENERAL ISSUES

### A.    Anonymization of Patient Identities

      In response to Request Nos. 3, 5, 7, 8, 14, 15, 24, 28, 30, 33, 34, 40, and 41, which call for documents that include patient identities and various documents and communications about SaveOnSP and its Program that would reveal patient identities, SaveOnSP objected on the ground that "producing the identities of plan participants . . . is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans."  *See, e.g.*, Response to Request No. 14.  Thus, SaveOnSP responded that in its production of documents it would "anonymize references to the identities of plan participants."  *See, e.g.*, *id.*

      As we explained during our conferral, SaveOnSP's objections are unfounded. First, patient identities are relevant for several reasons.  JJHCS is entitled to track individual patients' experiences with SaveOnSP through the relevant data as part of its analyses in this

14041709

Meredith Nelson, Esq.
December 9, 2022
Page 2

action.  JJHCS is also entitled to prove its damages by comparing the amount of CarePath funds used by patients in the SaveOnSP Program with the amount of CarePath funds used by patients not in the SaveOnSP Program.  JJHCS is further entitled to see how patient co-pays increased or changed after a patient joined the SaveOnSP Program and to present to the jury relevant data at whatever level of specificity it deems appropriate.  JJHCS cannot determine with certainty whether a patient is actually enrolled in the SaveOnSP Program unless SaveOnSP provides it with participant information.  Further, patient harm is relevant to both of JJHCS's claims, and JJHCS is entitled to know patient identities so that it can pursue further discovery regarding particular experiences with SaveOnSP.

Second, there is no risk of harm to SaveOnSP, patients, or health plans if the identities of patients are revealed.  JJHCS already knows the identities of the patients who participate in its CarePath program.  In addition, the parties' productions are subject to a court-ordered, HIPAA-compliant Protective Order (Dkt. 62), which puts various protections into place to ensure that sensitive documents exchanged among the parties are not disclosed outside of the litigation.

You responded that while you agree that patient identities are not wholly irrelevant, that relevance is outweighed by the potential harm to SaveOnSP.  Specifically, you stated that even though there is a HIPAA-compliant protective order in place, there is still a risk of inadvertent disclosure.  You also stated that you would consider revealing patient identities on a case-by-case basis if they seemed particularly relevant, but that you did not think JJHCS needed all patient identities to prove its case or to prove damages.

SaveOnSP's rationale is unpersuasive, and we continue to disagree with its appraisal of relevance and potential harm.  Thus, we have a reached an impasse on this issue.

**B.    Anonymization of Health Plan Identities**

Similarly, in response to Request Nos. 4, 5, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 28, 31, 32, 33, 34, 42, and 44, which call for health plan identities and various documents and communications about SaveOnSP and its Program that would reveal health plan identities, SaveOnSP objected on the ground that "producing the identities of . . . health plans . . . is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans."  *See, e.g.*, Response to Request No. 14.  Thus, SaveOnSP responded that in its production of documents it would "anonymize references to the identities of . . . health plans."  *See, e.g.*, *id.*

As we explained, SaveOnSP's objections are unwarranted.  First, health plan identities are relevant to this action.  As SaveOnSP itself has asserted in various filings to the Court, health plans are one of the key actors in the scheme to extract funds from CarePath. JJHCS is entitled to know the identities of those actors to test SaveOnSP's claims and present to

Meredith Nelson, Esq.
December 9, 2022
Page 3

the jury the full story regarding SaveOnSP's conduct and its partners. JJHCS may also potentially pursue further discovery from those plans.

Second, there is no risk of harm to SaveOnSP, patients, or health plans if the identities of health plans are revealed. Again, the parties' productions are subject to a court-ordered, HIPAA-compliant Protective Order (Dkt. 62), which eliminates any potential harm from disclosure outside of the litigation. Further, many health plans publicly advertise the fact that they participate in the SaveOnSP Program. Therefore, SaveOnSP has not identified any harm posed by disclosure.

You responded that you would not hold back information to the extent a health plan has made its participation in the SaveOnSP Program public, but you disagreed that all identities were relevant because JJHCS's Complaint is not centered on health plans. Further, you stated that a list of the health plan identities is tantamount to a client list for SaveOnSP, making it commercially sensitive information and heightening the potential risks that would flow from its disclosure.

SaveOnSP's rationale is unpersuasive. SaveOnSP contracts with health plans to extract funds from CarePath and thereby injure JJHCS. SaveOnSP has itself placed their roles at issue in its motion to dismiss and other statements. The health plans' identities are therefore central to this case. Further, the Protective Order eliminates the potential for harm here, especially because JJHCS is not a competitor of SaveOnSP. Thus, we continue to disagree with SaveOnSP's assessment and believe that the parties have a reached an impasse on this issue.

### C.    Limited Scope of Communications

In response to Request Nos. 5, 7, 8, 16, 17, 18, 19, 20, 21, 22, 31, 35, 44, and 45, SaveOnSP objected to providing all documents and communications responsive to the Requests, and agreed to provide only (1) final versions of externally-facing documents and (2) documents and communications with persons external to SaveOnSP. *See, e.g.*, Response to Request No. 7 ("SaveOn will produce documents sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services . . . . SaveOnSP will also produce communications . . . that it has received from persons currently enrolled in CarePath."); Response to Request No. 16 ("SaveOnSP will produce final version of communications or marketing materials that SaveOnSP provided to health plan sponsors."). These objections were primarily based upon the burden and expense of producing all such documents being outweighed by the marginal relevance of the material requested.

We explained that we are interested in not only final marketing materials and external communications, but also the internal communications between SaveOnSP employees regarding the drafting of marketing materials, as well as internal communications concerning interactions with patients or health plans. These internal communications are relevant to JJHCS's tortious interference claim because they provide insight into SaveOnSP's intent and

14041709

Meredith Nelson, Esq.
December 9, 2022
Page 4

means it used to induce patients to breach the CarePath terms and conditions and they are relevant to JJHCS's claim under New York General Business Law § 349 (the "GBL claim") because they reflect both SaveOnSP's intent and the resulting patient harm.

       This is particularly so, for example, with respect to Request No. 35, which asks for communications relating to the SaveOnSP IPBC Video presentation, a video that features prominently in JJHCS's Complaint because it describes the SaveOnSP Program in detail and sheds light on how it extracts funds from CarePath and harms both patients and JJHCS. Likewise, with respect to Request Nos. 18-22, all of which relate to various aspects of SaveOnSP's compliance with the Affordable Care Act and the relevant regulations promulgated thereunder, JJHCS is entitled to see the internal discussions within SaveOnSP, rather than only documents reflecting advice provided to health plans that work with SaveOnSP.

       In connection with the Requests identified above, you acknowledged that you are willing to produce all external communications with health plans and patients, rather than just form responses and scripts. However, you indicated that internal drafts or communications were not relevant, so you will not produce them.

       We disagree with SaveOnSP's position that internal communications are generally irrelevant to this action. To the contrary, internal communications about relevant issues are basic and fundamental discovery. Thus, the parties have reached an impasse on this issue given that SaveOnSP intends to withhold responsive internal communications and draft documents in connection with the aforementioned Requests.

### D.     Limited Scope of Drugs At Issue

       In response to Request Nos. 8, 12, 17, 19, 20, 21, 22, 28, 29, 30, 32, 33, and 34, SaveOnSP stated that it would only produce responsive documents "regarding Janssen Drugs." *See, e.g.*, Response to Request No. 12. SaveOnSP argued that documents not related to Janssen Drugs are irrelevant to this action.

       First, during our conferral we sought to clarify whether you intended to not produce documents that relate to drugs generally or to drugs encompassing Janssen Drugs, but do not reference Janssen Drugs specifically. You confirmed that you would produce responsive documents regarding or applying to drugs generally or encompassing Janssen Drugs, even if they did not make a specific reference to Janssen or a Janssen Drug. You also confirmed that you would produce all documents related to or referencing CarePath, whether or not there was a specific reference to a Janssen Drug.

       Second, we sought to clarify whether you intended to not produce documents that only related to or referenced non-Janssen Drugs specifically. You clarified that you intend to withhold such documents because documents concerning only non-Janssen Drugs are not relevant to this action.

Meredith Nelson, Esq.
December 9, 2022
Page 5

We explained that our GBL claim concerns all of SaveOnSP's conduct, not just that conduct related to CarePath or Janssen Drugs. Accordingly, documents and communication concerning non-Janssen Drugs are relevant to the claims at issue in this action.

You disagreed with our rationale for these Requests and stated that only documents generally or specifically applicable to Janssen Drugs would be produced. Thus, the parties have reached an impasse on this issue given that SaveOnSP intends to withhold responsive documents and communications that concern non-Janssen Drugs.

**E.    Limiting Responses to SaveOnSP's "Services"**

In many Requests, including Request Nos. 5, 6, 7, 10, 11, 12, 14, 15, 25, 33, and 45, SaveOnSP responded by stating that it would limit its production to responsive documents and communications "regarding SaveOnSP's services at issue in this action." *See, e.g.*, Response to Request No. 10.

We sought to clarify what "services" this limiting language might exclude given that SaveOnSP's entire business is at issue in this action. You explained that there is nothing that SaveOnSP does as part of its core business that will be excluded by this limitation. We write to memorialize that statement and confirm that SaveOnSP will not withhold any documents based upon this purported limitation.

**F.    Limiting Responses to Documents "Sufficient To Show"**

In many Requests, including Request Nos. 3, 5, 7, 10, 11, 12, 17, 25, 31, 33, 41, 42, 48, 49, and 51, SaveOnSP responded by stating that it would limit its production to responsive documents and communications "sufficient to show" a particular fact or data point. *See, e.g.*, Response to Request Nos. 11, 31.

We sought to clarify why SaveOnSP was limiting its production to such documents, as opposed to producing all responsive documents, as requested by JJHCS. In substance, you indicated that there was no present intention to carve out any particular documents and that this objection was made in order to avoid the potential burden to SaveOnSP should the volume of such documents be greater than expected.

Mindful of the need for proportionality in document production, we do not believe that we are presently at impasse. However, to the extent that you determine that documents or categories of documents cannot be produced due to burden, we understand and expect that you advise us promptly of this to permit further meet-and-confer and, if necessary, motion practice over the scope of SaveOnSP's production. If you are unwilling to do so, please apprise us immediately so that we can then raise the issue for resolution now.

Meredith Nelson, Esq.
December 9, 2022
Page 6

## II.    ISSUES RELATED TO SPECIFIC REQUESTS

  The following discussion concerns issues related to specific Requests that are not otherwise entirely addressed by the general concerns laid out above.

  **A. Request No. 2: Documents sufficient to identify the names and citizenship of all SaveOnSP LLC members, including the membership of any limited liability companies, limited partnerships, or partnerships that are members of SaveOnSP, either directly or indirectly (e.g., through membership of an LLC that is itself a member of SaveOnSP).**

  In its Responses, SaveOnSP indicated that it would not produce documents in response to this Request. During our conferral, we explained that we believe it is relevant to understand who owns and controls SaveOnSP for purposes of liability and to understand decision-making processes at SaveOnSP. We also noted that the citizenship issue is necessary to establish diversity jurisdiction. You responded that you do not intend to contest subject-matter jurisdiction in this action. Despite this concession, we disagree with your assertion that the information sought by this Request is not relevant, and we believe that the parties are at an impasse to the extent that SaveOnSP will not produce the names and citizenship of all SaveOnSP LLC members. In light of our conferral, we understand that the parties are at impasse on this issue.

  **B. Request No. 6: All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS.**

  In response to this Request, SaveOnSP agreed to produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs. You indicated that there was no present intention to carve out any particular documents and that this objection was made in order to avoid the potential burden to SaveOnSP should the volume of such communications be greater than expected.

  While we are mindful of the need for proportionality in document production, as discussed above, given the nature of this specific Request, we do believe it is reasonable for SaveOnSP to produce all communications, regardless of subject matter, with JJHCS. We also believe, for the reasons discussed above, that it is reasonable for SaveOnSP to produce internal communications about its communications with JJHCS. In light of our call, we understand that the parties are at impasse on this issue.

  **C. Request No. 12: All documents concerning fees paid to or collected by SaveOnSP, not otherwise captured by other Requests.**

  In response to this Request, SaveOnSP agreed to produce documents sufficient to show all fees paid to or collected by SaveOnSP related to services it provides to plans regarding

Meredith Nelson, Esq.
December 9, 2022
Page 7

Janssen Drugs.  We explained that we seek to understand, among other things, how SaveOnSP's fees are structured and calculated in order to determine JJHCS's damages in this action.  We understand that the parties are at an impasse because that SaveOnSP will not produce all documents concerning the fees paid to it.

###### D.    Request No. 15: All recordings or transcripts of presentations or interviews concerning the SaveOnSP Program.

In response to this Request, SaveOnSP indicated that it would produce "recordings or transcripts of presentations regarding the services that it provides to health plans identified during a reasonable search."  We clarified whether you intended to withhold comparable, responsive information related to "interviews."  You responded that the omission of "interviews" in SaveOnSP's response was not intentional and SaveOnSP would produce such documents.  We write to memorialize that representation.

###### E.    Request No. 24: All documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals.

In response to this Request, SaveOnSP objected to the phrase "SaveOnSP's offer of $0 co-payments to patients" because it claims "SaveOnSP does not offer $0 co-payments to patients."  Thus, SaveOnSP indicated that it would produce only "documents concerning such plan benefits identified during a reasonable search."

In our call, we sought clarification about whether you intended to withhold documents responsive to this Request.  You indicated that while SaveOnSP disagrees with the characterization of it as offering a $0 co-payment, SaveOnSP would not on that basis withhold documents responsive to this Request.  We write to memorialize that representation.

###### F.    Request No. 29: All documents and communications indicating the total amount SaveOnSP has collected from patients who had already satisfied their out-of-pocket maximum, prior to enrolling in SaveOnSP.

In response to this Request, SaveOnSP objected to it for, among other reasons, "not describing the documents sought with reasonable particularity."  We asked whether SaveOnSP would produce documents if we rephrased the Request as "All documents and communications indicating the total amount of CarePath funds collected from patients enrolled in the SaveOnSP Program who had already met their out-of-pocket maximum under the Affordable Care Act prior to enrolling in SaveOnSP."  Please advise whether SaveOnSP will agree to produce such documents with this clarification.  If we do not receive a response, we will assume that SaveOnSP continues to refuse to produce documents and that we are at an impasse on this Request.

14041709

Meredith Nelson, Esq.
December 9, 2022
Page 8

G.    **Request No. 30: All documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of member to SaveonSP."**

In response to this Request, SaveOnSP objected to the phrase "[p]oint of sale claim rejection" because it claims "it does not accurately describe pharmacies' communications with patients." Thus, SaveOnSP indicated that it would produce only "documents . . . reflecting its communications with pharmacies regarding communications with members using Janssen Drugs regarding the warm transfer of members to SaveOnSP." Response to Request No. 30. We asked whether, based on the parties' disagreement that there is a "point of sale claim rejection," you intended to withhold documents responsive to this Request. You indicated that SaveOnSP disagrees that there is a "point of sale claim rejection," but that SaveOnSP would not on that basis withhold documents responsive to this Request and would produce all responsive documents. We write to memorialize that representation.

H.    **Request No. 36: Annual Program Summary documents outlining the terms of the SaveOnSP program for each participating health plan, including: (i) patient copay/coinsurance requirements for each drug included in the program; (ii) the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs; (iii) patient copay/coinsurance requirements after a manufacturer's copay assistance has reached its maximum contribution for the year; (iv) patient deductible requirements; (v) patient out-of-pocket maximum limits and what patient payments are accounted for in determining whether a patient has reached their out-of-pocket maximum; (vi) any other payment obligations for the patient.**

In response to this Request, SaveOnSP stated that it is "not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control," but that if "SaveOnSP becomes aware of any such documents in its possession, custody, or control, SaveOnSP will produce those documents."

In our call, we pointed out that the agreement governing the SaveOnSP Program provides that SaveOnSP shall "assist [health plans] with potential modifications to summary plan descriptions or other benefits documents to outline the SaveOnSP Program within the [health plan's] plan benefit," which suggests SaveOnSP would have documents responsive to this Request regardless of who generates them. *See* Exhibit A of the 2018 Master Program Agreement, SOSP_0000074. You said were not familiar with our reference and that you did not think that SaveOnSP maintained such documents in the ordinary course, but nevertheless would not hold back documents responsive to this Request to the extent they are in SaveOnSP's possession, custody or control. We write to memorialize that representation.

Meredith Nelson, Esq.
December 9, 2022
Page 9

I.      **Request No. 41: Data covering the period January 1, 2016 through the present on all manufacturer copay assistance provided to either a pharmacy, PBM, or SaveOnSP for prescriptions filled by SaveOnSP member patients, including: (i) manufacturer; (ii) brand name; (iii) National Drug Code ("NDC"); (iv) recipient of manufacturer assistance; (v) patient identifier; (vi) pharmacy for relevant drug fill; (vii) pharmacy address; (viii) prescription number; (ix) prescription fill date; (x) number of units; (xi) days of supply; (xii) unit of measure; (xiii) copay or coinsurance amount; (xiv) coupon amount; and (xv) information on how these payments can be linked to the transaction/claims data.**

**Request No. 42: Electronic prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients who at any point during that time frame participated or did not participate in the SaveOnSP program, including:**

- **Information on parties to the prescription transaction, including: (i) pharmacy name; (ii) pharmacy address; (iii) patient identification; (iv) patient state of residence; (v) identifier for whether patient is on a SaveOnSP program; (vi) insurance/health plan name; (vii) insurance/health plan ID; (viii) type of insurance (e.g., commercial, Medicare, Medicaid); (ix) insurance/health plan member ID; (x) insurance/health plan BIN number; (xi) insurance/health plan PCN number; (xii) insurance/health plan group name; and (xiii) insurance/health plan group number.**

- **Drug information for the prescription transaction, including: (i) product description (i.e., brand name); (ii) NDC; (iii) product form; (iv) product strength; (v) number of units; (vi) days of supply; (vii) units returned or otherwise affected by the transaction; (viii) unit of measure; (ix) date of prescription fill; (x) information sufficient to identify the type of transaction (e.g., a sale, a return, a discount, etc.); and (xi) any discounts, rebates, or other price adjustments or offsets.**

- **Payment information for the prescription transaction, including: (i) total amount paid to the pharmacy for the prescription; (ii) patient copayment; (iii) patient coinsurance payment; (iv) patient deductible payment; (v) copay coupon/manufacturer assistance amount applied to the prescription cost; (vi) voucher amount; (vii) bridge benefit payment; (viii) net consumer payment after subtracting co-pay, coinsurance, deductible, coupon, voucher, bridge benefit, and other assistance; (ix) insurance/health plan**

Meredith Nelson, Esq.
December 9, 2022
Page 10

       **cost submitted; and (x) insurance/health plan amount paid to
pharmacy.**

       In response to these Requests, SaveOnSP indicated that it would produce "data
sufficient to show, for each Janssen Drug, the total amount of payments made by CarePath for
participants of plans advised by SaveOnSP." In our call, we explained that the granular data
sought by this Request was relevant to JJHCS's analysis of data and calculation of damages in
this action, and that the data is necessary to identify patients enrolled in the SaveOnSP Program.
You responded that some of this data could be relevant to JJHCS's damages calculation, but that
it was not obvious why each category of data identified would be relevant. This is not an
appropriate objection. JJHCS will make determinations in due course about how it will use the
relevant data, but all relevant data that SaveOnSP maintains must be produced for analysis. We
nonetheless indicated that if there are certain categories of this data that SaveOnSP does not
maintain, then we would be open to meeting and conferring about potential categories to omit
from the Requests. We also stated that depending on your response to Request Nos. 41 and 42,
we would be prepared to reframe or withdraw Request No. 40, which addresses related issues.
You indicated that you would review what data could be produced. Please let us know by
December 14, 2022 if SaveOnSP will revise its response to these Requests to produce the
categories of data responsive to this Request that it maintains. Absent confirmation to the
contrary, we will assume that SaveOnSP is only willing provide "the annual total amount of
payments made by CarePath for participants of plans advised by SaveOnSP," which will place
the parties at an impasse with respect to these Requests.

    **J.**    **Request No. 43: All documents and communications relating to how
SaveOnSP operates in jurisdictions with statutes or regulations that ban or
limit accumulator adjustment programs.**

       In response to this Request, SaveOnSP indicated that it would not produce any
documents. In our call, we stated that this Request is similar to Request Nos. 18-22 concerning
the Affordable Care Act and that we sought documents relating to how SaveOnSP interpreted its
compliance obligations. You did not indicate a willingness to produce documents in response to
this Request. We understand the parties are at an impasse with respect to this Request.

    **K.**    **Request No. 45: All documents and communications relating to studies,
reports, publications, analyses, research, white papers, reviews, or other
written work product that SaveOnSP has created, commissioned, paid for,
sponsored, or otherwise procured or supported regarding (i) specialty
medication costs, (ii) copayment and coinsurance rates, (iii) accumulator
programs, (iv) maximizer programs, or (v) strategies to manage specialty
medication costs.**

       In response to this Request, SaveOnSP indicated that it would only produce
"publicly disseminated studies, report, publications, analyses, research, white papers, or reviews

14041709

Meredith Nelson, Esq.
December 9, 2022
Page 11

relating to the services SaveOnSP provides to health plans." We explained that we believe all
studies, reports, publications, analyses, research, white papers, or reviews are relevant, regardless
of whether or not they were publicly disseminated. You stated, in substance, that documents that
are purely internal are not relevant to this litigation. We disagree. We believe the parties are at
an impasse with respect to this Request. Please let us know by December 15, 2022 if SaveOnSP
will revise its response to this Request.

L.     **Request No. 52: Documents sufficient to show SaveOnSP's liquidity, debt,
profits, losses, revenues, costs, EBITDA, and assets throughout the Time
Period, including financial statements or financial analyses.**

In response to this Request, SaveOnSP indicated that it would not produce any
documents. In our call, we explained that JJHCS is entitled to this information about
SaveOnSP's financial position because it is relevant to damages in this action. You disagreed
and maintained that the information requested is irrelevant. We understand the parties are at an
impasse with respect to this Request.

* * *

Any issue not raised herein does not constitute a waiver on the part of JJHCS, and
JJHCS reserves all rights to raise additional concerns at a future date based upon SaveOnSP's
objections or the materials that SaveOnSP produces in this action. Finally, as soon as SaveOnSP
is prepared to discuss logistics for its anticipated collection, we ask that you disclose your
intended custodians, search terms, any targeted collection methodologies, and your plans with
regard to producing all documents you have agreed to produce.

We look forward to your response.

Very truly yours,

Harry Sandick

14041709

# EXHIBIT 2

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Meredith Nelson
Associate
212 390 9069
mnelson@selendygay.com

December 21, 2022

<u>Via E-mail</u>

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Harry,

  We write in response to your December 9, 2022 letter ("December 9 Letter")
regarding our meet and confer on Save On SP LLC's ("SaveOnSP") Responses and
Objections to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") First and
Second Requests for Production. We also write regarding JJHCS's Responses and
Objections to SaveOnSP's First Request for Production of Documents.

## I.    Issues Relating to JJHCS's Requests for Production

### A.    General Issues

#### 1.    Anonymization of Patient Identities

  SaveOnSP generally proposes to anonymize references to patient identities
in documents it produces. JJHCS objects to this proposal.

  JJHCS has not adequately explained why it needs the requested patient
identities to analyze data produced by SaveOnSP. You state that JJHCS is "entitled
to track individual patients' experiences with SaveOnSP through the relevant data
as part of its analyses in this action"—but you do not explain what it is that JJHCS
wishes to track or what analyses it intends to perform that require patient identi-
ties. You state that JJHCS is "entitled to prove its damages by comparing the
amount of CarePath funds used by patients in the SaveOnSP Program with the
amount of CarePath funds used by patients not in the SaveOnSP Program"—but

Harry Sandick
December 21, 2022

SaveOnSP has agreed to provide these amounts and you do not explain why patient identities are relevant to that comparison. You state that JJHCS is "further entitled to see how patient co-pays increased or changed after a patient joined the Save-OnSP Program and to present to the jury relevant data at whatever level of specificity it deems appropriate"—but, again, SaveOnSP has agreed to provide the data you seek and you do not explain why patient identities are required for those analyses. We are glad to reconsider JJHCS's request if it can explain why patient identities are relevant to these analyses.

JJHCS has not explained why it needs patient identities at this point in the litigation to explore potential "patient harm." As we stated during our meet and confer, SaveOnSP is willing to consider requests to disclose the identities of specific patients based on particularized showings by JJHCS. If, for example, documents produced by SaveOnSP show interactions with a specific patient that JJHCS believes are relevant to its allegations of harm, SaveOnSP would consider producing the identity of that patient. JJHCS has not explained why it would not agree to such an approach.

JJHCS does not acknowledge the full potential harm posed by its request. As we stated during our meet and confer, the identities of patients enrolled in Save-OnSP are highly sensitive and confidential business information, as well as highly confidential information under HIPAA. Protecting patient information is at the core of SaveOnSP's business; any inadvertent disclosure poses a risk of severe reputational and business harm to SaveOnSP. As you acknowledge, the protective order in this case cannot protect against inadvertent disclosure.

Most importantly, the protective order would not prevent JJHCS from subpoenaing or contacting patients enrolled in SaveOnSP-advised plans for litigation purposes. In fact, you state that JJHCS intends to "pursue further discovery regarding particular experiences with SaveOnSP" from patients. The prospect of JJHCS subpoenaing or otherwise contacting these patients—and there are tens of thousands of them—poses a real risk to SaveOnSP. Receiving subpoenas or other litigation-related communications regarding their specialty medications and their dealings with SaveOnSP could greatly upset these patients, potentially leading them to opt out of benefits offered by their health plans or creating pressure for their health plans to discontinue their business dealings with SaveOnSP. Such a result poses a risk of serious injury to SaveOnSP. *See, e.g.*, *Winona PVD Coatings, LLC v. Excel Enters., LLC*, No. 3:16-CV-19-WCL-CAN, 2016 WL 9347091, at *3 (N.D. Ind. Apr. 18, 2016) (deferring subpoenas until after party discovery because such subpoenas posed a risk to plaintiff's business relationships with its customers and suppliers); *Accusoft Corp. v. Quest Diagnostics, Inc.*, No. CIV.A. 12-40007-FDS, 2012 WL 1358662, at *1, 10-11 (D. Mass. Apr. 18, 2012) (quashing third-party subpoenas directed at defendants' customers because the subpoenas would cause harm to defendants' customer relationships).

We invite you to fully discuss these issues. Among other things, we would like to know if JJHCS really needs the identities of all patients, or whether (for

2

Harry Sandick
December 21, 2022

example) it might limit its Requests to a subset. We would also like to discuss if JJHCS would be willing to discuss safeguards on its intended outreach to patients, including (for example) a limit on the number of patients it might contact or a period of notice before contacting patients sufficient for SaveOnSP to lodge objections with the Court.

## 2.    Anonymization of Health Plan Identities

SaveOnSP generally proposes to anonymize references to health plan identities in documents it produces. JJHCS takes issue with this proposal.

JJHCS has not explained why it requires the identities of SaveOnSP's clients to pursue its claims. You state that SaveOnSP has asserted in Court filings that "health plans are one of the key actors in the scheme to extract funds from Care-Path"—but SaveOnSP will produce documents showing its contracts and communications with health plans. And, as we told you, SaveOnSP will consider producing the names of specific health plans if JJHCS can make a particularized showing based on documents that SaveOnSP produces.

JJHCS does not acknowledge the harm that its request poses to SaveOnSP. You assert that "many health plans publicly advertise the fact that they participate in the SaveOnSP Program." As we told you, SaveOnSP will produce and will not anonymize the names of any health plans that it can verify have publicly disclosed that they are SaveOnSP clients. That some plans have publicly disclosed that they are clients, however, does not mean that SaveOnSP would not be injured by the disclosures of the names of those who have not.

As we have explained to you, SaveOnSP's client lists are highly confidential business information. You assert that JJHCS is not SaveOnSP's "competitor." This is disingenuous: JJHCS is engaged in a concerted effort to put SaveOnSP out of business. You acknowledge that JJHCS may "potentially pursue further discovery from those plans" who are SaveOnSP's clients, which the protective order would not prevent. If JJHCS were to subpoena or otherwise contact SaveOnSP's clients—and there are thousands of them—it could pressure many of those clients to discontinue their business dealings with SaveOnSP, severely damaging SaveOnSP. You have also not explained why JJHCS could not begin its third-party discovery with plans that have opted to publicly disclose that they are SaveOnSP clients.

We again invite you to fully discuss these issues. Among other things, as we said during our meet and confer, we are willing to discuss if SaveOnSP could satisfy JJHCS's Requests by producing a limited number of client names, for example after JJHCS has reviewed SaveOnSP's anonymized productions and determined which client identities it believes are relevant. We are also interested in discussing appropriate limits on JJHCS's subpoenas to and communications with SaveOnSP's clients.

3

Harry Sandick
December 21, 2022

### 3.    Internal Communications and Documents

JJHCS takes issue with SaveOnSP's position that it will not produce internal communications in response to certain of JJHCS's RFPs. Although this issue affects 14 separate RFPs, and although we explained to you during our meet and confer that our relevance objections differ based on the specific nature of the information sought by each RFP, you address these RFPs together. You state that such internal communications may be relevant to JJHCS's tortious interference claim because they may give insight into "SaveOnSP's intent" and how it induced breach. Dec. 9 Letter at 3-4. You also state that such communications may be relevant to JJHCS's GBL claim because they may show "SaveOnSP's intent and the resulting patient harm." *Id.* at 4. We again address each category below.

#### a.    Internal communications regarding patient communications and marketing (RFP Nos. 5, 7, 8, 16, 35)

SaveOnSP agreed to produce external facing communications and marketing materials responsive to RFP Nos. 5, 7, 8, 16, and 35, which generally seek all documents, including internal drafts and communications, related to communications with patients who are enrolled in or eligible to be enrolled in CarePath and all SaveOnSP marketing materials. JJHCS now claims that this is insufficient and demands that SaveOnSP produce all documents responsive to these Requests.

As we explained, JJHCS's claims are based on specific allegedly deceptive statements and omissions that it claims SaveOnSP makes to all patients and SaveOnSP's alleged inducement of CarePath patients to breach their contracts. You have not explained how every communication with patients or marketing document—much less every internal communication or document about those communications or marketing documents—is relevant. For instance, you have not explained why JJHCS requires drafts of marketing materials that simply describe SaveOnSP's services and contain none of the allegedly misleading statements or omissions that JJHCS describes in its Complaint.

SaveOnSP is willing to consider producing some sets of internal documents responsive to these RFPs. For instance, you stated during our meet and confer that JJHCS wants to see internal discussions that SaveOnSP had about communications where a patient is told that her drug is not covered. We are willing to search for and produce such documents, should we identify any. We invite you to identify other specific categories of internal documents that JJHCS believes are relevant to its claims so that SaveOnSP can consider JJHCS's relevance arguments and respond accordingly.

#### b.    Drafts and negotiation documents for contracts with plans (RFP No. 17)

JJHCS has not explained why drafts and negotiation history communications for SaveOnSP's contracts with health plans are relevant. We discussed

4

Harry Sandick
December 21, 2022

JJHCS's RFP No. 17 during our meet and confer and you said nothing about this issue. JJHCS's December 9 Letter offers no further explanation. We invite you to explain your position as to these documents.

### c. Internal formulation of the advice SaveOnSP provides to health plans (RFP Nos. 18, 19, 20, 21, 22, 31, 44)

In its responses to JJHCS's RFP Nos. 18, 19, 20, 21, 22, 31, and 44, Save-OnSP stated that it was willing to produce documents that reflect the advice Save-OnSP provides to health plans. SaveOnSP does not believe that the advice that it provides to health plans is relevant to either of JJHCS's claims, which center on SaveOnSP's communications with patients after health plans have already decided to adopt the advice that SaveOnSP provides. Despite this, we agreed to provide you with documents reflecting SaveOnSP's advice to health plans.

Your December 9 Letter states that documents responsive to RFP Nos. 18-22 are relevant because they relate to "various aspects of SaveOnSP's compliance with the Affordable Care Act." But you have not explained how SaveOnSP's compliance with the Affordable Care Act relates to your GBL or tortious interference claims. And you refuse to produce documents in response to SaveOnSP's Requests seeking information on JJHCS's understanding of whether SaveOnSP advice to plans complies with the Affordable Care Act. JJHCS's R&Os to SaveOnSP's RFP Nos. 14, 21; *see also infra* at 13-14. Please explain why the information JJHCS seeks from SaveOnSP on these topics is relevant to its claims, and why the parallel information SaveOnSP seeks from JJHCS is not.

### d. RFP No. 45

JJHCS's RFP No. 45 seeks "[a]ll documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs."

As we said during our meet and confer, this Request could capture nearly every written document concerning SaveOnSP. We invited you to provide us with more information on the specific documents JJHCS is seeking, but you have not. SaveOnSP will agree to produce all studies, reports, publications, formal research summaries, and white papers responsive to this Request, regardless of whether they were publicly disseminated. If you seek additional documents, we invite you to tell us what they are and why they are relevant.

### 4. Limited Scope of Drugs at Issue

In response to JJHCS's RFP Nos. 8, 12, 17, 19, 20, 21, 22, 28, 30, 32, 33, and 34, SaveOnSP agreed to produce responsive documents "regarding Janssen

Harry Sandick
December 21, 2022

Drugs." During our meet and confer, we stated that we intended to produce documents that apply to multiple drugs, including Janssen Drugs, and that SaveOnSP did not intend to limit its production to documents which reference JJHCS or Janssen Drugs on their face.

During our meet and confer, you stated that, given JJHCS's GBL claim, you believed there may be a case for the relevance of all documents responsive to these Requests but did not offer any further explanation. In your December 9 Letter, you now declare that your "GBL claim concerns all of SaveOnSP's conduct," that all "documents and communication concerning non-Janssen Drugs are relevant to the claims at issue in this action," and, accordingly, that the parties are at impasse. Dec. 9 Letter at 5.

JJHCS has not explained why our agreement to produce documents that relate to Janssen Drugs or SaveOnSP's practices generally, while withholding documents that relate *exclusively* to other manufacturers' drugs, will not provide you with the information JJHCS needs, or why documents relating exclusively to other manufacturers' drugs are relevant. We invite you to provide us with this response, so that SaveOnSP can consider your arguments and the parties can avoid burdening the Court with unnecessary disputes.

### 5.     Limiting Responses to SaveOnSP's "Services"

In response to JJHCS's RFP Nos. 5, 6, 7, 10, 11, 12, 14, 15, 25, 33, and 45, SaveOnSP stated that it would limit its production to responsive documents and communications "regarding SaveOnSP's services at issue in this action." As we stated during our meet and confer, this qualification is necessary due to the breadth of JJHCS Requests. JJHCS's Requests, for instance, seek all documents and communications between categories of people and entities without any stated limitations that would restrict discovery to the subject matter of this action. *See, e.g.*, RFP No. 5 (seeking all communications between SaveOnSP and persons enrolled or eligible to enroll in CarePath). This could include, for example, communications between a SaveOnSP employee and an individual taking a Janssen therapy that are personal in nature and have no relevance to this action.

SaveOnSP uses the term "SaveOnSP's services" to encompass SaveOnSP's core business operations. This term would include any of SaveOnSP's activities that are patient-facing (including, for example, patient outreach and monitoring). As we stated during our meet and confer, we are not currently aware of documents responsive to these Requests which SaveOnSP intends to withhold based on this limitation. We reserve the right to revisit this approach as we determine the extent to which documents and communications exist which are captured by JJHCS's Requests but have no relevance to this action.

6

Harry Sandick
December 21, 2022

### 6.  Limiting Responses to Documents "Sufficient to Show"

In response to JJHCS's RFP Nos. 3, 5, 7, 10, 11, 12, 17, 25, 31, 33, 41, 42, 48, 49, and 51, SaveOnSP indicated that it would limit its production to "documents sufficient to show" the information sought by JJHCS. This qualification was again necessary considering the breadth of JJHCS's Requests, many of which seek "all" documents without limitation.

During our meet and confer, you asked why we included this limitation for certain Requests. For RFP No. 13, for instance, we explained that we do not intend to withhold responsive contracts, agreements, and memoranda concerning the relationship between Accredo and SaveOnSP or informal documents that provide unique information about the relationship between Accredo and SaveOnSP, but that your Request as written could encompass nearly every communication between Accredo and SaveOnSP. We remain willing to negotiate a search protocol to identify documents responsive to these Requests and to revisit any concerns you may have regarding specific Requests.

### B.  Issues Related to Specific Requests for Production

### 1.  RFP No. 2

JJHCS's RFP No. 2 seeks "documents sufficient to identify the names and citizenship of all SaveOnSP LLC members." SaveOnSP has objected to this Request on the ground that such documents are irrelevant to the claims and defenses in this action. During our meet and confer and in your December 9 Letter, you raised three points as to why the documents sought by this Request are relevant: (1) that this information is necessary for JJHCS to understand who owns and controls SaveOnSP for purposes of liability; (2) that this information is necessary for JJHCS to understand decision-making processes at SaveOnSP; and (3) that this information is necessary to establish subject matter jurisdiction. We address each of these points in turn.

First, you have not explained how this information is necessary for "purposes of liability." SaveOnSP is the only defendant in this case and the only party that faces liability. There are no allegations in JJHCS's complaint that suggest liability on the part of SaveOnSP's members. If you intend to pursue this argument, we ask that you clarify for us what you mean by this statement.

Second, you have not explained why this information is relevant to understanding SaveOnSP's decision-making process. We are producing information showing who the decision-makers within SaveOnSP are. If you intend to pursue this argument, we again ask that you provide us with more detail on why you believe you are entitled to this information.

Finally, you have not explained why this information is necessary to establish diversity jurisdiction. SaveOnSP is not contesting diversity jurisdiction. We

7

Harry Sandick
December 21, 2022

would be glad to stipulate that none of the members of SaveOnSP reside in New Jersey. If you intend to pursue this argument, please provide us with authority for the position that a party is entitled to jurisdictional discovery when the opposing party does not contest jurisdiction. *Cf. Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015) (plaintiff is entitled to limited discovery to support assertion of diversity jurisdiction if defendant disputes the factual basis for that assertion).

## 2. RFP No. 6

Your December 9 Letter misstates our position as to RFP No. 6. You characterize our position as follows: "You indicated that there was no present intention to carve out any particular documents and that this objection was made in order to avoid the potential burden to SaveOnSP should the volume of such communications be greater than expected." Dec. 9 Letter at 6. Not so. We explained that RFP No. 6 seeks "all communications" between JJHCS and SaveOnSP without limitation to the subject matter of this litigation and thus may capture communications irrelevant to this action. We stated that our proposed limitation to produce communications between JJHCS and SaveOnSP concerning CarePath, SaveOnSP's services, or Janssen Drugs would capture all relevant communications.

In your December 9 Letter, you assert without explanation that "SaveOnSP [should] produce all communications, regardless of subject matter, with JJHCS" and claim that the parties are at impasse on this issue. Dec. 9 Letter at 6. This is in stark contrast to your position during our meet and confer, where you suggested that the parties could likely resolve this issue using search terms. Please explain why you now believe that SaveOnSP's proposed limitation is inadequate.

## 3. RFP No. 12

JJHCS's RFP No. 12 seeks "[a]ll documents concerning fees paid to or collected by SaveOnSP." In its Responses and Objections, SaveOnSP agreed to produce "documents sufficient to show all fees paid to or collected by SaveOnSP that relate to the services it provides to plans regarding Janssen Drugs."

JJHCS asserts that it requires all documents concerning fees paid to or collected by SaveOnSP. During our meet and confer, you indicated this Request includes documents relating to fee negotiations and SaveOnSP's fee structures. You stated that JJHCS believes SaveOnSP's fee structures are relevant to its allegation that SaveOnSP causes CarePath to pay more money in copay assistance. You have not explained why this is so. JJHCS's purported damages are based on the amounts it pays out in copay assistance; you do not explain how SaveOnSP's fees impact the amount that JJHCS pays. In any event, we propose to produce documents showing the actual fees that SaveOnSP receives, which will also contain information about SaveOnSP's fee structure. Further, even if it were accurate that JJHCS is entitled to documents regarding SaveOnSP's fee structure, JJHCS has not explained why it

8

Harry Sandick
December 21, 2022

needs *all* documents related to SaveOnSP's fees. We invite you to explain why you need additional information beyond what SaveOnSP has agreed to provide.

### 4.    RFP No. 15

In its RFP No. 15, JJHCS seeks "[a]ll recordings or transcripts of presentations or interviews concerning the SaveOnSP Program." SaveOnSP agreed to produce "recordings or transcripts of presentations regarding the services that it provides to health plans identified during a reasonable search," anonymizing references to the identities of plan participants or health plans. During our meet and confer, you asked if SaveOnSP intentionally excluded "interviews" from its response. We stated that we did not. We confirm that we do not intend to withhold responsive recordings or transcripts of interviews, though we maintain our other objections and our position on the necessity of anonymization.

### 5.    RFP No. 24

In its RFP No. 24, JJHCS seeks "[a]ll documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals." SaveOnSP objected to RFP No. 24 because SaveOnSP does not offer $0 copays to patients and the Request thus misstates SaveOnSP's business. During our meet and confer, you asked us if we intended to withhold any categories of documents based on this objection. We stated that our objection relates to JJHCS's characterization of SaveOnSP's business, but that SaveOnSP intends to produce responsive documents and communications relating to SaveOnSP's actual business activities. We confirm that your December 9 Letter reflects our understanding.

### 6.    RFP No. 29

JJHCS's RFP No. 29 seeks "all documents and communications indicating the total amount SaveOnSP has collected from patients who had already satisfied their out-of-pocket maximum prior to enrolling in SaveOnSP." SaveOnSP objected to this Request on the ground that it does not describe the documents requested with reasonable particularity.

In your December 9 Letter, you now ask if SaveOnSP will produce "[a]ll documents and communications indicating the total amount of CarePath funds collected from patients enrolled in the SaveOnSP Program who had already met their out-of-pocket maximum under the Affordable Care Act prior to enrolling in Save-OnSP." There is no SaveOnSP Program as you use that term in your Requests, and SaveOnSP does not "collect" funds "from patients." We interpret your restated Request as seeking documents and communications indicating the total amount of CarePath funds expended on patients enrolled in plans advised by SaveOnSP who had already met their out-of-pocket maximum under the Affordable Care Act prior to their plans partnering with SaveOnSP. We are investigating whether SaveOnSP has any information responsive to this restated Request.

Harry Sandick
December 21, 2022

### 7. RFP No. 30

In its RFP No. 30, JJHCS seeks "[a]ll documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of members to SaveOnSP." In its Responses and Objections, SaveOnSP objected to the phrase "[p]oint of sale claim rejection," as it does not accurately describe pharmacies' communications with patients. As SaveOnSP set out in its motion to dismiss briefing and as we stated at our meet and confer, SaveOnSP disputes that a "point-of-sale claim rejection" occurs. SaveOnSP nevertheless intends to produce documents in response to this Request, including those related to administrative alerts which occur as part of the warm transfer process.

### 8. RFP No. 36

In SaveOnSP's Response to JJHCS's RFP No. 36, SaveOnSP stated that it is not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control, but that should SaveOnSP become aware of any such documents in its possession, custody, or control, it will produce them subject to its other objections. During our meet and confer, we reiterated that, to the best of our knowledge, SaveOnSP does not create or retain Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials in its ordinary course of business, but that SaveOnSP does not intend to withhold any such documents it identifies during its search.

### 9. RFP Nos. 41 and 42

JJHCS's RFP Nos. 41 and 42 seek extensive data regarding manufacturer copay assistance provided to participants of plans advised by SaveOnSP and transaction data for specialty drug fills by those participants. During our meet and confer, you stated that the data sought by RFP Nos. 41 and 42 was necessary for JJHCS's damages calculation. When we asked you why the specific data sought—including information such as the pharmacy name and address—was relevant to damages, you told us that this information was necessary for you to "match" the data with patients in CarePath's system. That is, JJHCS intends to use this data to identify specific patients. As discussed above, JJHCS has not adequately explained why it needs those identities to prove its claims, and SaveOnSP intends to anonymize those identities in the documents that it produces.

Your December 9 Letter now claims that SaveOnSP's objection that many of the categories of data sought are not relevant to this action is somehow "inappropriate." Dec. 9 Letter at 10. In fact, JJHCS may request only documents that are relevant to its claims or to SaveOnSP's defenses. We invite you to explain why the data that JJHCS seeks is relevant.

Harry Sandick
December 21, 2022

### 10.    RFP No. 43

JJHCS's RFP No. 43 seeks "All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs." As we explained during our meet and confer, none of JJHCS's claims are based on allegations that SaveOnSP violates such statutes or regulations. As with RFP Nos. 18-22, you have not explained how SaveOnSP's compliance with such statutes or regulations relates to your GBL or tortious interference claims.

### 11.    RFP No. 52

JJHCS's RFP No. 52 seeks documents "sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses."

During our meet and confer and in your December 9 Letter, you stated that SaveOnSP's financial position is relevant to damages. We explained that the financial position of SaveOnSP goes solely to JJHCS's potential ability to collect a judgment and is irrelevant at this stage of the litigation. *See Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 362 (D. Del. 2015) (finding that discovery into plaintiff's assets before judgment has been entered is premature). We invited you to explain to us why this information is relevant to JJHCS's damages. You have not done so. We again invite you to explain why the information JJHCS seeks is relevant to its damages calculations so that we can consider JJHCS's position.

### C.    Search Parameters

In your December 9 Letter, you ask that SaveOnSP disclose its intended custodians, search terms, and any targeted collection methodologies. We invite you to meet and confer regarding what collection and production parameters the parties might agree to exchange and when.

## II.    Issues Relating to SaveOnSP's Requests for Production

SaveOnSP has identified several issues with JJHCS's responses and objections to SaveOnSP's First Request for Production of Documents.

### A.    General Issues

### 1.    Definition of Janssen Drugs

In its Requests for Production, SaveOnSP defines the term "Janssen Drugs" as "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action."

11

Harry Sandick
December 21, 2022

JJHCS objects to SaveOnSP's definition "to the extent it purports to include drugs that are not covered by CarePath." Please tell us if JJHCS believes that any of the drugs included in this definition are not covered by CarePath.

### 2.    Time Period

In response to SaveOnSP's Requests, JJHCS has refused to search for or produce any documents from before January 1, 2017. JJHCS's blanket limitation on the period for its responses to SaveOnSP's Requests is inappropriate. SaveOnSP is entitled to information about the budgeting and development of CarePath from its inception, as well as the budgeting and development of any predecessor copay assistance program, so that it can investigate JJHCS's assertions that SaveOnSP's services make CarePath financially unviable and that CarePath was designed solely to help patients, not to financially benefit JJHCS. SaveOnSP cannot test those assertions without information about CarePath's budget and cost over time from both before and after SaveOnSP's services began. SaveOnSP is also entitled to documents predating 2017 concerning the CarePath terms and conditions and any changes thereto to fully assess the meaning and materiality of the terms and conditions at issue in this case, as decisions about many of these terms likely predate 2017. Please confirm that JJHCS will produce documents predating 2017.

### 3.    Limitation to Documents in Possession of JJHCS

JJHCS has limited the documents it will produce in response to SaveOnSP's Requests to documents within the possession, custody, and control of JJHCS. Please confirm that documents created or held by employees of other entities within the J&J corporate family or involved in the administration of CarePath, including Janssen, CarePath Care Coordinators, JJHCS Hub Entities, Lash Group, and TrialCard, are within JJHCS's possession, custody, and control.

### B.    Issues Related to Specific Requests for Production

### 1.    RFP Nos. 1-7, 35

SaveOnSP's RFP Nos. 1-7 and 35 seek organizational charts for JJHCS, Janssen, and each JJHCS Hub Entity, sub-groups within those entities, and certain J&J groups responsible for aspects of the sale and marketing of Janssen Drugs, as well as the identities of all JJHCS Hub Entities and CarePath Coordinators. JJHCS refuses to produce any documents except for those relating to "JJHCS groups responsible for the administration of CarePath," asserting those additional documents are irrelevant.

JJHCS's response is inadequate. SaveOnSP is entitled to documents beyond those relating to CarePath's administration. Among other things: SaveOnSP needs documents relating to CarePath's development, so that it can test JJHCS's assertion that CarePath was developed solely to benefit patients and not to benefit JJHCS financially. SaveOnSP needs documents relating to CarePath's finances, so that it can test JJHCS's assertion that SaveOnSP's conduct financially harms

12

Harry Sandick
December 21, 2022

CarePath and threatens its financial viability. SaveOnSP needs documents relating to the marketing of CarePath, so it can explore whether JJHCS's marketing caused any of the purported patient confusion that JJHCS attributes to SaveOnSP. Save-OnSP needs documents relating to the sale, pricing, and marketing of Janssen Drugs so that it can evaluate the relationship between CarePath and JJHCS's financial performance, including how JJHCS sets prices for Janssen Drugs (thus increasing costs for health plans and patients). SaveOnSP also needs documents relating to the drafting of JJHCS's terms and conditions, which JJHCS alleges that SaveOnSP induced patients into breaching. Please confirm that JJHCS will produce documents in Response to RFP Nos. 1-7 and 35.

### 2.    RFP No. 11

SaveOnSP's RFP No. 11 seeks Documents and Communications regarding "the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs." Among other objections, JJHCS asserts that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous and that the documents requested are irrelevant.

The phrase "any other copay assistance program offered for Janssen Drugs" means any program that provides or provided patients with copay assistance for a Janssen Drug that does not operate under the name "CarePath." SaveOnSP maintains that documents and communications pertaining to the development, marketing, and management of those programs, as well as of CarePath itself, are relevant to refuting: JJHCS's assertion that SaveOnSP's services increase the cost and threaten the continued viability of "patient assistance programs like CarePath by making them prohibitively expensive," Compl. ¶ 114; JJHCS's assertion that any increase in the cost of copay assistance programs amounts to a public harm; and JJHCS's assertion that SaveOnSP induces patients to breach CarePath's terms and conditions and deceives patients by failing to inform them of that alleged breach.

SaveOnSP invites JJHCS to discuss what documents JJHCS will produce in response to this Request.

### 3.    RFP Nos. 12 and 13

SaveOnSP's RFP Nos. 12 and 13 seek documents and communications regarding, respectively, CarePath's term and conditions and the CarePath requirement that patients enrolled in CarePath make payments toward Janssen Drugs. JJHCS has agreed to produce only final versions of CarePath's terms and conditions, asserting that all other requested documents are irrelevant. In fact, JJHCS's understanding of the terms and conditions in its CarePath contracts and the drafting of those terms and conditions is relevant to whether SaveOnSP induced patients to breach them, a central point for JJHCS's tortious interference claims. Compl. ¶ 109. Please confirm that JJHCS will produce documents responsive to RFP Nos. 12 and 13.

13

Harry Sandick
December 21, 2022

### 4.    RFP No. 14

SaveOnSP's RFP No. 14 seeks information regarding JJHCS's and its related entities' understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act. JJHCS refuses to produce any documents in response, asserting that the requested materials are irrelevant. In fact, the requested information is relevant to JJHCS's allegation that SaveOnSP violates the Affordable Care Act by advising plans to designate certain drugs as Non-Essential Health Benefits. *See, e.g.*, Compl. ¶ 54. Please confirm that JJHCS will produce documents responsive to RFP No. 14.

### 5.    RFP Nos. 20, 41, and 43

SaveOnSP's RFP Nos. 20, 41, and 43 seek documents relating to Copay Accumulator Services and Copay Maximizer Services. JJHCS has refused to produce such documents, asserting that they are irrelevant. The requested information is relevant because JJHCS has in its complaint blurred the lines between SaveOnSP, accumulators, and maximizers. *See, e.g.*, Compl. ¶ 74. Thus documents related to JJHCS's understanding of accumulators and maximizers are also relevant to its understanding of SaveOnSP's business and the impact of that business on JJHCS. Please confirm that JJHCS will produce documents responsive to RFP Nos. 20, 41, and 43 that relate to Copay Accumulator Services or Copay Maximizer Services.

### 6.    RFP No. 21

SaveOnSP's RFP No. 21 seeks information regarding JJHCS's advocacy to or communications with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services. JJHCS refuses to produce any documents in response to these Requests, asserting that the requested materials are irrelevant. JJHCS's lobbying campaign is, at a minimum, relevant to showing that public confusion about SaveOnSP's services is the result of actions by JJHCS and its allies, not SaveOnSP. Such communications may also show JJHCS's understanding of whether SaveOnSP violates the Affordable Care Act by advising plans to designate certain drugs as Non-Essential Health Benefits. Please confirm that JJHCS will produce documents responsive to RFP No. 21.

### 7.    RFP No. 25

SaveOnSP's RFP No. 25 seeks all Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including JJHCS's allegations in Complaint ¶¶ 110, 115. JJHCS agrees to produce documents and communications relating to "the extent of the harm SaveOnSP has caused JJHCS." We understand based on its response that JJHCS is producing fully in response to this Request. Please let us know if that is not the case.

Harry Sandick
December 21, 2022

### 8.     RFP No. 26

SaveOnSP's RFP No. 26 seeks "documents and communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum." JJHCS objected to this Request on the ground that it is vague and ambiguous and refused to produce any documents in response to this Request. To clarify, RFP No. 26 seeks documents and communications that reflect any payments for Janssen Drugs made by JJHCS, Janssen, or any Hub Entity on behalf of patients, both in the ordinary course of providing copay assistance and in any instance where such entity covered a patient's copay for a Janssen Drug in excess of what it otherwise would have under CarePath's terms and conditions. Please confirm that JJHCS will produce documents responsive to RFP No. 26. SaveOnSP is willing to meet and confer with JJHCS to further clarify the Request as necessary.

### 9.     RFP No. 27

SaveOnSP's RFP No. 27 seeks documents and communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn. JJHCS agrees to provide only the data that formed the basis for the allegations in Complaint ¶¶ 92-101, stating that other documents are irrelevant. SaveOnSP is willing to examine the data that JJHCS has agreed to produce to see if sufficiently addresses SaveOnSP's Request. SaveOnSP reserves all rights to request additional data.

### 10.     RFP No. 28

SaveOnSP's RFP No. 28 seeks data regarding patient fills and dosages for Janssen Drugs, the manufacturing and marketing of Janssen Drugs, and copay assistance funds. In response, JJHCS has agreed to produce "Janssen Transparency Reports," though it does not define that term or clarify what responsive data is contained in those reports. JJHCS also states that it is willing to meet and confer regarding SaveOnSP's Requests for data regarding copay assistance funds. It otherwise refuses to produce documents in response to this Request on the grounds that such documents are irrelevant. The data SaveOnSP seeks is relevant to refuting JJHCS's claims that SaveOnSP threatens the viability of CarePath and causes it financial harm. At a minimum, there are clear parallels between the data SaveOnSP seeks in RFP No. 28 and the data JJHCS seeks in its RFP Nos. 41 and 42. SaveOnSP invites JJHCS to meet and confer on these Requests.

### 11.     RFP No. 29

SaveOnSP's RFP No. 29 seeks data regarding JJHCS's CarePath budget and JJHCS's return on investment for CarePath. JJHCS agreed to produce only certain data related to CarePath's budget and costs. As we have explained, the information SaveOnSP seeks, including information on JJHCS's return on investment for CarePath, is relevant to refuting JJHCS's claims that SaveOnSP threatens the viability of CarePath and causes it financial harm, as well as disputing JJHCS's claim that

Harry Sandick
December 21, 2022

CarePath is designed to help patients and not simply J&J's bottom line. Please con-
firm that JJHCS will produce documents responsive to RFP No. 29.

### 12.    RFP No. 30

SaveOnSP's RFP No. 30 seeks documents and communications regarding
the basis for Janssen's decision to raise or lower the prices of Janssen Drugs.
JJHCS refuses to produce any documents in response to this Request on the
grounds that such documents are irrelevant. The requested material is relevant to
JJHCS's allegations that SaveOnSP's conduct threatens the viability of copay as-
sistance, that JJHCS has suffered monetary losses as the result of SaveOnSP's con-
duct, that copay assistance programs like CarePath are a public good, and that the
threatened viability of copay assistance programs is a public harm. Compl. ¶¶ 114,
115. Please confirm that JJHCS will produce documents responsive to RFP No. 30.

### 13.    RFP No. 32

SaveOnSP's RFP No. 32 seeks all documents and communications regard-
ing any offer by JJHCS to provide any patient with CarePath funds greater than
the amounts that JJHCS generally offers to CarePath patients or to waive any lim-
itation on or elimination of the amount of CarePath copay assistance funds availa-
ble to a patient. JJHCS refuses to produce any documents in response to this Re-
quest on the grounds that the Request is vague and ambiguous and that documents
responsive to this Request are irrelevant.

RFP 32 seeks information concerning instances when JJHCS provided or
offered to provide CarePath funds to individuals whom JJHCS believes do not
qualify for CarePath. The requested material is relevant to JJHCS's allegations that
providing CarePath funds to individuals who do not qualify for CarePath threatens
the viability of copay assistance, as well as the significance of the CarePath terms
and conditions at issue to JJHCS. If, for example, JJHCS offered CarePath funds
to an individual whom it believed was on a plan that does not comply with the
revised Stelara or Tremfya terms, *see* Compl. ¶¶ 102-03, such an offer would be
relevant to JJHCS's allegation that providing copay assistance to patients enrolled
in such plans threatens the viability of JJHCS's copay assistance. Please confirm
that JJHCS will produce documents responsive to RFP No. 32.

### 14.    RFP No. 34

SaveOnSP's RFP No. 34 seeks all documents and communications regard-
ing JJHCS's or Janssen's negotiations or agreements regarding the potential use
of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay
Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's
abandonment of those negotiations or agreements. JJHCS refuses to produce any
documents in response, asserting that such documents are irrelevant. In fact,
whether JJHCS considered using such services for its own employees is relevant
to JJHCS's claims that SaveOnSP harms patients by causing stress and confusion,
increasing costs of other healthcare, and threatening the viability of copay

16

Harry Sandick
December 21, 2022

assistance. Compl. ¶ 119. Please confirm that JJHCS will produce documents responsive to RFP No. 34.

### 15.    RFP No. 36

SaveOnSP's RFP No. 36 seeks documents sufficient to show the economic terms of JJHCS's retention of or agreements with any JJHCS Hub Entities or Care-Path Care Coordinator regarding CarePath. JJHCS agrees to produce only agreements between JJHCS and the entities responsible for administering CarePath. Please clarify whether this agreement encompasses agreements with entities which have in the past administered CarePath, not simply those which currently administer CarePath.

JJHCS refuses to produce any other documents, asserting they are irrelevant. In fact, documents that relate to the fair market value of JJHCS Hub Entities' or CarePath Care Coordinators' services may shed light on JJHCS's return on investment for CarePath, which is relevant to JJHCS's allegation that SaveOnSP's conduct threatens CarePath's viability and caused JJHCS monetary damages. These documents are also relevant to JJHCS's allegation that copay assistance programs like CarePath are a public good to the extent that they show that CarePath financially benefits JJHCS. Please confirm that JJHCS will produce documents responsive to RFP No. 36 that relate to the fair market value of JJHCS Hub Entities' or CarePath Care Coordinators' services.

### 16.    RFP No. 37

SaveOnSP's RFP No. 37 seeks documents sufficient to show the percentage of patients who enroll in CarePath after being contacted by JJHCS, Janssen, any Hub Entity, or any other third-party authorized to advertise or market CarePath or Janssen Drugs, from January 1, 2009 through the present. JJHCS refuses to produce any documents, asserting they are irrelevant. In fact, the requested information is relevant to JJHCS's allegations that that SaveOnSP's conduct damages JJHCS, in part because it will assist in demonstrating that SaveOnSP in fact causes more patients to use Janssen Drugs than would otherwise do so. Please confirm that JJHCS will produce documents responsive to this Request.

### 17.    RFP No. 38

SaveOnSP's RFP No. 38 seeks documents and communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath. JJHCS agrees to produce documents relating to SaveOnSP but not to CarePath, asserting that the latter documents are irrelevant. Documents and communications between JJHCS and JJHCS Hub Entities regarding CarePath are relevant to the operation of CarePath, to JJHCS's allegation that copay assistance programs like CarePath are a public good, and to JJHCS's allegations that SaveOnSP harms patients. Please confirm that JJHCS will produce documents responsive to RFP No. 38 relating to CarePath.

17

Harry Sandick
December 21, 2022

### 18.    RFP No. 42

SaveOnSP's RFP No. 42 seeks documents and communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer," from January 1, 2015 through the present. JJHCS refuses to produce any such documents, asserting that the requested material is irrelevant. In fact, the requested information is relevant to whether JJHCS knowingly contributes to the alleged patient stress and confusion that it attempts to attribute to SaveOnSP by conflating SaveOnSP's conduct with that of "maximizers" and "accumulators," including potentially harmful conduct commonly associated with "copay accumulators" such as non-medical switching. Documents not directly related to SaveOnSP itself are relevant to whether JJHCS is aware of the distinctions between SaveOnSP's services and those of "copay maximizers" or "copay accumulators." Please confirm that JJHCS will produce documents responsive to this Request.

* * *

We remain hopeful that the parties can work through these issues to reach a mutually agreeable resolution. We invite you to meet and confer at your earliest convenience.

Sincerely,

/s/ Meredith Nelson

Meredith Nelson
Associate

# EXHIBIT 3

| From: | Sandick, Harry (x2723) |
|---|---|
| To: | Meredith Nelson; Andrew Dunlap |
| Cc: | David Elsberg; Elizabeth Snow; Wohlforth Jr., E. Evans; Mangi, Adeel A. (x2563); LoBiondo, George (x2008); LoMonaco, Anthony (x2642); Carotenuto, George (x2547); Jeffrey Greenbaum; Katherine Lieb; Dominic Budetti |
| Subject: | RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer |
| Date: | Thursday, December 29, 2022 7:08:35 PM |
| Attachments: | Change-Pro Redline - 12.XX.2022 Joint Letter to Waldor re Specific Discovery Disputes-14070684-v1 and 12.XX.2022 Joint Letter to Waldor re Specific Discovery Di.pdf |
| | 12.XX.2022 Joint Letter to Waldor re Specific Discovery Disputes (PBWT Edits to SGE).DOCX |
| | 12.XX.2022 Joint Letter to Waldor re Global Discovery Disputes (PBWT Edits to SGE Draft).DOCX |
| | Change-Pro Redline - 12 XX 2022 Joint Letter to Waldor re Global Discovery Disputes 12 28 2022 SGE Draft-14070730-v1 and 12 29 2022 Joint Letter to Wa.pdf |

Meredith,

Thanks for your email last night. We have reviewed your draft and made a small number of counter-points in our sections, which you can see in the attached redlines. We highlighted an internal reference in one of your sections that will need to be changed to account for the switch to two letters, but we leave it to you to make that change.

We also do not agree that one letter is the appropriate presentation for these issues, and given that this is our motion, we have broken the letters back into two separate letters. When you make your motions on these types of issues, we will let you control these types of formatting decisions.

We do not think there is anything confidential in the letter or exhibits that warrant filing under seal, but we write to confirm.

Finally, if you have any further revisions in response to ours, please send them to us by 3 pm on Friday. We plan to file these on Friday afternoon. Thank you.

Best regards,

Harry

Harry Sandick
Patterson Belknap Webb & Tyler LLP

---

**From:** Meredith Nelson <mnelson@selendygay.com>
**Sent:** Wednesday, December 28, 2022 10:13 PM
**To:** Sandick, Harry (x2723) <hsandick@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>
**Cc:** ~delsberg@selendygay.com <delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

*Caution: External Email!*

Harry,

On December 22, you sent us two draft joint letters to Judge Waldor asking her to resolve ten issues regarding JJHCS's document requests. As we told you last week, your letter raised many arguments for the first time and ignored our invitation to meet and confer on many of those requests. After initially demanding that we provide our half of a joint letter within 24 hours, you stated that either SaveOnSP must agree to provide its half of the joint letter by today or you would file with the Court on Friday, December 23. We agreed to provide you with our half of your proposed joint letter, and we do so now.

In addition to including SaveOnSP's positions, we have made certain changes to your proposed draft joint letters. First, we do not agree that the parties need to submit two joint letters; a single letter will facilitate the Court's review of these overlapping and interrelated issues. We have combined the letters and revised the language in the opening paragraphs accordingly. Second, we have edited certain language in the opening paragraphs and headings which did not accurately or fully describe SaveOnSP's positions or the issues in dispute. Third, we have removed the language of SaveOnSP's original responses and objections that you included in your draft because that language does not fully reflect SaveOnSP's current positions on several of your Requests. Finally, we have included references to additional exhibits cited in SaveOnSP's sections of the letter. Those exhibits are included in the attached zip file.

SaveOnSP continues to believe that it would be premature to file this letter with the Court, because the parties have not exhausted the meet and confer process and are not at impasse on most issues raised by JJHCS. We again invite JJHCS to meet and confer.

If you opt to file a version of this letter tomorrow that is at all modified from the version we attach here, we will need to review those edits and reserve our right to edit our sections of the letter before we authorize you to file.

With respect to the issues raised in the letter, we reiterate the following:

**Third-Party Discovery (Anonymization).** As we explained to you in our meet and confer, SaveOnSP proposed anonymizing health plan identities primarily to protect itself from the likelihood that JJHCS would issue third-party subpoenas to SaveOnSP's health plan clients, which could lead many of those clients to reevaluate their relationships with SaveOnSP. You observed that JJHCS would need to give SaveOnSP notice when it subpoenaed third parties; we stated that this would not solve the problem of JJHCS subpoenaing its clients in the first place. You refused to reassure us that JJHCS would not serve broad subpoenas or perform other outreach to SaveOnSP's clients. You did not engage with our offer to discuss limitations on such third-party discovery.

Likewise, SaveOnSP proposed to anonymize patient identities to protect against JJHCS subpoenaing or reaching out to patients enrolled in plans advised by SaveOnSP, which could cause the patients stress and confusion and which could harm SaveOnSP by putting pressure on SaveOnSP's clients. We invited JJHCS to discuss alternative methods of safeguarding against JJHCS seeking excessive third-party discovery from these patients, but you declined.

We continue to believe that the parties should meet and confer to consider a compromise that involves limitations on third-party discovery of SaveOnSP's clients and of patients enrolled in those plans.

**Internal Communications.** We have told you that our objections with respect to these RFPs are not blanket refusals to produce any internal documents but are instead based on our concern about the overbreadth of your RFPs and the relevance of the specific materials sought in each RFP. Instead of engaging with us request by request, you have declared impasse on 14 RFPs, made blanket arguments as to the relevance of internal communications, and ignored any specific arguments made by SaveOnSP as to certain RFPs. SaveOnSP remains willing to produce additional internal communications in response to some of JJHCS's RFPs, if JJHCS will identify reasonable subsets of documents and engage in reciprocal negotiations.

**Non-Janssen Drugs.** You have not adequately explained why you believe that documents solely related to non-Janssen Drugs are relevant. Those documents have nothing to do with your tortious interference claim, which relates to contracts limited to Janssen Drugs, or to your GBL claim, which is limited to conduct that allegedly harmed JJHCS. We remain willing to discuss producing a reasonable subset of documents that relate to non-Janssen Drugs, but not the full range of documents that you requested. We invite you to meet and confer on this point.

**RFP No. 2.** We are willing to provide JJHCS with the information sought in RFP No. 2. We have removed this section from the draft joint letter.

**RFP No. 12.** JJHCS seeks *all* documents concerning fees paid to SaveOnSP, a request that is clearly overbroad. We believe that you have not fulfilled your meet and confer obligations as to this RFP for several reasons: First, although you say such fees might be relevant to damages, you have not explained *how* the fees are relevant to JJHCS's assessment of its damages. Second, SaveOnSP has agreed to produce documents showing the actual fees that SaveOnSP receives, which will include information on SaveOnSP's fee structure, and its fee arrangements with plans that cover Janssen Drugs. You have not explained why JJHCS needs anything further. Third, you raised several new arguments and categories of documents in your proposed joint letter, on which the parties never met and conferred. Finally, as noted in our draft of the joint letter, SaveOnSP remains open to discussing whether it will produce further categories of relevant fee information once JJHCS identifies them.

**RFP Nos. 41 and 42.** You have neither engaged with our offer to produce additional categories of data responsive to these RFPs, nor have you justified JJHCS's position that it need not produce reciprocal data in response to SaveOnSP's RFP No. 28. We again invite you to meet and confer to discuss the parties' reciprocal requests for data.

**RFP No. 43.** SaveOnSP stands on its refusal to produce documents in response to RFP No. 43. JJHCS does not allege anywhere in its Complaint that SaveOnSP violated state statutes or regulations related to accumulators, nor do your conclusory assertions in your draft of the joint letter demonstrate the relevance of such documents. SaveOnSP's compliance with these statutes has nothing to do with whether it induced patients to breach their contracts with JJHCS or whether it

deceives the public.

**RFP No. 45.** You misstate SaveOnSP's position regarding RFP No. 45. SaveOnSP already agreed to produce "all studies, reports, publications, formal research summaries, and white papers responsive to [RFP No. 45], regardless of whether they were publicly disseminated." Dec. 21 Letter at 5. Your proposed joint letter states for the first time that JJHCS seeks "communications concerning SaveOnSP's decision to pay for or sponsor reports, publications, reviews, or other written work product." SaveOnSP is willing to produce those documents so long as JJHCS rescinds its objection to producing similar information in response to SaveOnSP's RFP No. 20. We invite JJHCS to meet and confer on this point.

**RFP No. 52.** SaveOnSP stands on its refusal to produce documents in response to RFP No. 52. JJHCS does not need and has not meaningfully explained why it needs documents responsive to RFP No. 52 —extensive data regarding SaveOnSP's "liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets"—to conduct its damages analysis. JJHCS's alleged damages are based on additional amounts JJHCS paid in CarePath funds because of SaveOnSP's conduct, and SaveOnSP has agreed to produce documents and data to show the additional amounts JJHCS has paid in CarePath funds.

As always, we are available to discuss any of these issues further.

**Meredith Nelson**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
---------------------------------------------------
+1 212.390.9069  [O]
+1 918.200.3148  [M]

---

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Friday, December 23, 2022 2:17 PM
**To:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>
**Cc:** David Elsberg <delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Andrew,

Thanks for your email.  That is how we intend to proceed.

Best regards,

Harry

Harry Sandick
Patterson Belknap Webb & Tyler LLP

**From:** Andrew Dunlap <adunlap@selendygay.com>
**Sent:** Friday, December 23, 2022 11:57 AM
**To:** Sandick, Harry (x2723) <hsandick@pbwt.com>; Meredith Nelson <mnelson@selendygay.com>
**Cc:** ~delsberg@selendygay.com <delsberg@selendygay.com>; Elizabeth Snow
<esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>; Mangi, Adeel
A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco,
Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>;
Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>;
Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

*Caution: External Email!*

Harry,

If this is how you insist on proceeding, then we will provide you with our half of your proposed joint
letters by next Wednesday.

Best,

Andrew

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Thursday, December 22, 2022 8:51 PM
**To:** Meredith Nelson <mnelson@selendygay.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; David Elsberg <delsberg@selendygay.com>;
Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>;
Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto,
George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>;
Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Meredith and Andrew,

Thank you for the conferral today.  We are prepared to hold off on going to the Court tomorrow with our
discovery disputes, provided that you can add your sections to our most recent draft joint letters to the
court by the end of the day on Wednesday.  We are providing that additional time on account of the
holiday, and we cannot wait any further.  If you are agreeing to produce what we seek in any sections we
will then drop or revise those sections accordingly.  For any issues that remain at an impasse, we intend
to seek the Court's intervention on Thursday.  If you are unwilling to commit to providing your sections on
this timetable we will proceed with our submission tomorrow.

Best regards,

Harry

Harry Sandick
Patterson Belknap Webb & Tyler LLP

---

**From:** Meredith Nelson <mnelson@selendygay.com>
**Sent:** Thursday, December 22, 2022 12:17 PM
**To:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

*Caution: External Email!*

Thank you, Harry. Please send us a dial in.

**Meredith Nelson**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
----------------------------------------------
+1 212.390.9069  [O]
+1 918.200.3148  [M]

---

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Thursday, December 22, 2022 10:59 AM
**To:** Meredith Nelson <mnelson@selendygay.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Meredith,

We are free from 5 pm to 6 pm for a meet and confer call.  We are happy to circulate a dial-in phone number for the call.

To preview our thinking, we do believe in light of your letter that we are at impasse on many issues and that the matter is now ripe for judicial intervention on those issues.  We also are not prepared today to discuss our objections to SaveOn's RFPs.  We plan to draft a letter in response to yours as soon as we can and then speak with you afterwards.

We look forward to speaking at 5 pm.

Best regards,

Harry

Harry Sandick
Patterson Belknap Webb & Tyler LLP

---

**From:** Meredith Nelson <mnelson@selendygay.com>
**Sent:** Wednesday, December 21, 2022 8:54 PM
**To:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

**Caution: External Email!**

Harry,

Please see the attached letter. We are not available tomorrow at 2:30 or 3:00, but we can be available at 5:00 if that works for your team.

**Meredith Nelson**
Associate  [Email]
Selendy Gay Elsberg PLLC   [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9069  [O]
+1 918.200.3148  [M]

---

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Wednesday, December 21, 2022 5:18 PM

**To:** Meredith Nelson <mnelson@selendygay.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; David Elsberg <delsberg@selendygay.com>;
Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>;
Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto,
George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>;
Katherine Lieb <klieb@sillscummis.com>; Dominic Budetti <dbudetti@selendygay.com>
**Subject:** Re: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Meredith,

Thanks for your email.  We'll look for SaveOnSP's response this evening.  In regards to
another meet and confer, we're not sure we have much left to discuss on the issues
raised in our letter, but in any event, we'd like to resolve before the holiday weekend.
We're available at 2:30 or 3:00 pm tomorrow if that works for you; if not please propose
another time.

Best regards,

Harry

> On Dec 21, 2022, at 3:36 PM, Meredith Nelson <mnelson@selendygay.com> wrote:


> 🟨 *Caution: External Email!*


> Harry,

> We intend to provide you with our response this evening, although it may be after 5
pm. After you have had a chance to review, we propose that the parties meet and
confer.

> Regards,

> Meredith

> **Meredith Nelson**
> Associate  [Email]
> Selendy Gay Elsberg PLLC  [Web]
> Pronouns: she, her, hers
> ------------------------------------------------

+1 212.390.9069  [O]

+1 918.200.3148  [M]

---

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Tuesday, December 20, 2022 12:04 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Andrew Dunlap
<adunlap@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Elizabeth
Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans
<EWohlforth@gibbonslaw.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>;
Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum
<JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Meredith,

Thanks for your email.

Judge Waldor made it clear when she denied SaveOn's motion to stay discovery that she
expects the parties to proceed diligently and without further delay.  There is simply no basis
for SaveOn to take two full weeks to respond to a letter memorializing a meet-and-confer,
other than as a delay tactic.

Nor is it reasonable for SaveOn to slow-walk these disputes until after the parties meet and
confer regarding SaveOn's requests.  If SaveOn wanted all RFPs to be addressed
simultaneously, it should have promptly served its requests, instead of waiting for many
months after this action began, and then again for several weeks after JJHCS served its
second set (and re-served its first set) of requests.

Unless we receive a substantive response from SaveOn by 5pm tomorrow, we intend to
raise the parties' disputes concerning JJHCS's requests to the Court.

Best regards,

Harry

Harry Sandick
Patterson Belknap Webb & Tyler LLP

---

**From:** Meredith Nelson <mnelson@selendygay.com>
**Sent:** Monday, December 19, 2022 10:26 PM
**To:** Sandick, Harry (x2723) <hsandick@pbwt.com>; Andrew Dunlap
<adunlap@selendygay.com>; ~delsberg@selendygay.com
<delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth
Jr., E. Evans <EWohlforth@gibbonslaw.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>;
Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum
<JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>

**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

*Caution: External Email!*

Harry,

JJHCS provided SaveOnSP with an 11-page letter declaring impasse on a significant number of issues after a single meet and confer and demanded a response three business days later. We are working diligently to respond to the issues you have raised so that we can exhaust the parties' obligation to meet and confer in good faith, as required by Judge Waldor's rules.  In the interim, we also received JJHCS's Responses and Objections to SaveOn's Requests for Production last week, and we believe it makes sense to consider the scope of both parties' discovery obligations at the same time. We intend to provide you with a response this week.

**Meredith Nelson**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
-------------------------------------------------
+1 212.390.9069  [O]
+1 918.200.3148  [M]

---

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Monday, December 19, 2022 9:09 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans <EWohlforth@gibbonslaw.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>; Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum <JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Good evening—I received Meredith's OOO email in response to my email.  I would like an update from another defense counsel in Meredith's absence.  Thanks.

Harry Sandick
Patterson Belknap Webb & Tyler LLP

---

**From:** Sandick, Harry (x2723)
**Sent:** Monday, December 19, 2022 4:05 PM
**To:** 'Meredith Nelson' <mnelson@selendygay.com>; Andrew Dunlap

<[adunlap@selendygay.com](mailto:adunlap@selendygay.com)>; <[~delsberg@selendygay.com](mailto:~delsberg@selendygay.com)>
<[delsberg@selendygay.com](mailto:delsberg@selendygay.com)>; Elizabeth Snow <[esnow@selendygay.com](mailto:esnow@selendygay.com)>; Wohlforth
Jr., E. Evans <[EWohlforth@gibbonslaw.com](mailto:EWohlforth@gibbonslaw.com)>
**Cc:** Mangi, Adeel A. (x2563) <[aamangi@pbwt.com](mailto:aamangi@pbwt.com)>; LoBiondo, George (x2008)
<[globiondo@pbwt.com](mailto:globiondo@pbwt.com)>; LoMonaco, Anthony (x2642) <[alomonaco@pbwt.com](mailto:alomonaco@pbwt.com)>;
Carotenuto, George (x2547) <[gcarotenuto@pbwt.com](mailto:gcarotenuto@pbwt.com)>; Jeffrey Greenbaum
<[JGREENBAUM@sillscummis.com](mailto:JGREENBAUM@sillscummis.com)>; Katherine Lieb <[klieb@sillscummis.com](mailto:klieb@sillscummis.com)>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Meredith,

Good afternoon.  We still are waiting for your response on this.  Please let us know when
you expect to provide us with a reply.  It is time either to resolve our differences by
agreement or to proceed to seek judicial intervention.

Thank you.

Best regards,

Harry

Harry Sandick
Patterson Belknap Webb & Tyler LLP

---

**From:** Meredith Nelson <[mnelson@selendygay.com](mailto:mnelson@selendygay.com)>
**Sent:** Monday, December 12, 2022 9:19 PM
**To:** Sandick, Harry (x2723) <[hsandick@pbwt.com](mailto:hsandick@pbwt.com)>; Andrew Dunlap
<[adunlap@selendygay.com](mailto:adunlap@selendygay.com)>; <[~delsberg@selendygay.com](mailto:~delsberg@selendygay.com)>
<[delsberg@selendygay.com](mailto:delsberg@selendygay.com)>; Elizabeth Snow <[esnow@selendygay.com](mailto:esnow@selendygay.com)>; Wohlforth
Jr., E. Evans <[EWohlforth@gibbonslaw.com](mailto:EWohlforth@gibbonslaw.com)>
**Cc:** Mangi, Adeel A. (x2563) <[aamangi@pbwt.com](mailto:aamangi@pbwt.com)>; LoBiondo, George (x2008)
<[globiondo@pbwt.com](mailto:globiondo@pbwt.com)>; LoMonaco, Anthony (x2642) <[alomonaco@pbwt.com](mailto:alomonaco@pbwt.com)>;
Carotenuto, George (x2547) <[gcarotenuto@pbwt.com](mailto:gcarotenuto@pbwt.com)>; Jeffrey Greenbaum
<[JGREENBAUM@sillscummis.com](mailto:JGREENBAUM@sillscummis.com)>; Katherine Lieb <[klieb@sillscummis.com](mailto:klieb@sillscummis.com)>
**Subject:** RE: JJHCS v. SaveOnSP: Follow-up on meet-and-confer

*Caution: External Email!*

Harry,

Thank you for your letter.  We are working to respond expeditiously to the issues you
have raised, though we may not be able to do so by Wednesday.

Regards,

Meredith

**Meredith Nelson**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9069  [O]
+1 918.200.3148  [M]

---

**From:** Sandick, Harry (x2723) <hsandick@pbwt.com>
**Sent:** Friday, December 9, 2022 3:59 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Andrew Dunlap
<adunlap@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Elizabeth
Snow <esnow@selendygay.com>; Wohlforth Jr., E. Evans
<EWohlforth@gibbonslaw.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; LoMonaco, Anthony (x2642) <alomonaco@pbwt.com>;
Carotenuto, George (x2547) <gcarotenuto@pbwt.com>; Jeffrey Greenbaum
<JGREENBAUM@sillscummis.com>; Katherine Lieb <klieb@sillscummis.com>
**Subject:** JJHCS v. SaveOnSP: Follow-up on meet-and-confer

Counsel:

Good afternoon.  The attached letter follows up on our recent meet-and-confer calls
concerning JJHCS's initial requests for production of documents.

Regards,

Harry

Harry Sandick
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2723
(212) 336-1215 (fax)
hsandick@pbwt.com
www.pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this

kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

# EXHIBIT 4

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (*pro hac vice* forthcoming)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON | : | |
| HEALTH CARE SYSTEMS INC., | | Civil Action No.  22-2632 (JMV) |
| | : | |
| Plaintiff, | | |
| | : | |
| vs. | : | **PLAINTIFF'S FIRST** |
| | | **SET OF REQUESTS FOR** |
| SAVE ON SP, LLC, | : | **PRODUCTION** |
| | | |
| Defendant. | : | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), makes the following requests for production of documents to Defendant

Save On SP, LLC ("SaveOnSP"):

**DEFINITIONS AND INSTRUCTIONS**

1.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and

successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all

persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

1

2.      "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any affiliates, including but not limited to Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc, Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, Janssen Research & Development LLC, and Johnson & Johnson.

3.      "Payor" means any entity that reimburses in whole or in part for the administration or sale of a pharmaceutical or biologic product, including government agencies, private insurers, and health and welfare funds.

4.      "CarePath" means the Janssen patient assistance program providing support services for patients using medications researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen Biotech Inc., Janssen Pharmaceuticals, Inc, Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc. (collectively, "Janssen").

5.      Accredo means specialty pharmacy Accredo Health Group, Inc., and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo Health Group, Inc.

6.      Express Scripts means pharmacy benefits manager Express Scripts, Inc., and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts, Inc.

2

7.      The SaveOnSP Program refers to the scheme as described in the Complaint at ¶¶ 9–17.

8.      "You" and "Your" mean SaveOnSP as defined in paragraph 1 above.

9.      The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure.  The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, call notes, voice mail, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all copies of any of the foregoing that are different in any way from the original.

10.      "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents or things that which might otherwise be construed to be outside its scope.

11.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12.      The term "person" means (a) natural persons (also referred to as "individuals"); (b) legal entities, including but not limited to corporations, partnerships, firms, associations, professional corporations and proprietorships; and (c) government bodies or agencies.

13.      If You believe that production of documents or things is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the

3

Federal Rules of Civil Procedure.  Provide responsive documents or things to all parts of the Request to which You do not object.  Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

14.     If You withhold information on the grounds of privilege (including work product immunity), You must identify the nature of the privilege that is being claimed in accordance with any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any protocols when You are ready to produce a privilege log, JJHCS will provide supplemental instructions detailing the privilege log requirements.

15.     If You cannot produce responsive documents or things to any of these Requests in full, produce documents or things to the extent possible, specifying the reasons for Your inability to produce documents or things in full and provide responsive documents or things to the remainder.

16.     In producing documents or things responsive to these Requests, furnish all information that is available to You, including documents or things in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

17.     If a responsive document or thing was, but no longer is, within Your possession, custody, or control, please state in detail:

  a.     the type of document or thing and the author(s), sender(s), recipient(s) and copy(ies) of the document or thing;

  b.     a summary of the contents of the document or thing;

  c.     what disposition was made of such document or thing;

  d.     the date of such disposition;

4

    e.    whether the original or a copy thereof is within the possession, custody or control of any other person; and

    f.    if the answer to (e) is affirmative, the identity of such person.

18.    All documents and data and all electronically stored information should be produced in the manner required by any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any protocols when You are ready to produce documents, JJHCS will provide supplemental instructions detailing the production requirements.

19.    Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, any objection in whole or in part to a Request must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a request must specify the part and permit inspection of the rest.

20.    These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

21.    To extent a term is not defined herein, apply the definition for such term used in the Complaint.

22.    The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

23.    Unless otherwise specified herein or agreed to by the parties, the time period for each request is January 1, 2017 through the present (the "Time Period").

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**Request No. 1.**    Documents sufficient to show SaveOnSP's organizational structure throughout the Time Period, including but not limited to organization charts.

**Request No. 2.**    Documents sufficient to identify the names and citizenship of all SaveOnSP LLC members, including the membership of any limited liability companies, limited

partnerships, or partnerships that are members of SaveOnSP, either directly or indirectly (e.g., through membership of an LLC that is itself a member of SaveOnSP).

**Request No. 3.**     Documents sufficient to identify every person who has ever been enrolled in CarePath and the SaveOnSP Program.

**Request No. 4.**     Documents sufficient to identify every health plan who has ever contracted with SaveOnSP or Express Scripts to participate in the SaveOnSP Program.

**Request No. 5.**     All documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath.

**Request No. 6.**     All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS.

**Request No. 7.**     All communications SaveOnSP has received from persons currently enrolled in CarePath, including patient complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries.

**Request No. 8.**     All communications SaveOnSP has received from persons who (i) refused to enroll in the SaveOnSP Program; (ii) tried to opt out of enrollment in the SaveOnSP Program; or (iii) initially enrolled in the SaveOnSP Program, but later canceled their enrollment, as well as all documents regarding such patient communications.

**Request No. 9.**     All documents and communications concerning the "Master Program Agreement, effective November 13, 2017" executed between Express Scripts and SaveOnSP, including any drafts thereof and amendments, schedules, exhibits, and appendices thereto, as well as all documents and communications concerning any predecessor or successor agreements between Express Scripts and SaveOnSP relating to similar subject matter as the Master Program Agreement.

**Request No. 10.**    All documents and communications concerning the relationship between Express Scripts and SaveOnSP, including any payments remitted to SaveOnSP pursuant to the Master Program Agreement, or any other agreement, written or otherwise.

**Request No. 11.**    All documents and communications concerning the relationship between Accredo and SaveOnSP, including contracts, agreements, and memoranda of understanding of any kind.

**Request No. 12.**    All documents concerning fees paid to or collected by SaveOnSP, not otherwise captured by other Requests.

**Request No. 13.**    All documents and communications between Accredo and SaveOnSP concerning CarePath, including the terms and conditions of CarePath and the operation of the CarePath copay card.

**Request No. 14.**    All marketing materials, including drafts, regarding the SaveOnSP Program provided to health insurance plan sponsors or any other person.

**Request No. 15.**    All recordings or transcripts of presentations or interviews concerning the SaveOnSP Program.

**Request No. 16.**    All documents and communications, including drafts, concerning SaveOnSP's marketing or promoting its services to health insurance plan sponsors, including without limitation to pharmaceutical health plan sponsors.

**Request No. 17.**    Any agreements, including drafts, between SaveOnSP or Express Scripts on the one hand, and health insurance plan sponsors, on the other, regarding the SaveOnSP Program, and any communications relating thereto.

**Request No. 18.**    All documents and communications concerning SaveOnSP's evaluation of Janssen therapies, including but not limited to the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**Request No. 19.**    All documents and communications concerning SaveOnSP's inclusion or exclusion of specific drugs as essential health benefits pursuant to the Affordable Care Act, including the criteria for inclusion and exclusion.

**Request No. 20.**    All documents and communications concerning the definition of "Essential Health Benefits" as that term is used in the Affordable Care Act.

**Request No. 21.**    All documents and communications concerning which state benchmark to use for the designation of specific drugs as essential health benefits.

**Request No. 22.**    All documents and communications concerning SaveOnSP's compliance with the Affordable Care Act, including but not limited to documents and communications concerning legal "gray area"[1] surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**Request No. 23.**    All documents and communications relating to CarePath, including documents and communications concerning (i) drugs for which CarePath assistance is available; (ii) the amount of CarePath copay assistance available for Janssen therapies; (iii) the terms and conditions of CarePath; and (iv) and corresponding or resulting changes to the SaveOnSP Program based on the "most lucrative copay assistance programs."[2]

---

[1] *See* David Cook, IPBC and SaveOnSP Training-20210216 1901-1, VIMEO, at 26:27 (Feb 17, 2021), https://vimeo.com/513414094 (hereinafter, *SaveOnSP IPBC Video*).

[2] *See id.* at 14:47, 31:50, 32:09 ("[I]n the event that pharma decides to pull back funding for their programs . . . it might be a prompt to determine, 'Do we need to make a change in the drug list for this program? Because we are not saving as much as we initially anticipated, and there's another drug where we could.'").

8

**Request No. 24.**    All documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals.

**Request No. 25.**    All documents concerning SaveOnSP call center locations, training materials, and call scripts used in communications regarding the SaveOnSP program with patients.

**Request No. 26.**    All documents concerning actuarial, adherence trends, or other analyses performed by SaveOnSP on patient adherence to Janssen therapies.

**Request No. 27.**    All documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients, enrolled or not enrolled in SaveOnSP, based on the exhaustion of manufacturer copay assistance funds.

**Request No. 28.**    All documents and communications concerning "the inflated co-pay,"[3] or increase to, SaveOnSP patients' copay or out-of-pocket obligations.

**Request No. 29.**    All documents and communications indicating the total amount SaveOnSP has collected from patients who had already satisfied their out-of-pocket maximum, prior to enrolling in SaveOnSP.

**Request No. 30.**    All documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of member to SaveonSP."[4]

---

[3] *See Id.* at 49:26.

[4] *See* Human Resources Committee Meeting, VILLAGE OF LINDENHURST ILLINOIS, at 69 (Mar. 11, 2021), https://www.lindenhurstil.org/egov/documents/1615238827_33717.pdf.

**Request No. 31.**    All documents concerning or discussing the amount of "savings"[5] generated and commissions earned by SaveOnSP relating to Janssen therapies.

**Request No. 32.**    All documents and communications concerning SaveOnSP's methods to maintain or increase "savings" to health plan sponsors through manufacturer copay assistance programs.

**Request No. 33.**    All documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including without limitation from patients, patient advocacy groups, health plan sponsors, governmental agencies, Express Scripts and Accredo.

**Request No. 34.**    All documents and communications concerning SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance.

**Request No. 35.**    All documents, including drafts, and communications concerning the preparation of, and posting of the *SaveOnSP IPBC Video* presentation as discussed in the Complaint (*see, e.g.*, Compl. ¶¶ 9–11, 53–56), including who prepared the presentation, to whom the presentation was given, how many times the presentation was given, by whom, and over what period of time.

**Request No. 36.**    Annual Program Summary documents outlining the terms of the SaveOnSP program for each participating health plan, including: (i) patient copay/coinsurance requirements for each drug included in the program; (ii) the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs; (iii) patient copay/coinsurance requirements after a manufacturer's copay assistance has reached its maximum contribution for

---

[5]  *See SaveOnSP IPBC Video*, at 49:26 (explaining that "in order for us to leverage the ***savings***, the member has to actively enroll in copay assistance.  That's where the ***savings*** comes from.").

the year; (iv) patient deductible requirements; (v) patient out-of-pocket maximum limits and what patient payments are accounted for in determining whether a patient has reached their out-of-pocket maximum; (vi) any other payment obligations for the patient.

**Request No. 37.**    Any contracts between SaveOnSP and participating health plans related to drug pricing, and factors affecting plan or plan member payments to pharmacies or PBMs for drugs included in the SaveOnSP program(s).

**Request No. 38.**    All documents, including drafts and communications, concerning SaveOnSP's terms and negotiations with health plans and/or pharmacy benefit managers related to their maximizer programs.

**Request No. 39.**    All documents, including drafts, and communications concerning SaveOnSP's terms and negotiations with pharmacies related to their maximizer program.

**Request No. 40.**    All documents and communications providing information regarding how SaveOnSP patients can be identified in the transaction/claims data.

**Request No. 41.**    Data covering the period January 1, 2016 through the present on all manufacturer copay assistance provided to either a pharmacy, PBM, or SaveOnSP for prescriptions filled by SaveOnSP member patients, including: (i) manufacturer; (ii) brand name; (iii) National Drug Code ("NDC"); (iv) recipient of manufacturer assistance; (v) patient identifier; (vi) pharmacy for relevant drug fill; (vii) pharmacy address; (viii) prescription number; (ix) prescription fill date; (x) number of units; (xi) days of supply; (xii) unit of measure; (xiii) copay or coinsurance amount; (xiv) coupon amount; and (xv) information on how these payments can be linked to the transaction/claims data.

**Request No. 42.**    Electronic prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients who at any point during that time frame

participated or did not participate in the SaveOnSP program, including:

- Information on parties to the prescription transaction, including: (i) pharmacy name; (ii) pharmacy address; (iii) patient identification; (iv) patient state of residence; (v) identifier for whether patient is on a SaveOnSP program; (vi) insurance/health plan name; (vii) insurance/health plan ID; (viii) type of insurance (e.g., commercial, Medicare, Medicaid); (ix) insurance/health plan member ID; (x) insurance/health plan BIN number; (xi) insurance/health plan PCN number; (xii) insurance/health plan group name; and (xiii) insurance/health plan group number.

- Drug information for the prescription transaction, including: (i) product description (i.e., brand name); (ii) NDC; (iii) product form; (iv) product strength; (v) number of units; (vi) days of supply; (vii) units returned or otherwise affected by the transaction; (viii) unit of measure; (ix) date of prescription fill; (x) information sufficient to identify the type of transaction (e.g., a sale, a return, a discount, etc.); and (xi) any discounts, rebates, or other price adjustments or offsets.

- Payment information for the prescription transaction, including: (i) total amount paid to the pharmacy for the prescription; (ii) patient copayment; (iii) patient coinsurance payment; (iv) patient deductible payment; (v) copay coupon/manufacturer assistance amount applied to the prescription cost; (vi) voucher amount; (vii) bridge benefit payment; (viii) net consumer payment after subtracting co-pay, coinsurance, deductible, coupon, voucher, bridge benefit,

and other assistance; (ix) insurance/health plan cost submitted; and

(x) insurance/health plan amount paid to pharmacy.

Dated: May 11, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     s/ Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (*pro hac vice* forthcoming)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# EXHIBIT 5

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON | : | |
| HEALTH CARE SYSTEMS INC., | : | Civil Action No.  22-2632 (JMV) (CLW) |
| | : | |
| Plaintiff, | : | |
| vs. | : | **PLAINTIFF'S SECOND** |
| | : | **SET OF REQUESTS FOR** |
| SAVE ON SP, LLC, | : | **PRODUCTION** |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), makes the following requests for production of documents to Defendant

Save On SP, LLC ("SaveOnSP"):

**DEFINITIONS AND INSTRUCTIONS**

1.      "Action" means the above-captioned matter, *Johnson & Johnson Health Care*

*Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States

District Court for the District of New Jersey.

1

2.      "CarePath" means the Janssen patient assistance program providing support services for patients using medications researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen Biotech Inc., Janssen Pharmaceuticals, Inc, Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc. (collectively, "Janssen").

3.      "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

4.      "Complaint" means JJHCS's May 4, 2022 complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

5.      "Drug List" means any list issued by You or Your business associates that provide the names of the medications in the SaveOnSP Program and their associated costs. *See, e.g.,* *2021 SaveOnSP Drug List*, SAVEONSP (January 1, 2021), https://www.alaska.edu/hr/benefits/documents-and-forms/pharmacy/2021saveonsp-drug-list.pdf; *2022 SaveOnSP Drug List*, SAVEONSP (July 1, 2022), https://www.williamsoncounty-tn.gov/DocumentCenter/View/22642/SaveOnSP-Drug-List-7-1-22.

6.      "Entity" means any legal entity including, without limitation, a limited liability company, corporation, trust, general partnership, limited partnership, sole proprietorship, professional corporation, limited liability partnership, professional association, joint venture, non-profit organization, memberships, trust, living trust, or testamentary trust.

7.      "JJHCS" means Johnson & Johnson Health Care Systems Inc. and affiliates Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen

Pharmaceuticals, Inc, Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, Janssen Research & Development LLC, and Johnson & Johnson.

8.    "Payor" means any Entity that reimburses in whole or in part for the administration or sale of a pharmaceutical or biologic product, including government agencies, private insurers, and health and welfare funds.

9.    "Plan Member" means any beneficiary of, or person enrolled in, a health insurance plan, pharmaceutical benefits plan, or prescription coverage provided by a Payor.

10.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

11.    "SaveOnSP Program" means the conduct as described in the Complaint at ¶¶ 9–17 and ¶¶ 50-88.

12.    "You" and "Your" mean SaveOnSP as defined in paragraph 10 above.

13.    The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure.  The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, call notes, voice mail, video or audio recordings, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

14.    "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to

include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

15.    The terms "relating to," "relate to," "relates to," "related to," "relating to," "referring to," and "concerning" mean relating to, referring to, describing, referencing, reflecting, concerning, considering, evidencing, constituting, discussing, supporting, identifying, pertaining to, containing, embodying, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewing in conjunction with, setting forth, contradicting, refuting, supporting, recommending, or in any way logically or factually connected with the matter discussed, in whole or in part.

16.    The term "person" means (a) natural persons (also referred to as "individuals"); (b) legal entities, including but not limited to corporations, partnerships, firms, associations, professional corporations and proprietorships; and (c) government bodies or agencies.

17.    If You believe that production of documents or things is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Provide responsive documents or things to all parts of the Request to which You do not object.  Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

18.    If You withhold information on the grounds of privilege (including work product immunity), You must identify the nature of the privilege that is being claimed in accordance with any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any

protocols when You are ready to produce a privilege log, JJHCS will provide supplemental instructions detailing the privilege log requirements.

19.     If You cannot produce responsive documents or things to any of these Requests in full, produce documents or things to the extent possible, specifying the reasons for Your inability to produce documents or things in full and provide responsive documents or things to the remainder.

20.     In producing documents or things responsive to these Requests, furnish all information that is available to You, including documents or things in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

21.     If a responsive document or thing was, but no longer is, within Your possession, custody, or control, please state in detail:

    a.     the type of document or thing and the author(s), sender(s), recipient(s) and copy(ies) of the document or thing;

    b.     a summary of the contents of the document or thing;

    c.     what disposition was made of such document or thing;

    d.     the date of such disposition;

    e.     whether the original or a copy thereof is within the possession, custody or control of any other person; and

    f.     if the answer to (e) is affirmative, the identity of such person.

22.     All documents and data and all electronically stored information should be produced in the manner required by any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any protocols when You are ready to produce documents, JJHCS will provide supplemental instructions detailing the production requirements.

23.     Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, any objection in whole or in part to a Request must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a request must specify the part and permit inspection of the rest.

24.     These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

25.     To extent a term is not defined herein, apply the definition for such term used in the Complaint.

26.     The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

27.     Unless otherwise specified herein or agreed to by the parties, the time period for each request is January 1, 2017 through the present (the "Time Period").

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**Request No. 43.**     All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

**Request No. 44.**     All documents and communications relating to Drug Lists featuring Janssen medications.

**Request No. 45.**     All documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

6

**Request No. 46.**    All documents and communications relating to SaveOnSP's assessment of copayments for Plan Members taking Janssen medication where (i) the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling in the SaveOnSP Program and (ii) the Plan Member subsequently switches to insurance coverage under a new Payor that does not participate in the SaveOnSP Program before the year ends.

**Request No. 47.**    The SaveOnSP website (https://saveonsp.com) as it existed both before and after the changes made by SaveOnSP in or about September 2022.

**Request No. 48.**    All documents and communications relating to, including the reasons for, the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**Request No. 49.**    All documents and communications relating to why the Frequently Asked Question "How will our plan see savings generated?" and its corresponding answer referencing "classifying certain specialty drugs as Non-Essential Health Benefits (NEBMs)" was removed from the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**Request No. 50.**    Documents and communications sufficient to identify the individuals involved in making the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022, and their respective roles in making those changes.

**Request No. 51.**    All documents and communications relating to steps taken by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged

to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

      **Request No. 52.**     Documents sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses.

Dated:  October 21, 2022

                                  SILLS CUMMIS & GROSS P.C.
                                  One Riverfront Plaza
                                  Newark, New Jersey 07102
                                  (973) 643-7000

                                  By:     s/ Jeffrey J. Greenbaum
                                             JEFFREY J. GREENBAUM
                                             KATHERINE M. LIEB

                                  PATTERSON BELKNAP WEBB & TYLER LLP
                                  Adeel A. Mangi
                                  Harry Sandick (admitted *pro hac vice*)
                                  George LoBiondo
                                  1133 Avenue of the Americas
                                  New York, New York 10036
                                  (212) 336-2000

                                  *Attorneys for Plaintiff*
                                  *Johnson & Johnson Health Care Systems Inc.*

8

# EXHIBIT 6

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:    Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & John-son Health Care Systems Inc.'s ("JJHCS") First and Second Sets of Requests for Production, dated May 11, 2022 and October 21, 2022, respectively (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the dis-covery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## GENERAL OBJECTIONS

1.      SaveOnSP objects to each of these Requests to the extent that they seek the disclo-sure of the identities of plan participants or of health plans that have contracted with SaveOnSP, because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in documents it produces in response to these Requests.

## OBJECTIONS TO DEFINITIONS

2.      SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, and all persons or entities acting or purporting

to act on behalf or under the control of SaveOnSP.

3.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-

plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-

inition.

4.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it

objects to the definition of "SaveOnSP."

5.      SaveOn objects to the definition of "Drug List" to the extent that it objects to the

definition of the "SaveOnSP Program."

## OBJECTIONS TO INSTRUCTIONS

6.      SaveOnSP objects to Instruction No. 14 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 18 in Plaintiff's Second Set of Requests for Production to the extent

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal

Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.      SaveOnSP objects to Instruction No. 16 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 20 in Plaintiff's Second Set of Requests for Production to the extent

that it asks SaveOnSP to produce Documents and Communications outside of its possession, cus-

tody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can

identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents

within its possession, custody, or control that it can identify after a reasonable search.

8.      SaveOnSP objects to Instruction No. 18 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 22 in Plaintiff's Second Set of Requests for Production to the extent

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal

Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

9.      SaveOnSP objects to the definition of the term "copay" as used in the Complaint.

SaveOnSP interprets the term "copay" to mean the portion of a drug's cost, as determined by the

plan, owed by the patient at point of sale.

10.      SaveOnSP uses the terms "Essential Health Benefits," "Janssen Drugs," and "Non-

Essential Health Benefits" as defined in SaveOnSP's First Request for Production of Documents

to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Documents sufficient to show SaveOnSP's organizational structure
throughout the Time Period, including but not limited to organization charts.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 2:** Documents sufficient to identify the names and citizenship of all Save-
OnSP LLC members, including the membership of any limited liability companies, limited part-
nerships, or partnerships that are members of SaveOnSP, either directly or indirectly (e.g., through
membership of an LLC that is itself a member of SaveOnSP).

**RESPONSE:** SaveOnSP objects to this Request because the membership and citizenship

of SaveOnSP are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 3:** Documents sufficient to identify every person who has ever been en-
rolled in CarePath and the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program"

as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to

health plans.

SaveOnSP objects to producing the identities of plan participants because such information

is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks information beyond that sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath. The burden and expense of producing such information, including the identities of thousands of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath, outweighs the marginal relevance of the material requested. Save-OnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath.

**REQUEST NO. 4:** Documents sufficient to identify every health plan who has ever contracted with SaveOnSP or Express Scripts to participate in the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks the identities of every health plan advised by SaveOnSP. The burden and expense of producing all such information outweighs the marginal relevance of the material requested. Save-OnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

5

**REQUEST NO. 5:** All documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath.

**RESPONSE:** SaveOnSP objects to the phrase "persons … eligible to enroll in CarePath" as not describing the requested documents with reasonable particularity. SaveOnSP interprets that phrase to mean plan members who have been prescribed Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents concerning communications with persons who are not enrolled in plans advised by SaveOnSP, seeks documents concerning communications that do not relate to CarePath or to SaveOnSP's services, or seeks drafts of communications not shared with persons who are enrolled in plans advised by SaveOnSP, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and plan members who have been prescribed Janssen Drugs. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the content of SaveOnSP's communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

6

SaveOnSP will produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 6:** All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath, SaveOnSP's services, or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and JJHCS, and communications relating to such communications, beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such communications, identified during a reasonable search.

**REQUEST NO. 7:** All communications SaveOnSP has received from persons currently enrolled in CarePath, including patient complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

7

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services or the terms of plans advised by SaveOnSP, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications SaveOnSP has received from persons currently enrolled in CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting SaveOnSP's communications with plan participants beyond those sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP. SaveOnSP will also produce communications identified during a reasonable search that it has received from persons currently enrolled in CarePath concerning complaints or inquiries about SaveOnSP's services or the terms

of plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 8:** All communications SaveOnSP has received from persons who (i) refused to enroll in the SaveOnSP Program; (ii) tried to opt out of enrollment in the SaveOnSP Program; or (iii) initially enrolled in the SaveOnSP Program, but later canceled their enrollment, as well as all documents regarding such patient communications.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP interprets this Request to seek communications regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all communications that SaveOnSP has received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their accounts beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

9

SaveOnSP objects to producing the identities of plan participants because such information

is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not

produce such information.

SaveOnSP will produce communications identified during a reasonable search that it has

received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused

to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of

the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii)

initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later

either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their ac-

counts. SaveOnSP will anonymize references to the identities of plan participants in such docu-

ments.

**REQUEST NO. 9:** All documents and communications concerning the "Master Program
Agreement, effective November 13, 2017" executed between Express Scripts and SaveOnSP, in-
cluding any drafts thereof and amendments, schedules, exhibits, and appendices thereto, as well
as all documents and communications concerning any predecessor or successor agreements be-
tween Express Scripts and SaveOnSP relating to similar subject matter as the Master Program
Agreement.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other

than the executed versions of the Master Program Agreement and similar agreements, as such

documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such

documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent

that it seeks documents other than the executed versions of the Master Program Agreement and

similar agreements. The burden and expense of producing such documents outweighs any marginal

relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP will produce executed versions of the Master Program Agreement, similar agreements, and any amendments, schedules, exhibits, and appendices thereto.

**REQUEST NO. 10:** All documents and communications concerning the relationship between Express Scripts and SaveOnSP, including any payments remitted to SaveOnSP pursuant to the Master Program Agreement, or any other agreement, written or otherwise.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services at issue in this action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs any marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents concerning payments made between Express Scripts and SaveOnSP beyond those sufficient to show the amounts of those payments, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications identified during a reasonable search concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action. SaveOnSP will also produce documents sufficient to show payments made between Express Scripts and SaveOnSP.

**REQUEST NO. 11:** All documents and communications concerning the relationship between Accredo and SaveOnSP, including contracts, agreements, and memoranda of understanding of any kind.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the relationship between SaveOnSP and Accredo as it relates to

SaveOnSP's services at issue in this action, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications sufficient to show the relationship between SaveOnSP and Accredo as it relates to SaveOnSP's services at issue in this action.

**REQUEST NO. 12:** All documents concerning fees paid to or collected by SaveOnSP, not otherwise captured by other Requests.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning fees unrelated to Janssen Drugs, as those documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show relevant payments paid to or collected by SaveOnSP, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show all fees paid to or collected by SaveOnSP that relate to the services it provides to plans regarding Janssen Drugs.

**REQUEST NO. 13:** All documents and communications between Accredo and SaveOnSP concerning CarePath, including the terms and conditions of CarePath and the operation of the CarePath copay card.

**RESPONSE:** SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications between Accredo and SaveOnSP concerning CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents in response to this Request identified during a reasonable search.

**REQUEST NO. 14:** All marketing materials, including drafts, regarding the SaveOnSP Program provided to health insurance plan sponsors or any other person.

**RESPONSE:**  SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all marketing materials regarding SaveOnSP's services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of marketing materials identified during a reasonable search regarding the services that it provides to health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

13

**REQUEST NO. 15:** All recordings or transcripts of presentations or interviews concerning the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all recordings or transcripts of presentations or interviews concerning the services SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce recordings or transcripts of presentations regarding the services that it provides to health plans identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 16:** All documents and communications, including drafts, concerning SaveOnSP's marketing or promoting its services to health insurance plan sponsors, including without limitation to pharmaceutical health plan sponsors.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning SaveOnSP's marketing or promoting its services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 17:** Any agreements, including drafts, between SaveOnSP or Express Scripts on the one hand, and health insurance plan sponsors, on the other, regarding the SaveOnSP Program, and any communications relating thereto.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all agreements between SaveOnSP or Express Scripts and health insurance plan sponsors

15

regarding the services provided by SaveOnSP. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

Subject to the foregoing, SaveOnSP will produce documents sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 18:** All documents and communications concerning SaveOnSP's evaluation of Janssen therapies, including but not limited to the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request because SaveOnSP does not evaluate Janssen therapies and does not designate or de-designate Janssen therapies as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications concerning advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

16

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting its advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 19:** All documents and communications concerning SaveOnSP's inclusion or exclusion of specific drugs as essential health benefits pursuant to the Affordable Care Act, including the criteria for inclusion and exclusion.

**RESPONSE:** SaveOnSP objects to this Request because SaveOnSP is not a health plan that can include or exclude drugs as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans regarding the plans' treatment of Janssen

17

Drugs as Essential or Non-Essential Health Benefits, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 20:** All documents and communications concerning the definition of "Essential Health Benefits" as that term is used in the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request because the definition of "Essential Health Benefits" under the Affordable Care Act is publicly available information.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

18

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 21:** All documents and communications concerning which state benchmark to use for the designation of specific drugs as essential health benefits.

**RESPONSE:** SaveOnSP objects to the phrase "concerning which state benchmark to use for the designation of specific drugs as essential health benefits." SaveOnSP does not determine which state benchmarks are selected by health plans.

SaveOnSP interprets this Request as seeking documents and communications concerning the advice that SaveOn provides to health plans regarding the treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 22:** All documents and communications concerning SaveOnSP's compliance with the Affordable Care Act, including but not limited to documents and communications concerning legal "gray area" surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning SaveOnSP's compliance with the Affordable Care Act, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP is not subject to the Affordable Care Act except as the sponsor of its own health plan. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to the phrase "legal 'gray area' surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act." The "gray area" discussed in the presentation that JJHCS cites in its Complaint ¶ 72 refers to the use of copay assistance by patients on health savings account plans; it does not refer to whether drugs can be treated as Essential Health Benefits or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding the use of copay assistance by patients on health savings account plans, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans concerning compliance with the Affordable Care Act beyond those identified through a reasonable search.

21

The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting the advice that it provides to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 23:** All documents and communications relating to CarePath, including documents and communications concerning (i) drugs for which CarePath assistance is available; (ii) the amount of CarePath copay assistance available for Janssen therapies; (iii) the terms and conditions of CarePath; and (iv) and corresponding or resulting changes to the SaveOnSP Program based on the "most lucrative copay assistance programs."

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the phrase "corresponding or resulting changes to the SaveOnSP Program based on the 'most lucrative copay assistance programs'" does not describe the requested documents with reasonable particularity.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to CarePath beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications relating to CarePath identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 24:** All documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's offer of $0 co-payments to patients." SaveOnSP does not offer $0 co-payments to patients.

SaveOnSP interprets this Request to seek all documents concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents concerning such plan benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents concerning such plan benefits identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 25:** All documents concerning SaveOnSP call center locations, training materials, and call scripts used in communications regarding the SaveOnSP program with patients.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents regarding the locations of SaveOnSP's call centers beyond those sufficient to show those locations, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the locations of its call centers and will produce training materials and scripts used by SaveOnSP's call center employees regarding the services SaveOnSP offers to health plans.

**REQUEST NO. 26:** All documents concerning actuarial, adherence trends, or other analyses performed by SaveOnSP on patient adherence to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 27:** All documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients, enrolled, or not enrolled in SaveOnSP, based on the exhaustion of manufacturer copay assistance funds.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as described in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

24

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 28:** All documents and communications concerning "the inflated co-pay," or increase to, SaveOnSP patients' copay or out-of-pocket obligations.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP patients." SaveOnSP does not have patients. SaveOnSP interprets this phrase to refer to members of plans advised by SaveOnSP who are enrolled in CarePath.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding copays for drugs other than Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 29:** All documents and communications indicating the total amount Save-OnSP has collected from patients who had already satisfied their out-of-pocket maximum, prior to enrolling in SaveOnSP.

**RESPONSE:** SaveOnSP objects to the phrase "the total amount SaveOnSP has collected from patients." SaveOnSP does not collect amounts from patients.

SaveOnSP objects to the phrase "enrolling in SaveOnSP." Patients do not enroll in Save-OnSP.

SaveOnSP objects to this Request as not describing the documents sought with reasonable particularity.

SaveOn will not produce documents in response to this Request.

**REQUEST NO. 30:** All documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of member to SaveonSP."

**RESPONSE:** SaveOnSP objects to the phrase "[p]oint of sale claim rejection," as it does not accurately describe pharmacies' communications with patients.

SaveOnSP interprets this Request as seeking all documents reflecting communications with pharmacies regarding the warm transfer of plan members to SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting communications with pharmacies about drugs other than Janssen Drugs, as those communications are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents reflecting its communications with pharmacies regarding the warm transfer of members using Janssen Drugs to SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

26

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting its communications with pharmacies regarding communications with members using Janssen Drugs regarding the warm transfer of members to SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 31:** All documents concerning or discussing the amount of "savings" generated and commissions earned by SaveOnSP relating to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the annual savings generated by SaveOnSP for its clients relating to Janssen Drugs and the annual fees earned by SaveOnSP relating to Janssen Drugs, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show the annual savings on Janssen Drugs generated by SaveOnSP for its clients and the annual fees earned by SaveOnSP relating to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

27

**REQUEST NO. 32:** All documents and communications concerning SaveOnSP's methods to maintain or increase "savings" to health plan sponsors through manufacturer copay assistance programs.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's methods to maintain or increase 'savings' to health plan sponsors through manufacturer copay assistance programs" as not describing the documents sought with reasonable particularity.

SaveOnSP interprets this Request as seeking all documents and communications concerning savings for plans advised by SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks information regarding savings not related to Janssen Drugs, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding savings for plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search regarding savings for plans advised by SaveOnSP related to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

28

**REQUEST NO. 33:** All documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including without limitation from patients, patient advocacy groups, health plan sponsors, governmental agencies, Express Scripts and Accredo.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks communications not related to Janssen Drugs and SaveOnSP's conduct at issue in this action, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks all documents reflecting SaveOn's standard communications with plan members beyond those sufficient to show its standard, scripted communications with plan members, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, or business model related to Janssen Drugs and SaveOnSP's conduct at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search that it has received reflecting complaints, concerns, or inquiries about its services related to Janssen Drugs and its conduct at issue in this Action. SaveOnSP will anonymize references to the

29

identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 34:** All documents and communications concerning SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance." SaveOnSP does not provide "coverage for drugs" to patients.

SaveOnSP interprets this Request as seeking all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance.

SaveOnSP objects to this Request to the extent that it seeks information related to health plans' coverage of drugs other than Janssen Drugs, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search concerning the coverage provided by plans advised by SaveOnSP for Janssen Drugs once CarePath funds have been exhausted. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 35:** All documents, including drafts, and communications concerning the preparation of, and posting of the SaveOnSP IPBC Video presentation as discussed in the Complaint, including who prepared the presentation, to whom the presentation was given, how many times the presentation was given, by whom, and over what period of time.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final SaveOnSP IPBC Video presentation, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the final SaveOnSP IPBC Video presentation because that video is publicly available.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 36:** Annual Program Summary documents outlining the terms of the SaveOnSP program for each participating health plan, including: (i) patient copay/coinsurance requirements for each drug included in the program; (ii) the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs; (iii) patient copay/coinsurance requirements after a manufacturer's copay assistance has reached its maximum contribution for the year; (iv) patient deductible requirements; (v) patient out-of-pocket maximum limits and what patient payments are accounted for in determining whether a patient has reached their out- of-pocket maximum; (vi) any other payment obligations for the patient.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the term "Annual Program Summary documents" is undefined. SaveOnSP interprets this term to refer to annual health plan Summary Plan

31

Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials that reflect the advice that SaveOnSP provides to health plans. SaveOnSP does not collect or maintain these documents in the ordinary course of its business

SaveOnSP objects to the phrase "the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs." SaveOnSP is not a health plan and does not cover patient costs. SaveOnSP interprets this Request to seek Summary Plan Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring their pharmacy account on behalf of the plan.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP is not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control. If SaveOnSP becomes aware of any such documents in its possession, custody, or control, SaveOnSP will produce those documents. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 37:** Any contracts between SaveOnSP and participating health plans related to drug pricing, and factors affecting plan or plan member payments to pharmacies or PBMs for drugs included in the SaveOnSP program(s).

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the term "drugs included in the SaveOnSP program" as undefined. SaveOnSP interprets this term as meaning Janssen Drugs.

SaveOnSP objects to the term "factors affecting plan or plan member payments to pharmacies or PBMs" for Janssen Drugs as not describing the documents sought with reasonable particularity.

SaveOnSP objects to this Request to the extent that it seeks documents relating to contracts between SaveOnSP and health plans regarding drug pricing. SaveOnSP does not contract with health plans regarding drug pricing.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 38:** All documents, including drafts and communications, concerning SaveOnSP's terms and negotiations with health plans and/or pharmacy benefit managers related to their maximizer programs.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 39:** All documents, including drafts, and communications concerning SaveOnSP's terms and negotiations with pharmacies related to their maximizer program.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 40:** All documents and communications providing information regarding how SaveOnSP patients can be identified in the transaction/claims data.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP patients." SaveOnSP does not have patients.

SaveOnSP objects to the term "transaction/claims data" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 41:** Data covering the period January 1, 2016 through the present on all manufacturer copay assistance provided to either a pharmacy, PBM, or SaveOnSP for prescriptions filled by SaveOnSP member patients, including: (i) manufacturer; (ii) brand name; (iii) National Drug Code ("NOC"); (iv) recipient of manufacturer assistance; (v) patient identifier; (vi)

34

pharmacy for relevant drug fill; (vii) pharmacy address; (viii) prescription number; (ix) prescription fill date; (x) number of units; (xi) days of supply; (xii) unit of measure; (xiii) copay or coinsurance amount; (xiv) coupon amount; and (xv) information on how these payments can be linked to the transaction/claims data.

**RESPONSE:**  SaveOnSP objects to the phrase "manufacturer copay assistance provided to … SaveOnSP." SaveOnSP does not receive manufacturer copay assistance.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

**REQUEST NO. 42:**  Electronic prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients who at any point during that time frame participated or did not participate in the SaveOnSP program, including:

- Information on parties to the prescription transaction, including: (i) pharmacy name; (ii) pharmacy address; (iii) patient identification; (iv) patient state of residence; (v) identifier for whether patient is on a SaveOnSP program; (vi) insurance/health plan name; (vii) insurance/health plan ID; (viii) type of insurance (e.g., commercial, Medicare, Medicaid); (ix) insurance/health plan member ID; (x) insurance/health plan BIN number; (xi) insurance/health plan PCN number; (xii) insurance/health plan group name; and (xiii) insurance/health plan group number.

- Drug information for the prescription transaction, including: (i) product description (i.e., brand name); (ii) NDC; (iii) product form; (iv) product strength; (v) number of units; (vi) days of supply; (vii) units returned or otherwise affected by the transaction; (viii) unit of measure; (ix) date of prescription fill; (x) information sufficient to identify the type of transaction (e.g., a sale, a return, a discount, etc.); and (xi) any discounts, rebates, or other price adjustments or offsets.

- Payment information for the prescription transaction, including: (i) total amount paid to the pharmacy for the prescription; (ii) patient copayment; (iii) patient coinsurance payment; (iv) patient deductible payment; (v) copay coupon/manufacturer assistance amount applied to the prescription cost; (vi) voucher amount; (vii) bridge benefit payment; (viii) net consumer payment after subtracting co-pay, coinsurance, deductible, coupon, voucher, bridge benefit, and other assistance; (ix) insurance/health plan cost submitted; and (x) insurance/health plan amount paid to pharmacy.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients. The burden and expense of producing all such data outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such data.

SaveOnSP objects to producing the identities of plan participants or health plans which have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

36

**REQUEST NO. 43:** All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

**RESPONSE:** SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. JJHCS does not define "accumulator adjustment programs" and does not identify the statutes or regulations that it believes ban or limit such programs.

SaveOnSP objects to this Request to the extent that it seeks documents relating to how statutes or regulations apply to SaveOnSP, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 44:** All documents and communications relating to Drug Lists featuring Janssen medications.

**RESPONSE:** SaveOnSP interprets the phrase "Janssen medications" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to Drug Lists featuring Janssen Drugs beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

37

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOn will produce Drug Lists featuring Janssen medications and documents and communications reflecting advice from SaveOnSP to health plans concerning such Drug Lists identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 45:** All documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

**RESPONSE:** SaveOnSP objects to the phrases "accumulator programs" and "maximizer programs" as undefined.

SaveOnSP objects to this Request to the extent that it seeks documents other than publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to the services SaveOnSP provides to health plans, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP will produce publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to relating to the services SaveOnSP provides to health plans.

**REQUEST NO. 46:** All documents and communications relating to SaveOnSP's assessment of copayments for Plan Members taking Janssen medication where (i) the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling in the SaveOnSP Program and (ii) the Plan Member subsequently switches to insurance coverage under a new Payor that does not participate in the SaveOnSP Program before the year ends.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

38

SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent it seeks all documents responsive to the Request beyond those identified by a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 47:** The SaveOnSP website (https://saveonsp.com) as it existed both before and after the changes made by SaveOnSP in or about September 2022.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 48:** All documents and communications relating to, including the reasons for, the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes.

**REQUEST NO. 49:** All documents and communications relating to why the Frequently Asked Question "How will our plan see savings generated?" and its corresponding answer referencing "classifying certain specialty drugs as Non-Essential Health Benefits (NEBMs)" was removed from the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022 and the reasons for that removal, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022.

**REQUEST NO. 50:** Documents and communications sufficient to identify the individuals involved in making the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022, and their respective roles in making those changes.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 51:** All documents and communications relating to steps taken by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

**RESPONSE:** SaveOnSP objects to the phrase "submission of false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member." SaveOnSP is not aware of any false prescription claims charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show how SaveOnSP determines the CarePath funds available to members of plans that it advises, as they are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show how SaveOnSP determines the Care-Path funds available to members of plans that it advises.

**REQUEST NO. 52:** Documents sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses.

**RESPONSE:** SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.


Dated:  November 23, 2022          By:  /s/ Andrew R. Dunlap
                                        David Elsberg
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        SELENDY GAY ELSBERG, PLLC
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        212-390-9000
                                        deslberg@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com

                                        E. Evans Wohlforth, Jr.
                                        GIBBONS P.C.
                                        One Gateway Center
                                        Newark, NJ 07102-5310
                                        973-596-4500
                                        ewohlforth@gibbonslaw.com

                                        *Attorneys for Defendant Save On SP, LLC*

# EXHIBIT 7

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## **GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.     JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

**Response to Request No. 1**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 2**

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

**Response to Request No. 2**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

7

extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous. JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

 Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 5**

 From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

**Response to Request No. 5**

 In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

 Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 6**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

**Response to Request No. 6**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 7**

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

**Response to Request No. 7**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

10

documents that are irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

14

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks "all" documents and communications

regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications in its possession regarding SaveOnSP's designation of specialty drugs as

Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its

regulations during the relevant Time Period, to the extent such documents and communications

exist and can be located after a reasonable search.  However, notwithstanding the foregoing,

JJHCS will not produce any documents responsive to Request for Production No. 21, which is

irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce

documents and communications responsive to this Request.

**Request No. 15**

All Documents and Communications regarding SaveOnSP's communications with
Patients regarding CarePath, including Documents and Communications regarding JJHCS's
allegations in Complaint ¶¶ 60-67, 109.

**Response to Request No. 15**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect

involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects

to this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS or that are publicly available and therefore equally available to SaveOnSP.

JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the

reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 21

All Documents and Communications regarding any advocacy to or communication with
any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or
Copay Maximizer Services.

## Response to Request No. 21

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 22

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

## Response to Request No. 22

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

20

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous. For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

22

**Request No. 26**

      All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

      In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

      JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

      All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

      In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn." JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100.  Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

**Request No. 28**

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

    a.      all Patients receiving the Janssen Drug;

    b.      the number of fills of the Janssen Drug received by each such Patient;

    c.      the dosage of the Janssen Drug received by each such Patient for each fill;

    d.      the projected number of Patients, average number of fills, and average dosage for
            the Janssen Drug;

    e.      the cost to manufacture the Janssen Drug;

    f.      the sales and marketing budget for the Janssen Drug;

    g.      the price of the Janssen Drug;

    h.      the revenue received by JJHCS from the Janssen Drug;

    i.      all Patients enrolled in the CarePath program for the Janssen Drug;

    j.      the dates on which each Patient was enrolled in CarePath;

    k.      the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
            in CarePath;

    l.      the Janssen Drugs for which each Patient enrolled in CarePath received copay
            assistance;

    m.      all copay assistance payments that JJHCS made to or on behalf each Patient
            enrolled in CarePath; and

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

25

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**Response to Request No. 29**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period. JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

**Request No. 30**

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

**Response to Request No. 30**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs. JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous. JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

27

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

## Request No. 31

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the
amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based
on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs,
including Documents and Communications regarding JJHCS's attempts to limit or eliminate the
availability of CarePath copay assistance funds available to Patients enrolled in health plans
advised by SaveOnSP.

## Response to Request No. 31

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

after a reasonable search. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 32

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

## Response to Request No. 32

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have. JJHCS further objects to this Request on the ground that the phrases "CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive any limitation on or elimination of the amount of CarePath copay assistance funds available" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 33

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

## Response to Request No. 33

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

### Request No. 34

From any time, all Documents and Communications regarding JJHCS's or Janssen's
negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of
any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health
Plans, including JJHCS's abandonment of those negotiations or agreements.

### Response to Request No. 34

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

30

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request on the ground that "any assessment of the fair market value

of those services" is irrelevant.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this

Request to the extent it seeks information that is exempt from discovery and protected from

disclosure by a privilege including, without limitation, the attorney-client privilege, the work-

product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of

Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession

between JJHCS and the entities responsible for administering CarePath during the relevant Time

Period, to the extent such documents exist and can be located after a reasonable search.

Otherwise, JJHCS will not search for or produce documents and communications responsive to

this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage
of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub
Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs. JJHCS further objects to this Request on the ground that the phrase "Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 38**

From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

**Response to Request No. 38**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about CarePath without relation to SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent

33

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about other "Copay Accumulator Services and Copay Accumulator Services" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request on the ground that the phrase "JJHCS's return on investment for copay assistance dollars" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the

35

needs of the case to the extent it seeks "all" documents and communications regarding a broad

subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 42**

From January 1, 2015 through the present, all Documents and Communications relating
to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and
"copay maximizer."

**Response to Request No. 42**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter. JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 43**

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

**Response to Request No. 43**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

37

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies

for the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous.

JJHCS further objects to this Request to the extent that it purports to require the creation of any

document or record in a format not kept by JJHCS or seeks to impose production obligations that

exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this

Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this

Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be

appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you
by any person or entity other than SaveOnSP, including in response to subpoenas served in this
Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications regarding this Action provided to

you by any person or entity other than SaveOnSP" is vague and ambiguous.  JJHCS further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-

party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 48**

To the extent not requested above, from any time, all Documents and Communications
upon which you may rely in this Action.

**Response to Request No. 48**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications upon which you may rely in this

Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications upon which it intends to rely at trial in compliance with the schedule set by

the Court.  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM
KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*