**Robinson+Cole**

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

April 12, 2023

<u>VIA ECF</u>

Hon. Cathy Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street, Room 4040
Newark, NJ 07102

    Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       No. 2:22-cv-02632 (ES) (CLW)

Dear Judge Waldor:

  The parties respectfully submit their respective proposed orders memorializing this Court's rulings during the February 28, 2023 and March 17, 2023 conferences. Exhibit A is Save On SP, LLC's ("SaveOnSP") proposal. Exhibit B is Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") proposal. Exhibit C is a redline comparing SaveOnSP's proposal to JJHCS's proposal. The parties have exchanged drafts of a proposed joint order, but have been unable to resolve their disagreements on three issues:

1. **Discovery Schedule:** Whether the Court issued a ruling that the parties and all third parties should abide by the existing scheduling order. The relevant portion of the transcript on this issue is at ECF No. 89 at 8:2-21.

   a. **JJHCS:** We have proposed the language in our draft order because we raised this issue at the March 17 conference and the Court made it clear that the discovery schedule on the docket is binding on the parties and all third parties. JJHCS requested a ruling on this issue after several third parties suggested that they did not need to timely comply with document requests because they understood that the discovery schedule would be extended. Counsel for SaveOnSP had the

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

**Robinson+Cole**

The Honorable Cathy Waldor
April 12, 2023
Page 2

opportunity to be heard on this issue and did not raise any objection. Counsel for two third parties also appeared at the March 17 conference and similarly did not raise any issue with the scheduling order. Additionally, a ruling that an order of the Court remains in effect would not constitute an advisory opinion and raises no Article III issues, as SaveOnSP suggests without any citation to authority.

b. **SaveOnSP:** The Court stated that third parties should abide by the schedule but did not issue any order on third party discovery. JJHCS did not file a motion seeking such an order, no third party appeared (or, to the best of SaveOnSP's understand, was even notified that JJHCS would make such a request), and the Court heard no argument from SaveOnSP on this point. If a third party contests the timing of responding to one of JJHCS's subpoenas, JJHCS can file an appropriate motion at that point, instead of seeking an advisory opinion without notice to any third parties now.

2. **Subpoenas:** Whether the Court directed JJHCS to meet and confer with SaveOnSP regarding the number of subpoenas it wishes to issue to SaveOnSP's health plan clients and their participants before issuing such subpoenas. The relevant portions of the transcript on this issue are at ECF No. 84 at 15:22-16:4; 22:1-25:21; 26:21-25; 27:17-18; 28:24-29:14.

   a. **JJHCS:** Taken as a whole, the Court's comments on this issue indicated that JJHCS need not meet and confer with SaveOnSP or obtain permission from the Court prior to issuing any individual third-party subpoena. Instead, the Court recognized that the issuance of such subpoenas would likely be an iterative process, and that conferral with SaveOnSP is necessary only as to the general number of subpoenas JJHCS intends to serve, to avoid any potential collective harm to SaveOnSP's business. ECF No. 84 at 29:3-5, 12-14 ("My interim discussion with respect to subpoenas was to hopefully have Mr. Sandick and Mr. Dunlap and whoever else have discussions and make some agreements . . . . So let's just go by discuss the subpoenas, and if Mr. Dunlap says, 'Hey, this is outrageous, you're killing me,' then you can come back to me.").

   b. **SaveOnSP:** The Court explicitly said that the parties should confer on the total number of JJHCS's subpoenas before JJHCS serves them. ECF No. 84 at 25:12-18 ("MR. DUNLAP: What I understand on subpoenas, we give them – we're going to give them the lists of patients and list of plans. Then they will come to us and say roughly how many [subpoenas] they want to issue. If we can agree, great. If we can't, we come to you. THE COURT: Yes."); *see also id.* at 23:21-23 ("THE COURT: … I think you give them the names. We discuss the subpoena

issues. The two of you can discuss that and see what's proportionate."). The parties must meet and confer before JJHCS issues new subpoenas, so SaveOnSP can come to Court if it believes that the total number of subpoenas that JJHCS intends to serve is excessive.

3. **Informal Contact:** Whether the Court directed JJHCS to keep SaveOnSP apprised of any and all outreach to SaveOnSP's health plan clients or their participants. The relevant portions of the transcript on this issue are at ECF No. 84 at 20:3-5, 22:1-12, 23:10-25, 24:23-25:2, 26:8-27:14.

   a. **JJHCS:** On multiple occasions, the Court rejected SaveOnSP's "extraordinary" request that the Court place "prior restraint" restrictions on JJHCS's ability to informally interview patients (who are themselves enrolled in JJHCS's CarePath program) or health plans. ECF No. 84 at 22:1-5, 12 ("I am not going to issue prior restraints on who [JJHCS] can interview and who [JJHCS] can't interview . . . especially people that use their services. I am not going to put a prior restraint on that. . . . It's an extraordinary request."); *see also* ECF No. 84 at 23:10-16 ("THE COURT: No. No. I'm not going to do that. I'm not going to do that. . . . They're talking about interviewing people that use their services. I can't possibly put a prior restraint on—it's a First Amendment issue. They can talk to whoever they want."); ECF No. 84 at 24:25-25:1 ("[C]ontacting patients that do business with J&J in any way, shape, or form, [Mr. Sandick] can call whoever he wants."). SaveOnSP admitted that the Court denied its request in its entirety. ECF No. 84 at 25:19-21 ("MR. DUNLAP: Informal outreach to patients, what I understand you're saying, there's no limits. They can talk to whomever they want."). Rather, the Court suggested only that JJHCS "keep [SaveOnSP] advised" of its general approach to informal outreach to patients and health plans. ECF No. 84 at 27:11-12.

   b. **SaveOnSP:** The Court explicitly directed JJHCS to keep SaveOnSP advised of its outreach to plans and patients. ECF No. 84 at 27:9-15 ("THE COURT: So I agree, you can contact whatever plan and/or patient you want to. I would just, you know -- I am not trying to mess with your strategy, but I would keep Mr. Dunlap advised. And if he sees an emergent situation arise, I can deal with it in that manner as it arises. MR. SANDICK: Sure."). If JJHCS does not do so, SaveOnSP would be limited in its ability to raise issues to the Court. SaveOnSP's proposed order does not restrict JJHCS's ability to interview health plans or patients.

**Robinson+Cole**

The Honorable Cathy Waldor
April 12, 2023
Page 4

    If it would be helpful to the Court, the parties are prepared to discuss these issues at our upcoming conference on April 13, 2023.

                        Respectfully submitted,

                        /s/ E. Evans Wohlforth, Jr.
                        E. Evans Wohlforth, Jr.
                        Robinson & Cole LLP
                        666 Third Avenue, 20th floor
                        New York, NY 10017-4132
                        Main (212) 451-2900
                        Fax (212) 451-2999
                        ewohlforth@rc.com

                        David Elsberg (admitted *pro hac vice*)
                        Andrew R. Dunlap (admitted *pro hac vice*)
                        Meredith Nelson (admitted *pro hac vice*)
                        SELENDY GAY ELSBERG PLLC
                        1290 Avenue of the Americas
                        New York, NY 10104
                        (212) 390-9000
                        deslberg@selendygay.com
                        adunlap@selendygay.com
                        mnelson@selendygay.com

                        *Attorneys for Defendant Save On SP, LLC*

                        /s/ Jeffrey J. Greenbaum
                        Jeffrey J. Greenbaum
                        Katherine M. Lieb
                        SILLS CUMMIS & GROSS P.C.
                        One Riverfront Plaza
                        Newark, New Jersey 07102
                        (973) 643-7000

**Robinson+Cole**

The Honorable Cathy Waldor
April 12, 2023
Page 5

                                       Adeel A. Mangi
                                       Harry Sandick (admitted *pro hac vice*)
                                       George LoBiondo
                                       PATTERSON BELKNAP WEBB & TYLER LLP
                                       1133 Avenue of the Americas
                                       New York, New York 10036
                                       (212) 336-2000

                                       *Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*