**Robinson+Cole**

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

June 5, 2023

**Via ECF**

Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street, Room 4040
Newark, NJ 07102

Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*
    **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Judge Waldor,

      We submit this joint letter on behalf of the parties in the above-captioned matter pursuant to the Court's Civil Case Management Order ¶ 7 and Local Rule 37.1 governing discovery disputes and in advance of the parties' discovery conference scheduled for June 6, 2023.

      Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") and Defendant Save On SP, LLC ("SaveOnSP") have met and conferred in good faith to resolve their discovery disputes. Despite these efforts, the parties are at impasse on the issue of a discovery extension. We respectfully request that the Court address this dispute during the June 6, 2023 conference.

*SaveOnSP's Position*

      SaveOnSP has done a tremendous amount of work to date in discovery. SaveOnSP initially proposed parameters to search the documents of its custodians that would yield approximately 250,000 documents for review. In response to JJHCS's many requests since then, SaveOnSP has added seven custodians and about 20 search terms, and expanded its search period by nine months, increasing the number of documents it must review by more than 300,000. Employing dozens of attorneys—over 60 at its peak—SaveOnSP has reviewed hundreds of thousands of these documents. SaveOnSP has also gathered, reviewed, and produced thousands of non-custodial documents. To date, SaveOnSP has produced over 75,000 documents. It has also produced over 140,000 records of calls between SaveOnSP and patients using Janssen drugs, and 116,000 lines

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 2

of data regarding patient transactions. Along the way, SaveOnSP has responded to 25 discovery letters from JJHCS and agreed to prioritize production of documents on numerous topics.

Despite these massive efforts, SaveOnSP needs more time. It has to finish its multi-layered review of the documents it has gathered for responsiveness. It must complete its review of documents flagged for privilege. In the last month, moreover, JJHCS has served SaveOnSP with two additional sets of document requests. In recent weeks, JJHCS has also asked SaveOnSP to add additional custodians and search terms. *See* May 10, 2023 Ltr. from H. Sandick to A. Dunlap at 2-3; May 26, 2023 Ltr. from G. LoBiondo to A. Dunlap. SaveOnSP needs time to respond to JJHCS's latest requests.

JJHCS has not, however, matched this effort. While JJHCS says that it will substantially complete document production by June 9, 2023, this is nowhere close to true. As of June 2, JJHCS had produced a little over 5,200 documents. That production was so paltry because, in part, JJHCS also refuses to add custodians from other JJHCS entities, even though discovery has shown that individuals employed at other entities were heavily involved with CarePath. On the night of June 2, JJHCS produced another 6,200 documents. SaveOnSP needs time to review it and resolve deficiencies, including through motion practice if necessary.

JJHCS has not even finished producing the key documents that the Court ordered it to prioritize. On March 17, 2023, the Court ordered JJHCS to prioritize production of documents relating to (1) CarePath's terms and conditions, which JJHCS alleges SaveOnSP induces patients to breach; and (2) JJHCS's alleged financial harm, which is relevant to its claims of injury and damages. Mar. 17, 2023 Conference Tr., ECF No. 95 at 36:7-9, 47-48. Following this production, the Court held, SaveOnSP could renew its motion to compel JJHCS to produce additional documents on these topics, *id.* at 36:7-14, 48:1-11, which includes documents showing Johnson & Johnson's return on investment on CarePath in the form of additional drug sales, *id.* at 48:1-11. JJHCS has not represented that it has completed those priority productions and SaveOnSP will need time to review them—as the Court asked it to. *Id.* at 36:7-9, 48:8-11. And, as it flagged at the March 17, 2023 conference, SaveOnSP anticipates that it will need to bring motions to compel JJHCS to produce key information that it has withheld. *Id.* at 34:22-35:7, 35:23-36:4.

JJHCS's responses below are not to the contrary. *First*, it asserts that SaveOnSP "improperly" refused a Rule 26(f) conference for several months. In fact, as required by that Rule, the parties conferred starting on October 24, 2022, more than 21 days before the Rule 16 conference that this Court scheduled for November 28, 2022. *Second*, JJHCS faults SaveOnSP for moving to stay discovery. That motion was proper and irrelevant to how the parties have acted since discovery began. *Third*, it accuses SaveOnSP of "slow-walk[ing]" its own document requests. In fact, document requests are not deemed served until the first Rule 26(f) conference, Fed. R. Civ. P. 26(d)(2)(B), and SaveOnSP served its first requests within three weeks of that conference (JJHCS did not make a meaningful production until March 16, 2023). *Fourth*, JJHCS accuses SaveOnSP

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 3

of delaying production on various topics. In fact, JJHCS failed to fully meet and confer about them, doing so only after being ordered by the Court. Dkt. No. 67. Once it did, the parties greatly reduced the issues in dispute, *compare* Dkt. Nos. 65 and 66 (JJHCS's premature motions to compel) *with* Dkt. No. 78 (JJHCS's update to Court on remaining issues). *Fifth*, it accuses SaveOnSP of "procrastinating" in producing documents. But the production numbers show otherwise, and SaveOnSP has responded to each of JJHCS's dozens of discovery letters as promptly as it can. *Sixth*, JJHCS says SaveOnSP should have already moved to compel regarding JJHCS's production of documents about terms and conditions and financial information. But the Court ordered (at JJHCS's request) that SaveOnSP review that production before raising any deficiencies, Mar. 17, 2023 Hr'g Tr. at 35:12-21, 46:13-47:1, and JJHCS has yet to say that it has completed it. *Seventh*, it says that "it appears that SaveOnSP encouraged third party subpoena recipients to treat the schedule as tentative and likely to be extended, rather than as binding." This is flatly not true. *Finally*, JJHCS says that SaveOnSP never previously raised the possibility of an extension. It did. At the February 28 conference, when the Court suggested that SaveOnSP renew its motions regarding terms and conditions and financial information after JJHCS finished its productions on those topics, SaveOnSP's counsel said: "[W]e are asking for a good amount of information here. And if we have to wait several months for [JJHCS] to make these productions before we renew the request and then Your Honor requires them to produce that information later, that is going to lead to a pretty significant -- we would think, extension of discovery schedules so [JJHCS] can gather it, [JJHCS] can produce it, and our experts can go through [it] – because it will be a decent amount of material." Feb. 28 Tr. at 40:19-41:1. That is precisely what is happening now.

SaveOnSP's diligence and JJHCS's foot-dragging easily add up to good cause to extend the discovery schedule. To ensure that the parties have enough time to properly complete production, SaveOnSP proposes a four-month extension.

### *JJHCS's Position*

Every day that SaveOnSP successfully delays trial is another day that patients suffer harm and SaveOnSP and its partners misappropriate money from JJHCS's patient assistance programs intended only for patients. In other filings before this Court, SaveOnSP admits that it diverts tens of millions of dollars provided by JJHCS for the benefit of patients, and SaveOnSP is now taking every possible step to prevent JJHCS from stopping that misappropriation, claiming that JJHCS cannot be allowed to protect itself until the litigation concludes. In light of this background, there is no cause, much less good cause, to allow SaveOnSP to forestall resolution of this matter by several more months. JJHCS has met all of its discovery obligations and is prepared to certify substantial completion of its production on June 9 as required under the case schedule. SaveOnSP should not be permitted to now use its own failures to justify a case extension.

From the onset of this action, JJHCS has worked ceaselessly to move this action forward, including by serving its initial discovery requests together with the complaint, and—as this Court

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 4

is well aware—by repeatedly seeking the Court's assistance in holding SaveOnSP to its basic discovery obligations. SaveOnSP, by contrast, has delayed at every single turn, not only by steadfastly resisting the commencement of discovery for several months, but also by needlessly forcing motion practice as to numerous discovery requests from JJHCS, and even by failing to advance its *own* requests. First, from May to August of 2022, SaveOnSP improperly refused to even participate in a Rule 26(f) conference, much less participate in discovery, despite repeated efforts by JJHCS. SaveOnSP did not even bother to move to stay discovery until September, and only did so then after being directed to do so by this Court in response to applications by JJHCS seeking to begin the discovery process.

The delays continued after SaveOnSP lost its motion to stay. From December 2022 until the March 2023 conference, SaveOnSP delayed discovery relating to core topics within the litigation. For example, on December 7, 2022, SaveOnSP refused to produce core internal communications, including those "concerning SaveOnSP's inclusion or exclusion of specific drugs as essential health benefits pursuant to the [ACA]," (Request No. 19); relating to complaints it received from patients enrolled in CarePath, (Request No. 7); or complaints from patients who refused to enroll in SaveOnSP or tried to opt out (Request No. 8). This refusal continued for three months, until SaveOnSP reversed course on March 10, 2023, long after JJHCS moved to compel this discovery.[1] SaveOnSP also slow-walked its own requests to JJHCS; it did not serve a single request until November 11, 2022, six months after it received JJHCS's requests.

In the months that followed, SaveOnSP continued to procrastinate at every turn, giving the lie to its present protests that it "needs more time." SaveOnSP did not make any significant production of documents until March 16, 2023, one day before a court conference. Prior to this production, SaveOnSP produced less than 50 documents in two small productions, despite the passage of *five months* since the Court's denial of SaveOnSP's motion to stay discovery. A few other examples: SaveOnSP refused for nine months to provide the identities and citizenship of its members. It also repeatedly produced illegible organizational charts, making it impossible for JJHCS to identify the proper SaveOnSP custodians any faster than it did.

Even the smallest requests to SaveOnSP have been met with obstruction and delay. For example, JJHCS was forced to move to compel responses to Interrogatory Request Nos. 14 and 15, seeking information regarding indemnification and under what circumstances SaveOnSP advised "payors to eliminate or alter coverage for certain pharmaceuticals and to arrange for Plan

---

[1] SaveOnSP also mischaracterizes the record. JJHCS met and conferred with SaveOnSP on multiple occasions before the Court suggested further conferral. Despite numerous conferrals both before and after the submission of JJHCS's January 5, 2023 discovery motion, SaveOnSP refused to produce multiple categories of documents requested by JJHCS until the eve of the March 17, 2023 conference. SaveOnSP's delay from December 2022 (when the parties began conferring) to March 2023 does not justify SaveOnSP's requested extension.

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 5

Members to obtain those pharmaceuticals from any source other than Accredo," including charitable foundations. The Court ordered SaveOnSP to respond in part to these requests on April 17, 2023, but SaveOnSP's responses were ambiguous and non-responsive, and SaveOnSP has so far ignored JJHCS's request (made more than two weeks ago, on May 18) for supplemented responses. And so it has continued, with SaveOnSP routinely taking weeks on end to respond to basic inquiries from JJHCS about its production.

SaveOnSP also overstates the burden of its own discovery efforts. For example, SaveOnSP points to its production of its call records and many lines of computer data as a measure of its earnestness in discovery, without telling the Court that these documents are produced on a wholesale basis without individualized attorney review. Both parties have reviewed documents from the files of approximately the same number of custodians; both parties have been required to respond to discovery letters and engage in the production of documents. All of this is part of the ordinary course of civil litigation in federal court, and was foreseeable to defense counsel when the scheduling order was negotiated and agreed to by the parties.

Put simply, "more time" is not what is needed here. What is needed is for SaveOnSP to be held to its obligation to substantially complete production of its relevant documents by June 9, as JJHCS is prepared to do itself. If there are discrete documents that SaveOnSP believes will take somewhat longer to produce, JJHCS is of course willing to hear SaveOnSP out. But what SaveOnSP cannot do is use its own intransigence as a pretext to drag this litigation out for the sole purpose of wrongfully extracting millions of dollars more from JJHCS's patient assistance fund.

Nor can SaveOnSP seek to justify its request by claiming that JJHCS has not met its own discovery obligations. That claim is categorically false. JJHCS has done so, and as a result, will have substantially completed its document productions by June 9. That is what the Court's order requires, and JJHCS has devoted itself to complying. By the June 9 deadline, JJHCS will have produced about 15,000 documents from 16 custodians spanning a number of years, in addition to almost 5GB of data. It should surprise no one that this is a smaller number of documents than what SaveOnSP is producing—JJHCS's conduct is not at issue here, and indeed JJHCS was not even aware of SaveOnSP's existence until several years after SaveOnSP began surreptitiously misappropriating funds from JJHCS's CarePath program.

Moreover, SaveOnSP's complaint that JJHCS made a substantial production on June 2— one week before the substantial completion deadline and four months before the close of fact discovery—is misplaced. The substantial completion deadline necessarily contemplates that the parties will be producing documents leading up to June 9, as both sides have done. That SaveOnSP needs time to review those productions also is accounted for in the current schedule: SaveOnSP has more than three months after substantial completion to propound written discovery requests (as does JJHCS) and the parties may continue to produce additional documents and data through the close of fact discovery on October 13. *See* D.E. 64 ¶¶ 1, 6. To delay the case by four months

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 6

when the current schedule *already* contemplates more than four additional months of discovery is unwarranted.

SaveOnSP's specific charges about JJHCS's productions to date are likewise meritless. SaveOnSP first claims, without support, that JJHCS has not prioritized the production of documents relating to CarePath's terms and conditions and JJHCS's financial harm discussed at the March 17, 2023 conference. As required, JJHCS substantially completed its production of data used to support its damages and other budgeting data on April 28, and not once in the intervening month has SaveOnSP reached out to JJHCS concerning any deficiency of that production.

JJHCS also prioritized its production of documents related to CarePath's terms and conditions. This resulted in a substantial production on April 28. In response to a recent request for information from SaveOnSP, JJHCS confirmed that at least as far back as 2010, there was no change to the key "other offer" term about which SaveOnSP seeks information. To the extent other documents on this subject have been identified since April 28, they will be produced before the June 9 substantial completion date. While SaveOnSP may wish there were more documents for JJHCS to produce on this subject, this does not justify a four-month-long delay either.

In sum, if SaveOnSP foresaw problems meeting the substantial completion deadline, or wanted to raise issues with the scope of JJHCS's productions, it should have done so months ago. But SaveOnSP never had any intention of adhering to the current case schedule—in fact, it appears that SaveOnSP encouraged third party subpoena recipients to treat the schedule as tentative and likely to be extended, rather than as binding, as JJHCS advised the Court at the March 17 conference. In response, the Court reaffirmed that the schedule remained in place. As the Court specifically stated: "The schedule is on the docket and the parties and third parties and any party should abide by the schedule." March 17 Tr. at 8. Notably, this was several weeks *after* the stray February 28 remarks from its own counsel that SaveOnSP now points to on page 3 above. Yet SaveOnSP did not object to the Court's ruling on March 17, which was later memorialized in a written order on April 27. *See* D.E. 102 ¶ 1. SaveOnSP certainly said nothing at the time about seeking an addition of four months to the schedule, and should not be heard to do so now.

JJHCS respectfully requests the Court deny SaveOnSP's motion and direct SaveOnSP to certify substantial completion by June 9 so the parties can timely commence depositions. If the Court determines that an extension is necessary for SaveOnSP to meet its obligations, JJHCS requests that it be very short, and that SaveOnSP be directed to commit requisite resources to complete its substantial production obligations by June 19 (a ten-day extension), so the case can proceed to trial without delay. SaveOnSP is litigating this case with sophisticated counsel and with apparently limitless resources to expend on resisting discovery. It can readily meet the Court's deadline by instead directing its resources, under Court Order, towards timely fulfilling its production obligations.

* * *

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 7

The parties appreciate the Court's attention to this matter.

Respectfully submitted,

_____
E. Evans Wohlforth, Jr.
ROBINSON COLE
666 3rd Ave #20
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

/s/ *Jeffery J. Greenbaum*
Jeffrey J. Greenbaum
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

**Robinson+Cole**

Hon. Cathy L. Waldor
June 5, 2023
Page 8

                         Adeel A. Mangi
                         Harry Sandick (admitted *pro hac vice*)
                         George LoBiondo
                         PATTERSON BELKNAP WEBB & TYLER LLP
                         1133 Avenue of the Americas
                         New York, New York 10036
                         (212) 336-2000

                         *Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*