**Robinson+Cole**

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York and New Jersey

June 23, 2023

<u>Via ECF</u>

Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street, Room 4040
Newark, NJ 07102

Re:   *<u>Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC</u>*
   *<u>(Case No. 2:22-cv-02632-JMV-CLW)</u>*

Dear Judge Waldor,

    We submit this letter on behalf of Defendant Save On SP, LLC ("SaveOnSP") in the above-captioned matter pursuant to the Court's Civil Case Management Order ¶ 7 and Local Rule 37.1 governing discovery disputes and in advance of the parties' discovery conference scheduled for June 27, 2023. We are mindful of the Court's requirement that submissions of this type be joint by the Parties. Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") declined, however, to contribute to a joint letter to the Court. They have stated that they believe this submission is improper and that they intend to make a separate application to strike it.

### *SaveOnSP's Position*

    SaveOnSP seeks a protective order to stop JJHCS from seeking to discover its financial information unrelated to CarePath. JJHCS has been after this information from the start. In RFP No. 52, it broadly sought SaveOnSP's "liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets," including financial statements and financial analyses. Dkt. No. 65-2, at 111. JJHCS moved to compel production of this information, Dkt. No. 66, which the Court summarily rejected. Dkt. No. 95, at 23:23-24. In April 2022, JJHCS served RFPs Nos. 61 and 62, seeking SaveOnSP's business plans and corporate governance documents. Ex. 1 (Apr. 18, 2023 Pl.'s Fourth Set of Doc.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

**Robinson+Cole**

Hon. Cathy L. Waldor, U.S.M.J.
June 23, 2023
Page 2

Reqs.), at 7. When it moved to compel, Dkt. No. 110, the Court stated that it was inclined to deny the former but grant the latter, and asked the parties to meet and confer. Dkt. No. 116, at 57:11-17.

Following the Court's guidance, SaveOnSP proposed that if JJHCS stopped requesting its business plans, then SaveOnSP would produce its corporate governance documents with the single exception of its operating agreements, which contain sensitive financial information about the distributions of revenues to SaveOnSP's LLC members. JJHCS refused, saying that it intended to move to compel all documents requested in its RFP Nos. 61 and 62. JJHCS has also served SaveOnSP with additional document requests that seek all communications between SaveOnSP and the members of its LLCs. Ex. 1, at 7 (RFP Nos. 64-67).

SaveOnSP's non-CarePath related financial information easily qualifies for a protective order. Protecting a business's confidential information can be good cause for such an order under Federal Rule of Civil Procedure 26(c). *See, e.g.*, *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.") (collecting cases). And courts routinely protect "business plans and operating agreements" from commercial adversaries. *Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Grp., Inc.*, 2013 WL 6446704, at *6 (D. Idaho Dec. 9, 2013) (quashing subpoena for competitor's business plans and operating agreements where moving party had already received relevant documents); *see also Reeves v. Denbury Onshore, LLC*, No. 3:14-CV-640-DPJ-LRA, 2015 WL 476047, at *3 (S.D. Miss. Feb. 5, 2015) (quashing third party subpoenas for non-party competitor's contracts that included commercial terms, risk allocation, and other financial considerations); *see also Neill Corp. v. John Paul Mitchell Sys.*, No. CIV. A. 92-2157, 1995 WL 217480, at *5 (E.D. La. Apr. 12, 1995) (affirming denial of deposition of defendant representative about defendant's business plans).

JJHCS does not need SaveOnSP's business plans. SaveOnSP has already produced information—lots of it—about its business and finances related to CarePath, including (1) lists of over 6,200 of its client health plans; (2) lists of patients enrolled in those plans who take Janssen drugs; (3) its contracts with its clients; (4) its contracts with Express Scripts and Accredo; (5) data showing the fees it received for providing its services relating to Janssen drugs; (6) over 140,000 records of calls between SaveOnSP and patients who take Janssen drugs; (7) guides for the SaveOnSP employees who conduct those calls; (8) reams of detailed data about its patients who take those drugs; and (9) numerous organizational charts. Any information in SaveOnSP's

**Robinson+Cole**

Hon. Cathy L. Waldor, U.S.M.J.
June 23, 2023
Page 3

business plans on these topics would be duplicative. *Rocky Mountain Med. Mgmt.*, 2013 WL 6446704, at *6.

JJHCS also does not need SaveOnSP's operating agreements. SaveOnSP has provided the names and citizenship of the LLCs who own SaveOnSP's interests. *See* Dkt. No. 71. It has produced tens of thousands of emails showing all facets of SaveOnSP's business regarding Janssen drugs and CarePath, including internal communications, including documents showing who its key decision-makers are. SaveOnSP has also offered to produce its articles of incorporation and employee handbook, which includes internal codes of conduct. (It would also produce its bylaws, but it has none.) SaveOnSP seeks to withhold only its operating agreements, because they reflect the financial relationship between SaveOnSP and its member LLCs. This sensitive financial information about the distribution of SaveOnSP's profits to its members is wholly irrelevant to this case.

When SaveOnSP proposed a joint letter on its motion for a protective order, JJHCS responded as follows: "JJHCS objects to SaveOnSP's proposed supplemental submission on RFP Nos. 61 and 62. The parties already submitted, and the Court already reviewed, a joint letter fully setting forth each party's positions and cited authorities on this dispute. *See* Dkt. No. 110. That is the only submission permitted under Local Rule 7; indeed, the Rule specifically precludes 'further letter submissions' absent 'leave of Court.' If SaveOnSP insists on filing its proposed letter brief, JJHCS will move to strike that submission consistent with the Local Rules." Ex. 2 (June 22, 2023 Email from J. Long to E. Snow).

JJHCS is incorrect. SaveOnSP does not make here a supplemental submission limited to JJHCS's motion to compel production in response to RFP Nos. 61 and 62—SaveOnSP moves for a protective order that would safeguard its financial information unrelated to CarePath. While this protective order would apply to RFP Nos. 61 and 62, it would also apply more broadly, preventing JJHCS from serving additional document requests for the same information or asking questions about that information at depositions. The Court should deny any motion JJHCS might make to strike SaveOnSP's motion for a protective order.

JJHCS's financial fishing expedition should stop. The Court should enter a protective order barring JJHCS from seeking SaveOnSP's financial information unrelated to CarePath.

SaveOnSP appreciates the Court's attention to this matter.

**Robinson+Cole**

Hon. Cathy L. Waldor, U.S.M.J.
June 23, 2023
Page 4

Respectfully submitted,

*/s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
ROBINSON COLE
666 3rd Ave #20
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

Cc: All counsel of record (via ECF)