# EXHIBIT 1

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : : : | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, vs. | : : | **PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** |
| SAVE ON SP, LLC, | : | |
| Defendant. | : | |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), makes the following requests for production of documents to Defendant Save On SP, LLC ("SaveOnSP"):

**DEFINITIONS AND INSTRUCTIONS**

1.     "Action" means the above-captioned matter, *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States District Court for the District of New Jersey.

1

2. "CarePath" means the Janssen patient assistance program providing support services for patients using medications researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen Biotech Inc., Janssen Pharmaceuticals, Inc, Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc. (collectively, "Janssen").

3. "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

4. "Complaint" means JJHCS's May 4, 2022 complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

5. "Drug List" means any list issued by You or Your business associates that provide the names of the medications in the SaveOnSP Program and their associated costs. *See, e.g.*, *2021 SaveOnSP Drug List*, SAVEONSP (January 1, 2021), https://www.alaska.edu/hr/benefits/documents-and-forms/pharmacy/2021saveonsp-drug-list.pdf; *2022 SaveOnSP Drug List*, SAVEONSP (July 1, 2022), https://www.williamsoncounty-tn.gov/DocumentCenter/View/22642/SaveOnSP-Drug-List-7-1-22.

6. "Entity" means any legal entity including, without limitation, a limited liability company, corporation, trust, general partnership, limited partnership, sole proprietorship, professional corporation, limited liability partnership, professional association, joint venture, non-profit organization, memberships, trust, living trust, or testamentary trust.

7. "JJHCS" means Johnson & Johnson Health Care Systems Inc. and affiliates Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen

Pharmaceuticals, Inc, Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, Janssen Research & Development LLC, and Johnson & Johnson.

8. "Payor" means any Entity that reimburses in whole or in part for the administration or sale of a pharmaceutical or biologic product, including government agencies, private insurers, and health and welfare funds.

9. "Plan Member" means any beneficiary of, or person enrolled in, a health insurance plan, pharmaceutical benefits plan, or prescription coverage provided by a Payor.

10. "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

11. "SaveOnSP Program" means the conduct as described in the Complaint at ¶¶ 9–17 and ¶¶ 50-88.

12. "You" and "Your" mean SaveOnSP as defined in paragraph 10 above.

13. The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, call notes, voice mail, video or audio recordings, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

14. "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to

3

include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

15. The terms "relating to," "relate to," "relates to," "related to," "relating to," "referring to," and "concerning" mean relating to, referring to, describing, referencing, reflecting, concerning, considering, evidencing, constituting, discussing, supporting, identifying, pertaining to, containing, embodying, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewing in conjunction with, setting forth, contradicting, refuting, supporting, recommending, or in any way logically or factually connected with the matter discussed, in whole or in part.

16. The term "person" means (a) natural persons (also referred to as "individuals"); (b) legal entities, including but not limited to corporations, partnerships, firms, associations, professional corporations and proprietorships; and (c) government bodies or agencies.

17. If You believe that production of documents or things is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Provide responsive documents or things to all parts of the Request to which You do not object. Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

18. If You withhold information on the grounds of privilege (including work product immunity), You must identify the nature of the privilege that is being claimed in accordance with any agreed-upon or court-ordered protocols. In the event the Court has not timely approved any

protocols when You are ready to produce a privilege log, JJHCS will provide supplemental instructions detailing the privilege log requirements.

19. If You cannot produce responsive documents or things to any of these Requests in full, produce documents or things to the extent possible, specifying the reasons for Your inability to produce documents or things in full and provide responsive documents or things to the remainder.

20. In producing documents or things responsive to these Requests, furnish all information that is available to You, including documents or things in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

21. If a responsive document or thing was, but no longer is, within Your possession, custody, or control, please state in detail:

    a. the type of document or thing and the author(s), sender(s), recipient(s) and copy(ies) of the document or thing;

    b. a summary of the contents of the document or thing;

    c. what disposition was made of such document or thing;

    d. the date of such disposition;

    e. whether the original or a copy thereof is within the possession, custody or control of any other person; and

    f. if the answer to (e) is affirmative, the identity of such person.

22. All documents and data and all electronically stored information should be produced in the manner required by any agreed-upon or court-ordered protocols. In the event the Court has not timely approved any protocols when You are ready to produce documents, JJHCS will provide supplemental instructions detailing the production requirements.

23. Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, any objection in whole or in part to a Request must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a request must specify the part and permit inspection of the rest.

24. These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

25. To extent a term is not defined herein, apply the definition for such term used in the Complaint.

26. The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

27. Unless otherwise specified herein or agreed to by the parties, the time period for each request is January 1, 2017 through the present (the "Time Period").

**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**Request No. 43.** All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

**Request No. 44.** All documents and communications relating to Drug Lists featuring Janssen medications.

**Request No. 45.** All documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

**Request No. 46.** All documents and communications relating to SaveOnSP's assessment of copayments for Plan Members taking Janssen medication where (i) the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling in the SaveOnSP Program and (ii) the Plan Member subsequently switches to insurance coverage under a new Payor that does not participate in the SaveOnSP Program before the year ends.

**Request No. 47.** The SaveOnSP website (https://saveonsp.com) as it existed both before and after the changes made by SaveOnSP in or about September 2022.

**Request No. 48.** All documents and communications relating to, including the reasons for, the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**Request No. 49.** All documents and communications relating to why the Frequently Asked Question "How will our plan see savings generated?" and its corresponding answer referencing "classifying certain specialty drugs as Non-Essential Health Benefits (NEBMs)" was removed from the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**Request No. 50.** Documents and communications sufficient to identify the individuals involved in making the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022, and their respective roles in making those changes.

**Request No. 51.** All documents and communications relating to steps taken by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged

to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

**Request No. 52.** Documents sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses.

Dated: October 21, 2022

                                                SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:   s/ Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*