**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**MARTIN LUTHER KING COURTHOUSE**
**50 WALNUT ST.**
**ROOM 4040**
**NEWARK, NJ 07101**
**973-776-7862**

## <u>LETTER ORDER</u>

August 18, 2023

<u>All counsel of record via ECF</u>

**Re:**   **Johnson & Johnson Health Care Systems Inc. v Save On SP, LLC**
**Civil Action No. 2:22-2632 (ES) (CLW)**

Counsel:

This comes before the Court in connection with Defendant's motion to seal portions of Docket

Entries 109 and 110.  (ECF No. 117).  Plaintiff opposed Defendant's application in part.  (ECF No.

119).  In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court

resolves Defendant's application without oral argument.  Having carefully considered the parties'

submissions, and for the reasons set forth below, Defendant's motion is **GRANTED IN PART AND**

**DENIED WITHOUT PREJUDICE IN PART**.

## <u>LEGAL DISCUSSION</u>

"It is well-settled that there exists, in both criminal and civil cases, a common law public right

of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)

(citing *Littlejohn v. BIC Corporation*, 851 F.2d 673, 677–78 (3d Cir.1988)).  Once a document "'has

been filed with the court'" or is "'otherwise somehow incorporated or integrated into a district court's

adjudicatory proceedings'", *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662,

672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d at 192)), it becomes a "judicial record"

and "a presumption of access attaches." *Id.* (citing *In re Cendant Corp.* at 192-92).

"Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that 'the right is not absolute.'" *In re Cendant Corp.* at 194 (quoting *Littlejohn*, 851 F.2d at 678). "'The presumption [of access] is just that, and thus may be rebutted.'" *In re Avandia*, 924 F.3d at 672 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (brackets in original). "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption'", *id.* (quoting *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.,* 800 F.2d 339, 344 (3d Cir. 1986)), and must demonstrate that the materials at issue are "'the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "The 'strong presumption of openness does not permit the routine closing of judicial records to the public.'" *Id.* Rather, "the common law right of access begins with a thumb on the scale in favor of openness". *Id.* at 676.

Discussing the Court's role when evaluating a motion to seal, the United States Court of Appeals for the Third Circuit wrote:

> To overcome that strong presumption, the District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *In re Cendant Corp.*, 260 F.3d at 194 (emphasis omitted). "In delineating the injury to be prevented, specificity is essential." *Id.* "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993). To that end, the District Court must "conduct[ ] a document-by-document review" of the contents of the challenged documents." *Id.*

*Id.* at 672-73 (brackets and citations in original).

In the United States District Court for the District of New Jersey, all motions to restrict public access to civil proceedings and documents are also subject to Local Civil Rule 5.3.  The Judges in this District developed that Rule as a means of ensuring that parties provide the information necessary for the Court to evaluate the interests described above and, in turn, to determine whether sealing is appropriate.  In addition to imposing certain procedural requirements (e.g., the provision of proposed findings of fact and conclusions of law), Local Civil Rule 5.3 requires the movant to describe:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(iii).  The Rule further requires that the movant submit an appendix cataloging every proposed limitation on public access and, for each one, addressing the six factors listed in section (c)(iii).  When parties support their motions with the information required under Local Civil Rule 5.3, they enable the Court to make the specific findings necessary under Third Circuit law.  When parties neglect to provide that information, they fail to carry their burden of establishing the propriety of sealing under Third Circuit law.

Here, Defendant asks the Court to seal portions of Docket Entries 109 and 110.  With regard to Docket Entry 109, Defendant asks the Court to approve partial redactions to 6 sentences of the parties' June 2, 2023 letter, as well as the complete redaction of the single exhibit thereto. In the letter itself, each of Defendant's proposed redactions would shield monetary figures cited in the parties' arguments.  The first figure reflects the approximate amount of money that Defendant

and/or its clients allegedly received at Plaintiff's expense. The remainder discuss the potential financial harm Defendant and/or its clients would allegedly face if Plaintiff's business personnel are given access to Defendant's patient list. Concerning the "clearly defined and serious injury that would result" if that information becomes public, Defendant represents that disclosure would put it at a competitive disadvantage in the marketplace. (Decl. of E. Evans Wohlforth, Jr., Esq., Ex. A at 1, ECF No. 118-1). Defendant does not, however, adequately describe *how*. Nor is its potential competitive disadvantage obvious, considering that the information consists of a few approximate numbers. Defendant's general allegation of harm is insufficient to permit the Court to make the specific findings necessary under *In re Avandia*. The Court will permit Defendant to file a supplemental submission providing the necessary detail if it so chooses. If Defendant declines to do so, the Court will direct the Clerk of the Court to unseal the letter.

The Court next considers the letter's single exhibit, which consists of a cover letter attaching a list of patients who had been entered into Defendant's system during a certain period and who had also been prescribed at least one Janssen drug. The entire list, therefore, consists of the non-party patients' confidential health information. The Court finds that the disclosure of such information would cause a clearly defined and serious injury to those patients that outweighs the public's interest in access. Moreover, there is no less restrictive alternative to sealing the entirety of the list, which consists entirely of the patients' names. The Court finds no basis, however (and Defendant has not articulated one), for sealing counsel's cover letter attaching that list.

Turning to Docket Entry 110, Defendant asks the Court to seal a portion of a single paragraph in the parties' joint letter, as well as the entirety of a single exhibit thereto. The exhibit in question is Defendant's "business plan" document dated January 15, 2019, and it contains a considerable amount of information concerning Defendant's income, expenditures, clients, business operations, and strategy going forward. Defendant represents that it has kept this

information confidential, and that it "would be at a competitive disadvantage should its proprietary non-public business information be disclosed." (*Id.* at 2). The Court agrees that Defendant would be susceptible to significant business injury if its business plan was made available to the public. The Court further finds that, considering that substantial risk, Defendant's interest in maintaining the confidentiality of its business plan outweighs the strong public interest in accessing that document. The Court also finds that, given the nature of the business plan document, attempting to create a redacted version would be unworkable because the confidential information contained therein is so prevalent that redaction would render it indecipherable and thus no better from a public access standpoint than complete redaction. *E.g.*, *Yancey v. Wal-Mart Corp.*, No. 15-cv-6646 (FLW) (DEA), 2019 WL 2090099, at *3 (D.N.J. May 13, 2019); *Shevlin v. Phoenix Life Ins. Co.*, No. 09-cv-6323 (MLC) (TJB) 2016 WL 10568256, at *1 (D.N.J. Oct. 20, 2016) (adopting movant's position that completely sealing documents was the least restrictive alternative because documents would otherwise "be subject to extensive redactions which would render them illegible and unusable."). The Court therefore finds that there is no less restrictive alternative than to seal the exhibit in its entirety. The paragraph that Defendant seeks to redact from the parties' joint letter describes the contents of Defendant's business plan, albeit in mostly general terms. The passage conveys enough about Defendant's business plan, however, that the Court finds it merits sealing for the reasons articulated above with regard to the business plan itself. Defendant's proposed limitation on public access – redacting only the confidential information at issue – represents the least restrictive alternative.

**CONCLUSION**

Based on the foregoing, it is on this 18th day of August, 2023,

**ORDERED** that Defendant's motion to seal, (ECF No. 117), is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**; and it is further

**ORDERED** that Defendant's motion is **GRANTED IN PART** with regard to the exhibit to Docket Entry 109, (ECF No. 109-1), and in all respects regarding ECF No. 110; and it is further

**ORDERED** that Defendant's motion is **DENIED WITHOUT PREJUDICE** with regard to the redactions it proposed for the letter portion of ECF No. 109.  On or before **September 8, 2023** Defendant may file a supplement providing additional detail regarding the "clearly defined and serious injury" that it would suffer if the Court denies its application.  Defendant shall also submit a new proposed order that includes updated findings of fact and conclusions of law concerning that injury; and it is further

**ORDERED** that Defendant will eventually have to file a new redacted version of ECF No. 109-1 in which only the patient list (i.e., not the cover letter) has been redacted.  For the sake of docket clarity and conservation of party resources, however, that requirement shall be held in abeyance until the Court reaches a final determination regarding Defendant's proposed redactions to ECF No. 109; and it is further

**ORDERED** that the clerk of the Court shall maintain the unredacted versions of the materials in question, (ECF Nos. 109, 110), under seal; and it is further

**ORDERED** that the parties' deadlines to file subsequent motions to seal similar information shall be held in abeyance pending the ultimate resolution of Defendant's application.

s/Cathy L. Waldor

**Cathy L. Waldor**
**United States Magistrate Judge**

cc:     Hon. Esther Salas, U.S.D.J.