**Appendix A to the Declaration of E. Evans Wohlforth, Jr., Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Joint Letter dated August 11, 2023 [ECF No. 142] | Letter contains references to SaveOnSP's internal business strategies and services and to SaveOnSP's communications with its clients, comprising proprietary business information. *See* ECF. No. 142 at 3-4, 6. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Joint Letter is being filed [ECF No. 147-1]. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 18 to Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit contains SaveOnSP's reasoning and strategy for issuing temporary credit cards, as well as SaveOnSP's standard practices for corporate and/or tertiary credit cards, thus comprising proprietary business information. *See* ECF No. 142 at Ex. 18. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | A redacted, public version of the exhibit is being filed [ECF No. 147-1]. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |

| Exhibit 4 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses internal research and processes, comprising proprietary business information. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
|---|---|---|---|---|---|
| Exhibit 5 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses SaveOnSP's internal analyses of drugs covered by its services, comprising proprietary business information. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 6 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses SaveOnSP's internal research and training manual, comprising proprietary business information. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 7 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses internal research and processes, comprising proprietary business information. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 8 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit reveals communications with a SaveOnSP client regarding service offerings, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 9 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit reveals communications with a SaveOnSP client regarding service offerings, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 10 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit reflects information regarding SaveOnSP's service offerings, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 11 of Joint Letter dated | Exhibit discusses SaveOnSP's service offerings and a potential business opportunity and | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the | No | Plaintiff has not yet provided its consent or objection. |

3

| August 11, 2023 [ECF No. 142] | reveals communications with a client regarding the same, comprising proprietary business information. | non-public business information be disclosed to competitors and other market participants. | disclosure of Save-OnSP's proprietary business information. | | |
|---|---|---|---|---|---|
| Exhibit 12 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses a potential business opportunity and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP's employees' communications regarding a potential business opportunity would be revealed, allowing other market participants to review that same information. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 13 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses internal business strategy, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 14 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses internal business strategy, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 15 of Joint Letter | Exhibit discusses internal business strategy, comprising proprietary | If relief is not granted, SaveOnSP would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | No | Plaintiff has not yet provided its |

| | | | | | |
|---|---|---|---|---|---|
| dated August 11, 2023 [ECF No. 142] | business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | should its proprietary non-public business information be disclosed to competitors and other market participants. | disclosure of Save-OnSP's proprietary business information. | | consent or objection. |
| Exhibit 16 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses service offerings and internal business strategy, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 17 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses internal business strategy, comprising proprietary business information and mirrors the information sought to be redacted in the August 23, 2023 Joint Letter. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 19 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses confidential agreements, comprising proprietary business information. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |
| Exhibit 20 of Joint Letter | Exhibit discusses confidential agreements, | If relief is not granted, SaveOnSP would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | No | Plaintiff has not yet provided its |

| dated August 11, 2023 [ECF No. 142] | comprising proprietary business information. | should its proprietary non-public business information be disclosed to competitors and other market participants. | disclosure of Save-OnSP's proprietary business information. | | consent or objection. |
|---|---|---|---|---|---|
| Exhibit 21 of Joint Letter dated August 11, 2023 [ECF No. 142] | Exhibit discusses confidential agreements, comprising proprietary business information. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | Plaintiff has not yet provided its consent or objection. |