SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
Julia Haigney Long (admitted *pro hac vice*)
Elisabeth Shane (admitted *pro hac vice*)
Katherine Brisson (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
  *Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(ES)(CLW) |
| Plaintiff, | Hon. Esther Salas, U.S.D.J. |
| vs. | Hon. Cathy L. Waldor, U.S.M.J |
| SAVE ON SP, LLC, | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendant. | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS"). In accordance with Local Civil Rule 5.3(c)(3), I submit this Declaration in support of JJHCS's motion to seal the joint letter and exhibits, filed August 24, 2023, regarding the request by defendant Save On SP, LLC ("SaveOnSP") to compel JJHCS to produce additional documents regarding the terms and conditions ("T&Cs") of the CarePath program (ECF No. 146; the "August 24 Letter").

2. I make this Declaration based upon my personal knowledge and review of the August 24 Letter. JJHCS seeks to seal in their entirety the lead August 24 letter with Exhibits 1-2, 8, 11-28, and 30 (collectively, the "Confidential Materials") through the instant motion, in accordance with Local Civil Rule 5.3(c). Counsel for SaveOnSP does not object to this request.

3. Attached hereto as Exhibit A is JJHCS's proposed public version of the August 24 Letter. As shown in this exhibit, JJHCS is proposing the redaction of limited information relating to confidential exhibits from the lead August 24 letter, the public filing of Exhibits 3-7, 9-10, and 29 and JJHCS Exhibit 1, the redacted filing of Exhibits 2, 8, and 30, and the sealing of the entirety of Exhibits 1 and 11-28.

4. Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

5. In support of this motion, JJHCS has prepared an index setting forth the information that it seeks to seal and the basis for the request. A copy of this index is attached hereto as Exhibit B.

6. The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

7. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

8. During the course of discovery, JJHCS produced various documents pertaining to the application of the CarePath program, and in particular, its terms and conditions. Certain of these documents are attached as exhibits to the August 24 Letter and include (i) exemplar CarePath terms and conditions (Exhibit 1); (ii) Benefits Investigation Updates (Exhibits 11-13); (iii) business rules, call guides, and training materials (Exhibits 14, 15, 21, 22, 23, and 26); (iv) draft terms and conditions (Exhibit 17); (v) a template letter to patients (Exhibit 24); (vi) a work order (Exhibit 25); and (vii) related emails (Exhibits 16, 18, and 19).

9. JJHCS designated its production of these documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business or personal information. (ECF No. 62.)

10. In response to a subpoena served by SaveOnSP, TrialCard, the CarePath administrator and a non-party, produced two of the exhibits attached to the August 24 Letter in its production. These exhibits consist of letter templates designated as Confidential pursuant to Discovery Confidentiality Order (Exhibits 27 and 28), which likewise contain sensitive and confidential business information.

11. In addition, JJHCS designated information in its interrogatory responses as confidential (Exhibit 20), and SaveOnSP included confidential information in various letters to JJHCS on related discovery issues (Exhibits 2, 8, and 30).

12. As detailed on Exhibit A, JJHCS proposes very limited redactions to the lead August 24 letter. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation. JJHCS is also proposing limited redactions to the SaveOnSP discovery letters, which redactions also pertain to the confidential exhibits identified above as well as other confidential documents produced by JJHCS in the litigation.

13. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

14. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action. *See* ECF No. 62.

15. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

16. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

17. JJHCS is not aware of any objection to having the Confidential Materials being sealed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2023.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
