# EXHIBIT A

**FILED UNDER SEAL - CONTAINS INFORMATION MARKED AS CONFIDENTIAL UNDER THE DISCOVERY CONFIDENTIALITY ORDER.**

September 5, 2023

**VIA ECF**

Hon. Cathy Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street, Room 4040
Newark, NJ 07102

> **Re:** ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> **No. 2:22-cv-02632 (ES) (CLW)**

Dear Judge Waldor:

We submit this joint letter on behalf of the parties in the above-captioned matter pursuant to Local Rule 37.1 and the Court's Civil Case Management Order. Defendant Save On SP, LLC ("SaveOnSP") asks the Court's intervention to let it share twelve documents produced by Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") with counsel for Express Scripts, Inc. ("ESI") and Accredo Health Group, Inc. ("Accredo"), subject to the Discovery Protective Order, for the purposes of investigating communications between ESI and Accredo on the one hand and JJHCS on the other. JJHCS states that it would be patently improper for SaveOnSP to share JJHCS's confidential discovery materials with nonparties who are SaveOnSP's partners in the very scheme that is harming JJHCS. The parties are at impasse.

### *SaveOnSP's Position*

JJHCS sued SaveOnSP for tortious interference with contract and for deceptive trade practices in violation of New York General Business Law § 349. Compl. ¶¶ 106-17. JJHCS claims SaveOnSP damaged it "by making it pay more money from CarePath than it otherwise would have for a purpose JJHCS did not intend." *Id.* ¶¶ 110, 115. One of SaveOnSP's defenses is that JJHCS failed to mitigate its purported damages. Aff. Defs. ¶¶ 24-29. Apparently anticipating this defense, JJHCS alleged in its Complaint that "there is no easy or foolproof way for JJHCS to simply reduce the amount of assistance it provides to all patients enrolled in SaveOnSP's Program." Compl. ¶ 101. "JJHCS cannot reduce cost support preemptively to prevent SaveOnSP's activities without an unacceptable risk that individual patients may be misidentified[.]" *Id.*[1]

---

[1] In its June 2, 2023 Joint Letter, JJHCS similarly asserted that it "had no precise and reliable information about which individuals are enrolled in both CarePath and the SaveOnSP Program." ECF No. 109 at 3.

Hon. Cathy L. Waldor
September 5, 2023
Page 2

JJHCS has produced documents showing that it *can* identify patients enrolled in Save-OnSP-advised plans by asking ESI or Accredo. JJHCS has produced twelve Benefits Investigation Updates ███████████████ Ex. 1 (JJHCS_00003355); Ex. 2 (JJHCS_00003430); Ex. 3 (JJHCS_00003442); Ex. 4 (JJHCS_00003447); Ex. 5 (JJHCS_00003464); Ex. 6 (JJHCS_00003473); Ex. 7 (JJHCS_00003510); Ex. 8 (JJHCS_00003536); Ex. 9 (JJHCS_00003554); Ex. 10 (JJHCS_00003558); Ex. 11 (JJHCS_00003562); Ex. 12 (JJHCS_00003570).

SaveOnSP would like to show these documents—which JJHCS marked as Attorneys' Eyes Only—to ESI and Accredo's counsel to help SaveOnSP obtain discovery regarding their communications with JJHCS or its vendors regarding patients on SaveOnSP-advised plans. JJHCS refused to consent, Ex. 13 (Aug. 22, 2023 Ltr.); Ex. 14 (Aug. 22-23 email chain), even though the parties have routinely consented to sharing their produced documents with third parties for discovery purposes. *See, e.g.*, Ex. 15 (JJHCS sharing documents with ESI); Ex. 16 (Save-OnSP sharing documents with The Lash Group); Ex. 13 (JJHCS sharing documents with ESI).

JJHCS cannot show that the requested disclosure would harm it: (1) the documents concern ESI and Accredo's conversations with JJHCS or its vendor; (2) the disclosure would be only to assist ESI and Accredo's counsel in identifying relevant discovery; and (3) ESI and Accredo's counsel would also execute the Discovery Protective Order. JJHCS's refusal is particularly concerning as it has thus far refused to produce all its Benefits Investigation Updates, the disclosure of which SaveOnSP asks the Court to compel in a separate letter. *See* ECF No. 146 at 9, 11. JJHCS should not be allowed to prevent SaveOnSP from discovering critical information confirming its mitigation defense.

JJHCS asserts that it does not know why SaveOnSP wants to show ESI and Accredo's counsel these documents, but SaveOnSP has explained that it intends to do so for the only permitted purpose under the Discovery Confidentiality Order—discovery. SaveOnSP intends to subpoena ESI and Accredo for documents and communications regarding their relevant communications with JJHCS.[2] JJHCS also accuses SaveOnSP of seeking relief not contemplated by the Discovery Confidentiality Order, but that order specifically allows an "Order of the Court" to alter the circumstances under which confidential discovery material may be disclosed.

---

[2] JJHCS asserts that SaveOnSP filed affidavits arguing that ESI and Accredo should not have to produce documents. Not so. SaveOnSP provided factual affidavits describing its document productions to date. Ex. 17 (Affidavit of A. Dunlap re Accredo); Ex. 18 (Affidavit of A. Dunlap re ESI). SaveOnSP has not argued, in any forum, that ESI and Accredo are immune from discovery in this case.

Hon. Cathy L. Waldor
September 5, 2023
Page 3

SaveOnSP asks the Court for permission to share the twelve documents identified above with ESI and Accredo's counsel for discovery purposes.

### *JJHCS's Position*

SaveOnSP asks this Court to permit disclosure of JJHCS's confidential discovery information to nonparties that just so happen to be SaveOnSP's business partners and co-schemers in the tortious and unlawful SaveOnSP Program. JJHCS vehemently objects to its confidential documents being exposed to nonparties in this way. Indeed, SaveOnSP does not cite any authority in support of this remarkable request, and JJHCS is aware of none. The Court can stop and should stop there—SaveOnSP's application is groundless and should be denied as such.

But if the Court proceeds further, it should note that SaveOnSP is being deliberately opaque about what it proposes to do with JJHCS's confidential documents. SaveOnSP claims that it wishes to show JJHCS's documents to its business partners' counsel "to help SaveOnSP obtain discovery." Not only is this hopelessly vague, it makes little sense: SaveOnSP has never subpoenaed ESI or Accredo, and so is not in a position to "obtain discovery" from them. SaveOnSP now makes the dubious claim that it "intends" to subpoena both entities, but even if true, that only demonstrates that its requested relief is premature at best. To state the obvious, ESI and Accredo do not need access to JJHCS's confidential documents to help them comply with hypothetical subpoenas that do not yet exist. And on the merits, SaveOnSP cannot possibly show that ESI and Accredo would need the ***internal*** JJHCS documents at issue to identify relevant ***external*** communications in their own files.

SaveOnSP's application is not only meritless, it is also hypocritical. Although SaveOnSP never subpoenaed ESI and Accredo, JJHCS did—and SaveOnSP worked hand-in-glove with both in an attempt to prevent JJHCS from obtaining a single relevant document. Both of SaveOnSP's partners fought JJHCS's subpoenas tooth and nail for eight months, eventually forcing JJHCS into motion practice to compel compliance. For good measure, ESI and Accredo even refused to allow those motions to be heard by this Court, requiring JJHCS to file separate actions in Missouri and Tennessee notwithstanding the fact that ESI and Accredo share common corporate ownership.

SaveOnSP actively worked with its partners to prevent disclosure. SaveOnSP's counsel filed declarations in those far-flung actions, expressly in support of ESI and Accredo's arguments that they should not have to produce documents. That was SaveOnSP's choice. But SaveOnSP should not be permitted to aver to federal judges across the country that its business partners need not be involved in discovery, and then turn around and complain to this Court that those same partners need access to JJHCS's confidential documents, produced pursuant to a protective order in litigation to which they are not parties.

SaveOnSP now attempts to backtrack from the inconvenient positions it took on the ESI and Accredo subpoenas. *See* n.2, *supra*. But counsel's own declarations give the lie to that

Hon. Cathy L. Waldor
September 5, 2023
Page 4

attempt. The Dunlap Declarations plainly state that counsel submitted them "in support of" ESI and Accredo's oppositions to JJHCS's motions to compel compliance with the subpoenas. *See* Ex. 17 ¶ 2; Ex. 18 ¶ 2. Those oppositions, in turn, relied extensively on the Dunlap Declarations to argue that ESI and Accredo should be completely excused from complying with the subpoenas. *See* JJHCS Ex. 1 *passim* (ESI citing Dunlap seven times); JJHCS Ex. 2 *passim* (Accredo citing Dunlap six times). And, of course, the Dunlap Declarations were filed ***by*** ESI and Accredo, leaving no doubt that this was a coordinated effort by all three partners in the SaveOnSP Program to prevent JJHCS from obtaining discovery.

SaveOnSP also argues above that there is nothing out of the ordinary about its gamesmanship because "the parties have routinely consented to sharing their produced documents with third parties for discovery purposes." That is misleading. In every example given by SaveOnSP above, the third party to whom disclosure was sought had been subpoenaed, and there were special circumstances that justified the sharing of documents on consent. In other words, party discovery was shared with nonparties either in motion practice (e.g., when JJHCS had to move to compel ESI to produce documents) or for the limited purpose of helping a nonparty identify relevant documents in its own files to be produced pursuant to subpoena. Again, nothing like that is happening here: SaveOnSP has not served ESI or Accredo with subpoenas, so there is no good reason to share JJHCS's confidential discovery with them without JJHCS's consent.

SaveOnSP has previously recognized the importance of consent before documents are shared with these same nonparties. For example, SaveOnSP recently accused JJHCS of disclosing discovery documents to ESI without SaveOnSP's consent. The accusation was false and SaveOnSP eventually retracted it. In fact, months ago, JJHCS had asked SaveOnSP to consent and SaveOnSP ***had*** consented to the disclosure in a letter, but then apparently forgot it had done so and pointed the finger at JJHCS. *See* JJHCS Ex. 3. Yet, tellingly, when SaveOnSP mistakenly thought JJHCS had shared discovery materials with ESI, it howled that such disclosure without consent was a violation of the protective order. SaveOnSP's counsel wrote:

> …JJHCS violated the Discovery Confidentiality Order. That Order forbids JJHCS from sharing confidential material produced by SaveOnSP with anyone other than a narrow group of specific individuals and subject to specific conditions. A party may share produced documents with a third party only if "mutually agreed upon in writing among the Parties." Compliance with the Order is especially important in this case, due to the HIPAA-protected materials that have been produced…. The Order required JJHCS to obtain SaveOnSP's consent before sharing its confidential discovery documents with ESI or the court in Missouri. By failing to obtain that consent, JJHCS violated the Order.

*Id.* (internal citations omitted). Thus, SaveOnSP plainly understands the primacy of consent in these circumstances. And consent by JJHCS is even more important because ESI and Accredo are

Hon. Cathy L. Waldor
September 5, 2023
Page 5

not our business partners; they are SaveOnSP's, working "right in there" with SaveOnSP to drain the financial assistance that JJHCS makes available for patients. *See* Apr. 13, 2023 Tr. at 55:4–16 (SaveOnSP's counsel: "They're right in there with us. They're our business partners. They make money off what we do.").

JJHCS was entirely within its rights under the Discovery Confidentiality Order when it declined to consent to disclosure of its internal documents to SaveOnSP's partners. That order was negotiated by the parties and entered into with the consent of both JJHCS and SaveOnSP. If SaveOnSP wanted to bargain for an "accomplice" exception to the order's confidentiality protections, it should have done so at the beginning of discovery. The parties could then have addressed the propriety of such an exception with the Court before they produced any documents. But now it's too late: JJHCS has produced confidential, internal documents in reliance on the protections of the Court's order, including the right to consent before such documents are exposed to nonparties. SaveOnSP should not be permitted to destroy that protection.

\* \* \*

The parties appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com

Hon. Cathy L. Waldor
September 5, 2023
Page 6

mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

*/s/ Jeffrey J. Greenbaum w/ permission*

Jeffrey J. Greenbaum
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

14530384

# Exhibits 1-12

## CONFIDENTIAL - FILED UNDER SEAL

# Exhibit 13

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

August 22, 2023

**Via E-mail**

George LoBiondo
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
globiondo@pbwt.com

Re:     ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear George,

We write in response to JJHCS's August 21, 2023 letter asking for Save-OnSP's consent to show certain documents produced by SaveOnSP to counsel for Express Scripts, Inc. ("ESI"). SaveOnSP similarly asks JJHCS for JJHCS's consent to show certain documents to ESI's counsel.

## I.     Documents Produced by SaveOnSP

SaveOnSP consents to JJHCS sharing the following documents with ESI's counsel if (1) ESI's counsel will sign the undertaking under the Discovery Confidentiality Order; (2) JJHCS shares the documents with ESI's counsel on an Attorneys' Eyes Only basis; and (3) JJCHS agrees that SaveOnSP can share with ESI's and Accredo's counsel the documents identified in Section II, below: SOSP_0013273;    SOSP_0014533;    SOSP_0024677;    SOSP_0024839; SOSP_0027928;    SOSP_0095040;    SOSP_0128795;    SOSP_0162815; SOSP_0177704;    SOSP_0177705;    SOSP_0203761;    SOSP_0204708; SOSP_0210861; SOSP_0272810; SOSP_0382846; SOSP_0447035.

The following documents contain HIPAA-protected patient health information: SOSP_0075904, SOSP_0151181, SOSP_0400887, SOSP_0383010, SOSP_0157342,    SOSP_0157358,    SOSP_0157366,    SOSP_0380554, SOSP_0106836, SOSP_0108078, SOSP_0358419, SOSP_0445851. SaveOnSP does not believe that JJHCS sharing that information with ESI for purposes of this litigation is a permitted use or disclosure of HIPAA-protected information.

George LoBiondo
August 22, 2023

Further, the disclosure of that information would go beyond the minimum neces-
sary to achieve the purpose of the disclosure. SaveOnSP consents to JJHCS sharing
these documents with ESI's counsel subject to the same conditions list above, with
all PHI redacted. If JJHCS agrees, SaveOnSP will prepare redacted versions of the
documents.

## II.    Documents Produced by JJHCS

SaveOnSP would like to show the following documents to ESI's counsel on
an Attorneys' Eyes Only basis. They are Benefits Investigations Updates that ███
███████████████████████████████████ They have the following Bates numbers:

- JJHCS_00003355

- JJHCS_00003430

- JJHCS_00003442

- JJHCS_00003447

- JJHCS_00003464

- JJHCS_00003473

- JJHCS_00003510

- JJHCS_00003536

- JJHCS_00003554

- JJHCS_00003558

- JJHCS_00003562

- JJHCS_00003570

Please advise if JJHCS consents to this disclosure.

2

George LoBiondo
August 22, 2023

We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

Cc:    Sarah Hellman, Esq.
       Chris Smith, Esq.
       Jeremy M. Sternberg, Esq.
       Kate Ledden, Esq.

# Exhibit 14

| | |
|---|---|
| **From:** | LoBiondo, George (x2008) |
| **To:** | Elizabeth Snow; Meredith Nelson; Andrew Dunlap; Wohlforth, E. Evans; David Elsberg |
| **Cc:** | Hellmann, Sarah; Beth A. Bauer; Smith, Chris; Sternberg, Jeremy M (BOS - X71476); Ledden, Kate; _cg J&J-SaveOn |
| **Subject:** | RE: Johnson & Johnson Health Care Systems Inc. v. Express Scripts, Inc., No. 4:23-mc-527-SEP (E.D. Mo.) |
| **Date:** | Wednesday, August 23, 2023 8:22:36 PM |

Elizabeth,

Thanks for that clarification. We are surprised to learn that SaveOnSP is now interested in getting relevant information from Express Scripts. SaveOnSP has not subpoenaed Express Scripts; not only that, a lawyer from your firm went so far as to submit a declaration opposing our efforts to compel Express Scripts's compliance with our subpoena. We do not consent to your requested disclosure.

Thanks,
George

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, August 23, 2023 10:15 AM
**To:** LoBiondo, George (x2008) <globiondo@pbwt.com>; Meredith Nelson <mnelson@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>
**Cc:** Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; Beth A. Bauer <Beth.Bauer@heplerbroom.com>; Smith, Chris <Chris.Smith@huschblackwell.com>; Sternberg, Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Ledden, Kate <Kate.Ledden@huschblackwell.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: Johnson & Johnson Health Care Systems Inc. v. Express Scripts, Inc., No. 4:23-mc-527-SEP (E.D. Mo.)

**⚠️ *Caution: External Email!***

George,

The documents show that ESI and/or Accredo discussed information about participants in SaveOnSP-advised plans with JJHCS or an entity or vendor associated with JJHCS. We want to share them with ESI/Accredo's counsel to determine if they have relevant information about these communications.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------

+1 212.390.9330  [O]

+1 540.409.7257  [M]

---

**From:** LoBiondo, George (x2008) <globiondo@pbwt.com>
**Sent:** Tuesday, August 22, 2023 9:09 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>;
Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; David
Elsberg <delsberg@selendygay.com>
**Cc:** Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; Beth A. Bauer
<Beth.Bauer@heplerbroom.com>; Smith, Chris <Chris.Smith@huschblackwell.com>; Sternberg,
Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Ledden, Kate
<Kate.Ledden@huschblackwell.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: Johnson & Johnson Health Care Systems Inc. v. Express Scripts, Inc., No. 4:23-mc-527-
SEP (E.D. Mo.)

Elizabeth,

Thanks for your prompt response.  We do not understand why you believe ESI needs documents
produced by JJHCS.  Can you please clarify?

George

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Tuesday, August 22, 2023 7:59 PM
**To:** LoBiondo, George (x2008) <globiondo@pbwt.com>; Meredith Nelson
<mnelson@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans
<EWohlforth@rc.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>
**Cc:** Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; Beth A. Bauer
<Beth.Bauer@heplerbroom.com>; Smith, Chris <Chris.Smith@huschblackwell.com>; Sternberg,
Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Ledden, Kate
<Kate.Ledden@huschblackwell.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: Johnson & Johnson Health Care Systems Inc. v. Express Scripts, Inc., No. 4:23-mc-527-
SEP (E.D. Mo.)

*Caution: External Email!*

George,

Please find attached a letter in the above-referenced matter.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
-------------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

**From:** LoBiondo, George (x2008) <globiondo@pbwt.com>
**Sent:** Monday, August 21, 2023 10:54 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>;
Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; David
Elsberg <delsberg@selendygay.com>
**Cc:** Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; Beth A. Bauer
<Beth.Bauer@heplerbroom.com>; Smith, Chris <Chris.Smith@huschblackwell.com>; Sternberg,
Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Ledden, Kate
<Kate.Ledden@huschblackwell.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** Johnson & Johnson Health Care Systems Inc. v. Express Scripts, Inc., No. 4:23-mc-527-SEP
(E.D. Mo.)

Counsel, please see the attached correspondence.  Thank you.

**George LoBiondo**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212.336.2008
globiondo@pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

# Exhibit 15

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy**
**gay**
**elsberg**

Andrew Dunlap
Partner
212 390 9069
adunlap@selendygay.com

May 2, 2023                    CONFIDENTIAL

**Via E-mail**

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
     LLC*** **(Case No. 2:22-cv-02632-ES-CLW)**

Dear Harry,

We write in response to your April 27, 2023 letter regarding SaveOnSP's
patient lists, priority data production, and JJHCS's third-party motions to compel.

## I.   Patient List

JJHCS asks that SaveOnSP provide a list of patients that includes the rele-
vant time period from April 1, 2016 through July 1, 2022. Apr. 27, 2023 Ltr. at 1.
SaveOnSP produced that list on April 28, 2023.

## II.   Transaction- and Prescription-Level Data

JJHCS asks that SaveOnSP confirm the date by which it will produce trans-
action- and prescription-level data requested in JJHCS's RFP Nos 41 and 42. We
anticipate being able to make an initial production in the next week or so; we will
make the full production as promptly as possible.

## III.   Motions to Compel ESI & Accredo

JJHCS indicates that it intends to file motions to compel Express Scripts
and Accredo to produce documents in response to third-party subpoenas, and as
part of those motions, to cite materials that SaveOnSP has designated Confidential
or Attorneys' Eyes Only pursuant to the Protective Order. You also confirm that
you will file all such motions under seal and have provided ESI and Accredo with

Harry Sandick
May 2, 2023

copies of the Protective Order. SaveOnSP does not object to this proposed use of those materials if they are filed under seal.

    We reserve all rights and are available to meet and confer.

Best,

/s/ Andrew Dunlap

Andrew R. Dunlap
Partner

2

# Exhibit 16



July 24, 2023

Harry Sandick
(212) 336-2723

**By Email**

Emma Holland, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

          **Re:**   ***Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC***
                **Case No. 2:22-cv-02632 (ES) (CLW)**

Dear Emma:

        We write in response to your July 18, 2023 letter concerning your request to share certain documents produced by Johnson & Johnson Health Care Systems, Inc. with The Lash Group, Inc.

        Thank you for agreeing to reduce the number of proposed documents identified for disclosure from fifteen to eleven and to redact information unrelated to the Lash Group, which we expect you to do.  As to the specific documents you have identified, we state as follows:

- **JJHCS_00026191:**  We dispute that this spreadsheet shows the Lash Group's involvement in administering CarePath patient assistance, which is the focus of this litigation.  To the contrary, ██████████████████████████████████████ ████████████████████████████████████████████████████████████████ Nevertheless, in the interest of compromise, we consent to your disclosure of the spreadsheet with the redactions proposed.

- **JJHCS_00065150:**  This is a purely internal document tracking the approval of certain materials for distribution.  Further, to the extent the Lash Group was involved in ██████████████████████████████ as reflected in Row 100, we dispute that the Lash Group had any information related to the meaning and enforcement of CarePath's terms and conditions that is not otherwise in the possession of JJHCS.  We, therefore, do not consent to disclosure of this entire document to the Lash Group. However, in the interest of compromise, we consent to your disclosure of the specific information referenced in Row 100—i.e., ████████████████████████████████ ██████████████████████████

Emma Holland, Esq.
July 24, 2023
Page 2

- **JJHCS_00072387, JJHCS_00072388, JJHCS_00072389:** We dispute that these documents provide any evidence that the Lash Group has any information related to the meaning and enforcement of CarePath's terms and conditions that is not otherwise in the possession of JJHCS. We also have not identified any reference within these documents to SaveOnSP or to the confusion and stress it has caused to patients. Nevertheless, in the interest of compromise, we consent to your disclosure of these documents to the Lash Group.

- **JJHCS_00072942:** We dispute that this document provides any evidence that the Lash Group has any information related to the meaning and enforcement of CarePath's terms and conditions that is not otherwise in the possession of JJHCS. We also do not understand the reference to ▮▮▮▮▮▮▮▮▮▮▮▮▮ to refer to the Lash Group's involvement in administering patient assistance benefits. Nevertheless, in the interest of compromise, we consent to your disclosure of this document to the Lash Group.

- **JJHCS_00026858:** We do not agree that a proposal from the Lash Group to provide services to JJHCS has any bearing whatsoever on the terms and conditions of the CarePath program. Further, we have not identified any reference within this document to SaveOnSP or to the confusion and stress it has caused to patients. Nevertheless, in the interest of compromise, we consent to your disclosure of this document to the Lash Group.

- **JJHCS_00025841:** Contrary to your assertion, this document appears to confirm that TrialCard, not the Lash Group, was principally involved in "administer[ing], manag[ing], and implement[ing] an assistance program" for JJHCS's Simponi product. *See* JJHCS_00025841 ("Statement of Purpose"). We thus dispute that this document shows that the Lash Group has any information related to the meaning and enforcement of CarePath's terms and conditions that is not otherwise in the possession of JJHCS. Further, we have not identified any reference within this document to SaveOnSP or to the confusion and stress it has caused to patients. Nevertheless, in the interest of compromise, we consent to your disclosure of a redacted form of this document to the Lash Group, as proposed in Exhibit A to your letter.

- **JJHCS_00069175, JJHCS_00069177:** Contrary to your assertion, these documents appear to confirm that the Lash Group was principally involved in patient benefits investigations, not in administering patient assistance. JJHCS_00069175 is an internal email, while JJHCS_00069177 appears to be, at least in part, an internal compliance training that may have been adapted from materials related to the Lash Group, not necessarily distributed to the Lash Group's personnel. We do not consent to the disclosure of these documents.

14425124

Emma Holland, Esq.
July 24, 2023
Page 3

- **JJHCS_00059396:** We consent to the disclosure of slides 1 and 17 of this deck to the Lash Group.

       Finally, please promptly confirm in writing that you will provide the Lash Group with a copy of the Protective Order, ECF No. 62, before furnishing any materials designated confidential or attorneys' eyes only and will secure its willingness to abide by it prior to any disclosure of designated materials.

       Very truly yours,


       */s/ Harry Sandick*
       Harry Sandick

14425124

# Exhibit 17

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | Civil Action No. 2:23-mc-00019 |
| Plaintiff, | AFFIDAVIT OF ANDREW DUNLAP |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

## **AFFIDAVIT OF ANDREW R. DUNLAP**

I, Andrew R. Dunlap, declare as follows:

1.      I am a member of Selendy Gay Elsberg PLLC, counsel for Save On SP, LLC ("SaveOnSP"). I am admitted to the bar of the State of New York, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the United States Courts of Appeals for the Second Circuit, Sixth Circuit, and Ninth Circuit.

2.      I submit this Declaration in support of Accredo Health Group Inc.'s ("Accredo") Opposition to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") Motion to Compel Compliance with the Subpoena Issued to Third Party Accredo Health Group Inc.

3.      On May 11, 2022, JJHCS served its First Set of Requests for Production ("RFPs") (comprising RFP Nos. 1 through 42) in *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*, Civil Action No. 2:23-mc-00019 (D.N.J.) (the "Action"). Those requests were deemed served as of October 24, 2022, the date of the parties' first conference pursuance to Federal Rule of Civil Procedure 26(f).

4.      On October 21, 2022, JJHCS served its Second Set of RFPs (comprising RFP Nos. 43 through 52). On February 7, 2023, JJHCS served its Third Set of Requests for Production (comprising RFP Nos. 53 through 59). On April 18, 2023, JJHCS served its Fourth Set of Requests for Production (comprising RFP Nos. 60 through 71). On May 16, 2023, JJHCS served its Fifth Set of Requests for Production (comprising RFP Nos. 72 through 80).

5.      In the Action, SaveOnSP has thus far produced more than 96,000 documents in party discovery to JJHCS on the following dates: November 23, 2022; February 2, 2023; March 16, 2023; March 31, 2023; April 12, 2023; April 28, 2023; May 5, 2023; May 26, 2023; June 2, 2023; June 5, 2023.

6.      SaveOnSP's document productions to date include without limitation:

a.      In response to JJHCS's RFP No. 10, documents and communications, including contracts, regarding the relationship between Express Scripts and SaveOnSP, which are responsive to JJHCS's RFP Nos. 3-4 to Accredo;

b.      In response to JJHCS's RFP No. 11, documents and communications, including contracts, regarding the relationship between Accredo and SaveOnSP, which are responsive to JJHCS's RFP Nos. 1-3 to Accredo;

c.      In response to JJHCS's RFP No. 33, documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including from patients, patient advocacy groups, health plan sponsors, governmental agencies, ESI, and Accredo, which are responsive to JJHCS's RFP No. 16 to Accredo;

d.      In response to JJHCS's RFP No. 9, the Master Program Agreement executed between Express Scripts and SaveOnSP, which is responsive to JJHCS's RFP No. 6 to Accredo;

e.       In response to JJHCS's RFP No. 23, documents showing drugs for which CarePath assistance is available. which are responsive to JJHCS's RFP No. 8 to Accredo;

f.      In response to JJHCS's RFP No. 22, documents regarding compliance with the Affordable Care Act, which are relevant to JJCHS's RFP No. 12 to Accredo;

2

g.  In response to JJHCS's RFP No. 41, data regarding manufacturer copay assistance provided to a pharmacy, pharmacy benefit manager, or SaveOnSP for prescriptions filled by members of SaveOnSP-advised plans, which is relevant to JJHCS's Request Nos. 18-20 to Accredo;

h.  In response to JJHCS's RFP No. 42, transaction-level data for patients who filled a prescription for a Janssen drug, which is relevant to JJHCS's Request Nos. 18-20 to Accredo;

7.  SaveOnSP anticipates making substantial additional productions, which may include documents and communications in the foregoing categories that have not been produced to date.

Dated:  New York, New York
        June 7, 2023

/s/ _____

        Andrew R. Dunlap
        Partner
        SELENDY GAY ELSBERG PLLC
        1290 Avenue of the Americas
        New York, NY 10104
        (212) 390-9000
        adunlap@selendygay.com

3

# Exhibit 18

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 4:23-MC-00527-SEP <br><br> AFFIDAVIT OF ANDREW DUNLAP |

AFFIDAVIT OF ANDREW R. DUNLAP

I, Andrew R. Dunlap, declare as follows:

1.     I am a member of Selendy Gay Elsberg PLLC, counsel for Save On SP, LLC ("SaveOnSP"). I am admitted to the bar of the State of New York, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the United States Courts of Appeals for the Second Circuit, Sixth Circuit, and Ninth Circuit.

2.     I submit this Declaration in support of Express Script, Inc.'s ("ESI") Opposition to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") Motion to Compel Compliance with the Subpoena Issued to Third Party ESI.

3.     On May 11, 2022, JJHCS served its First Set of Requests for Production ("RFPs") (comprising RFP Nos. 1 through 42) in *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*, Civil Action No. 2:23-mc-00019 (D.N.J.) (the "Action"). Those requests were deemed served as of October 24, 2022, the date of the parties' first conference pursuance to Federal Rule of Civil Procedure 26(f).

4.      On October 21, 2022, JJHCS served its Second Set of RFPs (comprising RFP Nos. 43 through 52). On February 7, 2023, JJHCS served its Third Set of Requests for Production (comprising RFP Nos. 53 through 59). On April 18, 2023, JJHCS served its Fourth Set of Requests for Production (comprising RFP Nos. 60 through 71). On May 16, 2023, JJHCS served its Fifth Set of Requests for Production (comprising RFP Nos. 72 through 80).

5.      In the Action, SaveOnSP has thus far produced more than 96,000 documents in party discovery to JJHCS on the following dates: November 23, 2022; February 2, 2023; March 16, 2023; March 31, 2023; April 12, 2023; April 28, 2023; May 5, 2023; May 26, 2023; June 2, 2023, June 5, 2023.

6.      SaveOnSP's document productions to date include without limitation:

   a.      In response to JJHCS's RFP No. 10, documents and communications, including contracts, regarding the relationship between ESI and SaveOnSP, which are responsive to JJHCS's RFP Nos. 1-3 to ESI;

   b.      In response to JJHCS's RFP No. 33, documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including from patients, patient advocacy groups, health plan sponsors, governmental agencies, ESI, and Accredo, which are responsive to JJHCS's RFP No. 23 to ESI;

   c.      In response to JJHCS's RFP No. 9, the Master Program Agreement executed between Express Scripts and SaveOnSP, which is responsive to JJHCS's RFP No. 8 to ESI;

   d.       In response to JJHCS's RFP No. 23, documents showing drugs for which CarePath assistance is available. which are responsive to JJHCS's RFP No. 11 to ESI;

   e.      In response to JJHCS's RFP No. 22, documents regarding compliance with the Affordable Care Act, which are relevant to JJCHS's RFP Nos. 16-18 to ESI;

   f.      In response to JJHCS's RFP No. 41, data regarding manufacturer copay assistance provided to a pharmacy, pharmacy benefit manager, or SaveOnSP for prescriptions filled by members of SaveOnSP-advised plans, which is relevant to JJHCS's Request Nos. 28-30 to ESI;

g.  In response to JJHCS's RFP No. 42, transaction-level data for patients who filled a prescription for a Janssen drug, which is relevant to JJHCS's Request Nos. 28-30 to ESI.

7.  SaveOnSP anticipates making substantial additional productions, which may include documents and communications in the foregoing categories that have not been produced to date.

Dated:  New York, New York
June 7, 2023

/s/

Andrew R. Dunlap
Partner
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
adunlap@selendygay.com

#222114416_v1

# JJHCS Exhibit 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOHNSON & JOHNSON
HEALTH CARE SYSTEMS INC.,

      Plaintiff,

v.

EXPRESS SCRIPTS, INC.,

      Defendant.

Civil Action No. 4:23-MC-00527-SEP

## DEFENDANT EXPRESS SCRIPTS, INC.'S RESPONSE TO PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S MOTION TO COMPEL

Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") motion to compel is a premature attempt to circumvent this Court's Local Rules and the Federal Rules of Civil Procedure. JJHCS sued Save On SP, LLC ("SaveOnSP"), not Express Scripts, Inc. ("Express Scripts"), in New Jersey federal court. During discovery in that case, JJHCS issued a subpoena to non-party Express Scripts under Federal Rule of Civil Procedure 45. Instead of taking reasonable steps to avoid imposing undue burden or expense on non-party Express Scripts as required by Rule 45, JJHCS is trying to fish with dynamite. At a glance, JJHCS's requests are facially invalid, many of which seek "all" documents or communications. Moreover, JJHCS can, and should, obtain the relevant information from opposing party SaveOnSP. This much Express Scripts has told JJHCS while expressing its willingness to meet and confer. Rather than meet and confer in good faith, JJHCS has now run to court. JJHCS should not be permitted to sidestep Local Rule 3.04(A) and Rule 45—its motion should be denied and Express Scripts should be awarded attorneys' fees for being haled in to court prematurely and unnecessarily.

- 1 -

## BACKGROUND

On May 4, 2022, JJHCS filed a complaint against SaveOnSP in the United States District Court for the District of New Jersey — *Johnson & Johnson Health Care v. Save On SP, LLC*, No. 2:22-cv-02632-JMV-CLW (D.N.J.) (the "New Jersey Action"). JJHCS asserts two claims against SaveOnSP—tortious interference with contract and deceptive trade practices under New York law. ECF No. 1. The only parties in that case are JJHCS and SaveOnSP. *Id.* Express Scripts is not a party to that litigation. *See id.; see also* Declaration of Meghan Pasicznyk ("Pasicznyk Decl.") Ex. 2 at ¶¶9 & 10.

Express Scripts is a pharmacy benefit manager, or PBM, serving more than 100 million Americans. *Id.* at ¶4. Express Scripts plan sponsor clients, include managed care organizations, health insurers, third-party administrators, employers, union-sponsored benefit plans, workers' compensation plans, government health programs, providers, clinics, hospitals, and others (collectively "Clients"). *Id.* Express Scripts provides claims adjudication services for its Clients for prescriptions dispensed by a pharmacy. Such services include: (i) verifying eligibility; (ii) performing drug utilization review; (iii) implementing a Client's benefit design; (iv) enabling pharmacies and physicians to verify eligibility, formulary, utilization history, and benefit design; and (v) adjudicating the claims. *Id.* at ¶6. There are 500 employees at Express Scripts who touch or otherwise have some involvement in offering the SaveOnSP program and there are 180,000 patients and 2,000 unique plans associated with that relationship. *Id.* at ¶15.

On January 13, 2023, JJHCS served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") on non-party Express Scripts. Declaration of Jeremy Sternberg ("Sternberg Decl.") Ex. 1 at ¶2, Ex. A. The Subpoena sought thirty (30) categories of documents. *Id.* Nearly two-thirds of the requests (19/30)

use the facially improper formulation seeking "all documents" or the like. *Id.* at ¶3. Fully a third of the requests are identical or nearly identical to requests served on SaveOnSP on October 24, 2022, in party discovery. *See Id.* at ¶12, Ex. G (chart identifying the numerous duplicative document and data requests).

On February 17, 2023, Express Scripts timely served its Objections and Responses to the non-party Subpoena, objecting to each of JJHCS's 30 requests for production. *Id.* at ¶3, Ex. B. In numerous subsequent discussions between counsel over the ensuing several weeks, Express Scripts repeatedly explained that it was willing to consider producing non-privileged documents responsive to the Subpoena that JJHCS was unable to obtain from SaveOnSP in party discovery. *Id.* at Exs. B, C, D. As explained, this would avoid unnecessary burden on Express Scripts from duplicative, simultaneous requests. *Id.* at ¶¶4-9. In any event, JJHCS rejected the Express Scripts' proposal at the end of March. *Id.* at Ex. E. Subsequent communications involved merely discussing the appropriate venue for filing the current motion and no further substantive discussions were held regarding the requests prior to JJHCS filing its motion to compel in this Court on May 17, 2023. *Id.* at ¶9.

Even after JJHCS filed its motion, Express Scripts attempted to seek resolution. On May 24, 2023, counsel for Express Scripts asked counsel for JJHCS to provide a list of requests to which documents had not been produced in party discovery and that it believed were in the possession of Express Scripts. *Id.* at ¶10. Instead of meaningfully responding to that request, JJHCS merely reiterated that it sought "full compliance with the subpoena," with extremely limited and toothless exceptions. *Id.* at ¶11, Ex. F.

Despite Express Scripts' efforts at compromise, JJHCS has been unrelenting in its demand that Express Scripts produce documents regardless of whether they are discoverable from

SaveOnSP or were already produced by SaveOnSP. And SaveOnSP's productions to date have been extensive. JJHCS has received more than 96,000 documents in party discovery from SaveOnSP. Declaration of Andrew R. Dunlap ("Dunlap Decl.") Ex. 3 at ¶5. Express Scripts does not have full insight into the content of those documents, but given the overlapping nature of the requests for production served on SaveOnSP and those served on Express Scripts, Express Scripts understands that JJHCS has already received tens-of-thousands of documents—from an actual party in the New Jersey Action—that would otherwise be responsive to the Subpoena. *Id.* at ¶¶5 & 6. Further, party document production in the New Jersey Action is not yet complete.  By order dated June 7, 2023, the parties' deadline for substantial completion of their document production was extended from June 9, 2023, to July 24, 2023. ECF No. 113.

Given this, JJHCS's continued insistence on production from Express Scripts appears aimed at making an end run around orders in the New Jersey Action. For instance, the court in the New Jersey Action has already denied JJHCS's motion to compel SaveOnSP to produce documents related to "non-Janssen drugs and patients." ECF No. 102. Despite this unambiguous decision by the court, JJHCS now seeks documents from Express Scripts that similarly relate to non-Janssen drugs, in clear contravention of the court's prior order. Sternberg Decl. ¶11, Ex. F. *See, e.g., id.* at Ex. A (RFP Nos. 3, 11, 12, 20, 22, 23, 24, 28, 30). In fact, JJHCS explicitly seeks prescription-level transaction data for all patients enrolled in SaveOnSP's program, "irrespective of whether they filled prescriptions for Janssen or **non-Janssen drugs**." *Id.* (RFP No. 30) (emphasis added).

For the following reasons, JJHCS's motion should be denied and Express Scripts should be awarded attorneys' fees for defending against this premature and meritless motion. Express Scripts does not consent to transfer to the United States District Court for the District of New

Jersey. Additionally, Express Scripts respectfully requests oral argument before this Court to further elaborate on the nature and extent of its burden and its ongoing, reasonable attempts to come to an agreement with JJHCS regarding these issues.

## ARGUMENT

JJHCS's motion to compel should be denied because the motion is premature, unnecessarily burdening both the Court and Express Scripts, and because JJHCS's requests are facially invalid or otherwise irrelevant. JJHCS's imposition of undue burden on Express Scripts warrants an award of attorneys' fees for litigating the current motion.

### A. Plaintiff's Motion is Premature Because Plaintiff Has Failed to Meet and Confer in Good Faith and has Failed to Seek Duplicative Discovery from a Party to the Underlying Litigation

#### 1. Plaintiff Has Not Participated in Timely or Good Faith Discussions Regarding the Subpoena

As a preliminary matter, JJHCS has failed to meet this Court's requirement under Local Rule 3.04 to certify that "movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so." E.D. Mo. L.R. 3.04(A). This obligation to meet and confer in good faith lies with the movant, not with opposing counsel. *Anderson v. Hansen*, No. 4:20-CV-00991-JAR, 2021 WL 1946366, at *3 (E.D. Mo. May 13, 2021). "'Good faith' requires 'a genuine attempt to resolve the discovery dispute through nonjudicial means,' and 'conferment' requires the parties 'to have had an actual meeting or conference.'" *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 6463306, at *2 (E.D. Mo. Nov. 17, 2014). "The requirement to confer in good faith is critical to the litigation process. This requirement helps to narrow the issues presented to the Court and to eliminate unnecessary motion practice. It is not an empty formality." *Schmidt v. Audrain Cnty. Crisis Intervention Servs. Inc.,* No. 2:18-CV-00057-NCC, 2019 WL 13273838, at *1 (E.D. Mo. Aug. 2, 2019).

The last meaningful communication between JJHCS and Express Scripts occurred in late March at which time counsel for Express Scripts wrote in a letter that Express Scripts is "willing to work with your client to produce, relevant, non-privileged documents that your client does not obtain in party discovery." Sternberg Decl. ¶7, Ex. D. Seeking to avoid motion practice, counsel for Express Scripts ended his March 24, 2023 communication urging continued dialogue as JJHCS reviewed document productions from SaveOnSP and indicating Express Scripts' preference to work with JJHCS "collaboratively in a logical, cost-effective, and efficient sequence and not to be adversaries in connection with your threatened motion to compel." *Id.* at ¶8. JJHCS unfortunately responded by letter on March 30, 2023, that "we are at impasse on these issues and therefore have no alternative other than to advance to motion practice." *Id.* at ¶9, Ex. E. Subsequent communications involved merely discussing the appropriate venue for filing the current motion. *Id*. No further substantive discussions were held regarding the requests prior to JJHCS filing its motion to compel in this Court. *Id.*

This is despite the fact that SaveOnSP made several substantial productions after JJHCS broke off meaningful discussions with Express Scripts—March 31, 2023, April 12, 2023, April 28, 2023, May 5, 2023—and after the filing of the current motion—May 26, 2023, June 2, 2023, and June 5, 2023. Dunlap Decl. ¶5. All told, JJHCS has received more than 96,000 documents from SaveOnSP, tens-of-thousands of which are directly responsive to duplicative requests directed to Express Scripts. *Id.* at ¶¶5, 6. Indeed, it appears a number of exhibits to the current motion are from SaveOnSP's productions. *See* Sandick Decl. Ex. E-F (Express Scripts Vendor Agreements with SaveOnSP including SaveOnSP bates numbers); Sandick Decl. Ex. G (email exchange also containing SaveOnSP bates numbers). Nonetheless, JJHCS has refused to engage in any meaningful discourse regarding the requests since March. Only after filing the current

motion, did JJHCS address potentially narrowing 3 of its 30 requests, indicating in a letter dated

May 25, 2023, that "JJHCS does seek full compliance with the subpoena" with the limited

exception of a portion of Request Nos. 1 and 3 and the entirety of Request No. 2, which it does

"not *presently* seek to enforce." Stenberg Decl., Ex. F (emphasis added). The letter ended with the

following, referring to the same requests, "JJHCS reserves all rights to seek these documents at a

later date." *Id.*

Communication by letter more than six weeks ago, prior to several substantial productions

of a party, does not satisfy either the letter or the spirit of Local Rule 3.04. Indeed, JJHCS has

made no demonstrable attempt to negotiate a narrowing of the requests in "good faith" and, as a

result, Express Scripts is still not clear on the unique documents or information JJHCS is seeking

from it. The Court should accordingly dismiss the motion to compel, and JJHCS's counsel should

"tailor discovery to the needs of the case and [] save their most zealous advocacy for those issues

necessary to resolve the merits of the legal claims." *Jones v. City of St. Louis*, No. 4:21CV600

HEA, 2023 WL 2242143, at *2 (E.D. Mo. Feb. 27, 2023).

### 2. Plaintiff's Motion is Also Premature Because Plaintiff Has Failed to Seek Relevant Discoverable Information from a Party in the Underlying Litigation

While a non-party may be compelled to produce documents, under Federal Rule of Civil

Procedure 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Nonparties are afforded "special protection against the time and expense of complying with

subpoenas." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d

922, 927 (8th Cir. 1999) (quoting *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d

774, 779 (9th Cir. 1994)). A basic tenet of this protection is that a subpoena is unduly burdensome

on a non-party if the information can be obtained from a party to the litigation. *See, e.g., Gregg v.*

*B&G Transportations, LLC*, No. 4:20-CV-766 RLW, 2021 WL 1598969, at \*5 (E.D. Mo. Apr. 23, 2021) (quashing a third party subpoena because the requested documents and information that was the subject matter of the third-party subpoena was available from defendant); *Watson v. Boyd*, No. 4:17-CV-2187 RLW, 2019 WL 1499679, at \*5 (E.D. Mo. Apr. 5, 2019) (granting motion to quash third party subpoena and finding "if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45") (internal citations omitted); *Cody v. City of St. Louis*, Case No. 4:17-CV-2707-AGF, 2018 WL 5634010, at \*3 (E.D. Mo. Oct. 31, 2018) (noting "[i]f the party seeking the information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Peoples Nat'l Bank, N.A. v. Mehlman*, Case No. 4:15CV00996 AGF, 2016 WL 3268761, \*2 (E.D. Mo. June 7, 2016) (same).

Plaintiff seeks to avoid this established principal by suggesting that Express Scripts is "not a disinterested non-party." ECF No. 2-4 at 11. In support of this assertion JJHCS relies on the case of *Centrix Financial Liquidating Trust v. National Union Fire Insurance* in which District Judge John A. Ross compelled the 30(b)(6) deposition of a non-party entity in part because the court found no undue burden or potential hardship on the entity which the movant had characterized as "not a disinterested non-party." No. 4:12–MC–624–JAR, 2013 WL 3225802, at \*2, \*5. However, a careful review of the case belies JJHCS's interpretation of it. In fact, Judge Ross looked to the prior finding of the testimony's relevance by the underlying Colorado bankruptcy court holding, "[g]iven that the Colorado court is closest to the facts of the pending adversary proceeding filed by Plaintiffs, this Court will defer to its determination of the relevance and propriety of the discovery sought in ruling on the instant motion." *Id.* at \*5.

While Judge Ross "further" noted the lack of burden on the non-party entity, he spent a

considerable amount of time detailing the underlying facts as presented by the parties, none of which are present here. *Id.* Specifically, Judge Ross noted that the non-party entity was a primary beneficiary of any recovery from a party in the underlying matter as it was an unsecured creditor of that entity in the amount of 165 million dollars. *Id.* at *2. Here, Express Scripts and SaveOnSP have entered into a vendor relationship and Express Scripts does not have any legal interest in the underlying case's outcome. Importantly, and even more relevant here, Judge Ross also indicated that the serving party had already exhausted discovery from the other party to the underlying litigation and had limited its inquiry of the non-party to only those facts and circumstances necessary. *Id.* at *3. Neither of these elements is present here as JJHCS refuses to exhaust discovery from SaveOnSP and will not narrow or otherwise limit its inquiry directed at Express Scripts.

JJHCS cannot establish that Express Scripts is anything other than a non-party entitled to the protections of Rule 45.[1] As such, the traditional practice in these matters is for the serving party to seek the requested documentation from the other party to the litigation. Then, and only then, does the serving party turn to the non-party with narrowly tailored requests for documents the serving party believes it is missing or otherwise unable to obtain from the party. *See, e.g.*, ECF No. 160, *Blue Buffalo Co. v. Nestle Purina Petcare Co.*, No. 4:15 CV 384 RWS (E.D. Mo. Feb. 23, 2016) (noting the preferred course of discovery is for the serving party to obtain any relevant and responsive discovery from the other party first, before burdening the non-party, if necessary, with a subpoena because while the serving party has "represented that it will not seek duplicative production … the non-party does not necessarily know which of its responsive documents are

---

[1] Even if Express Scripts were an interested party, JJHCS would still be required to show that there is no undue burden or potential hardship to Express Scripts. *Centrix,* 2013 WL 3225802, at *5.

duplicative of [the other party's] documents."); *Enviropak Corp. v. Zenfinity Capital, LLC*, No. 4:14CV00754 ERW, 2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014) (collecting cases) (finding "[d]istrict courts in the Eighth Circuit, on the basis of both FRCP 26(b) and 45(d), have found it practical in certain situations to require the subpoenaing party to make an attempt to obtain information from a party first.")*; Bamber v. Prime Healthcare Kansas City-Physician's Servs., LLC*, Case No. 17–9014–MC–W–BP, 2017 WL 4202250, at *2 (W.D. Mo. Sept. 21, 2017) (finding the serving party "should minimize the burden to third parties by directing discovery requests to [the opposing party]; then, depending on the answers he provides, a narrower, more focused subpoena to [the non-party] may be justified."); *Cantrell v. US Bioservices Corp.*, No. 09–mc–0158–CV–W–GAF, 2009 WL 1066011, at *2 (W.D. Mo. April 21, 2009) (granting motion to quash when "the documents requested could be first sought from the party defendants."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding the district court "could properly require [a party] to seek discovery from its party opponent before burdening the nonparty [] with this ancillary proceeding.").

Yet JJHCS has failed to meet its obligation to seek the requested documents and information from party SaveOnSP. JJHCS has had since October 2022 to request, and review, discovery from party SaveOnSP. Dunlap Decl. ¶3. Nonetheless, JJHCS seeks from non-party Express Scripts documents clearly obtainable from SaveOnSP. For example, in Request Nos. 1-3, JJHCS seeks contracts between Express Scripts and SaveOnSP, documents sufficient to show payments made between Express Scripts and SaveOnSP, and communications between Express Scripts and SaveOnSP. SaveOnSP has produced documents and communications, including contracts, regarding the relationship between ESI and SaveOnSP which are responsive to these requests. *Id.* at ¶6. After the commencement of this matter, JJHCS superficially narrowed these

requests but indicated that it was retaining its rights to seek these documents at a later date. However, these are not the only obvious instances where relevant information sought in a request could be obtained from SaveOnSP. JJHCS also requests documents sufficient to identify every health plan and employer that has contracted with Express Scripts to participate in the SaveOnSP program during the relevant time period (Request No. 15). Clearly documents identifying participants in the SaveOnSP program, whether plan or patient, would be in the possession of SaveOnSP. Pasicznyk Decl. ¶13. As would documents concerning the Master Program Agreement (Request No. 8) and compliance with the Affordable Care Act (Request Nos. 16-18). *Id.*; *see also* Dunlap Decl. ¶6.

Many of the requests served on Express Scripts seek documents that are equally if not more likely to be in the possession, custody, or control of SaveOnSP.[2] In fact, SaveOnSP has already produced nearly 100,000 documents in response to requests served on it in the New Jersey Action. Express Scripts has repeatedly stated that, to the extent SaveOnSP's productions did not include documents that are otherwise responsive to the Subpoena requests served on Express Scripts, that Express Scripts would consider producing responsive, non-privileged documents. But, for a non-party to be in a position where it is forced to search for and re-produce the same documents that SaveOnSP has already produced, or is going to produce, is unnecessarily burdensome. Therefore, the Court should dismiss Plaintiff's motion to compel as premature because JJHCS has failed to seek (and review) relevant discoverable information from a party to the underlying action.

---

[2] In fact, Express Scripts is also not the proper entity from which to seek documents sufficient to show the relationship, including payments, between Accredo and SaveOnSP or to show Evernorth Health, Inc.'s ("Evernorth") role in administering the SaveOnSP program because Accredo, Evernorth, and Express Scripts are three separate legal entities (Request Nos. 5, 7).

**B. Plaintiff's Motion Additionally Fails Because Plaintiff's Requests are Facially Invalid**

"Discovery sought with a subpoena under Rule 45 of the Federal Rules of Civil Procedure must fall within the scope of discovery permissible under Rule 26." *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299-SNLJ, 2017 WL 11489903, at *1 (E.D. Mo. Oct. 24, 2017). "[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 4:12-MC-00508 JAR, 2012 WL 4856968, at *2 (E.D. Mo. Oct. 12, 2012). "[T]he concept of relevance 'should not be misapplied so as to allow fishing expeditions in discovery.'" *Christian v. Ford*, No. 4:14-CV-454 SNLJ, 2014 WL 4546173, at *1 (E.D. Mo. Sept. 12, 2014) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993)). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 (internal quotation marks omitted) (citing *Exxon Shipping Co.*, 34 F.3d at 779 for the proposition "nonparties are afforded 'special protection against the time and expense of complying with subpoenas.'").

JJHCS attempts to detract from the irrelevance and breadth of its requests by grouping its 30 requests into just 5 buckets of materials. However, a careful review of the subpoena shows the extent to which JJHCS has overstepped. "As a general rule, requests for 'any and all documents' are emblematic of a discovery request or of a fishing expedition" and, of the 30 requests directed at Express Scripts, 19 seek "all" documents or "all" communications. *United States v. Shepard*, No. 4:09CR423 RWS DDN, 2010 WL 750110, at *3 (E.D. Mo. Feb. 26, 2010). *See also, e.g., WWP, Inc. v. Wounded Warriors Family Support*, 628 F.3d 1032, 1039 (8th Cir. 2011) (finding

discovery request seeking "all documents relating to or evidencing any donations" received by corporation during nine-year period of time was overly broad and unduly burdensome).

A number of JJHCS's requests are irrelevant on their face. The claims at issue in the underlying action concern SaveOnSP's communications with patients not, as sought in Request No. 3, Express Scripts' internal communications or communications with other entities regarding SaveOnSP, much less "all" such communications.[3] Similarly, JJHCS requests "all" documents concerning the preparation of and posting of the SaveOnSP IPBC Video including documents showing who prepared the presentation, to whom the presentation was given, how many times the presentation was given, by whom, and over what period of time (Request 10). But JJHCS has made no showing as to how any documentation beyond that which JJHCS already has—the video and its transcript—is relevant to its claims, let alone a showing as to how "all" such documentation is necessary for it to pursue those claims. Further, the Court in the New Jersey Action found discovery relating only to non-Janssen drugs and patients was irrelevant to the underlying claims. Yet, here, JJHCS refuses to limit or otherwise narrow but, rather, presses forward with its irrelevant requests seeking information beyond Janssen drugs and patients. "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Swann v. Calahan*, No. 4:11CV00369 JCH, 2011 WL 3608056, at *2 (E.D. Mo. Aug. 15, 2011) (quoting *Hofer*, 981 F.2d at 380) (internal quotation marks omitted).

"Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs

---

[3] *See* ECF No. 1 at 40-41 (advancing claims for tortious interference with contract and deceptive trade practices, both focusing on the impact of SaveOnSP's activities on patients).

the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1*, 197 F.3d at 925. Here, the burden to find and produce documents covered by these overly broad requests is enormous. Express Scripts is a company of 27,000 people, including 400 employees serving as account representatives regularly interacting with Express Scripts' broad client base. Pasicznyk Decl. ¶5. Nineteen out of the thirty requests directed to Express Scripts in the Subpoena seek some form of "all" documents or communications. Sternberg Decl. ¶3, Ex. A. Finding "all" documents relating to a particular aspect of Express Scripts' use of SaveOnSP as a vendor for its Clients will be extremely burdensome given that there are 500 employees, including 400 account representatives and additional cross-functional teams, at Express Scripts who have some involvement in that relationship and that there are 180,000 patients and 2,000 unique plans associated with that relationship. Pasicznyk Decl. ¶15. Further, JJHCS seeks information and data for more than a six-year period starting in 2017, potentially necessitating the restoration of archived data. *Id.* This burden is not outweighed by the probative value of these overly broad requests.

That these requests seek the disclosure of patient data is even more troublesome. JJHCS apparently seeks disclosure of patient data whether or not the individual was enrolled in the SaveOnSP program. As previously indicated, the Court in the New Jersey Action has already found this non-Janssen specific information to be irrelevant. But perhaps more importantly, such disclosure necessarily implicates patients' protected health information. This court has previously found that such broad requests of confidential information were not proportional to the needs of the underlying litigation. *Par Pharm., Inc. v. Express Scripts Specialty Distribution Servs., Inc.*, No. 4:17MC510 RLW, 2018 WL 264840, at *2 (E.D. Mo. Jan. 2, 2018) (denying motion to compel, finding that the disclosure of confidential information was not proportional to the needs

- 14 -

of the underlying litigation where the serving party sought production of years of confidential patient records).

Accordingly, the Court should also deny plaintiff's motion to compel because the Subpoena requests are facially invalid.

## C. Express Scripts is Entitled to its Attorneys' Fees for Litigating this Motion

As it is now clear that JJHCS has failed to meet its duty under Federal Rule of Civil Procedure 45(d)(1) to avoid imposing undue burden or expense on Express Scripts, Express Scripts respectfully requests its reasonable attorneys' fees under that same rule for litigating the current motion. Fed. R. Civ. P. 45(d)(1). *See Sands Harbor Marina Corp. v. Wells Fargo Ins. Services of Oregon, Inc.*, 09-CV-3855 (J5)(AYS), 2018 WL 1701944, at *4 (E.D.N.Y. Mar. 31, 2018) (finding the provision to authorize district courts to "protect non-parties from abusive subpoenas" by "award[ing] ... attorneys' fees for litigating the subpoena.").

JJHCS dropped the ball. Rather than properly requesting and reviewing the discovery from its opposing party and then directing targeted requests at Express Scripts, it now has run to court in an effort to bypass its discovery obligations under Rule 45 and in contravention of Local Rule 3.04(A). Express Scripts, a non-party, should not be burdened by JJHCS's failure.

## CONCLUSION

For the foregoing reasons, Express Scripts respectfully requests the Court deny JJHCS's Motion to Compel and award it attorneys' fees for litigating this motion.

Dated: June 9, 2023

HUSCH BLACKWELL LLP


By: _/s/ Christopher A. Smith_
    Christopher A. Smith, MO #53266
    Kate Ledden, MO #66036
    8001 Forsyth Blvd., Suite 1500
    St. Louis, Missouri 63105
    (314) 480-1836
    Fax: (314) 480-1505
    chris.smith@huschblackwell.com
    kate.ledden@huschblackwell.com

*Attorney for Defendant Express Scripts, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 9, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>  /s/ Christopher A. Smith          </u>

# JJHCS Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:23-mc-00019-JTF-tmp |
| v. | ) ) | |
| SAVE ON SP, LLC, | ) ) | |
| Defendant. | ) ) | |

**NON-PARTY ACCREDO HEALTH GROUP, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL,
AND IN THE ALTERNATIVE A MOTION TO STAY DISCOVERY**

Third party Accredo Health Group, Inc. ("Accredo") responds to Plaintiff Johnson & Johnson Health Care System Inc.'s ("JJHCS") Motion to Compel Compliance with the Subpoena Issued to Third Party Accredo Health Group, Inc. (the "Motion") [Dkt. No. 1], which was served on Accredo on May 25, 2023 (the "Subpoena") [Dkt. No. 3-1]. For the reasons stated herein, JJHCS's Motion should be denied as unduly burdensome and premature, or in the alternative discovery should be stayed pending resolution of: (1) a separate motion to compel that predated this Motion, as well as (2) the party document discovery process currently pending in the underlying litigation in New Jersey.

**PRELIMINARY STATEMENT**

In a motion full of half-truths and obfuscation, JJHCS seeks compliance with a subpoena that demands a non-party, Accredo, produce documents and communications with and/or regarding Save On SP, LLC ("SaveOn"), the defendant in underlying litigation in federal court in New Jersey captioned *Johnson & Johnson Health Care v. Save On SP, LLC*, No. 2:22-cv-02632-

JMV-CLW (D.N.J.) (the "New Jersey Action"). SaveOn has already objected to producing many of the same documents in the New Jersey Action. Further, JJHCS is attempting an end run in this Court, by seeking from a third party certain information that the court in the New Jersey Action already ruled is outside the scope of discovery—including documents relating to patients and prescriptions that are plainly outside the scope of the New Jersey Action. This is all the while it seeks discovery of additional documents from Accredo, despite the fact that many of which it has already obtained from SaveOn. Making matters worse, JJHCS does this while another attempted circumvention is already pending in the District Court for the Eastern District of Missouri, where JJHCS has filed a motion to compel relating to a similar third-party subpoena issued to Express Scripts, Inc. ("Express Scripts), an affiliate of Accredo (the "Missouri Action"). JJHCS should not be able to skirt rulings from the court in the New Jersey Action, and use a Rule 45 subpoena to obtain documents before exhausting its Rule 26 discovery tools, particularly where many of its requests for production in the Subpoena are overly broad and unduly burdensome as they seek "all documents" relating to a number of issues and entities, some of which are irrelevant.

But that is not all. JJHCS's characterization of its counsel's communications with Accredo is misleading at best and further undermines the Motion. As drafted, JJHCS's Subpoena requests a wide array of documents, many of which are in the possession, custody, or control of SaveOn, the defendant in the New Jersey Action. JJHCS already obtained a number of Accredo-related documents from SaveOn, several of which it attached to and/or referenced in the Motion and the Declaration of Harry Sandick in support of the Motion. [Dkt. No. 3]. Further demonstrating the prematurity of JJHCS's Motion and its motion in the Missouri Action, SaveOn has continued to produce a significant number of documents to JJHCS even after the motions were filed. (Affidavit of Andrew R. Dunlap ("Dunlap Aff."), ¶ 5). And, despite JJHCS's contention that Accredo

"refused to produce any documents whatsoever," that is not an accurate representation of Accredo's position expressed at the numerous "meet and confers." Rather, Accredo consistently has expressed its openness to considering producing documents in response to JJHCS's Subpoena, provided JJHCS sufficiently identifies categories of documents it was unable to obtain first from SaveOn. To date, JJHCS has identified no such categories of documents.

JJHCS's Motion does not comply with the requirements of Rule 45 of the Federal Rules of Civil Procedure or a separate court's prior order in the underlying New Jersey Action, and is overly broad and unduly burdensome in its request for documents otherwise discoverable from the defendant in the New Jersey Action and wide swathes of documents that would be unduly burdensome to identify and produce. The deficiencies in the Subpoena demonstrate JJHCS's failure to take reasonable steps to avoid imposing undue burden or expense on Accredo, and pursuant to Rule 45(d)(1), Accredo is entitled to denial of the Motion and all other reasonable expenses and costs associated therewith.

## FACTUAL BACKGROUND

On May 4, 2022, JJHCS filed a complaint against SaveOn in federal court in New Jersey. [Dkt. No. 3-2]. The only parties in that case are JJHCS and SaveOn. [*Id.* at 2]. Accredo is not a party to that litigation. [*Id.*]. Nor is Accredo an affiliate of any party to that litigation. (Declaration of Jeremy Sternberg ("Sternberg Decl."), ¶ 2). JJHCS asserted two claims against SaveOn— tortious interference with contract and deceptive trade practices under New York law. [Dkt. No. 3-2 at 41].

Accredo has no contractual relationship with SaveOn. (Declaration of Meghan Pasicznyk ("Pasicznyk Decl."), ¶ 8). Rather, Express Scripts, an affiliate of Accredo, is the entity that contracts with SaveOn. (*Id.*).

Neither Accredo nor Express Scripts are parties to the New Jersey Action, and JJHCS has served non-party subpoenas on both entities. (Sternberg Decl., ¶¶ 2-3). On or about January 13, 2023, JJHCS served Accredo, through its registered agent in Missouri, with a subpoena seeking 20 categories of documents. [Dkt. No. 3-1]. Both Accredo and Express Scripts objected to the non-party subpoenas served on them. (Sternberg Decl., ¶ 7). On March 10, 2023, Accredo timely served its Objections and Responses to the non-party Subpoena, objecting to each of JJHCS's 20 requests for production. (*Id.*). In numerous subsequent discussions between counsel over the ensuing several weeks, Accredo repeatedly explained that it was willing to consider producing non-privileged documents responsive to the Subpoena that JJHCS was unable to obtain from SaveOn in party discovery. (*Id.*, ¶ 8). As explained, this would avoid unnecessary burden on Accredo from duplicative, simultaneous requests.[1] (*Id.*).

Despite these numerous discussions, and Accredo's oft-expressed willingness to consider producing responsive, non-privileged documents that JJHCS was unable to obtain from SaveOn, JJHCS was unrelenting in its demand that Accredo produce documents regardless of whether they were discoverable from SaveOn or already produced by SaveOn. (*Id.*, ¶ 9). The court in the New Jersey Action has also already denied JJHCS's motion to compel SaveOn to produce documents related to "non-Janssen drugs and patients." [Dkt. No. 3-7 at 2]. Despite this unambiguous decision by the court, JJHCS now seeks documents from Accredo that similarly relate to non-Janssen drugs,

---

[1] Accredo has worked diligently to avoid motion practice and judicial intervention in enforcement of the Subpoena. Accredo's counsel's most recent written correspondence with counsel for JJHCS "urge[d] a continued dialogue" while JJHCS "review[ed] the documents SaveOn has produced (or shortly will be producing)." (Sternberg Decl., ¶ 11). It concluded by restating Accredo's preference to work "collaboratively in a logical, cost-effective, and efficient sequence and not be adversaries in connection with [JJHCS's] threatened motion to compel." (*Id.*). Despite this continued willingness to work collaboratively and in good faith, JJHCS filed the Motion.

in clear contravention of the court's prior order. (*See* RFP Nos. 5, 8, 9, 13, 15-18, 20)[2]. In fact, JJHCS explicitly seeks prescription-level transaction data for all patients enrolled in SaveOn's program, "irrespective of whether they filled prescriptions for Janssen or **non-Janssen drugs**." (RFP No. 20) (emphasis added). This request in particular violates the court's prior order in the New Jersey Action denying JJHCS's request for documents relating to non-Janssen drugs.

In total, JJHCS has received more than 96,000 documents in party discovery from SaveOn, including three productions *after* JJHCS filed its Motion. (Dunlap Aff., ¶ 5). Accredo does not have full insight into the content of those documents, but given the overlapping nature of the requests for production served on SaveOn and those served on Accredo (and Express Scripts), Accredo understands that JJHCS has already received a large number of documents—from an actual party in the New Jersey Action—that would otherwise be responsive to the Subpoena. (*Id.*, ¶ 6). And at a June 6, 2023 hearing in the New Jersey Action, the Court extended the schedule for "substantial completion" of document discovery by 45 days, to July 24, 2023 (from the original deadline of June 9, 2023). (Sternberg Decl., ¶ 14). There is, thus, plenty of time to for JJHCS to engage in the process originally suggested by Accredo—namely reviewing what has been produced in party discovery and then communicating with Accredo as to what relevant, non-privileged documents JJHCS believes have not been produced in party discovery and that are in Accredo's possession.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure requires parties issuing subpoenas to third parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Compliance with a subpoena should not be compelled

---

[2] The Requests for Production in the Subpoena were attached to the Declaration of Harry Sandick in Support of Motion to Dismiss. [Dkt. No. 3-1].

when the subpoena "subjects a person to undue burden." *Id.* at (d)(3)(A)(iv). Third party discovery

is specifically subject to the procedural requirements of Rule 45. *See U.S. v. UT Med. Grp., Inc.*,

No. 12-CV-02139-JPM-TMP, 2013 WL 12149636, at *2 (W.D. Tenn. Aug. 15, 2013) ("To make

discovery requests of third parties, a party must comply with the procedural requirements of

Federal Rule of Civil Procedure 45."). The ultimate test for the court to consider is whether

discovery imposes an undue burden upon a third party. *Id.*

Whether a subpoena imposes an undue burden is "a case by case inquiry that turns on such

factors as relevance, the need of the party for the documents, the breadth of the document request,

the time period covered by it, the particularity with which the documents are described and the

burden imposed." *Light Source, Inc. v. Cosmedico Light, Inc.*, No. 05-mc-0043, 2005 U.S. Dist.

LEXIS 15253, at *8-9 (N.D. Ohio July 27, 2005). "Where a subpoena has been issued under Rule

45, courts should also 'balance the need for the discovery against the burden imposed on the person

ordered to produce documents, and that person's status as a nonparty is a factor weighing against

disclosure.'" *Fusion Elite All Stars v. Rebel Athletic Inc.*, No. 20-CV-2600-SHL-TMP, 2022 WL

1274965, at *4 (W.D. Tenn. Apr. 28, 2022) (quoting *Arclin USA, LLC v. Vits Tech. GmbH*, 2:20-

mc-48, 2020 WL 6882600, at *2 (S.D. Ohio Nov. 24, 2020)). "Non-party status is a significant

factor to be weighed in the undue analysis burden." *Hansen Beverage Co. v. Innovation Ventures,

LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. July 28, 2009). *See also Light Source*,

2005 U.S. LEXIS 15253, at *9 ("[T]he status of a person as a non-party is a factor that weighs

against disclosure.").

Courts in the Sixth Circuit express a strong preference for parties to seek documents from

opposing parties before seeking the same information from third parties. *See, e.g.*, *Baumer v.

Schmidt*, 423 F. Supp. 3d 393, 408-09 (E.D. Mich. 2019) ("Under this principle, courts in this

circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation."); *Forefront Machining Techs., Inc. v. SARIX SA*, No. 3:19-CV-383, 2021 WL 3615725, at *7 (S.D. Ohio Aug. 16, 2021) ("It would therefore be unreasonable to require . . . a non-party . . . to produce documents that . . . a party . . . may produce . . . . "). Applying this preference, numerous courts in this Circuit have found seeking documents from a non-party while similar requests are pending with the opposing party in the underlying litigation, to be improper.[3] *See PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 2043118, at *3 (S.D. Ohio May 21, 2021) ("Sending out requests to a nonparty for the opposing side's own documents—while requests for the same material are still pending with that party—is unreasonably cumulative and it duplicates the efforts for all involved."). In *PCA-Corrections*, the court went on to note that the plaintiff sought third-party discovery while its requests were still pending with the defendant in the case. *Id.* By doing so, the plaintiff "attempted to circumvent the orderly procedure laid out in the parties' own agreed schedule and by the Federal Rules of Civil Procedure." *Id.* The fact that the defendant objected to the discovery issued by the plaintiff is irrelevant to whether the plaintiff could request those documents from the third party. *Id.*

As the requesting party who issued the Subpoena, JJHCS bears the burden of "establish[ing] a need for the breadth of the information sought in response to [non-party Accredo's] prima facie showing that the discovery [would be] burdensome." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 423-24 (6th Cir. 1993). Even though parties

---

[3] Furthermore, "[t]he leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party." *Hale v. Bunce*, No. 1:16-cv-2967, 2017 WL 10978857, at *1 (N.D. Ohio Dec. 15, 2017) (citing 8A Charles Alan Wright, et al., Fed. Prac. and Proc § 2204 (2d ed. 1994)).

"should not be denied access to information necessary to establish [their] claim[s or defenses], neither may a [party] be permitted to 'go fishing.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

In the same vein, a requesting party does not have carte blanche to request "all documents" relating to a given subject matter, person, or entity without limitation. Such a request is overbroad and unduly burdensome, and this Court finds such requests to be presumptively disproportionate to the needs of the case. "To the extent, the subpoena seeks 'any and all documents,' the subpoena is overbroad." *Trezvant v. Allenbrooke Nursing & Rehab. Ctr.*, LLC, No. 05-2565 BV, 2006 WL 8435202, at *3 (W.D. Tenn. Mar. 8, 2006). *See also Eggerson v. Fed. Express Corp.*, No. 05-2139-D/AN, 2007 WL 9706598, at *2 (W.D. Tenn. Apr. 17, 2007) ("As for the documents sought pursuant to the subpoena, the request for 'any and all documents in relation to' Plaintiff is overly broad . . . .").

## **ARGUMENT**

### I. **JJHCS's Motion Should be Denied Because it is Unduly Burdensome and Premature.**

#### a. The Subpoena Seeks Documents Available from SaveOn, a Party in the New Jersey Action

Here, the Subpoena from JJHCS seeks a broad array of documents that are likely in the possession, custody, or control of SaveOn, the party in the underlying New Jersey Action. For instance, JJHCS seeks contracts between Accredo and SaveOn (RFP No. 1), communications between Accredo and SaveOn (RFP No. 2), documents sufficient to show the relationship between Express Scripts[4] and SaveOn (RFP No. 4), agreements between Express Scripts and SaveOn (RFP No. 6), a *SaveOnSP IPBC Video* presentation, discussed in JJHCS's complaint in the New Jersey

---

[4] Express Scripts is a Pharmacy Benefit Manager and is an affiliate of Accredo. (Pasicznyk Decl., ¶ 4). Express Scripts is the entity that contracts with SaveOn, not Accredo. (*Id.*, ¶ 8).

Action (RFP No. 7), documents concerning the CarePath patient assistance program (RFP No. 8), documents relating to SaveOn and the Affordable Care Act (RFP Nos. 11-12), revenue and savings generated by SaveOn (RFP No. 14), and documents relating to agreements between health plans and SaveOn (RFP No. 15).

The decision in *Musarra v. Digital Dish, Inc.* is instructive here where the plaintiff similarly sought to obtain documents from a non-party to the litigation. No. 2:05-cv-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008). In that case, the plaintiff sought copies of all contractual agreements between the non-party and the defendant. *Id.* The plaintiff moved to compel compliance with the subpoena served on the non-party. *Id.* at *1. The non-party contended that many of the requested documents should be available through discovery propounded on the defendant—and the court agreed. *Id.* at *4. The court refused to compel compliance with the subpoena, finding that there was no basis to "impose on this non-party the burden of producing documents presumably available to plaintiffs from a party to this litigation." *Id.* (citing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993)).

Each of the requests served on Accredo noted above seek documents that are equally if not more likely to be in the possession, custody, or control of SaveOn. In fact, SaveOn has already produced nearly one hundred thousand documents in response to requests served on it in the New Jersey Action. (Dunlap Aff., ¶ 5). Accredo has repeatedly stated that, to the extent SaveOn's productions did not include documents that are otherwise responsive to the Subpoena requests served on Accredo, Accredo would consider producing responsive, non-privileged documents. (Sternberg Decl., ¶¶ 8-12). But, for a non-party to re-produce the same documents that SaveOn has already produced, or is going to produce, is unnecessarily burdensome. And, as courts in the Sixth Circuit have repeatedly held, seeking documents from a non-party that are obtainable from

a party to the litigation is improper and is a suitable ground to quash or decline to compel compliance with the subpoena.[5]

b. Certain of JJHCS's Requests Are Already the Subject of Discovery Orders in the New Jersey Action

JJHCS seeks discovery of information from Accredo that it was explicitly precluded from seeking from SaveOn in the New Jersey Action. Following a lengthy dispute between JJHCS and SaveOn regarding the scope of discovery and numerous requests for production served on the parties—including motions to compel filed by both parties and a motion for a protective order filed by SaveOn—the court denied JJHCS's motion to compel SaveOn's production of data and documents relating to "non-Janssen drugs and patients."[6] [Dkt. No. 3-7 at 2]. Yet despite the

---

[5] *See Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-CV-2104-JTF-TMP, 2018 WL 6528192, at *1 (W.D. Tenn. Sept. 10, 2018) ("[N]umerous courts have quashed subpoenas issued to non-parties when the requesting parties could have obtained the documents from other parties."); *Vamplew v. Wayne State University Bd. Of Governors*, No. 12-14561, 2013 WL 3188879, at *4 (E.D. Mich. June 20, 2013) (quashing subpoena for production of emails from non-party where the request was overbroad and the information sought could be obtained from a party to the litigation); *Versata Software v. Internet Brands, Inc.*, No. 11-mc-50844, 2011 WL 4905665, at *2 (E.D. Mich. Oct. 14, 2011) (quashing subpoena served on non-party where the information sought by the plaintiff could have been more readily obtained from the defendant or another less burdensome source); *Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, No. 09-12506, 2010 WL 11545174, at *3 (E.D. Mich. June 7, 2010) (quashing subpoenas where plaintiff failed to show that it could not obtain the information from other sources, including the defendant, or that it had exhausted less burdensome means of discovery); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 2:09-mc-50356, 2009 WL 1543451, at *2 (E.D. Mich. June 2, 2009) (granting motion to quash non-party subpoena and noting that "[o]btaining information available by less-obtrusive means is preferable to involving a non-party"); *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 253-54 (S.D. Ohio 2013) (refusing to impose burden of producing documents on a non-party where the documents were otherwise available to plaintiff from its party-opponent); *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *4-5 (N.D. Ohio Feb. 13, 2008) (granting a motion to quash subpoena, in part, because most of the relevant documents could have or already had been produced by a party to the litigation); *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (granting non-party's motion to quash where the requesting party had another viable means—its party-opponent— to obtain many of the documents requested from non-party).

[6] Janssen Pharmaceuticals is a wholly-owned subsidiary of Johnson & Johnson, and is an affiliate of JJHCS. The court in the New Jersey Action limited discovery to drugs manufactured

court's April 27, 2023 order denying JJHCS's motion to compel production of documents and information relating to non-Janssen drugs and patients, **JJHCS now seeks discovery of that same information from Accredo**. (*See* RFP Nos. 5, 8, 9, 13, 15-18, 20). In addition to the fact that information regarding non-Janssen drugs is irrelevant to JJHCS's complaint in the New Jersey Action—and despite the court's direct order denying JJHCS's motion to compel its production— JJHCS again moves for the production of prescription-level transaction data for all patients enrolled in SaveOn's program, "irrespective of whether they filled prescriptions for Janssen or **non-Janssen drugs**." (RFP No. 20) (emphasis added). This circumvention of the court's order in the New Jersey Action is improper and serves as an additional basis to deny the Motion.

> c.   <u>JJHCS's Requests are Facially Invalid as They Request "All Documents" and/or Irrelevant Documents, and Are Therefore Improper and Unduly Burdensome</u>

The vast majority—15 of 20, or 75%—of JJHCS's requests for production served on Accredo with the Subpoena seek "all" documents relating to a wide range of subject matters. (*See* RFP Nos. 1-3, 5-16). A request for "all" documents is wholly improper and facially overbroad, particularly when requested from a non-party. For example, a request for "[a]ll documents concerning the relationship between Accredo and SaveOnSP, including contracts" would necessarily include documents that are expectedly in the possession, custody, or control of SaveOn. (Dunlap Aff., ¶ 6(b)). Beyond the fact that JJHCS should seek those documents from SaveOn itself[7], as opposed to a non-party, the remainder of the request for all documents concerning the relationship between Accredo and SaveOn has no limitations whatsoever. As drafted, this request seeks each and every document relating to the relationship, regardless of how

---

by Janssen and patients who were prescribed Janssen drugs or were enrolled in Janssen's CarePath patient assistance program.

[7] And, in fact, SaveOn has already produced documents that would be responsive to this request. (*Id.*).

mundane, routine, or irrelevant the document may be. This is precisely the type of "all documents" requests that this Court has previously held to be overbroad. *See Trezvant*, 2006 WL 8435202, at *3 ("To the extent, the subpoena seeks 'any and all documents,' the subpoena is overbroad."); *Eggerson*, 2007 WL 9706598, at *2 ("As for the documents sought pursuant to the subpoena, the request for 'any and all documents in relation to' Plaintiff is overly broad . . . .").

"[A] request may be overly broad or unduly burdensome on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope. A request seeking documents 'pertaining to' or 'concerning' a broad range of items requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (internal quotations and citations omitted). Here, JJHCS's *fifteen* requests that seek "all" documents "concerning" a wide array of subject matters are facially overbroad and unduly burdensome, particularly as applied to a non-party.

The burden to find and produce documents covered by these overly broad requests would be enormous. More than 300 employees at Accredo have had some involvement in filling prescriptions for Express Scripts members who participate in health plans affiliated with SaveOn. (Pasicznyk Decl., ¶ 11). Accredo has filled prescriptions for over 180,000 patients associated with more than 2,000 unique health plans that use SaveOn. (*Id.*). When JJHCS claims that it would be easy for Accredo to comply with its broad requests for information such as for "[a]ll documents Accredo has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model" (RFP 16), it ignores the fact that Accredo dispenses more than seven million prescriptions per year and necessarily receives a significant volume of complaints.

(*Id.*, ¶ 10). The vast majority of these complaints arise from issues causing delays in prescription fulfillment at the pharmacy, such as prior authorizations, processing issues, and supply chain issues. (*Id.*). Sorting through all of the complaints to identify those that are specific to SaveOn would be exceptionally burdensome. (*Id.*). This is especially so given that JJHCS seeks this information for more than a six-year period, starting in 2017, which may necessitate working with archived data. (RFP Instruction No. 13; Pasicznyk Decl., ¶ 11).

Beyond being overly broad and burdensome, several of the requests for production are irrelevant. The claims at issue in the underlying action concern SaveOn's communications with patients not, as sought in Request No. 2, Accredo's internal communications or communications with other entities regarding SaveOn, much less "all" such communications. [*See* Dkt. No. 3-1, ¶¶ 109-10, 113-15 (advancing claims for tortious interference with contract and deceptive trade practices, which both are based on allegations concerning the impact of SaveOn's activities on patients)]. Similarly, in Request No. 7, JJHCS requests "all documents concerning the SaveOnSP IPBCVideo presentation." (RFP No. 7). But JJHCS has made no showing as to how any documentation beyond the video itself and its transcript, which JJHCS already possesses, is relevant to either of its claims. Further, as previously mentioned, the court in the New Jersey Action already determined that discovery related to non-Janssen drugs and patients was irrelevant to the underlying claims. Yet, here, JJHCS refuses to limit or otherwise narrow its irrelevant requests seeking information beyond Janssen drugs and patients. "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Steede v. Gen. Motors, LLC*, No. 2:11-CV-02351-STA, 2012 WL 6846529, at *4 (W.D. Tenn. Nov. 2, 2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (internal

quotations omitted). JJHCS has made no showing as to why this Court should question the New Jersey court's prior relevance determination or why Accredo's internal communications are relevant to JJHCS's claims. Accredo should not be required to produce information that has no bearing on the underlying case or relevance to the issues in dispute in that case.

## II.    In the Alternative, the Court Should Grant a Protective Order Staying Discovery.

Even if the Court is unwilling to fully prohibit discovery at this juncture, it should grant a protective order staying discovery pending the resolution of JJHCS's previously filed[8] and currently-pending motion to compel in the Missouri Action and the discovery process in the underlying New Jersey Action. "[W]hen a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery." *Solomon v. Solomon*, No. 3:21-0498, 2022 WL 1460364, at *2 (M.D. Tenn. Feb. 15, 2022) (citing *Marrese v. American Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). As this Court has noted, "[t]rial courts have both broad discretion and inherent power to stay discovery . . . ." *Spec's Fam. Partners, Ltd. v. First Data Merch. Servs. Corp.*, No. 2:14-CV-02995-JPM-cgc, 2015 WL 13102007, at *1 (W.D. Tenn. July 1, 2015) (citing *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005)). Courts may stay discovery for good cause if doing so would prevent "undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)(1)).

As noted *supra*, Accredo would face undue burden and expense if required to produce documents that could be provided by SaveOn in the New Jersey Action or by Express Scripts in the Missouri Action. At this point, any burden or expense incurred by Accredo would be undue

---

[8] JJHCS filed a motion to compel in the Missouri Action more than a week before it filed its Motion with this Court. Express Script's deadline to respond to JJHCS's motion in the Missouri Action is currently set for June 9, 2023. (Sternberg Decl., ¶ 4).

because the information being sought may yet be obtained from a party in the underlying litigation and production would be duplicative if JJHCS's motion to compel in the Missouri Action is granted or if the court in the New Jersey Action orders SaveOn to produce documents that are otherwise responsive to the Subpoena.[9] The Federal Rules of Civil Procedure seek to avoid this outcome by directing trial courts to "limit the frequency or extent of discovery" when the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient." Fed. R. Civ. P. 26(b)(2)(C). Despite undersigned counsel's good faith attempt to reach an agreement to stay discovery while JJHCS's other discovery motions are pending, JJHCS has insisted upon simultaneously seeking the same discovery from multiple sources. Accredo asks the Court to follow its mandate to avoid duplicative discovery and, at the minimum, not require compliance with the Subpoena until JJHCS's other pending discovery motions have been resolved.

## III.  Accredo is Entitled to its Attorneys' Fees for Litigating this Motion

JJHCS has failed to meet its duty under Federal Rule of Civil Procedure 45(d)(1) to avoid imposing undue burden or expense on Accredo. Therefore, Accredo respectfully requests its reasonable costs and attorneys' fees associated with this motion. *See* Fed. R. Civ. P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."). *See also Sands Harbor Marina Corp. v. Wells Fargo Ins. Services of Oregon, Inc.*, 09-CV-3855 (J5)(AYS), 2018 WL 1701944, at *4 (E.D.N.Y. Mar. 31, 2018) (noting that district courts are to "protect non-parties from abusive subpoenas" by

---

[9] SaveOn also anticipates making additional productions of documents, which may include documents that overlap with the requests for production served on Accredo. (Dunlap Aff., ¶ 7).

"award[ing] . . . attorneys' fees for litigating the subpoena."). Rather than waiting for a resolution of its other pending discovery motions or to allow its party-opponent to produce the documents it seeks, JJHCS has engaged in unnecessary motion practice in an attempt to enforce an invalid subpoena on a non-party. Accordingly, JJHCS should bear the costs of its imprudence.

## CONCLUSION

For the reasons set forth herein, non-party Accredo respectfully requests that this Court deny Plaintiff JJHCS's Motion to Compel and award it attorneys' fees for litigating this motion. Alternatively, Accredo respectfully requests that this Court stay discovery in this action pending resolution of the Missouri Action and party discovery in the New Jersey Action, including all discovery disputes therein.

/s/ Andrew F. Solinger
Andrew F. Solinger (TN BPR No. 036943)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Tel: (615) 850-8062
Fax: (615) 244-6804
Email: andrew.solinger@hklaw.com

*Counsel for Accredo Health Group, Inc.*

## **CERTIFICATE OF CONSULTATION**

Pursuant to L.R. 7.2(a)(1)(B), the undersigned hereby certifies that Jeremy Sternberg, counsel for non-party Accredo Health Group, Inc. participated in several telephone calls and exchanged multiple written correspondence with Lucas Elliot, counsel for plaintiff JJHCS regarding Accredo's request to stay discovery in this proceeding. Ultimately, in a telephone conference between Jeremy Sternberg, Lucas Elliot, and Harry Sandick on May 24, 2023, JJHCS refused to consent to a stay of discovery in this action pending resolution of the Missouri Action and relevant proceedings in the New Jersey Action. This resulted in the alternative relief sought in this response—the motion to stay discovery in the alternative to Accredo's response in opposition to JJHCS's motion to compel.

/s/ Andrew F. Solinger
Andrew F. Solinger

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this June 9, 2023, that a true and correct copy of the foregoing document was served electronically on all counsel of record through the Court's e-filing system.

/s/ Andrew F. Solinger_____
Andrew F. Solinger

# JJHCS Exhibit 3

## LoBiondo, George (x2008)

| | |
|---|---|
| **From:** | Elizabeth Snow <esnow@selendygay.com> |
| **Sent:** | Friday, August 18, 2023 2:23 PM |
| **To:** | LoBiondo, George (x2008); Meredith Nelson; Andrew Dunlap |
| **Cc:** | _cg J&J-SaveOn; Beth A. Bauer; Wohlforth, E. Evans; ~delsberg@selendygay.com |
| **Subject:** | RE: JJHCS v. ESI - motion to seal |

**Caution: External Email!**

George,

This was our mistake. We apologize for any misunderstanding.

Thanks,

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
--------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** LoBiondo, George (x2008) <globiondo@pbwt.com>
**Sent:** Wednesday, August 16, 2023 5:04 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>
**Cc:** _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Beth A. Bauer <Beth.Bauer@heplerbroom.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; David Elsberg <delsberg@selendygay.com>
**Subject:** RE: JJHCS v. ESI - motion to seal

Elizabeth,

Thanks for your email.  We certainly agree with you that it is important to comply with protective orders.  But we also think it is important to avoid leveling unfounded accusations at fellow members of the bar.

Your email below charges that "JJHCS violated the Discovery Confidentiality Order" by "failing to obtain" SaveOnSP's consent to file SaveOnSP-produced documents with the U.S. District Court for the Eastern District of Missouri.  That is false.  In fact, on April 27, 2023, we wrote to your firm, explained that we planned to cite SaveOnSP discovery materials in our motion to compel, and asked whether you had any objection to us filing them under seal.  On May 2, we received a response on Andrew Dunlap's letterhead, stating in relevant part:

> JJHCS indicates that it intends to file motions to compel Express Scripts and Accredo to produce documents in response to third-party subpoenas, and as part of those motions, to cite materials that SaveOnSP has designated Confidential or Attorneys' Eyes Only pursuant to the Protective Order. You also confirm that you will file all such motions under seal and have provided ESI and Accredo with copies of the Protective Order. SaveOnSP does not object to this proposed use of those materials if they are filed under seal.

For your convenience I have attached both letters to this email. I have also attached the email transmitting the letter with the very consent that you now accuse of us failing to obtain. As you will see, the email and letter were sent to us by you personally.

We trust you will withdraw the various demands in your email. And since JJHCS did not violate the protective order, we will disregard your specious reservation of rights and remedies. If in the future you have any questions or concerns about an issue such as this, we hope you will raise them in a more collegial manner.

Meanwhile, our offer to provide a declaration from SaveOnSP to the Missouri court still stands. We look forward to receiving anything you wish us to convey by Tuesday the 22nd. An apology would be nice too.

**George LoBiondo**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212.336.2008
globiondo@pbwt.com

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, August 16, 2023 2:44 PM
**To:** LoBiondo, George (x2008) <globiondo@pbwt.com>; Meredith Nelson <mnelson@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>
**Cc:** _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Beth A. Bauer <Beth.Bauer@heplerbroom.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>
**Subject:** RE: JJHCS v. ESI - motion to seal

<mark>*Caution: External Email!*</mark>

George,

We understand based on your email from yesterday that JJHCS violated the Discovery Confidentiality Order. ECF No. 62. That Order forbids JJHCS from sharing confidential material produced by SaveOnSP with anyone other than a narrow group of specific individuals and subject to specific conditions. A party may share produced documents with a third party only if "mutually agreed upon in writing among the Parties." *Id.* at 4-5. Compliance with the Order is especially important in this case, due to the HIPAA-protected materials that have been produced. This is why, for example, SaveOnSP sought and obtained JJHCS's consent to share JJHCS's documents with Lash Group before doing so. The Order required JJHCS to obtain SaveOnSP's consent before sharing its confidential discovery documents with ESI or the court in Missouri. By failing to obtain that consent, JJHCS violated the Order.

Please promptly provide a full accounting of any confidential (including AEO) material produced by SaveOnSP in this action that JJHCS has shared with any third party (including, but not limited to ESI, Accredo and TrialCard).

Please also confirm in writing that, going forward, JJHCS will not share SaveOnSP's confidential discovery material with any third party without SaveOnSP's express prior written consent or an order of the Court permitting such disclosure.

SaveOnSP reserves all rights and remedies.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers

---

+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

**From:** LoBiondo, George (x2008) <globiondo@pbwt.com>
**Sent:** Tuesday, August 15, 2023 10:00 AM
**To:** Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>
**Cc:** _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Beth A. Bauer <Beth.Bauer@heplerbroom.com>
**Subject:** JJHCS v. ESI - motion to seal

Counsel,

As you know, JJHCS moved in the Eastern District of Missouri for an order compelling ESI to comply with our third party subpoena.  As part of that application, JJHCS filed several exhibits under seal:  three documents produced by SaveOnSP (SOSP_0000061, SOSP_0000084, and SOSP_0029592), and SaveOnSP's November 23, 2022 response to JJHCS Interrogatory No. 2.  JJHCS also filed its moving brief under seal, with a public redacted version, because it quoted from the SaveOnSP documents.

The District Court has denied JJHCS's motion to seal the brief and exhibits under E.D. Mo. Local Rule 13.05, which states in relevant part that "The fact that certain information or material has been protected as
confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court."  The District Court advised that any party wishing to keep the materials under seal must submit a new motion by Thursday, August 24.  Otherwise we understand that they will be filed on the public docket.

We are providing you this notice so that, if SaveOnSP wishes to ensure that these discovery materials remain sealed, you can provide us with a letter or declaration setting forth SaveOnSP's bases for continued sealing under the rule.  We will then include that letter or declaration as an attachment to a renewed motion advising the Court that the documents in question were produced by SaveOnSP and that its position is attached.

Please provide us any letter or declaration by Tuesday, August 22.

Thanks,
George

**George LoBiondo**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212.336.2008
globiondo@pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.