SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
Julia Haigney Long (admitted *pro hac vice*)
Elisabeth Shane (admitted *pro hac vice*)
Katherine Brisson (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
  *Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON | : | |
| HEALTH CARE SYSTEMS INC., | | Civil Action No. 22-2632(ES)(CLW) |
| | : | |
| Plaintiff, | | Hon. Esther Salas, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J |
| vs. | | |
| | : | |
| SAVE ON SP, LLC, | | **DECLARATION OF** |
| | : | **JEFFREY J. GREENBAUM** |
| Defendant. | | **IN SUPPORT OF** |
| | : | **MOTION TO SEAL** |

JEFFREY J. GREENBAUM, hereby declares as follows:

1.      I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS").  In accordance with Local Civil Rule 5.3(c)(3), I submit this Declaration in support of the parties' joint motion to seal the joint letter and exhibits, filed September 7, 2023, regarding the request by Save On SP, LLC ("SaveOnSP") to compel certain financial data from JJHCS (ECF No. 150, the "September 7 Letter").

2.      I make this Declaration based upon my personal knowledge and review of the September 7 Letter.  The parties seek to seal in their entirety the lead September 7 letter with Exhibits 17, 18, 19, 21, 22, 23, and 25 and JJHCS Exhibits 1, 2, 3, 4, 5, 10 and 11 (collectively, the "Confidential Materials") through the instant motion, in accordance with Local Civil Rule 5.3(c).

3.      Attached hereto as Exhibit A is the parties' proposed public version of the September 7 Letter.  JJHCS is proposing the redaction of limited information relating to confidential exhibits from the lead September 7 letter, the sealing of the entirety of Exhibits 18, 19, 21, 22, 23, and 25 and JJHCS Exhibits 1, 2 and 3, and the redacted filing of Exhibit 17.  SaveOnSP is proposing the redaction of limited information relating to confidential exhibits from the lead September 7 letter and the sealing of the entirety of JJHCS Exhibits 4, 5, 10 and 11.

4. Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

5. In support of this motion, both parties have prepared their respective indices setting forth the information that they seek to seal and the basis for the request. A copy of the index detailing JJHCS's confidential information is attached hereto as Exhibit B, and a copy of the index detailing SaveOnSP's confidential information is attached hereto as Exhibit C.

6. Neither party has objected to the sealing of any of the Confidential Materials subject to this motion.

**JJHCS's Confidential Information**

7. The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the

Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

8.    The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

9.    During the course of discovery, JJHCS produced various confidential documents pertaining to the administration and finances of the CarePath program, including internal documents, slideshows, presentations and training materials (Exhibits 18, 19, 25, and JJHCS Exhibits 1-3), and financial spreadsheets (Exhibits 21-23).

10.    JJHCS designated its production of these documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business or personal information. (ECF No. 62.)

11.    As detailed on Exhibit A, JJHCS proposes minimal redactions to the lead September 7 letter. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation. JJHCS is also proposing limited redactions to a discovery letter from SaveOnSP (Exhibit 17), which redactions also pertain to the confidential exhibits identified above as well as other confidential documents produced by JJHCS in the litigation.

12.    JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public.  For that reason, its interest in maintaining the confidentiality of these documents is paramount.

13.    The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action.  *See* ECF No. 62.

14.    JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information.  In short, disclosure of this confidential information serves no useful purpose.

15.    Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

### SaveOnSP's Confidential Information

16.    In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Exhibit C is a table documenting all materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available.

In summary, the information that SaveOnSP seeks to protect from public disclosure is SaveOnSP's confidential health and proprietary business information.

17.    SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted information contained in these documents and in avoiding the public disclosure of this information because it includes the confidential health information of members of SaveOnSP's health plan clients and SaveOnSP's proprietary business information, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage. *See, e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc*., 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc*., 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

18.    SaveOnSP further asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the Joint Letter [ECF No. 150]. SaveOnSP seeks to redact information, pulled from SaveOnSP's internal, confidential records, regarding SaveOnSP's internal business strategies and

services and regarding SaveOnSP's communications with members of its health plan clients. SaveOnSP also seeks to permanently keep under seal Joint Letter JJHCS Exhibits 4-5 and 10-11, which include internal, confidential communications regarding SaveOnSP's services and communications with members of SaveOnSP's health plan clients. SaveOnSP asserts that the disclosure of this information would harm SaveOnSP, its clients, and the patients who are members of SaveOnSP-advised plans, as it contains confidential health information (*see Rosario*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information)) and would harm SaveOnSP by granting competitors and other industry participants unfair, direct insight into SaveOnSP's business and financial strategies, and thus should remain under seal. *Goldenberg*, 2012 WL 15909, at *4 (granting motion to seal "commercially sensitive and proprietary non-public business information").

19. Accordingly, SaveOnSP respectfully requests that the Court redact the limited information relating to confidential exhibits from the lead September 7 letter and seal Exhibits 4-5 and 10-11 in their entirety. SaveOnSP submits that there is no less restrictive alternative available.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 21, 2023.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM