**Exhibit C to the Declaration**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Joint Letter dated September 7, 2023 [ECF No. 150] | Letter contains references to SaveOnSP's internal business strategies and services regarding SaveOnSP's communications with members of its clients, comprising proprietary business information. *See* ECF. No. 150 at 13 n. 10, 20. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Joint Letter is being filed [ECF No. ___]. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| JJHCS Exhibit 4 to Joint Letter dated September 7, 2023 [ECF No. 150] | Exhibit reflects SaveOnSP's communications strategies for telephone calls with members of SaveOnSP's health plan clients, comprising proprietary business information . *See* ECF No. 150 at Ex. 4. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| JJHCS Exhibit 5 | Exhibit reflects SaveOnSP's | If relief is not granted, SaveOnSP would be at a | It is believed that no less restrictive alternative is | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| of Joint Letter dated September 7, 2023 [ECF No. 150] | communications strategies for telephone calls with members of SaveOnSP's health plan clients, comprising proprietary business information. *See* ECF No. 150 at Ex. 5. | competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | available to prevent the disclosure of Save-OnSP's proprietary business information. | | |
| JJHCS Exhibit 10 of Joint Letter dated September 7, 2023 [ECF No. 150] | Exhibit discusses information regarding SaveOnSP's services, as well as reflects communications about a member of a SaveOnSP-advised health plan (SaveOnSP's client), comprising proprietary business and confidential health information. *See* ECF No. 150 at Ex. 10. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. The exhibit also contains confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | No objection |
| JJHCS Exhibit 11 of Joint Letter dated September 7, 2023 [ECF No. 150] | Exhibit discusses confidential health information about members of a SaveOnSP-advised health plan (SaveOnSP's clients), includes communications about said members regarding the same, and contains SaveOnSP's internal strategies, comprising confidential health and | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. The exhibit also contains confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of Save-OnSP's proprietary business information. | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| | proprietary business information. *See* ECF No. 150 at Ex. 11. | | | | |