# EXHIBIT B

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 1-2 (". . . level" and "that . . ."), of the June 23, 2023 lead letter (ECF No. 122; the "June 23 Letter"): Discussion of confidential emails; and<br><br>Exhibit 2: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that this exhibit contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |
| Redactions on page 2 ("supports . . ."), pages 8-9 ("reflecting . . . line"), and page 9 ("Ms. . . . documents") of the June 23 Letter: discussion of | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| confidential Business Update.<br><br>Exhibit 3: Business Update material. | parties agreed to keep confidential. JJHCS maintains that these materials contain sensitive business information. | JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | alternative is available or practicable. | | |
| Redactions on page 2 ("it . . so"), of the June 23 Letter: Discussion of confidential emails; and<br><br>Exhibit 4: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that this exhibit contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions on page 2 n.2 of the June 23 Letter ("Janssen . . . Inc."): discussion of confidential brochure;<br><br>Exhibit 7: confidential brochure. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these materials contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 2 n.2 of the June 23 Letter (" . . . Inc.): discussion of talk tracks;<br><br>Exhibit 8: confidential talk tracks. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these materials contain sensitive business information, including the application of the CarePath program. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |
| Redactions on page 2 n.2 of the June 23 Letter ("internal . . ."): discussion of confidential presentation;<br><br>Exhibit 6: confidential presentation. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | materials contain sensitive business information. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions on page 2 n.2 of the June 23 Letter (". . . internal"): discussion of confidential presentation; Exhibit 9: confidential presentation. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these materials contain sensitive business information. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Redactions on page 2 n.3 ("Janssen . . . 2017") and page 9 ("those . . . work" and "both . . . agreement") of the June 23 Letter: discussion of confidential statements of work;<br><br>Exhibits 11 and 13: confidential statements of work. | JJHCS requests the sealing of documents and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these materials contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 2 n.3 of the June 23 Letter ("Change . . . 2017"): discussion of confidential change order;<br><br>Exhibit 12: change order. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these materials contain sensitive business information. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |
| Redactions on page 3 ("She . . . 21" and "and . . . etc."), of the June 23 Letter: Discussion of confidential emails; and<br><br>Exhibits 21 and 22: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | exhibits contain sensitive business information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions on page 3 n.7 ("the . . . profits" and "the . . . 2020") of the June 23 Letter: discussion of confidential budgets; Exhibits 17 and 18: confidential budgets. | JJHCS requests the sealing of two documents and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these materials contain sensitive business information, including financial information. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Redactions on page 4 ("and . . ."), of the June 23 Letter: Discussion of confidential email; and

Exhibits 23, 24, and 25: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 4 ("developed . . . patients") and page 11 (" . . . (PsA)") of the June 23 Letter: discussion of confidential presentation.<br><br>Exhibit 28: confidential presentation. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these materials contain sensitive business information. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |
| Redactions on page 4 ("He . . . drugs."), of the June 23 Letter: Discussion of confidential emails; and<br><br>Exhibit 31: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that this exhibit | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | contains sensitive business information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions on page 5 n.12 ("seeking . . . CarePath" and "showing . . . CarePath") and page 9 n. 13 ("that . . . communication") of the June 23 Letter: Discussion of confidential emails; and<br><br>Exhibits 33 and 34: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Redactions on page 5 n.12 ("requesting . . . solutions") and page 9 ("which . . . dispute") of the June 23 Letter: discussion of confidential presentation;<br><br>Exhibit 35: confidential presentation. | JJHCS requests the sealing of a document and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that these materials contain sensitive business information. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 4 ("He . . . 2021" and "weeks . . . drugs"), of the June 23 Letter: Discussion of confidential emails; and\n\nExhibit 32: confidential emails. | JJHCS requests the sealing of emails and related discussions in the June 23 Letter that are not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that this exhibit contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information.\n\nDisclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |
| Exhibit 1: letter template. | JJHCS requests the sealing an exhibit that is not known to the general public and for which the parties agreed to keep confidential.  JJHCS maintains that this exhibit contains sensitive business information, including the | If filed on the public docket, this exhibit will reveal confidential material relating to JJHCS's sensitive business information.\n\nDisclosure of this confidential and | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public.  No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | administration of the CarePath program. | proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Exhibits 5, 16, 20: confidential presentations. | JJHCS requests the sealing of exhibits that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information. | If filed on the public docket, these exhibits will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Exhibit 10: Amendment to Master Services Agreement | JJHCS requests the sealing of an exhibit that is not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that this exhibit contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this exhibit will reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |
| Exhibits 14, 15, 19, 26, 27, 29, and 30: confidential emails | JJHCS requests the sealing of emails that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the | If filed on the public docket, these exhibits will reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | administration of the CarePath program. | the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |