E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com
sgalli@rc.com

David Elsberg (admitted pro hac vice)
Andrew R. Dunlap (admitted pro hac vice)
Meredith Nelson (admitted pro hac vice)
Elizabeth H. Snow (admitted pro hac vice)
**SELENDY GAY ELSBERG PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES)(CLW) <br><br> *Document Electronically Filed* <br><br> **[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION TO SEAL** |

This matter having been opened before the Court upon the Joint Motion of Defendant Save On SP, LLC ("SaveOnSP") and Johnson & Johnson Health Care Systems, Inc. ("JJHCS") to Permanently Seal portions of the June 27, 2023 Transcript [ECF 131]; and the Court having considered the submissions in support of, as well as the arguments of counsel, if any; and for good cause shown, the Court finds:

**FINDINGS OF FACT AS TO SAVEONSP**

1. The information that SaveOnSP seeks to seal consists of SaveOnSP's proprietary business information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties. *See e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

**FINDINGS OF FACT AS TO JJHCS**

4. As to JJHCS's request to seal its confidential materials, the Court finds that the materials set forth on Appendix B to the Declaration of E. Evans Wohlforth, Jr. (the "JJHCS Confidential Materials") contain information that is non-public business, trade secret and/or proprietary information involving the administration of the Janssen CarePath Program.

5. The Court further finds that the JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

6. The Court further finds that the parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

7. The Court further finds that JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information, that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public, and that no less restrictive alternative exists because JJHCS has redacted only the confidential material.

## **CONCLUSIONS OF LAW**

1. Upon consideration of the papers submitted in support of the Motion, the Court concludes that SaveOnSP and JJHCS have met their burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that: (a) June 27, 2023 Transcript [ECF 131] therein contains confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials

from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

  **BASED UPON** the foregoing findings of fact and conclusions of law:

  **IT IS** on this \_\_\_\_ day of   , 2023, **ORDERED** that the Joint Motion to Seal is hereby **GRANTED**; and it is **FURTHER ORDERED** that the materials identified in Exhibits A and B to the Declaration of E. Evans Wohlforth, Jr. are hereby **PERMANENTLY SEALED**.

             _____
             Hon. Cathy L. Waldor, U.S.M.J

4