E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com
sgalli@rc.com

David Elsberg (admitted pro hac vice)
Andrew R. Dunlap (admitted pro hac vice)
Meredith Nelson (admitted pro hac vice)
Elizabeth H. Snow (admitted pro hac vice)
**SELENDY GAY ELSBERG PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES)(CLW) <br><br> *Document Electronically Filed* <br><br> **DECLARATION OF E. EVANS WOHLFORTH, JR., ESQ., IN SUPPORT OF MOTION TO SEAL** |

I, E. Evans Wohlforth, Jr., submit this Declaration in support of the Joint Motion of Defendant Save On SP, LLC ("SaveOnSP") and Johnson & Johnson Health Care Systems, Inc. ("JJHCS") to Permanently Seal portions of the June 27, 2023 Transcript [ECF 131].

1.      I am an attorney duly authorized to practice law in the State of New Jersey and a member in good standing of the bar of this Court.  I am a member of the law firm of Robinson & Cole, LLP, counsel for SaveOnSP.

2.      I submit this Certification in accordance with Local Civil Rule 5.3 based upon my personal knowledge in support of the Motion to Seal.

**SaveOnSP's Confidential Materials**

3.      The information that SaveOnSP seeks to seal consists of SaveOnSP's confidential, internal information and communications about its business operations, strategies, and internal programs, which SaveOnSP asserts is proprietary business information.

4.      In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Appendix A is a table documenting all of SaveOnSP's materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available.  In summary, the information that SaveOnSP seeks to protect from public disclosure is SaveOnSP's proprietary business information.

5.      In accordance with Local Rule 5.3(c)(3)(f), both parties consent to the relief sought in this motion.

6.      A redacted version of the June 27, 2023 Transcript is being filed with this Motion pursuant to Local Rule 5.3(c)(4), to ensure that the sealing is by the least restrictive means possible.

7.      SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted information contained in these documents and in avoiding the

public disclosure of this information because it includes SaveOnSP's proprietary business information, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage. *See e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc*., 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc*., 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

8.    SaveOnSP further asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the June 27, 2023 Transcript [ECF 131]. SaveOnSP seeks to redact information and quotes from SaveOnSP's confidential business plan. The disclosure of this information would harm SaveOnSP by granting competitors and other industry participants unfair, direct insight into SaveOnSP's business and financial strategies, and thus should remain under seal. *Goldenberg*, 2012 WL 15909, at *4 (granting motion to seal "commercially sensitive and proprietary non-public business information").

9.    Accordingly, SaveOnSP respectfully requests that the Court seal the unredacted versions of the June 27, 2023 transcript. SaveOnSP submits that there is no less restrictive alternative available.

10.    SaveOnSP respectfully submits that it has satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, SaveOnSP requests that the Court grant its motion to seal materials.

**JJHCS Confidential Materials**

11.    In support of this motion, JJHCS has prepared an index setting forth the information that it seeks to seal and the basis for the request (the "JJHCS Confidential Materials").  A copy of this index is attached hereto as Appendix B.

12.    The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

13.    On June 23, 2023, the parties filed a joint letter regarding the request by SaveOnSP to compel discovery from non-JJHCS entities or individuals (ECF No. 123, the "June 23 Letter").   The June 23 Letter included various confidential materials, including confidential emails regarding the administration of the CarePath program, attached as Exhibits 2, 33, and 34.

14.    JJHCS designated its production of these emails as Confidential or Confidential - Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information.  (ECF No. 62.)  On September 22, 2023, JJHCS filed a motion to seal the June 23 Letter, including Exhibits 1-35 (ECF No. 157).

15.    As detailed on Appendix B, JJHCS proposes limited redactions to the June 26 transcript, all of which directly pertain to the discussion of Exhibits 2, 33, and 34 to the June 23 Letter.

16.    JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public.  For that reason, JJHCS asserts that its interest in maintaining the confidentiality of these documents is paramount.

17.    The parties have continued to safeguard and protect the confidentiality of the JJHCS Confidential Materials during the course of this action.  *See* ECF No. 62.

18.    JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information.  In short, JJHCS asserts that disclosure of this confidential information serves no useful purpose.

19.    JJHCS asserts that sealing of the JJHCS Confidential Materials is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

20.    JJHCS is not aware of any objection to having the JJHCS Confidential Materials being sealed.

21.     Accordingly, the parties request that the Court grant this motion to seal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:  September 22, 2023          By: s/ E. Evans Wohlforth, Jr.
                                    E. Evans Wohlforth, Jr.
                                    Sabrina M. Galli
                                    **ROBINSON & COLE LLP**
                                    666 Third Avenue, 20th Floor
                                    New York, NY 10017
                                    Tel: (212) 451-2900
                                    ewohlforth@rc.com
                                    sgalli@rc.com

                                    and

                                    David Elsberg (admitted pro hac vice)
                                    Andrew R. Dunlap (admitted pro hac vice)
                                    Meredith Nelson (admitted pro hac vice)
                                    Elizabeth H. Snow (admitted pro hac vice)
                                    **SELENDY GAY ELSBERG PLLC**
                                    1290 Avenue of the Americas
                                    New York, NY 10104
                                    Tel: 212-390-9000
                                    delsberg@selendygay.com

adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*