# EXHIBIT B

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 2 ("personnel . . . companies"), ("leadership . . . companies"), and ("admits . . . individuals"), of the October 11, 2023 lead letter (ECF No. 162; the "October 11 Letter"): Discussion of confidential interrogatory responses; and<br><br>Exhibit 1: JJHCS's Supplemental Responses and Objections to SaveOnSP's First Set of Interrogatories (also filed as JJHCS Exhibit 1)<br><br>Exhibit 2: JJHCS's Responses and Objections to SaveOnSP's First Set of Interrogatories | JJHCS requests the sealing of interrogatory responses and related discussions in the October 11 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these exhibits contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

1

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Redactions on page 4 ("based . . . CarePath"), ("based . . . CarePath"), n.3 ("showing . . . Program") ("showing . . . accumulators"), n.4 ("showing . . . Aria") ("requesting . . . CarePath"): Discussion of confidential emails; and<br><br>Exhibits 9-12: confidential emails. | JJHCS requests the sealing of emails and related discussions in the October 11 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |
| Redactions on page 8 ("reflecting . . . Americas") of the October 11 Letter: discussion of confidential Business Update.<br><br>JJHCS Exhibit 2: Business Update (also filed as Exhibit 13) | JJHCS requests the sealing of a document and related discussions in the October 11 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these | If filed on the public docket, this exhibit and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None. | None. |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | materials contain sensitive business information relating to the JJHCS business. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions on Exhibit 3, page 1 ("Mr. . . . *Id.*"), page 2 ("In . . . 45"), ("Ms. . . . NEHB"), ("He . . . 2355"), and page 3 ("Ms. 34527") to the October 11 Letter: Discussion of confidential documents. | JJHCS requests the sealing of information in Exhibit 3 to the October 11 Letter that is not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that this exhibit contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this exhibit will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. JJHCS is proposing a limited number of redactions, which is the least restrictive alternative available. | None. | None. |