SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
Julia Haigney Long (admitted *pro hac vice*)
Elisabeth Shane (admitted *pro hac vice*)
Katherine Brisson (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
  *Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(ES)(CLW) |
| Plaintiff, | Hon. Esther Salas, U.S.D.J. |
| vs. | Hon. Cathy L. Waldor, U.S.M.J |
| SAVE ON SP, LLC, | **ORDER GRANTING MOTION TO SEAL** |
| Defendant. | |

This matter having been brought to the Court upon the motion of Plaintiff

Johnson & Johnson Health Care Systems, Inc. ("JJHCS") by and through its

attorneys and without objection from Defendant Save On SP, LLC ("SaveOnSP"), seeking an order (i) permanently sealing the parties' joint letter, dated October 11, 2023, and exhibits, regarding the request by Save On SP, LLC ("SaveOnSP") to compel JJHCS to conduct a further investigation of non-JJHCS personnel and supplement its responses to SaveOn SP's First Set of Interrogatories (ECF No. 162; the "October 11 Letter"); and (ii) permitting JJHCS to file the proposed public version of the October 11 Letter attached as Exhibit A to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion ("Greenbaum Declaration"); and the Court having considered JJHCS's motion, the Court makes the following findings of fact and conclusions of law, pursuant to Local Civil Rule 5.3(c)(6):

(1) The Court finds that Exhibits 1-3, 9-13, and JJHCS Exhibits 1-2 and discussions thereof within the lead October 11 Letter (the "Confidential Materials") contain information that is non-public business, trade secret and/or proprietary information involving the administration of the Janssen CarePath Program and the JJHCS business.

(2) The Court further finds that the Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the Confidential Materials, including throughout the

pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information, that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public, and that no less restrictive alternative exists.

(5) For these reasons, good cause exists for protecting the Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3(c)(2).

IT IS ON THIS _____ day of _____, 2023;

ORDERED, that pursuant to L. Civ. R. 5.3, the Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and ECF No. 162 is hereby permanently SEALED; and it is further

ORDERED that JJHCS shall file the proposed public version of ECF No. 162, attached as Exhibit A to the Greenbaum Declaration, within five (5) days of the date of this Order.

                                                HON. CATHY L. WALDOR