## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,**<br><br>　　　**Plaintiff,**<br><br>**v.**<br><br>**SAVE ON SP, LLC,**<br><br>　　　**Defendant.** | **Case No. 22-2632 (ES) (CLW)**<br><br><br>**ORDER** |

**CATHY L. WALDOR, U.S.M.J.**

This matter comes before the Court upon Defendant Save On SP, LLC's ("SaveOnSP") pending discovery applications. (ECF Nos. 146, 149, 150, 162, 165, 166). The Court held argument on these issues on October 30, 2023. (Tr. of Oct. 30, 2023 Hr'g., ECF No. 171). After having carefully considered the parties' submissions and arguments, and for the reasons set forth on the record during the October 30, 2023 proceeding, and for good cause shown;

**IT IS** on this 7th day of November, 2023,

**ORDERED** that, with regard the disputes set forth in Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence), the parties shall continue to meet and confer in a good faith effort to resolve their disagreements. During that process, Defendant shall continue to narrow the scope of its requests; and it is further

**ORDERED** that, with regard to the issues set forth in Docket Entry No. 149, SaveOnSP's request is **GRANTED**. SaveOnSP may provide the 12 documents in question, (ECF No. 149-1), to outside counsel for non-parties Express Scripts, Inc. and Accredo Health Group, Inc., on an "Attorneys' Eyes Only" basis, pursuant to the terms of the Discovery Confidentiality Order. (ECF

No. 62).  Prior to receiving those materials, the attorneys for Express Scripts, Inc. and Accredo Health Group, Inc. must sign an Endorsement of Protective Order in the form attached to the Discovery Confidentiality Order as Exhibit A (the Court notes that the form "Endorsement" contains language whereby the signatory consents to the jurisdiction of the United States District Court for the District of New Jersey for "any proceedings relating to the enforcement of the Order."); and it is further

**ORDERED** that SaveOnSp's request for relief set forth in Docket Entry No. 162 is **DENIED**.  The Court carefully drafted its June 29, 2023 Order, (ECF No. 127), mindful of the significant proportionality concerns inherent in SaveOnSp's relevant discovery demands (e.g., requiring Plaintiff to identify essentially every Johnson & Johnson-affiliated employee who had any involvement with CarePath).  The Court finds that Plaintiff has complied with that Order, and that no further response is necessary at this time; and it is further

**ORDERED** that, with regard to SaveOnSp's request for relief set forth in Docket Entry No. 165, the Court will require Plaintiff to add six of the custodians that SaveOnSp identified with regard to the CAP program (amongst Kinne, Longbothum, Shontz, Barklage, Joffman, Platt, and Wyszkowski).  The parties shall meet and confer regarding the identities of the additional custodians and to work out any necessary logistics; and it is further

**ORDERED** that the Court resolves the issues set forth in Docket Entry No. 166 as follows:

1. Plaintiff shall provide the non-custodial discovery that its counsel identified during the October 30, 2023 conference; (Tr. of Oct. 30, 2023 Hr'g. at 60-62, ECF No. 171); and

2. Plaintiff shall run custodial document searches fashioning a search designed to capture documents wherein the terms "CAP A", "CAP M", or "adjustment

program" (or reasonable variations of those terms) are found in the same documents as the term "SaveOn" (or reasonable variations / abbreviations). The parties shall meet and confer to work out the specific search terms Plaintiff will use. The temporal scope for that search shall be January 1, 2022 through the present; and

3. Both parties have an ongoing obligation to supplement their discovery responses in accordance with the Federal Rules of Civil Procedure. Barring an agreement limiting the parties' obligations in this regard, both parties shall update their discovery responses (including productions), *without limitation*, through the date of this Order; and it is further

**ORDERED** that the parties shall meet and confer to establish appropriate deadlines for the completion of any additional discovery required herein, and shall so advise the Court of those agreed deadlines.

**SO ORDERED.**

<u>**s/ Cathy L. Waldor**</u>
**CATHY L. WALDOR, U.S.M.J.**

cc: Hon. Esther Salas, U.S.D.J.