SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
Sara Arrow
Julia Haigney Long (admitted *pro hac vice*)
Elisabeth Shane (admitted *pro hac vice*)
Katherine Brisson (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632(ES)(CLW) |
| Plaintiff, | : : | Hon. Esther Salas, U.S.D.J. Hon. Cathy L. Waldor, U.S.M.J |
| vs. | : | |
| SAVE ON SP, LLC, | : | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendant. | : : | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS"). In accordance with Local Civil Rule 5.3(c)(3), I submit this Declaration in support of the joint motion to seal (i) the parties' joint letter, dated October 25, 2023, regarding JJHCS custodians and accompanying exhibits (ECF No. 165); (ii) the parties' joint letter, dated October 25, 2023, regarding CAP search terms and accompanying exhibits (ECF No. 166); and (iii) the transcript of the hearing on October 30, 2023 (ECF No. 171).

2. I make this Declaration based upon my personal knowledge and review of the October 25 letters and October 30 transcript. The parties seek to seal portions of ECF Nos. 165, 166, and 171, through the instant motion, in accordance with Local Civil Rule 5.3(c).

3. Attached hereto as Exhibit A is the proposed public version of ECF No. 165. As shown in this exhibit, the parties are proposing the redaction of limited information relating to confidential information from the lead letter, Exhibits 1, 4 & 6–7, and JJHCS Exhibit 9; the public filing of Exhibits 2–3, 5 & 13; and the sealing of the entirety of Exhibits 8–12 & 14–147 and JJHCS Exhibits 1–8.

4. Attached hereto as Exhibit B is the proposed public version of ECF No. 166. As shown in this exhibit, the parties are proposing the redaction of limited

information relating to confidential information from the lead letter and Exhibits 22 and 23; the public filing of Exhibits 18–19, 21, & 24 and JJHCS Exhibits 4–7; and the sealing of the entirety of Exhibits 1–17, 20 and JJHCS Exhibits 1–3.

5. Attached hereto as Exhibit C is the proposed public version of ECF No. 171. As shown in the exhibit, the parties are proposing the redaction of limited confidential information discussed in ECF Nos. 165 and 166.

6. Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

7. In support of this motion, the parties have prepared indices setting forth the information that they seek to seal and the basis for the request as follows:

| Exhibit D | JJHCS's Proposed Redactions to ECF No. 165 |
| Exhibit E | SaveOnSP's Proposed Redactions to ECF No. 165 |

| Exhibit F | JJHCS's Proposed Redactions to ECF No. 166 |
| --- | --- |
| Exhibit G | SaveOnSP's Proposed Redactions to ECF No. 166 |
| Exhibit H | JJHCS's Proposed Redactions to ECF No. 171 |
| Exhibit I | SaveOnSP's Proposed Redactions to ECF No. 171 |

8. Neither party has objected to the sealing of any of the confidential materials subject to this motion.

**JJHCS Confidential Information**

9. The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

10. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

11. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program and the JJHCS business. Certain of these documents are attached as exhibits to ECF Nos. 165 and 166, and include confidential emails, letters, presentations, interrogatory responses, charts, notes, and drafts of internal documents.

12. JJHCS designated its production of these documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62). JJHCS also designated the production of certain benefits investigations as containing Confidential Health Information.

13. As detailed in Exhibits D and F, JJHCS proposes very limited redactions to the October 25 letters. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation. As shown on Exhibit H, JJHCS is also proposing limited redactions to the October 30 transcript, which also pertain to the confidential exhibits and information identified above.

14. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

15. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action. *See* ECF No. 62.

16. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place

JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

17. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

**SaveOnSP Confidential Materials**

18. In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Exhibits E, G, and I are tables documenting all SaveOnSP materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available. In summary, SaveOnSP asserts that the information that it seeks to protect from public disclosure is SaveOnSP's confidential health and proprietary business information.

19. SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted information contained in these documents and in avoiding the public disclosure of this information because it includes the confidential health information of members of SaveOnSP's health plan clients and SaveOnSP's proprietary business information, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage. *See, e.g.*,

*Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

20. SaveOnSP further asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the October 25, 2023 Letter regarding JJHCS Custodians and JJHCS Exhibit 1 [ECF No. 165]. SaveOnSP seeks to redact information, pulled from SaveOnSP's internal, confidential records regarding SaveOnSP's confidential management course materials. SaveOnSP also seeks to permanently keep under seal the October 25, 2023 Letter regarding CAP Search Terms, Exhibits 20 and 22, and JJHCS Exhibits 1-3 therein [ECF No. 166], which contain SaveOnSP's confidential organizational chart (JJHCS Ex. 1); SaveOnSP's internal processes for maintaining data, including payment data and payment values, as well as confidential information regarding specific patient transactions (JJHCS Ex. 2); and SaveOnSP's internal call log and internal policies and strategies for engaging with members (JJHCS Ex. 3).

7

SaveOnSP asserts that the disclosure of this information would harm SaveOnSP, its clients, and the patients who are members of SaveOnSP-advised plans, as it contains confidential health information (*see Rosario*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information)) and would harm SaveOnSP by granting competitors and other industry participants unfair, direct insight into SaveOnSP's business and financial strategies, and thus should remain under seal. *Goldenberg*, 2012 WL 15909, at *4 (granting motion to seal "commercially sensitive and proprietary non-public business information").

21.  Accordingly, SaveOnSP respectfully requests that the Court (a) redact the limited information relating to confidential exhibits from the October 25, 2023 letters and Exhibit 22 to the October 25, 2023 CAP Search Terms Letter, (b) seal JJHCS Exhibit 1 to the October 25, 2023 JJHCS Custodians Letter in their entirety, (c) seal Exhibit 20 and JJHCS Exhibits 1-3 to the CAP Search Terms Letter in their entirety, and (d) redact the limited information relating to confidential exhibits from the October 30, 2023 Transcript. SaveOnSP submits that there is no less restrictive alternative available.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 21, 2023.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM