# EXHIBIT D

### INDEX IN SUPPORT OF MOTION TO SEAL
### OCTOBER 25 JOINT LETTER RE JJHCS CUSTODIANS

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions related to Janssen Americas Leadership Team ("JALT"):<br><br>Pp. 3–4;<br><br>Exs. 8–12 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Redactions related to Blasine Penkowski: | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to | JJHCS requests the sealing of only the information that will reveal confidential information that is | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Pp. 4 & 18; Exs. 13–31 | the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | not known to the general public. No less restrictive alternative is available or practicable. | | |
| Redactions related to Scott White: Pp. 4–5 & 19; Exs. 11, 18, 19 & 32–46 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions related to Ernie Knewitz: Pp. 5 & 19–20; Exs. 10–11, 34 & 47–49 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions related to Karen Lade:<br><br>Pp. 6 & 20–21;<br><br>Exs. 50–61 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Redactions related to Juliette Deshaies:<br><br>Pp. 6–7 & 21;<br><br>Exs. 62–73 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | exhibits contain sensitive business information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | alternative is available or practicable. | | |
| Redactions related to Copay Adjustment Program ("CAP"):<br><br>Pp. 7–8 & 22;<br><br>Exs. 12, 31 & 74–75 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | disadvantage if its competitors secured the information. | | | |
| Redactions related to Quinton Kinne: Pp. 8–9 & 22; Exs. 64 & 76–87 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

5

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions related to Daphne Longbothum:<br><br>Pp. 9 & 23;<br><br>Exs. 88–96 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Redactions related to William Shontz:<br><br>Pp. 10–11 & 23–24; | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive | None | None |

6

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Exs. 64, 82 & 97–114 | exhibits contain sensitive business information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | alternative is available or practicable. | | |
| Redactions related to Alison Barklage: Pp. 11–12 & 24; Exs. 74 & 115–27 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

7

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | disadvantage if its competitors secured the information. | | | |
| Redactions related to John Hoffman:<br><br>Pp. 12–13 & 25;<br><br>Exs. 10, 16, 20 & 128–30 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

8

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions related to L.D. Platt:<br><br>Pp. 13 & 25;<br><br>Exs. 19 & 131–139 | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Redactions related to Leigh Wyszkowski:<br><br>Pp. 13–14 & 25; | JJHCS requests the sealing of documents and related discussions in the October 25 Letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive | None | None |

9

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Exs. 81 & 140–46 | exhibits contain sensitive business information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | alternative is available or practicable. | | |