SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
Julia Haigney Long (admitted *pro hac vice*)
Elisabeth Shane (admitted *pro hac vice*)
Katherine Brisson (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
  *Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632(ES)(CLW) |
| | : | |
| Plaintiff, | : | Hon. Esther Salas, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J |
| vs. | : | |
| | : | |
| SAVE ON SP, LLC, | : | **ORDER GRANTING** |
| | : | **MOTION TO SEAL** |
| Defendant. | : | |

This matter having been brought to the Court upon the motion of Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") by and through their attorneys and with the consent of Defendant Save On SP, LLC ("SaveOnSP"), seeking an order (i) sealing the parties' joint letter, dated July 18, 2023, regarding SaveOnSP's request for an extension of the substantial completion deadline and accompanying exhibits (ECF No. 133; the "July 18 Letter"); and (ii) permitting JJHCS to file the proposed public version of the July 18 Letter attached as Exhibit A to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion ("Greenbaum Declaration"); and the Court having considered JJHCS's motion, the Court makes the following findings of fact and conclusions or law, pursuant to Local Civil Rule 5.3(c)(6):

(1) Exhibits 6 and 7 and discussions thereof within the July 18 Letter (the "Confidential Materials") contain information that is non-public business, trade secret and/or proprietary information consisting of letter templates regarding the terms of the Janssen CarePath Program.

(2) The Court further finds that the Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the Confidential Materials, including throughout the

pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information, that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public, and that no less restrictive alternative exists because JJHCS has publicly filed versions of documents in question in which only the confidential information contained therein has been redacted. (ECF No. 137-2).

(5) For these reasons, good cause exists for protecting the Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3(c)(2).

Based on the foregoing,

IT IS ON THIS 27th day of November, 2023;

**ORDERED**, that Plaintiff's motion to seal, (ECF No. 137), satisfies the requirements of L. Civ. R. 5.3, and related case law and is therefore **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall maintain the unredacted

version of the parties' July 18, 2023 letter and its exhibits, (ECF No. 133), under seal.

                                                      s/Cathy L. Waldor
                                       HON. CATHY L. WALDOR, U.S.M.J.