**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**SAVE ON SP, LLC,**<br><br>Defendants. | Civil Action No. 22-2632 (ES) (CLW)<br><br>**ORDER APPOINTING SPECIAL MASTER** |

This matter comes before the Court *sua sponte* regarding the appointment of a special master, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), to address pretrial discovery and case management disputes in the above-captioned litigation. In accordance with Federal Rule of Civil Procedure 53(b)(1), the Court notified the parties during the November 29, 2023 telephone conference of its intention to appoint the Hon. Freda L. Wolfson, U.S.D.J. (ret.) of the firm Lowenstein Sandler LLP as special master; and

**WHEREAS** this matter involves CarePath, a financial support program that Plaintiff allegedly maintains to help patients afford co-pays for certain prescription drug products, thereby allowing those patients to obtain necessary medicine that they might not otherwise be able to afford. (*Generally* Compl. ECF No. 1). Plaintiff contends that Defendant partners with payors (e.g., insurance companies) in an improper scheme that allows patients to obtain drugs for "less" by artificially inflating patient co-pays for those drugs (with the knowledge that some or all of those costs will be borne by CarePath), thereby draining tens of millions of dollars from Plaintiff's CarePath program. (*Id.*). This allegedly allows payors to ultimately spend less on prescriptions,

effectively shifting a portion of their costs to Plaintiff. (*Id.*). Plaintiff contends that Defendant's actions have caused the costs of the CarePath program to skyrocket, diverting funds meant to help patients to payors and Defendant, and making the program financially untenable for Plaintiff to maintain. (*Id.*). Plaintiff alleges that this will harm patients going forward, as they will no longer have a source of copay assistance from CarePath. Based on these allegations, Plaintiff has asserted claims for Tortious Interference with Contract (Count I) and Violation of N.Y. GEN. BUS. LAW § 349, ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.") (Count II) (*Id.*); and

**WHEREAS** the Court has closely managed the progression of this case since its inception. During that time, the parties have submitted, and the Court has resolved, a multitude of discovery and case management disputes. The Court will not recount them here as the docket for this matter speaks for itself, but it suffices to say that the parties' disputes have been frequent and complex, with expansive letter briefing and voluminous supporting exhibits. The Court has also conducted numerous lengthy conferences, both virtually and in-person, to address those issues. While the Court has made every effort to address the parties' submissions in a timely fashion, the disputes show no sign of slowing, and the Court foresees that this case will continue to demand a level of intensive, individualized case management that is simply not sustainable given the press of other matters on the Court's docket; and

**WHEREAS** Federal Rule of Civil Procedure 53(a)(1)(C) provides, in pertinent part, that the District Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C); and

**WHEREAS**, "[a]lthough it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . utilization of a master is appropriate to 'perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing.'" *Luppino v. Mercedes Benz USA, LLC*, No. 09-05582 (DMC), 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (quoting *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012)); and

**WHEREAS** "courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." *Id.* (citing *Grider v. Keystone Health Plan Cent., Inc.*, No. 2:01-cv-05641 (JKG) (E.D. Pa. Aug. 25, 2005, ECF No. 373) ("Furthermore, it is the court's belief that the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter.")); and

**WHEREAS** the Court finds that appointment of a special master under Federal Rule of Civil Procedure 53(a)(1)(C) is appropriate here, as a special master will be able to promptly address and resolve disputes with the frequency necessary to facilitate the progression of discovery without delay. The Court further finds that appointment of a special master will serve judicial economy, lead to efficiency gains, and expedite the ultimate resolution of this action; and

**WHEREAS**, for the aforementioned reasons, the Court finds that it is both necessary to appoint a special master in this litigation and appropriate to do so pursuant to Federal Rule of Civil Procedure 53(a)(1)(C); and

**WHEREAS** in accordance with Federal Rule of Civil Procedure 53(b)(3), the Hon. Freda L. Wolfson, U.S.D.J. (ret.) has filed an affidavit with the Court describing certain potential

conflicts. (ECF No. 183). First, Judge Wolfson advised that her firm, Lowenstein Sandler, represents Plaintiff's affiliate Johnson & Johnson and related entities. (*Id.* ¶ 6). Judge Wolfson represented that that she has never had any involvement in those matters, and that Lowenstein Sandler "will be placing an ethical wall between [her] and those matters." (*Id.*). Judge Wolfson also advised that she previously served as a "mock judge" for Johnson & Johnson affiliate Kenvue in an unrelated, since-concluded matter. (*Id.* ¶ 7). Judge Wolfson further represented that the parties and their counsel have agreed to waive any potential conflicts arising from those instances, (*id.* ¶¶ 6-7), and that she is "confident that none of these relationships would preclude [her] from being impartial or unbiased as the Special Master in the above-captioned matter." (*Id.* ¶ 8); and

**WHEREAS** having carefully considered Judge Wolfson's affidavit, the Court finds that there is no conflict that would preclude her involvement in this action under 28 U.S.C. §455, and that she is qualified to serve as a special master; and

**WHEREAS** the Court understands that the parties have no objection to Judge Wolfson's appointment as Special Master;

**IT IS on this 12th day of December, 2023,**

**ORDERED** that the Hon. Freda L. Wolfson, U.S.D.J. (ret.) is hereby appointed as special master pursuant to Fed. R. Civ. P. 53(a) (the "Special Master"); and

**IT IS FURTHER ORDERED:**

**SCOPE OF THE SPECIAL MASTER'S AUTHORITY**

1. The Special Master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the special master may establish and modify as necessary, subject to the Federal Rules of Civil Procedure, the District of New Jersey Local Civil Rules, and any applicable statute or regulation. The Special

Master shall also conduct settlement conferences at such times and in such manners as she deems appropriate; and

  **2.**  The Special Master shall maintain a complete record of the evidence and materials considered in making or recommending findings of fact; and

  **3.**  After issuing an order, opinion, report, or other directive, the Special Master must reduce the order, opinion, report, or other directive to writing and file it electronically on the Court's docket via CM/ECF; and

  **4.**  All substantive hearings before the Special Master shall be recorded by a court reporter, subject to the Special Master's preferences and the agreement of the parties. The court reporter shall provide a copy of the transcript to the Special Master. The Special Master shall preserve the transcript and provide it to the Court upon the Court's request. Expenses related to the court reporter shall be considered expenses of the Special Master, which may be reimbursed as set forth in this Order; and

  **5.**  The Special Master may communicate *ex parte* with the Court at her discretion, without providing notice to the parties, for the purpose of providing updates on the status of the proceedings. The Special Master may not communicate *ex parte* with any attorney on substantive matters without providing notice and giving the other party the opportunity to object. However, the Special Master may communicate *ex parte* with attorneys regarding administrative matters and matters involving settlement discussions; and

  **COST OF SPECIAL MASTER**

  **6.**  The Special Master shall be compensated at her ordinary hourly rate (currently $1,300 per hour) for work reasonably and efficiently complete pursuant to this Order, and shall be reimbursed for any reasonable costs incurred in connection with services provided pursuant to this

Order.[1] All such fees and costs shall be borne equally by the parties. However, for good cause shown and in her discretion, the Special Master may determine each party's costs based on the considerations set forth in Federal Rule of Civil Procedure 53(g)(3); and

7. For the Special Master to fulfill her responsibilities hereunder most efficiently and at the least cost to the parties, she may employ as assistants lawyers at Lowenstein Sandler and members of the New Jersey Bar in good standing, selected by the Special Master, under the supervision and control of the Special Master, and utilized at the Special Master's sole discretion, and such lawyers or assistants shall receive their ordinary hourly rates; and

**MISCELLANEOUS**

8. The Special Master and any assistant lawyers she selects, as set forth above, shall not be subject to subpoena by any party relating to their services for this matter; and

9. The parties will provide the Special Master with any protective order and confidentiality order in force in the above-referenced matter. The Special Master may consent to be bound by the same. Disclosure of privileged or protected information or materials to the Special

---

[1] The Special Master shall keep contemporaneous records of time and services rendered using 1/10-hour minimum billing units and expenses or by such other system as may accord with her practices and ensure clarity and detail. The records must identify for which matter the services were rendered or expenses incurred. The Special Master shall submit such reimbursement requests as she deems appropriate but consistent with applicable Local Rules. The parties shall have 10 days to file specific objections to any portion of the reimbursement request. If no objection is filed, the parties shall have 30 days from receipt of the request to reimburse the Special Master. If an objection is filed, the parties shall have 30 days from receipt of the reimbursement request to reimburse the Special Master for all uncontested portions of the reimbursement request. After providing the Special Master a reasonable opportunity to respond to the objections, the Court will review any objections to a reimbursement request and enter an order determining the final amount of reimbursement. This provision shall also apply to any associates employed by the Special Master as described herein.

Master or an associate thereof will not be considered a waiver of any applicable privilege or confidentiality agreement in this or any other action or proceeding; and

      **10.**      The Magistrate Judge shall resolve objections to—or motions to adopt or modify—a Special Master's order, report, or recommendation, filed pursuant to Federal Rule of Civil Procedure 53(f).

                                                      **SO ORDERED**

                                                      <u>**s/ Cathy L. Waldor**</u>
                                                      **CATHY L. WALDOR**
                                                      **United States Magistrate Judge**

cc:      Hon. Esther Salas, U.S.D.J.