# Sills Cummis & Gross

### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
**Member**
**Direct Dial: (973) 643-5430**
**E-mail: jgreenbaum@sillscummis.com**

**101 Park Avenue**
**New York, NY 10112**
**Tel: 212-643-7000**
**Fax: 212-643-6500**

January 29, 2024

<u>**VIA ECF**</u>
Honorable Judge Cathy L. Waldor, U.S.M.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse
Federal Square, Room 369
Newark, NJ 07101

> **Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,**
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Magistrate Judge Waldor:

We, along with Patterson Belknap Webb & Tyler LLP, represent Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") in the above-captioned matter. We write to request that Exhibit 81 to ECF No. 165 ("Exhibit 81"), over which JJHCS asserts privilege and work product protection, be withdrawn from the Court's docket, where it is currently under seal.

During the course of discovery, JJHCS originally produced the document at issue bearing Bates number JJHCS_00008989, with partial redactions for privilege, to Defendant Save On SP, LLC ("SaveOnSP"). On December 6, 2023, JJHCS informed SaveOnSP that it had determined that JJHCS_00008989 was privileged in its entirety and had been produced inadvertently. JJHCS asked SaveOnSP to destroy all copies of it pursuant to Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62) and Federal Rule of Civil Procedure 26(b)(5)(B). On December 18, 2023, SaveOnSP represented that it had destroyed all copies of JJHCS_00008989 in its possession.

On January 26, 2024, SaveOnSP suddenly changed its position. SaveOnSP informed JJHCS that it had previously filed a copy of JJHCS_00008989 under seal, which remained on the Court's docket under seal, and asserted that JJHCS had accordingly waived its claim of privilege over the document. SaveOnSP had indeed filed the then-current redacted version of JJHCS_00008989 as part of a voluminous set of exhibits to a prior motion: Exhibit 81 to the parties' October 25, 2023 joint letter to the Court (ECF No. 165). On November 21, 2023, JJHCS moved to permanently seal Exhibit 81, which motion remains pending. *See* ECF No. 180 at Ex. D. That exhibit has never been publicly available. SaveOnSP did not mention the previous filing of this document in its December 18, 2023 letter representing that it had destroyed all copies.

SILLS CUMMIS & GROSS

Honorable Cathy L. Waldor, U.S.M.J.
January 29, 2024
Page 2

Upon receiving this notice from SaveOnSP on Friday afternoon, JJHCS immediately re-reviewed that prior voluminous filing and confirmed that it does indeed contain under seal a copy of JJHCS_00008989–the document over which JJHCS now asserts privilege and work product protection. JJHCS thus requests that the Court promptly remove sealed Exhibit 81 from the docket. JJHCS further states that the presence of Exhibit 81 on the Court's docket, under seal, for a period does not waive its assertion of privilege and work product protection over JJHCS_00008989.

Under Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62), a party that inadvertently produces privileged material may request that the receiving party return or destroy it, and "inadvertent or mistaken disclosure" of privileged material "shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity." The party that mistakenly receives a privileged document may challenge "the Producing Party's claim of privilege if appropriate," but must do so "within a reasonable time after receiving notice of the . . . disclosure." Here, JJHCS promptly identified the inadvertent disclosure of JJHCS_00008989 and, on December 6, 2023, requested that SaveOnSP destroy all copies of it pursuant to the Discovery Confidentiality Order. SaveOnSP did not raise this purported privilege waiver when JJHCS requested in December 2023 that it destroy all copies of the document pursuant to the Discovery Confidentiality Order. To the contrary, it consented, without objection, to doing so on December 18, 2023. The Discovery Confidentiality Order, therefore, precludes SaveOnSP's belated claim of a privilege waiver, made over a month after it consented to the deletion of JJHCS_00008989.

JJHCS also has not waived its asserted privilege and work product protection over JJHCS_00008989. While working to produce large numbers of documents at a significant pace, JJHCS has taken all appropriate precautions to prevent inadvertent disclosure of its privileged documents and there has been no suggestion of any systemic issue with inadvertent production. JJHCS_00008989—one among 146 exhibits, consisting of thousands of pages, submitted in connection with ECF No. 165—is a single, two-page document, already partially redacted for privilege, among JJHCS's voluminous document production. Since its filing, Exhibit 81 has remained under seal. Furthermore, upon learning on Friday afternoon that Exhibit 81 remained on the Court's docket, JJHCS acted promptly to request that the Court withdraw it from the docket. The interests of justice also weigh in favor of removing Exhibit 81 from the docket. Withdrawing the document from the docket will not jeopardize the public right of access to court proceedings as Exhibit 81 has remained under seal, in redacted form, since its filing. It also will not prejudice SaveOnSP, because SaveOnSP has already consented to deleting its copy of the document. These facts weigh against a finding of waiver. *See, e.g.*, *Jame Fine Chemicals, Inc. v. Hi-Tech Pharmacal Co.*, 2006 WL 2403941, at *2 (D.N.J. Aug. 18, 2006) (setting forth the factors considered by courts in this District when assessing whether an inadvertent disclosure of a privileged document amounts to a waiver of privilege); *see also Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 248 (W.D. Pa. 2012) (holding that the inadvertent disclosure of seven privileged documents within a document production of over 1,200 pages was a "limited" disclosure weighing against a finding of waiver).

SILLS CUMMIS & GROSS

Honorable Cathy L. Waldor, U.S.M.J.
January 29, 2024
Page 3

      Because ECF No. 165 and its exhibits were also submitted to Special Master Freda L. Wolfson, we will simultaneously provide a copy of this letter to her and similarly request destruction of any copies of the privileged document.

      We appreciate Your Honor's time and consideration.

                        Respectfully submitted,

                        *s/ Jeffrey J. Greenbaum*
                        JEFFREY J. GREENBAUM

cc:  All counsel of record (by ECF)
     Special Master Freda L. Wolfson