SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
Julia Haigney Long (admitted *pro hac vice*)
Elisabeth Shane (admitted *pro hac vice*)
Katherine Brisson (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
  *Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(ES)(CLW) |
| Plaintiff, | Hon. Esther Salas, U.S.D.J. |
| | Hon. Cathy L. Waldor, U.S.M.J |
| vs. | |
| SAVE ON SP, LLC, | **ORDER GRANTING** |
| | **MOTION TO SEAL** |
| Defendant. | |

This matter having been brought to the Court upon the joint motion of Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") and Defendant Save On SP, LLC ("SaveOnSP") by and through their attorneys, seeking an order (i) permanently sealing the parties' joint letter, dated September 7, 2023, regarding SaveOnSP's request to compel certain financial data from JJHCS and accompanying exhibits (ECF No. 150, the "September 7 Letter"); and (ii) permitting the parties to file the proposed public version of the September 7 Letter attached as Exhibit A to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion ("Greenbaum Declaration"); and the Court having considered the parties' motion, the Court makes the following findings of fact and conclusions of law, pursuant to Local Civil Rule 5.3(c)(6):

(1) As to JJHCS's request to seal its confidential materials, the Court finds that Exhibits 18, 19, 21, 22, 23, and 25 and JJHCS Exhibits 1, 2 and 3 and certain statements within the September 7 Letter and Exhibit 17 (the "JJHCS Confidential Materials") contain information that is non-public business, trade secret and/or proprietary information involving the administration and finances of the Janssen CarePath Program.

(2) The Court further finds that the JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information, that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public, and that no less restrictive alternative exists because JJHCS intends to submit redacted versions of documents where possible.

(5) For these reasons, good cause exists for protecting the JJHCS Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3(c)(2).

(6) As to the information that SaveOnSP seeks to seal, the Court finds that JJHCS Exhibits 4, 5, 10, and 11 and certain statements within the September 7 Letter consist of SaveOnSP's confidential health and proprietary business information.

(7) Avoiding the public disclosure of this information is necessary to prevent harm to the parties. *See e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records

containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

(8) It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

(9) Upon consideration of the papers submitted in support of the Motion and the materials that SaveOnSP has designated as Confidential, the Court concludes that SaveOnSP has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that: (a) Joint Letter dated September 7, 2023 [ECF 150] and JJHCS Exhibits 4-5 and 10-11 contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect

against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

(10) The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

IT IS ON THIS 6th day of February, 2024;

ORDERED, that pursuant to L. Civ. R. 5.3, the JJHCS Confidential Materials are confidential and entitled to protection; and it is further

ORDERED, that pursuant to L. Civ. R. 5.3, the SaveOnSP Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal, (ECF No. 156), is GRANTED and the unredacted versions of the parties' Confidential Materials, (ECF No. 150), shall remain sealed; and it is further

ORDERED that JJHCS shall file the proposed public version of ECF No. 150, attached as Exhibit A to the Greenbaum Declaration, (ECF No. 156-2), within seven (7) days of the date of this Order.  JJHCS shall do so as an attachment to an explanatory cover letter.

s/ Cathy L. Waldor
HON. CATHY L. WALDOR , U.S.M.J.
