████████████████████████████████

October 11, 2023

<u>**VIA ECF**</u>

Hon. Cathy Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street, Room 4040
Newark, NJ 07102

Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       **No. 2:22-cv-02632 (ES) (CLW)**

Dear Judge Waldor:

Defendant Save On SP, LLC ("SaveOnSP") asks the Court to compel Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") to comply with the terms of the Court's June 29, 2023 Order by conducting a reasonable investigation of non-JJHCS personnel and fully answering SaveOnSP's First Set of Interrogatories ("Interrogatories"). JJHCS asserts that it has fully complied with the Court's Order, and that SaveOnSP is simply seeking to rewrite that Order (and its own interrogatories) to create new and extremely burdensome discovery obligations that do not exist.

The parties have met and conferred in good faith to resolve their disputes concerning JJHCS's responses to SaveOnSP's Interrogatories but could not do so. We therefore submit this letter in accordance with Local Rule 37.1 and the Court's Civil Case Management Order.

***SaveOnSP's Position***

JJHCS has not complied with this Court's order compelling it to conduct a reasonable investigation of Janssen—the Johnson & Johnson company that manufactures the drugs at issue in this case—and to supplement its answers to SaveOnSP's interrogatories.

In its First Set of Interrogatories, SaveOnSP requested the identities of all individuals who "participated in or had responsibility for" various aspects of CarePath. Ex. 1 (JJHCS's Supplemental Responses and Objections to SaveOnSP's First Set of Interrogatories). In its original responses, JJHCS restricted its answers to itself and a single vendor, TrialCard, excluding Janssen and other non-JJHCS entities. Ex. 2 (JJHCS's Responses & Objections to SaveOnSP's First Set of Interrogatories). JJHCS refused to expand its answers to include other entities, Ex. 3 (May 9, 2023 Ltr. from E. Snow to H. Sandick); Ex. 4 (May 19, 2023 Ltr. from H. Sandick to E. Snow), so SaveOnSP moved to compel. Dkt. No. 122.

At the June 27, 2023 conference, the Court ordered JJHCS to do "exactly what" Save-OnSP proposed—to investigate within Janssen to determine what individuals participated in or had responsibility for CarePath and to supplement its answers to SaveOnSP's interrogatories.

Hon. Cathy L. Waldor
October 11, 2023
Page 2

June 27, 2023 Hr'g. Tr. at 76:22-77:2, 87:19-88-13.[1] The Court memorialized this ruling in an June 29, 2023 Order: "[JJHCS] shall conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program, and shall supplement its interrogatory responses, as appropriate[.]" Dkt. No. 127.

JJHCS did not do what the Court ordered. Instead, in its Supplemental Responses and Objections to SaveOnSP's Interrogatories ("Supplemental R&Os"), JJHCS evaded the order by adopting unreasonable interpretations of the Court's ruling and SaveOnSP's Interrogatories.

*First*, JJHCS asserts that the Court's order allows it to ignore the Interrogatories' clear request to identify anyone who "participated in or had responsibility for" aspects of CarePath and instead identify only those "responsible for making decisions." Ex. 1 at 8, 11, 14, 17, 19, 22. JJHCS refuses to explain how it interprets this term, but confirms that it excludes those who "participated in" making decisions relating to CarePath. JJHCS used this fabricated limitation to withhold the names of individuals with input into key decisions. For example:

- JJHCS admits that " ███████████████████████████████████ ████████████████████████████████████████████████ ███ " Ex. 1 at 17—but it refuses to name them.

- JJHCS admits that " ████████████████████████████████████ ████████████████████████████████████████████████ ████████████ " *id*. at 17, which apparently includes setting CarePath's budget— but it refuses to name them.

- JJHCS ███████████████████████████████████████████████ ██████████████████████████████████████ —but it refuses to name all the individuals involved in this research. *Id*. at 23.

*Second*, JJHCS refuses to answer the Interrogatories' clear requests for information on critical topics. Shortly after the conference, SaveOnSP asked JJHCS to focus its supplemental responses on key sub-categories of information sought in specific Interrogatories:

---

[1] "THE COURT:  I want to know specifically what you want him to do – one, two, three.  MR. DUNLAP: I want [JJHCS's counsel] to conduct a reasonable investigation. THE COURT: What do you mean by that? MR. DUNLAP: I – well, he has to talk to the folks at JJHCS about who they seek approvals for, coordinate, work with, the key topics in the case. I want him to talk to people at Janssen, however that's organized, about anything they do regarding CarePath or SaveOn. And from there, I want him to answer the interrogatories without the restriction of JJHCS. And I want him to identify custodians who may have relevant materials outside of JJHCS. Then we can negotiate about which of those additional individuals become custodians … THE COURT: I'm going to order [JJHCS] to do exactly what [SaveOnSP's counsel is] outlining." *Id*. at 76:22-77:2, 87:19-88:13.

Hon. Cathy L. Waldor
October 11, 2023
Page 3

- For Interrogatory No. 3, which asks for "each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug[,]" Ex. 1 at 12, SaveOnSP asked JJHCS to focus on individuals involved in "[t]he drafting, revision, and interpretation of CarePath's terms and conditions for Stelara and Tremfya in 2022[.]" Ex. 5 at 1 (July 5, 2023 Ltr. from A. Dunlap to H Sandick);

- For Interrogatory No. 4, which asks for "each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs[,]" Ex. 1 at 15, SaveOnSP asked JJHCS to focus on individuals involved with "JJHCS's budget for CarePath, including the sales and marketing budget" and "[t]he financial viability of CarePath." Ex. 5 at 2; and

- For Interrogatory No. 7, which asks for "each person who participated in or had responsibility for JJHCS's[2] or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer," Ex. 1 at 22, SaveOnSP asked JJHCS to focus on individuals involved with "JJHCS business plans regarding SaveOnSP and similar programs such as copay maximizers and accumulators, including JJHCS's understanding of the terms "copay maximizer" and "copay accumulator." Ex. 5 at 1-2.

SaveOnSP asked JJHCS to focus on these sub-categories because they are critical to SaveOnSP's defenses. Documents relating to CarePath's terms and conditions and JJHCS's understanding of the terms "copay accumulator" and "copay maximizer" may show whether JJHCS believed that CarePath's terms and conditions excluded patients on SaveOnSP-advised plans. Documents relating to CarePath's financial state, including its budget and revenues, may show if JJHCS has suffered any damages from SaveOnSP's conduct. Although the information that SaveOnSP requests is relevant and plainly covered by SaveOnSP's previous Interrogatories, JJHCS refuses to provide it. Ex. 6 at 1 (July 17, 2023 Ltr. from H. Sandick to A. Dunlap).

*Third*, JJHCS refuses to conduct a full investigation. At the conference, the Court asked SaveOnSP to suggest what JJHCS's investigation of Janssen should entail, June 27, 2023 Hr'g. Tr. at 66:3-5, 71:9-18. SaveOnSP did so soon thereafter, Ex. 5 at 2, proposing that JJHCS that investigate all members of the Janssen Americas Leadership Team (the "JALT") and their support

---

[2] In its Interrogatories, SaveOnSP defined "JJHCS" as "Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including … Janssen Biotech, Inc., Janssen Oncology., Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC." Ex. 7 at 7 (SaveOnSP's Interrogatories to JJHCS).

Hon. Cathy L. Waldor
October 11, 2023
Page 4

staffs, *id.*, █████████████████████████████████████████████
████[3] SaveOnSP also proposed that JJHCS investigate Vice Presidents, Senior Directors, Directors, Senior Managers, and Managers for Products, Market Access, Sales, and National Accounts for the Janssen Drugs at issue in this case, Ex. 5 at 2, ███████████████████████████
███████████████████████████████████[4] JJHCS refused to speak to the groups of people that SaveOnSP identified. Ex. 6 at 2.

*Finally*, JJHCS refuses to describe the investigation it conducted. It refuses to answer questions about the people to whom it spoke or what documents it reviewed, claiming that this information is privileged. Ex. 8 at 2. JJHCS has the burden of proving any such privilege, *Occidental Chemical Corp., v. 21st Century Fox America, Inc.*, 2022 WL 4466578, at *3 (D.N.J. Sept. 26, 2022), but has cited zero authority supporting its position. JJHCS represents that it conducted a reasonable investigation; it cannot withhold basic information necessary to determine if that statement is true.

JJHCS's obstruction is part of a pattern. JJHCS has produced miniscule amounts of information on key topics—for example, CarePath's terms and conditions, *see* Dkt. No. 146—and it refuses to produce critical information on others—for example, CarePath's budget and Johnson & Johnson's return on investment on CarePath, *see* Dkt. No. 150. JJHCS has done next to nothing in response to SaveOnSP's discovery requests, declared its efforts "reasonable," and then argued that discovery should close. In responding to SaveOnSP's Interrogatories, JJHCS excluded Janssen entirely—even after its own documents *proved* that Janssen personnel were involved in decisions on relevant topics. It now seeks to shield Janssen personnel by pretending that SaveOnSP's Interrogatories do not seek information that they clearly cover and by refusing to investigate Janssen personnel who are responsive to those Interrogatories.

The Court should compel JJHCS to (1) conduct an investigation of Janssen that includes all the individuals and topics identified in SaveOnSP's July 5 letter; and (2) fully answer SaveOnSP's Interrogatories—including by identifying individuals who participated in decision-making on the topics identified in those Interrogatories.

---

[3] *See, e.g.* Ex. 9 (JJHCS_00101641) █████████████████████████████████
█████████████; Ex. 10 (JJHCS_00041213) ████████████████████████████████
████████████████████████████████

[4] *See, e.g.*, Ex. 11 JJHCS_00110089 ███████████████████████████████████
████████████████████████████████; Ex. 12 (JJHCS_00083180)
████████████████████████████████████████████████████████████████

Hon. Cathy L. Waldor
October 11, 2023
Page 5

***JJHCS's Position***

JJHCS has complied with the clear and unambiguous directive in the Court's June 29, 2023 Order that JJHCS "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program," and to "supplement its interrogatory responses, as appropriate." (Dkt. No. 127.) Just as the Court ordered, JJHCS conducted a further investigation into all Janssen entities and personnel who were "responsible for making decisions regarding the CarePath program." Based on this investigation, JJHCS served its supplemental responses and objections, which identified six additional employees from JJHCS and Janssen entities. *See* JJHCS's July 28, 2023 Supplemental Responses & Objections to SaveOnSP's First Set of Interrogatories ("JJHCS's Supplemental R&Os"), JJHCS Ex. 1. Given that JJHCS complied with the Court's Order, this dispute over the role of Janssen personnel in the decision-making for the CarePath program should now be concluded. SaveOnSP has all of the information that the Court ordered JJHCS to provide and so there is nothing left for the Court to do on this issue.

Despite JJHCS's compliance with the Court's Order, SaveOnSP now burdens this Court with a third round of briefing on the same issue that the Court has already twice addressed, first in March 2023 (with the Court denying much of the relief sought here subject to renewal later in discovery) and then in June 2023 (resulting in the June 29 order). SaveOnSP complains that JJHCS "evaded" the Court's Order. In fact, it is SaveOnSP that seeks to evade and ignore the Court's Order by insisting that JJHCS provide information that the Court's Order nowhere requires JJHCS to provide, and in many cases is not even the subject of SaveOnSP's interrogatories. The bottom line is that SaveOnSP does not like or accept the facts it has learned because they do not support SaveOnSP's defenses. That is no reason to ask this Court to rule that JJHCS "evaded" the Court's Order. Nor is it a basis for SaveOnSP to ask the Court to address the same issue over and over again. The Court should reject SaveOnSP's attempts to rewrite the Court's June 29 Order and to relitigate this issue even as fact discovery draws near its end. The Court should deny SaveOnSP's motion.

*SaveOnSP Seeks Information Beyond The*
*Scope Of The Court's Order Or Its Own Interrogatories*

The Court's June 29, 2023 Order is pellucid: it directed JJHCS to "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program," and to "supplement its interrogatory responses, as appropriate." (Dkt. No. 127.) Despite SaveOnSP's insistence, nothing in the Court's June 29 Order expands the language of SaveOnSP's First Set of Interrogatories to cover additional topics. Nor does it require JJHCS to identify anyone who was not "responsible for making decisions regarding the CarePath program." (Dkt. No. 127.) Over and over again, SaveOnSP now asks the Court to order JJHCS to provide information that is beyond the scope of the Court's Order and is also not requested in SaveOnSP's interrogatories. The Court should reject each of the requests made by SaveOnSP in this motion.

For example, SaveOnSP insists that JJHCS's investigation needed to include "individuals involved with 'JJHCS business plans regarding SaveOnSP and similar programs.'" *See supra* at

Hon. Cathy L. Waldor
October 11, 2023
Page 6

3 (quoting July 5, 2023 Ltr. from A. Dunlap to H. Sandick at 1). SaveOnSP's First Set of Interrogatories never asks for this information. SaveOnSP attempts to shoehorn this request into Interrogatory No. 7, which asks for "each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms 'copay accumulator' and 'copay maximizer.'" *See supra* at 3. Nowhere does Interrogatory No. 7 even mention "business plans." Nor does this seek the identification of individuals "responsible for making decisions regarding the CarePath program," as the Court ordered.

Similarly, SaveOnSP claims that JJHCS should have supplemented its response to Interrogatory No. 4 to include "individuals ***involved with*** 'JJHCS's budget for CarePath, including the sales and marketing budget' and '[t]he financial viability of CarePath.'" *See supra* at 3 (emphasis supplied). But that reading is inconsistent with the plain language of the Court's June 29 Order, which only required JJHCS to identify those individuals who "***ma[de] decisions*** regarding the CarePath program." (Dkt. No. 127 (emphasis supplied).)

SaveOnSP then demands that JJHCS further supplement its responses to Interrogatory No. 4 to identify various personnel who were either "***consulted***" or had "***oversight***" of certain resource allocation decisions. *See supra* at 2 (emphasis supplied). Again, SaveOnSP seeks to impose new burdens on JJHCS that are not set forth in the Court's Order. The Court ordered JJHCS to identify personnel who were "responsible for ***making decisions***" regarding the various topics in SaveOnSP's First Set of Interrogatories. (*See* Dkt. No. 127 (emphasis supplied).) That is a far narrower group of individuals than those who only "consult" or merely "have oversight" over such issues, and so the information sought is outside of the scope of the Court's June 29 Order.

The same is true for Interrogatory No. 3, which seeks "each person who ***participated in*** or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug." *See supra* at 3 (emphasis suppled). Here, too, SaveOnSP ignores the Court's Order which directed JJHCS to identify only those personnel who were "responsible for ***making decisions***" regarding the various topics in SaveOnSP's First Set of Interrogatories, including drafting or revising CarePath's terms and conditions. (*See* Dkt. No. 127.)[5]

Likewise, SaveOnSP seeks the names of all individuals who "researched" the impact of copay accumulators and copay maximizers. This is also outside of both the Court's Order (these are not decision-makers) and the plain language of Interrogatory No. 7, which only asks JJHCS to

_____

[5] In support of the instant motion, SaveOnSP claims that two categories of documents are "critical to [its] defenses"—those relating to CarePath's terms and conditions and those relating to CarePath's financial data. To be clear, JJHCS already has agreed to produce substantial information relevant to its terms and conditions and to certain financial data. In addition, to the extent that SaveOnSP is seeking further documents, this issue is the subject of two separate joint letters relating to SaveOnSP motions that are already pending before the Court. (*See* ECF Nos. 180, 186.) In lieu of restating our relevance and burden arguments that are already before the Court, JJHCS incorporates by reference its portions of the joint letters filed with respect to both pending motions.

Hon. Cathy L. Waldor
October 11, 2023
Page 7

identify individuals responsible for JJHCS's "understanding of the terms 'copay accumulator' and 'copay maximizer.'"  *See supra* at 3.

Recognizing its demands find no support in the language of the Court's June 29 Order or the language of the interrogatories it drafted, SaveOnSP attempts to cherry-pick language in the June 27 transcript to support its expansive reading of both the Order and its own interrogatories. These arguments are nothing more than an effort to edit the Court's June 29 Order to make it say things that it does not say.

In any event, the Court's remarks during the June 27 hearing are entirely consistent with the Court's subsequent written Order.  At the hearing, the Court ordered JJHCS to "[d]o the investigation" and "[a]nswer the interrogatories."  (June 27, 2023 Hr'g Trans. at 99:10–11.)  Indeed, the Court's June 29 Order also is consistent with colloquy just prior to the conclusion of the conference, during which the Court suggested that JJHCS should "talk to people at Janssen" and "answer the interrogatories without the restriction of JJHCS."  *See supra* at 2 n.1 (quoting June 27 Hr'g Tr. at 76:22-77:2).  This is just what the Court ordered, and just what JJHCS did in response to the Order.

The Court determined the scope of its Order and the resulting JJHCS investigation after several colloquies with counsel at the June 27 conference.  There, counsel for SaveOnSP initially asked the Court to direct JJHCS "to do a full investigation of the documents within the possession, custody, or control, specifically at Janssen."  (June 27 Tr. at 71:10-11.)  The Court then explained, "I'm willing to give [SaveOnSP] what [it] want[s], but I'm not sure what it is."  (*Id.* at 74:22-23.)  Counsel for SaveOnSP then explained, "[y]ou have indications in your very documents that Janssen people are ***approving things relating to CarePath*** . . . . [Y]ou have to do a reasonable investigation and figure out who are the people who actually have ***approvals***, inputs, substantive knowledge of this."  (*Id.* at 78:15-22 (emphasis suppled).)  The Court then turned to counsel for JJHCS, asking about Scott White and other "crossover people or related J&J/Janssen ***decision-makers***."  (*Id.* at 81:9-11 (emphasis supplied).)  Throughout the remainder of the conference, the Court made clear—based on counsel for SaveOnSP's own arguments—that JJHCS's investigation was to focus on "***decision-making***" and "who ***decides*** the budget," and "people in Janssen that ***make decisions*** for CarePath."  (*Id.* at 86:5-6, 97:23-24 (emphasis supplied).)

If SaveOnSP now seeks new information that it neglected to ask for in its old interrogatories, its recourse is to serve new ones, consistent with the Federal Rules and the Court's case management schedule.  In addition, interrogatories are far from the only discovery device; SaveOnSP also can ask appropriate questions to JJHCS witnesses during depositions.  But there is no merit to SaveOnSP's claim that JJHCS failed to comply with the Court's Order.

> *SaveOnSP Seeks Information About JJHCS's Investigation*
> *Not Required By The Federal Rules Or This Court's Order*

SaveOnSP complains that JJHCS "refuses to describe the investigation it conducted."  *See supra* at 4.  SaveOnSP is mistaken:  JJHCS shared that, as part of its investigation, its counsel spoke with multiple employees, including top leadership personnel at Janssen and JJHCS.  In other

Hon. Cathy L. Waldor
October 11, 2023
Page 8

words, JJHCS did just what the Court ordered: it conducted a reasonable investigation regarding non-JJHCS personnel who may be responsible for making decisions regarding the CarePath program and supplemented its interrogatory responses, as appropriate. (*See* Dkt. No. 127.)

JJHCS is under no obligation to do more than it has already done. In particular, counsel for JJHCS is not required to identify the names of the individuals that it spoke to in conducting its investigation prior to submitting its amended responses, as SaveOnSP demands. This is a requirement created by SaveOnSP out of whole cloth, finding no support in the Court's Order or in any applicable law, including Federal Rule of Civil Procedure 33, which governs interrogatories. Rule 33 is very clear on what is required in interrogatory responses: they must be verified by the person who makes the answers. Nothing in the rule requires that the party describe in great detail the investigation it conducted prior to submitting its interrogatory responses, or identify each person with whom counsel has spoken. Of course, SaveOnSP has answered many interrogatories in this matter and never once has it "describe[d] the investigation it conducted" before signing and serving its responses. In other words, even SaveOnSP itself does not really believe that what it seeks is required by the Federal Rules.

SaveOnSP still insists that JJHCS "refuses to conduct a full investigation," claiming that the scope of any "reasonable investigation" requires that JJHCS "investigate all members of the Janssen Americas Leadership Team (the 'JALT') and their support staff." *See supra* at 3. This pronouncement—which first originates with SaveOnSP's July 5 letter—finds no support at all in the Court's June 29 Order. As explained in the June briefing on SaveOnSP's earlier motion to compel, the JALT is composed of more than twenty high-level executives from across J&J's pharmaceutical business and has wide-ranging responsibilities for the entirety of Janssen's pharmaceutical portfolio in the United States, Mexico, Canada, South America, and Central America. *See* JJHCS Ex. 2 (JJHCS_00001542) ██████████████████████████████████████████████████████████████████████████████████████████████████████████ The vast majority of the JALT's business has nothing to do with SaveOnSP—nor is there any indication that those executives' support staff would have *any* knowledge of the issues in this case. As part of its investigation, among other interviews and review of documents, JJHCS identified and spoke with the person responsible for making decisions with respect to the CarePath co-pay assistance program, as well as with the senior most executive on the JALT. JJHCS then supplemented its interrogatory responses, as appropriate. Nothing more was required by the June 29 Order.

The July 5 letter demanded that JJHCS take many unnecessary and burdensome steps, none of which were ever proposed to the Court until after the June 27 conference, and all of which are far outside the scope of the Court's June 29 Order. Indeed, SaveOnSP's attempt to cast its July 5 letter as in some way being written at the Court's suggestion (i.e., that the Court "asked SaveOnSP to suggest what JJHCS's investigation of Janssen should entail") is contradicted by the record. *See supra* at 3. In the June 27 conference, the Court asked, in the context of ongoing colloquy with counsel for SaveOnSP, what SaveOnSP wanted JJHCS to do. SaveOnSP answered, and the Court then turned to further argument—from both sides—about the scope of the investigation before ruling on the motion at the hearing and then memorializing that ruling in the June 29 Order. The

Hon. Cathy L. Waldor
October 11, 2023
Page 9

Court ordered JJHCS to "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program." It nowhere told JJHCS how to conduct this investigation or which specific categories of personnel should be "investigated." In short, SaveOnSP's demand for a more expansive investigation is in no way consistent with the Court's comments in the June 27 conference and goes far beyond what the Court's Order or Rule 33 requires.

Finally, the Court should ignore SaveOnSP's baseless allegations about JJHCS's conduct during fact discovery. The record reflects that, far from engaging in "a pattern" of obstruction, JJHCS has complied with all applicable court orders. By contrast, it is SaveOnSP that refuses to accept this Court's orders, as it repeatedly asks the Court to revisit previously litigated issues. And it is SaveOnSP that has continually used every pretext it can think of to artificially frustrate the timely resolution of this matter, because every day that this case continues is a day that SaveOnSP is able to misappropriate JJHCS's patient assistance funds, harming patients and JJHCS alike. SaveOnSP should not be allowed to drag its heels and further delay fact discovery by raising the same issues over and over again. It is now time for SaveOnSP to move past repeated applications that ask the Court to reconsider its prior rulings, and for the parties to shift their focus to depositions and the conclusion of fact discovery. Accordingly, the Court should reaffirm its prior ruling and deny SaveOnSP's motion.

\* \* \*

The parties appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

Hon. Cathy L. Waldor
October 11, 2023
Page 10

*Attorneys for Defendant Save On SP, LLC*

Hon. Cathy L. Waldor
October 11, 2023
Page 11

*/s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

# EXHIBITS 1-2

# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 3

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy
gay
elsberg**

Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

May 9, 2023

**Via E-mail**

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Harry,

We write to ask JJHCS to add custodians and supplement its responses to
SaveOnSP's Interrogatories.

Discovery shows that multiple employees of Johnson & Johnson entities
other than JJHCS worked on topics relevant to this case. JJHCS must produce
their documents, as corporate entities must produce documents from closely-re-
lated entities from which they can secure documents. *See Gerling In'l Ins. Co. v.
C.I.R.*, 839 F.2d 131, 141 (3d Cir. 1988).

*First*, we ask that JJHCS add Steven Jackson as a custodian. Per LinkedIn,
he was previously the National Sales Director in the dermatology franchise of
Janssen Inc.; in that role, he launched Tremfya. Steven A. Jackson, LɪɴᴋᴇᴅIɴ,
https://www.linkedin.com/in/steven-a-jackson-b07ba9b (last visited May 9,
2023). This shows that Mr. Jackson is likely to
have documents relevant to communications regarding CarePath and the market-
ing of Janssen drugs.

Harry Sandick
May 9, 2023

*Second*, we ask JJHC to add Juliette Deshaies as a custodian. Per LinkedIn, she was the Group Product Director of the ERLEADA Patient Experience. Juliette Deshaies, LINKEDIN, https://www.linkedin.com/in/juliette-deshaies-1132b44 (last visited May 9, 2023).



This shows that Ms. Deshaies is likely to have documents relevant to communications with regarding Care-Path, the marketing of Janssen drugs, and CarePath's terms and conditions.

*Third*, we ask that JJHCS add Lindsey Anderson as a custodian.

*Fourth*, we ask that JJHCS add William Shontz as a custodian. Per LinkedIn, Mr. Shontz is Associate Director, Patient Access and Affordability Solutions, Oncology at Johnson & Johnson. William (Will) Shontz, LINKEDIN, https://www.linkedin.com/in/williamtshontz (last visited May 9, 2023).

This shows that Mr. Shontz is likely to have documents relevant to CarePath's budget, CarePath's terms and conditions, and communications with regarding CarePath.

*Fifth*, we ask that JJHCS add Daphne Longbothum as a custodian. Per LinkedIn, she is a Manager, Patient Affordability & Access Solutions for the

Harry Sandick
May 9, 2023

Janssen Pharmaceutical Companies of Johnson & Johnson. Daphne Longbothum, LINKEDIN, https://www.linkedin.com/in/daphne-longbothum-b734862b (last visited May 9, 2023).

███████████████████████████████████████████████

This shows that Mr. Shontz is likely to have documents relevant to communications with regarding CarePath.

*Finally*, we ask that JJHCS supplement its responses to SaveOnSP's Interrogatories to include individuals beyond those who worked directly for JJHCS. As these documents illustrate, many non-JJHCS employees worked on topics relevant to JJHCS's claims and SaveOnSP's defenses and thus are likely to have relevant documents. JJHCS has not, nor could not, disclaim that such documents elsewhere in the J&J family are outside of its possession, custody, or control.[1]

We ask for a response by May 15, 2023. We are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

---

[1] In fact, many employees across the J&J entities appear to use the same email address—ending in @its.jnj.com. *See, e.g.*, JJHCS_00008957.

# Exhibit 4



www.pbwt.com

May 19, 2023

Harry Sandick
(212) 336-2723

Elizabeth Snow, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **SaveOnSP's Request for Additional Custodians and Supplemented
> Interrogatory Responses**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> No. 22 Civ. 2632 (ES) (CLW)

Dear Elizabeth:

We write in response to your May 9, 2023 letter requesting that JJHCS add additional custodians and supplement its responses to SaveOnSP's Interrogatories.

## I.    Additional Custodians

*First*, JJHCS declines to add Steven Jackson as an additional custodian. Based on its investigation to date, JJHCS believes that in his role as National Sales Director for dermatology, Mr. Jackson is simply not relevant to this litigation. We do not believe that Mr. Jackson would have documents or communications specific to SaveOnSP or JJHCS's response to the SaveOnSP program. And even if Mr. Jackson did have any relevant documents or communications, they would be cumulative of those produced by JJHCS from other agreed-upon custodians, including Spilios Asimakopoulos. We also note that, in the context of the presentation your letter relies upon, "PSA" refers not to a public service announcement regarding CarePath or anything else relevant to this litigation, but rather to psoriatic arthritis, an indication that Tremfya may be prescribed to treat. *See* JJHCS_00008958 at 10 ("TREMFYA® is now approved for psoriatic arthritis (PsA)").

*Second*, JJHCS declines to add Juliette Deshaies as an additional custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. Deshaies would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program. To the extent Ms. Deshaies's custodial files contain relevant documents or communications, they would be cumulative of those produced by JJHCS from other agreed-upon custodians, including Spilios Asimakopoulos, Heith Jeffcoat, and Lynn Hall.

*Third*, JJHCS declines to add Lindsey Anderson as an additional custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. Anderson would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications would be cumulative of those in the files

Elizabeth Snow
May 19, 2023
Page 2

of other custodians from whom JJHCS has agreed to produce documents, including Spilios Asimakopoulos and Lauren Pennington, who are all in the same reporting line.  JJHCS_00000027.

*Fourth*, JJHCS declines to add William Shontz as an additional custodian.  Based on its investigation to date, JJHCS has no reason to believe that Mr. Shontz would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications would be cumulative of those in the files of other custodians from whom JJHCS has agreed to produce documents, including Nidhi Saxena and Hattie McKelvey, who are all in the same reporting line.  JJHCS_00000027.

*Fifth*, JJHCS declines to add Daphne Longbothum as an additional custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. Longbothum would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications would be cumulative of those in the files of other custodians from whom JJHCS has agreed to produce documents, including Nidhi Saxena and Hattie McKelvey, to whom Ms. Longbothum reported.  JJHCS_00000027.

*Lastly*, although JJHCS does not believe that any of the additional custodians requested by SaveOnSP are relevant or have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, JJHCS would be willing to add Lindsey Anderson as an additional JJHCS custodian if SaveOnSP agrees to add Andrea Waker, Member Services Team Lead, as an additional SaveOnSP custodian.

## II.    Supplement to Responses to SaveOnSP's Interrogatories

You have asked JJHCS to supplement its interrogatory responses "to include individuals beyond those who worked directly for JJHCS."  Your letter contends that the five individuals above demonstrate the need for this supplementation, apparently on the premise that these individuals are "non-JJHCS employees."  That premise is largely mistaken.  With the exception of Steven Jackson, who has no relevance to this litigation, the individuals referenced in your letter are JJHCS employees.  As such, they do not support SaveOnSP's suggestion that "many non-JJHCS employees worked on" relevant topics, and so we do not believe there is any basis for JJHCS to supplement its interrogatory responses.  Of course, if you have a basis to request JJHCS supplement its responses to a specific interrogatory or you become aware of information that you believe warrants revisiting this issue in the future, we would be pleased to consider it.

Very truly yours,

*/s/ Harry Sandick*
Harry Sandick

# Exhibit 5

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy
gay
elsberg**

Andrew R. Dunlap
Partner
212.390.9005
adunlap@selendygay.com

July 5, 2023

**Via E-mail**

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Harry,

We write regarding implementation of the Court's order on the June 16
Joint Letter, which directed JJHCS to "conduct further investigation regarding
non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making
decisions regarding the CarePath program" and to "supplement its interrogatory
responses, as appropriate." ECF No. 127.

*First*, we understand the Court's order to require JJHCS to identify individu-
als within Janssen entities (and at Johnson & Johnson entities outside of
Janssen, should an investigation reveal their involvement) with knowledge of or
involvement with decisions over the topics in SaveOnSP's Interrogatories. This is
not limited to actual decision-makers, but includes those who reviewed, com-
mented, advised, provided input, or assisted with those decisions.

*Second*, we understand the Court's order to extend to all of SaveOnSP's In-
terrogatories. The topics covered by SaveOnSP's Interrogatories include, but are
not limited to, the following:

- The drafting, revision, and interpretation of the CarePath terms and
  conditions, including the revision of the terms and conditions for Stelara
  and Tremfya in 2022, as encompassed by Interrogatory No. 3;

- JJHCS's business plans regarding SaveOnSP and similar programs such
  as copay maximizers and accumulators, including JJHCS's

Harry Sandick
July 5, 2023

understanding of the terms "copay maximizer" and "copay accumulator," as encompassed by Interrogatory No. 7;

- JJHCS's budget for CarePath, including the sales and marketing budget, as encompassed by Interrogatory No. 4; and

- The financial viability of CarePath, also encompassed by Interrogatory No. 4.

*Third*, we understand that a reasonable investigation would include, at a minimum, all members of the Janssen Americas Leadership Team and their support staffs, including communications teams. The investigation should also include Janssen Drug brand employees who are likely to interact with CarePath, either directly or through Hub Entities, including those who are involved in setting the budgets for CarePath. Those employees would include Vice Presidents, Senior Directors, Directors, Senior Managers, and Managers for Products, Market Access, Sales, and National Accounts for the Janssen Drugs at issue in this case (Balversa, Darzelex Faspro, Erleada, Imbruvica, Opsumit, Precobix, Remicade, Rybrevant, Simponi, Stelara, Symtuza, Tracleer, Tremfya, Uptravi, Ventavis, and Zytiga).

By July 12, 2023, please confirm that JJHCS shares this understanding of its obligations under the Court's order, and provide a date by which JJHCS will complete amending its Interrogatories.

We reserve all rights and are available to meet and confer.


Best,

/s/ Andrew R. Dunlap

Andrew R. Dunlap
Partner

2

# Exhibit 6



July 17, 2023

Harry Sandick
(212) 336-2723
hsandick@pbwt.com

Andrew Dunlap, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Supplemental Interrogatory Responses**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
No. 22 Civ. 2632 (ES) (CLW)

Dear Andrew:

We write in response to your July 5, 2023 letter regarding the Court's June 29, 2023 Order directing JJHCS to conduct a further investigation and supplement its responses to SaveOnSP's First Set of Interrogatories, as appropriate.

The Court's June 29, 2023 Order is clear:  it directs JJHCS to "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program," and to "supplement its interrogatory responses, as appropriate."  (Dkt. No. 127.)  For the avoidance of doubt, JJHCS will fully comply with the Court's Order and intends to supplement its responses to SaveOnSP's First Set of Interrogatories in the near future.

JJHCS will not, however, agree to the additional requirements that SaveOnSP attempts to unilaterally impose on JJHCS and that are wholly outside the Court's June 29 Order.  In your July 5, 2023 letter, you stated that the Court's Order "require[s] JJHCS to identify individuals . . . with knowledge of or involvement with decisions over the topics in SaveOnSP's Interrogatories.  This is not limited to actual decision-makers, but includes those who reviewed, commented, advised, provided input, or assisted with those decisions."  July 5, 2023 Ltr. from A. Dunlap to H. Sandick.  This misstates both the language of SaveOnSP's First Set of Interrogatories and the Court's directive.  SaveOnSP's Interrogatory Nos. 1 to 7 all rely on the same language:  "Identify each person who participated in or had responsibility for . . ." a specific topic.  *See, e.g.*, SaveOnSP's First Set of Interrogatories at 12.  Nothing in the Court's Order expands that language to the broader set of persons suggested in your July 5 letter.

SaveOnSP also attempts to expand JJHCS's obligations to topics not covered by SaveOnSP's First Set of Interrogatories.  This is inappropriate.  JJHCS declines to agree to this expanded scope.  To be clear, the Court's June 29 Order did not extend the language of SaveOnSP's First Set of Interrogatories.  (*See* Dkt. No. 127.)  Rather, the Court directed JJHCS to "conduct a further investigation" and to "supplement its interrogatory responses, as appropriate."

Andrew Dunlap, Esq.
July 17, 2023
Page 2


(*Id.*)  This is consistent with the Court's directive at the June 27 conference that JJHCS must "[d]o the investigation" and "[a]nswer the interrogatories."  June 27, 2023 Hr'g Trans. at 99:10–11.

Finally, in your July 5 letter, SaveOnSP conveys its understanding concerning the scope of any "reasonable investigation" to include "at a minimum, all members of the Janssen Americas Leadership Team and their support staffs, including communications teams" as well as "Janssen Drug brand employees who are likely to interact with CarePath."  July 5, 2023 Ltr. from A. Dunlap to H. Sandick, at 2.  JJHCS disagrees.  Consistent with the Court's June 29 Order, JJHCS will undertake a further investigation regarding non-JJHCS personnel who may be responsible for making decisions regarding the CarePath program and will supplement its interrogatory responses, as appropriate.  (*See* Dkt. No. 127.)

Very truly yours,


*/s/ Harry Sandick*
Harry Sandick

14417958

# Exhibit 7

David Elsberg
Andrew R. Dunlap
Meredith Nelson
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S FIRST SET OF INTERROGATORIES TO JJHCS** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 33 and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), hereby requests that Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") answer these Interrogatories within 30 days of being served in accordance with the definitions and instructions set forth below.

**PLEASE TAKE FURTHER NOTICE** that these Interrogatories are continuing in nature, and it is requested that JJHCS serve upon SaveOnSP's counsel, via supplemental answers, any information requested herein that is unavailable at the time answers hereto are submitted, but which becomes available to JJHCS or any attorney, agent, representative, or principal of JJHCS prior to the termination of this case.

Dated:  December 15, 2022          By:  */s/ Andrew R. Dunlap*
                                        David Elsberg
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        SELENDY GAY ELSBERG, PLLC
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        212-390-9000
                                        deslberg@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com

                                        E. Evans Wohlforth, Jr.
                                        GIBBONS P.C.
                                        One Gateway Center
                                        Newark, NJ 07102-5310
                                        973-596-4500

ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

The following definitions apply to these Interrogatories:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "Affordable Care Act" means the Patient Protection and Affordable Care Act, Pub. L. 148, 124 Stat. 119.

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

9.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

10.    "CarePath Care Coordinator" means any person or entity encompassed by that term as used on CarePath's "Contact Us" webpage,[1] as well as any person responsible for communicating with patients who contact CarePath via an advertised help number (*e.g.*, 877-CarePath).

11.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12.    "Complaint" means JJHCS's May 4, 2022 Complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

13.    "Copay Accumulator Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

14.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

15.    "Copay Maximizer Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay

---

[1] *See* Contact Us, https://www.janssencarepath.com/patient/contact-us (last visited October 25, 2022).

assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maxi-mizer."

16.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.    "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.    "Essential Health Benefit" means, in the context of prescription drug benefits at issue in this case, (a) a prescription drug benefit that satisfies the requirement for a plan to provide essential prescription drug benefits under the Affordable Care Act or that is treated as such by a plan;[2] and (b) any definition JJHCS ascribes to the term "essential health benefit" as used in the Complaint.

19.    "Identify" means (a) with respect to persons, to give, to the extent known, the per-son's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the docu-ment; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.    "Including" means including but not limited to.

21.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

---

[2] 45 C.F.R. §§ 156.122, 156.115.

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc.,

Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.     "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from

any time for which patients may receive copay assistance, including BALVERSA, DARZALEX,

DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT,

SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other

specialty drugs that JJHCS asserts are at issue in this Action.

23.     "JJHCS's Employee Health Plans" means any health plan offered by JJHCS or

Janssen to its employees.

24.     "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all pre-

decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-

ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants,

and all persons or entities acting or purporting to act on behalf or under the control of Johnson &

Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil

Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals,

Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development,

LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc.,

Janssen BioPharma LLC, and Janssen Research & Development LLC.

25.     "JJHCS Access Group" means the team operating within and for JJHCS under this

or a substantially similar name (*i.e.*, Access Group, Access Team, or Access Division).

26.    "JJHCS Health Economics Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Health Economics Group, Health Economics Team, or Health Economics Division).

27.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

28.    "JJHCS Outcome Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Outcome Group, Outcome Team, or Outcome Division).

29.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

30.    "Non-Essential Health Benefits" means, in the context of prescription drug benefits at issue in this case, (a) any prescription drug benefit covered by a plan in excess of those necessary for a plan to satisfy the requirements for providing essential prescription drug health benefits under the Affordable Care Act[3] and designated by the plan as a non-essential health benefit; and (b) any definition JJHCS ascribes to the term "non-essential health benefits" as used in the Complaint.

31.    "Parties" means "SaveOnSP" and "JJHCS."

32.    "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

---

[3] *See* 45 C.F.R. §§ 156.122, 156.115.

33.    "Person" means a natural person or legal entity including any business or governmental entity or association.

34.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

35.    "Request" means any of these Requests for Production.

36.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

37.    "SaveOnSP IPBC Video" means the IPBC and SaveOnSP training video created by Express Scripts as defined in Complaint ¶ 9.

38.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

39.    "Stelara" means the Janssen Drug sold under that name.

40.    "Tremfya" means the Janssen Drug sold under that name.

41.    "<u>TrialCard</u>" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

42.    "<u>You</u>" and "<u>Your</u>" means JJHCS.

## **<u>INSTRUCTIONS</u>**

1.    These Interrogatories seek information available to you following a reasonable inquiry into the information sought.

2.    These Interrogatories seek nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    Answer each Interrogatory separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).

4.    If you object to all or part of an Interrogatory, state that objection with specificity. Fed. R. Civ. P. 33(b)(4).  Any ground not stated in a timely objection will be waived unless excused by the Court for good cause.  *Id.*

5.    If you object to part of an Interrogatory, specify the part and answer the rest.

6.    If you are unable to answer all or part of an Interrogatory, specify the part and answer the rest.

7.    If you find the meaning of any term in these Interrogatories unclear, assume a reasonable meaning, and respond to the Interrogatory according to the assumed meaning, stating your assumed meaning in your response.

8.    If the answer to an Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a part your documents, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, you may answer by (a) specifying the records that must be reviewed, in sufficient detail to enable SaveOnSP to locate and identify

them as readily as you could; and (b)  giving SaveOnSP a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. Fed. R. Civ. P. 33(d).

9.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). When you claim any privilege, you shall indicate, as to the information requested, whether (a) any documents exist; or (b) any oral communications took place. If you assert a privilege in connection with a claim or defense governed by state law, you shall set forth the state privilege rule being invoked. Local Civ. Rule 33.1(c).

10.      If the person who verifies the answers to interrogatories does not have personal knowledge of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of the information is documentary, provide a full description including the location thereof. Local Civ. Rule 33.1(b).

11.      If you become aware of a document concerning an Interrogatory that was once in your possession, custody, or control, and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

12.     Answers must be signed by the person providing them; objections mut be signed by an attorney.  Fed. R. Civ. P. 33(b)(5).

13.     If after responding to any Interrogatory you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including January 1, 2017, through the present.

## INTERROGATORIES

1.     Identify each person who participated in or had responsibility for communications with patients or health plans, including any communications between CarePath Care Coordinators or JJHCS Hub Entities and patients, from January 1, 2009 through the present.

**ANSWER:**

2.      Identify each person who participated in or had responsibility for the marketing of CarePath or other communications with the public regarding CarePath, including those mentioning Copay Accumulator Services or Copay Maximizer Services, from January 1, 2009 through the present.

**ANSWER:**

3.      Identify each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug, from January 1, 2009 through the present.

**ANSWER:**

4.    Identify each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs, from January 1, 2009 through the present.

**ANSWER:**

5.    Identify each person who participated in or had responsibility for JJHCS's attempts to identify health plans advised by SaveOnSP or patients enrolled in such plans.

**ANSWER:**

6.       Identify each person who participated in or had responsibility for JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients enrolled in health plans advised by SaveOnSP, including JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients using Stelara or Tremfya.

**<u>ANSWER:</u>**

7.       Identify each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**<u>ANSWER:</u>**

**<u>CERTIFICATION</u>**

I am the _____ of Plaintiff Johnson & Johnson Health Care Systems Inc. ("Plaintiff"). I am authorized to submit this certification on behalf of Plaintiff. I certify that the foregoing responses made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, I and Plaintiff are subject to punishment.

I certify that in responding to the foregoing Interrogatories, I furnished all information available to Plaintiff, and to its agents, employees, and attorneys. As to those answers which are not within my personal knowledge, I certify that I provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.


Dated: _____        By: _____

                                   Title: _____

# Exhibit 8



www.pbwt.com

September 5, 2023

Julia Long
Associate
(212) 336-2878
jlong@pbwt.com

Andrew Dunlap, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **JJHCS's Supplemental Responses & Objections to SaveOnSP's First Set of Interrogatories and JJHCS's Responses and Objections to SaveOnSP's Second Set of Interrogatories**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
No. 22 Civ. 2632 (ES) (CLW)

Dear Andrew:

        We write in response to your August 17, 2023 letter regarding JJHCS's Supplemental Responses & Objections to SaveOnSP's First Set of Interrogatories ("JJHCS's Supplemental R&Os") and JJHCS's Responses and Objections to SaveOnSP's Second Set of Interrogatories ("JJHCS's Second Set of R&Os").

I.      **JJHCS's Supplemental R&Os**

        A.      **Scope of SaveOnSP's Interrogatories**

        In your August 17 letter, you asked that JJHCS confirm whether its Supplemental R&Os include responses to various topics. As we explained in both our July 17 letter and at our August 9 meet and confer, JJHCS's Supplemental R&Os addressed SaveOnSP's First Set of Interrogatories as phrased and consistent with the Court's June 29, 2023 Order.

        The Court's June 29, 2023 Order is clear: it directed JJHCS to "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program," and to "supplement its interrogatory responses, as appropriate." (Dkt. No. 127.) This is consistent with the Court's directive at the June 27 conference that JJHCS must "[d]o the investigation" and "[a]nswer the interrogatories." June 27, 2023 Hr'g Trans. at 99:10–11. In response, JJHCS complied with the Court's Order and served SaveOnSP with its Supplemental R&Os on July 28, 2023, thus concluding this issue.

        The Court's June 29 Order did not expand the language of SaveOnSP's First Set of Interrogatories to cover the additional topics identified in your August 17 letter. Nor did the Court require JJHCS to provide any information other than what the June 29 Order specifically discussed. (*See* Dkt. No. 127.) SaveOnSP could have asked for this information in its interrogatories. It did

Andrew Dunlap, Esq.
September 5, 2023
Page 2

not.  SaveOnSP, of course, is welcome to serve additional interrogatories, consistent with the Federal Rules, all applicable privileges, and the case management schedule, if it seeks responses to other inquiries.  As we have explained on several prior occasions, discovery letters to counsel are not a proper substitute for the discovery tools provided for in the Federal Rules.

**B.        Scope of the Court's Order**

In your August 17 letter, you claim that JJHCS's Supplemental R&Os are "insufficient" pointing to language in the Supplemental R&Os confirming that JJHCS "'conducted a reasonable investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program,' quoting the Court's Order." Aug. 17, 2023 Ltr. from A. Dunlap to J. Long at 3.

As you acknowledge, the Supplemental R&Os rely on the language of the Court's Order, which directed JJHCS to "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program," and to "supplement its interrogatory responses, as appropriate."  (Dkt. No. 127.)  The Court's phrasing—as followed by JJHCS in its response—is not ambiguous.  JJHCS conducted a further investigation and identified any additional personnel "responsible for making decisions" to each of SaveOnSP's interrogatories, as appropriate.

**C.        Scope of JJHCS's Investigation**

In your August 17 letter, SaveOnSP parrots its July 5 letter, and again conveys its position that the scope of any "reasonable investigation" must include "speaking with, at a minimum, all members of the Janssen Americas Leadership Team, and their support staffs, and Janssen Drug brand employees who are likely to interact with CarePath, which include the Vice Presidents, Senior Directors, Directors, Senior Managers, and Managers for Products, Market Access, Sales, and National Accounts for the Janssen Drugs at issue in this case."  Aug. 17, 2023 Ltr. from A. Dunlap to J. Long at 4.  As stated in our July 17 letter, JJHCS disagrees with this statement, which finds no support at all in the Court's June 29 Order.

Following the Court's June 29 Order, JJHCS conducted a reasonable investigation regarding non-JJHCS personnel who may be responsible for making decisions regarding the CarePath program and supplemented its interrogatory responses, as appropriate.  (*See* Dkt. No. 127.)  JJHCS is under no obligation to "identify the names of the individuals that JJHCS spoke to in conducting its investigation (including their job titles and the J&J entities at which they are employed)."  Aug. 17, 2023 Ltr. from A. Dunlap to J. Long at 4.  This is a requirement created by SaveOnSP out of whole cloth, finding no support in the Court's order or in any applicable law. This is no surprise, as the information sought by SaveOnSP is protected from disclosure by the attorney-client privilege and the work-product doctrine.

14521207

Andrew Dunlap, Esq.
September 5, 2023
Page 3

We can say this: as part of its investigation, counsel for JJHCS spoke with multiple employees, including top leadership at Janssen and JJHCS. Nothing in the Court's June 29 Order requires JJHCS to disclose anything more or any of the details of its investigation.

### D.    JJHCS's Supplemental Responses

In your August 17 letter, you ask JJHCS to identify various personnel who were either "consulted," or who "track" certain CarePath budgets, or who had "oversight" over certain resources allocation decisions. SaveOnSP is again ignoring the Court's June 29 Order as written, seeking to impose new burdens on JJHCS that are not set forth in that order. JJHCS only is required to identify personnel who are "responsible for making decisions" regarding the various topics in SaveOnSP's First Set of Interrogatories and the identification of those who only "consult" or merely "track" budget information is outside of the scope of the Court's June 29 Order. As with SaveOnSP's other inquiries, SaveOnSP is welcome to serve additional interrogatories, consistent with the Federal Rules, all applicable privileges, and the case management schedule, if it seeks additional discovery into these matters.

In response to your specific inquiry concerning the six additional individuals identified in JJHCS's Supplemental R&Os, those individuals and their employers are listed below.

- John Hoffman, JJHCS

- Ernie Knewitz, Janssen R&D US

- L.D. Platt, Janssen R&D US

- Pauline Ma, Janssen R&D US

- Silas Martin, Janssen Pharmaceuticals

- Katie Upton, Janssen R&D US

## II.    JJHCS's Second Set of R&Os

In your August 17 letter, SaveOnSP also asks that JJHCS clarify its objection to the term "Janssen" as defined. JJHCS disagrees with SaveOnSP's characterization of the Court's June 29 Order. Nowhere in that Order did the Court reject JJHCS's objection in the abstract. Nonetheless, consistent with our discussion at the August 9 meet and confer, JJHCS withdraws its objection to the definition of "Janssen" for the purpose of JJHCS's Second Set of R&Os. Consistent with our discussion, JJHCS's response to SaveOnSP's Interrogatory No. 8 remains as set forth in JJHCS's Second Set of R&Os, dated July 24, 2023.

In addition, SaveOnSP again asks JJHCS to "identify any such individuals that JJHCS had identified" as participants in the SaveOnSP program. Consistent with JJHCS's Second

14521207

Andrew Dunlap, Esq.
September 5, 2023
Page 4

Set of R&Os and Federal Rule of Civil Procedure 33(d), JJHCS has further agreed to produce certain nonprivileged documents "regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath from April 1, 2016 to the present." *See* JJHCS's July 24, 2023 Responses & Objections to SaveOnSP's Request for Production No. 49. JJHCS agrees to identify those documents once produced. To the extent your August 17 letter suggests that JJHCS "knows" the names of patients who are members of SaveOnSP-advised plans, this is incorrect. JJHCS_00003447, JJHCS_00003464, JJHCS_00003473 do not contain patient names and were in no way redacted by JJHCS prior to production.

Finally, in your August 17 letter, you ask for clarification concerning which JJHCS personnel are "walled off" from receiving patient names and whether that applies to "all personnel at all Johnson & Johnson companies." Discovery letters are not an appropriate vehicle for learning such information. As with SaveOnSP's other substantive inquiries, SaveOnSP is welcome to serve additional interrogatories, consistent with the Federal Rules, all applicable privileges, and the case management schedule, if it seeks additional discovery into these matters.

Very truly yours,

*/s/ Julia Long*
Julia Long

14521207

# EXHIBITS 9-13

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBITS JJHCS 1-2
## CONFIDENTIAL - FILED UNDER SEAL