October 26, 2023

**Via ECF**

Honorable Judge Cathy L. Waldor, U.S.M.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse
MLK Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* (Case No. 2:22-cv-02632-ES-CLW)

Dear Magistrate Judge Waldor:

Save On SP LLC ("SaveOnSP") writes in response to the letter submitted by Johnson & Johnson Health Care Systems Inc. ("JJHCS") on October 24, 2023. Dkt. No. 163. JJHCS submitted this letter in violation of the Court's Civil Case Management Order, Rule 7 regarding Discovery Disputes, Extensions, and Motions, without SaveOnSP's consent, after SaveOnSP proposed that the parties proceed by joint letter.[1]

JJHCS now admits that its representation to the Court that its benefits investigations—in which it confirms a patient's eligibility for CarePath—do not relate to its enforcement of Care-Path's terms and conditions, Dkt. No. 146 (Aug. 24, 2023 Joint Letter at 21, 24), was false. As JJHCS now concedes, its vendor TrialCard did investigate whether patients taking two Janssen drugs, Stelara and Tremfya, were members of SaveOnSP-advised plans. As shown, JJHCS (via TrialCard) then did identify that patients were members of such plans.[2] Yet JJHCS continued to provide copay assistance to patients on those plans—a blatant failure to mitigate its supposed damages.

JJHCS now says that TrialCard—represented by the same counsel that represents JJHCS—will produce benefits investigations from January 1 to July 1, 2022 that reflect inquiries into whether patients taking Stelara or Tremfya were enrolled in an accumulator or maximizer program

---

[1] On October 23, 2023 at 7 p.m, JJHCS told SaveOnSP that it intended file a letter on this subject with the Court. The next day at 10:30 a.m., SaveOnSP responded that it disagreed with JJHCS's position, and asked that the parties proceed via joint letter. One-and-a-half hours later, JJHCS filed its letter. Dkt. No. 163, Ex. 1 (Oct. 24, 2023 email chain between J. Long and E. Snow).

[2] *See, e.g.*, Dkt No. 146, Ex. 11 (JJHCS_00003355); Ex. 12 (JJHCS_0003447); Ex. 13 (JJHCS_00003570).

Hon. Cathy L. Waldor
October 26, 2023
Page 2

or in SaveOnSP. JJHCS asserts that this promised TrialCard production, plus JJHCS's own production, "resolves" SaveOnSP's request for all benefits investigations regarding Janssen Drugs.

JJHCS's new proposal does not resolve SaveOnSP's request.

*First*, both TrialCard and JJHCS, by implication of the statement noted above, continue to withhold evidence of benefits investigations for Stelara and Tremfya after July 1, 2022. This is unacceptable. JJHCS claims damages running to the present; it must produce evidence that it failed to mitigate those damages to the present. JJHCS says that TrialCard began investigating if patients belonged to SaveOnSP-advised plans in January 1, 2022 and does not say that TrialCard ever stopped, indicating that TrialCard does so still. Yet JJHCS proposes producing only six months' worth of these records, withholding another sixteen months' worth plus all future records. JJHCS cites the parties' general agreement to end document production as of July 1, 2022,[3] but they agreed that exceptions could be warranted, and one is certainly warranted here.[4] When SaveOnSP agreed to this general limit, moreover, JJHCS had not disclosed its ongoing efforts to identify members of SaveOnSP-advised plans; had it done so, SaveOnSP would not have agreed to end production on that topic in July 2022. JJHCS and TrialCard must produce all benefits investigations—and all related documents—concerning accumulators, maximizers, or SaveOnSP to the present.

*Second*, JJHCS continues to withhold documents regarding benefits investigations into Janssen drugs other than Stelara and Tremfya (and for those two drugs before January 1, 2022). This is also unacceptable. In other statements, JJHCS seems to suggest that TrialCard did not investigate whether patients were enrolled in so-called accumulator or maximizer programs for other drugs during other time periods.[5] But the fact that JJHCS began such investigations for Stelara and Tremfya in January 2022 shows that it could have done so for the other drugs at issue, but chose not to, while continuing to provide copay assistance funds to patients taking those drugs—evidence of its failure to mitigate for payments related to those other drugs. JJHCS also could have started such investigations for all drugs at issue before 2022, but it did not do so, while providing funds to patients—further evidence of its failure to mitigate. JJHCS must produce documents concerning not only its actual investigations of members enrollment in SaveOnSP-advised plans and so-called accumulator and maximizer programs but also its ***ability*** to conduct such investigations (including the ability of other J&J entities and TrialCard), for all Janssen drugs at issue, from January 1, 2016 to the present—including all benefits investigations for all drugs at issue.

---

[3] SaveOnSP does not concede that the agreement even applies to TrialCard—a third party.

[4] In fact, JJHCS just served requests for production on SaveOnSP days ago in which it demanded documents "through the present." *See* Ex. 2 (October 18, 2023, Plaintiff's Ninth Set of Requests for Production.").

[5] Dkt. No. 163 at 1 ("[I]n certain specific instances beginning in January 2022 . . . [TrialCard] began evaluating [through benefits investigations] whether patients taking either of two Janssen drugs (Stelara and Tremfya) were concurrently enrolled in an accumulator or maximizer program (such as SaveOnSP).").

Hon. Cathy L. Waldor
October 26, 2023
Page 3

*Third*, JJHCS still refuses to conduct a proper search for relevant documents from before July 1, 2022. In a carefully worded statement, it represents that "JJHCS has already produced any benefits investigations (from January 1, 2016 to July 1, 2022) found in its review of custodial documents that mention SaveOnSP." This excludes non-custodial sources—such as any collections of benefits investigations or related documents stored in shared folders or databases. It excludes the many individuals that JJHCS refuses to designate as custodians, despite mountains of evidence showing their involvement with CarePath. *See, e.g.*, Ex. 20 at 11 (JJHCS's Resps. & Objs. to SaveOnSP's First Set of Interrogatories ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; JJHCS refuses to add them as custodians.) And, crucially, it excludes documents held in other J&J entities such as Janssen. JJHCS must conduct a ***full*** search for documents related to benefits investigations and the efforts of J&J—including Janssen—to identify members of SaveOnSP-advised plans or of so-called accumulator or maximizer programs.

*Finally*, JJHCS points to documents requests that SaveOnSP recently served regarding benefits investigations and says it is open to meeting and conferring about the search terms that SaveOnSP proposes. As JJHCS knows, it has been and remains SaveOnSP's position that its existing requests plainly cover the documents at issue; SaveOnSP served these requests simply to eliminate any doubt raised by JJHCS's meritless suggestion otherwise.[6] SaveOnSP served the requests at issue on Oct. 20, 2023, but six months ago SaveOnSP told JJHCS that requests then outstanding included these benefits investigations. Dkt No. 146, Ex. 2 at 6. JJHCS cannot further delay resolution of this issue. It must use all the proposed search terms to identify documents for review.

SaveOnSP appreciates Your Honor's time and attention to this matter.

Best,

*/s/ E. Evans Wohlforth, Jr.*

E. Evans Wohlforth, Jr.

cc: All counsel of record (by ECF)

---

[6] *See* Ex. 3 (Oct. 20 Letter from E. Snow to S. Arrow at 1-2 ("These documents were called for by SaveOn SP's previous requests. . . . We serve these new Requests to eliminate any possible doubt that we have requested documents related to benefits investigations.").)

# Exhibit 1

**From:** Elizabeth Snow
**To:** SaveOn-Team
**Subject:** FW: JJHCS v. SaveOnSP // Letter from H. Sandick to A. Dunlap
**Date:** Tuesday, October 24, 2023 10:30:07 AM

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
_____
+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Elizabeth Snow
**Sent:** Tuesday, October 24, 2023 10:25 AM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP // Letter from H. Sandick to A. Dunlap

Julia,

We have reviewed your letter. To be clear, we disagree that it resolves the issue. We will follow up in more detail soon. If you intend to file a letter on this point, we expect that it would be a joint letter in which we would have an opportunity to set forth our position, consistent with the Court's rules.

Thanks,

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
_____
+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Monday, October 23, 2023 7:06 PM
**To:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Wohlforth,

E. Evans <EWohlforth@rc.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP // Letter from H. Sandick to A. Dunlap

Counsel:

Please see the attached correspondence.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibit 2

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : |
| Plaintiff, | : Civil Action No. 22-2632 (JMV) (CLW) |
| vs. | : |
| SAVE ON SP, LLC, | : |
| Defendant. | : |

**PLAINTIFF'S NINTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") makes the following requests for production of documents to Defendant Save On SP, LLC ("SaveOnSP"):

**DEFINITIONS AND INSTRUCTIONS**

1. "Action" means the above-captioned matter, *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States District Court for the District of New Jersey.

14658893

2. "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

3. "Employee" means any person currently or formerly employed by SaveOnSP.

4. "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

5. "You" and "Your" mean "SaveOnSP" as defined above.

6. The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, call notes, voice mail, video or audio recordings, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

7. "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

8. The term "including" means including, but not limited to.

9. The terms "relating to," "relate to," "relates to," "related to," "relating to," "referring to," and "concerning" mean relating to, referring to, describing, referencing, reflecting, concerning, considering, evidencing, constituting, discussing, supporting, identifying, pertaining to, containing, embodying, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewing in conjunction with, setting forth, contradicting, refuting, supporting, recommending, or in any way logically or factually connected with the matter discussed, in whole or in part.

10. If You believe that production of documents or things is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Provide responsive documents or things to all parts of the Request to which You do not object. Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

11. If You withhold information on the grounds of privilege (including work product immunity), You must identify the nature of the privilege that is being claimed in accordance with any agreed-upon or court-ordered protocols. In the event the Court has not timely approved any protocols when You are ready to produce a privilege log, JJHCS will provide supplemental instructions detailing the privilege log requirements.

12. If You cannot produce responsive documents or things to any of these Requests in full, produce documents or things to the extent possible, specifying the reasons for Your inability to produce documents or things in full and provide responsive documents or things to the remainder.

13. In producing documents or things responsive to these Requests, furnish all information that is available to You, including documents or things in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

14. If a responsive document or thing was, but no longer is, within Your possession, custody, or control, please state in detail:

    a. the type of document or thing and the author(s), sender(s), recipient(s) and copy(ies) of the document or thing;

    b. a summary of the contents of the document or thing;

    c. what disposition was made of such document or thing;

    d. the date of such disposition;

    e. whether the original or a copy thereof is within the possession, custody or control of any other person; and

    f. if the answer to (e) is affirmative, the identity of such person.

15. All documents and data and all electronically stored information should be produced in the manner required by any agreed-upon or court-ordered protocols. In the event the Court has not timely approved any protocols when You are ready to produce documents, JJHCS will provide supplemental instructions detailing the production requirements.

16. Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, any objection in whole or in part to a Request must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a request must specify the part and permit inspection of the rest.

17. These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

18. To extent a term is not defined herein, apply the definition for such term used in the Complaint.

19. The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

20. Unless otherwise specified herein or agreed to by the parties, the time period for each request is April 1, 2016 through the present (the "Time Period").

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**Request No. 95.** Any Documents or Communications concerning Your Employee confidentiality obligations, including SaveOnSP's Data Privacy and Security Policy and SaveOnSP's Updated Confidentiality and Nondisclosure Policy referenced in your Response to JJHCS's Interrogatory No. 18, as well as any other written policies, manuals, or trainings concerning Your Employees' confidentiality obligations.

**Request No. 96.** Any Communications with Your Employees relating to compliance with or attestation to Your Employee confidentiality policies or other confidentiality obligations.

**Request No. 97.** From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than JJHCS, including in response to subpoenas served in this action.

Dated: October 18, 2023

                SILLS CUMMIS & GROSS P.C.
                One Riverfront Plaza
                Newark, New Jersey 07102
                (973) 643-7000

                By:    s/ Jeffrey J. Greenbaum
                         JEFFREY J. GREENBAUM
                         KATHERINE M. LIEB

                PATTERSON BELKNAP WEBB & TYLER LLP
                Adeel A. Mangi
                Harry Sandick (admitted *pro hac vice*)
                George LoBiondo
                1133 Avenue of the Americas
                New York, New York 10036
                (212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# Exhibit 3

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

October 20, 2023

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re: ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Sara,

We write regarding SaveOnSP's fourth set of document requests, which we serve today. They seek documents concerning benefits investigations undertaken by or on behalf of JJHCS that identified patients receiving CarePath assistance as members of SaveOnSP-advised plans, maximizers, or accumulators. SaveOnSP also seeks documents regarding any agreements that JJHCS has with ESI and/or Accredo to provide patient information.

These documents were called for by SaveOnSP's previous Requests. *See* Nov. 11, 2022 First Set of Requests for Production No. 8 ("All Documents and Communications with or regarding SaveOnSP."); No. 12 ("[A]ll Documents and Communications regarding CarePath's terms and conditions" and alleged breaches of the same); No. 27 ("All Documents and Communications regarding the 'internal JJHCS data' discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn."); and No. 31 ("All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.").

Despite this, to date, JJHCS has produced few documents related to benefits investigations. *See, e.g.*, JJHCS_00003307; JJHCS_00003309; JJHCS_00003353; JJHCS_00003355. We have asked JJHCS to use search terms related to benefits

investigations, May 17, 2023 Ltr. from A. Dunlap to H. Sandick at 6, but JJHCS refused. May 26, 2023 Ltr. from H. Sandick to A. Dunlap at 3-5.

We serve these new Requests to eliminate any possible doubt that we have requested documents related to benefits investigations. We also request any agreements between JJHCS and Accredo and/or ESI regarding the data that they provide to JJHCS that might allow it to identify members of SaveOnSP-advised plans or so-called maximizer or accumulator plans. A preliminary list of proposed search terms is in the attached appendix. To the extent you object on the basis of burden, please provide hit counts for each requested term.[1]

We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

---

[1] JJHCS previously provided a hit count for "Benefits Investigation*" and the combined list of drugs identified below. May 26, 2023 Ltr. from H. Sandick to A. Dunlap at 4. If JJHCS objects on the basis of burden, please provide hit counts for each proposed term.

2

**Proposed Search Terms**

- Accredo AND ("contract*" OR "agreement*")

- "Benefits Investigation*" AND Accredo

- "Benefits Investigation*" AND "accumulator*"

- "Benefits Investigation*" AND ESI

- "Benefits Investigation*" AND "Express Scripts"

- "Benefits Investigation*" AND ExpressScripts

- "Benefits Investigation*" AND Balversa

- "Benefits Investigation*" AND Darzelex

- "Benefits Investigation*" AND Faspro

- "Benefits Investigation*" AND Erleada

- "Benefits Investigation*" AND Imbruvica

- "Benefits Investigation*" AND "maximizer*"

- "Benefits Investigation*" AND Opsumit

- "Benefits Investigation*" AND Precobix

- "Benefits Investigation*" AND Remicade

- "Benefits Investigation*" AND Rybrevant

- "Benefits Investigation*" AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR Save-On OR SOSP)

- "Benefits Investigation*" AND Simponi

- "Benefits Investigation*" AND Stelara

- "Benefits Investigation*" AND Symtuza

- "Benefits Investigation*" AND Tracleer

- "Benefits Investigation*" AND Tremfya

- "Benefits Investigation*" AND Uptravi

- "Benefits Investigation*" AND Ventavis

- "Benefits Investigation*" AND Zytiga

- (ESI OR ExpressScripts OR "Express Scripts") AND ("agreement*" OR "contract*")