UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| | : | |
| Plaintiff, | | Hon. Jamel K. Semper, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | | |
| | : | Oral Argument Requested |
| SAVE ON SP, LLC, | : | (Electronically Filed Document) |
| Defendant. | : | |

**PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S BRIEF IN SUPPORT OF MOTION TO UNSEAL COMPLAINT**

PATTERSON BELKNAP WEBB
 & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
aamangi@pbwt.com
hsandick@pbwt.com
globiondo@pbwt.com

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
jgreenbaum@sillscummis.com
klieb@sillscummis.com

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT: THE MOTION TO AMEND AND THE PROPOSED AMENDED COMPLAINT SHOULD BE UNSEALED AND PLACED ON THE PUBLIC DOCKET ..................................................................................3

    I.    Applicable Legal Standard for Sealing Judicial Records ......................3

    II.    Judicial Documents, Such As Pleadings, Should Be Public Where There Is No Basis to Keep Them Under Seal ...........................5

CONCLUSION .........................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Caldwell*,
  2024 WL 378586 (D.N.J. Feb. 1, 2024) ............................................................. 5

*In re Cendant Corp.*,
  260 F.3d 183 (3d Cir. 2001) ........................................................................ 3, 4, 6

*China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*,
  2017 WL 3718108 (D.N.J. Aug. 29, 2017) ........................................................ 5

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin, Inc.*,
  2016 WL 234838 (D.N.J. Jan. 19, 2016) ............................................................ 5

*Impax Lab'ys, Inc. v. Zydus Pharms. (USA) Inc.*,
  2018 WL 6416910 (D.N.J. Dec. 6, 2018) ........................................................... 6

*Jewitt v. IDT Corp.*,
  2004 WL 7321367 (D.N.J. Aug. 9, 2004) .......................................................... 7

*Jorjani v. N.J. Inst. of Tech.*,
  2022 WL 1811304 (D.N.J. June 2, 2022) ............................................... 4, 6, 7, 8

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
  998 F.2d 157 (3d Cir. 1993) ........................................................................ 4, 6, 7

*Miller v. Ind. Hosp.*,
  16 F.3d 549 (3d Cir. 1994) ................................................................................. 8

*Novo Nordisk A/S v. Sanofi-Aventis U.S. LLC*,
  2008 WL 323611 (D.N.J. Feb. 4, 2008) ............................................................. 3

*Pal v. Univ. of Med. & Dentistry of N.J.*,
  2013 WL 4607160 (D.N.J. Aug. 29, 2013) ........................................................ 3

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994) ............................................................................. 3, 5

*United States v. Martin*,
  746 F.2d 964 (3d Cir. 1984) ............................................................................... 4

**Other Authorities**

District of New Jersey Local Rule 5.3 .............................................................*passim*

# **PRELIMINARY STATEMENT**

Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") files this motion to unseal the concurrently filed motion for leave to file its Proposed Amended Complaint, along with unsealing the Proposed Amended Complaint. These are judicial documents that make serious allegations of public harm, and the public has a common-law right of access to such documents. Because there is no basis to keep these documents under seal, this motion to unseal should be granted.

JJHCS filed its Motion to Amend, along with the Proposed Amended Complaint, under a temporary seal pursuant to Local Rule 5.3 only because the Proposed Amended Complaint refers to discovery materials produced by SaveOnSP LLC ("SaveOnSP") and Accredo Health Group, Inc. ("Accredo") that were designated as "Confidential" or "Attorneys' Eyes Only" (together, "Designated Material") per the Discovery Confidentiality Order entered by the Court on November 22, 2022 (the "Confidentiality Order"). *See* D.E. 62.

In particular, paragraph 11 of the Confidentiality Order provides that "any Court filing that would disclose the substance of any Designated Material must be filed under seal or with redactions to the extent necessary to preserve confidentiality of that material in accordance with Local Civil Rule 5.3."

*See* D.E. 62.[1] Throughout this action, the parties have followed these procedures by filing motions relying on sealed documents and then proceeding to make motions to seal where necessary to safeguard and protect the confidentiality of materials. *See, e.g.*, D.E. 137, 158, 160, 164, 179–80.

While JJHCS filed its Motion to Amend and Proposed Amended Complaint under seal in order to comply with the Confidentiality Order and Local Rule 5.3, JJHCS objects to the continued sealing of these documents. Judicial records, including pleadings, should be made accessible to the public, absent a particularized showing of injury from disclosure. No such injury can be demonstrated here. For the reasons set forth in this motion, it would be contrary to established law and the public interest for these judicial records to remain under seal and this Court should unseal the Motion to Amend and Proposed Amended Complaint.

---

[1] As the Court is aware, Local Civil Rule 5.3(c)(4) provides that "[a]ny materials deemed confidential by a party or parties and submitted under temporary sealing subject to a motion to seal or otherwise restrict public access shall be filed electronically under the designation 'confidential materials' and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(C)."

## ARGUMENT:

## THE MOTION TO AMEND AND THE PROPOSED AMENDED COMPLAINT SHOULD BE UNSEALED AND PLACED ON THE PUBLIC DOCKET

**I.     Applicable Legal Standard for Sealing Judicial Records**

"The Third Circuit has a tradition of recognizing a common law right of public access to judicial proceedings and records." *Pal v. Univ. of Med. & Dentistry of N.J.*, 2013 WL 4607160, at *2 (D.N.J. Aug. 29, 2013); *see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780–81 (3d Cir. 1994) ("We have previously recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute.'" (citations omitted)); *see also In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) ("It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.").

More specifically, there is a "presumption that all 'materials and judicial proceedings are matters of public record and shall not be sealed.'" *Novo Nordisk A/S v. Sanofi-Aventis U.S. LLC*, 2008 WL 323611, at *2 (D.N.J. Feb. 4, 2008) (citation omitted). "That presumption disallows the routine and perfunctory closing of judicial records." *In re Cendant Corp.*, 260 F.3d at 193–94. "The practical effect of the right to access doctrine is to create an independent right for the public to view proceedings and to inspect judicial records." *Id*. at 193.

3

Whether or not a document is subject to this right of access "turns on whether that item is considered to be a 'judicial record.'" *Id.* at 192 (citation omitted). A document is considered a "judicial record" if it "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* Pleadings, including complaints and motions to amend, are judicial records. *See Jorjani v. N.J. Inst. of Tech.*, 2022 WL 1811304, at *4 (D.N.J. June 2, 2022) ("[T]he right of public access attaches to pleadings, which includes complaints."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[T]here is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents.' It includes 'transcripts, evidence, pleadings, and other materials submitted by litigants.'" (citation omitted)).

Although the right of public access is not absolute and must be weighed against "the factors militating against access[,] . . . careful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants," *Leucadia, Inc.*, 998 F.2d. at 165–67. It is the party seeking to seal judicial records who "must demonstrate that

4

'good cause' exists to overcome the presumption in favor of public access." *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017); *see Pansy*, 23 F.3d at 786. The "good cause" standard requires a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Brown v. Caldwell*, 2024 WL 378586, at *1 (D.N.J. Feb. 1, 2024) (quoting *Pansy*, 23 F.3d at 786).

"This standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin, Inc.*, 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016). In particular, Local Civil Rule 5.3(c)(3) requires the Court to consider:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted; [and]

(d) why a less restrictive alternative to the relief sought is not available[.]

L. Civ. R. 5.3(c)(3).

## II. Judicial Documents, Such As Pleadings, Should Be Public Where There Is No Basis to Keep Them Under Seal

There is a presumptive right of public access to the Motion to Amend and the Proposed Amended Complaint. This Circuit recognizes the strong presumption favoring that all materials and judicial proceedings are matters of public record. *See In re Cendant Corp.*, 260 F.3d at 192. The presumption applies to

5

pleadings, such as the Proposed Amended Complaint, and substantive motions, such as the Motion to Amend, as they are each considered a judicial record. *See Jorjani*, 2022 WL 1811304, at *4 ("[T]he right of public access attaches to pleadings, which includes complaints."); *Leucadia, Inc.*, 998 F.2d at 165 ("[T]here is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not."). Therefore, the Motion to Amend and the Proposed Amended Complaint can only be sealed if this strong presumption is rebutted.

There are no persuasive reasons to overcome this strong presumption here. To the extent SaveOnSP may argue that these filings, in part or whole, should remain under seal based on the Confidentiality Order, it would need to overcome the significant presumption of openness and prove the legitimate interests to be protected, articulate a clearly defined and serious injury, and explain why alternative means (such a minor redactions) would be insufficient. *See* L. Civ. R. 5.3(c)(3). "The party seeking to seal part of a judicial record bears the burden of demonstrating that 'the material is the kind of information that courts will protect.'" *Impax Lab'ys, Inc. v. Zydus Pharms. (USA) Inc.*, 2018 WL 6416910, at *2 (D.N.J. Dec. 6, 2018) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "The kind of information courts do protect, especially in civil litigation, is often trade secrets," but "[a]llegations of corporate misconduct are not considered the type of information

6

that courts protect." *Jewitt v. IDT Corp.*, 2004 WL 7321367, at *2 (D.N.J. Aug. 9, 2004).

All of the factors in Local Rule 5.3(c) support unsealing these judicial documents. First, the nature of the materials at issue supports unsealing. A complaint and a motion to amend are the types of documents that are presumed to be accessible to the public. *See Jorjani*, 2022 WL 1811304, at *4; *Leucadia, Inc.*, 998 F.2d at 165.

Second, the legitimate private or public interest weighs in favor of public access. The judicial documents at issue contain serious allegations of corporate misconduct that have caused considerable public harm. Courts have expressly held that these types of allegations are "not considered the type of information that courts protect," *Jewitt*, 2004 WL 7321367, at *2, such as trade secrets or highly sensitive business information. Sunlight, not sealing, is appropriate where allegations of public harm are at issue. Thus, sealing certain parts or the entirety of the Motion to Amend and the Proposed Amended Complaint not only contravenes the presumption of open access to judicial records that this Court's rules and precedent require, but would disserve the public interest by hiding important allegations from the public.

Third, JJHCS respectfully submits that any such interests that SaveOnSP could set forth are outweighed by the presumption of public access that

7

applies to judicial records. There is no clearly defined, serious injury that would result from disclosure. There are no trade secrets here, only the inner workings of an illegal, tortious scheme. The materials discussed in the Motion to Amend and Proposed Amended Complaint do not reveal highly sensitive information, regardless of the designation of the underlying evidence under the Confidentiality Order. They undoubtedly do not contain "the kind of information that courts will protect," such as trade secrets. *Miller*, 16 F.3d at 551.

To be sure, the Proposed Amended Complaint cites to materials produced and received during discovery. However, "the mere fact that a document, or a portion of a document, was designated as confidential, and thereafter produced pursuant to the Discovery Confidentiality Order, does not relieve the party seeking confidential status from meeting its burden of justifying the designation," *Jorjani*, 2022 WL 1811304, at *5, and explaining why the right of public access should be limited. Most of the references and citations to discovery materials are characterized and not directly quoted in the Proposed Amended Complaint. *See, e.g.*, Am. Compl. ¶¶ 19, 65 117, 120, 162. To the extent they are quoted, the quotations reveal no highly sensitive business information or trade secrets. *See, e.g.*, *id.* ¶¶ 62, 73, 82, 98, 115. In addition, neither the Motion to Amend nor the Proposed Amended Complaint append any documents produced in discovery; there are only references and, only in some cases, quotations to this material.

8

The same rings true as to references to the deposition transcript of Ayesha Zulqarnain. Although such testimony has been previously designated as Confidential by SaveOnSP under the Confidentiality Order, that is not enough to maintain that all references to it must be redacted in the judicial records of this Court. Citations to the Zulqarnain deposition are characterizations and summaries, not direct quotes, and at any rate reveal no highly sensitive business information or trade secrets. *See, e.g.*, *id.* ¶¶ 117–118, 120.

Finally, no less restrictive alternative to unsealing would serve the public interest. This is not the type of judicial document where redacting personal identifying information or bank account information is necessary; no such information appears in the judicial documents at issue. Redactions here would not hide highly sensitive business information or trade secrets or any personal information. Rather, they would keep from the public the facts necessary to understand JJHCS's allegations in its Motion to Amend and its Proposed Amended Complaint. Any redactions here would be inappropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant JJHCS's motion to unseal JJHCS's Motion to Amend and Proposed Amended Complaint.

        Respectfully submitted,

        SILLS CUMMIS & GROSS P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        (973) 643-7000

        By:   <u>s/ Jeffrey J. Greenbaum</u>
               JEFFREY J. GREENBAUM
               KATHERINE M. LIEB

        PATTERSON BELKNAP WEBB &
        TYLER LLP
        Adeel A. Mangi
        Harry Sandick (admitted *pro hac vice*)
        George LoBiondo
        1133 Avenue of the Americas
        New York, New York 10036
        (212) 336-2000

        *Attorneys for Plaintiff Johnson &*
        *Johnson Health Care Systems Inc.*

Dated: March 14, 2024