**Robinson+Cole**

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

March 20, 2024

<u>VIA E-Mail</u>

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

    Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

  On behalf of Defendant Save On SP, LLC ("**SaveOn**"), we write to request a short extension of the briefing schedule for Plaintiff Johnson and Johnson Health Care System's (with its affiliates, "**J&J**") recently submitted motions for leave to amend and to unseal the amended complaint. SaveOn proposes the following amended schedule: (1) SaveOn's oppositions due April 11, 2024; (2) J&J's replies due April 25, 2024; and (3) SaveOn's sur-replies due May 9, 2024.

  On the evening of March 14, 2024, the deadline by which the Court required parties to file any motion to amend pleadings or add new parties, *see* Dkt. 177, J&J filed a motion to amend the complaint, Dkt. 219, and a motion to unseal the amended complaint, Dkt. 221. J&J's proposed

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                                                    Page 2

amended complaint adds two new defendants—ESI and Accredo—and two new claims—conspiracy to commit tortious interference and aiding and abetting tortious interference—the former of which includes SaveOn as a defendant. *See* Dkt. 219, Ex. A.

Contrary to Rule 15.1(a) of Local Rule of Civil Procedure 15.1(a), J&J did not notify SaveOn that it was intending to file a motion for leave to amend before it did so. On March 20, 2024, J&J told Your Honor that—although the vast majority of the allegations in the proposed amended complaint have been available to J&J for months if not years—the draft "was not completed until late in the day on March 14," and J&J did not think it pressing to follow the Local Rule. Dkt. 222. Contrary to the certificate of service that J&J filed with the Court, Dkt. 219-2, J&J did not provide a copy of its motion or its the supporting documents—which it filed under seal—until SaveOn requested them, *see* Ex. 1 (March 14, 2024 email from E. Snow to J. Long).

As it informed J&J, SaveOn intends to oppose both motions. SaveOn intends to oppose the motion for leave to amend in part on the ground of futility, because the new count pleaded against SaveOn does not state a claim under Rule 12(b) of the Federal Rules of Civil Procedure. *See Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008). SaveOn also intends to oppose the motion to unseal because the proposed amended complaint contains gratuitous material, irrelevant to the claims in this action. *See* Fed. R. Civ. P. 12(f). SaveOn asked for J&J's consent to the schedule stated above. J&J refused, saying (among other things) that "we don't see why more time would be needed here." Ex. 2 (March 20, 2024 email from J. Greenbaum to E. Wohlforth).

Your Honor should grant SaveOn's proposed schedule. Contrary to J&J's assertions that its filings are "simple" motions, its proposed amended complaint is extensive and complex, and SaveOn's oppositions will be substantive and substantial. Because SaveOn intends to argue that J&J's new count against it fails to state a claim, its opposition to J&J's motion for leave to amend

will thus, effectively, contain a motion to dismiss that claim. *See id.* ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In this District, defendants are generally entitled to a single 14-day extension for motions to dismiss, *see* Loc. Civ. R. 6.1(b), which is all that SaveOn seeks here. SaveOn should not be denied this time because of the procedural quirk of presenting its Rule 12(b) arguments in an opposition brief. SaveOn requests a brief sur-reply for the same reason: A defendant filing a motion to dismiss is generally entitled to a reply brief, and SaveOn should have the same opportunity in support of what will effectively be its own Rule 12(b) motion.

J&J's refusal to consent to this modest request smacks of gamesmanship. J&J admits that it failed to provide a copy of its proposed amended complaint to SaveOn until after J&J filed it, denying SaveOn the time that it would normally have to consider that complaint—and begin working on arguments for dismissal—before filing. Having thus squeezed SaveOn on the front end, J&J is now trying to squeeze it on the back end by denying SaveOn a reasonable extension. J&J's refusal is even more suspect because, in discussing the schedule for the discovery conference now set for April 3, SaveOn stated that its lead counsel would be wholly unavailable during the week of March 25, Ex. 3 (March 5, 2024 email from E. Wohlforth to W. Fang and J. Greenbaum)—the majority of the days that SaveOn would need to prepare its opposition on J&J's preferred schedule. And, while J&J protests that SaveOn's proposed schedule "requires responses in the middle of religious holidays," Ex. 2, J&J seeks to require SaveOn to submit its oppositions on Easter Monday, April 1, 2024. SaveOn is happy for Your Honor to make reasonable accommodations for other religious holidays. J&J should not be able to distort the schedule for tactical advantages.

While these reasons are more than sufficient to grant SaveOn's request, there is another: The two proposed new defendants, ESI and Accredo, have stated that they intend to intervene so they can oppose J&J's motion for leave to file an amended complaint. Ex. 4 (March 19, 2024 Letter from J. Sternberg to H. Sandick and A. Dunlap). SaveOn has consented. Ex. 5 (March 19, 2024 email from E. Snow to E. Robey-Phillips). While J&J intends to oppose, Ex. 2, there is a strong likelihood that this motion will be granted, as ESI and Accredo will be able to "demonstrate[] an interest in the matter stemming from Plaintiff's attempt to join [them] as [] defendant[s]." *Cooley v. Lisman*, No. 16-CV-4499 (MAS) (LHG), 2019 WL 11288454, at *3 (D.N.J. Feb. 28, 2019) (granting a motion to intervene). If intervention is granted, ESI and Accredo have agreed to oppose J&J's motion for leave on the same schedule proposed by SaveOn and it would be most efficient for the parties and the Court to have all oppositions briefed and considered at the same time.

Given the short time remaining under the default schedule for SaveOn to oppose J&J's motion, we ask that Your Honor order J&J to respond, and that Your Honor resolve this request, on an expedited basis.

SaveOn appreciates Your Honor's attention to this matter.

                        Respectfully submitted,

                        */s/ E. Evans Wohlforth, Jr.*
                        E. Evans Wohlforth, Jr.
                        Robinson & Cole LLP
                        666 Third Avenue, 20th floor
                        New York, NY 10017-4132
                        Main (212) 451-2900
                        Fax (212) 451-2999
                        ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*