Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA
BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
*Counsel of Record for Movants*
*Express Scripts, Inc. & Accredo Health Group, Inc*

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> – vs – <br><br> SAVE ON SP LLC, <br><br> Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** <br><br> Civil No. 22-2632 (JKS) (CLW) |

**BRIEF IN SUPPORT OF EXPRESS SCRIPTS, INC.'S AND ACCREDO HEALTH GROUP, INC.'S MOTION FOR LEAVE TO INTERVENE
AND FOR EXTENSION OF TIME TO FILE OPPOSITIONS TO
<u>MOTION FOR LEAVE TO AMEND AND MOTION TO UNSEAL</u>**

Non-Parties Express Scripts, Inc. ("Express Scripts") and Accredo Health Group, Inc. ("Accredo") respectfully move this Court for an order permitting them to intervene in the above-captioned case under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, Federal Rule of Civil Procedure 24(b)(1)(B) for the limited purpose of opposing Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") recently filed motions. JJHCS has moved for leave to amend its complaint and to unseal said amended complaint. JJHCS's proposed amended complaint would make Express Scripts and Accredo defendants in the above-captioned action, and also references confidential materials produced by Accredo. Express Scripts and Accredo therefore respectfully request that this Court grant them leave to intervene for the limited purpose of opposing JJHCS's motion for leave to amend its complaint and, on Accredo's part, opposing

1

JJHCS's motion to unseal the proposed amended complaint.[1]  Express Scripts and Accredo also move for an extension of time within which to file these two opposition briefs so that all interested parties will be on the same briefing schedule.

The parties have met and conferred regarding this motion.  SaveOn consents to the motion.  JJHCS does not oppose Accredo's intervention solely for the purpose of opposing the motion to unseal, but has otherwise indicated that it intends to oppose this motion.

## **ARGUMENT**

Almost two years ago, JJHCS initiated the above-captioned litigation against Save On SP, LLC ("SaveOn").  During the intervening 22 months, both Express Scripts and Accredo have responded to third-party subpoenas from JJHCS and have participated in frequent meet and confers regarding these subpoenas with JJHCS.  On March 14, 2024 – the deadline for JJHCS to add/join parties – JJHCS moved for leave to amend its complaint to add Express Scripts and Accredo as defendants.  Given their significant interests at stake, Express Scripts and Accredo have a right to intervene under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, qualify for permissive intervention under Rule 24(b)(1)(B).  Express Scripts and Accredo therefore respectfully request that this Court grant them leave to intervene for the limited purpose of opposing JJHCS's motion for leave to amend its complaint and, on Accredo's part, opposing JJHCS's motion to unseal the proposed amended complaint.

### I.  BACKGROUND

On May 4, 2022, JJHCS initiated this suit against SaveOn, claiming tortious interference with contract and deceptive trade practices under New York law.  *See* Compl.  Although the original complaint did not name Express Scripts or Accredo as defendants, it did repeatedly accuse

---

[1] Counsel for JJHCS has represented that the proposed amended complaint does not reference or include any confidential materials produced by Express Scripts.

2

Express Scripts and Accredo of participating in and benefitting from SaveOn's so-called "scheme." *See, e.g.*, Compl. at ¶¶ 28, 51, 52, 62, 63, 65, 68. For example, JJHCS alleged in its original complaint that SaveOn "markets and sells its program to payers, and then induces patients to enroll" in "partnership with . . . Express Scripts and . . . Accredo." *Id.* ¶ 51.[2] In January 2023, JJHCS issued extensive and overbroad third-party subpoenas[3] to Express Scripts and Accredo. Both entities have been working diligently to respond to these subpoenas.

Express Scripts has already produced to JJHCS claims data, client-specific forms, exemplar marketing materials, and patient inquiries. Express Scripts has further agreed to produce custodial documents from 16 unique custodians based on months of negotiations over search terms. Accredo, for its part, has produced over 8,600 documents, totaling over 31,000 pages – including years of patient-related communications.

Despite this history of allegations involving Express Scripts and Accredo and frequent, detailed conversations regarding third-party discovery with them, it was not until March 14, 2024, almost two years after the original complaint was filed, that JJHCS moved for leave to amend its complaint to make Express Scripts and Accredo defendants. Pl.'s Mtn. for Leave to Amend Compl., ECF No. 219. JJHCS also moved to unseal its proposed amended complaint. Pl.'s Mtn. to Unseal Document, ECF No. 221.

---

[2] The original complaint also repeatedly referenced co-branded materials featuring the Express Scripts logo and cited to publicly available Express Scripts documents. *See, e.g.*, Compl. ¶¶ 10, 12, 13, 15, 58.

[3] Indeed, Express Scripts and Accredo objected to JJHCS's subpoenas on grounds including overbreadth and burden and prevailed in part on motions to compel addressing them. *See Johnson & Johnson Health Care Sys., Inc. v. Save On SP, LLC*, No. 2:23-mc-00019-JTF-tmp (W.D. Tenn.); *Johnson & Johnson Health Care Sys., Inc. v. Express Scripts, Inc.*, No. 4:23-mc-00527-SEP (E.D. Mo.). Neither subpoena court has fully or finally resolved all of the issues related to these two subpoenas. To the extent the courts have granted some of JJHCS's requests, Express Scripts and Accredo are acting as quickly as possible to comply with the courts' orders.

3

Express Scripts and Accredo have the right to intervene for the limited purpose of opposing JJHCS's motions for leave to amend and to unseal; in the alternative, the Court should exercise its discretion to grant them permission to intervene. If the Court permits Express Scripts and Accredo to intervene, Express Scripts and Accredo seek in the first instance an extension of time to respond to JJHCS's motions, so they may better understand the accusations against them before responding both to JJHCS's motion for leave to amend and motion to unseal the proposed amended complaint.[4] If Express Scripts and Accredo are permitted to intervene, they will seek to participate in the briefing schedule ordered in response to SaveOn's recently filed Motion for Extension of Time to File Response/Reply, ECF No. 223. According to this schedule, SaveOn's opposition is due April 11, 2024, and JJHCS's reply is due April 25, 2024.

## II. EXPRESS SCRIPTS AND ACCREDO HAVE A RIGHT TO INTERVENE

Express Scripts and Accredo are entitled to intervene as of right under Rule 24(a)(2) and Third Circuit jurisprudence interpreting it. This motion to intervene is timely; they each have a "sufficient interest" in this matter that is at risk of being "affected or impaired" in this litigation; and the existing parties cannot "adequately represent[]" that interest. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 396 (3d Cir. 1987)) (delineating the three-factor test for motions under Rule 24(a)(2)). Of these factors, the most important is the nature of the proposed intervenors' interest. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (describing interest as the "polestar" and noting its "facts assume overwhelming importance in each decision").

---

[4] Express Scripts and Accredo understand that JJHCS's motion for leave to file the proposed amended complaint, and a companion motion to unseal it, have been referred to Special Master Hon. Freda L. Wolfson. Express Scripts and Accredo respectfully request that their current motions be referred to Special Master Wolfson. *See* Fed. R. Civ. P. 53; Order Appointing Special Master, ECF No. 184. Express Scripts and Accredo agree to pay their portion of the attendant costs should their motions be referred.

4

## A. This Motion Is Timely

The Third Circuit's first criterion for determining whether intervention of right is appropriate is whether the motion to intervene is timely. *See Mountain Top*, 72 F.3d at 366. Courts in the Third Circuit weigh the "totality of the circumstances arising from three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (cleaned up). "These three factors are necessarily bound up in one another." *Id.* The Third Circuit "maintain[]s 'a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds.'" *Id.* (quoting *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012)).

These interrelated factors weigh heavily in favor of timeliness. Here, aspects of this nearly two-year-old action will necessarily start anew if JJHCS's motion is granted. However, efficiency concerns weigh in favor of intervention. The Honorable Special Master Wolfson has set a briefing schedule for SaveOn's oppositions to JJHCS's Motion for Leave to Amend and Motion to Unseal; permitting Express Scripts and SaveOn to present their arguments, some of which are related, at the same time would conserve judicial resources and promote efficiency.

Moreover, Express Scripts and Accredo have moved as quickly as possible to intervene. *See Mountain Top*, 72 F.3d at 370 ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."). This motion comes just one week after JJHCS made the motion to intervene necessary. *See Wallach*, 837 F.3d at 375 (delay should "be measured from the point at which the applicant knew, or should have known, of the risk to his or her rights or the purported representative's shortcomings) (quotation omitted, emphasis original). It was that motion that put Express Scripts and Accredo on notice of its interest in the case and, as detailed *infra*, SaveOn lacks standing to assert key grounds in opposition to JJHCS's motion on behalf of Express Scripts and Accredo. *See Conrad v. Lopez De*

5

*Lasalle*, Civil No. 21-8462 (CPO/AMD), 2023 WL 4534110, at *4 (D.N.J. 2023). Thus, even if the original complaint alerted Express Scripts and Accredo to the potential involvement of their interest, only JJHCS's motion for leave to amend and proposed amended complaint could have alerted them to "the purported representative's shortcomings." *Wallach*, 837 F.3d at 375 (quotation omitted).

### B. Express Scripts and Accredo Have a Significant Interest in This Litigation

Timeliness may be the first factor, but the intervenor's interest is the most important one. "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote . . . [I]ntervenors should have an interest that is specific to them [and] is capable of definition." *Kleissler*, 157 F.3d at 972 (reversing denial of motion to intervene and emphasizing that facts surrounding intervenors' interest "assume overwhelming importance in each decision"). Express Scripts and Accredo have perhaps the strongest interest possible, because JJHCS seeks to make them defendants. *See Cooley v. Lisman*, No. 16-4499 (MAS)(LHG), 2019 WL 11288454, at *3 (D.N.J. Feb. 28, 2019) (finding intervenor sufficiently established intervention of right, in part because he "has demonstrated an interest in this matter stemming from Plaintiff's attempt to join him as a defendant"). It is difficult to imagine a non-party with a stronger interest.

As potential defendants, Express Scripts' and Accredo's interests are "specific to [them], capable of definition, [and] not remote or attenuated." *Id*. Beyond the obvious status as potential defendants, however, Express Scripts and Accredo also "claim[] an interest relating to the . . . transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). JJHCS's lawsuit is directed at a product utilized by Express Scripts' and Accredo's clients and necessarily impacts their respective work with those clients. *See, e.g.*, Pl.'s Proposed Am. Compl. ¶¶ 8, 47, ECF No. 220-1.

Courts routinely permit intervention by entities with far lesser interests than Express Scripts' and Accredo's. *See, e.g.*, *Pennsylvania v. President of the United States*, 888 F.3d 52, 58-59 (3d Cir. 2018); *Kleissler*, 157 F.3d at 973.  In *Kleissler*, for example, the Third Circuit held that several categories of intervenors, who were not proposed defendants but who had financial interests in the outcome of the litigation, had sufficient interest to intervene as of right under Rule 24.  *See* 157 F.3d at 968, 973.  Plaintiff-environmentalists filed the suit "to restrict logging activities in a National Forest." *Id*. at 967.  The court held that three categories of entities qualified for intervention under the Rules:

- One category of intervenors had a sufficient interest because they earned "federal grant money through timber harvesting each year, money they will lose . . . if plaintiffs are successful." *Id*. at 973.

- A second category of intervenors' interest sufficed because some had existing contracts for lumber.  *See id.*  Others did not yet have contracts, but were successful bidders for such contracts.  *See id.*  These "economic stake[]s" were sufficient.  *See id*.

- A third category of intervenors had an even weaker interest that still met Rule 24's bar: they "may not have received contracts under the projects challenged by plaintiffs, but . . . are very dependent on timber contracts . . . in the Forest."  *Id*. (quotation omitted).  Indeed, even a "trade association[] representing threatened businesses" had a sufficient interest to intervene. *Id.*

These "economic stake[s]," the Court of Appeals held, were all sufficient to warrant intervention as of right.  *Id*.

Given Express Scripts' and Accredo's interest not only as potential defendants, but also in the underlying subject of this litigation — the SaveOn product — Express Scripts and Accredo

7

have more than a sufficient interest under Rule 24(a). Moreover, because the nature of Express Scripts' and Accredo's interest is the key factor in weighing intervention, Express Scripts and Accredo would be entitled to intervene under the Federal Rules based on the strength of their interest alone, even if the other factors weighed against intervention. *See Kleissler*, 157 F.3d at 972 (emphasizing importance of interest).

### C. Express Scripts' and Accredo's Interests Will Be Affected or Impaired If They Are Not Permitted to Intervene

"Once an applicant for intervention has established that he or she possesses a sufficient legal interest in the underlying dispute, the applicant must also show that this claim is in jeopardy in the lawsuit." *Brody by and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). Here, the lawsuit clearly puts Express Scripts' and Accredo's interest "in jeopardy," both as potentially-named defendants and due to the fact that the lawsuit is directed at the SaveOn product, which is utilized by Express Scripts and Accredo clients. *See id.* Consequently, Express Scripts and Accredo have a real "economic stake" in a transaction that this lawsuit may impact. *See Kleissler*, 157 F.3d at 973.

More specific still is Express Scripts' and Accredo's interest in raising arguments that can only be raised in opposition to JJHCS's motion for leave to amend. If permitted to intervene, Express Scripts will oppose JJHCS's motion on several grounds, including undue delay and prejudice — which are distinct from factors relevant to a motion to dismiss under Rule 12(b)(6), which would be the only application available to them if they were not permitted to intervene. *Compare, e.g.*, *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (when weighing motion to amend, district court considers factors including undue delay, prejudice, and futility) *with* Fed. R. Civ. P. 12(b) (the familiar rule addressing presenting defenses to a claim for relief).

8

Express Scripts and Accredo have substantive, evidence-based arguments on each of these grounds, both of which provide grounds for the Court to deny JJHCS's motion. *Phillips v. Keyport*, 179 F.R.D. 140, 149 (D.N.J. 1998) (Wolfson, J.) ("Courts will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design."). If Express Scripts and Accredo are not permitted to intervene at this stage, they will not be able to raise these issues, and their interest therein will essentially be forfeited.[5]

### D. The Existing Parties Will Not or Cannot Adequately Protect Express Scripts' and Accredo's Interest

Express Scripts and Accredo have the right to speak for themselves. Existing parties to this matter either will not or cannot protect Express Scripts' and Accredo's interest. The burden to show that existing parties may not adequately represent an intervenor's interest is not a heavy one. *See Ass'n for Fairness in Bus., Inc. v. New Jersey*, 193 F.R.D. 228, 231 (D.N.J. 2000) (describing burden as "minimal"). All that is required is for Express Scripts and Accredo to show that "representation of [their] interest 'may be' inadequate." *Id*.

Express Scripts and Accredo can more than meet this burden. One existing party, JJHCS, is actually adverse to Express Scripts and Accredo and certainly will not represent their interests. The only other current party, SaveOn, cannot adequately protect Express Scripts' and Accredo's

---

[5] *McGrath v. Pediatrics*, No. 19-04714, 2022 WL 19521729 (D.N.J. Aug. 12, 2022), is not to the contrary. There, the district court rejected a prospective defendant's attempt to intervene because, inter alia, the attempted intervenor could raise all of its defenses in a Rule 12(b)(6) motion. *See id.* at *3. Here, by contrast, Express Scripts and Accredo have articulated several grounds they can only raise in opposition to JJHCS's Motion for Leave to Amend. In addition, the proposed intervenor in *McGrath* failed to articulate any interest in the litigation beyond not wanting to be sued. *See id*. As detailed above, Express Scripts and Accredo have interests well beyond and in addition to that. *McGrath* acknowledged that parties should be permitted to intervene "where the contractual rights of the intervenor will be adversely affected." *Id*. at *2. Indeed, JJHCS has conceded, by not opposing Accredo's intervention to oppose unsealing, that Accredo has an interest in protecting the confidentiality of its documents. This is a far lesser interest than the other interests Express Scripts and Accredo articulate herein.

9

interest for several reasons. With respect to the motion to unseal, SaveOn does not know why Accredo marked the documents cited in the proposed amended complaint confidential, nor is it the proper party to articulate the confidentiality concerns underpinning those designations. Moreover, with respect to the motion to amend, SaveOn lacks critical background or involvement in the facts underlying Express Scripts' arguments regarding undue delay and prejudice.

Finally, SaveOn lacks standing to raise a futility argument against JJHCS's attempt to add Express Scripts and Accredo as defendants. *See, e.g.*, *Conrad*, 2023 WL 4534110, at *4 (collecting cases supporting holding). JJHCS admits as much. *See* Pl.'s Br. in Support of Mtn. for Leave to Amend Compl. at 21, ECF No. 220. ("SaveOnSP lacks standing to argue that amendment would be futile with respect to the claims JJHCS seeks to assert against Express Scripts and Accredo.").

In sum, Express Scripts and Accredo have a right to intervene under Rule 24(a) because this motion is timely, they have a sufficient interest in this litigation that is at risk of being affected or impaired, and existing parties will not adequately represent that interest. The Court should therefore grant movants leave to intervene.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT EXPRESS SCRIPTS AND ACCREDO TO INTERVENE

Even if this Court determines that Express Scripts and Accredo do not have a right to intervene, Express Scripts and Accredo qualify for permissive intervention under Rule 24(b)(1)(B). Permissive intervention is "left to the sound discretion of the court" "[s]o long as [three] threshold requirements are met": (1) the motion must be timely, (2) the proposed intervenor's "claim or defense and the main action [must] have a question of law or fact in common," and (3) "intervention may not cause undue delay or prejudice to the original parties' rights." *King v. Christie*, 981 F.Supp. 2d 296, 309 (D.N.J. 2013).

As detailed above, this motion is timely. Express Scripts and Accredo are filing one week after JJHCS moved for leave to amend its complaint.

It is undisputed that Express Scripts and Accredo have a "claim or defense" that has "a question of law or fact in common" with the original action. *See King*, 381 F.Supp. 2d at 309. In addition, the proposed amended complaint is replete with allegations of fact made simultaneously against SaveOn, Express Scripts, and Accredo. *See, e.g.*, *id*. ¶¶ 18, 30, 160.

Finally, as explained above, intervention will not prejudice JJHCS's or SaveOn's rights or unduly delay this matter. Again, intervention is sought for the limited purpose of opposing JJHCS's motion for leave to amend its complaint, and accompanying motion to unseal. Express Scripts and Accredo have moved to intervene promptly.

## IV.  Conclusion

For the foregoing reasons, Express Scripts and Accredo respectfully seek leave to intervene for the limited purpose of opposing JJHCS's motions to amend its complaint and to unseal on the briefing schedule established for the other parties.

*/s/ Mark A. Berman*
Mark A. Berman
HARTMANN DOHERTY ROSA
BERMAN & BULBULIA LLP
433 Hackensack Ave. Suite 1002
Hackensack, NJ 07601
(201) 441-9056
mberman@hdrbb.com

*Counsel of Record for Movants Accredo Health Group, Inc. and Express Scripts, Inc.*

Jeremy M. Sternberg*
Emily A. Robey-Phillips*
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
(617) 523-6850

11

Jeremy.sternberg@hklaw.com
Emily.robey-phillips@hklaw.com

*Counsel for Accredo Health Group, Inc.*

Sarah C. Hellmann*
Christopher A. Smith*
Kate Ledden*
Husch Blackwell LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
(314) 480-1500
Fax: (314) 480-1505
sarah.hellmann@huschblackwell.com
chris.smith@huschblackwell.com
kate.ledden@huschblackwell.com

*Counsel for Express Scripts, Inc.*

*\*pro hac vice application forthcoming*

Dated: March 22, 2024