UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
|  | : | Hon. Jamel K. Semper, U.S.D.J. |
| Plaintiff, |  | Hon. Cathy L. Waldor, U.S.M.J. |
|  | : | Hon. Freda L. Wolfson, Special Master |
| v. |  |  |
|  | : | Motion Returnable: |
|  |  | April 15, 2024 |
| SAVE ON SP, LLC, | : |  |
|  |  | Oral Argument Requested |
| Defendant. | : |  |
|  |  | (Electronically Filed Document) |
|  | : |  |

**PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S
BRIEF IN OPPOSITION TO EXPRESS SCRIPTS, INC.'S AND ACCREDO
HEALTH GROUP, INC.'S MOTION FOR LEAVE TO INTERVENE**

PATTERSON BELKNAP WEBB
   & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
aamangi@pbwt.com
hsandick@pbwt.com
globiondo@pbwt.com

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
jgreenbaum@sillscummis.com
klieb@sillscummis.com

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................1

ARGUMENT .............................................................................................2

I.    Express Scripts and Accredo's Motion to Intervene Should Be Denied
      Because These Nonparties Lack Standing .......................................2

      A.    Nonparties Can Only Intervene to Oppose a Motion to Amend
            Where the Nonparties Have Standing .....................................2

      B.    Express Scripts and Accredo Lack Standing to Oppose the
            Motion for Leave to File an Amended Complaint ...................3

II.   Even if Express Scripts and Accredo Had Standing, Neither Meets
      Rule 24's Threshold for Intervention ............................................5

      A.    Rule 24 Allows for Intervention Only in Limited
            Circumstances ........................................................................5

      B.    Express Scripts and Accredo Do Not Have a Right to
            Intervene Under Rule 24(a)(2) ...............................................7

      C.    Express Scripts and Accredo Should Not Be Permitted to
            Intervene Under Rule 24(b)(1)(B)..........................................18

III.  JJHCS Does Not Oppose Accredo's Motion for Leave to Intervene to
      File an Opposition to JJHCS's Motion to Unseal .........................19

CONCLUSION ........................................................................................20

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Arizonans for Off. Eng. v. Arizona*,
  520 U.S. 43 (1997)......................................................................................................2

*AV Design Servs, LLC v. Durant*,
  2020 WL 13580612 (D.N.J. June 6, 2020)..........................................................6

*Bittner v. Waterford Twp. Sch. Dist.*,
  2020 WL 10223599 (D.N.J. Jan. 13, 2020)...........................................3, 5, 7, 16

*Bolinger v. RMB, Inc.*,
  2023 WL 2612259 (D.N.J. Mar. 21, 2023) ..........................................................3

*Chesler v. City of Jersey City*,
  2019 WL 6318301 (D.N.J. Nov. 26, 2019) ......................................................5, 7

*In re Cmty. Bank of N. Va.*,
  418 F.3d 277 (3d Cir. 2005) ...............................................................................16

*Conrad v. Lopez De Lasalle*,
  2023 WL 4534110 (D.N.J. July 12, 2023) ..........................................................17

*Cooley v. Lisman*,
  2019 WL 11288454 (D.N.J. Feb. 28, 2019) ........................................................12

*Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*,
  2014 WL 988829 (D.N.J. Feb. 27, 2014) ....................................................3, 4, 17

*Hemy v. Perdue Farms, Inc.*,
  2011 WL 6002463 (D.N.J. Nov. 30, 2011) ..........................................................8

*Kleissler v. U.S. Forest Serv.*,
  157 F.3d 964 (3d Cir. 1998) ..........................................................................12, 13

*McGrath v. Rainbow Pediatrics, P.C.*,
  2022 WL 19521726 (D.N.J. Aug. 12, 2022) .................................................*passim*

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
  72 F.3d 361 (3d Cir. 1995) ..................................................................6, 7, 11, 14

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

*Pansy v. of Stroudsburg*,
 23 F.3d 772 (3d Cir. 1994) ...................................................................7

*Raab Fam. P'ship v. Borough of Magnolia*,
 2009 WL 10689669 (D.N.J. Oct. 30, 2009) .............................5, 16, 17

*Snellink v. Universal Travel Grp., Inc.*,
 2015 WL 12818829 (D.N.J. Nov. 4, 2015) .........................................4

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*,
 246 F.R.D. 143 (E.D.N.Y. 2007)...........................................................3

*Sullivan v. Borough of Atlantic Highlands*,
 2021 WL 915210 (D.N.J. Mar. 10, 2021) ...........................................15

*UBI Telecom Inc. v. KDDI Am. Inc.*,
 2014 WL 6675968 (D.N.J. Nov. 25, 2014) .........................................18

*United States v. Territory of the Virgin Islands*,
 748 F.3d 514 (3d Cir. 2014) .................................................................6

*United States v. W.R. Grace & Co.*,
 185 F.R.D. 184 (D.N.J. 1999)..............................................................12

*Universal Del., Inc. v. Comdata Corp.*,
 2010 WL 11561115 (E.D. Pa. Mar. 25, 2010) ...................................16

*Vasquez v. Summit Women's Ctr., Inc.*,
 2001 WL 34150397 (D. Conn. Nov. 16, 2001) ....................................3

*Warth v. Seldin*,
 422 U.S. 490 (1975)...............................................................................2

**Other Authorities**

District of New Jersey Local Rule 5.3...................................................19

Federal Rule of Civil Procedure 12 ......................................................18

## <u>TABLE OF AUTHORITIES</u>
## <u>(CONTINUED)</u>

<u>**Page(s)**</u>

Federal Rule of Civil Procedure 15 ......................................................................5, 15

Federal Rule of Civil Procedure 24 ...............................................................*passim*

## <u>PRELIMINARY STATEMENT</u>

Express Scripts and Accredo seek to intervene in this action for the limited purpose of opposing JJHCS's Motion for Leave to File an Amended Complaint ("Motion to Amend") and Motion to Unseal, both filed on March 14, 2024. *See* D.E. 219–221-3. Express Scripts and Accredo's motion to intervene should be denied. For years, Express Scripts and Accredo sat on the sidelines of this action, attending court conferences but never once seeking to intervene in order to defend the SaveOnSP Program, even though they both knew of their important roles in that scheme. When called upon to produce documents pursuant to a subpoena, both Express Scripts and Accredo refused to produce even a single page until they were ordered to do so by two federal courts (they refused to make their arguments against compliance to this Court). Even then, they failed to comply with those court orders for months. Express Scripts made its first custodial production last week, more than a year after it received its subpoena.

Only now, when faced with the prospect of becoming defendants in this action, do Express Scripts and Accredo seek to intervene. Their motion to intervene is legally meritless, citing to virtually no supporting precedent, and even acknowledging (albeit buried in a footnote) that this Court's authority actually calls for their motion to be denied. Courts routinely deny motions to intervene in this posture (i.e., for purposes of opposing a motion to amend), because nonparties have

1

no standing to oppose a motion to amend, and because they do not yet have a sufficient interest at stake warranting intervention.   In sum, Express Scripts and Accredo have no standing to intervene, no right to intervene under Rule 24(a)(2), and should not be granted permission to intervene under Rule 24(b)(1)(B).   If Express Scripts and Accredo wish to argue that the Proposed Amended Complaint does not state a claim, the proper time for them to make those arguments is in a motion to dismiss, to be filed after JJHCS's Motion to Amend is granted.

JJHCS does not oppose Accredo's motion to intervene in the Motion to Seal insofar as Accredo wishes to be heard regarding the unsealing of sections of the Proposed Amended Complaint citing documents it produced.   The Court should deny the motion to intervene in all other respects.

## ARGUMENT

I.    **Express Scripts and Accredo's Motion to Intervene Should Be Denied Because These Nonparties Lack Standing**

A.    **Nonparties Can Only Intervene to Oppose a Motion to Amend Where the Nonparties Have Standing**

It is axiomatic that "standing . . . is the threshold question in every . . . case" and determines "the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Standing applies equally to both plaintiffs and defendants, as "[s]tanding to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).  As a preliminary matter, in deciding a motion to intervene, a federal court first "considers whether [an

intervenor], as a non-party . . . has standing to challenge the Motion[].” *Bittner v. Waterford Twp. Sch. Dist.*, 2020 WL 10223599, at *2 (D.N.J. Jan. 13, 2020).

**B.      Express Scripts and Accredo Lack Standing to Oppose the Motion for Leave to File an Amended Complaint**

Express Scripts and Accredo lack standing to oppose the Motion to Amend.  They are not yet named defendants in this action.  As such, both entities are third parties to the litigation, and under well-settled case law, they lack standing to oppose the Motion to Amend.  *E.g.*, *Bolinger v. RMB, Inc*., 2023 WL 2612259, at *1 (D.N.J. Mar. 21, 2023) (collecting cases holding that “non-parties lack standing to oppose motions to amend where they are not yet named parties in the case”); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (“Proposed defendants do not have standing to oppose a motion to amend because they are not yet named parties.” (citation omitted and internal quotation marks omitted)).[1]

---

[1] Federal courts outside this District also consistently find that pending parties to a litigation do not have standing to oppose motions to amend.  *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C*., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (holding that the proposed new defendants “do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action”); *Vasquez v. Summit Women’s Ctr., Inc*., 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001) (“The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious.” (citing 3 JAMES WM. MOORE ET AL., MOORE’S FEDERAL PRACTICE ¶ 14.21(2) (3d ed. 1999)).

Express Scripts and Accredo, who are proposed to be added as defendants to this action through amendment, are seeking to intervene to argue futility rather than wait until after amendment to present a motion to dismiss. Other courts, including in this District, have addressed exactly this situation and denied intervention. For example, in *Snellink v. Universal Travel Group, Inc.*, 2015 WL 12818829, at *6 (D.N.J. Nov. 4, 2015), where a nonparty moved to intervene and filed an opposition to the plaintiffs' motion to amend arguing that its addition as a defendant is futile, the Court held that "[a]ny argument of futility by [the nonparty] is . . . improper because proposed defendants do not have standing to oppose a motion to amend because they are not yet named parties," and rejected futility as a basis to deny the motion to amend. *Id.* (citation and internal quotation marks omitted); *see also Custom Pak*, 2014 WL 988829, at *2 (holding that "futility argument[s]" raised by a nonparty are "improper in the context of the pending motion to amend" because "[p]roposed defendants do not have standing to oppose a motion to amend because they are not yet named parties").

The Court in *Snellink* noted that the nonparty is not powerless to assert its rights, as it "may challenge the sufficiency of Plaintiffs' pleading by way of dispositive motion in accordance with the Federal Rules of Civil Procedure after Plaintiffs effectuate service of the . . . Amended Complaint." 2015 WL 12818829, at *6 n.5. The same is true for Express Scripts and Accredo. If JJHCS's Motion to

Amend is granted (as it should be under Rule 15(a)'s liberal standard), Express Scripts and Accredo will have every opportunity to "challenge the sufficiency of the pleadings by way of dispositive motion practice." *Bittner*, 2020 WL 10223599, at *2; *see also Chesler v. City of Jersey City*, 2019 WL 6318301, at *4 (D.N.J. Nov. 26, 2019) (holding that nonparties "may challenge the sufficiency of the pleading by way of a dispositive motion once [the nonparty] has been named as a party, if appropriate").

In short, it is "procedurally premature" to allow nonparties Express Scripts and Accredo to oppose the Motion to Amend. *Bittner*, 2020 WL 10223599, at *2; *Raab Fam. P'ship v. Borough of Magnolia*, 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009) ("The nonparties, once served with the amended complaint, may challenge the sufficiency of the pleading by way of dispositive motion, but since they have not yet been named as parties they lack standing at this time to contest the filing of the proposed amended complaint."). In the absence of standing, Express Scripts and Accredo's motion to intervene should be denied without any consideration of the arguments presented under Rule 24.

## II.    Even if Express Scripts and Accredo Had Standing, Neither Meets Rule 24's Threshold for Intervention

### A.    Rule 24 Allows for Intervention Only in Limited Circumstances

Rule 24(a)(2) provides that a party must be permitted to intervene as of right if that party "claims an interest relating to the property or transaction that is the

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In this Circuit, for a party to be permitted to intervene as of right, it must satisfy the following four criteria:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*United States v. Territory of the Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)); *see Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). "Each of these requirements must be met to intervene as of right, and the burden rests with the movant to make the requisite showing." *McGrath v. Rainbow Pediatrics, P.C.*, 2022 WL 19521726, at *2 (D.N.J. Aug. 12, 2022).

Rule 24(b)(1)(B) governs permissive intervention and provides that "[o]n [a] timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The decision to permit intervention pursuant to Rule 24(b) lies entirely within the Court's discretion." *AV Design Servs, LLC v. Durant*, 2020 WL 13580612, at *2–3 (D.N.J. June 6, 2020). In exercising such discretion,

6

"the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Pansy v. of Stroudsburg*, 23 F.3d 772, 779 n.6 (3d Cir. 1994).

### B.   Express Scripts and Accredo Do Not Have a Right to Intervene Under Rule 24(a)(2)

Express Scripts and Accredo have failed to demonstrate *any* of the four criteria necessary for intervention as of right pursuant to Rule 24(a)(2).  Having waited two years to move to intervene, their motion is untimely.  Also, Express Scripts and Accredo will have the opportunity to "challenge the sufficiency of the pleadings by way of dispositive motion practice" after being added as named parties, so their rights will not be "impaired" by the disposition of the action.  *See, e.g.*, *Bittner*, 2020 WL 10223599, at *2; *Chesler*, 2019 WL 6318301, at *4.  Finally, Express Scripts and Accredo's interests are adequately represented by Defendant SaveOnSP, which has already made clear that it intends to oppose JJHCS's Motion to Amend.

### 1.   Timeliness

Express Scripts and Accredo's motion to intervene is untimely.  A party that wishes to intervene in an action under Rule 24(a)(2) must file a timely motion. "The timeliness of a motion to intervene is determined from all the circumstances and, in the first instance, by the [trial] court in the exercise of it[s] sound discretion." *Mountain Top*, 72 F.3d at 324 (citation and internal quotation marks omitted) (first

7

alteration in original).  To determine the timeliness of a motion to intervene, the Third Circuit considers, in tandem, the following factors:  "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Hemy v. Perdue Farms, Inc.*, 2011 WL 6002463, at *7 (D.N.J. Nov. 30, 2011).

Express Scripts and Accredo's motion to intervene comes almost two years after the filing of the original complaint, which references both Express Scripts and Accredo by name, and over a year after being served third-party subpoenas in connection with this lawsuit.  *See* Sandick Decl. ¶¶ 4–6.  Neither nonparty tenders any justification for waiting so long to intervene in this action.  Express Scripts and Accredo were well aware of the action over the course of the last two years,[2] a fact that they concede in their motion.  *See* D.E. 224-1 at 2–3 ("Although the original complaint did not name Express Scripts or Accredo as defendants, it did repeatedly accuse Express Scripts and Accredo of participating in and benefitting from SaveOn's so-called 'scheme.'").  They also knew their interests were at stake, given their own admitted "real 'economic stake'" in the SaveOn product.  *See id.* at 7–8.  Unlike JJHCS, which had limited information about the culpability of Express Scripts and Accredo before fact discovery began, Express Scripts and Accredo

---

[2] Counsel for Accredo and Express Scripts also attended multiple status conferences in this matter.  Sandick Decl. ¶ 7.

surely knew the truth about their significant role in the SaveOnSP Program and yet they elected not to seek to intervene until now.

On January 17, 2023, JJHCS served third-party subpoenas on Express Scripts and Accredo, removing any doubt as to whether they had been put "on notice of [their] interest in the case." *Id.* at 5; *see* Sandick Decl. ¶ 6.  While both entities claim that they "have been working diligently to respond to these subpoenas," *id.* at 3, that assertion lacks any basis in fact.  Although each entity acknowledged that they possessed relevant documents that could not otherwise be obtained through party discovery, Express Scripts and Accredo still refused to produce a single document in response to the subpoenas.  *See* Sandick Decl. ¶¶ 8–9.  When JJHCS pursued motions to compel this discovery, Express Scripts and Accredo each refused to proceed in the District of New Jersey—the District in which they now seek to intervene—forcing JJHCS to file motions to compel in Express Scripts and Accredo's separate home districts of the Eastern District of Missouri and the Western District of Tennessee, respectively.  *Id.* ¶¶ 10–11.  Only now, when it is beneficial to them to participate in these proceedings, do Express Scripts and Accredo seek to intervene in the very District they refused to litigate in earlier.[3]

---

[3] Should JJHCS's Motion to Amend be granted, JJHCS intends to take further discovery from Express Scripts and Accredo in this District so discovery can be expeditiously and efficiently completed.

Nor have Express Scripts and Accredo responded to the subpoenas in a reasonable matter.  Even after each district court granted, in principal part, JJHCS's motions to compel, Express Scripts and Accredo continued to drag their heels.  *See id.* ¶¶ 12–14.  Only now, fourteen months after JJHCS issued these subpoenas, have Express Scripts and Accredo started to produce custodial documents.  *See id.* ¶ 15.  For example, in the seven months since Express Scripts was ordered on August 10, 2023 to produce documents to JJHCS, Express Scripts made no custodial production of documents at all until March 27, 2024—five days *after* it filed its motion to intervene.  *Id.*

Far from "working diligently to respond to these subpoenas" in compliance with court orders, Express Scripts and Accredo (1) knew about the case, (2) never sought to intervene, and (3) decided to slow-walk the timely production of documents.  It is disingenuous for either nonparty to claim that they took "timely" steps to intervene.  This provides yet another basis to deny Express Scripts and Accredo's motion.

### 2.   *Sufficient Interest*

Express Scripts and Accredo fail to establish a sufficient interest in the litigation at this stage, given their status as nonparties.  Rule 24(a)(2) requires an intervenor to establish "an interest relating to the property or transaction that is the subject of the action."  Fed. R. Civ. P. 24(a)(2).  This interest must be "significantly

protectable" in that the relevant lawsuit must present "a tangible threat to a legally cognizable interest." *Mountain Top*, 72 F.3d at 366 (citation and internal quotation marks omitted). Courts have found that potential intervenors have a sufficient interest where (1) "the action will affect the intervenor's rights through the action of stare decisis"; (2) "the contractual rights of the intervenor will be adversely affected"; (3) "violations of the intervenor's statutory or constitutional rights are asserted"; (4) "the intervenor's right to contribution will be limited"; or (5) "the intervenor's property values would be adversely affected." *McGrath*, 2022 WL 19521726, at *2.

Express Scripts and Accredo argue that they "have perhaps the strongest interest possible, because JJHCS seeks to make them defendants." D.E. 224-1 at 6. To be sure, if Express Scripts and Accredo are added as Defendants, they will indeed have an interest in this case. In the Proposed Amended Complaint, JJHCS seeks to charge both nonparties with tortious interference with contract, civil conspiracy to commit tortious interference with contract, and aiding and abetting tortious interference with contract. But Express Scripts and Accredo are not seeking to intervene generally in the lawsuit in order to present a defense; rather, they are seeking to intervene to avoid being named as defendants in this lawsuit. This is not a basis to intervene, and Express Scripts and Accredo fail to point to controlling

authority for the proposition that they must be permitted as proposed third parties to intervene as of right to avoid being named in a lawsuit.[4]

On the contrary, a pending party's "interest in opposing the pending motion to amend is legally insufficient to form the basis for intervention as of right under the circumstances" because it would not be intervening "for the purpose of safeguarding a 'significantly protectable' legal interest as the term has been historically understood." *McGrath*, 2022 WL 19521726, at *3. Rather, Express Scripts and Accredo's motion to intervene is essentially "a pre-emptive measure to avoid being named in the litigation entirely," which "is clearly distinct from the types of protectable interests" contemplated under Rule 24. *Id.*; *see United States v. W.R. Grace & Co.*, 185 F.R.D. 184, 189 (D.N.J. 1999).

Express Scripts and Accredo attempt to bolster their supposed interests by arguing that "[c]ourts routinely permit intervention by entities with far lesser interests" and relying on *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964 (3d Cir. 1998).

---

[4] Express Scripts and Accredo cite to exactly one case, *Cooley v. Lisman*, 2019 WL 11288454, at *3 (D.N.J. Feb. 28, 2019), for the proposition that as potential defendants to the litigation, they have a sufficient interest and should be granted the right to intervene. *See* D.E. 224-1 at 6. That decision is an outlier. Even the Court in *Cooley* recognized that "it is perhaps unorthodox for a non-party to intervene for the limited purpose of opposing a motion that seeks to add that non-party as a party to the litigation," 2019 WL 11288454, at *3, and in arriving at its decision, the Court only relied on case law outside of the District and Third Circuit as support, *see id.* This "unorthodox" posture is precisely the situation created by the instant motion to intervene.

*See* D.E. 224-1 at 7.  But *Kleissler* is easily distinguishable.  In *Kleissler*, the intervenors wished to intervene in the litigation as a whole, not just for the limited purpose of opposing a motion to amend.  Indeed, the intervenors were not defendants or even proposed defendants—but for the intervention they would never have had an opportunity to have their voices heard in the lawsuit.  This is an important distinction, because here, Express Script and Accredo will have an opportunity to challenge the claims against them if the motion to amend is granted.  Comparing the interests of the intervenors in *Kleissler* to those of Express Scripts and Accredo is therefore unhelpful.

Moreover, although Express Scripts and Accredo claim they have an interest in this litigation "not only as potential defendants, but also [because of] the underlying subject of this litigation—the SaveOn product," D.E. 224-1 at 7–8, this is belied by their two-year delay in moving to intervene.  *See supra* at pp. 7–10.

Therefore, under Rule 24, Express Scripts and Accredo do not have a sufficient interest in this litigation, given their positioning as pending additional parties to the litigation.

> 3.    *Express Scripts and Accredo's Interests Would Not Be Affected or Impaired*

Express Scripts and Accredo argue that their interests will be affected or impaired if they are not permitted to intervene.  They contend that their status as potential new defendants gives them "a real 'economic stake' in a transaction that

13

this lawsuit may impact," and they wish to raise arguments that can only be raised in opposition to the Motion to Amend, such as undue delay and prejudice. D.E. 224-1 at 8. None of these arguments carry any weight.

First, Express Scripts and Accredo's interest as potential parties to the litigation is irrelevant, as discussed at length above. *See supra* at pp. 10–13. Potential defendants cannot show that their interests would be affected or impaired absent intervention. *See McGrath*, 2022 WL 19521726, at *3. After all, they are not seeking to intervene to become parties in the lawsuit; they are seeking to intervene to avoid being named defendants. Therefore, their interests cannot be impaired or affected *right now*, as pending parties seeking to oppose the Motion to Amend.

Second, Express Scripts and Accredo's argument that they have "a real 'economic stake'" because "the lawsuit is directed at the SaveOn product, which is utilized by Express Scripts and Accredo clients," also is plainly insufficient to support a motion to intervene. In fact, the Third Circuit has repeatedly made clear that "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Mountain Top*, 72 F.3d at 366.[5] That is precisely what Express Scripts and Accredo seek to do here.

---

[5] There is a narrow exception to this general principle:  when "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund[.]" *Mountain Top*, 72 F.3d at 366. This exception is inapplicable here, as

Third, that Express Scripts and Accredo wish to oppose the Motion to Amend on grounds of undue delay and prejudice and to raise vague and unnamed "substantive, evidence-based arguments" is irrelevant.   D.E. 224-1 at 9.   As nonparties to the litigation, they have no standing to be heard on such grounds. Indeed, Express Scripts and Accredo point to not a single case in which a nonparty was permitted to intervene to raise such arguments.

The logic of the motion to intervene is also contradicted by the fact that Rule 15 does not require giving notice to potential additional parties when a party moves to amend its complaint.  *See* Fed. R. Civ. P. 15.  Nonparties "have no absolute right to participate in the motion hearing until they are formally added to the litigation through a granted amendment."   *McGrath*, 2022 WL 19521726, at *4 (quoting DAVID F. HERR ET AL., MOTION PRACTICE, § 9.07 (8th ed. supp. 2022)) ("[W]here the Rules of Civil Procedure do not even require a plaintiff to notice proposed new parties to a lawsuit and [the intervenor] has cited no controlling Third Circuit precedent for its position, the Court declines to make the leap suggested . . . that intervention as of right is warranted.").  Express Scripts and Accredo will have

---

Express Scripts and Accredo do not seek to recover from a "discrete, limited fund." *See Sullivan v. Borough of Atlantic Highlands*, 2021 WL 915210, at *2 (D.N.J. Mar. 10, 2021) ("In determining whether a proposed intervenor has an interest in a specific fund as opposed to a purely economic interest, courts consider whether the proposed intervenor seeks to recover from a 'discrete, limited fund.'" (citation omitted)).

ample opportunity to test the sufficiency of JJHCS's allegations through dispositive

motions and otherwise if the Motion to Amend is granted.  *See Bittner*, 2020 WL

10223599, at *2; *Raab Family P'ship*, 2009 WL 10689669, at *4.

> 4.   *Express Scripts and Accredo's Interests Are Sufficiently Represented*

Express Scripts and Accredo's argument that they "have the right to

speak for themselves" at this juncture is unpersuasive.  D.E. 224-1 at 9.  On the

contrary, as nonparties, Express Scripts and Accredo do not have the right to speak

for themselves.  Their opportunity to be heard arises only after they have been added

to the case as parties, at which time they will be able to raise the arguments to which

they vaguely allude to in their brief.

As nonparties seeking to intervene for the limited purpose of opposing

the Motion to Amend, Express Scripts and Accredo share the same objective as

SaveOnSP:  to oppose the Motion to Amend.  Therefore, there is a presumption that

SaveOnSP adequately represents Express Scripts and Accredo.  *See Universal Del.,*

*Inc. v. Comdata Corp.*, 2010 WL 11561115, at *1 n.1 (E.D. Pa. Mar. 25, 2010).  "To

overcome the presumption of adequate representation, the proposed intervenor must

ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the party

to the suit."  *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).

Express Scripts and Accredo have not demonstrated any adversity of

interest, collusion, or nonfeasance on SaveOnSP's part.  They only argue that

"SaveOn lacks critical background or involvement in the facts underlying Express Scripts' arguments regarding undue delay and prejudice" and lacks standing to raise futility on behalf of Express Scripts and Accredo. D.E. 224-1 at 10. Even if it were true that SaveOnSP "lacks critical background" (which JJHCS disputes), Express Scripts and Accredo still have no standing to argue undue delay and prejudice as a nonparty. *See supra* at pp. 3–5.

Nor does SaveOnSP's inability to raise Express Scripts and Accredo's futility arguments warrant a different result. To be sure, SaveOnSP cannot raise futility arguments on behalf of Express Scripts and Accredo at the Motion to Amend stage. *See Conrad v. Lopez De Lasalle*, 2023 WL 4534110, at *4 (D.N.J. July 12, 2023) (holding that defendants "lacked standing to oppose the motion [to amend] on the ground that proposed claim against the new defendant was futile); *Custom Pak*, 2014 WL 988829, at *2 ("[C]urrent parties unaffected by [the] proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants[.]" (citation and internal quotation marks omitted) (alteration in original)); *Raab Fam. P'ship*, 2009 WL 10689669, at *4 (holding that even if "counsel raises the futility argument as counsel for the proposed parties" the nonparties "lack standing, at this time, to oppose the motion to amend"). However, Express Scripts and Accredo will be afforded the opportunity to raise such arguments once they are added to the case; the standard for futility is analogous to the standard for a failure to state a claim

17

under Federal Rule of Civil Procedure 12(b)(6). *See UBI Telecom Inc. v. KDDI Am. Inc.*, 2014 WL 6675968, at *2 (D.N.J. Nov. 25, 2014) ("In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." (citation omitted)).

The only "prejudice" flowing from a denial of the motion to intervene is that Express Scripts and Accredo lose the opportunity to make Rule 12(b)(6) arguments twice. Neither Express Scripts nor Accredo have overcome the presumption that SaveOnSP adequately represents their interests for the purpose of opposing the Motion to Amend.

### C.   Express Scripts and Accredo Should Not Be Permitted to Intervene Under Rule 24(b)(1)(B)

Express Scripts and Accredo also do not qualify for permissive intervention under Rule 24(b)(1)(B). The Court should exercise its broad discretion to deny such intervention, for the same reasons stated above: the absence of standing to oppose the Motion to Amend as pending parties to the litigation and their inexplicable delay in moving to intervene. If granted permission to intervene, JJHCS will face unwarranted delay and prejudice, as it could lead to an adjournment of the schedule set by the Court for the Motion to Amend and Motion to Unseal. JJHCS would also be required to engage in litigation with nonparties that lack standing at this stage and may have to relitigate many of the same issues in later motion practice (such as on a motion to dismiss) should the Motion to Amend be granted. The

appropriate time for Express Scripts and Accredo to be heard and raise their substantive arguments is if and when the Motion to Amend has been granted, just as the Federal Rules of Civil Procedure contemplate.

### III.   JJHCS Does Not Oppose Accredo's Motion for Leave to Intervene to File an Opposition to JJHCS's Motion to Unseal

JJHCS does not oppose, and has already consented to, Accredo's motion to intervene with respect to the Motion to Unseal.  Accredo's standing to be heard on the Motion to Unseal is limited to the portions of the Proposed Amended Complaint that reference Accredo's produced material, because Accredo can assert a claimed "clearly defined and serious injury" only with respect to its own cited materials.  *See* L. Civ. R. 5.3(c)(3) (requiring that the party moving for material to remain sealed identify a "clearly defined and serious injury"); *id.* 5.3(c)(5) (allowing intervention "pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access or to obtain public access to materials or judicial proceedings filed under seal").[6]

---

[6] JJHCS understands that Express Scripts is not seeking leave to intervene to oppose the Motion to Unseal.  *See* D.E. 224-1 at 1–2 ("Express Scripts and Accredo therefore respectfully request that this Court grant them leave to intervene for the limited purpose of opposing JJHCS's motion for leave to amend its complaint and, on Accredo's part, opposing JJHCS's motion to unseal the proposed amended complaint.").  If Express Scripts sought to intervene, such a request would be unwarranted because the Proposed Amended Complaint does not cite or refer to any of its documents produced in this matter.  *See* D.E. 220.  Nor could the Proposed Amended Complaint have done so:  Express Scripts did not make any custodial

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Express Scripts and Accredo's motion to intervene on the Motion for Leave to Amend.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:   s/ *Jeffrey J. Greenbaum*
      JEFFREY J. GREENBAUM
      KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

Dated:  April 1, 2024

---

production of documents at all until after Motion to Amend and the motion to intervene were filed.