Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
*Counsel of Record for Movants*
*Express Scripts, Inc. & Accredo Health Group, Inc.*

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | Civil No. 22-2632 (JKS) (CLW) |
| – vs – | |
| SAVE ON SP LLC, | |
| Defendant. | |

## <u>MOVANTS' REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE</u>

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................1

I.      MOVANTS DO NOT NEED STANDING TO INTERVENE ...............................1

II.     THERE ARE VALID RULE 15 ARGUMENTS ONLY MOVANTS CAN
       MAKE.............................................................................................................3

      A.      MOVANTS HAVE VALID ARGUMENTS REGARDING UNDUE DELAY, BAD FAITH,
              DILATORY TACTICS, PREJUDICE, AND JUDICIAL ECONOMY .............................3

         1.      JJHCS Acted with Undue Delay ...........................................................3

         2.      JJHCS Has Acted with Bad Faith and Dilatory Tactics .........................6

         3.      The Amendment Will Prejudice Express Scripts and Accredo ............8

         4.      The Amendment Will Harm Judicial Economy....................................10

      B.      SAVEON CANNOT ADEQUATELY RAISE THESE ARGUMENTS .....................10

III.    MOVANTS ARE ENTITLED TO ASSERT FUTILITY ................................11

IV.    THE COURT SHOULD GRANT INTERVENTION.......................................13

V.      CONCLUSION................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. Quick Chek Corp.*,
    2023 WL 3983879 (D.N.J. June 13, 2023) ............................................................... 9

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984) ....................................................................... 8, 10

*Advocat v. Nexus Industries, Inc.*,
    497 F.Supp. 328 (D. Del. 1980) ...................................................................... 12

*Arab African Int'l Bank v. Epstein*,
    10 F.3d 68 (3d Cir. 1993) ............................................................................ 18

*Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*,
    2022 WL 17327497 (S.D. Ga. Nov. 29, 2022) .................................................. 3, 21

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993) ........................................................................... 9

*Bolinger v. RMB, Inc.*,
    2023 WL 2612259 (D.N.J. Mar. 21, 2023) .......................................................... 3

*Conrad v. Lopez De Lasalle*,
    2023 WL 4534110 (D.N.J. July 12, 2023) ........................................................ 16

*Cooley v. Lisman*,
    2019 WL 11288454 (D.N.J. Feb. 28, 2019) ..................................................... 3, 22

*Coventry v. U.S. Steel Corp.*,
    856 F.2d 514 (3d Cir. 1988) ......................................................................... 13

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
    252 F.3d 267 (3d Cir. 2001) ......................................................................... 12

*Daggett v. Comm'n on Gov. Ethics & Elec. Practices*,
    172 F.3d 104 (1st Cir. 1999) ........................................................................ 19

*Dalal v. Molinelli*,
    2022 WL 16362459 (D.N.J. Oct. 28, 2022) ....................................................... 10

*Daruwala v. Merchant*,
    2015 WL 6829646 (N.J. Super. Ct. App. Div. Nov. 9, 2015) ................................. 17

*Dribeck Importers, Inc.*,
    133 F.R.D. 463 (D.N.J. 1990) ....................................................................... 17

*Foman v. Davis*,
    371 U.S. 178 (1962) ........................................................................... 4, 17, 20

*Ford Motor Co. v. Edgewood Prop. Inc.*,
    2011 WL 1321605 (D.N.J. Apr. 4, 2011) ............................................................ 5

*Garrett v. Wexford Health*,
   938 F.3d 69 (3d Cir. 2019)................................................................. 6

*Glover v. Ferrero USA, Inc.*,
   2011 WL 5007805 (D.N.J. Oct. 20, 2011)...................................... 23

*Hemy v. Perdue Farms, Inc.*,
   2011 WL 6002463 (D.N.J. Nov. 30, 2011). .................................... 23

*In re Adams Gold, Inc. Secs. Litig.*,
   381 F.3d 267 (3d Cir. 2004)............................................................. 5

*In re Lombardo*,
   755 F.3d 1 (1st Cir. 2014)................................................................. 9

*Innovative Biometric Tech., LLC v. Lenovo (United States), Inc.*,
   2010 WL 11447532 (S.D. Fla. Sept. 10, 2010) ........................ 4, 22, 24

*King v. Christie*,
   981 F.Supp.2d 296 (D.N.J. 2013) ............................................. 1, 2, 23

*Kleissler v. U.S. Forest Serv.*,
   157 F.3d 964 (3d Cir. 1998)........................................................... 23

*Laber v. Long View R.V., Inc.*,
   454 F. Supp. 3d 158 (D. Conn. 2020)............................................ 15

*Lockhart v. Dorrance Pub. Co., Inc.*,
   2023 WL 157323 (D.N.J. Jan. 11, 2023) ...................................... 18

*Lorenz v. CSX Corp.*,
   1 F.3d 1406 (3d Cir. 1993).................................................... 6, 8, 12

*McGrath v. Pediatrics*,
   2022 WL 19521726 (D.N.J. Aug. 12, 2022) ................................. 21

*Medley v. Atlantic Exposition Servs, Inc.*,
   550 F.Supp. 3d 170 (D.N.J. 2021) ................................................ 18

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995)............................................................ 20

*Mullin v. Balicki*,
   875 F.3d 140 (3d Cir. 2017).............................................. 4, 14, 15

*Phillips v. Borough of Keyport*,
   179 F.R.D. 140 (D.N.J. 1998)..................................................... 9, 13

*Red Rock Sourcing LLC v. JGX, LLC*,
   2023 WL 1468980 (S.D.N.Y. Feb. 2, 2023)................................. 23

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) ........................................................ 22

*Singh v. Twp. of Weehawken*,
   2023 WL 3119792 (D.N.J. Apr. 27, 2023) ................................... 14

iv

*Snellink v. Universal Travel Grp, Inc.*,
  2015 WL 12818829 (D.N.J. Nov. 4, 2015) ............................................................ 2

*State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Comms Int'l, Inc.*,
  387 N.J. Super. 469, 904 A.2d 775 (App. Div. 2006) ........................................ 17

*StrikeForce Techs, Inc. v. PhoneFactor, Inc.*,
  2015 WL 3793726 (D. Del. May 26, 2015) ............................................................ 8

*Texas v. U.S.*,
  805 F.3d 653 (5th Cir. 2015) .................................................................................. 19

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
  581 U.S. 433 (2017) ............................................................................................ 2, 3

*United States v. W.R. Grace & Co.-Conn.*,
  185 F.R.D. 184 (D.N.J. 1999) ................................................................................ 22

*Wallach v. Eaton Corp.*,
  837 F.3d 356 (3d Cir. 2016) .................................................................................. 23

*Wayne Land & Mineral Grp, LLC v. Delaware River Basin Comm'n*,
  959 F.3d 569 (3d Cir. 2020) ................................................................................ 2, 3

**Statutes**

N.J.S.A. 2A:14-1 ...................................................................................................... 17

**Rules**

Fed. R. Civ. P. 24(a)(2) ............................................................................................ 19

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Johnson & Johnson Health Care Systems, LLC's ("JJHCS") Opposition attempts to thwart this Court's ability to apply Rule 15's gatekeeping factors. JJHCS does so by relying on stale standing cases, contradicted by more recent Supreme Court precedent, and by mischaracterizing discovery issues that have no relevance here. Movants Express Scripts, Inc. ("Express Scripts") and Accredo Health Group, Inc. ("Accredo") have properly moved to intervene. They do not need standing to assert proper, evidence-based arguments that the Proposed Amended Complaint is improper under Rule 15. Of course, JJHCS would prefer that Movants be silenced at this stage. But the Federal Rules and caselaw implementing those rules instruct that courts must consider issues such as undue delay and futility in connection with a motion under Rule 15. And it is Movants who are uniquely able to show this Court why JJHCS's proposed amendment is the product of over six years of undue delay; how it is borne of bad faith – as demonstrated by numerous contradictory statements JJHCS has made before this and other courts – and dilatory tactics; how it will prejudice Movants; and how it will harm judicial economy.

JJHCS's Opposition points to no authority for shielding the Court from this evidence in connection with JJHCS's Rule 15 motion. The Court therefore should grant Movants' Motion.

**I.      MOVANTS DO NOT NEED STANDING TO INTERVENE**

JJHCS's lead argument is that Movants lack standing to intervene. This argument misunderstands standing as applied to intervention. "[S]o long [as] there is a case or controversy [already] before the court, it is not necessary that an intervenor have independent standing." *King v. Christie*, 981 F.Supp.2d 296, 309 (D.N.J. 2013) (Wolfson, J.). This is because "Rule 24 aims to promote the efficient and orderly use of judicial resources by allowing persons to participate in the lawsuit to protect their interests or vindicate their rights . . . Imposing standing on an intervenor would eviscerate Rule 24's practical approach." *Id.* JJHCS's argument that Movants must

independently establish standing fails to cite controlling Supreme Court precedent, *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433 (2017), which held that intervenors must only show standing in limited circumstances not applicable here.[1]

Necessarily, then, the cases on which JJHCS relies do not preclude intervention here.[2] Those cases stand only for the unremarkable proposition that proposed defendants, who were not parties and had not sought leave to intervene, could not file oppositions to a party's Rule 15 motion. *See, e.g. Bolinger v. RMB, Inc.*, 2023 WL 2612259, at *2 (D.N.J. Mar. 21, 2023). Obviously, non-parties may not make filings before courts without leave of court. That is why Movants moved to intervene. And, when proposed defendants properly move to intervene to oppose a Rule 15 motion to add them as defendants, courts routinely permit those proposed defendants to intervene without establishing standing. *See, e.g.*, *Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*, 2022 WL 17327497, at *1 (S.D. Ga. Nov. 29, 2022); *Cooley v. Lisman,* 2019 WL 11288454, at *3 (D.N.J. Feb. 28, 2019); *Innovative Biometric Tech., LLC v. Lenovo (United States), Inc.*, 2010 WL 11447532, *1 (S.D. Fla. Sept. 10, 2010).

The law is clear. When a party – like JJHCS – moves to amend its complaint to add new, proposed defendants, those proposed defendants – such as Movants – may seek to intervene to

---

[1] As the Supreme Court recently explained, intervenors only need standing if they seek to assert claims for relief "that is different from that which is sought by a party with standing." *Town of Chester*, 581 U.S. at 440; *accord Wayne Land & Mineral Grp, LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020). Because Express Scripts and Accredo do not seek any relief "different from" JJHCS or SaveOn, standing is not required for intervention.

[2] Only one case JJHCS cites supports its claim that intervenors need standing, but that case predates contradictory Supreme Court precedent. *Compare Snellink v. Universal Travel Grp, Inc*., 2015 WL 12818829, at *6 (D.N.J. Nov. 4, 2015) *with Town of Chester*, 581 U.S. at 440 *and Wayne Land & Mineral Grp, LLC*, 959 F.3d at 574.

oppose such a motion. Despite JJHCS's protest, proposed defendants that do not seek different relief from existing parties – such as Movants – need not independently establish standing.

## II.  THERE ARE VALID RULE 15 ARGUMENTS ONLY MOVANTS CAN MAKE

In JJHCS's view, no one can argue that its proposed claims against Movants are improper under Rule 15. But Rule 15 serves an important gatekeeping function: courts and litigants should not be burdened by invalid amendments, and parties should not exploit Rule 15 for tactical advantage. The Supreme Court has therefore long instructed that amendments should be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . [,] undue prejudice to the opposing party . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit considers additional equities, including judicial economy. *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017).

### A.  Movants Have Valid Arguments Regarding Undue Delay, Bad Faith, Dilatory Tactics, Prejudice, and Judicial Economy

JJHCS seeks to squash Movants' Rule 15 arguments against JJHCS's motion to amend before Movants have even made them. Importantly, undue delay and prejudice are not arguments Movants can present in a Rule 12(b)(6) motion. Movants therefore will be prejudiced if not permitted to intervene for purposes of opposing JJHCS's Rule 15 Motion. If Movants are permitted to intervene, Movants will present their full arguments and evidence to the Court in opposition to the Rule 15 motion. For now, however, Movants offer a summary of the key arguments.

#### 1.  JJHCS Acted with Undue Delay

The undue delay inquiry asks why a movant did not seek to amend sooner and consider "whether new information came to light or was available earlier." *Ford Motor Co. v. Edgewood Prop. Inc.*, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *In re Adams Gold, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)) (quotation marks omitted). This is because "[t]he function

of Rule 15(a) . . . is to enable a party to assert matters that were overlooked or were unknown at the time [of] . . . the original complaint." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quotation omitted). Thus, where "[m]ost of the facts were available to [a] plaintiff . . . before she filed her original complaint," a court is well within its discretion to deny a motion to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

JJHCS has known of Express Scripts' and Accredo's work relating to the SaveOn product since at least 2017. Indeed, the Court has already found that JJHCS has known about the SaveOn product since 2017. Op. & Order, ECF No. 192, at 14. But what Movants would present to the Court, were they permitted to intervene, is substantial documentary evidence of just how much detail JJHCS knew in 2017.

Johnson & Johnson ("J&J"), of which JJHCS is a wholly owned subsidiary,[3] is an Express Scripts client, and in 2017-2018 was exploring whether to implement SaveOn to benefit its own insurance plan (in which JJHCS members have participated). *See* Decl. of Mark Berman at Exs. A, B, & C. Throughout 2017 and into 2018, Express Scripts provided J&J with information about SaveOn, including aspects of it that the Complaint (and Proposed Amended Complaint) paint as tortious. For example, on June 15, 2017, Express Scripts provided J&J with a summary:

> "SaveonSP works directly with interested clients to . . . **maximize the use of available copay assistance funds provided by manufacturers**. Specifically, [SaveOn] utilizes plan design changes to exclude select drugs as non-essential health benefits and assistance programs to reduce overall plan and member costs."

*Id.* at Ex. A (emphasis supplied). Thus, by ***June 2017***, JJHCS knew that SaveOn worked with Express Scripts to offer the SaveOn product to clients and that the SaveOn product worked through plan design changes, designating certain drugs as non-essential health benefits.

---

[3] ECF No. 2.

4

On August 30, 2017, Express Scripts made a presentation to J&J. Berman Decl. Ex. B at 23-27. Express Scripts explained the SaveOn product, including the two elements of what is now alleged to be a tortious "scheme": (1) changing the plan design regarding Affordable Care Act benchmarks and (2) targeted outreach to patients to convince them to enroll in SaveOn. *See* ECF No. 192 at 3 (describing "elements" of alleged scheme).

The PowerPoint deck for the August 30, 2017 meeting contains 5 slides dedicated solely to SaveOn. In a summary description, the deck states, "Manufacturers [like J&J] make funds available to assist patients with their share of the cost. $0 copay for enrolled J&J members." *Id*. at 15. Another slide provides detail: "Utilizes Affordable Care Act (ACA) state benchmark to **change client plan design**." *Id*. at 24 (emphasis original). A later slide illustrates how SaveOn captures copay assistance funds to eliminate member out-of-pocket cost and ultimately lower plan costs. *Id*. at 25. The slides then explain how Express Scripts would reach out to patients, including "Claim is rejected at retail" – an aspect of the product that JJHCS now claims is deceptive. *Compare id.* at 27 *with* Compl. ¶ 13. Thereafter, J&J received "[u]pdated SaveOn program modeling" on February 6, 2018 and details about enrollment in SaveOn among Express Scripts clients. *See* Berman Decl. at Ex. C.

In short, JJHCS's delay not only encompasses the nearly two years between its Complaint and Proposed Amended Complaint – which alone could be sufficient delay in context to deny JJHCS's Motion. *See Lorenz*, 1 F.3d at 1406 (affirming denial of motion to amend where plaintiff knew "[m]ost of the facts" before filing original complaint); *see also StrikeForce Techs, Inc. v. PhoneFactor, Inc.*, 2015 WL 3793726 (D. Del. May 26, 2015) (holding delay was undue where plaintiff "waited almost twenty-two months" after learning key fact "and almost nineteen months after filing its initial complaint" to seek to amend). JJHCS's delay encompasses the ***six-plus years***

between when JJHCS learned of SaveOn operational details – and Express Scripts' and Accredo's involvement – and when JJHCS sought to sue Movants. The delay is therefore more than undue.

### 2.    JJHCS Has Acted with Bad Faith and Dilatory Tactics

"The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint . . . earlier[.]" *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *accord Abadi v. Quick Chek Corp.*, 2023 WL 3983879, at *3 (D.N.J. June 13, 2023) ("[T]he question of bad faith focuses on a party's motives for not amending its pleadings sooner."). The more time that has elapsed, the greater scrutiny a court focuses on the movant's motives. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Indeed, some courts go so far as to shift the burden, "when considerable time has elapsed," to the movant to "show[] some valid reason for his neglect and delay." *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (Souter, J.). Courts "will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design. Undue delay which is not satisfactorily explained is equivalent to bad faith." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 149 (D.N.J. 1998) (Wolfson, J.).[4]

JJHCS claims it is seeking to add Movants as defendants at this stage because it has "learned material information during discovery" that alerted it to Movants' respective "substantial" roles relating to the SaveOn product.  ECF No. 228 at 1-2.  This is impossible to square with the 2017 evidence of Express Scripts sharing information about SaveOn. *See* Berman Decl. at Exs. A & B. Nor does it comport with this Court's finding that JJHCS had knowledge in 2017. Op. & Order, ECF No. 192, at 14.

---

[4] *Accord Adams,* 739 F.2d at 868 ("[D]elay can itself be evidence of bad faith justifying denial of leave to amend."); *Dalal v. Molinelli*, 2022 WL 16362459, at *3 (D.N.J. Oct. 28, 2022) ("If the movant fails to explain the delay . . . the Court may find such delay to be tactical and thereby undue.").

More gravely, JJHCS's claim contradicts statements it has made to this Court and to courts in Missouri and Tennessee. For example, the Complaint alleges that "SaveOnSP advertises and administers its program . . . in partnership with . . . Express Scripts . . . and . . . Accredo." Compl. ¶ 28. And JJHCS repeated such claims before other courts nearly a year ago. It told a federal court in Missouri on May 22, 2023 that "[s]ince 2016, SaveOnSP has worked exclusively with ESI, and ESI actively markets SaveOnSP's services" and that "ESI played a critical role in this scheme." ECF No. 7 at 3, 2, *Johnson & Johnson Health Care Sys., Inc. v. Express Scripts, Inc.*, No. 4:23-mc-00527-SEP (E.D. Mo.). It asserted to a federal court in Tennessee on May 25, 2023 that "Accredo . . . is integral to this scheme along with . . . Express Scripts."[5]  ECF No. 25 at 2, *Johnson & Johnson Health Care Sys., Inc. v. Save On SP, LLC*, No. 2:23-mc-00019-JTF-tmp (W.D. Tenn.).

JJHCS's claim that only recent discovery opened its eyes also conflicts with a wealth of public information about SaveOn. JJHCS cites some of it in its Complaint, and there can be no doubt that reasonable diligence by JJHCS would have turned up these sources long before 2024. Indeed, JJHCS had found at least some of these sources by May 2022.  For example, the Complaint cites extensively to a "SaveOnSP IPBC Video" which details the SaveOn product, references Accredo's involvement, and states Express Scripts is "at the core of this." *See, e.g.*, Compl. ¶¶ 9, 11, 14, 19-20, 25, 53-56, 58, 60-62 (transcript attached to Berman Decl. as Ex. D).

JJHCS's claimed reason for seeking to add Movants as defendants now simply does not pass muster.  There is a more reasonable explanation for JJHCS's motion – that JJHCS was dissatisfied with Rule 45's limitation on third-party discovery from Movants. After the Tennessee court rebuffed JJHCS's overbroad requests by granting its motion to compel only in part, Accredo

---

[5] JJHCS's memorandum in support of its motion to compel before the Tennessee court remains under seal. Express Scripts and Accredo therefore cite to the court order in that action.

proceeded to make productions from an agreed-upon set of custodians. However, JJHCS was not satisfied, demanding Accredo add another custodian.  *See* Berman Decl. Ex. E. Explaining that Movants had already invested over $650,000 in responding to third-party subpoenas, Accredo sought to meet and confer regarding fee-shifting under Rule 45. *See id.* at Ex. F. Just one week later, JJHCS sought to add Movants as defendants. Given JJHCS's acknowledged, long-standing knowledge of Movants' roles relating to the SaveOn product, it appears much more likely that these recent events relating to JJHCS's third-party discovery efforts and seeking to strip Movants of the protections of Rule 45 is driving JJHCS's Motion seeking to add Movants as defendants. This much JJHCS's Opposition concedes, acknowledging that it intends to seek still further discovery from Movants if the Court permits JJHCS to add Movants as defendants.

In sum, information shared in 2017, statements JJHCS has made to three courts, and publicly available information all undercut JJHCS's claim that information learned in discovery is the basis of its attempt to add Movants as defendants. That evidence suggests, to the contrary, that JJHCS's Motion is the product of bad faith and dilatory tactics. This Court should grant Movants' Motion so that it may consider such evidence of this bad faith and dilatory tactics.

### 3.    The Amendment Will Prejudice Express Scripts and Accredo

Prejudice is the touchstone for the denial of an amendment. *Lorenz*, 1 F.3d at 1414. A finding of substantial or undue prejudice is sufficient ground for denial. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Courts therefore consider "whether allowing an amendment would result in additional discovery, cost, and preparation." *Id.* "[T]he longer the period of unexplained delay the less will be required . . . to show prejudice." *Advocat v. Nexus Industries, Inc.*, 497 F.Supp. 328, 331 (D. Del. 1980). Trial courts therefore "articulate the imposition or prejudice caused by the delay, and to balance those concerns against the movant's reason for delay." *Coventry v. U.S. Steel Corp.,* 856 F.2d 514, 520 (3d Cir. 1988).

Given the more than six-year delay, very little is required to establish prejudice. Nevertheless, the amendment would significantly prejudice Movants. Although Movants have already spent significant time and money responding to JJHCS's third-party subpoenas, that investment pales in comparison to what would be required of them were they to become defendants. JJHCS has made it clear: discovery would largely start again. *See* Opp. at 9 n. 3 ("JJHCS intends to take further discovery from Express Scripts and Accredo"). Moreover, motion practice would also begin again. Movants would be required to address the various legal flaws in JJHCS's complaint – including that its claims are time-barred.

An amendment that requires the reopening of discovery will be considered more prejudicial than one that presents only a new issue of law. *Phillips*, 179 F.R.D. at 144. The deadlines for interrogatories and document requests have already passed, and the deadline for fact discovery has been extended several times and is currently set for April 25, 2024. ECF No. 177. While neither a dispositive motion deadline nor a trial date have been set in this matter, amendment would likely result in additional contentious discovery issues. *See Smart Pharmacy, Inc. v. Medco Health Sols., Inc.*, 2014 3735344, at *4 (D.N.J. July 29, 2014) (denying leave to amend the complaint two years after a prior amendment because "countless discovery issues would result by virtue of the amendment"). Thus, any amendment will prohibit a timely resolution of this action. *Singh v. Twp. of Weehawken*, 2023 WL 3119792, at *3 (D.N.J. Apr. 27, 2023) (finding a delay of two and a half years would prejudice defendant by requiring additional discovery, costing significant time and money, and "would upend their expectations in a reasonably timely resolution").

This additional burden of discovery and motion practice is more than sufficient prejudice to torpedo the motion to amend, especially in light of JJHCS's six-year delay.

### 4.      The Amendment Will Harm Judicial Economy

Courts in the Third Circuit also consider judicial economy as an independent factor under Rule 15: "judicial efficiency and effective case management." *Mullin*, 875 F.3d at 149. It is not sufficient to tally the work the court has already conducted, although "certainly salient"; the key is "whether future management of the case would encounter similar difficulties." *Id.* at 158. *See also Laber v. Long View R.V., Inc.*, 454 F. Supp. 3d 158, 172 (D. Conn. 2020) (denying amendment in part where "the parties have engaged in extensive motion practice and . . . multiple discovery disputes" and the amendment would "essentially re-start the pleading process").

The twenty-two months since this litigation's inception have been contentious – so much so as to necessitate the appointment of a Special Master. *See* ECF No. 184 at 2 ("it suffices to say that the parties' disputes have been frequent and complex . . . [T]he disputes show no sign of slowing, and the Court foresees that this case will continue to demand a level of intensive, individualized case management that is simply not sustainable.").

As set forth *supra*, JJHCS's amendment would start a new round of discovery, related motion practice, and dispositive motions. For example, Movants intend to move to dismiss on several issues including statute of limitations grounds. Should that motion be unsuccessful, and as JJHCS acknowledges, the parties would certainly conduct discovery. The proposed amendment would thus substantially burden the Court and should be denied.

### B.      SaveOn Cannot Adequately Raise These Arguments

SaveOn cannot adequately raise all of the Rule 15 arguments set forth above. Most of these arguments have their basis in communications in which SaveOn did not participate. Moreover, it is unclear that SaveOn may assert arguments on Express Scripts' and Accredo's behalf in the first place. *Cf. Conrad v. Lopez De Lasalle*, 2023 WL 4534110, at *4 (D.N.J. July 12, 2023) (existing parties lack standing to assert futility argument for proposed new defendants).

10

SaveOn has full access to the filings here, to some of the JJHCS's filings before the subpoena courts, and to the publicly available materials cited *supra*. From there, however, SaveOn is hampered by information asymmetry. It was Express Scripts, not SaveOn, that was party to the various emails and presentations detailing the SaveOn product to J&J in 2017 and 2018. And it is Express Scripts and Accredo that were parties to third-party discovery meet-and-confers with JJHCS. Movants are thus far better positioned to proffer and explain this critical evidence, and SaveOn cannot adequately make Express Scripts' and Accredo's arguments on these points.

JJHCS insists that "[t]he only 'prejudice' flowing from a denial of the motion to intervene is that Express Scripts and Accredo lose the opportunity to make Rule 12(b)(6) arguments twice." Opp. at 18. This is plainly not so. Movants would lose the opportunity to make the majority of Rule 15 arguments and the Court would lose the opportunity to evaluate them.

## III.   MOVANTS ARE ENTITLED TO ASSERT FUTILITY

JJHCS's logic would also prevent the Court from hearing any futility arguments about the claims JJHCS seeks to level against Movants. *See* Opp. at 4, 17. However, the law is clear that courts weighing whether to permit amendments under Rule 15 should consider whether proposed claims are futile. *See, e.g.*, *Foman*, 371 U.S. at 182. JJHCS improperly equates futility and 12(b)(6). Although the futility analysis is very similar to a 12(b)(6) analysis, it sets a higher bar for opposing an amendment: "the newly asserted defense [must] appear to be sufficiently well-grounded in fact or law *that it is not a frivolous pursuit*." *Harrison Bev. Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (emphasis added). Because the standards are not identical, Movants intend to raise only one futility argument that JJHCS's claims against Movants are time-barred, reserving other arguments for a potential 12(b)(6) motion.

JJHCS asserts three claims against Movants, all of which have a limitations period of, at most, six years. *See* N.J.S.A. 2A:14-1.[6] Thus, if JJHCS's claims accrued before March 14, 2018, their claims against Movants in JJHCS's Proposed Amended Complaint are time-barred.

The Court would not need to resort to the substantial evidence of knowledge in 2017 to decide as much. The Proposed Amended Complaint asserts that the SaveOn "scheme" began in 2016. Compl. ¶ 2. It is thus futile as untimely on its face. *See Arab African Int'l Bank v. Epstein*, 10 F.3d 68, 175 (3d Cir. 1993) (affirming denial of motion to amend because untimeliness made it futile). JJHCS cannot save its claims with the discovery rule or related tolling doctrines, because it has failed to plead any such doctrines. *Lockhart v. Dorrance Pub. Co., Inc.*, 2023 WL 157323, at *5 (D.N.J. Jan. 11, 2023) (Wolfson, J.) (dismissing claim for failure to plead "'sufficient factual matter' . . . to infer that discovery may . . . keep alive [its] otherwise untimely claims.") (quotation omitted). JJHCS also told the Missouri federal court that "[s]ince 2016, SaveOnSP has worked exclusively with ESI." Mem. in Supp. of Mtn. to Compel, ECF No. 7, at 3; *Medley v. Atlantic Exposition Servs, Inc.*, 550 F.Supp. 3d 170, 184 (D.N.J. 2021) (taking judicial notice of filing in another forum and dismissing claim as time-barred). Finally, this Court previously found that "Plaintiff . . . knew of the SaveOnSp Program since 2017." Op. and Order, ECF No. 192 at 14.

As JJHCS admits, SaveOn lacks standing to make this important argument. Opp. at 15. As a matter of law, SaveOn thus cannot adequately represent Movants' interest in opposing JJHCS's Rule 15 Motion. *See* Fed. R. Civ. P. 24(a)(2). This is sufficient to meet Rule 24's requirements. Movants need not show "adversity of interest, collusion, or nonfeasance," as JJHCS incorrectly

---

[6] Claims of conspiracy and aiding and abetting have the same limitations period as the underlying torts. *See Daruwala v. Merchant*, 2015 WL 6829646, at *12 (N.J. Super. Ct. App. Div. Nov. 9, 2015); *State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Comms Int'l, Inc.*, 387 N.J. Super. 469, 904 A.2d 775, 784 (App. Div. 2006).

argues. Opp. at 16 (quotation omitted). Multiple federal Courts of Appeal have explained, that list is not exclusive. *See Texas v. U.S.*, 805 F.3d 653, 661 n.5 (5th Cir. 2015); *Daggett v. Comm'n on Gov. Ethics & Elec. Practices*, 172 F.3d 104, 111 (1st Cir. 1999); *accord* 7 C. Wright & Miller, Federal Practice & Procedure § 1909 (3d ed. 2019) ("The wide variety of cases that come to the courts make it unlikely that there are . . . only three circumstances that would make representation inadequate and suggest that adequacy of representation is a very complex variable.").

JJHCS's interpretation that any new defendant a party seeks to add by way of amended complaint cannot argue against such amendment would read futility out of the jurisprudence whenever an amended complaint seeks to add new defendants, contravening decades of case law. *See, e.g.*, *Foman*, 371 U.S. at 182 (interpreting Rule 15 to require a futility analysis). In addition, JJHCS's view would create inefficiency: other Rule 15 arguments are before the Court now, and there is no reason why the Court should have to ignore futility as to Movants, only to face substantially the same argument in a dispositive motion. It is far more efficient for the Court to hear all arguments against the amendment now, as decades of jurisprudence clearly intend.

## IV.     THE COURT SHOULD GRANT INTERVENTION

Movants have a right to intervene: They have significant interests in the litigation that they alone can protect. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-366 (3d Cir. 1995). First, Movants have an interest in the prospect of being added to this litigation. JJHCS relies on *McGrath v. Pediatrics*, 2022 WL 19521726 (D.N.J. Aug. 12, 2022) for the contrary position. Opp. at 7. *McGrath*, however, is not inconsistent with intervention here — Movants do not seek to intervene to raise defenses that could more appropriately be addressed at the motion to dismiss stage. *See id.* at *3. Rather, they seek to raise arguments that can only be raised in opposition to a Rule 15 motion. Further, *McGrath* appears to be an outlier:

> Courts have held … that the prospect of being added to a lawsuit in an amended complaint is a sufficient 'interest' … and that disposing of a motion for leave to file an amended complaint without allowing prospective defendants to respond would 'impair or impede' their ability to protect that interest.

*Auto-Owners Ins. Co.*, 2022 WL 17327497, at *1 (granting proposed defendants' motion to intervene and collecting cases).[7]

Second, Movants have a cognizable economic interest in the SaveOn product and the outcome of this litigation. As JJHCS alleges, the SaveOn product is an exclusive Express Scripts product and "most patients" utilizing the SaveOn product fill prescriptions through Accredo.  *See* ECF No. 220-1. Several potential rulings in this matter could impact the SaveOn product and Movants' clients' ability to continue utilizing the product, if decided adversely to the product. *United States v. W.R. Grace & Co.-Conn.*, 185 F.R.D. 184, 189 (D.N.J. 1999) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)) (finding potential intervenors demonstrate a sufficient interest to justify intervention as of right where an intervenor's contractual rights will be adversely affected). Ultimately, JJHCS cannot dismiss Movant's interest in the SaveOn product as a "mere economic interest" considering their relationship with SaveOn, their clients' utilization of the product, and the potential impact of substantive rulings on both Movants' relationship with SaveOn and their clients that utilize the product. *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3d Cir. 1998).

Even if the Court were to find those interests insufficient for a right to intervene, Movants have a "claim or defense" that has "a question of law or fact in common" with the action, qualifying for permissive intervention. *See King*, 981 F.Supp. 2d at 309. The Proposed Amended Complaint

---

[7] *See also Cooley,* 2019 WL 11288454, at *3 (granting intervention of right where intervenor "demonstrated an interest in this matter stemming from Plaintiff's attempt to join him as a defendant"); *Innovative Biometric Tech., LLC*, 2010 WL 11447532, *1 (permitting proposed defendant's intervention to respond to the motion to amend).

and original Complaint share three identical claims and numerous overlapping allegations. *See* ECF No. 220-1. Indeed, JJHCS appears not to dispute this. *See* ECF No. 236 at 18-19.

In either scenario, the motion to intervene is timely. Delay is measured not from the start of the case, but rather "from the point at which the applicant knew. . . of the risk to his or her rights or the purported representative's shortcomings." *Wallach v. Eaton Corp.,* 837 F.3d 356, 375 (3d Cir. 2016).[8] Here, Movants "had no reason to intervene" until the Proposed Amended Complaint. Further, Movants moved promptly: just one week after JJHCS moved to amend. Courts have found no delay up to two months after the triggering event. *Hemy v. Perdue Farms, Inc.,* 2011 WL 6002463, at *7 (D.N.J. Nov. 30, 2011) (Wolfson, J.) (citing *Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, at *3 (D.N.J. Oct. 20, 2011) (Wolfson, J.)).[9]

The Court should find Movants can intervene either by right or permissively. Ultimately, Movants alone have several arguments they can only raise on a motion to amend. Allowing them to intervene will promote judicial efficiency and avoid significant prejudice.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant their motion to intervene.

---

[8] *Accord Hemy,* 2011 WL 6002463, at *7 n.1 (focusing on the date of the administrative closure, as opposed to the filing of the original complaint, because proposed intervenor "had no reason to intervene" until then).

[9] *See also Red Rock Sourcing LLC v. JGX, LLC*, 2023 WL 1468980 (S.D.N.Y. Feb. 2, 2023) (finding 21 days to seek leave to intervene on plaintiffs' motion to amend not untimely because "[u]ntil Plaintiffs obtained leave to move to add the Retail Defendants, [non-party] Rigz had no need to intervene"); *Innovative Biometric Tech., LLC*, 2010 WL 11447532, at *1 (finding motion to intervene timely when it was filed prior to a ruling on the motion to amend).

/s/ Mark A. Berman
Mark A. Berman
HARTMANN DOHERTY ROSA
BERMAN & BULBULIA LLP
433 Hackensack Ave. Suite 1002
Hackensack, NJ 07601
(201) 441-9056
Mberman@hdrbb.com

*Counsel of Record for Movants Accredo Health
Group, Inc. and Express Scripts, Inc.*

Jeremy M. Sternberg*
Emily A. Robey-Phillips*
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
(617) 523-6850
Jeremy.sternberg@hklaw.com
Emily.robey-phillips@hklaw.com


*Counsel for Accredo Health Group, Inc.*

Sarah C. Hellmann*
Christopher A. Smith*
Kate Ledden*
Husch Blackwell LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
(314) 480-1500
Fax: (314) 480-1505
sarah.hellmann@huschblackwell.com
chris.smith@huschblackwell.com
kate.ledden@huschblackwell.com


*Counsel for Express Scripts, Inc.*

*\*pro hac vice*

Dated: April 8, 2024

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2024, the foregoing was filed and served via ECF upon all counsel of record.

*/s/ Mark A. Berman*
Mark A. Berman
