# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

April 11, 2024

**VIA ECF and Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

      Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we hereby (i) move to strike the Reply Brief in Support of Motion to Intervene ("Reply Brief") filed by Express Scripts, Inc. ("Express Scripts") and Accredo Health Group, Inc. ("Accredo") (together, "Movants"), and, in the alternative, (ii) seek leave to file a sur-reply limited to responding to and correcting new factual allegations and legal arguments raised in the Reply Brief.

### *The Reply Brief Should Be Stricken*

Movants' Reply Brief should be stricken from the record for two reasons. First, the Reply Brief devotes considerable effort to presenting new factual allegations that Movants did not raise or rely on in their opening brief. Much of this discussion

Sills Cummis & Gross
A Professional Corporation

Honorable Freda L. Wolfson, U.S.D.J.
April 11, 2024
Page 2

concerns the assertion that JJHCS knew of Express Script and Accredo's "work relating to the SaveOn product since at least 2017." D.E. 244 at 4. This was improper, as "[a] moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *Ballas v. Tedesco*, 41 F.Supp.2d 531, 533 n.2 (D.N.J. 1999); *see Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir.1998) ("A party cannot raise issues for the first time in a reply brief."); *Rich v. New Jersey*, 2015 WL 2226029, at *14 (D.N.J. May 12, 2015) ("Consideration of this argument by the Court would clearly prejudice Plaintiffs, who have not been given an opportunity to respond . . . ."); *Merling v. Horizon Blue Cross Blue Shield of N.J.*, 2009 WL 2382319, at *10, n. 5 (D.N.J. July 31, 2009) (declining to address issue raised for first time in reply brief).

The factual allegations about JJHCS's alleged consideration of the SaveOnSP Program are ones known to Movants for many years and should have been presented in their opening brief if the Movants believed those facts to be relevant. The Movants did not present these arguments therein, apparently in order to surprise and sandbag JJHCS with new allegations to which JJHCS could not reply. This is improper under

Sills Cummis & Gross
A Professional Corporation

Honorable Freda L. Wolfson, U.S.D.J.
April 11, 2024
Page 3

governing Third Circuit and District of New Jersey law, and the Court should strike the Reply Brief submitted by Accredo and Express Scripts.

In addition, the Reply Brief should be stricken because it does not comply with Local Civil Rule 7.2(d), which provides as follows:

> Each page of a brief shall contain double-spaced text and/or single-spaced footnotes or inserts. Typeface shall be in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14). If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent (e.g., the 40 page limit becomes 30 pages in this font and the 15 page limit becomes 11.25 pages). Footnotes shall be printed in the same size of type utilized in the text.

The Reply Brief is 15 pages long and is printed in a 12-point proportional font, Times New Roman. This is impermissible. A brief printed in Times New Roman must be printed in a 14-point font, or else the brief is subject to a shorter page limit. Here, the Reply Brief is 15 pages long when the page limit mandated by the Local Civil Rules for a reply brief in a 12-point proportional font is 11.25 pages. Both experienced local counsel and *pro hac vice* counsel (who all stated in their recent sworn *pro hac vice* applications that they reviewed the Local Rules only a few days ago) should have known this rule and followed it. They did not, and as a result the Court should strike the Reply Brief for its plain violation of the Local Civil Rules.

Sills Cummis & Gross
A Professional Corporation

Honorable Freda L. Wolfson, U.S.D.J.
April 11, 2024
Page 4

### The Movants' New Arguments Are Meritless[1]

Apart from having submitted an improper Reply Brief in violation of controlling decisional law and the Local Civil Rules, Movants also failed to include an accurate rendition of the relevance of their new allegations. Movants contend that their Motion to Intervene should be granted because JJHCS knew of and was considering whether to implement the SaveOnSP Program for its own health plan. This issue was already presented to Judge Cathy Waldor in early 2023, and Judge Waldor found it to be completely irrelevant.

Judge Waldor's ruling arose out of a discovery request made by SaveOnSP in November 2022. In particular, SaveOnSP issued RFP No. 34 to JJHCS, seeking documents and communications regarding JJHCS's or Janssen's negotiations to potentially hire SaveOnSP to provide services for J&J's own employee health plans. *See* Defendant's November 11, 2022 First Request for Production of Documents to Plaintiff at 18; D.E. 89-1 at 48:20–49:22. After JJHCS argued the request was

---

[1] Should the Court decide not to strike the Reply Brief, we respectfully ask the Court to consider the following pages as a sur-reply to the new arguments presented by the Movants.

Sills Cummis & Gross
A Professional Corporation

Honorable Freda L. Wolfson, U.S.D.J.
April 11, 2024
Page 5

irrelevant, SaveOnSP moved to compel JJHCS to produce these documents and communications in February of 2023.  See D.E. 79 at 24–25.

Judge Waldor heard argument on this issue at the March 17, 2023 conference, see D.E. 89-1 at 48:20–52:3, and swiftly denied SaveOnSP's request, id. at 51:20–52:3.  She described the discovery request as "a little far afield for me."  Id. at 51:24–25.  Judge Waldor explained that she understood that J&J's health plan administrators "rejected" SaveOnSP, and then added "[s]o who cares why?"  Id. at 51:25–52:1.  Far from being the show-stopper that Accredo and Express Scripts think it is, Judge Waldor stated that she "wholly doubt[s] from an evidentiary standpoint that [evidence about this issue] would ever get in" at trial.  Id. at 52:1–2.  In other words, the "substantial documentary evidence" that the Movants wish to present has already been deemed irrelevant by Judge Waldor and certainly provides no basis for granting the Motion to Intervene.  See D.E. 244 at 4.  Making matters worse, Movants also omitted in the Reply Brief any discussion of Judge Waldor's ruling, even though her ruling is in a publicly available transcript and was issued at a discovery conference ***attended by counsel for Express Scripts and Accredo***.

Sills Cummis & Gross
A Professional Corporation

Honorable Freda L. Wolfson, U.S.D.J.
April 11, 2024
Page 6

Movants also suggest that they intend to "move to dismiss on . . . statute of limitations grounds." *Id.* at 10. This provides no basis to grant the Motion to Intervene. A statute of limitations defense can be presented after the Movants are added as defendants. It is also premature for a court to address this fact-specific argument at this stage, on a motion to amend, or even on a motion to dismiss. *See Goodman v. Intervet, Inc.*, 2023 WL 2368123, at *3 (D.N.J. Mar. 6, 2023) (denying the defendants' motion to dismiss on statute of limitations grounds because "it is inappropriate to decide this fact-intensive issue before discovery"); *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 528 (D.N.J. 2017) ("[T]he statute of limitations is not an element of a claim, but rather an affirmative defense that the defendant must plead and prove. In a very clear case, it may provide the basis for a Rule 12(b)(6) dismissal. But the wisdom of the usual approach—decision of statute of limitations issues on a motion for summary judgment—is apparent here.").

Even if the Court were to consider the merits of the statute of limitations issue, they favor JJHCS. The Proposed Amended Complaint charges the Movants with conspiracy to commit tortious interference with contract. "[U]nder New Jersey law," a cause of action for civil conspiracy does not accrue "until the date of the last overt

Sills Cummis & Gross
A Professional Corporation

Honorable Freda L. Wolfson, U.S.D.J.
April 11, 2024
Page 7

act causing damages." *Republic of Philippines v. Westinghouse Elec. Corp.*, 774 F. Supp. 1438, 1450 (D.N.J. 1991). Here, the commission of overt acts continues to this very day, and so the statute of limitations has not run. In addition, the Proposed Amended Complaint contains allegations of continuing and ongoing tortious behavior, which also means that the statute of limitations has not even started to run. *See Wilson v. Wal-Mart Stores*, 158 N.J. 263, 272 (1999) ("When an individual is subject to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases."). In short, there is no basis to grant the motion to intervene or to seek dismissal of the Proposed Amended Complaint on the basis of a statute of limitations defense.

      We appreciate Your Honor's attention to this matter.

      Respectfully submitted,

       */s/ Jeffrey J. Greenbaum*
      JEFFREY J. GREENBAUM

cc: All counsel of record