

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

April 15, 2024

**VIA ECF & EMAIL**

Hon. Freda L. Wolfson (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re: *Johnson & Johnson Health Care Services, Inc. v. Save On SP, LLC*
Civil No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of Express Scripts, Inc. and Accredo Health Group, Inc. ("Movants"), I write in response to JJHCS's April 11, 2024 letter motion to strike Movants' Reply Brief in Support of Motion to Intervene or, in the alternative, for leave to file a sur-reply. JJHCS's motion to strike is yet another attempt to prevent this Court from learning the facts of JJHCS's undue delay and dilatory tactics in bringing its motion to amend the complaint.

"Motions to strike are highly disfavored. Striking a pleading is a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009) (*quoting Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)). Further, such motions only apply to pleadings, not "motions and related documents" such as a reply brief. See Potter v. Newkirk, 2020 WL 6144756, at *5 (D.N.J., 2020). A party seeking to strike must show that the material it seeks to strike is "redundant, immaterial, impertinent, or scandalous . . . [and] the presence of the surplusage will prejudice" the movant. See McLaren v. UPS Store, Inc., 2023 WL 3182842, at *3 (D.N.H. Apr. 29, 2023) (quoting Fed. R. Civ. P. 12(f) and F.T.C. Hope Now Modifications, LLC, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011)). JJHCS's motion fails to make any such showing and therefore should be denied.

JJHCS's Motion argues principally that Movants' Reply should be stricken because it was improper for the Reply to refer to and attach documents regarding the 2017 disclosures by Express

Scripts about the SaveOn product. JJHCS does not explain how that material is "redundant, immaterial, impertinent, or scandalous," much less how the material is unfairly prejudicial. See McLaren, 2023 WL 3182842, at *2 (quotations omitted). For that reason alone, the Court should deny JJHCS's motion. But JJHCS also is wrong to argue it was improper for Movants to reference that material in their Reply. JJHCS opened the door to this information by arguing in its Opposition brief that Movants did not have any substantial arguments on the merits, asserting that it was "irrelevant" that "Express Scripts and Accredo wish to oppose the Motion to Amend on grounds of undue delay and prejudice and to raise vague and unnamed 'substantive, evidence-based arguments'. . ." ECF No. 236 at 15.

As the Reply makes clear, the arguments are not "vague or unnamed," but rather specific and supported by clear evidence. Movants are "entitled to respond in their reply brief to [JJHCS's] more complete argument" raised in its opposition brief. See Portillo v. Nat'l Freight, Inc., 2020 WL 3542335, at *8 (D.N.J. June 30, 2020) (denying motion to strike because non-movants had opened the door to the issue in opposition).

To the extent the Court is inclined to consider pages four through seven of JJHCS's Motion as a sur-reply, JJHCS's reliance on Judge Waldor's comments is misplaced. Judge Waldor's analysis of JJHCS's consideration of the SaveOn product for its own health plan focused on a discovery dispute between SaveOn and JJHCS, and in particular whether JJHCS's interest in using the SaveOn product for its own plan could be relevant to public harm and JJHCS's credibility. See. ECF 89 at 49:7-12, 51:7-18, 51:24-52:3 Judge Waldor, however, did not rule that JJHCS's consideration of the SaveOn product for its own plan was "completely irrelevant" for all purposes in this litigation. In the present dispute, which centers on what JJHCS knew when, 2017 communications between Express Scripts and JJHCS are not only relevant, but critically so.

Hon. Freda L. Wolfson
April 15, 2024
Page 3

Movants would like the Court to have access to all relevant facts and arguments. Movants believe that the "factual allegations" in their Reply that JJHCS seeks to shield from the Court's consideration are directly relevant to both JJHCS's motion to amend its complaint and Movants' motion to intervene for the purpose of opposing that motion. As such, to the extent the Court is inclined to consider JJHCS's Motion to Strike as a sur-reply, Movants do not object. Lastly, Movants will be happy to re-file their Reply in 14-point type if the Court wishes.

Respectfully yours,

Mark A. Berman, Esq.

cc: All Counsel of Record (via ECF)