# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No.: 22-2632(JKS)(CLW) <br><br> **AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court, and the parties having conferred regarding amendment of the Pretrial Scheduling Order, ECF No. 177, and having reviewed the Court's Civil Case Management Order as well as the Local Civil Rules; and the parties having further agreed that an extension of four months of all dates, including the close of discovery deadline, is appropriate; accordingly, for good cause shown,

**IT IS** on this <u>18th</u> day of April, 2024,

**ORDERED** that this matter will proceed as follows:

1. **Fact Discovery Deadline.** Fact discovery is to remain open through **August 26, 2024**. All fact witness depositions must be completed by the close of fact discovery. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. **Interrogatories.** The parties may serve interrogatories limited to 25 single questions including subparts, on or before **July 19, 2024,** which shall be responded to within the time set forth in Fed. R. Civ. P. 33(b)(2).

3. **Document Requests.** The parties may serve requests for production of documents on or before **July 19, 2024**. The parties shall produce documents on a rolling basis.

4. **Depositions.** At present, the parties do not seek to deviate from a limit of ten fact-witness depositions for each side. However, the parties will reassess their needs as discovery progresses, and do not waive their rights to make an application before the Court for additional fact-witness depositions.

5. **Electronic Discovery.** The parties are directed to Rule 26(f), as amended, which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to Local Civil Rule 26.1(d) which describes the obligations of counsel with regard to their clients' information management systems.

6. **Discovery Disputes.** Please refer to the Court's Civil Case Management Order.

7. **Motion Practice.** Please refer to the Court's Civil Case Management Order.

8. **Expert Reports.** All initial expert reports for issues on which the party bears the burden of proof shall be delivered by **September 26, 2024**. All responsive expert reports shall be delivered by **October 31, 2024**. All reply expert reports shall be delivered by **December 12, 2024**. Depositions of all experts shall be completed by **January 23, 2025**.

9. **Form and Content of Expert Reports.** All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

10. **Dispositive Motions.** To be determined.

11. **Extensions and Adjournments.** Please refer to the Court's Civil Case Management Order.

12. **Protective Orders.** Any proposed confidentiality order agreed to by the parties must strictly comply with Rule 26(c), Local Civil Rule 5.3, and applicable case law. Please also refer to the Court's Civil Case Management Order.

13. **Local Rules.** The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

14. This Order is without prejudice to either party requesting a further extension of any deadline herein.

                                                    *s/ Freda L. Wolfson*
                                                   Hon. Freda L. Wolfson (ret.)
                                                   Special Master