UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | : | Hon. Jamel K. Semper, U.S.D.J. |
| | | Hon. Cathy L. Waldor, U.S.M.J. |
| | : | Hon. Freda L. Wolfson, Special Master |
| v. | : | |
| | : | Motion Returnable: May 6, 2024 |
| SAVE ON SP, LLC, | : | |
| | | Oral Argument Requested |
| Defendant. | : | |
| | | (Electronically Filed Document) |
| | : | |

**PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

PATTERSON BELKNAP WEBB
  & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
aamangi@pbwt.com
hsandick@pbwt.com
globiondo@pbwt.com

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
jgreenbaum@sillscummis.com
klieb@sillscummis.com

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ..........................................................................1

ARGUMENT .......................................................................................................1

I.    SaveOnSP Has Not Shown Prejudice............................................................2

    A.    SaveOnSP has not shown that the proposed amendment would result in a significant expansion of discovery. ......................................3

    B.    An amendment before the close of discovery is not prejudicial, even when it results in a significant expansion of discovery................4

II.   SaveOnSP Has Not Shown Undue Delay Or Bad Faith ...............................6

    A.    JJHCS did not unduly delay seeking to amend. ...................................6

    B.    JJHCS does not offer the proposed amendment in bad faith. .............10

III.  SaveOnSP Has Not Shown That Amendment Would Be Futile...................12

    A.    Special damages are not an element of civil conspiracy....................12

    B.    JJHCS has adequately alleged special damages. ...............................14

CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albino v. Home Depot*,
    2021 WL 1239858 (D.N.J. Apr. 2, 2021)............................................................8

*Am. Specialty Health Grp., Inc. v. Ass'n of N.J. Chiropractors, Inc.*,
    2020 WL 7130735 (D.N.J. Apr. 14, 2020)........................................................6

*Banco Popular N. Am. v. Gandi*,
    876 A.2d 253 (N.J. 2005) ...............................................................12, 13, 14

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) ..............................................................................2

*In re Caterpillar Inc.*,
    67 F.Supp.3d 663 (D.N.J. 2014).....................................................................3, 6

*Centennial Plaza Prop, LLC v. Trane U.S. Inc.*,
    2023 WL 7403640 (D.N.J. Nov. 9, 2023) ......................................................2, 5

*Cobra Enterprises, LLC v. All Phase Servs., Inc.*,
    2022 WL 214542 (D.N.J. Jan. 24, 2022)..........................................................10

*Conrad v. Lopez de LaSalle*,
    2023 WL 4534110 (D.N.J. July 12, 2023) ......................................................1, 5

*Coulson v. Town of Kearny*,
    2010 WL 331347 (D.N.J. Jan. 19, 2010)...........................................................7

*Curry v. Bram Auto Grp., LLC*,
    2021 WL 912898 (D.N.J. Mar. 10, 2021) ..........................................................2

*Delaware Display Grp. LLC v. Lenovo Grp. Ltd., Lenovo Holding Co.*,
    2016 WL 720977 (D. Del. Feb. 23, 2016)..........................................................9

*Donovan v. W.R. Berkley Corp.*,
    566 F. Supp. 3d 224 (D.N.J. 2021)....................................................................1

*Eisai Co. v. Teva Pharm. USA, Inc.*,
   247 F.R.D. 445 (D.N.J. 2007).................................................................................7, 8

*Fabricatore v. ADT LLC*,
   2018 WL 3696581 (D.N.J. Aug. 3, 2018) ..................................................................9

*Galicki v. N.J.*,
   2016 WL 4950995 (D.N.J. Sept. 15, 2016) .............................................................14

*High 5 Games, LLC v. Marks*,
   2017 WL 349375 (D.N.J. Jan. 24, 2017)...........................................................3, 4, 5

*Iron Bar, LLC v. Dougherty*,
   2021 WL 363706 (D.N.J. Feb. 3, 2021) ...................................................................14

*John Wiley & Sons, Inc. v. Rivadeneyra*,
   179 F. Supp. 3d 407 (D.N.J. 2016)..........................................................................14

*K.J. v. J.P.D.*,
   659 F. Supp. 3d 471 (D.N.J. 2023)..........................................................................14

*Laquidara v. Westwood Reg'l Sch. Dist.*,
   2023 WL 6930033 (N.J. App. Div. Oct. 19, 2023) .................................................12

*Little Pueblo Inn, LLC v. Willard Alonzo Stanback, P.C.*,
   2024 WL 623872 (D.N.J. Feb. 14, 2024)...................................................................9

*Main St. at Woolwich, LLC v. Ammons Supermarket, Inc.*,
   165 A.3d 821 (N.J. App. Div. 2017) ........................................................................13

*Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*,
   331 F.3d 406 (3d Cir. 2003) ....................................................................................13

*Mu Sigma, Inc. v. Affine, Inc.*,
   2014 WL 1217961 (D.N.J. Mar. 24, 2014) .............................................................14

*Munenzon v. Peters Advisors, LLC*,
   553 F. Supp. 3d 187 (D.N.J. 2021)............................................................................1

*Nanoteko Pty Ltd. v. Nanotech Indus. Sols, Inc.*,
   2020 WL 13886407 (D.N.J. June 8, 2020)........................................................3, 7, 8

*Naporano Iron & Metal Co. v. Am. Crane Corp.*,
   79 F. Supp. 2d 494 (D.N.J. 1999)...........................................................................13

*Nasa Machine Tools Inc. v. FAMA Tech. Inc.*,
   2019 WL 7207503 (D.N.J. Dec. 27, 2019).............................................................11

*Naylor v. Harkins*,
   99 A.2d 849 (N.J. Super. Ct. Ch. Div. 1953) .......................................................13

*Raab Family P'ship v. Borough of Magnolia*,
   2009 WL 10689669 (D.N.J. Oct. 30, 2009) ............................................................7

*United States ex rel. Sirls v. Kindred Healthcare, Inc.*,
   536 F. Supp. 3d 1 (E.D. Pa. 2021).........................................................................2

*Svigals v. Lourdes Imaging Assocs., P.A.*,
   2018 WL 6178863 (D.N.J. Nov. 27, 2018) ...........................................................14

*Terranova v. Cushman & Wakefield of N.J., LLC*,
   2023 WL 7131808 (D.N.J. Oct. 30, 2023) ..............................................................8

*Vanderhoof-Forschner v. Vanderhoof*,
   2012 WL 2839337 (D.N.J. July 9, 2012) ..............................................................11

*Watson v. Sunrise Sr. Living Servs., Inc.*,
   2013 WL 103966 (D.N.J. Jan. 8, 2013)...................................................................1

*Zelma v. Choice Energy, LLC*,
   2020 WL 5201341 (D.N.J. Sept. 1, 2020)..............................................................12

## Other Authorities

Fed. R. Civ. P. 15(a)(2)...............................................................................................1

## PRELIMINARY STATEMENT

The law is clear: "there is a presumption in [favor of] allowing the moving party to amend its pleadings." *Donovan v. W.R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) (Wolfson, C.J.). SaveOnSP points to neither facts nor law that overcomes this presumption in favor of amendment, and instead weaves a convoluted conspiracy theory of retaliatory motives, imagined burdens, and nonexistent prejudice, all of which emanate from SaveOnSP's frustration with the outcome of long-resolved discovery disputes. None of this is sufficient to overcome the presumption that leave to amend should be "freely give[n]." *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). The Court should grant JJHCS's motion to amend its complaint.

## ARGUMENT

Because JJHCS timely filed its motion for leave to amend in accordance with the Court's scheduling order, it is analyzed under Rule 15 of the Federal Rules of Civil Procedure. *Watson v. Sunrise Senior Living Servs., Inc.*, 2013 WL 103966, at *10 (D.N.J. Jan. 8, 2013). Rule 15 sets forth a "strong[ly] liberal[]" standard for amendment of pleadings. *E.g.*, *Munenzon v. Peters Advisors, LLC*, 553 F. Supp. 3d 187, 209 (D.N.J. 2021). Therefore, a motion to amend may only be denied if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Conrad v. Lopez de LaSalle*, 2023 WL 4534110, at *3 (D.N.J. July 12, 2023)

1

(citations omitted); *see also* Moving Br. at 15.  "The party opposing the motion bears the burden of demonstrating undue delay, bad faith, prejudice, or futility."  *United States ex rel. Sirls v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1, 5 (E.D. Pa. 2021). SaveOnSP has not met its burden on any factor, so JJHCS's motion to amend should be granted.

## I.    SaveOnSP Has Not Shown Prejudice

The Third Circuit "has interpreted [the Rule 15] factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'"  *Curry v. Bram Auto Grp., LLC*, 2021 WL 912898, at *2 (D.N.J. Mar. 10, 2021) (Waldor, J.) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).  But the non-moving party cannot overcome the presumption in favor of amendment by "merely claim[ing] prejudice."  *Bechtel*, 886 F.2d at 652.  Instead, it must show how it would be prejudiced by the proposed amendment.  *Id*.

To do so, the non-moving party must show that "the assertion of the new claim "would: (i) require the [non-moving party] to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [non-moving party] from bringing a timely action in another jurisdiction."  *Centennial Plaza Prop, LLC v. Trane U.S. Inc.*, 2023 WL 7403640, at *5 (D.N.J. Nov. 9, 2023) (citation and internal quotation marks omitted).  SaveOnSP fails this test.

**A.** **SaveOnSP has not shown that the proposed amendment would result in a significant expansion of discovery.**

SaveOnSP focuses on the first prong of the prejudice standard, contending that JJHCS's proposed amendment would prejudice it by requiring it to expand discovery. Opp. at 15–16. But courts have consistently recognized that an amendment necessitating "some additional . . . discovery . . . does not amount to undue prejudice warranting denial of leave to amend." *High 5 Games, LLC v. Marks*, 2017 WL 349375, at *4 (D.N.J. Jan. 24, 2017); *see also Nanoteko Pty Ltd. v. Nanotech Indus. Sols, Inc.*, 2020 WL 13886407, at *4 (D.N.J. June 8, 2020) (Waldor, J.) (no prejudice warranting denial of leave to amend even "where the nonmoving party raises legitimate concerns regarding the need for potentially broad and extensive discovery" (internal quotation marks omitted)). Instead, an amendment necessitating the expansion of discovery is prejudicial only where it imposes "excessive irremediable burdens or costs . . . on the non-moving party" or risks "significantly delaying the resolution of the case." *In re Caterpillar Inc.*, 67 F.Supp. 3d 663, 668 (D.N.J. 2014).

Here, while SaveOnSP posits that JJHCS "plainly intends to seek new discovery related to its proposed new claims," Opp. at 16, SaveOnSP never explains how a potential expansion of discovery would subject it to "excessive irremediable burdens or costs," nor does it explain how amendment would significantly delay resolution of this case given that (1) JJHCS filed its motion before the Court's

3

deadline (one to which SaveOnSP stipulated), and (2) the case is still in document discovery (only one deposition has been taken). In several pages of argument, SaveOnSP never describes what excessive and irremediable burden is threatened.

SaveOnSP's true concern seems to be that additional discovery from its business partners, Express Scripts and Accredo, will somehow cause prejudice to SaveOnSP. *See* Opp. at 16. Yet even this claim is inexplicable given SaveOnSP's insistence on the following page that it too needs discovery from Express Scripts and Accredo, and that JJHCS has somehow blocked this discovery. *See id.* at 17.[1] On this record, SaveOnSP certainly cannot be heard to complain about delay or prejudice relating to Express Scripts and Accredo.

**B.    An amendment before the close of discovery is not prejudicial, even when it results in a significant expansion of discovery.**

Even if JJHCS's amendment does result in some expansion of discovery, that expansion would not qualify as prejudice to SaveOnSP. "This case is a long way from conclusion, regardless of any amendment." *High 5*, 2017 WL

---

[1] Specifically, SaveOnSP complains that "J&J refused to consent" to SaveOnSP sharing JJHCS documents produced as Attorney's Eyes Only with nonparties. The relevance of these grumblings to the instant motion is unclear, but for the record, it was SaveOnSP that actively worked to obstruct JJHCS's discovery from Express Scripts and Accredo. SaveOnSP worked hand in glove to frustrate JJHCS's subpoenas—with SaveOnSP's lead counsel going so far as to submit a declaration in opposition to JJHCS's motions to compel in multiple jurisdictions across the country. *See* Sandick Decl.*,* Ex. 1.

349375, at *4.  Discovery remains ongoing, largely because SaveOnSP has made abundantly clear that it will not accept the outcome of any motion that it loses, burdening the Court and JJHCS with rounds of unnecessary briefing.[2]

When a party moves to amend during discovery, as JJHCS has done here, courts consistently reject claims of prejudice and grant the motion.  *See, e.g.*, *Centennial Plaza*, 2023 WL 7403640, at *5 (explaining that "[c]ourts do not typically find undue prejudice when a party moves to amend while discovery is still open" and collecting cases); *High 5*, 2017 WL 349375, at *4–5 (rejecting a prejudice argument "[d]espite the age of the case," because the "motion to amend [came] relatively early in the proceedings—before document discovery was complete").  This is especially true here, where the proposed amendment "arises from a similar set of facts and involves an allegation of the continuation of the purported wrongful conduct already at issue in this case."  *Conrad*, 2023 WL 4534110, at *7; *see also* Moving Br. at 28.

Unable to point to any specific way in which the proposed amendment would necessitate a prejudicial expansion of discovery, or to distinguish the myriad cases holding that an amendment is not prejudicial if it comes while discovery is

---

[2]  Counsel for SaveOnSP recently complained to the Court about "spurious requests for clarification."  Tr. of Apr. 3, 2024 Conf. at 121:14.  The only motions for clarification in this matter have been filed by SaveOnSP.  *See* Sandick Decl, ¶ 5.

ongoing, SaveOnSP rehashes prior discovery conduct by JJHCS and rulings by the Court that have displeased SaveOnSP. *See* Opp. at 16–18. Even if these rulings were relevant to the prejudice inquiry—and SaveOnSP has not pointed to any authority suggesting that they are—it would not matter. Those prior discovery issues have been resolved, and any burden or prejudice to SaveOnSP associated with them is baked into their resolution. By contrast, the question presented by the motion to amend is forward-looking: whether additional discovery **associated with the amendment** will impose "excessive irremediable burdens or costs" on SaveOnSP. *Caterpillar*, 67 F. Supp. 3d at 668. SaveOnSP cannot prove such an "excessive" burden and therefore cannot establish prejudice.

## II.    SaveOnSP Has Not Shown Undue Delay Or Bad Faith

### A.    JJHCS did not unduly delay seeking to amend.

There is no merit to SaveOnSP's argument that JJHCS's motion, filed before the Court's deadline, was somehow unduly delayed. "[U]ndue delay is generally not found when a plaintiff . . . amend[s] within the time prescribed by a court's scheduling order." *Am. Specialty Health Grp., Inc. v. Ass'n of N.J. Chiropractors, Inc.*, 2020 WL 7130735, at *2 (D.N.J. Apr. 14, 2020). Even if there were "delay" here, which JJHCS disputes, it would only be "undue" if it placed an unwarranted burden on the Court or an unfair burden on SaveOnSP, for instance when "the movant does not seek leave to amend until after summary judgment has

been granted to the adverse party." *Raab Family P'ship v. Borough of Magnolia*, 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009) (citation omitted).

Here, SaveOnSP has not explained why the timing of JJHCS's amendment will place an unwarranted burden on the Court or SaveOnSP, and its undue delay argument should be rejected on that basis alone. JJHCS moved to amend within the time prescribed by the Court's scheduling order and with appropriate dispatch, particularly given the complexity of this case and the volume of discovery. JJHCS moved to amend on March 14, 2024 (D.E. 228)—just over a year after SaveOnSP filed its answer on March 8, 2023 (D.E. 85) and only a year after discovery began in earnest. JJHCS did so after uncovering facts in discovery that led to the amendment. This is not a timeline that courts in this District have deemed unreasonable. *See, e.g., Nanoteko*, 2020 WL 13886407, at *2 (no undue delay where a party moved to amend a year and a half into discovery); *Coulson v. Town of Kearny*, 2010 WL 331347, at *3 (D.N.J. Jan. 19, 2010) ("[W]aiting a year and a half from the filing of the Original Complaint to seek leave to amend will not be deemed presumptively unreasonable."); *Eisai Co. v. Teva Pharms. USA, Inc.*, 247 F.R.D. 445, 448 (D.N.J. 2007) (finding fifteen month delay between answer and motion to amend was "not unreasonable on its face").

In arguing undue delay, SaveOnSP principally reasons that JJHCS could have brought its claims against Express Scripts and Accredo earlier because it

7

was aware that SaveOnSP maintained a relationship with Express Scripts and Accredo at the outset of the litigation. *See* Opp. at 6–8. But awareness of the SaveOnSP-Express Scripts-Accredo relationship is not the same as knowledge of meritorious claims stemming from that relationship. *See Albino v. Home Depot*, 2021 WL 1239858, at \*5 (D.N.J. Apr. 2, 2021) (finding no undue delay where the plaintiff was generally aware of the involvement of the newly added defendants at the outset of the litigation, but did not have full knowledge of their involvement until a significant amount of fact discovery had been completed); *Nanoteko*, 2020 WL 13886407, at \*2 (finding no undue delay when a party moved to amend over a year after receiving relevant document productions because "a clear picture . . . did not emerge" until after additional discovery).

JJHCS was not required to bring claims before it had gathered evidence sufficient to present its case against Express Scripts and Accredo. *See Eisai*, 247 F.R.D. at 449 (no undue delay when a party conducted "more investigation rather than less" before bringing "serious" allegations). A party need not scramble to amend its complaint upon first learning of the grounds for the amendment: it may take appropriate time to "ensure its pleading of a well-founded claim." *Terranova v. Cushman & Wakefield of N.J., LLC*, 2023 WL 7131808, at \*3 (D.N.J. Oct. 30, 2023). That is exactly what JJHCS did.

8

SaveOnSP's citations to the contrary are inapposite. For instance, SaveOnSP contends that JJHCS's timely motion to amend should be denied on undue delay grounds, because the court in *Fabricatore v. ADT LLC* held that "a motion may be denied on the basis of undue delay even when that motion is filed timely within a court-ordered deadline."[3] 2018 WL 3696581, at *8 (D.N.J. Aug. 3, 2018). *Fabricatore* presented fundamentally distinct circumstances: the proposed complaint addressed a pure pleading deficiency that the plaintiff had not corrected despite one prior amendment. *Id*. at *1–2.

Other cases cited by SaveOnSP involved instances where courts found undue delay when a plaintiff sought to amend after discovery had closed, or when the plaintiff had previously amended several times and still sought to amend again. *See, e.g*, *Little Pueblo Inn, LLC v. Willard Alonzo Stanback, P.C.*, 2024 WL 623872, at *5 (D.N.J. Feb. 14, 2024) (finding undue delay when motion to amend came years after the scheduling order deadline for amendments and after written discovery had closed); *Delaware Display Grp. LLC v. Lenovo Grp. Ltd.,* 2016 WL 720977, at *9 (D. Del. Feb. 23, 2016) (finding proposed amendment unduly delayed where the plaintiff had already amended several times). They have no bearing on the instant

---

[3] SaveOnSP mistakenly claims that *Fabricatore* is an opinion by Chief Judge Wolfson. *Fabricatore* was authored by Magistrate Judge Douglas Arpert.

case, in which JJHCS seeks to amend for the first time, before the deadline expired, while discovery is continuing.

### B.    JJHCS does not offer the proposed amendment in bad faith.

To defeat a motion to amend on the grounds of bad faith, the non-moving party must demonstrate "something akin to an indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Cobra Enters., LLC v. All Phase Servs., Inc.*, 2022 WL 214542, at *3 (D.N.J. Jan. 24, 2022) (Waldor, J.) (citations and internal quotation marks omitted). SaveOnSP does not even try to contend that JJHCS's Proposed Amended Complaint involves a "baseless contention" on the part of JJHCS, nor could it. The proposed amendments as to SaveOnSP principally add new factual allegations in support of JJHCS's existing causes of action, which have already survived SaveOnSP's motion to dismiss. Nor can SaveOnSP deny the central claim in the Proposed Amended Complaint: that Express Scripts and Accredo help run the SaveOnSP Program. The bad faith argument fails on that basis alone.

SaveOnSP's argument of an ulterior motive is also meritless. As support, SaveOnSP again points to its long-standing grievances with the discovery process in this case. *See* Opp. at 12–15. These grievances are not legitimate—they reflect SaveOnSP's belief that it can keep highly damaging evidence from JJHCS while simultaneously conducting a fishing expedition through JJHCS's files. Most

of SaveOnSP's requests for discovery have been narrowed or denied, sometimes repeatedly. *Compare* Tr. of Mar. 17, 2023 Conf. at 35:12–19 (denying motion to compel production of drug pricing data), *with* D.E. 192 at 23 (February 6, 2024 Special Master order denying motion to compel production of drug pricing documents). To be sure, SaveOnSP is right that a "party's discovery requests should seek what it needs to present its case, not to impose burden or cost on its opponent." Opp. at 14. But SaveOnSP has not practiced what it preaches, having spent most of the past year moving unsuccessfully and over and over again for irrelevant discovery that would create immense burden to JJHCS, such as information about pricing from throughout the entire J&J company, and documents about whether CarePath is profitable. SaveOnSP's accusation that JJHCS has engaged in retaliatory discovery, and that the Proposed Amended Complaint is drive-by vengeance, is unsustainable.

In any event, SaveOnSP's dissatisfaction with the course of discovery does not show that JJHCS moved to amend in bad faith, and courts consistently reject the argument SaveOnSP now makes. *See Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, 2019 WL 7207503, at *6 (D.N.J. Dec. 27, 2019) ("[W]hile there have been numerous [discovery] disputes . . . nothing about those disputes suggests bad faith"); *Vanderhoof-Forschner v. Vanderhoof*, 2012 WL 2839337, at *7 (D.N.J. July 9, 2012) ("[F]ailure to provide certain documents in discovery has no bearing on whether [a] motion to amend is being made in bad faith"). SaveOnSP also points to

11

JJHCS's alleged "deep knowledge of SaveOn's relationship with ESI and Accredo years before it brought this case" as evidence of bad faith. Opp. at 15. JJHCS lacked detailed knowledge until it conducted discovery, and at any rate, "[s]imply failing to add a claim a party had prior knowledge of does not alone amount to bad faith." *Zelma v. Choice Energy, LLC*, 2020 WL 5201341, at \*2 (D.N.J. Sept. 1, 2020).

## III.   SaveOnSP Has Not Shown That Amendment Would Be Futile

SaveOnSP contends that one part of JJHCS's proposed amendment—JJHCS's new claim for civil conspiracy—would be futile, on the grounds that JJHCS has failed to adequately allege special damages. *See* Opp. at 18–23. But New Jersey law does not require JJHCS to allege special damages for its civil conspiracy claim and, in any case, JJHCS has adequately alleged special damages.

### A.   Special damages are not an element of civil conspiracy.

The New Jersey Supreme Court has explained that a civil conspiracy is simply "two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act." *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005) (citation and internal quotation marks omitted). New Jersey appellate courts have also recognized that special damages are not an element of a civil conspiracy claim. *See, e.g., Laquidara v. Westwood Reg'l Sch. Dist.*, 2023 WL 6930033, at \*9 (N.J.

12

App. Div. Oct. 19, 2023) (relying on the elements of civil conspiracy set forth in

*Banco Popular*); *Main St. at Woolwich, LLC v. Ammons Supermarket, Inc.*, 165 A.3d

821, 832 (N.J. App. Div. 2017) (same).

           None of SaveOnSP's contrary citations alter this conclusion; all predate

the New Jersey Supreme Court's ruling in *Banco Popular* (or rely on precedent that

predates *Banco Popular*). For example, SaveOnSP cites *Morganroth & Morganroth*

*v. Norris, McLaughlin & Marcus, P.C.*, in which the Third Circuit did appear to

believe, incorrectly,[4] that New Jersey law requires allegations of special damages to

state a civil conspiracy claim. *See* 331 F.3d 406, 414 (3d Cir. 2003). But that

understanding was superseded by *Banco Popular* two years later, leaving

*Morganroth* at odds with binding precedent of the New Jersey Supreme Court on a

question of New Jersey law. In that circumstance, federal courts follow the New

Jersey Supreme Court. *See, e.g.*, *Naporano Iron & Metal Co. v. Am. Crane Corp.*,

79 F. Supp. 2d 494, 501 (D.N.J. 1999) (explaining that a district court "need not

follow [a Third Circuit holding] if it is clear that the present state of New Jersey law

is such that a different result is clearly dictated"). Several courts in this District have

---

[4] *Morganroth* relied on a 1953 New Jersey state trial court decision for the proposition that a civil conspiracy claim requires special damages. *See Morganroth*, 331 F.3d at 414 (citing *Naylor v. Harkins*, 99 A.2d 849, 855 (N.J. Super. Ct. Ch. Div. 1953)). *Naylor* has been cited once for this proposition—in a 1961 decision that was reversed—and the New Jersey Supreme Court has never followed *Naylor*.

already relied on *Banco Popular* for its recitation of the elements of civil conspiracy

that excludes special damages. *See, e.g.*, *K.J. v. J.P.D.*, 659 F. Supp. 3d 471, 482

(D.N.J. 2023); *Mu Sigma, Inc. v. Affine, Inc.*, 2014 WL 1217961, at \*6 (D.N.J. Mar.

24, 2014) (Wolfson, J.). This Court should do the same.

> **B.    JJHCS has adequately alleged special damages.**

Even if special damages were an element of civil conspiracy under New

Jersey law, they are adequately alleged in the proposed amended complaint. JJHCS

asserts that it suffers "special damages such as the expenditure of resources to

identify patients in the SaveOnSP Program and thereby preserve the integrity of

CarePath and to ensure that CarePath funds are utilized for their authorized purpose

pursuant to the CarePath terms and conditions." Proposed Am. Compl. ¶ 193. It is

enough for a civil conspiracy plaintiff to allege that it suffered losses in the amount

of the "additional expended resources" attributable to the conspiracy. *Iron Bar, LLC*

*v. Dougherty*, 2021 WL 363706, at \*11 (D.N.J. Feb. 3, 2021).

JJHCS's allegations are at least as detailed as those found sufficient in

similar cases. *E.g.*, *Svigals v. Lourdes Imaging Assocs., P.A.*, 2018 WL 6178863, at

\*10 (D.N.J. Nov. 27, 2018) ("civil conspiracy special damages, including without

limitation interruptions of income and lost income"); *John Wiley & Sons, Inc. v.*

*Rivadeneyra*, 179 F. Supp. 3d 407, 412 (D.N.J. 2016) ("lost profits in the United

States' textbook market due to unauthorized sales"); *Galicki v. N.J.*, 2016 WL

14

4950995, at *19 (D.N.J. Sept. 15, 2016) (damages "including but not limited to loss of time, gas, and wages that cannot be reclaimed, other economic losses such as payment of tolls under false pretenses, to be falsely imprisoned and/or restrained in their vehicles, and to suffer emotional damages"). SaveOnSP's "futility" argument cannot shield SaveOnSP from facing the proposed amended complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant JJHCS's Motion to Amend.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    s/ *Jeffrey J. Greenbaum*
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB

PATTERSON BELKNAP WEBB &
TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff Johnson &*
*Johnson Health Care Systems Inc.*

Dated:  April 25, 2024

15