Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
*Counsel of Record for Movant*
*Accredo Health Group, Inc*

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> – vs – <br><br> SAVE ON SP LLC, <br><br> Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** <br><br> Civil No. 22-2632 (JKS) (CLW) |

**ACCREDO HEALTH GROUP, INC.'S BRIEF IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO UNSEAL**

# TABLE OF CONTENTS

                                                             **Page**

PRELIMINARY STATEMENT ........................................................................................1
PROCEDURAL BACKGROUND ......................................................................................1
ARGUMENT .....................................................................................................................2
    I.      The Nature of the Confidential Materials ........................................................3
    II.     Legitimate Interests Warrant Redaction ..........................................................4
    III.    Accredo and a Private Non-Party Will Suffer Clearly Defined, Serious Injuries Absent Redaction ................................................................................7
         A.    The Confidential Materials Contain Trade Secrets and Confidential Commercial Information That, If Made Public, Will Cause Accredo Commercial Harm .........................................................7
         B.    The Confidential Materials Being Made Public Would Harm Patients ...............................................................................................9
    IV.   Redaction Is the Least Restrictive Protective Measure ...............................10
    V.    CONCLUSION ...............................................................................................10

# TABLE OF AUTHORITIES

                                       **Page(s)**

## CASES

*Bah v. Apple Inc.*,
   2021 WL 4272829 (D.N.J. Sep. 21, 2021) ....................................................3, 10

*Congoo, LLC v. Revcontent, LLC*,
   No. CV 16-401 (MAS), 2016 WL 3751613 (D.N.J. July 13, 2016) .................4, 8

*Eisai, Inc. v. sanofi-aventis U.S., LLC*,
   2014 WL 8108466 (D.N.J. Aug. 4, 2014) ............................................................9

*Faulman v. Mut. Fin. Life Ins.*,
   2006 WL 1541059 (D.N.J. June 2, 2006)..............................................3, 4, 7, 8

*Goldenberg v. Indel, Inc.*,
   2012 WL 15909 (D.N.J. Jan. 3, 2012) ..................................................................6

*In re Cendant Corp.*,
   260 F.3d 183 (D.N.J. 2001) ...............................................................................4, 5

*In re Gabapentin Litig.*,
   312 F.Supp.2d 653 (D.N.J. 2004) ..............................................................3, 4, 5, 7

*Moore v. Cvs Rx Servs., Inc.*,
   660 F. App'x 149 (3d Cir. 2016) .......................................................................4, 6

*Nixon v. Warner,*
   *Comms*, 435 U.S. 589 (1978).........................................................................5, 7, 9

*Overton v. Sanofi-Aventis U.S., LLC*,
   2014 WL 1554718 ......................................................................................7, 8, 10

## STATUTES

New York General Business Law § 349 ....................................................................1

## RULES

Local Civil Rule 5.3(c)......................................................................................3, 4, 10

## PRELIMINARY STATEMENT

Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") seeks to unseal its Proposed Amended Complaint. The Proposed Amended Complaint, however, includes confidential information produced by Intervenor Accredo Health Group, Inc. ("Accredo") in response to a third-party subpoena. These Accredo materials contain trade secrets, information that could cause Accredo commercial harm if made public, and private medical information of non-parties. Accredo, therefore, opposes JJHCS's motion to unseal. First, the Court should keep the filings sealed pending the resolution of JJHCS's motion for leave to file its Proposed Amended Complaint. Second, if JJHCS's motion for leave to file its Proposed Amended Complaint is granted, the Court should direct JJHCS to file its Proposed Amended Complaint with Accredo's confidential information redacted.

## PROCEDURAL BACKGROUND

On May 4, 2022, JJHCS sued SaveOnSP ("SaveOn") for tortious interference with contract and deceptive trade practices in violation of New York General Business Law § 349. Compl. Counts I, II. Because the parties agreed that litigating the matter was "likely to involve the disclosure of confidential information," the Court entered the Discovery Confidentiality Order. *See* ECF No. 62. The Discovery Confidentiality Order permits the parties to designate certain materials Confidential

or Attorneys' Eyes Only, such as trade secrets, confidential business information, and private or confidential personal information. *See id.*

On January 13, 2023, JJHCS served a third-party subpoena on non-party Accredo. In its responsive productions, Accredo designated certain of its documents "Confidential," containing "Protected Health Information" as defined by HIPAA, and/or "Attorneys' Eyes Only" under the Discovery Confidentiality Order.

On March 14, 2024, JJHCS filed a Motion for Leave to Amend its Proposed Amended Complaint, which it now seeks to unseal. However, the Proposed Amended Complaint contains information from documents that Accredo produced with a Confidential, Protected Health Information, and/or Attorneys' Eyes Only designation (the "Confidential Material"). JJHCS consented to Accredo's Motion to Intervene for the purpose of opposing the Motion to Unseal.

## ARGUMENT

This Court should keep JJHCS's Motion and Proposed Amended Complaint under seal pending resolution of JJHCS's Motion for Leave to Amend. If that motion is granted, the Court should direct JJHCS to file its Proposed Amended Complaint with Accredo's Confidential Material redacted. Allowing JJHCS to publish Accredo's Confidential Material would serve no legitimate purpose and would harm Accredo and an individual patient whose information is at issue.

2

A party seeking to shield judicial materials from public access must "demonstrate that the material contains the type of information that courts will protect and that there is good cause" for such protection. *See, e.g.*, *In re Gabapentin Litig.*, 312 F.Supp.2d 653, 664 (D.N.J. 2004). Local Civil Rule 5.3(c) frames how courts in this District analyze whether a party has met this burden. That Rule directs that parties seeking to maintain confidentiality address four factors, as relevant here:

> "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief is not granted; [and] (d) why a less restrictive alternative to the relief sought is not available[.]"

*See, e.g.*, *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sep. 21, 2021) (quoting Local Civ. R. 5.3(c)); *see also Faulman v. Mut. Fin. Life Ins.*, 2006 WL 1541059, at *2 (D.N.J. June 2, 2006) (same). These factors weigh in favor of the Confidential Materials being redacted, as opposed to unsealed entirely.

## I. The Nature of the Confidential Materials

The Confidential Materials are (1) an Accredo presentation meant for internal use and limited client audiences, (2) several private email exchanges among Accredo, Express Scripts, and/or SaveOn, and (3) private email exchanges referencing or quoting communications from non-party individuals and entities. The presentation and emails include discussions of confidential commercial information, non-public business operations, and/or private health information. As required by

3

Local Civil Rule 5.3(c), the Confidential Materials are described in greater detail in the index attached hereto as Exhibit A.

Courts routinely protect materials such as these. *See, e.g.*, *Faulman*, 2006 WL 1541059, at *1-*2 (protection of trade secrets); *Congoo, LLC v. Revcontent, LLC*, No. CV 16-401 (MAS), 2016 WL 3751613, at *1-*2 (D.N.J. July 13, 2016) (protection of information that could cause commercial harm); *Moore v. Cvs Rx Servs., Inc.*, 660 F. App'x 149, 153 n.4 (3d Cir. 2016) (protection of medical information). Therefore, redaction of Accredo's proprietary information is warranted.

## II. Legitimate Interests Warrant Redaction

"There is a presumptive common law right of public access" to most court filings. *See In re Gabapentin Litig.*, 312 F. Supp.2d at 663. But this right "is not absolute." *Id*. at 664. Courts consider countervailing interests to balance the right of public access against other interests, particularly the interests of those to whom the materials belong. *See, e.g.*, *In re Cendant Corp.*, 260 F.3d 183, 194 (D.N.J. 2001) (discussing balancing test). Courts also consider their own interest in preventing parties from using "court files [as] a vehicle for improper purposes." *Id.* (quotation omitted). For example, courts reject attempts to use judicial records "to gratify private spite or promote public scandal," "to serve as reservoirs of libelous statements for press consumption," or to serve "as sources of business information

4

that might harm a litigant's competitive standing." *Nixon v. Warner Comms*, 435 U.S. 589, 598 (1978). Courts may deny motions to unseal when the materials may be used for such illegitimate purposes. *See Cendant*, 260 F.3d at 194.

Accredo's interests, and the interests of an individual patient, overcome the presumption here. Indeed, JJHCS's motion fails to articulate how unsealing the Confidential Material would serve the public interest. JJHCS claims the Confidential Materials "contain serious allegations of corporate misconduct that have caused considerable public harm," Mtn. to Unseal. ECF No. 221-1, at 7. But JJHCS's Proposed Amended Complaint outlines the "serious allegations" JJHCS claims the Confidential Material reflects – meaning that the public can understand the allegations without reviewing the Confidential Materials themselves. JJHCS's motion fails to articulate any public interest in whatever marginal details the Confidential Material reflects, much less how any such public interest outweighs Accredo's and individual patients' interests in maintaining the confidentiality of that Confidential Material.

Trade secrets and similar commercial confidential information are common examples of information deserving protection from public access. *See, e.g.*, *In re Gabapentin Litig.*, 312 F. Supp.2d at 664. Here, Accredo has a legitimate private interest in preventing the disclosure of information that could cause commercial harm to its business or otherwise constitute trade secrets, thereby harming Accredo's

5

competitive standing in the marketplace. *See Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.").

Accredo also has an interest in ensuring that the medical information of the patients it serves remains private. The individuals to whom that medical information belongs have a parallel interest in its privacy. The Third Circuit "ha[s] recognized the important privacy in one's medical records" and observed that "[t]he right to privacy is a consideration in the balancing process that courts conduct in deciding whether to file a document under seal." *Moore*, 660 Fed. App'x at 153 n.4.

Indeed, the Court has already acknowledged, via the Discovery Confidentiality Order, that this litigation clearly implicates such interests. Although the Discovery Confidentiality Order does not bind the Court with respect to decisions regarding sealing, the Order's existence is "important to note." *See Goldenberg*, 2012 WL 15909, at *2.

Put another way, there are several legitimate interests in keeping the Confidential Materials protected. And JJHCS can articulate no legitimate interest it might have in making them public: JJHCS's allegations are just as clear without the Confidential Materials. This tension compels the conclusion that JJHCS seeks to

6

use the Confidential Materials for "improper purposes." *See Nixon*, 435 U.S. at 598 (quotation omitted). This alone is sufficient reason to deny JJHCS's Motion to Unseal.

## III. Accredo and a Private Non-Party Will Suffer Clearly Defined, Serious Injuries Absent Redaction

"Good cause [to protect materials] is established if there is a showing that disclosure will result in a clearly defined and serious injury to the party seeking to overcome the presumption of access." *In re Gabapentin Litig.*, 312 F. Supp.2d at 664. Such is the case here. However, it is also sufficient to show merely that injury "might" or "could" occur. *See Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 1554718, at *2.

### A. The Confidential Materials Contain Trade Secrets and Confidential Commercial Information That, If Made Public, Will Cause Accredo Commercial Harm

"[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of such documents." *Overton*, 2014 WL 1554718, at *2. Courts will therefore generally "protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." *Faulman*, 2006 WL 1541059, at *1 (citations omitted). This protection extends not just to trade secrets, but also to information that "could allow

public insight into the business and operations of [the party] and would [cause some] commercial harm, and give competitors an unfair advantage." *Congoo*, 2016 WL 3751613, at *1.

Here, the Confidential Materials contain commercial information that would harm Accredo's "competitive standing in the marketplace." *See Faulman*, 2006 WL 1541059, at *1. The quoted presentation, for instance, details Accredo's internal, ongoing business operations and strategies in a complex space. Disclosure of these operations and strategies to the public and Accredo's competitors would undercut Accredo's ability to distinguish itself in the marketplace.[1] The Confidential Materials also include emails discussing ongoing business strategies. Public access to these emails would also allow Accredo's competitors to undermine Accredo's competitive standing.

Finally, the Confidential Materials include communications between Accredo and parties who expect Accredo to maintain the confidentiality of such communications. Accordingly, disclosure of the Confidential Materials would harm Accredo's relationships with these third parties.

---

[1] Importantly, it is Accredo, not JJHCS, who "is in the best position to judge the sensitivity and importance of the at-issue documents." *Overton*, 2014 WL 1554718, at *3.

8

### B. The Confidential Materials Being Made Public Would Harm Patients

Accredo is not the only party that could be harmed by disclosure. An individual patient, who is not involved in this litigation, would also be harmed, because the Confidential Materials include private medical information of a patient served by Accredo. This information is personal, reflects medical concerns, and was shared in a context where the non-party undoubtedly expected privacy.

There is no public interest in the disclosure of such private information; in fact, it would be inappropriate to unseal an absent non-party's communications regarding their personal medical information. While the patient's name is not provided, it is hard to imagine that the public release of these sensitive communications would not cause undue trauma to the patient and their loved ones. *See Eisai, Inc. v. sanofi-aventis U.S., LLC*, 2014 WL 8108466, at *3 (D.N.J. Aug. 4, 2014) (noting that the Third Circuit has found that the district court may protect documents "which may inflict unnecessary and intensified pain *on third parties* who the court reasonably finds are entitled to such protection"). Indeed, this private medical information does not substantively advance JJHCS's Proposed Amended Complaint. JJHCS only discusses this patient's private medical information – including a serious diagnosis – to shock the reader. *See Nixon*, 435 U.S. at 598 (noting judicial records should not be used to scandalize).

Courts have protected far less sensitive information than this on grounds of privacy. For example, in *Bah*, the court held that third parties' addresses, phone numbers, "and other personal information" could be redacted: "It is clear that due to the privacy expectations of these individuals, especially those who are not parties, injury would result if [their personal identifying information] were made publicly available." *Bah*, 2021 WL 4272829, at *3 (quotation omitted). Thus, private medical information should be protected here.

### IV. Redaction Is the Least Restrictive Protective Measure

Accredo does not ask for the entire Proposed Amended Complaint to remain under seal. Instead, Accredo requests a far more narrowly tailored measure: redaction of the Confidential Materials. Redaction would preserve the private and public interest in the secrecy of these Confidential Materials without undermining the public interest in access to the proposed Amended Complaint. Thus, redaction satisfies the requirement that "a less restrictive alternative to the relief sought is not available." *See* Local Civ. R. 5.3(c)(3); *Overton*, 2014 WL 1554718 at *3 (finding that redaction was the least restrictive alternative and, accordingly, that the party seeking sealing had shown good cause).

### V. CONCLUSION

For the foregoing reasons, Accredo respectfully requests that this Court deny JJHCS's motion to unseal the proposed Amended Complaint, and instead order

JJHCS to file the proposed Amended Complaint with Accredo's Confidential Material redacted.

Dated: April 26, 2024

/s/ Mark A. Berman
Mark A. Berman
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLP**
433 Hackensack Ave. Suite 1002
Hackensack, NJ 07601
(201) 441-9056
mberman@hdrbb.com

*Counsel of Record for Accredo Health Group, Inc.*

Jeremy M. Sternberg*
Emily A. Robey-Phillips*
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
(617) 523-6850
Jeremy.sternberg@hklaw.com
Emily.robey-phillips@hklaw.com

*Counsel for Accredo Health Group, Inc.*

*pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, the foregoing was filed and served via ECF upon all counsel of record.

                                               */s/ Mark A. Berman*
                                               Mark A. Berman, Esq.