# EXHIBIT A: INDEX IN SUPPORT OF OPPOSITION TO MOTION TO UNSEAL

| | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **JJHCS' Motion to Unseal Amended Complaint (ECF Nos. 221 and 221-1)** | | | | | |
| Para. 66 | "An…funds." | This quotes a presentation that contains trade secrets and information that could result in commercial harm. | Disclosure of this information to the public and Accredo's competitors would harm Accredo's ability to compete in the marketplace. If Accredo's competitors were to implement similar operations and strategies based on information that was made public, doing so would use Accredo's own work to undercut Accredo's ability to distinguish itself in the marketplace. Additionally, Accredo has invested significant time and resources into developing operations and strategies that will benefit its clients and members. Making this information public would give competitors an unfair advantage, allowing them to unfairly reap the benefits of Accredo's efforts to provide better service to its clients and members. | Accredo seeks only that the references to and quotes of the confidential material be redacted, rather than sealing the entire proposed Amended Complaint. There is no less restrictive alternative that would still protect the information at issue. | JJHCS argues that the presumption in favor of public access to judicial documents should apply because, in its view, there is no basis for sealing. |
| Para. 74 | "In…strategies." | This quotes an email chain that contains trade secrets and information that could result in commercial harm. | The emails at issue discuss ongoing business strategies shared between Express Scripts, Accredo, and SaveOn, as well as Accredo's internal processes for integrating SaveOn. These emails should not be | Accredo seeks only that the references to and quotes of the confidential material be redacted, rather than sealing the entire proposed Amended | JJHCS argues that the presumption in favor of public access to judicial documents should apply because, in its view, there is no |

| | | | made public because the operations and strategies detailed therein could be used by competitors to undermine Accredo's competitive standing. The emails also involve communications with outside parties that have their own confidentiality provisions, which weighs in favor of sealing in order to avoid harm resulting from the sharing of confidential, non-party information. Moreover, if this information is disclosed, it would cause commercial harm to Accredo's business relationships with these non-parties, which expect their business discussions with Accredo to remain confidential. | Complaint. There is no less restrictive alternative that would still protect the information at issue. | basis for sealing. |
|---|---|---|---|---|---|
| Para. 138 | "One…medication." | This quotes an email chain that contains trade secrets and information that could result in commercial harm. | The emails involve communications with outside parties that have their own confidentiality provisions, which weighs in favor of sealing in order to avoid harm resulting from the sharing of confidential, non-party information. Moreover, if this information is disclosed, it would cause commercial harm to Accredo's business relationships with these non-parties, which expect their business discussions with Accredo to remain confidential. | Accredo seeks only that the references to and quotes of the confidential material be redacted, rather than sealing the entire proposed Amended Complaint. There is no less restrictive alternative that would still protect the information at issue. | JJHCS argues that the presumption in favor of public access to judicial documents should apply because, in its view, there is no basis for sealing. |
| Para. 141 | "For…death." | This quotes an email chain that includes communications from a non-party individual regarding private medical information. | Some of the information referenced and quoted by JJHCS includes private medical information of a patient served by Accredo. This information is personal, reflects medical concerns, and was shared in a context where the non-party undoubtedly expected privacy. There is no public interest in such | Accredo seeks only that the references to and quotes of the confidential material be redacted, rather than sealing the entire proposed Amended Complaint. There is no less restrictive alternative that would still protect the | JJHCS argues that the presumption in favor of public access to judicial documents should apply because, in its view, there is no basis for sealing. |

| | | | information; in fact, it would be inappropriate to unseal an absent non-party's communications regarding their private medical information. | information at issue. | |