# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

May 3, 2024

**By Email and ECF**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

   Re: **Opposition to SaveOnSP's Motion for Leave to File Surreply**
     *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
     **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to Defendant Save On SP, LLC's ("SaveOnSP") April 30, 2024 letter motion to file a surreply in further opposition to JJHCS's motion for leave to amend its complaint.

### *SaveOnSP's Surreply Brief Should Be Rejected*

Courts in this District authorize surreplies only in "extraordinary circumstances." *Metex Mfg. Corp. v. Manson*, 2006 WL 8458256, at *8 (D.N.J. Aug. 8, 2006). SaveOnSP should be denied permission since it has not shown that a surreply is necessary. In support of its motion for leave to file a surreply, SaveOnSP claims only that JJHCS "raised a new argument" regarding special damages "for the first time in its reply brief," and it had "no opportunity to address this argument previously." Mot. at 1. Not so. In its brief in opposition to the motion to amend, *SaveOnSP* raised the issue of whether JJHCS had adequately alleged special damages for its civil

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 2

conspiracy claim. Dkt. No. 250, at 18–21. JJHCS was entitled to respond to SaveOnSP's arguments in its reply brief. Dkt. No. 261, at 12–15. Far from being a reason why a surreply is necessary, this is how the standard tripartite briefing process works. The moving party gets an opportunity in reply to "respond to the respondent's argument" in its brief in opposition. *Bayer AG v. Schein Pharm., Inc.*, 129 F.Supp.2d 705, 716 (D.N.J. 2001). In all but the most unusual circumstances, the non-moving party does not get a chance to respond in writing. SaveOnSP may believe that it should always have the "last word on a matter" as part of its "strategic effort," but that is not a reason to grant SaveOnSP a surreply. *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022).

Should the Court decide to consider SaveOnSP's surreply, we respectfully ask the Court to consider the following pages as a response in further support of JJHCS's motion to amend.

### *SaveOnSP's Arguments Relating To Special Damages Are Meritless*

As JJHCS explained in its reply brief, New Jersey state courts applying New Jersey state law as established by the New Jersey Supreme Court do not require a civil conspiracy plaintiff to allege special damages. Dkt. No. 261 at 14–15. To distract the Court from this settled law, SaveOnSP simply gestures at a number of district court cases that relied on the erroneous statement of New Jersey law in *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003), which was later superseded by the New Jersey Supreme Court. None of SaveOnSP's citations change the relevant principle: on issues of New Jersey law, caselaw from the New Jersey Supreme Court—not the Third Circuit—is binding, regardless of how many times the superseded error has been repeated. *See Mitchell Partners, L.P. v. Irex Corp.*, 656 F.3d 201, 203 (3d Cir. 2011) ("[A] federal court must apply the law declared by the supreme court of the

relevant state"). Indeed, the overwhelming majority of SaveOnSP's so-called "ocean" of recent District of New Jersey caselaw include only a boilerplate formulation of the elements of civil conspiracy, citing *Morganroth*, without any discussion or analysis concerning special damages.[1]

SaveOnSP's next argument—that *Banco Popular* "dealt only with issues of conspiracy" rather than "civil conspiracy"—does not withstand even minimal scrutiny. Surreply at 2. *Banco Popular* unambiguously addressed the elements of civil conspiracy:

> In New Jersey, a **civil conspiracy** is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and ***an overt act that results in damage***."

*Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005) (emphasis added).

SaveOnSP nonetheless claims that this clear recitation of the elements of civil conspiracy in *Banco Popular* is somehow insufficient because the case does not include a ruling with respect to special damages. Surreply at 2. This makes no sense, as there is no reason to address special

---

[1] *E.g.*, *Cagno v. Ivery*, 2023 WL 6212023, at *6 (D.N.J. Sept. 25, 2023); *Aug. Uribe Fine Art, LLC v. Dartmilano SRL*, 2023 WL 2644447, at *9 (D.N.J. Mar. 27, 2023); *Coello v. DiLeo*, 2023 WL 6158832, at *11 n.11 (D.N.J. Sept. 21, 2023); *United Cap. Funding Grp., LLC v. Remarkable Foods, LLC*, 2023 WL 5722910, at *4 (D.N.J. Sept. 5, 2023); *Cagno v. Ivery*, 2022 WL 17887231, at *8 (D.N.J. Dec. 23, 2022); *Suntuity Solar, LLC v. Roseburg*, 2022 WL 2373982, at *8 (D.N.J. June 30, 2022); *Gayles v. Hillside Bd. of Educ.*, 2022 WL 1094089, at *5 (D.N.J. Apr. 11, 2022); *Keaton v. Argo Turboserve Corp.*, 2021 WL 3879091, at *11 (D.N.J. Aug. 31, 2021); *Rapeika v. Borough of Fort Lee*, 2020 WL 39155, at *10 (D.N.J. Jan. 3, 2020); *Homesource, Corp. v. Retail Web Servs., LLC*, 2020 WL 12188147, at *15 (D.N.J. Mar. 30, 2020); *Inventiv Health Consulting, Inc. v. Atkinson*, 2019 WL 6522742, at *6 (D.N.J. Dec. 4, 2019); *Haigh v. Chojnacki*, 2019 WL 692952, at *5 (D.N.J. Feb. 15, 2019); *Fed. Nat'l Mortg. Ass'n v. DuBois*, 2018 WL 5617566, at *13 (D.N.J. Oct. 30, 2018); *Cevdet Aksüt Oğullari Koll. Sti v. Cavusoglu*, 2018 WL 585542, at *4 (D.N.J. Jan. 29, 2018), *aff'd* 756 F. App'x 119 (3d Cir. 2018) (summary order); *Smith v. Rooney*, 2018 WL 1324012, at *7 (D.N.J. Mar. 13, 2018); *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 390 n.19 (D.N.J. 2016).

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 4

damages at all if it is not a required element of civil conspiracy. SaveOnSP cannot evade *Banco Popular*, which is a controlling decision of the New Jersey Supreme Court that states the elements of civil conspiracy without any requirement of special damages. *See Banco Popular*, 184 N.J. at 177.

Nor does *Naylor v. Harkins,* 27 N.J. Super. 594, 604 (Ch. Div. 1953), *modified on other grounds,* 32 N.J. Super. 559 (App. Div. 1954), provide a basis to create a fourth element of civil conspiracy claims. Despite SaveOnSP's insistence, not once in the seventy years since *Naylor* was decided has the New Jersey Supreme Court adopted its reasoning. Quite the opposite. Each time the New Jersey Supreme Court has addressed the "well-established" elements of civil conspiracy, it has omitted special damages. *E.g.*, *LoBiondo v. Schwartz*, 199 N.J. 62, 102 (2009) (listing "the well-established elements of a civil conspiracy" as "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or an injury upon another, and an overt act that results in damage."); *Banco Popular*, 184 N.J. at 177 (same).

But even if special damages were required—and they are not—JJHCS's Proposed Amended Complaint sufficiently alleges them. It states that JJHCS suffered "special damages such as the expenditure of resources to identify patients in the SaveOnSP Program." Proposed Am. Compl. ¶ 193. This allegation is more than enough to put SaveOnSP on notice of JJHCS's special damages theory. *Delzotti v. Morris*, 2015 WL 5306215, at *8 (D.N.J. Sept. 10, 2015) (assessing whether an allegation of special damages was sufficient to "give notice to the other side of those special damages claimed").

4

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 5

Moreover, there has been a wealth of discovery requested by SaveOnSP and produced by both JJHCS and third-party witness TrialCard that reflects the many efforts taken by JJHCS to identify patients in SaveOnSP. On this record, there can be no confusion about the special damages sustained by JJHCS as a result of SaveOnSP's misconduct. *See Haynes Mech. Sys., Inc. v. Bluon Energy, LLC*, 2021 WL 3128652, at *16 (D. Colo. July 23, 2021) (explaining that a "[d]efendant [may be] on notice of the requested special damages throughout the course of th[e] litigation" from facts elicited in discovery).

These expenditures are also the natural consequence of the SaveOnSP Program. *See Delzotti*, 2015 WL 5306215, at *8 (special damages are "the natural, but not the necessary, consequence of the act complained of"). While JJHCS could have accepted the misappropriation of hundreds of millions of dollars caused by SaveOnSP's conduct, it has instead decided to block the misappropriation by expending funds to identify those patients who are in SaveOnSP. That expenditure is not a "necessary" consequence of SaveOnSP's actions, because JJHCS made the decision to undertake the expenditure rather than allowing continued misappropriation. But it is the "natural" consequence of SaveOnSP's conduct: JJHCS chose to expend some resources to prevent a much greater misappropriation of its resources. JJHCS is entitled to claim damages for that expenditure, and JJHCS has adequately alleged special damages.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:    Counsel of record for SaveOnSP