

| | | |
|---|---|---|
| | **Freda Wolfson**<br>Chief U.S. Dist. Judge (ret.)<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>T: (862) 926-2708<br>F: (973) 597-2400<br>E: fwolfson@lowenstein.com |

May 8, 2024

**<u>LETTER ORDER</u>**

<u>VIA ECF</u>
**TO ALL COUNSEL OF RECORD**

      RE:    ***Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC***
              **Civ. Action No.: 22-2632(JKS)(CLW)**

Counsel:

The Court referred to me, in my role as the Special Master, the motion to intervene filed by non-parties and proposed intervenors Express Scripts, Inc. ("ES") and Accredo Health Group, Inc. ("Accredo")(collectively, "Proposed Intervenors"). Both seek intervenor status to oppose Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("Plaintiff") pending motion to amend. I have reviewed the submissions of the parties, and for the reasons set forth below, the Proposed Intervenor's motion to intervene (ECF No. 224) is **GRANTED**. The Proposed Intervenors cannot intervene as of right under Fed. R. Civ. P. 24(a)(2). I will nevertheless exercise my discretion to permit them to intervene pursuant to Fed. R. Civ. P. 24(b).

**I.    Standing**

ES and Accredo move to intervene under Fed. R. Civ. P. 24(a)(2) and (b)—intervention as of right and permissive intervention, respectively. However, as a preliminary matter, I address whether the Proposed Intervenors have standing to oppose Plaintiff's motion to amend. As a general matter, I agree with Plaintiff's position that non-

1

parties, like ES and Accredo, do not have standing to contest Plaintiff's proposed amendments, even if those amendments seek to assert claims against them. Indeed, in this district, "courts have held non-parties lack standing to oppose motions to amend where they are not yet named parties in the case." *Bolinger v. RMB, Inc.*, No. 18-15446, 2023 U.S. Dist. LEXIS 49367, at *3 (D.N.J. Mar. 21, 2023)(citations omitted); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 U.S. Dist. LEXIS 31681, at *8 (D.N.J. Feb. 27, 2014)("Proposed defendants 'do not have standing to oppose' a motion to amend 'because they are not yet named parties[.]'")(citations omitted); *Chesler v. City of Jersey City*, No. 15 -1825, 2019 U.S. Dist. LEXIS 204989, at *10 (D.N.J. Nov. 26, 2019)(finding the non-party "may challenge the sufficiency of the pleading by way of a dispositive motion once [the non-party] has been named as a party, if appropriate"); *Raab Fam. P'ship v. Borough of Magnolia*, No. 08-5050, 2009 U.S. Dist. LEXIS 140205, at *11 (D.N.J. Oct. 30, 2009)(finding that "nonparties lack standing, at this time, to oppose the motion to amend")(citation omitted).

However, in this district, the case law is scant on whether a non-party, who lacks standing, may nevertheless file a motion to intervene for the limited purpose of filing an opposition to a pending motion to amend. None of the above-cited cases address this issue, since in those cases, a motion to intervene was not initially filed by the non-party.[1]

---

[1] In this district, my research reveals that only one case has dealt with a motion to intervene in this context, which Plaintiff also cites, is *Snellink v. Universal Travel Grp., Inc.*, No. 11-2164, 2015 U.S. Dist. LEXIS 194280 (D.N.J. Nov. 4, 2015). But, the court there did not answer the relevant question; rather, once the court found that the non-party lacked standing to oppose a motion to amend, it denied the motion to intervene as moot.

2

As I look to other districts, courts have held that it may be proper for a non-party to move to intervene in order to oppose a motion to amend. *See Clayton v. District of Columbia*, 999 F. Supp. 2d 178, 182 n. 6 (D.D.C. 2013)(finding that because non-party "could have filed a motion to intervene [pursuant to Fed. R. Civ. P. 24] to oppose further amendment, its opposition has been considered"); *Perkumpulan Investor Crisis Ctr. Dressel – WBG v. Wong*, No. 09-1786, 2013 U.S. Dist. LEXIS 40628, at *16 (W.D. Wash. Mar. 22, 2013)("because Mr. Sherer is not yet a party to this action and has not filed a motion to intervene, his standing to contest Plaintiff's motion is, at best, dubious")(citations and quotations omitted); *Abraham v. Hampton Inn Corp.*, No. 18-2137, 2018 U.S. Dist. LEXIS 95836, at *4 (D. Kan. June 7, 2018)("[a]s an initial matter, the court notes the proposed defendants have not established standing to object to plaintiff's motion[, and as such,] [t]hey are not current parties to this action, nor have they moved to intervene for the purpose of opposing plaintiff's motion"); *Smith v. TFI Family Servs.*, No. 17-2235, 2019 U.S. Dist. LEXIS 61203, at *7 (D. Kan. Apr. 10, 2019)("this Court recognizes that some courts, despite the lack of standing, will consider a non-party's opposition to a motion to amend because the non-party could have moved to intervene under Rule 24(b)"); *see also Hoedel v. Kirk*, No. 19-2443, 2020 U.S. Dist. LEXIS 70611, at *4-5 (D. Kan. Apr. 22, 2020).

    I am persuaded that since the Proposed Intervenors filed a motion to intervene, they are not precluded from filing an opposition on the basis that they lack standing—as non-parties—to do so. Before I can proceed to address the motion to intervene, a procedural issue remains—whether the Proposed Intervenors need to establish Article III standing to intervene.

"[A]n intervenor of right[, under Fed. R. Civ. P. 24(a),] must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town of Chester, New York v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017).[2] "Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation." *Id.* at 1650 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)); *Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020). Here, the question presented is whether ES and Accredo are pursuing relief "different from" that which is sought by the parties in this case, *i.e.*, Plaintiff or SaveOnSp, LLC ("Defendant").

The Proposed Intervenors argue that that since they do not seek any relief "different from" Plaintiff or Defendant, standing is not required for intervention. I agree. Indeed, ES and Accredo "seek[] the same relief as [Defendant] (*i.e.*, ultimately the dismissal of this case), and thus . . . they [do not] have to prove separate Article III standing." *Hoedel*, 2020 U.S. Dist. LEXIS 70611, at *4 (finding that the proposed defendants, although non-parties, have moved to intervene for the purpose of opposing plaintiffs' motion and that they do not need to separately show standing). And, where an intervenor merely intends to oppose the relief that a plaintiff requests, there is no "additional relief" being pursued, and as a result, the proposed intervenor need not

---

[2] The Supreme Court, in *Town of Chester*, resolved a circuit split on this standing question. Prior to this case, the Third Circuit adopted the majority rule that a proposed intervenor need not independently satisfy Article III standing. *See King v. Governor of State of New Jersey*, 767 F.3d 216, 245-46 (3d Cir. 2014)(explaining split of authority, compiling cases, and holding that intervenors "need not demonstrate Article III standing in order to intervene").

demonstrate independent Article III standing. *Gerschel v. Bank of Am., N.A.*, No. 20-5217, 2021 U.S. Dist. LEXIS 79191, at *8 n.8 (S.D.N.Y. Apr. 26, 2021); *Doe v. The Taliban*, No. 22-990, 2023 U.S. Dist. LEXIS 120155, at *14-15 (N.D.N.Y. July 12, 2023).

I will next determine whether intervention is appropriate under Rule 24.

## II. Intervention as of Right

Federal Rule of Civil Procedure 24(a) provides "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Here, the Proposed Intervenors proceed under subsection (a)(2).

It is well-settled that Rule 24(a)(2) requires the following four elements to be met when seeking intervention as of right: (1) a timely application for leave to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (4) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998); *Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995); *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 161-62 (3d Cir. 1995).

5

### A. Timeliness

"The timeliness of a motion to intervene is determined from all the circumstances and, in the first instance, by the [trial] court in the exercise of it[s] sound discretion." *Mountain Top*, 72 F.3d at 369 (citations and quotations omitted). The mere passage of time does not render intervention untimely. *Id.* Instead, courts may analyze three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay, if any. *Id.*; *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016). "These three factors are necessarily bound up in one another[.]" *Wallach*, 837 F.3d at 371.

Under the first factor, the relevant inquiry is "what proceedings of substance on the merits have occurred?" *Id.* (citation and quotations omitted). "To the extent the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights," *U.S. v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994), or "the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of the Commonwealth of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012)(citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). As a threshold, "[i]f [the motion to intervene] is untimely, intervention must be denied." *NAACP v. New York*, 413 U.S. 345, 365 (1973). However, the Third Circuit has cautioned that it maintains "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *Benjamin ex rel*, 701 F.3d at 949.

Here, Plaintiff argues that the Proposed Intervenors' application is untimely because it comes almost two years after the filing of the original complaint, which references both ES and Accredo by name, and over a year after being served third-party subpoenas in connection with this suit.[3] On the other hand, the Proposed Intervenors argue that they promptly moved to intervene—one week after Plaintiff filed the motion to amend, at which point they knew of their risks. In other words, the Proposed Intervenors maintain that it was the motion that put them on notice of its interest in the case, and not the original complaint expressly referencing them in the context of SaveOnSP's alleged conduct or service of the subpoenas.

As to the stage of litigation, this factor tips in favor of finding timeliness. While discovery has commenced, neither document exchange or depositions have been completed, and expert discovery will not take place for some time. Thus, I find that, on balance, this suit is not sufficiently advanced to weigh against granting the intervenor motion.

The other two timeliness factors—reason for delay and prejudice to the parties— also point in the same direction.[4] As indicated above, delay should be measured from the point at which the Proposed Intervenors knew of the risk to their rights. While ES and

---

[3] On January 17, 2023, Plaintiff served third-party subpoenas on ES and Accredo. When Plaintiff determined that these entities failed to comply, it filed motions to compel in their respective home states in Eastern District of Missouri and the Western District of Tennessee. According to Plaintiff, ES and Accredo refused to proceed in the District of New Jersey in connection with the subpoenas. *See* Sandick Decl. ¶¶ 6-11.

[4] Defendant does not oppose the Proposed Intervenors' application.

7

Accredo were referenced in the complaint and were served with third-party subpoenas, Plaintiff did not take any action to bring claims against them. Whether because Plaintiff waited to do so or discovery unveiled evidence against them as Plaintiff asserts, the result is the same: the Proposed Intervenors had no reason to believe that they would be brought into this suit by way of affirmative claims, particularly since every indication (*e.g.*, serving third-party subpoenas and litigating them in separate districts) from Plaintiff, up until the filing of the motion to amend, suggested Plaintiff would not bring suit against ES and Accredo. *See Wallach*, 837 F.3d at 376-77 ("timeliness cannot hinge on requiring litigants and their attorneys to divine the intent behind . . . their opponent's" actions). Rather, the clock started to run when Plaintiff filed a proposed amended complaint that placed the Proposed Intervenors on notice that their rights are at risk. Shortly thereafter, the Proposed Intervenors filed their motion to intervene. *See Hoedel*, 2020 U.S. Dist. LEXIS 70611, at *6 (finding that timeliness is met since "Proposed intervenors filed their motion to amend on March 20, 2020, in response to plaintiffs' motion for leave to amend to add them as defendants on March 3, 2020"). Thus, I find that the application is timely.

  **B.** **Sufficient Interest in Litigation**

The Third Circuit has advised that under Rule 24(a)(2), the interest at stake "must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top*, 72 F.3d at 366 (internal citations and quotations omitted). Such interest must be "significantly protectable," which means the intervenor must present "a tangible threat to a legally cognizable interest." *Id.* (internal citations and quotations omitted).

8

Generally speaking, "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Id.* (citations omitted). In sum:

> the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated. The facts assume overwhelming importance in each decision.

*Kleissler*, 157 F.3d at 972.

Here, unlike timeliness, the Proposed Intervenors cannot show that they have a legally cognizable interest. As potential defendants, the Proposed Intervenors argue that they have substantial interests that are specific to them and not remote, because Plaintiffs' proposed claims against them are directed at a product used by their clients that would impact their work with those clients. I do not disagree that the Proposed Intervenors would have an interest in this lawsuit if Plaintiff were permitted to amend its complaint to add ES and Accredo as defendants. However, for the purpose of this application, the focus is not on the potential claims, but rather, whether the Proposed Intervenors have a significant interest in *opposing* Plaintiff's motion to amend, which is the very reason why they are seeking to intervene. This is not the type of protectable interest that would justify intervention under Rule 24(a)(2), because the Proposed intervenors—like any other defendants in a civil suit—have the opportunity to file a motion to dismiss should they be added as defendants. The Proposed Intervenors' citations to various authorities do not counsel otherwise.

First, the Proposed Intervenors cite to *Kleissler*. In that case, the Third Circuit held that those who were not named as defendants, but had financial interests in the outcome of the litigation, had sufficient interest to intervene as of right under Rule 24. *Kleisser*, 157 F.3d at 968, 973. As Plaintiff points out, the intervenors there sought to enter the litigation to protect their economic interests, and absent the intervention, they would be sidelined and unable to defend their interests. Here, the Proposed Intervenors are seeking to merely oppose the motion to amend; unlike those intervenors in *Kleisser*, ES and Accredo would have an opportunity to challenge any claims against them by filing a motion to dismiss.[5]

The Proposed Intervenors also cite to *Cooley v. Lisman*, No. 16-4499, 2019 U.S. Dist. LEXIS 234842 (D.N.J. Feb. 27, 2019), which warrants discussion. In *Cooley*, the plaintiff sought to join an individual to the suit pursuant to Fed. R. Civ. P. 19 and 20 (joinder and permissive joinder, respectively), and that individual moved to intervene solely for the purpose of opposing the motions to join. *Id.* at *3-4. Because the plaintiff did not oppose the intervention motion, the court conducted a cursory analysis of the intervention factors. *Id.* at *8. More importantly, while the court indicated that "it is not unheard of" in other districts that a non-party has been permitted to intervene to oppose certain motions, *id.*, the court nonetheless did not examine the relevant factors and case law to determine the appropriateness of intervention. What the *Cooley* court did not mention, which I find dispositive here, is that the intervenor in *Cooley* would not have another

---

[5] Similarly, the intervenors in *Pennsylvania v. President United States*, 888 F.3d 52 (3d Cir. 2018), who were also not named as defendants, sought to intervene in the case to protect their religious exemption that might have been impaired by the outcome of the litigation. *Id.* at 58.

10

opportunity to oppose being joined as a party—unlike here where ES and Accredo may file a motion to dismiss should they be added as defendants.

Indeed, under Rule 19, the court examines the allegations in the operative complaint in deciding whether joinder would be appropriate, *id.* at *10, and the court must also examine, *inter alia*, the propriety of joinder vis-à-vis subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a)(1)("Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party . . . ."). In making such a determination, a court necessarily makes decisions that would have preclusive effect, depriving the party sought to be joined the opportunity to weigh in on those considerations and be bound by them if joinder were granted. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 226 (3d Cir. 2005)(finding that intervention may be appropriate when "a determination of the action in the applicants' absence will have a significant *stare decisis* effect on their claims") (quoting *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992)). On the other hand, the Proposed Intervenors, here, may move to dismiss based on various provisions of Rule 12(b). Accordingly, I find *Cooley* not only distinguishable, but it is unhelpful to the Proposed Intervenors' position.

Instead, I find a recent case in this district, *McGrath v. Rainbow Pediatrics*, P.C., No. 19-4714, 2022 U.S. Dist. LEXIS 241436 (D.N.J. Aug. 12, 2022), more closely analogous.[6] In

---

[6] Aside from *Cooley*, which I have distinguished, the Proposed Intervenors cite to out-of-district court cases that have found that intervenors have a right to oppose a motion to amend adding them as defendants. *See Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*, No. 21-346, 2022 U.S. Dist. LEXIS 214692 (S.D. Ga. Nov. 29, 2022); *Innovative Biometric Tech., LLC v. Lenovo (U.S.), Inc.*, 2010 U.S. Dist. LEXIS 146955 (S.D. Fla. Sept. 10, 2010). I am aware that these decisions cut the other way, but because applications

11

that case, the court denied a party's motion seeking to intervene for the limited purpose of opposing the plaintiff's motion for leave to file a second amended complaint, which sought to add the proposed intervenor as a defendant. After analyzing the intervention factors, the court explained:

> The Court finds Advocare's interest in opposing the pending motion to amend is legally insufficient to form the basis for intervention as of right under the circumstances. It cannot be said that Advocare is seeking to intervene for the purpose of safeguarding a "significantly protectable" legal interest as the term has been historically understood. More accurate, it wants to intervene as a pre-emptive measure to avoid being named in the litigation entirely. This purported interest is clearly distinct from the types of protectable interests identified in *W.R. Grace & Co.*[, 185 F.R.D. 184 (D.N.J. 1999)] as being sufficient to justify intervention as of right. *See W.R. Grace & Co.*, 185 F.R.D. 184.[7] . . . But critically, "[t]he Third Circuit Court of Appeals defines 'sufficient interest' narrowly for purposes of Rule 24(a)(2)." *Allied World Ins. Co. v. Kenney & McCafferty, P.C.*, No. 20-00469, 2020 U.S. Dist. LEXIS 95663, 2020 WL 2839098, at *2 (E.D. Pa. June 1, 2020). With the benefit of this perspective and bearing in mind that no controlling caselaw has been identified to support that the term "significantly protectable interest" (*see Mountain Top*, 72 F.3d at 366) may be co-opted to facilitate this type of unique procedural maneuver, the Court finds Advocare's position unavailing.

---

pursuant to Rule 24 are highly fact-sensitive, this motion turns on the totality of circumstances raised by the parties here. Moreover, far from being an outlier, *McGrath* is not the only decision that has denied an application in this context. *See*, *infra*. Lastly, neither the Court nor I, as the Special Master, is bound by those cases; rather, being more recently decided in this district, I find that *McGrath* has more persuasive value.

[7]  In *W.R. Grace & Co.*, the court delineated the following situations where courts have found sufficient interest to justify intervention as of right: (1) where the action will affect the intervenor's rights through the action of stare decisis; (2) where the contractual rights of the intervenor will be adversely affected; (3) where violations of the intervenor's statutory or constitutional rights are asserted; (4) where the intervenor's right to contribution will be limited; or (5) where the intervenor's property values would be adversely affected. *W.R. Grace & Co.*, 185 F.R.D. at 189.

*McGrath*, 2022 U.S. Dist. LEXIS 241436, at *7. *McGrath*'s reasoning accords with my mine. As such, the Proposed Intervenors fail to raise a sufficient legal interest in this litigation to justify intervention. The application based on intervention as of right could be denied on this basis alone, but for purposes of completeness, I will discuss the remaining factors. *See Liberty Mut.*, 419 F.3d at 227 ("However, as we explained above, Appellants have not established a sufficient interest to intervene as of right. Therefore, we do not proceed to the impairment inquiry.").

### C.     Threat to Legal Interest

Even if the Proposed Intervenors were able to identify a sufficient legal interest, they have nonetheless failed to demonstrate that their interest will be impaired or affected by the disposition of the action. *See Liberty Mut.*, 419 F.3d 216 at 220. "In order to prove an interest is impeded, the third part of the intervention test, the applicant must demonstrate a tangible threat to [its] legal interest." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 n.15 (3d Cir. 1994)(internal quotations omitted). In other words, a proposed intervenor must demonstrate that his or her interest "might become affected or impaired, as a practical matter, by the disposition of the action in [his or her] absence." *See Mountain Top*, 72 F.3d at 368 (citing *Alcan Aluminum, Inc.*, 25 F.3d at 1185 n.15). In making this determination, courts must "assess the practical consequences of the litigation, and may consider any significant legal effect on the applicant's interest." *Brody*, 957 F. 2d at 1122 (citations and quotations omitted). "It is not sufficient that the claim be incidentally affected; rather, there must be 'a *tangible* threat' to the applicant's legal interest." *Brody*, 957 F. 2d at 1123 (emphasis added); *Benjamin ex rel.*, 701 F.3d at 951.

Here, the Proposed Intervenors argue that their interest in raising arguments that can only be raised in opposition to Plaintiff's motion to amend would be impaired if not permitted to intervene. More specifically, ES and Accredo seek to oppose Plaintiff's amendments not only on futility grounds, but also on bases of undue delay and prejudice under Rule 15(a), which, admittedly, are factors outside of a Rule 12(b) motion. In the Proposed Intervenors' Reply Brief,[8] they fully lay out their position on Plaintiff's alleged undue delay, bad faith and dilatory tactics, as well as prejudice, which are all arguments typically raised in an opposition to a motion to amend. In so doing, the Proposed Intervenors maintain that if they are denied intervenor status, they would be barred from being heard on these issues. The merits of those issues aside—which I cannot weigh on this motion—the relevant inquiry here is whether ES's and Accredo's legal interest would be impaired. I answer that question in the negative.

At the outset, I acknowledge that the Proposed Intervenors would not be able to argue the traditional Rule 15(a) factors, except for futility, in a motion to dismiss under Rule 12(b). However, according to the plain language of Rule 15, as proposed defendants, they may not avail themselves of the procedural mechanisms under Rule 15. Rule 15(a)(2)

---

[8] Plaintiff requests that I strike the Proposed Intervenors' Reply Brief because it includes additional facts and law that were not raised by Plaintiff's Opposition, and because the Reply Brief violates the formatting requirements set forth in L. Civ. R. 7.2(d). While the Reply Brief discusses in detail the prejudice and delay prongs of a motion to amend, the Moving Brief does in fact also raise them as issues. I would have permitted Plaintiff to submit a sur-reply if it would have been helpful to me. Additionally, I agree that the Reply Brief clearly violated Rule 7.2(d). In that regard, I caution counsel to be mindful of the Local Rules when making submissions to the Court, but I will not strike the Brief on that basis.

states: "Other Amendments. In all other cases, a party may amend its pleading only with the *opposing party's* written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)(emphasis added). As clearly stated, the opposing party referenced in Rule 15 is one already involved in the litigation. Indeed, as discussed *supra*, a non-party would not have standing to consent under Rule 15(a)(2). Therefore, Rule 15 does not address the consent of a non-party to be sued, making it inappropriate to allow a non-party intervenor the right to be part of the Rule 15 amendment process.

On this point, the court in *McGrath* noted:

> [I]t is well established that while a motion for leave to amend must be given to all other parties to the action, counsel need not notify nonparties potentially interested in the motion. If a motion seeks leave to amend to name additional parties, those parties are not entitled to notice, and they have no absolute right to participate in the motion hearing until they are formally added to the litigation through a granted amendment . . . . Accordingly, where the Rules of Civil Procedure do not even require a plaintiff to notice proposed new parties to a lawsuit and Advocare has cited no controlling Third Circuit precedent for its position, the Court declines to make the leap suggested by Advocare that intervention as of right is warranted.

*McGrath*, 2020 U.S. Dist. LEXIS 241436, at *9; *see also Traer v. Domino's Pizza LLC*, No. 21-6187, 2023 U.S. Dist. LEXIS 116723, at *16 (C.D. Cal. Jan. 11, 2023)("intervention is not necessary to protect the New Defendants' interests. The New Defendants will be entitled to raise their arguments against inclusion in this action via a motion to dismiss").

Moreover, I do not find that the Proposed Intervenors' legal interests would be impaired or affected. Indeed, the complained-of threat of being named as defendants in this case is merely hypothetical—not tangible—at this juncture, because Plaintiff's motion

15

to amend has not been granted and Defendant has strenuously opposed the motion. In that regard, as a practical matter, there are no significant legal effects at stake. If ES and Accredo were to become defendants, they would have the opportunity to utilize the legal processes available to them, such as filing a motion to dismiss, to defend their interests.

### D.     Adequate Representation

Finally, an intervenor must show its interests are not adequately represented by the existing parties to the litigation. Fed. R. Civ. P. 24(a)(2). Representation is considered adequate unless: (1) the interests of the parties diverge sufficiently and the existing party cannot devote proper attention to the intervener's interests, even if the intervener's interests are similar to those of a party; (2) there is collusion between the representative party and the opposing party; or (3) the representative party is not diligently prosecuting the suit. *In re WELLBUTRIN XL*, 268 F.R.D. 539, 547 (E.D. Pa. July 21, 2010)(citation omitted).

Here, the Proposed Intervenors argue that Defendant cannot adequately raise all of the Rule 15 arguments, including undue delay, prejudice and bad faith, because Defendant lacks critical background or involvement in the facts underlying these arguments. While I agree that Defendant may not be in the best position to argue on behalf of ES or Accredo as to the fact-sensitive elements of Rule 15, *see infra*, I have seen the zealous advocacy that Defendant has mounted in this case, and I have the benefit of reviewing Defendant's opposition to Plaintiff's motion to amend. I find that, for the purposes of Rule 24(a), the Proposed Intervenors' interests are adequately represented.

16

In conclusion, after weighing all relevant factors, I do not find that intervention as of right is appropriate here. That said, I do find that based on the unique circumstances of this case, permissive intervention is warranted.

### III. Permissive Intervention

The Proposed Intervenors also seek to intervene under Rule 24(b). Fed. R. Civ. P. 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . (1)(B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Indeed, permissive intervention is highly discretionary, and therefore, it is left to the sound judgment of the court. *Brody*, 957 F.2d at 1115. It is also "subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990); *Woodland Private Study Grp. v. N.J., Dep't of Envtl. Prot.*, 616 F. Supp. 794, 799 (D.N.J. 1985); *see* 6 Moore's Federal Practice - Civil § 24.10 (2021).

As a matter of procedure, based on my discussion above, it is certainly not advisable, or generally a good policy, that a proposed defendant seek to oppose a motion to amend by intervening in a case. Unsurprisingly, there is a dearth of case law on motions to intervene filed in this exact procedural posture. It is not a typical motion filed by a non-party, proposed defendant. Indeed, by doing so, the non-party would be circumventing the traditional process of service, answering or moving for dismissal under Rule 12(b). Here, while I am mindful of those considerations, under Rule 24(b), I have wide discretion to view the totality of circumstances and consider fairness and

judicial economy, and based on those principles, I find permissive intervention warranted.

First, the permissive factors are met. As I have discussed *supra*, the Proposed Intervenors' application is timely because they submitted it approximately one week after the motion to amend was filed by Plaintiff, which motion put them on notice of the potential risks. The proposed amended complaint seeks to bring tortious interference claims against ES and Accredo, as well as a civil conspiracy claim against them and Defendant. Based on the allegations, there is no dispute that the Proposed Intervenors have a "claim or defense" that has a question of law or fact in common with the original action. And, there would be no prejudice to the parties, since the Proposed Intervenors are seeking to oppose the motion to amend that will be considered alongside the existing parties' briefing.

I do not grant this application for permissive intervention lightly. Other than the above-factors, I find that the facts of this case counsel in favor of intervention. Based on the allegations of the original Complaint, Plaintiff clearly knew of the alleged involvement of ES and Accredo in the SaveOnSP programs. Indeed, Plaintiff alleges that "SaveOnSp advertises and administers its program . . . in partnership with pharmacy benefits manager Express Scripts, Inc. [] and specialty pharmacy Accredo . . . ." (Compl. ¶ 28.) As Pharmacy Benefits Mangers, Plaintiff alleges that ES and Accredo "have presided over the rise of high cost-sharing insurance plans, which feature higher than usual deductibles, copays, and co-insurance. In essence, these plans pressure patients to limit their medical expenses by covering the full cost only after significant contributions by the

18

patients." (*Id.* ¶ 39.) Plaintiff claims that its CarePath program assists patients with those costs. Plaintiff further alleges that in partnership with ES and Accredo, Defendant's program seeks to "drain patient assistance programs like [Plaintiff's] CarePath by increasing patient out-of-pocket costs in a manner that serves no end other than to maximize profits for SaveOnSp and its partners," and these entities work with each other to induce patients to enroll in Defendant's program. (*Id.* ¶¶ 51-52, 62-63); (*See id.* at ¶ 63 ("adding to the pressure placed on patients, Accredo actually rejects the patient's claim for their prescription medication at the point of sale in order to transfer them to SaveOnSP, even though that medication is covered by the patient's insurance. Plaintiff cites to various websites and documents belonging to ES").) Plaintiff also cites, and relies, on ES's and Accredo's documents in asserting its claims against Defendant.

There is little doubt that Plaintiff—at the time it filed the original complaint—had some knowledge of the roles that ES and Accredo allegedly played in Defendant's purported scheme. In fact, Plaintiff sought documents from these entities by way of third-party subpoenas and litigated them when disputes arose. Yet, Plaintiff waited until almost two years into this litigation to bring claims against the Proposed Intervenors, albeit Plaintiff posits that discovery has given it the basis for asserting these claims against them.[9] Nonetheless, to limit the Proposed Intervenors from challenging Plaintiff's motion solely on futility grounds—without the additional bases of undue delay, bad faith

---

[9] To be clear, by making these comments, I am in no way assessing the unduly delay or bad faith elements under Rule 15(a) in connection with the motion to amend. Rather, based on these facts, I am simply providing the Proposed Intervenors an avenue to address those factors by filing an opposition to Plaintiff's motion.

and prejudice—would be inequitable. No less important, to permit the Proposed Intervenors to file an opposition would promote judicial economy; by directly filing an opposition, the Court need not separately entertain both Defendant's opposition to Plaintiff's motion to amend and the Proposed Intervenors' eventual motion to dismiss; instead, the resolution of the motion to amend will resolve all of the parties' various arguments at once. Accordingly, in the interests of fairness and judicial economy, I will exercise discretion to grant permissive intervention pursuant to Fed. R. Civ. P. 24(b).

ES and Accredo shall submit their opposition to Plaintiff's motion to amend by May 20, 2024; Plaintiff may reply by May 29, 2024. After briefing, I will schedule oral argument on Plaintiff's motion to amend in June.

      /s/ Freda L. Wolfson
      Hon. Freda L. Wolfson
      Special Master