

**Freda Wolfson**
Chief U.S. Dist. Judge (ret.)
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: **(862) 926-2708**
**F**: **(973) 597-2400**
**E**: **fwolfson@lowenstein.com**

# LETTER ORDER

May 9, 2024

*VIA ECF*
TO ALL COUNSEL OF RECORD

    **RE:**    ***Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC***
            **Civ. Action No.: 22-2632(JKS)(CLW)**

Counsel:

On April 29, 2024, I received Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("Plaintiff") letter request to enforce my April 10, 2024 Order ("April Order") and compel Defendant SaveOnSp, LLC ("Defendant") to produce documents regarding its "Adapt program." (*See* Dkt. 266.) Since then, Defendant has responded to the Letter and Plaintiff has further replied. As this Letter Order concerns a limited issue, I will not belabor the facts that are already well known to the parties.

Plaintiff's request relates to the portion of the April Order that dealt with Plaintiff's original motion to compel production of documents under RFPs 99, 102 and 103, which sought approximately 5,000 pages of documents concerning the alleged harmful impact of Defendant's advised programs on patients and their healthcare costs. According to Plaintiff, those documents may relate to, *inter alia*, Defendant's alleged recent efforts to mislead patients and to prevent Plaintiff from detecting and preventing Defendant from doing so. In that connection, the April Order specifically references the newly created "Adapt program," which, Plaintiff claims, may harm patients on high deductible health plans by increasing their required out-of-pocket healthcare expenditures. Plaintiff further claims that Defendant created this program to modify the way its

1

program applies to patients enrolled in high deductible health plans, potentially depriving them of the benefit of manufacturer patient assistance until they have met their deductible. (April Order, pp. 5-6.)

Prior to the filing of the original motion to compel, Plaintiff asked Defendant to run three separate search strings that included terms such as high deductible, out-of-pocket and patient cost; they all relate to the subject matter discussed above. Indeed, Defendant's search of those terms identified over 5,000 [1] documents. Because Defendant refused to review or produce those documents, Plaintiff filed its motion to compel. After the issuance of the April Order, Plaintiff proposed additional terms—that were not included in the original search strings prior to the filing of the motion to compel—for Adapt-related documents ("New Terms").[2] The parties' dispute, here, centers on the New Terms.

I disagree with Plaintiff's position that the April Order, or any of my comments made during the hearing, can be interpreted to have permitted additional search terms or strings that include the term "Adapt." While, unmistakably, I discussed and found that discovery with regards to the Adapt program is relevant, I did not consider whether the New Terms are appropriate as those terms were proposed after I issued the April Order. To be clear, the universe of documents that the April Order referred to in this context only contains those documents that Defendant identified using the search terms proposed by Plaintiff before the motion to compel was filed. That

---

[1] According to Defendant, due to a processing error, the actual number of documents was over 16,000.
[2] Defendant states that a search of the following terms resulted in 3,627 additional documents that it has refused to review or produce: ("Adapt" w/50 ("High Deductible Health Plan" OR HDHP OR HSA OR "Health Savings Account" OR copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR DED OR co-ins* OR coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")).

was made clear by the footnote on page 6 of the April Order, which states: "Because the documents responsive to RFPs 99, 102 and 103 have been identified by Defendants, I need not address the appropriate search terms for these requests." (April Order, p. 6.) According to Defendant, those documents were timely produced on April 30, 2024. (*See* Def.'s Prod. Ltr. dated Apr. 30, 2024, Def. Ex. 1.)

Next, I address propriety of the New Terms. Defendant takes issue with those terms because they are overboard and unduly burdensome. It reasons that not only would the New Terms capture all documents that contain the common word "adapt," but there is no basis to search for adapt program-related documents going back to April 2016 since the program was developed in 2023. I decline to consider the appropriateness of the New Terms as the parties have not conferred on them. While I appreciate Defendant's position that the search and production of documents under the New Terms are not expressly the subject of the April Order, Defendant is nonetheless required to meet and confer with Plaintiff on those terms before I hear substantive arguments on burden or scope. That said, to aid the parties during the negotiations of the New Terms, I will provide some suggestions.

First, while I believe it is not necessary for the search of adapt program-related documents to go back to 2016, it is certainly plausible that documents prior to 2023, (*e.g.*, 2022), would shed light on certain communications regarding the implementation and purpose of the Adapt program. Indeed, I have made similar rulings regarding the CarePath program. Second, I have some concerns on the tightness or closeness of the word "adapt" to other relevant terms. In my view, at this time, w/50 may be overly board. Third, as to burden, although Defendant maintains that it is burdensome to review an additional 3,627 documents, some of those documents may have already been

3

produced in the first batch of production on April 30, 2024. To the extent there are any duplications, that may ease the burden.

To conclude, I direct the parties to meet and confer on the Adapt program-related terms by May 17, 2024. Should the parties reach an agreement on those terms, Defendant is directed to search, review, and produce any relevant, non-privileged documents by May 31, 2024. If the parties are at an impasse after the meet and confer, they may promptly seek my intervention.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master