# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Jeremy M. Sternberg
+1 617-854-1476
Jeremy.Sternberg@hklaw.com

March 8, 2024

*Via E-mail*

Harry Sandick
Katherine Brisson
Patterson Belknap
1133 Avenue of the Americas
New York, NY 10036

   Re: <u>Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC</u>

Dear Harry and Katherine:

  We write in response to your letter dated February 23, 2024, in which, among other things, you request that Accredo add another custodian to its review and production list and provide documents from a newly identified platform called ▇▇▇▇. Before addressing those particular requests, it is critical to stress that Accredo is not a party to the lawsuit that your client brought in federal court in New Jersey against SaveOn. Rather, Accredo is a non-party and you have issued a non-party subpoena to Accredo to which Accredo has responded in accordance with the order from the court in Memphis. The same is true for Express Scripts (responding in accordance with the order from the court in St. Louis).

  We have reached the point at which the requests from your client have stretched well beyond anything contemplated by the protections afforded to non-parties by Rule 45. Your request for Accredo to add ▇▇▇▇▇▇▇ to the custodian list, which entails an expensive process with eDiscovery vendors and then lawyer review is a prime example. ▇▇▇▇▇▇▇ is merely incremental to the multiple key custodians that we have pulled, reviewed and produced. And, as we previously explained, we do not expect ▇▇▇▇▇▇▇ files to contain unique documents over what we already have produced. Your request is akin to what one might ask for (and perhaps not even be entitled to) in party discovery, but is not at all reasonable in the context of third party discovery. You have made no showing that what you have already received from the core custodians is not sufficient. Rather, your request seeks more merely based on titles and job

Harry Sandick
Katherine Brisson
March 8, 2024
Page 2

descriptions and ignores the fact that we have already produced the documents from the core custodians.

Similarly, your request for underling ▊▊▊▊ messages, while acknowledging that you have been produced the summaries, is on its face just an effort to further rummage around in Accredo's documents, at Accredo's burden and expense, with not even a suggestion of how that effort would be even incrementally more responsive to what has already been produced.

Accredo and Express Scripts have by now spent over six hundred and fifty thousand dollars ($650,000.00) and counting in responding to the non-party subpoenas. This includes sums spent on Consilio, an eDiscovery vendor, which as of this date exceed $470,000, and outside counsel (both our firm and Husch Blackwell). The time has come for our clients to obtain the protection afforded by Rule 45(d) which protects them from significant expense and undue burden and permits the recovery of their costs and fees. This includes, but is not limited to, the specific protections provided by Rule 45(d)(2)(B)(ii), which orders a court to protect non-parties from "significant expense resulting from compliance" with a court order. The expenses already incurred by Accredo (and Express Scripts) are more than significant and have veered into the extreme for responding to a non-party subpoena.

Before we seek relief from the court, we would like to provide you and your client with an opportunity to discuss and resolve both the burden and fee issue. Let's find a mutually convenient time next week to do so. Please let us know some times that work for your team on Wednesday or Thursday of next week.

Very truly yours,

HOLLAND & KNIGHT LLP

/s/Jeremy M. Sternberg

Jeremy M. Sternberg

cc:   Sarah Hellman
      Kate Ledden
      Andrew Solinger
      Emily Robey-Phillips

#244242274_v2