**Appendix B to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated March 6, 2024 [ECF No. 295] | Letter references Save On SP, LLC's ("SaveOn") marketing strategy and communications with patients, comprising proprietary business information. *See* ECF No. 295 at Ex. 2-10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 1 is JJHCS's tenth set of RFPs, which reference SaveOn's marketing strategy and communications with patients, comprising proprietary business information. *See* ECF No. 295 at Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the interrogatories is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 2 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 2 is an email thread between SaveOn and health plan partners, discussing SaveOn's services and comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | information. *See* ECF No. 295 at Ex. 2. | be disclosed to competitors and other market participants. | | | |
| Exhibit 3 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 3 is an email chain between SaveOn employees and SaveOn's lawyer discussing business strategy for certain health plans, comprising proprietary business information. *See* ECF No. 295 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 4 is an email chain between SaveOn employees and Express Scripts discussing the partnership of SaveOn with a health plan and comprising proprietary business information. *See* ECF No. 295 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 5 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 5 is an email chain between SaveOn and Express Scripts discussing the services SaveOn offers to health plans, comprising proprietary business information. *See* ECF No. 295 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 6 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 6 is a draft letter created by SaveOn for communicating about SaveOn's services to health plans, comprising proprietary business and marketing information. *See* ECF No. 295 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 7 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 7 is a draft letter created by SaveOn and Express Scripts for communicating about SaveOn's services to health plans, comprising proprietary business and marketing information. *See* ECF No. 295 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 8 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 8 is an email chain between SaveOn employees, discussing a compilation of marketing language used by SaveOn, comprising proprietary business information. *See* ECF No. 295 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 9 to letter dated March 6, | Exhibit 9 is an email chain between SaveOn employees and Express Scripts, discussing a compilation of marketing | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| 2024 [ECF No. 295] | language used by SaveOn, comprising proprietary business information. *See* ECF No. 295 at Ex. 9. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 10 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 10 is an email thread between SaveOn and health plan partners, discussing SaveOn's services and comprising proprietary business information. *See* ECF No. 295 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 11 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 11 is SaveOn's R&Os to JJHCS's fifth set of interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 295 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 12 is SaveOn's R&Os to JJHCS's tenth set of interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of | No | No objection |

4

| | | | | | |
|---|---|---|---|---|---|
| | marketing and comprising proprietary business information. *See* ECF No. 295 at Ex. 12. | be disclosed to competitors and other market participants. | SaveOn's proprietary business information. | | |
| Exhibit 13 to letter dated March 6, 2024 [ECF No. 295] | Exhibit 13 is a letter from counsel for SaveOn to counsel for JJHCS. The letter references SaveOn's relationship with Express Scripts, comprising proprietary business information. *See* ECF No. 295 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated March 15, 2024 [ECF No. 295] | Letter references SaveOn's marketing strategy and communications with patients, comprising proprietary business information. *See* ECF No. 295 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to letter dated March 15, 2024 [ECF No. 295] | Exhibit 1 is SaveOn's R&Os to JJHCS's fifth set of interrogatories, containing confidential information about SaveOn's business plans, partners, strategy, and marketing and comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes, *see* ECF No. 295 at JJHCS Ex. 11. | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| | business information. *See* ECF No. 295 at Ex. 1. | | | | |
| Exhibit 2 to letter dated March 15, 2024 [ECF No. 295] | Exhibit 2 is SaveOn's R&Os to JJHCS's first and second set of requests for production, containing confidential information about SaveOn's business plans, comprising proprietary business information. *See* ECF No. 295 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated March 19, 2024 [ECF No. 295] | Letter contains a reference to SaveOn's marketing strategy and materials, comprising proprietary business information. *See* ECF No. 295 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

6