**Appendix C to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated March 13, 2024 [ECF No. 298] | Letter contains: (1) direct quotation from JJHCS's RFP No. 95, which is based on confidential and proprietary business information JJHCS learned through discovery; (2) direct references to Save On SP, LLC's ("SaveOn") confidential marketing strategy and business plan, comprising proprietary business information, *see* ECF No. 298 Ex. 2, 6, 7, 8, 9, 11, 12, 13, 15, 16; and (3) a direct reference to JJHCS's prior filing, which quotes a confidential deposition transcript. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 2 to letter | Exhibit 2 is a confidential internal | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| dated March 13, 2024 [ECF No. 298] | SaveOn presentation about the division of its business that interacts with health plans, comprising proprietary business information. *See* ECF No. 298 at Ex. 2. | competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | available to prevent the disclosure of SaveOn's proprietary business in-formation. | | |
| Exhibit 6 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 6 is a confidential recording of a call between a SaveOn employee and a patient, comprising proprietary business information and confidential patient health information. *See* ECF No. 298 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 7 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 7 is a spreadsheet compiling information about SaveOn's correspondence with patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 298 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 8 to letter dated | Exhibit 8 contains an evaluation of an employee's phone call to | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | Yes. ECF No. 287 at Ex. 2. | No objection |

| March 13, 2024 [ECF No. 298] | a patient, comprising proprietary business information. *See* ECF No. 298 at Ex. 8. | should its proprietary non-public business information be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business in-formation. | | |
|---|---|---|---|---|---|
| Exhibit 9 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 9 contains an evaluation of an employee's phone call to a patient, comprising proprietary business information. *See* ECF No. 298 at Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 10 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 10 is a confidential deposition transcript of a SaveOn employee, containing direct and substantive reference to the contents of SaveOn's business plan. *See* ECF No. 298 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | Yes, ECF No. 287 at Ex. 3. | No objection |
| Exhibit 11 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 11 is a confidential email between SaveOn employees about a patient's medication, comprising information about SaveOn's business model. *See* ECF No. 298 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 12 to letter | Exhibit 12 is a confidential email | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| dated March 13, 2024 [ECF No. 298] | between SaveOn employees about a patient's medication, comprising information about SaveOn's business model. *See* ECF No. 298 at Ex. 12. | competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | available to prevent the disclosure of SaveOn's proprietary business in-formation. | | |
| Exhibit 13 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 13 is a confidential email between SaveOn employees about a patient's health plan, comprising information about SaveOn's business model. *See* ECF No. 298 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 15 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 15 is SaveOn's Responses & Objections to JJHCS's Third Set of Interrogatories. SaveOn marked its R&Os confidential because they comprise proprietary business information about SaveOn's business plan and strategy. *See* ECF No. 298 at Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 16 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 16 is a section of SaveOn's employee handbook, containing confidential proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | *See* ECF No. 298 at Ex. 16. | information be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 17 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 17 is a letter from counsel for JJHCS to counsel for SaveOn. Exhibit 17 contains (1) references to JJHCS's interrogatories, the bases for which are confidential documents obtained by JJHCS through discovery; and (2) references to SaveOn's confidentiality policies, comprising proprietary business information. *See* ECF No. 298 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 19 to letter dated March 13, 2024 [ECF No. 298] | Exhibit 19 is a letter from counsel for JJHCS to counsel for SaveOn. Exhibit 19 contains references to JJHCS's interrogatories, the bases for which are confidential documents obtained by JJHCS through discovery. *See* ECF No. 298 at Ex. 19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated March 21, | Letter contains: (1) confidential information about SaveOn's | If relief is not granted, SaveOn would be at a competitive disadvantage | A redacted, public version of the Letter is being | No | No objection |

| 2024 [ECF No. 298] | employee handbook and confidentiality policies—including their contents—comprising proprietary business information, *see* ECF No. 298 JJHCS Ex. 1; (2) references to confidential marketing strategies comprising proprietary business information, *see* ECF No. 298 SaveOn JJHCS Ex. 2; SaveOn Ex. 1, 2; and (3) information about the workplace conduct of a former SaveOn employee, comprising the disclosure of confidential SaveOn business information, *see* ECF No. 298, SaveOn Ex. 6, 7, 12. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 1 to letter dated March 21, 2024 [ECF No. 298] | Exhibit 1 is SaveOn's employee handbook, containing confidential proprietary business information. *See* ECF No. 298 at SaveOn Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 2 to letter dated March 21, 2024 [ECF No. 298] | Exhibit 2 is a section of SaveOn's employee handbook, containing confidential proprietary business information. *See* ECF No. 298 at SaveOn Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 6 to letter dated March 21, 2024 [ECF No. 298] | Exhibit 6 is an email exchange between a former SaveOn employee and his personal email address, sending confidential SaveOn information such as his evaluations, comprising proprietary business information. *See* ECF No. 298 at SaveOn Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 7 to letter dated March 21, 2024 [ECF No. 298] | Exhibit 7 is an email exchange between a former SaveOn employee and his personal email address, sending confidential SaveOn information such as his evaluations, comprising proprietary business information. *See* ECF No. 298 at SaveOn Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| Exhibit 10 to letter dated March 21, 2024 [ECF No. 298] | Exhibit 10 is an email correspondence and attachments sent by counsel for JJHCS to counsel for SaveOn. The email contains a link to a document server with documents obtained by JJHCS through a non-party subpoena. The documents were sent by a former SaveOn employee to his personal email address, in violation of SaveOn's policy and comprising confidential SaveOn business information. *See* ECF No. 298 at SaveOn Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the email is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to letter dated March 21, 2024 [ECF No. 298] | Exhibit 15 is SaveOn's Responses & Objections to JJHCS's Third Set of Interrogatories, which contain proprietary business information about SaveOn's business plan and strategy. *See* ECF No. 298 at Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes, in the same filing, *see* ECF No. 298 at JJHCS Ex. 15. | No objection |
| Letter dated March 25, | Letter contains: (1) direct references to SaveOn's enforcement of its employee handbook, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | A redacted, public version of the Letter is being filed. It is believed | No | No objection |

| 2024 [ECF No. 298] | comprising confidential and proprietary business information, *see* ECF No. 298, Letter dated March 21, 2024 at 18; ECF No. 298 at JJHCS Ex. 15; and (2) references to documents disclosing SaveOn's confidential marketing strategy, comprising proprietary business information, *see* ECF No. 298 at JJHCS Ex. 28, 29, 13, 30, 31, 32, 33. | non-public business information and strategy be disclosed to competitors and other market participants. | that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
|---|---|---|---|---|---|
| Exhibit 20 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 20 is a letter from counsel for JJHCS to counsel for SaveOn. The appendix to the letter references search terms JJHCS learned through review of SaveOn's confidential employee handbook during discovery, containing proprietary business information. *See* ECF No. 298 at JJHCS Ex. 20. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 21 to letter dated | Exhibit 21 is a letter from counsel for JJHCS to counsel for SaveOn. | If relief is not granted, SaveOn would be at a competitive disadvantage | A redacted, public version of the Letter is being filed. It is believed | No | No objection |

9

| March 25, 2024 [ECF No. 298] | The letter references SaveOn's response to JJHCS's interrogatory No. 18, which references SaveOn's confidential employee handbook disclosed to JJHCS during discovery, containing proprietary business information. *See* ECF No. 298 at JJHCS Ex. 21. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 22 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 22 is a letter from counsel for SaveOn to counsel for JJHCS. The letter references SaveOn's response to JJHCS's 95th and 96th requests for production, which references SaveOn's confidential employee handbook, containing proprietary business information. *See* ECF No. 298 at JJHCS Ex. 22. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 23 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 23 is a letter from counsel for JJHCS to counsel for SaveOn. The letter references SaveOn's response to JJHCS's 95th and 96th requests for production, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of | No | No objection |

| | which references SaveOn's confidential employee handbook, containing proprietary business information. *See* ECF No. 298 at JJHCS Ex. 23. | be disclosed to competitors and other market participants. | SaveOn's proprietary business information. | | |
|---|---|---|---|---|---|
| Exhibit 24 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 24 is a letter from counsel for SaveOn to counsel for JJHCS. The letter references SaveOn's response to JJHCS's 95th and 96th requests for production, which references SaveOn's confidential employee handbook, containing proprietary business information. *See* ECF No. 298 at JJHCS Ex. 24. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 28 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 28 is a series of emails between SaveOn's senior leadership discussing a possible interview with reporters and discussing what information to share or keep confidential, comprising proprietary business and marketing strategy. *See* | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | ECF No. 298 at JJHCS Ex. 28. | | | | |
|---|---|---|---|---|---|
| Exhibit 29 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 29 is a series of emails between SaveOn's senior leadership discussing strategy for responding to news articles about SaveOn, comprising proprietary business and marketing strategy. *See* ECF No. 298 at JJHCS Ex. 29. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 30 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 30 is a series of emails between SaveOn employees discussing a patient's medication and correspondence with the patient, comprising proprietary business information and confidential patient health information. *See* ECF No. 298 at JJHCS Ex. 30. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 31 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 31 is a series of emails between SaveOn employees discussing a business process for patients, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | information and confidential patient health information. *See* ECF No. 298 at JJHCS Ex. 31. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 32 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 32 is a series of emails between SaveOn and a patient discussing the patient's medication, comprising confidential SaveOn business information and confidential patient health information. *See* ECF No. 298 at JJHCS Ex. 32. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 33 to letter dated March 25, 2024 [ECF No. 298] | Exhibit 33 is an email between two SaveOn employees discussing a patient's medication, comprising confidential SaveOn business information. *See* ECF No. 298 at JJHCS Ex. 33. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |