

www.pbwt.com

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

March 25, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re:    **JJHCS's Motion to Compel Documents
> Responsive to Document Requests Nos. 95 and 96**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

We submit this reply letter in further support of JJHCS's motion seeking communications relating to measures SaveOnSP took to silence its current and former employees.  As JJHCS's opening brief explained, the communications sought by JJHCS's Requests for Production Nos. 95 and 96 (the "Requests"), which relate to the intent and enforcement of SaveOnSP's nondisclosure policies, are highly relevant and can be obtained through targeted discovery.

In its opposition brief, SaveOnSP admits using these policies, which it expanded after JJHCS filed this action, to threaten at least one whistleblower.  Similarly, SaveOnSP acknowledges that it put its nondisclosure policies at issue in this case:  when JJHCS asked SaveOnSP in an interrogatory to disclose measures it utilized to prevent current and former employees from communicating about its alleged misconduct, SaveOnSP's response pointed right to these policies.

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 2

Instead, SaveOnSP dedicates much of its opposition brief to defending the propriety of confidentiality policies in the abstract. *See* Opp. at 2, 6–7. This is a strawman, as even SaveOnSP eventually concedes. *Id.* at 6 ("J&J does not argue that SaveOn's confidentiality policies are somehow inappropriate . . . ."). JJHCS is simply asking that SaveOnSP produce communications relating to how it ***uses*** those policies, i.e., to muzzle whistleblowers and prevent the disclosure of information that is plainly relevant to JJHCS's claims in this litigation.

SaveOnSP also insists there is nothing to see here anyway, because it ███████████████ ████████████████████████████████████████████████████████████████████████████ ███████. *Id.* at 8. Apparently, Mr. Mighells drew SaveOnSP's ire after he offered to answer questions posted on Facebook by frustrated patients who reported being "more or less force[d]" into the SaveOnSP scheme. *See* SaveOnSP Ex. 5. But SaveOnSP's representation about its awareness of ███████████████ is worthless, given that it has refused to investigate whether there are others. *See, e.g.*, JJHCS Ex. 18 ("We also decline to conduct an investigation into the identities of individuals who did not sign SaveOn's confidentiality policies or against whom SaveOn enforced those policies, as the subject matter is irrelevant and conducting the investigation would be unduly burdensome."). In addition, by focusing on the word "enforce," SaveOnSP avoids the question whether it ***threatened*** to enforce the policy on other occasions, thereby deterring whistleblowers. And even if SaveOnSP "enforced" the policy only against Mr. Mighells, SaveOnSP still must produce internal discussions about using its confidentiality policies to prevent any disclosures of wrongdoing. SaveOnSP must investigate with its executives whether these discussions took place, which it has refused to do.

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 3

On burden, meanwhile, SaveOnSP mainly argues that it should not be forced to review 275,000 documents.  This is another strawman, since JJHCS has never asked SaveOnSP to do so.  All JJHCS is asking is that SaveOnSP design and run far more targeted searches, using the names of employees that SaveOnSP executives suspected or accused of speaking out, and the narrow windows of time in which those suspicions arose.  SaveOnSP refuses to even run the requested searches, and so cannot be heard to speculate about the burden of reviewing what they would yield.

## I.    The Requested Communications Are Relevant

As a reminder, JJHCS asks the Court to compel production of a small subset of documents that would be responsive to the Requests at issue.  JJHCS seeks only:  (1) communications regarding the reasons, goals, or motivations for the confidentiality policies or other confidentiality obligations; (2) communications relating to any contemplated or actual effort by SaveOnSP to discipline, fire, or sue any person it suspected of violating his or her supposed confidentiality obligations; and (3) communications regarding or with any employee who had refused or failed in a timely manner to sign the confidentiality policies or other confidentiality obligations.[1]

---

[1] SaveOnSP suggests that JJHCS did not sufficiently confer about this dispute.  *See* Opp. at 6.  The record refutes that charge.  JJHCS first wrote to SaveOnSP regarding the Requests five months ago.  *See* JJHCS Ex. 20, Oct. 25, 2023 Ltr. from S. Arrow to E. Snow.  On November 27, 2023, the parties met and conferred for the first time to address the scope of the Requests.  *See* JJHCS Ex. 21, Nov. 28, 2023 Ltr. from J. Long to M. Nelson.  Since then, the parties have exchanged at least nine letters and emails, *see, e.g.*, JJHCS Ex. 22, Dec. 15, 2023 Ltr. from E. Snow to J. Long; JJHCS Ex. 23, Dec. 18, 2023 Ltr. from S. Arrow to E. Snow; JJHCS Ex. 24, Dec. 29, 2023 Ltr. from M. Nussbaum to S. Arrow; JJHCS Ex. 17; JJHCS Ex. 25, Feb. 8, 2024 Ltr. from M. Nussbaum to S. Arrow; JJHCS Ex. 19; JJHCS Ex. 26, Feb. 22, 2024 Ltr. from M. Nussbaum to S. Arrow; JJHCS Ex. 27, Feb. 22, 2024 Email from S. Arrow to M. Nussbaum; JJHCS Ex. 18.  Throughout these negotiations, SaveOnSP rejected a proposed compromise by JJHCS and repeatedly refused to even investigate the underlying facts.  *See* JJHCS Ex. 17; JJHCS Ex. 18; JJHCS Ex. 25.  It is difficult to imagine a clearer example of impasse.

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 4

SaveOnSP uses its confidentiality policies as a pretext to threaten former employees engaging in garden-variety protected speech. *See* JJHCS Ex. 15 at 7; *see also* Opp. at 5–6. In fact, much of SaveOnSP's opposition brief is a sustained attack on one such former employee, Mr. Mighells. *See* Opp. at 3–6. SaveOnSP's submission only confirms the relevance of the requested communications. For example, SaveOnSP complains about three of Mr. Mighells's social media posts, but there is zero genuinely proprietary or confidential information or protected health care records in any of them.[2] *See id.* at 3–4.

Thus, notwithstanding all of SaveOnSP's throat-clearing about protecting patient "test results" and "medical records," in truth SaveOnSP is indeed using its policies exactly as JJHCS's motion asserted—as a tool to intimidate whistleblowers. SaveOnSP's counsel even threatened Mr. Mighells with heavy-handed claims for damages and attorney's fees, on the grounds that he allegedly gave "advice and assistance" to patients (perish the thought) and "publicly disparaged the SaveOnSP name and the services it provides." SaveOnSP Ex. 8 at 1.[3] This harassment

---

[2] In one social media post, discussed *supra* at p. 2, Mr. Mighells's supposed offense is that he explained aspects of the SaveOnSP program to confused and frustrated patients. *See* SaveOnSP Ex. 5. In another, Mr. Mighells simply shared the public complaint filed by JJHCS in this case. *See* SaveOnSP Ex. 4. The third (a LinkedIn post) does not mention SaveOnSP at all, although SaveOnSP apparently sees itself in it because Mr. Mighells wrote "#Iwontbesilenced" and "ididntsignshit." SaveOnSP Ex. 3. Assuming SaveOnSP's inference is accurate and Mr. Mighells is referring to his own refusal to sign its nondisclosure policy, communications about that episode would plainly fall under JJHCS's request for "communications regarding or with any employee who had refused or failed in a timely manner to sign the confidentiality policies or other confidentiality obligations." JJHCS Ex. 17.

[3] SaveOnSP's counsel also demanded that Mr. Mighells "cease and desist holding yourself out as an agent of SaveOnSP." SaveOnSP Ex. 8 at 1. That allegation appears to be false, since in the very posts SaveOnSP now cites, Mr. Mighells was clear that he no longer worked at SaveOnSP. *See* SaveOnSP Ex. 5 ("I used to be the training supervisor for SOSP.").

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 5

campaign is highly relevant.  As SaveOnSP acknowledges, ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ *See*

JJHCS Ex. 15 at 7.

Nor were these intimidation tactics occurring in a vacuum:  SaveOnSP's obsession with

controlling its former employees' speech appears to be one component of a larger strategy to evade

scrutiny, even as it misappropriated hundreds of millions of patient assistance dollars every year.

*See* Opening Br. at 2–3.  SaveOnSP now suggests that JJHCS "imagined" this strategy, Opp. at 2

n.2, ██████████████████████████████████████████████████████████████

███████████████████████████████████████████, *see, e.g.*, JJHCS Ex. 28,

SOSP_0256537 at -537 (████████████████████████████████████████); JJHCS

Ex. 29, SOSP_0176827 at -827 (████████████████████████████████████████

█████████████████████); *see also* Opening Br. at 2 n.2 (noting that Miller and

other SaveOnSP executives omit all mention of SaveOnSP in their LinkedIn profiles).

These efforts to control the flow of damaging information intensified after JJHCS filed this

lawsuit—when, for example, ██████████████████████████████████████████

███████████████████████████████████████████ *See* JJHCS Ex. 13.[4]  It was also

---

[4] SaveOnSP does not deny doing this, but claims that it has also gotten "very positive feedback" from patients in its program.  *See* Opp. at 2 n.2 (citing none).  In fact, publicly available information and SaveOnSP's own documents show that numerous patients have been harmed by SaveOnSP's scheme.  *See, e.g.*, Anndi McAfee, *SaveonSP's Copay Maximizer Failed Me:  A Patient's Perspective*, DRUG CHANNELS (Nov. 13, 2020), https://www.drugchannels.net/2020/11/saveonsps-copay-maximizer-failed-me.html ("If SaveonSP had not used all of my money, I probably would have continued on in sweet blissful ignorance.  But here I am again, expending precious time and energy to ensure that my drug gets into my body."); Darrel Rowland, *Patients*

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 6

during this post-complaint period that 

*Id.*

Communications about these changes show SaveOnSP's consciousness of guilt. They are relevant and should be produced.

SaveOnSP now posits that such communications are relevant only if it used its policies to "prevent employees from disclosing materials to J&J in discovery." Opp. at 7. But the case SaveOnSP cites for this proposition says nothing of the sort.[5] In any event, these materials are relevant even using SaveOnSP's excessively narrow test. JJHCS's ability to take discovery from knowledgeable former employees, or to even identify them, is stymied by SaveOnSP's

---

*already paying price for PBMs diverting copay cash meant for needy*, ABC 6 (July 21, 2023) https://abc6onyourside.com/news/local/patients-already-paying-price-pbms-diverting-copay-cash-meant-needy-health-healthcare-care-drugs-pharmaceuticals-prescriptions-patients-treatment ("I really didn't want to sign up for SaveOnSP but was left with no option when the copay was jacked up."); JJHCS Ex. 30, SOSP_0387608 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; JJHCS Ex. 31, SOSP_0472221 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; JJHCS Ex. 32, SOSP_0685665 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; JJHCS Ex. 33, SOSP_0703265 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

[5] In *Green v. Cosby*, the court compelled production of documents that the defendant claimed were subject to a confidentiality provision in a settlement agreement. 314 F.R.D. 164, 170 (E.D. Pa. 2016). The court noted, "No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off." *Id.* (citation omitted). But *Green* made no sweeping pronouncements about the relevance of confidentiality policies generally, much less communications ***relating to*** those policies, the subject of the instant motion.

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 7

nondisclosure policies and the legal threats it hurls at those it deems guilty of "disparag[ing] the SaveOnSP name." SaveOnSP Ex. 8 at 1.

SaveOnSP also suggests that its intimidation efforts were directed only at Mr. Mighells, but then hedges that this is the only example of which it is "aware." *Compare* Opp. at 3, *with id.* at 8. This is a critical distinction. Attorney representations about SaveOnSP's "awareness" are not reliable because SaveOnSP steadfastly refused to investigate how it enforced its confidentiality policies and against whom. *See, e.g.*, JJHCS Ex. 18 ("We also decline to conduct an investigation into the identities of individuals who did not sign SaveOn's confidentiality policies or against whom SaveOn enforced those policies, as the subject matter is irrelevant and conducting the investigation would be unduly burdensome."). JJHCS is entitled to test SaveOnSP's new position in discovery, and SaveOnSP must investigate and produce responsive communications allowing JJHCS to do so.

Finally, even if Mr. Mighells were the only employee who felt the full weight of SaveOnSP's "enforcement," that would not excuse SaveOnSP from producing the communications JJHCS seeks. If SaveOnSP executives discussed expanding the confidentiality policies and then using them as a cudgel to prevent disclosure of its misconduct, such discussions would be relevant and must be produced. The same is true for any discussions about other employees whom SaveOnSP executives considered disciplining (or retaliating against) for perceived disloyalty, as well as communications about anyone who resisted SaveOnSP's demands to sign the more onerous policies it promulgated after discovery began in this case.

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 8

## II.     SaveOnSP Has Not Shown Undue Burden

SaveOnSP's burden arguments are also meritless. SaveOnSP asserts that JJHCS's original search proposals would yield a "massive crush" of 215,000 to 275,000 documents for review. Opp. at 9. But when JJHCS learned of these hit counts, it did ***not*** insist that SaveOnSP review all of those documents. Instead, it asked SaveOnSP to design a far narrower search that could be limited using the names of the employees that SaveOnSP executives suspected or accused of speaking out. Such a search would presumably return only a few hundred documents, but JJHCS cannot say for sure, because SaveOnSP refused to check. *See* Opening Br. at 7–8. For example, SaveOnSP could craft date-limited searches related to Mr. Mighells and the efforts it took to enforce its confidentiality obligations against him. Similarly, it could propose searches about any other employee it considered disciplining or firing for a violation of its confidentiality policies. SaveOnSP has steadfastly refused to do so, and so has waived any burden objection. *See, e.g.*, SaveOnSP Mar. 22, 2024 Reply Br. at 13 (SaveOnSP arguing that a party waives any burden objection to a proposed search by failing to "provide[] data substantiating those concerns").

None of SaveOnSP's excuses for refusing to do so have any merit. For example, SaveOnSP suggests that its "existing discovery efforts were more than sufficient to identify any actual or contemplated use of its confidentiality policies to stymie J&J in this case." Opp. at 10. But it has pointed to no search terms that would capture relevant documents. In fact, its existing searches related to "JJHCS" would ***not*** have captured, e.g., internal SaveOnSP discussions about several of Mr. Mighells's social media posts discussed above. SaveOnSP's production to date bears that out: SaveOnSP does not appear to have produced its internal communications about these posts.

Honorable Freda L. Wolfson, U.S.D.J.
March 25, 2024
Page 9

SaveOnSP is evidently quite capable of running targeted searches relating to its whistleblowers, since it did just that to buttress its opposition to this motion. For example, SaveOnSP Exhibit 2 is an unproduced copy of Mr. Mighells's signature on a SaveOnSP employee handbook. We think it obvious that SaveOnSP cannot be permitted to present only the evidence it views as helpful while refusing to produce the rest.

*     *     *

For the foregoing reasons, SaveOnSP should be compelled to produce (1) communications regarding the reasons, goals, or motivations for the confidentiality policies or other confidentiality obligations; (2) communications relating to any contemplated or actual effort by SaveOnSP to discipline, fire, or sue any person it suspected of violating his or her supposed confidentiality obligations; and (3) communications regarding or with any employee who had refused or failed in a timely manner to sign the confidentiality policies or other confidentiality obligations. We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc:    Counsel for SaveOnSP

14978063

# EXHIBIT 20



October 25, 2023

Sara A. Arrow
(212) 336-2031

**By Email**

Elizabeth Snow, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   *Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC*
      **Case No. 2:22-cv-02632 (ES) (CLW)**

Dear Elizabeth:

We write regarding JJHCS's Ninth Set of Requests for Production, which were served on October 18, 2023. These Requests seek documents concerning SaveOnSP's current and former employees' confidentiality obligations, including written policies, manuals, and trainings; communications between SaveOnSP and its current and former employees relating to compliance with or attestation to any confidentiality obligations; and documents regarding this lawsuit provided to SaveOnSP by any person or entity other than JJHCS.

In connection with these requests, we have provided a list of proposed search terms in the attached appendix. Please confirm that you will run these terms over all custodial data. Please also advise whether SaveOnSP is adding additional custodians to capture the requested documents, or whether SaveOnSP represents that its current custodians are sufficient to ensure that the requested documents will be collected and produced. Additionally, please let us know whether documents responsive to Requests Nos. 95 and 96 (e.g., confidentiality policies and any associated acknowledgements or attestations) are maintained in a non-custodial source and if so, please confirm that you will be producing from that source. Finally, if SaveOnSP objects to any of JJHCS's requests on the basis of burden, please provide hit counts for each requested term.

Please provide SaveOnSP's responses on each of these points no later than November 20, 2023.

Very truly yours,

*/s/ Sara A. Arrow*
Sara A. Arrow

## Appendix A:  Proposed Search Terms

- ███████████████████████████████████

▮ ███████████████████████████████████████

- (Privacy OR Security OR Confidential* or Nondisclosure) w/5 (Policy OR Manual OR Statement)

- (Nondisclosure OR Confidential* OR Privacy OR Security) w/10 (Update* OR Train* OR Obligat* OR Sign* OR Agree* OR Attest* OR Acknowledg* OR Compl* OR "Violat*")

- (Confidential* OR Nondisclosure OR Disclose) w/5 (JJHCS OR Janssen OR Jannsen OR "J&J" OR JNJ OR lawsuit OR litigation)

- ("Express Scripts" OR Express Scripts OR ESI OR Accredo OR Premera OR TFG) AND subpoena

- ("Express Scripts" OR Express Scripts OR ESI OR Accredo OR Premera OR TFG) w/10 (JJHCS OR Janssen OR Jannsen OR "J&J" OR JNJ)

# EXHIBIT 21



November 28, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
          **2:23-cv-02632 (ES) (CLW)**

Dear Meredith:

We write to memorialize our November 27, 2023 meet and confer concerning SaveOnSP's Responses and Objections to JJHCS's Ninth Set of Requests for Production and various topics related to the Court's November 7, 2023 Order.

**I.    JJHCS's Requests for Production Nos. 95 and 96**

JJHCS's RFP Nos. 95 and 96 request all documents and communications concerning SaveOnSP's employee confidentiality obligations and any communications with SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee confidentiality policies.  You have refused to produce documents and communications responsive to either RFP.

During the meet and confer, we explained the relevance of these policies, including that SaveOnSP's employee confidentiality obligations bear directly on measures that SaveOnSP has used to prevent its employees from communicating with JJHCS and others with regard to SaveOnSP's conduct at issue in this action.  SaveOnSP's own Response to Interrogatory No. 18

*See* SaveOnSP Response to JJHCS Interrogatory No. 18. The relevance of these policies and any documents or communications relating to them is conceded by the reference to them in SaveOnSP's own interrogatory responses and therefore indisputable. In our call, you offered no valid basis for refusing to produce these documents.  Nor have you articulated any reasonable burden argument to producing the requested documents, let alone to the production of the two policies.

Meredith Nelson, Esq.
November 28, 2023
Page 2

In light of the above, please reconsider your position and produce all documents and communications concerning your employees' confidentiality obligations, including the two policies identified above. If you are unwilling to do so, we will consider the parties at impasse on this issue. Please provide a response by December 5, 2023.

## II.    Custodians

As discussed during our meet and confer, the Court's November 7 Order directs JJHCS to add six of the seven "CAP" custodians (Kinne, Longbothum, Shontz, Barklage, Hoffman, Platt, and Wyszkowski) and directs the parties to "meet and confer regarding the identities of the additional custodians and to work out any necessary logistics." (ECF No. 173 at 2.) During the meet and confer, SaveOnSP requested that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians. JJHCS agrees to do so, and will review documents hitting on the search strings below for these CAP custodians for the time period January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

(*See* ECF No. 173 at 3.) To be clear, JJHCS reserves all rights, including with respect to the remaining custodians at issue in the parties' October 25, 2023 joint letter. (*See* ECF No. 165.)

## III.    Terms & Conditions

The Court's November 7, 2023 Order further states that "Defendant shall continue to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence)." (ECF No. 173 at 1.) As discussed, SaveOnSP's November 3 proposal, which "repeat[s]" prior requests that "JJHCS identify the predecessor programs from which the 'other offer' provision was drawn and identify the employees and documents sources for those programs" without a time period limitation, does not follow this directive.

We look forward to receiving your proposal containing narrowed requests for production as to CarePath's Terms and Conditions by December 5.

## IV.    Document Refresh

At the end of our call, SaveOnSP briefly raised the issue of the parties' document refresh. On this point, the Court's Order is unambiguous: it requires both parties to update their document productions "*without limitation*" through November 7, 2023. (*See* ECF No. 173 at 3.) JJHCS is doing what the Court ordered. JJHCS will refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's Order. Indeed, following the Court's Order, JJHCS immediately began

Meredith Nelson, Esq.
November 28, 2023
Page 3

collecting and processing this data so that it could be promptly reviewed and produced, which will
in turn allow the parties to complete fact discovery by April 25, 2024, as the Court has ordered us
to do.  By December 5, please confirm that SaveOnSP is doing the same, *i.e.*, please confirm that:

- SaveOnSP has completed a full collection of every custodian's documents through
  November 7, 2023;

- SaveOnSP will supplement its production of documents using all previously agreed-
  upon search terms for all previously agreed-upon SaveOnSP custodians through that
  date; and

- SaveOnSP is making every effort to produce these documents expeditiously, so that
  the parties can complete fact discovery—including fact witness depositions—by April
  25, 2024.

*     *     *     *

We remain available to meet and confer.

Very truly yours,


*/s/ Julia Long*
Julia Long

14734540

# EXHIBIT 22

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy gay elsberg**

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

December 15, 2023

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***
      **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

We write in response to your November 28, 2023 letter.

## I.    JJHCS Requests for Production Nos. 95 and 96

JJHCS requests all documents and communications regarding SaveOnSP's employee confidentiality obligations and any communications with SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee confidentiality policies. JJHCS purports to explain the relevance of two such documents: ███████████ ████████████████████████████████████████████████████████████████ While maintaining its objection that these documents are not relevant, SaveOnSP has already produced the first, SOSP_0842438 at -462, and will produce the second. You do not explain the relevance of any other documents sought by these Requests. If you continue to seek those other documents, please explain their relevance.

## II.   Custodians

You agree to add six custodians, consistent with the Court's November 7 Order. Your letter indicates, however, that you intend to search their documents only from January 1, 2022 to November 7, 2023 and only using the two search strings listed in your letter. This would violate the Court's Order. SaveOnSP moved for JJHCS to add custodians using all agreed-upon or court-ordered search terms. Dkt. No. 165. The Court granted SaveOnSP's motion as to the six custodians without limitation as to time periods or search

terms. Dkt. No. 173 ("[T]he Court will require Plaintiff to add six of the custodians that SaveOnSP identified with regard to the CAP program (amongst Kinne, Longbothum, Shontz, Barklage, Joffman [sic], Platt, and Wyszkowski)."). Please confirm that JJHCS will search the six custodians' files using all search terms found in Exhibit 1 from April 1, 2016 through November 7, 2023.

## III.  Terms and Conditions

You assert that SaveOnSP has not narrowed its request regarding CarePath's terms and conditions because it still asks JJHCS to identify the predecessor programs from which the "other offer" provision was drawn and to identify the employees and document sources for those programs. This is incorrect. On November 3, 2023, SaveOnSP narrowed its request regarding terms and conditions by limiting the search terms that it proposes that JJHCS run for the time period beginning on April 1, 2016, *see* attachment to Nov. 3, 2023 email from M. Nelson to S. Arrow, attached here as Exhibit 2. Nothing in the Court's Order required SaveOnSP to further limit its request as JJHCS suggests. The information that SaveOnSP seeks from before April 1, 2016, moreover, is designed to help the parties assess the scope of potentially relevant documents that JJHCS has in its possession from that time, so the parties can negotiate appropriate search parameters. JJHCS should provide this information.

## IV.  Document Refresh

You assert that JJHCS will "refresh its production using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians" through November 7, 2023. SaveOnSP understands this to mean that JJHCS will run, at minimum, the search terms listed on Exhibit 1 for the custodians listed on that Exhibit through November 7, 2023. Please confirm and identify how many documents those terms generate for review. SaveOnSP further understands that JJHCS will refresh its non-custodial productions on all topics previously agreed to, listed on Exhibit 3. Please confirm. Please also identify a date by which JJHCS will substantially complete its refresh production.

Subject to JJHCS's confirmation of its production parameters, SaveOnSP will refresh its production running the search terms on Exhibit 4 for the custodians listed on that Exhibit through November 7. SaveOnSP began collecting documents promptly following the Court's Order and has been and is working to review those documents as promptly as possible. Running the search parameters on Exhibit 4 yields approximately 350,000 additional documents. SaveOnSP will endeavor to substantially complete its refresh production by March 31, 2024.

*        *        *

We invite you to meet and confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 1

**JJHCS v. SaveOnSP**
Plaintiff's Custodians & Search Terms
Case No. 2:220cv-02632-ES-CLW

### Custodians

| | | |
|---|---|---|
| Adrienne Minecci | Alison Barklage | Brandon (Heith) Jeffcoat |
| Carol Scholz | Daphne Longbothum | Evelyn (Lynn) Hall |
| Hattie McKelvey | Heather Schoenly | Jasmeet Singh |
| Jeremy Mann | John Hoffman | John King |
| John Paul Franz | Katie Mazuk | L.D. Platt |
| Lauren Pennington | Lindsey Anderson | Nidhi Saxena |
| Quinton Kinne | Silas Martin | Silviya McCool |
| Spilios Asimakopolous | William (Bill) Robinson III | William Shontz |

| Search Terms |
|---|
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB* |
| (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare) |
| "Save On" |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB* |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |
| "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer" |

2

| |
|---|
| (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*) |
| (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity) |
| (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive) |
| CAPa |
| CAPm |
| "adjustment program" |

# Exhibit 2

**<u>Proposed Search Terms</u>**

- Janssen AND (term* w/3 condition)

- Janssen AND "T&C"

- Janssen AND "TNC"

- Janssen AND "other offer"

- Jannsen AND (term* w/3 condition)

- Jannsen AND "T&C"

- Jannsen AND "TNC"

- Jannsen AND "other offer"

- Jansen AND (term* w/3 condition)

- Jansen AND "T&C"

- Jansen AND "TNC"

- Jansen AND "other offer"

- CarePath AND (term* w/3 condition)

- CarePath AND "T&C"

- CarePath AND "TNC"

- CarePath AND "other offer"

- "Care Path" AND (term* w/3 condition)

- "Care Path" AND "T&C"

- "Care Path" AND "TNC"

- "Care Path" AND "other offer"

- CP AND (term* w/3 condition)

- CP AND "T&C"

- CP AND "TNC"

- CP AND "other offer"

- JCP AND (term* w/3 condition)

- JCP AND "T&C"

- JCP AND "TNC"

- JCP AND "other offer"

- "Savings Program" AND (term* w/3 condition)

- "Savings Program" AND "T&C"

- "Savings Program" AND "TNC"

- "Savings Program" AND "other offer"

- "coupon*" AND accumulat*

- "coupon*" AND maximiz*

- "coupon*" AND "health plan*"

- "coupon*" AND insur*

- "coupon*" AND Janssen

- "coupon*" AND Jannsen

- "coupon*" AND Jansen

- "coupon*" AND CarePath

- "coupon*" AND "Care Path"

- "coupon*" AND CP

- "coupon*" AND JCP

- "coupon*" AND "Savings Program"

- "coupon*" AND "program"

- "discount*" AND accumulat*

- "discount*" AND maximiz*

- "discount*" AND "health plan*"

- "discount*" AND insur*

- "discount*" AND Janssen

- "discount*" AND Jannsen

- "discount*" AND Jansen

- "discount*" AND CarePath

- "discount*" AND "Care Path"

- "discount*" AND CP

- "discount*" AND JCP

- "discount*" AND "Savings Program"

  "discount*" AND "program"

- "prescription savings card*" AND accumulat*

- "prescription savings card*" AND maximiz*

- "prescription savings card*" AND "health plan*"

- "prescription savings card*" AND insur*

- "prescription savings card*" AND Janssen

- "prescription savings card*" AND Jannsen

- "prescription savings card*" AND Jansen

- "prescription savings card*" AND CarePath

- "prescription savings card*" AND "Care Path"

- "prescription savings card*" AND CP

- "prescription savings card*" AND JCP

- "prescription savings card*" AND "Savings Program"

- "prescription savings card*" AND "program"

- "free trial*" AND accumulat*

- "free trial*" AND maximiz*

- "free trial*" AND "health plan*"

- "free trial*" AND insur*

- "free trial*" AND Janssen

- "free trial*" AND Jannsen

- "free trial*" AND Jansen

- "free trial*" AND CarePath

- "free trial*" AND "Care Path"

- "free trial*" AND CP

- "free trial*" AND JCP

- "free trial*" AND "Savings Program"

- "free trial*" AND "program"

- "Benefits Investigation*" AND Stelara

- "Benefits Investigation*" AND Tremfya

# Exhibit 3

**JJHCS v. SaveOnSP**

Noncustodial Productions To Which JJHCS Has Previously Agreed

Case No. 2:220cv-02632-ES-CLW

- Documents sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath

- All documents and communications with or regarding SaveOnSP

- Documents sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug

- All documents and communications regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations

- All documents and communications relating to the extent of the harm SaveOnSP has allegedly caused JJHCS; the data that formed the basis for the allegations in Complaint ¶¶ 92-100; Janssen Transparency Reports; documents sufficient to show (1) how JJHCS determines the amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath, (2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected annual costs for CarePath

- Documents and communications in its possession relating to JJHCS's decision to limit or eliminate the amount of copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in health plans advised by SaveOnSP

- Documents sufficient to identify the entities responsible for administering CarePath; agreements between JJHCS and the entities responsible for administering CarePath

- All documents and communications relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP

- JJHCS's document retention policies

- Documents obtained via third-party subpoenas it serves in this Action

- Documents and communications upon which JJHCS intends to rely at trial

- Documents sufficient to show (i) final versions of reports received by JJHCS from external vendors in response to JJHCS's request that they analyze CarePath enrollment and claims data to assess whether it is possible to identify individuals enrolled in SaveOnSP; and (ii) JJHCS's internal analyses to assess whether it is possible to identify individuals enrolled in accumulator or maximizer programs generally, as well as documents sufficient to show any attempts to enforce CarePath's terms and conditions against those individuals

- Documents sufficient to show why JJHCS decided to create Stelara withMe

- Documents sufficient to show the terms and conditions of Stelara withMe

- Documents sufficient to show the maximum amounts of co-pay assistance offered to patients enrolled in Stelara withMe

- Documents sufficient to demonstrate why JJHCS decided to create Tremfya withMe

- Documents sufficient to show the terms and conditions of Tremfya withMe

- Documents sufficient to show the maximum amounts of co-pay assistance offered to patients enrolled in Tremfya withMe

- Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data

- Documents regarding JJHCS's understanding of commercial health plans' ability to designate specialty drugs as essential health benefits ("EHB") or non-essential health benefits ("NEHB") under the Affordable Care Act and its regulations

# Exhibit 4

## JJHCS v. SaveOnSP
Defendant's Custodians & Search
Terms Case No. 2:220cv-02632-ES-CLW

### Custodians

| | | |
|---|---|---|
| Alissa Langley | Amanda Larsen | Andrea Waker |
| Ayesha Zulqarnain | Brianna Reed | Claudia Dunbar |
| Danielle Wagner | Dave Chelus | Emily Reckinger |
| Florencio Calderon | Jenna Benkelman | Jenna Ordonez |
| Jennifer Menz | Jill Stearns | Jillian Vincheski |
| Jody Miller | Laura McClung | Mariah DuRant |
| Melanie Jerred | Michael Heinrichs | Michelle Tabone |
| Nick Morrissey | Nicole Haas | Rob Saeli |
| Ron Krawczyk | Sarah Kancar | Sarah Segerson |
| Ted Mighells | | |

| Search Terms |
|---|
| "Affordable Care Act" OR ACA |
| "DARZALEX FASPRO" OR DARZALEX OR daratumumab OR hyaluronidase* |
| "First View" AND (credit w/2 card) |
| "First View" w/10 card |
| "Intergovernmental Personnel Benefit Cooperative" OR IPBC OR (Rachel W/2 Harmon) OR rharmon@expressscripts.com OR ((presentation OR training OR video) W/5 (ESI OR "Express Scripts")) |
| "Johnson & Johnson" OR "Johnson and Johnson" |
| "Lash Group" |
| "open enrollment" OR ((summar* OR term) W/30 (program* OR plan* OR benefit* OR coverage* OR coinsurance OR deductible OR OOP OR "out-of-pocket")) |
| "SaveOnSP Program Impacted" |
| "Summary of Benefits" |
| "Summary Plan" |
| "zero cost share" OR "$0 cost share" |
| ("non-med* switch*" OR "nonmed* switch*" OR ((patient OR non-med* OR nonmed*) W/15 switch*)) |

| |
|---|
| (("transfer*" OR reject* OR POS OR "point of sale" OR step edit*) W/15 pharm*) OR "Error Code 73" OR ((drug* OR med* OR fill*) W/15 (cover*)) |
| ((essential or "non-essential" or nonessential) W/10 (benefit*)) or EHB* OR NEHB* |
| ((patient* OR chang* OR mov* OR switch*) W/30 (new W/5 (drug* OR med* OR brand*))) |
| ((SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/15 ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen)) w/5 (revenue OR sales OR profits OR "return on investment" OR "ROI") |
| (Accredo OR "accredo.com") W/30 (agr* OR contract OR memor* OR fee* OR shar* OR relat*) |
| (adher* OR complian* OR comply* OR discontinue*) W/10 (trend* OR rate* or stat*) |
| (adherence W/5 trend*) |
| (chang* or edit*) W/25 website |
| (copay* OR co-pay* OR coins* OR co-ins* OR "cost share" OR "specialty med*" OR "specialty drug*" OR biolog* OR infus*) W/15 (transfer* OR reduc* OR saving*) |
| (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR "no cost" OR "free of charge") |
| (copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase) |
| (counter* OR strateg* OR  "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| (ESI OR "Express Scripts" OR Evernorth) W/15 (fee* OR (master W/2 agreement) OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*) |
| (exhaust* OR drain* OR complain*) W/15 (co-pay OR copay* OR support* or cover*) |
| (inc* W/10 (save* OR saving*)) W/15 (manuf* OR assist*) |
| (inclu* OR add* OR remov* OR Structure) W/10 (benefit* OR "drug list*") |
| (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |
| (patient* OR member*) W/5 (adher* OR complian* OR comply* OR discontinu*) |
| (therap* or drug* OR medication) w/15 (adhere* OR continu* OR discontinu*) |

| |
|---|
| (therap* OR drug* OR medication) w/15 (transition OR "same class" OR "same category") |
| Accredo W15 (transfer* OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*) |
| analy* OR "white paper*" OR "research" OR report* OR publication* OR review* OR article* OR study OR studies W/15 "specialty med*" OR "specialty drug*" OR biolog* OR infus* or accumul* OR maximizer* OR copay* OR co-pay* OR coins* OR co-ins* |
| BALVERSA OR erdafitinib |
| benchmark* W/10 (plan OR state OR EHB OR essential* OR NEHB or non-essential* OR non-essential*) |
| bi-weekly W/2 (call* OR meeting*) |
| care W/2 path |
| CarePath OR Carpath OR Carepth |
| close* W/15 (business OR customer*) |
| EJR AND emilyjreckinger@gmail.com |
| email W/10 template |
| ERLEADA OR apalutamide |
| ESI W/10 fees |
| FirstView AND (credit w/2 card) |
| FirstView w/10 card |
| https://saveonsp.com |
| https://www.saveonsp.com* OR www.saveonsp.com* OR "reduce this exorbitant cost" OR "we offer an innovative specialty solution" OR "is committed to making expensive medications more affordable for companies" OR "modifying their plan design" OR "how will our plan see savings generated" |
| IMBRUVICA OR ibrutinib |
| its.jnj.com |
| J&J OR JnJ |
| Janssen OR Jannsen OR Jansen OR Jannssen |
| JJHCS OR JHCS OR JJCHS OR JJHS |

| |
|---|
| non-med* switch* OR "nonmed* switch*" OR ((patient OR non-med* OR nonmed*) W/15 switch*) OR "switch rationale" OR "switch card" OR "economic switch*" OR ((force* or mandate*) w/5 switch*) |
| OPSUMIT OR macitentan |
| Passthrough OR "pass through*" OR "pass thru" OR passthru OR passthrus |
| Premera W/15 (article OR alert* OR news*) |
| Prezcobix |
| Project Recapture OR "Rescue Study" OR "adherence data" |
| questex |
| Reject* w/2 73 |
| REMICADE OR infliximab |
| RYBREVANT OR amivantamab* |
| SIMPONI OR golimumab |
| STELARA OR ustekinumab |
| strategic steering committee OR "steering committee" OR (strateg* w/10 (monthly OR meet*)) |
| structure* W/4 (benefit* OR "drug list*") |
| Symtuza |
| TRACLEER OR bosentan |
| TREMFYA OR guselkumab |
| TrialCard OR "Trial Card" |
| Ventavis OR iloprost |
| ZYTIGA OR abiraterone |

# EXHIBIT 23



www.pbwt.com

December 18, 2023

Sara A. Arrow
(212) 336-2031

**By Email**

Elizabeth Snow, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC*
        **Case No. 2:22-cv-02632 (ES) (CLW)**

Dear Elizabeth:

        We write in partial response to your December 15, 2023 letter concerning JJHCS's Requests for Production Nos. 95 and 96, and further to our prior correspondence regarding the same topic.

        Thank you for agreeing to produce the two policies that you identified in response to JJHCS's Interrogatory No. 18.  We understand, based on your December 15 letter, that the ███████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ SOSP_0842438 at -462.  As to the ████████████████████████████████████████ please confirm by December 27, 2023 that you will produce that document in your next production so that we can review it expeditiously.  Please further confirm the anticipated date of that production.  Once we have had a chance to evaluate these two policies, we will revert with any further questions or requests.  JJHCS reserves all rights.

                                        Very truly yours,

                                        */s/ Sara A. Arrow*
                                        Sara A. Arrow

# EXHIBIT 24

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

December 29, 2023

**<u>Via E-mail</u>**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***
      **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Sara,

       We write in response to your December 18, 2023 letter concerning SaveOn's 

      You ask that we confirm that the document will be included in SaveOn's next production. It will be. You further ask for the anticipated date of that production. We expect the production will be sent on Friday, January 12, 2024.

Best,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# EXHIBIT 25

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

February 8, 2024

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Sara,

We write in response to your February 1, 2024 letter in which you requested
SaveOn run search terms pursuant to J&J's RFP Nos. 95 and 96.

As stated in our November 17, 2023 Responses & Objections, as well as at
the November 27, 2023 meet-and-confer, the documents sought by those requests
are irrelevant to the claims or defenses in this action. J&J also has not explained
the relevance of its narrowed categories: communications regarding "the reasons,
goals, or motivations for the confidentiality policies" and for those regarding "any
employee who had refused or failed" to sign or abide by the policies. SaveOn's em-
ployee confidentiality policies have nothing to do with the claims and defenses in
this litigation.

In the interest of compromise, SaveOn agreed to produce documents that it
receives in response to subpoenas that it serves in this Action, as well as two con-
fidentiality policies specifically requested by J&J.

The burden and expense of producing additional documents significantly
outweighs any marginal relevance the documents might have. We ran the proposed
search terms over the relevant time period. The hit counts are substantial, as
demonstrated by the report included in Exhibit 1. SaveOn accordingly declines to
produce documents in response to RFP Nos. 95 and 96 beyond those it has already
agreed to produce.

We are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

Encl:  Exhibit 1

# Exhibit 1

Date Range: 4.1.2016 To 11.7.2023

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/50 (muzzl* or silenc* OR "shut up" OR fire OR firing OR terminat* OR compli* OR "non-compli*" OR noncompli*) | 107,514 | 206,435 | 60,198 |
| (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA or whistleblower (whistle w/2 "blow*")) w/50 (updat* OR revis* OR chang* OR modify*) | 298,084 | 508,698 | 225,199 |
| (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower OR (whistle w/2 blower)) w/75 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP" OR litigation OR lawsuit) | 122,994 | 207,429 | 76,170 |

# EXHIBIT 26

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

February 22, 2024

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

**Re:**    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Sara,

We write in response to your February 12, 2024 letter regarding J&J's Requests for Production Nos. 95 and 96.

In response to SaveOn's relevance objection, you state that "the relevance of SaveOnSP's confidentiality policies and related documents or communications is conceded by reference to them in SaveOnSP's response to JJHCS's Interrogatory No. 18." Not so. SaveOn referenced only two confidentiality policies in its response to that interrogatory; it has produced both.

The further documents sought are irrelevant to the claims and defenses in this action. SaveOn nonetheless ran J&J's proposed search terms and provided a hit report. *See* Feb. 8, 2024 Ltr. from M. Nussbaum to S. Arrow. J&J now proposes new search terms; they would require SaveOn to review an additional 215,669 documents. Given that significant burden, and the lack of relevance, SaveOn declines to add the requested search terms.

J&J also asks that SaveOn "run targeted searches for communications with and about individuals who refused or failed to sign SaveOnSP's confidentiality policies or against whom such policies were enforced." SaveOn declines to do so. Such documents and communications are irrelevant to the claims and defenses in this action. J&J also does not define the searches that it asks SaveOn to run, but running any additional searches would be unduly burdensome.

Sara Arrow
February 22, 2024

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# EXHIBIT 27

**Long, Julia (x2878)**

| | |
|---|---|
| **From:** | Arrow, Sara (x2031) |
| **Sent:** | Thursday, February 22, 2024 5:24 PM |
| **To:** | Matthew Nussbaum; Elizabeth Snow; Long, Julia (x2878); LoBiondo, George (x2008); Mangi, Adeel A. (x2563); Sandick, Harry (x2723); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com; _cg J&J-SaveOn |
| **Cc:** | Andrew Dunlap; Philippe Selendy; Meredith Nelson; Wohlforth, E. Evans |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96 |

Matthew,

As you know, our February 12, 2024 letter concerning RFP Nos. 95 and 96 requested that SaveOnSP provide hit counts for each requested term in Appendix A "both individually and in the aggregate." Your February 22, 2024 letter does not provide this information. Please provide it promptly and in no event later than the close of business tomorrow, February 23, 2024.

We also understand that you are refusing to consider narrowed search terms based on information that is solely within SaveOnSP's possession—namely, the identities of individuals who did not sign SaveOnSP's confidentiality policies or against whom those policies were enforced. By the close of business tomorrow, please let us know if this understanding is mistaken.

Thanks very much.

Regards,
Sara


**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com I www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Thursday, February 22, 2024 4:48 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Elizabeth Snow <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96


*Caution: External Email!*

1

Sara,

Please see the attached correspondence.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
_____

+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Tuesday, February 20, 2024 11:55 AM
**To:** Elizabeth Snow <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96

Counsel,

We requested a response to our February 12 letter, attached here, by February 19. Please provide your response without delay.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

---

**From:** Arrow, Sara (x2031)
**Sent:** Monday, February 12, 2024 4:38 PM
**To:** 'Elizabeth Snow' <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96

Counsel,

Please see the attached letter regarding JJHCS's RFP Nos. 95 and 96.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Thursday, February 8, 2024 2:50 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

> *Caution: External Email!*

Counsel,

Please find attached a letter in the above-captioned matter.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise

immediately if you or your employer do not consent to receiving email messages of this
kind.

---

# EXHIBIT 28

# SEALED IN ITS ENTIRETY

# EXHIBIT 29

# SEALED IN ITS ENTIRETY

# EXHIBIT 30

# SEALED IN ITS ENTIRETY

# EXHIBIT 31

# SEALED IN ITS ENTIRETY

# EXHIBIT 32

# SEALED IN ITS ENTIRETY

# EXHIBIT 33

# SEALED IN ITS ENTIRETY