SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | : | Hon. Jamel K. Semper, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J. |
| vs. | | Hon. Freda L. Wolfson, Special Master |
| | : | |
| SAVE ON SP, LLC, | | **DECLARATION OF** |
| | : | **JEFFREY J. GREENBAUM** |
| Defendant. | | **IN SUPPORT OF** |
| | : | **MOTION TO SEAL** |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS"). In accordance with

Local Civil Rule 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS to seal letters written by counsel for the parties to Judge Wolfson and the exhibits regarding (i) the Motion to Compel CAP Search Terms of Defendant Save On SP LLP ("SaveOnSP"), dated February 16, 2024, with related briefing on February 28 and March 4, 2024 (the "Motion to Compel CAP Search Terms," ECF No. 277); (ii) JJHCS's Application that Exhibit 81 be Withdrawn from the Court's Docket, dated January 29, 2024, with related briefing on February 6, 8, 9, 16, 20, 22 and March 29, 2024 (the "Exhibit 81 Application," ECF No. 289); and (iii) SaveOnSP's Motion to Compel regarding Early Terms and Conditions and Search Terms, dated March 12, 2024, with related briefing on March 20 & 22, 2024 (the "Motion to Compel Terms and Conditions Searches," ECF No. 282).

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. The parties seek to seal portions of ECF Nos. 277, 282, and 289, through the instant motion, in accordance with Local Civil Rule 5.3(c).

3. Attached hereto as Exhibits A, B, and C are the proposed public versions of the Motion to Compel CAP Search Terms, Exhibit 81 Application, and Motion to Compel Terms and Conditions Searches, respectively. As shown on these exhibits, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

2

4.      Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

5.      In support of this motion, JJHCS has prepared indices setting forth the information that they seek to seal and the basis for the request.  Attached hereto as Exhibits D, E, and F are JJHCS's indices detailing its proposed redactions to the Motion to Compel CAP Search Terms, the Exhibit 81 Application, and the Motion to Compel Terms and Conditions Searches.

6.      Defendant Save On SP, LLC has no objections to the sealing of any of the confidential materials subject to this motion.

7.      The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two

causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

8. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program, the JJHCS business and the JJHCS CAP program. Certain of these documents are attached as exhibits to ECF Nos. 277, 282, and 289 and include confidential emails, agreements and presentations. JJHCS also seeks to seal an excerpt from its privilege log as well as confidential materials produced by non-party TrialCard.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

11. As detailed in Exhibits A, B, and C, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

12. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the

public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

13.     The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action. *See* ECF No. 62.

14.     JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

15.     Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2024.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM