# EXHIBIT B

# Sills Cummis & Gross

A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

January 29, 2024

**VIA ECF**
Honorable Judge Cathy L. Waldor, U.S.M.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse
Federal Square, Room 369
Newark, NJ 07101

> **Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,**
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Magistrate Judge Waldor:

We, along with Patterson Belknap Webb & Tyler LLP, represent Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") in the above-captioned matter. We write to request that Exhibit 81 to ECF No. 165 ("Exhibit 81"), over which JJHCS asserts privilege and work product protection, be withdrawn from the Court's docket, where it is currently under seal.

During the course of discovery, JJHCS originally produced the document at issue bearing Bates number JJHCS_00008989, with partial redactions for privilege, to Defendant Save On SP, LLC ("SaveOnSP"). On December 6, 2023, JJHCS informed SaveOnSP that it had determined that JJHCS_00008989 was privileged in its entirety and had been produced inadvertently. JJHCS asked SaveOnSP to destroy all copies of it pursuant to Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62) and Federal Rule of Civil Procedure 26(b)(5)(B). On December 18, 2023, SaveOnSP represented that it had destroyed all copies of JJHCS_00008989 in its possession.

On January 26, 2024, SaveOnSP suddenly changed its position. SaveOnSP informed JJHCS that it had previously filed a copy of JJHCS_00008989 under seal, which remained on the Court's docket under seal, and asserted that JJHCS had accordingly waived its claim of privilege over the document. SaveOnSP had indeed filed the then-current redacted version of JJHCS_00008989 as part of a voluminous set of exhibits to a prior motion: Exhibit 81 to the parties' October 25, 2023 joint letter to the Court (ECF No. 165). On November 21, 2023, JJHCS moved to permanently seal Exhibit 81, which motion remains pending. *See* ECF No. 180 at Ex. D. That exhibit has never been publicly available. SaveOnSP did not mention the previous filing of this document in its December 18, 2023 letter representing that it had destroyed all copies.

Honorable Cathy L. Waldor, U.S.M.J.
January 29, 2024
Page 2

       Upon receiving this notice from SaveOnSP on Friday afternoon, JJHCS immediately re-reviewed that prior voluminous filing and confirmed that it does indeed contain under seal a copy of JJHCS_00008989–the document over which JJHCS now asserts privilege and work product protection. JJHCS thus requests that the Court promptly remove sealed Exhibit 81 from the docket. JJHCS further states that the presence of Exhibit 81 on the Court's docket, under seal, for a period does not waive its assertion of privilege and work product protection over JJHCS_00008989.

       Under Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62), a party that inadvertently produces privileged material may request that the receiving party return or destroy it, and "inadvertent or mistaken disclosure" of privileged material "shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity." The party that mistakenly receives a privileged document may challenge "the Producing Party's claim of privilege if appropriate," but must do so "within a reasonable time after receiving notice of the . . . disclosure." Here, JJHCS promptly identified the inadvertent disclosure of JJHCS_00008989 and, on December 6, 2023, requested that SaveOnSP destroy all copies of it pursuant to the Discovery Confidentiality Order. SaveOnSP did not raise this purported privilege waiver when JJHCS requested in December 2023 that it destroy all copies of the document pursuant to the Discovery Confidentiality Order. To the contrary, it consented, without objection, to doing so on December 18, 2023. The Discovery Confidentiality Order, therefore, precludes SaveOnSP's belated claim of a privilege waiver, made over a month after it consented to the deletion of JJHCS_00008989.

       JJHCS also has not waived its asserted privilege and work product protection over JJHCS_00008989. While working to produce large numbers of documents at a significant pace, JJHCS has taken all appropriate precautions to prevent inadvertent disclosure of its privileged documents and there has been no suggestion of any systemic issue with inadvertent production. JJHCS_00008989—one among 146 exhibits, consisting of thousands of pages, submitted in connection with ECF No. 165—is a single, two-page document, already partially redacted for privilege, among JJHCS's voluminous document production. Since its filing, Exhibit 81 has remained under seal. Furthermore, upon learning on Friday afternoon that Exhibit 81 remained on the Court's docket, JJHCS acted promptly to request that the Court withdraw it from the docket. The interests of justice also weigh in favor of removing Exhibit 81 from the docket. Withdrawing the document from the docket will not jeopardize the public right of access to court proceedings as Exhibit 81 has remained under seal, in redacted form, since its filing. It also will not prejudice SaveOnSP, because SaveOnSP has already consented to deleting its copy of the document. These facts weigh against a finding of waiver. *See, e.g.*, *Jame Fine Chemicals, Inc. v. Hi-Tech Pharmacal Co.*, 2006 WL 2403941, at *2 (D.N.J. Aug. 18, 2006) (setting forth the factors considered by courts in this District when assessing whether an inadvertent disclosure of a privileged document amounts to a waiver of privilege); *see also Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 248 (W.D. Pa. 2012) (holding that the inadvertent disclosure of seven privileged documents within a document production of over 1,200 pages was a "limited" disclosure weighing against a finding of waiver).

SILLS CUMMIS & GROSS

Honorable Cathy L. Waldor, U.S.M.J.
January 29, 2024
Page 3

Because ECF No. 165 and its exhibits were also submitted to Special Master Freda L. Wolfson, we will simultaneously provide a copy of this letter to her and similarly request destruction of any copies of the privileged document.

We appreciate Your Honor's time and consideration.

Respectfully submitted,

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:  All counsel of record (by ECF)
     Special Master Freda L. Wolfson

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 6, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

     Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
              **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Special Master Wolfson:

On behalf of SaveOnSP, LLC ("SaveOn"), we write to oppose Johnson & Johnson Health Care Systems Inc.'s (with its affiliates, "J&J") January 29, 2024 motion, ECF No. 191, to withdraw Exhibit 81 to the parties' October 25, 2023 Joint Letter, filed at ECF No. 165 ("Exhibit 81") from the docket and to request that the Court compel J&J to re-produce Exhibit 81, which J&J has clawed back since it was submitted with the Joint Letter. Exhibit 81 is Bates-stamped as JJHCS_00008989. In the alternative, we ask that Your Honor review the document *in camera* and evaluate J&J's privilege assertion.

J&J affirmatively consented to jointly filing Exhibit 81 on the Court's docket as an exhibit

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                          Page 2

to the parties' October 25, 2023 Joint Letter. *See* ECF No. 165. Prior to filing, SaveOn sent J&J

a proposed list of exhibits including Exhibit 81, *see* Ex. 1 (Oct. 25, 2023 Email from J. Long to

E. Snow), which J&J consented to by consenting to filing of the Joint Letter. *Id*. J&J reviewed

Exhibit 81 before the filing, as shown by the fact J&J discussed JJHCS_00008989 in the joint

letter itself, twice. ECF No. 165 at 22, 25.

Over a month later, on December 6, 2023, J&J requested that SaveOn destroy its copies

of JJHCS_00008989, pursuant to Paragraph 14 of the Discovery Confidentiality Order (ECF No.

62). Ex. 2 (Dec. 6, 2023 Ltr. from I. Eppler to T. Stone); contrary to J&J's contrary suggestion,

SaveOn complied with this request. Ex. 3 (Dec. 18, 2023 Email from T. Stone to I. Eppler). J&J

did not mention that Exhibit 81 remained on the docket and made no attempt to remove it from

the docket. On January 26, 2024, SaveOn told J&J that it had waived any privilege over the

document. Ex. 4 (Jan. 26, 2024 Ltr. from E. Snow to I. Eppler). J&J did not respond to SaveOn

and made no attempt to meet and confer; it rather filed its motion asking the Court remove Ex-

hibit 81 from the docket.

J&J has waived any claim of privilege over Exhibit 81 by filing it and failing to seek to

remove it for over three months. To determine if an inadvertent disclosure waives privilege,

courts in this District consider: (1) the reasonableness of the precautions taken to prevent inad-

vertent disclosure in view of the extent of the document production; (2) the number of inadvertent

disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the dis-

closure; and (5) whether the overriding interests of justice would or would not be served by re-

lieving the party of its error. *Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F. Supp. 404, 411 (D.N.J.

1995) (Wolfson, J.). The second factor, which generally concerns large document productions, is

not at issue. *See J.N. v. S. W. Sch. Dist.*, 55 F. Supp. 3d 589, 600 (M.D. Pa. 2014) (the number of

Hon. Freda L. Wolfson                                                               Page 3

disclosures has "little relevance" outside "the context of a document production"). The remaining factors heavily favor a finding of waiver.

*First*, J&J affirmatively consented to the document's filing after discussing it ***twice*** in the parties' joint letter. ECF No. 165 at 22 ("And even if it were true that Mr. Kinne ███████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████. *See* JJHCS_00008989."); and 25 ████

███████████████████████████████████████████████████████████████████████

███████. J&J thus did not take reasonable precautions to prevent inadvertent disclosures of Exhibit 81. *See LabMD, Inc. v. Tiversa Holding Corp.*, No. 15-CV-0092, 2015 WL 1213043, at *5 (W.D. Pa. Mar. 17, 2015) (finding waiver where party provided "no evidence . . . that documents filed with the Court are reviewed by the responsible attorney prior to submission"); *see also Loc. 851 of Int'l Bhd. of Teamsters v. Kuehne & Nagel Air Freight, Inc.*, 36 F. Supp. 2d 127, 133 (E.D.N.Y. 1998) ("[A] cursory review [of documents to be filed with the court] does not constitute reasonable precaution."). J&J assertions that it took "all appropriate precautions to prevent inadvertent disclosure of its privileged documents" when it originally produced the document, Dkt. No. 191, at 2, is irrelevant. *See Ciba-Geigy*, 916 F. Supp. at 412 (D.N.J. 1995) (finding that relying upon the privilege review conducted during initial production "was unreasonable" when producing the document as an exhibit).

*Second*, the extent of the disclosure here, on the Court's docket, heavily supports a finding of waiver. *LabMD*, 2015 WL 1213043 at *5 (disclosure that "involved the publication of the document on the docket" was "dispositive"); *see also J.N.*, 55 F. Supp. at 600 n.13 ("Filing a document with the court 'is inconsistent with a claim of privilege' and generally results in waiver") (citing *McGreevy v. CSS Indus., Inc.*, No. 95–CV–8063, 1996 WL 412813, at *3 (E.D.

Hon. Freda L. Wolfson                                                                        Page 4

Pa. July 17, 1996))). While Exhibit 81 was sealed, and so not on the public docket, the "predicate of the waiver inquiry" for attorney-client privilege is "whether the material was disclosed" at all and, for work-product protection, is "whether the material was disclosed to an adversary." *Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 131 (D.N.J. 2004). Here, Exhibit 81 was never sealed ***as to SaveOn***, J&J's adversary in this case. The extent of J&J's disclosure is therefore "complete" and "supports a finding of waiver." *Loc. 851 of Int'l Bhd. of Teamsters*, 36 F. Supp. 2d at 134.

*Third*, J&J delayed by three months seeking to withdraw Exhibit 81 from the docket. It was aware that it had produced the document no later than October 25, 2023, the date that it consented to filing Exhibit 81 on the docket but made no effort to remove the document until January 2024, which also strongly supports a finding of waiver. *See LifeBio, Inc. v. Eva Garland Consulting, LLC*, No. 2:21-CV-722, 2023 WL 3258586 at *2 (S.D. Ohio May 4, 2023) (finding privilege waived where document was filed on docket as an exhibit fifty days before plaintiff attempted to claw it back from the docket); *cf. LabMD,* 2015 WL 1213043, at *7 (finding this factor weighed against waiver when a party retrieved and replaced a document on the same day that they inadvertently filed it on the docket). While J&J suggests that its promptness should be measured from when SaveOn told it that Exhibit 81 was still on the docket, J&J Mot. at 2, the correct measure is from the date that J&J knew of the disclosure—here, when it consented to filing in October 2023. *See Murphy v. Twp. Of Millstone, New Jersey*, No. CV 20-10397 (GC), 2022 WL 2118185, at *16 (D.N.J. June 13, 2022) (measuring delay from the moment document was first used in a deposition, before producing party asserted privilege); *see also Gloucester Twp. Hous. Auth. v. Franklin Square Assocs.*, 38 F. Supp. 3d 492, 499 (D.N.J. 2014) (finding this

Hon. Freda L. Wolfson                                                                                    Page 5

factor weighed towards waiver when producing party belatedly realized two letters were privileged three months after they knew the documents were produced).

*Fourth*, the interests of justice would be ill-served by removing Exhibit 81 from the docket. "Parties must recognize that there are potentially harmful consequences if they do not take minimal precautions to prevent against the disclosure of privileged documents," *Ciba-Geigy*, 916 F.Supp at 414; *see also Peterson v. Bernardi*, 262 F.R.D. 424, 429 (D.N.J. 2009). J&J consented to the disclosure of Exhibit 81 and made arguments citing that document to the Court, which Judge Waldor and Your Honor could review in considering the parties' Joint Letter of Docket Entry No. 165. ECF No. 165 at 22, 25. Whie J&J suggests that SaveOn's initial consent to its clawback notice somehow precludes SaveOn's arguments on this score, J&J Mot. at 2, it cites no authority for that proposition, and it does not otherwise bear its burden of explaining why the interests of justice support removing Exhibit 81 from the docket. *See Gloucester Twp.*, 38 F. Supp. 3d at 499 (D.N.J. 2014) (finding this factor supported waiver when party could not "demonstrate[] with sufficient specificity why 'justice requires' maintenance of the attorney-client privilege."); *see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 263 (D.Md.2008) (finding that defendant "point[ed] to no overriding interests of justice to excuse the consequences of producing privileged materials").

For these reasons, SaveOn asks that Your Honor deny J&J's request to remove Exhibit 81 from the docket and hold that J&J has waived any privilege in that document. In the alternative, SaveOn requests that Your Honor conduct an *in camera* review of Exhibit 81 to assess whether J&J properly claimed privilege over any portion of the document. This request is timely under Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62) because J&J did not identify the basis for its privilege claim until it filed its Motion.

Hon. Freda L. Wolfson                                                          Page 6

SaveOn appreciates the Court's attention to this matter.

                              Respectfully submitted,


                              /s/ E. Evans Wohlforth, Jr.
                              E. Evans Wohlforth, Jr.
                              Robinson & Cole LLP
                              666 Third Avenue, 20th floor
                              New York, NY 10017-4132
                              Main (212) 451-2900
                              Fax (212) 451-2999
                              ewohlforth@rc.com

                              Andrew R. Dunlap (admitted *pro hac vice*)
                              Meredith Nelson (admitted *pro hac vice*)
                              Elizabeth H. Snow (admitted *pro hac vice*)
                              SELENDY GAY PLLC
                              1290 Avenue of the Americas
                              New York, NY 10104
                              (212) 390-9000
                              adunlap@selendygay.com
                              mnelson@selendygay.com
                              esnow@selendygay.com

                              *Attorneys for Defendant Save On SP, LLC*

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

February 8, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Special Master Wolfson:

On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we write in reply to the February 6, 2024 opposition of Save On SP LLC ("SaveOnSP") to JJHCS's January 29, 2024 letter requesting that Exhibit 81 to ECF No. 165 (the "Joint Letter") be withdrawn from the Court's docket. As explained in our January 29 letter (ECF No. 191), Exhibit 81 is subject to the attorney-client privilege and work product protection, and JJHCS has taken all reasonable precautions to preserve those privileges.

Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62) prescribes that "inadvertent or mistaken disclosure" of privileged material "shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity." While the Discovery Confidentiality Order permits a party to challenge a party's claim of privilege, any such objection must be made "within a reasonable time after receiving notice of the . . . disclosure." SaveOnSP

14909115

S ILLS  C UMMIS  &  G ROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 2

failed to make this timely challenge—in fact, it waited nearly ***two months*** to raise any arguments

whatsoever as to waiver.

Moreover, SaveOnSP's actions over the past several weeks with respect to Exhibit 81 belie

any possible good-faith challenge to JJHCS's claims of privilege and work product over the

document.  On December 6, 2023, JJHCS asked SaveOnSP to delete JJHCS_00008989 (the document

submitted as Exhibit 81) pursuant to Paragraph 14 of the Discovery Confidentiality Order and Federal

Rule of Civil Procedure 26(b)(5)(B).  In response, SaveOnSP did not object to JJHCS's request or

claim that JJHCS had waived privilege.  Instead, SaveOnSP represented that it had destroyed all

copies of the document in its possession.

SaveOnSP's representation to JJHCS was false, as we now know.  It did not destroy all copies

of the document.  SaveOnSP went so far as to include a copy of Exhibit 81 in a submission to Your

Honor on December 26, 2023, even ***after*** it had certified destruction of all copies of that document.

And although it presumably reviewed the document in preparation for the December 26, 2023

submission to Your Honor, SaveOnSP did not raise any challenge at that time to JJHCS's request that

SaveOnSP delete ***all copies*** of the document filed as Exhibit 81 in its possession.  Nor did it raise any

claim of purported waiver at that time.

Only more than seven weeks after JJHCS sent its "clawback" notice, on January 26, 2024, did

SaveOnSP reverse its position by 180 degrees and assert that JJHCS had waived its claims of privilege

and work product protection over the document.  SaveOnSP sat on this knowledge ***for almost two***

***months***, waiting for an opportune moment to sandbag JJHCS with its unsupported claim of waiver.

SaveOnSP's prolonged and inexplicable delay in raising its objection takes it well outside the

2

S ILLS C UMMIS & G ROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 3

"reasonable time" required by the Discovery Confidentiality Order and, therefore, forfeits that

objection.

This should conclude the matter. However, even if Your Honor were to reach the question of

whether the disclosure of Exhibit 81 amounts to a waiver of privilege or work product protection, it

does not. JJHCS has taken all reasonable steps to preserve those privileges, including by timely

requesting the Court's removal of Exhibit 81 immediately following notice of its inadvertent

disclosure.[1] JJHCS detailed the extensive precautions it undertook in its January 29 letter.

SaveOnSP's assertions to the contrary lack merit. First, SaveOnSP asserts that JJHCS's

citations to Exhibit 81 in the accompanying Joint Letter are somehow significant. They are not.

Specifically, when JJHCS produced Exhibit 81 to SaveOnSP and subsequently agreed to filing of the

Joint Letter, it had determined, based on careful review, that Exhibit 81 contained attorney-client

privileged material and judiciously redacted portions of the document on that basis.[2] At the time of

---

[1] SaveOnSP suggests that JJHCS should have delayed its request to the Court to withdraw Exhibit 81
pending the conclusion of the meet and confer process. *See* SaveOnSP Feb. 6, 2024 Opposition at 2.
There was nothing to discuss; SaveOnSP promised weeks earlier to comply with JJHCS's clawback
request. In addition, SaveOnSP's position is inconsistent with its argument that JJHCS should have
promptly requested that the Court remove Exhibit 81 from the docket, which is precisely what JJHCS
has done here. JJHCS learned that Exhibit 81 remained on the Court's docket, under seal, on the
afternoon of Friday, January 26, 2024; it submitted its request for withdrawal the next business day.

[2] For this reason, SaveOnSP's reliance on *LabMD, Inc. v. Tiversa Holding Corp.*, 2015 WL 1213043
(W.D. Pa. Mar. 17, 2015), is misplaced. In *LabMD*, the filing party failed to present evidence that a
"responsible attorney" had reviewed the document prior to filing. *Id.* at *5. Here, by contrast, the
record establishes that JJHCS reviewed Exhibit 81 closely prior to court submission and that, on the
basis of knowledge available to it at the time, made careful determinations about how to redact it
consistent with JJHCS's assertion of attorney-client privilege. SaveOnSP's citation to *Loc. 851 of
Int'l. Bhd. of Teamsters v. Kuehne & Nagel Air Freight, Inc*., 36 F. Supp. 2d 127, 133 (E.D.N.Y.
1998) is similarly inapposite. In that case, the court found waiver when the same attorney who had
authored the document in dispute filed it as an exhibit on the court's docket without even assessing

14909115

SILLS CUMMIS & GROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 4

that review, however, nothing within the four corners of the document suggested the applicability of

the work product protection.  In October 2023, JJHCS, therefore, did not "affirmatively consent[]" to

the disclosure of work product.  *See* SaveOnSP Feb. 6, 2024 Opposition at 3.  To the contrary, JJHCS

only discovered, based on further factual investigation following submission of the Joint Letter, that

unredacted portions of Exhibit 81 described work by non-lawyers undertaken at the direction of

lawyers.  Only then did JJHCS determine that, in addition to the attorney-client privilege, the

document was also entitled to work product protection in its entirety.  Then as soon as JJHCS learned

that Exhibit 81 contained work product—again, weeks after the submission of the Joint Letter—it

promptly asked SaveOnSP to destroy all copies of it.  SaveOnSP complied without objection, and

JJHCS took SaveOnSP at its word that it had destroyed all copies of the document.  SaveOnSP's

arguments that JJHCS "consented" to the disclosure of Exhibit 81 when it filed the Joint Letter are

wrong.[3]

        Second, SaveOnSP argues that the "extent of disclosure" on the Court's docket supports a

finding of waiver.  As SaveOnSP acknowledges, however, Exhibit 81—a single two-page document

---

the letterhead on the document or his own authorship thereof.  *Id.*  In contrast, JJHCS here undertook
painstaking efforts to protect its privilege, despite the attendant challenges associated with producing
thousands of documents, many of which implicate multiple in house and outside counsel.

[3] Likewise, JJHCS's expeditious efforts to enforce its rights in accordance with the Discovery
Confidentiality Order—including by initiating a "clawback" and promptly notifying the Court of the
inadvertent disclosure—distinguishes this case from those SaveOnSP cites in its Opposition.  *See,
e.g.*, *LifeBio, Inc. v. Eva Garland Consulting, LLC*, 2023 WL 3258586, at *5–6 (S.D. Ohio May 4,
2023) (finding privilege waiver when the disclosing party failed to timely exercise its rights under the
parties' "clawback" agreement even after being notified of the inadvertent disclosure); *LabMD*, 2015
WL 1213043, at *7 (same where filing party attempted to rectify the error by making an *ex parte* call
to the Clerk of Court, rather than following the Court's standing procedures regarding such
inadvertent disclosures).

14909115

S ILLS C UMMIS & G ROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 5

within a joint filing containing over 1,800 pages—has always remained under seal, with appropriate

redactions for privilege based on the information available to JJHCS at the time of the Joint

Submission.  As SaveOnSP's own cited case law recognizes, the "focus" of the waiver inquiry in the

work product protection context is on "the efforts made to keep adversaries from obtaining [protected]

material."  *Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 132

(D.N.J. 2004).  Here, JJHCS's efforts to prevent SaveOnSP (and others) from obtaining protected

material were significant, as evinced by JJHCS's negotiation of the Discovery Confidentiality Order;

the careful privilege redactions it applied before producing the disputed document to SaveOnSP; its

reassessment of potential work product protection even after producing the document; and its

compliance with the applicable protective order.  Again, SaveOnSP apparently also agreed that such

efforts were appropriate, consenting without objection to deletion of the document.

Finally, as we have already explained in the January 29 letter and herein, the interests of justice

compel withdrawal of Exhibit 81.  SaveOnSP attempts to minimizes the significance of its promising

JJHCS that it would comply with the clawback notice made under the Discovery Confidentiality

Order and delete the document, never once telling JJHCS that it would refuse to do this based on a

purported claim of waiver.  *See* SaveOnSP Feb. 6, 2024 Opposition at 5.  SaveOnSP broke its promise,

and the very precedent SaveOnSP cites reinforces that the interests of justice favor enforcing parties'

agreements related to inadvertent disclosure.  *See LifeBio*, 2023 WL 3258586, at *5 (explaining that

"a clawback agreement is a contract" that "is binding on the parties throughout the course of the

litigation" and has "consequences when a party fails to fulfill its obligations").  That is precisely the

result JJHCS seeks here.

5

14909115

SILLS CUMMIS & GROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 6

For the foregoing reasons, we respectfully request that Your Honor order the removal of

Exhibit 81 from the Court's docket.  We appreciate your time and consideration.

Respectfully submitted,

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:  All counsel of record

14909115

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

February 9, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Special Master Wolfson:

On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we write to provide an update regarding JJHCS's pending request (ECF No. 191) that Exhibit 81 to ECF No. 165 (the "Joint Letter") be withdrawn from the Court's docket.

As we have explained, Exhibit 81, a redacted document that Save On SP, LLC ("SaveOnSP") submitted as an exhibit to the Joint Letter, has remained under seal since its filing in October 2023. In an order docketed this morning, Judge Waldor granted JJHCS's motion to permanently seal Exhibit 81 on the Court's docket. *See* ECF No. 200. This ruling bolsters JJHCS's position that withdrawing Exhibit 81 from the docket will not jeopardize the public right of access to court proceedings as the document will retain its seal under all circumstances. *See* ECF No. 191 at 2. Further, SaveOnSP—which certified its destruction of all copies of Exhibit 81 in its possession—has no access to the

S I L L S  C U M M I S  &  G R O S S

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 9, 2024
Page 2

document through the docket either, thus refuting its contention that the Exhibit is not sealed as to it.

*See* Feb. 6, 2024 SaveOnSP Opposition at 4.

      We appreciate your time and consideration.

                                  Respectfully submitted,

                                  *s/ Jeffrey J. Greenbaum*
                                  JEFFREY J. GREENBAUM

cc:  All counsel of record

14913144

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

February 16, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Special Master Wolfson:

On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we write in response to Your Honor's February 14, 2024 Order requesting JJHCS's basis for its assertion of privilege over the document known as "Exhibit 81."

Exhibit 81 is an email chain that begins ███████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ Upon reviewing the document, JJHCS concluded that these two initial emails were made for the express purpose of obtaining legal advice, and redacted them. There is no dispute that these portions of the email chain were properly redacted for privilege.[1]

---

[1] SaveOnSP cannot now challenge JJHCS's assertion of privilege over Exhibit 81 based on the contents of the document. The Discovery Confidentiality Order in this matter expressly prohibits the parties from citing the "content of" a privileged document mistakenly disclosed "as a grounds or basis

Honorable Freda L. Wolfson, U.S.D.J.
February 16, 2024
Page 2

After producing Exhibit 81, JJHCS continued to investigate the matters discussed in the email

chain. It determined that the later emails in the email thread discussed work that JJHCS attorneys

expressly directed non-attorney JJHCS personnel to do in anticipation of litigation. JJHCS does not

discuss the specific content here to preserve its claims of privilege and work product. But JJHCS can

state generally that the remaining portions of the email chain discuss litigation- and damages-related

analysis that non-attorneys conducted at the request of counsel to support the drafting of JJHCS's

Complaint in this matter. In light of this context, JJHCS concluded that the document was **_also_** subject

to work product protection (in addition to the attorney-client privilege), and initiated a "clawback" of

the entire document pursuant to the Discovery Confidentiality Order. Therefore, Exhibit 81 is

properly withheld in its entirety under the work product protection.

We appreciate Your Honor's time and consideration and welcome the opportunity to provide

any further clarification.

Respectfully submitted,

_/s/ Jeffrey J. Greenbaum_
JEFFREY J. GREENBAUM

cc: All counsel of record

---

for" a challenge to a claim of privilege. (Dkt. No. 62 ¶ 14). And even if it were otherwise, SaveOnSP
has never asserted any substantive objection to JJHCS's privilege assertion. Rather, SaveOnSP's
position is that JJHCS waived privilege because Exhibit 81 remained (sealed) on the docket after
JJHCS clawed it back. *See* SaveOnSP Feb. 6, 2024 Letter at 2 (claiming that "J&J has waived any
claim of privilege over Exhibit 81 by filing it and failing to seek to remove it" from the docket).

# Robinson+Cole

E. Evans Wohlforth, Jr.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 20, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

Defendant Save On SP, LLC ("**SaveOn**") responds to Johnson & Johnson Health Care

Systems, Inc.'s (with its affiliates, "**J&J**") February 16, 2024 letter ("**J&J Letter**") regarding its

attempt to remove Exhibit 81 (JJHCS_00008989) from the Court's docket.

*First*, while J&J asserts that "there is no dispute that [the redacted] portions of the email

chain were properly redacted for privilege [in the first instance]," J&J Ltr. at 1, SaveOn explicitly

disputes that J&J properly asserted privilege over any portion of Exhibit 81, SaveOn Letter to Hon.

Wolfson (Feb. 6, 2024) ("**SaveOn Letter**") at 5 (requesting "in camera review of Exhibit 81 to

assess whether J&J properly claimed privilege over any portion of the document").

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

*Second*, while J&J says that SaveOn "has never asserted any substantive objection to JJHCS's privilege assertion," J&J Ltr. at 1 n.1, SaveOn had nothing to object to, because J&J did not present a substantive basis for its privilege claim until it filed the J&J Letter on February 16, 2024. Even in this letter, J&J fails to present all the basic information necessary for SaveOn to assess the privilege claim, including the names of all senders and recipients of the emails, the emails' subject lines, or the dates sent. *Cf.* Fed. R. Civ. P. 26(b)(5)(A)(ii); *D&D Associates, Inc. v. Board of Educ. Of North Plainfield*, No. CIV.A. 03-1026 MLC, 2011 WL 1871110, at *7 (D.N.J. May 13, 2011) (noting that a description of privilege "must contain sufficiently detailed information to allow the court to determine whether the elements of the attorney-client privilege … have been established including dates, authors, and recipients") (quotation omitted).

*Third*, J&J does not meet its burden of establishing attorney-client privilege over the "two initial emails" in the chain. *See In re Teleglobe Communications Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) ("[Attorney-client privilege] applies to any communication that satisfies the following elements: it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose or obtaining or providing legal assistance for the client"). J&J does not identify who made a request for legal advice, who provided it, or on what subject.

*Fourth*, J&J also does not meet its burden of establishing attorney work-product privilege over "later emails" in the chain. Fed. R. Civ. P. 26(b)(3)(A); *In re Riddell Concussion Reduction Litigation*, 2016 WL 7108455, at *7 (D.N.J. Dec. 5, 2016) ("[A] party must show that there existed an identifiable specific claim of impending litigation when the materials were prepared"). J&J does not state when it anticipated this litigation, does not confirm that the emails at issue occurred after this date, and does not identify which attorney directed which employees to do work related to the litigation.

Hon. Freda L. Wolfson                                                                          Page 3

*Finally*, J&J confirms that it waived any work product privilege that it might have had in

Exhibit 81. J&J reviewed the document before producing it. It then re-reviewed the document and

attached it as an exhibit to the October 25, 2023 Joint Letter, and discussed its contents in that

letter. Dkt. 165 at 22, 25. Months later, it investigated the document and only then determined for

the first time that a portion of it was purportedly protected by the attorney work product privilege.

This does not constitute reasonable steps to prevent waiver. *See LabMD, Inc. v. Tiversa Holding

Corp.*, No 15-CV-0092, 2015 WL 1213034, at *5 (W.D. Pa. Mar. 17, 2015) (finding waiver where

the party failed to provide evidence that the document was reviewed by an attorney prior to sub-

mission to the court).

SaveOn appreciates Your Honor's continued attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Hon. Freda L. Wolfson                                                    Page 4

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

February 22, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:** **_Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC_,**
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Special Master Wolfson:

On behalf of JJHCS, we request leave to file this surreply in further support of JJHCS's motion to withdraw "Exhibit 81" from the Court's docket. This surreply is limited to correcting two misstatements in SaveOnSP's February 20, 2024 letter. Separately, as Your Honor requested, we will also submit _ex parte_ an unredacted copy of Exhibit 81 (JJHCS_00008989), along with a copy of the exhibit in the form it was submitted in connection with ECF No. 165 (the "Joint Letter").

First, SaveOnSP claims that it could not have objected to JJHCS's privilege assertion because it lacked the "basic information necessary" to do so, such as the names of all senders and recipients, subject lines, and the dates sent. _See_ SaveOnSP Feb. 20, 2024 Ltr. at 2. Not so: both before and after JJHCS fully clawed back Exhibit 81, SaveOnSP had this information. Before the clawback, SaveOnSP had Exhibit 81 in redacted form for eight months. That version of Exhibit 81, which JJHCS is providing to Your Honor today, contained privilege redactions but still disclosed the subject

Honorable Freda L. Wolfson, U.S.D.J.
February 22, 2024
Page 2

line (as available), the senders and recipients in the threads marked for privilege redaction, and the

dates of transmittal.  Such information was more than sufficient for SaveOnSP to assess JJHCS's

privilege claim: ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ SaveOnSP nevertheless

failed to object to JJHCS's privilege assertion.  And after JJHCS concluded that the rest of Exhibit

81 was subject to work product protection and fully clawed back the entire document, JJHCS

produced a privilege log containing an entry for that document on February 13, 2024.  SaveOnSP

apparently failed to review that entry, which provided further explanation for JJHCS's assertions of

attorney client privilege and work product protection, before submitting its February 20, 2024 letter.

*See* Ex. 1, at 2 (excerpt from February 13, 2024 JJHCS privilege log).

Second, SaveOnSP claims that JJHCS "attached [Exhibit 81] as an exhibit to the October 25,

2023 Joint Letter."  *Id.* at 3.  This is false.  It was SaveOnSP, not JJHCS, that put Exhibit 81 at issue

and attached it to the Joint Letter.  *Compare* ECF No. 165 at 15 (JJHCS exhibits containing "JJHCS

Ex." numbering); *with id.* at 8 (Exhibit 81 without "JJHCS Ex." numbering).

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM


cc:  All counsel of record

2

Ex. 1



www.pbwt.com

March 29, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

     Re:    **SaveOnSP's Clawback of Exhibit 22 to its March 20, 2024
               Opposition Brief**
               *Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
               **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

          On behalf of JJHCS, we write to provide supplemental information relevant to

JJHCS's motion asking that Exhibit 81 to D.E. 165 ("Exhibit 81"), over which JJHCS asserts

privilege and work product protection, be withdrawn from the Court's docket. *See* D.E. 191; *see*

*also* JJHCS's Feb. 8, 2024 Ltr. to J. Wolfson. SaveOnSP opposed the withdrawal of Exhibit 81

and claimed that JJHCS waived all privileges over that document because SaveOnSP filed it as an

exhibit to a motion filed in Court. As explained below, SaveOnSP has now done the very same

thing and yet it continues to assert that its document is shielded from disclosure. In light of the

position taken by SaveOnSP, it cannot now present a waiver argument against JJHCS.

          Like Your Honor, we received notice on the evening of March 27, 2024 that

SaveOnSP had inadvertently disclosed the wrong document as Exhibit 22 to its March 20, 2024

opposition to JJHCS's motion to compel supplemental interrogatory responses ("Exhibit 22"). *See*

Ex. 1. SaveOnSP asserted in this notice that the original Exhibit 22 contained purported work

Hon. Freda L. Wolfson
March 29, 2024
Page 2

product.  Following receipt of that message, JJHCS promptly informed SaveOnSP that it would

"comply with SaveOnSP's clawback request, consistent with its obligations under the Discovery

Confidentiality Order, D.E. No. 62."  *Id.*  We also requested that SaveOnSP explain why the same

arguments it offered with respect to Exhibit 81 would not also apply to its clawback request related

to its own Exhibit 22.  SaveOnSP asserted without explanation or analysis that "the situations are

[not] comparable," and refused to explain or justify its position.  *Id.*

It is unsurprising that SaveOnSP cannot harmonize its position on Exhibit 81 and

Exhibit 22—there is no basis to do so.  In prior motion practice, SaveOnSP argued that JJHCS had

waived work product protection over Exhibit 81 by virtue of its inclusion as an exhibit to a court

filing.  *See, e.g.*, SaveOnSP's Feb. 6, 2024 Ltr. to Judge Wolfson at 3 (arguing that a party "did

not take reasonable precautions to prevent inadvertent disclosure[] of" an exhibit that it discussed

in a court submission); *id.* at 4 (arguing for waiver because the exhibit was disclosed to the

opposing party); *id.* at 5 ("Parties must recognize that there are potentially harmful consequences

if they do not take minimal precautions to prevent against the disclosure of privileged

documents"); SaveOnSP's Feb. 20, 2024 Ltr. to J. Wolfson at 3 (arguing that "attach[ing]" a

document as an "exhibit . . . and discuss[ing] its contents" waives any claim of work product

protection).

Yet, in a nearly identical situation involving its own purported work product,

SaveOnSP disclaimed any waiver of Exhibit 22 and insisted it could withhold the document.  In

both instances, the party seeking to withdraw the exhibit did so within one business day of realizing

that work product material had been accidentally disclosed to the Court.  If anything, SaveOnSP's

waiver as to Exhibit 22 is even clearer, since that was SaveOnSP's own exhibit, which SaveOnSP

Hon. Freda L. Wolfson
March 29, 2024
Page 3

studied, cited, prepared, and submitted itself.  The same is not true as to JJHCS and Exhibit 81,

since Exhibit 81 was a SaveOnSP exhibit.  *See* Feb. 22 Ltr. to J. Wolfson at 2.  Despite the striking

similarities in the two situations, SaveOnSP steadfastly refuses to withdraw its arguments as to

Exhibit 81.  *See* Ex. 1.

SaveOnSP cannot have it both ways:  either both Exhibit 81 and Exhibit 22 can be

properly withheld on the basis of all applicable privileges, or neither can.  SaveOnSP's position

on Exhibit 22 favors JJHCS's position that Exhibit 81 is properly withheld.  We respectfully

request that Your Honor reach the same conclusion and order that Exhibit 81 be removed from the

docket where it is currently under permanent seal.[1]

We appreciate Your Honor's attention to this matter, and we are available to answer

any questions.

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc:    Counsel for SaveOnSP

Enclosures

---

[1] In the event Your Honor accepts SaveOnSP's position that JJHCS waived all protections over
Exhibit 81, then the same conclusion applies perforce to SaveOnSP's assertion of work product
protection with respect to Exhibit 22.

14987139

# EXHIBIT 1

| **From:** | Arrow, Sara (x2031) |
|---|---|
| **Sent:** | Friday, March 29, 2024 9:46 AM |
| **To:** | Matthew Nussbaum; Philippe Selendy; Andrew Dunlap; Meredith Nelson; Elizabeth Snow; Wohlforth, E. Evans; Galli, Sabrina M.; Hannah Miles |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); Long, Julia (x2878); _cg J&J-SaveOn; ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition |

Matt,

We already told you that "JJHCS will take all reasonable steps to comply with SaveOnSP's clawback request, consistent with its obligations under the Discovery Confidentiality Order[.]"  We are asking you to justify your position that "the situations are [not] comparable."  From your email, we can only conclude that you have no legitimate basis for drawing a distinction between the two situations.  We reserve all rights.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Friday, March 29, 2024 9:16 AM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

*Caution: External Email!*

Sara,

Whether the parties believe the situations are comparable or not has no bearing on J&J's obligations under the protective order. Please confirm you have deleted all copies of Exhibit 22.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC [Web]
Pronouns: he, him, his
--------------------------------------------------
+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Thursday, March 28, 2024 10:34 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

Matt,

Thanks for your email.  Why do you think the situations are not comparable?

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com I www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Thursday, March 28, 2024 8:43 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

**Caution: External Email!**

Sara,

2

Thank you for your email.

We disagree that the situations are comparable and decline to withdraw our arguments.

Please confirm that you have deleted all copies of Exhibit 22, as required by the Discovery Confidentiality Order.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his

+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Thursday, March 28, 2024 4:41 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

Matt,

Thank you for clarifying that the original Exhibit 22 was not produced by TrialCard.  JJHCS will take all reasonable steps to comply with SaveOnSP's clawback request, consistent with its obligations under the Discovery Confidentiality Order, D.E. No. 62.

As I'm sure you realize, SaveOnSP's position on Exhibit 22 cannot be squared with the positions it took on Exhibit 81 to D.E. 165.  *See, e.g.*, SaveOnSP's Feb. 6, 2024 Ltr. to Judge Wolfson at 3 (arguing that a party "did not take reasonable precautions to prevent inadvertent disclosure[] of" an exhibit that it discussed in a submission to Judge Wolfson); *id.* at 4 (arguing for waiver because the exhibit was disclosed to the opposing party); *id.* at 5 ("Parties must recognize that there are potentially harmful consequences if they do not take minimal precautions to prevent against the disclosure of privileged documents"); SaveOnSP's Feb. 20, 2024 Ltr. to J. Wolfson at 3 (arguing that "attach[ing] a document as an "exhibit . . . and discuss[ing] its contents" waives any claim of work product protection).  In both instances, the party seeking to withdraw the exhibit did so within one business day of realizing that work product material had been accidentally disclosed to the Court.  If anything, SaveOnSP's waiver as to Exhibit 22 is even clearer, since that was SaveOnSP's own exhibit, which SaveOnSP studied, cited, prepared, and submitted itself.  The same is not true as to JJHCS and Exhibit 81, since Exhibit 81 was a SaveOnSP exhibit.

We therefore expect that SaveOnSP will withdraw all of its arguments that JJHCS waived its protections over Exhibit 81, which if accepted by Judge Wolfson would apply to Exhibit 22 as a matter of course.  Please confirm by noon tomorrow that you will do so, and the parties can then submit a short, joint note to Judge Wolfson tomorrow afternoon advising her that we have resolved our differences as to Exhibit 81, such that Exhibit 81 can be removed from the docket where it is currently under permanent seal.

3

If SaveOnSP will not withdraw its arguments as to Exhibit 81, then by noon tomorrow please re-produce the original Exhibit 22 without redactions.  *See* SaveOnSP Feb. 6, 2024 Ltr. to J. Wolfson at 1 (asserting that JJHCS must re-produce Exhibit 81).

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com I www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Wednesday, March 27, 2024 8:47 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

*Caution: External Email!*

Counsel,

We inadvertently submitted the wrong document as Exhibit 22. Attached here, please find Exhibit 22 – Replacement. This spreadsheet was produced by TrialCard on June 9, 2023. *See* Ex. 1 to June 9, 2023 Ltr. from H. Sandick to M. Nelson.

The document that SaveOn inadvertently produced contains material protected by the work-product immunity. Please destroy all copies of it in your possession and confirm the destruction of those copies by Friday, March 29. *See* Dkt. 62, ¶14.

SaveOn will inform the Court of its error and provide the correct replacement for Exhibit 22.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his

+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Wednesday, March 27, 2024 7:25 PM
**To:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

Counsel:

In your March 20, 2024 Opposition to JJHCS's Motion to Compel Supplemental Interrogatory Responses, you characterize SaveOnSP's Exhibit 22 as a "spreadsheet produced by TrialCard . . . ." *See* Opp. at 17. We have been unable to locate in TrialCard's productions a copy of Exhibit 22. By noon on Friday, March 29, please point us to where Exhibit 22 appears in TrialCard's productions.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.