# EXHIBIT C

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

March 12, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

Defendant Save On SP LLC ("**SaveOn**") seeks relief on two subjects of Your Honor's February 6, 2024 Order, Dkt. 192 (the "**Order**"): (1) Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**")'s failure to take all ordered steps to identify and produce documents regarding the drafting of its terms and conditions; and (2) J&J's refusal to add various search terms for custodians whom it was compelled to add by Judge Waldor and Your Honor. The parties continue to discuss other aspects of the Order but are at impasse here.

## I.    Drafting of CarePath's Terms and Conditions

In the Order, Your Honor held that documents related to J&J's drafting of the terms and conditions for its CarePath program ("**T&Cs**") are relevant to J&J's claim that SaveOn tortiously

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                          Page 2

interfered with those T&Cs. Dkt. 192 at 10, 11. Your Honor ordered J&J to take several steps to

locate and produce documents relevant to the T&Cs. J&J failed to take them.

*First*, Your Honor ordered J&J to determine if it has any documents relating to the drafting

of the T&Cs from before 2013 and, if it did not preserve some or all such documents, "[J&J] must

identify and produce its retention policy to [SaveOn.]" Dkt. 192 at 10. In a February 2, 2024 letter

to Your Honor, J&J stated that it (1) identified two non-attorney employees involved in CarePath's

predecessor programs whose emails from as early as 2010 had been retained; (2) had not located

email communications created before 2010; and (3) "continues to assess the availability of docu-

ments and communications from non-email sources from 2009 to 2013" but had not yet located

any. Feb. 2, 2024 Ltr. from H. Sandick to J. Wolfson. Despite telling Your Honor that it could not

locate at least some pre-2013 documents, despite previously telling the Court that "[J&J] is not

even able to make a production of documents from a time period earlier than 2013 due to applicable

preservation and/or retention capabilities," Dkt. 146 at 22, and despite requests from SaveOn, Ex.

1 (Feb. 21, 2024 Ltr.), J&J has not produced its document retention policies for the pre-2013 time

period. J&J says that it will not do so unless "SaveOnSP agrees to do the same." Ex. 2 at 2 (Mar.

4, 2024 Ltr.). This is inappropriate—the Order was directed to J&J, not SaveOn—and makes no

sense—SaveOn has no retention policy from before 2013 as it was not founded until 2016.

Your Honor should compel J&J to produce all document retention policies that applied to

CarePath or its predecessor programs before 2013 within a week.

*Second*, Your Honor ordered that "[J&J] shall, by no later than February 2, 2024, notify

[SaveOn] of the volume of documents in question"—those relating to the drafting of T&Cs of

CarePath and its predecessor programs before 2016. Dkt. 192 at 11. J&J said nothing about the

volume of these documents in its February 2 letter or since, despite SaveOn's repeated requests.

Hon. Freda L. Wolfson                                                          Page 3

*See* Ex. 3 (Feb. 5, 2024 Ltr.); Ex. 1.

Your Honor should compel J&J to identify the volume of documents relating to the drafting of T&Cs of CarePath and its predecessor programs before 2016 within a week.

*Third*, Your Honor ordered that "the parties must meet and confer as to whether a limitation of those documents is appropriate." Dkt. 192 at 12. In the parties' discussions, J&J has not identified all potential custodians and non-custodial sources for these documents: It identified the "two non-attorney employees" of the predecessor programs, Feb. 2, 2024 Ltr. from H. Sandick to J. Wolfson at 1, but then indicated that additional individuals may also have been involved, Ex. 1. It refused to identify them, Ex. 2 at 2 (Mar. 4, 2024 Ltr.), and did not explain why the two identified individuals should be its only custodians, Ex. 2 at 2. J&J also refuses to run the search terms that SaveOn proposed for the two non-attorneys—or even to provide hit counts of the documents identified by those terms, Ex. 1 at 2 (Feb. 21, 2024 Ltr.); Ex. 2 at 1-2 (Mar. 4, 2024 Ltr.)—and J&J proposed no search terms of its own.

Your Honor should compel J&J to (1) within a week, identify all custodians and non-custodial sources likely to have documents related to the T&Cs of the CarePath program and its predecessors prior to 2016; (2) run the search term on Exhibit 4 over those sources; and (3) produce all non-privileged documents relating to the T&Cs.

## II.    Search Terms for Court-Ordered Custodians

Your Honor ordered J&J to add as custodians Savaria Harris, Jennifer De Camara, Dkt. 192 at 13-14, Scott White, Blasine Penkowski, Karen Lade, *id.* at 26-29, and ordered SaveOn to proposed targeted search terms for them and also for Quinton Kinne, William Shontz, Daphne Longbothum, Alison Barklage, John Hoffman, L.D. Platt (together, the "CAP Custodians"), *id.* at 24 n. 10; 26-29. While J&J has agreed to run various terms over these custodians' files, Ex. 5, it refuses to run additional terms that SaveOn proposes.

Hon. Freda L. Wolfson                                                                    Page 4

J&J refused to provide hit counts of how many documents these additional terms identify;

it thus cannot sustain any objection based on burden. *See City of Sterling Heights Gen. Emps.' Ret.*

*Sys. v. Prudential Fin., Inc.*, 2015 WL 5055241, at *4 (D.N.J. Aug. 21, 2015) (compelling defend-

ant to run plaintiffs' additional search terms targeted to identify relevant documents where defend-

ants failed to provide hit counts showing that the terms would produce an unduly large number of

irrelevant documents). The only remaining question is whether the terms are designed to identify

potentially relevant documents, and they are.

    **A.**    **CAP Custodians: Terms Regarding NEHBs**

Your Honor directed J&J "to use CAP-related search terms" in search the files of the CAP

Custodians. Dkt. 192 at 26. As Your Honor recognized, the essence of J&J's CAP Program is to

(1) identify patients in maximizers, accumulators, or SaveOn; and (2) "take action accordingly to

reduce its losses." Dkt. 192 at 25 (quoting email from Judge Waldor).

Discovery shows ███████████████████████████████████████████

███████████ *See, e.g.*, Ex. 6 (JJHCS_00000912) ████████████████████████████;

Ex. 7 (JJHCS_00001200) ██████████████████████████████████████

███████████; Ex. 8 (JJHCS_00198018) ████████████████████████████

████████████████████████████████. The term "NEHB" refers to "non-essential

health benefits," which are distinguished from "essential health benefits" (or "EHBs") as defined

in the Affordable Care Act. J&J alleges that plans advised by SaveOn designated the specialty

drugs at issue as NEHBs as part of designing the plan benefits at issue in this case. Compl. ¶¶ 9,10,

53, 55, 59.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

4

Hon. Freda L. Wolfson                                                                    Page 5

 Ex. 7 (JJHCS_0001200); *see also* Ex. 9 (JJHCS_00001193)

; Ex. 10 (JJHCS_00001209)

; Ex. 11 (JJHCS_00197567); Ex. 12 (TRIAL-

CARD_00002725)

 SaveOn proposed that J&J run the following search terms over the CAP Custodian's files,

to identify their discussions of so-called NEHB programs (including SaveOn):

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nones-sential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

J&J refused, saying that the terms are not "CAP-related" because they simply describe SaveOn's

business model. Ex. 13 (Mar. 1, 2024 Ltr.). As Your Honor recognized, however,

*see* Jan. 24, 2024 Hr'g Tr.

at 107:12-109:3; 110:20-111:5,                                                              ,

Dkt. 192 at 29

; they are thus fully "CAP-related" under the Order.

 Your Honor should compel J&J to run these terms over the CAP Custodians' files.

---

[1] Your Honor also recognized that terms describing SaveOn were relevant to the CAP Custodians. Jan. 24, 2024 Hr'g Tr. at 110:20-23.

**B.    Scott White & Blasine Penkowski: Term Regarding TrialCard Statements of Work**

Your Honor held that Scott White and Blasine Penkowski are likely to have relevant documents, Dkt. 192 at 28-29, and directed the parties to meet and confer regarding search terms, *id.* at 30. While J&J has agreed to run some terms for White and Penkowski, Ex. 5, it refuses to run a search term related to work orders entered between J&J and its vendor TrialCard.

TrialCard administers CarePath for J&J. *See e.g.,* June 27, 2023 Hr'g Tr. at 90:2-6. ███



Ex. 14 at 2 (JJHCS_00045372),

*see* Dkt. 192 at 28.

Ex. 15 (JJHCS_00001833),

*See, e.g.*, Ex. 16 (JJHCS_00001805)

Your Honor recognized that White was relevant in part ████████████. *See* Dkt. 192 at 28 ████

; *see also* Dec. 28, 2023 Ltr. to Wolfson Ex. 8

SaveOn proposed that J&J run the following search term, which is designed to capture documents relating to J&J's work orders to TrialCard relating to the 14 specific drugs at issue:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

J&J refused to do so. It asserted that the terms were not sufficiently limited, Ex. 13 (Mar. 1, 2024 Ltr.), but the terms search only for TrialCard work orders that related to both CarePath **and** one of the specific drugs at issue. J&J also asserted that information about TrialCard's disbursement of funds could be gleaned from non-custodial productions, *id.*, but TrialCard's relevance includes actions beyond disbursements (e.g., identifying patients on SaveOn-advised plans) and SaveOn needs to see not only final work orders but also related communications.

Your Honor should compel J&J to run this term over White's and Penkowski's files.

### C.    Blaine Penkowski: Term Regarding the Group Penkowski Convened to Respond to Accumulators and SaveOn

Your Honor held that Penkowski's documents were relevant in part because ███████████

███████████████████████████████████████████████████

███████████ Dkt. 192 at 29; *see also* Jan. 24, 2024 Hr'g Tr. at 129:6-10 ███████████

███████████████████████████████████████████████████

In a June 28, 2018 email, Penkowski indicated that ███████████████████████

███████████████████████████████████████████████████

███████████ Ex. 17 (JJHCS_00140929). ███████████

███████████████████████████████████████████████████

Hon. Freda L. Wolfson                                                    Page 8

█████████████████ [2] Your Honor characterized this email—attached to SaveOn's December 28, 2023 motion as Exhibit 6—as "Very relevant." Jan. 24, 2024 Hr'g Tr. at 129:6-10.

To identify documents regarding that ████████████, SaveOn proposed that J&J run the following search term over Penkowski's documents:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

J&J refused to do so. It asserted, first, that this is an "ancillary financial request," Exhibit 5, but the request is actually targeted directly at documents of the working group on the specific topic of accumulators and maximizers. J&J also asserted that the term would identify irrelevant documents because the phrase "strategic customer group" appears in Penkowski's and others' signature blocks, *id.*, but the term is limited to documents discussing accumulators and maximizers—which are highly likely to be relevant—and J&J has not identified how many total documents the term would identify for review.

Your Honor should compel J&J to run this term over Penkowski's files.

### D.    Savaria Harris & Jennifer De Camara

Your Honor ordered J&J to add Harris and De Camara as custodians, as they were involved in drafting new T&Cs for the drugs Stelara and Tremfya that took effect in January 2022. Dkt. 192 at 13-14. Your Honor ordered the parties to meet and confer regarding search terms, *id.* at 14, the "starting point" for which was their communications with third parties, *id.* at 14 n.8. While J&J has agreed to run some terms for these custodians, Ex. 5, it refuses to run others.

*First*, SaveOn proposed that J&J run the following terms over the custodians' third-party

---

[2] Judge Waldor and Your Honor have both found J&J's response to accumulators, maximizers, and SaveOn relevant. *See* Dkt 192 at 26.

Hon. Freda L. Wolfson                                                    Page 9

communications, targeted at discussions involving SaveOn:

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB*
  OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB*
  OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

J&J refused. It asserted that the terms are not "connect[ed]" to drafting of new T&Cs for Stelara
& Tremfya, Ex. 13 at 5 (Mar. 1, 2024 Ltr.), but they are very connected, ███████████████
██████████████████████████ *See, e.g.*, Ex. 18 (JJHCS_00033693) ██████████████
████████████████████████████; Ex. 19 (JJHCS_00034439) ████████
████████████████████████; Ex. 20 (JJHCS_00002581) ███████████████
████████████████████████████; Ex. 21 (TRIALCARD_00000014) ██████. In any
event, Your Honor ordered J&J to produce documents not only regarding its drafting of the new
T&Cs but also "its business decision to implement the new T&Cs" despite knowing of SaveOn
since 2017, Dkt. 192 at 14, and the proposed terms are highly likely to identify documents regard-
ing J&J's decision to implement the new T&Cs in response to SaveOn.

    *Second*, SaveOn proposed that J&J run the following terms over Harris's and De Camara's
third-party communications, targeted at the CarePath term that it "may not be used with any other
coupon, discount, prescription savings card, free trial, or other offer":

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND
  (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR
  chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR
  "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other
  offer") AND (revis* OR edit* OR chang* OR modif*)

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

J&J refused. It asserted that the custodians are relevant only because they worked on new T&Cs

Hon. Freda L. Wolfson                                                    Page 10

for Stelara and Tremfya, Ex. 13 at 4 (Mar. 1, 2024 Ltr.), but a key issue is why J&J opted to create

new T&Cs for those two drugs when the existing T&Cs already included the "other offer" provi-

sion that J&J says bars patients on SaveOn-advised plans from being eligible for CarePath. SaveOn

is entitled to non-privileged discussions on that point, which likely included discussion of the

"other offer" provision. J&J also asserts that documents about changes to the Stelara and Tremfya

T&Cs will "necessarily" include the term "Stelara" or "Tremfya," *Id.* at 4, but that is not so—a

custodian could well have referred to the "other offer" provision in a communication that the par-

ticipants knew was about those drugs but did not mention them by name.

     Your Honor should compel J&J to run these terms over Harris's and De Camara's files.

Hon. Freda L. Wolfson                                                    Page 11

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 21, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to your February 8, 2024 letter and to follow up about the February 12, 2024 meet-and-confer regarding J&J's search for and production of documents regarding the drafting, meaning and enforcement of CarePath's General T&Cs.[1]

**I.    Drafting of the General T&Cs**

During the meet-and-confer, J&J identified the two attorneys that it told the Court might have relevant documents regarding the drafting of the General T&Cs: Kimberly Wortman and Kathy Chapman. You also indicated that there might be an attorney who participated in the drafting of the General T&Cs. Please identify that attorney and run the below search term over their custodial files:

- (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condi-

_____

[1] We use the term "General T&Cs" as it was used in Dkt. 146: T&Cs that applied to all 18 Janssen Drugs at issue through December 2021 and still apply to 16 of those drugs (all except Stelara and Tremfya).

tion) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*")

You also stated that there were likely to be more than those three people who participated in the drafting. Please identify all individuals involved in the drafting of the "other offer" provision of the General T&Cs and state whether J&J has preserved each of their custodial files (and, if not, please explain the time and circumstances of the files' destruction). For all such individuals for whom J&J has preserved custodial files, please run the above search term over those files.

If J&J refuses to use the proposed search terms on the basis of burden, please provide hit counts for the full term and broken down by individual search strings for each custodian and proposed custodian.

It also caused us some concern that you appeared confused as to the meaning of "noncustodial files," as J&J has agreed to search noncustodial files in response to numerous of SaveOn's RFPs. For the avoidance of doubt, and as is standard in large commercial litigations, the term "noncustodial files" refers to sources not within the possession of a single custodian, such as network drives, SharePoint, and databases. Please state if J&J is searching and producing documents from noncustodial files regarding the drafting of the General T&Cs.

Finally, as you have already stated to the Court that at least some files regarding the drafting of the General T&Cs have not been preserved, Dkt. 146 at 22 & Ex. 5 at 1-2, in accordance with the Court's order, Dkt. 192 at 11, please produce the relevant document retention policies.

## II.    Meaning of the General T&Cs

In your letter, you assert that SaveOn's request for "documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn" is already encompassed by SaveOn's Request No. 8, which called for "[a]ll documents or communications with or involving SaveOn." Feb. 8 Ltr. from J. Long to E. Snow. Not so. Documents concerning J&J's understanding of the meaning of the General T&Cs may **include** documents relating to SaveOn but are not **limited** to such documents. Please confirm that J&J will search for and produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including but not limited to how and when that understanding came to encompass SaveOn.

## III.    Enforcement of the General T&Cs

Judge Wolfson found "that documents related to the enforcement of T&Cs of CarePath, including 'other offer' are relevant." Dkt. 192 at 12. She also found that J&J must "search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the

provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'" *Id.* at 13.

J&J says it will produce documents reflecting its enforcement instructions and policies but does not state the time period for which it will do so. Please confirm that J&J will produce such documents for the full discovery period of April 1, 2016 through November 7, 2023.

J&J also says that it will not produce "documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn." Feb. 8 Ltr. at 3. J&J claims such a production "runs contrary to Judge Wolfson's ruling that these documents concerning individual enforcement would be too burdensome to produce." *Id.* Not so. Judge Wolfson wrote only that "it would be burdensome to search and produce records of *each individual patient's call history*," Dkt. 192 at 13 (emphasis added), in the context of searching for documents related to the enforcement of all eligibility provisions in the General T&Cs. SaveOn does not seek those records. SaveOn seeks specific records related to the enforcement of the "other offer" provision, the relevance of which J&J itself has repeatedly conceded, most recently at the January 24, 2024 conference.[2]  Please confirm that J&J will produce these documents.

During the meet-and-confer, J&J stated that it refused to run search terms including "PrudentRx" or "OptumRx." As SaveOn explained, newly produced documents reveal that J&J—through its vendor TrialCard—conducted Benefits Investigations to enforce its terms and conditions against PrudentRx and OptumRx. If J&J decided that patients on SaveOn-advised plans violated the "other offer" provision, but decided that patients on PrudentRx or OptumRx-advised plans did not, that would be highly relevant to J&J's understanding of the General T&Cs.[3]  Such

---

[2] *See, e.g.*, Jan. 24, 2024 Tr. at 28:22-29:2 (counsel for J&J arguing that certain documents were not relevant because "they don't touch on the application of the 'other offer' term, they don't touch on how that's applied in the context of a so-called maximizer or accumulator program like SaveOn."); *id.* at 35:18-20 ("JUDGE WOLFSON: They've already conceded, however, that SaveOn doesn't fall within any of those terms, they only fall within the 'other offer.'")*; see also* Dkt. 79 at 24 (agreeing to produce documents "bearing on the meaning of the 'other offer' provision at issue in this case").

[3] You suggest that J&J's refusal to search for documents regarding its enforcement of the "other offer" provision against PrudentRx and OptumRx is similar to SaveOn's refusal to search for documents regarding services exclusively as to drug manufacturers other than J&J. This is not so. Judge Waldor rejected J&J's requests regarding other manufacturers because SaveOn's conduct as to those

documents would also fall squarely within J&J's enforcement instructions and policies, which Judge Wolfson ordered J&J to produce. Dkt. 192 at 12.

Please confirm that J&J will run the following search terms, which SaveOn has narrowed, over the relevant custodians[4] for April 1, 2016 through November 7, 2023:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (maximiz* OR accumulat*)

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc*" OR "*eligib*" OR "ineligib*")

- "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx")

If J&J objects on the basis of burden, please provide hit counts, both by individual search term and in the aggregate, for each custodian.

## IV. Stelara and Tremfya Terms and Conditions

Judge Wolfson ordered J&J to provide discovery regarding "why Plaintiff decided to amend the terms in 2022, when it knew of the SaveOnSp Program since 2017." Dkt. 192 at 14. In order to capture such documents, SaveOn proposes the following search term to be run over custodians Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy from January 1, 2021 to November 7, 2023:

---

other manufacturers is not at issue. Dkt. 89 at 16:25. J&J's enforcement (or nonenforcement) of the "other offer" provision is at issue, in contrast, because it goes to J&J's understanding of that provision.

[4] SaveOn considers the relevant custodians to include Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh. SaveOn asks that J&J advise if any additional custodians are likely to possess relevant documents regarding the enforcement of the General T&Cs.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

J&J stated it will add Debbie Kenworthy "to capture documents related to the Stelara and Tremfya terms and conditions between approximately June 2023, when Ms. Kenworthy started her new role and first became responsible for these discussions, and November 7, 2023." Feb. 8, 2024 Ltr. at 4. In addition to using the term proposed above, please run these additional terms for Kenworthy's documents from June 1, 2023 to November 7, 2023:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*).

If J&J objects on the basis of burden, please provide hit counts, both by individual search term and in the aggregate, for each custodian.

Finally, SaveOn again asks that J&J confirm that it will produce all documents identified by its search parameters regarding the enforcement of the Stelara and Tremfya Terms and Conditions from April 1, 2016 until November 7, 2023. If J&J refuses to do so, please explain its basis for withholding those documents.

We ask for a response by February 28, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 2



March 4, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
<u>        **2:23-cv-02632 (JKS) (CLW)**                                    </u>

Dear Elizabeth:

We write in response to SaveOnSP's February 21, 2024 letter concerning the parties' February 12, 2024 meet and confer on the scope of JJHCS's production obligations for terms and conditions issues.

## I.     Documents Relating To Pre-2016 Terms and Conditions

At the outset, it bears noting that SaveOnSP continues to recycle faulty search logic—now as to the files of Kim Wortman and Kathi Chapman—that Judge Wolfson explicitly rejected as to a similar term.[1]  This is unproductive.  JJHCS will not use SaveOnSP's search term because it will result in the review of every document in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof).  This is why Judge Wolfson explicitly rejected a similar version of that term at the January 24, 2024 conference.  *See* Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen.").  When SaveOnSP is prepared to follow Judge Wolfson's rulings, JJHCS will be prepared to meet and confer concerning an

---

[1] This term is:  (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*").

Elizabeth H. Snow, Esq.
March 4, 2024
Page 2

appropriate search term.  But rolling out the same search terms that Judge Wolfson has already considered and rejected will not lead anywhere.  Accordingly, JJHCS declines to run this term:

With respect to additional custodians for the pre-2016 time period, SaveOnSP claims that JJHCS "stated" during the February 12 meet and confer "that there were likely to be more than those three people who participated in the drafting" of terms and conditions before this date.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 1-2.  We said no such thing.  Rather, during the meet and confer, you asked whether we would represent that Ms. Wortman and Ms. Chapman were the only individuals involved in such discussions.  We replied that, based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP.  As we stated, it is premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents.

SaveOnSP also claims that JJHCS "appeared confused as to the meaning of 'noncustodial files.'"  *Id.* at 2.  This formulation is neither accurate nor productive.  What JJHCS actually asked at the February 12 meet and confer was whether there were categories of noncustodial documents that SaveOnSP specifically seeks.  JJHCS renews that request here and remains open to considering production of such documents if SaveOnSP explains what it is seeking.

Finally, while we disagree with your characterization of JJHCS's prior statements concerning its retention capabilities, (*see* Dkt. Nos. 146 and 150), JJHCS agrees to produce its retention policies for the time period in question if SaveOnSP agrees to do the same.  *See* Feb. 27, 2024 Email from G. LoBiondo to M. Nussbaum.

## II.    Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions

As a threshold matter, SaveOnSP's arguments concerning the "[m]eaning" and "[e]nforcement" of the terms and conditions intersect with SaveOnSP's February 20 motion for clarification and/or reconsideration of various topics, including SaveOnSP's pending request that JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General T&Cs."  Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3.  In light of SaveOnSP's pending motion for reconsideration, it would not be productive for the parties to meet and confer on search terms at this time.  We welcome the opportunity to meet and confer once Judge Wolfson rules on SaveOnSP's requested relief.

SaveOnSP also asks whether JJHCS's production of documents "reflecting the company's enforcement instructions and policy" will encompass the full April 1, 2016 to November 7, 2023 time period.  At we have made clear, JJHCS will comply with the Court's February 6 Order, which directed "Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed-upon discovery time frame (April 2016-November 2023)."  Dkt. No. 192 at 13.

Elizabeth H. Snow, Esq.
March 4, 2024
Page 3

SaveOnSP continues to insist on a production of "documents sufficient to show ***the
instances***" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath
eligibility standards.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3.  This phrasing places no
meaningful limitation on SaveOnSP's requests.  In fact, this formulation ignores both the proposal
that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in
which a decision was made about whether to provide or terminate copay support to specific
patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that
Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined
issue).  For the reasons stated in JJHCS's February 8 and 15 letters, JJHCS will not produce
"documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards,
  including without limitation for patients on Medicare, Medicaid or other government-
  provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported
  violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as
  to entities J&J considered 'maximizers' or 'accumulators' (including without limitation
  OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any
  of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial'
  provisions."

*See* Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to
E. Snow at 2-3.

Nor will JJHCS run search terms that bear no connection to the permitted scope of
discovery.  For example, one of SaveOnSP's proposed terms would require JJHCS to review all
documents in which the term "other offer" appeared in the same document as "PrudentRx" or
"OptumRx" (including variations thereof).  In its latest letter, SaveOnSP claims that these
documents would be relevant "[i]f [JJHCS] decided that patients on SaveOn-advised plans violated
the 'other offer' provision, but decided that patients on PrudentRx or Optum Rx-advised plans did
not."  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.  Far from seeking documents limited to
JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate
companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never
requested at any point in the eleven months the parties litigated this issue.  JJHCS declines to run
these terms.

## III.    Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term over the custodial files of
Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King,
Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren

Elizabeth H. Snow, Esq.
March 4, 2024
Page 4

Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy for the time period January 1, 2021 to November 7, 2023 to capture documents "regarding 'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'" Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

JJHCS declines to do so. This search string would require JJHCS to review over 95,000 documents (family inclusive) for the two-year period that SaveOnSP proposed. And no wonder: as constructed, the term would require review of every document mentioning "chang[es]" to "Stelara" or "Tremfya" without limitation to CarePath's terms and conditions, as well as every document mentioning "Stelara" or "Tremfya" and either "maximiz[ers]" or "accumulat[ors]." In fact, because of the way the term "maximiz*" is constructed, SaveOnSP's proposal would force JJHCS to review any document mentioning how to "maximiz[e]" the effectiveness of Stelara and Tremfya even when those documents have nothing to do with changes to the terms and conditions for JJHCS's co-pay assistance program.

SaveOnSP also asks that JJHCS run four additional search terms[2] over the custodial files of Debbie Kenworthy for the period June 1, 2023 to November 7, 2023. JJHCS already agreed to add Ms. Kenworthy as a full custodian for that period, which encompasses these terms (and others) for the identified time period.

Very truly yours,

/s/ Julia Long
Julia Long

---

[2] These terms are:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com


February 5, 2024


**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding Judge Wolfson's rulings regarding CarePath's terms and
conditions during the January 24, 2024 conference.[1]

## I.    Drafting of Terms and Conditions

Judge Wolfson agreed with SaveOn that J&J's use of the terms and condi-
tions for predecessor programs is relevant. Rough Tr. 11:4-8. You stated you would
provide more information by February 3, 2024 about your position regarding doc-
uments prior to 2013. Rough Tr.13-14. Your submission on that date did not iden-
tify the predecessor programs from which the "other offer" provision was drawn,
the custodians and non-custodial document sources for those programs, whether
any information from those sources was deleted (and the timing or the circum-
stances thereof), or any details on whether information from before 2013 was ac-
cessible or purportedly burdensome to produce. Please provide that information
promptly.

---

[1] We use the term "General T&Cs" as it was used in Dkt. 146: "T&Cs that applied to
all 17 Janssen Drugs at issue through December 2021 and still apply to 15 of those
drugs (all except Stelara and Tremfya)."

## II.    Meaning of the Terms and Conditions

Judge Wolfson asked SaveOn to provide narrowed requests for production regarding J&J's understanding of the General T&Cs. Rough Tr. 38:12-20. Please produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn. Please also produce documents sufficient to show J&J's interpretation of the terms "other offer," "coupon," "discount," "prescription savings card," and "free trial" over the period April 1, 2016 to November 7, 2023.

## III.    Enforcement of the Terms and Conditions

Judge Wolfson ordered SaveOn to provide narrowed requests regarding the enforcement of the General T&Cs. Rough Tr. 39:13-40:4.

*First*, please produce documents sufficient to show any formal or informal policies regarding enforcement of the General T&Cs. This includes any instructions given to J&J or TrialCard employees relating to enforcement of the General T&Cs.

*Second*, please produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age. This includes documents sufficient to show all CarePath eligibility standards.

*Third*, please produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the "other offer" provision on any basis; (2) the "other offer" provision as to entities J&J considered "maximizers" or "accumulators" (including without limitation OptumRx and PrudentRx); and (3) the "other offer" provision as to SaveOn. This should include documents sufficient to show J&J's thinking in enforcing or contemplating enforcement of the General T&Cs on these bases.

*Fourth*, please produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the "other offer," "coupon," "discount," "prescription savings card" and "free trial" provisions. Please also produce documents sufficient to show all instances between April 1, 2016 and November 7, 2023 in which J&J has investigated whether someone is ineligible for CarePath because of their use of an "other offer," or a "coupon," "discount," "prescription savings card" or participation in a "free trial." This should include documents sufficient to show J&J's thinking in enforcing or contemplating enforcement of the General T&Cs on these bases.

*Fifth*, please run the following search terms over the documents of the relevant custodians[2] from April 1, 2016 to November 7, 2023:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" AND (maximiz* OR accumulat*))

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")

- "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx")

If you object to adding any of these search terms on the basis of burden, please provide hit counts of the unique documents identified by each term for each custodian and in the aggregate for each custodian and all custodians.

## IV. Stelara and Tremfya Terms and Conditions

Please tell us if J&J will reverse the position it stated at the January 4, 2024 meet-and-confer and will produce all documents identified by its search parameters regarding the enforcement of the Stelara and Tremfya Terms and Conditions from April 1, 2016 until November 7, 2023. *See* Jan. 5, 2024 Ltr. at 2. If not, please explain the basis for withholding those documents.

We reserve all rights and ask that you be prepared to discuss this topic at this week's meet-and-confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

---

[2] SaveOn considers the relevant custodians to include Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

3

# Exhibit 4

**JJHCS v. SaveOnSP**
Search Term for Custodians
Case No. 2:22-cv-02632-JKS-CLW

(Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial")

# Exhibit 5

**JJHCS v. SaveOnSP**
Search Terms for Custodians
Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| **Scott White and Blasine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |

# EXHIBIT 6

# CONFIDENTIAL – FILED UNDER SEAL

**EXHIBIT 7**

**CONFIDENTIAL – FILED UNDER SEAL**

# EXHIBIT 8

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 9

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 10

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 11

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 12

# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 13



www.pbwt.com

March 1, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
        **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's February 22, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the CAP custodians.

## I.    CAP Custodians

As SaveOnSP knows, the Court directed only the use of "CAP-related search terms" when searching the files of the CAP custodians,[1] including "terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26.  Despite its acknowledgment at the parties' February 12, 2024 meet and confer that two of its search strings are not "CAP-related" but instead designed to capture documents describing SaveOnSP's "business model," SaveOnSP continues to insist JJHCS run these terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

In its February 22 letter, SaveOnSP now claims that these terms are used "as shorthand for SaveOn" and therefore must be added.  This is incorrect and a pretext for obtaining

---

[1] For the avoidance of doubt, the "CAP custodians" are Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 2

documents to which SaveOnSP is not entitled, the latest example of SaveOnSP's unwillingness to accept the Court's limitations.  Just last month, SaveOnSP moved to compel JJHCS to add the CAP custodians as full custodians.  After extensive briefing and argument, Judge Wolfson denied that relief, directing only "CAP-related" search terms for the period April 1, 2016 to November 7, 2023.  JJHCS will only run terms that are designed to capture CAP-related documents.[2]



JJHCS_00001209.  This document does not support SaveOnSP's position.

## II.    Scott White and Blasine Penkowski

In its February 22 letter, SaveOnSP rejected JJHCS's proposal to capture relevant Trial Card contracts and statements of work through non-custodial sources.  Instead, SaveOnSP insists that JJHCS employ the search string below to search the custodial files of two apex custodians, Scott White and Blasine Penkowski:

- (TrialCard OR "Trial Card" OR TC) AND ((statement* w/5 work) OR SOW* OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR WithMe OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

SaveOnSP's latest demand cannot be squared with the Court's directions.  As the Court recognized, Mr. White and Ms. Penkowski are senior executives and thus directed only "[v]ery limited" search terms be used over their custodial documents. Jan. 24, 2024 Tr. at 128:14–17.  SaveOnSP's proposed search is not necessary to meet its stated goals.  Even assuming *arguendo* that "the amount of funds that Plaintiff provided to Trial-Card to disburse through CarePath" is relevant, as SaveOnSP claims, such information would be readily gleaned from the non-custodial collection that JJHCS proposed.  SaveOnSP has articulated no basis to support its

_____

[2] Indeed, despite challenging nearly every other aspect of the Court's February 6 Order, SaveOnSP did not move to reconsider this ruling.

14941476

Elizabeth H. Snow, Esq.
March 1, 2024
Page 3

demand for additional digging through Mr. White or Ms. Penkowski's files.  Accordingly, JJHCS will not run this term.

Despite what appeared to be a productive conversation at the parties' February 12 meet and confer, SaveOnSP nonetheless continues to demand that JJHCS run the following term over Ms. Penkowski's custodial files:  (brand* OR finance* OR "SCG" OR (strategic /5 customer)) AND (accumulat* OR maximiz*).  This is disappointing.  As JJHCS has explained at least three times now, there are two fundamental problems with SaveOnSP's proposed term:  (1) the term would return any document with "finance" (or variations thereof) in the same document as "accumulator" or "maximizer," despite the Court's February 6 Order ruling that SaveOnSP's ancillary financial requests were overwhelmingly irrelevant; and (2) because Ms. Penkowski oversees the "Strategic Customer Group," these terms would result in review of every document in which "Strategic Customer Group" or "SCG" appear in a signature block.  SaveOnSP acknowledged these very points at the end of our meet and confer.  To be clear, JJHCS will not run this term.

As to the remaining search terms proposed for Ms. Penkowski's custodial files, SaveOnSP admits in its February 22 letter that those terms are related to SaveOnSP's "financial" requests.  The Court ruled that documents concerning "communications of budgetary decisions" or "return on investment" are not relevant and so JJHCS will not search for them.  Dkt. No. 192 at 19, 22.

### III.    Karen Lade

We appreciate SaveOnSP's agreeing to the modified terms that JJHCS proposed in its February 15 letter.  JJHCS agrees to run the following terms:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

As to the remaining search terms for Ms. Lade's custodial files, JJHCS will not search for or review documents concerning "communications of budgetary decisions" or "return on investment," (Dkt. No. 192 at 19, 22), for the reasons stated at the February 12 meet and confer and JJHCS's February 15 letter.

### IV.    Savaria Harris and Jennifer De Camara

We appreciate that SaveOnSP has agreed to JJHCS's proposal to run SaveOnSP's search terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), over Ms. Harris and Ms. De Camara's communications with third parties, so long as those documents

Elizabeth H. Snow, Esq.
March 1, 2024
Page 4

also mention Stelara and Tremfya.  For the avoidance of doubt, JJHCS agrees to run the following terms:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

     JJHCS also proposed a fifth term (listed below), subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara.  In its February 22 letter, SaveOnSP rejects JJHCS's compromise proposal, but nonetheless demands JJHCS continue to run its compromise term because JJHCS "articulated no objection as to adding that term."  Feb. 22, 2024 Ltr. from E. Snow to J. Long at 5.  This argument makes little sense—and indeed, is designed to disincentivize JJHCS from proposing broad counterproposals in the future.  In a renewed effort to reach compromise, JJHCS proposes a modified version of that term (with changes in red), again subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer" OR "any other coupon, discount, prescription savings card"))

     JJHCS declines to run the remaining terms at issue.  Unlike the terms above, which SaveOnSP recognize should be limited to documents mentioning "Stelara" or "Tremfya," SaveOnSP claims that *five* additional search strings untethered to Stelara or Tremfya are warranted because Ms. Harris and Ms. De Camara "are likely to have discussed the original terms and conditions being revised" in the context of the Stelara and Tremfya revisions.  This makes no sense.  Documents about changes to the Stelara and Tremfya terms and conditions necessarily will mention either "Stelara" or "Tremfya"—and it is telling that SaveOnSP does not cite to a single document to support its contrary view.  Accordingly, JJHCS will not run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

Elizabeth H. Snow, Esq.
March 1, 2024
Page 5

For the same reason, JJHCS also declines to run variations of the term "SaveOn" over Ms. Harris and Ms. De Camara's custodial documents.[3]  Even if ███████████ ██████████████████████████████████████████████ that alone is not a basis to review thousands of documents containing the word "SaveOn" without any connection to the terms and conditions or the products—i.e., Stelara and Tremfya—at issue.  Rather, this appears to be a blatant attempt to expand the scope of the Court's February 6 Order to encompass RFP No. 8.  This is not what Judge Wolfson ordered.  *See* Dkt. No. 192 at 13-14.  Nor is there a need to run these terms: JJHCS already has agreed to run the exact terms over the files of ***twenty-six*** other JJHCS custodians from April 1, 2016 to November 7, 2023.

\*       \*       \*

JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

_____

[3] In its February 22 letter, SaveOnSP demands the following search terms:

- Save On" (*case sensitive*)
- "save on" w/50 (accumulat\* OR maximiz\* OR "essential health benefit\*" OR EHB\* OR "non-essential health benefit\*" OR "nonessential health benefit\*" OR NEHB\* OR accredo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

# EXHIBIT 14

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 15

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 16

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 17

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 18

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 19

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 20

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 21

# CONFIDENTIAL – FILED UNDER SEAL



www.pbwt.com

March 20, 2024

Julia Long
(212) 336-2878
jlong@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re:    **JJHCS's Opposition to SaveOnSP's March 12 Motion to Compel**
       *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
       Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to Defendant Save On SP, LLC's ("SaveOnSP") March 12, 2024 letter motion. JJHCS has complied with Your Honor's February 6, 2024 Order by diligently searching for relevant decade-old records, keeping SaveOnSP apprised of its findings, and conferring on search terms in good faith. SaveOnSP, on the other hand, cannot take yes for an answer.

There are two aspects to SaveOnSP's motion. The first concerns the drafting of the CarePath terms and conditions ("T&Cs") going back many years, and the second relates to which search terms should apply to recently added custodians. As to the first issue, SaveOnSP has rushed to motion practice even though JJHCS has already agreed to do two of the three things that SaveOnSP now seeks to "compel." The only area of disagreement is whether JJHCS should run a search term that is patently overbroad and substantively identical to one that Your Honor already rejected.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 2

On the second issue (search terms for the custodians added at the January 24 conference), JJHCS has acquiesced to the vast majority of SaveOnSP's demands.  JJHCS has stood firm only where SaveOnSP seeks to expand Your Honor's February 6 Order.  Some examples follow, all of which are discussed further in the sections below:

- On the CAP custodians,[1] SaveOnSP continues to insist on search terms wholly unrelated to JJHCS's CAP efforts, despite Your Honor's clear guidance that search terms for these custodians should be "limited" to "CAP-related search terms."  Dkt. 192 at 26.

- Similarly, for Scott White and Blasine Penkowski, two high-ranking executives who serve as apex custodians, SaveOnSP ignores the Court's guidance that search terms should be "[v]ery limited."  Jan. 24, 2024 Tr. at 128:14–17.  SaveOnSP's demanded searches are anything but "limited," as they target documents that JJHCS already has agreed to pull from noncustodial sources or, worse, would require the review of scores of documents hitting on a specific email "signature block."  *See infra* at 9–13.

- SaveOnSP's remaining search terms, for two ***attorneys*** involved in the drafting of the Stelara and Tremfya T&Cs, have nothing to do with Stelara or Tremfya.  Again, for attorney custodians, the scope of searches is critically important, as Your Honor has recognized.  And when JJHCS proposed a reasonable compromise term meant to capture the documents SaveOnSP was seeking, SaveOnSP simply tacked that term onto its list of demands.  This is not a productive method of negotiation.

In sum, SaveOnSP's search term proposals continue to be overbroad and untethered to the issues in the case.  Accordingly, SaveOnSP's motion should be denied.

**I.    SaveOnSP's Requested Relief as to the Drafting of CarePath's T&Cs Finds No Support in the February 6 Order**

SaveOnSP asks this Court to direct JJHCS to produce its retention policies, identify the "volume" of certain decade-old documents, run an overbroad search term, and produce "all" T&C documents.  Mot. at 2–3.  As explained below, there is no basis to grant any of this relief.

---

[1] The CAP custodians are Quinton Kinne, Daphne Longbothum, William Shontz, Alison Barklage, John Hoffman, and L.D. Platt.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 3

> ### A.      JJHCS Should Not Be Directed To Produce Retention Policies Given SaveOnSP's Refusal To Do the Same

After substantial briefing and an in-person hearing on January 24, 2024, Your Honor ordered JJHCS to (1) search documents related to the drafting of the T&Cs of CarePath and its predecessor programs prior to 2016, (2) determine whether any such documents are relevant, and (3) produce them.  Dkt. 192 at 10.  Your Honor further instructed, "*If* some or all relevant documents were not preserved prior to 2013, Plaintiff must identify and produce its retention policy to Defendant."  *Id*. (emphasis added).  To that end, Your Honor instructed that "no later than February 2, 2024, [JJHCS must] notify Defendant of the volume of documents in question and/or retention policy" and directed the parties to thereafter "meet and confer as to whether a limitation of those documents is appropriate."  *Id*. at 11–12.

JJHCS complied with that instruction.  In its status letter, JJHCS advised that "two non-attorney employees involved in CarePath's predecessor programs may have available email data from as early as 2010, based on document collection in unrelated proceedings that appear to have been retained," and that JJHCS was still "investigating whether relevant communications from the time period of 2010 to 2013 exist."  Ex. 1, Feb. 2, 2024 Ltr. from H. Sandick to Hon. Wolfson at 1–2.  JJHCS has since told SaveOnSP that, consistent with Your Honor's February 6 Order, it will identify and produce its retention policy if it learns that "'some or all relevant documents were not preserved prior to 2013.'"  Ex. 2, Feb. 8, 2024 Ltr. from J. Long to E. Snow at 1 (quoting February 6, 2024 Order).  To date, JJHCS has not identified any such gap.

SaveOnSP argues that JJHCS should be compelled to produce its document retention policies anyway, because it "could not locate at least some pre-2013 documents."  Mot.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 4

at 2. That is not what Your Honor ruled. The February 6 Order directed JJHCS to produce its

retention policy **if** it found that "some or all **relevant** documents were not preserved prior to 2013."

Dkt. 192 at 10 (emphasis added). JJHCS has made no such finding; rather, JJHCS has located

email and hard drive data dating back fifteen years to January 1, 2009.[2] As to noncustodial sources,

JJHCS has twice asked SaveOnSP "whether there were categories of noncustodial documents that

SaveOnSP specifically seeks," but SaveOnSP ignored JJHCS's requests for clarification and

instead rushed to file this motion. *See* Ex. 3, Mar. 4, 2024 Ltr. from J. Long to E. Snow at 2.

SaveOnSP should not be rewarded for its refusal to engage on these issues.

Nevertheless, in an attempt to reach compromise, JJHCS offered to produce its

retention policies "for the time period in question" (*i.e.*, January 1, 2009 through November 7,

2023) "if SaveOnSP agrees to do the same." *Id*. at 2. JJHCS asked SaveOnSP to do so after

learning that SaveOnSP repeatedly failed to preserve several different tranches of highly relevant

information.[3] SaveOnSP now complains that it "was not founded until 2016," Mot. at 2, but that

asymmetry works in SaveOnSP's favor and should have made it easy for SaveOnSP to accept

---

[2] Likewise, JJHCS's prior statements—which SaveOnSP continues to mischaracterize—refer to an "ongoing" investigation in which JJHCS described what materials, as of February 2, 2024, it had been able to affirmatively identify. Nowhere in JJHCS's February 2, 2024 letter to Your Honor (or in discovery correspondence since) has JJHCS concluded that **relevant** pre-2013 documents were deleted.

[3] For example, SaveOnSP apparently failed to preserve certain claims data from 2016 and 2017. *See* Ex. 4, Jan. 10, 2024 Ltr. from J. Long to E. Snow at 1. As another example, SaveOnSP recently disclosed that, contrary to its previous representations, it also failed to preserve communications from at least one messaging application its employees regularly used. *Compare, e.g.*, Ex. 5, May 12, 2023 Ltr. from A. Dunlap to H. Sandick ("SaveOnSP has preserved all communications on the 'Chatter' platform and will produce relevant communications therefrom."), *with* Ex. 6, Jan. 26, 2024 Ltr. from E. Snow to K. Brisson (SaveOnSP reversing course and disclosing for the first time that "Chatter messages from before June 2021 were deleted").

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 5

JJHCS's compromise.  Yet instead of doing so, or even providing JJHCS with the courtesy of a

response, SaveOnSP filed this motion and decried JJHCS's compromise offer as "inappropriate."

*Id.*  It is not.  To be clear, JJHCS does not think this is a sensible dispute or one that SaveOnSP

should have burdened the Special Master with.  Parties are able to resolve such discovery issues

every day with some simple give and take, such as by agreeing to a mutual production of retention

policies.  But SaveOnSP appears to have decided to reject any compromises and instead just seeks

to multiply motions upon motions.  SaveOnSP should not be rewarded for this approach or heard

to demand that JJHCS produce document retention policies if SaveOnSP refuses to do the same.

**B.  There Is No Reason to Compel JJHCS to Identify the "Volume" of Documents**

SaveOnSP asserts that it made "repeated requests" for the volume of documents

relating to the drafting of terms and conditions for CarePath and other programs going back a

decade or more.  *See id.*  JJHCS is not aware of any such requests made by SaveOnSP; indeed,

despite extensive correspondence between the parties related to terms and conditions, SaveOnSP's

motion fails to cite to a single letter containing such a request.  That omission is telling.  Even

now, JJHCS does not understand what "volume" SaveOnSP seeks, so we are at a loss to understand

how the parties can be at impasse and in need of the Court's intervention.  Regardless, JJHCS has

identified approximately 200,000 documents from the files of the relevant custodians for the period

January 1, 2009 to approximately July 2015.[4]  These files include email correspondence, related

attachments, and hard drive data.  If SaveOnSP seeks something else, it should be conferring with

JJHCS and making its requests clear rather than rushing to the Special Master.

---

[4] As JJHCS has previously disclosed to SaveOnSP, Ms. Wortman left the role in question on
January 19, 2014 and Ms. Chapman similarly transitioned to an unrelated role on July 13, 2015.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 6

### C.  SaveOnSP's Proposed Search Term Is Overly Broad and Ignores Your Honor's Clear Guidance

SaveOnSP requests that the Court compel JJHCS to "(1) within a week, identify all custodians and non-custodial sources likely to have documents related to the T&Cs of the CarePath program and its predecessors prior to 2016; (2) run [a search term[5]] over those sources; and (3) produce all non-privileged documents relating to the T&Cs."  Mot. at 3.  Each request should be rejected.

*First*, JJHCS has already identified all custodial and non-custodial sources of which it is currently aware.  In its rush to Court, SaveOnSP fails to mention that JJHCS has already identified two custodians, Kimberly Wortman and Kathi Chapman, that were involved in the drafting of the T&Cs.  It is telling that, despite having this information since February 12, SaveOnSP mentions these employees not once in their moving papers.

SaveOnSP also claims that JJHCS "indicated that additional individuals may also have been involved." *Id.*  That is untrue.  Rather, during a February 12 meet and confer, SaveOnSP asked whether JJHCS would represent that Ms. Wortman and Ms. Chapman were the **only** individuals involved in such discussions.   JJHCS explained that "based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP" and further stated that

---

[5] The proposed search term is:

- Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial")

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 7

it would be "premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents." Ex. 3, Mar. 4, 2024 Ltr. from J. Long to E. Snow at 2. That remains true.

*Second*, SaveOnSP's proposed search term is overly broad because it would require JJHCS to review every document in which the word "coupon" or "discount" or "prescription savings card" or "free trial" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof). At the January 24 conference, SaveOnSP proposed a similar term for the time period April 1, 2016 to November 7, 2023, and Your Honor flatly rejected that term. *See, e.g.*, Jan. 24 Tr. at 37:4–11 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said – JUDGE WOLFSON: It's not going to happen."). Nothing has changed since January 24.

To break this logjam, JJHCS now proposes the following term:

- (Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) w/25 ((term* w/3 condition) OR T&C OR TNC OR "other offer" OR coupon* OR discount* OR "prescription savings card*" OR "free trial*")

JJHCS would have preferred to make this proposal directly to SaveOnSP as part of the meet-and-confer process. To that end, JJHCS invited SaveOnSP to meet and confer regarding an appropriate search term. Ex. 3, Mar. 4, 2024 Ltr. from J. Long to E. Snow at 1–2. But SaveOnSP ignored JJHCS's invitation and ran to file this premature motion instead.

In any event, JJHCS's proposal would ensure more than sufficient coverage of documents mentioning "other offer" or "coupon" or "discount" or "prescription savings card" or

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 8

"free trial," or even "T&Cs," but appropriately limits JJHCS's review to those that reference the relevant drugs within reasonable proximity.

*Finally*, JJHCS does not need to be compelled to produce relevant non-privileged documents. JJHCS has identified appropriate custodians and is working diligently towards running relevant search terms on those custodians, reviewing the identified documents, and then producing non-privileged documents. There is no basis to compel JJHCS to do more at this time.

## II.    The Court Should Reject SaveOnSP's Overly Broad Search Terms

### A.    SaveOnSP's CAP Demand Defies Your Honor's Ruling

Your Honor rejected SaveOnSP's request to apply broad search terms to CAP custodians' files and instead instructed that JJHCS use "CAP-related search terms." Dkt. 192 at 26. Disregarding the Court's Order, SaveOnSP now tries to take yet another bite at the apple and asks Your Honor to compel JJHCS to run the following non-CAP-related search terms over the CAP custodians' files:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

To be clear, JJHCS already ran these terms over the custodial files of **seventeen** non-CAP custodians, and produced those documents for the period April 1, 2016 to November 7, 2023. But these terms have nothing to do with CAP and therefore fall outside Your Honor's ruling regarding the limited supplemental discovery that is warranted from the CAP custodians. *See* Jan. 24, 2024 Tr. at 110:24–111:5 (JUDGE WOLFSON: "[T]hese are CAP people. . . . I want to limit it then to this world, not every search term."). SaveOnSP conceded as much during the parties'

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 9

February 12, 2024 meet and confer, when counsel admitted that SaveOnSP is pushing for these

search strings not because they are "CAP-related," but instead because they are hoping to capture

documents describing SaveOnSP's "business model."

In an effort to compromise, JJHCS has already agreed to run certain search terms

including "EHB" and "NEHB" on CAP custodians where those terms clearly relate to SaveOnSP.[6]

But the terms at issue in this motion fall into neither category:  they are not related to CAP and are

in no way limited to SaveOnSP.  Accordingly, SaveOnSP's motion should be rejected.

**B. SaveOnSP's Statements of Work Search Term, for Scott White & Blasine Penkowski's Files, Is Impermissibly Broad**

Your Honor recognized that Mr. White and Ms. Penkowski are "high level

executives" and that their custodial files "may be duplicative of what others have."  Jan. 24, 2024

Tr. at 128:22–25.  As such, Your Honor repeatedly emphasized that the search terms for their

custodial files should be "[v]ery limited."  *Id*. at 128:14–17.  Still, JJHCS agreed to run the vast

majority of the search terms proposed by SaveOnSP, including:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR non-essential health benefit*" OR nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

---

[6] For example, JJHCS has agreed to run:

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 10

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

    JJHCS only declined to run a single, very broad term described below related to TrialCard contracts and statements of work, because it will result in the review of many irrelevant and sensitive documents. SaveOnSP obviously does not need what it purportedly seeks, which is in essence every document that contains any mention of TrialCard along with Statements of Work or contracts in the files of these apex custodians. Most of TrialCard's work administering the CarePath program has nothing to do with SaveOnSP. Instead, JJHCS proposed to "search for and produce final contracts and statements of work with Trial Card from non-custodial sources." Ex. 7, Feb. 15, 2024 Ltr. from J. Long to E. Snow at 3. That is more than sufficient to provide what SaveOnSP should fairly have, which are documents that show what TrialCard does for JJHCS. SaveOnSP rejected that offer, insisting that JJHCS run the below search term over Mr. White and Ms. Penkowski's files. Ex. 8, Feb. 22, 2024 Ltr. from E. Snow to J. Long at 2.

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

    This search is patently overbroad and unnecessary. SaveOnSP claims that this term would yield documents related to "identifying patients on SaveOn-advised plans" and relevant work order "related communications." Mot. at 7. But the search string is clearly not so tailored. Moreover, any such communications would already be captured by the many search terms JJHCS

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 11

has already agreed to run, including five terms meant to find any reference to SaveOnSP (and

reasonable variations thereof) and SaveOnSP's founders; every document referring to SaveOnSP

as "ESI's accumulator program or ESI's maximizer program," as SaveOnSP raised at the January

24, 2024 conference[7]; and a sixth term designed (by SaveOnSP) to capture relevant changes to the

terms of Stelara and Tremfya T&Cs.  Nothing more is needed to fulfill the "very limited" discovery

Your Honor contemplated from these custodians.  SaveOnSP should not be permitted to engage in

fishing expeditions through the files of its adversary's apex custodians.

### C. The Court Should Reject SaveOnSP's "Working Group" Search Term Because It Would Require the Review of Every Document with "SCG" in a Signature Block

SaveOnSP also requests that the Court compel JJHCS to run the below search term,

which purportedly aims to capture Ms. Penkowski's communications regarding a working group

"comprised of key SCG, brand and finance" that "appears to have worked on the precursor to the

CAP program."  Mot. at 7–8.

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

As JJHCS has told SaveOnSP several times, including at a February 12 meet and

confer, the component of the search term that aims to capture the working group—"(brand* OR

finance* OR SCG OR (strategic w/5 customer))"—is overly broad in two key respects.  First,

---

[7] *See* Jan. 24, 2024 Tr. at 108:4–6.  To capture these documents, JJHCS agreed to run the following terms over not only Mr. White and Ms. Penkowski's documents, but also over the CAP custodians' files:

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 12

because Ms. Penkowski oversees the "Strategic Customer Group," the proposed search term would

result in the review of every single document in which "Strategic Customer Group" or "SCG"

appears in the signature block of her email or the email of someone in the SCG, effectively asking

JJHCS to review all emails about "accumulat[ors]" or "maximiz[ers]" without any limitation. *See*

Ex. 9, Mar. 1, 2024 Ltr. from J. Long to E. Snow at 3. SaveOnSP has acknowledged this flaw in

its proposed search, but has refused to consider appropriate narrowing of this term. Second, the

term captures any reference to "brand" or "finance" (or derivatives thereof), which are hugely

overbroad terms with many different meanings used frequently throughout JJHCS and typically in

completely unrelated contexts. Accordingly, the Court should reject SaveOnSP's request.

Instead, to break this logjam, JJHCS proposes the following modifications to

SaveOnSP's search string (noted in red):

- ((brand* OR finance* OR SCG OR (strategic w/5 customer)) w/25 ("working group" OR guidance OR respond* OR respons*) AND (accumulat* OR maximiz*)

Again, JJHCS would have been glad to propose these modifications to SaveOnSP

directly had SaveOnSP not short-circuited the conferral process. With these modifications, the

term would still capture documents about the "working group" of "key SCG, brand and finance"

concerning "accumulator adjustment program[s]" as well as all documents about "guidance" or

"responses" from that group about "accumulate[or]" or "maximiz[er]" programs without requiring

JJHCS to review every document containing SCG in a signature block.

## D. SaveOnSP's Remaining Search Terms for Attorneys Savaria Harris and Jennifer De Camara Have No Relation to the Stelara and Tremfya T&Cs

Your Honor added Ms. Harris and Ms. De Camara as custodians due to their

involvement in drafting new Stelara and Tremfya T&Cs and directed the parties to meet and confer

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 13

on search terms.  Dkt. 192 at 13–14.  These custodians are in-house counsel, so their documents are obviously sensitive in terms of permissible discovery.  It was clear from the prior ruling that the only permissible scope of discovery related to the drafting of new Stelara & Tremfya T&Cs. *See* Jan. 24, 2024 Tr. at 54:24–55:3 ("MR. SANDICK: So communications with third parties relating to terms and conditions is what your Honor is asking for? JUDGE WOLFSON: And I think this was really within the Stelara and Tremfya area.").  JJHCS already has agreed to run four search terms over Ms. Harris and Ms. De Camara's custodial files.[8]  But SaveOnSP wants more. Instead of appropriately confining its search to documents related to the drafting of new Stelara and Tremfya T&Cs, SaveOnSP asks this Court to compel JJHCS to run overly broad terms designed to capture everything related to SaveOnSP in the attorneys' third-party communications:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

JJHCS is already running these three search strings over the files of twenty-six other JJHCS custodians.  But because these searches have no connection to the Stelara and Tremfya

---

[8] These terms are:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 14

T&Cs, there is no basis to run these terms over Ms. Harris and Ms. De Camara's files.  SaveOnSP

attempts to defend them by arguing that draft versions of the new T&Cs, which were not

implemented, "referred to SaveOn."  Mot. at 9.  And it argues more generally that these searches

relate to JJHCS's "business decision to implement the new T&Cs."  *Id.*  But SaveOnSP is entitled

to "explore why Plaintiff decided to amend the terms in 2022," Dkt. 192 at 14, not go on a fishing

expedition for every document that references SaveOnSP without any connection to the new

Stelara and Tremfya T&Cs (which, again, were the whole basis of SaveOnSP's earlier motion).

SaveOnSP also asks the Court to compel JJHCS to run the following search terms

over the attorneys' third-party communications:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

SaveOnSP argues that these terms are "targeted at the CarePath term that it 'may

not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'"

Mot. at 9.  But neither term requires a reference to Stelara or Tremfya—a fatal flaw, because again,

these attorney custodians were added ***solely*** due to their work on the Stelara and Tremfya T&Cs.

SaveOnSP nevertheless insists that these incredibly broad terms are necessary because "a key issue

is why J&J opted to create new T&Cs for those two drugs when the existing T&Cs already

included the 'other offer' provision."  *Id.* at 10.  This makes no sense:  any document with the

answer to that question would necessarily contain a reference to either Stelara or Tremfya.

SaveOnSP is left to speculate that a communication might exist wherein a custodian refers to the

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 15

"other offer" provision "in a communication that the participants knew was about those drugs but did not mention them by name." *Id.* In other words, SaveOnSP is demanding impossibly broad search terms based on its own speculation that relevant personnel might be ***thinking*** about Stelara and Tremfya without actually saying so. This theory is, to put it mildly, not a basis to depart from the clear and narrow scope of discovery that Your Honor ordered from these attorney custodians.

Finally, SaveOnSP asks the Court to compel JJHCS to run the following search term over the attorneys' third-party communications:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

JJHCS proposed this term in an effort to reach compromise on the preceding two terms. Ex. 9, Mar. 1, 2024 Ltr. from J. Long to E. Snow at 4. Instead of accepting JJHCS's proposal or offering a reasonable variation of this term, SaveOnSP rushed to the Court and improperly tacked JJHCS's compromise proposal onto SaveOnSP's laundry list of demands. JJHCS still believes this term, in and of itself, accomplishes the goal of identifying potentially relevant documents. JJHCS should be permitted to run this term alone, and Your Honor should deny SaveOnSP's motion as to the other two.

*        *        *

We appreciate Your Honor's attention to this matter, and we are available to answer any questions.

Respectfully submitted,

*/s/ Julia Long*
Julia Long

cc:    Counsel for SaveOnSP

# Exhibit 1

**Patterson Belknap**

www.pbwt.com

February 2, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Judge Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re:    *Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
       No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

We write on behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS") to provide an update on our search for documents related to the terms and conditions of CarePath's predecessor programs that were created in or before 2013.

As Your Honor knows, SaveOnSP has demanded documents dating back more than 15 years, to 2009 and even earlier. *See* D.E. 146 at 6. For the most part, we have not yet been able to locate documents and communications going back that far. However, we may have located some materials created between 2010 and 2013. JJHCS is taking steps to collect and process these documents and then to evaluate whether any of these communications relate to the drafting of CarePath's terms and conditions. Our investigation remains ongoing, and we will provide a further update to the Court prior to the February 15, 2024 conference.

We set forth below some additional details concerning our investigation:

**Emails dated between 2010 to 2013.** At this time, JJHCS understands that two non-attorney employees involved in CarePath's predecessor programs may have available email data from as early as 2010, based on document collection in unrelated proceedings that appear to have been retained. JJHCS is still investigating whether relevant communications from the time period of 2010 to 2013 exist.

**Emails from before 2010.** To date, JJHCS has not located email communications created before 2010. JJHCS continues to investigate the availability of email communications sent or received before 2010.

Judge Freda L. Wolfson
February 2, 2024
Page 2


**Other documents.** JJHCS continues to assess the availability of documents and communications from non-email sources from 2009 to 2013. We have thus far not located any such documents.

We stand ready to answer additional questions from the Court relating to this issue.

Respectfully submitted,


*/s/ Harry Sandick*

Harry Sandick

cc:    Counsel for SaveOnSP

# Exhibit 2



www.pbwt.com

February 8, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

    **Re:** *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
       <u>*2:23-cv-02632 (JKS) (CLW)*         </u>

Dear Elizabeth:

    We write to in response to SaveOnSP's February 5, 2024 letter regarding Judge
Wolfson's rulings on SaveOnSP's requests for discovery concerning the terms and conditions at
the January 24, 2024 conference and as memorialized in Judge Wolfson's February 6, 2024 Order.

**I.**    **Drafting of Terms and Conditions**

    SaveOnSP claims that JJHCS's February 2, 2024 submission to Judge Wolfson on
the availability of pre-2013 documents was purportedly insufficient because JJHCS "did not
identify the predecessor programs from which the 'other offer' provision was drawn, the
custodians and non-custodial document sources for those programs, whether any information from
those sources was deleted (and the timing or the circumstances thereof), or any details on whether
information from before 2013 was accessible or purportedly burdensome to produce." Feb. 5,
2024 Ltr. from E. Snow to J. Long at 1.

    SaveOnSP's complaints find no support in Judge Wolfson's order. Judge Wolfson
directed JJHCS to "first search and determine whether any relevant documents can be found and
to produce them." Dkt. No. 192 at 10. JJHCS did exactly that in its February 2, 2024 letter, where
JJHCS stated that "[a]t this time, JJHCS understand that two non-attorney employees involved in
CarePath's predecessor programs may have available email data from as early as 2010, based on
document collection in unrelated proceedings that appear to have been retained." JJHCS further
noted that it was "still investigating whether relevant communications" from that time period exist.
JJHCS continues to investigate the availability of these documents, and will provide SaveOnSP an
update as promptly as feasible. Feb. 2, 2024 Ltr. from H. Sandick to Hon. Wolfson at 1-2. In
addition, consistent with Judge Wolfson's Order, if JJHCS learns that "some or all relevant
documents were not preserved prior to 2013," then JJHCS will "identify and produce its retention

Elizabeth H. Snow, Esq.
February 8, 2024
Page 2

policy to Defendant." *Id.* Finally, Judge Wolfson noted in her February 6 Order that JJHCS already had submitted its update letter, and she did not describe it as deficient in any way. *Id.* at 11 n.4.

## II.        Meaning of the Terms and Conditions

SaveOnSP "narrowed" its requests for documents concerning the meaning of terms and conditions, and now asks JJHCS to produce (1) "documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn" and (2) "documents sufficient to show J&J's interpretation of the terms 'other offer,' 'coupon,' 'discount,' 'prescription savings card,' and 'free trial' over the period April 1, 2016 to November 7, 2023." Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2.

As SaveOnSP knows, Request No. 8 encompasses the first part of this request. In response to that request, JJHCS already has agreed to run variations of the term "SaveOnSP" across seventeen custodians for the time period April 1, 2016 to November 7, 2023, and continues to meet and confer with SaveOnSP as to running similar terms over additional custodians. To be clear, to the extent SaveOnSP is discussed in a document, that document is being produced, unless the document reflects the attorney-client privilege or is otherwise subject to work product protection. JJHCS addresses the second part of SaveOnSP's request, which is related to its request for documents enforcing various aspects of the terms and conditions, below.

## III.       Enforcement of the Terms and Conditions

SaveOnSP claims that Judge Wolfson "ordered SaveOn to provide narrowed requests regarding the enforcement of the General T&Cs." Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2. This, too, is inconsistent with Judge Wolfson's February 6 Order.

In fact, Judge Wolfson "agree[d] with Plaintiff's argument that it would be burdensome to search and produce records of each individual patient's call history." Dkt. No. 192 at 12. Recognizing this burden, Judge Wolfson gave the following directive:

> Rather, to strike the proper balance and considering proportionality, it is appropriate for Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer."

*Id.* at 12-13. For the avoidance of doubt, to the extent responsive, non-privileged documents "reflecting the company's enforcement instructions and policy" exist, JJHCS intends to search for and produce such documents.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 3

JJHCS will not "produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age," as SaveOnSP continues to demand.  Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2.  Such documents plainly fall within category that Judge Wolfson explicitly found "too burdensome" for JJHCS to produce—including individualized records related to enforcing the terms and conditions as to patients on government-provided insurance.  *See* Dkt. No. 192 at 12.

Nor will JJHCS produce, as SaveOnSP demands, "documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn."  As a threshold matter, this, too, runs contrary to Judge Wolfson's ruling that these documents concerning individual enforcement would be too burdensome to produce.

Moreover, in the second part of its request, SaveOnSP—for the first time—requests documents concerning other maximizers or accumulators, despite months of resisting discovery concerning its treatment of other manufacturers.  JJHCS is willing to run reasonable searches for any policies concerning its enforcement of the terms and conditions as to accumulators and maximizer programs generally.  But JJHCS will not search for or produce documents specific to *other* accumulator or maximizer programs—which SaveOnSP never requested in its months of motions practice on this issue—and which have no bearing on the claims and defenses in this case.

SaveOnSP's insistence that JJHCS "produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions" fares no better.  Here, too, SaveOnSP ignores the bright line limitations in Judge Wolfson's Order.  Consistent with that Order, JJHCS will produce "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'"  Dkt. No. 192 at 12-13.

Finally, while JJHCS remains available to meet and confer on appropriate search terms tailored to Judge Wolfson's directive that JJHCS search for "documents reflecting the company's enforcement instructions and policy," SaveOnSP proposed terms are in no way tailored to this category of documents.  For example, one of SaveOnSP's proposed terms would result in the review of all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof).  Not only are these terms not limited to SaveOnSP—they are not designed to yield responsive documents concerning JJHCS's "enforcement instructions and policy."  In addition, at least one of three terms also includes a

Elizabeth H. Snow, Esq.
February 8, 2024
Page 4

typographical error.  Please correct this error and provide JJHCS with a new proposal as to this term:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" AND (maximiz* OR accumulat*))

**IV.      Stelara and Tremfya Terms and Conditions**

        SaveOnSP asks whether JJHCS will run the terms discussed in a January 4, 2024 meet and confer.  It is not clear from SaveOnSP's letter which terms it currently requests that JJHCS run.  *See* Feb. 5, 2024 Ltr. from E. Snow to J. Long at 3 (citing "Jan. 5, 2024 Ltr. at 2").[1] To the extent that SaveOnSP requests that JJHCS run the terms ""Benefits Investigation*" AND (Stelara OR Tremfya)," those search terms—by SaveOnSP's own admission—were designed to capture individual "Benefits Investigations to determine [whether] individuals [were] on SaveOn-advised plans."  *See* Jan. 5, 2024 Ltr. from E. Snow to J. Long at 2.  But that is not what JJHCS has been ordered to produce.  Rather, Judge Wolfson concluded that "Defendant is entitled to explore why Plaintiff decided to amend the terms in 2022."  Dkt. No. 192 at 14.

        JJHCS remains available to meet and confer on such terms.  Consistent with JJHCS's January 31, 2024 Supplemental Responses and Objections, JJHCS also will add a new custodian, Debbie Kenworthy, to capture documents related to the Stelara and Tremfya terms and conditions between approximately June 2023, when Ms. Kenworthy started a new role and first became responsible for these discussions, and November 7, 2023.  JJHCS remains available to meet and confer on appropriate search terms for Ms. Kenworthy's custodial documents as well.[2]

                        Very truly yours,


                        */s/ Julia Long*
                        Julia Long

---

[1] The parties exchanged six discovery letters on January 5, 2024, including three with search terms potentially relevant to SaveOnSP's current requests.

[2] In a January 29, 2024 letter, SaveOnSP separately proposed search terms for Ms. Harris and Ms. De Camara's custodial documents.  JJHCS continues to process Ms. Harris and Ms. De Camara's custodial data and will respond to SaveOnSP's proposal under separate cover.

# **Exhibit 3**



March 4, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
        **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's February 21, 2024 letter concerning the parties' February 12, 2024 meet and confer on the scope of JJHCS's production obligations for terms and conditions issues.

**I.      Documents Relating To Pre-2016 Terms and Conditions**

At the outset, it bears noting that SaveOnSP continues to recycle faulty search logic—now as to the files of Kim Wortman and Kathi Chapman—that Judge Wolfson explicitly rejected as to a similar term.[1] This is unproductive. JJHCS will not use SaveOnSP's search term because it will result in the review of every document in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof). This is why Judge Wolfson explicitly rejected a similar version of that term at the January 24, 2024 conference. *See* Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen."). When SaveOnSP is prepared to follow Judge Wolfson's rulings, JJHCS will be prepared to meet and confer concerning an

---

[1] This term is: (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*").

Elizabeth H. Snow, Esq.
March 4, 2024
Page 2

appropriate search term.  But rolling out the same search terms that Judge Wolfson has already
considered and rejected will not lead anywhere.  Accordingly, JJHCS declines to run this term:

      With respect to additional custodians for the pre-2016 time period, SaveOnSP
claims that JJHCS "stated" during the February 12 meet and confer "that there were likely to be
more than those three people who participated in the drafting" of terms and conditions before this
date.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 1-2.  We said no such thing.  Rather, during
the meet and confer, you asked whether we would represent that Ms. Wortman and Ms. Chapman
were the only individuals involved in such discussions.  We replied that, based on our reasonable
investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and
have records going back to in or around 2009, as requested by SaveOnSP.  As we stated, it is
premature to speculate about whether there are additional necessary custodians for this time period
when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents.

      SaveOnSP also claims that JJHCS "appeared confused as to the meaning of
'noncustodial files.'"  *Id.* at 2.  This formulation is neither accurate nor productive.  What JJHCS
actually asked at the February 12 meet and confer was whether there were categories of
noncustodial documents that SaveOnSP specifically seeks.  JJHCS renews that request here and
remains open to considering production of such documents if SaveOnSP explains what it is
seeking.

      Finally, while we disagree with your characterization of JJHCS's prior statements
concerning its retention capabilities, (*see* Dkt. Nos. 146 and 150), JJHCS agrees to produce its
retention policies for the time period in question if SaveOnSP agrees to do the same.  *See* Feb. 27,
2024 Email from G. LoBiondo to M. Nussbaum.

## II.  Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions

      As a threshold matter, SaveOnSP's arguments concerning the "[m]eaning" and
"[e]nforcement" of the terms and conditions intersect with SaveOnSP's February 20 motion for
clarification and/or reconsideration of various topics, including SaveOnSP's pending request that
JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General
T&Cs."  Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3.  In light of SaveOnSP's
pending motion for reconsideration, it would not be productive for the parties to meet and confer
on search terms at this time.  We welcome the opportunity to meet and confer once Judge Wolfson
rules on SaveOnSP's requested relief.

      SaveOnSP also asks whether JJHCS's production of documents "reflecting the
company's enforcement instructions and policy" will encompass the full April 1, 2016 to
November 7, 2023 time period.  At we have made clear, JJHCS will comply with the Court's
February 6 Order, which directed "Plaintiff to search for, and produce, documents reflecting the
company's enforcement instructions and policy, during the entirety of the agreed-upon discovery
time frame (April 2016-November 2023)."  Dkt. No. 192 at 13.

Elizabeth H. Snow, Esq.
March 4, 2024
Page 3

SaveOnSP continues to insist on a production of "documents sufficient to show ***the instances***" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath eligibility standards.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3.  This phrasing places no meaningful limitation on SaveOnSP's requests.  In fact, this formulation ignores both the proposal that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined issue).  For the reasons stated in JJHCS's February 8 and 15 letters, JJHCS will not produce "documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

*See* Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to E. Snow at 2-3.

Nor will JJHCS run search terms that bear no connection to the permitted scope of discovery.  For example, one of SaveOnSP's proposed terms would require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof).  In its latest letter, SaveOnSP claims that these documents would be relevant "[i]f [JJHCS] decided that patients on SaveOn-advised plans violated the 'other offer' provision, but decided that patients on PrudentRx or Optum Rx-advised plans did not."  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.  Far from seeking documents limited to JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue.  JJHCS declines to run these terms.

## III.    Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren

Elizabeth H. Snow, Esq.
March 4, 2024
Page 4

Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy for the time period January 1, 2021 to November 7, 2023 to capture documents "regarding 'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'" Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

JJHCS declines to do so. This search string would require JJHCS to review over 95,000 documents (family inclusive) for the two-year period that SaveOnSP proposed. And no wonder: as constructed, the term would require review of every document mentioning "chang[es]" to "Stelara" or "Tremfya" without limitation to CarePath's terms and conditions, as well as every document mentioning "Stelara" or "Tremfya" and either "maximiz[ers]" or "accumulat[ors]." In fact, because of the way the term "maximiz*" is constructed, SaveOnSP's proposal would force JJHCS to review any document mentioning how to "maximiz[e]" the effectiveness of Stelara and Tremfya even when those documents have nothing to do with changes to the terms and conditions for JJHCS's co-pay assistance program.

SaveOnSP also asks that JJHCS run four additional search terms[2] over the custodial files of Debbie Kenworthy for the period June 1, 2023 to November 7, 2023. JJHCS already agreed to add Ms. Kenworthy as a full custodian for that period, which encompasses these terms (and others) for the identified time period.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[2] These terms are:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

# Exhibit 4



January 10, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Elizabeth:

We write concerning SaveOnSP's forthcoming data productions in response to JJHCS's RFP Nos. 41 and 42.

**Patient Identifying Information.**  As you know, SaveOnSP agreed to "provide names and dates of birth for patients who appear in SaveOnSP's data," to "produce the TrialCard enrollment numbers that it has" for patients who appear in its produced data, and the *Patient Identifier (Cardholder ID)* field in a forthcoming production.  Sept. 20, 2023 Ltr. from M. Nelson to C. Deskus at 1; Oct. 13, 2023 Ltr. from E. Snow to G. LoBiondo at 1.  Please advise when SaveOnSP will make this supplemental production.

**Missing Data.**  In August, we wrote to you concerning the timeframe of SaveOnSP's data, which did not cover January 1, 2016 to the present.  *See* Aug. 25, 2023 Ltr. from C. Deskus to E. Snow at 2-3.  In September, SaveOnSP disclosed to JJHCS that it had failed to preserve data from 2016 and 2017, and JJHCS requested information concerning when the data was destroyed and the circumstances of its destruction.  *See* Sept. 27, 2023 Ltr. from G. LoBiondo to E. Snow at 1.  SaveOnSP has not yet provided JJHCS with any additional information concerning its assessment, nor has SaveOnSP updated JJHCS on the timing of its supplemental production.  *See* Nov. 9, 2023 Ltr. from E. Snow to G. LoBiondo at 1.  It has now been more than four months since our initial outreach concerning this missing data.  Please advise (i) when the data from 2016 and 2017 was destroyed; (ii) the circumstances of its destruction; and (iii) when SaveOnSP will make its supplemental production.  JJHCS reserves all rights.

**Discovery Refresh.**  As you know, the Court's November 7, 2023 Order directs the parties to refresh discovery responses through November 7, 2023.  *See* Dkt. No. 173.  Prior to the Order, SaveOnSP had agreed to "prioritize the production of the categories of data in response to RFP Nos. 41 and 42."  *See* Apr. 12, 2023 Email from E. Snow to G. Carotenuto.  Please confirm

Elizabeth H. Snow, Esq.
January 10, 2024
Page 2


that SaveOnSP will prioritize its updated production of transaction-level data productions in response to JJHCS's RFP Nos. 41 and 42 and produce the requested data by February 29, 2024. Subject to SaveOnSP's agreement, JJHCS agrees to provide a supplemental data production by the same date. This data refresh would be in addition to, not instead of, the data refresh the parties have agreed to do before trial. *See* Dkt. No. 166 at 4 n.11.

*     *     *

Please respond by January 17, 2024.

Very truly yours,

*/s/ Julia Long*
Julia Long


14794992

# Exhibit 5

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Andrew R. Dunlap
Partner
212.390.9005
adunlap@selendygay.com

May 12, 2023

**Via E-mail**

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

Re:  *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*
(Case No. 2:22-cv-02632-JMV-CLW)

Dear Harry,

        We write in response to your April 20, 2023 letter regarding Salesforce "Chatter" and text messages.

        You ask that we confirm that SaveOnSP has preserved, and will produce, relevant communications from the "Chatter" platform within Salesforce. Chatter is a message board used by supervisors and team leads to post tips, reminders, and updates relevant to SaveOnSP's Member Services Team. SaveOnSP has preserved all communications on the "Chatter" platform and will produce relevant communications therefrom.

        You ask if we have investigated whether SaveOnSP personnel used any other messaging applications from April 1, 2016, to present. We have. Our understanding is that the only other messaging application used by SaveOnSP personnel in that period was Teams. SaveOnSP has preserved and will produce relevant communications therefrom.

        You ask that we confirm that SaveOnSP will produce relevant text messages and other mobile data for the four custodians we identified in our February 6, 2023 letter. SaveOnSP will. You also ask if SaveOnSP will produce responsive messages and other mobile data from the custodians added since February 6. If we determine that any of those custodians used text messages or other mobile data to conduct SaveOnSP business, SaveOnSP will produce relevant communications therefrom.

We reserve all rights and are available to meet and confer.

Best,

/s/ Andrew R. Dunlap

Andrew R. Dunlap
Partner

# Exhibit 6

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy**
**gay**
**elsberg**

Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

January 26, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Katherine,

We write in response to your January 18, 2024 Letter regarding Chatter messages and Huddle recordings.

*First*, you ask about SaveOn's production of Chatter messages, asserting that we have not produced all such messages reflected in "Daily Digests." SaveOn updated its Salesforce platform in June 2021, during which process Chatter messages from before June 2021 were deleted. The Chatter messages produced as SOSP_1004931 on December 15, 2023 include all responsive messages since June 2021 identified by our search terms.

*Second*, you ask us to prioritize production of Huddle recordings. We will do so, and aim to produce all responsive, non-privileged Huddle recordings by February 29, 2024.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 7



February 15, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
       **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's January 29, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the "CAP" custodians.

**I.     CAP Custodians**

SaveOnSP's January 29 letter requests that JJHCS add thirteen search terms that it contends "relate to the CAP program" and concern "discussions regarding J&J's response to SaveOn, accumulators, and maximizers" for Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt (the "CAP" Custodians) for the period April 1, 2016 to November 7, 2023. *See* Jan. 29, 2024 Ltr. from E. Snow to J. Long at 1.

SaveOnSP's proposed search terms go well beyond Judge Wolfson's order, which only required JJHCS to "use CAP-related search terms, including terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26. In keeping with the Court's order, JJHCS agrees to add the following search strings for the time period April 1, 2016 to November 7, 2023:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

To the extent SaveOnSP also seeks the addition of the term "CAPa" OR "CAPm" OR "adjustment program," without a SaveOnSP limiter, this proposal is inconsistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173 at 2-3.) In addition, SaveOnSP now has made an additional motion

Elizabeth H. Snow, Esq.
February 15, 2024
Page 2

to Judge Wolfson to expand the scope of the November 7, 2023 Order.  For the reasons discussed in JJHCS's opposition brief filed on February 14, SaveOnSP has no basis to relitigate the November 7, 2023 Order.  For the avoidance of doubt, should Judge Wolfson expand the scope of the Court's November 7 Order with respect to the CAP search terms, JJHCS will adopt that application to the CAP custodians for the full time period as well.

As a compromise, JJHCS is prepared to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

However, JJHCS declines to run the following search terms, which have no relation to JJHCS's CAP-related efforts.  Indeed, SaveOnSP acknowledged the lack of any connection during the parties' February 12, 2024 meet and confer, when SaveOnSP claimed these terms describe SaveOnSP's "business model."  As SaveOnSP well knows, the Court did not direct further discovery on that issue.

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

**II.     Scott White and Blasine Penkowski**

SaveOnSP's letter also requests search terms to be added with respect to two apex custodians, Scott White and Blasine Penkowski.  As to Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

14922008

Elizabeth H. Snow, Esq.
February 15, 2024
Page 3

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

JJHCS declines to run the "CAP" search term over Mr. White's and Ms. Penkowski's documents without a SaveOnSP limiter, for the reasons previously discussed, but will agree to run the following search strings for the full April 1, 2016 to November 7, 2023 period consistent with the Court's November 7 Order:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

JJHCS also declines to run the following search terms over Mr. White's and Ms. Penkowski's documents, but will search for and produce final contracts and statements of work with Trial Card from non-custodial sources consistent with its January 29, 2024 responses and objections to SaveOnSP's discovery requests:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me))

Finally, JJHCS declines to add certain proposed financial-related terms, which SaveOnSP requested only as to Ms. Penkowski's documents. As outlined in JJHCS's February 8, 2024 letter, and as discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's insistence that JJHCS produce these documents is inconsistent with Judge Wolfson's February 6, 2024 Order. For example, as to issues concerning CarePath's budget, Judge Wolfson concluded that "[JJHCS] has the better argument" and "communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims." Dkt. No. 192 at 19. Similarly, as to issues related to return on investment (or "ROI"), Judge Wolfson unambiguously rejected SaveOnSP's arguments, finding that JJHCS's "alleged harm is not related to the profitability of any Janssen drugs. Put differently, even if J&J and its [affiliates] ultimately derive profits . . . from selling the drugs at issue, that fact does not disprove Plaintiff's alleged harm in this case, either to itself or to the public." *Id.* at 22.

Elizabeth H. Snow, Esq.
February 15, 2024
Page 4

Accordingly, JJHCS will not run the following terms:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

- ((lose* OR loss* OR (return w/4 investment) OR "ROI" OR (negative w/5 impact) OR (gross w/5 impact) OR (net w/5 impact) OR (GTN w/5 impact)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe")) AND ("Save On" OR Save-OnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

As discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's proposal of these terms demonstrates that SaveOnSP refuses to accept the Court's rulings on an issue already twice litigated—and on which JJHCS has twice prevailed. JJHCS will not provide hit counts for these searches, as they seek documents that are beyond the scope of what Judge Wolfson ordered. If SaveOnSP is willing to meet and confer in good-faith and to propose search terms related to the "small window" that Judge Wolfson opened with respect to budget and financials issues, JJHCS will run SaveOnSP's requested search terms and provide hit counts, as appropriate. *See* Feb. 8, 2024 Ltr. From J. Long to E. Snow at 2-3.

## III.     Karen Lade

SaveOnSP proposed thirteen search terms with respect to Ms. Lade's documents. JJHCS agrees to run the following search terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

Elizabeth H. Snow, Esq.
February 15, 2024
Page 5

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- accumulator w/5 prog*

    For the reasons cited above, JJHCS declines (1) to run the "CAP" search term over Ms. Lade's documents without a SaveOnSP limiter; and (2) to run financial-related search strings over Ms. Lade's documents.[1] As with Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms with respect to the CAP program for the April 1, 2016 to November 7, 2023 time period:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

    As discussed at the parties' February 12, 2024 meet and confer, JJHCS will consider running two final Lade-specific search strings if those are modified to capture the documents SaveOnSP explained it was seeking. JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings.

| SaveOnSP Proposal | JJHCS Modification |
|---|---|
| PBM* AND (copay* or co-pay*) AND deductible | PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |

---

[1] JJHCS declines to run the following financial-related strings, which are beyond the scope of Judge Wolfson's order:

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

Elizabeth H. Snow, Esq.
February 15, 2024
Page 6

| | |
|---|---|
| (Max* /15 benefit*) AND ($20,000 OR $20K OR 20k) | (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |

## IV.    Savaria Harris and Jennifer De Camara

Judge Wolfson ordered production from Ms. Harris and Ms. De Camara's custodial files on a single, narrow issue: (1) documents and communications between the attorneys and any third-party entities *and* (2) that concern the "new terms and conditions for both its Stelara and Tremfya medications" implemented in January 2022. Dkt. No. 192 at 13-14. SaveOnSP's requested terms go well beyond these limitations.

For example, SaveOnSP continues to insist on documents with any reference in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "CarePath" (or variations thereof)—despite Judge Waldor explicitly rejecting that a narrower version of that term at the January 24, 2024 conference. Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen."). Accordingly, JJHCS declines to run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer")

For the same reason, JJHCS also declines to run the following terms, which are not designed to capture documents concerning the "new terms and conditions for both its Stelara and Tremfya medications":

- Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

Elizabeth H. Snow, Esq.
February 15, 2024
Page 7

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

        JJHCS agrees to the remainder of SaveOnSP's proposed terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), so long as those documents also mention Stelara and Tremfya (as modified in red font below):

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) <span style="color:red">AND (Stelara OR Tremfya)</span>

- (eligib* or ineligib*) AND "out-of-pocket cost" <span style="color:red">AND (Stelara OR Tremfya)</span>

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") <span style="color:red">AND (Stelara OR Tremfya)</span>

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

        In addition, JJHCS will consider running the following terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), subject to SaveOnSP's agreement that these modifications will resolve SaveOnSP's requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

                  *     *     *

        JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.


                Very truly yours,

                */s/ Julia Long*
                Julia Long

# Exhibit 8

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 22, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:     ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** (Case No. 2:22-cv-02632-JKS-CLW)

Dear Julia,

We write regarding the search terms for the newly court-ordered custodians, and in response to J&J's February 15, 2024 letter. SaveOn asks that for each of the agreed-upon terms,[1] that J&J promptly commence reviewing and producing those documents and estimate when it will substantially complete that production. As J&J is aware, the CAP terms are the subject of SaveOn's February 16, 2024 motion to Judge Wolfson; SaveOn does not address those terms in this letter, and reserves all rights.

**I.     CAP Custodians**

SaveOn did not concede that the following search terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

which SaveOn requested for the CAP custodians (Kinne, Longbothum, Shontz, Hoffman, Barklage, Platt), describe only SaveOnSP's "business model." ███

_____

[1] A list of the agreed-upon terms is found at Exhibit 1.

Julia Long
February 22, 2024

██████████████████████████████████████████████████████

██████ JJHCS_0001200. Nor would describing SaveOn's business model make the documents irrelevant to the CAP Program. The purpose of the CAP program is to understand the business model of accumulators, maximizers, and SaveOn, and craft a response. *See* JJHCS_00001209 █████████████████████
████████████████████████████████████████████ Notably, JJHCS_00001209 (among others) would not be captured by any of J&J's agreed-upon search terms, and J&J cannot dispute its relevance to the CAP program.

Please confirm that J&J will run these terms.

## II.    Scott White & Blasine Penkowski

*First*, SaveOn requested that J&J run the following search term over Scott White's and Blasine Penkowski's documents: ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)). As SaveOn explained during the meet and confer, the Court found it persuasive that "White was involved in high level discussions about the CarePath program" ████████████████████████████████
██████████████████████████████████████████████████ Dkt. 192 at 28. SaveOn cited similar evidence in support of its motion for Penkowski. *See* Dec. 28, 2024 Ltr. to Wolfson Ex. 8.

J&J explained during the meet and confer that the term, as written, would capture statements of work for drugs not at issue in this litigation. To address that issue, SaveOn proposes the following narrowing:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) <span style="color:red">AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRA-CLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)</span>

Please confirm that J&J will run this term.

*Second*, SaveOn requested four additional search terms for Penkowski which J&J has refused to run, claiming that they all relate to financials.

The first term—((brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*))—as SaveOn explained during the February 12 meet and confer, is drawn from Exhibit 6 to SaveOn's December 28, 2024 motion and is unrelated to J&J's financials motion. ███████████████████████████

2

Julia Long
February 22, 2024

███████████████████████████████████████████

JJHCS_00140929. Judge Wolfson characterized that document as "Very relevant." Hr'g Tr. at 129:6-10 ███████████████████████████████████

████████

J&J objects that this search term is related to J&J's finances and is thus contrary to Judge Wolfson's Order. Not so. Judge Wolfson specifically described this document in her Order and ████████████████████████████████ so it was likely she would have relevant documents. Dkt. 192 at 29. SaveOn is entitled to discovery on the group Penkowski convened in 2018 to formulate J&J's responses to accumulators, by which it included SaveOn. During the February 12, 2024 meet and confer, J&J suggested that the term returned a high number of hits. J&J has failed to substantiate its burden objection.

Please confirm that J&J will run this term.

SaveOn addresses the remaining terms in its February 15, 2024 letter regarding financials, and reserves all rights to request additional financial terms for Penkowski's documents

## III.    Karen Lade

SaveOn agrees to J&J's proposed modifications for Karen Lade's documents, which are:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR copay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

J&J's February 15, 2024 letter states that "JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings."

For the avoidance of doubt, SaveOn's agreement is only as to those two strings, not all strings requested for Lade. SaveOn addresses the remaining terms for Lade in its February 15, 2024 letter regarding financials, and reserves all rights to request financial terms for Lade's documents.

## IV.    Savaria Harris & Jennifer De Camara

*First*, J&J asserts that SaveOn's proposed search terms for Savaria Harris and Jennifer De Camara are improper because they do not concern the new Stelara and Tremfya T&Cs. In fact, the Court granted SaveOn's motion to add those two attorneys as custodians for communications with third-parties which sought

3

Julia Long
February 22, 2024

"documents 1) reflecting the decision to revise the T&Cs; 2) showing the business decision to implement the new T&Cs; and 3) enforcement of the T&Cs." Dkt. 192 at 13. In order to discuss the revision of the T&Cs, custodians are likely to have discussed the original terms and conditions being revised—the General T&Cs.

J&J declines to run the following terms regarding CarePath's General T&Cs for Harris and De Camara. SaveOn propose the following modification to target revisions to CarePath's terms and conditions:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

*Second*, J&J declines to run any terms mentioning SaveOn for Harris and De Camara.                                                                                      *See, e.g.,*
JJHCS_00033693
                                JJHCS_00034439
          JJHCS_00002581

                                        TRIALCARD_00000014
     TRIALCARD_000000016                JJHCS_00034641
                                                           SaveOn proposes the following search terms to capture those documents, and discussions regarding the same.

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

*Third*, SaveOn agrees to J&J's proposed terms for Harris' and De Camara's documents as modified:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

4

Julia Long
February 22, 2024

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

*Fourth*, SaveOn continues to request that J&J run the following term over Harris' and De Camara's documents: (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer")). J&J has articulated no objection as to adding that term.

Please confirm that J&J will run the above terms as modified.

               *             *             *

For ease, SaveOn has compiled a list of all search terms it requests in this letter that J&J use for each custodian or set of custodians in Exhibit 2.

To the extent J&J intends to rely upon a burden objection for any search string, SaveOn requests that J&J provide the unique additional documents returned by the search string in the aggregate and for each individual term within that string.

We request a response by February 29, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 1

**JJHCS v. SaveOnSP**

Search Terms for Custodians

Case No. 2:22-cv-02632-JKS-CLW

| **CAP Custodians Search Terms** |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| **Scott White and Blasine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| **Karen Lade Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |

| |
|---|
| accumulator w/5 prog* |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |

# Exhibit 2

**JJHCS v. SaveOnSP**

Proposed Search Terms for Custodians

Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB* |
| (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare) |
| **Scott White Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA) |
| **Blaine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo |

| |
|---|
| OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA) |
| (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*) |
| **Karen Lade Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |
| accumulator w/5 prog* |
| PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |
| (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer")) |
| ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*) |
| (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*) |
| "Save On" (case sensitive) |

| |
|---|
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP |
| ((Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR ("T&C*" OR "other offer")) |

# Exhibit 9



March 1, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
        <u>**2:23-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

We write in response to SaveOnSP's February 22, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the CAP custodians.

**I.      CAP Custodians**

As SaveOnSP knows, the Court directed only the use of "CAP-related search terms" when searching the files of the CAP custodians,[1] including "terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26. Despite its acknowledgment at the parties' February 12, 2024 meet and confer that two of its search strings are not "CAP-related" but instead designed to capture documents describing SaveOnSP's "business model," SaveOnSP continues to insist JJHCS run these terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

In its February 22 letter, SaveOnSP now claims that these terms are used "as shorthand for SaveOn" and therefore must be added. This is incorrect and a pretext for obtaining

---

[1] For the avoidance of doubt, the "CAP custodians" are Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 2

documents to which SaveOnSP is not entitled, the latest example of SaveOnSP's unwillingness to accept the Court's limitations.  Just last month, SaveOnSP moved to compel JJHCS to add the CAP custodians as full custodians.  After extensive briefing and argument, Judge Wolfson denied that relief, directing only "CAP-related" search terms for the period April 1, 2016 to November 7, 2023.  JJHCS will only run terms that are designed to capture CAP-related documents.[2]

   SaveOnSP points to JJHCS_00001209 as a document that "would not be captured" by the agreed-upon search terms, despite    Not so.  As a threshold matter,

JJHCS has long agreed to employ these exact search terms over Mr. Jeffcoat's custodial files, including for the "refresh" period of July 1, 2022 to November 7, 2023.  *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow.  Moreover, although JJHCS_00001209

JJHCS_00001209.  This document does not support SaveOnSP's position.

## II.  Scott White and Blasine Penkowski

   In its February 22 letter, SaveOnSP rejected JJHCS's proposal to capture relevant Trial Card contracts and statements of work through non-custodial sources.  Instead, SaveOnSP insists that JJHCS employ the search string below to search the custodial files of two apex custodians, Scott White and Blasine Penkowski:

- (TrialCard OR "Trial Card" OR TC) AND ((statement* w/5 work) OR SOW* OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR WithMe OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

   SaveOnSP's latest demand cannot be squared with the Court's directions.  As the Court recognized, Mr. White and Ms. Penkowski are senior executives and thus directed only "[v]ery limited" search terms be used over their custodial documents. Jan. 24, 2024 Tr. at 128:14–17.  SaveOnSP's proposed search is not necessary to meet its stated goals.  Even assuming *arguendo* that "the amount of funds that Plaintiff provided to Trial-Card to disburse through CarePath" is relevant, as SaveOnSP claims, such information would be readily gleaned from the non-custodial collection that JJHCS proposed.  SaveOnSP has articulated no basis to support its

---

[2] Indeed, despite challenging nearly every other aspect of the Court's February 6 Order, SaveOnSP did not move to reconsider this ruling.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 3

demand for additional digging through Mr. White or Ms. Penkowski's files. Accordingly, JJHCS will not run this term.

Despite what appeared to be a productive conversation at the parties' February 12 meet and confer, SaveOnSP nonetheless continues to demand that JJHCS run the following term over Ms. Penkowski's custodial files: (brand* OR finance* OR "SCG" OR (strategic /5 customer)) AND (accumulat* OR maximiz*). This is disappointing. As JJHCS has explained at least three times now, there are two fundamental problems with SaveOnSP's proposed term: (1) the term would return any document with "finance" (or variations thereof) in the same document as "accumulator" or "maximizer," despite the Court's February 6 Order ruling that SaveOnSP's ancillary financial requests were overwhelmingly irrelevant; and (2) because Ms. Penkowski oversees the "Strategic Customer Group," these terms would result in review of every document in which "Strategic Customer Group" or "SCG" appear in a signature block. SaveOnSP acknowledged these very points at the end of our meet and confer. To be clear, JJHCS will not run this term.

As to the remaining search terms proposed for Ms. Penkowski's custodial files, SaveOnSP admits in its February 22 letter that those terms are related to SaveOnSP's "financial" requests. The Court ruled that documents concerning "communications of budgetary decisions" or "return on investment" are not relevant and so JJHCS will not search for them. Dkt. No. 192 at 19, 22.

## III.    Karen Lade

We appreciate SaveOnSP's agreeing to the modified terms that JJHCS proposed in its February 15 letter. JJHCS agrees to run the following terms:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

As to the remaining search terms for Ms. Lade's custodial files, JJHCS will not search for or review documents concerning "communications of budgetary decisions" or "return on investment," (Dkt. No. 192 at 19, 22), for the reasons stated at the February 12 meet and confer and JJHCS's February 15 letter.

## IV.    Savaria Harris and Jennifer De Camara

We appreciate that SaveOnSP has agreed to JJHCS's proposal to run SaveOnSP's search terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), over Ms. Harris and Ms. De Camara's communications with third parties, so long as those documents

Elizabeth H. Snow, Esq.
March 1, 2024
Page 4

also mention Stelara and Tremfya. For the avoidance of doubt, JJHCS agrees to run the following terms:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

  JJHCS also proposed a fifth term (listed below), subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara. In its February 22 letter, SaveOnSP rejects JJHCS's compromise proposal, but nonetheless demands JJHCS continue to run its compromise term because JJHCS "articulated no objection as to adding that term." Feb. 22, 2024 Ltr. from E. Snow to J. Long at 5. This argument makes little sense—and indeed, is designed to disincentivize JJHCS from proposing broad counterproposals in the future. In a renewed effort to reach compromise, JJHCS proposes a modified version of that term (with changes in red), again subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer" OR "any other coupon, discount, prescription savings card"))

  JJHCS declines to run the remaining terms at issue. Unlike the terms above, which SaveOnSP recognize should be limited to documents mentioning "Stelara" or "Tremfya," SaveOnSP claims that *five* additional search strings untethered to Stelara or Tremfya are warranted because Ms. Harris and Ms. De Camara "are likely to have discussed the original terms and conditions being revised" in the context of the Stelara and Tremfya revisions. This makes no sense. Documents about changes to the Stelara and Tremfya terms and conditions necessarily will mention either "Stelara" or "Tremfya"—and it is telling that SaveOnSP does not cite to a single document to support its contrary view. Accordingly, JJHCS will not run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

Elizabeth H. Snow, Esq.
March 1, 2024
Page 5

For the same reason, JJHCS also declines to run variations of the term "SaveOn" over Ms. Harris and Ms. De Camara's custodial documents.[3]  Even if ████████ ██████████████████████████████████████████████████████ that alone is not a basis to review thousands of documents containing the word "SaveOn" without any connection to the terms and conditions or the products—i.e., Stelara and Tremfya—at issue.  Rather, this appears to be a blatant attempt to expand the scope of the Court's February 6 Order to encompass RFP No. 8.  This is not what Judge Wolfson ordered.  *See* Dkt. No. 192 at 13-14.  Nor is there a need to run these terms: JJHCS already has agreed to run the exact terms over the files of *twenty-six* other JJHCS custodians from April 1, 2016 to November 7, 2023.

*        *        *

JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[3] In its February 22 letter, SaveOnSP demands the following search terms:

- Save On" (*case sensitive*)
- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

March 22, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

     Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
            **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Defendant Save On SP LLC ("**SaveOn**") we write in response to Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**")'s March 20, 2024 opposition to SaveOn's March 12, 2024 motion to compel regarding Your Honor's February 6, 2024 Order, Dkt. 192 (the "**Order**"). As SaveOn showed in its March 12 motion, J&J failed to take steps ordered by Your Honor to identify and produce documents regarding the drafting of its terms and conditions ("**T&Cs**") and J&J refuses to run reasonable search terms for custodians that Judge Waldor and Your Honor compelled it to add.

J&J's opposition is a grab-bag of evasive tactics. Among other things: (1) it asserts that it has identified all "appropriate" custodians of "which it is aware" involved with drafting

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                          Page 2

its T&Cs—but it still will not clearly identify **all** sources of potentially relevant documents nor identify at all the predecessor programs for which the critical "other offer" provision was drafted; (2) it professes not to understand basic litigation terms like "non-custodial sources" and "volume of documents"; (3) it proposes "compromises" in which it would do nothing beyond what it has been ordered to do while SaveOn must do something extra; (4) it ignores facts laid out in its own documents; (5) it mischaracterizes Your Honor's rulings; (6) it asserts facts and proposes alternatives for the first time in its opposition that it did not disclose to SaveOn in discovery negotiations; and (7) it asserts that many of SaveOn's proposed search terms are overbroad or unduly burdensome without providing hit counts showing how many documents those terms identify.

This runaround must stop. For over a year and a half, J&J has withheld documents regarding the drafting of its T&Cs and documents from the files of the recently added custodians. Almost two months have passed since the January 24, 2024 conference in which Your Honor ordered J&J to begin producing these documents, yet J&J has slow-walked discovery negotiations, rebuffed SaveOn's proposals, and made few proposals of its own. J&J's assertions that SaveOn is somehow rushing to motion practice is flatly contradicted by the discovery record. It is J&J's burden to justify why it is withholding or refusing to search for or review documents, and J&J utterly fails to do so. These matters are ripe for decision and Your Honor should grant SaveOn's motion.

## I.    Drafting of CarePath's Terms and Conditions

Holding that documents regarding J&J's drafting of the T&Cs are relevant, Dkt. 192 at 10, 11, Your Honor ordered J&J to (1) "search and determine whether any relevant documents [regarding the drafting of CarePath's T&Cs] can be found and to produce them;" (2) "identify and produce its retention policy to [SaveOn]" "[i]f some or all relevant documents were not preserved prior to 2013," *id.* at 10; and (3) to "no later than February 2, 2024, notify [SaveOn] of the volume of documents in question and/or retention policy," *id.* at 10. Your Honor also ordered the parties

to "meet and confer as to whether a limitation of those documents is appropriate." *Id.* at 12. In the nearly two months since the January 24, 2024 conference, J&J has not produced its retention policies, has not identified the volume of potentially relevant documents, has not agreed to run SaveOn's proposed search terms—and has yet to produce a single document relating to J&J's original drafting of its T&Cs.

### A.    J&J Must Produce Its Pre-2013 Retention Policies

In addressing J&J's drafting of the T&Cs, Your Honor ordered: "[J&J] must first search and determine whether any relevant documents can be found and to produce them. If some or all relevant documents were not preserved prior to 2013, [J&J] must identify and produce its retention policy to [SaveOn]." Dkt. 192 at 10. Your Honor explained: "[The retention policy] has to be provided so that I could determine, or [SaveOn] can determine, what was done, and what the policy was, and whether it was followed here." Jan. 24, 2024 Hr'g Tr. at 11:16-19. Your Honor ordered J&J to do this by February 2, 2024. Dkt. 192 at 11. Yet J&J has not produced its retention polices.

J&J says that it need not produce its pre-2013 retention polices because, it asserts (for the first time), "[J&J] has not identified any … gap" in its preservation of documents for CarePath's predecessor programs before 2013. Opp. at 3. This contradicts J&J's prior statements:

> "Based on our reasonable investigation, we understand that, due to applicable preservation and/or retention capabilities, we are not in a position to produce documents or communications created before 2013." Ex. 22 at 2 (July 17, 2023 Ltr. to SaveOn).

> "JJHCS advised SaveOnSP that JJHCS is not even able to make a production of documents from a time period earlier than 2013 due to applicable preservation and/or retention capabilities." Dkt. 146 at 22 (Aug. 24, 2023 Joint Ltr. to Court).

> "[J&J's] document retention effectively allows us to go back to about 2013." Dkt. 171 (Oct. 30, 2023 Hr'g Tr.) at 45:18-21.

> "As stated in our joint letter, 'JJHCS is not [] able to make a produc-
> tion of documents from a time period earlier than 2013 due to appli-
> cable preservation and/or retention capabilities.'" Ex. 23 at 3
> (Jan. 11, 2024 Ltr. to SaveOn).

Even were J&J's representation credible given its prior statements, J&J does not dispute that it

cannot locate at least some pre-2013 documents, Opp. at 3-4, triggering its obligation to produce

its retention policies.

J&J says it has not violated Your Honor's order because it has "has made no … finding"

that it failed to preserve any "***relevant***" documents before 2013. Opp. at 4 (original emphasis). If

by this J&J means that it subjectively believes that any unpreserved documents would not be re-

sponsive to SaveOn's document requests, that is both inappropriate—one cannot finally determine

a potentially relevant document's relevance without looking at it—and is not the standard. SaveOn

understood Your Honor, in ordering J&J to determine "whether any relevant documents can be

found," Dkt. 192 at 10, to require J&J to state if it could find all ***sources*** of potentially relevant

documents and, if not, to produce the retention policies that applied to those sources.

J&J does not say that it preserved all sources of documents potentially relevant to the draft-

ing of CarePath's T&Cs before 2013, and its statements about what it has done are slippery.

J&J says (for the first time) that it "has already identified all custodial and non-custodial sources

of which it is currently aware," Opp. at 6—but this apparently means only that J&J has identified

what it has identified, not that it preserved everything potentially relevant. J&J says (for the first

time) that it has now located emails and hard drives back to January 1, 2009, Opp. at 4—but it

does not say whose emails or what hard drives these are, if they cover all potentially relevant

document sources, or if any T&Cs drafting occurred before January 1, 2009, in which case these

mystery sources would be patently insufficient.

J&J says that it has identified "two non-attorney employees involved in CarePath's prede-

cessor programs," Opp. at 3, but it does not say that they were the only individuals involved with

the drafting. To the contrary, J&J indicated that an attorney assisted with the drafting, Ex. 24 at 1

(Feb. 21, 2024 Ltr.), but it does not say whether it preserved that attorney's pre-2013 files. J&J

asserts that its two designated custodians "are the appropriate custodians," Opp. at 6—but J&J's

subjective view of which custodians might be "appropriate" does not relieve J&J of its obligation

to identify *all* individuals involved in drafting the T&Cs and to state if it preserved their docu-

ments, and it cannot exclude someone because they are an attorney. *See* Dkt. 192 at 4 ("[J&J]

cannot point to the individuals' attorney status to resist search for relevant documents.").

J&J also asserts that it needs SaveOn to tell it what "non-custodial sources" are, Opp. at

4—but this is a basic litigation term that both parties have used throughout this case.[1] Even were

it not, SaveOn defined that term for J&J a month before SaveOn filed its motion, Ex. 24 at 2 (Feb.

21, 2024 Ltr.) ("[T]he term 'noncustodial files' refers to sources not within the possession of a

_____

[1] *See, e.g.*, Dkt. 171 (Oct. 30, 2023 Hr'g) at 58:11-17 (J&J stating: "[O]n the other hand, noncus-
todial stuff where you know what you're looking for, you get it from a central source, you can
produce it. Much less burden on the noncustodial side; right?"); Ex. 25 (March 16, 2023 Ltr.) at
1-4, App'x A (J&J writing that documents "can be produced from non-custodial sources" and
Appendix A listing non-custodial sources); Ex. 26 (Dec. 22, 2023 Ltr.) at 2 (J&J writing: "JJHCS
already has begun to update its collection and review of documents—from both custodial and
noncustodial sources…."); Ex. 27 (Jan. 9, 2024 Ltr.) at 1 (J&J writing: "[P]lease let us know
whether documents responsive to Request No. 100 . . . are maintained in a non-custodial source
and if so, please confirm that you will be producing from that source."); Ex. 28 (June 30, 2023
Ltr.) at 2 (J&J writing: "We assume that SaveOnSP intends to address [request number] by pro-
ducing documents from non-custodial sources."); *see also* Dkt. 122 (June 23, 2023 Joint Ltr.) at 5
(SaveOn writing: "It is JJHCS's responsibility in the first instance to identify individuals with
relevant knowledge and to produce documents from relevant custodians and non-custodial
sources."); Ex. 29 (Feb. 6, 2023 Ltr.) at 3 (SaveOn writing: "SaveOnSP will collect from any
noncustodial locations that SaveOnSP identifies as likely to contain responsive, non-duplicative
documents following a reasonable search. To date, we have identified the following locations:
Salesforce, SQL, Tableau.").

Hon. Freda L. Wolfson                                                                   Page 6

single custodian, such as network drives, SharePoint, and databases."). Yet J&J has failed to iden-

tify a single non-custodial source with relevant information, state whether it preserved them, or to

represent that there are no such sources.

At bottom, because J&J fails to show that it preserved all pre-2013 documents potentially

relevant to its drafting of the T&Cs, it must produce it pre-2013 retention policies. Because Your

Honor already ordered J&J to produce these policies in such circumstances, it would be no "com-

promise" for J&J to produce its pre-2013 policies only if SaveOn produces all its policies from all

time periods, Opp. at 4-5—Your Honor did not order SaveOn to produce anything. Contrary to

J&J's assertions, *id.*, this deal would be unbalanced in J&J's favor, as J&J would produce only its

pre-2013 policies but SaveOn would produce its policies from its founding through the present—

well beyond what Your Honor ordered J&J to produce. J&J should not be rewarded for violating

Your Honor's orders.[2]

Your Honor should compel J&J to produce its pre-2013 retention policies within a week.

**B.      J&J Must Identify the Volume of Potentially Responsive Documents**

Your Honor ordered J&J to "notify [SaveOn] of the volume of documents in question" by

February 2, 2004. Dkt. 192 at 11. J&J has not done so.

J&J protests that it "does not understand what 'volume' SaveOnSP seeks," Opp. at 5—but

J&J clearly knows what document "volume" means, having used that same term in its own motion

to compel. J&J Mar. 19, 2024 Mot. at 4 (J&J arguing that SaveOn should produce documents

"given the very low volume at issue, only 5,600 documents"). Even if J&J and its experienced

litigation counsel genuinely did not understand this term, Your Honor ordered J&J to identify the

---

[2] J&J makes allegations about SaveOn's document retention, Opp. at 4 n.3, which SaveOn dis-
putes, and which are irrelevant as there is no motion about SaveOn's retention before Your Honor.

Hon. Freda L. Wolfson                                                         Page 7

"volume of documents," Dkt. 192 at 11, and J&J did not seek clarification. J&J needs to identify

how many potentially relevant documents it has.

J&J states (for the first time) that it has identified "approximately 200,000 documents from

the files of the relevant custodians for the period January 1, 2009 through July 2015," Opp. at 5,

but it does not say what this number represents. If J&J preserved all documents in a given source,

the relevant volume for custodial files is the number of documents in those files identified by the

search terms that SaveOn proposed in February, Ex. 24 (Feb. 21, 2024 Ltr.), which J&J has refused

to run, Ex. 30 (Mar. 4, 2024 Ltr.).

Your Honor should compel J&J to provide these hit counts for the files of all potentially

relevant custodians, and the number of any potentially relevant documents in non-custodial

sources, within a week.

### C.    J&J Must Identify Its Document Sources and Run SaveOn's Proposed Search Terms

Your Honor ordered that "the parties must meet and confer as to whether a limitation of

those documents [regarding pre-2013 drafting of T&Cs] is appropriate." Dkt. 192 at 12. Your

Honor also stated that it is J&J's "burden … to explain why it would be burdensome" to produce

such documents. Jan. 24, 2024 Hr'g Tr. at 12:6-7; *see also id.* 12:9-10 ("I'm not buying that with-

out more"); *id.* at 13:7-8 ("You're going to have to really convince me"); *id.* at 13:15-16 ("I think

you have a high hurdle there.").

SaveOn proposed this search string for J&J's search of its custodial files:

> (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Re-
> bate Program" OR "Access Program" OR Darzalex OR Imbruvica
> OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer
> OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition)
> OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "dis-
> count*" OR "prescription savings card*" OR "free trial").

Ex. 24 at 1-2 (Feb. 21, 2024 Ltr.). J&J refused to run it or to provide hit counts of how many

unique documents it identifies. Ex. 30 at 1-2 (Mar. 4, 2024 Ltr.).

J&J says that Your Honor agreed with it that search terms should not "look[] for every time somebody mentioned discount or coupon," Opp. at 7 (citing Jan. 24, 2024 Hr'g Tr. at 37:4-11)—but the proposed search string does not do so. It rather seeks documents that contain such words *plus* a mention of Janssen or one of the drugs at issue in this case. J&J does not dispute that such terms are relevant, nor could it, as they appear in the "other offer" provision at the heart of J&J's tortious inference claim. *See* Dkt. 219 Ex. A ¶ 23 (J&J's proposed amended complaint, citing full provision including "coupon," "discount," "prescription savings card," and "free trial"). If J&J believed that this term was burdensome, it should have produced hit counts, but it did not, waiving any burden argument. *Cf. City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-CV-05275, 2015 WL 5055241, at *4 (D.N.J. Aug. 21, 2015).

J&J now proposes (for the first) time an alternative search string. Opp. at 7. This comes too late. J&J had well over a month to make a proposal of its own; it simply refused to run SaveOn's proposed string or to provide hit counts. Ex. 24 (Feb. 21, 2024 Ltr.); Ex. 30 (Mar. 4, 2024 Ltr.). Even had J&J properly met and conferred, its proposed string is inadequate. Instead of identifying documents with T&C-related terms that mention either Janssen *or* one of the drugs at issue, J&J's string would require that *all* documents mention one of those drugs. This is too limited, as it is not clear that J&J originally drafted the "other offer" provision in a predecessor program connected to one of those drugs; it might well have done so for a different drug or in another context. The fact that J&J fails to provide hit counts for its proposed string also indicates that the string might well be too narrow. Because J&J does not represent that the provision was first drafted for one the at-issue drugs—or even say when it was drafted or for which predecessor program—J&J should not be able to restrict its searches.

J&J also still fails to give straight answers on the sources of potentially relevant documents. As noted, Section I, A., *supra*, J&J says that it has identified two individuals as "appropriate" custodians, Opp. at 6—but it still does not identify ***all*** individuals involved with the original drafting of the T&Cs, even while indicating that another person was involved, Ex. 24 at 1 (Feb. 21, 2024 Ltr.).[3] J&J also says that it has identified "all … non-custodial sources of which it is currently aware," *id.*—but it has not told SaveOn what a single such source is and it professes to be befuddled by what a non-custodial source is, *id.* at 2. Given this stonewalling, it is impossible to determine if J&J has identified or even looked at all sources of potentially relevant documents.

Your Honor should compel J&J to (1) within a week, identify all custodians and non-custodial sources likely to have documents related to the T&Cs of the CarePath program and its predecessors prior to 2016; (2) run SaveOn's proposed search string over those sources; and (3) produce all non-privileged documents relating to the T&Cs.

## II.    Search Terms for Court-Ordered Custodians

### A.    CAP Custodians: Terms Regarding NEHBs

Concluding that J&J's CAP Program is relevant to J&J's mitigation efforts, Dkt. 171 at 93:21-23, Judge Waldor ordered J&J to add the so-called CAP Custodians, Dkt. 173 at 2. Your Honor directed the parties to meet and confer about "CAP-related search terms" for J&J to run over their custodial files. Dkt. 192 at 25-26. SaveOn proposed that J&J run (among others) the following two such terms for the CAP Custodians:

---

[3] J&J's assertion that "SaveOn fails to mention" that J&J identified two custodians, Opp. at 6, is incorrect. *See* Mot. at 3 (SaveOn stating that J&J "identified the 'two non-attorney employees' of the predecessor programs" but "did not explain why the two identified individuals should be its only custodians.").

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nones-sential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

J&J's citationless assertion that these terms "have nothing to do with CAP," Opp. at 8, is

directly contradicted by ███████████████████████████████████████

████████ *see* Ex. 9; ██████████████████████████████ Ex. 7;███████████

████████████████████████████████████████ *see* Ex. 10. This

follows from J&J's understanding that plan benefit that SaveOn administers involved the NEHB

designation, as J&J pled in its complaint. Compl. ¶¶ 9-10, 53-54, 57. J&J does not dispute (or even

address) this evidence nor say that it used "NEHB" terms for any other reason. ██████████

████████████ that the proposed "NEHB" terms are likely to identify documents in which the

CAP Custodians discuss J&J's response to SaveOn, accumulators, and maximizers—why the CAP

Program is relevant. Dkt. 192 at 25 ("In [the CAP] program, J&J tried to identify patients who

were enrolled in Maximizers/Aggregators such as SaveOn, and then take action accordingly to

reduce its losses" (quoting email from Judge Waldor)). That J&J ran these terms for other custo-

dians, Mot. at 8, is beside the point.

J&J's agreement to run "NEHB" terms that also refer to SaveOn, Opp. at 9 & n.6, is not a

"compromise." J&J is already running on a stand-alone basis the "SaveOn" terms with which it

proposes limiting the "NHEB" terms; running SaveOn-limited NHEB terms would thus identify

***nothing*** beyond what J&J has already been compelled to produce from the CAP Custodians. J&J

tried the same slight-of-hand to avoid running meaningful CAP Terms, *see* Feb. 16, 2024 Mot.

at 3, and Your Honor should not fall for it, here or there.

**B.    Scott White & Blasine Penkowski: Term Regarding TrialCard Statements of Work**

In compelling J&J to add Scott White as a custodian, Your Honor cited "a work order, which shows that White was responsible for the amount of funds that Plaintiff provided to Trial-Card to disburse through CarePath." Dkt. 192 at 28. Penkowski was also a signatory on TrialCard work orders, reflecting similar involvement in overseeing J&J's relationship with TrialCard. *See, e.g.*, Dec. 28, 2023 Ltr. to Wolfson, Ex. 8 ████████████████████████████████
████████████████████████

To capture documents relevant to White and Penkowski's oversight of TrialCard, SaveOn proposed the following search term (emphases added):

> ("TrialCard" OR "Trial Card" OR TC **AND** ((statement* /5 work)
> OR "SOW*" OR contract*) **AND** (CarePath OR (care w/2 path) OR
> Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR
> "WithMe" OR (with w/2 me)) **AND** (BALVERSA OR DAR-
> ZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR
> PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI
> OR STELARAOR OR SYMTUZA OR TRACLEER OR
> TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

J&J refuses to run this term but does not provide hit counts of how many unique documents it will identify, waiving any burden objection. *City of Sterling Heights*, 2015 WL 5055241, at *4.

J&J asserts that this term would identify "many irrelevant … documents," Opp. at 10, but fails to explain why. J&J's ability to identify patients on SaveOn-advised plans is relevant to J&J's mitigation of damages and to its new claim for "special damages" based on "the expenditure of resources to identify patients in the SaveOnSP Program." Dkt. 219 Ex. B ¶ 193. ████████████
████████████████████████████████████████████████████████████████
████████████████████████████    *See* Ex. 16 at 2; Ex. 15; Dkt. 166 Ex. 1. ███████
████████████████████████████████████    *see, e.g.*, Ex. 14,

Hon. Freda L. Wolfson                                                            Page 12

███████████████████████ Contrary to J&J's assertions, Opp. at 10-11, the pro-

posed term is narrowly tailored to identify such documents, seeking documents that identify Trial-

Card **and** CarePath **and** one of the drugs at issue—it does **not** seek "every" statement of work for

TrialCard in the custodians' files, *contra* Opp. at 10.

J&J suggests that its other searches and productions are sufficient, Opp. at 9-11, but they

are not. The other search terms that J&J agreed to run for White and Penkowski, Opp. at 9-10, do

not concern TrialCard's statements of work; they are limited to mentions of SaveOn, ESI, Accredo,

and limits on copay assistance funds for two drugs. Discussions about TrialCard's statements of

work may well not specifically refer to SaveOn, ESI, or Accredo—the statements of work them-

selves produced thus far do not. J&J's promised non-custodial production, Opp. at 10, meanwhile,

will contain only J&J's final contracts and statements of work with TrialCard. SaveOn also needs

drafts and related communications, to discover not only what steps J&J took but why it took them

and what other steps it contemplated but did not take—relevant to its failure-to-mitigate defense.

J&J's other passing arguments also fail. It says that the proposed term will identify

"many … sensitive documents," Opp. at 10—but if sensitive documents are irrelevant, J&J will

not produce them; if sensitive documents are relevant, J&J cannot withhold them on that basis, but

it may designate them appropriately under the Discovery Confidentiality Order. J&J also refers to

White and Penkowski as "apex custodians," Opp. at 2, 10, 11, but the "apex doctrine" does not

shield executives from producing relevant documents. *See Sandoz, Inc. v. United Therapeutics

Corp.*, No. 19-CV-10170, 2020 WL 13830525, at *3 (D.N.J. Nov. 16, 2020) ("[T]he 'apex doc-

trine,' while it may be applicable to depositions, is not a protective shield that prohibits document

discovery from high-ranking executives.").

Your Honor should compel J&J to run SaveOn's term over White's and Penkowski's files.

### C.    Blasine Penkowski: Term Regarding the Group Penkowski Convened to Respond to Accumulators and SaveOn

In compelling J&J to add Penkowski as a custodian, Dkt. 192 at 29, Your Honor held that Penkowski's documents were relevant in part because of Exhibit 17 (cited as Exhibit 6 to SaveOn's December 28, 2023 motion), Jan. 24, 2024 Hr'g Tr. at 129:6-10, ██████████████████ ████████████████████████████████████████████████████████ ████████████████████ Ex. 17 at 1.

J&J refuses to run the following term designed to identify this group and its work, based on language in the email:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

J&J does not meaningfully contest that this term will pick up relevant documents, asserting instead that it is overbroad, Opp. 11-12—but J&J failed to provide hit counts showing how many unique documents the term would identify, despite multiple requests from SaveOn. Ex. 31 at 2 (Jan. 29, 2024 Ltr.); Ex. 32 at 4 (Feb. 15, 2024 Ltr.); Ex. 33 at 3 (Mar. 1, 2024 Ltr.). J&J apparently has this information—J&J says that the term picks up "scores" of documents, Opp. at 2, suggesting some multiple of twenty—but refuses to share it. If J&J believed that the term identifies too many documents, it should have provided data substantiating those concerns. It did not and so waived any burden objection. *City of Sterling Heights*, 2015 WL 5055241, at *4.

With no credible relevance or burden arguments, J&J proposes (for the first time) an alternative term. Opp. at 12. Yet again, J&J comes too late: The parties corresponded and conferred about this topic multiple times for over a month. J&J's assertion that SaveOn "short-circuited" negotiations, Opp. at 12, is demonstrable bunk—J&J never proposed anything, it just refused to run SaveOn's proposed term or to provide hit counts, Ex. 32 at 4 (Feb. 15, 2024 Ltr.); Ex. 34 at 3 (Feb. 22, 2024 Ltr.); Ex. 33 at 3 (Mar. 1, 2024 Ltr.), and thus waived its burden objection. *City of*

Hon. Freda L. Wolfson                                                                    Page 14

*Sterling Heights Gen. Emps.' Ret. Sys.*, 2015 WL 5055241, at *4.

J&J's proposed term is also too narrow. It would require that ("working group" OR guid-ance OR respond* OR respons*) appear within 25 words of (brand* OR finance* OR SCG OR (strategic w/5 customer))—but J&J does not establish that the group was always called a "working group," or that the group's members always used terms like guidance or response. J&J cannot write its own search term as a reward for failing to timely propose such a term or to provide hit counts (even for its own new proposal), both basic discovery obligations.

### D.    Savaria Harris & Jennifer De Camara

Your Honor ordered J&J to add Harris and De Camara as custodians and directed the par-ties to meet and confer on appropriate search terms for their documents, stating that "the starting point" would be their communications with third parties. Dkt. 192 at 13-14. Relevant here, SaveOn proposed five search terms, J&J proposed one—all limited to the custodians' third-party commu-nications—that J&J refuses to run. Once again, J&J fails to provide hit counts for any of these disputed terms, waiving any burden objection. *City of Sterling Heights*, 2015 WL 5055241, at *4. The only question is whether the terms are designed to capture relevant documents—and they are.

*First*, J&J refuses to run the following search terms regarding SaveOn:

- "Save On" (case sensitive)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

J&J says that Your Honor held that search terms for Harris and De Camara must be limited to mentions of Stelara and Tremfya, Opp. 13, citing the following part of the January 24 conference:

> MR. SANDICK: So communications with third parties relating to terms and conditions is what your Honor is asking for?

> JUDGE WOLFSON: And I think this was really within the Stelara
> and Tremfya area.

Jan. 24, 2024 Hr'g Tr. 54:24-55:3. J&J ignores what happened next:

> MR. DUNLAP: … I will say, if [the custodians] mention SaveOn to
> a third party, we do want to know about that.
>
> …
>
> MR. SANDICK: This has never been briefed, your Honor.
>
> JUDGE WOLFSON: Yeah, I'm not addressing that today. If you
> want to address that with them, you can address that with them.

*Id.* at 55:7-17. Having argued that search terms for "SaveOn" for these custodians had not been

briefed, it is unclear why J&J now argues that issue was decided; in any event, Your Honor said

that the issue was open.

Harris's and De Camara's third-party communications regarding SaveOn are relevant to

their work in revising the T&Cs for Stelara and Tremfya. J&J does not address ███████████

████████████████████████████████████████████ Mot at 9 (citing Ex. 18-

21), it does not dispute that those revisions were made as part of the CAP Program's response to

SaveOn, accumulators and maximizers, *see* Dkt. 192 at 14, and it does not dispute that Harris and

De Camara therefore may have discussed such revisions in communications that mentioned

SaveOn but not one of the other search terms that J&J is running.

Beyond this, J&J should run the proposed "SaveOn" terms because ████████████████



████████████████████████████████████████ *See, e.g.*, Ex. 35

(JJHCS_00173222) (████████████████████████████████████████████

████████████████████████████████), Ex. 36 (JJHCS_00011226) ████████████

████████████████████████████████████████████████████████

████████████), Ex. 37 (JJHCS_00198021) (████████████████████████), Ex. 38

Hon. Freda L. Wolfson                                                                          Page 16

(JJHCS_00197035)  (█████ ██████ █████ ██████ ██████ ██████ ████), Ex. 39

(JJHCS_00142263) (███████████████████████████████████████████████

████████████████████████████████████████████).

J&J does not explain why it should be able to withhold relevant third-party communica-

tions about SaveOn from Harris's and De Camara's files. While J&J calls this a "fishing expedi-

tion," Opp. 14, J&J agreed to produce documents related to SaveOn, *see* Ex. 40 (R&Os to Save-

OnSP's First Set of Requests for Production) at 10-11, *see also* Ex. 29 (Feb. 6, 2023 Ltr. from H.

Sandick to A. Dunlap) App'x. B., and J&J has agreed to run "SaveOn" terms for all its other

custodians, Opp. 13. SaveOn-related documents are not irrelevant simply because they reside in

Harris's or De Camara's third-party communications. There is also no discernable burden: If these

custodians rarely discussed SaveOn with third parties, then these search terms will identify few

documents; if the terms identify many documents, it will indicate that they were heavily involved

in relevant discussions about SaveOn. Either way, J&J should run them.

 *Second*, J&J refuses to these two terms with variations of words meaning "edit" or "revise":

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND
  (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR
  chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR
  "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other
  offer") AND (revis* OR edit* OR chang* OR modif*)

J&J does not address the substance of these terms, the first of which is targeted at the "other offer"

provision, the second of which is targeted at general revisions to the T&Cs. J&J instead asserts

(again) that Your Honor limited search terms for Harris and De Camara to ones that specifically

mention Stelara or Tremfya, Opp. at 14—as shown, that is incorrect.

 J&J also asserts that any document concerning revisions to the T&Cs for Stelara or

Tremfya would "necessarily" refer to the drugs' names, dismissing the notion of communications

that refer to the "other offer" provision as "speculation," Opp. at 14-15—but ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ *See*, *e.g.*, Ex. 41 (JJHCS_00002339) (▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮▮▮"; *see generally* Ex. 42 (JJHCS_00033693) (▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮). If Harris or De Camara discussed

revisions to T&Cs other than those governing Stelara and Tremfya, moreover, those communica-

tions could still be relevant if they went to (for example) J&J's understanding of other T&Cs at

issue. While J&J calls the terms "impossibly broad," Opp. at 15, it provides no hit counts .

*Finally*, J&J refuses to run the following search term:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer")).

J&J does not dispute that this term is designed to identify relevant documents—to the contrary,

J&J proposed it.[4] J&J's proposal to run only this term is not sufficient because it would not identify

documents that discuss edits to the T&Cs without specifically mentioning Stelara or Tremfya.

Your Honor should compel J&J to run SaveOn's terms over Harris's and De Camara's

files.

---

[4] J&J asserts that it proposed this term as a compromise and SaveOn then moved to compel that it do so without properly meeting and conferring, Opp. 15, but this mangles the negotiation history. J&J did offer to run the term if SaveOn would drop its request for any others mentioning Stelara or Tremfya. Ex. 32 (Feb. 15, 2024 Ltr.) at 6-7. SaveOn declined, then proposed itself that J&J run the term in addition to the others that SaveOn had proposed. Ex. 34 (Feb. 22, 2024 Ltr.) at 5. J&J rejected this proposal, offering another modified term, but still refusing to run any term that did not include "Stelara" or "Tremfya". Ex. 33 (March 1, 2024) at 3-5. Because the parties were at impasse on the terms that J&J refused to run, SaveOn then moved.

Hon. Freda L. Wolfson                                                    Page 18

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 22



July 17, 2023

Harry Sandick
(212) 336-2723
hsandick@pbwt.com

Andrew Dunlap, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **Production of Terms and Conditions Discovery**
        *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
        No. 22 Civ. 2632 (ES) (CLW)

Dear Andrew:

We write in response to your June 29, 2023 letter regarding JJHCS's production of documents regarding CarePath's terms and conditions in response to SaveOnSP's Requests for Production Nos. 12 and 13.

For the reasons discussed below and in our prior correspondence, JJHCS has taken reasonable steps in accordance with the Federal Rules of Civil Procedure in order to respond to RFP Nos. 12 and 13. SaveOnSP's asserted dissatisfaction with the documents produced thus far is not a basis for requiring JJHCS to embark on a wild-goose chase in search of documents that never existed and therefore cannot be collected and produced.

Nevertheless, in keeping with the Court's admonition to seek to resolve discovery disputes through negotiation rather than motion practice, we offer in this letter several proposals that, taken together, are more than sufficient to resolve your outstanding concerns. We make these proposals contingent on your agreement that taking these steps will resolve this dispute and allow the parties to avoid unnecessary motion practice.

**I.      Documents Regarding the Drafting of Terms and Conditions**

At the outset, JJHCS disagrees with your characterization of various aspects of our June 23 meet and confer. To begin with, we did not agree to "identify the predecessor programs from which the CarePath terms and conditions were drawn." June 29, 2023 Ltr. from A. Dunlap to H. Sandick. Rather, we stated that we would consider your request that we do so.

Having considered it, we are not prepared to agree to this request. As JJHCS has stated, the terms and conditions at issue in this litigation long pre-date the relevant time period. At no point have we identified any further documents regarding their drafting or the specific programs for which those terms and conditions were originally employed, nor do we have any reason to think such documents exist.

Andrew Dunlap, Esq.
July 17, 2023
Page 2

During our meet and confer, we did agree to identify how far back JJHCS typically retains business records and to what extent communications pre-dating 2016 are still accessible. This would allow us to assess the feasibility of agreeing to your request. We did not agree to "identify the document sources that JJHCS has for those [predecessor] programs" or identify "the custodians or non-custodial sources of those records" as stated in your letter. *See* June 29, 2023 Ltr. from A. Dunlap to H. Sandick. Based on our reasonable investigation, we understand that, due to applicable preservation and/or retention capabilities, we are not in a position to produce documents or communications created before 2013.

At any rate, even if such documents were accessible, it is far from clear that they would shed any light on the disputed issues in this lawsuit. The "other offer" language is standard fare across many manufacturers' copay assistance programs, further confirming that the term is of an old vintage, ubiquitous in its use, and unambiguous in its meaning. In our May 26 letter, we cited just a few examples, including AstraZeneca,[1] Novartis,[2] Bristol Myers Squibb,[3] and Pfizer.[4]

Nonetheless, in a good-faith effort to reach agreement on this issue, JJHCS will agree to expand the time period for the production of documents from Adrienne Minecci to include August 1, 2015 to July 1, 2022—subject to SaveOnSP's agreement that this expansion and the additional search terms discussed, *infra* at 4—will satisfy JJHCS's obligations with respect to Request Nos. 12 and 13. Consistent with JJHCS response to SaveOnSP's Interrogatory No. 3, Ms. Minecci had responsibility for the drafting and revision of the CarePath terms and conditions referenced in the Complaint and also was involved in the process of transitioning at least one predecessor co-pay support program to the CarePath program, including the introduction of the relevant terms and conditions.

---

[1] *See* AstraZeneca Patient Savings Programs for Specialty Products (last updated March 2023), https://www.astrazenecaspecialtysavings.com/ (copay assistance "cannot be combined with any other offer").

[2] Novartis, Patient Copay Savings, https://www.copay.novartispharma.com/nvscopay/eligibility.html# (last accessed May 22, 2023) ("Program may not be combined with any third-party rebate, coupon, or offer.").

[3] Bristol Myers Squibb, Access Support Co-Pay Assistance Program Terms & Conditions (October 2022), https://www.bmsaccesssupport.bmscustomerconnect.com/servlet/servlet.FileDownload?file=00Pi000000 omiYSEAY ("This offer cannot be combined with any other offer, rebate, coupon or free trial.").

[4] *See, e.g.*, Pfizer, Nivestym Patient Resources ("This program cannot be combined with any other savings, free trial or similar offer for the specified prescription."), https://www.nivestym.com/patient-resources (last accessed May 22, 2023).

14325913

Andrew Dunlap, Esq.
July 17, 2023
Page 3

## II.    Attorney Custodians

SaveOnSP also mischaracterizes our discussion of the three attorneys—Jennifer De Camara, Harman Grossman, and Savaria Harris—who SaveOnSP now seeks to add as custodians.  As stated on our call and as confirmed in our subsequent investigation, all three individuals are employed by the company as attorneys who provide legal advice—not business advice—and therefore none are proper custodians in this matter.  Any relevant documents or communications would be protected by the attorney-client privilege, work product doctrine, or another applicable privilege or protection from disclosure.

For example, during the relevant period, Mr. Grossman served as "Assistant General Counsel, Litigation" at Johnson & Johnson.  In that role, Mr. Grossman managed a portfolio of complex civil and patent litigations involving the Company.  To the extent Mr. Grossman was "involved in revisions of the terms and conditions for Stelara and Tremfya," as disclosed in our January 17, 2022 responses to SaveOnSP's Interrogatories, that involvement was in his role as in-house counsel providing legal advice to JJHCS and his communications are protected by the attorney-client privilege.  *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994) ("[W]hile the attorney's advice may be relevant to the matters in issue," the privilege continues to apply "as the interests it is intended to protect are still served by confidentiality."); *Prestige Management Servs., Inc.*, No. 14-3451, 2017 WL 1084523, at *5 (D.N.J. Mar. 21, 2017) (Salas, J.) (concluding there was no implied waiver of privilege where defendant did not raise any relevant affirmative defense or "selectively produce[] some privileged documents while withholding others").  In addition, given his role as a litigation in-house counsel, many of his communications during the relevant time period are protected by the work product doctrine as well.  *Harrington v. Bergen Cnty.*, 2016 WL 4820625, at *3 (D.N.J. Sept. 13, 2016) (Waldor, J.) ("The work product doctrine is governed by a uniform federal standard set forth in Fed.R.Civ.P. 26(b)(3) and shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003)).

As stated in JJHCS's May 26 letter and our June 23 meet and confer, Savaria Harris and Jennifer De Camara served as attorneys embedded within JJHCS to provide legal advice to the relevant business units.  To the extent Ms. Harris and Ms. De Camera were "involved in revisions of the terms and conditions for Stelara and Tremfya," that involvement was in their role as attorneys providing legal advice to the relevant business units within JJHCS.  As such, their communications are protected by the attorney-client privilege.  *See Rhone-Poulenc Rorer*, 32 F.3d at 864; *Rowe v E.I. duPont de Nemours and Co.*, No. CIV. 06-1810-RMD-AMD, 2008 WL 4514092, at *5 (D.N.J. Sept. 30, 2008) (attorney-client privilege applies when attorneys are acting as lawyers "giving advice with respect to the legal implications of a proposed course of conduct").

14325913

Andrew Dunlap, Esq.
July 17, 2023
Page 4

   In your June 29 letter, SaveOnSP also asked whether these attorneys "were involved in non-privileged business conversations."  June 29, 2023 Ltr. from A. Dunlap to H. Sandick.  We do not know of such communications.  Nothing beyond speculation justifies the unusual step of the collection or production of documents from these attorneys.

**III.**  **Search Terms**

   JJHCS agrees to add the following search strings proposed by SaveOnSP in its June 23 letter, subject to SaveOnSP's agreement that this expansion and the additional search terms discussed will satisfy SaveOnSP's production obligations with respect to these Requests.

- "Care Path" AND "other offer*"

- "Care Path" AND (term* w/3 condition)

- "Care Path" AND T&C

- "Care Path" AND TNC

- CarePath AND "other offer*"

- CarePath AND (term* w/3 condition)

- CarePath AND T&C

- CarePath AND TNC

   As explained in JJHCS's May 26 letter and again during our June 23 meet and confer, *none* of these search strings are likely to produce responsive materials.  Nonetheless, in an effort to resolve the instant dispute, JJHCS will is prepared to employ these search terms and to make an additional production of non-privileged documents responsive to Requests 12 and 13.  In addition, JJHCS encloses an updated hit count for the proposed search terms as Exhibit A to this letter.

   JJHCS declines to add the remaining search strings based on the unduly burdensome number of additional unique documents hitting on these terms for the April 1, 2016 to July 1, 2022 time period, as summarized in Exhibit A.  The ninety search strings requested by SaveOnSP would require JJHCS to review a total of 133,138 unique documents including families.  This is unwarranted given the unlikelihood of identifying any responsive documents that will bear on the issue of the meaning of the CarePath terms and conditions.  We therefore decline to agree to these additional search terms.

14325913

Andrew Dunlap, Esq.
July 17, 2023
Page 5


## IV.    Total Documents Reviewed and Produced

Finally, at no point during our meet and confer did JJHCS "agree[] to provide SaveOnSP with the number of documents that JJHCS has reviewed to date." *See* June 29, 2023 Ltr. from A. Dunlap to H. Sandick.  This is a misstatement, as we only agreed to consider this request.  Having considered the request, JJHCS declines to do provide this information.  As Judge Waldor has made clear as recently as our June 27, 2023 conference, the total number of documents each party has reviewed or produced is "doesn't matter" to her assessment of the merits of discovery disputes.  June 27, 2023 Tr. 96:17-19.


Very truly yours,


Harry Sandick


14325913

**Exhibit A:  Hit Count for Requested Search Terms**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Benefits Investigation*" AND Balversa | 571 | 2,618 |
| "Benefits Investigation*" AND Darzelex | 20 | 50 |
| "Benefits Investigation*" AND Erleada | 2,070 | 8,401 |
| "Benefits Investigation*" AND Faspro | 888 | 4,627 |
| "Benefits Investigation*" AND Imbruvica | 402 | 2,010 |
| "Benefits Investigation*" AND Opsumit | 729 | 3,151 |
| "Benefits Investigation*" AND Precobix | 1 | 2 |
| "Benefits Investigation*" AND Remicade | 5,483 | 24,566 |
| "Benefits Investigation*" AND Rybrevant | 536 | 2,807 |
| "Benefits Investigation*" AND Simponi | 6,376 | 26,504 |
| "Benefits Investigation*" AND Stelara | 9,408 | 36,503 |
| "Benefits Investigation*" AND Symtuza | 1,171 | 3,288 |
| "Benefits Investigation*" AND Tracleer | 332 | 1,750 |
| "Benefits Investigation*" AND Tremfya | 6,472 | 22,469 |
| "Benefits Investigation*" AND Uptravi | 717 | 3,131 |
| "Benefits Investigation*" AND Ventavis | 278 | 1,481 |
| "Benefits Investigation*" AND Zytiga | 2,601 | 13,397 |
| "Care Path" AND "other offer*" | 261 | 1,603 |
| "Care Path" AND (term* w/3 condition) | 40 | 133 |
| "Care Path" AND T&C | 18 | 56 |

[5] These hit counts exclude documents that have already been reviewed in the course of this litigation.

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Care Path" AND TNC | 9 | 23 |
| "free trial*" AND "Care Path" | 410 | 2,237 |
| "free trial*" AND "health plan*" | 1,042 | 4,620 |
| "free trial*" AND "Savings Program" | 3,866 | 10,835 |
| "free trial*" AND accumulat* | 321 | 1,144 |
| "free trial*" AND CarePath | 4,995 | 14,673 |
| "free trial*" AND CP | 2,667 | 5,330 |
| "free trial*" AND insur* | 5,030 | 18,170 |
| "free trial*" AND Jannsen | 156 | 515 |
| "free trial*" AND Jansen | 193 | 539 |
| "free trial*" AND Janssen | 6,512 | 21,339 |
| "free trial*" AND JCP | 2,457 | 7,246 |
| "free trial*" AND maximiz* | 504 | 2,527 |
| "free trial*" AND program | 6,769 | 21,770 |
| "prescription savings card*" AND "Care Path" | 163 | 1,168 |
| "prescription savings card*" AND "health plan*" | 481 | 1,541 |
| "prescription savings card*" AND "Savings Program" | 2,426 | 5,424 |
| "prescription savings card*" AND accumulat* | 48 | 99 |
| "prescription savings card*" AND CarePath | 2,656 | 5,879 |

14325913

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| "prescription savings card*" AND CP | 1,744 | 3,259 |
| "prescription savings card*" AND insur* | 2,762 | 6,335 |
| "prescription savings card*" AND Jannsen | 3 | 16 |
| "prescription savings card*" AND Jansen | 28 | 60 |
| "prescription savings card*" AND Janssen | 2,802 | 6,318 |
| "prescription savings card*" AND JCP | 1,329 | 3,162 |
| "prescription savings card*" AND maximiz* | 98 | 382 |
| "prescription savings card*" AND program | 2,829 | 6,379 |
| "Savings Program" AND "other offer*" | 2,843 | 7,222 |
| "Savings Program" AND (term* w/3 condition) | 201 | 511 |
| "Savings Program" AND T&C | 900 | 1,559 |
| "Savings Program" AND TNC | 41 | 94 |
| CarePath AND "other offer*" | 3,357 | 8,627 |
| CarePath AND (term* w/3 condition) | 218 | 603 |
| CarePath AND T&C | 991 | 1,943 |
| CarePath AND TNC | 60 | 204 |
| coupon* AND "Care Path" | 4,066 | 5,877 |
| coupon* AND "health plan*" | 2,249 | 13,779 |
| coupon* AND "Savings Program" | 9,720 | 23,597 |

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| coupon* AND accumulat* | 1,879 | 7,051 |
| coupon* AND CarePath | 11,079 | 27,666 |
| coupon* AND CP | 7,193 | 12,381 |
| coupon* AND insur* | 11,944 | 38,797 |
| coupon* AND Jannsen | 185 | 1,540 |
| coupon* AND Jansen | 602 | 3,463 |
| coupon* AND Janssen | 16,695 | 46,710 |
| coupon* AND JCP | 6,864 | 13,217 |
| coupon* AND maximiz* | 4,189 | 11,808 |
| coupon* AND program | 18,595 | 50,405 |
| CP AND "other offer*" | 2,027 | 4,080 |
| CP AND (term* w/3 condition) | 200 | 831 |
| CP AND T&C | 468 | 1,072 |
| CP AND TNC | 66 | 143 |
| discount* AND accumulat* | 2,244 | 9,464 |
| discount* AND maximiz* | 4,780 | 22,216 |
| Jannsen AND "other offer*" | 4 | 19 |
| Jannsen AND (term* w/3 condition) | 64 | 345 |
| Jannsen AND T&C | 14 | 62 |
| Jannsen AND TNC | 16 | 34 |
| Jansen AND "other offer*" | 55 | 741 |
| Jansen AND (term* w/3 condition) | 60 | 353 |

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| Jansen AND T&C | 29 | 106 |
| Jansen AND TNC | 28 | 66 |
| Janssen AND "other offer*" | 4,018 | 11,394 |
| Janssen AND (term* w/3 condition) | 765 | 2,591 |
| Janssen AND T&C | 1,757 | 3,663 |
| Janssen AND TNC | 292 | 3,241 |
| JCP AND "other offer*" | 1,627 | 4,677 |
| JCP AND (term* w/3 condition) | 234 | 602 |
| JCP AND T&C | 711 | 1,386 |
| JCP AND TNC | 51 | 127 |

14325913

# Exhibit 23



January 11, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Elizabeth:

We write in response to SaveOnSP's January 5 and January 8, 2024 letters regarding SaveOnSP's Requests on terms and conditions and financials. *See* Dkt. Nos. 146, 150.

## I.    SaveOnSP Has Refused To Obey The Court's November 7 Order

As a threshold matter, it has now been more than two months since November 7, 2023 Order directing SaveOnSP "to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath terms and conditions) and 150 (seeking financial information and data on patient drug adherence)." ECF No. 173 at 1. In open defiance of Judge Waldor's order, SaveOnSP has not complied with that directive. Despite two meet and confers (one in November and one last week) and our January 5, 2024 email with hit reports justifying the continued burden of SaveOnSP's proposals, SaveOnSP has yet to budge an inch on its demanded search strings—instead insisting that it is incumbent on JJHCS to provide more information so that SaveOnSP can "***consider*** further narrowing [its] search terms." Jan. 8, 2024 Ltr. from E. Snow to J. Long at 1 (emphasis added).

This turns the Court's November 7, 2023 Order on its head. It is SaveOnSP—not JJHCS—that is subject to a Court directive to "***narrow the scope of its requests***." ECF No. 173 at 1 (emphasis added).[1] The Court did not suggest that SaveOnSP "consider" such narrowing—

---

[1] Indeed, in advance of the written order, Judge Waldor made clear at the October 30, 2023 conference that SaveOnSP ignored prior instructions from March 2023 "to review and modify [its requests related to terms and conditions] so that [SaveOnSP] [wasn't] asking for everything in the world." Oct. 30, 2023 Tr. at 43:2-5.

Elizabeth H. Snow, Esq.
January 11, 2024
Page 2

the Court ordered it. The consequence of SaveOnSP's actions should be the denial of SaveOnSP's motions to compel.

We respond to your specific contentions below.

## II.     Terms and Conditions

In your January 8, 2024 letter, you acknowledge that we provided hit reports concerning the terms and conditions search strings following our meet and confer. To be clear, our January 5, 2024 hit reports are in the form that SaveOnSP requested, differentiating between an "apples to apples" comparison of the original custodians and date range at issue, and with the CAP custodians and date range at issue in light of the Court's November 7 Order.

As noted in those hit reports, the aggregate totals for each proposal reflect only the additional number of documents required by SaveOnSP's proposal (i.e., the reports exclude documents already under review, including for the discovery refresh) for the 86 strings that SaveOnSP proposed. Those terms yield 286,222 additional documents (inclusive of families) for the time period April 1, 2016 to November 7, 2023 across all JJHCS and CAP custodians and 169,898 documents (inclusive of families), for JJHCS's original time period and custodians. *See* Jan. 5, 2024 Email from J. Long to E. Snow.

You next ask that we provide hit counts for the same terms, now condensed back into the form in which they appeared in your August 2023 motion before Judge Waldor. This fundamentally misunderstands search term construction: whether expanded into 86 short terms or three complex terms, SaveOnSP's proposal results in the same burden on JJHCS—and reflects little to no narrowing since August. Indeed, two of these search strings (in red below), which yield the vast majority of the documents, are identical from SaveOnSP's August moving papers. We told you this in our meet-and-confer call on January 4, 2024, and we repeat it again here. These strings would result in the additional review of 169,898 documents (inclusive of families), for JJHCS's original time period and custodians.[2]

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer")

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program)

- "Benefits Investigation*" AND (Stelara OR Tremfya)

---

[2] *See* Exhibits A and B for a full hit report for these terms.

Elizabeth H. Snow, Esq.
January 11, 2024
Page 3

       SaveOnSP's continued insistence that JJHCS must produce a narrative discussion of CarePath predecessor programs is transparently part of SaveOnSP's strategy to evade the Court's unambiguous directive.  It is SaveOnSP—not JJHCS—that must narrow its requests, including temporally.  Instead, SaveOnSP continues to insist that JJHCS review documents from as long as 14 years ago—or even longer—despite the Court's Order.  As we advised over the course of several letters, discovery letters to counsel are not a proper substitute for the discovery tools provided for in the Federal Rules.  SaveOnSP is welcome to serve one or more interrogatories on this topic if it wishes.  As to the availability of documents prior to 2013, you misstate our discussion.  As stated in our joint letter, "JJHCS is not [] able to make a production of documents from a time period earlier than 2013 due to applicable preservation and/or retention capabilities."  Dkt. No. 146 at 22.

       On the issue of attorney custodians, you again misstate our discussion.  During the meet and confer, you asked whether we would reconsider our position that Savaria Harris and Jennifer De Camara acted as lawyers—by referencing documents that purportedly suggest they acted as business advisors.  We responded that the documents SaveOnSP were entirely consistent with our representation that "Ms. De Camara and Ms. Harris are in-house attorneys embedded within JJHCS to provide legal advice to the relevant business units."  Dkt. No. 146 at 27.  But here, too, SaveOnSP's focus is meant to shift the burden.  Rather than narrow its demands, SaveOnSP simply digs in and disobeys the Court's order.  Even on the issue of adding attorney custodians, SaveOnSP has failed in any way to narrow its invasive and burdensome requests from August.  To be clear, JJHCS maintains its objection to this discovery for the reasons stated in its portion of the August letter.  *See id.*

       Finally, on the issue of benefits investigations, you asked whether we would run the term "Benefits Investigation*" AND (Stelara OR Tremfya).  For the reasons discussed during the January 4 meet and confer, including SaveOnSP's failure to narrow its request, JJHCS declines to do so.

## III.   Financial-Related Documents

       In your January 8 letter, you ask for a hit report on the financial search terms in the form already provided by JJHCS on January 5, which is the same form that JJHCS has provided for every hit report requested by SaveOnSP for several months.  The proposed search strings for the financials requests, as detailed in SaveOnSP's December 26 letter, would result in the review of 345,168 additional documents (inclusive of families) across JJHCS's existing custodians and newly added CAP custodians for the time period April 1, 2016 to November 7, 2023.  *See* Jan. 5, 2024 Email from J. Long to E. Snow.  This provides further evidence that SaveOnSP has failed to honor the Court's Order to narrow these document requests.[3]

_____

[3] SaveOnSP argues that it need only narrow its search strings—not document requests—because it reads the term "requests" in the November 7 Order to only "refer to SaveOn's requests for relief."  Dec. 26, 2023

Elizabeth H. Snow, Esq.
January 11, 2024
Page 4

In your January 8 letter, you ask for the first time that JJHCS run "the hits generated by each individual search term (as presented on Exhibit 4)." Jan. 8, 2024 Ltr. from E. Snow to J. Long at 2. You fail to identify, however, how these terms have been narrowed since our January 5 email, stating that SaveOnSP's current search term proposal would require JJHCS to review almost 350,000 documents. It appears this omission was intentional. Upon further investigation and review, it appears that SaveOnSP has yet again failed to propose any narrowing, and instead asks for JJHCS to provide a disaggregated construction of the same search strings for SaveOnSP's perusal. Again, this is improper and in violation of the Court's two-month-old directive. SaveOnSP must comply with the Court's admonition to narrow these requests.

Nevertheless, in the interest of a future productive discussion, enclosed as Exhibit C is a hit report as requested. Consistent with our January 5, 2024 hit reports, these strings would result in the additional review of approximately 350,000 documents (inclusive of families), for the time period April 1, 2016 to November 7, 2023 across all JJHCS and CAP custodians.[4]

Very truly yours,

*/s/ Julia Long*
Julia Long

---

Ltr. from E. Snow to J. Long at 1. SaveOnSP's argument rests on an incorrect reading of the plain language of the November 7 Order. This nonsensical interpretation is made ever more clear in the context of SaveOnSP's financial requests. As SaveOnSP well knows, no search terms related to its financials requests were even at issue in its prior motion to compel. *See* Dkt. No. 150. The Court's directive therefore must refer to the document requests themselves—which SaveOnSP openly admits have not been narrowed. The sole exception is SaveOnSP's RFP No. 30, which SaveOnSP "narrowed" to seek ten years of pricing data rather than fourteen, as originally requested.

[4] *See* Exhibit C for a full hit report for these terms.

**Exhibit A:  Hit Count for Requested Search Terms on Terms and Conditions for
All Custodians and Current Time Period[1]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") | 10,123 | 25,459 |
| (coupon* OR discount* OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program) | 95,132 | 247,790 |
| "Benefits Investigation*" AND (Stelara OR Tremfya) | 12,978 | 48,714 |

---

[1] The terms requested in SaveOnSP's January 8, 2024 proposal would result in the review of 289,725 additional documents (inclusive of families) across JJHCS's existing custodians and newly added CAP custodians for the time period April 1, 2016 to November 7, 2023.

1

**Exhibit B: Hit Count for Requested Search Terms on Terms and Conditions for Original Custodians and Original Time Period[2]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") | 6,174 | 15,401 |
| (coupon* OR discount* OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program) | 48,913 | 138,950 |
| "Benefits Investigation*" AND (Stelara OR Tremfya) | 10,426 | 38,366 |

---

[2] The terms requested in SaveOnSP's January 8, 2024 proposal would result in the review of 169,898 additional documents (inclusive of families) for JJHCS's original custodians for the time period April 1, 2016 to July 1, 2022.

2

**Exhibit C:  Hit Count for Requested Search Terms on Financials for
All Custodians and Current Time Period[3]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| ($20,000 w/10 set*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 313 | 1,058 |
| ($20,000 w/10 chang*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 271 | 646 |
| ($20,000 w/10 determin*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 19 | 67 |
| ($20,000 w/10 adjust*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 49 | 148 |
| ($20,000 w/10 increas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 288 | 1,887 |

---

[3] The terms requested in SaveOnSP's January 8, 2024 proposal would result in the review of 348,725 additional documents (inclusive of families) across JJHCS's existing custodians and newly added CAP custodians for the time period April 1, 2016 to November 7, 2023.

3

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| ($20,000 w/10 decreas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 55 | 69 |
| (20k w/10 set*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 23 | 59 |
| (20k w/10 chang*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 69 | 252 |
| (20k w/10 determin*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 0 | 0 |
| (20k w/10 adjust*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 33 | 120 |
| (20k w/10 increas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 141 | 793 |

14800360

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| (20k w/10 decreas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 11 | 39 |
| ($6,000 w/10 set*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 51 | 231 |
| ($6,000 w/10 chang*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 338 | 1,369 |
| ($6,000 w/10 determin*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 18 | 33 |
| ($6,000 w/10 adjust*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 44 | 130 |
| ($6,000 w/10 increas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 95 | 252 |

5

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| ($6,000 w/10 decreas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 30 | 90 |
| (6k w/10 set*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 30 | 36 |
| (6k w/10 chang*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 40 | 268 |
| (6k w/10 determin*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 0 | 0 |
| (6k w/10 adjust*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 6 | 49 |
| (6k w/10 increas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 29 | 176 |

14800360

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| (6k w/10 decreas*) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 4 | 8 |
| (rebate* w/3 program*) w/10 CarePath | 6,981 | 19,669 |
| (rebate* w/3 program*) w/10 Carpath | 0 | 0 |
| (rebate* w/3 program*) w/10 Carepth | 0 | 0 |
| (rebate* w/3 program*) w/10 CP | 3,542 | 6,321 |
| (rebate* w/3 program*) w/10 WithMe | 429 | 864 |
| (market* w/3 program*) w/10 CarePath | 499 | 2,723 |
| (market* w/3 program*) w/10 Carpath | 0 | 0 |
| (market* w/3 program*) w/10 Carepth | 0 | 0 |
| (market* w/3 program*) w/10 CP | 217 | 463 |
| (market* w/3 program*) w/10 WithMe | 28 | 100 |
| increase* AND cost* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 52,219 | 221,485 |
| increase* AND price* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 26,272 | 107,672 |
| decreas* AND cost* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR | 14,507 | 110,505 |

7

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | | |
| decreas* AND price* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 7,431 | 56,256 |
| rais* AND cost* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 12,140 | 57,056 |
| rais* AND price* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 7,166 | 38,302 |
| lower* AND cost* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 27,569 | 150,204 |
| lower* AND price* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 15,507 | 82,149 |
| lose* w/10 CarePath | 243 | 3,165 |
| lose* w/10 Carpath | 0 | 0 |

8

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| lose* w/10 Carepth | 0 | 0 |
| lose* w/10 CP | 20 | 26 |
| lose* w/10 WithMe | 2 | 2 |
| loss* w/10 CarePath | 278 | 803 |
| loss* w/10 Carpath | 0 | 0 |
| loss* w/10 Carepth | 0 | 0 |
| loss* w/10 CP | 58 | 182 |
| loss* w/10 WithMe | 10 | 21 |
| (return w/4 investment) w/10 CarePath | 55 | 160 |
| (return w/4 investment) w/10 Carpath | 0 | 0 |
| (return w/4 investment) w/10 Carepth | 0 | 0 |
| (return w/4 investment) w/10 CP | 0 | 0 |
| (return w/4 investment) w/10 WithMe | 0 | 0 |
| ROI w/10 CarePath | 74 | 200 |
| ROI w/10 Carpath | 0 | 0 |
| ROI w/10 Carepth | 0 | 0 |
| ROI w/10 CP | 1 | 3 |
| ROI w/10 WithMe | 0 | 0 |
| (negative w/5 impact) w/10 CarePath | 65 | 238 |
| (negative w/5 impact) w/10 Carpath | 0 | 0 |
| (negative w/5 impact) w/10 Carepth | 0 | 0 |
| (negative w/5 impact) w/10 CP | 0 | 0 |

9

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| (negative w/5 impact) w/10 WithMe | 67 | 582 |
| (gross w/5 impact) w/10 CarePath | 0 | 0 |
| (gross w/5 impact) w/10 Carpath | 0 | 0 |
| (gross w/5 impact) w/10 Carepth | 0 | 0 |
| (gross w/5 impact) w/10 CP | 0 | 0 |
| (gross w/5 impact) w/10 WithMe | 0 | 0 |
| (net w/5 impact) w/10 CarePath | 10 | 48 |
| (net w/5 impact) w/10 Carpath | 0 | 0 |
| (net w/5 impact) w/10 Carepth | 0 | 0 |
| (net w/5 impact) w/10 CP | 39 | 74 |
| (net w/5 impact) w/10 WithMe | 0 | 0 |
| (GTN w/5 impact) w/10 CarePath | 1 | 2 |
| (GTN w/5 impact) w/10 Carpath | 0 | 0 |
| (GTN w/5 impact) w/10 Carepth | 0 | 0 |
| (GTN w/5 impact) w/10 CP | 0 | 0 |
| (GTN w/5 impact) w/10 WithMe | 7 | 31 |
| Adher* AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | 41,914 | 161,939 |
| Adher* w/10 CarePath | 2,631 | 10,742 |
| Adher* w/10 (care w/2 path) | 445 | 1,401 |

10

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| Adher* w/10 Carpath | 0 | 0 |
| Adher* w/10 Carepth | 0 | 0 |
| Adher* w/10 CP | 453 | 1,801 |
| Adher* w/10 WithMe | 233 | 705 |
| Budget* w/10 CarePath | 9,512 | 17,859 |
| Budget* w/10 (care w/2 path) | 75 | 131 |
| Budget* w/10 Carpath | 0 | 0 |
| Budget* w/10 Carepth | 1 | 1 |
| Budget* w/10 CP | 401 | 866 |
| Budget* w/10 WithMe | 628 | 945 |
| Budget* w/10 (with w/2 me) | 936 | 1,370 |

11

# Exhibit 24

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 21, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:     *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to your February 8, 2024 letter and to follow up about
the February 12, 2024 meet-and-confer regarding J&J's search for and production
of documents regarding the drafting, meaning and enforcement of CarePath's General T&Cs.[1]

## I.     Drafting of the General T&Cs

During the meet-and-confer, J&J identified the two attorneys that it told
the Court might have relevant documents regarding the drafting of the General
T&Cs: Kimberly Wortman and Kathy Chapman. You also indicated that there
might be an attorney who participated in the drafting of the General T&Cs. Please
identify that attorney and run the below search term over their custodial files:

- (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Re-
bate Program" OR "Access Program" OR Darzalex OR Imbruvica
OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer
OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condi-

---

[1] We use the term "General T&Cs" as it was used in Dkt. 146: T&Cs that applied to
all 18 Janssen Drugs at issue through December 2021 and still apply to 16 of those
drugs (all except Stelara and Tremfya).

tion) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*")

You also stated that there were likely to be more than those three people who participated in the drafting. Please identify all individuals involved in the drafting of the "other offer" provision of the General T&Cs and state whether J&J has preserved each of their custodial files (and, if not, please explain the time and circumstances of the files' destruction). For all such individuals for whom J&J has preserved custodial files, please run the above search term over those files.

If J&J refuses to use the proposed search terms on the basis of burden, please provide hit counts for the full term and broken down by individual search strings for each custodian and proposed custodian.

It also caused us some concern that you appeared confused as to the meaning of "noncustodial files," as J&J has agreed to search noncustodial files in response to numerous of SaveOn's RFPs. For the avoidance of doubt, and as is standard in large commercial litigations, the term "noncustodial files" refers to sources not within the possession of a single custodian, such as network drives, SharePoint, and databases. Please state if J&J is searching and producing documents from noncustodial files regarding the drafting of the General T&Cs.

Finally, as you have already stated to the Court that at least some files regarding the drafting of the General T&Cs have not been preserved, Dkt. 146 at 22 & Ex. 5 at 1-2, in accordance with the Court's order, Dkt. 192 at 11, please produce the relevant document retention policies.

## II.    Meaning of the General T&Cs

In your letter, you assert that SaveOn's request for "documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn" is already encompassed by SaveOn's Request No. 8, which called for "[a]ll documents or communications with or involving SaveOn." Feb. 8 Ltr. from J. Long to E. Snow. Not so. Documents concerning J&J's understanding of the meaning of the General T&Cs may ***include*** documents relating to SaveOn but are not ***limited*** to such documents. Please confirm that J&J will search for and produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including but not limited to how and when that understanding came to encompass SaveOn.

## III.    Enforcement of the General T&Cs

Judge Wolfson found "that documents related to the enforcement of T&Cs of CarePath, including 'other offer' are relevant." Dkt. 192 at 12. She also found that J&J must "search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the

provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'" *Id.* at 13.

J&J says it will produce documents reflecting its enforcement instructions and policies but does not state the time period for which it will do so. Please confirm that J&J will produce such documents for the full discovery period of April 1, 2016 through November 7, 2023.

J&J also says that it will not produce "documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn." Feb. 8 Ltr. at 3. J&J claims such a production "runs contrary to Judge Wolfson's ruling that these documents concerning individual enforcement would be too burdensome to produce." *Id.* Not so. Judge Wolfson wrote only that "it would be burdensome to search and produce records of *each individual patient's call history*," Dkt. 192 at 13 (emphasis added), in the context of searching for documents related to the enforcement of all eligibility provisions in the General T&Cs. SaveOn does not seek those records. SaveOn seeks specific records related to the enforcement of the "other offer" provision, the relevance of which J&J itself has repeatedly conceded, most recently at the January 24, 2024 conference.[2]  Please confirm that J&J will produce these documents.

During the meet-and-confer, J&J stated that it refused to run search terms including "PrudentRx" or "OptumRx." As SaveOn explained, newly produced documents reveal that J&J—through its vendor TrialCard—conducted Benefits Investigations to enforce its terms and conditions against PrudentRx and OptumRx. If J&J decided that patients on SaveOn-advised plans violated the "other offer" provision, but decided that patients on PrudentRx or OptumRx-advised plans did not, that would be highly relevant to J&J's understanding of the General T&Cs.[3]  Such

---

[2] *See, e.g.*, Jan. 24, 2024 Tr. at 28:22-29:2 (counsel for J&J arguing that certain documents were not relevant because "they don't touch on the application of the 'other offer' term, they don't touch on how that's applied in the context of a so-called maximizer or accumulator program like SaveOn."); *id.* at 35:18-20 ("JUDGE WOLFSON: They've already conceded, however, that SaveOn doesn't fall within any of those terms, they only fall within the 'other offer.'"); *see also* Dkt. 79 at 24 (agreeing to produce documents "bearing on the meaning of the 'other offer' provision at issue in this case").

[3] You suggest that J&J's refusal to search for documents regarding its enforcement of the "other offer" provision against PrudentRx and OptumRx is similar to SaveOn's refusal to search for documents regarding services exclusively as to drug manufacturers other than J&J. This is not so. Judge Waldor rejected J&J's requests regarding other manufacturers because SaveOn's conduct as to those

documents would also fall squarely within J&J's enforcement instructions and policies, which Judge Wolfson ordered J&J to produce. Dkt. 192 at 12.

Please confirm that J&J will run the following search terms, which SaveOn has narrowed, over the relevant custodians[4] for April 1, 2016 through November 7, 2023:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (maximiz* OR accumulat*)

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc*" OR "*eligib*" OR "ineligib*")

- "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx")

If J&J objects on the basis of burden, please provide hit counts, both by individual search term and in the aggregate, for each custodian.

## IV.   Stelara and Tremfya Terms and Conditions

Judge Wolfson ordered J&J to provide discovery regarding "why Plaintiff decided to amend the terms in 2022, when it knew of the SaveOnSp Program since 2017." Dkt. 192 at 14. In order to capture such documents, SaveOn proposes the following search term to be run over custodians Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy from January 1, 2021 to November 7, 2023:

---

other manufacturers is not at issue. Dkt. 89 at 16:25. J&J's enforcement (or non-enforcement) of the "other offer" provision is at issue, in contrast, because it goes to J&J's understanding of that provision.

[4] SaveOn considers the relevant custodians to include Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh. SaveOn asks that J&J advise if any additional custodians are likely to possess relevant documents regarding the enforcement of the General T&Cs.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

J&J stated it will add Debbie Kenworthy "to capture documents related to the Stelara and Tremfya terms and conditions between approximately June 2023, when Ms. Kenworthy started her new role and first became responsible for these discussions, and November 7, 2023." Feb. 8, 2024 Ltr. at 4. In addition to using the term proposed above, please run these additional terms for Kenworthy's documents from June 1, 2023 to November 7, 2023:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*).

If J&J objects on the basis of burden, please provide hit counts, both by individual search term and in the aggregate, for each custodian.

Finally, SaveOn again asks that J&J confirm that it will produce all documents identified by its search parameters regarding the enforcement of the Stelara and Tremfya Terms and Conditions from April 1, 2016 until November 7, 2023. If J&J refuses to do so, please explain its basis for withholding those documents.

We ask for a response by February 28, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 25



www.pbwt.com

March 16, 2023

Harry Sandick
(212) 336-2723
hsandick@pbwt.com

**VIA EMAIL**

Andrew Dunlap, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
adunlap@selendygay.com

> Re:    **JJHCS's Proposed Search Methodology**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> No. 22 Civ. 2632 (ES) (CLW)

Dear Andrew:

We write in response to your March 7, 2023 letter regarding JJHCS's proposed custodians and search methodology for its production of documents in response to SaveOnSP's Requests for Production.

## I.    JJHCS's Proposed Custodians

JJHCS designated 11 custodians.  SaveOnSP requests that JJHCS add an additional 23 custodians.

JJHCS agrees to add Lynn Hall, John King, Adrienne Minecci, Heather Schoenly, Carol Scholz as additional custodians.

JJHCS declines to add Jennifer De Camara, Harman Grossman, and Savaria Harris as custodians.  All three individuals are attorneys and are not proper custodians in this matter, as any relevant documents or communications would be protected by the attorney-client privilege, work product doctrine, or another applicable privilege or protection from disclosure.

JJHCS declines to add Laura Bohorquez Perez as a custodian.  Based on its investigation to date, JJHCS has no reason to believe that Ms. Perez would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Katie Mazuk, to whom Ms. Perez reported.  In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources.  Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

Andrew Dunlap, Esq.
March 16, 2023
Page 2

JJHCS declines to add Chad Bower as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Mr. Bower would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John King, to whom Mr. Bower reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources. Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Rhonda Burden as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. Burden would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John Paul Franz, to whom Ms. Burden reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources. Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Stacy Cashman as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. Cashman would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Katie Mazuk and John King, to whom Ms. Cashman reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources. Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Diane DeLoria as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. DeLoria would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John King, to whom Ms. DeLoria reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources. Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Jeffrey Doherty as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Mr. Doherty would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John King, to whom Mr. Doherty reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period

Andrew Dunlap, Esq.
March 16, 2023
Page 3

can be produced from non-custodial sources.  Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Gina Giordano as a custodian.  Based on its investigation to date, JJHCS has no reason to believe that Ms. Giordano would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John King, to whom Ms. Giordano reported.  In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources.  Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Stephanie Hoch as a custodian.  JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.  Further, to the extent JJHCS does produce documents or communications related to the marketing of CarePath, any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Adrienne Minecci, to whom Ms. Hoch reported.

JJHCS declines to add Brad Katz as a custodian.  Documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources.  Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath, and to the extent JJHCS does produce documents or communications related to the marketing of CarePath, any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Adrienne Minecci, to whom Mr. Katz reported.

JJHCS declines to add Quinton Kinne as a custodian.  Documents or communications relating to Mr. Kinne's work with counsel would be protected by the attorney-client privilege, work product doctrine, or another applicable privilege or protection from disclosure.  Further, any relevant documents or communications not covered by such privileges or protections will be captured by other custodians from whom JJHCS has agreed to produce documents, including John Paul Franz, to whom Mr. Kinne reported.

JJHCS declines to add Renee Shiota as a custodian.  Based on its investigation to date, JJHCS has no reason to believe that Ms. Shiota would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John King, to whom Ms. Shiota reported.  In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources.  Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

Andrew Dunlap, Esq.
March 16, 2023
Page 4

JJHCS declines to add Maura Snyder as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Ms. Snyder would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Katie Mazuk, to whom Ms. Snyder reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources. Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Jeff Vernice as a custodian. Based on its investigation to date, JJHCS has no reason to believe that Mr. Vernice would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program, and any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Hattie McKelvey and John King, to whom Mr. Vernice reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time period can be produced from non-custodial sources. Further, JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath.

JJHCS declines to add Leigh Wyszkowski as a custodian. Any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including John Paul Franz, to whom Ms. Wyszkowski reported. In addition, documents sufficient to show CarePath's budget and costs for the relevant time.

JJHCS declines to add Daniel Xavier as a custodian. JJHCS has not agreed or otherwise been ordered to produce documents or communications related to the marketing of CarePath. Further, to the extent JJHCS does produce documents or communications related to the marketing of CarePath, any relevant documents or communications will be captured by other custodians from whom JJHCS has agreed to produce documents, including Adrienne Minecci, to whom Mr. Xavier reported.

## II.    JJHCS's Proposed Search Terms

SaveOnSP has proposed several revisions and additions to JJHCS's search terms. JJHCS is willing to make the following additions, shown in redline, to the search terms proposed in JJHCS's February 6 letter for the January 1, 2017 to July 1, 2022 time period:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

Andrew Dunlap, Esq.
March 16, 2023
Page 5

JJHCS also agrees to run the following search term requested by SaveOnSP for the January 1, 2017 to July 1, 2022 time period:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

The remainder of SaveOnSP's proposed revisions and additions to JJHCS's search terms are inappropriate. SaveOnSP requests a date range of January 1, 2009 to July 1, 2022 for most of its terms, but JJHCS has not agreed to produce documents for that time period, nor has it been ordered to do so. Further, SaveOnSP has not identified which RFPs it is targeting with its proposed terms, but the remainder of SaveOnSP's proposed terms appear to be aimed at capturing categories of documents that JJHCS has not agreed to or otherwise been ordered to produce, including documents relating to CarePath's marketing and Janssen drug prices.

## III.    JJHCS's Proposed Document Sources

SaveOnSP objects to JJHCS's use of exclusively non-custodial sources for RFP Nos. 12 and 13. In its February 17 letter, JJHCS agreed to produce "internal documents and communications relating to the drafting of CarePath's terms and conditions during the relevant time period of January 1, 2017 to July 1, 2022, to the extent such non-privileged documents exist and can be identified after a reasonable search." Feb. 17 Ltr. at 2. Further, in its February 24 letter, JJHCS agreed to "conduct a reasonable search for non-privileged documents and communications during the relevant time period of January 1, 2017 to July 1, 2022 bearing on the meaning of the 'other offer' provision at issue in this case." Feb. 23 Ltr. at 2. Accordingly, JJHCS agrees to run the following two search terms for the January 1, 2017 to July 1, 2022 time period:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

SaveOnSP also objects to JJHCS's use of exclusively non-custodial sources for RFP No. 27. SaveOnSP requests "all Documents and Communications regarding the 'internal JJHCS data' discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn." RFP No. 27. JJHCS, however, agreed to produce only "the data that formed the basis for the allegations in Complaint ¶¶ 92-100." R&O to RFP No. 27. Production of that data can be accomplished via non-custodial sources. Therefore, JJHCS will not produce documents from custodial sources for RFP No. 27.

Further, SaveOnSP objects to JJHCS's use of exclusively non-custodial sources for RFP No. 29. SaveOnSP requests "[f]rom January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding" a variety of categories relating to CarePath's budget and revenues generated by Janssen drugs. RFP No. 29. JJHCS, however, agreed to produce only "non-privileged documents in its possession for the relevant Time Period

Andrew Dunlap, Esq.
March 16, 2023
Page 6

sufficient to show (1) how JJHCS determines the amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath, (2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected annual costs for CarePath, to the extent such documents exist and can be located after a reasonable search." R&O to RFP No. 29. Production of those documents can be accomplished via non-custodial sources. Therefore, JJHCS will not produce documents from custodial sources for RFP No. 29.

       Finally, SaveOnSP objects to "JJHCS's apparent refusal to search any sources in response to RFPs not listed on its Appendix A" and states that it "understand[s] that JJHCS's apparent refusal to conduct these searches is based on its objections to SaveOnSP's RFPs, and that it will modify Appendix A to reflect agreements reached by the parties or orders issued by the Court." To the extent JJHCS agrees or is otherwise ordered to produce additional documents, it will update its Appendix A. To that end, Appendix A attached includes updates to reflect the agreements that JJHCS has made to date.

*  *  *

Best regards,

Harry Sandick



**Appendix A**

| Req # | Custodial or Non-Custodial |
|---|---|
| 1 | Non-custodial |
| 4 | Non-custodial |
| 5 | Non-custodial |
| 8 | Custodial & non-custodial |
| 12 | Custodial & non-custodial |
| 13 | Custodial & non-custodial |
| 14 | Custodial |
| 20 | Custodial & non-custodial |
| 25 | Custodial & non-custodial |
| 27 | Non-custodial |
| 28 | Non-custodial |
| 29 | Non-custodial |
| 31 | Custodial |
| 35 | Non-custodial |
| 36 | Non-custodial |
| 42 | Custodial |
| 45 | Non-custodial |

# Exhibit 26



December 22, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Elizabeth Snow, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
> **2:23-cv-02632 (ES) (CLW)**

Dear Elizabeth:

   We write in response to your December 15, 2023 letter concerning our November 27, 2023 meet and confer, and further to our November 28 letter on the same topic.

**I.  SaveOnSP's Requests as to Terms & Conditions and Financial Information**

   In its December 15, 2023 letter, SaveOnSP asserts that "[n]othing in the Court's Order required SaveOnSP to further limit its request [on terms and conditions] as JJHCS suggests." Dec. 15, 2023 Letter from E. Snow to J. Long at 2.  This assertion is refuted by the plain text of the Court's Order and Judge Waldor's direction at the October 30, 2023 conference.  The Court's November 7, 2023 Order admonished SaveOnSP "to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath terms and conditions) and 150 (seeking financial information and data on patient drug adherence)."  ECF No. 173 at 1.  Indeed, at the conference, Judge Waldor made clear that SaveOnSP ignored prior instructions from March 2023 "to review and modify [its requests related to terms and conditions] so that [SaveOnSP] [wasn't] asking for everything in the world."  Oct. 30, 2023 Tr. at 43:2-5.

   As you know, Judge Wolfson has directed SaveOnSP to provide JJHCS with narrowed requests as to both the terms and conditions and the financial information by Tuesday, December 26.  In our call with Judge Wolfson, we were surprised to hear SaveOnSP assert that such a letter already was sent to JJHCS.  The letter to which SaveOnSP appeared to refer during our call with Judge Wolfson did not narrow SaveOnSP's requests with respect to the terms and conditions requests, or even mention the financial information requests.  In any event, JJHCS will promptly review SaveOnSP's narrowed requests when they are received.  Please provide your availability to meet and confer so that the parties can discuss any remaining issues in advance of the January 24 conference before Judge Wolfson.

Elizabeth Snow, Esq.
December 22, 2023
Page 2

## II.    CAP Custodians

As you know, Judge Waldor's November 7 Order resolved SaveOnSP's motion requesting the addition of "CAP" custodians, i.e., individuals that SaveOnSP claimed were relevant due to their purported involvement in the CAP program. Pursuant to that Order, Judge Waldor directed JJHCS to add six of the seven "CAP" custodians and further directed the parties to "meet and confer regarding the *identities* of the additional custodians and *to work out any necessary logistics*." ECF No. 173 at 2 (emphasis added). Judge Waldor further directed the parties to fashion "a search designed to capture documents wherein the terms 'CAP A', 'CAP M', or 'adjustment program' (or reasonable variations of those terms) are found in the same documents as the term 'SaveOn' (or reasonable variations / abbreviations)." ECF. No. 173 at 2-3.

JJHCS has complied with that order. *First*, following the November 27, 2023 meet and confer, JJHCS accepted SaveOnSP's proposal that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians. *See* Nov. 28, 2023 Letter from J. Long to M. Nelson at 2. *Second*, JJHCS also proposed two search strings for those custodians designed to conform specifically to the text of the November 7 Order and to capture documents related to the CAP program:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

Despite JJHCS's strict compliance with Judge Waldor's instruction, SaveOnSP now claims that "only using the two search strings listed [above]" would purportedly "violate the Court's Order." Dec. 15, 2023 Letter from E. Snow to J. Long at 1. Apparently dissatisfied with the ruling and refusing to follow it, SaveOnSP even suggests that the "[t]he Court granted SaveOnSP's motion as to the six CAP custodians "without limitation as to time periods or search terms." Dec. 15, 2023 Letter from E. Snow to J. Long at 1-2. This argument has no support in the text of Judge Waldor's Order, and JJHCS declines to accept it. Indeed, SaveOnSP's own motion to compel the addition of these custodians concedes that JJHCS's CAP program was not created until "in or around 2021." ECF No. 165 at 7. SaveOnSP cites to no authority in support of its characterization of Judge Waldor's order, because no such support exists. Contrary to SaveOnSP's insistence, the November 7 Order only requires the parties to "work out any necessary logistics" concerning the additional custodians. ECF No. 173 at 2. JJHCS remains available to do so.

## III.    Document Refresh

JJHCS is fully complying with the Court's November 7 Order that calls for a "update" of "discovery responses (including productions), *without limitation*, through the date of this Order[.]" ECF No. 173 at 3 (emphasis in original). JJHCS already has begun to update its collection and review of documents—from both custodial and noncustodial sources—through November 7, 2023 using the parties' agreed-upon search parameters. JJHCS intends to

Elizabeth Snow, Esq.
December 22, 2023
Page 3

substantially complete its production of these documents by the end of January 2024.  Consistent with Judge Waldor's order and Judge Wolfson's further instruction at the December 21 conference, JJHCS also intends to supplement its Interrogatory responses.  JJHCS will do so by the end of January 2024, as Judge Wolfson proposed, subject to SaveOnSP's confirmation that it will do the same.  Please confirm.

We also address below several specific aspects of the "refresh" portion of Judge Waldor's order.

### A.    JJHCS Search Terms and Noncustodial Collections

In its December 15, 2023 letter, SaveOnSP requests confirmation that JJHCS will run "at a minimum" the search terms listed in Exhibit 1 to that letter.  As outlined below, SaveOnSP's exhibit contains at least three errors.  A corrected list of search terms that JJHCS has agreed to run appears in **Appendix 1** to this letter.

*First*, SaveOnSP's Exhibit 1 implies that JJHCS agreed to add Silas Martin as a full custodian.  This is incorrect.  As JJHCS has twice clarified, JJHCS ran specific search terms over Silas Martin's documents to satisfy its discovery obligations as to RFP No. 20.  *See* Sept. 6, 2023 Letter from E. Shane to E. Snow at 2; Sept. 11, 2023 Letter from J. Long to E. Snow at 8.  As part of JJHCS's ongoing refresh, JJHCS will re-run those Martin-specific search terms from July 2, 2022 to November 7, 2023.  *See* Appendix 1.

*Second*, SaveOnSP's Exhibit 1 also incorrectly suggests that JJHCS agreed to run three Silas Martin-specific search terms over all custodians.[1]  As outlined in the same September 6, 2023 letter, JJHCS agreed to run the following terms "over Silas Martin's custodial data, to satisfy its discovery obligations as to RFP No. 20."  At no point did JJHCS agree to run these terms over other existing JJHCS custodians, and we will not do so.

*Third*, as noted above, SaveOnSP's Exhibit 1 ignores the Court's November 7 Order with respect to the "CAP" search terms.  Prior to the October 30 conference, in an effort to avoid motions practice on the issue, JJHCS agreed to run the search string "CAPa" OR "CAPm"

---

[1] The three terms are as follows:

- (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity)

- (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*)

- (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

Elizabeth Snow, Esq.
December 22, 2023
Page 4

or "adjustment program," without a SaveOnSP limitation, as to the then-existing custodians for the time period April 1, 2016 to July 1, 2022.  *See* ECF No. 166 at 8.  SaveOnSP then moved to compel JJHCS to "review documents from July 1, 2022 through October 30, 2023 hit by the search 'CAPm' OR 'CAPa' OR 'adjustment program.'"  *Id.* at 5.  As you know, the Court denied this request and instead directed JJHCS to review documents wherein the terms "CAPa" OR "CAPm" or "adjustment program" "***are found in the same documents as the term 'SaveOn' (or reasonable variations / abbreviations)***."  ECF No. 173 at 2-3 (emphasis added).

In light of the Court's Order, we will run the two search terms as set forth above in bullets in Section II, for the period January 1, 2022 through November 7, 2023, for both the new "CAP" custodians and previously agreed-upon JJHCS custodians.[2]  A complete list of the search terms that JJHCS has agreed to run appears in Appendix 1.

As to other categories of collections, including those from noncustodial sources, JJHCS reiterates that it will refresh its production of those documents and data consistent with JJHCS's prior representations and agreements between the parties.  To the extent that SaveOnSP's Exhibit 2 attempts to expand the scope of these productions, JJHCS rejects that expanded scope. The Court's November 7 Order is clear:  the order directs the parties to update discovery responses, including noncustodial productions, through the date of the Order, and otherwise does not expand the scope of either party's existing requests.  *See* ECF No. 173 at 3.

**B.    SaveOnSP's Search Terms and Noncustodial Collections**

As you know, the November 7 Order required "both parties [to] update their discovery responses (including productions), *without limitation*" through the date of the Order. *See* ECF No. 173 at 3 (emphasis in original).  In the November 28 letter, JJHCS requested that SaveOnSP confirm that:  (1) SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023; (2) SaveOnSP will supplement its production of documents using all previously agreed upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and (3) SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

SaveOnSP has refused to do so.  Instead, in its December 15 letter, SaveOnSP asserts that "***[s]ubject to JJHCS's confirmation of its production parameters***, SaveOnSP will

---

[2] Consistent with its representations to SaveOnSP and the Court, JJHCS will continue to run the term ("CAPa" OR "CAPm" OR "adjustment program") for previously agreed-upon custodians (Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh) for the period April 1, 2016 to July 1, 2022.  *See* Dec. 1, 2023 Letter from J. Long to E. Snow at 1.

Elizabeth Snow, Esq.
December 22, 2023
Page 5

refresh its production running the search terms on Exhibit 4 for the custodians listed on that Exhibit through November 7." Dec. 15, 2023 Letter from E. Snow to J. Long at 2 (emphasis added).

At the outset, it is not appropriate for SaveOnSP to condition its compliance with the Court's November 7 Order on anything, let alone "JJHCS's confirmation of its production parameters," including, e.g., demands that JJHCS "identify how many documents [JJHCS's] terms generate for review." *Id.* SaveOnSP's equivocation is especially troubling given Judge Waldor's instruction that both parties update their "discovery responses . . . *without limitation*[.]" *See* ECF No. 173 at 3 (emphasis in original). Just as in the case of its motion relating to the so-called "Janssen Interrogatories" (ECF No. 162), SaveOnSP has incorrectly described the Court's order and then insisted that JJHCS comply with an order that does not exist. JJHCS will not do so.

Additionally, based on yesterday's colloquy between SaveOnSP and Judge Wolfson, we understand that SaveOnSP understands its obligation to update *all* of its discovery, including its production of documents and data collected from non-custodial sources. But to ensure that the record is clear, by January 5, 2023, please confirm that SaveOnSP will refresh its collection of documents listed in **Appendix 2** to this letter, including *inter alia* updating SaveOnSP's productions of its business plans and claims data through November 7, 2023. SaveOnSP also produced several categories of information for the time period April 1, 2016 to July 1, 2022, including SaveOnSP's patient list, call notes, client list, terminated client list, and drug lists. Please confirm that SaveOnSP will comply with Judge Waldor's order to update these discovery responses through November 7, 2023 as well. *See* Appendix 2.

Finally, SaveOnSP's Exhibit 4 omits nineteen search terms and phrases which SaveOnSP previously agreed to run through its custodial documents, including emails, text messages, mobile data, Chatter, Teams messages, hard drive data, and personal email collections, consistent with the Court's prior orders and SaveOnSP's prior representations. *See* ECF No. 144. The search terms with missing phrases appears in red font below.

- ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR SaveOnSP OR SOSP OR Save On OR manufacturer* OR mfgr* OR program)

- (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")

- (Business w/15 plan) OR "Business plan"

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge")

- (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

Elizabeth Snow, Esq.
December 22, 2023
Page 6

- (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable)

- (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

- (Premera AND ("drug list" OR list)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[3]

- (Premera AND (remove OR change)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[4]

- "@express-scripts.com"[5]

- "@notionpartners.com"

- "strategy plan" OR (strategy /15 plan) OR "monthly plan" OR (monthly /15 plan) OR "transition plan" OR (growth /15 plan)

- Cobicistat

- Darunavir

- Emitricitabine

- manufacturer* w/10 (maximizer* OR accumulator*)

- Tenofovir Alafenamide

---

[3] SaveOnSP agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

[4] SaveOnSP also agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

[5] For the period December 2015 through August 31, 2016. Unless otherwise noted, the terms listed above do not have a date limitation that was more narrow than the previously applicable time period of April 1, 2016 to July 1, 2022.

Elizabeth Snow, Esq.
December 22, 2023
Page 7

- UPTRAVI OR selexipag

       Please promptly confirm that (1) SaveOnSP did in fact run all of the terms listed in **Appendix 3** to this letter, as agreed by the parties, for the period April 1, 2016 to July 1, 2022; (2) SaveOnSP did in fact substantially complete production of all non-privileged, responsive documents hitting on all of these terms for the original time period; and (3) SaveOnSP will use this full set of terms for the purposes of its refresh collection.

\*      \*      \*      \*

       Please respond by January 5, 2023.  We remain available to meet and confer.


Very truly yours,


*/s/ Julia Long*
Julia Long

# APPENDIX 1

## JJHCS Search Terms[6]

**Search Terms for JJHCS Existing Custodians**

- **Custodians**:  Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB*

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "Save On" *(case sensitive)*

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

- (Fein OR Pembroke OR Adam OR "Drug Channels") AND afein@drugchannels.net AND (SaveOnSP OR accumulat* OR maximiz*)

- CAPa OR CAPm OR "adjustment program"[7]

---

[6] Unless otherwise noted, the time period applicable for the terms is April 1, 2016 to November 7, 2023.

[7] JJHCS agreed to run this term for April 1, 2016 to July 1, 2022 period only.

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)[8]

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" *(case sensitive)*[9]

## Search Terms for "CAP" Custodians

- **Custodians**:  Quinton Kinne, Daphne Longbothum, Allison Barklage, John Hoffman, William Shontz, and L.D. Platt

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)[10]

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" *(case sensitive)*[11]

## Silas Martin Search Terms

- **Custodians**:  Silas Martin

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*)

- (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity)

- (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

---

[8] January 1, 2022 to November 7, 2023.

[9] January 1, 2022 to November 7, 2023.

[10] January 1, 2022 to November 7, 2023.

[11] January 1, 2022 to November 7, 2023.

## APPENDIX 2

### SaveOnSP's Non-Custodial Collections

- Documents sufficient to show SaveOnSP's organizational structure, including organization charts

- SalesForce records for members of SaveOnSP-advised plans who were prescribed at least one Janssen Drug

- Data responsive to Request for Production No. 41:  (1) manufacturer; (2) brand name; (3) national drug code; (4) recipient of manufacturer assistance; (5) patient identifier; (6) pharmacy for relevant drug fill; (7) pharmacy address; (8) prescription number; (9) prescription fill date; (10) number of unites; (11) days of supply; (12) unit of measure; (13) copay or coinsurance amount; (14) patient names; (15) patient dates of birth; (16) patient TrialCard enrollment numbers; and (17) Patient Identifier (Cardholder ID)

- Data responsive to Request for Production No. 42:  (1) pharmacy name; (2) pharmacy address; (3) patient identification; (4) patient state of residence; (5) identifier of whether patient is on a SaveOnSP Program; (6) insurance/health plan name; (7) insurance/health plan member ID; (9) health/insurance plan group name; (10) insurance/health plan group number; (11) product description; (12) NDC; (13) product form; (14) product strength; (15) number of units; (16) days of supply; (17) unit of measure; (18) date of prescription fill; (19) patient copayment; (20) patient coinsurance payment; (21) patient deductible payment; (22) copay coupon/manufacturer assistance amount applied to the prescription cost; (23) patient names; (24) patient dates of birth; (25) patient TrialCard enrollment numbers; and (26) Patient Identifier (Cardholder ID)

- All agreements between SaveOnSP and Express Scripts or related entities

- List of patients who were entered into SaveOnSP's system and were prescribed at least one Janssen Drug (the "Patient List")

- List of SaveOnSP's call center locations

- List of clients who engaged SaveOnSP's services

- Final versions of Annual Reviews

- Documents sufficient to show the identities of patients whose claims were put on hold or rejected because the patient was not enrolled in the SaveOnSP program

- Documents sufficient to show the identities of patients whose claims were put on hold or rejected because the patient was not enrolled in the SaveOnSP program, but whose claim was later permitted to proceed after that patient was enrolled

- SaveOnSP's operating agreements and any amendments thereto

14734540

- SaveOnSP's business plans and "business plan-like" documents, including any draft business plans

- Breakwall Holdings LLC's operating agreements

- Video and audio recordings of training sessions, including daily "huddle" sessions

- All SaveOnSP Drug Lists

- Documents or data received from third parties as part of a formal production or otherwise

- All Master Services Agreements between ESI, SaveOnSP, and Prime Therapeutics

- List of former clients who terminated their agreements with SaveOnSP

- SaveOnSP Privacy and Data Security Policy

- May 2023 Updated Confidentiality and Nondisclosure Policy

# APPENDIX 3

## SaveOnSP Search Terms[12]

- "Project Recapture" OR "Rescue Study" OR "adherence data"

- "zero cost share" OR "$0 cost share"

- (("transfer*" OR reject* OR POS OR "point of sale" OR step edit*) W/15 pharm*) OR "Error Code 73" OR ((drug* OR med* OR fill*) W/15 (cover*))

- ((essential OR "non-essential" OR nonessential) W/10 (benefit*)) OR EHB* OR NEHB*

- ((patient* OR chang* OR mov* OR switch*) W/30 (new W/5 (drug* OR med* OR brand*)))

- ((SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/15 ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen)) w/5 (revenue OR sales OR profits OR "return on investment" OR "ROI")

- ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR SaveOnSP OR SOSP OR Save On OR manufacturer* OR mfgr* OR program)

- (Accredo OR "accredo.com") W/30 (agr* OR contract OR memor* OR fee* OR shar* OR relat*)

- (adher* OR complian* OR comply* OR discontinue*) W/10 (trend* OR rate* or stat*)

- (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")

- (Business w/15 plan) OR "Business plan"

- (chang* or edit*) W/25 website

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share" OR "specialty med*" OR "specialty drug*" OR biolog* OR infus*) W/15 (OR transfer* OR reduc* OR saving*)

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge")

---

[12] Unless otherwise noted, these time period applicable for these terms is April 1, 2016 to November 7, 2023.

14734540

- (copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase)

- (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (detect* OR evade* OR avoid* OR hide OR conceal*) W/15 (manufacturer*)

- (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable)

- (ESI OR "Express Scripts" OR Evernorth) w/15 (fee* OR ((master w/2 agreement) OR assistance OR "copay card" OR "co-pay card" OR "savings card" OR enroll* OR accumulat* OR maximiz*))

- (exhaust* OR drain* OR complain*) w/ 15 (co-pay OR copay* OR support* OR cover*)

- (FirstView OR "First View") w/10 card

- (FirstView OR "First View") AND (credit w/2 card)

- (inc* W/10 (save* OR saving*) W/15 manuf* OR assist*

- (inclu* OR add* OR remov* OR Structure) W/10 (benefit* OR "drug list*")

- (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

- (Passthrough OR pass through* OR pass thru OR passthru OR passthrus)

- (patient* OR member*) W/5 (adher* OR complian* OR comply* OR discontinu*)

- (Premera AND ("drug list" OR list)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[13]

---

[13] SaveOnSP agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

- (Premera AND (remove OR change)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[14]

- (therap* or drug* OR medication) w/15 (adhere* OR continu* OR discontinu*)

- (therap* OR drug* OR medication) w/15 (transition OR "same class" OR "same category")

- "@express-scripts.com"[15]

- "@notionpartners.com"

- "Affordable Care Act" OR ACA

- "DARZALEX FASPRO" OR DARZALEX OR daratumumab OR hyaluronidase*

- "Intergovernmental Personnel Benefit Cooperative" OR IPBC OR (Rachel W/2 Harmon) OR rharmon@expressscripts.com OR ((presentation OR training OR video) W/5 (ESI OR "Express Scripts"))

- "Johnson & Johnson" OR "Johnson and Johnson"

- "Lash Group"

- "non-med* switch*" OR "nonmed* switch*" OR ((patient OR non-med*OR nonmed*) W/15 switch*) OR "switch rationale" OR "switch card" OR "economic switch*" OR (("force* or mandate*) w/5 switch*")"

- "open enrollment" OR ((summar* OR term) W/30 (program* OR plan* OR benefit* OR coverage* OR coinsurance OR deductible OR OOP OR "out-of-pocket"))

- "SaveOnSP Program Impacted" OR (Premera W/15 (article OR alert* OR news*)) OR ("close*" W/15 ("business OR "customer*"))

- "strategic steering committee" OR "steering committee" OR (strateg* w/10 (monthly OR meet*))

- "strategy plan" OR (strategy /15 plan) OR "monthly plan" OR (monthly /15 plan) OR "transition plan" OR (growth /15 plan)

- "Summary of Benefits"

---

[14] SaveOnSP agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

[15] For the period December 2015 through August 31, 2016.  Unless otherwise noted, the terms listed above do not have a date limitation.

- "Summary Plan"

- Accredo W/15 (transfer* OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*)

- analy* OR "white paper*" OR "research" OR report* OR publication* OR review* OR article* OR study OR studies W/15 "specialty med*" OR "specialty drug*" OR biolog* OR infus* or accumul* OR maximizer* OR copay* OR co-pay* OR coins* OR co-ins*

- BALVERSA OR erdafitinib

- benchmark* /10 (plan OR state OR EHB OR essential* OR NEHB or nonessential* OR non-essential*)

- bi-weekly W/2 (call* OR meeting*)

- care W/2 path

- CarePath OR Carpath OR Carepth

- Cobicistat

- Darunavir

- EJR AND emilyjreckinger@gmail.com

- email W/10 template

- Emitricitabine

- ERLEADA OR apalutamide

- https://www.saveonsp.com* OR www.saveonsp.com* OR "reduce this exorbitant cost" OR "we offer an innovative specialty solution" OR "is committed to making expensive medications more affordable for companies" OR "modifying their plan design" OR "how will our plan see savings generated"

- IMBRUVICA OR ibrutinib

- its.jnj.com

- J&J or JNJ

- Janssen OR Jannsen OR Jansen OR Jannssen

- JJHCS OR JHCS or JJCHS OR JJHS

- manufacturer* w/10 (maximizer* OR accumulator*)

- OPSUMIT OR macitentan

- Prezcobix

- QuestEx

- Reject* w/2 73

- REMICADE OR infliximab

- RYBREVANT OR amivantamab*

- SIMPONI OR golimumab

- STELARA OR ustekinumab

- structure* W/4 (benefit* OR "drug list*")

- Symtuza

- Tenofovir Alafenamide

- TRACLEER OR bosentan

- TREMFYA OR guselkumab

- TrialCard OR "Trial Card"

- UPTRAVI OR selexipag

- Ventavis OR iloprost

- ZYTIGA OR abiraterone

# Exhibit 27



www.pbwt.com

January 9, 2024

Sara A. Arrow
(212) 336-2031

**By Email**

Elizabeth Snow, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC***
        ***Case No. 2:22-cv-02632 (ES) (CLW)***

Dear Elizabeth:

We write regarding JJHCS's Tenth Set of Requests for Production, which were served on December 22, 2023.

In connection with these requests, we have provided a list of proposed search terms in the attached appendix. Please confirm that you will run these terms over all custodial data. Please also advise whether SaveOnSP is adding additional custodians to capture the requested documents, or whether SaveOnSP represents that its current custodians are sufficient to ensure that the requested documents will be collected and produced. Additionally, please let us know whether documents responsive to Request No. 100 (i.e., documents sufficient to identify every person who has opted out of SaveOnSP's program or offerings, or who has declined to consent to monitoring by SaveOnSP) are maintained in a non-custodial source and if so, please confirm that you will be producing from that source. Finally, if SaveOnSP objects to any of JJHCS's requests on the basis of burden, please provide hit counts for each requested term.

Please provide SaveOnSP's responses on each of these points no later than January 22, 2024.

Very truly yours,

*/s/ Sara A. Arrow*
Sara A. Arrow

## Appendix A:  Proposed Search Terms

- ("Express Scripts" OR ESI or ExpressScripts) w/30 (termina* OR cancel* OR "opt out" OR "termination notice" OR withdraw*)

- (High Deductible Health Plan OR HDHP) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

- ("opt out" OR decline* OR refuse* OR reject* OR cancel* OR withdraw*) w/30 (member* or participant* or monitor* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP)

- (Deposition OR testi*) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP")

- (increase* OR raise* or infla*) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

- (reduc* OR lower* OR "as low as" OR decreas* OR zero OR "no cost" OR "free of charge" OR "$0") w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

# Exhibit 28



June 30, 2023

Harry Sandick
(212) 336-2723

Andrew Dunlap, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       ***No. 2:22-cv-02632 (ES) (CLW)***

Dear Andrew:

We write concerning JJHCS's Fifth Set of Requests for Production and SaveOnSP's responses and objections thereto.

## I.    JJHCS's Requests for Production Nos. 72, 73, 74, 75, 80

We request that, in addition to the previously agreed-upon search terms, SaveOnSP add the following search strings to capture documents SaveOnSP has agreed to produce in response to each of the following requests:

*JJHCS's RFP No. 72*:  (enroll* OR "sign*-up" OR assistance OR "savings card" OR "copay card" OR "co-pay card") w/50 (prior OR previous* or already or (current* w/5 on))

*JJHCS's RFP No. 73*:  Reject* w/2 73

*JJHCS's RFP No. 74*:  We request that you search for "EJR," as well as communications to, from, or copying all email accounts associated with Emily Reckinger or EJR Consulting.

*JJHCS's RFP No. 75*:  QuestEx

*JJHCS's RFP No. 80*:  JJHCS's RFP No. 80 requests all documents and communications concerning "SOSP Temp Passthrough," "pass throughs," or "pass thrus," including but not limited to documents and communications related to activating a pass through for a patient's claim, and efforts to deactivate or reset a pass through. SaveOnSP's response indicates that SaveOnSP intends to limit its response to documents sufficient to show how SaveOnSP uses "pass throughs" to facilitate health plans' payments on behalf of their plan participants. JJHCS reiterates its requests that SaveOnSP produce all non-privileged, responsive documents to this Request and also asks that SaveOnSP add the following search strings to capture responsive documents:

(Passthrough OR pass through* OR pass thru OR passthru OR passthrus)

Andrew Dunlap, Esq.
June 30, 2023
Page 2

## II.     JJHCS's Requests for Production Nos. 77, 78

*JJHCS's RFP No. 77*:  We assume that SaveOnSP intends to address RFP No. 77 by producing documents from non-custodial sources.  Please confirm.

*JJHCS's RFP No. 78*:  We assume that SaveOnSP intends to address RFP No. 78 by producing documents from non-custodial sources.  Please confirm.

## III.    JJHCS's Requests for Production Nos. 76, 79

*JJHCS's RFP No. 76*:    JJHCS's RFP No. 76 requests all documents and communications concerning whether certain Janssen therapies are covered under a health plan's medical or pharmacy benefit, including but not limited to documents and communications reflecting any effort to direct patients' claims for Janssen therapies to the pharmacy benefit instead of the medical benefit.  SaveOnSP "object[ed] to this Request because the documents sought by this Request are irrelevant to the claims or defenses in this action," further stated that SaveOnSP "is not aware of any documents responsive to this Request in its possession, custody, or control," and finally that SaveOnSP "will not produce documents in response to this Request."

JJHCS requests that SaveOnSP clarify its responses and objections to RFP No. 76. At present, it is not clear if SaveOnSP has conducted a reasonable investigation and determined that no documents exist, or if SaveOnSP is refusing to investigate or produce documents responsive to this Request on relevance or other grounds.

*JJHCS's RFP No. 79*:    JJHCS requests that SaveOnSP produce all documents relating to any attempts by SaveOnSP to evade or avoid detection of the SaveOnSP Program by drug manufacturers, including but not limited to the creation of "one time" or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket responsibility. SaveOnSP objected to the extent that the RFP No. 79 sought documents not related to CarePath or Janssen therapeutics as being "irrelevant to the claims or defenses in this action[]" and refused to produce such documents.  In addition, you only agreed to produce documents "concerning persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs[.]"  *Id.*

SaveOnSP's objection to producing information related to or referencing other manufacturer's co-pay assistance plans and/or non-Janssen drugs is improper.  JJHCS is entitled to the full picture of SaveOnSP's wrongful conduct—not just a snapshot of that conduct as it relates to CarePath or Janssen patients.  If there are documents reflecting instances where SaveOnSP employed wrongful means to evade or avoid detection of the SaveOnSP Program by *any* drug manufacturers, that evidence would be relevant to JJHCS's tortious interference claim.

In addition, to establish a claim under the GBL, JJHCS must demonstrate that SaveOnSP's deceptive conduct has caused harm to the public at large.  *See Spirit Locker, Inc. v. EVO Direct, LLC*, 696 F. Supp. 2d 296, 302 (E.D.N.Y. 2010) (a non-consumer plaintiff "establishes consumer-oriented conduct by showing that the acts or practices have a broader impact on consumers at large" (quotation marks omitted)).  SaveOnSP's conduct harms the public through its impact on not only patients who happen to be taking a Janssen Drug, but patients across

Andrew Dunlap, Esq.
June 30, 2023
Page 3

the board.  Therefore, any documents relating to the harm associated with SaveOnSP's conduct—
not just conduct with respect to CarePath or Janssen drugs—is relevant to this inquiry.  For
example, if SaveOnSP has internal documents where its employees track the terms and conditions
of another manufacturer's co-pay assistance program, remark that there is a conflict between the
SaveOnSP offering and that program's terms and conditions, and then employ a strategy to avoid
manufacturer detection by varying co-pay amounts, those documents should be produced.

We therefore ask that SaveOnSP reconsider its position and confirm that it will not
withhold any documents responsive to this RFP No. 79.

*      *      *

Please respond by July 10, 2023.

Very truly yours,

*/s/ Harry Sandick*
Harry Sandick

# Exhibit 29

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Meredith Nelson
Associate
212 390 9069
mnelson@selendygay.com

February 6, 2023

<u>**Via E-mail**</u>

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Harry,

We write to provide you with our proposed collection and search protocol,
as previously discussed. We understand that Johnson & Johnson Health Care Sys-
tems Inc. will provide SaveOnSP with its proposed collection and search protocol,
as the parties agreed.

**I.    Date Range**

- January 1, 2017 through July 1, 2022

**II.    Custodians**

- Jody Miller

- Claudia Dunbar

- Ron Krawcyzk

- Robert Saeli

- Nick Morrissey

- Jill Stearns

Harry Sandick
February 6, 2023

- Florencio Calderon

- Jenna Ordonez

- Amanda Larsen

- Emily Reckinger

- Jenna Benkelman

- Dave Chelus

- Alissa Langley

- Melanie Jerred

- Danielle Wagner

- Michelle Tabone

- Michael Heinrichs

## III.  Locations

### A.  Custodial Files

- SaveOnSP will collect from the following custodial sources:

  - The saveonsp.com email accounts of the custodians[1]

  - Any SaveOnSP electronic folders where the custodians may have saved ESI relevant to this litigation, including files saved locally on the custodians' SaveOnSP-issued laptops

  - Microsoft Teams messages and other messages sent using any Microsoft enterprise services

  - The custodians' hard-copy files, to the extent any such files exist

---

[1] SaveOnSP intends to apply email threading to custodial emails that it collects and will review and produce only inclusive emails, as provided by the parties' ESI protocol. *See* ECF No. 63 at § III.C.

2

Harry Sandick
February 6, 2023

      o   Select custodians' mobile data, including text messages[2]

**B.     Non-Custodial Files**

- SaveOnSP will collect from any noncustodial locations that SaveOnSP identifies as likely to contain responsive, non-duplicative documents following a reasonable search. To date, we have identified the following locations:

      o   Salesforce

      o   SQL

      o   Tableau

- We are also investigating if and how SaveOnSP might produce call center recordings. The majority of those records are stored as audio records with minimal metadata.

## IV.    Search Terms for Custodial Documents

- Accredo W/15 transfer*

- adherence W/5 trend*

- ("Affordable Care Act" OR ACA) W/15 compl*

- BALVERSA

- CarePath

- care W/2 path

- (chang* or edit*) W/25 website

- "DARZALEX FASPRO"

---

[2] We currently plan to collect text messages and other mobile data for four custodians: Jody Miller, Claudia Dunbar, Ron Krawcyzk, and Rob Saeli. All other custodians have indicated that they did not use non-enterprise services on their mobile devices while engaging in work for SaveOnSP. We are still in the process of collecting these messages, and we reserve our right to modify the search terms for those messages.

Harry Sandick
February 6, 2023

- DARZALEX

- email W/10 template

- ERLEADA

- ESI W/10 fees

- (essential or "non-essential") W/10 benefits

- "https://saveonsp.com"

- IMBRUVICA

- J&J

- Janssen

- JJHCS

- "Johnson & Johnson"

- "Lash Group"

- "non-medical switching"

- "open enrollment"

- OPSUMIT

- (patient OR member) W/5 adherence

- REMICADE

- RYBREVANT

- SIMPONI

- STELARA

- structure* W/4 (benefit* OR "drug list*")

- "Summary of Benefits"

- "Summary Plan"

Harry Sandick
February 6, 2023

- TRACLEER

- TREMFYA

- TrialCard OR "Trial Card"

- UPTRAVI

- ZYTIGA

We are available to meet and confer.

Sincerely,

/s/ Meredith Nelson

Meredith Nelson
Associate

# Exhibit 30



March 4, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> **Re:** ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
> ***2:23-cv-02632 (JKS) (CLW)***

Dear Elizabeth:

We write in response to SaveOnSP's February 21, 2024 letter concerning the parties' February 12, 2024 meet and confer on the scope of JJHCS's production obligations for terms and conditions issues.

## I.    Documents Relating To Pre-2016 Terms and Conditions

At the outset, it bears noting that SaveOnSP continues to recycle faulty search logic—now as to the files of Kim Wortman and Kathi Chapman—that Judge Wolfson explicitly rejected as to a similar term.[1]  This is unproductive.  JJHCS will not use SaveOnSP's search term because it will result in the review of every document in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof).  This is why Judge Wolfson explicitly rejected a similar version of that term at the January 24, 2024 conference.  *See* Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen.").  When SaveOnSP is prepared to follow Judge Wolfson's rulings, JJHCS will be prepared to meet and confer concerning an

---

[1] This term is:  (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*").

Elizabeth H. Snow, Esq.
March 4, 2024
Page 2

appropriate search term.  But rolling out the same search terms that Judge Wolfson has already considered and rejected will not lead anywhere.  Accordingly, JJHCS declines to run this term:

      With respect to additional custodians for the pre-2016 time period, SaveOnSP claims that JJHCS "stated" during the February 12 meet and confer "that there were likely to be more than those three people who participated in the drafting" of terms and conditions before this date.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 1-2.  We said no such thing.  Rather, during the meet and confer, you asked whether we would represent that Ms. Wortman and Ms. Chapman were the only individuals involved in such discussions.  We replied that, based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP.  As we stated, it is premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents.

      SaveOnSP also claims that JJHCS "appeared confused as to the meaning of 'noncustodial files.'"  *Id.* at 2.  This formulation is neither accurate nor productive.  What JJHCS actually asked at the February 12 meet and confer was whether there were categories of noncustodial documents that SaveOnSP specifically seeks.  JJHCS renews that request here and remains open to considering production of such documents if SaveOnSP explains what it is seeking.

      Finally, while we disagree with your characterization of JJHCS's prior statements concerning its retention capabilities, (*see* Dkt. Nos. 146 and 150), JJHCS agrees to produce its retention policies for the time period in question if SaveOnSP agrees to do the same.  *See* Feb. 27, 2024 Email from G. LoBiondo to M. Nussbaum.

## II.    Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions

      As a threshold matter, SaveOnSP's arguments concerning the "[m]eaning" and "[e]nforcement" of the terms and conditions intersect with SaveOnSP's February 20 motion for clarification and/or reconsideration of various topics, including SaveOnSP's pending request that JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General T&Cs."  Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3.  In light of SaveOnSP's pending motion for reconsideration, it would not be productive for the parties to meet and confer on search terms at this time.  We welcome the opportunity to meet and confer once Judge Wolfson rules on SaveOnSP's requested relief.

      SaveOnSP also asks whether JJHCS's production of documents "reflecting the company's enforcement instructions and policy" will encompass the full April 1, 2016 to November 7, 2023 time period.  At we have made clear, JJHCS will comply with the Court's February 6 Order, which directed "Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed-upon discovery time frame (April 2016-November 2023)."  Dkt. No. 192 at 13.

Elizabeth H. Snow, Esq.
March 4, 2024
Page 3

SaveOnSP continues to insist on a production of "documents sufficient to show ***the instances***" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath eligibility standards. Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3. This phrasing places no meaningful limitation on SaveOnSP's requests. In fact, this formulation ignores both the proposal that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined issue). For the reasons stated in JJHCS's February 8 and 15 letters, JJHCS will not produce "documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

*See* Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to E. Snow at 2-3.

Nor will JJHCS run search terms that bear no connection to the permitted scope of discovery. For example, one of SaveOnSP's proposed terms would require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof). In its latest letter, SaveOnSP claims that these documents would be relevant "[i]f [JJHCS] decided that patients on SaveOn-advised plans violated the 'other offer' provision, but decided that patients on PrudentRx or Optum Rx-advised plans did not." Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4. Far from seeking documents limited to JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue. JJHCS declines to run these.

## III.    Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren

Elizabeth H. Snow, Esq.
March 4, 2024
Page 4

Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy for the time period January 1, 2021 to November 7, 2023 to capture documents "regarding 'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'" Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

JJHCS declines to do so. This search string would require JJHCS to review over 95,000 documents (family inclusive) for the two-year period that SaveOnSP proposed. And no wonder: as constructed, the term would require review of every document mentioning "chang[es]" to "Stelara" or "Tremfya" without limitation to CarePath's terms and conditions, as well as every document mentioning "Stelara" or "Tremfya" and either "maximiz[ers]" or "accumulat[ors]." In fact, because of the way the term "maximiz*" is constructed, SaveOnSP's proposal would force JJHCS to review any document mentioning how to "maximiz[e]" the effectiveness of Stelara and Tremfya even when those documents have nothing to do with changes to the terms and conditions for JJHCS's co-pay assistance program.

SaveOnSP also asks that JJHCS run four additional search terms[2] over the custodial files of Debbie Kenworthy for the period June 1, 2023 to November 7, 2023. JJHCS already agreed to add Ms. Kenworthy as a full custodian for that period, which encompasses these terms (and others) for the identified time period.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[2] These terms are:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

# Exhibit 31

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

January 29, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

We write regarding Judge Wolfson's rulings regarding Johnson & Johnson's
("J&J") financial information at the January 24, 2024 conference.

## I.     CarePath Budget

Judge Wolfson ordered J&J to produce documents showing how J&J sets
the level of CarePath copay assistance funds that it offers patients, how it decides
on the CarePath budget including the factors that go into this decision, where that
decision is made, and the relevant communications about the budget. *See* Tr.
69:24-70:7.

*First*, please produce noncustodial documents including:

- the data provided in ▮▮▮▮▮▮▮▮▮▮ JJHCS_00026191, for Imbru-
  vica, Opsumit, Prezcobix, Tracleer, Uptravi, and Ventavis, and for all
  drugs at issue in this case through November 7, 2023;

- the data provided in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
  JJHCS_00130090, for Imbruvica and Rybrevant and for all drugs at is-
  sue in this case through November 7, 2023;

Julia Long
January 29, 2024

- the data provided in ██████████████████████████████████
  JJHCS_00130090, for Imbruvica, Tracleer, Uptravi, and Ventavis and
  for all drugs at issue in this case through November 7, 2023; and

- any presentations and meeting minutes regarding meetings in which
  J&J discussed the annual copay assistance maximum benefit for each
  drug at issue in this case.

*Second*, please identify custodians within J&J who are likely to have docu-
ments and communications relevant to these subjects (including custodians who
might work for J&J entities other than JJHCS, such as Janssen). In doing so,
please identify ████████████████████████████████████████████████
████████████████████████████████ JJHCS_00080656, you
will add as custodians. At a minimum, please include Karen Lade and John King
as part of that group: ████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████ *see* JJHCS_00141359; ████████████████████████████████
████████████████████████████████ JJHCS_00142489 at -491-92.

*Third*, please run the following search terms over the documents of the rel-
evant custodians from April 1, 2016 to November 7, 2023:

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth
  OR CP OR "WithMe" OR (with w/2 me) OR PAS OR "Patient Access So-
  lutions")

- ("20,000" OR "20k" OR "6,000" OR "6k" OR "9,100") w/10 (set* OR
  chang* OR determin* OR adjust* OR increas* OR decreas* OR main-
  tain* OR update*) AND (CarePath OR (care w/2 path) OR Carpath OR
  Carepth OR CP OR "WithMe" OR (with w/2 me) OR PAS OR "Patient
  Access Solutions" OR immunology OR IMM OR oncology OR ONC OR
  (Pulmonary w/2 Hypertension) OR PH OR PAH OR "infectious disease"
  OR ID OR Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica
  OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR
  Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis
  OR Zytiga)

If you object to adding any of these search terms on the basis of burden,
please provide hit counts of the unique documents identified by each term for each
custodian and in the aggregate for each custodian and all custodians.

*Fourth*, to the extent that J&J previously reviewed any documents identified
by these search terms and concluded that they were not responsive, please review
those documents again in light of Judge Wolfson's order.

Julia Long
January 29, 2024

SaveOn asks that J&J prioritize production of these documents.

## II.    Return on Investment

Special Master Wolfson also ordered J&J to produce documents and communications regarding J&J's actual and projected return on investment ("ROI") for CarePath as they relate to SaveOnSP. *See* Tr. 86:9-12, 88:13-16; RFP No. 29(i). We understand that this includes documents and communications regarding accumulators' and maximizers' effect on J&J's ROI, as J&J often used those phrases to refer to SaveOn. *See* Tr. 131:11-21.

*First*,    please produce from noncustodial sources any analyses of J&J's actual or projected ROI for CarePath for any of the drugs at issue that refer to SaveOn, accumulators, or maximizers from April 1, 2016 through November 7, 2023.

*Second*, please identify the custodians likely to have documents and communications relating to J&J's actual or projected ROI for CarePath for any of the drugs at issue that refer to SaveOn, accumulators, or maximizers (including custodians who might work for J&J entities other than JJHCS, such as Janssen). Please include Blaine Penkowski ████████████████████████████ JJHCS_00140929, ███████████████ Please also include ████████████████████████████████████████████████████████ *See* JJHCS_00132628.

*Third*,    please run the following search terms over the documents of the relevant custodians from April 1, 2016 to November 7, 2023:

- ((lose* OR loss* OR (return w/4 investment) OR "ROI" OR returns OR (negative w/5 impact) OR (positive w/5 impact) OR (gross w/5 impact) OR (net w/5 impact) OR GTN OR "gross to net" OR (increase w/5 sales)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR PAS OR "Patient Access Solutions")) AND ("Save On" OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- (((rebate* w/3 program*) OR (market* w/3 program*)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR PAS OR "Patient Access Solutions")) AND ("Save On" OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

*Fourth*, to the extent that J&J previously reviewed any documents identified by these search terms and concluded that they were not responsive, please review those documents again in light of Judge Wolfson's order.

Julia Long
January 29, 2024

      If you object to adding any of these search terms on the basis of burden, please provide hit counts of the unique documents identified by each term for each custodian and in the aggregate for each custodian and all custodians.

      We reserve all rights and ask for a response by February 5, 2024.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 32



www.pbwt.com

February 15, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

    **Re:** *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
       *2:23-cv-02632 (JKS) (CLW)*         

Dear Elizabeth:

    We write in response to SaveOnSP's January 29, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the "CAP" custodians.

**I.  CAP Custodians**

    SaveOnSP's January 29 letter requests that JJHCS add thirteen search terms that it contends "relate to the CAP program" and concern "discussions regarding J&J's response to SaveOn, accumulators, and maximizers" for Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt (the "CAP" Custodians) for the period April 1, 2016 to November 7, 2023. *See* Jan. 29, 2024 Ltr. from E. Snow to J. Long at 1.

    SaveOnSP's proposed search terms go well beyond Judge Wolfson's order, which only required JJHCS to "use CAP-related search terms, including terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26. In keeping with the Court's order, JJHCS agrees to add the following search strings for the time period April 1, 2016 to November 7, 2023:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

To the extent SaveOnSP also seeks the addition of the term "CAPa" OR "CAPm" OR "adjustment program," without a SaveOnSP limiter, this proposal is inconsistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173 at 2-3.) In addition, SaveOnSP now has made an additional motion

Elizabeth H. Snow, Esq.
February 15, 2024
Page 2

to Judge Wolfson to expand the scope of the November 7, 2023 Order.  For the reasons discussed in JJHCS's opposition brief filed on February 14, SaveOnSP has no basis to relitigate the November 7, 2023 Order.  For the avoidance of doubt, should Judge Wolfson expand the scope of the Court's November 7 Order with respect to the CAP search terms, JJHCS will adopt that application to the CAP custodians for the full time period as well.

As a compromise, JJHCS is prepared to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

However, JJHCS declines to run the following search terms, which have no relation to JJHCS's CAP-related efforts.  Indeed, SaveOnSP acknowledged the lack of any connection during the parties' February 12, 2024 meet and confer, when SaveOnSP claimed these terms describe SaveOnSP's "business model."  As SaveOnSP well knows, the Court did not direct further discovery on that issue.

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

**II.      Scott White and Blasine Penkowski**

SaveOnSP's letter also requests search terms to be added with respect to two apex custodians, Scott White and Blasine Penkowski.  As to Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

14922008

Elizabeth H. Snow, Esq.
February 15, 2024
Page 3

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

JJHCS declines to run the "CAP" search term over Mr. White's and Ms. Penkowski's documents without a SaveOnSP limiter, for the reasons previously discussed, but will agree to run the following search strings for the full April 1, 2016 to November 7, 2023 period consistent with the Court's November 7 Order:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

JJHCS also declines to run the following search terms over Mr. White's and Ms. Penkowski's documents, but will search for and produce final contracts and statements of work with Trial Card from non-custodial sources consistent with its January 29, 2024 responses and objections to SaveOnSP's discovery requests:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me))

Finally, JJHCS declines to add certain proposed financial-related terms, which SaveOnSP requested only as to Ms. Penkowski's documents. As outlined in JJHCS's February 8, 2024 letter, and as discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's insistence that JJHCS produce these documents is inconsistent with Judge Wolfson's February 6, 2024 Order. For example, as to issues concerning CarePath's budget, Judge Wolfson concluded that "[JJHCS] has the better argument" and "communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims." Dkt. No. 192 at 19. Similarly, as to issues related to return on investment (or "ROI"), Judge Wolfson unambiguously rejected SaveOnSP's arguments, finding that JJHCS's "alleged harm is not related to the profitability of any Janssen drugs. Put differently, even if J&J and its [affiliates] ultimately derive profits . . . from selling the drugs at issue, that fact does not disprove Plaintiff's alleged harm in this case, either to itself or to the public." *Id.* at 22.

Elizabeth H. Snow, Esq.
February 15, 2024
Page 4

Accordingly, JJHCS will not run the following terms:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

- ((lose* OR loss* OR (return w/4 investment) OR "ROI" OR (negative w/5 impact) OR (gross w/5 impact) OR (net w/5 impact) OR (GTN w/5 impact)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe")) AND ("Save On" OR Save-OnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

As discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's proposal of these terms demonstrates that SaveOnSP refuses to accept the Court's rulings on an issue already twice litigated—and on which JJHCS has twice prevailed. JJHCS will not provide hit counts for these searches, as they seek documents that are beyond the scope of what Judge Wolfson ordered. If SaveOnSP is willing to meet and confer in good-faith and to propose search terms related to the "small window" that Judge Wolfson opened with respect to budget and financials issues, JJHCS will run SaveOnSP's requested search terms and provide hit counts, as appropriate. *See* Feb. 8, 2024 Ltr. From J. Long to E. Snow at 2-3.

## III.    Karen Lade

SaveOnSP proposed thirteen search terms with respect to Ms. Lade's documents. JJHCS agrees to run the following search terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

Elizabeth H. Snow, Esq.
February 15, 2024
Page 5

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- accumulator w/5 prog*

      For the reasons cited above, JJHCS declines (1) to run the "CAP" search term over Ms. Lade's documents without a SaveOnSP limiter; and (2) to run financial-related search strings over Ms. Lade's documents.[1]  As with Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms with respect to the CAP program for the April 1, 2016 to November 7, 2023 time period:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa OR CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

      As discussed at the parties' February 12, 2024 meet and confer, JJHCS will consider running two final Lade-specific search strings if those are modified to capture the documents SaveOnSP explained it was seeking.  JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings.

| SaveOnSP Proposal | JJHCS Modification |
|---|---|
| PBM* AND (copay* or co-pay*) AND deductible | PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |

---

[1] JJHCS declines to run the following financial-related strings, which are beyond the scope of Judge Wolfson's order:

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

Elizabeth H. Snow, Esq.
February 15, 2024
Page 6

| (Max* /15 benefit*) AND ($20,000 OR $20K OR 20k) | (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
|---|---|

## IV.    Savaria Harris and Jennifer De Camara

Judge Wolfson ordered production from Ms. Harris and Ms. De Camara's custodial files on a single, narrow issue:  (1) documents and communications between the attorneys and any third-party entities *and* (2) that concern the "new terms and conditions for both its Stelara and Tremfya medications" implemented in January 2022.  Dkt. No. 192 at 13-14.  SaveOnSP's requested terms go well beyond these limitations.

For example, SaveOnSP continues to insist on documents with any reference in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "CarePath" (or variations thereof)—despite Judge Waldor explicitly rejecting that a narrower version of that term at the January 24, 2024 conference. Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap  said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen."). Accordingly, JJHCS declines to run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer")

For the same reason, JJHCS also declines to run the following terms, which are not designed to capture documents concerning the "new terms and conditions for both its Stelara and Tremfya medications":

- Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

14922008

Elizabeth H. Snow, Esq.
February 15, 2024
Page 7

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

      JJHCS agrees to the remainder of SaveOnSP's proposed terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), so long as those documents also mention Stelara and Tremfya (as modified in red font below):

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) <span style="color:red">AND (Stelara OR Tremfya)</span>

- (eligib* or ineligib*) AND "out-of-pocket cost" <span style="color:red">AND (Stelara OR Tremfya)</span>

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") <span style="color:red">AND (Stelara OR Tremfya)</span>

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

      In addition, JJHCS will consider running the following terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), subject to SaveOnSP's agreement that these modifications will resolve SaveOnSP's requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

*    *    *

      JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.


                Very truly yours,


                */s/ Julia Long*
                Julia Long

# Exhibit 33



March 1, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re: ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
> **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's February 22, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the CAP custodians.

## I. CAP Custodians

As SaveOnSP knows, the Court directed only the use of "CAP-related search terms" when searching the files of the CAP custodians,[1] including "terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26. Despite its acknowledgment at the parties' February 12, 2024 meet and confer that two of its search strings are not "CAP-related" but instead designed to capture documents describing SaveOnSP's "business model," SaveOnSP continues to insist JJHCS run these terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

In its February 22 letter, SaveOnSP now claims that these terms are used "as shorthand for SaveOn" and therefore must be added. This is incorrect and a pretext for obtaining

---

[1] For the avoidance of doubt, the "CAP custodians" are Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 2

documents to which SaveOnSP is not entitled, the latest example of SaveOnSP's unwillingness to accept the Court's limitations. Just last month, SaveOnSP moved to compel JJHCS to add the CAP custodians as full custodians. After extensive briefing and argument, Judge Wolfson denied that relief, directing only "CAP-related" search terms for the period April 1, 2016 to November 7, 2023. JJHCS will only run terms that are designed to capture CAP-related documents.[2]

SaveOnSP points to JJHCS_00001209 as ████████████████████████████ Not so. As a threshold matter, ████████████ JJHCS has long agreed to employ these exact search terms over Mr. Jeffcoat's custodial files, including for the "refresh" period of July 1, 2022 to November 7, 2023. *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow. Moreover, although JJHCS_00001209 u███████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
JJHCS_00001209. This document does not support SaveOnSP's position.

## II.      Scott White and Blasine Penkowski

In its February 22 letter, SaveOnSP rejected JJHCS's proposal to capture relevant Trial Card contracts and statements of work through non-custodial sources. Instead, SaveOnSP insists that JJHCS employ the search string below to search the custodial files of two apex custodians, Scott White and Blasine Penkowski:

- (TrialCard OR "Trial Card" OR TC) AND ((statement* w/5 work) OR SOW* OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR WithMe OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

SaveOnSP's latest demand cannot be squared with the Court's directions. As the Court recognized, Mr. White and Ms. Penkowski are senior executives and thus directed only "[v]ery limited" search terms be used over their custodial documents. Jan. 24, 2024 Tr. at 128:14–17. SaveOnSP's proposed search is not necessary to meet its stated goals. Even assuming *arguendo* that "the amount of funds that Plaintiff provided to Trial-Card to disburse through CarePath" is relevant, as SaveOnSP claims, such information would be readily gleaned from the non-custodial collection that JJHCS proposed. SaveOnSP has articulated no basis to support its

---

[2] Indeed, despite challenging nearly every other aspect of the Court's February 6 Order, SaveOnSP did not move to reconsider this ruling.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 3

demand for additional digging through Mr. White or Ms. Penkowski's files. Accordingly, JJHCS will not run this term.

Despite what appeared to be a productive conversation at the parties' February 12 meet and confer, SaveOnSP nonetheless continues to demand that JJHCS run the following term over Ms. Penkowski's custodial files: (brand* OR finance* OR "SCG" OR (strategic /5 customer)) AND (accumulat* OR maximiz*). This is disappointing. As JJHCS has explained at least three times now, there are two fundamental problems with SaveOnSP's proposed term: (1) the term would return any document with "finance" (or variations thereof) in the same document as "accumulator" or "maximizer," despite the Court's February 6 Order ruling that SaveOnSP's ancillary financial requests were overwhelmingly irrelevant; and (2) because Ms. Penkowski oversees the "Strategic Customer Group," these terms would result in review of every document in which "Strategic Customer Group" or "SCG" appear in a signature block. SaveOnSP acknowledged these very points at the end of our meet and confer. To be clear, JJHCS will not run this term.

As to the remaining search terms proposed for Ms. Penkowski's custodial files, SaveOnSP admits in its February 22 letter that those terms are related to SaveOnSP's "financial" requests. The Court ruled that documents concerning "communications of budgetary decisions" or "return on investment" are not relevant and so JJHCS will not search for them. Dkt. No. 192 at 19, 22.

## III.    Karen Lade

We appreciate SaveOnSP's agreeing to the modified terms that JJHCS proposed in its February 15 letter. JJHCS agrees to run the following terms:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

As to the remaining search terms for Ms. Lade's custodial files, JJHCS will not search for or review documents concerning "communications of budgetary decisions" or "return on investment," (Dkt. No. 192 at 19, 22), for the reasons stated at the February 12 meet and confer and JJHCS's February 15 letter.

## IV.    Savaria Harris and Jennifer De Camara

We appreciate that SaveOnSP has agreed to JJHCS's proposal to run SaveOnSP's search terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), over Ms. Harris and Ms. De Camara's communications with third parties, so long as those documents

Elizabeth H. Snow, Esq.
March 1, 2024
Page 4

also mention Stelara and Tremfya.  For the avoidance of doubt, JJHCS agrees to run the following terms:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

JJHCS also proposed a fifth term (listed below), subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara.  In its February 22 letter, SaveOnSP rejects JJHCS's compromise proposal, but nonetheless demands JJHCS continue to run its compromise term because JJHCS "articulated no objection as to adding that term."  Feb. 22, 2024 Ltr. from E. Snow to J. Long at 5.  This argument makes little sense—and indeed, is designed to disincentivize JJHCS from proposing broad counterproposals in the future.  In a renewed effort to reach compromise, JJHCS proposes a modified version of that term (with changes in red), again subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer" OR "any other coupon, discount, prescription savings card"))

JJHCS declines to run the remaining terms at issue.  Unlike the terms above, which SaveOnSP recognize should be limited to documents mentioning "Stelara" or "Tremfya," SaveOnSP claims that *five* additional search strings untethered to Stelara or Tremfya are warranted because Ms. Harris and Ms. De Camara "are likely to have discussed the original terms and conditions being revised" in the context of the Stelara and Tremfya revisions.  This makes no sense.  Documents about changes to the Stelara and Tremfya terms and conditions necessarily will mention either "Stelara" or "Tremfya"—and it is telling that SaveOnSP does not cite to a single document to support its contrary view.  Accordingly, JJHCS will not run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

Elizabeth H. Snow, Esq.
March 1, 2024
Page 5

For the same reason, JJHCS also declines to run variations of the term "SaveOn" over Ms. Harris and Ms. De Camara's custodial documents.[3]  Even if ██████████ ████████████████████████████████████████████████████ that alone is not a basis to review thousands of documents containing the word "SaveOn" without any connection to the terms and conditions or the products—i.e., Stelara and Tremfya—at issue.  Rather, this appears to be a blatant attempt to expand the scope of the Court's February 6 Order to encompass RFP No. 8.  This is not what Judge Wolfson ordered.  *See* Dkt. No. 192 at 13-14.  Nor is there a need to run these terms: JJHCS already has agreed to run the exact terms over the files of ***twenty-six*** other JJHCS custodians from April 1, 2016 to November 7, 2023.

\*        \*        \*

JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[3] In its February 22 letter, SaveOnSP demands the following search terms:

- Save On" (*case sensitive*)
- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

# Exhibit 34

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 22, 2024

**<u>Via E-mail</u>**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding the search terms for the newly court-ordered custodi-
ans, and in response to J&J's February 15, 2024 letter. SaveOn asks that for each
of the agreed-upon terms,[1] that J&J promptly commence reviewing and producing
those documents and estimate when it will substantially complete that production.
As J&J is aware, the CAP terms are the subject of SaveOn's February 16, 2024 mo-
tion to Judge Wolfson; SaveOn does not address those terms in this letter, and
reserves all rights.

**I.    CAP Custodians**

SaveOn did not concede that the following search terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit"
  OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50
  ("Affordable Care Act" OR ACA OR Obamacare)

which SaveOn requested for the CAP custodians (Kinne, Longbothum, Shontz,
Hoffman, Barklage, Platt), describe only SaveOnSP's "business model." █████

---

[1] A list of the agreed-upon terms is found at Exhibit 1.

Julia Long
February 22, 2024

████████████████████████████████████████████████████████
████████████████████████ JJHCS_0001200. Nor would describing SaveOn's business model make the documents irrelevant to the CAP Program. The purpose of the CAP program is to understand the business model of accumulators, maximizers, and SaveOn, and craft a response. *See* JJHCS_00001209 ████████████████████
████████████████████████████████████████████████████ Notably, JJHCS_00001209 (among others) would not be captured by any of J&J's agreed-upon search terms, and J&J cannot dispute its relevance to the CAP program.

Please confirm that J&J will run these terms.

## II.    Scott White & Blasine Penkowski

*First*, SaveOn requested that J&J run the following search term over Scott White's and Blasine Penkowski's documents: ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)). As SaveOn explained during the meet and confer, the Court found it persuasive that "White was involved in high level discussions about the CarePath program" ██████████████████████████████████████
██████████████████████████████████████████████████████ Dkt. 192 at 28. SaveOn cited similar evidence in support of its motion for Penkowski. *See* Dec. 28, 2024 Ltr. to Wolfson Ex. 8.

J&J explained during the meet and confer that the term, as written, would capture statements of work for drugs not at issue in this litigation. To address that issue, SaveOn proposes the following narrowing:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) <span style="color:red">AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRA-CLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)</span>

Please confirm that J&J will run this term.

*Second*, SaveOn requested four additional search terms for Penkowski which J&J has refused to run, claiming that they all relate to financials.

The first term—((brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*))—as SaveOn explained during the February 12 meet and confer, is drawn from Exhibit 6 to SaveOn's December 28, 2024 motion and is unrelated to J&J's financials motion. ███████████████████████████████

2

Julia Long
February 22, 2024

JJHCS_00140929. Judge Wolfson characterized that document as "Very relevant." Hr'g Tr. at 129:6-10

J&J objects that this search term is related to J&J's finances and is thus contrary to Judge Wolfson's Order. Not so. Judge Wolfson specifically described this document in her Order and so it was likely she would have relevant documents. Dkt. 192 at 29. SaveOn is entitled to discovery on the group Penkowski convened in 2018 to formulate J&J's responses to accumulators, by which it included SaveOn. During the February 12, 2024 meet and confer, J&J suggested that the term returned a high number of hits. J&J has failed to substantiate its burden objection.

Please confirm that J&J will run this term.

SaveOn addresses the remaining terms in its February 15, 2024 letter regarding financials, and reserves all rights to request additional financial terms for Penkowski's documents

## III. Karen Lade

SaveOn agrees to J&J's proposed modifications for Karen Lade's documents, which are:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR copay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

J&J's February 15, 2024 letter states that "JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings."

For the avoidance of doubt, SaveOn's agreement is only as to those two strings, not all strings requested for Lade. SaveOn addresses the remaining terms for Lade in its February 15, 2024 letter regarding financials, and reserves all rights to request financial terms for Lade's documents.

## IV. Savaria Harris & Jennifer De Camara

*First*, J&J asserts that SaveOn's proposed search terms for Savaria Harris and Jennifer De Camara are improper because they do not concern the new Stelara and Tremfya T&Cs. In fact, the Court granted SaveOn's motion to add those two attorneys as custodians for communications with third-parties which sought

3

Julia Long
February 22, 2024

"documents 1) reflecting the decision to revise the T&Cs; 2) showing the business decision to implement the new T&Cs; and 3) enforcement of the T&Cs." Dkt. 192 at 13. In order to discuss the revision of the T&Cs, custodians are likely to have discussed the original terms and conditions being revised—the General T&Cs.

J&J declines to run the following terms regarding CarePath's General T&Cs for Harris and De Camara. SaveOn propose the following modification to target revisions to CarePath's terms and conditions:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya ~~OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR pro-gram~~) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

*Second*, J&J declines to run any terms mentioning SaveOn for Harris and De Camara.



*See, e.g.*, JJHCS_00033693 JJHCS_00034439 JJHCS_00002581 ; TRIALCARD_00000014 ; TRIALCARD_000000016 JJHCS_00034641. SaveOn proposes the following search terms to capture those documents, and discussions regarding the same.

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP ~~OR "Jody Miller" OR "Ron Krawczyk"~~

*Third*, SaveOn agrees to J&J's proposed terms for Harris' and De Camara's documents as modified:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR in-sur*) AND (Stelara OR Tremfya)

Julia Long
February 22, 2024

- (eligib\* or ineligib\*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz\* OR optimiz\*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

*Fourth*, SaveOn continues to request that J&J run the following term over Harris' and De Camara's documents: (Stelara OR Tremfya) W/25 ((term\* w/3 condition\*) OR "T&C\*" OR "other offer")). J&J has articulated no objection as to adding that term.

Please confirm that J&J will run the above terms as modified.

\*              \*              \*

For ease, SaveOn has compiled a list of all search terms it requests in this letter that J&J use for each custodian or set of custodians in Exhibit 2.

To the extent J&J intends to rely upon a burden objection for any search string, SaveOn requests that J&J provide the unique additional documents returned by the search string in the aggregate and for each individual term within that string.

We request a response by February 29, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 1

**JJHCS v. SaveOnSP**
Search Terms for Custodians
Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| **Scott White and Blasine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| **Karen Lade Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |

| |
|---|
| accumulator w/5 prog* |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |

# Exhibit 2

**JJHCS v. SaveOnSP**

Proposed Search Terms for Custodians
Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB* |
| (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare) |
| Scott White Search Terms |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ER-LEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBRE-VANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA) |
| Blaine Penowski Search Terms |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo |

2

| OR ESI OR "express scripts") |
| --- |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ER-LEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBRE-VANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA) |
| (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*) |
| **Karen Lade Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |
| accumulator w/5 prog* |
| PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |
| (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer")) |
| ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*) |
| (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*) |
| "Save On" (case sensitive) |

| |
|---|
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP |
| ((Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR ("T&C*" OR "other offer")) |

**EXHIBIT 35**

**CONFIDENTIAL – FILED UNDER SEAL**

# EXHIBIT 36

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 37

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 38

# CONFIDENTIAL – FILED UNDER SEAL

# EXHIBIT 39

# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 40

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.    JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.       JJHCS objects to the Requests to the extent that they impose obligations beyond
or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of
the Court, the Court's orders, the discovery schedule entered in this Action, or any other
applicable rule, order, or source of law.

4.       JJHCS objects to the Requests to the extent that they seek the production of
documents or things that are equally available to or already in SaveOnSP's possession, custody,
or control.  To the extent that JJHCS agrees in these responses to produce certain documents,
information, or things, these responses shall not be construed as conceding that the documents,
information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead,
it means that JJHCS will perform a reasonable search for documents in its possession and
produce such documents, information, or things to the extent any responsive documents,
information, or things exist and are not otherwise protected from disclosure.

5.       JJHCS objects to the Requests to the extent that they seek information that is
obtainable from sources other than JJHCS in a manner that is more convenient, less
burdensome, or less expensive.

6.       JJHCS objects to the Requests to the extent that they seek production of
documents, records, tangible things, or other materials to the extent that such disclosure would
violate a confidentiality agreement, court order, or applicable law.

7.       JJHCS objects to the Requests to the extent that they are vague and/or
ambiguous.

8.       JJHCS objects to the Requests to the extent that they require interpretation by it
in providing a response.  JJHCS responds to the Requests as it interprets and understands each
Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

### OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

7

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

## Request No. 5

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

## Response to Request No. 5

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 6**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

**Response to Request No. 6**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 7**

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

**Response to Request No. 7**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

9

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise

search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP,
including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or in-
formation regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC
Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding
the development, management, and marketing of CarePath or any other copay assistance program
offered for Janssen Drugs, including Documents and Communications regarding JJHCS's
allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks documents and communications outside of the relevant Time

Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.  JJHCS further objects to this

Request on the ground that the phrase "any other copay assistance program offered for Janssen

Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim

or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this

Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be

appropriately narrowed.

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 15

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

## Response to Request No. 15

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

15

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect

involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects

to this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS or that are publicly available and therefore equally available to SaveOnSP.

JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the

reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 21**

All Documents and Communications regarding any advocacy to or communication with
any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or
Copay Maximizer Services.

**Response to Request No. 21**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 22**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 22**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

20

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous. For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

22

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn." JJHCS further objects to this Request to

23

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100.  Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

### Request No. 28

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.    all Patients receiving the Janssen Drug;

b.    the number of fills of the Janssen Drug received by each such Patient;

c.    the dosage of the Janssen Drug received by each such Patient for each fill;

d.    the projected number of Patients, average number of fills, and average dosage for
the Janssen Drug;

e.    the cost to manufacture the Janssen Drug;

f.    the sales and marketing budget for the Janssen Drug;

g.    the price of the Janssen Drug;

h.    the revenue received by JJHCS from the Janssen Drug;

i.    all Patients enrolled in the CarePath program for the Janssen Drug;

j.    the dates on which each Patient was enrolled in CarePath;

k.    the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
in CarePath;

l.    the Janssen Drugs for which each Patient enrolled in CarePath received copay
assistance;

m.    all copay assistance payments that JJHCS made to or on behalf each Patient
enrolled in CarePath; and

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

25

b.    JJHCS's budget for CarePath, including the sales and marketing budget;

c.    JJHCS's actual and projected annual costs for CarePath;

d.    JJHCS's use of or accounting for unused CarePath funds;

e.    the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.    JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.    the impact of CarePath on Janssen's sales of any Janssen Drug;

h.    the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.    JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.    any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**<u>Response to Request No. 29</u>**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

## Request No. 30

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

## Response to Request No. 30

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs.  JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous.  JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 31**

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

**Response to Request No. 31**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 32**

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

**Response to Request No. 32**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have. JJHCS further objects to this Request on the ground that the phrases "CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive any limitation on or elimination of the amount of CarePath copay assistance funds available" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 33**

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

**Response to Request No. 33**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

29

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter. JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 34**

From any time, all Documents and Communications regarding JJHCS's or Janssen's
negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of
any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health
Plans, including JJHCS's abandonment of those negotiations or agreements.

**Response to Request No. 34**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter. JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

30

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request on the ground that "any assessment of the fair market value of those services" is irrelevant.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession between JJHCS and the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

32

CarePath or Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrase

"Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub

Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 38**

From January 1, 2009 through the present, all Documents and Communications received
by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding
SaveOnSP or CarePath.

**Response to Request No. 38**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

CarePath without relation to SaveOnSP.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period.  JJHCS

further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons

stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent

it seeks information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care
Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any
Patient regarding SaveOnSP, including any Documents regarding those Communications and talk
tracks or scripts prepared for use during those Communications.

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating
to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's
return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"Copay Accumulator Services and Copay Accumulator Services" and information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request on the ground that the phrase

"JJHCS's return on investment for copay assistance dollars" is vague and ambiguous.  JJHCS

further objects to this Request as overbroad, unduly burdensome, and not proportional to the

35

needs of the case to the extent it seeks "all" documents and communications regarding a broad

subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating
to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and
"copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter. JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's

understanding of whether the terms "copay accumulator" or "copay maximizer" apply to

SaveOnSP.  However, notwithstanding the foregoing, JJHCS will not produce any documents or

communications responsive to Request for Production No. 21, which is irrelevant to any claim or

defense in this Action.  JJHCS will not otherwise search for or produce documents and

communications responsive to this Request.

**Request No. 43**

All Documents and Communications concerning non-medical switching by participants of
plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay
Maximizer Service.

**Response to Request No. 43**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about any

other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

37

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-

party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 48**

To the extent not requested above, from any time, all Documents and Communications
upon which you may rely in this Action.

**Response to Request No. 48**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications upon which you may rely in this

Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

40

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

     Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications upon which it intends to rely at trial in compliance with the schedule set by

the Court.  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

     Dated: December 12, 2022

> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey 07102
> (973) 643-7000
>
> By:    /s/Jeffrey J. Greenbaum
>        JEFFREY J. GREENBAUM
>        KATHERINE M. LIEB
>
>
> PATTERSON BELKNAP WEBB & TYLER LLP
> Adeel A. Mangi
> Harry Sandick (admitted *pro hac vice*)
> George LoBiondo
> 1133 Avenue of the Americas
> New York, New York 10036
> (212) 336-2000
>
> *Attorneys for Plaintiff*
> *Johnson & Johnson Health Care Systems Inc.*

# EXHIBIT 41

# CONFIDENTIAL – FILED UNDER SEAL

**EXHIBIT 42**

**CONFIDENTIAL – FILED UNDER SEAL**