# EXHIBIT D

# INDEX IN SUPPORT OF MOTION TO SEAL
## LETTERS TO JUDGE WOLFSON REGARDING CAP TERMS (FEBRUARY 16 AND MARCH 4, 2024)

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
|  | Letter from E. Evans Wohlforth, Jr. (Feb. 16, 2024) (2024.02.16 SaveOn -- Letter to Hon. Wolfson re CAP Terms and Exhibits) | | | | |
| <u>Redactions related to confidential discussion about CAP program</u><br><br>Page 3 ("purpose . . . maximizer"), ("reflecting . . . Program"), ("work . . . Tremfya");<br><br>Pages 3–4 ("email . . . Maximizer") | JJHCS requests the redaction of portions of the February 16 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the February 16 letter will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Redactions to transcript of hearing on discovery disputes<br><br>Exhibit 1 | JJHCS requests the sealing of documents attached to the February 16 letter and related discussions that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions to discovery letters exchanged between counsel and to discovery motions<br><br>Exhibits 2–3, 5, 12 & 13 | JJHCS requests the sealing of documents attached to the February 16 letter and related discussions that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Sealing of documents related to CAP Program project requirements | JJHCS requests the sealing of documents attached to the February 16 letter and related discussions that are not known to the general | If filed on the public docket, these exhibits and related discussion will reveal confidential | JJHCS requests the sealing of only the information that will reveal confidential | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Exhibits 6 & 8 | public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | information that is not known to the general public. No less restrictive alternative is available or practicable. | | |
| Sealing of documents related to JJHCS personnel email discussion about CAP Program data

Exhibits 7 & 9 | JJHCS requests the sealing of documents attached to the February 16 letter and related discussions that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is | None | None |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | contain sensitive business information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | available or practicable. | | |
| Letter from E. Evans Wohlforth, Jr. (Mar. 4, 2024) (2024.03.04 SaveOn -- Letter to Hon. Wolfson re CAP Terms and Exhibits) | | | | | |
| <u>Redactions related to confidential discussion about CAP program</u><br><br>Page 3 ("emails . . . maximizers"), ("email . . . TrialCard"), ("email . . . response"); | JJHCS requests the redaction of portions of the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the | If filed on the public docket, these portions of the March 4 letter will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is | None | None |

5

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | available or practicable. | | |
| Sealing of documents related to JJHCS personnel email discussion about CAP Program data<br><br>Exhibits 4–7 | JJHCS requests the sealing of documents attached to the March 4 letter and related discussions that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

6

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| <u>Redactions related to Quinton Kinne</u><br><br>Exhibit 8, page 3 ("Mr. Kinne . . . TC?"), ("Barklage . . . chain."), ("shows . . . Tremfya.")<br><br>Exhibit 9, page 2 ("talking . . . to be"), ("public . . . SaveOnSP"), ("including . . . Tremfya"), ("indicating . . . SaveOnSP") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

7

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Redactions related to Leigh Wyszkowski<br><br>Exhibit 8, page 3 ("reflects . . . SaveOnSP.")<br><br>Exhibit 9, page 4 ("she tracked . . . Stelara"), ("she was . . . Complaint"), (who was . . . SaveOnSP"), ("who worked . . . maximizers"), ("he would . . . help") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

8

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions related to Daphne Longbothum<br><br>Exhibit 8, pages 3–4 ("neither . . . FAQs"), ("on . . . website"), ("or . . . drugs")<br><br>Exhibit 9, pages 2–3 ("including . . . conditions"), ("she . . . program"), ("she . . . plan"), ("to identify . . . funds"), ("evidence . . . individuals"), ("she . . . plan") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Redactions related to William Shontz | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for | If filed on the public docket, these exhibits and related discussion will reveal confidential | JJHCS requests the sealing of only the information that will reveal confidential | None | None |

9

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Exhibit 8, page 4 ("reflects . . . McKelvey."), ("You ineligible?");<br><br>Exhibit 9, pages 5–6 ("He led . . . guidelines."), ("He also . . . Janssen Drug."), ("edit . . . ERLEADA"), ("the 'max . . .' Erleada"), ("the 'latest . . .' Requirements"), ("'we slightly' . . . Erleada"), ("as reflected . . . T&Cs"), ("the purpose . . . maximizers"), ("which '. . .Criteria'"), ("a regional . . . program"), ("he played . . . Erleada"), ("he appears . . . program"), ("CarePath . . . custodian"), ("the Erleada . . . McCool"), ("'You mean . . . ineligible?'") | which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | information that is not known to the general public. No less restrictive alternative is available or practicable. | | |
| <u>Redactions related to Alison Barklage</u><br><br>Exhibit 8, page 4 ("E2e Quick Wins"), ("Barklage | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for | If filed on the public docket, these exhibits and related discussion will reveal confidential | JJHCS requests the sealing of only the information that will reveal confidential | None | None |

10

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| . . . patients"), ("Janssen . . . vSM.docx"), ("Barklage . . . programs"), ("Barklage . . . maximizers"); Exhibit 9, pages 6–7 ("the JJHCS's . . . herself"), ("a presentation . . . role"), ("Cost . . . owners"), ("changes . . . same"), ("a presentation . . . CarePath"), ("a presentation . . .(Minecci)"), ("sets forth . . . offers") | which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | information that is not known to the general public. No less restrictive alternative is available or practicable. | | |
| Redactions related to Juliette Deshaies Exhibit 9, pages 3–4 ("regarding . . . funds"), ("she . . . Simponi Aria"), ("on strategy '. . . blow-back, etc.'"), ("she . . . Tremfya"), ("draft . . . (CAP)"), ("in that . . . | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is | None | None |

11

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| program"), ("a guide . . . CarePath"), ("the rollout . . . CarePath") | information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | available or practicable. | | |
| <u>Redactions related to Blasine Penkowski</u><br><br>Exhibit 9, pages 7–8 ("Penkowski . . . SaveOnSP"), ("finalize . . .program"), ("show . . . the law"), ("a slide . . . JALT"), ("immunology . . . enrollment"), ("people . . . SaveOnSP"), ("sent . . . in 2021"), ("in March . . . applied"), ("Penkowski . . . in 2020") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

12

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions related to Scott White<br><br>Exhibit 9, pages 8–9 ("the so-called . . . OptumRx"), ("he . . . team"), ("Fielding . . . Programs"), ("sending . . . accumulators"), ("people . . . SaveOnSP"), ("an individual . . . in 2021"), ("White . . . White"), ("another patient complaint"), ("he has . . . complaints") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

13

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Redactions related to Karen Lade<br><br>Exhibit 9, page 9 ("she distributed . . . partners"), ("immunology resource guide"), ("the most . . . CarePath"), ("efforts . . . Simponi Aria"), ("feedback. . . CarePath"), ("CarePath. . . patients"), ("in the . . . feedback") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Redactions related to L.D. Platt<br><br>Exhibit 9, page 10 ("he offered . . . patients"), ("he commented . . . CarePath"), ("he was . . . maximizers"), ("he was . . . funds"), ("he sent . . . lawsuit"), ("he was . . . topic") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Redactions related to Ernie Knewitz<br><br>Exhibit 9, page 10 ("he was . . . CarePath"), ("he was . . . | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for | If filed on the public docket, these exhibits and related discussion will reveal confidential | JJHCS requests the sealing of only the information that will reveal confidential | None | None |

15

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| programs"), ("he was . . . Stelera"), ("he participated . . . maximizers"), ("an email . . . complaint") | which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | material relating to JJHCS's sensitive business information.  Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | information that is not known to the general public. No less restrictive alternative is available or practicable. | | |
| Redactions related to Silas Martin  Exhibit 9, page 10 ("he was . . . Report"), ("Mazuk . . . populations") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is | None | None |

16

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | information, including the administration of the CarePath program. | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | available or practicable. | | |
| Redactions related to John Hoffman<br><br>Exhibit 9, page 11("he participated . . . CarePath"), ("he was . . . programs"), ("he appears . . . Stelera"), ("he was . . . Report") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

17

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions related to CAP search terms<br><br>Exhibit 8, page 4 ("an FAQ . . . CarePath.") | JJHCS requests the sealing of documents and related discussions in the March 4 letter that are not known to the general public and for which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these exhibits and related discussion will reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

18

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |