# EXHIBIT E

# INDEX IN SUPPORT OF MOTION TO SEAL
## LETTERS TO JUDGE WOLFSON REGARDING THE CLAWBACK OF EXHIBIT 81 (FEBRUARY 6, 16, & 22, 2024)

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
|  | Letter from E. Evans Wohlforth, Jr. (Feb. 6, 2024) (2024.02.06 Motion re Privileged Exhibit on Docket) | | | | |
| <u>Redactions related to discussion about confidential correspondence</u><br><br>Page 3 ("had . . . possession."), "(In . . . chain.") | JJHCS requests the sealing of a discussion in the clawback motion related to Exhibit 81 that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that this discussion contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the February 6 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| **Letter from Jeffrey J. Greenbaum (Feb. 16, 2024)** <br> (2024.02.16 Letter from J. Greenbaum to Hon. Wolfson) | | | | | |
| <u>Redactions related to discussion about confidential emails</u><br><br>Page 1 ("with . . . assistant.") | JJHCS requests the sealing of a discussion in the clawback motion related to Exhibit 81 that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that this discussion contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this portion of the February 16 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | disadvantage if its competitors secured the information. | | | |
| Letter from Jeffrey J. Greenbaum (Feb. 22, 2024) (2024.02.22 Letter to Special Master Wolfson re sur reply) | | | | | |
| <u>Redactions related to discussion about confidential emails</u><br><br>Page 2 ("It . . . assistant.") | JJHCS requests the sealing of a discussion in the clawback motion related to Exhibit 81 that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that this discussion contains sensitive business information, including the administration of the CarePath program. | If filed on the public docket, this portion of the February 22 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | disadvantage if its competitors secured the information. | | | |
| Sealing of exhibit containing excerpt from February 13, 2024 JJHCS Privilege Log<br><br>Exhibit 1 | JJHCS requests the sealing of an except to its privilege log, which is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that this exhibit contains information about sensitive business information, including the administration of the CarePath program. | If filed on the public docket, Exhibit 1 would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

4