# EXHIBIT F

# INDEX IN SUPPORT OF MOTION TO SEAL
## LETTERS TO JUDGE WOLFSON REGARDING EARLY TERMS & CONDITIONS AND SEARCH TERMS
### (MARCH 12, 20 & 22, 2024)

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
|  | Letter from E. Evans Wohlforth, Jr. (Mar. 12, 2024) (2024.03.12 Feb. 6. Order Motion and Exhibits) | | | | |
| Page 4 ("that . . . programs"), ("proposing . . . programs"), ("discussing . . . NEHBs"), ("email . . . claims"); Pages 4–5 ("J&J . . . patients"); Page 5 ("The . . . maximizers"), ("CAP . . . deductible"), ("TrialCard . . . Program"), ("J&J . . . program"), ("and . . . SaveOn"), ("Contrary . . . matters"); Page 6 ("At . . . letters"), ("and . . . funds"), ("TrialCard . . . | JJHCS requests the redaction of information and discussion in the March 12 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the March 12 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| CarePath"), ("and . . . plans"), ("J&J . . . work"), ("statement . . . solution"), ("because . . . orders"), ("White . . . CarePath"), ("Penkowski . . . patient"); Page 7 ("documents . . . programs"), ("discussing . . . SaveOn"), ("[a] . . . appropriate"); Pages 7–8 ("That . . . SaveOn"), ("working . . ."); Page 9 ("as . . . SaveOn"), ("draft . . . plans"), ("talk . . . same"), ("indicating . . . CarePath") | | competitors secured the information. | | | |
| Confidential documents related to CAP program<br><br>Exhibits 6, 10, 12, 14–16 & 18–21 (certain exhibits | JJHCS requests the redaction of information and discussion in certain exhibits to the March 12 letter that are not known to the general public and which the parties agreed to | If filed on the public docket, the exhibits to the March 12 letter would reveal confidential material relating to JJHCS's | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the | None | None |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| produced by non-party TrialCard) | keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | general public. No less restrictive alternative is available or practicable. | | |
| Confidential emails related to the CAP program<br><br>Exhibits 7–9, 11 & 17 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 12 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the | If filed on the public docket, the exhibits to the March 12 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | administration of the CarePath program. | information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | available or practicable. | | |
| Redactions to confidential discovery letter exchanged between counsel<br><br>Exhibit 13 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 12 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the March 12 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | at a competitive disadvantage if its competitors secured the information. | | | |
| Letter from Julia Long (Mar. 20, 2024) (2024.03.20 JJHCS Opposition to Feb. 6 Order Motion) ||||||
| Redactions to confidential discovery letter exchanged between counsel<br><br>Exhibits 8 & 9 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 20 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the March 20 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

5

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | disadvantage if its competitors secured the information. | | | |
| Letter from E. Evans Wohlforth, Jr. (Mar. 22, 2024) (2024.03.22 SaveOn Reply to JJHCS Opposition) | | | | | |
| Page 10 ("documents . . . maximizers"), ("refers . . . patients"), ("and . . . works"), ("This . . . shows"); Page 11 ("Penkowski . . . patients"), ("TrialCard . . . maximizers"), ("J&J . . . work"); Pages 11–12 ("some . . . for"); Page 13 ("in . . . SaveOn"); Page 15 ("patient . . . terms"), ("Harris . . . T&Cs"), ("Harris . . . | JJHCS requests the redaction of information and discussion in the March 22 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the March 22 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

6

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| patients"), ("Harris . . . List"), ("Harris . . . SaveOnSP"); Page 16 ("Harris . . . SP"), ("email . . . Days"); Page 17 ("J&J . . . communications"), ("email . . . PrudentRx"), ("draft . . . PrudentRx") | | competitors secured the information. | | | |
| Redactions to confidential discovery letter exchanged between counsel  Exhibits 31, 33 & 34 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 22 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the March 22 letter would reveal confidential material relating to JJHCS's sensitive business information.  Disclosure of this confidential and proprietary information to the public would cause irreparable harm to | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

7

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS is providing redacted documents. | | |
| Confidential emails related to the CAP program<br><br>Exhibits 35–39 & 41 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 22 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the March 22 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

8

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Confidential documents related to CAP program<br><br>Exhibit 42 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 22 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the March 22 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |