E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com
sgalli@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JS)(CLW)<br><br>*Document Electronically Filed*<br><br>**DECLARATION OF<br>E. EVANS WOHLFORTH, JR., ESQ.,<br>IN SUPPORT OF<br>MOTION TO SEAL** |

I, E. Evans Wohlforth, Jr., submit this Declaration in support of the Parties' Joint Motion to Permanently Seal portions of Johnson and Johnson Health Care Systems, Inc.'s ("JJHCS") March 12, 2024 Motion to Compel Regarding Supplemental Interrogatories and Exhibits 1-8, 12-

26, together with SaveOnSP's March 20, 2024 Opposition and Exhibits 1-3, 5-22, as well as JJHCS's Reply and Exhibits 30-42 [the "Motion to Compel," ECF No. 297]. I am an attorney duly authorized to practice law in the State of New Jersey and a member in good standing of the bar of this Court. I am a member of the law firm of Robinson & Cole, LLP, counsel for SaveOnSP.

1. I submit this Certification in accordance with Local Civil Rule 5.3 based upon my personal knowledge in support of the Motion to Seal.

**SaveOnSP Confidential Information**

2. The information that SaveOnSP seeks to seal consists of SaveOnSP's confidential, internal information and communications about its business operations, strategies, and internal programs, which SaveOnSP asserts is proprietary business information.

3. In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Appendix A is a table documenting all materials to be sealed by SaveOnSP, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available. In summary, the information that SaveOnSP seeks to protect from public disclosure is SaveOnSP's proprietary business information.

4. Neither party has objected to the sealing of any of the confidential materials subject to this motion.

5. Redacted versions of the documents containing SaveOnSP's confidential information are being filed with this Motion pursuant to Local Rule 5.3(c)(4), to ensure that the sealing is by the least restrictive means possible.

6. SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted and sealed information contained in the March 12, 2024 Motion to Compel Regarding Supplemental Interrogatories and Exhibits 1-8, 12-26, together with SaveOnSP's March 20, 2024 Opposition and Exhibits 1-3, 5-22, as well as JJHCS's Reply and Exhibits 30-37, 39-42 [ECF No. 297] and in avoiding the public disclosure of this information because it includes SaveOnSP's proprietary business information. The disclosure of this information would grant SaveOnSP's business competitors an unfair competitive advantage. *See e.g.*,; *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

7. SaveOnSP further asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information because it includes patients' health information, the disclosure of which would directly harm patients by publicizing their confidential, protected health details. *See Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information).

8. Accordingly, SaveOnSP respectfully requests that the Court seal the unredacted versions of the letters and exhibits listed in Appendix A. SaveOnSP submits that there is no less restrictive alternative available.

9. SaveOnSP respectfully submits that it has satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, SaveOnSP requests that the Court grant its motion to seal materials.

**JJHCS Confidential Information**

10. In support of this motion, JJHCS has prepared an index setting forth the information that it seeks to seal and the basis for the request (the "JJHCS Confidential Materials"). A copy of this index is attached hereto as Appendix B.

11. As detailed on Appendix B, JJHCS proposes limited redactions to Exhibit 38 to the March 22, 2024 Reply to the Motion to Compel. These redactions pertain to confidential documents produced by non-party Archbow Consulting, LLC ("Archbow") in response to a subpoena served by SaveOnSP in this action.

12. The Archbow documents were designated as Confidential – Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62).

13. In light of the business relationship between JJHCS and Archbow, JJHCS also considers the JJHCS Confidential Materials to contain information confidential to JJHCS, including the administration of the CarePath program.

14. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, JJHCS asserts that its interest in maintaining the confidentiality of these documents is paramount.

15. The parties have continued to safeguard and protect the confidentiality of the JJHCS Confidential Materials during the course of this action. *See* ECF No. 62.

16. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, JJHCS asserts that disclosure of this confidential information serves no useful purpose.

17. JJHCS asserts that sealing of the JJHCS Confidential Materials is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

18. JJHCS is not aware of any objection to having the JJHCS Confidential Materials being sealed.

19. Accordingly, the parties request that the Court grant this motion to seal.

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 18, 2024

By: *s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017
Tel: (212) 451-2900
ewohlforth@rc.com
sgalli@rc.com

and

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*