**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated March 12, 2024 [ECF No. 297] | Letter contains: (1) references to Save On SP, LLC's ("SaveOn") confidential marketing and business strategy, *see* ECF No. 297 Ex 1, 2, 4-8, 12-18, 21-26; and (2) references to a deposition transcript that contains direct and substantive reference to SaveOn's business strategy, *see* ECF No. 297 Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 1 contains an evaluation of an employee's phone call to a patient, comprising proprietary business information. *See* ECF No. 297 at Ex 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No. | No objection |
| Exhibit 2 to letter | Exhibit 2 contains an evaluation of an | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No. | No objection |

| | | | | | |
|---|---|---|---|---|---|
| dated March 12, 2024 [ECF No. 297] | employee's phone call to a patient, comprising proprietary business information. *See* ECF No. 297 at Ex 2. | competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 3 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 10 is a confidential deposition transcript of a SaveOn employee, containing direct and substantive reference to the contents of SaveOn's business plan. *See* ECF No. 297 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes, ECF No. 287 at Ex. 3. | No objection |
| Exhibit 4 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 4 is SaveOn's responses and objections ("R&Os") to JJHCS's interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 5 to letter dated March 12, | Exhibit 5 is an internally generated document about SaveOn's services provided to health plans with which it partners | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No. | No objection |

| | | | | |
|---|---|---|---|---|
| 2024 [ECF No. 297] | outlining its services, comprising proprietary business information. *See* ECF No. 297 at Ex. 5. | information be disclosed to competitors and other market participants. | proprietary business in-formation. | | |
| Exhibit 6 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 6 is a presentation created by Express Scripts describing SaveOn, comprising proprietary business information about SaveOn's function and strategy. *See* ECF No. 297 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No. | No objection |
| Exhibit 7 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 7 is a spreadsheet containing information about SaveOn's interaction and partnership with health plans, comprising proprietary business information. *See* ECF No. 297 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No. | No objection |
| Exhibit 8 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 8 is a presentation created by Express Scripts describing SaveOn, comprising proprietary business information about SaveOn's services and strategy. *See* ECF No. 297 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No. | No objection |

| Exhibit 12 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 12 is a letter from counsel for JJHCS to counsel for SaveOn. The letter directly quotes from SaveOn's interrogatory responses and from internal SaveOn documents produced during discovery, containing references to proprietary business information about SaveOn's services and strategy. *See* ECF No. 297 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 13 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 13 is SaveOn's R&Os to JJHCS's interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 14 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 14 is a series of emails between SaveOn employees and its health plan partners, discussing SaveOn's services and comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No. | No objection |

|  |  |  | information be disclosed to competitors and other market participants. |  |  |
|---|---|---|---|---|---|
| Exhibit 15 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 15 is SaveOn's supplemental R&Os to JJHCS's interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 16 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 16 is a letter from counsel for SaveOn to counsel for JJHCS. The letter contains direct references to SaveOn's business and marketing strategies, comprising proprietary business information. *See* ECF No. 297 at Ex. 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 17 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 17 is SaveOn's supplemental R&Os to JJHCS's second set of interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 17. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 18 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 18 is an internal presentation created by SaveOn to train its employees. The presentation contains information about one of SaveOn's services, SaveOn Advantage, comprising proprietary business information. *See* ECF No. 297 at Ex. 18. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No. | No objection |
| Exhibit 19 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 19 is an email from counsel for SaveOn to counsel for JJHCS. The email chain references SaveOn's marketing strategy, comprising confidential business information. *See* ECF No. 297 at Ex. 19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the email is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 20 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 20 is a presentation created by Express Scripts describing SaveOn, comprising proprietary business information | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No. | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | about SaveOn's function and strategy. *See* ECF No. 297 at Ex. 20. | information be disclosed to competitors and other market participants. | | | |
| Exhibit 21 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 21 is an email from counsel for SaveOn to counsel for JJHCS. The email chain references SaveOn's marketing strategy, comprising confidential business information. *See* ECF No. 297 at Ex. 21. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the email is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 22 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 22 is an internal email chain between SaveOn employees discussing a patient's enrollment in JJHCS's copay assistance, comprising proprietary business information and confidential patient health information. *See* ECF No. 297 at Ex. 22. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 23 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 23 is an email from counsel for SaveOn to counsel for JJHCS. The email chain references SaveOn's marketing strategy, comprising confidential business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the email is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | *See* ECF No. 297 at Ex. 23. | | | | |
| Exhibit 24 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 24 is an internal email chain between SaveOn employees discussing the conduct of a SaveOn employee who interacted with health plan patients, comprising proprietary business information about SaveOn's marketing and strategy. *See* ECF No. 297 at Ex. 24. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 25 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 25 is SaveOn's supplemental R&Os to JJHCS's third set of interrogatories, containing confidential information about SaveOn's business plans, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 25. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 26 to letter dated March 12, 2024 [ECF No. 297] | Exhibit 26 is an internal email chain between SaveOn employees discussing eligible drugs, comprising proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | *See* ECF No. 297 at Ex. 26. | | | | |
|---|---|---|---|---|---|
| Letter dated March 20, 2024 [ECF No. 297] | Letter contains: (1) references to internal evaluations and analysis of SaveOn services, *see* ECF No. 297 at Ex. 2, 3, 5-15; (2) information about its drug lists, *see* ECF No. 297 at JJHCS Ex. 5, 14, 15; and (3) information about its marketing strategy, *see* ECF No. 297 at JJHCS Ex. 1-4, 6, 8, 15, 17-18, 20, 22, 25; SaveOn Ex. 17-19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 1 is a presentation created by SaveOn about its services and benefits, comprising proprietary business information. *See* ECF No. 297 at Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 2 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 2 is a presentation created by SaveOn about its services and benefits, comprising proprietary business information. *See* ECF No. 297 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 3 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 3 is an internal email chain between SaveOn employees discussing its partnership with a corporate health plan, comprising proprietary business information. *See* ECF No. 297 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 5 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 5 is an internal email chain between SaveOn employees discussing a conversation with a patient enrolled in SaveOn, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 6 is an internal email chain between SaveOn employees discussing a conversation with a patient enrolled in SaveOn, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 7 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 7 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 8 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 8 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 9 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 9 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

|  | proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 9. | Patients would also be harmed by the disclosure of their confidential health information. |  |  |  |
|---|---|---|---|---|---|
| Exhibit 10 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 10 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 11 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 11 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| Exhibit 12 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 12 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 13 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 13 is an email chain between SaveOn employees and a patient enrolled in SaveOn, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 14 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 14 is a letter from a patient enrolled in SaveOn to SaveOn leadership, discussing a call between a SaveOn employee and that patient, comprising | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 14. | Patients would also be harmed by the disclosure of their confidential health information. | | | |
|---|---|---|---|---|---|
| Exhibit 15 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 15 is a letter from a patient enrolled in SaveOn to SaveOn leadership, discussing a call between a SaveOn employee and that patient, comprising proprietary business information about SaveOn's marketing and confidential patient health information. *See* ECF No. 297 at Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.

Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 16 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 17 is SaveOn's supplemental R&Os to JJHCS's third set of interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 17 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 17 is an internal document providing answers to health plans' frequently asked questions about SaveOn's services, comprising proprietary business information. *See* ECF No. 297 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 18 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 18 is an internal email chain between SaveOn employees discussing SaveOn drug lists and health plan copay costs, comprising proprietary business information about SaveOn's services. *See* ECF No. 297 at Ex. 18. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 19 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 19 is a meeting agenda for an internal SaveOn meeting held in February 2022, containing references to SaveOn's marketing and business strategies, comprising proprietary business information. *See* ECF No. 297 at Ex. 19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 20 to letter | Exhibit 20 is a letter from counsel for JJHCS | If relief is not granted, SaveOn would be at a | A redacted, public ver-sion of the letter is being | No | No objection |

| | | competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
|---|---|---|---|---|---|
| dated March 20, 2024 [ECF No. 297] | to counsel for SaveOn. The letter references SaveOn's confidential marketing materials and strategy, comprising proprietary business information. *See* ECF No. 297 at Ex. 20. | | | | |
| Exhibit 21 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 21 is a letter from counsel for JJHCS to counsel for SaveOn. The letter references SaveOn's confidential marketing materials and strategy, comprising proprietary business information. *See* ECF No. 297 at Ex. 21. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 22 to letter dated March 20, 2024 [ECF No. 297] | Exhibit 22 is a spreadsheet created by SaveOn compiling patient enrollment and drug information, comprising proprietary business and marketing information about SaveOn and confidential patient health information. *See* ECF No. 297 at Ex. 22. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated March 22, | The letter contains references to SaveOn's marketing strategy, | If relief is not granted, SaveOn would be at a competitive disadvantage | A redacted, public version of the letter is being filed. It is believed that | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| 2024 [ECF No. 297] | comprising proprietary business information, *see* ECF No. 297 at Ex. 5, 8, 14, 17, 20, 25, 30-37, 39-42; SaveOn Ex. 9, 11, 15. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 30 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 30 is an internal spreadsheet with information about SaveOn-enrolled patients, directing SaveOn employees' correspondence with the patients. Exhibit 30 contains proprietary business information about SaveOn and confidential patient health information. *See* ECF No. 297 Ex. 30. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.

Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 31 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 31 is an internal email chain between SaveOn employees with information about SaveOn-enrolled patients, directing SaveOn employees' correspondence with the patients. Exhibit 31 contains proprietary business information about SaveOn and confidential patient | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.

Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | health information. *See* ECF No. 297 Ex. 31. | | | | |
|---|---|---|---|---|---|
| Exhibit 32 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 32 is an internal SaveOn task list, containing information about SaveOn's strategy and marketing plans and comprising proprietary business information. *See* ECF No. 297 at Ex. 32. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 33 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 33 is an internal document compiling feedback from patients about their interactions with SaveOn, comprising proprietary business information about SaveOn's marketing strategy. *See* ECF No. 297 at Ex. 33. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 34 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 34 is an internal email chain between SaveOn employees with information about SaveOn-enrolled patients, directing SaveOn employees' correspondence with the patients. Exhibit 34 contains proprietary business information about SaveOn and | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | confidential patient health information. *See* ECF No. 297 Ex. 34. | | | | |
|---|---|---|---|---|---|
| Exhibit 35 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 35 is an email chain between SaveOn employees, Express Scripts, and a health plan employee with information about SaveOn-enrolled patients and directing SaveOn employees' correspondence with the patients. Exhibit 35 contains proprietary business information about SaveOn and confidential patient health information. *See* ECF No. 297 Ex. 35. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 36 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 36 is SaveOn's R&Os to JJHCS's eleventh set of interrogatories, containing confidential information about SaveOn's business plan, partners, strategy, and marketing and comprising proprietary business information. *See* ECF No. 297 at Ex. 36. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 37 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 37 is a presentation about SaveOn's Advantage program, comprising proprietary business information about its marketing and business strategy. *See* ECF No. 297 at Ex. 37. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 39 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 39 is a letter from counsel for JJHCS to counsel for SaveOn. The letter contains direct references to SaveOn's business and marketing strategies, comprising proprietary business information. *See* ECF No. 297 at Ex. 39. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 40 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 40 is a letter from counsel for SaveOn to counsel for JJHCS. The letter contains direct references to SaveOn's business and marketing strategies, comprising proprietary business information. *See* ECF No. 297 at Ex. 40. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 41 to letter dated March 22, | Exhibit 41 is SaveOn's March 2020 training manual, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

| 2024 [ECF No. 297] | information about marketing and outreach. *See* ECF No. 297 at Ex. 41. | non-public business information be disclosed. | proprietary business information. | | |
| Exhibit 42 to letter dated March 22, 2024 [ECF No. 297] | Exhibit 42 is an internal presentation about SaveOn's October 2019 "operations update," comprising proprietary business information about SaveOn's services and strategy. *See* ECF No. 297 at Ex. 42. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |