SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | : | Hon. Jamel K. Semper, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J. |
| vs. | | Hon. Freda L. Wolfson, Special Master |
| | : | |
| SAVE ON SP, LLC, | | **DECLARATION OF** |
| | : | **JEFFREY J. GREENBAUM** |
| Defendant. | | **IN SUPPORT OF** |
| | : | **JOINT MOTION TO SEAL** |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS"). In accordance with

Local Civil Rule 5.3(c)(3), I submit this Declaration in support of the joint motion to seal letters written by counsel for the parties to Judge Wolfson and the exhibits thereto regarding: (i) SaveOnSP's Motion to Designate Additional Custodians, dated December 28, 2023, with related briefing on January 4 & 8, 2024 (the "Motion to Designate Custodians," ECF No. 271); (ii) SaveOnSP's Motion to Compel regarding the Scope of CAP Custodians, dated January 16, 2024, with related briefing on January 22 & 23, 2024 (the "Motion to Compel CAP Custodians," ECF No. 274); (iii) SaveOnSP's Motion to Compel regarding CAP Search Terms, dated February 7, 2024, with related briefing on February 14 & 16, 2024 (the "Motion to Compel CAP Search Terms," ECF No. 276); and (iv) SaveOnSP's Motion for Clarification and Reconsideration of the Court's February 6, 2024 Order, dated February 20, 2024, with related briefing on March 1, 11, 21 & 25, 2024 (the "Motion for Clarification," ECF No. 280) (collectively, the "Subject Motions").

2.   I make this Declaration based upon my personal knowledge and review of the letters and exhibits. The parties seek to seal portions of the Subject Motions through the instant motion, in accordance with Local Civil Rule 5.3(c).

3.   As detailed in the below chart, we are attaching the following proposed public versions of the following motions that combine both JJHCS's and SaveOnSP's proposed redactions:

| Attached Exhibit | Motion Title | ECF Number |
|---|---|---|
| Exhibit A | Motion to Designate Additional Custodians | ECF No. 271 |
| Exhibit B | Motion to Compel CAP Custodians | ECF No. 274 |
| Exhibit C | Motion to Compel CAP Search Terms | ECF No. 276 |
| Exhibit D | Motion for Clarification | ECF No. 280 |

4. As shown in Exhibits A to D, the parties are proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

5. Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

6. In support of this motion, the parties have prepared indices setting forth the information that they seek to seal and the basis for the request as follows:

| | |
|---|---|
| Exhibit E | JJHCS's proposed redactions to Motion to Designate Additional Custodians |
| Exhibit F | SaveOnSP's proposed redactions to Motion to Designate Additional Custodians |
| Exhibit G | JJHCS's proposed redactions to Motion to Compel CAP Custodians |
| Exhibit H | SaveOnSP's proposed redactions to Motion to Compel CAP Custodians |
| Exhibit I | JJHCS's proposed redactions to the Motion to Compel CAP Search Terms |
| Exhibit J | SaveOnSP's proposed redactions to the Motion to Compel CAP Search Terms |
| Exhibit K | JJHCS's proposed redactions to the Motion for Clarification |
| Exhibit L | SaveOnSP's proposed redactions to the Motion for Clarification |

7. The parties have reviewed each other's proposed redactions, and neither party has objected to the sealing of any of the confidential materials subject to this motion.

**JJHCS Confidential Information**

8. The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two

causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

9. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

10. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program and the JJHCS business. Certain of these documents are attached as exhibits the Subject Motions and include confidential emails, letters, presentations, interrogatory responses, charts, notes, and drafts of internal documents.

11. JJHCS designated its production of these documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

12. As detailed in Exhibits F, H, J, L, and N, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

13. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. In particular, the proposed redactions and exhibits largely pertain to JJHCS's CAP program, JJHCS's financial information, and the drafting of the

CarePath terms and conditions, all of which JJHCS considers to be confidential. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

14. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action. *See* ECF No. 62.

15. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

16. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

**SaveOnSP Confidential Materials**

17. SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted and sealed information contained in these filings and in avoiding the public disclosure of this information because it includes SaveOnSP's proprietary business information, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage. *See e.g.*, *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business

information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

18. SaveOnSP further asserts that it has a legitimate interest in maintaining the confidentiality of the redacted and sealed information contained in these filings and in avoiding the public disclosure of this information because it includes confidential patient health information, the disclosure of which would be harmful to patients. *See Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information).

19. As set forth in Exhibit G, SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the Motion to Designate Additional Custodians (ECF No. 271) as the documents contain proprietary business information including references to internal marketing strategies and confidential drug lists.

20. As set forth in Exhibit I, SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the Motion to Compel CAP Custodians (ECF No. 274) as the documents have confidential proprietary information about SaveOnSP's drug lists.

21. As set forth in Exhibit K, SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the Motion to Compel CAP Search Terms (ECF No. 276) as the documents have confidential proprietary information about SaveOnSP's CAP program and strategy, SaveOnSP's confidential employee handbook, and SaveOnSP's business plan.

22. Lastly, as set forth in Exhibit M, SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted information contained in the Motion for Clarification (ECF No. 280), as the documents contain confidential proprietary business information including a presentation analyzing patient and medication data, and internal and/or confidential email chains about such data.

23. Accordingly, SaveOnSP respectfully requests that the Court seal the unredacted versions of the above documents, as explained further in Exhibits G, I, K, and M.

24. SaveOnSP submits that there is no less restrictive alternative available.

25. SaveOnSP respectfully submits that it has satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, SaveOnSP requests that the Court grant its motion to seal materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2024.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
