# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

December 28, 2023

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
>           *No. 2:22-cv-02632 (ES) (CLW)*

Dear Special Master Wolfson:

Defendant Save On SP, LLC ("**SaveOn**") submits this letter pursuant to Your Honor's request during the status conference on December 21, 2023.

The November 7 Order did not decide SaveOn's motion to compel Plaintiff Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to designate additional custodians as to five custodians. Dkt No. 165.[1] As SaveOn noted in the December 21 conference, after it

---

[1] The Court's November 7, 2023 Order required J&J to add six of seven custodians identified in that Order. Dkt. No. 173 at 2. Where the Court denied requests for relief in the November 7 Order, it did so explicitly. Dkt. No. 173 at 2 ("SaveOn's request for relief set forth in Docket Entry No. 162 is DENIED"). In addressing SaveOn's motion regarding additional custodians, in contrast, the

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                                          Page 2

submitted its motion, J&J and third parties produced additional documents confirming the rele-

vance of four of those custodians: Scott White, Blasine Penkowski, Karen Lade, and Juliette

Deshaies.

      This new evidence demonstrates that:

- **White** and **Penkowski** discussed whether SaveOn's services purportedly violate CarePath's terms and conditions—which goes to J&J's understanding of those provisions (which J&J unilaterally drafted), the disputed meaning of which is at the heart of J&J's claim that SaveOn induced plan members to violate them.

- **Lade** was involved with telling patients about accumulators, maximizers, and SaveOn in 2018 but did not tell them that those services violated CarePath's terms and conditions—which goes to J&J's claim that SaveOn's conduct violates those contract terms and SaveOn's defense that J&J's claim is a recently concocted, made-for-litigation position.

- **White** and **Penkowski** were counterparties for J&J on contracts with TrialCard, the J&J vendor that administered the CarePath Program, so had authority over CarePath's payments to patients via TrialCard—which goes to J&J's allegations that SaveOn caused it to make increased payments that injured it and threatened CarePath's financial viability and to SaveOn's defenses that J&J's own CarePath budget was the cause of these payments (not SaveOn) and that J&J could continue

_____

Court stated that it "will require" J&J to add six additional custodians but said nothing regarding the other five requested custodians.

Hon. Freda L. Wolfson                                                                                              Page 3

making CarePath payments.

- **Penkowski** and **Lade** were involved with J&J's earliest formulation of a response to SaveOn's services—which goes to SaveOn's defense that J&J could have reduced or stopped payments to patients on SaveOn-advised plans but did not, thus failing to mitigate J&J's damages.

- **White** and **Deshaies** know that CarePath is a marketing program that generates a return for J&J by selling more drugs and raising drug prices (by making patients less cost sensitive to drug costs)—which goes to SaveOn's defenses that SaveOn's conduct does not threaten CarePath's financial viability, and that helping more patients enroll in CarePath financially benefits J&J (offsetting some or all of its alleged injury and damages), and any harm to CarePath is a commercial harm and not a public harm under the GBL.

The details follow.

**White** and **Penkowski** met with third party Archbow Consulting in January 2022, a few months before J&J filed this lawsuit, ███████████████████████████████ ███████████████████████████████. The document that shows this, Exhibit 1 (ARCHBOW_000443),[2] produced by Archbow, is the earliest document produced from before the filing of this lawsuit that reflects any understanding by J&J that SaveOn purportedly induced

---

[2] Archbow produced this document on October 30, 2023 following the Court conference on SaveOn's motion. ███████████████████████████████ ███████████████████████

Hon. Freda L. Wolfson                                                                  Page 4

breaches of CarePath's terms and conditions. The document's context strongly indicates that this

was a made-for-litigation position. It is relevant when and why White and Penkowski formed that

understanding on behalf of J&J, which they then shared outside of J&J.

      **White** played key roles with CarePath's budget and J&J's "investment" in that program.



Ex. 2 (TRIAL-

CARD_00002367).[3]

Ex. 3

(JJHCS_00140480) (attaching Ex. 4 (JJHCS_00140485)).[4]

Ex. 4

(JJHCS_00140485) (emphasis added).                                            for

drugs at issue, (i) countering allegations that SaveOn's conduct caused it to pay more in CarePath

funds, Compl. ¶¶ 23, 115, and (ii) undermining any suggestion that SaveOn threatens CarePath's

financial viability, *id.* ¶ 114. They also show that CarePath is a marketing program, countering

J&J's claim that harm to CarePath is a public harm, necessary to its GBL claim. Compl. ¶¶ 113-

15.

---

[3] All documents with the Bates TRIALCARD_ cited in this letter were produced by TrialCard on October 27, 2023—after the submission of SaveOn's motion to compel.

[4] All documents cited from J&J's production, with the Bates JJHCS_, were produced by J&J on December 22, 2023.

Hon. Freda L. Wolfson                                                                           Page 5

**Penkowski** was integral to J&J's response to accumulators, maximizers, and SaveOn as early as May of 2018—four years before the filing of this lawsuit.[5] ███████████████

████████████████████████████████████████████████████████████

████ Ex. 6 (JJHCS_00140929); *see also* Ex. 7 (JJHCS_00142063) (██████████████

████████████████████████████). ██████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████. Ex. 8 (TRIALCARD_00002400). But, ██████████

████████████████████████████████████████ countering J&J's allegation that

it believed such members were ineligible for CarePath. *See* Compl. ¶¶ 48, 108, and illustrating

J&J's failure to mitigate its purported damages. Aff. Defs. ¶¶ 24-29.

████████████████████████████████████████████████████████████

██████████████████████████████████. Ex. 9 (TRIALCARD_00003383); Ex. 10

(JJHCS_00142033). ████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████. Ex. 9 (TRIAL-

CARD_00003383). Among other things, ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████. *Id.* at -384. This indicates that ██████████████████████

████████████████ which tend to disprove J&J's allegations that SaveOn's conduct harms plan

_____

[5] ███████████████████████████████████████████████████████████ Ex. 5
(JJHCS_00142781).

Hon. Freda L. Wolfson                                                                    Page 6

members, Compl. ¶ 114, and that the so-called "SaveOnSP Program" is different from plan ben-
efit design, Compl. ¶¶ 1, 3. Further, it bolsters SaveOn's defense that J&J failed to mitigate its
damages, Aff. Defs. ¶¶ 24-29.

      **Lade** was involved with J&J's response to accumulators, maximizers, and SaveOn at least
early as May of 2017—and apparently did ***not*** believe that SaveOn's services violated CarePath's
terms and conditions in 2018. ███████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

Ex. 11 at -360 (JJHCS_00141359). █████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████ *Id.* This shows
that J&J was fully aware of accumulator and maximizer programs but decided not to reduce its
CarePath budget, failing to mitigate its purported damages, Aff. Defs. ¶¶ 27-28, ████████

███████████████ ████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████, *see, e.g.*, Ex. 12 (JJHCS_00144460) (at-
taching Ex. 13 (JJHCS_00144463)), counter to J&Js allegations, *see* Compl. ¶¶ 48, 108. ███

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 13
(JJHCS_00144463). This is directly contrary to J&J's allegations that SaveOn could set those
terms. Compl. ¶¶ 3, 10.

      **Deshaies** helped formulate J&J's response to accumulators and maximizers, ████████

Hon. Freda L. Wolfson                                                          Page 7



. Ex. 14 (JJHCS_00141440) (attaching Ex. 15 (JJHCS_00141442)).

Ex. 15 (JJHCS_00141442). J&J has alleged that copay assistance is to benefit the patient, not a marketing program, Compl. ¶¶ 113-15, .

These documents confirm the relevance of these four individuals, whom the Special Master should compel J&J to designate as custodians, running all agreed or ordered search terms from April 1, 2016 to November 7, 2023. SaveOn stands on its prior motion as to Ernie Knewitz.

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Hon. Freda L. Wolfson                                                                                    Page 8

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBITS 1-15
# CONFIDENTIAL – FILED UNDER SEAL



www.pbwt.com

January 4, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re:     **JJHCS's Opposition to SaveOnSP's Dec. 28 Motion to Compel**
        *Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
        **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to the December 28, 2023 letter motion by Defendant SaveOnSP, LLC ("SaveOnSP") to compel the production of documents from five additional JJHCS custodians. SaveOnSP's motion should be summarily rejected because (1) Judge Waldor already denied it, (2) the time to seek reconsideration of Judge Waldor's ruling has long since elapsed, and (3) the "new evidence" cited by SaveOnSP is not new and provides no basis to disturb Judge Waldor's decision.

*Judge Waldor Denied This Motion Two Months Ago*

At the outset, we are at a loss to understand how SaveOnSP can claim that Judge Waldor "did not decide" this dispute. She did. These same five employees were part of SaveOnSP's October 25 motion to compel twelve additional custodians from JJHCS. That motion was the subject of truly exhaustive briefing by the parties, culminating in an 1,844-page submission that included a 27-page single-spaced joint letter and 146 exhibits from SaveOnSP. *See* D.E. 165. Ultimately, Judge Waldor granted the motion in part and denied it in part, ordering

Hon. Freda L. Wolfson
January 4, 2024
Page 2

JJHCS to add exactly half of the custodians SaveOnSP had sought—specifically, six of the seven

employees SaveOnSP claimed were relevant to a particular initiative (the "CAP program").

There is nothing ambiguous or mysterious about Judge Waldor's November 7

order. *See* D.E. 173 at 2 ("**ORDERED** that, with regard to SaveOnSp's request for relief set forth

in Docket Entry No. 165, the Court will require Plaintiff to add six of the custodians that SaveOnSp

identified with regard to the CAP program (amongst Kinne, Longbothum, Shontz, Barklage,

Joffman, Platt, and Wyszkowski).").[1]  Not only is this clear on its face, it is also consistent with

Judge Waldor's remarks at the discovery conference the previous week, at which she explained

that she was only going to grant the motion as to six "CAP" custodians.  *See* Oct. 30, 2023 Tr. at

55:10–65:1 ("THE COURT:  Well, I thought CAP, the 12 new custodians included CAP

custodians. . . .  ***I'm going to open the doors on CAP***."  (emphasis supplied)); *id.* at 116:20–24

("I'm going to permit additional custodians.  ***I know we're down to six***." (emphasis supplied)).

JJHCS accepted Judge Waldor's ruling and immediately began collecting and

processing the documents of the six additional custodians.  SaveOnSP gave us no indication that

it failed to accept Judge Waldor's decision; for example, the parties repeatedly conferred about

which six custodians JJHCS should add based on the November 7 order, and JJHCS ultimately let

SaveOnSP select all six.  Even after Your Honor was appointed and expressly invited SaveOnSP's

views as to the current status of discovery and expected disputes, SaveOnSP did not identify

---

[1] SaveOnSP implies that Judge Waldor's ruling on this motion is ambiguous because it does not
expressly say "DENIED," as it does for another SaveOnSP motion.  *See* SaveOnSP Dec. 28, 2023
Ltr. at 1–2 n.1.  But that other motion was denied ***in full***—hence "DENIED"—whereas
SaveOnSP's custodians motion was not (because Judge Waldor granted SaveOnSP half the
additional custodians it sought).  There is simply no ambiguity here.

Hon. Freda L. Wolfson
January 4, 2024
Page 3

JJHCS custodians as one of the still-open issues. *See* SaveOnSP Dec. 20, 2023 Ltr. at 3. Yet

apparently SaveOnSP has changed its mind, and now believes it is entitled not only to the six

custodians it won, but also five of the other six it lost.[2]

This "do-over" approach to discovery litigation is inappropriate and should be

rejected. The time of the Court and the parties is wasted by serial relitigation of issues that have

already been decided. Parties must either abide court orders or timely seek relief from them;

otherwise the process breaks down entirely. Thus, if SaveOnSP truly thought that Judge Waldor

had wrongly decided its motion, or had neglected some crucial aspect of it, SaveOnSP's recourse

was a motion for reconsideration "served and filed within 14 days," setting forth "the matter or

controlling decisions" Judge Waldor "overlooked." L. Civ. R. 7.1(i). Tellingly, SaveOnSP was

indisputably aware of the proper procedure, because on November 20—the day before that 14-day

deadline elapsed—SaveOnSP asked JJHCS to consent to an extension of time for SaveOnSP to

seek reconsideration of Judge Waldor's November 7 order. JJHCS declined to consent, and

SaveOnSP chose not to seek reconsideration. Yet SaveOnSP now resorts to judge-shopping,

hoping that Your Honor will reach a different conclusion than Judge Waldor, who oversaw such

---

[2] SaveOnSP's attempted relitigation of this motion is consistent with its practice of repeatedly raising the same issues over and over again, in an apparent attempt to perpetually restart discovery and thereby forestall resolution of this case indefinitely. Indeed, October 30 was not even the first time SaveOnSP made a motion relating to four of these employees. *See* D.E. 122 at 2–4 (SaveOnSP arguing in June 2023 that documents involving White, Penkowski, Lade, and Deshaies justified compelling additional, expansive discovery from entities other than JJHCS). As for Knewitz, SaveOnSP requested that JJHCS add him as a custodian in August, and JJHCS promptly declined to do so. Yet SaveOnSP delayed moving to compel his designation until the deadline for substantial completion—which had already been extended twice—elapsed.

Hon. Freda L. Wolfson
January 4, 2024
Page 4

discovery disputes for more than 1.5 years in this case.  SaveOnSP's gambit should be rejected on this basis alone.

<u>SaveOnSP's Renewed Motion Remains Meritless</u>

Even if Your Honor were inclined to disregard both Judge Waldor's ruling and the untimeliness of SaveOnSP's requested do-over, SaveOnSP's motion should be denied on the merits.  The parties' joint letter concerning these same individuals set forth why there is no basis to compel JJHCS to add them as custodians—especially not the three "apex" executives (White, Penkowski, and Knewitz).  *See* D.E. 165 at 17–22 & n10.

Nothing in SaveOnSP's latest missive disturbs that conclusion.  Rather, as set forth in the pages that follow, SaveOnSP has cherry-picked different iterations of documents that it already included in its failed October 2023 motion to Judge Waldor—e.g., different calendar invitations involving the same people, or different vendor contracts involving the same vendor.  In other instances, SaveOnSP has made basic errors or incorrect assumptions about the content of the cited documents.  JJHCS could have clarified each of these for SaveOnSP, if SaveOnSP had sought to meet and confer before bringing this motion.  *See* L. Civ. R. 37.1.  SaveOnSP filed this motion without any prior conferral with JJHCS's counsel.

Below, JJHCS addresses the specific employees SaveOnSP is targeting, and sets forth why SaveOnSP's motion should be denied as to each one.

**Ernie Knewitz** is a Vice President of Communications.  Based on its investigations to date, JJHCS has no reason to believe that Mr. Knewitz would have unique documents relating to SaveOnSP or JJHCS's response to the SaveOnSP program.  SaveOnSP apparently agrees, since its letter contains no new argument or exhibits whatsoever regarding Mr. Knewitz.

Hon. Freda L. Wolfson
January 4, 2024
Page 5

      **Scott White** is Company Group Chairman, North America Pharmaceuticals—among the highest-ranking executives in the Johnson & Johnson family of companies, with no day-to-day responsibilities for the relevant patient assistance programs. SaveOnSP contends that Mr. White must be added as a custodian because he was the "counterparty" on vendor work orders and "hosted" a meeting of the Janssen Americas Leadership Team where a "Copay Adjustment Program" was scheduled to be discussed. SaveOnSP made these same arguments to Judge Waldor, repeatedly and without success. *See* D.E. 165 at 5 (arguing in October 2023 ███████████████ ████████████████████████████████); D.E. 122 at 4 (arguing in June 2023 ████████ ███████████████████████████████████████████'). And, just as before, the documents cited by SaveOnSP are certainly not unique to Mr. White and indeed were already produced from the files of existing JJHCS custodians or subpoenaed nonparties.[3]

      **Blasine Penkowski** is JJHCS's Chief Strategic Customer Officer. Perhaps because SaveOnSP has twice lost motions relating to Ms. Penkowski, this third attempt resorts to egregious mischaracterizations of the record. For example, SaveOnSP purports to cite documents showing

---

[3] SaveOnSP cites one such document, Exhibit 1 (ARCHBOW_000443), in support of a theory that ████████████████████████████████ Exhibit 1 does not actually say any of that. It ████████████████ ███████████████████████████████████████ Based on JJHCS's preliminary investigation, we ████████████████████████████████████████████████████. Instead, ██████████████████████████████████████████████. *See* JJHCS Ex. 1. These ████████ cannot justify SaveOnSP's attempt to harass senior executives who are—at most—cumulative of custodians JJHCS has already designated.

Hon. Freda L. Wolfson
January 4, 2024
Page 6

██████████████████████████████████████████████████████████████████████

Yet not a single document cited by SaveOnSP actually supports that claim.[4]

As another example, SaveOnSP claims to see great significance in the fact that

Exhibit 8 (███████████████████) imposed no ██████ for SaveOnSP-affected patients,

which purportedly shows that ████████████████████████████████████████████

██████ But ██████████████████████████████████████████████████████████████

███████████████████████████████████. *Compare* Ex. 8 at 1 (███████████████

████████████████████████████████), *with* JJHCS Ex. 3 at 1 (████████████████

█████████████████).  In other words, Exhibit 8 is irrelevant to this case—and, as with

SaveOnSP's other exhibits, does not support SaveOnSP's motion.

**Karen Lade** is a Product Director of Rheumatology Marketing at Janssen

Pharmaceuticals, and there is no reason to believe that she would have unique documents or

communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program.  The two

emails and one attachment cited by SaveOnSP regarding Ms. Lade do not mention SaveOnSP at

all.  As with Ms. Penkowski, these documents appear to refer to maximizer programs and

accumulator programs generally—and ████████████████████████, a time during which

---

[4] This portion of SaveOnSP's letter cites Exhibits 5 through 10.  Exhibit 5 is ████████████████
████ and does not mention SaveOnSP.  Exhibits 6 and 7 also do not mention SaveOnSP at all, but
discuss only ████████████████████ generally—a categorization that SaveOnSP
insists does not apply to its own program.  *See, e.g.*, JJHCS Ex. 2 (SOSP_0013797) (████████
████████████).  Exhibit 8 is a ████████████████
████████████████████ and likewise does not mention SaveOnSP at all.  Only Exhibits 9 and
10 mention SaveOnSP; ████████████████████
████████████████—and Ms. Penkowski is not even included on Exhibit 9.

Hon. Freda L. Wolfson
January 4, 2024
Page 7

SaveOnSP was still largely unknown (and intentionally so). *See, e.g.*, JJHCS Ex. 4 (SOSP_0176827) (SaveOnSP founder and president Jody Miller admonishing his co-founders in April 2018 to ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛).

   **Juliette Deshaies** works primarily on marketing with respect to a specific cancer drug—not CarePath or any other issues in this litigation. SaveOnSP's argument to the contrary is a repeat of its unsuccessful argument to Judge Waldor in October. *Compare* SaveOnSP Dec. 28, 2023 Ltr. at 7 (arguing now that Deshaies evaluated work product from a vendor working on the "CAP program"), *with* D.E. 165 at 6–7 (arguing then that documents showed ⬛⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛). SaveOnSP's application is supported by a single email and attachment, ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ along with multiple JJHCS employees who are already custodians. This falls woefully short of justifying the exceedingly late addition of Ms. Deshaies as a custodian—***eight months*** after JJHCS advised SaveOnSP, on May 19, 2023, that there was no basis to do so.

   We appreciate Your Honor's attention to this matter, and we are available to answer any questions.

         Respectfully submitted,

         */s/ Harry Sandick*
         Harry Sandick

cc: Counsel for SaveOnSP

Enclosures

# EXHIBITS 1-4
# CONFIDENTIAL – FILED UNDER SEAL

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 8, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
>       **No. 2:22-cv-02632 (ES) (CLW)**

Dear Special Master Wolfson:

Defendant Save On SP, LLC ("**SaveOn**") replies to Johnson & Johnson Health Care Sys-
tems, Inc. (with its affiliates, "**J&J**")'s January 4, 2024 opposition to SaveOn's December 28,
2023 letter regarding its pending request to compel J&J to designate five additional custodians.

Judge Waldor did not rule on this request. J&J points to nothing in her November 7 Order,
Dkt No. 173, or otherwise, that did so. There was thus no ruling for her to reconsider, as J&J
suggests. Even if she had denied the request, SaveOn could move for reconsideration now based
on documents produced after the Order, *see Omega S.A. v. Giftland Co.*, No. CIV. 06-

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                                      Page 2

4580(WJM), 2008 WL 4890173, at *1–2 (D.N.J. Nov. 12, 2008), such as those addressed in its

December 28, 2023 letter, which Your Honor could resolve. Dkt. No. 184.[1]

      **Scott White and Blasine Penkowski.** SaveOn's Exhibit 1—which Archbow confirmed



is ███████████████████████████████—████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████. While J&J says it "appears" that ██████████████

████████████████████████████████████████████. Even if

Exhibit 1 referred ████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████.[2] J&J does not substantiate its claim that their documents would be cumulative

of other custodians'; it has neither collected nor run search terms over their documents showing

how many unique documents they have for review. Dkt. No. 165 Ex. 7.

---

[1] Contrary to J&J's assertions, SaveOn told it several times that the November 7 Order did not
address the five custodians, including (1) in the parties' meet-and-confer on November 27, 2023,
prompting J&J to reserve its rights regarding the custodians, Ex. 16  (Nov. 28, 2023 Letter); (2)
during the December 21, 2023 conference before Your Honor; and (3) in emails on December 22,
2023. Ex. 17 (Dec. 22-26, 2023 Emails between J. Long and E. Snow).

[2] J&J did not produce the document that it now cites ████████████████████████████
████████████, disclosing it for the first time as an exhibit to its opposition. J&J's Ex. 1. J&J had
no apparent basis to withhold this document: It is from the relevant time period, includes emails
from a J&J custodian (██████, includes multiple agreed search terms, and is responsive to mul-
tiple SaveOn document requests—including for all communications regarding SaveOn and J&J's
response to SaveOn and similar companies.

Hon. Freda L. Wolfson                                                              Page 3

**White.** N        ewly produced documents reveal new information about ███ Exhibit 2, █

█████████████████████████████████████████████████████████████████

███████████████████████ Ex. 2; ███████████████████████████, *see* D     kt. No.

165 Exs. 39-46. Exhibits 3 and 4 show that ██████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████ Exs. 3 & 4. Previously produced documents showed

that ████████████████████████████████████████████████████████████

██████████████████████████████████. Dkt. No. 165 Ex. 33. While J&J says

the new documents are not "unique" to White, ███████████████████████████

█████████████████████████ hence he likely has unique, responsive documents.

**Penkowski.** Newly produced documents confirm Penkowski's relevance: Exhibits 5 to 7

show her role in responding to ████████████ a term that J&J used internally to refer to SaveOn,

*see* Ex. 18 (JJHCS_00027234), and that J&J used to describe SaveOn in its Complaint, Compl. ¶

50 n.7, so Penkowski's official response on behalf of J&J to accumulators is relevant. SaveOn's

denial that it is an accumulator does not change that J&J called it one. Exhibit 8 shows that ███

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████ Exhibits 9 and 10 █████████████████████████

█████████████████████████████████████████

**Karen Lade**. Newly produced documents show Lade's involvement with J&J's response

to ██████████████████ Exs. 11-13, both terms that J&J used to refer to SaveOn,

Ex. 18 (JJHCS_00027234) (██████████████████████████); Ex. 19 (JJHCS_00006991)

Hon. Freda L. Wolfson                                                          Page 4

(█████████████████████). While J&J says that SaveOn was "largely unknown" in

2017 and 2018, ███████████████████████████████████████, Ex. 20

(SOSP_0524936) (attaching Ex. 21 (SOSP_0524937)), a███████████████████████

████████████████████████████, Ex. 22 at 8 (JJHCS_00081467 at -474), and, ███

██████████████████████████████████████████ Ex. 23

(SOSP_0026532). While J&J says Lade is unlikely to have unique documents, it has not collected

her documents or run search terms to back up that claim.

**Juliette Deshaies**. J&J concedes that Deshaies worked on marketing at least one of the

drugs at issue. It does not contest that newly produced documents demonstrate that ████████

██████████████████████████████████████████████████████████████████

████████████████████████████. *See* Ex. 15.

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Hon. Freda L. Wolfson                                                              Page 5

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 16



www.pbwt.com

November 28, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> **2:23-cv-02632 (ES) (CLW)**

Dear Meredith:

We write to memorialize our November 27, 2023 meet and confer concerning SaveOnSP's Responses and Objections to JJHCS's Ninth Set of Requests for Production and various topics related to the Court's November 7, 2023 Order.

**I.      JJHCS's Requests for Production Nos. 95 and 96**

JJHCS's RFP Nos. 95 and 96 request all documents and communications concerning SaveOnSP's employee confidentiality obligations and any communications with SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee confidentiality policies. You have refused to produce documents and communications responsive to either RFP.

During the meet and confer, we explained the relevance of these policies, including that SaveOnSP's employee confidentiality obligations bear directly on measures that SaveOnSP has used to prevent its employees from communicating with JJHCS and others with regard to SaveOnSP's conduct at issue in this action. SaveOnSP's own Response to Interrogatory No. 18 confirms this to be true; indeed, in SaveOnSP's Response to Interrogatory No. 18, ███████████████████████████████████████████████████████████████████ *See* SaveOnSP Response to JJHCS Interrogatory No. 18. The relevance of these policies and any documents or communications relating to them is conceded by the reference to them in SaveOnSP's own interrogatory responses and therefore indisputable. In our call, you offered no valid basis for refusing to produce these documents. Nor have you articulated any reasonable burden argument to producing the requested documents, let alone to the production of the two policies.

Meredith Nelson, Esq.
November 28, 2023
Page 2

In light of the above, please reconsider your position and produce all documents and communications concerning your employees' confidentiality obligations, including the two policies identified above. If you are unwilling to do so, we will consider the parties at impasse on this issue. Please provide a response by December 5, 2023.

## II. Custodians

As discussed during our meet and confer, the Court's November 7 Order directs JJHCS to add six of the seven "CAP" custodians (Kinne, Longbothum, Shontz, Barklage, Hoffman, Platt, and Wyszkowski) and directs the parties to "meet and confer regarding the identities of the additional custodians and to work out any necessary logistics." (ECF No. 173 at 2.) During the meet and confer, SaveOnSP requested that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians. JJHCS agrees to do so, and will review documents hitting on the search strings below for these CAP custodians for the time period January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

(*See* ECF No. 173 at 3.) To be clear, JJHCS reserves all rights, including with respect to the remaining custodians at issue in the parties' October 25, 2023 joint letter. (*See* ECF No. 165.)

## III. Terms & Conditions

The Court's November 7, 2023 Order further states that "Defendant shall continue to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence)." (ECF No. 173 at 1.) As discussed, SaveOnSP's November 3 proposal, which "repeat[s]" prior requests that "JJHCS identify the predecessor programs from which the 'other offer' provision was drawn and identify the employees and documents sources for those programs" without a time period limitation, does not follow this directive.

We look forward to receiving your proposal containing narrowed requests for production as to CarePath's Terms and Conditions by December 5.

## IV. Document Refresh

At the end of our call, SaveOnSP briefly raised the issue of the parties' document refresh. On this point, the Court's Order is unambiguous: it requires both parties to update their document productions "*without limitation*" through November 7, 2023. (*See* ECF No. 173 at 3.) JJHCS is doing what the Court ordered. JJHCS will refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's Order. Indeed, following the Court's Order, JJHCS immediately began

14734540

Meredith Nelson, Esq.
November 28, 2023
Page 3

collecting and processing this data so that it could be promptly reviewed and produced, which will in turn allow the parties to complete fact discovery by April 25, 2024, as the Court has ordered us to do. By December 5, please confirm that SaveOnSP is doing the same, *i.e.*, please confirm that:

- SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023;

- SaveOnSP will supplement its production of documents using all previously agreed-upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and

- SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

*     *     *     *

We remain available to meet and confer.

Very truly yours,


*/s/ Julia Long*
Julia Long

14734540

# Exhibit 17

**Elizabeth Snow**

| | |
|---|---|
| **From:** | Long, Julia (x2878) <jlong@pbwt.com> |
| **Sent:** | Tuesday, December 26, 2023 9:20 AM |
| **To:** | Elizabeth Snow; David Elsberg; Andrew Dunlap; Meredith Nelson; Wohlforth, E. Evans |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); Arrow, Sara (x2031); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com; _cg J&J-SaveOn |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) |

Elizabeth,

We do not agree with you that the custodians motion has not been fully decided—it has been decided, and the Court ordered the production of some documents from several custodians.  That said, we have no objection to Judge Wolfson seeing the papers you added to the Box folder on Friday.

We will send to Mr. Fang, copying your team, today.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

jlong@pbwt.com

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Friday, December 22, 2023 4:12 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** Re: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)


*Caution: External Email!*


Julia,

1

Judge Wolfson requested the open motions and the documents cited in those motions. The Box was missing SaveOn's motion to compel additional custodians, which has not yet been fully decided. That motion cites other motions from the October 30, 2023 conference and the June 20, 2023 joint letter (all filed under seal). Similarly, two motions uploaded by JJHCS refer to the February 24, 2023 joint letter. SaveOn uploaded those documents to ease Judge Wolfson's review.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
_____

+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, December 22, 2023 11:41 AM
**To:** Elizabeth Snow <esnow@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

Elizabeth:

We noticed that you added several motions to the Box that Judge Waldor already decided, as well as several unsealed docket entries. Could you please confirm your basis for doing so? Our understanding was that Judge Wolfson only wanted briefing on the open motions and transcripts that she did not have access to.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Friday, December 22, 2023 2:28 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>

**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** Re: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

*Caution: External Email!*

Julia,

Thank you for creating the secure Box link. For completeness and to comply with the Court's wishes, we have uploaded the additional outstanding joint letter regarding custodians, and documents to which those sealed joint letters refer. You have our approval to share the complete Box with Mr. Fang.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
---
+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Thursday, December 21, 2023 11:36 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

Elizabeth,

Following today's status conference before Judge Wolfson, we pulled together the transcripts from prior conferences before Judge Waldor and the briefing on open discovery motions. The materials can be found at the secure Box link below, which I have shared with you and your colleagues copied here.

███████████████████████████████

We ask that you please confirm by 2:00 p.m. tomorrow that we have your consent to send these materials to Mr. Fang. Per Judge Wolfson's request, we also have included a copy of the Protective Order.

Best,

Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

# EXHIBITS 18-23
# CONFIDENTIAL – FILED UNDER SEAL