# EXHIBIT B

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
         **No. 2:22-cv-02632 (ES) (CLW)**

Dear Special Master Wolfson:

On behalf of Defendant Save On SP LLC ("**SaveOn**"), we write to ask you to compel Plaintiff Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to fully comply with that portion of the Court's November 7, 2023 Order compelling J&J to add six additional document custodians and to run previously-agreed or ordered search terms over their documents. Dkt No. 173 at 2. Contrary to the Order, while J&J agreed to add the custodians, it refuses to run all search terms over their documents.

SaveOn moved the Court "to compel JJHCS to add the above twelve custodians and run ***all*** agreed-upon or Court-ordered search terms and any future agreed-upon or Court-ordered search terms over their files." Dkt No. 165 at 15 (emphasis added). On November 7, 2023, Judge

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                    Page 2

Waldor granted that motion as to six of seven custodians, without limitation.[1] Yet J&J refuses

run all search terms during the current discovery period of April 1, 2016 to November 7, 2023

for those custodians, saying it will instead run only two search terms related to its CAP program

and only from January 1, 2022 to November 7, 2023. Ex. 1 (January 8-12, 2024 Email Chain).

J&J's position is baseless. It argues that a different part of the Order, compelling it to run

three search terms related to its CAP program (the "CAP terms")[2] for all custodians from July 1,

2022 to October 30, 2023, Dkt. No. 166 at 5, somehow limits its searches for the six new custo-

dians to those same restricted terms and time period. Ex. 1 (January 8-12, 2024 Email Chain).

Not so. SaveOn's motion for new custodians, Dkt. No. 165, and its motion for the CAP terms,

Dkt No. 166, were separate. Judge Waldor resolved them separately. *Compare* Dkt. 173 at 2

(ruling "with regard to SaveOnSp's request for relief as set forth in Docket Entry No. 165") *with*

*id.* at 2-3 ("resolv[ing] the issues set forth in Docket Entry No. 166"). J&J has no basis to conflate

the two; the Court's ruling on SaveOn's custodians motion stands on its own.

SaveOn's custodian motion asked that J&J run ***all*** search terms for new custodians, Dkt.

165 at 15, and Judge Waldor granted that motion as to the six custodians without limitation, Dkt

No. 173 at 2. Judge Waldor separately imposed a time period starting in 2022 for the CAP terms,

Dkt. 173 at 2-3, because SaveOn sought a similar time period in its CAP terms motion, Dkt. No.

166 at 5, but SaveOn sought no such limit in its custodians motion, Dkt. 165 at 15, and Judge

Waldor imposed none. Where the Court imposed time limits, Dkt. 173 at 2-3 (setting "temporal

scope" of CAP terms), or denied relief, *id.* at 2 ("SaveOnSP's request for relief set forth in Docket

---

[1] The parties agreed to add the following six custodians: Quinton Kinne, Daphne Longbothum, William Shontz, Alison Barklage, John Hoffman, and L.D. Platt.

[2] The terms are: "CAPm" OR "CAPa" OR "adjustment program." Dkt No. 166 at 5.

2

Hon. Freda L. Wolfson                                                                    Page 3

Entry No. 162 is DENIED"), it did so expressly, but it did not do so here.

Even were the Order ambiguous (it is not), there is no basis to limit searches for these custodians to the CAP terms or to exclude documents before 2022. J&J does not represent that these individuals' relevant work was only on the CAP program and only in that time period. *See* Dkt. No. 165 at 22-25. In its custodians motion, to the contrary, SaveOn cited evidence of their broader relevance. *See, e.g.,* Dkt. No. 165 at 8-13 (███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████).

Unsurprisingly, then, these custodians have relevant documents that do not contain the CAP terms that J&J says it will use. Shontz, for instance, ████████████████████████

████████████████████████████████████████████████████. Ex. 2

(JJHCS_00002339) ("███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████). This is strong evidence that J&J never believed that the existing CarePath language proscribed SaveOn, devastating to the tortious interference claim. Solely running the terms "CAPa," "CAPm," or "adjustment program," would exclude this plainly relevant email. So too would it exclude ████████████████████████████, Ex. 3 (JJHCS_00011226), and ████████████████████████████████ Ex. 4 (JJHCS_00001206), both of which demonstrate J&J's awareness of how SaveOn works and go towards SaveOn's mitigation defense. Aff. Defs. ¶¶ 24-29. J&J has no basis to restrict its searches of the custodians'

Hon. Freda L. Wolfson                                                                Page 4

documents to the three CAP terms.

These custodians also have relevant documents from before 2022, the date from which J&J declares it will begin running its searches. ██████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████████. Dkt. No. 165 Ex. 126 (JJHCS_00069171); Compl. ¶¶ 93, 96, 102. ███████████████████████████████████

███████████████████████████████ for a J&J drug at issue in this case. Ex. 5 (JJHCS_00104963); Compl. ¶ 91. ████████████████████████

██████████████████████. Ex. 6 (JJHCS_00142275). ██████████████████

████████████████ Ex. 7 (ARCHBOW_000436), and █████████████████

█████████████████████████████. Ex. 8 (JJHCS_00156513). Such documents concerning cost support and J&J's responses to accumulators and maximizers go to J&J's damages and SaveOn's mitigation affirmative defense. *See* Aff. Defs. ¶¶ 24-29. J&J has no basis to exclude the six custodians' documents from before 2022.

SaveOn thus respectfully requests that, consistent with the Order, Your Honor compel J&J to run all agreed-upon or court-ordered search terms for Shontz, Hoffman, Barklage, Longbothum, Kinne, Platt for the full discovery timer period of April 1, 2016 to November 7, 2023.

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

4

Hon. Freda L. Wolfson                                                    Page 5

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Friday, January 12, 2024 3:38:00 PM
**To:** SaveOn-Team <SaveOn-Team@selendygay.com>
**Subject:** FW: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)


**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
---------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, January 12, 2024 3:37 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth:

Thank you for your email.  We have considered your position on the applicable search parameters for the CAP custodians, and decline to accept it.

As explained in our November 28 and December 22 letters, as well as during our meet and confer, we propose two search strings for the new CAP custodians designed to conform specifically to the text of the November 7 Order and to capture documents related to the CAP program, to be run from January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

We anticipate substantially completing our document production using these search parameters by the end of this month.

Best,

Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Monday, January 8, 2024 6:33 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

<mark>*Caution: External Email!*</mark>

Counsel,

As discussed in this afternoon's meet-and-confer, SaveOn's position is that, under the text of the Court's November 7, 2023 order, J&J must run all search terms for the full April 1, 2016 through November 7, 2023 time period, over all six court-ordered custodians. Your position is that the Court ordered J&J to run some search terms as to those custodians for only a limited time period. You pointed to nothing in the order where the Court said this, and instead relied upon a different paragraph stating that it resolved a different motion.

We would otherwise be ready to bring the dispute to Judge Wolfson, but you mentioned the possibility of a compromise in which J&J runs all other agreed-upon search terms found on Exhibit A to your December 22, 2023 letter for the full time period except for the three CAP terms listed below, which you would run for a more limited time frame.

To avoid doubt, those CAP terms are:

- CAPa OR CAPm OR "adjustment program"
- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)
- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

We are always open to a reasonable settlement to avoid raising a dispute to the Court. If you would like us to consider a compromise, please provide a specific proposal and reasoning by close of business on Wednesday, January 10, 2024.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
-------------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# EXHIBITS 2-8
# CONFIDENTIAL – FILED UNDER SEAL



January 22, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

>    Re:    **JJHCS's Opposition to SaveOnSP's January 16 Motion to Compel**
>    *Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
>    <u>No. 2:22-cv-02632 (JKS) (CLW)</u>

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to the January 16, 2024 letter motion by Defendant SaveOnSP, LLC ("SaveOnSP") seeking additional relief on the six "CAP custodians" that were the subject of previous motion practice and Judge Waldor's November 7, 2023 order.

Once again, SaveOnSP is making motions that misstate the record and seek the production of documents that go well beyond what was previously briefed and decided. SaveOnSP asked Judge Waldor to compel JJHCS to produce additional discovery relating to its "CAP program," beginning in 2021, including through custodians who SaveOnSP insisted were "likely to have unique documents relating to the CAP program." D.E. 165 at 7–8; D.E. 166 at 2–3. At oral argument on October 30, SaveOnSP explained that it sought the designation of "seven custodians who we specifically identified as related to the CAP program," as well as CAP-focused search terms covering a "year and a half," starting "in 2022"—as counsel acknowledged, "we are not talking about a very long time period here." Oct. 30 Tr. at 76:3–78:20. Judge Waldor granted

Hon. Freda L. Wolfson
January 22, 2024
Page 2

some but not all of the CAP-focused relief SaveOnSP sought.  She decided to "open the doors on

CAP," directed JJHCS to add six custodians "with respect to the CAP program," and even provided

search parameters and a time period of "January 1, 2022 through the present" for additional CAP

discovery.  *See* Oct. 30 Tr. at 56:1; D.E. 173 at 2–3.  JJHCS has followed this ruling to the letter.

Yet now SaveOnSP claims that Judge Waldor actually wanted JJHCS to produce

documents from these "CAP custodians" not just about the CAP program, but on all manner of

topics going back to April 1, 2016—*five years* before the CAP program began.  SaveOnSP's

expansive reinterpretation is inconsistent with its own previous arguments and irreconcilable with

Judge Waldor's ruling.  Indeed, this is the third letter brief to Your Honor in which SaveOnSP has

claimed to construe Judge Waldor's intent while studiously avoiding any citation to the October

30 conference, at which these very issues were discussed for several hours.  That omission is

telling.  The full record shows that Judge Waldor granted limited relief as to the CAP program and

related custodians; there is no basis to disturb her ruling.  Accordingly, Your Honor should deny

SaveOnSP's motion.  SaveOnSP should focus its considerable energies not on meritless discovery

motions but rather on timely completing its own discovery obligations without further delay or

distraction.

## I.      SaveOnSP Sought Narrow Relief Related to the CAP Program

SaveOnSP asked Judge Waldor to compel JJHCS to add certain custodians due to

their ostensible involvement in the "CAP Program," beginning "in or around 2021"—in particular,

because SaveOnSP insisted that documents about the CAP program were "crucial."  D.E. 165 at

7–8.  The relevant portion of SaveOnSP's motion is excerpted below:

Hon. Freda L. Wolfson
January 22, 2024
Page 3



_Id._ (highlighting supplied).

SaveOnSP then repeated this rationale as to the individual custodians—that each was "likely to have unique documents regarding the CAP program," which, again, was created "in or around 2021." _See, e.g._, _id._ at 8 ("Kinne is likely to have unique documents regarding the CAP program"), 9 ("Longbothum is likely to have unique documents regarding the CAP program"), _et seq._  And SaveOnSP expressly linked its motion to a "forthcoming submission," i.e., a follow-on SaveOnSP motion on the same subject of CAP program discovery:

| SaveOnSP Motion, D.E. 165, at p. 7 | SaveOnSP Motion, D.E. 166, at pp. 2–3 |
|---|---|
| As described in more detail in a forthcoming submission, in or around 2021, JJHCS created its CAP program as part of an effort to respond to accumulators and maximizers… | In or around 2021, J&J created a program called a "cost adjustment program" or "copay adjustment program" ("CAP"), as part of an effort to "adjust" the amount of copay assistance payments that J&J made to patients who were on accumulators and maximizers…. |

Hon. Freda L. Wolfson
January 22, 2024
Page 4

## II.    Judge Waldor Addressed and Resolved Both CAP Motions Together, Ordering Narrower Relief than SaveOnSP Sought

Because SaveOnSP had filed two motions on the same topic, Judge Waldor chose to address them together, and took up SaveOnSP's requested "CAP custodians" during an extended colloquy about what JJHCS should produce "in terms of CAP." *See* Oct. 30 Tr. at 54:8–56:6 *et seq.*  As part of that colloquy, after SaveOnSP's counsel described his request for CAP-focused search terms, he characterized SaveOnSP's ask as modest and focused:

> MR. ELSBERG:  …the CAP program started in -- thank you -- in 2022. So we are not talking about a very long time period here.
>
> THE COURT: So in terms of search terms for CAP A, CAP M, and adjustment programs, it's 2022 through today.
>
> MR. ELSBERG: Yes. It's 2022 through whatever date it is that they're seeking damages.

*Id*. at 77:4–12.  Judge Waldor then again sought to confirm the CAP relief SaveOnSP requested as to the so-called CAP custodians.  *Id.* at 77:16–17 ("THE COURT:  What about these seven custodians that we were talking about before?").  Notably, SaveOnSP's counsel did ***not*** say that the seven employees were relevant to issues other than CAP, or that Judge Waldor should compel JJHCS to produce documents from them going back five years before the CAP program began. Just the opposite:  SaveOnSP's entire argument was that these employees should be added because they were "***specifically identified as related to the CAP program***," and asked Judge Waldor to grant the motion as to the "six custodians where we have strong evidence of their [involvement] in CAP."  *Id.* at 77:21–20 (emphasis supplied).

It is in this context—an extended discussion of CAP-related discovery across two overlapping motions—that Judge Waldor's November 7 order arose.  In that order, she directed

Hon. Freda L. Wolfson
January 22, 2024
Page 5

JJHCS to add "six of the custodians that SaveOnSp identified with regard to the CAP program,"

as SaveOnSP's counsel had specifically requested.  D.E. 173 at 2.  And she ordered JJHCS to run

specific "custodial document searches," directly tied to the CAP-related terms discussed at the

conference,[1] for the narrow time period of "January 1, 2022 to the present."  *Id.* at 2–3.

Thus, SaveOnSP's present insistence that the two motions were "separate" and that

"Judge Waldor resolved them separately" is refuted by the record.  This is why SaveOnSP

completely ignores the October 30 transcript when it insists that Judge Waldor intended to order

extremely broad discovery from these CAP custodians going back to 2016, five years before the

CAP program began.  One will search the October 30 transcript in vain for any evidence that this

was Judge Waldor's intent.  Instead, she said the opposite:  "I'm going to open the doors **on CAP**."

Oct. 30 Tr. at 56:1 (emphasis supplied).[2]

---

[1] Although it is not material to this dispute, for purposes of ensuring a clear record we note that SaveOnSP's letter incorrectly describes the search string Judge Waldor ordered JJHCS to run.  *See* SaveOnSP Jan. 16, 2024 Letter at 2 n.1.  Citing its own previous motion, D.E. 166, SaveOnSP claims that Judge Waldor ordered JJHCS to run the terms listed in footnote 2 of its letter ("CAPa" OR "CAPm" or "adjustment program").  That is not accurate.  In fact, Judge Waldor compelled a narrower search of only documents that hit those terms **and** "the term 'SaveOn' (or reasonable variations / abbreviations)."  D.E. 173 at 2–3.  This was another topic of discussion at the October 30 conference, with SaveOnSP's counsel repeatedly trying to change the "**and** SaveOn" to "**or** SaveOn" to vastly broaden the scope of the search, and Judge Waldor repeatedly and unequivocally declining to do so.  *See* Oct. 30 Tr. at 101:14–108:22.

[2] For this reason, SaveOnSP is not helped by its repeated reliance on a single line in D.E. 165, in which it asked the Court "to compel JJHCS to add the above twelve custodians and run all agreed-upon or Court-ordered search terms . . . over their files."  D.E. 165 at 15.  Simply put, Judge Waldor did not grant that relief.  Instead, she ordered JJHCS to produce documents from a smaller number of custodians "with regard to the CAP program" using the far narrower search parameters discussed above.

Hon. Freda L. Wolfson
January 22, 2024
Page 6

### III.    There Is No Basis to Expand the Scope of Judge Waldor's Ruling to Unrelated Topics and Irrelevant Time Periods

In the alternative, SaveOnSP seeks a do-over on the grounds that "these custodians have relevant documents that do not contain the terms that J&J says it will use."  SaveOnSP Jan. 16, 2024 Letter at 3.  The do-over attempt is improper and the justification is a strawman.  The real question—particularly now, as this case approaches its two-year anniversary—is whether the employees at issue would have *unique* relevant documents, i.e., documents that are not merely cumulative of what JJHCS has already produced from its sixteen full custodians.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (barring "unreasonably cumulative or duplicative" discovery); *Sugg v. Virtusa*, 2020 WL 6585872, at *2 (D.N.J. Nov. 10, 2020) (denying motion to compel where, as here, the existing custodians included "high-ranking executives in the company, as well as the heads of several relevant business groups," and the movant failed to show that additional requested custodians had "any unique knowledge").  And the answer to the question whether this review would lead to unique documents is no:  as JJHCS explained to SaveOnSP in March of 2023, when SaveOnSP first began asking for some of these employees to be added, we have no reason to believe that any of them would have unique, non-privileged documents or communications going back to 2016 that relate to the non-CAP issues in this lawsuit.[3]

---

[3] SaveOnSP itself has observed that, even though JJHCS has designated sixteen "full" custodians, most of its custodial documents came from the files of a core group of four employees most directly involved in the relevant issues.  *See* D.E. 165 at 2 (SaveOnSP complaining that "the vast majority" of JJHCS's production "came from only *four* custodians or from noncustodial files"); *id.* at 16 (JJHCS explaining that "[i]f anything, this reflects simply that the relevant knowledge about SaveOnSP's operations was limited to a small number of people at JJHCS, which is not surprising given SaveOnSP's self-professed goal of operating in the shadows").  This prospect of diminishing returns is presumably why Judge Waldor rejected SaveOnSP's blunderbuss demand for twelve more JHHCS custodians after the substantial completion deadline for document production had

Hon. Freda L. Wolfson
January 22, 2024
Page 7

None of the exhibits to SaveOnSP's letter support a different conclusion. For starters, SaveOnSP has had some of the documents it now cites for more than ten months—they were part of JJHCS's very first custodial production—demonstrating how stale SaveOnSP's arguments are. These are documents that could have been presented to Judge Waldor by SaveOnSP in support of its prior motions; SaveOnSP chose not to do so. Moreover, in most of the email chains cited by SaveOnSP, the email involving the CAP custodian at issue is fully redacted for privilege. *See* Ex. 3 at -227; Ex. 5 at -963–64; Ex. 6 at -275. There is, of course, no good reason to add ever-more custodians whose relevant communications are privileged and therefore will not be produced regardless. All else aside, the fact remains that every single JJHCS document now cited by SaveOnSP was already produced from the files of at least one existing JJHCS custodian.[4] Taken together, they confirm that SaveOnSP already has full coverage from JJHCS's existing custodians. There is no reason, other than harassment and delay, for SaveOnSP to demand more.

*     *     *

It is time for this case to move forward, and JJHCS is committed to making that happen. We expect to substantially complete JJHCS's production of documents by the end of January, so that the parties can meet the Court's fact discovery deadline of April 25, 2024. Unfortunately, SaveOnSP has no intention of meeting that deadline. After our last appearance

---

already elapsed, and instead directed JJHCS only to produce additional discovery that was specific to the CAP program.

[4] SaveOnSP also attaches one document produced by a third party, ███████████████████ ███████████████████████████████████t—who is already a "full" JJHCS custodian.

Hon. Freda L. Wolfson
January 22, 2024
Page 8

before Your Honor, SaveOnSP announced that it "intends" to substantially complete its own

refresh production "by March 31, 2024." That obviously will not leave the parties with enough

time to complete all fact depositions by April 25 as the Court ordered. And the delay is the point.

Every month that this litigation continues is another month that SaveOnSP is able to

misappropriate millions of dollars from JJHCS's patient assistance programs, harming patients

and JJHCS alike. Indeed, SaveOnSP is only making a "refresh production" in the first place

because it renounced the parties' previous agreement on a cutoff date, and unilaterally insisted that

custodial discovery must be carried forward into the present. *See, e.g.*, Oct. 30 Tr. at 97:14–98:2.

Having eagerly sought out that obligation, SaveOnSP cannot use it as an excuse for noncompliance

with yet another discovery deadline.

In light of this development, we request that Your Honor direct SaveOnSP to

substantially complete its production by February 15, so that depositions can proceed and fact

discovery can finally end. SaveOnSP has ample resources to meet the Court's deadline if it focuses

its energies on compliance, and not on the endless re-litigation of meritless motions to compel.

We appreciate Your Honor's attention to this matter, and we are available to answer

any questions.

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc:     Counsel for SaveOnSP

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 23, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
        ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Special Master Wolfson:

Defendant Save On SP LLC ("**SaveOn**") replies to Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**")'s January 22, 2024 opposition to SaveOn's January 16, 2024 motion.

In Dkt. 165, SaveOn moved to compel J&J to add "twelve custodians and run ***all*** agreed-upon or Court-ordered search terms … over their files." Dkt. 165 at 15 (emphasis added). In her November 7 Order, Judge Waldor granted that motion as to six custodians, with no limit on the search terms to be run. Dkt. 173 at 2. J&J now asserts that the Order requires it to run only limited "CAP" search terms for a limited time period. This new position, which J&J did not raise in

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

its motion papers or at the October 30, 2023 discovery conference, is part of a recurring pattern:

J&J insists that SaveOn review massive numbers of documents at breakneck speed; at the same

time, J&J tries to narrow its own document review by minimizing custodians, search terms, and

topics; J&J then demands a prompt end to discovery while it still withholds key materials. The

Court should reject this approach. The Order requires J&J to use all search terms. SaveOn asked

the Court to add these custodians and run all search terms over their files because of compelling

evidence that they were involved in relevant aspects of J&J's business; running narrower terms

over a limited time would omit relevant documents. J&J's arguments are unavailing.

    *First*, while J&J says that SaveOn sought to add the six custodians at issue solely because

they were involved with the CAP program, Opp. 2-3, SaveOn pointed out in its motion that these

custodians were involved with multiple relevant aspects of J&J's business. *See, e.g.*, Dkt. 165

at 8 (███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████), Dkt. 165 at 10 (██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████).

    *Second*, while J&J suggests that SaveOn asked the Court to compel it to run only the

CAP terms for these custodians, Opp. 3, SaveOn plainly asked the Court to compel J&J to run

"***all***" search terms for all requested custodians, not limited terms. Dkt. 165 at 15 (emphasis

added).

Hon. Freda L. Wolfson                                                                    Page 3

*Third*, J&J's assertion that Judge Waldor issued combined relief for SaveOn's motion for

J&J to add custodians (Dkt. 165) and its motion for J&J to run the CAP terms (Dkt. 166) is flatly

incorrect—in the November 7 Order, Judge Waldor decided those separate motions separately.

Dkt. 173 at 2 (addressing Dkt. 165), 2-3 (addressing Dkt. 166). J&J asserts that, in the discovery

conference, after hearing argument on the CAP terms, Judge Waldor asked SaveOn "to confirm

the CAP relief SaveOnSP requested as to the so-called CAP custodians" and SaveOn did not ask

that J&J run all search terms for those custodians. Opp. 4-5 (citing Oct. 30 Tr. at 77:4-17). That

is not what happened. After hearing argument on the CAP terms, the Court asked SaveOn's

counsel, "What else do you want?"; SaveOn's counsel said that it sought nothing else on CAP

terms ("That's what we're seeking on this one"); the Court then moved to the separate topic of

custodians ("What about these seven custodians that we were talking about before?"), on which

separate SaveOn counsel presented argument, *id.* at 77:8-78:20. The Court never asked SaveOn

to "confirm the CAP relief" that it sought for the custodians, J&J never raised the issue, and the

Court never said or suggested that J&J need run only CAP terms for the custodians.

*Fourth*, in asserting that the custodians do not have unique, relevant documents, J&J tries

to rewrite the discovery rules. Opp. 6. SaveOn cites evidence showing that they were deeply in-

volved with relevant aspects of J&J's business, Dkt. 165 at 7-14; this is more than enough to cre-

ate a fair inference that these J&J employees have unique documents that the CAP terms would

not identify and justify the Court's Order that J&J run all search terms over their documents. *See*

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-CV-05275 (MCA),

2015 WL 5055241, at *3 (D.N.J. Aug. 21, 2015) (compelling defendants to add up to ten addi-

tional custodians for a total of 76 custodians, given size and scale of the action and the number of

defendant personnel involved). J&J has also produced emails involving these custodians on

Hon. Freda L. Wolfson                                                              Page 4

which other custodians were not copied (the emails were produced only because they were sub-

sequently forwarded to other custodians), *e.g.*, Ex. 6 (JJHCS_00142275), indicating that these

custodians may well have documents that are not in other custodians' files. J&J cannot credibly

assert the contrary, having not reviewed the documents that it intends to exclude.

*Fifth*, with no substantive response to the documents that SaveOn cites, J&J asks Your

Honor to ignore them. J&J says that SaveOn could have cited some documents in its custodians

motion, Opp. 7—but SaveOn cites them now to show that limiting J&J's searches to the CAP

terms would exclude relevant evidence, Mot. at 3-4, something not at issue in its custodians mo-

tion, as J&J never raised it. J&J notes that it redacted some cited emails for privilege, Opp. 7—

but it does not say that all relevant documents of these non-attorneys are privileged and SaveOn

contests many of J&J's privilege claims, Ex. 9 (Jan. 2, 2024 Ltr. from T. Stone to J. Long). J&J

also notes that SaveOn cites only documents that J&J already produced, Opp. 7—but SaveOn

obviously could not cite documents that J&J withholds, and those documents support SaveOn's

motion.

*Finally*, J&J accuses SaveOn of delay in its own document production; these accusations

are untrue and irrelevant to this motion.[1] J&J then asks the Court to order SaveOn to substan-

tially complete its refresh production by February 15, 2024. While that request is inappropriate

---

[1] Among other things, J&J suggests that SaveOn is responsible for the Court's order that the parties conduct "refresh" productions because SaveOn purportedly "renounced the parties' previous agreement on a cutoff date and unilaterally insisted that custodial discovery must be carried forward into the present." Opp. 8 (citing Oct. 30 Tr. 97:14-98:2). This is decidedly not so. The parties generally agreed to end document productions on July 1, 2022, but reserved rights to request production past that point as needed. *See, e.g.*, Ex. 10 (Oct. 3, 2023 Ltr. from A. Dunlap to S. Arrow (agreeing to run certain search terms for one custodian for the period July 1, 2022 to October 1, 2023)). Based on evidence of J&J's ongoing CAP program, SaveOn moved the Court to compel J&J to run three CAP-related search terms to the present, Dkt. 166; it did ***not*** ask that J&J update its entire document production using the full set of search terms that J&J had previously run. At the October 30, 2023 conference, J&J's counsel nevertheless called SaveOn's request "tantamount" to a "wholesale update of our document production," Oct. 30 Tr. 86:2-8, which it was not. Then, having

Hon. Freda L. Wolfson                                                          Page 5

here—in an opposition to a separate motion without any prior notice or attempt to meet and con-

fer—SaveOn would be glad to discuss an appropriate substantial completion deadline that ac-

counts for *all* additional documents that J&J must produce, including from these custodians.

      SaveOn appreciates the Court's attention to this matter.

                  Respectfully submitted,

                  /s/ E. Evans Wohlforth, Jr.
                  E. Evans Wohlforth, Jr.
                  Robinson & Cole LLP
                  666 Third Avenue, 20th floor
                  New York, NY 10017-4132
                  Main (212) 451-2900
                  Fax (212) 451-2999
                  ewohlforth@rc.com

                  David Elsberg (admitted *pro hac vice*)
                  Andrew R. Dunlap (admitted *pro hac vice*)
                  Meredith Nelson (admitted *pro hac vice*)
                  Elizabeth H. Snow (admitted *pro hac vice*)
                  SELENDY GAY ELSBERG PLLC
                  1290 Avenue of the Americas
                  New York, NY 10104
                  (212) 390-9000
                  deslberg@selendygay.com
                  adunlap@selendygay.com
                  mnelson@selendygay.com
                  esnow@selendygay.com

                  *Attorneys for Defendant Save On SP, LLC*

---

given SaveOn no notice (much less met and conferred), J&J's counsel asked Judge Waldor to compel SaveOn to do
a "full update" of its own production through the present, Oct. 30 Tr. 87:9-18. Simply put: the refresh production came
on J&J's motion, not SaveOn's.

# Exhibit 9

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy**
**gay**
**elsberg**

Taylor Stone
Associate
212.390.9088
tstone@selendygay.com

January 2, 2023

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC*** **(Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

We write regarding J&J's October 6, 2023 privilege log.

*First*, J&J withholds documents based on attorney-client privilege without indicating that they involve communications with counsel. For example, PL000000172 contains a document called ███████████████ ████████████████████████████████████" The author of this document is Adrienne Minecci, who is not an attorney, and there is no counsel listed. Exhibit 1 contains a list of withheld documents with no indication of counsel involved. Please produce these documents or provide a detailed basis for J&J's assertion of attorney-client privilege for each document.

*Second*, J&J withholds documents based on attorney-client privilege that do not appear privileged based on their descriptions. For example, PL000000586 contains a document entitled "████████████████████ ████████████ This document was not authored by attorneys and its name does not indicate that it contains legal advice. J&J also withheld documents for which it apparently could have redacted any privileged information instead of withholding the documents in full. For example, PL000000552 contains a document entitled "████████████████████████████████████ It is implausible that this document, which the parent email indicates is new hire training material, consists solely of legal advice. Exhibit 2 contains a list of documents that appear to be entirely or partially non-privileged. Please produce these

Julia Long
January 2, 2023

documents (with redactions if warranted) or provide a detailed basis for J&J's as-
sertion of attorney-client privilege over each document or redaction.

*Third,* J&J withholds 131 calendar invites under either attorney-client priv-
ilege or work product doctrine. *See, e.g.,* PL000000008, PL000000398,
PL000000820–21, PL000001084. The invites are not subject to the attorney-cli-
ent privilege: Even if the purpose of the meetings was to provide legal advice, gen-
eral facts such as the time of or participants in those meetings are not privileged.
*See* N.J. R. Evid. § 504 (stating that the privilege applies to "communications," not
surrounding facts). The invites also do not qualify for work product doctrine, as
there is no indication that they were prepared predominantly for use in litigation.
Exhibit 3 contains a list of these calendar entries. Please produce them or provide
a detailed basis for J&J's privilege assertions over each document.

*Fourth,* J&J failed to provide a privilege log for documents it produced with
redactions. J&J agreed to produce its privilege log on October 6, 2023, *see e.g.,*
Aug. 31, 2023 Letter from J. Long to M. Nelson, and never stated that it would
exclude documents redacted for privilege; SaveOn agreed to produce its privilege
log on the same date, *see e.g.,* Sept. 13, 2023 Letter from M. Nelson to J. Long, and
its log included redacted documents. All assertions of privilege must be justified by
a specific explanation, including a presentation of "factual grounds and legal anal-
yses." *Seacoast Builders Corp. v. Rutgers,* 358 N.J. Super. 524, 542 (App. Div.
2003). J&J failed to provide any justification for its privilege redactions, many of
which appear inappropriate. *See, e.g.,* JJHCS_00112943 (redacting all substantive
content in ████████████████████████████████████████████████████,
none of whom are attorneys); JJHCS_00105491 (redacting what appears to be a
████████████████████████ to several non-attorneys
with no attorneys on the chain); JJHCS_00114204 (redacting an ████████████
████████████████████████████████████████████████████);
JJHCS_00113376 (redacting all substantive content in an email thread, part of
which appears to be ████████████████████). Please update your privilege log
to include all documents redacted for privilege.

*Fifth,* J&J appears to inappropriately assert the attorney work product doc-
trine for many documents. This doctrine protects the confidentiality of papers pre-
pared by, or on behalf of, attorneys in anticipation of litigation. Fed. R. Civ. P.
23(b)(3)(A). J&J asserts this privilege relating to this litigation, filed in May 2022,
for documents starting in 2017, *see, e.g.,* rows PL000000037–38, 48, and contin-
uing to late 2021. *See, e.g.,* rows PL000000883, 0981, 1024, 1045, and 2738. While
J&J notes that the documents "provide[] information necessary for counsel to ren-
der legal advice regarding current litigation," *id.,* the work product doctrine does
not apply retroactively to documents created before litigation was reasonably an-
ticipated. *See Rivard v. Am. Home Prod., Inc.,* 391 N.J. Super. 129, 155 (App. Div.
2007). Exhibit 4 contains a list of documents withheld solely on the basis of the
work product privilege that likely date from before J&J anticipated this litigation.
Please (1) state the date on which J&J first anticipated this litigation; and (2)

Julia Long
January 2, 2023

produce all documents before that date for which J&J currently asserts only the work produce privilege.

  *Sixth*, J&J withholds or redacts documents based on attorney-client privilege where the privilege appears to have been waived ██████████████████
████████████████ *See, e.g.*, JJHCS_00121527-51 (██████████████
██████); JJHCS_00035175-80 (███████████ ███████ ███████████);
JJHCS_00122617-22 (███████████ ███████ ███████ ████████);
JJHCS_00112043-47 (█████████████████ ███████ ███ ██████);
JJHCS_00111939 (███████████████); JJHCS_00026849
(██████████████████). Communication made voluntarily with a "non-privileged" person breaks the attorney-client privilege. *See Ashland Inc. v. G-I Holdings Inc.*, 2019 WL 1552750 (N.J. Super. Ct. App. Div. Apr. 10, 2019). The party claiming the privilege must show in a non-conclusory fashion why the privilege should apply. *Rivard*, 391 N.J. Super at 152. Exhibit 5 contains a list of these documents. Please produce these documents or explain in detail why any privilege in the documents was not waived by disclosure to a third party.

  We request a response and production of all documents requested herein by January 9, 2023. We reserve all rights and are available to meet and confer.

Regards,

/s/ Taylor Stone

Taylor Stone
Associate

Julia Long
January 2, 2023

## Exhibit 1

**Documents with no counsel listed:**

| | | | |
|---|---|---|---|
| PL000000043 | PL000000044 | PL000000049 | PL000000096 |
| PL000000098 | PL000000099 | PL000000100 | PL000000133 |
| PL000000168 | PL000000170 | PL000000171 | PL000000172 |
| PL000000176 | PL000000177 | PL000000222 | PL000000223 |
| PL000000226 | PL000000227 | PL000000230 | PL000000231 |
| PL000000239 | PL000000240 | PL000000241 | PL000000243 |
| PL000000244 | PL000000245 | PL000000246 | PL000000256 |
| PL000000271 | PL000000272 | PL000000273 | PL000000274 |
| PL000000275 | PL000000290 | PL000000291 | PL000000295 |
| PL000000313 | PL000000314 | PL000000349 | PL000000376 |
| PL000000386 | PL000000394 | PL000000456 | PL000000457 |
| PL000000520 | PL000000521 | PL000000524 | PL000000637 |
| PL000000714 | PL000000762 | PL000000763 | PL000000850 |
| PL000000904 | PL000000905 | PL000000906 | PL000000907 |
| PL000000947 | PL000002729 | PL000000961 | PL000000966 |
| PL000000968 | PL000000998 | PL000001000 | PL000001001 |
| PL000001004 | PL000001005 | PL000001006 | PL000001007 |
| PL000001018 | PL000001022 | PL000001063 | PL000001064 |
| PL000001065 | PL000001071 | PL000001105 | PL000002762 |
| PL000001123 | PL000001128 | PL000001129 | PL000001132 |
| PL000001133 | PL000001167 | PL000001176 | PL000001177 |
| PL000001178 | PL000001241 | PL000001242 | PL000001258 |
| PL000001262 | PL000001265 | PL000001266 | PL000001267 |
| PL000001268 | PL000001379 | PL000001418 | PL000002766 |
| PL000001422 | PL000001520 | PL000001522 | PL000001549 |
| PL000001550 | PL000001556 | PL000001557 | PL000001611 |
| PL000001612 | PL000001613 | PL000001614 | PL000001630 |
| PL000001631 | PL000001628 | PL000001629 | PL000001632 |
| PL000001709 | PL000001711 | PL000001721 | PL000001727 |
| PL000001728 | PL000001729 | PL000001730 | PL000001757 |
| PL000001758 | PL000001783 | PL000001784 | PL000001785 |
| PL000001852 | PL000001901 | PL000001903 | PL000001906 |
| PL000001907 | PL000001990 | PL000001991 | PL000002791 |
| PL000002792 | PL000002793 | PL000002794 | PL000002795 |
| PL000002796 | PL000002797 | PL000002798 | PL000002799 |
| PL000002800 | PL000002801 | PL000002802 | PL000002012 |
| PL000002015 | PL000002017 | PL000002020 | PL000002021 |
| PL000002018 | PL000002019 | PL000002030 | PL000002031 |
| PL000002038 | PL000002039 | PL000002051 | PL000002052 |
| PL000002053 | PL000002054 | PL000002411 | PL000002488 |
| PL000002610 | PL000002666 | PL000002664 | PL000002665 |
| PL000002725 | | | |

Julia Long
January 2, 2023

## Exhibit 2

**Documents that appeared non-privileged based on description:**

| | | | |
|---|---|---|---|
| PL000000001 | PL000000002 | PL000000004 | PL000000014 |
| PL000000033 | PL000000034 | PL000000061 | PL000000062 |
| PL000000097 | PL000000173 | PL000000380 | PL000000382 |
| PL000000383 | PL000000414 | PL000000420 | PL000000423 |
| PL000000424 | PL000000426 | PL000000427 | PL000000428 |
| PL000000430 | PL000000431 | PL000000505 | PL000000506 |
| PL000000552 | PL000000554 | PL000000555 | PL000000556 |
| PL000000584 | PL000000585 | PL000000586 | PL000000587 |
| PL000000671 | PL000000698 | PL000000735 | PL000000736 |
| PL000000738 | PL000000775 | PL000000833 | PL000000857 |
| PL000000858 | PL000000861 | PL000000862 | PL000000867 |
| PL000000868 | PL000000869 | PL000000870 | PL000000871 |
| PL000000872 | PL000000918 | PL000000925 | PL000000926 |
| PL000000935 | PL000000950 | PL000000965 | PL000001021 |
| PL000001046 | PL000001060 | PL000001061 | PL000001075 |
| PL000001291 | PL000001323 | PL000001324 | PL000001538 |
| PL000001551 | PL000001552 | PL000001657 | PL000001658 |
| PL000001722 | PL000001744 | PL000001780 | PL000001781 |
| PL000001782 | PL000001795 | PL000001872 | PL000001876 |
| PL000001892 | PL000001977 | PL000001992 | PL000001994 |
| PL000001995 | PL000001996 | PL000002000 | PL000002001 |
| PL000002014 | PL000002242 | PL000002259 | PL000002269 |
| PL000002308 | PL000002776 | PL000002788 | PL000002789 |
| PL000002790 | PL000002803 | PL000002804 | PL000002805 |

Julia Long
January 2, 2023

## **Exhibit 3**

**Calendar Entries:**

| | | | |
|---|---|---|---|
| PL000000008 | PL000000396 | PL000000398 | PL000000682 |
| PL000000820 | PL000000821 | PL000000829 | PL000000830 |
| PL000000943 | PL000000945 | PL000001084 | PL000001087 |
| PL000001109 | PL000001142 | PL000001143 | PL000001145 |
| PL000001146 | PL000001148 | PL000001152 | PL000001153 |
| PL000001154 | PL000001155 | PL000001156 | PL000001157 |
| PL000001158 | PL000001159 | PL000001212 | PL000001213 |
| PL000001215 | PL000001216 | PL000001217 | PL000001229 |
| PL000001253 | PL000001257 | PL000001259 | PL000001263 |
| PL000001270 | PL000001290 | PL000001292 | PL000001293 |
| PL000001305 | PL000001306 | PL000001530 | PL000001538 |
| PL000001562 | PL000001589 | PL000001590 | PL000001609 |
| PL000001615 | PL000001616 | PL000001617 | PL000001621 |
| PL000001622 | PL000001706 | PL000001900 | PL000001913 |
| PL000001919 | PL000001920 | PL000001922 | PL000001923 |
| PL000001924 | PL000001926 | PL000001927 | PL000001933 |
| PL000001934 | PL000001935 | PL000001936 | PL000001938 |
| PL000001941 | PL000001942 | PL000001950 | PL000001951 |
| PL000001952 | PL000001953 | PL000001955 | PL000001956 |
| PL000001961 | PL000001962 | PL000001965 | PL000001966 |
| PL000001967 | PL000001968 | PL000001969 | PL000001970 |
| PL000001971 | PL000001972 | PL000002007 | PL000002057 |
| PL000002081 | PL000002082 | PL000002083 | PL000002088 |
| PL000002089 | PL000002117 | PL000002119 | PL000002120 |
| PL000002122 | PL000002191 | PL000002250 | PL000002252 |
| PL000002470 | PL000002471 | PL000002472 | PL000002478 |
| PL000002515 | PL000002555 | PL000002556 | PL000002558 |
| PL000002565 | PL000002568 | PL000002570 | PL000002587 |
| PL000002591 | PL000002592 | PL000002593 | PL000002613 |
| PL000002616 | PL000002667 | PL000002668 | PL000002669 |
| PL000002670 | PL000002675 | PL000002676 | PL000002680 |
| PL000002681 | PL000002685 | PL000002689 | PL000002695 |
| PL000002698 | PL000002700 | PL000002750 | |

Julia Long
January 2, 2023

**Exhibit 4**

**Documents withheld on the basis of the work product doctrine before JJHCS likely anticipated this litigation:**

| | | | |
|---|---|---|---|
| PLO00000037 | PLO00000038 | PLO00000048 | PLO00000051 |
| PLO00000104 | PLO00000204 | PLO00000224 | PLO00000229 |
| PLO00000234 | PLO00000242 | PLO00000263 | PLO00000264 |
| PLO00000279 | PLO00000387 | PLO00000392 | PLO00000393 |
| PLO00000401 | PLO00000455 | PLO00000483 | PLO00000484 |
| PLO00000519 | PLO00000609 | PLO00000789 | PLO00000815 |
| PLO00000882 | PLO00000883 | PLO00000962 | PLO00000971 |
| PLO00000972 | PLO00000981 | PLO00001024 | PLO00001030 |
| PLO00001045 | PLO00001048 | PLO00001050 | PLO00001058 |
| PLO00001079 | PLO00001086 | PLO00001088 | PLO00001096 |
| PLO00001100 | PLO00001108 | PLO00001109 | PLO00001110 |
| PLO00001113 | PLO00001118 | PLO00001119 | PLO00001120 |
| PLO00001121 | PLO00001122 | PLO00002734 | PLO00002735 |
| PLO00002736 | PLO00002737 | PLO00002738 | PLO00002739 |
| PLO00002740 | PLO00002741 | PLO00002744 | PLO00002746 |
| PLO00002748 | PLO00002749 | PLO00002761 | PLO00002763 |

Julia Long
January 2, 2023

## Exhibit 5

**Documents disclosed to third parties:**

| | | | |
|---|---|---|---|
| PL000000017 | PL000000025 | PL000000026 | PL000000027 |
| PL000000028 | PL000000029 | PL000000031 | PL000000032 |
| PL000000052 | PL000000053 | PL000000055 | PL000000065 |
| PL000000069 | PL000000079 | PL000000080 | PL000000083 |
| PL000000084 | PL000000086 | PL000000087 | PL000000088 |
| PL000000089 | PL000000090 | PL000000093 | PL000000094 |
| PL000000095 | PL000000102 | PL000000103 | PL000000105 |
| PL000000106 | PL000000107 | PL000000108 | PL000000109 |
| PL000000110 | PL000000115 | PL000000116 | PL000000117 |
| PL000000118 | PL000000124 | PL000000125 | PL000000131 |
| PL000000137 | PL000000287 | PL000000288 | PL000000289 |
| PL000000304 | PL000000305 | PL000000307 | PL000000308 |
| PL000000309 | PL000000310 | PL000000311 | PL000000312 |
| PL000000316 | PL000000322 | PL000000323 | PL000000331 |
| PL000000332 | PL000000333 | PL000000334 | PL000000335 |
| PL000000336 | PL000000337 | PL000000338 | PL000000359 |
| PL000000364 | PL000000370 | PL000000377 | PL000000381 |
| PL000000388 | PL000000389 | PL000000407 | PL000000421 |
| PL000000429 | PL000000432 | PL000000433 | PL000000434 |
| PL000000435 | PL000000436 | PL000000437 | PL000000465 |
| PL000000466 | PL000000467 | PL000000468 | PL000000469 |
| PL000000470 | PL000000471 | PL000000472 | PL000000475 |
| PL000000476 | PL000000477 | PL000000478 | PL000000479 |
| PL000000480 | PL000000485 | PL000000617 | PL000000631 |
| PL000000632 | PL000000633 | PL000000634 | PL000000798 |
| PL000000800 | PL000000801 | PL000000808 | PL000000809 |
| PL000000823 | PL000000824 | PL000000825 | PL000000834 |
| PL000000835 | PL000000836 | PL000000837 | PL000000838 |
| PL000000839 | PL000000842 | PL000000843 | PL000000888 |
| PL000000902 | PL000000955 | PL000000956 | PL000000983 |
| PL000000990 | PL000000991 | PL000000992 | PL000000993 |
| PL000000994 | PL000000995 | PL000000996 | PL000000997 |
| PL000001013 | PL000001019 | PL000001025 | PL000001026 |
| PL000001027 | PL000001028 | PL000001031 | PL000001032 |
| PL000001037 | PL000001038 | PL000001040 | PL000001049 |
| PL000001056 | PL000001081 | PL000001082 | PL000001130 |
| PL000001131 | PL000001164 | PL000001188 | PL000001189 |
| PL000001199 | PL000001207 | PL000001240 | PL000001289 |
| PL000001307 | PL000001313 | PL000001316 | PL000001317 |
| PL000001343 | PL000001344 | PL000001345 | PL000001352 |
| PL000001353 | PL000001417 | PL000001427 | PL000001431 |
| PL000001443 | PL000001456 | PL000001459 | PL000001478 |

Julia Long
January 2, 2023

| | | | |
|---|---|---|---|
| PL000001479 | PL000001490 | PL000001491 | PL000001492 |
| PL000001521 | PL000001526 | PL000001527 | PL000001528 |
| PL000001537 | PL000001558 | PL000001559 | PL000001610 |
| PL000001636 | PL000001637 | PL000001660 | PL000001667 |
| PL000001678 | PL000001679 | PL000001680 | PL000001681 |
| PL000001682 | PL000001684 | PL000001685 | PL000001687 |
| PL000001692 | PL000001693 | PL000001694 | PL000001695 |
| PL000001696 | PL000001701 | PL000001718 | PL000001740 |
| PL000001745 | PL000001746 | PL000001747 | PL000001749 |
| PL000001750 | PL000001751 | PL000001759 | PL000001847 |
| PL000001848 | PL000001849 | PL000001850 | PL000001853 |
| PL000001854 | PL000001858 | PL000001864 | PL000001865 |
| PL000001867 | PL000001868 | PL000001869 | PL000001870 |
| PL000001874 | PL000001877 | PL000001879 | PL000001891 |
| PL000001908 | PL000001909 | PL000001916 | PL000001917 |
| PL000001925 | PL000001928 | PL000001929 | PL000001930 |
| PL000001931 | PL000001973 | PL000001974 | PL000001984 |
| PL000001993 | PL000002032 | PL000002040 | PL000002126 |
| PL000002127 | PL000002132 | PL000002198 | PL000002292 |
| PL000002296 | PL000002297 | PL000002298 | PL000002299 |
| PL000002300 | PL000002303 | PL000002306 | PL000002307 |
| PL000002313 | PL000002319 | PL000002340 | PL000002370 |
| PL000002424 | PL000002658 | PL000002770 | PL000002780 |

# Exhibit 10

# CONFIDENTIAL – FILED UNDER SEAL