# EXHIBIT C

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 7, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
 *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Defendant Save On SP LLC ("**SaveOn**"), we ask you to resolve a potential ambiguity in the Court's November 7, 2023 Order, Dkt. 173 ("the Order"), issued after the October 30, 2023 discovery conference, and compel Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to refresh its document production from July 1, 2022 through November 7, 2023 using all search terms to which it previously agreed.

The potential ambiguity is this: In the second paragraph of the portion of the Order ruling on the issues raised in Docket Entry No. 166 ("Paragraph 2"), the Court compelled J&J to run three search terms—"CAPa" OR "CAPm" OR "adjustment program" (the "CAP Terms")—to

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

the extent that they "are found in documents as the term 'SaveOn' (or reasonable variations / ab-

breviations)," through November 7, 2023. Dkt. 173 at 2-3. In the next paragraph ("Paragraph 3"),

the Court ordered both parties, including J&J, to "update their discovery responses (including

productions)" *without limitation*," also through November 7, 2023. *Id.* at 3 (original emphasis).

Because J&J had already agreed to run the CAP Terms without a "SaveOn limiter" through July

1, 2022, Paragraph 3 compels it to run those same terms over its updated production without a

limiter. J&J argues, however, that Paragraph 2 allows it to run the CAP terms *with* a "SaveOn

limiter" for its updated production.

        Documents concerning the CAP program are key to SaveOn's defenses. ██████████

██, Dkt. 166 at 2, ██████████████████████████████████

██████████████████████████████████ Dkt. 166 at 2. The CAP pro-

gram is highly relevant: If J&J identified patients on SaveOn-advised plans and paid them any-

way, then J&J failed to mitigate its purported damages. J&J did not disclose the existence of the

CAP program during the initial stages of discovery and did not propose any search terms to cap-

ture documents related to it. On September 29, 2023, after extensive meeting and conferring, J&J

agreed to run three search terms—"CAPa" OR "CAPm" OR "adjustment program"—for its cus-

todians over the originally agreed-upon discovery period of April 1, 2016 through July 1, 2022.

Ex. 1 (Sept. 29, 2023 Email from J. Long to E. Snow), notably, without the SaveOn limiter.

        Because J&J did not implement the CAP program until late 2021, SaveOn asked J&J to

run the CAP search terms from July 1, 2022 to the present.  Sept. 27, 2023 Email from E. Snow

to J. Long. J&J refused and SaveOn moved to compel in the joint letter filed as Docket Entry No.

166. At the October 30, 2023 discovery conference, Judge Waldor granted SaveOn's motion in

part and ordered J&J to run the CAP terms through the present, but only for documents in which

Hon. Freda L. Wolfson                                                                              Page 3

the term "SaveOn," or some variation, appeared. Dkt. 171 at 108. This ruling was memorialized in Paragraph 2 of the Court's November 7 Order.

But that was not the end of Judge Waldor's rulings during the October 30 conference. After Judge Waldor ruled on SaveOn's motion, J&J orally moved the Court to compel SaveOn to "update their searching through to the present." Dkt. 171 at 109. J&J made this oral motion without prior notice to SaveOn, without meeting and conferring, and without filing a joint letter seeking that relief. After discussion, Judge Waldor stated that both parties should update their productions through the present "*without limitation*." Dkt. 171 at 114. That ruling was memorialized in Paragraph 3 of the Court's November 7 order. Dkt. 173 at 3.

Because J&J raised the issue of a full refresh at the conference without notice to SaveOn or written submission to the Court, Judge Waldor was not made aware that the existing search terms that J&J had already agreed to run (and which it is obligated to run under Paragraph 3 of the Order) included both (1) variations on "SaveOn" and (2) the CAP Terms as independent terms. These terms make sense: Documents that explicitly mention SaveOn are likely to be relevant. Documents that mention the CAP program are also likely to be relevant (even if they do not explicitly mention SaveOn), because the entire purpose of the CAP program is to respond to SaveOn and other similar businesses. Further, by refusing to run the CAP Terms over documents that do not explicitly mention SaveOn, J&J has rendered Paragraph 2 of Judge Waldor's Order meaningless, because every single document covered by that Paragraph 2 of that Order would have already been captured by the standalone "SaveOn" search term, which J&J acknowledges it is obligated to run per Paragraph 3 of the Order.

3

Hon. Freda L. Wolfson                                                           Page 4

Even if J&J's reading of the Order were correct, documents produced since the October 30 conference would provide ample grounds to reconsider that decision, as they show that applying the "SaveOn" limiter to the CAP Term would exclude from discovery highly relevant documents. Take, for example, Exhibit 2 (JJHCS_00146512). ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████ As another example,

consider Exhibit 3 (JJHCS_00145741). ████████████████████████████████

████████████████████████████████████████████████

████████████████ Whether J&J has made such identifications since July 1, 2022 is also relevant to mitigation and acquiescence. Both documents use one or more individual term of the CAP Term, but not a variation of the term "SaveOn," so running the CAP Terms with a "SaveOn" limiter would exclude such documents.[1] To ensure that such documents are captured in J&J's re-freshed production, the Court should compel it to run the CAP Terms without any limitation.

---

[1] There are numerous other examples of such documents in J&J's productions since the October 30, 2023 conference. *See*, *e.g.*, Ex. 4 (JJHCS_00142279) (███████████████████████████████████ ████████████████████████); Ex. 5 (JJHCS_00156936) (█████████████████████ █████████); Ex. 6 (JJHCS_00146145) (█████████████████████████████████████ ████████████); Ex. 7 (JJHCS_00150735) (████████████████████████████████████); Ex. 8 (JJHCS_00140763) (███████████████████); Ex. 9 (JJHCS_00141346) (███████ ████████); Ex. 10 (JJHCS_00145571) (██████████████████████); Ex. 11 (JJHCS_00139311) (

Hon. Freda L. Wolfson                                                                                        Page 5

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

---

███████████████████████████████████████████████████).

# Exhibit 1

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, September 29, 2023 6:23:35 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

Counsel:

In an effort to reach compromise and reduce the number of disputes before Judge Waldor at our October 30 conference, JJHCS agrees to run the terms "CAPa," "CAPm" and "adjustment program" for the agreed-upon relevant time period, April 1, 2016 to July 1, 2022.

We hope that this will resolve the dispute. We do not think a demand through to the present by SaveOnSP is appropriate or feasible. As JJHCS has no direct knowledge of SaveOnSP's conduct at issue, JJHCS's documents primarily relate to its awareness and response to SaveOnSP, and this demand amounts to a wholesale update of the production. We note SaveOnSP has rejected even several discrete updates, let alone a wholesale update, of its own production.

Please let us know if our proposed production resolves this dispute.

JJHCS will respond separately to your joint letter on SaveOnSP's interrogatories next week.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, September 27, 2023 12:12 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

🟨*Caution: External Email!*🟨

Counsel,

Please find attached a joint letter that SaveOnSP intends to file with the Court. We ask that you please provide JJHCS's portion by end of day Monday, October 2. We reserve the right to revise in response to any revisions.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
-------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not

the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# EXHIBITS 2-11
# CONFIDENTIAL – FILED UNDER SEAL

# Patterson Belknap

www.pbwt.com

February 14, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:** **JJHCS's Opposition to SaveOnSP's February 7 Motion to Compel**
> ***Johnson and Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to the February 7, 2024 letter motion by Defendant Save On SP, LLC ("SaveOnSP") seeking to "resolve a potential ambiguity" in the Court's November 7, 2023 Order (Dkt. No. 173). There is no ambiguity in the Court's Order. That Order directed JJHCS to fashion

> a search designed to capture documents wherein the terms 'CAP A,' 'CAP M,' or 'adjustment program' (or reasonable variations of those terms) are found in the same documents as the term 'SaveOn' (or reasonable variations / abbreviations).

There is nothing unclear about this instruction. In fact, as detailed below, SaveOnSP agreed **on the record** to accept the narrower string that the Court imposed. SaveOnSP should not be permitted to endlessly relitigate issues that the Court has ruled upon. Your Honor should deny SaveOnSP's motion and should leave Judge Waldor's clear ruling with respect to Dkt. No. 166 in place.

Hon. Freda L. Wolfson
February 14, 2024
Page 2

### I.    Judge Waldor Directed JJHCS to Review Documents Wherein the Terms "CAP A," "CAP M," or "Adjustment Program" Appear in the Same Document as SaveOnSP

In its October motion, ███████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████    *See* Dkt. No. 166.

At the October conference, Judge Waldor considered SaveOnSP's request for the July 1, 2022 to present time period, and ultimately compelled JJHCS to review only those documents that hit the terms "CAPa" OR "CAPm" OR "adjustment program" ***and*** "the term 'SaveOn' (or reasonable variations / abbreviations)."  Dkt. No. 173 at 2–3.[1]  At the conference, SaveOnSP counsel made the same arguments it now makes to Your Honor about whether JJHCS should only review documents that mention SaveOnSP.  SaveOnSP's counsel repeatedly argued against the inclusion of the SaveOnSP modifier.  First, SaveOnSP asked that the Court require JJHCS to review all documents with any reference to "maximizers" or "accumulators," regardless of whether those documents mentioned SaveOnSP.  *See* Oct. 30. Tr. at 101:20–22.  Then he argued that the term "***and*** SaveOn" should be replaced with "***or*** SaveOn," which would have broadened the scope of the search to include literally every document that mentioned SaveOnSP.  *See id.* at 102:2–3.

Rejecting SaveOnSP's arguments, Judge Waldor repeatedly and unequivocally declined to order JJHCS to review documents that did not mention SaveOnSP.  On at least three

---

[1] JJHCS has followed this ruling to the letter.  In fact, SaveOnSP has never once objected to the "reasonable variations" of the search terms JJHCS proposed months ago to fulfill its discovery obligations.  *See* JJHCS Exhibit A (Nov. 28, 2023 Ltr. from J. Long to M. Nelson at 2); JJHCS Exhibit B (Dec. 22, 2023 Ltr. from J. Long to E. Snow at 3–4).

14915802

Hon. Freda L. Wolfson
February 14, 2024
Page 3

occasions, she ordered that the SaveOn search term be used. *See id.* at 101:10 ("THE COURT:

*I'm going to order that they search CAP A and CAP M and adjustment programs but related to*

*SaveOn.*" (emphasis added)); *id.* 102:11–15 (rejecting SaveOnSP's request for "*or*" SaveOn); *id.*

102:24–103:4 (ruling that the documents must be "*[r]elated to SaveOn.  Qualified by SaveOn.*").

Judge Waldor similarly considered and ultimately rejected SaveOnSP's argument that, because

JJHCS employees "don't always use the word 'SaveOn' or 'SOSP'" and instead use the phrases

"ESI's maximizer" or "maximizer program[,]" those terms should be added to the CAP search

string. *Id.* at 105:16–106:6.[2]

On the record and after lengthy argument before Judge Waldor, SaveOnSP's own

counsel agreed that documents "talking about SaveOn" would be "sufficient" for SaveOnSP's

motion:

> THE COURT: What was the agreement you suspect we might have arrive at?
>
> MR. ELSBERG: Yeah, so this is what I'm thinking, Your Honor. We could -- we could agree to do what counsel just said except instead of saying within the same sentence, *I think it's fair to say SaveOn and variations on it, if it's in the same document, we should get the document, because it's talking about SaveOn*. It doesn't need to be in the sentence. It could be three paragraphs later. It could be the next page.
>
> THE COURT: Okay. That's an agreement. You've just agreed to that.
>
> MR. ELSBERG: And, Your Honor, I would then say I hope that's going to be sufficient. And --
>
> THE COURT: Well, I don't want to talk about what-ifs or tomorrow.

---

[2]  SaveOnSP's argument that the "*and* SaveOn" term would not lead to review of certain documents is not new.  SaveOnSP presented this argument to Judge Waldor at the October 30 conference and Judge Waldor was unpersuaded.  *See* Oct. 30 Tr. at 101:10–108:23.

Hon. Freda L. Wolfson
February 14, 2024
Page 4

> MR. ELSBERG: Fine.
>
> THE COURT: And let's not get hyperbolic about anything in terms of what that's going to uncover and produce because ***the points that's really being [made] here is there's going to be a stop at some point. There is got to be***. So let's just minimize -- minimize -- let's do the search that was suggested if CAP M and CAP A.
>
> MR. ELSBERG: And adjustment program.
>
> THE COURT: And adjustment programs.
>
> MR. ELSBERG: ***With variations of SaveOn in the document.***
>
> THE COURT: ***And that's an agreement. Right?*** Yes. Okay. Good.
>
> MR. ELSBERG: ***All right.*** Thank you, Your Honor.

Oct. 30 Tr. at 107:21–108:23 (emphasis added). SaveOnSP never sought clarification or timely moved for reconsideration of the issue before Judge Waldor, either immediately after the October 30, 2023 conference, or after Judge Waldor issued her order on November 7, 2023. Nor could it, given that it expressly agreed to accept that limitation. SaveOnSP's expansive reinterpretation of the Court's November 7 Order cannot be reconciled with the Court's November 7 Order, which is unambiguous.

       Nor should Your Honor credit SaveOnSP's claim that there is some internal inconsistency in Judge Waldor's order in light of her ruling that the parties needed to update their discovery responses through November 7. First, the November 7 Order (issued after the October 30 colloquy above) maintained the SaveOnSP limiter with respect to CAP, even as Judge Waldor ordered a full refresh. Second, if SaveOnSP truly believed these rulings created an "ambiguity," SaveOnSP had no reason to delay raising this issue for more than three months.

       We pause to note that this is not the first time that SaveOnSP has sought to relitigate Judge Waldor's prior orders based on incorrect and improbable interpretations of those orders.

14915802

Hon. Freda L. Wolfson
February 14, 2024
Page 5

Judge Waldor even recognized this at the October 30 conference—ironically, during SaveOnSP's argument on this same issue, when she correctly predicted that SaveOnSP would try to return to the well even after she rejected SaveOnSP's position. *See* Oct. 30 Tr. at 108:11–14 ("Let's not get hyperbolic about anything in terms of what that's going to uncover and produce because the point[] that's really being [made] here is there's going to be a stop at some point.  There is got to be."). Yet, rather than heeding this admonition by Judge Waldor, SaveOnSP is simply now redirecting that same hyperbole to Your Honor.  Your Honor should reject this approach to discovery and deny SaveOnSP's motion.

## II.  There Is No Basis to Revisit Judge Waldor's Ruling

In the alternative, SaveOnSP claims that "documents produced since the October 30 conference would provide ample grounds to reconsider that decision."  Despite the parties' having met and conferred on the "CAP" search terms several times, SaveOnSP never raised this argument with us.  *See* JJHCS Exhibit C (Jan. 5, 2024 Ltr. from E. Snow to J. Long); JJHCS Exhibit D (Jan. 11, 2024 Ltr. from J. Long to E. Snow).  Had SaveOnSP raised the "new evidence" with JJHCS prior to moving before Your Honor, JJHCS would have addressed the purported relevance of the documents SaveOnSP now claims are "highly relevant" to the parties' claims and defenses.

For example, although SaveOnSP claims that its requested search string is essential to capture documents like Exhibit 3, which ███████ █ █ ███████████████████ ████████████████████████████████████████████████████ ███████ this is flatly incorrect.  JJHCS already has agreed to produce—and indeed has produced—monthly "CAP Reporting" through November 7, 2023 from non-custodial sources.

Hon. Freda L. Wolfson
February 14, 2024
Page 6

*See* JJHCS Exhibit E (JJHCS_00139021) and JJHCS Exhibit F (JJHCS_00139023).  But even absent that agreement, the same documents would have been produced using the very search terms that Judge Waldor's November 7 Order is meant to capture, because since May 2022 these reports have expressly included the term "SaveOn SP," and so would be picked up by the search string Judge Waldor ordered.  *See* JJHCS Exhibit G (JJHCS_00000404) (███████████████████ ████████████████████████████████████████████████████).  In other words, the more recent versions of the same report would be captured by the term ordered by Judge Waldor in the November 7 Order.

SaveOnSP's exhibits also belie its claims of "ample" new evidence on this point to revisit Judge Waldor's directive.  There is nothing new about many of the documents on which SaveOnSP relies in its motion.  Despite SaveOnSP's protestations that new productions "since the October 30 conference" warrant revisiting the issue, JJHCS first produced versions of the "highly relevant" monthly CAP reporting in Exhibit G (JJHCS_00000404) on March 3, 2023, nearly a year ago.  SaveOnSP had every ability to review this production for seven months before Judge Waldor issued the November 7 Order.

SaveOnSP's remaining citations, relegated to a string cite in a footnote, fare no better.  SaveOnSP baldly claims that these documents are "relevant to mitigation and acquiescence" but makes no arguments about how these documents support their motion.  This omission is telling.  For example, Exhibit 4 (JJHCS_00142279) has nothing to do with the claims or defenses in this litigation ██████████████████████████████ ████████████████████████████████████████████████████

Hon. Freda L. Wolfson
February 14, 2024
Page 7

████████████████████    *See* Exhibit 4 (JJHCS_00142279).  It is thus of no consequence that this

document contains the search term "adjustment program" without a SaveOnSP limiter.

Similarly,  Exhibit  11  (JJHCS_00139311),  ███████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████    Simply put, nothing in Exhibit 11

supports SaveOnSP's purported defenses, nor does Exhibit 11 weigh in favor of additional search

terms.  Accordingly, Judge Waldor's "SaveOnSP" limiter should be kept in place, and the rulings

she made on this issue after extended oral argument should not be disturbed.

*        *        *

Having produced more than 56,000 pages of documents (excluding those produced

in native formats) on CAP issues and the discovery refresh since December 22, 2023, JJHCS did

what it was ordered to do.  At the October 30 conference, as memorialized in the Court's November

7 Order, Judge Waldor directed JJHCS to run the search terms "CAPa" OR "CAPm" or

"adjustment program" to capture all documents also containing the term "SaveOnSP" (or

reasonable variations thereof).  There is no ambiguity in the Court's Order and no reason to re-

open an issue that Judge Waldor directly considered and decided.  SaveOnSP already agreed ***on***

***the record*** to accept the limitation that the Court imposed and should be held to its agreement.

We appreciate Your Honor's attention to this matter, and we are available to answer

any questions.

14915802

Hon. Freda L. Wolfson
February 14, 2024
Page 8

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc:     Counsel for SaveOnSP

14915802

# JJHCS Ex. A




www.pbwt.com

November 28, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

       **Re:**    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,*
                **2:23-cv-02632 (ES) (CLW)**

Dear Meredith:

       We write to memorialize our November 27, 2023 meet and confer concerning
SaveOnSP's Responses and Objections to JJHCS's Ninth Set of Requests for Production and
various topics related to the Court's November 7, 2023 Order.

**I.**      **JJHCS's Requests for Production Nos. 95 and 96**

       JJHCS's RFP Nos. 95 and 96 request all documents and communications
concerning SaveOnSP's employee confidentiality obligations and any communications with
SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee
confidentiality policies. You have refused to produce documents and communications responsive
to either RFP.

       During the meet and confer, we explained the relevance of these policies, including
that SaveOnSP's employee confidentiality obligations bear directly on measures that SaveOnSP
has used to prevent its employees from communicating with JJHCS and others with regard to
SaveOnSP's conduct at issue in this action. SaveOnSP's own Response to Interrogatory No. 18
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████ *See* SaveOnSP Response to JJHCS Interrogatory No. 18.
The relevance of these policies and any documents or communications relating to them is conceded
by the reference to them in SaveOnSP's own interrogatory responses and therefore indisputable.
In our call, you offered no valid basis for refusing to produce these documents. Nor have you
articulated any reasonable burden argument to producing the requested documents, let alone to the
production of ████████████.

Meredith Nelson, Esq.
November 28, 2023
Page 2

        In light of the above, please reconsider your position and produce all documents and communications concerning your employees' confidentiality obligations, including ██ ██ ████████████████ If you are unwilling to do so, we will consider the parties at impasse on this issue. Please provide a response by December 5, 2023.

**II.        Custodians**

        As discussed during our meet and confer, the Court's November 7 Order directs JJHCS to add six of the seven "CAP" custodians (Kinne, Longbothum, Shontz, Barklage, Hoffman, Platt, and Wyszkowski) and directs the parties to "meet and confer regarding the identities of the additional custodians and to work out any necessary logistics." (ECF No. 173 at 2.) During the meet and confer, SaveOnSP requested that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians. JJHCS agrees to do so, and will review documents hitting on the search strings below for these CAP custodians for the time period January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

(*See* ECF No. 173 at 3.) To be clear, JJHCS reserves all rights, including with respect to the remaining custodians at issue in the parties' October 25, 2023 joint letter. (*See* ECF No. 165.)

**III.        Terms & Conditions**

        The Court's November 7, 2023 Order further states that "Defendant shall continue to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence)." (ECF No. 173 at 1.) As discussed, SaveOnSP's November 3 proposal, which "repeat[s]" prior requests that "JJHCS identify the predecessor programs from which the 'other offer' provision was drawn and identify the employees and documents sources for those programs" without a time period limitation, does not follow this directive.

        We look forward to receiving your proposal containing narrowed requests for production as to CarePath's Terms and Conditions by December 5.

**IV.        Document Refresh**

        At the end of our call, SaveOnSP briefly raised the issue of the parties' document refresh. On this point, the Court's Order is unambiguous: it requires both parties to update their document productions "*without limitation*" through November 7, 2023. (*See* ECF No. 173 at 3.) JJHCS is doing what the Court ordered. JJHCS will refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's Order. Indeed, following the Court's Order, JJHCS immediately began

Meredith Nelson, Esq.
November 28, 2023
Page 3

collecting and processing this data so that it could be promptly reviewed and produced, which will in turn allow the parties to complete fact discovery by April 25, 2024, as the Court has ordered us to do.  By December 5, please confirm that SaveOnSP is doing the same, *i.e.*, please confirm that:

- SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023;

- SaveOnSP will supplement its production of documents using all previously agreed-upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and

- SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

*     *     *     *

We remain available to meet and confer.

Very truly yours,


*/s/ Julia Long*
Julia Long

14734540

# JJHCS Ex. B





December 22, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Elizabeth Snow, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
        **2:23-cv-02632 (ES) (CLW)**

Dear Elizabeth:

We write in response to your December 15, 2023 letter concerning our November 27, 2023 meet and confer, and further to our November 28 letter on the same topic.

**I.      SaveOnSP's Requests as to Terms & Conditions and Financial Information**

In its December 15, 2023 letter, SaveOnSP asserts that "[n]othing in the Court's Order required SaveOnSP to further limit its request [on terms and conditions] as JJHCS suggests." Dec. 15, 2023 Letter from E. Snow to J. Long at 2. This assertion is refuted by the plain text of the Court's Order and Judge Waldor's direction at the October 30, 2023 conference. The Court's November 7, 2023 Order admonished SaveOnSP "to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath terms and conditions) and 150 (seeking financial information and data on patient drug adherence)." ECF No. 173 at 1. Indeed, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ Oct. 30, 2023 Tr. at 43:2-5.

As you know, Judge Wolfson has directed SaveOnSP to provide JJHCS with narrowed requests as to both the terms and conditions and the financial information by Tuesday, December 26. In our call with Judge Wolfson, we were surprised to hear SaveOnSP assert that such a letter already was sent to JJHCS. The letter to which SaveOnSP appeared to refer during our call with Judge Wolfson did not narrow SaveOnSP's requests with respect to the terms and conditions requests, or even mention the financial information requests. In any event, JJHCS will promptly review SaveOnSP's narrowed requests when they are received. Please provide your availability to meet and confer so that the parties can discuss any remaining issues in advance of the January 24 conference before Judge Wolfson.

Elizabeth Snow, Esq.
December 22, 2023
Page 2

## II.      CAP Custodians

As you know, Judge Waldor's November 7 Order resolved SaveOnSP's motion requesting the addition of "CAP" custodians, i.e., individuals that SaveOnSP claimed were relevant due to their purported involvement in the CAP program.  Pursuant to that Order, Judge Waldor directed JJHCS to add six of the seven "CAP" custodians and further directed the parties to "meet and confer regarding the *identities* of the additional custodians and *to work out any necessary logistics*."  ECF No. 173 at 2 (emphasis added).  Judge Waldor further directed the parties to fashion "a search designed to capture documents wherein the terms 'CAP A', 'CAP M', or 'adjustment program' (or reasonable variations of those terms) are found in the same documents as the term 'SaveOn' (or reasonable variations / abbreviations)."  ECF. No. 173 at 2-3.

JJHCS has complied with that order.  *First*, following the November 27, 2023 meet and confer, JJHCS accepted SaveOnSP's proposal that JJHCS add Kinne, Longbothom, Shontz, Barklage, Hoffman, and Platt as CAP custodians.  *See* Nov. 28, 2023 Letter from J. Long to M. Nelson at 2.  *Second*, JJHCS also proposed two search strings for those custodians designed to conform specifically to the text of the November 7 Order and to capture documents related to the CAP program:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

Despite JJHCS's strict compliance with Judge Waldor's instruction, SaveOnSP now claims that "only using the two search strings listed [above]" would purportedly "violate the Court's Order."  Dec. 15, 2023 Letter from E. Snow to J. Long at 1.  Apparently dissatisfied with the ruling and refusing to follow it, SaveOnSP even suggests that the "[t]he Court granted SaveOnSP's motion as to the six CAP custodians "without limitation as to time periods or search terms."  Dec. 15, 2023 Letter from E. Snow to J. Long at 1-2.  This argument has no support in the text of Judge Waldor's Order, and JJHCS declines to accept it.  Indeed, ████████████████████████████████████████████████████████████  ECF No. 165 at 7.  SaveOnSP cites to no authority in support of its characterization of Judge Waldor's order, because no such support exists.  Contrary to SaveOnSP's insistence, the November 7 Order only requires the parties to "work out any necessary logistics" concerning the additional custodians.  ECF No. 173 at 2.  JJHCS remains available to do so.

## III.      Document Refresh

JJHCS is fully complying with the Court's November 7 Order that calls for a "update" of "discovery responses (including productions), *without limitation*, through the date of this Order[.]"  ECF No. 173 at 3 (emphasis in original).  JJHCS already has begun to update its collection and review of documents—from both custodial and noncustodial sources—through November 7, 2023 using the parties' agreed-upon search parameters.    JJHCS intends to

Elizabeth Snow, Esq.
December 22, 2023
Page 3

substantially complete its production of these documents by the end of January 2024. Consistent with Judge Waldor's order and Judge Wolfson's further instruction at the December 21 conference, JJHCS also intends to supplement its Interrogatory responses. JJHCS will do so by the end of January 2024, as Judge Wolfson proposed, subject to SaveOnSP's confirmation that it will do the same. Please confirm.

We also address below several specific aspects of the "refresh" portion of Judge Waldor's order.

### A.    JJHCS Search Terms and Noncustodial Collections

In its December 15, 2023 letter, SaveOnSP requests confirmation that JJHCS will run "at a minimum" the search terms listed in Exhibit 1 to that letter. As outlined below, SaveOnSP's exhibit contains at least three errors. A corrected list of search terms that JJHCS has agreed to run appears in **Appendix 1** to this letter.

*First*, SaveOnSP's Exhibit 1 implies that JJHCS agreed to add Silas Martin as a full custodian. This is incorrect. As JJHCS has twice clarified, JJHCS ran specific search terms over Silas Martin's documents to satisfy its discovery obligations as to RFP No. 20. *See* Sept. 6, 2023 Letter from E. Shane to E. Snow at 2; Sept. 11, 2023 Letter from J. Long to E. Snow at 8. As part of JJHCS's ongoing refresh, JJHCS will re-run those Martin-specific search terms from July 2, 2022 to November 7, 2023. *See* Appendix 1.

*Second*, SaveOnSP's Exhibit 1 also incorrectly suggests that JJHCS agreed to run three Silas Martin-specific search terms over all custodians.[1] As outlined in the same September 6, 2023 letter, JJHCS agreed to run the following terms "over Silas Martin's custodial data, to satisfy its discovery obligations as to RFP No. 20." At no point did JJHCS agree to run these terms over other existing JJHCS custodians, and we will not do so.

*Third*, as noted above, SaveOnSP's Exhibit 1 ignores the Court's November 7 Order with respect to the "CAP" search terms. Prior to the October 30 conference, in an effort to avoid motions practice on the issue, JJHCS agreed to run the search string "CAPa" OR "CAPm"

---

[1] The three terms are as follows:

- (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity)

- (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*)

- (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

Elizabeth Snow, Esq.
December 22, 2023
Page 4

or "adjustment program," without a SaveOnSP limitation, as to the then-existing custodians for the time period April 1, 2016 to July 1, 2022.  *See* ECF No. 166 at 8.  ████████████████████

████████████████████████████████████████  *Id.* at 5.  As you know, the Court denied this request and instead directed JJHCS to review documents wherein the terms "CAPa" OR "CAPm" or "adjustment program" "***are found in the same documents as the term 'SaveOn' (or reasonable variations / abbreviations)***."  ECF No. 173 at 2-3 (emphasis added).

        In light of the Court's Order, we will run the two search terms as set forth above in bullets in Section II, for the period January 1, 2022 through November 7, 2023, for both the new "CAP" custodians and previously agreed-upon JJHCS custodians.[2]  A complete list of the search terms that JJHCS has agreed to run appears in Appendix 1.

        As to other categories of collections, including those from noncustodial sources, JJHCS reiterates that it will refresh its production of those documents and data consistent with JJHCS's prior representations and agreements between the parties.  To the extent that SaveOnSP's Exhibit 2 attempts to expand the scope of these productions, JJHCS rejects that expanded scope. The Court's November 7 Order is clear:  the order directs the parties to update discovery responses, including noncustodial productions, through the date of the Order, and otherwise does not expand the scope of either party's existing requests.  *See* ECF No. 173 at 3.

**B.    SaveOnSP's Search Terms and Noncustodial Collections**

        As you know, the November 7 Order required "both parties [to] update their discovery responses (including productions), *without limitation*" through the date of the Order. *See* ECF No. 173 at 3 (emphasis in original).  In the November 28 letter, JJHCS requested that SaveOnSP confirm that:  (1) SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023; (2) SaveOnSP will supplement its production of documents using all previously agreed upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and (3) SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

        SaveOnSP has refused to do so.  Instead, in its December 15 letter, SaveOnSP asserts that "*[s]ubject to JJHCS's confirmation of its production parameters*, SaveOnSP will

---

[2] Consistent with its representations to SaveOnSP and the Court, JJHCS will continue to run the term ("CAPa" OR "CAPm" OR "adjustment program") for previously agreed-upon custodians (Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh) for the period April 1, 2016 to July 1, 2022.  *See* Dec. 1, 2023 Letter from J. Long to E. Snow at 1.

Elizabeth Snow, Esq.
December 22, 2023
Page 5

refresh its production running the search terms on Exhibit 4 for the custodians listed on that Exhibit through November 7." Dec. 15, 2023 Letter from E. Snow to J. Long at 2 (emphasis added).

At the outset, it is not appropriate for SaveOnSP to condition its compliance with the Court's November 7 Order on anything, let alone "JJHCS's confirmation of its production parameters," including, e.g., demands that JJHCS "identify how many documents [JJHCS's] terms generate for review." *Id.* SaveOnSP's equivocation is especially troubling given Judge Waldor's instruction that both parties update their "discovery responses . . . *without limitation*[.]" *See* ECF No. 173 at 3 (emphasis in original). Just as in the case of its motion relating to the so-called "Janssen Interrogatories" (ECF No. 162), SaveOnSP has incorrectly described the Court's order and then insisted that JJHCS comply with an order that does not exist. JJHCS will not do so.

Additionally, based on yesterday's colloquy between SaveOnSP and Judge Wolfson, we understand that SaveOnSP understands its obligation to update *all* of its discovery, including its production of documents and data collected from non-custodial sources. But to ensure that the record is clear, by January 5, 2023, please confirm that SaveOnSP will refresh its collection of documents listed in **Appendix 2** to this letter, including *inter alia* updating SaveOnSP's productions of its business plans and claims data through November 7, 2023. SaveOnSP also produced several categories of information for the time period April 1, 2016 to July 1, 2022, including SaveOnSP's patient list, call notes, client list, terminated client list, and drug lists. Please confirm that SaveOnSP will comply with Judge Waldor's order to update these discovery responses through November 7, 2023 as well. *See* Appendix 2.

Finally, SaveOnSP's Exhibit 4 omits nineteen search terms and phrases which SaveOnSP previously agreed to run through its custodial documents, including emails, text messages, mobile data, Chatter, Teams messages, hard drive data, and personal email collections, consistent with the Court's prior orders and SaveOnSP's prior representations. *See* ECF No. 144. The search terms with missing phrases appears in red font below.

- ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR SaveOnSP OR SOSP OR Save On OR manufacturer* OR mfgr* OR program)

- (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")

- (Business w/15 plan) OR "Business plan"

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge")

- (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

Elizabeth Snow, Esq.
December 22, 2023
Page 6

- (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable)

- (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

- (Premera AND ("drug list" OR list)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[3]

- (Premera AND (remove OR change)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[4]

- "@express-scripts.com"[5]

- "@notionpartners.com"

- "strategy plan" OR (strategy /15 plan) OR "monthly plan" OR (monthly /15 plan) OR "transition plan" OR (growth /15 plan)

- Cobicistat

- Darunavir

- Emitricitabine

- manufacturer* w/10 (maximizer* OR accumulator*)

- Tenofovir Alafenamide

---

[3] SaveOnSP agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

[4] SaveOnSP also agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

[5] For the period December 2015 through August 31, 2016. Unless otherwise noted, the terms listed above do not have a date limitation that was more narrow than the previously applicable time period of April 1, 2016 to July 1, 2022.

Elizabeth Snow, Esq.
December 22, 2023
Page 7

- UPTRAVI OR selexipag

      Please promptly confirm that (1) SaveOnSP did in fact run all of the terms listed in **Appendix 3** to this letter, as agreed by the parties, for the period April 1, 2016 to July 1, 2022; (2) SaveOnSP did in fact substantially complete production of all non-privileged, responsive documents hitting on all of these terms for the original time period; and (3) SaveOnSP will use this full set of terms for the purposes of its refresh collection.

*    *    *    *

      Please respond by January 5, 2023.  We remain available to meet and confer.


Very truly yours,


*/s/ Julia Long*
Julia Long

14734540

# APPENDIX 1

## JJHCS Search Terms[6]

### Search Terms for JJHCS Existing Custodians

- **Custodians**: Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB*

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "Save On" *(case sensitive)*

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

- (Fein OR Pembroke OR Adam OR "Drug Channels") AND afein@drugchannels.net AND (SaveOnSP OR accumulat* OR maximiz*)

- CAPa OR CAPm OR "adjustment program"[7]

---

[6] Unless otherwise noted, the time period applicable for the terms is April 1, 2016 to November 7, 2023.

[7] JJHCS agreed to run this term for April 1, 2016 to July 1, 2022 period only.

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)[8]

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" *(case sensitive)*[9]

## Search Terms for "CAP" Custodians

- **Custodians**: Quinton Kinne, Daphne Longbothum, Allison Barklage, John Hoffman, William Shontz, and L.D. Platt

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)[10]

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" *(case sensitive)*[11]

## Silas Martin Search Terms

- **Custodians**: Silas Martin

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*)

- (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity)

- (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

---

[8] January 1, 2022 to November 7, 2023.

[9] January 1, 2022 to November 7, 2023.

[10] January 1, 2022 to November 7, 2023.

[11] January 1, 2022 to November 7, 2023.

**APPENDIX 2**

**SaveOnSP's Non-Custodial Collections**

- Documents sufficient to show SaveOnSP's organizational structure, including organization charts

- SalesForce records for members of SaveOnSP-advised plans who were prescribed at least one Janssen Drug

- Data responsive to Request for Production No. 41:  (1) manufacturer; (2) brand name; (3) national drug code; (4) recipient of manufacturer assistance; (5) patient identifier; (6) pharmacy for relevant drug fill; (7) pharmacy address; (8) prescription number; (9) prescription fill date; (10) number of unites; (11) days of supply; (12) unit of measure; (13) copay or coinsurance amount; (14) patient names; (15) patient dates of birth; (16) patient TrialCard enrollment numbers; and (17) Patient Identifier (Cardholder ID)

- Data responsive to Request for Production No. 42:  (1) pharmacy name; (2) pharmacy address; (3) patient identification; (4) patient state of residence; (5) identifier of whether patient is on a SaveOnSP Program; (6) insurance/health plan name; (7) insurance/health plan member ID; (9) health/insurance plan group name; (10) insurance/health plan group number; (11) product description; (12) NDC; (13) product form; (14) product strength; (15) number of units; (16) days of supply; (17) unit of measure; (18) date of prescription fill; (19) patient copayment; (20) patient coinsurance payment; (21) patient deductible payment; (22) copay coupon/manufacturer assistance amount applied to the prescription cost; (23) patient names; (24) patient dates of birth; (25) patient TrialCard enrollment numbers; and (26) Patient Identifier (Cardholder ID)

- All agreements between SaveOnSP and Express Scripts or related entities

- List of patients who were entered into SaveOnSP's system and were prescribed at least one Janssen Drug (the "Patient List")

- List of SaveOnSP's call center locations

- List of clients who engaged SaveOnSP's services

- Final versions of Annual Reviews

- Documents sufficient to show the identities of patients whose claims were put on hold or rejected because the patient was not enrolled in the SaveOnSP program

- Documents sufficient to show the identities of patients whose claims were put on hold or rejected because the patient was not enrolled in the SaveOnSP program, but whose claim was later permitted to proceed after that patient was enrolled

- SaveOnSP's operating agreements and any amendments thereto

14734540

- SaveOnSP's business plans and "business plan-like" documents, including any draft business plans

- Breakwall Holdings LLC's operating agreements

- Video and audio recordings of training sessions, including daily "huddle" sessions

- All SaveOnSP Drug Lists

- Documents or data received from third parties as part of a formal production or otherwise

- All Master Services Agreements between ESI, SaveOnSP, and Prime Therapeutics

- List of former clients who terminated their agreements with SaveOnSP

- SaveOnSP Privacy and Data Security Policy

- May 2023 Updated Confidentiality and Nondisclosure Policy

# APPENDIX 3

## SaveOnSP Search Terms[12]

- "Project Recapture" OR "Rescue Study" OR "adherence data"

- "zero cost share" OR "$0 cost share"

- (("transfer*" OR reject* OR POS OR "point of sale" OR step edit*) W/15 pharm*) OR "Error Code 73" OR ((drug* OR med* OR fill*) W/15 (cover*))

- ((essential OR "non-essential" OR nonessential) W/10 (benefit*)) OR EHB* OR NEHB*

- ((patient* OR chang* OR mov* OR switch*) W/30 (new W/5 (drug* OR med* OR brand*)))

- ((SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/15 ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen)) w/5 (revenue OR sales OR profits OR "return on investment" OR "ROI")

- <span style="color:red">("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR SaveOnSP OR SOSP OR Save On OR manufacturer* OR mfgr* OR program)</span>

- (Accredo OR "accredo.com") W/30 (agr* OR contract OR memor* OR fee* OR shar* OR relat*)

- (adher* OR complian* OR comply* OR discontinue*) W/10 (trend* OR rate* or stat*)

- <span style="color:red">(avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")</span>

- <span style="color:red">(Business w/15 plan) OR "Business plan"</span>

- (chang* or edit*) W/25 website

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share" OR "specialty med*" OR "specialty drug*" OR biolog* OR infus*) W/15 (OR transfer* OR reduc* OR saving*)

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero <span style="color:red">OR 0 OR $0</span> OR "no cost" OR "free of charge")

---

[12] Unless otherwise noted, these time period applicable for these terms is April 1, 2016 to November 7, 2023.

- (copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase)

- (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (detect* OR evade* OR avoid* OR hide OR conceal*) W/15 (manufacturer*)

- (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable)

- (ESI OR "Express Scripts" OR Evernorth) w/15 (fee* OR ((master w/2 agreement) OR assistance OR "copay card" OR "co-pay card" OR "savings card" OR enroll* OR accumulat* OR maximiz*))

- (exhaust* OR drain* OR complain*) w/ 15 (co-pay OR copay* OR support* OR cover*)

- (FirstView OR "First View") w/10 card

- (FirstView OR "First View") AND (credit w/2 card)

- (inc* W/10 (save* OR saving*) W/15 manuf* OR assist*

- (inclu* OR add* OR remov* OR Structure) W/10 (benefit* OR "drug list*")

- (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

- (Passthrough OR pass through* OR pass thru OR passthru OR passthrus)

- (patient* OR member*) W/5 (adher* OR complian* OR comply* OR discontinu*)

- (Premera AND ("drug list" OR list)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[13]

---

[13] SaveOnSP agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

- (Premera AND (remove OR change)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)[14]

- (therap* or drug* OR medication) w/15 (adhere* OR continu* OR discontinu*)

- (therap* OR drug* OR medication) w/15 (transition OR "same class" OR "same category")

- "@express-scripts.com"[15]

- "@notionpartners.com"

- "Affordable Care Act" OR ACA

- "DARZALEX FASPRO" OR DARZALEX OR daratumumab OR hyaluronidase*

- "Intergovernmental Personnel Benefit Cooperative" OR IPBC OR (Rachel W/2 Harmon) OR rharmon@expressscripts.com OR ((presentation OR training OR video) W/5 (ESI OR "Express Scripts"))

- "Johnson & Johnson" OR "Johnson and Johnson"

- "Lash Group"

- "non-med* switch*" OR "nonmed* switch*" OR ((patient OR non-med*OR nonmed*) W/15 switch*) OR "switch rationale" OR "switch card" OR "economic switch*" OR (("force* or mandate*) w/5 switch*")"

- "open enrollment" OR ((summar* OR term) W/30 (program* OR plan* OR benefit* OR coverage* OR coinsurance OR deductible OR OOP OR "out-of-pocket"))

- "SaveOnSP Program Impacted" OR (Premera W/15 (article OR alert* OR news*)) OR ("close*" W/15 ("business OR "customer*"))

- "strategic steering committee" OR "steering committee" OR (strateg* w/10 (monthly OR meet*))

- "strategy plan" OR (strategy /15 plan) OR "monthly plan" OR (monthly /15 plan) OR "transition plan" OR (growth /15 plan)

- "Summary of Benefits"

---

[14] SaveOnSP agreed to run this term over Melanie Jerred's custodial documents from July 1, 2022 to October 1, 2023.

[15] For the period December 2015 through August 31, 2016.  Unless otherwise noted, the terms listed above do not have a date limitation.

- "Summary Plan"

- Accredo W/15 (transfer* OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*)

- analy* OR "white paper*" OR "research" OR report* OR publication* OR review* OR article* OR study OR studies W/15 "specialty med*" OR "specialty drug*" OR biolog* OR infus* or accumul* OR maximizer* OR copay* OR co-pay* OR coins* OR co-ins*

- BALVERSA OR erdafitinib

- benchmark* /10 (plan OR state OR EHB OR essential* OR NEHB or nonessential* OR non-essential*)

- bi-weekly W/2 (call* OR meeting*)

- care W/2 path

- CarePath OR Carpath OR Carepth

- Cobicistat

- Darunavir

- EJR AND emilyjreckinger@gmail.com

- email W/10 template

- Emitricitabine

- ERLEADA OR apalutamide

- https://www.saveonsp.com* OR www.saveonsp.com* OR "reduce this exorbitant cost" OR "we offer an innovative specialty solution" OR "is committed to making expensive medications more affordable for companies" OR "modifying their plan design" OR "how will our plan see savings generated"

- IMBRUVICA OR ibrutinib

- its.jnj.com

- J&J or JNJ

- Janssen OR Jannsen OR Jansen OR Jannssen

- JJHCS OR JHCS or JJCHS OR JJHS

- manufacturer* w/10 (maximizer* OR accumulator*)

- OPSUMIT OR macitentan

- Prezcobix

- QuestEx

- Reject* w/2 73

- REMICADE OR infliximab

- RYBREVANT OR amivantamab*

- SIMPONI OR golimumab

- STELARA OR ustekinumab

- structure* W/4 (benefit* OR "drug list*")

- Symtuza

- Tenofovir Alafenamide

- TRACLEER OR bosentan

- TREMFYA OR guselkumab

- TrialCard OR "Trial Card"

- UPTRAVI OR selexipag

- Ventavis OR iloprost

- ZYTIGA OR abiraterone

# JJHCS Ex. C

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy
gay
elsberg**

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

January 5, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***
     **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

We write in response to the portion of your December 22, 2023 letter regarding the document refresh ordered by the Court.

**I.    J&J's Search Terms and Collections**

*First*, we look forward to receiving J&J's refresh production by the end of January.

*Second*, we agree that J&J should run the Silas Martin-specific terms over Martin's documents, and not those of other J&J custodians, through November 7, 2023.

*Third*, we do not agree that J&J can exclude the search string "CAPa" OR "CAPm" OR "adjustment program" from its refresh production. The Court's November 7, 2023 Order required that the parties run all agreed search terms, Dkt. 173, and J&J agreed to run the search string "CAPa" OR "CAPm" OR "adjustment program." *See* Sept. 29, 2023 email from J. Long to E. Snow. You assert that J&J need not run that string for its refresh production because J&J added it "in an effort to avoid motions practice." Dec. 22, 2023 Letter from J. Long to E. Snow at 3 (apparently referring to the Sept. 29, 2023 email from J. Long to E. Snow where the agreement to run the terms was framed as "an effort to reach compromise and reduce the number of disputes" at the Oct. 30 conference). We disagree. The Court's Order did not exclude that string, so J&J must run it. Please note that if the Special Master ultimately allows J&J to exclude that string on the basis that J&J offered it to avoid a dispute, then SaveOn will not run the search terms which it agreed to run for the same reason. *See, e.g.*, Oct. 3, 2023 Letter from M. Nelson to S. Arrow (SaveOn agreed

to add "FirstView w/10 card" and "FirstView AND (credit w/2 card)" in order "[t]o avoid a dispute"); Aug. 21, 2023 Letter from M. Nelson to S. Arrow (SaveOn agreed to run four terms "[t]o avoid a dispute").

*Fourth*, subject to its objection regarding the CAP terms discussed above, SaveOn agrees that J&J should refresh its production consistent with the custodians and terms listed in Appendix 1 to its December 22, 2023 letter.

## II.     SaveOn's Search Terms and Collections

*First*, while disagreeing with your various mischaracterizations of our prior communications, SaveOn confirms that it has collected documents from its custodians through November 7, 2023 (noting that some left the company before that date) and that it intends to substantially complete its refresh production by March 31, 2024.

*Second*, SaveOn will refresh its production of the categories listed in J&J's Appendix 2 except that SaveOn will not (and did not agree to) produce its informal communications with third parties. *See* Nov. 17, 2023 Responses and Objections to J&J's Ninth Requests for Production at 5 ("SaveOnSP will produce documents that it receives in response to subpoenas that it serves in this Action. SaveOnSP will not otherwise produce documents in response to this request.").

*Third*, regarding J&J's Appendix 3, SaveOn intends to run the search terms listed on the attached Exhibit 1. This includes the following search terms, which were inadvertently omitted from Exhibit 4 to the December 15, 2023 letter:

- ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR SaveOnSP OR SOSP OR Save On" OR manufacturer* OR mfgr* OR program)

- (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer*

- manufacturer* w/10 (maximizer* OR accumulator*)

- (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable)

- (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "copay")

- (Business w/15 plan) OR "Business plan"

- "strategy plan" OR (strategy /15 plan) OR "monthly plan" OR (monthly /15 plan) OR "transition plan" OR (growth /15 plan)

- "@notionpartners.com"

2

- Cobicistat

- Darunavir

- Emitricitabine

- Tenofovir Alafenamide

- UPTRAVI OR selexipag

- (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

- (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge")

The following search terms, were run over Melanie Jerred's custodial documents for a specific, agreed-upon time period, including after the original July 1, 2022 cut off.[1] These terms will not be run again as part of the refresh.

- (Premera AND ("drug list" OR list)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)

- (Premera AND (remove OR change)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)

The following search term was run on an expressly time-limited basis. It will not be run again as part of the refresh.[2]

- "@express-scripts.com"

*Fourth*, SaveOn has run all other terms in J&J's Appendix 3 and will run them for its refresh productions.

---

[1] SaveOn agreed to run these terms over Ms. Jerred's custodial documents for the period July 1, 2022 to October 1, 2023. *See* Oct. 3, 2023 Letter from A. Dunlap to S. Arrow and Oct. 20, 2023 Letter from E. Snow to S. Arrow.

[2] SaveOn agreed to run the term "express-scripts.com" only for the period of December 2015 through August 31, 2016. *See* June 6, 2023 Letter from A. Dunlap to G. LoBiondo.

*Finally*, while you say that it is inappropriate for SaveOn to condition its refresh parameters based on J&J's confirmation of its own refresh parameters, we disagree. As discussed above, for example, if J&J refuses to run search parameters on the basis that it agreed to them to avoid a dispute, and the Special Master agrees, then SaveOn will not run the search terms it agreed to on the same basis. SaveOn reserves its right to adjust its search parameters as appropriate, including based on guidance from the Special Master.

We are available to meet and confer.


Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 1

**JJHCS v. SaveOnSP**
Defensive Custodians & Search Terms
Case No. 2:220cv-02632-ES-CLW

## Custodians

| | | |
|---|---|---|
| Alissa Langley | Amanda Larsen | Andrea Waker |
| Ayesha Zulqarnain | Brianna Reed | Claudia Dunbar |
| Danielle Wagner | Dave Chelus | Emily Reckinger |
| Florencio Calderon | Jenna Benkelman | Jenna Ordonez |
| Jennifer Menz | Jill Stearns | Jillian Vincheski |
| Jody Miller | Laura McClung | Mariah DuRant |
| Melanie Jerred | Michael Heinrichs | Michelle Tabone |
| Nick Morrissey | Nicole Haas | Rob Saeli |
| Ron Krawczyk | Sarah Kancar | Sarah Segerson |
| Ted Mighells | | |

| **Search Terms** |
|---|
| "Affordable Care Act" OR ACA |
| "DARZALEX FASPRO" OR DARZALEX OR daratumumab OR hyaluronidase* |
| "First View" AND (credit w/2 card) |
| "First View" w/10 card |
| "Intergovernmental Personnel Benefit Cooperative" OR IPBC OR (Rachel W/2 Harmon) OR rharmon@expressscripts.com OR ((presentation OR training OR video) W/5 (ESI OR "Express Scripts")) |
| "Johnson & Johnson" OR "Johnson and Johnson" |
| "Lash Group" |
| "open enrollment" OR ((summar* OR term) W/30 (program* OR plan* OR benefit* OR coverage* OR coinsurance OR deductible OR OOP OR "out-of-pocket")) |
| "SaveOnSP Program Impacted" |
| "Summary of Benefits" |
| "Summary Plan" |
| "zero cost share" OR "$0 cost share" |
| ("non-med* switch*" OR "nonmed* switch*" OR ((patient OR non-med* OR nonmed*) W/15 switch*)) |

| |
|---|
| (("transfer*" OR reject* OR POS OR "point of sale" OR step edit*) W/15 pharm*) OR "Error Code 73" OR ((drug* OR med* OR fill*) W/15 (cover*)) |
| ((essential or "non-essential" or nonessential) W/10 (benefit*)) or EHB* OR NEHB* |
| ((patient* OR chang* OR mov* OR switch*) W/30 (new W/5 (drug* OR med* OR brand*))) |
| ((SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/15 ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen)) w/5 (revenue OR sales OR profits OR "return on investment" OR "ROI") |
| (Accredo OR "accredo.com") W/30 (agr* OR contract OR memor* OR fee* OR shar* OR relat*) |
| (adher* OR complian* OR comply* OR discontinue*) W/10 (trend* OR rate* or stat*) |
| (adherence W/5 trend*) |
| (chang* or edit*) W/25 website |
| (copay* OR co-pay* OR coins* OR co-ins* OR "cost share" OR "specialty med*" OR "specialty drug*" OR biolog* OR infus*) W/15 (transfer* OR reduc* OR saving*) |
| (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR "no cost" OR "free of charge") |
| (copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase) |
| (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| (ESI OR "Express Scripts" OR Evernorth) W/15 (fee* OR (master W/2 agreement) OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*) |
| (exhaust* OR drain* OR complain*) W/15 (co-pay OR copay* OR support* or cover*) |
| (inc* W/10 (save* OR saving*)) W/15 (manuf* OR assist*) |
| (inclu* OR add* OR remov* OR Structure) W/10 (benefit* OR "drug list*") |
| (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |
| (patient* OR member*) W/5 (adher* OR complian* OR comply* OR discontinu*) |
| (therap* or drug* OR medication) w/15 (adhere* OR continu* OR discontinu*) |

| |
|---|
| (therap* OR drug* OR medication) w/15 (transition OR "same class" OR "same category") |
| Accredo W/15 (transfer* OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*) |
| analy* OR "white paper*" OR "research" OR report* OR publication* OR review* OR article* OR study OR studies W/15 "specialty med*" OR "specialty drug*" OR biolog* OR infus* or accumul* OR maximizer* OR copay* OR co-pay* OR coins* OR co-ins* |
| BALVERSA OR erdafitinib |
| benchmark* W/10 (plan OR state OR EHB OR essential* OR NEHB or non-essential* OR non-essential*) |
| bi-weekly W/2 (call* OR meeting*) |
| care W/2 path |
| CarePath OR Carpath OR Carepth |
| close* W/15 (business OR customer*) |
| EJR AND emilyjreckinger@gmail.com |
| email W/10 template |
| ERLEADA OR apalutamide |
| ESI W/10 fees |
| FirstView AND (credit w/2 card) |
| FirstView w/10 card |
| https://saveonsp.com |
| https://www.saveonsp.com* OR www.saveonsp.com* OR "reduce this exorbitant cost" OR "we offer an innovative specialty solution" OR "is committed to making expensive medications more affordable for companies" OR "modifying their plan design" OR "how will our plan see savings generated" |
| IMBRUVICA OR ibrutinib |
| its.jnj.com |
| J&J OR JnJ |
| Janssen OR Jannsen OR Jansen OR Jannssen |
| JJHCS OR JHCS OR JJCHS OR JJHS |

| |
|---|
| non-med* switch* OR "nonmed* switch*" OR ((patient OR non-med* OR nonmed*) W/15 switch*) OR "switch rationale" OR "switch card" OR "economic switch*" OR ((force* or mandate*) w/5 switch*) |
| OPSUMIT OR macitentan |
| Passthrough OR "pass through*" OR "pass thru" OR passthru OR passthrus |
| Premera W/15 (article OR alert* OR news*) |
| Prezcobix |
| Project Recapture OR "Rescue Study" OR "adherence data" |
| questex |
| Reject* w/2 73 |
| REMICADE OR infliximab |
| RYBREVANT OR amivantamab* |
| SIMPONI OR golimumab |
| STELARA OR ustekinumab |
| strategic steering committee OR "steering committee" OR (strateg* w/10 (monthly OR meet*)) |
| structure* W/4 (benefit* OR "drug list*") |
| Symtuza |
| TRACLEER OR bosentan |
| TREMFYA OR guselkumab |
| TrialCard OR "Trial Card" |
| Ventavis OR iloprost |
| ZYTIGA OR abiraterone |
| ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR SaveOnSP OR SOSP OR Save On" OR manufacturer* OR mfgr* OR program) |
| (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer* |
| manufacturer* w/10 (maximizer* OR accumulator*) |
| (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable) |
| (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay") |

| |
|---|
| (Business w/15 plan) OR "Business plan" |
| "strategy plan" OR (strategy /15 plan) OR "monthly plan" OR (monthly /15 plan) OR "transition plan" OR (growth /15 plan) |
| "@notionpartners.com" |
| Cobicistat |
| Darunavir |
| Emitricitabine |
| Tenofovir Alafenamide |
| UPTRAVI OR selexipag |
| (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |
| (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) |
| (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge") |
| avoid* w/10 coinsurance |

JJHCS Ex. D



January 11, 2024

Julia Long
(212) 336-2878

<u>**VIA EMAIL**</u>

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> <u>**No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

We write in response to SaveOnSP's January 5, 2024 letter regarding the discovery refresh as ordered by the Court.

**A.     Interrogatory Responses**

In our December 22 letter, JJHCS sought SaveOnSP's confirmation that it would refresh its interrogatory responses through November 7, 2023 by January 31, 2024, as ordered by Judge Wolfson at the December 21, 2023 conference. *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow at 2-3. SaveOnSP's January 5, 2024 response did not address this issue. Please confirm that SaveOnSP will supplement its interrogatory responses by January 31, 2024. Subject to SaveOnSP's confirmation, JJHCS will serve its supplemented interrogatory responses by the same date.

**B.     JJHCS's CAP Search Terms**

SaveOnSP attempts to re-open the issue of whether JJHCS should run the search string "CAPa" OR "CAPm" or "adjustment program"—without a SaveOnSP limitation—by arguing that because JJHCS agreed to run that term for the original time period (April 1, 2016 to July 1, 2022), it is an "agreed search term[]" subject to the Court-ordered refresh. *See* Jan. 5, 2024 Ltr. from E. Snow to J. Long at 1-2. This claim finds no support in the Court's November 7, 2023 Order.

As you know, SaveOnSP made an application specifically requesting that JJHCS run the CAP terms without a SaveOnSP modifier for the time period after July 1, 2022, *see* Dkt. No. 166 at 8, and the Court did not grant SaveOnSP that relief. Instead, in the same section of the Court's November 7, 2023 Order as the "refresh" direction, the Court narrowed the relief sought

Elizabeth H. Snow, Esq.
January 11, 2024
Page 2

by SaveOnSP's motion, and ordered JJHCS only to review documents wherein the terms "CAPa"
OR "CAPm" or "adjustment program" "*are found in the same documents as the term 'SaveOn'
(or reasonable variations / abbreviations)*."  ECF No. 173 at 2-3 (emphasis added).  Accordingly,
consistent with the Order, JJHCS will run the two search terms as set forth below, for the period
January 1, 2022 through November 7, 2023, for both the new "CAP" custodians and previously
agreed-upon JJHCS custodians.

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR
  "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

    As stated in our December 22 letter, JJHCS intends to substantially complete its
refresh document production by the end of January 2024.

## C.     SaveOnSP's Search Terms

    SaveOnSP suggests that it is not prepared to run all agreed-upon search terms unless
JJHCS agrees to run "CAPa" OR "CAPm" or "adjustment program" without a SaveOnSP
modifier.  *See* Jan. 5, 2024 Ltr. from E. Snow to J. Long at 1-2.  SaveOnSP claims that, if "the
Special Master ultimately allows J&J to exclude [the CAP] string on the basis that J&J offered it
to avoid a dispute, then SaveOn will not run the search terms which it agreed to run for the same
reason." *Id.*

    If SaveOnSP takes this step, it will be acting in violation of the Court's November
7, 2023 Order.  Unlike the CAP search string, which was specifically narrowed by the Court's
Order, *see* Dkt. No. 173 at 2-3, none of SaveOnSP's strings were similarly narrowed for the refresh
period.  Please confirm promptly whether SaveOnSP intends to exclude certain search strings from
its refresh production on this basis and, if so, identify which strings SaveOnSP is refusing to run.
If you do not agree, we will have no choice but to seek all available relief from the Court on this
subject.  Compliance with court orders is mandatory, not optional.

    We also appreciate your confirmation that SaveOnSP's December 15, 2023 letter
omitted nineteen search terms and phrases which SaveOnSP previously agreed to run through its
custodial documents.  We are troubled by your January 5 letter, which states that SaveOnSP
"*intends* to run the search terms listed on the attached Exhibit 1." Jan. 5, 2024 Ltr. from E. Snow
to J. Long at 2 (emphasis added).  As requested in our December 22 letter, please promptly
confirm, on a term-by-term basis, that (1) SaveOnSP did in fact run these terms, as agreed by the
parties, for the period April 1, 2016 to July 1, 2022 and (2) SaveOnSP did in fact (by September
24, 2023) substantially complete production of all non-privileged, responsive documents hitting
on all of these terms for the original time period.

14798790

Elizabeth H. Snow, Esq.
January 11, 2024
Page 3

We also note that SaveOnSP's Exhibit 1 continues to omit the portion of the search string in red font below:

- (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR <span style="color:red">Novartis</span>)

SaveOnSP also asserts that it will not run two search strings over Melanie Jerred's custodial documents, which it previously agreed to run for the period July 1, 2022 to October 1, 2023:

- (Premera AND ("drug list" OR list)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)

- (Premera AND (remove OR change)) W/25 (Janssen OR JJHCS OR Erleada OR Simponi OR Stelara OR Tremfya OR Zytiga)

SaveOnSP's letter does not, however, identify the basis for its refusal to run this term through November 7, 2023.  Please confirm that SaveOnSP will update its production of these documents through November 7, 2023, consistent with the Court's Order.

*    *    *

Please promptly confirm your availability to meet and confer on January 16, 2024.

Very truly yours,

*/s/ Julia Long*
Julia Long

14798790

# EXHIBITS E-G
# CONFIDENTIAL – FILED
# UNDER SEAL

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

    Re:  ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
        **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

  On behalf of Defendant Save On SP, LLC ("**SaveOn**"), we write in response to Johnson &
Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**") February 14, 2024 opposition to
SaveOn's February 7, 2024 motion to compel J&J to run the unlimited CAP Terms.

  J&J does not dispute the main points of SaveOn's motion. J&J does not dispute that Para-
graph 3 of the November 7, 2023 Order directs the parties to update their discovery "*without lim-
itation*" through November 7, 2023, Dkt. 173 (original emphasis). J&J does not dispute that, a
month before the Order, it agreed to run the unlimited CAP Terms over all its custodians for the
then-discovery period of April 1, 2016 to July 1, 2022, *see* Ex. 1 (Sept. 29, 2023 Email from J.
Long to E. Snow). And J&J does not dispute that a month after the Order, it stated that it "will

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

refresh its production of documents using all previously agreed-upon search terms for all previ-

ously agreed-upon JJHCS custodians through the date of the Court's order," Ex. 12 (Nov. 28, 2023

Ltr. from J. Long to M. Nelson) at 2, which includes the unlimited CAP Terms. This is sufficient

to compel J&J to run the unlimited CAP Terms in refreshing its document production.

J&J pretends Paragraph 3 does not exist, discussing only Paragraph 2, which it says allows

it to run the CAP Terms with a SaveOn limiter. J&J does not dispute the absurd result of its posi-

tion—that Judge Waldor ordered a refresh of discovery "without limitation" but implicitly limited

the CAP Terms that J&J would need to run in that unlimited refresh production—all while saying

that she was going to "open the doors on CAP" discovery. Dkt. 171 at 56:1. This makes no sense.

J&J claims that, at the October 30, 2023 conference, Judge Waldor intentionally limited

the CAP Terms in ordering J&J to refresh its production. Not so. Before that conference, the parties

had generally agreed to a discovery period of April 1, 2016 to July 1, 2022. Judge Waldor first

heard argument on SaveOn's motion to compel J&J to run the CAP Terms past July 1, 2022, and

ordered J&J to do so using a SaveOn limiter, Dkt. 171 at 108. J&J then made an oral motion

(without notice) that both parties refresh their productions through the present, which Judge Wal-

dor granted without limitation. Dkt. 171 at 114:12-13 ("I am not limiting any supplementation.

There's no limitation."). The Court's second order subsumed the first, requiring J&J to run all

previously agreed search terms through the present, including the unlimited CAP Terms.

The portions of the conference transcript that J&J cites to falsely suggest that SaveOn

agreed to limited CAP Terms for J&J's refresh production, Opp. 2-4, occurred on the first motion,

*before* Judge Waldor ruled on the second motion and ordered a full refresh, subsuming her first

ruling. Judge Waldor did not address the interplay between her two rulings, SaveOn never agreed

Hon. Freda L. Wolfson                                                                 Page 3

that J&J could use limited CAP Terms for its refresh production, and J&J never raised that possi-

bility, even though it had previously agreed to run the CAP Terms without a limiter.[1]

Even if J&J's reading of the November 7, 2023 Order were correct (it is not), SaveOn has

provided grounds for reconsideration—ten relevant documents produced after the October 30 con-

ference that the unlimited CAP Terms would identify but the limited CAP Terms would not, show-

ing that the unlimited CAP Terms are necessary to identify relevant material. J&J does not dispute

seven of those documents, which are a sufficient basis to grant reconsideration.[2]

J&J's arguments as to the other three documents are meritless.



---

[1] J&J suggests that SaveOn should have moved for reconsideration or clarification of the November 7 Order. SaveOn did not do so because it believes Paragraph 3 unambiguously requires J&J to refresh its production "*without limita-tion*," and J&J confirmed that it would do so "using all previously agreed-upon search terms." Nov. 28, 2023 Ltr. from J. Long to M. Nelson.

[2] J&J asserts that SaveOn "never raised" these documents to it. In fact, SaveOn told J&J during a meet-and-confer that it believed newly produced documents supported its request that J&J run the unlimited CAP Terms.

While J&J asserts that the second document, Exhibit 4 (JJHCS_00142279), is irrelevant, it

is █████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 4 at 6. It also

contradicts J&J's claims that SaveOn harms patients, showing that ***no*** patients believed that accu-

mulators or maximizers affected them at all:



And while J&J asserts that the third document, Exhibit 11 (JJHCS_00139311), is also ir-

relevant, ████████████████████████████████████████████████████████

████████████████████, *id.* at 2—a response to plans like those advised by SaveOn, which help

patients enroll in CarePath and qualify for the plans' copay assistance benefits. This indicates that

J&J was attempting to steer patients away from those benefits.

Finally, J&J does not argue that running the unlimited CAP Terms would be unduly bur-

densome or disproportionate. It does not even state how many additional documents it would have

to review if compelled to run the unlimited CAP Terms. While it asserts that it has produced more

than 56,000 "pages" of documents related to "CAP issues," J&J does not say how many documents

Hon. Freda L. Wolfson                                                          Page 5

this refers to or what those documents are or connect this assertion to any kind of burden or pro-

portionality objection. Your Honor should compel J&J to run the unlimited CAP Terms.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 12



www.pbwt.com

November 28, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
        **2:23-cv-02632 (ES) (CLW)**

Dear Meredith:

We write to memorialize our November 27, 2023 meet and confer concerning SaveOnSP's Responses and Objections to JJHCS's Ninth Set of Requests for Production and various topics related to the Court's November 7, 2023 Order.

**I.     JJHCS's Requests for Production Nos. 95 and 96**

JJHCS's RFP Nos. 95 and 96 request all documents and communications concerning SaveOnSP's employee confidentiality obligations and any communications with SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee confidentiality policies. You have refused to produce documents and communications responsive to either RFP.

During the meet and confer, we explained the relevance of these policies, including that SaveOnSP's employee confidentiality obligations bear directly on measures that SaveOnSP has used to ███████████████ and others with regard to SaveOnSP's conduct at issue in this action. SaveOnSP's own Response to Interrogatory No. 18 ██████; indeed, in SaveOnSP's Response to Interrogatory No. 18, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* SaveOnSP Response to JJHCS Interrogatory No. 18. The relevance of these policies and any documents or communications relating to them ████████████████████████████████████████████ and therefore indisputable. In our call, you offered no valid basis for refusing to produce these documents. Nor have you articulated any reasonable burden argument to producing the requested documents, let alone to the production of ██████████████.

Meredith Nelson, Esq.
November 28, 2023
Page 2

In light of the above, please reconsider your position and produce all documents and communications concerning your employees' confidentiality obligations, including ███████ ████████████████  If you are unwilling to do so, we will consider the parties at impasse on this issue.  Please provide a response by December 5, 2023.

## II.       Custodians

As discussed during our meet and confer, the Court's November 7 Order directs JJHCS to add six of the seven "CAP" custodians (Kinne, Longbothum, Shontz, Barklage, Hoffman, Platt, and Wyszkowski) and directs the parties to "meet and confer regarding the identities of the additional custodians and to work out any necessary logistics."  (ECF No. 173 at 2.)  During the meet and confer, SaveOnSP requested that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians.   JJHCS agrees to do so, and will review documents hitting on the search strings below for these CAP custodians for the time period January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

(*See* ECF No. 173 at 3.)  To be clear, JJHCS reserves all rights, including with respect to the remaining custodians at issue in the parties' October 25, 2023 joint letter.  (*See* ECF No. 165.)

## III.      Terms & Conditions

The Court's November 7, 2023 Order further states that "Defendant shall continue to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence)."  (ECF No. 173 at 1.)  As discussed, SaveOnSP's November 3 proposal, which "repeat[s]" prior requests that "JJHCS identify the predecessor programs from which the 'other offer' provision was drawn and identify the employees and documents sources for those programs" without a time period limitation, does not follow this directive.

We look forward to receiving your proposal containing narrowed requests for production as to CarePath's Terms and Conditions by December 5.

## IV.      Document Refresh

At the end of our call, SaveOnSP briefly raised the issue of the parties' document refresh.  On this point, the Court's Order is unambiguous:  it requires both parties to update their document productions "*without limitation*" through November 7, 2023.  (*See* ECF No. 173 at 3.) JJHCS is doing what the Court ordered.  JJHCS will refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's Order.   Indeed, following the Court's Order, JJHCS immediately began

Meredith Nelson, Esq.
November 28, 2023
Page 3

collecting and processing this data so that it could be promptly reviewed and produced, which will in turn allow the parties to complete fact discovery by April 25, 2024, as the Court has ordered us to do.  By December 5, please confirm that SaveOnSP is doing the same, *i.e.*, please confirm that:

- SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023;

- SaveOnSP will supplement its production of documents using all previously agreed-upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and

- SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

*    *    *    *

We remain available to meet and confer.

Very truly yours,


*/s/ Julia Long*
Julia Long

14734540