# EXHIBIT E

# JJHCS INDEX IN SUPPORT OF MOTION TO SEAL
## LETTERS TO JUDGE WOLFSON REGARDING ADDITIONAL CUSTODIANS (DECEMBER 28, 2023; AND JANUARY 4 & 8, 2024)

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
|  | Letter from E. Evans Wohlforth, Jr. (Dec. 28, 2023)<br>(2023.12.28 SaveOnSP Brief and Exhibits [Redacted]) | | | | |
| Redactions related to confidential discussions about CarePath program<br><br>Page 3 ("for . . . conditions");<br><br>Page 3, n.2 ("It . . . engagement");<br><br>Page 4 ("White . . . activity"), ("White . . . Tremfya)."), ("It . . . investments.""), ("These . . . budget");<br><br>Page 5 ("On . . . accumulators"), ("circulating . . . program"), ("the . . . | JJHCS requests the redaction of information and discussion in the December 28 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the December 28 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| plans"), ("Penkowski . . . it."), ("A few . . . here."), ("Zemick . . . maximum."), ("Penkowski . . . points"); Page 5, note 5("She . . . Rule"); Pages 6–7 ("On . . . year."), ("She . . . $20K."), ("and . . . conditions"), ("The . . . take"), ("including . . . sensitivity"), ("In . . . positioning."), ("but . . . concessions"). | | competitors secured the information. | | | |
| Confidential notes related to the CarePath program (produced by non-party Archbow) Exhibit 1 | JJHCS requests the redaction of information and discussion in certain exhibits to the December 28 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, | If filed on the public docket, the exhibits to the December 28 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | including the administration of the CarePath program. | proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | available or practicable. | | |
| Confidential emails related to the CarePath program and TrialCard vendor<br><br>Exhibits 2, 6, 7, 9, 10, 11, 12 & 14 (Exhibits 2 and 9 produced by non-party TrialCard) | JJHCS requests the redaction of information and discussion in certain exhibits to the December 28 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the December 28 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | at a competitive disadvantage if its competitors secured the information. | | | |
| <u>Confidential documents related to the CarePath program</u><br><br>Exhibits 3, 4, 8, 13 & 15 (Exhibit 8 produced by non-party TrialCard) | JJHCS requests the redaction of information and discussion in certain exhibits to the December 28 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the December 28 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Confidential documents related to Janssen Americas Leadership Team ("JALT") Exhibit 5 | JJHCS requests the redaction of information and discussion in certain exhibits to the December 28 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the December 28 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| *Letter from Harry Sandick (Jan. 4, 2024)* (2024.01.04 JJHCS Brief and Exhibits [Redacted]) | | | | | |
| Redactions related to confidential discussions about CarePath program<br><br>Page 5 ("that . . . TrialCard"), ("that . . . Programs");<br><br>Page 5, note 3 ("Mr. White . . . SaveOn"), ("is . . . Ms. Penkowski"), ("believe . . . place"), ("it . . . custodian"), ("notes");<br><br>Page 6 ("that . . . 2018"), ("another . . . order"), ("penalty"), ("JJHCS . . . CarePath"), ("the . . . scheme"), ("limited . . . Consta"), ("SaveOnSP . . . drugs"), ("they . . . 2018");<br><br>Page 6, note 4 ("dated . . . 2021"), ("accumulator . . . | JJHCS requests the redaction of information and discussion in the January 4 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the January 4 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

6

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| programs"), ("work . . . 2020"), ("those . . . claimed"); Page 7 ("Deshaies' . . . program"), ("which . . . received"). | | | | | |
| Confidential emails related to the CarePath program  JJHCS Exhibits 1 & 4 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 4 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the January 4 letter would reveal confidential material relating to JJHCS's sensitive business information.  Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

7

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Confidential documents related to the CarePath program<br><br>JJHCS Exhibit 2 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 4 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the January 4 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

8

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Discovery letters exchanged between counsel<br><br>JJHCS Exhibit 3 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 4 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the January 4 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. (Jan. 8, 2024) (2024.01.08 SaveOnSP Reply and Exhibits [Redacted]) | | | | | |
| <u>Redactions related to confidential discussions about CarePath program</u><br><br>Page 2 ("from . . . T&Cs"), ("Archbow . . . separately"), ("only . . . SaveOn"),<br><br>Page 2, note 2 ("as . . . SaveOn"), ("Jeffcoat . . . "),<br><br>Page 3 ("a . . . CarePath"), ("previously . . . not"), ("White . . . investment"), ("White . . . purpose"), ("his . . . is"), ("accumulators"), ("J&J . . . damages"), ("explicitly . . . involvement"), ("maximizers . . . | JJHCS requests the redaction of information and discussion in the January 8 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the January 8 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

10

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| accumulators"), ("referring . . . accumulator"), Page 4 ("referring . . . maximizer"), ("SaveOn . . . 2016"), ("research . . . 2017"), ("by . . . plan"), ("CarePath . . . drugs"). | | | | | |
| Redacted discovery letters exchanged between counsel<br><br>Exhibit 16 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 8 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the January 8 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

11

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | at a competitive disadvantage if its competitors secured the information. | | | |
| Redacted emails related to confidential discussions about CarePath program<br><br>Exhibit 17 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 8 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the January 8 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Confidential emails related to the CarePath program<br><br>Exhibits 18, 19, & 23 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 8 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the January 8 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

13

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Confidential documents related to the CarePath program<br><br>Exhibit 22 | JJHCS requests the redaction of information and discussion in certain exhibits to the January 8 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, the exhibits to the January 8 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |