# EXHIBIT I

# JJHCS INDEX IN SUPPORT OF MOTION TO SEAL
## LETTERS TO JUDGE WOLFSON REGARDING CAP TERMS AND EXHIBITS (FEBRUARY 7, 14 & 16, 2024)

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
|  | Letter from E. Evans Wohlforth, Jr. (Feb. 7, 2024) (2024.02.07 SaveOn -- Motion re CAP Terms and Exhibits) | | | | |
| Page 4 ("That . . . defenses"), ("This . . . 2022"); Pages 4–5, note 1 ("October . . . program"), ("December . . . program"), ("2021 . . . CAPm"), ("February . . . CAPm"), ("April . . . program"), ("March . . . program"), ("September . . . program"), ("October . . . program") | JJHCS requests the redaction of information and discussion in the February 7 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the February 7 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Confidential documents related to the CarePath program<br><br>Exhibits 2–6, 8–11 | JJHCS requests the redaction of information and discussion in certain exhibits to the February 7 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the February 7 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Confidential emails related to the CarePath program<br><br>Exhibit 7 | JJHCS requests the redaction of information and discussion in certain exhibits to the February 7 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the February 7 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Letter from Harry Sandick (Feb. 14, 2024) (2024.02.14 SaveOn -- JJHCS Opp. to SOSP Mot. re CAP Search Terms and Exhibits) | | | | | |
| Page 5 ("shows . . . 2022"); Page 6 ("including . . . SaveOnSP"); Pages 6–7 ("and . . . lawsuit"); Page 7 ("which . . . adherence") | JJHCS requests the redaction of information and discussion in the February 14 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the February 14 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Confidential documents related to the CarePath program<br><br>JJHCS Exhibits E–G | JJHCS requests the redaction of information and discussion in certain exhibits to the February 14 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the February 14 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. (Feb. 16, 2024) (2024.02.16 SaveOn -- Letter from E. Wohlforth to Hon. Wolfson Re_ Reply to JJ Opp. re CAP Terms and Exhibit) ||||||
| Page 3 ("While . . . plans:", plus accompanying chart); Page 4 ("an . . . maximizers"), (chart) ("it . . . plans:"), | JJHCS requests the redaction of information and discussion in the February 16 letter and the exhibits thereto that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the February 16 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |