# EXHIBIT K

# JJHCS INDEX IN SUPPORT OF MOTION TO SEAL
## LETTERS TO JUDGE WOLFSON REGARDING CLARIFICATION AND RECONSIDERATION OF THE COURT'S FEBRUARY 6, 2024 ORDER (FEBRUARY 20, MARCH 1, 11, 21 & 25, 2024)

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
|  | Letter from E. Evans Wohlforth, Jr. (Feb. 20, 2024) (2024.02.20 SaveOn -- Motion for Clarification and Reconsideration - Redacted w Exhibits) | | | | |
| <u>Redactions related to confidential discussions about CarePath program and TrialCard vendor</u><br><br>Pages 4–5, note 2 ("J&J . . . programs"), ("work . . . businesses"), ("This . . . so.");<br><br>Pages 7–8 ("Recent . . . SaveOn"), ("discussing . . . calculations"), ("work . . . implications"), ("presentation . . . | JJHCS requests the redaction of information and discussion in the February 20 letter and its exhibits that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the February 20 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| CarePath"), ("internal . . . impact"), (" J&J . . . maximizers"); Page 10 ("In . . . patient"), ("J&J . . . adherence."), ("In . . . rate."); Pages 12–14 ("J&J . . . services."), ("She . . . deductible"), ("This . . . that"), ("Yet . . . payments."), ("Current . . .."), ("Recently . . . funds,"), ("J&J . . . funds"), ("under . . . action"). . ., ("why . . . drugs"); Page 13, note 5 ("In . . . ESI"), ("Since . . . SaveOnSP"), ("emails . . . | | disadvantage if its competitors secured the information. | | | |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| types"), ("2021 . . . J&J"); Page 17 ("Recently . . . prices"), ("discussing . . . investments"), ("discussing . . . plans"), ("discussing . . . programs"), ("TrialCard . . . programs"), ("notes . . . threshold") | | | | | |
| Confidential documents related to the CarePath program and TrialCard vendor Exhibits 3, 4, 8–10, 13, 21–23 (certain exhibits produced by non-parties TrialCard and Archbow) | JJHCS requests the redaction of information and discussion in certain exhibits to the February 20 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the February 20 letter would reveal confidential material relating to JJHCS's sensitive business information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Confidential emails related to the CarePath program

Exhibits 7, 11, 14–18 (certain exhibits produced by TrialCard) | JJHCS requests the redaction of information and discussion in certain exhibits to the February 20 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the February 20 letter would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| **Letter from Harry Sandick (Mar. 1, 2024)** (2024.03.01 SaveOn – JJHCS Opp. to SOSP Mot. for Clarification and Reconsideration – Redacted w Exhibits) ||||||
| <u>Redactions related to confidential discussions about CarePath program</u><br><br>Page 12, note 4 ("SaveOnSP's . . . view"), ("The data . . . here."), ("[T]he SaveOn . . . 2019"); | JJHCS requests the redaction of information and discussion in the March 1 letter and its exhibits that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the March 1 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

5

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Page 14 ("[JJHCS]. . . plans"). . .;<br><br>Page 14, note 5 ("that . . . SaveOnSP"), ("JJHCS . . . funds");<br><br>. . .Page 16 ("considered . . . so"). | | information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Redactions to Exhibit 1<br><br>Redacted Discovery Letters Exchanged Between Counsel | JJHCS requests the redaction of information and discussion in certain exhibits to the March 1 that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the March 1 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents. | None | None |

6

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Letter from E. Evans Wohlforth, Jr. (Mar. 11, 2024) (2024.03.11 SaveOn -- Reconsideration Motion Reply Letter – Redacted) | | | | | |
| Redactions related to confidential discussions about CarePath program<br><br>Page 3 ("J&J . . . issue");<br><br>Page 3, note 2 ("a finding . . . documents."). | JJHCS requests the redaction of information and discussion in the March 11 letter and its exhibits that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the March 11 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

7

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Letter from E. Evans Wohlforth, Jr. (Mar. 21, 2024) (2024.03.21 SaveOn – Letter to Hon. Wolfson re Amended Complaint Supp Exhibits – Redacted w Exhibits) | | | | | |
| Redactions related to confidential discussions about CarePath and other copay assistance programs<br><br>Page 2 ("J&J . . . program"), ("blackline . . . far"); | JJHCS requests the redaction of information and discussion in the March 21 letter and its exhibits that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the March 21 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

8

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Page 3 ("J&J . . . drugs"), ("blackline . . . public"), ("J&J . . . it") ("why . . . maximums";) Page 4 ("J&J . . . viability"), ("on . . . motion"), ("J&J . . . drugs"), ("repeating . . . Complaint"), ("adds . . . lines"), ("adding . . . patients"), ("adding . . . costs"); Pages 5–6 ("Despite . . . Complaint"), ("repeating . . . Complaint. *Id.*"), ("J&J . . . system"), ("citing . . . 6"), ("J&J's . . . costs"); Pages 7–8 ("J&J . . . purpose."), ("J&J . . . | | proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| Program."), ("If . . . efforts."), ("discovery . . . so"), ("conducting . . . maximizer"), ("J&J . . . material"), ("shows . . . terms"), ("show . . . here"). | | | | | |
| Redactions to Exhibit 2<br><br>Redacted transcript of hearing on discovery disputes | JJHCS requests the redaction of information and discussion in the January 24 transcript that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the January 24 transcript would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable.<br><br>JJHCS is providing redacted documents | None | None |

10

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Confidential correspondence related to the CarePath program<br><br>Exhibit 4 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 21 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the March 21 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

11

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |
| Confidential documents related to the CarePath program<br><br>Exhibits 5 & 6 | JJHCS requests the redaction of information and discussion in certain exhibits to the March 21 letter that are not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these exhibits contain sensitive business information, including the administration of the CarePath program. | If filed on the public docket, these portions of the exhibits to the March 21 letter would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

12

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing |
|---|---|---|---|---|---|
| | | competitors secured the information. | | | |