SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEAD CARE SYSTEMS INC., | : | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | : | Hon. Jamel K. Semper, U.S.D.J. |
| vs. | : | Hon. Cathy L. Waldor, U.S.M.J. |
| | | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, | : | **ORDER GRANTING** |
| | : | **MOTION TO SEAL** |
| Defendant. | : | |

This matter having been brought to the Court upon the joint motion of

Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") and Defendant

Save On SP, LLC ("SaveOnSP"), by and through their attorneys, seeking an order

to (a) permanently maintain under seal the letters and supporting exhibits filed by counsel for the parties regarding (i) SaveOnSP's Motion to Designate Additional Custodians, dated December 28, 2023, with related briefing on January 4 & 8, 2024 (ECF No. 271); (ii) SaveOnSP's Motion to Compel regarding the Scope of CAP custodians, dated January 16, 2024, with related briefing on January 22 & 23, 2024 (ECF No. 274); (iii) SaveOnSP's Motion to Compel regarding CAP Search Terms, dated February 7, 2024, with related briefing on February 14 & 16, 2024 (ECF No. 276); and (iv) SaveOnSP's Motion for Clarification and Reconsideration of the Court's February 6, 2024 Order, dated February 20, 2024, with related briefing on March 1, 11, 21 & 25, 2024 (ECF No. 280) (collectively, the "Subject Motions"), and (b) permit JJHCS to file the proposed public versions of the Subject Motions attached as Exhibits A to D to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion ("Greenbaum Declaration"); and the Court having considered the joint motion, the Court makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

(1) As to JJHCS's request to seal its confidential materials, the Court finds that the Subject Motions contain information that is non-public business, trade secret and/or proprietary information involving the administration of the Janssen CarePath Program and the JJHCS business (the "JJHCS Confidential Materials").

(2) The Court further finds that the JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

(5) The Court further finds that no less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

(6) For these reasons, good cause exists for protecting the JJHCS Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

(7) The information that SaveOnSP seeks to seal consists of SaveOnSP's proprietary business information and confidential patient health information.

(8) Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g., Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

(9) It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information and of patients' confidential health information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

(10) Upon consideration of the papers submitted in support of the Motion, the Court concludes that SaveOnSP and JJHCS have met their burdens of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that the motion papers in Exhibits A through D contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

(11) The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

IT IS ON THIS _____ day of _____, 2024;

ORDERED, that pursuant to L. Civ. R. 5.3, the JJHCS Confidential Materials are confidential and entitled to protection; and it is further

ORDERED, that pursuant to L. Civ. R. 5.3, the SaveOnSP Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and ECF Nos. 271, 274, 276 and 280 are hereby permanently SEALED; and it is further

ORDERED that the Clerk of Court shall maintain the unredacted versions of the Subject Motions at ECF Nos. 271, 274, 276, and 280 under seal.

_____
HON. FREDA L. WOLFSON (ret.)
SPECIAL MASTER
