

| | | |
|---|---|---|
| | **Freda Wolfson**<br>Chief U.S. Dist. Judge (ret.)<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>**T**: (862) 926-2708<br>**F**: (973) 597-2400<br>**E**: fwolfson@lowenstein.com |

## SPECIAL MASTER LETTER ORDER

July 16, 2024

<u>*VIA ECF and Email*</u>
**TO ALL COUNSEL OF RECORD**

    **RE:** *Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
           **Civ. Action No.: 22-2632(JKS)(CLW)**

Counsel:

On July 15, 2024, I conducted an in-person hearing on three discovery-related motions filed by both Plaintiff Johnson & Johnson Health Care Systems, Inc. ("Plaintiff" or "JJHCS") and Defendant SaveOnSp, LLC ("Defendant" or "SaveOnSP"): 1) Plaintiff's motion to compel non-medical switching ("NMS") documents [ECF. 275]; 2) Defendant's motion to compel Janssen Market Research documents [ECF 330]; and 3) Defendant's motion to compel documents from eight Janssen entities [ECF 313]. I also heard arguments on Plaintiff's motion to amend [ECF 219].

As I informed the parties, I will take counsel's arguments on the motion to amend under consideration and issue a Report and Recommendation in due course.

As to the three discovery motions, for the reasons set forth on the record, it is

**ORDERED** that Plaintiff's motion to compel NMS documents is **GRANTED**. Because the NMS documents are relevant to Plaintiff's claims, the parties are directed to meet and confer on a set of narrower search terms than the ones proposed by Plaintiff, to locate any relevant documents, including those related to non-Janssen drugs. To the

extent there are any disputes on the search terms, I will schedule a Zoom conference to resolve the dispute on **July 23, 2024 at 2:30 pm.**

**ORDERED** that Defendant's motion to compel Janssen Market Research documents is **GRANTED** in part and **DENIED** in part. Plaintiff is directed to produce communications involving Janssen employees related to the Sundial Market Research immediately prior to the commission of the research and after receiving the report. Additionally, Defendant shall identify any other third-party research and request communications involving the research. The parties should meet and confer on Defendant's request in this regard. If any disputes arise, the parties are directed to raise them immediately to me by way of an informal letter.

**ORDERED** that Defendant's motion to compel documents from eight Janssen entities is **GRANTED** in part and **DENIED** in part. Defendant is permitted to serve requests to seek relevant documents from only Janssen Scientific Affairs. Additionally, by no later than **July 19, 2024**, Defendant is directed to serve a list of proposed custodians to Plaintiff, from other Janssen entities, who may have relevant documents. Based on a review of all 105 exhibits submitted by Defendant, I suggest the following individuals who *may* have relevant documents: Sylvia Shubert, Jennifer Goldsack, Mark Wiley, Michelle Barnard, Mitch Akright and Cherilyn Nichols. I stress that these are merely suggestions, and that the parties are to meet and confer as to whether any proposed custodians identified by Defendant would possess relevant documents. As to Janssen Global Services, by no later than **July 19, 2024**, Defendant is directed to serve **one** interrogatory on Plaintiff regarding Janssen Global Services' involvement with the CAP

program or TrialCard. Plaintiff shall respond to the interrogatory by no later than **August 7, 2024**.

                                                      */s/ Freda L. Wolfson*
                                                     Hon. Freda L. Wolfson (ret.)
                                                     Special Master