# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
**Member**
**Direct Dial: (973) 643-5430**
**E-mail: jgreenbaum@sillscummis.com**

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

June 20, 2024

**Via Email and ECF**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re: **Motion for In Camera Review of SaveOnSP Text Messages**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
**Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we respectfully ask the Court to review, in camera, unredacted versions of four text message conversations produced by SaveOnSP. These conversations were between non-attorneys Jody Miller (President of SaveOnSP) and Meghan Pasicznyk (Vice President of Product Development at Accredo Health Group, Inc.). SaveOnSP redacted large portions of these communications with Accredo, claiming attorney-client privilege and common interest protection. From the context, it appears that these messages primarily concern shared business strategy, not bona fide legal advice, and therefore should not have been redacted.

Because SaveOnSP appears to be wrongfully withholding information that is highly relevant to JJHCS's claims, we request that the Court assess the propriety of SaveOnSP's redactions through in camera review. The parties have conferred about these messages, but could not reach agreement.

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 2

# STATEMENT OF FACTS

**A.  SaveOnSP and Accredo Work Together to Implement the SaveOnSP Scheme and** ▮▮▮▮▮▮

The SaveOnSP scheme is implemented through close coordination between SaveOnSP and its business partners. Accredo, the exclusive specialty pharmacy of Express Scripts, coerces patients to enroll in the SaveOnSP program by withholding their medication until they agree to speak to SaveOnSP. Compl. ¶¶ 61–68. ▮▮▮▮▮▮ Ex. 5 (Express_Scripts_1350_00012745) at -746.

SaveOnSP and Accredo work together through the close coordination of senior business people, including SaveOnSP's Jody Miller and Accredo's Meghan Pasicznyk:

- **Jody Miller** is the President of SaveOnSP. Miller is ▮▮▮▮▮▮ *See* Ex. 6 (SOSP_0567033) at -034 (▮▮▮▮▮▮); Ex. 7 (SOSP_0829355) at -355 (▮▮▮▮▮▮); Ex. 8 (SOSP_0278375) at -375 (▮▮▮▮▮▮); Ex. 9 (SOSP_1234561) (▮▮▮▮▮▮ *See* D.E. 71 (Corporate Disclosure); Ex. 10 (SOSP_0622259) at -274 (▮▮▮▮▮▮).

- **Meghan Pasicznyk** is Vice President of Product Development at Accredo. Pasicznyk ▮▮▮▮▮▮ *See, e.g.*, Ex. 11 (Express_Scripts_1350_00023065) at -066 (▮▮▮▮▮▮); Ex. 12 (SOSP_0851371) at -373 (▮▮▮▮▮▮). She also ▮▮▮▮▮▮. *See* Ex. 13 (SOSP_0000862) at -866 (▮▮▮▮▮▮); Ex. 14 (ACCREDO00011328) at -328–29 (▮▮▮▮▮▮).

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 3

### B.     These Businesspeople Text About Business

There are four text message conversations at issue in this motion. SaveOnSP has produced each one in redacted form, asserting attorney-client privilege over the redacted text. But none of these communications involve any lawyer, nor do they appear to reflect any request for or provision of legal advice. To the contrary, context provided by the unredacted text suggests that these documents concern shared business strategy, not legal advice.

**Exhibit 1**, SOSP_1322950, is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. 1 (SOSP_1322950). Pasicznyk's response is redacted despite the absence of any lawyer on the thread and although nothing about the text messages suggests discussion of SaveOnSP's legal strategy:



Ex. 15 (SOSP_0775416) at -416 (emphasis supplied). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. 16 (SOSP_0775418).

**Exhibit 2**, SOSP_1068408, is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 4

███████████████████████████████████████████████████ *See* Ex. 17 (SOSP_1264816). ███████████████████████████████████████████████

███████████████████████████████████████ SaveOnSP redacted the remainder of Pasicznyk's message:

███████████████████████████████████████████████████████

SaveOnSP also extensively redacted Miller's lengthy response, ███████████████████████████████████████████████████████████████████████████

███████████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 5

**Exhibit 3**, SOSP_1068420, ■■■■

■■■■ SaveOnSP fully redacted one message from Miller in the chain:



**Exhibit 4**, SOSP_1068512, is ■■■■

■■■■. SaveOnSP partially redacted Miller's response:



A short while later, Miller ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These messages also contain redactions:

## ARGUMENT

The disputed communications do not appear to qualify for attorney client privilege, nor for the common interest exception to waiver of that privilege. Instead, they seem to concern business strategy, and if so, they must be produced without redactions. Even though the messages were sent during the pendency of this litigation, that is not enough to shield them from disclosure under settled New York law. Accordingly, in camera review of these text message conversations is warranted.

I. **New York Privilege Law Governs SaveOnSP's Assertion of Privilege**

In diversity cases like this one, "the law of privilege which controls is that which would be applied by the courts of the state in which it sits." *Chen v. Ming Dow Ho*, 2005 WL 8176175, at *3 (D.N.J. Mar. 8, 2005). Here, New Jersey courts follow the "most significant relationship" test. *Calabotta v. Phibro Animal Health Corp.*, 460 N.J. Super. 38, 55 (App. Div. 2019). The most

---

[1] *See* JJHCS May 3, 2024 Motion to Compel Documents on Non-Medical Switching at 2–3 (explaining the serious risks of non-medical switching to patients, potentially including adverse side effects, disease progression, and abandoning treatment).

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 7

significant contacts for determining which state's privilege law applies are the "location of the client and the place where the [attorney-client] relationship arose." *E.g.*, *Apex Mortg. Corp. v. Great N. Ins. Co.*, 2018 WL 318481, at *4 (N.D. Ill. Jan. 8, 2018) (citing *Super Tire Eng'g Co. v. Bandag, Inc.*, 562 F. Supp. 439, 440 (E.D. Pa. 1983) (looking to "the state of [defendant's] corporate headquarters")). The logic of this rule is that parties "have a legitimate expectation that the attorney-client privilege laws of the state where they were seeking the legal advice" will govern. *E.g.*, *Swinerton Builders v. Lexington Ins. Co.*, 2022 WL 1689708, at *4 (W.D. Wash. May 26, 2022). Here, because SaveOnSP is based in New York, and its inside and outside counsel are based in New York as well, New York law applies to SaveOnSP's privilege claims. *See, e.g., id.*; *McNulty v. Bally's Park Place, Inc.*, 120 F.R.D. 27, 31 (E.D. Pa. 1988) (applying law of the state where "the attorney-client relationship in the instant case arose," i.e., "the state of the defendant's incorporation and principal place of business and the state where the law firm consulted by the defendant is located").

II.     **The Disputed Text Messages Do Not Appear Privileged**

To establish that its redactions were proper, SaveOnSP must show that the messages were "primarily or predominantly of a legal character," and sent "for the purpose of seeking or providing legal advice." *Hyatt v. State Franchise Tax Bd.*, 105 A.D.3d 186, 205 (2d Dep't 2013); *see also Muriel Siebert & Co. v. Intuit Inc.*, 32 A.D.3d 284, 286 (1st Dep't 2006), *aff'd*, 8 N.Y.3d 506 (2007) ("[T]he party asserting the privilege must show that the communication was made for the purpose of facilitating the rendition of legal advice or services.").

Here, the communications SaveOnSP has redacted do not appear to contain any privileged content. There are no lawyers on the text messages at issue, which seem to be garden-variety communications between business partners about their business. For example, in Ex. 1

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 8



(SOSP_1322950), ▮

▮

▮ Ex. 15 (SOSP_0775416) at -416 (emphasis supplied). Communications about ▮ ▮ are not privileged and must be disclosed. *See, e.g.*, *Saran v. Chelsea GCA Realty P'ship, L.P.*, 174 A.D.3d 759, 760–61 (2d Dep't 2019) (compelling disclosure where "the communications relate to the business of the defendants, rather than legal issues"); *Cooper–Rutter Assocs. v. Anchor Nat'l. Life Ins. Co.*, 168 A.D.2d 663, 663 (2d Dep't 1990) (documents that are "not primarily of a legal character" are not shielded by attorney-client privilege).

The remaining three messages, Exhibits 2–4, ▮ ▮ *See supra* at 3–4. ▮

▮

▮ *See* Ex. 18 (SOSP_0407317) at -317 (▮

▮

▮); Ex. 19 (SOSP_0387296) (Miller to Pasicznyk: ▮

▮). Such quintessentially commercial communications are not protected by the attorney-client privilege. *U.S. Bank N.A. v. APP Int'l Fin. Co.*, 33 A.D.3d 430, 431 (1st Dep't 2006) ("[T]he communication must have been made for the purpose of facilitating the rendition of legal advice or services in the course of a professional relationship and have been primarily or predominantly of a legal rather than a commercial nature").

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 9

Nor can SaveOnSP rely upon the common interest doctrine to hide these text messages. New York recognizes that doctrine not as "separate grounds for privilege," but rather as "an exception to the rule that voluntary disclosure of privileged material to a third party waives protection from disclosure." *E.g.*, *Klosin v. E.I. du Pont de Nemours & Co.*, 2022 WL 1115027, at *3 (W.D.N.Y. Apr. 14, 2022). "Thus, before a communication can be protected under the common interest rule, the communication must meet the other applicable elements of the attorney-client privilege." *Gulf Islands Leasing, Inc. v. Bombardier Cap., Inc.*, 215 F.R.D. 466, 470 (S.D.N.Y. 2003); *see also id.* at 471 ("[C]ommunications regarding business matters—even where litigation is pending or imminent—do not qualify for protection from discovery under the common interest rule."). Here, if the text messages are not privileged in the first instance, the common interest exception cannot apply.

**III.   In Camera Review Is Warranted**

For the foregoing reasons, JJHCS respectfully asks that the Court compel SaveOnSP to submit the disputed communications for in camera review. *See, e.g.*, *Spectrum Sys. Int'l Corp. v. Chemical Bank*, 78 N.Y.2d 371, 378 (1991) ("[W]hether a particular document is or is not a protected is necessarily a fact-specific determination, most often requiring in camera review" (citation omitted)); *Vector Capital Corp. v. Ness Tech., Inc.*, 2014 WL 171160, at *2 (S.D.N.Y. Jan. 9, 2014) (same); *Conopco, Inc. v. Wein*, 2007 WL 1859757, at *6 (S.D.N.Y. June 28, 2007) (recognizing the trial court's "broad discretion in choosing whether to conduct an in camera review"); *accord Graco, Inc. v. PMC Glob., Inc.*, 2011 WL 666048, at *23–24 (D.N.J. Feb. 14, 2011) (finding that plaintiff "presented sufficient facts to warrant an *in camera* review" of defendant's privilege claims over documents shared with "non-attorneys which it insists were communications in furtherance of legal representation").

Honorable Freda L. Wolfson, U.S.D.J.
June 20, 2024
Page 10

\* \* \*

We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum

cc: All counsel of record for SaveOnSP