# Exhibit 2



www.pbwt.com

March 11, 2024

Caroline Zielinski
(212) 336-2206

**VIA EMAIL**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

      Re:    **SaveOnSP's Assertion of the Common Interest Privilege**
              *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
              **2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

      We write in response to your February 27, 2024 letter regarding SaveOnSP's privilege assertions over certain text message exchanges and further to our related correspondence and meet and confer held on March 4, 2024.

      In your February 27 letter, you assert that SaveOnSP has maintained redactions on three text message exchanges (SOSP_1068408, SOSP_1068420, and SOSP_1068512) because they reflect SaveOnSP's "communications . . . with ESI" which were made "in furtherance of the parties' common interest and are covered by the attorney-client privilege, work product privilege, and the common interest privilege."  Feb. 27, 2024 Ltr. from E. Snow to C. Zielinski.

      It is settled law that to be eligible for protection under the common interest privilege, the communication at issue "must be shared with the *attorney* of the member of the [alleged] community of interest."  *In re Teleglobe Comms. Corp.*, 493 F.3d 345, 364 (3d Cir. 2007) (emphasis in original); *see also Gallo v. PHH Mortg. Corp.*, 2016 WL 7423188, at *1 (D.N.J. June 9, 2016) (same); *Hoffman-La Roche, Inc. v. Roxane Labs., Inc.*, 2011 WL 1792791, at *6 n.6 (D.N.J. May 11, 2011) (same).  Courts impose this "attorney-sharing requirement" to "prevent abuse" of the privilege "by ensuring that the common-interest privilege only supplants the disclosure rule when attorneys, not clients, decide to share information in order to coordinate legal strategies."  *Teleglobe*, 493 F.3d at 365.

      In addition, for the privilege to apply, the parties to the communication must be "pursuing a common legal interest as opposed to a business interest."  *McLane Foodservice, Inc. v. Ready Pac Produce, Inc.*, 2012 WL 1981559, at *4 (D.N.J. June 1, 2012).  Demonstrating a common legal interest is a significant burden as courts have held that the legal interest must be

Elizabeth Snow, Esq.
March 11, 2024
Page 2

"substantially similar" or "identical." *Shipyard Assocs., L.P. v. City of Hoboken*, 2015 WL 4623470, at *6 (D.N.J. Aug. 3, 2015); *Net2Phone, Inc. v. Ebay, Inc.*, 2008 WL 8183817, at *7 (D.N.J. June 26, 2008).

Each of the three text message exchanges at issue in the February 27 letter reflect communications between non-attorneys, namely Jody Miller and Meghan Pasicznyk. Moreover, none of the communications appear to be in furtherance of a common legal interest. Rather, █████ ███████████████████████████████████████████████████████████, *see* SOSP_1068408 and SOSP_1068420, and ███████████ *see* SOSP_1068512.

In light of these issues, please explain, in as much detail as possible, the basis for SaveOnSP's assertion of any privilege over these communications. If SaveOnSP no longer wishes to assert any of the applicable privileges, including the common interest privilege, please expressly so state and explain which privilege assertion(s) you are retracting. In addition, to the extent you no longer seek to assert any privilege over these documents, please produce unredacted copies of SOSP_1068408, SOSP_1068420, and SOSP_1068512. Please provide a response by March 18, 2024.

Very truly yours,

*/s/ Caroline Zielinski*
Caroline Zielinski

14962150