# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
**Member**
**Direct Dial: (973) 643-5430**
**E-mail: jgreenbaum@sillscummis.com**

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

July 8, 2024

**Via Email and ECF**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re: Motion for In Camera Review of SaveOnSP Text Messages
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we write in further support of JJHCS's motion for in camera review of four text message conversations between SaveOnSP's Jody Miller and Accredo's Meghan Pasicznyk (the "Text Messages").

### I. JJHCS's Motion Should Be Granted as Unopposed

SaveOnSP's response never disputes the roles played by Miller and Pasicznyk in executing the SaveOnSP scheme. Nor does SaveOnSP oppose the relief JJHCS seeks—in camera review of the Text Messages by the Court to determine whether they contain genuinely privileged material. Accordingly, the Court should grant JJHCS's request as unopposed.

Honorable Freda L. Wolfson, U.S.D.J.
July 8, 2024
Page 2

## II. SaveOnSP's Response Misstates the Governing Law and JJHCS's Position on Common Interest

JJHCS's opening brief explained that SaveOnSP's privilege invocations are governed by the law of New York, i.e., "the location of the client [SaveOnSP] and the place where the [attorney-client] relationship arose." Mot. at 6–7 (collecting cases). SaveOnSP argues instead for New Jersey law, because (SaveOnSP implies) there is no conflict between the privilege law of the two states. Opp. at 2–3. The Court need not decide the issue today because JJHCS's motion is addressed only to the first step of the analysis—i.e., whether the Text Messages contain privileged information—which is the same under both New York and New Jersey law. *Compare* Mot. at 7–9 (New York law), *with Margulis v. Hertz Corp.*, 2016 WL 6434183, at *2 (D.N.J. Oct. 28, 2016) ("[T]he first question" before reaching the common-interest analysis "is always whether an underlying communication is privileged to begin with"). But to be clear, SaveOnSP's articulation of the choice of law analysis is incomplete and incorrect. If and when it becomes necessary for the Court to resolve whether the common interest exception applies, New York law will govern that analysis because of the conflict between the law of New York and New Jersey regarding the scope of that exception. *See generally City of Almaty v. Ablyazov*, 2019 WL 2865102, at *9 (S.D.N.Y. July 3, 2019) (explaining that New York takes a particularly "narrow and demanding" view of the common interest exception, and has expressly rejected the more lenient standard adopted by federal courts and other jurisdictions).[1]

---

[1] Contrary to SaveOnSP's contention, *see* Opp. at 3, JJHCS does dispute that the common interest doctrine shields the Text Messages from disclosure, *see* Mot. at 9. However, the Court need not address whether the doctrine applies if the Text Messages disclose no privileged information in the first place.

Honorable Freda L. Wolfson, U.S.D.J.
July 8, 2024
Page 3

### III. SaveOnSP's Response Does Not Justify the Redactions

The balance of SaveOnSP's response is devoted to insisting that its many redactions to the Text Messages are proper because the messages "reflect" legal advice. Opp. at 4–7. This "reflect" justification is repeated fifteen times over three pages in SaveOnSP's response, but it does not appear in *O'Boyle*, the primary case SaveOnSP cites, and SaveOnSP never explains what exactly it means when it says that the redacted material "reflects" legal advice. For example, if the Text Messages merely discuss a business course of action that lawyers had been consulted about, that is plainly not privileged under settled law.[2] Rather, to be shielded from disclosure, the Text Messages must have been sent for the actual purpose of "***seeking*** or ***providing*** legal advice." *E.g.*, *Hyatt v. State Franchise Tax Bd.*, 105 A.D.3d 186, 205 (2d Dep't 2013) (emphasis supplied); *accord Ashland Inc. v. G-I Holdings Inc.*, 2019 WL 1552750, at *2 (N.J. App. Div. Apr. 10, 2019) (per curiam) (privilege applies to communication made between privileged persons "for the purpose of obtaining or providing legal assistance"). This is the standard against which SaveOnSP's redactions must be measured.

Some of SaveOnSP's specific privilege claims are even more sweeping and unjustified. For example, SaveOnSP attempts to justify one redaction on the grounds that it "reflect[s]" a request for legal advice that had not yet been made, citing no authority that such prospective requests for legal advice are privileged. Opp. at 4 (seeking to shield messages reflecting

---

[2] In a footnote, SaveOnSP also invokes the work product doctrine to justify its redactions, although SaveOnSP admits that this assertion did not appear on its privilege log until after JJHCS made this motion. Opp. at 5 n.2. But there is no reason to think that the Text Messages between Miller and Pasicznyk meet the requirements of that doctrine, which protects only "materials prepared by an attorney (or his agent)" for "no other purpose" than the prospect of litigation. *E.g.*, *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 184 (D.N.J. 2003).

Honorable Freda L. Wolfson, U.S.D.J.
July 8, 2024
Page 4

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ In another instance, SaveOnSP suggests that its redactions are proper insofar as the Text Messages discuss a "core issue in the case—the meaning of CarePath's terms and conditions." *Id.*; *see also* Opp. at 5 ("The redacted texts were sent when SaveOn was reacting to J&J's motion to de-designate and Judge Waldor's order."). To be clear, it is not enough that the Text Messages discuss matters that happen to be at issue in this litigation—if it were, that would effectively immunize SaveOnSP from discovery altogether, since SaveOnSP's entire business is a live issue in the case. Many responsive documents produced by both parties touch on "core issues" in the case. Rather than protect important documents from disclosure, courts applying attorney-client privilege "prevent corporate attorneys from abusing the privilege" by requiring that the claimant "demonstrate that the communication would not have been made but for the client's need for legal advice or services." *Leonen v. Johns-Manville*, 135 F.R.D. 94, 99 (1990) (Wolfson, J.) (internal quotation marks omitted); *see also BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3584020, at *3 (S.D.N.Y. July 23, 2018) (rejecting defendant's privilege claim upon finding that "[a]lthough this communication concerns litigation . . . it does not seek or reveal legal advice").

To be sure, the predictable outrage from healthcare providers in response to SaveOnSP's May 2023 letter (proposing that patients stop taking their Janssen medication) is certainly the type of ▆▆▆▆▆▆▆▆▆ that might prompt a request for legal advice. Ex. 2 (SOSP_1068408). But Miller ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆—does not qualify as a communication made for the purpose of seeking or providing legal advice. *Id.* Similarly, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ in Exhibit 4 (SOSP_1068512) ▆▆▆▆▆▆

Honorable Freda L. Wolfson, U.S.D.J.
July 8, 2024
Page 5

██████████████████████████████████████ is not privileged on its face even under the caselaw cited by SaveOnSP. *See In re Riddell Concussion Reduction Litig.*, 2016 WL 7108455, at *11 (D.N.J. Dec. 5, 2016) (concluding that most of the disputed documents are "business correspondence" "not made for the purpose of obtaining legal advice from an attorney or to assist an attorney to formulate and render legal advice," and that even where "a legal issue is touched upon, it is evident the predominant purpose of the document was business in nature").

\*   \*   \*

We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum

cc: All counsel of record for SaveOnSP