**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| JJHCS's (with its affiliates, "J&J") Motion for In Camera Review of Text Messages. [ECF No. 322.] | The motion contains: (1) direct quotations from documents produced to J&J containing SaveOnSP's ("SaveOn") confidential and proprietary marketing strategy and business plan; *see* ECF No. 322, Ex. 1-5, 9, 11, 13-15, 17-19; and (2) direct references to documents produced to J&J containing SaveOn's confidential and proprietary marketing strategy and business plan; *see* ECF No. 322 Ex. 6-8, 10, 12, 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Motion is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to motion dated June 20, 2024 | Exhibit 1 is a confidential text message conversation between Jody Miller and Megan Pacisznyk dated May 26, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 322.] | 2022, discussing confidential marketing strategy and business plans. *See* ECF No. 322 at Ex. 1. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 2 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 2 is a confidential text message conversation between Jody Miller and Megan Pacisznyk dated June 2, 2023, discussing confidential marketing strategy and business plans and confidential litigation strategy. *See* ECF No. 322 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 3 is a confidential text message conversation between Jody Miller and Megan Pacisznyk dated June 14, 2023, discussing confidential marketing strategy and business plans and confidential litigation strategy. *See* ECF No. 322 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 4 is a confidential text message conversation between Jody Miller and Megan Pacisznyk dated June 24, 2023, discussing | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| | confidential marketing strategy and business plans and confidential litigation strategy. *See* ECF No. 322 at Ex. 4. | be disclosed to competitors and other market participants. | | | |
| Exhibit 5 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 5 is a confidential email chain between SaveOn and ESI employees about copay assistance programs comprised of information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 6 is a confidential email chain between SaveOn and ESI employees about drug lists comprised of information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 7 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 7 is a confidential email chain between SaveOn employees about state legislation comprised of information about SaveOn's proprietary business model and | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| | marketing strategy. *See* ECF No. 322 at Ex. 7. | | | | |
| Exhibit 8 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 8 is a confidential email chain between SaveOn and ESI employees about a customer question about SaveOn comprised of information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 9 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 9 is a confidential email between SaveOn and a client about this litigation comprised of information about SaveOn's proprietary business model and marketing strategy. *See* ECF No. 322 at Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 10 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 10 is a confidential Operating Agreement for Breakwall Holdings, LLC comprised of information personal financial information belonging to SaveOn managers. *See* ECF No. 322 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 11 to motion | Exhibit 11 is a confidential email chain | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No | No objection |

4

| | | | | | |
|---|---|---|---|---|---|
| dated June 20, 2024 [ECF No. 322.] | between SaveOn and ESI employees about SaveOn's clients' savings comprised of information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 11. | competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 12 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 12 is a confidential email chain between SaveOn and ESI employees about client and member outreach comprised of information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 13 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 13 is a confidential email chain between SaveOn and ESI employees about calls with patients comprised of information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 14 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 14 is a confidential email chain between SaveOn and ESI employees about a client relationship comprised of information about | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| | SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 14. | be disclosed to competitors and other market participants. | | | |
| Exhibit 15 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 15 is a confidential email chain between SaveOn and ESI employees about communications with patients comprised of information about SaveOn's proprietary business model and marketing strategies. *See* ECF No. 322 at Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 17 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 17 is a confidential email chain between SaveOn and ESI employees about communications with patients comprised of information about SaveOn's proprietary business model and marketing strategy and confidential patient health information. *See* ECF No. 322 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 18 to motion dated June 20, 2024 | Exhibit 18 is a confidential email chain between SaveOn and ESI employees about drug lists comprised of | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | | |

6

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 322.] | information about SaveOn's proprietary business model. *See* ECF No. 322 at Ex. 18. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 19 to motion dated June 20, 2024 [ECF No. 322.] | Exhibit 19 is a confidential email between SaveOn and ESI employees regarding copay assistance programs comprised of information regarding SaveOn's proprietary business model and marketing strategy. *See* ECF No. 322 at Ex. 19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| SaveOn's Opposition to J&J's Motion for In Camera Review of Text Messages. [ECF No. 325.] | The motion contains: (1) direct quotations from documents produced to J&J containing SaveOn's confidential and proprietary marketing strategy and business plan; *see* ECF No. 325 Ex. 15; and (2) direct references to documents produced to J&J containing SaveOn's confidential and proprietary marketing strategy and business plan; *see* ECF No. 325 Ex. 1-4, 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Motion is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

7

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 2 to motion dated July 1, 2024 [ECF No. 325.] | Exhibit 2 is a letter containing: (1) a direct quotation from documents containing SaveOn's confidential and proprietary business model and marketing strategy, *see* ECF No. 325 Ex. 4 and (2) a direct reference to SaveOn's confidential marketing strategy and business plan, *see* ECF No. 325 Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Motion is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to motion dated July 1, 2024 [ECF No. 325.] | Exhibit 3 is a letter from SaveOn to a health plan advisor about this litigation containing the advisor's personal information. *See* ECF No. 325 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Motion is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| J&J's Reply to SaveOn's Opposition to J&J's Motion for In Camera Review of Text Messages. | The motion contains: (1) direct quotations from documents produced to J&J containing SaveOn's confidential and proprietary marketing strategy and business plan; *see* ECF No. 333 Ex. 1, 2, 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Motion is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| [ECF No. 333.] | | | | | |
|---|---|---|---|---|---|