UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : Civil Action No. 22-2632 |
| Plaintiff, | : Hon. Jamel K. Semper, U.S.D.J. |
| vs. | : Hon. Cathy L. Waldor, U.S.M.J. |
| SAVE ON SP, LLC, | : **ORDER GRANTING MOTION TO SEAL** |
| Defendant. | : |

**THIS MATTER** having been brought to the Court, and referred to the undersigned Special Master, upon the joint motion of Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") and Defendant Save On SP, LLC ("SaveOnSP"), seeking an order to (a) permanently maintain under seal the letters and supporting exhibits filed by counsel for the parties regarding (i) SaveOnSP's Motion to Designate Additional Custodians, dated December 28, 2023, with related briefing on January 4 & 8, 2024 (ECF No. 271); (ii) SaveOnSP's Motion to Compel regarding the Scope of CAP custodians, dated January 16, 2024, with related briefing on January 22 & 23, 2024 (ECF No. 274); (iii) SaveOnSP's Motion to Compel regarding CAP Search Terms, dated February 7, 2024, with related briefing on February 14 & 16, 2024 (ECF No. 276); and (iv) SaveOnSP's Motion for Clarification and Reconsideration of the

Court's February 6, 2024 Order, dated February 20, 2024, with related briefing on March 1, 11, 21 & 25, 2024 (ECF No. 280) (collectively, the "Subject Motions"), and (b) permit JJHCS to file the proposed public versions of the Subject Motions attached as Exhibits A to D to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion ("Greenbaum Declaration"); and the undersigned Special Master having considered the joint motion and reviewed all proposed redactions, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

(1) As to JJHCS's request to seal its confidential materials, the Subject Motions contain information that is non-public business, trade secret and/or proprietary information involving the administration of the Janssen CarePath Program and the JJHCS business (the "JJHCS Confidential Materials").

(2) The JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

(3) JJHCS has safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

(4) JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

(5) No less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

(6) For these reasons, good cause exists for protecting the JJHCS Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

(7) Additionally, similar to the JJHCS Confidential Materials, the information that SaveOnSP seeks to seal consists of SaveOnSP's proprietary business information and confidential patient health information.

(8) Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g., Rosario v. Doe*, No. CIV. 085185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

(9) No less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information and of patients' confidential health information. Based upon a review of all proposed redactions, the Motion to Seal has been

3

narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

(10) Upon consideration of the papers submitted in support of the Motion, SaveOnSP and JJHCS have met their burdens of proving, under L. Civ. R. 5.3 and applicable case law, that the confidential information of both parties should be filed under seal. Specifically, the motion papers in Exhibits A through D contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

(11) The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY**, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 30th day of July 2024,

**ORDERED** that pursuant to L. Civ. R. 5.3, the JJHCS Confidential Materials are confidential and entitled to protection; and it is further

**ORDERED** that pursuant to L. Civ. R. 5.3, the SaveOnSP Confidential Materials are confidential and entitled to protection; and it is further

**ORDERED** that the motion to seal is **GRANTED** [ECF 317] and ECF Nos. 271, 274, 276 and 280 are hereby permanently **SEALED**; and it is further

**ORDERED** that the Clerk of Court shall maintain the unredacted versions of the Subject Motions at ECF Nos. 271, 274, 276, and 280 under seal; and it is further

**ORDERED** that the parties are directed to file the redacted version of ECF Nos. 271, 274, 276 and 280, including all exhibits, consistent with their proposed redactions submitted herewith.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master