# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JS)(CLW) <br><br> *Document Electronically Filed* <br><br> **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having been opened before the Court, and referred to the undersigned Special Master, upon the Joint Motion of Defendant Save On SP, LLC ("SaveOnSP") and Plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS") to Permanently Seal portions of JJHCS's March 12, 2024 Motion to Compel Regarding Supplemental Interrogatories and Exhibits 1-8, 12-26, together with SaveOnSP's March 20, 2024 Opposition and Exhibits 1-3, 5-22, as well as JJHCS's Reply and Exhibits 30-42 [the "Motion to Compel," ECF No. 297]; and the Special Master having considered the submissions in support of the motion, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law consistent with L. Civ. R. 5.3(c)(6):

## FINDINGS OF FACT AS TO SAVEONSP

1. The information that SaveOnSP seeks to seal consists of SaveOnSP's proprietary business information and patients' confidential health information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. No less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## FINDINGS OF FACT AS TO JJHCS

4. As to JJHCS's request to seal its confidential materials, the materials and information set forth on Appendix B to the Declaration of E. Evans Wohlforth, Jr. (the "JJHCS Confidential Materials") contain information that is non-public business,

trade secret and/or proprietary information involving the administration of the Janssen CarePath Program.

5. The JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS and of non-party Archbow Consulting, LLC that is not known to the general public.

6. The parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

7. JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information, that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public, and that no less restrictive alternative exists because JJHCS has redacted only the confidential material.

## CONCLUSION OF LAW

8. Upon consideration of the papers submitted in support of the Motion, SaveOnSP and JJHCS have met their burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal; that is: (a) the March 12, 2024 Motion to Compel Regarding Supplemental Interrogatories and Exhibits 1-8, 12-26, together with SaveOnSP's March 20, 2024 Opposition and Exhibits 1-3, 5-22, as well as JJHCS's Reply and Exhibits 30-42 [collectively, ECF No. 297] therein contains confidential information; (b) the parties have a legitimate

interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

9. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY,** based upon the foregoing findings of fact and conclusions of law:

 **IT IS** on this 30th day of July, 2024,

**ORDERED** that the Joint Motion to Seal is hereby **GRANTED** [ECF 318]; and it is further

**ORDERED** that the information and materials identified in Appendix A and B to the Declaration of E. Evans Wohlforth, Jr. are hereby **PERMANENTLY SEALED**; and it is further

4

**ORDERED** that the Clerk of Court shall maintain the unredacted version of the Motion to Compel at ECF No. 297 under seal; and it is further

**ORDERED** that SaveOnSp is directed to file the redacted version of ECF No. 297, including all exhibits, consistent with the proposed redactions submitted herewith.

          */s/ Freda L. Wolfson*
         Hon. Freda L. Wolfson (ret.)
             Special Master