# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

**Jeffrey J. Greenbaum**
**Member**
**Admitted In NJ, NY**
**Direct Dial:  973-643-5430**
**Email:**
**jgreenbaum@sillscummis.com**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

December 20, 2023

The Honorable Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:   ***Johnson & Johnson Healthcare Systems Inc. v. Save On SP, LLC***
 <u>   **Case No. 2:22-cv-02632 (ES) (CLW)**</u>

Dear Judge Wolfson:

On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we submit this letter to provide the current status of this matter, including discovery completed to date and potential disputes that may soon require Your Honor's resolution.

**I.   Background**

JJHCS brought this action to recover damages and enjoin SaveOnSP's unlawful scheme to exploit JJHCS's copay assistance programs that provide funds to help patients afford their medication.  SaveOnSP instead captures the JJHCS patient assistance funds for its own benefit and that of its business partners in the health insurance industry.  The complaint alleges that SaveOnSP has caused more than $100 million in damages to JJHCS, and asserts two causes of action—tortious interference with contract (Count One) and violation of Section 349 of the N.Y. General Business Law, which prohibits consumer deception (Count Two).  SaveOnSP concedes the facts of how its scheme works and that it costs JJHCS hundreds of millions of dollars per year.

JJHCS's copay assistance programs, such as "CarePath," provide financial support to patients taking medications manufactured by other Johnson & Johnson entities to treat cancer and other serious illnesses.  These programs are necessary because health insurers are increasingly shifting ever-higher "out-of-pocket" costs onto patients, forcing patients to abandon treatment or otherwise make painful choices about how to make ends meet.  (Compl. ¶¶ 36-44.)  JJHCS's financial support helps patients avoid that outcome.  To participate, patients agree to abide by terms and conditions, including that funds "may not be used with any other coupon, discount, prescription savings card, free trial, or ***other offer***," like the SaveOnSP program.  (*Id*. ¶¶ 48, 89.)

CONFIDENTIAL

Case 2:22-cv-02632-JKS-CLW   Document 346   Filed 08/06/24   Page 2 of 7 PageID: 24519
Case 2:22-cv-02632-JKS-CLW   Document 146   Filed 08/16/24   Page 2 of 7 PageID: 28459

The Honorable Freda L. Wolfson                                                                   Page 2

SaveOnSP exists, in its own words, "to take full advantage of copay assistance programs like CarePath," seizing these patient assistance funds for itself and its business partners. (D.E. 31-1 at 1; *see* Compl. ¶¶ 1-5, 8-17, 50-88.)  First, it partners with health plans and "pharmacy benefits manager" Express Scripts to change the designation of J&J drugs—including lifesaving cancer drugs and other critical medications—from "essential health benefits" to non-essential, for the sole purpose of circumventing the patient protections in the Affordable Care Act. (*Id.* ¶¶ 9, 10, 28, 43, 54.)[1]  This pretextual designation allows the patients' copay obligation to be grossly inflated, usually by thousands of dollars (e.g., from $20 per dose to $3,000 per dose).  And JJHCS unwittingly foots the bill.  The critically ill patient who has been targeted by SaveOnSP then receives a big surprise when she tries to fill her prescription. (*Id.* ¶¶ 3, 8, 10-15.)  The pharmacy will refuse to fill the prescription until the patient enrolls in SaveOnSP or pays this inflated co-pay amount—even though this can cause dangerous delays in patient treatment and even though participating in SaveOnSP is a violation of the CarePath terms. (*Id.* ¶¶ 13-14, 18-20.)  Patients have little choice but to enroll in SaveOnSP—which is precisely SaveOnSP's intent.

These facts are undisputed,  (D.E. 109 at 8.) [2]  In her deposition, one SaveOnSP employee *See, e.g.*, Ex. 3 (A. Zulqarnain Depo. Tr.) at 80:7-16, 108:20-24, 111:7-113:5, 115:13-17, 116:19-21, 132:7-9, 147:5-10, 150:2-6, 170:17-19, 174:7-17.  This deception has made it impossible for JJHCS to eliminate the improper flow of funds to SaveOnSP and its partners that were intended to help patients.  Recognizing that JJHCS can stop the bleeding only by prevailing at trial, SaveOnSP has sought delay at every turn, collecting millions from JJHCS each month that the case goes on.  It is therefore imperative that disputes be promptly raised and decided.

## II. Recent Disputes and the Amended Discovery Schedule

Until recently, document discovery was drawing to a close.  The parties were supposed to substantially complete document discovery by September 24, 2023, the result of two extensions SaveOnSP had received over JJHCS's objection.  JJHCS had noticed several depositions and all fact discovery was to be complete by January 26, 2024.[3]

---

[1] SaveOnSP representatives have admitted that this is how their program operates. (*See* Compl. ¶ 9 (The moment we reclassify these as non-essential we get to operate outside of those [ACA] rules, which removes the limitations for how high we set the copay… that's what allows us to be the ***most lucrative*** . . . .").)  As the representative admitted, this is done solely for profit and not any legitimate medical purpose. (*Id.* ¶ 55.)

[2] *See, e.g.*, Ex. 1 (SOSP_0694247) ( ; Ex. 2 (SOSP_0307960) (" ").

[3] JJHCS also prevailed on motions to compel third-party discovery from SaveOnSP's partners in its scheme, pharmacy benefit manager Express Scripts Inc. and specialty pharmacy Accredo Health Group.  These

However, in advance of an October 30 conference before Judge Waldor, SaveOnSP chose to file six wide-ranging discovery motions, totaling thousands of pages with exhibits and collectively seeking nothing less than a complete restart of document discovery. Judge Waldor memorialized her rulings on these motions in a November 7, 2023 Order. Among other things, Judge Waldor directed both parties to update their discovery responses, including document productions, to November 7, 2023. She further directed the parties to meet and confer concerning an extension of the discovery schedule. (*See* D.E. 173.) As a result, fact discovery has been extended once again, this time to April 25, 2024. (*See* D.E. 177 at 1.)

### III.  Specific Disputes

Two SaveOnSP applications remain open because SaveOnSP still has not complied with Judge Waldor's order to narrow them. As Judge Waldor observed, SaveOnSP seeks to re-litigate two old motions: (i) for additional documents going back more than **fourteen years** concerning the CarePath terms and conditions (D.E. 146), and (ii) for detailed financial information not only from JJHCS but from all of its affiliates throughout the entire J&J enterprise on broad issues relating to the profitability of Janssen drugs and how Janssen drug prices are calculated, none of which is relevant to the case (D.E. 149). When SaveOnSP brought these motions in March, Judge Waldor denied them without prejudice as too broad and called the request for additional financial information "way out of line." (D.E. 89 at 35:15-21; *see also id.* at 34:5-10, 46:13-47:1.)

On October 30, Judge Waldor expressed her dismay that SaveOnSP made the same overly broad applications half a year later. (Oct. 30, 2023 Tr. at 43:2-5. (ruling that SaveOnSP ignored her prior instructions from March 2023 "to review and modify [their requests related to terms and conditions] so that [SaveOnSP] [wasn't] asking for everything in the world."). She repeated this admonition to narrow the requests in her November 7, 2023 Order. (*See* D.E. 173 at 1.) Yet SaveOnSP again ignored this Order and refuses to narrow its requests. Given SaveOnSP's refusal to comply with Judge Waldor's orders, both motions should be summarily denied.

Otherwise, the parties are not yet at impasse on any other discovery issues. JJHCS continues to meet and confer in good faith with SaveOnSP on several discovery requests. We respectfully request that Your Honor order that (i) any further motion be promptly filed after impasse, and (ii) future disputes be decided after each side submits its own 5-page letter brief. In the interim, Your Honor should direct the parties to promptly update our document productions and other discovery responses, as required by the Court's November 7 Order. JJHCS intends to substantially complete its document production from both custodial and noncustodial sources by the end of January 2024, which will allow sufficient time for depositions to be completed by the April 25, 2024 deadline. As of now, SaveOnSP has refused to state unequivocally that it will update its discovery responses as ordered, even though the time to seek reconsideration of her ruling has long since elapsed. Accordingly, we request that Your Honor take this issue up as the first order of business tomorrow, so that SaveOnSP can confirm that it will comply with Judge Waldor's order without caveat or equivocation.

We look forward to discussing these issues tomorrow.

---

motions had to be litigated in Missouri and Tennessee, respectively, because Express Scripts and Accredo refused to consent to resolution by Judge Waldor. SaveOnSP submitted an affidavit opposing the motions.

The Honorable Freda L. Wolfson  Page 4

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*

JEFFREY J. GREENBAUM

cc: All Counsel
 (*by email*)

CONFIDENTIAL

# EXHIBIT 1

# SEALED IN ITS ENTIRETY

Case 2:22-cv-02632-JKS-CLW　　Document 346　　Filed 08/06/24　　Page 5 of 7 PageID: 24342

# EXHIBIT 2

# SEALED IN ITS ENTIRETY

# EXHIBIT 3

# SEALED IN ITS ENTIRETY