

www.pbwt.com

March 6, 2024

Harry Sandick
Partner
(212) 336-2723
(212) 336-1215 Direct Fax
hsandick@pbwt.com

**Via Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re:  **Motion to Compel Documents Responsive to JJHCS's Document Request Nos. 99, 102, and 103**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we move to compel SaveOnSP to produce documents responsive to JJHCS's Requests for Production Nos. 99, 102, and 103 (the "Requests"). These Requests seek a small number of relevant documents concerning the harmful impact of SaveOnSP's program on patients and their healthcare costs, and SaveOnSP's misleading communications regarding the same.

SaveOnSP cannot credibly dispute the relevance of these Requests, which call for documents regarding ways in which SaveOnSP changed its communication strategy to reduce the risk of detection by pharmaceutical manufacturers (Request No. 103),[1] as well as documents discussing how SaveOnSP harmed a subset of patients by changing its program in a way that increased those patients'

---

[1] Request No. 103 calls for "all Documents or Communications related to SaveOnSP's claims that patients' ‘█████████████████ . . . including all Documents or Communications regarding the change in SaveOnSP's materials representing that patients' ‘█████████████

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 2

out-of-pocket health care costs (Request Nos. 99 and 102).[2]  Nor can it contend that these Requests are unduly burdensome, since JJHCS's proposed search terms yielded fewer than 5,600 documents for SaveOnSP to review.  Instead, SaveOnSP argues that the volume of its prior productions relieves it of having to conduct ***any*** further document review related to these Requests.  This is an argument untethered from the Federal Rules of Civil Procedure or indeed any law.  The Court should order SaveOnSP to identify and produce documents that are responsive to the Requests.

I.  **Background:  SaveOnSP's Patient Harm and Tortious Interference Are Central to this Case**

As Your Honor knows, JJHCS alleges that the SaveOnSP program causes grave harm to patients and JJHCS.  Among other things, SaveOnSP makes patient healthcare needs more expensive, and misleads patients about this and other injurious aspects of the SaveOnSP program.  *See, e.g.*, Compl. ¶¶ 75, 114.  SaveOnSP also knowingly and wrongfully induces patients to violate the terms and conditions of JJHCS's patient assistance programs ("CarePath").  As relevant here, CarePath assistance is only available for patients who have private health insurance that requires them to pay an out-of-pocket cost for their therapy—because, to state the obvious, a patient with no out-of-pocket costs should not need any patient assistance funding from JJHCS.  Patients that have been coerced into enrolling in the SaveOnSP program ostensibly have no out-of-pocket costs, yet the SaveOnSP program wrongfully takes millions of dollars from CarePath every month anyway, "thereby

---

[2] Request No. 99 seeks "all Documents or Communications regarding any actual or contemplated changes to SaveOnSP's program or offerings to become effective January 1, 2024 that affect patients enrolled in a High Deductible Health Plan."

Request No. 102 calls for "all Documents or Communications concerning any changes to SaveOnSP's policies, programs, or offerings with the intent or effect of increasing SaveOnSP-affiliated patients' copay or out-of-pocket obligations."

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 3

intentionally causing those patients to breach their contract with JJHCS every time they use CarePath

funds." *Id.* ¶¶ 89, 109. And SaveOnSP does so in an intentionally deceptive manner that is designed

to conceal SaveOnSP's interference in the relationship between the patient and JJHCS. *See id.* ¶ 73.

JJHCS believes that SaveOnSP has recently taken additional steps to harm patients and evade

detection and served the Requests at issue in December 2023 to obtain more information about these

developments. *See* Ex. 1. We discuss those additional steps in the following sections, and explain

why additional discovery is necessary and appropriate.

## II. Request Nos. 99 and 102 Seek Information About SaveOnSP's Misconduct Relating to Patients on High Deductible Health Plans

Two of the three Requests in this motion relate primarily to SaveOnSP's treatment of patients

enrolled in high deductible health plans.[3] Request No. 99 seeks SaveOnSP documents and

communications related to high deductible health plans, while Request No. 102 seeks documents and

communications related to changes to SaveOnSP's policies that had the intent or effect of increasing

patient financial obligations. These documents are squarely relevant to JJHCS's claims, as they

implicate both patient harm (which bears on JJHCS's GBL § 349 claim) and the wrongfulness of

SaveOnSP's conduct (which bears on JJHCS's tortious interference claim). *See C=Holdings B.V. v.

Asiarim Corp.*, 992 F. Supp. 2d 223, 247 (S.D.N.Y. 2013) (GBL § 349); *Dello Russo v. Nagel*, 358

N.J. Super. 254, 268 (App. Div. 2003) (tortious interference).

---

[3] A high deductible health plan is one where the patient typically pays a higher amount out of pocket
before the insurer is required to pay some or all of the patient's health care costs, and is typically used
in conjunction with a health savings account ("HSA"). *See* 26 U.S.C. § 223(c)(2). An HSA is used
by a patient to pay for their medical expenses with "pre-tax" dollars, thus allowing the patient
effectively to reduce their health care costs with a tax subsidy.

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 4

Senior SaveOnSP executives knew that foisting the SaveOnSP program onto these patients might be unlawful. *See, e.g.*, Ex. 2 (SOSP_0192188) ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Nevertheless, SaveOnSP pressed ahead—as its in-house attorney put it, SaveOnSP █████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 3

(SOSP_0865530) at 1; *see also* Ex. 4 (SOSP_0250162) at 2 ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████.

Perhaps because of these "compliance questions," JJHCS believes that SaveOnSP recently modified the way its program applies to patients enrolled in high deductible health plans, potentially depriving them of the benefit of manufacturer patient assistance until they have met their deductible. *See* Ex. 5 (SOSP_1068516) (███████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████[4] Such a change would result in significant financial harm to patients, many of whom depend upon patient assistance to pay the many thousands of dollars in deductibles charged by their health insurers as part of the patient's high deductible health plan. To support its GBL § 349 claim, then, Request No. 99 seeks discovery concerning SaveOnSP's conduct directed specifically at patients on these high deductible plans.

---

[4] If the Court grants JJHCS's motion, SaveOnSP should include this ████████████████████
in its searches for responsive documents.

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 5

Request No. 102 calls for documents regarding SaveOnSP program changes that harmed patients by increasing their copay or out-of-pocket obligations. JJHCS believes that SaveOnSP's recent changes to the way its program applies to patients enrolled in high deductible health plans had the intent or effect of increasing patient copay or out-of-pocket obligations. Of course, any other SaveOnSP program changes that had the intent or effect of increasing patient copay or out-of-pocket obligations—even those arising outside of the high deductible health plan context—would also bear on JJHCS's GBL § 349 claim for the reasons discussed above. Such documents would also be responsive to Request No. 102 and must be produced.

### III.    Request No. 103 Seeks Information About SaveOnSP's Misleading Communications Regarding Patients' Costs

Request No. 103 seeks documents and communications related to language in SaveOnSP's communications with patients concerning out-of-pocket costs. This is relevant because discovery has revealed new deceptive tactics by SaveOnSP, in which SaveOnSP dissembles to patients about how its program works for the express purpose of evading detection by drug manufacturers whose patient assistance it is pilfering.

For many years, SaveOnSP promised patients ███████████████████████████████ ███████████████████████████████████████████ *See, e.g.*, Ex. 6 (SOSP_0147129) ████ ████████████████ ; Ex. 7 (SOSP_1066383) at 4 ████████ ). JJHCS has learned, however, that SaveOnSP has removed this promise from certain communications with patients and replaced it with an ambiguous representation that ███████████████████████ *See, e.g.*, Ex. 8 (SOSP_1056187) at 4. To be clear, SaveOnSP apparently did not actually change this aspect of its program; in private, ████████████████████████████████████████████ Ex. 9 (SOSP_1042482) at 1. Rather, SaveOnSP simply changed how it ***described*** its program to

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 6

patients, ████████████████████████████████████████████████████

████████████ Ex. 10 (SOSP_1045896) at 1–2.  After all, a patient with no copayment does not

require any patient assistance to pay for their medication.  ███████████████████████████

███████████████████████████████████████████████



*Id.* at 1–2 (emphasis supplied).

SaveOnSP's efforts to evade detection by manufacturers are discoverable and highly relevant.

Indeed, SaveOnSP has agreed to produce other documents regarding its evasion efforts, even as it

stonewalls on this particular Request.  *See, e.g.*, Ex. 11 (SaveOnSP's Responses and Objections to

JJHCS's Fifth Set of Requests for Production) at 7 (agreeing to "produce documents responsive to

[JJHCS's] [r]equest" for "[a]ll documents relating to any attempts by SaveOnSP to evade or avoid

detection of the SaveOnSP Program by drug manufacturers").

**IV.    SaveOnSP's Refusal to Produce the Requested Documents Is Groundless**

On January 9, 2024, JJHCS provided SaveOnSP with a list of proposed search terms to satisfy

these Requests and requested hit counts for any proposed search term that SaveOnSP refused to run.[5]

---

[5] As to Request No. 99, JJHCS proposed the term:  (High Deductible Health Plan OR HDHP) w/30
(copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible*

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 7

SaveOnSP objected to each of the three Requests at issue here and stated that it "will not produce additional documents in response" to any of them.  Ex. 12 at 6, 8–10.  As to both Request Nos. 99 and 102, SaveOnSP refused to conduct JJHCS's proposed searches because it had already "produced tens of thousands of documents" related to SaveOnSP's services.  *See* Ex. 13 (Feb. 6, 2024 Ltr. from E. Snow to S. Arrow) at 2, 4.  As to Request No. 103, SaveOnSP has refused to add JJHCS's proposed search term, on the basis that it has already produced "massive amounts of documents."  *See* Ex. 14 (Feb. 23, 2024 Ltr. from E. Snow to S. Arrow).  On these grounds, SaveOnSP refused to review a total of 5,551 additional documents in order to address the Requests.

We do not understand SaveOnSP to be seriously contesting the relevance of these documents (and they are plainly relevant for all the reasons described above).  Rather, SaveOnSP's position seems to be that it simply refuses to add ***any*** new documents to its review.  This is untenable.  Given the scale of this litigation, the damages at issue, and the already-vast scope of discovery, reviewing 5,551 additional documents would not be burdensome or disproportionate to the needs of the case; it certainly is not an "undue" burden.  *See, e.g.*, *Precision Med. Grp., LLC v. Blue Matter, LLC*, 2020 WL 7352509, at *2 (S.D.N.Y. Dec. 15, 2020) (ordering a party to run a search term that would "not

---

OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost").

As to Request No. 102, JJHCS proposed the term:  (increase* OR raise* or infla*) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost").

As to Request No. 103, JJHCS initially proposed a search term that returned a large number of documents.  In the interest of compromise, on February 13, 2024, JJHCS proposed a narrowed term: (reduc* OR lower* OR "as low as" OR decreas* OR zero OR "no cost" OR "free of charge" OR "$0") w/20 (copay* OR co-pay* OR OOP OR "out-of-pocket" OR "out of pocket" OR "patient cost*" OR "final cost").

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 8

greatly expand the volume that [the party] must review"). And contrary to its assertion otherwise, the

volume of SaveOnSP's prior productions is not an acceptable basis to refuse to produce relevant

documents. *See SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, 2023 WL 2585296,

at *3 (D. Ariz. Mar. 21, 2023) (overruling a burden objection based only on the volume of the "hits"

on the grounds that "[a] voluminous ESI case is always going to be burdensome" and "the question

is whether the burden is undue"). As Your Honor recently observed, "It's a huge case. There is a lot

of discovery on both sides. Let's just do it instead of fighting over it." Jan. 24, 2024 Tr. at 132:1–3.

SaveOnSP has also suggested that the searches it is running as to *other* requests should suffice

to satisfy its obligations as to these three. That is wrongheaded both in principle and in practice. It

is obviously not enough for SaveOnSP to produce documents that are responsive to the Requests

merely if it comes across them by happenstance. And, as a practical matter, SaveOnSP's existing

searches are facially insufficient to capture the documents JJHCS seeks. While SaveOnSP has

highlighted certain existing search terms, many of them have nothing at all to do with the Requests.

For example, SaveOnSP identified 32 search terms that are purportedly germane to JJHCS's Request

No. 99, which is focused on SaveOnSP's policies affecting patients enrolled in a high deductible

health plan. *See* Ex. 13 (Feb. 6, 2024 Ltr. from E. Snow to S. Arrow) at 2–3. Yet not a single one of

those existing terms reference "High Deductible Health Plan," "HDHP," or related variations.[6]

Likewise, SaveOnSP has not identified any existing search term referencing "patient cost" or "final

---

[6] Many of the existing terms that SaveOnSP has identified as purportedly adequate are completely
irrelevant to Request No. 99. For instance, SaveOnSP claims that it does not need to run JJHCS's
proposed high deductible health plan term because it has agreed to run the names of various Janssen
drugs as search terms. *See* Ex. 13 (Feb. 6, 2024 Ltr. from E. Snow to S. Arrow) at 2–3. These Janssen
drug terms are completely unrelated to the Request, and they will not yield documents specific to
SaveOnSP's policies affecting patients enrolled in high deductible health plans.

Honorable Freda L. Wolfson, U.S.D.J.
March 6, 2024
Page 9

cost"—phrases at play in Request No. 103.  By contrast, JJHCS's proposed search strings do include these terms and are, thus, appropriately targeted to yield responsive documents.  Indeed, that there are any unproduced hits at all on JJHCS's proposed search terms confirms that the parties' agreed-upon existing search teams are insufficient to capture responsive materials.  Fact discovery remains ongoing, and JJHCS is entitled to discovery of these documents, especially given the small number involved (fewer than 5,600).

For the foregoing reasons, we request that Your Honor compel SaveOnSP to produce all documents responsive to Requests No. 99, 102, and 103 and order SaveOnSP to conduct JJHCS's requested searches.  We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

 /s/ Harry Sandick
Harry Sandick

cc:  All counsel of record

# EXHIBIT 1

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 22-2632 (ES) (CLW) |
| vs. | : | |
| SAVE ON SP, LLC, | : | |
| Defendant. | : | |

<div align="center">

**PLAINTIFF'S TENTH SET OF REQUESTS FOR PRODUCTION**

</div>

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") makes the following requests for production of documents to Defendant Save On SP, LLC ("SaveOnSP"):

<div align="center">

**DEFINITIONS AND INSTRUCTIONS**

</div>

1.      "Action" means the above-captioned matter, *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States District Court for the District of New Jersey.

2.     "CarePath" means the Janssen patient assistance program providing support services for patients using medications researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen Biotech Inc., Janssen Pharmaceuticals, Inc, Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc. (collectively, "Janssen").

3.     "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

4.     "Express Scripts" means pharmacy benefits manager Express Scripts, Inc., and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts, Inc.

5.     "High Deductible Health Plan" shall have the definition found at 26 U.S.C. § 223(c)(2).

6.     "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

7.     "You" and "Your" mean "SaveOnSP" as defined above.

8.     The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure.  The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, call notes, voice mail, video or audio recordings,

electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

9.      "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

10.     The term "including" means including, but not limited to.

11.     The terms "relating to," "relate to," "relates to," "related to," "relating to," "referring to," and "concerning" mean relating to, referring to, describing, referencing, reflecting, concerning, considering, evidencing, constituting, discussing, supporting, identifying, pertaining to, containing, embodying, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewing in conjunction with, setting forth, contradicting, refuting, supporting, recommending, or in any way logically or factually connected with the matter discussed, in whole or in part.

12.     If You believe that production of documents or things is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Provide responsive documents or things to all parts of the Request to which You do not object.  Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

13. If You withhold information on the grounds of privilege (including work product immunity), You must identify the nature of the privilege that is being claimed in accordance with any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any protocols when You are ready to produce a privilege log, JJHCS will provide supplemental instructions detailing the privilege log requirements.

14. If You cannot produce responsive documents or things to any of these Requests in full, produce documents or things to the extent possible, specifying the reasons for Your inability to produce documents or things in full and provide responsive documents or things to the remainder.

15. In producing documents or things responsive to these Requests, furnish all information that is available to You, including documents or things in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

16. If a responsive document or thing was, but no longer is, within Your possession, custody, or control, please state in detail:

  a. the type of document or thing and the author(s), sender(s), recipient(s) and copy(ies) of the document or thing;

  b. a summary of the contents of the document or thing;

  c. what disposition was made of such document or thing;

  d. the date of such disposition;

  e. whether the original or a copy thereof is within the possession, custody or control of any other person; and

  f. if the answer to (e) is affirmative, the identity of such person.

17. All documents and data and all electronically stored information should be produced in the manner required by any agreed-upon or court-ordered protocols.  In the event the

Court has not timely approved any protocols when You are ready to produce documents, JJHCS will provide supplemental instructions detailing the production requirements.

18.     Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, any objection in whole or in part to a Request must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a request must specify the part and permit inspection of the rest.

19.     These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

20.     To extent a term is not defined herein, apply the definition for such term used in the Complaint.

21.     The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

22.     Unless otherwise specified herein or agreed to by the parties, the time period for each request is April 1, 2016 through November 7, 2023 (the "Relevant Time Period").

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**Request No. 98.**     All Documents or Communications regarding ███████████████

███████████████████████████████████████████████████████████

███████████████████████[1]

**Request No. 99.**     From April 1, 2016 through the present, all Documents or Communications regarding any actual or contemplated changes to SaveOnSP's program or offerings to become effective January 1, 2024 that affect patients enrolled in a High Deductible Health Plan.

---

[1] *See* Oct. 27, 2023 Ltr. from E. Snow to S. Arrow at App'x. 1, p. 5.

**Request No. 100.** Documents sufficient to identify every person who has opted out of SaveOnSP's program or offerings, or who has declined to consent to monitoring by SaveOnSP.

**Request No. 101.** All Documents or Communications, including but not limited to Teams messages or text messages, related to ███████████████████ referenced within SOSP_0890001.

**Request No. 102.** From April 1, 2016 through the present, all Documents or Communications concerning any changes to SaveOnSP's policies, programs, or offerings with the intent or effect of increasing SaveOnSP-affiliated patients' copay or out-of-pocket obligations.

**Request No. 103.** From January 1, 2022 to the present, all Documents or Communications related to SaveOnSP's claims that █████████████████████████ *see, e.g.*, SOSP_0167738, including all Documents or Communications regarding the change in SaveOnSP's materials representing that ████████████████████

Dated: December 22, 2023

<div style="margin-left:40%">

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    s/ Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

</div>

# EXHIBIT 2

# SEALED IN ITS ENTIRETY

# EXHIBIT 3

# SEALED IN ITS ENTIRETY

**EXHIBIT 4**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 5**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 6**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 7**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 8**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 9**

**SEALED IN ITS ENTIRETY**

# EXHIBIT 10

# SEALED IN ITS ENTIRETY

# EXHIBIT 11

E. Evans Wohlforth, Jr.
Robinson & Cole
666 3rd Ave #20
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Fifth Set of Requests for Production, dated May 16, 2023 (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## OBJECTIONS TO DEFINITIONS

1.      SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

2.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17 and ¶¶ 50-88, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

2

3. SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

## OBJECTIONS TO INSTRUCTIONS

4. SaveOnSP objects to Instruction No. 16 in Plaintiff's Fifth Set of Requests for Production to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

5. SaveOnSP objects to Instruction No. 18 in Plaintiff's Fifth Set of Requests for Production and Instruction to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, custody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

6. SaveOnSP objects to Instruction No. 20 in Plaintiff's Fifth Set of Requests for Production to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7. SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 72:** All documents and communications concerning SaveOnSP's efforts to identify patients who were enrolled in CarePath prior to their enrollment in the SaveOnSP program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "enrollment in the SaveOnSP program." Patients do not enroll in SaveOnSP.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 73:** All documents and communications concerning ███████████████ ████████████████████ [1]

**RESPONSE:** SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning ████████ beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 74:** All documents and communications concerning EJR Consulting, including but not limited to any communications consulting performed by EJR Consulting.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's marketing or promoting its services to health insurance plan sponsors or SaveOnSP's communications with persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP will produce documents responsive to this Request related to SaveOnSP's marketing or promoting its services to health insurance plan sponsors or SaveOnSP's communications

---

[1] *See* SOSP_0014754; SOSP_0059327; SOSP_0059329.

with persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs identified during a reasonable search.

**REQUEST NO. 75:** All documents and communications concerning QuestEX [sic], including but not limited to the white paper QuestEx drafted, edited, and published on behalf of SaveOnSP in 2021, and any communications relating thereto.

**RESPONSE:** Based on its investigation to date, SaveOnSP is not aware of any services that QuestEx provided to SaveOnSP beyond those related to the white paper that QuestEx helped edit and place on SaveOnSP's behalf in 2021.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those related to the white paper that QuestEx helped edit and place on SaveOnSP's behalf in 2021. SaveOnSP will not produce such documents.

SaveOnSP will produce documents responsive to this Request related to the white paper that QuestEx helped edit and place on SaveOnSP's behalf in 2021 identified during a reasonable search.

**REQUEST NO. 76:** All documents and communications concerning whether certain Janssen therapies are covered under a health plan's medical or pharmacy benefit, including but not limited to documents and communications reflecting any effort to direct patients' claims for Janssen therapies to the pharmacy benefit instead of the medical benefit.

**RESPONSE:** SaveOnSP objects to the undefined terms "medical benefit" and "pharmacy benefit" as vague and ambiguous. SaveOnSP interprets "pharmacy benefit" to refer to plan coverage for medications that can be filled by pharmacies and "medical benefit" to refer to plan coverage related to medications that are administered by medical professionals.

SaveOnSP objects to this Request because the documents sought by this Request are irrelevant to the claims or defenses in this action.

SaveOnSP is not aware of any documents responsive to this Request in its possession, custody, or control.

5

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 77:** Documents sufficient to show the identity of any patient whose claim was put on hold or rejected, temporarily or otherwise, or who was otherwise denied access to their prescribed medication, because that patient was not enrolled in the SaveOnSP program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "enrolled in the SaveOnSP program." Patients do not enroll in SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, or control.

SaveOnSP will produce documents in its possession, custody, or control responsive to this Request concerning persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs that can be identified through a reasonable search.

**REQUEST NO. 78:** Documents sufficient to show the identity of any patient whose claim was put on hold or rejected because that patient was not enrolled in the SaveOnSP program, but whose claim was later permitted to proceed after that patient enrolled in the SaveOnSP program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "enrolled in the SaveOnSP program." Patients do not enroll in SaveOnSP.

6

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, or control.

SaveOnSP will produce documents in its possession, custody, or control responsive to this Request concerning persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs that can be identified through a reasonable search.

**REQUEST NO. 79:** All documents relating to any attempts by SaveOnSP to evade or avoid detection of the SaveOnSP Program by drug manufacturers, including but not limited to the creation of "one time" or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket responsibility.

**RESPONSE:** SaveOnSP objects to the undefined term "'one time' or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket-responsibility" as vague and ambiguous. SaveOnSP interprets this term to refer to the one-time credit card payment system used to process any residual amounts of pharmacy claims not covered by the manufacturer's copay assistance programs in situations where the pharmacy is unable to process a tertiary claim.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

Based on its investigation to date, SaveOnSP has not used "'one time' or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket-responsibility" for any Janssen Drugs.

SaveOnSP will produce documents responsive to this Request related to CarePath or Janssen Drugs that can be identified through a reasonable search.

7

**REQUEST NO. 80:** All documents and communications concerning ██████████████████████████████████████████████████████████████████████ ██████████████████ ²

**RESPONSE:** SaveOnSP objects to the undefined terms ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████████████

SaveOnSP objects to this Request to the extent that it seeks documents that do not relate to claims by persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all documents and communications concerning ████████████████████████████ ████████████████ The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents in its possession, custody, or control responsive to this Request sufficient to show ███████████████████████████████████████████ ██████████████████████████

Dated: June 15, 2023          By: /s/   E. Evans Wohlforth, Jr.
                                        E. Evans Wohlforth, Jr.
                                        Robinson & Cole
                                        666 3rd Ave #20
                                        New York, NY 10174
                                        212-451-2954
                                        ewohlforth@rc.com

---

² *See* Appendix 1 to Apr. 28, 2023 Letter from E. Snow to H. Sandick

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBIT 12

E. Evans Wohlforth, Jr.
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S TENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Tenth Set of Requests for Production, dated December 22, 2023 (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## OBJECTIONS TO DEFINITIONS

1. SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

2. SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

3. SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17 and ¶¶ 50-88, because it mischaracterizes SaveOnSP's services. SaveOnSP will not

2

use this definition. SaveOnSP instead interprets this term to mean the services that it provides to health plans.

## <u>OBJECTIONS TO INSTRUCTIONS</u>

4.      SaveOnSP objects to Instruction No. 13 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

5.      SaveOnSP objects to Instruction No. 15 to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, custody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

6.      SaveOnSP objects to Instruction No. 17 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.      SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## <u>SPECIFIC RESPONSES AND OBJECTIONS</u>

<u>REQUEST NO. 98:</u> All Documents or Communications regarding ██████████████ ███████████████████████████████[1]

**RESPONSE:** SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. SaveOnSP interprets this Request as seeking all documents relating

---

[1] *See* Oct. 27, 2023 Ltr. from E. Snow to S. Arrow at App'x. 1, p. 5.

to ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, and control.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce, as it has always agreed to produce, non-privileged documents and communications identified during a reasonable search concerning the relationship between Save-OnSP and Express Scripts regarding SaveOnSP's services at issue in this action. *See, e.g.*, Save-OnSP's Responses & Objections to JJHCS's RFP Nos. 10, 60.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 99:** From April 1, 2016 through the present, all Documents or Communications regarding any actual or contemplated changes to SaveOnSP's program or offerings to become effective January 1, 2024 that affect patients enrolled in a High Deductible Health Plan.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents after November 7, 2023.

SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. SaveOnSP interprets this Request as seeking all documents related to SaveOnSP's services for its health plan clients whose employee health plans include members who are enrolled in High Deductible Health Plans.

SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those identified during a reasonable search concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's co-pay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP also objects to this Request to the extent that it seeks documents beyond SaveOnSP's 2023 Drug Lists, as well as documents sufficient to show changes made to those Lists in 2023 to the extent that those changes concern inclusion or exclusion of Janssen Drugs on the SaveOnSP Drug Lists, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce, as it has already agreed to produce, non-privileged documents identified during a reasonable search concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a co-pay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan. *See* SaveOnSP's Responses & Objections to JJHCS's RFP No. 24.

SaveOnSP will also produce, as it has already agreed to produce, 2023 Drug Lists, and non-privileged documents sufficient to show changes made to those Lists in 2023 to the extent that those changes concern inclusion or exclusion of Janssen Drugs on the SaveOnSP Drug Lists. *See* Sept. 19, 2023 Ltr. from A. Dunlap to S. Arrow.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 100:** Documents sufficient to identify every person who has opted out of SaveOnSP's program or offerings, or who has opted out of SaveOnSP's program or offerings, or who has declined to consent to monitoring by SaveOnSP.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "every person who has opted out of SaveOnSP's program or offerings," as individuals do not enroll in a SaveOnSP program or offerings and so cannot opt out of them.

SaveOnSP understands the phrase "declined to consent to monitoring by SaveOnSP" to refer to plan members who decline to have SaveOnSP monitor their pharmacy accounts on behalf of the members' health benefit plans.

SaveOnSP objects to this Request to the extent that it seeks documents not related to Care-Path or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those identified during a reasonable search which reflect communications with members of plans advised by SaveOnSP who use any Janssen Drug and who (i) refused to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later either cancelled their enrollment in Care-Path or withdrew their consent to monitoring of their accounts; or recordings of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were previously enrolled in CarePath concerning CarePath or Janssen Drugs, as such information is cumulative. Save-OnSP will not produce such documents.

SaveOnSP will not produce any additional documents in response to this Request.

**REQUEST NO. 101:** All Documents or Communications, including but not limited to Teams messages or text messages, related to ███████████████ referenced within SOSP_0890001.

**RESPONSE:** SaveOnSP objects to the undefined term ████████████ as vague and ambiguous. After conducting a reasonable investigation, SaveOnSP understands the term ████████ ████████ in SOSP_0890001 to refer to a publicly available report, published on December 10, 2021 by the U.S. House of Representatives Committee on Oversight and Reform, entitled "Drug Pricing Investigation," which contains discussion regarding the pricing of the Janssen drug Imbruvica.[2]

---

[2]   The report is publicly available at: https://oversightdemocrats.house.gov/sites/democrats.oversight.house.gov/files/DRUG%20PRICING%20REPORT%20WITH%20APPENDIX%20v3.pdf.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 102:** From April 1, 2016 through the present, all Documents or Communications concerning any changes to SaveOnSP's policies, programs, or offerings with the intent or effect of increasing SaveOnSP-affiliated patients' co-pay or out-of-pocket obligations.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents after November 7, 2023.

SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. SaveOnSP interprets this Request as seeking all documents related to any changes made by SaveOnSP to the services it offers health plans resulting in an increase in copays or out-of-pocket obligations for patients on SaveOnSP-advised health plans.

SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those identified during a reasonable search concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP also objects to this Request to the extent that it seeks documents beyond those reflecting changes to copays for Janssen Drugs made by health plans advised by SaveOnSP or concerning SaveOn's decision to move to a co-insurance model, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce, as it has already agreed to produce, non-privileged documents identified during a reasonable search concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a co-pay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan. See SaveOnSP's Responses & Objections to JJHCS's RFP No. 24.

SaveOnSP will also produce, as it has already agreed to produce, non-privileged documents and communications identified during a reasonable search concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP, as well as non-privileged documents related to SaveOnSP's decision to move to a co-insurance model. See SaveOnSP's Responses & Objections to JJHCS's RFP No. 28; Oct. 27, 2023 Ltr. from E. Snow to S. Arrow.

SaveOnSP will not produce any additional documents in response to this Request.

**REQUEST NO. 103:** From January 1, 2022 to the present, all Documents or Communications related to SaveOnSP's claims that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ see, e.g.,

SOSP_0167738 , including all Documents or Communications regarding the change in Save-OnSP's materials representing that ███████████████████

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents after November 7, 2023.

SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. SaveOnSP interprets this Request as seeking all documents relating to ████ █████████████████████████████████████████████ ████████████████████████

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce, as it has already agreed to produce, non-privileged documents identified during a reasonable search concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a co-pay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan. See SaveOnSP's Responses & Objections to JJHCS's RFP No. 24.

SaveOnSP will not produce any additional documents in response to this Request.

Dated:  January 22, 2024

By:  /s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBIT 13

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 6, 2024

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

**Re:  JJHCS's Tenth Set of Requests for Production**
**_Johnson & Johnson Health Care Systems Inc. v. Save On SP,_**
**_LLC_ (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Sara,

      We write in response to your January 31, 2024 letter regarding J&J's Tenth
Set of Requests for Production.

## I.      Request No. 98

      You ask us to explain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in light of SaveOn's refusal to add additional
search terms capturing documents relevant to this Request. Based on our investi-
gation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If SaveOn has doc-
uments related to this issue, they would be captured by previously-agreed upon
search terms on the relationship between SaveOn and ESI.

## II.      Request No. 99

      _First_, you assert that SaveOn refuses to prioritize the production of docu-
ments relevant to J&J's Request No. 99. J&J never asked us to do so. Now that we
understand that J&J is making that request, we will prioritize documents regard-
ing contemplated changes to SaveOn's services on January 1, 2024.

Sara Arrow
February 6, 2024

*Second*, you assert that the parties are at impasse on adding the search term "(High Deductible Health Plan OR HDHP) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")." SaveOn is already reviewing over a million documents in this litigation. It has already produced tens of thousands of documents relating to SaveOn's services and will continue to do so with respect to documents created between July 1, 2022 through November 7, 2023, which will capture documents relevant to any changes to SaveOn's services to become effective January 1, 2024 that affect patients enrolled in a High Deductible Plan. SaveOn is using the following search terms to capture relevant documents:

- "(copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase)"

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share" OR "specialty med*" OR "specialty drug*" OR biolog* OR infus*) W/15 (OR transfer* OR reduc* OR saving*)

- (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge")

- "Johnson & Johnson" OR "Johnson and Johnson"

- "DARZALEX FASPRO" OR DARZALEX OR daratumumab OR hyaluronidase*

- BALVERSA OR erdafitinib

- care W/2 path

- CarePath OR Carpath OR Carepth

- Cobicistat

- Darunavir

- Emitricitabine

- ERLEADA OR apalutamide

- IMBRUVICA OR ibrutinib

- its.jnj.com

- J&J or JNJ

2

Sara Arrow
February 6, 2024

- Janssen OR Jannsen OR Jansen OR Jannssen

- JJHCS OR JHCS or JJCHS OR JJHS

- OPSUMIT OR macitentan

- Prezcobix

- REMICADE OR infliximab

- RYBREVANT OR amivantamab*

- SIMPONI OR golimumab

- STELARA OR ustekinumab

- structure* W/4 (benefit* OR "drug list*")

- Symtuza

- Tenofovir Alafenamide

- TRACLEER OR bosentan

- TREMFYA OR guselkumab

- TrialCard OR "Trial Card"

- UPTRAVI OR selexipag

- Ventavis OR iloprost

- ZYTIGA OR abiraterone

J&J has failed to identify why these search terms are insufficient. SaveOn does not intend to withhold any documents identified by these terms that may be related to your request. If J&J can identify a gap in SaveOn's extensive productions—including its forthcoming refresh production—SaveOn will reconsider its position.

## III.   Request No. 100

You asked whether SaveOn maintains records identifying persons who have opted out of SaveOn's services or who have refused to consent to monitoring by SaveOn. SaveOn keeps information on this topic in the Salesforce database. While our prior productions have included documents sufficient to show the identities of such individuals, to avoid a dispute, SaveOn will produce a list of members who have declined SaveOn's services or declined to allow SaveOn to monitor their

3

Sara Arrow
February 6, 2024

pharmacy accounts on behalf of their health benefit plans. We intend to produce this list by the end of February.

## IV.    Request No. 101

You ask us to confirm that we will produce a copy of the Teams message exchange ██████ ████████████ discussed in SOSP_0890001, in our February 29, 2024 production. We will. SaveOn will not produce any additional documents in response to this Request.

## V.    Request No. 102

*First*, you assert that we misunderstand this Request, which seeks documents concerning changes to SaveOn's policies that had the "intent or effect" of increasing patient financial obligations. As we explained during the meet-and-confer, SaveOn does not set copays; the plans do.[1] We now understand that you are seeking documents regarding changes to SaveOn's services that could lead its client plans to increasing members' copays.

*Second*, you assert that the parties are at impasse on J&J's demand that we run your proposed search terms. SaveOn has produced tens of thousands of documents regarding changes in its services. *See, e.g.*, SOSP_0753907 (██████ ████████████████); SOSP_0884872 (same); SOSP_0808439 (same). SaveOn does not intend to withhold any documents relevant to this Request, and to the extent that such documents are captured by our agreed-upon search terms, they will be included, as they already have been, in our upcoming productions. J&J has failed to explain why the existing search terms are insufficient. SaveOn does not intend to withhold any documents identified by these terms that may be related to your request. If J&J can identify a gap in SaveOn's extensive productions—including its forthcoming refresh production—SaveOn will reconsider its position.

## VI.    Request No. 103

You ask us to confirm that we will produce all non-privileged documents responsive to this Request, which you state is intended to yield documents concerning "SaveOnSP's claims" regarding changes to patient financial obligations. Such documents are captured by our agreed-upon search strings: such as "(copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge") and (copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase). You have identified no gap in our productions to date relating to such

---

[1] J&J and its vendors are aware that SaveOn does not set copays itself. *See, e.g.*, TRIALCARD_00003383.

4

Sara Arrow
February 6, 2024

"claims" that would justify the burden of reviewing the nearly 40,000 more documents resulting from your proposed search term.

We reserve all rights and are available to meet and confer.


Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# EXHIBIT 14

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy|Gay**

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 23, 2024

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

**Re:  JJHCS's Tenth Set of Requests for Production**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP,*
*LLC* **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Sara,

We write in response to your February 13, 2024 letter regarding JJHCS's
Tenth Set of Requests for Production and related correspondence. You ask that we
agree to run J&J's proposed search terms for Requests 99 and 102. We decline to
do so. As we have previously stated, SaveOn has produced massive amounts of
documents and J&J has not identified any gaps in its production relating to the
topics at issue. SaveOn disagrees that it is obligated to continue adding search
terms to identify additional documents on topics that are, at best, tangentially rel-
evant to the claims and defenses in this action. You also ask that we agree to run a
modified search term for Request 103; that term would yield 1,079 additional doc-
uments for review. We decline to run this term as well, for the same reasons.

We reserve all rights.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate