# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

March 15, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
              **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

      On behalf of Defendant Save On SP, LLC ("**SaveOn**"), we write to oppose Plaintiff Johnson & Johnson Health Care Systems Inc.'s (with its affiliates, "**J&J**") March 6, 2024 motion to compel SaveOn to use three additional search terms to identify documents for review.

      At the cost of many millions of dollars, SaveOn has reviewed over a million documents from 29 custodians and non-custodial sources, using over 90 search terms. It has produced more than 260,000 documents spanning its entire existence. Over the last year and a half, SaveOn has responded to over a hundred separate requests for production from J&J and well over one hundred discovery letters. It has produced documents not just on subjects relevant to this case but also on subjects it believes to be entirely irrelevant in an effort to avoid disputes and end discovery.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

SaveOn has done this work voluntarily—the Court has never had to compel SaveOn to add a single custodian or a single search term.[1] Despite this avalanche of discovery, J&J now demands that Your Honor compel SaveOn to add three new search terms and review over 5,000 additional documents that are overwhelmingly likely to be cumulative, duplicative, or irrelevant. Enough is enough. The Court should deny J&J this fishing expedition.

While discovery under the Federal Rules is broad, it is not unlimited. *See, e.g., Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Discovery must be proportional to the needs of the case, its burden and expense must be weighed against its likely benefit, and it must be limited if unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(1)-(2). The Rules are "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26, advisory committee's notes to 1983 amendment.

A court should not compel a party to produce additional documents if it has already made a substantial production and the additional documents sought are likely cumulative and duplicative. *See, e.g., OANDA Corp. v. GAIN Capital Holdings, Inc.*, No. 20-5784 (ZNQ) (DEA), 2023 WL 9050958, at*2 (D.N.J. Dec. 29, 2023) ("In multiple instances, this District has 'declined to

---

[1] In fact, SaveOn has been compelled to produce only its business plans and operating agreement, *see* June 27, 2023 Tr. at 30:11-12 (business plans); *id.* at 48:21-24 (Operating Agreements); documents from certain personal email accounts, Dkt. 144, and the identities of its health plan clients and of patients enrolled in health plans, *see* Feb. 28, 2023 Tr. at 24:12-13 ("you'll produce the list of patients and . . . whatever plans that are on the list.")—and SaveOn did not oppose producing those identities if the Court imposed various safeguards on J&J's use of that information, *see id.* at 9:7-9 ("What we're trying to do is ensure that there's not some large-scale outreach to the plans, especially to the plans, that could harm our business here"), which it did, *id.* at 27:9-14 ("you can contact whatever plan and/or patient you want to. . . but I would keep Mr. Dunlap advised."). J&J, by contrast, has been ordered to add 11 custodians, add numerous search terms and produce substantive types of documents including, but not limited to, documents concerning the drafting of the Terms & Conditions, documents on the enforcement instructions and policies, documents concerning the change to the Stelara and Tremfya Terms and Conditions, retention policies and "documents including (1) the 'other offer' provision in any circumstances, not just limited to copay assistance; (2) all other provisions of the T&Cs; and (3) all benefits investigations for the Janssen drugs at issue." *See* Dkt. 173; Dkt. 192.

permit requests for additional, voluminous productions of discovery where it found the discovery would be cumulative, burdensome, and/or expensive.'" (*quoting Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London Members of Syndicates*, 2020 WL 13158012, at *10 (D.N.J. Oct. 14, 2020)); *Robinson v. Horizon Blue Cross-Blue Shield of N. J.*, No. 2:12-CV-02981-ES-JAD, 2013 WL 6858956, at *6 (D.N.J. Dec. 23, 2013) (courts consider "the volume of discovery that plaintiff has already received" and if the requests are cumulative); *In re Merck & Co., Inc. Secs., Derivative & ERISA Litig.*, 2012 WL 4764589 at *9 (D.N.J. Oct. 5, 2012) ("[A] voluminous prior production makes it considerably more likely that further discovery will be duplicative" (*quoting Jaffee Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2006 WL 3445742, at * 2 (N.D. Ill. Nov. 22, 2006))).

SaveOn has produced 261,811 documents (1,144,848 pages) and anticipates producing at least another 20,000 documents by March 31, 2024. J&J, meanwhile, has produced just 31,959 documents. The difference is stark:



While J&J continues to withhold documents, resist adding custodians, and oppose adding search

terms—on core matters within its control, like its drafting of the contract at issue and its failure to

mitigate its damages—SaveOn has been remarkably open, producing vast amounts of information.

Any additional documents identified by J&J's proposed new search terms are highly likely

to be cumulative, which is unsurprising given the volume of documents that SaveOn has produced.

While J&J complains that SaveOn's existing search terms do not include phrases that J&J thinks

are important (Mot. 8-9), SaveOn's produced documents—buckets of them—do include those

terms. Using its existing search terms, SaveOn has already produced over ***77,000 documents***

(144,166 with families) that hit on J&J's proposed additional search terms: 9,465 documents

(29,577 with families) with J&J's proposed additional terms for Request No. 99; 19,323 docu-

ments (47,964 with families) with its proposed additional terms for Request No. 102; and 66,747

documents (134,633 with families) with its proposed additional terms for Request No. 103.[2]

SaveOn has produced more than twice as many documents containing the proposed additional

search terms at issue as J&J has produced in total.

Because SaveOn is already producing documents on any relevant subjects that J&J seeks

here, any documents identified by J&J's proposed terms are highly likely to be duplicative. J&J

asks for "documents regarding ways in which SaveOnSP changed its communication strategy to

reduce the risk of detection by pharmaceutical manufacturers," Mot. 1—but SaveOn is already

producing "documents relating to any attempts by SaveOnSP to evade or avoid detection of the

SaveOnSP Program by drug manufacturers." Ex. 1 at 7. J&J also asks for documents about SaveOn

purportedly "changing its program in a way that increased … patients' out-of-pocket costs," Mot.

---

[2] The total number (77,000) is the total number of ***unique*** documents identified by all three terms after deduplicating
any documents identified by multiple terms, so each document is counted only once. The total for each search is the
total number of documents identified by that term without deduplication.

1-2—but SaveOn is already producing documents regarding ███████████████████████

████████████████████████████████████████████████████████████████████████

documents concerning an increase to "SaveOnSP patients' copay or out-of-pocket obligations" for

J&J drugs, Ex. 2 at 23, 25, and documents and communications "reflecting complaints, concerns,

or inquiries about its services related to Janssen Drugs and its conduct at issue in this Action." Ex.

2 at 29.

       J&J's proposed search terms are very unlikely to identify any unique, relevant information

on these topics not already captured by SaveOn's enormous production. If a non-privileged docu-

ment on one of these subjects refers to a high-deductible health plan, "HDHP," ███████ "patient

cost," etc., then SaveOn is producing it—as evidenced by the documents that J&J cites in its mo-

tion. J&J's proposed new terms would likely pick up only irrelevant documents—e.g., documents

mentioning high-deductible health plans that **do not** discuss whether use of SaveOn's service is

lawful or changing plan benefits for members of such plans or communications with patients that

**do not** describe their copay obligations.

       Despite J&J's citationless assertion to the contrary (Mot. 2), courts in this District routinely

consider parties' prior productions and deny motions to compel additional discovery in similar

circumstances. *See, e.g.*, *Boehringer Ingelheim Pharma GMBH & Co. KG v. Teva Pharma.*, No.

CV 14-7811 (MLC), 2016 WL 11220848 (D.N.J. Aug. 5, 2016) (denying motion to compel when

party had already produced more than 2.2 million pages of documents); *Robinson,* 2013 WL

6858956, at *5-6 (significantly limiting additional discovery when party had already produced

56,030 pages of documents); *Merck*, 2012 WL 4764589 at *10 (declining to compel discovery

when party had already produced 24 million of pages of documents). Your Honor should do the

same.

  J&J's two cited cases, from outside this District (Mot. 7-8), are inapposite. In *Precision Medicine Grp., LLC v. Blue Matter, LLC*, No. 20CIV2974PGGSLC, 2020 WL 7352509 (S.D.N.Y. Dec. 15, 2020), the court compelled a defendant that had not yet produced anything to review a total of 18,904 documents (17,714 that it agreed to review plus 1,190 from a term sought by plaintiff). *Id.* at *2. In *SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, No. CV-21-01076 (PHX) (JAT), 2023 WL 2585296 (D. Ariz. Mar. 21, 2023), the court compelled plaintiffs that had agreed to produce 122,607 documents to review an additional 287,371 documents because "Plaintiffs chose to bring a wide-ranging lawsuit." *Id.* at *1-3. SaveOn, in stark contrast, has reviewed over a million documents, produced over a quarter million, produced tens of thousands of documents containing the search terms at issue, produced mountains of information on the topics at issue, and certainly did not initiate the meritless lawsuit against which it defends.

  Your Honor should deny J&J's motion.

        Respectfully submitted,

        /s/ E. Evans Wohlforth, Jr.
        E. Evans Wohlforth, Jr.
        Robinson & Cole LLP
        666 Third Avenue, 20th floor
        New York, NY 10017-4132
        Main (212) 451-2900
        Fax (212) 451-2999
        ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

E. Evans Wohlforth, Jr.
Robinson & Cole
666 3rd Ave #20
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (ES) (CLW) |
| Plaintiff, | **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Fifth Set of Requests for Production, dated May 16, 2023 (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## OBJECTIONS TO DEFINITIONS

1.      SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

2.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17 and ¶¶ 50-88, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

3.     SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

## OBJECTIONS TO INSTRUCTIONS

4.     SaveOnSP objects to Instruction No. 16 in Plaintiff's Fifth Set of Requests for Production to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

5.     SaveOnSP objects to Instruction No. 18 in Plaintiff's Fifth Set of Requests for Production and Instruction to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, custody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

6.     SaveOnSP objects to Instruction No. 20 in Plaintiff's Fifth Set of Requests for Production to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.     SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 72:** All documents and communications concerning SaveOnSP's efforts to identify patients who were enrolled in CarePath prior to their enrollment in the SaveOnSP program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "enrollment in the SaveOnSP program." Patients do not enroll in SaveOnSP.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 73:** All documents and communications concerning ███████████████████████████████████████████████████.[1]

**RESPONSE:** SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning ███████ beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 74:** All documents and communications concerning EJR Consulting, including but not limited to any communications consulting performed by EJR Consulting.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's marketing or promoting its services to health insurance plan sponsors or SaveOnSP's communications with persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP will produce documents responsive to this Request related to SaveOnSP's marketing or promoting its services to health insurance plan sponsors or SaveOnSP's communications

---

[1] *See* SOSP_0014754; SOSP_0059327; SOSP_0059329.

with persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs identified during a reasonable search.

**REQUEST NO. 75:** All documents and communications concerning QuestEX [sic], including but not limited to the white paper QuestEx drafted, edited, and published on behalf of SaveOnSP in 2021, and any communications relating thereto.

**RESPONSE:** Based on its investigation to date, SaveOnSP is not aware of any services that QuestEx provided to SaveOnSP beyond those related to the white paper that QuestEx helped edit and place on SaveOnSP's behalf in 2021.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those related to the white paper that QuestEx helped edit and place on SaveOnSP's behalf in 2021. SaveOnSP will not produce such documents.

SaveOnSP will produce documents responsive to this Request related to the white paper that QuestEx helped edit and place on SaveOnSP's behalf in 2021 identified during a reasonable search.

**REQUEST NO. 76:** All documents and communications concerning whether certain Janssen therapies are covered under a health plan's medical or pharmacy benefit, including but not limited to documents and communications reflecting any effort to direct patients' claims for Janssen therapies to the pharmacy benefit instead of the medical benefit.

**RESPONSE:** SaveOnSP objects to the undefined terms "medical benefit" and "pharmacy benefit" as vague and ambiguous. SaveOnSP interprets "pharmacy benefit" to refer to plan coverage for medications that can be filled by pharmacies and "medical benefit" to refer to plan coverage related to medications that are administered by medical professionals.

SaveOnSP objects to this Request because the documents sought by this Request are irrelevant to the claims or defenses in this action.

SaveOnSP is not aware of any documents responsive to this Request in its possession, custody, or control.

5

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 77:** Documents sufficient to show the identity of any patient whose claim was put on hold or rejected, temporarily or otherwise, or who was otherwise denied access to their prescribed medication, because that patient was not enrolled in the SaveOnSP program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "enrolled in the SaveOnSP program." Patients do not enroll in SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, or control.

SaveOnSP will produce documents in its possession, custody, or control responsive to this Request concerning persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs that can be identified through a reasonable search.

**REQUEST NO. 78:** Documents sufficient to show the identity of any patient whose claim was put on hold or rejected because that patient was not enrolled in the SaveOnSP program, but whose claim was later permitted to proceed after that patient enrolled in the SaveOnSP program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the phrase "enrolled in the SaveOnSP program." Patients do not enroll in SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, or control.

SaveOnSP will produce documents in its possession, custody, or control responsive to this Request concerning persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs that can be identified through a reasonable search.

**REQUEST NO. 79:** All documents relating to any attempts by SaveOnSP to evade or avoid detection of the SaveOnSP Program by drug manufacturers, including but not limited to the creation of "one time" or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket responsibility.

**RESPONSE:** SaveOnSP objects to the undefined term "'one time' or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket-responsibility" as vague and ambiguous. SaveOnSP interprets this term to refer to the one-time credit card payment system used to process any residual amounts of pharmacy claims not covered by the manufacturer's copay assistance programs in situations where the pharmacy is unable to process a tertiary claim.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

Based on its investigation to date, SaveOnSP has not used "'one time' or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket-responsibility" for any Janssen Drugs.

SaveOnSP will produce documents responsive to this Request related to CarePath or Janssen Drugs that can be identified through a reasonable search.

7

**REQUEST NO. 80:** All documents and communications concerning ████████████████

████████████████████████████████████████████████████████
████████████████ ₂

**RESPONSE:** SaveOnSP objects to the undefined terms ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

SaveOnSP objects to this Request to the extent that it seeks documents that do not relate to claims by persons who enrolled or were eligible to enroll in CarePath or were prescribed Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all documents and communications concerning ████████████████████████

████████████ The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents in its possession, custody, or control responsive to this Request sufficient to show ████████████████████████████████████

████████████████████████

Dated: June 15, 2023          By: /s/     E. Evans Wohlforth, Jr.
                                          E. Evans Wohlforth, Jr.
                                          Robinson & Cole
                                          666 3rd Ave #20
                                          New York, NY 10174
                                          212-451-2954
                                          ewohlforth@rc.com

---

₂ *See* Appendix 1 to Apr. 28, 2023 Letter from E. Snow to H. Sandick

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 2

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & John-son Health Care Systems Inc.'s ("JJHCS") First and Second Sets of Requests for Production, dated May 11, 2022 and October 21, 2022, respectively (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the dis-covery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## GENERAL OBJECTIONS

1. SaveOnSP objects to each of these Requests to the extent that they seek the disclo-sure of the identities of plan participants or of health plans that have contracted with SaveOnSP, because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in documents it produces in response to these Requests.

## OBJECTIONS TO DEFINITIONS

2. SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors

2

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, and all persons or entities acting or purporting

to act on behalf or under the control of SaveOnSP.

3.     SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-

plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-

inition.

4.     SaveOnSP objects to the definition of "You" and "Your" to the same extent that it

objects to the definition of "SaveOnSP."

5.     SaveOn objects to the definition of "Drug List" to the extent that it objects to the

definition of the "SaveOnSP Program."

**OBJECTIONS TO INSTRUCTIONS**

6.     SaveOnSP objects to Instruction No. 14 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 18 in Plaintiff's Second Set of Requests for Production to the extent

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal

Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.     SaveOnSP objects to Instruction No. 16 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 20 in Plaintiff's Second Set of Requests for Production to the extent

that it asks SaveOnSP to produce Documents and Communications outside of its possession, cus-

tody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can

identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents

within its possession, custody, or control that it can identify after a reasonable search.

8.     SaveOnSP objects to Instruction No. 18 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 22 in Plaintiff's Second Set of Requests for Production to the extent

3

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal

Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

9.      SaveOnSP objects to the definition of the term "copay" as used in the Complaint.

SaveOnSP interprets the term "copay" to mean the portion of a drug's cost, as determined by the

plan, owed by the patient at point of sale.

10.     SaveOnSP uses the terms "Essential Health Benefits," "Janssen Drugs," and "Non-

Essential Health Benefits" as defined in SaveOnSP's First Request for Production of Documents

to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Documents sufficient to show SaveOnSP's organizational structure throughout the Time Period, including but not limited to organization charts.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 2:** Documents sufficient to identify the names and citizenship of all Save-OnSP LLC members, including the membership of any limited liability companies, limited partnerships, or partnerships that are members of SaveOnSP, either directly or indirectly (e.g., through membership of an LLC that is itself a member of SaveOnSP).

**RESPONSE:** SaveOnSP objects to this Request because the membership and citizenship

of SaveOnSP are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 3:** Documents sufficient to identify every person who has ever been enrolled in CarePath and the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program"

as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to

health plans.

SaveOnSP objects to producing the identities of plan participants because such information

is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

4

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks information beyond that sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath. The burden and expense of producing such information, including the identities of thousands of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath, outweighs the marginal relevance of the material requested. Save-OnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath.

**REQUEST NO. 4:** Documents sufficient to identify every health plan who has ever contracted with SaveOnSP or Express Scripts to participate in the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks the identities of every health plan advised by SaveOnSP. The burden and expense of producing all such information outweighs the marginal relevance of the material requested. Save-OnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 5:** All documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath.

**RESPONSE:** SaveOnSP objects to the phrase "persons … eligible to enroll in CarePath" as not describing the requested documents with reasonable particularity. SaveOnSP interprets that phrase to mean plan members who have been prescribed Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents concerning communications with persons who are not enrolled in plans advised by SaveOnSP, seeks documents concerning communications that do not relate to CarePath or to SaveOnSP's services, or seeks drafts of communications not shared with persons who are enrolled in plans advised by SaveOnSP, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and plan members who have been prescribed Janssen Drugs. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the content of SaveOnSP's communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

6

SaveOnSP will produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 6:** All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath, SaveOnSP's services, or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and JJHCS, and communications relating to such communications, beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such communications, identified during a reasonable search.

**REQUEST NO. 7:** All communications SaveOnSP has received from persons currently enrolled in CarePath, including patient complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services or the terms of plans advised by SaveOnSP, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications SaveOnSP has received from persons currently enrolled in CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting SaveOnSP's communications with plan participants beyond those sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP. SaveOnSP will also produce communications identified during a reasonable search that it has received from persons currently enrolled in CarePath concerning complaints or inquiries about SaveOnSP's services or the terms

of plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan par-

ticipants in such documents.

**REQUEST NO. 8:** All communications SaveOnSP has received from persons who (i) refused to enroll in the SaveOnSP Program; (ii) tried to opt out of enrollment in the SaveOnSP Program; or (iii) initially enrolled in the SaveOnSP Program, but later canceled their enrollment, as well as all documents regarding such patient communications.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no

"SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the ser-

vices that it provides to health plans.

SaveOnSP interprets this Request to seek communications regarding plan benefits offered

by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's

copay for a specialty drug if the plan member enrolls in a copay assistance program and consents

to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request to the extent that it seeks documents not related to Care-

Path or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent

that it seeks all communications that SaveOnSP has received from members of plans advised by

SaveOnSP who use any Janssen Drug who (i) refused to either enroll in CarePath or allow Save-

OnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either Care-

Path or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented

to monitoring of their pharmacy accounts but later either cancelled their enrollment in CarePath or

withdrew their consent to monitoring of their accounts beyond those identified during a reasonable

search. The burden and expense of producing all such documents outweighs the marginal rele-

vance of the material requested. SaveOnSP will not produce all such documents.

9

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce communications identified during a reasonable search that it has received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their accounts. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 9:** All documents and communications concerning the "Master Program Agreement, effective November 13, 2017" executed between Express Scripts and SaveOnSP, including any drafts thereof and amendments, schedules, exhibits, and appendices thereto, as well as all documents and communications concerning any predecessor or successor agreements between Express Scripts and SaveOnSP relating to similar subject matter as the Master Program Agreement.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the executed versions of the Master Program Agreement and similar agreements, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks documents other than the executed versions of the Master Program Agreement and similar agreements. The burden and expense of producing such documents outweighs any marginal relevance of the material requested. SaveOnSP will not produce such documents.

10

SaveOnSP will produce executed versions of the Master Program Agreement, similar agreements, and any amendments, schedules, exhibits, and appendices thereto.

**REQUEST NO. 10:** All documents and communications concerning the relationship between Express Scripts and SaveOnSP, including any payments remitted to SaveOnSP pursuant to the Master Program Agreement, or any other agreement, written or otherwise.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services at issue in this action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs any marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents concerning payments made between Express Scripts and SaveOnSP beyond those sufficient to show the amounts of those payments, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications identified during a reasonable search concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action. SaveOnSP will also produce documents sufficient to show payments made between Express Scripts and SaveOnSP.

**REQUEST NO. 11:** All documents and communications concerning the relationship between Accredo and SaveOnSP, including contracts, agreements, and memoranda of understanding of any kind.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the relationship between SaveOnSP and Accredo as it relates to

SaveOnSP's services at issue in this action, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications sufficient to show the relationship between SaveOnSP and Accredo as it relates to SaveOnSP's services at issue in this action.

**REQUEST NO. 12:** All documents concerning fees paid to or collected by SaveOnSP, not otherwise captured by other Requests.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning fees unrelated to Janssen Drugs, as those documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show relevant payments paid to or collected by SaveOnSP, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show all fees paid to or collected by SaveOnSP that relate to the services it provides to plans regarding Janssen Drugs.

**REQUEST NO. 13:** All documents and communications between Accredo and SaveOnSP concerning CarePath, including the terms and conditions of CarePath and the operation of the CarePath copay card.

**RESPONSE:** SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications between Accredo and SaveOnSP concerning CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents in response to this Request identified during a reasonable search.

**REQUEST NO. 14:** All marketing materials, including drafts, regarding the SaveOnSP Program provided to health insurance plan sponsors or any other person.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all marketing materials regarding SaveOnSP's services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of marketing materials identified during a reasonable search regarding the services that it provides to health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

13

**REQUEST NO. 15:** All recordings or transcripts of presentations or interviews concerning the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all recordings or transcripts of presentations or interviews concerning the services SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce recordings or transcripts of presentations regarding the services that it provides to health plans identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 16:** All documents and communications, including drafts, concerning SaveOnSP's marketing or promoting its services to health insurance plan sponsors, including without limitation to pharmaceutical health plan sponsors.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

14

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning SaveOnSP's marketing or promoting its services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 17:** Any agreements, including drafts, between SaveOnSP or Express Scripts on the one hand, and health insurance plan sponsors, on the other, regarding the SaveOnSP Program, and any communications relating thereto.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all agreements between SaveOnSP or Express Scripts and health insurance plan sponsors

15

regarding the services provided by SaveOnSP. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

Subject to the foregoing, SaveOnSP will produce documents sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 18:** All documents and communications concerning SaveOnSP's evaluation of Janssen therapies, including but not limited to the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request because SaveOnSP does not evaluate Janssen therapies and does not designate or de-designate Janssen therapies as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications concerning advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

16

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting its advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 19:** All documents and communications concerning SaveOnSP's inclusion or exclusion of specific drugs as essential health benefits pursuant to the Affordable Care Act, including the criteria for inclusion and exclusion.

**RESPONSE:** SaveOnSP objects to this Request because SaveOnSP is not a health plan that can include or exclude drugs as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans regarding the plans' treatment of Janssen

Drugs as Essential or Non-Essential Health Benefits, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 20:** All documents and communications concerning the definition of "Essential Health Benefits" as that term is used in the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request because the definition of "Essential Health Benefits" under the Affordable Care Act is publicly available information.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

18

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 21:** All documents and communications concerning which state benchmark to use for the designation of specific drugs as essential health benefits.

**RESPONSE:** SaveOnSP objects to the phrase "concerning which state benchmark to use for the designation of specific drugs as essential health benefits." SaveOnSP does not determine which state benchmarks are selected by health plans.

SaveOnSP interprets this Request as seeking documents and communications concerning the advice that SaveOn provides to health plans regarding the treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 22:** All documents and communications concerning SaveOnSP's compliance with the Affordable Care Act, including but not limited to documents and communications concerning legal "gray area" surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning SaveOnSP's compliance with the Affordable Care Act, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP is not subject to the Affordable Care Act except as the sponsor of its own health plan. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to the phrase "legal 'gray area' surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act." The "gray area" discussed in the presentation that JJHCS cites in its Complaint ¶ 72 refers to the use of copay assistance by patients on health savings account plans; it does not refer to whether drugs can be treated as Essential Health Benefits or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding the use of copay assistance by patients on health savings account plans, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans concerning compliance with the Affordable Care Act beyond those identified through a reasonable search.

21

The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting the advice that it provides to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 23:** All documents and communications relating to CarePath, including documents and communications concerning (i) drugs for which CarePath assistance is available; (ii) the amount of CarePath copay assistance available for Janssen therapies; (iii) the terms and conditions of CarePath; and (iv) and corresponding or resulting changes to the SaveOnSP Program based on the "most lucrative copay assistance programs."

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the phrase "corresponding or resulting changes to the SaveOnSP Program based on the 'most lucrative copay assistance programs'" does not describe the requested documents with reasonable particularity.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to CarePath beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications relating to CarePath identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 24:** All documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's offer of $0 co-payments to patients." SaveOnSP does not offer $0 co-payments to patients.

SaveOnSP interprets this Request to seek all documents concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents concerning such plan benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents concerning such plan benefits identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 25:** All documents concerning SaveOnSP call center locations, training materials, and call scripts used in communications regarding the SaveOnSP program with patients.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents regarding the locations of SaveOnSP's call centers beyond those sufficient to show those locations, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the locations of its call centers and will produce training materials and scripts used by SaveOnSP's call center employees regarding the services SaveOnSP offers to health plans.

**REQUEST NO. 26:** All documents concerning actuarial, adherence trends, or other analyses performed by SaveOnSP on patient adherence to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 27:** All documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients, enrolled, or not enrolled in SaveOnSP, based on the exhaustion of manufacturer copay assistance funds.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as described in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

24

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 28:** All documents and communications concerning "the inflated co-pay," or increase to, SaveOnSP patients' copay or out-of-pocket obligations.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP patients." SaveOnSP does not have patients. SaveOnSP interprets this phrase to refer to members of plans advised by SaveOnSP who are enrolled in CarePath.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding copays for drugs other than Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 29:** All documents and communications indicating the total amount Save-OnSP has collected from patients who had already satisfied their out-of-pocket maximum, prior to enrolling in SaveOnSP.

**RESPONSE:** SaveOnSP objects to the phrase "the total amount SaveOnSP has collected from patients." SaveOnSP does not collect amounts from patients.

SaveOnSP objects to the phrase "enrolling in SaveOnSP." Patients do not enroll in Save-OnSP.

SaveOnSP objects to this Request as not describing the documents sought with reasonable particularity.

SaveOn will not produce documents in response to this Request.

**REQUEST NO. 30:** All documents reflecting communications with pharmacies regarding the ████████████████████████████████████████████████████

**RESPONSE:** SaveOnSP objects to the phrase ███████████████████████ as it does not accurately describe pharmacies' communications with patients.

SaveOnSP interprets this Request as seeking all documents reflecting communications with pharmacies regarding the warm transfer of plan members to SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting communications with pharmacies about drugs other than Janssen Drugs, as those communications are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents reflecting its communications with pharmacies regarding the warm transfer of members using Janssen Drugs to SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

26

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting its communications with pharmacies regarding communications with members using Janssen Drugs regarding the warm transfer of members to SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 31:** All documents concerning or discussing the amount of "savings" generated and commissions earned by SaveOnSP relating to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the annual savings generated by SaveOnSP for its clients relating to Janssen Drugs and the annual fees earned by SaveOnSP relating to Janssen Drugs, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show the annual savings on Janssen Drugs generated by SaveOnSP for its clients and the annual fees earned by SaveOnSP relating to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

27

**REQUEST NO. 32:** All documents and communications concerning SaveOnSP's methods to maintain or increase "savings" to health plan sponsors through manufacturer copay assistance programs.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's methods to maintain or increase 'savings' to health plan sponsors through manufacturer copay assistance programs" as not describing the documents sought with reasonable particularity.

SaveOnSP interprets this Request as seeking all documents and communications concerning savings for plans advised by SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks information regarding savings not related to Janssen Drugs, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding savings for plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search regarding savings for plans advised by SaveOnSP related to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

28

**REQUEST NO. 33:** All documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including without limitation from patients, patient advocacy groups, health plan sponsors, governmental agencies, Express Scripts and Accredo.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks communications not related to Janssen Drugs and SaveOnSP's conduct at issue in this action, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks all documents reflecting SaveOn's standard communications with plan members beyond those sufficient to show its standard, scripted communications with plan members, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, or business model related to Janssen Drugs and SaveOnSP's conduct at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search that it has received reflecting complaints, concerns, or inquiries about its services related to Janssen Drugs and its conduct at issue in this Action. SaveOnSP will anonymize references to the

29

identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 34:** All documents and communications concerning SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance." SaveOnSP does not provide "coverage for drugs" to patients.

SaveOnSP interprets this Request as seeking all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance.

SaveOnSP objects to this Request to the extent that it seeks information related to health plans' coverage of drugs other than Janssen Drugs, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

30

SaveOnSP will produce documents and communications identified during a reasonable search concerning the coverage provided by plans advised by SaveOnSP for Janssen Drugs once CarePath funds have been exhausted. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 35:** All documents, including drafts, and communications concerning the preparation of, and posting of the SaveOnSP IPBC Video presentation as discussed in the Complaint, including who prepared the presentation, to whom the presentation was given, how many times the presentation was given, by whom, and over what period of time.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final SaveOnSP IPBC Video presentation, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the final SaveOnSP IPBC Video presentation because that video is publicly available.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 36:** Annual Program Summary documents outlining the terms of the SaveOnSP program for each participating health plan, including: (i) patient copay/coinsurance requirements for each drug included in the program; (ii) the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs; (iii) patient copay/coinsurance requirements after a manufacturer's copay assistance has reached its maximum contribution for the year; (iv) patient deductible requirements; (v) patient out-of-pocket maximum limits and what patient payments are accounted for in determining whether a patient has reached their out- of-pocket maximum; (vi) any other payment obligations for the patient.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the term "Annual Program Summary documents" is undefined. SaveOnSP interprets this term to refer to annual health plan Summary Plan

Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials that reflect the advice that SaveOnSP provides to health plans. SaveOnSP does not collect or maintain these documents in the ordinary course of its business

SaveOnSP objects to the phrase "the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs." SaveOnSP is not a health plan and does not cover patient costs. SaveOnSP interprets this Request to seek Summary Plan Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring their pharmacy account on behalf of the plan.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP is not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control. If SaveOnSP becomes aware of any such documents in its possession, custody, or control, SaveOnSP will produce those documents. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 37:** Any contracts between SaveOnSP and participating health plans related to drug pricing, and factors affecting plan or plan member payments to pharmacies or PBMs for drugs included in the SaveOnSP program(s).

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the term "drugs included in the SaveOnSP program" as undefined. SaveOnSP interprets this term as meaning Janssen Drugs.

SaveOnSP objects to the term "factors affecting plan or plan member payments to pharmacies or PBMs" for Janssen Drugs as not describing the documents sought with reasonable particularity.

SaveOnSP objects to this Request to the extent that it seeks documents relating to contracts between SaveOnSP and health plans regarding drug pricing. SaveOnSP does not contract with health plans regarding drug pricing.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 38:** All documents, including drafts and communications, concerning SaveOnSP's terms and negotiations with health plans and/or pharmacy benefit managers related to their maximizer programs.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

33

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 39:** All documents, including drafts, and communications concerning SaveOnSP's terms and negotiations with pharmacies related to their maximizer program.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 40:** All documents and communications providing information regarding how SaveOnSP patients can be identified in the transaction/claims data.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP patients." SaveOnSP does not have patients.

SaveOnSP objects to the term "transaction/claims data" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 41:** Data covering the period January 1, 2016 through the present on all manufacturer copay assistance provided to either a pharmacy, PBM, or SaveOnSP for prescriptions filled by SaveOnSP member patients, including: (i) manufacturer; (ii) brand name; (iii) National Drug Code ("NOC"); (iv) recipient of manufacturer assistance; (v) patient identifier; (vi)

pharmacy for relevant drug fill; (vii) pharmacy address; (viii) prescription number; (ix) prescription fill date; (x) number of units; (xi) days of supply; (xii) unit of measure; (xiii) copay or coinsurance amount; (xiv) coupon amount; and (xv) information on how these payments can be linked to the transaction/claims data.

**RESPONSE:**  SaveOnSP objects to the phrase "manufacturer copay assistance provided to … SaveOnSP." SaveOnSP does not receive manufacturer copay assistance.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

**REQUEST NO. 42:**  Electronic prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients who at any point during that time frame participated or did not participate in the SaveOnSP program, including:

- Information on parties to the prescription transaction, including: (i) pharmacy name; (ii) pharmacy address; (iii) patient identification; (iv) patient state of residence; (v) identifier for whether patient is on a SaveOnSP program; (vi) insurance/health plan name; (vii) insurance/health plan ID; (viii) type of insurance (e.g., commercial, Medicare, Medicaid); (ix) insurance/health plan member ID; (x) insurance/health plan BIN number; (xi) insurance/health plan PCN number; (xii) insurance/health plan group name; and (xiii) insurance/health plan group number.

- Drug information for the prescription transaction, including: (i) product description (i.e., brand name); (ii) NDC; (iii) product form; (iv) product strength; (v) number of units; (vi) days of supply; (vii) units returned or otherwise affected by the transaction; (viii) unit of measure; (ix) date of prescription fill; (x) information sufficient to identify the type of transaction (e.g., a sale, a return, a discount, etc.); and (xi) any discounts, rebates, or other price adjustments or offsets.

35

- Payment information for the prescription transaction, including: (i) total amount paid to the pharmacy for the prescription; (ii) patient copayment; (iii) patient coinsurance payment; (iv) patient deductible payment; (v) copay coupon/manufacturer assistance amount applied to the prescription cost; (vi) voucher amount; (vii) bridge benefit payment; (viii) net consumer payment after subtracting co-pay, coinsurance, deductible, coupon, voucher, bridge benefit, and other assistance; (ix) insurance/health plan cost submitted; and (x) insurance/health plan amount paid to pharmacy.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients. The burden and expense of producing all such data outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such data.

SaveOnSP objects to producing the identities of plan participants or health plans which have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

**REQUEST NO. 43:** All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

**RESPONSE:** SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. JJHCS does not define "accumulator adjustment programs" and does not identify the statutes or regulations that it believes ban or limit such programs.

SaveOnSP objects to this Request to the extent that it seeks documents relating to how statutes or regulations apply to SaveOnSP, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 44:** All documents and communications relating to Drug Lists featuring Janssen medications.

**RESPONSE:** SaveOnSP interprets the phrase "Janssen medications" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to Drug Lists featuring Janssen Drugs beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOn will produce Drug Lists featuring Janssen medications and documents and communications reflecting advice from SaveOnSP to health plans concerning such Drug Lists identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 45:** All documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

**RESPONSE:** SaveOnSP objects to the phrases "accumulator programs" and "maximizer programs" as undefined.

SaveOnSP objects to this Request to the extent that it seeks documents other than publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to the services SaveOnSP provides to health plans, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP will produce publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to relating to the services SaveOnSP provides to health plans.

**REQUEST NO. 46:** All documents and communications relating to SaveOnSP's assessment of copayments for Plan Members taking Janssen medication where (i) the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling in the SaveOnSP Program and (ii) the Plan Member subsequently switches to insurance coverage under a new Payor that does not participate in the SaveOnSP Program before the year ends.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

38

SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent it seeks all documents responsive to the Request beyond those identified by a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 47:** The SaveOnSP website (https://saveonsp.com) as it existed both before and after the changes made by SaveOnSP in or about September 2022.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 48:** All documents and communications relating to, including the reasons for, the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes.

**REQUEST NO. 49:** All documents and communications relating to why the Frequently Asked Question "How will our plan see savings generated?" and its corresponding answer referencing "classifying certain specialty drugs as Non-Essential Health Benefits (NEBMs)" was removed from the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022 and the reasons for that removal, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022.

**REQUEST NO. 50:** Documents and communications sufficient to identify the individuals involved in making the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022, and their respective roles in making those changes.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 51:** All documents and communications relating to steps taken by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

**RESPONSE:** SaveOnSP objects to the phrase "submission of false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member." SaveOnSP is not aware of any false prescription claims charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show how SaveOnSP determines the CarePath funds available to members of plans that it advises, as they are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

40

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show how SaveOnSP determines the Care-Path funds available to members of plans that it advises.

**REQUEST NO. 52:** Documents sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses.

**RESPONSE:** SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.


Dated:  November 23, 2022                By:  /s/ Andrew R. Dunlap
                                              David Elsberg
                                              Andrew R. Dunlap
                                              Meredith Nelson
                                              SELENDY GAY ELSBERG, PLLC
                                              1290 Avenue of the Americas
                                              New York, NY 10104
                                              212-390-9000
                                              deslberg@selendygay.com
                                              adunlap@selendygay.com
                                              mnelson@selendygay.com

                                              E. Evans Wohlforth, Jr.
                                              GIBBONS P.C.
                                              One Gateway Center
                                              Newark, NJ 07102-5310
                                              973-596-4500
                                              ewohlforth@gibbonslaw.com

                                              *Attorneys for Defendant Save On SP, LLC*