

www.pbwt.com

March 19, 2024

George LoBiondo
Partner
(212) 336-2008
globiondo@pbwt.com

**Via Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

      Re:    Motion to Compel Documents Responsive to JJHCS's Document Request Nos. 99, 102, and 103
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we submit this letter in further support of JJHCS's motion to compel SaveOnSP to produce documents responsive to JJHCS's Requests for Production Nos. 99, 102, and 103 (the "Requests").

**SaveOnSP Should Not Be Excused From Producing More Documents.**

SaveOnSP's opposition is remarkably candid: SaveOnSP feels that it has produced "enough" documents and should not have to produce any more. Opp. at 2. Indeed, SaveOnSP devotes much of its brief to complaining, as it has done in the past, that SaveOnSP has produced more documents than JJHCS has. This attempt at misdirection should fail for two reasons. *First*, as a general matter, there is nothing surprising or unfair about the fact that SaveOnSP has more to produce in this case than JJHCS. This is a lawsuit alleging misconduct by SaveOnSP, and it is SaveOnSP that necessarily possesses almost all of the documents about that misconduct. It is quite obvious that the proponent of a scheme of misappropriation will have many more documents relevant to that scheme than the victim, JJHCS, who knew very little about it.

Patterson Belknap Webb & Tyler LLP     1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Honorable Freda L. Wolfson, U.S.D.J.
March 19, 2024
Page 2

*Second*, the mere fact that SaveOnSP has produced documents in response to *other* requests does not mean that it can simply ignore *these* requests, which relate to two new developments in SaveOnSP's ever-shifting scheme: (i) a specific change in its marketing materials, made to avoid ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it is ripping off (Request No. 103); and (ii) new SaveOnSP modifications to its program that potentially result in significant financial harm to patients in high deductible health plans (Request Nos. 99 and 102). *See* JJHCS Opening Br. at 3–6.

### SaveOnSP Effectively Concedes Relevance.

Equally revealing as SaveOnSP's "no more documents" argument is what it does *not* say: it does not argue that the 5,600 documents at issue are irrelevant.[1] Nor could it. As JJHCS has explained, these documents will shed light on SaveOnSP's recent efforts to mislead patients and to further its ongoing tortious interference with JJHCS's contracts, and to prevent JJHCS from detecting and stopping the same. They also call for documents regarding SaveOnSP's new "Adapt" offering— a program that, according to JJHCS's investigation to date, may harm patients on high deductible health plans in violation of GBL § 349 by vastly increasing their required out-of-pocket healthcare expenditures. JJHCS also seeks documents related to other ways, beyond the "Adapt" program, in which SaveOnSP may have violated GBL § 349 by increasing patient out-of-pocket costs. JJHCS laid out its concerns about these new developments at length in its opening brief. *See* JJHCS Opening Br. at 3–6. SaveOnSP did not deny or dispute any of them in its opposition—another telling omission.

---

[1] The closest SaveOnSP comes is a single sentence in which it contends that JJHCS's "proposed new terms would likely pick up only irrelevant documents." Opp. at 5. But SaveOnSP points to no reason why this would be the case, and so its bald conjecture should be disregarded. *See Joyce v. Colter Energy Services USA, Inc.*, 2024 WL 326664, at *2 (W.D. Pa. Jan. 29, 2024) ("Courts have generally look[ed] disapprovingly on responses stating that an inquiry [is] . . . irrelevant unless the party adequately has explained its reasoning for that designation." (quotation marks omitted)).

Honorable Freda L. Wolfson, U.S.D.J.
March 19, 2024
Page 3

### **Reviewing 5,600 Documents Is Not Unduly Burdensome.**

SaveOnSP cannot meet its "heavy burden" of arguing against the limited production JJHCS seeks. *E.g.*, *Campbell v. Sedgwick, Detert, Moran & Arnold*, 2012 WL 12898345, at *3 (D.N.J. Oct. 9, 2012) (Waldor, J.) (A "non-moving party bears a heavy burden when arguing against production" on undue burden grounds, and "[u]nsupported claims of undue burden are insufficient when the requests are otherwise relevant and limited"). Indeed, the number of documents at issue is so low that SaveOnSP has almost certainly expended more resources resisting their production than it would have taken to simply review and produce them. This strongly suggests that SaveOnSP's burden argument is pretextual—SaveOnSP simply does not want to produce these damaging documents.

SaveOnSP's arguments on burden are all meritless. JJHCS addressed above SaveOnSP's main argument that looking for ***any*** more documents would be unduly burdensome. SaveOnSP next claims that the documents sought are likely to be "cumulative" or "duplicative." Opp. at 4–5. But these claims ignore the simple fact that the proposed search terms identified 5,600 documents that have ***not*** been produced and were ***not*** covered by previously agreed-upon search terms. That gap is precisely why JJHCS has served these Requests: after a thorough examination of the documents SaveOnSP produced, JJHCS identified grounds for further investigation of these new developments, and realized that SaveOnSP's prior productions did not contain the necessary documents. So JJHCS served the Requests and proposed associated search terms that yielded fewer than 5,600 previously undisclosed documents. They are necessarily not cumulative or duplicative, since they were not identified by prior requests, and JJHCS is entitled to them. Likewise, SaveOnSP appears to argue that even though it is refusing to run the requested searches, that refusal should be excused because SaveOnSP may have produced stray documents on these new developments by happenstance. *See*

Honorable Freda L. Wolfson, U.S.D.J.
March 19, 2024
Page 4

Opp. at 4–5.  That is no substitute for actually searching for and producing responsive materials—especially given the very low volume at issue, only 5,600 documents.

Finally, SaveOnSP cites three cases in which courts declined motions to compel, and points to the number of pages produced by the non-movant in each.  *See id.* at 5–6.  Even if one accepts the premise that this is a useful metric, these cases do not help SaveOnSP.  In one of them, the non-movant in question had produced many millions of pages more than SaveOnSP has here.  *Compare id.* at 3 (SaveOnSP has produced 1.1 million pages), *with, e.g.*, *id.* at 5 (noting that Merck produced 24 million pages in the cited case).  In another, the non-movant had already produced 2.2 million pages (twice SaveOnSP's production) ***and*** the movant now sought "nearly unbounded discovery" on issues of "marginal relevance"—neither of which is true here, where JJHCS is seeking a very small production on highly relevant issues.  *Boehringer Ingelheim Pharma GMBH & Co. KG v. Teva Pharma.*, 2016 WL 11220848, at *4 (D.N.J. Aug. 5, 2016).  And in the third, the non-movant had "produced 56,030 pages."  Opp. at 5.  Yet SaveOnSP clearly does not believe that such a low limit is appropriate here, since that number is barely a quarter of what **JJHCS** has produced, and SaveOnSP has repeatedly argued to Your Honor that JJHCS should be compelled to do far more.

Regardless, this motion should not be resolved by counting pages.  It should be resolved by deciding whether the 5,600 requested documents are relevant (they are), and whether producing them would unduly burden SaveOnSP (it would not).  Accordingly, we ask that Your Honor grant JJHCS's motion and compel SaveOnSP to produce all documents responsive to the Requests.

                                      Respectfully submitted,

                                       */s/ George LoBiondo*
                                      George LoBiondo

cc:  All counsel of record