

www.pbwt.com

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

March 13, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

<u>Via Email</u>

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re: **Motion to Compel Documents
> Responsive to Requests for Production Nos. 95 and 96**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> Civil Action No. 22-2632 (JKS) (CLW)

Dear Special Master Wolfson:

On behalf of JJHCS, we move to compel SaveOnSP to produce certain documents responsive to JJHCS's Requests for Production Nos. 95 and 96 (the "Requests"). The Requests seek documents about measures SaveOnSP has taken, under the pretext of enforcing confidentiality policies, to prevent its current and former employees from speaking publicly about SaveOnSP's misconduct.[1] SaveOnSP does not deny that it has taken steps to silence these

---

[1]    Request No. 95 calls for "[a]ny Documents or Communications concerning Your Employee confidentiality obligations, including ███████████████████████ ████████████████████████████████ referenced in your Response to JJHCS's Interrogatory No. 18, as well as any other written policies, manuals, or trainings concerning Your Employees' confidentiality obligations." Ex. 1, Plaintiff's Ninth Set of Requests for Production at 5.

Request No. 96 calls for "[a]ny Communications with Your Employees relating to compliance with or attestation to Your Employee confidentiality policies or other confidentiality obligations." Ex. 1, Plaintiff's Ninth Set of Requests for Production at 5.

---

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 2

individuals, or that the requested documents exist. Yet it refuses to produce or even search for them, on the grounds that they are irrelevant and that merely searching for them would be unduly burdensome. Nothing could be further from the truth: the measures that SaveOnSP took to prevent whistleblowers from telling the public about the harm that SaveOnSP causes are relevant to demonstrating SaveOnSP's wrongdoing; and SaveOnSP is well-aware of the employees it has deployed these tactics against. This Court should order SaveOnSP to identify and produce documents that are responsive to the Requests as narrowed by JJHCS in the manner detailed below.

## *Background*

As Your Honor knows, JJHCS alleges that the SaveOnSP program causes grave harm to patients and JJHCS alike. Among other things, SaveOnSP makes patient healthcare needs more expensive, causes undue stress and confusion to patients, and misleads patients about the SaveOnSP program. Compl. ¶ 114. JJHCS also alleges that SaveOnSP wrongfully induces patients to violate the terms and conditions of JJHCS's patient assistance programs ("CarePath"). *Id.* ¶ 109. ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████ *See id.* ¶ 113; Ex. 2, SOSP_0399401.[2]

Many SaveOnSP employees have detailed knowledge about the scheme because they carry it out. For example, ███████████████████████████████████████

---

[2] Consistent with this ██████ strategy, many SaveOnSP personnel—even its most senior executives—omit all mention of SaveOnSP in their LinkedIn profiles, despite listing other employment history. *See, e.g.*, Ex. 3 (Jody Miller omitting his role as SaveOnSP President); Ex. 4 (Claudia Dunbar omitting her role as SaveOnSP Managing Partner); Ex. 5 (Florencio Calderon omitting his employment at SaveOnSP).

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 3



*See, e.g.*, Ex. 6, SOSP_0521205,
(███████████████ ████████████████████████████████████; Ex. 7,
SOSP_0297353 at p. 37 ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████); Ex. 8,
SOSP_0307960 (███████████████████████████████

████████████████████████ (emphasis in original)); Ex. 9,
SOSP_0423114 (███████████████████████████████

████████████████████).[3]

     Because these call representatives talk to patients every day, they also have highly relevant

evidence of the harm that the SaveOnSP program inflicts upon those patients. *See, e.g.*, Ex. 11,

SOSP_0687272 (██████████████████████████████████

████████████████); Ex. 12, SOSP_0857976 (█████████████

██████████████████████████████████████████████).

But after JJHCS brought this action, SaveOnSP took steps to prevent evidence of this harm from

being generated or emerging. This includes measures not at issue on this motion, which are

---

[3]    These deceptive tactics are just one part of SaveOnSP's systematic strategy of lying to
manufacturers to advance its scheme of misappropriating copay assistance funds without
detection. *See generally* JJHCS's March 12, 2024 Motion to Compel Interrogatory Responses at
3 (████████████████████████████████████████████
████████████████████████████████████).

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 4

nonetheless illustrative of SaveOnSP's intentions. For example, 

. *See* Ex. 13, SOSP_1052472. if produced in discovery,

would have allowed JJHCS to identify patients injured by SaveOnSP.

Relevant to this motion, JJHCS also believes that SaveOnSP took active measures to

prevent its current ***or former*** employees from communicating with JJHCS or others about

SaveOnSP's misconduct. JJHCS served an Interrogatory to assess this issue, asking SaveOnSP to

describe, in as much detail as possible, all measures that it has "utilized to prevent . . . current or

former employees from communicating with JJHCS or others with regard to SaveOnSP's conduct

at issue in this lawsuit." *See* Ex. 14, Plaintiff's Aug. 18, 2023 Third Set of Interrogatories at 5. In

response, 

*See* Ex. 15, SaveOnSP's Sept. 18, 2023 Responses and Objections to Plaintiff's Third Set of

Interrogatories at 7. . *Id.*

Based on SaveOnSP's response, JJHCS served Request Nos. 95 and 96 (the Requests that

are the subject of this motion) to learn more about SaveOnSP's efforts to use its confidentiality

policies in this way. Request No. 95 sought all documents and communications concerning

employee confidentiality obligations. *See* Ex. 1 at 5. This request sought not just the

confidentiality policies themselves, but also internal SaveOnSP communications about, e.g., how

to exploit those policies to muzzle whistleblowers. Similarly, Request No. 96 sought all

documents and communications relating to compliance with or attestation to SaveOnSP's

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 5

confidentiality obligations. *See id.* With this latter request, JJHCS sought to capture documents related to all specific SaveOnSP employees whom SaveOnSP may have threatened to fire or sue if they told the truth about SaveOnSP's scheme.

While SaveOnSP has produced the two confidentiality policies themselves, it has withheld all of the relevant communications regarding them. For example, it produced no communications regarding the revisions it has made to the policies, including its addition of new obligations—in an apparent effort to control the stop the flow of information—such as ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Ex. 16, SOSP_1034711.

JJHCS is willing to narrow the Requests substantially. We now ask Your Honor to compel SaveOnSP to produce only (1) communications regarding the reasons, goals, or motivations for the confidentiality policies or other confidentiality obligations; (2) communications relating to any contemplated or actual effort by SaveOnSP to discipline, fire, or sue any person it suspected of violating his or her supposed confidentiality obligations; and (3) communications regarding or with any employee who had refused or failed in a timely manner to sign the confidentiality policies or other confidentiality obligations.

### *Argument*

**I.      The Requested Documents Are Relevant Because They Reflect SaveOnSP's Efforts to Suppress the Truth About the SaveOnSP Program**

The relevance of SaveOnSP's confidentiality policies and related documents and communications is conceded by the reference to them in SaveOnSP's own response to JJHCS's

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 6

Interrogatory.  JJHCS specifically asked SaveOnSP to identify measures it has "utilized to prevent . . . current or former employees" from communicating about SaveOnSP's misconduct. SaveOnSP identified its confidentiality policies as the responsive measure it had deployed.  This response concedes that SaveOnSP has wielded these policies to prevent its employees from communicating with JJHCS about highly relevant facts.  JJHCS is entitled to take discovery into this issue.

SaveOnSP's production of the two identified confidentiality policies, standing alone, is insufficient.  The policies by themselves do not allow JJHCS to evaluate their intended purposes or the manner in which they were or are enforced.  For example, if a SaveOnSP executive sent an email stating that "We are implementing these so-called confidentiality policies with the real goal of preventing JJHCS or the Court from learning the truth by talking to our employees," then SaveOnSP would withhold that document under its current posture.  Recall also SaveOnSP's admission that ███████████████████████████████████████████████████. JJHCS is entitled to understand the parameters of SaveOnSP's effort to prohibit or discourage its employees from publicly discussing the claims at issue in this litigation, including disclosing the harm that SaveOnSP's program and operations have caused to JJHCS and patients.

Similarly, if SaveOnSP executives had discussions about an employee who they feared was in contact with JJHCS, or would testify about their wrongdoing, and schemed to force and intimidate that employee into silence using these so-called confidentialities policies, those documents would also not be produced absent the granting of this motion.  But such documents are squarely relevant and responsive.  Therefore, SaveOnSP must produce relevant documents regarding these policies, including internal communications.

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 7

## II.      SaveOnSP Has Failed to Substantiate Its Burden Objection

SaveOnSP has also objected to producing the documents based on purported burden.  But SaveOnSP has refused to perform a reasonable investigation about the existence and location of responsive documents based on information solely within its possession.  *See* Ex. 18, Feb. 23, 2024 Email from M. Nussbaum to S. Arrow ("We also decline to conduct an investigation into the identities of individuals who did not sign SaveOn's confidentiality policies or against whom SaveOn enforced those policies, as the subject matter is irrelevant and conducting the investigation would be unduly burdensome.").  JJHCS is not aware of, and SaveOnSP does not point to, any authority for the proposition that simply investigating basic facts relating to document requests is itself unduly burdensome.  To be sure, it will be damaging to SaveOnSP if the facts about its suppression of whistleblower evidence come to light.  But that is not a legitimate "burden" in discovery, or a basis to stonewall valid, relevant requests.

SaveOnSP will likely argue that JJHCS's proposed search terms have returned many hits.  But it is not surprising that the application of traditional search terms—crafted by JJHCS without any information as to the parameters of SaveOnSP's conduct—would yield a high volume of potentially responsive documents.  JJHCS has certainly endeavored to facilitate this process.  Indeed, in an effort to identify a reasonable universe of documents for review, JJHCS repeatedly proposed search terms to SaveOnSP that it believed would capture a narrow universe of relevant documents for review.  *See* Ex. 17, App'x A to Feb. 1, 2024 Ltr. from S. Arrow to M. Nussbaum; Ex. 19, App'x A to Feb. 12, 2024 Ltr. from S. Arrow to M. Nussbaum.

But without knowing who discussed, drafted, or implemented the confidentiality policies, what they discussed in relation to this lawsuit, the circumstances surrounding those discussions,

Honorable Freda L. Wolfson, U.S.D.J.
March 13, 2024
Page 8

or the employees they targeted, JJHCS was handicapped in its ability to craft targeted search terms. That is why JJHCS requested that SaveOnSP conduct a reasonable investigation to determine the communications and identities of individuals about which there may be relevant documents. This is hardly challenging: SaveOnSP is a small company, and if its senior executives recently talked about using these policies to try and prevent employees from talking about SaveOnSP misconduct, then those executives will know where those documents exist and who those employees are.

SaveOnSP, however, steadfastly refused to ask its own client about responsive documents. This is untenable. SaveOnSP cannot simply disengage from the discovery process and obstruct JJHCS's efforts to obtain relevant documents—particularly given that it itself has put the documents at issue through its own Interrogatory response.

For the foregoing reasons, we ask Your Honor to compel SaveOnSP to reasonably investigate all documents potentially responsive to Request Nos. 95 and 96 and produce (1) communications regarding the reasons, goals, or motivations for the confidentiality policies or other confidentiality obligations; (2) communications relating to any contemplated or actual effort by SaveOnSP to discipline, fire, or sue any person it suspected of violating his or her supposed confidentiality obligations; and (3) communications regarding or with any employee who had refused or failed in a timely manner to sign the confidentiality policies or other confidentiality obligations. We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc: All counsel of record

14929833

# EXHIBIT 1

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  22-2632 (JMV) (CLW) |
| vs. | : | |
| SAVE ON SP, LLC, | : | |
| Defendant. | : | |

## PLAINTIFF'S NINTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") makes the following requests for production of documents to Defendant Save On SP, LLC ("SaveOnSP"):

## DEFINITIONS AND INSTRUCTIONS

1.     "Action" means the above-captioned matter, *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States District Court for the District of New Jersey.

2.      "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

3.      "Employee" means any person currently or formerly employed by SaveOnSP.

4.      "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

5.      "You" and "Your" mean "SaveOnSP" as defined above.

6.      The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure.  The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, call notes, voice mail, video or audio recordings, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

7.      "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

8.      The term "including" means including, but not limited to.

9.    The terms "relating to," "relate to," "relates to," "related to," "relating to," "referring to," and "concerning" mean relating to, referring to, describing, referencing, reflecting, concerning, considering, evidencing, constituting, discussing, supporting, identifying, pertaining to, containing, embodying, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewing in conjunction with, setting forth, contradicting, refuting, supporting, recommending, or in any way logically or factually connected with the matter discussed, in whole or in part.

10.    If You believe that production of documents or things is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Provide responsive documents or things to all parts of the Request to which You do not object.  Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

11.    If You withhold information on the grounds of privilege (including work product immunity), You must identify the nature of the privilege that is being claimed in accordance with any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any protocols when You are ready to produce a privilege log, JJHCS will provide supplemental instructions detailing the privilege log requirements.

12.    If You cannot produce responsive documents or things to any of these Requests in full, produce documents or things to the extent possible, specifying the reasons for Your inability to produce documents or things in full and provide responsive documents or things to the remainder.

13.     In producing documents or things responsive to these Requests, furnish all information that is available to You, including documents or things in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

14.     If a responsive document or thing was, but no longer is, within Your possession, custody, or control, please state in detail:

      a.     the type of document or thing and the author(s), sender(s), recipient(s) and copy(ies) of the document or thing;

      b.     a summary of the contents of the document or thing;

      c.     what disposition was made of such document or thing;

      d.     the date of such disposition;

      e.     whether the original or a copy thereof is within the possession, custody or control of any other person; and

      f.     if the answer to (e) is affirmative, the identity of such person.

15.     All documents and data and all electronically stored information should be produced in the manner required by any agreed-upon or court-ordered protocols.  In the event the Court has not timely approved any protocols when You are ready to produce documents, JJHCS will provide supplemental instructions detailing the production requirements.

16.     Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, any objection in whole or in part to a Request must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a request must specify the part and permit inspection of the rest.

17.     These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

18.     To extent a term is not defined herein, apply the definition for such term used in the Complaint.

4

19.     The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

20.     Unless otherwise specified herein or agreed to by the parties, the time period for each request is April 1, 2016 through the present (the "Time Period").

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**Request No. 95.**     Any Documents or Communications concerning Your Employee confidentiality obligations, including SaveOnSP's Data Privacy and Security Policy and SaveOnSP's Updated Confidentiality and Nondisclosure Policy referenced in your Response to JJHCS's Interrogatory No. 18, as well as any other written policies, manuals, or trainings concerning Your Employees' confidentiality obligations.

**Request No. 96.**     Any Communications with Your Employees relating to compliance with or attestation to Your Employee confidentiality policies or other confidentiality obligations.

**Request No. 97.**     From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than JJHCS, including in response to subpoenas served in this action.

Dated:  October 18, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     s/ Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

5

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# EXHIBIT 2

# SEALED IN ITS ENTIRETY

# EXHIBIT 3

Page Vault

| | |
|---|---|
| Document title: | Jody L. Miller \| LinkedIn |
| Capture URL: | https://www.linkedin.com/in/jody-l-miller-1a1511a/ |
| Page loaded at (UTC): | Fri, 08 Mar 2024 15:41:44 GMT |
| Capture timestamp (UTC): | Fri, 08 Mar 2024 15:42:17 GMT |
| Capture tool: | 10.44.1 |
| Collection server IP: | 54.145.42.72 |
| Browser engine: | Mozilla/5.0 (X11; Linux x86_64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/120.0.6099.276 Safari/537.36 |
| Operating system: | Linux (Node 18.18.2) |
| Capture ID: | abTiDLjz6mvW4NjfqNWcks |



# Jody L. Miller · 3rd

President, Ambulatory and Specialty Pharmacy

East Aurora, New York, United States · Contact info

500+ connections



Connect if you know each other   👤 Connect

🏢 4Front Consulting Group, Inc

🎓 Canisius University

## Activity

929 followers

**Jody L. hasn't posted yet**

Recent posts Jody L. shares will be displayed here

Show all activity →

## Experience

**Managing Partner**
4Front Consulting Group, Inc
Mar 2013 - Present · 11 yrs 1 mo
Buffalo/Niagara, New York Area

A Design/Build Consultancy for the Specialty Pharmacy and Biotechnology industry. Focused on providing unique solutions to multiple pharmacy platforms, i.e., health systems, grocery chains, payers, etc. Biotechnolo   ...see more

**Founding Partner**
Infusion Access
Feb 2012 - Nov 2019 · 7 yrs 10 mos
East Aurora, NY

Unique drug financing company for physician practices.

**President, Ambulatory and Specialty Pharmacy**
Comprehensive Pharmacy Services
Sep 2017 - Jun 2019 · 1 yr 10 mos
East Aurora, NY

**CEO/ Co-Founding Partner**
Reliance Rx
Jun 2010 - Mar 2013 · 2 yrs 10 mos
Buffalo/Niagara, New York Area

Regional Specialty Pharmacy servicing the payer partners commercial and self-funded lives.

**Centocor**
5 yrs 3 mos

• **Senior Area Business Specialist**
Apr 2005 - Jun 2010 · 5 yrs 3 mos

○ **Executive Area Business Specialist**

## People also viewed

**Jody (Miller) Bayliss** 🔗
3rd
Bestselling Author | Founder @ Reel Media Agency | TEDX...
 + Follow

**Jeff Werner**  3rd+
Helping people navigate the Medicare maze.
 🔒 Message

**Claudia Dunbar** · 3rd
Partner at 4Front Consulting Group, Inc.
View profile

**Ron Krawczyk** 🔗 · 3rd
MedEquity Holdings
View profile

**Gentry Hughes** 🔗 · 3rd
Helping Self-Funded Employers Contain Cost on Expensive...
View profile

Show all

## People you may know
From Jody L.'s industry

**Matthew Lawney**
Partner at Epoch Health Solutions, LLC
👤 Connect

**Boris Khodorkovsky MD FACEP**
ED Associate Chair
👤 Connect



Senior Area Business Specialist
Apr 2005 – Jun 2010 · 5 yrs 3 mos

Executive Area Business Specialist
Apr 2005 – Jun 2010 · 5 yrs 3 mos

## Education

**Canisius University**
MBA, Marketing
1992 - 1997

## Skills

### Biotechnology

Endorsed by Ron Krawczyk and 1 other who is highly skilled at this

Endorsed by 3 colleagues at Centocor

24 endorsements

### Healthcare

Endorsed by Philip Gerbino who is highly skilled at this

Endorsed by 3 colleagues at Centocor

18 endorsements

Show all 17 skills →

## Recommendations

**Received**   Given

**Nothing to see for now**
Recommendations that Jody L. receives will appear here

## Interests

**Companies**   Groups   Schools

**The Janssen Pharmaceutical Companies of Johnson & Johnson**
1,012,468 followers
+ Follow

**Centocor**
15,431 followers
+ Follow

Show all companies →

**Aleksandra "Albi" Sadej**
VP of Clinical Standards at Med Bar
+ Connect

**Charlene Choi**
Head of Legal, Alchemee
+ Connect

**Noelle Umbro**
+ Connect

Show all

**Questions?**
Visit our Help Center

**Manage your account and privacy**
Go to your Settings.

**Recommendation transparency**
Learn more about Recommended Content.

Select Language

Jody L. Miller
President, Ambulatory and Specialty Pharmacy

More   + Follow   Message

**Executive Area Business Specialist**
Apr 2005 - Jun 2010 · 5 yrs 3 mos

Bar

&+ Connect

**Charlene Choi** in
Head of Legal, Alchemee

&+ Connect

### Education

**Canisius University**
MBA, Marketing
1992 - 1997

**Noelle Umbro**
--

&+ Connect

Show all

### Skills

**Biotechnology**
Endorsed by Ron Krawczyk and 1 other who is highly skilled at this
Endorsed by 3 colleagues at Centocor

24 endorsements

**Healthcare**
Endorsed by Philip Gerbino who is highly skilled at this
Endorsed by 3 colleagues at Centocor

18 endorsements

Show all 17 skills →

### Recommendations

**Received**   Given

**Nothing to see for now**
Recommendations that Jody L. receives will appear here.

### Interests

**Companies**   Groups   Schools

**The Janssen Pharmaceutical Companies of Johnson & Johnson**
1,012,468 followers

+ Follow

**Centocor**
15,431 followers

+ Follow

Show all companies →

About                  Accessibility        Talent Solutions      Questions?                    Select Language
Community Guidelines   Careers              Marketing Solutions    Visit our Help Center.        English (English)
Privacy & Terms ⌄      Ad Choices           Advertising            Manage your account and privacy
Sales Solutions        Mobile               Small Business         Go to your Settings.
Safety Center                                                      Recommendation transparency
                                                                   Learn more about Recommended Content.

LinkedIn Corporation © 2024

Document title: Jody L. Miller | LinkedIn
Capture URL: https://www.linkedin.com/in/jody-l-miller-1a1511a/
Capture timestamp (UTC): Fri, 08 Mar 2024 15:42:17 GMT

# EXHIBIT 4

🔒 Page Vault

| | |
|---|---|
| Document title: | Claudia Dunbar \| LinkedIn |
| Capture URL: | https://www.linkedin.com/in/claudia-dunbar-aa802632/ |
| Page loaded at (UTC): | Fri, 08 Mar 2024 15:42:30 GMT |
| Capture timestamp (UTC): | Fri, 08 Mar 2024 15:42:57 GMT |
| Capture tool: | 10.44.1 |
| Collection server IP: | 54.145.42.72 |
| Browser engine: | Mozilla/5.0 (X11; Linux x86_64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/120.0.6099.276 Safari/537.36 |
| Operating system: | Linux (Node 18.18.2) |
| Capture ID: | 5RNd9D5LD5DeStvwUDRTLG |



**Claudia Dunbar** · 3rd
Partner at 4Front Consulting Group, Inc
Buffalo, New York, United States · Contact info
240 connections

4Front Consulting Group, Inc. 
State University of New York at Buffalo

Message · + Follow · More

## Activity
240 followers

Claudia hasn't posted yet
Recent posts Claudia shares will be displayed here.

Show all activity →

## Experience

**Partner**
4Front Consulting Group, Inc.
Feb 2015 - Present · 9 yrs 2 mos
Buffalo/Niagara, New York Area

A design/build consultancy for the specialty pharmacy and biotechnology industry. Focused on providing unique solutions to multiple pharmacy platforms i.e. Health systems, grocery chains, payers etc. ... ...see more

**Director of Finance & Operations**
Reliance RX Specialty Pharmacy
Sep 2010 - Feb 2014 · 3 yrs 6 mos

**Manager Operations Accounting**
Westwood Squibb Pharmaceuticals (Division of BMS)
1987 - 1999 · 12 yrs

## Education


**University at Buffalo**
Master of Business Administration (MBA), Accounting and Finance
1989 - 1991

**Canisius University**
Bachelor of Science (BS), Accounting
1982 - 1986

## Licenses & certifications

**Certified Public Accountancy**
NYS Office of the Professions
Issued Oct 2012
Credential ID 110762

**People also viewed**

**Susan Saeli** 3rd+
Teacher at Pioneer Central Schools
🔒 Message

**Alyssa Pollinger** 3rd
Senior Project Lead at Meritain Health
View profile

**Stacy Walker** 3rd
Sales and Marketing Manager
View profile

**Ron Krawczyk** 3rd
MedEquity Holdings
View profile

**Jody L. Miller** 3rd
President, Ambulatory and Specialty Pharmacy
View profile

Show all

**People you may know**
From Claudia's school

**William M.**
Principal Owner at wamsys | Advisor at Perkins & Squire -.
Connect

**Ron Marten**
Director Of Business Development at Ultra Logistics
Connect

          

Document title: Claudia Dunbar | LinkedIn
Capture URL: https://www.linkedin.com/in/claudia-dunbar-aa802632/
Capture timestamp (UTC): Fri, 08 Mar 2024 15:42:57 GMT

Page 1 of 2



**Director of Finance & Operations**
Reliance RX Specialty Pharmacy
Sep 2010 - Feb 2014 · 3 yrs 6 mos

**Manager Operations Accounting**
Westwood Squibb Pharmaceuticals (Division of BMS)
1987 - 1999 · 12 yrs

Jody L. Miller  3rd
President, Ambulatory and
Specialty Pharmacy

[ View profile ]

Show all

## Education

**University at Buffalo**
Master of Business Administration (MBA), Accounting and Finance
1989 - 1991

**Canisius University**
Bachelor of Science (BS), Accounting
1982 - 1986

## Licenses & certifications

**Certified Public Accountancy**
NYS Office of the Professions
Issued Oct 2012
Credential ID 110762

## Skills

**Management**
13 endorsements

**Managed Care**
Endorsed by Jody L. Miller who is highly skilled at this
4 endorsements

Show all 22 skills →

## Interests

Companies    Groups    Schools

**University at Buffalo**
246,225 followers

[ + Follow ]

**Canisius University**
38,911 followers

[ + Follow ]

Show all companies →

**People you may know**
From Claudia's school

**William M.**
Principal Owner at warnsys |
Advisor at Perkins & Squire - ...
[ ✛ Connect ]

**Ron Marten**
Director Of Business
Development at Ultra Logistics
[ ✛ Connect ]

**Krista B.**
Vice President, People &
Culture @ Empower FCU | HR...
[ ✛ Connect ]

**Richard K.**
Trial Specialist at Crowell &
Moring
[ ✛ Connect ]

**Joel Einleger**
Philanthropic Advisor
[ ✛ Connect ]

Show all

**Questions?**
Visit our Help Center

**Manage your account and privacy**
Go to your Settings.

**Recommendation transparency**
Learn more about Recommended Content.

Select Language

LinkedIn Corporation © 2024

Document title: Claudia Dunbar | LinkedIn
Capture URL: https://www.linkedin.com/in/claudia-dunbar-aa802632/
Capture timestamp (UTC): Fri, 08 Mar 2024 15:42:57 GMT

Page 2 of 2

# EXHIBIT 5

Page Vault

| | |
|---|---|
| Document title: | Florencio C. | LinkedIn |
| Capture URL: | https://www.linkedin.com/in/florencio-c-b1757910/ |
| Page loaded at (UTC): | Fri, 08 Mar 2024 15:43:08 GMT |
| Capture timestamp (UTC): | Fri, 08 Mar 2024 15:43:41 GMT |
| Capture tool: | 10.44.1 |
| Collection server IP: | 54.145.42.72 |
| Browser engine: | Mozilla/5.0 (X11; Linux x86_64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/120.0.6099.276 Safari/537.36 |
| Operating system: | Linux (Node 18.18.2) |
| Capture ID: | tkcaA2VPRLUU1sNLKWCFnK |



## Florencio C. ✓ · 3rd
PharmD, BCPS
Tampa, Florida, United States · Contact info
500+ connections

 Connect     More

 RISK Risk Strategies Company

University of Florida

### About
I am a resourceful, visionary Senior Executive Leader with an extensive portfolio of success across product & program innovation, B2B sales, health information technology, health outcomes, pharmacoeconomics, specialty pharmacy operations, and clinical education. Over my career, I have been instrumental in pioneering digital innovation, solutions, tools, care models, and other resources that delivered significant results across multiple therapeutic areas and healthc  ...see more

### Activity
836 followers

Posts    Comments

Florencio C. reposted this • 1mo
Dana (Dasha) Salyakina
We are hiring! Data Scientist, HEOR at Risk Strategies Consulting - Remote If you are an expert in R and have experience with claims data,

Florencio C. posted this • 1mo
We are hiring for a Payment Innovation and Audit Sr. Consultant! Exciting opportunity to drive value and impact with a talented team.

 RISK **Payment Innovation and Audit Sr. Consultant**
Job by Risk Strategies Company
United States (Remote)

👍 13

Show all posts →

### Experience

 RISK **Senior Managing Consultant Innovation**
Risk Strategies Company · Full-time
Jun 2023 – Present · 10 mos
Radnor, Pennsylvania, United States · Remote

 **Senior Consultant**
Sapere Health Solutions
Jul 2020 – Oct 2023 · 3 yrs 4 mos
New York, New York, United States

Sapere Health Solutions is a boutique consulting firm with a deep understanding of the rapidly evolving healthcare landscape and supply chain. We specialize in payer reimbursement and coverage, clinical policy, strateg  ...see more

**VP**
CVS Health · Full-time
Jan 2021 – Apr 2021 · 4 mos

### People also viewed

 **Stuart Piltch** 🔗 · 3rd
President at Risk Strategies Consulting
View profile

 **Michelle Steeghs, MBA, RN**
3rd
Healthcare executive passionate about improving the patient...
View profile

 **Austin Blume** 3rd+
Senior Managing Consultant at Risk Strategies Consulting
 🔒 Message

 **Robyn L Peters** 🔗 · 3rd
C-Level Healthcare Executive | C-Suite & Board Advisor |...
View profile

 **Laura Zdon, MPH** · 3rd+
Public Health | Healthcare Innovation
 🔒 Message

Show all

### People you may know
From Florencio's company

 **Stephanie Day, CPRM**
New Business Specialist
🔗+ Connect

 **Ryan Schnure**
Risk Management Student at Penn State University
🔗+ Connect

Document title: Florencio C. | LinkedIn
Capture URL: https://www.linkedin.com/in/florencio-c-b1757910/
Capture timestamp (UTC): Fri, 08 Mar 2024 15:43:41 GMT

landscape and supply chain. We specialize in payer reimbursement and coverage, clinical policy, strateg  ...see more



**VP**
CVS Health · Full-time
Jan 2021 - Apr 2021 · 4 mos



**Vice President, Managed Care**
Diplomat
May 2018 - Jun 2020 · 2 yrs 2 mos
Saginaw, Michigan Area

In this role, I drove managed care sales for specialty pharmacy & specialty infusion services across US; supervised team of Strategic Account Directors. I was charged with developing new programs and products for inf  ...see more



**Director, US Health** Economics & Outcomes Research
Bristol-Myers Squibb
Jul 2017 - May 2018 · 11 mos

During my tenure with BMS, I drove the development of integrated products & services for US Health Economics & Outcomes Research (HEOR), including value proposition, pharmacoepidemiology models, and outcor  ...see more

**Show all 9 experiences →**

## Education



**University of Florida**
Doctor of Pharmacy, Pharmacy



**University of Florida**
Bachelor of Science (B.S.)

## Licenses & certifications



**Board Certified Pharmacotherapy Specialist**
BPS - Board of Pharmacy Specialties
Issued Dec 2018 · Expires Dec 2025

## Skills

**Executive Management**

**Pharmacy Benefit Management**

👤 Endorsed by Robert Conor Smith and 3 others who are highly skilled at this

Endorsed by 5 colleagues at CVS Health

👥 33 endorsements

**Show all 50 skills →**

## Recommendations

<u>Received</u>    Given



**Paul Worsfold, MBA, CMR** 🔗 · 3rd
CEO @ Palisade Strategies | CMR, Consultative Selling
May 7, 2020, Paul worked with Florencio on the same team

Florencio is an incredibly talented leader whose knowledge of "all things" Specialty Pharmacy is unparalleled. He has in depth expertise in every important area within SP: operations, data, reporting, inventory, compliance,...He is the "GO TO" person for every major issue or project our company has had and the C-Suite of Diplomat, OptumRx and every customer solicits his input. His clinical knowledge is incredible by even accomplished PharmD standards. His tireless work ethic, pleasant demeanor, strategic planning skill and wide spread knowledge base makes him an incredible find for any healthcare company. Simply put, he is that rare one in a thousand hires that can truly change


**Connect**


**Vanessa Neumann**
Account Manager at Risk Strategies Company / Dash &...
**Connect**

**Noah Beccio**
Director, National Brokerage Operations
**Connect**


**Ryan Caggiano, TRS**
Vice President, Risk Advisor at Risk Strategies Company
**Connect**

**Show all**

**You might like**
Newsletters for you


**The ComplexDiscovery Snapshot**
Insight and intelligence on the discipline of discovery for...
Published monthly
 Rob Robinson
**+ Subscribe**

**BlueStar Bytes**
Stay up-to-date on the latest developments in eDiscovery, ...
Published monthly
 BlueStar
**+ Subscribe**

**Show all**



Florencio C.
PharmD, BCPS

More   Connect

## Recommendations

**Received**   Given

Paul Worsfold, MBA, CMR · 3rd
CEO @ Palisade Strategies | CMR, Consultative Selling
May 7, 2020, Paul worked with Florencio on the same team

Florencio is an incredibly talented leader whose knowledge of "all things" Specialty Pharmacy is unparalleled. He has in depth expertise in every important area within SP: operations, data, reporting, inventory, compliance,...He is the "GO TO" person for every major issue or project our company has had and the C-Suite of Diplomat, OptumRx and every customer solicits his input. His clinical knowledge is incredible by even accomplished PharmD standards. His tireless work ethic, pleasant demeanor, strategic planning skill and wide spread knowledge base makes him an incredible find for any healthcare company. Simply put, he is that rare one in a thousand hires that can truly change a company for the good!

David Schmidt · 3rd
Patient Experience/Engagement • Data, Evidence & Insights • Market/Patient Access
May 8, 2018, David worked with Florencio on the same team

I have had the pleasure of working with Florencio both at Walgreens Specialty as well as TIESRx. Florencio has an incredible innate ability to multi-task which is an impressive trait given the depth and challenge of material that we covered during our years and projects together.

He is a positive good-natured individual with a burning desire to do exceptional work. He is never shy to take on additional workload as he wants best for the company and the team. He takes ownership and pride with his work which is consistently excellent.

see more

Show all 3 received →

## Languages

**English**
Native or bilingual proficiency

**Portuguese**
Limited working proficiency

Show all 3 languages →

## Interests

**Companies**   Schools

**Hewlett Packard Enterprise**
3,578,990 followers

+ Follow

**Roche**
3,219,651 followers

+ Follow

Show all companies →

**Questions?**
Visit our Help Center.

**Manage your account and privacy**
Go to your Settings.

**Recommendation transparency**
Learn more about Recommended Content.

Select Language

LinkedIn Corporation © 2024

Document title: Florencio C. | LinkedIn
Capture URL: https://www.linkedin.com/in/florencio-c-b1757910/
Capture timestamp (UTC): Fri, 08 Mar 2024 15:43:41 GMT

# EXHIBIT 6

# SEALED IN ITS ENTIRETY

**EXHIBIT 6A**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 7**

**SEALED IN ITS ENTIRETY**

**EXHIBIT 8**

**SEALED IN ITS ENTIRETY**

# EXHIBIT 9

# SEALED IN ITS ENTIRETY

# EXHIBIT 10

# SEALED IN ITS ENTIRETY

# EXHIBIT 11

# SEALED IN ITS ENTIRETY

# EXHIBIT 12

# SEALED IN ITS ENTIRETY

# EXHIBIT 13

# SEALED IN ITS ENTIRETY

# EXHIBIT 14

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : |
| | : Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | : |
| vs. | : **PLAINTIFF'S THIRD** |
| | **SET OF INTERROGATORIES** |
| SAVE ON SP, LLC, | : |
| Defendant. | : |

**PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS") directs the following Interrogatories to Defendant Save On SP, LLC ("SaveOnSP") and requests that within 30 days after service of these Interrogatories (or such earlier time as the parties may agree or the Court may order) that SaveOnSP provide a response to each Interrogatory in writing and under oath.

## DEFINITIONS AND INSTRUCTIONS

1.    "Action" means the above-captioned matter, *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States District Court for the District of New Jersey.

2.    "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

3.    "Complaint" means JJHCS's May 4, 2022 complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

4.    "Document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, Communications, call notes, voice mail, video or audio recordings, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

5.    "Pharmaceutical Manufacturer" means any entity that develops, produces, manufactures, creates, licenses or distributes any pharmaceutical, drug, medicine or other substance used in the treatment, cure, prevention or diagnosis of any illness, disease, disorder or other condition, and includes any such entity's predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, or accountants.

6.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives,

directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

7.  "SaveOnSP Program" means the conduct as described in the Complaint at ¶¶ 9–17 and ¶¶ 50–88.

8.  Utilized means put to use, used, practiced, applied, brought to bear, exercised and deployed; and includes attempts to utilize regardless of whether such attempts were successful.

9.  "You" and "Your" mean SaveOnSP as defined in paragraph 7 above.

10.  "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

11.  The term "including" means including, but not limited to.

12.  These definitions and instructions, and the interrogatories set forth below, apply equally to all forms of electronic Communications and information, including e-mails, and to all other tangible things.

13.  To the extent a term is not defined herein, apply the definition for such term used in the Complaint.

14.  These interrogatories shall be deemed to include any and all relevant information within Your possession, custody or control, including, without limitation, information located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by You.

15.     If You have a good-faith objection to any interrogatory or any part thereof, the specific nature of the objection and whether it applies to the entire interrogatory or to a part of the interrogatory shall be stated.  If there is an objection to any part of an interrogatory, then the part objected to should be identified and a response to the remaining unobjectionable part should be provided.

16.     If You have a good-faith objection to any interrogatory or any part thereof based upon the attorney-client privilege, work product doctrine, or any other privilege or immunity, You shall provide an explanation of the basis therefore, including the specific nature of the privilege or immunity claimed and the detailed grounds for claiming such privilege or immunity.

17.     Each interrogatory shall be answered on the basis of Your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

18.     If documents are being produced in lieu of answers pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, identify, by document production number of similar means, the specific documents where in the answer is located and, unless apparent on the face of the document, state where within the document the answer can be found.

19.     When answering these interrogatories, do not limit your response to facts involving JJHCS.  Include all responsive facts relevant to any Pharmaceutical Manufacturer as well as those that are applicable to all manufacturers or groups of manufacturers.

20.     Unless the interrogatory requires otherwise, the time period for the interrogatories is April 1, 2016 through the present (the "Time Period").

21.     The interrogatories should be deemed continuing, and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 16.**  Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify patients that are enrolled in the SaveOnSP Program, or to make it more difficult for them to do so.

**Interrogatory No. 17.**  Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**Interrogatory No. 18.**  Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to SaveOnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**Interrogatory No. 19.**  Describe, in as much detail as possible, all instances where and all circumstances under which You have lied to, misled, or deceived Pharmaceutical Manufacturers, including all instances in which Your representatives or employees have misrepresented their identities or concealed their affiliation with SaveOnSP when communicating with Pharmaceutical Manufacturers.

**Interrogatory No. 20.**  Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

Dated:  August 18, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/ *Jeffrey J. Greenbaum*
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# EXHIBIT 15

# SEALED IN ITS ENTIRETY

# EXHIBIT 16

# SEALED IN ITS ENTIRETY

# EXHIBIT 17



www.pbwt.com

February 1, 2024

Sara A. Arrow
(212) 336-2031

**By Email**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **JJHCS's Requests for Production Nos. 95 and 96**
*Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC*
Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Matthew:

We write further to our December 18, 2023 letter concerning JJHCS's Requests for Production Nos. 95 and 96 and related correspondence.



As you know, Request No. 95 sought Documents and ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Specifically, SaveOnSP's Response to JJHCS's Interrogatory No. 18 stated that ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Request No. 96 sought Communications relating to compliance with or attestation to SaveOnSP's employee confidentiality policies or other confidentiality obligations.

We met and conferred on Request Nos. 95 and 96 on November 27, 2023. During the meet and confer, we explained that the relevance of SaveOnSP's confidentiality policies and any documents or communications relating to them is conceded by the reference to them in SaveOnSP's own interrogatory response.  *See* Nov. 28, 2023 Ltr. from J. Long to M. Nelson. We further explained that JJHCS is entitled to discovery concerning SaveOnSP's effort to prohibit or discourage its employees from publicly discussing the claims at issue in this litigation—for example, the harm that SaveOnSP's program and operations have caused to JJHCS and to patients.

Following our meet and confer, you agreed to produce only the two confidentiality policies that you had identified in response to JJHCS's Interrogatory No. 18—not any related communications or compliance-related materials.  *See* Dec. 18, 2023 Ltr. from S.

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Matthew Nussbaum, Esq.
February 1, 2024
Page 2

Arrow to E. Snow; Dec. 29, 2023 Ltr. from M. Nussbaum to S. Arrow.  Having reviewed your production from January 16, 2024, we understand the ███████████████████████ ████████████████ SOSP_0842438 and SOSP_1034711.  Please promptly let us know if that is not the case.

We have evaluated SOSP_0842438 and SOSP_1034711 and do not consider SaveOnSP's production of them sufficient to respond to JJHCS's Request Nos. 95 and 96.  In particular, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ in response to Interrogatory No. 18.  The policies by themselves also do not allow JJHCS to evaluate their intended purposes or the manner in which they were or are enforced.

JJHCS thus renews its request for communications related to compliance with or attestation to SaveOnSP's employee confidentiality policies or other confidentiality obligations. To accommodate your concerns about burden, we are willing to narrow this demand specifically to (1) communications regarding the reasons, goals, or motivations for the confidentiality policies or other confidentiality obligations; and (2) communications regarding or with any employee who had refused or failed in a timely manner to sign the confidentiality policies or other confidentiality obligations.  As noted above, such communications would allow JJHCS to assess SaveOnSP's assertion ███████████████████████████████████████████ ██████████████████████████████████████████████████████████████

We request that SaveOnSP run targeted searches for communications with and about individuals who refused or failed to sign SaveOnSP's confidentiality policies or against whom such policies were enforced.  In addition, in connection with these Requests, we have also provided a list of proposed search terms in Appendix A.  Please confirm by February 7, 2023 that you will run the targeted searches we have requested, as well as the search terms in Appendix A, for the period April 1, 2016 to November 7, 2023 and produce all relevant, non-privileged documents.  If SaveOnSP objects to any of JJHCS's requests on the basis of burden, please provide hit counts for each requested term.  If you do not agree to run the searches we have proposed, we will consider the parties at impasse on this issue.

Very truly yours,

*/s/ Sara A. Arrow*
Sara A. Arrow

14891315

## <u>Appendix A</u>
## <u>Proposed Search Terms</u>

- (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower OR (whistle w/2 blower)) w/75 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP" OR litigation OR lawsuit)

- (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/50 (muzzl* or silenc* OR "shut up" OR fire OR firing OR terminat* OR compli* OR "non-compli*" OR noncompli*)

- (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA or whistleblower (whistle w/2 "blow*")) w/50 (updat* OR revis* OR chang* OR modify*)

# EXHIBIT 18

## Long, Julia (x2878)

| | |
|---|---|
| **From:** | Matthew Nussbaum <mnussbaum@selendygay.com> |
| **Sent:** | Friday, February 23, 2024 4:27 PM |
| **To:** | Arrow, Sara (x2031); Long, Julia (x2878); LoBiondo, George (x2008); Mangi, Adeel A. (x2563); Sandick, Harry (x2723); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com; _cg J&J-SaveOn |
| **Cc:** | Andrew Dunlap; Philippe Selendy; Meredith Nelson; Elizabeth Snow; Wohlforth, E. Evans |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96 |
| **Attachments:** | Hit Counts.pdf |

*Caution: External Email!*

Good afternoon, Sara,

Attached, please find the hit counts you requested.

As we explained yesterday, we decline to run the terms that you have proposed both because the documents sought are irrelevant and because the burden of running any additional searches is unduly burdensome. We also decline to conduct an investigation into the identities of individuals who did not sign SaveOn's confidentiality policies or against whom SaveOn enforced those policies, as the subject matter is irrelevant and conducting the investigation would be unduly burdensome.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
_____
+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Thursday, February 22, 2024 5:24 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96

Matthew,

As you know, our February 12, 2024 letter concerning RFP Nos. 95 and 96 requested that SaveOnSP provide hit counts for each requested term in Appendix A "both individually and in the aggregate." Your February 22, 2024 letter does not provide this information. Please provide it promptly and in no event later than the close of business tomorrow, February 23, 2024.

We also understand that you are refusing to consider narrowed search terms based on information that is solely within SaveOnSP's possession—namely, the identities of individuals who did not sign SaveOnSP's confidentiality policies or against whom those policies were enforced. By the close of business tomorrow, please let us know if this understanding is mistaken.

Thanks very much.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Thursday, February 22, 2024 4:48 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Elizabeth Snow <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96

*Caution: External Email!*

Sara,

Please see the attached correspondence.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his

---

+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Tuesday, February 20, 2024 11:55 AM
**To:** Elizabeth Snow <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96

Counsel,

We requested a response to our February 12 letter, attached here, by February 19. Please provide your response without delay.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

---

**From:** Arrow, Sara (x2031)
**Sent:** Monday, February 12, 2024 4:38 PM
**To:** 'Elizabeth Snow' <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // JJHCS RFP Nos. 95 & 96

Counsel,

Please see the attached letter regarding JJHCS's RFP Nos. 95 and 96.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Thursday, February 8, 2024 2:50 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

==*Caution: External Email!*==

Counsel,

Please find attached a letter in the above-captioned matter.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9330  [O]
+1 540.409.7257  [M]

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# EXHIBIT 19



www.pbwt.com

February 12, 2024

Sara A. Arrow
(212) 336-2031

**By Email**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **JJHCS's Requests for Production Nos. 95 and 96**
          *Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC*
          Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Matthew:

We write in response to your February 8, 2024 letter regarding JJHCS's Requests for Production Nos. 95 and 96 and further to our prior correspondence.

We are surprised at your letter's suggestion that we have "not explained the relevance" of the documents at issue. In fact, we have explained the relevance repeatedly, both in earlier correspondence and during the November 27, 2023 meet and confer. *See* Nov. 28, 2023 Ltr. from J. Long to M. Nelson; Feb. 1, 2024 Ltr. from S. Arrow to M. Nussbaum.

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████

We have evaluated the hit report that SaveOnSP provided on February 8, 2024 and have proposed narrowed terms in Appendix A. Please confirm by February 19, 2024 that you will run the search terms in Appendix A for the period April 1, 2016 to November 7, 2023 and will produce all relevant, nonprivileged documents. If SaveOnSP objects to any of JJHCS's proposed terms on the basis of burden, please provide hit counts for each requested term, both individually and in the aggregate.

We also previously requested that, in addition to JJHCS's proposed search terms, SaveOnSP also run targeted searches for communications with and about individuals who refused or failed to sign SaveOnSP's confidentiality policies or against whom such policies were enforced. This is information solely within SaveOnSP's knowledge, and JJHCS is not in a position to craft search terms to capture documents and communications implicating these individuals. We are open to a modified search protocol based on the narrowed terms we have provided in Appendix A, coupled with terms that you propose based on your reasonable

Matthew Nussbaum, Esq.
February 12, 2024
Page 2


investigation, but we cannot do so absent additional information from SaveOnSP.   We
understand based on your February 8 letter that you are refusing to conduct this investigation or
propose such targeted terms.  Please confirm that this is the case by February 19, 2024.  In the
event you wish to reconsider your position, please conduct a reasonable investigation into the
relevant individuals and propose a set of targeted search terms by February 19, 2024 so that we
can evaluate next steps.

Very truly yours,

*/s/ Sara A. Arrow*
Sara A. Arrow

14915739

## Appendix A
## Proposed Search Terms

1. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower OR (whistle w/2 blower)) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS)

2. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower OR (whistle w/2 blower)) w/50 (CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP")

3. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower OR (whistle w/2 blower)) w/50 (litigation OR lawsuit)

4. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/35 muzzl*

5. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*") w/35 silenc*

6. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/35 ("shut up")

7. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/35 (fire OR firing)

8. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/35 terminat*

9. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA OR whistleblower (whistle w/2 "blow*")) w/35 (compli* OR "non-compli*" OR noncompli*)

10. (Confi* OR "data privacy" OR "security policy" OR "privacy policy" OR nondisclosure OR "non-disclosure" OR "non-disparag*" OR nondisparag* OR NDA or whistleblower (whistle w/2 "blow*")) w/25 (updat* OR revis* OR chang* OR modify*)

14915739