

www.pbwt.com

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

March 22, 2024

George LoBiondo
Partner
(212) 336-2008
globiondo@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re:    **JJHCS's Motion to Compel Interrogatory Responses**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
**Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

We submit this reply letter in further support of JJHCS's motion to compel SaveOnSP to

provide complete and accurate supplemental responses to JJHCS's "Manufacturer Evasion

Interrogatories." As JJHCS's opening brief explained, SaveOnSP's responses omit information

that should have been disclosed, while also providing other information that is demonstrably

wrong. The inadequacy of SaveOnSP's responses strongly suggested that SaveOnSP did not

reasonably investigate them. So too did SaveOnSP's reluctance to provide a sworn certification

that the answers were true and complete.[1]

---

[1] As noted in JJHCS's opening brief, SaveOnSP initially failed to verify all of the supplemental
interrogatory responses it made pursuant to Judge Waldor's order. *See* D.E. 173. It also failed to
verify other responses that it chose ***not*** to update, initially relying instead on an unsworn
representation from its counsel about the continued accuracy of those responses. Both failures
violated Rule 33(b)(5). *See* Opening Br. at 17. Based on SaveOnSP's opposition, we now

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 2

SaveOnSP's opposition brief confirms the failures in its responses and the process that created them. SaveOnSP does not meaningfully defend the substance of its responses; in the main, SaveOnSP simply offers a series of excuses for why it should not be held to the settled rules of discovery. *See, e.g.*, Fed. R. Civ. P. 26(e) (requiring a party to "supplement or correct" any interrogatory response once it learns that it is materially "incomplete or incorrect"); *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 707 (D.N.J. 2015) ("A party answering interrogatories is under a duty to produce all information available to the party" and a party "is charged with knowledge of what its agents know and what is in the documents available to it.").

Below, we first respond to SaveOnSP's recurring or thematic arguments, and then address SaveOnSP's specific contentions on each of the disputed interrogatories in turn.

**<u>Having Agreed to Respond to These Interrogatories, SaveOnSP Cannot Now Fall Back on Earlier Relevance Objections to Excuse Its Incorrect and Incomplete Answers.</u>**

SaveOnSP admits, as it must, that it agreed to respond to JJHCS's "Manufacturer Evasion Interrogatories." Opp. at 6–8, 11–12, 15. It also admits, as it must, that it ███████ ████████████████████████████████████████████████████████████████████████ ███████ *See id.* at 8, 11, 15; JJHCS Ex. 19. But, now faced with the evidence that it failed to do what it promised, SaveOnSP's defense is that *before* it made that commitment, it asserted a relevance objection. *See* Opp. at 4 ("While SaveOn agreed to answer Interrogatories about its

_____

understand SaveOnSP's position to be that the certification its President belatedly provided with its responses to Interrogatory Nos. 4 and 16 should also be deemed to apply to every other Interrogatory Response. JJHCS will treat it as such, setting aside the question whether this practice complies with Rule 33(b)(5). Regardless, if this motion is granted and SaveOnSP is compelled to correct its responses to the Manufacturer Evasion Interrogatories, its corrected responses will need to be recertified.

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 3

interactions with J&J to try to avoid a dispute, it reserved its relevance objections, and Your Honor

can dispense with most of J&J's motion on relevance grounds alone."); *id.* at 8 ("While SaveOn

agreed to respond to avoid a dispute, it reserved its relevance objection as to drug makers other

than J&J"); *id.* at 11 (same).

This is not how discovery works. While SaveOnSP is wrong on the merits of relevance,

*see infra* at 3–5, a more fundamental principle is at stake. A litigant may not agree to provide

information; pretend to provide it; and then when its deception is finally revealed, simply shrug

and say that it never wanted to provide the information in the first place. By SaveOnSP's logic, a

party could respond to document requests by asserting a boilerplate relevance objection, but then—

after nominally agreeing to search and produce for documents notwithstanding that objection—

secretly withhold the most damaging documents in undisclosed reliance on the earlier objection.

Such a tactic would be obviously improper, and so it is here. Indeed this is worse, because

SaveOnSP was obligated to affirmatively correct its interrogatory responses. *See* Fed. R. Civ. P.

26(e). And it is all the more troubling because SaveOnSP's President swore, apparently falsely,

that the responses were written using "***all*** information available." JJHCS Ex. 15 at 10 (emphasis

supplied).

### SaveOnSP's Deceit Is Highly Relevant.

Nor is there any merit to SaveOnSP's recycled argument that its lies and deceptions are

irrelevant. *See* Opp. at 4. This misconduct, ███████████████████████

███████████████ is relevant to JJHCS's claims, as Judge Waldor previously ruled. And it is

equally relevant to SaveOnSP's defense.

3

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 4

*First*, SaveOnSP's pattern and practice of lying to JJHCS is squarely relevant to JJHCS's claims. As to its tortious interference claim, the tactics that SaveOnSP deploys bear directly on whether SaveOnSP employed wrongful means to induce patients to breach the terms of the CarePath Program. *See, e.g.*, *Dello Russo v. Nagel*, 358 N.J. Super. 254, 268–69 (App. Div. 2003) (wrongful or unjustified conduct relevant to tortious interference). The same is true for JJHCS's claim for deceptive practices under Section 349 of the New York General Business Law ("GBL claim"). *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995) (a plaintiff should show "that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof"). JJHCS's GBL claim is not, as SaveOnSP now suggests, limited to "SaveOn's patient-facing conduct." Opp. at 4. To the contrary, JJHCS has alleged that SaveOnSP's web of lies was directed at, and harmed, JJHCS (in addition to patients and the public interest). *See* Compl. ¶ 115 ("Through its willful deceptive acts and practices, SaveOnSP also causes damage to JJHCS."). And while ██████████████████████████████████ ████████████████ *see* Opp. at 6, 9, 11, Judge Waldor previously rejected precisely this line of argument when compelling other discovery from SaveOnSP over its objection. She recognized that evidence of SaveOnSP's conduct toward other manufacturers is discoverable "to show intent with respect to [JJHCS]." D.E. 131, June 27, 2023 Tr. at 19:8–15; *see also id.* 30:3–7 (The Court: "I think [counsel for JJHCS is] correct that possibly some interpretation might go to intent . . . . I think it is discoverable."). The same applies here.

*Second*, when seeking more discovery from JJHCS, SaveOnSP has wielded its affirmative defense that JJHCS purportedly failed to mitigate its damages by not removing SaveOnSP-

4

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 5

affiliated patients from the CarePath program.  *See, e.g.*, SaveOnSP's Feb. 16, 2024 Ltr. to J.

Wolfson (explaining "mitigation defense" and arguing that JJHCS's alleged "disburse[ment of]

copay assistance funds to" "patients on SaveOn-advised plans" "could limit or even eliminate

J&J's claims for damages").  But discovery is not a one-way street.  JJHCS is entitled to evidence

that undermines this defense, i.e., evidence that SaveOnSP went to extreme lengths to conceal its

misappropriation of copay assistance funds, including through evasion, deception, and outright

lies.  *See, e.g.*, JJHCS Ex. 30, SOSP_0297353 (█████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████.  The tactics that SaveOnSP used to prevent or make it harder for JJHCS to identify

SaveOnSP-affiliated patients bear directly on the viability of this defense, and cannot be walled

off from discovery.[2]

---

[2] The Court need not consider SaveOnSP's lengthy detour concerning whether it has also misled
patients in addition to JJHCS.  *See* Opp. at 3–4.  Nor should the Court ████████████████
█████████ SaveOnSP now cites—much of which, ironically, ████████████████████
████████████████████  *See id.* n.2 & SaveOnSP Ex. 9 (████████████████████
█████████████████████████████████████████████████████████████
████████████████████████; SaveOnSP Ex. 11 (██████████████████████
████████████████████; SaveOnSP Ex. 15 █████████████████████████
████████████████.  SaveOnSP's digressions have no bearing on this
motion, which concerns SaveOnSP's responses to "Manufacturer Evasion Interrogatories" that
SaveOnSP agreed to answer.  And even if they were germane, ████████████████████
██████████████████████████████.  *See, e.g.*, JJHCS Ex. 31, SOSP_0943275 ████████
█████████████████████████████████████████");  JJHCS Ex.
32, SOSP_0273412 (spreadsheet ████████████████████████████████
█████████████████████████████████████████████; JJHCS Ex. 33,
SOSP_1110635 (████████████████████████████████████; JJHCS Ex. 34,
SOSP_0326508 (████████████████████████████████████████████████
█████████████████████████████████████████████████████); JJHCS Ex. 35,

14976462

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 6

### SaveOnSP Must Diligently Investigate, Not Merely Repeat What JJHCS Already Knows.

SaveOnSP contends that it need not update its responses because Rule 26(e) permits it to omit information that it has "already produced in other forms."[3]  Opp. at 5.  This casts further doubt on the certification by SaveOnSP's President, Jody Miller, that SaveOnSP's responses accounted for "***all*** information available to SaveOnSP, its agents, employees and attorneys."  JJHCS Ex. 15 at 10 (emphasis supplied).  But even setting that aside, SaveOnSP misapprehends the law.

Rule 26(e) requires supplementation or correction of interrogatory responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  But this "otherwise made known" exception is far too narrow to help SaveOnSP here.  To invoke it, the information at issue must have been "clearly and unambiguously" provided, "in such a form and of such specificity as the functional equivalent of a supplemental discovery response."  *In re BlackRock Mutual Funds Advisory Fee Litig.*, 2018 WL 11242142, at *4 (D.N.J. June 13, 2018) (Wolfson, J.).  The deposition testimony relied upon by SaveOnSP falls short of this standard.

---

SOSP_0859572 at -574–75 (  ).

[3] SaveOnSP has also refused to provide information responsive to its deceptive strategies toward manufacturers in response to JJHCS's Eleventh Set of Requests for Production.  *See* JJHCS Ex. 36 (SaveOnSP's Responses & Objections to JJHCS's Eleventh Set of RFPs (refusing to provide documents in which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ).)

14976462

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 7

For example, ███████████████████████████████████████████

███████████████████████████████████████████████████ (*see* JJHCS Ex.

3 at 115:15–25), █████████████████████████ (*id.* at 177:6–21),

███████████████████ (*id.* at 150:2–23). This testimony cannot satisfy Rule 26(e) because it does

not "clearly and unambiguously" provide the information the Interrogatories seek. *In re*

*BlackRock*, 2018 WL 11242142, at *4; *see, e.g.*, *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 2010

WL 1849913, at *9 (D.N.J. May 7, 2010) ("Sporadic mentions in depositions are not a substitute

for certified responses to discovery and do not satisfy Lilly's discovery obligations."). And so

SaveOnSP must revise its responses. *See Prominent GmbH v. Prominent Sys., Inc.*, 2019 WL

3972819, at *2 (W.D. Pa. Aug. 22, 2019) (deposition testimony contrary to past interrogatory

responses should be addressed with "a revision to the Interrogatory Responses"); *Pfizer Inc. v.*

*Teva Pharms. USA, Inc.*, 2006 WL 2938723, at *3 (D.N.J. Oct. 13, 2006) ("[B]y failing to

supplement its response to Teva's interrogatory, Pfizer's response became materially incomplete

or incorrect, and Pfizer was thus in violation of Rule 26(e)(2).").[4]

---

[4] SaveOnSP's cited cases, *see* Opp. at 5, do not compel a different result. In one, the court
recognized that vague references to a potential witness during a deposition did not constitute an
adequate supplemental disclosure and emphasized that any "supposed disclosure" that "requires
inferences as to the person's relevance and knowledge . . . is not sufficient." *Eli Lilly*, 2010 WL
1849913, at *8. Its other cited cases concerned narrower disclosures, such as individuals' identities
or discrete documents. *See Pa. State Lodge Fraternal Ord. of Police v. Twp. of Springfield*, 2023
WL 7547494, at *6–7 (E.D. Pa. Nov. 13, 2023) (disclosure of existence of presentation and names
of its presenters); *In re Jacoby Airplane Crash*, 2007 WL 559801, at *10 (D.N.J. Feb. 14, 2007)
(disclosure of one individual's identity); *Liggins-McCoy v. Democratic Caucus of Senate of Pa.*,
2022 WL 1446987, at *10 (E.D. Pa. May 5, 2022) (same); *Branch v. Temple Univ.*, 2023 WL
3993016, at *5 (3d Cir. June 14, 2023) (same); *Holley v. Port Auth. of N.Y.*, 2018 WL 11413338,
at *3 (D.N.J. May 3, 2018) (disclosure of identities). These cases are not analogous to the situation
here, in which SaveOnSP refuses to provide broad swaths of relevant information about its overall
business strategies and how it implemented them.

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 8

### SaveOnSP's Interrogatory-Specific Arguments Are All Meritless.

**Interrogatory No. 4** asks about the "process by which SaveOnSP determines the size of the 'inflated co-pay,' or increase to Plan Members' Co-payment or Co-insurance, including *any and all criteria* used to inform how that Co-payment or Co-insurance is determined" (emphasis supplied). SaveOnSP's response omitted highly relevant and damaging evidence, including that ██████████████████████████████████████████ *See* JJHCS Ex. 14 at -312 (describing ████████████████████████████████████ ███████████████████████████████); *see also* JJHCS Ex. 5 at -232 (explaining ████ ██████████████████████████████████████, JJHCS Ex. 20 (explaining ████████ ████████████████████████████████████████████████).

Aside from parroting its relevance objection, discussed on pp. 3–5 above, SaveOnSP justifies its failure to update this response on the grounds that its "intent" is not at issue in this Interrogatory. Not so: the Interrogatory requires SaveOnSP to describe all "criteria" or factors relevant to its setting of copayments. The evidence confirms that ███████████████ ████████████████████████████████████ *See* JJHCS Exs. 5, 14, and 20. SaveOnSP's response must be supplemented not only to correct this inaccuracy but also to account for any other "criteria" SaveOnSP has failed to disclose.

**Interrogatory No. 15** seeks disclosure of all circumstances when ███████████ █████████████████████████████████████████████████████████████████ ██████████████████████████████████████. After Judge Waldor compelled SaveOnSP to answer this interrogatory, SaveOnSP responded that it "████████████████ █████████████████████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 9



JJHCS Ex. 17.  SaveOnSP's documents contradict that response.  *See* JJHCS Ex. 8, (█████████████████████████████████████████████████████); JJHCS Ex. 18 (███████████████████████████████████████████████████).

SaveOnSP's response to Exhibit 8 is to place the blame on its business partner, █████████, whom it says █████████████████  Opp. at 8.  That is a distinction without a difference in this context, because JJHCS has alleged (and SaveOnSP has never disputed) that SaveOnSP █████████████ work together to implement the scheme at issue in this case.  Compl. ¶¶ 28, 51–52, 68.  Regardless, the same language about ██████████████████████ so SaveOnSP cannot disown it so easily.  *See* JJHCS Ex. 37, SOSP_0856502 at slide 9 (██████████████████████████).

SaveOnSP's response to Exhibit 18, meanwhile, elides the relevant portion.  SaveOnSP says this document is about ██████████████████████████████████████████  Opp. at 8.  But the document itself expressly includes ███████████████████████  *See* JJHCS Ex. 18.

SaveOnSP cannot simply wave this inconvenient evidence away.  It must conduct a reasonable investigation into its own practices that bear upon this Interrogatory and then supplement its response so that it is complete and accurate.

**Interrogatory No. 16** seeks information about the measures that SaveOnSP has used "to prevent manufacturers from identifying SaveOnSP-affiliated patients."  Although SaveOnSP's interrogatory response ███████████████████████████████████, JJHCS's

9

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 10

opening brief identified several documents from SaveOnSP's own production that give the lie to that response.  *See* Opening Br. at 11.

SaveOnSP now tries to duck that evidence by claiming that ██████████████████████ Opp. at 8–9.  But SaveOnSP expressly agreed to include in its response the measures it took to deceive other manufacturers.  *See* JJHCS Ex. 19.  SaveOnSP then resorts to blaming ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████ SaveOnSP should update its response to this interrogatory after fully investigating its subject matter.

**Interrogatory No. 17** asks about the methods that SaveOnSP has "utilized to prevent any . . . manufacturers from being able to identify" SaveOnSP representatives.  And **Interrogatory No. 19** asks about circumstances in which SaveOnSP representatives and employees have "lied to, misled, or deceived" manufacturers.  SaveOnSP seemingly agrees that its responses to these Interrogatories are inaccurate.  For example, SaveOnSP acknowledges ████████████████

████████████████████████████████████████████████████████, and does not dispute the evidence that ████████████████████████████████████████████

████████████████████████████████████████████████████████████. Still, it refuses to correct the contrary false statements in its responses.  Opp. at 14–15 (relying on now-disproven ████████████████████████████████████).[5]

---

[5] SaveOnSP hopes to pull focus from the devastating testimony of Ms. Zulqarnain by leveling a vague and baseless claim of "misconduct" at JJHCS.  Opp. at 14 & n.3.  It complains that the

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 11

The flaw in SaveOnSP's argument is that the law does not permit a party to simply double down on ████████████████████████ to satisfy its own discovery obligations. Rather, SaveOnSP's interrogatory responses must account for "all information available to it," including not only "what its agents know" but also "what is in the documents available to it." *Younes*, 312 F.R.D. at 705–07; *accord* JJHCS Ex. 15 at 10 (SaveOnSP's President certifying that he "furnished all information available to SaveOnSP, its agents, employees and attorneys"). And the fact that JJHCS has identified multiple inaccuracies in SaveOnSP's responses, despite having only limited information about SaveOnSP's conduct, suggests that there may well be other inaccuracies. The only way to know is for SaveOnSP to diligently investigate these issues.

**Interrogatory No. 20** asks SaveOnSP to describe "each instance where and all circumstances under which [it has] instructed its representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to ████████████████ ████████ SaveOnSP responded that ████████████████████████████████

---

recordings at issue were "responsive to SaveOn's document requests," but tellingly identifies none to which JJHCS agreed. The truth is that neither party, not JJHCS and not SaveOnSP, agreed to produce all of its call recordings. Moreover, SaveOnSP served a request covering these specific recordings a week *after* Ms. Zulqarnain's deposition—a tacit admission that JJHCS was not already obligated to produce them before that date. *See* JJHCS Ex. 38 at 12. So SaveOnSP's present citations to authority about evidence "that the lawyer or the client has a legal obligation to reveal or produce," or that was wrongfully withheld until after discovery was over, are totally inapt—all heat and no light. Opp. at 14 n.3.

Regardless, ████████████████████████████████████████████ ████████████████████████████████ Because of these overlapping deceptions, JJHCS could not confirm that a ████████████████████████ ████████████████ And while SaveOnSP claims that JJHCS "said it might do the same thing to other witnesses," the Court will search SaveOnSP's citation in vain for such a statement. These tactics should not distract the Court from the actual issues raised in this motion.

11

14976462

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 12

███████████. JJHCS Ex. 25 at 8. That cannot be squared with SaveOnSP's own documents

and Ms. Zulqarnain's sworn admissions. *See* Opening Br. at 15–16. And this incongruity, in turn,

demonstrates that SaveOnSP has not lived up to its commitment to "investigat[e] ███████████

███████████████ JJHCS Ex. 21.

SaveOnSP's arguments to the contrary all fail. *First*, SaveOnSP now claims that ███████

███████████████" and the evidence to the contrary is "not true." Opp. at 16–17.

But those are different and more unequivocal statements than what appears in the response itself

(which gestures ███████████"), and if they reflect SaveOnSP's new position,

they must actually be incorporated into the response and then certified by a knowledgeable witness.

*Second*, while SaveOnSP now characterizes ███████████████

███████████—as a rogue agent, its disavowal is at odds with her testimony in which she

███████████████ *See* JJHCS Ex.

3 at 32:23–33:10 (explaining that ███████████████; *id.* at 72:7–

73:25 (indicating ███████████████

███████); *id.* at 121:23–25 (indicating ███████████████

███████████); *id.* at 153:3–23 (indicating that "███████

███████████████

███████). Her testimony is corroborated by SaveOnSP's own records. *See, e.g.*, JJHCS Ex.

26 (confirming ███████████████

███████████). Insofar as SaveOnSP is claiming that her testimony is inconsistent,

that is all the more reason to compel complete and accurate interrogatory responses. After all, it

is SaveOnSP itself, not any individual employee, which has the duty to answer interrogatories

12

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 13

"directly" and "without evasion." *Joaquin v. Lonstein L. Offs., P.C.*, 2019 WL 399136, at *3

(D.N.J. Jan. 31, 2019) (quoting *Younes*, 312 F.R.D. at 705).

*Third*, SaveOnSP claims to see a big difference between "not affirmatively disclosing"

material information, on the one hand, and "misleading[] or deceiving," on the other.  Opp. at 16.

In fact, omissions of truth matter and are plainly encompassed by the definition of those words.

*See* "MISLEAD," Black's Law Dictionary (11th ed. 2019) ("[t]o cause (another person) to believe

something that is not so, ***whether by words or silence***, action or inaction" (emphasis supplied));

"DECEIVE," Merriam-Webster, https://www.merriam-webster.com/dictionary/deceive (last

visited Mar. 22, 2024) ("to make someone believe something that is not true" or to "give a false

impression").  Of course, SaveOnSP knows what these words mean, not least because JJHCS

previously pointed SaveOnSP to both definitions.  JJHCS Ex. 39, Sept. 22, 2023 Ltr. from S.

Arrow to M. Nelson.  After that, SaveOnSP expressly agreed to supplement its responses.  JJHCS

Ex. 40, Oct. 6, 2023 Ltr. from M. Nelson to S. Arrow.  It is disingenuous for SaveOnSP's

opposition brief to omit its own agreement on this point.  All else aside, ██████████████

████████████████████████████████████████████████████████████████████████

██████████████.[6]  So there is no excuse for this omission in SaveOnSP's interrogatory response.

---

[6] For example, ████████████████████████████████████████████████████

████████████████████████████████████████ *See, e.g.*, JJHCS Ex. 41, SOSP_0325550
at -562.  That is false.  SaveOnSP's own website claims that it "administers" a patient's "copay
assistance benefit," so it cannot be true that ███████████████████████████████
████████████ *See* https://saveonsp.com/members/.  And SaveOnSP specifically ███
████████████████████████████████████████ *See, e.g.*, JJHCS
Ex. 41 at -558, -563; JJHCS Ex. 42, SOSP_0300179 at 3; *see also* SaveOnSP's Mar. 21, 2024
Opp. to JJHCS's Motion to Compel at 2 (acknowledging it "monitors" "members' pharmacy
accounts").

Honorable Freda L. Wolfson, U.S.D.J.
March 22, 2024
Page 14

*       *       *

Something went very wrong when SaveOnSP crafted its responses to JJHCS's Manufacturer Evasion Interrogatories. There are two possibilities. One is that SaveOnSP failed to diligently investigate the subject matter of these interrogatories before responding to them. The other is that SaveOnSP had full knowledge of highly relevant and damaging information, yet chose to omit this information from its responses. Either way, the end result is the same: SaveOnSP's responses are inaccurate and incomplete. Your Honor should direct SaveOnSP to investigate, supplement, and verify its responses to JJHCS's Manufacturer Evasion Interrogatories without further delay or gamesmanship and set a date for compliance.

Respectfully submitted,

*/s/ George LoBiondo*
George LoBiondo

cc:     All Counsel of Record

14976462

# EXHIBIT 30

# SEALED IN ITS ENTIRETY

# EXHIBIT 31

## SEALED IN ITS ENTIRETY

# EXHIBIT 32

# SEALED IN ITS ENTIRETY

# EXHIBIT 33

# SEALED IN ITS ENTIRETY

# EXHIBIT 34

# SEALED IN ITS ENTIRETY

# EXHIBIT 35

# SEALED IN ITS ENTIRETY

# Exhibit 36

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102

973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Eleventh Set of Requests for Production, dated February 16, 2024 (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## OBJECTIONS TO DEFINITIONS

1.      SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

2.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

3. SaveOnSP objects to the definition of "SaveOnSP Program," as described in the Complaint ¶¶ 9-17 and ¶¶ 50-88, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition. SaveOnSP instead interprets this term to mean the services that it provides to health plans.

## OBJECTIONS TO INSTRUCTIONS

4. SaveOnSP objects to Instruction No. 17 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

5. SaveOnSP objects to Instruction No. 19 to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, custody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

6. SaveOnSP objects to Instruction No. 21 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7. SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 104:** All Documents or Communications regarding the document produced as SOSP_0556256, including (1) all drafts; (2) ███████████████, documents sufficient to show the dates ██████████████████████████████████████████████████████████ all Documents and Communications regarding SaveOnSP's reason or reasons ████████████ and (5) documents sufficient to show ████████████████ ██████████████

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 105:** All Documents or Communications regarding the document produced as SOSP_0556254, including (1) all drafts; (2) ███████████████ documents sufficient to show the dates ███████████████████████████ all Documents and Communications regarding SaveOnSP's reason or reasons ████████████████ and (5) documents sufficient to show ███████████ ████████████.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 106:** All Documents and Communications regarding instances in which ████████████████████████████████████████████████████

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action.

4

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 5, in response to which SaveOnSP already agreed to produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 27, in response to which SaveOnSP already agreed to produce "documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients . . . based on the exhaustion of manufacturer copay assistance funds." *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 107:** All Documents and Communications regarding any instance in which ███████████████████████████████████████████████████████████████

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 5, in response to which SaveOnSP already agreed to produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 27, in response to which SaveOnSP already agreed to produce "documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients . . . based on the exhaustion of manufacturer copay assistance funds." *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 108:** All Documents and Communications regarding any ████████████████████████████████████████████████████████████████████████

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

6

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 109:** Documents sufficient to identify the ▓▓▓▓▓▓▓▓▓ referenced in SOSP_0385210.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 110:** All Documents and Communications regarding the article entitled "Tackling cancer while battling the insurance system" that was published in the Washington Post on September 9, 2022, including any ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents that are privileged.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, or control.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 111:** All Documents and Communications related to the █████████ in SOSP_0920808, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ and produced as SOSP_0884139.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this request.

**REQUEST NO. 112:** All Documents and Communications related to the ███████████ ███ described in SOSP_1035262.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

8

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested.

SaveOnSP objects to this Request to the extent that it seeks documents outside of Save-OnSP's possession, custody, or control.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this request.

**REQUEST NO. 113:** All Documents and Communications regarding any instance in which ███████████████████████████████████████████████████████ ███████████████████████████████████, as discussed in SOSP_1051456.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents outside of SaveOnSP's possession, custody, or control.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 5. SaveOnSP already agreed to produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll

9

in CarePath concerning CarePath or SaveOnSP's services. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 6. SaveOnSP has already agreed to produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such communications, identified during a reasonable search. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this request.

**REQUEST NO. 114:** All Documents and Communications regarding any instance in which ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOn objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOn objects to this Request to the extent it is duplicative of JJHCS's Request No. 6, in response to which SaveOnSP has already agreed to produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such communications, identified during a reasonable search. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 79, in response to which SaveOn SP has already agreed to produce documents concerning evasion tactics involving CarePath or Janssen drugs, identified during a reasonable search. *See* June 15, 2023, SaveOnSP's Responses and Objections to JJHCS's Fifth Set of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 115:** Documents sufficient to show all phone numbers used by SaveOnSP or any of its employees, agents, or affiliates when calling JJHCS or TrialCard, Inc., as well as the dates and times of all such phone calls.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

Dated:  March 18, 2024

By:  /s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBIT 37

# SEALED IN ITS ENTIRETY

# Exhibit 38

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  November 17, 2023

By:  */s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

The following definitions apply to these Requests:

1.　　The singular form of a word includes the plural, and vice versa.

2.　　Any tense of a verb includes all tenses.

3.　　Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.　　Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.　　"2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.　　"Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.　　"Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

4

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.    "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

9.    "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

10.    "<u>Archbow</u>" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.    "<u>Benefits Investigation</u>" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

12.    "<u>Best Price</u>" is the lowest price available form the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

13.    "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

14.    "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

15.   "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

16.   "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.   "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.   "Express Scripts" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

19.   "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.   "Including" means including but not limited to.

21.   "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

6

or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.     "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

23.     "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

24.     "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

25.     "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from

counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

26.     "Person" means a natural person or legal entity including any business or governmental entity or association.

27.     "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

28.     "Request" means any of these Requests for Production.

29.     "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

30.     "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

31.     "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

8

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

32.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

9

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

63. All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

64. All Documents and Communications regarding JJHCS's attempts to avoid PBM "redirection" of copay assistance funds ███████████████████████████████ ███████████████████████████████████████████. *See* ARCHBOW_000219.

65. All Documents and Communications regarding ██████████████████████ █████████████ (as that phrase is used in ARCHBOW_000241), ████████████████ ██████████████████████████████ *See* ARCHBOW_000241.

66. All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

67. Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

68. All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

69. All Documents and Communications █████████████████████████ ████████ *See* ARCHBOW_000103.

70. All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

71.     Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay assistance payments and other provision of funds to patients for the purpose of internal reports, bookkeeping, internal or external financial reporting, including without limitation reporting for tax purposes or compliance with any other law, including without limitation whether JJHCS accounts for those payments as charity, charitable contributions, business expenses, rebates, discounts, marketing, or otherwise.

72.     All Documents and Communications regarding the treatment or potential treatment of CarePath or copay assistance programs as rebate programs, including without limitation discussions with Archbow. *See* ARCHBOW_000438.

73.     All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow. *See* ARCHBOW_000306; ARCHBOW_000439.

74.     All Documents and Communications regarding the funds that JJHCS provides to patients taking Janssen Drugs (including without limitation CarePath funds and any other funds) compared to the revenue that Janssen receives from the sales of Janssen Drugs, including without limitations discussions with Archbow. *See* ARCHBOW_000440.

75.     All Documents and Communications with entities other than JJHCS regarding the above-captioned lawsuit or any potential lawsuit against SaveOnSP, including without limitation discussions with Archbow. *See* ARCHBOW_000443.

76.     All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one hand, and JJHCS or any Hub Entity, on the other hand.

# Exhibit 39



www.pbwt.com

September 22, 2023

Sara A. Arrow
(212) 336-2031
sarrow@pbwt.com

**VIA EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
            **No. 2:22-cv-02632 (ES) (CLW)**

Dear Meredith:

   We write concerning SaveOnSP's responses and objections to JJHCS's Third Set of Interrogatories.

   **Global Issues.**  SaveOnSP has objected to Interrogatories No. 16–20 on the basis ████████████████████████████████████████████████████████████ objection is improper.

   As you know, the Court has rejected SaveOnSP's attempts to categorically exclude discovery relating to SaveOnSP's deceptive tactics with manufacturers other than JJHCS.  As the Court has recognized, evidence of SaveOnSP's conduct toward other manufacturers is discoverable "to show intent with respect to [JJHCS]."  June 27, 2023 Tr. 9:8–15; *see also id.* 30:3–7 (The Court:  "I think [counsel for JJHCS is] correct that possibly some interpretation might go to intent. . . . I think it is discoverable.").  Indeed, the Court went further and rejected SaveOnSP's efforts to resist the production of ██████████████████████████████████████ Similarly, these Interrogatories seek information concerning how SaveOnSP operationalized its business model premised on its intention to deceive and evade manufacturer detection—conduct at the very core of JJHCS's claims.  As a result, SaveOnSP may not limit its responses to information regarding JJHCS only.  Please supplement your Responses to the each of the Interrogatories to include any responsive information concerning Pharmaceutical Manufacturers other than JJHCS or otherwise provide your availability to meet and confer.

   **Interrogatory Nos. 19 and 20.**  You have objected to Interrogatory Nos. 19 and 20 ████████████████████████████████████████████████████ Not so.  These

Meredith Nelson, Esq.
September 22, 2023
Page 2


terms have a plain and ordinary meaning beyond the mere ████████████████████ For example, both terms mean "[t]o cause (another person) to believe something that is not so, whether by words or silence, action or inaction."[1]  SaveOnSP's Responses █████████████████████████████████ ██████████ as defined by common usage.  If it is your position that no such instances exist, please supplement your Responses to expressly so state.

*      *      *

　　　　　Please provide a response to this letter, and any required supplementation, by September 29, 2023.

　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　*/s/ Sara A. Arrow*
　　　　　　　　　　　　　　Sara A. Arrow


----

[1]  "MISLEAD," Black's Law Dictionary (11th ed. 2019); *see also* "DECEIVE," Merriam-Webster, https://www.merriam-webster.com/dictionary/deceive (last visited Sept. 22, 2023) ("to make someone believe something that is not true").

14561620

# Exhibit 40



Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Meredith Nelson
Associate
212.390.9069
mnelson@selendygay.com

October 6, 2023

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re:   *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*
      **(Case No. 2:22-cv-02632-ES-CLW)**

Dear Sara,

We write in response to your September 22, 2023 letter regarding SaveOnSP's responses and objections to JJHCS's Third Set of Interrogatories.

*First*, you ask us to supplement SaveOnSP's Interrogatory responses to provide "information regarding Pharmaceutical Manufacturers other than JJHCS." We will not. SaveOnSP is providing information regarding business strategies related to all manufacturers and specifically JJHCS. Information concerning solely non-JJHCS manufacturers is irrelevant. Contrary to your assertions, the Court did not rule that evidence of SaveOnSP's conduct toward only non-JJHCS manufacturers is generally discoverable; it ordered SaveOnSP to produce business plans, ruling that the fact that the plans contained such information was not a reason to hold back production.

*Second*, you assert that SaveOnSP's responses to Interrogatory Nos. 19 and 20 ███████████████████████████████████████████████████. SaveOnSP will supplement its Responses.

We reserve all rights and are available to meet and confer.

Best,

/s/ Meredith Nelson

Meredith Nelson
Associate

# EXHIBIT 41

# SEALED IN ITS ENTIRETY

# EXHIBIT 42

# SEALED IN ITS ENTIRETY