**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated April 17, 2024 [ECF No. 253] | Letter motion discusses in detail, including by reference to internal communications and agreements, the role of Save On SP, LLC's ("SaveOn") Corporate Counsel and Chief Compliance Officer, Darcie Falsioni. The letter specifically discusses the input Ms. Falsioni had into SaveOn's business and marketing strategy, comprising proprietary business information. *See* ECF No. 253. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 1 is an email chain between Falsioni, a health plan, and SaveOn employees, discussing SaveOn's business strategy, comprising | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | proprietary business information. *See* ECF No. 253 at Ex. 1. | be disclosed to competitors and other market participants. | | | |
| Exhibit 2 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 2 is an email chain between Falsioni, a health plan, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 3 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to Letter dated April | Exhibit 4 is an email chain between Falsioni, a health plan, Express | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| 17, 2024 [ECF No. 253] | Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 4. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business information. | | |
| Exhibit 5 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 5 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 6 is a chart sent by SaveOn to health plan clients showing all the contracts and documents to be signed to enter into a business relationship with SaveOn, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

3

| | information. *See* ECF No. 253 at Ex. 6. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 7 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 7 is a chart sent by SaveOn to health plan clients showing all the contracts and documents to be signed to enter into a business relationship with SaveOn, comprising proprietary business information. *See* ECF No. 253 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 8 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 8 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 9 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 9 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

4

| | | | | | |
|---|---|---|---|---|---|
| | and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 9. | be disclosed to competitors and other market participants. | | | |
| Exhibit 10 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 10 is an email chain between Falsioni, Accredo employees, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and a health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 11 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 11 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| | plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 11. | | | | |
| Exhibit 12 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 12 is an email chain between Falsioni, counsel for a health plan client, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 13 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 13 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 14 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 14 is an email chain between Falsioni, a health plan, and SaveOn employees communicating about and sending a contract outlining the business relationship between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 14. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| --- | --- | --- | --- | --- | --- |
| Exhibit 15 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 15 is an email chain between Falsioni, a health plan, Accredo employees, and SaveOn employees communicating about SaveOn's updated drug lists, comprising proprietary business information. *See* ECF No. 253 at Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 16 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 16 is an Express Scripts, Inc.-branded slide about SaveOn's business model, comprising proprietary business information. *See* ECF No. 253 at Ex. 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

7

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 17 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 17 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and contract between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 18 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 18 is a text exchange between Falsioni and other SaveOn employees, including CEO Jody Miller. The exchange discusses SaveOn's marketing strategy, comprising proprietary business information. *See* ECF No. 253 at Ex. 18. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 19 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 19 is an email exchange between SaveOn and a health plan client, discussing drug manufacturer terms and conditions and SaveOn's business model's relationship with those | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

8

| | | | | | |
|---|---|---|---|---|---|
| | T&Cs, comprising proprietary business information. *See* ECF No. 253 at Ex. 19. | be disclosed to competitors and other market participants. | | | |
| Exhibit 20 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 20 is a Master Program Agreement between SaveOn and Express Scripts, Inc. setting forth their business relationship, comprising proprietary business information. *See* ECF No. 253 at Ex. 20. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 21 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 21 is an email exchange between SaveOn, Express Scripts, Inc., and Accredo employees discussing SaveOn's business strategy and marketing materials, comprising proprietary business information. *See* ECF No. 253 at Ex. 21. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 22 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 22 is an email exchange between SaveOn, Express Scripts, Inc., and a health plan client, discussing the client's plan requirements and how those requirements relate | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

9

| | | | | | |
|---|---|---|---|---|---|
| | to SaveOn's business model, comprising proprietary business information. *See* ECF No. 253 at Ex. 22. | be disclosed to competitors and other market participants. | | | |
| Exhibit 23 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 23 is an email exchange between SaveOn, Express Scripts, Inc., and a health plan client, discussing the client's plan requirements and how those requirements relate to SaveOn's business model, comprising proprietary business information. *See* ECF No. 253 at Ex. 23. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 24 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 24 is an email exchange between SaveOn, Express Scripts, Inc., and a health plan client, discussing the client's plan requirements and how those requirements relate to SaveOn's business model, comprising proprietary business information. *See* ECF No. 253 at Ex. 24. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 25 to Letter | Exhibit 25 is an email exchange between | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| dated April 17, 2024 [ECF No. 253] | SaveOn, Express Scripts, Inc., and a health plan client discussing SaveOn's business strategy, including specifics of its "Adapt" services, comprising proprietary business information. *See* ECF No. 253 at Ex. 25. | competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 27 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 27 is an email exchange between SaveOn and a health plan client discussing SaveOn's business practices and relationship with plans and patients, including specifics of SaveOn's coinsurance model works with the Affordable Care Act, comprising proprietary business information. *See* ECF No. 253 at Ex. 27. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 28 to Letter dated April 17, 2024 [ECF No. 253] | Exhibit 28 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and contract between SaveOn | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | and the health plan client, comprising proprietary business information. *See* ECF No. 253 at Ex. 28. | be disclosed to competitors and other market participants. |  |  |  |
| Letter dated April 29, 2024 [ECF No. 326] | Letter motion references SaveOn's relationship with its clients, including specific quotes from contracts defining SaveOn's relationship with health plans and Express Scripts, Inc., comprising proprietary business information. *See* ECF No. 326. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 2 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 2 is a contract between SaveOn and a health plan partner. Exhibit 2 sets out the business relationship between SaveOn and its clients, comprising proprietary business information, *See* ECF No. 326 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 3 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | contract between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 326 at Ex. 3. | be disclosed to competitors and other market participants. | | | |
| Exhibit 4 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 4 is a contract between SaveOn and a health plan partner. Exhibit 4 sets out the business relationship between SaveOn and its clients, comprising proprietary business information, *See* ECF No. 326 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 5 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 5 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and contract between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 326 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to Letter dated April 29, 2024 | Exhibit 6 is a contract between SaveOn, Express Scripts, Inc., and a health plan partner. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

13

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 326] | Exhibit 6 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 6. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 7 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 7 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and contract between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 326 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 8 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 8 is a contract between SaveOn and a health plan partner. Exhibit 8 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 9 to Letter dated April | Exhibit 9 is a contract between SaveOn and a health plan partner. | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| 29, 2024 [ECF No. 326] | Exhibit 9 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 9. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business information. | | |
| Exhibit 10 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 10 is a contract between SaveOn and a health plan partner. Exhibit 10 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 11 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 11 is a contract between SaveOn and a health plan partner. Exhibit 11 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 12 is a contract between SaveOn, Express Scripts, Inc., and a health plan partner. Exhibit 12 sets out the business relationship | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 12. | be disclosed to competitors and other market participants. | | | |
| Exhibit 13 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 13 is a contract between SaveOn, Express Scripts, Inc., and a health plan partner. Exhibit 6 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 14 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 14 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and contract between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 326 at Ex. 14. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 15 to Letter dated April 29, 2024 | Exhibit 15 is a contract between SaveOn and a health plan partner. Exhibit 15 sets out the | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

16

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 326] | business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 15. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 16 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 16 is an email chain between Falsioni, a health plan, Express Scripts, Inc. employees, and SaveOn employees communicating about the business relationship and contract between SaveOn and the health plan client, comprising proprietary business information. *See* ECF No. 326 at Ex. 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 17 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 17 is a contract between SaveOn and a health plan partner. Exhibit 17 sets out the business relationship between SaveOn and its clients, comprising proprietary business information, *See* ECF No. 326 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 18 to Letter dated April 29, 2024 | Exhibit 18 is a contract between SaveOn and a health plan partner. Exhibit 18 sets out the | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

17

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 326] | business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 18. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 19 to Letter dated April 29, 2024 [ECF No. 326] | Exhibit 18 is a contract between SaveOn and a health plan partner. Exhibit 18 sets out the business relationship between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 326 at Ex. 18. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated May 6, 2024 [ECF No. 278] | Letter motion describes the role of Falsioni as SaveOn's Corporate Counsel and Chief Compliance Officer, comprising proprietary business information about SaveOn's structure and outreach to clients. *See* ECF No. 278. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

18