**Appendix C to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated May 3, 2024 [ECF No. 275] | Letter motion refers to (1) Save On SP, LLC's ("SaveOn") strategy for communicating with providers and patients, (2) internal emails between SaveOn employees discussing its communications with providers and patients, (3) the contents of internal drafts of communications to providers and patients, (4) communications between SaveOn and providers, and (5) communications between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 275. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 1 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 1 is a letter from counsel for Johnson & Johnson Health Services, Inc. (with its affiliates, "J&J") to counsel for SaveOn. Exhibit 1 contains references to (1) SaveOn's strategy for communicating with providers and (2) SaveOn's internal communications about the geographical scope of its business, comprising proprietary business information. *See* ECF No. 275 at Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 2 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 2 is a letter from counsel for SaveOn to counsel for J&J. Exhibit 2 contains references to (1) SaveOn's strategy for communicating with providers, (2) SaveOn's internal communications about its strategy for responding to drug manufacturers, and (3) SaveOn's internal communications about the geographical scope of its business, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| | comprising proprietary business information. *See* ECF No. 275 at Ex. 2. | | | | |
| Exhibit 4 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 4 is a document reflecting SaveOn's CEO's draft ideas for an article, comprising proprietary business information about SaveOn's business practices and marketing strategy. *See* ECF No. 275 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 5 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 5 is an internal draft of a patient communication that was never sent, comprising proprietary information about SaveOn's marketing strategy. *See* ECF No. 275 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 6 is an internal draft of a patient communication that was never sent, comprising proprietary information about SaveOn's marketing strategy. *See* ECF No. 275 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 7 to Letter dated May | Exhibit 7 is an email exchange between SaveOn employees and | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | No | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| 3, 2024 [ECF No. 275] | employees from Express Scripts, Inc. discussing SaveOn's marketing strategy in communicating with health plan clients, comprising proprietary business information. *See* ECF No. 275 at Ex. 7. | should its proprietary non-public business information be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business in-formation. | | |
| Exhibit 8 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 8 is an email from SaveOn's CEO to an employee at Accredo discussing SaveOn's marketing strategy in communicating with health plan clients, comprising proprietary business information. *See* ECF No. 275 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 9 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 9 is a text exchange between SaveOn's CEO and an Accredo employee. The exchange discusses SaveOn's marketing strategy in communicating with health plan clients, comprising proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

4

| | | | | | |
|---|---|---|---|---|---|
| | *See* ECF No. 275 at Ex. 9. | | | | |
| Exhibit 11 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 11 is an email exchange between SaveOn employees, Express Scripts, Inc. employees, and a health plan. The emails discuss SaveOn's marketing strategy for communicating with providers and health plans, comprising proprietary business information. *See* ECF No. 275 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 12 is an email exchange between SaveOn employees, Express Scripts, Inc. employees, and a health plan. The emails discuss SaveOn's marketing strategy for communicating with providers and health plans, comprising proprietary business information. *See* ECF No. 275 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 13 to Letter dated May | Exhibit 13 is an email exchange between SaveOn employees and a | If relief is not granted, SaveOn would be at a competitive disadvantage | A redacted, public version of the email exchange is being filed. It | No | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| 3, 2024 [ECF No. 275] | health plan. The emails discuss SaveOn's strategy for communicating with providers and health plans, comprising proprietary business information. *See* ECF No. 275 at Ex. 13. | should its proprietary non-public business information be disclosed to competitors and other market participants. | is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 14 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 14 is an email exchange between SaveOn employees and Express Scripts, Inc. employees discussing SaveOn's marketing strategy for communicating with providers and health plans, comprising proprietary business information. *See* ECF No. 275 at Ex. 14. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 16 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 16 is a letter from counsel for SaveOn to counsel for J&J. The letter references SaveOn's marketing strategy for communicating with providers and health plans, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

6

| | | | | | |
|---|---|---|---|---|---|
| | information. *See* ECF No. 275 at Ex. 16. | | | | |
| Exhibit 20 to Letter dated May 3, 2024 [ECF No. 275] | Exhibit 20 is a letter from counsel for SaveOn to counsel for J&J. Exhibit 20 contains references to (1) SaveOn's strategy for communicating with providers and (2) SaveOn's internal communications about the geographical scope of its business, comprising proprietary business information. *See* ECF No. 275 at Ex. 20. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated May 14, 2024 [ECF No. 328] | Letter motion contains direct reference to internal SaveOn documents discussing SaveOn's plan for communicating with providers, patients, and health plans, comprising proprietary business information. *See* ECF No. 328. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to Letter dated May 14, 2024 | Exhibit 1 is a letter from counsel for SaveOn to counsel for J&J. Exhibit 1 contains references to | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | A redacted, public version of the Letter is being filed. It is believed | No | No objection |

7

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 328] | SaveOn's strategy for communicating with health plans, comprising proprietary business information. *See* ECF No. 328 at Ex. 1. | non-public business information and strategy be disclosed to competitors and other market participants. | that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 2 to Letter dated May 14, 2024 [ECF No. 328] | Exhibit 2 is SaveOn's R&Os to J&J's 11th Set of RFPs. Exhibit 2 contains references to (1) SaveOn's relationship with health plans and Express Scripts, Inc., (2) SaveOn's strategy for communicating with providers and (3) SaveOn's internal communications about the geographical scope of its business, comprising proprietary business information. *See* ECF No. 328 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated May 21, 2024 [ECF No. 301] | Letter motion refers to (1) SaveOn's strategy for communicating with providers and patients, (2) internal emails between SaveOn employees discussing its communications with providers and patients, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

8

| | | | | | |
|---|---|---|---|---|---|
| | (3) the contents of internal drafts of communications to providers and patients, (4) communications between SaveOn and providers, and (5) communications between SaveOn and its clients, comprising proprietary business information. *See* ECF No. 301. | | | | |

9