**Appendix D to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated May 10, 2024 [ECF No. 284] | Letter motion references the business practices of Save On SP, LLC ("SaveOn"), including SaveOn's training of and policies for its call center representatives and other employees, comprising proprietary business information. Letter also references confidential deposition transcript that discusses SaveOn's business practices, comprising proprietary business information. *See* ECF No. 284. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 1 is an internal SaveOn slide deck created for training purposes for its employees, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | information. *See* ECF No. 284 at Ex. 1. | be disclosed to competitors and other market participants. | | | |
| Exhibit 2 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 2 is an internal SaveOn document created for training purposes for its employees, comprising proprietary business information. *See* ECF No. 284 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 3 is a text message exchange between SaveOn employees, obtained in discovery, discussing their job responsibilities and comprising proprietary business information about SaveOn. *See* ECF No. 284 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 4 is a confidential deposition transcript of a SaveOn employee, containing direct and substantive reference to SaveOn's business practices, comprising proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes. *See, e.g.,* ECF No. 287 at Ex. 3. | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| | *See* ECF No. 284 at Ex. 4. | | | | |
| Exhibit 5 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 5 is an email exchange between SaveOn employees, discussing the interaction between SaveOn and copay assistance programs, comprising proprietary business information about SaveOn. *See* ECF No. 284 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 6 is an email exchange between SaveOn employees, discussing the interaction between SaveOn and copay assistance programs, comprising proprietary business information about SaveOn. *See* ECF No. 284 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 8 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 8 is SaveOn's supplemental Responses and Objections to Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "J&J") Interrogatories Nos. 2, 7, 18, and 20. SaveOn's R&Os explain | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| | SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 284 at Ex. 8. | | | | |
| Exhibit 9 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 9 is SaveOn's supplemental Responses and Objections to J&J's Interrogatories Nos. 2, 10, 17, and 19. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 284 at Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 10 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 10 is an internal email exchange between SaveOn employees discussing a patient's medication and referencing SaveOn's process for enrolling members, comprising both proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

4

| | | | | | |
|---|---|---|---|---|---|
| | information and confidential patient health information. *See* ECF No. 284 at Ex. 10. | Patients would also be harmed by the disclosure of their confidential health information. | | | |
| Exhibit 11 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 11 is an internal email exchange between SaveOn employees discussing SaveOn's process for enrolling members, comprising proprietary business information. *See* ECF No. 284 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 12 is an internal email exchange between SaveOn employees discussing a patient's medication and referencing SaveOn's process for enrolling members, comprising both proprietary business information and confidential patient health information. *See* ECF No. 284 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 13 to Letter dated May 10, 2024 | Exhibit 13 is an email from a pharmaceutical company to a SaveOn employee, attaching a copay assistance card. | If relief is not granted, a patient would be harmed by the disclosure of their confidential health information. | A redacted, public version of the email is being filed. It is believed that no less restrictive alter- | No | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 284] | The email contains personal identifying information, comprising confidential patient health information. *See* ECF No. 284 at Ex. 13. | | native is available to prevent the disclosure of confidential patient health information. | | |
| Exhibit 14 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 14 is an email from a pharmaceutical company to a SaveOn employee, attaching a copay assistance card. The email contains personal identifying information, comprising confidential patient health information. *See* ECF No. 284 at Ex. 14. | If relief is not granted, a patient would be harmed by the disclosure of their confidential health information. | A redacted, public version of the email is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of confidential patient health information. | No | No objection |
| Exhibit 15 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 15 is an email from a pharmaceutical company to a SaveOn employee, attaching a copay assistance card. The email contains personal identifying information, comprising confidential patient health information. *See* ECF No. 284 at Ex. 15. | If relief is not granted, a patient would be harmed by the disclosure of their confidential health information. | A redacted, public version of the email is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of confidential patient health information. | No | No objection |
| Exhibit 16 to Letter dated May 10, 2024 | Exhibit 16 is an email from a pharmaceutical company to a SaveOn employee, attaching a copay assistance card. | If relief is not granted, a patient would be harmed by the disclosure of their confidential health information. | A redacted, public version of the email is being filed. It is believed that no less restrictive alter- | No | No objection |

6

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 284] | The email contains personal identifying information, comprising confidential patient health information. *See* ECF No. 284 at Ex. 16. | | native is available to prevent the disclosure of confidential patient health information. | | |
| Exhibit 17 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 17 is a letter from counsel for J&J to counsel for SaveOn. The letter references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. *See* ECF No. 284 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 19 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 19 is a letter from counsel for J&J to counsel for SaveOn. The letter references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | *See* ECF No. 284 at Ex. 19. | | | | |
| Exhibit 21 to Letter dated May 10, 2024 [ECF No. 284] | Exhibit 21 is a letter from counsel for SaveOn to counsel for J&J. The letter references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. *See* ECF No. 284 at Ex. 21. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated May 21, 2024 [ECF No. 329] | Letter motion references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. *See* ECF No. 329. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to Letter dated May 21, 2024 [ECF No. 329] | Exhibit 1 is a letter from counsel for J&J to counsel for SaveOn. The letter references information obtained in discovery regarding the day-to-day duties of | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of | Yes, Ex. 17 to Letter dated May 10, 2024. | No objection |

8

| | | | | | |
|---|---|---|---|---|---|
| | SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. *See* ECF No. 329 at Ex. 1. | be disclosed to competitors and other market participants. | SaveOn's proprietary business information. | | |
| Exhibit 2 to Letter dated May 21, 2024 [ECF No. 329] | Exhibit 2 is SaveOn's supplemental Responses and Objections to J&J's Interrogatories Nos. 2, 10, 17, and 19. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 329 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes, Ex. 9 to Letter dated May 10, 2024. | No objection |
| Exhibit 6 to Letter dated May 21, 2024 [ECF No. 329] | Exhibit 6 is a letter from counsel for J&J to counsel for SaveOn. The letter references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

Case 2:22-cv-02632-CCC-CLW   Document 358-5   Filed 08/27/24   Page 10 of 11
PageID: 30217

| | | | | | |
|---|---|---|---|---|---|
| | business information. *See* ECF No. 329 at Ex. 6. | | | | |
| Exhibit 9 to Letter dated May 21, 2024 [ECF No. 329] | Exhibit 9 is SaveOn's supplemental Responses and Objections to J&J's Interrogatories Nos. 2, 7, 18, and 20. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 329 at Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes, Ex. 8 to Letter dated May 10, 2024. | No objection |
| Exhibit 10 to Letter dated May 21, 2024 [ECF No. 329] | Exhibit 10 is a letter from counsel for J&J to counsel for SaveOn. The letter references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. *See* ECF No. 329 at Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes, Ex. 19 to Letter dated May 10, 2024. | No objection |

| Letter dated May 29, 2024 [ECF No. 304] | Letter motion references information obtained in discovery regarding the day-to-day duties of SaveOn's employees, specifically describing their daily activities, comprising proprietary business information. *See* ECF No. 304. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |