# Sills Cummis & Gross

A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

April 17, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re:   **JJHCS's Motion to Compel Documents**
> **Reflecting Darcie Falsioni's Communications with Third Parties**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we move to compel SaveOnSP to run one additional search string over the nonprivileged communications that its Corporate Counsel and Chief Compliance Officer, Darcie Falsioni, had with third parties about the SaveOnSP program.

SaveOnSP has already agreed to add Ms. Falsioni as a custodian, and for good reason: she negotiates contractual terms with SaveOnSP clients, and those external communications are highly relevant to JJHCS's allegations about the SaveOnSP scheme. And while Ms. Falsioni is an attorney, JJHCS is presently seeking only her nonprivileged communications with third parties, just as JJHCS is producing from two of its own in-house lawyers. *See* D.E. 192 at 13–14. But

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 2

even though it would add only 1,774 documents for review, SaveOnSP refuses to run the following search string over her third-party communications:

> *"service agreement" OR BAA OR "business associate agreement" OR joinder OR PHI OR contract OR amendment*

SaveOnSP cannot credibly contest the relevance of the small number of documents that will be captured by this proposed search term: JJHCS crafted it using the names of the contracts that SaveOnSP's clients must sign, and did so to capture communications in which SaveOnSP (through Ms. Falsioni) explains the SaveOnSP program to clients, negotiates the terms and conditions with clients, and tailors the program based on client needs.

Nor can SaveOnSP assert a legitimate burden objection. SaveOnSP has disclosed that this proposed search term captures only 1,774 unique documents—a trivial amount considering the scale of discovery and damages sought in this litigation. The Court should order SaveOnSP to review and produce Ms. Falsioni's communications with third parties that hit on JJHCS's proposed search string identified above.

### *Background*

JJHCS alleges that SaveOnSP runs a scheme (the "SaveOnSP Program") to misappropriate copay assistance funds that JJHCS allocates to help patients afford life-saving therapies. Compl. ¶¶ 2, 50. Ms. Falsioni ████████████████████████████████████

████████████████████████████████████████████████████████

███████. Ex. 1 (SOSP_0799669). ████████████████████████████

████████████████████████████████████████████████████████

███████ *See* Ex. 2 (SOSP_0572153) (████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 3

██████████████████████████████████████████

████████████████ ); Ex. 3 (SOSP_0258188) (████████████████

███████████████████████ ).   Moreover, ████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████ *See* Ex. 4 (SOSP_0807152) (████████

███████████████████ ); Ex. 5 (SOSP_0867870) (████████

██████████████████████ ).

Ms. Falsioni ████████████████████████████████

██████████████████████████ (1) the "Joinder Amendment,"

██████████████████████████████████████████

██████ (2) ████████████████████████████████

██████████████████ and (3) ████████████████████

██████████████████████████████████████████

████████████████ (4) "Service Agreement" between SaveOnSP and the plan setting forth the terms and conditions of the relationship and associated fees. *See* Ex. 6 (SOSP_0019128); Ex. 7 (SOSP_0014362); Ex. 8 (SOSP_0811709); Ex. 9 (SOSP_0572153); Ex. 10 (SOSP_0509912). A health plan cannot adopt the SaveOnSP Program without signing each of these agreements.

Ms. Falsioni provides critical information to health plans about how the SaveOnSP Program works, including the rationales for the Program, its methodologies, and the consequences of enrollment for patients. For example, Ms. Falsioni ████████████████████████

3

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 4

███████████████████████████████████████████████████████████

████████, *see* Ex. 11 (SOSP_0804970); ████████████████████████████████

███████████████████████████████████████████████████████████████████"

*see id.*; and ████████████████████████████████████████████████

█████████████████████████," *see* Ex. 12 (SOSP_0247089).

        ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████" *See* Ex. 13 (SOSP_0825515); *see*

*also id.* ("███████████████████████████████████████").  Yet Ms. Falsioni

███████████████████████████████████████ For example, ████████████

███████████████████████████████████████████████████████████

██████████████████████████████████.[1] █████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████[2] *See* Ex. 14 (SOSP_1102118) █████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████

█████████████████████████████████ *See, e.g.*, Ex. 15 (SOSP_1097426)

(indicating "████████████████████████████████████████████████

████████████████"); Ex. 16 (SOSP_0279467) (████████████████████████

███████████████████████████████").

[2] SaveOnSP acknowledges that the Program is a "copay maximizer program" in a publicly available whitepaper it sponsored.  *See* Copay Maximizers vs. Accumulator Adjustments: Navigating Key Differences for an Optimized Solution, Fierce Pharma, https://www.saveonsp. com/wp-content/uploads/2022/01/SaveOnSP-FPh-white-paper-07.pdf (last accessed Apr. 17, 2024). ████████████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 5

██████████████████████████████████████████████████████████████").  Ms.

Falsioni ████████████████████████████████████████████████████████████████

████████████████████████████████████████."[3]

Ms. Falsioni also plays a pivotal role in developing strategies to circumvent regulatory restrictions that may inhibit SaveOnSP's ability to profiteer off patients in certain health plans. For example, ████████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 17 (SOSP_0879041). ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ *Id.*; *see also* Ex. 11 (SOSP_0804970) ("███████████████

████████████████████████████").

Similarly, Ms. Falsioni ████████████████████████████████████████████████

███████████████████████████[4] and ████████████████████████████████████████

---

████████████████████████████. *See, e.g.*, Ex. 18 (SOSP_0940041) (████████████████
████████████████████████████████").

[3] *Compare* Ex. 19 (SOSP_1116056) (████████████████████████████████████████"),
*with, e.g.*, Copay Maximizers v. Accumulators, *supra* n.2; Ex. 20 (SOSP_0000061 (███████████
████████████████)); Ex. 21 (SOSP_0587225 (████████████████████████████████████████
████████████████████████████████").)

[4] ████████████████████████████████████████████████████████████████████
████████████████████████████████████████. *See, e.g.*, Ex. 22
(SOSP_0192188) (████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████").

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 6



*See* Ex. 23 (SOSP_0865530) ("████"); Ex. 24 (SOSP_0804928) (████"). By inducing otherwise ineligible plans to participate, Ms. Falsioni increases SaveOnSP's client base, maximizes SaveOnSP's opportunities to pilfer copay assistance funds for additional plan members, and boosts SaveOnSP's profits.[5]

In sum, Ms. Falsioni is a key source of information about the SaveOnSP Program. Her external communications shed light on the ways in which SaveOnSP (1) operationalizes the SaveOnSP Program and (2) conceals the legal and regulatory consequences of the Program, thereby increasing patient enrollment and harm.

### Argument

SaveOnSP has never disputed that Ms. Falsioni is an appropriate custodian. And SaveOnSP does not claim privilege over the communications JJHCS seeks, since the emails at issue were sent to and from third parties outside the SaveOnSP privilege. Instead, SaveOnSP

---

[5] JJHCS's investigation to date suggests that the workarounds SaveOnSP has developed to circumvent existing regulatory restrictions may harm patients on high deductible health plans in violation of GBL § 349 by vastly increasing their required out-of-pocket healthcare expenditures. *See, e.g.*, Ex. 25 (SOSP_1068516) (████"').

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 7

argues that (1) the search string at issue is unlikely to identify relevant documents, and (2) it would be unduly burdensome for SaveOnSP to review the 1,774 documents identified by that search. *See* Ex. 26 (Feb. 26, 2024 Ltr. from E. Snow to C. Zielinski). Neither argument has merit.

## I.    The Requested Documents Are Relevant Because They Reflect Communications About the Design and Implementation of the SaveOnSP Program

Communications between Ms. Falsioni and health plans could not be more relevant: they are direct evidence of the scheme by which SaveOnSP works with its partners and coordinates with health plans to misappropriate JJHCS's copay assistance funds. They also reflect the tactics SaveOnSP utilizes to induce health plans to enroll and increase SaveOnSP's profits. Yet SaveOnSP refuses to review the 1,774 unique documents captured by JJHCS's proposed search term, purportedly because they would be duplicative of SaveOnSP's productions of final client contracts. *See* Ex. 26 (Feb. 26, 2024 Ltr. from E. Snow to C. Zielinski) (arguing that the 1,774 documents are not "independently relevant to this litigation"). That is incorrect for several reasons.

*First*, the final contracts do not show what SaveOnSP (through Ms. Falsioni) was telling health plans about the SaveOnSP scheme. Those communications took place during contract negotiations, but are not part of the final contracts themselves. For example, final contracts would not show how Ms. Falsioni explains how the SaveOnSP Program works in practice, its underlying methodology, and the consequences for plan members who enroll. *See* Ex. 27 (SOSP_0797457)



("); Ex. 2 (SOSP_0572153) (

"); Ex. 11 (SOSP_0804970) (

); *see* Ex. 12 (SOSP_0247089)

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 8

(same).  JJHCS's proposed search string, which SaveOnSP refuses to run, is intended to capture these types of communications by specifically using the names of the contracts that SaveOnSP's clients must execute as a condition of participating in the SaveOnSP Program.

*Second*, final client contracts do not capture Ms. Falsioni's communications with third parties about the meaning of contract terms.  Nor do they disclose the ways in which SaveOnSP will modify its standard contracts to meet different client needs.  SaveOnSP has conceded as much by arguing, when it sought additional discovery from JJHCS, that "drafts and the communications" about work orders are critical to understanding "why" those contracts were executed and what alternatives existed.  *See* Apr. 3, 2024 Tr. at 91:11–19.  The same reasoning applies here.

*Third*, these communications will also shed light on how SaveOnSP modifies its standard contracts to enable clients to enroll even if they are ineligible to do so under existing regulations. *See* Ex. 17 (SOSP_0879041)



"); Ex. 28 (SOSP_0401584) (

); Ex. 24 (SOSP_0804928) (

).  JJHCS's proposed search string, which includes the term "amendment," is designed to capture such modifications to SaveOnSP's standard contracts.

*Finally*, Ms. Falsioni's communications will reveal the deceptive tactics SaveOnSP employs to conceal the legal risks and ramifications of participation in the SaveOnSP Program. Ms. Falsioni

.  *See,*

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 9

*e.g.*, Ex. 11 (SOSP_0804970) (█████████████████████████████████  █████████████████████████████████████████████████████ ████████████████████████████). These communications are squarely relevant to JJHCS's claims, as they implicate both the wrongfulness of SaveOnSP's conduct (which bears on JJHCS's tortious interference claim) and its deceptive business practices (which bears on JJHCS's Section 349 claim). *See Dello Russo v. Nagel*, 358 N.J. Super. 254, 268 (App. Div. 2003) (tortious interference); *C=Holdings B.V. v. Asiarim Corp.*, 992 F. Supp. 2d 223, 247 (S.D.N.Y. 2013) (Section 349).

## II.    It Is Not Unduly "Burdensome" to Review 1,774 Documents

SaveOnSP also refuses to add the disputed search string on the grounds that reviewing the resulting 1,774 unique documents would be "burdensome." *See* Ex. 26 (Feb. 26, 2024 Ltr. from E. Snow to C. Zielinski). This is a difficult claim to take seriously. ████████████████████ ███████████████████████████████. *See* D.E. 133 at 2. Two or three of those individuals could review 1,774 documents in a matter of hours. Certainly, it would take far less time, and far less expense, to review these documents than it has taken SaveOnSP to resist their production. *See* Jan. 24, 2024 Tr. at 132:1–4 (Your Honor: "Let's just do it instead of fighting over it. It will take you less time to produce and move on than to fight.").

Even if this minimal effort could fairly be characterized as a "burden," it is not an undue one. *See* Apr. 3, 2024 Tr. at 103:10–18 (rejecting SaveOnSP's objection that reviewing 5,600 documents was unduly burdensome); *see also* Apr. 10, 2024 Order ¶ 9; *Campbell v. Sedgwick, Detert, Moran & Arnold*, 2012 WL 12898345, at *3 (D.N.J. Oct. 9, 2012) (A "non-moving party bears a heavy burden when arguing against production" on undue burden grounds, and

Honorable Freda L. Wolfson, U.S.D.J.
April 17, 2024
Page 10

"[u]nsupported claims of undue burden are insufficient when the requests are otherwise relevant and limited." (internal quotation omitted)).   These documents will be highly probative of the manner in which SaveOnSP explains its Program to clients and promulgates misinformation to induce enrollment and fly under the radar of manufacturers.   Given the enormous stakes involved—by SaveOnSP's own admission it misappropriates "over a hundred million dollars per year" from JJHCS's patient assistance programs, D.E. 109 at 7—SaveOnSP should not be heard to complain about the burden of reviewing 1,774 more documents.

*       *       *

For the foregoing reasons, we request that Your Honor compel SaveOnSP to review and produce Darcie Falsioni's communication with third parties using the search string JJHCS has proposed.  We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:    Counsel of record for SaveOnSP

10

14970261

# EXHIBIT 1

# SEALED IN ITS ENTIRETY

# EXHIBIT 2

# SEALED IN ITS ENTIRETY

# EXHIBIT 3

# SEALED IN ITS ENTIRETY

# EXHIBIT 4

# SEALED IN ITS ENTIRETY

# EXHIBIT 5

# SEALED IN ITS ENTIRETY

# EXHIBIT 6

# SEALED IN ITS ENTIRETY

# EXHIBIT 7

# SEALED IN ITS ENTIRETY

# EXHIBIT 8

# SEALED IN ITS ENTIRETY

# EXHIBIT 9

# SEALED IN ITS ENTIRETY

# EXHIBIT 10

# SEALED IN ITS ENTIRETY

# EXHIBIT 11

# SEALED IN ITS ENTIRETY

# EXHIBIT 12

# SEALED IN ITS ENTIRETY

# EXHIBIT 13

# SEALED IN ITS ENTIRETY

# EXHIBIT 14

# SEALED IN ITS ENTIRETY

# EXHIBIT 15

# SEALED IN ITS ENTIRETY

# EXHIBIT 16

# SEALED IN ITS ENTIRETY

# EXHIBIT 17

# SEALED IN ITS ENTIRETY

# EXHIBIT 18

# SEALED IN ITS ENTIRETY

# EXHIBIT 19

# SEALED IN ITS ENTIRETY

# EXHIBIT 20

# SEALED IN ITS ENTIRETY

# EXHIBIT 21

# SEALED IN ITS ENTIRETY

# EXHIBIT 22

# SEALED IN ITS ENTIRETY

# EXHIBIT 23

# SEALED IN ITS ENTIRETY

# EXHIBIT 24

# SEALED IN ITS ENTIRETY

# EXHIBIT 25

# SEALED IN ITS ENTIRETY

# EXHIBIT 26

# SEALED IN ITS ENTIRETY

# EXHIBIT 27

# SEALED IN ITS ENTIRETY

# EXHIBIT 28

# SEALED IN ITS ENTIRETY