# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

May 6, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

    Re:    **Reply Brief in Further Support of JJHCS's Motion to Compel Documents Reflecting Darcie Falsioni's Communications with Third Parties**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
**Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we submit this reply letter in further support of JJHCS's motion to compel SaveOnSP to run one additional search string over the nonprivileged communications that Darcie Falsioni, SaveOnSP's Chief Compliance Officer and Corporate Counsel, had with third parties about the SaveOnSP program.

*SaveOnSP Should Not Be Excused From Producing a Narrow Set of Relevant Documents*

JJHCS's motion seeks modest relief: the addition of a single search string that returns a grand total of 1,774 documents for SaveOnSP to review. As JJHCS explained, and as SaveOnSP appears to concede, this is a task that could have been completed in a matter of hours. *See* Opening Br. at 9. Moreover, JJHCS asks only that this term be run over a narrow subset of Falsioni's communications, i.e., only those between her and third parties—just as JJHCS is producing from two of its own in-house lawyers. *See* D.E. 192 at 13–14.

Honorable Freda L. Wolfson, U.S.D.J.
May 6, 2024
Page 2

On this point, SaveOnSP's only rejoinder is to note that it is running nine other search strings on Falsioni's documents—or, as SaveOnSP prefers to characterize them, "**28** discrete terms." Opp. at 1–2 (emphasis in original). But whether it is nine, twenty-eight, or a thousand searches makes no difference: the relevant inquiry is how many *hits* those terms return for SaveOnSP to review. And on that question SaveOnSP's brief is deafeningly silent. SaveOnSP may be reviewing 100 documents or 10,000 documents—we just don't know. Having withheld that key information from the Court, SaveOnSP cannot be permitted to avoid the review of 1,774 additional documents. *See* Apr. 10, 2024 Order, ¶ 9 (rejecting SaveOnSP burden arguments "[b]ecause 5,000 is not a prohibitive number of documents and because the documents requested are relevant").[1]

### *The Disputed Search String Is Not Overbroad*

SaveOnSP does not dispute Falsioni's relevance generally; indeed, it agreed to designate her as a custodian. But SaveOnSP nevertheless urges that JJHCS's proposed search string is "overbroad" because some subset of the 1,774 documents identified by the term may not be relevant. *See* Opp. at 2–4. In particular, SaveOnSP argues over and over again that JJHCS's proposed search terms may "pick up" irrelevant communications. *See, e.g.*, *id.* at 3 (arguing that "Joinder" "could pick up discussions of irrelevant contracts"); *id.* (contending that "Business

---

[1] Notably, the two cases quoted by SaveOnSP in support of its burden argument are recycled verbatim from the last time it tried to avoid review and production of a small number of relevant documents. *Compare* Opp. at 7 (quoting *Robinson v. Horizon Blue Cross-Blue Shield*, 2013 WL 6858956, at *6 (D.N.J. Dec. 23, 2013), and *In re Merck & Co.*, 2012 WL 4764589 at *10 (D.N.J. Oct. 5, 2012)), *with* SaveOnSP Mar. 15, 2024 Response to Motion to Compel re 99, 102, 103 at 3. As noted above, Your Honor rejected SaveOnSP's arguments on this point and compelled it to produce the documents. *See* Apr. 10, 2024 Order, ¶ 9.

Honorable Freda L. Wolfson, U.S.D.J.
May 6, 2024
Page 3

associate agreement" 'is overbroad because "SaveOn executes BAAs with entities other than clients"). The premise of this argument seems to be that SaveOnSP has a great deal of business that is totally irrelevant to JJHCS's claims in this litigation. That premise is wrong. SaveOnSP is not some diversified conglomerate with a hundred divisions working independently of its misappropriation scheme. To the contrary, the misappropriation alleged in JJHCS's complaint *is* SaveOnSP's entire business. In fact, SaveOnSP itself has characterized this case as seeking to "destroy SaveOnSP" (D.E. 109 at 9) or "put[] SaveOnSP out of business" (*id.* at 11) without qualification. So this objection seems vastly overstated, and it is far likelier that most of the 1,774 hits do in fact relate to contracts or negotiations that are relevant here.

Is every single document in that pile relevant? Perhaps not; that is likely an impossible standard given that search terms, by their nature, are a necessary but imprecise tool. This is why SaveOnSP ███████████████████████████████████████ to quickly separate what should be produced from what need not be. *See* D.E. 133 at 2. Following that document review, SaveOnSP can easily withhold any potentially non-responsive contracts, amendments, or other agreements while satisfying its obligation to produce highly relevant materials. This type of responsiveness review is par for the course in complex litigation, as SaveOnSP well knows.

If SaveOnSP were honestly concerned that JJHCS's proposed search might "pick up" too many contractual negotiations with entities other than SaveOnSP's health plan clients, there were various alternative possibilities SaveOnSP could have proposed, instead of refusing to search altogether. For example, SaveOnSP could have offered to identify relevant communications by running the names of its clients over Falsioni's third party communications and producing the results. This would have eliminated any risk, real or imagined, of SaveOnSP having to review

Honorable Freda L. Wolfson, U.S.D.J.
May 6, 2024
Page 4

emails about contracts with "vendors" or "suppliers." Opp. at 2. SaveOnSP did not propose this or any other alternative, because its overbreadth argument is pretextual: it simply does not want to produce more evidence of its agents' deception. *See* Opening Br. at 4–6, 8–9.

### *JJHCS's Proposed Search String Will Yield Highly Relevant Documents*

The balance of SaveOnSP's opposition is devoted to various arguments all suggesting that JJHCS's proposed search string is not linked to relevant aspects of Falsioni's work for SaveOnSP. *See, e.g.*, Opp. at 4 ("None of J&J's proposed terms go to any aspect of SaveOn's services."); *id.* at 5 ("[N]one of J&J's proposed search terms even go to the subject matter of SaveOn's contracts."); *id.* at 6 ("None of J&J's proposed terms go to" SaveOnSP's deceptive tactics"). Not so. As JJHCS has explained, its proposed search string includes contract terms (e.g., "service agreement" and "business associate agreement") because Falsioni's relevant communications occur ***when she is negotiating those contracts***. *See* Opening Br. at 2 ("JJHCS crafted [the search] using the names of the contracts that SaveOnSP's clients must sign, and did so to capture communications in which SaveOnSP (through Ms. Falsioni) explains the SaveOnSP program to clients, negotiates the terms and conditions with clients, and tailors the program based on client needs.").

SaveOnSP's related argument that it has already produced its final contracts with clients, *see* Opp. at 6, misses the same point. It is not the final contracts themselves, but rather Falsioni's communications during the ***negotiation*** of those contracts, that contain the evidence JJHCS seeks. For example, these communications will illustrate the ways Falsioni and SaveOnSP mislead health plans to induce them to hire SaveOnSP, thereby subjecting the patients they insure to the SaveOnSP program. SaveOnSP does not dispute that Falsioni employed these tactics in

Honorable Freda L. Wolfson, U.S.D.J.
May 6, 2024
Page 5

discussions with potential SaveOnSP clients, but suggests that JJCHS provided only "one example" of such subterfuge in its opening brief. *See* Opp. at 6. Again, not so: JJHCS detailed at length how Falsioni ████████████████████████████████████████████████ ████████████████████████████████████, *see* Opening Br. at 8–9; whether SaveOnSP is a copay maximizer, *see id.* at 4; and even whether it is a "████████" at all, *see id.* at 5. JJHCS also described in its opening brief how Falsioni discussed specific contract amendments with customers to circumvent regulatory requirements. *See id.* Such deception bears directly on JJHCS's claims. *See* Compl. ¶ 114. Indeed, as Your Honor recently ruled, JJHCS is "entitled to discovery on ***any acts*** that Defendant employed to effectuate or implement the [SaveOnSP] scheme." Apr. 10, 2024 Discovery Order at 8 n.4 (emphasis supplied). Falsioni's misleading communications with customers plainly meet that threshold.

SaveOnSP cannot draw an arbitrary line around its final contracts and declare that communications about those same contracts are somehow exempt from discovery. Such a position would defy not only logic, but also SaveOnSP's own arguments to the Court. *See* Apr. 3, 2024 Tr. at 91:11–19 ("draft[s] and the communications" about work orders are critical to understanding "why" those contracts were executed and what alternatives existed). Nor should its even more outlandish (but contradictory) suggestion, that its contracts are per se irrelevant to JJHCS's claims, be taken seriously. *See* Opp. at 5. JJHCS alleges that SaveOnSP enters into contracts with health plan clients to make a "coercive offer to patients." Compl. ¶ 61. Executing such contracts are a condition of health plans' participation in the SaveOnSP program; they are the green light for SaveOnSP to implement the various measures it employs to tortiously interfere with patients' CarePath obligations and cause patients harm, stress, and delay. *See id.* ¶¶ 21, 114. Falsioni's

Honorable Freda L. Wolfson, U.S.D.J.
May 6, 2024
Page 6

negotiation of contracts with health plans are thus a necessary precursor to the tortious interference at issue and the patient harm that SaveOnSP causes in violation of GBL § 349.

*   *   *

For the foregoing reasons, we request that Your Honor compel SaveOnSP to review and produce Darcie Falsioni's communication with third parties using the search string JJHCS has proposed. We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:     Counsel of record for SaveOnSP