**Robinson+Cole**

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

May 3, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

    Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of Defendant Save On SP, LLC ("**SaveOn**"), we write to oppose Plaintiff Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**") April 29, 2024 motion. According to J&J: (1) Your Honor compelled SaveOn to produce documents regarding its "Adapt"[1] program on April 10, 2024; (2) SaveOn refuses to produce those documents; and (3) J&J moves to compel SaveOn to produce those documents now. None of this is true.

---

[1] Adapt is a service introduced by SaveOn in 2023 for patients on SaveOn-advised health plans who have health savings account ("HSA")-eligible high deductible health plans ("HDHPs").

In reality: (1) Your Honor compelled SaveOn to review documents hitting on three search terms proposed by J&J; (2) SaveOn did so and produced all responsive non-privileged documents identified in that review; and (3) J&J actually moves to compel SaveOn to run a new search term (the "**New Adapt Term**"), which J&J proposed for the first time two days *after* Your Honor's April 10 Order. SaveOn opposes J&J's motion because the New Adapt Term is overbroad, unlikely to identify unique, relevant documents, and unduly burdensome.

**Background**

On March 6, 2024, J&J moved to compel SaveOn to produce documents responsive to J&J's Requests for Production 99, 102, and 103, proposing three search terms—one for each request—that collectively identified 5,551 documents. Mar. 6, 2024 Motion at 6-7, n.5.[2] Following argument on April 3, 2023, Your Honor granted J&J's motion in an order on April 10, 2024, "[b]ecause 5,000 is not a prohibitive number of documents and because the documents requested are relevant," noting that "[b]ecause the documents responsive to RFPs 99, 102 and 103 have been identified by Defendants, I need not address the appropriate search terms for these requests." Apr. 10 Order at 6. As ordered, SaveOn ran those three search terms and, on April 30, 2024, produced

---

[2] For Request No. 99, J&J proposed the term: (High Deductible Health Plan OR HDHP) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible*OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost").

For Request No. 102, J&J proposed the term: (increase* OR raise* or infla*) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost").

For Request No. 103, J&J proposed the term: (reduc* OR lower* OR "as low as" OR decreas* OR zero OR "no cost" OR "free of charge" OR "$0") w/20 (copay* OR co-pay* OR OOP OR "out-of-pocket" OR "out of pocket" OR "patient cost*" OR "final cost").

Hon. Freda L. Wolfson                                                                                                    Page 3

all responsive, non-privileged documents that those terms identified. Ex. 1 (Apr. 30, 2024 Production Letter).

On April 12, 2024—two days after Your Honor issued the April 10 Order—J&J proposed the New Adapt Term for the first time. Ex. 2 at 3 (Apr. 12, 2024 Ltr.). After advising J&J that it was running the term to determine the volume of documents and needed to consult with its client, Ex. 3 at 5 (Apr. 2024 Email Chain), SaveOn stated on April 26, 2024 that it would not run the term and invited J&J to meet and confer after J&J reviewed SaveOn's April 30 production of documents that Your Honor had compelled. *Id.* at 3. The next business day, J&J stated that if SaveOn did not agree by the end of that day to run the full New Adapt Term then J&J would move to compel. *Id.* at 1. J&J filed its motion that evening. Dkt. 266.

## Argument

The New Adapt Term is objectionable in multiple ways. That proposed term is:

> "Adapt" w/50 ("High Deductible Health Plan" OR HDHP OR has OR "Health Savings Account" OR copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR DED OR co-ins* OR coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

Ex. 2 at 3.

The New Adapt Term is overbroad. It would capture all documents that contain the term "adapt"—a commonly used verb—within 50 words of terms frequently used within SaveOn such as "copay" and "deductible." The term is also overbroad in time. SaveOn developed and named the Adapt program in 2023, *e.g.*, Ex. 4 (SOSP_1068516) (███████████████████████ ███████████████), yet J&J demands that SaveOn apply the New Adapt Term going back to April 2016. J&J does not explain how running this term over seven years of documents created before the Adapt program existed could identify documents about that program.

3

Even if limited to documents in 2023, the New Adapt Term is highly unlikely to identify unique, relevant documents about the Adapt program. SaveOn introduced that program as a benefit that its clients could offer to members of high-deductible health plans who are eligible for health savings accounts. SaveOn has already run the term that J&J proposed in its March 6 motion for RFP No. 99 that goes to these topics.[3] SaveOn has already produced 5,604 document about the Adapt program[4]—including many identified by the three search terms that Your Honor compelled SaveOn to run[5]—and it has produced 31,921 documents that contain the terms "high-deductible health plan," "HDHP," "health savings account," or "HSA." SaveOn has also already produced 3,950 documents, identified by other search terms, that hit on the New Adapt Term. It is thus highly unlikely that running the New Adapt Term would identify additional documents with relevant information about the Adapt program that SaveOn has not already produced.

The New Adapt Term would also be unduly burdensome. While it would require SaveOn to review 3,627 additional documents, this disguises the true burden. In its March 6 motion, J&J moved to compel SaveOn to run three terms that identified what SaveOn believed would

---

[3] That term is: (High Deductible Health Plan OR HDHP) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost").

[4] See, e.g. Ex. 5 (SOSP_1285486) (█████); Ex. 6 (SOSP_1139111) (█████; Ex. 7 (SOSP_1315820) (█████); Ex. 8 (SOSP_1328889) (█████).

[5] See, e.g., Ex. 9 (SOSP_1355046) (█████); Ex. 10 (SOSP_1354506) (█████); Ex. 11 (SOSP_1355610) (█████).

be 5,551 documents and J&J prevailed, in part, because Your Honor found that volume to be reasonable. Because of a processing error, however, it turned out that the three terms identified over 16,000 new documents for review—all of which SaveOn reviewed in time to produce responsive, non-privileged documents by April 30. Adding the New Adapt Term to the three terms that SaveOn already ran would bring its review total to nearly **20,000 documents**. Your Honor should consider this in assessing burden. *See, e.g.*, *Robinson v. Horizon Blue Cross-Blue Shield of N. J.*, No. 2:12-CV-02981 (ES) (JAD), 2013 WL 6858956, at *6-7 (D.N.J. Dec. 23, 2013); *In re Merck & Co., Inc. Secs., Derivative & ERISA Litig.*, No. 2:05–CV–02367 (SRC) (CLW), 2012 WL 4764589 at *9 (D.N.J. Oct. 5, 2012) (Waldor, J.).

J&J presents no argument on the merits of its New Adapt Term. It instead offers a series of arguments that are, charitably, disingenuous.

*First*, J&J pretends that Your Honor already ordered SaveOn to run the New Adapt Term. Mot. 3. The April 10 Order does not say that. It rather directs SaveOn to review the "approximately 5,000" documents "identified by Defendants," Apr. 10 Order at 4-6 & n.3—the 5,551 documents that SaveOn identified by running the three search terms that J&J proposed in its March 6 motion. Your Honor could not have compelled SaveOn to run the additional New Adapt Term, as J&J did not propose it until two days after the April 10 Order.

*Second*, J&J suggests that Your Honor effectively compelled SaveOn to run whatever "Adapt" terms that J&J would later propose. Mot. 1. The April 10 Order did not say that, either. The order is limited to the "approximately 5,000" documents identified by the three search terms that J&J proposed in its March 6 motion. Apr. 10 Order at 4-5. While J&J points to a footnote in that motion in which it said that SaveOn should "include this 'Adapt' offering nomenclature in its searches," Mar. 6 Mot. at 4 n.4, J&J did not actually propose the New Adapt Term or any other

additional term about the Adapt program. To the contrary, J&J said multiple times that its March 6 motion was limited to only the documents identified by its three proposed terms.[6] Having relied on the fact that it sought to compel SaveOn to review only these 5,000 or so documents—and won—J&J cannot now credibly argue that it actually sought to compel SaveOn to review an additional 4,000 documents or so, let alone over 20,000 total documents. SaveOn also does not believe that Your Honor would have compelled it to run a search term that it had never seen, without any ability to object to the term on grounds like overbreadth and burden.

*Third*, J&J asserts that SaveOn "stalled and repeatedly failed to respond to [J&J's] requests" and "SaveOn also ignored [J&J's] request to meet and confer regarding the [New Adapt Term]." Mot. 2. The discovery record shows that this is not true: SaveOn responded within two weeks of receiving J&J's proposed term, provided hit counts within hours of being asked, and offered to meet and confer after J&J reviewed the documents that SaveOn had been compelled to review. *See* Ex. 3 at 1-3.[7]

---

[6] *See, e.g.*, Mar. 6 Mot. at 2 ("JJHCS's proposed search terms yielded fewer than 5,600 documents for SaveOnSP to review"); *id.* at 7 ("Given the scale of this litigation, the damages at issue, and the already-vast scope of discovery, reviewing 5,551 additional documents would not be burdensome or disproportionate to the needs of the case"); *id.* at 9 ("JJHCS is entitled to discovery of these documents, especially given the small number involved (fewer than 5,600)").

[7] Your Honor may well not be interested in the back-and-forth among counsel. To the extent Your Honor is interested, however, the discovery record shows that what J&J calls "stonewalling" by SaveOn consisted of J&J insisting that Your Honor had already ordered SaveOn to run the New Adapt Term and SaveOn pointing out that this was not true. Specifically: On April 12, J&J proposed the New Adapt Term for the first time and asked SaveOn to respond by April 19. Ex. 2 at 3. The next business day, April 15, J&J stated that if SaveOn did not respond by April 19 then J&J would "proceed to motion practice." Ex. 3 at 7-8. When SaveOn noted that J&J had first proposed the term on April 12, *id.* at 7, J&J responded that SaveOn's statement was "demonstrably false" and "wrong," asserted that the Adapt Term was "expressly part of JJHCS's motion to compel" and that Your Honor had "specifically addressed the Adapt search term request," *id.* at 6. J&J then demanded that SaveOn meet and confer about the term that same day. *Id.* SaveOn responded that it would respond after consulting with its client. *Id.* at 5. On April 22, J&J asserted again that

Simply put, J&J mischaracterizes Your Honor's April 10 Order to deny SaveOn the ability to contest J&J's proposed New Adapt Term on overbreadth, duplication, and burden grounds. The reality is that SaveOn has produced the documents compelled by Your Honor and thousands of documents about the Adapt program. If, after reviewing these documents, J&J identifies any gap in SaveOn's production regarding the Adapt program, SaveOn remains willing to meet and confer with J&J about an appropriately tailored supplemental search term.

Your Honor should deny J&J's motion.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

---

"SaveOn is under a court order to produce documents regarding its Adapt program," *id.* at 4, and on April 25 accused SaveOn of "continued delay" that it "regard[s] as a violation of Judge Wolfson's clear order," *id.* at 4. On April 26, SaveOn responded that while it would not agree to run the New Adapt Term, it would be "glad to meet and confer" after J&J reviewed the additional documents that Your Honor had recently compelled SaveOn to produce. *Id.* at 3. Although J&J had never asked SaveOn for hit counts for the New Adapt Term, J&J then demanded SaveOn "provide those results without further gamesmanship or delay." *Id.* at 2. SaveOn provided the counts a few hours later. *Id.* at 1. The next business day, J&J said that if SaveOn did not agree to run the New Adapt Term "[g]iven Judge Wolfson's clear order on this issue," then it would move to compel, *id.* at 1, which it then did.

        Philippe Z. Selendy (admitted *pro hac vice*)
        Andrew R. Dunlap (admitted *pro hac vice*)
        Meredith Nelson (admitted *pro hac vice*)
        Elizabeth H. Snow (admitted *pro hac vice*)
        SELENDY GAY PLLC
        1290 Avenue of the Americas
        New York, NY 10104
        (212) 390-9000

        pselendy@selendygay.com
        adunlap@selendygay.com
        mnelson@selendygay.com
        esnow@selendygay.com

        *Attorneys for Defendant Save On SP, LLC*

# EXHIBIT 4

# SEALED IN ITS ENTIRETY

# EXHIBIT 5

# SEALED IN ITS ENTIRETY

# EXHIBIT 6

# SEALED IN ITS ENTIRETY

# EXHIBIT 7

# SEALED IN ITS ENTIRETY

# EXHIBIT 8

# SEALED IN ITS ENTIRETY

# EXHIBIT 9

# SEALED IN ITS ENTIRETY

# EXHIBIT 10

# SEALED IN ITS ENTIRETY

# EXHIBIT 11

# SEALED IN ITS ENTIRETY