# Sills Cummis & Gross
A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

May 3, 2024

**Via Email and ECF**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:  **Motion to Compel Documents on Non-Medical Switching**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we move to compel SaveOnSP to produce documents responsive to
JJHCS's Requests for Production Nos. 104–107 (the "Requests"). These Requests call for documents
discussing how SaveOnSP risks patient health by encouraging patients, doctors, and health plans to
switch patients from the prescription therapy that is working for them to some other drug that is more
lucrative for SaveOnSP. SaveOnSP does this without regard to the clinical effects of this "non-
medical switching," solely to misappropriate even more patient assistance money. Non-medical
switching and associated patient harm are issues highly relevant to JJHCS's claims: indeed,
SaveOnSP agreed long ago to produce certain documents regarding these issues. But SaveOnSP has
refused to produce other important documents about this conduct, including documents regarding

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 2

efforts at encouraging non-medical switching targeted at manufacturers other than JJHCS and other

documents relating to JJHCS.[1]  SaveOnSP must produce these highly relevant documents..

**STATEMENT OF FACTS**

SaveOnSP works on a contingency model, i.e., it keeps for itself a percentage of every dollar

of patient assistance that it is able to divert.  *See* Compl. ¶ 51.  This means that SaveOnSP has an

enormous financial interest in meddling with the particular treatment that a patient is taking:  its

revenue rises and falls on the amount of copay assistance available for each medication.  SaveOnSP

admits that it takes "over a hundred million dollars per year" from JJHCS's CarePath programs, and

of those hundreds of millions, its own cut is "tens of millions of dollars per year."  D.E. 109 at 7.

As detailed below,  SaveOnSP

is indifferent to whether a patient is stable on a medication, or whether a given medication is the most

effective: extracting the most money it can is SaveOnSP's only goal.

This practice is referred to in the medical literature as "non-medical switching" of patient

therapy,[2] and its risks are well documented.  Forcing patients to stop taking a prescription that is

---

[1] The parties met and conferred regarding these Requests on March 25, 2024.  *See* Ex. 1 (Mar. 26, 2024 Ltr. from I. Eppler to M. Nussbaum).  These efforts to meet and confer were unsuccessful, as SaveOnSP categorically refuses to produce documents responsive to the Requests.  *See* Ex. 2 (Apr. 24, 2024 Ltr. from M. Nussbaum to I. Eppler), at 1–2.

[2] *See, e.g.*, *What Is Non-Medical Switching*, Nat'l Infusion Ctr. Ass'n, https://infusioncenter.org/non-medical-switching/(last visited May 3, 2024); Seth J. Baum, *Non-medical switching: an unmitigated*

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 3

working for them, either to maximize profits or for any other non-clinical reason, poses serious risks

of patient harm, potentially including adverse side effects, disease progression, and nonadherence to

medication protocols.[3]  The risks associated with multiple switches between drugs may be particularly

acute for patients with chronic immunological conditions, many of whom have spent years finding a

treatment that works for them, and who rely upon complex biologic medicines such as many of the

Janssen drugs at issue in this litigation.[4]  Evidence along these lines is relevant to JJHCS's GBL § 349

claim, which requires JJHCS to show that SaveOnSP engaged in conduct that caused "some harm to

the public at large."  *See* D.E. 68 at 13.

SaveOnSP itself has acknowledged that non-medical switching is "potentially harmful

conduct" and tried to distinguish itself from other copay accumulators that encourage it.  *See* Ex. 3

(Dec. 21, 2022 Ltr. from M. Nelson to H. Sandick); *see also* Ex. 4 (SOSP_1219946) (



").  But the record is clear that SaveOnSP has repeatedly

---

*threat to patient care*, 13 Am J. Preventative Cardiology 100470 (2023), *available at*
https://doi.org/10.1016/j.ajpc.2023.100470.

[3] *See, e.g.*, "Non-medical Switching of Medications," Ofc. of Legis. Research Report, Connecticut
General Assembly, *available at* https://www.cga.ct.gov/2017/rpt/2017-R-0008.htm (last visited May
3, 2024); Baum, *supra* n.1 (describing the effects of non-medical switching as "devastating" and
"unconscionable").

[4] Unlike conventional drugs that are chemically synthesized and whose structure is known, biologics
are complex mixtures that are produced in living cells.  One of the key concerns in prescribing and
administering biologic medications is the risk of immunogenicity, which refers to the likelihood that
a patient's immune system may provoke an immune response when it encounters a drug.  The risks
of switching multiple times between biologic products "may be particularly consequential" due to
immunogenicity and other factors.  *See* Allan Gibofsky et al., *Effects of non-medical switching on
outcomes among patients prescribed tumor necrosis factor inhibitors*, 33 Current Med. Rsch. and
Opinion, no. 11, at 1946, *available at* https://doi.org/10.1080/03007995.2017.1375903.

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 4

considered or taken steps to encourage non-medical switching of vulnerable patients in the SaveOnSP

program.  For example, ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████" Ex. 5 (SOSP_0556256). ████████████████████

████████████████████████████████████████████ *See* Ex. 6 (SOSP_0556254).

████████████ take a page directly from what appears to be a well-worn playbook.  *See, e.g.*, Ex. 7

(SOSP_0407317) (describing █████████████████████████████████████████████████████

████████████████████████████████████") ; Ex. 8 (SOSP_0387296) (██████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████) ; Ex. 9 (SOSP_1068512) (████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████).

The patients who rely on Janssen drugs have also been victimized by this tactic.  SaveOnSP

sent a highly misleading letter in May 2023 to thousands of doctors across the country urging them

to stop prescribing Janssen drugs to their patients and switch their patients to different treatments.

Ex. 10 (SOSP_1117796); Ex. 11 (SOSP_1264816) (████████████████████████████████).

SaveOnSP's letter stated that JJHCS was trying to withdraw CarePath funding for patients in the

SaveOnSP program, and that as a result, patients "may experience increased costs for their specialty

medications."  *Id.*  That latter claim was false:  those patients would not experience higher costs

because SaveOnSP and its business partners had promised that "you will always pay zero, as long as

4

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 5

you are enrolled in the [SaveOnSP] program." *E.g.*, D.E. 31-3 at 38:6–38:7. *See generally* D.E. 109

(parties' joint letter to Judge Waldor on this issue).[5] ███████████████████████████

████████████████████████████████████████████████

████████ Ex. 11 (SOSP_1264816) at -819 (████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████") .   ████████████ also recognized SaveOnSP's gambit for what it was: "█

████████████████" *Id.*

SaveOnSP also wrote to health plans, encouraging them to "reduc[e] or remov[e] coverage

for Janssen Drugs" on which patients rely.  Ex. 13 (SOSP_1237034) at -036. █████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████. Ex. 14 (SOSP_1115529) (████████████████████████████

████████████████████████████████████████████████

████████") .

To gain a full understanding of SaveOnSP's encouragement of non-medical switching, and to

gather evidence of harm that could support JJHCS's GBL § 349 claim, JJHCS served Request Nos.

104–107.  Request Nos. 104 and 105 call for information regarding the ████████████████████

████████████████████████████████████████████. Request

---

[5] █████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████" Ex. 12 (SOSP_1290314).

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 6

No. 106 calls for documents and communications regarding other instances in which SaveOnSP encouraged or considered encouraging non-medical switching.  Finally, Request No. 107 calls for documents and communications regarding instances in which SaveOnSP may have encouraged non-medical switching ███████████████████████████████████████████████████████ ███████████████████.⁶  SaveOnSP refused to run any new searches responsive to these Requests.

## ARGUMENT

### I.    The Requested Documents Are Relevant to Patient Harm

SaveOnSP does not seriously dispute the relevance of these non-medical switching efforts; indeed, it agreed early in this case to produce documents responsive to JJHCS's request for "[a]ll documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients, enrolled, or not enrolled in SaveOnSP, based on the exhaustion of manufacturer

---

⁶ Specifically, Request No. 104 calls for "[a]ll Documents or Communications regarding the document produced as SOSP_0556256 [███████████████████████████████████████], including (1) all drafts; (2) if sent to any Person, documents sufficient to show the dates upon which the letter was sent and all recipients; (3) any response received from any Person; (4) if not sent to any Person, all Documents and Communications regarding SaveOnSP's reason or reasons for not sending; and (5) documents sufficient to show all actual or intended recipients."

Request No. 105 calls for "All Documents or Communications regarding the document produced as SOSP_0556254 [█████████████████████████████████████], including (1) all drafts; (2) if sent to any Person, documents sufficient to show the dates upon which the letter was sent and all recipients; (3) any response received from any Person; (4) if not sent to any Person, all Documents and Communications regarding SaveOnSP's reason or reasons for not sending; and (5) documents sufficient to show all actual or intended recipients."

Request No. 106 demands "[a]ll Documents and Communications regarding instances in which SaveOnSP encouraged, or considered encouraging, a Patient to change therapies."

Request No. 107 seeks "All Documents and Communications regarding any instance in which SaveOnSP informed or considered informing a Patient or Provider (or any Person or legal entity affiliated with a Patient or Provider) that there are other pharmaceutical companies dedicated to providing copay assistance programs to meet their or their Patients' therapeutic needs."

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 7

copay assistance funds." Ex. 15 (SOSP's R&Os to JJHCS's 1st Set of RFPs). Nevertheless, SaveOnSP now refuses to produce documents in response to these requests for three reasons, all of which are meritless.

### a. Documents Related to Non-JJHCS Drugs Are Relevant

SaveOnSP argues that documents relating to drugs not manufactured by JJHCS are irrelevant. Ex. 2 (Apr. 24, 2024 Ltr. from M. Nussbaum to I. Eppler), at 1–2; Ex. 18 (Mar. 25, 2024 Ltr. from M. Nussbaum to I. Eppler), at 1. This is SaveOnSP's standard refrain for avoiding the production of damaging documents, but both Judge Waldor and Your Honor have repeatedly rejected it. For example, the Court has recognized that evidence of SaveOnSP's efforts to evade detection by other manufacturers is discoverable "to show intent with respect to [JJHCS]." D.E. 131, June 27, 2023 Tr. at 19:8–15; *see also id.* 30:3–7 (The Court: "I think [counsel for JJHCS is] correct that possibly some interpretation might go to intent . . . . I think it is discoverable."). Your Honor has also recognized that JJHCS is "entitled to discover any acts that [SaveOnSP] employed to effectuate or implement the scheme," which may include discovery into consumer-oriented deceptive conduct targeted at patients who take non-JJHCS drugs. *See* Apr. 3, 2024 Tr. at 147:11–13. The same principles apply here, and there is no basis to distinguish SaveOnSP's harmful efforts toward JJHCS from those it deployed against other manufacturers.

Indeed, in recognition of the relevance of discovery on non-JJHCS manufacturers, SaveOnSP has agreed to provide such discovery on certain other issues, such as SaveOnSP's attempts to evade detection by manufacturers. *See, e.g.*, Ex. 16 (Sept. 5, 2023 Ltr. from M. Nelson to S. Arrow) (agreeing to produce documents responsive to RFP No. 79 implicating non-JJHCS manufacturers); Ex. 17 (Oct. 19, 2023 Email from E. Snow to S. Arrow) (agreeing to provide responses to

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 8

Interrogatories Nos. 16–20 to address conduct "regarding solely non-JJHCS manufacturers"). SaveOnSP cannot articulate any reasoned basis for why the instant requests are different. As with the "manufacturer evasion" discovery, documents and communications related to SaveOnSP's non-medical switching efforts for any manufacturer, JJHCS or otherwise, may shed light on the tactics SaveOnSP considered or undertook with respect to the CarePath program. These tactics are therefore relevant. *See* D.E. 68 at 12.

As to patients, the requested documents will provide evidence of the systematic efforts that SaveOnSP took, or considered taking, that risked serious harm. Indeed, JJHCS alleges in its Complaint that SaveOnSP has harmed members of the public in violation of GBL § 349 by "causing [patients] undue stress and confusion." Compl. ¶ 114; *see Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 291 (1999) (emphasizing the GBL's legislative history recognizing that "consumers of medical services and products might be particularly vulnerable to unscrupulous business practices" and characterizing the GBL as having "long been [a] powerful tool[] . . . to combat fraud in the health care and medical services areas").

Actual or proposed encouragement of non-medical switching also presents distinct harm to JJHCS. For example, SaveOnSP's letters that encouraged non-medical switching around the Patient List issue communicated misleading information about the CarePath program by falsely suggesting that patients would be disenrolled from and ineligible for CarePath—when in fact they would only be ineligible if they stayed enrolled in the SaveOnSP Program. This dissemination of false and deceptive information led to confusion regarding how the CarePath program works and was evidently intended to harm JJHCS's reputation and goodwill in the marketplace, and retaliate against JJHCS for having brought this litigation against SaveOnSP. Documents related to this harm are discoverable.

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 9

> b. *SaveOnSP Has Not Produced All Relevant Documents Regarding Non-Medical Switching*

SaveOnSP claims that it has already produced documents related to communications with CarePath patients that encouraged non-medical switching. *See* Ex. 1 (Mar. 26, 2024 Ltr. from I. Eppler to M. Nussbaum) at 2. But SaveOnSP has refused to substantiate that claim by identifying the responsive documents it supposedly produced. *Id*. And even if it were true, those documents would be just the tip of the iceberg. SaveOnSP must also produce both (i) internal communications regarding actual or proposed efforts to encourage non-medical switching among CarePath patients, even if they do not relate directly to an eventual communication with a patient, and (ii) documents concerning patients that were not taking Janssen drugs. As noted above, documents concerning all efforts to encourage non-medical switching, regardless of manufacturer, are highly relevant to JJHCS's claims.

JJHCS proposed two search terms designed to elicit documents responsive to these Requests. If it were true, as SaveOnSP claims, that it has produced all relevant documents on these issues, JJHCS's search terms should have yielded almost no documents.[7] *See* Ex. 1 (Mar. 26, 2024 Ltr. from I. Eppler to M. Nussbaum). But, tellingly, SaveOnSP has refused even to run them. *See* Ex. 2 (Apr.

---

[7] Specifically, JJHCS asked that SaveOnSP run the following terms:

(other* OR change* OR alternative* OR modif* OR different OR replace* OR substitut* OR switch*) w/20 (drug* OR pharmaceutical* OR medicine* OR medication* OR therap*) w/20 (non-medical OR cheap* or pric* OR expens* OR profit* OR revenue* OR cost*)

(other* OR change* OR alternative* OR modif* OR different OR replacement* OR substitute* OR switch*) w/20 ("copay assistance program" OR "copay assistance programs" OR CPA OR Abbvie OR Humira OR J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") w/20 (nonmedical OR cheap* or pric* OR expens* OR profit* OR revenue* OR cost*)

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 10

24, 2024 Ltr. from M. Nussbaum to I. Eppler).  SaveOnSP should be required to run these search

terms and produce responsive documents.

        *c.  Documents Related to Encouragement of Non-Medical Switching Are Relevant Even*
           *If They Involve Efforts That Were Not Carried Out*

Finally, SaveOnSP suggests that these documents are not discoverable because █████████

████████████████████ addressed in Request Nos. 104 and 105 █████████.  Ex. 2 (Apr.

24, 2024 Ltr. from M. Nussbaum to I. Eppler), at 1–2.  But even if so, documents related to ████

████████████████████████████—are still highly relevant.  For example, documents

related to ████████████ may show that SaveOnSP ultimately decided not to send them because

of concerns about how encouraging non-medical switching might harm patients (a risk that SaveOnSP

has previously acknowledged).  That would be highly probative evidence that SaveOnSP **did**

knowingly harm patients in instances where it effectuated its plans to encourage non-medical

switching, as it did on at least one occasion with respect to Janssen drugs.

**II.     SaveOnSP Should Not Be Rewarded For Its Failure to Cooperate on Minimizing Its
        Discovery Burdens**

SaveOnSP also objects to the Requests on burden grounds.  Ex. 19 (Mar. 22 Ltr. from E. Snow

to I. Eppler), at 1.  But as explained below, despite JJHCS's repeated efforts to work with SaveOnSP

to reduce the burden, SaveOnSP has steadfastly refused to engage with JJHCS.  This confirms that,

for all its talk of "burden," SaveOnSP simply does not want to produce these damaging documents.

Nearly two months ago, JJHCS proposed search terms that would produce documents

responsive to the Requests.  Ex. 18 (Mar. 11, 2024 Ltr. from I. Eppler to E. Snow).  SaveOnSP

declined to produce documents identified by those proposed search terms on the grounds of undue

burden, and did not provide a counterproposal.  Ex. 19 (Mar. 22, 2024 Ltr. from E. Snow to I. Eppler).

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 11

SaveOnSP did claim that it would "consider . . . narrowed terms and provide hit counts in the event it continues to object on the basis of burden."  Ex. 20 (Mar. 25, 2024 Ltr. from M. Nussbaum to I. Eppler).  Consistent with SaveOnSP's representation that it would consider amended search terms, JJHCS provided them.  Ex. 1 (Mar. 26, 2024 Ltr. from I. Eppler to M. Nussbaum).  SaveOnSP did not provide updated hit counts.  After a month, SaveOnSP resurfaced and just declared that it "w[ould] not search for additional documents in response to these requests." Ex. 2 (Apr. 24, 2024 Ltr. from M. Nussbaum to I. Eppler).

This is becoming a troubling pattern, in which SaveOnSP raises a burden objection but refuses to propose narrower terms that would reduce the supposed burden.  *See, e.g.*, Ex. 21 (Apr. 19, 2024 Ltr. from K. Brisson to A. Miner), at 2.  Discovery remains ongoing, and SaveOnSP cannot both refuse to cooperate in the process and then cite undue burden as a pretext for declining to comply with valid requests for the production of relevant documents.  SaveOnSP should not be rewarded for this intransigence.  The Court should order SaveOnSP to run the amended search terms that JJHCS proposed on March 26, 2024, *see* Ex. 1 (Mar. 26, 2024 Ltr. from I. Eppler to M. Nussbaum), at 2, and produce responsive documents.

\*    \*    \*

For the foregoing reasons, we request that Your Honor compel SaveOnSP to produce all documents responsive to Request Nos. 104–107.  We appreciate Your Honor's consideration of this matter.

Honorable Freda L. Wolfson, U.S.D.J.
May 3, 2024
Page 12

Respectfully submitted,

 */s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum


cc:  All counsel of record for SaveOnSP

# Exhibit 1



www.pbwt.com

March 26, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **JJHCS's Eleventh Set of Requests for Production**
       ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
       **No. 2:22-cv-02632 (JKS)(CLW)**

Dear Matthew:

We write in response to your March 25, 2024 letter regarding our March 25 meet and confer regarding JJHCS's Eleventh Set of Requests for Production.

**I.    Request Nos. 104–107**

These Requests call for documents and communications related to non-medical switching.  Request Nos. 104 and 105 call for documents and communications related to ███████ ████████████████████████████████████████████████████████████ that harmed SaveOnSP's bottom line.  Requests No. 106 and 107 call for documents and communications related to SaveOnSP's other efforts to encourage patients to switch drugs for non-medical reasons.

In declining to produce documents responsive to Requests No. 104 and 105, you assert that they are irrelevant because they involve a drug manufactured by AbbVie, a non-JJHCS manufacturer.  You claim that Judge Waldor foreclosed discovery on drugs unrelated to JJHCS's CarePath program.  We disagree for multiple reasons.

*First*, Judge Waldor recognized that evidence of SaveOnSP's conduct toward other manufacturers is discoverable "to show intent with respect to [JJHCS]."  Dkt. No. 131, June 27, 2023 Tr. at 19:8–15; *see also id.* 30:3–7 (The Court: "I think [counsel for JJHCS is] correct that possibly some interpretation might go to intent . . . . I think it is discoverable.").  The same applies here.  *Second*, SaveOnSP has agreed to provide discovery on non-JJHCS manufacturers in other instances; during the meet and confer, you were unable to articulate any reasoned basis for why the instant requests are different than those requests for which SaveOnSP has agreed to provide

Matthew Nussbaum, Esq.
March 26, 2024
Page 2

this type of discovery. *See, e.g.,* Sept. 5, 2023 Ltr. from M. Nelson to S. Arrow (agreeing to produce documents responsive to RFP No. 79 implicating non-JJHCS manufacturers); Oct. 19, 2023 Email from E. Snow to S. Arrow (agreeing to provide responses to Interrogatories Nos. 16–20 to address conduct "regarding solely non-JJHCS manufacturers"). Here, as with the "manufacturer evasion" discovery, documents and communications related to SaveOnSP's non-medical switching efforts for other manufacturers may show that SaveOnSP considered or undertook similar efforts with respect to the CarePath program. *Third*, JJHCS alleges in its Complaint that SaveOnSP has harmed members of the public in violation of GBL § 349 by "causing [patients] undue stress and confusion." Compl. ¶ 114. This allegation is not limited to patients on Janssen drugs. These documents may tend to show that SaveOnSP harmed patients taking Humira "undue stress and confusion" by encouraging them (and their treating providers) to switch away from a drug that benefited them, solely for the sake of SaveOnSP's finances. As such, they are relevant to JJHCS's GBL § 349 claim.

        As you know, we also requested that you confirm whether the recipient lists for the letters referenced in Request Nos. 104 and 105 (SOSP_0556256 and SOSP_0556254) are maintained in a non-custodial source. *See* March 11, 2024 Ltr. from I. Eppler to E. Snow. You were unable to provide a response to this question during the meet and confer. Please do so promptly.

        During our meet and confer, you also asserted that Request Nos. 106 and 107 are duplicative of prior JJHCS Requests for communications with CarePath patients and efforts to encourage non-medical switching by CarePath patients. SaveOnSP claims it has, or will, produce all documents regarding its efforts to encourage non-medical switching by CarePath patients. Request Nos. 106 and 107 are not duplicative of prior Requests. Those prior Requests call only for communications with ***CarePath*** patients that encourage non-medical switching, while Request Nos. 106 and 107 call for ***all*** documents and communications regarding efforts to encourage non-medical switching. Thus, the requests are not co-extensive and would not yield the same documents. Accordingly, SaveOnSP may not avoid discovery on Request Nos. 106 and 107 on the basis of purported duplication. In addition, given the confidence you expressed that SaveOnSP's production is complete as to documents related to the non-medical switching of CarePath patients, please identify any such documents by Bates number.

        In an effort to address some of the burden arguments you have raised, JJHCS proposes the following amended search terms for these Requests:

- (other* OR change* OR alternative* OR modif* OR different OR replace* OR substitut* OR switch*) w/20 (drug* OR pharmaceutical* OR medicine* OR medication* OR therap*) w/20 (non-medical OR cheap* or pric* OR expens* OR profit* OR revenue* OR cost*)

- (other* OR change* OR alternative* OR modif* OR different OR replacement* OR substitute* OR switch*) w/20 ("copay assistance program" OR "copay assistance programs" OR CPA OR Abbvie OR

Matthew Nussbaum, Esq.
March 26, 2024
Page 3



Humira OR J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") w/20 (non-medical OR cheap* or pric* OR expens* OR profit* OR revenue* OR cost*)

**II.    Request Nos. 108–109**

JJHCS has identified SaveOnSP documents indicating that ███████ ███████████ Accordingly, it served Request Nos. 108 and 109. These Requests call for documents and communications related to ███████████ including documents sufficient to identify the SaveOnSP ████████████████ e. As we explained during the meet and confer, such documents are relevant to understanding the full scope of SaveOnSP's wrongful conduct and potential damages. Indeed, as we noted during the meet and confer, SaveOnSP's ████████████ is mentioned in a ██████████ ████████. *See* SOSP_0385210. To the extent SaveOnSP responded to such efforts by reorienting its business operations, including to target Johnson & Johnson's patient assistance programs ██████ JJHCS is entitled to understand the full scope of SaveOnSP's strategy to perpetuate its wrongful scheme.

You expressed a willingness to provide additional information about SaveOnSP's ████████—including the identity of the ███████████████ ███████████████ came to fruition. In order to guide further discussion regarding these Requests, please answer the following questions: (1) did SaveOnSP ██████ ██████████ and if so, when, under what circumstances, and for what purpose; (2) did it target any of Johnson & Johnson's patient assistance programs operating ██████ and (3) who is the ████████████"? In addition, because this information is solely within SaveOnSP's possession, please provide proposed search terms to capture documents responsive to these requests.

**III.    Request No. 110**

This Request calls for documents and communications regarding a September 9, 2022 article in the Washington Post in which the author described challenges obtaining lifesaving cancer medication that resulted from the operation of the SaveOnSP program. This article provides evidence of the patient harm that JJHCS alleges in its Complaint. JJHCS is entitled to take discovery on the article and SaveOnSP's reaction to it, including whether SaveOnSP attempted to convince the Washington Post to modify or refrain from publishing the article, and whether SaveOnSP discussed changes to its practices because of the article.

Because JJHCS's proposed search terms associated with this Request yield only 592 unique documents, SaveOnSP cannot credibly contend that producing these documents will

Matthew Nussbaum, Esq.
March 26, 2024
Page 4

be unduly burdensome or disproportionate to the needs of the case. SaveOnSP apparently claims that the burden associated with a production is assessed on a sliding scale, with requests made towards the end of discovery assessed more skeptically if the party has already produced a high volume of documents. This Request is not the first instance in which SaveOnSP has made this argument, and as JJHCS has previously explained, this position lacks a foundation in the law. *See* Mar. 19 Ltr. from H. Sandick to Judge Wolfson re: JJHCS Mot. to Compel. Moreover, fact discovery remains ongoing. But even if there were any support for SaveOnSP's position on burden and proportionality, the relevance of these documents and the low production volume means they would satisfy SaveOnSP's proposed proportionality standard. Please reconsider your position.

## IV.    Request No. 111

This Request calls for SaveOnSP to produce a small number of documents related to its business model and its contemplation of an expansion of its business to serve PBMs other than Express Scripts and Prime Therapeutics. As JJHCS previously explained when it sought documents related to SaveOnSP's business plans, there is nothing "more relevant to [its] claims challenging SaveOn's efforts to take patient support moneys intended for patients than their plans to do exactly that, which is set forth in the business plans." Tr. of June 27, 2023 Conf., 7:20-23. Given the critical relevance of SaveOnSP's business plans to JJHCS's understanding of SaveOnSP's activities, Judge Waldor previously ordered that SaveOnSP produce them. *Id*. at 30:1-2. These documents are relevant for the same reasons. Given that JJHCS's proposed search terms for this Request elicits only 510 documents, SaveOnSP cannot credibly resist discovery on either relevance or burden and must produce these documents.

## V.    Request No. 112

Thank you for confirming that SaveOnSP will evaluate this Request, which calls for an extremely limited production of documents that are relevant to rebutting the mitigation of damages defense that SaveOnSP has made clear it will put at the center of this case. We look forward to receiving your response by Friday, March 29. In that response, please state whether you will be producing the seven documents captured by this request and confirm that you will do so in your next production.

## VI.    Request No. 113

This Request calls for documents and communications regarding instances in which employees or agents of SaveOnSP called SaveOnSP patients in an effort to obtain information regarding letters that CarePath sent to patients. Contrary to the claims in your letter and at the meet and confer, these documents are not duplicative of prior Requests, and are not limited to call notes. This request seeks not only the content of written communications to patients regarding CarePath, but also internal communications regarding SaveOnSP's strategy of contacting patients to learn more about CarePath. These documents will provide further insight into how SaveOnSP attempted to evade changes to the CarePath program intended to prevent SaveOnSP from pilfering

Matthew Nussbaum, Esq.
March 26, 2024
Page 5

CarePath funds: this strategy of soliciting information from patients about the program may have been an element of SaveOnSP's evasion efforts.

In an effort to address any burden concerns, JJHCS proposes the following narrowed search term for this Request:

- (call* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/15 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP")

## VII.    Request Nos. 114–115

As you know, we requested that you confirm whether documents responsive to Request No. 115 (i.e., documents sufficient to show all phone numbers used by SaveOnSP or any of its employees, agents, or affiliates when calling JJHCS or TrialCard, Inc., as well as the dates and times of all such phone calls) are maintained in a non-custodial source. During the meet and confer, you agreed to investigate this issue. Please do so promptly.

*        *        *

Please provide a response by **Tuesday, April 2**. For any request for which JJHCS has proposed one or more amended search terms, please provide de-duplicated hit counts, individually and in the aggregate.

Very truly yours,

*/s/ Ian Eppler*
Ian Eppler

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

April 24, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to your March 26, 2024 letter and to follow up on our
March 25, 2024 letter regarding Johnson & Johnson Health Care Systems, Inc.'s
(together with its affiliates, "**J&J**") 11th Set of Requests for Production ("**RFPs**").

*First,* regarding RFP Nos. 104-107, you request documents "related to non-
medical switching." Mar. 26, 2024 Ltr. from I. Eppler to M. Nussbaum. RFP Nos.
104 and 105 both relate to letters that, according to J&J, "SaveOnSP sent" to ███████
████████████████████████████████████████████. *Id.* at 1. J&J cites two documents
produced by SaveOn: SOSP_0556256 and SOSP_0556254. We have investigated
and confirmed that ██████████████████████████████.

These draft letters are irrelevant. While you state that Judge Waldor previ-
ously ruled that evidence of SaveOn's actions regarding other manufacturers is dis-
coverable "to show intent with respect to [J&J,]" Dkt. No. 131, June 27, 2023 Tr. at
19:8-15, that ruling dealt solely with ████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████" Dkt. No. 131 at 14:1-2.  You do not explain why █████████████
███████████████████████████████████████████████████████████████, have any
bearing on SaveOn's intent as to J&J.  While you also assert that SaveOn's prior
agreement to produce various categories of documents related to non-Janssen
drugs means that SaveOn must produce documents related to a separate

manufacturer here, SaveOn has maintained its relevance objections to discovery requests concerning non-Janssen drugs and asserts them here. While you claim that J&J can assert GBL claims for public harms to patients who take other manufacturer's drugs, J&J in fact has no standing to bring such claims, as "what doesn't affect Johnson & Johnson is not part of this lawsuit." Dkt. No. 89 at 16:20-21. SaveOn will not produce additional documents regarding these draft letters.

Regarding RFP Nos. 106 and 107, you request documents and communications related to "SaveOnSP's other efforts" (besides the two draft letters described above) "to encourage patients to switch drugs for non-medical reasons." Mar. 26, 2024 Ltr. at 1. We have investigated and have not discovered any instances where SaveOn sent such communications.[1] SaveOn will not search for additional documents in response to these requests.

*Second*, regarding RFP Nos. 108 and 109, you request documents related to "█████████████████████," and the identity of the ████████ identified in a single slide at SOSP_0385210. Mar. 26, 2024 Ltr. at 2. We have investigated and determined that SaveOn never e███████████████████████ ████. While briefly considering the possibility of ████████, SaveOn identified it as a ████████████████████" and identified ██████████████████████████████████. *See* SOSP_0385210 at 12. J&J does not assert that SaveOn ever targeted its patient assistance programs in ██████, and its claims in this case have nothing to do with those programs. The documents sought by RFPs No. 108 and 109 are thus irrelevant to the claims and defenses in this action. SaveOn will not search for or produce additional documents responsive to these requests.

*Third,* regarding RFP No. 110, which relates to a September 9, 2022 Washington Post article, while SaveOn maintains its objections and reserves all rights, it will agree to review and produce relevant, non-privileged documents that hit on the proposed search terms for this request if J&J agrees to identify all custodians, including those outside of JJHCS, who had any involvement with either the drafting of or J&J's reaction to the article and produce documents from their custodial files related to the article.



---

[1] To the extent RFP 107 covers the May 2023 letters referenced previously by J&J in its RFP Nos. 81 and 82, SaveOn disagrees that those letters constituted an effort to encourage patients to switch drugs for non-medical reasons. SaveOn nevertheless agreed to produce documents on the topics addressed in these RFPs if J&J would agree to produce documents "on the same topics during the same time period[.]" Sept. 19, 2023 Ltr. from A. Dunlap to S. Arrow. J&J declined this offer. Sept. 21, 2023 Ltr. from S. Arrow to A. Dunlap. SaveOn's offer still stands: If J&J will identify the appropriate custodians who were involved in J&J's response to SaveOn's letter and produce their documents on the same topics addressed in these RFPs, then SaveOn will do the same.

*Fourth*, regarding RFP No. 111, you request documents related to efforts by SaveOn to provide services to health plans beyond clients of the PBMs Express Scripts or Prime Therapeutics, LLC. We have investigated and determined that SaveOn did not provide services to any health plans other than Express Scripts and Prime Therapeutics, LLC clients. The documents are therefore irrelevant to this case. SaveOn will not search for or produce additional documents in response to this RFP.

*Fifth,* regarding RFP No. 112, we further investigated the ███████████████" referenced in SOSP_1035262 and determined that this issue related exclusively to the ████████████, which is irrelevant to this action. SaveOn will not search for or produce additional documents in response to this RFP.

*Sixth,* regarding RFP No. 113, you assert that this request is not duplicative of RFP Nos. 5 and 6 because it seeks internal as well as external communications regarding SaveOn's contact with patients about CarePath. In fact, J&J's RFP No. 5 requested "[a]ll documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath," which included internal communications, in response to which SaveOn agreed to produce both "the communications themselves" and "internal documents" regarding those communications, Mar. 15, 2023 Ltr. from H. Sandick to A. Dunlap. You do not identify any gaps in this production; you instead point to a single document (SOSP_1051456) in which a █████████████████████████████████████████████████ █████. The search term you ask us to run would also require SaveOn to review another 67,621 documents, which would be unduly burdensome. SaveOn will not search for or produce additional documents in response to RFP No. 113.

*Seventh*, regarding RFP Nos. 114-115, we will respond separately.

We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# Exhibit 3

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Meredith Nelson
Associate
212 390 9069
mnelson@selendygay.com

December 21, 2022

**<u>Via E-mail</u>**

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Harry,

We write in response to your December 9, 2022 letter ("December 9 Letter")
regarding our meet and confer on Save On SP LLC's ("SaveOnSP") Responses and
Objections to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") First and
Second Requests for Production. We also write regarding JJHCS's Responses and
Objections to SaveOnSP's First Request for Production of Documents.

## I.     Issues Relating to JJHCS's Requests for Production

### A.     General Issues

#### 1.     Anonymization of Patient Identities

SaveOnSP generally proposes to anonymize references to patient identities
in documents it produces. JJHCS objects to this proposal.

JJHCS has not adequately explained why it needs the requested patient
identities to analyze data produced by SaveOnSP. You state that JJHCS is "entitled
to track individual patients' experiences with SaveOnSP through the relevant data
as part of its analyses in this action"—but you do not explain what it is that JJHCS
wishes to track or what analyses it intends to perform that require patient identi-
ties. You state that JJHCS is "entitled to prove its damages by comparing the
amount of CarePath funds used by patients in the SaveOnSP Program with the
amount of CarePath funds used by patients not in the SaveOnSP Program"—but

Harry Sandick
December 21, 2022

SaveOnSP has agreed to provide these amounts and you do not explain why patient identities are relevant to that comparison. You state that JJHCS is "further entitled to see how patient co-pays increased or changed after a patient joined the SaveOnSP Program and to present to the jury relevant data at whatever level of specificity it deems appropriate"—but, again, SaveOnSP has agreed to provide the data you seek and you do not explain why patient identities are required for those analyses. We are glad to reconsider JJHCS's request if it can explain why patient identities are relevant to these analyses.

JJHCS has not explained why it needs patient identities at this point in the litigation to explore potential "patient harm." As we stated during our meet and confer, SaveOnSP is willing to consider requests to disclose the identities of specific patients based on particularized showings by JJHCS. If, for example, documents produced by SaveOnSP show interactions with a specific patient that JJHCS believes are relevant to its allegations of harm, SaveOnSP would consider producing the identity of that patient. JJHCS has not explained why it would not agree to such an approach.

JJHCS does not acknowledge the full potential harm posed by its request. As we stated during our meet and confer, the identities of patients enrolled in SaveOnSP are highly sensitive and confidential business information, as well as highly confidential information under HIPAA. Protecting patient information is at the core of SaveOnSP's business; any inadvertent disclosure poses a risk of severe reputational and business harm to SaveOnSP. As you acknowledge, the protective order in this case cannot protect against inadvertent disclosure.

Most importantly, the protective order would not prevent JJHCS from subpoenaing or contacting patients enrolled in SaveOnSP-advised plans for litigation purposes. In fact, you state that JJHCS intends to "pursue further discovery regarding particular experiences with SaveOnSP" from patients. The prospect of JJHCS subpoenaing or otherwise contacting these patients—and there are tens of thousands of them—poses a real risk to SaveOnSP. Receiving subpoenas or other litigation-related communications regarding their specialty medications and their dealings with SaveOnSP could greatly upset these patients, potentially leading them to opt out of benefits offered by their health plans or creating pressure for their health plans to discontinue their business dealings with SaveOnSP. Such a result poses a risk of serious injury to SaveOnSP. *See, e.g.*, *Winona PVD Coatings, LLC v. Excel Enters., LLC*, No. 3:16-CV-19-WCL-CAN, 2016 WL 9347091, at *3 (N.D. Ind. Apr. 18, 2016) (deferring subpoenas until after party discovery because such subpoenas posed a risk to plaintiff's business relationships with its customers and suppliers); *Accusoft Corp. v. Quest Diagnostics, Inc.*, No. CIV.A. 12-40007-FDS, 2012 WL 1358662, at *1, 10-11 (D. Mass. Apr. 18, 2012) (quashing third-party subpoenas directed at defendants' customers because the subpoenas would cause harm to defendants' customer relationships).

We invite you to fully discuss these issues. Among other things, we would like to know if JJHCS really needs the identities of all patients, or whether (for

2

Harry Sandick
December 21, 2022

example) it might limit its Requests to a subset. We would also like to discuss if
JJHCS would be willing to discuss safeguards on its intended outreach to patients,
including (for example) a limit on the number of patients it might contact or a pe-
riod of notice before contacting patients sufficient for SaveOnSP to lodge objec-
tions with the Court.

## 2.     Anonymization of Health Plan Identities

SaveOnSP generally proposes to anonymize references to health plan iden-
tities in documents it produces. JJHCS takes issue with this proposal.

JJHCS has not explained why it requires the identities of SaveOnSP's clients
to pursue its claims. You state that SaveOnSP has asserted in Court filings that
"health plans are one of the key actors in the scheme to extract funds from Care-
Path"—but SaveOnSP will produce documents showing its contracts and commu-
nications with health plans. And, as we told you, SaveOnSP will consider producing
the names of specific health plans if JJHCS can make a particularized showing
based on documents that SaveOnSP produces.

JJHCS does not acknowledge the harm that its request poses to SaveOnSP.
You assert that "many health plans publicly advertise the fact that they participate
in the SaveOnSP Program." As we told you, SaveOnSP will produce and will not
anonymize the names of any health plans that it can verify have publicly disclosed
that they are SaveOnSP clients. That some plans have publicly disclosed that they
are clients, however, does not mean that SaveOnSP would not be injured by the
disclosures of the names of those who have not.

As we have explained to you, SaveOnSP's client lists are highly confidential
business information. You assert that JJHCS is not SaveOnSP's "competitor." This
is disingenuous: JJHCS is engaged in a concerted effort to put SaveOnSP out of
business. You acknowledge that JJHCS may "potentially pursue further discovery
from those plans" who are SaveOnSP's clients, which the protective order would
not prevent. If JJHCS were to subpoena or otherwise contact SaveOnSP's clients—
and there are thousands of them—it could pressure many of those clients to dis-
continue their business dealings with SaveOnSP, severely damaging SaveOnSP.
You have also not explained why JJHCS could not begin its third-party discovery
with plans that have opted to publicly disclose that they are SaveOnSP clients.

We again invite you to fully discuss these issues. Among other things, as we
said during our meet and confer, we are willing to discuss if SaveOnSP could satisfy
JJHCS's Requests by producing a limited number of client names, for example af-
ter JJHCS has reviewed SaveOnSP's anonymized productions and determined
which client identities it believes are relevant. We are also interested in discussing
appropriate limits on JJHCS's subpoenas to and communications with SaveOnSP's
clients.

Harry Sandick
December 21, 2022

### 3.    Internal Communications and Documents

JJHCS takes issue with SaveOnSP's position that it will not produce internal communications in response to certain of JJHCS's RFPs. Although this issue affects 14 separate RFPs, and although we explained to you during our meet and confer that our relevance objections differ based on the specific nature of the information sought by each RFP, you address these RFPs together. You state that such internal communications may be relevant to JJHCS's tortious interference claim because they may give insight into "SaveOnSP's intent" and how it induced breach. Dec. 9 Letter at 3-4. You also state that such communications may be relevant to JJHCS's GBL claim because they may show "SaveOnSP's intent and the resulting patient harm." *Id.* at 4. We again address each category below.

### a.    Internal communications regarding patient communications and marketing (RFP Nos. 5, 7, 8, 16, 35)

SaveOnSP agreed to produce external facing communications and marketing materials responsive to RFP Nos. 5, 7, 8, 16, and 35, which generally seek all documents, including internal drafts and communications, related to communications with patients who are enrolled in or eligible to be enrolled in CarePath and all SaveOnSP marketing materials. JJHCS now claims that this is insufficient and demands that SaveOnSP produce all documents responsive to these Requests.

As we explained, JJHCS's claims are based on specific allegedly deceptive statements and omissions that it claims SaveOnSP makes to all patients and SaveOnSP's alleged inducement of CarePath patients to breach their contracts. You have not explained how every communication with patients or marketing document—much less every internal communication or document about those communications or marketing documents—is relevant. For instance, you have not explained why JJHCS requires drafts of marketing materials that simply describe SaveOnSP's services and contain none of the allegedly misleading statements or omissions that JJHCS describes in its Complaint.

SaveOnSP is willing to consider producing some sets of internal documents responsive to these RFPs. For instance, you stated during our meet and confer that JJHCS wants to see internal discussions that SaveOnSP had about communications where a patient is told that her drug is not covered. We are willing to search for and produce such documents, should we identify any. We invite you to identify other specific categories of internal documents that JJHCS believes are relevant to its claims so that SaveOnSP can consider JJHCS's relevance arguments and respond accordingly.

### b.    Drafts and negotiation documents for contracts with plans (RFP No. 17)

JJHCS has not explained why drafts and negotiation history communications for SaveOnSP's contracts with health plans are relevant. We discussed

4

Harry Sandick
December 21, 2022

JJHCS's RFP No. 17 during our meet and confer and you said nothing about this issue. JJHCS's December 9 Letter offers no further explanation. We invite you to explain your position as to these documents.

### c. Internal formulation of the advice SaveOnSP provides to health plans (RFP Nos. 18, 19, 20, 21, 22, 31, 44)

In its responses to JJHCS's RFP Nos. 18, 19, 20, 21, 22, 31, and 44, Save-OnSP stated that it was willing to produce documents that reflect the advice Save-OnSP provides to health plans. SaveOnSP does not believe that the advice that it provides to health plans is relevant to either of JJHCS's claims, which center on SaveOnSP's communications with patients after health plans have already decided to adopt the advice that SaveOnSP provides. Despite this, we agreed to provide you with documents reflecting SaveOnSP's advice to health plans.

Your December 9 Letter states that documents responsive to RFP Nos. 18-22 are relevant because they relate to "various aspects of SaveOnSP's compliance with the Affordable Care Act." But you have not explained how SaveOnSP's compliance with the Affordable Care Act relates to your GBL or tortious interference claims. And you refuse to produce documents in response to SaveOnSP's Requests seeking information on JJHCS's understanding of whether SaveOnSP advice to plans complies with the Affordable Care Act. JJHCS's R&Os to SaveOnSP's RFP Nos. 14, 21; *see also infra* at 13-14. Please explain why the information JJHCS seeks from SaveOnSP on these topics is relevant to its claims, and why the parallel information SaveOnSP seeks from JJHCS is not.

### d. RFP No. 45

JJHCS's RFP No. 45 seeks "[a]ll documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs."

As we said during our meet and confer, this Request could capture nearly every written document concerning SaveOnSP. We invited you to provide us with more information on the specific documents JJHCS is seeking, but you have not. SaveOnSP will agree to produce all studies, reports, publications, formal research summaries, and white papers responsive to this Request, regardless of whether they were publicly disseminated. If you seek additional documents, we invite you to tell us what they are and why they are relevant.

### 4. Limited Scope of Drugs at Issue

In response to JJHCS's RFP Nos. 8, 12, 17, 19, 20, 21, 22, 28, 30, 32, 33, and 34, SaveOnSP agreed to produce responsive documents "regarding Janssen

Harry Sandick
December 21, 2022

Drugs." During our meet and confer, we stated that we intended to produce documents that apply to multiple drugs, including Janssen Drugs, and that SaveOnSP did not intend to limit its production to documents which reference JJHCS or Janssen Drugs on their face.

During our meet and confer, you stated that, given JJHCS's GBL claim, you believed there may be a case for the relevance of all documents responsive to these Requests but did not offer any further explanation. In your December 9 Letter, you now declare that your "GBL claim concerns all of SaveOnSP's conduct," that all "documents and communication concerning non-Janssen Drugs are relevant to the claims at issue in this action," and, accordingly, that the parties are at impasse. Dec. 9 Letter at 5.

JJHCS has not explained why our agreement to produce documents that relate to Janssen Drugs or SaveOnSP's practices generally, while withholding documents that relate *exclusively* to other manufacturers' drugs, will not provide you with the information JJHCS needs, or why documents relating exclusively to other manufacturers' drugs are relevant. We invite you to provide us with this response, so that SaveOnSP can consider your arguments and the parties can avoid burdening the Court with unnecessary disputes.

### 5.    Limiting Responses to SaveOnSP's "Services"

In response to JJHCS's RFP Nos. 5, 6, 7, 10, 11, 12, 14, 15, 25, 33, and 45, SaveOnSP stated that it would limit its production to responsive documents and communications "regarding SaveOnSP's services at issue in this action." As we stated during our meet and confer, this qualification is necessary due to the breadth of JJHCS Requests. JJHCS's Requests, for instance, seek all documents and communications between categories of people and entities without any stated limitations that would restrict discovery to the subject matter of this action. *See, e.g.*, RFP No. 5 (seeking all communications between SaveOnSP and persons enrolled or eligible to enroll in CarePath). This could include, for example, communications between a SaveOnSP employee and an individual taking a Janssen therapy that are personal in nature and have no relevance to this action.

SaveOnSP uses the term "SaveOnSP's services" to encompass SaveOnSP's core business operations. This term would include any of SaveOnSP's activities that are patient-facing (including, for example, patient outreach and monitoring). As we stated during our meet and confer, we are not currently aware of documents responsive to these Requests which SaveOnSP intends to withhold based on this limitation. We reserve the right to revisit this approach as we determine the extent to which documents and communications exist which are captured by JJHCS's Requests but have no relevance to this action.

Harry Sandick
December 21, 2022

### 6. Limiting Responses to Documents "Sufficient to Show"

In response to JJHCS's RFP Nos. 3, 5, 7, 10, 11, 12, 17, 25, 31, 33, 41, 42, 48, 49, and 51, SaveOnSP indicated that it would limit its production to "documents sufficient to show" the information sought by JJHCS. This qualification was again necessary considering the breadth of JJHCS's Requests, many of which seek "all" documents without limitation.

During our meet and confer, you asked why we included this limitation for certain Requests. For RFP No. 13, for instance, we explained that we do not intend to withhold responsive contracts, agreements, and memoranda concerning the relationship between Accredo and SaveOnSP or informal documents that provide unique information about the relationship between Accredo and SaveOnSP, but that your Request as written could encompass nearly every communication between Accredo and SaveOnSP. We remain willing to negotiate a search protocol to identify documents responsive to these Requests and to revisit any concerns you may have regarding specific Requests.

### B. Issues Related to Specific Requests for Production

#### 1. RFP No. 2

JJHCS's RFP No. 2 seeks "documents sufficient to identify the names and citizenship of all SaveOnSP LLC members." SaveOnSP has objected to this Request on the ground that such documents are irrelevant to the claims and defenses in this action. During our meet and confer and in your December 9 Letter, you raised three points as to why the documents sought by this Request are relevant: (1) that this information is necessary for JJHCS to understand who owns and controls SaveOnSP for purposes of liability; (2) that this information is necessary for JJHCS to understand decision-making processes at SaveOnSP; and (3) that this information is necessary to establish subject matter jurisdiction. We address each of these points in turn.

First, you have not explained how this information is necessary for "purposes of liability." SaveOnSP is the only defendant in this case and the only party that faces liability. There are no allegations in JJHCS's complaint that suggest liability on the part of SaveOnSP's members. If you intend to pursue this argument, we ask that you clarify for us what you mean by this statement.

Second, you have not explained why this information is relevant to understanding SaveOnSP's decision-making process. We are producing information showing who the decision-makers within SaveOnSP are. If you intend to pursue this argument, we again ask that you provide us with more detail on why you believe you are entitled to this information.

Finally, you have not explained why this information is necessary to establish diversity jurisdiction. SaveOnSP is not contesting diversity jurisdiction. We

7

Harry Sandick
December 21, 2022

would be glad to stipulate that none of the members of SaveOnSP reside in New Jersey. If you intend to pursue this argument, please provide us with authority for the position that a party is entitled to jurisdictional discovery when the opposing party does not contest jurisdiction. *Cf. Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015) (plaintiff is entitled to limited discovery to support assertion of diversity jurisdiction if defendant disputes the factual basis for that assertion).

### 2.    RFP No. 6

Your December 9 Letter misstates our position as to RFP No. 6. You characterize our position as follows: "You indicated that there was no present intention to carve out any particular documents and that this objection was made in order to avoid the potential burden to SaveOnSP should the volume of such communications be greater than expected." Dec. 9 Letter at 6. Not so. We explained that RFP No. 6 seeks "all communications" between JJHCS and SaveOnSP without limitation to the subject matter of this litigation and thus may capture communications irrelevant to this action. We stated that our proposed limitation to produce communications between JJHCS and SaveOnSP concerning CarePath, SaveOnSP's services, or Janssen Drugs would capture all relevant communications.

In your December 9 Letter, you assert without explanation that "SaveOnSP [should] produce all communications, regardless of subject matter, with JJHCS" and claim that the parties are at impasse on this issue. Dec. 9 Letter at 6. This is in stark contrast to your position during our meet and confer, where you suggested that the parties could likely resolve this issue using search terms. Please explain why you now believe that SaveOnSP's proposed limitation is inadequate.

### 3.    RFP No. 12

JJHCS's RFP No. 12 seeks "[a]ll documents concerning fees paid to or collected by SaveOnSP." In its Responses and Objections, SaveOnSP agreed to produce "documents sufficient to show all fees paid to or collected by SaveOnSP that relate to the services it provides to plans regarding Janssen Drugs."

JJHCS asserts that it requires all documents concerning fees paid to or collected by SaveOnSP. During our meet and confer, you indicated this Request includes documents relating to fee negotiations and SaveOnSP's fee structures. You stated that JJHCS believes SaveOnSP's fee structures are relevant to its allegation that SaveOnSP causes CarePath to pay more money in copay assistance. You have not explained why this is so. JJHCS's purported damages are based on the amounts it pays out in copay assistance; you do not explain how SaveOnSP's fees impact the amount that JJHCS pays. In any event, we propose to produce documents showing the actual fees that SaveOnSP receives, which will also contain information about SaveOnSP's fee structure. Further, even if it were accurate that JJHCS is entitled to documents regarding SaveOnSP's fee structure, JJHCS has not explained why it

Harry Sandick
December 21, 2022

needs *all* documents related to SaveOnSP's fees. We invite you to explain why you
need additional information beyond what SaveOnSP has agreed to provide.

### 4.    RFP No. 15

In its RFP No. 15, JJHCS seeks "[a]ll recordings or transcripts of presenta-
tions or interviews concerning the SaveOnSP Program." SaveOnSP agreed to pro-
duce "recordings or transcripts of presentations regarding the services that it pro-
vides to health plans identified during a reasonable search," anonymizing refer-
ences to the identities of plan participants or health plans. During our meet and
confer, you asked if SaveOnSP intentionally excluded "interviews" from its re-
sponse. We stated that we did not. We confirm that we do not intend to withhold
responsive recordings or transcripts of interviews, though we maintain our other
objections and our position on the necessity of anonymization.

### 5.    RFP No. 24

In its RFP No. 24, JJHCS seeks "[a]ll documents concerning SaveOnSP's
offer of $0 co-payments to patients, including any communications relating to
whether to cease offering $0 co-payments for one or more pharmaceuticals." Save-
OnSP objected to RFP No. 24 because SaveOnSP does not offer $0 copays to pa-
tients and the Request thus misstates SaveOnSP's business. During our meet and
confer, you asked us if we intended to withhold any categories of documents based
on this objection. We stated that our objection relates to JJHCS's characterization
of SaveOnSP's business, but that SaveOnSP intends to produce responsive docu-
ments and communications relating to SaveOnSP's actual business activities. We
confirm that your December 9 Letter reflects our understanding.

### 6.    RFP No. 29

JJHCS's RFP No. 29 seeks "all documents and communications indicating
the total amount SaveOnSP has collected from patients who had already satisfied
their out-of-pocket maximum prior to enrolling in SaveOnSP." SaveOnSP objected
to this Request on the ground that it does not describe the documents requested
with reasonable particularity.

In your December 9 Letter, you now ask if SaveOnSP will produce "[a]ll doc-
uments and communications indicating the total amount of CarePath funds col-
lected from patients enrolled in the SaveOnSP Program who had already met their
out-of-pocket maximum under the Affordable Care Act prior to enrolling in Save-
OnSP." There is no SaveOnSP Program as you use that term in your Requests, and
SaveOnSP does not "collect" funds "from patients." We interpret your restated Re-
quest as seeking documents and communications indicating the total amount of
CarePath funds expended on patients enrolled in plans advised by SaveOnSP who
had already met their out-of-pocket maximum under the Affordable Care Act prior
to their plans partnering with SaveOnSP. We are investigating whether SaveOnSP
has any information responsive to this restated Request.

Harry Sandick
December 21, 2022

### 7.    RFP No. 30

In its RFP No. 30, JJHCS seeks "[a]ll documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of members to SaveOnSP." In its Responses and Objections, SaveOnSP objected to the phrase "[p]oint of sale claim rejection," as it does not accurately describe pharmacies' communications with patients. As SaveOnSP set out in its motion to dismiss briefing and as we stated at our meet and confer, SaveOnSP disputes that a "point-of-sale claim rejection" occurs. SaveOnSP nevertheless intends to produce documents in response to this Request, including those related to administrative alerts which occur as part of the warm transfer process.

### 8.    RFP No. 36

In SaveOnSP's Response to JJHCS's RFP No. 36, SaveOnSP stated that it is not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control, but that should SaveOnSP become aware of any such documents in its possession, custody, or control, it will produce them subject to its other objections. During our meet and confer, we reiterated that, to the best of our knowledge, SaveOnSP does not create or retain Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials in its ordinary course of business, but that SaveOnSP does not intend to withhold any such documents it identifies during its search.

### 9.    RFP Nos. 41 and 42

JJHCS's RFP Nos. 41 and 42 seek extensive data regarding manufacturer copay assistance provided to participants of plans advised by SaveOnSP and transaction data for specialty drug fills by those participants. During our meet and confer, you stated that the data sought by RFP Nos. 41 and 42 was necessary for JJHCS's damages calculation. When we asked you why the specific data sought—including information such as the pharmacy name and address—was relevant to damages, you told us that this information was necessary for you to "match" the data with patients in CarePath's system. That is, JJHCS intends to use this data to identify specific patients. As discussed above, JJHCS has not adequately explained why it needs those identities to prove its claims, and SaveOnSP intends to anonymize those identities in the documents that it produces.

Your December 9 Letter now claims that SaveOnSP's objection that many of the categories of data sought are not relevant to this action is somehow "inappropriate." Dec. 9 Letter at 10. In fact, JJHCS may request only documents that are relevant to its claims or to SaveOnSP's defenses. We invite you to explain why the data that JJHCS seeks is relevant.

Harry Sandick
December 21, 2022

### 10.  RFP No. 43

JJHCS's RFP No. 43 seeks "All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs." As we explained during our meet and confer, none of JJHCS's claims are based on allegations that SaveOnSP violates such statutes or regulations. As with RFP Nos. 18-22, you have not explained how SaveOnSP's compliance with such statutes or regulations relates to your GBL or tortious interference claims.

### 11.  RFP No. 52

JJHCS's RFP No. 52 seeks documents "sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses."

During our meet and confer and in your December 9 Letter, you stated that SaveOnSP's financial position is relevant to damages. We explained that the financial position of SaveOnSP goes solely to JJHCS's potential ability to collect a judgment and is irrelevant at this stage of the litigation. *See Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 362 (D. Del. 2015) (finding that discovery into plaintiff's assets before judgment has been entered is premature). We invited you to explain to us why this information is relevant to JJHCS's damages. You have not done so. We again invite you to explain why the information JJHCS seeks is relevant to its damages calculations so that we can consider JJHCS's position.

## C.  Search Parameters

In your December 9 Letter, you ask that SaveOnSP disclose its intended custodians, search terms, and any targeted collection methodologies. We invite you to meet and confer regarding what collection and production parameters the parties might agree to exchange and when.

## II.  Issues Relating to SaveOnSP's Requests for Production

SaveOnSP has identified several issues with JJHCS's responses and objections to SaveOnSP's First Request for Production of Documents.

## A.  General Issues

### 1.  Definition of Janssen Drugs

In its Requests for Production, SaveOnSP defines the term "Janssen Drugs" as "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action."

Harry Sandick
December 21, 2022

JJHCS objects to SaveOnSP's definition "to the extent it purports to include drugs that are not covered by CarePath." Please tell us if JJHCS believes that any of the drugs included in this definition are not covered by CarePath.

## 2.    Time Period

In response to SaveOnSP's Requests, JJHCS has refused to search for or produce any documents from before January 1, 2017. JJHCS's blanket limitation on the period for its responses to SaveOnSP's Requests is inappropriate. SaveOnSP is entitled to information about the budgeting and development of CarePath from its inception, as well as the budgeting and development of any predecessor copay assistance program, so that it can investigate JJHCS's assertions that SaveOnSP's services make CarePath financially unviable and that CarePath was designed solely to help patients, not to financially benefit JJHCS. SaveOnSP cannot test those assertions without information about CarePath's budget and cost over time from both before and after SaveOnSP's services began. SaveOnSP is also entitled to documents predating 2017 concerning the CarePath terms and conditions and any changes thereto to fully assess the meaning and materiality of the terms and conditions at issue in this case, as decisions about many of these terms likely predate 2017. Please confirm that JJHCS will produce documents predating 2017.

## 3.    Limitation to Documents in Possession of JJHCS

JJHCS has limited the documents it will produce in response to SaveOnSP's Requests to documents within the possession, custody, and control of JJHCS. Please confirm that documents created or held by employees of other entities within the J&J corporate family or involved in the administration of CarePath, including Janssen, CarePath Care Coordinators, JJHCS Hub Entities, Lash Group, and TrialCard, are within JJHCS's possession, custody, and control.

## B.    Issues Related to Specific Requests for Production

## 1.    RFP Nos. 1-7, 35

SaveOnSP's RFP Nos. 1-7 and 35 seek organizational charts for JJHCS, Janssen, and each JJHCS Hub Entity, sub-groups within those entities, and certain J&J groups responsible for aspects of the sale and marketing of Janssen Drugs, as well as the identities of all JJHCS Hub Entities and CarePath Coordinators. JJHCS refuses to produce any documents except for those relating to "JJHCS groups responsible for the administration of CarePath," asserting those additional documents are irrelevant.

JJHCS's response is inadequate. SaveOnSP is entitled to documents beyond those relating to CarePath's administration. Among other things: SaveOnSP needs documents relating to CarePath's development, so that it can test JJHCS's assertion that CarePath was developed solely to benefit patients and not to benefit JJHCS financially. SaveOnSP needs documents relating to CarePath's finances, so that it can test JJHCS's assertion that SaveOnSP's conduct financially harms

12

Harry Sandick
December 21, 2022

CarePath and threatens its financial viability. SaveOnSP needs documents relating to the marketing of CarePath, so it can explore whether JJHCS's marketing caused any of the purported patient confusion that JJHCS attributes to SaveOnSP. Save-OnSP needs documents relating to the sale, pricing, and marketing of Janssen Drugs so that it can evaluate the relationship between CarePath and JJHCS's financial performance, including how JJHCS sets prices for Janssen Drugs (thus increasing costs for health plans and patients). SaveOnSP also needs documents relating to the drafting of JJHCS's terms and conditions, which JJHCS alleges that SaveOnSP induced patients into breaching. Please confirm that JJHCS will produce documents in Response to RFP Nos. 1-7 and 35.

## 2.    RFP No. 11

SaveOnSP's RFP No. 11 seeks Documents and Communications regarding "the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs." Among other objections, JJHCS asserts that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous and that the documents requested are irrelevant.

The phrase "any other copay assistance program offered for Janssen Drugs" means any program that provides or provided patients with copay assistance for a Janssen Drug that does not operate under the name "CarePath." SaveOnSP maintains that documents and communications pertaining to the development, marketing, and management of those programs, as well as of CarePath itself, are relevant to refuting: JJHCS's assertion that SaveOnSP's services increase the cost and threaten the continued viability of "patient assistance programs like CarePath by making them prohibitively expensive," Compl. ¶ 114; JJHCS's assertion that any increase in the cost of copay assistance programs amounts to a public harm; and JJHCS's assertion that SaveOnSP induces patients to breach CarePath's terms and conditions and deceives patients by failing to inform them of that alleged breach.

SaveOnSP invites JJHCS to discuss what documents JJHCS will produce in response to this Request.

## 3.    RFP Nos. 12 and 13

SaveOnSP's RFP Nos. 12 and 13 seek documents and communications regarding, respectively, CarePath's term and conditions and the CarePath requirement that patients enrolled in CarePath make payments toward Janssen Drugs. JJHCS has agreed to produce only final versions of CarePath's terms and conditions, asserting that all other requested documents are irrelevant. In fact, JJHCS's understanding of the terms and conditions in its CarePath contracts and the drafting of those terms and conditions is relevant to whether SaveOnSP induced patients to breach them, a central point for JJHCS's tortious interference claims. Compl. ¶ 109. Please confirm that JJHCS will produce documents responsive to RFP Nos. 12 and 13.

13

Harry Sandick
December 21, 2022

### 4.     RFP No. 14

SaveOnSP's RFP No. 14 seeks information regarding JJHCS's and its related entities' understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act. JJHCS refuses to produce any documents in response, asserting that the requested materials are irrelevant. In fact, the requested information is relevant to JJHCS's allegation that SaveOnSP violates the Affordable Care Act by advising plans to designate certain drugs as Non-Essential Health Benefits. *See, e.g.*, Compl. ¶ 54. Please confirm that JJHCS will produce documents responsive to RFP No. 14.

### 5.     RFP Nos. 20, 41, and 43

SaveOnSP's RFP Nos. 20, 41, and 43 seek documents relating to Copay Accumulator Services and Copay Maximizer Services. JJHCS has refused to produce such documents, asserting that they are irrelevant. The requested information is relevant because JJHCS has in its complaint blurred the lines between SaveOnSP, accumulators, and maximizers. *See, e.g.*, Compl. ¶ 74. Thus documents related to JJHCS's understanding of accumulators and maximizers are also relevant to its understanding of SaveOnSP's business and the impact of that business on JJHCS. Please confirm that JJHCS will produce documents responsive to RFP Nos. 20, 41, and 43 that relate to Copay Accumulator Services or Copay Maximizer Services.

### 6.     RFP No. 21

SaveOnSP's RFP No. 21 seeks information regarding JJHCS's advocacy to or communications with any governmental or regulatory body regarding Save-OnSP, Copay Accumulator Services, or Copay Maximizer Services. JJHCS refuses to produce any documents in response to these Requests, asserting that the requested materials are irrelevant. JJHCS's lobbying campaign is, at a minimum, relevant to showing that public confusion about SaveOnSP's services is the result of actions by JJHCS and its allies, not SaveOnSP. Such communications may also show JJHCS's understanding of whether SaveOnSP violates the Affordable Care Act by advising plans to designate certain drugs as Non-Essential Health Benefits. Please confirm that JJHCS will produce documents responsive to RFP No. 21.

### 7.     RFP No. 25

SaveOnSP's RFP No. 25 seeks all Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including JJHCS's allegations in Complaint ¶¶ 110, 115. JJHCS agrees to produce documents and communications relating to "the extent of the harm SaveOnSP has caused JJHCS." We understand based on its response that JJHCS is producing fully in response to this Request. Please let us know if that is not the case.

Harry Sandick
December 21, 2022

### 8.    RFP No. 26

SaveOnSP's RFP No. 26 seeks "documents and communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum." JJHCS objected to this Request on the ground that it is vague and ambiguous and refused to produce any documents in response to this Request. To clarify, RFP No. 26 seeks documents and communications that reflect any payments for Janssen Drugs made by JJHCS, Janssen, or any Hub Entity on behalf of patients, both in the ordinary course of providing copay assistance and in any instance where such entity covered a patient's copay for a Janssen Drug in excess of what it otherwise would have under CarePath's terms and conditions. Please confirm that JJHCS will produce documents responsive to RFP No. 26. SaveOnSP is willing to meet and confer with JJHCS to further clarify the Request as necessary.

### 9.    RFP No. 27

SaveOnSP's RFP No. 27 seeks documents and communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn. JJHCS agrees to provide only the data that formed the basis for the allegations in Complaint ¶¶ 92-101, stating that other documents are irrelevant. SaveOnSP is willing to examine the data that JJHCS has agreed to produce to see if sufficiently addresses SaveOnSP's Request. SaveOnSP reserves all rights to request additional data.

### 10.    RFP No. 28

SaveOnSP's RFP No. 28 seeks data regarding patient fills and dosages for Janssen Drugs, the manufacturing and marketing of Janssen Drugs, and copay assistance funds. In response, JJHCS has agreed to produce "Janssen Transparency Reports," though it does not define that term or clarify what responsive data is contained in those reports. JJHCS also states that it is willing to meet and confer regarding SaveOnSP's Requests for data regarding copay assistance funds. It otherwise refuses to produce documents in response to this Request on the grounds that such documents are irrelevant. The data SaveOnSP seeks is relevant to refuting JJHCS's claims that SaveOnSP threatens the viability of CarePath and causes it financial harm. At a minimum, there are clear parallels between the data SaveOnSP seeks in RFP No. 28 and the data JJHCS seeks in its RFP Nos. 41 and 42. SaveOnSP invites JJHCS to meet and confer on these Requests.

### 11.    RFP No. 29

SaveOnSP's RFP No. 29 seeks data regarding JJHCS's CarePath budget and JJHCS's return on investment for CarePath. JJHCS agreed to produce only certain data related to CarePath's budget and costs. As we have explained, the information SaveOnSP seeks, including information on JJHCS's return on investment for CarePath, is relevant to refuting JJHCS's claims that SaveOnSP threatens the viability of CarePath and causes it financial harm, as well as disputing JJHCS's claim that

Harry Sandick
December 21, 2022

CarePath is designed to help patients and not simply J&J's bottom line. Please confirm that JJHCS will produce documents responsive to RFP No. 29.

### 12.    RFP No. 30

SaveOnSP's RFP No. 30 seeks documents and communications regarding the basis for Janssen's decision to raise or lower the prices of Janssen Drugs. JJHCS refuses to produce any documents in response to this Request on the grounds that such documents are irrelevant. The requested material is relevant to JJHCS's allegations that SaveOnSP's conduct threatens the viability of copay assistance, that JJHCS has suffered monetary losses as the result of SaveOnSP's conduct, that copay assistance programs like CarePath are a public good, and that the threatened viability of copay assistance programs is a public harm. Compl. ¶¶ 114, 115. Please confirm that JJHCS will produce documents responsive to RFP No. 30.

### 13.    RFP No. 32

SaveOnSP's RFP No. 32 seeks all documents and communications regarding any offer by JJHCS to provide any patient with CarePath funds greater than the amounts that JJHCS generally offers to CarePath patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a patient. JJHCS refuses to produce any documents in response to this Request on the grounds that the Request is vague and ambiguous and that documents responsive to this Request are irrelevant.

RFP 32 seeks information concerning instances when JJHCS provided or offered to provide CarePath funds to individuals whom JJHCS believes do not qualify for CarePath. The requested material is relevant to JJHCS's allegations that providing CarePath funds to individuals who do not qualify for CarePath threatens the viability of copay assistance, as well as the significance of the CarePath terms and conditions at issue to JJHCS. If, for example, JJHCS offered CarePath funds to an individual whom it believed was on a plan that does not comply with the revised Stelara or Tremfya terms, *see* Compl. ¶¶ 102-03, such an offer would be relevant to JJHCS's allegation that providing copay assistance to patients enrolled in such plans threatens the viability of JJHCS's copay assistance. Please confirm that JJHCS will produce documents responsive to RFP No. 32.

### 14.    RFP No. 34

SaveOnSP's RFP No. 34 seeks all documents and communications regarding JJHCS's or Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's abandonment of those negotiations or agreements. JJHCS refuses to produce any documents in response, asserting that such documents are irrelevant. In fact, whether JJHCS considered using such services for its own employees is relevant to JJHCS's claims that SaveOnSP harms patients by causing stress and confusion, increasing costs of other healthcare, and threatening the viability of copay

16

Harry Sandick
December 21, 2022

assistance. Compl. ¶ 119. Please confirm that JJHCS will produce documents responsive to RFP No. 34.

### 15.    RFP No. 36

SaveOnSP's RFP No. 36 seeks documents sufficient to show the economic terms of JJHCS's retention of or agreements with any JJHCS Hub Entities or CarePath Care Coordinator regarding CarePath. JJHCS agrees to produce only agreements between JJHCS and the entities responsible for administering CarePath. Please clarify whether this agreement encompasses agreements with entities which have in the past administered CarePath, not simply those which currently administer CarePath.

JJHCS refuses to produce any other documents, asserting they are irrelevant. In fact, documents that relate to the fair market value of JJHCS Hub Entities' or CarePath Care Coordinators' services may shed light on JJHCS's return on investment for CarePath, which is relevant to JJHCS's allegation that SaveOnSP's conduct threatens CarePath's viability and caused JJHCS monetary damages. These documents are also relevant to JJHCS's allegation that copay assistance programs like CarePath are a public good to the extent that they show that CarePath financially benefits JJHCS. Please confirm that JJHCS will produce documents responsive to RFP No. 36 that relate to the fair market value of JJHCS Hub Entities' or CarePath Care Coordinators' services.

### 16.    RFP No. 37

SaveOnSP's RFP No. 37 seeks documents sufficient to show the percentage of patients who enroll in CarePath after being contacted by JJHCS, Janssen, any Hub Entity, or any other third-party authorized to advertise or market CarePath or Janssen Drugs, from January 1, 2009 through the present. JJHCS refuses to produce any documents, asserting they are irrelevant. In fact, the requested information is relevant to JJHCS's allegations that that SaveOnSP's conduct damages JJHCS, in part because it will assist in demonstrating that SaveOnSP in fact causes more patients to use Janssen Drugs than would otherwise do so. Please confirm that JJHCS will produce documents responsive to this Request.

### 17.    RFP No. 38

SaveOnSP's RFP No. 38 seeks documents and communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath. JJHCS agrees to produce documents relating to SaveOnSP but not to CarePath, asserting that the latter documents are irrelevant. Documents and communications between JJHCS and JJHCS Hub Entities regarding CarePath are relevant to the operation of CarePath, to JJHCS's allegation that copay assistance programs like CarePath are a public good, and to JJHCS's allegations that SaveOnSP harms patients. Please confirm that JJHCS will produce documents responsive to RFP No. 38 relating to CarePath.

Harry Sandick
December 21, 2022

### 18.    RFP No. 42

SaveOnSP's RFP No. 42 seeks documents and communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer," from January 1, 2015 through the present. JJHCS refuses to produce any such documents, asserting that the requested material is irrelevant. In fact, the requested information is relevant to whether JJHCS knowingly contributes to the alleged patient stress and confusion that it attempts to attribute to SaveOnSP by conflating SaveOnSP's conduct with that of "maximizers" and "accumulators," including potentially harmful conduct commonly associated with "copay accumulators" such as non-medical switching. Documents not directly related to SaveOnSP itself are relevant to whether JJHCS is aware of the distinctions between SaveOnSP's services and those of "copay maximizers" or "copay accumulators." Please confirm that JJHCS will produce documents responsive to this Request.

* * *

We remain hopeful that the parties can work through these issues to reach a mutually agreeable resolution. We invite you to meet and confer at your earliest convenience.

Sincerely,

/s/ Meredith Nelson

Meredith Nelson
Associate

18

# EXHIBIT 4

# SEALED IN ITS ENTIRETY

# EXHIBIT 5

# SEALED IN ITS ENTIRETY

# EXHIBIT 6

# SEALED IN ITS ENTIRETY

# EXHIBIT 7

# SEALED IN ITS ENTIRETY

# EXHIBIT 8

# SEALED IN ITS ENTIRETY

# EXHIBIT 9

# SEALED IN ITS ENTIRETY

# Exhibit 10



May 30, 2023

«firstName» «lastName»
«address»
«city», «state» «zip»

Dear Dr. «lastName»,

As an advisor to various commercial health plans, Save On SP, LLC ("SaveOnSP") writes to notify you that Johnson & Johnson Health Care Systems Inc. ("JJHCS") has informed us that it wants to withdraw copay assistance for members of plans advised by SaveOnSP who take one or more of the following specialty drugs manufactured by Janssen: Balversa, Darzelex, Darzelex Faspro, Erleada, Imbruvica, Opsumit, Prezcobix, Remicade, Rybrevant, Simponi, Stelara, Symtuza, Tracleer, Tremfya, Uptravi, Ventavis, and Zytiga ("Janssen Drugs").

We understand that you may have prescribed one or more Janssen Drugs to a member of a SaveOnSP-advised plan. We also understand that JJHCS may have previously told you that it will provide copay assistance through its Janssen CarePath program to members of commercial health plans who are prescribed Janssen Drugs. On its website, JJHCS describes CarePath as providing resources to patients "to help them learn about, afford, and stay on their medication," and states that "[o]nce [a patient] and [her] doctor have decided a Janssen medication is right for [the patient], Janssen CarePath can help [the patient] ... identify ways to help [her] pay for [her] Janssen medication and provide ongoing support." *Janssen CarePath*, https://www.janssencarepath.com/ (last accessed May 30, 2023).

On May 16, 2023, JJHCS told SaveOnSP that it wishes to "remov[e] [patients on plans advised by SaveOnSP] from CarePath after due notice and after providing an appropriate period of time for insurers and SaveOnSP to ensure continuity of care for these patients." On May 24, 2023, JJHCS told SaveOnSP that it intends to ask a federal court for an order allowing it to begin disenrolling members of these plans from CarePath. JJHCS further stated that it wishes the court to hear this issue in a conference currently scheduled for June 6, 2023.

Without copay assistance from CarePath, patients on affected plans may experience increased costs for their specialty medications. SaveOnSP is advising the plans that use its services that if JJHCS removes all their patients from CarePath, the plans will need to consider options including changing benefits for Janssen Drugs or removing coverage for Janssen Drugs entirely.

If you have any questions about why JJHCS wishes to terminate copay assistance for these patients, you can contact your Janssen representative or Janssen area business specialist.

Sincerely,

SaveOnSP

 40 La Riviere Drive, Suite 310, Buffalo, NY 14202    800.683.1074

Attorneys Eyes Only

# EXHIBIT 11

# SEALED IN ITS ENTIRETY

# EXHIBIT 12

# SEALED IN ITS ENTIRETY

# Exhibit 13

Attorneys Eyes Only

SOSP_1237034



**From:** Communications <communications@saveonsp.com>
**Sent:** Wednesday, May 31, 2023 1:05 PM
**To:**
**Subject:** Urgent: Update on PHI Disclosure

<mark>[External Sender]</mark>

Dear Plan Sponsor:

Save On SP, LLC ("SaveOnSP") writes to inform you that Johnson & Johnson Health Care Systems Inc. ("JJHCS") intends to move the Court in the matter of *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, Civ. No. 2:22-cv-02632-JMV-CLW (D.N.J.) (the "Litigation") for an order allowing it to disenroll members of your plan (and other plans advised by SaveOnSP) from CarePath. If JJHCS disenrolls all your plan members from CarePath, your plan and your members will lose all savings generated by your plan's copay assistance benefit for drugs manufactured by Janssen. JJHCS intends to ask the Court to hear its motion in a conference scheduled for **June 6, 2023**.

In March 2023, SaveOnSP notified you that SaveOnSP was required to produce, in the Litigation, various documents and data containing Protected Health Information ("PHI") covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and by a services agreement and Business Associate Agreement between you and SaveOnSP ("Agreements"). SaveOnSP subsequently produced to JJHCS a list of patients who have used their plan's copay assistance benefit administered by SaveOnSP for one or more Janssen specialty medications: Balversa, Darzelex, Darzelex Faspro, Erleada, Imbruvica, Opsumit, Prezcobix, Remicade, Rybrevant, Simponi, Stelara, Symtuza, Tracleer, Tremfya, Uptravi, Ventavis, and Zytiga ("Janssen Drugs").

SaveOnSP designated that information as Attorneys' Eyes Only and Confidential Health Information under the Qualified Protective Order, limiting those who could view the patient list to attorneys from JJHCS's outside litigation firm, a select number of in-house counsel, and certain professionals who are assisting JJHCS with the litigation.

On May 16, 2023, JJHCS told SaveOnSP that it wishes to remove the Attorneys' Eyes Only designation from the patient list so that this information will no longer be subject to the protections just described, and so that JJHCS may use this information to "remove patients of [your plan and other plans advised by SaveOnSP] from CarePath after due notice and after providing an appropriate period of time for insurers and SaveOnSP to ensure continuity of care for these patients." On May 24, 2023, JJHCS stated that it intends to move the Court to remove the Attorneys' Eyes Only

designation from this information and to allow JJHCS to begin disenrolling members of your plan and other plans advised by SaveOnSP from CarePath.

JJHCS has said that it wishes the Court to hear its request in a conference currently scheduled for June 6, 2023— without regard to whether you or other plans have received notice and had time to respond. After SaveOnSP told JJHCS that it would need to notify plans of JJHCS's request, JJHCS stated that it "has seen no basis for [SaveOnSP's] claimed need to provide any such notice," that it viewed notifying the plans "as an attempt to delay resolution of this issue," and that it intends to move forward with its motion to the Court for resolution on June 6.

If JJHCS removes all your plan members from CarePath, your plan will not receive any copay assistance savings for Janssen Drugs. Your options would then be to (1) pay 100% of the cost of Janssen Drugs under your current plan design; or (2) change your plan design, including by potentially reducing or removing coverage for Janssen Drugs (allowing patients to transition to drugs in the same class and category made by other manufacturers).

Please let us know promptly if you oppose JJHCS's request to use your plan's PHI to remove your plan members from the CarePath program. Please also let us know if you would like to submit a statement to the Court or would like to appear at the court conference to express your views. **You may contact SaveOnSP's counsel, Darcie Falsioni via telephone at 716-361-0058 or via email at** dfalsioni@saveonsp.com.



The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please destroy all copies of the original message.

Attorneys Eyes Only

# EXHIBIT 14

# SEALED IN ITS ENTIRETY

# Exhibit 15

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") First and Second Sets of Requests for Production, dated May 11, 2022 and October 21, 2022, respectively (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## GENERAL OBJECTIONS

1.    SaveOnSP objects to each of these Requests to the extent that they seek the disclosure of the identities of plan participants or of health plans that have contracted with SaveOnSP, because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in documents it produces in response to these Requests.

## OBJECTIONS TO DEFINITIONS

2.    SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, and all persons or entities acting or purporting

to act on behalf or under the control of SaveOnSP.

3.    SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-

plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-

inition.

4.    SaveOnSP objects to the definition of "You" and "Your" to the same extent that it

objects to the definition of "SaveOnSP."

5.    SaveOn objects to the definition of "Drug List" to the extent that it objects to the

definition of the "SaveOnSP Program."

<u>**OBJECTIONS TO INSTRUCTIONS**</u>

6.    SaveOnSP objects to Instruction No. 14 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 18 in Plaintiff's Second Set of Requests for Production to the extent

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal

Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.    SaveOnSP objects to Instruction No. 16 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 20 in Plaintiff's Second Set of Requests for Production to the extent

that it asks SaveOnSP to produce Documents and Communications outside of its possession, cus-

tody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can

identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents

within its possession, custody, or control that it can identify after a reasonable search.

8.    SaveOnSP objects to Instruction No. 18 in Plaintiff's First Set of Requests for Pro-

duction and Instruction No. 22 in Plaintiff's Second Set of Requests for Production to the extent

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

9.      SaveOnSP objects to the definition of the term "copay" as used in the Complaint. SaveOnSP interprets the term "copay" to mean the portion of a drug's cost, as determined by the plan, owed by the patient at point of sale.

10.      SaveOnSP uses the terms "Essential Health Benefits," "Janssen Drugs," and "Non-Essential Health Benefits" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Documents sufficient to show SaveOnSP's organizational structure throughout the Time Period, including but not limited to organization charts.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 2:** Documents sufficient to identify the names and citizenship of all Save-OnSP LLC members, including the membership of any limited liability companies, limited partnerships, or partnerships that are members of SaveOnSP, either directly or indirectly (e.g., through membership of an LLC that is itself a member of SaveOnSP).

**RESPONSE:** SaveOnSP objects to this Request because the membership and citizenship of SaveOnSP are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 3:** Documents sufficient to identify every person who has ever been enrolled in CarePath and the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks information beyond that sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath. The burden and expense of producing such information, including the identities of thousands of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath, outweighs the marginal relevance of the material requested. Save-OnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath.

**REQUEST NO. 4:** Documents sufficient to identify every health plan who has ever con-tracted with SaveOnSP or Express Scripts to participate in the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks the identities of every health plan advised by SaveOnSP. The burden and expense of producing all such information outweighs the marginal relevance of the material requested. Save-OnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 5:** All documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath.

**RESPONSE:** SaveOnSP objects to the phrase "persons … eligible to enroll in CarePath" as not describing the requested documents with reasonable particularity. SaveOnSP interprets that phrase to mean plan members who have been prescribed Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents concerning communications with persons who are not enrolled in plans advised by SaveOnSP, seeks documents concerning communications that do not relate to CarePath or to SaveOnSP's services, or seeks drafts of communications not shared with persons who are enrolled in plans advised by SaveOnSP, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and plan members who have been prescribed Janssen Drugs. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the content of SaveOnSP's communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

6

SaveOnSP will produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 6:** All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath, SaveOnSP's services, or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and JJHCS, and communications relating to such communications, beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such communications, identified during a reasonable search.

**REQUEST NO. 7:** All communications SaveOnSP has received from persons currently enrolled in CarePath, including patient complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services or the terms of plans advised by SaveOnSP, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications SaveOnSP has received from persons currently enrolled in CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting SaveOnSP's communications with plan participants beyond those sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP. SaveOnSP will also produce communications identified during a reasonable search that it has received from persons currently enrolled in CarePath concerning complaints or inquiries about SaveOnSP's services or the terms

of plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 8:** All communications SaveOnSP has received from persons who (i) refused to enroll in the SaveOnSP Program; (ii) tried to opt out of enrollment in the SaveOnSP Program; or (iii) initially enrolled in the SaveOnSP Program, but later canceled their enrollment, as well as all documents regarding such patient communications.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP interprets this Request to seek communications regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request to the extent that it seeks documents not related to Care-Path or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all communications that SaveOnSP has received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused to either enroll in CarePath or allow Save-OnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either Care-Path or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their accounts beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce communications identified during a reasonable search that it has received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their accounts. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 9:** All documents and communications concerning the "Master Program Agreement, effective November 13, 2017" executed between Express Scripts and SaveOnSP, including any drafts thereof and amendments, schedules, exhibits, and appendices thereto, as well as all documents and communications concerning any predecessor or successor agreements between Express Scripts and SaveOnSP relating to similar subject matter as the Master Program Agreement.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the executed versions of the Master Program Agreement and similar agreements, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks documents other than the executed versions of the Master Program Agreement and similar agreements. The burden and expense of producing such documents outweighs any marginal relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP will produce executed versions of the Master Program Agreement, similar agreements, and any amendments, schedules, exhibits, and appendices thereto.

**REQUEST NO. 10:** All documents and communications concerning the relationship between Express Scripts and SaveOnSP, including any payments remitted to SaveOnSP pursuant to the Master Program Agreement, or any other agreement, written or otherwise.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services at issue in this action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs any marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents concerning payments made between Express Scripts and SaveOnSP beyond those sufficient to show the amounts of those payments, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications identified during a reasonable search concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action. SaveOnSP will also produce documents sufficient to show payments made between Express Scripts and SaveOnSP.

**REQUEST NO. 11:** All documents and communications concerning the relationship between Accredo and SaveOnSP, including contracts, agreements, and memoranda of understanding of any kind.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the relationship between SaveOnSP and Accredo as it relates to

11

SaveOnSP's services at issue in this action, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications sufficient to show the relationship between SaveOnSP and Accredo as it relates to SaveOnSP's services at issue in this action.

**REQUEST NO. 12:** All documents concerning fees paid to or collected by SaveOnSP, not otherwise captured by other Requests.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning fees unrelated to Janssen Drugs, as those documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show relevant payments paid to or collected by SaveOnSP, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show all fees paid to or collected by SaveOnSP that relate to the services it provides to plans regarding Janssen Drugs.

**REQUEST NO. 13:** All documents and communications between Accredo and SaveOnSP concerning CarePath, including the terms and conditions of CarePath and the operation of the CarePath copay card.

**RESPONSE:** SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications between Accredo and SaveOnSP concerning CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents in response to this Request identified during a reasonable search.

**REQUEST NO. 14:** All marketing materials, including drafts, regarding the SaveOnSP Program provided to health insurance plan sponsors or any other person.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all marketing materials regarding SaveOnSP's services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of marketing materials identified during a reasonable search regarding the services that it provides to health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

13

**REQUEST NO. 15:** All recordings or transcripts of presentations or interviews concerning the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all recordings or transcripts of presentations or interviews concerning the services SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce recordings or transcripts of presentations regarding the services that it provides to health plans identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 16:** All documents and communications, including drafts, concerning SaveOnSP's marketing or promoting its services to health insurance plan sponsors, including without limitation to pharmaceutical health plan sponsors.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

14

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning SaveOnSP's marketing or promoting its services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 17:** Any agreements, including drafts, between SaveOnSP or Express Scripts on the one hand, and health insurance plan sponsors, on the other, regarding the SaveOnSP Program, and any communications relating thereto.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all agreements between SaveOnSP or Express Scripts and health insurance plan sponsors

regarding the services provided by SaveOnSP. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

Subject to the foregoing, SaveOnSP will produce documents sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 18:** All documents and communications concerning SaveOnSP's evaluation of Janssen therapies, including but not limited to the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request because SaveOnSP does not evaluate Janssen therapies and does not designate or de-designate Janssen therapies as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications concerning advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

16

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting its advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 19:** All documents and communications concerning SaveOnSP's inclusion or exclusion of specific drugs as essential health benefits pursuant to the Affordable Care Act, including the criteria for inclusion and exclusion.

**RESPONSE:** SaveOnSP objects to this Request because SaveOnSP is not a health plan that can include or exclude drugs as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans regarding the plans' treatment of Janssen

Drugs as Essential or Non-Essential Health Benefits, including internal communications concern-ing that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 20:** All documents and communications concerning the definition of "Es-sential Health Benefits" as that term is used in the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request because the definition of "Essential Health Benefits" under the Affordable Care Act is publicly available information.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 21:** All documents and communications concerning which state benchmark to use for the designation of specific drugs as essential health benefits.

**RESPONSE:** SaveOnSP objects to the phrase "concerning which state benchmark to use for the designation of specific drugs as essential health benefits." SaveOnSP does not determine which state benchmarks are selected by health plans.

SaveOnSP interprets this Request as seeking documents and communications concerning the advice that SaveOn provides to health plans regarding the treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 22:** All documents and communications concerning SaveOnSP's compliance with the Affordable Care Act, including but not limited to documents and communications concerning legal "gray area" surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning SaveOnSP's compliance with the Affordable Care Act, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP is not subject to the Affordable Care Act except as the sponsor of its own health plan. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to the phrase "legal 'gray area' surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act." The "gray area" discussed in the presentation that JJHCS cites in its Complaint ¶ 72 refers to the use of copay assistance by patients on health savings account plans; it does not refer to whether drugs can be treated as Essential Health Benefits or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding the use of copay assistance by patients on health savings account plans, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans concerning compliance with the Affordable Care Act beyond those identified through a reasonable search.

The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting the advice that it provides to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 23:** All documents and communications relating to CarePath, including documents and communications concerning (i) drugs for which CarePath assistance is available; (ii) the amount of CarePath copay assistance available for Janssen therapies; (iii) the terms and conditions of CarePath; and (iv) and corresponding or resulting changes to the SaveOnSP Program based on the "most lucrative copay assistance programs."

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the phrase "corresponding or resulting changes to the SaveOnSP Program based on the 'most lucrative copay assistance programs'" does not describe the requested documents with reasonable particularity.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to CarePath beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications relating to CarePath identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 24:** All documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's offer of $0 co-payments to patients." SaveOnSP does not offer $0 co-payments to patients.

SaveOnSP interprets this Request to seek all documents concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents concerning such plan benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents concerning such plan benefits identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 25:** All documents concerning SaveOnSP call center locations, training materials, and call scripts used in communications regarding the SaveOnSP program with patients.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents regarding the locations of SaveOnSP's call centers beyond those sufficient to show those locations, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the locations of its call centers and will produce training materials and scripts used by SaveOnSP's call center employees regarding the services SaveOnSP offers to health plans.

**REQUEST NO. 26:** All documents concerning actuarial, adherence trends, or other analyses performed by SaveOnSP on patient adherence to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 27:** All documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients, enrolled, or not enrolled in SaveOnSP, based on the exhaustion of manufacturer copay assistance funds.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as described in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

24

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 28:** All documents and communications concerning "the inflated co-pay," or increase to, SaveOnSP patients' copay or out-of-pocket obligations.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP patients." SaveOnSP does not have patients. SaveOnSP interprets this phrase to refer to members of plans advised by SaveOnSP who are enrolled in CarePath.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding copays for drugs other than Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

25

**REQUEST NO. 29:** All documents and communications indicating the total amount Save-OnSP has collected from patients who had already satisfied their out-of-pocket maximum, prior to enrolling in SaveOnSP.

**RESPONSE:** SaveOnSP objects to the phrase "the total amount SaveOnSP has collected from patients." SaveOnSP does not collect amounts from patients.

SaveOnSP objects to the phrase "enrolling in SaveOnSP." Patients do not enroll in Save-OnSP.

SaveOnSP objects to this Request as not describing the documents sought with reasonable particularity.

SaveOn will not produce documents in response to this Request.

**REQUEST NO. 30:** All documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of member to SaveonSP."

**RESPONSE:** SaveOnSP objects to the phrase "[p]oint of sale claim rejection," as it does not accurately describe pharmacies' communications with patients.

SaveOnSP interprets this Request as seeking all documents reflecting communications with pharmacies regarding the warm transfer of plan members to SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting communications with pharmacies about drugs other than Janssen Drugs, as those communications are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents reflecting its communications with pharmacies regarding the warm transfer of members using Janssen Drugs to SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

26

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting its communications with pharmacies regarding communications with members using Janssen Drugs regarding the warm transfer of members to SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 31:** All documents concerning or discussing the amount of "savings" generated and commissions earned by SaveOnSP relating to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the annual savings generated by SaveOnSP for its clients relating to Janssen Drugs and the annual fees earned by SaveOnSP relating to Janssen Drugs, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show the annual savings on Janssen Drugs generated by SaveOnSP for its clients and the annual fees earned by SaveOnSP relating to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 32:** All documents and communications concerning SaveOnSP's methods to maintain or increase "savings" to health plan sponsors through manufacturer copay assistance programs.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's methods to maintain or increase 'savings' to health plan sponsors through manufacturer copay assistance programs" as not describing the documents sought with reasonable particularity.

SaveOnSP interprets this Request as seeking all documents and communications concerning savings for plans advised by SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks information regarding savings not related to Janssen Drugs, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding savings for plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search regarding savings for plans advised by SaveOnSP related to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 33:** All documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including without limitation from patients, patient advocacy groups, health plan sponsors, governmental agencies, Express Scripts and Accredo.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks communications not related to Janssen Drugs and SaveOnSP's conduct at issue in this action, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks all documents reflecting SaveOn's standard communications with plan members beyond those sufficient to show its standard, scripted communications with plan members, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, or business model related to Janssen Drugs and SaveOnSP's conduct at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search that it has received reflecting complaints, concerns, or inquiries about its services related to Janssen Drugs and its conduct at issue in this Action. SaveOnSP will anonymize references to the

identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 34:** All documents and communications concerning SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance." SaveOnSP does not provide "coverage for drugs" to patients.

SaveOnSP interprets this Request as seeking all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance.

SaveOnSP objects to this Request to the extent that it seeks information related to health plans' coverage of drugs other than Janssen Drugs, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search concerning the coverage provided by plans advised by SaveOnSP for Janssen Drugs once CarePath funds have been exhausted. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 35:** All documents, including drafts, and communications concerning the preparation of, and posting of the SaveOnSP IPBC Video presentation as discussed in the Complaint, including who prepared the presentation, to whom the presentation was given, how many times the presentation was given, by whom, and over what period of time.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final SaveOnSP IPBC Video presentation, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the final SaveOnSP IPBC Video presentation because that video is publicly available.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 36:** Annual Program Summary documents outlining the terms of the SaveOnSP program for each participating health plan, including: (i) patient copay/coinsurance requirements for each drug included in the program; (ii) the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs; (iii) patient copay/coinsurance requirements after a manufacturer's copay assistance has reached its maximum contribution for the year; (iv) patient deductible requirements; (v) patient out-of-pocket maximum limits and what patient payments are accounted for in determining whether a patient has reached their out- of-pocket maximum; (vi) any other payment obligations for the patient.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the term "Annual Program Summary documents" is undefined. SaveOnSP interprets this term to refer to annual health plan Summary Plan

31

Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials that reflect the advice that SaveOnSP provides to health plans. SaveOnSP does not collect or maintain these documents in the ordinary course of its business

SaveOnSP objects to the phrase "the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs." SaveOnSP is not a health plan and does not cover patient costs. SaveOnSP interprets this Request to seek Summary Plan Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring their pharmacy account on behalf of the plan.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP is not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control. If SaveOnSP becomes aware of any such documents in its possession, custody, or control, SaveOnSP will produce those documents. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 37:** Any contracts between SaveOnSP and participating health plans related to drug pricing, and factors affecting plan or plan member payments to pharmacies or PBMs for drugs included in the SaveOnSP program(s).

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the term "drugs included in the SaveOnSP program" as undefined. SaveOnSP interprets this term as meaning Janssen Drugs.

SaveOnSP objects to the term "factors affecting plan or plan member payments to pharmacies or PBMs" for Janssen Drugs as not describing the documents sought with reasonable particularity.

SaveOnSP objects to this Request to the extent that it seeks documents relating to contracts between SaveOnSP and health plans regarding drug pricing. SaveOnSP does not contract with health plans regarding drug pricing.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 38:** All documents, including drafts and communications, concerning SaveOnSP's terms and negotiations with health plans and/or pharmacy benefit managers related to their maximizer programs.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

33

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 39:** All documents, including drafts, and communications concerning SaveOnSP's terms and negotiations with pharmacies related to their maximizer program.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 40:** All documents and communications providing information regarding how SaveOnSP patients can be identified in the transaction/claims data.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP patients." SaveOnSP does not have patients.

SaveOnSP objects to the term "transaction/claims data" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 41:** Data covering the period January 1, 2016 through the present on all manufacturer copay assistance provided to either a pharmacy, PBM, or SaveOnSP for prescriptions filled by SaveOnSP member patients, including: (i) manufacturer; (ii) brand name; (iii) National Drug Code ("NOC"); (iv) recipient of manufacturer assistance; (v) patient identifier; (vi)

pharmacy for relevant drug fill; (vii) pharmacy address; (viii) prescription number; (ix) prescription fill date; (x) number of units; (xi) days of supply; (xii) unit of measure; (xiii) copay or coinsurance amount; (xiv) coupon amount; and (xv) information on how these payments can be linked to the transaction/claims data.

**RESPONSE:** SaveOnSP objects to the phrase "manufacturer copay assistance provided to … SaveOnSP." SaveOnSP does not receive manufacturer copay assistance.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

**REQUEST NO. 42:** Electronic prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients who at any point during that time frame participated or did not participate in the SaveOnSP program, including:

- Information on parties to the prescription transaction, including: (i) pharmacy name; (ii) pharmacy address; (iii) patient identification; (iv) patient state of residence; (v) identifier for whether patient is on a SaveOnSP program; (vi) insurance/health plan name; (vii) insurance/health plan ID; (viii) type of insurance (e.g., commercial, Medicare, Medicaid); (ix) insurance/health plan member ID; (x) insurance/health plan BIN number; (xi) insurance/health plan PCN number; (xii) insurance/health plan group name; and (xiii) insurance/health plan group number.

- Drug information for the prescription transaction, including: (i) product description (i.e., brand name); (ii) NDC; (iii) product form; (iv) product strength; (v) number of units; (vi) days of supply; (vii) units returned or otherwise affected by the transaction; (viii) unit of measure; (ix) date of prescription fill; (x) information sufficient to identify the type of transaction (e.g., a sale, a return, a discount, etc.); and (xi) any discounts, rebates, or other price adjustments or offsets.

35

- Payment information for the prescription transaction, including: (i) total amount paid to the pharmacy for the prescription; (ii) patient copayment; (iii) patient coinsurance payment; (iv) patient deductible payment; (v) copay coupon/manufacturer assistance amount applied to the prescription cost; (vi) voucher amount; (vii) bridge benefit payment; (viii) net consumer payment after subtracting co-pay, coinsurance, deductible, coupon, voucher, bridge benefit, and other assistance; (ix) insurance/health plan cost submitted; and (x) insurance/health plan amount paid to pharmacy.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients. The burden and expense of producing all such data outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such data.

SaveOnSP objects to producing the identities of plan participants or health plans which have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

**REQUEST NO. 43:** All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

**RESPONSE:** SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. JJHCS does not define "accumulator adjustment programs" and does not identify the statutes or regulations that it believes ban or limit such programs.

SaveOnSP objects to this Request to the extent that it seeks documents relating to how statutes or regulations apply to SaveOnSP, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 44:** All documents and communications relating to Drug Lists featuring Janssen medications.

**RESPONSE:** SaveOnSP interprets the phrase "Janssen medications" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to Drug Lists featuring Janssen Drugs beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOn will produce Drug Lists featuring Janssen medications and documents and communications reflecting advice from SaveOnSP to health plans concerning such Drug Lists identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 45:** All documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

**RESPONSE:** SaveOnSP objects to the phrases "accumulator programs" and "maximizer programs" as undefined.

SaveOnSP objects to this Request to the extent that it seeks documents other than publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to the services SaveOnSP provides to health plans, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP will produce publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to relating to the services SaveOnSP provides to health plans.

**REQUEST NO. 46:** All documents and communications relating to SaveOnSP's assessment of copayments for Plan Members taking Janssen medication where (i) the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling in the SaveOnSP Program and (ii) the Plan Member subsequently switches to insurance coverage under a new Payor that does not participate in the SaveOnSP Program before the year ends.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

38

SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent it seeks all documents responsive to the Request beyond those identified by a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 47:** The SaveOnSP website (https://saveonsp.com) as it existed both before and after the changes made by SaveOnSP in or about September 2022.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 48:** All documents and communications relating to, including the reasons for, the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes.

**REQUEST NO. 49:** All documents and communications relating to why the Frequently Asked Question "How will our plan see savings generated?" and its corresponding answer referencing "classifying certain specialty drugs as Non-Essential Health Benefits (NEBMs)" was removed from the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022 and the reasons for that removal, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022.

**REQUEST NO. 50:** Documents and communications sufficient to identify the individuals involved in making the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022, and their respective roles in making those changes.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 51:** All documents and communications relating to steps taken by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

**RESPONSE:** SaveOnSP objects to the phrase "submission of false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member." SaveOnSP is not aware of any false prescription claims charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show how SaveOnSP determines the CarePath funds available to members of plans that it advises, as they are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

40

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show how SaveOnSP determines the Care-Path funds available to members of plans that it advises.

**REQUEST NO. 52:** Documents sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses.

**RESPONSE:** SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.


Dated:  November 23, 2022                    By: /s/ Andrew R. Dunlap
                                               David Elsberg
                                               Andrew R. Dunlap
                                               Meredith Nelson
                                               SELENDY GAY ELSBERG, PLLC
                                               1290 Avenue of the Americas
                                               New York, NY 10104
                                               212-390-9000
                                               deslberg@selendygay.com
                                               adunlap@selendygay.com
                                               mnelson@selendygay.com

                                               E. Evans Wohlforth, Jr.
                                               GIBBONS P.C.
                                               One Gateway Center
                                               Newark, NJ 07102-5310
                                               973-596-4500
                                               ewohlforth@gibbonslaw.com

                                               *Attorneys for Defendant Save On SP, LLC*

# Exhibit 16

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

selendy
gay
elsberg

Meredith Nelson
Associate
212.390.9069
mnelson@selendygay.com

September 5, 2023

**Via E-mail**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

**Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Sara,

We write in response to your August 24, 2023 letter regarding SaveOnSP's response to JJHCS's RFP No. 79.

*First*, you ask SaveOnSP to state whether the two categories of documents described in SaveOnSP's August 21, 2023 letter encompass all relevant strategies that SaveOnSP has considered or employed to evade or avoid detection. As we stated in our August 21, 2023 letter, SaveOnSP is not "aware of any other categories of documents potentially responsive to RFP 79 besides [the two it identified]." August 21, 2023 Ltr. from M. Nelson to S. Arrow at 2. While we do not agree that either ███████████████████████████████████████████████ are "evasion strategies," based on our investigation, we are not aware of any other strategies SaveOnSP has considered or deployed to evade or avoid detection by manufacturers.

*Second*, you say that SaveOnSP's proposed search terms are insufficient because two of the proposed terms focus on Biogen and AbbVie, and that SaveOnSP has not independently investigated the universe of potentially relevant manufacturers. SaveOnSP has investigated this issue. Based on this investigation, we have identified three other manufacturers whose terms and conditions reference accumulators or maximizers (Vertex, Exelisis, and Amgen) and will agree to search for documents referencing those manufacturers.

Sara Arrow
September 5, 2023

*Third*, you propose additions to SaveOnSP's proposed search terms. These additional terms return over 400,000 unique documents. That volume of documents would be unduly burdensome for SaveOnSP to review. We are analyzing JJHCS's proposed terms to see if we can agree to a modified version of those search terms and will respond soon.

*Fourth*, you ask us to identify the Bates numbers for all documents already produced that are responsive to RFP 79. We decline to do so. Consistent with Federal Rule of Civil Procedure 34(B)(2)(E)(i), SaveOnSP has produced documents "as they are kept in the usual course of business."

*Finally*, you also ask us to prioritize any further production of documents responsive to RFP No. 79. SaveOnSP intends to substantially complete its production of all documents it previously agreed to produce by September 24. If the parties agree on a search protocol to identify the additional categories of documents responsive to RFP No. 79, SaveOnSP will review documents identified by those terms and will produce responsive, non-privileged documents as soon as it is able.

We reserve all rights and are available to meet and confer.


Best,

/s/ Meredith Nelson

Meredith Nelson
Associate

2

Exhibit 17

**Long, Julia (x2878)**

---

| | |
|---|---|
| **From:** | Elizabeth Snow <esnow@selendygay.com> |
| **Sent:** | Thursday, October 19, 2023 7:22 PM |
| **To:** | Arrow, Sara (x2031); Vinita Davey; Mangi, Adeel A. (x2563); Sandick, Harry (x2723); Shane, Beth (x2659); LoBiondo, George (x2008); Long, Julia (x2878); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com; Brisson, Katherine (x2552) |
| **Cc:** | Andrew Dunlap; Meredith Nelson; Wohlforth, E. Evans; Emma Ashe O'Toole |
| **Subject:** | RE: JJHCS v. SaveOnSP // Request for Meet and Confer |

*Caution: External Email!*

Sara,

After speaking with our client, SaveOnSP is willing to provide the supplemental responses as requested regarding any purportedly misleading conduct regarding solely non-JJHCS manufacturers.

This agreement does not constitute a waiver of SaveOnSP's relevance objection. SaveOnSP maintains that documents and information solely concerning non-JJHCS manufacturers is wholly irrelevant to this action. We are agreeing to this to eliminate burdening the Court with a dispute.

SaveOnSP will provide its supplemental responses, including as to conduct regarding solely non-JJHCS manufacturers, as promptly as it is able.

Best,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
———————————————————————
+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Wednesday, October 18, 2023 1:34 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; Vinita Davey <vdavey@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP // Request for Meet and Confer

Elizabeth,

1

We have not heard anything further from SaveOnSP regarding its responses to JJHCS's Third Set of Interrogatories, despite stating that you would provide SaveOnSP's position early this week. Accordingly, we attach JJHCS's portion of a joint motion, which we intend to file with the Court no later than October 27, 2023.  We request SaveOnSP's response no later than the close of business on October 24, 2023.  In addition, as you know, you have agreed to supplement your Responses to JJHCS's Third Set of Interrogatories and despite multiple requests, we still have not received that required supplementation. Please provide it no later than the close of business tomorrow, October 19, 2023. We reserve all rights.


Regards,
Sara

**Sara A. Arrow**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
Fax: (212) 336-2092
sarrow@pbwt.com | www.pbwt.com

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Friday, October 13, 2023 6:09 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Vinita Davey <vdavey@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP // Request for Meet and Confer


*Caution: External Email!*



Sara,

We are still speaking with our client regarding the interrogatory responses referenced below.  We anticipate being in a position to respond with SaveOnSP's position early next week.

Best,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Wednesday, October 11, 2023 4:43 PM
**To:** Vinita Davey <vdavey@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP // Request for Meet and Confer

Elizabeth—

Thank you for participating in our meet and confer session earlier today. As we discussed, we request that, by the close of business on Friday, October 13, 2023, you provide SaveOnSP's position as to whether it will provide information concerning Pharmaceutical Manufacturers other than JJHCS in response to JJHCS's Interrogatories Nos. 16-20. In the event we do not hear from you by the close of business on October 13 or do not find any counterproposal satisfactory, we will conclude that the parties are at impasse as to this issue.

Additionally, we requested that you supplement your responses to JJHCS's Interrogatories Nos. 19 and 20 by September 29. *See* Sept. 22, 2023 Ltr. from S. Arrow to M. Nelson. You have agreed to provide the required supplementation. *See* Oct. 6, 2023 Ltr. from M. Nelson to S. Arrow. Please do so by October 13, 2023.

Regards,
Sara


**Sara A. Arrow**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
Fax: (212) 336-2092
sarrow@pbwt.com | www.pbwt.com

**From:** Arrow, Sara (x2031)
**Sent:** Friday, October 6, 2023 5:26 PM
**To:** 'Vinita Davey' <vdavey@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP // Request for Meet and Confer

Counsel—

We would like to meet and confer concerning the letters you sent on October 3, 2023, including the letter from Andrew Dunlap concerning JJHCS's RFP No. 83, the letter from Elizabeth Snow concerning JJHCS's RFPs 89 and 90, the letter from Meredith Nelson concerning JJHCS's Eighth Set of RFPs, and all previous correspondence concerning the same topics. We would also like to address your October 6, 2023 letter regarding SaveOnSP's Responses and Objections to JJHCS's Third Set of Interrogatories and previous correspondence regarding the same.

Please let us know your availability to confer from 11-6 on either Monday, October 9 or Tuesday, October 10. Please reserve an hour and half for our meet and confer session.

Have a nice weekend.

Thanks,
Sara


**Sara A. Arrow**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
Fax: (212) 336-2092
sarrow@pbwt.com I www.pbwt.com

**From:** Vinita Davey <vdavey@selendygay.com>
**Sent:** Friday, October 6, 2023 5:02 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP // SaveOnSP's R&Os to JJHCS 8th Set of RFPs and 3rd Set of Rogs


*Caution: External Email!*


Counsel,

Please see the attached correspondence in the above-captioned matter.

Best,
Vinita

**Vinita Davey***
Law Clerk  [vdavey@selendygay.com]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she/her

+1 212.390.9354 [O]
+1 201.323.3634 [M]

*Not admitted to the Bar.

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Friday, September 22, 2023 2:57:00 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; ewohlforth@rc.com <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // SaveOnSP's R&Os to JJHCS 8th Set of RFPs and 3rd Set of Rogs

Meredith,

Please see the attached letter concerning SaveOnSP's R&Os to JJHCS's Third Set of Interrogatories.

Regards,
Sara

**Sara A. Arrow**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
Fax: (212) 336-2092
sarrow@pbwt.com | www.pbwt.com

---

**From:** Arrow, Sara (x2031)
**Sent:** Thursday, September 21, 2023 5:25 PM
**To:** 'Meredith Nelson' <mnelson@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; ewohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP // SaveOnSP's R&Os to JJHCS 8th Set of RFPs and 3rd Set of Rogs

Meredith,

Please see the attached letter concerning SaveOnSP's R&Os to JJHCS's Eighth Set of Requests for Production.

Regards,
Sara

**Sara A. Arrow**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas

New York, NY 10036
Phone: (212) 336-2031
Fax: (212) 336-2092
sarrow@pbwt.com | www.pbwt.com

---

**From:** Meredith Nelson <mnelson@selendygay.com>
**Sent:** Monday, September 18, 2023 7:51 PM
**To:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Shane, Beth (x2659) <eshane@pbwt.com>; Deskus, Cassie (x2003) <cdeskus@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; ewohlforth@rc.com
**Subject:** JJHCS v. SaveOnSP // SaveOnSP's R&Os to JJHCS 8th Set of RFPs and 3rd Set of Rogs

> *Caution: External Email!*

Counsel,

Attached please find SaveOnSP's R&Os to JJHCS's 8th Set of Requests for Productions and 3rd Set of Interrogatories.

Regards,

Meredith

**Meredith Nelson**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9069  [O]
+1 918.200.3148  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise

immediately if you or your employer do not consent to receiving email messages of this kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

# Exhibit 18



www.pbwt.com

March 11, 2024

Ian Eppler
(212) 336-2205

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **JJHCS's Eleventh Set of Requests for Production**
       *Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC*
       <u>Case No. 2:22-cv-02632 (JKS) (CLW)</u>

Dear Elizabeth:

We write regarding JJHCS's Eleventh Set of Requests for Production, which were served on February 16, 2024.

In connection with these requests, we have provided a list of proposed search terms in the attached appendix. Please confirm that you will run these terms over all custodial data. Please also advise whether SaveOnSP is adding additional custodians to capture the requested documents, or whether SaveOnSP represents that its current custodians are sufficient to ensure that the requested documents will be collected and produced. If SaveOnSP objects to any of JJHCS's requests on the basis of burden, please provide hit counts for each requested term, both individually and in the aggregate.

Additionally, please let us know whether the recipient lists for the documents referenced in Request Nos. 104 and 105 (SOSP_0556256 and SOSP_0556254) are maintained in a non-custodial source and if so, please confirm that you will be producing from that source. Please also let us know whether documents responsive to Request No. 115 (i.e., documents sufficient to show all phone numbers used by SaveOnSP or any of its employees, agents, or affiliates when calling JJHCS or TrialCard, Inc., as well as the dates and times of all such phone calls) are maintained in a non-custodial source and if so, please confirm that you will be producing from that source.

Please provide SaveOnSP's responses on each of these points no later than March 18, 2024. In the event you refuse to produce documents in response to the Eleventh Set of RFPs or refuse to run any of JJHCS's proposed search terms, please provide your availability to meet and confer on March 20, 2024.

Elizabeth Snow, Esq.
March 11, 2024
Page 2

Very truly yours,

*/s/ Ian Eppler*
Ian Eppler

Elizabeth Snow, Esq.
March 11, 2024
Page i

### Appendix A:  Proposed Search Terms[1]

| Number | Proposed Term | Corresponding RFP(s) |
|:---:|:---|:---:|
| 1 | (other* OR change* OR alternative* OR modif* OR different OR replace* OR substitut* OR switch*) w/50 (drug* OR pharmaceutical* OR medicine* OR medication* OR therap*) | 104, 105, 106, 107 |
| 2 | (other* OR change* OR alternative* OR modif* OR different OR replacement* OR substitute* OR switch*) w/50 ("copay assistance program" OR "copay assistance programs" OR CPA OR Abbvie OR Humira OR J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") | 104, 105, 106, 107 |
| 3 | (Canad* OR Canuck) w/20 (expan* OR business* OR program* OR work* OR deal* OR opportunit* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) | 108, 109 |
| 4 | ("Washington Post" OR "the Post" OR WaPo OR "WashPost" OR "washingtonpost.com" OR Gurwitch) w/50 ("the company" OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts)<br><br>*Time period: August 1, 2022 – November 7, 2023* | 110 |
| 5 | "Tackling cancer while battling the insurance system"<br><br>*Time period: August 1, 2022 – November 7, 2023* | 110 |
| 6 | (NEWCO OR "New co" OR "New-co") w/35 (SaveOnSP OR SaveOn OR "Save On SP" OR | 111 |

---

[1] Unless otherwise stated, the time period for each search term is April 1, 2016 through November 7, 2023.

Elizabeth Snow, Esq.
March 11, 2024
Page ii

| | "Save On" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts) | |
|---|---|---|
| 7 | (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/50 ((start* OR launch* OR open* OR begin* OR initiate*) w/20 (("not" OR non) w/3 ("Express Scripts" OR ESI OR ExpressScripts))) | 111 |
| 8 | (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/50 ((start* OR launch* OR open* OR begin* OR initiate*) w/20 ((different* OR other* OR alternative* OR more*) w/5 (PBM* OR "pharmacy benefit manager*" OR "pharmaceutical benefit manager*"))) | 111 |
| 9 | Rebate* w/10 ("claw back" OR "claw backs" OR "clawback" OR "clawbacks" OR rescind* OR "take back") | 112 |
| 10 | (call* OR contact* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP") | 113, 115 |
| 11 | (Ayesha OR Zulqarnain OR (Alissa w/2 Langley) OR Langley OR (Jessica w/2 Johnson) OR Kelsey OR Leger) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP") | 114 |
| 12 | (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP") | 114 |

Exhibit 19

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

March 22, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to your March 11, 2024 letter, in which you requested
that SaveOn run search terms pursuant to J&J's Eleventh Set of Requests for Pro-
duction ("RFPs").

We ran the proposed search terms over the files of the previously agreed
upon custodians for the requested time periods; they appear in Exhibit 1.[1] SaveOn
declines to review documents identified by these terms, as the information sought
by the requests is irrelevant, any documents identified by the terms are likely to be
duplicative and cumulative, and reviewing the documents would be unduly bur-
densome.

While reserving all rights, in response to RFP 115, SaveOn might consider
producing documents sufficient to show all phone numbers used by SaveOn when
calling J&J or TrialCard, Inc., if J&J agreed to produce (1) documents sufficient to
show all phone numbers used by any employee of J&J, TrialCard, Inc., RIS Rx, and
any other entity working on behalf of J&J when calling SaveOn, Express Scripts,
Inc., or Accredo Health Group to identify patients on accumulators, maximizers,

---

[1] While you asked that SaveOn "let [J&J] know whether the recipient lists for the documents
referenced in Requests Nos. 104 and 105 . . . are maintained in a non-custodial source", because
SaveOn is not producing documents in response to Request Nos. 104 and 105, SaveOn declines to
respond to this query.

Ian Eppler
March 22, 2024

or SaveOn-advised plans, and (2) all recordings of all calls made to J&J or Trial-Card from any SaveOn employee.

      We are available to meet and confer.

Sincerely,

/s/ Elizabeth Snow

Elisabeth H. Snow
Associate

Encl:  Exhibit 1

Ian Eppler
March 22, 2024

## **Exhibit 1: J&J's Proposed Search Terms with Hit Counts**

| Number | Proposed Term | Corresponding RFP(s) | Documents with Hits | Documents with hits, including group | Unique Hits |
|---|---|---|---|---|---|
| 1 | (other* OR change* OR alternative* OR modif* OR different OR replace* OR substitut* OR switch*) w/50 (drug* OR pharmaceutical* OR medicine* OR medication* OR therap*) | 104, 105, 106, 107 | 267,144 | 437,631 | 162,084 |
| 2 | (other* OR change* OR alternative* OR modif* OR different OR replacement* OR substitute* OR switch*) w/50 ("copay assistance program" OR "copay assistance programs" OR CPA OR Abbvie OR Humira OR J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") | 104, 105, 106, 107 | 140,502 | 248,193 | 29,337 |
| 3 | (Canad* OR Canuck) w/20 (expan* OR business* OR program* OR work* OR deal* OR opportunit* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) | 108, 109 | 28,935 | 46,473 | 20,997 |
| 4 | ("Washington Post" OR "the Post" OR WaPo OR "WashPost" OR "washingtonpost.com" OR Gurwitch) w/50 ("the company" OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts) *Time period: August 1, 2022 – November 7, 2023* | 110 | 592 | 923 | 517 |

Ian Eppler
March 22, 2024

| Number | Proposed Term | Corresponding RFP(s) | Documents with Hits | Documents with hits, including group | Unique Hits |
|--------|---------------|----------------------|---------------------|--------------------------------------|-------------|
| 5 | "Tackling cancer while battling the insurance system" *Time period: August 1, 2022 – November 7, 2023* | 110 | 86 | 207 | 11 |
| 6 | (NEWCO OR "New co" OR "New-co") w/35 (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts) | 111 | 274 | 440 | 174 |
| 7 | (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/50 ((start* OR launch* OR open* OR begin* OR initiate*) w/20 (("not" OR non) w/3 ("Express Scripts" OR ESI OR ExpressScripts)) | 111 | 547 | 1,077 | 286 |
| 8 | (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/50 ((start* OR launch* OR open* OR begin* OR initiate*) w/20 ((different* OR other* OR alternative* OR more*) w/5 (PBM* OR "pharmacy benefit manager*" OR "pharmaceutical benefit manager*"))) | 111 | 117 | 151 | 50 |
| 9 | Rebate* w/10 ("claw back" OR "claw backs" OR "clawback" OR "clawbacks" OR rescind* OR "take back") | 112 | 102 | 420 | 7 |

Ian Eppler
March 22, 2024

| Number | Proposed Term | Corresponding RFP(s) | Documents with Hits | Documents with hits, including group | Unique Hits |
|---|---|---|---|---|---|
| 10 | (call* OR contact* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP") | 113, 115 | 227,855 | 333,746 | 128,311 |
| 11 | (Ayesha OR Zulqarnain OR (Alissa w/2 Langley) OR Langley OR (Jessica w/2 Johnson) OR Kelsey OR Leger) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP") | 114 | 219,635 | 237,469 | 197,375 |
| 12 | (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" or "co-pay assistance" or "CarePath" OR "JCP") | 114 | 13,973 | 22,758 | 3,909 |

5

# Exhibit 20

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

March 25, 2024

**<u>Via E-mail</u>**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write to memorialize today's meet-and-confer on J&J's 11th Set of Requests for Production ("RFPs").

SaveOn reiterated its position that RFP Nos. 104 and 105, which relate to documents ██████████████, seek irrelevant documents. As SaveOn noted during the meet and confer, Judge Waldor stated, "what doesn't affect Johnson & Johnson is not part of this lawsuit." Mar. 17, 2023 Hr'g Tr. at 16:17-21 (denying J&J's motion to compel discovery regarding other manufacturers).

SaveOn reiterated its objections to RFP Nos. 106 and 107. J&J acknowledged the significant hit counts generated by its proposed terms and offered to provide narrowed search terms. SaveOn agreed to consider those narrowed terms and provide hit counts in the event it continues to object on the basis of burden.

On RFP Nos. 108 and 109, concerning SaveOn's discussions of ██████████ ████████████, we reiterated our relevance objection. In particular, SaveOn maintains that J&J's GBL claim cannot apply to ██████████████████████ J&J expressed its interest in exploring the requested documents to "evaluate additional claims" against SaveOn. We explained why this type of fishing expedition is not a valid purpose of discovery. Nonetheless, in the interest of avoiding disputes, we agreed to reconsider the request once J&J further explained the relevance of what it is seeking.

On RFP No. 110, concerning an article in the *Washington Post*, we expressed our position on both burden and relevance. We also objected to J&J's characterization of SaveOn's strategy as simply asserting "we've done enough." Instead, we reiterated that courts look at the volume of productions made by a party, as well as the relevance of the documents sought, in undertaking a proportionality analysis. SaveOn has reviewed over 1 million documents, and as we indicated on the phone, will have produced almost 300,000 by Friday—almost ten times J&J's total production to date. However, in the spirit of compromise, we agreed to reconsider the request in light of the relatively low number of documents with hits (592), the specificity of the request, and the lack of overlap with existing requests.

SaveOn reiterated its objections to RFP No. 111, concerning purported discussions of contemplated, but never-implemented business strategies, and again expressed our concern that J&J appears to be engaged in a fishing expedition wholly untethered to the claims or defenses in this action. J&J's primary argument was that SaveOn previously produced a small number of business plans. As SaveOn told J&J, SaveOn was ordered to make that production by the Court, and production of a document on one basis does not render a similar document automatically relevant. If J&J believes that production of a document renders any topic mentioned in that document relevant, SaveOn would be glad to consider any authority in support of that argument.

On RFP No. 112, SaveOn agreed to reconsider the request in light of the relatively low number of unique hits (7) generated by J&J's proposed search terms. SaveOn intends to follow up in writing by the end of this week.

On RFP No. 113, J&J inquired whether SaveOn was already reviewing and producing call recordings, to the extent they exist, between SaveOn and patients enrolled in CarePath. SaveOn refers J&J to its existing, voluminous production of call notes.

On RFP Nos. 114 and 115, SaveOn expressed that any discussion is best reserved until after Judge Wolfson rules on J&J's March 12, 2024 Motion to Compel, which touches on substantially the same topics and to which SaveOn objects on substantially the same grounds.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

Exhibit 21



www.pbwt.com

April 19, 2024

Katherine Brisson
(212) 336-2552

**By Email**

Amanda Miner, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Request to Add Custodians**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
**Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Amanda:

We write in response to your April 18, 2024 letter regarding JJHCS's request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians and further to our correspondence regarding the same.

As you know, we have requested that SaveOnSP add these four custodians on the basis that they are likely to possess highly relevant documents concerning SaveOnSP's scheme of deception and evasion. *See generally* Feb. 16, 2024 Ltr. from K. Brisson to E. Snow (detailing at length how the proposed custodians have engaged in deceptive tactics, including mock enrollments into manufacturers' copay assistance programs, meant to prevent manufacturers from identifying SaveOnSP employees and patients). In our correspondence regarding this request, you have stated that the custodians at issue are not relevant because their "use[ of] 'deceptive' and 'evasive' tactics in their communications with J&J" are "irrelevant to this Action." *See* Mar. 1, 2024 Ltr. from M. Nussbaum to K. Brisson at 1. You have also refused to designate these individuals as custodians on the basis that Interrogatories 17 and 19, which request information concerning SaveOnSP's deceptive conduct and specifically identify Ms. Johnson's and Ms. Leger's conduct as responsive, are the "subject of a dispute before Judge Wolfson." *See* Apr. 1, 2024 Ltr. from M. Nussbaum to K. Brisson at 1.

As you know, Judge Wolfson has now categorically rejected both arguments. First, Judge Wolfson determined that JJHCS is "entitled to discovery on *any acts* that Defendant employed to effectuate or implement the [SaveOnSP] scheme," which includes SaveOnSP's "acts or practices that are deceptive or misleading in a material way." Apr. 10, 2024 Discovery Order at ¶ 11 n.4 (emphasis suppled). Second, she rejected SaveOnSP's argument that the information sought by Interrogatories 17 and 19 is somehow irrelevant. *See* Apr. 3, 2024 Tr. at 136:1–12 (The

Amanda Miner, Esq.
April 19, 2024
Page 2


Special Master stating as to SaveOnSP's relevance objection: "I've done away with relevance."). Judge Wolfson's rulings in this regard foreclose any meaningful relevance objection as to the four proposed custodians.

Further, as to the specific search parameters at issue, JJHCS has now made three proposals in connection with its request that SaveOnSP add Johnson, Leger, Quinn, and Vazquez as custodians.  *See* Feb. 16, 2024 Ltr. from K. Brisson to E. Snow (requesting that SaveOnSP add the four employees as "full" custodians); Mar. 15, 2024 Ltr. from K. Brisson to M. Nussbaum (proposing fourteen search terms); Apr. 1, 2024 Ltr. from K. Brisson to M. Nussbaum (requesting certain narrowed search terms).  You have declined all three proposals and have similarly declined to make a counterproposal as to search terms you would be willing to run over the custodial files of Johnson, Leger, Quinn, and Vazquez.

In light of the above, please reconsider your relevance objection to JJHCS's request that SaveOnSP designate Johnson, Leger, Quinn, and Vazquez as custodians.  We further request that you propose search terms you would be willing to run for Johnson, Leger, Quinn, and Vazquez and provide hit counts for **each custodian**, individually and in the aggregate, for each proposed term.  If there are no set of terms you would consider running over Johnson, Leger, Quinn, and Vazquez's custodial files, then please provide your availability to meet and confer next week.

Please provide a response by April 26.

Very truly yours,


*/s/ Katherine Brisson*
Katherine Brisson