# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

May 14, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
        *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Defendant Save On SP, LLC ("SaveOn"), we write to oppose Plaintiff Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "J&J") May 3, 2024 motion to compel SaveOn to produce documents responsive to J&J's Requests for Production Nos. 104-107 related to "non-medical switching." Mot. at 1.

Your Honor should deny J&J's motion. J&J's premise—its claim that SaveOn has encouraged patients and providers to switch medications for non-medical reasons—is false: SaveOn has never encouraged non-medical switching. The materials that J&J cites do not show otherwise. In any event, J&J's operative complaint provides no basis for the discovery it seeks, as J&J brings

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

no claims based on SaveOn's alleged encouragement of non-medical switching, and the only doc-
uments it seeks here concern contemplated responses to other manufacturers. Even if the Court
found that some portion of the requested documents were relevant, moreover, J&J's proposed
search terms are overbroad and would identify thousands of documents wholly unrelated to non-
medical switching.

## I.    J&J Seeks Irrelevant Documents

### A.    SaveOn Did Not Encourage Non-Medical Switching

As SaveOn told J&J during the meet and confer process, SaveOn's reasonable investiga-
tion showed that it never sent any communications encouraging the non-medical switching of
drugs. The letters that J&J refers to in its RFP Nos. 104 and 105, J&J Ex. 5 (SOSP_0556256) and
J&J Ex. 6 (SOSP_0556254), ███████████████████████ J&J Ex. 2 at 1. Nor has SaveOn
ever sent any communications regarding non-medical switching of the sort sought by RFP
Nos. 106 and 107. *Id.* at 2. That SaveOn never sent a communication responsive to J&J's RFPs
destroys J&J's relevance arguments, which hinge entirely on the assumption that SaveOn did so.
*See, e.g.*, Mot. at 3, 8. J&J effectively concedes this, arguing that the only relevance of letters that
SaveOn never sent is that they might show SaveOn "knowingly" harmed patients when it did send
such letters. Mot. at 10. But SaveOn never sent such letters in the first place.

J&J hangs its hat on one supposed example of SaveOn "encouraging" non-medical switch-
ing. It is actually nothing of the sort. In June 2023, J&J moved in this case for the Court to remove
SaveOn's Attorneys Eyes Only designation for the list of patients on SaveOn-advised plans that
SaveOn had produced in this case for the express purpose of using that list to "exclude [patients
on SaveOn-advised plans] from CarePath." Dkt. 109 at 1 (Jun. 2, 2023 Joint Letter Regarding
Discovery Disputes). Consistent with its client contracts, SaveOn notified its clients of the poten-
tial disclosure of HIPAA-protected data (*i.e.*, patient identities) that would result if J&J's request

2

were granted. J&J Ex. 13 at 3-4. SaveOn told its clients that if J&J were to remove patients on

SaveOn-advised plans from CarePath, the plans would have two options: (1) keep their current

plan benefits, under which they would pay 100% of the high costs of J&J's drugs; or (2) change

their plan benefits, including by potentially reducing or removing coverage for J&J drugs, which

could result in patients to transitioning to different therapies. *Id.* at 4. SaveOn also sent a letter to

providers, notifying them of what it had told its clients. J&J Ex. 11. J&J does not explain how

these letters—which laid out options indisputably available to health plans if J&J were to remove

patients from CarePath as it threatened—constitutes "encouraging" either plans or providers to

switch patients from J&J drugs.[1]

### B.    In Any Event, Non-Medical Switching Is Irrelevant

This case has nothing to do with non-medical switching. J&J's operative complaint does

not mention non-medical switching even once. Dkt. 1. J&J says that "public harm" is an element

of its GBL claim, asserts that non-medical switching could harm the public, and so argues that

non-medical switching is purportedly relevant because J&J alleges that SaveOn caused members

of the public "stress and confusion." Mot. at 8 (citing Compl. ¶ 114); *see also id.* at 3. This is

nowhere close to enough. J&J does not allege that SaveOn caused public stress and confusion

generally; it alleges that SaveOn caused stress and confusion through specific "deceptive" acts,

Compl. ¶ 114, none of which is encouraging non-medical switching. New York law also requires

---

[1] Notably, J&J's proposed amended complaint mentions the draft letters ████████████████
████████████████████████████████████████████████████ but does ***not*** mention
SaveOn's May 2023 letter. This belies J&J's argument here that the May 2023 letter shows SaveOn
"encouraging" non-medical switching or supports J&J's GBL claims. In any event, because Judge
Waldor rejected J&J's motion to re-designate SaveOn's patient list, Dkt. 113 (Jun. 7, 2023 Order),
SaveOn's clients did not need to decide between the options that SaveOn presented in its letter.

Hon. Freda L. Wolfson                                                                                    Page 4

J&J to allege in its GBL claim that the same acts that purportedly harmed the public also harmed J&J, *see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 37 N.Y.3d 169, 176 (2021), but nowhere in its complaint does J&J allege that it was harmed by SaveOn's supposed encouragement of non-medical switching. J&J's claims in this case are that SaveOn injured it by causing it to pay more in CarePath funds than J&J intended, Compl. ¶ 115; that theory of harm is unrelated to J&J's new speculation that SaveOn injured it by supposedly encouraging patients not to take its drugs or by purportedly harming J&J's "reputation and good-will in the marketplace." Mot. at 8.

        Even were non-medical switching somehow relevant to J&J's claims (it is not), the four RFPs at issue would still be irrelevant because they have nothing to do with J&J's drugs; the only new documents they seek concern drugs made by other manufacturers. RFPs Nos. 104 and 105 concern ███████████████████████████████████████. RFPs Nos. 106 and 107 are (as J&J admits, J&J Ex. 1 at 2) duplicative of its RFPs No. 5 and 27—in response to which SaveOn agreed to produce documents[2]—except that where the prior RFPs sought only doc-uments related to CarePath, the new RFPs seek documents related to all manufacturers and all drugs. J&J Ex. 1 at 2. This is irrelevant. As Judge Waldor explained: "[W]hat doesn't affect John-son & Johnson is not part of this lawsuit." Dkt. 89 (Mar. 17, 2023 Tr.) at 16:20-21.

_____

[2] In response to J&J's RFP No. 5, SaveOn agreed to "produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who en-rolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services." J&J Ex. 15 at 7 (SaveOn's Responses and Objections to J&J's First and Second Set of Requests for Production.) In response to J&J's RFP No. 27, SaveOn agreed to produce "documents and com-munications concerning non-medical switching of prescription drug therapies by CarePath pa-tients...based on the exhaustion of manufacturer copay assistance funds." *Id.* at 24-25.

Hon. Freda L. Wolfson                                                                                   Page 5

J&J also argues that non-medical switching documents relating to other manufacturers are relevant because of prior rulings that documents regarding SaveOn's supposed "efforts to evade detection" by all manufacturers are relevant to show SaveOn's intent behind and its implementation of its purported "scheme" as to J&J. Mot. at 7.[3] But J&J does not explain how SaveOn's alleged encouragement of patients to switch drugs for non-medical reasons has anything to do with the "scheme" alleged in the operative complaint, which concerns SaveOn's administration of a copay assistance benefit. Compl. ¶ 5.[4] J&J asserts that SaveOn "does not seriously dispute" that the documents it seeks are relevant, citing SaveOn's agreement to produce documents in response to J&J's RFP No. 27, which also mentioned non-medical switching. Mot. at 6. But RFP No. 27 sought only documents related to J&J; SaveOn has never agreed to provide such documents as to other manufacturers, which are the only documents at issue here.

J&J says that it seeks a broader range of non-medical switching documents to "gather evidence of harm that **_could_** support" its GBL claim, Mot. at 5 (emphasis added), but J&J cannot use discovery to uncover new bases for a claim that it did not plead. *See Claude P. Bamberger Int'l, Inc. v. Rohm & Haas Co.*, No. CIV. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. Apr. 1, 1998) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes

––––––––––––––––––––––

[3] J&J claims that Your Honor's April 3, 2024 ruling related to updating responses to J&J's Interrogatories compelled SaveOn to produce discovery regarding other manufacturers. Mot. at 7 (citing Apr. 3, 2024 Tr. at 147:11-13). SaveOn had already agreed to provide responses to J&J's Interrogatories covering other manufacturers, J&J Ex. 17 at 1 (Oct. 19, 2023 E-mail from E. Snow to S. Arrow); Your Honor's ruling did not touch on the propriety of J&J's request.

[4] While SaveOn voluntarily agreed to produce some documents regarding purported "evasion," it did not concede the relevance of this topic, Mot. 7; while preserving its relevant objections, it agreed to produce some documents in hopes of avoiding a discovery dispute, Ex. 1 at 2 (Aug. 21, 2023 Ltr. from M. Nelson to S. Arrow). It certainly did not concede the relevance of non-medical switching, which was nowhere at issue in discussions of "evasion."

to be viable without discovery, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request." (quoting *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990))). The requested documents are simply irrelevant.

## II.    J&J's Proposed Search Terms Are Overbroad

Even if J&J's RFPs sought relevant information (they do not), the search terms that J&J asks Your Honor to impose on SaveOn are not tailored to locate documents about non-medical switching. Contrary to J&J's suggestion, Mot. at 10, SaveOn objected to these RFPs as duplicative and burdensome, and maintains those objections. Ex. 2 at 4-6 (SaveOn's R&Os to J&J's Eleventh Set of RFPs). J&J's proposed terms would pick up documents containing the words "other," "change," or "modify," within twenty words of "drug" or "medication," and twenty words of "expense," "profit," "revenue," or "cost." None of these words are tailored to non-medical switching; they are generic business terms that touch on a wide swath of SaveOn's business and thus are overbroad. These overbroad terms identify approximately 11,000 new documents, an undue burden, especially given the irrelevance of the requested documents and SaveOn's extensive review and production to date. *See, e.g., OANDA Corp. v. GAIN Capital Holdings, Inc*., No. 20-5784 (ZNQ) (DEA), 2023 WL 9050958, at*2 (D.N.J. Dec. 29, 2023) ("In multiple instances, this District has 'declined to permit requests for additional, voluminous productions of discovery where it found the discovery would be cumulative, burdensome, and/or expensive.'") (quoting *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London Members of Syndicates*, 2020 WL 13158012, at *10 (D.N.J. Oct. 14, 2020))).

If Your Honor finds that some information sought by J&J's RFPs is relevant, Your Honor should direct the parties to meet and confer on appropriate search terms.

J&J's motion should be denied.

Hon. Freda L. Wolfson                                                                 Page 7

Respectfully submitted,


*/s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy gay elsberg**

Meredith Nelson
Associate
212 390 9069
mnelson@selendygay.com

August 21, 2023

**<u>Via E-mail</u>**

Sara Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Sara,

We write regarding SaveOnSP's responses to JJHCS's RFP No. 79, in an attempt to resolve the parties' dispute on this issue.

In your draft joint letter, JJHCS accuses SaveOnSP of having "a sophisticated and carefully planned strategy for avoiding manufacturer detection, which targets every aspect of the claims adjudication process." We disagree with this characterization. After an investigation, and without agreeing that they relate to evasion strategies, we have identified the following categories of documents as potentially responsive to RFP No. 79:

(1)    Documents related to ).

(2)    Documents related to communications with drug manufacturers concerning SaveOnSP's employees', its health plan clients', or their plan participants' affiliation with SaveOnSP or their participation in a "maximizer" or "accumulator" program.

Sara Arrow
August 21, 2023

SaveOnSP has already agreed to produce such documents as they relate to Janssen (including documents that relate to both Janssen and other manufacturers). We continue to believe that such documents that relate solely to manufacturers other than Janssen are irrelevant. After an investigation, moreover, we are not aware of any SaveOnSP "strateg[ies] for avoiding manufacturer detection" that are unique to specific manufacturers. Nor are we aware of any other categories of documents potentially responsive to RFP 79 besides those identified above. We thus believe that the documents that SaveOnSP is already producing should capture all so-called "evasion strategies."

To avoid a dispute, however, and without waiving its relevance objection, SaveOnSP is willing to produce the documents described above as to manufacturers other than J&J, if the parties can agree on a reasonable search protocol. To that end, SaveOnSP proposes that it run the following search terms to identify these documents:

- (don't OR "not") W/5 (mention OR disclose OR say OR inform*) W/5 (SaveOn OR SaveOnSP OR SOSP)

- (detect* OR evade* OR avoid* OR hide OR conceal*) W/15 (manufacturer* OR Biogen OR Abbvie)

- (manufacturer* OR Biogen OR Abbvie) W/10 (maximizer* OR accumulator*)

- (detect* OR evade* OR avoid* OR hide OR conceal*) W/10 (co-insurance OR coinsurance)

Please confirm your agreement. If you believe that these search terms are insufficient, please propose others.

We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Meredith Nelson

Meredith Nelson
Associate

2

# Exhibit 2

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*


# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102

973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Eleventh Set of Requests for Production, dated February 16, 2024 (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## **OBJECTIONS TO DEFINITIONS**

1.    SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

2.    SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

2

3.    SaveOnSP objects to the definition of "SaveOnSP Program," as described in the Complaint ¶¶ 9-17 and ¶¶ 50-88, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition. SaveOnSP instead interprets this term to mean the services that it provides to health plans.

## OBJECTIONS TO INSTRUCTIONS

4.    SaveOnSP objects to Instruction No. 17 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

5.    SaveOnSP objects to Instruction No. 19 to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, custody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

6.    SaveOnSP objects to Instruction No. 21 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.    SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 104:** All Documents or Communications regarding the document produced as SOSP_0556256, including (1) all drafts; (2) if sent to any Person, documents sufficient to show the dates upon which the letter was sent and all recipients; (3) any response received from any Person; (4) if not sent to any Person, all Documents and Communications regarding SaveOnSP's reason or reasons for not sending; and (5) documents sufficient to show all actual or intended recipients.

3

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 105:** All Documents or Communications regarding the document produced as SOSP_0556254, including (1) all drafts; (2) if sent to any Person, documents sufficient to show the dates upon which the letter was sent and all recipients; (3) any response received from any Person; (4) if not sent to any Person, all Documents and Communications regarding SaveOnSP's reason or reasons for not sending; and (5) documents sufficient to show all actual or intended recipients.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 106:** All Documents and Communications regarding instances in which SaveOnSP encouraged, or considered encouraging, a Patient to change therapies.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action.

4

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 5, in response to which SaveOnSP already agreed to produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 27, in response to which SaveOnSP already agreed to produce "documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients . . . based on the exhaustion of manufacturer copay assistance funds." *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 107:** All Documents and Communications regarding any instance in which SaveOnSP informed or considered informing a Patient or Provider (or any Person or legal entity affiliated with a Patient or Provider) that there are other pharmaceutical companies dedicated to providing copay assistance programs to meet their or their Patients' therapeutic needs.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 5, in response to which SaveOnSP already agreed to produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 27, in response to which SaveOnSP already agreed to produce "documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients . . . based on the exhaustion of manufacturer copay assistance funds." *See* November 23, 2022, SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 108:** All Documents and Communications regarding any ████████████████████████████████████████████████████████████████████████████████████████████████.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

6

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 109:** Documents sufficient to identify the ███████████ referenced in SOSP_0385210.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 110:** All Documents and Communications regarding the article entitled "Tackling cancer while battling the insurance system" that was published in the Washington Post on September 9, 2022, including any Communications between Express Scripts, SaveOnSP, or Accredo (or any public relations agency, law firm, or other entity acting on behalf of Express Scripts, SaveOnSP, or Accredo), on the one hand, and the Washington Post, on the other hand, relating to the subject matter of this article.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents that are privileged.

SaveOnSP objects to this Request to the extent that it seeks documents outside of SaveOnSP's possession, custody, or control.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 111:** All Documents and Communications related to the ███████ in SOSP_0920808, ███████████████████████████████ and produced as SOSP_0884139.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this request.

**REQUEST NO. 112:** All Documents and Communications related to the ███████ ████ described in SOSP_1035262.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

8

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested.

SaveOnSP objects to this Request to the extent that it seeks documents outside of SaveOnSP's possession, custody, or control.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this request.

**REQUEST NO. 113:** All Documents and Communications regarding any instance in which ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████, as discussed in SOSP_1051456.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents outside of SaveOnSP's possession, custody, or control.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 5. SaveOnSP already agreed to produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll

in CarePath concerning CarePath or SaveOnSP's services. *See* November 23, 2022, SaveOnSP's

Responses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 6.

SaveOnSP has already agreed to produce communications between SaveOnSP and JJHCS con-

cerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such

communications, identified during a reasonable search. *See* November 23, 2022, SaveOnSP's Re-

sponses and Objections to JJHCS's First and Second Sets of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after No-

vember 7, 2023.

SaveOnSP will not produce additional documents in response to this request.

**REQUEST NO. 114:** All Documents and Communications regarding any instance in which Ayesha Zulqarnain, Alissa Langley, Jessica Johnson, Kelsey Leger, or any other SaveOnSP employee or agent ███████████, communicated with JJHCS or TrialCard, Inc. and used a false name, made a false claim of identification or affiliation, cited a false medical history, or made any other misrepresentation to JJHCS or TrialCard, Inc., including all recordings of telephone calls that include this conduct.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant

to the claims or defenses in this action.

SaveOn objects to this Request as unduly burdensome and not proportionate to the needs

of this case.

SaveOn objects to this Request to the extent it is duplicative of JJHCS's Request No. 6, in

response to which SaveOnSP has already agreed to produce communications between SaveOnSP

and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications

relating to such communications, identified during a reasonable search. *See* November 23, 2022,

SaveOnSP's Responses and Objections to JJHCS's First and Second Sets of Requests for Produc-

tion.

10

SaveOnSP objects to this Request to the extent it is duplicative of JJHCS's Request No. 79, in response to which SaveOn SP has already agreed to produce documents concerning evasion tactics involving CarePath or Janssen drugs, identified during a reasonable search.  *See* June 15, 2023, SaveOnSP's Responses and Objections to JJHCS's Fifth Set of Requests for Production.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 115:** Documents sufficient to show all phone numbers used by SaveOnSP or any of its employees, agents, or affiliates when calling JJHCS or TrialCard, Inc., as well as the dates and times of all such phone calls.

**RESPONSE:** SaveOnSP objects to this Request as seeking documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as unduly burdensome and not proportionate to the needs of this case.

SaveOnSP objects to this Request to the extent that it seeks documents created after November 7, 2023.

SaveOnSP will not produce documents in response to this Request.

Dated:  March 18, 2024

By: /s/ E. Evans Wohlforth, Jr.

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*