# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE
DISCOVERY CONFIDENTIALITY ORDER**

May 10, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler
One Lowenstein Drive LLP
Roseland, NJ 07068

> **Re:** **JJHCS's Motion to Compel SaveOnSP to Designate Johnson and
> Leger as Document Custodians**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we move to compel SaveOnSP to add two document custodians:

Jessica Johnson and Kelsey Leger. Each is involved in SaveOnSP's efforts to deceptively obtain

information about manufacturers' copay assistance programs, which in turn helps SaveOnSP

misappropriate that patient assistance for itself. In fact, SaveOnSP has admitted that ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Yet, after more than

three months of conferral, SaveOnSP still refuses to review any documents or communications

from either of them.

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 2

JJHCS therefore respectfully requests that Your Honor order SaveOnSP to (1) designate

Jessica Johnson and Kelsey Leger as custodians, and (2) promptly propose a search protocol that

will identify documents related to their deceptive and evasive conduct.

**FACTUAL BACKGROUND**

**I.      SaveOnSP Regularly Engages in Manufacturer Deception and Evasion**

JJHCS has spent over a year investigating the full extent of SaveOnSP's lies and

misrepresentations through various discovery tools.  Through these efforts, JJHCS has gradually

learned more about the deception and evasion through which SaveOnSP carries out its scheme of

misappropriating hundreds of millions of dollars in patient assistance.  *See* D.E. 109 at 7

(███████████████████████████████████████████████████████████

███).  For example, JJHCS has learned that ████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████:

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

*E.g.*, Ex. 1 (SOSP_1150328) at 42; *see also* Ex. 2 (SOSP_1150330) at 3 (████████████████

███████████████████████████████).

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 3

Employees also t█████████████████████████████  For example, ██

████████████████████████████████████████████████████████████████

███████████████████████ Ex. 3 (SOSP_1068642).  By conducting these

████████████, SaveOnSP is able to obtain critical information about how manufacturers

process patient enrollments.  That information, in turn, allows SaveOnSP to modify its own billing

and enrollment practices to avoid manufacturer detection.

## II.    Deposition Testimony Confirmed SaveOnSP's Deceptive Tactics

As JJHCS began to amass this evidence, it deposed Ayesha Zulqarnain, SaveOnSP's

"Special Projects Coordinator."   At her deposition, Zulqarnain ██████████████████

████████████████████████████████████████. For example, ████████████

████████████████████████████████████████████████████████

████████████████████████. *See, e.g.*, Ex. 4 (Zulqarnain Dep. Tr.) at 118:16–

119:15, 127:24–129:20, 138:17–139:9, and 169:20–170:9.  Among other things, she regularly:

- ████████████████████████████████████████████

- ████████████████████████████████████████

- ██████████████████████████████████████████████

- ██████████████████████████████████████████

*See id.* at 169:20–170:21, 185:2–186:5 (█████████); *id.* at 114:18–116:12, 149:8–23, and

179:7–17 (█████████); *id.* at 79:19–80:11, 107:5–25, 173:25–174:17 (██████████████

███████.

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 4

### III.    SaveOnSP Admits that Johnson and Leger Are Also Engaged in Deception



████    At a minimum, it has since become clear that Johnson and Leger are each also deeply

involved in SaveOnSP's efforts to procure information about JJHCS's copay assistance program

through false pretenses.  This includes both ███████████████████████████████████

███████████████████████████████

For  example,  Zulqarnain  stated  that,  at  Leger  and  Johnson's  request,  s████████

██████████████████████████████████████████████████████████████████

████████    Ex. 5 (SOSP_1114963).    Another time, Leger  and  Johnson  ████████

███████████████████████████████████  Ex. 6 (SOSP_1229539).  Of

course, Zulqarnain t████████████████████████.  These documents suggest that

Zulqarnain closely coordinates with Johnson and Leger to monitor changes to copay assistance

programs so that SaveOnSP could adapt its processes to stay one step ahead of manufacturers.

But Leger and Johnson were not just indirect participants in this deception.  Following the

Zulqarnain deposition, JJHCS requested assurances from SaveOnSP that it would supplement

several  interrogatory  responses  █████████████████████████████████████

██████████████████    Ex. 7  (JJHCS's Interrogatories 16, 17, 19, 20).  Getting SaveOnSP

to  provide  straight  answers  to  these  interrogatories  has  been  an  extraordinary  ordeal.    After

providing its initial responses and objections on September 18, 2023, SaveOnSP supplemented its

responses six times, on November 3, 2023, November 6, 2023, November 9, 2023, February 1,

2024, February 23, 2024, and April 24, 2024.  The final supplement was provided only this Court

ordered SaveOnSP to do so.  *See* Apr. 10, 2024 Discovery Order at 8.

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 5

SaveOnSP eventually disclosed that several of its employees, including Leger, ████████

███████████████████████████████████████████████████████████████████████

██████████.  Ex. 8 (Defendant's Apr. 24, 2024 Supplemental Responses & Objections to

Plaintiff's Interrogatories) at 6–7; Ex. 9 (Defendant's Feb. 1, 2024 Supplemental Responses &

Objections to Plaintiff's Interrogatories) at 12.  SaveOnSP also admitted that, ███████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████.  *See* Ex. 8

(Defendant's Apr. 24, 2024 Supplemental Responses & Objections to Plaintiff's Interrogatories)

at 6–7; Ex. 9 (Defendant's Feb. 1, 2024 Supplemental Responses & Objections to Plaintiff's

Interrogatories) at 12.  In other words, and as SaveOnSP also acknowledged, ████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████.  Ex. 8 (Defendant's Apr.

24, 2024 Supplemental Responses & Objections to Plaintiff's Interrogatories) at 6–7; Ex. 9

(Defendant's Feb. 1, 2024 Supplemental Responses & Objections to Plaintiff's Interrogatories) at

12.

Following these disclosures, JJHCS asked SaveOnSP to add Leger and Johnson as

document custodians, so that JJHCS could evaluate their roles and the full scope of the deceptive

tactics they employed.  SaveOnSP refused to do so.

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 6

## ARGUMENT

### I.  Johnson and Leger's Files Are Likely to Contain Highly Relevant Documents Related to SaveOnSP's Efforts to Avoid Manufacturer Detection

SaveOnSP's use of deceptive and evasive tactics toward manufacturers' copay assistance programs is central to JJHCS's claims.  Indeed, as Your Honor recently ruled, JJHCS is "entitled to discovery on **any acts** that Defendant employed to effectuate or implement the [SaveOnSP] scheme," expressly including SaveOnSP's misrepresentations and other deceptive acts aimed at drug manufacturers like JJHCS.  Apr. 10, 2024 Discovery Order at 8 n.4 (emphasis suppled).  Johnson and Leger's use of deceptive tactics, which are critical to the administration of the SaveOnSP scheme, fall squarely into this category of key evidence.

It is difficult to imagine a strategy more directly "deceptive or misleading in a material way," *id.*, than SaveOnSP's practice of ████████████████████████████████ ████████████████████████████████████████████████████████████ *See* Ex. 8 (Defendant's Apr. 24, 2024 Supplemental Responses & Objections to Plaintiff's Interrogatories) at 6–7; Ex. 9 (Defendant's Feb. 1, 2024 Supplemental Responses & Objections to Plaintiff's Interrogatories) at 12.  SaveOnSP admitted as much when it ████████████████ in response to an interrogatory requesting information about all "measures [it] has utilized to prevent" manufacturers from "being able to identify" SaveOnSP or its employees, and ████████████ ████████████████████████████████.[1]  These admissions, alone, are enough to make Johnson and Leger's custodial files relevant and discoverable.

---

[1] In the event JJHCS identifies additional employees who engaged in this practice, it reserves the right to seek their designation as custodians as well.

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 7

In particular, ████████████████████████████████████████

████████████████. Ex. 10 (SOSP_0786252) ████████ Ex. 11 (SOSP_1145972) (████████.

Johnson used ██████████████████████████████████████████

████████████████████████████████████. *See* Ex. 10 (SOSP_0786252); Ex. 11

(SOSP_1145972).  Johnson ██████████████████████████████████

████████████████████████ *See* Ex. 12 (SOSP_1145947) (████████████); Ex. 11

(SOSP_1145972) (██████████████████████████████████████████

████████████████████████████████████).    And,  for  the  ████████████

████████████████████████████████████████████████████

████████████████████████. Ex. 10 (SOSP_0786252).  This evidence is likely just

the tip of the iceberg; Johnson and Leger's custodial files well may contain additional relevant

evidence of SaveOnSP's deception through ████████████████ or other dishonest methods.

        SaveOnSP's existing document production also contains troubling gaps related to this

practice.  For example, JJHCS has been unable to locate documents ████████████████

████████████████████████████████████████████████████████

████████████████████ *See* Ex. 8 (Defendant's Apr. 24, 2024 Supplemental Responses &

Objections to Plaintiff's Interrogatories) at 6–7; Ex. 9 (Defendant's Feb. 1, 2024 Supplemental

Responses & Objections to Plaintiff's Interrogatories) at 12.  Similarly, while SaveOnSP disclosed

████████████████████████████ JJHCS has not identified documentary evidence of those

activities in SaveOnSP's production.  Given the inconsistencies between SaveOnSP's sworn

interrogatory responses and its document production, SaveOnSP must produce relevant documents

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 8

from these employees, including any relevant emails and files from their personal accounts,[2] so

that JJHCS can understand the full range of their deceptive conduct.

## II.    SaveOnSP's Burden Objection Fails Because SaveOnSP Has Refused to Engage with JJHCS to Reduce the Burden

SaveOnSP objects to producing documents from Johnson and Leger on grounds of burden.

But this objection rings hollow because SaveOnSP has steadfastly refused to work with JJHCS to

craft reasonable and tailored search terms.

To begin with, only SaveOnSP knows what these employees did and how they did it.

SaveOnSP alone can investigate and identify ██████████████████████████████████████

██████████████████████████████████████████████████████████████████. *See* Ex. 8

(Defendant's Apr. 24, 2024 Supplemental Responses & Objections to Plaintiff's Interrogatories)

at 6–7; Ex. 9 (Defendant's Feb. 1, 2024 Supplemental Responses & Objections to Plaintiff's

Interrogatories) at 12.  Likewise, only SaveOnSP ███████████████████████████████████

██████████████████████████████.  But SaveOnSP refuses to conduct that investigation and

refuses to propose search terms that would identify documents relevant to these employees'

misconduct.

---

[2] ████████████████████████████████████████████████████████████████████████████████
████████████████████████████████  *See, e.g.*, Ex. 13 (SOSP_0880855); Ex. 14 (SOSP_0880861);
Ex. 15 (SOSP_0880865); Ex. 16 (SOSP_0880868).  JJHCS thus asked SaveOnSP to "conduct a
reasonable investigation into [Johnson and Leger's] use of personal email accounts."  Ex. 17 at 3
(Feb. 16, 2024 Ltr. from K. Brisson to E. Snow).  SaveOnSP declined to do so.  *See* Ex. 18 (Mar.
6, 2024 Email from M. Nussbaum to K. Brisson).  If the Court grants this motion, then—consistent
with Judge Waldor's previous Order on personal email use, *see* D.E. 144—it should also require
SaveOnSP to produce any relevant documents from the added custodians' personal accounts.

Hon. Freda Wolfson, U.S.D.J.
May 10, 2024
Page 9

For its part, JJHCS made three successive search term proposals in connection with these employees. *See* Ex. 17 (Feb. 16, 2024 Ltr. from K. Brisson to E. Snow); Ex. 19 (Mar. 15, 2024 Ltr. from K. Brisson to M. Nussbaum); Ex. 20 (Apr. 1, 2024 Ltr. from K. Brisson to M. Nussbaum). SaveOnSP rejected all three proposals and has never made a counterproposal, despite JJHCS's multiple requests that it do so. *See* Ex. 21 (Mar. 1, 2024 Ltr. from M. Nussbaum to K. Brisson); Ex. 22 (Apr. 1, 2024 Ltr. from M. Nussbaum to K. Brisson); Ex. 23 (Apr. 18, 2024 Ltr. from A. Miner to K. Brisson). But JJHCS cannot craft narrow search terms designed to get at documents about the ███████████████████ used by these custodians because only SaveOnSP knows what those were. SaveOnSP's refusal to engage shows that its reluctance to add these custodians has nothing to do with burden. SaveOnSP would rather complain that each proposal by JJHCS is "overbroad" and use that as an excuse to produce nothing.

These tactics should not be rewarded. Having categorically refused to confer in good faith about the scope of discovery from Johnson and Leger, SaveOnSP cannot be heard to complain about a burden that it has shown no genuine interest in reducing.

\*    \*    \*

For the foregoing reasons, JJHCS requests that Your Honor compel SaveOnSP to (1) designate Jessica Johnson and Kelsey Leger as custodians; and (2) promptly propose a search protocol that will identify documents related to their deceptive and evasive conduct.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: Counsel of record for SaveOnSP

# EXHIBIT 1

# SEALED IN ITS ENTIRETY

# EXHIBIT 2

# SEALED IN ITS ENTIRETY

# EXHIBIT 3

# SEALED IN ITS ENTIRETY

# EXHIBIT 4

# SEALED IN ITS ENTIRETY

# EXHIBIT 5

# SEALED IN ITS ENTIRETY

# EXHIBIT 6

# SEALED IN ITS ENTIRETY

# EXHIBIT 7

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON | : | |
| HEALTH CARE SYSTEMS INC., | | Civil Action No.  22-2632 (JMV) (CLW) |
| | : | |
| Plaintiff, | | |
| | : | **PLAINTIFF'S THIRD** |
| vs. | : | **SET OF INTERROGATORIES** |
| | | |
| SAVE ON SP, LLC, | : | |
| | | |
| Defendant. | : | |

**PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, Plaintiff Johnson &

Johnson Health Care Systems Inc. ("JJHCS") directs the following Interrogatories to Defendant

Save On SP, LLC ("SaveOnSP") and requests that within 30 days after service of these

Interrogatories (or such earlier time as the parties may agree or the Court may order) that

SaveOnSP provide a response to each Interrogatory in writing and under oath.

## DEFINITIONS AND INSTRUCTIONS

1.    "Action" means the above-captioned matter, *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, No. 22-CV-2632, currently pending in the United States District Court for the District of New Jersey.

2.    "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the Internet.

3.    "Complaint" means JJHCS's May 4, 2022 complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

4.    "Document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, Communications, call notes, voice mail, video or audio recordings, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all drafts or copies of any of the foregoing that are different in any way from the original.

5.    "Pharmaceutical Manufacturer" means any entity that develops, produces, manufactures, creates, licenses or distributes any pharmaceutical, drug, medicine or other substance used in the treatment, cure, prevention or diagnosis of any illness, disease, disorder or other condition, and includes any such entity's predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, or accountants.

6.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives,

directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

7.    "SaveOnSP Program" means the conduct as described in the Complaint at ¶¶ 9–17 and ¶¶ 50–88.

8.    Utilized means put to use, used, practiced, applied, brought to bear, exercised and deployed; and includes attempts to utilize regardless of whether such attempts were successful.

9.    "You" and "Your" mean SaveOnSP as defined in paragraph 7 above.

10.    "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested information that which might otherwise be construed to be outside its scope.

11.    The term "including" means including, but not limited to.

12.    These definitions and instructions, and the interrogatories set forth below, apply equally to all forms of electronic Communications and information, including e-mails, and to all other tangible things.

13.    To the extent a term is not defined herein, apply the definition for such term used in the Complaint.

14.    These interrogatories shall be deemed to include any and all relevant information within Your possession, custody or control, including, without limitation, information located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by You.

15.     If You have a good-faith objection to any interrogatory or any part thereof, the specific nature of the objection and whether it applies to the entire interrogatory or to a part of the interrogatory shall be stated.  If there is an objection to any part of an interrogatory, then the part objected to should be identified and a response to the remaining unobjectionable part should be provided.

16.     If You have a good-faith objection to any interrogatory or any part thereof based upon the attorney-client privilege, work product doctrine, or any other privilege or immunity, You shall provide an explanation of the basis therefore, including the specific nature of the privilege or immunity claimed and the detailed grounds for claiming such privilege or immunity.

17.     Each interrogatory shall be answered on the basis of Your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

18.     If documents are being produced in lieu of answers pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, identify, by document production number of similar means, the specific documents where in the answer is located and, unless apparent on the face of the document, state where within the document the answer can be found.

19.     When answering these interrogatories, do not limit your response to facts involving JJHCS.  Include all responsive facts relevant to any Pharmaceutical Manufacturer as well as those that are applicable to all manufacturers or groups of manufacturers.

20.     Unless the interrogatory requires otherwise, the time period for the interrogatories is April 1, 2016 through the present (the "Time Period").

21.     The interrogatories should be deemed continuing, and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 16.**  Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify patients that are enrolled in the SaveOnSP Program, or to make it more difficult for them to do so.

**Interrogatory No. 17.**  Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**Interrogatory No. 18.**  Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to SaveOnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**Interrogatory No. 19.**  Describe, in as much detail as possible, all instances where and all circumstances under which You have lied to, misled, or deceived Pharmaceutical Manufacturers, including all instances in which Your representatives or employees have misrepresented their identities or concealed their affiliation with SaveOnSP when communicating with Pharmaceutical Manufacturers.

**Interrogatory No. 20.**  Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

5

Dated:  August 18, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:      /s/ *Jeffrey J. Greenbaum*
         JEFFREY J. GREENBAUM
         KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

6

# EXHIBIT 8

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S SUPPLEMENTAL RSPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 17, 18 and 20, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## **GENERAL OBJECTIONS**

1.     JJHCS does not limit any of its Interrogatories to nonprivileged material. Save-OnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2.      JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks disclosure of information that is not within SaveOnSP's possession, custody, or control that Save-OnSP can locate after a reasonable inquiry.

## OBJECTIONS TO DEFINITIONS

3.      SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP, LLC.

4.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

5.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

6.      SaveOnSP objects to the term "or other substance" in the definition of "Pharmaceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceutical Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diagnosis of any illness, disease, disorder, or other condition.

Dated:  April 24, 2023                    By: /s/      E. Evans Wohlforth, Jr.
                                          E. Evans Wohlforth, Jr.
                                          **ROBINSON & COLE LLP**

3

666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

4

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 2, 17, 18, AND 20**

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as discussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

5

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**

6

███████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████

SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 18:**

Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to Save-OnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**RESPONSE:**

█████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████



SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November, 22, 2022, ECF No. 62.

**INTERROGATORY NO. 20:**

Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

**RESPONSE:**

9

SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## <u>CERTIFICATION OF SAVE ON SP, LLC</u>

I, Jody Miller, am the President of Save On SP, LLC ("SaveOnSP"). I am authorized to submit this certification on behalf of SaveOnSP. I certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, SaveOnSP and I are subject to punishment. I certify that in responding to the foregoing Interrogatories, I have furnished all information available to SaveOnSP, its agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

Save On SP, LLC

By: _____
Jody Miller
President

Date: April 23, 2024

# EXHIBIT 9

E. Evans Wohlforth, Jr., Esq.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON<br>HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civ. A. No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 10, 17, and 19, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## GENERAL OBJECTIONS

1.    JJHCS does not limit any of its Interrogatories to nonprivileged material. SaveOnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2.    JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks

disclosure of information that is not within SaveOnSP's possession, custody, or control that Save-OnSP can locate after a reasonable inquiry.

## OBJECTIONS TO DEFINITIONS

3.    SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP, LLC.

4.    SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

5.    SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

6.    SaveOnSP objects to the term "or other substance" in the definition of "Pharmaceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceutical Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diagnosis of any illness, disease, disorder, or other condition.

## OBJECTIONS TO INSTRUCTIONS

1.    SaveOnSP objects to Instruction No. 23 in Plaintiff's First Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

3

2.      SaveOnSP objects to Instruction No. 24 in Plaintiff's First Set of Interrogatories to the extent it purports to require SaveOnSP to answer Plaintiff's Interrogatories based on knowledge obtained from all available sources. SaveOnSP will answer Plaintiff's Interrogatories based on information in its possession, custody, and control available to it following a reasonable inquiry.

3.      SaveOnSP objects to Instruction No. 25 in Plaintiff's First Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

4.      SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS.

5.      SaveOnSP objects to Instruction No. 24 in Plaintiff's Second Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

6.      SaveOnSP objects to Instruction No. 25 in Plaintiff's Second Set of Interrogatories to the extent it purports to require Save-OnSP to answer Plaintiff's Interrogatories based on knowledge obtained from all available sources. SaveOnSP will answer Plaintiff's Interrogatories based on information in its possession, custody, and control available to it following a reasonable inquiry.

7.      SaveOnSP objects to Instruction No. 26 in Plaintiff's Second Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

4

8.      SaveOnSP objects to Instruction No. 16 in Plaintiff's Third Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

9.      SaveOnSP objects to Instruction No. 17 in Plaintiff's Third Set of Interrogatories to the extent it purports to require SaveOnSP to answer Plaintiff's Interrogatories based on knowledge obtained from all available sources. SaveOnSP will answer Plaintiff's Interrogatories based on information in its possession, custody, and control available to it following a reasonable inquiry.

10.     SaveOnSP objects to Instruction No. 18 in Plaintiff's Third Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

11.     SaveOnSP objects to Instruction No. 19 in Plaintiff's Third Set of Interrogatories because it attempts to require SaveOnSP to provide information that is irrelevant to the claims and defenses in this action. SaveOnSP will provide information on its interactions with JJHCS and on its general business practices applicable to multiple Pharmaceutical Manufacturers that include such practices applicable to JJHCS.

Dated:  February 1, 2024

By: /s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Andrew R. Dunlap

Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES**

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as discussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

███████████████████████████████████████

███████████████████████████████████████

███████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 10:**

For each Plan Member who declined to participate in the SaveOnSP Program in connection with their purchase of Janssen medication, identify how much each one paid for each prescription of Janssen medication that he or she filled after he or she declined to participate in the SaveOnSP Program.

**RESPONSE:**

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 19:**

Describe, in as much detail as possible, all instances where and all circumstances under which You have lied to, misled, or deceived Pharmaceutical Manufacturers, including all instances in which Your representatives or employees have misrepresented their identities or concealed their affiliation with SaveOnSP when communicating with Pharmaceutical Manufacturers.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

# EXHIBIT 10

# SEALED IN ITS ENTIRETY

# EXHIBIT 11

# SEALED IN ITS ENTIRETY

# EXHIBIT 12

# SEALED IN ITS ENTIRETY

# EXHIBIT 13

| | |
|---|---|
| **From:** | support@amgensupport.com [support@amgensupport.com] |
| **Sent:** | 1/3/2022 4:46:18 PM |
| **To:** | ███████████ |
| **Subject:** | Your savings are about to start |

Your savings are about to start

Important Safety Information   >        Full Prescribing Information   >



Hello *Ayesha*,

Congratulations! Your Otezla $0 Co-Pay Card is approved. We've included your **pre-activated card below**. While a physical card will arrive through the mail in a few days, there's no need to wait. Just provide your specialty pharmacy with your card details to get started. No activation or wait-time required.



**How do I get started?**

- Provide your **pre-activated Otezla $0 Co-Pay Card** information to your specialty pharmacy. Your pharmacy will need to know the RxBIN, RxPCN, and ID numbers from the card.

**How does my Co-Pay Card work?**

- When you call to re-fill your Otezla prescription, your specialty pharmacy will run the transaction against the Co-Pay Card on file. The savings will be applied automatically, so there are no additional actions to take

- Your total cost will be $0 for your Otezla prescription.
  Terms, conditions, and program limits apply

  Please see full Terms and Conditions at
  **otezla.com/copay**

**What if I'm running low on my prescription?**

- If you need a re-fill, contact your specialty pharmacy directly to schedule delivery of your Otezla prescription

- You can also ask your specialty pharmacy about re-fill reminders, so you'll never miss a dose





Sincerely,
—Your Otezla SupportPlus Team

**\*SUMMARY OF TERMS AND CONDITIONS**

It is important that every patient read and understand the full Otezla®
Co-Pay Card Terms and Conditions. The following summary is not a
substitute for reviewing the Terms and Conditions in their entirety.

As further described below, in general:

- The Otezla Co-Pay Card is open to patients with commercial
  insurance, regardless of financial need. The program is not valid for
  patients whose Otezla prescription is paid for in whole or in part by
  Medicare, Medicaid, or any other federal or state programs. It is not
  valid for cash-paying patients or where prohibited by law. (See
  ELIGIBILITY section below.)

With the Otezla Co-Pay Card, a commercially insured patient who meets
eligibility criteria can receive one of the following two offers when filling
their Otezla prescription:

- **If the patient's health plan does not cover Otezla® (apremilast)
  or requires a prior authorization,** a patient can receive Otezla free
  for up to twelve (12) prescription fills within twelve (12) months from
  the date of the first prescription filled under the Bridge to
  Commercial Coverage Offer. (See PROGRAM DETAILS section
  below.)

- **If Otezla is approved by the patient's health plan,** a patient can pay
  as little as a $0 co-pay per month for their Otezla monthly out-of-
  pocket costs. Monthly out-of-pocket costs include co-payment, co-
  insurance, and deductible out-of-pocket costs. Amgen will pay the
  remaining eligible out-of-pocket costs on behalf of the patient until the
  Amgen payments have reached either the Maximum Program Benefit
  or the Patient Total Program Benefit. Patients are responsible for all
  amounts that exceed this limit. (See PROGRAM DETAILS section
  below.)

- The Otezla Co-Pay Card provides support up to the Maximum
  Program Benefit or Patient Total Program Benefit. If a patient's
  commercial insurance plan imposes different or additional
  requirements on patients who receive Otezla Co-Pay Card benefits,
  Amgen has the right to reduce or eliminate those benefits. Whether
  you are eligible to receive the Maximum Program Benefit or Patient
  Total Program Benefit is determined by the type of plan coverage you
  have. Please ask your Otezla SupportPlus™ representative to help

Attorneys Eyes Only & Confidential Health Information

you understand eligibility for the Otezla Co-Pay Card, and whether
your particular insurance coverage is likely to result in your reaching
the Maximum Program Benefit, or your Patient Total Program Benefit
amount, by calling 1-844-4OTEZLA (1-844-468-3952). (See
PROGRAM BENEFITS section below.)

See **full Terms and Conditions** for more details  >

1 Amgen Center Drive, Thousand Oaks, CA 91320

To unsubscribe from Otezla e-mails click here.


© 2021 Amgen Inc. All rights reserved.
08/21 USA-407-81208

Attorneys Eyes Only & Confidential Health Information          SOSP_0880858

# EXHIBIT 14

| | |
|---|---|
| **From:** | bounce@info.dupixent.com [bounce@info.dupixent.com] |
| on behalf of | Your Support Team <support@info.dupixent.com> [support@info.dupixent.com] |
| **Sent:** | 1/5/2022 8:06:17 PM |
| **To:** | ▇▇▇▇▇▇▇▇▇ |
| **Subject:** | Ayesha, print your DUPIXENT MyWay® Copay Card now |

Ayesha, print your DUPIXENT MyWay® Copay Card now



**Full US Prescribing Information**
**Patient Prescribing Information**
**Important Safety Information**

## AYESHA, HERE'S YOUR COPAY CARD



Remember, your *DUPIXENT MyWay®* Copay Card information will be used by the pharmacy to help with your out-of-pocket copay costs for your DUPIXENT prescription. **Please keep this information for your records.**

Attorneys Eyes Only & Confidential Health Information

If you have questions, please call **1-844 DUPIXENT
(1-844-387-4936), option 1** or talk with your doctor.
For more information, visit DUPIXENT.com.

With the *DUPIXENT MyWay*® Copay Card, eligible, commercially insured patients may pay as
little as a $0* copay per fill of DUPIXENT® (dupilumab), maximum of $13,000 per patient per
calendar year. And, if you're eligible, you can sign up and download your card today.

You may be eligible for the copay card if you
• Have commercial insurance, including health insurance exchanges, federal employee plans, or state
  employee plans
• Are a resident of the 50 United States, the District of Columbia, Puerto Rico, Guam, or the USVI
• Are prescribed DUPIXENT for an indication approved by the US Food and Drug Administration

**\*THIS IS NOT INSURANCE.** Not valid for prescriptions paid, in whole or in part, by Medicaid, Medicare, VA,
DOD, TRICARE, or other federal or state programs, including any state pharmaceutical assistance programs.
Program has an annual maximum of $13,000. Additional terms and conditions apply.

**Terms and Conditions:** This program only applies to patients who are residents of the 50 United States, the
District of Columbia, Puerto Rico, Guam or the US Virgin Islands, are prescribed DUPIXENT® (dupliumab) for
an FDA-approved indication, and are insured and covered by a commercial health plan. This offer is not valid
for prescriptions covered by or submitted for reimbursement under Medicaid, Medicare, VA, DOD, TRICARE,
or similar federal or state programs including any state pharmaceutical assistance program. It is not an
insurance benefit, and does not cover or provide support for supplies, procedures, or any physician-related
services associated with DUPIXENT. General, non-product specific insurance deductibles are also not
covered. *DUPIXENT MyWay*® reserves the right to rescind, revoke, terminate, or amend this offer, eligibility and
terms of use at any time without notice. Patients, pharmacists, and prescribers cannot seek reimbursement
from health insurance or any their party for any part of the benefit received by the patient through this offer.
This offer is not conditioned on any past, present, or future purchases, including refills. The copay card is non-
transferrable, limited to one per person, and cannot be combined with any other offer or discount. This program
is not valid where prohibited by the law, taxed, or restricted. Offer has no cash value. Program is not valid for
cash paying customers.

**Patient Instructions:** DUPIXENT must be covered by your commercial insurance. If your prescription is
covered by insurance, you may need to notify the insurance carrier of redemption of the copay card. This
program is not valid where prohibited by law. By redeeming this coupon, you are certifying that (1) you are not
a beneficiary of any government funded program as noted above; (2) should you begin receiving prescription
benefits from any government funded program, you will withdraw from this program; and (3) you acknowledge
and understand that adherence to the terms and conditions of this offer is necessary to ensure compliance with
laws pertaining to any government funded program. For questions regarding your eligibility or benefits or if you
wish to discontinue your participation please call **1-844 DUPIXENT (1-844-387-4936), option 6**.

**Pharmacist Instructions:** When you use this offer, you are certifying that you have not submitted and will not
submit a claim for reimbursement under any federal, state, or other government programs for this prescription.
Pharmacist will comply with his/her obligations when processing the prescription for payment. By using
this offer, you agree to the terms and conditions of this program. Co-pay cards must be accompanied by a
prescription for DUPIXENT. When primary commercial prescription insurance exists, input offer information as
secondary coverage and transmit using the COB segment of the NCPDP transaction. Submit transaction to
RxC Acquisition Company d/b/a RxCrossroads by McKesson. Applicable discounts will be displayed in the
transaction response. Acceptance of this offer and your submission of claims are subject to the Terms and
Conditions posted at www.mckesson.com/mprstnc. For questions regarding setup, claim transmission, patient

Attorneys Eyes Only & Confidential Health Information

eligibility or other issues, call the LoyaltyScript® for DUPIXENT program at 1-855-520-3765 (8:00 AM-8:00 PM EST, Monday-Friday).

Health information contained herein is provided for general educational purposes only. Your healthcare professional is the single best source of information regarding your health. Please consult your healthcare professional if you have any questions about your health or treatment.

### *DUPIXENT MyWay,*
### **Every Step of the Way.**

All the best,
The DUPIXENT Team





Add support@email.dupixent.com to your address book to ensure delivery. Trouble viewing? View in web browser.

DUPIXENT | Legal Disclaimer | Sanofi Privacy Policy
Regeneron Privacy Notice | Contact Us

**SANOFI** GENZYME

Sanofi US
55 Corporate Drive
Bridgewater, NJ 08807

**REGENERON**

Regeneron Corporate Headquarters
777 Old Saw Mill River Road
Tarrytown, NY 10591

DUPIXENT® and *DUPIXENT MyWay*® are registered trademarks of Sanofi Biotechnology.

© 2021 Sanofi and Regeneron Pharmaceuticals, Inc.
All Rights Reserved.

This e-mail was sent to you because you signed up to receive information from the *DUPIXENT MyWay*®
program. If you no longer
wish to receive e-mails, please click here.

Sanofi and Regeneron are industry partners, who are committed to handling personal data in ways that respect
your privacy. Both companies may independently process your personal data to manage patient support
programs and product marketing campaigns. Please refer to Regeneron's Privacy Notice and Sanofi's Privacy
Policy for more information regarding processing of your personal data.

PLEASE DO NOT REPLY TO THIS E-MAIL. If you would like to
contact us, please click here or call 1-844-643-7346.

Mail written correspondence to:

**Sanofi US Customer Services**
P.O. Box 5925 Mailstop 55A-220A
Bridgewater, NJ 08807

DUP.21.10.0668   November 2021

Attorneys Eyes Only & Confidential Health Information

# EXHIBIT 15

| | |
|---|---|
| **From:** | PaySign® Support [info@programsupport.paysign.com] |
| **on behalf of** | PaySign® Support <info@programsupport.paysign.com> [info@programsupport.paysign.com] |
| **Sent:** | 1/11/2022 4:33:19 PM |
| **To:** | ▮▮▮▮▮▮▮▮ |
| **Subject:** | Start using your GILENYA (fingolimod) Co-pay Program benefits |



Dear AYESHA ZULQARNAIN,

Thank you for verifying your email address! This email contains the information you will need to participate in the GILENYA Co-pay Program. If you are eligible and because everyone's situation is different, we've designed this program to provide you with options for accessing your support.

### There are two ways you can participate in the program:

## Option 1



Use your Co-pay Card and the provided Payment Card to pay for your GILENYA prescription.

**OR**

## Option 2



Pay with your own form of payment and request a rebate.

## Option 1

### Use Co-pay and Payment Cards to help pay your GILENYA co-pay


Step 1


Step 2

**Provide your Co-pay Card information below to your pharmacist.** In some cases, your pharmacist may already have your Co-pay Card information on file.



If your Co-pay Card covers the entire amount you owe for GILENYA, you're all done! If you still have a balance due after using your Co-pay Card, go to **Step 2**.

**Provide the GILENYA Payment Card information (if necessary)**

Every time you fill your GILENYA prescription, provide your Co-pay Card information to your pharmacist. If your Co-pay Card does not cover the entire amount due, give your pharmacist your Payment Card information to pay the remaining amount.* If your pharmacy asks for the billing address, please use the same address you provided during the enrollment process. **Click here to access the Payment Card.**

---

## Why two cards?

Because health insurance plans treat co-pay support funds differently, we created this option to help patients better access the savings we offer. If you have questions about your insurance, please check your health plan's rules.

# Option 2

> ## Pay your GILENYA co-pay and request a rebate

 If you prefer, you can pay your GILENYA co-pay with your own form of payment and then request a rebate for the amount you spent, up to the Program's annual limit.* Receipts will be required. Please visit **www.patientrebateonline.com** and follow the instructions. Once you download the rebate support form, you will receive an email with detailed instructions on how to request a rebate.

The $18,000 annual limit applies regardless of which option you use to access your co-pay support. You will be responsible for any remaining out-of-pocket costs for your GILENYA prescriptions once the limit is reached in the calendar year.

**If you have questions about the GILENYA Co-pay Program, please call the Patient Co-pay Support Program at 1-855-823-2886. We are here to help you between 8:00 AM and 8:00 PM ET, Monday through Friday.**

Sincerely,

Patient Co-Pay Support Program

For Important Product Information and Medication Guide, please click here .

*This email was sent from a notification email address that cannot accept incoming email. Please do not reply to this message.*

**\*Limitations apply.** Valid only for those with private insurance. The GILENYA Co-pay Program includes the Co-pay Card, Payment Card (if applicable), and Rebate, with a combined annual limit up to $18,000. Patient is responsible for any costs once limit is reached in a calendar year. Program not valid (i) under Medicare, Medicaid, TRICARE, VA, DoD or any other federal or state health care program, (ii) where patient is not using insurance coverage at all, (iii) where the patient's insurance plan reimburses for the entire cost of the drug or (iv) where product is not covered by patient's insurance. The value of this program is exclusively for the benefit of patients and is intended to be credited towards patient out-of-pocket obligations and maximums, including applicable co-payments, coinsurance, and deductibles. Program is not valid where prohibited by law. Patient may not seek reimbursement for the value received from this program from other parties, including any health insurance program or plan, flexible spending account, or healthcare savings account. Patient is responsible for complying with any applicable limitations and requirements of their health plan related to the use of the Program. Valid only in the US and Puerto Rico. This Program is not health insurance. Program may not be combined with any third-party rebate, coupon, or offer. Proof of purchase may be required. Novartis reserves the right to rescind, revoke, or amend the Program and discontinue support at any time without notice.

**Pharmacist Instructions for Co-pay Card:** When you use this card, you are certifying that you have not submitted and will not submit a claim for reimbursement under any federal, state, or other government program for this prescription and will otherwise comply with Program terms and conditions. Pharmacist will comply with his/her obligations to third-party payers when processing the prescription for payment. Co-pay Card must be accompanied by a prescription for the product identified on Card. Submit the claim to the primary Third Party Payer first, then transmit using the COB segment of the NCPDP transaction. Submit transaction to McKesson Corporation using BIN #610524. Third Party Payer does not include prescription coupon providers. Acceptable discounts will be displayed in the transaction response. Acceptance of this card and your submission of claims are also subject to the Terms and Conditions posted at www.mckesson.com/mprstnc. For questions regarding setup, claim transmission, patient eligibility or other issues, call LoyaltyScript® at 844-236-8027 (8:00 AM - 8:00 PM EST, Monday - Friday).

**IMPORTANT NOTICE:** This message is intended for the use of the person or entity to which it is addressed and may contain information that is personal and/or confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this information is STRICTLY PROHIBITED. If you received this document in error, please notify us immediately and destroy this document.



**Novartis Pharmaceuticals Corporation**
East Hanover, New Jersey 07936-1080          © 2018 Novartis          11/18          T-NOV-1364391

# EXHIBIT 16

| | |
|---|---|
| **From:** | donotreply@opushealth.com [donotreply@opushealth.com] |
| **Sent:** | 1/12/2022 6:32:05 PM |
| **To:** | ▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| **Subject:** | Your MAYZENT (siponimod) Co-pay Program Information |

View in Your Browser



### Dear AYESHA ZULQARNAIN,

Thank you for enrolling in the MAYZENT Co-pay Program. You can now start saving with a co-pay as little as $0*. See below for your Co-pay Card.



The Co-pay Card is active and ready for use. Simply provide your Co-pay Card information to your specialty pharmacy when you fill your Mayzent prescription. In many cases, your pharmacy may already have the Co-pay Card information on file.

If you prefer to pay for your Mayzent prescription with your own form of payment, you may request reimbursement for the amount you spent, up to the Program?s annual limit. Receipts will be required.

**If you have any questions about reimbursement or the Co-pay Program, please call 1 877 MAYZENT (1 877-629-9368) and press option 5 for co-pay. We are here to help between 8:30 AM and 5:30 PM ET, Monday through Friday.**

Please click here for Important Product Information and Medication Guide.

Sincerely,

MAYZENT Patient Co-Pay Support

*This e-mail was sent from a notification e-mail address only, and cannot accept incoming e-mail. Please do not reply to this message.*

**\*Limitations apply.** Valid only for those with private insurance. The Program includes the Co-pay Card, Payment Card (if applicable), and Rebate, with a combined annual limit of $18,000. Patient is responsible for any costs once limit is reached in a calendar year. Program not valid (i) under Medicare, Medicaid, TRICARE, VA, DoD, or any other federal or state health care program, (ii) where patient is not using insurance coverage at all, or (iii) where the patient?s insurance plan reimburses for the entire cost of the drug. The value of this program is exclusively for the benefit of patients and is intended to be credited towards patient out-of- pocket obligations and maximums, including applicable co-payments,

coinsurance, and deductibles. Program is not valid where prohibited by law. Patient may not seek reimbursement for the value received from this program from other parties, including any health insurance program or plan, flexible spending account, or health care savings account. Patient is responsible for complying with any applicable limitations and requirements of their health plan related to the use of the Program. Valid only in the United States and Puerto Rico. This Program is not health insurance. Program may not be combined with any third-party rebate, coupon, or offer. Proof of purchase may be required. Novartis reserves the right to rescind, revoke, or amend the Program and discontinue support at any time without notice.

**Pharmacist Instructions:** Co-pay Card must be accompanied by a prescription for the product identified on card. Submit the claim to the primary Third-Party Payer first, then submit the balance due to Opus Health as a Secondary Payer COB (coordination of benefits) with patient responsibility amount and a valid Other Coverage Code (eg, 8). Third-Party Payer does not include prescription coupon providers.

When you process this card, you are certifying that you: (1) have not submitted and will not submit a claim for reimbursement under any federal, state, or other governmental programs for this prescription; (2) will comply with your obligations when processing the prescription for payment; and (3) agree to the program Terms and Conditions above.

For any questions regarding Opus Health claim processing, please call the Help Desk at 1-800-364-4767.

**IMPORTANT NOTICE:** This message is intended for the use of the person or entity to which it is addressed and may contain information that is personal and/or confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this information is STRICTLY PROHIBITED. If you received this message in error, please notify us immediately and destroy this message.

If you have any questions concerning e-mail or marketing communications from Novartis Pharmaceuticals Corporation. Please call 1-888-NOW-NOVA(l-888-669-6682), Monday-Friday, 8:30 AM-5:00 PM ET. For more information, please visit the **Novartis Pharmaceuticals Corporation Privacy Policy**.

**Privacy Policy | MAYZENT.com**

 **NOVARTIS**

**Novartis Pharmaceuticals Corporation**
East Hanover, New Jersey 07936-    © 2019 Novartis    3/19    T-AAF-1372234
1080

# EXHIBIT 17



February 16, 2024

Katherine Brisson
(212) 336-2552

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

    Re: **Request to Add Custodians**
      ***Johnson & Johnson Heath Care Systems Inc. v. Save On SP, LLC,***
      **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

    We write to request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians. Below, we provide additional details regarding the bases for our request.

    ***Jessica Johnson***: SaveOnSP's discovery responses, deposition testimony, and document productions confirm that Jessica Johnson's role includes ███████████████████████████████████████████████████████████████████████ In its supplemental response to Interrogatory No. 19, SaveOnSP ████████████████████████████████████████████████████████████████████. *See* Feb. 1, 2024 Supplemental Response to Interrogatory No. 19. Specifically, SaveOnSP explained that ████████████████████████████████████████████████████████████████████████. In her deposition, Ayesha Zulqarnain testified that ████████████████████████████████████████████. *See, e.g.*, Zulqarnain Deposition Tr. ("Zulqarnain Tr.") at 124:6–25. ████████████████████████████████████—it is likely that Ms. Johnson's custodial files are likely to contain unique files that are not contained within Ms. Zulqarnain's files.

    Moreover, SaveOnSP's document production reveals that ███████████████████████████████████████████████████████████████████████████████████████████ documentary evidence calls into question the accuracy of this statement. For example, in an email

Elizabeth Snow, Esq.
February 16, 2024
Page 2

from June 2022, ██████████████████████████████████████████████████
████████████████████████████████████ SOSP_0786252. In light of this evidence, JJHCS is entitled
to discovery from Ms. Johnson to assess the accuracy of SaveOnSP's sworn statements to date.

      Furthermore, Ms. Johnson's role in the billing department as a "Copay Assistance
Specialist" suggests that she possess documents relevant to this litigation. SaveOnSP's document
production indicates ████████████████████████████████████████████████████████████
█████. *See, e.g.*, SOSP_0615306 (████████████████████████████████); SOSP_0745757
██████████); SOSP_0760769 (████████████████████████████████████████t) in
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *See, e.g.*, SOSP_0506816; SOSP_0506822.
Based on this evidence, it is likely that Ms. Johnson's custodial files contain additional unique
documents related to the claims at issue in this litigation.

      ***Kelsey Leger***: In its response to JJHCS Interrogatory No. 19, SaveOnSP also
disclosed that ███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████ This suggests a gap in
SaveOnSP's document production, and collection of Ms. Leger's documents are likely to be non-
duplicative of other custodial documents that SaveOnSP has agreed to produce.

      ***Jenna Quinn***: SaveOnSP's document productions indicate that Ms. Quinn also
played a central role ██████████████████████████████████████████████████████████
██████████████████████████████████████. At her deposition, Ms. Zulqarnain testified
that ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████ *See, e.g.*, Zulqarnain
Tr. at 124:6–25. ██████████████████████████████. SOSP_0786252.
████████████████. *See, e.g.*, SOSP_0317828; SOSP_0384044. Based on this evidence, it is likely that
Ms. Quinn's custodial files contain additional documents related to the claims at issue in this
litigation.

      ***Ingrid Vazquez***: Ms. Zulqarnain's testimony and SaveOnSP's document
productions suggest that Ms. Vazquez ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████ *See, e.g.*, Zulqarnain Tr. at 71:12–15, 155:2–11;
SOSP_0676729;    SOSP_0683611;    SOSP_0213262;    SOSP_0400530;    SOSP_0426272;

Elizabeth Snow, Esq.
February 16, 2024
Page 3


SOSP_0431529.  In particular, this evidence suggests that Ms. Vazquez possesses documents related to SaveOnSP's █████████████████████████████████████████████
███████████████████████████████████████████████████

*     *     *     *

Please confirm that you will collect and review all relevant custodial files, including messages, hard drives, mobile devices, and personal email accounts, if applicable, for all four individuals identified above.  Please further confirm that such custodians will be added as "full" custodians—i.e., SaveOnSP will run all agreed upon search terms for the entire relevant period of April 1, 2016 to November 7, 2023.  *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow at Appendix 3.  Based on evidence that Ms. Zulqarnain used her personal email account ████████████████
████████████████████, it is likely that other SaveOnSP employees—specifically, Ms. Johnson and Ms. Leger—██████████████████████████████████████████████████████
████████████████████  *See, e.g.*, SOSP_0880855; SOSP_0880859; SOSP_0880861.  Please conduct a reasonable investigation into these four individuals' use of personal email accounts and confirm whether you will be collecting and producing emails from their personal accounts.

Please provide a response by February 23, 2024.

Very truly yours,


*/s/ Katherine Brisson*
Katherine Brisson

# EXHIBIT 18

**Long, Julia (x2878)**

| | |
|---|---|
| **From:** | Matthew Nussbaum <mnussbaum@selendygay.com> |
| **Sent:** | Wednesday, March 6, 2024 4:59 PM |
| **To:** | Brisson, Katherine (x2552); Meredith Nelson; Taylor Stone; Andrew Dunlap; Philippe Selendy; EWohlforth@rc.com; sgalli@rc.com; Elizabeth Snow |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); Arrow, Sara (x2031); Long, Julia (x2878); _cg J&J-SaveOn |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and Confer |

> *Caution: External Email!*

Katherine,

At the meet-and-confer, and in your subsequent email, J&J requested that SaveOn provide the total and de-duplicated hit counts for Ingrid Vazquez, Jenna Quinn, Kelsey Leger and Jessica Johnson.

The numbers provided in SaveOn's March 1, 2024 letter reflect those hit counts. If more than one of the four individuals appeared on a document, the document only counted toward the individual who would be designated the primary custodian of that document. Those numbers are: 29,613 for Ingrid Vazquez; 42,986 for Jenna Quinn; 99,103 for Kelsey Leger; and 64,665 for Jessica Johnson. The total additional documents to be reviewed if those four custodians were added is 236,367.

Finally, for the same reasons stated in SaveOn's March 1, 2024 letter, we decline to investigate the personal email accounts of the four proposed custodians.

Thank you,
Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his

+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Sent:** Monday, March 4, 2024 5:56 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Taylor Stone <tstone@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; EWohlforth@rc.com; sgalli@rc.com; Elizabeth Snow <esnow@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and Confer

Counsel:

We write to follow up on the meet and confer this morning during which we discussed, among other issues, JJHCS's request to add four SaveOnSP custodians (Jessica Johnson; Kelsey Leger; Jenna Quinn; and Ingrid Vazquez). You stated during the meet and confer that the hit counts that SaveOnSP provided in its March 1, 2024 letter were not "de-duplicated."  As such, they are not probative of the burden objections that you have raised. As we explained, to assess SaveOnSP's purported burdens, JJHCS requires de-duplicated hit counts for each of the four requested custodians, which you agreed to provide.  Please provide these hit counts, both individually and in the aggregate, by the close of business on March 6, 2024.

In addition, our February 16, 2024 letter requested that you conduct a reasonable investigation into these four individuals' use of personal email accounts to conduct SaveOnSP business. SaveOnSP's March 1, 2024 letter did not address this issue, nor did you provide any additional responsive information during our meet and confer.  By March 6, 2024, please let us know: (1) whether you have reasonably investigated these four individuals' use of email accounts; and (2) if not, the basis for SaveOnSP's refusal to do so.

Best,
Katherine

**Katherine Brisson**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
T:212.336.2552
**kbrisson@pbwt.com**

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# EXHIBIT 19



March 15, 2024

Katherine Brisson
(212) 336-2552

**By Email**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

    Re: **Request to Add Custodians**
      *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
      **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Matthew:

    We write in response to your March 8, 2024 email regarding JJHCS's request to add four custodians (Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez) and further to our correspondence regarding the same.

    Thank you for providing de-duplicated hit counts for the four custodians that JJHCS requested.  In previous correspondence and during the parties' March 4, 2024 meet and confer, we explained why we believe these four custodians have unique, relevant custodial files.  *See* Feb. 16, 2024 Ltr. from K. Brisson to E. Snow.  Specifically, as conceded in SaveOnSP's Interrogatory Responses and as disclosed in deposition testimony and SaveOnSP's document productions,

    In an effort to narrow the universe of responsive documents, we propose that SaveOnSP use the search terms listed in Appendix A.  Please let us know if you agree to run these terms.  If you do not agree, please provide hit counts for each requested custodian, both individually and in the aggregate, for each term.

    Please provide a response by March 22.

        Very truly yours,

        */s/Katherine Brisson*
        Katherine Brisson

**Appendix A**

| 1 | "don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) w/15 (SaveOn OR SaveOnSP OR SOSP OR Save On" OR manufacturer* OR mfgr* OR program) |
|---|---|
| 2 | (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| 3 | (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer* |
| 4 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |
| 5 | manufacturer* w/10 (maximizer* OR accumulator*) |
| 6 | (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable) |
| 7 | (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay") |
| 8 | (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| 9 | (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) AND enroll* |
| 10 | (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannssen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath OR "JCP") |
| 11 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/50 (J&J OR JNJ OR Johnson OR Janssen OR Jannssen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath OR "JCP") |
| 12 | (FirstView OR "First View") w/10 card |
| 13 | (FirstView OR "First View") AND (credit w/2 card) |
| 14 | ((two OR 2) w/2 card) AND (solution OR Stelara OR Tremfya) |

# EXHIBIT 20



www.pbwt.com

April 1, 2024

Katherine Brisson
(212) 336-2552

**By Email**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **Request to Add Custodians**
        ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
        **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Matthew:

We write in response to your April 1, 2024 letter regarding JJHCS's request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians and further to our correspondence regarding the same.

Suffice it to say, for reasons explained at length, we disagree with your assertion that the four requested custodians are unlikely to possess relevant documents. *See, e.g.*, March 15, 2024 Ltr. from K. Brisson to M. Nussbaum; Feb. 16, 2024 Ltr. from K. Brisson to E. Snow.

Thank you for providing hit counts for JJHCS's requested search terms. We have reviewed the hit counts and do not regard twelve of the fourteen proposed terms (specifically, Terms 1–3, 5–12, and 14) as presenting any undue burden.[1] Nevertheless, we understand that SaveOnSP refuses to run these terms. Please promptly advise us if this is incorrect. Otherwise, the parties are at impasse with respect to these search terms.

As to the remaining two terms (Terms 4 and 13), JJHCS is willing to consider narrowed terms in an effort to reduce the number of documents for review. Please advise whether you agree to run the proposed terms listed in Appendix A. If you do not, please provide (1) hit counts for each custodian, individually and in the aggregate, for each term, and (2) a counterproposal as to each term. If there are no set of terms that you would consider running to capture the documents and communications sought by these search terms, please say so.

---

[1] JJHCS refers to the search terms based on the order in which they appear on Exhibit 1 to SaveOnSP's April 1, 2024 letter.

Matthew Nussbaum, Esq.
April 1, 2024
Page 2

Please provide a response by April 5.

Very truly yours,

*/s/ Katherine Brisson*
Katherine Brisson

**Appendix A[2]**

| | |
|---|---|
| 1 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") |
| 2 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP") |
| 3 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat*) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") |
| 4 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif*) |
| 5 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*) |
| 6 | (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |

---

[2] When you provide the requested hit counts, please maintain the numbering of the search terms that appear in JJHCS's Appendix A to facilitate the conferral between the parties. Please also provide hit counts broken down by each requested custodian.

# EXHIBIT 21

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

███████████████

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

March 1, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:**  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Katherine,

We write in response to your February 16, 2024 letter in which you re-
quested SaveOn add four new document custodians. For the reasons that follow,
we decline to do so.

**Jessica Johnson and Kelsey Leger**: You ask that we add Jessica John-
son and Kelsey Leger as custodians because they were mentioned in SaveOn's re-
sponse to Interrogatory No. 19[1] and, for Johnson, because of her work related to
billing.

Your assert that because Johnson and Leger ████████████████
████████████████████████████████████ Such commu-
nications—even as mischaracterized by J&J—are irrelevant to this Action.

You also assert that Ayesha Zulqarnain ████████████████
████████████ In fact, Zulqarnain testified that ████████
████ Zulqarnain Dep. Tr. 124:9-16. She then ████████████

---

[1] J&J has previously taken the position that mere mention of an individual in
response to an interrogatory does not provide a basis for designating that
individual as a custodian. *See, e.g.*, Dkt. 165 at 19, 22, 25.

. Zulqarnain Dep. Tr. 124:25. ███████████████ She did not testify ████████████████

You also point to various documents showing that Johnson, as part of her role in the billing department, ████████████████████████████████████████ SaveOn has produced numerous documents concerning such patients, ████████████████████ J&J fails to explain what gap exists in this massive production, how Johnson's documents would fill it, or why Johnson is likely to have unique custodial documents not captured in the documents of the other 28 SaveOn custodians.

The addition of Johnson would add 65,665 documents for review; the addition of Leger would add 99,103 documents for review. J&J has failed to demonstrate the relevance of these employees' documents, much less a level of relevance justifying the substantial and undue burden of adding them as custodians.

**Jenna Quinn**: You assert that Jenna Quinn ██████████████████████



█████████████████████████████ This does not show that Quinn is likely to have unique responsive documents. You also point to three documents. ██████████████████████████████████████████████████████████████████████████████████████ None of this indicates that Quinn would possess unique relevant documents.

The addition of Quinn as a custodian would add 42,986 documents for review. J&J does not show that Quinn would possess unique relevant documents and cannot justify the substantial and undue burden of adding her as a custodian.

**Ingrid Vazquez**: You assert that Vazquez ████████████████████████████████████████████████████████████████████████████████████████ The evidence to which you point shows only that Vazquez worked in the billing department and carried out tasks consistent with that role. This does not establish that she is likely to have unique relevant documents.

The addition of Vazquez as a custodian would add 29,613 documents for review. J&J does not show that Vazquez would possess unique relevant documents and cannot justify the substantial and undue burden of adding her as a custodian.

We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# EXHIBIT 22

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

April 1, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Katherine,

We write in response to your March 15, 2024 letter regarding J&J's request that SaveOn add Jessica Johnson, Kelsey Leger, Jenna Quinn and Ingrid Vazquez as custodians.

As stated in our prior correspondence, *see* March 1, 2024 Ltr. from M. Nussbaum to K. Brisson, SaveOn declines J&J's request to add these individuals as custodians because they are unlikely to possess unique, relevant materials that have not already been produced and because the burden of adding them as custodians cannot be justified by whatever marginal relevance their documents may possess.

You state that these individuals are relevant because they were mentioned in SaveOn's Interrogatory Responses. *See* March 15, 2024 Ltr. from K. Brisson to M. Nussbaum. We disagree for the reasons stated in our March 1 letter. We also note that the relevance of the issues raised by those Interrogatories is currently the subject of a dispute before Judge Wolfson.

SaveOn provides as Exhibit 1 the requested hit counts for the search terms that J&J proposed for the four proposed custodians. Adding all terms for all four proposed custodians would require SaveOn to review an additional 192,043 documents, which would be unduly burdensome. We decline to do so.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# Exhibit 1

## Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) w/15 (SaveOn OR SaveOnSP OR SOSP OR "Save On" OR manufacturer* OR mfgr* OR program) | 2,554 | 5,611 | 1,514 |
| ((two OR 2) w/2 card) AND (solution OR Stelara OR Tremfya) | 90 | 458 | 14 |
| (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay") | 849 | 5,040 | 203 |
| (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/50 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 87,850 | 179,580 | 72,263 |
| (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | 1,666 | 4,791 | 564 |
| (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | 732 | 7,752 | 87 |
| (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer* | 27 | 76 | 0 |
| (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable) | 34 | 308 | 11 |
| (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) AND enroll* | 1,189 | 13,666 | 389 |
| (FirstView OR "First View") AND (credit w/2 card) | 61 | 80 | 20 |
| (FirstView OR "First View") w/10 card | 110 | 193 | 57 |
| (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 1,033 | 2,662 | 480 |

| | | | |
|---|---|---|---|
| (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) | 24,145 | 32,545 | 11,197 |
| manufacturer* w/10 (maximizer* OR accumulator*) | 164 | 669 | 3 |

# EXHIBIT 23

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy|Gay**

Amanda Miner
Associate
212.390.9313
aminer@selendygay.com

April 18, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Katherine,

We write in response to your April 1, 2024 letter regarding J&J's request that SaveOn add Jessica Johnson, Kelsey Leger, Jenna Quinn and Ingrid Vazquez as custodians.

With respect to Terms 1–3, 5–12, and 14, we disagree with your contention that reviewing documents hitting on these terms would not present an undue burden. SaveOn would have to review close to 30,000 new documents if these terms are included as is. This is unduly burdensome.

Moreover, many of these terms are overbroad. For example, using an "AND" instead of a proximity limiter in Terms 3, 6, and 9 is problematic, for the reasons Judge Wolfson acknowledged at the last discovery conference. *See, e.g.*, April 3, 2024 Hr'g Tr. at 81:21-85:10 (instructing the parties to meet and confer to add proximity limiters where "those search terms alone, not in any way modified by anything else, are too broad").

As to the remaining two terms (Terms 4 and 13), attached at Exhibit 1 are the hit counts for the revised search terms that J&J proposed in Exhibit A of its April 1, 2024 letter. Adding these terms for all four custodians would require SaveOn to review more than 150,000 new documents, which would be unduly burdensome. We decline to do so.

We are available to meet and confer.

Cassandra Deskus
April 18, 2024

Sincerely,

/s/ Amanda Miner

Amanda Miner
Associate

**Exhibit 1: Revised Terms 4 & 13 with Hit Counts**

| # | Proposed Term | Documents with Hits | Documents with hits, including group |
|---|---|---|---|
| 1 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 70,600 | 143,951 |
| 2 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP") | 29,973 | 43,406 |
| 3 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat*) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 73,118 | 147,731 |
| 4 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif*) | 21,096 | 25,134 |
| 5 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*) | 24,089 | 32,474 |
| 6 | (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) | 753 | 2,693 |