# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

May 21, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

On behalf of Save On SP LLC ("SaveOn"), we write to oppose Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "J&J")'s May 10, 2024 motion to compel.

J&J's motion is based on a series of inaccuracies. SaveOn did not refuse to add Kelsey Leger and Jessica Johnson as custodians, *contra* Mot. 5—SaveOn is doing so. SaveOn did not refuse to propose search terms for their documents, *contra* Mot. 8—J&J moved to compel while SaveOn was working on a search term proposal. And SaveOn does not refuse to propose terms tailored to the matters for which J&J says that Leger and Johnson are relevant, *contra* Mot. 8— SaveOn's proposed terms are designed to identify documents on those subjects.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | **rc.com**

Robinson & Cole LLP

Hon. Freda L. Wolfson

     J&J's motion is thus moot. J&J asks Your Honor to compel SaveOn to designate Leger and Johnson as custodians, Mot. 9—but SaveOn has done so. J&J asks Your Honor to compel SaveOn to propose a search protocol, *id.*—but SaveOn has done that too, outlined below and in Appendix 1, which it was crafting when J&J prematurely moved to compel.

     To the extent that J&J asks Your Honor to compel SaveOn to run additional terms, Your Honor should deny J&J's motion. J&J proposed 18 search terms. SaveOn is running six of them in full and another seven with modifications; it declines to run the other five. The terms that SaveOn did not accept in full suffer from multiple defects: (1) they are overbroad, using numerous generic terms that will pick up irrelevant documents and not using appropriate proximity connectors; (2) they are not practical, as SaveOn has produced over 100,000 documents that mention Leger, another 100,000 that mention Johnson, and nearly 60,000 that use a number of J&J's proposed terms, making it overwhelmingly likely that any documents identified in Leger's or Johnson's files would be cumulative of materials already produced; and (3) they return a gobsmackingly high number of new documents—136,097 in aggregate—which would be unduly burdensome to review.

     Your Honor should thus deny J&J's motion and allow SaveOn to use its proposed searches. If, after reviewing any relevant, non-privileged documents that come from SaveOn's review of Leger and Johnson's documents, J&J believes that there is a basis in the discovery record to propose additional searches, it can do so then—after properly meeting and conferring with SaveOn.

## **FACTUAL BACKGROUND**

     In mid-February 2024, J&J asked SaveOn to add four additional custodians—Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vasquez—who were mentioned in SaveOn's Supplemental Interrogatory responses. Ex. 1 (Feb. 16, 2024 Ltr. from K. Brisson to E. Snow). Relevant here, those responses stated that ██████████████████████████████████

Hon. Freda L. Wolfson

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████ Ex. 2 at 9-12 (SaveOn's February 1, 2024 Suppl. R&Os to

J&J's Interrogatories). The responses stated that ██████████████████████████████

██████████████████████████████████████████████

████████████████████ *id.*

J&J first asked SaveOn to add all four as "full custodians," such that SaveOn would run all

its search terms for entire relevant period over the documents of each one. Ex. 1 at 3. SaveOn

declined. As requested by J&J, SaveOn provided hit counts showing that this would require it to

review an aggregate 236,367 new documents. Ex. 3 at 3 (Mar. 4-8, 2024 Emails between M. Nuss-

baum and K. Brisson) ("99,103 for Kelsey Leger; and 64,665 for Jessica Johnson."). J&J then

proposed alternative search protocols: the first, for all four individuals, identified almost 200,000

new documents, Ex. 4 at 1 (Apr. 1, 2024 Ltr. from M. Nussbaum to K. Brisson); the second, also

for all four individuals, identified over 150,000 documents, Ex. 5 at 1 (April 18, 2024 Ltr. from A.

Miner to K. Brisson).

In declining J&J's last proposal, SaveOn stated it was available to meet and confer. *Id.*

J&J responded the next day, asking SaveOn to propose new search terms along with hit counts, or,

"[i]f there [were] no terms that [SaveOn] would consider running, [to] provide Save-On's availa-

bility to meet-and-confer." Ex. 6 at 2 (Apr. 19, 2024 Ltr. from K. Brisson to A. Miner). At no point

thereafter did SaveOn say that it refused to add Leger or Johnson as custodians or that it refused

to propose search protocols for their documents or that it refused to meet and confer. To the con-

trary, on April 29, 2024, SaveOn emailed J&J to say that it was working on response. Ex. 7 at 1

Hon. Freda L. Wolfson

(Apr. 29, 2024 Email from A. Miner to K. Brisson). Without receiving that response, and without

meeting and conferring as it had asked and SaveOn had offered, J&J moved to compel.

## ARGUMENT

J&J's motion is moot. SaveOn is adding Leger and Johnson as custodians and is running

reasonable search terms over their documents. To the extent that J&J asks Your Honor to compel

SaveOn to run broader terms, Your Honor should deny J&J's motion. Most of J&J's proposed

terms are highly unreasonable, while SaveOn's terms are tailored to the topics at issue.

## I.    J&J's Proposed Search Terms Are Overbroad, Impractical, and Burdensome

J&J's proposed terms—beyond those that SaveOn is already running—are overbroad, im-

practical, and unduly burdensome. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir.

1999) (noting "[t]he Federal Rules of Civil Procedure expressly allow a district court to … deny

discovery requests if the material sought is 'unreasonably cumulative'"); *The Raine Grp. v. Reign

Cap., LLC*, 2022 WL 538336, at *3-4 (S.D.N.Y. Feb. 22, 2022) ("[s]earch terms, while helpful,

must be carefully crafted" to avoid increasing "rather than minimiz[ing] the burden of locating

relevant and responsive" documents); *I-Med Pharma v. Biomatrix*, 2011 WL 6140658, at *3

(D.N.J. Dec. 9, 2011) (finding "that the overbroad search terms made the likelihood of finding

relevant information that would be admissible at trial 'minimal'").

### A.    J&J's Proposed Search Terms Are Not Appropriately Tailored

Discovery search terms must be tailored to identify documents relevant to issues. *See Reign

Cap., LLC*, 2022 WL 538336, at *4 (rejecting broad terms that were "incredibly broad and could

return many documents wholly irrelevant to [the] case;" ordering the propounding party to accept

modifiers); *United States v. Coburn*, 2022 WL 357217 at *10 (D.N.J. Feb. 1, 2022) (similar); *see

also generally Wahab v. N.J. Dep't of Envtl. Prot.*, 2018 WL 3105422, at *6 (D.N.J. June 25, 2018)

(denying discovery requests that are "overbroad" and "lack specificity", which suggest that the

4

Hon. Freda L. Wolfson

propounding party is on a fishing expedition), *aff'd Wahab v. N.J. Dep't of Envtl. Prot.*, 2018 WL 3630126 (D.N.J. July 31, 2018).

The two custodians at issue—Johnson and Leger—have limited relevance to this case. J&J's allegations focus on SaveOn's administration of a copay assistance benefit for its clients. *See, e.g.*, Compl. ¶¶ 3-5. J&J's claims are that SaveOn's communications with patients about this benefit were deceptive under GBL § 349 and tortiously interfered with CarePath's terms and conditions ("T&Cs"). Compl. ¶¶ 107-111, 113-17. J&J does not assert that Johnson or Leger said anything deceptive to patients or caused patients to breach the T&Cs. J&J has known of Johnson and Leger for well over a year but has not previously requested them as custodians.

J&J asserts that Johnson and Leger are relevant because Your Honor held that "any acts that Defendant employed to effectuate or implement the scheme" are relevant for discovery purposes, Mot. 6 (citing Ex. 8 at 8 n.4 (Apr. 10 Discovery Order)), and that the evidence shows that Johnson and Leger "regularly engage in manufacturer deception", Mot. 2. In fact, SaveOn's investigation and found that ██████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Ex. 2 at 10-12; Ex. 9 at 6-9 (SaveOn's Apr. 24, 2024 Suppl. R&Os to J&J's Interrogatories). SaveOn has reviewed over a million documents and produced over a quarter million, yet J&J points to only three showing ████████████████████████████████████████████████████ ██████████ consistent with SaveOn's finding that these were isolated incidents, not a wider practice. If Leger and Johnson really made such statements "regularly," there would be more than a smattering of such documents in the files of the existing custodians—but there is not. Most documents

Hon. Freda L. Wolfson

that J&J cites relate to Ayesha Zulqarnain, who is already a custodian, and those documents show

only that ███████████████████████████████████████ If Leger and Johnson

████████████████████████████████████████ Mot. 4, there would be numerous

documents about such discussions in her files (or in the roughly 100,000 already-produced docu-

ments that involve Leger and Johnson)—but there are not.

Because the discovery record here points to a limited number of false statements by Leger

and Johnson, the search terms that SaveOn uses to search their files should be tailored to identify

those few statements. J&J demanded that SaveOn run 18 search strings:

1. (("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot)
   w/15 (mention OR disclose OR say OR inform* OR divulge)) w/15 (SaveOn OR
   SaveOnSP OR SOSP OR "Save On" OR manufacturer* OR mfgr* OR program)

2. ((two OR 2) w/2 card) AND (solution OR Stelara OR Tremfya)

3. (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")

4. (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi)
   w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

5. (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution
   OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR
   Vertex OR Exelixis OR Takeda OR Sanofi)

6. (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR
   mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda
   OR Sanofi)

7. (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer*

8. (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance
   OR variable)

9. (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) AND enroll*

10. (FirstView OR "First View") AND (credit w/2 card)

11. (FirstView OR "First View") w/10 card

12. (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR
    "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen

Hon. Freda L. Wolfson

OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath OR "JCP")

13.    manufacturer* w/10 (maximizer* OR accumulator*)

14.    (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP")

15.    (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP")

16.    (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat*) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP")

17.    (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif*)

18.    (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*)

*See* Ex. 10 at 1, App'x A (Mar. 15, 2024 Ltr from K. Brisson (proposing fourteen terms)); Ex. 11 at 1, App'x A (Apr. 1, 2024 Ltr. from K. Brisson (proposing six "narrowed terms" for two previously proposed terms). SaveOn is running six of these in full and another seven with reasonable modifications, refusing five. *See* Section II, *infra*, and App'x 1. The terms that SaveOn will not run—either in their entirety or as proposed by J&J— are untailored to documents about Leger's and Johnson's █████████

*First*, J&J's proposed search strings include broad, generic terms that are highly likely to pick up irrelevant documents. *See Reign Cap., LLC*, 2022 WL 538336, at *3-4.

Hon. Freda L. Wolfson

For example, Term 18[1]—(manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*)—lists drug names along with versions of generic terms (maximizer, accumulator) and commonly used terms (modify, change) that are likely to pick up all kinds of discussions that have nothing to do with deceptive communications. Similarly, Term 4—(Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)—which largely duplicates Term 18, suffers from the same problem, employing versions of the commonly used term "reduce."

As another example, Terms 12, 14, 15, and 16 include the term "Johnson"—the name of a proposed custodian—which is highly likely to identify scads of documents involving Johnson (the person) that have nothing to do with J&J (the company). *See Coburn*, 2022 WL 357217 at *10 (finding proposed search terms "swe[pt] far more broadly than is justified" where they involved "first names and nicknames, or the country of India" which "would tend to yield vast numbers of documents that are irrelevant to the issue").

*Second*, J&J's search terms do not use appropriate connectors. *See I-Med Pharma*, 2011 WL 6140658, at *3 (considering, *inter alia*, whether the appropriate connectors, "'and', 'not', or 'near' are used to restrict the universe of possible results"); *see also* April 3, 2024 Hr'g Tr. at 81:21-85:10 (instructing the parties to confer regarding proximity limiters where "those search terms alone, not in any way modified by anything else, are too broad"); Dkt. 283 at 3 ("I have some concerns on the tightness or closeness of the word "adapt" to other relevant terms. In my view, at this time, w/50 may be overly broad.").

---

[1] The numbering used for the terms in this motion refer to the list starting on page 6, *infra*.

Hon. Freda L. Wolfson

In several proposed search strings, J&J proposes "AND" connectors where it should propose proximity connectors. For example, Term 3—(avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")—would pick up any document in which words commonly used in SaveOn's business (co-pay, co-insurance) appear anywhere in any document that also uses some form of the term "avoid", even if on an entirely irrelevant subject. Terms that are tailored to discussion of avoiding or concealing copays or coinsurance would seek documents with "avoid" and "conceal" terms close to "copay" or "coinsurance" terms.

For other search strings where J&J does propose proximity connectors, they are too broad. For example, Term 15—(call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP")—could easily pick up documents that discuss calls in one portion of the document and discuss J&J in another paragraph or section that is many words removed. Terms tailored to discussions of calls with or about J&J would place the "call" terms much closer to the "J&J" terms.

Most of J&J's proposed search strings are riddled with these defects, which are summarized, proposed term by proposed term, in Appendix 1. In that same Appendix, SaveOn sets forth the modified searches that it is running to address these overbreadth defects for seven terms, by dropping generic terms and/or introducing appropriate proximity connectors.

### B.    J&J's Proposed Search Terms Are Impractical

The Special Master should consider whether the number of new documents that J&J demands that SaveOn review is "practical[,]" given the needs of the case, including whether the results are likely to be cumulative of documents already produced. *See I-Med Pharma*, 2011 WL 6140658, at *3; *Robinson v. Horizon Blue Cross-Blue Shield of N.J.,* 2013 WL 6858956, at *6 (D.N.J. Dec. 23, 2013) (courts consider "the volume of discovery that plaintiff has already

9

Hon. Freda L. Wolfson

received" and if the requests are cumulative); *In re Merck & Co., Inc. Secs., Derivative & ERISA Litig.,* 2012 WL 4764589 at \*10 (D.N.J. Oct. 5, 2012) ("[A] voluminous prior production makes it considerably more likely that further discovery will be duplicative") (quoting *Jaffee Pension Plan v. Household Int'l, Inc.,* 2006 WL 3445742, at \* 5 (N.D. Ill. Nov. 22, 2006)).

To the extent that J&J's proposed search terms identify any relevant documents in Leger's or Johnson's files, they are highly likely to be cumulative of documents SaveOn has already produced. In its massive discovery efforts to date, SaveOn has reviewed over a million documents and produced more than 250,000 documents. In doing so, SaveOn has produced ***127,057 documents*** involving Leger and ***103,186 documents*** involving Johnson. If Leger or Johnson sent any written communications or created any documents about providing false information to drug manufacturers, it is overwhelmingly likely those materials would already have been collected and produced. SaveOn has also produced nearly ***60,000 documents*** that include one or more of the 18 terms that J&J asks it to run over Leger's and Johnson's files. If any of SaveOn's 13 custodians discussed anyone at the company providing false information to drug manufacturers, it is equally likely that those materials would have already been collected and produced. SaveOn further agrees to run thirteen of J&J's proposed terms in whole or in part over Leger's and Johnson's files, identifying thousands more documents that SaveOn will review. *See* App'x. 1. If any documents about Leger's and Johnson's false statements exist that somehow slipped through any narrow cracks in SaveOn's prior production, they are highly likely to be identified by SaveOn's proposed terms.

## C.    J&J's Proposed Search Terms Are Unduly Burdensome

The Court must limit the extent of discovery if it determines that the burden of the proposed discovery outweighs the likely benefit. *IQVIA, Inc. v. Veeva Sys., Inc.,* 2018 WL 4952595, at \*1 (D.N.J. Oct. 12, 2018) (citing Fed. R. Civ. P. 26(b)(2)(C)(3)); *Bayer AG*, 173 F. 3d at 191. In making this determination, courts consider "the importance of the discovery in resolving the issues

Hon. Freda L. Wolfson

at stake," *IQVIA, Inc.* 2018 WL 4952595, at *1, as well as the "breadth of the[] requests, the time, burden and expense" to the party resisting discovery and the Court, *Merck*, 2012 WL 4764589, at *9-10 (finding the burden of proposed discovery outweighed the benefit).

The proposed search strings in dispute—omitting the six that SaveOn agrees to run in full—would, in the aggregate, require SaveOn to review 122,388 additional unique documents.

Terms 1, 3, 4, 5, 6, 9, and 12 pick up an aggregate 24,737 new documents. Even were they tailored to the subject matter at issue (they are not), this would be too many. SaveOn proposes modified strings to address their overbreadth defects, *see* App'x 1, which also reduces their burden to an aggregate 1881 new documents.

Terms 14, 15, 16, 17, and 18 pick up an astronomical number of new documents. The volumes picked up by proposed each string—(14) 113,150; (15) 40,813; (16) 112,816; (17) 22,869; and (18) 28,393, respectively—are each patently unreasonable on their own. In aggregate, they identify an astounding 114,146 new documents. These reviews would take many months and cost millions or tens of millions of dollars. J&J cannot seriously argue that this would not be unduly burdensome, especially in light of SaveOn's massive and expensive document production to date.

## II.    SaveOn's Proposed Searches are Reasonable

In the interests of compromise, SaveOn proposes a reasonable alternative. Of J&J's 18 proposed search strings, SaveOn will run six in full. *See* App'x 1 (Terms 2, 7, 8, 10, 11, and 13). For another seven, SaveOn proposes reasonable modifications to remove generic terms and/or apply appropriate proximity limiters. *See* App'x 1 (Terms 1, 3, 4, 5, 6, 9, and 12). For example, for Term 1—("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) w/15 (mention OR disclose OR say OR inform* OR divulge) w/15 (SaveOn OR SaveOnSP OR SOSP OR Save On" OR manufacturer* OR mfgr* OR program)—SaveOn proposes to remove generic terms

Hon. Freda L. Wolfson

("manufacturer," "mfgr," "program") and replace the first "w/15" connector with a "w/5" con-nector, to better identify discussions where "don't" terms directly modify "mention" terms. This would reduce the volume of new documents identified by Term 1 from 6,484 to 1,169. These proposals are outlined in Appendix 1.

SaveOn declines to run Terms 14, 15, 16, 17, or 18. They combine generic terms (*e.g.,* "call," "contract," "talk," "manufacturer," "Johnson"), with unnecessarily loose limiters, each identifying many tens of thousands of documents that are highly likely to be irrelevant. None of them use terms targeted to find false statements—*e.g.*, "lie," "false," "misrepresent*," "dummy," "mock,"— present in other search strings that SaveOn will run. These terms are indefensible.

Your Honor should allow SaveOn to run the search strings that it proposes, *see* App'x 1, and deny any request by J&J to compel SaveOn to run additional strings. SaveOn will review the documents identified by those strings and produce any relevant, non-privileged documents. If, af-ter reviewing that production, J&J believes that the discovery record provides a basis for it to request additional searches, it should meet and confer with SaveOn. *See* L. Civ. R. 37.1(a)(1) (lit-igants in this District have an obligation to meet and confer to attempt to resolve discovery dis-putes).

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Hon. Freda L. Wolfson

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**Robinson+Cole**

## Appendix 1

| Aggregate Number of New Documents Requiring Review | |
|---|---|
| **J&J's Proposal** | 136,097 |
| **SaveOn's Proposal** | 2,917 |

| Term | J&J Proposal | SaveOn Proposal | Overbreadth/Proportionality | Burden |
|---|---|---|---|---|
| 1 | (("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) w/15 (mention OR disclose OR say OR inform* OR divulge)) w/15 (SaveOn OR SaveOnSP OR SOSP OR "Save On" OR manufacturer* OR mfgr* OR program) | (("don't" OR "not" OR all0wed OR never OR permit OR "can't" OR cannot) w/5 (mention OR disclose OR say OR inform* OR divulge)) w/10 (SaveOn OR SaveOnSP OR SOSP OR "Save On" OR manufacturer* OR mfgr* OR program)  SaveOn notes that J&J's proposal included syntax errors, which SaveOn fixed to run this search. | This term is not narrowly tailored to identify documents in which custodians say they cannot mention SaveOn. *First*, the terms "manufacturer" and "mfgr" and "program" are not tethered to discussions of SaveOn; J&J is looking for instances of custodians hiding their identities as to SaveOn, not instances of not mentioning other topics (*e.g.*, not revealing personal health information). *Second*, the connectors between the "don't" and the "mention" terms are too far apart. J&J is looking for conversations in which the "don't" terms modify the "mention" terms, which typically happen very close together (*e.g.*, don't mention it). Placing them fifteen words apart increases the chances of documents in which the "don't" terms refer to something else. | J&J's proposal would require review of 6,484 new documents.  SaveOn's proposal would require review of 1,169 new documents. |
| 2 | ((two OR 2) w/2 card) AND (solution OR Stelara OR Tremfya) | SaveOn Accepts J&J's Proposed Term 2. | -- | -- |

Hon. Freda L. Wolfson

| Term | J&J Proposal | SaveOn Proposal | Overbreadth/Proportionality | Burden |
|------|-------------|-----------------|------------------------------|--------|
| 3 | (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay") | (avoid* OR conceal*) ~~AND w/15~~ (co-insurance OR variable OR copay OR "co-pay") | This term is not narrowly tailored to identify documents in which custodians discuss concealing or avoiding copays. Using AND instead of a proximity limiter would pick up any document in which words commonly used in SaveOn's business—co-pay or co-insurance—appear anywhere in any document that also uses some form of "avoid," even if that term was discussing irrelevant subjects. J&J is looking for conversations in which the "conceal" and "avoid" terms modify the "co-pay" and "co-insurance" terms, which typically happens very close together (*e.g.*, avoid paying the higher co-pay). Additionally, SaveOn agrees to run Term 8, which uses many of the words included in this term. | J&J's proposal would require review of 3,708 new documents.<br><br>SaveOn's proposal would require review of 45 new documents. |
| 4 | (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) | (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) ~~w/15~~ ((maximizer* OR accumulator*) ~~OR~~ AND (reduce* OR modif* OR change*)) | This term is not narrowly tailored to identify documents where custodians discuss the deceptive methods they purportedly employed. *First*, OR is not appropriate connecter between the "accumulator" and "reduce" terms; J&J purports to seek documents where SaveOn discusses manufacturer changes related to accumulators or maximizers, not any discussion of a manufacturer and a maximizer or accumulator generally. *Second*, the connectors between the "Biogen" and "maximizer" terms are too far apart. J&J is looking for conversations in which the "Biogen" terms modify the "maximizer terms," which typically happens close together (*e.g.*, Biogen changed policy for maximizers). Placing them twenty-five words apart increases the chances of picking up documents where the "maximizer" terms refer to something else. | J&J's proposal would require review of 2,134 new documents.<br><br>SaveOn's proposal would require review of 3 new documents. |
| 5 | (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | (counter* OR strateg* OR "course correct" OR "bypass" ~~OR respon*~~ OR solution OR solv*) **W/15** (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | This term is not narrowly tailored to identify documents where custodians discuss the deceptive methods they purportedly employed. *First*, the term "respond" w/15 of the "manufacturer" terms is not tethered to any purported "evasion" and would bring in any discussions of any kind of response to a manufacturer, not limited to SaveOn. *Second*, the connectors between the "counter" and the "manufacturer" terms are too far apart. J&J is looking for conversations where the "counter" terms modify the "manufacturer" terms, which typically happens close together (*e.g.*, we will counter the manufacturers' changes). Placing them twenty-five words apart increases the chances of picking up documents in which the "counter" terms refer to something else. | J&J's proposal would require review of 2,493 new documents.<br><br>SaveOn's proposal would require review of 2 new documents. |

Hon. Freda L. Wolfson

| Term | J&J Proposal | SaveOn Proposal | Overbreadth/Proportionality | Burden |
|------|-------------|-----------------|----------------------------|--------|
| 6 | (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | (detect* OR evade* OR avoid* OR hide OR conceal*) ~~AND~~ w/15 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | This term is not narrowly tailored to identify documents in which custodians discuss detecting, evading, avoiding, hiding or concealing anything from manufacturers. Using AND instead of a proximity limiter would pick up any document in which generic words commonly used in SaveOn's business like "manufacturer" or "mfgr" appear anywhere in a document that also has some form of the word "avoid," even if it discusses entirely irrelevant subjects. J&J is looking for conversations in which the "detect" and "avoid" terms modify the manufacturer" terms, which typically happens very close together (*e.g.*, I concealed my identity from Biogen). Additionally, SaveOn agrees to run term 7, which will hit on many of the potentially relevant documents sought by this term. | J&J's proposal would require review of 5,909 new documents.<br><br>SaveOn's proposal would require review of 35 new documents. |
| 7 | (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer* | SaveOn Accepts J&J's Proposed Term 7. | -- | -- |
| 8 | (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable) | SaveOn Accepts J&J's Proposed Term 8. | -- | -- |
| 9 | (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) AND enroll* | (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) ~~AND~~ **w/15** enroll* | This term is not narrowly tailored to identify documents in which custodians are actually engaging in mock enrollments. Using AND instead of a proximity limiter would pick up any document in which "enroll"—a generic word used all the time in SaveOn's business—appears in any document that also has some form of the "dummy" or "truth" terms, even if those terms were discussing entirely irrelevant subjects. J&J is looking for conversations in which the words "dummy" or "false" modify "enroll," which should appear close to each other. | J&J's proposal would require review of 10,986 new documents.<br><br>SaveOn's proposal would require review of 512 new documents. |
| 10 | (FirstView OR "First View") AND (credit w/2 card) | SaveOn Accepts J&J's Proposed Term 10. | -- | -- |

Hon. Freda L. Wolfson

| Term | J&J Proposal | SaveOn Proposal | Overbreadth/Proportionality | Burden |
|---|---|---|---|---|
| 11 | (FirstView OR "First View") w/10 card | SaveOn Accepts J&J's Proposed Term 11. | -- | -- |
| 12 | (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") | (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/20 (J&J OR JnJ OR ~~John-son~~ OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR ~~CPA~~ OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") | This term is not narrowly tailored to identify documents in which custodians discuss lying or misrepresenting anything to J&J. *First*, the connectors between the "lie" terms and the "J&J" terms are too far apart; using w/50 instead of a narrower proximity limiter is overly broad, as recognized by Your Honor in other contexts. Dkt. 283 at 3. J&J is looking for conversations in which the "lie" terms modify the "J&J terms," which typically occurs very close together. Placing them fifty words apart increases the chances of documents in which the "lie" terms refer to something else. *Second*, this is especially true where, as here, the J&J terms include generic terms that go too far, like "Johnson" (which would bring in irrelevant documents that Jessica Johnson happened to be on) or "CPA" (a generic accounting term). *See Coburn*, 2022 WL 357217 at *10. | J&J's proposal would require review of 1,660 new documents.<br><br>SaveOn's proposal would require review of 247 new documents. |
| 13 | manufacturer* w/10 (maximizer* OR accumulator*) | SaveOn Accepts J&J's Proposed Term 14. | -- | -- |
| 14 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | SaveOn declines to run this term.<br><br>SaveOn notes that J&J's proposal did not include an OR between chat* and (obtain* w/2 info*), but assumes here that J&J intended an OR. | This term is not narrowly tailored because the terms "call" or "contract" or "speak" w/25 of generic words like "co-pay assistance" could pick up huge numbers of documents about calls regarding copay assistance that have nothing to do with false statements or with J&J. Even using such "call" terms next to "J&J" terms is not tailored to identify any such calls that involve false statements, as it lacks any terms regarding deception (e.g., "lie," fake," "dummy"). The term also includes generic terms like "Johnson" (which would bring in irrelevant documents that Jessica Johnson happened to be on) or "CPA" (a generic accounting term). *See Coburn*, 2022 WL 357217 at *10. | J&J's proposal would require review of 113,150 new documents. |

4

Hon. Freda L. Wolfson

| Term | J&J Proposal | SaveOn Proposal | Overbreadth/Proportionality | Burden |
|------|--------------|-----------------|------------------------------|--------|
| 15 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* OR (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP") | SaveOn declines to run this term.<br><br>SaveOn also notes that J&J's proposal did not include an OR between chat* and (obtain* w/2 info*), but assumes here that J&J intended an OR. | This term is not narrowly tailored because the terms "call" or "contract" or "speak" w/25 of "J&J" terms is not narrowly tailored to identify any such calls that involve false statements, as it lacks any terms regarding deception (e.g., "lie," fake," "dummy"). The term also includes generic terms that go too far, like "Johnson" (which would bring in irrelevant documents that Jessica Johnson or others with the same name happened to be on). *See Coburn*, 2022 WL 357217 at *10. | J&J's proposal would require review of 40,813 new documents. |
| 16 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat*) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | SaveOn declines to run this term. | This term is not narrowly tailored because the terms "call" or "contract" or "speak" w/25 of generic words like "co-pay assistance" could pick up huge numbers of documents about calls regarding copay assistance that have nothing to do with false statements or with J&J. Even using such "call" terms next to "J&J" terms is not tailored to identify any such calls that involve false statements, as it lacks any terms regarding deception (e.g., "lie," fake," "dummy"). The term also includes generic terms like "Johnson" (which would bring in irrelevant documents that Jessica Johnson happened to be on) or "CPA" (a generic accounting term). *See Coburn*, 2022 WL 357217 at *10. | J&J's proposal would require review of 112,816 new documents. |
| 17 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif*) | SaveOn declines to run this term. | This term is not narrowly tailored to identify documents in which custodians say they cannot mention SaveOn or where custodians discuss the deceptive methods they purportedly employed. The term is entirely generic, aiming at any discussion of maximizers or accumulators or any reduction or modification to anything. This is not tailored to capture instances where Johnson or Leger used false information when calling manufacturers or employed purportedly deceptive measures. SaveOn's proposed terms 4 and 6 also include many terms included within Term 17. | J&J's proposal would require review of 22,869 new documents. |

Hon. Freda L. Wolfson

| Term | J&J Proposal | SaveOn Proposal | Overbreadth/Proportionality | Burden |
|------|-------------|-----------------|----------------------------|--------|
| 18 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*) | SaveOn declines to run this term. | This term is not narrowly tailored to identify documents in which custodians say they cannot mention SaveOn or where custodians discuss the deceptive methods they purportedly employed. The term is entirely generic, aiming at any discussion of maximizers or accumulators or any change or modification to anything. This is not tailored to capture instances where Johnson or Leger used false information when calling manufacturers or employed purportedly deceptive measures. SaveOn's proposed terms 4 and 6 also include many terms included within Term 18. | J&J's proposal would require review of 28,393 new documents. |

6

# Exhibit 1



February 16, 2024

Katherine Brisson
(212) 336-2552

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:  **Request to Add Custodians**
> *Johnson & Johnson Heath Care Systems Inc. v. Save On SP, LLC,*
> **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write to request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians.  Below, we provide additional details regarding the bases for our request.

_**Jessica Johnson**_:  SaveOnSP's discovery responses, deposition testimony, and document productions confirm that Jessica Johnson's role includes ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  *See* Feb. 1, 2024 Supplemental Response to Interrogatory No. 19.  Specifically, SaveOnSP explained that ████████████████████████████████████████████████████████████████████████████████████.  In her deposition, Ayesha Zulqarnain testified that ██████████████████████████████████.  *See, e.g.*, Zulqarnain Deposition Tr. ("Zulqarnain Tr.") at 124:6–25. █████████████████████████—it is likely that Ms. Johnson's custodial files are likely to contain unique files that are not contained within Ms. Zulqarnain's files.

Moreover, SaveOnSP's document production reveals that ████████████████████████████████████████████ documentary evidence calls into question the accuracy of this statement.  For example, in an email

Elizabeth Snow, Esq.
February 16, 2024
Page 2

from June 2022, ████████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████  SOSP_0786252.  In light of this evidence, JJHCS is entitled
to discovery from Ms. Johnson to assess the accuracy of SaveOnSP's sworn statements to date.

    Furthermore, Ms. Johnson's role in the billing department as a "Copay Assistance
Specialist" suggests that she possess documents relevant to this litigation.  SaveOnSP's document
production indicates that ████████████████████████████████████████████████
███████████████  *See, e.g.*, SOSP_0615306 (████████████████████████); SOSP_0745757
(█████████████████████); SOSP_0760769 (███████████████████████  in
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████  *See, e.g.*, SOSP_0506816; SOSP_0506822.
Based on this evidence, it is likely that Ms. Johnson's custodial files contain additional unique
documents related to the claims at issue in this litigation.

    **_Kelsey Leger_**:  In its response to JJHCS Interrogatory No. 19, SaveOnSP also
disclosed that ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████  This suggests a gap in
SaveOnSP's document production, and collection of Ms. Leger's documents are likely to be non-
duplicative of other custodial documents that SaveOnSP has agreed to produce.

    **_Jenna Quinn_**:  SaveOnSP's document productions indicate that Ms. Quinn also
played a central role ████████████████████████████████████████████
█████████████████████  At her deposition, Ms. Zulqarnain testified
that █████████████████████████████████████████████████████████
███████████████████████████████  *See, e.g.*, Zulqarnain
Tr. at 124:6–25. ████████████████████████████████████████
████████████████  SOSP_0786252.  SaveOnSP's document production also
demonstrates that ████████████████████████████████████████████
█████████████  *See, e.g.*, SOSP_0317828; SOSP_0384044.  Based on this evidence, it is likely that
Ms. Quinn's custodial files contain additional documents related to the claims at issue in this
litigation.

    **_Ingrid Vazquez_**:  Ms. Zulqarnain's testimony and SaveOnSP's document
productions suggest that ███████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████  *See, e.g.*, Zulqarnain Tr. at  71:12–15,  155:2–11;
SOSP_0676729;   SOSP_0683611;   SOSP_0213262;   SOSP_0400530;   SOSP_0426272;

Elizabeth Snow, Esq.
February 16, 2024
Page 3


SOSP_0431529.  In particular, this evidence suggests that Ms. Vazquez possesses documents related to SaveOnSP's ███████████████████████████████████████████████████████

*       *       *       *

Please confirm that you will collect and review all relevant custodial files, including messages, hard drives, mobile devices, and personal email accounts, if applicable, for all four individuals identified above.  Please further confirm that such custodians will be added as "full" custodians—i.e., SaveOnSP will run all agreed upon search terms for the entire relevant period of April 1, 2016 to November 7, 2023.  *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow at Appendix 3.  Based on evidence that Ms. Zulqarnain used her personal email account ████████████████████████████████████████, it is likely that other SaveOnSP employees—specifically, Ms. Johnson and Ms. Leger—██████████████████████████████████████  ████████████████  ███████████████  *See, e.g.*, SOSP_0880855; SOSP_0880859; SOSP_0880861.  Please conduct a reasonable investigation into these four individuals' use of personal email accounts and confirm whether you will be collecting and producing emails from their personal accounts.

Please provide a response by February 23, 2024.

Very truly yours,


*/s/ Katherine Brisson*
Katherine Brisson

# Exhibit 2

E. Evans Wohlforth, Jr., Esq.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON<br>HEALTH CARE SYSTEMS INC.,<br><br>            Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>            Defendant. | Civ. A. No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S SUPPLEMENTAL<br>RESPONSES AND OBJECTIONS TO<br>PLAINTIFF'S INTERROGATORIES** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 10, 17, and 19, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## GENERAL OBJECTIONS

1.      JJHCS does not limit any of its Interrogatories to nonprivileged material. SaveOnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2.      JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks

2

disclosure of information that is not within SaveOnSP's possession, custody, or control that Save-

OnSP can locate after a reasonable inquiry.

## **OBJECTIONS TO DEFINITIONS**

3.      SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and ac-

countants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP inter-

prets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, and all persons or entities acting or purporting

to act on behalf or under the control of SaveOnSP, LLC.

4.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-

plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-

inition.

5.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it

objects to the definition of "SaveOnSP."

6.      SaveOnSP objects to the term "or other substance" in the definition of "Pharma-

ceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceuti-

cal Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or

distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diag-

nosis of any illness, disease, disorder, or other condition.

## **OBJECTIONS TO INSTRUCTIONS**

1.      SaveOnSP objects to Instruction No. 23 in Plaintiff's First Set of Interrogatories to

the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by

the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

2.      SaveOnSP objects to Instruction No. 24 in Plaintiff's First Set of Interrogatories to the extent it purports to require SaveOnSP to answer Plaintiff's Interrogatories based on knowledge obtained from all available sources. SaveOnSP will answer Plaintiff's Interrogatories based on information in its possession, custody, and control available to it following a reasonable inquiry.

3.      SaveOnSP objects to Instruction No. 25 in Plaintiff's First Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

4.      SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS.

5.      SaveOnSP objects to Instruction No. 24 in Plaintiff's Second Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

6.      SaveOnSP objects to Instruction No. 25 in Plaintiff's Second Set of Interrogatories to the extent it purports to require Save-OnSP to answer Plaintiff's Interrogatories based on knowledge obtained from all available sources. SaveOnSP will answer Plaintiff's Interrogatories based on information in its possession, custody, and control available to it following a reasonable inquiry.

7.      SaveOnSP objects to Instruction No. 26 in Plaintiff's Second Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

8.      SaveOnSP objects to Instruction No. 16 in Plaintiff's Third Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

9.      SaveOnSP objects to Instruction No. 17 in Plaintiff's Third Set of Interrogatories to the extent it purports to require SaveOnSP to answer Plaintiff's Interrogatories based on knowledge obtained from all available sources. SaveOnSP will answer Plaintiff's Interrogatories based on information in its possession, custody, and control available to it following a reasonable inquiry.

10.      SaveOnSP objects to Instruction No. 18 in Plaintiff's Third Set of Interrogatories to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

11.      SaveOnSP objects to Instruction No. 19 in Plaintiff's Third Set of Interrogatories because it attempts to require SaveOnSP to provide information that is irrelevant to the claims and defenses in this action. SaveOnSP will provide information on its interactions with JJHCS and on its general business practices applicable to multiple Pharmaceutical Manufacturers that include such practices applicable to JJHCS.

Dated:  February 1, 2024                    By:  /s/ E. Evans Wohlforth, Jr.
                                            E. Evans Wohlforth, Jr.
                                            ROBINSON & COLE LLP
                                            666 Third Avenue, 20th Floor
                                            New York, NY 10017-4132
                                            Main (212) 451-2900
                                            Fax (212) 451-2999
                                            ewohlforth@rc.com

                                            Andrew R. Dunlap

Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP,
LLC*

## SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as discussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 10:**

For each Plan Member who declined to participate in the SaveOnSP Program in connection with their purchase of Janssen medication, identify how much each one paid for each prescription of Janssen medication that he or she filled after he or she declined to participate in the SaveOnSP Program.

**RESPONSE:**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████

█████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ SaveOn will mark this list as

"Attorneys' Eyes Only – Confidential Health Information."

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 19:**

Describe, in as much detail as possible, all instances where and all circumstances under which You have lied to, misled, or deceived Pharmaceutical Manufacturers, including all instances in which Your representatives or employees have misrepresented their identities or concealed their affiliation with SaveOnSP when communicating with Pharmaceutical Manufacturers.

**RESPONSE:**





SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

# Exhibit 3

**From:** Matthew Nussbaum
**Sent:** Friday, March 8, 2024 5:44 PM
**To:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>; Meredith Nelson
<mnelson@selendygay.com>; Taylor Stone <tstone@selendygay.com>; Andrew Dunlap
<adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; EWohlforth@rc.com;
sgalli@rc.com; Elizabeth Snow <esnow@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;
LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and
Confer

Katherine,

SaveOn confirms that the hit counts provided in the March 1 letter, and repeated in the March
6 email, represent de-duplicated hit counts.

The total, 236,367, is inclusive of families. Without families, the total across the four
custodians is 95,508. Broken down by individual, without families, the document hits are
17,598 for Jessica Johnson, 48,020 for Kelsey Leger, 16,861 for Jenna Quinn and 13,029 for
Ingrid Vazquez.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
------------------------------------------------

+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Sent:** Wednesday, March 6, 2024 7:40 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Meredith Nelson
<mnelson@selendygay.com>; Taylor Stone <tstone@selendygay.com>; Andrew Dunlap
<adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; EWohlforth@rc.com;
sgalli@rc.com; Elizabeth Snow <esnow@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;
LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and
Confer

Matt,

Thank you for response.  During the March 4 meet and confer, we had understood you to say clearly
that the hit counts provided in your March 1 letter were not de-duplicated.  We understand you to
be taking the opposite position in your email below.  For the avoidance of doubt, please confirm that
the hit counts provided in your March 1 letter, and repeated in your March 6 email, represent de-
duplicated hit counts.

Furthermore, we asked you to provide hit counts individually and in the aggregate, as has been the
parties' practice in this case.  As you know, "individually and in the aggregate" refers to standalone
hit counts and family complete hit counts.  Your March 6 email does not provide this information.
 Consistent with your representation during the March 4 meet and confer that you would provide
such hit counts, please promptly provide the number of documents that hit on the parties' agreed-
upon search terms both individually and in the aggregate for each of the four requested custodians.

Best,
Katherine

**Katherine Brisson**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
T:212.336.2552
**kbrisson@pbwt.com**

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Wednesday, March 6, 2024 4:59 PM
**To:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>; Meredith Nelson
<mnelson@selendygay.com>; Taylor Stone <tstone@selendygay.com>; Andrew Dunlap
<adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; EWohlforth@rc.com;

sgalli@rc.com; Elizabeth Snow <esnow@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;
LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and
Confer

🟨*Caution: External Email!*🟨

Katherine,

At the meet-and-confer, and in your subsequent email, J&J requested that SaveOn provide the
total and de-duplicated hit counts for Ingrid Vazquez, Jenna Quinn, Kelsey Leger and Jessica
Johnson.

The numbers provided in SaveOn's March 1, 2024 letter reflect those hit counts. If more than
one of the four individuals appeared on a document, the document only counted toward the
individual who would be designated the primary custodian of that document. Those numbers
are: 29,613 for Ingrid Vazquez; 42,986 for Jenna Quinn; 99,103 for Kelsey Leger; and 64,665 for
Jessica Johnson. The total additional documents to be reviewed if those four custodians were
added is 236,367.
Finally, for the same reasons stated in SaveOn's March 1, 2024 letter, we decline to investigate
the personal email accounts of the four proposed custodians.

Thank you,
Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
------------------------------------------------
+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Sent:** Monday, March 4, 2024 5:56 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Taylor Stone <tstone@selendygay.com>;
Matthew Nussbaum <mnussbaum@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Philippe Selendy <pselendy@selendygay.com>; EWohlforth@rc.com; sgalli@rc.com; Elizabeth Snow
<esnow@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;

LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and Confer

Counsel:

We write to follow up on the meet and confer this morning during which we discussed, among other issues, JJHCS's request to add four SaveOnSP custodians (Jessica Johnson; Kelsey Leger; Jenna Quinn; and Ingrid Vazquez). You stated during the meet and confer that the hit counts that SaveOnSP provided in its March 1, 2024 letter were not "de-duplicated."  As such, they are not probative of the burden objections that you have raised. As we explained, to assess SaveOnSP's purported burdens, JJHCS requires de-duplicated hit counts for each of the four requested custodians, which you agreed to provide.  Please provide these hit counts, both individually and in the aggregate, by the close of business on March 6, 2024.

In addition, our February 16, 2024 letter requested that you conduct a reasonable investigation into these four individuals' use of personal email accounts to conduct SaveOnSP business. SaveOnSP's March 1, 2024 letter did not address this issue, nor did you provide any additional responsive information during our meet and confer.  By March 6, 2024, please let us know: (1) whether you have reasonably investigated these four individuals' use of email accounts; and (2) if not, the basis for SaveOnSP's refusal to do so.

Best,
Katherine

**Katherine Brisson**
She | Her | Hers
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
T:212.336.2552
**kbrisson@pbwt.com**

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not

the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibit 4

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy|Gay**

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

April 1, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:     *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Katherine,

We write in response to your March 15, 2024 letter regarding J&J's request that SaveOn add Jessica Johnson, Kelsey Leger, Jenna Quinn and Ingrid Vazquez as custodians.

As stated in our prior correspondence, *see* March 1, 2024 Ltr. from M. Nussbaum to K. Brisson, SaveOn declines J&J's request to add these individuals as custodians because they are unlikely to possess unique, relevant materials that have not already been produced and because the burden of adding them as custodians cannot be justified by whatever marginal relevance their documents may possess.

You state that these individuals are relevant because they were mentioned in SaveOn's Interrogatory Responses. *See* March 15, 2024 Ltr. from K. Brisson to M. Nussbaum. We disagree for the reasons stated in our March 1 letter. We also note that the relevance of the issues raised by those Interrogatories is currently the subject of a dispute before Judge Wolfson.

SaveOn provides as Exhibit 1 the requested hit counts for the search terms that J&J proposed for the four proposed custodians. Adding all terms for all four proposed custodians would require SaveOn to review an additional 192,043 documents, which would be unduly burdensome. We decline to do so.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# Exhibit 1

## Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) w/15 (SaveOn OR SaveOnSP OR SOSP OR "Save On" OR manufacturer* OR mfgr* OR program) | 2,554 | 5,611 | 1,514 |
| ((two OR 2) w/2 card) AND (solution OR Stelara OR Tremfya) | 90 | 458 | 14 |
| (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay") | 849 | 5,040 | 203 |
| (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/50 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 87,850 | 179,580 | 72,263 |
| (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | 1,666 | 4,791 | 564 |
| (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) | 732 | 7,752 | 87 |
| (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer* | 27 | 76 | 0 |
| (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable) | 34 | 308 | 11 |
| (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) AND enroll* | 1,189 | 13,666 | 389 |
| (FirstView OR "First View") AND (credit w/2 card) | 61 | 80 | 20 |
| (FirstView OR "First View") w/10 card | 110 | 193 | 57 |
| (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 1,033 | 2,662 | 480 |

| | | | |
|---|---|---|---|
| (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) | 24,145 | 32,545 | 11,197 |
| manufacturer* w/10 (maximizer* OR accumulator*) | 164 | 669 | 3 |

# Exhibit 5

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Amanda Miner
Associate
212.390.9313
aminer@selendygay.com

April 18, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Katherine,

We write in response to your April 1, 2024 letter regarding J&J's request that SaveOn add Jessica Johnson, Kelsey Leger, Jenna Quinn and Ingrid Vazquez as custodians.

With respect to Terms 1–3, 5–12, and 14, we disagree with your contention that reviewing documents hitting on these terms would not present an undue burden. SaveOn would have to review close to 30,000 new documents if these terms are included as is. This is unduly burdensome.

Moreover, many of these terms are overbroad. For example, using an "AND" instead of a proximity limiter in Terms 3, 6, and 9 is problematic, for the reasons Judge Wolfson acknowledged at the last discovery conference. *See, e.g.*, April 3, 2024 Hr'g Tr. at 81:21-85:10 (instructing the parties to meet and confer to add proximity limiters where "those search terms alone, not in any way modified by anything else, are too broad").

As to the remaining two terms (Terms 4 and 13), attached at Exhibit 1 are the hit counts for the revised search terms that J&J proposed in Exhibit A of its April 1, 2024 letter. Adding these terms for all four custodians would require SaveOn to review more than 150,000 new documents, which would be unduly burdensome. We decline to do so.

We are available to meet and confer.

Cassandra Deskus
April 18, 2024

Sincerely,

/s/ Amanda Miner

Amanda Miner
Associate

**Exhibit 1: Revised Terms 4 & 13 with Hit Counts**

| # | Proposed Term | Documents with Hits | Documents with hits, including group |
|---|---|---|---|
| 1 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 70,600 | 143,951 |
| 2 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP") | 29,973 | 43,406 |
| 3 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat*) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") | 73,118 | 147,731 |
| 4 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif*) | 21,096 | 25,134 |
| 5 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*) | 24,089 | 32,474 |
| 6 | (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) | 753 | 2,693 |

# Exhibit 6



www.pbwt.com

April 19, 2024

Katherine Brisson
(212) 336-2552

<u>**By Email**</u>

Amanda Miner, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **Request to Add Custodians**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
**Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Amanda:

      We write in response to your April 18, 2024 letter regarding JJHCS's request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians and further to our correspondence regarding the same.

      As you know, we have requested that SaveOnSP add these four custodians on the basis that they are likely to possess highly relevant documents concerning SaveOnSP's scheme of deception and evasion. *See generally* Feb. 16, 2024 Ltr. from K. Brisson to E. Snow (detailing at length how the proposed custodians have engaged ███████████████████████████████████████████████████████████████████). In our correspondence regarding this request, you have stated that the custodians at issue are not relevant because their "████████████████████████████████ in their communications with J&J" are "irrelevant to this Action." *See* Mar. 1, 2024 Ltr. from M. Nussbaum to K. Brisson at 1. You have also refused to designate these individuals as custodians on the basis that Interrogatories 17 and 19, which request information concerning SaveOnSP's deceptive conduct and specifically identify Ms. Johnson's and Ms. Leger's conduct as responsive, are the "subject of a dispute before Judge Wolfson." *See* Apr. 1, 2024 Ltr. from M. Nussbaum to K. Brisson at 1.

      As you know, Judge Wolfson has now categorically rejected both arguments. First, Judge Wolfson determined that JJHCS is "entitled to discovery on *any acts* that Defendant employed to effectuate or implement the [SaveOnSP] scheme," which includes SaveOnSP's "acts or practices that are deceptive or misleading in a material way." Apr. 10, 2024 Discovery Order at ¶ 11 n.4 (emphasis suppled). Second, she rejected SaveOnSP's argument that the information sought by Interrogatories 17 and 19 is somehow irrelevant. *See* Apr. 3, 2024 Tr. at 136:1–12 (The

Amanda Miner, Esq.
April 19, 2024
Page 2


Special Master stating as to SaveOnSP's relevance objection: "I've done away with relevance.").
Judge Wolfson's rulings in this regard foreclose any meaningful relevance objection as to the four
proposed custodians.

        Further, as to the specific search parameters at issue, JJHCS has now made three
proposals in connection with its request that SaveOnSP add Johnson, Leger, Quinn, and Vazquez
as custodians.  *See* Feb. 16, 2024 Ltr. from K. Brisson to E. Snow (requesting that SaveOnSP add
the four employees as "full" custodians); Mar. 15, 2024 Ltr. from K. Brisson to M. Nussbaum
(proposing fourteen search terms); Apr. 1, 2024 Ltr. from K. Brisson to M. Nussbaum (requesting
certain narrowed search terms).  You have declined all three proposals and have similarly declined
to make a counterproposal as to search terms you would be willing to run over the custodial files
of Johnson, Leger, Quinn, and Vazquez.

        In light of the above, please reconsider your relevance objection to JJHCS's request
that SaveOnSP designate Johnson, Leger, Quinn, and Vazquez as custodians.  We further request
that you propose search terms you would be willing to run for Johnson, Leger, Quinn, and Vazquez
and provide hit counts for **each custodian**, individually and in the aggregate, for each proposed
term.  If there are no set of terms you would consider running over Johnson, Leger, Quinn, and
Vazquez's custodial files, then please provide your availability to meet and confer next week.

        Please provide a response by April 26.

                                Very truly yours,


                                */s/ Katherine Brisson*
                                Katherine Brisson

# Exhibit 7

**From:** Amanda Miner
**Sent:** Monday, April 29, 2024 10:23 AM
**To:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563)
<aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031)
<sarrow@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Wohlforth, E. Evans
<ewohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Andrew Dunlap
<adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson
<mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Matthew Nussbaum
<mnussbaum@selendygay.com>; Taylor Stone <tstone@selendygay.com>
**Subject:** FW: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and
Confer

Counsel,

We are in receipt of your April 19, 2024 letter and intend to reply as promptly as possible.

Best,
Amanda

**Amanda Miner**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
----------------------------------------------
+1 212.390.9313 [O]
+1 617.378.8462 [M]

**From:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Sent:** Friday, April 19, 2024 6:54 PM
**To:** Amanda Miner <aminer@selendygay.com>

**Cc:** LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563)
<aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031)
<sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn
<JJSaveOn@pbwt.com>; EWohlforth@rc.com; sgalli@rc.com; Andrew Dunlap
<adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson
<mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Matthew Nussbaum
<mnussbaum@selendygay.com>; Taylor Stone <tstone@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and
Confer

Counsel:

Please see the attached correspondence.

Best,
Katherine

---

**From:** Amanda Miner <aminer@selendygay.com>
**Sent:** Thursday, April 18, 2024 9:05 AM
**To:** Brisson, Katherine (x2552) <kbrisson@pbwt.com>
**Cc:** LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563)
<aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031)
<sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn
<JJSaveOn@pbwt.com>; EWohlforth@rc.com; sgalli@rc.com; Andrew Dunlap
<adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson
<mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Matthew Nussbaum
<mnussbaum@selendygay.com>; Taylor Stone <tstone@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // March 4, 2024 Meet and
Confer

**External: Think before you click.**

Counsel,

Please find attached a letter in the above-captioned matter.

Thanks,
Amanda

**Amanda Miner**
Associate  [Email]

# Exhibit 8



| | Freda Wolfson | One Lowenstein Drive |
| | Chief U.S. Dist. Judge (ret.) | Roseland, New Jersey 07068 |
| | Partner | |

**T: (862) 926-2708**
**F: (973) 597-2400**
**E: fwolfson@lowenstein.com**

## SPECIAL MASTER MEMORANDUM ORDER

**FILED ON ECF**
**TO ALL COUNSEL OF RECORD**

Plaintiff Johnson and Johnson Healthcare Services ("Plaintiff") and Defendant SaveOnSp, LLC ("Defendant") have brought competing discovery-related motions. Defendant filed the following motions: 1) Co-Pay Adjustment Program ("CAP") motion related to Judge Waldor's November 7, 2023 Order ("CAP I Motion"); 2) CAP (Cost motion related to search terms applicable to CAP custodians ("CAP II Motion"); and 3) motion to seek relief from Special Master Order dated February 6, 2024 ("Motion for Relief"). Plaintiff filed the following motions: 1) motion to compel production of documents responsive to RFPs 95 and 96("Motion to Compel Production I"); 2) motion to compel production of documents responsive to RFPs 99, 102 and 103 ("Motion to Compel Production II"); 3) motion to compel supplementary responses to interrogatories Nos. 4, 15–17, and 19–20 ("Motion to Compel Responses").[1] On April 3, 2024, I held a Zoom hearing with the parties to address these motions. For the reasons set forth on the record and below, I make the following findings:

1.    As it relates to Defendant's CAP I Motion, I find that Judge Waldor's November 6, 2023 ("November 6th Order") is unambiguous and that Paragraphs 2 and 3 of the Order are

---

[1]    Plaintiff also filed a motion to strike Exhibit 81 to ECF No. 165 from the Docket based on privilege grounds, and Defendant filed a motion to reconsideration/clarification of the February 6th Order. I will issue separate letter orders to address these motions.

consistent, and in her Order, Judge Waldor specifically imposed a "SaveOn" limiter[2] with regards to custodial document searches of the CAP program. However, based on Judge Waldor's comments on the record, she also left open the possibility of amending her Order should circumstances arise that make it appropriate to do so. Based on certain documents that were produced to Defendant after the issuance of the November 6th Order, I find that the "SaveOn" limiter is still appropriate, except that I direct the parties to add "OR accumulat* OR maximiz*" in addition to the "SaveOn" limiter imposed by Judge Waldor. The addition of these two terms is reasonable because later-produced documents reference accumulator and maximizer programs without mentioning "SaveOn," but they clearly are highly relevant documents to Defendant's defense. With the additions, the search string is: ("SaveOn" (and other reasonable variations) OR accumulat* OR maximiz*).

2. With regards to the CAP II Motion, for the same reasons set forth in paragraph 1 of this Order, I find that it is appropriate to place the "SaveOn" limiter, including accumulator and maximizer, to custodial searches of the newly designated custodians, *i.e.*, Quinton Kinne, Daphne Long-Bothum, William Shontz, John Hoffman, L.D. Platt, Alison Barklage (custodians designated by Judge Waldor's November 6th Order), Scott White, Blasine Penkowski, and Karen Lade (custodians destinated by my February 6th Order). The search string is the same as above: ("SaveOn" (and other reasonable variations) OR accumulat* OR maximiz*).

3. As to Defendant's Motion for Relief, Plaintiff is directed to produce the applicable pre-2013 retention policy to Defendant by April 17, 2024.

---

[2] According to the November 6th Order, the "SaveOn" limiter includes reasonable variations and/or abbreviations of "SaveOn" search term.

2

4.      By April 17, 2024, the parties are directed to meet and confer regarding terms applicable to custodial searches of Kimberly Wortman and Kathi Chapman, who were identified by Plaintiff as individuals responsible for drafting terms and conditions of predecessor programs (pre-2016) to CarePath.  As suggested during the hearing, although not mandatory, the search terms should exclude Janssen, but may include these additional terms and/or variations thereof: "savings program," "rebate program," "access program," "terms and condition," "other offer," "coupon," discount," "prescription savings card," and/or "free trial."  As the parties have agreed, the search string should also include the relevant drugs at issue in this case.  Moreover, Plaintiff shall identify, if any, the names or identity of predecessor programs or drugs by April 17, 2024. Finally, Plaintiff is directed to further investigate whether there are any additional custodians who were tasked in drafting, or otherwise involved in drafting, the terms or conditions of predecessor programs. Should there be any additional custodians in this context, Plaintiff is directed to promptly notify Defendant.

5.      As to the parties' dispute of search terms for CAP-related custodians, which centers on the terms "NEHB" and "EHB," the parties have, during the hearing, compromised on a search string (*see* Transcript of Hearing, T82:23-T85:10).  The only dispute remaining dealt with the tightness of the connections of the words, *i.e.*, w/25 or w/50.  Plaintiff shall advise Defendant of the hit count as to both sets of word counts.  The parties shall agree upon the final search string by April 17, 2024.

6.      Regarding terms related to TrialCard statement of work for Scott White and Blasine Penkowski, Plaintiff is directed to run Defendant's proposed search terms and determine the hit count.  Those terms are as follows:

("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR

3

CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

Should the parties disagree on the production of documents under Defendant's proposed search terms, they can promptly bring that dispute to my attention.

7.    As to the search terms regarding the group Penkowski convened to respond to accumulator sand SaveOn, the parties are directed to meet and confer on these terms, since no prior meet and confer on the parties' respective proposed terms occurred. The parties shall do so by April 17, 2024. In advance of the meet and confer, Plaintiff shall advise Defendant of the hit count for each of the parties' proposed search strings.

8.    With respect to the search terms related to Harris and De Camara, I find that, consistent with my February 6th Order, those terms must be limited to both individuals' third-party communication involving the terms and conditions for Stelara and Tremfya. In that connection, based on the current record at this juncture, I reject Defendant's proposal that seeks to expand the search of these two custodians by imposing terms related to "SaveOn"; Defendant's proposal is too broad based on the original purpose of adding these custodians, which was confined to drafting of the terms and conditions for Stelara and Tremfya.

9.    With respect to the Motion to Compel Production II, Plaintiff's motion is **GRANTED**. According to Plaintiff, RFPs 99, 102 and 103 seek approximately 5,000 pages of documents concerning the harmful impact of Defendant's advised programs on patients and their healthcare costs, and Defendant's alleged misleading communications regarding the same. There is little dispute that these requests are relevant. Rather, Defendant's objection is based primarily on burden. In that regard, Defendant submits that it has reviewed over a million documents from

29 custodians and non-custodians sources, using over 90 search terms.  Moreover, it has produced

more than 260,000 documents spanning its entire existence.  Defendant argues that the additional

5,000 pages of documents will be cumulative, duplicative or irrelevant. A party resisting discovery

on the grounds of burden or expense "bears the burden of showing specifically how the request is

burdensome." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,* No. 09-290, 2010 U.S. Dist.

LEXIS 125252, at *10 (W.D. Pa. Nov. 29, 2010)(citation omitted); *Taro Pharm. v. Lupin Ltd.*,

No. 18-4225, 2019 U.S. Dist. LEXIS 41915, at *3 (D.N.J. Mar. 12, 2019). "[U]nsubstantiated

claims of burden and expense are insufficient to withhold otherwise relevant discovery." *Taro*

*Pharm*, 2019 U.S. Dist. LEXIS 41915, at *4.  Here, Defendant argues that because it has already

produced large quantity of documents, any documents identified by Plaintiff's proposed terms are

highly likely to be duplicative.  More specifically, with regard to RFP 103, Defendant points out

that Plaintiff already asked for documents relating to attempts by Defendant to evade or avoid

detection of the SaveOnSP Program by drug manufacturers in one of its prior RFPs (*See* RFP 79:

All documents relating to any attempts by SaveOnSP to evade or avoid detection of the SaveOnSP

Program by drug manufacturers, including but not limited to the creation of "one time" or

temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket

responsibility). However, that Request does not ask for any communications regarding out-of-

pocket costs or copays.  Additionally, Defendant maintains that it has already produced documents

regarding its offer of $0 co-payments to patients, including communications relating to whether to

cease offering $0 co-payments and documents concerning an increase to Defendant's copay or

out-of-pocket obligations. However, as Plaintiff has explained, these subject RFPs were sent to

shed light on Defenant's alleged recent efforts to mislead patients and to further its ongoing

tortious interference with Plaintiff's contracts, and to prevent Plaintiff from detecting and stopping

the same.  For example, during the course of discovery, Plaintiff received documents that reflect a

new offering from Defendant, entitled "Adapt."   According to Plaintiff, this program may harm

patients on high deductible health plans by vastly increasing their required out of pocket healthcare

expenditures. Plaintiff believes that Defendant recently modified the way its program applies to

patients enrolled in high deductible health plans, potentially depriving them of the benefit of

manufacturer patient assistance until they have met their deductible.   In short, these requests are

aimed to find documents that touch upon those offerings and alleged changes in the way Defenant

has instructed its employees to communicate with patients. Indeed, none of the prior requests,

identified by Defendant, were served for, or meant to capture, that purpose.   Accordingly,

Defendant has not demonstrated that these new proposed searches or requests would only result in

duplicative or cumulative productions, albeit there may be some duplication.  Next, based on the

number of documents, Defendant has not shown that it would be prohibitively expensive or that it

would be unduly burdensome to review those documents. While Defendant has produced over

260,000 documents, the mere volume of production does not undermine the fact that these requests

seek to search for documents that are tailored to the change in Defendant's communications and

policy regarding high deductible copay insurance, or the so-called Adapt program.  Because 5,000

is not a prohibitive number of documents and because the documents requested are relevant,

Defendant is directed to produce relevant, non-privileged documents requested in RFPs 99, 102

and 103[3] by April 30, 2024.

       10.    Regarding Plaintiff's Motion to Compel Production I, Plaintiff moves to compel

Defendant to produce documents responsive to RFPs 95 and 96, both of which relate to measures

---

[3]     Because the documents responsive to RFPs 99, 102 and 103 have been identified by
Defendants, I need not address the appropriate search terms for these requests.

that Defendant has purportedly taken under the pretext of enforcing confidentiality policies to prevent its current and former employees from speaking publicly on Defendant's alleged misconduct. On the record, I concluded that based on the language of RFPs 95 and 96, Defendant's responses are sufficient, and no further responses are required, save for one exception. To the extent Defendant conducted investigations to reveal whether Defendant enforced its confidentiality policies to silence or threatened its current or former employees from speaking to outside companies, like Plaintiff, Defendant must revise its responses to reflect the result of those investigations. Defendant shall do so by April 24, 2024. I further concluded that Plaintiff may serve narrower requests related to this topic should they be appropriate. I cautioned, however, that the requests must be narrowly tailored as to the scope of the subject matter and time period.

11.    With respect to Plaintiff's Motion to Compel Responses, Plaintiff seeks supplemental responses to Interrogatory Nos. 4, 15–17, and 19–20. According to Plaintiff, these Interrogatories concern the alleged deceptive tactics that Defendant employs to evade detection of its scheme. Plaintiff requests, pursuant to Fed. R. Civ. P. 26(e), an order compelling Defendant to immediately (1) diligently investigate all information in its possession potentially responsive to the Manufacturer Evasion Interrogatories; and (2) correct and supplement its responses to those Interrogatories as necessary. At the outset, I note that typically, Rule 26(e) is used in assessing whether a party has failed to disclose certain information during discovery. A failure to do so would subject that party to sanctions, such as exclusion of such evidence. *WebXchange Inc. v. FedEx Corp.*, No. 08-133, 2010 U.S. Dist. LEXIS 4528, at *6 (D. Del. Jan. 20, 2010). While Rule 26(e) imposes the obligation to correct or supplement information provided in an interrogatory, there is no case law support for the proposition that Rule 26(e) can be the basis for a party to demand certain admissions from another party based on documents otherwise received during

7

discovery, particularly when the pertinent facts are in dispute.[4]  I concluded that based on the

current record, Defendant's responses to the subject interrogatories are sufficient. One exception

is the following language that Defendant used in its responses: "not aware of."  To the extent

appropriate, Defendant shall amend its responses to reflect that it has done a proper investigation

and the investigation did not reveal any instances of alleged conduct as specified in the

interrogatories.  Defendant shall do so by April 24, 2024.

Dated: April 10, 2024

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson (ret.)
Special Master

---

[4]  While Defendant responded to the Interrogatories, it nevertheless opposed Plaintiff's motion, in part, based on the relevancy of the Interrogatories. During the hearing, I found that the Interrogatories are relevant to Plaintiff's claims. Specifically, I reasoned that Defendant's alleged conduct of making misrepresentations to Plaintiff is relevant to the tortious interference claim, because that conduct bears on the issue of whether Defendant employed wrongful means in its alleged efforts to induce patients to breach the terms of the CarePath Program.  Further, the interrogatories are relevant to Plaintiff's GBL claim, which requires Plaintiff to prove that Defendant is engaging in acts or practices that are deceptive or misleading in a material way. While in order to prove that claim, Plaintiff must establish that Defendant deceived patients in some material way, as part of the scheme, however, Plaintiff is entitled to discovery on any acts that Defendant employed to effectuate or implement the scheme. I clarified that the relevancy determination is solely for discovery purposes; it does not address or impact in anyway the elements, or proof, of the substantive claims.

# Exhibit 9

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JKS) (CLW) |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL RSPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 17, 18 and 20, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## GENERAL OBJECTIONS

1.      JJHCS does not limit any of its Interrogatories to nonprivileged material. Save-OnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2.      JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's

possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks

disclosure of information that is not within SaveOnSP's possession, custody, or control that Save-

OnSP can locate after a reasonable inquiry.

## OBJECTIONS TO DEFINITIONS

3.      SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and ac-

countants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP inter-

prets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, and all persons or entities acting or purporting

to act on behalf or under the control of SaveOnSP, LLC.

4.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-

plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-

inition.

5.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it

objects to the definition of "SaveOnSP."

6.      SaveOnSP objects to the term "or other substance" in the definition of "Pharma-

ceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceuti-

cal Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or

distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diag-

nosis of any illness, disease, disorder, or other condition.


Dated:  April 24, 2023                     By: /s/      E. Evans Wohlforth, Jr.
                                               E. Evans Wohlforth, Jr.
                                               **ROBINSON & COLE LLP**

666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 2, 17, 18,
AND 20**

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as discussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

5

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**

████████████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 18:**

Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to Save-OnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**RESPONSE:**

███████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████



SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November, 22, 2022, ECF No. 62.

**INTERROGATORY NO. 20:**

Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## <u>CERTIFICATION OF SAVE ON SP, LLC</u>

I, Jody Miller, am the President of Save On SP, LLC ("SaveOnSP"). I am authorized to submit this certification on behalf of SaveOnSP. I certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, SaveOnSP and I are subject to punishment. I certify that in responding to the foregoing Interrogatories, I have furnished all information available to SaveOnSP, its agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

Save On SP, LLC

By: _____
Jody Miller
President

Date: April 23, 2024

# Exhibit 10

**Patterson Belknap**

www.pbwt.com

March 15, 2024

Katherine Brisson
(212) 336-2552

**By Email**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Request to Add Custodians**
       *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
       **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Matthew:

        We write in response to your March 8, 2024 email regarding JJHCS's request to add four custodians (Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez) and further to our correspondence regarding the same.

        Thank you for providing de-duplicated hit counts for the four custodians that JJHCS requested.  In previous correspondence and during the parties' March 4, 2024 meet and confer, we explained why we believe these four custodians have unique, relevant custodial files.  *See* Feb. 16, 2024 Ltr. from K. Brisson to E. Snow.  Specifically, as conceded in SaveOnSP's Interrogatory Responses and as disclosed in deposition testimony and SaveOnSP's document productions,

        In an effort to narrow the universe of responsive documents, we propose that SaveOnSP use the search terms listed in Appendix A.  Please let us know if you agree to run these terms.  If you do not agree, please provide hit counts for each requested custodian, both individually and in the aggregate, for each term.

        Please provide a response by March 22.

                                    Very truly yours,

                                    */s/Katherine Brisson*
                                    Katherine Brisson

**Appendix A**

| | |
|---|---|
| 1 | "don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) w/15 (SaveOn OR SaveOnSP OR SOSP OR Save On" OR manufacturer* OR mfgr* OR program) |
| 2 | (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| 3 | (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer* |
| 4 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |
| 5 | manufacturer* w/10 (maximizer* OR accumulator*) |
| 6 | (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable) |
| 7 | (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay") |
| 8 | (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) |
| 9 | (dummy OR fake OR false* OR mock OR lie* OR lying OR truth) AND enroll* |
| 10 | (lie* OR liar* OR lying OR fib* OR misrepresent* OR fake* OR fals* OR "made-up" OR mock OR dummy) w/50 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath OR "JCP") |
| 11 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/50 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath OR "JCP") |
| 12 | (FirstView OR "First View") w/10 card |
| 13 | (FirstView OR "First View") AND (credit w/2 card) |
| 14 | ((two OR 2) w/2 card) AND (solution OR Stelara OR Tremfya) |

# Exhibit 11



April 1, 2024

Katherine Brisson
(212) 336-2552

**<u>By Email</u>**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **Request to Add Custodians**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Matthew:

We write in response to your April 1, 2024 letter regarding JJHCS's request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians and further to our correspondence regarding the same.

Suffice it to say, for reasons explained at length, we disagree with your assertion that the four requested custodians are unlikely to possess relevant documents. *See, e.g.*, March 15, 2024 Ltr. from K. Brisson to M. Nussbaum; Feb. 16, 2024 Ltr. from K. Brisson to E. Snow.

Thank you for providing hit counts for JJHCS's requested search terms. We have reviewed the hit counts and do not regard twelve of the fourteen proposed terms (specifically, Terms 1–3, 5–12, and 14) as presenting any undue burden.[1] Nevertheless, we understand that SaveOnSP refuses to run these terms. Please promptly advise us if this is incorrect. Otherwise, the parties are at impasse with respect to these search terms.

As to the remaining two terms (Terms 4 and 13), JJHCS is willing to consider narrowed terms in an effort to reduce the number of documents for review. Please advise whether you agree to run the proposed terms listed in Appendix A. If you do not, please provide (1) hit counts for each custodian, individually and in the aggregate, for each term, and (2) a counterproposal as to each term. If there are no set of terms that you would consider running to capture the documents and communications sought by these search terms, please say so.

---

[1] JJHCS refers to the search terms based on the order in which they appear on Exhibit 1 to SaveOnSP's April 1, 2024 letter.

Matthew Nussbaum, Esq.
April 1, 2024
Page 2

Please provide a response by April 5.

Very truly yours,

*/s/ Katherine Brisson*
Katherine Brisson

**Appendix A[2]**

| | |
|---|---|
| 1 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") |
| 2 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat* (obtain* w/2 info*)) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CarePath OR "JCP") |
| 3 | (call* OR contract* OR speak OR spoke OR talk* OR phone* OR chat*) w/25 (J&J OR JNJ OR Johnson OR Janssen OR Jannsen OR Jannssen OR JJHCS OR JHCS OR JHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR CarePath OR "JCP") |
| 4 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif*) |
| 5 | (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR modif* OR change*) |
| 6 | (Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*) |

---

[2] When you provide the requested hit counts, please maintain the numbering of the search terms that appear in JJHCS's Appendix A to facilitate the conferral between the parties. Please also provide hit counts broken down by each requested custodian.