SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| vs. | Hon. Cathy L. Waldor, U.S.M.J. |
| | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF** |
| Defendant. | **MOTION TO SEAL** |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with Local Civil Rule 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS to

seal letters written by counsel for the parties to Judge Wolfson and the exhibits regarding the Motion by Defendant Save On SP, LLC ("SaveOnSP") to Compel Discovery from "Janssen Market Research," dated May 21, 2024, with related briefing on May 31 and June 7, 2024 (the "Motion to Compel," ECF Nos. 330, 331, and 357, filed July 3, 2024 and August 27, 2024).

2.  I make this Declaration based upon my personal knowledge and review of the letters and exhibits. JJHCS seeks to seal portions of ECF Nos. 330, 331, and 357, through the instant motion, in accordance with Local Civil Rule 5.3(c).

3.  Attached hereto as Exhibit A is the proposed public version of the Motion to Compel. As shown on this exhibit, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4.  Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought

is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

5. In support of this motion, JJHCS has prepared an index setting forth the information that it seeks to seal and the basis for the request which is attached hereto as Exhibit B.

6. Defendant SaveOnSP has no objections to the sealing of any of the confidential materials subject to this motion.

7. The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

8. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program and the JJHCS business. Certain of these documents are attached as exhibits to ECF Nos. 330, 331 and 357 and include confidential emails, an agreement, notes, and presentations.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

11. In addition, JJHCS produced confidential benefits investigations, which were designated as Confidential Health Information pursuant to the Discovery Confidentiality Order. Those benefits investigations are attached as Exhibits 39 and 40 to ECF No. 357.

12. As detailed in Exhibit A, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

13. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

14. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action. *See* ECF No. 62.

15. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information.

Disclosure of the benefits investigations would also improperly reveal confidential health information of patients. In short, disclosure of this confidential information serves no useful purpose.

16. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2024.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
