# EXHIBIT A

# JANSSEN MARKET RESEARCH

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

May 21, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
>      *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Save On SP LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc. ("JJHCS," and, with its affiliates, "J&J") to search for and produce documents responsive to SaveOn's documents requests from custodial and non-custodial sources from Janssen Market Research.

## FACTUAL BACKGROUND

J&J employees frequently refer to "Market Research" as a group within the company. Ex. 1 at -250 (JJHCS_00222250) ████████████████████████████); Ex. 2 at 6 (JJHCS_00218712) ████████████████████████████████████████ ████████████████████████████████████████). ████████████

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                    Page 2

██████████████████████████████████████. *E.g.*, Ex. 3 at -520.0004 (JJHCS_00205520)

(reflecting ████████████████████████████████████████). Because J&J

refuses to produce organizational charts beyond JJHCS, *see* Ex. 4 (Sept. 1, 2023 Letter), it is not

clear whether Janssen maintains one or multiple such groups. SaveOn refers here to "Janssen Mar-

ket Research" as the group or groups performing market research on behalf of Janssen and/or any

of the teams within Janssen performing market research on behalf of any of the drugs at issue.

In discussions, J&J has not denied the existence of a Janssen Market Research group.

Janssen Market Research appears to regularly conduct market research to support and

guide the strategy for the copay assistance programs for J&J's drugs. J&J uses market research

findings ███████████████████████████████████████████████. *See,*

*e.g.*, Ex. 5 at -685 (JJHCS_00213685) (explaining that ██████████████████████

████████████████████████████████████████████████████████

██████████████); Ex. 6 at –756.0011 (JJHCS_00065756) (explaining that ██████████

████████████████████████████████████████████████████████

███████████████████████████████████████████); Ex. 7

at -724.0038 (JJHCS_00220724) (indicating that ████████████████████████████

███████████████████████████████); Ex. 8 at 6 (JJHCS_00197634)

(showing █████████████████████████████████████████); Ex. 9

at 7 (JJHCS_00212007) ████████████████████████████████████████████

████████████████████████████████████████████████).

████████████████████████████████████████████████████████

███████ *See, e.g.*, Ex. 10 at -696 (JJHCS_00126540) (explaining that the ████████████

████████████████████████████); Ex. 11 at -722.0014-15 (JJHCS_00213722)

(indicating that ████████████████████████████████████████████

████████████████); Ex. 12 at -507.0011 (JJHCS_00036507) (indicating that ██████

████████████████████████████████████████████); *id.* at -506 (noting

that the attachment, *id.* at -507, ████████████████████████████████).

████████████████████████████████████████████████

████████████████, Ex. 13 at -926.008 (JJHCS_00143926), ██████████████

████████████████████████████████████████████ Ex. 14 at 9

(JJHCS_00173307). J&J also

████████████████████. *See, e.g.*, Ex. 15 at 21 (JJHCS_00190764).[1]

████████████████████████████████████████████

████████████████████████████████████████████, *see,*

*e.g.*, Ex. 19 (JJHCS_00002700) (████████████████████████████████

████████████████████████), ████████████████████████████████,

*see, e.g.*, Ex. 20 at -983 (JJHCS_00224974) (reflecting that ██████████████

████████████████████████████); Ex. 21 at -436.0002

(JJHCS_00210436) ████████████████████████

████████████████████████████████████████████); Ex. 22

---

[1] J&J agreed to run search terms targeted at relevant market research performed by the J&J vendors Archbow and Avalere. Ex. 16 (Apr. 26, 2024 Letter.) (agreeing to, among others, terms regarding (1) Archbow and Avalere and (2) maximizers and accumulators); *see also* Ex. 17 at -172 (JJHCS_00219170) (████████████████████████████████████████████

████████████); Ex. 18 at -029, 032 (JJHCS_00200028)

████████████████). J&J has not explained why market research conducted by its outside vendors would be relevant but J&J's own internal market research on the same topics would not.

(JJHCS_00224206) (███████████████████████████████████████

███). ████████████████████████████████████████████████.

*See, e.g.*, Ex. 5 at -688-90.

J&J's productions, and third-party productions, to date show that ████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████. For exam-

ple, ███████████████████████████████████████████████████

███ Ex. 23 (ARCHBOW_000439); *see also* Ex. 19 at -700.0011 ███████████

████████████████████). ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ Ex. 24 at -690 (JJHCS_00223684).[2]

And ████████████████████████████████████████████████████

Ex. 27 at -298 (JJHCS_00219290).

████████████████████████████████████████████████████████

████████████████████████████████ *See, e.g.*, Ex. 28 at -275 (JJHCS_00221274).

For example, ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████, *contra* Compl. ¶ 114, and ████████████

████████████████████████████████████████████████████████████.

Ex. 28 at -275 (JJHCS_00221274). ████████████████████████████████

---

[2] J&J has refused to produce similar studies, reports, and publications from entities outside of JJHCS, unless they were funded or supported directly by JJHCS. *See* Ex. 25 at 18-19 (JJHCS's Responses & Objections); Ex. 26 at 5 (Feb. 14, 2023 Ltr.).

Hon. Freda L. Wolfson                                                      Page 5



██████████████████████████████████████. Ex. 29 at -710.0007,

-09 (JJHCS_00002710) (noting that ████████████████████████████

██████████████████████████). ███████████

Ex. 30 at 2 (JJHCS_00001318), ████████████

Ex. 31 (JJHCS_00008410); Ex. 30 at 5

(JJHCS_00001318) (████████████████████████████

██████████). ██████████████████████████

Ex. 32 at -681.0017 (JJHCS_00142681) ██████████████

██████████████████████).

Janssen Market Research was also involved in evaluating the effects of J&J's responses to

patients on accumulators and maximizers. ██████████████████

*See, e.g.*, Ex. 19 at -009 (JJHCS_00002700) ██████████

██████). ██████████████████████████

██ ██ ████ ██ ██████████ ██████ Ex. 33 at -867

(JJHCS_00034866).

J&J does not dispute that it has legal possession, custody, or control of Janssen Market Research's documents and information. But J&J refuses to run any search terms or identify custodians specific to Janssen Market Research. Ex. 16. The parties are at impasse.

## ARGUMENT

J&J has an obligation to reasonably investigate and produce documents and information within its control, Fed. R. Civ. P. 34(a)(1), including those of Janssen Market Research. In this motion, SaveOn seeks documents from Janssen Market Research regarding (1) J&J's allegations of patient stress and confusion; (2) J&J's allegations that SaveOn violates the "other offer provision" of CarePath's terms and conditions ("T&Cs"); and (3) J&J's failure to mitigate its damages. The Court and Your Honor have compelled J&J to produce discovery from outside of JJHCS when the discovery record indicated doing so was appropriate, *e.g.*, Dkt. 192 at 11, 14; Jan. 24, 2024 Hr'g Tr. at 128:3-6. Your Honor should do the same here.

*First*, to prove its GBL claim, J&J must show that SaveOn engaged in deceptive conduct that harmed the public. *See Corona Rlty. Holdings, LLC v. 28 Stirrup Lane LLC*, 2008 N.Y. Slip Op. 30583, 3 (N.Y. Sup. Ct. Feb. 19, 2008) ("A claim made under GBL 349 must charge conduct that has a broad impact on consumers at large." (citation omitted)); *cf. Pharmacia Corp. v. Alcon Lab'ys, Inc.*, 201 F. Supp. 335, 377 (D.N.J. 2002) (explaining that expert opinion testimony claiming likely or actual marketplace confusion was insufficient to overcome actual evidence from the marketplace that public confusion was unlikely). J&J alleges that SaveOn harmed the public by, *inter alia*, causing patients stress and confusion. Compl. ¶ 114.

Hon. Freda L. Wolfson                                                                        Page 7

SaveOn served multiple document requests seeking to test these allegations.[3] J&J has largely refused to produce anything in response to RFP Nos. 18, 19, 20, 22, and 73 from any entity outside of JJHCS, Ex. 25,[4] and it refuses to produce J&J's own market research into patient attitudes towards SaveOn, Ex. 16.

Janssen Market Research's analyses of ████████████████████████████████████ ████████████ are squarely relevant to J&J's allegations of public harm. The few relevant documents that J&J has produced (as they hit on other search terms) indicate that, before J&J filed its complaint, ██████████████████████████████████████████████████████ ████████████████████████████████████████—contradicting J&J's allegations that SaveOn causes widespread public harm. *See* Compl. ¶ 114. At the same time, ██████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████; these analyses are similarly relevant to J&J's allegations of public harm. *See, e.g.*, Ex. 11 at -722.0018 (████████████████████████ ████████████████████████████████████); Ex. 24 at -693 (JJHCS_00223684) (██████████████████████████████████████████████████████████████████ ████████████████████████████████).

---

[3] Ex. 34 at 13 (SaveOn's Requests for Production) (RFP No. 9, seeking discovery regarding communications between JJHCS or Janssen and any Patient about SaveOnSP); *id.* at 14 (RFP No. 20, seeking discovery regarding J&J's involvement or funding behind publicly distributed material about accumulators, maximizers, and SaveOnSP); *id.* at 14-15 (RFP Nos. 18-19, 22, seeking discovery regarding allegations of public harm relating to alleged patient confusion, stress, or increased healthcare costs); *id.* at 19 (RFP No. 40, seeking discovery regarding communications between JJHCS Hub Entities and any Patient about SaveOn); *id.* at 63 (RFP No. 73, seeking discovery regarding Janssen market research about accumulators or maximizers).

[4] *But see* Ex. 26 at 5 (Feb. 14, 2023 Letter) (agreeing to produce certain studies, reports, and publications from entities outside of JJHCS if they were specifically funded or supported by JJHCS).

*Second*, J&J claims that SaveOn tortiously interfered with J&J's contracts with its patients by inducing plan participants to enroll in CarePath knowing that the so-called "SaveOnSP Program" breached a term in CarePath's contracts: patients cannot use CarePath "with any other coupon, discount, prescription savings card, free trial, or other offer." Compl. ¶¶ 8-19, 109. The "other offer" provision, which J&J drafted by itself, is the sole basis for J&J's tortious interference claims for all drugs at issue from 2016 through 2021; it is also the sole basis for those claims for all but two drugs from 2022 to the present. Compl. ¶¶ 102-03, 106-11; *see also* Mar. 17, 2023 Hr'g Tr. at 45:4-10 (J&J agreeing to produce "documents discussing the meaning of the only term in this contract that is under dispute at all, which is the 'other offer' language"); Jan. 24, 2024 Hr'g Tr. at 35:18-20 (Your Honor noting that J&J "already conceded, however, that SaveOn doesn't fall within any of those terms, they only fall within the 'other offer'"); *id.* at 18:6-7 (similar).

Recognizing that the T&C's, specifically the "other offer" provision, are central to this case, Jan. 24, 2024 Hr'g Tr. at 4:15-17, Your Honor compelled J&J to produce documents relating to the drafting, meaning, and enforcement of the T&Cs, explaining that "[SaveOn] is permitted to seek documents . . . which could shed light on what Plaintiff ***and/or other J&J entities*** believed 'other offer' meant," Dkt. 192 at 11-14 (emphasis added) ("Defendant is entitled to explore why Plaintiff decided to amend the terms in 2022, when it knew of the SaveOnSp Program since 2017"); *see also Quick v. N.L.R.B*, 245 F.3d 231, 247 (3d Cir. 2001) ("'Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement.'" (quoting Restatement (Second) of Contracts § 202(4))).

As Your Honor is aware, SaveOn has served several document requests to test J&J's claims.[5] But J&J refuses to identify any individuals within Janssen Market Research with knowledge of the T&Cs, designate them as custodians, or search their documents. *See e.g.*, Ex. 35 at 2 (Mar. 4, 2024 Letter) (refusing to identify individuals outside of JJHCS responsible for T&Cs); Ex. 16 at 2 ("JJHCS would not identify 'Janssen market research' custodians and produce their documents"). J&J refuses to voluntarily produce documents in response to these requests from any entities other than JJHCS. Ex 25.

Janssen Market Research is highly likely to have documents relevant to the T&Cs. J&J has produced documents showing that ████████████████████████████████████████ ████████████████████████████████. *See, e.g.*, Ex. 28 at -275 (JJHCS_00221274) (noting that ████████████████████████████████████████████ ████████████████████); Ex. 29 at -710.008-09 (██████████████████████████████ ████████████████████████████████████████████ ████████████████); Ex. 32 at -681.0016-17 (JJHCS_00142681) (████████████ ████████████████████████████████████████████ ████████████████████████████). SaveOn is entitled to documents in Janssen Market Research's possession regarding J&J's drafting and interpretation of the T&Cs.

---

[5] Ex. 34 at 13 (SaveOn's Requests for Production) (RFP No. 12, seeking discovery regarding, *inter alia*, "JJHCS's understanding of the term 'offer'…as used in CarePath's terms and conditions."); *id*. (RFP No. 13, seeking discovery regarding the requirement that Patients enrolled in CarePath make any payments towards Janssen Drugs); *id*. at 17 (RFP No. 31, seeking discovery regarding JJHCS's attempts to limit or adjust funds available to Patients on Stelara or Tremfya); *id*. at 38-39 (RFP Nos. 50-52, seeking discovery regarding the development of Stelara WithMe, its terms and conditions, and its determination of the amount of copay assistance available to patients through, *inter alia*, the CAP Program); *id*. at 39 (RFP Nos. 53-55, seeking discovery regarding the development of Tremfya WithMe, its terms and conditions, and its determination of the amount of copay assistance available to patients through, *inter alia*, the CAP Program).

Hon. Freda L. Wolfson                                                                    Page 10

*Third*, SaveOn asserts multiple defenses to J&J's claims, including mitigation, laches, and

acquiescence. Answer ¶¶ 24-38.[6] Your Honor has recognized the relevance of these defenses. *See,*

*e.g.*, Dkt. 192 at 14; especially SaveOn's defense based on J&J's failure to mitigate its damages.

*See e.g.*, *id.* at 29 (recognizing that J&J's response to SaveOnSP's services "goes to Defendant's

mitigation defense"); *see also* Jan. 24, 2024 Hr'g Tr. at 28:7-19 (acknowledging that SaveOn raises

mitigation and laches defenses so "there needs to be some understanding of, generally, what

[J&J's] enforcement efforts" are and when enforcement steps are taken). To explore these de-

fenses, SaveOn served multiple RFPs seeking information relating to J&J's responses to SaveOn

(and to so-called accumulators and maximizers, which J&J considers SaveOn to be, Dkt. 192

at 29).[7] But J&J refuses to identify any individuals within Janssen Market Research with

---

[6] *See also Natreon, Inc. v. Ixoreal Biomed, Inc.*, 2017 WL 3131975 at *7 (D.N.J. July 21, 2017)
("An injured party must take reasonable steps to mitigate its damages, or else damages will not be
recovered to the extent that the injured party could have avoided his losses through reasonable
efforts.") (internal quotations and citation omitted); *Sommer v. Kridel*, 74 N.J. 446, 454 n.3 (1977)
(stating that "a party claiming damages for a breach of contract has a duty to mitigate his loss")
(internal citation omitted); *Knorr v. Smeal*, 178 N.J. 169, 180-81 (N.J 2003) (explaining laches
operates "to deny a party enforcement of a known right when the party engages in an inexcusable
and unexplained delay in exercising that right."); *N.J. Dep't. of Envtl. Prot. v. Gloucester Envtl.
Mgmt.*, 264 F. Supp. 2d 165, 177 (D.N.J. 2003) ("Where a party fails to declare a breach of con-
tract, and continues to perform under the contract after learning of the breach, it may be deemed
to have acquiesced in an alteration of the terms of the contract.").

[7] Ex. 34 at 18 (RFP No. 33, seeking discovery "regarding JJHCS's attempts to identify health plans
advised by SaveOnSP or Patients enrolled in such plans"); *id.* at 19 (RFP No. 41, seeking discovery
regarding the effect of accumulators and maximizers on JJHCS's return on investment for copay
assistance dollars); *id.* at 29 (RFP No. 49, seeking discovery regarding J&J's efforts to identify
individual members of SaveOn-advised plans or enforce CarePath's terms and conditions against
them); *id.* at 50 (RFP Nos. 58-59, seeking discovery regarding Benefits Investigations into patients
suspected of being on accumulators, maximizers, or SaveOn-advised plans); *id.* at 62 (RFP No.
64, seeking discovery regarding JJHCS's ██████████████████████████████████████
████████████████████████); *id.* (RFP No. 68, seeking discovery regarding
communications between JJHCS and Archbow about CarePath or copay assistance); *id.* at 76 (RFP
No. 82, seeking discovery regarding communications between JJHCS and Avalere about CarePath
or copay assistance).

Hon. Freda L. Wolfson                                                                                    Page 11

knowledge of J&J's response to SaveOn, designate them as custodians, or search their documents.

Ex. 36 at 4 (Feb. 28, 2024 Letter) (declining SaveOn's request that J&J identify custodians on the

Janssen Market Research team and run proposed search terms). In responding to these requests

too, J&J has refused to produce documents from outside JJHCS unless ordered to do so. Ex 25.

     Janssen Market Research's documents are relevant to J&J's responses to accumulators,

maximizers, and SaveOn. ███████████████████████████████████

███████████████, even though J&J would not sue SaveOn for another five years. *See, e.g.*,

Ex. 28 at -275 ███████████████████████████); Ex. 12 at -507.0011 ██████████

████████████████████); Ex. 29 at -710.0009 (████████████████████████).

████████████████████████████████████████████████

████████████████████████████ *See, e.g.*, Ex. 37 (JJHCS_00011144) (████████████

████████████████████████████████████████████████

████████████████); Ex. 19 at -700.0012 (██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████). If J&J opted not to mitigate because ██████████████████████

███████████████████████████, it still failed to mitigate under the law and can-

not seek damages from SaveOn.

     In sum, SaveOn has amply demonstrated that Janssen Market Research was deeply in-

volved in core matters at issue in this case. Your Honor should compel J&J to (1) identify individ-

uals in or affiliated with Janssen Market Research who have knowledge on the topics discussed in

this motion; (2) designate them as custodians; (3) run appropriate search terms over their files; and

(4) produce non-privileged documents responsive to SaveOn's document requests.

Hon. Freda L. Wolfson                                                              Page 12

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBITS 1-3
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 4

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy
gay
elsberg**

Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

September 1, 2023

**Via E-mail**

Julia Haigney Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jhaigneylong@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

We write regarding JJHCS's production of organizational charts and questions regarding the same as discussed at the parties' August 9, 2023 meet and confer and in SaveOnSP's July 18, 2023 letter.

## I.    Relevant Organizational Charts

JJHCS's produced organizational charts appear to exclude relevant individuals. *First*, JJHCS appears to have added Silas Martin as a custodian as of August 28, 2023. Mr. Martin does not appear on a produced organizational chart. *Second*, as SaveOnSP indicated in its July 18, 2023 letter, no produced organizational chart contained the relevant custodian Juliette DeShaies. In its August 28, 2023, SaveOnSP proposed certain other custodians, including Scott White, Blasine Penkowski, Karen Lade, Alison Barklage, Ernie Knewitz, L.D. Platt, and John Hoffman, who also do not appear on a produced organizational chart.

SaveOnSP requests that JJHCS produce organizational charts—whether from JJHCS or other J&J entities—to encompass all of the individuals requested as custodians in its August 28, 2023 letter.

## II.    Groups in JJHCS's Organizational Charts

In its July 18, 2023 letter, SaveOnSP asked that JJHCS explain the function of the following groups and the names of all members.

Julia Haigney Long
September 1, 2023

    1.      JCP One Platform;

    2.      CX Operations;

    3.      JCP Customer Experience;

    4.      PECS;

    5.      PX-TA Teams;

    6.      E2E Implementation;

    7.      E2E JALT;

    8.      Patient Access Solutions;

    9.      Patient Access and Affordability Solutions;

    10.     FFS Execution;

    11.     FFS Strategy Management;

    12.     FFS Pharmacy Monitoring & Program Compliance;

    13.     FFS Customer Management; and

    14.     CAR-T Patient Services.

JJHCS refused. *See* July 28, 2023 Ltr.

During the August 9, 2023 meet and confer, JJHCS indicated that it would take back SaveOnSP's request. SaveOnSP maintains that the parties in this action have used discovery to answer each other's questions about how the respective businesses work. *See, e.g.*, July 27, 2023 Ltr. at 1 (asking "how SaveOnSP uses the CAPTURE database and what information it contains"). Please confirm that JJHCS will now answer SaveOnSP's questions in full, and please provide those answers.

Additionally, in its July 28, 2023 letter, JJHCS indicated that SMOX stands for "Supplier Management and Operational Excellence" and indicates that it is "tasked with supply-related adherence and compliance at JJHCS." July 28, 2023 Ltr. at 2. Please explain what is meant by "supply-related adherence and compliance." Please also explain the job duties and responsibilities for members of the SMOX team.

*          *          *

We request a response by September 8, 2023.

Julia Haigney Long
September 1, 2023

We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# EXHIBITS 5-15
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 16



www.pbwt.com

April 26, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:  **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> **No. 2:22-cv-02632(JKS) (CLW)**

Dear Elizabeth:

We write in response to your April 4, 2024 letter regarding SaveOnSP's Request Nos. 58-62, 68, 73, and 82 and in further to our letters of February 16 and February 28, 2024 on JJHCS's responses and objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.[1]

## I.    Request Nos. 68 and 82

SaveOnSP demands, in Request No. 68, that JJHCS search for and produce additional documents regarding work that Archbow did on behalf of JJHCS. Request No. 82 similarly demands a variety of documents and communications regarding work related to copay assistance programs undertaken by Avalere Health, a health care industry consulting firm, on behalf of JJHCS. To the extent these Requests call for a broader set of communications between JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including communications related to the Best Price Rule, JJHCS objects on relevance grounds. *See* Feb. 22, 2024 Ltr. from I. Eppler to H. Miles, at 4; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow, at 4.

In the interest of compromise, and while reserving all rights, JJHCS would agree to run the following search terms over, and produce responsive, non-privileged documents from, the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn

---

[1] We note SaveOnSP's nearly two-month lag in raising these issues since our meet and confer of February 8, 2024 and our further correspondence related to that conferral.

Elizabeth Snow, Esq.
April 26, 2024
Page 2

Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson for the period of April 1, 2016 through November 7, 2023, subject to SaveOnSP's agreement that this resolves JJHCS's discovery obligations with respect to these requests.

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

## II.    Request No. 73

JJHCS maintains its objection to Request No. 73, which demands "Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers" on the basis of both relevance and burden.  As we explained in our February 28 letter, JJHCS has alleged that *SaveOnSP* has harmed members of the public in violation of GBL § 349 by, *inter alia*, "causing [patients] undue stress and confusion."  Compl. ¶ 114.  JJHCS will be able to prove this allegation at trial by demonstrating how *SaveOnSP* patients experienced undue stress and confusion at the hands of *SaveOnSP*, without reference to how patients may have hypothetically reacted to other accumulators or maximizers.  It is irrelevant whether some patient at some time, may have "like[d] [a] compan[y] which provide[s] services similar to SaveOn."  Feb. 28, 2024 Ltr. from I. Eppler to E. Snow (quoting Feb. 15, 2024 Ltr. from E. Snow to J. Long, at 6).

JJHCS also objects on the basis of relevance and burden to the extent that SaveOnSP demands that JJHCS to identify new custodians outside of JJHCS (in the "Janssen market research group") and run SaveOnSP's ten requested search terms over their custodial files.  *See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 3.  As an initial matter, SaveOnSP has prematurely resorted to motion practice on the issue of non-JJHCS custodians, so further negotiation on the issue is not possible.  But even if SaveOnSP had not improperly sought the Court's intervention with respect to non-JJHCS discovery, JJHCS would not identify "Janssen market research" custodians and produce their documents.  As we have repeatedly explained throughout this litigation, "JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath."  Feb. 13, 2024 Ltr. from C. Zielinski to E. Snow at 1.  Consistent with this position, we have opposed expansion of discovery to non-JJHCS entities when SaveOnSP has repeatedly attempted to litigate this issue, and JJHCS has repeatedly prevailed.  *Id.*  Judge Wolfson's orders have not opened the door for SaveOnSP to relitigate this issue once again.  Accordingly, JJHCS will not run SaveOnSP's requested search terms in response to Request No. 73.

Elizabeth Snow, Esq.
April 26, 2024
Page 3

### III.    Request Nos. 58 and 59

These Requests call for a bevy of documents and communications related to benefits investigations. Request No. 58 demands "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP." Request No. 59 demands "all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan."

Notwithstanding the overbreadth of these requests, JJHCS asked its vendor TrialCard to produce "all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP)." *See* JJHCS's Responses and Objections to SaveOnSP's Fourth Requests for Production at 6–7. Yet now SaveOnSP comes back for more, claiming that Request Nos. 58 and 59 require JJHCS to produce a variety of additional documents. Specifically, while "reserving rights to seek additional documents," SaveOnSP demands that JJHCS "prioritize the following narrowed categories of documents," including:

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- JJHCS's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

*See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 5.

It is unclear how some of these new requests are even fairly subsumed within Requests No. 58 and 59: for instance, SaveOnSP does not explain how "the budget given to TrialCard and RIS RX" is encompassed by a request for documents related to benefits investigations. *Id*. Nor can SaveOnSP square its renewed requests with the fact that SaveOnSP has now repeatedly lost motions to compel budget-related documents from JJHCS. *See* Apr. 25, 2024, at 5–6; Feb. 6, 2024 Order, at 19.

Elizabeth Snow, Esq.
April 26, 2024
Page 4

JJHCS is willing to offer a compromise proposal, subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise). Under this proposal, JJHCS would run the following terms over the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Alison Barklage Quinton Kinne, William Shontz for the time period of April 1, 2016 to November 7, 2023.

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR "B.I.'s")

- (RIS OR RISRx) AND "BI" (*case sensitive*)

JJHCS would also run the following amended terms and produce responsive, non-privileged documents, again subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests:[2]

- (RIS OR RISRx) /50 (accumulator* OR maximizer*)[3]

- (RIS OR RISRx) /50 (identif*)[4]

## IV.  Request Nos. 61 and 62

SaveOnSP's Requests 61 and 62 respectively demand "[a]ny patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath" and "[d]ocuments sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information

---

[2] These terms will be run with the same date range and custodian list as the other RISRx terms addressed in this letter. JJHCS reiterates its objection to running these terms over the documents of Scott White and Blasine Penkowski, pursuant to the apex doctrine.

[3] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program"). SaveOnSP's proposed term returns 24,783 documents (inclusive of families) and JJHCS objects to it as unduly burdensome.

[4] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: (RIS OR RISRx OR TrialCard) AND (budget* OR identif*). SaveOnSP's proposed term returns 53,511 documents and JJHCS objects to it as unduly burdensome.

Elizabeth Snow, Esq.
April 26, 2024
Page 5

available." As JJHCS previously explained, these Requests call for irrelevant information. *See* Jan. 2, 2024 Ltr. from J. Long to E. Snow.

JJHCS has also previously explained that it objects to producing data in response to Request No. 61 because it is vastly overbroad: by demanding "patient information or data provided by Accredo or ESI to JJHCS," it sweeps in a variety of information completely unrelated to the benefits investigation process. Jan. 2, 2024 Ltr. from J. Long to E. Snow, at 2–3. SaveOnSP contends that the data could have been used to "identify individuals on accumulator, maximizer, or SaveOn-advised plans." Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 6. That reasoning, even if true, has no relationship to JJHCS's primary objection to Request 61: the overwhelming burden associated with its overbreadth. Moreover, as SaveOnSP will observe after JJHCS produces final, executed data-sharing agreements with Accredo and ESI by May 10, 2024, these agreements impose sharp limitations on JJHCS's ability to use the data it obtained. These use limitations undermine SaveOnSP's theory that JJHCS could have used data it received from ESI or Accredo in order to identify individuals enrolled in the SaveOnSP program.

As to Request 62, SaveOnSP claims that documents concerning "any negotiations between JJHCS and Accredo or ESI . . . are relevant to whether JJHCS "could have asked to purchase data from Accredo that would identify patients on accumulator, maximizer, or SaveOn-advised plans . . . as part of its mitigation efforts." Apr. 4, 2024 Ltr. from E. Snow to J. Long at 6. As we explained when we addressed this very Request months ago, "any documents concerning any underlying negotiations would not provide further relevant information." Jan. 2, 2024 Ltr. from J. Long to E. Snow at 3. JJHCS will produce final, executed data-sharing contracts by May 10, 2024. We invite you to meet and confer if, after reviewing those contracts, you still have questions.

Very truly yours,

Ian Eppler

# EXHIBITS 17-24
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 25

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.     JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.       JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.       JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.       JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.       JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.       JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## **OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS**

1.       JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

     Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 5**

     From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

**Response to Request No. 5**

     In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

     Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 6**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

**Response to Request No. 6**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 7**

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

**Response to Request No. 7**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise

search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP,
including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or in-
formation regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC
Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 15

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

## Response to Request No. 15

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

15

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

18

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect

involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects

to this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS or that are publicly available and therefore equally available to SaveOnSP.

JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the

reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 21

All Documents and Communications regarding any advocacy to or communication with
any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or
Copay Maximizer Services.

## Response to Request No. 21

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

19

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 22

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

## Response to Request No. 22

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous. For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

22

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn." JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS. JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100. Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

**Request No. 28**

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.   all Patients receiving the Janssen Drug;

b.   the number of fills of the Janssen Drug received by each such Patient;

c.   the dosage of the Janssen Drug received by each such Patient for each fill;

d.   the projected number of Patients, average number of fills, and average dosage for
the Janssen Drug;

e.   the cost to manufacture the Janssen Drug;

f.   the sales and marketing budget for the Janssen Drug;

g.   the price of the Janssen Drug;

h.   the revenue received by JJHCS from the Janssen Drug;

i.   all Patients enrolled in the CarePath program for the Janssen Drug;

j.   the dates on which each Patient was enrolled in CarePath;

k.   the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
in CarePath;

l.   the Janssen Drugs for which each Patient enrolled in CarePath received copay
assistance;

m.   all copay assistance payments that JJHCS made to or on behalf each Patient
enrolled in CarePath; and

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

   a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**<u>Response to Request No. 29</u>**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

**Request No. 30**

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

**Response to Request No. 30**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs.  JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous.  JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 31**

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the
amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based
on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs,
including Documents and Communications regarding JJHCS's attempts to limit or eliminate the
availability of CarePath copay assistance funds available to Patients enrolled in health plans
advised by SaveOnSP.

**Response to Request No. 31**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

after a reasonable search.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 32**

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

**Response to Request No. 32**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have.  JJHCS further objects to this Request on the ground that the phrases "CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive any limitation on or elimination of the amount of CarePath copay assistance funds available" are vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 33**

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

**Response to Request No. 33**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

29

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

### Request No. 34

From any time, all Documents and Communications regarding JJHCS's or Janssen's
negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of
any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health
Plans, including JJHCS's abandonment of those negotiations or agreements.

### Response to Request No. 34

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request on the ground that "any assessment of the fair market value of those services" is irrelevant. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession between JJHCS and the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs. JJHCS further objects to this Request on the ground that the phrase

"Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub

Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is

vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period. JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

## Request No. 38

From January 1, 2009 through the present, all Documents and Communications received
by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding
SaveOnSP or CarePath.

## Response to Request No. 38

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

CarePath without relation to SaveOnSP. JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period. JJHCS

further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons

stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating
to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's
return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"Copay Accumulator Services and Copay Accumulator Services" and information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request on the ground that the phrase

"JJHCS's return on investment for copay assistance dollars" is vague and ambiguous.  JJHCS

further objects to this Request as overbroad, unduly burdensome, and not proportional to the

35

needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 43

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

## Response to Request No. 43

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

37

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-

party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 48**

To the extent not requested above, from any time, all Documents and Communications
upon which you may rely in this Action.

**Response to Request No. 48**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications upon which you may rely in this

Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications upon which it intends to rely at trial in compliance with the schedule set by

the Court.  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

14425583

include attorneys and accountants who may be outside of JJHCS's possession, custody, and control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

3.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

4.     JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

5.        JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 49

All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub
Entity, or other entity working on any of their behalves to (a) identify (through non-litigation
means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to
enforce CarePath's terms and conditions against those individuals, including without limitation
by reducing the amount of copay assistance funds provided to those individuals or by
disenrolling those individuals from CarePath.

### Response to Request No. 49

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show (i) final versions of reports received by JJHCS from external vendors in response to JJHCS's request that they analyze CarePath enrollment and claims data to assess whether it is possible to identify individuals enrolled in SaveOnSP; and (ii) JJHCS's internal analyses to assess whether it is possible to identify individuals enrolled in accumulator or maximizer programs generally. JJHCS will further produce documents sufficient to show any attempts to enforce CarePath's terms and conditions against those individuals to the extent that any such documents exist. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

Dated: July 24, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

6

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

14447128

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.  JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.  JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

14447128

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

14447128

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys and accountants who may be outside of JJHCS's possession, custody, and

control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not

proportional to the needs of the case to extent it purports to include "any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or]

representatives" or purports to include entities and persons acting or purporting to act on behalf

of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.,

including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil

Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech,

Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals,

Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and

Janssen Research & Development LLC.

## OBJECTIONS TO THE TIME PERIOD

1.    JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

after July 1, 2022.  Unless otherwise noted, JJHCS will only provide information from April 1,

2016 through July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 50

All Documents and Communications regarding the development of Stelara withMe,
including the decision to create the Stelara withMe program.

### Response to Request No. 50

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents outside of the

relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show why JJHCS decided to create Stelara withMe.  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

## Request No. 51

All Documents and Communications regarding all Stelara withMe terms and conditions,
including between Patients and Care Coordinators and including Documents and
Communications regarding (a) JJHCS's decision to revise any terms and conditions that apply or
have applied to Stelara; (b) JJHCS's understanding of the term "offer" or "health plan" as used in
any terms and conditions that apply or have applied to Stelara; and (c) JJHCS's understanding of
any terms regarding maximizers as used in terms and conditions that apply or have applied to
Stelara.

## Response to Request No. 51

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome,

5

and not proportional to the needs of the case to the extent it seeks documents outside of the

relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the terms and conditions of Stelara withMe.  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

## Request No. 52

All Documents and Communications regarding JJHCS's determination of the amounts of
copay assistance funds that JJHCS offers to patients enrolled in Stelara withMe, including
determination of the maximum program benefit per year, the algorithm used to identify Patients
on maximizer programs, and the CAP Program.

## Response to Request No. 52

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this request as duplicative of RFP Nos. 29 and

49.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the maximum amounts of co-pay assistance offered to patients

enrolled in Stelara withMe.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 53**

All Documents and Communications regarding the development of Tremfya withMe, including the decision to create Tremfya withMe.

**Response to Request No. 53**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to demonstrate why JJHCS decided to create Tremfya withMe.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 54**

All Documents and Communications regarding all Tremfya withMe terms and conditions, including between Patients and Care Coordinators and including Documents and Communications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have applied to Tremfya; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any terms and conditions that apply or have applied to Tremfya; and (c) JJHCS's understanding of any terms regarding maximizers as used in the terms and conditions that apply or have applied to Tremfya.

14447128

**Response to Request No. 54**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the terms and conditions of Tremfya withMe. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 55**

All Documents and Communications regarding JJHCS's determination of the amounts of copay assistance funds that JJHCS offers to patients enrolled in Tremfya withMe, including determination of the maximum program benefit per year, the algorithm used to identify Patients on maximizer programs, and the CAP program.

**Response to Request No. 55**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  JJHCS further objects to this request as duplicative of RFP Nos. 29 and 49.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the maximum amounts of co-pay assistance offered to patients enrolled in Tremfya withMe.

**Request No. 56**

All Documents and Communications regarding the development of Janssen Compass, including the decision to create the Janssen Compass program.

**Response to Request No. 56**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Janssen Compass is irrelevant to this Action for the reasons stated in our letter of August

28, 2023.  JJHCS will not search for or produce documents or communications responsive to this

Request.

### Request No. 57

All Documents and Communications regarding Janssen Compass and CarePath,
SaveOnSP, maximizers, or accumulators, including any Communications by any Janssen
Compass Care Navigator with any Patient, and FAQs, talk tracks, or scripts prepared for use
during those Communications.

### Response to Request No. 57

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents outside of the

relevant Time Period.  JJHCS further objects to this request as duplicative of RFP No. 9.

Janssen Compass is irrelevant to this Action for the reasons stated in our letter of August

28, 2023.  JJHCS will not search for or produce documents responsive to this Request.


Dated: August 28, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
   JEFFREY J. GREENBAUM
   KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

11

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (ES) (CLW) |
| Plaintiff, | **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous and construes this phrase to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.  JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in

which JJHCS may receive "information regarding the pharmacy benefits provided by a health

plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or

another copay accumulator or maximizer service.

2.    JJHCS objects to the definition of the term "Janssen" to the extent the term is

used to seek documents and communications in the possession of entities other than JJHCS.

JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it purports to include "any and all predecessors and

successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,

agents, representatives, directors, officers, employees, committees, attorneys, accountants and

all persons or entities acting or purporting to act on behalf" of those entities.

3.    JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys and accountants who may be outside of JJHCS's possession, custody, and

control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not

proportional to the needs of the case to extent it purports to include "any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or]

representatives" or purports to include entities and persons acting or purporting to act on behalf

of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.,

including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil

Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech,

Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals,

Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and

Janssen Research & Development LLC.

4.    JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and

4

as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and

not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April

1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 58

All documents or communications related to Benefits Investigations undertaken by
JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person
enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

### Response to Request No. 58

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request to the extent it uses the terms

"Benefits Investigations," "JJHCS," and "JJHCS Hub Entity" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents

outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 59**

To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

**Response to Request No. 59**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "Benefits Investigations," "JJHCS," and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to SaveOnSP. JJHCS further objects to this Request as duplicative of Request No. 58.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 58.  Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

**Request No. 60**

Documents sufficient to show any agreements entered into or in place during the relevant
time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on
the other hand, regarding the provision of patient information or data.

**Response to Request No. 60**

In addition to the foregoing general objections, JJHCS objects to this Request to the

extent it seeks information that is exempt from discovery and protected from disclosure by any

privilege including, without limitation, the First Amendment privilege, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents outside of the relevant Time Period.

JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub

Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show any agreements entered into or in place during the relevant time

period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the

other hand, regarding the provision of patient information or data during the relevant Time

Period, to the extent that such documents exist and can be located after a reasonable search.

Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 61**

Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub

Entity regarding Persons enrolled in CarePath.

**Response to Request No. 61**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "any" information or data regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks "patient information or data . . . regarding Persons enrolled in CarePath" that is unrelated to Benefits Investigations. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. To the extent that documents responsive to this Request are also responsive to prior Requests for Production from JJHCS or TrialCard, subject to prior objections and those presented here, JJHCS and TrialCard have already agreed to produce those documents from the relevant Time Period. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 62**

Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available

in such data.

**Response to Request No. 62**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "any" negotiations regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to the extent that it seeks information related to "negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data" that is unrelated to Benefits Investigations.  JJHCS further objects to this Request on the ground that the phrase "show any negotiations engaged in . . . to obtain data" is vague and ambiguous.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58.  To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce those responsive documents from the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

Dated: November 20, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.    JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

### OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2.      JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.  JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

3.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

4.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad,

unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

5.    JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.    JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

      7.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

**OBJECTIONS TO THE TIME PERIOD**

      1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and

not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023. Unless otherwise noted, JJHCS will only provide information from April

1, 2016 through November 7, 2023 (the "Time Period").

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 63**

      All Documents and Communications regarding JJHCS's efforts to directly reimburse
patients for out-of-pocket costs after the patient acquires a Janssen Drug.

**Response to Request No. 63**

      In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS objects to

6

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to JJHCS's efforts to provide copay assistance funds to patients and unrelated to the CarePath program (and the "withMe" programs). JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications related to "efforts to directly reimburse patients for out-of-pocket costs" that are unrelated to SaveOnSP. JJHCS further objects to this request as duplicative of Request Nos. 26 and 28; in response to those Requests, subject to objections made thereto, JJHCS already has produced data regarding payments to patients to reimburse them for their out-of-pocket costs.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 64**

All Documents and Communications regarding ███████████████████
███████████████████████████████████████████████████████████. *See*
ARCHBOW_000219.

**Response to Request No. 64**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks documents and communications that are exempt

from discovery and protected from disclosure by any privilege. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to

Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this

Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS

further objects to this Request to the extent it seeks documents and communications in the

possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of

Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to

Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55. To the extent that documents or communications

responsive to this Request are also responsive to prior Requests for Production, JJHCS has

already agreed to produce responsive, non-privileged documents, subject to prior objections and

those presented here, including but not limited to those documents related to the CAP Program,

consistent with the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

**Request No. 65**

All Documents and Communications regarding ███████████████████████
████████████████████████████████████████████████  *See* ARCHBOW_000241.

**Response to Request No. 65**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications that are exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to

Definitions.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.  JJHCS further objects to this

Request as duplicative of Request Nos. 8, 31, 33, 49, 64, and 66.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to

Request Nos. 8, 31, 33, 49, 64, and 66.  To the extent that documents responsive to this Request

are also responsive to prior Requests for Production, JJHCS has already agreed to produce those

documents from the relevant Time Period, subject to JJHCS's prior objections and those

presented here.  JJHCS will update its production pursuant to the Court's November 7, 2023

Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

9

**Request No. 66**

All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

**Response to Request No. 66**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP, Express Scripts, or Accredo. JJHCS further objects to this Request as duplicative of Request Nos. 8, 31, 33, 49, 64 and 65.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request Nos. 8, 31, 33, 49, 64 and 65. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period subject to JJHCS's prior objections. JJHCS will update its production pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 67**

Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

**Response to Request No. 67**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and information that is unrelated to the CarePath program and any withMe programs. JJHCS further objects to this Request as duplicative of Request Nos. 26 and 28; in response to those Requests, JJHCS already has produced data regarding payments to patients.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 68**

All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

**Response to Request No. 68**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks documents and communications between JJHCS and Archbow that are unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections and to objections to other Requests, JJHCS has already agreed to produce responsive, non-privileged documents that relate to SaveOnSP, including those documents related to the CAP Program consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 69**

All Documents and Communications with or regarding ███████████████████████
*See* ARCHBOW_000103.

**Response to Request No. 69**

In addition to the foregoing general objections, JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request No. 8. To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce responsive, non-privileged documents, including those related to the CAP Program, consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 70**

All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

**Response to Request No. 70**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action. JJHCS further objects

13

to this Request to the extent it seeks documents and communications that are exempt from

discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request

to the extent it uses the terms "JJHCS" and "Best Price" for the reasons stated in JJHCS's

Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 71**

Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay
assistance payments and other provision of funds to patients for the purpose of internal reports,
bookkeeping, internal or external financial reporting, including without limitation reporting for
tax purposes or compliance with any other law, including without limitation whether JJHCS
accounts for those payments as charity, charitable contributions, business expenses, rebates,
discounts, marketing, or otherwise.

**Response to Request No. 71**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action.  JJHCS further objects to this Request to the

extent it seeks information that is exempt from discovery and protected from disclosure by any

privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the

reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 72**

All Documents and Communications regarding ███████████████████████████
████████████████████████████████████████████████████████
████████████████████.  *See* ARCHBOW_000438.

**Response to Request No. 72**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 68.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 73**

All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow. *See* ARCHBOW_000306; ARCHBOW_000439.

**Response to Request No. 73**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP and the CarePath program and any withMe programs.

15

JJHCS further objects to this Request to the extent it seeks information that is exempt from

discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request

as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it uses the terms "Archbow" and "Janssen" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents

and communications in the possession of entities other than JJHCS.  JJHCS further objects to

this Request as duplicative of Request Nos. 20, 41, 42 and 68.

Subject to the foregoing objections, to the extent that documents responsive to this

Request are also responsive to prior Requests for Production, JJHCS has already agreed to

produce those documents from the relevant Time Period, subject to JJHCS's prior objections.

JJHCS will update its production of responsive, non-privileged documents to those Requests

pursuant to the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will

not search for or produce documents or communications responsive to this Request.

## Request No. 74

All Documents and Communications regarding the funds that JJHCS provides to patients
taking Janssen Drugs (including without limitation CarePath funds and any other funds)
compared to the revenue that Janssen receives from the sales of Janssen Drugs, including without
limitations discussions with Archbow.  *See* ARCHBOW_000440.

## Response to Request No. 74

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all documents and communications" regarding a broad

subject matter.  JJHCS further objects to this Request as irrelevant to the extent that it seeks

information unrelated to SaveOnSP and unrelated to the CarePath program and any withMe

programs.  JJHCS further objects to this Request to the extent it seeks information that is exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the terms "JJHCS," "Janssen," and "Archbow" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.  JJHCS further

objects to this Request as duplicative of Request Nos. 29 and 41.  JJHCS also objects to this

Request to the extent that it seeks documents that the Court specifically declined to order JJHCS

to produce on March 17 and October 30, 2023.

JJHCS will not search for or produce documents or communications responsive to this

Request.

### Request No. 75

All Documents and Communications with entities other than JJHCS regarding the above-
captioned lawsuit or any potential lawsuit against SaveOnSP, including without limitation
discussions with Archbow. *See* ARCHBOW_000443.

### Response to Request No. 75

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all documents and communications" regarding a broad

subject matter.  JJHCS further objects to this Request to the extent it seeks information that is

exempt from discovery and protected from disclosure by any privilege, including without

limitation the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure,

the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents

and communications in the possession of entities other than JJHCS.  JJHCS further objects to

this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request No. 8.  To the extent that documents responsive to this Request are also responsive to

prior Requests for Production, JJHCS has already agreed to produce those documents from the

relevant Time Period, subject to JJHCS's prior objections and those objections presented here.

JJHCS will update its production pursuant to the Court's November 7, 2023 Order.  (*See* Dkt.

No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

### Request No. 76

All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one
hand, and JJHCS or any Hub Entity, on the other hand.

### Response to Request No. 76

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all" recordings regarding a broad subject matter.  JJHCS

further objects to this Request to the extent it seeks information that is exempt from discovery

and protected from disclosure by any privilege.  JJHCS further objects to this Request as unduly

burdensome because it requires JJHCS to identify recordings of calls without the benefit of

identifying information—specifically, all names (including the many pseudonyms and false

claims of affiliation with various health plans, insurance companies and pharmacies made by

SaveOnSP) and phone numbers used by SaveOnSP employees who called JJHCS and its

affiliates—that SaveOnSP has not provided. JJHCS further objects to this Request to the extent

it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections

to Definitions. JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents or communications responsive to this

Request.

Dated: December 18, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the

General Objections below into its specific objections to each Request, whether or not each such

General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to

supplement, amend, modify, or correct its responses under Rule 26(e) should it discover

additional information or grounds for objections at any time prior to the conclusion of this

Action.  The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Requests to the extent that they seek documents or

information protected from disclosure by a privilege including, without limitation, the attorney-

client privilege, the work-product doctrine, the joint defense privilege, the common interest

privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules

of the Court, and relevant case law.  The inadvertent production by JJHCS of information,

documents, materials, or things covered by any privilege or doctrine shall not constitute a

waiver of any applicable privilege or doctrine, including but not limited to, objections on the

basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or

admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.    JJHCS objects to the Requests to the extent that they seek documents or

information that are not relevant to a claim or defense or to the subject matter of this litigation.

Any response JJHCS makes to any Request shall not be deemed an admission that the response,

information, document, or thing produced is relevant to a claim or defense or to the subject

matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence,

is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

**OBJECTIONS TO DEFINITIONS**

1.       JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

3

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2.      JJHCS objects to the definition of the term "Avalere" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Avalere." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Avalere.

3.      JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service. JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

4.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

5.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

6.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals,

Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research &
Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion
Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development
LLC.

7.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and
as irrelevant to the extent it purports to include entities other than those responsible for
administering CarePath during the relevant Time Period.  JJHCS further objects to the
definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the
extent it includes "any and all predecessors and successors in interest, assignees, parents,
subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,
employees, committees, attorneys, accountants and all persons or entities acting or purporting to
act on behalf" of those entities.  JJHCS further objects on the ground that the phrase
"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to
the extent the term is used to seek documents and communications in the possession of entities
other than JJHCS.

8.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly
burdensome, and not proportional to the needs of the case to the extent it includes "any and all
predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or
departments, agents, representatives, directors, officers, employees, committees, attorneys,
accountants and all persons or entities acting or purporting to act on behalf or under the control
of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek
documents and communications in the possession of entities other than JJHCS.

9.     JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.     JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and

not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April

1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 77

All Documents and Communications regarding efforts by JJHCS to work with, inform,
sponsor, or influence patient advocacy groups regarding those organizations' public statements,
patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers,
Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of
Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network,
American Chronic Pain Association, American College of Rheumatology, American Diabetes
Association, American Kidney Fund, American Lung Association, American Society of Clinical
Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's &
Colitis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association,
COPD Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV +
Hepatitis Policy Institute, Immune Deficiency Foundation, International Myeloma Foundation,
Leukemia & Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus
Foundation of America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's
Health Network, Multiple Sclerosis Association of America, Nashville CARES, National
Alopecia Areata Foundation, National Multiple Sclerosis Association of America, National
Multiple Sclerosis Society, National Oncology State Network, National Organization of Rare
Disorders, National Psoriasis Foundation, Prevent Blindness, Pulmonary Hypertension
Association, Rheumatology Research Foundation, Scleroderma Foundation, Stand Up To

Cancer, Susan G. Komen, The ALS Association, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and ZERO Prostate Cancer).

**Response to Request No. 77**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP and communications with multiple entities whose relevance has not been established. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this request as duplicative of Request Nos. 8, 20, and 21, and JJHCS incorporates by reference its response to those Requests.

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents."

*See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Subject to prior objections and those

presented here, JJHCS has or will update its production of any documents responsive to Request

Nos. 8 and 20 pursuant to the Court's November 7, 2023 Order.  *See* Dkt. No. 173.  Otherwise,

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 78**

All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence pharmaceutical industry associations or groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to Biotechnology Innovation Organization, Pharmaceutical Care Management Association, and Pharmaceutical Research and Manufacturers of America).

**Response to Request No. 78**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS objects to

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents

and communications unrelated to SaveOnSP and communications with multiple entities whose

relevance has not been established.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons

stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks

documents and communications outside of the relevant Time Period.  JJHCS further objects to

this request as duplicative of Request Nos. 8, 20, and 21, and JJHCS incorporates by reference its

response to those Requests.

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents.  To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents." *See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Subject to prior objections and those presented here, JJHCS has or will update its production of any documents responsive to Request Nos. 8 and 20 pursuant to the Court's November 7, 2023 Order.  *See* Dkt. No. 173.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 79

All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug.

## Response to Request No. 79

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to the extent it seeks information unrelated to the claims and defenses in this Action, including information related to the calculation of Best Price for each Janssen Drug.  Issues related to "Best Price" are completely irrelevant to this action.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to

10

this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the terms "Janssen Drug" and "JJHCS" for the reasons stated in

JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.  JJHCS further

objects to this Request to the extent it is duplicative of Request No. 28, and JJHCS incorporates

by reference its response to that Request and its subsequent representations regarding that

Request.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 80**

A copy of each final contract executed between JJHCS and TrialCard regarding
CarePath, including without limitation any final work order.

**Response to Request No. 80**

In addition to the foregoing general objections, JJHCS objects to this Request to the

extent it seeks documents and communications that are exempt from discovery and protected

from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses

the terms "JJHCS" and "TrialCard" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the

extent it seeks documents and communications unrelated to SaveOnSP or copay assistance

provided through the CarePath program.  JJHCS further objects to this Request to the extent it

seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged final contracts between JJHCS and TrialCard from the Time Period concerning copay assistance provided through the CarePath program, to the extent that such contracts exist, are in JJHCS's possession, and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 81**

All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

**Response to Request No. 81**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "TrialCard" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks non-final, draft contracts that were never adopted or that do not concern Copay Assistance or SaveOnSP. JJHCS further objects to this Request as duplicative of Request No. 80.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 82**

All Documents and Communications between JJHCS and Avalere regarding CarePath or Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators, and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to medication, and (4) reevaluating or changing Copay Assistance Programs based on expected changes to the Best Price Rule.

**Response to Request No. 82**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request as irrelevant to any claim or defense in this Action insofar as it seeks

information related to patient satisfaction with copay assistance programs (including copay

assistance programs not at issue in this Action), the impact of copay assistance programs on

patient adherence to medication, and purported changes to CarePath's copay assistance program

based on expected changes to the Best Price Rule.  JJHCS further objects to this Request as

irrelevant to the extent that it seeks documents and communications between JJHCS and Avalere

that are unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks

documents and communications that are exempt from discovery and protected from disclosure

by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and

not proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and

"Avalere" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to

this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

Dated: January 29, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM
KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

14

# Exhibit 26

## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

February 14, 2023

Anthony C. LoMonaco
Associate
(212) 336-2642
alomonaco@pbwt.com

**VIA EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
mnelson@selendygay.com

> Re:    **SaveOnSP's Requests For Production**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> No. 22 Civ. 2632 (JMV) (CLW)

Dear Meredith:

We write in response to your letter dated February 7, 2023 regarding Save On SP, LLC's ("SaveOnSP") First Set of Requests for Production and First Set of Interrogatories. Below, we identify potential areas of compromise, as well as areas where we agree that the parties are at an impasse.

## I.    GLOBAL ISSUES

### A.    Documents Related to the Development and Marketing of CarePath and SaveOnSP's Financial Impact on JJHCS and CarePath (RFP Nos. 11, 26, 28-30, 36-37)

As we explained in our January 6 and 27 letters and during our meet and confers, SaveOnSP's requests for documents related to the development and marketing of CarePath seek documents that are not relevant and the requests are not proportional to the needs of this litigation. Nevertheless, we have offered to produce certain responsive documents in our February 9, 2023 letter. We are willing to discuss this subject further in the hope that continued dialogue will persuade SaveOnSP to reconsider its position.

Further, with respect to SaveOnSP's financial impact on JJHCS and CarePath, JJHCS has already agreed to produce, *inter alia*:

- "all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period,"

Meredith Nelson, Esq.
February 14, 2023
Page 2

- "the data that formed the basis for the allegations in Complaint ¶¶ 92-100,"

- "JJHCS's budget for copay assistance through CarePath," and

- "JJHCS's actual and projected annual costs for CarePath."

*See* R&Os to SaveOnSP's RFP Nos. 25, 27, 29.

As we explained in our January 6 and 27 letters and during our meet and confers, we do not agree that these documents are insufficient for the needs of the case, but we are willing to discuss this further as well.

**B.      JJHCS Hub Entities, Janssen, and Other J&J Entities**

**1.      Documents of JJHCS Hub Entities**

In your letter, you raise several issues relating to "documents of JJHCS Hub Entities." We address each in turn.

*First*, you asked us to clarify the role of Lash Group. Our current understanding remains that Lash Group did not have a comparable role to Trial Card in the administration of CarePath's copay assistance program. As we have said before, Trial Card is the entity that did the work of administering CarePath's copay assistance program and we have already agreed to facilitate a document production from Trial Card. All that said, we are continuing to investigate and will follow up with more details about Lash Group's role in a separate letter as soon as possible.

*Second*, you asked us to state "whether any entity other than Trial Card was in any way involved in enrolling patients in CarePath, assisting patients with their copay assistance cards, or providing any other administrative service which was also provided by Trial Card." You also asked us to provide "(1) the identities of Hub Entities involved in the development and marketing of CarePath from 2009 to present; and (2) the identities of Hub Entities involved in the administration of CarePath from 2009 to 2016." Finally, you asked us to provide the identities of any entities that provide "limited, episodic services to JJHCS relating to CarePath," and further information on the services provided by these vendors.

For the reasons set forth in our previous letters and at our meet and confers, documents and information from before 2017 and documents and information relating to the development and marketing of CarePath are not relevant to this action. Therefore, JJHCS will not identify all the entities—of which there are many—who have played any role in the operation of CarePath. Nevertheless, in an effort accommodate SaveOnSP's request for additional information, JJHCS identifies the following examples of entities that have provided certain services related to CarePath:

Meredith Nelson, Esq.
February 14, 2023
Page 3

- ***EagleForce***.  A vendor that works with TrialCard to ensure that a patient who is enrolling in copay assistance is not insured by a government payor, such as Medicaid.  The EagleForce check is performed electronically and EagleForce rarely communicates with patients directly.

- ***IBM***.  A vendor that developed and maintains the IT infrastructure for the CarePath website and certain data sharing platforms between TrialCard and JJHCS.

- ***TJ Paul***.  A vendor that provides marketing and design support, such as input on fonts and logos for the CarePath website.

- Numerous other agencies have been engaged to design content for CarePath marketing, promotional, and educational materials (all of which then go through JJHCS's internal review before issuance).

JJHCS does not represent that the list above is exhaustive.  The JJHCS teams that support CarePath are able to engage vendors as needed, subject to certain internal review and procurement processes, and it is possible that other vendors have performed services related to the development and marketing of CarePath.  However, other than EagleForce, which has a limited, discrete role in CarePath, JJHCS is unaware of other entities involved in "enrolling patients in CarePath, assisting patients with their copay assistance cards, or providing any other administrative service which was also provided by Trial Card."

## 2.    Documents of J&J and Janssen Entities other than JJHCS

As we explained in our January 6 and 27 letters and during our meet and confers, while JJHCS is prepared to make arrangements with its corporate affiliates to produce documents from other Johnson & Johnson or Janssen entities if required, SaveOnSP has not yet provided a compelling reason to do so.  We have explained to you before that Johnson & Johnson is composed of more than 200 affiliates with over 100,000 employees.  SaveOnSP's insistence that JJHCS is required to conduct an investigation throughout the entire Johnson & Johnson organization for documents that are possibly responsive to SaveOnSP's requests when it has already determined that JJHCS is the entity that manages the CarePath program is evidently driven by a motivation to impose burden and cost on JJHCS without any legitimate rationale.

We are willing to discuss this issue further in the hope that continued dialogue will persuade SaveOnSP to reconsider its position.

Meredith Nelson, Esq.
February 14, 2023
Page 4

### 3.     Interrogatories Concerning Hub Entities, J&J, and Janssen

JJHCS has complied with your Interrogatories and submitted verified responses that identify the relevant individuals at JJHCS and Trial Card. We are happy to discuss this issue further, if it would be helpful.

### C.     Time Period

### 1.     Documents and Information Back to January 1, 2009 (RFP Nos. 1-7, 11-13, 28-30, and 36-37; Interrogatory Nos. 1-4)

SaveOnSP continues to seek documents from January 1, 2009 onward for various requests. As we explained in our January 6 and 27 letters and during our meet and confers, a starting date of 2009 is vastly overbroad for the needs of this case and is unacceptable to JJHCS. As we have told you repeatedly in our many meet and confer sessions, the January 1, 2009 date is disconnected from any facts or events that are pertinent to this lawsuit. It is almost a decade before SaveOnSP was created. It is eight years before the allegations in the Complaint. Never once has SaveOnSP identified any possible rationale for its selection of this specific date. Nor could it, as it was selected by SaveOnSP for a single self-evident purpose: to impose unnecessary expense and burden on JJHCS.

JJHCS is prepared to produce documents from January 1, 2016, for certain categories of documents, in an effort to compromise. We remain willing to discuss this issue further in the hope that continued dialogue will persuade SaveOnSP to reconsider its position.

### 2.     Documents Dating Back to January 1, 2015 (RFP Nos. 14, 41, 42)

For certain documents relating to health plans' ability to designate specialty drugs as Essential Health Benefits ("EHBs") or Non-Essential Health Benefits ("NEHBs") under the Affordable Care Act ("ACA"), as well as JJHCS's understanding of Copay Accumulator Services and Copay Maximizer Services, SaveOnSP continues to seek a date range starting January 1, 2015 on the theory that "January 1, 2015 is the date on which we understand the relevant provisions of the ACA and related regulations concerning EHB requirements and out of pocket maximums came into effect." As we stated in our January 27 letter, a starting date of 2015 is also overbroad date range for the needs of this case. We confirm that the basis for this objection is both relevance and burden, but we nevertheless remain willing to discuss this further in the hope that continued dialogue will persuade SaveOnSP to reconsider its position.

### D.     Documents and Information Related to Accumulators and Maximizers (RFP Nos. 20, 21, 41-43; Interrogatory No. 7)

As we explained in our Responses and Objections, JJHCS will produce documents and communications from January 1, 2017 through July 1, 2022 relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to

Meredith Nelson, Esq.
February 14, 2023
Page 5

SaveOnSP. JJHCS R&O to RFP No. 42. Additionally, in our February 9, 2023 letter, we noted that, with respect to SaveOnSP's RFP No. 20, JJHCS is willing to produce studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents, provided that SaveOnSP is willing to make a reciprocal production of documents in response to JJHCS's RFP No. 45.[1]

Please confirm that SaveOnSP accepts this compromise with respect to these requests.

## II.    ISSUES RELATED TO SPECIFIC REQUESTS

### A.    RFP No. 11

We write to confirm that JJHCS has not operated any copay assistance programs other than CarePath since CarePath was created in its current form in June 2016. JJHCS will not produce documents concerning any copay assistance program that predated CarePath. As discussed earlier, SaveOnSP has failed to identify any legitimate basis for this request. We agree that the parties are at an impasse on this issue and may present this dispute to the Court.

### B.    RFP Nos. 12 and 13

As we explained in our January 27, 2023 letter, JJHCS would be willing to produce internal communications relating to the drafting of CarePath's terms and conditions if SaveOnSP would be willing to produce internal communications responsive to JJHCS's RFP No. 17. In our February 9, 2023 letter, we offered to further narrow the categories of internal communications responsive to JJHCS's RFP No. 17 that JJHCS would accept. If SaveOnSP agrees to produce documents responsive to JJHCS's RFP No. 17 as laid out in our February 9, 2023 letter, then JJHCS would be willing to produce internal communications relating to the drafting of CarePath's terms and conditions.

Please let us know if SaveOnSP accepts the compromise with respect to these requests.

### C.    RFP No. 14

We write to confirm that JJHCS is willing to produce documents responsive to this request regarding JJHCS's understanding of commercial health plans' ability to designate specialty drugs as essential health benefits ("EHB") or non-essential health benefits ("NEHB")

---

[1] As noted in our February 9, 2023 letter, however, JJHCS is not willing to withdraw its RFP No. 43, which seeks documents relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

Meredith Nelson, Esq.
February 14, 2023
Page 6

under the Affordable Care Act and its regulations for the time period of January 1, 2017 to July 1, 2022. JJHCS will not search for documents that predate this time period, as such a search would be unduly burdensome and irrelevant to the needs of this action, given that SaveOnSP did not begin operations until 2017. We believe that the parties are at an impasse on this issue with respect to documents before January 1, 2017 and may present this dispute to the Court.

### D.  RFP No. 21

We write to memorialize the fact that SaveOnSP is deferring its request for documents responsive to this RFP at this time.

### E.  RFP No. 25

JJHCS confirms that there are no further disputes on this RFP. JJHCS will produce all non-privileged documents responsive to this request.

### F.  RFP Nos. 26 and 32

In your letter, you raise two issues relating to SaveOnSP's RFP Nos. 26 and 32, seeking "documents and communications concerning the payment of Patient's costs, including payments in excess of the advertised cap on per-patient funds, by JJHCS, Janssen, or any Hub Entity." We address each in turn.

*First*, you asked that we confirm whether JJHCS intends to provide patient-level data regarding the actual amounts paid to patients in copay assistance. To clarify, in our January 27, 2023 letter, we proposed a compromise on SaveOnSP's RFP Nos. 26 and 32 in which JJHCS is willing to produce the data requested in items i. through m. for RFP No. 28, which includes data regarding the actual amounts paid to patients in copay assistance, if SaveOnSP would in turn agree to produce the information sought in JJHCS's RFP Nos. 41 and 42. We reiterated this proposal in our February 9, 2023 letter and reiterate it in Section II.G, *infra*. If SaveOnSP agrees, JJHCS will provide patient-level data regarding the actual amounts paid to patients in copay assistance from January 1, 2016 to July 1, 2022, to the extent such data exists and can be located after a reasonable search.

*Second*, you asked JJHCS to confirm—without offering any rationale—that it will provide patient-level data by Friday, March 3, 2023. JJHCS agrees to produce this data early in the discovery process but does not consent to SaveOnSP's attempt to impose an arbitrary and unilateral deadline on production.

Please confirm whether you agree to the compromise outlined above.

Meredith Nelson, Esq.
February 14, 2023
Page 7

**G.    RFP Nos. 28 and 29**

In your letter, you asked whether JJHCS consents to the following proposal: if JJHCS will produce the data items sought by i. through m. of RFP No. 28 from January 1, 2009 to July 1, 2022, SaveOnSP will produce data sufficient to show, for each Janssen Drug, the total number of patients enrolled in SaveOnSP-advised plans who received CarePath funds for the given drug; the total CarePath funds received by those patients for the given drug; the pharmacies at which those patients filled the given drug; and the average copay or coinsurance amount for the given drug for patients enrolled in plans advised by SaveOnSP.

As explained more fully in Section I.C, *supra*, and in other sections of this letter, much of the information sought from these requests is irrelevant to the claims and defenses in this case.  Further, the additional categories of information offered by SaveOnSP are insufficient because they do not include non-Janssen drugs and they only include aggregate, rather than patient-specific data.  Accordingly, as outlined in our February 9, 2023 letter, JJHCS renews its compromise proposal: if SaveOnSP is willing to produce the information sought in RFP Nos. 41 and 42, JJHCS will produce any available data responsive to parts (i) through (m) of SaveOnSP's RFP No. 28 for the period of January 1, 2016 through July 1, 2022.

Please let us know if you accept JJHCS's proposed compromise above.

**H.    RFP No. 34**

We write to confirm that J&J never signed a contract with SaveOnSP, nor was JJHCS involved in any such negotiations.  Therefore, JJHCS will not produce any documents responsive to RFP No. 34, as these documents are irrelevant to the claims and defenses in this action.

Accordingly, JJHCS agrees that the parties are at an impasse on this issue and may present this dispute to the Court.

**I.    RFP Nos. 36 and 37**

We write to memorialize the fact that SaveOnSP is deferring its request for documents responsive to RFP No. 36 at this time.

With respect to RFP No. 37, in its letter dated January 27, 2023, JJHCS clarified that because, after further investigation, it determined that it does not keep statistics on whether patients sign up for CarePath after being contacted by JJHCS or its vendors, we have no documents to produce, rendering this request moot.  In your letter, you dispute that RFP No. 37 has been mooted, claiming that "RFP No. 37 is not limited to formal enrollment statistics, and the mere fact that JJHCS itself does not keep those statistics does not mean that JJHCS cannot produce documents, such as enrollment records, which would allow SaveOnSP to calculate the proportion of patients who enroll in CarePath after being contacted by JJHCS or its affiliates."

Meredith Nelson, Esq.
February 14, 2023
Page 8

These documents are irrelevant to the claims and defenses in this litigation. However, to the extent SaveOnSP seeks enrollment data for CarePath, as indicated above and in our January 27, 2023 letter, JJHCS is willing to produce such data in response to parts (i) through (m) of RFP No. 28, if SaveOnSP is willing to produce the categories of data requested in JJHCS's RFP Nos. 41 and 42.

Please let us know whether SaveOnSP accepts this proposal.

\* \* \*

We are available to meet and confer regarding the issues outlined above at your convenience.  We look forward to your response.

Very truly yours,

*/s/Anthony C. LoMonaco*
Anthony C. LoMonaco

# EXHIBITS 27-33
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 34

David Elsberg
Andrew R. Dunlap
Meredith Nelson
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br>                 Plaintiff, <br><br>       v. <br><br> SAVE ON SP, LLC, <br><br>                Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP") requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties or ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  November 11, 2022          By:  /s/ Andrew R. Dunlap
                                        David Elsberg
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        SELENDY GAY ELSBERG, PLLC
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        212-390-9000
                                        deslberg@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com

                                        E. Evans Wohlforth, Jr.
                                        GIBBONS P.C.
                                        One Gateway Center
                                        Newark, NJ 07102-5310

2

973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "Affordable Care Act" means the Patient Protection and Affordable Care Act, Pub. L. 148, 124 Stat. 119.

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

9.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

4

10.    "CarePath Care Coordinator" means any person or entity encompassed by that term as used on CarePath's "Contact Us" webpage,[1] as well as any person responsible for communicating with patients who contact CarePath via an advertised help number (*e.g.*, 877-CarePath).

11.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12.    "Complaint" means JJHCS's May 4, 2022 Complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

13.    "Copay Accumulator Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

14.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

15.    "Copay Maximizer Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay

---

[1] *See* Contact Us, https://www.janssencarepath.com/patient/contact-us (last visited October 25, 2022).

assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maxi-mizer."

16.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.    "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.    "Essential Health Benefit" means, in the context of prescription drug benefits at issue in this case, (a) a prescription drug benefit that satisfies the requirement for a plan to provide essential prescription drug benefits under the Affordable Care Act or that is treated as such by a plan;[2] and (b) any definition JJHCS ascribes to the term "essential health benefit" as used in the Complaint.

19.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.    "Including" means including but not limited to.

21.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

---

[2] 45 C.F.R. §§ 156.122, 156.115.

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

23.    "JJHCS's Employee Health Plans" means any health plan offered by JJHCS or Janssen to its employees.

24.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

25.    "JJHCS Access Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Access Group, Access Team, or Access Division).

26.     "JJHCS Health Economics Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Health Economics Group, Health Economics Team, or Health Economics Division).

27.     "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

28.     "JJHCS Outcome Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Outcome Group, Outcome Team, or Outcome Division).

29.     "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

30.     "Non-Essential Health Benefits" means, in the context of prescription drug benefits at issue in this case, (a) any prescription drug benefit covered by a plan in excess of those necessary for a plan to satisfy the requirements for providing essential prescription drug health benefits under the Affordable Care Act[3] and designated by the plan as a non-essential health benefit; and (b) any definition JJHCS ascribes to the term "non-essential health benefits" as used in the Complaint.

31.     "Parties" means "SaveOnSP" and "JJHCS."

32.     "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

_____

[3] *See* 45 C.F.R. §§ 156.122, 156.115.

33.    "Person" means a natural person or legal entity including any business or governmental entity or association.

34.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

35.    "Request" means any of these Requests for Production.

36.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

37.    "SaveOnSP IPBC Video" means the IPBC and SaveOnSP training video created by Express Scripts as defined in Complaint ¶ 9.

38.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

39.    "Stelara" means the Janssen Drug sold under that name.

40.    "Tremfya" means the Janssen Drug sold under that name.

41.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

42.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged material. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information

10

requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.      Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.      Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.      Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.      These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

**TIME PERIOD**

Unless otherwise specified, these Requests cover from and including January 1, 2017, through the present.

**REQUESTS**

1.    From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

2.    From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

3.    From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

4.    From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

5.    From January 1, 2009 through the present, Documents sufficient to show the organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to identify employees working in those groups.

6.    From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

7.    From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

8.    All Documents and Communications with or regarding SaveOnSP.

9.      All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

10.     All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

11.     From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

12.     From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

13.     From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

14.     From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under

the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

15.    All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

16.    All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

17.    All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

18.    All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

19.    All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

20.    All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

14

21.     All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

22.     All Documents and Communications regarding any alleged harm caused by Save-OnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

23.     All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

24.     All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than Care-Path, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

25.     All Documents and Communications regarding any alleged harm caused by Save-OnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 110, 115.

26.     All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

27.     All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

28.     From January 1, 2009 through the present, for each Janssen Drug for each year, Documents sufficient to show:

a.    all Patients receiving the Janssen Drug;

b.    the number of fills of the Janssen Drug received by each such Patient;

c.    the dosage of the Janssen Drug received by each such Patient for each fill;

d.    the projected number of Patients, average number of fills, and average dosage for the Janssen Drug;

e.    the cost to manufacture the Janssen Drug;

f.    the sales and marketing budget for the Janssen Drug;

g.    the price of the Janssen Drug;

h.    the revenue received by JJHCS from the Janssen Drug;

i.    all Patients enrolled in the CarePath program for the Janssen Drug;

j.    the dates on which each Patient was enrolled in CarePath;

k.    the amounts of copay assistance funds that JJHCS offered to each Patient enrolled in CarePath;

l.    the Janssen Drugs for which each Patient enrolled in CarePath received copay assistance;

m.    all copay assistance payments that JJHCS made to or on behalf each Patient enrolled in CarePath; and

29.    From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

16

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

30.      From January 1, 2009 through the present, for each year for each Janssen Drug, all Documents and Communications regarding the basis for Janssen's decision to raise or lower the price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the Janssen Drug.

31.      All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the

17

availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

32.    All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

33.    All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

34.    From any time, all Documents and Communications regarding JJHCS's or Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's abandonment of those negotiations or agreements.

35.    Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

36.    From January 1, 2009 through the present, Documents sufficient to show the economic terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care Coordinator regarding CarePath, including any assessment of the fair market value of those services.

37.    From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

38.     From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

39.     All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

40.     All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

41.     From January 1, 2015 through the present, all Documents and Communications relating to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's return on investment for copay assistance dollars.

42.     From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

43.     All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

44.     To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

45.     JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

46.     Complete data dictionaries for any data that You produce.

19

47.     From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

48.     To the extent not requested above, from any time, all Documents and Communications upon which you may rely in this Action.

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

2

Dated:  June 23, 2023

By: _/s/ E. Evans Wohlforth, Jr._____
E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

The following definitions apply to these Interrogatories:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

8.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

9.      "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

4

10.     "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

11.     "<u>ESI</u>" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

12.     "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

13.     "<u>Including</u>" means including but not limited to.

14.     "<u>Janssen</u>" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

15.     "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil

Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

16. "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

17. "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

18. "Person" means a natural person or legal entity including any business or governmental entity or association.

19. "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

20.    "Request" means any of these Requests for Production.

21.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

22.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

23.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representa-tives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

24.    "You" and "Your" means JJHCS.


## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of  Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including January 1, 2017, through the present.

## REQUESTS

49.     All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

9

E. Evans Wohlforth, Jr.
Katherine Katchen
ROBINSON COLE LLP
666 Third Avenue #20
New York, NY 10174
ewohlforth@rc.com
kkatchen@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>                    Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.

One Riverfront Plaza
Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  July 27, 2023          By: */s/ E. Evans Wohlforth, Jr.*
                                   E. Evans Wohlforth, Jr.
                                   Katherine Katchen
                                   ROBINSON COLE LLP
                                   666 Third Avenue #20
                                   New York, NY 10174
                                   ewohlforth@rc.com
                                   kkatchen@rc.com

                                   David Elsberg
                                   Andrew R. Dunlap
                                   Meredith Nelson
                                   Elizabeth Snow
                                   SELENDY GAY ELSBERG, PLLC
                                   1290 Avenue of the Americas
                                   New York, NY 10104
                                   212-390-9000
                                   deslberg@selendygay.com
                                   adunlap@selendygay.com
                                   mnelson@selendygay.com
                                   esnow@selendygay.com

                                   *Attorneys for Defendant Save On SP, LLC*

**DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "All," "any," and "each" mean any and all.

7.      "And" and "or" are construed both conjunctively and disjunctively.

8.      "CAP Program" means JJHCS's initiative, which JJHCS uses to combat the perceived effects of accumulators and maximizers, including by limiting or eliminating the amount of copay assistance funds available to Patients using certain Janssen Drugs based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs

9.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

4

10.    "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

11.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

12.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

13.    "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

14.    "<u>Including</u>" means including but not limited to.

15.    "<u>Janssen</u>" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

16.    "<u>Janssen Compass</u>" means the Janssen program designed to provide Patients with information about his or her prescribed Janssen medication, its administration, and the conditions it is indicated to treat, and provide Patients with additional education and support.

5

17.    "<u>Janssen Compass Care Navigator</u>" means any person or entity encompassed by that term as used on the "Janssen Compass" webpage,[1] as well as any person responsible for communicating with patients who contact Janssen Compass via an advertised help number (*e.g.*, 1-844-NAV-1234).

18.    "<u>Janssen Drug</u>" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

19.    "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

20.    "<u>Patient</u>" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

21.    "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

---

[1] *See* Janssen Compass, https://www.janssencompass.com/signup (last visited July 23, 2023).

22.    "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

23.    "<u>Request</u>" means any of these Requests for Production.

24.    "<u>SaveOnSP</u>" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

25.    "<u>Stelara</u>" means the Janssen Drug sold under that name.

26.    "<u>Stelara withMe</u>" means the Janssen copay assistance program marketed under the name Stelara withMe that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

27.    "<u>Tremfya</u>" means the Janssen Drug sold under that name.

28.    "<u>Tremfya withMe</u>" means the Janssen copay assistance program marketed under the name Tremfya withMe that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

## <u>INSTRUCTIONS</u>

1.      These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.      These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the

8

date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

50.     All Documents and Communications regarding the development of Stelara withMe, including the decision to create the Stelara withMe program.

9

51.    All Documents and Communications regarding all Stelara withMe terms and con-
ditions, including between Patients and Care Coordinators and including Documents and Commu-
nications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have
applied to Stelara; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any
terms and conditions that apply or have applied to Stelara; and (c) JJHCS's understanding of any
terms regarding maximizers as used in terms and conditions that apply or have applied to Stelara.

52.    All Documents and Communications regarding JJHCS's determination of the
amounts of copay assistance funds that JJHCS offers to patients enrolled in Stelara withMe, in-
cluding determination of the maximum program benefit per year, the algorithm used to identify
Patients on maximizer programs, and the CAP Program.

53.    All Documents and Communications regarding the development of Tremfya
withMe, including the decision to create the Tremfya withMe program.

54.    All Documents and Communications regarding all Tremfya withMe terms and con-
ditions, including between Patients and Care Coordinators and including Documents and Commu-
nications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have
applied to Tremfya; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any
terms and conditions that apply or have applied to Tremfya; and (c) JJHCS's understanding of any
terms regarding maximizers as used in the terms and conditions that apply or have applied to
Tremfya.

55.    All Documents and Communications regarding JJHCS's determination of the
amounts of copay assistance funds that JJHCS offers to patients enrolled in Tremfya withMe, in-
cluding determination of the maximum program benefit per year, the algorithm used to identify
Patients on maximizer programs, and the CAP program.

56.     All Documents and Communications regarding the development of Janssen Compass, including the decision to create the Janssen Compass program.

57.     All Documents and Communications regarding Janssen Compass and CarePath, SaveOnSP, maximizers, or accumulators, including any Communications by any Janssen Compass Care Navigator with any Patient, and FAQs, talk tracks, or scripts prepared for use during those Communications.

E. Evans Wohlforth, Jr.
Katherine Katchen
ROBINSON & COLE LLP
666 3rd Avenue #20
New York, NY 10174
212-451-2999
ewolforth@rc.com
kkatchen@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza

Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  October 20, 2023          By:  */s/ E. Evans Wohlforth, Jr.*
                                       E. Evans Wohlforth, Jr.
                                       ROBINSON & COLE
                                       666 3rd Avenue #20
                                       New York, NY 10174
                                       212-451-2999
                                       ewolforth@rc.com

                                       David Elsberg
                                       Andrew R. Dunlap
                                       Meredith Nelson
                                       Elizabeth Snow
                                       SELENDY GAY ELSBERG, PLLC
                                       1290 Avenue of the Americas
                                       New York, NY 10104
                                       212-390-9000
                                       deslberg@selendygay.com
                                       adunlap@selendygay.com
                                       mnelson@selendygay.com
                                       esnow@selendygay.com

                                       *Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

6.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

4

7.     "<u>Action</u>" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

8.     "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

9.     "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

10.    "<u>Benefits Investigation</u>" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

11.    "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

12.    "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

13.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

14.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.    "<u>ESI</u>" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of ESI..

16.    "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

17.    "<u>Including</u>" means including but not limited to.

18.    "<u>Janssen</u>" means Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

19.    "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen

Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

20.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

21.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

22.    "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

23.    "Person" means a natural person or legal entity including any business or governmental entity or association.

24.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,

considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

25.    "Request" means any of these Requests for Production.

26.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

27.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

28.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

29.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

58.     All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

59.     To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that

10

identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

60.    Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data.

61.    Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath.

62.    Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available in such data.

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  November 17, 2023          By: */s/ E. Evans Wohlforth, Jr.*
                                       E. Evans Wohlforth, Jr.
                                       ROBINSON & COLE
                                       666 3rd Avenue #20
                                       New York, NY 10174
                                       212-451-2954
                                       ewolforth@rc.com

                                       David Elsberg
                                       Andrew R. Dunlap
                                       Meredith Nelson
                                       Elizabeth Snow
                                       SELENDY GAY ELSBERG, PLLC
                                       1290 Avenue of the Americas
                                       New York, NY 10104
                                       212-390-9000
                                       deslberg@selendygay.com
                                       adunlap@selendygay.com
                                       mnelson@selendygay.com
                                       esnow@selendygay.com

                                       *Attorneys for Defendant Save On SP, LLC*

## DEFINITIONS

The following definitions apply to these Requests:

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.     "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.     "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.     "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

4

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

9.      "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

10.     "<u>Archbow</u>" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.     "<u>Benefits Investigation</u>" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

12.     "<u>Best Price</u>" is the lowest price available form the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

13.     "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

14.     "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

15.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

16.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.    "<u>ESI</u>" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.    "<u>Express Scripts</u>" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

19.    "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.    "<u>Including</u>" means including but not limited to.

21.    "<u>Janssen</u>" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc.,

Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all pre-

decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-

ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants,

and all persons or entities acting or purporting to act on behalf or under the control of Johnson &

Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil

Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals,

Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development,

LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc.,

Janssen BioPharma LLC, and Janssen Research & Development LLC.

23.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer,

in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,

agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all

persons or entities acting or purporting to act on behalf of such an entity.

24.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and suc-

cessors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, rep-

resentatives, directors, officers, employees, committees, attorneys, accountants, and all persons or

entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

25.    "Maximizer" means copay maximizer service, including (a) any service provided

by Pharmacy Benefit Managers or insurance companies, or any third party providing services to

the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from

7

counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

26.    "Person" means a natural person or legal entity including any business or governmental entity or association.

27.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

28.    "Request" means any of these Requests for Production.

29.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

30.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

31.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

32.     "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.     These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.     These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.     These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.     For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.     If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.     If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.     If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

9

8.    If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.    Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.    Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.    Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.    Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.    These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## **REQUESTS**

63.    All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

64.    All Documents and Communications regarding ███████████████████
███████████████████████████████████████████████████████
████████████████████████████████████████. *See* ARCHBOW_000219.

65.    All Documents and Communications regarding ███████████████████
███████████████████████████████████████████████████████
█████████████████████████████████ *See* ARCHBOW_000241.

66.    All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

67.    Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

68.    All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

69.    All Documents and Communications with or regarding ██████████████
███████ *See* ARCHBOW_000103.

70.    All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

71.     Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay assistance payments and other provision of funds to patients for the purpose of internal reports, bookkeeping, internal or external financial reporting, including without limitation reporting for tax purposes or compliance with any other law, including without limitation whether JJHCS accounts for those payments as charity, charitable contributions, business expenses, rebates, discounts, marketing, or otherwise.

72.     All Documents and Communications regarding the treatment or potential treatment of CarePath or copay assistance programs as rebate programs, including without limitation discussions ███████████. *See* ARCHBOW_000438.

73.     All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow. *See* ARCHBOW_000306; ARCHBOW_000439.

74.     All Documents and Communications regarding the funds that JJHCS provides to patients taking Janssen Drugs (including without limitation CarePath funds and any other funds) compared to the revenue that Janssen receives from the sales of Janssen Drugs, including without limitations discussions with Archbow. *See* ARCHBOW_000440.

75.     All Documents and Communications with entities other than JJHCS regarding the above-captioned lawsuit or any potential lawsuit against SaveOnSP, including without limitation discussions with Archbow. *See* ARCHBOW_000443.

76.     All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one hand, and JJHCS or any Hub Entity, on the other hand.

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (ES) (CLW) |
| Plaintiff, | **DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these Requests, to the office of the undersigned within 30 days of being served or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plaintiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's responses are served.

Dated:  December 28, 2023            By: */s/ E. Evans Wohlforth, Jr.*
                                         E. Evans Wohlforth, Jr.
                                         ROBINSON & COLE
                                         666 3rd Avenue #20
                                         New York, NY 10174
                                         212-451-2954
                                         ewolforth@rc.com

                                         David Elsberg
                                         Andrew R. Dunlap
                                         Meredith Nelson
                                         Elizabeth Snow
                                         SELENDY GAY ELSBERG, PLLC
                                         1290 Avenue of the Americas
                                         New York, NY 10104
                                         212-390-9000
                                         deslberg@selendygay.com
                                         adunlap@selendygay.com
                                         mnelson@selendygay.com
                                         esnow@selendygay.com

                                         *Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

The following definitions apply to these Interrogatories:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.      "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

4

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "All," "any," and "each" mean any and all.

9.      "And" and "or" are construed both conjunctively and disjunctively.

10.      "Archbow" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.      "Avalere" means Avalere Health LLC and any predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions and departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of or under the control of Avalere.

12.      "Benefits Investigation" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

13.      "Best Price" is the lowest price available from the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

14.      "Best Price Quarterly Report" is a quarterly report submitted by a pharmaceutical manufacturer to the Centers for Medicare & Medicaid Services in compliance with 42 C.F.R. § 447.510(a).

15.    "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

16.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

17.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

18.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

19.    "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

20.    "Express Scripts" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

21.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

6

22.    "Including" means including but not limited to.

23.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

24.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZELEX, DARZELEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA, STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

25.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

26.    "<u>JJHCS Hub Entity</u>" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

27.    "<u>Lash Group</u>" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

28.    "<u>Maximizer</u>" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

29.    "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

30.    "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to,

8

reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

31. "<u>Request</u>" means any of these Requests for Production.

32. "<u>SaveOnSP</u>" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

33. "<u>Specialty Drug</u>" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

34. "<u>TrialCard</u>" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

35. "<u>You</u>" and "<u>Your</u>" means JJHCS.

## INSTRUCTIONS

1. These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2. These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3. These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

77.     All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network, American Chronic Pain Association, American College of Rheumatology, American Diabetes

11

Association, American Kidney Fund, American Lung Association, American Society of Clinical

Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's & Co-

litis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association, COPD

Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV + Hepatitis Pol-

icy Institute, Immune Deficiency Foundation, International Myeloma Foundation, Leukemia &

Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus Foundation of

America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's Health Network,

Multiple Sclerosis Association of America, Nashville CARES, National Alopecia Areata Founda-

tion, National Multiple Sclerosis Association of America, National Multiple Sclerosis Society,

National Oncology State Network, National Organization of Rare Disorders, National Psoriasis

Foundation, Prevent Blindness, Pulmonary Hypertension Association, Rheumatology Research

Foundation, Scleroderma Foundation, Stand Up To Cancer, Susan G. Komen, The ALS Associa-

tion, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and

ZERO Prostate Cancer).

78.    All Documents and Communications regarding efforts by JJHCS to work with, in-

form, sponsor, or influence pharmaceutical industry associations or groups regarding those organ-

izations' public statements, patient outreach, or lobbying in any form about Copay Assistance pro-

grams, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to

Biotechnology Innovation Organization, Pharmaceutical Care Management Association, and

Pharmaceutical Research and Manufacturers of America).

79.    All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their

affiliates for each Janssen Drug.

80.    A copy of each final contract executed between JJHCS and TrialCard regarding CarePath, including without limitation any final work order.

81.    All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

82.    All Documents and Communications between JJHCS and Avalere regarding CarePath or Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators, and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to medication, and (4) reevaluating or changing Copay Assistance Programs based on expected changes to the Best Price Rule.

# Exhibit 35



www.pbwt.com

March 4, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
       ***2:23-cv-02632 (JKS) (CLW)***

Dear Elizabeth:

        We write in response to SaveOnSP's February 21, 2024 letter concerning the parties' February 12, 2024 meet and confer on the scope of JJHCS's production obligations for terms and conditions issues.

### I.    Documents Relating To Pre-2016 Terms and Conditions

        At the outset, it bears noting that SaveOnSP continues to recycle faulty search logic—now as to the files of Kim Wortman and Kathi Chapman—that Judge Wolfson explicitly rejected as to a similar term.[1]  This is unproductive.  JJHCS will not use SaveOnSP's search term because it will result in the review of every document in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof).  This is why Judge Wolfson explicitly rejected a similar version of that term at the January 24, 2024 conference.  *See* Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen.").  When SaveOnSP is prepared to follow Judge Wolfson's rulings, JJHCS will be prepared to meet and confer concerning an

---

[1] This term is:  (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*").

---

Elizabeth H. Snow, Esq.
March 4, 2024
Page 2

appropriate search term. But rolling out the same search terms that Judge Wolfson has already considered and rejected will not lead anywhere. Accordingly, JJHCS declines to run this term:

With respect to additional custodians for the pre-2016 time period, SaveOnSP claims that JJHCS "stated" during the February 12 meet and confer "that there were likely to be more than those three people who participated in the drafting" of terms and conditions before this date. Feb. 21, 2024 Ltr. from E. Snow to J. Long at 1-2. We said no such thing. Rather, during the meet and confer, you asked whether we would represent that Ms. Wortman and Ms. Chapman were the only individuals involved in such discussions. We replied that, based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP. As we stated, it is premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents.

SaveOnSP also claims that JJHCS "appeared confused as to the meaning of 'noncustodial files.'" *Id.* at 2. This formulation is neither accurate nor productive. What JJHCS actually asked at the February 12 meet and confer was whether there were categories of noncustodial documents that SaveOnSP specifically seeks. JJHCS renews that request here and remains open to considering production of such documents if SaveOnSP explains what it is seeking.

Finally, while we disagree with your characterization of JJHCS's prior statements concerning its retention capabilities, (*see* Dkt. Nos. 146 and 150), JJHCS agrees to produce its retention policies for the time period in question if SaveOnSP agrees to do the same. *See* Feb. 27, 2024 Email from G. LoBiondo to M. Nussbaum.

## II.    Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions

As a threshold matter, SaveOnSP's arguments concerning the "[m]eaning" and "[e]nforcement" of the terms and conditions intersect with SaveOnSP's February 20 motion for clarification and/or reconsideration of various topics, including SaveOnSP's pending request that JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General T&Cs." Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3. In light of SaveOnSP's pending motion for reconsideration, it would not be productive for the parties to meet and confer on search terms at this time. We welcome the opportunity to meet and confer once Judge Wolfson rules on SaveOnSP's requested relief.

SaveOnSP also asks whether JJHCS's production of documents "reflecting the company's enforcement instructions and policy" will encompass the full April 1, 2016 to November 7, 2023 time period. At we have made clear, JJHCS will comply with the Court's February 6 Order, which directed "Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed-upon discovery time frame (April 2016-November 2023)." Dkt. No. 192 at 13.

Elizabeth H. Snow, Esq.
March 4, 2024
Page 3

SaveOnSP continues to insist on a production of "documents sufficient to show **the instances**" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath eligibility standards. Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3. This phrasing places no meaningful limitation on SaveOnSP's requests. In fact, this formulation ignores both the proposal that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined issue). For the reasons stated in JJHCS's February 8 and 15 letters, JJHCS will not produce "documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

*See* Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to E. Snow at 2-3.

Nor will JJHCS run search terms that bear no connection to the permitted scope of discovery. For example, one of SaveOnSP's proposed terms would require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof). In its latest letter, SaveOnSP claims that these documents would be relevant "[i]f [JJHCS] decided that patients on SaveOn-advised plans violated the 'other offer' provision, but decided that patients on PrudentRx or Optum Rx-advised plans did not." Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4. Far from seeking documents limited to JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue. JJHCS declines to run these terms.

## III.    Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren

Elizabeth H. Snow, Esq.
March 4, 2024
Page 4


Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet
Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie
Kenworthy for the time period January 1, 2021 to November 7, 2023 to capture documents
"regarding 'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'"  Feb. 21,
2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*)
  w/50 (Stelara OR Tremfya)

JJHCS declines to do so.  This search string would require JJHCS to review over
95,000 documents (family inclusive) for the two-year period that SaveOnSP proposed.  And no
wonder: as constructed, the term would require review of every document mentioning "chang[es]"
to "Stelara" or "Tremfya" without limitation to CarePath's terms and conditions, as well as every
document mentioning "Stelara" or "Tremfya" and either "maximiz[ers]" or "accumulat[ors]."  In
fact, because of the way the term "maximiz*" is constructed, SaveOnSP's proposal would force
JJHCS to review any document mentioning how to "maximiz[e]" the effectiveness of Stelara and
Tremfya even when those documents have nothing to do with changes to the terms and conditions
for JJHCS's co-pay assistance program.

SaveOnSP also asks that JJHCS run four additional search terms[2] over the custodial
files of Debbie Kenworthy for the period June 1, 2023 to November 7, 2023.  JJHCS already
agreed to add Ms. Kenworthy as a full custodian for that period, which encompasses these terms
(and others) for the identified time period.

Very truly yours,


/s/ Julia Long
Julia Long


---

[2] These terms are:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR
  "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)


14941604

# Exhibit 36



February 28, 2024

Ian Eppler
(212) 336-2205

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **SaveOnSP's Fifth Set of Requests for Production**
        *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
        *No. 2:22-cv-02632 (JKS)(CLW)*

Dear Elizabeth:

        We write in response to SaveOnSP's February 15, 2024 letter regarding JJHCS's responses and objections to SaveOnSP's Fifth Set of Requests for Production ("JJHCS's Fifth Set of R&Os") and the February 8, 2024 meet and confer addressing JJHCS's Fifth Set of R&Os.

## I.    Request No. 63

        Request No. 63, demanding "[a]ll Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug," remains irrelevant to this case. SaveOnSP's latest letter speculates that three categories of relevant documents not captured by previously agreed-upon search terms are unique to this request: (1) "documents regarding [JJHCS's] efforts to directly reimburse patients" that involve SaveOnSP but do "not necessarily mention SaveOn on the face of the document," (2) documents that involve efforts to reimburse patients outside of CarePath or the CAP program, and (3) documents involving the CAP program from before the agreed-upon date range. *See* Feb. 15, 2024 Ltr. from E. Snow to J. Long at 1–2. But despite having received thousands of pages of JJHCS documents regarding JJHCS's efforts to mitigate SaveOnSP's pilfering of JJHCS funds, SaveOnSP is not able to point to a single page suggesting that there are any relevant, unproduced documents in the aforementioned categories.

        To be clear, this is a case about JJHCS's CarePath copay assistance program and SaveOnSP's efforts to pilfer those funds. To the extent that Request No. 63 calls for documents regarding JJHCS's mitigation efforts, JJHCS already has agreed to produce "documents regarding JJHCS's efforts to mitigate harm caused to CarePath by SaveOnSP by modifying CarePath to reimburse patients for out-of-pocket costs." Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 2. JJHCS has separately agreed to produce all non-privileged, responsive documents regarding

Elizabeth H. Snow, Esq.
February 28, 2024
Page 2

SaveOnSP in response to Request No. 8. But documents unrelated to **both** SaveOnSP and the CarePath copay assistance program are irrelevant in this litigation.

Moreover, even if these documents were relevant, JJHCS would object on the basis of burden. SaveOnSP's proposed search term for this Request has identified **over 670,000 documents** (family inclusive). The massive expansion of discovery associated with this Request alone is wholly disproportionate to the needs of the case, particularly given the tendentious basis for the Request's relevance.

## II.  Request No. 64

Request No. 64 demands "[a]ll Documents and Communications regarding ███████████████████████████████████████████████████████████████████████████████████████████." JJHCS previously explained that this Request is duplicative to the extent it calls for documents on this subject related to SaveOnSP, and irrelevant to the extent it calls for documents unrelated to SaveOnSP. Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 2. JJHCS stands behind that objection.

In response to JJHCS's relevance objection, SaveOnSP claims that "[JJHCS] policies that apply to all PBMs, accumulators, and maximizers, would apply to SaveOn, even if they do not single out SaveOn by name," and that relevant documents in that category would be omitted by the existing search terms. Feb. 15, 2024 Ltr. from E. Snow to J. Long at 2 (emphasis omitted). This is a flavor of the same argument that SaveOnSP raised in its recent motions to compel on the CAP search terms. Consistent with Judge Waldor and Judge Wolfson's guidance, JJHCS has agreed to run variations of "SaveOnSP," its founders, and search terms meant to capture documents referring to "ESI's accumulator program or ESI's maximizer program"[1] across 26 custodians. But JJHCS declines to search for documents on this topic that are not "identifiable with SaveOn."[2]

SaveOnSP's own letter supports that limitation by citing several documents that **were** elicited by the existing agreed-upon search terms even though they do not mention SaveOnSP by name. Feb. 15, 2024 Ltr. from E. Snow to J. Long at 2. This demonstrates that the existing search terms are sufficient to identify relevant documents concerning JJHCS's mitigation efforts. Because JJHCS continues to object on the basis of relevance, JJHCS declines to provide the requested hit counts.[3]

_____

[1] *See* Jan. 24, 2024 Tr. at 108:4–6.

[2] Oct. 30, 2023 Tr. at 104:15–18.

[3] JJHCS declines to provide hit counts for JJHCS's proposed search terms where JJHCS primarily objects on the basis of relevance.

Elizabeth H. Snow, Esq.
February 28, 2024
Page 3

## III.    Request No. 66

Request No. 66 calls for "[a]ll Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients."  JJHCS stands by its position that this Request is duplicative of SaveOnSP's prior requests, including Request No. 8, which concerns documents related to SaveOnSP, as well as requests related to the CAP program, which were addressed by the Court's November 7 Order (and are subject to two pending motions by SaveOnSP).  *See* Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 3.  As discussed at our February 8 meet and confer, previously agreed-upon search terms intended to elicit documents related to SaveOnSP, the CAP program, Express Scripts, and Accredo will also produce documents responsive to this Request. *See id.*  SaveOnSP continues to speculate that there may be a "gap" in JJHCS's production for "discussions about PBMs or J&J's policies on direct-to-patient payments without explicit reference to ESI (the PBM which works with SaveOn)." *See* Feb. 15, 2024 Ltr. from E. Snow to J. Long at 3.  But it provides no basis in the existing JJHCS and third-party productions to suggest that such a gap exists, nor does it provide any reason to believe that such a gap would be relevant to JJHCS's claims or SaveOnSP's defenses if it existed.  Consistent with our discussion at our prior meet and confer, JJHCS declines to add new search terms responsive to this Request.

## IV.    Request No. 67

In its February 15 letter, SaveOnSP reiterates its request for data on "payments or reimbursements made . . . to patients taking Janssen drugs other than copay assistance payments provided through CarePath." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 3.  As JJHCS explained at the February 8 meet and confer, data on payments or reimbursements to patients taking the Janssen drugs at issue in this litigation was produced in response to SaveOnSP's Request Nos. 26 and 28.  JJHCS will refresh that data, consistent with the Court's November 7 Order and the parties' agreement, in the near term.  To the extent this Request calls for documents or data unrelated to the CarePath copay assistance program, any such payments are irrelevant to the claims and defenses in this action.

## V.    Request Nos. 68 and 69

SaveOnSP demands, in Request No. 68, that JJHCS search for and produce additional documents regarding work that Archbow did on behalf of JJHCS.  To the extent Request No. 68 calls for a broader set of communications between JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including communications related to the Best Price Rule, JJHCS objects on relevance grounds.  In the face of this objection, SaveOnSP claims additional search terms are necessary because "[r]elevant documents regarding Archbow may not state SaveOn on their face."  Feb. 15, 2024 Ltr from E. Snow to J. Long at 4.  But the documents SaveOnSP cites undermine this assertion.  For example, ARCHBOW_000082–85 is ███████████, as is ARCHBOW_000099–102 (████████████████████

Elizabeth H. Snow, Esq.
February 28, 2024
Page 4

███████████████████). To the extent Archbow conducted relevant work for JJHCS,
JJHCS will continue to produce such documents using existing search terms.

As to Request No. 69, JJHCS confirms that it is not withholding any information
regarding the ██████████████ referenced in Archbow's production. As JJHCS has repeatedly
explained, we are not able to explain that reference, which appeared in Archbow's document
production. Consistent with Request No. 8, JJHCS will not withhold non-privileged, responsive
documents regarding SaveOnSP. *See, e.g.*, Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 2–3.

## VI.    Request No. 70

This Request demands Best Price Rule-related documents. JJHCS has repeatedly
explained its position that Best Price-related documents are irrelevant for a variety of reasons, and
it reiterates those objections here. *See, e.g.*, Feb. 22, 2024 Ltr. from I. Eppler to H. Miles at 3–4
(explaining that Best Price-related documents are irrelevant because "[i]t is SaveOnSP's conduct,
not the language used in JJHCS's filings with the government, that is at issue" and "[i]t defies
logic to suggest that JJHCS would have allowed SaveOnSP to continue draining millions of dollars
of copay assistance funds because the government did not adopt a regulation"); Feb. 8, 2024 Ltr.
from I. Eppler to E. Snow at 4; JJHCS's Responses and Objections to SaveOnSP's Sixth Set of
Requests for Production at 10. Because these documents are irrelevant, JJHCS will not provide
hit counts for SaveOnSP's request.

## VII.    Request Nos. 71 and 72

In your February 15 letter, you ask that JJHCS confirm it will not "withhold
documents responsive to Request No[s]. 71 and 72" that are "relevant" to "the financial viability
of CarePath and SaveOn's impact on return on investment in CarePath." Feb. 15, 2024 Ltr. from
E. Snow to J. Long at 5–6. To the extent that SaveOnSP seeks confirmation that JJHCS will
comply with Judge Wolfson's February 6 Order, JJHCS confirms that it will, of course, do so. But
JJHCS does not agree that the February 6 Order encompasses "SaveOn's impact on return on
investment in CarePath"—a topic that has been the subject of several meet and confers between
the parties and is also now implicated by SaveOnSP's motion to compel. JJHCS will not produce
documents that Judge Wolfson has determined are irrelevant.

## VIII.    Request No. 73

JJHCS continues to object to this demand for "Documents and Communications by
or for Janssen market research regarding Accumulators or Maximizers" on the basis of relevance.[4]

---

[4] It is ironic that SaveOnSP now wishes to obtain irrelevant documents regarding other
accumulators and maximizers when its own documents indicate that SaveOnSP spent years falsely
telling patients and health plans that it is not an accumulator or maximizer. *See, e.g.*,
SOSP_0013776 ("SaveOnSP is not an accumulator program . . ."); SOSP_1035015 at 2 (Question:

Elizabeth H. Snow, Esq.
February 28, 2024
Page 5

In its Complaint, JJHCS has alleged that SaveOnSP has harmed members of the public in violation of GBL § 349 by, *inter alia*, "causing [patients] undue stress and confusion." Compl. ¶ 114. JJHCS will be able to prove this allegation at trial by demonstrating how **SaveOnSP** patients experienced undue stress and confusion at the hands of **SaveOnSP**, without reference to how patients may have hypothetically reacted to other accumulators or maximizers. It is irrelevant whether some patient at some time, may have "like[d] [a] compan[y] which provide[s] services similar to SaveOn." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 6. Accordingly, JJHCS declines to produce documents responsive to this request.

## IX.    Request Nos. 74 and 75

JJHCS stands by its relevance objection to Request No. 74, which demands all documents and communications "regarding the funds that JJHCS provides to patients taking Janssen Drugs . . . compared to the revenue that Janssen receives from the sales of Janssen Drugs." This is yet another reformulation of SaveOnSP's failed quest for documents regarding JJHCS's return on investment from CarePath. Judge Waldor and Judge Wolfson have consistently rejected SaveOnSP's arguments demanding discovery into these issues. (*See* Dkt. No. 192 at 22; Dkt. No. 173; Dkt. No. 89 at 34:10–19, 35:17–21.) Accordingly, JJHCS will not produce any documents in response to Request No. 74.

With respect to Request No. 75, SaveOnSP "requests confirmation that J&J is not withholding documents regarding the origin of this lawsuit." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 7. As we explained at the February 8 meet and confer, JJHCS is not withholding non-privileged documents regarding SaveOnSP. *See* Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 6.

We are available to meet and confer and reserve all rights.

Very truly yours,

*/s/ Ian Eppler*
Ian Eppler

_____

"Is SaveOnSP a 'maximizer program?'" Answer: "No, SaveOnSP is a member service provider . . .").

# EXHIBIT 37
# CONFIDENTIAL – FILED UNDER SEAL

# Sills Cummis & Gross

**A Professional Corporation**

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

May 31, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:   **Opposition to SaveOnSP's May 21, 2024 Motion to Compel**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to the May 21, 2024 letter-motion of Defendant Save On SP, LLC ("SaveOnSP") to compel the production of documents regarding accumulators and maximizers from "Janssen Market Research" and to identify related custodians. JJHCS is already producing "market research" documents that are relevant to this litigation from the custodians who would possess such material. And JJHCS is conducting supplemental searches to produce even market research of highly questionable relevance that does not even mention SaveOnSP. In other words, to the extent that there is discoverable information regarding market research, SaveOnSP already has or

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 2

will soon receive that information, as discussed in greater detail below. Nothing more is reasonable or proportionate.

In fact, the entire premise of SaveOnSP's motion is mistaken. SaveOnSP posits the existence of an internal "Janssen Market Research" entity that was "deeply involved in core matters at issue in this case." Mot. at 11. SaveOnSP is incorrect. No such unit exists. In fact, any market research regarding accumulators or maximizers—the subject of SaveOnSP's relevant document request—would have been conducted by third party entities and their work-product shared with JJHCS's existing custodians, meaning that there are no new "Janssen Market Research" custodians for JJHCS to identify. Similarly, while SaveOnSP devotes the bulk of its motion to cataloguing the many exhibits it has appended, most of these exhibits simply contain stray references to "market research," often in the context of such plainly irrelevant topics as drug branding or the design of CarePath's online portal. In the few instances where SaveOnSP *does* cite to market research documents mentioning accumulators or maximizers, it is apparent from the context that JJHCS has produced those documents already.

Once these distortions are corrected, there is no basis for the Court to compel any further discovery from JJHCS. Insofar as there is market research that is relevant to this case, JJHCS has already produced (or will soon produce) those documents. Such documents are most likely found among the custodians that JJHCS has already identified and would be captured by the search terms that JJHCS has already agreed to run, including to capture communications with JJHCS vendors or consultants who prepared the research in question. And as set forth below, JJHCS is doing even more to produce even market research that does not mention SaveOnSP. To the extent SaveOnSP seeks more, its demands should be denied as unreasonable and disproportionate.

2

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 3

## DISCUSSION

SaveOnSP's motion, as with other recent motions, is unclear as to what specific document requests it seeks to compel. But to the extent the Court nonetheless reaches the merits, it should deny SaveOnSP's motion for three reasons. *First*, SaveOnSP simply is wrong when it posits an internal market research entity at J&J dedicated to accumulators and maximizers, for which additional custodians need to be identified. *Second*, to the limited extent that market research documents may touch on any issues in this case, JJHCS has agreed to produce (or actually has produced) such documents. Further, to help moot this dispute, JJHCS is investigating the existence of any additional market research of even tangential relevance about accumulators and maximizers that does not mention SaveOnSP from noncustodial sources. To the extent such research exists, JJHC will produce it too. *Third*, to the extent SaveOnSP claims on reply to nonetheless need more documents, that demand should be denied. SaveOnSP has not identified any tenable theory for the relevance of any market research documents beyond what JJHCS has already produced or agreed to produce.

## I.    SaveOnSP Has Not Tethered Its Demands to Relevant Document Requests

SaveOnSP obfuscates the discovery request that serves as the basis of its motion. SaveOnSP waves its hands and mentions many different document requests in passing while suggesting they are all relevant to its motion.[1] But SaveOnSP's arguments are unmoored from particular requests for production. This is not a new issue, and it is one Your Honor noted when ruling on another recent SaveOnSP motion. *See* May 23, 2024 Tr. at 57:8–13 (The Special Master:

---

[1] *See, e.g.*, Mot. at 1, 7, 9, 10–11.

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 4

"So let's get to what we have in the RFPs that are actually in place.  First of all, the motion to compel is with regard to the request number 8, numbers 70 and 79.  I have to tell you number 8 doesn't seem to have anything to do with Best Price, so I'm not sure why that's falling under this rubric."); *id.* at 74:12–18 (reviewing SaveOnSP's RFP and noting that it did not request the documents sought in the motion).

SaveOnSP's long lists of document requests do include one that appears relevant to the substance of its motion:  RFP No. 73, which is also the only request that SaveOnSP has served regarding "Janssen Market Research."  This document request sought "[a]ll Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow," a third party that conducted certain analyses of copay programs on behalf of JJHCS.  *See* SaveOnSP Ex. 34, RFP No. 73.  This document request did not define "Janssen market research" and SaveOnSP's broad and nebulous definition on this motion (accompanied by new capitalizations) does little to clarify things. Regardless, as discussed below there is no "Janssen Market Research" entity that conducts internal research regarding accumulators or maximizers, and JJHCS has already produced documents about "discussions with Archbow."

SaveOnSP was obliged to clearly set forth the document requests it seeks to compel and to tether its arguments to particular requests.  It has failed to do so, and it should not be heard to do so for the first time on reply.  SaveOnSP's motion can be denied on this basis alone.  *See Bautista v. Carey*, No. 1:21-CV-00126, 2023 WL 157991, at *4 n.1 (M.D. Pa. Jan. 11, 2023) (motion to compel was "substantively deficient" and thus denied where party "d[id] not identify … which prior discovery request, if any, contained" the documents sought).

4

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 5

## II.    There Is No Internal Market Research Entity Conducting Research and Analysis Regarding Accumulators and Maximizers for JJHCS

To the extent the Court reaches the merits, SaveOnSP fares no better.  The foundation of SaveOnSP's motion is that J&J conducts its "own internal market research" regarding accumulators and maximizers through a particular unit.  Mot. at 3 n.1.  That is not true, and SaveOnSP cites no evidence to the contrary.  Indeed, the nearly 40 exhibits to SaveOnSP's motion reflect research that was led and conducted by third parties.  *See, e.g.*, SaveOnSP Ex. 17 at JJHCS_00219172 (describing ███████████████████████████████████

████████████████████████████████████████████ ); SaveOnSP Ex. 18 at JJHCS_00200029, -32 (referring to ███████████████████ ).[2]  Such third-party research is shared with and used by one or more of JJHCS's custodians, because those are the people responsible for CarePath or for related projects and programs (like CAP) for which such research was conducted.

Moreover, most of SaveOnSP's exhibits concern market research in contexts that simply have nothing to do with the subject of SaveOnSP's RFP—or, indeed, with any issue in this case, such as ███████████████████████ (SaveOnSP Ex. 2); ███████████████ (SaveOnSP Exs. 10, 11, 12); ████████████████████████████████████████ (SaveOnSP Exs. 7, 9); ███████████████████████ ████████████████ (SaveOnSP Exs. 20, 32 (similar)); ████████████████████████████ (SaveOnSP Exs. 3, 15).  Meanwhile, SaveOnSP mischaracterizes several other exhibits that *do*

---

[2] This is true for both the few exhibits that actually refer to market research about accumulators and maximizers, and for those that refer to market research regarding a wide array of other subjects. *See, e.g.*, SaveOnSP Ex. 15 (████████████████████████████████████████ ).

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 6

concern accumulators and maximizers by asserting that they reflect the influence or involvement of a "Janssen Market Research" entity, when nothing about the document suggests that this is so. *See, e.g.*, SaveOnSP Ex. 30 (no mention of market research); SaveOnSP Ex. 37 (no mention of market research); *see also* SaveOnSP Ex. 32 at JJHCS_00142681.0017 (discussing only ███████ ███████████████████████). Accordingly, there is no basis to compel JJHCS to identify any new custodians relating to a purported "Janssen Market Research" entity.

### III.    JJHCS Has Already Produced or Agreed to Produce any Potentially Relevant Documents that SaveOnSP Seeks

While market research regarding accumulators and maximizers is conducted by third parties, not a "Janssen Market Research" entity, there *are* individuals within JJHCS' control who are particularly likely to possess the products of such research:  the custodians whom JJHCS has already identified.

JJHCS's custodians—more than thirty of them—are the individuals responsible for, among other things, administering CarePath, developing JJHCS's responses to accumulator and maximizer programs (including the reduction of copay assistance for certain drugs and the development of "CAP" programs), drafting CarePath's terms and conditions, and funding studies, reports, and other publications regarding SaveOnSP, accumulators, or maximizers.  These custodians span the realm of personnel who would receive and make use of any relevant market research.  Accordingly, SaveOnSP already has any market research conducted regarding SaveOnSP (and documents and communications regarding the same) because JJHCS ran variations of the term "SaveOn" across most of its custodians' files and agreed to produce nonprivileged hits on those terms.

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 7

Market research about SaveOnSP is the only category of market research that is squarely relevant here: research at J&J conducted on accumulators and maximizers more generally—including research regarding patient perceptions of such programs, on which SaveOnSP hinges much of its basis for relevance—is not about SaveOnSP, as discussed in greater detail below.  *See infra* Part IV.  Nevertheless, because JJHCS employed broad and comprehensive search terms, JJHCS also has produced market research that concerns accumulators and maximizers generally.  Indeed, JJHCS has closely reviewed the few places in SaveOnSP's motion where SaveOnSP actually identifies a reference to such market research and confirmed that JJHCS has already produced the corresponding analyses.

For example, SaveOnSP discusses several exhibits that refer to             .  *See, e.g.*, Mot. at 4 (discussing SaveOnSP Exs. 19, 23, 24, & 27).  One of these exhibits is                                                                                    *See* SaveOnSP Ex. 24 at JJHCS_00223690.  As the attachment of            as an exhibit makes clear, it was identified in custodial data and produced to SaveOnSP.  JJHCS is aware of only one other piece of market research conducted on this subject, memorialized in                                        h.  *See* Ex. 1 (JJHCS_00198244).  This research, which found that                                                                                        *see id.* at slide 28, is the research to which SaveOnSP's Ex. 19 refers:                                                                            Exhibits 23 and 27 appear to refer to the same research.  Similarly, SaveOnSP cites several exhibits purportedly involving JJHCS's strategy for responding to accumulators and

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 8

maximizers and the responses' effect on patients.  *See* SaveOnSP Exs. 19, 29, & 33.  The market

research underlying both SaveOnSP Exhibits 19 and 29 is ████████████████████████

████████████.  *Compare* Ex. 19 at JJHCS_00002700.0009 *with* Ex. 1 (JJHCS_ 00198244) at

slide 47 of 49 (same); Ex. 29 at JJHCS_00002710.0007 *with* Ex. 1 (JJHCS_ 00198244) at slide 45

of 49 (same).  SaveOnSP's Exhibit 33, meanwhile, refers only to hypothetical research.

Because it is likely that any market research regarding SaveOnSP, or even regarding

accumulators and maximizers more generally, would already have been captured by JJHCS's

custodians and search terms, there is no reason for JJHCS to conduct any additional searches.

Indeed, SaveOnSP has practically conceded as much.  In connection with its RFP No. 73,

SaveOnSP requested that JJHCS run a set of proposed search terms over custodians from "Janssen

Market Research" to capture any relevant market research documents.  *See* Ex. 2 (4/4/24 Ltr. from

E. Snow to J. Long) at 3.  As explained above, JJHCS's existing custodians are the ones likely to

possess such documents—but SaveOnSP's proposed search terms are very similar to the ones that

JJHCS has *already run* over those custodians.  In other words, JJHCS has already in substance

conducted the searches that SaveOnSP asks to be utilized.

Moreover, JJHCS previously agreed to implement *additional* search terms and produce

responsive documents relating to certain third parties who conducted market research regarding

accumulators or maximizers (each of whom SaveOnSP has separately subpoenaed).  SaveOnSP

acknowledges in its motion, for example, that JJHCS has "agreed to run search terms targeted at

relevant market research performed by … Archbow and Avalere," two such entities.  Mot. at 3

n.1.  And JJHCS presently is negotiating with SaveOnSP the parameters of searches relating to

another such entity, IQVIA.  *See* Ex. 3 (5/24/24 Ltr. from J. Long to E. Snow).

8

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 9

SaveOnSP thus identifies no gap in JJHCS's custodians or search terms.  Nevertheless, to

help moot this motion, JJHCS is also investigating whether any additional, unproduced market

research regarding accumulators and maximizers that does not mention SaveOnSP exists in the

relevant repositories for such research.  If it does, JJHCS will produce it to SaveOnSP.  To the

extent any such research exists and SaveOnSP seeks anything else relating to it after that, JJHCS

will certainly confer with SaveOnSP further regarding such requests.

## IV.    Anything Else Is Irrelevant

Given the above, it appears to JJHCS that SaveOnSP's motion is moot.  To the extent that

SaveOnSP claims on reply to need any documents beyond what JJHCS has already produced or

agreed that it will produce, however, such demands should be denied.  Any such demands would

be unreasonable and disproportionate in view of what JJHCS has already agreed to produce.  And

it is also noteworthy that SaveOnSP's claims for why it needs any document about market research

in the first place are flimsy.  Those claims certainly cannot support a demand for anything beyond

what JJHCS has already agreed to produce.

For example, SaveOnSP first claims that such documents concern the "public harm"

element of JJHCS's GBL claim.  But JJHCS's theories of patient harm focus on SaveOnSP's

specific scheme, such as SaveOnSP's engineering false denials of coverage to coerce patient

enrollment in its program, falsely informing patients that they cannot receive copay assistance

without SaveOnSP, and failing to disclose material information about SaveOnSP.  Compl. ¶ 114.

JJHCS has already produced any market research specific to SaveOnSP, so to the extent such

research is relevant to patient harm SaveOnSP has it already.  And while JJHCS has produced or

will produce any other market research about accumulators and maximizers generally to help moot

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 10

this motion, that research is not about SaveOnSP.[3]  JJHCS certainly should not be compelled to

produce "all documents" about such general research, to the extent it even exists, before SaveOnSP

has received any such research and the parties have conferred over anything else SaveOnSP might

need.

SaveOnSP also insists that additional market research documents may reveal that "J&J's

actions … not SaveOnSP's actions, could cause patients stress and confusion."  Mot. at 7.  But

again, RFP No. 73 does not seek documents about "J&J's actions"—it asks only about

"Accumulators and Maximizers."  And as a practical matter, SaveOnSP's conjecture makes little

sense.  Again, JJHCS has already produced any market research about SaveOnSP, and there are

no claims in this case against JJHCS, let alone claims premised on it somehow causing stress and

confusion by providing its patients with money to help them get access to medicine.  This argument

provides no basis for JJHCS to do more.

Next, SaveOnSP next insists that it is "entitled to documents in Janssen Market Research's

possession regarding J&J's drafting and interpretation of the [CarePath] T&Cs," and specifically

the "other offer" term. Mot. at 9–10.  This argument bears no resemblance to the document request

at issue.  Nor has SaveOnSP provided any evidence to suggest there was ever any market research

---

[3] JJHCS has produced certain such market research already, as discussed above, and it does not
show what SaveOnSP contends.  *See* Ex. 1 (JJHCS_00198244); *supra* Part III.  Specifically, while
SaveOnSP contends that those market research findings show ███████████████████████
███████████████████████ *see* Mot. at 7, none of the documents cited by
SaveOnSP mention ████████████████████████████████████████.
*See, e.g.*, SaveOnSP Ex. 19 at JJHCS_00002700.0011.  Moreover, as Ex. 1 makes clear, ████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
█████████████████████████████████████████.  *See id.* at slides 3, 27, 28 of 49.

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 11

relevant to the "other offer" term at issue.[4]  But regardless, the "other offer" provision has been

the subject of extensive other discovery requests—and JJHCS has thoroughly searched for and is

producing documents about the meaning of this term in the context of those requests.

Finally, SaveOnSP wrongly argues that documents and communications from groups or

teams performing market research on behalf of JJHCS are relevant to its mitigation defense

because they may show that JJHCS "rejected some mitigation proposals because it believed

patients would not like them."  Mot. at 11.  As described above, JJHCS has already agreed to

produce market research documents that bear on strategies for responding to SaveOnSP or

accumulators and maximizers, which moots this argument.  But it also bears noting that Your

Honor has specifically rejected SaveOnSP's relevance argument not once, but twice.  As Your

Honor has held, "[w]hat matters for purposes of liability and damages are not the changes that

Plaintiff contemplated implementing, but actual changes that occurred."  ECF No. 192 at 19.  Your

Honor also rejected SaveOnSP's motion to reconsider that decision, "reiterat[ing]" that SaveOnSP

"does not require communications as to why Plaintiff or J&J did not make certain decisions or

vice-versa; rather, it will need evidence as to actual changes that occurred."  ECF No. 264 at 5; *see

id.* ("It matters not—for mitigation purposes—how Plaintiff came to those … decisions.").

---

[4] Two of the three exhibits to its motion that SaveOnSP invokes in connection with this argument
have nothing to do with the "other offer" language at all.  Instead, they concern ███████████
████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████.
*See* SaveOnSP Exs. 28, 29.  The third exhibit, SaveOnSP Ex. 32, does not contain the language
that SaveOnSP attributes to it, and concerns the irrelevant subject of ████████████████"

11

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2024
Page 12

SaveOnSP remains bound by these rulings, which are fatal to its mitigation theory of relevance,

and therefore has no basis for demanding more.

**CONCLUSION**

For the foregoing reasons, Your Honor should deny SaveOnSP's May 21, 2024 motion.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:     Counsel of record for SaveOnSP

12

15115304

# EXHIBIT 1
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

April 4, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

We write regarding SaveOn's Requests Nos. 58-62, 68, 73, and 82, and in
response to J&J's February 22 and February 28, 2024 Letters. Each Request con-
cerns J&J's mitigation efforts, which are highly relevant. *See* Dkt. 192 at 14 (ac-
knowledging the change in CarePath's Terms and Conditions is relevant to, among
other defenses, mitigation); 29 (recognizing that J&J's response to accumulators,
maximizers, and SaveOn is relevant because it concerns mitigation); Dkt. 85 at 20
(SaveOn's Sixth Affirmative Defense: Failure to Mitigate). SaveOn seeks docu-
ments regarding J&J's development and implementation of mitigation strategies.

**I.      Documents Regarding J&J's Development of Mitigation
         Strategies (RFP Nos. 68, 73, 82)**

Request 68 seeks all documents and communications between J&J and
Archbow regarding CarePath, copay assistance, or provision of funds to patients
enrolled in CarePath. Request 73 seeks all documents and communications by or
for Janssen market research regarding accumulators or maximizers. Request 82
seeks all documents and communications between J&J and Avalere regarding
CarePath and copay assistance programs.

Avalere, Archbow, and Janssen market research ███████████████
██████████████████████████. *See* JJHCS_00182926 (noting that
████████████████████████████). For example, ██████████████
██████████████████████████████████████████████████████████,

Julia Long
April 4, 2024

. JJHCS_00170081.

e. JJHCS_00145576 at 6

); *id.* at 11 ( ).

. *See* JJHCS_00157058.

JJHCS_0027773.

*See, e.g.,* JJHCS_00002700 ( ). And

. *See* ARCHBOW_000439.

. *See, e.g.*, JJHCS_00011144.

*First*, J&J objects that SaveOn denies that it is a maximizer or accumulator, but now seeks discovery on J&J's response to both. As Judge Wolfson explained, it is irrelevant whether SaveOn disclaimed being a maximizer or accumulator because J&J referred to SaveOn as one. Jan. 24, 2024 Hr'g at 131:11-24. Notably, in its Complaint, J&J alleges that SaveOn is a maximizer. Compl. ¶ 88; *see also* Proposed Am. Compl. ¶¶ 66, 103.) Discovery on J&J's strategy to response to accumulators and maximizers is thus relevant to how J&J responded to SaveOn.

*Second*, J&J objects that Archbow's and Avalere's work was related to the 2023 Best Price Final Rule and so is irrelevant because the Rule was never effective. Setting aside that Rule (which SaveOn maintains is relevant), both consultants

*See, e.g.*, JJHCS_00145576.

. *See* JJHCS_00170081 ( ).

. JJHCS_00191982; *see* JJHCS_00191981 ( ).

Even if some of Archbow and Avalere's work was in response to the Rule and even were J&J's response to that Rule irrelevant (it is not), that would not immunize those consultants' relevant work on other subjects from discovery.

Please run the following search terms for the relevant time period over the custodial files of the following custodians, each of whom appears in an Archbow or Avalere document: Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson:

2

Julia Long
April 4, 2024

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

Please also identify individuals who were involved in relevant work in the Janssen market research group, add them as custodians, and run the following search terms over their documents for the relevant time period:[1]

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) w/50 (accumulat* OR maximiz* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo or Acredo) w/50 (accumulat* OR maximiz*)

- "other offer" w/5 (accumulator* OR maximizer* OR "health plan*" OR insur*)

- "research" w/20 (accumulator* OR maximizer*)

- "SaveOn" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

---

[1] These search terms are a slightly refined version of the Exhibit 1 search terms SaveOn requested that J&J run in its January 26 and February 15, 2024 Letters.

3

Julia Long
April 4, 2024

- ("CAPa" OR "CAPm" OR "adjustment program") AND (accumulator* OR maximizer*)

## II. Documents Regarding J&J's Implementation of Mitigation Strategies (RFP Nos. 58-62)

Requests 58 and 59 seek all documents and communications regarding Benefits Investigations undertaken by J&J or one of its vendors that identified or attempted to identify whether a patient was a member of an accumulator, maximizer, or SaveOn-advised plan.

In its Interrogatory responses, J&J identified TrialCard and RIS Rx as the vendors which identified patients on SaveOn advised plans. Jan. 31, 2024 Suppl. Rog Resps. at 4-6. Documents confirm that ████████████████████████ █████ ██████████████████. TRIALCARD_00008931; JJHCS_00185180.

J&J's vendors have asserted that Benefits Investigations are the only or primary way that they attempted to identify patients on health plans advised by SaveOn. *See, e.g.*, Mar. 22, 2024 Ltr. from S. Arrow to H. Miles, at 2 ("Based on our reasonable investigation to date, the benefits investigations process was the only systematic method used by TrialCard on behalf of JJHCS to identify whether patients are affiliated with a copay accumulator, maximizer, or SaveOnSP."). If J&J identified a patient as on mitigation and accumulator, it could have taken mitigation measures, even if it did not confirm the patient was on SaveOn specifically.

SaveOn understands J&J's primary objection to be that SaveOn sought documents barred by the Court's February 6, 2024 Order. *See* Feb. 16, 2024 Ltr. from J. Long to H. Miles, at 1–2. Not so. Judge Wolfson ordered J&J to search for and produce documents reflecting the company's enforcement instructions and policy, during the full discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer." Dkt. 192 at 13. Judge Wolfson agreed with J&J that "it would be burdensome to search and produce records of each individual patient's call history," Dkt. 192 at 12-13, and SaveOn accordingly does not seek all such call records. SaveOn rather seeks documents "sufficient to show" the funding of enforcement efforts, the engagement of vendors to identify patients, instructions given to vendors regarding enforcement, and the steps vendors took after identifying a patient as on a SaveOn-advised plan, accumulator, or maximizer. This is perfectly consistent with Judge Wolfson's order that J&J produce "documents reflecting [J&J's] enforcement instructions and policy," not just the instructions and policies themselves. *Id*.

While reserving rights to seek additional documents for these Requests, we ask you to prioritize the following narrowed categories of documents:

4

Julia Long
April 4, 2024

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- J&J's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

To identify documents in these categories, please run the following search terms over the custodial files of the following individuals: Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Long-bothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Scott White, Blaine Penkowski, Alison Barklage Quinton Kinne, William Shontz (each of whom appears on RIS Rx and TrialCard-related documents) from January 1, 2021 through November 7, 2023:

- ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("RIS" OR "RISRx" OR "TrialCard") AND (budget* OR identif*)

- ("RIS" OR "RISRx") AND ((Benefit* w/5 Investigation*) OR "B.I." OR "BI's" OR "BIs" OR "B.I.'s")[2]

- ("RIS" OR "RISRx") AND "BI" (*case sensitive*)

SaveOn also seeks to understand whether J&J used methods other than Benefits Investigations to identify or attempt to identify CarePath patients on ac-cumulators, maximizers, or plans advised by SaveOn. As you know, SaveOn sought this information from TrialCard as the administrator of CarePath and was told that

---

[2] SaveOn understands that while TrialCard may have completed Benefits Investigations for other purposes for J&J, RIS Rx only completed Benefits Investigations to identify individuals on accumulators, maximizers, and SaveOn-advised plans.

Julia Long
April 4, 2024

"to the extent JJHCS undertook such methods, JJHCS is the proper source for such discovery." Mar. 22, 2024 Ltr. from S. Arrow to H. Miles, at 4. For the avoidance of doubt, in addition to documents regarding Benefits Investigations, SaveOn seeks documents regarding any other method that J&J used, attempted to use, or considered using, to identify CarePath patients on accumulators, maximizers, or plans advised by SaveOn. From the documents produced thus far, SaveOn believes that J&J ███████████████████████████████████. *See, e.g.*, JJHCS_00002555; JJHCS_00005373. There may also have been other mitigation methods that J&J has not disclosed to SaveOn. J&J must conduct a reasonable investigation into what methods existed or were considered and propose search terms targeted at those methods.

Requests 61 and 62 seek patient claims data provided by Accredo to J&J or any vendor regarding patients enrolled in CarePath, and documents sufficient to show negotiations regarding the same. ███████████████████████. *See* JJHCS_00027773. ████████████████████████████████████████████████████. Looking at this data, J&J likely would have been able to identify individuals on accumulators, maximizers, or SaveOn-advised plans. J&J also could have asked to purchase data from Accredo that would identify patients on accumulator, maximizer, or SaveOn-advised plans. SaveOn is entitled to understand whether J&J did so or sought to do so as part of its mitigation efforts.

SaveOn's current Requests seek all data provided by Accredo to J&J and its vendors: J&J objects on the basis of burden. While reserving all rights, in an effort to reach compromise, please produce in the first instance the following narrowed categories of documents:

- Documents sufficient to show data J&J purchases from Accredo regarding the Janssen Drugs at issue in this litigation, including so-called dispense, status, and inventory reports;

- Documents sufficient to show negotiations regarding the same.

For the second category of documents, please identify individuals who negotiate over the purchase of data from Accredo, including the dispense, status, and inventory reports, designated them as custodians, and to run following search string over their custodial files:

- ((dispense* OR status* OR inventory* OR data*) w/3 report*) AND (Accredo OR Acredo) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

*        *        *

6

Julia Long
April 4, 2024

To the extent that J&J objects on the basis of burden for any of the requested sets of search terms, please provide hit counts for each search string and for each individual term within those strings.

We request a response by April 11, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# EXHIBIT 3





May 24, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
        Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Elizabeth:

        We write in response to SaveOnSP's May 2, 2024 letter requesting additional discovery on JJHCS's mitigation efforts.

        In its May 2 letter, SaveOnSP requests that JJHCS run an IQVIA-specific search term—IQVIA w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)—over the custodial files of eleven custodians[1] for a time period that is longer than seven years (April 1, 2016 to November 7, 2023). SaveOnSP claims documents that contain these search terms are responsive to nine prior document requests, none of which reference IQVIA. JJHCS objects on both burden and relevance grounds.

        As a threshold matter, SaveOnSP's letter contains no basis for JJHCS to run this term over a seven-year period. While JJHCS rejects SaveOnSP's characterizations of the documents cited in its May 2 letter, none of those documents are dated before June 2021, and even that June 2021 document concerns only the Best Price Rule, which is not relevant to this litigation. *E.g.*, JJHCS_00001709 (June 2021); JJHCS_00139555 (October 2021 reference); JJHCS_00118663 (November 2021); JJHCS_00144401 (December 2021). SaveOnSP provides no basis to demand that JJHCS run SaveOnSP's proposed term going back to April 1, 2016.

        SaveOnSP's proposed term is also overbroad, pulling in 5,040 documents (family inclusive). In November 2023, SaveOnSP proposed a version of this term with a narrower proximity limiter—IQVIA /15 (accumulate* OR maximiz* OR CAP*). *See* Nov. 30, 2023 Ltr.

---

[1] Lauren Pennington, Jasmeet Singh, William Robinson, John Hoffman, Katie Mazuk, John King, Adrienne Minecci, Lindsey Anderson, Spilios Asimakopoulos, Karen Lade, and Silviya McCool

---

Elizabeth Snow, Esq.
May 24, 2024
Page 2

from E. Snow to G. LoBiondo at 2. SaveOnSP's latest letter—half a year since its last outreach on this term—nowhere references or attempts to justify SaveOnSP's departure from its prior proposal that contained a "w/15" proximity limiter.

        In the interest of compromise, and following a reasonable investigation, JJHCS is prepared to run the following term for the time period January 1, 2021 to November 7, 2023 for all eleven custodians requested in SaveOnSP's letter, subject to SaveOnSP's agreement that this resolves JJHCS's discovery obligations with respect to SaveOnSP's demand for IQVIA-related discovery.

- IQVIA w/15 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

        Finally, SaveOnSP demands "final studies, reports, or analysis prepared by IQVIA relating to SaveOn, maximizers, accumulators, copay adjustment programs, and their impact on CarePath and patient adherence." May 2, 2024 Ltr. from E. Snow to J. Long at 3. This demand ignores Judge Wolfson's guidance concerning the relevance of adherence documents, which SaveOnSP sought to compel at the October 30, 2023 and January 24, 2024 conferences. *See* Dkt. No. 192 at 22 ("open[ing] a small window for Defendant to explore documents that may reflect whether more patients are taking Janssen drugs as a result of being on the SaveOnSp Program"). For the avoidance of doubt, JJHCS does not agree to produce adherence outside of the narrow window previously ordered by the Court. Nonetheless, in the interest of compromise, JJHCS is prepared to produce "final studies, reports, or analysis" prepared by IQVIA that relate to SaveOnSP specifically or to JJHCS's response to accumulators or maximizers, including the CAP program.

        Very truly yours,

        */s/ Julia Long*
        Julia Long

# Robinson+Cole

E. Evans Wohlforth, Jr.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

June 7, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in reply to Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") opposition to SaveOn's motion to compel J&J to search for and produce documents responsive to SaveOn's document requests from custodial and non-custodial sources from Janssen Market Research.

The documents at issue are relevant to core issues in this case—the alleged stress and confusion that SaveOn causes patients; changes to J&J's terms and conditions; and J&J's responses to accumulators, maximizers, and SaveOn. J&J has no valid basis to withhold them. While it asserts that SaveOn did not request the documents at issue, the documents fall within SaveOn's existing document requests. While J&J states that it has no independent market research entity,

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

SaveOn seeks the documents at issue from J&J employees involved with market research regard-less of which specific J&J entities they worked for. And while J&J now offers for the first time to produce some limited additional documents, it still refuses to add new custodians or to produce anything beyond final research reports—the core relief that SaveOn seeks.

Your Honor should grant SaveOn's motion.

## I.    SaveOn Seeks Relevant Documents

In this motion, SaveOn seeks documents and communications regarding market research about three topics which are central to the parties' dispute.

*First*, SaveOn seeks documents regarding J&J's market research about patient stress and confusion, *see* Mot. at 6-7, relevant to J&J's allegation that SaveOn causes CarePath patients such stress and confusion, Compl. ¶ 114. J&J asserts that it need not produce "general research" about patient harm, only research about harms resulting from the "specific scheme" alleged in its com-plaint. Opp. at 9-10. In fact, "general research" showing that patients are stressed and confused for reasons having nothing to do with SaveOn is relevant to disprove J&J's allegations that SaveOn causes such harm. J&J says that it should not be compelled to produce documents about "general research" until it produces research going to the "specific scheme" and the parties then confer "over anything else SaveOnSP might need." Opp. 10. But SaveOn's requests have been pending for months, the parties have fully conferred, and J&J refuses to designate any new market research custodians or to produce the full range of requested market research. Any limited production by J&J would not resolve the parties' disputes over these issues.

*Second*, SaveOn seeks documents regarding market research about CarePath's terms and conditions ("T&Cs"), the contract that J&J alleges SaveOn induced patients to breach. Compl. ¶ 109. SaveOn is entitled to discovery on the meaning of the T&Cs, especially the "other offer" provision. *See, e.g.*, Jan. 24, 2024 Hr'g Tr. at 4:15-17 ("There's no doubt—or there's no dispute

Hon. Freda L. Wolfson                                                                     Page 3

that there certainly is relevance to evidence regarding what this term means."); *id.* at 38:16-20

(permitting discovery into "the understanding of those terms when they were placed into various

agreements … and documents that reflect what that understanding was and the intent of it"). While

J&J asserts that SaveOn provides "no evidence to suggest there was ever market research" on this

topic," Opp. at 10-11, SaveOn cites documents showing that ███████████████████████

████████████████████, Mot. at 9 (citing Exs. 28, 29, 32),[1] and documents showing that

████████████████████████████████████████████████████████████████████

███████████████, *see* Exs. 2, 3, 7, 9, 10, 11, 12, 15, 20.[2]

    *Third*, SaveOn seeks documents regarding J&J's market research into strategies to respond

to SaveOn, accumulators, or maximizers, which are relevant to its defenses of mitigation, laches,

and acquiescence. Ans. ¶¶ 24-38.[3] The relevance of these documents is undisputed: J&J concedes

---

[1] J&J asserts that SaveOn's Exhibit 32 "does not contain the language that SaveOnSP attributes to
it, Opp. at 11 n.4—but it does. *See* Ex. 32 at -681.0016 ████████████████████████████
████████████). J&J also asserts that Exhibits 28 and 29 "have nothing to do with the 'other offer'
language, Opp. at 11 n.4, but they show that ████████████████████████████████████
████████████████████████████████████, and Exhibit 29 specifically discusses ████████
████████████████████████████████████████████████████████████████████
████████████████████ Ex. 29 at -710.0008. These exhibits thus indicate that ████████████
████████████████████████████████████████.

[2] J&J asserts that Exhibits 30 and 37 do not mention market research. Opp. at 5-6. As SaveOn's
brief makes clear, SaveOn referred to Exhibits 30 and 31 together because ████████████████
████████████████████████. Mot. at 5. Exhibit 31 discloses that, ████████████████████
████████████████████████████████████████████████████ Ex. 31; Exhibit 30 is
████████████████████████████████████████████████████████████████████
████████████████ Ex. 30 at 5. Exhibit 37, similarly, shows that ████████████████████
████████████████████████████████████████████████.

[3] For example, J&J claims that it could not identify patients on SaveOn-advised plans and remove
them from the CarePath program because it could not reliably identify such patients, *see* Compl.

that that "market research documents that bear on strategies for responding to SaveOnSP or accu-

mulators and maximizers" are relevant. Opp. at 11.

## II.    J&J Has No Valid Reason to Withhold the Requested Documents

### A.    SaveOn Requested the Documents

J&J asserts that SaveOn's motion is "unmoored from particular requests for production."

Opp. at 3, that only Request 73 "appears relevant to the substance of its motion," *id.* at 4, and so

J&J need not produce anything not sought in Request 73, *id.* In fact, as SaveOn explained in its

motion, Mot. at 7 n.3, 9 n.5, 10 n.7, SaveOn seeks material that falls within its Requests 12, 19,

31, 33, 49, 51, 54 and 73.

*First*, SaveOn's request for market research about J&J's allegations of patient stress and

confusion, Mot. at 6-7, is covered by SaveOn's Request 19 ("All Documents and Communications

regarding any alleged stress and confusion caused by SaveOnSP to any member of the public,

including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114").

Ex. 34 at 15.

*Second*, SaveOn's request for market research about the T&Cs and the "other offer" pro-

vision, Mot at 8-9, is covered by (1) SaveOn's Request 12 ("All Documents and Communications

---

¶ 101, but J&J has produced documents ███████████████████████████, *see, e.g.*,
Ex. 38 at -541-2 (JJHCS_00134533) (explaining that, ████████████████
███████████████████████████████████); Ex. 39 (JJHCS_00003355); Ex. 40
(JJHCS_00003430) (████████████████████████████████████), but ████
████████████████████, *see, e.g.*, Ex. 19 at -700.0012 (███████████████
███████████████████████████████████████████
███████████████); Ex. 41 (JJHCS_00121598) (███████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████).

regarding CarePath's terms and conditions, including Documents and Communications regarding … (d) JJHCS's understanding of the term 'offer' … as used in CarePath's terms and conditions"), Ex. 34 at 14; (2) Request 51 ("All Documents and Communications regarding all Stelara withMe terms and conditions, … including Documents and Communications regarding … (b) JJHCS's understanding of the term 'offer' … as used in any terms and conditions that apply or applied to Stelara."); *id.* at 40, and (3) Request 54 (same as Request 51, but for Tremfya), *id.* at 40.

*Third*, SaveOn's request for market research about J&J's responses to accumulators, maximizers, and SaveOn, including any market research about mitigation strategies, Mot. at 10-11, is covered by (1) SaveOn's Request 31 ("All Documents and Communications regarding … JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP"), Ex. 34 at 17; (2) Request 33 (same regarding "JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans"), *id.* at 19; (3) Request 49 (same re. "efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans, or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath"), *id.* at 30; and (4) Request 73 ("All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers"), *id.* at 64.

### B.    J&J Has Market Research Employees Who Are Likely to Have the Requested Documents

J&J asserts that it has no "internal market research entity" that researches accumulators, maximizers, or SaveOn, Opp. 5; *see also id.* (asserting that J&J does not conduct internal market research "though a particular unit"), so "the entire premise of SaveOnSP's motion is mistaken,"

Hon. Freda L. Wolfson                                                                    Page 6

*id.* at 2. In fact, SaveOn's motion does not depend on J&J having a separate entity that conducts

such research. SaveOn seeks documents from whichever J&J employees were involved with J&J's

market research on the topics at issue, regardless of which entity, unit, or group within J&J they

worked for. Mot. at 2 (defining Janssen Market Research for purposes of the motion "as the group

or groups performing market research on behalf of … any of the drugs at issue"). J&J does not

deny that employees other than its existing custodians were involved with market research into the

topics at issue—J&J must identify them and produce the requested materials from their files.[4]

J&J next asserts that all the documents that SaveOn cites "reflect research that was led and

conducted by third parties." Opp. at 5. Not so. In SaveOn's Exhibit 5, for example, █████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████ Ex. 5 at -685 (emphasis added). █████████████

███████████████ *Id.* █████████████████████████████████████████████

████████████████████████████████████████████.

J&J also asserts that third-party research "is shared with and used by one or more of

JJHCS's custodians because those are the people responsible for CarePath or for related projects

and programs[.]" Opp. at 5. J&J does not say, however, that all the requested market research was

---

[4] During the parties' negotiations, while J&J objected to producing market research documents that did not specifically mention SaveOn, *see* Ex. 42 at 5 (Feb. 8, 2024 Letter), and to producing any market research documents from non-JJHCS entities, Ex. 16 at 2 (Apr. 26, 2024 Letter), it never denied that J&J employees beyond its existing custodians were involved with market research on the topics at issue. J&J also never said that it did not have a separate market research "entity," even after SaveOn said that it intended to seek relief because J&J "refus[ed] to identify relevant custodians" involved with market research, Ex. 43 at 2 (May 7, 2024 Letter).

Hon. Freda L. Wolfson                                                            Page 7

shared with existing custodians.[5] Even were all final third-party research reports shared with ex-
isting custodians, moreover, the J&J employees who hired and oversaw the vendors are likely to
have additional relevant documents—for example, communications in hiring the vendors, direct-
ing their work, answering their questions, and reviewing initial research findings. And, of course,
non-custodians involved with market research may have additional documents reacting to the find-
ings and discussing how to implement or operationalize them. *See, e.g.*, Ex. 10 at -696 █████
████████ ████████ ████ ████████ ██ ████████ ████████ ██ ███ ████████); Ex. 11
at -722.0014-15 (████████████████████████████████████████████████████████
████████); Ex. 12 at -507.0011 (███████████████████████████████████████████████
████████████████████████).

### C.     J&J Is Withholding the Requested Documents

During the parties' negotiations, J&J flatly refused to produce any market research material
unless it specifically mentioned SaveOn. *E.g.*, Ex. 36 at 5 (Feb. 28, 2024 Letter) ("It is irrelevant
whether some patient at some time may have liked a company which provides services similar to
SaveOn.") (cleaned up). In its opposition, J&J now says:

> [T]o help moot this motion, JJHCS is also investigating whether any
> additional, unproduced market research regarding accumulators and
> maximizers that does not mention SaveOnSP exists in the relevant
> repositories for such research. If it does, JJHCS will produce it to
> SaveOnSP. To the extent any such research exists and SaveOnSP
> seeks anything else relating to it after that, JJHCS will certainly con-
> fer with SaveOnSP further regarding such requests.

---

[5] SaveOn cited documents showing that multiple J&J employees who are not currently custodians
were involved in market research. *See, e.g.*, Ex. 1 (███████████); Ex. 5 (███████); Ex. 6 (████
██████████████); Ex. 7 (████████████); Ex. 10 ██████████████████ Ex. 11 █████
███); Ex. 19 (███████████); Ex. 20 (████████████████); Ex. 21 (██████████████); Ex. 22
███████████████████████████████████████████████); Ex. 28 █████
██████████████████); Ex. 33 ████████████████).

Hon. Freda L. Wolfson                                                                 Page 8

Opp. at 9. This is nowhere close to enough. J&J agrees to search only its existing "repositories"—

that is, the custodians and non-custodial sources that it is already searching. *Id.* J&J must also

identify J&J employees and sources involved with market research beyond its existing custodians

and sources and produce documents from their files. J&J also agrees to produce only "market

research"—that is, final market research findings. *Id.*; *see also id.* at 6 (asserting that its existing

custodians are likely "to possess the products of such research"). J&J must also produce documents

and communications relating to that research.

      At bottom, J&J's obligation is to search files within its control that are reasonably likely to

have relevant information. J&J's market research employees outside of JJHCS are likely to have

documents relating to market research on the topics at issue. J&J must identify these individuals

(and any non-custodial sources) outside of JJHCS, search their files, and produce documents on

the requested topics.

      SaveOn appreciates Your Honor's attention to this matter.


                Respectfully submitted,


                /s/ *E. Evans Wohlforth, Jr.*
                E. Evans Wohlforth, Jr.
                Robinson & Cole LLP
                666 Third Avenue, 20th floor
                New York, NY 10017-4132
                Main (212) 451-2900
                Fax (212) 451-2999
                ewohlforth@rc.com

Hon. Freda L. Wolfson                                                    Page 9

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBITS 38-41
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 42



www.pbwt.com

February 8, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
***No. 2:22-cv-02632 (JKS)(CLW)***

Dear Elizabeth:

We write regarding SaveOnSP's January 26, 2024 letter concerning JJHCS's responses and objections to SaveOnSP's Fifth Set of Requests for Production ("JJHCS's Dec. 18, 2023 Responses and Objections").

I.    **General Objections & Definitions**

SaveOnSP requests confirmation that JJHCS is not withholding documents based on two of its general objections: JJHCS's objection that SaveOnSP's requests seek documents or information "obtainable from sources other than JJHCS" in a more efficient manner, and JJHCS's objection that SaveOnSP's requests require JJHCS to disclose materials in a manner that would violate "a confidentiality agreement, court order, or applicable law." *See* JJHCS's Dec. 18, 2023 Responses and Objections, at 2. SaveOnSP asked these same questions in a prior letter on JJHCS's responses and objections to SaveOnSP's Fourth Set of Requests for Production, and consistent with JJHCS's prior response, JJHCS reiterates that its specific responses and objections to each of SaveOnSP's requests set forth how JJHCS plans to respond to each request, including with respect to what JJHCS is willing to produce. *See* Jan. 2, 2024 Ltr. from J. Long to E. Snow at 1. If you believe any of our responses or objections are unclear, please let us know.

As to JJHCS's objection concerning the definition of "Benefits Investigation," we understand SaveOnSP's letter to narrow the definition of that term to "the same definition that [JJHCS] used when it agreed to produce 'Benefits Investigations' [through TrialCard] on October 24, 2023." Jan. 26, 2024 Ltr. from E. Snow to I. Eppler at 1–2. For the avoidance of doubt, on October 24, 2023, JJHCS explained it would produce "benefits investigations from January 1, 2022 through July 1, 2022 . . . that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP)." (Dkt. No.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 2

163.)  Please confirm that SaveOnSP plans to adopt the same definition.  Otherwise, JJHCS reiterates its objection to SaveOnSP's definition of "Benefits Investigation," which includes "any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan," on relevance and burden grounds.

SaveOnSP also continues to take issue with JJHCS's objection to SaveOnSP's definition of Janssen.  As we stated in our January 2, 2024 letter, SaveOnSP's claim that the Court previously held that "J&J's discovery obligations include Janssen" finds no support in the Court's June 29, 2023 Order or June 27, 2023 conference transcript.  *See* Jan. 2, 2024 Ltr. from J. Long to E. Snow at 1–2.  As SaveOnSP well knows, at issue in June was SaveOnSP's motion to compel supplemental responses to certain interrogatories served on JJHCS.  The Court granted that motion in part, and clarified the limited implication of its ruling when SaveOnSP untimely sought reconsideration of the same issue at the October 30 conference.  As JJHCS repeatedly has made clear—including in its January 2, 2024 letter addressing the same issue—of roughly 200 J&J subsidiaries, "JJHCS is the sole relevant J&J entity involved in the development, marketing, [and] administration of CarePath."  *Id.* (quoting Dkt. No. 122 at 1; Dkt. No. 29 at 20).[1]

## II.  Request Nos. 63-67

These Requests call for a variety of documents and communications related to JJHCS's efforts to prevent the misuse of CarePath funds, including by considering or adopting changes to the CarePath program.  To the extent these Requests call for information regarding JJHCS's efforts to prevent the misuse of CarePath funds by SaveOnSP, they are duplicative of SaveOnSP's prior requests, as JJHCS explained in its Responses and Objections to SaveOnSP's Fifth Set of Requests for Production.  For example:

- **Request No. 63** calls for "[a]ll Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug."  To the extent that this Request calls for documents regarding JJHCS's efforts to mitigate harm caused to CarePath by SaveOnSP by modifying CarePath to reimburse patients for out-of-pocket costs, this Request is duplicative, as JJHCS has already agreed to run several search terms intended to identify documents related to SaveOnSP in response to Request No. 8.  Documents concerning these efforts also would be captured by search strings related to the CAP program.

- **Request No. 64** demands ." If this Request is construed as calling for documents related to , it is

---

[1] SaveOnSP sent JJHCS a third letter on non-JJHCS discovery on February 5, 2024.  JJHCS will respond to that correspondence under separate cover and in due course.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 3

duplicative for the reasons set forth in JJHCS's Responses and Objections. JJHCS has already agreed to run several search terms intended to identify documents related to SaveOnSP in response to Request No. 8, and documents involving "████████████████████████████████" in connection with SaveOnSP would be captured by those terms. Insofar as it involves "████████████████████████████████" unrelated to SaveOnSP, JJHCS objects to this Request on the basis of relevance. *See* Transcript of March 17, 2023 Status Conf. at 32:23–34:10.

- **Request No. 65** is a demand for "[a]ll Documents and Communications regarding ████████████████████████████████████'" JJHCS has already agreed to search for documents containing the term "SaveOn," including reasonable variations thereof. *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow at 8. As you acknowledged at our February 8 meet and confer, documents regarding "████████████████████████████" would necessarily be included in the results of that search.

- **Request No. 66** is a call for "[a]ll Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients." Here, too, Request No. 66 is duplicative of Request No. 8, which concerns documents related to SaveOnSP, as well as requests related to the CAP program. As we discussed at our February 8 meet and confer, previously agreed-upon search terms intended to elicit documents related to SaveOnSP, the CAP program, Express Scripts, and Accredo will also produce documents responsive to this Request. To the extent that this Request demands documents unrelated to SaveOnSP, Express Scripts, or Accredo, JJHCS objects based on relevance.

- **Request No. 67** calls for "[d]ocuments sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath." Contrary to SaveOnSP's claim in its January 26 letter, the Request does **not** call for documents and communications related to these payments or reimbursements: it demands only documents sufficient to show payments or reimbursements. As JJHCS explained in its Responses and Objections and at our meet and confer of February 8, data on payments or reimbursements to patients taking the Janssen drugs at issue in this litigation was produced in response to SaveOnSP's Request Nos. 26 and 28. To the extent this Request calls for documents or data unrelated to the CarePath program, JJHCS reiterates that it objects to that request on the basis of relevance.

## III.    Request No. 68

Request No. 68 calls for documents and communications "between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath." As stated in its responses and objections, JJHCS already has agreed to produce "responsive, non-privileged documents that relate to SaveOnSP," including "documents related to the CAP Program consistent with the Court's November 7, 2023 Order." *See* JJHCS's Dec. 18,

Elizabeth H. Snow, Esq.
February 8, 2024
Page 4

2023 Responses and Objections, at 12. SaveOnSP nonetheless claims this production is "insufficient," despite sending its letter five days before JJHCS substantially completed its production of CAP-related documents. As SaveOnSP no doubt knows, many of these documents reflect ███████████. *See, e.g.*, JJHCS_00073361; JJHCS_00117174; JJHCS_00073693. To the extent Request No. 68 calls for a broader set of communications between JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including communications related to the Best Price Rule, JJHCS objects on relevance grounds.

**IV.     Request No. 69**

In response to Request No. 69, SaveOnSP insists JJHCS identify a ███████ ████" affiliated with Archbow and run search terms designed to identify documents related to that individual. As SaveOnSP acknowledges, the sole reference to this "███████████" is in an Archbow document, not a JJHCS document. We are not able to explain references in Archbow's document production.

**V.     Request No. 70**

SaveOnSP continues to demand "Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath." As JJHCS has explained in other contexts, "[i]ssues related to 'Best Price' are completely irrelevant to this action." *See* JJHCS's Responses and Objections to SaveOnSP's Sixth Set of Requests for Production, at 10 (objecting to a request for "Best Price Quarterly Reports").

SaveOnSP's arguments do not change this conclusion. Despite SaveOnSP's insistence, the hypothetical question of how JJHCS might have responded if that proposed rule had in fact gone into effect is simply irrelevant to the claims and defenses. JJHCS has not adopted a "made-for-litigation position" with respect to the meaning of the CarePath terms and conditions. In any event, documents reflecting JJHCS's discussions of SaveOnSP's conduct—including communications regarding this lawsuit—would be captured by JJHCS's response to Request No. 8, to the extent that relevant, non-privileged documents exist. Accordingly, JJHCS reiterates that it will not produce documents responsive to this Request.

**VI.     Request Nos. 71 and 72**

Request Nos. 71 and 72 demand documents related to JJHCS's internal accounting treatment of copay assistance payments and documents related to ███████████ ███████████. SaveOnSP claims this information is relevant because it presents a potential defense to JJHCS's GBL claim, namely that JJHCS's GBL claim must fail if "CarePath is a marketing program" because "a harm to a business . . . cannot constitute public harm." Jan. 26, 2024 Ltr. from E. Snow to I. Eppler, at 6.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 5

Judge Wolfson rejected this line of reasoning in her February 6, 2024 Order concerning similar requests for ancillary financial documents, including those related to return on investment. (Dkt. No. 192, at 19–22.) The argument is no more persuasive here. As is recognized in the authority cited by SaveOnSP, a business may bring a GBL claim based on "consumer injury or harm to the public interest" when that harm to the public interest results in harm to the business. *Ideal You Weight Loss Ctr., LLC v. Zillioux*, 174 A.D.3d 1473, 1475 (4th Dep't 2019). JJHCS's GBL claim is predicated on both the harm SaveOnSP inflicted upon consumers and the harm it inflicted upon CarePath, as the Court recognized when it rejected SaveOnSP's arguments for dismissal of this claim. *See Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, 2023 WL 415092, at *6-7 (D.N.J. Jan. 25, 2023). Documents ostensibly demonstrating that CarePath is a "marketing program," even if they exist, would be irrelevant. JJHCS can bring a GBL claim to remedy SaveOnSP's harm to consumers even if CarePath were a "marketing program." Nor is there any reason to think that a marketing program cannot also provide a benefit to consumers. SaveOnSP's argument is nothing more than a pretext for unwarranted discovery on irrelevant issues.

## VII.  Request No. 73

Request No. 73 demands "[a]ll Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow." In its letter, SaveOnSP claims that documents regarding "patient attitudes" towards accumulators and maximizers are relevant to this litigation and must be produced by JJHCS. Jan. 26, 2024 Ltr. from E. Snow to I. Eppler, at 6.

Setting aside whether such information is relevant (it is not), SaveOnSP misconstrues JJHCS's objection to this Request. As stated in its responses and objections, JJHCS objects to this Request because it calls for irrelevant "information unrelated to SaveOnSP and the CarePath program and any withMe programs." *See* JJHCS's Dec. 18, 2023 Responses and Objections, at 15. Any Janssen or JJHCS market research regarding patient satisfaction with other accumulators or maximizers is wholly irrelevant to the claims and defenses in this action, which involve JJHCS's allegations that SaveOnSP (and not some other unnamed accumulator or maximizer) deceived consumers and tortiously interfered with contracts between patients and JJHCS. Contrary to SaveOnSP's claims in its January 26, 2024 letter, JJHCS has not agreed to produce documents responsive to this irrelevant Request. However, to the extent this Request calls for documents and communications involving Janssen market research involving SaveOnSP, JJHCS has already agreed to search for documents containing the term "SaveOnSP," including reasonable variations thereof, so this Request is duplicative.

## VIII.  Request No. 74

This demand for all documents and communications "regarding the funds that JJHCS provides to patients taking Janssen Drugs . . . compared to the revenue that Janssen receives from the sales of Janssen Drugs" is yet another reformulation of SaveOnSP's ongoing quest for documents regarding JJHCS's return on investment from CarePath. *Compare* Jan. 26, 2024 Ltr.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 6

from E. Snow to I. Eppler, at 7 ("SaveOn is entitled to discover all payments made . . . to demonstrate a lack of harm to J&J"); Dkt. No. 150, at 6 ("SaveOnSP believes that the documents sought will show that its conduct may not injure JJHCS at all or at least not damage it to the extent alleged."). JJHCS has consistently explained that this request is wholly irrelevant to JJHCS's claims in this action. (*See* Dkt. No. 150, at 14.) Judge Waldor and Judge Wolfson have consistently rejected SaveOnSP's arguments demanding discovery into these issues. (*See* Dkt. No. 192 at 22; Dkt. No. 173; Dkt. No. 89 at 34:10–19, 35:17–21.)

## IX.    Request No. 75

Citing a page of handwritten notes produced by Archbow from its own files, SaveOnSP baselessly claims that JJHCS has breached its agreement to produce documents responsive to SaveOnSP's Request No. 8, which calls for "documents or communications with or regarding" SaveOnSP. To be clear, JJHCS has complied and continues to comply with its production obligations. JJHCS cannot answer questions or address concerns about the scope of Archbow's production. JJHCS will not undertake a further search for documents based on this Request.

## X.    Request No. 76

This Request demands all recordings of calls between SaveOnSP or any of its employees and JJHCS or certain JJHCS affiliates. As JJHCS has repeatedly explained—including in its response to this very request, at the January 29 meet and confer, and at the February 8 meet and confer—it cannot feasibly identify these call recordings without identifying information from SaveOnSP, including the many pseudonyms and false claims of affiliation that SaveOnSP and its employees used when calling JJHCS and its affiliates. This additional information is also necessary for JJHCS to assess the burden of any such production. If SaveOnSP wants JJHCS to produce these call recordings, it must provide this critical information. The ball is in SaveOnSP's court.[2]

---

[2] On February 7, 2024, SaveOnSP sent JJHCS yet another letter concerning Request No. 76. It is unclear to us why SaveOnSP has now sent three overlapping letters with respect to the same set of RFPs. In any event, JJHCS will respond to that letter under separate cover in due course. Sending multiple letters about the same requests is unreasonable and vexatious; it only complicates the meet and confer process and delays the resolution of open issues.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 7

      We are available to meet and confer and reserve all rights.

                          Very truly yours,

                          */s/ Ian Eppler*

                          Ian Eppler

# Exhibit 43

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

May 6, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's April 26, 2024 letter and further to SaveOn's April 4, 2024 letter regarding discovery about J&J's mitigation efforts.

**I.    Documents Regarding J&J's Development of Mitigation Strategies**

**A.    Requests 68 and 82**

Request 68 seeks documents and communications between J&J and Archbow regarding CarePath, copay assistance, or the provision of funds to patients enrolled in CarePath. Request 82 seeks documents and communications between J&J and Avalere regarding CarePath or copay assistance.

We appreciate your agreement to run the four search terms related to Archbow and Avalere, responsive to Requests 68 and 82. *See* Apr. 26, 2024 Ltr. from I. Eppler to E. Snow at 2. Though we understand you have objected to producing documents and communications that solely concern the Best Price Rule, please confirm that you will not withhold responsive documents or communications that touch on Best Price (e.g., an email discussing both the CAP program and Best Price). SaveOn reserves all rights to request additional search terms or documents in the future.

Ian Eppler
May 6, 2024

### B.    Requests 73

Request 73 seeks documents and communications by or for Janssen Market Research regarding accumulators and maximizers. We understand that J&J refuses to search for or produce documents in response to RFP No. 73, including refusing to identify relevant custodians. The parties are thus at impasse and SaveOn intends to seek relief from Judge Wolfson.

## II.    Documents Regarding J&J's Implementation of Mitigation Strategies

### A.    Requests 58 and 59

Requests 58 and 59 seek all documents and communications regarding Benefits Investigations undertaken by J&J or one of its vendors that identified or attempted to identify whether a patient was a member of an accumulator, maximizer, or SaveOn-advised plan. We asked you to run the following searches:

- ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("RIS" OR "RISRx" OR "TrialCard") AND (budget* OR identif*)

- ("RIS" OR "RISRx") AND ((Benefit* w/5 Investigation*) OR "B.I." OR "BI's" OR "BIs" OR "B.I.'s")

- ("RIS" OR "RISRx") AND "BI" (*case sensitive*)

J&J offers to run modified search terms over a subset of the custodians that SaveOn requested for RIS Rx and refuses to search for and produce any documents related to TrialCard (beyond those that J&J has already produced).

#### 1.    RIS Rx

SaveOn proposed two terms specific to RIS Rx and two terms that included both TrialCard and RIS Rx. Thank you for confirming that J&J will run the RIS-specific terms.

Please let us know if J&J will agree to run the following search terms, proposed by SaveOn, as restricted to RIS Rx:

- ("RIS" OR "RISRx") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("RIS" OR "RISRx") AND (budget* OR identif*)

If J&J objects on the basis of burden, please provide hit counts for these search terms, including for each individual term within the proposed searches, as well as

2

Ian Eppler
May 6, 2024

the full aggregate deduplicated number of documents for each string individually and the terms combined. *See* Appendix 1.

Please also provide hit counts for the alternative RIS-specific search terms that you proposed in your April 26, 2024 letter:

- (RIS OR RISRx) /50 (accumulator* OR maximizer*)

- (RIS OR RISRx) /50 (identif*)

J&J also objects to running its proposed search terms over the documents of Scott White and Blasine Penkowski, pursuant to the apex custodian doctrine. As SaveOn has repeatedly explained, the so-called apex doctrine is not applicable to document production. *See Sandoz, Inc. v. United Therapeutics Corp.*, 2020 WL 13830525, at *3 (D.N.J. Nov. 16, 2020) ("[T]he 'apex doctrine,' while it may be applicable to depositions, is not a protective shield that prohibits document discovery from high-ranking executives."). J&J provides no other reason to exclude White and Penkowski's documents from these searches. Please confirm that J&J will run any search terms agreed by the parties over White's and Penkowski's files.

## 2.    TrialCard

J&J refuses to run *any* search terms to identify documents about Trial-Card's work identifying patients on SaveOn-advised plans, accumulators, and maximizers, including regarding J&J's instructions to TrialCard regarding enforcement of the eligibility criteria in CarePath's Terms &Conditions, and what TrialCard did after it identified a patient on a maximizer, accumulator, or SaveOn-advised plan.

J&J does not offer any explanation for why it would search for and produce documents related to RIS Rx but not to TrialCard, or why communications regarding Benefits Investigations performed by RIS Rx would be more relevant than communications about Benefits Investigations performed by TrialCard. Omitting TrialCard from these searches would be problematic, as TrialCard is the primary administrator for CarePath and TrialCard conducted thousands of Benefits Investigations for J&J.

J&J appears to object primarily on the basis of burden, citing hit counts for SaveOn's combined search terms. To facilitate a productive meet and confer process, please provide hit counts for the following terms individually and on an aggregate deduplicated basis for both each individual search string and both strings combined, *see* Appendix 1:

- TrialCard AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")

- TrialCard AND (budget* OR identif*)

Ian Eppler
May 6, 2024

### B.    Requests 61 and 62

Requests 61 and 62 seek patient claims data provided by Accredo to J&J or any vendor regarding patients enrolled in CarePath, and documents sufficient to show negotiations regarding the same. J&J promises that it will produce "final, executed data-sharing contracts by May 10, 2024." Apr. 26 Ltr. at 5. SaveOn reserves all rights to request additional documents and communications responsive to these RFPs.

Please respond by May 14, 2024.

Sincerely,

Hannah Miles

Hannah R. Miles
Associate

## Appendix 1 – Search Strings

Please provide hit counts for the following search terms, in grey below, including for each individual term within the proposed searches. Please also provide the full aggregate deduplicated number of documents for each string individually and the terms combined.

| |
|---|
| **("RIS" OR "RISRx") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")** |
| "RIS" AND accumulator* |
| "RISRx" AND accumulator* |
| "RIS" AND maximizer* |
| "RISRx" AND maximizer* |
| "RIS" AND "CAPm" |
| "RISRx" AND "CAPm" |
| "RIS" AND "CAPa" |
| "RISRx" AND "CAPa" |
| "RIS" AND "adjustment program" |
| "RISRx" AND "adjustment program" |
| **("RIS" OR "RISRx") AND (budget* OR identif*)** |
| "RIS" AND budget* |
| "RISRx" AND identif* |
| "RIS" AND budget* |
| "RISRx" AND identif* |
| **(RIS OR RISRx) /50 (accumulator* OR maximizer*)** |
| "RIS" /50 accumulator* |
| "RISRx" /50 accumulator* |

| |
|---|
| "RIS" /50 maximizer* |
| "RISRx" /50 maximizer* |
| **(RIS OR RISRx) /50 (identif\*)** |
| "RIS" /50 identif* |
| "RISRx" /50 identif* |
| **TrialCard AND (accumulator\* OR maximizer\* OR "CAPm" OR "CAPa" OR "adjustment program")** |
| TrialCard AND accumulator* |
| TrialCard AND maximizer* |
| TrialCard AND "CAPm" |
| TrialCard AND "CAPa" |
| TrialCard AND "adjustment program" |
| **TrialCard AND (budget\* OR identif\*)** |
| TrialCard AND budget* |
| TrialCard AND identif* |