SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | : : | Hon. Jamel K. Semper, U.S.D.J. Hon. Cathy L. Waldor, U.S.M.J. |
| vs. | : | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, | : | **DECLARATION OF** |
| | : | **JEFFREY J. GREENBAUM** |
| Defendant. | : | **IN SUPPORT OF** |
| | : | **JOINT MOTION TO SEAL** |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with Local

Civil Rule 5.3(c)(3), I submit this Declaration in support of the joint motion to seal letters written by counsel for the parties to Judge Wolfson and the exhibits thereto regarding: (i) the Motion by Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to Produce "Best Price" Certifications, dated April 18, 2024, with related briefing on May 2 and May 9, 2024 (the "Best Price Motion," ECF No. 285, filed May 13, 2024); (ii) SaveOnSP's Motion to Compel JJHCS to Produce TrialCard Documents, dated April 19, 2024, with related briefing on May 7 and May 17, 2024 (the "TrialCard Motion," ECF No. 312, filed June 12, 2024); and (iii) SaveOn's Motion to Compel JJHCS to Produce Documents from the Janssen Entities, dated April 22, 2024, with related briefing on May 14 and May 21, 2024 (the "Janssen Entities Motion," ECF No. 313, filed June 12, 2024) (collectively, the "Subject Motions").

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. The parties seek to seal portions of the Subject Motions through the instant motion, in accordance with Local Civil Rule 5.3(c).

3. As detailed in the below chart, we are attaching the following proposed public versions of the following motions that combine both JJHCS's and SaveOnSP's proposed redactions:

| Attached Exhibit | Motion Title | ECF Number |
|---|---|---|
| Exhibit A | Best Price Motion | ECF No. 285 |

| Exhibit B | TrialCard Motion | ECF No. 312 |
| --- | --- | --- |
| Exhibit C | Janssen Entities Motion | ECF No. 313 |

4. As shown in Exhibits A to C, the parties are proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

5. Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

6. In support of this motion, the parties have prepared indices setting forth the information that they seek to seal and the basis for the request as follows:

| Exhibit D | JJHCS's proposed redactions to Best Price Motion |
| --- | --- |
| Exhibit E | SaveOnSP's proposed redactions to Best Price Motion |

| Exhibit F | JJHCS's proposed redactions to TrialCard Motion |
| --- | --- |
| Exhibit G | SaveOnSP's proposed redactions to TrialCard Motion |
| Exhibit H | JJHCS's proposed redactions to the Janssen Entities Motion |
| Exhibit I | SaveOnSP's proposed redactions to the Janssen Entities Motion |

7. The parties have reviewed each other's proposed redactions, and neither party has objected to the sealing of any of the confidential materials subject to this motion.

8. Redacted versions of the documents containing the parties' confidential information and confidential patient health information are being filed with this Motion pursuant to Local Rule 5.3(c)(4), to ensure that the sealing is by the least restrictive means possible.

**JJHCS Confidential Information**

9. The Complaint alleges that SaveOnSP has pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1.) The Complaint asserts two causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

10. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

11. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program and the JJHCS business. Certain of these documents are attached as exhibits the Subject Motions and include confidential emails, letters, presentations, discovery responses, notes, and drafts of internal documents.

12. JJHCS designated its production of these documents as Confidential, Confidential Health Information, and Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information and/or confidential health information. (ECF No. 62).

13. In addition to materials produced by JJHCS, JJHCS also seeks to seal certain confidential materials produced by non-party Archbow Consulting, LLC ("Archbow") and non-party TrialCard, Inc. ("TrialCard") in response to subpoenas served on each of these respective parties by SaveOnSP in this action. The Archbow and TrialCard documents were designated as Confidential or Confidential – Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62).

14. In light of the business relationships between JJHCS and Archbow, and between JJHCS and TrialCard, JJHCS also considers the materials produced by Archbow and TrialCard to contain information confidential to JJHCS, including the administration of the CarePath program.

15. As detailed in Exhibits D, F, and H, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

16. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. In particular, the proposed redactions and exhibits largely pertain to JJHCS's strategy and administration of the CarePath program, non-party Janssen entities, and the relationship and work performed by TrialCard, all of which JJHCS considers to be confidential. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

17. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action. *See* ECF No. 62.

18. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

19. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

**SaveOnSP Confidential Information**

20. In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Exhibits E, G, and I are tables documenting all materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available. In summary, SaveOnSP asserts that the information that it seeks to protect from public disclosure is SaveOnSP's proprietary business information and the confidential health information of patients.

21. SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted information contained in these documents and in avoiding the public disclosure of this information because it includes SaveOnSP's proprietary business information and the confidential health information of members of SaveOnSP's health plan clients, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage and harm patients. *See, e.g., Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*,

2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

22. SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information contained in Exhibits 3-4 of the May 13, 2024 Best Price Motion, JJHCS's May 2, 2024 Opposition and Exhibit 6, and SaveOnSP's May 9, 2024 Reply and Exhibit 30 [ECF No. 285]. SaveOnSP seeks to redact and permanently seal information pulled from SaveOnSP's internal, confidential communications regarding SaveOnSP's strategy for communicating with patients and SaveOnSP's business model.

23. SaveOnSP also asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information contained in Exhibits 12, 39-41, 46-47 of the April 19, 2024 TrialCard Motion, Exhibit 31, 39, 41-43 to the May 7, 2024 Opposition, and Exhibit 56 to the May 14, 2024 Reply [collectively, ECF No. 312], which contain SaveOnSP's confidential business practices, SaveOnSP's operating strategy and call center protocols, references to a previously sealed deposition transcript, and a call transcript containing confidential patient information.

24. SaveOnSP also asserts that it has an interest in maintaining the confidentiality of the redacted information contained in Exhibit 78 of the April 22,

2024 Janssen Entities Motion [ECF No. 313], which contains confidential, propriety information including references to SaveOn's response to JJ&J's Interrogatory No. 18, which describes provisions in SaveOn's confidential employee handbook disclosed to J&J during discovery.

25. Accordingly, SaveOnSP respectfully requests that the Court seal the unredacted versions of (a) Exhibits 3-4 of the May 13, 2024 Best Price Motion, JJHCS's May 2, 2024 Opposition and Exhibit 6, and SaveOnSP's May 9, 2024 Reply and Exhibit 30 [ECF No. 285]; (b) Exhibits 12, 39-41, 46-47 of the April 19, 2024 TrialCard Motion, Exhibit 31, 39, 41-43 to the May 7, 2024 Opposition, and Exhibit 56 to the May 14, 2024 Reply [collectively, ECF No. 312]; and (c) Exhibit 78 of the April 22, 2024 Janssen Entities Motion [ECF No. 313].

26. SaveOnSP submits that there is no less restrictive alternative available.

27. The parties respectfully submit that they have satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, they request that the Court grant their joint motion to seal materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2024.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM