# EXHIBIT D

INDEX IN SUPPORT OF MOTION TO SEAL
BEST PRICE MOTION (ECF NO. 285)

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. Esq. regarding Defendant Save On SP LLC's Motion to Compel Plaintiff Johnson & Johnson Health Care System, Inc. to Produce "Best Price" Certifications [dated April 18, 2024] (ECF No. 285) | | JJHCS requests the redaction of information and discussion in the April 18 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | If filed on the public docket, these portions of the April 18 letter would reveal confidential material relating to JJHCS's sensitive business information. Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Page 3 | ("J&J . . . maximizer"), ("in . . . purposes") | | | | | |
| Pages 3–4 | ("J&J . . . Calculation") | | | | | |
| Page 4 | ("If . . . calculation"), ("consistent . . . Reports") | | | | | |
| Page 5 | ("It . . . year"), ("The . . . December"), ("accusing . . . patients") | | | | | |
| Page 8 | ("The . . . years"), ("We . . . this"), ("J&J . . . drug"), ("worried . . . years") | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Pages 8–9 | ("J&J . . . Program") | | would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Page 9 | ("The . . . Rule"), ("As . . . lawsuit"), ("from . . . conditions"), ("indicating . . . Rule"), ("to . . . patients") | | | | | |
| Page 9, note 6 | ("J&J's . . . 2025") | | | | | |
| Page 9, note 8 | ("In . . . patients"), ("Challenge . . . programs") | | | | | |
| Page 10 | ("yet . . . Rule"), ("Documents . . . wished"), ("discussing . . . amount") | | | | | |
| Page 10, note 8 | ("TrialCard . . . 2021") | | | | | |
| Page 10, note 9 | ("The . . . Rule") | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Page 11 | ("its . . . Rule"), ("October . . . conditions") | | | | | |
| Exhibits 1 & 15 | Redaction of discovery materials related to confidential business information | JJHCS requests the redaction of information in certain exhibits to the April 18 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. Some of these documents (*e.g.* Exhibits 1, 15, 22, and 23) were | If filed on the public docket, these exhibits to the April 18 letter would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to the public would cause | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Exhibits 2, 3 & 4 | Redactions to discovery letters related to confidential business information | | | | | |
| Exhibits 6, 8, 9, 11, 17, & 19 | Sealing of documents related to confidential business information | | | | | |
| Exhibits 7, 10, 12, 16, 18, 25, & 28 | Sealing of emails and attachments related to confidential business information | | | | | |
| Exhibits 20 & 27 | Sealing of confidential emails related to TrialCard | | | | | |

3

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit 21 | Sealing of confidential presentation related to TrialCard | produced by non-parties, Archbow and TrialCard, and were designated as confidential. Exhibit 12 also contains Confidential Health Information. | irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. Additionally, disclosure of Confidential Health Information would also improperly reveal confidential health information to the public. | | | |
| Exhibits 22 & 26 | Sealing of confidential emails and presentations related to TrialCard | | | | | |

4

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit 23 | Sealing of confidential handwritten notes related to business information | | | | | |
| Exhibits 24 & 29 | Sealing of confidential emails related to the CarePath program | | | | | |
| Opposition to BPR Motion [dated May 2, 2024] (ECF No 285-31) | | JJHCS requests the redaction of information and discussion in the May 2 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain | If filed on the public docket, these portions of the May 2 letter would reveal confidential material relating to JJHCS's sensitive business information.  Disclosure of this | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Page 11 | ("These . . . programs"), ("the . . . insurance") | | | | | |
| Page 12, note 3 | ("recognized . . . maximizers"), ("The . . . this") | | | | | |
| Page 14, note 4 | ("it . . . Rule"), ("one . . . anything"), ("In . . . patients"), ("The . . . Rule"), ("which . . . Rule") | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Page 15 | ("Programs . . . patient") | sensitive business information. | confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Exhibit 1 | Sealing of confidential presentation | JJHCS requests the redaction of information in certain exhibits to the May 2 letter that is not known to the general public and which the parties agreed | If filed on the public docket, these exhibits to the May 2 letter would reveal confidential material relating to | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general | None | None |
| Exhibit 4 | Redactions to discovery letter related to benefits investigations | | | | | |

6

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|
| | to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | JJHCS's sensitive business information.<br><br>Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | public. No less restrictive alternative is available or practicable. | | |

7

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| 2024.05.09 SaveOn Best Price Reply (ECF No. 285-38) | | JJHCS requests the redaction of information and discussion in the May 9 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | If filed on the public docket, these portions of the May 9 letter would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to the public would cause irreparable harm to JJHCS | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Page 5, note 3 | ("J&J . . . Rule") | | | | | |
| Page 7 | ("J&J . . . accumulators"), ("Consistent . . . poses"), ("This . . . for") | | | | | |
| Page 7, note 5 | ("J&J . . . plans"), ("This . . . patients"), ("The . . . document") | | | | | |
| Page 8 | ("that . . . Reports"), ("J&J's . . . non-patients") | | | | | |
| Page 9 | ("confirm . . . programs"), ("but . . . intentions"), ("certifying . . . purposes") | | | | | |
| Page 9, note 8 | ("checklist . . ."), ("checklist . . ."), ("checklist . . . all"), ("J&J | | | | | |

8

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| | . . . here"), ("checklist . . ."), ("checklist . . .") | | because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |
| Page 10 | ("Because . . . Department"), ("These . . . implicitly") | | | | | |
| Page 10, note 9 | ("J&J . . . purposes") | | | | | |
| Page 11, note 10 | ("For . . . patients") | | | | | |
| Page 12 | ("J&J . . . insurers"), ("stating . . . year"), ("As . . . Tremfya") | | | | | |
| Page 13 | ("estimated . . . years") | | | | | |
| Page 13, note 13 | ("J&J . . . patients"), ("It . . . [sic]"), ("and . . . poor") | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Page 16 | ("its . . . involved"), ("reflecting . . . cc's"), ("reflecting . . . Rule") | | | | | |
| Exhibits 31 & 32 | Sealing of confidential documents related to business information | JJHCS requests the redaction of information in certain exhibits to the May 9 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | If filed on the public docket, these exhibits to the May 9 letter would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure of this confidential and proprietary information to the public would cause | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |

10

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|
| | | irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | | | |