# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

December 28, 2023

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

    Re: ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       **No. 2:22-cv-02632 (ES) (CLW)**

Dear Special Master Wolfson:

  Defendant Save On SP, LLC ("**SaveOn**") submits this letter pursuant to Your Honor's request during the status conference on December 21, 2023.

  The November 7 Order did not decide SaveOn's motion to compel Plaintiff Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to designate additional custodians as to five custodians. Dkt No. 165.[1] As SaveOn noted in the December 21 conference, after it

---

[1] The Court's November 7, 2023 Order required J&J to add six of seven custodians identified in that Order. Dkt No. 173 at 2. Where the Court denied requests for relief in the November 7 Order, it did so explicitly. Dkt. No. 173 at 2 ("SaveOn's request for relief set forth in Docket Entry No. 162 is DENIED"). In addressing SaveOn's motion regarding additional custodians, in contrast, the

submitted its motion, J&J and third parties produced additional documents confirming the relevance of four of those custodians: Scott White, Blasine Penkowski, Karen Lade, and Juliette Deshaies.

This new evidence demonstrates that:

- **White** and **Penkowski** discussed whether SaveOn's services purportedly violate CarePath's terms and conditions—which goes to J&J's understanding of those provisions (which J&J unilaterally drafted), the disputed meaning of which is at the heart of J&J's claim that SaveOn induced plan members to violate them.

- **Lade** was involved with telling patients about accumulators, maximizers, and SaveOn in 2018 but did not tell them that those services violated CarePath's terms and conditions—which goes to J&J's claim that SaveOn's conduct violates those contract terms and SaveOn's defense that J&J's claim is a recently concocted, made-for-litigation position.

- **White** and **Penkowski** were counterparties for J&J on contracts with TrialCard, the J&J vendor that administered the CarePath Program, so had authority over CarePath's payments to patients via TrialCard—which goes to J&J's allegations that SaveOn caused it to make increased payments that injured it and threatened CarePath's financial viability and to SaveOn's defenses that J&J's own CarePath budget was the cause of these payments (not SaveOn) and that J&J could continue

---

Court stated that it "will require" J&J to add six additional custodians but said nothing regarding the other five requested custodians.

making CarePath payments.

- **Penkowski** and **Lade** were involved with J&J's earliest formulation of a response to SaveOn's services—which goes to SaveOn's defense that J&J could have reduced or stopped payments to patients on SaveOn-advised plans but did not, thus failing to mitigate J&J's damages.

- **White** and **Deshaies** know that CarePath is a marketing program that generates a return for J&J by selling more drugs and raising drug prices (by making patients less cost sensitive to drug costs)—which goes to SaveOn's defenses that SaveOn's conduct does not threaten CarePath's financial viability, and that helping more patients enroll in CarePath financially benefits J&J (offsetting some or all of its alleged injury and damages), and any harm to CarePath is a commercial harm and not a public harm under the GBL.

The details follow.

**White** and **Penkowski** met with third party Archbow Consulting in January 2022, a few months before J&J filed this lawsuit, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The document that shows this, Exhibit 1 (ARCHBOW_000443),[2] produced by Archbow, is the earliest document produced from before the filing of this lawsuit that reflects any understanding by J&J that SaveOn purportedly induced

---

[2] Archbow produced this document on October 30, 2023 following the Court conference on SaveOn's motion. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

breaches of CarePath's terms and conditions. The document's context strongly indicates that this was a made-for-litigation position. It is relevant when and why White and Penkowski formed that understanding on behalf of J&J, which they then shared outside of J&J.

**White** played key roles with CarePath's budget and J&J's "investment" in that program.



Ex. 2 (TRIAL-CARD_00002367).³ ▮▮▮▮▮ Ex. 3 (JJHCS_00140480) (attaching Ex. 4 (JJHCS_00140485)).⁴ ▮▮▮▮▮ Ex. 4 (JJHCS_00140485) (emphasis added). ▮▮▮▮▮ for drugs at issue, (i) countering allegations that SaveOn's conduct caused it to pay more in CarePath funds, Compl. ¶¶ 23, 115, and (ii) undermining any suggestion that SaveOn threatens CarePath's financial viability, *id.* ¶ 114. They also show that CarePath is a marketing program, countering J&J's claim that harm to CarePath is a public harm, necessary to its GBL claim. Compl. ¶¶ 113-15.

---

³ All documents with the Bates TRIALCARD_ cited in this letter were produced by TrialCard on October 27, 2023—after the submission of SaveOn's motion to compel.

⁴ All documents cited from J&J's production, with the Bates JJHCS_, were produced by J&J on December 22, 2023.

Case 2:22-cv-02632-JKS-CLW Document 349-1 Filed 06/18/24 Page 5 of 9 PageID: 32495
Case 2:22-cv-02632-CCC-CLW Document 261 Filed 06/09/23 Page 33 of 36 PageID: 5624

Hon. Freda L. Wolfson     Page 5

**Penkowski** was integral to J&J's response to accumulators, maximizers, and SaveOn as early as May of 2018—four years before the filing of this lawsuit.[5] ▮▮▮▮▮

▮▮▮▮▮ Ex. 6 (JJHCS_00140929); *see also* Ex. 7 (JJHCS_00142063) (▮▮▮▮▮). ▮▮▮▮▮

▮▮▮▮▮. Ex. 8 (TRIALCARD_00002400). But, ▮▮▮▮▮ countering J&J's allegation that it believed such members were ineligible for CarePath. *See* Compl. ¶¶ 48, 108, and illustrating J&J's failure to mitigate its purported damages. Aff. Defs. ¶¶ 24-29.

▮▮▮▮▮. Ex. 9 (TRIALCARD_00003383); Ex. 10 (JJHCS_00142033). ▮▮▮▮▮. Ex. 9 (TRIAL-CARD_00003383). Among other things, ▮▮▮▮▮ *Id.* at -384. This indicates that ▮▮▮▮▮ which tend to disprove J&J's allegations that SaveOn's conduct harms plan

---

[5] ▮▮▮▮▮ Ex. 5 (JJHCS_00142781).

Hon. Freda L. Wolfson  Page 6

members, Compl. ¶ 114, and that the so-called "SaveOnSP Program" is different from plan benefit design, Compl. ¶¶ 1, 3. Further, it bolsters SaveOn's defense that J&J failed to mitigate its damages, Aff. Defs. ¶¶ 24-29.

**Lade** was involved with J&J's response to accumulators, maximizers, and SaveOn at least early as May of 2017—and apparently did *not* believe that SaveOn's services violated CarePath's terms and conditions in 2018. █████

█████

Ex. 11 at -360 (JJHCS_00141359). █████

█████ *Id.* This shows that J&J was fully aware of accumulator and maximizer programs but decided not to reduce its CarePath budget, failing to mitigate its purported damages, Aff. Defs. ¶¶ 27-28, █████

█████, *see, e.g.*, Ex. 12 (JJHCS_00144460) (attaching Ex. 13 (JJHCS_00144463)), counter to J&Js allegations, *see* Compl. ¶¶ 48, 108. █████

█████ Ex. 13 (JJHCS_00144463). This is directly contrary to J&J's allegations that SaveOn could set those terms. Compl. ¶¶ 3, 10.

**Deshaies** helped formulate J&J's response to accumulators and maximizers, █████

Hon. Freda L. Wolfson                                                                                               Page 7



████ . Ex. 14 (JJHCS_00141440) (attaching Ex. 15 (JJHCS_00141442)). ████

████ Ex. 15 (JJHCS_00141442). J&J has alleged that copay assistance is to benefit the patient, not a marketing program, Compl. ¶¶ 113-15, ████ .

These documents confirm the relevance of these four individuals, whom the Special Master should compel J&J to designate as custodians, running all agreed or ordered search terms from April 1, 2016 to November 7, 2023. SaveOn stands on its prior motion as to Ernie Knewitz.

SaveOn appreciates the Court's attention to this matter.

                                              Respectfully submitted,

                                              /s/ E. Evans Wohlforth, Jr.
                                              E. Evans Wohlforth, Jr.
                                              Robinson & Cole LLP
                                              666 Third Avenue, 20th floor
                                              New York, NY 10017-4132
                                              Main (212) 451-2900
                                              Fax (212) 451-2999
                                              ewohlforth@rc.com

>David Elsberg (admitted *pro hac vice*)
>Andrew R. Dunlap (admitted *pro hac vice*)
>Meredith Nelson (admitted *pro hac vice*)
>Elizabeth H. Snow (admitted *pro hac vice*)
>SELENDY GAY ELSBERG PLLC
>1290 Avenue of the Americas
>New York, NY 10104
>(212) 390-9000
>deslberg@selendygay.com
>adunlap@selendygay.com
>mnelson@selendygay.com
>esnow@selendygay.com
>
>*Attorneys for Defendant Save On SP, LLC*

# EXHIBITS 1-15
# CONFIDENTIAL – FILED UNDER SEAL