

www.pbwt.com

January 4, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

    Re:  **JJHCS's Opposition to SaveOnSP's Dec. 28 Motion to Compel**
        *Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
        No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

    On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to the December 28, 2023 letter motion by Defendant SaveOnSP, LLC ("SaveOnSP") to compel the production of documents from five additional JJHCS custodians. SaveOnSP's motion should be summarily rejected because (1) Judge Waldor already denied it, (2) the time to seek reconsideration of Judge Waldor's ruling has long since elapsed, and (3) the "new evidence" cited by SaveOnSP is not new and provides no basis to disturb Judge Waldor's decision.

*Judge Waldor Denied This Motion Two Months Ago*

    At the outset, we are at a loss to understand how SaveOnSP can claim that Judge Waldor "did not decide" this dispute. She did. These same five employees were part of SaveOnSP's October 25 motion to compel twelve additional custodians from JJHCS. That motion was the subject of truly exhaustive briefing by the parties, culminating in an 1,844-page submission that included a 27-page single-spaced joint letter and 146 exhibits from SaveOnSP. *See* D.E. 165. Ultimately, Judge Waldor granted the motion in part and denied it in part, ordering

---

Hon. Freda L. Wolfson
January 4, 2024
Page 2

JJHCS to add exactly half of the custodians SaveOnSP had sought—specifically, six of the seven employees SaveOnSP claimed were relevant to a particular initiative (the "CAP program").

There is nothing ambiguous or mysterious about Judge Waldor's November 7 order. *See* D.E. 173 at 2 ("**ORDERED** that, with regard to SaveOnSp's request for relief set forth in Docket Entry No. 165, the Court will require Plaintiff to add six of the custodians that SaveOnSp identified with regard to the CAP program (amongst Kinne, Longbothum, Shontz, Barklage, Joffman, Platt, and Wyszkowski).").[1] Not only is this clear on its face, it is also consistent with Judge Waldor's remarks at the discovery conference the previous week, at which she explained that she was only going to grant the motion as to six "CAP" custodians. *See* Oct. 30, 2023 Tr. at 55:10–65:1 ("THE COURT: Well, I thought CAP, the 12 new custodians included CAP custodians. . . . *I'm going to open the doors on CAP*." (emphasis supplied)); *id.* at 116:20–24 ("I'm going to permit additional custodians. *I know we're down to six*." (emphasis supplied)).

JJHCS accepted Judge Waldor's ruling and immediately began collecting and processing the documents of the six additional custodians. SaveOnSP gave us no indication that it failed to accept Judge Waldor's decision; for example, the parties repeatedly conferred about which six custodians JJHCS should add based on the November 7 order, and JJHCS ultimately let SaveOnSP select all six. Even after Your Honor was appointed and expressly invited SaveOnSP's views as to the current status of discovery and expected disputes, SaveOnSP did not identify

---

[1] SaveOnSP implies that Judge Waldor's ruling on this motion is ambiguous because it does not expressly say "DENIED," as it does for another SaveOnSP motion. *See* SaveOnSP Dec. 28, 2023 Ltr. at 1–2 n.1. But that other motion was denied *in full*—hence "DENIED"—whereas SaveOnSP's custodians motion was not (because Judge Waldor granted SaveOnSP half the additional custodians it sought). There is simply no ambiguity here.

Hon. Freda L. Wolfson
January 4, 2024
Page 3

JJHCS custodians as one of the still-open issues. *See* SaveOnSP Dec. 20, 2023 Ltr. at 3. Yet apparently SaveOnSP has changed its mind, and now believes it is entitled not only to the six custodians it won, but also five of the other six it lost.[2]

This "do-over" approach to discovery litigation is inappropriate and should be rejected. The time of the Court and the parties is wasted by serial relitigation of issues that have already been decided. Parties must either abide court orders or timely seek relief from them; otherwise the process breaks down entirely. Thus, if SaveOnSP truly thought that Judge Waldor had wrongly decided its motion, or had neglected some crucial aspect of it, SaveOnSP's recourse was a motion for reconsideration "served and filed within 14 days," setting forth "the matter or controlling decisions" Judge Waldor "overlooked." L. Civ. R. 7.1(i). Tellingly, SaveOnSP was indisputably aware of the proper procedure, because on November 20—the day before that 14-day deadline elapsed—SaveOnSP asked JJHCS to consent to an extension of time for SaveOnSP to seek reconsideration of Judge Waldor's November 7 order. JJHCS declined to consent, and SaveOnSP chose not to seek reconsideration. Yet SaveOnSP now resorts to judge-shopping, hoping that Your Honor will reach a different conclusion than Judge Waldor, who oversaw such

---

[2] SaveOnSP's attempted relitigation of this motion is consistent with its practice of repeatedly raising the same issues over and over again, in an apparent attempt to perpetually restart discovery and thereby forestall resolution of this case indefinitely. Indeed, October 30 was not even the first time SaveOnSP made a motion relating to four of these employees. *See* D.E. 122 at 2–4 (SaveOnSP arguing in June 2023 that documents involving White, Penkowski, Lade, and Deshaies justified compelling additional, expansive discovery from entities other than JJHCS). As for Knewitz, SaveOnSP requested that JJHCS add him as a custodian in August, and JJHCS promptly declined to do so. Yet SaveOnSP delayed moving to compel his designation until the deadline for substantial completion—which had already been extended twice—elapsed.

discovery disputes for more than 1.5 years in this case. SaveOnSP's gambit should be rejected on this basis alone.

*SaveOnSP's Renewed Motion Remains Meritless*

Even if Your Honor were inclined to disregard both Judge Waldor's ruling and the untimeliness of SaveOnSP's requested do-over, SaveOnSP's motion should be denied on the merits. The parties' joint letter concerning these same individuals set forth why there is no basis to compel JJHCS to add them as custodians—especially not the three "apex" executives (White, Penkowski, and Knewitz). *See* D.E. 165 at 17–22 & n10.

Nothing in SaveOnSP's latest missive disturbs that conclusion. Rather, as set forth in the pages that follow, SaveOnSP has cherry-picked different iterations of documents that it already included in its failed October 2023 motion to Judge Waldor—e.g., different calendar invitations involving the same people, or different vendor contracts involving the same vendor. In other instances, SaveOnSP has made basic errors or incorrect assumptions about the content of the cited documents. JJHCS could have clarified each of these for SaveOnSP, if SaveOnSP had sought to meet and confer before bringing this motion. *See* L. Civ. R. 37.1. SaveOnSP filed this motion without any prior conferral with JJHCS's counsel.

Below, JJHCS addresses the specific employees SaveOnSP is targeting, and sets forth why SaveOnSP's motion should be denied as to each one.

**Ernie Knewitz** is a Vice President of Communications. Based on its investigations to date, JJHCS has no reason to believe that Mr. Knewitz would have unique documents relating to SaveOnSP or JJHCS's response to the SaveOnSP program. SaveOnSP apparently agrees, since its letter contains no new argument or exhibits whatsoever regarding Mr. Knewitz.

Hon. Freda L. Wolfson
January 4, 2024
Page 5

**Scott White** is Company Group Chairman, North America Pharmaceuticals—among the highest-ranking executives in the Johnson & Johnson family of companies, with no day-to-day responsibilities for the relevant patient assistance programs. SaveOnSP contends that Mr. White must be added as a custodian because he was the "counterparty" on vendor work orders and "hosted" a meeting of the Janssen Americas Leadership Team where a "Copay Adjustment Program" was scheduled to be discussed. SaveOnSP made these same arguments to Judge Waldor, repeatedly and without success. *See* D.E. 165 at 5 (arguing in October 2023 ▮▮▮▮▮▮▮▮▮▮▮▮); D.E. 122 at 4 (arguing in June 2023 ▮▮▮▮▮▮▮▮▮▮▮▮'). And, just as before, the documents cited by SaveOnSP are certainly not unique to Mr. White and indeed were already produced from the files of existing JJHCS custodians or subpoenaed nonparties.[3]

**Blasine Penkowski** is JJHCS's Chief Strategic Customer Officer. Perhaps because SaveOnSP has twice lost motions relating to Ms. Penkowski, this third attempt resorts to egregious mischaracterizations of the record. For example, SaveOnSP purports to cite documents showing

---

[3] SaveOnSP cites one such document, Exhibit 1 (ARCHBOW_000443), in support of a theory that ▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit 1 does not actually say any of that. It ▮▮▮▮▮▮▮▮▮▮▮▮ Based on JJHCS's preliminary investigation, we ▮▮▮▮▮▮▮▮▮▮▮▮. Instead, ▮▮▮▮▮▮▮▮▮▮▮▮. *See* JJHCS Ex. 1. These ▮▮▮ cannot justify SaveOnSP's attempt to harass senior executives who are—at most—cumulative of custodians JJHCS has already designated.

Hon. Freda L. Wolfson
January 4, 2024
Page 6



Yet not a single document cited by SaveOnSP actually supports that claim.[4]

As another example, SaveOnSP claims to see great significance in the fact that Exhibit 8 (▉▉▉) imposed no ▉▉▉ for SaveOnSP-affected patients, which purportedly shows that ▉▉▉ But ▉▉▉. *Compare* Ex. 8 at 1 (▉▉▉), *with* JJHCS Ex. 3 at 1 (▉▉▉). In other words, Exhibit 8 is irrelevant to this case—and, as with SaveOnSP's other exhibits, does not support SaveOnSP's motion.

**Karen Lade** is a Product Director of Rheumatology Marketing at Janssen Pharmaceuticals, and there is no reason to believe that she would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program. The two emails and one attachment cited by SaveOnSP regarding Ms. Lade do not mention SaveOnSP at all. As with Ms. Penkowski, these documents appear to refer to maximizer programs and accumulator programs generally—and ▉▉▉, a time during which

---

[4] This portion of SaveOnSP's letter cites Exhibits 5 through 10. Exhibit 5 is ▉▉▉ and does not mention SaveOnSP. Exhibits 6 and 7 also do not mention SaveOnSP at all, but discuss only ▉▉▉ generally—a categorization that SaveOnSP insists does not apply to its own program. *See, e.g.*, JJHCS Ex. 2 (SOSP_0013797) (▉▉▉). Exhibit 8 is a ▉▉▉ and likewise does not mention SaveOnSP at all. Only Exhibits 9 and 10 mention SaveOnSP; ▉▉▉—and Ms. Penkowski is not even included on Exhibit 9.

Hon. Freda L. Wolfson
January 4, 2024
Page 7

SaveOnSP was still largely unknown (and intentionally so). *See, e.g.*, JJHCS Ex. 4 (SOSP_0176827) (SaveOnSP founder and president Jody Miller admonishing his co-founders in April 2018 to ▮▮▮▮).

**Juliette Deshaies** works primarily on marketing with respect to a specific cancer drug—not CarePath or any other issues in this litigation. SaveOnSP's argument to the contrary is a repeat of its unsuccessful argument to Judge Waldor in October. *Compare* SaveOnSP Dec. 28, 2023 Ltr. at 7 (arguing now that Deshaies evaluated work product from a vendor working on the "CAP program"), *with* D.E. 165 at 6–7 (arguing then that documents showed ▮▮▮▮). SaveOnSP's application is supported by a single email and attachment, ▮▮▮▮ along with multiple JJHCS employees who are already custodians. This falls woefully short of justifying the exceedingly late addition of Ms. Deshaies as a custodian—***eight months*** after JJHCS advised SaveOnSP, on May 19, 2023, that there was no basis to do so.

We appreciate Your Honor's attention to this matter, and we are available to answer any questions.

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc: Counsel for SaveOnSP

Enclosures

# EXHIBITS 1-4
# CONFIDENTIAL – FILED UNDER SEAL