# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
>           **No. 2:22-cv-02632 (ES) (CLW)**

Dear Special Master Wolfson:

On behalf of Defendant Save On SP LLC ("**SaveOn**"), we write to ask you to compel Plaintiff Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to fully comply with that portion of the Court's November 7, 2023 Order compelling J&J to add six additional document custodians and to run previously-agreed or ordered search terms over their documents. Dkt No. 173 at 2. Contrary to the Order, while J&J agreed to add the custodians, it refuses to run all search terms over their documents.

SaveOn moved the Court "to compel JJHCS to add the above twelve custodians and run ***all*** agreed-upon or Court-ordered search terms and any future agreed-upon or Court-ordered search terms over their files." Dkt No. 165 at 15 (emphasis added). On November 7, 2023, Judge

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Waldor granted that motion as to six of seven custodians, without limitation.[1] Yet J&J refuses

run all search terms during the current discovery period of April 1, 2016 to November 7, 2023

for those custodians, saying it will instead run only two search terms related to its CAP program

and only from January 1, 2022 to November 7, 2023. Ex. 1 (January 8-12, 2024 Email Chain).

  J&J's position is baseless. It argues that a different part of the Order, compelling it to run

three search terms related to its CAP program (the "CAP terms")[2] for all custodians from July 1,

2022 to October 30, 2023, Dkt. No. 166 at 5, somehow limits its searches for the six new custo-

dians to those same restricted terms and time period. Ex. 1 (January 8-12, 2024 Email Chain).

Not so. SaveOn's motion for new custodians, Dkt. No. 165, and its motion for the CAP terms,

Dkt No. 166, were separate. Judge Waldor resolved them separately. *Compare* Dkt. 173 at 2

(ruling "with regard to SaveOnSp's request for relief as set forth in Docket Entry No. 165") *with*

*id.* at 2-3 ("resolv[ing] the issues set forth in Docket Entry No. 166"). J&J has no basis to conflate

the two; the Court's ruling on SaveOn's custodians motion stands on its own.

  SaveOn's custodian motion asked that J&J run *all* search terms for new custodians, Dkt.

165 at 15, and Judge Waldor granted that motion as to the six custodians without limitation, Dkt

No. 173 at 2. Judge Waldor separately imposed a time period starting in 2022 for the CAP terms,

Dkt. 173 at 2-3, because SaveOn sought a similar time period in its CAP terms motion, Dkt. No.

166 at 5, but SaveOn sought no such limit in its custodians motion, Dkt. 165 at 15, and Judge

Waldor imposed none. Where the Court imposed time limits, Dkt. 173 at 2-3 (setting "temporal

scope" of CAP terms), or denied relief, *id.* at 2 ("SaveOnSP's request for relief set forth in Docket

---

[1] The parties agreed to add the following six custodians: Quinton Kinne, Daphne Longbothum,
William Shontz, Alison Barklage, John Hoffman, and L.D. Platt.

[2] The terms are: "CAPm" OR "CAPa" OR "adjustment program." Dkt No. 166 at 5.

Entry No. 162 is DENIED"), it did so expressly, but it did not do so here.

Even were the Order ambiguous (it is not), there is no basis to limit searches for these custodians to the CAP terms or to exclude documents before 2022. J&J does not represent that these individuals' relevant work was only on the CAP program and only in that time period. *See* Dkt. No. 165 at 22-25. In its custodians motion, to the contrary, SaveOn cited evidence of their broader relevance. *See, e.g.,* Dkt. No. 165 at 8-13 (█████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████).

Unsurprisingly, then, these custodians have relevant documents that do not contain the CAP terms that J&J says it will use. Shontz, for instance, ████████████████████████

████████████████████████████████████████████████████████████. Ex. 2 (JJHCS_00002339) ("██████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████). This is strong evidence that J&J never believed that the existing CarePath language proscribed SaveOn, devastating to the tortious interference claim. Solely running the terms "CAPa," "CAPm," or "adjustment program," would exclude this plainly relevant email. So too would it exclude ███████████████████████████████, Ex. 3 (JJHCS_00011226), and ████████████████████████████████████ Ex. 4 (JJHCS_00001206), both of which demonstrate J&J's awareness of how SaveOn works and go towards SaveOn's mitigation defense. Aff. Defs. ¶¶ 24-29. J&J has no basis to restrict its searches of the custodians'

documents to the three CAP terms.

These custodians also have relevant documents from before 2022, the date from which J&J declares it will begin running its searches. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████. Dkt. No. 165 Ex. 126 (JJHCS_00069171); Compl. ¶¶ 93, 96, 102. ████████████████████████████

████████████████████████ for a J&J drug at issue in this case. Ex. 5 (JJHCS_00104963); Compl. ¶ 91. ████████████████

████████████████. Ex. 6 (JJHCS_00142275). ████████████

████████████ Ex. 7 (ARCHBOW_000436), and ████████████

████████████████████. Ex. 8 (JJHCS_00156513). Such documents concerning cost support and J&J's responses to accumulators and maximizers go to J&J's damages and SaveOn's mitigation affirmative defense. *See* Aff. Defs. ¶¶ 24-29. J&J has no basis to exclude the six custodians' documents from before 2022.

SaveOn thus respectfully requests that, consistent with the Order, Your Honor compel J&J to run all agreed-upon or court-ordered search terms for Shontz, Hoffman, Barklage, Longbothum, Kinne, Platt for the full discovery timer period of April 1, 2016 to November 7, 2023.

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

4

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Friday, January 12, 2024 3:38:00 PM
**To:** SaveOn-Team <SaveOn-Team@selendygay.com>
**Subject:** FW: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, January 12, 2024 3:37 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth:

Thank you for your email.  We have considered your position on the applicable search parameters for the CAP custodians, and decline to accept it.

As explained in our November 28 and December 22 letters, as well as during our meet and confer, we propose two search strings for the new CAP custodians designed to conform specifically to the text of the November 7 Order and to capture documents related to the CAP program, to be run from January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

We anticipate substantially completing our document production using these search parameters by the end of this month.

Best,

Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Monday, January 8, 2024 6:33 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**Caution: External Email!**

Counsel,

As discussed in this afternoon's meet-and-confer, SaveOn's position is that, under the text of the Court's November 7, 2023 order, J&J must run all search terms for the full April 1, 2016 through November 7, 2023 time period, over all six court-ordered custodians. Your position is that the Court ordered J&J to run some search terms as to those custodians for only a limited time period. You pointed to nothing in the order where the Court said this, and instead relied upon a different paragraph stating that it resolved a different motion.

We would otherwise be ready to bring the dispute to Judge Wolfson, but you mentioned the possibility of a compromise in which J&J runs all other agreed-upon search terms found on Exhibit A to your December 22, 2023 letter for the full time period except for the three CAP terms listed below, which you would run for a more limited time frame.

To avoid doubt, those CAP terms are:

- CAPa OR CAPm OR "adjustment program"
- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)
- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

We are always open to a reasonable settlement to avoid raising a dispute to the Court. If you would like us to consider a compromise, please provide a specific proposal and reasoning by close of business on Wednesday, January 10, 2024.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

# EXHIBITS 2-8
# CONFIDENTIAL – FILED UNDER SEAL