# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 23, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> No. 2:22-cv-02632 (JKS) (CLW)

Dear Special Master Wolfson:

Defendant Save On SP LLC ("**SaveOn**") replies to Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**")'s January 22, 2024 opposition to SaveOn's January 16, 2024 motion.

In Dkt. 165, SaveOn moved to compel J&J to add "twelve custodians and run *all* agreed-upon or Court-ordered search terms … over their files." Dkt. 165 at 15 (emphasis added). In her November 7 Order, Judge Waldor granted that motion as to six custodians, with no limit on the search terms to be run. Dkt. 173 at 2. J&J now asserts that the Order requires it to run only limited "CAP" search terms for a limited time period. This new position, which J&J did not raise in

Case 2:22-cv-02632-CCC-CLW Document 363 Filed 06/18/24 Page 3 of 16 PageID: 25072
Case 2:22-cv-02632-JKS-CLW Document 193-3 Filed 10/09/23 Page 2 of 16 PageID: 32542

Hon. Freda L. Wolfson                                                                                                                                                                 Page 2

its motion papers or at the October 30, 2023 discovery conference, is part of a recurring pattern: J&J insists that SaveOn review massive numbers of documents at breakneck speed; at the same time, J&J tries to narrow its own document review by minimizing custodians, search terms, and topics; J&J then demands a prompt end to discovery while it still withholds key materials. The Court should reject this approach. The Order requires J&J to use all search terms. SaveOn asked the Court to add these custodians and run all search terms over their files because of compelling evidence that they were involved in relevant aspects of J&J's business; running narrower terms over a limited time would omit relevant documents. J&J's arguments are unavailing.

*First*, while J&J says that SaveOn sought to add the six custodians at issue solely because they were involved with the CAP program, Opp. 2-3, SaveOn pointed out in its motion that these custodians were involved with multiple relevant aspects of J&J's business. *See, e.g.*, Dkt. 165 at 8 (███████████████████████████████████████████████████████████████████████████████████████████████████████), Dkt. 165 at 10 (███████████████████████████████████████████████████████████████████████████████████████).

*Second*, while J&J suggests that SaveOn asked the Court to compel it to run only the CAP terms for these custodians, Opp. 3, SaveOn plainly asked the Court to compel J&J to run "*all*" search terms for all requested custodians, not limited terms. Dkt. 165 at 15 (emphasis added).

Case 2:22-cv-02632-CCC-CLW Document 1035-3 Filed 04/08/24 Page 22 of 46 PageID: 32543
Case 2:22-cv-02632-JKS-CLW Document 363 Filed 06/18/2023 Page 3 of 16 PageID: 25073

Hon. Freda L. Wolfson    Page 3

*Third*, J&J's assertion that Judge Waldor issued combined relief for SaveOn's motion for J&J to add custodians (Dkt. 165) and its motion for J&J to run the CAP terms (Dkt. 166) is flatly incorrect—in the November 7 Order, Judge Waldor decided those separate motions separately. Dkt. 173 at 2 (addressing Dkt. 165), 2-3 (addressing Dkt. 166). J&J asserts that, in the discovery conference, after hearing argument on the CAP terms, Judge Waldor asked SaveOn "to confirm the CAP relief SaveOnSP requested as to the so-called CAP custodians" and SaveOn did not ask that J&J run all search terms for those custodians. Opp. 4-5 (citing Oct. 30 Tr. at 77:4-17). That is not what happened. After hearing argument on the CAP terms, the Court asked SaveOn's counsel, "What else do you want?"; SaveOn's counsel said that it sought nothing else on CAP terms ("That's what we're seeking on this one"); the Court then moved to the separate topic of custodians ("What about these seven custodians that we were talking about before?"), on which separate SaveOn counsel presented argument, *id.* at 77:8-78:20. The Court never asked SaveOn to "confirm the CAP relief" that it sought for the custodians, J&J never raised the issue, and the Court never said or suggested that J&J need run only CAP terms for the custodians.

*Fourth*, in asserting that the custodians do not have unique, relevant documents, J&J tries to rewrite the discovery rules. Opp. 6. SaveOn cites evidence showing that they were deeply involved with relevant aspects of J&J's business, Dkt. 165 at 7-14; this is more than enough to create a fair inference that these J&J employees have unique documents that the CAP terms would not identify and justify the Court's Order that J&J run all search terms over their documents. *See City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-CV-05275 (MCA), 2015 WL 5055241, at *3 (D.N.J. Aug. 21, 2015) (compelling defendants to add up to ten additional custodians for a total of 76 custodians, given size and scale of the action and the number of defendant personnel involved). J&J has also produced emails involving these custodians on

which other custodians were not copied (the emails were produced only because they were subsequently forwarded to other custodians), *e.g.*, Ex. 6 (JJHCS_00142275), indicating that these custodians may well have documents that are not in other custodians' files. J&J cannot credibly assert the contrary, having not reviewed the documents that it intends to exclude.

*Fifth*, with no substantive response to the documents that SaveOn cites, J&J asks Your Honor to ignore them. J&J says that SaveOn could have cited some documents in its custodians motion, Opp. 7—but SaveOn cites them now to show that limiting J&J's searches to the CAP terms would exclude relevant evidence, Mot. at 3-4, something not at issue in its custodians motion, as J&J never raised it. J&J notes that it redacted some cited emails for privilege, Opp. 7—but it does not say that all relevant documents of these non-attorneys are privileged and SaveOn contests many of J&J's privilege claims, Ex. 9 (Jan. 2, 2024 Ltr. from T. Stone to J. Long). J&J also notes that SaveOn cites only documents that J&J already produced, Opp. 7—but SaveOn obviously could not cite documents that J&J withholds, and those documents support SaveOn's motion.

*Finally*, J&J accuses SaveOn of delay in its own document production; these accusations are untrue and irrelevant to this motion.[1] J&J then asks the Court to order SaveOn to substantially complete its refresh production by February 15, 2024. While that request is inappropriate

---

[1] Among other things, J&J suggests that SaveOn is responsible for the Court's order that the parties conduct "refresh" productions because SaveOn purportedly "renounced the parties' previous agreement on a cutoff date and unilaterally insisted that custodial discovery must be carried forward into the present." Opp. 8 (citing Oct. 30 Tr. 97:14-98:2). This is decidedly not so. The parties generally agreed to end document productions on July 1, 2022, but reserved rights to request production past that point as needed. *See, e.g.*, Ex. 10 (Oct. 3, 2023 Ltr. from A. Dunlap to S. Arrow (agreeing to run certain search terms for one custodian for the period July 1, 2022 to October 1, 2023)). Based on evidence of J&J's ongoing CAP program, SaveOn moved the Court to compel J&J to run three CAP-related search terms to the present, Dkt. 166; it did ***not*** ask that J&J update its entire document production using the full set of search terms that J&J had previously run. At the October 30, 2023 conference, J&J's counsel nevertheless called SaveOn's request "tantamount" to a "wholesale update of our document production," Oct. 30 Tr. 86:2-8, which it was not. Then, having

here—in an opposition to a separate motion without any prior notice or attempt to meet and confer—SaveOn would be glad to discuss an appropriate substantial completion deadline that accounts for *all* additional documents that J&J must produce, including from these custodians.

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

David Elsberg (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

---

given SaveOn no notice (much less met and conferred), J&J's counsel asked Judge Waldor to compel SaveOn to do a "full update" of its own production through the present, Oct. 30 Tr. 87:9-18. Simply put: the refresh production came on J&J's motion, not SaveOn's.

# Exhibit 9

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Taylor Stone
Associate
212.390.9088
tstone@selendygay.com

January 2, 2023

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

  Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* **(Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

  We write regarding J&J's October 6, 2023 privilege log.

  *First*, J&J withholds documents based on attorney-client privilege without indicating that they involve communications with counsel. For example, PL000000172 contains a document called "█████████████████████████ █████████████████████████████████████████████████████████████ ███████████████████████████████" The author of this document is Adrienne Minecci, who is not an attorney, and there is no counsel listed. Exhibit 1 contains a list of withheld documents with no indication of counsel involved. Please produce these documents or provide a detailed basis for J&J's assertion of attorney-client privilege for each document.

  *Second*, J&J withholds documents based on attorney-client privilege that do not appear privileged based on their descriptions. For example, PL000000586 contains a document entitled "████████████████████████████ ████████████████ This document was not authored by attorneys and its name does not indicate that it contains legal advice. J&J also withheld documents for which it apparently could have redacted any privileged information instead of withholding the documents in full. For example, PL000000552 contains a document entitled "████████████████████████████████████████████████ It is implausible that this document, which the parent email indicates is new hire training material, consists solely of legal advice. Exhibit 2 contains a list of documents that appear to be entirely or partially non-privileged. Please produce these

documents (with redactions if warranted) or provide a detailed basis for J&J's assertion of attorney-client privilege over each document or redaction.

*Third,* J&J withholds 131 calendar invites under either attorney-client privilege or work product doctrine. *See, e.g.*, PL000000008, PL000000398, PL000000820–21, PL000001084. The invites are not subject to the attorney-client privilege: Even if the purpose of the meetings was to provide legal advice, general facts such as the time of or participants in those meetings are not privileged. *See* N.J. R. Evid. § 504 (stating that the privilege applies to "communications," not surrounding facts). The invites also do not qualify for work product doctrine, as there is no indication that they were prepared predominantly for use in litigation. Exhibit 3 contains a list of these calendar entries. Please produce them or provide a detailed basis for J&J's privilege assertions over each document.

*Fourth,* J&J failed to provide a privilege log for documents it produced with redactions. J&J agreed to produce its privilege log on October 6, 2023, *see e.g.*, Aug. 31, 2023 Letter from J. Long to M. Nelson, and never stated that it would exclude documents redacted for privilege; SaveOn agreed to produce its privilege log on the same date, *see e.g.*, Sept. 13, 2023 Letter from M. Nelson to J. Long, and its log included redacted documents. All assertions of privilege must be justified by a specific explanation, including a presentation of "factual grounds and legal analyses." *Seacoast Builders Corp. v. Rutgers*, 358 N.J. Super. 524, 542 (App. Div. 2003). J&J failed to provide any justification for its privilege redactions, many of which appear inappropriate. *See, e.g.*, JJHCS_00112943 (redacting all substantive content in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, none of whom are attorneys); JJHCS_00105491 (redacting what appears to be a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to several non-attorneys with no attorneys on the chain); JJHCS_00114204 (redacting an ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); JJHCS_00113376 (redacting all substantive content in an email thread, part of which appears to be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Please update your privilege log to include all documents redacted for privilege.

*Fifth,* J&J appears to inappropriately assert the attorney work product doctrine for many documents. This doctrine protects the confidentiality of papers prepared by, or on behalf of, attorneys in anticipation of litigation. Fed. R. Civ. P. 23(b)(3)(A). J&J asserts this privilege relating to this litigation, filed in May 2022, for documents starting in 2017, *see, e.g.*, rows PL000000037–38, 48, and continuing to late 2021. *See, e.g.*, rows PL000000883, 0981, 1024, 1045, and 2738. While J&J notes that the documents "provide[] information necessary for counsel to render legal advice regarding current litigation," *id.*, the work product doctrine does not apply retroactively to documents created before litigation was reasonably anticipated. *See Rivard v. Am. Home Prod., Inc.*, 391 N.J. Super. 129, 155 (App. Div. 2007). Exhibit 4 contains a list of documents withheld solely on the basis of the work product privilege that likely date from before J&J anticipated this litigation. Please (1) state the date on which J&J first anticipated this litigation; and (2)

Julia Long
January 2, 2023

produce all documents before that date for which J&J currently asserts only the work produce privilege.

  *Sixth*, J&J withholds or redacts documents based on attorney-client privilege where the privilege appears to have been waived ███████████████████████████████████████████████████████████ *See, e.g.*, JJHCS_00121527-51 (████████████████ ); JJHCS_00035175-80 (████████████████████████████); JJHCS_00122617-22 (██████████████████████████████); JJHCS_00112043-47 (████████████████████████████); JJHCS_00111939 (████████████████████████); JJHCS_00026849 (████████████████████████████). Communication made voluntarily with a "non-privileged" person breaks the attorney-client privilege. *See Ashland Inc. v. G-I Holdings Inc.*, 2019 WL 1552750 (N.J. Super. Ct. App. Div. Apr. 10, 2019). The party claiming the privilege must show in a non-conclusory fashion why the privilege should apply. *Rivard*, 391 N.J. Super at 152. Exhibit 5 contains a list of these documents. Please produce these documents or explain in detail why any privilege in the documents was not waived by disclosure to a third party.

  We request a response and production of all documents requested herein by January 9, 2023. We reserve all rights and are available to meet and confer.

Regards,

/s/ Taylor Stone

Taylor Stone
Associate

3

Julia Long
January 2, 2023

# Exhibit 1

## Documents with no counsel listed:

| | | | |
|---|---|---|---|
| PL000000043 | PL000000044 | PL000000049 | PL000000096 |
| PL000000098 | PL000000099 | PL000000100 | PL000000133 |
| PL000000168 | PL000000170 | PL000000171 | PL000000172 |
| PL000000176 | PL000000177 | PL000000222 | PL000000223 |
| PL000000226 | PL000000227 | PL000000230 | PL000000231 |
| PL000000239 | PL000000240 | PL000000241 | PL000000243 |
| PL000000244 | PL000000245 | PL000000246 | PL000000256 |
| PL000000271 | PL000000272 | PL000000273 | PL000000274 |
| PL000000275 | PL000000290 | PL000000291 | PL000000295 |
| PL000000313 | PL000000314 | PL000000349 | PL000000376 |
| PL000000386 | PL000000394 | PL000000456 | PL000000457 |
| PL000000520 | PL000000521 | PL000000524 | PL000000637 |
| PL000000714 | PL000000762 | PL000000763 | PL000000850 |
| PL000000904 | PL000000905 | PL000000906 | PL000000907 |
| PL000000947 | PL000002729 | PL000000961 | PL000000966 |
| PL000000968 | PL000000998 | PL000001000 | PL000001001 |
| PL000001004 | PL000001005 | PL000001006 | PL000001007 |
| PL000001018 | PL000001022 | PL000001063 | PL000001064 |
| PL000001065 | PL000001071 | PL000001105 | PL000002762 |
| PL000001123 | PL000001128 | PL000001129 | PL000001132 |
| PL000001133 | PL000001167 | PL000001176 | PL000001177 |
| PL000001178 | PL000001241 | PL000001242 | PL000001258 |
| PL000001262 | PL000001265 | PL000001266 | PL000001267 |
| PL000001268 | PL000001379 | PL000001418 | PL000002766 |
| PL000001422 | PL000001520 | PL000001522 | PL000001549 |
| PL000001550 | PL000001556 | PL000001557 | PL000001611 |
| PL000001612 | PL000001613 | PL000001614 | PL000001630 |
| PL000001631 | PL000001628 | PL000001629 | PL000001632 |
| PL000001709 | PL000001711 | PL000001721 | PL000001727 |
| PL000001728 | PL000001729 | PL000001730 | PL000001757 |
| PL000001758 | PL000001783 | PL000001784 | PL000001785 |
| PL000001852 | PL000001901 | PL000001903 | PL000001906 |
| PL000001907 | PL000001990 | PL000001991 | PL000002791 |
| PL000002792 | PL000002793 | PL000002794 | PL000002795 |
| PL000002796 | PL000002797 | PL000002798 | PL000002799 |
| PL000002800 | PL000002801 | PL000002802 | PL000002012 |
| PL000002015 | PL000002017 | PL000002020 | PL000002021 |
| PL000002018 | PL000002019 | PL000002030 | PL000002031 |
| PL000002038 | PL000002039 | PL000002051 | PL000002052 |
| PL000002053 | PL000002054 | PL000002411 | PL000002488 |
| PL000002610 | PL000002666 | PL000002664 | PL000002665 |
| PL000002725 | | | |

4

Julia Long
January 2, 2023

## Exhibit 2

**Documents that appeared non-privileged based on description:**

| | | | |
|---|---|---|---|
| PL000000001 | PL000000002 | PL000000004 | PL000000014 |
| PL000000033 | PL000000034 | PL000000061 | PL000000062 |
| PL000000097 | PL000000173 | PL000000380 | PL000000382 |
| PL000000383 | PL000000414 | PL000000420 | PL000000423 |
| PL000000424 | PL000000426 | PL000000427 | PL000000428 |
| PL000000430 | PL000000431 | PL000000505 | PL000000506 |
| PL000000552 | PL000000554 | PL000000555 | PL000000556 |
| PL000000584 | PL000000585 | PL000000586 | PL000000587 |
| PL000000671 | PL000000698 | PL000000735 | PL000000736 |
| PL000000738 | PL000000775 | PL000000833 | PL000000857 |
| PL000000858 | PL000000861 | PL000000862 | PL000000867 |
| PL000000868 | PL000000869 | PL000000870 | PL000000871 |
| PL000000872 | PL000000918 | PL000000925 | PL000000926 |
| PL000000935 | PL000000950 | PL000000965 | PL000001021 |
| PL000001046 | PL000001060 | PL000001061 | PL000001075 |
| PL000001291 | PL000001323 | PL000001324 | PL000001538 |
| PL000001551 | PL000001552 | PL000001657 | PL000001658 |
| PL000001722 | PL000001744 | PL000001780 | PL000001781 |
| PL000001782 | PL000001795 | PL000001872 | PL000001876 |
| PL000001892 | PL000001977 | PL000001992 | PL000001994 |
| PL000001995 | PL000001996 | PL000002000 | PL000002001 |
| PL000002014 | PL000002242 | PL000002259 | PL000002269 |
| PL000002308 | PL000002776 | PL000002788 | PL000002789 |
| PL000002790 | PL000002803 | PL000002804 | PL000002805 |

Julia Long
January 2, 2023

# Exhibit 3

## Calendar Entries:

| PL000000008 | PL000000396 | PL000000398 | PL000000682 |
| --- | --- | --- | --- |
| PL000000820 | PL000000821 | PL000000829 | PL000000830 |
| PL000000943 | PL000000945 | PL000001084 | PL000001087 |
| PL000001109 | PL000001142 | PL000001143 | PL000001145 |
| PL000001146 | PL000001148 | PL000001152 | PL000001153 |
| PL000001154 | PL000001155 | PL000001156 | PL000001157 |
| PL000001158 | PL000001159 | PL000001212 | PL000001213 |
| PL000001215 | PL000001216 | PL000001217 | PL000001229 |
| PL000001253 | PL000001257 | PL000001259 | PL000001263 |
| PL000001270 | PL000001290 | PL000001292 | PL000001293 |
| PL000001305 | PL000001306 | PL000001530 | PL000001538 |
| PL000001562 | PL000001589 | PL000001590 | PL000001609 |
| PL000001615 | PL000001616 | PL000001617 | PL000001621 |
| PL000001622 | PL000001706 | PL000001900 | PL000001913 |
| PL000001919 | PL000001920 | PL000001922 | PL000001923 |
| PL000001924 | PL000001926 | PL000001927 | PL000001933 |
| PL000001934 | PL000001935 | PL000001936 | PL000001938 |
| PL000001941 | PL000001942 | PL000001950 | PL000001951 |
| PL000001952 | PL000001953 | PL000001955 | PL000001956 |
| PL000001961 | PL000001962 | PL000001965 | PL000001966 |
| PL000001967 | PL000001968 | PL000001969 | PL000001970 |
| PL000001971 | PL000001972 | PL000002007 | PL000002057 |
| PL000002081 | PL000002082 | PL000002083 | PL000002088 |
| PL000002089 | PL000002117 | PL000002119 | PL000002120 |
| PL000002122 | PL000002191 | PL000002250 | PL000002252 |
| PL000002470 | PL000002471 | PL000002472 | PL000002478 |
| PL000002515 | PL000002555 | PL000002556 | PL000002558 |
| PL000002565 | PL000002568 | PL000002570 | PL000002587 |
| PL000002591 | PL000002592 | PL000002593 | PL000002613 |
| PL000002616 | PL000002667 | PL000002668 | PL000002669 |
| PL000002670 | PL000002675 | PL000002676 | PL000002680 |
| PL000002681 | PL000002685 | PL000002689 | PL000002695 |
| PL000002698 | PL000002700 | PL000002750 | |

6

Julia Long
January 2, 2023

## **Exhibit 4**

**Documents withheld on the basis of the work product doctrine before JJHCS likely anticipated this litigation:**

| | | | |
|---|---|---|---|
| PL000000037 | PL000000038 | PL000000048 | PL000000051 |
| PL000000104 | PL000000204 | PL000000224 | PL000000229 |
| PL000000234 | PL000000242 | PL000000263 | PL000000264 |
| PL000000279 | PL000000387 | PL000000392 | PL000000393 |
| PL000000401 | PL000000455 | PL000000483 | PL000000484 |
| PL000000519 | PL000000609 | PL000000789 | PL000000815 |
| PL000000882 | PL000000883 | PL000000962 | PL000000971 |
| PL000000972 | PL000000981 | PL000001024 | PL000001030 |
| PL000001045 | PL000001048 | PL000001050 | PL000001058 |
| PL000001079 | PL000001086 | PL000001088 | PL000001096 |
| PL000001100 | PL000001108 | PL000001109 | PL000001110 |
| PL000001113 | PL000001118 | PL000001119 | PL000001120 |
| PL000001121 | PL000001122 | PL000002734 | PL000002735 |
| PL000002736 | PL000002737 | PL000002738 | PL000002739 |
| PL000002740 | PL000002741 | PL000002744 | PL000002746 |
| PL000002748 | PL000002749 | PL000002761 | PL000002763 |

Julia Long
January 2, 2023

## Exhibit 5

**Documents disclosed to third parties:**

| | | | |
|---|---|---|---|
| PL000000017 | PL000000025 | PL000000026 | PL000000027 |
| PL000000028 | PL000000029 | PL000000031 | PL000000032 |
| PL000000052 | PL000000053 | PL000000055 | PL000000065 |
| PL000000069 | PL000000079 | PL000000080 | PL000000083 |
| PL000000084 | PL000000086 | PL000000087 | PL000000088 |
| PL000000089 | PL000000090 | PL000000093 | PL000000094 |
| PL000000095 | PL000000102 | PL000000103 | PL000000105 |
| PL000000106 | PL000000107 | PL000000108 | PL000000109 |
| PL000000110 | PL000000115 | PL000000116 | PL000000117 |
| PL000000118 | PL000000124 | PL000000125 | PL000000131 |
| PL000000137 | PL000000287 | PL000000288 | PL000000289 |
| PL000000304 | PL000000305 | PL000000307 | PL000000308 |
| PL000000309 | PL000000310 | PL000000311 | PL000000312 |
| PL000000316 | PL000000322 | PL000000323 | PL000000331 |
| PL000000332 | PL000000333 | PL000000334 | PL000000335 |
| PL000000336 | PL000000337 | PL000000338 | PL000000359 |
| PL000000364 | PL000000370 | PL000000377 | PL000000381 |
| PL000000388 | PL000000389 | PL000000407 | PL000000421 |
| PL000000429 | PL000000432 | PL000000433 | PL000000434 |
| PL000000435 | PL000000436 | PL000000437 | PL000000465 |
| PL000000466 | PL000000467 | PL000000468 | PL000000469 |
| PL000000470 | PL000000471 | PL000000472 | PL000000475 |
| PL000000476 | PL000000477 | PL000000478 | PL000000479 |
| PL000000480 | PL000000485 | PL000000617 | PL000000631 |
| PL000000632 | PL000000633 | PL000000634 | PL000000798 |
| PL000000800 | PL000000801 | PL000000808 | PL000000809 |
| PL000000823 | PL000000824 | PL000000825 | PL000000834 |
| PL000000835 | PL000000836 | PL000000837 | PL000000838 |
| PL000000839 | PL000000842 | PL000000843 | PL000000888 |
| PL000000902 | PL000000955 | PL000000956 | PL000000983 |
| PL000000990 | PL000000991 | PL000000992 | PL000000993 |
| PL000000994 | PL000000995 | PL000000996 | PL000000997 |
| PL000001013 | PL000001019 | PL000001025 | PL000001026 |
| PL000001027 | PL000001028 | PL000001031 | PL000001032 |
| PL000001037 | PL000001038 | PL000001040 | PL000001049 |
| PL000001056 | PL000001081 | PL000001082 | PL000001130 |
| PL000001131 | PL000001164 | PL000001188 | PL000001189 |
| PL000001199 | PL000001207 | PL000001240 | PL000001289 |
| PL000001307 | PL000001313 | PL000001316 | PL000001317 |
| PL000001343 | PL000001344 | PL000001345 | PL000001352 |
| PL000001353 | PL000001417 | PL000001427 | PL000001431 |
| PL000001443 | PL000001456 | PL000001459 | PL000001478 |

Julia Long
January 2, 2023

| | | | |
|---|---|---|---|
| PL000001479 | PL000001490 | PL000001491 | PL000001492 |
| PL000001521 | PL000001526 | PL000001527 | PL000001528 |
| PL000001537 | PL000001558 | PL000001559 | PL000001610 |
| PL000001636 | PL000001637 | PL000001660 | PL000001667 |
| PL000001678 | PL000001679 | PL000001680 | PL000001681 |
| PL000001682 | PL000001684 | PL000001685 | PL000001687 |
| PL000001692 | PL000001693 | PL000001694 | PL000001695 |
| PL000001696 | PL000001701 | PL000001718 | PL000001740 |
| PL000001745 | PL000001746 | PL000001747 | PL000001749 |
| PL000001750 | PL000001751 | PL000001759 | PL000001847 |
| PL000001848 | PL000001849 | PL000001850 | PL000001853 |
| PL000001854 | PL000001858 | PL000001864 | PL000001865 |
| PL000001867 | PL000001868 | PL000001869 | PL000001870 |
| PL000001874 | PL000001877 | PL000001879 | PL000001891 |
| PL000001908 | PL000001909 | PL000001916 | PL000001917 |
| PL000001925 | PL000001928 | PL000001929 | PL000001930 |
| PL000001931 | PL000001973 | PL000001974 | PL000001984 |
| PL000001993 | PL000002032 | PL000002040 | PL000002126 |
| PL000002127 | PL000002132 | PL000002198 | PL000002292 |
| PL000002296 | PL000002297 | PL000002298 | PL000002299 |
| PL000002300 | PL000002303 | PL000002306 | PL000002307 |
| PL000002313 | PL000002319 | PL000002340 | PL000002370 |
| PL000002424 | PL000002658 | PL000002770 | PL000002780 |

Case 2:22-cv-02632-CCC-CLW Document 558-206 Filed 09/03/24 Page 15 of 16 PageID: 32555
Case 2:22-cv-02632-CCC-CLW Document 319-3 Filed 09/03/24 Page 15 of 16 PageID: 25685

9

# Exhibit 10

# CONFIDENTIAL – FILED UNDER SEAL