# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 7, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
             **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Defendant Save On SP LLC ("**SaveOn**"), we ask you to resolve a potential ambiguity in the Court's November 7, 2023 Order, Dkt. 173 ("the Order"), issued after the October 30, 2023 discovery conference, and compel Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to refresh its document production from July 1, 2022 through November 7, 2023 using all search terms to which it previously agreed.

The potential ambiguity is this: In the second paragraph of the portion of the Order ruling on the issues raised in Docket Entry No. 166 ("Paragraph 2"), the Court compelled J&J to run three search terms—"CAPa" OR "CAPm" OR "adjustment program" (the "CAP Terms")—to

the extent that they "are found in documents as the term 'SaveOn' (or reasonable variations / abbreviations)," through November 7, 2023. Dkt. 173 at 2-3. In the next paragraph ("Paragraph 3"), the Court ordered both parties, including J&J, to "update their discovery responses (including productions)" "*without limitation*," also through November 7, 2023. *Id.* at 3 (original emphasis). Because J&J had already agreed to run the CAP Terms without a "SaveOn limiter" through July 1, 2022, Paragraph 3 compels it to run those same terms over its updated production without a limiter. J&J argues, however, that Paragraph 2 allows it to run the CAP terms *with* a "SaveOn limiter" for its updated production.

Documents concerning the CAP program are key to SaveOn's defenses. ▮▮▮▮, Dkt. 166 at 2, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 166 at 2. The CAP program is highly relevant: If J&J identified patients on SaveOn-advised plans and paid them anyway, then J&J failed to mitigate its purported damages. J&J did not disclose the existence of the CAP program during the initial stages of discovery and did not propose any search terms to capture documents related to it. On September 29, 2023, after extensive meeting and conferring, J&J agreed to run three search terms—"CAPa" OR "CAPm" OR "adjustment program"—for its custodians over the originally agreed-upon discovery period of April 1, 2016 through July 1, 2022. Ex. 1 (Sept. 29, 2023 Email from J. Long to E. Snow), notably, without the SaveOn limiter.

Because J&J did not implement the CAP program until late 2021, SaveOn asked J&J to run the CAP search terms from July 1, 2022 to the present. Sept. 27, 2023 Email from E. Snow to J. Long. J&J refused and SaveOn moved to compel in the joint letter filed as Docket Entry No. 166. At the October 30, 2023 discovery conference, Judge Waldor granted SaveOn's motion in part and ordered J&J to run the CAP terms through the present, but only for documents in which

Case 2:22-cv-02632-JKS-CLW Document 319-4 Filed 06/03/24 Page 4 of 6 PageID: 32559
Case 2:22-cv-02632-KSH-CLW Document 194 Filed 03/28/24 Page 5 of 10 PageID: 5690

Hon. Freda L. Wolfson                                                                      Page 3

the term "SaveOn," or some variation, appeared. Dkt. 171 at 108. This ruling was memorialized in Paragraph 2 of the Court's November 7 Order.

But that was not the end of Judge Waldor's rulings during the October 30 conference. After Judge Waldor ruled on SaveOn's motion, J&J orally moved the Court to compel SaveOn to "update their searching through to the present." Dkt. 171 at 109. J&J made this oral motion without prior notice to SaveOn, without meeting and conferring, and without filing a joint letter seeking that relief. After discussion, Judge Waldor stated that both parties should update their productions through the present "*without limitation.*" Dkt. 171 at 114. That ruling was memorialized in Paragraph 3 of the Court's November 7 order. Dkt. 173 at 3.

Because J&J raised the issue of a full refresh at the conference without notice to SaveOn or written submission to the Court, Judge Waldor was not made aware that the existing search terms that J&J had already agreed to run (and which it is obligated to run under Paragraph 3 of the Order) included both (1) variations on "SaveOn" and (2) the CAP Terms as independent terms. These terms make sense: Documents that explicitly mention SaveOn are likely to be relevant. Documents that mention the CAP program are also likely to be relevant (even if they do not explicitly mention SaveOn), because the entire purpose of the CAP program is to respond to SaveOn and other similar businesses. Further, by refusing to run the CAP Terms over documents that do not explicitly mention SaveOn, J&J has rendered Paragraph 2 of Judge Waldor's Order meaningless, because every single document covered by that Paragraph 2 of that Order would have already been captured by the standalone "SaveOn" search term, which J&J acknowledges it is obligated to run per Paragraph 3 of the Order.

Case 2:22-cv-02632-JKS-CLW Document 319-4 Filed 06/03/24 Page 5 of 10 PageID: 32560
Case 2:22-cv-02632-JKS-CLW Document 364 Filed 08/23/24 Page 45 of 109 PageID: 35691

Hon. Freda L. Wolfson                                                                    Page 4

Even if J&J's reading of the Order were correct, documents produced since the October 30 conference would provide ample grounds to reconsider that decision, as they show that applying the "SaveOn" limiter to the CAP Term would exclude from discovery highly relevant documents. Take, for example, Exhibit 2 (JJHCS_00146512). ██████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████ As another example, consider Exhibit 3 (JJHCS_00145741). ████████████████████████

████████████████████████████████

████████ Whether J&J has made such identifications since July 1, 2022 is also relevant to mitigation and acquiescence. Both documents use one or more individual term of the CAP Term, but not a variation of the term "SaveOn," so running the CAP Terms with a "SaveOn" limiter would exclude such documents.[1] To ensure that such documents are captured in J&J's refreshed production, the Court should compel it to run the CAP Terms without any limitation.

---

[1] There are numerous other examples of such documents in J&J's productions since the October 30, 2023 conference. *See, e.g.*, Ex. 4 (JJHCS_00142279) (███████████████████████████████████████████████████████); Ex. 5 (JJHCS_00156936) (██████████████); Ex. 6 (JJHCS_00146145) (████████████████████████████████████████); Ex. 7 (JJHCS_00150735) (███████████████████████████████████████); Ex. 8 (JJHCS_00140763) (██████████████████████████████); Ex. 9 (JJHCS_00141346) (████████████); Ex. 10 (JJHCS_00145571) (█████████████████████); Ex. 11 (JJHCS_00139311) (████████

Hon. Freda L. Wolfson                                                                                    Page 5

SaveOn appreciates the Court's attention to this matter.

                                            Respectfully submitted,

                                            <u>/s/ E. Evans Wohlforth, Jr.</u>
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
).

# Exhibit 1

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, September 29, 2023 6:23:35 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; David Elsberg <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

Counsel:

In an effort to reach compromise and reduce the number of disputes before Judge Waldor at our October 30 conference, JJHCS agrees to run the terms "CAPa," "CAPm" and "adjustment program" for the agreed-upon relevant time period, April 1, 2016 to July 1, 2022.

We hope that this will resolve the dispute. We do not think a demand through to the present by SaveOnSP is appropriate or feasible. As JJHCS has no direct knowledge of SaveOnSP's conduct at issue, JJHCS's documents primarily relate to its awareness and response to SaveOnSP, and this demand amounts to a wholesale update of the production. We note SaveOnSP has rejected even several discrete updates, let alone a wholesale update, of its own production.

Please let us know if our proposed production resolves this dispute.

JJHCS will respond separately to your joint letter on SaveOnSP's interrogatories next week.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, September 27, 2023 12:12 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; ~delsberg@selendygay.com <delsberg@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW)

*Caution: External Email!*

Counsel,

Please find attached a joint letter that SaveOnSP intends to file with the Court. We ask that you please provide JJHCS's portion by end of day Monday, October 2. We reserve the right to revise in response to any revisions.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers

---

+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not

the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# EXHIBITS 2-11
# CONFIDENTIAL – FILED UNDER SEAL