# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
            **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Defendant Save On SP, LLC ("**SaveOn**"), we write in response to Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**") February 14, 2024 opposition to SaveOn's February 7, 2024 motion to compel J&J to run the unlimited CAP Terms.

J&J does not dispute the main points of SaveOn's motion. J&J does not dispute that Paragraph 3 of the November 7, 2023 Order directs the parties to update their discovery "*without limitation*" through November 7, 2023, Dkt. 173 (original emphasis). J&J does not dispute that, a month before the Order, it agreed to run the unlimited CAP Terms over all its custodians for the then-discovery period of April 1, 2016 to July 1, 2022, *see* Ex. 1 (Sept. 29, 2023 Email from J. Long to E. Snow). And J&J does not dispute that a month after the Order, it stated that it "will

Hon. Freda L. Wolfson                                                                    Page 2

refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's order," Ex. 12 (Nov. 28, 2023 Ltr. from J. Long to M. Nelson) at 2, which includes the unlimited CAP Terms. This is sufficient to compel J&J to run the unlimited CAP Terms in refreshing its document production.

J&J pretends Paragraph 3 does not exist, discussing only Paragraph 2, which it says allows it to run the CAP Terms with a SaveOn limiter. J&J does not dispute the absurd result of its position—that Judge Waldor ordered a refresh of discovery "without limitation" but implicitly limited the CAP Terms that J&J would need to run in that unlimited refresh production—all while saying that she was going to "open the doors on CAP" discovery. Dkt. 171 at 56:1. This makes no sense.

J&J claims that, at the October 30, 2023 conference, Judge Waldor intentionally limited the CAP Terms in ordering J&J to refresh its production. Not so. Before that conference, the parties had generally agreed to a discovery period of April 1, 2016 to July 1, 2022. Judge Waldor first heard argument on SaveOn's motion to compel J&J to run the CAP Terms past July 1, 2022, and ordered J&J to do so using a SaveOn limiter, Dkt. 171 at 108. J&J then made an oral motion (without notice) that both parties refresh their productions through the present, which Judge Waldor granted without limitation. Dkt. 171 at 114:12-13 ("I am not limiting any supplementation. There's no limitation."). The Court's second order subsumed the first, requiring J&J to run all previously agreed search terms through the present, including the unlimited CAP Terms.

The portions of the conference transcript that J&J cites to falsely suggest that SaveOn agreed to limited CAP Terms for J&J's refresh production, Opp. 2-4, occurred on the first motion, ***before*** Judge Waldor ruled on the second motion and ordered a full refresh, subsuming her first ruling. Judge Waldor did not address the interplay between her two rulings, SaveOn never agreed

that J&J could use limited CAP Terms for its refresh production, and J&J never raised that possibility, even though it had previously agreed to run the CAP Terms without a limiter.[1]

Even if J&J's reading of the November 7, 2023 Order were correct (it is not), SaveOn has provided grounds for reconsideration—ten relevant documents produced after the October 30 conference that the unlimited CAP Terms would identify but the limited CAP Terms would not, showing that the unlimited CAP Terms are necessary to identify relevant material. J&J does not dispute seven of those documents, which are a sufficient basis to grant reconsideration.[2]

J&J's arguments as to the other three documents are meritless.



---

[1] J&J suggests that SaveOn should have moved for reconsideration or clarification of the November 7 Order. SaveOn did not do so because it believes Paragraph 3 unambiguously requires J&J to refresh its production "*without limitation*," and J&J confirmed that it would do so "using all previously agreed-upon search terms." Nov. 28, 2023 Ltr. from J. Long to M. Nelson.

[2] J&J asserts that SaveOn "never raised" these documents to it. In fact, SaveOn told J&J during a meet-and-confer that it believed newly produced documents supported its request that J&J run the unlimited CAP Terms.

While J&J asserts that the second document, Exhibit 4 (JJHCS_00142279), is irrelevant, it is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 4 at 6. It also contradicts J&J's claims that SaveOn harms patients, showing that *no* patients believed that accumulators or maximizers affected them at all:



And while J&J asserts that the third document, Exhibit 11 (JJHCS_00139311), is also irrelevant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *id.* at 2—a response to plans like those advised by SaveOn, which help patients enroll in CarePath and qualify for the plans' copay assistance benefits. This indicates that J&J was attempting to steer patients away from those benefits.

Finally, J&J does not argue that running the unlimited CAP Terms would be unduly burdensome or disproportionate. It does not even state how many additional documents it would have to review if compelled to run the unlimited CAP Terms. While it asserts that it has produced more than 56,000 "pages" of documents related to "CAP issues," J&J does not say how many documents

Hon. Freda L. Wolfson                                                                                              Page 5

this refers to or what those documents are or connect this assertion to any kind of burden or proportionality objection. Your Honor should compel J&J to run the unlimited CAP Terms.

                            Respectfully submitted,

                            /s/ E. Evans Wohlforth, Jr.
                            E. Evans Wohlforth, Jr.
                            Robinson & Cole LLP
                            666 Third Avenue, 20th floor
                            New York, NY 10017-4132
                            Main (212) 451-2900
                            Fax (212) 451-2999
                            ewohlforth@rc.com

                            Philippe Z. Selendy (admitted *pro hac vice*)
                            Andrew R. Dunlap (admitted *pro hac vice*)
                            Meredith Nelson (admitted *pro hac vice*)
                            Elizabeth H. Snow (admitted *pro hac vice*)
                            SELENDY GAY PLLC
                            1290 Avenue of the Americas
                            New York, NY 10104
                            (212) 390-9000

                            pselendy@selendygay.com
                            adunlap@selendygay.com
                            mnelson@selendygay.com
                            esnow@selendygay.com

                            *Attorneys for Defendant Save On SP, LLC*

# Exhibit 12



November 28, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
2:23-cv-02632 (ES) (CLW)

Dear Meredith:

We write to memorialize our November 27, 2023 meet and confer concerning SaveOnSP's Responses and Objections to JJHCS's Ninth Set of Requests for Production and various topics related to the Court's November 7, 2023 Order.

**I. JJHCS's Requests for Production Nos. 95 and 96**

JJHCS's RFP Nos. 95 and 96 request all documents and communications concerning SaveOnSP's employee confidentiality obligations and any communications with SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee confidentiality policies. You have refused to produce documents and communications responsive to either RFP.

During the meet and confer, we explained the relevance of these policies, including that SaveOnSP's employee confidentiality obligations bear directly on measures that SaveOnSP has used to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and others with regard to SaveOnSP's conduct at issue in this action. SaveOnSP's own Response to Interrogatory No. 18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮; indeed, in SaveOnSP's Response to Interrogatory No. 18, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* SaveOnSP Response to JJHCS Interrogatory No. 18. The relevance of these policies and any documents or communications relating to them ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and therefore indisputable. In our call, you offered no valid basis for refusing to produce these documents. Nor have you articulated any reasonable burden argument to producing the requested documents, let alone to the production of ▮▮▮▮▮▮.

In light of the above, please reconsider your position and produce all documents and communications concerning your employees' confidentiality obligations, including ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. If you are unwilling to do so, we will consider the parties at impasse on this issue. Please provide a response by December 5, 2023.

## II.  Custodians

As discussed during our meet and confer, the Court's November 7 Order directs JJHCS to add six of the seven "CAP" custodians (Kinne, Longbothum, Shontz, Barklage, Hoffman, Platt, and Wyszkowski) and directs the parties to "meet and confer regarding the identities of the additional custodians and to work out any necessary logistics." (ECF No. 173 at 2.) During the meet and confer, SaveOnSP requested that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians. JJHCS agrees to do so, and will review documents hitting on the search strings below for these CAP custodians for the time period January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

(*See* ECF No. 173 at 3.) To be clear, JJHCS reserves all rights, including with respect to the remaining custodians at issue in the parties' October 25, 2023 joint letter. (*See* ECF No. 165.)

## III.  Terms & Conditions

The Court's November 7, 2023 Order further states that "Defendant shall continue to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence)." (ECF No. 173 at 1.) As discussed, SaveOnSP's November 3 proposal, which "repeat[s]" prior requests that "JJHCS identify the predecessor programs from which the 'other offer' provision was drawn and identify the employees and documents sources for those programs" without a time period limitation, does not follow this directive.

We look forward to receiving your proposal containing narrowed requests for production as to CarePath's Terms and Conditions by December 5.

## IV.  Document Refresh

At the end of our call, SaveOnSP briefly raised the issue of the parties' document refresh. On this point, the Court's Order is unambiguous: it requires both parties to update their document productions "*without limitation*" through November 7, 2023. (*See* ECF No. 173 at 3.) JJHCS is doing what the Court ordered. JJHCS will refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's Order. Indeed, following the Court's Order, JJHCS immediately began

14734540

Meredith Nelson, Esq.
November 28, 2023
Page 3

collecting and processing this data so that it could be promptly reviewed and produced, which will in turn allow the parties to complete fact discovery by April 25, 2024, as the Court has ordered us to do. By December 5, please confirm that SaveOnSP is doing the same, *i.e.*, please confirm that:

- SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023;

- SaveOnSP will supplement its production of documents using all previously agreed-upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and

- SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

\*     \*     \*     \*

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

14734540