# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

March 11, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      **Re:** *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
           **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

Defendant Save On SP, LLC ("**SaveOn**") writes in reply to Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**") opposition SaveOn's February 20, 2024 motion.

**I.    SaveOn's Motion for Clarification**

*First*, contrary to J&J's assertion (Opp. 4), SaveOn cited the correct standard in seeking reconsideration: A court may clarify "to explain or clarify something ambiguous or vague" about a prior order. *Alberts v. Bumgardner*, No. CV-13-5538(JXN)(JBC), 2022 WL 2833828, at *1 (D.N.J. July 19, 2022). J&J's cited cases say only that if a motion for clarification in essence seeks reconsideration, the reconsideration standard governs. They are irrelevant here.

*Second*, while J&J asserts that the February 6, 2024 Order (the "Order") unambiguously

Hon. Freda L. Wolfson                                                                           Page 2

excuses it from producing documents showing its enforcement of some CarePath eligibility criteria, like age limits and limits on government payors (Opp. 6-7), J&J does not dispute that Your Honor stated at the January 24, 2024 conference that those other criteria were at issue, Tr. 18:8-16, 20:19-25, 23:15-25, and that SaveOn was entitled to documents on all criteria, *id.* 30:25-31:13, 34:7-12. SaveOn asks Your Honor to resolve this ambiguity about the Order's scope by clarifying that J&J must produce its enforcement instructions and policies on enforcement of all criteria.[1]

*Third*, Your Honor ordered J&J to produce documents about SaveOn's impact on CarePath's financial viability; despite J&J's assertions (Opp. 8-10), SaveOn seeks to clarify only what "financial viability" means. SaveOn understood Your Honor to agree that it includes "how [J&J] sets the CarePath levels, how it decides on the budget, where that is done, the factors that go into it, and relevant communications about that." Tr. 64:3-11, 69:20-70:6. J&J cannot produce these documents unless it runs search terms designed to locate them. To find documents on "how it decides on the [CarePath] budget," for example, J&J must run search strings including the word "budget" and identify custodians who worked on it—but J&J refuses to do so. At the same time, J&J will not explain how it defines viability or how it proposes to locate documents on that topic; its promises to produce viability-related documents thus mean little. J&J's position is not tenable. J&J must produce documents on CarePath's viability as discussed at the conference.

*Fourth*, SaveOn's request to clarify J&J's obligation to produce documents on "whether

---

[1] J&J also recycles its argument that its enforcement of eligibility criteria apart from "other offer" are irrelevant because failing to enforce some criteria does not waive its rights to enforce others. Opp. 7-8 (repeating argument from Dkt. 151 at 21). SaveOn does not argue waiver. Evidence that J&J monitored patients' eligibility based on some criteria but not enrollment in SaveOn-advised plans would show that (1) J&J did not believe that the "other offer" provision applied to patients on such plans; and (2) J&J failed to mitigate damages by continuing to pay funds to such patients.

more patients are taking Janssen drugs as a result of being on the SaveOnSp Program," Dkt. 192 at 22, is limited to information sufficient to quantify the monetary benefit that SaveOn generates for J&J, so it can offset that benefit against J&J's purported damages, as black letter law allows. Mot. 9. Without this information, SaveOn cannot properly quantify the offset. Contrary to J&J's assertion (Opp. 11), SaveOn is not after J&J's general profits from its drug sales. And while J&J argues that SaveOn can use its own documents to show how it affects patients' adherence to J&J's drugs[2] (Opp. 12), it does not dispute that J&J alone has the information necessary to translate that increased adherence into the dollar figure necessary to offset J&J's damages.

## II. SaveOn's Motion for Reconsideration

*First*, again contrary to J&J's assertions (Opp. 16), SaveOn does not seek "documents regarding the overall CarePath budget." It seeks only information on why J&J did not lower its CarePath maximums once it became aware of SaveOn, accumulators, and maximizers, relevant to showing that J&J failed to mitigate its purported damages, Mot. 11–12.

Mot. 12–13. J&J asks Your Honor to ignore them because SaveOn did not file a supplemental brief or raise the documents at the January 24 conference, Opp. 12-15; *see also id.* 19—but SaveOn said at the conference that J&J had produced supporting documents after September 7, it offered to make a supplemental submission, and Your Honor said that it could. Tr. at 100:7-101:1.

*Second*, J&J misses the point in arguing that discovery about CarePath's purpose is irrele-

---

[2] J&J asserts that                                                                                          Opp. 12. Even were this merits argument appropriate, J&J misstates the record. It cites                       ,                                                   . Mot. 10.

vant to its GBL claim. Opp. 16-18. J&J alleged that SaveOn's purported threat to CarePath's financial viability is a ***public*** harm—not a harm to J&J. Compl. ¶ 114. While J&J may assert additional forms of public harm, Opp. 18, SaveOn must defend against each of J&J's public harm allegations and is entitled to show that any threat to CarePath's viability did not harm the public, in part by showing that CarePath benefits only J&J—and that J&J itself agrees. J&J does not refute the documents indicating that such evidence exists.

*Third*, contrary to J&J's assertions (Opp. 18-20), SaveOn does not seek general evidence about J&J's drug prices. SaveOn rather intends to refute J&J's allegation that SaveOn's conduct increases healthcare costs, Compl. ¶¶ 21, 114, by showing that SaveOn's conduct helps combat increased healthcare costs caused by J&J and other drug makers raising drug prices. Mot. 18–20. J&J does not say if it will use evidence of its drug pricing in response. If J&J reserves the right to do so, *see*, Tr. 97:23-98:1, it must produce that evidence now. It is no answer that J&J might move to exclude SaveOn's argument, Opp. 20; it has not and would have no meritorious basis to do so.

*Finally*, while J&J tries to distract from the merits by accusing SaveOn of continuously relitigating issues, *e.g.*, Opp. 3, 6, 11, the opposite is true—J&J has continuously withheld patently relevant documents. For just the documents at issue, J&J argued that SaveOn moved too early, Dkt No. 79 at 28, Dkt No. 84 at 38-39, then argued that SaveOn moved too late, Dkt No. 111 at 6, Dkt No. 116 at 54-55, produced limited documents right before seeking to end discovery, *id.* at 2–3, argued that aspects of its own damages were irrelevant, Dkt No. 150 at 12, 14, 18-20, and, when ordered to produce, unilaterally interpreted the Order narrowly so as to keep withholding documents, Mot. 5, Opp. 10-11. J&J should stop this and just produce the documents that SaveOn needs to defend itself. As Your Honor admonished J&J: "It will take you less time to produce and move on than to fight." Tr. 132-3-4.

Respectfully submitted,


/s/ Evans Wohlforth
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*