

www.pbwt.com

February 28, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re:     **JJHCS's Opposition to SaveOnSP's February 16 Motion to Compel**
       *Johnson and Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to the February 16, 2024 letter motion by Defendant Save On SP, LLC ("SaveOnSP") seeking to compel the addition of a search string—"CAPa" OR "CAPm" OR "adjustment program"—over the files of newly ordered custodians Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, L.D. Platt, Alison Barklage, Scott White, Blasine Penkowski, and Karen Lade.

SaveOnSP's litigation strategy is now clear. It has taken the appointment of a Special Discovery Master as liberty to relitigate issues that it lost before the Magistrate Judge, and to seek reconsideration on issues it loses going forward before the Discovery Master. SaveOnSP thereby seeks to tie this case up in discovery, which is to its advantage because the amount it misappropriates from manufacturer patient assistance funds every day far exceeds what it spends on litigation. This motion specifically is the latest attempt by SaveOnSP to relitigate yet another issue squarely resolved by the November 7, 2023 Order, which made clear that CAP-related search

Hon. Freda L. Wolfson
February 28, 2024
Page 2

terms would only be used where they appeared in addition to SaveOnSP-related terms, to ensure that discovery was limited to matters relevant to this case rather than encompassing matters relevant to other maximizer programs from other companies. *See* Dkt. No. 173 at 2–3. SaveOnSP brought this motion after it filed a nearly identical motion on February 7, 2024, requesting the same relief with respect to a different set of custodians, even after JJHCS stated that if the Court granted the February 7 motion, JJHCS would voluntarily apply the Court's ruling to the new custodians. *See* Ex. 1 (Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 8–9). In other words, this is the third time SaveOnSP has sought to force JJHCS to run this search term—twice after Judge Waldor denied SaveOnSP's initial motion.

I.   **Judge Waldor Directed JJHCS to Review Documents Wherein the Terms "CAP A," "CAP M," or "Adjustment Program" Appear in the Same Document as SaveOnSP**

JJHCS already has briefed Your Honor on the Court's November 7 Order (Dkt. No. 173). As addressed at length in our prior submission, that Order directed JJHCS to fashion

> a search designed to capture documents wherein the terms 'CAP A,' 'CAP M,' or 'adjustment program' (or reasonable variations of those terms) are found in the same documents as the term 'SaveOn' (or reasonable variations / abbreviations).

Dkt. No. 173 at 2–3.

Despite SaveOnSP's continued insistence that "clarification" is required, there is nothing unclear about this instruction. Judge Waldor considered the same arguments SaveOnSP now repackages for a third time, and repeatedly refused to order JJHCS to review documents that did not mention SaveOnSP. *See* Oct. 20, 2023 Tr. at 101:10 ("THE COURT: *I'm going to order that they search CAP A and CAP M and adjustment programs but related to SaveOn.*" (emphasis added)); *id.* at 102:11–15 (rejecting SaveOnSP's request for "*or*" SaveOn (emphasis

Hon. Freda L. Wolfson
February 28, 2024
Page 3

added)); *id.* at 102:24–103:4 (ruling that the documents must be "***[r]elated to SaveOn.  Qualified by SaveOn***." (emphasis added)).  Judge Waldor similarly considered and ultimately rejected SaveOnSP's argument that, because JJHCS employees "don't always use the word 'SaveOn' or 'SOSP'" and instead use the phrases "ESI's maximizer" or "maximizer program[,]" those terms should be added to the "CAP" search string.  *Id.* at 105:16–106:6.

This clear ruling defeats SaveOnSP's resurrection of the argument that using a "SaveOn" limiter would "let J&J withhold [] documents" that do not reference SaveOnSP.  Judge Waldor heard the same argument and was unpersuaded, concluding that the "SaveOn" limiter was needed to tie SaveOnSP's requested discovery to this case rather than matters relevant to other maximizer programs from other companies.  *See id.* at 83:10–84:21, 101:10–108:23.  As JJHCS argued in October:

> [T]here [are] a . . . [l]ist of companies out there in the market that are in this category of maximizers or accumulators. . . .  Some of them have been involved in other litigation with other pharmaceutical companies, but there's a long list of them, maximizers, accumulators, they are the subject of movements in various states to outlaw them as a matter of state law. . . . And while we're very focused on SaveOn and we've sued them because they think they're one of the most egregious actors in the industry, that doesn't change the fact that there are lots of other entities that are out there.
>
> Now, when you go looking for anything to do with CAP A or CAP M or adjustment program, none of [that] is limited to SaveOn.  And that is part of why it would pull in reams and reams of material and hits here.  They haven't chosen to limit their search terms any way.

*Id.* at 83:10–84:10.  It was in this context that Judge Waldor first raised the suggestion of a SaveOn "qualifier."  *Id.* at 84:20–21.  SaveOnSP repeatedly sought to revisit Judge Waldor's qualifier, but she rejected that attempt every time, as quoted above.  She also made her purpose clear:  "THE COURT:  I'm trying to get where we bring in that which is . . . identifiable with SaveOn."  *Id.* at

Hon. Freda L. Wolfson
February 28, 2024
Page 4

103:15–18.  Judge Waldor ultimately memorialized this limitation in the November 7 Order, and there is no reasoned basis to depart from that ruling.  Indeed, even SaveOnSP's own counsel eventually acknowledged at the October 30 conference that documents "talking about SaveOn" would be "sufficient" to capture relevant documents concerning the CAP Program.  *Id.* at 107:21–108:23.  The same is true for the new custodians at issue here.

SaveOnSP also recycles its argument that there is some internal inconsistency in Judge Waldor's Order, in light of her ruling that the parties needed to update their discovery responses through November 7.  There is no inconsistency.  First, the November 7 Order (issued after the October 30 colloquy above) maintained the SaveOnSP limiter with respect to CAP, even as Judge Waldor ordered a full update of discovery.  Second, even if there was a conflict between the general "refresh" ruling and the specific ruling with respect to the "CAP" search string, the specific ruling as to the CAP program would govern due to the canon of construction that the "specific trumps the general."  *E.g.*, *Kotchetkova v. Garnet Health Med. Ctr.*, --- F. Supp. 3d ----, 2023 WL 6474630, at *4–5 (D.N.J. Oct. 5, 2023)  It is illogical to suggest that when Judge Waldor issued a general ruling asking the parties to update their productions, she was somehow making an implicit determination about the appropriate scope of CAP-related discovery, especially when she considered that specific issue the prior week and expressly ruled in the same order that CAP-related discovery must be limited to that also involving SaveOnSP.  Your Honor should reject SaveOnSP's endless attempts to reopen this issue and deny SaveOnSP's motion.

14925139

Hon. Freda L. Wolfson
February 28, 2024
Page 5

**II.    SaveOnSP's Claim that JJHCS "Would Effectively Run No New Search Terms Related to the CAP Program" Is Baseless**

Your Honor's analysis can end here at point I.  But if Your Honor wishes to consider SaveOnSP's repetition of arguments that it previously lost, we also repeat our arguments in opposition here.  First, as in its February 7 Motion, SaveOnSP contends that JJHCS's position "render[s] the CAP Terms meaningless."  Feb. 16, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3.  That is incorrect.  Relying on the November 7 Order, JJHCS already has reviewed and produced scores of documents hitting on the CAP search term ***with*** the SaveOnSP modifier.  JJHCS will make an additional production of documents hitting on these search terms, and others, by the end of next week.  It is disingenuous of SaveOnSP to ignore these productions.

Second, SaveOnSP appears to take issue with the fact that JJHCS has since agreed to use other, broader search terms over the same custodial records, which effectively subsume the narrower CAP term.  This is an odd argument for SaveOnSP to advance.  The net result of the parties' negotiations ***benefits*** SaveOnSP:  JJHCS has agreed to review every document mentioning SaveOnSP (and reasonable variations thereof) and SaveOnSP's founders, as well as every document referring to SaveOnSP as "ESI's accumulator program or ESI's maximizer program," as SaveOnSP raised at the January 24, 2024 conference,[1] across not only the new custodians but all 26 custodians for the entire April 1, 2016 to November 7, 2023 time period.  That these broader search terms necessarily capture every instance in which the "CAP" program "[r]elate[s] to SaveOn," as Judge Waldor directed, does not prejudice SaveOnSP.

_____

[1] *See* Jan. 24, 2024 Tr. at 108:4–6.

Hon. Freda L. Wolfson
February 28, 2024
Page 6

Indeed, what JJHCS has now agreed to do is a broader undertaking than even what Your Honor directed earlier this month. For example, as to the CAP custodians, JJHCS only was required to "use CAP-related search terms, including terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26. In the interest of compromise, JJHCS agreed to use a broader set of search terms to fulfill this obligation, including SaveOnSP (and variations thereof) and variations of ESI (and Accredo) in proximity to maximizer and accumulator—at SaveOnSP's suggestion. *See* Ex. 2 (listing agreed-upon search terms); Ex. 3 (Feb. 15, 2024 Ltr. from J. Long to E. Snow at 1–2). JJHCS agreed to run eight of the eleven search terms that SaveOnSP requested to fulfill this obligation. The only proposed search terms JJHCS declined to add were the "CAP" terms without a SaveOnSP modifier, based on Judge Waldor's November 7 Order, and two terms that SaveOnSP itself acknowledged had no connection to the JJHCS's CAP-related efforts. *See* Ex. 2.

The same is true for Scott White, Blaine Penkowski, and Karen Lade.[2] Here, too, JJHCS has agreed to run the vast majority of terms that SaveOnSP requested, which it ostensibly designed to capture relevant documents. For Mr. White, JJHCS agreed to six of SaveOnSP's proposed terms, only declining to add the "CAP" terms without a SaveOnSP modifier (citing Judge Waldor's November 7 Order) and, as to the eighth term, suggesting instead that JJHCS search for and produce final contracts and statements of work with Trial Card from non-custodial sources. As to Ms. Penkowski and Ms. Lade, JJHCS took the same approach, rejecting only search terms

---

[2] As Your Honor recognized, Mr. White and Ms. Penkowski are senior executives and thus directed only "[v]ery limited" search terms be used over their custodial documents. Jan. 24, 2024 Tr. at 128:14–17.

14925139

Hon. Freda L. Wolfson
February 28, 2024
Page 7

designed to capture "return on investment" and "budget" documents that Your Honor specifically rejected and proposing modest revisions to other terms unrelated to the CAP program. *See* Ex. 2.

        JJHCS's willingness to compromise should not be held out as a reason to depart from Judge Waldor's November Order. Otherwise, parties will be incentivized to dig in and never to compromise, lest their efforts be weaponized against them in the future. For a productive discovery process, the parties must embrace their wins and their losses—not endlessly relitigate the same issues in the hope that one judge will reverse another.

*    *    *

        JJHCS has made every effort to comply with Judge Waldor's orders and the February 6 Order. SaveOnSP has taken a very different approach, forcing JJHCS to litigate the same issues over and over again.[3] For discovery to proceed in an expeditious and fair fashion, the Court's orders must be respected. SaveOnSP's latest motion should be denied.

        We appreciate Your Honor's attention to this matter, and we are available to answer any questions.

                    Respectfully submitted,

                    */s/ Harry Sandick*
                    Harry Sandick

cc:     Counsel for SaveOnSP

---

[3] *See also* SaveOnSP's Feb. 20, 2024 Motion for Clarification and Reconsideration.

14925139

# Exhibit 1

# Sills Cummis & Gross
## A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

Jeffrey J. Greenbaum
Member
Admitted In NJ, NY
Direct Dial: 973-643-5430
Email:
jgreenbaum@sillscummis.com

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

February 15, 2024

The Honorable Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re: ***Johnson & Johnson Healthcare Systems Inc. v. Save On SP, LLC***
> ***Case No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we write pursuant to Your Honor's February 6, 2024 Order (the "Order") to provide an update on the discovery issues addressed at the January 24, 2024 conference, including agreements reached between the parties and the status of document productions.

Immediately following the Court's January 24 conference, JJHCS began to diligently collect documents—including from the five new custodians specifically addressed in the Order and other former JJHCS employees—to comply with Your Honor's directives. We also exchanged letters and conferred with counsel for SaveOnSP seeking to resolve any outstanding issues. In these discussions, however, a pattern emerged that has significantly inhibited the parties from making progress. Rather than accept and abide by the Court's rulings, SaveOnSP insists on disregarding any Orders that went against it. For example, SaveOnSP continues to insist that JJHCS collect and produce documents on subjects where the Order or prior rulings from Judge

CONFIDENTIAL
14918858

The Honorable Freda L. Wolfson                                                    Page 2

Waldor *sustained* JJHCS's objections. For example, SaveOnSP has demanded that JJHCS collect and produce documents related to terms and conditions and ancillary financial documents on issues squarely foreclosed by Your Honor's Order, including *inter alia*, documents and communications related to CarePath's budget and return on investment (or "ROI"). SaveOnSP similarly demands that JJHCS run a search for documents referencing "CAPa," "CAPm," or "adjustment program," without a SaveOnSP modifier, despite the November 7 Order squarely resolving the issue. *See* Dkt. No. 173 at 2–3.

JJHCS has clearly communicated its position to SaveOnSP: the Order outlines with specificity the categories of documents that JJHCS must produce. Where the Court overruled our objections, we will comply with the Order. But SaveOnSP too must accept both its victories and its losses. Instead, SaveOnSP continues to insist on search terms that seeks documents concerning the very issues it lost, pressing JJHCS to add new custodians on those issues, and even demanding the parties re-open issues long decided by Judge Waldor.[1] This approach forces JJHCS to litigate the same issues over and over again. For discovery to proceed in an orderly fashion, the Court's orders must be respected.

## I.    Financial Documents

SaveOnSP continues to demand JJHCS produce (1) "documents showing how J&J sets the level of CarePath copay assistance funds that it offers patients, how it decides on the CarePath budget including the factors that go into this decision, where that decision is made, and the relevant communications about the budget" and (2) "documents and communications regarding

---

[1] For example, SaveOnSP recently renewed its request that JJHCS identify custodians, search for and produce responsive documents, and provide interrogatory responses based on information outside of JJHCS, including within Janssen. SaveOnSP has repeatedly litigated this issue, and Judge Waldor twice denied the broad relief SaveOnSP sought. *See* Dkt. No. 127; Oct. 30, 2023 Tr. at 36:9–41:7; Dkt. No. 173 at 2.

CONFIDENTIAL
14918858

[JJHCS's] actual and projected return on investment," including "documents and communications regarding accumulators' and maximizers' effect on [JJHCS's] ROI."  Jan. 29, 2024 Ltr. from E. Snow to J. Long at 1, 3.  SaveOnSP's demands ignore Your Honor's Order.

As to issues concerning CarePath's budget, Your Honor concluded that "[JJHCS] has the better argument" and "communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims."  Dkt. No. 192 at 19.  Accordingly, JJHCS has refused to run SaveOnSP's requested search terms related to this issue.  The same is true for SaveOnSP's demands that JJHCS run search terms related to ROI, which Your Honor squarely rejected.  *Id.* at 21 ("[W]hether Plaintiff's operation is ultimately profitable is not the relevant inquiry.").  SaveOnSP has not explained any coherent basis for its refusal to recognize the limitations imposed by the Court.

At the February 12 meet and confer, SaveOnSP also raised for the first time that JJHCS should search for and produce documents that reflect whether more patients are taking Janssen drugs as a result of being on health plans advised by SaveOnSP—including "documents showing how all accumulators or maximizers affect J&J."  *See* Feb. 14, 2024 Ltr. from E. Snow to J. Long at 2.  Here, too, SaveOnSP's demands bear no rational relationship to the Court's "small window" of discovery on "documents that may reflect whether more patients are taking Janssen drugs as a result of being on the SaveOnSp Program."  Dkt. No. 192 at 22.  JJHCS remains available to meet and confer should SaveOnSP choose to follow Your Honor's directives and propose terms that are meant to comply with them.

## II.    Terms and Conditions

The parties continue to meet and confer on issues related to the drafting and enforcement of the CarePath terms and conditions ("T&Cs"), but the same problems have bogged

down discussions.  SaveOnSP's insistence on relitigating issues resolved by the Order is rendering resolution of these issues challenging.

At the January 24 conference, Your Honor directed JJHCS to "first search and determine whether any relevant documents can be found" concerning the drafting of the CarePath T&Cs from as early as 2009.  Dkt. No. 192 at 10.  JJHCS provided an initial update to Your Honor on February 2.  As detailed in that letter, JJHCS has identified "two non-attorney employees involved in CarePath's predecessor programs may have available email data from as early as 2010, based on document collection in unrelated proceedings that appear to have been retained."  Feb. 2, 2024 Ltr. from H. Sandick to Hon. Wolfson at 1.  Using search terms, JJHCS has identified a subset of those documents that may relate to the T&Cs of CarePath's predecessor programs.  At the parties' February 12 meet and confer, JJHCS agreed to consider SaveOnSP's proposed search terms to be run over these files.  JJHCS is moving as quickly as possible to search these documents and to make productions of responsive, non-privileged documents in compliance with the Court's order.  There is no present dispute on this issue.

As to enforcement of the T&Cs, however, SaveOnSP continues to demand documents concerning every instance in which JJHCS "investigated, enforced, or contemplated enforcing" its T&Cs.  Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2.  This disregards Your Honor's Order.  At the January 24 conference, Your Honor made clear that SaveOnSP "[doesn't] need the underlying investigations" and instead should focus on producing "documents that reflect [whether JJHCS was] going to aggressively pursue these terms."  Jan. 24, 2024 Tr. at 39:12–24 (describing enforcement documents as being "of a more general nature than every individual one that they do").  Your Honor memorialized this ruling in the February 6 Order, "agree[ing] with Plaintiff's argument that it would be burdensome to search and produce records of each individual patient's call history," Dkt. No. 192 at 12–13, and limiting the scope of production to "documents reflecting

the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'" *Id.* at 13. But despite this very specific guidance, SaveOnSP still asserts that it is entitled to production of documents reflecting "documents sufficient to show **the instances**" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

SaveOnSP's new formulation of these requests, using the words "documents sufficient to show the instances" provides no meaningful limitation here. SaveOnSP is again ignoring both what Your Honor rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the limited scope of discovery that Your Honor permitted (production of instructions and policies on a defined issue).

Indeed, SaveOnSP has been unwilling to negotiate search terms specific to the discovery that Your Honor ordered, i.e., "documents reflecting the company's enforcement instructions and policy." Instead, it continues to demand search terms that bear no connection to the permitted scope of discovery. For example, one of SaveOnSP's proposed terms would even require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof). Far from seeking

documents limited to JJHCS enforcement policies, this search seeks documents about separate companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue.  Again, SaveOnSP should not be permitted to disregard the Court's orders.

## III.    Discovery From New Custodians

JJHCS is diligently working to comply with Your Honor's Order and continues to collect and process custodial data from the five new JJHCS custodians (Scott White, Blasine Penkowski, Karen Lade, Savaria Harris, and Jennifer De Camara) added at the January 24 conference.  To help resolve disputes, JJHCS also has voluntarily added a sixth custodian, Debbie Kenworthy, for the period June 1, 2023 to November 7, 2023.

Following SaveOnSP's proposal of search terms, the parties met and conferred for more than two hours on February 12 to negotiate search terms for each of these custodians.  During the meet and confer, JJHCS agreed to run the vast majority of SaveOnSP's proposed search terms.  JJHCS memorializes the status of the parties' agreement on various search terms in Exhibit 1 of the attached.  But three sets of disputes have crystallized with respect to these new custodians.

### a.    *SaveOnSP's Insistence on Broad Searches That Your Honor Has Rejected*

JJHCS declined to run several terms that conflict with Your Honor's directive.  These include:  (i) search terms unrelated to CAP or mitigation issues for the CAP custodians; (ii) search terms designed to capture every instance of "coupon" or "discount" within the same document as the term "Janssen";  (iii) search terms designed to capture ROI and budget information generally.   Your Honor squarely rejected discovery on these issues.

On the first issue, for the CAP custodians, Your Honor only ordered the production of documents relating to CAP issues for the time period April 2016 to November 2023.  Dkt. No. 192 at 26.  In so ruling, Your Honor rejected SaveOnSP's argument that the November 7 Order

CONFIDENTIAL
14918858

was meant to add the "CAP" custodians for all purposes and instead directed the use of "CAP-related search terms, including terms that capture discussions by the custodians prior to the creation of the CAP program." *Id.* SaveOnSP disregards that limitation.

On the second issue, when JJHCS counsel raised the concern that JJHCS would be forced to look for "every time that someone mentioned discount or coupon," the Court stated that "[i]t's not going to happen." Jan. 24, 2024 Tr. at 37:4–37:12 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said – JUDGE WOLFSON: It's not going to happen."). SaveOnSP disregards that limitation too.

As to the third issue, search terms aimed at investment and budget issues, SaveOnSP continues to demand that JJHCS run several financial-related search terms over Ms. Penkowski's and Ms. Lade's documents notwithstanding the Court's Order. For example, as to issues concerning CarePath's budget, Your Honor concluded that "[JJHCS] has the better argument" and "communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims." Dkt. No. 192 at 19. But SaveOnSP continues to insist on those documents from new custodians. Similarly, as to issues related to ROI, Your Honor unambiguously rejected SaveOnSP's arguments, finding that JJHCS's "alleged harm is not related to the profitability of any Janssen drugs. Put differently, even if J&J and its [affiliates] ultimately derive profits . . . from selling the drugs at issue, that fact does not disprove Plaintiff's alleged harm in this case, either to itself or to the public." *Id.* at 22. Again, SaveOnSP is unmoved by Your Honor's guidance. For these reasons, as detailed in Exhibit 1, JJHCS will not run search terms that apply only to matters Your Honor has already rejected as an appropriate scope for discovery.

        *b. SaveOnSP's Insistence on Discovery From Attorney Custodians That Disregards Limitations Imposed by Your Honor*

        The parties also have additional disputes that are specific to the J&J in-house counsel that Your Honor ordered to be added as custodians:  Savaria Harris and Jennifer De Camara.  Your Honor was very clear that discovery from these attorneys would be carefully circumscribed and limited to documents and communications (1) between the attorneys and any third-party entities (2) that concern the "new terms and conditions for both its Stelara and Tremfya medications" implemented in January 2022.  *Id.* at 13–14.  SaveOnSP appears willing to accept the first limitation, but insists on disregarding the second.  Specifically, SaveOnSP continues to insist on documents with any reference to coupon or discount, and without any connection to Stelara and Tremya.  JJHCS has refused to run such searches and will abide by the scope of discovery that Your Honor ordered.

        *c. SaveOnSP's Insistence on CAP Searches That Disregard Limitations Imposed by Judge Waldor*

        The parties also are at impasse on the addition of search string "CAPa" OR "CAPm" OR "adjustment program" without a "SaveOn" limiter for the new custodians.  This is another example of SaveOnSP refusing to abide by prior orders, in this case one issued by Judge Waldor.  This issue raised by SaveOnSP is squarely resolved by the Court's November 7, 2023 Order, which made clear that CAP-related terms would only be searched where they appeared in addition to SaveOnSP-related terms, to ensure that discovery was limited to matters relevant to this case rather than encompassing matters relevant to other maximizer programs from other companies.  *See* Dkt. No. 173 at 2–3.  At any rate, whether to run this string will soon be *sub judice*, as it is at issue in SaveOnSP's recent motion for "clarification" of the Court's November 7 Order.  *See* Feb. 7, 2024 Mot. from E. Wohlforth to Hon. Wolfson.  JJHCS opposes reopening this long-decided issue.  Indeed, as set forth in JJHCS's recent submission, SaveOnSP counsel

previously expressly accepted the resolution set forth in Judge Waldor's order, which SaveOnSP now apparently seeks to overturn. *See* Feb. 14, 2024 Opp. from H. Sandick to Hon. Wolfson. Should Your Honor overrule our objection, reverse Judge Waldor's determination, and expand the scope of the Court's November 7 Order with respect to the CAP search terms, JJHCS will adopt that application to the new custodians at issue.

JJHCS will continue to meet and confer in good faith with SaveOnSP on these issues. Following the parties' February 12 meet and confer, SaveOnSP agreed to consider narrowing several of the remaining terms at issue. JJHCS also provided SaveOnSP with a counterproposal as to several outstanding terms. JJHCS will respond to SaveOnSP's counterproposal, once received, on any remaining terms.

*          *          *

We are reporting these issues in light of Your Honor's request for an update, but we are not asking for any rulings at this time. In our view, the parties should continue to meet and confer on appropriate search terms for the topics on which Your Honor permitted discovery. If the parties cannot reach compromise, we will present any remaining issues to Your Honor for resolution.

## IV.   Upcoming Issues

JJHCS continues to meet and confer in good faith with SaveOnSP in connection with several other ongoing discovery issues. Since the January 24 conference, JJHCS has identified several deficiencies with SaveOnSP's Supplemental Responses and Objections to JJHCS's Interrogatories. This is a significant issue, which relates to SaveOnSP's repeated failure to provide a clear and comprehensive accounting of all instances in which its employees lied to drug manufacturers in furtherance of their scheme. Most pressing is SaveOnSP's failure to comply with Your Honor's January 31 deadline to update and verify its supplemental interrogatory

CONFIDENTIAL
14918858

The Honorable Freda L. Wolfson                                                    Page 10

responses in violation of Federal Rule of Civil Procedure 33(b)(5).  JJHCS has raised other several

concerns with SaveOnSP concerning the substance of SaveOnSP's supplemental responses.

JJHCS will promptly raise these issues before Your Honor in the near future.


                                                    Respectfully submitted,

                                                    */s/ Jeffrey J. Greenbaum*

                                                    JEFFREY J. GREENBAUM

cc:    All Counsel
           (*by email*)


CONFIDENTIAL
14918858

# **Exhibit 2**

| **"CAP" Custodian Search Terms** | |
|---|---|
| **Custodians:** Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt | |
| **Date Range:** April 1, 2016 to November 7, 2023 | |
| **SaveOnSP's Proposed Terms** | **JJHCS's Position** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" | Accepted |
| "Save On" (*case sensitive*) | Accepted |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") | Accepted |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) | Accepted |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) | Accepted |
| "other offer" w/5 (accumulat* OR maximiz*) | Accepted |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) | Accepted |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) | Accepted |
| "CAPa" OR "CAPm" OR "adjustment program" | Consistent with the Court's November 7 Order, JJHCS will run this term with a SaveOnSP limiter. *See* Dkt. No. 173 at 2–3. |
| "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB* | JJHCS declines to run this term, which SaveOnSP acknowledged as no connection to JJHCS's CAP-related efforts. |
| (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare) | JJHCS declines to run this term, which SaveOnSP acknowledged as no connection to JJHCS's CAP-related efforts. |

| **Scott White Search Terms**<br><br>**Date Range:** April 1, 2016 to November 7, 2023 | |
|---|---|
| **SaveOnSP's Proposed Terms** | **JJHCS's Position** |
| "Save On" (*case sensitive*) | Accepted |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") | Accepted |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" | Accepted |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) | Accepted |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) | Accepted |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) | Accepted |
| "CAPa" OR "CAPm" OR "adjustment program" | Consistent with the Court's November 7 Order, JJHCS will run this term with a SaveOnSP limiter. *See* Dkt. No. 173 at 2–3. |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me))[1] | JJHCS declines to run this term, but has agreed to search for and produce final contracts and statements of work with Trial Card from non-custodial sources. |

---

[1] SaveOnSP recently proposed a variation of this term.  JJHCS will respond to that proposal this week.

| **Blasine Penkowski Search Terms** | |
|---|---|
| **Date Range:**  April 1, 2016 to November 7, 2023 | |
| **SaveOnSP's Proposed Terms** | **JJHCS's Position** |
| "Save On" (*case sensitive*) | Accepted |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") | Accepted |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" | Accepted |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) | Accepted |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) | Accepted |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) | Accepted |
| "CAPa" OR "CAPm" OR "adjustment program" | Consistent with the Court's November 7 Order, JJHCS will run this term with a SaveOnSP limiter.  *See* Dkt. No. 173 at 2–3. |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me))[2] | JJHCS declines to run this term, but has agreed to search for and produce final contracts and statements of work with Trial Card from non-custodial sources. |

---

[2] SaveOnSP recently proposed a variation of this term.  JJHCS will respond to that proposal this week.

14937395

| **Blasine Penkowski Search Terms** | |
| --- | --- |
| **Date Range:** April 1, 2016 to November 7, 2023 | |
| ((lose* OR loss* OR (return w/4 investment) OR "ROI" OR (negative w/5 impact) OR (gross w/5 impact) OR (net w/5 impact) OR (GTN w/5 impact)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe")) AND ("Save On" OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)) | Consistent with the February 6 Order, JJHCS will not search for or review documents concerning JJHCS's "return on investment," or variations thereof. *See* Dkt. No. 192 at 22. |
| Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me)) | Consistent with the February 6 Order, JJHCS will not search for or review documents concerning "communications of budgetary decisions." Dkt. No. 192 at 19. |
| (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | Consistent with the February 6 Order, JJHCS will not search for or review documents concerning "communications of budgetary decisions." Dkt. No. 192 at 19. |
| (brand* OR finance* OR "SCG" OR (strategic /5 customer)) AND (accumulat* OR maximiz*) | JJHCS declines to run this term, which would return any document with "finance" (or variations thereof) in the same document as "accumulator" or "maximizer." In addition, because Ms. Penkowski oversees the "Strategic Customer Group," these terms would result in review of every document in which "Strategic Customer Group" or "SCG" appear in a signature block, effectively asking JJHCS to review all documents about "accumulators" or "maximizers." |

4

| Karen Lade Search Terms | |
|---|---|
| **Date Range:** April 1, 2016 to November 7, 2023 | |
| **SaveOnSP's Proposed Terms** | **JJHCS's Position** |
| "Save On" (*case sensitive*) | Accepted |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") | Accepted |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" | Accepted |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) | Accepted |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) | Accepted |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) | Accepted |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) | Accepted |
| (accumulator /5 prog*) | Accepted |
| "CAPa" OR "CAPm" OR "adjustment program" | Consistent with the Court's November 7 Order, JJHCS will run this term with a SaveOnSP limiter. *See* Dkt. No. 173 at 2–3. |
| PBM* AND (copay* or co-pay*) AND deductible | JJHCS will run the following term, as agreed to by SaveOnSP:<br><br>PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible)) |

5

14937395

| Karen Lade Search Terms | |
|---|---|
| **Date Range:** April 1, 2016 to November 7, 2023 | |
| (Max* /15 benefit*) AND ($20,000 OR $20K OR 20k) | JJHCS will run the following term, as agreed to by SaveOnSP:<br><br>(Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me)) | Consistent with the February 6 Order, JJHCS will not search for or review documents concerning "communications of budgetary decisions."  Dkt. No. 192 at 19. |
| (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga) | Consistent with the February 6 Order, JJHCS will not search for or review documents concerning "communications of budgetary decisions."  Dkt. No. 192 at 19. |

6

# **Exhibit 3**



February 15, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
        **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's January 29, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the "CAP" custodians.

**I.      CAP Custodians**

SaveOnSP's January 29 letter requests that JJHCS add thirteen search terms that it contends "relate to the CAP program" and concern "discussions regarding J&J's response to SaveOn, accumulators, and maximizers" for Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt (the "CAP" Custodians) for the period April 1, 2016 to November 7, 2023.  *See* Jan. 29, 2024 Ltr. from E. Snow to J. Long at 1.

SaveOnSP's proposed search terms go well beyond Judge Wolfson's order, which only required JJHCS to "use CAP-related search terms, including terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26.  In keeping with the Court's order, JJHCS agrees to add the following search strings for the time period April 1, 2016 to November 7, 2023:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

To the extent SaveOnSP also seeks the addition of the term "CAPa" OR "CAPm" OR "adjustment program," without a SaveOnSP limiter, this proposal is inconsistent with the Court's November 7, 2023 Order.  (*See* Dkt. No. 173 at 2-3.)  In addition, SaveOnSP now has made an additional motion

Elizabeth H. Snow, Esq.
February 15, 2024
Page 2

to Judge Wolfson to expand the scope of the November 7, 2023 Order. For the reasons discussed in JJHCS's opposition brief filed on February 14, SaveOnSP has no basis to relitigate the November 7, 2023 Order. For the avoidance of doubt, should Judge Wolfson expand the scope of the Court's November 7 Order with respect to the CAP search terms, JJHCS will adopt that application to the CAP custodians for the full time period as well.

As a compromise, JJHCS is prepared to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

However, JJHCS declines to run the following search terms, which have no relation to JJHCS's CAP-related efforts. Indeed, SaveOnSP acknowledged the lack of any connection during the parties' February 12, 2024 meet and confer, when SaveOnSP claimed these terms describe SaveOnSP's "business model." As SaveOnSP well knows, the Court did not direct further discovery on that issue.

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

**II.      Scott White and Blasine Penkowski**

SaveOnSP's letter also requests search terms to be added with respect to two apex custodians, Scott White and Blasine Penkowski. As to Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

Elizabeth H. Snow, Esq.
February 15, 2024
Page 3

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

JJHCS declines to run the "CAP" search term over Mr. White's and Ms. Penkowski's documents without a SaveOnSP limiter, for the reasons previously discussed, but will agree to run the following search strings for the full April 1, 2016 to November 7, 2023 period consistent with the Court's November 7 Order:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

JJHCS also declines to run the following search terms over Mr. White's and Ms. Penkowski's documents, but will search for and produce final contracts and statements of work with Trial Card from non-custodial sources consistent with its January 29, 2024 responses and objections to SaveOnSP's discovery requests:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me))

Finally, JJHCS declines to add certain proposed financial-related terms, which SaveOnSP requested only as to Ms. Penkowski's documents. As outlined in JJHCS's February 8, 2024 letter, and as discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's insistence that JJHCS produce these documents is inconsistent with Judge Wolfson's February 6, 2024 Order. For example, as to issues concerning CarePath's budget, Judge Wolfson concluded that "[JJHCS] has the better argument" and "communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims." Dkt. No. 192 at 19. Similarly, as to issues related to return on investment (or "ROI"), Judge Wolfson unambiguously rejected SaveOnSP's arguments, finding that JJHCS's "alleged harm is not related to the profitability of any Janssen drugs. Put differently, even if J&J and its [affiliates] ultimately derive profits . . . from selling the drugs at issue, that fact does not disprove Plaintiff's alleged harm in this case, either to itself or to the public." *Id.* at 22.

Elizabeth H. Snow, Esq.
February 15, 2024
Page 4

Accordingly, JJHCS will not run the following terms:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

- ((lose* OR loss* OR (return w/4 investment) OR "ROI" OR (negative w/5 impact) OR (gross w/5 impact) OR (net w/5 impact) OR (GTN w/5 impact)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe")) AND ("Save On" OR Save-OnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

As discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's proposal of these terms demonstrates that SaveOnSP refuses to accept the Court's rulings on an issue already twice litigated—and on which JJHCS has twice prevailed. JJHCS will not provide hit counts for these searches, as they seek documents that are beyond the scope of what Judge Wolfson ordered. If SaveOnSP is willing to meet and confer in good-faith and to propose search terms related to the "small window" that Judge Wolfson opened with respect to budget and financials issues, JJHCS will run SaveOnSP's requested search terms and provide hit counts, as appropriate. *See* Feb. 8, 2024 Ltr. From J. Long to E. Snow at 2-3.

**III.    Karen Lade**

SaveOnSP proposed thirteen search terms with respect to Ms. Lade's documents. JJHCS agrees to run the following search terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

Elizabeth H. Snow, Esq.
February 15, 2024
Page 5

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- accumulator w/5 prog*

For the reasons cited above, JJHCS declines (1) to run the "CAP" search term over Ms. Lade's documents without a SaveOnSP limiter; and (2) to run financial-related search strings over Ms. Lade's documents.[1]  As with Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms with respect to the CAP program for the April 1, 2016 to November 7, 2023 time period:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

As discussed at the parties' February 12, 2024 meet and confer, JJHCS will consider running two final Lade-specific search strings if those are modified to capture the documents SaveOnSP explained it was seeking.  JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings.

| SaveOnSP Proposal | JJHCS Modification |
|---|---|
| PBM* AND (copay* or co-pay*) AND deductible | PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |

---

[1] JJHCS declines to run the following financial-related strings, which are beyond the scope of Judge Wolfson's order:

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

Elizabeth H. Snow, Esq.
February 15, 2024
Page 6

| (Max* /15 benefit*) AND ($20,000 OR $20K OR 20k) | (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| --- | --- |

## IV.     Savaria Harris and Jennifer De Camara

        Judge Wolfson ordered production from Ms. Harris and Ms. De Camara's custodial files on a single, narrow issue:  (1) documents and communications between the attorneys and any third-party entities **and** (2) that concern the "new terms and conditions for both its Stelara and Tremfya medications" implemented in January 2022.  Dkt. No. 192 at 13-14.  SaveOnSP's requested terms go well beyond these limitations.

        For example, SaveOnSP continues to insist on documents with any reference in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "CarePath" (or variations thereof)—despite Judge Waldor explicitly rejecting that a narrower version of that term at the January 24, 2024 conference. Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen."). Accordingly, JJHCS declines to run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer")

        For the same reason, JJHCS also declines to run the following terms, which are not designed to capture documents concerning the "new terms and conditions for both its Stelara and Tremfya medications":

- Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

14922008

Elizabeth H. Snow, Esq.
February 15, 2024
Page 7

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

        JJHCS agrees to the remainder of SaveOnSP's proposed terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), so long as those documents also mention Stelara and Tremfya (as modified in red font below):

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) <span style="color:red">AND (Stelara OR Tremfya)</span>

- (eligib* or ineligib*) AND "out-of-pocket cost" <span style="color:red">AND (Stelara OR Tremfya)</span>

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") <span style="color:red">AND (Stelara OR Tremfya)</span>

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

        In addition, JJHCS will consider running the following terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), subject to SaveOnSP's agreement that these modifications will resolve SaveOnSP's requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

*     *     *

        JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

Very truly yours,

*/s/ Julia Long*
Julia Long