# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 6, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Special Master Wolfson:

On behalf of SaveOnSP, LLC ("SaveOn"), we write to oppose Johnson & Johnson Health Care Systems Inc.'s (with its affiliates, "J&J") January 29, 2024 motion, ECF No. 191, to withdraw Exhibit 81 to the parties' October 25, 2023 Joint Letter, filed at ECF No. 165 ("Exhibit 81") from the docket and to request that the Court compel J&J to re-produce Exhibit 81, which J&J has clawed back since it was submitted with the Joint Letter. Exhibit 81 is Bates-stamped as JJHCS_00008989. In the alternative, we ask that Your Honor review the document *in camera* and evaluate J&J's privilege assertion.

J&J affirmatively consented to jointly filing Exhibit 81 on the Court's docket as an exhibit

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

to the parties' October 25, 2023 Joint Letter. *See* ECF No. 165. Prior to filing, SaveOn sent J&J

a proposed list of exhibits including Exhibit 81, *see* Ex. 1 (Oct. 25, 2023 Email from J. Long to

E. Snow), which J&J consented to by consenting to filing of the Joint Letter. *Id*. J&J reviewed

Exhibit 81 before the filing, as shown by the fact J&J discussed JJHCS_00008989 in the joint

letter itself, twice. ECF No. 165 at 22, 25.

Over a month later, on December 6, 2023, J&J requested that SaveOn destroy its copies

of JJHCS_00008989, pursuant to Paragraph 14 of the Discovery Confidentiality Order (ECF No.

62). Ex. 2 (Dec. 6, 2023 Ltr. from I. Eppler to T. Stone); contrary to J&J's contrary suggestion,

SaveOn complied with this request. Ex. 3 (Dec. 18, 2023 Email from T. Stone to I. Eppler). J&J

did not mention that Exhibit 81 remained on the docket and made no attempt to remove it from

the docket. On January 26, 2024, SaveOn told J&J that it had waived any privilege over the

document. Ex. 4 (Jan. 26, 2024 Ltr. from E. Snow to I. Eppler). J&J did not respond to SaveOn

and made no attempt to meet and confer; it rather filed its motion asking the Court remove Ex-

hibit 81 from the docket.

J&J has waived any claim of privilege over Exhibit 81 by filing it and failing to seek to

remove it for over three months. To determine if an inadvertent disclosure waives privilege,

courts in this District consider: (1) the reasonableness of the precautions taken to prevent inad-

vertent disclosure in view of the extent of the document production; (2) the number of inadvertent

disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the dis-

closure; and (5) whether the overriding interests of justice would or would not be served by re-

lieving the party of its error. *Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F. Supp. 404, 411 (D.N.J.

1995) (Wolfson, J.). The second factor, which generally concerns large document productions, is

not at issue. *See J.N. v. S. W. Sch. Dist.*, 55 F. Supp. 3d 589, 600 (M.D. Pa. 2014) (the number of

disclosures has "little relevance" outside "the context of a document production"). The remaining factors heavily favor a finding of waiver.

*First*, J&J affirmatively consented to the document's filing after discussing it ***twice*** in the parties' joint letter. ECF No. 165 at 22 ("And even if it were true that Mr. Kinne ██████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████. *See* JJHCS_00008989."); and 25 ████ ████████████████████████████████████████████████████████████ ███████. J&J thus did not take reasonable precautions to prevent inadvertent disclosures of Exhibit 81. *See LabMD, Inc. v. Tiversa Holding Corp.*, No. 15-CV-0092, 2015 WL 1213043, at *5 (W.D. Pa. Mar. 17, 2015) (finding waiver where party provided "no evidence . . . that documents filed with the Court are reviewed by the responsible attorney prior to submission"); *see also Loc. 851 of Int'l Bhd. of Teamsters v. Kuehne & Nagel Air Freight, Inc.*, 36 F. Supp. 2d 127, 133 (E.D.N.Y. 1998) ("[A] cursory review [of documents to be filed with the court] does not constitute reasonable precaution."). J&J assertions that it took "all appropriate precautions to prevent inadvertent disclosure of its privileged documents" when it originally produced the document, Dkt. No. 191, at 2, is irrelevant. *See Ciba-Geigy*, 916 F. Supp. at 412 (D.N.J. 1995) (finding that relying upon the privilege review conducted during initial production "was unreasonable" when producing the document as an exhibit).

*Second*, the extent of the disclosure here, on the Court's docket, heavily supports a finding of waiver. *LabMD,* 2015 WL 1213043 at *5 (disclosure that "involved the publication of the document on the docket" was "dispositive"); *see also J.N.*, 55 F. Supp. at 600 n.13 ("Filing a document with the court 'is inconsistent with a claim of privilege' and generally results in waiver") (citing *McGreevy v. CSS Indus., Inc.*, No. 95–CV–8063, 1996 WL 412813, at *3 (E.D.

Hon. Freda L. Wolfson                                                                          Page 4

Pa. July 17, 1996))). While Exhibit 81 was sealed, and so not on the public docket, the "predicate of the waiver inquiry" for attorney-client privilege is "whether the material was disclosed" at all and, for work-product protection, is "whether the material was disclosed to an adversary." *Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 131 (D.N.J. 2004). Here, Exhibit 81 was never sealed ***as to SaveOn***, J&J's adversary in this case. The extent of J&J's disclosure is therefore "complete" and "supports a finding of waiver." *Loc. 851 of Int'l Bhd. of Teamsters*, 36 F. Supp. 2d at 134.

    *Third*, J&J delayed by three months seeking to withdraw Exhibit 81 from the docket. It was aware that it had produced the document no later than October 25, 2023, the date that it consented to filing Exhibit 81 on the docket but made no effort to remove the document until January 2024, which also strongly supports a finding of waiver. *See LifeBio, Inc. v. Eva Garland Consulting, LLC*, No. 2:21-CV-722, 2023 WL 3258586 at *2 (S.D. Ohio May 4, 2023) (finding privilege waived where document was filed on docket as an exhibit fifty days before plaintiff attempted to claw it back from the docket); *cf. LabMD,* 2015 WL 1213043, at *7 (finding this factor weighed against waiver when a party retrieved and replaced a document on the same day that they inadvertently filed it on the docket). While J&J suggests that its promptness should be measured from when SaveOn told it that Exhibit 81 was still on the docket, J&J Mot. at 2, the correct measure is from the date that J&J knew of the disclosure—here, when it consented to filing in October 2023. *See Murphy v. Twp. Of Millstone, New Jersey*, No. CV 20-10397 (GC), 2022 WL 2118185, at *16 (D.N.J. June 13, 2022) (measuring delay from the moment document was first used in a deposition, before producing party asserted privilege); *see also Gloucester Twp. Hous. Auth. v. Franklin Square Assocs.*, 38 F. Supp. 3d 492, 499 (D.N.J. 2014) (finding this

factor weighed towards waiver when producing party belatedly realized two letters were privileged three months after they knew the documents were produced).

*Fourth*, the interests of justice would be ill-served by removing Exhibit 81 from the docket. "Parties must recognize that there are potentially harmful consequences if they do not take minimal precautions to prevent against the disclosure of privileged documents," *Ciba-Geigy*, 916 F.Supp at 414; *see also Peterson v. Bernardi*, 262 F.R.D. 424, 429 (D.N.J. 2009). J&J consented to the disclosure of Exhibit 81 and made arguments citing that document to the Court, which Judge Waldor and Your Honor could review in considering the parties' Joint Letter of Docket Entry No. 165. ECF No. 165 at 22, 25. Whie J&J suggests that SaveOn's initial consent to its clawback notice somehow precludes SaveOn's arguments on this score, J&J Mot. at 2, it cites no authority for that proposition, and it does not otherwise bear its burden of explaining why the interests of justice support removing Exhibit 81 from the docket. *See Gloucester Twp.*, 38 F. Supp. 3d at 499 (D.N.J. 2014) (finding this factor supported waiver when party could not "demonstrate[] with sufficient specificity why 'justice requires' maintenance of the attorney-client privilege."); *see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 263 (D.Md.2008) (finding that defendant "point[ed] to no overriding interests of justice to excuse the consequences of producing privileged materials").

For these reasons, SaveOn asks that Your Honor deny J&J's request to remove Exhibit 81 from the docket and hold that J&J has waived any privilege in that document. In the alternative, SaveOn requests that Your Honor conduct an *in camera* review of Exhibit 81 to assess whether J&J properly claimed privilege over any portion of the document. This request is timely under Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62) because J&J did not identify the basis for its privilege claim until it filed its Motion.

SaveOn appreciates the Court's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*