# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

February 8, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

    Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
       **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Special Master Wolfson:

  On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we write in reply to the February 6, 2024 opposition of Save On SP LLC ("SaveOnSP") to JJHCS's January 29, 2024 letter requesting that Exhibit 81 to ECF No. 165 (the "Joint Letter") be withdrawn from the Court's docket. As explained in our January 29 letter (ECF No. 191), Exhibit 81 is subject to the attorney-client privilege and work product protection, and JJHCS has taken all reasonable precautions to preserve those privileges.

  Paragraph 14 of the Discovery Confidentiality Order (ECF No. 62) prescribes that "inadvertent or mistaken disclosure" of privileged material "shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity." While the Discovery Confidentiality Order permits a party to challenge a party's claim of privilege, any such objection must be made "within a reasonable time after receiving notice of the . . . disclosure." SaveOnSP

14909115

Sills Cummis & Gross

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 2

failed to make this timely challenge—in fact, it waited nearly *two months* to raise any arguments whatsoever as to waiver.

Moreover, SaveOnSP's actions over the past several weeks with respect to Exhibit 81 belie any possible good-faith challenge to JJHCS's claims of privilege and work product over the document. On December 6, 2023, JJHCS asked SaveOnSP to delete JJHCS_00008989 (the document submitted as Exhibit 81) pursuant to Paragraph 14 of the Discovery Confidentiality Order and Federal Rule of Civil Procedure 26(b)(5)(B). In response, SaveOnSP did not object to JJHCS's request or claim that JJHCS had waived privilege. Instead, SaveOnSP represented that it had destroyed all copies of the document in its possession.

SaveOnSP's representation to JJHCS was false, as we now know. It did not destroy all copies of the document. SaveOnSP went so far as to include a copy of Exhibit 81 in a submission to Your Honor on December 26, 2023, even *after* it had certified destruction of all copies of that document. And although it presumably reviewed the document in preparation for the December 26, 2023 submission to Your Honor, SaveOnSP did not raise any challenge at that time to JJHCS's request that SaveOnSP delete *all copies* of the document filed as Exhibit 81 in its possession. Nor did it raise any claim of purported waiver at that time.

Only more than seven weeks after JJHCS sent its "clawback" notice, on January 26, 2024, did SaveOnSP reverse its position by 180 degrees and assert that JJHCS had waived its claims of privilege and work product protection over the document. SaveOnSP sat on this knowledge *for almost two months*, waiting for an opportune moment to sandbag JJHCS with its unsupported claim of waiver. SaveOnSP's prolonged and inexplicable delay in raising its objection takes it well outside the

2

14909115

SILLS CUMMIS & GROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 3

"reasonable time" required by the Discovery Confidentiality Order and, therefore, forfeits that objection.

This should conclude the matter. However, even if Your Honor were to reach the question of whether the disclosure of Exhibit 81 amounts to a waiver of privilege or work product protection, it does not. JJHCS has taken all reasonable steps to preserve those privileges, including by timely requesting the Court's removal of Exhibit 81 immediately following notice of its inadvertent disclosure.[1] JJHCS detailed the extensive precautions it undertook in its January 29 letter.

SaveOnSP's assertions to the contrary lack merit. First, SaveOnSP asserts that JJHCS's citations to Exhibit 81 in the accompanying Joint Letter are somehow significant. They are not. Specifically, when JJHCS produced Exhibit 81 to SaveOnSP and subsequently agreed to filing of the Joint Letter, it had determined, based on careful review, that Exhibit 81 contained attorney-client privileged material and judiciously redacted portions of the document on that basis.[2] At the time of

---

[1] SaveOnSP suggests that JJHCS should have delayed its request to the Court to withdraw Exhibit 81 pending the conclusion of the meet and confer process. *See* SaveOnSP Feb. 6, 2024 Opposition at 2. There was nothing to discuss; SaveOnSP promised weeks earlier to comply with JJHCS's clawback request. In addition, SaveOnSP's position is inconsistent with its argument that JJHCS should have promptly requested that the Court remove Exhibit 81 from the docket, which is precisely what JJHCS has done here. JJHCS learned that Exhibit 81 remained on the Court's docket, under seal, on the afternoon of Friday, January 26, 2024; it submitted its request for withdrawal the next business day.

[2] For this reason, SaveOnSP's reliance on *LabMD, Inc. v. Tiversa Holding Corp.*, 2015 WL 1213043 (W.D. Pa. Mar. 17, 2015), is misplaced. In *LabMD*, the filing party failed to present evidence that a "responsible attorney" had reviewed the document prior to filing. *Id.* at *5. Here, by contrast, the record establishes that JJHCS reviewed Exhibit 81 closely prior to court submission and that, on the basis of knowledge available to it at the time, made careful determinations about how to redact it consistent with JJHCS's assertion of attorney-client privilege. SaveOnSP's citation to *Loc. 851 of Int'l. Bhd. of Teamsters v. Kuehne & Nagel Air Freight, Inc.*, 36 F. Supp. 2d 127, 133 (E.D.N.Y. 1998) is similarly inapposite. In that case, the court found waiver when the same attorney who had authored the document in dispute filed it as an exhibit on the court's docket without even assessing

3

SILLS CUMMIS & GROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 4

that review, however, nothing within the four corners of the document suggested the applicability of the work product protection. In October 2023, JJHCS, therefore, did not "affirmatively consent[]" to the disclosure of work product. *See* SaveOnSP Feb. 6, 2024 Opposition at 3. To the contrary, JJHCS only discovered, based on further factual investigation following submission of the Joint Letter, that unredacted portions of Exhibit 81 described work by non-lawyers undertaken at the direction of lawyers. Only then did JJHCS determine that, in addition to the attorney-client privilege, the document was also entitled to work product protection in its entirety. Then as soon as JJHCS learned that Exhibit 81 contained work product—again, weeks after the submission of the Joint Letter—it promptly asked SaveOnSP to destroy all copies of it. SaveOnSP complied without objection, and JJHCS took SaveOnSP at its word that it had destroyed all copies of the document. SaveOnSP's arguments that JJHCS "consented" to the disclosure of Exhibit 81 when it filed the Joint Letter are wrong.[3]

Second, SaveOnSP argues that the "extent of disclosure" on the Court's docket supports a finding of waiver. As SaveOnSP acknowledges, however, Exhibit 81—a single two-page document

---

the letterhead on the document or his own authorship thereof. *Id.* In contrast, JJHCS here undertook painstaking efforts to protect its privilege, despite the attendant challenges associated with producing thousands of documents, many of which implicate multiple in house and outside counsel.

[3] Likewise, JJHCS's expeditious efforts to enforce its rights in accordance with the Discovery Confidentiality Order—including by initiating a "clawback" and promptly notifying the Court of the inadvertent disclosure—distinguishes this case from those SaveOnSP cites in its Opposition. *See, e.g.*, *LifeBio, Inc. v. Eva Garland Consulting, LLC*, 2023 WL 3258586, at *5–6 (S.D. Ohio May 4, 2023) (finding privilege waiver when the disclosing party failed to timely exercise its rights under the parties' "clawback" agreement even after being notified of the inadvertent disclosure); *LabMD*, 2015 WL 1213043, at *7 (same where filing party attempted to rectify the error by making an *ex parte* call to the Clerk of Court, rather than following the Court's standing procedures regarding such inadvertent disclosures).

**SILLS CUMMIS & GROSS**

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 5

within a joint filing containing over 1,800 pages—has always remained under seal, with appropriate redactions for privilege based on the information available to JJHCS at the time of the Joint Submission.  As SaveOnSP's own cited case law recognizes, the "focus" of the waiver inquiry in the work product protection context is on "the efforts made to keep adversaries from obtaining [protected] material." *Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 132 (D.N.J. 2004).  Here, JJHCS's efforts to prevent SaveOnSP (and others) from obtaining protected material were significant, as evinced by JJHCS's negotiation of the Discovery Confidentiality Order; the careful privilege redactions it applied before producing the disputed document to SaveOnSP; its reassessment of potential work product protection even after producing the document; and its compliance with the applicable protective order.  Again, SaveOnSP apparently also agreed that such efforts were appropriate, consenting without objection to deletion of the document.

Finally, as we have already explained in the January 29 letter and herein, the interests of justice compel withdrawal of Exhibit 81.  SaveOnSP attempts to minimizes the significance of its promising JJHCS that it would comply with the clawback notice made under the Discovery Confidentiality Order and delete the document, never once telling JJHCS that it would refuse to do this based on a purported claim of waiver.  *See* SaveOnSP Feb. 6, 2024 Opposition at 5.  SaveOnSP broke its promise, and the very precedent SaveOnSP cites reinforces that the interests of justice favor enforcing parties' agreements related to inadvertent disclosure.  *See LifeBio*, 2023 WL 3258586, at *5 (explaining that "a clawback agreement is a contract" that "is binding on the parties throughout the course of the litigation" and has "consequences when a party fails to fulfill its obligations").  That is precisely the result JJHCS seeks here.

5

14909115

SILLS CUMMIS & GROSS

Honorable Freda L. Wolfson, U.S.D.J. (ret.)
February 8, 2024
Page 6

  For the foregoing reasons, we respectfully request that Your Honor order the removal of Exhibit 81 from the Court's docket. We appreciate your time and consideration.

              Respectfully submitted,

              *s/ Jeffrey J. Greenbaum*
               JEFFREY J. GREENBAUM

cc: All counsel of record

14909115