# Sills Cummis & Gross
### A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
**Member**
**Direct Dial: (973) 643-5430**
**E-mail: jgreenbaum@sillscummis.com**

**101 Park Avenue**
**New York, NY 10112**
**Tel: 212-643-7000**
**Fax: 212-643-6500**

February 16, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

     Re:  *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
        Civil Action No. 22-2632 (JKS) (CLW)

Dear Special Master Wolfson:

On behalf of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), we write in response to Your Honor's February 14, 2024 Order requesting JJHCS's basis for its assertion of privilege over the document known as "Exhibit 81."

Exhibit 81 is an email chain that begins ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Upon reviewing the document, JJHCS concluded that these two initial emails were made for the express purpose of obtaining legal advice, and redacted them. There is no dispute that these portions of the email chain were properly redacted for privilege.[1]

---

[1] SaveOnSP cannot now challenge JJHCS's assertion of privilege over Exhibit 81 based on the contents of the document. The Discovery Confidentiality Order in this matter expressly prohibits the parties from citing the "content of" a privileged document mistakenly disclosed "as a grounds or basis

Honorable Freda L. Wolfson, U.S.D.J.
February 16, 2024
Page 2

After producing Exhibit 81, JJHCS continued to investigate the matters discussed in the email chain. It determined that the later emails in the email thread discussed work that JJHCS attorneys expressly directed non-attorney JJHCS personnel to do in anticipation of litigation. JJHCS does not discuss the specific content here to preserve its claims of privilege and work product. But JJHCS can state generally that the remaining portions of the email chain discuss litigation- and damages-related analysis that non-attorneys conducted at the request of counsel to support the drafting of JJHCS's Complaint in this matter. In light of this context, JJHCS concluded that the document was *also* subject to work product protection (in addition to the attorney-client privilege), and initiated a "clawback" of the entire document pursuant to the Discovery Confidentiality Order. Therefore, Exhibit 81 is properly withheld in its entirety under the work product protection.

We appreciate Your Honor's time and consideration and welcome the opportunity to provide any further clarification.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: All counsel of record

---

for" a challenge to a claim of privilege. (Dkt. No. 62 ¶ 14). And even if it were otherwise, SaveOnSP has never asserted any substantive objection to JJHCS's privilege assertion. Rather, SaveOnSP's position is that JJHCS waived privilege because Exhibit 81 remained (sealed) on the docket after JJHCS clawed it back. *See* SaveOnSP Feb. 6, 2024 Letter at 2 (claiming that "J&J has waived any claim of privilege over Exhibit 81 by filing it and failing to seek to remove it" from the docket).