# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 20, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
            No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

      Defendant Save On SP, LLC ("**SaveOn**") responds to Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**J&J**") February 16, 2024 letter ("**J&J Letter**") regarding its attempt to remove Exhibit 81 (JJHCS_00008989) from the Court's docket.

      *First*, while J&J asserts that "there is no dispute that [the redacted] portions of the email chain were properly redacted for privilege [in the first instance]," J&J Ltr. at 1, SaveOn explicitly disputes that J&J properly asserted privilege over any portion of Exhibit 81, SaveOn Letter to Hon. Wolfson (Feb. 6, 2024) ("**SaveOn Letter**") at 5 (requesting "in camera review of Exhibit 81 to assess whether J&J properly claimed privilege over any portion of the document").

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | **rc.com**

Robinson & Cole LLP

*Second*, while J&J says that SaveOn "has never asserted any substantive objection to JJHCS's privilege assertion," J&J Ltr. at 1 n.1, SaveOn had nothing to object to, because J&J did not present a substantive basis for its privilege claim until it filed the J&J Letter on February 16, 2024. Even in this letter, J&J fails to present all the basic information necessary for SaveOn to assess the privilege claim, including the names of all senders and recipients of the emails, the emails' subject lines, or the dates sent. *Cf.* Fed. R. Civ. P. 26(b)(5)(A)(ii); *D&D Associates, Inc. v. Board of Educ. Of North Plainfield*, No. CIV.A. 03-1026 MLC, 2011 WL 1871110, at *7 (D.N.J. May 13, 2011) (noting that a description of privilege "must contain sufficiently detailed information to allow the court to determine whether the elements of the attorney-client privilege … have been established including dates, authors, and recipients") (quotation omitted).

*Third*, J&J does not meet its burden of establishing attorney-client privilege over the "two initial emails" in the chain. *See In re Teleglobe Communications Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) ("[Attorney-client privilege] applies to any communication that satisfies the following elements: it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose or obtaining or providing legal assistance for the client"). J&J does not identify who made a request for legal advice, who provided it, or on what subject.

*Fourth*, J&J also does not meet its burden of establishing attorney work-product privilege over "later emails" in the chain. Fed. R. Civ. P. 26(b)(3)(A); *In re Riddell Concussion Reduction Litigation*, 2016 WL 7108455, at *7 (D.N.J. Dec. 5, 2016) ("[A] party must show that there existed an identifiable specific claim of impending litigation when the materials were prepared"). J&J does not state when it anticipated this litigation, does not confirm that the emails at issue occurred after this date, and does not identify which attorney directed which employees to do work related to the litigation.

*Finally*, J&J confirms that it waived any work product privilege that it might have had in Exhibit 81. J&J reviewed the document before producing it. It then re-reviewed the document and attached it as an exhibit to the October 25, 2023 Joint Letter, and discussed its contents in that letter. Dkt. 165 at 22, 25. Months later, it investigated the document and only then determined for the first time that a portion of it was purportedly protected by the attorney work product privilege. This does not constitute reasonable steps to prevent waiver. *See LabMD, Inc. v. Tiversa Holding Corp.*, No 15-CV-0092, 2015 WL 1213034, at *5 (W.D. Pa. Mar. 17, 2015) (finding waiver where the party failed to provide evidence that the document was reviewed by an attorney prior to submission to the court).

SaveOn appreciates Your Honor's continued attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Case 2:22-cv-02632-JKS-CLW   Document 317-3   Filed 06/18/24   Page 4 of 4 PageID: 24891
Case 3:22-cv-03031-ZNQ-LHG   Document 117-367   Filed 08/24/23   Page 34 of 34 PageID: 33300

Hon. Freda L. Wolfson                                                                                      Page 4

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*
