# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
**Member**
**Direct Dial: (973) 643-5430**
**E-mail: jgreenbaum@sillscummis.com**

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

February 22, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
Civil Action No. 22-2632 (JKS) (CLW)

Dear Special Master Wolfson:

On behalf of JJHCS, we request leave to file this surreply in further support of JJHCS's motion to withdraw "Exhibit 81" from the Court's docket. This surreply is limited to correcting two misstatements in SaveOnSP's February 20, 2024 letter. Separately, as Your Honor requested, we will also submit *ex parte* an unredacted copy of Exhibit 81 (JJHCS_00008989), along with a copy of the exhibit in the form it was submitted in connection with ECF No. 165 (the "Joint Letter").

First, SaveOnSP claims that it could not have objected to JJHCS's privilege assertion because it lacked the "basic information necessary" to do so, such as the names of all senders and recipients, subject lines, and the dates sent. *See* SaveOnSP Feb. 20, 2024 Ltr. at 2. Not so: both before and after JJHCS fully clawed back Exhibit 81, SaveOnSP had this information. Before the clawback, SaveOnSP had Exhibit 81 in redacted form for eight months. That version of Exhibit 81, which JJHCS is providing to Your Honor today, contained privilege redactions but still disclosed the subject

Honorable Freda L. Wolfson, U.S.D.J.
February 22, 2024
Page 2

line (as available), the senders and recipients in the threads marked for privilege redaction, and the dates of transmittal. Such information was more than sufficient for SaveOnSP to assess JJHCS's privilege claim: ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████ SaveOnSP nevertheless failed to object to JJHCS's privilege assertion. And after JJHCS concluded that the rest of Exhibit 81 was subject to work product protection and fully clawed back the entire document, JJHCS produced a privilege log containing an entry for that document on February 13, 2024. SaveOnSP apparently failed to review that entry, which provided further explanation for JJHCS's assertions of attorney client privilege and work product protection, before submitting its February 20, 2024 letter. *See* Ex. 1, at 2 (excerpt from February 13, 2024 JJHCS privilege log).

Second, SaveOnSP claims that JJHCS "attached [Exhibit 81] as an exhibit to the October 25, 2023 Joint Letter." *Id.* at 3. This is false. It was SaveOnSP, not JJHCS, that put Exhibit 81 at issue and attached it to the Joint Letter. *Compare* ECF No. 165 at 15 (JJHCS exhibits containing "JJHCS Ex." numbering); *with id.* at 8 (Exhibit 81 without "JJHCS Ex." numbering).

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

 /s/ Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM

cc: All counsel of record

Case 2:22-cv-02632-CCC-CLW     Document 317-6   Filed 06/18/24   Page 27 of 38 PageID: 33303

# Ex. 1