

www.pbwt.com

March 29, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re: **SaveOnSP's Clawback of Exhibit 22 to its March 20, 2024 Opposition Brief**
> *Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we write to provide supplemental information relevant to JJHCS's motion asking that Exhibit 81 to D.E. 165 ("Exhibit 81"), over which JJHCS asserts privilege and work product protection, be withdrawn from the Court's docket. *See* D.E. 191; *see also* JJHCS's Feb. 8, 2024 Ltr. to J. Wolfson. SaveOnSP opposed the withdrawal of Exhibit 81 and claimed that JJHCS waived all privileges over that document because SaveOnSP filed it as an exhibit to a motion filed in Court. As explained below, SaveOnSP has now done the very same thing and yet it continues to assert that its document is shielded from disclosure. In light of the position taken by SaveOnSP, it cannot now present a waiver argument against JJHCS.

Like Your Honor, we received notice on the evening of March 27, 2024 that SaveOnSP had inadvertently disclosed the wrong document as Exhibit 22 to its March 20, 2024 opposition to JJHCS's motion to compel supplemental interrogatory responses ("Exhibit 22"). *See* Ex. 1. SaveOnSP asserted in this notice that the original Exhibit 22 contained purported work

Hon. Freda L. Wolfson
March 29, 2024
Page 2

product. Following receipt of that message, JJHCS promptly informed SaveOnSP that it would "comply with SaveOnSP's clawback request, consistent with its obligations under the Discovery Confidentiality Order, D.E. No. 62." *Id.* We also requested that SaveOnSP explain why the same arguments it offered with respect to Exhibit 81 would not also apply to its clawback request related to its own Exhibit 22. SaveOnSP asserted without explanation or analysis that "the situations are [not] comparable," and refused to explain or justify its position. *Id.*

It is unsurprising that SaveOnSP cannot harmonize its position on Exhibit 81 and Exhibit 22—there is no basis to do so. In prior motion practice, SaveOnSP argued that JJHCS had waived work product protection over Exhibit 81 by virtue of its inclusion as an exhibit to a court filing. *See, e.g.*, SaveOnSP's Feb. 6, 2024 Ltr. to Judge Wolfson at 3 (arguing that a party "did not take reasonable precautions to prevent inadvertent disclosure[] of" an exhibit that it discussed in a court submission); *id.* at 4 (arguing for waiver because the exhibit was disclosed to the opposing party); *id.* at 5 ("Parties must recognize that there are potentially harmful consequences if they do not take minimal precautions to prevent against the disclosure of privileged documents"); SaveOnSP's Feb. 20, 2024 Ltr. to J. Wolfson at 3 (arguing that "attach[ing]" a document as an "exhibit . . . and discuss[ing] its contents" waives any claim of work product protection).

Yet, in a nearly identical situation involving its own purported work product, SaveOnSP disclaimed any waiver of Exhibit 22 and insisted it could withhold the document. In both instances, the party seeking to withdraw the exhibit did so within one business day of realizing that work product material had been accidentally disclosed to the Court. If anything, SaveOnSP's waiver as to Exhibit 22 is even clearer, since that was SaveOnSP's own exhibit, which SaveOnSP

studied, cited, prepared, and submitted itself. The same is not true as to JJHCS and Exhibit 81, since Exhibit 81 was a SaveOnSP exhibit. *See* Feb. 22 Ltr. to J. Wolfson at 2. Despite the striking similarities in the two situations, SaveOnSP steadfastly refuses to withdraw its arguments as to Exhibit 81. *See* Ex. 1.

SaveOnSP cannot have it both ways: either both Exhibit 81 and Exhibit 22 can be properly withheld on the basis of all applicable privileges, or neither can. SaveOnSP's position on Exhibit 22 favors JJHCS's position that Exhibit 81 is properly withheld. We respectfully request that Your Honor reach the same conclusion and order that Exhibit 81 be removed from the docket where it is currently under permanent seal.[1]

We appreciate Your Honor's attention to this matter, and we are available to answer any questions.

Respectfully submitted,

*/s/ Harry Sandick*
Harry Sandick

cc: Counsel for SaveOnSP

Enclosures

---

[1] In the event Your Honor accepts SaveOnSP's position that JJHCS waived all protections over Exhibit 81, then the same conclusion applies perforce to SaveOnSP's assertion of work product protection with respect to Exhibit 22.

14987139

# EXHIBIT 1

| | |
|---|---|
| **From:** | Arrow, Sara (x2031) |
| **Sent:** | Friday, March 29, 2024 9:46 AM |
| **To:** | Matthew Nussbaum; Philippe Selendy; Andrew Dunlap; Meredith Nelson; Elizabeth Snow; Wohlforth, E. Evans; Galli, Sabrina M.; Hannah Miles |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); Long, Julia (x2878); _cg J&J-SaveOn; ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition |

Matt,

We already told you that "JJHCS will take all reasonable steps to comply with SaveOnSP's clawback request, consistent with its obligations under the Discovery Confidentiality Order[.]" We are asking you to justify your position that "the situations are [not] comparable." From your email, we can only conclude that you have no legitimate basis for drawing a distinction between the two situations. We reserve all rights.

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Friday, March 29, 2024 9:16 AM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

**Caution: External Email!**

Sara,

Whether the parties believe the situations are comparable or not has no bearing on J&J's obligations under the protective order. Please confirm you have deleted all copies of Exhibit 22.

Thank you,

1

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his

───────────────────────

+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Thursday, March 28, 2024 10:34 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

Matt,

Thanks for your email.  Why do you think the situations are not comparable?

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com l www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Thursday, March 28, 2024 8:43 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

*Caution: External Email!*

Sara,

2

Thank you for your email.

We disagree that the situations are comparable and decline to withdraw our arguments.

Please confirm that you have deleted all copies of Exhibit 22, as required by the Discovery Confidentiality Order.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
_____
+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Thursday, March 28, 2024 4:41 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

Matt,

Thank you for clarifying that the original Exhibit 22 was not produced by TrialCard. JJHCS will take all reasonable steps to comply with SaveOnSP's clawback request, consistent with its obligations under the Discovery Confidentiality Order, D.E. No. 62.

As I'm sure you realize, SaveOnSP's position on Exhibit 22 cannot be squared with the positions it took on Exhibit 81 to D.E. 165.  *See, e.g.*, SaveOnSP's Feb. 6, 2024 Ltr. to Judge Wolfson at 3 (arguing that a party "did not take reasonable precautions to prevent inadvertent disclosure[] of" an exhibit that it discussed in a submission to Judge Wolfson); *id.* at 4 (arguing for waiver because the exhibit was disclosed to the opposing party); *id.* at 5 ("Parties must recognize that there are potentially harmful consequences if they do not take minimal precautions to prevent against the disclosure of privileged documents"); SaveOnSP's Feb. 20, 2024 Ltr. to J. Wolfson at 3 (arguing that "attach[ing] a document as an "exhibit . . . and discuss[ing] its contents" waives any claim of work product protection).  In both instances, the party seeking to withdraw the exhibit did so within one business day of realizing that work product material had been accidentally disclosed to the Court.  If anything, SaveOnSP's waiver as to Exhibit 22 is even clearer, since that was SaveOnSP's own exhibit, which SaveOnSP studied, cited, prepared, and submitted itself.  The same is not true as to JJHCS and Exhibit 81, since Exhibit 81 was a SaveOnSP exhibit.

We therefore expect that SaveOnSP will withdraw all of its arguments that JJHCS waived its protections over Exhibit 81, which if accepted by Judge Wolfson will apply to Exhibit 22 as a matter of course.  Please confirm by noon tomorrow that you will do so, and the parties can then submit a short, joint note to Judge Wolfson tomorrow afternoon advising her that we have resolved our differences as to Exhibit 81, such that Exhibit 81 can be removed from the docket where it is currently under permanent seal.

If SaveOnSP will not withdraw its arguments as to Exhibit 81, then by noon tomorrow please re-produce the original Exhibit 22 without redactions. *See* SaveOnSP Feb. 6, 2024 Ltr. to J. Wolfson at 1 (asserting that JJHCS must re-produce Exhibit 81).

Regards,
Sara

**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com l www.pbwt.com

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Wednesday, March 27, 2024 8:47 PM
**To:** Arrow, Sara (x2031) <sarrow@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

*Caution: External Email!*

Counsel,

We inadvertently submitted the wrong document as Exhibit 22. Attached here, please find Exhibit 22 – Replacement. This spreadsheet was produced by TrialCard on June 9, 2023. *See* Ex. 1 to June 9, 2023 Ltr. from H. Sandick to M. Nelson.

The document that SaveOn inadvertently produced contains material protected by the work-product immunity. Please destroy all copies of it in your possession and confirm the destruction of those copies by Friday, March 29. *See* Dkt. 62, ¶14.

SaveOn will inform the Court of its error and provide the correct replacement for Exhibit 22.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his

---
+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Arrow, Sara (x2031) <sarrow@pbwt.com>
**Sent:** Wednesday, March 27, 2024 7:25 PM
**To:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>; Hannah Miles <hmiles@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // SaveOnSP Ex. 22 to 3/20/2024 Opposition

Counsel:

In your March 20, 2024 Opposition to JJHCS's Motion to Compel Supplemental Interrogatory Responses, you characterize SaveOnSP's Exhibit 22 as a "spreadsheet produced by TrialCard . . . ." *See* Opp. at 17. We have been unable to locate in TrialCard's productions a copy of Exhibit 22. By noon on Friday, March 29, please point us to where Exhibit 22 appears in TrialCard's productions.

Regards,
Sara


**Sara A. Arrow**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2031
sarrow@pbwt.com | www.pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Case 2:22-cv-02632-CCC-CLW    Document 567-d706   Filed 09/08/24   Page 10 of 38 PageID: 24905
PageID: 33314