# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

March 12, 2024

**<u>VIA E-Mail</u>**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

    Defendant Save On SP LLC ("**<u>SaveOn</u>**") seeks relief on two subjects of Your Honor's February 6, 2024 Order, Dkt. 192 (the "**<u>Order</u>**"): (1) Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "**<u>J&J</u>**")'s failure to take all ordered steps to identify and produce documents regarding the drafting of its terms and conditions; and (2) J&J's refusal to add various search terms for custodians whom it was compelled to add by Judge Waldor and Your Honor. The parties continue to discuss other aspects of the Order but are at impasse here.

## I.     Drafting of CarePath's Terms and Conditions

    In the Order, Your Honor held that documents related to J&J's drafting of the terms and conditions for its CarePath program ("**<u>T&Cs</u>**") are relevant to J&J's claim that SaveOn tortiously

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

interfered with those T&Cs. Dkt. 192 at 10, 11. Your Honor ordered J&J to take several steps to

locate and produce documents relevant to the T&Cs. J&J failed to take them.

*First*, Your Honor ordered J&J to determine if it has any documents relating to the drafting

of the T&Cs from before 2013 and, if it did not preserve some or all such documents, "[J&J] must

identify and produce its retention policy to [SaveOn.]" Dkt. 192 at 10. In a February 2, 2024 letter

to Your Honor, J&J stated that it (1) identified two non-attorney employees involved in CarePath's

predecessor programs whose emails from as early as 2010 had been retained; (2) had not located

email communications created before 2010; and (3) "continues to assess the availability of docu-

ments and communications from non-email sources from 2009 to 2013" but had not yet located

any. Feb. 2, 2024 Ltr. from H. Sandick to J. Wolfson. Despite telling Your Honor that it could not

locate at least some pre-2013 documents, despite previously telling the Court that "[J&J] is not

even able to make a production of documents from a time period earlier than 2013 due to applicable

preservation and/or retention capabilities," Dkt. 146 at 22, and despite requests from SaveOn, Ex.

1 (Feb. 21, 2024 Ltr.), J&J has not produced its document retention policies for the pre-2013 time

period. J&J says that it will not do so unless "SaveOnSP agrees to do the same." Ex. 2 at 2 (Mar.

4, 2024 Ltr.). This is inappropriate—the Order was directed to J&J, not SaveOn—and makes no

sense—SaveOn has no retention policy from before 2013 as it was not founded until 2016.

Your Honor should compel J&J to produce all document retention policies that applied to

CarePath or its predecessor programs before 2013 within a week.

*Second*, Your Honor ordered that "[J&J] shall, by no later than February 2, 2024, notify

[SaveOn] of the volume of documents in question"—those relating to the drafting of T&Cs of

CarePath and its predecessor programs before 2016. Dkt. 192 at 11. J&J said nothing about the

volume of these documents in its February 2 letter or since, despite SaveOn's repeated requests.

*See* Ex. 3 (Feb. 5, 2024 Ltr.); Ex. 1.

Your Honor should compel J&J to identify the volume of documents relating to the drafting of T&Cs of CarePath and its predecessor programs before 2016 within a week.

*Third*, Your Honor ordered that "the parties must meet and confer as to whether a limitation of those documents is appropriate." Dkt. 192 at 12. In the parties' discussions, J&J has not identified all potential custodians and non-custodial sources for these documents: It identified the "two non-attorney employees" of the predecessor programs, Feb. 2, 2024 Ltr. from H. Sandick to J. Wolfson at 1, but then indicated that additional individuals may also have been involved, Ex. 1. It refused to identify them, Ex. 2 at 2 (Mar. 4, 2024 Ltr.), and did not explain why the two identified individuals should be its only custodians, Ex. 2 at 2. J&J also refuses to run the search terms that SaveOn proposed for the two non-attorneys—or even to provide hit counts of the documents identified by those terms, Ex. 1 at 2 (Feb. 21, 2024 Ltr.); Ex. 2 at 1-2 (Mar. 4, 2024 Ltr.)—and J&J proposed no search terms of its own.

Your Honor should compel J&J to (1) within a week, identify all custodians and non-custodial sources likely to have documents related to the T&Cs of the CarePath program and its predecessors prior to 2016; (2) run the search term on Exhibit 4 over those sources; and (3) produce all non-privileged documents relating to the T&Cs.

## II.     Search Terms for Court-Ordered Custodians

Your Honor ordered J&J to add as custodians Savaria Harris, Jennifer De Camara, Dkt. 192 at 13-14, Scott White, Blasine Penkowski, Karen Lade, *id.* at 26-29, and ordered SaveOn to proposed targeted search terms for them and also for Quinton Kinne, William Shontz, Daphne Longbothum, Alison Barklage, John Hoffman, L.D. Platt (together, the "CAP Custodians"), *id.* at 24 n. 10; 26-29. While J&J has agreed to run various terms over these custodians' files, Ex. 5, it refuses to run additional terms that SaveOn proposes.

J&J refused to provide hit counts of how many documents these additional terms identify; it thus cannot sustain any objection based on burden. *See City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 5055241, at *4 (D.N.J. Aug. 21, 2015) (compelling defendant to run plaintiffs' additional search terms targeted to identify relevant documents where defendants failed to provide hit counts showing that the terms would produce an unduly large number of irrelevant documents). The only remaining question is whether the terms are designed to identify potentially relevant documents, and they are.

**A.      CAP Custodians: Terms Regarding NEHBs**

Your Honor directed J&J "to use CAP-related search terms" in search the files of the CAP Custodians. Dkt. 192 at 26. As Your Honor recognized, the essence of J&J's CAP Program is to (1) identify patients in maximizers, accumulators, or SaveOn; and (2) "take action accordingly to reduce its losses." Dkt. 192 at 25 (quoting email from Judge Waldor).

Discovery shows ██████████████████████████████████████ ██████████ *See, e.g.*, Ex. 6 (JJHCS_00000912) ████████████████████████████; Ex. 7 (JJHCS_00001200) ████████████████████████████████; ██████████; Ex. 8 (JJHCS_00198018) ████████████████████████████; ████████████████████████████████████. The term "NEHB" refers to "non-essential health benefits," which are distinguished from "essential health benefits" (or "EHBs") as defined in the Affordable Care Act. J&J alleges that plans advised by SaveOn designated the specialty drugs at issue as NEHBs as part of designing the plan benefits at issue in this case. Compl. ¶¶ 9, 10, 53, 55, 59.

████████████████████████████████████████████████
████████████████████████████████████████████████



Ex. 7 (JJHCS_0001200); *see also* Ex. 9 (JJHCS_00001193) ██████████████

██████████████████████████; Ex. 10 (JJHCS_00001209) ██████████████

██████████████████████████████████████████████████████

██████████████; Ex. 11 (JJHCS_00197567); Ex. 12 (TRIAL-

CARD_00002725) ██████████████████████████████████

    SaveOn proposed that J&J run the following search terms over the CAP Custodian's files,

to identify their discussions of so-called NEHB programs (including SaveOn):

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

J&J refused, saying that the terms are not "CAP-related" because they simply describe SaveOn's

business model. Ex. 13 (Mar. 1, 2024 Ltr.). As Your Honor recognized, however, ██████████

███████████████████████████████ *see* Jan. 24, 2024 Hr'g Tr.

at 107:12-109:3; 110:20-111:5, ██████████████████████████████████,

Dkt. 192 at 29 ██████████████████████████████████

████████████████████████████████ ████████████████

████████████████████████████▌████████████████

██████████████; they are thus fully "CAP-related" under the Order.

    Your Honor should compel J&J to run these terms over the CAP Custodians' files.

---

[1] Your Honor also recognized that terms describing SaveOn were relevant to the CAP Custodians. Jan. 24, 2024 Hr'g Tr. at 110:20-23.

### B.    Scott White & Blasine Penkowski: Term Regarding TrialCard Statements of Work

Your Honor held that Scott White and Blasine Penkowski are likely to have relevant documents, Dkt. 192 at 28-29, and directed the parties to meet and confer regarding search terms, *id.* at 30. While J&J has agreed to run some terms for White and Penkowski, Ex. 5, it refuses to run a search term related to work orders entered between J&J and its vendor TrialCard.

TrialCard administers CarePath for J&J. *See e.g.,* June 27, 2023 Hr'g Tr. at 90:2-6.



SaveOn proposed that J&J run the following search term, which is designed to capture documents relating to J&J's work orders to TrialCard relating to the 14 specific drugs at issue:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

J&J refused to do so. It asserted that the terms were not sufficiently limited, Ex. 13 (Mar. 1, 2024 Ltr.), but the terms search only for TrialCard work orders that related to both CarePath **and** one of the specific drugs at issue. J&J also asserted that information about TrialCard's disbursement of funds could be gleaned from non-custodial productions, *id.*, but TrialCard's relevance includes actions beyond disbursements (e.g., identifying patients on SaveOn-advised plans) and SaveOn needs to see not only final work orders but also related communications.

Your Honor should compel J&J to run this term over White's and Penkowski's files.

### C. Blaine Penkowski: Term Regarding the Group Penkowski Convened to Respond to Accumulators and SaveOn

Your Honor held that Penkowski's documents were relevant in part because



Dkt. 192 at 29; *see also* Jan. 24, 2024 Hr'g Tr. at 129:6-10

In a June 28, 2018 email, Penkowski indicated that

Ex. 17 (JJHCS_00140929).

██████████████ [2] Your Honor characterized this email—attached to SaveOn's December 28, 2023 motion as Exhibit 6—as "Very relevant." Jan. 24, 2024 Hr'g Tr. at 129:6-10.

To identify documents regarding that ███████████, SaveOn proposed that J&J run the following search term over Penkowski's documents:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

J&J refused to do so. It asserted, first, that this is an "ancillary financial request," Exhibit 5, but the request is actually targeted directly at documents of the working group on the specific topic of accumulators and maximizers. J&J also asserted that the term would identify irrelevant documents because the phrase "strategic customer group" appears in Penkowski's and others' signature blocks, *id.*, but the term is limited to documents discussing accumulators and maximizers—which are highly likely to be relevant—and J&J has not identified how many total documents the term would identify for review.

Your Honor should compel J&J to run this term over Penkowski's files.

### D.     Savaria Harris & Jennifer De Camara

Your Honor ordered J&J to add Harris and De Camara as custodians, as they were involved in drafting new T&Cs for the drugs Stelara and Tremfya that took effect in January 2022. Dkt. 192 at 13-14. Your Honor ordered the parties to meet and confer regarding search terms, *id.* at 14, the "starting point" for which was their communications with third parties, *id.* at 14 n.8. While J&J has agreed to run some terms for these custodians, Ex. 5, it refuses to run others.

*First*, SaveOn proposed that J&J run the following terms over the custodians' third-party

---

[2] Judge Waldor and Your Honor have both found J&J's response to accumulators, maximizers, and SaveOn relevant. *See* Dkt 192 at 26.

communications, targeted at discussions involving SaveOn:

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

J&J refused. It asserted that the terms are not "connect[ed]" to drafting of new T&Cs for Stelara & Tremfya, Ex. 13 at 5 (Mar. 1, 2024 Ltr.), but they are very connected, ██████████████████ ████████████████ *See, e.g.*, Ex. 18 (JJHCS_00033693) ██████████████ ████████████████████████████████ ; Ex. 19 (JJHCS_00034439) ████████ ████████████████████████ ; Ex. 20 (JJHCS_00002581) ████████████████████████ ████████████████████████ ; Ex. 21 (TRIALCARD_00000014) ██████ . In any event, Your Honor ordered J&J to produce documents not only regarding its drafting of the new T&Cs but also "its business decision to implement the new T&Cs" despite knowing of SaveOn since 2017, Dkt. 192 at 14, and the proposed terms are highly likely to identify documents regarding J&J's decision to implement the new T&Cs in response to SaveOn.

*Second*, SaveOn proposed that J&J run the following terms over Harris's and De Camara's third-party communications, targeted at the CarePath term that it "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer":

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

J&J refused. It asserted that the custodians are relevant only because they worked on new T&Cs

Hon. Freda L. Wolfson                                                                 Page 10

for Stelara and Tremfya, Ex. 13 at 4 (Mar. 1, 2024 Ltr.), but a key issue is why J&J opted to create new T&Cs for those two drugs when the existing T&Cs already included the "other offer" provision that J&J says bars patients on SaveOn-advised plans from being eligible for CarePath. SaveOn is entitled to non-privileged discussions on that point, which likely included discussion of the "other offer" provision. J&J also asserts that documents about changes to the Stelara and Tremfya T&Cs will "necessarily" include the term "Stelara" or "Tremfya," *Id.* at 4, but that is not so—a custodian could well have referred to the "other offer" provision in a communication that the participants knew was about those drugs but did not mention them by name.

Your Honor should compel J&J to run these terms over Harris's and De Camara's files.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 21, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to your February 8, 2024 letter and to follow up about the February 12, 2024 meet-and-confer regarding J&J's search for and production of documents regarding the drafting, meaning and enforcement of CarePath's General T&Cs.[1]

## I.    Drafting of the General T&Cs

During the meet-and-confer, J&J identified the two attorneys that it told the Court might have relevant documents regarding the drafting of the General T&Cs: Kimberly Wortman and Kathy Chapman. You also indicated that there might be an attorney who participated in the drafting of the General T&Cs. Please identify that attorney and run the below search term over their custodial files:

- (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condi-

---

[1] We use the term "General T&Cs" as it was used in Dkt. 146: T&Cs that applied to all 18 Janssen Drugs at issue through December 2021 and still apply to 16 of those drugs (all except Stelara and Tremfya).

tion) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*")

You also stated that there were likely to be more than those three people who participated in the drafting. Please identify all individuals involved in the drafting of the "other offer" provision of the General T&Cs and state whether J&J has preserved each of their custodial files (and, if not, please explain the time and circumstances of the files' destruction). For all such individuals for whom J&J has preserved custodial files, please run the above search term over those files.

If J&J refuses to use the proposed search terms on the basis of burden, please provide hit counts for the full term and broken down by individual search strings for each custodian and proposed custodian.

It also caused us some concern that you appeared confused as to the meaning of "noncustodial files," as J&J has agreed to search noncustodial files in response to numerous of SaveOn's RFPs. For the avoidance of doubt, and as is standard in large commercial litigations, the term "noncustodial files" refers to sources not within the possession of a single custodian, such as network drives, SharePoint, and databases. Please state if J&J is searching and producing documents from noncustodial files regarding the drafting of the General T&Cs.

Finally, as you have already stated to the Court that at least some files regarding the drafting of the General T&Cs have not been preserved, Dkt. 146 at 22 & Ex. 5 at 1-2, in accordance with the Court's order, Dkt. 192 at 11, please produce the relevant document retention policies.

## II.  Meaning of the General T&Cs

In your letter, you assert that SaveOn's request for "documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn" is already encompassed by SaveOn's Request No. 8, which called for "[a]ll documents or communications with or involving SaveOn." Feb. 8 Ltr. from J. Long to E. Snow. Not so. Documents concerning J&J's understanding of the meaning of the General T&Cs may **include** documents relating to SaveOn but are not **limited** to such documents. Please confirm that J&J will search for and produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including but not limited to how and when that understanding came to encompass SaveOn.

## III.  Enforcement of the General T&Cs

Judge Wolfson found "that documents related to the enforcement of T&Cs of CarePath, including 'other offer' are relevant." Dkt. 192 at 12. She also found that J&J must "search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the

provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'" *Id.* at 13.

J&J says it will produce documents reflecting its enforcement instructions and policies but does not state the time period for which it will do so. Please confirm that J&J will produce such documents for the full discovery period of April 1, 2016 through November 7, 2023.

J&J also says that it will not produce "documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn." Feb. 8 Ltr. at 3. J&J claims such a production "runs contrary to Judge Wolfson's ruling that these documents concerning individual enforcement would be too burdensome to produce." *Id.* Not so. Judge Wolfson wrote only that "it would be burdensome to search and produce records of *each individual patient's call history*," Dkt. 192 at 13 (emphasis added), in the context of searching for documents related to the enforcement of all eligibility provisions in the General T&Cs. SaveOn does not seek those records. SaveOn seeks specific records related to the enforcement of the "other offer" provision, the relevance of which J&J itself has repeatedly conceded, most recently at the January 24, 2024 conference.[2]  Please confirm that J&J will produce these documents.

During the meet-and-confer, J&J stated that it refused to run search terms including "PrudentRx" or "OptumRx." As SaveOn explained, newly produced documents reveal that J&J—through its vendor TrialCard—conducted Benefits Investigations to enforce its terms and conditions against PrudentRx and OptumRx. If J&J decided that patients on SaveOn-advised plans violated the "other offer" provision, but decided that patients on PrudentRx or OptumRx-advised plans did not, that would be highly relevant to J&J's understanding of the General T&Cs.[3]  Such

---

[2] *See, e.g.*, Jan. 24, 2024 Tr. at 28:22-29:2 (counsel for J&J arguing that certain documents were not relevant because "they don't touch on the application of the 'other offer' term, they don't touch on how that's applied in the context of a so-called maximizer or accumulator program like SaveOn."); *id.* at 35:18-20 ("JUDGE WOLFSON: They've already conceded, however, that SaveOn doesn't fall within any of those terms, they only fall within the 'other offer.'")*; see also* Dkt. 79 at 24 (agreeing to produce documents "bearing on the meaning of the 'other offer' provision at issue in this case").

[3] You suggest that J&J's refusal to search for documents regarding its enforcement of the "other offer" provision against PrudentRx and OptumRx is similar to SaveOn's refusal to search for documents regarding services exclusively as to drug manufacturers other than J&J. This is not so. Judge Waldor rejected J&J's requests regarding other manufacturers because SaveOn's conduct as to those

documents would also fall squarely within J&J's enforcement instructions and policies, which Judge Wolfson ordered J&J to produce. Dkt. 192 at 12.

Please confirm that J&J will run the following search terms, which SaveOn has narrowed, over the relevant custodians[4] for April 1, 2016 through November 7, 2023:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (maximiz* OR accumulat*)

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc*" OR "*eligib*" OR "ineligib*")

- "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx")

If J&J objects on the basis of burden, please provide hit counts, both by individual search term and in the aggregate, for each custodian.

## IV. Stelara and Tremfya Terms and Conditions

Judge Wolfson ordered J&J to provide discovery regarding "why Plaintiff decided to amend the terms in 2022, when it knew of the SaveOnSp Program since 2017." Dkt. 192 at 14. In order to capture such documents, SaveOn proposes the following search term to be run over custodians Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy from January 1, 2021 to November 7, 2023:

---

other manufacturers is not at issue. Dkt. 89 at 16:25. J&J's enforcement (or non-enforcement) of the "other offer" provision is at issue, in contrast, because it goes to J&J's understanding of that provision.

[4] SaveOn considers the relevant custodians to include Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh. SaveOn asks that J&J advise if any additional custodians are likely to possess relevant documents regarding the enforcement of the General T&Cs.

4

- (revis\* OR rewrit\* OR chang\* OR maximiz\* OR accumulat\* OR term\* OR condition\*) w/50 (Stelara OR Tremfya)

J&J stated it will add Debbie Kenworthy "to capture documents related to the Stelara and Tremfya terms and conditions between approximately June 2023, when Ms. Kenworthy started her new role and first became responsible for these discussions, and November 7, 2023." Feb. 8, 2024 Ltr. at 4. In addition to using the term proposed above, please run these additional terms for Kenworthy's documents from June 1, 2023 to November 7, 2023:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat\* or maximiz\*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat\* OR maximiz\*).

If J&J objects on the basis of burden, please provide hit counts, both by individual search term and in the aggregate, for each custodian.

Finally, SaveOn again asks that J&J confirm that it will produce all documents identified by its search parameters regarding the enforcement of the Stelara and Tremfya Terms and Conditions from April 1, 2016 until November 7, 2023. If J&J refuses to do so, please explain its basis for withholding those documents.

We ask for a response by February 28, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

5

# Exhibit 2



www.pbwt.com

March 4, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
>          **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

       We write in response to SaveOnSP's February 21, 2024 letter concerning the parties' February 12, 2024 meet and confer on the scope of JJHCS's production obligations for terms and conditions issues.

### I.     Documents Relating To Pre-2016 Terms and Conditions

       At the outset, it bears noting that SaveOnSP continues to recycle faulty search logic—now as to the files of Kim Wortman and Kathi Chapman—that Judge Wolfson explicitly rejected as to a similar term.[1]  This is unproductive.  JJHCS will not use SaveOnSP's search term because it will result in the review of every document in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof).  This is why Judge Wolfson explicitly rejected a similar version of that term at the January 24, 2024 conference.  *See* Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen.").  When SaveOnSP is prepared to follow Judge Wolfson's rulings, JJHCS will be prepared to meet and confer concerning an

---

[1] This term is:  (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*").

Elizabeth H. Snow, Esq.
March 4, 2024
Page 2

appropriate search term.  But rolling out the same search terms that Judge Wolfson has already considered and rejected will not lead anywhere.  Accordingly, JJHCS declines to run this term:

        With respect to additional custodians for the pre-2016 time period, SaveOnSP claims that JJHCS "stated" during the February 12 meet and confer "that there were likely to be more than those three people who participated in the drafting" of terms and conditions before this date.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 1-2.  We said no such thing.  Rather, during the meet and confer, you asked whether we would represent that Ms. Wortman and Ms. Chapman were the only individuals involved in such discussions.  We replied that, based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP.  As we stated, it is premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents.

        SaveOnSP also claims that JJHCS "appeared confused as to the meaning of 'noncustodial files.'"  *Id.* at 2.  This formulation is neither accurate nor productive.  What JJHCS actually asked at the February 12 meet and confer was whether there were categories of noncustodial documents that SaveOnSP specifically seeks.  JJHCS renews that request here and remains open to considering production of such documents if SaveOnSP explains what it is seeking.

        Finally, while we disagree with your characterization of JJHCS's prior statements concerning its retention capabilities, (*see* Dkt. Nos. 146 and 150), JJHCS agrees to produce its retention policies for the time period in question if SaveOnSP agrees to do the same.  *See* Feb. 27, 2024 Email from G. LoBiondo to M. Nussbaum.

## II.    Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions

        As a threshold matter, SaveOnSP's arguments concerning the "[m]eaning" and "[e]nforcement" of the terms and conditions intersect with SaveOnSP's February 20 motion for clarification and/or reconsideration of various topics, including SaveOnSP's pending request that JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General T&Cs."  Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3.  In light of SaveOnSP's pending motion for reconsideration, it would not be productive for the parties to meet and confer on search terms at this time.  We welcome the opportunity to meet and confer once Judge Wolfson rules on SaveOnSP's requested relief.

        SaveOnSP also asks whether JJHCS's production of documents "reflecting the company's enforcement instructions and policy" will encompass the full April 1, 2016 to November 7, 2023 time period.  At we have made clear, JJHCS will comply with the Court's February 6 Order, which directed "Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed-upon discovery time frame (April 2016-November 2023)."  Dkt. No. 192 at 13.

Elizabeth H. Snow, Esq.
March 4, 2024
Page 3

SaveOnSP continues to insist on a production of "documents sufficient to show ***the instances***" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath eligibility standards. Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3. This phrasing places no meaningful limitation on SaveOnSP's requests. In fact, this formulation ignores both the proposal that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined issue). For the reasons stated in JJHCS's February 8 and 15 letters, JJHCS will not produce "documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

*See* Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to E. Snow at 2-3.

Nor will JJHCS run search terms that bear no connection to the permitted scope of discovery. For example, one of SaveOnSP's proposed terms would require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof). In its latest letter, SaveOnSP claims that these documents would be relevant "[i]f [JJHCS] decided that patients on SaveOn-advised plans violated the 'other offer' provision, but decided that patients on PrudentRx or Optum Rx-advised plans did not." Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4. Far from seeking documents limited to JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue. JJHCS declines to run these terms.

## III.     Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren

Elizabeth H. Snow, Esq.
March 4, 2024
Page 4

Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy for the time period January 1, 2021 to November 7, 2023 to capture documents "regarding 'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'"  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

JJHCS declines to do so.  This search string would require JJHCS to review over 95,000 documents (family inclusive) for the two-year period that SaveOnSP proposed.  And no wonder: as constructed, the term would require review of every document mentioning "chang[es]" to "Stelara" or "Tremfya" without limitation to CarePath's terms and conditions, as well as every document mentioning "Stelara" or "Tremfya" and either "maximiz[ers]" or "accumulat[ors]."  In fact, because of the way the term "maximiz*" is constructed, SaveOnSP's proposal would force JJHCS to review any document mentioning how to "maximiz[e]" the effectiveness of Stelara and Tremfya even when those documents have nothing to do with changes to the terms and conditions for JJHCS's co-pay assistance program.

SaveOnSP also asks that JJHCS run four additional search terms[2] over the custodial files of Debbie Kenworthy for the period June 1, 2023 to November 7, 2023.  JJHCS already agreed to add Ms. Kenworthy as a full custodian for that period, which encompasses these terms (and others) for the identified time period.

Very truly yours,

/s/ Julia Long
Julia Long

---

[2] These terms are:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 5, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding Judge Wolfson's rulings regarding CarePath's terms and conditions during the January 24, 2024 conference.[1]

## I.    Drafting of Terms and Conditions

Judge Wolfson agreed with SaveOn that J&J's use of the terms and conditions for predecessor programs is relevant. Rough Tr. 11:4-8. You stated you would provide more information by February 3, 2024 about your position regarding documents prior to 2013. Rough Tr.13-14. Your submission on that date did not identify the predecessor programs from which the "other offer" provision was drawn, the custodians and non-custodial document sources for those programs, whether any information from those sources was deleted (and the timing or the circumstances thereof), or any details on whether information from before 2013 was accessible or purportedly burdensome to produce. Please provide that information promptly.

---

[1] We use the term "General T&Cs" as it was used in Dkt. 146: "T&Cs that applied to all 17 Janssen Drugs at issue through December 2021 and still apply to 15 of those drugs (all except Stelara and Tremfya)."

## II.    Meaning of the Terms and Conditions

Judge Wolfson asked SaveOn to provide narrowed requests for production regarding J&J's understanding of the General T&Cs. Rough Tr. 38:12-20. Please produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn. Please also produce documents sufficient to show J&J's interpretation of the terms "other offer," "coupon," "discount," "prescription savings card," and "free trial" over the period April 1, 2016 to November 7, 2023.

## III.    Enforcement of the Terms and Conditions

Judge Wolfson ordered SaveOn to provide narrowed requests regarding the enforcement of the General T&Cs. Rough Tr. 39:13-40:4.

*First*, please produce documents sufficient to show any formal or informal policies regarding enforcement of the General T&Cs. This includes any instructions given to J&J or TrialCard employees relating to enforcement of the General T&Cs.

*Second*, please produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age. This includes documents sufficient to show all CarePath eligibility standards.

*Third*, please produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the "other offer" provision on any basis; (2) the "other offer" provision as to entities J&J considered "maximizers" or "accumulators" (including without limitation OptumRx and PrudentRx); and (3) the "other offer" provision as to SaveOn. This should include documents sufficient to show J&J's thinking in enforcing or contemplating enforcement of the General T&Cs on these bases.

*Fourth*, please produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the "other offer," "coupon," "discount," "prescription savings card" and "free trial" provisions. Please also produce documents sufficient to show all instances between April 1, 2016 and November 7, 2023 in which J&J has investigated whether someone is ineligible for CarePath because of their use of an "other offer," or a "coupon," "discount," "prescription savings card" or participation in a "free trial." This should include documents sufficient to show J&J's thinking in enforcing or contemplating enforcement of the General T&Cs on these bases.

*Fifth*, please run the following search terms over the documents of the relevant custodians[2] from April 1, 2016 to November 7, 2023:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" AND (maximiz* OR accumulat*))

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")

- "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx")

If you object to adding any of these search terms on the basis of burden, please provide hit counts of the unique documents identified by each term for each custodian and in the aggregate for each custodian and all custodians.

## IV.   Stelara and Tremfya Terms and Conditions

Please tell us if J&J will reverse the position it stated at the January 4, 2024 meet-and-confer and will produce all documents identified by its search parameters regarding the enforcement of the Stelara and Tremfya Terms and Conditions from April 1, 2016 until November 7, 2023. *See* Jan. 5, 2024 Ltr. at 2. If not, please explain the basis for withholding those documents.

We reserve all rights and ask that you be prepared to discuss this topic at this week's meet-and-confer.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

---

[2] SaveOn considers the relevant custodians to include Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

3

# Exhibit 4

**JJHCS v. SaveOnSP**

Search Term for Custodians

Case No. 2:22-cv-02632-JKS-CLW

| |
|---|
| (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial") |

# Exhibit 5

### JJHCS v. SaveOnSP
Search Terms for Custodians
Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| **Scott White and Blasine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |

**EXHIBIT 6**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 7**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 8**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 9**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 10**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 11**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 12**

**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 13



www.pbwt.com

March 1, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
      **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's February 22, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the CAP custodians.

## I.      CAP Custodians

As SaveOnSP knows, the Court directed only the use of "CAP-related search terms" when searching the files of the CAP custodians,[1] including "terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26.  Despite its acknowledgment at the parties' February 12, 2024 meet and confer that two of its search strings are not "CAP-related" but instead designed to capture documents describing SaveOnSP's "business model," SaveOnSP continues to insist JJHCS run these terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

In its February 22 letter, SaveOnSP now claims that these terms are used "as shorthand for SaveOn" and therefore must be added.  This is incorrect and a pretext for obtaining

---

[1] For the avoidance of doubt, the "CAP custodians" are Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 2

documents to which SaveOnSP is not entitled, the latest example of SaveOnSP's unwillingness to accept the Court's limitations.  Just last month, SaveOnSP moved to compel JJHCS to add the CAP custodians as full custodians.  After extensive briefing and argument, Judge Wolfson denied that relief, directing only "CAP-related" search terms for the period April 1, 2016 to November 7, 2023.  JJHCS will only run terms that are designed to capture CAP-related documents.[2]



JJHCS_00001209.  This document does not support SaveOnSP's position.

## II.     Scott White and Blasine Penkowski

In its February 22 letter, SaveOnSP rejected JJHCS's proposal to capture relevant Trial Card contracts and statements of work through non-custodial sources.  Instead, SaveOnSP insists that JJHCS employ the search string below to search the custodial files of two apex custodians, Scott White and Blasine Penkowski:

- (TrialCard OR "Trial Card" OR TC) AND ((statement* w/5 work) OR SOW* OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR WithMe OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

SaveOnSP's latest demand cannot be squared with the Court's directions.  As the Court recognized, Mr. White and Ms. Penkowski are senior executives and thus directed only "[v]ery limited" search terms be used over their custodial documents. Jan. 24, 2024 Tr. at 128:14–17.  SaveOnSP's proposed search is not necessary to meet its stated goals.  Even assuming *arguendo* that "the amount of funds that Plaintiff provided to Trial-Card to disburse through CarePath" is relevant, as SaveOnSP claims, such information would be readily gleaned from the non-custodial collection that JJHCS proposed.  SaveOnSP has articulated no basis to support its

---

[2] Indeed, despite challenging nearly every other aspect of the Court's February 6 Order, SaveOnSP did not move to reconsider this ruling.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 3

demand for additional digging through Mr. White or Ms. Penkowski's files. Accordingly, JJHCS will not run this term.

Despite what appeared to be a productive conversation at the parties' February 12 meet and confer, SaveOnSP nonetheless continues to demand that JJHCS run the following term over Ms. Penkowski's custodial files:  (brand* OR finance* OR "SCG" OR (strategic /5 customer)) AND (accumulat* OR maximiz*).  This is disappointing.  As JJHCS has explained at least three times now, there are two fundamental problems with SaveOnSP's proposed term:  (1) the term would return any document with "finance" (or variations thereof) in the same document as "accumulator" or "maximizer," despite the Court's February 6 Order ruling that SaveOnSP's ancillary financial requests were overwhelmingly irrelevant; and (2) because Ms. Penkowski oversees the "Strategic Customer Group," these terms would result in review of every document in which "Strategic Customer Group" or "SCG" appear in a signature block.  SaveOnSP acknowledged these very points at the end of our meet and confer.  To be clear, JJHCS will not run this term.

As to the remaining search terms proposed for Ms. Penkowski's custodial files, SaveOnSP admits in its February 22 letter that those terms are related to SaveOnSP's "financial" requests.  The Court ruled that documents concerning "communications of budgetary decisions" or "return on investment" are not relevant and so JJHCS will not search for them.  Dkt. No. 192 at 19, 22.

### III.  Karen Lade

We appreciate SaveOnSP's agreeing to the modified terms that JJHCS proposed in its February 15 letter.  JJHCS agrees to run the following terms:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

As to the remaining search terms for Ms. Lade's custodial files, JJHCS will not search for or review documents concerning "communications of budgetary decisions" or "return on investment," (Dkt. No. 192 at 19, 22), for the reasons stated at the February 12 meet and confer and JJHCS's February 15 letter.

### IV.  Savaria Harris and Jennifer De Camara

We appreciate that SaveOnSP has agreed to JJHCS's proposal to run SaveOnSP's search terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), over Ms. Harris and Ms. De Camara's communications with third parties, so long as those documents

Elizabeth H. Snow, Esq.
March 1, 2024
Page 4

also mention Stelara and Tremfya.  For the avoidance of doubt, JJHCS agrees to run the following terms:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

      JJHCS also proposed a fifth term (listed below), subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara.  In its February 22 letter, SaveOnSP rejects JJHCS's compromise proposal, but nonetheless demands JJHCS continue to run its compromise term because JJHCS "articulated no objection as to adding that term."  Feb. 22, 2024 Ltr. from E. Snow to J. Long at 5.  This argument makes little sense—and indeed, is designed to disincentivize JJHCS from proposing broad counterproposals in the future.  In a renewed effort to reach compromise, JJHCS proposes a modified version of that term (with changes in red), again subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer" OR "any other coupon, discount, prescription savings card"))

      JJHCS declines to run the remaining terms at issue.  Unlike the terms above, which SaveOnSP recognize should be limited to documents mentioning "Stelara" or "Tremfya," SaveOnSP claims that *five* additional search strings untethered to Stelara or Tremfya are warranted because Ms. Harris and Ms. De Camara "are likely to have discussed the original terms and conditions being revised" in the context of the Stelara and Tremfya revisions.  This makes no sense.  Documents about changes to the Stelara and Tremfya terms and conditions necessarily will mention either "Stelara" or "Tremfya"—and it is telling that SaveOnSP does not cite to a single document to support its contrary view.  Accordingly, JJHCS will not run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

Elizabeth H. Snow, Esq.
March 1, 2024
Page 5

For the same reason, JJHCS also declines to run variations of the term "SaveOn" over Ms. Harris and Ms. De Camara's custodial documents.[3]  Even if ███████████ ████████████████████████████████████████████████████ that alone is not a basis to review thousands of documents containing the word "SaveOn" without any connection to the terms and conditions or the products—i.e., Stelara and Tremfya—at issue.  Rather, this appears to be a blatant attempt to expand the scope of the Court's February 6 Order to encompass RFP No. 8.  This is not what Judge Wolfson ordered.  *See* Dkt. No. 192 at 13-14.  Nor is there a need to run these terms: JJHCS already has agreed to run the exact terms over the files of ***twenty-six*** other JJHCS custodians from April 1, 2016 to November 7, 2023.

\*     \*     \*

JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[3] In its February 22 letter, SaveOnSP demands the following search terms:

- Save On" (*case sensitive*)
- "save on" w/50 (accumulat\* OR maximiz\* OR "essential health benefit\*" OR EHB\* OR "non-essential health benefit\*" OR "nonessential health benefit\*" OR NEHB\* OR accredo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

**EXHIBIT 14**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 15**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 16**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 17**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 18**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 19**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 20**

**CONFIDENTIAL – FILED UNDER SEAL**

**EXHIBIT 21**

**CONFIDENTIAL – FILED UNDER SEAL**