

March 20, 2024

Julia Long
(212) 336-2878
jlong@pbwt.com

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re:     **JJHCS's Opposition to SaveOnSP's March 12 Motion to Compel**
        *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
        **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to Defendant Save On SP, LLC's ("SaveOnSP") March 12, 2024 letter motion. JJHCS has complied with Your Honor's February 6, 2024 Order by diligently searching for relevant decade-old records, keeping SaveOnSP apprised of its findings, and conferring on search terms in good faith. SaveOnSP, on the other hand, cannot take yes for an answer.

There are two aspects to SaveOnSP's motion. The first concerns the drafting of the CarePath terms and conditions ("T&Cs") going back many years, and the second relates to which search terms should apply to recently added custodians. As to the first issue, SaveOnSP has rushed to motion practice even though JJHCS has already agreed to do two of the three things that SaveOnSP now seeks to "compel." The only area of disagreement is whether JJHCS should run a search term that is patently overbroad and substantively identical to one that Your Honor already rejected.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 2

On the second issue (search terms for the custodians added at the January 24 conference), JJHCS has acquiesced to the vast majority of SaveOnSP's demands. JJHCS has stood firm only where SaveOnSP seeks to expand Your Honor's February 6 Order. Some examples follow, all of which are discussed further in the sections below:

- On the CAP custodians,[1] SaveOnSP continues to insist on search terms wholly unrelated to JJHCS's CAP efforts, despite Your Honor's clear guidance that search terms for these custodians should be "limited" to "CAP-related search terms." Dkt. 192 at 26.

- Similarly, for Scott White and Blasine Penkowski, two high-ranking executives who serve as apex custodians, SaveOnSP ignores the Court's guidance that search terms should be "[v]ery limited." Jan. 24, 2024 Tr. at 128:14–17. SaveOnSP's demanded searches are anything but "limited," as they target documents that JJHCS already has agreed to pull from noncustodial sources or, worse, would require the review of scores of documents hitting on a specific email "signature block." *See infra* at 9–13.

- SaveOnSP's remaining search terms, for two ***attorneys*** involved in the drafting of the Stelara and Tremfya T&Cs, have nothing to do with Stelara or Tremfya. Again, for attorney custodians, the scope of searches is critically important, as Your Honor has recognized. And when JJHCS proposed a reasonable compromise term meant to capture the documents SaveOnSP was seeking, SaveOnSP simply tacked that term onto its list of demands. This is not a productive method of negotiation.

In sum, SaveOnSP's search term proposals continue to be overbroad and untethered to the issues in the case. Accordingly, SaveOnSP's motion should be denied.

I.    **SaveOnSP's Requested Relief as to the Drafting of CarePath's T&Cs Finds No Support in the February 6 Order**

SaveOnSP asks this Court to direct JJHCS to produce its retention policies, identify the "volume" of certain decade-old documents, run an overbroad search term, and produce "all" T&C documents. Mot. at 2–3. As explained below, there is no basis to grant any of this relief.

---

[1] The CAP custodians are Quinton Kinne, Daphne Longbothum, William Shontz, Alison Barklage, John Hoffman, and L.D. Platt.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 3

**A.      JJHCS Should Not Be Directed To Produce Retention Policies Given SaveOnSP's Refusal To Do the Same**

After substantial briefing and an in-person hearing on January 24, 2024, Your Honor ordered JJHCS to (1) search documents related to the drafting of the T&Cs of CarePath and its predecessor programs prior to 2016, (2) determine whether any such documents are relevant, and (3) produce them.  Dkt. 192 at 10.  Your Honor further instructed, "***If*** some or all relevant documents were not preserved prior to 2013, Plaintiff must identify and produce its retention policy to Defendant." *Id*. (emphasis added).  To that end, Your Honor instructed that "no later than February 2, 2024, [JJHCS must] notify Defendant of the volume of documents in question and/or retention policy" and directed the parties to thereafter "meet and confer as to whether a limitation of those documents is appropriate." *Id*. at 11–12.

JJHCS complied with that instruction.  In its status letter, JJHCS advised that "two non-attorney employees involved in CarePath's predecessor programs may have available email data from as early as 2010, based on document collection in unrelated proceedings that appear to have been retained," and that JJHCS was still "investigating whether relevant communications from the time period of 2010 to 2013 exist."  Ex. 1, Feb. 2, 2024 Ltr. from H. Sandick to Hon. Wolfson at 1–2.  JJHCS has since told SaveOnSP that, consistent with Your Honor's February 6 Order, it will identify and produce its retention policy if it learns that "'some or all relevant documents were not preserved prior to 2013.'"  Ex. 2, Feb. 8, 2024 Ltr. from J. Long to E. Snow at 1 (quoting February 6, 2024 Order).  To date, JJHCS has not identified any such gap.

SaveOnSP argues that JJHCS should be compelled to produce its document retention policies anyway, because it "could not locate at least some pre-2013 documents."  Mot.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 4

at 2. That is not what Your Honor ruled. The February 6 Order directed JJHCS to produce its retention policy **if** it found that "some or all **relevant** documents were not preserved prior to 2013." Dkt. 192 at 10 (emphasis added). JJHCS has made no such finding; rather, JJHCS has located email and hard drive data dating back fifteen years to January 1, 2009.[2] As to noncustodial sources, JJHCS has twice asked SaveOnSP "whether there were categories of noncustodial documents that SaveOnSP specifically seeks," but SaveOnSP ignored JJHCS's requests for clarification and instead rushed to file this motion. *See* Ex. 3, Mar. 4, 2024 Ltr. from J. Long to E. Snow at 2. SaveOnSP should not be rewarded for its refusal to engage on these issues.

Nevertheless, in an attempt to reach compromise, JJHCS offered to produce its retention policies "for the time period in question" (*i.e.*, January 1, 2009 through November 7, 2023) "if SaveOnSP agrees to do the same." *Id.* at 2. JJHCS asked SaveOnSP to do so after learning that SaveOnSP repeatedly failed to preserve several different tranches of highly relevant information.[3] SaveOnSP now complains that it "was not founded until 2016," Mot. at 2, but that asymmetry works in SaveOnSP's favor and should have made it easy for SaveOnSP to accept

---

[2] Likewise, JJHCS's prior statements—which SaveOnSP continues to mischaracterize—refer to an "ongoing" investigation in which JJHCS described what materials, as of February 2, 2024, it had been able to affirmatively identify. Nowhere in JJHCS's February 2, 2024 letter to Your Honor (or in discovery correspondence since) has JJHCS concluded that **relevant** pre-2013 documents were deleted.

[3] For example, SaveOnSP apparently failed to preserve certain claims data from 2016 and 2017. *See* Ex. 4, Jan. 10, 2024 Ltr. from J. Long to E. Snow at 1. As another example, SaveOnSP recently disclosed that, contrary to its previous representations, it also failed to preserve communications from at least one messaging application its employees regularly used. *Compare, e.g.*, Ex. 5, May 12, 2023 Ltr. from A. Dunlap to H. Sandick ("SaveOnSP has preserved all communications on the 'Chatter' platform and will produce relevant communications therefrom."), *with* Ex. 6, Jan. 26, 2024 Ltr. from E. Snow to K. Brisson (SaveOnSP reversing course and disclosing for the first time that "Chatter messages from before June 2021 were deleted").

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 5

JJHCS's compromise. Yet instead of doing so, or even providing JJHCS with the courtesy of a response, SaveOnSP filed this motion and decried JJHCS's compromise offer as "inappropriate." *Id.* It is not. To be clear, JJHCS does not think this is a sensible dispute or one that SaveOnSP should have burdened the Special Master with. Parties are able to resolve such discovery issues every day with some simple give and take, such as by agreeing to a mutual production of retention policies. But SaveOnSP appears to have decided to reject any compromises and instead just seeks to multiply motions upon motions. SaveOnSP should not be rewarded for this approach or heard to demand that JJHCS produce document retention policies if SaveOnSP refuses to do the same.

**B. There Is No Reason to Compel JJHCS to Identify the "Volume" of Documents**

SaveOnSP asserts that it made "repeated requests" for the volume of documents relating to the drafting of terms and conditions for CarePath and other programs going back a decade or more. *See id.* JJHCS is not aware of any such requests made by SaveOnSP; indeed, despite extensive correspondence between the parties related to terms and conditions, SaveOnSP's motion fails to cite to a single letter containing such a request. That omission is telling. Even now, JJHCS does not understand what "volume" SaveOnSP seeks, so we are at a loss to understand how the parties can be at impasse and in need of the Court's intervention. Regardless, JJHCS has identified approximately 200,000 documents from the files of the relevant custodians for the period January 1, 2009 to approximately July 2015.[4] These files include email correspondence, related attachments, and hard drive data. If SaveOnSP seeks something else, it should be conferring with JJHCS and making its requests clear rather than rushing to the Special Master.

---

[4] As JJHCS has previously disclosed to SaveOnSP, Ms. Wortman left the role in question on January 19, 2014 and Ms. Chapman similarly transitioned to an unrelated role on July 13, 2015.

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 6

### C. SaveOnSP's Proposed Search Term Is Overly Broad and Ignores Your Honor's Clear Guidance

SaveOnSP requests that the Court compel JJHCS to "(1) within a week, identify all custodians and non-custodial sources likely to have documents related to the T&Cs of the CarePath program and its predecessors prior to 2016; (2) run [a search term[5]] over those sources; and (3) produce all non-privileged documents relating to the T&Cs." Mot. at 3. Each request should be rejected.

*First*, JJHCS has already identified all custodial and non-custodial sources of which it is currently aware. In its rush to Court, SaveOnSP fails to mention that JJHCS has already identified two custodians, Kimberly Wortman and Kathi Chapman, that were involved in the drafting of the T&Cs. It is telling that, despite having this information since February 12, SaveOnSP mentions these employees not once in their moving papers.

SaveOnSP also claims that JJHCS "indicated that additional individuals may also have been involved." *Id.* That is untrue. Rather, during a February 12 meet and confer, SaveOnSP asked whether JJHCS would represent that Ms. Wortman and Ms. Chapman were the **only** individuals involved in such discussions. JJHCS explained that "based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP" and further stated that

---

[5] The proposed search term is:

- Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial")

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 7

it would be "premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents." Ex. 3, Mar. 4, 2024 Ltr. from J. Long to E. Snow at 2. That remains true.

*Second*, SaveOnSP's proposed search term is overly broad because it would require JJHCS to review every document in which the word "coupon" or "discount" or "prescription savings card" or "free trial" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof). At the January 24 conference, SaveOnSP proposed a similar term for the time period April 1, 2016 to November 7, 2023, and Your Honor flatly rejected that term. *See, e.g.*, Jan. 24 Tr. at 37:4–11 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said – JUDGE WOLFSON: It's not going to happen."). Nothing has changed since January 24.

To break this logjam, JJHCS now proposes the following term:

- (Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) w/25 ((term* w/3 condition) OR T&C OR TNC OR "other offer" OR coupon* OR discount* OR "prescription savings card*" OR "free trial*")

JJHCS would have preferred to make this proposal directly to SaveOnSP as part of the meet-and-confer process. To that end, JJHCS invited SaveOnSP to meet and confer regarding an appropriate search term. Ex. 3, Mar. 4, 2024 Ltr. from J. Long to E. Snow at 1–2. But SaveOnSP ignored JJHCS's invitation and ran to file this premature motion instead.

In any event, JJHCS's proposal would ensure more than sufficient coverage of documents mentioning "other offer" or "coupon" or "discount" or "prescription savings card" or

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 8

"free trial," or even "T&Cs," but appropriately limits JJHCS's review to those that reference the relevant drugs within reasonable proximity.

*Finally*, JJHCS does not need to be compelled to produce relevant non-privileged documents. JJHCS has identified appropriate custodians and is working diligently towards running relevant search terms on those custodians, reviewing the identified documents, and then producing non-privileged documents. There is no basis to compel JJHCS to do more at this time.

## II.   The Court Should Reject SaveOnSP's Overly Broad Search Terms

### A.   SaveOnSP's CAP Demand Defies Your Honor's Ruling

Your Honor rejected SaveOnSP's request to apply broad search terms to CAP custodians' files and instead instructed that JJHCS use "CAP-related search terms." Dkt. 192 at 26. Disregarding the Court's Order, SaveOnSP now tries to take yet another bite at the apple and asks Your Honor to compel JJHCS to run the following non-CAP-related search terms over the CAP custodians' files:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

To be clear, JJHCS already ran these terms over the custodial files of **seventeen** non-CAP custodians, and produced those documents for the period April 1, 2016 to November 7, 2023. But these terms have nothing to do with CAP and therefore fall outside Your Honor's ruling regarding the limited supplemental discovery that is warranted from the CAP custodians. *See* Jan. 24, 2024 Tr. at 110:24–111:5 (JUDGE WOLFSON: "[T]hese are CAP people. . . . I want to limit it then to this world, not every search term."). SaveOnSP conceded as much during the parties'

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 9

February 12, 2024 meet and confer, when counsel admitted that SaveOnSP is pushing for these

search strings not because they are "CAP-related," but instead because they are hoping to capture

documents describing SaveOnSP's "business model."

        In an effort to compromise, JJHCS has already agreed to run certain search terms

including "EHB" and "NEHB" on CAP custodians where those terms clearly relate to SaveOnSP.[6]

But the terms at issue in this motion fall into neither category:  they are not related to CAP and are

in no way limited to SaveOnSP.  Accordingly, SaveOnSP's motion should be rejected.

## B. SaveOnSP's Statements of Work Search Term, for Scott White & Blasine Penkowski's Files, Is Impermissibly Broad

        Your Honor recognized that Mr. White and Ms. Penkowski are "high level

executives" and that their custodial files "may be duplicative of what others have."  Jan. 24, 2024

Tr. at 128:22–25.  As such, Your Honor repeatedly emphasized that the search terms for their

custodial files should be "[v]ery limited."  *Id*. at 128:14–17.  Still, JJHCS agreed to run the vast

majority of the search terms proposed by SaveOnSP, including:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR non-essential health benefit*" OR nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

---

[6] For example, JJHCS has agreed to run:

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 10

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

      JJHCS only declined to run a single, very broad term described below related to TrialCard contracts and statements of work, because it will result in the review of many irrelevant and sensitive documents. SaveOnSP obviously does not need what it purportedly seeks, which is in essence every document that contains any mention of TrialCard along with Statements of Work or contracts in the files of these apex custodians. Most of TrialCard's work administering the CarePath program has nothing to do with SaveOnSP. Instead, JJHCS proposed to "search for and produce final contracts and statements of work with Trial Card from non-custodial sources." Ex. 7, Feb. 15, 2024 Ltr. from J. Long to E. Snow at 3. That is more than sufficient to provide what SaveOnSP should fairly have, which are documents that show what TrialCard does for JJHCS. SaveOnSP rejected that offer, insisting that JJHCS run the below search term over Mr. White and Ms. Penkowski's files. Ex. 8, Feb. 22, 2024 Ltr. from E. Snow to J. Long at 2.

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

      This search is patently overbroad and unnecessary. SaveOnSP claims that this term would yield documents related to "identifying patients on SaveOn-advised plans" and relevant work order "related communications." Mot. at 7. But the search string is clearly not so tailored. Moreover, any such communications would already be captured by the many search terms JJHCS

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 11

has already agreed to run, including five terms meant to find any reference to SaveOnSP (and reasonable variations thereof) and SaveOnSP's founders; every document referring to SaveOnSP as "ESI's accumulator program or ESI's maximizer program," as SaveOnSP raised at the January 24, 2024 conference[7]; and a sixth term designed (by SaveOnSP) to capture relevant changes to the terms of Stelara and Tremfya T&Cs. Nothing more is needed to fulfill the "very limited" discovery Your Honor contemplated from these custodians. SaveOnSP should not be permitted to engage in fishing expeditions through the files of its adversary's apex custodians.

### C. The Court Should Reject SaveOnSP's "Working Group" Search Term Because It Would Require the Review of Every Document with "SCG" in a Signature Block

SaveOnSP also requests that the Court compel JJHCS to run the below search term, which purportedly aims to capture Ms. Penkowski's communications regarding a working group "comprised of key SCG, brand and finance" that "appears to have worked on the precursor to the CAP program." Mot. at 7–8.

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

As JJHCS has told SaveOnSP several times, including at a February 12 meet and confer, the component of the search term that aims to capture the working group—"(brand* OR finance* OR SCG OR (strategic w/5 customer))"—is overly broad in two key respects. First,

---

[7] *See* Jan. 24, 2024 Tr. at 108:4–6. To capture these documents, JJHCS agreed to run the following terms over not only Mr. White and Ms. Penkowski's documents, but also over the CAP custodians' files:

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

because Ms. Penkowski oversees the "Strategic Customer Group," the proposed search term would result in the review of every single document in which "Strategic Customer Group" or "SCG" appears in the signature block of her email or the email of someone in the SCG, effectively asking JJHCS to review all emails about "accumulat[ors]" or "maximiz[ers]" without any limitation. *See* Ex. 9, Mar. 1, 2024 Ltr. from J. Long to E. Snow at 3. SaveOnSP has acknowledged this flaw in its proposed search, but has refused to consider appropriate narrowing of this term. Second, the term captures any reference to "brand" or "finance" (or derivatives thereof), which are hugely overbroad terms with many different meanings used frequently throughout JJHCS and typically in completely unrelated contexts. Accordingly, the Court should reject SaveOnSP's request.

Instead, to break this logjam, JJHCS proposes the following modifications to SaveOnSP's search string (noted in red):

- ((brand* OR finance* OR SCG OR (strategic w/5 customer)) w/25 ("working group" OR guidance OR respond* OR respons*) AND (accumulat* OR maximiz*)

Again, JJHCS would have been glad to propose these modifications to SaveOnSP directly had SaveOnSP not short-circuited the conferral process. With these modifications, the term would still capture documents about the "working group" of "key SCG, brand and finance" concerning "accumulator adjustment program[s]" as well as all documents about "guidance" or "responses" from that group about "accumulate[or]" or "maximiz[er]" programs without requiring JJHCS to review every document containing SCG in a signature block.

### D. SaveOnSP's Remaining Search Terms for Attorneys Savaria Harris and Jennifer De Camara Have No Relation to the Stelara and Tremfya T&Cs

Your Honor added Ms. Harris and Ms. De Camara as custodians due to their involvement in drafting new Stelara and Tremfya T&Cs and directed the parties to meet and confer

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 13

on search terms.  Dkt. 192 at 13–14.  These custodians are in-house counsel, so their documents are obviously sensitive in terms of permissible discovery.  It was clear from the prior ruling that the only permissible scope of discovery related to the drafting of new Stelara & Tremfya T&Cs. *See* Jan. 24, 2024 Tr. at 54:24–55:3 ("MR. SANDICK: So communications with third parties relating to terms and conditions is what your Honor is asking for? JUDGE WOLFSON: And I think this was really within the Stelara and Tremfya area.").  JJHCS already has agreed to run four search terms over Ms. Harris and Ms. De Camara's custodial files.[8]  But SaveOnSP wants more. Instead of appropriately confining its search to documents related to the drafting of new Stelara and Tremfya T&Cs, SaveOnSP asks this Court to compel JJHCS to run overly broad terms designed to capture everything related to SaveOnSP in the attorneys' third-party communications:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

       JJHCS is already running these three search strings over the files of twenty-six other JJHCS custodians.  But because these searches have no connection to the Stelara and Tremfya

---

[8] These terms are:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 14

T&Cs, there is no basis to run these terms over Ms. Harris and Ms. De Camara's files. SaveOnSP attempts to defend them by arguing that draft versions of the new T&Cs, which were not implemented, "referred to SaveOn." Mot. at 9. And it argues more generally that these searches relate to JJHCS's "business decision to implement the new T&Cs." *Id.* But SaveOnSP is entitled to "explore why Plaintiff decided to amend the terms in 2022," Dkt. 192 at 14, not go on a fishing expedition for every document that references SaveOnSP without any connection to the new Stelara and Tremfya T&Cs (which, again, were the whole basis of SaveOnSP's earlier motion).

SaveOnSP also asks the Court to compel JJHCS to run the following search terms over the attorneys' third-party communications:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

SaveOnSP argues that these terms are "targeted at the CarePath term that it 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'" Mot. at 9. But neither term requires a reference to Stelara or Tremfya—a fatal flaw, because again, these attorney custodians were added ***solely*** due to their work on the Stelara and Tremfya T&Cs. SaveOnSP nevertheless insists that these incredibly broad terms are necessary because "a key issue is why J&J opted to create new T&Cs for those two drugs when the existing T&Cs already included the 'other offer' provision." *Id.* at 10. This makes no sense: any document with the answer to that question would necessarily contain a reference to either Stelara or Tremfya. SaveOnSP is left to speculate that a communication might exist wherein a custodian refers to the

Honorable Freda L. Wolfson, U.S.D.J.
March 20, 2024
Page 15

"other offer" provision "in a communication that the participants knew was about those drugs but did not mention them by name." *Id*. In other words, SaveOnSP is demanding impossibly broad search terms based on its own speculation that relevant personnel might be ***thinking*** about Stelara and Tremfya without actually saying so. This theory is, to put it mildly, not a basis to depart from the clear and narrow scope of discovery that Your Honor ordered from these attorney custodians.

Finally, SaveOnSP asks the Court to compel JJHCS to run the following search term over the attorneys' third-party communications:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

JJHCS proposed this term in an effort to reach compromise on the preceding two terms. Ex. 9, Mar. 1, 2024 Ltr. from J. Long to E. Snow at 4. Instead of accepting JJHCS's proposal or offering a reasonable variation of this term, SaveOnSP rushed to the Court and improperly tacked JJHCS's compromise proposal onto SaveOnSP's laundry list of demands. JJHCS still believes this term, in and of itself, accomplishes the goal of identifying potentially relevant documents. JJHCS should be permitted to run this term alone, and Your Honor should deny SaveOnSP's motion as to the other two.

\*       \*       \*

We appreciate Your Honor's attention to this matter, and we are available to answer any questions.

Respectfully submitted,

*/s/ Julia Long*
Julia Long

cc:      Counsel for SaveOnSP

# Exhibit 1



www.pbwt.com

February 2, 2024

Harry Sandick
Partner
(212) 336-2723
hsandick@pbwt.com

**By Email**

Judge Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

        **Re:**    ***Johnson and Johnson Health Care Systems, Inc. v. SaveOnSP, LLC***
                **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

        We write on behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS") to provide an update on our search for documents related to the terms and conditions of CarePath's predecessor programs that were created in or before 2013.

        As Your Honor knows, SaveOnSP has demanded documents dating back more than 15 years, to 2009 and even earlier. *See* D.E. 146 at 6. For the most part, we have not yet been able to locate documents and communications going back that far. However, we may have located some materials created between 2010 and 2013. JJHCS is taking steps to collect and process these documents and then to evaluate whether any of these communications relate to the drafting of CarePath's terms and conditions. Our investigation remains ongoing, and we will provide a further update to the Court prior to the February 15, 2024 conference.

        We set forth below some additional details concerning our investigation:

        **Emails dated between 2010 to 2013.** At this time, JJHCS understands that two non-attorney employees involved in CarePath's predecessor programs may have available email data from as early as 2010, based on document collection in unrelated proceedings that appear to have been retained. JJHCS is still investigating whether relevant communications from the time period of 2010 to 2013 exist.

        **Emails from before 2010.** To date, JJHCS has not located email communications created before 2010. JJHCS continues to investigate the availability of email communications sent or received before 2010.

Judge Freda L. Wolfson
February 2, 2024
Page 2

**Other documents.** JJHCS continues to assess the availability of documents and communications from non-email sources from 2009 to 2013. We have thus far not located any such documents.

We stand ready to answer additional questions from the Court relating to this issue.

Respectfully submitted,

*/s/ Harry Sandick*

Harry Sandick

cc:    Counsel for SaveOnSP

# Exhibit 2



www.pbwt.com

February 8, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> 2:23-cv-02632 (JKS) (CLW)

Dear Elizabeth:

We write to in response to SaveOnSP's February 5, 2024 letter regarding Judge Wolfson's rulings on SaveOnSP's requests for discovery concerning the terms and conditions at the January 24, 2024 conference and as memorialized in Judge Wolfson's February 6, 2024 Order.

## I.        Drafting of Terms and Conditions

SaveOnSP claims that JJHCS's February 2, 2024 submission to Judge Wolfson on the availability of pre-2013 documents was purportedly insufficient because JJHCS "did not identify the predecessor programs from which the 'other offer' provision was drawn, the custodians and non-custodial document sources for those programs, whether any information from those sources was deleted (and the timing or the circumstances thereof), or any details on whether information from before 2013 was accessible or purportedly burdensome to produce."  Feb. 5, 2024 Ltr. from E. Snow to J. Long at 1.

SaveOnSP's complaints find no support in Judge Wolfson's order.  Judge Wolfson directed JJHCS to "first search and determine whether any relevant documents can be found and to produce them." Dkt. No. 192 at 10.  JJHCS did exactly that in its February 2, 2024 letter, where JJHCS stated that "[a]t this time, JJHCS understand that two non-attorney employees involved in CarePath's predecessor programs may have available email data from as early as 2010, based on document collection in unrelated proceedings that appear to have been retained."  JJHCS further noted that it was "still investigating whether relevant communications" from that time period exist. JJHCS continues to investigate the availability of these documents, and will provide SaveOnSP an update as promptly as feasible.  Feb. 2, 2024 Ltr. from H. Sandick to Hon. Wolfson at 1-2.  In addition, consistent with Judge Wolfson's Order, if JJHCS learns that "some or all relevant documents were not preserved prior to 2013," then JJHCS will "identify and produce its retention

Elizabeth H. Snow, Esq.
February 8, 2024
Page 2

policy to Defendant." *Id.* Finally, Judge Wolfson noted in her February 6 Order that JJHCS already had submitted its update letter, and she did not describe it as deficient in any way. *Id.* at 11 n.4.

## II.         Meaning of the Terms and Conditions

SaveOnSP "narrowed" its requests for documents concerning the meaning of terms and conditions, and now asks JJHCS to produce (1) "documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including how and when that understanding came to encompass SaveOn" and (2) "documents sufficient to show J&J's interpretation of the terms 'other offer,' 'coupon,' 'discount,' 'prescription savings card,' and 'free trial' over the period April 1, 2016 to November 7, 2023." Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2.

As SaveOnSP knows, Request No. 8 encompasses the first part of this request. In response to that request, JJHCS already has agreed to run variations of the term "SaveOnSP" across seventeen custodians for the time period April 1, 2016 to November 7, 2023, and continues to meet and confer with SaveOnSP as to running similar terms over additional custodians. To be clear, to the extent SaveOnSP is discussed in a document, that document is being produced, unless the document reflects the attorney-client privilege or is otherwise subject to work product protection. JJHCS addresses the second part of SaveOnSP's request, which is related to its request for documents enforcing various aspects of the terms and conditions, below.

## III.        Enforcement of the Terms and Conditions

SaveOnSP claims that Judge Wolfson "ordered SaveOn to provide narrowed requests regarding the enforcement of the General T&Cs." Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2. This, too, is inconsistent with Judge Wolfson's February 6 Order.

In fact, Judge Wolfson "agree[d] with Plaintiff's argument that it would be burdensome to search and produce records of each individual patient's call history." Dkt. No. 192 at 12. Recognizing this burden, Judge Wolfson gave the following directive:

> Rather, to strike the proper balance and considering proportionality, it is appropriate for Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer."

*Id.* at 12-13. For the avoidance of doubt, to the extent responsive, non-privileged documents "reflecting the company's enforcement instructions and policy" exist, JJHCS intends to search for and produce such documents.

Elizabeth H. Snow, Esq.
February 8, 2024
Page 3

       JJHCS will not "produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age," as SaveOnSP continues to demand. Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2. Such documents plainly fall within category that Judge Wolfson explicitly found "too burdensome" for JJHCS to produce—including individualized records related to enforcing the terms and conditions as to patients on government-provided insurance. *See* Dkt. No. 192 at 12.

       Nor will JJHCS produce, as SaveOnSP demands, "documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn." As a threshold matter, this, too, runs contrary to Judge Wolfson's ruling that these documents concerning individual enforcement would be too burdensome to produce.

       Moreover, in the second part of its request, SaveOnSP—for the first time—requests documents concerning other maximizers or accumulators, despite months of resisting discovery concerning its treatment of other manufacturers. JJHCS is willing to run reasonable searches for any policies concerning its enforcement of the terms and conditions as to accumulators and maximizer programs generally. But JJHCS will not search for or produce documents specific to *other* accumulator or maximizer programs—which SaveOnSP never requested in its months of motions practice on this issue—and which have no bearing on the claims and defenses in this case.

       SaveOnSP's insistence that JJHCS "produce documents sufficient to show the instances between April 1, 2016 and November 7, 2023 in which J&J investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions fares no better. Here, too, SaveOnSP ignores the bright line limitations in Judge Wolfson's Order. Consistent with that Order, JJHCS will produce "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer.'" Dkt. No. 192 at 12-13.

       Finally, while JJHCS remains available to meet and confer on appropriate search terms tailored to Judge Wolfson's directive that JJHCS search for "documents reflecting the company's enforcement instructions and policy," SaveOnSP proposed terms are in no way tailored to this category of documents. For example, one of SaveOnSP's proposed terms would result in the review of all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof). Not only are these terms not limited to SaveOnSP—they are not designed to yield responsive documents concerning JJHCS's "enforcement instructions and policy." In addition, at least one of three terms also includes a

Elizabeth H. Snow, Esq.
February 8, 2024
Page 4

typographical error.  Please correct this error and provide JJHCS with a new proposal as to this term:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" AND (maximiz* OR accumulat*))

**IV.        Stelara and Tremfya Terms and Conditions**

SaveOnSP asks whether JJHCS will run the terms discussed in a January 4, 2024 meet and confer.  It is not clear from SaveOnSP's letter which terms it currently requests that JJHCS run.  *See* Feb. 5, 2024 Ltr. from E. Snow to J. Long at 3 (citing "Jan. 5, 2024 Ltr. at 2").[1] To the extent that SaveOnSP requests that JJHCS run the terms ""Benefits Investigation*" AND (Stelara OR Tremfya)," those search terms—by SaveOnSP's own admission—were designed to capture individual "Benefits Investigations to determine [whether] individuals [were] on SaveOn-advised plans."  *See* Jan. 5, 2024 Ltr. from E. Snow to J. Long at 2.  But that is not what JJHCS has been ordered to produce.  Rather, Judge Wolfson concluded that "Defendant is entitled to explore why Plaintiff decided to amend the terms in 2022."  Dkt. No. 192 at 14.

JJHCS remains available to meet and confer on such terms.  Consistent with JJHCS's January 31, 2024 Supplemental Responses and Objections, JJHCS also will add a new custodian, Debbie Kenworthy, to capture documents related to the Stelara and Tremfya terms and conditions between approximately June 2023, when Ms. Kenworthy started a new role and first became responsible for these discussions, and November 7, 2023.  JJHCS remains available to meet and confer on appropriate search terms for Ms. Kenworthy's custodial documents as well.[2]

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[1] The parties exchanged six discovery letters on January 5, 2024, including three with search terms potentially relevant to SaveOnSP's current requests.

[2] In a January 29, 2024 letter, SaveOnSP separately proposed search terms for Ms. Harris and Ms. De Camara's custodial documents.  JJHCS continues to process Ms. Harris and Ms. De Camara's custodial data and will respond to SaveOnSP's proposal under separate cover.

14911117

# Exhibit 3



www.pbwt.com

March 4, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
    2:23-cv-02632 (JKS) (CLW)

Dear Elizabeth:

We write in response to SaveOnSP's February 21, 2024 letter concerning the parties' February 12, 2024 meet and confer on the scope of JJHCS's production obligations for terms and conditions issues.

### I.    Documents Relating To Pre-2016 Terms and Conditions

At the outset, it bears noting that SaveOnSP continues to recycle faulty search logic—now as to the files of Kim Wortman and Kathi Chapman—that Judge Wolfson explicitly rejected as to a similar term.[1]  This is unproductive.  JJHCS will not use SaveOnSP's search term because it will result in the review of every document in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "Savings Program" (or variations thereof).  This is why Judge Wolfson explicitly rejected a similar version of that term at the January 24, 2024 conference.  *See* Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen.").  When SaveOnSP is prepared to follow Judge Wolfson's rulings, JJHCS will be prepared to meet and confer concerning an

---

[1] This term is:  (Janssen OR Jannsen OR Jansen OR "Savings Program" OR "Rebate Program" OR "Access Program" OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*").

---

Elizabeth H. Snow, Esq.
March 4, 2024
Page 2

appropriate search term. But rolling out the same search terms that Judge Wolfson has already considered and rejected will not lead anywhere. Accordingly, JJHCS declines to run this term:

   With respect to additional custodians for the pre-2016 time period, SaveOnSP claims that JJHCS "stated" during the February 12 meet and confer "that there were likely to be more than those three people who participated in the drafting" of terms and conditions before this date. Feb. 21, 2024 Ltr. from E. Snow to J. Long at 1-2. We said no such thing. Rather, during the meet and confer, you asked whether we would represent that Ms. Wortman and Ms. Chapman were the only individuals involved in such discussions. We replied that, based on our reasonable investigation, we believe that Ms. Wortman and Ms. Chapman are the appropriate custodians and have records going back to in or around 2009, as requested by SaveOnSP. As we stated, it is premature to speculate about whether there are additional necessary custodians for this time period when JJHCS has yet to review or produce Ms. Wortman's or Ms. Chapman's documents.

   SaveOnSP also claims that JJHCS "appeared confused as to the meaning of 'noncustodial files.'" *Id.* at 2. This formulation is neither accurate nor productive. What JJHCS actually asked at the February 12 meet and confer was whether there were categories of noncustodial documents that SaveOnSP specifically seeks. JJHCS renews that request here and remains open to considering production of such documents if SaveOnSP explains what it is seeking.

   Finally, while we disagree with your characterization of JJHCS's prior statements concerning its retention capabilities, (*see* Dkt. Nos. 146 and 150), JJHCS agrees to produce its retention policies for the time period in question if SaveOnSP agrees to do the same. *See* Feb. 27, 2024 Email from G. LoBiondo to M. Nussbaum.

## II. Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions

   As a threshold matter, SaveOnSP's arguments concerning the "[m]eaning" and "[e]nforcement" of the terms and conditions intersect with SaveOnSP's February 20 motion for clarification and/or reconsideration of various topics, including SaveOnSP's pending request that JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General T&Cs." Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3. In light of SaveOnSP's pending motion for reconsideration, it would not be productive for the parties to meet and confer on search terms at this time. We welcome the opportunity to meet and confer once Judge Wolfson rules on SaveOnSP's requested relief.

   SaveOnSP also asks whether JJHCS's production of documents "reflecting the company's enforcement instructions and policy" will encompass the full April 1, 2016 to November 7, 2023 time period. At we have made clear, JJHCS will comply with the Court's February 6 Order, which directed "Plaintiff to search for, and produce, documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed-upon discovery time frame (April 2016-November 2023)." Dkt. No. 192 at 13.

Elizabeth H. Snow, Esq.
March 4, 2024
Page 3

SaveOnSP continues to insist on a production of "documents sufficient to show **_the instances_**" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath eligibility standards.  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3.  This phrasing places no meaningful limitation on SaveOnSP's requests.  In fact, this formulation ignores both the proposal that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined issue).  For the reasons stated in JJHCS's February 8 and 15 letters, JJHCS will not produce "documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

_See_ Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to E. Snow at 2-3.

Nor will JJHCS run search terms that bear no connection to the permitted scope of discovery.  For example, one of SaveOnSP's proposed terms would require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof).  In its latest letter, SaveOnSP claims that these documents would be relevant "[i]f [JJHCS] decided that patients on SaveOn-advised plans violated the 'other offer' provision, but decided that patients on PrudentRx or Optum Rx-advised plans did not."  Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.  Far from seeking documents limited to JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate companies unrelated to SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue.  JJHCS declines to run these terms.

## III.     Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren

Elizabeth H. Snow, Esq.
March 4, 2024
Page 4


Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy for the time period January 1, 2021 to November 7, 2023 to capture documents "regarding 'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'" Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximiz* OR accumulat* OR term* OR condition*) w/50 (Stelara OR Tremfya)

JJHCS declines to do so.  This search string would require JJHCS to review over 95,000 documents (family inclusive) for the two-year period that SaveOnSP proposed.  And no wonder: as constructed, the term would require review of every document mentioning "chang[es]" to "Stelara" or "Tremfya" without limitation to CarePath's terms and conditions, as well as every document mentioning "Stelara" or "Tremfya" and either "maximiz[ers]" or "accumulat[ors]."  In fact, because of the way the term "maximiz*" is constructed, SaveOnSP's proposal would force JJHCS to review any document mentioning how to "maximiz[e]" the effectiveness of Stelara and Tremfya even when those documents have nothing to do with changes to the terms and conditions for JJHCS's co-pay assistance program.

SaveOnSP also asks that JJHCS run four additional search terms[2] over the custodial files of Debbie Kenworthy for the period June 1, 2023 to November 7, 2023.  JJHCS already agreed to add Ms. Kenworthy as a full custodian for that period, which encompasses these terms (and others) for the identified time period.

Very truly yours,

/s/ Julia Long
Julia Long

---

[2] These terms are:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- (Accredo OR Acredo) w/50 (accumulat* or maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

# Exhibit 4



www.pbwt.com

January 10, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

    Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       <u>No. 2:22-cv-02632 (JKS) (CLW)</u>

Dear Elizabeth:

    We write concerning SaveOnSP's forthcoming data productions in response to JJHCS's RFP Nos. 41 and 42.

    **Patient Identifying Information.** As you know, SaveOnSP agreed to "provide names and dates of birth for patients who appear in SaveOnSP's data," to "produce the TrialCard enrollment numbers that it has" for patients who appear in its produced data, and the *Patient Identifier (Cardholder ID)* field in a forthcoming production. Sept. 20, 2023 Ltr. from M. Nelson to C. Deskus at 1; Oct. 13, 2023 Ltr. from E. Snow to G. LoBiondo at 1. Please advise when SaveOnSP will make this supplemental production.

    **Missing Data.** In August, we wrote to you concerning the timeframe of SaveOnSP's data, which did not cover January 1, 2016 to the present. *See* Aug. 25, 2023 Ltr. from C. Deskus to E. Snow at 2-3. In September, SaveOnSP disclosed to JJHCS that it had failed to preserve data from 2016 and 2017, and JJHCS requested information concerning when the data was destroyed and the circumstances of its destruction. *See* Sept. 27, 2023 Ltr. from G. LoBiondo to E. Snow at 1. SaveOnSP has not yet provided JJHCS with any additional information concerning its assessment, nor has SaveOnSP updated JJHCS on the timing of its supplemental production. *See* Nov. 9, 2023 Ltr. from E. Snow to G. LoBiondo at 1. It has now been more than four months since our initial outreach concerning this missing data. Please advise (i) when the data from 2016 and 2017 was destroyed; (ii) the circumstances of its destruction; and (iii) when SaveOnSP will make its supplemental production. JJHCS reserves all rights.

    **Discovery Refresh.** As you know, the Court's November 7, 2023 Order directs the parties to refresh discovery responses through November 7, 2023. *See* Dkt. No. 173. Prior to the Order, SaveOnSP had agreed to "prioritize the production of the categories of data in response to RFP Nos. 41 and 42." *See* Apr. 12, 2023 Email from E. Snow to G. Carotenuto. Please confirm

Patterson Belknap Webb & Tyler LLP  1133 Avenue of the Americas, New York, NY 10036  T 212.336.2000  F 212.336.2222

14794992

Elizabeth H. Snow, Esq.
January 10, 2024
Page 2


that SaveOnSP will prioritize its updated production of transaction-level data productions in response to JJHCS's RFP Nos. 41 and 42 and produce the requested data by February 29, 2024. Subject to SaveOnSP's agreement, JJHCS agrees to provide a supplemental data production by the same date. This data refresh would be in addition to, not instead of, the data refresh the parties have agreed to do before trial. *See* Dkt. No. 166 at 4 n.11.

*    *    *

Please respond by January 17, 2024.

Very truly yours,

*/s/ Julia Long*
Julia Long

# **Exhibit 5**

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Andrew R. Dunlap
Partner
212.390.9005
adunlap@selendygay.com

May 12, 2023

**Via E-mail**

Harry Sandick
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
hsandick@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***
**(Case No. 2:22-cv-02632-JMV-CLW)**

Dear Harry,

We write in response to your April 20, 2023 letter regarding Salesforce "Chatter" and text messages.

You ask that we confirm that SaveOnSP has preserved, and will produce, relevant communications from the "Chatter" platform within Salesforce. Chatter is a message board used by supervisors and team leads to post tips, reminders, and updates relevant to SaveOnSP's Member Services Team. SaveOnSP has preserved all communications on the "Chatter" platform and will produce relevant communications therefrom.

You ask if we have investigated whether SaveOnSP personnel used any other messaging applications from April 1, 2016, to present. We have. Our understanding is that the only other messaging application used by SaveOnSP personnel in that period was Teams. SaveOnSP has preserved and will produce relevant communications therefrom.

You ask that we confirm that SaveOnSP will produce relevant text messages and other mobile data for the four custodians we identified in our February 6, 2023 letter. SaveOnSP will. You also ask if SaveOnSP will produce responsive messages and other mobile data from the custodians added since February 6. If we determine that any of those custodians used text messages or other mobile data to conduct SaveOnSP business, SaveOnSP will produce relevant communications therefrom.

We reserve all rights and are available to meet and confer.

Best,

/s/ Andrew R. Dunlap

Andrew R. Dunlap
Partner

# Exhibit 6

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

January 26, 2024

**Via E-mail**

Katherine Brisson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
kbrisson@pbwt.com

**Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-ES-CLW)**

Dear Katherine,

We write in response to your January 18, 2024 Letter regarding Chatter messages and Huddle recordings.

*First*, you ask about SaveOn's production of Chatter messages, asserting that we have not produced all such messages reflected in "Daily Digests." SaveOn updated its Salesforce platform in June 2021, during which process Chatter messages from before June 2021 were deleted. The Chatter messages produced as SOSP_1004931 on December 15, 2023 include all responsive messages since June 2021 identified by our search terms.

*Second*, you ask us to prioritize production of Huddle recordings. We will do so, and aim to produce all responsive, non-privileged Huddle recordings by February 29, 2024.

Best,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 7



www.pbwt.com

February 15, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
       **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's January 29, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the "CAP" custodians.

**I.    CAP Custodians**

SaveOnSP's January 29 letter requests that JJHCS add thirteen search terms that it contends "relate to the CAP program" and concern "discussions regarding J&J's response to SaveOn, accumulators, and maximizers" for Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt (the "CAP" Custodians) for the period April 1, 2016 to November 7, 2023. *See* Jan. 29, 2024 Ltr. from E. Snow to J. Long at 1.

SaveOnSP's proposed search terms go well beyond Judge Wolfson's order, which only required JJHCS to "use CAP-related search terms, including terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26. In keeping with the Court's order, JJHCS agrees to add the following search strings for the time period April 1, 2016 to November 7, 2023:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

To the extent SaveOnSP also seeks the addition of the term "CAPa" OR "CAPm" OR "adjustment program," without a SaveOnSP limiter, this proposal is inconsistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173 at 2-3.) In addition, SaveOnSP now has made an additional motion

Elizabeth H. Snow, Esq.
February 15, 2024
Page 2

to Judge Wolfson to expand the scope of the November 7, 2023 Order. For the reasons discussed in JJHCS's opposition brief filed on February 14, SaveOnSP has no basis to relitigate the November 7, 2023 Order. For the avoidance of doubt, should Judge Wolfson expand the scope of the Court's November 7 Order with respect to the CAP search terms, JJHCS will adopt that application to the CAP custodians for the full time period as well.

As a compromise, JJHCS is prepared to run the following terms:

- SaveOnSP OR SaveOn or "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

However, JJHCS declines to run the following search terms, which have no relation to JJHCS's CAP-related efforts. Indeed, SaveOnSP acknowledged the lack of any connection during the parties' February 12, 2024 meet and confer, when SaveOnSP claimed these terms describe SaveOnSP's "business model." As SaveOnSP well knows, the Court did not direct further discovery on that issue.

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

## II.        Scott White and Blasine Penkowski

SaveOnSP's letter also requests search terms to be added with respect to two apex custodians, Scott White and Blasine Penkowski. As to Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

JJHCS declines to run the "CAP" search term over Mr. White's and Ms. Penkowski's documents without a SaveOnSP limiter, for the reasons previously discussed, but will agree to run the following search strings for the full April 1, 2016 to November 7, 2023 period consistent with the Court's November 7 Order:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

JJHCS also declines to run the following search terms over Mr. White's and Ms. Penkowski's documents, but will search for and produce final contracts and statements of work with Trial Card from non-custodial sources consistent with its January 29, 2024 responses and objections to SaveOnSP's discovery requests:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me))

Finally, JJHCS declines to add certain proposed financial-related terms, which SaveOnSP requested only as to Ms. Penkowski's documents. As outlined in JJHCS's February 8, 2024 letter, and as discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's insistence that JJHCS produce these documents is inconsistent with Judge Wolfson's February 6, 2024 Order. For example, as to issues concerning CarePath's budget, Judge Wolfson concluded that "[JJHCS] has the better argument" and "communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims." Dkt. No. 192 at 19. Similarly, as to issues related to return on investment (or "ROI"), Judge Wolfson unambiguously rejected SaveOnSP's arguments, finding that JJHCS's "alleged harm is not related to the profitability of any Janssen drugs. Put differently, even if J&J and its [affiliates] ultimately derive profits . . . from selling the drugs at issue, that fact does not disprove Plaintiff's alleged harm in this case, either to itself or to the public." *Id.* at 22.

Elizabeth H. Snow, Esq.
February 15, 2024
Page 4

Accordingly, JJHCS will not run the following terms:

- (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*)

- ((lose* OR loss* OR (return w/4 investment) OR "ROI" OR (negative w/5 impact) OR (gross w/5 impact) OR (net w/5 impact) OR (GTN w/5 impact)) w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe")) AND ("Save On" OR Save-OnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

As discussed during the parties' February 12, 2024 meet and confer, SaveOnSP's proposal of these terms demonstrates that SaveOnSP refuses to accept the Court's rulings on an issue already twice litigated—and on which JJHCS has twice prevailed. JJHCS will not provide hit counts for these searches, as they seek documents that are beyond the scope of what Judge Wolfson ordered. If SaveOnSP is willing to meet and confer in good-faith and to propose search terms related to the "small window" that Judge Wolfson opened with respect to budget and financials issues, JJHCS will run SaveOnSP's requested search terms and provide hit counts, as appropriate. *See* Feb. 8, 2024 Ltr. From J. Long to E. Snow at 2-3.

### III. Karen Lade

SaveOnSP proposed thirteen search terms with respect to Ms. Lade's documents. JJHCS agrees to run the following search terms:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

Elizabeth H. Snow, Esq.
February 15, 2024
Page 5

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- accumulator w/5 prog*

    For the reasons cited above, JJHCS declines (1) to run the "CAP" search term over Ms. Lade's documents without a SaveOnSP limiter; and (2) to run financial-related search strings over Ms. Lade's documents.[1] As with Mr. White and Ms. Penkowski, JJHCS agrees to run the following terms with respect to the CAP program for the April 1, 2016 to November 7, 2023 time period:

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

    As discussed at the parties' February 12, 2024 meet and confer, JJHCS will consider running two final Lade-specific search strings if those are modified to capture the documents SaveOnSP explained it was seeking. JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings.

| SaveOnSP Proposal | JJHCS Modification |
|---|---|
| PBM* AND (copay* or co-pay*) AND deductible | PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |

---

[1] JJHCS declines to run the following financial-related strings, which are beyond the scope of Judge Wolfson's order:

- (($20,000 OR 20k OR $6,000 OR 6k) w/10 (set* OR chang* OR determin* OR adjust* OR increas* OR decreas*)) AND (Balversa OR Darzelex OR Faspro OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga)

- Budget* w/10 (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR "WithMe" OR (with w/2 me))

Elizabeth H. Snow, Esq.
February 15, 2024
Page 6

| (Max* /15 benefit*) AND ($20,000 OR $20K OR 20k) | (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
|---|---|

## IV.     Savaria Harris and Jennifer De Camara

Judge Wolfson ordered production from Ms. Harris and Ms. De Camara's custodial files on a single, narrow issue: (1) documents and communications between the attorneys and any third-party entities **and** (2) that concern the "new terms and conditions for both its Stelara and Tremfya medications" implemented in January 2022. Dkt. No. 192 at 13-14. SaveOnSP's requested terms go well beyond these limitations.

For example, SaveOnSP continues to insist on documents with any reference in which "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*" appear in the same document as the terms "Janssen" or "CarePath" (or variations thereof)—despite Judge Waldor explicitly rejecting that a narrower version of that term at the January 24, 2024 conference. Jan. 24 Tr. at 35:3-37:1 ("MR. SANDICK: Your Honor, Mr. Dunlap said a moment ago words to the effect of, we're not looking for every time that somebody mentioned discount or coupon, but the search terms that they proposed even after Judge Waldor ordered them to narrow their request are exactly what Mr. Dunlap just said -- JUDGE WOLFSON: It's not going to happen."). Accordingly, JJHCS declines to run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer")

For the same reason, JJHCS also declines to run the following terms, which are not designed to capture documents concerning the "new terms and conditions for both its Stelara and Tremfya medications":

- Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

Elizabeth H. Snow, Esq.
February 15, 2024
Page 7

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

      JJHCS agrees to the remainder of SaveOnSP's proposed terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), so long as those documents also mention Stelara and Tremfya (as modified in red font below):

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) <span style="color:red">AND (Stelara OR Tremfya)</span>

- (eligib* or ineligib*) AND "out-of-pocket cost" <span style="color:red">AND (Stelara OR Tremfya)</span>

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") <span style="color:red">AND (Stelara OR Tremfya)</span>

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

      In addition, JJHCS will consider running the following terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), subject to SaveOnSP's agreement that these modifications will resolve SaveOnSP's requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer"))

              *     *     *

      JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

            Very truly yours,

            */s/ Julia Long*
            Julia Long

Case 2:22-cv-02632-JKS-CLW Document 317-8 Filed 03/08/24 Page 45 of 63 PageID: 23410

# Exhibit 8

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 22, 2024

**<u>Via E-mail</u>**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding the search terms for the newly court-ordered custodians, and in response to J&J's February 15, 2024 letter. SaveOn asks that for each of the agreed-upon terms,[1] that J&J promptly commence reviewing and producing those documents and estimate when it will substantially complete that production. As J&J is aware, the CAP terms are the subject of SaveOn's February 16, 2024 motion to Judge Wolfson; SaveOn does not address those terms in this letter, and reserves all rights.

**I.      CAP Custodians**

SaveOn did not concede that the following search terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

which SaveOn requested for the CAP custodians (Kinne, Longbothum, Shontz, Hoffman, Barklage, Platt), describe only SaveOnSP's "business model." ▮

---

[1] A list of the agreed-upon terms is found at Exhibit 1.

████████████████████████████████████████████████
████████████████████████████████ JJHCS_0001200. Nor would describing SaveOn's business model make the documents irrelevant to the CAP Program. The purpose of the CAP program is to understand the business model of accumulators, maximizers, and SaveOn, and craft a response. *See* JJHCS_00001209 ████████████████████
████████████████████████████████████████████ Notably, JJHCS_00001209 (among others) would not be captured by any of J&J's agreed-upon search terms, and J&J cannot dispute its relevance to the CAP program.

Please confirm that J&J will run these terms.

## II.    Scott White & Blasine Penkowski

*First*, SaveOn requested that J&J run the following search term over Scott White's and Blasine Penkowski's documents: ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)). As SaveOn explained during the meet and confer, the Court found it persuasive that "White was involved in high level discussions about the CarePath program" ██████████████████████████████████
█████████████████████████████████████████████████ Dkt. 192 at 28. SaveOn cited similar evidence in support of its motion for Penkowski. *See* Dec. 28, 2024 Ltr. to Wolfson Ex. 8.

J&J explained during the meet and confer that the term, as written, would capture statements of work for drugs not at issue in this litigation. To address that issue, SaveOn proposes the following narrowing:

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) <span style="color:red">AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRA-CLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)</span>

Please confirm that J&J will run this term.

*Second*, SaveOn requested four additional search terms for Penkowski which J&J has refused to run, claiming that they all relate to financials.

The first term—((brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*))—as SaveOn explained during the February 12 meet and confer, is drawn from Exhibit 6 to SaveOn's December 28, 2024 motion and is unrelated to J&J's financials motion. ██████████████████████████████

Julia Long
February 22, 2024

███████████████████████████████████████████████████████

JJHCS_00140929. Judge Wolfson characterized that document as "Very relevant." Hr'g Tr. at 129:6-10 ████████████████████████████████
███████

J&J objects that this search term is related to J&J's finances and is thus contrary to Judge Wolfson's Order. Not so. Judge Wolfson specifically described this document in her Order and █████████████████████████████
███████████████████████████ so it was likely she would have relevant documents. Dkt. 192 at 29. SaveOn is entitled to discovery on the group Penkowski convened in 2018 to formulate J&J's responses to accumulators, by which it included SaveOn. During the February 12, 2024 meet and confer, J&J suggested that the term returned a high number of hits. J&J has failed to substantiate its burden objection.

Please confirm that J&J will run this term.

SaveOn addresses the remaining terms in its February 15, 2024 letter regarding financials, and reserves all rights to request additional financial terms for Penkowski's documents

## III.  Karen Lade

SaveOn agrees to J&J's proposed modifications for Karen Lade's documents, which are:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR copay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

J&J's February 15, 2024 letter states that "JJHCS offers to run these modified terms, subject to SaveOnSP's agreement that these strings resolve SaveOnSP's requests with respect to these strings."

For the avoidance of doubt, SaveOn's agreement is only as to those two strings, not all strings requested for Lade. SaveOn addresses the remaining terms for Lade in its February 15, 2024 letter regarding financials, and reserves all rights to request financial terms for Lade's documents.

## IV.  Savaria Harris & Jennifer De Camara

*First*, J&J asserts that SaveOn's proposed search terms for Savaria Harris and Jennifer De Camara are improper because they do not concern the new Stelara and Tremfya T&Cs. In fact, the Court granted SaveOn's motion to add those two attorneys as custodians for communications with third-parties which sought

Julia Long
February 22, 2024

"documents 1) reflecting the decision to revise the T&Cs; 2) showing the business decision to implement the new T&Cs; and 3) enforcement of the T&Cs." Dkt. 192 at 13. In order to discuss the revision of the T&Cs, custodians are likely to have discussed the original terms and conditions being revised—the General T&Cs.

J&J declines to run the following terms regarding CarePath's General T&Cs for Harris and De Camara. SaveOn propose the following modification to target revisions to CarePath's terms and conditions:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* <span style="color:red">OR Stelara OR Tremfya</span> <s>OR "health plan*" OR insur* OR OR Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program" OR program</s>) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") <span style="color:red">AND (revis* OR edit* OR chang* OR modif*)</span>

*Second*, J&J declines to run any terms mentioning SaveOn for Harris and De Camara. *See, e.g.,* JJHCS_00033693 JJHCS_00034439 JJHCS_00002581 TRIALCARD_00000014 TRIALCARD_000000016 JJHCS_00034641 SaveOn proposes the following search terms to capture those documents, and discussions regarding the same.

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP <s style="color:red">OR "Jody Miller" OR "Ron Krawczyk"</s>

*Third*, SaveOn agrees to J&J's proposed terms for Harris' and De Camara's documents as modified:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k or 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

*Fourth*, SaveOn continues to request that J&J run the following term over Harris' and De Camara's documents: (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer")). J&J has articulated no objection as to adding that term.

Please confirm that J&J will run the above terms as modified.

*          *          *

For ease, SaveOn has compiled a list of all search terms it requests in this letter that J&J use for each custodian or set of custodians in Exhibit 2.

To the extent J&J intends to rely upon a burden objection for any search string, SaveOn requests that J&J provide the unique additional documents returned by the search string in the aggregate and for each individual term within that string.

We request a response by February 29, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 1

**JJHCS v. SaveOnSP**

Search Terms for Custodians

Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| **Scott White and Blasine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| **Karen Lade Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |

| |
|---|
| accumulator w/5 prog* |
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |

# Exhibit 2

**JJHCS v. SaveOnSP**

Proposed Search Terms for Custodians

Case No. 2:22-cv-02632-JKS-CLW

| CAP Custodians Search Terms |
|---|
| (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*) |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| "other offer" W/5 (accumulat* OR maximiz*) |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB* |
| (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare) |
| **Scott White Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ER-LEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBRE-VANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA) |
| **Blaine Penowski Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo |

| |
|---|
| OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA) |
| (brand* OR finance* OR SCG OR (strategic w/5 customer)) AND (accumulat* OR maximiz*) |
| **Karen Lade Search Terms** |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| "Save On" (*case sensitive*) |
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |
| accumulator w/5 prog* |
| PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k)) |
| **Savaria Harris and Jennifer De Camara Search Terms** |
| "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya) |
| (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya) |
| (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer")) |
| ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*) |
| (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*) |
| "Save On" (case sensitive) |

| |
|---|
| "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP |
| ((Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR ("T&C*" OR "other offer")) |

# Exhibit 9



www.pbwt.com

March 1, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re: ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
    **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

        We write in response to SaveOnSP's February 22, 2024 letter regarding search terms for the new custodians added during the January 24, 2024 conference before Judge Wolfson as well as new search terms for the CAP custodians.

## I.    CAP Custodians

        As SaveOnSP knows, the Court directed only the use of "CAP-related search terms" when searching the files of the CAP custodians,[1] including "terms that capture discussions by the custodians prior to the creation of the CAP program." Dkt. No. 192 at 26.  Despite its acknowledgment at the parties' February 12, 2024 meet and confer that two of its search strings are not "CAP-related" but instead designed to capture documents describing SaveOnSP's "business model," SaveOnSP continues to insist JJHCS run these terms:

- "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*

- (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare)

        In its February 22 letter, SaveOnSP now claims that these terms are used "as shorthand for SaveOn" and therefore must be added.  This is incorrect and a pretext for obtaining

---

[1] For the avoidance of doubt, the "CAP custodians" are Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage, and L.D. Platt.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 2

documents to which SaveOnSP is not entitled, the latest example of SaveOnSP's unwillingness to accept the Court's limitations. Just last month, SaveOnSP moved to compel JJHCS to add the CAP custodians as full custodians. After extensive briefing and argument, Judge Wolfson denied that relief, directing only "CAP-related" search terms for the period April 1, 2016 to November 7, 2023. JJHCS will only run terms that are designed to capture CAP-related documents.[2]

SaveOnSP points to JJHCS_00001209 as a document that "would not be captured" by the agreed-upon search terms, despite ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Not so. As a threshold matter, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ JJHCS has long agreed to employ these exact search terms over Mr. Jeffcoat's custodial files, including for the "refresh" period of July 1, 2022 to November 7, 2023. *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow. Moreover, although JJHCS_00001209 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



JJHCS_00001209. This document does not support SaveOnSP's position.

## II.    Scott White and Blasine Penkowski

In its February 22 letter, SaveOnSP rejected JJHCS's proposal to capture relevant Trial Card contracts and statements of work through non-custodial sources. Instead, SaveOnSP insists that JJHCS employ the search string below to search the custodial files of two apex custodians, Scott White and Blasine Penkowski:

- (TrialCard OR "Trial Card" OR TC) AND ((statement* w/5 work) OR SOW* OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR WithMe OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

SaveOnSP's latest demand cannot be squared with the Court's directions. As the Court recognized, Mr. White and Ms. Penkowski are senior executives and thus directed only "[v]ery limited" search terms be used over their custodial documents. Jan. 24, 2024 Tr. at 128:14–17. SaveOnSP's proposed search is not necessary to meet its stated goals. Even assuming *arguendo* that "the amount of funds that Plaintiff provided to Trial-Card to disburse through CarePath" is relevant, as SaveOnSP claims, such information would be readily gleaned from the non-custodial collection that JJHCS proposed. SaveOnSP has articulated no basis to support its

---

[2] Indeed, despite challenging nearly every other aspect of the Court's February 6 Order, SaveOnSP did not move to reconsider this ruling.

Elizabeth H. Snow, Esq.
March 1, 2024
Page 3

demand for additional digging through Mr. White or Ms. Penkowski's files.  Accordingly, JJHCS will not run this term.

Despite what appeared to be a productive conversation at the parties' February 12 meet and confer, SaveOnSP nonetheless continues to demand that JJHCS run the following term over Ms. Penkowski's custodial files:  (brand* OR finance* OR "SCG" OR (strategic /5 customer)) AND (accumulat* OR maximiz*).  This is disappointing.  As JJHCS has explained at least three times now, there are two fundamental problems with SaveOnSP's proposed term:  (1) the term would return any document with "finance" (or variations thereof) in the same document as "accumulator" or "maximizer," despite the Court's February 6 Order ruling that SaveOnSP's ancillary financial requests were overwhelmingly irrelevant; and (2) because Ms. Penkowski oversees the "Strategic Customer Group," these terms would result in review of every document in which "Strategic Customer Group" or "SCG" appear in a signature block.  SaveOnSP acknowledged these very points at the end of our meet and confer.  To be clear, JJHCS will not run this term.

As to the remaining search terms proposed for Ms. Penkowski's custodial files, SaveOnSP admits in its February 22 letter that those terms are related to SaveOnSP's "financial" requests.  The Court ruled that documents concerning "communications of budgetary decisions" or "return on investment" are not relevant and so JJHCS will not search for them.  Dkt. No. 192 at 19, 22.

## III.     Karen Lade

We appreciate SaveOnSP's agreeing to the modified terms that JJHCS proposed in its February 15 letter.  JJHCS agrees to run the following terms:

- PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible)

- (Max* /15 benefit*) w/50 ((chang* OR increas* OR decreas*) AND ($20,000 OR $20K OR 20k))

As to the remaining search terms for Ms. Lade's custodial files, JJHCS will not search for or review documents concerning "communications of budgetary decisions" or "return on investment," (Dkt. No. 192 at 19, 22), for the reasons stated at the February 12 meet and confer and JJHCS's February 15 letter.

## IV.     Savaria Harris and Jennifer De Camara

We appreciate that SaveOnSP has agreed to JJHCS's proposal to run SaveOnSP's search terms for the period proposed by SaveOnSP (January 1, 2021 to November 7, 2023), over Ms. Harris and Ms. De Camara's communications with third parties, so long as those documents

Elizabeth H. Snow, Esq.
March 1, 2024
Page 4

also mention Stelara and Tremfya.  For the avoidance of doubt, JJHCS agrees to run the following terms:

- "other offer" W/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) AND (Stelara OR Tremfya)

- (eligib* or ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya)

- (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya)

- ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya)

       JJHCS also proposed a fifth term (listed below), subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara.  In its February 22 letter, SaveOnSP rejects JJHCS's compromise proposal, but nonetheless demands JJHCS continue to run its compromise term because JJHCS "articulated no objection as to adding that term."  Feb. 22, 2024 Ltr. from E. Snow to J. Long at 5.  This argument makes little sense—and indeed, is designed to disincentivize JJHCS from proposing broad counterproposals in the future.  In a renewed effort to reach compromise, JJHCS proposes a modified version of that term (with changes in red), again subject to SaveOnSP's agreement that the term would resolve SaveOnSP's remaining requests with respect to Ms. Harris and Ms. De Camara:

- (Stelara OR Tremfya) W/25 ((term* w/3 condition*) OR "T&C*" OR "other offer" OR "any other coupon, discount, prescription savings card"))

       JJHCS declines to run the remaining terms at issue.  Unlike the terms above, which SaveOnSP recognize should be limited to documents mentioning "Stelara" or "Tremfya," SaveOnSP claims that *five* additional search strings untethered to Stelara or Tremfya are warranted because Ms. Harris and Ms. De Camara "are likely to have discussed the original terms and conditions being revised" in the context of the Stelara and Tremfya revisions.  This makes no sense.  Documents about changes to the Stelara and Tremfya terms and conditions necessarily will mention either "Stelara" or "Tremfya"—and it is telling that SaveOnSP does not cite to a single document to support its contrary view.  Accordingly, JJHCS will not run the following terms:

- ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz* OR Stelara OR Tremfya) AND (revis* OR edit* OR chang* OR modif*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (revis* OR edit* OR chang* OR modif*)

Elizabeth H. Snow, Esq.
March 1, 2024
Page 5

       For the same reason, JJHCS also declines to run variations of the term "SaveOn" over Ms. Harris and Ms. De Camara's custodial documents.[3]  Even if ██████████ ████████████████████████████████████████████████████████ that alone is not a basis to review thousands of documents containing the word "SaveOn" without any connection to the terms and conditions or the products—i.e., Stelara and Tremfya—at issue.  Rather, this appears to be a blatant attempt to expand the scope of the Court's February 6 Order to encompass RFP No. 8.  This is not what Judge Wolfson ordered.  *See* Dkt. No. 192 at 13-14.  Nor is there a need to run these terms: JJHCS already has agreed to run the exact terms over the files of ***twenty-six*** other JJHCS custodians from April 1, 2016 to November 7, 2023.

*    *    *

       JJHCS remains available to meet and confer with respect to SaveOnSP's proposed search terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[3] In its February 22 letter, SaveOnSP demands the following search terms:

- Save On" (*case sensitive*)
- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP