**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated August 9, 2024 [ECF No. 349] | Letter motion contains reference to information stored by Save On SP, LLC ("SaveOn") including data generated when patients on SaveOn-advised plans fill their prescriptions, comprising proprietary business information. *See* ECF No. 349. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 1 to Letter dated August 9, 2024 [ECF No. 349] | Exhibit 1 is a letter from counsel for SaveOn to counsel for Johnson & Johnson Health Care Systems, Inc. ("J&J"). The letter explains SaveOn's process for contacting patients and recording those calls, comprising proprietary business information. *See* ECF No. 349 at Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 2 to Letter dated August 9, 2024 [ECF No. 349] | Exhibit 2 is a letter from counsel for SaveOn to counsel for J&J. The letter references internal weekly emails sent to SaveOn employees, containing proprietary business and marketing information about SaveOn. *See* ECF No. 349 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to Letter dated August 9, 2024 [ECF No. 349] | Exhibit 3 is a letter from counsel for SaveOn to counsel for J&J. The letter explains how SaveOn-advised plans calculate the amount of patient responsibility for prescriptions and references data generated when patients on SaveOn-advised plans fill their prescriptions, comprising proprietary business information. *See* ECF No. 349 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to Letter dated August 9, 2024 [ECF No. 349] | Exhibit 4 is a letter from counsel for SaveOn to counsel for J&J. The letter references data generated when patients on SaveOn-advised plans | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| | fill their prescriptions, comprising proprietary business information. *See* ECF No. 349 at Ex. 4. | be disclosed to competitors and other market participants. | SaveOn's proprietary business information. | | |
| Exhibit 9 to Letter dated August 9, 2024 [ECF No. 349] | Exhibit 9 is SaveOn's Responses & Objections to J&J's 12th set of RFPs. The RFPs refer to and directly quote from internal SaveOn marketing and human resources documents that were obtained by J&J during discovery, comprising proprietary business information. *See* ECF No. 349 at Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 10 to Letter dated August 9, 2024 [ECF No. 349] | Exhibit 10 is a letter from counsel for SaveOn to counsel for J&J. The letter references J&J's 12th Set of RFPs. The RFPs refer to and directly quote from internal SaveOn marketing and human resources documents that were obtained by J&J during discovery, comprising proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| | *See* ECF No. 349 at Ex. 10. | | | | |
| Exhibit 1 to Letter dated August 19, 2024 [ECF No. 353] | Exhibit 1 is SaveOn's data retention policy. The policy contains information about SaveOn's business strategy and references data generated when SaveOn employees contact patients, comprising proprietary business information. *See* ECF No. 353 at Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 2 to Letter dated August 19, 2024 [ECF No. 353] | Exhibit 2 is a letter from counsel for J&J to counsel for SaveOn. The letter references J&J's 12th Set of RFPs. The RFPs refer to and directly quote from internal SaveOn marketing and human resources documents that were obtained by J&J during discovery, comprising proprietary business information. *See* ECF No. 353 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

4

| Exhibit 4 | Exhibit 4 is a letter from counsel for J&J to counsel for SaveOn. The letter references J&J's 12th Set of RFPs. The RFPs refer to and directly quote from internal SaveOn human resources documents that were obtained by J&J during discovery, comprising proprietary business information. *See* ECF No. 353 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 7 to Letter dated August 19, 2024 [ECF No. 353] | Exhibit 7 is a letter from counsel for SaveOn to counsel for J&J. The letter references third-party vendors SaveOn contracts with and describes the business relationship between the vendors and SaveOn. The letter also explains private business meetings between SaveOn and Express Scripts, Inc., comprising proprietary business information. *See* ECF No. 353 at Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 8 to Letter dated August 19, 2024 [ECF No. 353] | Exhibit 8 is a letter from counsel for SaveOn to counsel for J&J. The letter describes internal SaveOn messages produced to J&J during discovery that reference SaveOn's strategy for communicating with patients, comprising proprietary business information. *See* ECF No. 353 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

6