E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com
sgalli@rc.com

Philippe Z. Selendy (admitted *pro hac vice)*
Andrew R. Dunlap (admitted pro hac vice)
Meredith Nelson (admitted pro hac vice)
Elizabeth H. Snow (admitted pro hac vice)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION TO SEAL** |

This matter having been opened before the Court upon the Defendant Save On SP, LLC's ("SaveOn") Motion to Permanently Seal portions of Johnson and Johnson Health Care Systems, Inc.'s ("J&J") August 9, 2024 Motion to Compel Document Retention Policies and Exhibits 1-4, 9-10 [ECF No. 349] and Exhibits 1-2, 4, 7-8 of SaveOn's Opposition [ECF No. 353], and the

Court having considered the submissions in support of, and any opposition to the Motion if any, as well as the arguments of counsel, if any; and for good cause shown, the Court finds:

## FINDINGS OF FACT

1. The information that SaveOn seeks to seal consists of SaveOn's proprietary business information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the Motion, the Court concludes that SaveOn has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that (a) J&J August 9, 2024 Motion to Compel Document Retention Policies and Exhibits 1-4, 9-10 [ECF No. 349] and Exhibits 1-2, 4, 7-8 of SaveOn's Opposition [ECF No. 353] therein contains confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this

information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**BASED UPON** the foregoing findings of fact and conclusions of law:

**IT IS** on this _____ day of _____, 2024, **ORDERED** that SaveOn's Motion to Seal is hereby **GRANTED**; and it is **FURTHER ORDERED** that the materials identified in Appendix A to the Declaration of E. Evans Wohlforth, Jr. are hereby **PERMANENTLY SEALED**.

_____
Special Master Hon. Freda L. Wolfson (ret.)