UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **SPECIAL MASTER ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having been opened before the Court, and referred to the undersigned Special Master, upon the Defendant Save On SP, LLC's ("SaveOn") Motion to Permanently Seal [ECF No. 358] portions of (a) Johnson and Johnson Health Care Systems, Inc.'s ("Plaintiff") April 17, 2024 Motion to Compel Production of Communications with Third Parties and Exhibits 1-28 [collectively, ECF No. 253]; SaveOn's April 29, 2024 Opposition and Exhibits 2-19 [ECF No. 326]; and J&J's May 6, 2024 Reply [ECF No. 278]; (b) SaveOn's May 3, 2024 Opposition to Plaintiff's April 29, 2024 Motion to Compel Relating to SaveOn's Adapt Program and Exhibits 4-10 [ECF No. 327]; (c) Plaintiff's May 3, 2024 Motion to Compel Production of Non-Medical Switching Documents and Exhibits 1-2, 4-9, 11-14, 16, 20 [collectively, ECF No. 275]; SaveOn's May 14, 2024 Opposition and Exhibits 1-2 [ECF No. 328]; and Plaintiff's May 21, 2024 Reply [ECF No. 301]; (d)

Plaintiff's May 10, 2024 Motion to Compel Regarding SaveOn Custodians and Exhibits 1-5, 6, 8-17, 19, 21 [collectively, ECF No. 284]; SaveOn's May 21, 2024 Opposition and Exhibits 1-2, 6, 9-10 [ECF No. 329]; and Plaintiff's May 29, 2024 Reply [ECF No. 304]; the Special Master having considered the submissions in support of, and no objections having been filed, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law under L. Civ. R. 5.3(c)(6):

## FINDINGS OF FACT

1. The information that SaveOn seeks to seal consists of SaveOn's proprietary business information and patients' confidential health information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. Indeed, no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information and of confidential patient

health information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## CONCLUSIONS OF LAW

1. SaveOn has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, SaveOn has shown that: (a) J&J's April 17, 2024 Motion to Compel Production of Communications with Third Parties and Exhibits 1-28 [collectively, ECF No. 253]; SaveOn's April 29, 2024 Opposition and Exhibits 2-19 [ECF No. 326]; and J&J's May 6, 2024 Reply [ECF No. 278]; SaveOn's May 3, 2024 Opposition to J&J's April 29, 2024 Motion to Compel Relating to SaveOn's Adapt Program and Exhibits 4-10 [ECF No. 327]; J&J's May 3, 2024 Motion to Compel Production of Non-Medical Switching Documents and Exhibits 1-2, 4-9, 11-14, 16, 20 [collectively, ECF No. 275]; SaveOn's May 14, 2024 Opposition and Exhibits 1-2 [ECF No. 328]; and J&J's May 21, 2024 Reply [ECF No. 301]; J&J's May 10, 2024 Motion to Compel Regarding SaveOn Custodians and Exhibits 1-5, 6, 8-17, 19, 21 [collectively, ECF No. 284]; SaveOn's May 21, 2024 Opposition and Exhibits 1-2, 6, 9-10 [ECF No. 329]; and J&J's May 29, 2024 Reply [ECF No. 304] therein contains confidential information; (b) SaveOn has a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this

information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

3. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

For the reasons set forth above, and for good cause shown,

**IT IS** on this 10th day of September, 2024,

**ORDERED** that SaveOn's Motion to Seal [ECF No. 358] is hereby **GRANTED**; and it is further

**ORDERED** that the materials and information identified in Appendices A-D to the Declaration of E. Evans Wohlforth, Jr., filed in support of the instant motion, which include filings under ECF Nos. 253, 326, 278, 327, 275, 328, 284, 329 and 304, are hereby **PERMANENTLY SEALED**; and it is further

**ORDERED** the SaveOn is directed to file the redacted versions of the filings identified in this Order, including all exhibits, consistent with their proposed redactions submitted herewith.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master