E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com
sgalli@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JKS)(CLW)<br><br>*Document Electronically Filed*<br><br>**DECLARATION OF<br>E. EVANS WOHLFORTH, JR., ESQ.,<br>IN SUPPORT OF<br>MOTION TO SEAL** |

    I, E. Evans Wohlforth, Jr., submit this Declaration in support of Defendant Save On SP, LLC's ("SaveOn") and Johnson and Johnson Health Care Systems Inc.'s ("JJHCS") Joint Motion to Permanently Seal Portions of JJHCS's August 12, 2024 Motion to Compel Pre-2016

12637730 v1

Documents and Exhibits 4-8, 11-16, 18-20 [ECF No. 350], SaveOn's August 22, 2024 Opposition and Exhibits 2, 4-8 [ECF No. 354], and JJHCS's August 29, 2024 Reply [ECF No. 361].

1. I am an attorney duly authorized to practice law in the State of New Jersey and a member in good standing of the bar of this Court. I am a member of the law firm of Robinson & Cole, LLP, co-counsel for SaveOn.

**SaveOn Confidential Information**

2. I submit this Certification in accordance with Local Civil Rule 5.3 based upon my personal knowledge in support of the Motion to Seal. The information that SaveOn seeks to seal consists of SaveOn's confidential, internal information and communications about its business operations, strategies, and internal programs, which SaveOn asserts is proprietary business information.

3. In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Appendix A contains the table documenting all materials to be sealed by SaveOn, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available. In summary, the information that SaveOn seeks to protect from public disclosure is SaveOn's proprietary business information.

4. In accordance with Local Rule 5.3(c)(3)(f), this office contacted Plaintiff's counsel via e-mail to inquire as to Plaintiff's position on whether the materials that are the subject of this Motion should remain sealed. Plaintiff's counsel does not object to the relief sought in this instant motion.

5. Redacted versions of JJHCS's August 12, 2024 Motion to Compel Pre-2016 Documents and Exhibits 7, 8, 18-20 [ECF No. 350] and SaveOn's August 22, 2024 Opposition [ECF No. 354], containing SaveOn's confidential information, are being filed with this Motion pursuant to Local Rule 5.3(c)(4), to ensure that the sealing is by the least restrictive means possible. No redacted versions of Exhibits 4-6, 11-16 of JJHCS's motion [ECF No. 350] and Exhibits 2, 5-6 of SaveOn's Opposition [ECF No. 354] are being filed because it is believed that no less restrictive alternative than permanently sealing those exhibits will prevent the disclosure of SaveOn's proprietary business information.

6. SaveOn asserts that it has a legitimate interest in maintaining the confidentiality of the redacted and sealed information contained in these filings and in avoiding the public disclosure of this information because it includes SaveOn's proprietary business information, the disclosure of which would grant SaveOn's business competitors an unfair competitive advantage. *See e.g.*, *Goldenberg v. Indel, Inc*., 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc*., 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

7. SaveOn has an interest in maintaining the confidentiality of the redacted information contained in the JJJHCS's August 12, 2024 Motion to Compel pre-2016 Documents and Exhibits 4-8, 11-16, 18-20 [ECF No. 350] and SaveOn's August 22, 2024 Opposition and Exhibits 2, 5-6 [ECF No. 354] as the documents contain proprietary business information including communications regarding SaveOn's business strategies, business projections, proposed business

plan, operations, and personnel. The documents also contain internal, confidential PowerPoints regarding SaveOn's service offerings and confidential contracts with SaveOn's vendors.

8. Accordingly, SaveOn respectfully requests that the Court seal the unredacted versions of JJHCS's August 12, 2024 Motion to Compel pre-2016 Documents and Exhibits 4-8, 11-16, 18-20 [ECF No. 350] and SaveOn's August 22, 2024 Opposition and Exhibits 2, 5-6 [ECF No. 354].

9. SaveOn submits that there is no less restrictive alternative available.

10. SaveOn respectfully submits that it has satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, SaveOn requests that the Court grant its motion to seal materials.

**JJHCS Confidential Information**

11. In support of this motion, JJHCS has prepared an index setting forth the information that it seeks to seal and the basis for the request (the "JJHCS Confidential Materials"). A copy of this index is attached hereto as Appendix B.

12. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

13. In opposition to JJHCS's August 12, 2024 Motion to Compel Pre-2016 Documents (the "Motion to Compel,") SaveOn filed materials confidential to JJHCS, including three emails containing confidential business information and strategy concerning its patience assistance (*see* Exhibits 4, 7, & 8 to ECF No. 354).

14. JJHCS designated its production of these emails as Confidential - Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62.)

15. As detailed on Appendix B, JJHCS proposes the sealing of the entirety of Exhibits 4, 7, and 8 to the SaveOn Response, along with limited redactions to SaveOn's August 22, 2024 letter opposition and JJHCS's August 29, 2024 letter reply (ECF No. 361) (the "JJHCS Confidential Materials"). JJHCS's proposed redactions pertain entirely to discussion of the confidential exhibitsl.

16. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, JJHCS asserts that its interest in maintaining the confidentiality of these documents is paramount.

17. The parties have continued to safeguard and protect the confidentiality of the JJHCS Confidential Materials during the course of this action. *See* ECF No. 62.

18. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, JJHCS asserts that disclosure of this confidential information serves no useful purpose.

19. JJHCS asserts that sealing of the JJHCS Confidential Materials is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

20. JJHCS is not aware of any objection to having the JJHCS Confidential Materials being sealed.

21. Accordingly, JJHCS requests that the Court grant its motion to seal the JJHCS Confidential Materials.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

12637730 v1

Dated:  September 12, 2024

By: s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10017
Tel: (212) 451-2900
ewohlforth@rc.com
sgalli@rc.com

and

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

12637730 v1