**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated August 12, 2024 [ECF No. 350] | Letter motion contains: (1) references to Save On SP, LLC's ("SaveOn") early business strategy; (2) descriptions of internal SaveOn documents produced during discovery discussing SaveOn's early strategic decisions and operations; and (3) direct quotes from email exchanges between attorneys regarding SaveOn's business operations. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No. | No objection |
| Exhibit 4 to letter dated August 12, 2024 [ECF No. 350] | Exhibit 4 is an email thread between SaveOn employees and ESI regarding communications about SaveOn's services with a client. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | | be disclosed to competitors and other market participants. | | | |
| Exhibit 5 to letter dated August 12, 2024 [ECF No. 350 | Exhibit 5 is an email thread between SaveOn employees and ESI regarding SaveOn's business projections and communications with a prospective client. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 6 to letter dated August 12, 2024 [ECF No. 350 | Exhibit 6 is an email thread between SaveOn, ESI and Accredo personnel regarding a perceived competitor and SaveOn's strategy in response to that competitor. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 7 to letter dated August 12, 2024 [ECF No. 350 | Exhibit 7 is letter from Johnson & Johnson Health Care Systems, Inc.'s ("J&J") counsel to SaveOn's counsel that quotes directly from SaveOn documents that discuss SaveOn operations with clients | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | and SaveOn's relationship with ESI. | | | | |
| Exhibit 8 to letter dated August 12, 2024 [ECF No. 350 | Exhibit 8 is an email thread between J&J's counsel and SaveOn's counsel in which SaveOn's counsel provides confidential information regarding SaveOn's business operations and strategies. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 11 to letter dated August 12, 2024 [ECF No. 350 | Exhibit 11 is an internal SaveOn document describing SaveOn's proposed business operations. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 12 to letter dated August 12, 2024 [ECF No. 350 | Exhibit 12 is a PowerPoint presentation describing SaveOn's services and offerings for clients. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 13 to letter dated August 12, 2024 [ECF No. 350] | Exhibit 13 is an email between Claudia Dunbar and Jill Stearns attaching a document describing SaveOn's business operations and action items. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 14 to letter dated August 12, 2024 [ECF No. 350] | Exhibit 14 is an email from Claudia Dunbar to Gary Meyn discussing SaveOn's marketing strategy and attaching a document identifying a SaveOn client. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 15 to letter dated August 12, 2024 [ECF No. 350] | Exhibit 15 is a PowerPoint presentation regarding SaveOn's launch strategy, operations, and personnel. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 16 to letter dated | Exhibit 16 is an agenda listing topics for discussion between | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | | No objection |

| | | | | | |
|---|---|---|---|---|---|
| August 12, 2024 [ECF No. 350] | senior SaveOn personnel. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business information. | | |
| Exhibit 18 to letter dated August 12, 2024 [ECF No. 350] | Exhibit 18 is a letter from J&J's counsel to SaveOn's counsel which describes and quotes from SaveOn documents that discuss SaveOn's marketing strategies, call center technology, a client identity, staffing needs and internal organization. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 19 to letter dated August 12, 2024 [ECF No. 350] | Exhibit 19 is a letter from SaveOn's counsel to J&J's counsel which describes and quotes from SaveOn documents that include drafts regarding the explanation of SaveOn's services and provides personal details about SaveOn personnel. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 20 to letter dated August 12, | Exhibit 20 is a letter from SaveOn's counsel to J&J's counsel which describes SaveOn documents and provides | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to | | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| 2024 [ECF No. 350 | personal details about SaveOn personnel. | non-public business information and strategy be disclosed to competitors and other market participants. | prevent the disclosure of SaveOn's proprietary business information. | | |
| Letter dated August 22, 2024 [ECF No. 354] | Letter opposition contains descriptions of SaveOn documents that include presentations about SaveOn's operations and details of SaveOn's correspondence with a manufacturer. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No. | No objection |
| Exhibit 2 to letter dated August 22, 2024 [ECF No. 354] | Exhibit 2 is a contract between ESI and SaveOn describing in detail the partnership between the two entities. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |
| Exhibit 5 to letter dated August 22, 2024 [ECF No. 354] | Exhibit 5 is an email from SaveOn's founder and an accompanying PowerPoint describing SaveOn's services. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |

6

| | | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 6 to letter dated August 22, 2024 [ECF No. 354] | Exhibit 6 is an email from SaveOn's founder discussing SaveOn's operations. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | | No objection |