# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **ORDER GRANTING MOTION TO SEALING** |

**THIS MATTER** having been opened before the Court, and referred to the undersigned Special Master, upon Save On SP, LLC's ("SaveOn") and Johnson and Johnson Health Care Systems Inc.'s ("JJHCS") Motion to Permanently Seal [ECF No. 379] portions of JJHCS's August 12, 2024 Motion to Compel pre-2016 Documents and Exhibits 48, 11-16, 18-20 [ECF No. 350], SaveOn's August 22, 2024 Opposition and Exhibits 2, 4-8 [ECF No. 354], and JJHCS's August 29, 2024 Reply [ECF No. 361]. The Special Master having considered the submissions in connection with the Motion to Seal, and no objections having been made, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

## FINDINGS OF FACT AS TO SAVEON

1. The information that SaveOn seeks to seal consists of SaveOn's proprietary business information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary

non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3.  It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information and of confidential patient health information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## **CONCLUSIONS OF LAW AS TO SAVEON**

1.  Upon consideration of the papers submitted in support of the Motion, SaveOn has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal; that is: (a) JJHCS's August 12, 2024 Motion to Compel pre-2016 Documents and Exhibits 4-8, 11-16, 18-20 [ECF No. 350], SaveOn's August 22, 2024 Opposition and Exhibits 2, 5-6 [ECF No. 354], and JJHCS's August 29, 2024 Reply [ECF No. 361] therein contains confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2.  The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO JJHCS

1. As to JJHCS's request to seal its confidential materials, Exhibits 4, 7, and 8 to the SaveOn Response, along with limited redactions to SaveOn's August 22, 2024 letter opposition (ECF No. 354) and JJHCS's August 29, 2024 letter reply (ECF No. 361) (the "JJHCS Confidential Materials"), contain information that is non-public business, trade secret and/or proprietary information involving the administration of JJHCS's patient assistance and the JJHCS business.

2. The JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

3. The parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

4. JJHCS would suffer substantial and specific harm, including but not limited to, potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

5. No less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

6. For these reasons, good cause exists for protecting the JJHCS Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

**ACCORDINGLY,** based upon the foregoing findings of fact and conclusions of law and good cause shown:

 **IT IS** on this 3rd day of October 2024,

**ORDERED** that the Joint Motion to Seal is hereby **GRANTED**; and it is further

**ORDERED** that the materials identified in Appendices A-B to the Declaration of E. Evans Wohlforth, Jr. are hereby **PERMANENTLY SEALED**; and it is further

**ORDERED** that the Clerk of Court shall maintain the unredacted versions of ECF Nos. 350, 354, and 361 under seal; and it is further

**ORDERED** that the parties are directed to file the redacted versions of ECF Nos. 350, 354 and 361, including all exhibits, consistent with its proposed redactions identified in Appendices A-B to the Declaration of E. Evans Wohlforth, Jr.

*/s/     Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master