SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | : : : | Hon. Jamel K. Semper, U.S.D.J. Hon. Cathy L. Waldor, U.S.M.J. Hon. Freda L. Wolfson, Special Master |
| vs. | : | |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | : : | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendants. | | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L.

Civ. R. 5.3(c)(3), I submit this Declaration in support of JJHCS's motion to seal the letters and supporting exhibits filed by the parties in connection with the motion by defendant Save On SP, LLC's ("SaveOnSP") to compel JJHCS to search for and produce documents regarding the meaning of the May-Not-Use Provision, dated August 23, 2024 (the "May-Not-Use Motion"), with related briefing on September 10 and September 19, 2024 (ECF Nos. 355, 377 & 387, filed August 27, September 10, and September 20).

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. The parties seek to seal portions of ECF Nos. 355, 377 and 387 in accordance with L. Civ. R. 5.3(c).

3. Attached hereto as Exhibits A, B, and C, respectively, are the proposed public versions of the May-Not-Use Motion and related briefing. As shown in these exhibits, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto (the "Confidential Materials").

4. L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the

relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5. In support of this motion, JJHCS has prepared an index setting forth the information sought to be sealed and the basis for the request. Attached hereto as Exhibit D is JJHCS's index detailing its proposed redactions to the May-Not-Use Motion.

6. SaveOnSP does not object to the sealing of any of the confidential materials subject to this motion.

7. The Complaint alleges that SaveOnSP pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1). The Complaint asserts two causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

8. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62).

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program and treatment

of CarePath's terms and conditions. Certain of these documents are attached as exhibits to or discussed within ECF Nos. 355, 377 and 387 and include confidential presentations.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

11. As detailed in Exhibit D, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

12. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

13. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action.

14. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

15. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 8, 2024.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
