SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| vs. | Hon. Cathy L. Waldor, U.S.M.J. |
| | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **ORDER GRANTING MOTION TO SEAL** |
| Defendants. | |

THIS MATTER having been brought to the Court upon the motion of plaintiff Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), by and through

its attorneys, seeking an order (a) permanently maintaining under seal the letters and supporting exhibits filed by the parties in connection with defendant Save On SP, LLC's Motion to Compel JJHCS to search for and produce documents regarding the meaning of the May-Not-Use Provision, dated August 23, 2024 (the "May-Not-Use Motion"), with related briefing on September 10 and September 19, 2024 (ECF Nos. 355, 377 & 387, filed August 27, September 10, and September 20); and (b) permitting JJHCS to file the proposed public versions of ECF Nos. 355, 377 & 387, attached as Exhibits A, B, and C, respectively, to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion; and the Court having considered the motion, the Court makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

(1) The Court finds that the letters and the exhibits thereto (collectively, "the Confidential Materials") contain information that is non-public business, trade secret or proprietary information pertaining to the administration of the CarePath program and treatment of CarePath's terms and conditions.

(2) The Court further finds that the Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the Confidential Materials, including throughout the

pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

(5) The Court further finds that no less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

(6) For these reasons, good cause exists for protecting the Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

IT IS ON THIS _____ day of _____, 2024;

ORDERED, that pursuant to L. Civ. R. 5.3, the Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and ECF Nos. 355, 377 and 387 are hereby permanently SEALED; and it is further

ORDERED that the Clerk of Court shall maintain the unredacted versions of the May-Not-Use Motion at ECF Nos. 355, 377 and 387 under seal; and it is further

ORDERED that JJHCS is directed to file the redacted versions of the May-Not-Use Motion, including all exhibits, consistent with their proposed redactions submitted herewith.

 

HON. FREDA L. WOLFSON (ret.)
SPECIAL MASTER