# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

August 30, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
       **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") to search for and produce documents regarding J&J's mitigation efforts by its vendors TrialCard and RISRx.

"An injured party must take reasonable steps to mitigate its damages, or else damages will not be recovered to the extent that the injured party could have avoided his losses through reasonable efforts without undue risk, burden or humiliation." *Natreon, Inc. v. Ixoreal Biomed, Inc.*, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) (citations omitted). Whether J&J failed to take "reasonable steps" to mitigate is determined in the context of "all the facts and circumstances or each case, and … judged in the light of one viewing the situation at the time the problem was presented."

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                          Page 2

*Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 259 (3d Cir. 2008) (citation omitted). SaveOn is entitled to discovery regarding whether J&J mitigated its damages. *See, e.g., Hite v. Peters*, 2009 WL 1748860, at *4 (D.N.J. June 19, 2009) ("The Court concludes that Defendant is entitled to discovery of documents bearing on mitigation.").

The only purported mitigation action that J&J has asserted that it took was attempts to identify patients on SaveOn-advised plans. *See* July 15, 2024 Tr. at 41:17-42:5 (confirming that "the expenditure of resources to identify patients in the SaveOnSP program," is the only mitigation effort J&J has identified). These efforts ran through TrialCard and RISRx. Ex. 1 at 4, 6 (Jan 31, 2024 J&J Supp. Interrog. Resps.) (█████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
███████████████████████████████████").

As Your Honor is aware, TrialCard is the primary administrator of CarePath. *See* Dkt. 307 at 3. ████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
███████████████████████████████████████████TrialCard
employee); Ex. 5 (JJHCS_00001497) (CAP work order between J&J and TrialCard).

J&J also worked with at least one other vendor, RISRx, to identify patients on health plans advised by SaveOn. ███████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

SaveOn needs documents relating to TrialCard's and RISRx's efforts to identify patients on SaveOn-advised plans, accumulators, or maximizers to prove that J&J partially or wholly failed to mitigate its purported damages. J&J's enforcement (or lack of enforcement) of its terms and conditions is also relevant to the meaning of those T&Cs, as well as to SaveOn's laches and acquiescence affirmative defenses. *See* Dkt. 85 at ¶¶ 24-38. J&J has also indicated in its proposed amended complaint that it intends to seek damages for its mitigation efforts, Prop. Am. Compl. ¶ 193, which would include this work by TrialCard and RISRx.

## I.    TrialCard Search Terms

Because TrialCard is the day-to-day operator of CarePath, J&J would have discussed any actions that it took to mitigate its damages with TrialCard. To identify documents regarding Trial-Card's work to design and implement the CAP program and to identify patients on accumulators,

Hon. Freda L. Wolfson                                                    Page 4

maximizers, and plans advised by SaveOn, SaveOn requested that J&J run the following two

search terms for the period April 1, 2016 through November 7, 2023:

- TrialCard **w/40** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjust-
  ment program")

- (TrialCard **w/25** identif*) **AND** (accumulat* OR maximiz* OR CAPa OR CAPm
  OR "adjustment program" OR EHB OR NEHB)

Ex. 11 (Aug. 9, 2024 Ltr.). J&J refused and instead proposed a single search term:

- (TrialCard **w/25** identif*) **w/25** (accumulat* OR maximiz* OR CAP OR CAPa OR
  CAPm OR "adjustment program" OR EHB OR NEHB)

Ex. 12 at 2-3 (July 12, 2024 Ltr.). J&J's proposal tries to blend SaveOn's two distinct terms and

ends up with a term too narrow to accomplish the goals of either one.

SaveOn's first proposed term targets TrialCard's analysis of the impact of accumulators,

maximizers, and SaveOn on the CarePath program and its analysis of the effectiveness of the CAP

program. TrialCard regularly performed such analyses as the entity closest to the day-to-day op-

erations of that program. ████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

SaveOn's requested term reveals many relevant documents that J&J's proposed term would

exclude, as running those terms over J&J's productions to date confirms. ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Hon. Freda L. Wolfson                                                    Page 5

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████

SaveOn's second proposed search term targets TrialCard's efforts to identify patients on maximizers, accumulators, and SaveOn-advised plans. J&J alleges that it could not reduce copay assistance payments without an "unacceptable risk that individual patients may be misidentified" and that "any attempt to reduce copay assistance on a patient-by-patient basis" is "unworkable" because of "[t]he secretive nature of SaveOnSP's operations." Dkt. 1 at ¶ 101. SaveOn is entitled to investigate the veracity of these allegations. ██████████████████████████████

████████████████████████████████████████████████████████

SaveOn's second proposed search term is also likely to identify documents that J&J's proposed term would exclude—including documents showing that TrialCard was able to identify patients on SaveOn-advised plans, accumulators, or maximizers. ███████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████ Such evidence disproves J&J's assertions that it could not reliably identify patients, undercutting one of its key allegations.

J&J asserts that SaveOn's proposed search terms are unduly burdensome, but they identify only 11,304 and 3,586 documents (including families), respectively, Ex. 21 (Aug. 1, 2024 Ltr.).

Hon. Freda L. Wolfson                                                                    Page 6

This is hardly burdensome in the context of this case and particularly given the importance of the documents sought. J&J also points to other search terms that it is using to identify documents regarding TrialCard's work on the CAP program, but they do not target J&J's mitigation efforts like the ones proposed here; the fact that these search terms return additional documents indicates that J&J has additional relevant documents to be produced.

## II.    RISRx Search Term

To capture documents regarding RISRx's work on the CAP program to identify and "segment" patients on accumulators, maximizers, and plans advised by SaveOn, SaveOn requested that J&J run the following search term for the period April 1, 2016 through November 7, 2023:

- ("RIS" OR "RISRx") **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

J&J refused, agreeing only to run the term using a "w/25" connector. Ex. 21 (Aug. 1, 2024 Ltr.). SaveOn's version would require J&J to review only an additional 239 documents, inclusive of families. *See* Ex. 12 (July 12, 2024 Ltr.) (SaveOn's proposal—w/50—identifies 984 additional documents; J&J's counterproposal—w/25—identifies 745 additional documents). J&J thus has no argument that SaveOn's requested term is unduly burdensome. Nor has J&J made any argument contesting the relevance of the additional proposed terms.

J&J instead says that Your Honor's May 9, 2024 Order "hold[s] that 'w/50' proximity limiters are generally overbroad." Ex. 21 (Aug. 1, 2024 Ltr.); *see also* Ex. 12 (July 12, 2024 Ltr.) ("JJHCS objects to SaveOnSP's search term, which contains an overbroad 'w/50' proximity limiter contrary to Judge Wolfson's guidance."); Ex. 22 at 2 (Aug. 23, 2024 Ltr.) (noting J&J's position at the August 22, 2024 meet-and-confer that Your Honor's "presumptive guidance" is that a w/50 search term is categorically overbroad). SaveOn understood Your Honor to say that a "w/50" connector "may be overbroad" for the term at issue in the May 9 Order. Dkt. 283 at 3. That term

6

Hon. Freda L. Wolfson                                                    Page 7

featured the commonly used word "adapt," so a "w/50" connector might have picked up irrelevant

documents. That concern is not present here—the terms "RIS" or "RISRx" are not commonly

used, so the "w/50" connector is highly likely to identify relevant documents.[1]

Running SaveOn's and J&J's proposed search terms over the documents that J&J has al-

ready produced reveals numerous relevant documents that would be picked up by SaveOn's search

term but excluded by J&J's term. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████ &J must search for and produce such relevant doc-

uments.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

---

[1] Since Your Honor's ruling, J&J has insisted that SaveOn use a "w/50" connector in various searches and has continued to propose "AND" connectors, which are significantly broader than w/50 connectors. *See, e.g.*, Ex. 23 at 2 & n.1-3 (July 25, 2024 Ltr.).

Hon. Freda L. Wolfson                                              Page 8

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S SECOND SET OF INTERROGATORIES** |

Pursuant to the Court's November 7, 2023 Order, Johnson and Johnson Health Care Systems, Inc. ("JJHCS") submits these supplemental responses to Save On SP, LLC's ("SaveOnSP") First Set of Interrogatories (the "Interrogatories").  (*See* Dkt. No. 173.)  JJHCS reserves the right to amend, modify, or supplement these responses.

## GENERAL OBJECTIONS

JJHCS incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory.  JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1. JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2. JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3. JJHCS objects to the Interrogatories to the extent that they are vague and/or

1

ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response.  JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth.  If SaveOnSP subsequently asserts an interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.      JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.      JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.      JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.      JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

**OBJECTIONS TO DEFINITIONS**

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2

14805981

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

3.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from August 1, 2016 to the November 7, 2023.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

4.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control

14805981

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 8**

Identify each individual enrolled in CarePath that JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves has identified (through non-litigation means) as a member of a SaveOnSP-advised plan, and the date on which they made that identification.

**Response:**

In addition to the foregoing general objections, JJHCS objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks identification of "each individual" enrolled in CarePath who is also enrolled in SaveOnSP beyond those identified through any systematic efforts undertaken by JJHCS. JJHCS further objects to this Interrogatory to the extent that it seeks information protected by attorney client privilege, work product privilege, or any other applicable privilege. JJHCS further objects to this Interrogatory on the ground that the phrase "SaveOnSP-advised plan" is undefined.

Subject to the foregoing general and specific objections, based on its investigation to date, JJHCS responds as follows: ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

14805981



JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response Pursuant to the Court's November 7, 2023 Order:**

In accordance with the Court's November 7, 2023 Order, JJHCS has undertaken a reasonable investigation in order to "update [its] discovery responses (including productions)" through November 7, 2023. Subject to the general and specific objections raised in JJHCS's July 24, 2023 responses and objections, based on its investigation to date, JJHCS responds as follows:



14805981

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"

under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

Dated: January 31, 2024

                           SILLS CUMMIS & GROSS P.C.
                           One Riverfront Plaza
                           Newark, New Jersey 07102
                           (973) 643-7000

                           By:    /s/Jeffrey J. Greenbaum
                                       JEFFREY J. GREENBAUM
                                       KATHERINE M. LIEB

                           PATTERSON BELKNAP WEBB & TYLER LLP
                           Adeel A. Mangi
                           Harry Sandick (admitted *pro hac vice*)
                           George LoBiondo
                           1133 Avenue of the Americas
                           New York, New York 10036
                           (212) 336-2000

                           *Attorneys for Plaintiff*
                           *Johnson & Johnson Health Care Systems Inc.*

14805981

## CERTIFICATION

1.  I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2.  I have read the attached Responses to SaveOnSP's Second Set of Interrogatories dated

January 31, 2024.

3.  The Responses are based upon my personal knowledge, upon information supplied to me

by others, and upon JJHCS's documents, books, and records.

4.  As to Responses based upon my personal knowledge, they are true to the best of my

knowledge.  As to Responses based upon information supplied to me by others and upon JJHCS's

documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.

Dated: January 31, 2024

Debbie Kenworthy

8

14805981

# EXHIBITS 2-10
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 11

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah Miles
Associate
212.390.9055
hmiles@selendygay.com

August 9, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to your August 1, 2024 letter regarding SaveOn's request for documents regarding mitigation, and further to SaveOn's July 25, 2024 letter.

## I.     RISRx Search Term

You object to SaveOn's proposed search term regarding RISRx, stating that Judge Wolfson ruled in her May 9, 2024 order that "w/50" limiters are "generally overbroad." August 1, 2024 Ltr. from I. Eppler to H. Miles at 1. As explained in SaveOn's July 25, 2024 letter, Judge Wolfson did not make such a generalized comment, and SaveOn disagrees that search terms with a "w/50" connector are categorically overbroad.



Ian Eppler
August 9, 2024



Please confirm that J&J will run SaveOn's proposed search term:

- (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II.    TrialCard Search Terms

J&J also refuses to run SaveOn's proposed search terms regarding Trial-Card. J&J instead proposes completely removing one of SaveOn's requested search terms, even after SaveOn narrowed both search terms in the spirit of compromise.

| SaveOn's Proposed Terms | J&J's Proposed Term |
|---|---|
| TrialCard w/40 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>(TrialCard w/25 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB) | (TrialCard w/25 identif*) /25 (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB) |

SaveOn's first proposed search term is designed to pick up documents regarding any analysis that TrialCard did for J&J regarding the impact of accumulators or maximizers on the CarePath program, or analysis of the CAP program, which TrialCard implemented on J&J's behalf, and which has been repeatedly found to be relevant.



Ian Eppler
August 9, 2024



J&J's proposed search term—which modifies SaveOn's second proposed search term by changing the "AND" connector to a "w/25" connector—is insufficient. As you know, SaveOn originally proposed that J&J run "(TrialCard w/50 identif*)" to pick up documents regarding TrialCard's work to identify patients, one of the primary mitigation techniques that J&J has disclosed. *See* June 4, 2024 Letter from H. Miles to I. Eppler at 3. To accommodate J&J's concern that this search term would pick up too many documents unrelated to the issues in this litigation, SaveOn offered to add an "AND" limiter followed by the terms "accumulator," "maximizer," "CAP," "EHB," or "NEHB."



Please confirm that J&J will run SaveOn's proposed search terms.

We request a response by August 16, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Hannah Miles

Hannah Miles
Associate

3

# Exhibit 12



www.pbwt.com

July 12, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> No. 2:22-cv-02632 (JKS) (CLW)

Dear Hannah:

We write in response to your July 1, 2024 letter, and in further to our letters of February 28, 2024, April 26, 2024, May 22, 2024, and June 13, 2024, regarding JJHCS's Responses and Objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.

## I.    Request Nos. 68 and 82

You "disagree that Judge Wolfson found that documents related to Best Price are not relevant" and again request that JJHCS "clarify whether [it] intends to produce or withhold documents regarding [its] response to accumulators, maximizers, or SaveOn in light of changes or anticipated changes to the Best Price Rule." Jul. 1, 2024 Ltr. from H. Miles to I. Eppler at 1. Without accepting your characterization of either Judge Wolfson's ruling or JJHCS's response to the 2023 Best Price Rule, we confirm—once again—that if a responsive, non-privileged document meets our search criteria, we will produce it whether or not it also touches on the Best Price Rule. We note that this is the fifth time we have confirmed this point in writing; if you have further questions, it may be more productive to discuss them in a live conferral. *See* June 13, 2024 Ltr. from I. Eppler to H. Miles at 1-2; May 22, 2024 Ltr. from I. Eppler to H. Miles at 1; May 2, 2024 Opposition to SaveOnSP's Motion to Compel Best Price Documents at 13, 16; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 4.

## II.    RISRx Search Terms—Request Nos. 58 and 59

The hit counts you requested are provided below:

Hannah Miles, Esq.
July 12, 2024
Page 2

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**984 additional documents (family inclusive)** | (RIS OR RISRx) w/25 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**745 additional documents (family inclusive)** |

As we have noted, JJHCS objects to SaveOnSP's search term, which contains an overbroad "w/50" proximity limiter contrary to Judge Wolfson's guidance. *See* May 9, 2024 Order at 3. Please confirm whether SaveOnSP will accept JJHCS's compromise proposal.

### III.    TrialCard Search Terms—Request Nos. 58 and 59

In its June 4, 2024 letter, SaveOnSP proposed two TrialCard-related search terms. You ask whether the numbers presented in JJHCS's June 13, 2024 letter "represent the number of new, unique documents that [JJHCS] would have to review" if JJHCS added those terms. July 1, 2024 Ltr. from H. Miles to I. Eppler at 2. That is correct. As we stated in that letter, one proposed term—"TrialCard /50 identif*"—elicits 26,526 additional documents (family inclusive) and the other—"TrialCard /50 (accumulator* OR maximizer *OR CAPm OR CAPa OR "adjustment program")—elicits 13,117 additional documents (family inclusive).

In your most recent letter, you narrow the first of these terms, but otherwise continue to demand the second term without modification:

- "(TrialCard /50 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard /50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

While we appreciate SaveOnSP's willingness to narrow the first term, SaveOnSP's proposed narrowing does not address our concerns. As a threshold matter, even as modified, both terms contain "w/50" and "AND" connectors, despite Judge Wolfson's admonition that the parties should use tighter proximity limiters to mitigate the burden associated with specific requests. *See* May 9, 2024 Order at 3 (noting the potential overbreadth of w/50 limiters). JJHCS also notes that, as drafted, SaveOnSP's second term has near complete overlap with the first, except that it contains a "w/50" between TrialCard and identif* before an overbroad "AND" connector to a list of seven words, including two terms unrelated to CAP or JJHCS's mitigation efforts ("EHB" or "NEHB").

In the interest of compromise, JJHCS is prepared to run the following search term to search for documents responsive to Request Nos. 58 and 59, subject to SaveOnSP's agreement that will resolve the parties' dispute over both TrialCard-related search terms: (TrialCard /25

Hannah Miles, Esq.
July 12, 2024
Page 3

identif\*) /25 (accumulat\* OR maximiz\* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB).  The addition of "w/25" proximity limiters in JJHCS's proposed term is consistent with Judge Wolfson's instructions.  *See* May 9, 2024 Order at 3.  JJHCS's proposed compromise term would require the review of 1,250 additional documents, inclusive of families.  Please confirm whether SaveOnSP will accept JJHCS's proposed compromise.

## IV.    IQVIA

Your letter proposes an expansion of the IQVIA-related search term: "IQVIA w/15 (accumulate\* OR maximiz\* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")."  JJHCS and SaveOnSP have been discussing an IQVIA-related search term for eight months, and until your July 1, 2024 letter, you had never before requested the "CAPa OR CAPm OR 'adjustment program'" modifier that you now seek.  *See, e.g.*, June 4, 2024 Ltr. from H. Miles to I. Eppler at 3 (proposing "(accumulator\* OR maximizer\* OR copay OR co-pay OR CAP)" modifier); Nov. 30, 2023 Ltr. from E. Snow to G. LoBiondo at 2 (proposing "(accumulate\* OR maximiz\* OR CAP\*)" modifier).  However, in the interest of compromise, and reserving all rights, JJHCS agrees to run SaveOnSP's proposed term over the custodial files of the requested eleven custodians[1] for the time period January 1, 2021 to November 7, 2023.

*         *         *

We are available to meet and confer.

Very truly yours,

Ian Eppler

---

[1] Jasmeet Singh, Bill Robinson, Lauren Pennington, Adrienne Minecci, Silviya McCool, Katie Mazuk, John King, John Hoffman, Spilios Asimakopoulos, and Lindsey Anderson.

# EXHIBITS 13-20
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 21



www.pbwt.com

August 1, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

We write in response to your July 25, 2024 letter, and in further to our letters of February 28, 2024, April 26, 2024, May 22, 2024, June 13, 2024, and July 12, 2024, regarding JJHCS's Responses and Objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.

## I.    RISRx Search Terms—Request Nos. 58 and 59

JJHCS stands by its objection to the "w/50" proximity limiter in SaveOnSP's proposed search term, in light of Judge Wolfson's May 9, 2024 Order holding that "w/50" proximity limiters are generally overbroad. Contrary to SaveOnSP's claims, JJHCS has sought to comply with Judge Wolfson's guidance regarding the use of proximity limiters, and it expects SaveOnSP to do the same.[1]

---

[1] SaveOnSP cites instances in which JJHCS has sought "w/50" connectors, but those instances are distinguishable. Some of the requests cited by SaveOnSP are not new requests for terms relying on "w/50" proximity limiters, but were made before Judge Wolfson provided new guidance on the proper use of proximity limiters. *See, e.g.*, Apr. 24, 2024 Ltr. from M. Nussbaum to I. Eppler at 2 (conditionally agreeing to run search term containing a "w/50" proximity limiter to satisfy JJHCS's Request No. 110); June 17, 2024 Ltr. from S. Suri to M. Nussbaum (asking SaveOnSP to confirm that it will abide by its agreement). Others are instances in which JJHCS has asked SaveOnSP to run multi-part terms that contain "w/50" or "AND" limiters, but also incorporate narrower proximity limiters (such as "w/20") in an effort to comply with Judge Wolfson's guidance. *See,*

Hannah Miles, Esq.
August 1, 2024
Page 2

As an alternative to SaveOnSP's overbroad term, JJHCS reiterates its offer to run the following term, which elicits 745 documents (inclusive of families). Please confirm whether SaveOnSP will accept JJHCS's compromise proposal:

- (RIS OR RISRx) **w/25** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

**II.    TrialCard Search Terms—Request Nos. 58 and 59**

In its July 12, 2024 letter, JJHCS previously explained that the following proposed search terms are unduly burdensome, citing the excessive hit counts elicited by the terms, the near-complete overlap between the two terms, and the use of excessively broad "w/50" proximity limiters:

- (TrialCard /50 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

- TrialCard /50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

JJHCS proposed a compromise, which SaveOnSP has now rejected in favor of marginally narrower versions of its previous proposal:

- (TrialCard **/25** identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

- TrialCard **/40** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

Although SaveOnSP's latest proposal removes the overly broad "w/50" proximity limiters, these newly proposed terms remain unduly burdensome. The first proposed term elicits 3,586 documents, and the second elicits 11,304 documents (both inclusive of families). Reviewing and producing this volume of documents will be unduly burdensome for JJHCS. The burden associated with these search terms is especially significant because JJHCS has already agreed to run several search terms designed to capture documents related to these topics, including over 54,000 documents (inclusive of families) hitting on the terms "CAPm," "CAPa," or "adjustment program." Additionally, the two proposed terms retain the near-complete overlap noted in JJHCS's July 12, 2024 letter.

---

*e.g.*, June 25, 2024 Letter from B. Robinson to M. Nelson (proposing "gift card" **w/20** (enroll* OR join* OR use OR "sign up" OR regist*)) AND (patient* OR member*)).

Hannah Miles, Esq.
August 1, 2024
Page 3

JJHCS stands by the compromise it proposed in its July 12, 2024 letter.  Subject to SaveOnSP's agreement that will resolve the parties' dispute over both TrialCard-related search terms, JJHCS will run the term below to search for documents responsive to Request Nos. 58 and 59.  Please confirm whether SaveOnSP will accept JJHCS's proposed compromise.

- (TrialCard /25 identif*) **/25** (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

**III.    IQVIA**

JJHCS confirms that it will run SaveOnSP's proposed IQVIA search term: "IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")."

\*        \*        \*

We are available to meet and confer.

Very truly yours,


Ian Eppler

# Exhibit 22

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

August 23, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10104
Ieppler@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
     LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write to memorialize our August 22, 2024 meet and confer related to
SaveOn's proposed search terms regarding TrialCard and RISRx's involvement in
J&J's mitigation efforts, including benefits investigations.

## I.    RISRx Search Term

*First,* we explained that the search term that SaveOn proposed to identify
documents showing RISRx's involvement in mitigation does not pose an undue
burden to J&J. We pointed out that SaveOn's proposed term, which includes a
"w/50" limiter, would require J&J to review fewer than 300 documents more than
the search term proposed by J&J, which uses a "w/25" limiter. We noted that re-
viewing the 984 total additional documents that our proposed search term would
return did not amount to an undue burden, especially as J&J's failure to mitigate
is central to our defense. We referred to the documents that we cited in the August
9, 2024 letter that exemplified the kind of highly relevant documents that would
be captured by our proposed search term but not J&J's proposed term.

You responded that J&J is willing to run a RIS Rx search term that closely
tracks the term J&J has already proposed but insisted on a limiter of "w/25" in-
stead of "w/50." You noted that your proposed search term will require J&J to re-
view 745 additional documents, or a majority of the documents J&J would have to
review if it accepted SaveOn's proposed search term. You again objected to the
"w/50" limiter as being purportedly inconsistent with Judge Wolfson's May 9,

Ian Eppler
August 23, 2024

2024 ruling on such limiters. You offered that J&J would only consider agreeing to a proposal narrower than one using a "w/50" limiter.

*Second*, we explained that we do not understand Judge Wolfson's May 9, 2024 order as creating a general rule that "w/50" are unacceptable. We pointed to the relevant sentences in the May 9 Order: "I have some concerns on the tightness or closeness of the word 'adapt' to other relevant terms. In my view, at this time, w/50 may be overly broad." *See* Dkt. 283 at 3. We explained that the word "adapt" seemed critical to Judge Wolfson's statement. It is a common word so, to avoid irrelevant documents, she believed that a narrower search term was necessary. We also pointed to the qualifier "at this time," which indicated that Judge Wolfson would be open to considering a "w/50" limiter in other circumstances. We further pointed out that J&J has often used or asked SaveOn to use "w/50" limiters; regarding this same set of search terms, J&J offered to run "(RIS OR RISRx) w/50 identif*" in April and again on May 22, 2024.

You said that J&J views the May 9 order as "presumptive guidance" that the "w/50" limiter creates overly broad search terms without a compelling justification.

*Third*, we asked whether J&J is making an undue burden argument with respect to this search term. You said that burden cannot be assessed at this stage because SaveOn has proposed similar search terms for other custodians, and presumably would also ask for a similar search term for the additional custodians currently being negotiated. Instead, you explained that J&J rejects this search term because its "search term logic" is not in line with Judge Wolfson's guidance. We disagree.

We stated that we understand the parties to be at impasse on this issue.

## II.    TrialCard Search Term

*First*, we asked whether the hit counts J&J provided for SaveOn's two proposed search terms related to TrialCard's mitigation represented the total number of hits returned by each of those terms or the number of additional documents that J&J will have to review based on those terms. J&J said that both hit counts it provided reflect the number of additional documents that J&J would have to review.

*Second*, we explained that SaveOn's two proposed search terms do not pose an undue burden to J&J. We pointed out that SaveOn's two proposed terms target documents very important to SaveOn's failure to mitigate defense as TrialCard implemented the CAP program for J&J. We expressed that that SaveOn's two proposed search terms follow J&J's presumed guidance from Judge Wolfson in that they use limiters narrower than "w/50." We also pointed to SaveOn's previously provided examples of the kinds of documents that SaveOn's proposed term would return and J&J's proposed term would exclude.

Ian Eppler
August 23, 2024

You responded that SaveOn's proposed term is unduly burdensome and overly broad. You pointed out that to JJHCS has already agreed to produce over 54,000 documents, inclusive of families, hitting on the terms "CAPm," "CAPa," or "adjustment program." We explained that none of those documents were located by a search term targeted at TrialCard's involvement with J&J's mitigation efforts. The fact that our proposed search terms return over 14,000 new documents, suggests that the terms that J&J has previously agreed to run regarding the CAP program were insufficient.

You stated that, while you might consider a new, narrower proposal from SaveOn, you would not agree to SaveOn's current proposal.

We stated that we understand the parties to be at impasse on this issue.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

3

# Exhibit 23

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

July 25, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10104
Ieppler@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's July 12, 2024 letter regarding SaveOn's re-
quest for documents regarding mitigation, and further to SaveOn's July 1, 2024
letter.

**I.    RISRx Search Terms**

Thank you for providing the requested hit counts for SaveOn's proposal and
J&J's counterproposal. The hit counts show that SaveOn's proposal requires re-
view of 984 documents, while J&J's counterproposal requires review of 745 addi-
tional documents, both including families. The hit counts reveal that SaveOn's pro-
posal, which requires review of an additional 239 documents, is not unduly bur-
densome.

You cite a line in Judge Wolfson's May 9, 2024 Order for the proposition
that "w/50" connectors are generally "overbroad" and "contrary to Judge
Wolfson's guidance." July 12, 2024 Letter from I. Eppler to H. Miles at 2. In fact,
Judge Wolfson did not make a generalized comment on the propriety of "w/50"
limiters; she commented that, "at this time"—in the context of the specific search
terms she was reviewing—the connector "may be overly broad." May 9, 2024 Order
at 3. The term in question there featured the word "adapt," which is commonly
used, and so using a "w/50" connector would be more likely to pick up irrelevant
documents; the terms "RIS" or "RISRX" are not commonly used, so using the
"w/50" connector is highly likely to identify documents referring to RIS.

Ian Eppler
July 25, 2024

J&J's argument that "w/50" connectors are too broad is also inconsistent with its prior arguments: Since Judge Wolfson's ruling, J&J has insisted that SaveOn use a "w/50" connector for searches regarding the Washington Post[1] and for so-called evasion documents from Johnson and Leger,[2] and it has continued to propose "AND" connectors, which are significantly broader than "w/50" connectors.[3]

Given the negligible incremental burden required, please let us know if J&J will run SaveOn's proposed search term:

- (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II.    TrialCard Search Terms

As you know, TrialCard's actions in implementing and administering Care-Path, including but not limited to its implementation and administration of the CAP Program, are relevant to SaveOn's mitigation defense. Assessing whether any burden faced by J&J in reviewing these requested documents is "undue" must take into account the centrality of these issues to the case. The fact that there are potentially many responsive documents does not, standing alone, mean that the search terms are unduly burdensome or overbroad if they are properly tailored to be likely to lead to unique, responsive documents. It simply means that there may be many responsive documents.

J&J asserts that SaveOn's second proposed search term has "near complete overlap with the first." July 12, 2024 Letter at 2.[4] We disagree, as the second term

---

[1] *See* June 7, 2024 Letter from M. Nussbaum to S. Suri (agreeing to run J&J's proposed term: ("Washington Post" OR "the Post" OR WaPo OR "WashPost" OR "washingtonpost.com" OR "Gurwich") **w/50** ("the company" OR SaveOnSP OR SaveOn OR "Save On SP" OR "SaveOn" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts)).

[2] *See* Mar. 15, 2024 Letter from K. Brisson to N. Nussbaum (proposing: (avoid* OR conceal*) **AND** (co-insurance OR variable OR copay OR "co-pay")); SaveOn's May 21, 2024 Reply Brief (countering: (avoid* OR conceal*) **w/15** (co-insurance OR variable OR copay OR "co-pay")); May 31, 2024 Email from J. Long (countering: (avoid* OR conceal*) **w/50** (co-insurance OR variable OR copay OR "co-pay")); June 14, 2024 Email from A. Miner (accepting proposal).

[3] *See* June 25, 2024 Letter from B. Robinson to M. Nelson (proposing: "gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*)) **AND** (patient* OR member*)); July 3, 2024 letter from M. Nelson to B. Robinson (countering: ("gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*) **w/50** (patient* OR member*)); July 11, 2024 Letter from M. Nelson to B. Robinson (accepting proposal).

[4] SaveOn's proposed search terms are:

Ian Eppler
July 25, 2024

targets documents wherein TrialCard is asked to or tries to identify patients on accumulator, maximizers, or SaveOn.

J&J's proposed single search term is insufficient. By conflating SaveOn's two search terms, it excludes documents about TrialCard and accumulators, maximizers, and SaveOn that do not include the word "identify."

Please let us know if J&J will agree to run the following search terms. If you object on the basis of burden, please provide hit counts broken down by term.

- "(TrialCard **w/25** identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard **w/40** (accumulat* OR maximiz* OR CAPm OR CAPa OR "adjustment program")

## III.    IQVIA Search Term

We appreciate J&J's agreement to run the proposed IQVIA search term. SaveOn proposed:

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")

and in its July 12 letter, J&J agreed to run:

- IQVIA w/15 (accumulat**e*** OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")"

We assume that the difference between the two search terms is a typo, but please confirm that you will run the term as proposed.

We request a response by August 1, 2024. We are available to meet and confer and reserve all rights.

Sincerely,

Hannah Miles

Hannah R. Miles
Associate

---

- TrialCard **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- (TrialCard **w/50** identif*) **AND** (accumualt* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

# EXHIBITS 24-26
# CONFIDENTIAL – FILED UNDER SEAL

# Sills Cummis & Gross

### A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

September 9, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:    **Opposition to SaveOnSP's August 30, 2024 Motion to Compel**
       ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC**,
       Civil Action No. 22-2632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of JJHCS, we write to oppose SaveOnSP's August 30, 2024 letter motion to compel JJHCS to produce documents elicited by three search terms related to JJHCS's vendors TrialCard and RISRx. As explained herein, JJHCS has agreed to an enormous number of SaveOnSP's search term demands, or has accepted them with only limited modifications. And JJHCS has repeatedly offered compromises involving reasonable search terms that satisfy SaveOnSP's legitimate discovery needs. But the three terms SaveOnSP demands in this motion are hugely overbroad and unduly burdensome, violate the Court's previous guidance, and contradict SaveOnSP's positions as to what search terms it will run on its own documents. Discovery is not a one-way street, nor is it a mechanism to penalize a plaintiff for having brought

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 2

a lawsuit.  SaveOnSP cannot shun reasonable compromises by JJHCS and insist on search terms
of the kind that SaveOnSP has itself repeatedly refused to run.  The Court should stand by its
previous search term guidance and deny SaveOnSP's motion to compel the use of these flawed
terms.

## DISCUSSION

SaveOnSP's opening brief makes numerous extraneous claims about JJHCS's mitigation
efforts.  Most are false.[1]  But the truth is fast coming into focus through newly produced documents
from SaveOnSP's and ESI's files:  manufacturers could **never** effectively mitigate damages
because SaveOnSP and ESI had a sophisticated and highly resourced operation dedicated to
evading any manufacturer attempts to detect or thwart their scheme.[2]  The instant motion, however,
does not require the Court to address the propriety of mitigation-related discovery writ large.
Accordingly, JJHCS does not endeavor here to correct every factual misstatement in SaveOnSP's

---

[1] For example, SaveOnSP misleadingly claims that the "only purported mitigation action that J&J
has asserted that it took was attempts to identify patients on SaveOn-advised plans," but it cites a
transcript colloquy describing the pled allegations about JJHCS's special damages, not mitigation
efforts in general.  Mot. at 2.

[2] *See, e.g.,*

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 3

brief—that record will be presented at trial. On this motion, the Court need only address whether the additional, specific search terms at issue are proportionate and reasonably tailored. They are not.

According to SaveOnSP, the disputed search terms ostensibly relate to requests for production that SaveOnSP served almost a year ago, in October 2023. *See* Ex. 6 (Apr. 4, 2024 Ltr. from E. Snow to J. Long) at 5; Ex. 7 (SaveOnSP's Fourth Set of Requests for Production) at 10-11. The disputed search terms go far beyond the requests for production that allegedly support them. Nevertheless, over the past many months—going back to February—JJHCS agreed to search for even documents of marginal relevance to try and avoid burdening the Court with further discovery disputes.[3] And JJHCS has repeatedly offered to work with SaveOnSP to resolve remaining disputes by crafting search terms that meet SaveOnSP's legitimate discovery needs without unduly burdening JJHCS.

But despite JJHCS's productions and efforts at compromise, SaveOnSP now demands three more terms that are unduly burdensome and inconsistent with the Court's guidance on search term construction. Two of the three relate to TrialCard, and the third relates to RISRx (a vendor

---

[3] For instance, when SaveOnSP demanded that JJHCS run several search terms related to JJHCS vendors Archbow and Avalere, *see* Ex. 6 (Apr. 4, 2024 Ltr. from E. Snow to J. Long) at 3, JJHCS assented to SaveOnSP's demand, *see* Ex. 8 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow) at 2. The parties also reached agreement on a search term intended to satisfy SaveOnSP's demand for documents related to JJHCS's work with the vendor IQVIA. *See* SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 3. JJHCS reviewed 10,307 documents (inclusive of families) captured by that term. JJHCS also negotiated in good faith with SaveOnSP to establish workable RISRx search terms, repeatedly offering to run variations of search terms containing the phrase "RISRx or RIS." Ex. 8 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow) at 4; Ex. 9 (Jul. 3, 2024 Ltr. from J. Long to E. Snow) at 2; SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to E. Snow). The parties reached agreement on one term containing the phrase "RISRx OR RIS," as described further below.

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 4

that offers an algorithm that can be used to identify accumulator and maximizer patients based on

claims data).  As explained below, JJHCS should not be compelled to run any of the disputed

searches.

**I.    TrialCard Terms**

SaveOnSP seeks to impose the following TrialCard-related search terms:

- (TrialCard w/25 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

- TrialCard w/40 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

The former elicits 3,586 documents, and the latter elicits 11,304 documents (both inclusive of

families).  *See* SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 2.

The first problem with SaveOnSP's TrialCard search terms is that they are inconsistent

with the requests that allegedly support them.  SaveOnSP has claimed that these search terms are

necessary to fulfill Request Nos. 58 and 59.  *See* Ex. 6 (Apr. 4, 2024 Ltr. from E. Snow to J. Long)

at 5.  Those requests seek documents related to Benefits Investigations:

58.    All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

59.    To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

Ex. 7 (SaveOnSP's Fourth Set of Requests for Production) at 10-11

Although these requests cover only the discrete issue of Benefits Investigations, SaveOnSP

has demanded search terms that will capture a wide range of documents completely unrelated to

Benefits Investigations.  Indeed, the search strings do not even include terms like "Benefits

4

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 5

Investigation" or "BI." The Court should reject SaveOnSP's attempt to shoehorn these overly broad search terms into far narrower requests for production.

These search terms are also an attempted end-run around this Court's previous ruling on CAP search terms. The Court rejected SaveOnSP's efforts to compel JJHCS to run an exceedingly broad search term—"CAPa OR CAPm OR 'adjustment program'"—and ruled that the CAP search string must include both one of those terms *and* a reference to accumulators and maximizers. Apr. 10, 2024 Order ¶ 2. The Court's Order was itself an expansion of permissible discovery—Judge Waldor had previously ruled that searches involving the CAP search string must include both one of those terms *and* a reference to SaveOnSP specifically (not just accumulators or maximizers generally). Dkt. No. 173 at 2-3. But SaveOnSP now seeks to ignore even the Court's prior order. Both searches in SaveOnSP's latest motion demands violate the Court's ruling—they would pick up documents hitting on CAPm *or* CAPa *or* "adjustment program" *or* accumulator *or* maximizer. And they are not saved by the insertion of the word "TrialCard." Due to its role, "TrialCard" likely appears in many documents containing those words or phrases "CAPm," "CAPa," or "adjustment program," and so practically speaking it is no meaningful limitation at all. For there to be any progress in discovery, it is essential that SaveOnSP not be rewarded for simply ignoring Court-ordered limitations on discovery or gain ground every time it insists on revising prior rulings.

Aside from being inconsistent with the Requests for Production that ostensibly support them and the Court's prior ruling, SaveOnSP's proposed searches are unnecessary and unduly burdensome. First, as the Court knows, documents from TrialCard are already being produced pursuant to subpoenas to TrialCard as well as document requests to JJHCS. TrialCard has produced nearly 10,000 pages in response to these requests, many of which focus on the same

5

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 6

mitigation issues in focus here, and SaveOnSP continues to pursue additional documents in the custody of TrialCard.  Second, SaveOnSP has demanded that JJHCS run several search terms designed to capture documents related to the CAP program and JJHCS has done so, reviewing over 54,000 documents (inclusive of families) hitting on terms including the words and phrases "CAPm," "CAPa," or "adjustment program."  SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 2.  Third, JJHCS has also agreed to several search terms related to other vendors that SaveOnSP claims are involved in JJHCS's mitigation efforts, and has reviewed thousands of documents responsive to those terms.  *See supra* n.3.  Finally, SaveOnSP's proposed TrialCard searches cover an overly broad time period—going back to 2016 instead of late 2021, ████

████████████████████████████████████████.  *See* SaveOnSP Ex. 4 (TrialCard_00005044).  Simply put, SaveOnSP has already taken endless discovery about CAPm, CAPa, TrialCard, and every other mitigation-related topic, and these overbroad and unduly burdensome search terms are superfluous.

In these circumstances, the review of over 13,000 additional TrialCard-related documents would pose an undue burden on JJHCS.  SaveOnSP claims that this volume is "hardly burdensome," but when the shoe is on the other foot, SaveOnSP has routinely complained that a far smaller number of documents is too many.  *See, e.g.*, Dkt. No. 358-8 (objecting to a search term eliciting an "additional 1,774 unique documents" as unduly burdensome); Dkt. No. 358-10 (claiming that a term "requir[ing] SaveOn to review 3,627 additional documents" "would . . . be unduly burdensome").  And SaveOnSP's demand for over 13,000 documents cannot be considered in isolation.  It is part of an onslaught of highly burdensome discovery demands from SaveOnSP, including SaveOnSP's recent demand that JJHCS nearly double its custodian list by adding thirty

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 7

additional custodians.  Given that SaveOnSP's recent demands are complex and ever-changing,

JJHCS has not yet been able to assess the total burden associated with them.  But early indications

suggest that it will be overwhelming.  For example, only days before SaveOnSP filed the instant

motion, it moved to compel JJHCS to add Joe Incelli and Norhaan Khalil as custodians with a

lengthy list of broad search terms that would require JJHCS to review over 37,000 additional

documents.  So, while review of the 13,000 more documents implicated by this latest motion would

be unduly burdensome for JJHCS in and of itself, the cumulative effect of this additional review

*and* all of SaveOnSP's other demands would be even more so.

　　　In arguing otherwise, SaveOnSP resorts to repeatedly mischaracterizing several JJHCS

documents.  None of these justify SaveOnSP's demands for ever-more discovery on these issues.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████　██████████████████████　███████████████

███████████████████████████████████████████

████████████████████████.  The document also significantly predates the period in which

TrialCard "work[ed] to design and implement the CAP program and to identify patients on

accumulators, maximizers, and plans advised by SaveOn," SaveOnSP's purported topic of interest.

Mot. at 3-4.  Regardless, it was captured by existing search parameters and has already been

produced.

　　　　███████████████████████████████████████

███████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 8

██████████████████████████████████████████████████████

██████████████████████████████████    ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████    Contrary to SaveOnSP's argument, *see* Mot. at 4, the very fact that SaveOnSP has these JJHCS documents already means that JJHCS's existing search terms are sufficient to elicit the documents SaveOnSP claims to want.

Even so, JJHCS repeatedly sought compromise with SaveOnSP by offering to run the following narrower TrialCard-specific term:

- (TrialCard w/25 identif*) /25 (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

*See* Ex. 10 (Jul. 12, 2024 Ltr. from I. Eppler to H. Miles) at 2-3; SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 2-3. This term elicits 1,250 documents and is aligned with SaveOnSP's stated justification for TrialCard-specific search terms and the Court's instructions. SaveOnSP claims in its motion that "needs documents related to TrialCard's . . . efforts to identify patients on SaveOn-advised plans, accumulators, or maximizers." Mot. at 3. JJHCS's proposed term will capture documents that include the word "TrialCard" in proximity to variants of the words "identify," "accumulator," and "maximizer," giving SaveOnSP the documents it purports to need. It also includes meaningful limits on the "CAPa OR CAPm OR 'adjustment program'" search string, as the Court required in its April 10, 2024 Order.

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 9

JJHCS has been clear: it is willing to produce documents elicited by a TrialCard-related

term in the interests of finally ending these disputes.  But SaveOnSP's demand that it review over

13,000 documents is unduly burdensome in light of other TrialCard-related discovery, the Court's

prior rulings, and SaveOnSP's own positions on the burdens associated with document review.

## II.    RISRx Term

SaveOnSP has moved to compel JJHCS to produce documents elicited by the following

RISRx-related search term:

- ("RIS" OR "RISRx") w/50 (accumulator* OR maximizer* OR CAPm OR CAPa
  OR "adjustment program")

SaveOnSP insists that JJHCS run this search for the period from April 1, 2016 through November

7, 2023, Mot. at 6, even though it acknowledges in its motion that JJHCS did not commence work

with RISRx on relevant issues ███████.  Mot. at 2 (citing SaveOnSP Ex. 6 (JJHCS_00001200)).

This search term is improper and unnecessary.  As is the case with its TrialCard search

term, SaveOnSP attempts to justify this broad search term by reference to two requests for

production involving Benefits Investigations, even though the search term does not even reference

Benefits Investigations.  Indeed, JJHCS offered to run two additional searches that would capture

any work by RISRx relating to individual Benefits Investigations.  (SaveOnSP did not bother to

even respond to that offer and has ignored it for months.)  Ex. 9 (Jul. 3, 2024 Ltr. from J. Long to

E. Snow) at 2.[4]  In any event, JJHCS has already reviewed tens of thousands of documents elicited

---

[4] Those two additional RISRx-specific search terms that JJHCS offered to run were:

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR
  "B.I.'s")

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 10

by a series of broad search terms related to the CAP program as noted above, which would

encompass documents involving RISRx.  JJHCS also already ran an exceedingly broad search that

would capture efforts by RISRx to identify anyone at all: "(RIS OR RISRx) /50 (identif*)."  Ex.

11 (June 4, 2024 Ltr. from H. Miles to I. Eppler) at 2.  JJHCS completed that search, reviewed the

thousands of results, and produced all relevant and responsive documents.  JJHCS has also made

non-custodial productions of all the relevant RISRx reports provided to JJHCS related to attempts

to identify patients on maximizers.  Ex. 12 (Aug. 6, 2024 Ltr. from J. Long to M. Nussbaum).  In

view of the extensive work JJHCS has already done and offered to do, SaveOnSP has no basis to

demand more.

SaveOnSP's motion to compel JJHCS to run *this* RISRx-specific search term should also

be denied because it again is inconsistent with another of the Court's rulings.  Specifically, in April

2024, JJHCS asked SaveOnSP to review 3,627 documents elicited by a search term containing a

"w/50" proximity limiter.  Dkt. No. 283 at 2.  That search term was narrowly tailored, and JJHCS

even agreed to substantially restrict the date range of the search to 2022–23.  Dkt. No. 279 at 3.

SaveOnSP refused to run the search, even though it had itself demanded that JJHCS run searches

involving a w/50 proximity limiter, including just weeks earlier the very broad RISRx specific

term described above.  JJHCS sought relief from the Court, and when SaveOnSP opposed JJHCS's

request, it argued that JJHCS's proposed term was overly broad because of its "w/50" proximity

limiter.  Dkt. No. 358-10 at 3.  The Court agreed with SaveOnSP that "w/50 may be overly broad."

Dkt. No. 283 at 3.  In accordance with that ruling, JJHCS declined to run SaveOnSP's proposed

---

- (RIS OR RISRx) AND "BI" (case sensitive)

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 11

RISRx term with w/50 limiters, but repeatedly emphasized that it would be willing to run an

identical term with a narrower proximity limiter: ("RIS" OR "RISRx") w/25 (accumulator* OR

maximizer* OR CAPm OR CAPa OR "adjustment program"). Ex. 10 (Jul. 12, 2024 Ltr. from I.

Eppler to H. Miles) at 2; SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 1-2.

SaveOnSP has no reasonable arguments for why JJHCS's counterproposal is insufficient.

And while it attempts to distinguish between the term it now seeks and the term that the Court

rejected as overly broad, the attempt does not withstand scrutiny. SaveOnSP claims that the term

at issue in the May 9, 2024 Order was uniquely overbroad because the earlier term "featured the

commonly used word 'adapt,' so a 'w/50' connector might have picked up irrelevant documents."

Mot. at 7. That is an oversimplification: the earlier term sought documents featuring the word

"Adapt"—because that is the brand name ***SaveOnSP*** chose for one of its programs—near

uncommonly used health insurance industry terms related to that product. Dkt. No. 283 at 2 n.2.

And unlike the search SaveOnSP seeks now, JJHCS's proposal was limited to a narrow, crucial

timeframe (2022–23). But the Court still rejected it as overly broad. *Id.* at 3.

SaveOnSP also contends that JJHCS has "insisted that SaveOn use a 'w/50' connector in

various searches" even after the Court's ruling. Mot. at 7 n.1. That is misleading. Before the

Court issued its guidance on the proper use of proximity limiters, JJHCS requested "w/50"

proximity limiters in some instances in which they were appropriate due to the nature of the very

specific terms or custodians at issue, and where SaveOnSP has not objected to those agreed-upon

"w/50" proximity limiters in the wake of the Court's guidance JJHCS has not unilaterally sought

to revisit them. SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 1 n.1. And in

others, JJHCS has proposed multi-part terms that contain both "w/50" proximity limiters ***and***

11

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 12

additional, narrower proximity limiters. *Id.* That is a far cry from what SaveOnSP has done here:
successfully litigated a limit on overbroad search terms for itself, but refused to accept the Court's
guidance as generally applicable.

JJHCS has reviewed and produced many documents regarding the CAP program, including
many documents regarding RISRx's role in the CAP program. When SaveOnSP nonetheless
demanded more, JJHCS proposed a reasonable compromise: it agreed to run SaveOnSP's proposed
RISRx search term language with a narrowed proximity limiter rather than the "w/50" limiter that
the Court has deemed overly broad. But instead of accepting JJHCS's invitation to compromise,
SaveOnSP moved to compel, seeking to hold JJHCS to a standard regarding proximity limiters
that is inconsistent with both the Court's guidance and SaveOnSP's own position. These tactics
are counterproductive, vexatious, and should not be rewarded.

**CONCLUSION**

For the foregoing reasons, SaveOnSP's August 30, 2024 motion should be denied.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:    Counsel of record for SaveOnSP

# EXHIBITS 1-5
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 6

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

April 4, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

     We write regarding SaveOn's Requests Nos. 58-62, 68, 73, and 82, and in
response to J&J's February 22 and February 28, 2024 Letters. Each Request con-
cerns J&J's mitigation efforts, which are highly relevant. *See* Dkt. 192 at 14 (ac-
knowledging the change in CarePath's Terms and Conditions is relevant to, among
other defenses, mitigation); 29 (recognizing that J&J's response to accumulators,
maximizers, and SaveOn is relevant because it concerns mitigation); Dkt. 85 at 20
(SaveOn's Sixth Affirmative Defense: Failure to Mitigate). SaveOn seeks docu-
ments regarding J&J's development and implementation of mitigation strategies.

## I.   Documents Regarding J&J's Development of Mitigation Strategies (RFP Nos. 68, 73, 82)

     Request 68 seeks all documents and communications between J&J and
Archbow regarding CarePath, copay assistance, or provision of funds to patients
enrolled in CarePath. Request 73 seeks all documents and communications by or
for Janssen market research regarding accumulators or maximizers. Request 82
seeks all documents and communications between J&J and Avalere regarding
CarePath and copay assistance programs.

Julia Long
April 4, 2024



*First*, J&J objects that SaveOn denies that it is a maximizer or accumulator, but now seeks discovery on J&J's response to both. As Judge Wolfson explained, it is irrelevant whether SaveOn disclaimed being a maximizer or accumulator because J&J referred to SaveOn as one. Jan. 24, 2024 Hr'g at 131:11-24. Notably, in its Complaint, J&J alleges that SaveOn is a maximizer. Compl. ¶ 88; *see also* Proposed Am. Compl. ¶¶ 66, 103.) Discovery on J&J's strategy to response to accumulators and maximizers is thus relevant to how J&J responded to SaveOn.

*Second*, J&J objects that Archbow's and Avalere's work was related to the 2023 Best Price Final Rule and so is irrelevant because the Rule was never effective. Setting aside that Rule (which SaveOn maintains is relevant), both consultants were intimately involved in crafting J&J's mitigation efforts and its response to SaveOn. *See, e.g.,* JJHCS_00145576.



Even if some of Archbow and Avalere's work was in response to the Rule and even were J&J's response to that Rule irrelevant (it is not), that would not immunize those consultants' relevant work on other subjects from discovery.

Please run the following search terms for the relevant time period over the custodial files of the following custodians, each of whom appears in an Archbow or Avalere document: Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson:

2

Julia Long
April 4, 2024

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

Please also identify individuals who were involved in relevant work in the Janssen market research group, add them as custodians, and run the following search terms over their documents for the relevant time period:[1]

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) w/50 (accumulat* OR maximiz* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo or Acredo) w/50 (accumulat* OR maximiz*)

- "other offer" w/5 (accumulator* OR maximizer* OR "health plan*" OR insur*)

- "research" w/20 (accumulator* OR maximizer*)

- "SaveOn" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

---

[1] These search terms are a slightly refined version of the Exhibit 1 search terms SaveOn requested that J&J run in its January 26 and February 15, 2024 Letters.

3

Julia Long
April 4, 2024

- ("CAPa" OR "CAPm" OR "adjustment program") AND (accumulator* OR maximizer*)

## II. Documents Regarding J&J's Implementation of Mitigation Strategies (RFP Nos. 58-62)

Requests 58 and 59 seek all documents and communications regarding Benefits Investigations undertaken by J&J or one of its vendors that identified or attempted to identify whether a patient was a member of an accumulator, maximizer, or SaveOn-advised plan.



If J&J identified a patient as on mitigation and accumulator, it could have taken mitigation measures, even if it did not confirm the patient was on SaveOn specifically.

SaveOn understands J&J's primary objection to be that SaveOn sought documents barred by the Court's February 6, 2024 Order. *See* Feb. 16, 2024 Ltr. from J. Long to H. Miles, at 1–2. Not so. Judge Wolfson ordered J&J to search for and produce documents reflecting the company's enforcement instructions and policy, during the full discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer." Dkt. 192 at 13. Judge Wolfson agreed with J&J that "it would be burdensome to search and produce records of each individual patient's call history," Dkt. 192 at 12-13, and SaveOn accordingly does not seek all such call records. SaveOn rather seeks documents "sufficient to show" the funding of enforcement efforts, the engagement of vendors to identify patients, instructions given to vendors regarding enforcement, and the steps vendors took after identifying a patient as on a SaveOn-advised plan, accumulator, or maximizer. This is perfectly consistent with Judge Wolfson's order that J&J produce "documents reflecting [J&J's] enforcement instructions and policy," not just the instructions and policies themselves. *Id*.

While reserving rights to seek additional documents for these Requests, we ask you to prioritize the following narrowed categories of documents:

4

Julia Long
April 4, 2024

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- J&J's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

To identify documents in these categories, please run the following search terms over the custodial files of the following individuals: Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Long-bothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Scott White, Blasine Penkowski, Alison Barklage Quinton Kinne, William Shontz (each of whom appears on RIS Rx and TrialCard-related documents) from January 1, 2021 through November 7, 2023:

- ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("RIS" OR "RISRx" OR "TrialCard") AND (budget* OR identif*)

- ("RIS" OR "RISRx") AND ((Benefit* w/5 Investigation*) OR "B.I." OR "BI's" OR "BIs" OR "B.I.'s")[2]

- ("RIS" OR "RISRx") AND "BI" (*case sensitive*)

SaveOn also seeks to understand whether J&J used methods other than Benefits Investigations to identify or attempt to identify CarePath patients on accumulators, maximizers, or plans advised by SaveOn. As you know, SaveOn sought this information from TrialCard as the administrator of CarePath and was told that

---

[2] SaveOn understands that while TrialCard may have completed Benefits Investigations for other purposes for J&J, RIS Rx only completed Benefits Investigations to identify individuals on accumulators, maximizers, and SaveOn-advised plans.

Julia Long
April 4, 2024

"to the extent JJHCS undertook such methods, JJHCS is the proper source for such discovery." Mar. 22, 2024 Ltr. from S. Arrow to H. Miles, at 4. For the avoidance of doubt, in addition to documents regarding Benefits Investigations, SaveOn seeks documents regarding any other method that J&J used, attempted to use, or considered using, to identify CarePath patients on accumulators, maximizers, or plans advised by SaveOn. ███████████████████████████████████████████████ ██████████████████████████████████████████ There may also have been other mitigation methods that J&J has not disclosed to SaveOn. J&J must conduct a reasonable investigation into what methods existed or were considered and propose search terms targeted at those methods.

Requests 61 and 62 seek patient claims data provided by Accredo to J&J or any vendor regarding patients enrolled in CarePath, and documents sufficient to show negotiations regarding the same. It is common practice for manufacturers to purchase this data. ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

SaveOn's current Requests seek all data provided by Accredo to J&J and its vendors: J&J objects on the basis of burden. While reserving all rights, in an effort to reach compromise, please produce in the first instance the following narrowed categories of documents:

- Documents sufficient to show data J&J purchases from Accredo regarding the Janssen Drugs at issue in this litigation, including so-called dispense, status, and inventory reports;

- Documents sufficient to show negotiations regarding the same.

For the second category of documents, please identify individuals who negotiate over the purchase of data from Accredo, including the dispense, status, and inventory reports, designated them as custodians, and to run following search string over their custodial files:

- ((dispense* OR status* OR inventory* OR data*) w/3 report*) AND (Accredo OR Acredo) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

*            *            *

6

Julia Long
April 4, 2024

     To the extent that J&J objects on the basis of burden for any of the requested sets of search terms, please provide hit counts for each search string and for each individual term within those strings.

     We request a response by April 11, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 7

E. Evans Wohlforth, Jr.
Katherine Katchen
ROBINSON & COLE LLP
666 3rd Avenue #20
New York, NY 10174
212-451-2999
ewolforth@rc.com
kkatchen@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza

Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  October 20, 2023          By:  */s/ E. Evans Wohlforth, Jr.*
                                       E. Evans Wohlforth, Jr.
                                       ROBINSON & COLE
                                       666 3rd Avenue #20
                                       New York, NY 10174
                                       212-451-2999
                                       ewolforth@rc.com

                                       David Elsberg
                                       Andrew R. Dunlap
                                       Meredith Nelson
                                       Elizabeth Snow
                                       SELENDY GAY ELSBERG, PLLC
                                       1290 Avenue of the Americas
                                       New York, NY 10104
                                       212-390-9000
                                       deslberg@selendygay.com
                                       adunlap@selendygay.com
                                       mnelson@selendygay.com
                                       esnow@selendygay.com

                                       *Attorneys for Defendant Save On SP, LLC*

3

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

6.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

7.    "<u>Action</u>" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

8.    "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

9.    "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

10.    "<u>Benefits Investigation</u>" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

11.    "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

12.    "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

13.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

14.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.    "<u>ESI</u>" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of ESI..

16. "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

17. "<u>Including</u>" means including but not limited to.

18. "<u>Janssen</u>" means Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

19. "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen

6

Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

20.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

21.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

22.    "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

23.    "Person" means a natural person or legal entity including any business or governmental entity or association.

24.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,

7

considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

25.    "Request" means any of these Requests for Production.

26.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

27.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

28.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

29.    "You" and "Your" means JJHCS.


**INSTRUCTIONS**

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

8

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9

9.    Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.    Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.    Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.    Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.    These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

58.    All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

59.    To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that

10

identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

60.    Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data.

61.    Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath.

62.    Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available in such data.

# Exhibit 8



www.pbwt.com

April 26, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
        *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
        *No. 2:22-cv-02632(JKS) (CLW)*

Dear Elizabeth:

        We write in response to your April 4, 2024 letter regarding SaveOnSP's Request
Nos. 58-62, 68, 73, and 82 and in further to our letters of February 16 and February 28, 2024 on
JJHCS's responses and objections to SaveOnSP's Fourth and Fifth Sets of Requests for
Production.[1]

I.      **Request Nos. 68 and 82**

        SaveOnSP demands, in Request No. 68, that JJHCS search for and produce
additional documents regarding work that Archbow did on behalf of JJHCS.  Request No. 82
similarly demands a variety of documents and communications regarding work related to copay
assistance programs undertaken by Avalere Health, a health care industry consulting firm, on
behalf of JJHCS.  To the extent these Requests call for a broader set of communications between
JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including
communications related to the Best Price Rule, JJHCS objects on relevance grounds.  *See* Feb. 22,
2024 Ltr. from I. Eppler to H. Miles, at 4; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow, at 4.

        In the interest of compromise, and while reserving all rights, JJHCS would agree to
run the following search terms over, and produce responsive, non-privileged documents from, the
custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya
McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn

---

[1] We note SaveOnSP's nearly two-month lag in raising these issues since our meet and confer of February
8, 2024 and our further correspondence related to that conferral.

Elizabeth Snow, Esq.
April 26, 2024
Page 2

Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson for the period of April 1, 2016 through November 7, 2023, subject to SaveOnSP's agreement that this resolves JJHCS's discovery obligations with respect to these requests.

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

## II.    Request No. 73

JJHCS maintains its objection to Request No. 73, which demands "Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers" on the basis of both relevance and burden.  As we explained in our February 28 letter, JJHCS has alleged that **SaveOnSP** has harmed members of the public in violation of GBL § 349 by, *inter alia*, "causing [patients] undue stress and confusion."  Compl. ¶ 114.  JJHCS will be able to prove this allegation at trial by demonstrating how **SaveOnSP** patients experienced undue stress and confusion at the hands of **SaveOnSP**, without reference to how patients may have hypothetically reacted to other accumulators or maximizers.  It is irrelevant whether some patient at some time, may have "like[d] [a] compan[y] which provide[s] services similar to SaveOn."  Feb. 28, 2024 Ltr. from I. Eppler to E. Snow (quoting Feb. 15, 2024 Ltr. from E. Snow to J. Long, at 6).

JJHCS also objects on the basis of relevance and burden to the extent that SaveOnSP demands that JJHCS to identify new custodians outside of JJHCS (in the "Janssen market research group") and run SaveOnSP's ten requested search terms over their custodial files.  *See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 3.  As an initial matter, SaveOnSP has prematurely resorted to motion practice on the issue of non-JJHCS custodians, so further negotiation on the issue is not possible.  But even if SaveOnSP had not improperly sought the Court's intervention with respect to non-JJHCS discovery, JJHCS would not identify "Janssen market research" custodians and produce their documents.  As we have repeatedly explained throughout this litigation, "JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath."  Feb. 13, 2024 Ltr. from C. Zielinski to E. Snow at 1.  Consistent with this position, we have opposed expansion of discovery to non-JJHCS entities when SaveOnSP has repeatedly attempted to litigate this issue, and JJHCS has repeatedly prevailed.  *Id.*  Judge Wolfson's orders have not opened the door for SaveOnSP to relitigate this issue once again.  Accordingly, JJHCS will not run SaveOnSP's requested search terms in response to Request No. 73.

Elizabeth Snow, Esq.
April 26, 2024
Page 3

## III.    Request Nos. 58 and 59

These Requests call for a bevy of documents and communications related to benefits investigations.  Request No. 58 demands "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP."  Request No. 59 demands "all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan."

Notwithstanding the overbreadth of these requests, JJHCS asked its vendor TrialCard to produce "all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP)."  *See* JJHCS's Responses and Objections to SaveOnSP's Fourth Requests for Production at 6–7.  Yet now SaveOnSP comes back for more, claiming that Request Nos. 58 and 59 require JJHCS to produce a variety of additional documents.  Specifically, while "reserving rights to seek additional documents," SaveOnSP demands that JJHCS "prioritize the following narrowed categories of documents," including:

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- JJHCS's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

*See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 5.

It is unclear how some of these new requests are even fairly subsumed within Requests No. 58 and 59: for instance, SaveOnSP does not explain how "the budget given to TrialCard and RIS RX" is encompassed by a request for documents related to benefits investigations.  *Id.*  Nor can SaveOnSP square its renewed requests with the fact that SaveOnSP has now repeatedly lost motions to compel budget-related documents from JJHCS.  *See* Apr. 25, 2024, at 5–6; Feb. 6, 2024 Order, at 19.

Elizabeth Snow, Esq.
April 26, 2024
Page 4

JJHCS is willing to offer a compromise proposal, subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise). Under this proposal, JJHCS would run the following terms over the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Alison Barklage Quinton Kinne, William Shontz for the time period of April 1, 2016 to November 7, 2023.

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR "B.I.'s")

- (RIS OR RISRx) AND "BI" (*case sensitive*)

JJHCS would also run the following amended terms and produce responsive, non-privileged documents, again subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests:[2]

- (RIS OR RISRx) /50 (accumulator* OR maximizer*)[3]

- (RIS OR RISRx) /50 (identif*)[4]

## IV.    Request Nos. 61 and 62

SaveOnSP's Requests 61 and 62 respectively demand "[a]ny patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath" and "[d]ocuments sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information

---

[2] These terms will be run with the same date range and custodian list as the other RISRx terms addressed in this letter. JJHCS reiterates its objection to running these terms over the documents of Scott White and Blasine Penkowski, pursuant to the apex doctrine.

[3] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program"). SaveOnSP's proposed term returns 24,783 documents (inclusive of families) and JJHCS objects to it as unduly burdensome.

[4] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: (RIS OR RISRx OR TrialCard) AND (budget* OR identif*). SaveOnSP's proposed term returns 53,511 documents and JJHCS objects to it as unduly burdensome.

Elizabeth Snow, Esq.
April 26, 2024
Page 5

available." As JJHCS previously explained, these Requests call for irrelevant information. *See* Jan. 2, 2024 Ltr. from J. Long to E. Snow.

JJHCS has also previously explained that it objects to producing data in response to Request No. 61 because it is vastly overbroad: by demanding "patient information or data provided by Accredo or ESI to JJHCS," it sweeps in a variety of information completely unrelated to the benefits investigation process. Jan. 2, 2024 Ltr. from J. Long to E. Snow, at 2–3. SaveOnSP contends that the data could have been used to "identify individuals on accumulator, maximizer, or SaveOn-advised plans." Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 6. That reasoning, even if true, has no relationship to JJHCS's primary objection to Request 61: the overwhelming burden associated with its overbreadth. Moreover, as SaveOnSP will observe after JJHCS produces final, executed data-sharing agreements with Accredo and ESI by May 10, 2024, these agreements impose sharp limitations on JJHCS's ability to use the data it obtained. These use limitations undermine SaveOnSP's theory that JJHCS could have used data it received from ESI or Accredo in order to identify individuals enrolled in the SaveOnSP program.

As to Request 62, SaveOnSP claims that documents concerning "any negotiations between JJHCS and Accredo or ESI . . . are relevant to whether JJHCS "could have asked to purchase data from Accredo that would identify patients on accumulator, maximizer, or SaveOn-advised plans . . . as part of its mitigation efforts." Apr. 4, 2024 Ltr. from E. Snow to J. Long at 6. As we explained when we addressed this very Request months ago, "any documents concerning any underlying negotiations would not provide further relevant information." Jan. 2, 2024 Ltr. from J. Long to E. Snow at 3. JJHCS will produce final, executed data-sharing contracts by May 10, 2024. We invite you to meet and confer if, after reviewing those contracts, you still have questions.

Very truly yours,

Ian Eppler

Exhibit 9



www.pbwt.com

July 3, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **Timing of JJHCS's Forthcoming Productions**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> 2:23-cv-02632 (JKS) (CLW)

Dear Elizabeth:

We write in response to SaveOnSP's June 27, 2024 letter concerning the timing of JJHCS's forthcoming productions.

First, you request confirmation that JJHCS has "completed" its production of documents from Blasine Penkowski's custodial files hitting on a specific search term,[1] terms at issue in a February 15, 2024 letter concerning CAP custodians,[2] Karen Lade, and Scott White; and pre-2016 documents from the custodial files of Kimberly Wortman and Kathi Chapman. You also request confirmation that JJHCS provided SaveOnSP with a supplemental privilege log reflecting fully withheld and partially redacted documents hitting on these terms on June 26, 2024. Consistent with the parties' prior agreements, JJHCS substantially completed its production of these categories of documents on May 31, 2024 and produced its supplemental privilege log on June 26, 2024. *See* June 26, 2024 Ltr. from A. Mahler-Haug to T. Stone at 1.

Second, you request confirmation that JJHCS will produce thirteen "outstanding categories of documents" listed in an appendix "by July 12, 2024." June 27, 2024 Ltr. from E. Snow to J. Long at 2. JJHCS substantially completed its production of documents hitting on five of these search terms on May 31, 2024. Consistent with the parties' prior agreements, fully

---

[1] (((brand* OR finance* OR SCG OR (strategic w/5 customer)) w/25 ("working group" OR guidance OR respond* OR respons*) AND (accumulate* OR maximiz*))

[2] For the avoidance of doubt, the CAP custodians are:  Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage , and L.D. Platt.

Elizabeth H. Snow, Esq.
July 3, 2024
Page 2

withheld and partially redacted documents hitting on these terms appear on JJHCS's June 26, 2024 supplemental privilege log.

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) w/50 ("CAPa" OR CAPm" OR "adjustment program" OR accumulat* OR maximiz*)

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "SaveOn SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)[3]

- ("CAPa" OR "CAPm" OR "adjustment program") AND (Save On) (*case sensitive*)

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "With Me" OR (with w/2 me)) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA OR EDURANT OR INTELENCE OR PONVORY)

   Two other entries, listed below, were not agreed to by the parties:

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR "B.I.'s")

- (RIS OR RISRx) AND "BI" (*case sensitive*)

   As you know, on April 4, 2024, you demanded that JJHCS add new search terms to capture four "narrowed categories of documents" that purportedly relate to Request Nos. 58 and 59.[4]  On April 26, 2024, we responded, objecting to the "new requests" as not "fairly subsumed" within Request Nos. 58 and 59.  Nonetheless, JJHCS "offer[ed] a compromise proposal" to run the terms above—and two other modified terms—over more than twenty custodians "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise)."  Apr. 26, 2024 Ltr. from I. Eppler to

---

[3] SaveOnSP's June 27, 2024 Appendix lists this term twice for different custodians and date ranges.

[4] Request No. 58 demands "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP."  Request No. 59 demands "all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan."

Elizabeth H. Snow, Esq.
July 3, 2024
Page 3

E. Snow at 4.  In its May 6, 2024 response, SaveOnSP did not accept JJHCS's offer.  May 6, 2024 Ltr. from H. Miles to I. Eppler at 2.  In the interest of compromise, JJHCS remains willing to run these terms, again "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests."  *Id.*  Please promptly confirm whether SaveOnSP agrees to this proposal.[5]

As to the remaining six terms, JJHCS confirms that it will substantially complete its production of documents hitting on these terms, consistent with the parameters set forth in the parties' prior correspondence, by July 12, 2024.  It bears noting, however, that SaveOnSP's Appendix includes several inaccuracies with respect to when the parties reached agreement as to these search terms.  For example, although SaveOnSP claims that the parties reached agreement as to the following term on April 26, 2024, SaveOnSP did not agree to JJHCS's proposal until July 1, 2024—after JJHCS repeatedly sought clarity as to SaveOnSP's position.  *See* July 1, 2024 Lr. From E. Snow to J. Long at 2.

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[5] JJHCS continues to make this offer in good faith, notwithstanding Judge Wolfson's subsequent admonition against overbroad proximity limiters.  *See* May 9, 2024 Order at 3 (noting the potential overbreadth of w/50 limiters).

15159810

# Exhibit 10



**www.pbwt.com**

July 12, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re: **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> No. 2:22-cv-02632 (JKS) (CLW)

Dear Hannah:

We write in response to your July 1, 2024 letter, and in further to our letters of February 28, 2024, April 26, 2024, May 22, 2024, and June 13, 2024, regarding JJHCS's Responses and Objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.

## I.     Request Nos. 68 and 82

You "disagree that Judge Wolfson found that documents related to Best Price are not relevant" and again request that JJHCS "clarify whether [it] intends to produce or withhold documents regarding [its] response to accumulators, maximizers, or SaveOn in light of changes or anticipated changes to the Best Price Rule." Jul. 1, 2024 Ltr. from H. Miles to I. Eppler at 1. Without accepting your characterization of either Judge Wolfson's ruling or JJHCS's response to the 2023 Best Price Rule, we confirm—once again—that if a responsive, non-privileged document meets our search criteria, we will produce it whether or not it also touches on the Best Price Rule. We note that this is the fifth time we have confirmed this point in writing; if you have further questions, it may be more productive to discuss them in a live conferral. *See* June 13, 2024 Ltr. from I. Eppler to H. Miles at 1-2; May 22, 2024 Ltr. from I. Eppler to H. Miles at 1; May 2, 2024 Opposition to SaveOnSP's Motion to Compel Best Price Documents at 13, 16; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 4.

## II.     RISRx Search Terms—Request Nos. 58 and 59

The hit counts you requested are provided below:

---

Hannah Miles, Esq.
July 12, 2024
Page 2

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**984 additional documents (family inclusive)** | (RIS OR RISRx) w/25 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**745 additional documents (family inclusive)** |

As we have noted, JJHCS objects to SaveOnSP's search term, which contains an overbroad "w/50" proximity limiter contrary to Judge Wolfson's guidance. *See* May 9, 2024 Order at 3. Please confirm whether SaveOnSP will accept JJHCS's compromise proposal.

### III.    TrialCard Search Terms—Request Nos. 58 and 59

In its June 4, 2024 letter, SaveOnSP proposed two TrialCard-related search terms. You ask whether the numbers presented in JJHCS's June 13, 2024 letter "represent the number of new, unique documents that [JJHCS] would have to review" if JJHCS added those terms. July 1, 2024 Ltr. from H. Miles to I. Eppler at 2. That is correct. As we stated in that letter, one proposed term—"TrialCard /50 identif*"—elicits 26,526 additional documents (family inclusive) and the other—"TrialCard /50 (accumulator* OR maximizer *OR CAPm OR CAPa OR "adjustment program")—elicits 13,117 additional documents (family inclusive).

In your most recent letter, you narrow the first of these terms, but otherwise continue to demand the second term without modification:

- "(TrialCard /50 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard /50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

While we appreciate SaveOnSP's willingness to narrow the first term, SaveOnSP's proposed narrowing does not address our concerns. As a threshold matter, even as modified, both terms contain "w/50" and "AND" connectors, despite Judge Wolfson's admonition that the parties should use tighter proximity limiters to mitigate the burden associated with specific requests. *See* May 9, 2024 Order at 3 (noting the potential overbreadth of w/50 limiters). JJHCS also notes that, as drafted, SaveOnSP's second term has near complete overlap with the first, except that it contains a "w/50" between TrialCard and identif* before an overbroad "AND" connector to a list of seven words, including two terms unrelated to CAP or JJHCS's mitigation efforts ("EHB" or "NEHB").

In the interest of compromise, JJHCS is prepared to run the following search term to search for documents responsive to Request Nos. 58 and 59, subject to SaveOnSP's agreement that will resolve the parties' dispute over both TrialCard-related search terms:  (TrialCard /25

Hannah Miles, Esq.
July 12, 2024
Page 3

identif*) /25 (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program"
OR EHB OR NEHB).  The addition of "w/25" proximity limiters in JJHCS's proposed term is
consistent with Judge Wolfson's instructions.  *See* May 9, 2024 Order at 3.  JJHCS's proposed
compromise term would require the review of 1,250 additional documents, inclusive of families.
Please confirm whether SaveOnSP will accept JJHCS's proposed compromise.

## IV.    IQVIA

Your letter proposes an expansion of the IQVIA-related search term: "IQVIA w/15
(accumulate* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment
program")."  JJHCS and SaveOnSP have been discussing an IQVIA-related search term for eight
months, and until your July 1, 2024 letter, you had never before requested the "CAPa OR CAPm
OR 'adjustment program'" modifier that you now seek.  *See, e.g.*, June 4, 2024 Ltr. from H. Miles
to I. Eppler at 3 (proposing "(accumulator* OR maximizer* OR copay OR co-pay OR CAP)"
modifier); Nov. 30, 2023 Ltr. from E. Snow to G. LoBiondo at 2 (proposing "(accumulate* OR
maximiz* OR CAP*)" modifier).  However, in the interest of compromise, and reserving all rights,
JJHCS agrees to run SaveOnSP's proposed term over the custodial files of the requested eleven
custodians[1] for the time period January 1, 2021 to November 7, 2023.

*          *          *

We are available to meet and confer.

Very truly yours,

Ian Eppler

---

[1] Jasmeet Singh, Bill Robinson, Lauren Pennington, Adrienne Minecci, Silviya McCool, Katie
Mazuk, John King, John Hoffman, Spilios Asimakopoulos, and Lindsey Anderson.

# Exhibit 11

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

June 4, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Ieppler@pbwt.com

**Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's May 22, 2024 letter regarding SaveOn's requests for documents regarding mitigation and J&J's May 24, 2024 letter regarding IQVIA.

**I.    Best Price Rule**

J&J states that, in reviewing documents that hit on search terms that it has agreed to run (or will agree to run) it "will not produce documents and communications concerning the Best Price Rule that are not otherwise responsive," May 22, 2024 Ltr. from I. Eppler to H. Miles, *see also* May 24, 2024 Ltr. from J. Long to E. Snow, reiterating J&J's position that the Best Price Rule, as defined in SaveOn's April 18, 2024 motion, is categorically irrelevant.

At the May 23, 2024 conference and in the May 28, 2024 Letter Order, Judge Wolfson stated that the Best Price Rule is relevant and that SaveOn is entitled to discovery regarding J&J's responses to it. *See* May 28, 2024 Order at 2 ("I agree with Defendant's position that these documents *may* reveal Plaintiff's intent and motivation in identifying patients who are on SaveOnSp's programs…") (original emphasis); May 23, 2024 Hr'g Tr. at 103:5-6 (permitting interrogatories regarding checklists related to the Best Price Rule because "those are appropriate inquiries"); May 28 Order at 3 (ordering parties to meet and confer regarding search terms and custodians for document production regarding Best Price Rule after J&J answers interrogatories). While the Special Master did not specify at this

Ian Eppler
June 4, 2024

time which additional documents J&J must review for material relating to the Best Price Rule, J&J may not withhold documents that it is *already reviewing* that are relevant to the Best Price Rule.

Please confirm that J&J will produce any documents that hit on search terms that J&J has agreed to run or agrees to run, including search terms related to RIS Rx, Avalere, Archbow, or IQVIA, that relate to the Best Price Rule. Because J&J is already reviewing these documents, there is little additional burden to producing these responsive documents.

## II.    RIS Rx Search Terms

*First*, to identify documents related to RIS Rx's work developing and implementing the CAP Program and identifying and attempting to identify patients on accumulators, maximizers, and health plans advised by SaveOn for J&J, SaveOn asked J&J to run the following search term:

- (RIS OR RISRx) **AND** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

J&J declined to do so, and proposed the following alternative:

- (RIS OR RISRx) **w/50** (accumulator* OR maximizer*)

J&J said that it declined to include the CAP string (CAPm OR CAPa OR "adjustment program") because "[b]oth Judge Waldor and Judge Wolfson have declined to order to JJHCS to run CAPm OR CAPa OR "adjustment program" without substantial limitation." May 22, 2024 Ltr. from I. Eppler to H. Miles, at 2. But the term that SaveOn proposed does have a limiter: RIS or RISRx, one of the primary vendors responsible for designing and implementing the CAP program. To accommodate J&J's concern about burden arising from the "and" connector, SaveOn proposes the following compromise term:

- (RIS OR RISRx) **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

Please let us know if you agree to run this term. If J&J objects on the basis of burden, please provide the detailed hit counts that SaveOn requested in Appendix 1 to its May 7, 2024 letter.

*Second*, reserving all rights to seek budget-related documents in the future, SaveOn agrees to J&J's proposed search term:

- (RIS OR RISRX) **w/50** identif*

*Third*, J&J refuses to run any RIS Rx-related terms over the documents of Scott White and Blasine Penkowski on the basis that they are "high-ranking executives." May 22, 2024 Ltr. from I. Eppler to H. Miles at 2. As previously explained,

2

Ian Eppler
June 4, 2024

executives are not immune from document discovery. SaveOn reserves all rights and will respond regarding White and Penkowski under separate cover.

## III.    TrialCard Search Terms

J&J continues to refuse to run the search terms that SaveOn proposed regarding TrialCard, and has failed to provide detailed hit counts or any alternative proposed search terms.

To accommodate J&J's objection that SaveOn's original search terms were unduly burdensome, and reserving all rights, SaveOn proposes that J&J run the following search terms:

- TrialCard **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- TrialCard **w/50** identif*

Please let us know if you agree to run these search terms. If J&J objects on the basis of burden, please provide the detailed hit counts requested in Appendix 1 to SaveOn's May 7, 2024 Letter.

## IV.    IQVIA

*First*, to identify documents relating to IQVIA's work helping J&J determine its response to copay accumulators, maximizers, and adjustment programs, SaveOn asked J&J to run the following search term over eleven[1] custodians' files:

- IQVIA w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

J&J declined, proposing to run the following term over the eleven custodians' files instead:

- IQVIA w/15 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

J&J characterized SaveOn's proposed term as "overbroad" for pulling in 5,040 documents, family inclusive. To evaluate J&J's counterproposal, please provide hit counts in the aggregate and individualized for each party's proposed search string, including numbers with and without families.

---

[1] The eleven custodians are: Lauren Pennington, Jasmeet Singh, William Robinson, John Hoffman, Katie Mazuk, John King, Adrienne Minecci, Lindsey Anderson, Spilios Asimakopoulos, Karen Lade, and Silviya McCool.

Ian Eppler
June 4, 2024

*Second*, J&J proposes limiting the time period for this search term to January 1, 2021 to November 7, 2023. While reserving all rights, SaveOn agrees to this period in the first instance.

*Third*, J&J refuses to produce "final studies, reports, or analysis prepared by IQVIA relating to SaveOn, maximizers, accumulators, copay adjustment programs, and their impact on CarePath and patient adherence," saying that the request "ignores Judge Wolfson's guidance concerning the relevance of adherence documents." May 24, 2024 Ltr. at 2. Not so. Judge Wolfson "opened a small window for Defendant to explore documents that may reflect whether more patients are taking Janssen drugs as a result of being on the SaveOnSp Program." Dkt. 192 at 22; *see also* Apr. 25, 2024 Order ("I permitted Defendant to take discovery on whether more patients are taking Janssen drugs as a result of being on the Save-OnSp Program.") ███████████████████████████████████ If J&J maintains this objection, please explain with specificity why J&J believes such studies fall beyond the scope of Judge Wolfson's order.

*    *    *

We request a response to the above by June 11, 2024. We reserve all rights.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

4

# Exhibit 12



www.pbwt.com

August 6, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Matthew Nussbaum
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Possession, Custody, and Control of RIS RX's Documents**
       *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
       2:23-cv-02632 (JKS) (CLW)

Dear Matthew:

We write in response to SaveOnSP's July 17, 2024 letter regarding whether JJHCS has possession, custody, or control of documents held by RIS RX.

In your letter, you claim that JJHCS's productions are deficient because JJHCS "agreed to produce[] Benefits Investigations," citing to our November 20, 2023 responses and objections to SaveOnSP's Fourth Set of RFPs, and "JJHCS has not produced any benefits investigations it received from RIS [RX]." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. This incorrectly summarizes the parties' agreement. In response to Request Nos. 58 and 59, JJHCS agreed to "ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search" but that JJHCS would not otherwise search for or produce documents responsive to these Requests. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8. To be clear, TrialCard has made this production and SaveOnSP has previously acknowledged its receipt. ███████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████ Accordingly, there is no deficiency in JJHCS's benefits investigation-related productions.

Nonetheless, you request that JJHCS "promptly produce" two categories of documents:  (1) "all Benefits Investigations performed by RIS [RX]; and (2) "all documents and communications 'with respect to' those investigations." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. To be clear, JJHCS has never agreed to "all documents and communications" related to benefits investigations. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8; *see*

Matthew Nussbaum, Esq.
August 6, 2024
Page 2

Apr. 26, 2024 Ltr. from I. Eppler to E. Snow at 3-4 (agreeing to limited custodial searches "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise)").

Instead, you claim that JJHCS has the legal right to obtain upon demand, and thus controls, "[a]ll records and information, in any format, that [RIS RX] receives from, creates, or edits on behalf of [J&J]"



In an effort to reach agreement, JJHCS is willing to request that RIS RX produce "all Benefits Investigations performed by RIS of whether any patient taking any Janssen Drug at issue in this case was a member of a SaveOn-advised plan." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. JJHCS will not, however, request "all documents and communications 'with respect to' those investigations" without limitation. *See id.* As noted above, SaveOnSP's current request would encompass documents and communications plainly outside of JJHCS's access rights. Nor does SaveOnSP require every "document and communication" related to RIS RX's proprietary software to mount its mitigation defense. If there are other documents and communications that SaveOnSP seeks, JJHCS is willing to consider them. To facilitate JJHCS's forthcoming conferral with counsel for RIS RX, we ask that SaveOnSP provide, with specificity, if there are other documents and communications it seeks. Once SaveOnSP clarifies its request, JJHCS will confer with RIS RX concerning SaveOnSP's demands.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[1] For the avoidance of doubt, JJHCS does not have possession or custody of these documents. *See* Fed. R. Civ. P. 34(a).

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

September 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re: ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in reply to Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") opposition to SaveOn's motion to compel J&J to search for and produce documents regarding J&J's mitigation efforts by its vendors TrialCard and RISRx.

J&J's failure to mitigate its purported damages goes to the heart of this case. For five years, J&J willingly paid copay assistance to patients on SaveOn-advised plans, never saying that they violated its terms and conditions. Even after it began identifying patients on SaveOn-advised plans and decided to assert in this lawsuit that they violated its terms and conditions, J&J still paid them copay assistance, and it continues to do so. These decisions to keep paying patients on SaveOn-

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

advised plans represent a complete failure by J&J to mitigate its alleged damages and could dispense with its demands that SaveOn compensate it for hundreds of millions of dollars of copay assistance payments.[1]

Given the magnitude of J&J's claims and the importance of SaveOn's mitigation defense, J&J's picayune complaints about SaveOn's proposed search terms fall flat. J&J does not contest that the terms are likely to return relevant documents—in fact, J&J agreed to run nearly identical search terms related to other vendors involved in J&J's mitigation efforts, including Avalere, Archbow, and IQVIA. J&J perversely objects to running those same terms only as to the two vendors most involved in those efforts—TrialCard and RISRx—relying primarily on burden and proportionality arguments that do not withstand scrutiny.

## I.    TrialCard Search Terms

J&J almost certainly would have discussed any steps that it took to mitigate its alleged damages[2] with TrialCard, the entity that administers CarePath for J&J. Documents elicited by

---

[1] While J&J asserts that it could not identify patients on SaveOn-advised plans because SaveOn and ESI supposedly took steps to "evad[e] any manufacturer attempts to detect or thwart their scheme," Opp. at 2, ███████████████████████████. Ex. 17 at 10. That J&J continues to dispute that it could identify these patients shows that this subject should be the subject of more discovery from J&J, not less.

[2] J&J denies that the "only purported mitigation action that J&J has asserted that it took was attempts to identify patients on SaveOn-advised plans," Opp. at 2 & n.1, yet J&J has not referred to any other mitigation efforts in this litigation. To the contrary, J&J argued that "special damages" for its new conspiracy claim included mitigation, Prop. Am. Compl. ¶ 193, and at oral argument conceded that the only special damages it alleged were for patient identification, July 15, 2024 Tr. at 41:12-42:5. And when SaveOn requested documents regarding "any steps that JJHCS took regarding copay assistance payments to CarePath patients that JJHCS identified or suspected as being on accumulators, maximizers, or SaveOnSP-advised health plans," J&J responded that it would produce documents about its CAP program and nothing else. Ex. 27 at 10-22, 13-14 (J&J's R&Os to SaveOn's Seventh Requests for Production).

Hon. Freda L. Wolfson                                                                                   Page 3

search terms involving TrialCard are key to understanding what J&J and its vendor did and when,

and whether J&J failed to "take reasonable steps to mitigate its damages." *Natreon, Inc. v. Ixoreal*

*Biomed, Inc.*, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) (citations omitted).

### A.    SaveOn's TrialCard Search Terms Seek Important, Relevant Documents

SaveOn presented examples of the kinds of documents that would be picked up by the two

TrialCard search terms that SaveOn has proposed but excluded by the single search term that J&J

suggests. Br. at 4-5. J&J fails to address all but two. The documents J&J ignores demonstrate why

it should run SaveOn's proposed terms. ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████ This shows that J&J could identify patients on accumulators

and maximizers, contrary to J&J's allegation that it had no effective way of doing so. Compl.

¶ 101; Prop. Am. Compl. ¶¶ 174, 177

J&J's arguments on the two exhibits that it does address show why more discovery is war-

ranted. J&J says that Exhibits 14 and 18 are about identifying patients on accumulators, not on

maximizers or SaveOn-advised plans, Opp. at 7-8, but Your Honor has already rejected J&J's

argument that documents about accumulators are irrelevant, because J&J refers to SaveOn as an

accumulator. Jan. 24, 2024 Tr. at 131:14-21. J&J also says that ████████████████████

██████, Opp. at 7, but SaveOn's requests go to any attempts by J&J—at any point during the

relevant discovery period—"to identify whether a Person enrolled in CarePath was or could be a

member of a health plan advised by SaveOnSP," (Request No. 58), or "a Maximizer or Accumu-

lator health plan" (Request No. 59). J&J Ex. 7. ███████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ .

Hon. Freda L. Wolfson                                                          Page 4

Running SaveOn's proposed search term as to other vendors has revealed critical docu-

ments.[3] 

That these vendor-specific terms for IQVIA and Archbow

uncovered highly relevant documents that otherwise would have been withheld underscores that

J&J should run the same terms as to TrialCard (and RISRx).

**B.    J&J's Objections to SaveOn's Proposed Search Terms Fail**

*First*, J&J argues that SaveOn's proposed TrialCard-related search terms are "inconsistent"

with its document requests because the terms do not include the phrase "Benefits Investigation."

Opp. at 4-5. But SaveOn's requests defined "Benefits Investigations" to include "*any process* by

which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy ben-

efits provided by a health plan," J&J Ex. 7 at 5 (emphasis added)—not just the formal processes

---

[3] J&J agreed to search terms similar to those proposed for TrialCard for the vendors Archbow,
Avalere, and IQVIA:

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (varia-
  ble w/5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program"). J&J Ex. 8 at
  1-2 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow).

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable
  w/5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program"). *Id.*

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa
  OR CAPm OR "adjustment program). Ex. 21 at 3.

Hon. Freda L. Wolfson                                                      Page 5

that J&J calls "benefits investigations."[4]

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

*Second*, J&J argues that SaveOn's search terms are improper because they include the phrases CAPa, CAPm and "adjustment program" without a limiter. Opp. at 5. But these terms do contain a limiter—the highly uncommon word "TrialCard," which ensures that documents identified by the term are likely to be relevant to TrialCard's mitigation work. J&J agreed to run similar search terms for other third-party vendors like Archbow, Avalere, and IQVIA, Opp. at 6, 3.n.3; the only difference here is that TrialCard was more directly involved in implementing the CAP program and thus more likely to have relevant documents.

*Third,* J&J says that its proposed term "will capture documents that include the word 'Trial-Card' in proximity to variants of the words 'identify,' 'accumulator,' and 'maximizer.'" Opp. at 8. In reality, J&J's term would return only documents that include TrialCard in close proximity to *both* "identify" *and* either "accumulator" or "maximizer" or another similar term. ████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[4] While J&J complains now that the search terms *do not* contain the phrase "benefits investigation," it previously complained that SaveOn's prior proposed terms *did* contain that phrase, asserting that "the vast majority of benefits investigations conducted by TrialCard are irrelevant to this action and involve only efforts to confirm a patient's insurance coverage," Ex. 31 at 2 (Jan. 2, 2024 Ltr. from J. Long to E. Snow) (citations omitted). SaveOn revised its terms to remove the phrase "benefits investigation" at J&J's request and to target documents related to the identification of patients on accumulators and maximizers.

Hon. Freda L. Wolfson                                                    Page 6

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████    SaveOn's proposed terms will capture documents that discuss Trial-

Card's work in identifying such patients, even ones that do not use the word "identify."

        *Finally*, J&J argues that, because SaveOn cites documents "captured by existing search

parameters and produced," "JJHCS's existing search terms are sufficient to elicit the documents

SaveOnSP claims to want." Opp. at 8, *see also id.* at 7. That existing search terms happened to

pick up some of the requested documents is no guarantee that they picked up all or even most

documents of the same type. To the contrary, that the proposed terms identify thousands of new

documents indicates that the existing terms were lacking.

        **C.    SaveOn's Requests Are Appropriate**

        J&J asserts that reviewing 13,000 documents would be unduly burdensome and not pro-

portional. Not so. J&J seeks an injunction that would shut down SaveOn's business and demands

hundreds of millions of dollars in damages. *See* Jan. 24, 2024 Tr. at 132:1-2 ("It's a huge case.

There is a lot of discovery on both sides."). SaveOn's mitigation defense could end these claims

or massively reduce J&J's proposed damages. This is not hypothetical: Discovery continues to

show that J&J willingly paid CarePath funds to patients on SaveOn-advised plans that it identified

or could have easily identified.[5] Any burden that J&J asserts from reviewing the documents at

issue is easily proportional to the magnitude of the claims and defenses here. J&J should not be

---

[5] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Hon. Freda L. Wolfson                                                                          Page 7

heard to complain of burden in any event: In response to J&J's requests, SaveOn has reviewed

over 1.2 million documents, while J&J—a company with significantly more resources—has re-

viewed a fraction of that amount.[6] SaveOn is entitled to discovery on J&J's efforts to identify

patients as members of accumulators, maximizers, and SaveOn, including how it identified pa-

tients, how effective its efforts to identify patients were, and which patients it identified and when.

J&J also argues that, in light of other searches it has run and documents it has produced

regarding TrialCard and CAP, SaveOn's proposed search terms would be duplicative. Opp. at 5-

6. That SaveOn's proposed search terms return approximately 13,000 unreviewed documents is

proof that the terms are not duplicative. Aside from a single term for two custodians narrowly

tailored to identify relevant contracts,[7] J&J has not run any search terms that contain the word

"TrialCard" over the files of its J&J custodians. J&J points instead to productions made by Trial-

Card[8] but those productions do not include J&J's internal communications, which are central to

understanding J&J's mitigation decisions. J&J asserts that it reviewed 54,000 documents identified

by search terms including the words "CAPm," "CAPa," or "adjustment program," Opp. 6, but the

---

[6] While J&J asserts that SaveOn has complained that adding smaller numbers of documents would
be burdensome, Opp. at 6, SaveOn did so only in the context of (1) the vast number of documents
it has already reviewed; and (2) the marginal relevance of the documents that J&J sought. Here, in
contrast, J&J has reviewed many fewer documents than SaveOn and J&J's failure to mitigate is
fundamental to SaveOn's defense. J&J also points to other, unrelated discovery requests that
SaveOn has made, Opp. at 6-7, which are irrelevant to whether J&J should be ordered to run the
two search terms at issue here.

[7] On April 10, 2024, Your Honor ordered J&J to run SaveOn's proposed search term regarding
TrialCard contracts over the files of Scott White and Blasine Penkowski. *See* Dkt. 305 at 3-4.

[8] J&J says that TrialCard has produced nearly 10,000 pages, Opp. at 5, which amounts to approx-
imately 4,400 documents. More than 1,700 of those documents appear to be "junk" files such as
logos and images from signature blocks.

Hon. Freda L. Wolfson                                                                Page 8

search term that it ran for the refresh period[9] would have excluded relevant documents identified by SaveOn's proposed terms. █████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████ █ Regardless, SaveOn's requested searches are not limited to the CAP program; they target all TrialCard's efforts to identify patients on accumulators, maximizers, or plans advised by SaveOn, whether formally part of that program or not.

## II.   RISRx Term

SaveOn also asked Your Honor to compel J&J to run a single search term for RISRx that would elicit 984 documents for review, inclusive of families. RISRx is a vendor that, along with TrialCard, identified patients on SaveOn-advised plans for J&J. Ex. 1 at 4, 6. J&J previously agreed to run the search term with a "w/25," connector, which identifies only 239 documents fewer than SaveOn's formulation with a "w/50" connector.

J&J says that it offered to run two other searches related to benefits investigations that SaveOn purportedly ignored. Opp. at 9. In fact, *SaveOn* proposed those searches, not J&J, *see* J&J Ex. 6 at 5; J&J agreed to run them only if SaveOn gave up its right to seek additional searches regarding these Requests, J&J Ex. 8 at 4, which SaveOn could not responsibly do, given the importance of its mitigation defense and J&J's history of withholding relevant information.

---

[9] That term is: (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulate* OR maximiz*).

[10] J&J produced these documents from the *pre*-refresh period, for which it used a broader search term—"CAPa OR CAPm OR "adjustment program"—without a SaveOn-related limiter. This shows that a broader term is required to capture relevant documents.

Hon. Freda L. Wolfson                                                          Page 9

*Second*, J&J points to other searches that it has run using a "RIS"-related term, Opp. at 10, but that term was limited by the phrase "identif*", which would exclude documents about identifying patients on SaveOn-advised plans that do not use the phrase "identify." J&J similarly points to its production of RISRx reports, *id.*, but this would not include relevant communications about patient identification efforts.

*Finally*, J&J asserts that Your Honor issued a general "ruling," in the May 9, 2024 Order that search terms may not include a "w/50" connector. Opp. at 10-12. SaveOn understood Your Honor to rule on the specific search term at issue there, not generally; in fact, J&J concedes that it has continued to pursue search terms with "w/50" connectors after that ruling, J&J's Sept. 10, 2024 Opp. to SaveOn's Mot. to Compel re. May-Not-Use Prov. at 8 n.3. A "w/50" connector is warranted here. In the May 9 Order, the proposed term involved the commonly used word "adapt," which could appear in various contexts, increasing the risk that the term would identify irrelevant documents. Here, the proposed term requires the words "RIS" and "RISRx," which could refer only to J&J's vendor, in combination with industry terms like "accumulator" or "maximizer." It is hard to think of any documents identified by that term that would not be relevant to RISRx's attempts to identify patients on such plans.[11]

J&J's attempt to limit the scope of searches relating to its mitigation efforts is especially concerning because J&J withheld the existence of the CAP program and the fact of its benefits investigations to identify patients on SaveOn-advised plans until the summer of 2023, far into the

---

[11] While J&J accuses SaveOn of having "successfully litigated a limit on overbroad search terms for itself, but refus[ing] to accept the Court's guidance as generally applicable," Opp. at 12, it concedes on the preceding page that this is not true: "SaveOnSP has not objected to … 'w/50' proximity limiters in the wake of the Court's guidance" for various terms. Opp. at 11. The reality is that SaveOn has accepted multiple w/50 limiters proposed by J&J since the Court's ruling. *See* Ex. 23 at 2 & n.1-3.

Hon. Freda L. Wolfson                                                                    Page 10

discovery period. *See* Oct. 30, 2023 Tr. at 66:16-25, 72:15-75:16, 90:11-12 ("The Court: What

about the fact that [SaveOn] didn't know about CAP until this summer [2023]?"). J&J went so far

as to falsely represent to the Court that its benefits investigations were "completely irrelevant,"

Dkt. 146 at 21, "ha[d] nothing to do with this case," *id.* at 24, and "ha[d] nothing to do with the

SaveOnSP program," *id.* at 15. Only after SaveOn presented evidence J&J had conducted benefits

investigations to identify members of SaveOn-advised plans did J&J admit that it in fact conducted

such investigations for two years, starting months before it filed this case. Dkt. 163 at 1-2. Given

J&J's documented deception on this point, the benefit of any doubt should weigh in favor of addi-

tional discovery into its mitigation efforts.

      SaveOn appreciates Your Honor's attention to this matter.

                        Respectfully submitted,

                        /s/ E. Evans Wohlforth, Jr.
                        E. Evans Wohlforth, Jr.
                        Robinson & Cole LLP
                        666 Third Avenue, 20th floor
                        New York, NY 10017-4132
                        Main (212) 451-2900
                        Fax (212) 451-2999
                        ewohlforth@rc.com

Hon. Freda L. Wolfson                                                          Page 11

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 27

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.     JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.     JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.     JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.     JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.     JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.     JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, … agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 83**

All Documents and Communications cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 15, 18, 27, 63, 66, 69-74, 97, 116, 118, 143.

**Response to Request No. 83**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS, including documents and communications already produced by SaveOn.  JJHCS further objects to this Request to the extent it seeks publicly available documents or communications for which JJHCS's proposed Amended Complaint already includes citations and are already accessible to SaveOn. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.

Subject to the foregoing objections, JJHCS responds that, other than documents or communications for which the proposed Amended Complaint already includes citations, the documents and communications cited, quoted, or referenced in the proposed Amended Complaint are documents that have already been produced in this litigation by SaveOnSP or third parties.  A list of those documents is attached as Appendix A.  JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 84**

All Documents and Communications concerning any individual cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 20-22, 97, 102, 104, 107, 110, 138-142, 145-146, 149. This includes without limitation any records of discussions between such individuals and JJHCS's counsel.

**Response to Request No. 84**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks "any records of discussions between … individuals and JJHCS's counsel," as such records are exempted from discovery and protected from disclosure by the work product doctrine, the attorney-client privilege, and/or other applicable privileges and protections. JJHCS further objects to this Request to the extent it seeks any other information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.

Subject to the foregoing objections, JJHCS refers SaveOn to the attached Appendix A. JJHCS will not otherwise search for or produce documents responsive to this request.

**Request No. 85**

All Documents and Communications indicating that JJHCS cannot control the steps or actions taken by commercial health plans, including the plans' use of accumulators, maximizers,

or SaveOnSP, ███████████████████████████████████████
████████████████████████████████.

**Response to Request No. 85**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request because it mischaracterizes the documents it cites, none of which mention maximizers or SaveOnSP.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of other entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession relating to JJHCS's lack of control over commercial health plans' use of SaveOnSP, to the extent such documents and communications exist and can be located after a reasonable search of JJHCS's existing custodial collections.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 86**

All Documents and Communications regarding all proposed and enacted federal rules and regulations cited, quoted, or referenced in the proposed Amended Complaint, Dkt. 219, including any rules proposed or enacted pursuant to the ACA.

**Response to Request No. 86**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of other entities other than JJHCS. JJHCS further objects to this Request on the ground that the Court has already ruled that compliance with government regulations is irrelevant to any claim or defense in this Action. *See* Mar. 17, 2023 Hearing Tr. at 23:1-3. JJHCS further objects to this Request on the ground that SaveOnSP has previously argued that compliance with statutes is "completely tangential" to this Action. *See id.* at 20:16; *see also* Dkt. No. 66 at 7-8. SaveOnSP is judicially estopped from arguing otherwise here. JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint. JJHCS further objects to this Request to the extent it is duplicative of Request No. 14, and JJHCS incorporates by reference its response to that Request.

To the extent this Request is duplicative of Request No. 14, JJHCS has already agreed to produce and has produced, subject to prior objections, non-privileged documents relating to JJHCS's understanding of commercial health plans' ability to designate specialty drugs. To the extent this Request is not duplicative of Request No. 14, any documents or communications that are responsive to this Request and relate to SaveOnSP will have already been captured by the custodial productions that JJHCS has already agreed to produce, subject to prior objections. JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 87**

All Documents and Communications regarding communications by JJHCS or its counsel
with members of SaveOnSP-advised health plans or with representatives of health plan sponsors
regarding SaveOnSP, including but not limited to communications with the individuals referenced
in JJHCS's February 16, 2024 Letter from H. Sandick to A. Dunlap. This includes without
limitation any notes or records of communications with such members with JJHCS's counsel.

**Response to Request No. 87**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks any documents or communications regarding communications by

JJHCS's counsel, as such documents and communications are exempted from discovery and

protected from disclosure by the work product doctrine, the attorney-client privilege, and/or other

applicable privileges and protections.  JJHCS further objects to this Request to the extent it seeks

any other information that is exempt from discovery and protected from disclosure by any

privilege.  JJHCS further objects to this Request on the ground that the phrase "representative of

health plan sponsors" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant

to any claim or defense in this Action to the extent it seeks documents and communications

unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it uses the term

"JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to

this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS.  JJHCS further objects to this Request as seeking information beyond the scope

of the Court's April 27, 2023 order, which provided that "JJHCS may contact any health plan or

patient" without any restraint and required that JJHCS only "keep SaveOnSP regularly apprised

of the volume of outreach it has made to patients and health plans."  Dkt. No. 102 at 2.  JJHCS

further objects to this request as duplicative of Request No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of more than twenty-five custodians. *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5. In addition, SaveOnSP has also already received from TrialCard nearly 20,000 patient call notes, as well as the results of more than 3,900 Benefits Investigations that TrialCard conducted. *See* Feb. 16, 2024 Letter from K. Brisson to H. Miles at 1. JJHCS will not otherwise search for or produce documents responsive to this Request.

## Request No. 88

All Documents and Communications regarding any methods that JJHCS used to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

## Response to Request No. 88

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies."  Jan. 24, 2024 Tr. at 33:10-11, 39:23-24.  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents responsive to this Request.

## Request No. 89

All Documents and Communications regarding any methods that JJHCS considered using to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

## Response to Request No. 89

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians. *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5. To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies." Jan. 24, 2024 Tr. at 33:10-11, 39:23-24. To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents. *See* May 24, 2024 Letter from J. Long to E. Snow at 2. To the extent that this Request seeks documents and communications regarding methods that JJHCS only considered using, it is barred by Judge Wolfson's rulings that "[w]hat matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred," Feb. 6, 2024 Order, Dkt. No. 192, at 19, and that "Defendant does not

require communications as to why Plaintiff or J&J did not make certain decisions or vice versa; rather, it will need evidence as to actual changes that occurred," Apr. 25, 2024 Order, Dkt. No. 264, at 5. To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations. *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3. JJHCS will not otherwise search for or produce documents responsive to this Request.

## Request No. 90

All Documents and Communications regarding any steps that JJHCS took regarding copay assistance payments to CarePath patients that JJHCS identified or suspected as being on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

## Response to Request No. 90

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the

relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies."  Jan. 24, 2024 Tr. at 33:10-11, 39:23-24.  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents responsive to this Request.

### Request No. 91

All Documents and Communications regarding any steps that JJHCS considered taking regarding copay assistance payments to CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

### Response to Request No. 91

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.

14

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies."  Jan. 24, 2024 Tr. at 33:10-11, 39:23-24.  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent that this Request seeks documents and communications regarding methods that JJHCS only considered using, it is barred by Judge Wolfson's rulings that "[w]hat matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred," Feb. 6, 2024 Order, Dkt. No. 192, at 19, and that "Defendant does not require communications as to why Plaintiff or J&J did not make certain decisions or vice versa; rather, it will need evidence as to actual changes that occurred," Apr. 25, 2024 Order, Dkt. No. 264, at 5.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the

Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024

Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents

responsive to this Request.

Dated: June 10, 2024

> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey 07102
> (973) 643-7000
>
> By:    /s/Jeffrey J. Greenbaum
> JEFFREY J. GREENBAUM
> KATHERINE M. LIEB
>
>
> PATTERSON BELKNAP WEBB & TYLER LLP
> Adeel A. Mangi
> Harry Sandick (admitted *pro hac vice*)
> George LoBiondo
> 1133 Avenue of the Americas
> New York, New York 10036
> (212) 336-2000
>
> *Attorneys for Plaintiff*
> *Johnson & Johnson Health Care Systems Inc.*

## APPENDIX A

ACCREDO00006273
ACCREDO00011834
ACCREDO00019957
ACCREDO00019968
ACCREDO00022446
ACCREDO00022995
MIGH000014
SOSP_0000061
SOSP_0014806
SOSP_0029085
SOSP_0029592
SOSP_0053837
SOSP_0054166
SOSP_0058302
SOSP_0059982
SOSP_0076294
SOSP_0076301
SOSP_0076310
SOSP_0079867
SOSP_0079870
SOSP_0081786
SOSP_0086094
SOSP_0089579
SOSP_0091898
SOSP_0122928
SOSP_0157104
SOSP_0157125
SOSP_0162987
SOSP_0261653
SOSP_0261654
SOSP_0262295
SOSP_0272882
SOSP_0274561
SOSP_0307960
SOSP_0315578
SOSP_0315944
SOSP_0317739
SOSP_0325550
SOSP_0326508

SOSP_0331032
SOSP_0352545
SOSP_0353410
SOSP_0387608
SOSP_0391775
SOSP_0407317
SOSP_0408779
SOSP_0409971
SOSP_0423114
SOSP_0445843
SOSP_0450576
SOSP_0472221
SOSP_0508643
SOSP_0511419
SOSP_0515649
SOSP_0521309
SOSP_0550070
SOSP_0556254
SOSP_0556256
SOSP_0557687
SOSP_0558495
SOSP_0587225
SOSP_0587229
SOSP_0591965
SOSP_0598389
SOSP_0607845
SOSP_0612757
SOSP_0615916
SOSP_0676161
SOSP_0676710
SOSP_0677260
SOSP_0684967
SOSP_0685449
SOSP_0685665
SOSP_0685667
SOSP_0694247
SOSP_0695753
SOSP_0703265
SOSP_0707729
SOSP_0721377
SOSP_0737745

SOSP_0741907
SOSP_0757654
SOSP_0759120
SOSP_0759420
SOSP_0759749
SOSP_0767749
SOSP_0774805
SOSP_0794313
SOSP_0813540
SOSP_0814054
SOSP_0828860
SOSP_0851109
SOSP_0854270
SOSP_0854367
SOSP_0857490
SOSP_0859169
SOSP_0859572
SOSP_0861633
SOSP_0871091
SOSP_0877166
SOSP_0878913
SOSP_0880855
SOSP_0880859
SOSP_0880861
SOSP_0880865
SOSP_0880868
SOSP_0880870
SOSP_0880873
SOSP_0884139
SOSP_0932805
SOSP_0932823
SOSP_0934905
SOSP_0939207
SOSP_0940041
SOSP_0942726
SOSP_0943232
SOSP_0944308
SOSP_0944587
SOSP_1028357
SOSP_1032705
SOSP_1034736

SOSP_1038106
SOSP_1040397
SOSP_1045896
SOSP_1049360
SOSP_1052472
SOSP_1053908
SOSP_1068121
SOSP_1069471
SOSP_1069472
SOSP_1095525
SOSP_1114963
SOSP_1116056
TRIALCARD_00008915
TRIALCARD_00008916
TRIALCARD_00008917
TRIALCARD_00008918
TRIALCARD_00008919
TRIALCARD_00008920
TRIALCARD_00008921
TRIALCARD_00008922
TRIALCARD_00008923
TRIALCARD_00008924
TRIALCARD_00008925
TRIALCARD_00008926
TRIALCARD_00008927
TRIALCARD_00008928
TRIALCARD_00008929
TRIALCARD_00008930

# EXHIBITS 28-30
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 31



www.pbwt.com

January 2, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       ***No. 2:22-cv-02632 (ES) (CLW)***

Dear Elizabeth:

We write in response to SaveOnSP's December 15, 2023 letter regarding JJHCS's responses and objections to SaveOnSP's Fourth Set of Requests for Production.

**I.    General Objections & Definitions**

SaveOnSP asks for confirmation that "JJHCS will produce documents in response to these Requests from April 1, 2016 to November 7, 2023." Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 1. That is correct, and is consistent with JJHCS's responses and objections, which state that, "[u]nless otherwise noted," JJHCS will "provide information from April 1, 2016 to November 7, 2023." JJHCS's Nov. 20, 2023 Responses and Objections at 6.

SaveOnSP further asks for confirmation whether JJHCS is "withholding any documents based on any general objection." JJHCS's general objections include privilege, relevance, and burden objections, and JJHCS reserves all rights with respect to each general objection. *See id.* at 1-3. JJHCS's specific responses and objections to each request set forth how JJHCS plans to respond as to each, including with respect to what JJHCS is willing to produce. If you believe any of our responses or objections are unclear, please let us know.

SaveOnSP also takes issue with JJHCS's objection to the definition of "Janssen," claiming that the Court previously held that "JJHCS's discovery obligations include Janssen." *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 1 (citing June 27 Tr. at 96-97). SaveOnSP's claim finds no support in the June 27, 2023 transcript. At issue in June was SaveOnSP's motion to compel supplemental responses to certain interrogatories served on JJHCS. As SaveOnSP well knows, the Court granted that motion in part, and clarified the limited implications of its rulings when SaveOnSP untimely sought reconsideration at the October 30 conference. As JJHCS

---

Elizabeth H. Snow, Esq.
January 2, 2024
Page 2

repeatedly has made clear—of roughly 200 subsidiaries—"JJHCS is the sole relevant J&J entity involved in the development, marketing, or administration of CarePath." ECF No. 122 at 1 (quoting ECF No. 79 at 20).

## II.    Requests 58 and 59

In its December 15 letter, SaveOnSP acknowledges that JJHCS has asked TrialCard to produce "all benefits investigation reports . . . that reflect inquiries about whether a patient taking Stelara or Tremfya was enrolled in an accumulator program or maximizer program (including SaveOnSP)." JJHCS's Nov. 20, 2023 Responses and Objections at 7-8. JJHCS understands that TrialCard has agreed to produce these materials through November 7, 2023.

Nonetheless, SaveOnSP insists that JJHCS "produce all documents and communications responsive to RFPs 58 and 59" using SaveOnSP's requested search terms. JJHCS declines to do so. As JJHCS has explained, the "vast majority of benefits investigations" conducted by TrialCard are irrelevant to this action and involve only "efforts to confirm a patient's insurance coverage and if the patient is required to make copayments for a particular medication." ECF No. 163 at 1. Several of SaveOnSP's requested search strings relate to drug names that JJHCS understands were not part of Trial Card's inquiries—nor are SaveOnSP's Requests 58 and 59 limited to the relevant date range for these inquiries (i.e., January 1, 2022 to November 7, 2023). *See id.* at 1-2. As a result, the overwhelming majority of SaveOnSP's search terms are unlikely to result in responsive documents.

JJHCS also objects to SaveOnSP's proposed search terms on the basis of burden. As outlined in Exhibits A and B, SaveOnSP's requested search terms would require JJHCS review approximately 146,000 additional documents (inclusive of families) if added for JJHCS's existing custodians and newly added CAP custodians. Given that most of these hits are unlikely to be relevant, it would be unduly burdensome and disproportionate to the needs of the case for JJHCS to review this many irrelevant documents.

## III.    Requests 61 and 62

SaveOnSP's Requests 61 and 62 seek any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding patients enrolled in CarePath, and documents sufficient to show negotiations between JJHCS and ESI or Accredo regarding obtaining patient data.

As to Request 61, SaveOnSP's claim that "JJHCS objects to producing patient data regarding persons enrolled in CarePath" is not accurate. *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 2. To be clear, JJHCS already has agreed to produce many categories of data concerning CarePath enrollees, including claims data related to the drugs at issue in the SaveOnSP Program. JJHCS's objection to Request 61, by contrast, relates to SaveOnSP's request for "patient information or data provided by Accredo or ESI to JJHCS" which is unrelated to the benefits

Elizabeth H. Snow, Esq.
January 2, 2024
Page 3

investigations described above—i.e., TrialCard's inquiries about whether a patient taking Stelara or Tremfya was enrolled in an accumulator program or maximizer program.

As to Request 62, SaveOnSP claims that documents concerning "any negotiations between JJHCS and Accredo or ESI . . . are relevant to showing whether JJHCS (or TrialCard, as its vendor) knew that such data was available from ESI or Accredo." *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 2-3. Not so. Assuming the requested contracts exist, any documents concerning any underlying negotiations would not provide further relevant information. As reflected in JJHCS's responses and objections to Request 60, JJHCS will produce non-privileged documents in its possession sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data during the relevant Time Period, to the extent that such documents exist and can be located after a reasonable search.

JJHCS also objects to SaveOnSP's proposed search terms on the basis of burden, as outlined in Exhibits A and B. SaveOnSP's proposed terms related to Accredo and ESI are extremely broad—and in no way are tailored to Requests 61 and 62. Indeed, each of these terms would require JJHCS to review every document concerning any Accredo or ESI agreement, the vast majority of which have nothing to do with JJHCS's copay assistance program. *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 4-5 (suggesting the following terms: Accredo AND ("contract*" OR "agreement*") and (ESI OR ExpressScripts OR "Express Scripts") AND ("agreement*" OR "contract*")). Accordingly, JJHCS declines to add these additional terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

14783458

**Exhibit A:  Hit Count for Requested Search Terms as to Existing JJHCS Custodians[1]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| Accredo AND (contract* OR agreement*) | 14,364 | 44,795 |
| "Benefits Investigation*" AND Accredo | 1,593 | 8,509 |
| "Benefits Investigation*" AND accumulator* | 1,427 | 5,721 |
| "Benefits Investigation*" AND ESI | 493 | 1,966 |
| "Benefits Investigation*" AND "Express Scripts" | 800 | 3,596 |
| "Benefits Investigation*" AND ExpressScripts | 24 | 439 |
| "Benefits Investigation*" AND Balversa | 780 | 2,938 |
| "Benefits Investigation*" AND Darzelex | 28 | 167 |
| "Benefits Investigation*" AND Faspro | 1,173 | 5,513 |
| "Benefits Investigation*" AND Erleada | 2,685 | 10,599 |
| "Benefits Investigation*" AND Imbruvica | 422 | 2,152 |
| "Benefits Investigation*" AND maximizer* | 930 | 5,225 |
| "Benefits Investigation*" AND Opsumit | 1,050 | 4,678 |
| "Benefits Investigation*" AND Precobix | 1 | 2 |
| "Benefits Investigation*" AND Remicade | 5,937 | 28,014 |
| "Benefits Investigation*" AND Rybrevant | 804 | 3,732 |
| "Benefits Investigation*" AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR Save-On OR SOSP) | 0 | 0 |

---

[1] **Custodians**:  Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh

i

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Benefits Investigation*" AND Simponi | 6,965 | 30,283 |
| "Benefits Investigation*" AND Stelara | 10,498 | 42,183 |
| "Benefits Investigation*" AND Symtuza | 1,348 | 3,708 |
| "Benefits Investigation*" AND Tracleer | 471 | 2,179 |
| "Benefits Investigation*" AND Tremfya | 7,354 | 27,580 |
| "Benefits Investigation*" AND Uptravi | 1,024 | 4,655 |
| "Benefits Investigation*" AND Ventavis | 366 | 1,668 |
| "Benefits Investigation*" AND Zytiga | 2,811 | 13,811 |
| (ESI OR ExpressScripts OR "Express Scripts") AND (agreement* OR contract*) | 12,472 | 43,034 |

ii

**Exhibit B:  Hit Count for Requested Search Terms as to "CAP" Custodians[2]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| Accredo AND (contract* OR agreement*) | 1,673 | 9,123 |
| "Benefits Investigation*" AND Accredo | 155 | 1,556 |
| "Benefits Investigation*" AND accumulator* | 771 | 2,753 |
| "Benefits Investigation*" AND ESI | 36 | 195 |
| "Benefits Investigation*" AND "Express Scripts" | 97 | 833 |
| "Benefits Investigation*" AND ExpressScripts | 8 | 400 |
| "Benefits Investigation*" AND Balversa | 403 | 1,790 |
| "Benefits Investigation*" AND Darzelex | 27 | 57 |
| "Benefits Investigation*" AND Faspro | 930 | 3,327 |
| "Benefits Investigation*" AND Erleada | 1,459 | 5,135 |
| "Benefits Investigation*" AND Imbruvica | 115 | 535 |
| "Benefits Investigation*" AND maximizer* | 441 | 1,648 |
| "Benefits Investigation*" AND Opsumit | 386 | 1,292 |
| "Benefits Investigation*" AND Precobix | 2 | 4 |
| "Benefits Investigation*" AND Remicade | 536 | 2,874 |
| "Benefits Investigation*" AND Rybrevant | 711 | 3,417 |
| "Benefits Investigation*" AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR Save-On OR SOSP) | 4 | 5 |
| "Benefits Investigation*" AND Simponi | 711 | 2,743 |

---

[2] **Custodians**:  Quinton Kinne, Daphne Longbothum, Allison Barklage, John Hoffman, William Shontz, and L.D. Platt

i

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Benefits Investigation*" AND Stelara | 1,258 | 3,915 |
| "Benefits Investigation*" AND Symtuza | 313 | 810 |
| "Benefits Investigation*" AND Tracleer | 245 | 822 |
| "Benefits Investigation*" AND Tremfya | 951 | 2,791 |
| "Benefits Investigation*" AND Uptravi | 368 | 1,229 |
| "Benefits Investigation*" AND Ventavis | 98 | 278 |
| "Benefits Investigation*" AND Zytiga | 1,127 | 4,262 |
| (ESI OR ExpressScripts OR "Express Scripts") AND (agreement* OR contract*) | 4,434 | 15,288 |

# EXHIBITS 32-36
# CONFIDENTIAL – FILED UNDER SEAL

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE
DISCOVERY CONFIDENTIALITY ORDER**

September 18, 2024

<u>**VIA Email**</u>

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:    Motion for Leave to File Surreply in Further Opposition to
> SaveOnSP's August 30, 2024 Motion to Compel**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we request leave to file this surreply concerning SaveOnSP's August 30,

2024 letter motion to compel JJHCS to produce documents elicited by three search terms related to

JJHCS's vendors TrialCard and RISRx.  We are reluctant to burden the Court with additional briefing,

but unfortunately, SaveOnSP's September 16 reply brief—which is longer than its opening brief—is

rife with new arguments and outright falsehoods.  These tactics are not new.  *See* May 22, 2024 Ltr.

from J. Greenbaum to Hon. Wolfson at 1-2.  Of the many new claims improperly raised by SaveOnSP

for the first time in reply, JJHCS responds below only to the two most egregious ones.  As to the rest

of SaveOnSP's new material—including, for example, its ten new exhibits—JJHCS is prepared to

address those upon the Court's request, or otherwise at oral argument.

Honorable Freda L. Wolfson, U.S.D.J.
September 18, 2024
Page 2

## I.    JJHCS Never Willingly Provided Copay Assistance to SaveOnSP

The Court should not be misled by SaveOnSP's claim, on the first page of its reply, that "[f]or five years, [JJHCS] willingly paid copay assistance to patients on SaveOn-advised plans." SaveOnSP cites not a single document to support this broad proposition, and for good reason: it is not true. To the contrary, as Your Honor may recall, JJHCS made an application to Judge Waldor on precisely this issue. JJHCS sought leave of Court to share SaveOnSP's "patient list" with its relevant business personnel for the express purpose of stopping the payment of copay assistance to these same patients. SaveOnSP vehemently objected; Judge Waldor sided with SaveOnSP and denied JJHCS's application; and to this day SaveOnSP is misappropriating tens of millions of dollars in CarePath funding each month as a result. Having blocked JJHCS from mitigating its damages, it is the height of hypocrisy for SaveOnSP to now claim that JJHCS is "willingly" making the very payments that JJHCS sought Court intervention to stop.

SaveOnSP's reply seeks to obscure this history by distorting the record evidence of JJHCS's mitigation efforts. Again, the Court should not accept SaveOnSP's mischaracterizations. █████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
September 18, 2024
Page 3

███    In sum, far from showing that JJHCS "willingly paid" out tens of millions of dollars for

SaveOnSP to pocket for itself, the evidence at trial will show that SaveOnSP's ever-changing

deceptive tactics made it impossible for JJHCS to systematically and accurately identify SaveOnSP-

affected patients.

**II.    JJHCS Never Withheld Evidence or Misled the Court**

SaveOnSP closes its reply by suggesting that JJHCS "withheld" certain evidence related to its

CAP program and participated in other "documented deception" related to "benefits investigations."

Reply at 9-10.  Given the stunning degree of "documented deception" by SaveOnSP produced in

discovery from its own files, it is understandable that SaveOnSP now hopes to project the same

misconduct on JJHCS, the victim of its deceptive scheme.  But SaveOnSP's charge does not withstand

even passing scrutiny.  ████████████████████████████

████████████████████████████████  ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

Second, as for SaveOnSP's claim that JJHCS engaged in "documented deception" related to

benefits investigations, here are the facts:  in August 2023, in a brief opposing a SaveOnSP motion

to compel, JJHCS stated "that documents related to 'benefits investigations' (i.e., efforts to confirm

a patient's insurance coverage and if the patient is required to make co-payments for a particular

medication) are irrelevant to the enforcement of the 'other offer' provision at issue in this litigation."

Dkt. No. 163 at 1 (citing Dkt. No. 146 at 16, 20).  That statement was, and remains, generally true.

But counsel for JJHCS learned before argument on SaveOnSP's motion that while the "vast majority

Honorable Freda L. Wolfson, U.S.D.J.
September 18, 2024
Page 4

of benefits investigations" are irrelevant (e.g., because they reflect whether a patient has commercial

or government insurance), "in certain specific instances beginning in January 2022," JJHCS vendors

did conduct a certain type of benefits investigation "that could be relevant to the parties' claims and

defenses." *Id.*  JJHCS immediately advised Judge Waldor of this new information, and in the same

submission, agreed to produce the relevant documents.  *Id.* at 1-2.  Thus, contrary to SaveOnSP's

"documented deception" smear, JJHCS conducted itself precisely as it should have done.  And, to be

clear, nothing about that year-old episode has the slightest relevance to the flawed search terms that

are the actual subject of SaveOnSP's motion.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:  All counsel of record

# EXHIBITS 13-14
# CONFIDENTIAL – FILED UNDER SEAL