# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

August 22, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Defendant Save On SP, LLC ("SaveOn"), we write (1) to respond to Plaintiff Johnson & Johnson Health Care Systems, Inc.'s (with its affiliates, "J&J") August 12, 2024 motion to compel the production of documents from August 1, 2015 to April 1, 2016; and (2) to move Your Honor to compel J&J to review and produce relevant, non-privileged documents from the same period using search terms limited to J&J's awareness of SaveOn during this time period.

SaveOn does not (and never did) object to reviewing and producing documents from August 1, 2015 to April 1, 2016; SaveOn rather submits that, if it does so, J&J should undertake a limited review and production from the same time period. The documents that SaveOn seeks are relevant for the same reason that the documents that J&J seeks are relevant: J&J seeks documents

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | **rc.com**

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                              Page 2

showing SaveOn's activities prior to April 2016; SaveOn seeks documents showing whether J&J

was aware of those activities at the same time.

    In April 2023, the parties agreed to begin the main discovery period on April 1, 2016. When

they did so, SaveOn had already told J&J that it had begun work before April 2016. SaveOn

said that it first registered as an LLC with the New York Secretary of State in March 2015. J&J

Ex. 8 at 5 (Apr. 6, 2023 Email from M. Nelson to G. LoBiondo). SaveOn had disclosed that by

May 2016 it was marketing itself to clients, and it started setting up call centers and hiring em-

ployees shortly thereafter. *Id.* at 2 (Apr. 10, 2023 Email from M. Nelson to G. LoBiondo). SaveOn

had said that by July 2016 it was communicating with patients. Ex. 1 (Mar. 31, 2023 Ltr. from A.

Dunlap to G. LoBiondo). And SaveOn had produced documents showing that ███████████

████████████████. Ex. 2 (SOSP_0000084). J&J knew, therefore, that SaveOn had

begun setting up its business before April 2016. Knowing this, J&J agreed with SaveOn that the

parties would both start the main discovery period on April 1, 2016. J&J Ex. 8 at 1 (Apr. 10, 2023

Email from G. LoBiondo to M. Nelson).[1]

    After this, SaveOn learned that, while its original investigation had showed that it began

communicating with potential clients in May 2016, it actually had some earlier communications

with potential clients. SaveOn promptly told J&J. J&J Ex. 19 at 1 (July 18, 2024 Ltr. from M.

---

[1] J&J's suggestions that SaveOn represented that it had no documents concerning the origin of its services before April 2016 are false. J&J asserts that SaveOn said in early 2023 that it began op-erating in January 2017. Mot. 2. In truth SaveOn produced its contract with ESI in November 2022 ███████████████████████████████████ Ex. 2 (SOSP_0000084). While J&J says that SaveOn represented that "its personnel [were] unlikely to have generated documents relevant to the issues in this lawsuit before April 2016," Mot. 4, SaveOn actually told J&J that "SaveOnSP was formed in March 2015," *see, e.g.*, J&J Ex. 8 at 5 (Apr. 6, 2023 Email from M. Nelson to G. LoBiondo), and J&J admits that SaveOn said that it had relevant communications with ESI dating back to December 2015, Mot. 4.

Hon. Freda L. Wolfson                                                                    Page 3

Nelson to J. Chefitz). J&J asked SaveOn to search for and produce documents going back to Au-
gust 1, 2015 from the four custodians involved with SaveOn at that time. J&J Ex. 18 at 2-3. Nota-
bly, J&J did not limit its request to potential client communications—it rather asked SaveOn to
run *all* search terms for *all* custodians who worked for SaveOn at that time. SaveOn offered to do
so on terms similar to the parties' prior agreement—it would produce documents from that
timeframe if J&J would do the same using narrowed search terms. J&J Ex. 20 (July 30, 2024 Ltr.
from M. Nelson to J. Chefitz). J&J refused. Ex. 3 (Aug. 1, 2024 Ltr. from J. Chefitz to M. Nelson).

The Special Master should compel J&J to produce documents from August 1, 2015 to
April 1, 2016 using the narrow search terms that SaveOn proposed, which are limited to discover-
ing if J&J was aware of SaveOn or its planned services during this period. J&J Ex. 20 (July 30,
2024 Ltr. from M. Nelson to J. Chefitz). As Your Honor has recognized, the question of when J&J
became aware of SaveOn is relevant to several issues in this case, including J&J's decision not to
enforce its terms and conditions against SaveOn until 2022 (which goes to the meaning of those
terms and conditions, *see, e.g.*, Dkt. 264 at 2 (Apr. 25, 2024 Order, noting that "documents and
communications related to the enforcement of the T&Cs of the CarePath program are also rele-
vant")), as well as SaveOn's mitigation, laches, and acquiescence defenses, Dkt. 192 at 14 (Feb. 6,
2024 Order, agreeing that SaveOn "is entitled to explore why Plaintiff decided to amend the terms
in 2022, when it knew of the SaveOnSp Program since 2017, which decision could potentially
support Defendant's defenses of mitigation, laches and acquiescence.").

Discovery has proven false J&J's representation that it did not learn of SaveOn until "many
years" after 2016. Dkt. 165 at 20 (████████████████████████████████████████████
████████████████████); *see also* May 2, 2024 Opp. at 18 ("To be clear, JJHCS disputes that it
had material information about the SaveOnSP scheme in 2017."). ████████████████████

Hon. Freda L. Wolfson                                                        Page 4



These emails describe ██████ █████████████████████████████████████ *Id.* at -271.

Because it now appears that SaveOn communicated with some potential clients about its prospective services between August 1, 2015 and April 1, 2016, it is possible that J&J learned about those services during that same time period. SaveOn thus proposes that J&J run search terms in this time period narrowly tailored to identify such documents:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

─────────────────

2 ████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████

Hon. Freda L. Wolfson                                                                                         Page 5

- "Save On" (case sensitive)

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*);
  and (vi) (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

SaveOn asked J&J to provide hit counts of documents identified by these search terms, J&J

Ex. 20 at 2 (July 30, 2024 Ltr. from M. Nelson to J. Chefitz), but J&J refused, Ex. 3 (Aug. 1, 2024

Ltr. from J. Chefitz to M. Nelson). Any burden argument J&J might advance is, therefore, unsub-

stantiated. Given the clear relevance of the material that SaveOn seeks, the Special Master should

compel J&J to run these searches and produce any relevant documents.

SaveOn appreciates Your Honor's attention to this matter.


Respectfully submitted,


/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**selendy**
**gay**
**elsberg**

Andrew Dunlap
Partner
212 390 9069
adunlap@selendygay.com

March 31, 2023

**Via E-mail**

George LoBiondo
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
globiondo@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC*** **(Case No. 2:22-cv-02632-JMV-CLW)**

Dear George,

We write in response to your March 27, 2023 letter regarding the time period for SaveOnSP's document production.

You ask when SaveOnSP began operations. SaveOnSP's first health plan clients went "live" in September 2016. We understand that SaveOnSP provided notice to the first patient members of those plans starting after July 1, 2016.

In each of its Requests for Production, JJHCS defined the relevant time period as beginning on January 1, 2017. *See* Pl.'s First Set of Reqs. for Prod. at 5; Pl.'s Second Set of Reqs. for Prod. at 6; Pl.'s Third Set of Reqs. for Prod. at 6. You ask SaveOnSP to expand its document production to include responsive documents going back to when it began operations. SaveOnSP will adjust its production to include documents going back to July 1, 2016 if JJHCS will do the same.

We reserve all rights and are available to meet and confer.

Best,

/s/ Andrew R. Dunlap

Andrew R. Dunlap
Partner

# Exhibit 2

# Exhibit 3



www.pbwt.com

August 1, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Meredith Nelson, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
         **2:22-cv-02632 (JKS) (CLW)**

Dear Meredith:

We write in response to your July 30, 2024 letter regarding SaveOnSP's relevant pre-April 2016 documents, which follows our previous conferral and several letters on this topic going back to June 21, 2024.

As you know, SaveOnSP previously represented that its personnel were unlikely to have generated relevant documents before April 2016, and that the earliest communications SaveOnSP had with its first client was in May 2016. This followed SaveOnSP's representation to the Court that it "began operations in 2017." It is now clear that all of those representations were false. Indeed, your letter notes that SaveOnSP custodians possess *thousands* of documents that hit on the parties' agreed-upon search terms before April 2016, which SaveOnSP has never even reviewed, much less produced. And although SaveOnSP previously represented that "the earliest communications SaveOnSP had with its first client was in May 2016," your letter confirms that SaveOnSP communicated with potential clients before that time.

Your letter concedes these failures but indicates that SaveOnSP is refusing to rectify them unless JJHCS agrees to undertake additional custodial discovery of its own. That demand is improper and unjustified because the misrepresentations at issue were all by SaveOnSP. We therefore reject your tit-for-tat demand.

Please confirm by August 5, 2024, that SaveOnSP will, without condition, produce the relevant 2015-16 documents it has identified and provide the information JJHCS has requested regarding its early client communications. Otherwise, we will understand the parties to be at impasse on this issue and will promptly seek relief from the Court.

We reserve all rights.

Patterson Belknap Webb & Tyler LLP     1133 Avenue of the Americas, New York, NY 10036     T 212.336.2000     F 212.336.2222

Meredith Nelson, Esq.
August 1, 2024
Page 2

Very truly yours,

*/s/ Jacob I. Chefitz*

Jacob I. Chefitz

# Exhibit 4

# Exhibit 5

# Exhibit 6

# Exhibit 7

# Exhibit 8