Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

August 29, 2024

**Via Email and ECF**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**Re: Motion to Compel SaveOnSP to Produce Pre-April 2016 Documents**
***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, Civil Action No. 2:22-cv-02632 (JKS) (CLW) (JJHCS Reply Letter)**

Dear Judge Wolfson:

On behalf of JJHCS, we write (i) in further support of JJHCS's motion to compel SaveOnSP to produce relevant documents from the files of four existing custodians for the eight-month period of August 1, 2015 to April 1, 2016, and (ii) in opposition to SaveOnSP's purported cross-motion to compel JJHCS to review and produce relevant, non-privileged documents from the same period.

**I. JJHCS's Motion Should Be Granted as Unopposed**

SaveOnSP's response provides no basis to oppose JJHCS's motion and states that SaveOnSP "does not (and never did) object to reviewing and producing [the] documents" that JJHCS has requested here. Resp. at 1. Your Honor should therefore grant JJHCS's motion as unopposed.[1]

**II. Your Honor Should Reject SaveOnSP's Retaliatory Request**

Despite not objecting to producing the documents that JJHCS has requested, SaveOnSP asks that Your Honor condition any relief here on JJHCS running a bevy of search terms across all of JJHCS's custodians for the earlier time period (August 1, 2015 to April 1, 2016) and producing all relevant, non-privileged hits. Notably, this is not discovery that SaveOnSP has ever affirmatively sought from JJHCS; rather, SaveOnSP requested it only once it became clear that—contrary to its earlier representations—it possessed relevant documents from the August 1, 2015 to April 1, 2016 period. *See* JJHCS Ex. 20. Nor has SaveOnSP seriously tried to justify this request until its response to JJHCS's present motion. *See id.* Put differently, it is a purely retaliatory demand, and Your Honor should reject it.

In making its retaliatory request, SaveOnSP tries to downplay its prior misrepresentations. SaveOnSP states that, when the parties agreed to start discovery at April 1, 2016, SaveOnSP had disclosed "that it first registered as an LLC with the New York Secretary of State in

---

[1] This is just the latest instance of what is becoming a repeating pattern: SaveOnSP forces JJHCS to file a motion before Your Honor to compel discovery and then concedes that it has no substantive objection. *See, e.g.*, Aug. 19, 2024 SaveOnSP Resp. to JJHCS Mot. to Compel Document Retention Policy; July 1, 2024 SaveOnSP Resp. to JJHCS Mot. for *In Camera* Review; May 21, 2024 SaveOnSP Opp. to JJHCS Mot. to Compel to Designate Johnson and Leger as Document Custodians. This gamesmanship is wasteful and delays discovery. If this pattern continues, JJHCS will be forced to seek costs.

March 2015." Resp. at 2. But SaveOnSP omits that, after JJHCS asked SaveOnSP whether it "started operations right after it formed the corporate entity in March 2015," SaveOnSP responded that "the ***earliest*** communications SaveOnSP had with its first client was in ***May 2016***, that it would have drafted any marketing materials ***shortly in advance*** of those communications, and that it hired its first employees and set up its first call centers ***after that date***." JJHCS Ex. 8 (Apr. 10, 2023, 3:00 pm email from M. Nelson to G. LoBiondo) (emphasis added). And based on that representation, JJHCS agreed to an April 1, 2016 start date for SaveOnSP's discovery. *Id.* (Apr. 10, 2023, 10:35 pm email from G. LoBiondo to M. Nelson). JJHCS did not know, as SaveOnSP asserts in its letter, that SaveOnSP actually "had begun setting up its business before April 2016." Resp. at 2. And JJHCS relied on those representations for purposes of shaping discovery.

SaveOnSP then tells Your Honor that, after recently learning that "it actually had some earlier communications with potential clients," it "promptly told [JJHCS]." Resp. at 2. But SaveOnSP does not disclose that it did so only after JJHCS first identified for SaveOnSP several documents demonstrating that—contrary to SaveOnSP's prior representations—SaveOnSP was actively operating before April 1, 2016. *See* Mot. at 2–6. SaveOnSP should be well aware of those operations; key personnel who have been with SaveOnSP from the start, including founder and president Jody Miller, are still there and leading the company. SaveOnSP nonetheless claims that, because it "now appears" that it was communicating with potential clients before April 2016, it should receive sweeping pre-April 2016 discovery from JJHCS. Resp. at 4.

In short, SaveOnSP has long been playing games regarding when it started operating. After repeatedly leading JJHCS to believe that SaveOnSP was not engaged in relevant operations before April 2016—which, again, is why JJHCS was previously willing to agree to an April 1, 2016

cutoff—SaveOnSP cannot now leverage its prior misrepresentations to extract additional discovery from JJHCS.

SaveOnSP's request is also unjustified. The fact that JJHCS is entitled to its requested pre-April 2016 discovery from SaveOnSP does not grant SaveOnSP an automatic right to "reciprocal discovery." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2018 WL 4538479, at *1 (D. Kan. Sept. 21, 2018) (refusing to allow "reciprocal discovery" with respect to a discovery time period where there was no support for it). And SaveOnSP offers no legitimate justification for seeking pre-April 2016 from all of JJHCS's custodians. SaveOnSP speculates that, "[b]ecause it now appears that SaveOn communicated with some potential clients about its prospective services between August 1, 2015 and April 1, 2016, it is possible that [JJHCS] learned about those services during that same time period." Resp. at 4. But beyond such speculation, SaveOnSP provides no evidence that any of JJHCS's custodians were aware of SaveOnSP before April 2016. The earliest document that SaveOnSP musters is [REDACTED]. *See* SaveOnSP Ex. 4 at -271–72 (discussing [REDACTED]). That is no basis to seek documents from before April 2016.[2] And SaveOnSP's request rings particularly hollow given that it has separately

[2] Citing this and other documents from 2016 and 2017, SaveOnSP also asserts that JJHCS, in earlier filings in this case, inaccurately represented when it first became aware of SaveOnSP's existence. JJHCS disputes that these documents, which involve a limited subset of JJHCS employees, establish JJHCS's awareness of SaveOnSP. Those documents also include communications between SaveOnSP's Jody Miller and a J&J employee named Michael Cassano; SaveOnSP has, of course, always been aware of those communications and, in fact, produced them to JJHCS more than a year ago. Regardless, whether—and the extent to which—JJHCS was aware of SaveOnSP in late 2016

requested, and JJHCS has produced, documents concerning CarePath's terms and conditions from eight JJHCS custodians (including individuals who are identified in the documents that SaveOnSP cites in its response) going back to January 1, 2009. *See* Ex. 21 (App'x to Aug. 8, 2024 Ltr. from J. Long to M. Nelson at v, ix).

SaveOnSP's requested custodians and search terms are not even tailored to the discovery that it claims to seek. Unlike JJHCS's request, which is limited to just the four SaveOnSP custodians who appear in relevant documents pre-dating April 1, 2016,[3] SaveOnSP seeks pre-2016 discovery from *all* of JJHCS custodians, regardless of their role at the time. *See* Resp. at 4–5. SaveOnSP's failure to identify any subset of custodians at issue is particularly problematic given that, at SaveOnSP's insistence, JJHCS now has 43 existing custodians, and SaveOnSP continues to seek the addition of more than twenty new JJHCS custodians. *See* Ex. 22 (Aug. 29, 2024 Ltr. from J. Long to E. Snow at 1); SaveOnSP's Aug. 26, 2024 Motion to Compel Joseph Incelli and Norhaan Khalil.

SaveOnSP's request is no simple task. While JJHCS collected documents from its custodians, it did so only for the relevant time period. Accordingly, SaveOnSP's new demand would require JJHCS to go back and recollect documents from a different time period for every custodian in the case—a costly endeavor—and to do so in circumstances where there is not a hint of a suggestion that any of them had even heard of SaveOnSP during this new time period. Nor are they likely to have heard of it given what SaveOnSP has represented regarding its operations in that time period.

---

and 2017 is irrelevant to whether SaveOnSP has any basis to seek pre-April 2016 documents from all JJHCS custodians.

[3] While SaveOnSP, in its letter, complains that JJHCS has asked SaveOnSP here to run all search terms for the four SaveOnSP custodians at issue, *see* Resp. at 3, SaveOnSP has not previously objected to doing so, *see* JJHCS Ex. 20 at 1.

And SaveOnSP's search terms are not, as SaveOnSP claims in its response, "narrowly tailored" to discovering whether JJHCS was aware of SaveOnSP's activities during this early time period. Take, for instance, SaveOnSP's request to search for "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*), which will necessarily sweep in many documents that have nothing to do with SaveOnSP or JJHCS's awareness of it.

Your Honor should therefore deny SaveOnSP's request. Now that the record is clear that SaveOnSP has relevant documents going back at least to August 2015, it must produce them. And, having long maintained that it has no relevant documents from before April 2016, SaveOnSP should not now be heard to condition that discovery on a baseless and retaliatory request of JJHCS.

* * *

We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum

cc: All counsel of record for SaveOnSP