SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| vs. | Hon. Cathy L. Waldor, U.S.M.J. |
| | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendants. | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L. Civ.

R. 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS, together with defendant Save On SP, LLC ("SaveOnSP"), to seal the letters and supporting exhibits filed by the parties in connection with SaveOnSP's Motion to Compel JJHCS to Produce Documents Sufficient to Show the Instances in Which It Investigated, Enforced, or Contemplated Enforcing Any Portion of the May-Not-Use Provision, dated September 16, 2024, with related briefing dated September 26 and October 3, 2024 (ECF Nos. 383, 391, 399, & 415, filed September 18, September 27, October 4, 2024, and October 16, 2024) (the "May-Not-Use Enforcement Motion").[1]

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. The parties seek to seal portions of the May-Not-Use Enforcement Motion in accordance with L. Civ. R. 5.3(c).

3. Attached hereto as Exhibits A, B, and C are the proposed public versions of the May-Not-Use Enforcement Motion. As shown in this exhibit, JJHCS and SaveOnSP are proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4. L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall

---

[1] SaveOnSP inadvertently filed a copy of its October 3, 2024 reply to the May-Not-Use Enforcement Motion without exhibits at ECF No. 399. SaveOnSP refiled its reply with exhibits at ECF No. 415.

ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5. In support of this motion, the parties have prepared indices setting forth the information sought to be sealed and the basis for the request as follows:

| Exhibit D | JJHCS's proposed redactions to May-Not-Use Enforcement Motion |
| Exhibit E | SaveOnSP's proposed redactions to May-Not-Use Enforcement Motion |

6. The parties have reviewed each other's proposed redactions, and neither party has objected to the sealing of any of the confidential materials subject to this motion.

**JJHCS Confidential Information**

7. The Complaint alleges that SaveOnSP pilfered tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (ECF No. 1). The Complaint asserts two

causes of action: (1) tortious interference with contract; and (2) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

8. The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62).

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath Program, treatment of the CarePath terms and conditions, JJHCS's deliberative process and internal decision-making, and confidential information related to JJHCS and its vendors. Certain of these documents are attached as exhibits to the May-Not-Use Enforcement Motion and include confidential emails, spreadsheets, policies, checklists, and presentations.

10. JJHCS designated its production of confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as the documents contain highly sensitive business information. (ECF No. 62).

11. In addition to materials produced by JJHCS, JJHCS also seeks to seal confidential exhibits produced by non-party TrialCard, Inc. ("TrialCard") in response to subpoenas served on TrialCard by SaveOnSP in this action. The TrialCard documents were designated as Confidential – Attorneys' Eyes Only and/or

contained Confidential Health Information and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62).

12. In light of the business relationships between JJHCS and TrialCard, JJHCS also considers the materials produced by TrialCard to contain information confidential to JJHCS, including the administration of the CarePath program.

13. As detailed in Exhibit D, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

14. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

15. The parties have continued to safeguard and protect the confidentiality of these confidential materials during the course of this action.

16. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. The disclosure of confidential health information would also reveal private health

information of patients. In short, disclosure of this confidential information serves no useful purpose.

17. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

**SaveOnSP Confidential Information**

18. In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Exhibit E is a table documenting all materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available. In summary, the information that SaveOnSP seeks to protect from public disclosure is SaveOnSP's proprietary business information and the confidential health information of patients.

19. SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted information contained in these documents and in avoiding the public disclosure of this information because it includes SaveOnSP's proprietary business information and patients' confidential health information, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage and harm patients. *See, e.g.*, *Rosario v. Doe*, No. CIV. 08-

5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

20. SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information contained in Exhibit 1 to SaveOnSP's September 16, 2024 Motion [ECF No. 383] as it contains marketing information about SaveOnSP intended only for potential clients, comprising confidential business information.

21. SaveOnSP also asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information contained in JJHCS's Opposition to SaveOn's Motion and Exhibits 1-4, 7-10, 13-15 to that opposition [ECF No. 391] which contain SaveOnSP's confidential and proprietary information relating to SaveOnSP's business practices with respect to advising patients, SaveOnSP's confidential and proprietary market research, SaveOnSP's confidential

7

marketing and communication strategies, and personal identifying information about patients.

22. Accordingly, SaveOnSP respectfully requests that the Court seal the unredacted versions of (a) Exhibit 1 to SaveOnSP's September 16, 2024 Motion [ECF No. 383] and (b) JJHCS's September 26, 2024 Opposition and Exhibits 1-4, 7-10, 13-15 [ECF No. 391].

23. SaveOn submits that there is no less restrictive alternative available.

24. The parties respectfully submit that they have satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, the requests that the Court grant their joint motion to seal materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2024.

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
