# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

September 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
     *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc. ("JJHCS," and, with its affiliates, "J&J") to produce documents sufficient to show the instances in which it investigated, enforced, or contemplated enforcing any portion of the May-Not-Use Provision.[1]

---

[1] SaveOn uses the term May-Not-Use Provision, consistent with Your Honor's April 25, 2024 Order, to mean the term and condition that CarePath "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer." Dkt. 264 at 2-3.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                      Page 2

Your Honor previously compelled J&J to produce its policies showing how it enforced the May-Not-Use Provision. Almost eight months later, J&J has not produced any policy showing that it enforced this provision against individuals on SaveOn-advised plans, accumulators, or maximizers. J&J now refuses to either produce documents showing its enforcement of the May-Not-Use Provision or to confirm that it has no such documents—even as it continues to insinuate that its witnesses will testify on enforcement issues. This double standard cannot stand: J&J must either admit that it never enforced the provision or produce documents related to its enforcement.

*     *     *

J&J alleges that SaveOn tortiously interfered with the CarePath contracts between J&J and patients because patients whose plans employ SaveOn's services purportedly violate the May-Not-Use Provision. Compl. ¶¶ 106-11. "[T]he disputed meaning of [the May-Not-Use Provision] is at the heart of Plaintiff's claim that Defendant induced plan members to violate them." Dkt. 192 at 27. At the pleadings stage, Judge Vasquez declined to construe the May-Not-Use Provision as a matter of law, stating that arguments about its meaning "are better suited for a motion for summary judgment," Dkt. 68 at 16, following discovery.

SaveOn is entitled to discovery of J&J's attempts to enforce the provision, as J&J's failure to enforce would devastate its interpretation of that provision. *See, e.g.*, *Doynow Sales Assocs., Inc. v. Rocheux Int'l of N.J., Inc.*, 647 F. Supp. 2d 296, 309, 311 (S.D.N.Y. 2009) (applying New Jersey law; noting that through course of performance plaintiff "tacitly accepted" a term not in the contract (quoting *Conway v. 287 Corp. Ctr. Assocs.*, 187 N.J. 259, 269-70 (2006))); *Quick v. N.L.R.B.*, 245 F.3d 231, 247 (3d Cir. 2001) ("[A]ny course of performance accepted or acquiesced

2

in without objection is given great weight in the interpretation of the agreement" (quoting Restatement (Second) of Contracts § 202(4))).[2] Evidence of J&J's failure to enforce also goes to SaveOn's acquiescence defense. *See N.J., Dep't of Env't Prot. v. Gloucester Env't Mgmt. Servs., Inc.*, 264 F. Supp. 2d 165, 177 (D.N.J. 2003) ("Where a party fails to declare a breach of contract, and continues to perform under the contract after learning of the breach, it may be deemed to have acquiesced in an alteration of the terms of the contract, thereby barring its enforcement." (collecting cases)).

Deep into the discovery period, J&J has produced no documents showing that it ever enforced the May-Not-Use Provision, ███████████████████████████████████ ███████████. Ex. 1 (SOSP_0524936); Ex. 2 at -272 (JJHCS_00222271). SaveOn asked Your Honor to compel J&J to "gather and produce documents relating to its enforcement of the General T&Cs, including both attempts to enforce and considerations of whether to enforce or not." Dkt. 146 at 8. Your Honor agreed that "documents related to the enforcement of T&Cs of Care-Path, including 'other offer' are relevant." Dkt. 192 at 12. To address J&J's assertion that it could have hundreds of thousands of documents about enforcing its eligibility criteria, Jan. 24, 2024 Tr. at 30-33, Your Honor held that, "to strike the proper balance," J&J must "search for, and produce,

---

[2] *See also In re LTL Mgmt., LLC*, 638 B.R. 291, 311 (Bnkr. D.N.J. 2022) (finding J&J's course of action throughout the duration of a contract persuasive as to its meaning); *Teamsters Indus. Employees Welfare Fund v. Rolls–Royce Motor Cars, Inc.*, 989 F.2d 132, 137 (3d Cir.1993) (parties' course of conduct under ambiguous agreement deemed controlling). It is well-established that course-of-performance evidence is discoverable, whether or not the contract will ultimately prove ambiguous or the evidence admissible. *See Int'l Paper Co. v. Rexam, Inc.*, 2013 WL 3043638, at *5 (D.N.J. June 17, 2013) (recognizing that unilateral conduct may be considered as a matter of contract interpretation and compelling plaintiffs to produce documents in response to requests seeking documents regarding course of performance evidence).

Hon. Freda L. Wolfson                                                                    Page 4

documents reflecting the company's enforcement instructions and policy … concerning the eligibility criteria set forth in the" May-Not-Use Provision. Dkt. 192 at 13.

J&J produced no such policy. On April 4, 2024, after J&J indicated that it would produce "'documents reflecting [J&J's] enforcement instructions and policy,'" SaveOn asked that J&J identify those policies in its productions. Ex. 3 at 1-2 (Apr. 4, 2024 Ltr.); *see also* Ex. 4 at 2 (May 1, 2024 Ltr.). Nearly two months later, J&J pointed to a single document— █████████████ ████████████████████ JJHCS_00205596, attached as Exhibit 5, as an example of the type of policy document satisfying Your Honor's Order. Ex. 6 at 2 (May 24, 2024 Ltr.).[3] J&J later confirmed that it is "not aware of any other responsive documents subject to Judge Wolfson's order." Ex. 12 at 2 (June 14, 2024 Ltr.); *see also* Ex. 13 at 1-2 (July 3, 2024 Ltr.) (same).

████████████████████████████████████████ ████████████████████████—does not so much as refer to the May-Not-Use Provision. It nowhere states or suggests that SaveOn's services (or that of accumulators or maximizers generally) violate that provision or explains how J&J has enforced it. Ex. 5 (JJHCS_00205596); Ex. 7 (JJHCS_00029143); Ex. 8 (JJHCS_00131200); Ex. 9 (JJHCS_00033273); Ex. 10 (JJHCS_00160402); Ex. 11 (JJHCS_00176940).[4]

---

[3] While J&J identified by Bates number a single version of this policy document dated ██████ ██████ in correspondence, Ex. 5 (JJHCS_00205596), ████████████████████████████, *See, e.g.*, Ex. 7 (JJHCS_00029143) (██████████████████); Ex. 8 (JJHCS_00131200) (████ ██; Ex. 9 (JJHCS_00033273) (████████████████); Ex. 10 (JJHCS_00160402) (███████ ██); Ex. 11 (JJHCS_00176940) (█████████████). ████████████████████████, not a single version contains a policy regarding the enforcement of the May-Not-Use Provision.

[4] SaveOn asked J&J to identify the page of the policy document that it believed reflected a policy regarding the May-Not-Use Provision. Ex. 14 at 2 (June 7, 2024 Ltr.). J&J refused, while continuing to assert—without explanation—that the document was responsive to Your Honor's February 6, 2024 Order. Ex. 12 at 2 (June 14, 2024 Ltr.).

Hon. Freda L. Wolfson                                                                    Page 5

Having received no policy regarding J&J's purported enforcement of the May-Not-Use

Provision, SaveOn asked J&J to produce documents sufficient to show the instances in which J&J

investigated, enforced, or contemplated enforcing that provision. *See* Ex. 15 at 1 (July 1, 2024

Ltr.). SaveOn made clear that it does not seek all documents regarding J&J's enforcement of its

eligibility criteria—just documents sufficient to show the instances in which J&J enforced the

provision, if any. SaveOn told J&J that it was open to dropping its request if J&J would stipulate

that it did not enforce or attempt to enforce the May-Not-Use Provision against maximizers, accu-

mulators, or SaveOn. *Id.* at 2. J&J refused to produce the documents SaveOn seeks or to stipulate,

even while indicating that its witnesses might testify that J&J did enforce the provision. *See* Ex.

13 at 2 (July 3, 2024 Ltr.); Ex. 16 at 1 (July 19, 2024 Ltr.).

J&J asked SaveOn to wait to review its next production of documents using a search term

designed to capture documents regarding eligibility or ineligibility in conjunction with the May-

Not-Use Provision.[5] *See* Ex. 17 (July 25, 2024 email) (indicating that J&J would make a produc-

tion in August). SaveOn waited another month for that production but did not find in it any docu-

ments reflecting any enforcement of the May-Not-Use Provision.[6] To the contrary, SaveOn found

documents showing that J&J intentionally did not enforce it. *See, e.g.*, Ex. 24 at -289

---

[5] That search term is: (("coupon*" OR "discount*" OR "prescription savings card*" OR "free
trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR
"Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "inel-
igib*")).

[6] The new search term appears to hit on only six documents in J&J's August 28, 2024 production:
(1) ███████████████, Ex. 18 (JJHCS_00280207); (2) ███████████████████
██, Ex. 19 (JJHCS_00280803); Ex. 20 (JJHCS_00280850); Ex. 211 (JJHCS_00282785); Ex. 22
(JJHCS_00283152); and (3) ████████████████████████████████
Ex. 23 (JJHCS_00280968); none reflect that the May-Not-Use Provision bars accumulators, max-
imizers, or SaveOn's services.

(JJHCS_00279288) (

); Ex. 25 at -258-59 (JJHCS_00281257) (

).[7]

Faced with the prospect of this motion, J&J said that it would consider using an additional search term to look for documents sufficient to show its enforcement of the May-Not-Use Provision. Ex. 28 (July 17-Sept. 13, 2024 Email Chain). This was a non sequitur, as search terms are irrelevant to this dispute.

*First*, as a threshold matter, J&J must either agree to produce the requested documents or state the basis on which it is not producing them, Fed. R. Civ. P. 34(b)(2)(C); *see also* 2015 Adv. Comm. Notes to Rule 34, one such potential basis being that the requested documents do not exist, *e.g.*, *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2022 WL 21296568, at *6 (D.N.J. Jan. 11, 2022). J&J has refused to do either. A debate about search terms for documents that J&J has not confirmed exist would be pointless.

*Second*, even if J&J had stated that the requested documents exist, SaveOn asked for "documents sufficient to show" the relevant enforcement, not for all documents related to that enforcement. It is up to J&J to identify and produce those sufficient documents. When Your Honor compelled J&J to produce its enforcement policies, for example, the parties did not negotiate search

---

[7] This is consistent with documents from J&J's prior productions and third-party productions. *See, e.g.*, Ex. 26 (JJHCS_00144463) (                    ); Ex. 27 (TRIALCARD_00010487) (                    ).

Hon. Freda L. Wolfson                                                    Page 7

terms—J&J identified and produced the documents. The same is true here. If, for example, J&J

sent patients letters stating that they were not eligible for CarePath because of SaveOn— ██████

████████████████████████████████████████████████████████ *see* Ex.

29 (████████████████████████████████████████████████████

████████████ Ex. 30 (JJHCS_00008831) (███████████████████████

████████████████ )—J&J could identify and produce such letters. Only J&J knows

what the relevant documents are; search terms are irrelevant.

    *Third*, in any event, SaveOn could not negotiate search terms on this issue because it knows

nothing about whether J&J ever enforced the May-Not-Use Provision, or when, or who at J&J was

involved. This is not a situation in which J&J's produced documents indicate that J&J took an

action and that various employees were involved; from such evidence, SaveOn might propose

custodians and search terms. The produced documents here suggest that J&J never enforced the

provision; SaveOn thus has no basis on which to propose search parameters or to gauge whether

any terms that J&J proposes are appropriate.

    At bottom, if J&J intends to argue or present evidence (including testimony) that it enforced

or attempted to enforce the May-Not-Use Provision, then it must produce documents regarding

that purported enforcement or confirm that such documents do not exist. This should not be diffi-

cult: J&J either has documents showing that it enforced the policy, or it does not. If it has such

documents, it should produce documents sufficient to show that enforcement. If it has no such

documents, it should say so.

Hon. Freda L. Wolfson                                                                    Page 8

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wolforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibits 1-2 Confidential Filed Under Seal

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

April 4, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write pursuant to Judge Wolfson's February 6, 2024 Order, Dkt. 192, and in partial response to your March 4, 2024 letter.

## I.      Meaning of the General T&Cs

You do not respond to our request of February 21, 2024 that you confirm that J&J will search for and produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including but not limited to how and when that understanding came to encompass SaveOn. Judge Wolfson ordered that SaveOn is entitled to documents that "could shed light on what [J&J] believed 'other offer' meant." Dkt. 192 at 11. This is not limited to the documents sought by SaveOn's Request for Production No. 8, which called for "[a]ll documents or communications with or involving SaveOn," *see* Feb. 8, 2024 Ltr. from J. Long to E. Snow, because documents concerning J&J's understanding of the meaning of the General T&Cs may include documents that do not explicitly refer to SaveOn. Please confirm that J&J will search for and produce documents sufficient to show J&J's understanding of the meaning of the General T&Cs, including but not limited to how and when that understanding came to encompass SaveOn.

## II.     Enforcement Documents

*First*, you state that J&J will "comply with the Court's February 6 Order, which directed 'Plaintiff to search for, and produce, documents reflecting the

company's enforcement instructions and policy, during the entirety of the agreed-upon discovery time frame (April 2016-November 2023).'" Mar. 4, 2024 Ltr. from J. Long to E. Snow at 2. If you have produced these documents, please identify them by Bates number. If you have not, please provide a date by which you will do so.

*Second*, you state that SaveOn's request for documents sufficient to show the instances in which J&J investigated, enforced, or contemplated enforcing Care-Path's eligibility standards "places no meaningful limitation on SaveOnSP's requests" and "ignores both the proposal that Judge Wolfson unambiguously rejected (i.e., documents relating every single instance in which a decision was made about whether to provide or terminate copay support to specific patients, which is what SaveOnSP continues to seek) and the more limited scope of discovery that Judge Wolfson ordered on this topic (i.e., production of instructions and policies on a defined issue)." Mar. 4, 2024 Ltr. from J. Long to E. Snow at 2. We disagree.

Judge Wolfson agreed that "it would be burdensome to search and produce records of each individual patient's call history," Dkt. 192 at 12-13, and SaveOn accordingly does not seek all such call records. SaveOn rather seeks only documents "sufficient to show" instances of actual or contemplated enforcement. This is perfectly consistent with Judge Wolfson's order that J&J produce "documents reflecting [J&J's] enforcement instructions and policy," not just the instructions and policies themselves. *Id*. It is possible that J&J might comply with this request largely by making a non-custodial production. J&J recently directed TrialCard, for example, ███████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████ *See* Trial-Card_00009752, TrialCard_00009753. If J&J or one of its vendors has additional similar data regarding enforcement, that could go a long way to responding to SaveOn's request. But it is impossible to explore whether this is possible while J&J refuses to meet and confer with SaveOn about its requests, including by refusing to identify potential custodians or even provide hit counts for proposed search terms. We ask that you reconsider your refusal and agree to meet and confer promptly.

In light of the fact that Judge Wolfson ordered J&J to search for, and produce documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer," Dkt. 192 at 13 SaveOn again requests that J&J run the following search term:

- ("coupon\*" OR "discount\*" OR "prescription savings card\*" OR "free trial\*") AND (accumulat\* OR maximiz\*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc\*" OR "eligib\*" OR "ineligib\*")

Although J&J appears to state that the search terms proposed by SaveOn bear no connection to the permitted scope of discovery, Judge Wolfson has allowed discovery on the enforcement policies and instructions related to the term this search string is tailored to capture documents regarding. If J&J refuses to run the above term, please advise on what basis you refuse.

*Fourth*, SaveOn reiterates its request that J&J run the following search term, which J&J did not address in its March 4, 2024 letter:[1]

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (maximiz* OR accumulat*)

*Finally*, we disagree with your assertion that search terms relating to "other offer" and "PrudentRx" or "OptumRx" are irrelevant. ████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00001193, JJHCS_00199932, JJHCS_00214873. At J&J's direction, █████████████████████████████████████████████████████████████████████[2] *See* TrialCard_00009752, TrialCard_00009753. ████████████████████████████, JJHCS_00198050, █████████████████ JJHCS_00200597. SaveOn is entitled to understand enforcement of CarePath's terms and conditions against those similar companies. Please run the following search term:

- "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx")

If J&J objects to any of the above search terms based on burden, please provide hit counts.

## III. Stelara and Tremfya Terms and Conditions

Thank you for providing hit counts for the search term related to the New Stelara and Tremfya T&Cs that SaveOn proposed for Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara, and Debbie Kenworthy. SaveOn proposes a narrowed term below:

---

[1] SaveOn refers to its February 21, 2024 letter for the time period and custodians for this term.

3

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

Please provide hit counts over the same custodians, for the same time period, April 1, 2016 through November 7, 2023.

Please respond by Thursday, April 11, 2024. We are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

4

# Exhibit 4

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

May 1, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:     ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
        LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

We write regarding J&J's production of documents regarding the meaning
and enforcement of CarePath's terms and conditions and the Stelara & Tremfya
terms and conditions, and in response to J&J's Letter dated April 23, 2024.

## I.     Meaning of the General T&Cs

SaveOn requested documents sufficient to show J&J's understanding of the
meaning of the General T&Cs, including, but not limited to, how and when that
understanding came to encompass SaveOn. Apr. 4, 2024 Ltr. J&J refuses to pro-
duce additional documents on this subject. You assert that Judge Wolfson held
that J&J's understanding was relevant in the context of pre-2016 discovery, Dkt.
192 at 11, but her ruling indicates that J&J's understanding is relevant as a general
matter. You also assert that Judge Wolfson did not compel J&J to produce addi-
tional documents about its understanding, but SaveOn did not move to compel the
categories of documents at issue now.

In a final attempt at compromise, SaveOn asks J&J to produce (1) docu-
ments sufficient to show J&J's understanding of each term of the "other offer" pro-
vision; and (2) documents sufficient to show how and when J&J came to believe
that SaveOn's services violated that provision.

Julia Long
May 1, 2024

## II.    **Enforcement Documents**

*First*, in our April 4, 2024 Letter, we asked J&J to identify the Bates numbers of its enforcement instructions and policies or, if it has not yet done so, tell us when it would. J&J did not respond. Please do so.

*Second*, we asked J&J to produce documents sufficient to show the instances in which J&J investigated, enforced, or contemplated enforcing CarePath's eligibility standards. In light of Judge Wolfson's ruling on the motion for clarification, Dkt. 264 at 2-3, we now ask that J&J produce documents sufficient to show the instances in which investigated, enforced, or contemplated enforcing any portion of the provision that states "may not be used with any other coupon, discount, prescription savings card, free trial or other offer." *Id*. Please confirm that J&J will do so. As noted in our April 4, 2024 letter, J&J might be able to partially or fully respond to this request with a non-custodial production.

*Third*, thank you for confirming that J&J will run the following search term for April 1, 2016 to November 7, 2023 over the custodial files of Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, Jasmeet Singh, and Debbie Kenworthy:[1]

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer") AND (maximiz* OR accumulat*)

SaveOn reserves the right to request that J&J run this term over the files of additional custodians.

*Fourth*, J&J proposes a revision to SaveOn's suggested term to capture eligibility criteria for the "other offer" provision. SaveOn does not agree and instead proposes an alternative narrowed term:

---

[1] SaveOn agrees that J&J need run this term over Kenworthy's files only from June 1, 2023 to November 7, 2023.

2

Julia Long
May 1, 2024

| J&J's Proposal | SaveOn's Proposal |
|---|---|
| ("coupon*" OR "discount*" OR "pre-scription savings card*" OR "free trial*") **/50** (accumulat* OR max-imiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc*" OR "eligib*" OR "inel-igib*") | **(**("coupon*" OR "discount*" OR "pre-scription savings card*" OR "free trial*") **/100** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Pro-gram"**)** AND **(**(accumulat* OR max-imiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"**)** |

Please confirm that J&J will run this term over the files of its existing custodians. If not, please explain the basis on which you refuse. If J&J asserts burden, please provide hit counts.

### III.    Stelara & Tremfya T&Cs

Thank you for confirming that J&J will run the following search term for January 1, 2021 to November 7, 2023 over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, Jasmeet Singh, and Debbie Kenworthy:[2]

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

SaveOn reserves the right to request that J&J run this term over the files of addi-tional custodians.

We request a response by May 8, 2024. We reserve all rights and are avail-able to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

---

[2] SaveOn agrees that J&J need run this term over Kenworthy's files only from June 1, 2023 to November 7, 2023.

# Exhibit 5
# Confidential Filed
# Under Seal

# Exhibit 6



May 24, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
***2:23-cv-02632 (JKS) (CLW)***

Dear Elizabeth:

We write in response to SaveOnSP's May 1, 2024 letter and further to JJHCS's April 23, 2024 letter concerning the scope of JJHCS's production obligations for terms and conditions issues.

## I.    Documents Relating To The "Meaning" Of The Terms And Conditions

As a threshold matter, you incorrectly claim that JJHCS "refuses to produce additional documents" concerning "how and when" JJHCS first understood that SaveOnSP violated its terms and conditions. May 1, 2024 Ltr. from E. Snow to J. Long at 1. As we have repeatedly made clear, in response to Request No. 8, JJHCS will produce non-privileged documents "with or regarding SaveOnSP" from more than twenty-five custodians and that are within JJHCS's possession, custody, or control. These necessarily encompass SaveOnSP's demand that JJHCS produce documents "sufficient to show how and when [JJHCS] came to believe that SaveOn's services violated [the "other offer"] provision," to the extent that such non-privileged documents exist. *Id.* JJHCS anticipates producing additional documents responsive to Request No. 8, including from the custodial files of Scott White and Blaine Penkowski, on or before June 3, 2024.

Separately, you demand that JJHCS produce documents "sufficient to show" JJHCS's "understanding of each term of the 'other offer' provision." *Id.* As we made clear in our April 23, 2024 letter, JJHCS already has produced documents relating to its understanding of the "other offer" provision, and to the extent additional documents concerning the meaning of JJHCS's terms and conditions hit on the parties' agreed-upon new search terms (including those discussed below), JJHCS will produce them.

Elizabeth H. Snow, Esq.
May 24, 2024
Page 2

**II.      "Enforcement" Documents**

As to "enforcement" documents, SaveOnSP demands that JJHCS identify the Bates numbers of its enforcement instructions and policies.  To the extent non-privileged, responsive policies exist, JJHCS has produced them.  *See, e.g.*, JJHCS_00205596 ("S███████████ ███████████████████████████████████).

As to search terms, SaveOnSP continues to demand that JJHCS employ two search terms to identify documents "reflecting the company's enforcement instructions and policy" for the full April 1, 2016 to November 7, 2023 time period.  In our April 23 letter, we agreed to run the following term over the custodial files of *eighteen custodians*[1] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023:

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

Apparently unsatisfied with JJHCS's agreement to run a term that SaveOnSP itself proposed, SaveOnSP now "reserves the right to request that J&J run this term over the files of additional custodians."  May 1, 2024 Ltr. from E. Snow to J. Long at 2.  This reservation of rights cannot be reconciled with the terms of JJHCS's proposal, which was made in the interest of finality and compromise.  SaveOnSP must take yes for an answer.  While we are prepared to run this term over the identified custodians, we reject your attempt to renegotiate the scope of this term and "reserve" the right to demand more.

As to the remaining search term, JJHCS is prepared to run the search term it offered in its April 23 letter, and declines to run SaveOnSP's counterproposal.  In its latest proposal, SaveOnSP insists on a "/100" and "AND" limiters despite its own recently stated views on such broad proximity limitations.  *See* Apr. 18, 2024 Ltr. from A. Miner to K. Brisson at 1.  There is no reason to employ an overbroad "/100" limiter here.

Subject to SaveOnSP's agreement that this resolves the parties' dispute, JJHCS is prepared to run its proposed term:

---

[1] These custodians are:  Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

Elizabeth H. Snow, Esq.
May 24, 2024
Page 3

| JJHCS's Proposal | SaveOnSP's Proposal |
|---|---|
| ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") /50 (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc*" OR "eligib*" OR "ineligib*") | (("coupon*" OR "discount*" OR "pre-scription savings card*" OR "free trial*") /100 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) |
| **2,418 documents (family inclusive)** | **11,226 documents (family inclusive)** |

Finally, despite JJHCS's detailed explanation in its March 4 and April 23, 2024 letters, SaveOnSP continues to insist on a production of "documents sufficient to show *the instances*" in which JJHCS "investigated, enforced, or contemplated enforcing" the "other offer" provision. In the January 2024 hearing, Judge Wolfson specifically held that JJHCS was to produce its "policies and discussions with regard to enforcing those policies" but that these documents were "of a more general nature than every individual one that they do." Jan. 24, 2024 Tr. at 33:10-11, 39:23-24. SaveOnSP's request is inconsistent with Judge Wolfson's order, and JJHCS will not produce "documents sufficient to show *the instances*" in which JJHCS "investigated, enforced, or contemplated enforcing any portion of the provision that states 'may not be used with any other coupon, discount, prescription savings card, free trial or other offer.'"[2] JJHCS again offers to meet and confer with SaveOnSP, as we have offered to do on several occasions. Thus far, SaveOnSP has refused to engage on these issues for several months.

*    *    *

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[2] *See* Jan. 24, 2024 Tr. at 31:5-9 (THE COURT: "I think you need to narrow your request. I believe we got to the crux of it a moment ago, which is, I believe you're entitled to documents that show what policies they had with regard to enforcement of eligibility criteria beyond 'other offer.'").

# Exhibits 7-11 Confidential Filed Under Seal

# Exhibit 12



June 14, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's June 7, 2024 letter and further to JJHCS's May 24, 2024 letter concerning the scope of JJHCS's production obligations for terms and conditions issues.

## I.    Documents Relating To The "Meaning" Of The Terms And Conditions

As you know, JJHCS already has produced non-privileged, responsive documents concerning the "[m]eaning" of the "May-Not-Use Provision" for the period April 1, 2016 to November 7, 2023—as well as documents dating back to January 1, 2009 concerning the drafting of the terms and conditions for CarePath's predecessor programs. Consistent with our April 23 and May 24 letters, should the parties' ongoing negotiations concerning appropriate search terms related to the "enforcement" of terms and conditions identify additional documents concerning the "meaning" of terms and conditions, JJHCS agrees to produce those documents as well. *See* May 24, 2024 Ltr. from J. Long to E. Snow at 1; Apr. 23, 2024 Ltr. from J. Long to E. Snow at 1. JJHCS also continues to negotiate concerning additional custodians and search terms for the January 1, 2009 to April 1, 2016 time period and will produce documents reflecting the "drafting" or "meaning" of the "May-Not-Use Provision" during that time period, subject to the parties' agreement on appropriate search parameters. *See* June 14, 2024 Ltr. from J. Long to E. Snow.

Based on those voluminous productions, SaveOnSP can ask any remaining questions it has at depositions and is free to use these documents to support its positions on the merits of JJHCS's tortious interference claim at summary judgment or trial. But SaveOnSP has no basis to demand that JJHCS "identify by Bates number" all produced documents from "before 2022 reflecting" JJHCS's "belief" that SaveOnSP violated CarePath's terms and conditions. *See* June 7, 2024 Ltr. from E. Snow to J. Long at 1.

Elizabeth H. Snow, Esq.
June 14, 2024
Page 2

In addition to document production specific to the "meaning" of the terms and conditions, in response to Request No. 8, JJHCS has produced non-privileged documents "with or regarding SaveOnSP" from more than twenty custodians, including Scott White and Blasine Penkowski. These productions are voluminous and also encompass SaveOnSP's demand that JJHCS produce documents "sufficient to show how and when [JJHCS] came to believe that SaveOn's services violated [the "other offer"] provision," to the extent that such non-privileged documents exist. We observe that SaveOnSP has taken the same position, declining to "re-review its entire production to identify documents that [are] potentially responsive to [JJHCS's request]." Sept. 20, 2023 Ltr. from M. Nelson to S. Arrow at 2 (declining to identify documents responsive to JJHCS's RFP No. 79); Sept. 5, 2023 Ltr. from M. Nelson to S. Arrow at 2 (same); Oct. 3, 2023 Ltr. from E. Snow to S. Arrow at 2 (declining to identify documents produced pursuant to JJHCS's RFP Nos. 14, 16, 31, 32, and 33 that were also response to RFP No. 89).

## II.        "Enforcement" Documents

As to "enforcement" documents, your June 7 letter recognizes that ███████████
████████████████████████████████████████████████████████████████. *See* June 7, 2024 Ltr. from E. Snow to J. Long at 2. SaveOnSP now demands that JJHCS identify the "page(s)" of that document that address JJHCS's "enforcement policy as to the 'other offer' provision." *Id.* This demand finds no basis in the Court's February 6 Order. Consistent with Judge Wolfson's directive, JJHCS has produced "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023)"—a fact that SaveOnSP does not dispute. *See* Dkt. No. 192 at 13. These are the relevant enforcement documents for CarePath for the applicable time period and JJHCS is not aware of any other responsive documents subject to Judge Wolfson's order.

Claiming that JJHCS has not "identif[ied] any formal enforcement policies or instructions," SaveOnSP renews its request for "documents sufficient to show the instances in which [JJHCS] investigated, enforced, or contemplated enforcing" the "May-Not-Use Provision." June 7, 2024 Ltr. from E. Snow to J. Long at 2. As we have stated in our March 4, April 23, and May 24, 2024 letters, such discovery is not required by Judge Wolfson's prior rulings. JJHCS reiterates its objection here. At the January 2024 hearing, Judge Wolfson specifically held that JJHCS was to produce its "policies and discussions with regard to enforcing those policies" and recognized that these documents were "of a more general nature than every individual [investigation] that they do." Jan. 24, 2024 Tr. at 33:10-11, 39:23-24. Accordingly, JJHCS will not produce "documents sufficient to show *the instances*" in which JJHCS "investigated, enforced, or contemplated enforcing any portion of the provision that states 'may not be used with any other

Elizabeth H. Snow, Esq.
June 14, 2024
Page 3

coupon, discount, prescription savings card, free trial or other offer.'"[1]  JJHCS remains willing to confer with SaveOnSP on this issue on June 18, 2024, despite SaveOnSP's failure to accept JJHCS's three prior offers to do so.

As to search terms, your June 7 letter fails to respond to JJHCS's proposal to run the first of SaveOnSP's terms[2] over the custodial files of eighteen custodians[3] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023.  In the interest of finality, please confirm that JJHCS's proposal to do so resolves the parties' dispute with respect to this request.

As to the remaining search term, JJHCS appreciates that SaveOnSP has moved from "w/100" and "AND" limiters to "w/50" and "AND" limiters.  SaveOnSP's proposed term is still overbroad, particularly in light of Judge Wolfson's admonition against "w/50" limiters.  In an effort to reach compromise, JJHCS offers a counterproposal below.  Subject to SaveOnSP's agreement that this resolves the parties' dispute, JJHCS is prepared to run its proposed term over the files of the same eighteen custodians[4] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023.  Please advise whether SaveOnSP is prepared to accept this compromise proposal.

---

[1] *See* Jan. 24, 2024 Tr. at 31:5-9 (THE COURT: "I think you need to narrow your request. I believe we got to the crux of it a moment ago, which is, I believe you're entitled to documents that show what policies they had with regard to enforcement of eligibility criteria beyond 'other offer.'").

[2] (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

[3] These custodians are:  Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

[4] These custodians are:  Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

Elizabeth H. Snow, Esq.
June 14, 2024
Page 4

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/50** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))<br><br>**6,705 documents (family inclusive)** | (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/25** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))<br><br>**5,390 documents (family inclusive)** |

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

15134323

# Exhibit 13



July 3, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
> ***2:23-cv-02632 (JKS) (CLW)***

Dear Elizabeth:

We write in response to SaveOnSP's July 1, 2024 letter and further to JJHCS's May 24, 2024 and June 14, 2024 letters concerning the scope of JJHCS's production obligations for terms and conditions issues.

### I.    Documents Relating To The "Meaning" Of The Terms And Conditions

In your letter, you claim that JJHCS "objects to the production of additional documents regarding the meaning of the other offer provision because the documents SaveOn seeks . . . are not covered by existing Requests."  July 1, 2024 Ltr. from E. Snow to J. Long.  For the avoidance of doubt, this purported JJHCS objection is nowhere in our prior letters on this topic. *See* June 14, 2024 Ltr. from J. Long to E. Snow at 1 (agreeing to produce additional documents concerning the meaning of the terms and conditions to the extent those documents are identified in the parties ongoing search term negotiations for the January 1, 2009 to November 7, 2023 time period); *see also* May 24, 2024 Ltr. from J. Long to E. Snow at 1; Apr. 23, 2024 Ltr. from J. Long to E. Snow at 1.  Nonetheless, now that SaveOnSP has served new document requests as to these topics, JJHCS will respond to SaveOnSP's Request Nos. 100 and 101 in its forthcoming responses and objections to SaveOnSP's Tenth Set of RFPs.

### II.    "Enforcement" Documents

As to "enforcement" documents, in your July 1, 2024 letter, you maintain that JJHCS must "identify where CarePath's 'Standard Operating Policies & Procedures' state that SaveOn's services (or that of accumulators or maximizers generally) violate the 'other offer'" provision.  July 1, 2024 Ltr. from E. Snow to J. Long at 1.  Again, this demand finds no basis in the Court's February 6 Order.  As we made clear in our June 14, 2024 letter, consistent with Judge Wolfson's directive, JJHCS has produced "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-

Elizabeth H. Snow, Esq.
July 3, 2024
Page 2

November 2023).” *See* Dkt. No. 192 at 13. SaveOnSP is free to ask any remaining questions it has at depositions and to use these documents to support its positions on the merits of JJHCS's tortious interference claim at summary judgment or trial.

Apparently unsatisfied with these options, SaveOnSP again demands “documents sufficient to show the instances in which it investigated, enforced, or contemplated enforcing any portion” of the “May-Not-Use Provision.” June 7, 2024 Ltr. from E. Snow to J. Long at 2. As we have stated in our March 4, April 23, May 24, and June 7, 2024 letters, such discovery is not permitted by Judge Wolfson's prior rulings. SaveOnSP has yet to respond to this position—including at the parties' June 18, 2024 conferral—and JJHCS reiterates its objection here. At the January 2024 hearing, Judge Wolfson specifically held that JJHCS was to produce its “policies and discussions with regard to enforcing those policies” and recognized that these documents were “of a more general nature than every individual [investigation] that they do.” Jan. 24, 2024 Tr. at 33:10-11, 39:23-24. Accordingly, JJHCS will not produce “documents sufficient to show ***the instances***” in which JJHCS “investigated, enforced, or contemplated enforcing any portion of the provision that states ‘may not be used with any other coupon, discount, prescription savings card, free trial or other offer.’”[1]

As to search terms, thank you for responding to our offer to run the first of SaveOnSP's terms[2] over the custodial files of eighteen custodians[3] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023, which JJHCS had first offered to do in its April 23, 2024 letter. JJHCS will substantially complete its production of non-privileged, responsive documents hitting on this search term by July 12, 2024.

As to the remaining search term, JJHCS appreciates that SaveOnSP has moved from “w/50” and “AND” limiters to “w/30” and “AND” limiters. JJHCS is prepared to run

---

[1] *See* Jan. 24, 2024 Tr. at 31:5-9 (THE COURT: “I think you need to narrow your request. I believe we got to the crux of it a moment ago, which is, I believe you're entitled to documents that show what policies they had with regard to enforcement of eligibility criteria beyond ‘other offer.’”).

[2] (Janssen OR Jannsen OR Jansen OR CarePath OR “Care Path” OR CP OR JCP OR “Savings Program”) AND ((term* w/3 condition) OR T&C OR TNC OR “other offer”) AND (maximiz* OR accumulat*)

[3] These custodians are: Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

15161363

Elizabeth H. Snow, Esq.
July 3, 2024
Page 3

SaveOnSP's narrowed term[4] over the files of the same eighteen custodians[5] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023.  In the interest of finality, please confirm that SaveOnSP agrees that this fully resolves the parties' dispute as to this term.

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[4] (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))

[5] These custodians are:  Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

# Exhibit 14

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

June 7, 2024

**<u>Via E-mail</u>**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to J&J's May 24, 2024 letter and further to SaveOn's
May 1, 2024 letter concerning the scope of J&J's production obligations for terms
and conditions issues.

## I.    Meaning of the General T&Cs

SaveOn requested documents sufficient to show when J&J's understanding
of the meaning of the General T&Cs came to encompass SaveOn. May 1, 2024 Ltr.
You state that you have produced non-privileged documents with or regarding
SaveOn, which would encompass how and when J&J came to believe that SaveOn's
services violate the other offer provision.

After reviewing J&J's production—as well as pertinent third parties' pro-
ductions—we are unable to identify any documents before January 2022 reflecting
a belief that SaveOn's services violate the "other offer" provision. If you have pro-
duced documents from before 2022 reflecting such a belief, please identify them
by Bates number. If you have such documents but have not yet produced them,
please do so.

## II.   Enforcement Documents

*First*, SaveOn asked J&J to identify the Bates numbers of its enforcement
instructions and policies in accordance with Judge Wolfson's February 6, 2024

Julia Long
June 7, 2024

Order. *See* Dkt. 192 at 13 (ordering J&J "to search for, and produce, documents
reflecting the company's enforcement instructions and policy … concerning eligi-
bility criteria set forth in the provision: 'may not be used with any other coupon,
discount, prescription savings card, free trial, or other offer'"). You identify
JJHCS_00205596, ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████ If you maintain that the ████████████████████████████
██████ refers to J&J's enforcement policy as to the "other offer" provision, please
identify by Bates number the page(s) of that document that does so. Otherwise,
please either identify by Bates number any document reflecting J&J's enforce-
ment instructions or policies regarding the "other offer" provision or confirm that
J&J has no such instructions or policies.

*Second*, if J&J cannot identify any formal enforcement policies or instruc-
tions, SaveOn asks J&J to produce documents sufficient to show the instances in
which it investigated, enforced, or contemplated enforcing any portion of the pro-
vision that states "may not be used with any other coupon, discount, prescription
savings card, free trial or other offer." *Id*. Please confirm that J&J will do so. (As
noted in our April 4, 2024 and May 1, 2024 letters, J&J might be able to partially
or fully respond to this request with a non-custodial production.)

*Third*, J&J provided hit counts for its proposed term and SaveOn's pro-
posal. SaveOn continues to disagree with the order of the term and the placement
of the limiter. SaveOn proposes the following narrowed term:

| SaveOn's May 1, 2024 Proposal | SaveOn's New Proposal |
|---|---|
| (("coupon*" OR "discount*" OR "pre-scription savings card*" OR "free trial*") **/100** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) | (("coupon*" OR "discount*" OR "pre-scription savings card*" OR "free trial*") **/50** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) |

Please confirm that J&J will run this term over the files of its existing custodians.
If not, please explain the basis on which you refuse. If J&J asserts a burden objec-
tion, please provide hit counts by June 12, 2024.

2

Julia Long
June 7, 2024

We reserve all rights and request that J&J provide times on June 13 and 14 at which you are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 15

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

July 1, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
      ***LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to J&J's June 14, 2024 letter and regarding the parties' June 18, 2024 meet and confer concerning the scope of J&J's production of documents relating to CarePath's terms and conditions ("T&Cs").

## I.    Meaning of the General T&Cs

SaveOn understands that J&J objects to the production of additional documents regarding the meaning of the other offer provision because the documents SaveOn seeks in its June 7, 2024 letter are not covered by existing Requests. Although SaveOn does not believe that new RFPs are required, to avoid any dispute on this issue, it is serving Request Nos. 100-101 today.

## II.   Enforcement Documents

*First*, J&J refuses to identify where CarePath's "Standard Operating Policies & Procedures" state that SaveOn's services (or that of accumulators or maximizers generally) violate the "other offer" provision, and the documents do not appear to do so. With no evidence of J&J's policies or procedures on this subject, SaveOn again requests that J&J produce documents sufficient to show the instances in which it investigated, enforced, or contemplated enforcing any portion of the provision that states CarePath "may not be used with any other coupon, discount, prescription savings card, free trial or other offer." Please confirm that J&J will do so.

Julia Long
July 1, 2024

In the alternative, SaveOn would be open to resolving its requests on this point if J&J would stipulate that J&J (1) never enforced the "other offer" provision as to patients on accumulators, maximizers, or SaveOn-advised plans; and (2) never enforced any portion of the provision that states "may not be used with any other coupon, discount, prescription savings card, free trial or other offer." Please advise whether J&J will agree to such a stipulation.

*Second*, SaveOn agrees to J&J's proposal to run the following term over the custodial files named in J&J's June 14, 2024 letter: (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*). To be clear, however, SaveOn reserves all rights, including to make additional requests in the future.

*Third*, J&J provided hit counts for its proposed term and SaveOn's June 7, 2024 proposal. SaveOn proposes the following narrowed term:

| SaveOn's June 7, 2024 Proposal | SaveOn's New Proposal |
|---|---|
| (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/50** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) | (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/30** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) |

Please confirm that J&J will run this term over the files of its existing custodians. If not, please explain the basis on which you refuse. If J&J asserts a burden objection, please provide hit counts for SaveOn's proposed term.

We request a response by July 8, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 16



www.pbwt.com

July 19, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
          **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

          We write in response to SaveOnSP's July 17, 2024 letter and further to JJHCS's May 24, June 14, and July 3, 2024 letters concerning the scope of JJHCS's production obligations for terms and conditions issues.

          In your letter, you claim that JJHCS "has produced no evidence of any policies or procedures" regarding whether JJHCS "investigated, enforced, or contemplated enforcing any portion of the T&C provision that states CarePath 'may not be used with any other coupon, discount, prescription savings card, free trial or other offer.'" July 17, 2024 Ltr. from E. Snow to J. Long at 1.  As we made clear in our prior letters, "consistent with Judge Wolfson's directive, JJHCS has produced 'documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023).'" July 3, 2024 Ltr. from J. Long to E. Snow at 1-2 (citing Dkt. No. 192 at 13).  Indeed, more than a month before SaveOnSP's last outreach, JJHCS ███████████████████████████████████████████████ ██████████████████████████████████████████████████████  *See* June 7, 2024 Ltr. from E. Snow to J. Long at 2.

          You now propose that JJHCS stipulate to the fact that it "never enforced the 'other offer' provision as to patients on accumulators, maximizers, or SaveOn-advised plans" and that it "never enforced any portion of the provision that states 'may not be used with any other coupon, discount, prescription savings card, free trial or other offer.'"  July 17, 2024 Ltr. from E. Snow to J. Long at 1.  We reject your proposed stipulation.

          We also disagree that the parties are at impasse "on this topic" as relevant productions remain ongoing.  As you know, it was not until your July 17, 2024 letter that SaveOnSP acknowledged the parties' agreement on yet another search term meant to capture

Elizabeth H. Snow, Esq.
July 19, 2024
Page 2

additional "documents reflecting the company's enforcement instructions and policy" from April 1, 2016 to November 7, 2023. *See* Dkt. No. 192 at 13. And two weeks before SaveOnSP's latest missive, JJHCS offered to review more than 17,300 documents (family inclusive) from the 2009 to 2016 time period related to terms and conditions. SaveOnSP declined that offer, further delaying JJHCS's eventual production of non-privileged, responsive documents from six additional custodians. *See* July 17, 2024 Ltr. from E. Snow to J. Long at 1-2. SaveOnSP should review these additional documents before unilaterally declaring impasse on this issue.

Finally, you ask when JJHCS will complete its production of non-privileged, responsive documents hitting on the parties' newly agreed-upon search term.[1] Upon receipt of your letter, JJHCS started its review of these documents and will produce non-privileged, responsive documents as promptly as feasible. We will provide a further update as to the timing of that production next week.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[1] (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))

15161363

# Exhibit 17

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Thursday, July 25, 2024 1:45:31 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth,

Thanks for your email.  As stated in our July 19, 2024 letter, we disagree that the parties are at impasse on documents reflecting JJHCS's enforcement instructions and policy because relevant productions remain ongoing.  In the same letter, we reminded you that the parties agreed to a new search term for these documents on July 17, 2024 and that JJHCS "will provide a further update as to the timing of that production [this] week."  JJHCS intends to produce responsive documents hitting on this search term next month.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Tuesday, July 23, 2024 11:00 AM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**External: Think before you click.**

Julia,

Based on the attached letter, we continue to believe that the parties are at impasse given that J&J (1) has pointed to no policy or procedure stating that SaveOn's services violate the other offer provision and (2) refuses to agree to a stipulation that might resolve the dispute.

J&J asserts that the parties are continuing to negotiate regarding the search protocol for documents concerning the drafting of the T&Cs from January 1, 2009 through April 1, 2016. Those documents do not appear to have anything to with the issue of J&J's enforcement of the T&Cs.

J&J also asserts that it will produce evidence of J&J's enforcement instructions and policy of the "other offer" provision using the parties' agreed-upon search term. Please let us know promptly when J&J will make that production.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
––––––––––––––––––––––––
+1 212.390.9330 [O]
+1 540.409.7257 [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, July 19, 2024 4:16 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>;

Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Counsel:

Please see the attached correspondence.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, July 17, 2024 2:21 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**External: Think before you click.**

Counsel,

Please find attached a letter in the above-captioned matter.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9330 [O]
+1 540.409.7257 [M]

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

# Exhibits 18-25 Confidential Filed Under Seal

# Exhibit 26



2250 Perimeter Park Drive, Suite 300
Morrisville, NC 27560
855-ZYTIGA-1 (855-998-4421)



[Date]

[Patient First Name] [Patient Last Name]
[Patient Address 1]
[Patient Address 2]
[Patient City, State Zip]

Dear [Patient Name],

Some health plans are changing their benefits, which may impact the cost you pay for medications. You may have heard about these "accumulator adjustment" programs, which have gained national attention from the media in recent months. Patients, like you, who are part of the Janssen CarePath Savings Program for ZYTIGA® are at risk of paying higher out-of-pocket costs even when their health insurance out-of-pocket requirements have not changed.

Janssen wants you to understand if you will be affected by an "accumulator adjustment" program when using our Savings Program. We recommend you take time every year to understand how much your health plan will expect you to pay (your "cost-sharing") when you use your health coverage and how they treat any support from co-pay programs. Cost-sharing can include your annual deductible—the amount you must pay each year before your health plan begins to start helping you pay for your healthcare costs—and any co-pays or percentage you may pay (co-insurance) when you use your health plan. When combined, the deductible, co-pay and co-insurance are your cost-sharing.

You are currently enrolled in the Janssen CarePath Savings Program for ZYTIGA® to help with your out-of-pocket costs. The Janssen CarePath Savings Program supports eligible patients using commercial or private insurance and is intended to reduce your cost-sharing. According to media reports, many health insurance plans now have "accumulator adjustment" programs that do not allow our contributions from the Janssen CarePath Savings Program to count towards your deductible or out-of-pocket maximum, which could in turn mean you may achieve your Janssen CarePath Savings Program maximum benefit limit earlier in the year than you would have in the absence of an "accumulator adjustment" program. This may increase your out-of-pocket payments towards your cost-sharing.

We are concerned about how these "accumulator adjustment" programs may impact patients. While we cannot control the steps that plans take, Janssen wants you to understand how your cost-sharing may be affected by these "accumulator adjustment" programs.

To help you better understand your health insurance coverage, here are some helpful steps you can take:

- Call your health insurance plan or visit their website to become familiar with your plan's requirements for your out-of-pocket costs, including your deductible and out-of-pocket maximum.

- When you call, ask the following questions:

  - What out-of-pocket costs should I expect to pay this year?

  - I use a manufacturer savings card to help me pay for my medication. Will the contributions from the savings card get applied to my deductible and out-of-pocket maximum?

- Visit your personal Janssen CarePath Patient Account at MyJanssenCarePath.com to manage your Savings Program benefits and view your Savings Program transactions.

© Janssen Biotech, Inc. 2018     8/18     cp-60829v1

ATTORNEYS' EYES ONLY                                                    JJHCS_00144463

- Contact Janssen CarePath at 855-ZYTIGA-1 (855-998-4421). A Janssen CarePath Care Coordinator can review your health insurance plan benefits to answer your questions about insurance coverage and identify options that may help make your Janssen medication more affordable, as well as different methods by which you can receive Savings Program support.

Please know that Janssen wants to support you to stay on the Janssen therapies your doctor prescribes. If you have any questions, please call Janssen CarePath at 855-ZYTIGA-1 (855-998-4421), Monday through Friday, 8:00 AM and 8:00 PM ET.

**Please read the enclosed full Prescribing Information and Patient Information for ZYTIGA® (abiraterone acetate), and discuss any questions you have with your doctor.**

**You are encouraged to report negative side effects of prescription drugs to the FDA. Visit fda.gov/safety/medwatch or call 800-FDA-1088.**

Sincerely,

[Care Coordinator First Name] [Care Coordinator Last Name]
Janssen CarePath Care Coordinator

© Janssen Biotech, Inc. 2018    8/18    cp-60829v1

ATTORNEYS' EYES ONLY

# Exhibit 27
# Confidential Filed
# Under Seal

# Exhibit 28

**From:** Elizabeth Snow
**Sent:** Friday, September 13, 2024 7:40 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Julia,

We are not required to serve an interrogatory to determine if relevant documents exist. We have requested documents sufficient to show instances in which J&J enforced the May-Not-Use Provision against patients on accumulators, maximizers, or SaveOn. J&J must either produce the documents or state the basis on which it is not producing them, Fed. R. Civ. P. 34(b)(2)(C); *see also* 2015 Adv. Comm. Notes to Rule 34, including whether the documents do not exist, *e.g.*, *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2022 WL 21296568, at *6 (D.N.J. Jan. 11, 2022) (responding party must "state in writing whether additional [responsive] documents exist and whether such documents are being withheld based on an applicable privilege" because the Federal Rules require such a statement). Proposing search terms in this situation is a non-sequitur: SaveOn has asked for "documents sufficient to show" the relevant enforcement, not all documents related to that enforcement; it is up to J&J to identify and produce those documents or state its basis for not doing so.

J&J has not agreed to produce the requested documents, and it has failed to explain why it will not do so, including by refusing to say whether the documents exist. The parties are thus at impasse.

Best,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]

Pronouns: she, her, hers
_____

+1 212.390.9330 [O]
+1 540.409.7257 [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Wednesday, September 11, 2024 8:36 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth,

The problem here appears to be that SaveOnSP is trying to answer substantive questions that are appropriate for deposition through document requests instead. SaveOnSP is free to explore "whether or not [JJHCS] ever enforced the May-Not-Use Provision against accumulators, maximizers, or SaveOn" at deposition to the extent relevant. But if SaveOnSP instead wishes to have JJHCS search for documents, then it needs to engage with the process whereby documents will be identified, not insist that JJHCS agree with a premise that it rejects.

On SaveOnSP's discovery request, JJHCS has complied with Judge Wolfson's order which required JJHCS to produce "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023)." *See* Dkt. No. 192 at 13. We have also produced data showing the status of all patients on CarePath, documents reflecting JJHCS's efforts to identify SaveOnSP patients, and any changes to their status. JJHCS is unaware of a noncustodial source beyond what it has produced that would capture all "enforce[ment]" or "attempted" enforcement efforts (whatever that may mean) as SaveOnSP demands. So we are not aware of any means to capture whatever documents you purport to be looking for beyond email searches. And so we have offered to conduct reasonable custodial discovery in an attempt to reach agreement, despite clear guidance from Judge Wolfson that such searches are not required under her order. If SaveOnSP is unwilling to propose such search terms, JJHCS is willing to consider and run what we consider to be reasonable search terms unilaterally. If that is your preference please confirm.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, September 11, 2024 4:23 PM

**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

<mark>**External: Think before you click.**</mark>

Julia,

The underlying issue is that J&J will not say whether or not it ever enforced the May-Not-Use Provision against accumulators, maximizers, or SaveOn. If it never enforced or attempted to enforce the provision, it could simply say so; we have proposed a stipulation to that effect, which J&J has rejected.

If J&J intends to argue that it enforced or attempted to enforce the provision, however, it must produce documents relating to those efforts. We asked for documents showing J&J's policy of enforcing the provision; you pointed us to a general policy document that says nothing about the May-Not-Use Provision. We are thus now asking for documents sufficient to show any efforts by J&J to enforce the provision.

This request is clear and specific; we do not think that Judge Wolfson would find it to be "nebulous." We seek documents sufficient to show any instances in which J&J enforced or attempted to enforce the May-Not-Use Provision against accumulators, maximizers, or SaveOn. The burden is thus on J&J to identify and produce the requested documents, as only J&J knows if there were any such instances, what documents it has that reflect any such efforts, and where those documents are. It is not for SaveOn to guess at what the appropriate documents might be or what parameters J&J should use to search for them, as J&J has provided SaveOn with no information about its purported enforcement efforts.

Because J&J has not agreed to produce the requested documents after extensive meeting and conferring, SaveOn believes that the parties are at impasse. If J&J does not agree to produce the requested documents or stipulate that it did not enforce or attempt to enforce the provision by tomorrow, then SaveOn intends to present the issue to the Special Master.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
_____
+1 212.390.9330 [O]
+1 540.409.7257 [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Tuesday, September 10, 2024 9:19 PM

**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth,

We continue to disagree that the parties are at impasse. As you acknowledge, Judge Wolfson directed JJHCS to produce "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023)." *See* Dkt. No. 192 at 13. JJHCS has produced its enforcement policies for the relevant period, and has referred SaveOnSP specifically to CarePath's Standard Operating Policies & Procedures, including an exemplar document in JJHCS's prior productions. In addition, as I represented below, JJHCS will produce "its enforcement policy documents related to its 2024 terms and conditions."

Beyond those productions, as I said in my email from September 9, JJHCS also is open to considering additional search parameters to capture documents concerning its enforcement efforts. We understand from your email that SaveOnSP is refusing to make such a proposal or confer further on search parameters for its custodial files. Absent additional search terms, please advise what specific materials SaveOnSP is seeking, including how JJHCS could fulfill SaveOnSP's nebulous demand for instances in which JJHCS "actually enforced or tried to enforce the May-Not-Use Provision."

We remain available to meet and confer.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Tuesday, September 10, 2024 1:40 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

External: Think before you click.

Julia,

Judge Wolfson ordered J&J to produce the policy or policies which show how it enforced the May-Not-Use provision. The document identified by J&J does not reflect a policy as to the enforcement of the May-Not-Use Provision, nor has SaveOn identified any such documents in J&J's productions—including in J&J's August 28, 2024 production. SaveOn has requested that J&J produce document sufficient to show whether it ever actually enforced or tried to enforce the May-Not-Use Provision. J&J has indicated that will not produce that policy. Unless J&J is now willing to produce the requested documents, the parties remain at impasse.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9330  [O]
+1 540.409.7257  [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Monday, September 9, 2024 3:46 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth,

Thank you for your email.  As you know, it has been some time since we last conferred on SaveOnSP's request for additional discovery related to JJHCS's T&C enforcement efforts.  JJHCS maintains, consistent with our prior correspondence, that JJHCS has complied with Judge Wolfson's order directing JJHCS to produce its enforcement policies from the relevant time period.  Since that time, JJHCS has reviewed and produced thousands of documents related to CarePath's terms and conditions, including those that relate to JJHCS's efforts to enforce its terms and conditions.

In the interest of compromise, should SaveOnSP seek additional search terms related to JJHCS's enforcement efforts, we are open to considering additional search terms related to SaveOnSP's request.  JJHCS also will produce its enforcement policy documents related to its 2024 terms and conditions.

JJHCS reserves all rights and objections, including on burden grounds.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

jlong@pbwt.com

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Friday, September 6, 2024 6:28 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**External: Think before you click.**

Julia,

We have received and reviewed J&J's August 28, 2024 production. It contains no policy or other document that reflects J&J's enforcement of the May-Not-Use Provision. As we understand that J&J has not produced any such documents in any of its productions, we understand the parties to be at impasse.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate [Email]
Selendy Gay PLLC [Web]
Pronouns: she, her, hers

+1 212.390.9330 [O]
+1 540.409.7257 [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Thursday, July 25, 2024 1:46 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>

**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Elizabeth,

Thanks for your email.  As stated in our July 19, 2024 letter, we disagree that the parties are at impasse on documents reflecting JJHCS's enforcement instructions and policy because relevant productions remain ongoing.  In the same letter, we reminded you that the parties agreed to a new search term for these documents on July 17, 2024 and that JJHCS "will provide a further update as to the timing of that production [this] week."  JJHCS intends to produce responsive documents hitting on this search term next month.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Tuesday, July 23, 2024 11:00 AM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**External: Think before you click.**

Julia,

Based on the attached letter, we continue to believe that the parties are at impasse given that J&J (1) has pointed to no policy or procedure stating that SaveOn's services violate the other offer provision and (2) refuses to agree to a stipulation that might resolve the dispute.

J&J asserts that the parties are continuing to negotiate regarding the search protocol for documents concerning the drafting of the T&Cs from January 1, 2009 through April 1, 2016. Those documents do not appear to have anything to with the issue of J&J's enforcement of the T&Cs.

J&J also asserts that it will produce evidence of J&J's enforcement instructions and policy of the "other offer" provision using the parties' agreed-upon search term. Please let us know promptly when J&J will make that production.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------
+1 212.390.9330 [O]
+1 540.409.7257 [M]

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, July 19, 2024 4:16 PM
**To:** Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Counsel:

Please see the attached correspondence.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Wednesday, July 17, 2024 2:21 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans

<EWohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>;
Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

**External: Think before you click.**

Counsel,

Please find attached a letter in the above-captioned matter.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers

--------------------------------------

+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to

such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibits 29-30 Confidential Filed Under Seal