# EXHIBIT B

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

September 26, 2024

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:    Opposition to SaveOnSP's September 16, 2024 Motion to Compel**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we write to oppose SaveOnSP's September 16, 2024 motion to compel JJHCS to produce documents "sufficient to show" the instances in which it investigated, enforced, or "contemplated" enforcing the relevant CarePath terms and conditions. There is nothing for the Court to compel: JJHCS has already produced the documents showing what it did to investigate or enforce CarePath's terms and conditions, including enforcement against accumulators, maximizers, and SaveOnSP specifically. And discovery in this case has shown what JJHCS alleged from the beginning: SaveOnSP made it impossible for JJHCS to comprehensively and accurately "enforce" the CarePath terms by deploying an astonishing array of evasive and deceptive tactics, all designed to thwart JJHCS's ability to identify patients enrolled in the SaveOnSP program. And those efforts appear to continue to this day.

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 2

      SaveOnSP may not like the story this evidence tells, but that is no basis for a motion to compel. As JJHCS has already made clear to SaveOnSP, there is no centralized repository in JJHCS's systems that houses yet more evidence of enforcement or "contemplated" enforcement. *See* SaveOnSP Ex. 28 (Sept. 11, 2024 Email from J. Long to E. Snow) at 2. The only other thing JJHCS could possibly do is run targeted searches over certain custodians' emails, simply to ensure that all bases are covered. JJHCS offered to do exactly that, but SaveOnSP refused the offer, unilaterally declared impasse, and filed this motion. The Court should therefore deny SaveOnSP's motion. And even if the Court were to grant it, the end result would be the same: as explained below, there are no documents for JJHCS to turn over that match the strawman SaveOnSP has concocted. To the extent that SaveOnSP wishes to better understand what enforcement steps JJHCS took and did not take and why, it is free to explore those topics at depositions.

## DISCUSSION

## I.    SaveOnSP Intentionally Thwarted JJHCS's Enforcement Efforts at Every Turn

      The premise of SaveOnSP's motion is there must be evidence in JJHCS's files demonstrating that the "no other offer" provision of CarePath's terms does not actually mean "no other offer." Specifically, SaveOnSP intimates that JJHCS had full knowledge of which patients were in the SaveOnSP program; "learned" that those patients were breaching their CarePath agreements; and nevertheless "accepted or acquiesced" to SaveOnSP helping itself to JJHCS's patient assistance money. Mot. at 2–3. This notion is closely related to SaveOnSP's theory (also the subject of ceaseless motion practice) that JJHCS was fully aware of SaveOnSP's misconduct for many years, yet decided not to mitigate its hundreds of millions of dollars in damages, ostensibly based on some mysterious calculus of net advantage.

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 3

These premises are false—an elaborate and absurd smokescreen designed to distract from SaveOnSP's own misconduct.  The truth is simple.  SaveOnSP knew full well that its "SaveOnSP offering" violated the CarePath terms and conditions.  But instead of abiding by those terms and leaving CarePath alone, SaveOnSP instead chose to take the money anyway, all the while covering its tracks through an elaborate campaign of deception.  SaveOnSP was creative and relentless in its deceit:



- It ███████████████████████████████████████████;[1]

- it ███████████████████████████████████████████;[2]

- its employees ████████████████████████████████ ████████████████████████████████,[3]

- it ████████████████████████████████████████[4]

---

[1] *See, e.g.*, Ex. 1 (Express_Scripts_1350_00012745) ████████████████ ████████████████████████; Ex. 2 (SOSP_0775633) ████████████████████████ ████████████████████████; Ex. 3 (Express_Scripts_1350_00015078) ████████████████████████████████████ Ex. 4 (Express_Scripts_1350_00022531) (████████████████████████████████████████ ████████████████████████████████

[2] *Compare* Ex. 5 (2022 SaveOnSP Drug List, available at https://hr.uky.edu/sites/default/files/Saveon%20Drug%20List%20July%202022_0.pdf (advising patients "your final cost will be $0"), *with* Ex. 6 (2024 SaveOnSP Drug List, available at https://www.saveonsp.com/wp-content/uploads/2023/10/AllOther012024.pdf (advising patients "your final cost will be reduced")).

[3] *See* Ex. 7 (Nov. 10, 2023 Dep. of Ayesha Zulqarnain) at 169:20–170:21, 185:2–186:5 (████ ████████; *id*. at 114:18–116:12, 149:8–23, and 179:7–17 (████████████); Ex. 8 (Apr. 24, 2024 Supplemental Interrogatory Responses) at 6–7 (████████████████████████████ ████████████████████████████).

[4] *See* Ex. 9 (SOSP_0346349) (████████████████████████████████████ ████████████████████████").

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 4

- it ██████████████████████████████████████████ █ ██

- it even ████████████████████████████████████████[6]

As a result of these efforts, JJHCS has lacked precise and reliable information about which individuals are enrolled in both CarePath and the SaveOnSP program. This is why, in June 2023, JJHCS sought leave of Court to share SaveOnSP's "patient list"—produced in discovery but designated Attorneys Eyes Only—with certain relevant business personnel, so they could use it to mitigate damages and remove those patients from the CarePath program. In its moving papers, JJHCS explained that, without the patient list, "JJHCS personnel cannot independently determine who these patients are with the necessary certainty, because the SaveOnSP Program is designed precisely to evade detection." Dkt. No. 109 at 3–4 (quoting Compl. ¶ 101). SaveOnSP vehemently objected. Judge Waldor denied JJHCS's application.

Thus we arrive at an extraordinary position: SaveOnSP is now repeatedly before this Court insisting that JJHCS is not serious about wanting to enforce its terms and conditions; but at the very same time SaveOnSP is taking continuous steps both in the market and in this litigation to prevent JJHCS from doing just that. Even setting aside its marketplace efforts at evasion detailed above, if SaveOnSP truly believed JJHCS had made a deliberate decision not to remove SaveOnSP patients despite having comprehensive and reliable information about who they are, then it would have no objection to allowing JJHCS to use the SaveOnSP patient list to mitigate damages. That list would

---

[5] Ex. 8 (Apr. 24, 2024 Supplemental Interrogatory Responses) at 6–7 (████████████████████ ████████████████████████████████).

[6] *See, e.g.*, Ex. 10 (SOSP_0297353) at 27 (████████████████████████████████████ ████████████████████████).

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 5

not be telling JJHCS anything it doesn't already know according to SaveOnSP's arguments.  Yet

SaveOnSP refuses to allow JJHCS to use the patient list and claims that permitting that would do

SaveOnSP grievous economic harm.  SaveOnSP has never explained this contradiction and will never

be able to explain it.  But absent an explanation, this Court should treat all of SaveOnSP's arguments

on this topic—and its accompanying demands for endless documents designed to mire this case in

discovery—with skepticism.

**II.    JJHCS Has Nevertheless Spent Enormous Time and Resources on Enforcement, and Has Already Produced the Documents Reflecting Those Efforts**

JJHCS has produced countless documents—including those cited by SaveOnSP in other

pending motions—██████████████████████████████████████████████

████████  *See* Ex. 11 at 2 (JJHCS_00259893) (███████████████████████████

███████████████████; Ex. 12 at 10 (JJHCS_00139021) (███████████████

██████████████████).  SaveOnSP's own documents show it had

reached the same conclusion.  For example, in a November 2022 email ████████████████

██████████████████████████████████████████████

██████████████████████ Ex. 13 (SOSP_1346903) at 1–2. ███████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████ *Id.* at 2.

It is unsurprising, then, that JJHCS's enforcement documents largely focus on the same theme:

how to identify whether patients are in compliance with CarePath's terms and conditions.  Most of

those efforts were straightforward.  As shown in the roughly ████████████████████

██████████, ████████████████████████████████████████. *See*

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 6

SaveOnSP Ex. 5 (JJHCS_00205596) at -618-19 (" ███████████████████████████

███████████████████████████████████); *see also id.* at -619

(" ████████████████████████████████████████████████████████.

SaveOnSP does not dispute that JJHCS produced these policies, ███████████████

███████████████████████a.  SaveOnSP Ex. 5; *see* Mot. at 4 n.3 (████████████████

███████.  And these are precisely what Your Honor ordered JJHCS to produce, i.e., "documents

reflecting the company's enforcement instructions and policy."  Dkt. No. 192 at 13.[7]

    But JJHCS's efforts were no match for SaveOnSP, the self-identified "████████████" Ex.

14 (SOSP_0399401).  Nor could JJHCS simply ask impacted patients whether they were enrolled in

SaveOnSP  because  █████████████████████████████████████████████████████

█████████.  *See, e.g.*, Ex. 10 (SOSP_0297353) at 27 (█████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

██████████); SOSP_0521205 (███████████████████████████████████████████

███████).[8]  And, of course, SaveOnSP avoided honest interaction with JJHCS at all costs.  *See supra*

---

[7] SaveOnSP's discussion of this ruling grossly mischaracterizes JJHCS's previous argument to Your Honor.  SaveOnSP claims JJHCS asserted "that it could have hundreds of thousands of documents about enforcing its eligibility criteria."  Mot. at 3 (citing Jan. 24, 2024 Tr. at 30–33).  In fact, JJHCS correctly noted that the search terms demanded by SaveOnSP yielded hundreds of thousands of hits—a point SaveOnSP itself conceded.  *See* Dkt. No. 180 at 11 (SaveOnSP insisting that it would not be burdensome for JJHCS to review 188,000 more documents).

[8] Because of the format and file size of this native call recording, JJHCS has not included it as an exhibit, but has identified it by Bates number so that SaveOnSP is able to review the cited material.  If Your Honor wishes to review the audio file, JJHCS will be happy to provide it through an FTP transfer or to arrange for a transcription.

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 7

n.3; Ex. 15 (SOSP_2124758) ("███████████████████████████████████████

██████████████████████████████████████████████████████████████████████).

    Still, JJHCS redoubled its efforts.  It hired vendors and developed additional policies to attempt to identify relevant patients, including those enrolled in the SaveOnSP program.  (And it produced documents detailing those efforts long ago).[9]  Consider, for example, just one of these documents, ████████████████████████████████████████████████████████████

███. Ex. 18 (JJHCS_00076059).  ████████████████████████████████████████

████████████████████████████████████████████████████ *Id.* at -064.  ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████. *Id.*

    Moreover, ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████ *Id.* at -066.  The ██████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████. *Id.* at -069.  ████████████████████████████

---

[9] *E.g.*, Ex. 16 (JJHCS_00002382) ("████████████████████████████████████████
███████████); Ex. 17 (JJHCS_00004439) ████████████████████████████████████████");
Ex. 18 (JJHCS_00076059) ██████████████████████████████████████"); Ex. 19
(JJHCS_00190425) ████████████████████████████████████████████
Ex. 20 (JJHCS_00276832) ███████████████████████████████████████████████████
████████████).

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 8

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████. at -070.  Later

produced documents show ██████████████████████████████████████

███████████████████████.  Ex. 19 (JJHCS_00190425) ("█████████████

████████████████████████████); Ex. 20 (JJHCS_00276832) ███████████

███████████████████████████████████████████; Ex. 21 (JJHCS_00276859) ████

██████████████████████.

      JJHCS also has produced data—████████████████████████████████

███████████████████████  *E.g.*, Ex. 22 (JJHCS_00139016); *see also* Ex. 23 (JJHCS_00139017).  For

example, JJHCS_00139016 lists, ████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████  Ex. 22 (JJHCS_00139016). ████████████████

██████████████████████████████████  *Id.*  These same documents also

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████.  Ex. 22 (JJHCS_00139016) (████████████████

████████████████████████████████); *see also* Ex. 23 (JJHCS_00139017) (███████

██████████████████████████████████████████████).

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 9

Additionally, ████████████████████████████████

████████████████████████████████████████████████████

*See* Ex. 24 (TRIALCARD_00009752) (████████████████████████████); Ex. 25

(TRIALCARD_00009753) (███████████████████).    ██████████

████████████████████████████████████████████

███████████    *See, e.g.*, Ex. 24 (TRIALCARD_00009752) at Rows 11, 12. ██████████

████████████████████████████████████████. *E.g.*, Ex.

*Id.* at Row 2; Ex. 25 (TRIALCARD_00009753) at Row 3 (████████████████████

██████████████████████).  And, at SaveOnSP's request, JJHCS has asked a second

vendor, RIS Rx, to produce final records of all benefits investigations that it performed during the

relevant time period.  Ex. 26 (Aug. 23, 2024 Ltr. from J. Long to M. Nussbaum).  SaveOnSP has also

independently pursued discovery from TrialCard and RIS Rx through subpoenas and other motions.

Finally, while JJHCS's enforcement efforts continue in the market, including through new

revisions to its terms and conditions, JJHCS has offered to produce discovery relating to those efforts,

too.  For example, JJHCS has agreed to produce updated enforcement policies related to its new terms

and conditions implemented in 2024, which expressly and by name preclude patients from being in

SaveOnSP.  *See* SaveOnSP Ex. 28 at 3; *see* Ex. 27 (████████████████████████

████████████████████████████████████████████

████████████████████████████  The parties are currently

negotiating the mutual exchange of additional documents relating to these 2024 terms and conditions.

Ex. 28 (Sept. 23, 2024 Ltr. from J. Long to T. Stone) at 1–2.

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 10

**III.    There Is Nothing for the Court to Compel**

      This is not the first time this issue has been before the Court.  Your Honor already has ruled

on a near identical motion from SaveOnSP in its February 6, 2024 Order, holding that "to strike the

proper balance and considering proportionality, it is appropriate for Plaintiff to search for, and

produce, documents reflecting the company's enforcement instructions and policy, during the entirety

of the agreed upon discovery time frame (April 2016-November 2023), concerning eligibility criteria

set forth in the [May-Not-Use] provision."  Dkt. No. 192 at 13.  JJHCS has complied with this ruling

to the letter.  But beyond that, JJHCS has also produced a vast swathe of documents reflecting its

enforcement efforts, including those relating to CAPm, CAPa, benefits investigations, and dealings

with vendors like TrialCard and RIS Rx.

      That is in large part why—even though this case is about SaveOnSP's secret scheme about

which JJHCS knew little—SaveOnSP has produced from only 31 document custodians, while JJHCS

has 45 (and SaveOnSP is seeking another 24 custodians, which would take the total to 69).  This runs

afoul of any measure of reasonableness or proportionality—especially when the Court considers that

SaveOnSP's whole business scheme and course of conduct in this litigation has been about making

comprehensive and accurate enforcement of terms and conditions close to impossible.  SaveOnSP is,

of course, free to use any of the documents discussed above at depositions or at trial to better

understand what policy decisions JJHCS was pursuing and why, or to try and advance its theory of

the case.  But it should not be heard to complain that JJHCS is hiding the evidence of its enforcement

efforts.  The documents sufficient to show those efforts have already been produced.

      Nor is there any merit to SaveOnSP's nebulous demand that JJHCS produce documents

showing "contemplated" enforcement efforts.  *See* Mot. at 1.  As Your Honor has repeatedly

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 11

admonished SaveOnSP, what matters is not what JJHCS may have "contemplated" but rather what JJHCS actually did. *See, e.g.*, Dkt. No. 192 at 19 ("What matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred."); *see also* Dkt. No. 264 at 5 (denying SaveOnSP's motion for reconsideration and reiterating that "to mount its mitigation defense . . . Defendant does not require communications as to why Plaintiff or J&J did not make certain decisions or vice versa; rather, it will need evidence as to actual changes that occurred"). And, again, JJHCS has already produced evidence of what it did to enforce its terms.

In any event, it is unclear how JJHCS could satisfy SaveOnSP's demands for "contemplated" enforcement efforts. Tellingly, SaveOnSP itself omits any proposed type of document or search parameters from its moving papers. This is unsurprising. For months, JJHCS repeatedly offered to confer with SaveOnSP in an attempt to resolve this dispute. And for months, SaveOnSP rebuffed all of JJHCS's efforts to discuss these issues.[10] Even after SaveOnSP finally took JJHCS up on its offer to confer, it neither clarified what it sought nor what categories of documents JJHCS could produce to resolve the dispute. Instead, SaveOnSP doubled down, insisting that JJHCS either produce this nebulous category of documents or "stipulate that [JJHCS] (1) never enforced the 'other offer' provision as to patients on accumulators, maximizers, or SaveOn-advised plans; ***and*** (2) never enforced any portion of the provision that states 'may not be used with any other coupon, discount, prescription savings card, free trial or other offer.'" SaveOnSP Ex. 15 at 2 (emphasis supplied). This is a non-starter because JJHCS does not agree. Again, SaveOnSP is entitled to ask any remaining

---

[10] *See* SaveOnSP Ex. 12 at 3 ("JJHCS remains willing to confer with SaveOnSP on this issue on June 18, 2024, despite SaveOnSP's failure to accept JJHCS's three prior offers to do so."); SaveOnSP Ex. 6 ("JJHCS again offers to meet and confer with SaveOnSP, as we have offered to do on several occasions.").

Honorable Freda L. Wolfson, U.S.D.J.
September 26, 2024
Page 12

questions it has at depositions and to use JJHCS's documents to support its positions at trial.  But

SaveOnSP obviously cannot demand that JJHCS "stipulate" to SaveOnSP's own warped view of the

facts.

The most that JJHCS could do to resolve this motion is what it repeatedly offered to do:  run

supplemental custodial searches to make doubly certain that the record on this issue is complete.

SaveOnSP Ex. 28 at 3.  In light of SaveOnSP's unwillingness to accept this compromise, JJHCS

respectfully requests that the Court deny SaveOnSP's motion.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

 /s/ Jeffrey J. Greenbaum
    JEFFREY J. GREENBAUM


cc:  All counsel of record

# Exhibits 1-4 Confidential Filed Under Seal

# Exhibit 5

# State Benchmark = All States except CA, CO, UT
# 2022 SaveOnSP Drug List

Please call 1-800-683-1074 to participate. Once enrolled, your responsibility will be $0.



Effective July 1, 2022

The specialty medications included on the SaveOnSP Drug List are specific to your plan's prescription drug benefit and subject to change at any time. Prescription drug benefit plan terms will always take precedence. Medications with prior authorization criteria must be approved in advance by the plan and follow applicable laws and/or regulations. The specialty medications included on this list will have a 30% coinsurance, but with participation in SaveOnSP, **your final cost will be $0.** Fill your specialty medications through your approved specialty pharmacy.

## A
Abraxane
Actemra
Acthar
Adakveo
Adcetris
Adcirca
Advate
Adynovate
Afinitor
Afstyla
Aldurazyme
Alecensa
AlphaNine
Alprolix
Alunbrig
Ampyra
Arcalyst
Asceniv
Aubagio
Austedo
Avastin
Avonex
Avsola

## B
Benefix
Benlysta
Beovu
Berinert
Blenrep
Bosulif
Braftovi
Brukinsa

## C
Cablivi
Cabometyx
Calquence
Carbaglu
Cayston
Cerdelga
Cholbam

Cibinqo
Cimzia
Cinryze
Copaxone
Cosentyx
Crysvita
Cuvitru
Cyramza
Cystadrops

## D
Darzalex
Darzalex Faspro
Dojolvi
Doptelet
Dupixent

## E
Elaprase
Elelyso
Eloctate
Empliciti
Enbrel
Enhertu
Enjaymo
Entyvio
Erbitux
Erivedge
Erleada
Esperoct
Evenity
Evkeeza
Exjade
Exkivity
Exondys 51
Extavia
Eylea

## F
Fabrazyme
Farydak
Fasenra
Feiba NF
Ferriprox

Fintepla
Firazyr
Firdapse
Folotyn
Forteo
Fotivda
Fulphila

## G
Galafold
Gamifant
Gammagard
Gattex
Gazyva
Gilenya
Gilotrif
Givlaari
Glatiramer Acetate
Glatopa
Gleevec
Gocovri
Granix

## H
Haegarda
Hemlibra
Herceptin
Herceptin Hylecta
Herzuma
Hetlioz
Humate-P
Humira
Hyqvia

## I
Ibrance
Iclusig
Idelvion
Ilumya
Imcivree
Imfinzi
Increlex
Inflectra
Ingrezza

Inlyta
Inqovi
Inrebic
Istodax
Ixempra
Ixinity

## J
Jadenu
Jakafi
Jemperli
Jevtana
Jivi
Juxtapid
Jynarque

## K
Kadcyla
Kalbitor
Kalydeco
Kanjinti
Kanuma
Kesimpta
Keveyis
Kevzara
Kisqali
Kisqali Femara Co-Pack
Kogenate FS
Koselugo
Kovaltry
Krystexxa
Kuvan

## L
Lenvima
Letairis
Leukine
Libtayo
Livmarli
Lonsurf
Lorbrena
Lucentis
Lumakras

Lumizyme
Lumoxiti
Lupkynis
Luxturna
Lynparza

## M
Makena
Margenza
Mayzent
Mekinist
Mektovi
Mvasi
Myalept

## N
Nerlynx
Neulasta
Neupogen
Nexavar
Nexviazyme
Ninlaro
Nityr
Nivestym
Northera
Novoeight
Novoseven RT
Nplate
Nubeqa
Nucala
Nulibry
Nuplazid
Nuwiq
Nyvepria

## O
Ocaliva
Ocrevus
Ogivri
Olumiant
Ontruzant
Onureg
Opdivo
Opsumit



Orencia
Orenitram
Orfadin
Orgovyx
Orkambi
Orladeyo
Otezla
Oxbryta
Oxervate
Oxlumo

## P

Padcev
Palynziq
Pemazyre
Perjeta
Phesgo
Piqray
Plegridy
Polivy
Poteligeo
Procysbi
Promacta
Pulmozyme

## Q

Qinlock

## R

Radicava
Ravicti
Rebif
Rebinyn
Recombinate
Remicade
Renflexis
Retevmo
Revatio
Revcovi
Riabni
Rinvoq
Rituxan
Rituxan Hycela
Rixubis
Ruxience
Rybrevant
Rydapt

## S

Sandostatin Lar
Depot
Saphnelo
sapropterin
Sarclisa
Scemblix
Serostim
Signifor
Signifor LAR

Siliq
Skyrizi
Skytrofa
Soliris
Somatuline Depot
Somavert
Spinraza
Sprycel
Stelara
Stivarga
Strensiq
Sublocade
Susvimo
Sutent

## T

Tafinlar
Tagrisso
Takhzyro
Taltz
Talzenna
Tasigna
Tavalisse
Tavneos
Tazverik
Tecentriq
Tecfidera
Tegsedi
Tepmetko
Thiola
Tivdak
Tobi
Tracleer
Trazimera
Tremfya
treprostinil
Tretten
Trikafta
Triptodur
Trodelvy
Truseltiq
Truxima
Tukysa
Turalio
Tykerb
Tysabri
Tyvaso

## U

Udenyca
Ultomiris

## V

Valchlor
Vectibix
Venclexta
Verzenio

Viltepso
Vistogard
Vonvendi
Votrient
Voxzogo
Vumerity
Vyleesi
Vyndamax
Vyndaqel
Vyondys 53
Vyxeos

## W

Wakix
Welireg
Wilate

## X

Xalkori
Xeljanz
Xembify
Xenazine
Xermelo
Xgeva
Xolair
Xospata
Xpovio
Xtandi
Xyntha
Xyrem

## Y

Yervoy

## Z

Zarxio
Zejula
Zelboraf
Zeposia
Ziextenzo
Zirabev
Zokinvy
Zolgensma
Zynlonta
Zytiga

# Exhibit 6

# State Benchmark = All States except CA, CO, UT
# 2024 Copay Assistance Benefit Drug List

*Effective January 1, 2024*

> Please call 1-800-683-1074 to participate. Once you've completed the manufacturer copay assistance program's enrollment process and consented to SaveOnSP monitoring your pharmacy account, your responsibility will be reduced.

The specialty medications included in the copay assistance benefit drug list are specific to your plan's prescription drug benefit and subject to change at any time. Prescription drug benefit plan terms will always take precedence. Medications with prior authorization criteria must be approved in advance by the plan and follow applicable laws and/or regulations. The specialty medications included on this list will have a 30 percent coinsurance, which may be subject to change. By completing the manufacturer copay assistance program's enrollment process and consenting to SaveOnSP monitoring your pharmacy account, **your final cost will be reduced.** Specialty medications will be filled through your approved specialty pharmacy.

## A

Abraxane
Abrilada
Actemra
Adakveo
Adalimumab-adaz
Adbry
Adcetris
Adcirca
Advate
Adynovate
Afinitor
Afstyla
Aldurazyme
Alecensa
AlphaNine
Alprolix
Altuviiio
Alunbrig
Amjevita
Ampyra
Amvuttra
Arcalyst
Asceniv
Aubagio
Austedo
Avastin
Avonex
Avsola

## B

Bavencio
Benefix
Benlysta
Beovu
Berinert
Bivigam
Bosulif
Braftovi
Briumvi

Brukinsa

## C

Cablivi
Cabometyx
Calquence
Camzyos
Carbaglu
Cayston
Cerdelga
Cerezyme
Cholbam
Cibinqo
Cimerli
Cimzia
Cinryze
Columvi
Copaxone
Cortrophin
Cosentyx
Crysvita
Cutaquig
Cuvitru
Cyltezo
Cyramza
Cystadrops

## D

Daybue
Dojolvi
Doptelet
Dupixent
Durysta

## E

Elahere
Elaprase
Elelyso
Elfabrio
Eloctate
Empaveli
Empliciti

Enbrel
Enhertu
Enjaymo
Entyvio
Epkinly
Erbitux
Erivedge
Erleada
Esbriet
Esperoct
Evenity
Evkeeza
Exjade
Exondys 51
Extavia
Eylea

## F

Fabrazyme
Fasenra
Feiba NF
Ferriprox
Filspari
Finteplla
Firazyr
Firdapse
Folotyn
Forteo
Fotivda
Fulphila
Fylnetra

## G

Galafold
Gamifant
Gammagard
Gattex
Gazyva
Gilenya
Gilotrif
Givlaari

Glatiramer Acetate
Glatopa
Gleevec
Gocovri
Granix

## H

Haegarda
Hemlibra
Herceptin
Herceptin Hylecta
Herzuma
Hetlioz
Humate-P
Humira
Hyqvia
Hyrimoz

## I

Ibrance
Iclusig
Idelvion
Ilaris
Ilumya
Imcivree
Imfinzi
Increlex
Inflectra
Ingrezza
Inlyta
Inqovi
Inrebic
Istodax
Ixempra
Ixinity

## J

Jadenu
Jakafi
Jaypirca
Jemperli
Jevtana

Jivi
Joenja
Juxtapid
Jynarque

## K

Kadcyla
Kalbitor
Kalydeco
Kanjinti
Kanuma
Kesimpta
Keveyis
Kevzara
Kineret
Kisqali
Kisqali Femara Co-Pack
Kitabis
Kogenate FS
Koselugo
Kovaltry
Krazati
Krystexxa
Kuvan
Kyprolis

## L

Lamzede
Lenvima
Leqembi
Letairis
Leukine
Libtayo
Livmarli
Lonsurf
Lorbrena
Lucentis
Lumakras
Lumizyme
Lumryz
Lunsumio
Lupkynis
Luxturna
Lynparza

## M

Makena
Margenza
Mayzent
Mekinist
Mektovi
Mvasi
Myalept

## N

Nerlynx
Neulasta

Neupogen
Nexavar
Nexviazyme
Ninlaro
Nityr
Nivestym
Northera
Novoeight
Novoseven RT
Nplate
Nubeqa
Nucala
Nulibry
Nuplazid
Nuwiq
Nyvepria

## O

Ocaliva
Ocrevus
Odomzo
Ogivri
Olumiant
Ontruzant
Onureg
Opdivo
Opdualag
Orencia
Orenitram
Orfadin
Orgovyx
Orkambi
Orladeyo
Orserdu
Otezla
Oxbryta
Oxervate
Oxlumo

## P

Padcev
Palynziq
Pemazyre
Perjeta
Phesgo
Piqray
Plegridy
Polivy
Ponvory
Poteligeo
Procysbi
Promacta
Pulmozyme
Pyrukynd

## Q

Qalsody

Qinlock

## R

Radicava
Ravicti
Rebif
Rebinyn
Recombinate
Releuko
Remicade
Renflexis
Retevmo
Revatio
Revcovi
Revlimid
Rezlidhia
Riabni
Rinvoq
Rituxan
Rituxan Hycela
Rixubis
Rolvedon
Rubraca
Ruxience
Rybrevant
Rydapt
Rystiggo

## S

Sandostatin Lar Depot
Saphnelo
Sarclisa
Scemblix
Serostim
Sevenfact
Signifor
Signifor LAR
Siliq
Skyclarys
Skyrizi
Skysona
Skytrofa
sodium oxybate
Soliris
Somatuline Depot
Somavert
Sotyktu
Spinraza
Sprycel
Stelara
Stivarga
Strensiq
Sublocade
Susvimo
Sutent
Syfovre

Symdeko
Synagis

## T

Tabrecta
Tafinlar
Tagrisso
Takhzyro
Taltz
Talzenna
Targretin
Tasigna
Tavalisse
Tavneos
Tazverik
Tecentriq
Tecfidera
Tegsedi
Tepezza
Tepmetko
teriparatide
Thiola
Tibsovo
Tivdak
Tobi
Tracleer
Trazimera
Tremfya
treprostinil
Tretten
Trikafta
Triptodur
Trodelvy
Truseltiq
Truxima
Tukysa
Tykerb
Tymlos
Tysabri
Tyvaso
Tzield

## U

Udenyca
Ultomiris

## V

Vabysmo
Valchlor
Vanflyta
Vectibix
Venclexta
Verzenio
Vijoice
Viltepso
Vistogard
Vivitrol

Vonjo
Vonvendi
Votrient
Vowst
Voxzogo
Vpriv
Vumerity
Vyjuvek
Vyleesi
Vyndamax
Vyndaqel
Vyondys 53
Vyxeos

## W

Wakix
Welireg
Wilate

## X

Xalkori
Xeljanz
Xembify
Xenazine
Xenpozyme
Xermelo
Xgeva

Xolair
Xospata
Xpovio
Xtandi
Xyntha
Xyrem

## Y

Yervoy
Yonsa
Yusimry

## Z

Zarxio

Zejula
Zelboraf
Zeposia
Ziextenzo
Zirabev
Zokinvy
Zolgensma
Ztalmy
Zynlonta
Zynteglo
Zynyz
Zytiga

# Exhibit 7
# Confidential Filed
# Under Seal

# Exhibit 8

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S SUPPLEMENTAL RSPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 17, 18 and 20, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## **GENERAL OBJECTIONS**

1.      JJHCS does not limit any of its Interrogatories to nonprivileged material. Save-OnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2.      JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks disclosure of information that is not within SaveOnSP's possession, custody, or control that Save-OnSP can locate after a reasonable inquiry.

## OBJECTIONS TO DEFINITIONS

3.      SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP, LLC.

4.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

5.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

6.      SaveOnSP objects to the term "or other substance" in the definition of "Pharmaceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceutical Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diagnosis of any illness, disease, disorder, or other condition.


Dated:  April 24, 2023                    By: /s/      E. Evans Wohlforth, Jr.
                                          E. Evans Wohlforth, Jr.
                                          **ROBINSON & COLE LLP**

3

666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 2, 17, 18, AND 20**

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as discussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**

███████████████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 18:**

Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to Save-OnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**RESPONSE:**

██████████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

7



SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November, 22, 2022, ECF No. 62.

**INTERROGATORY NO. 20:**

Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## CERTIFICATION OF SAVE ON SP, LLC

I, Jody Miller, am the President of Save On SP, LLC ("SaveOnSP"). I am authorized to submit this certification on behalf of SaveOnSP. I certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, SaveOnSP and I are subject to punishment. I certify that in responding to the foregoing Interrogatories, I have furnished all information available to SaveOnSP, its agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

Save On SP, LLC

By: _____
Jody Miller
President

Date: April 23, 2024

# Exhibits 9-25 Confidential Filed Under Seal

# Exhibit 26



www.pbwt.com

August 23, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Matthew Nussbaum
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re: **Possession, Custody, and Control of RIS RX's Documents**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> 2:23-cv-02632 (JKS) (CLW)

Dear Matthew:

We write in response to SaveOnSP's August 13, 2024 letter and further to our letter of August 6, 2024 regarding whether JJHCS has possession, custody, or control of documents held by RIS RX.

In our prior correspondence, we explained that under the November 2022 Master Services Agreement between JJHCS and RIS RX (the "MSA"), ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ MSA § 16.1. Based on that carve-out, as well as the issues in the litigation, we asked SaveOnSP to clarify, with specificity, which documents and communications that SaveOnSP seeks. In your August 13, 2024 letter, SaveOnSP refused to do so, repeating the demand for "all documents and communications 'with respect to' the relevant Benefits Investigations within RIS [RX]'s possession," including but not limited to "communications between J&J and RIS concerning RIS's services, as well as RIS's internal communications regarding its work on behalf of J&J (not including records and information created as part of RIS's 'business processes' as defined in ████████████████ August 13, 2024 Ltr. from M. Nussbaum to J. Long at 1.

SaveOnSP's demands are untethered from the Federal Rules of Civil Procedure. As you know, Rule 26 disfavors "unreasonably cumulative or duplicative" discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). There is simply no reason that RIS RX need provide JJHCS with copies of documents already in JJHCS's possession and which are plainly available through party discovery. JJHCS therefore will not request that RIS RX provide it with "communications between J&J and RIS concerning RIS's services," as demanded. August 13, 2024 Ltr. from M. Nussbaum to J. Long at 1.

Matthew Nussbaum, Esq.
August 23, 2024
Page 2

     Nonetheless, in the interest of compromise, JJHCS has asked RIS RX to provide JJHCS with its internal documents and communications concerning RIS RX's efforts to identify whether patients taking Janssen drugs were also a member of a SaveOn-advised plan during the time period April 1, 2016 to November 7, 2023.  We are currently negotiating appropriate search parameters for such a collection with RIS RX.

     As to our responses and objections to Request No. 58,[1] as you know, in the nine months since JJHCS served its November 20, 2023 responses and objections to SaveOnSP's Fourth Set of RFPs, Request No. 58 has been the subject of extensive correspondence between the parties.  To be clear, in response to Request No. 58, JJHCS previously agreed to "ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search" but that JJHCS would not otherwise search for or produce documents responsive to these Requests.  *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8.  TrialCard has made that production.  In your August 13 letter, you ask whether JJHCS "is aware of responsive BIs conducted for it by another company besides TrialCard or RIS [RX]."  Aug. 13, 2024 Ltr. from M. Nussbaum to J. Long at 2.  JJHCS is not aware of any other benefits investigations that "identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP."  SaveOnSP's Fourth Set of RFPs, dated Oct. 20, 2023, at 10.

     Please let us know if you have any questions or would like to discuss further.

               Very truly yours,

               */s/ Julia Long*
               Julia Long

---

[1] Request No. 58 seeks "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP." SaveOnSP's Fourth Set of RFPs, dated Oct. 20, 2023, at 10.

15232582

# Exhibit 27 Confidential Filed Under Seal

# Exhibit 28



www.pbwt.com

September 23, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Taylor Stone, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
        ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Taylor:

We write in response to SaveOnSP's August 23, 2024 letter and its email of September 10, 2024, and further to JJHCS's August 28, 2024 letter concerning SaveOnSP's Eleventh Set of Requests for Production.

Request No. 102 seeks "[a]ll Documents and Communications regarding the decision to adopt, adoption of, drafting of, or implementation of the New Terms," with "New Terms" defined as certain specified "terms in the CarePath terms and conditions for the Affected Drugs set forth in Appendices 1–3 to Plaintiff's Fourth Set of Interrogatories." In response, JJHCS has stated that it "is willing to meet and confer on appropriate, and reciprocal, search parameters concerning the New Terms." Sept. 23, 2024 Responses and Objections to SaveOnSP's 11th Set of RFPs at 6.

As you know, SaveOnSP initially took the position that the New Terms were irrelevant to both JJHCS's claims and SaveOnSP's mitigation defense. *See* Aug. 27, 2024 Supplemental Responses and Objections to JJHCS's 4th Set of Interrogatories at 5; Aug. 1, 2024 Email from J. Long to M. Nussbaum (memorializing the Aug. 1 conferral); *see also* Aug. 2, 2024 Email from M. Nelson to J. Long ("SaveOn's position is that J&J has not asserted any claims based on the 2024 terms and conditions and that Interrogatory No. 21 is therefore irrelevant to J&J's existing claims."). It was only after SaveOnSP served Request No. 102 that SaveOnSP stated that "the information sought in these requests is relevant to [SaveOnSP's] mitigation defense." Sept. 10, 2024 Email from T. Stone to J. Long. But SaveOnSP's position is inconsistent. SaveOnSP cannot claim a "mitigation defense" for a period during which it claims JJHCS is not accruing damages.

JJHCS's position on the New Terms is clear: they are part and parcel of the Complaint and the Proposed Amended Complaint. Accordingly, JJHCS proposes that the parties

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Taylor Stone, Esq.
September 23, 2024
Page 2

meet and confer on appropriately tailored search parameters in response to SaveOnSP's Request No. 102 and a refresh, through to the same date, of SaveOnSP's production of documents in response to JJHCS's Request No. 23, which seeks "[a]ll documents and communications relating to . . . the terms and conditions of CarePath." *See* SaveOnSP's Nov. 23, 2022 R&Os to JJHCS's First and Second Set of RFPs at 22. By September 30, 2024 please advise whether SaveOnSP is prepared to refresh its production of documents in response to this request.

We reserve all rights and are available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

15270300