# EXHIBIT E

**Exhibit E to the Declaration**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Exhibit 1 to Letter Dated September 16, 2024 [ECF No. 383] | Exhibit 1 is an email from Save On SP, LLC's ("SaveOnSP") President, Jody Miller, to an employee of Johnson & Johnson (with its affiliates, "J&J"). The email contains marketing information about SaveOnSP intended only for potential clients, comprising confidential business information. *See* ECF No. 383 at Ex. 1. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| Letter Motion Dated September 26, 2024 [ECF No. 391] | Letter motion characterizes and quotes from the contents of documents produced by SaveOnSP to J&J during discovery that contain information about SaveOnSP's business and marketing practices, | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | comprising confidential business information. *See* ECF No. 391. | | | | |
| Exhibit 1 to Letter Dated September 26, 2024 [ECF No. TK] | Exhibit 1 is an email chain between employees for Express Scripts, Inc. ("ESI") and Accredo Health Group ("Accredo"), discussing SaveOnSP's business practices for advising patients receiving copay assistance, comprising proprietary business information *See* ECF No. 391 at Ex. 1. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business in-formation. | No | No objection |
| Exhibit 2 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 2 is an email chain between employees for ESI and SaveOnSP and a health plan client, discussing market research SaveOnSP and Accredo did, comprising proprietary business information. *See* ECF No. 391 at Ex. 2. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business in-formation. | No | No objection |
| Exhibit 3 to Letter Dated September 26, 2024 | Exhibit 3 is an email chain between employees for ESI and Accredo, discussing SaveOnSP's business practices for advising | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business in-formation. | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 391] | patients receiving copay assistance, comprising proprietary business information *See* ECF No. 391 at Ex. 3. | information be disclosed to competitors and other market participants. | | | |
| Exhibit 4 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 4 is an email chain between employees for ESI and Accredo, discussing SaveOnSP's business practices for advising patients receiving copay assistance, comprising proprietary business information *See* ECF No. 391 at Ex. 4. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| Exhibit 7 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 7 is the deposition transcript of SaveOnSP employee Ayesha Zulqarnain, which describes SaveOnSP's business practices, comprising proprietary business information. *See* ECF No. 391 at Ex. 7. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | Yes. *See, e.g.,* ECF No. 287 at Ex. 3. | No objection |
| Exhibit 8 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 8 is SaveOnSP's Supplemental Responses & Objections to J&J's Interrogatories Nos. 2, 17, 18, and 20. SaveOnSP's R&Os contain confidential | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's | No | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| | information about SaveOnSP's business practices, specifically its confidentiality policies and interactions with drug manufacturers, comprising proprietary business information. *See* ECF No. 391 at Ex. 8. | be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 9 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 9 is a daily "checklist" of SaveOnSP employee Ayesha Zulqarnain. The checklist contains information about SaveOnSP's business practices, comprising proprietary business information. *See* ECF No. 391 at Ex. 9. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| Exhibit 10 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 10 is an internal SaveOnSP spreadsheet containing patients' names and information about SaveOnSP's interactions with them, comprising proprietary business information and confidential patient health information. *See* ECF No. 391 at Ex. 10. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information and of patients' confidential health information. | No | No objection |

4

| | | | of their confidential health information. | | | |
|---|---|---|---|---|---|---|
| Exhibit 13 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 13 is an internal SaveOnSP email chain about SaveOnSP's marketing and communication strategy, comprising proprietary business information. *See* ECF No. 391 at Ex. 13. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| Exhibit 14 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 14 is an internal SaveOnSP slide deck containing information about SaveOnSP's business practice and strategy, comprising proprietary business information. *See* ECF No. 391 at Ex. 14. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |
| Exhibit 15 to Letter Dated September 26, 2024 [ECF No. 391] | Exhibit 15 is an excerpt of a Microsoft Teams chat between SaveOnSP employees, discussing SaveOnSP's business practices for communicating with patients, comprising proprietary business information. *See* ECF No. 391 at Ex. 15. | If relief is not granted, SaveOnSP would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. | No | No objection |

5