SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632 (JKS)(CLW) |
| Plaintiff, | : | Hon. Jamel K. Semper, U.S.D.J. |
| vs. | : | Hon. Cathy L. Waldor, U.S.M.J. Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | : | **ORDER GRANTING MOTION TO SEAL** |
| Defendants. | : | |

THIS MATTER having been brought to the Court upon the motion of plaintiff

Johnson & Johnson Health Care Systems Inc. ("JJHCS"), together with defendant

Save On SP, LLC ("SaveOnSP"), by and through their attorneys, seeking an order

(a) permanently maintaining under seal the letters and supporting exhibits filed by the parties in connection with SaveOnSP's Motion to Compel JJHCS to Produce Documents Sufficient to Show the Instances in Which It Investigated, Enforced, or Contemplated Enforcing Any Portion of the May-Not-Use Provision, dated September 16, 2024, with related briefing dated September 26 and October 3, 2024 (ECF Nos. 383, 391, 399, & 415, filed September 18, September 27, October 4, 2024, and October 16, 2024) (the "May-Not-Use Enforcement Motion"); and (b) permitting JJHCS to file the proposed public versions of the May-Not-Use Enforcement Motion, attached as Exhibits A, B, and C to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion; and the Court having considered the motion, the Court makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

(1) As to JJHCS's request to seal its confidential materials, the Court finds that the May-Not-Use Enforcement Motion contains information that is non-public business, trade secret or proprietary information involving the administration of the CarePath Program, JJHCS's deliberative process and internal decision-making, and confidential information related to JJHCS and its vendors, along with confidential patient health information (the "JJHCS Confidential Materials").

(2) The Court further finds that the JJHCS Confidential Materials contain highly sensitive, proprietary business information of JJHCS that is not known to the general public and includes confidential patient health information.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

(5) The Court further finds that Confidential Health Information would be improperly revealed to the public if the JJHCS Confidential Materials were filed on the public docket.

(6) The Court further finds that no less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

(7) For these reasons, good cause exists for protecting the JJHCS Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

(8) As to the information that SaveOnSP seeks to seal, the Court finds that (a) Exhibit 1 to SaveOnSP's September 16, 2024 Motion to Compel [ECF No. 383] and (b) JJHCS's September 26, 2024 Opposition and Exhibits 1-4, 7-10, 13-15 of that opposition [ECF No. 391] (the "SaveOnSP Confidential Materials") contain SaveOnSP's proprietary business information and confidential patient health information.

(9) Avoiding the public disclosure of this information is necessary to prevent harm to the parties. *See e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

(10) It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information and of patients' private health information. This Motion to Seal has been narrowly

4

tailored to seek sealing or redacting as to only those materials that have been deemed confidential.

(11) Upon consideration of the papers submitted in support of the Motion and the materials that SaveOnSP has designated as Confidential, the Court concludes that SaveOnSP has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that: (a) Exhibit 1 to SaveOnSP's September 16, 2024 Motion [ECF No. 383], JJHCS's September 26, 2024 Opposition to SaveOnSP's Motion, and Exhibits 1-4, 7-10, 13-15 to that opposition [ECF No. 391] contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

(12) The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively

subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

IT IS ON THIS _____ day of _____, 2024;

ORDERED, that pursuant to L. Civ. R. 5.3, the JJHCS Confidential Materials are confidential and entitled to protection; and it is further

ORDERED, that pursuant to L. Civ. R. 5.3, the SaveOnSP Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and the May-Not-Use Enforcement Motion is hereby permanently SEALED; and it is further

ORDERED that the Clerk of Court shall maintain the unredacted versions of ECF Nos. 383, 391, 399, & 415 under seal; and it is further

ORDERED that the parties are directed to file the redacted versions of the May-Not-Use Enforcement Motion, including all exhibits, consistent with their proposed redactions submitted herewith.

 

                                                                              HON. FREDA L. WOLFSON (ret.)
                                                                                 SPECIAL MASTER