# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

April 18, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
        ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

Defendant Save On SP LLC ("**SaveOn**") moves to compel Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") to produce documents regarding J&J's "best price" certifications to the federal government and related allegations to the Court. In these certifications, J&J affirms that all its copay assistance funds go to patients—contradicting its allegations in this case that SaveOn misappropriates a portion of those funds. SaveOn also moves to compel J&J to produce documents regarding its reaction to an updated best price regulation that triggered J&J's sudden interest in determining which patients are on SaveOn-advised plans (five years after J&J became aware of SaveOn's services), its claims that SaveOn violated its terms and conditions at issue (never made during the first five years of SaveOn's operations), and its decision to bring this

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

lawsuit. These documents are responsive to SaveOn's Requests for Production Nos. 8, 70, and 79.

J&J does not make, much less substantiate, any burden objection to these requests,[1] *see* Ex. 2 (Apr. 9, 2024 Ltr.), and it refuses to identify custodians or provide hit counts of the unique documents identified by SaveOn's proposed search terms. *Id.* J&J's only objection—made repeatedly during the parties' negotiations—is that the requested documents are irrelevant. *See* Ex. 3 (Feb. 22, 2024 Ltr.) ("[I]ssues related to the Best Price Rule are completely irrelevant to this action."); Ex. 4 (Feb. 28, 2024 Ltr.) ("JJHCS has repeatedly explained its position that Best Price-related documents are irrelevant for a variety of reasons, and it reiterates those objections here."); Ex. 2 (Apr. 9, 2024 Ltr.) ("The Best Price Rule Is Irrelevant to the Claims and Defenses at Issue."); *see also* Ex. 5 (Apr. 18, 2024 Email Chain) (J&J refusing to withdraw its relevance objection). Because the documents are in fact highly relevant, the parties are at an impasse.

## I.    J&J Must Produce Documents Regarding Its Compliance with HHS's 2016 Best Price Rule

By federal statute, a drug manufacturer—like J&J—must offer state Medicaid programs the "best price" for its drugs that it offers any other purchaser (with a few minor exceptions). 42 U.S.C. § 1396r-8. "Best price" for a drug means "the lowest price available from the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure (including capitated payments) in the same quarter for which the AMP is computed." 42 C.F.R. § 447.505; *see also* 42 U.S.C. § 1396r-8(c)(1)(C). A drug manufacturer's best price must reflect all discounts,

---

[1] J&J originally objected to RFP No. 70 on the basis of burden "to the extent it seeks 'all documents and communications' regarding a broad subject matter." Ex. 1 at 13-14 (Dec. 18, 2023 J&J's R&Os to SaveOn' Fifth Set of RFPs). J&J has not articulated a burden objection in response to SaveOn's narrowing of the Requests at issue.

rebates, and other pricing adjustments "either directly or indirectly to the best price-eligible enti-

ties." 42 C.F.R. § 447.505. In other words, the greater the discount or rebate, the lower the maxi-

mum price that manufacturers may charge to federal government entities for their drugs. Manu-

facturers must report their best price to the Department of Health and Human Services ("**HHS**")

quarterly. 42 U.S.C. § 1396r-8(b)(3)(A); 42 C.F.R. § 447.510(a).

In 2016, HHS promulgated a regulation—still in effect—that a drug manufacturer may

exclude copay assistance program funds from its best price calculation "to the extent that the man-

ufacturer ensures the program benefits are provided entirely to the patient and the pharmacy, agent,

or other entity does not receive any price concession." 42 C.F.R. § 447.505(c)(10) (the "2016 Best

Price Rule"). If any portion of copay assistance is not applied to a patient's cost-sharing obliga-

tions, however, "the assistance becomes a price concession to the health plan … and thus should

be counted in best price." 85 Fed. Reg. 87050 (Dec. 31, 2020). ███████

████████████████████████████████████████████████████

████████. *See* Ex. 6 (JJHCS_00047500) at -7510.

J&J appears to have regularly certified to HHS that all its CarePath copay assistance funds

go exclusively to patients. For example, ███████████████████████████



Ex. 7 (JJHCS_00204199) at -421 (second emphasis added) (April 7, 2022); *see also, e.g.*, Ex. 8

(JJHCS_00135354) at -537 (December 15, 2021); Ex. 9 (JJHCS_00135950) at -5970 (March 31,

2022); Ex. 10 (JJHCS_00214452) at -4469 (Mar. 2, 2022). ███████████████

████████████████████████████████████████████████████



Ex. 7 (JJHCS_00204199) at -421. "

*Id.* This strongly indicates that

.

At the same time, however, J&J has told the Court and Your Honor in this case that a portion of its copay assistance funds flow to SaveOn. It alleges that SaveOn converts copay assistance to patients into a "manufacturer subsidy for [SaveOn, ESI, and Accredo]," Dkt. 219 Ex. A ¶ 128; *see also* Compl. ¶ 74, and that the savings that SaveOn generates for its commercial health plan clients are "simply diverted CarePath funds." Compl. ¶ 24.[2] In this case, J&J has regularly accused SaveOn of "seizing," "extract[ing]," "pilfering," "siphoning," "diverting," "misappropriating," "looting," and "stealing" J&J's copay assistance funds.[3] That is, J&J accuses SaveOn of

---

[2] *See also* Compl. ¶ 51 (accusing SaveOn of draining patient assistance programs); Dkt. 219 Ex. A ¶¶ 1 ("JJHCS brings this action to stop a scheme to pilfer tens of millions of dollars from the financial support that JJHCS provides for patients."), *id.* ¶ 3 ("The SaveOnSP scheme works by … leveraging the illicit SaveOnSP Program to surreptitiously extract inflated amounts of patient copay assistance, often exhausting the maximum amount of allotted copay assistance."), *id.* ¶ 127 (stating that SaveOn misappropriates copay assistance).

[3] *See* Dkt. 65, at 2 ("seiz[ing]"); Dkt. 66 at 2 (same); Dkt. 79 at 3 ("siphoning" and "pilfering"); Dkt. 109 at 1, 2, 4, 5 ("misappropriating"); Dkt. 110 at 1 ("diverting"); Dkt. 111 ("misappropriating"); Dkt. 133 at 6 (same); Dkt. 150 at 20 (same); Dkt. 165 at 15 (same); Apr. 3, 2024 Hr'g Tr. at 141:19-24 (Mr. LoBiondo: accusing SaveOn of "stealing our money:); *see also id.* at 126:16-23 (same); 144:3-14 (Mr. LoBiondo: "[SaveOn helps itself] to hundreds of millions of dollars of [J&J's] money."); Feb. 28, 2023 Hr'g at 4:10-15 (Mr. Sandick: "SaveOn's misappropriation of the CarePath co-pay support."); June 6, 2023 Hr'g at 41:14-17 (Mr. Mangi: "And we can cut off payments to an entity that we know is taking money that is not intended to."); June 27, 2023 Hr'g Tr. at 7:24-8:6 (Mr. Greenbaum: "[D]iversion of patient assistance funds is the foundation of

Hon. Freda L. Wolfson                                                    Page 5

taking copay assistance funds directly from J&J. Jan. 24, 2024 Hr'g at 83:2-8 (comparing

SaveOn's services to "someone steal[ing] a car").

    Both cannot be true. If SaveOn were diverting CarePath funds from patients as J&J asserts,

then any certification that J&J makes to HHS that all those funds go to patients would have to be

false. If J&J's apparent certifications to HHS that all its copay assistance funds go to patients were

true, on the other hand, then J&J's accusations that SaveOn diverts CarePath funds from those

patients would necessarily be false.

    J&J appears to be aware of the connection between its "best price" certifications and its

CarePath expenditures: ██████████████████████████████████████████

██████████████████████████████████████████████████████. *See, e.g.*, Ex.

7 (JJHCS_00204199) at -419, -421 ███████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████. ████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

2022, Ex. 11 at Tab "SaveOn ID" (JJHCS_00139021); Ex. 12 (JJHCS_00002774), ████████

███████████████████████████████████████ SaveOn is entitled to discover the basis

for J&J's apparently contradictory representations to HHS and to this Court.

    In correspondence, J&J asserted that SaveOn's requests are "just another way of asking for

---

SaveOn's business model."); *id.* 14:3-5 (Mr. Greenbaum: "We're trying to show that they are try-
ing to circumvent the changes at manufacturers are making to defeat their efforts to take our
money."); Jan 24, 2024 Hr'g Tr. at 72:14-20 (Mr. Sandick: accusing SaveOn of arguing that "[i]t's
okay to steal from someone, and to loot a program, so long as at the end of the day they're still
making money").

the same pricing data that the Court's February 6 Order squarely rejected." Ex. 2 at 4 (Apr. 9, 2024 Ltr.). Not so. SaveOn does not seek here the pricing data underlying J&J's transparency reports that J&J put at issue in its Complaint, Compl. ¶¶ 25, 80, or the pricing data necessary to counter any representation that J&J might make at trial about its purported pricing reductions, at issue in SaveOn's February 20 Motion for Reconsideration, *see* Feb. 20, 2024 Mot. for Clarification & Reconsideration at 18-20. SaveOn seeks here only communications and documents that will allow it to test J&J's repeated accusations that SaveOn has been "diverting" J&J's copay assistance funds. This motion is not about how J&J sets prices; it is about whether J&J actually believes that any of its copay assistance funds flow to SaveOn. Evidence that J&J regularly certified that copay assistance funds go entirely to patients, *see* 42 C.F.R. §§ 447.510(a)(2), (e), would contradict this assertion and severely undermine J&J's credibility.

SaveOn thus asks Your Honor to compel J&J to produce the following categories of documents for the full discovery period (April 1, 2016 through November 7, 2023):

- All Best Price Quarterly Reports for all Janssen drugs at issue in this litigation (RFP 79), *see* Ex. 13 (SaveOn's Sixth Set of RFPs);

- Documents sufficient to show the factual basis of all of J&J's statements to the Court in this litigation regarding SaveOn taking, seizing, pilfering, siphoning, diverting, and misappropriating copay assistance funds (RFPs 8, 70), *see* Ex. 14 (SaveOn's First Set of RFPs); Ex. 15 (SaveOn's Fifth Set of RFPs);[4]

- Documents sufficient to show the factual basis of all of J&J's statements to the Court in this litigation regarding SaveOn's services converting copay assistance

---

[4] SaveOn's RFP No. 8 seeks: "All Documents and Communications with or regarding SaveOnSP," Ex. 14 at 12 (Nov. 11, 2022 SaveOn's First Set of RFPs). SaveOn's RFP No. 70 seeks: "All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath." Ex. 15 at 11-12 (SaveOn's Fifth Set of RFPs). SaveOn's RFP No. 79 seeks: "All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug." Ex. 13 at 12 (Dec. 28, 2023 SaveOn's Sixth Set of RFPs).

> funds into a manufacturer subsidy for SaveOn, Express Scripts, Accredo, and/or plans, *see* Compl. ¶¶ 23-24, 74, (RFPs 8, 70), *see* Ex. 14 (SaveOn's First Set of RFPs); Ex. 15 (SaveOn's Fifth Set of RFPs);

- Documents sufficient to show what J&J has told HHS, CMS, or other executive agencies regarding each patient that J&J or a vendor of J&J has identified as a member of a SaveOn-advised plan (RFPs 8, 70), *see* Ex. 14 (SaveOn's First Set of RFPs); Ex. 15 (SaveOn's Fifth Set of RFPs);

- Documents sufficient to show the basis for J&J's assertions to HHS, CMS, and other executive agencies that the full amount of J&J's copay assistance is passed to patients (RFP 70), *see* Ex. 15 (SaveOn's Fifth Set of RFPs);

- Documents sufficient to show J&J's evaluation of whether the services provided by SaveOn, accumulators, or maximizers cause copay assistance funds to be provided to any entities other than patients (RFPs 8, 70), *see* Ex. 14 (SaveOn's First Set of RFPs); Ex. 15 (SaveOn's Fifth Set of RFPs); and

- All communications or records of communications that discuss accumulators, maximizers, or SaveOn, with HHS, CMS, or other federal agencies, related to J&J's submission of Quarterly Best Price Reports (RFPs 8, 70), *see* Ex. 14 (SaveOn's First Set of RFPs); Ex. 15 (SaveOn's Fifth Set of RFPs).

For the last category of documents, SaveOn asks Your Honor to compel J&J to identify individuals with documents relevant to this topic as custodians (not limited to individuals within JJHCS), including, but not limited, the individuals who certify compliance with the 2016 Best Price Rule to HHS, and run the following search term across their custodial documents for the full discovery period of April 1, 2016 to November 7, 2023:

- ("HHS" OR (Health /3 "Human Services") OR "CMS" OR ".gov") AND ("Best Price" OR "BP") AND (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

## II.     J&J Must Produce Documents Regarding Its Response to HHS's 2023 Best Price Rule

Under the 2016 Best Price Rule, so long as a drug manufacturer did not know that its copay assistance funds were going to a plan, PBM, accumulator, or maximizer, it could avoid accounting for those funds as a discount in its "best price" calculations and so charge a higher price to gov-

ernment entities. This regime gave J&J a financial incentive not to learn whether its copay assistance funds were going to any entities other than patients—if J&J learned that any funds were going to other entities, it would have to lower the "best price" it charged federal insurers for its drugs. ██████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████. *See* Ex. 6 (JJHCS_00047500) at -7510 ███████

███████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████

On December 31, 2020, however, HHS finalized a "accumulator adjustment rule" (the "2023 Best Price Rule"), which required manufacturers to "ensure the benefit [of their assistance programs] go exclusively to the consumer" before the manufacturers exclude the discount from their best price calculations. CMS Final Rule 85 Fed. Reg. 87,000 (Dec. 31, 2020). This required drug manufacturers to take affirmative steps to ensure that none of their copay assistance funds flow to entities other than patients; manufacturers would now face a penalty unless they took all steps to know whether the funds went to entities other than patients. ██████████████████

███████████████████████████████████████████████████████████████████████████████

██████████████████████████████████ Ex. 16 (JJHCS_00084277) at -4292.[5]

In 2022, after the 2023 Best Price Rule was issued, ██████████████████████████████

██████████████████, Ex. 16 at 9 (JJHCS_00084277) at -285,

─────────────────

[5] While a court would ultimately strike it down in May 2022 before it took effect, *Pharm. Rsch. & Mfrs. of Am. v. Becerra*, No. 21-CV-1395 (CJN), 2022 WL 1551924, at *5-6 (D.D.C. May 17, 2022), the 2023 Best Price Rule was a final HHS rule embodied in federal regulations for well over a year starting in early 2021. From January 2021 until May 2022, J&J thus had every reason to believe that the 2023 Best Price Rule would be effective starting in January 2023.

█████████.[6] It stated: "████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████." Ex. 17 at 4 (JJHCS_00033653)

(emphasis added).[7] ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████. *See* Ex. 23 (ARCHBOW_000443) ██████████

████████████████████████████████████████████████████████████████████████████████████

███████████); Ex. 24 JJHCS_00141442 (████████████████████████████████████████████

███████████████████████████). J&J also changed CarePath's terms and conditions for Stelara

and Tremfya ███████████████████ Ex. 17 at 7 (JJHCS_00033653).[8]

_____

[6] ████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████

[7] *See also* Ex. 18 at 1 (JJHCS_00084196) ██████████████████████████████████████████
███████); Ex. 19 at 3 (JJHCS_00010110) ████████████████████████████████████████████
████████████████████████████████████████); Ex. 20 at 4 (JJHCS_00003023) (████████████
████████████████████████████████████); Ex. 21 at 2 (JJHCS_00001595) (T██████████████
██████ ██ ██ ██████ ███████████ █████████████); Ex. 22 (TRIAL-
CARD_00003689) (article titled ████████████████████████████████████████████████").

[8] *See* Ex. 17 at 7 (JJHCS_00033653) (████████████████████████████████████████████
████████████████████); Ex. 25 (JJHCS_00001209) ████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████);

J&J's reaction to the 2023 Best Price Rule is relevant in multiple ways. As Your Honor observed, "[SaveOn] is entitled to explore why [J&J] decided to amend the terms in 2022, when it knew of the SaveOnSp Program since 2017, which decision could potentially support Defendant's defenses of mitigation, laches and acquiescence." Dkt. 192 at 14; *see also New Reflections Plastic Surgery, LLC v. Reflections Ctr. for Skin & Body, PC*, Civil Action No. 16-8523 (FLW) (TJB), 2018 WL 6716105, at *6 (D.N.J. Dec. 20, 2018) ("[A]ggrieved parties must … bring their claim … when they learned or should have learned, through the exercise of due diligence, that they have a cause of action."). J&J knew of SaveOn since at least 2017, Dkt. 192 at 14, ██████████████

████████████████████████████████████████████████████████████████████

██████████████████. *Cf.* Ex. 6 (JJHCS_00047500) at -7510.[9] ██████████████

████████████████████████████████████████████████████████████████████

██████████████████████████d. *See id.* (██████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

Your Honor also reaffirmed that J&J's understanding of the terms and conditions at issue in this case is highly relevant. *See* Dkt. 192 at 7 ("[T]he Court held that arguments regarding the meaning of the terms and conditions should be decided at summary judgment with the benefit of extrinsic evidence."). J&J's response to the 2023 Best Price Rule will likely also show that J&J

---

Ex. 26 (JJHCS_00026369) at -370 (noting that ████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████).

[9] ████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████ *See* Ex. 27
(JJHCS_00197563); Ex. 28 (JJHCS_00197574).

developed its current, made-for-litigation interpretation of the T&Cs solely to bring this lawsuit, shut down SaveOn, and avoid the effect of the 2023 Best Price Rule—not because J&J truly believed that SaveOn's activities violated T&Cs or that SaveOn caused any real damage to J&J.

In correspondence, J&J asserted that its productions regarding the CAP Program will cover documents on this topic. *See* Ex. 2 at 3 (Apr. 9, 2024 Ltr.). But J&J has neither identified the custodians who were responsible for responding to the 2023 Best Price Rule, nor is J&J running a search term which would capture the relevant documents related to that rule. That is plainly insufficient. As discussed *supra*, J&J must produce documents to explain ███████████████

████████████████████████████████████████████████████████████. *Compare* Ex. 29 (JJHCS_00195975) (████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████) *with* Ex. 23 (ARCHBOW_000443).

SaveOn asks Your Honor to compel J&J to produce documents and communications reflecting J&J's response to the 2023 Best Price Rule, including without limitation its creation of the CAP Program and its interpretations of or modifications to its terms and conditions. J&J should identify individuals with documents relevant to this topic as custodians (not limited to individuals within JJHCS) and run the following term run across their custodial documents from December 1, 2020 to November 7, 2023:

- ("copay" OR "co-pay" or fund* OR manufact*) /20 ("best price" or "BP") /20 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.

Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2.      JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.  JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

3.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

4.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad,

unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

5.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

7.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 63

All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

### Response to Request No. 63

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS objects to

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to JJHCS's efforts to provide copay assistance funds to patients and unrelated to the CarePath program (and the "withMe" programs). JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications related to "efforts to directly reimburse patients for out-of-pocket costs" that are unrelated to SaveOnSP. JJHCS further objects to this request as duplicative of Request Nos. 26 and 28; in response to those Requests, subject to objections made thereto, JJHCS already has produced data regarding payments to patients to reimburse them for their out-of-pocket costs.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 64**

All Documents and Communications regarding ███████████████████████████
████████████████████████████████████████████ ARCHBOW_000219), *See*
ARCHBOW_000219.

**Response to Request No. 64**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks documents and communications that are exempt

from discovery and protected from disclosure by any privilege. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to

Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this

Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS

further objects to this Request to the extent it seeks documents and communications in the

possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of

Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to

Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55. To the extent that documents or communications

responsive to this Request are also responsive to prior Requests for Production, JJHCS has

already agreed to produce responsive, non-privileged documents, subject to prior objections and

those presented here, including but not limited to those documents related to the CAP Program,

consistent with the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

**Request No. 65**

    All Documents and Communications regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ARCHBOW_000241).
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* ARCHBOW_000241.

**Response to Request No. 65**

    In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications that are exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to

Definitions.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.  JJHCS further objects to this

Request as duplicative of Request Nos. 8, 31, 33, 49, 64, and 66.

    Subject to the foregoing objections, JJHCS incorporates by reference its responses to

Request Nos. 8, 31, 33, 49, 64, and 66.  To the extent that documents responsive to this Request

are also responsive to prior Requests for Production, JJHCS has already agreed to produce those

documents from the relevant Time Period, subject to JJHCS's prior objections and those

presented here.  JJHCS will update its production pursuant to the Court's November 7, 2023

Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

**Request No. 66**

All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

**Response to Request No. 66**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP, Express Scripts, or Accredo. JJHCS further objects to this Request as duplicative of Request Nos. 8, 31, 33, 49, 64 and 65.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request Nos. 8, 31, 33, 49, 64 and 65. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period subject to JJHCS's prior objections. JJHCS will update its production pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 67**

Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

**Response to Request No. 67**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and information that is unrelated to the CarePath program and any withMe programs. JJHCS further objects to this Request as duplicative of Request Nos. 26 and 28; in response to those Requests, JJHCS already has produced data regarding payments to patients.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 68**

All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

**Response to Request No. 68**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks documents and communications between JJHCS and Archbow that are unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections and to objections to other Requests, JJHCS has already agreed to produce responsive, non-privileged documents that relate to SaveOnSP, including those documents related to the CAP Program consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 69**

All Documents and Communications with or regarding ███████████████████
*See* ARCHBOW_000103.

**Response to Request No. 69**

In addition to the foregoing general objections, JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request No. 8. To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce responsive, non-privileged documents, including those related to the CAP Program, consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 70**

All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

**Response to Request No. 70**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action. JJHCS further objects

13

to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Best Price" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 71**

Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay assistance payments and other provision of funds to patients for the purpose of internal reports, bookkeeping, internal or external financial reporting, including without limitation reporting for tax purposes or compliance with any other law, including without limitation whether JJHCS accounts for those payments as charity, charitable contributions, business expenses, rebates, discounts, marketing, or otherwise.

**Response to Request No. 71**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 72**

All Documents and Communications regarding ███████████████████ ████████████████████████████████████████████████████ ██████████████████ *See* ARCHBOW_000438.

14

**Response to Request No. 72**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 68.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 73**

All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow. *See* ARCHBOW_000306; ARCHBOW_000439.

**Response to Request No. 73**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP and the CarePath program and any withMe programs.

15

JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "Archbow" and "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request Nos. 20, 41, 42 and 68.

Subject to the foregoing objections, to the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to JJHCS's prior objections. JJHCS will update its production of responsive, non-privileged documents to those Requests pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

## Request No. 74

All Documents and Communications regarding the funds that JJHCS provides to patients taking Janssen Drugs (including without limitation CarePath funds and any other funds) compared to the revenue that Janssen receives from the sales of Janssen Drugs, including without limitations discussions with Archbow. *See* ARCHBOW_000440.

## Response to Request No. 74

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP and unrelated to the CarePath program and any withMe

16

programs.  JJHCS further objects to this Request to the extent it seeks information that is exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the terms "JJHCS," "Janssen," and "Archbow" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.  JJHCS further

objects to this Request as duplicative of Request Nos. 29 and 41.  JJHCS also objects to this

Request to the extent that it seeks documents that the Court specifically declined to order JJHCS

to produce on March 17 and October 30, 2023.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 75**

All Documents and Communications with entities other than JJHCS regarding the above-
captioned lawsuit or any potential lawsuit against SaveOnSP, including without limitation
discussions with Archbow. *See* ARCHBOW_000443.

**Response to Request No. 75**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all documents and communications" regarding a broad

subject matter.  JJHCS further objects to this Request to the extent it seeks information that is

exempt from discovery and protected from disclosure by any privilege, including without

limitation the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure,

the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as

17

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request No. 8.  To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to JJHCS's prior objections and those objections presented here. JJHCS will update its production pursuant to the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 76**

All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one hand, and JJHCS or any Hub Entity, on the other hand.

**Response to Request No. 76**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all" recordings regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as unduly burdensome because it requires JJHCS to identify recordings of calls without the benefit of identifying information—specifically, all names (including the many pseudonyms and false

claims of affiliation with various health plans, insurance companies and pharmacies made by SaveOnSP) and phone numbers used by SaveOnSP employees who called JJHCS and its affiliates—that SaveOnSP has not provided.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents or communications responsive to this Request.

Dated: December 18, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:  /s/Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM
KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

19

# Exhibit 2



April 9, 2024

Ian Eppler
(212) 336-2205

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **SaveOnSP Request for Production Nos. 70 and 79**
        ***Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC***
        <u>**Case No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

      We write in response to your March 21, 2024 letter regarding SaveOnSP's Request Nos. 70 and 79.  As we have told you before, these Requests call for a plethora of documents related to the "Best Price Rule," and are therefore irrelevant to the claims and defenses in this litigation.

**I.      SaveOnSP's "Narrowed" Requests Actually Broaden RFPs 70 and 79**

      As a threshold matter, these ostensibly "narrow[ed]" demands are not consistent with the text of Request Nos. 70 and 79. Mar. 21, 2024 Ltr. from E. Snow to J. Long, at 2.  Request No. 70 demands "[a]ll Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath," and Request No. 79 demands "[a]ll Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug."

      In your March 21 letter, you demand that JJHCS produce several other categories of documents related to the Best Price Rule, including:

- Documents sufficient to show the factual basis of all statements to the Court in this litigation regarding SaveOn taking, seizing, pilfering, siphoning, diverting, and misappropriating copay assistance funds;

- Documents sufficient to show the factual basis of all statements to the Court in this litigation regarding SaveOn's services converting copay assistance funds into a manufacturer subsidy for SaveOn, Express Scripts, Accredo, and/or plans;

April 9, 2024
Elizabeth Snow, Esq.
Page 2

- Documents sufficient to show what J&J has told HHS, CMS, or other executive agencies regarding each patient that J&J or a vendor of J&J has identified as on a SaveOn-advised plan;

- Documents sufficient to show the basis for J&J's assertions made to HHS, CMS, and other executive agencies that the full amount of copay assistance is passed to the patient;

- Documents sufficient to show J&J's evaluation of whether the services provided by SaveOn, accumulators, or maximizers cause copay assistance funds to be provided to any entity other than the patient; and

- All communications or records of communications that discuss accumulators, maximizers, or SaveOn, with HHS, CMS, or other federal agencies, related to J&J's submission of Quarterly Best Price Reports.

Mar. 21, 2024 Ltr. from E. Snow to J. Long, at 2-3. SaveOnSP does not explain, for example, how documents regarding the "factual basis for all statements to the Court in this litigation" related to certain issues have anything to do with the Requests.

Even setting that aside, none of these categories of documents are relevant to the litigation because documents solely concerning the Best Price Rule are immaterial to this litigation, as set forth below.

## II. The Best Price Rule Is Irrelevant to the Claims and Defenses at Issue

SaveOnSP's insistence on discovery related to the Best Price Rule is nothing more than an attempt to re-open, for a third time, discovery related to pricing of Janssen drugs. This is wholly improper, and JJHCS rejects SaveOnSP's latest attempts—months after Judge Wolfson found pricing irrelevant—to re-open the door on this long-settled issue.

To be clear, the Best Price Rule refers to a series of statutes and regulations governing rebates paid to manufacturers for prescription drugs dispensed to individuals enrolled in the Medicaid program. *See* 42 U.S.C. § 1396r-8; 42 C.F.R. § 447.500 *et seq*. The rebates and pricing determinations at issue in the Best Price regulatory scheme have no relation to the claims or defenses at issue in this lawsuit. SaveOnSP nevertheless demands discovery on these irrelevant issues, arguing that proposed changes to the Best Price Rule in 2020 somehow transform reams of irrelevant pricing data into relevant discovery materials. *See* Mar. 21, 2024 Ltr. from E. Snow to J. Long, at 2 (speculating that never-effective proposed changes to the Best Price Rule may have "influenced [JJHCS's] behavior regarding SaveOn.").

There are two fundamental problems with this theory: *First*, JJHCS already has agreed to produce all non-privileged documents and communications related to CAP, as well as similar efforts that may predate the CAP Program, for the period April 1, 2016 to November 7, 2023. *Second*, the proposed changes to the Best Price Rule—which would have required

April 9, 2024
Elizabeth Snow, Esq.
Page 3

manufacturers to "ensure that the full value of their assistance stays with the patient and is not captured by the patient's health insurer through an accumulator"[1]—never became effective.

On the first point, JJHCS reiterates—as it has in the past—that if a non-privileged document relates to CAP (or predecessor programs), JJHCS has produced it or will produce it. *See, e.g.*, Mar. 1, 2024 Ltr. from J. Long to E. Snow, at 1 (quoting Dkt. No. 192, at 26). In other words, if a non-privileged document addresses *both* a Best Price-related issue *and* CAP or other JJHCS efforts to mitigate harm caused by SaveOnSP, JJHCS has produced it or will produce it. At the same time, JJHCS will not indulge a fishing expedition for documents that relate *only* to the Best Price Rule. *See, e.g,* Feb. 28, 2024 Ltr. from I. Eppler to E. Snow, at 2 ("documents unrelated to *both* SaveOnSP and the CarePath copay assistance program are irrelevant in this litigation" (emphasis in original)); Feb. 8, 2024 Ltr. from I. Eppler to E. Snow, at 5 (refusing to produce documents related to "other accumulators or maximizers" as "wholly irrelevant to the claims and defenses in this action").

On the second point, the timeline of events makes clear that the proposed Best Price Rule change had nothing to do with JJHCS's efforts to limit the harm done by SaveOnSP. As SaveOnSP well knows, a federal district court struck down the proposed change more than six months *before* it became effective, leaving a prior version of the Rule, which exempted copay assistance dollars that have been captured by accumulators or maximizers from Best Price calculations, in effect. *Pharm. Rsch. & Manufacturers of Am. v. Becerra*, 2022 WL 1551924, at *5 (D.D.C. May 17, 2022). There is no reason to believe SaveOnSP's implausible theory that JJHCS was motivated to undertake expensive and burdensome efforts to mitigate the harm done by SaveOnSP because of a regulation that was vacated by a court and never went into effect.[2]

SaveOnSP's other requests in its March 21 letter are similarly irrelevant. For example, the demands for "[d]ocuments sufficient to show what J&J has told HHS, CMS, or other executive agencies regarding each patient that J&J or a vendor of J&J has identified as on a SaveOn-advised plan" and "[d]ocuments sufficient to show the basis for J&J's assertions made to HHS, CMS, and other executive agencies that the full amount of copay assistance is passed to the patient" make no sense in light of the existing regulatory framework—which was in effect for the entirety of the relevant time period through the present. And while SaveOnSP claims that it is entitled to Best Price documents ███████████████████████████████████ "JJHCS_00136670" ███████████████████████████████████████████████ ████████████████████████████████ Mar. 21, 2024 Ltr. from E. Snow to J. Long, at 2, ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

---

[1] *Pharm. Rsch. & Manufacturers of Am. v. Becerra*, 2021 WL 5630798, at *2 (D.D.C. Dec. 1, 2021).

[2] Accordingly, JJHCS will not run the following term: ("copay" OR "co-pay" or fund* OR manufact*) /20 ("best price" or "BP") /20 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP).

April 9, 2024
Elizabeth Snow, Esq.
Page 4

## III.     SaveOnSP's Remaining Requests Squarely Relate to Pricing Data

   Request No. 79 demands the production of JJHCS's "Best Price Quarterly Reports"—i.e., the quarterly reports that drug manufacturers, such as JJHCS, must provide to the Centers for Medicare and Medicaid Services with their pricing data. 42 C.F.R. § 447.510(a). This is just another way of asking for the same pricing data that the Court's February 6 Order squarely rejected. The Court concluded that "documents on pricing of Janssen drugs are [not] relevant to Plaintiff's claims or Defendant's defenses" and rejected three RFPs seeking the prices of Janssen drugs.[3] Dkt. No. 192, at 24. SaveOnSP's latest request for Best Price Reports is nothing more than a second bite at the apple. Disguising a renewed demand for pricing data by making reference to the Best Price Rule does not change the conclusion reached by the Court earlier this year: pricing-related documents are simply irrelevant to this litigation.

   SaveOnSP's request for additional custodians and search terms fare no better. SaveOnSP uses the Best Price Quarterly Reports to demand "communications or records of communications that discuss accumulators, maximizers, or SaveOn, with HHS, CMS, or other federal agencies, related to J&J's submission of Quarterly Best Price Reports." Mar. 21, 2024 Ltr. from E. Snow to J. Long, at 3. But its proposed search term is explicitly designed to return these sensitive pricing documents—particularly when paired with a request to expand to J&J custodians who have no relation to JJHCS's co-pay assistance program or the claims and defenses in this litigation.[4] Accordingly, JJHCS declines to run this additional search string.

   We are available to meet and confer and reserve all rights.

     Very truly yours,

     */s/ Ian Eppler*
     Ian Eppler

---

[3] *See, e.g,* SaveOnSP's First Set of Requests for Production ¶ 28(g) (demanding, for "each Janssen Drug" at issue in this litigation, "[d]ocuments sufficient to show" the "price of the Janssen Drug"); ¶ 30 (demanding, "for each year for each Janssen Drug, all Documents and Communications regarding the basis for Janssen's decision to raise or lower the price of the Janssen Drug.").

[4] The term is: ("HHS" OR (Health /3 "Human Services") OR "CMS" OR ".gov") AND ("Best Price" OR "BP") AND (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP).

# Exhibit 3



www.pbwt.com

February 22, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
          *No. 2:22-cv-02632 (JKS)(CLW)*

Dear Hannah:

We write in response to SaveOnSP's February 12, 2024 letter regarding JJHCS's responses and objections to SaveOnSP's Sixth Set of Requests for Production ("JJHCS's Sixth Set of R&Os").

**I.    General Objections & Definitions**

SaveOnSP requests confirmation that JJHCS is not withholding documents based on two of its general objections:  JJHCS's objection that SaveOnSP's requests seek documents or information "obtainable from sources other than JJHCS" in a more efficient manner, and JJHCS's objection that SaveOnSP's requests require JJHCS to disclose materials in a manner that would violate "a confidentiality agreement, court order, or applicable law."  *See* JJHCS's Sixth Set of R&Os, at 2.  As we have repeatedly stated—including in response to several prior letters from SaveOnSP—JJHCS's specific responses and objections to each of SaveOnSP's requests explain how JJHCS plans to respond, including with respect to what JJHCS is willing to produce.  *See* Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 1; Jan. 2, 2024 Ltr. from J. Long to E. Snow at 1.  If you believe any of our responses or objections are unclear, please let us know.

As to non-JJHCS discovery, JJHCS has repeatedly explained its objection to SaveOnSP's definition of Janssen.  JJHCS has consistently made clear—including in several prior letters addressing the same issue—that of roughly 200 J&J subsidiaries, "JJHCS is the sole relevant J&J entity involved in the development, marketing, [and] administration of CarePath."  Feb. 13, 2024 Ltr. from C. Zielinski to E.Snow (quoting Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 1; Jan. 2, 2024 Ltr. from J. Long to E. Snow at 1; Dkt. No. 122 at 1; Dkt. No. 29 at 20).  In compliance with Judge Wolfson's February 6, 2024 order (Dkt. No. 192), JJHCS will designate three additional custodians for limited discovery.  *See* Feb. 13, 2024 Ltr. from C. Zielinski to E. Snow

Hannah R. Miles, Esq.
February 22, 2024
Page 2

at 2. JJHCS will not undertake a "further investigation into whether individuals outside of JJHCS possess relevant information or responsive documents," and JJHCS "reject[s] SaveOnSP's latest attempt to relitigate issues that have already been foreclosed by prior orders." *Id.*

## II.    Request Nos. 77 and 78

These Requests demand a bevy of documents and communications related to relationships between JJHCS and various patient and pharmaceutical advocacy groups, and alleged coordination between JJHCS and those groups regarding public communications about copay assistance programs, SaveOnSP, accumulators, or maximizers. As a basis for these Requests, SaveOnSP claims JJHCS may have used "its influence over these groups to promote the false narrative that copay maximizers and accumulators . . . harm patients," which could have "impacted patients' experiences with the CarePath copay assistance program and caused confusion, concern and stress to patients." Feb. 12, 2024 Ltr. from H. Miles to I. Eppler at 2. SaveOnSP does not, and cannot, point to even a scintilla of evidence to support this entirely speculative chain of reasoning.[1] And SaveOnSP has not asserted any claims against JJHCS. Accordingly, JJHCS objects to these Requests based on relevance.

JJHCS also objects to these Requests as duplicative for several reasons. JJHCS agreed to run several search terms intended to identify documents related to relevant public communications and alleged JJHCS support for publishers of relevant material in response to Request No. 20. SaveOnSP claims, without evidence or citation, that JJHCS has not undertaken "a fulsome search" for material responsive to Request No. 20. Feb. 12, 2024 Ltr. from H. Miles to I. Eppler at 2–3. But it has been over a year since JJHCS began producing documents (including documents responsive to Request No. 20), and at no point before the instant letter did SaveOnSP ever suggest that JJHCS's production of documents responsive to Request No. 20 was inadequate. Moreover, to the extent that these Requests call for documents and communications regarding any JJHCS communications with these advocacy groups about SaveOnSP, these Requests are duplicative, as JJHCS has already agreed to run several search terms intended to identify documents related to SaveOnSP in response to Request No. 8.

JJHCS reiterates that it has produced, and will continue to produce, responsive documents in accordance with agreed-upon search terms. But JJHCS will not search for and review wholly irrelevant documents based on SaveOnSP's speculation. And because JJHCS objects to producing documents responsive to these Requests based on relevance and duplication, in addition to burden, it will not provide SaveOnSP's requested hit counts.

---

[1] Moreover, SaveOnSP's argument is a disingenuous effort to shift focus to JJHCS and away from the evidence that SaveOnSP knowingly harmed patients. *See, e.g.*, SOSP_0685665 at -665 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); SOSP_0409971 at -976 (▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

Hannah R. Miles, Esq.
February 22, 2024
Page 3

### III.    Request No. 79

Request No. 79 demands "All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug." JJHCS will not produce documents in response to this Request. As JJHCS explained in its Responses and Objections to this Request, issues related to the Best Price Rule are completely irrelevant to this action. JJHCS rejects SaveOnSP's contention that the reports are relevant because they will "reveal whether J&J accounts for its copay assistance program in government filings." *See* Feb. 12. 2024 Ltr. from H. Miles to I. Eppler at 3. Such speculation does not make these documents relevant. SaveOnSP is the defendant in this litigation. JJHCS asserts that SaveOnSP misappropriated hundreds of millions of dollars from CarePath by tortiously interfering with JJHCS's contracts with CarePath patients and deceiving consumers in violation of GBL § 349. It is SaveOnSP's conduct, not the language used in JJHCS's filings with the government, that is at issue.

### IV.    Request No. 81

This Request calls for draft contracts exchanged between JJHCS and TrialCard regarding maximizers, accumulators, and SaveOnSP. The very nature of the term "draft" means that draft contracts between JJHCS and TrialCard never governed the relationship between JJHCS and TrialCard, have no bearing on the work TrialCard did to mitigate the harm SaveOnSP caused to CarePath, and are irrelevant to SaveOnSP's understanding of the relationship between the companies.

As its sole cited basis for the relevance of these documents, SaveOnSP speculates that draft contracts could be relevant because "J&J could have asked TrialCard to start identifying and excluding patients on plans advised by SaveOn earlier than January 2022," before JJHCS and TrialCard implemented the CAP program, "and for more drugs than just Stelara and Tremfya." Feb. 12, 2024 Ltr. from H. Miles to I. Eppler at 4. But if any such work occurred, it would be captured in the ***final*** contracts between JJHCS and TrialCard responsive to SaveOnSP's Request No. 80, which JJHCS has already agreed to produce. Moreover, as JJHCS has repeatedly made clear, JJHCS will produce any non-privileged, responsive documents regarding "SaveOnSP" (or variations thereof) in response to Request No. 8. Accordingly, consistent with JJHCS's Sixth Set of R&Os, JJHCS declines to search for and produce any draft contracts in response to Request No. 81.

### V.    Request No. 82

Request No. 82 demands a variety of documents and communications regarding work related to copay assistance programs undertaken by Avalere Health, a health care industry consulting firm, on behalf of JJHCS. To the extent that the Request calls for documents and communications with Avalere regarding SaveOnSP, JJHCS has already agreed to run several search terms intended to identify documents related to SaveOnSP in response to Request No. 8. Any documents regarding SaveOnSP that involve Avalere would be subsumed by those previously agreed-upon search terms. Otherwise, as JJHCS explained in its Responses and Objections, this

Hannah R. Miles, Esq.
February 22, 2024
Page 4

Request is irrelevant because it demands a variety of material unrelated to SaveOnSP. *See* JJHCS's JJHCS's Sixth Set of R&Os, at 13. SaveOnSP offers two arguments as to the relevance of Avalere-related documents unconnected to SaveOnSP, but neither are convincing.

First, SaveOnSP claims that it is entitled to this broad swath of Avalere-related documents because they are relevant to its professed investigation into whether CarePath, and not SaveOnSP, is responsible for the patient stress and confusion that JJHCS alleges in its complaint. Yet SaveOnSP provides no basis to speculate that evidence of this patient harm would be found in Avalere-related documents unconnected to SaveOnSP

Second, SaveOnSP asserts that Avalere-related documents unrelated to SaveOnSP are relevant because Avalere conducted research related to the proposed 2023 modifications to the Best Price Rule. SaveOnSP speculates that this research could be relevant because, under the proposed rule, "J&J would be required to count copay assistance funds towards AMP and Best Price, creating an incentive for J&J to not identify patients on SaveOn-advised plans." Feb. 12, 2024 Ltr. from H. Miles to I. Eppler, at 5. The chain of logic supporting SaveOnSP's assertion of relevance fails on several levels. Most importantly, the proposed Best Price Rule never went into effect, undermining SaveOnSP's suggestion that the rule influenced JJHCS's behavior. It defies logic to suggest that JJHCS would have allowed SaveOnSP to continue draining millions of dollars of copay assistance funds because the government did not adopt a regulation. Accordingly, JJHCS declines to produce documents in response to Request No. 82.

We are available to meet and confer and reserve all rights.

Very truly yours,

*/s/ Ian Eppler*
Ian Eppler

# Exhibit 4



www.pbwt.com

February 28, 2024

Ian Eppler
(212) 336-2205

<u>**VIA EMAIL**</u>

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re: **SaveOnSP's Fifth Set of Requests for Production**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
No. 2:22-cv-02632 (JKS)(CLW)

Dear Elizabeth:

We write in response to SaveOnSP's February 15, 2024 letter regarding JJHCS's responses and objections to SaveOnSP's Fifth Set of Requests for Production ("JJHCS's Fifth Set of R&Os") and the February 8, 2024 meet and confer addressing JJHCS's Fifth Set of R&Os.

**I. Request No. 63**

Request No. 63, demanding "[a]ll Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug," remains irrelevant to this case. SaveOnSP's latest letter speculates that three categories of relevant documents not captured by previously agreed-upon search terms are unique to this request: (1) "documents regarding [JJHCS's] efforts to directly reimburse patients" that involve SaveOnSP but do "not necessarily mention SaveOn on the face of the document," (2) documents that involve efforts to reimburse patients outside of CarePath or the CAP program, and (3) documents involving the CAP program from before the agreed-upon date range. *See* Feb. 15, 2024 Ltr. from E. Snow to J. Long at 1–2. But despite having received thousands of pages of JJHCS documents regarding JJHCS's efforts to mitigate SaveOnSP's pilfering of JJHCS funds, SaveOnSP is not able to point to a single page suggesting that there are any relevant, unproduced documents in the aforementioned categories.

To be clear, this is a case about JJHCS's CarePath copay assistance program and SaveOnSP's efforts to pilfer those funds. To the extent that Request No. 63 calls for documents regarding JJHCS's mitigation efforts, JJHCS already has agreed to produce "documents regarding JJHCS's efforts to mitigate harm caused to CarePath by SaveOnSP by modifying CarePath to reimburse patients for out-of-pocket costs." Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 2. JJHCS has separately agreed to produce all non-privileged, responsive documents regarding

Elizabeth H. Snow, Esq.
February 28, 2024
Page 2

SaveOnSP in response to Request No. 8. But documents unrelated to **both** SaveOnSP and the CarePath copay assistance program are irrelevant in this litigation.

Moreover, even if these documents were relevant, JJHCS would object on the basis of burden. SaveOnSP's proposed search term for this Request has identified **over 670,000 documents** (family inclusive). The massive expansion of discovery associated with this Request alone is wholly disproportionate to the needs of the case, particularly given the tendentious basis for the Request's relevance.

## II. Request No. 64

Request No. 64 demands "[a]ll Documents and Communications regarding JJHCS's attempts to avoid PBM 'redirection' of copay assistance funds . . . including without limitation the creation of a Janssen credit card or a direct to patient rebate program." JJHCS previously explained that this Request is duplicative to the extent it calls for documents on this subject related to SaveOnSP, and irrelevant to the extent it calls for documents unrelated to SaveOnSP. Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 2. JJHCS stands behind that objection.

In response to JJHCS's relevance objection, SaveOnSP claims that "[JJHCS] policies that apply to all PBMs, accumulators, and maximizers, would apply to SaveOn, even if they do not single out SaveOn by name," and that relevant documents in that category would be omitted by the existing search terms. Feb. 15, 2024 Ltr. from E. Snow to J. Long at 2 (emphasis omitted). This is a flavor of the same argument that SaveOnSP raised in its recent motions to compel on the CAP search terms. Consistent with Judge Waldor and Judge Wolfson's guidance, JJHCS has agreed to run variations of "SaveOnSP," its founders, and search terms meant to capture documents referring to "ESI's accumulator program or ESI's maximizer program"[1] across 26 custodians. But JJHCS declines to search for documents on this topic that are not "identifiable with SaveOn."[2]

SaveOnSP's own letter supports that limitation by citing several documents that **were** elicited by the existing agreed-upon search terms even though they do not mention SaveOnSP by name. Feb. 15, 2024 Ltr. from E. Snow to J. Long at 2. This demonstrates that the existing search terms are sufficient to identify relevant documents concerning JJHCS's mitigation efforts. Because JJHCS continues to object on the basis of relevance, JJHCS declines to provide the requested hit counts.[3]

---

[1] *See* Jan. 24, 2024 Tr. at 108:4–6.

[2] Oct. 30, 2023 Tr. at 104:15–18.

[3] JJHCS declines to provide hit counts for JJHCS's proposed search terms where JJHCS primarily objects on the basis of relevance.

Elizabeth H. Snow, Esq.
February 28, 2024
Page 3

## III.    Request No. 66

Request No. 66 calls for "[a]ll Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients."  JJHCS stands by its position that this Request is duplicative of SaveOnSP's prior requests, including Request No. 8, which concerns documents related to SaveOnSP, as well as requests related to the CAP program, which were addressed by the Court's November 7 Order (and are subject to two pending motions by SaveOnSP).  *See* Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 3.  As discussed at our February 8 meet and confer, previously agreed-upon search terms intended to elicit documents related to SaveOnSP, the CAP program, Express Scripts, and Accredo will also produce documents responsive to this Request. *See id.*  SaveOnSP continues to speculate that there may be a "gap" in JJHCS's production for "discussions about PBMs or J&J's policies on direct-to-patient payments without explicit reference to ESI (the PBM which works with SaveOn)." *See* Feb. 15, 2024 Ltr. from E. Snow to J. Long at 3.  But it provides no basis in the existing JJHCS and third-party productions to suggest that such a gap exists, nor does it provide any reason to believe that such a gap would be relevant to JJHCS's claims or SaveOnSP's defenses if it existed.  Consistent with our discussion at our prior meet and confer, JJHCS declines to add new search terms responsive to this Request.

## IV.    Request No. 67

In its February 15 letter, SaveOnSP reiterates its request for data on "payments or reimbursements made . . . to patients taking Janssen drugs other than copay assistance payments provided through CarePath." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 3.  As JJHCS explained at the February 8 meet and confer, data on payments or reimbursements to patients taking the Janssen drugs at issue in this litigation was produced in response to SaveOnSP's Request Nos. 26 and 28.  JJHCS will refresh that data, consistent with the Court's November 7 Order and the parties' agreement, in the near term.  To the extent this Request calls for documents or data unrelated to the CarePath copay assistance program, any such payments are irrelevant to the claims and defenses in this action.

## V.    Request Nos. 68 and 69

SaveOnSP demands, in Request No. 68, that JJHCS search for and produce additional documents regarding work that Archbow did on behalf of JJHCS.  To the extent Request No. 68 calls for a broader set of communications between JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including communications related to the Best Price Rule, JJHCS objects on relevance grounds.  In the face of this objection, SaveOnSP claims additional search terms are necessary because "[r]elevant documents regarding Archbow may not state SaveOn on their face."  Feb. 15, 2024 Ltr from E. Snow to J. Long at 4.  But the documents SaveOnSP cites undermine this assertion.  For example, ARCHBOW_000082–85 ████████████, as is ARCHBOW_000099–102 ("I ████████



Elizabeth H. Snow, Esq.
February 28, 2024
Page 4

████████████████████████ To the extent Archbow conducted relevant work for JJHCS, JJHCS will continue to produce such documents using existing search terms.

As to Request No. 69, ████████████████████████████████ ████████████████████████████████████████████████████████ ██████████ Consistent with Request No. 8, JJHCS will not withhold non-privileged, responsive documents regarding SaveOnSP. *See, e.g.*, Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 2–3.

## VI. Request No. 70

This Request demands Best Price Rule-related documents. JJHCS has repeatedly explained its position that Best Price-related documents are irrelevant for a variety of reasons, and it reiterates those objections here. *See, e.g.*, Feb. 22, 2024 Ltr. from I. Eppler to H. Miles at 3–4 (explaining that Best Price-related documents are irrelevant because "[i]t is SaveOnSP's conduct, not the language used in JJHCS's filings with the government, that is at issue" and "[i]t defies logic to suggest that JJHCS would have allowed SaveOnSP to continue draining millions of dollars of copay assistance funds because the government did not adopt a regulation"); Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 4; JJHCS's Responses and Objections to SaveOnSP's Sixth Set of Requests for Production at 10. Because these documents are irrelevant, JJHCS will not provide hit counts for SaveOnSP's request.

## VII. Request Nos. 71 and 72

In your February 15 letter, you ask that JJHCS confirm it will not "withhold documents responsive to Request No[s]. 71 and 72" that are "relevant" to "the financial viability of CarePath and SaveOn's impact on return on investment in CarePath." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 5–6. To the extent that SaveOnSP seeks confirmation that JJHCS will comply with Judge Wolfson's February 6 Order, JJHCS confirms that it will, of course, do so. But JJHCS does not agree that the February 6 Order encompasses "SaveOn's impact on return on investment in CarePath"—a topic that has been the subject of several meet and confers between the parties and is also now implicated by SaveOnSP's motion to compel. JJHCS will not produce documents that Judge Wolfson has determined are irrelevant.

## VIII. Request No. 73

JJHCS continues to object to this demand for "Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers" on the basis of relevance.[4]

---

[4] It is ironic that SaveOnSP now wishes to obtain irrelevant documents regarding other accumulators and maximizers when its own documents indicate that SaveOnSP spent years falsely telling ████████████████████████████████████████████████. *See, e.g.*, SOSP_0013776 ████████████████████████████"); SOSP_1035015 at 2 (████████████

Elizabeth H. Snow, Esq.
February 28, 2024
Page 5


In its Complaint, JJHCS has alleged that SaveOnSP has harmed members of the public in violation of GBL § 349 by, *inter alia*, "causing [patients] undue stress and confusion." Compl. ¶ 114. JJHCS will be able to prove this allegation at trial by demonstrating how **SaveOnSP** patients experienced undue stress and confusion at the hands of **SaveOnSP**, without reference to how patients may have hypothetically reacted to other accumulators or maximizers. It is irrelevant whether some patient at some time, may have "like[d] [a] compan[y] which provide[s] services similar to SaveOn." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 6. Accordingly, JJHCS declines to produce documents responsive to this request.

## IX.    Request Nos. 74 and 75

JJHCS stands by its relevance objection to Request No. 74, which demands all documents and communications "regarding the funds that JJHCS provides to patients taking Janssen Drugs . . . compared to the revenue that Janssen receives from the sales of Janssen Drugs." This is yet another reformulation of SaveOnSP's failed quest for documents regarding JJHCS's return on investment from CarePath. Judge Waldor and Judge Wolfson have consistently rejected SaveOnSP's arguments demanding discovery into these issues. (*See* Dkt. No. 192 at 22; Dkt. No. 173; Dkt. No. 89 at 34:10–19, 35:17–21.) Accordingly, JJHCS will not produce any documents in response to Request No. 74.

With respect to Request No. 75, SaveOnSP "requests confirmation that J&J is not withholding documents regarding the origin of this lawsuit." Feb. 15, 2024 Ltr. from E. Snow to J. Long at 7. As we explained at the February 8 meet and confer, JJHCS is not withholding non-privileged documents regarding SaveOnSP. *See* Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 6.

We are available to meet and confer and reserve all rights.


Very truly yours,

*/s/ Ian Eppler*
Ian Eppler

).

# Exhibit 5

**From:** Hannah Miles
**Sent:** Thursday, April 18, 2024 4:33 PM
**To:** 'Long, Julia (x2878)' <jlong@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Elizabeth Snow <esnow@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Julia,

The parties have already met and conferred regarding SaveOn's request for documents relating to the best price rule, including on February 8 and March 4, 2024.

During the parties' negotiations, we explained our basis for requesting documents related to the best price rule, including why they are relevant to this litigation. *See* Jan. 26, 2024 Letter from E. Snow to I. Eppler, at 5-6; Feb. 12, 2024 Letter from H. Miles to I. Eppler, at 3; Feb. 15, 2023 Letter from E. Snow to I. Eppler, at 4-5; Mar. 21, 2024 Letter from E. Snow to J. Long.

In those negotiations, J&J stated, multiple times, that it views documents related to the best price rule as irrelevant. *See* April 9, 2024 Letter from I. Eppler to E. Snow, at 2 ("The Best Price Rule is Irrelevant to the Claims and Defenses at Issue."); February 28, 2024 Letter from I. Eppler to E. Snow, at 4 ("JJHCS has repeatedly explained its position that Best Price-related documents are irrelevant for a variety of reasons, and it reiterates those objections here."); February 22, 2024 Letter from I. Eppler to H. Miles ("[I]ssues related to the Best Price Rule are completely irrelevant to this action."); February 8, 2024 Letter from I. Eppler to E. Snow, at 4 ("[I]ssues related to 'Best Price' are completely irrelevant to this action."). You do not explain

why our description of J&J's position as contesting the relevance of these documents is purportedly incorrect.

In your recent emails, you do not agree to withdraw your relevance objection, you do not agree to produce the requested documents, and you do not explain why the parties are not at impasse in light of J&J's multiple, definitive statements that it will not produce the requested material. You thus provide no valid reason for the parties to meet and confer on the same topic yet again. This leaves the unfortunate impression that J&J seeks simply to delay submitting this issue for resolution.

Because the discovery record firmly establishes that the parties are at impasse on this subject, we intend to seek relief from the Special Master.

Best,

Hannah


**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
-------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404 [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Monday, April 15, 2024 12:34 PM
**To:** Hannah Miles <hmiles@selendygay.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Elizabeth Snow <esnow@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Hannah,

You are not correctly describing our position.  Rather than continue to trade missives, the next step is to have a meet and confer phone discussion.  Whenever you have time to discuss our Falsioni email (which asks whether you are prepared to run a single term with a known burden to SaveOnSP), we can make time to discuss the more complicated set of issues presented by your Best Price Rule

request.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Friday, April 12, 2024 5:46 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Elizabeth Snow <esnow@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

🟨 **External: Think before you click.**

Julia,

Please explain why J&J thinks that the parties are not at impasse regarding SaveOn's request for documents regarding the Best Price rule given J&J's stated position that such documents are categorically irrelevant. If J&J is withdrawing its relevance objection or will otherwise agree to produce the requested documents, then we would be glad to meet and confer on Monday. If not, please explain what you believe that the parties would have to discuss.

As we told you, we will provide our position on J&J's updated request regarding Darcie Falsioni's documents early next week and will be glad to meet and confer on that topic after we provide our response.

Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
----------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404 [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, April 12, 2024 4:23 PM
**To:** Hannah Miles <hmiles@selendygay.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Elizabeth Snow <esnow@selendygay.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Hannah,

We disagree that the parties are at impasse on Best Price.  We propose that we meet and confer on Monday on both Darcie Falsioni's search terms and Best Price issues.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Friday, April 12, 2024 4:09 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>; Elizabeth Snow <esnow@selendygay.com>; Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031)

<[sarrow@pbwt.com](mailto:sarrow@pbwt.com)>; ~[jgreenbaum@sillscummis.com](mailto:jgreenbaum@sillscummis.com) <[jgreenbaum@sillscummis.com](mailto:jgreenbaum@sillscummis.com)>;
~[klieb@sillscummis.com](mailto:klieb@sillscummis.com) <[klieb@sillscummis.com](mailto:klieb@sillscummis.com)>; _cg J&J-SaveOn <[JJSaveOn@pbwt.com](mailto:JJSaveOn@pbwt.com)>
**Cc:** Philippe Selendy <[pselendy@selendygay.com](mailto:pselendy@selendygay.com)>; Andrew Dunlap <[adunlap@selendygay.com](mailto:adunlap@selendygay.com)>;
Meredith Nelson <[mnelson@selendygay.com](mailto:mnelson@selendygay.com)>; Wohlforth, E. Evans <[EWohlforth@rc.com](mailto:EWohlforth@rc.com)>;
Matthew Nussbaum <[mnussbaum@selendygay.com](mailto:mnussbaum@selendygay.com)>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

🟨**External: Think before you click.**🟨

Counsel,

We have reviewed your April 9, 2024 letter. We understand J&J's position to be that documents regarding Best Price are categorically irrelevant and that the parties are thus at impasse on this issue.

Best,
Hannah

**Hannah Miles**
Associate  [[Email](mailto:)]
Selendy Gay PLLC  [[Web](https://)]
Pronouns: she, her, hers
-----------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404  [M]

**From:** Eppler, Ian (x2205) <[ieppler@pbwt.com](mailto:ieppler@pbwt.com)>
**Sent:** Tuesday, April 9, 2024 7:03 PM
**To:** Elizabeth Snow <[esnow@selendygay.com](mailto:esnow@selendygay.com)>; Long, Julia (x2878) <[jlong@pbwt.com](mailto:jlong@pbwt.com)>; LoBiondo, George (x2008) <[globiondo@pbwt.com](mailto:globiondo@pbwt.com)>; Mangi, Adeel A. (x2563) <[aamangi@pbwt.com](mailto:aamangi@pbwt.com)>; Sandick, Harry (x2723) <[hsandick@pbwt.com](mailto:hsandick@pbwt.com)>; Arrow, Sara (x2031) <[sarrow@pbwt.com](mailto:sarrow@pbwt.com)>;
~[jgreenbaum@sillscummis.com](mailto:jgreenbaum@sillscummis.com) <[jgreenbaum@sillscummis.com](mailto:jgreenbaum@sillscummis.com)>; ~[klieb@sillscummis.com](mailto:klieb@sillscummis.com)
<[klieb@sillscummis.com](mailto:klieb@sillscummis.com)>; _cg J&J-SaveOn <[JJSaveOn@pbwt.com](mailto:JJSaveOn@pbwt.com)>
**Cc:** Philippe Selendy <[pselendy@selendygay.com](mailto:pselendy@selendygay.com)>; Andrew Dunlap <[adunlap@selendygay.com](mailto:adunlap@selendygay.com)>;
Meredith Nelson <[mnelson@selendygay.com](mailto:mnelson@selendygay.com)>; Wohlforth, E. Evans <[EWohlforth@rc.com](mailto:EWohlforth@rc.com)>; Hannah
Miles <[hmiles@selendygay.com](mailto:hmiles@selendygay.com)>; Matthew Nussbaum <[mnussbaum@selendygay.com](mailto:mnussbaum@selendygay.com)>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Counsel,

Please see the attached letter regarding SaveOnSP's Request Nos. 70 and 79.

Best,
Ian

---

**From:** Elizabeth Snow <esnow@selendygay.com>
**Sent:** Thursday, March 21, 2024 6:51 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

▌*Caution: External Email!* ▐

Counsel,

Please find attached a letter in the above-captioned matter.

Thanks,

Elizabeth

**Elizabeth Snow**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9330  [O]
+1 540.409.7257  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this

kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

# EXHIBITS 6-12
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 13

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (ES) (CLW) |
| Plaintiff, | **DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  December 28, 2023

By:  */s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# **DEFINITIONS**

The following definitions apply to these Interrogatories:

1.  The singular form of a word includes the plural, and vice versa.

2.  Any tense of a verb includes all tenses.

3.  Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.  Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.  "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.  "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.  "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "All," "any," and "each" mean any and all.

9.      "And" and "or" are construed both conjunctively and disjunctively.

10.      "Archbow" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.      "Avalere" means Avalere Health LLC and any predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions and departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of or under the control of Avalere.

12.      "Benefits Investigation" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

13.      "Best Price" is the lowest price available from the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

14.      "Best Price Quarterly Report" is a quarterly report submitted by a pharmaceutical manufacturer to the Centers for Medicare & Medicaid Services in compliance with 42 C.F.R. § 447.510(a).

5

15. "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

16. "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

17. "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

18. "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

19. "<u>ESI</u>" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

20. "<u>Express Scripts</u>" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

21. "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

22.     "Including" means including but not limited to.

23.     "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

24.     "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZELEX, DARZELEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA, STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

25.     "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

26.    "<u>JJHCS Hub Entity</u>" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

27.    "<u>Lash Group</u>" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

28.    "<u>Maximizer</u>" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

29.    "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

30.    "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to,

8

reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

31.  "Request" means any of these Requests for Production.

32.  "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

33.  "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

34.  "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

35.  "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.  These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.  These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.  These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4. For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5. If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6. If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7. If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8. If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.      Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.      Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.      Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.      These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## **REQUESTS**

77.      All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network, American Chronic Pain Association, American College of Rheumatology, American Diabetes

11

Association, American Kidney Fund, American Lung Association, American Society of Clinical Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's & Colitis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association, COPD Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV + Hepatitis Policy Institute, Immune Deficiency Foundation, International Myeloma Foundation, Leukemia & Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus Foundation of America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's Health Network, Multiple Sclerosis Association of America, Nashville CARES, National Alopecia Areata Foundation, National Multiple Sclerosis Association of America, National Multiple Sclerosis Society, National Oncology State Network, National Organization of Rare Disorders, National Psoriasis Foundation, Prevent Blindness, Pulmonary Hypertension Association, Rheumatology Research Foundation, Scleroderma Foundation, Stand Up To Cancer, Susan G. Komen, The ALS Association, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and ZERO Prostate Cancer).

78. All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence pharmaceutical industry associations or groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to Biotechnology Innovation Organization, Pharmaceutical Care Management Association, and Pharmaceutical Research and Manufacturers of America).

79. All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug.

12

80.     A copy of each final contract executed between JJHCS and TrialCard regarding CarePath, including without limitation any final work order.

81.     All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

82.     All Documents and Communications between JJHCS and Avalere regarding CarePath or Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators, and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to medication, and (4) reevaluating or changing Copay Assistance Programs based on expected changes to the Best Price Rule.

# Exhibit 14

David Elsberg
Andrew R. Dunlap
Meredith Nelson
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

1

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP") requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties or ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  November 11, 2022     By: /s/ Andrew R. Dunlap
David Elsberg
Andrew R. Dunlap
Meredith Nelson
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310

2

973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "Affordable Care Act" means the Patient Protection and Affordable Care Act, Pub. L. 148, 124 Stat. 119.

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

9.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

10.    "CarePath Care Coordinator" means any person or entity encompassed by that term as used on CarePath's "Contact Us" webpage,[1] as well as any person responsible for communicating with patients who contact CarePath via an advertised help number (*e.g.*, 877-CarePath).

11.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12.    "Complaint" means JJHCS's May 4, 2022 Complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

13.    "Copay Accumulator Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

14.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

15.    "Copay Maximizer Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay

---

[1] *See* Contact Us, https://www.janssencarepath.com/patient/contact-us (last visited October 25, 2022).

5

assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maxi-mizer."

16.     "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.     "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.     "Essential Health Benefit" means, in the context of prescription drug benefits at issue in this case, (a) a prescription drug benefit that satisfies the requirement for a plan to provide essential prescription drug benefits under the Affordable Care Act or that is treated as such by a plan;[2] and (b) any definition JJHCS ascribes to the term "essential health benefit" as used in the Complaint.

19.     "Identify" means (a) with respect to persons, to give, to the extent known, the per-son's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the docu-ment; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.     "Including" means including but not limited to.

21.     "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

---

[2] 45 C.F.R. §§ 156.122, 156.115.

6

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

23.    "JJHCS's Employee Health Plans" means any health plan offered by JJHCS or Janssen to its employees.

24.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

25.    "JJHCS Access Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Access Group, Access Team, or Access Division).

26.    "JJHCS Health Economics Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Health Economics Group, Health Economics Team, or Health Economics Division).

27.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

28.    "JJHCS Outcome Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Outcome Group, Outcome Team, or Outcome Division).

29.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

30.    "Non-Essential Health Benefits" means, in the context of prescription drug benefits at issue in this case, (a) any prescription drug benefit covered by a plan in excess of those necessary for a plan to satisfy the requirements for providing essential prescription drug health benefits under the Affordable Care Act[3] and designated by the plan as a non-essential health benefit; and (b) any definition JJHCS ascribes to the term "non-essential health benefits" as used in the Complaint.

31.    "Parties" means "SaveOnSP" and "JJHCS."

32.    "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

---

[3] *See* 45 C.F.R. §§ 156.122, 156.115.

33. "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

34. "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

35. "<u>Request</u>" means any of these Requests for Production.

36. "<u>SaveOnSP</u>" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

37. "<u>SaveOnSP IPBC Video</u>" means the IPBC and SaveOnSP training video created by Express Scripts as defined in Complaint ¶ 9.

38. "<u>Specialty Drug</u>" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

39. "<u>Stelara</u>" means the Janssen Drug sold under that name.

40. "<u>Tremfya</u>" means the Janssen Drug sold under that name.

41.  "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

42.  "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.  These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.  These Requests seek production of nonprivileged material. Fed. R. Civ. P. 26(b)(1).

3.  These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.  For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.  If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.  If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.  If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information

10

requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked, Local Rule 34.1.

8.     If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9.     Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

11

## TIME PERIOD

Unless otherwise specified, these Requests cover from and including January 1, 2017, through the present.

## REQUESTS

1.     From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

2.     From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

3.     From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

4.     From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

5.     From January 1, 2009 through the present, Documents sufficient to show the organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to identify employees working in those groups.

6.     From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

7.     From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

8.     All Documents and Communications with or regarding SaveOnSP.

12

9.      All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

10.     All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

11.     From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

12.     From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

13.     From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

14.     From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under

the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

15. All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

16. All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

17. All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

18. All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

19. All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

20. All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

14

21.     All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

22.     All Documents and Communications regarding any alleged harm caused by Save-OnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

23.     All Documents and Communications regarding how SaveOnSP directly or indi-rectly affects or threatens the financial viability of CarePath, including Documents and Commu-nications regarding JJHCS's allegations in Complaint ¶ 114.

24.     All Documents and Communications regarding how SaveOnSP directly or indi-rectly affects or threatens the financial viability of any Copay Assistance Program other than Care-Path, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

25.     All Documents and Communications regarding any alleged harm caused by Save-OnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 110, 115.

26.     All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

27.     All Documents and Communications regarding the "internal JJHCS data" dis-cussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

28.     From January 1, 2009 through the present, for each Janssen Drug for each year, Documents sufficient to show:

a. all Patients receiving the Janssen Drug;

b. the number of fills of the Janssen Drug received by each such Patient;

c. the dosage of the Janssen Drug received by each such Patient for each fill;

d. the projected number of Patients, average number of fills, and average dosage for the Janssen Drug;

e. the cost to manufacture the Janssen Drug;

f. the sales and marketing budget for the Janssen Drug;

g. the price of the Janssen Drug;

h. the revenue received by JJHCS from the Janssen Drug;

i. all Patients enrolled in the CarePath program for the Janssen Drug;

j. the dates on which each Patient was enrolled in CarePath;

k. the amounts of copay assistance funds that JJHCS offered to each Patient enrolled in CarePath;

l. the Janssen Drugs for which each Patient enrolled in CarePath received copay assistance;

m. all copay assistance payments that JJHCS made to or on behalf each Patient enrolled in CarePath; and

29. From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a. JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

16

  b.  JJHCS's budget for CarePath, including the sales and marketing budget;

  c.  JJHCS's actual and projected annual costs for CarePath;

  d.  JJHCS's use of or accounting for unused CarePath funds;

  e.  the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

  f.  JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

  g.  the impact of CarePath on Janssen's sales of any Janssen Drug;

  h.  the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

  i.  JJHCS's or Janssen's actual and projected return on investment for CarePath; and

  j.  any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

30. From January 1, 2009 through the present, for each year for each Janssen Drug, all Documents and Communications regarding the basis for Janssen's decision to raise or lower the price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the Janssen Drug.

31. All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the

17

availability of CarePath copay assistance funds available to Patients enrolled in health plans ad-

vised by SaveOnSP.

32.     All Documents and Communications regarding any offer by JJHCS to provide to

any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath

Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance

funds available to a Patient.

33.     All Documents and Communications regarding JJHCS's attempts to identify health

plans advised by SaveOnSP or Patients enrolled in such plans.

34.     From any time, all Documents and Communications regarding JJHCS's or

Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the

services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee

Health Plans, including JJHCS's abandonment of those negotiations or agreements.

35.     Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coor-

dinators.

36.     From January 1, 2009 through the present, Documents sufficient to show the eco-

nomic terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care

Coordinator regarding CarePath, including any assessment of the fair market value of those ser-

vices.

37.     From January 1, 2009 through the present, documents sufficient to show the per-

centage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS

Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

38. From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

39. All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

40. All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

41. From January 1, 2015 through the present, all Documents and Communications relating to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's return on investment for copay assistance dollars.

42. From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

43. All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

44. To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

45. JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

46. Complete data dictionaries for any data that You produce.

19

47.     From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

48.     To the extent not requested above, from any time, all Documents and Communications upon which you may rely in this Action.

# Exhibit 15

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  November 17, 2023

By: */s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.      "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "All," "any," and "each" mean any and all.

9.      "And" and "or" are construed both conjunctively and disjunctively.

10.     "Archbow" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.     "Benefits Investigation" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

12.     "Best Price" is the lowest price available form the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

13.     "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

14.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

15.     "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

16.     "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.     "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.     "Express Scripts" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

19.     "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.     "Including" means including but not limited to.

21.     "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

6

or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc.,
Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.     "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all pre-
decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-
ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants,
and all persons or entities acting or purporting to act on behalf or under the control of Johnson &
Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil
Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals,
Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development,
LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc.,
Janssen BioPharma LLC, and Janssen Research & Development LLC.

23.     "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer,
in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors
and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,
agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all
persons or entities acting or purporting to act on behalf of such an entity.

24.     "Lash Group" means The Lash Group, Inc. and any and all predecessors and suc-
cessors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, rep-
resentatives, directors, officers, employees, committees, attorneys, accountants, and all persons or
entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

25.     "Maximizer" means copay maximizer service, including (a) any service provided
by Pharmacy Benefit Managers or insurance companies, or any third party providing services to
the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from

7

counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

26.     "Person" means a natural person or legal entity including any business or governmental entity or association.

27.     "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

28.     "Request" means any of these Requests for Production.

29.     "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

30.     "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

31.     "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

8

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

32.     "<u>You</u>" and "<u>Your</u>" means JJHCS.

## **INSTRUCTIONS**

1.     These Requests seek production of material in Your possession, custody, or control.

Fed. R. Civ. P. 34(a)(1).

2.     These Requests seek production of nonprivileged information. Fed. R. Civ.

P. 26(b)(1).

3.     These Requests seek production of material that is proportional to the needs of this

case. Fed. R. Civ. P. 26(b)(1).

4.     For each Request, either state that you will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P.

34(b)(2)(C).

5.     If you object to all or part of a Request, state whether you are withholding any

responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.     If you object to part of a Request, specify the part and state that you will produce

documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.     If you withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P.

26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information,

requested and stating, to the extent the privilege is being asserted in connection with a claim or

defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

9

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.      Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.      Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.      Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.      These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

63.     All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

64.     All Documents and Communications regarding ██████████████████ ████████████████████████████████████████ ARCHBOW_000219), ████████ ████████████████████████████████████████████. *See* ARCHBOW_000219.

65.     All Documents and Communications regarding ██████████████████ ████████████████████████ ARCHBOW_000241), ████████████████████ ██████████████████████████████ *See* ARCHBOW_000241.

66.     All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

67.     Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

68.     All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

69.     All Documents and Communications with or regarding ██████████████ ████████  *See* ARCHBOW_000103.

70.     All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

71.    Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay assistance payments and other provision of funds to patients for the purpose of internal reports, bookkeeping, internal or external financial reporting, including without limitation reporting for tax purposes or compliance with any other law, including without limitation whether JJHCS accounts for those payments as charity, charitable contributions, business expenses, rebates, discounts, marketing, or otherwise.

72.    All Documents and Communications regarding ███████████████████ ███████████████████████████████████████████████ ███████████████    *See* ARCHBOW_000438.

73.    All Documents and Communications ████████████████████ █████████████████████████████████████████████████. *See* ARCH-BOW_000306; ARCHBOW_000439.

74.    All Documents and Communications regarding ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████. *See* ARCHBOW_000440.

75.    All Documents and Communications ████████████████████ ███████████████████████████████████████████████ ████████████████████. *See* ARCHBOW_000443.

76.    All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one hand, and JJHCS or any Hub Entity, on the other hand.

**EXHIBITS 16-29**
**CONFIDENTIAL – FILED UNDER SEAL**