# Sills Cummis & Gross

A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400**
Tel: 973-643-7000
Fax: 973-643-6500

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

May 2, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:  **Opposition to SaveOnSP's April 18, 2024 Motion to Compel**
***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to Defendant Save On SP, LLC's ("SaveOnSP") April 18, 2024 letter motion to compel the production of documents purportedly relating to "Best Price."

SaveOnSP's motion consists of a grab-bag of disparate arguments. Some are hard to follow, and all are premised on tortured logic, if not outright errors of law. The gist, however, is simple: SaveOnSP argues that it should get documents about JJHCS's compliance with federal Best Price regulations, which govern Medicaid rebates, and in particular JJHCS's compliance with a proposed regulation that never went into effect. SaveOnSP's spurious relevance arguments are addressed below—but they are merely a smokescreen designed to conceal what SaveOnSP really

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 2

wants. Best Price documents are by definition all about the details of drug pricing. The documents SaveOnSP seeks here include detailed and highly sensitive government reports about every price, rebate, and discount on every formulation of every Janssen drug at issue, and internal documents regarding the same.

SaveOnSP has long made clear that it wishes to make this case a trial on the propriety of pharmaceutical pricing in America. As the Court's prior rulings have recognized, however, this case is not about Janssen drug pricing; it is about SaveOnSP's misappropriation of manufacturer-provided patient assistance funds. Accordingly, the Court repeatedly has denied SaveOnSP this discovery. *See, e.g.*, D.E. 192 at 24 ("[D]ocuments on pricing of Janssen drugs are [not] relevant to Plaintiff's claims or Defendant's defenses"); D.E. 264 at 2,7 ("I was not convinced that the documents related to year-to-year pricing of Janssen drugs are relevant . . . Nothing Defendant now raises convinces me to reconsider on this issue"). This latest motion is just another attempt to get at the same documents through a different pathway.

Even if the Court were to venture into the weeds of the Medicaid rebate regulatory scheme, the motion should be denied. SaveOnSP's primary argument is that JJHCS's Best Price reporting to the government is non-compliant with regulations, and contradicts its claims in this lawsuit. But SaveOnSP has misunderstood the relevant regulations and JJHCS documents—there is no contradiction. Regardless, SaveOnSP is not a private Attorney General. It is a self-described

████████████████████████████████████████████████████████████

to further its scheme to misappropriate patient assistance funds. The federal government, which closely polices drug manufacturer compliance with Best Price, has never suggested that JJHCS's

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 3

position in this lawsuit, which has been pending for years and highly publicized, presents any issues with JJHCS's Best Price submissions.  That is because it does not.

SaveOnSP next argues that all of JJHCS's attempts to enforce its terms and conditions against SaveOnSP and mitigate its damages stemming from SaveOnSP's scheme are really an elaborate ruse, somehow designed to engineer compliance with a Best Price regulation proposed in 2020 and anticipated to go into effect in 2023, but which was enjoined and never went into effect—as opposed to being motivated by SaveOnSP's conduct.  SaveOnSP contends that this somehow proves that JJHCS actually is helped and not damaged by SaveOnSP.  This is a confusing conspiracy theory for the ages.  But if JJHCS actually had any such documents relevant to this outlandish theory, it would already be producing them:  it has agreed to produce documents about SaveOnSP, about the entire history of the CarePath terms and conditions going back more than a decade, and about its attempts at mitigating the harm done by SaveOnSP.  SaveOnSP is not entitled to documents about Best Price regulations and submissions that have nothing to do with any relevant issue, and nothing to do with SaveOnSP.

SaveOnSP's final contention is that documents about JJHCS's reaction to the 2023 Best Price regulation when it was first proposed in 2020 will help further its laches defense by showing what JJHCS knew about SaveOnSP in 2017.  This argument defies time itself.  How JJHCS reacted to a 2020 proposed rule that was originally slated to go into effect in 2023 does not speak to what it knew in 2017.  But regardless, it is also wrong as a legal matter, because SaveOnSP's laches defense will fail in any event.  The claims at issue were timely filed under governing statutes of limitations.  And, once again, SaveOnSP does not need these documents to know what JJHCS

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 4

knew about SaveOnSP and when it knew it, because JJHCS is already producing documents that mention SaveOnSP from the files of more than twenty custodians.

There is one additional reason to deny this motion: SaveOnSP's position is not only disingenuous, it is also hypocritical. In pressing this motion, SaveOnSP now contends that compliance with government regulations about Best Price is "highly relevant." But SaveOnSP itself categorically refused to produce documents regarding its *own* compliance with different laws and regulations that actually *are* relevant (because they relate to the improper misappropriation of patient assistance funds and whether SaveOnSP has been outlawed in certain states). When JJHCS sought documents "relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs," i.e., jurisdictions that ban programs like SaveOnSP, SaveOnSP groused that JJHCS's request was "a blatant fishing expedition that seeks completely irrelevant documents," because "**compliance with these statutes has nothing to do with whether [SaveOnSP] induced patients to breach their contracts with JJHCS or whether it deceives the public.**" D.E. 66 at 7–8 (emphasis supplied); *see also* Mar. 17, 2023 Tr. at 20:8–16 (SaveOnSP's counsel arguing that compliance with "some other statute" is just "**completely tangential**." (emphasis supplied)). Judge Waldor sided with SaveOnSP, commenting, "I don't see the relevance at all. And it's too much." Mar. 17, 2023 Tr. at 23:1–3; *see also* D.E. 102, ¶ 3. JJHCS accepted that ruling and has never moved to clarify, reconsider, or relitigate it. The parties thus proceeded with the understanding that discovery would not be expanded into general regulatory compliance. Having won the ruling on scope that it sought, and shielded far more relevant documents about its own compliance from scrutiny, SaveOnSP cannot now—more than

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 5

a year later—put JJHCS's own compliance with an entirely irrelevant relevant regulatory scheme at issue.

## DISCUSSION

The Court should deny SaveOnSP's motion for four reasons. *First*, it is an improper attempt to revisit discovery about the pricing of Janssen drugs. *Second*, documents that relate solely to the Best Price Rule—but not other issues subject to discovery like SaveOnSP or the CAP program—are irrelevant. *Third*, while SaveOnSP does its best to muddy the waters on the document requests at issue, the bottom line is this: to the extent that a document touches on Best Price alongside other relevant topics, JJHCS has already agreed to produce it. SaveOnSP is entitled to nothing more. *Fourth*, SaveOnSP is wrong when it claims it is entitled to these documents to support a potential laches defense: its argument misconstrues both the facts and the legal framework that would govern such a defense.

## I. SaveOnSP's Motion Is an Improper Attempt to Revisit Pricing-Related Discovery

The Best Price Rule is part of a regulatory scheme intended to ensure that Medicaid gets the benefit of the lowest prices that drug manufacturers offer in the marketplace. It does so by requiring manufacturers to (i) disclose to the government certain pricing concessions that they offer in the market, and (ii) provide rebates to Medicaid that result in Medicaid getting the net "Best Price." *See PhRMA v. Becerra*, 2022 WL 1551924, at *1 (D.D.C. May 17, 2022). Discovery about "Best Price" is therefore, by definition, discovery about the pricing of Janssen drugs.

For example, SaveOnSP's Request No. 79 seeks "[a]ll Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug." SaveOnSP Ex. 13.

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 6

These Quarterly Reports to the government include, for each drug, the average manufacturer price[1]

and the Best Price.[2]  42 C.F.R. § 447.510(a).  In simple terms, these reports contain within them

the details on every relevant price, discount, and rebate that JJHCS or Janssen offers in the

marketplace to a vast array of defined market participants.

     As noted above, Your Honor previously concluded that "documents on pricing of Janssen

drugs are [not] relevant to Plaintiff's claims or Defendant's defenses" because "the sales and

profitability of Janssen drugs is not a justification for Defendant's tortious conduct."  D.E. 192 at

24.  Accordingly, Your Honor rejected three document requests seeking the prices of Janssen

drugs.  *Id*.  Your Honor's rulings on this issue are in accord with two prior rulings from Judge

Waldor.  *See, e.g.*, Oct. 30, 2023 Tr. at 52:16–20, 54:25–55:1; Mar. 17, 2023 Tr. at 34:1–10

(declining to compel compliance with an "awfully broad" request for pricing-related documents).

These rulings are dispositive here because SaveOnSP is seeking the very same pricing information.

This motion is nothing more than the proverbial old wine in new bottles.

     SaveOnSP insists that it is innocent of any such intent to evade the Court's orders.  It says

that it does not seek pricing data, but "only communications and documents that will allow it to

test J&J's repeated accusations that SaveOn has been 'diverting' J&J's copay assistance funds."

Mot. at 6.  Therefore, it argues "[t]his motion is not about how J&J sets prices; it is about whether

---

[1] Defined as "the average price paid to the manufacturer for the drug in the United States by
wholesalers for drugs distributed to retail community pharmacies and retail community pharmacies
that purchase drugs directly from the manufacturer."  42 C.F.R. § 447.504.

[2] Defined as "the lowest price available from the manufacturer during the rebate period to any
wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental
entity in the United States in any pricing structure (including capitated payments) in the same
quarter for which the [average manufacturer price] is computed."  42 C.F.R. § 447.505(a).

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 7

J&J actually believes that any of its copay assistance funds flow to SaveOn." *Id.* This is nonsensical. Request 79 on its face seeks pricing data. Moreover, there is no dispute that SaveOnSP engages in that diversion. SaveOnSP already admitted ten months ago that it helps itself and its partners to ***hundreds of millions of dollars per year*** of JJHCS's patient assistance funds. *See* D.E. 109 [Patient List Joint Letter] at 7 ("JJHCS's proposed action [to use discovery information to exclude patients in SaveOnSP from CarePath] would cost SaveOnSP tens of millions of dollars per year and would cost the employers who are SaveOnSP's clients over a hundred million dollars per year."). And so there is simply nothing to "test" here. SaveOnSP does not dispute that it makes money by taking copay patient assistance funds for the benefit of itself and its partners. The only question is whether this undisputed conduct is legal or constitutes either tortious interference with contract or a violation of New York General Business Law § 349.

All else aside, if JJHCS actually had documents stating that it thinks SaveOnSP is not diverting its patient assistance funds—the counterfactual scenario that SaveOnSP posits—then those documents will be produced, because JJHCS is producing documents relating to SaveOnSP from more than twenty custodians, as set forth below. Documents relating to pricing of Janssen drugs alone, however, are as irrelevant in the Best Price context as they were in any other.

II.   **SaveOnSP's Argument to Compel the Production of Best Price Rule-Related Documents Depends on Errors of Law and Fact**

SaveOnSP posits that it is entitled to take discovery on issues related to the Best Price Rule because JJHCS has made "contradictory representations" in this litigation and in regulatory filings made with the Department of Health and Human Services ("HHS"). Mot. at 5. Not even close. SaveOnSP's identification of alleged "contradictory representations" is rooted in

7

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 8

misunderstandings of the law and the facts.  In any event, the accuracy of JJHCS's regulatory submissions is not an issue in this case, which turns solely on tortious conduct by SaveOnSP.

### A.  SaveOnSP Misconstrues the Best Price Regulatory Scheme

SaveOnSP argues that JJHCS was required under the Best Price regulatory scheme to include copay assistance dollars in its calculation of Best Price if it had any suggestion that some of that money was being diverted "to a plan, PBM, accumulator, or maximizer."  Mot. at 7. Accordingly, to avoid having a lower Best Price, and therefore higher Medicaid rebate obligations, SaveOnSP posits that JJHCS "decided to be willfully blind to the effect of SaveOn or similar companies on its copay assistance funds."  Mot. at 8.

SaveOnSP is flat wrong, as shown by the very regulatory history that it cites.  The relevant facts are undisputed.  In 2020, HHS proposed an amendment to the Best Price Rule—what SaveOnSP's motion refers to as the "2023 Best Price Rule"—that would for the first time have included copay assistance payments in the calculation of Best Price, unless "the manufacturer ensures the full value of the assistance or benefit is passed on to the consumer or patient."  *Revising Medicaid Drug Rebate and Third Party Liability Requirements,* 85 Fed. Reg. 37286, 37298 (June 19, 2020).  This proposed amendment was a significant change from the existing regulatory scheme, to which SaveOnSP refers as the "2016 Best Price Rule."  The proposed 2023 Best Price Rule was controversial and was soon challenged in federal district court.

Two aspects of that litigation are pertinent here.  First, the court determined whether the 2023 Best Price Rule constituted a change from the requirements under the 2016 Best Price Rule. From the time HHS proposed the 2023 Best Price Rule, there was debate regarding the preexisting obligations of manufacturers under the 2016 Best Price Rule.  *See PhRMA*, 2022 WL 1551924, at

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 9

*4.  HHS contended that under the 2016 Best Price Rule, manufacturers "ha[d] a duty to include

in their best price calculations the effects of accumulator adjustment programs," and that the 2023

Best Price Rule merely clarified this existing requirement.  *Id.*; *see also Establishing Minimum*

*Standards in Medicaid State Drug Utilization Review*, 85 Fed. Reg 87000, 87052 (Dec. 31, 2020).

Manufacturers had always understood their obligations under the 2016 Best Price Rule differently.

Because manufacturers are "not aware of when [the use of accumulators or maximizers] by the

health plans take[s] place," drug manufacturers understood the 2016 Best Price Rule did not

require them to include copay assistance payments in the calculation of Best Price, so long as they

intended that all copay assistance go to patients.  *Establishing Minimum Standards in Medicaid*

*State Drug Utilization Review*, 85 Fed. Reg 87000, 87048–049; *see also* PhRMA Br. (D.E. 26-1),

*PhRMA v. Becerra*, No. 21-cv-1395 (D.D.C. Jan. 4, 2022), at 25 ("[HHS] itself thus has recognized

that, when a manufacturer provides a rebate or benefit to a non-Best-Price-eligible purchaser, the

manufacturer's intent is what matters").  The court sided with the manufacturers, explaining that

the 2023 Best Price Rule "imposes new regulatory requirements on manufacturers" to "ensure that

the full value of the [copay] assistance stays with the patient."  *PhRMA*, 2022 WL 1551924, at *4

(quotation marks omitted).

       Second, the court had to determine whether the 2023 Best Price Rule should be allowed to

take effect.  In the course of interposing various legal challenges, manufacturers pointed out that

it made little sense to include copay assistance in the calculation of Best Price because it was

money intended to help patients, not to reduce the prices at which drugs were being sold in the

marketplace.  *See* PhRMA Reply Br. (D.E. 34), *PhRMA v. Becerra*, No. 21-cv-1395 (D.D.C. Mar.

7, 2022), at 6–11 (explaining that "manufacturer assistance to patients . . . is not part of the

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 10

consideration for any sale transaction with a health plan for a manufacturer's drug," meaning that it is not part of the "price" under the ordinary meaning of the word "price"). Including copay assistance in Best Price calculations would create perverse incentives for manufacturers to stop helping patients. *Id*. at 22–23. And manufacturers pointed out that they had no ability to ensure that the full value of copay assistance was passed onto patients, because external actors could misappropriate such funds without the manufacturer's knowledge and without an opportunity for the manufacturer to intervene. *Id*. at 16–18.

Again, the court ruled in favor of the manufacturers. Before the "2023 Best Price Rule" ever went into effect, the court vacated and set aside the proposed amendment as inconsistent with the text of the operative statute. *See PhRMA*, 2022 WL 1551924, at \*35 (noting that the Rule "would make the calculation of the best price turn on information often in the sole possession of commercial health insurers. Under the proposed rule, manufacturers would need to conduct transaction-by-transaction investigations into the operations of accumulator adjustment programs even though manufacturers have no control over (and sometimes no information concerning) those programs.").

And so, fatally for SaveOnSP's motion, the "2023 Best Price Rule" is not—and will never be—the law. The court's decision also confirmed that the law never required manufacturers to include copay assistance in Best Price so long as they intended for patient assistance funds to be used by patients—as JJHCS always did. With that, the premise of SaveOnSP's motion falls apart.

SaveOnSP also argues that it "cannot be [simultaneously] true" that "SaveOn[SP] was diverting CarePath funds from patients" and that JJHCS accurately "certif[ied] to HHS that all its copay assistance funds go to patients." Mot. at 5. This is a fallacy. SaveOnSP already has

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 11

admitted to diverting millions of dollars from JJHCS's copay assistance program.  And under the

operative Best Price framework, JJHCS was never required to include copay assistance dollars in

Best Price or make any such certification, because it always intended CarePath funds to be for its

patients.

    B.   *SaveOnSP Misreads the Documents It Cites*

        SaveOnSP claims, based on citations to several documents, that JJHCS "appears to have

regularly certified to [HHS] that all its CarePath copay assistance funds go exclusively to patients"

while telling "the Court and Your Honor in this case that a portion of its copay assistance funds

flow to SaveOn."  Mot. at 3–4.  But each of the four JJHCS documents that SaveOnSP cites for

the proposition that JJHCS "appears to have regularly certified to [HHS] that all its CarePath copay

assistance funds go exclusively to patients" shows nothing of the kind.  ███████████████

██████████████████████████████████████████████

██████████████████████████████████████ They certainly do not certify to anyone

externally, let alone the government, that no bad actor like SaveOnSP is engaged in theft or

misappropriation.  Indeed, they all include this legend on each and every page:

            Confidential and proprietary for internal use only.

*See* SaveOnSP Ex. 7; SaveOnSP Ex. 8; SaveOnSP Ex. 9; SaveOnSP Ex. 10.

        Moreover, some of the "Program Checklists" cited by SaveOnSP do not involve CarePath

at all.  *See* SaveOnSP Ex. 9 at -5950, -5953 (describing ████████████████████

████████████████████████████████.  SaveOnSP does not, and

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 12

cannot, explain how an internal JJHCS document connected to a program that is completely unrelated to CarePath, and functions differently from CarePath, has any probative value as evidence of the representations that JJHCS makes to the government regarding CarePath.[3]

The Best Price regulatory scheme is detailed and highly specific, yet SaveOnSP does not cite any regulation requiring any submission or certification that is somehow contradicted by any position JJHCS has taken in this lawsuit.  Nor can it, because contrary to SaveOnSP's contention, the Best Price regulations do not require JJHCS to submit anything to the government in which it expressly states that "all its CarePath copay assistance funds go exclusively to patients."  Mot. at 3.  The regulation does not require JJHCS to make a certification regarding how CarePath functions; it simply requires JJHCS to calculate and submit certain pricing data to the government.  42 C.F.R § 447.510(a).  Because the Best Price regulations did not and do not require JJHCS to do so, JJHCS never made the representations to the government SaveOnSP posits that JJHCS made, and when JJHCS submitted pricing data to the government, it calculated that pricing data in accordance with all regulatory requirements.  These facts eviscerate the basis for SaveOnSP's motion.

---

[3] SaveOnSP also contends that JJHCS "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬."  Mot. at 3.  Not true.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

SaveOnSP Ex. 6 at -7510.  This is accurate:  despite its best efforts, JJHCS has no definitive way of knowing which patients are affected by SaveOnSP, thanks to SaveOnSP's painstaking efforts to evade detection by JJHCS and other drug manufacturers.  The risk that manufacturers could be penalized for evasive conduct by third parties is part of why a district court struck down the 2023 Best Price Rule.  *PhRMA*, 2022 WL 1551924, at *5 (holding that "[f]easibility concerns support th[e] conclusion" that the 2023 Best Price Rule is invalid).

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 13

### III. The Only Relevant Best Price-Related Documents Are Those Relating to the CAP Program, and JJHCS Already Has Agreed to Produce Them.

SaveOnSP has moved to compel the production of documents responsive to three document requests: Request Nos. 8, 70, and 79. Mot. at 2. In its motion, SaveOnSP seeks to reinvent these document requests entirely in a series of bullet points at pages 6 to 7, with descriptions that bear no reasonable relationship to the actual underlying Requests. But to the extent that SaveOnSP seeks relevant documents that do not relate exclusively to Janssen pricing or Best Price, and that instead also relate to relevant issues involving the CAP program or SaveOnSP, JJHCS is already running reasonable searches to identify and produce those documents. It should not be required to do more.

#### A. SaveOnSP's Motion to Compel on Request No. 79 Should be Denied

As set forth above, Request No. 79 sought JJHCS's Best Price submissions to the government. Notably, nowhere in SaveOnSP's submission does it provide a single justification or reason for why it needs those detailed government pricing submissions sought through Request No. 79, and JJHCS has set forth above why they are irrelevant. Accordingly, the motion to compel as to Request No. 79 should be denied.

#### B. SaveOnSP's Motion to Compel on Request No. 70 Should be Denied

Request No. 70 seeks: "All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath." *See* SaveOnSP Ex. 1 at 13. SaveOnSP claims that the never-effective 2023 Best Price Rule may have influenced JJHCS's behavior regarding SaveOnSP, including by causing

13

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 14

JJHCS to "for the first time, c[o]me up with its current interpretation of CarePath's terms and conditions," "develop[] the CAP Program" and "file[] this lawsuit."  Mot. at 8–9.

This argument fails for two reasons.  *First*, the suggestion that a non-implemented regulatory proposal was somehow what drove JJHCS to pursue SaveOnSP—a company that admits damaging JJHCS to the tune of hundreds of millions of dollars—is a fanciful fishing expedition.  If SaveOnSP were correct, JJHCS would surely have halted the CAP Program and dismissed this lawsuit after the 2023 Best Price Rule was permanently blocked in May 2022.  But JJHCS did nothing of the kind.  Instead, it has continued with the expense and burden of maintaining the CAP Program, and this litigation, even though the 2023 Best Price Rule no longer exists.  It has done so for the obvious reason that it seeks to recover damages for SaveOnSP's misconduct, and to put an end to the harm that SaveOnSP's scheme visits on JJHCS and the patients it serves.[4]

SaveOnSP's related contention that JJHCS's interpretation of the CarePath terms and conditions is a "made-for-litigation" position is also belied by JJHCS's most recent productions

---

[4] SaveOnSP distorts the factual record to argue that JJHCS pursued the CAP Program and this litigation solely because of the 2023 Best Price Rule.  For example, SaveOnSP claims "████████████████████████████████████████████████████████████████████████████████████████████████████.  Mot. at 9.  But ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, SaveOnSP Ex. 23. ████████████████████████████████████████████████████████████████████████████████████████████████  Another document it cites for this proposition does not mention the CarePath terms and conditions at all.  SaveOnSP Ex. 24. ████████████████████████████████████████████████████████████████████████████████████  SaveOnSP Ex. 17 at 7, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 15

(cited nowhere in SaveOnSP's current motion).  Mot. at 11.  JJHCS's documents regarding the

relevant terms and conditions going back to 2013—years before SaveOnSP or the 2023 Best Price

regulation even existed—and demonstrate its longstanding view that patient assistance is for

patients, not payors.  Ex. 1 at -4623 (JJHCS_00224591) ("████████████████████████████████

████████████████████████████).

Regardless, however, JJHCS already has agreed to produce non-privileged documents and

communications related to CAP, as well as similar efforts that may predate the CAP Program, for

the period April 1, 2016 to November 7, 2023.  *See* D.E. 192 at 26.  In other words, if a non-

privileged document addresses ***both*** a Best Price-related issue ***and*** CAP or other JJHCS efforts to

mitigate harm caused by SaveOnSP, JJHCS is producing it.  Indeed, SaveOnSP's citation of

documents related to the Best Price Rule ***and*** CAP demonstrate that the current search and

collection process works effectively to identify relevant documents.  But documents that relate

***only*** to the Best Price Rule are irrelevant, and JJHCS should not be ordered to produce them.

Nor is there a need for added search terms to capture CAP-related documents connected to

the Best Price Rule.  The Court has already dealt with the parameters of that CAP-related discovery

repeatedly.  As Your Honor knows, JJHCS now has many custodians, among them six "CAP"-

specific custodians.  JJHCS is also already producing documents related to "why [J&J] decided to

amend the [CarePath] terms in 2022."  Mot. at 10.  Indeed, after appearing before Your Honor on

April 3, JJHCS reached compromise with SaveOnSP on several new terms meant to capture

additional documents.  *See* Ex. 2 (Apr. 17, 2024 Ltr. from E. Wohlforth to Judge Wolfson).  And

when SaveOnSP has proposed reasonable additional terms related to JJHCS's terms and

conditions, JJHCS has agreed to run those as well.  *See* Ex. 3 (Apr. 23, 2024 Ltr. from J. Long to

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 16

E. Snow).  JJHCS also has agreed to run further mitigation-related searches to avoid motions practice.  *See* Ex. 4 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow).  In short, to the extent there is anything truly relevant in documents that also reference Best Price, other agreed-upon search terms or categories of discovery will capture those documents and SaveOnSP will have access to them.

### C.  *SaveOnSP's Motion to Compel on Request No. 8 Should be Denied*

JJHCS agreed long ago to produce documents from over twenty custodians regarding SaveOnSP in response to SaveOnSP's Request No. 8 (calling for "[a]ll Documents and Communications with or regarding SaveOnSP").  *See* Ex. 5 at 10 (JJHCS's R&Os to SaveOnSP's First Set of RFPs).  This Request has no connection to Best Price.  And again, relevant documents will not be withheld just because they happen to also include any content relating to Best Price.

### D.  *SaveOnSP's Recitation of Demands is Disconnected From the Requests Underlying its Motion and Should be Denied*

While citing only the three Requests addressed above, SaveOnSP sets forth an entirely different set of document requests in bullet points that purport to describe what it seeks to compel. Mot. at 6–7.  The Court should reject those demands because they are not reasonably related to what the RFPs at issue ask for.  The actual text of the Requests is set forth and addressed above. SaveOnSP cannot move to compel documents it never requested.

But even if the Court addresses the merits of SaveOnSP's demands, its wishlist either describes documents that it is already receiving, or documents that it is not entitled to.  For example, SaveOnSP argues, citing Request Nos. 8 and 70, that it seeks "documents sufficient to show" "the factual basis of all of J&J's statements to the Court in this litigation regarding SaveOn taking, seizing, pilfering, siphoning, diverting, and misappropriating copay assistance funds";  as well as "the factual basis of all of J&J's statements to the Court in this litigation regarding

16

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 17

SaveOn's services converting copay assistance funds into a manufacturer subsidy for SaveOn, Express Scripts, Accredo, and/or plans." Mot. at 6–7. That is not what Request Nos. 8 or 70 seek, and in any event, JJHCS is already producing from a long list of custodians the documents sought in Request No. 8, which calls for all documents regarding SaveOnSP.

Similarly, SaveOnSP demands documents showing JJHCS's communications with the government regarding "each patient that J&J or a vendor of J&J has identified as a member of a SaveOn-advised plan." *Id.* Again, that is not what these requests seek, and JJHCS would have no reason to make any such communications, because the Best Price regulations do not require it, but documents addressing SaveOnSP would nonetheless have been produced if they existed.

SaveOnSP's other demands are as misconceived as they are irrelevant to Request Nos. 8 and 70. SaveOnSP demands documents sufficient to show "the basis for J&J's assertions" to the government that "the full amount of J&J's copay assistance is passed to patients"—but as set forth above, there is no such requirement in the Best Price regulations. *Id.* SaveOnSP's demand for "documents sufficient to show J&J's evaluation" of whether SaveOnSP and similar companies "cause copayment assistance funds to be provided to any entities other than patients" is equally irrelevant because SaveOnSP admits that it does seize such funds. But regardless, any evaluation of SaveOnSP's role is nonetheless being produced already, because it is a document regarding SaveOnSP that is responsive to Request No. 8.

Finally, SaveOnSP demands "[a]ll communications or records of communications that discuss accumulators, maximizers, or SaveOn, with HHS, CMS, or other federal agencies, related to J&J's submission of Quarterly Best Price Reports." *Id.* Again, this is not what Request Nos. 8 or 70 address—it is an entirely new demand. But it is utterly irrelevant because Best Price reports

17

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 18

exclude and have always excluded copay assistance programs.  For the same reason, no additional custodians relating to Best Price submissions are merited, much less custodians outside of the named party (JJHCS) as demanded by SaveOnSP.  *Id.* at 7.

## IV.    Best Price Rule-Related Documents Are Irrelevant to SaveOnSP's Laches Defense

SaveOnSP is mistaken when it claims it is entitled to Best Price Rule documents to support its laches defense.  Mot. at 10.  SaveOnSP's hypothesis is that JJHCS had all the materials information that it needed to sue SaveOnSP in 2017 but decided not to act, entitling SaveOnSP to invoke the defense of laches.  To be clear, JJHCS disputes that it had material information about the SaveOnSP scheme in 2017.[5]  But even accepting that premise *arguendo*, there is still no reason why JJHCS documents related to a regulatory change proposed in 2020 and litigated until 2022 would have any bearing on JJHCS's knowledge of, or decision-making regarding, SaveOnSP in 2017.

SaveOnSP is also wrong on the law.  The case cited by SaveOnSP on this point—the only case cited in SaveOnSP's entire motion—does not support its argument.  *See* Mot. at 10 (citing *New Reflections Plastic Surgery, LLC v. Reflections Ctr.*, 2018 WL 6716105 (D.N.J. Dec. 20, 2018)).  *New Reflections* arose in the context of federal Lanham Act claims with no statute of

---

[5] SaveOnSP's support for this proposition is a ████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████  *See*  Ex.  6
(SOSP_0026532).  SaveOnSP has never provided any evidence that ████████████████
██████████████████, much less that they provided the basis for a lawsuit.  And while
SaveOnSP cites one of Your Honor's previous discovery rulings, Mot. at 10 (citing D.E. 192 at
14), Your Honor has made clear that you are not making merits findings.  *See* Apr. 3, 2024 Tr. at
148:1–149:3 ( "I would never do that and impose it on the judges that may have this case.").

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 19

limitations; in that specific circumstance, the doctrine of laches steps in to bar stale claims. *See* 2018 WL 6716105, at *6 (citing *Kaufhold v. Caifa*, 872 F. Supp. 2d 374, 379 (D.N.J. 2012)). Here, by contrast, there are statutes of limitations that apply to each of JJHCS's claims, and SaveOnSP does not dispute that JJHCS's claims were timely filed in accordance with them. That ends the inquiry, and with it, SaveOnSP's fishing expedition. *See, e.g.*, *Fox v. Millman*, 45 A.3d 332, 344 (N.J. 2012) ("To the extent that the trial and appellate courts understood . . . that an action at law otherwise governed by a statute of limitations can be barred by application of laches, they were in error"); *id* at 345 ("We see no reason to conclude that our regular, predictable, and uniform system of fixing timeliness through application of the statutes of limitations should be replaced with" the "chaotic and unpredictable patchwork" of laches). *See generally SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 580 U.S. 328, 335 (2017) ("Laches is a gap-filling doctrine, and where there is a statute of limitations, there is no gap to fill.").

## CONCLUSION

When SaveOnSP successfully resisted far more relevant discovery regarding its own compliance with directly relevant laws and regulations relating to copay assistance, it argued: "[A]t some point enough is enough. And this case needs to be about the actual claims that Johnson & Johnson brought." Mar. 17, 2023 Tr. at 20:23–25. That was more than a year ago. We agree with SaveOnSP on this much: the scope of discovery here needs to be about the merits of JJHCS's claims. SaveOnSP should not be rewarded for its transparent and endless attempts to burden JJHCS with irrelevant discovery demands—especially not on this motion, given the Court's unequivocal rejection of both pricing ***and*** regulatory compliance discovery.

For the foregoing reasons, Your Honor should deny SaveOnSP's April 18, 2024 motion.

Honorable Freda L. Wolfson, U.S.D.J.
May 2, 2024
Page 20

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:     Counsel of record for SaveOnSP

# EXHIBIT 1
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 2

# Robinson+Cole

E. Evans Wohlforth, Jr.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

April 17, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

Defendant Save On SP, LLC ("**SaveOn**") writes to confirm that it has met and conferred with Plaintiff Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "**J&J**") about SaveOn's requested search terms, as directed by Your Honor's May 10, 2024 Order, and that the parties have resolved their outstanding disputes as to those terms. A summary of the search terms that J&J has agreed to run is attached as Appendix 1.

*First*, J&J agreed to run SaveOn's TrialCard Statements of Work search term over Scott White's and Blaine Penkowski's documents.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                    Page 2

*Second*, J&J identified the names of the predecessor programs to CarePath, as directed by

Your Honor. J&J agreed to run SaveOn's modified T&Cs search term, which includes the names

of these predecessor programs, over Kimberly Wortman's and Kathi Chapman's documents.

*Third*, J&J agreed to run a modified search term over Blaine Penkowski's documents and

include responsive documents hitting on that term in a production in or around May 10.

*Fourth*, the parties agreed to use the "w/50" connector for the EHB and NEHB search term.

SaveOn reserves the right to ask J&J to run additional search terms if warranted; J&J has

objected to SaveOn's reservation of rights.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,


/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## Appendix 1

| TrialCard Statement of Work Term | Custodians: Scott White, Blasine Penkowski |
|---|---|
| | ("TrialCard" OR "Trial Card" OR TC) **AND** ((statement* /5 work) OR "SOW*" OR contract*) **AND** (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR "WithMe" OR (with w/2 me)) **AND** (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA OR EDURANT OR INTELENCE OR PONVORY). |
| **T&Cs Term** | **Custodians:** Kimberly Wortman, Kathi Chapman |
| | (CarePath OR "Savings Program" OR "Rebate Program" OR "Access Program" OR "copay assistance" OR Instant Savings Card OR YOU&I OR RemiStart OR AccessOne OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR SimponiOne OR Stelara OR Sylvant OR SylvantOne OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR ZytigaOne OR Invokana OR Xarelto OR Olysio OR Risperdal OR Invega) **w/50** ((term* w/3 condition) OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial") |
| **Penkowski Working Group Term** | **Custodian:** Blasine Penkowski |
| | ((brand* OR finance* OR SCG OR (strategic w/5 customer)) **w/25** ("working group" OR guidance OR respond* OR respons*) AND (accumulat* OR maximiz*) |

Hon. Freda L. Wolfson                                                    Page 4

| **EHB / NEHB Term** | **Custodians:** Quinton Kinne, Daphne Longbothum, William Shontz, L.D. Platt, John Hoffman, Alison Barklage |
| | |
| | ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) **W/50** ("CAPa" OR CAPm" OR "adjustment program" OR accumulat* OR maximiz*) |

# Exhibit 3



www.pbwt.com

April 23, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
          **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

　　　　We write in response to SaveOnSP's April 4, 2024 letter and further to JJHCS's March 4, 2024 letter concerning the scope of JJHCS's production obligations for terms and conditions issues.

**I.      Documents Relating To "Meaning" And "Enforcement" Of The Terms And Conditions**

　　　　As a threshold matter, you claim that Judge Wolfson directed that JJHCS to produce documents concerning the "[m]eaning" of the CarePath terms and conditions for the period April 1, 2016 to November 7, 2023.  Tellingly, however, you cite to a section of Judge Wolfson's February 6 Order that addresses discovery from the pre-2016 period.  *See* Apr. 4, 2024 Ltr. from E. Snow to J. Long at 1 (citing Dkt. No. 192 at 11).  Nowhere does Judge Wolfson's February 6, 2024 Order direct further discovery on this point from the later time period.  *See* Dkt. No. 192 at 10-14.  As you know, JJHCS already has produced documents relating to terms and conditions from this later time period.  To the extent additional documents concerning the meaning of JJHCS's terms and conditions hit on the parties' agreed-upon search terms, JJHCS will produce them.  Additional search terms are neither warranted nor directed in Judge Wolfson's order.

　　　　As to "enforcement" documents, SaveOnSP demands that JJHCS employ two search terms to identify documents "reflecting the company's enforcement instructions and policy" for the full April 1, 2016 to November 7, 2023 time period.  Again, SaveOnSP's request squarely intersects with its February 20 motion for clarification and/or reconsideration of various topics, including SaveOnSP's pending request that JJHCS review "[d]ocuments [r]elating to [a]ll [e]ligibility [c]riteria for CarePath's General T&Cs."  Feb. 20, 2024 Ltr. from E. Wohlforth to Hon. Wolfson at 3.

Elizabeth H. Snow, Esq.
April 23, 2024
Page 2

In the interest of compromise, JJHCS agrees to run the following term over the custodial files of Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh for the time period April 1, 2016 to November 7, 2023. JJHCS also agrees to run the same term over Debbie Kenworthy's custodial files for the time period June 1, 2023 to November 7, 2023.

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

JJHCS does not agree to run the following overbroad term over the same custodians and date range, but will agree to the below counterproposal. As SaveOnSP has acknowledged, "using an 'AND' instead of a proximity limiter . . . is problematic, for the reasons Judge Wolfson acknowledged at the last discovery conference." Apr. 18, 2024 Ltr. from A. Miner to K. Brisson at 1. There is no reason to employ different search logic here.

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (coupon* OR discount* OR "prescription savings card*" OR "free trial*") AND (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND (enforc* OR eligib* OR ineligib*)  21,795 documents (family inclusive) | ("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") /50 (accumulat* OR maximiz*) AND (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ("enforc*" OR "eligib*" OR "ineligib*")  2,425 documents (family inclusive) |

SaveOnSP's remaining term would require JJHCS to review all documents in which the term "other offer" appeared in the same document as "PrudentRx" or "OptumRx" (including variations thereof).[1] In its April 4 letter, SaveOnSP claims that these documents are relevant because "J&J's documents show that it considers SaveOn, PrudentRx, and OptumRx to offer similar services" and "J&J even considered suing all of these companies." Apr. 4, 2024 Ltr. from E. Snow to J. Long at 3.[2] This makes no sense and is wholly untethered from Judge Wolfson's February 6 Order. Far from seeking documents limited to JJHCS enforcement policies, SaveOnSP's proposed search string seeks documents about separate companies unrelated to

---

[1] SaveOnSP's requested term is: "other offer" AND ("Prudent" OR "Prudent Rx" OR "PrudentRx" OR "Optum" OR "Optum Rx" OR "OptumRx").

[2] JJHCS does not concede SaveOnSP inaccurate descriptions of the cited documents.

Elizabeth H. Snow, Esq.
April 23, 2024
Page 3

SaveOnSP that are not even part of this lawsuit and which SaveOnSP never requested at any point in the eleven months the parties litigated this issue. JJHCS declines to run these terms.

Finally, despite JJHCS's detailed explanation in its March 4, 2024 letter, SaveOnSP continues to insist on a production of "documents sufficient to show *the instances*" in which JJHCS "investigated, enforced, or contemplated enforcing" various CarePath eligibility standards. Apr. 4, 2024 Ltr. from E. Snow to J. Long at 2; Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3 (same). For the reasons stated in JJHCS's February 8, 15 and March 4 letters, this request is inconsistent with Judge Wolfson's order, and JJHCS will not produce "documents sufficient to show the instances" in which JJHCS:

- "investigated, enforced, or contemplated enforcing CarePath eligibility standards, including without limitation for patients on Medicare, Medicaid or other government-provided insurance, or patients ineligible due to their age";

- "investigated, enforced, or contemplated enforcing the General T&Cs for purported violations of (1) the 'other offer' provision on any basis; (2) the 'other offer' provision as to entities J&J considered 'maximizers' or 'accumulators' (including without limitation OptumRx and PrudentRx); and (3) the 'other offer' provision as to SaveOn"; and

- "investigated, enforced or contemplated enforcing the General T&Cs for violation of any of the 'other offer,' 'coupon,' 'discount,' 'prescription savings card' and 'free trial' provisions."

*See* Feb. 15, 2024 Ltr. from J. Greenbaum to Hon. Wolfson at 5; Feb. 8, 2024 Ltr. from J. Long to E. Snow at 2-3. JJHCS again offers to meet and confer with SaveOnSP, as we have offered to do on several occasions.

## II.     Stelara and Tremfya Terms and Conditions

SaveOnSP demands JJHCS run the following term for over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, Scott White, Blasine Penkowski, Savaria Harris, Jennifer DeCamara and Debbie Kenworthy for the time period **April 1, 2016 to November 7, 2023**. We can only assume that this was a typographical error. In SaveOnSP's prior correspondence, SaveOnSP requested a nearly identical term for the shorter time period of **January 1, 2021 to November 7, 2023**, which is the time period relevant to "'why Plaintiff decided to amend the [Stelara and Tremfya] terms in 2022.'" Feb. 21, 2024 Ltr. from E. Snow to J. Long at 3-4.

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND ((term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR WithMe))

Elizabeth H. Snow, Esq.
April 23, 2024
Page 4

Subject to SaveOnSP's agreement that this term should be run for the relevant period January 1, 2021 to November 7, 2023, JJHCS agrees to run this term over the custodial files of Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.  JJHCS also agrees to run this term over the custodial files of Debbie Kenworthy for the time period June 1, 2023 to November 7, 2023.  As to Ms. Harris and Ms. De Camara, consistent with the Court's February 6 and April 10 Orders, JJHCS agrees to run these search terms only over communications with third parties.  *See* Dkt. No. 192 at 14 n.8.

JJHCS does not agree to run these terms for Scott White and Blasine Penkowski who as high-ranking executives are subject to "very limited" discovery[3] and for whom the parties have just negotiated search terms in the last month—both before and after the Court's April 3 conference.

*       *       *

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[3] *See* Jan. 24 Tr. at 128:14-17.

15068449

# Exhibit 4

**Patterson Belknap**

www.pbwt.com

April 26, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

>        Re:    **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
>               *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
>               No. 2:22-cv-02632(JKS) (CLW)

Dear Elizabeth:

We write in response to your April 4, 2024 letter regarding SaveOnSP's Request Nos. 58-62, 68, 73, and 82 and in further to our letters of February 16 and February 28, 2024 on JJHCS's responses and objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.[1]

## I.    Request Nos. 68 and 82

SaveOnSP demands, in Request No. 68, that JJHCS search for and produce additional documents regarding work that Archbow did on behalf of JJHCS. Request No. 82 similarly demands a variety of documents and communications regarding work related to copay assistance programs undertaken by Avalere Health, a health care industry consulting firm, on behalf of JJHCS. To the extent these Requests call for a broader set of communications between JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including communications related to the Best Price Rule, JJHCS objects on relevance grounds. *See* Feb. 22, 2024 Ltr. from I. Eppler to H. Miles, at 4; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow, at 4.

In the interest of compromise, and while reserving all rights, JJHCS would agree to run the following search terms over, and produce responsive, non-privileged documents from, the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn

---

[1] We note SaveOnSP's nearly two-month lag in raising these issues since our meet and confer of February 8, 2024 and our further correspondence related to that conferral.

Elizabeth Snow, Esq.
April 26, 2024
Page 2


Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson for the period of April 1, 2016 through November 7, 2023, subject to SaveOnSP's agreement that this resolves JJHCS's discovery obligations with respect to these requests.

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

## II.   Request No. 73

JJHCS maintains its objection to Request No. 73, which demands "Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers" on the basis of both relevance and burden. As we explained in our February 28 letter, JJHCS has alleged that **SaveOnSP** has harmed members of the public in violation of GBL § 349 by, *inter alia*, "causing [patients] undue stress and confusion." Compl. ¶ 114. JJHCS will be able to prove this allegation at trial by demonstrating how **SaveOnSP** patients experienced undue stress and confusion at the hands of **SaveOnSP**, without reference to how patients may have hypothetically reacted to other accumulators or maximizers. It is irrelevant whether some patient at some time, may have "like[d] [a] compan[y] which provide[s] services similar to SaveOn." Feb. 28, 2024 Ltr. from I. Eppler to E. Snow (quoting Feb. 15, 2024 Ltr. from E. Snow to J. Long, at 6).

JJHCS also objects on the basis of relevance and burden to the extent that SaveOnSP demands that JJHCS to identify new custodians outside of JJHCS (in the "Janssen market research group") and run SaveOnSP's ten requested search terms over their custodial files. *See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 3. As an initial matter, SaveOnSP has prematurely resorted to motion practice on the issue of non-JJHCS custodians, so further negotiation on the issue is not possible. But even if SaveOnSP had not improperly sought the Court's intervention with respect to non-JJHCS discovery, JJHCS would not identify "Janssen market research" custodians and produce their documents. As we have repeatedly explained throughout this litigation, "JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath." Feb. 13, 2024 Ltr. from C. Zielinski to E. Snow at 1. Consistent with this position, we have opposed expansion of discovery to non-JJHCS entities when SaveOnSP has repeatedly attempted to litigate this issue, and JJHCS has repeatedly prevailed. *Id.* Judge Wolfson's orders have not opened the door for SaveOnSP to relitigate this issue once again. Accordingly, JJHCS will not run SaveOnSP's requested search terms in response to Request No. 73.

Elizabeth Snow, Esq.
April 26, 2024
Page 3

## III.    Request Nos. 58 and 59

These Requests call for a bevy of documents and communications related to benefits investigations. Request No. 58 demands "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP." Request No. 59 demands "all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan."

Notwithstanding the overbreadth of these requests, JJHCS asked its vendor TrialCard to produce "███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████ *See* JJHCS's Responses and Objections to SaveOnSP's Fourth Requests for Production at 6–7. Yet now SaveOnSP comes back for more, claiming that Request Nos. 58 and 59 require JJHCS to produce a variety of additional documents. Specifically, while "reserving rights to seek additional documents," SaveOnSP demands that JJHCS "prioritize the following narrowed categories of documents," including:

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- JJHCS's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

*See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 5.

It is unclear how some of these new requests are even fairly subsumed within Requests No. 58 and 59: for instance, SaveOnSP does not explain how "the budget given to TrialCard and RIS RX" is encompassed by a request for documents related to benefits investigations. *Id.* Nor can SaveOnSP square its renewed requests with the fact that SaveOnSP has now repeatedly lost motions to compel budget-related documents from JJHCS. *See* Apr. 25, 2024, at 5–6; Feb. 6, 2024 Order, at 19.

Elizabeth Snow, Esq.
April 26, 2024
Page 4

JJHCS is willing to offer a compromise proposal, subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise).  Under this proposal, JJHCS would run the following terms over the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Alison Barklage Quinton Kinne, William Shontz for the time period of April 1, 2016 to November 7, 2023.

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR "B.I.'s")

- (RIS OR RISRx) AND "BI" (*case sensitive*)

JJHCS would also run the following amended terms and produce responsive, non-privileged documents, again subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests:[2]

- (RIS OR RISRx) /50 (accumulator* OR maximizer*)[3]

- (RIS OR RISRx) /50 (identif*)[4]

**IV.     Request Nos. 61 and 62**

SaveOnSP's Requests 61 and 62 respectively demand "[a]ny patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath" and "[d]ocuments sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information

---

[2] These terms will be run with the same date range and custodian list as the other RISRx terms addressed in this letter.  JJHCS reiterates its objection to running these terms over the documents of Scott White and Blasine Penkowski, pursuant to the apex doctrine.

[3] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program").  SaveOnSP's proposed term returns 24,783 documents (inclusive of families) and JJHCS objects to it as unduly burdensome.

[4] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: (RIS OR RISRx OR TrialCard) AND (budget* OR identif*).  SaveOnSP's proposed term returns 53,511 documents and JJHCS objects to it as unduly burdensome.

Elizabeth Snow, Esq.
April 26, 2024
Page 5

available." As JJHCS previously explained, these Requests call for irrelevant information. *See* Jan. 2, 2024 Ltr. from J. Long to E. Snow.

JJHCS has also previously explained that it objects to producing data in response to Request No. 61 because it is vastly overbroad: by demanding "patient information or data provided by Accredo or ESI to JJHCS," it sweeps in a variety of information completely unrelated to the benefits investigation process. Jan. 2, 2024 Ltr. from J. Long to E. Snow, at 2–3. SaveOnSP contends that the data could have been used to "identify individuals on accumulator, maximizer, or SaveOn-advised plans." Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 6. That reasoning, even if true, has no relationship to JJHCS's primary objection to Request 61: the overwhelming burden associated with its overbreadth. Moreover, as SaveOnSP will observe after JJHCS produces final, executed data-sharing agreements with Accredo and ESI by May 10, 2024, these agreements impose sharp limitations on JJHCS's ability to use the data it obtained. These use limitations undermine SaveOnSP's theory that JJHCS could have used data it received from ESI or Accredo in order to identify individuals enrolled in the SaveOnSP program.

As to Request 62, SaveOnSP claims that documents concerning "any negotiations between JJHCS and Accredo or ESI . . . are relevant to whether JJHCS "could have asked to purchase data from Accredo that would identify patients on accumulator, maximizer, or SaveOn-advised plans . . . as part of its mitigation efforts." Apr. 4, 2024 Ltr. from E. Snow to J. Long at 6. As we explained when we addressed this very Request months ago, "any documents concerning any underlying negotiations would not provide further relevant information." Jan. 2, 2024 Ltr. from J. Long to E. Snow at 3. JJHCS will produce final, executed data-sharing contracts by May 10, 2024. We invite you to meet and confer if, after reviewing those contracts, you still have questions.

Very truly yours,

Ian Eppler

# Exhibit 5

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## <u>GENERAL OBJECTIONS</u>

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.        JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## **OBJECTIONS TO DEFINITIONS**

1.        JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2. JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3. JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4. JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

**OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS**

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

5

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 3

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

## Response to Request No. 3

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 4

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

## Response to Request No. 4

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

7

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 5**

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

**Response to Request No. 5**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 6**

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of the drug product team for each Janssen Drug, and to identify
employees working on those teams.

**Response to Request No. 6**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product

team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 7**

From January 1, 2009 through the present, documents sufficient to identify all natural
persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

**Response to Request No. 7**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

10

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise

search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

12

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

13

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period. JJHCS

further objects to this Request to the extent it seeks documents and communications in the

possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show all final versions of CarePath's terms and conditions for each

Janssen Drug during the relevant Time Period, to the extent such documents exist and can be

located after a reasonable search. Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

14

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 15**

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

**Response to Request No. 15**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 16

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

## Response to Request No. 16

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 17.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

18

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS or that are publicly available and therefore equally available to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 21**

All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

**Response to Request No. 21**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's advocacy to or communication with any governmental or regulatory body regarding SaveOnSP as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

19

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 22**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 22**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous.  For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn."  JJHCS further objects to this Request to

23

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100.  Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

**Request No. 28**

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.     all Patients receiving the Janssen Drug;

b.     the number of fills of the Janssen Drug received by each such Patient;

c.     the dosage of the Janssen Drug received by each such Patient for each fill;

d.     the projected number of Patients, average number of fills, and average dosage for the Janssen Drug;

e.     the cost to manufacture the Janssen Drug;

f.     the sales and marketing budget for the Janssen Drug;

g.     the price of the Janssen Drug;

h.     the revenue received by JJHCS from the Janssen Drug;

i.     all Patients enrolled in the CarePath program for the Janssen Drug;

j.     the dates on which each Patient was enrolled in CarePath;

k.     the amounts of copay assistance funds that JJHCS offered to each Patient enrolled in CarePath;

l.     the Janssen Drugs for which each Patient enrolled in CarePath received copay assistance;

m.     all copay assistance payments that JJHCS made to or on behalf each Patient enrolled in CarePath; and

24

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

25

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**Response to Request No. 29**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

      Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

**Request No. 30**

      From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

**Response to Request No. 30**

      In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs.  JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous.  JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 31**

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

**Response to Request No. 31**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search.  JJHCS will not otherwise search for or produce documents and

communications responsive to this Request.

### Request No. 32

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

### Response to Request No. 32

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise

would have.  JJHCS further objects to this Request on the ground that the phrases "CarePath

funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive

any limitation on or elimination of the amount of CarePath copay assistance funds available" are

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks "all" documents and

communications regarding a broad subject matter.  JJHCS further objects to this Request to the

extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this

Request.

### Request No. 33

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

### Response to Request No. 33

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 34

From any time, all Documents and Communications regarding JJHCS's or Janssen's
negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of
any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health
Plans, including JJHCS's abandonment of those negotiations or agreements.

## Response to Request No. 34

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

30

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request on the ground that "any assessment of the fair market value of those services" is irrelevant. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession between JJHCS and the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrase

"Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub

Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 38**

From January 1, 2009 through the present, all Documents and Communications received
by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding
SaveOnSP or CarePath.

**Response to Request No. 38**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

CarePath without relation to SaveOnSP.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period.  JJHCS

further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons

stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

34

**Response to Request No. 40**

      In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

      Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 41**

      From January 1, 2015 through the present, all Documents and Communications relating
to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's
return on investment for copay assistance dollars.

**Response to Request No. 41**

      In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"Copay Accumulator Services and Copay Accumulator Services" and information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request on the ground that the phrase

"JJHCS's return on investment for copay assistance dollars" is vague and ambiguous.  JJHCS

further objects to this Request as overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 43**

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

**Response to Request No. 43**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 48**

To the extent not requested above, from any time, all Documents and Communications upon which you may rely in this Action.

**Response to Request No. 48**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications upon which you may rely in this Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

40

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications upon which it intends to rely at trial in compliance with the schedule set by

the Court.  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

Dated: December 12, 2022

> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey 07102
> (973) 643-7000
>
> By:      /s/Jeffrey J. Greenbaum
>          JEFFREY J. GREENBAUM
>          KATHERINE M. LIEB
>
>
> PATTERSON BELKNAP WEBB & TYLER LLP
> Adeel A. Mangi
> Harry Sandick (admitted *pro hac vice*)
> George LoBiondo
> 1133 Avenue of the Americas
> New York, New York 10036
> (212) 336-2000
>
> *Attorneys for Plaintiff*
> *Johnson & Johnson Health Care Systems Inc.*

# EXHIBIT 6
# CONFIDENTIAL – FILED UNDER SEAL