# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

April 22, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

   Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
     **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

   On behalf of Save On SP LLC ("**SaveOn**"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc. ("**JJHCS**," and, with its affiliates, "**J&J**") to search for and produce documents responsive to SaveOn's document requests from custodians and non-custodial sources of the following J&J entities: **Janssen Biotech, Inc.**, **Janssen Pharmaceuticals, Inc.**, **Janssen Scientific Affairs, LLC**, **Janssen Therapeutics**, **Actelion Pharmaceuticals US, Inc.**, **Janssen Immunology**, **Janssen Products, L.P.**, and **Janssen Global Services, LLC** (the "**Janssen Entities**").

   Overwhelming evidence shows that these entities have information relevant to this case. Relevant information is that which is "reasonably calculated to lead to the discovery of admissible

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

evidence." *Pearson Educ., Inc. v. Chegg, Inc.*, No. CV 21-16866, 2023 WL 3775317, at *4 (D.N.J. June 2, 2023). Despite this broad definition of relevance, and the overwhelming evidence that Janssen Entities have relevant material, J&J continues to assert that JJHCS is the only "relevant" J&J entity and refuses to search outside of JJHCS. *See, e.g.*, Ex. 1 (JJHCS's Responses & Objections to SaveOn's First through Sixth Sets of Requests for Production) ("JJHCS objects to the definition of [several terms] to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS" and "JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS."); *see also* Ex. 2 (Feb. 13, 2024 Ltr. from C. Zielinksi to E. Snow) at 1 ("JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath."). The parties are thus at impasse.

## I.      The Janssen Entities Were Heavily Involved in Topics Central to This Litigation

Discovery confirms that individuals working for or with Janssen—the J&J company that makes and sells the specialty drugs at issue in this case—were involved with Janssen CarePath ("**CarePath**"), J&J's program designed to entice patients into purchasing more of those drugs. The Court recognized, for example, that the Janssen Americas Leadership Team ("**JALT**") made decisions regarding CarePath, June 27, 2023 Hr'g at 97:10-25, and Your Honor compelled J&J to designate Scott White, a member of the JALT who is not a JJHCS employee, as a custodian because of his involvement with CarePath. Dkt. 192 at 28, 30; Jan. 24, 2024 Hr'g at 128:22-129:12.

This motion focuses on evidence that multiple entities within Janssen—the Janssen Entities—have relevant information including on (1) CarePath's terms and conditions ("**T&Cs**"); (2) J&J's mitigation of its purported damages; and (3) J&J's allegations of patient harm.

### A.    The Janssen Entities Were Involved in Proposing and Implementing Changes to CarePath's Terms and Conditions

J&J brings a claim that SaveOn allegedly induces patients to breach CarePath's T&Cs. Compl. ¶ 109. A key issue is whether patients in fact breached those T&Cs. Your Honor held that the T&Cs, especially the "other offer" provision that J&J put at issue, are central to this case, (Jan. 24, 2024 Hr'g at 4:15-17), and compelled J&J to produce documents relating to the drafting, meaning, and enforcement of the T&Cs. *See* Dkt. 192 at 11-14.

Janssen Entities employees were involved in editing CarePath's T&Cs. As far back as August 2013, for example, ████████████████████████████████████████████

████████████████████████████ Ex. 3 at -166 (JJHCS_00225165). ████████████████

████████████████████████████████████████████████████████

████████████████████████████████ ▪ ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████. Ex. 5 at -841, -842, -844 (JJHCS_00195841, JJHCS_00195842, JJHCS_00195844) (emphasis added). The following year, a ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████" Ex. 6 at -001 (JJHCS_00196999).

---

[1] Ex. 4 (JJHCS_00157137).

Janssen Entities employees were also involved in implementing new T&Cs. For instance,



. Ex. 10 (JJHCS_00130492). **Janssen Biotech, Inc.**'s brand is also included in ████████████

. Ex. 11 (JJHCS_00119169).

Other documents show ████████████████████████

. Ex. 12 (JJHCS_00139616)

Ex. 13 at 8 (JJHCS_00002710) (

Ex. 14 at 5 (JJHCS_00002555) (explaining the meaning of a new ████████████

(emphasis added)).

---

[2] **Janssen Pharmaceuticals, Inc.** is involved in the development and manufacture of Janssen drugs. *See, e.g.*, Ex. 7 at -830 (JJHCS_00060829) (████████████████████████

████████████████████). It also

████████████████ Ex. 8 at -163 (JJHCS_00051161) ('█

████████████ (emphasis added)). Exhibit 8 includes just JJHCS_00051161, which is part of a larger family.

[3] Ex. 9 at -710 (JJHCS_00130710).

One of these ████████ indicates that, in ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ Ex. 14 at 4 (JJHCS_00002555). J&J's failure to apply these

changes to the T&Cs governing all the drugs at issue is highly relevant to J&J's failure to mitigate

its purported damages.

### B. The Janssen Entities Helped Develop and Execute J&J's CAP Program and Other Efforts to Respond to SaveOn and Similar Companies

J&J's purported damages are based on its allegation that SaveOn made J&J pay out more

in copay assistance funds than it otherwise would. Compl. ¶ 5, 23, 110, 115. A key issue is thus

whether J&J mitigated these purported damages, and if so, to what extent. Judge Waldor and Your

Honor ordered J&J to produce documents relevant to these efforts. Dkt. 171 at 88:9-10, 93:21-23;

Dkt. 173 at 2; Dkt. 192 at 14, 26, 29. One of J&J's primary efforts to respond to SaveOn and

companies that J&J believed were similar to it was J&J's CAP Program, designed (among other

things) to better understand copay accumulators and maximizers, identify members of SOSP-ad-

vised plans or of so-called accumulators and maximizers, and reduce the amount of money Care-

Path sent to those members. Dkt. 192 at 25.

Discovery shows that the Janssen Entities worked on these efforts.

*First*, the Janssen Entities studied copay accumulators and maximizers and were involved in the CAP program. In 2017, when J&J had learned about SaveOn,



Ex. 16 at -274-75 (JJHCS_00221274).

. Ex. 17 (JJHCS_00169034)

); Ex. 18 (JJHCS_00169417)

The Janssen Entities also

Ex. 19 (JJHCS_00141620) (

---

4 Ex. 15 (JJHCS_00002688) (**Janssen Biotech, Inc.**). Your Honor rejected J&J's argument that so-called brand employees, like Karen Lade, were not involved in the administration of CarePath. Dkt. 192 at 29.

5 IQVIA Inc. is a third party that provides healthcare research services to the life sciences industry. *See IQVIA Inc*, BLOOMBERG, https://www.bloomberg.com/profile/company/RX:US (last visited April 21, 2024).

██████████████"); Ex. 20 at -420, -421 (JJHCS_00132407, JJHCS_00132419)[6] (██████████

███████████████████████████████████████████████████████████

██████████████████████ ████████); Ex. 23 (JJHCS_00026527) (████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████").

**Janssen Global Services, LLC** also ████████████████████████████████████████

████████████, Ex. 25 at -356 (JJHCS_00011355), the vendor that administers CarePath and

worked on the CAP Program, Def.'s Mot. to Compel at 2-5, Apr. 19, 2024.

    *Second*, Janssen Entities employees discussed and explained their findings about maximiz-

ers and accumulators in numerous presentations. Ex. 26 (JJHCS_00168501) (████████████████

███████████████████████████████████ ██ ███████ ███████ ████████

████████████████████████████████); Ex. 27 (JJHCS_00002700)

("████████████████████████████████████████████████████████████

████████████████████████████████); Ex. 28 (JJHCS_00142263)

---

[6] Exhibit 20 includes just JJHCS_00132407 and JJHCS_00132419, which are part of a larger family.

[7] Silas Martin, Mike Ingham, and Kay Sadik at **Janssen Scientific Affairs, LLC**. Ex. 21 at 1, 15 (JJHCS_00167845) ████████████████████████████████████████████████ (emphasis added)); Ex. 22 (JJHCS_00132305) (Silas Martin).

[8] Ex. 24 (JJHCS_00171928).

[9] *See supra* n.7 (**Janssen Scientific Affairs, LLC**).

[10] *See id.* (**Janssen Scientific Affairs, LLC**).



(███████████████████████████████████████████████████████████████████ ██

███████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ ”). ████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████   ████████  ███   ███  ███  █  ██████   ████████  *See* Ex. 29 at -665

(JJHCS_00139659); *see also* Ex. 30 (JJHCS_00119279) (███████████████████

██████████████████████████████████████████████████████). The

Janssen Entities also developed and used talking points to explain accumulators and maximizers

to healthcare providers. *See* Ex. 31 (JJHCS_00027774, JJHCS_00027776)[12] (███████████████

███████████████████████████████████████████████████████████████████████

██████████).

Third, Janssen Entities employees helped to develop and execute several approaches for

J&J to respond to maximizers and accumulators. ██████████████████████████████

████████████ ██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████ Ex. 34

(JJHCS_00130245) at -252. Employees of the Janssen Entities discussed several different strate-

---

[11] *See supra* n.8.

[12] Ex 31 includes just JJHCS_00027774 and JJHCS_00027776, which are part of a larger family.

[13] Michelle Barnard at **Janssen Pharmaceuticals, Inc.**, Ex. 32 (JJHCS_00162523); Mitch Akright
at **Janssen Immunology**, Ex. 33 (JJHCS_00145337).

gies to counter maximizers and accumulators. Ex. 35 (JJHCS_00132624) (



Ex. 37 (JJHCS_00159025) (

); Ex. 38 (JJHCS_00159199) (

); Ex. 47 (JJHCS_00001340) (

);

Ex. 49 (JJHCS_00119847) (

).

---

[14] Silas Martin at **Janssen Scientific Affairs, LLC**, *see supra* n.7, Elizabeth Kreul-Starr at **Janssen Biotech, Inc.**, Ex. 36 (JJHCS_00045073).

[15] Audrey Walker at **Janssen Pharmaceuticals, Inc.**, Ex. 39 at -494 (JJHCS_00130492); Walid Tahir at **Janssen Immunology**, Ex. 40 (JJHCS_00194218); and Matthew Saggese, Camille Dorsey, Cecelia Trybus, Jane Frechette, Kassandra Cruz, Lauren Hahn, and Tracey Atwood at **Janssen Biotech, Inc.**, Ex. 41 at -853 (JJHCS_00181853) (Saggese); Ex. 42 at -534-35 (JJHCS_00073533) (Dorsey); Ex. 43 at -843 (JJHCS_00157843) (Trybus); *supra* n.3 (Frechette); Ex. 44 at -173 (JJHCS_00120170) (Cruz); Ex. 45 at -302 (JJHCS_00182302) (Hahn); Ex. 46 at -445-46 (JJHCS_00183445) (Atwood).

[16] Ex. 48 (JJHCS_00001317).

[17] Thao Marzullo at **Janssen Immunology**, Ex. 50 (JJHCS_00210377).

*Fourth*, the Janssen Entities were involved in planning and analyzing J&J's strategy of lowering the maximum copay assistance benefit available for Stelara and Tremfya patients; developing timelines and procedures for the change; analyzing how it would benefit J&J's bottom-line; and considering how patients would react. Ex. 30 (JJHCS_00119279) at -282, -285 (███████ ████████████████████████████████████████████████████████████████████████████ Ex. 27 at 8-9, 11-13 (JJHCS_00002700) (███████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ Ex. 51 at -648-49 (JJHCS_00002647) (███████████████████████████████████ █ ███████████ █████████████████████████████████████████████████████ ).

*Fifth*, Janssen Entities employees monitored, identified, and responded to J&J's roll out of the Stelara and Tremfya T&Cs changes. Janssen Entities employees[19] were involved in a bi-weekly meeting monitoring the progress of the CAP program in 2022. Ex. 55 (JJHCS_00159266) (███████ ██████████████████████████████. Several email chains show that ███████████████ ████████████████████████████████████████████████████████████████████████████. For instance, █████████████████████████████████████████████████████████████ ████████████████████████████████████████, Ex. 56 at -736 (JJHCS_00118732) ("████ 

---

[18] *See* Ex. 52 (JJHCS_00114498) (showing ███████████████████████████████████ ███████) *contra* Ex. 24 (JJHCS_00171928) (showing ███████████████████████████ ████████████

[19] William Stone and Claudia Adomah at **Janssen Biotech, Inc.**, Ex. 53 (JJHCS_00110039) at -042, Ex. 54 (JJHCS_00182937).



"), a

s, *id.* at -733-735 ("

In later emails,

Ex XX at -664 (JJHCS_00002662) ("

"); Ex. 57 at -969 (JJHCS_00034969) ("                                            .").

*Finally*, Janssen Entities employees were involved in responding to SaveOn through this litigation. Ex. 58 (JJHCS_00184466) (

); Ex. 59 (JJHCS_00219908) (                                                                  ); Ex. 24 at -928 (JJHCS_00171928)

").

## C.     Janssen J&J Entities Assessed and Discussed Alleged Patient Harm

In its GBL claim, J&J alleges that SaveOn harms the public by, among other things, pur-portedly causing patients stress and confusion. Compl. ¶ 114. The Court cited this supposed public

---

[20] *See also* Matthew Saggese at **Janssen Biotech, Inc.**, *supra* n.15.

[21] Matthew Saggese and Camille Dorsey at **Janssen Biotech, Inc.**, *see supra* n.15.

harm in denying SaveOn's motion to dismiss that claim. Dkt. 68 at 13. SaveOn disputes this as-sertion and is entitled to discover what if any basis J&J had for this claim. In fact, discovery shows that the Janssen Entities were involved in analyzing purported patient harm caused by SaveOn, accumulators, and maximizers.

*First,* in 2020 and 2021,



. Ex. 60 at -917 (JJHCS_00132917) (

); Ex. 62 at -685 (JJHCS_00132685) (

(emphasis added)); Ex. 63 (JJHCS_00132701) (

); Ex. 64 (JJHCS_00132736) (

); Ex. 10 at -492 (JJHCS_00132492) (

---

[22] *See* Ex. 26 (JJHCS_00168501) (Doherty).

[23] Mike Ingham, Silas Martin, and Robert A. Bailey at **Janssen Scientific Affairs, LLC**, *see supra* n.7 (Ingham and Martin); Ex. 61 (JJHCS_00132955) (Bailey).

[24] Kay Sadik, Mike Ingham, and Silas Martin at **Janssen Scientific Affairs, LLC**, *see supra* n.7.

[25] **Janssen Scientific Affairs, LLC**, *see supra* n.7.

██████████████████████████████████████████████████████████████

████████████████████████████████ ”); Ex. 65 at -950 (JJHCS_00132950) (“█████

██████████████████████████████████████████████████████████████

████████ ████████ ████████████████████ ████████ (emphasis added)); Ex. 66 at -933

(JJHCS_00132931) (██████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████ (emphasis added)).

*Second*, Janssen Entities employees internally discussed the findings of this research.

Ex. 67 at -340, -342 (JJHCS_00132340, JJHCS_00132341) (███████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████ ); Ex. 68 at -936 (JJHCS_00132936) (███████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████ ); Ex. 69 at 6-8 (JJHCS_00041211, JJHCS_00041212) █████████████

██████████████████████████████████████ █████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████ ); Ex. 29 at -665 (JJHCS_00139659) (███████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

───────────────────

[26] *See supra* n.8.



*Third*, the Janssen Entities were involved in drafting and publishing reports of their findings about supposed patient harm caused by maximizers or accumulators. Exs. 70, 71 (JJHCS_00167968, JJHCS_00169178) (

); Ex. 72 (JJHCS_00162661) (

); Ex. 74 (JJHCS_00170333) (

); Ex. 75 at -392 (JJHCS_00168391) (

---

[27] Mike Ingham, Silas Martin, Bridget Doherty, and Neeta Tandon at **Janssen Scientific Affairs, LLC**, *see supra* n.7 (Ingham and Martin); n.22 (Doherty); Ex. 73 (JJHCS_00132693) (Tandon).

[28] *See supra* n.7.

████████████████████████████████████████████████████████

██████████████████████████████████████████████ ").

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████ Ex. 76 at -018 (JJHCS_00224012).[29]

*Finally,* Janssen Entities employees developed strategies to engage ████████████████

████████████████████████████████████ and convince them of the patient harm

that they allege in this litigation. Ex. 77 at -150, -154 (JJHCS_00133148, JJHCS_00133152)[30]

(██████████████████████████████ ████████ ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ ").

---

[29] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████ . *Id.* at -012.

[30] Exhibit 77 includes just JJHCS_00133148 and JJHCS_00133152, which are part of a larger family.

[31] Mike Ingham, Kay Sadik, Silas Martin, and Bridget Doherty at **Janssen Scientific Affairs, LLC**, *see supra* n. 7 (Sadik, Ingham and Martin), n.22 (Doherty).

## II.        J&J Must Search for and Produce Relevant Discovery from the Janssen Entities

J&J does not dispute that it has legal possession, custody, or control of information and

documents at the Janssen Entities. *See* Fed. R. Civ. P. 34(a)(1) (parties must search for and produce

relevant discovery within their possession, custody, or control); *Mercy Cath. Med. Ctr. V. Thomp-*

*son*, 380 F.3d 142, 160 (3d Cir. 2004) ("In the context of Fed. R. Civ. P. 34(a), so long as the party

has the legal right or ability to obtain the documents from another source upon demand, that party

is deemed to have control.").

Given the Janssen Entities' extensive involvement in matters at issue in this case, J&J could

not readily deny that control. *See, e.g.*, *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138

F.R.D. 438, 440, 442-43 (D.N.J. 1991) (finding subsidiary controlled parent company's documents

where subsidiary obtained documents from parent related to transaction at issue and parent was

substantially involved in transaction); *Davis v. Gamesa Tech. Corp.*, No. CIV. A. 08-4536, 2009

WL 3473391, at *5–6 (E.D. Pa. Oct. 20, 2009) (finding company controlled sister company's doc-

uments where two entities shared a parent, there "was a free flow of information and documents"

between the two, and sister company was involved in making decisions about the product at issue);

*Jordan v. Sw. Energy Co.*, No. 3:20-CV-414, 2022 WL 16964003, at *5 (M.D. Pa. Nov. 16, 2022)

(finding company controlled subsidiary's documents where two companies shared offices, had a

"closely intertwined working relationship," their "financial dealings [were] intimately related,"

and "they play[ed] closely coordinated and overseen roles" in transactions at issue).

J&J also has control of documents at the Janssen Entities as a practical matter—when the

Court or Your Honor has ordered J&J to produce information from J&J entities other than JJHCS,

J&J has done so. *See* Dkt. 127 ("Plaintiff shall conduct a further investigation regarding non-

JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding

the CarePath program, and shall supplement its interrogatory responses, as appropriate."); Dkt.

131 at 89:14 ("clearly Janssen's involved"); *id.* at 96:20-97:3 ("What matters to me is this is what I would call a simple request, and that is to go to Janssen to figure out any way you can."); *id.* at 98:24-100:3 ("If you're going to say you are not going out of Johnson Health Systems, you can't say that. That's not a good answer."); Dkt. 173 (compelling J&J to add six of seven proposed "CAP custodians"); Ex. 78 at 2 (Nov. 28, 2023 Ltr. from J. Long to M. Nelson) (J&J agreeing to add CAP custodians including non-JJHCS J&J employees John Hoffman, L.D. Platt, and Alison Barklage); Dkt. 192 at 14, 28-29 (compelling J&J to add non-JJHCS custodians Scott White, Karen Lade, Savaria Harris, and Jennifer De Camara); *id.* at 14 ("The parties shall meet and confer on a new set of search terms to adequately vet documents in the possession of Plaintiff or ***any of the J&J entities responsible*** for drafting the Stelara & Tremfya T&Cs." (emphasis added)); *id.* at 11 ("Regardless [of] whether this is a standard term, [SaveOn] is permitted to seek documents that [J&J] has in its possession which could shed light on what [J&J] and/or ***other J&J entities*** believed 'other offer' meant, particularly since this term was included in the relevant agreements." (emphasis added)); *see, e.g.,* Exs. 79-81 (JJHCS_00162691, JJHCS_00184656, JJHCS_00220679) (███████████████████████████████████████████).

Despite this, J&J continues to assert that JJHCS is the only "relevant" J&J entity. *See, e.g.,* Ex. 2 (Feb. 13, 2024 Ltr. from C. Zielinksi to E. Snow) at 1 ("The answer is no. We restate our position, held throughout this litigation, that JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath.").

J&J's position is not tenable. In responding to SaveOn's discovery requests, J&J had to reasonably investigate documents and information within its control. *See Fendi Adele v. Filene's Basement, Inc.*, No. 06 CIV. 244RMBMHD, 2009 WL 855955, at *8 (S.D.N.Y. Mar. 24, 2009) ("It should not require reiteration that litigants have an obligation, when discovery is sought from

them, to make reasonable efforts to locate responsive documents."). Yet in the face of clear evidence showing non-JJHCS entities' involvement, J&J simply refuses to investigate or produce information from outside of JJHCS unless compelled to do so. As one glaring example, J&J objected to adding Karen Lade at **Janssen Biotech, Inc.**[32] as a custodian, asserting that she was not involved in "JJHCS's response to the SaveOnSP Program," Ex. 82 at 6 (Sept. 11, 2023 Ltr.), and that "brand" employees like Lade "do not work on or make decisions regarding patient co-pay assistance programs," Dkt. 165 at 20. Observing that "the documents speak for themselves," Your Honor found that, in fact, "Lade was involved early on in [J&J's] formulation of a response to maximizer and accumulator programs" and compelled J&J to add Lade. Dkt. 192 at 29.

As a result of J&J's conduct, SaveOn cannot be sure of which non-JJHCS employees should be custodians. In refusing to add Lade, for example, J&J asserted that she "provided some information to other JJHCS personnel who did work on CarePath," Dkt. 122 at 11, and that there "is no reason to believe that she would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program," Jan. 4, 2024 Opp. at 6. As Your Honor found, however, Lade authored original documents concerning SaveOn that were forwarded to JJHCS employees by mere "happenstance." Jan. 24, 2024 Hr'g at 131:6-10 ("[T]hat's happenstance, that it ended up being forwarded to someone. She authored an e-mail, and if it's relevant - - and she's authoring a lot of documents. I don't know why she would not be a custodian to search if it's relevant material."). Because it has been forced to follow breadcrumbs like this email to uncover relevant non-JJHCS custodians, SaveOn cannot know how many other employees of the Janssen Entities have relevant documents.

---

[32] *See supra* n.4.

SaveOn is even more hamstrung in identifying non-custodial sources of documents outside of JJHCS, like shared drives, SharePoint, and databases. J&J has flatly refused to search any such sources outside of JJHCS. To identify these sources, there are fewer if any breadcrumbs to follow: While individuals might have forwarded emails from non-JJHCS employees to current custodians, they are much less likely to refer to shared drives or databases in emails that might have found their way into J&J's limited production. Without a full accounting of non-custodial sources, SaveOn cannot know what types of non-custodial documents J&J is withholding.

J&J's obstruction must end. Your Honor should compel J&J to identify custodians and non-custodial sources at the Janssen Entities that are likely to have documents responsive to SaveOn's document requests and to search for and produce documents from those sources.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.     JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.     JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.       JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.       JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

### OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS

1.       JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

**Response to Request No. 1**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 2**

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

**Response to Request No. 2**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 5**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to identify employees working in those groups.

**Response to Request No. 5**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 6

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

## Response to Request No. 6

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 7

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

## Response to Request No. 7

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

10

documents that are irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

14

question. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 15

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

## Response to Request No. 15

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

18

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS or that are publicly available and therefore equally available to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 21**

All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

**Response to Request No. 21**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's advocacy to or communication with any governmental or regulatory body regarding SaveOnSP as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

19

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 22

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

## Response to Request No. 22

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about the

financial viability of any Copay Assistance Program other than CarePath.  JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous.  For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

22

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "payment of any Patient's costs, including those that accumulate towards

the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks "all" documents and communications regarding a broad subject

matter. JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS. JJHCS further objects to this

Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's

Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter and seeks

"complete databases from which [] data was drawn." JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100.  Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

<u>**Request No. 28**</u>

From January 1, 2009 through the present, for each Janssen Drug for each year, Documents sufficient to show:

a.      all Patients receiving the Janssen Drug;

b.      the number of fills of the Janssen Drug received by each such Patient;

c.      the dosage of the Janssen Drug received by each such Patient for each fill;

d.      the projected number of Patients, average number of fills, and average dosage for the Janssen Drug;

e.      the cost to manufacture the Janssen Drug;

f.      the sales and marketing budget for the Janssen Drug;

g.      the price of the Janssen Drug;

h.      the revenue received by JJHCS from the Janssen Drug;

i.      all Patients enrolled in the CarePath program for the Janssen Drug;

j.      the dates on which each Patient was enrolled in CarePath;

k.      the amounts of copay assistance funds that JJHCS offered to each Patient enrolled in CarePath;

l.      the Janssen Drugs for which each Patient enrolled in CarePath received copay assistance;

m.      all copay assistance payments that JJHCS made to or on behalf each Patient enrolled in CarePath; and

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.  JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

25

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**Response to Request No. 29**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period. JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

## Request No. 30

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

## Response to Request No. 30

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs. JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous. JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

## Request No. 31

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

## Response to Request No. 31

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and communications in its possession relating to JJHCS's decision to limit or eliminate the amount of copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search.  JJHCS will not otherwise search for or produce documents and

communications responsive to this Request.

### Request No. 32

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

### Response to Request No. 32

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise

would have.  JJHCS further objects to this Request on the ground that the phrases "CarePath

funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive

any limitation on or elimination of the amount of CarePath copay assistance funds available" are

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks "all" documents and

communications regarding a broad subject matter.  JJHCS further objects to this Request to the

extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this

Request.

### Request No. 33

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

### Response to Request No. 33

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 34

From any time, all Documents and Communications regarding JJHCS's or Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's abandonment of those negotiations or agreements.

## Response to Request No. 34

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about other "services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

## Request No. 35

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

## Response to Request No. 35

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 36

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

## Response to Request No. 36

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request on the ground that "any assessment of the fair market value of those services" is irrelevant. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession between JJHCS and the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs. JJHCS further objects to this Request on the ground that the phrase "Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 38

From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

### Response to Request No. 38

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about CarePath without relation to SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent

33

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating
to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's
return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"Copay Accumulator Services and Copay Accumulator Services" and information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request on the ground that the phrase

"JJHCS's return on investment for copay assistance dollars" is vague and ambiguous. JJHCS

further objects to this Request as overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 42**

From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**Response to Request No. 42**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

### Request No. 43

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

### Response to Request No. 43

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 46

Complete data dictionaries for any data that You produce.

### Response to Request No. 46

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request. JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

### Request No. 47

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

### Response to Request No. 47

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-

party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 48**

To the extent not requested above, from any time, all Documents and Communications
upon which you may rely in this Action.

**Response to Request No. 48**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications upon which you may rely in this

Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

40

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications upon which it intends to rely at trial in compliance with the schedule set by

the Court.  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
         JEFFREY J. GREENBAUM
         KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

14425583

**GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

14425583

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9. JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10. JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11. JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12. JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13. JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1. JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2. JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

3

include attorneys and accountants who may be outside of JJHCS's possession, custody, and

control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not

proportional to the needs of the case to extent it purports to include "any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or]

representatives" or purports to include entities and persons acting or purporting to act on behalf

of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.,

including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil

Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech,

Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals,

Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and

Janssen Research & Development LLC.

3.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and

as irrelevant to the extent it purports to include entities other than those responsible for

administering CarePath during the relevant Time Period.  JJHCS further objects to the

definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it includes "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants and all persons or entities acting or purporting to

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

4.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

4

burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 49

All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

### Response to Request No. 49

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show (i) final versions of reports received by JJHCS from external

vendors in response to JJHCS's request that they analyze CarePath enrollment and claims data to

assess whether it is possible to identify individuals enrolled in SaveOnSP; and (ii) JJHCS's

internal analyses to assess whether it is possible to identify individuals enrolled in accumulator

or maximizer programs generally. JJHCS will further produce documents sufficient to show any

attempts to enforce CarePath's terms and conditions against those individuals to the extent that

any such documents exist. Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

Dated: July 24, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
          JEFFREY J. GREENBAUM
          KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

14425583

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** |

14447128

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.  JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.  JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.     JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.     JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.     JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.     JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.     JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.     JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.     JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.     JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.     JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

3

include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after July 1, 2022.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 50**

All Documents and Communications regarding the development of Stelara withMe, including the decision to create the Stelara withMe program.

**Response to Request No. 50**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

4

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents outside of the

relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show why JJHCS decided to create Stelara withMe.  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

### Request No. 51

All Documents and Communications regarding all Stelara withMe terms and conditions, including between Patients and Care Coordinators and including Documents and Communications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have applied to Stelara; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any terms and conditions that apply or have applied to Stelara; and (c) JJHCS's understanding of any terms regarding maximizers as used in terms and conditions that apply or have applied to Stelara.

### Response to Request No. 51

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome,

5

14447128

and not proportional to the needs of the case to the extent it seeks documents outside of the

relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the terms and conditions of Stelara withMe.  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

### Request No. 52

All Documents and Communications regarding JJHCS's determination of the amounts of
copay assistance funds that JJHCS offers to patients enrolled in Stelara withMe, including
determination of the maximum program benefit per year, the algorithm used to identify Patients
on maximizer programs, and the CAP Program.

### Response to Request No. 52

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this request as duplicative of RFP Nos. 29 and

49.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the maximum amounts of co-pay assistance offered to patients

14447128

enrolled in Stelara withMe. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 53**

All Documents and Communications regarding the development of Tremfya withMe, including the decision to create Tremfya withMe.

**Response to Request No. 53**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to demonstrate why JJHCS decided to create Tremfya withMe. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 54**

All Documents and Communications regarding all Tremfya withMe terms and conditions, including between Patients and Care Coordinators and including Documents and Communications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have applied to Tremfya; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any terms and conditions that apply or have applied to Tremfya; and (c) JJHCS's understanding of any terms regarding maximizers as used in the terms and conditions that apply or have applied to Tremfya.

14447128

**Response to Request No. 54**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the terms and conditions of Tremfya withMe. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 55**

All Documents and Communications regarding JJHCS's determination of the amounts of copay assistance funds that JJHCS offers to patients enrolled in Tremfya withMe, including determination of the maximum program benefit per year, the algorithm used to identify Patients on maximizer programs, and the CAP program.

**Response to Request No. 55**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment

8

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this request as duplicative of RFP Nos. 29 and 49. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the maximum amounts of co-pay assistance offered to patients enrolled in Tremfya withMe.

**Request No. 56**

All Documents and Communications regarding the development of Janssen Compass, including the decision to create the Janssen Compass program.

**Response to Request No. 56**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

9

Janssen Compass is irrelevant to this Action for the reasons stated in our letter of August 28, 2023. JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 57**

All Documents and Communications regarding Janssen Compass and CarePath, SaveOnSP, maximizers, or accumulators, including any Communications by any Janssen Compass Care Navigator with any Patient, and FAQs, talk tracks, or scripts prepared for use during those Communications.

**Response to Request No. 57**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this request as duplicative of RFP No. 9.

Janssen Compass is irrelevant to this Action for the reasons stated in our letter of August 28, 2023. JJHCS will not search for or produce documents responsive to this Request.

Dated: August 28, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

14447128

By:   /s/Jeffrey J. Greenbaum         
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

11

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.  JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.  JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.       JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.       JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.       JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.       JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.       JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.       JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9. JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10. JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11. JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12. JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13. JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1. JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous and construes this phrase to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service. JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in

which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

2.     JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3.     JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and

4

as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and

not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April

1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 58**

All documents or communications related to Benefits Investigations undertaken by
JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person
enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

**Response to Request No. 58**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court,

and relevant case law.  JJHCS further objects to this Request to the extent it uses the terms

"Benefits Investigations," "JJHCS," and "JJHCS Hub Entity" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents

outside of the relevant Time Period.

6

Subject to the foregoing objections, JJHCS will ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 59

To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

## Response to Request No. 59

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "Benefits Investigations," "JJHCS," and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to SaveOnSP. JJHCS further objects to this Request as duplicative of Request No. 58.

7

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 60

Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data.

## Response to Request No. 60

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data during the relevant Time Period, to the extent that such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 61

Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub

Entity regarding Persons enrolled in CarePath.

**Response to Request No. 61**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "any" information or data regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks "patient information or data . . . regarding Persons enrolled in CarePath" that is unrelated to Benefits Investigations. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. To the extent that documents responsive to this Request are also responsive to prior Requests for Production from JJHCS or TrialCard, subject to prior objections and those presented here, JJHCS and TrialCard have already agreed to produce those documents from the relevant Time Period. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 62**

Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available

9

in such data.

**Response to Request No. 62**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "any" negotiations regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information related to "negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data" that is unrelated to Benefits Investigations. JJHCS further objects to this Request on the ground that the phrase "show any negotiations engaged in . . . to obtain data" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce those responsive documents from the relevant Time Period. Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

Dated: November 20, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
         JEFFREY J. GREENBAUM
         KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1. JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2. JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond

or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of

the Court, the Court's orders, the discovery schedule entered in this Action, or any other

applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of

documents or things that are equally available to or already in SaveOnSP's possession, custody,

or control.  To the extent that JJHCS agrees in these responses to produce certain documents,

information, or things, these responses shall not be construed as conceding that the documents,

information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead,

it means that JJHCS will perform a reasonable search for documents in its possession and

produce such documents, information, or things to the extent any responsive documents,

information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or

information that is obtainable from sources other than JJHCS in a manner that is more

convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of

documents, records, tangible things, or other materials to the extent that such disclosure would

violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or

ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it

in providing a response.  JJHCS responds to the Requests as it interprets and understands each

Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

**OBJECTIONS TO DEFINITIONS**

1.      JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

3

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2.    JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.  JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

3.    JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

4.    JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad,

unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

5.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.     JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

7. JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1. JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023. Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 63

All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

### Response to Request No. 63

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS objects to

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to JJHCS's efforts to provide copay assistance funds to patients and unrelated to the CarePath program (and the "withMe" programs). JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications related to "efforts to directly reimburse patients for out-of-pocket costs" that are unrelated to SaveOnSP. JJHCS further objects to this request as duplicative of Request Nos. 26 and 28; in response to those Requests, subject to objections made thereto, JJHCS already has produced data regarding payments to patients to reimburse them for their out-of-pocket costs.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 64**

All Documents and Communications regarding ████████████████████
████████████████████████████████████████████████████. *See*
ARCHBOW_000219.

**Response to Request No. 64**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications that are exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to

Definitions.  JJHCS further objects to this Request as irrelevant to any claim or defense in this

Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS

further objects to this Request to the extent it seeks documents and communications in the

possession of entities other than JJHCS.  JJHCS further objects to this Request as duplicative of

Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to

Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55.  To the extent that documents or communications

responsive to this Request are also responsive to prior Requests for Production, JJHCS has

already agreed to produce responsive, non-privileged documents, subject to prior objections and

those presented here, including but not limited to those documents related to the CAP Program,

consistent with the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS

will not search for or produce documents responsive to this Request.

**Request No. 65**

     All Documents and Communications regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* ARCHBOW_000241.

**Response to Request No. 65**

     In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications that are exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to

Definitions.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.  JJHCS further objects to this

Request as duplicative of Request Nos. 8, 31, 33, 49, 64, and 66.

     Subject to the foregoing objections, JJHCS incorporates by reference its responses to

Request Nos. 8, 31, 33, 49, 64, and 66.  To the extent that documents responsive to this Request

are also responsive to prior Requests for Production, JJHCS has already agreed to produce those

documents from the relevant Time Period, subject to JJHCS's prior objections and those

presented here.  JJHCS will update its production pursuant to the Court's November 7, 2023

Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

**Request No. 66**

All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

**Response to Request No. 66**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP, Express Scripts, or Accredo. JJHCS further objects to this Request as duplicative of Request Nos. 8, 31, 33, 49, 64 and 65.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request Nos. 8, 31, 33, 49, 64 and 65. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period subject to JJHCS's prior objections. JJHCS will update its production pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 67**

Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

**Response to Request No. 67**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Janssen" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and information that is unrelated to the CarePath program and any withMe programs.  JJHCS further objects to this Request as duplicative of Request Nos. 26 and 28; in response to those Requests, JJHCS already has produced data regarding payments to patients.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28.  *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick.  To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here.  JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 68**

All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

**Response to Request No. 68**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks documents and communications between JJHCS and Archbow that are unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections and to objections to other Requests, JJHCS has already agreed to produce responsive, non-privileged documents that relate to SaveOnSP, including those documents related to the CAP Program consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 69**

All Documents and Communications with or regarding ████████████████████
*See* ARCHBOW_000103.

**Response to Request No. 69**

In addition to the foregoing general objections, JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request No. 8.  To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce responsive, non-privileged documents, including those related to the CAP Program, consistent with the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 70**

All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

**Response to Request No. 70**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action.  JJHCS further objects

13

to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Best Price" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 71**

Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay assistance payments and other provision of funds to patients for the purpose of internal reports, bookkeeping, internal or external financial reporting, including without limitation reporting for tax purposes or compliance with any other law, including without limitation whether JJHCS accounts for those payments as charity, charitable contributions, business expenses, rebates, discounts, marketing, or otherwise.

**Response to Request No. 71**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 72**

All Documents and Communications regarding ███████████████████████
████████████████████████████████████████████
██████████████████. *See* ARCHBOW_000438.

14

**Response to Request No. 72**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 68.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 73**

All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow. *See* ARCHBOW_000306; ARCHBOW_000439.

**Response to Request No. 73**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP and the CarePath program and any withMe programs.

15

JJHCS further objects to this Request to the extent it seeks information that is exempt from

discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request

as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it uses the terms "Archbow" and "Janssen" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents

and communications in the possession of entities other than JJHCS.  JJHCS further objects to

this Request as duplicative of Request Nos. 20, 41, 42 and 68.

Subject to the foregoing objections, to the extent that documents responsive to this

Request are also responsive to prior Requests for Production, JJHCS has already agreed to

produce those documents from the relevant Time Period, subject to JJHCS's prior objections.

JJHCS will update its production of responsive, non-privileged documents to those Requests

pursuant to the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will

not search for or produce documents or communications responsive to this Request.

## Request No. 74

All Documents and Communications regarding the funds that JJHCS provides to patients
taking Janssen Drugs (including without limitation CarePath funds and any other funds)
compared to the revenue that Janssen receives from the sales of Janssen Drugs, including without
limitations discussions with Archbow.  *See* ARCHBOW_000440.

## Response to Request No. 74

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all documents and communications" regarding a broad

subject matter.  JJHCS further objects to this Request as irrelevant to the extent that it seeks

information unrelated to SaveOnSP and unrelated to the CarePath program and any withMe

programs.  JJHCS further objects to this Request to the extent it seeks information that is exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the terms "JJHCS," "Janssen," and "Archbow" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.  JJHCS further

objects to this Request as duplicative of Request Nos. 29 and 41.  JJHCS also objects to this

Request to the extent that it seeks documents that the Court specifically declined to order JJHCS

to produce on March 17 and October 30, 2023.

JJHCS will not search for or produce documents or communications responsive to this

Request.

## Request No. 75

All Documents and Communications with entities other than JJHCS regarding the above-
captioned lawsuit or any potential lawsuit against SaveOnSP, including without limitation
discussions with Archbow. *See* ARCHBOW_000443.

## Response to Request No. 75

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all documents and communications" regarding a broad

subject matter.  JJHCS further objects to this Request to the extent it seeks information that is

exempt from discovery and protected from disclosure by any privilege, including without

limitation the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure,

the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as

17

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents

and communications in the possession of entities other than JJHCS.  JJHCS further objects to

this Request as duplicative of Request No. 8.

 Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request No. 8.  To the extent that documents responsive to this Request are also responsive to

prior Requests for Production, JJHCS has already agreed to produce those documents from the

relevant Time Period, subject to JJHCS's prior objections and those objections presented here.

JJHCS will update its production pursuant to the Court's November 7, 2023 Order.  (*See* Dkt.

No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

## Request No. 76

 All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one
hand, and JJHCS or any Hub Entity, on the other hand.

## Response to Request No. 76

 In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all" recordings regarding a broad subject matter.  JJHCS

further objects to this Request to the extent it seeks information that is exempt from discovery

and protected from disclosure by any privilege.  JJHCS further objects to this Request as unduly

burdensome because it requires JJHCS to identify recordings of calls without the benefit of

identifying information—specifically, all names (including the many pseudonyms and false

claims of affiliation with various health plans, insurance companies and pharmacies made by

SaveOnSP) and phone numbers used by SaveOnSP employees who called JJHCS and its

affiliates—that SaveOnSP has not provided.  JJHCS further objects to this Request to the extent

it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections

to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents or communications responsive to this

Request.

Dated: December 18, 2023

> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey 07102
> (973) 643-7000
>
> By:    /s/Jeffrey J. Greenbaum
> JEFFREY J. GREENBAUM
> KATHERINE M. LIEB
>
>
> PATTERSON BELKNAP WEBB & TYLER LLP
> Adeel A. Mangi
> Harry Sandick (admitted *pro hac vice*)
> George LoBiondo
> 1133 Avenue of the Americas
> New York, New York 10036
> (212) 336-2000
>
> *Attorneys for Plaintiff*
> *Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.     JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.     JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.     JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.     JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.     JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.     JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.     JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2.       JJHCS objects to the definition of the term "Avalere" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Avalere." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Avalere.

3.       JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service. JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

4

4.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

5.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

6.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals,

5

Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research &
Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion
Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development
LLC.

7.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and
as irrelevant to the extent it purports to include entities other than those responsible for
administering CarePath during the relevant Time Period.  JJHCS further objects to the
definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the
extent it includes "any and all predecessors and successors in interest, assignees, parents,
subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,
employees, committees, attorneys, accountants and all persons or entities acting or purporting to
act on behalf" of those entities.  JJHCS further objects on the ground that the phrase
"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to
the extent the term is used to seek documents and communications in the possession of entities
other than JJHCS.

8.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly
burdensome, and not proportional to the needs of the case to the extent it includes "any and all
predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or
departments, agents, representatives, directors, officers, employees, committees, attorneys,
accountants and all persons or entities acting or purporting to act on behalf or under the control
of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek
documents and communications in the possession of entities other than JJHCS.

6

9.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and

not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April

1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 77

All Documents and Communications regarding efforts by JJHCS to work with, inform,
sponsor, or influence patient advocacy groups regarding those organizations' public statements,
patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers,
Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of
Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network,
American Chronic Pain Association, American College of Rheumatology, American Diabetes
Association, American Kidney Fund, American Lung Association, American Society of Clinical
Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's &
Colitis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association,
COPD Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV +
Hepatitis Policy Institute, Immune Deficiency Foundation, International Myeloma Foundation,
Leukemia & Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus
Foundation of America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's
Health Network, Multiple Sclerosis Association of America, Nashville CARES, National
Alopecia Areata Foundation, National Multiple Sclerosis Association of America, National
Multiple Sclerosis Society, National Oncology State Network, National Organization of Rare
Disorders, National Psoriasis Foundation, Prevent Blindness, Pulmonary Hypertension
Association, Rheumatology Research Foundation, Scleroderma Foundation, Stand Up To

Cancer, Susan G. Komen, The ALS Association, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and ZERO Prostate Cancer).

**Response to Request No. 77**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP and communications with multiple entities whose relevance has not been established. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this request as duplicative of Request Nos. 8, 20, and 21, and JJHCS incorporates by reference its response to those Requests.

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents."

8

*See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Subject to prior objections and those

presented here, JJHCS has or will update its production of any documents responsive to Request

Nos. 8 and 20 pursuant to the Court's November 7, 2023 Order.  *See* Dkt. No. 173.  Otherwise,

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 78**

All Documents and Communications regarding efforts by JJHCS to work with, inform,
sponsor, or influence pharmaceutical industry associations or groups regarding those
organizations' public statements, patient outreach, or lobbying in any form about Copay
Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but
not limited to Biotechnology Innovation Organization, Pharmaceutical Care Management
Association, and Pharmaceutical Research and Manufacturers of America).

**Response to Request No. 78**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS objects to

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents

and communications unrelated to SaveOnSP and communications with multiple entities whose

relevance has not been established.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons

stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks

documents and communications outside of the relevant Time Period.  JJHCS further objects to

this request as duplicative of Request Nos. 8, 20, and 21, and JJHCS incorporates by reference its

response to those Requests.

9

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period."  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents.  To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents." *See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Subject to prior objections and those presented here, JJHCS has or will update its production of any documents responsive to Request Nos. 8 and 20 pursuant to the Court's November 7, 2023 Order.  *See* Dkt. No. 173.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 79**

All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug.

**Response to Request No. 79**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to the extent it seeks information unrelated to the claims and defenses in this Action, including information related to the calculation of Best Price for each Janssen Drug.  Issues related to "Best Price" are completely irrelevant to this action.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to

10

this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "Janssen Drug" and "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it is duplicative of Request No. 28, and JJHCS incorporates by reference its response to that Request and its subsequent representations regarding that Request.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 80**

A copy of each final contract executed between JJHCS and TrialCard regarding CarePath, including without limitation any final work order.

**Response to Request No. 80**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "TrialCard" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP or copay assistance provided through the CarePath program.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

11

Subject to the foregoing objections, JJHCS will produce non-privileged final contracts between JJHCS and TrialCard from the Time Period concerning copay assistance provided through the CarePath program, to the extent that such contracts exist, are in JJHCS's possession, and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 81

All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

### Response to Request No. 81

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "TrialCard" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks non-final, draft contracts that were never adopted or that do not concern Copay Assistance or SaveOnSP.  JJHCS further objects to this Request as duplicative of Request No. 80.

12

JJHCS will not search for or produce documents or communications responsive to this

Request.

### Request No. 82

All Documents and Communications between JJHCS and Avalere regarding CarePath or
Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators,
and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not
limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to
medication, and (4) reevaluating or changing Copay Assistance Programs based on expected
changes to the Best Price Rule.

### Response to Request No. 82

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request as irrelevant to any claim or defense in this Action insofar as it seeks

information related to patient satisfaction with copay assistance programs (including copay

assistance programs not at issue in this Action), the impact of copay assistance programs on

patient adherence to medication, and purported changes to CarePath's copay assistance program

based on expected changes to the Best Price Rule.  JJHCS further objects to this Request as

irrelevant to the extent that it seeks documents and communications between JJHCS and Avalere

that are unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks

documents and communications that are exempt from discovery and protected from disclosure

by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and

not proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and

"Avalere" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to

13

this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

Dated: January 29, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:   /s/Jeffrey J. Greenbaum
      JEFFREY J. GREENBAUM
      KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

14

# Exhibit 2



www.pbwt.com

February 13, 2024

Caroline Zielinski
(212) 336-2206

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

   Re: **Non-JJHCS Discovery**
     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
     <u>Case No. 2:22-cv-02632 (JKS) (CLW)</u>

Dear Elizabeth:

   We write in response to your February 5, 2024 letter in which you inquired as to whether "in responding to each of SaveOn's requests," JJHCS "will identify custodians, search for and produce responsive documents, and provide interrogatory responses based on information outside of JJHCS, including within Janssen." *See* Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2. The answer is no. We restate our position, held throughout this litigation, that JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath. Moreover, in response to the Court's order of June 29, 2023, JJHCS has already updated its interrogatory responses to identify individuals outside of JJHCS responsible for making decisions regarding the CarePath program. Nothing more is required.

   SaveOnSP has repeatedly litigated the issue of whether JJHCS is required to search for and produce responsive documents from individuals outside of JJHCS, and JJHCS has repeatedly prevailed. As you know, SaveOnSP brought a motion to compel on this exact issue on June 23, 2023, requesting that JJHCS "(1) respond to SaveOnSP's interrogatories and identify individuals at all Johnson & Johnson entities with knowledge of the relevant topics; and (2) produce documents responsive to SaveOnSP's document requests from all such entities." *See* June 23, 2023 Joint Ltr. to J. Waldor at 4. Judge Waldor refused to order the broad relief that SaveOnSP sought. To the contrary, Judge Waldor ordered JJHCS to undertake a more limited investigation "regarding non-JJHCS personnel . . . responsible for making decisions regarding the CarePath program" and to "supplement its interrogatory responses, as appropriate." (Dkt. No. 127.) JJHCS complied and produced supplemental responses to SaveOnSP's interrogatories on July 28, 2023.

Elizabeth Snow, Esq.
February 13, 2024
Page 2

        This should have concluded the issue, but SaveOnSP chose to revisit its request at the October 30, 2023 conference.  Specifically, despite the issue being fully decided, SaveOnSP renewed its request that JJHCS undertake a broad investigation as to employees at entities other than JJHCS who purportedly have "relevant information" about the CarePath Program.  *See* Oct. 30, 2023 Transcript at 37:25–38:24 (requesting JJHCS identify "everyone with relevant information").  Judge Waldor denied SaveOnSP's attempt to relitigate this issue—observing that the June 29, 2023 order "was pretty clear" and "I am not sure why we're still arguing about this"—and agreed that JJHCS had taken all steps necessary to comply with the Court's June 29, 2023 order by conducting an investigation as to the personnel responsible for making decisions as to the CarePath program and updating its interrogatory responses accordingly.  *See id.* at 36:9–41:7.  This forecloses SaveOnSP's argument.

        Contrary to your representations, Judge Wolfson's orders have not opened the door for SaveOnSP to relitigate this issue once again.  In your February 5 letter, you rely on a portion of the January 24, 2024 conference transcript during which Judge Wolfson ordered JJHCS to designate three additional custodians whose documents would be subject to collection and review based on limited search terms to be negotiated between the parties.  *See* Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2; *see also* Jan. 24, 2024 Tr. at 128:14–129:5 ("[A]s I said, these are going to be limited search terms.").  Judge Wolfson's order requiring JJHCS to designate three additional custodians for limited discovery does not support the broad relief that SaveOnSP seeks.

        To be clear, JJHCS will comply with Judge Wolfson's orders, as stated at the January 24, 2024 conference and memorialized in her February 6, 2024 order (Dkt. No. 192).  That order does not obligate JJHCS to conduct a further investigation into whether individuals outside of JJHCS possess relevant information or responsive documents, nor will it do so.  We reject SaveOnSP's latest attempt to relitigate issues that have already been foreclosed by prior orders.

        Very truly yours,

*/s/Caroline Zielinski*
Caroline Zielinski

14918773

**EXHIBITS 3-77**
**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 78



www.pbwt.com

November 28, 2023

Julia Long
(212) 336-2878

**BY EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
        **2:23-cv-02632 (ES) (CLW)**

Dear Meredith:

We write to memorialize our November 27, 2023 meet and confer concerning SaveOnSP's Responses and Objections to JJHCS's Ninth Set of Requests for Production and various topics related to the Court's November 7, 2023 Order.

**I.      JJHCS's Requests for Production Nos. 95 and 96**

JJHCS's RFP Nos. 95 and 96 request all documents and communications concerning SaveOnSP's employee confidentiality obligations and any communications with SaveOnSP employees relating to compliance with or attestation to SaveOnSP's employee confidentiality policies. You have refused to produce documents and communications responsive to either RFP.

During the meet and confer, we explained the relevance of these policies, including that SaveOnSP's employee confidentiality obligations bear directly on measures that SaveOnSP has used to prevent its employees from communicating with JJHCS and others with regard to SaveOnSP's conduct at issue in this action. SaveOnSP's own Response to Interrogatory No. 18 confirms this to be true; indeed, in SaveOnSP's Response to Interrogatory No. 18, ████████████
████████████████████████████████████████
████████████████████████        *See* SaveOnSP Response to JJHCS Interrogatory No. 18. The relevance of these policies and any documents or communications relating to them is conceded by the reference to them in SaveOnSP's own interrogatory responses and therefore indisputable. In our call, you offered no valid basis for refusing to produce these documents. Nor have you articulated any reasonable burden argument to producing the requested documents, let alone to the production of the two policies.

---

Patterson Belknap Webb & Tyler LLP     1133 Avenue of the Americas, New York, NY 10036     T 212.336.2000   F 212.336.2222

Meredith Nelson, Esq.
November 28, 2023
Page 2

      In light of the above, please reconsider your position and produce all documents and communications concerning your employees' confidentiality obligations, including the two policies identified above. If you are unwilling to do so, we will consider the parties at impasse on this issue. Please provide a response by December 5, 2023.

## II.      Custodians

      As discussed during our meet and confer, the Court's November 7 Order directs JJHCS to add six of the seven "CAP" custodians (Kinne, Longbothum, Shontz, Barklage, Hoffman, Platt, and Wyszkowski) and directs the parties to "meet and confer regarding the identities of the additional custodians and to work out any necessary logistics." (ECF No. 173 at 2.) During the meet and confer, SaveOnSP requested that JJHCS add Kinne, Longbothum, Shontz, Barklage, Hoffman, and Platt as CAP custodians. JJHCS agrees to do so, and will review documents hitting on the search strings below for these CAP custodians for the time period January 1, 2022 to November 7, 2023:

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (case sensitive)

(*See* ECF No. 173 at 3.) To be clear, JJHCS reserves all rights, including with respect to the remaining custodians at issue in the parties' October 25, 2023 joint letter. (*See* ECF No. 165.)

## III.      Terms & Conditions

      The Court's November 7, 2023 Order further states that "Defendant shall continue to narrow the scope of its requests" with respect to "Docket Entry Nos. 146 (regarding CarePath Terms and Conditions) and 150 (seeking financial information and data on patient drug adherence)." (ECF No. 173 at 1.) As discussed, SaveOnSP's November 3 proposal, which "repeat[s]" prior requests that "JJHCS identify the predecessor programs from which the 'other offer' provision was drawn and identify the employees and documents sources for those programs" without a time period limitation, does not follow this directive.

      We look forward to receiving your proposal containing narrowed requests for production as to CarePath's Terms and Conditions by December 5.

## IV.      Document Refresh

      At the end of our call, SaveOnSP briefly raised the issue of the parties' document refresh. On this point, the Court's Order is unambiguous: it requires both parties to update their document productions without *limitation*" through November 7, 2023. (*See* ECF No. 173 at 3.) JJHCS is doing what the Court ordered. JJHCS will refresh its production of documents using all previously agreed-upon search terms for all previously agreed-upon JJHCS custodians through the date of the Court's Order. Indeed, following the Court's Order, JJHCS immediately began

Meredith Nelson, Esq.
November 28, 2023
Page 3

collecting and processing this data so that it could be promptly reviewed and produced, which will in turn allow the parties to complete fact discovery by April 25, 2024, as the Court has ordered us to do.  By December 5, please confirm that SaveOnSP is doing the same, *i.e.*, please confirm that:

- SaveOnSP has completed a full collection of every custodian's documents through November 7, 2023;

- SaveOnSP will supplement its production of documents using all previously agreed-upon search terms for all previously agreed-upon SaveOnSP custodians through that date; and

- SaveOnSP is making every effort to produce these documents expeditiously, so that the parties can complete fact discovery—including fact witness depositions—by April 25, 2024.

*     *     *     *

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

14734540

**EXHIBITS 79-81**
**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 82



www.pbwt.com

September 11, 2023

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       ***No. 2:22-cv-02632 (ES) (CLW)***

Dear Elizabeth:

　　We write in response to your August 28, 2023 letter demanding that JJHCS add thirteen more custodians.

　　At the outset, it must be said that SaveOnSP has not proceeded in good faith with respect to the issue of custodians.  We met and conferred over several hours on August 8 and 9 related to various discovery issues and were scheduled to discuss six of the thirteen requested custodians during that meet and confer.  Yet SaveOnSP refused to confer about its own request for these custodians until JJHCS provided a hit count—despite not asking for such a count in advance of our meet-and-confer.  SaveOnSP also refused to discuss JJHCS's then-pending offer to withdraw its relevance and burden objections as to two custodians (Quinton Kinne and Daphne Longbothum) "subject to (1) those additions resolving this dispute about custodians and (2) SaveOnSP agreeing to add Ms. Ayesha Zulqarnain as an additional SaveOnSP custodian[.]"  July 28, 2023 Ltr. from J. Long to E. Snow at 1.  Following the August 8 and 9 meet and confers, JJHCS renewed this offer—and SaveOnSP again declined to accept the two-for-one custodian deal and doubled down on its requests to add four additional custodians.

　　Instead of negotiating in good faith or asking JJHCS to consider targeted additional custodians, SaveOnSP now demands that JJHCS add thirteen new custodians—mere weeks before the substantial completion deadline, and half a year after SaveOnSP first raised and then dropped several of the demands at issue.  This appears to be part of SaveOnSP's ongoing and transparent campaign to restart the discovery clock.  JJHCS timely produced thousands of documents from 17 custodians, and has substantially completed its discovery obligations on the Court's original schedule.  And so, with one partial exception described in more detail below, JJHCS declines to add the requested individuals or to provide hit counts of their documents, which would require the full collection, processing, and analysis of thirteen custodians at this late stage.  This burdensome exercise is not proportionate or merited given SaveOnSP's unwillingness to proceed in good faith and narrow or tailor its sweeping demands.

Elizabeth H. Snow, Esq.
September 11, 2023
Page 2

## I.  Custodians Addressed in Prior Correspondence

JJHCS declines to add Quinton Kinne, Daphne Longbothum, Juliette Deshaies, Leigh Wyszkowski, Willian Shontz and Alison Barklage as additional custodians.  As JJHCS has stated since SaveOnSP first raised this issue, these individuals are irrelevant to this litigation and the documents relied upon by SaveOnSP do not justify adding them as additional custodians.

### A.  Quinton Kinne

JJHCS declines to add Quinton Kinne as an additional custodian.  SaveOnSP first proposed Mr. Kinne as a custodian on March 7, 2023.  JJHCS declined this request in its March 16, 2023 and July 28, 2023 letters.  SaveOnSP yet again seeks his addition, relying on a near verbatim argument, a handful of previously cited documents, and interrogatory responses that SaveOnSP has had for nearly eight months.

These documents remain unpersuasive to justify adding Mr. Kinne as an additional custodian.  For example, ██████████████████████████████████ will be captured by other designated JJHCS custodians, including Lindsey Anderson and Bill Robinson, who are ██████████████████████████████.  *See* July 28 Ltr. from J. Long to E. Snow at 2.  The same is true for ██████████████ ██████████████████████████████████████████████ *See* JJHCS_00010098.  Non-privileged, responsive communications related to that work would be captured by Mr. Franz's documents.  And even if it were true that Mr. Kinne had ██████████ ████████ with Ms. Wyszkowski or attended ██████████████ it does not follow that those meetings would have generated relevant email traffic.

### B.  Daphne Longbothum

JJHCS declines to add Daphne Longbothum as an additional custodian.  SaveOnSP first proposed Ms. Longbothum as a custodian on May 9, 2023.  JJHCS declined this request in its May 19, 2023 and July 28, 2023 letters and informed SaveOnSP that "based on its investigation, JJHCS has no reason to believe that Ms. Longbothum would have unique documents or communications relating to SaveOnSP" and that her documents would be cumulative of "other custodians from whom JJHCS has agreed to produce documents, including Nidhi Saxena and Hattie McKelvey, to whom Ms. Longbothum reported."  *See* July 28 Ltr. from J. Long to E. Snow at 3 (quoting May 19, 2023 Ltr. from H. Sandick to E. Snow at 2).

None of the materials cited in SaveOnSP's August 28 letter change that conclusion. SaveOnSP cites to ██████████████ ██████████ but fails to recognize ██████████████████████████████, *see* JJHCS_00000027, received the same communication.  *See* JJHCS_00008591.  The other documents cited by SaveOnSP are similarly unpersuasive.  For example, as JJHCS explained in its July 28, 2023 letter, SaveOnSP's reliance on JJHCS_00001391 and JJHCS_00034500 is peculiar because ████████████████████████████ ████████████████████████████████████████.  In fact,

Elizabeth H. Snow, Esq.
September 11, 2023
Page 3

███████████████████████████████████████████████████
█████████████████████████████████████████████

SaveOnSP claims that Ms. Longbothum is nonetheless "likely to have unique documents" because Ms. Longbothum allegedly "spearheaded the effort to identify patients who were exhausting their copay assistance funds" but then cites to documents ████████████████████, *see* JJHCS_00001464, ███████████████████████████████, *see* JJHCS_00008838, or ████████████████████████ *see* JJHCS_00008802 ████████████). These documents do not support adding Ms. Longbothum as yet another custodian.

### C.   Leigh Wyszkowski

JJHCS declines to add Leigh Wyszkowski as an additional custodian. SaveOnSP first proposed Ms. Wyszkowski as a custodian on March 7, 2023. JJHCS declined this request in its March 16, 2023 and July 28, 2023 letters and informed SaveOnSP that Ms. Wyszkowski's documents and communications "will be captured by other custodians from whom JJHCS has agreed to produce documents, including John Paul Franz, to whom Ms. Wyszkowski reported." *See* July 28 Ltr. from J. Long to E. Snow at 2 (quoting May 19, 2023 Ltr. from H. Sandick to E. Snow at 4).

Nothing has changed in the last four months. For example, SaveOnSP asserts that because ██████████████████████████████████████████████████████, *see* JJHCS_00000551, Leigh Wyszkowski is relevant to this litigation. By that logic, anyone who received or read the Complaint would be a potential discovery target, since the Complaint cites this presentation. This is untenable. As JJHCS has repeatedly stated, Mr. Kinne and Ms. Wyszkowski are in the same reporting line and all responsive documents would be captured by John Paul Franz's documents.

### D.   William Shontz

JJHCS declines to add William Shontz as an additional custodian. SaveOnSP first proposed Mr. Shontz as a custodian on May 9, 2023. JJHCS declined this request in its May 19, 2023 and July 28, 2023 letters. As JJHCS has repeatedly stated, "JJHCS has no reason to believe that Mr. Shontz would have unique documents or communications relevant to the litigation, or that any such documents would not be cumulative of those produced from existing JJHCS custodians, Hattie McKelvey and Silviya McCool, to whom he reports." *See* July 28 Ltr. from J. Long to E. Snow at 3.

None of the documents cited by SaveOnSP merit adding Mr. Shonz. As previously stated, to the extent Mr. Shontz was involved in relevant communications, those documents would be captured by existing JJHCS custodians. For example, SaveOnSP cites ████████████████████ ███████████████████████████████████. *See* JJHCS_00104645. In addition, SaveOnSP's reliance on JJHCS_00001202 to state that ██████████████████████████████████████. A

Elizabeth H. Snow, Esq.
September 11, 2023
Page 4

four-day absence falls woefully short as a justification to add Mr. Shontz as a custodian.  Other
cited communications—█████████████████████████████████████████████████████████
██████████████████████████████████████████████████. JJHCS_00029708.
Furthermore, SaveOnSP's reliance on JJHCS_00008556 and JJHCS_00034500 is odd because
████████████████████████████████████████████████████████████████████████████████
████████████

### E.    Alison Barklage

JJHCS declines to add Alison Barklage as an additional custodian.  As JJHCS stated in its
July 28 letter, we understand that Ms. Barklage served as a JJHCS contractor during the relevant
period with administrative responsibilities. ██████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
██████████ l.   *See* JJHCS_00084174. ████████████████ █
██████████████████████████████████████████████████. *See id.*

In addition, SaveOnSP's reliance on a series of cites to █████████████████████████
████████████████████████████████████████████████████████████████████████████████
██████. *See* Aug. 28, 2023 Ltr. from E. Snow to J. Long at 6.  First,
████████████████████████████████████████████. *See* JJHCS_00084504; JJHCS_00084426;
JJHCS_00084507.  Second, a ███████████████████
██████████████████████ *See* JJHCS_00084426.  Consistent with JJHCS's July 28 letter, to the extent
Ms. Barklage's custodial files contain relevant documents or communications, they would be
cumulative of those produced by JJHCS from other agreed-upon custodians, including, *inter alia*,
Heith Jeffcoat, to whom Ms. Barklage reported.

### F.    Juliette Deshaies

JJHCS also declines to add Juliette Deshaies as a custodian.  As JJHCS stated in its May
19 letter, SaveOnSP's own description of Ms. Deshaies's role, and the documents it cites, make
clear that Ms. Deshaies's primary responsibilities relate to marketing of certain immunology
drugs—not CarePath or any other issues relevant to this action.  For example, in JJHCS_0069842,
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████ *See id.*

This is completely consistent with JJHCS's prior representations—███████████████████
████████████████████████████████████████████████████████████████████ *See id.*  Again, to the
extent Ms. Deshaies's custodial files contain relevant documents or communications, they would
be cumulative of those documents JJHCS has produced from other agreed-upon custodians,
including Spilios Asimakopoulos, Heith Jeffcoat, Lynn Hall, and Adrienne Minecci.

Elizabeth H. Snow, Esq.
September 11, 2023
Page 5

## II.    New Custodians

### A.    Blasine Penkowski

JJHCS declines to add Blasine Penkowski, JJHCS's Chief Strategic Customer Officer, as an additional custodian. SaveOnSP first raised Ms. Penkowski in the June 23, 2023 Joint Letter in support of its motion to expand the scope of discovery to companies besides JJHCS. As JJHCS explained at that time, JJHCS has "no reason to believe that Ms. Penkowski would have unique documents or communications relating to the SaveOnSP or JJHCS's response to the SaveOnSP program." (Dkt. No. 122 at 12.)

Nothing in SaveOnSP's August 28 letter alters that conclusion. First, Ms. Penkowski's involvement with JALT is not relevant to this lawsuit and does not justify adding her as a custodian. As we have repeatedly explained, responsibility for the CarePath program resides principally with Katie Mazuk, Vice President, Patient Engagement and Customer Solutions and her reporting line. Ms. Mazuk is a member of JALT and an existing JJHCS custodian. As a result, any JALT communications that reference CarePath copay assistance, SaveOnSP, or this litigation already are captured by Ms. Mazuk's documents. (Dkt. No. 122 at 9.) ███████████████████ ██████████████████████████████████ JJHCS_00101570, JJHCS_00001668, JJHCS_00001830, and JJHCS_00101641.

Second, SaveOnSP's citation to a ███████████████████████ does not alter this conclusion. For example, SaveOnSP describes JJHCS_00084221 as ████████████████████ █████████ *See* August 28, 2023 Ltr. from E. Snow to J. Long at 7. This is an inaccurate characterization of the document, ████████████████████████████████████████ ████████████████████████████ █ ██████ █ ██████████████████████████ ██████████████████████████████████████████████████████████████████.

Third, SaveOnSP's citation to documents alleging that Ms. Penkowski has "unique information" about SaveOnSP or TrialCard similarly fall flat. Ms. Penkowski's ████████████ ████████████████████████████████████████████████████████████████ *See* JJHCS_00074697. ████████████████████████████████████████████████. *See* JJHCS_00025908; JJHCS_00025517; JJHCS_00025532; JJHCS_00024511; JJHCS_00025594. SaveOnSP argues that because █████████████████████████████ that she somehow has "unique information" about JJHCS's relationship with TrialCard. But that logic isn't borne out by the documents—nor is the nature of JJHCS's relationship with TrialCard central to the litigation.

Finally, none of the documents referenced in SaveOnSP's August 28 letter justifies discovery from apex personnel, i.e., high-level executives, like Ms. Penkowski. *See, e.g.*, *Lauris v. Novartis AG*, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (requiring "more than mere speculation to order [the producing party] to include the apex custodians in [a] search protocol"). "Mere speculation" that Ms. Penkowski's position as "a senior executive might increase the relevance of [her] files" is not a basis for designating her as a custodian. *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *3 (S.D.N.Y. May 18, 2017).

Elizabeth H. Snow, Esq.
September 11, 2023
Page 6

SaveOnSP offers no reason to believe that Ms. Penkowski would have unique documents or communications specific to SaveOnSP or JJHCS's response to the SaveOnSP program.

### B.    Scott White

JJHCS declines to add Scott White as an additional custodian.  As JJHCS has previously represented to the Court and to SaveOnSP, Scott White is Company Group Chairman, North America Pharmaceuticals, a high-ranking executive with no day-to-day responsibilities for CarePath.  He is therefore entitled to protection from undue burden and harassment under the apex doctrine.  *See Lauris*, 2016 WL 7178602, at *4; *Mortg. Resol. Servicing, LLC*, 2017 WL 2305398, at *3.  SaveOnSP again relies on JJHCS_00001704 to state that ███████████████████████████████████████████████████████████.  And again, following that logic, any person who received, sent, saw, or heard the SaveOnSP video would be a potential custodian.

Moreover, any relevant documents in Mr. White's possession related to JALT would be found in documents belonging to Ms. Mazuk, a member of JALT and an existing custodian. ███ ███████████████████████████████████████████████.  *See, e.g.*, JJHCS_00001704, JJHCS_00011154, JJHCS_00041213, JJHCS_00001830, and JJHCS_00001668, which all include Ms. Mazuk on the email chain.

SaveOnSP's claim that Mr. White is likely to have unique documents is unpersuasive. SaveOnSP relies on JJHCS_00100210 to show that ████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████.  Any related correspondence or follow-up regarding this complaint would be captured by Mr. King's documents.

Finally, SaveOnSP's citation to ██████████████████████████████████████████ ███████.  *See* JHCS_00039767, JJHCS_00039772, JJHCS_00039696, JJHCS_00039374, JJHCS_00039378, JJHCS_00039382, JJHCS_00039625, and JJHCS_00039879. ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████, TrialCard is already producing documents pursuant to a subpoena served by SaveOnSP.

### C.    Karen Lade

JJHCS declines to add Karen Lade as an additional custodian.  SaveOnSP first proposed Ms. Lade in the June 23, 2023 Joint Letter.  Ms. Lade works as a Product Director, Rheumatology Marketing.  Based on its investigations to date, JJHCS has no reason to believe that Ms. Lade would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program.  To the extent Ms. Lade's custodial files contain relevant documents or communications, they would be cumulative of those produced by JJHCS from other agreed-upon

Elizabeth H. Snow, Esq.
September 11, 2023
Page 7

custodians, including Heith Jeffcoat, Silviya McCool, Lauren Pennington, and Spilios Asimakopoulos. ████████████████████████
JJHCS_00002688, JJHCS_00045468, JJHCS_00083180, JJHCS_00083894, JJHCS_00083929, JJHCS_00083931, and JJHCS_00105296 which ████████████████████
████████████████████████ s.  At most, SaveOnSP has demonstrated that ██████████
████████████ .

**D.   L.D. Platt**

JJHCS declines to add L.D. Platt as an additional custodian.  Based on its investigations to date, JJHCS has no reason to believe that Mr. Platt would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program.  As JJHCS explained in its July 28, 2023 Supplemental Responses and Objections to SaveOnSP's First Set of Interrogatories, Mr. Platt was "not involved in 'marketing of CarePath or other communications with the public regarding CarePath' on a regular basis outside of communications related to this Action."  JJHCS's July 28, 2023 Supplemental Responses & Objections to SaveOnSP's First Set of Interrogatories.  To the extent Mr. Platt has documents relating to this Action, those would be protected by the attorney-client privilege, work product doctrine, or another applicable privilege or protection from disclosure.  *See* JJHCS_00027974, JJHCS_00027996, and JJHCS_00027998. In addition, in ████████████████████████████████████████████████ .

**E.   Ernie Knewitz**

JJHCS declines to add Ernie Knewitz as an additional custodian.  Based on its investigations to date, JJHCS has no reason to believe that Mr. Knewitz would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program.  As JJHCS explained in its July 28, 2023 Supplemental Responses and Objections to SaveOnSP's First Set of Interrogatories, Mr. Knewitz was "not involved in 'marketing of CarePath or other communications with the public regarding CarePath' on a regular basis outside of communications related to this Action."  JJHCS's July 28, 2023 Supplemental Responses & Objections to SaveOnSP's First Set of Interrogatories.  To the extent Mr. Knewitz has documents relating to this Action, those would be protected by the attorney-client privilege, work product doctrine, or another applicable privilege or protection from disclosure.

In addition, Mr. Knewitz's involvement with JALT does not merit his addition as a custodian.  As JJHCS has made clear, responsibility for the CarePath program resides principally with Katie Mazuk, Vice President, Patient Engagement and Customer Solutions and her reporting line.  Ms. Mazuk is a member of JALT and an existing JJHCS custodian.  Any JALT communications that reference CarePath co-pay assistance, SaveOnSP, or this litigation, already are captured by Ms. Mazuk's documents.  (*See* Dkt. No. 122 at 9.) ████████████████
████████████████████ .  *See* JJHCS_00001859, JJHCS_00041213.

Elizabeth H. Snow, Esq.
September 11, 2023
Page 8

Finally, SaveOnSP again relies on JJHCS 00001704 to state that ███████████████████████████████████████████████████. That is a nonstarter for the reasons discussed above.

### F.    John Hoffman

JJHCS declines to add John Hoffman as an additional custodian.  Based on its investigation to date, JJHCS has no reason to believe that Mr. Hoffman would have unique documents or communications relating to SaveOnSP or JJHCS's response to the SaveOnSP program.  SaveOnSP's reliance on JJHCS 00027236, JJHCS 00026852, JJHCS 00101570, and JJHCS 00114446 ██████████████████.  ███████████████████████████████████████.  To the extent Mr. Hoffman's custodial files contain relevant documents or communications, they would be cumulative of those produced by JJHCS from other agreed-upon custodians, including John King and Silas Martin.

### G.    Silas Martin

JJHCS ran specific search terms over Silas Martin's documents to satisfy its discovery obligations as to RFP No. 20.  *See* Sept. 6, 2023 Ltr. from E. Shane to E. Snow at 2.  The production of Mr. Martin's non-privileged documents responsive to RFP No. 20 were part of JJHCS's Eighth Production of Documents on September 1, 2023, and will be substantially completed before the September 24, 2023 substantial completion deadline.

Very truly yours,

*/s/ Julia Long*
Julia Long

14537228