# Sills Cummis & Gross

### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE
DISCOVERY CONFIDENTIALITY ORDER**

May 14, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:** **JJHCS's Opposition to SaveOnSP's April 22, 2024 Motion to Compel**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to SaveOnSP's April 22, 2024 motion to compel JJHCS to "to identify custodians and non-custodial sources" from eight nonparty companies within the Johnson & Johnson ("J&J") family of companies and "to search for and produce documents from those sources." Opening Br. at 19. This is a sweeping request for relief that would require JJHCS to go down a blind alley with no obvious stopping point, in order to identify and produce an unknown number of documents from nonparty companies. This motion should be denied.

This is the fourth time in just over a year in which SaveOnSP has sought to compel JJHCS to produce discovery from J&J entities that are not parties. It does so without any attempt at conferral and primarily based on documents produced by JJHCS prior to SaveOnSP's last motion

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 2

on this same subject.  SaveOnSP's litigation approach is now clear:  it intends to re-present to Your

Honor every discovery dispute that it lost before Judge Waldor—sometimes repeatedly—in the

hopes that a different judge will mean a different outcome.  This is a very consequential motion:

if granted, it would transform the scope and scale of discovery in this case by requiring document

collection and review from many nonparty affiliates throughout the J&J family of companies.  Yet

despite submitting a 20-page motion, SaveOnSP never finds the room in its brief to tell the Court

that the relief it seeks here has been repeatedly rejected in prior rulings.  SaveOnSP's lack of

candor is reason enough to deny this motion.

    But even on the merits, this motion should be denied.  The truth here is simple:  JJHCS is

the party in this case, it runs the CarePath program, and it has provided thorough and

comprehensive discovery sufficient to permit SaveOnSP to defend itself.  SaveOnSP should not

be permitted to maroon this case in discovery indefinitely by expanding discovery beyond all

reasonable boundaries into companies that are not parties and that have no material role in matters

relevant to this lawsuit.  Indeed, while SaveOnSP appended a blunderbuss 82 exhibits to its motion

papers—perhaps seeking to create the impression that a compelling and vast array of documents

supports the motion—not one of these exhibits supports the sweeping relief SaveOnSP seeks.  Not

one suggests that non-JJHCS personnel have any actual role in the management of the CarePath

program or that discovery from such personnel would be proportionate or reasonable.  To prove

this, we review below each and every cited exhibit and explain why SaveOnSP's reliance on each

one is in error.  For example, many of these exhibits merely mention the word "Janssen" as a trade

name in a set of slides, reflecting only that the "Janssen" trade name is used to brand both the

Janssen CarePath program and many of the pharmaceuticals for which CarePath provides support.

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 3

Others are emails where non-JJHCS personnel are copied but play no substantive role in the discussion. Yet others are completely irrelevant and appear to have been added only to create the illusion of heft. None merits discovery from nonparties.

SaveOnSP's latest effort has the same substantive and procedural deficiencies as the three prior ones seeking the same relief. Just like SaveOnSP's prior efforts, this motion should be denied.

## BACKGROUND

### I. The Relationship Between JJHCS And The Johnson & Johnson Family Of Companies

JJHCS is the plaintiff in this lawsuit and it is the sole legal entity with the responsibility for operating and administering Janssen CarePath, the copay support program central to this lawsuit. D.E. 79 at 20. JJHCS is one of over ***200 corporate entities*** in the J&J family of companies. *Id.* at 19. With over 140,000 employees around the globe, J&J is one of the largest health care companies in the world. *Id.* Virtually none of these employees has anything to do with CarePath, copay support, or any of the issues relevant to this lawsuit.

"Janssen" was the name of a Belgian physician with a storied history within the J&J family of companies.[1] His name has been used by a number of entities that have some connection to the development, manufacture, marketing and sale of pharmaceuticals. SaveOnSP seeks to take discovery from seven of these Janssen-named entities (Janssen Biotech, Inc.; Janssen Pharmaceuticals, Inc.; Janssen Scientific Affairs; LLC, Janssen Therapeutics; Janssen

---

[1] *See Johnson & Johnson Acquires Janssen Pharmaceutica*, 1961, JOHNSON & JOHNSON: OUR STORY, https://ourstory.jnj.com/johnson-johnson-acquires-janssen-pharmaceutica (last visited May 13, 2024).

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 4

Immunology; Janssen Products, L.P.; and Janssen Global Services) and one other J&J company named Actelion Pharmaceuticals US, Inc. These corporate entities have evolved over the years through various corporate reorganizations and continue to do so.[2]

By virtue of its widespread usage within the J&J companies, Janssen is a trade name that is widely known to patients, doctors, and the public at large. For this reason, JJHCS has used Janssen CarePath as the name for its support program for patients taking Janssen-branded pharmaceuticals from different companies under the J&J corporate structure. CarePath provides several different services to patients, including the copay assistance program at issue, as well as other services such as nursing support.[3] JJHCS is not the legal entity that develops, tests, or manufactures the pharmaceuticals covered by the CarePath program. Other corporate entities within the J&J family of companies are tasked with those responsibilities. Some of these corporate entities have the word "Janssen" in their legal names, and others do not.

Each J&J employee is employed by a specific legal entity within the J&J family of companies, but an employee may work for multiple J&J corporate entities during their tenure at J&J. All J&J employees, regardless of the legal entity that formally employs them, have email addresses at the same domain name (its.jnj.com). D.E. 122 at 10. There is no way to identify the J&J legal entity with responsibility for administering a given program based solely on email

---

[2] *See, e.g.*, *Janssen Is Now Johnson & Johnson Innovative Medicine*, JOHNSON & JOHNSON, https://www.janssen.com/johnson-johnson-innovative-medicine (last visited May 11, 2024).

[3] *See Frequently Asked Questions*, JANSSEN CAREPATH, https://www.janssencarepath.com/ (last visited May 11, 2024) ("Janssen CarePath is a patient support program. It offers different savings options and resources at no cost to patients to help them learn about, afford, and stay on their medication.").

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 5

addresses or the J&J employees who appear on emails associated with that program.[4]  Similarly,

when J&J enters into contracts with third-party business partners, the J&J entity that formally

enters the contract on behalf of the company varies, for a variety of business and operational

reasons not relevant to this lawsuit.  D.E. 122 at 9.  For example, certain entities provide shared

administrative services for other operating companies.  Without a close review of the underlying

contract and other surrounding circumstances, there is no way to determine which J&J entity is

substantively responsible for a given J&J business activity based solely on the legal entity that

signed a contract or work order.

While these logistics can be complicated, this fact is not:  JJHCS is the J&J entity with

responsibility for the CarePath copay assistance program.  Therefore, JJHCS is the plaintiff, and

discovery has centered on the files of JJHCS and its employees.  *See* Ex. 1 (JJHCS's Supplemental

Responses and Objections to SaveOnSP's First Set of Interrogatories).  However, whether by

agreement or by court order, JJHCS has produced documents from the files of several non-JJHCS

employees where their roles have resulted in limited intersection with relevant issues, such as Scott

White, Silas Martin, Lawrence Platt, and Karen Lade.  In many cases where SaveOnSP has sought

discovery from what it believed to be non-JJHCS employee files, the conferral process has resulted

in SaveOnSP learning that certain employees were, in fact, JJHCS employees.

---

[4] Nor does the bracketed identifier following an employee's email address, e.g. the "[JANUS]" referring to Janssen Research & Development US in "jsmith@its.jnj.com [JANUS]", provide definitive information concerning that employee's role.  For example, although Ms. Hanculak was employed by Janssen Pharmaceuticals on July 12, 2021, her email address remains listed as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ referring to her former employer, Ethicon USA, another entity in the J&J corporate family.  *See* SaveOnSP Ex. 4 at 1.

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 6

## II.      SaveOnSP's Repeated Unsuccessful Efforts To Obtain Non-JJHCS Discovery

SaveOnSP typically begins its motions to compel with an explanation of its prior efforts to obtain the desired documents.  *See, e.g.*, Apr. 19, 2024 Mot. to Compel TrialCard Documents at 11; Apr. 18, 2024 Mot. to Compel Best Price Rule Documents at 2.  It does not do so here—perhaps to avoid disclosing that this is SaveOnSP's **fourth effort** to broadly expand discovery to non-JJHCS entities.  Its decision to file this motion is nothing more than judge-shopping, hoping that Your Honor will have a different view on an issue resolved three times prior by Judge Waldor.  This effort is also of a piece with how SaveOnSP has handled those prior efforts:  after declining to meet and confer, SaveOnSP abruptly seeks exceedingly broad relief from the Court.

*February 2023 Motion Denied.*  SaveOnSP first moved to compel JJHCS to produce a broad range of materials from non-JJHCS entities in February 2023, demanding that JJHCS "produce relevant documents from all . . . J&J entities" that were "involved in the development, marketing, or administration of CarePath or the development and marketing of Janssen drugs." D.E. 79 at 19.  JJHCS opposed the motion, explaining that "JJHCS is the sole relevant J&J entity involved in the development, marketing, or administration of CarePath" and contending that "SaveOnSP should not be allowed to conduct a fishing expedition into every J&J entity that has had any hand in the development or marketing of *any* J&J drug on the CarePath copay assistance program . . . ."  *Id.* at 19–20 (emphasis in original).  In March 2023, the Court denied SaveOnSP's motion, characterizing it as a discovery request that was "awfully broad[,] not just temporally but otherwise."  Mar. 17, 2023 Tr. at 34:2–6.

*June 2023 Motion Denied In Part, Granted In Part.*  SaveOnSP swung and missed for the second time only three months later, in June 2023.  Proceeding directly to motion practice without

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 7

ever attempting to resolve the dispute through negotiation and compromise with JJHCS, *see* D.E. 122 at 6, SaveOnSP again demanded the same type of broad relief it seeks here, asking the Court to order JJHCS to "identify individuals at all Johnson & Johnson entities with knowledge of relevant topics . . . [and] produce documents responsive to SaveOnSP's document requests from all such entities," *id*. at 4. As in March, the Court rejected this extremely broad request. The Court granted only a narrow form of relief: it required JJHCS only to "conduct a further investigation regarding non-JJHCS personnel (e.g., employees of Janssen entities) responsible for making decisions regarding the CarePath program" and to "supplement its interrogatory responses, as appropriate." D.E. 127; *see also* June 27, 2023 Tr. at 97:2–3 (characterizing JJHCS's obligation as one requiring it to "do an investigation" of Janssen "and find out if there are crossover or integrated . . . people"). JJHCS promptly complied with this order.

*October 2023 Motion Denied.* SaveOnSP's third strike followed in October 2023. Again, SaveOnSP sought to expand discovery beyond JJHCS, moving to compel JJHCS to "conduct an investigation of Janssen" and "answer SaveOnSP's Interrogatories" based on its findings, including by "identifying [non-JJHCS employees] who participated in decision-making." D.E. 162 at 4. JJHCS opposed SaveOnSP's motion, explaining that it had already complied with the Court's June 2023 Order to conduct a further investigation and that SaveOnSP had only moved to compel once again because it did not "like or accept the facts it ha[d] learned because they do not support SaveOnSP's defenses." *Id*. at 5. For the third time, the Court rejected a broad SaveOnSP demand for non-JJHCS discovery. D.E. 173 at 2 ("The Court carefully drafted its June 29, 2023 Order . . . mindful of the significant proportionality concerns inherent in SaveOnSp's relevant discovery demands (e.g., requiring Plaintiff to identify essentially every Johnson & Johnson-

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 8

affiliated employee who had any involvement with CarePath).").  The Court made clear that in view of the prior motions, JJHCS had done enough, and Judge Waldor considered this issue of discovery from non-JJHCS custodians to now be comprehensively resolved.  *See* Oct. 30, 2023 Tr. at 41:4–6 ("They've given you the information on who they propose as decision-makers on CarePath.  And that will be that.").

*SaveOnSP's Failure To Confer Before This Motion*.  More than three months ago, SaveOnSP wrote to request again that JJHCS produce documents from outside of JJHCS.  Ex. 2 (Feb. 5, 2024 Ltr. from E. Snow to J. Long) at 2.  SaveOnSP did not propose any specific custodians that it sought to add or make any of the arguments presented in this motion.  JJHCS responded that it would not produce such documents given the Court's three prior rulings denying the same relief.  Ex. 3 (Feb. 13, 2024 Ltr. from C. Zielinski to E. Snow).  That appeared to be the end of the matter:  SaveOnSP did not take any steps to further confer regarding the request in its February 5 letter.  More than two and one-half months after this exchange, and without any further conferral, SaveOnSP suddenly moved to compel the broad swath of documents it requests here.

## ARGUMENT

SaveOnSP's refusal even to seek to confer with JJHCS, or to make a specific request for custodians before filing this motion, is a defiance of the principles of collaboration that underlie discovery, as expressed in Local Civil Rule 37.1(a).  Moreover, SaveOnSP seeks to relitigate an issue long since decided.  On the merits, SaveOnSP fares no better.  SaveOnSP has not shown that the non-JJHCS entities from which it seeks discovery maintain any relevant documents.  Nor can SaveOnSP justify the immense burden or proportionality concerns implicated by a fishing

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 9

expedition for documents through nonparty entities in one of the largest corporate families in the world.  This motion should be denied.

## I.     SaveOnSP's Motion Shares The Deficiencies Of Its Prior Motions

Given the history here, one might expect SaveOnSP to be relying on some compelling new evidence, or to have rectified the procedural deficiencies that characterized its prior motions. SaveOnSP does neither.  Three points relevant to its current and prior motions are pertinent.

*First*, just as when SaveOnSP moved to compel on this issue in June 2023, SaveOnSP's motion comes after little-to-no conferral regarding the issues presented.  *See* D.E. 122 at 6–7.  This is not an academic issue.  Even in the specific context of non-JJHCS custodians, JJHCS has worked with SaveOnSP to produce documents from select non-JJHCS custodians in instances where SaveOnSP could demonstrate their relevance.  *See* Ex. 4 (Sept. 6, 2023 Ltr. from E. Shane to E. Snow).  In other instances, SaveOnSP has learned though the conferral process that some of the custodians it sought to add were, in fact, JJHCS employees.  SaveOnSP's repeated efforts to short-circuit that process are improper.

*Second*, SaveOnSP fails to acknowledge that a majority of its cited exhibits were produced by JJHCS long ago, well before SaveOnSP filed the last of its three prior motions to compel on this issue.  In other words, the bulk of the evidence here was or could have been presented to the Court on the prior motions.  While this is not a motion for reconsideration, which would have been untimely, even a motion for reconsideration is "not to be used as an opportunity to relitigate the case" and may be granted, *inter alia*, only when there is "new evidence that was not available when the court" made its prior ruling.  *Testa v. Internal Revenue Serv.*, 2022 WL 21841501, at *1

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 10

(D.N.J. Nov. 30, 2022) (citations and internal quotations omitted) (Wolfson, C.J.).  The new

documents that SaveOnSP adds to its heap of exhibits here add nothing of substance.

*Third*, SaveOnSP again ignores the governing law.  SaveOnSP demands that JJHCS

identify custodians and noncustodial sources of documents from ***eight*** other J&J companies and

then produce documents from all of them.  According to SaveOnSP, every "breadcrumb" in this

veritable forest of documents must be tracked, reviewed, and produced.  Opening Br. at 19.  That

is not the law, which focuses instead on proportionality and reasonableness.  JJHCS has repeatedly

explained why this scattershot approach to non-JJHCS discovery is exceedingly burdensome and

unwarranted, and the Court has repeatedly refused to order it.  *See* D.E. 173 at 2; Oct. 30, 2023 Tr.

at 41:4–6; Mar. 17, 2023 Tr. at 34:2–6.

## II.    SaveOnSP's Exhibits Provide No Basis For Discovery Outside Of JJHCS

SaveOnSP's brief proceeds almost as a list of documents, providing only minimal analysis,

suggesting it is axiomatic that all of these documents support granting the relief requested.

Nothing could be further from the truth.  As an initial matter, SaveOnSP relies on 25

exhibits for the principal purpose of identifying 25 specific employees as individuals who are not

employed by JJHCS.  *See, e.g.*, SaveOnSP Exs. 4, 9, 15, 21–22, 24, 32–33, 36, 39–46, 48, 50, 52–

54, 61, 73.  Of these 25 individuals, nine actually did work at JJHCS, and therefore the references

to them do not support the notion that non-JJHCS discovery is warranted.[5]  Had SaveOnSP chosen

not to ignore its obligation to confer, SaveOnSP could have addressed this error prior to motion

---

[5] The JJHCS employees are Michelle Barnard, Elizabeth Kreul-Starr, Walid Tahir, Matthew
Saggese, Cecilia Trybus, Kassandra Cruz, Lauren Hahn, Bryan Weinlein, and William Stone.
While SaveOnSP attempts to cobble together suggestions to the contrary, these individuals in fact
all worked at JJHCS.

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 11

practice.  Indeed, JJHCS would have explained that each of them is duplicative of other JJHCS employees who are already custodians in this action, based on their respective roles in the JJHCS reporting structure.

More generally, none of SaveOnSP's long list of exhibits provide any basis for the relief that it seeks.  This is true for all the exhibits SaveOnSP cites in support of its three central arguments that non-JJHCS entities were involved in (i) proposing and implementing changes to CarePath's terms and conditions, (ii) developing and executing the copay adjustment program ("CAP"), and (iii) assessing and discussing alleged patient harm.

**A.**     *There Is No Basis For "Terms and Conditions" Discovery Outside Of JJHCS*

Throughout discovery, JJHCS has made clear that the process of proposing and implementing changes to CarePath's terms and conditions is one managed by JJHCS, which has responsibility for the CarePath program.[6]  Even though the relevant term and condition in this litigation—"no other offer"—is written using plain language and is routinely used in the area of consumer coupons both within and outside of the pharmaceutical industry, JJHCS has made substantial productions of documents on this subject.  *See* D.E. 146 at 17–20.  Indeed, JJHCS is still making productions of documents relating to CarePath terms and conditions going back as far as 2009, which confirm what JJHCS has said from the start:  CarePath support is for patients, not for payors.  Compl. ¶ 24.  It does not follow from this record that every single person who ever mentioned CarePath, in any corner of the J&J business, must be a custodian in this lawsuit.

---

[6] Indeed, SaveOnSP acknowledges that JJHCS manages the CarePath program, claiming only that other J&J companies are "involved with Janssen CarePath."  Opening Br. at 2.

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 12

SaveOnSP now cites to 12 exhibits in support of its argument that non-JJHCS entities were involved in proposing and implementing changes to CarePath's terms and conditions.  SaveOnSP is mistaken.  Not one of the cited exhibits supports the conclusion that non-JJHCS entities played any material role in the drafting or approval of terms and conditions.  These documents instead fall into a few categories of irrelevance.

*Janssen Branding*.  It is not surprising that many documents that discuss the Janssen CarePath program mention the name "Janssen" in some places.  As noted, patients and health care providers are familiar with the Janssen name, as it is in the names of various companies that manufacture and market the pharmaceuticals for which CarePath provides copay support.  Some of these documents thus include a logo for or otherwise reference a Janssen entity, such as including the logo for a non-JJHCS entity that sells or developed a drug for which copayment support is provided by CarePath.  Such logos or references do not suggest that the entity was actually involved in the managerial work related to CarePath that is discussed in the underlying document.  And it certainly does not follow that individuals employed by non-JJHCS entities drafted or implemented changes to CarePath's terms and conditions.

For example, four cited exhibits (Exhibits 11–14) reference Janssen Biotech, Inc. in name only in a corner of the page to indicate a relationship to the Janssen trade name, with a logo and the company name.  Neither Janssen Biotech nor its employees play any substantive role in the issues being discussed in the documents.  Contrary to SaveOnSP's representations, this use of a logo does not reflect that non-JJHCS "employees were involved in drafting patient communications explaining changes to the T&Cs."  Opening Br. at 4.

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 13

Exhibit 13 is illustrative. ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████ *See* SaveOnSP Ex. 13 (███████████████████████████

████████████████████████████ ”).  SaveOnSP characterizes this as a "Janssen

Biotech, Inc. presentation," Opening Br. at 4, because █████████████████████████

████████████████████████████████████████████████████████

████. But it is clear from the communication and the content of the presentation that ██████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ .



*Id.* The same is true for Exhibit 14—████████████████████████████████

████████████████████████████████ SaveOnSP Ex. 14.  Although the s██████

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 14

████████████████████████████ it is clear that this is a ████████████████

█████████████████████████████████████████████████████████████████████████.



*Id.* at 4; *see also* SaveOnSP Ex. 11 (mentioning ████████████████████████

███████████████████); SaveOnSP Ex. 12 (showing the J██████████████████████

███████████████). That a document relating to CarePath b██████████████████

███████████ reflects only consistent use of Janssen branding and provides no indication of actual

authorship or control over the substantive work addressed in the document.

    *Work Orders*.  One cited exhibit indicates only that ████████████████████

██████████████████████, not that its employees were the ones specifically working on

changes to CarePath's terms and conditions. *See* SaveOnSP Ex. 6.  The fact that a ███████████

████████████████████████████████████████████████████████ proves nothing

about whether non-JJHCS employees actually handled the engagement or did any relevant

substantive work.  In fact, █████████████████████████████████████████████



Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 15

████████████████████████████████████████████████████

████████████████████████████████. *Id.*

*Janssen "Bystander" Recipients Of Documents.*  SaveOnSP cites to several exhibits in which Janssen employees are virtual bystanders, receiving documents sent to large numbers of people and without playing an evident role in drafting or even commenting on terms and conditions.  In one such exhibit, █████████████████████████████████████████ ████████████████████████████████. *See* SaveOnSP Ex. 5 (indicating ███████ ████████████████████████████████████████████████ ███████████████████).

*"Signature Block" Documents.*  SaveOnSP cites two exhibits simply to identify such individuals as working for divisions within Janssen; the exhibits themselves are devoid of any references to terms and conditions.  *See* SaveOnSP Ex. 4 (identifying Katie Hanculak's employment by her signature block); SaveOnSP Ex. 9 (identifying Jane Frechette's employment by her signature block).  These documents prove nothing at all.

*Documents With No Apparent Connection.*  SaveOnSP cites two documents that are entirely unrelated to CarePath terms and conditions, apparently to support statements about Janssen entities.  SaveOnSP Ex. 7 (cited only for the proposition that ████████████ ███████████████); SaveOnSP Ex. 8 (identifying ████████████████████ █████).  JJHCS does not dispute that Janssen companies make drugs or work with doctors—that has nothing to do with who administers CarePath.  SaveOnSP cites another document, Exhibit 3, for the proposition that Janssen Biotech Inc. employees "decided on changes to the T&Cs" for Stelara.  Opening Br. at 3.  But ████████████████████████████████████.  It rather

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 16



.[7]  *See* SaveOnSP Ex. 3.

*Misrepresented Documents*.  SaveOnSP misrepresents the contents of some of the relied-on exhibits.  For example, SaveOnSP cites to Exhibit 10 and claims that it is "

."  Opening Br. at 4.  But the cited exhibit                                      .  *See* SaveOnSP Ex. 10 (a

).

**B.     *There Is No Basis For "CAP Discovery" From Outside Of JJHCS***

The CAP Program is a subject that the Court has concluded is relevant to this litigation.  As a result, JJHCS has produced a considerable volume of documents, as has TrialCard, on the subject of the CAP Program.  The CAP Program has been managed and implemented by JJHCS and not by other non-JJHCS affiliates.

---

[7] See D.E. 264 at 2 ("[A]s to financial documents of Janssen drugs, I found that the communications of CarePath's budgetary decisions are not relevant to Defendant's defenses, including mitigation."); *id.* ("Although Defendant argues that budget and investment communications may be relevant to CarePath's financial viability, I remain unconvinced, particularly in light of Plaintiff's agreement that any budgetary and investment return communications that also touch upon viability will be produced."); D.E. 192 at 19 ("I find that the communications of budgetary decisions are not relevant to Defendant's defenses or Plaintiff's claims."); *id.* at 24 ("I am satisfied that Defendant has not shown that documents on pricing of Janssen drugs are relevant to Plaintiff's claims or Defendant's defenses.").

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 17

Just as with respect to terms and conditions, SaveOnSP cites to a host of exhibits to support

its argument that Janssen entities and employees developed and executed the CAP Program. *See*

Opening Br. at 5–11. In this section, SaveOnSP cites to a total of 45 exhibits. Again, every single

one falls into various categories of irrelevance.

*Janssen Branding*. SaveOnSP cites to six exhibits to support the proposition that Janssen

entities "developed," "created," "draft[ed]," and "present[ed]" information related to the CAP

Program. *See id.* at 7–9, 11. None of them shows any such thing. Again, these exhibits ████

██████████████████████████████████████████████████████████

██████████. *See* SaveOnSP Ex. 27 (████████████████████████

████████████████████████████); SaveOnSP Ex. 29

(██████████████████████████████████████████████████

████████████ SaveOnSP Ex. 30 ████████████████████████

██████████████████████████████████████████); SaveOnSP

Ex. 31 (██████████████████████████████████████████████

████████████████████████████); SaveOnSP Ex. 37

(██████████████████████████████████████████████████

████); SaveOnSP Ex. 58 (████████████████████████████

██████████████████████████████████).

*Work Orders*. Additionally, five exhibits merely show Janssen entities as the contracting

party, not active participants in the underlying work. *See* SaveOnSP Exs. 17–20, 25. For example,

SaveOnSP's Exhibit 25 reflects ██████████████████████████████████

████████████████████████████████. But these ██████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 18

████████████████████████████████████████████████████.

Similarly, SaveOnSP's Exhibit 19 reflects a ████████████████████████

████████████████████████████████████████████████████.

*See* SaveOnSP Ex. 19; *see also* SaveOnSP Ex. 20 (██████████████████████

██████████████████████████████████).

    Exhibits 17 and 18 also fail to support SaveOnSP's motion.  Exhibit 17 is ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████  SaveOnSP Ex. 17.  There is no mention of CAP ████

████.  Regardless, ██████████████████████████████████.  *Id*.  Exhibit

18 reflects another ████████████████████████████████████████

████████████████████████.  SaveOnSP Ex. 18.

    *Janssen "Bystander" Recipients Of Documents*.  SaveOnSP cites several documents

relating to CAP that were received by employees of Janssen-entities.  Yet SaveOnSP does not

acknowledge that ██████████████████████████████████, with the

non-JJHCS employees ██████████████ to the substantive conversation.  *See, e.g.*, SaveOnSP

Ex. 23 (communication from ████████████████████████████████

██████████████████████); SaveOnSP Ex. 26 (communications ████████████

████████████████████████████████████████████████████

██████████████████████); SaveOnSP Ex. 28 (communications with ████████████

████████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 19



); SaveOnSP Ex.

47 (various non-JJHCS individuals,

); SaveOnSP Ex. 34 (

).[8]

        SaveOnSP also relies on an exhibit to show that

. *See* SaveOnSP Ex. 59.

But this is misleading:

.

. *See id*.

*Id.*

Although this communication

. *Id.*

.

_____

[8]  SaveOnSP Ex. 35 is a broad discussion of accumulators generally without reference to
SaveOnSP, involving the participation of some non-JJHCS personnel.
. As JJHCS has explained in prior
motions, see D.E. 122 at 8–9, D.E. 165 at 15–20, the vast majority of the JALT's business has
nothing to do with CarePath, let alone SaveOnSP, and there is no indication that those executives'
support staff would have any knowledge of the issues in this case.  In addition, there are now three
members of JALT among the custodians in this case—
—so to the extent that JALT members discussed
issues relating to this case, those documents will have been produced.

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 20



). These SaveOnSP exhibits demonstrate that existing

custodians and JJHCS employees are the individuals leading conversations regarding the CAP

Program, and providing background information to wider audiences. This is unsurprising given

JJHCS's role in managing and implementing the CAP Program.

"*Signature Block*" *Documents.* SaveOnSP also cites to 19 exhibits for the sole reason of

identifying different employees' affiliation, simply based on their signature blocks. *See, e.g.*,

SaveOnSP Exs. 15, 21–22, 32–33, 36, 39–46, 48, 50, 52–54. These documents are otherwise

irrelevant to CAP.

*Documents About Unrelated Issues.* SaveOnSP also cites to several emails that do not

relate to the CAP Program but instead relate to topics that the Court already ruled irrelevant,



Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 21



);

SaveOnSP Ex. 55 (

).

None of these exhibits supports SaveOnSP's argument that non-party Janssen entities' employees were developing or implementing the CAP Program. If anything, they indicate that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and reinforce that JJHCS's current search methodology has properly yielded relevant documents, regardless of whether they mention other non-JJHCS entities. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (barring "unreasonably cumulative or duplicative" discovery).

*Misrepresented Documents.* SaveOnSP also relies on several exhibits in misleading ways. For example, SaveOnSP relies on two exhibits to argue that a Janssen Biotech Inc. employee was "involved in fielding feedback on the CAP program and developing responses to patient complaints." Opening Br. at 10–11. But these exhibits merely show ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* SaveOnSP Ex. 56 (

); SaveOnSP Ex. 57 (

").

21

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 22



These exhibits do not show that, ████████████████████████

████████████████████████████████████████

██████. In fact, they show the exact opposite, ████████████████

████████████████████████████████████. *See* SaveOnSP Ex. 16 (███

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████); SaveOnSP Ex. 24 (████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████).

Yet another example is Exhibit 51, where SaveOnSP represents that ███████████

████████████████████████████████████████ Opening Br.

at 10.  But this is inaccurate: ████████████████████████████

████████████████████████████████████████

████████████████  *See* SaveOnSP Ex. 51.

**C.**   ***There Is No Basis For "Patient Harm" Discovery From Outside Of JJHCS***

SaveOnSP cites in this section to 25 exhibits.  None support its argument that there should

be patient harm related discovery from non-JJHCS entities.  Simply put:  complaints from patients

about some aspect of the SaveOnSP program (or for that matter the CarePath program, to the extent

such complaints actually exist) are funneled to JJHCS, which oversees the management of

CarePath.  This is because patients who interact with CarePath do so by contacting JJHCS's vendor

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 23

TrialCard, which is in turn supervised by JJHCS.  Non-JJHCS entities have no material role in the process, other than transmitting such complaints to JJHCS.

A few of the exhibits in this section contain similar defects to those discussed above, such as relying on documents only to identify individuals' employment, *see* SaveOnSP Exs. 22, 26, 61, 73, or entirely mischaracterizing the contents of the exhibit, *see* SaveOnSP Ex. 72 (███████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████ r).

But most of the exhibits SaveOnSP cites in this section are simply irrelevant to SaveOnSP and to this litigation.  For example, several of SaveOnSP's exhibits discuss accumulators and/or maximizers in an abbreviated, generalized fashion.  *See, e.g.*, SaveOnSP Exs. 10, 60, 62–64, 67, 69.  The Court has already held that, as a general matter, JJHCS's document productions should be focused on documents relating to SaveOnSP—not passing references to accumulators or maximizers without any analysis or discussion of JJHCS's proposed response.  *See* Oct. 20, 2023 Tr. at 83:10–84:21, 101:10–108:23 (Judge Waldor concluding that the "SaveOn" limiter was needed to tie SaveOnSP's requested discovery to this case, as general discussions of maximizers and accumulators without a connection to SaveOnSP are not relevant).  While the Court created a narrow exception to this rule for documents relating to the CAP Program, this did not open the door to broad discovery on the general subject of maximizers and accumulators, let alone to the taking of such discovery from non-parties, as SaveOnSP seeks to do here.

Here, only one of the exhibits cited in this section mentions SaveOnSP at all, and then only a single time in a general context along with other maximizer and accumulator programs.  *See,*

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 24

*e.g.*, SaveOnSP Exs. 60–68, 70–77; *see* SaveOnSP Ex. 69 (

This document—██████████████████████████—provides ███████████████
████████████████████████████████████████████████████████.

Many of these exhibits are also untethered to the claims and defenses in this litigation, discussing issues or companies that are not relevant to this case.  *See* SaveOnSP Ex. 65 (████████████
██████████████████████████████████████████████████████

SaveOnSP Ex. 66 (██████████████████████████████████████████████
█████████████████).  This provides no basis for taking discovery of non-JJHCS entities.

Irrelevant documents cannot prove the need for discovery from non-JJHCS entities.  Nor is it any surprise that employees in different Janssen entities would at times research broad health care policy issues concerning patient outcomes, patient perceptions, or patient confusion as it relates to accessing life-saving medications.  None of this generalized discussion means that SaveOnSP has the right to demand discovery from an unspecified number of entities and individuals involved in general health care industry research at Johnson & Johnson.  Nor does it follow that SaveOnSP is entitled to take discovery about every instance in which an individual outside of JJHCS researched or discussed issues that may in the broadest possible sense relate to the subject of copay support.  Rather, it further demonstrates the overbreadth of this motion.

*       *       *

Honorable Freda L. Wolfson, U.S.D.J.
May 14, 2024
Page 25

For the foregoing reasons, we request that Your Honor deny SaveOnSP's motion to compel

JJHCS to produce documents from non-JJHCS entities.  We appreciate Your Honor's attention to

this matter.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:     Counsel of record for SaveOnSP

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S FIRST SET OF INTERROGATORIES** |

Pursuant to the Court's June 29, 2023 Order, Johnson and Johnson Health Care Systems, Inc. ("JJHCS") submits these supplemental responses to Save On SP, LLC's ("SaveOnSP") First Set of Interrogatories (the "Interrogatories").  (*See* Dkt. No. 127.)  JJHCS reserves the right to amend, modify, or supplement these responses.

## **GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or

1

ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response.  JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth.  If SaveOnSP subsequently asserts an interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.      JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.      JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.      JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.      JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.       JJHCS objects to the definition of the term "Janssen" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.       JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the

2

extent it purports to include drugs that are not covered by CarePath. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3. JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

4. JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from January 1, 2017 to the present. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

5. JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

3

departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

<strong><u>OBJECTIONS TO THE TIME PERIOD</u></strong>

1.      JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from before April 1, 2016.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through July 1, 2022 (the "Time Period").

<strong><u>RESPONSES TO INTERROGATORIES</u></strong>

<strong><u>Interrogatory No. 1</u></strong>

Identify each person who participated in or had responsibility for communications with patients or health plans, including any communications between CarePath Care Coordinators or JJHCS Hub Entities and patients, from January 1, 2009 through the present.

**Response:**

4



- ██████████
- ███████████
- ██████████████
- ████████
- ███████
- ██████████
- ███████
- ███████
- ██████

████████████ ██████████████████████████████████████

███████████████████████████████: 

- █████
- ██████
- ██████
- ███████
- █████
- █████
- ██████
- ██████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████.

JHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

JHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

<u>**Interrogatory No. 2**</u>

Identify each person who participated in or had responsibility for the marketing of CarePath

8

or other communications with the public regarding CarePath, including those mentioning Copay Accumulator Services or Copay Maximizer Services, from January 1, 2009 through the present.

**Response:**

███████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████

███████████████████████████████████████

██████████████████████████████: ████████████████████

███████████████████████████████

█ ███████████████████

- ██████████
- ██████████
- █████
- ██████████
- ███████████████
- ███████
- ██████
- ██████████
- ███████████
- ███████████
- ████████████
- ███████████████
- ███████
- ██████
- ███████████
- ███████
- ███████
- ██████
- ██████

████████████████████████████████████

███████████████████████: 

- ██████
- ███████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**



11

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

▐ ████████

▐ █████████████

▐ ████████████

▐ ██████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 3**

Identify each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug, from January 1, 2009 through the present.

**Response:**

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████.

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████: ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████  ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## Interrogatory No. 4

Identify each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs, from January 1, 2009 through the present.

**Response:**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████    ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████

    ████████████████████████████████████████

████████████████████    ████████████████████████████

██████████████████████████████████████:

      █  ████████████████

      █  ██████████

      █  ██████████

15



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

██████████████████████████████████████

███████████████████████████████████: ███████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 5**

Identify each person who participated in or had responsibility for JJHCS's attempts to identify health plans advised by SaveOnSP or patients enrolled in such plans.

**Response:**

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████s:   ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████:

● ██████████████████

▌ █████████████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████.

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 6**

Identify each person who participated in or had responsibility for JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients enrolled in health plans advised by SaveOnSP, including JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients using Stelara or Tremfya.

**Response:**

█ ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

        ████████████████████████████████████████

████████████████████████: ████████████████████████

20

███████████████████████████████████████████████████████

██████████████████████████████████████████████████ :

    ▎ ████████████

    ▎ ████████████

    ▎ ████████████

    ▎ ████████████████

    ▎ ████████████

        ████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████

    ▎ ████████

    ▎ ████████████

    ▎ ██████████████████

    ▎ █████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

        ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"

under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 7**

Identify each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**Response:**

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████.

███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████

██████████████████████████████████: ████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

Dated: July 28, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM
KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATION

1. I am Senior Director of Supplier Management & Operations for the Patient Engagement & Customer Solutions group within JJHCS. I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2. I have read the attached Responses to SaveOnSP's First Set of Interrogatories.

3. The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4. As to Responses based upon my personal knowledge, they are true to the best of my knowledge. As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.

Dated: July 28, 2023
Piscataway, NJ

John Paul Franz

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

February 5, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re: ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

We write regarding the scope of your discovery responses. In your responses and objections ("R&O") to all of SaveOn's document requests and most of its interrogatories you continue to object to the definition of the term Janssen[1] "to the extent the term is used to seek documents and communications [or information] in the possession of entities other than JJHCS." *See* JJHCS's R&Os to SaveOn's First through Sixth Sets of RFPs; JJHCS's initial and supplemental R&Os to SaveOn's Second Set of Interrogatories.

In a December 15 letter and a January 29 meet and confer, we asked you whether J&J would search for and produce responsive discovery outside of JJHCS, including from Janssen. *See* December 15, 2023 Ltr. at 1. You did not respond directly, stating instead that "JJHCS is the sole relevant J&J entity involved in the development, marketing, or administration of CarePath." *See* Jan. 2 Ltr. at 2. Documents J&J that has produced to date and its interrogatory responses show that

---

[1] According to our RFPs and interrogatories, "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

Julia Long
February 5, 2024

JJHCS is not the sole relevant J&J entity; employees of other J&J entities have relevant information. *See, e.g.*, JJHCS_000002616 (█████████████████ ██████████████████████████████), JJHCS_00001460 (█████████████ ███████████████████████████████), JJHCS_00041213 (███████████ ████████████), January 31, 2024 JJHCS's Supplemental R&Os to SaveOn's First Set of Interrogatories at 13, 20, 29. Judge Wolfson agreed that certain non-JJHCS, J&J employees likely had responsive documents. *See* Jan. 24, 2024 Discovery Conference Rough Tr. at 128-129, 131.

Please tell us whether, in responding to each of SaveOn's requests, J&J has and will identify custodians, search for and produce responsive documents, and provide interrogatory responses based on information outside of JJHCS, including within Janssen. If J&J will not do so, please provide the basis for its withholding of such information.

We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 3





February 13, 2024

Caroline Zielinski
(212) 336-2206

**<u>By Email</u>**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   **Non-JJHCS Discovery**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> <u>**Case No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

We write in response to your February 5, 2024 letter in which you inquired as to whether "in responding to each of SaveOn's requests," JJHCS "will identify custodians, search for and produce responsive documents, and provide interrogatory responses based on information outside of JJHCS, including within Janssen." *See* Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2. The answer is no. We restate our position, held throughout this litigation, that JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath. Moreover, in response to the Court's order of June 29, 2023, JJHCS has already updated its interrogatory responses to identify individuals outside of JJHCS responsible for making decisions regarding the CarePath program. Nothing more is required.

SaveOnSP has repeatedly litigated the issue of whether JJHCS is required to search for and produce responsive documents from individuals outside of JJHCS, and JJHCS has repeatedly prevailed. As you know, SaveOnSP brought a motion to compel on this exact issue on June 23, 2023, requesting that JJHCS "(1) respond to SaveOnSP's interrogatories and identify individuals at all Johnson & Johnson entities with knowledge of the relevant topics; and (2) produce documents responsive to SaveOnSP's document requests from all such entities." *See* June 23, 2023 Joint Ltr. to J. Waldor at 4. Judge Waldor refused to order the broad relief that SaveOnSP sought. To the contrary, Judge Waldor ordered JJHCS to undertake a more limited investigation "regarding non-JJHCS personnel . . . responsible for making decisions regarding the CarePath program" and to "supplement its interrogatory responses, as appropriate." (Dkt. No. 127.) JJHCS complied and produced supplemental responses to SaveOnSP's interrogatories on July 28, 2023.

Elizabeth Snow, Esq.
February 13, 2024
Page 2

This should have concluded the issue, but SaveOnSP chose to revisit its request at the October 30, 2023 conference. Specifically, despite the issue being fully decided, SaveOnSP renewed its request that JJHCS undertake a broad investigation as to employees at entities other than JJHCS who purportedly have "relevant information" about the CarePath Program. *See* Oct. 30, 2023 Transcript at 37:25–38:24 (requesting JJHCS identify "everyone with relevant information"). Judge Waldor denied SaveOnSP's attempt to relitigate this issue—observing that the June 29, 2023 order "was pretty clear" and "I am not sure why we're still arguing about this"— and agreed that JJHCS had taken all steps necessary to comply with the Court's June 29, 2023 order by conducting an investigation as to the personnel responsible for making decisions as to the CarePath program and updating its interrogatory responses accordingly. *See id.* at 36:9–41:7. This forecloses SaveOnSP's argument.

Contrary to your representations, Judge Wolfson's orders have not opened the door for SaveOnSP to relitigate this issue once again. In your February 5 letter, you rely on a portion of the January 24, 2024 conference transcript during which Judge Wolfson ordered JJHCS to designate three additional custodians whose documents would be subject to collection and review based on limited search terms to be negotiated between the parties. *See* Feb. 5, 2024 Ltr. from E. Snow to J. Long at 2; *see also* Jan. 24, 2024 Tr. at 128:14–129:5 ("[A]s I said, these are going to be limited search terms."). Judge Wolfson's order requiring JJHCS to designate three additional custodians for limited discovery does not support the broad relief that SaveOnSP seeks.

To be clear, JJHCS will comply with Judge Wolfson's orders, as stated at the January 24, 2024 conference and memorialized in her February 6, 2024 order (Dkt. No. 192). That order does not obligate JJHCS to conduct a further investigation into whether individuals outside of JJHCS possess relevant information or responsive documents, nor will it do so. We reject SaveOnSP's latest attempt to relitigate issues that have already been foreclosed by prior orders.

Very truly yours,

*/s/Caroline Zielinski*
Caroline Zielinski

14918773

# Exhibit 4



www.pbwt.com

September 6, 2023

Elisabeth Shane
Associate
(212) 336-2659
eshane@pbwt.com

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re: *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
    **No. 2:22-cv-02632 (ES) (CLW)**

Dear Elizabeth:

We write in response to your August 30, 2023 letter concerning supplemental search terms.

In your letter, you agree to drop your request for the following terms:

- "copay assistance" w/10 program

- (CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND (patient w/20 (copay or payment or contrib*))

- pay* w/100 (patient w/10 ("high deduc*) OR "high-deduc* OR "health savings" OR HSA)

- CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") /100 (ACA OR "Affordable Care Act" OR Obamacare)

*See* Aug. 30, 2023 Ltr. from E. Snow to J. Long, at 1. Thank you for agreeing to drop this request.

SaveOnSP next proposes an adjustment to the term, "CAP OR CAPm OR CAPa," asking that instead, JJHCS supplement its search with the following terms: "CAPm" OR "CAPa" OR "adjustment program." SaveOnSP argues that these terms are designed to "capture JJHCS's copay adjustment program . . . which JJHCS appears to use to address the effects of accumulators and maximizers," and that JJHCS agreed to produce "studies, reports, and publications that JJHCS funded or supported regarding accumulator and maximizer programs broadly, as well as internal communications about such documents." *See id.* at 2 (first citing Feb. 9, 2023 Ltr. from A.

Elizabeth H. Snow, Esq.
September 6, 2023
Page 2


LoMonaco to M. Nelson, regarding SaveOnSP's RFP No. 20; and then citing JJHCS's R&O's to
SaveOnSP's RFP No. 49).

As SaveOnSP acknowledges, the parties reached an agreement with respect to the
scope of production on RFP No. 20 over six months ago.  And in addition to the search terms
previously agreed-to by the parties, JJHCS unilaterally added the following search terms, which
were run over Silas Martin's custodial data, to satisfy its discovery obligations as to RFP No. 20:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR
  SOSP

- (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR
  "non-essential health benefit" OR "nonessential health benefit" OR NEHB*
  OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR
  article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR
  partner*)

- (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25
  (impact* OR effect* OR patient* OR equity)

- (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle
  Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

These terms are sufficient to capture all responsive documents.  JJHCS, therefore, declines to add
SaveOnSP's proposed supplemental terms as unnecessary to satisfy its obligations as to RFP
No. 20.

In addition, SaveOnSP contends that additional search terms are necessary to
capture responsive materials to RFP No. 49, to which JJHCS has agreed to produce documents
"sufficient to show (i) final versions of reports received by JJHCS from external vendors in
response to JJHCS's request that they analyze CarePath enrollment and claims data to assess
whether it is possible to identify individuals enrolled in SaveOnSP; and (ii) JJHCS's internal
analyses to assess whether it is possible to identify individuals enrolled in accumulator or
maximizer programs generally."  JJHCS R&O's to RFP No. 49.  Because this is a "sufficient to
show" request, SaveOnSP's proposed supplemental terms are unnecessary to capture the requested
information.  JJHCS has identified documents sufficient to show these analyses and will produce
them in an upcoming production.

Finally, for the reasons articulated in JJHCS's July 28, 2023 letter, JJHCS declines
to add the following supplemental search strings:

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR
  maximiz* OR copay* OR co-pay* OR coins* OR co-insur* OR "cost share")

Elizabeth H. Snow, Esq.
September 6, 2023
Page 3

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz* OR copay* OR co-pay* OR coins* OR co-insur* OR "cost share")

- Copay w/5 max*

- Copay w/5 accumulat*

As indicated in JJHCS's July 28, 2023 letter, these four additional search strings would require JJHCS to review over 50,000 unique documents including families.  *See* July 28, 2023 Ltr. from J. Long to E. Snow, at 4–5.  Not only are these additional terms unnecessary to capture the universe of relevant documents, at this advanced stage in the litigation, SaveOnSP's untimely attempt to impose additional, significant discovery burdens on JJHCS cannot be justified.  These proposed supplemental terms appear to be tied to document requests served over nine months ago.  *See* July 18, 2023 Ltr. from E. Snow to G. LoBiondo (first citing Feb. 14, 2023 Ltr. from A. LoMonaco to M. Nelson, at 1–2 (discussing SaveOnSP RFP No. 25); and then referring to JJHCS's R&O's to SaveOnSP's RFP No. 8)).  Contrary to what SaveOnSP suggests, the relevant deadline here is not the close of fact discovery on January 26, 2024, but the now twice-extended, September 24, 2023 deadline to substantially complete document production.  JJHCS, therefore, declines to agree to these additional search terms.

Very truly yours,

*/s/ Elisabeth Shane*
Elisabeth Shane