

**Freda Wolfson**
Chief U.S. Dist. Judge (ret.)
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: **(862) 926-2708**
**F**: **(973) 597-2400**
**E**: **fwolfson@lowenstein.com**

## SPECIAL MASTER LETTER ORDER

October 21, 2024

*VIA ECF and Email*
**TO ALL COUNSEL OF RECORD**

    **RE:**   *Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
            **Civ. Action No.: 22-2632(JKS)(CLW)**

Counsel:

On October 11, 2024, I conducted an on-the-record hearing on five discovery-related motions filed by both Plaintiff Johnson & Johnson Health Care Systems, Inc. ("Plaintiff" or "JJHCS") and Defendant SaveOnSp, LLC ("Defendant" or "SaveOnSP"): 1) Plaintiff's motion to compel SaveOnSP to produce pre-April 2016 documents [ECF No. 411]; 2) Defendant's motion to add Joseph Incelli and Norhaan Khalil as custodians [ECF No. 356]; 3) Defendant's motion to compel documents regarding Plaintiff's mitigation efforts by its vendors TrialCard and RISRx [ECF No. 372]; 4) Defendant's motion to compel documents concerning the meaning of the "May-Not-Use" provision [ECF No. 355]; and 5) Defendant's motion to compel documents involving the enforcement of the "May-Not-Use" provision [ECF No. 383]. This Letter Order memorializes the rulings that I made on the record.

For the reasons set forth on the record, it is

**ORDERED** that Plaintiff's motion to compel SaveOnSP to produce pre-April 2016 documents is **GRANTED**, and Defendant shall produce non-privileged documents by October 18, 2024.

**ORDERED** that Defendant's cross-motion to compel Plaintiff to produce documents for the same period (August 2015-April 2016) for all of its existing custodians regarding JJHCS's knowledge and awareness of SaveOnSP's prospective services is **DENIED** without prejudice. Defendant has not cited to any record evidence to show that the documents it seeks exist, and as such, it appears that at this time, the broad search terms proposed by Defendant amounts to a fishing expedition. However, the parties shall meet and confer on narrower search terms, if appropriate.

**ORDERED** that Defendant's motion to add Joseph Incelli and Norhaan Khalil is **GRANTED** in part and **DENIED** in part, as follows:

1. Based on Incelli's responsibilities vis-à-vis the CAP program, I find that Incelli does not just play a nominal or supporting role in the Tiger Team, but rather, he could be in possession of non-duplicative, relevant documents that bear on the issue of damages (special and compensatory) and Defendant's defenses. However, Defendant's proposed search terms for Incelli are too broad. Plaintiff is directed to, first, perform an investigation of Incelli's files on his computer to find relevant documents; the parties shall then meet and confer on the search terms for the time period of January 1, 2021 to November 7, 2023.

2. As to Khalil, Defendant's motion is denied. Defendant has not submitted any evidence indicating that Khalil possesses relevant information that has not already been produced by Plaintiff through designated custodians. As a contract employee, Khalil played a relatively minor role, serving primarily as a liaison between the consulting firms and Johnson & Johnson employees. However, Plaintiff is directed to investigate whether there are any analyses of the underlying studies conducted by the consulting firms—specifically Currant Insights and Aurora WDC—and any information related to Phase 2. By October 27, 2024, Plaintiff shall communicate to Defendant the results of this investigation.

**ORDERED** that Defendant's motion to compel documents regarding Plaintiff's mitigation efforts by its vendors TrialCard and RISRx is **GRANTED**, as follows:

1. As to TrialCard, Plaintiff is directed to use the following search terms:

   *TrialCard w/25 (accumulator\* OR maximizer\* OR CAPm OR CAPa OR "adjustment program")*

   Plaintiff shall advise Defendant the hit count for this search. Additionally, the parties are directed to confer on the appropriate timeframe for the search. If any issue arises, the parties are directed to informally bring it to my attention immediately.

2. As to RISRx, Plaintiff is directed to use the following search terms:

   *("RIS" OR "RISRx") w/50 (accumulator\* OR maximizer\* OR CAPm OR CAPa OR "adjustment program")*

3

With regard to the timeframe, because Plaintiff represented that RISRx was not engaged by JJHCS until 2022, the appropriate period for the search is January 1, 2022 to November 7, 2023.

**ORDERED** that Defendant's motion to compel documents regarding the meaning of the "May-Not-Use" provision is **GRANTED** in part. Plaintiff is directed to run the following search terms on the agreed-upon 18 custodians from April 1, 2026 to November 7, 2023:

*((violat\* OR bar\* OR prohibit\* OR breach\* OR preclude\* OR allow\* OR permit\*) w/25 (accumulat\* OR maximiz\*)) w/40 ("other offer\*" OR coupon\* OR discount\* OR "savings card\*" OR "free trial\*"))*

**ORDERED** that Defendant's motion to compel documents regarding enforcement of the "May-Not-Use" provision is **DENIED** as **MOOT**. The motion is resolved based on Plaintiff's representation on the record that it has already located and produced all relevant documents related to this request and that no other documents are outstanding.

> */s/ Freda L. Wolfson*
> Hon. Freda L. Wolfson (ret.)
> Special Master