**Freda Wolfson**
Chief U.S. Dist. Judge (ret.)
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

T: (862) 926-2708
F: (973) 597-2400
E: fwolfson@lowenstein.com

# SPECIAL MASTER LETTER ORDER

October 29, 2024

*VIA ECF and Email*
TO ALL COUNSEL OF RECORD

    RE:    *Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC, et al.*
            **Civ. Action No.: 22-2632 (JKS)(CLW)**

Counsel:

Before me is a motion, filed by Plaintiff Johnson & Johnson Health Care Systems, Inc. ("Plaintiff" or "JJHCS"), to unseal the Amended Complaint and the parties' submissions in connection with motion to amend the complaint. Plaintiff filed its Motion to unseal when it filed the now-resolved motion to amend. Defendant SaveOnSP, LLC ("SaveOnSP") opposes the Motion to unseal on the sole basis that I should defer my decision on that motion until Plaintiff's motion to amend is decided.[1] Defendant Accredo Health Group, Inc. ("Accredo") opposes the Motion to unseal on the merits, and in doing so, they seek to redact four specific allegations pled in the Amended Complaint.

After filing the Amended Complaint under seal, I provided SaveOnSP the opportunity to propose any redactions, and counsel for SaveOnSP subsequently confirmed that no redactions were requested. As such, the only remaining issue is the propriety of the four proposed redactions by Accredo.

---

[1] Since that motion has been decided and the Amended Complaint has been filed, that objection is now moot.

According to Accredo, those redactions contain trade secrets, information that could cause Accredo commercial harm if made public, and private medical information of non-parties. I have reviewed *in camera* the non-redacted version of the pleadings, and for the reasons set forth below, I do not find that the information Accredo seeks to protect merits redaction, and therefore, Plaintiff's Motion is **GRANTED**.

Local Civil Rule 5.3 governs sealing. The party seeking to seal must describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). In doing so, that party bears the burden of demonstrating good cause to overcome the presumption of a public right of access to judicial proceedings and records. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 U.S. Dist. LEXIS 22297, at *6 (D.N.J. Mar. 30, 2006) (finding that "[b]ecause a motion to amend a pleading is not a discovery motion, the presumption in favor of public access applies . . ."). Here, the documents sought to be unsealed by Plaintiff are plainly judicial records.

"Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics*, 2006 U.S. Dist. LEXIS 2297, at *7 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). On the other hand, good cause is lacking when a party asserts "broad allegations of harm, unsubstantiated by specific examples or articulated

2

reasoning." *Pansy*, 23 F.3d at 786 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

Relevant here, sealing of documents is appropriate when they are confidential business information, including confidential "business strategy," "business analysis," and information regarding non-public "business operations," as well as "internal operations information" and other "commercial, financial, marketing, and business information." *Atl. Coast Life Ins. Co. v. A.M. Best Rating Servs.*, Inc., No. 24-5470, 2024 U.S. Dist. LEXIS 135982, at *5 (D.N.J. Jun. 7, 2024) (citations omitted). These types of business information fall within "[a] well-settled exception to the right of access" to protect "a party's interest in confidential commercial information," in the presence of a threat of irreparable harm. *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citations and quotations omitted).

Next, I will address each of the four statements in the Amended Complaint to assess whether redaction is appropriate.

1.      **Paragraph 66**

Paragraph 66 of the Amended Complaint discusses, generally, Accredo's role in dispensing specialty medications, including the Janssen drugs at issue in this case, and that Accredo handles the insurance claims process for patients. The portion of the paragraph that Accredo seeks to redact pertains to an internal presentation that, according to Accredo, reveals sensitive business information. Accredo argues that public disclosure of this information would harm its competitive position in the marketplace by allowing competitors to adopt similar operational strategies. While business operations

3

or strategy would be protectable, the statement at issue does not divulge any business secrets. Rather, the allegation merely mentions the existence of an Accredo presentation that described Accredo's relationship with SaveOnSP—without providing any greater details. Indeed, the fact that that Accredo is allegedly partnered with SaveOnSP is not confidential. As such, the general description in Paragraph 66 does not constitute confidential commercial information. Accredo has failed to show good cause as to why Paragraph 66 should be redacted.

**2.  Paragraph 74**

This paragraph refers to an email chain in which Accredo employees allegedly discussed how Accredo, Express Scripts, and SaveOnSP collaborated in responding to manufacturers that denied copay assistance to patients enrolled in an accumulator or maximizer program. Specifically, these entities drafted sales and account communications that were shared with health plans participating in SaveOnSP's program. Paragraph 74 then provides an example of draft communications that, Accredo argues, reveal ongoing business strategies shared among the three entities; if disclosed, these strategies could give competitors an opportunity to undermine Accredo's market position.

Accredo overstates the business nature of the statement at issue. The statement does not disclose any sensitive commercial information; rather, Plaintiff used an example from draft communications to support Plaintiff's allegation that SaveOnSP, Accredo and ESI worked together on certain messaging. Paragraph 74 does not indicate in any specificity, other than the general topic, what that message was, and it does not include

4

any confidential analysis, strategy or internal operations. Accordingly, Accredo lacks good cause to redact Paragraph 74.

**3.      Paragraph 138**

Plaintiff alleges in Paragraph 138 that SaveOnSP's scheme involves complicating the enrollment process for patients, and one of the complications is Accredo's "ruse" to push a patient to apply for copay support. The portion of Paragraph 138 that Accredo seeks to redact concerns an unidentified third-party complaining of Accredo's role vis-à-vis the SaveOnSP program. However, this communication lacks any mention of Accredo's confidential business or trade secrets. Instead, Accredo advances two arguments: first, the communications involve outside parties that have their own confidentiality concerns; and second, if the information is disclosed, it would cause harm to Accredo's business relationships with these third-parties. I am not persuaded by either argument. The Amended Complaint does not identify the third party who made the complaint, and to the extent Accredo seeks to limit the exposure of negative comments, that is not a basis for redaction as the comments do not disclose confidential business information. Accordingly, good cause does not exist to redact Paragraph 138.

**4.      Paragraph 141**

Accredo argues that in Paragraph 141, some of the information referenced and quoted by Plaintiff includes private medical information related to a patient served by Accredo. Accredo claims that the pleadings divulge confidential personal medical history, which must be protected. While it is indeed essential to redact medical information regarding any individual non-party to protect his/her privacy, Paragraph

5

141 discloses no such details. Instead, it alleges that an unidentified person made complaints on behalf of his patient-spouse about the SaveOnSP program to an ESI employee. Although, for the purposes of this Letter Order, I need not elaborate further on the allegation, none of the purported medical information warrants redaction; the information disclosed is presented in a generalized fashion, with neither the identity of the complainant nor that of the patient mentioned. Hence, Accredo has failed to demonstrate good cause for redacting Paragraph 141.

For the foregoing reasons, I find that Accredo has failed to establish good cause to overcome the presumption of a public right of access to judicial proceedings and records, and therefore, Plaintiff's motion to unseal is **GRANTED**. Accredo shall have 21 days from the date of this Letter Order to object. If no timely objection is made, Plaintiff shall submit a proposed order to me, granting its motion to unseal and directing the Clerk's Office to unseal certain documents on the docket (identify by ECF number), including my Report and Recommendation resolving Plaintiff's motion to amend, consistent with this Letter Order.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master