**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated September 27, 2024 [ECF No. 392] | Letter motion contains (1) quotations from and characterizations of the deposition transcript of a Save On SP, LLC ("SaveOn") employee which discuss her job responsibilities, and (2) quotations from and characterizations of documents produced in discovery which reflect SaveOn employees' emails and Microsoft Teams messages about their job responsibilities and SaveOn's business practices, and (3) quotations from and characterizations of documents summarizing a monthly meeting between SaveOn and Express Scripts, Inc. ("ESI"), comprising | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | proprietary business information. *See* ECF No. 392. | | | | |
| Exhibit 1 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 1 is a confidential deposition transcript of a SaveOn employee, containing direct and substantive reference to SaveOn's business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | Yes. *See, e.g.*, ECF No. 287 at Ex. 3. | No objection |
| Exhibit 2 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 2 is SaveOn's Supplemental Responses and Objections to Johnson & Johnson Health Care Systems Inc.'s (with its affiliates, "J&J") Interrogatories Nos. 2, 7, 18, and 20. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 392 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| Exhibit 3 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 3 is a chain of Microsoft Teams messages between SaveOn employees, produced during discovery, that discusses SaveOn's business practices for assisting patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 392 at Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 4 is a chain of Microsoft Teams messages between SaveOn employees, produced during discovery, that discusses SaveOn's business practices for assisting patients on SaveOn-advised plans and discusses personal identifying information about specific patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 392 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 5 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 5 is a document containing a SaveOn employee's notes disclosing information about patients on SaveOn-advised plans who signed up for manufacturer copay assistance and SaveOn's business practices for communicating with drug manufacturers' copay assistance programs, comprising proprietary business information. *See* ECF No. 392 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. . | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 6 is a document containing a SaveOn employee's notes discussing SaveOn's business practices for communicating with drug manufacturers' copay assistance programs, comprising proprietary business information. *See* ECF No. 392 at Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 7 to Letter dated September | Exhibit 7 is a chain of text messages between SaveOn employees, produced during | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

4

| | | | | | |
|---|---|---|---|---|---|
| 27, 2024 [ECF No. 392] | discovery, that discusses SaveOn's business practices for assisting patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 392 at Ex. 7. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 8 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 8 is an email from a SaveOn employee to other SaveOn employees, produced during discovery, discussing SaveOn's business practices for communicating with drug manufacturers' copay assistance programs, comprising proprietary business information. *See* ECF No. 392 at Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 10 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 10 is a letter from counsel for SaveOn to counsel for J&J. The letter explains SaveOn's business practice for processing certain claims of patients on SaveOn-advised plans, comprising proprietary business information. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

5

| | | | | | |
|---|---|---|---|---|---|
| | *See* ECF No. 392 at Ex. 10. | | | | |
| Exhibit 11 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 11 is an email chain between SaveOn employees, produced during discovery, that discusses personal identifying information about specific patients and SaveOn's business practices for communicating with drug manufacturers' copay assistance programs, comprising proprietary business information and confidential patient health information. *See* ECF No. 392 at Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 12 is an email chain between SaveOn and ESI employees sending information about—including minutes and preparation material—a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

6

| Exhibit 13 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 13 is an email chain between SaveOn and ESI employees sending information about—including minutes and preparation material—a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 14 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 14 is an email chain between SaveOn and ESI employees sending information— including minutes and preparation material— about a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 14. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 15 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 15 is an email chain between SaveOn and ESI employees sending information— including minutes and preparation material— about a meeting between | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | ESI and SaveOn to discuss business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 15. | be disclosed to competitors and other market participants. | | | |
| Exhibit 16 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 16 is an email chain between SaveOn and ESI employees sending information—including minutes and preparation material—about a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 17 to Letter dated September 27, 2024 [ECF No. 392] | Exhibit 17 is a presentation prepared by ESI that describes SaveOn's and ESI's business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 17. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated October 14, 2024 | Letter motion contains (1) quotations from and characterizations of the deposition transcript of a SaveOn employee which | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | A redacted, public version of the letter is being filed. It is believed that no less restrictive alter- | No | No objection |

8

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 414] | discuss her job responsibilities, (2) quotations from and characterizations of documents produced in discovery which reflect SaveOn employees' emails and Microsoft Teams messages about their job responsibilities and SaveOn's business practices, and (3) quotations from and characterizations of documents summarizing a monthly meeting between SaveOn and ESI, comprising proprietary business information. *See* ECF No. 414. | non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | native is available to pre-vent the disclosure of SaveOn's proprietary business in-formation. | | |
| Exhibit 1 to Letter dated October 14, 2024 [ECF No. 414] | Exhibit 1 is SaveOn's supplemental Responses and Objections to J&J's Interrogatories Nos. 2, 4, 10, 16, 17, 18, and 20. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | A redacted, public ver-sion of the R&Os is be-ing filed. It is believed that no less restrictive al-ternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

9

| | | | | | |
|---|---|---|---|---|---|
| | proprietary business information. *See* ECF No. 414 at Ex. 1. | | | | |
| Exhibit 2 to Letter dated October 14, 2024 [ECF No. 414] | Exhibit 2 is an email chain between SaveOn and ESI employees sending information—including minutes and preparation material—about a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business information. The email chain also includes information about patients on SaveOn-advised plans, comprising confidential health information. *See* ECF No. 414 at Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.  Patients would also be harmed by the disclosure of their confidential health information | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to Letter dated October 14, 2024 [ECF No. 414] | Exhibit 3 is an email chain between SaveOn and ESI employees sending information—including minutes and preparation material—about a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

Case 2:22-cv-02632-CCC-CLW   Document 430-2   Filed 11/04/24   Page 11 of 13
PageID: 44488

| | | | | | |
|---|---|---|---|---|---|
| | information. *See* ECF No. 414 at Ex. 3. | | | | |
| Exhibit 4 to Letter dated October 14, 2024 [ECF No. 414] | Exhibit 4 is an email between SaveOn and ESI employees sending information about medications covered by SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 414 at Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 5 to Letter dated October 14, 2024 [ECF No. 414] | Exhibit 5 is an email chain between SaveOn and ESI employees sending information—including minutes and preparation material—about a meeting between ESI and SaveOn to discuss business practices, comprising proprietary business information. *See* ECF No. 414 at Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Letter dated October 21, 2024 [ECF No. 421] | Letter motion contains (1) quotations from and characterizations of the deposition transcript of a SaveOn employee which discuss her job responsibilities, (2) quotations from and | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | characterizations of documents produced in discovery which reflect SaveOn employees' emails and Microsoft Teams messages about their job responsibilities and SaveOn's business practices, and (3) quotations from and characterizations of documents summarizing a monthly meeting between SaveOn and ESI, comprising proprietary business information. *See* ECF No. 421. | be disclosed to competitors and other market participants. | | | |
| Exhibit 21 to Letter dated October 21, 2024 [ECF No. 421] | Exhibit 21 is an email chain between SaveOn and ESI employees discussing SaveOn's and ESI's business practices for ensuring patients on SaveOn-advised plans did not have to pay out of pocket for their medications, comprising proprietary business information. *See* ECF No. 421 at Ex. 21. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 22 to Letter | Exhibit 22 is a chart containing the salaries, | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No | No objection |

12

| | | | | | |
|---|---|---|---|---|---|
| dated October 21, 2024 [ECF No. 421] | names, and dates of birth of SaveOn employees, comprising proprietary business information and personally identifying information about SaveOn employees. *See* ECF No. 421 at Ex. 22. | competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. SaveOn employees would also be harmed by the disclosure of their personally identifying information. | available to prevent the disclosure of SaveOn's proprietary business information. | | |
| Exhibit 25 to Letter dated October 21, 2024 [ECF No. 421] | Exhibit 25 is SaveOn's Responses and Objections to J&J's Requests for Production Nos. 81-84. SaveOn's R&Os quote from a redacted docket entry, *see* ECF No. 139, which describes SaveOn's annual profits, comprising proprietary business information. *See* ECF No. 421 at Ex. 25. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

13