# Sills Cummis & Gross
### A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

September 27, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:   Motion to Compel SaveOnSP to Produce Documents
Responsive to JJHCS's Request Nos. 126, 127, and 129
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we move to compel SaveOnSP to produce documents responsive to JJHCS's Request Nos. 126 and 127 (the "Personnel File Requests"), as well as JJHCS's Request No. 129 (the "Monthly Sales Team Request").

The parties' dispute here is not about burden. It is only about relevance. But both the Personnel File Requests and the Monthly Sales Team Request seek documents that are squarely relevant. The Personnel File Requests target the personnel files of the four SaveOnSP employees (Ayesha Zulqarnain, Alissa Langley, Kelsey Leger, and Jessica Johnson) that SaveOnSP has identified as direct participants in its efforts to deceive drug manufacturers. JJHCS would like to know if these employees received plaudits, such as kudos in performance reviews or bonuses in

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 2

cash, for their work to deceive JJHCS and other manufacturers. The Monthly Sales Team Request, meanwhile, calls for SaveOnSP to run a single search term related to meetings at which SaveOnSP and Express Scripts executives made important decisions about the SaveOnSP scheme. The Court should order SaveOnSP to produce documents in both categories.

I. **Personnel File Requests (Request Nos. 126 and 127)**

Request No. 126 seeks "[p]ersonnel or human resources files, including performance evaluations or performance reviews" for four employees: Ayesha Zulqarnain, Alissa Langley, Kelsey Leger, and Jessica Johnson. Request No. 127 seeks "documents sufficient to show any promotions or demotions, compensation, compensation changes, bonuses, or disciplinary action" concerning the same four employees.

A. **The Employees Deceive Drug Manufacturers to Help SaveOnSP Evade Detection and Controls**

SaveOnSP admits that the four employees at issue routinely lied about their identities and affiliations when communicating with pharmaceutical manufacturers. They did this to help SaveOnSP defeat manufacturer attempts to eliminate SaveOnSP misappropriation. JJHCS has already presented extensive evidence of this misconduct to the Court, *see* Dkt. No. 358-14, but as discovery has progressed, the full scope of the deceptive efforts by these four SaveOnSP employees has become increasingly clear.

For example, at her deposition, [REDACTED]

[REDACTED] *See* Ex. 1 (Nov. 10, 2023 Dep. of Ayesha Zulqarnain) at 169:20–170:21, 185:2–

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 3

186:5 ██████████ *id.* at 114:18–116:12, 149:8–23, and 179:7–17 ██████████ *id.* at 79:19–80:11, 107:5–25, 173:25–174:17 ██████████ Zulqarnain also testified that ██████████

██████████

██████████

██████████

██████████

██████ *See id.* at 77:4–6.

██████████

██████████

██████████ Ex. 2 (Apr. 24, 2024 Supplemental Interrogatory Responses) at 6–7. ██

██████████

██████████

██████████ *Id.* SaveOnSP documents tell the same story. For instance, ██████████

██████████ Ex. 3 (SOSP_2158522) at SOSP_2158522.0002.

██████████

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 4



*Id.* at SOSP_2158522.0002–.0003. ▮▮▮ *Id.* at SOSP_2158522.0004. ▮▮▮

▮▮▮ *Id.*

▮▮▮ Ex. 4 (SOSP_1145947) at –947. This ▮▮▮ likely involved the use of false identities or other forms of manufacturer deception. In addition to ▮▮▮

▮▮▮ Ex. 2 (Apr. 24, 2024 Supplemental Interrogatory Responses) at 6.

Similarly, documents produced by SaveOnSP indicate that these four employees frequently deceived pharmaceutical manufacturers by using false information to enroll in copay assistance programs. For example, ▮▮▮ Ex. 5 (SOSP_2321154) at –155. ▮▮▮ Ex. 6

4



Ex. 7 (SOSP_1068642) at –643.

Ex. 8 (SOSP_1145972) at –972

**B. These Four Employees' Personnel Files Should Be Produced**

In light of the foregoing evidence, JJHCS served the Personnel File requests to explore whether these employees' misconduct was sanctioned or tolerated by senior SaveOnSP leadership. SaveOnSP objected to the Personnel File Requests as irrelevant. Ex. 9 (SaveOnSP's Responses and Objections to JJHCS's Thirteenth Set of RFPs) at 6. After weeks of conferral, SaveOnSP stood behind its relevance objection to the requests, forcing JJHCS to file this motion. Ex. 10 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler) at 2. Yet the documents JJHCS seeks are squarely relevant to how senior SaveOnSP leadership responded to these employees' efforts to deceive pharmaceutical manufacturers. JJHCS expects their Personnel Files will show that their performances were encouraged and rewarded, potentially including through performance evaluations, promotions, raises, bonuses, or some sort of other reward. JJHCS further expects that

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 6

their Personnel Files will show that they were never disciplined, cautioned, or warned against engaging in this conduct. All of this is relevant and discoverable.

SaveOnSP claims that the personnel files are irrelevant because it has "reviewed the files and represent[s] that they do not contain any information regarding attempts to deceive or evade detection by manufacturers." Ex. 10 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler). But even if the personnel files do not expressly talk about manufacturer deception, they could show that these employees received positive performance evaluations, bonuses, or other incentives. Alternatively, the files may show that these employees were never disciplined at all for their deceptive behavior. This would be just as damning, since the misconduct at issue was widely known—and, indeed, formed a core part of these employees' roles. *See* SOSP_2342687 at 8:30 ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████[1]

Indeed, at times, senior SaveOnSP executives directly oversaw this strategy of deception. *See* Ex. 11 (SOSP_1114963) at –963 ████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████; Ex. 1 (Nov. 10, 2023 Dep. of Ayesha Zulqarnain) at 77:4–6 █████████████████████████████████████████

---

[1] Because of the format and file size of this native recording, JJHCS has not included it as an exhibit, but has identified it by Bates number so that SaveOnSP is able to review the cited material. If Your Honor wishes to review the recording, JJHCS will be happy to provide it through an FTP transfer or to arrange for a transcription.

6

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 7

██████████████████████████ Praise for their job performances, or even an absence of disciplinary action, would support JJHCS's claims that senior SaveOnSP executives were aware of the deception and tacitly endorsed it. If SaveOnSP wishes to argue that these employees' positive performance evaluations or bonuses were unrelated to their core job functions involving manufacturer deception, it can present that argument to the jury. That is not a reason for refusing to produce the Personnel Files.

Finally, SaveOnSP cannot argue undue burden. It claims to have already collected the documents necessary to satisfy the Requests (presumably from its central files) and says it has already reviewed them. Ex. 10 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler) at 2. All that remains is for SaveOnSP to produce them.

## II.   Monthly Sales Team Request (Request No. 129)

Request No. 129 seeks documents "concerning the Monthly Sales Team Discussion and its meetings . . . including all participant lists, associated emails, preparatory materials, research, agendas, meeting minutes, and calendar invitations." Ex. 9 (SaveOnSP's Responses and Objections to JJHCS's Thirteenth Set of RFPs) at 7.

### A.   Monthly Sales Team Discussions Address Relevant Issues

JJHCS's Complaint alleges that SaveOnSP collaborates with Express Scripts to market and sell the SaveOnSP program to payers, and to induce patients to enroll in it. Compl. ¶ 51.[2] It appears that important aspects of this collaboration took place during "Monthly Sales Team

---

[2] In the Proposed Amended Complaint, JJHCS further alleges that SaveOnSP and Express Scripts "collaborate to develop joint marketing materials and outreach communications to plans and patients" and "discuss and analyze potential strategies to utilize in marketing, messaging, and sales efforts."  PAC ¶¶ 71, 73.

7

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 8

Discussions" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ *See, e.g.*, Ex. 12 (SOSP_0303040) at –042. SaveOnSP has produced over a hundred documents that include the phrase "Monthly Sales Team Discussion," but many of those documents provide only high-level descriptions of what was discussed at these meetings. *See, e.g.*, Ex. 13 (SOSP_0307321) at –322 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 12 (SOSP_0303040) at –043 (same).

Nonetheless, from the handful of documents that SaveOnSP has produced, it is clear that the Monthly Sales Team Discussion included relevant topics and that the team memorialized those discussions in meeting agendas and related correspondence. For example, SaveOnSP has produced documents regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was handled over email rather than on a live call, meaning that the full scope of the discussion was captured in writing. Ex. 14 (SOSP_1111776). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at –778. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 15 (SOSP_2277821) at –821. As another example, SaveOnSP has produced a set of meeting notes from a July 2021 Monthly Sales Team Discussion. Ex. 16 (SOSP_0465403). ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████████████████

██████ Ex. 17 (SOSP_0694247).

### B. SaveOnSP Should Review and Produce Documents Hitting Upon a Narrow and Targeted Search Term Regarding Monthly Sales Meetings

JJHCS served this request because documents related to the Monthly Sales Team Discussion meetings are relevant to central issues—such as coordination between SaveOnSP and Express Scripts, SaveOnSP's deception of drug manufacturers, and SaveOnSP's responses to mitigation efforts by manufacturers—and SaveOnSP has produced only a handful of documents about them. But SaveOnSP refused to search and produce documents relating to these meetings, on the ground that its existing search terms already capture any meetings where relevant topics were discussed. Ex. 10 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler) at 2. That objection does not hold up.

The existing searches to which SaveOnSP refers were not designed to identify or produce documents reflecting these important meetings with SaveOnSP and Express Scripts. Some relevant documents no doubt happened to be captured, but SaveOnSP can hardly pretend that all documents reflecting the content of these meetings have been produced. As noted above, SaveOnSP has produced only a handful of documents containing meeting notes and minutes from the Monthly Sales Team Discussions.

Moreover, SaveOnSP has not agreed to run any search terms that include key words like "minutes" or "notes" that would likely capture documents memorializing the Monthly Sales Team Discussions. Ex. 18 (Aug. 1, 2024 Ltr. from M. Nelson to J. Long). And SaveOnSP has only run other key words like "call" or "meeting" in the context of a handful of narrow search terms

Honorable Freda L. Wolfson, U.S.D.J.
September 27, 2024
Page 10

designed to capture documents about manufacturer deception and other, unrelated meetings. *Id*. at 6, 7, 10. These terms would not capture documents about the Monthly Sales Team Discussion. JJHCS served Request No. 129 to fill in that blank.

The only way to identify responsive documents is through a targeted search, and JJHCS's proposed search term is as narrow as it can possibly be to capture these materials. JJHCS asked SaveOnSP to run the following search:

> ("Monthly Sales" OR (monthly w/10 (ESI or "Express Scripts"))) w/25 (discussion OR meet* OR conversation OR call OR notes OR minutes)

Ex. 19 (Jul. 24, 2024 Email from I. Eppler to M. Nussbaum). SaveOnSP would only need to review documents hitting on the phrase "Monthly Sales" or the word "monthly" in close proximity to "ESI" or "Express Scripts" *if* those phrases were also in close proximity to variations of "meet[ing]" or "call." These documents are highly likely to be relevant—SaveOnSP works with Express Scripts on the program at issue. And because JJHCS crafted this term to be as narrow as possible, it returned only 927 additional documents in SaveOnSP's files. Ex. 20 (Aug. 6, 2024 Email from M. Nussbaum to I. Eppler). SaveOnSP does not, and cannot, claim that reviewing such a small number of relevant documents is unduly burdensome.

## CONCLUSION

For the foregoing reasons, Your Honor should compel SaveOnSP to produce documents to JJHCS's Request Nos. 126, 127, and 129.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:   Counsel of record for SaveOnSP