# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 14, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
               *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in opposition to Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") motion to compel SaveOn to produce documents responsive to Request Nos. 126, 127, and 129.

J&J is not entitled to the highly sensitive personnel files that it demands in its Request Nos. 126 and 127—those files contain no new relevant information and producing them would violate SaveOn's employees' privacy for no reason. J&J is also not entitled to additional discovery regarding SaveOn's Monthly Sales Team Discussions with ESI, which it demands in its Request No.

129—SaveOn has produced a huge amount of discovery on these specific discussions and its general discussions with ESI, J&J identifies no gap in this production, and J&J's proposed search term is overbroad.

I.    **J&J Is Not Entitled to the Personnel Files of SaveOn's Employees**

"[S]pecial care must be taken before personnel files are turned over to an adverse party." *Pro. Recovery Servs., Inc. v. Gen. Elec. Cap. Corp.*, 2009 WL 137326, at *4 (D.N.J. Jan. 15, 2009). A party's discovery request for personnel files "may be denied or it may be narrowly tailored to meet the needs of the case, balanced against the reasonable expectations of privacy of the subject party." *Id.*; *see also Boykins v. inVentiv Com. Servs., L.L.C.*, 2014 WL 413538, at *2 (D.N.J. Feb. 4, 2014) (request for an "entire personnel file…is overly broad and intrudes into Plaintiff's recognized privacy interests"); *Carroll v. Delaware River Port Auth.*, 2015 WL 12819181, at *4 (D.N.J. Mar. 31, 2015) ("[T]he relevance of [personnel files] to the claims or defenses presented in the litigation must outweigh any privacy interests in order for the court to compel their production"). Courts in this District thus routinely deny motions to compel production of personnel files, even where discovery confidentiality orders are in place.[1]

J&J's demand in Request Nos. 126 and 127 is sweeping and disregards the privacy interests of SaveOn's employees. J&J seeks the full personnel files of Ayesha Zulqarnain, Alissa Langley, Kelsey Leger, and Jessica Johnson, which contain highly sensitive information that any person would reasonably expect their employer not to share with a third party: social security numbers,

---

[1] In each cited case, the court denied a motion to compel even though it had entered a discovery confidentiality order. *See, e.g.*, Disc. Confidentiality Order, *Pro. Recovery Servs.*, No. CIV 06-2829, ECF No. 33; Disc. Confidentiality Order, *Boykins,* No. CIV.A. 11-7354, ECF No. 24; Disc. Confidentiality Order, *Carroll,* No. CIV 13-2833, ECF No. 86.

Hon. Freda L. Wolfson                                                                                        Page 3

information about their salaries and retirement accounts, contact information for their references, their own self-evaluations, their supervisors' appraisal of their job performance, and more. J&J does not explain why it needs this information.

J&J cannot justify its request by accusing these employees of acts that J&J deems "evasive," Mot. at 2-5—SaveOn has already provided substantial discovery on this topic, including by producing 18,340 documents from the four employees' files (including from Zulqarnain's personal email and cell phone, Johnson's and Leger's personal emails, and Langley's personal cell phone); responding to numerous interrogatories, *see* Ex. 1 (SaveOn's R&Os to Interrogatory Nos. 16, 17, 19, and 20); and making Zulqarnain available for a deposition, where she testified extensively about her calls with manufacturers, *see, e.g.*, J&J Ex. 1 at 16:8-22; 106:11-199:4. J&J also has recordings of many of Zulqarnain's calls to J&J, which it produced after her deposition.

J&J says that it wants to "know if these employees received plaudits" for "evasive" acts, Mot. at 1—but SaveOn has represented that their personnel files "do not contain any information regarding attempts to deceive or evade detection by manufacturers," as J&J concedes. Mot. at 6; *see also* J&J Ex. 10 at 2 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler).[2] J&J says that it wants to know if the files "show that these employees were never disciplined at all" for these acts, Mot. at 6—but SaveOn has already told J&J that the files do not reflect any such discipline. Ex. 10 at 2. (SaveOn would be glad for Your Honor to review the files *in camera* to confirm these

---

[2] Nothing in the files concerns allegedly "evasive" or "deceptive" conduct. Only two statements across all the files even refer to these employees' efforts to gather information about manufacturer terms and conditions. In one, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In the other, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

representations.) There is thus nothing relevant in the requested files that J&J does not already know—only irrelevant and highly sensitive information to which J&J is not entitled.

While this should resolve the dispute, SaveOn notes that J&J's relevance arguments are especially weak. J&J (again) fails to substantiate its assertion that these employees helped SaveOn evade detection by drug manufacturers. J&J cites only their attempts to learn about drug manufacturers' terms and conditions. *See, e.g.*, J&J Ex. 4 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆; J&J Ex. 8 at -972 (SOSP_1145972) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. J&J (still) does not explain how SaveOn employees learning about J&J's terms and conditions prevented J&J from identifying patients on SaveOn-advised plans.[3] This conduct is, at best, marginally relevant and nowhere near enough to outweigh the strong privacy interests in the employees' personnel files.

## II. J&J Is Not Entitled to Additional Discovery Regarding the Monthly Sales Team Discussions

SaveOn has already provided a slew of discovery regarding the "Monthly Sales Team Discussion" between ESI and SaveOn employees about ways to pitch and implement SaveOn's services for ESI's clients. All SaveOn employees who regularly attended these meetings are already custodians: Jill Stearns, Jenna Ordonez, Amanda Larsen, and Melanie Jerred. *See, e.g.*, J&J Ex. 14 at -780 (SOSP_1111776) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. SaveOn has already run more than

---

[3] J&J also fails to substantiate its assertion that SaveOn executives were aware that the four employees sometimes used false names, Mot. at 6-7—J&J cites only a document showing that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ J&J Ex. 11. And while J&J cites Zulqarnain's testimony that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Mot. at 6-7 (citing J&J Ex. 1), SaveOn disclosed to J&J long ago that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *see, e.g.*, J&J Ex. 2 at 7.

a hundred search terms over their custodial files, including multiple terms referring to ESI and many more referring to SaveOn's services.[4] SaveOn has already produced 163,225 documents from these custodians' files, 67,830 documents including ESI personnel, and more than 6,000 documents (28,600, including families) that include both the terms "ESI" and "marketing."

In light of this, SaveOn told J&J that it believes that it has already produced all documents responsive to J&J's Request No. 129, but it invited J&J to propose narrow additional search terms if J&J could identify specific topics that the Monthly Sales Team Discussion may have explored but were not covered by existing search terms, *See, e.g.*, J&J Ex. 10 at 2 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler). J&J did not respond. Five weeks later, without declaring impasse, it filed this motion.[5]

Even if J&J had complied with its meet-and-confer obligations, it still fails to justify the relief that it seeks. J&J demands that SaveOn run the following term over all 28 full custodians:

> ("Monthly Sales" OR (monthly w/10 (ESI or "Express Scripts"))) w/25 (discussion OR meet* OR conversation OR call OR notes OR minutes)

---

[4] Those search terms are set forth in Appendix 1.

[5] This conduct appears to be part of a pattern. In May, J&J requested SaveOn's retention policies, claiming they were relevant to purported deficiencies in SaveOn's productions. SaveOn disagreed. *See* Dkt. 389-1 at 1-2. Over two months later, without further discussion or declaring impasse, J&J filed a motion to compel production of the policies, including arguments and evidence that it did not present to SaveOn. Dkt. 389. After reviewing this new material, SaveOn opted to produce the policies to avoid a dispute. Dkt. 389-1 at 3. J&J now moves to compel additional discovery regarding the Monthly Sales Team Discussion without having concluded negotiations with SaveOn or declaring impasse. This approach to discovery disputes is inconsistent with local practice. *See, e.g.*, *Rhodes v. Marix Servicing, LLC*, 2013 WL 6230609, at *2 (D.N.J. Dec. 2, 2013) (noting counsel's "duty to confer in a good faith effort to resolve discovery disputes" before seeking court intervention); *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 153 (D.N.J. 1999) (noting that a "token effort" to resolve a discovery dispute without court intervention is insufficient).

Mot. at 10. This is demonstrably overbroad, particularly when only four SaveOn personnel—all of whom are already custodians—attended the meetings at issue. To date, SaveOn has produced over 1,200 documents, including families, that hit on this term (because they also hit on one or more of SaveOn's 110 other search terms). Many of these refer to unrelated meetings that ESI holds on a monthly or semi-monthly basis with its clients. *See, e.g.,* Ex. 2 (SOSP_0082978) ▇▇▇ (emphasis added); Ex. 3 at -884 (SOSP_0881881) ▇▇▇ (emphasis added); Ex. 4 (SOSP_0309710) ▇▇▇ (emphasis added); Ex. 5 (SOSP_0719800) ▇▇▇ (emphasis added). It is highly likely that running J&J's proposed search term would pick up even more of these irrelevant documents.

J&J cannot justify this overbroad term by asserting that it wants minutes of the Monthly Sales Team Discussion, Mot. at 7—as SaveOn has explained, its investigation showed that this group did not take regular minutes. J&J's Exhibit 14 shows the "one occasion in 2023 in which the Monthly Sales Team Discussion was handled over email rather than on a live call," Mot. at 8, and SaveOn produced the relevant emails. While J&J complains that documents about these meetings "provide only high-level descriptions of what was discussed," Mot. at 8, that does not show a production deficiency, only that the discussions were informal and not traditionally minuted.

If J&J can identify an actual gap in SaveOn's production of documents regarding the Monthly Sales Team Discussion, SaveOn remains willing to negotiate an appropriately tailored search term designed to fill it. But J&J has identified no such gap and proposes no such term. Your Honor should deny its request.

\*\*\*

We appreciate Your Honor's attention to this matter.

    Respectfully submitted,

    /s/ E. Evans Wohlforth, Jr.
    E. Evans Wohlforth, Jr.
    Robinson & Cole LLP
    666 Third Avenue, 20th floor
    New York, NY 10017-4132
    Main (212) 451-2900
    Fax (212) 451-2999
    ewohlforth@rc.com

    Philippe Z. Selendy (admitted *pro hac vice*)
    Andrew R. Dunlap (admitted *pro hac vice*)
    Meredith Nelson (admitted *pro hac vice*)
    Elizabeth H. Snow (admitted *pro hac vice*)
    SELENDY GAY PLLC
    1290 Avenue of the Americas
    New York, NY 10104
    (212) 390-9000

    pselendy@selendygay.com
    adunlap@selendygay.com
    mnelson@selendygay.com
    esnow@selendygay.com

    *Attorneys for Defendant Save On SP, LLC*

## Appendix 1

*Search Terms for SaveOn's Full Custodians*

**Full Custodians**: Alissa Langley, Amanda Larsen, Andrea Waker, Ayesha Zulqarnain, Brianna Reed, Claudia Dunbar, CPAQuestions@SaveOnSP.com, Danielle Wagner, Dave Chelus, Emily Reckinger, Florencio Calderon, Jenna Benkelman, Jenna Ordonez, Jennifer Menz, Jill Stearns, Jillian Vincheski, Jody Miller, Laura McClung, Mariah DuRant, Michael Heinrichs, Michelle Tabone, Nick Morrissey, Nicole Haas, Rob Saeli, Ron Krawczyk, Sarah Kancar, Sarah Segerson, Ted Mighells.[6]

1. "Adapt" w/15 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR DED OR co-ins* OR coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

2. "Affordable Care Act" OR ACA

3. (chang*) w/10 (J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR "CarePath" OR "JCP") w/20 (cost*)

4. ((switch* OR consider*) w/10 (drug* OR pharmaceutical* OR medicine* OR medication* OR therap*) w/20 (non-medical OR cheap* OR pric* OR expens* OR profit* OR revenue*)) OR "switch card" OR "switch letter" OR (economic w/4 switching) OR "alternative treatments" OR (transition w/10 (class OR category))

5. (switch* OR consider*) w/10 ("copay assistance program" OR "copay assistance programs" OR CPA OR Abbvie OR Humira OR Amgen OR Enbrel OR J&J OR JnJ OR Johnson OR Janssen OR Jannsen OR Jansen OR Jannssen OR JJHCS OR JHCS OR JJHS OR HCS OR CPA OR "copay assistance" OR "co-pay assistance" OR "CarePath" OR "JCP") w/20 (nonmedical OR cheap* OR pric* OR expens* OR profit* OR revenue*)

---

[6] SaveOn's limited custodians are listed below, along with a description of the limitation:

   **Limited Terms:** Darcie Falsioni, Jessica Johnson, Kelsey Leger

   **Limited Time Period:** Melanie Jerred

   **Only Documents Received:** Communications@SaveOnSP.com

6.     (switch* OR chang* OR consider*) w/30 (cost* w/5 (increase* OR rise OR rising OR "go up"))

7.     "DARZALEX FASPRO" OR DARZALEX OR daratumumab OR hyaluronidase*

8.     "@express-scripts.com" [7]

9.     "First View" AND (credit w/2 card)

10.     "First View" w/10 card

11.     "Intergovernmental Personnel Benefit Cooperative" OR IPBC OR (Rachel W/2 Harmon) OR rharmon@expressscripts.com OR ((presentation OR training OR video) W/5 (ESI OR "Express Scripts"))

12.     "Johnson & Johnson" OR "Johnson and Johnson"

13.     "Lash Group"

14.     "open enrollment" OR ((summar* OR term) W/30 (program* OR plan* OR benefit* OR coverage* OR coinsurance OR deductible OR OOP OR "out-of-pocket"))

15.     "SaveOnSP guarantee" OR "SaveOn guarantee" OR "SaveOnSP guarantees" OR "SaveOn guarantees"

16.     ((SaveOn OR SaveOnSP OR "SaveOn SP" OR SOSP) w/5 (Guarantee OR gtee OR Guarantees OR gtees)) w/15 annual

17.     "SaveOnSP Program Impacted"

18.     "Summary of Benefits"

19.     "Summary Plan"

20.     "zero cost share" OR "$0 cost share"

21.     ("gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*)) w/50 (patient* OR member*)

22.     ("non-med* switch*" OR "nonmed* switch*" OR ((patient OR non-med* OR nonmed*) W/15 switch*))

23.     (("transfer*" OR reject* OR POS OR "point of sale" OR step edit*) W/15 pharm*) OR "Error Code 73" OR ((drug* OR med* OR fill*) W/15 (cover*))

---

[7] For the time-period December 2015 through August 31, 2016.

24. ((essential or "non-essential" or nonessential) W/10 (benefit*)) or EHB* OR NEHB*

25. ((patient* OR chang* OR mov* OR switch*) W/30 (new W/5 (drug* OR med* OR brand*)))

26. ((SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/15 ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen)) w/5 (revenue OR sales OR profits OR "return on investment" OR "ROI")

27. ("don't" OR "not" OR allowed OR never OR permit OR "can't" OR cannot) W/5 (mention OR disclose OR say OR inform* OR divulge) W/15 (SaveOn OR Save-OnSP OR SOSP OR "Save On" OR manufacturer* OR mfgr* OR program)

28. (Accredo OR "accredo.com") W/30 (agr* OR contract OR memor* OR fee* OR shar* OR relat*)

29. (adher* OR complian* OR comply* OR discontinue*) W/10 (trend* OR rate* or stat*)

30. (adherence W/5 trend*)

31. (avoid* OR conceal*) AND (co-insurance OR variable OR copay OR "co-pay")

32. (Business w/15 plan) OR "Business plan"

33. (chang* or edit*) W/25 website

34. (copay* OR co-pay* OR coins* OR co-ins* OR "cost share" OR "specialty med*" OR "specialty drug*" OR biolog* OR infus*) W/15 (transfer* OR reduc* OR saving*)

35. (copay* OR co-pay* OR coins* OR co-ins* OR "cost share") W/15 (zero OR 0 OR $0 OR "no cost" OR "free of charge")

36. (copay* OR co-pay* OR coins* OR co-ins* OR "out of pocket" OR OOP OR bucket* OR "ingredient cost") W/30 (infla* OR increase)

37. (counter* OR strateg* OR "course correct" OR "bypass" OR respon* OR solution OR solv*) W/25 (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

38. (detect* OR evade* OR avoid* OR hide OR conceal*) AND (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis)

39. (detect* OR evade* OR avoid* OR hide OR conceal*) w/15 manufacturer*

40. (detect* OR evade* OR hide OR conceal*) AND (co-insurance OR coinsurance OR variable)

41. (ESI OR "Express Scripts" OR Evernorth) W/15 (fee* OR (master W/2 agreement) OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*)

42. (exhaust* OR drain* OR complain*) W/15 (co-pay OR copay* OR support* or cover*)

43. (High Deductible Health Plan OR HDHP) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

44. (inc* W/10 (save* OR saving*)) W/15 (manuf* OR assist*)

45. (inclu* OR add* OR remov* OR Structure) W/10 (benefit* OR "drug list*")

46. (increase* OR raise* or infla*) w/30 (copay* OR co-pay* OR OOP OR MOOP OR "out-of-pocket" OR "out of pocket" OR deductible* OR co-ins* or coins* OR "patient cost*" OR "cost share" OR "patient obligation*" OR "financial obligation*" OR "final cost")

47. (manufacturer OR mfgr* OR Biogen OR Abbvie OR Amgen OR Vertex OR Exelixis OR Takeda OR Sanofi OR Novartis) w/25 (maximizer* OR accumulator* OR reduce* OR modif* OR change*)

48. (patient* OR member*) W/5 (adher* OR complian* OR comply* OR discontinu*)

49. (reduc* OR lower* OR "as low as" OR decreas* OR zero OR "no cost" OR "free of charge" OR "$0") w/20 (copay* OR co-pay* OR OOP OR "out-of-pocket" OR "out of pocket" OR "patient cost*" OR "final cost")

50. (therap* or drug* OR medication) w/15 (adhere* OR continu* OR discontinu*)

51. (therap* OR drug* OR medication) w/15 (transition OR "same class" OR "same category")

52. @notionpartners.com

53. Accredo W/15 (transfer* OR assistance OR "savings card" OR "copay card" OR "co-pay card" OR enroll* OR accumulat* OR maximiz*)

54. analy* OR "white paper*" OR "research" OR report* OR publication* OR review* OR article* OR study OR studies W/15 "specialty med*" OR "specialty

    drug*" OR biolog* OR infus* or accumul* OR maximizer* OR copay* OR co-pay* OR coins* OR co-ins*

55. avoid* w/10 coinsurance

56. BALVERSA OR erdafitinib

57. benchmark* W/10 (plan OR state OR EHB OR essential* OR NEHB or non-essential* OR non-essential*)

58. bi-weekly W/2 (call* OR meeting*)

59. care W/2 path

60. CarePath OR Carpath OR Carepth

61. close* W/15 (business OR customer*)

62. Cobicistat

63. Darunavir

64. EDURANT OR rilpivirine

65. EJR AND emilyjreckinger@gmail.com

66. email W/5 ("confirmation of enrollment" OR "confirmation of participation")

67. email W/10 template

68. Emitricitabine

69. ERLEADA OR apalutamide

70. ESI W/10 fees

71. FirstView AND (credit w/2 card)

72. FirstView w/10 card

73. https://saveonsp.com

74. https://www.saveonsp.com* OR www.saveonsp.com* OR "reduce this exorbitant cost" OR "we offer an innovative specialty solution" OR "is committed to making expensive medications more affordable for companies" OR "modifying their plan design" OR "how will our plan see savings generated"

75. IMBRUVICA OR ibrutinib

76. INTELENCE OR etravirine

77. its.jnj.com

78. J&J OR JnJ

79. Janssen OR Jannsen OR Jansen OR Jannssen

80. JJHCS OR JHCS OR JJCHS OR JJHS

81. manufacturer* W/10 (maximizer* OR accumulator*)

82. non-med* switch* OR "nonmed* switch*" OR ((patient OR non-med* OR non-med*) W/15 switch*) OR "switch rationale" OR "switch card" OR "economic switch*" OR ((force* or mandate*) w/5 switch*)

83. OPSUMIT OR macitentan

84. Passthrough OR "pass through*" OR "pass thru" OR passthru OR passthrus

85. PONVORY OR ponesimod

86. Premera W/15 (article OR alert* OR news*)

87. Prezcobix

88. Project Recapture OR "Rescue Study" OR "adherence data"

89. questex

90. Reject* w/2 73

91. REMICADE OR infliximab

92. RYBREVANT OR amivantamab*

93. SIMPONI OR "SIMPONI ARIA" OR golimumab

94. STELARA OR ustekinumab

95. strategic steering committee OR "steering committee" OR (strateg* w/10 (monthly OR meet*))

96. strategy plan OR (strategy W/15 plan) OR "monthly plan" OR (monthly W/15 plan) OR "transition plan" OR (growth W/15 plan)

97. structure* W/4 (benefit* OR "drug list*")

98. Symtuza

99.  Tenofovir Alafenamide

100. TRACLEER OR bosentan

101. TREMFYA OR guselkumab

102. TrialCard OR "Trial Card"

103. UPTRAVI OR selexipag

104. Ventavis OR iloprost

105. ZYTIGA OR abiraterone

106. "other offer" W/5 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "health plan*" OR insur*)

107. "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, OR other offer"

108. ((("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") W/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))

109. (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* W/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

110. (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") W/25 (6000 OR 6,000 OR limit OR eliminate)