**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated September 26, 2024 [ECF No. 390] | Letter motion characterizes the employment responsibilities and communications of Save On SP, LLC ("SaveOn") employees and characterizes SaveOn's business practices by referring to and quoting from documents produced during discovery, comprising proprietary business information. *See* ECF No. 390. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 1 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 1 is an email from a SaveOn employee to other SaveOn employees inviting them to a meeting and providing a weekly agenda that references SaveOn's business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | practices, comprising proprietary business information. *See* ECF No. 390 Ex. 1. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 2 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 2 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 3 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 3 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 4 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 4 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | health information. *See* ECF No. 390 Ex. 4. | Patients would also be harmed by the disclosure of their confidential health information. | | | |
|---|---|---|---|---|---|
| Exhibit 5 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 5 is an email chain between SaveOn employees discussing billing information for a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 390 Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 6 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 6 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 390 Ex. 6. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| Exhibit 7 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 7 is an email between two SaveOn employees discussing SaveOn's drug list, comprising proprietary business information. *See* ECF No. 390 Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 8 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 8 is an email chain between SaveOn employees discussing copay assistance offered by manufacturers of drugs prescribed to patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 390 Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 9 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 9 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 10 to Letter dated September | Exhibit 10 is an email chain between SaveOn employees discussing copay assistance offered | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | | |

| | | | | | |
|---|---|---|---|---|---|
| 26, 2024 [ECF No. 390] | by manufacturers of drugs prescribed to patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 390 Ex. 10. | non-public business information and strategy be disclosed to competitors and other market participants. | proprietary business information. | | |
| Exhibit 11 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 11 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 12 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 12 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 13 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 13 is an email between SaveOn employees discussing copay assistance offered by manufacturers of drugs prescribed to patients on SaveOn-advised plans, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | comprising proprietary business information. *See* ECF No. 390 Ex. 13. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 14 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 14 is an email chain between SaveOn employees discussing copay assistance offered by manufacturers of drugs prescribed to patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 390 Ex. 14. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 15 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 15 is an email from a SaveOn employee to her team members sharing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 16 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 16 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 390 Ex. 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 19 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 19 is a letter from counsel for SaveOn to counsel for Johnson & Johnson Health Systems Inc. ("J&J") which discloses SaveOn's business practices and policies for making and recording calls to patients and healthcare providers, comprising proprietary business information. *See* ECF No. 390 Ex. 19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 20 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 20 is a letter from counsel for J&J to counsel for SaveOn. The letter describes the employment responsibilities and communications of SaveOn employees and characterizes SaveOn's business and marketing practices by referring to and quoting documents produced during discovery, comprising proprietary business information. *See* ECF No. 390 Ex. 20. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 22 to Letter | Exhibit 22 is a letter from counsel for SaveOn | If relief is not granted, SaveOn would be at a | A redacted, public version of the letter is being | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| dated September 26, 2024 [ECF No. 390] | to counsel for J&J. The letter characterizes SaveOn's business and marketing practices by referring to and quoting documents produced during discovery, comprising proprietary business information. *See* ECF No. 390 Ex. 22. | competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competitors and other market participants. | filed. It is believed that no less restrictive alter-native is available to pre-vent the disclosure of SaveOn's proprietary business in-formation. | | |
| Exhibit 23 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 23 is a letter from counsel for J&J to counsel for SaveOn. The letter characterizes SaveOn's business and marketing practices by referring to and quoting documents produced during discovery, comprising proprietary business information. *See* ECF No. 390 Ex. 23. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competitors and other market participants. | A redacted, public ver-sion of the letter is being filed. It is believed that no less restrictive alter-native is available to pre-vent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 24 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 24 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | health information. *See* ECF No. 390 Ex. 24. | Patients would also be harmed by the disclosure of their confidential health information. |  |  |  |
| Exhibit 25 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 25 is an email chain between counsel for SaveOn and counsel for J&J. The chain describes the employment responsibilities and communications of SaveOn employees, comprising proprietary business information. *See* ECF No. 390 Ex. 25. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | A redacted, public ver-sion of the email is being filed. It is believed that no less restrictive alter-native is available to pre-vent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 28 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 28 is an email from a SaveOn employee to his team sharing information about a planned training session, comprising proprietary business information. *See* ECF No. 390 Ex. 28. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 30 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 30 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 30. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 31 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 31 is an email from a SaveOn employee to his team sharing training information about SaveOn's business and marketing practices, comprising proprietary business information. *See* ECF No. 390 Ex. 31. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 32 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 32 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 32. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 33 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 33 is a text message conversation between two SaveOn employees about SaveOn's business and employment practices, comprising proprietary business information. *See* ECF No. 390 Ex. 33. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 34 to Letter dated | Exhibit 34 is a Microsoft Teams thread between SaveOn employees | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| September 26, 2024 [ECF No. 390] | discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 34. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business information. | | |
| Exhibit 35 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 35 is a text message conversation between two SaveOn employees about SaveOn's business and employment practices, comprising proprietary business information. *See* ECF No. 390 Ex. 35. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 36 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 36 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 36. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 37 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 37 is a letter from counsel for J&J to counsel for SaveOn. The letter describes the employment responsibilities and communications of SaveOn employees and characterizes SaveOn's | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | business and marketing practices by referring to and quoting documents produced during discovery, comprising proprietary business information. *See* ECF No. 390 Ex. 37. | | | | |
| Exhibit 40 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 40 is a letter from counsel for SaveOn to counsel for J&J. The letter describes the employment responsibilities and communications of SaveOn employees and characterizes SaveOn's business and marketing practices by referring to and quoting documents produced during discovery, comprising proprietary business information. *See* ECF No. 390 Ex. 40. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 42 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 42 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 42. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | | be disclosed to competitors and other market participants. | | | |
| Exhibit 43 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 43 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 43. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 44 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 44 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 390 Ex. 44. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 45 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 45 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | business information. *See* ECF No. 390 Ex. 45. | be disclosed to competitors and other market participants. |  |  |  |
| Exhibit 46 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 46 is an internal SaveOn document outlining its business practices for a patient who declined to enroll in SaveOn, comprising proprietary business information. *See* ECF No. 390 Ex. 46. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 47 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 47 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 390 Ex. 47. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 48 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 48 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | business information. *See* ECF No. 390 Ex. 48. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 49 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 49 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 49. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 50 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 50 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 390 Ex. 50. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 51 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 51 is an email chain between SaveOn employees discussing SaveOn's communications with patients, comprising proprietary business information. *See* ECF No. 390 Ex. 51. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 56 to Letter dated | Exhibit 56 is a letter from counsel for J&J to counsel for SaveOn. The | If relief is not granted, SaveOn would be at a competitive disadvantage | A redacted, public version of the letter is being filed. It is believed that | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| September 26, 2024 [ECF No. 390] | letter describes the employment responsibilities and communications of SaveOn employees and characterizes SaveOn's business practices by referring to and quoting documents produced during discovery, comprising proprietary business information. *See* ECF No. 390 Ex. 56. | should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | no less restrictive alter-native is available to pre-vent the disclosure of SaveOn's proprietary business in-formation. | | |
| Exhibit 60 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 60 is SaveOn's Supplemental Responses and Objections to J&J's Interrogatories Nos. 4 and 16. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 390 at Ex. 60. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | A redacted, public ver-sion of the R&Os is be-ing filed. It is believed that no less restrictive al-ternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 61 to Letter dated September 26, 2024 | Exhibit 61 is a confidential deposition transcript of a SaveOn employee, containing direct and substantive | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | Yes. *See, e.g.*, ECF No. 287 at Ex. 3. | No objection |

| [ECF No. 390] | reference to SaveOn's business practices, comprising proprietary business information. *See* ECF No. 392 at Ex. 61. | information be disclosed to competitors and other market participants. | proprietary business in-formation. | | |
|---|---|---|---|---|---|
| Exhibit 62 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 62 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 390 Ex. 62. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 63 to Letter dated September 26, 2024 [ECF No. 390] | Exhibit 63 is an email chain between counsel for SaveOn and counsel for J&J.  The chain describes the employment responsibilities and communications of SaveOn employees, comprising proprietary business information. *See* ECF No. 390 Ex. 63. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competi-tors and other market participants. | A redacted, public ver-sion of the email is being filed. It is believed that no less restrictive alter-native is available to pre-vent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

| Letter dated October 14, 2024 [ECF No. 413] | Letter briefing characterizes the employment responsibilities and communications of SaveOn employees and characterizes SaveOn's business practices by referring to and quoting from documents produced during discovery, comprising proprietary business information. *See* ECF No. 413. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 1 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 1 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 2 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 2 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 2. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |

18

| Exhibit 3 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 3 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 3. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 4 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 4 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 5 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 5 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 6 to Letter dated October 14, 2024 | Exhibit 6 is an email from a SaveOn employee to the SaveOn Service Center, requesting copay assistance information from the manufacturer of | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| [ECF No. 413] | a patient's drug, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 6. | be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | | | |
| Exhibit 7 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 7 is an email chain between SaveOn employees discussing billing information for a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 7. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 8 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 8 is an email chain between SaveOn employees sharing information about SaveOn's business practices for accounts of SaveOn-advised patients receiving manufacturer copay assistance, comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | business information. *See* ECF No. 413 Ex. 8. | | | | |
|---|---|---|---|---|---|
| Exhibit 9 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 9 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 9. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 10 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 10 is a collection of Chatter messages sent to a SaveOn employee, containing information about SaveOn's business practices and comprising proprietary business information. *See* ECF No. 413 Ex. 10. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 11 to Letter dated | Exhibit 11 is an email chain between SaveOn employees discussing | If relief is not granted, SaveOn would be at a competitive disadvantage | It is believed that no less restrictive alternative is available to prevent the | No | No objection |

| October 14, 2024 [ECF No. 413] | SaveOn's drug list, comprising proprietary business information. *See* ECF No. 413 Ex. 11. | should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | disclosure of SaveOn's proprietary business information. | | |
|---|---|---|---|---|---|
| Exhibit 12 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 12 is an email chain between SaveOn employees discussing training materials for call center representatives who speak with patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 413 Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 13 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 13 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 13. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 14 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 14 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | structure. *See* ECF No. 413 Ex. 14. | be disclosed to competitors and other market participants. |  |  |  |
| Exhibit 15 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 15 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 15. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 16 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 16 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 16. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 17 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 17 is an email chain between SaveOn employees discussing SaveOn's business practices for enrolling and communicating with patients, comprising | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | proprietary business information. *See* ECF No. 413 Ex. 17. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 18 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 18 is an organizational chart of SaveOn employees, comprising proprietary business information about SaveOn's business structure. *See* ECF No. 413 Ex. 18. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 19 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 19 is a spreadsheet containing Salesforce records of calls made or taken by SaveOn employees. The spreadsheet contains information about SaveOn's business practices and personal identifying information about patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 19. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 20 to Letter dated October 14, 2024 | Exhibit 20 is a spreadsheet containing Salesforce records of calls made or taken by SaveOn employees. The | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's | No | No objection |

| [ECF No. 413] | spreadsheet contains information about SaveOn's business practices and personal identifying information about patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 20. | non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | proprietary business information. | | |
|---|---|---|---|---|---|
| Exhibit 21 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 21 is a spreadsheet containing Salesforce records of calls made or taken by SaveOn employees. The spreadsheet contains information about SaveOn's business practices and personal identifying information about patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 21. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 22 to Letter dated October 14, 2024 | Exhibit 22 is a spreadsheet containing Salesforce records of calls made or taken by SaveOn employees. The spreadsheet contains | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | information about SaveOn's business practices and personal identifying information about patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 22. | be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | | | |
|---|---|---|---|---|---|
| Exhibit 23 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 23 is a spreadsheet containing Salesforce records of calls made or taken by SaveOn employees. The spreadsheet contains information about SaveOn's business practices and personal identifying information about patients, comprising proprietary business information and confidential patient health information. *See* ECF No. 413 Ex. 23. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 25 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 25 is an email chain between SaveOn employees discussing and attaching training material used by SaveOn to train its call center representatives, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | comprising proprietary business information. *See* ECF No. 413 Ex. 25. | be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 26 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 26 is an internal SaveOn document used as training material to inform call center representatives about SaveOn's business practices, comprising proprietary business information. *See* ECF No. 413 Ex. 26. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 27 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 27 is an internal SaveOn document used as training material to inform SaveOn employees and call center representatives about SaveOn's business practices, comprising proprietary business information. *See* ECF No. 413 Ex. 27. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 28 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 28 is an email chain between SaveOn employees discussing and attaching training material used by SaveOn to train its call center representatives, comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| | business information. *See* ECF No. 413 Ex. 28. | | | | |
|---|---|---|---|---|---|
| Exhibit 29 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 29 is a presentation given by a SaveOn employee regarding the business and billing practices of SaveOn, comprising proprietary business information. *See* ECF No. 413 Ex. 29. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 31 to Letter dated October 14, 2024 [ECF No. 413] | Exhibit 31 is SaveOn's Supplemental Responses and Objections to J&J's Interrogatories Nos. 2, 17, 18, and 20. SaveOn's R&Os explain SaveOn's marketing strategy and business practices, including by reference to SaveOn's employees' day-to-day tasks, comprising proprietary business information. *See* ECF No. 413 at Ex. 31. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Letter dated October 23, 2024 [ECF No. 423] | Letter briefing characterizes the employment responsibilities and communications of SaveOn employees and characterizes SaveOn's | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy | A redacted, public version of the letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of | No | No objection |

| | business practices by referring to and quoting from documents produced during discovery, comprising proprietary business information. *See* ECF No. 423. | be disclosed to competitors and other market participants. | SaveOn's proprietary business in-formation. | | |
|---|---|---|---|---|---|
| Exhibit 64 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 64 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 423 Ex. 64. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 65 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 65 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 423 Ex. 65. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business in-formation and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | No | No objection |
| Exhibit 66 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 66 is a confidential deposition transcript of a SaveOn employee, containing direct and substantive reference to SaveOn's business practices, | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business in-formation. | Yes. *See, e.g.*, ECF No. 287 at Ex. 3. | No objection |

| | comprising proprietary business information. *See* ECF No. 423 at Ex. 66. | information be disclosed to competitors and other market participants. | | | |
|---|---|---|---|---|---|
| Exhibit 71 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 71 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 423 Ex. 71. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 72 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 72 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 423 Ex. 72. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 73 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 73 is a Microsoft Teams thread between SaveOn employees discussing SaveOn's business practices, comprising proprietary business information. *See* ECF No. 423 Ex. 73. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Exhibit 74 to Letter | Exhibit 74 is an email chain between SaveOn | If relief is not granted, SaveOn would be at a | It is believed that no less restrictive alternative is | No | No objection |

| dated October 23, 2024 [ECF No. 423] | employees and health plan clients discussing SaveOn's business practices and experiences of patients on SaveOn-advised plans, comprising proprietary business information. *See* ECF No. 423 Ex. 74. | competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | available to prevent the disclosure of SaveOn's proprietary business information. | | |
|---|---|---|---|---|---|
| Exhibit 75 to Letter dated October 23, 2024 [ECF No. 423] | Exhibit 75 is an email chain between SaveOn employees discussing billing information for and communications about a patient on a SaveOn-advised plan, comprising proprietary business information and confidential patient health information. *See* ECF No. 423 Ex. 75. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants.<br><br>Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |