# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

September 26, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler
One Lowenstein Drive LLP
Roseland, NJ 07068

> **Re:** **JJHCS's Motion to Compel Additional SaveOnSP Custodians**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

JJHCS moves to compel SaveOnSP to designate four of its current and former employees as custodians: Leslie Kauffman, Brandon Bartz, Paula Mighells, and Jenna Quinn.

These individuals are carefully selected. Each possesses relevant and important documents that are not available elsewhere. These include documents bearing on critical issues like SaveOnSP's ceaseless efforts to evade detection by manufacturers, operational details of SaveOnSP's scheme, and the harm that this scheme causes patients. Indeed, some of the most damning admissions SaveOnSP has produced to date are the words of these very employees, but SaveOnSP produced them only where they happened to be conveyed to an existing custodian. SaveOnSP has never denied that these employees possess relevant documents and even mistakenly represented to JJHCS that two of them were ***already*** custodians. Yet SaveOnSP refuses to search

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 2

the files of any of these four employees, offering only unsubstantiated, boilerplate explanations (or no explanation at all) for that refusal.  The parties have met and conferred regarding each of these custodians and are at an impasse.

Adding four custodians will not place any unreasonable or disproportionate burden on SaveOnSP.  This case is about SaveOnSP's conduct, but one would not know that by looking at the parties' custodian counts.  Because SaveOnSP seeks to mire this case in discovery and impose as much burden on JJHCS as possible, JJHCS already is producing documents from 45 custodians.  But it doesn't end there.  SaveOnSP seeks to add another 24 custodians from JJHCS and affiliated companies.  If the Court were to permit that (and it should not), JJHCS's total would increase to an astonishing 69.  By contrast, SaveOnSP—the company that engaged in the scheme that should be the focus of discovery, and about which JJHCS knew very little—has only 31 document custodians.  If the four custodians at issue in this motion were added, SaveOnSP's custodian count would be only 35—still 10 fewer than JJHCS's existing total.  And unlike SaveOnSP, JJHCS is not holding any requests for additional custodians in the wings or presenting them only piecemeal.

JJHCS respectfully requests that Your Honor order SaveOnSP to (1) designate Leslie Kauffman, Brandon Bartz, and Paula Mighells as full custodians, thereby requiring SaveOnSP to run all agreed-upon search terms for the relevant time period; and (2) designate Jenna Quinn as a limited custodian and apply search terms targeted to capturing SaveOnSP's efforts to evade detection by manufacturers.[1]

---

[1] Attached as Appendix 1 to this motion is a chart illustrating the wide array of discovery requests to which the subjects of this motion are relevant.

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 3

## I.      Leslie Kauffman

### A.      Leslie Kauffman Possesses Highly Relevant Documents on Critical Issues

Leslie Kauffman was employed by SaveOnSP from June 2017 to approximately September 2023, during almost the entirety of the time period relevant to this litigation. *See* Ex. 1 (SOSP_0447169) at -447170 (noting start date); Ex. 2 (SOSP_2267684) at .0002. She began her tenure as a Patient Support Representative ("PSR"), and in that role, ███████████████████ ████████████████████████████. *See, e.g.*, Ex. 3 (SOSP_1370342) at -1370342 (████████████████████████████); Ex. 4 (SOSP_0920726) at -920727 (████████████████████████████ ████████); Ex. 5 (SOSP_1320852) at -1320854 (████████████ ███████████████████████████████████████). Kauffman was also ████████████████████████████. *See* Ex. 6 (SOSP_0373734, SOSP_0373736). Evidence of such patient harm is, of course, highly relevant to JJHCS's GBL claim. *See* Dkt. No. 68 at 13.

In addition to her patient-facing responsibilities, Kauffman was ███████████ ████████████████████████████████████████████████████ ████████ *See* Ex. 7 (SOSP_0169175); *see also* Ex. 8 (SOSP_0115362) at -115363. By 2021, Kauffman was promoted to ████████████████████████████ █████████████████████████████████████████████ ██████████████████████████████. *See, e.g.*, Ex. 9 (SOSP_2389506) at .0070 █████████████████████████████████ █████████████████████████████████

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 4

███████████████████████████); Ex. 10 (SOSP_1159079) at -1159080 (████████████

████████████████████████████████████████████████████████████████████████████

████████████████████).

    Kauffman became her colleagues' go-to contact for questions on this topic.  *See, e.g.*, Ex.

11 (SOSP_1944933) at .0040–45 ████████████████████████████████████████████████.

Kauffman also served as a frequent liaison between PSRs and SaveOnSP management, ████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████  *See, e.g.*, Ex. 12 (SOSP_2159340) at .003, .011,

.0021 (████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████); Ex. 13 (SOSP_0776401) (██████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████).[2]  Additionally, Kauffman was involved in ████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████. Ex. 14

(SOSP_0748852) at -748852 (████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

---

[2] This motion cites many audio recordings of phone calls and training sessions called "Huddles." Because of the format and file sizes of these native audio files, JJHCS has not included them as exhibits, but has identified them by Bates number so that SaveOnSP is able to review the cited material.  If Your Honor wishes to review the native audio files, JJHCS will be happy to provide them through an FTP transfer or to arrange for transcriptions.

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 5

███████████████████████████████████████████████████████████

█████ (emphasis added)); *see id.* (████████████████████████████████

█████████████████████████████████████████ ").  There is no dispute that documents

concerning these topics are relevant and discoverable.  *See* Dkt. No. 305 at 8 n.4 (JJHCS is

"entitled to discovery on any acts that Defendant employed to effectuate or implement the

[SaveOnSP] scheme").

## B.    The Evidence in Kauffman's Files Cannot Be Obtained Elsewhere

Kauffman's custodial files are necessary to ensure that SaveOnSP makes adequate

productions regarding its deception of manufacturers and evasion of their attempts to identify

SaveOnSP enrolled patients.  SaveOnSP has produced documents reflecting that "████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████ Ex. 15 (SOSP_1034492).  SaveOnSP requested that ████████

███████████████████████████████████████████████████████████

██████████████████████ *Id.*  To the best of JJHCS's knowledge, however,

SaveOnSP has not produced any such emails, presumably because they reside in Kauffman's

custodial files.  Yet such documents would constitute key evidence of SaveOnSP's knowledge and

efforts to evade JJHCS's and other manufacturers' terms and conditions.

In addition, documents from Kauffman's early years at SaveOnSP—particularly those

involving PSRs' communications with patients and manufacturers—are poorly covered by

SaveOnSP's existing custodians.  As of early 2018, SaveOnSP had only 15 employees, just two

of whom were PSRs that are existing custodians.  Ex. 16 (SOSP_0000116) (Jan. 29, 2018 Org

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 6

Chart); Ex. 17 (July 3, 2024 Ltr. from M. Nelson to S. Suri) at Exhibit A.  Additionally, many of

PSRs' communications at the time took place via the messaging application "Chatter," but

SaveOnSP did not retain (and therefore did not produce) Chatter messages prior to June 2021.  *See*

Ex. 18 (Feb. 20, 2024 Ltr. from E. Snow to S. Arrow) at 1.  Further, neither Kauffman's direct

supervisor, Armand Peoples, nor the next person in her reporting line, Gary Meyn, are custodians

(indeed, SaveOnSP did not even preserve Meyn's documents), so her communications with them

cannot otherwise be obtained.  JJHCS only has them if by happenstance an existing custodian was

added to the message or received a forwarded copy.  *See, e.g.*, Ex. 16 (SOSP_0000116)); *see also*

Ex. 19 (Mar. 29, 2023 Ltr. from A. Dunlap to H. Sandick) at 2.

### C.    SaveOnSP Has Not Offered Any Basis for Its Refusal to Designate Kauffman as a Custodian

JJHCS requested that SaveOnSP add Kauffman as a custodian three months ago.  *See* Ex.

20 (June 28, 2024 Ltr. from B. Robinson to M. Nelson) at 2.  SaveOnSP has never denied that

Kauffman's custodial files contain relevant documents and has never suggested that those

documents are captured by its existing custodians.  *See* Ex. 21 (Aug. 5, 2024 Ltr. from B. Robinson

to M. Nelson).  But SaveOnSP refused to add Kauffman as a full custodian and requested instead

that JJHCS craft a "narrowed proposal" covering "the limited time period in which J&J alleges

that Kauffman engaged in" efforts to deceive manufacturers.  *See* Ex. 22 (July 19, 2024 Ltr. from

M. Nelson to B. Robinson) at 2.  JJHCS explained both that SaveOnSP's existing productions

made clear those efforts were not for a "limited time period" but spanned most of Kauffman's

tenure at SaveOnSP and that Kauffman's relevance was not limited to her efforts to evade

manufacturers, as described above.  *See* Ex. 23 (July 25, 2024 Ltr. from B. Robinson to M. Nelson)

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 7

at 1–2; *see also* Ex. 8 (SOSP_0115362) at -115363 (

); Ex. 24 (SOSP_1270881) at -1270881 (

).[3]  SaveOnSP still refused to add Kauffman as a full custodian.  Ex. 27 (Aug. 15, 2024 Email from K. Cryan to B. Robinson) at 1.  The Court should compel SaveOnSP to do so.

## II.    Brandon Bartz

### A.    Brandon Bartz Possesses Relevant and Non-Duplicative Documents

Bartz is a Member Services Supervisor and "Training Specialist" who has been employed by SaveOnSP since at least 2020.  *See* Ex. 28 (SOSP_0464764); Ex. 29 (May 16, 2023 Ltr. from E. Snow to H. Sandick) at App'x 1.  Bartz has trained PSRs on their communications with patients and with drug manufacturers like Janssen, including on a wide range of subjects relevant to this litigation.  *See, e.g.*, SOSP_1144211 (

); Ex. 30 (SOSP_1031871) at -1031871 (

); SOSP_1144208 (

); Ex. 31 (SOSP_1036202) at -103603

(

---

[3] In an effort to compromise, JJHCS offered to add one of SaveOnSP's requested custodians in exchange for SaveOnSP's addition of Kauffman as a full custodian.  Ex. 25 (July 18, 2024 Email from J. Long to M. Nussbaum).  SaveOnSP refused.  *See* Ex. 26 (Aug. 1, 2024 Ltr. from M. Nelson to B. Robinson).

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 8

███████████████████████████████████████████████████████ ”).   That Bartz

possesses documents on subjects relevant to the litigation is undisputed and self-evident—training

on such subjects literally was his job.

To be sure, Bartz is not the only custodian who possesses any documents regarding these

subjects.  But Bartz is not duplicative of current custodians—and his documents are particularly

important—for at least two reasons.  ***First***, because of his supervisory and training roles, Bartz

was one of the primary SaveOnSP employees to whom PSRs looked for questions as they tried to

adhere to SaveOnSP's policies.  Bartz's documents likely will show not only what SaveOnSP's

official policies were but also what SaveOnSP told PSRs about how and why to handle member

calls in practice, and bear on SaveOnSP's state of mind when communicating with manufacturers

and members.  Indeed, the addition of Bartz will obviate the need for SaveOnSP to add more PSRs

as custodians, given that many likely communicated with Bartz.

Consider, for example, ██████████████████████████████



███████████████████████████████████████████████████

███████████████████████████████████████████████. *See, e.g.*,

Ex. 30 (SOSP_1031871) at -1031871–71.0001 (████████████ ”).  The directive itself is, of

course, relevant and important, but JJHCS expects that SaveOnSP will contend it was irrelevant

and innocuous.  Bartz's communications show that SaveOnSP's policy was designed to mislead

manufacturers, so that SaveOnSP could continue misappropriating their patient assistance

programs without detection.  For example, ██████████████████████████

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 9

███████████████████████████████████████████████████████████ Ex.

32 (SOSP_1991209) at .0004 (emphasis added).  These are key documents, which lay bare

SaveOnSP's understanding of its conduct, and JJHCS is entitled to them.

    ***Second***, Bartz spoke with unique candor and color about SaveOnSP's business and the

harms it caused.  The above quoted Exhibit 32 is one example.  In another instance, Bartz agreed

in text messages with his colleague █████████████████████████████████

███████████████.  *See* Ex. 33 (MIGH000954) at -956.  Similarly, █████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████,[4] ██████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████  Ex. 32 (SOSP_1991209) at .0002.

    In other documents, Bartz ████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████  Ex. 35 (MIGH00969) at -974, -977.  And, ██████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████  Ex. 36 (SOSP_0768975) at .0001.

---

[4] █████████████████████████████████████████████████████████

████████████  Ex. 34 (SOSP_1991001) at .0003.

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 10

This is evidence that JJHCS has obtained *without* custodial discovery from Bartz—in part via a third-party subpoena to former SaveOnSP employee Ted Mighells. JJHCS expects that there are many similarly revealing documents in Bartz's as-yet-unsearched email and on his personal cell phone.[5] It is understandable why SaveOnSP does not want to produce any more such documents—they are powerful evidence of SaveOnSP's wrongdoing. But that is exactly why JJHCS is entitled to them.

### B.    SaveOnSP Has Lodged Only Conclusory Objections to Bartz's Designation

JJHCS requested that SaveOnSP add Bartz as a custodian in July 2024. Ex. 37 (July 19, 2024 Ltr. from S. Suri to M. Nelson) at 2.[6] SaveOnSP refused to add Bartz as a full custodian on the grounds that JJHCS had not demonstrated that Bartz possesses "unique, relevant documents" and that reviewing and producing his documents would be "unduly burdensome and disproportionate." Ex. 40 (Aug. 9, 2024 Ltr. from M. Nussbaum to S. Suri) at 2; Ex. 41 (Aug. 21, 2024 Email from M. Nussbaum to S. Suri) at 1. As explained above, however, there is no basis on which SaveOnSP reasonably could dispute Bartz's relevance. If SaveOnSP objects that his documents are duplicative or that review and production would be unduly burdensome, it is SaveOnSP's obligation to explain why. *See* Dkt. No. 305 at 5 (explaining, in rejecting SaveOnSP's contention that requested discovery was duplicative, that "[a] party resisting discovery on the

---

[5] In one of his messages, Bartz ████████████████████████████████████████
████████, suggesting that Bartz regularly communicated with his coworkers ████████████.

[6] SaveOnSP previously represented to JJHCS that Bartz *was* a custodian, but later informed JJHCS that Bartz and various others were "incorrectly included" on SaveOnSP's custodian list. *See* Ex. 38 (June 20, 2024 Ltr. from M. Nelson to S. Suri) at 1 & App'x A; Ex. 39 (June 25, 2024 Ltr. from S. Suri to M. Nelson); Ex. 17 (July 3, 2024 Ltr. from M. Nelson to S. Suri).

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 11

grounds of burden or expense bears the burden of showing specifically how the request is

burdensome" (citation and internal quotation marks omitted)).  SaveOnSP has not done so.

Accordingly, SaveOnSP should be compelled to designate Bartz as a full custodian.

## III.    Paula Mighells

### A.    Paula Mighells Possesses Relevant and Non-Duplicative Documents

Mighells worked for SaveOnSP from mid-2019 to approximately mid-2023, first as an PSR

and then in Quality Assurance, ultimately becoming one of SaveOnSP's most senior quality

assurance auditors.  She ███████████████████████████████████████████████████

███████████████████████████████.  *See, e.g.*, Ex. 42 (SOSP_0683762) (████████

██████████████████████████████████████████████████████████████████████

██████████); Ex. 43 (SOSP_1405368) at .0001 (███████████████████████████

████████████████████████████████████████"); Ex. 44 (SOSP_0716137)

(███████████████████████████████████████████ *see also* Ex. 45

(SOSP_2117807) at .0014, .0022 ("███████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████").

Similarly, Mighells had unique responsibility for managing and reviewing calls concerning

███████████████████████████████████████████████████.  *See, e.g.*,

Ex. 46 (SOSP_0855027) ("███████████████████████████████████████████████

██████████████████████████████████████████████).  The limited

communications that SaveOnSP has produced to date regarding declined enrollment calls shed

light on patients' concerns regarding SaveOnSP, but most of these communications would be in

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 12

Mighells's possession.  *See, e.g.*, Ex. 47 (SOSP_1158399) (

").  These documents

are all relevant to JJHCS's GBL claim.

Further, Mighells trained SaveOnSP personnel on a wide variety of subjects, such as:



- the nature of SaveOnSP's business, *see, e.g.*, Ex. 48 (SOSP_1937709) at .0106 ( ); SOSP_2383087 at 2:19–2:45 ( ");

- the information , *see, e.g.*, SOSP_2383037 at 5:45–5:52 ( ); and

- SaveOnSP's *see, e.g.*, Ex. 49 (SOSP_2067013) at .0014, .0016 ( ").

Mighells . *See, e.g.*, Ex. 50

(SOSP_2068859) at .002–.003 (

); Ex. 51 (SOSP_1019413) (

).  These documents shed light on

the role of SaveOnSP's Quality Assurance team in effecting SaveOnSP's scheme.

In addition, JJHCS understands that Mighells was likely fired from SaveOnSP because of

her concerns about signing a gag order that SaveOnSP sought to impose on all employees after a

former employee—Mighells's husband—spoke out about SaveOnSP and its practices and sought

to assist patients navigating the same.  *See, e.g.*, Ex. 52 (Ted Mighells Facebook post); Ex. 53

(SaveOnSP Cease and Desist Letter to Ted Mighells).  SaveOnSP's efforts to silence its employees

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 13

in this way are an issue in the case, including through other discovery requests. *See, e.g.*, App'x

1, RFP No. 121.  Mighells's emails are likely to reflect those efforts.

### B.    SaveOnSP Has Not Substantiated Its Objections to Adding Mighells as a Custodian

JJHCS first requested that Mighells be added as a custodian with respect to certain

Requests in May.  Ex. 54 (May 24, 2024 Ltr. from B. Robinson to M. Nelson) at 3.  SaveOnSP

refused.  Ex. 55 (Aug. 9, 2024 Email from K. Cryan to B. Robinson).  Following review of

additional discovery, JJHCS requested that SaveOnSP add Mighells as a full custodian on August

22, 2024.  *See* Ex. 56 (Aug. 22, 2024 Ltr. from B. Robinson to M. Nelson).  SaveOnSP delayed

responding for nearly a month.  *See* Ex. 57 (Sept. 18, 2024 Ltr. from M. Nussbaum to B. Robinson).

In its belated response, SaveOnSP does not dispute Mighells's relevance but maintains that adding

her would be "duplicative and unduly burdensome."  *Id.* at 3.  However, SaveOnSP has not even

collected her documents, so SaveOnSP does not know what the associated burden would be.

Moreover, SaveOnSP does not offer any explanation (and cannot explain) why Mighells's

documents regarding her termination and SaveOnSP's efforts to silence employees more generally

would be duplicative.  SaveOnSP should thus be compelled to add her as a full custodian.

### IV.    Jenna Quinn

### A.    Jenna Quinn Possesses Relevant and Non-Duplicative Documents

JJHCS seeks Quinn's designation only as a limited custodian[7] on the subject of

SaveOnSP's evasion of manufacturers—███████████████████████████████████

---

[7] JJHCS requests that SaveOnSP be compelled to run over Quinn's custodial files a narrow set of
search terms that are designed to capture SaveOnSP's efforts to evade detection by manufacturers.

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 14

SOSP_2383103 (███████████) at 5:00–5:50.  Quinn, who joined SaveOnSP in early 2019, is a member of SaveOnSP's Billing Department and has served as a Billing Specialist and Billing Services Supervisor.

Quinn was responsible for training Billing Department personnel, and her communications (much like Bartz's to PSRs) reveal the intent of SaveOnSP's business decisions and policies.  For example, SaveOnSP has sworn in this litigation ████████████████████████████████████████████████████████████████████████████████. *See* Ex. 60 (Defendant's Supplemental Responses and Objections to Plaintiffs' Interrogatories), Response to Interrogatory No. 16.  But Quinn's statements tell a different story: they ████████████████████████████████████ for precisely this reason.  Specifically, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  SOSP_2383014 (███████████████) at 16:25–16:55.

Similarly, ████████████████████████████████████████████████████████████████████████████████████████████████████████

---

These are the same search terms that the parties agreed would be run over the files of two other SaveOnSP employees, Jessica Johnson and Kelsey Leger, who were the subject of a prior motion and were similarly involved in evasion efforts.  *See* Ex. 58 (July 3, 2024 Email from A. Miner to J. Long); Ex. 59 (June 13, 2024 Email from J. Long to M. Nussbaum).

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 15



That Quinn possesses documents relevant to SaveOnSP's efforts to ███ to manufacturers' detection attempts is plain. Quinn's documents are particularly important because they will reveal the Billing Department's role in those efforts. Billing personnel's evasion efforts focused not only on what SaveOnSP personnel should or should not say to members and

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 16

manufacturers but also on the financial and technical questions relating to how manufacturers were detecting members enrolled in SaveOnSP, how those manufacturers modified their copay assistance programs to prevent SaveOnSP and similar companies from siphoning their funds, and what operational changes SaveOnSP should make in response. JJHCS's understanding of these questions is incomplete because the Billing Department is underrepresented among SaveOnSP's custodians. JJHCS is entitled to take further discovery into these tactics from Quinn, given her supervisory role in Billing and the already-produced documents evidencing her participation in those tactics.

**B.     SaveOnSP's Objections Are Unavailing**

JJHCS renewed its prior request that SaveOnSP add Quinn as a limited custodian and search her documents for the agreed-to Johnson/Leger search terms targeted to manufacturer evasion efforts in July 2024 (after SaveOnSP mistakenly represented that Quinn, like Bartz, already had been designated as a custodian). *See* Ex. 38 (June 20, 2024 Ltr. from M. Nelson to S. Suri) at 1 & App'x A; Ex. 17 (July 3, 2024 Ltr. from M. Nelson to S. Suri); Ex. 37 (July 19, 2024 Ltr. from S. Suri to M. Nelson). SaveOnSP refuses on the basis that Quinn is "unlikely to have unique, responsive documents and that reviewing th[ose] documents is unduly burdensome and disproportionate." Ex. 63 (Aug. 28, 2024 Email from M. Nussbaum to S. Suri) at 1. SaveOnSP's only support for these objections were undifferentiated hit counts for Quinn and a second important Billing Department employee, Ingrid Vasquez. Those hit counts totaled 4,304 documents. *Id.* SaveOnSP has not revealed what the hit counts are for Quinn alone, though the number will, of course, be lower. Particularly given the targeted nature of the search terms at issue and the importance of the subject matter to the case, fewer than 4,304 documents is not unduly

Hon. Freda Wolfson, U.S.D.J.
September 26, 2024
Page 17

burdensome. *See* Dkt. No. 305 at 6 (holding that even "5,000 is not a prohibitive number of

documents" where "the documents requested are relevant").

\*       \*       \*

JJHCS therefore requests that Your Honor compel SaveOnSP to (1) designate Leslie

Kauffman, Brandon Bartz, and Paula Mighells as full custodians, requiring SaveOnSP to run all

agreed-upon search terms for the relevant period; and (2) designate Jenna Quinn as a custodian

and apply the parties' previously agreed-upon search terms specific to SaveOnSP's efforts to evade

detection by manufacturers.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:  All Counsel of Record for SaveOnSP

**Appendix 1: Relevant Requests for Production**

| RFP No. | Request | Relevant Custodian(s) |
|---|---|---|
| 5 | All documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath. | Kauffman, Bartz, Mighells, Quinn |
| 6 | All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS. | Kauffman, Bartz, Mighells, Quinn |
| 7 | All communications SaveOnSP has received from persons currently enrolled in CarePath, including patient complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries. | Kauffman, Bartz, Mighells |
| 8 | All communications SaveOnSP has received from persons who (i) refused to enroll in the SaveOnSP Program; (ii) tried to opt out of enrollment in the SaveOnSP Program; or (iii) initially enrolled in the SaveOnSP Program, but later canceled their enrollment, as well as documents regarding such patient communications. | Kauffman, Bartz, Mighells |
| 13 | All documents and communications between Accredo and SaveOnSP concerning CarePath, including the terms and conditions of CarePath and the operation of the CarePath copay card. | Kauffman, Bartz, Mighells, Quinn |
| 23 | All documents and communications relating to CarePath, including documents and communications concerning (i) drugs for which CarePath assistance is available; (ii) the amount of CarePath copay assistance available for Janssen therapies; (iii) the terms and conditions of CarePath; and (iv) and corresponding or resulting changes to the SaveOnSP Program based on the "most lucrative copay assistance programs." | Kauffman, Bartz, Mighells, Quinn |
| 24 | All documents concerning SOSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals. | Kauffman, Bartz, Mighells, Quinn |

| RFP No. | Request | Relevant Custodian(s) |
|---|---|---|
| 25 | All document concerning SaveOnSP call center locations, training materials, and call scripts used in communications regarding the SaveOnSP program with patients. | Kauffman, Bartz, Mighells, Quinn |
| 28 | All documents and communications concerning "the inflated co-pay" or increase to, SaveOnSP patients' copay or out-of-pocket obligations. | Kauffman, Bartz, Mighells, Quinn |
| 30 | All documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of member to SaveOnSP." | Kauffman, Bartz, Mighells |
| 32 | All documents and communications concerning SaveOnSP's methods to maintain or increase "savings" to health plan sponsors through manufacturer copay assistance programs. | Quinn |
| 33 | All documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including without limitation from patients, patient advocacy groups, health plan sponsors, governmental agencies, Express Scripts and Accredo. | Kauffman, Bartz, Mighells, Quinn |
| 34 | All documents and communications concerning SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance. | Kauffman, Bartz, Mighells, Quinn |
| 51 | All documents and communications relating to steps taking by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member. | Quinn |
| 53 | All communications SaveOnSP has had with Plan Members currently or previously enrolled in CarePath through its call centers, including, but not limited to, recordings of calls. | Kauffman, Bartz, Mighells |

ii

| RFP No. | Request | Relevant Custodian(s) |
|---|---|---|
| 54 | All documents and communications from or to Plan Members about the SaveOnSP Program, including, but not limited to, any complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries, including, but not limited to, recordings of calls. | Kauffman, Bartz, Mighells |
| 73 | All documents and communications concerning "Reject 73," including documents and communications related to "Reject 73 monitoring" and related processes to "[o]verride" the code. | Kauffman, Bartz, Mighells |
| 77 | Documents sufficient to show the identity of any patient whose claim was put on hold or rejected, temporarily or otherwise, or who was otherwise denied access to their prescribed medication, because that patient was not enrolled in the SaveOnSP Program. | Kauffman, Bartz, Mighells |
| 78 | Documents sufficient to show the identity of any patient whose claim was put on hold or rejected because that patient was not enrolled in the SaveOnSP Program, but whose claim was later permitted to proceed after that patient enrolled in the SaveOnSP Program. | Kauffman, Bartz, Mighells |
| 79 | All documents relating to any attempts by SaveOnSP to evade or avoid detection of the SaveOnSP Program by drug manufacturers, including but not limited to the creation of "one time" or temporary copay coupons or credit cards for the purpose of paying a patient's out-of-pocket responsibility. | Kauffman, Bartz, Mighells, Quinn |
| 80 | All documents and communications concerning "SOSP Temp Passthrough," "pass throughs," or "pass thrus," including but not limited to documents and communications related to activating a pass through for a patient's claim, and efforts to deactivate or reset a pass through. | Kauffman, Bartz, Mighells |
| 81 | All documents and communications from May 4, 2022 through the present relating to SaveOnSP's communications with Payors, Plan Members, and healthcare providers concerning the Action. | Kauffman, Bartz, Mighells |

| RFP No. | Request | Relevant Custodian(s) |
|---|---|---|
| 94 | All documents and communications, including any recordings, of any SaveOnSP "huddle," meeting, training, or any other presentation. | Kauffman, Bartz, Mighells, Quinn |
| 99 | From April 1, 2016 through the present, all Documents or Communications regarding any actual or contemplated changes to SaveOnSP's program or offerings to become effective January 1, 2024 that affect patients enrolled in a High Deductible Health Plan. | Kauffman, Bartz, Mighells |
| 102 | From April 1, 2016 through the present, all Documents or Communications concerning any changes to SaveOnSP's policies, programs, or offerings with the intent or effect of increasing SaveOnSP-affiliated patients' copay or out-of-pocket obligations. | Kauffman, Bartz, Mighells, Quinn |
| 103 | From January 1, 2022 to the present, all Documents or Communications related to SaveOnSP's claims that patients' "final cost will be as low as $0," *see, e.g.*, SOSP_0167738, including all Documents or Communications regarding the change in SaveOnSP's materials representing that patients' "final cost will be reduced." | Kauffman, Bartz, Mighells, Quinn |
| 119 | For the period March 1, 2023 to the present, all Documents and Communications relating to every reason why SaveOnSP implemented the May 2023 "Updated Confidentiality and Nondisclosure Policy" referenced in SaveOnSP's response to JJHCS's Interrogatory No. 18. *See* Apr. 10, 2024 Special Master Memorandum Order at 7. | Kauffman, Bartz, Mighells |
| 120 | For the period May 1, 2022 to the present, all Documents and Communications related to any actual or contemplated efforts to prevent employees from discussing patient harm associated with the SaveOnSP Program, or JJHCS's claims or allegations regarding SaveOnSP at issue in this Action, outside of SaveOnSP. *See* Apr. 3, 2024 Tr. at 119:19–25. | Kauffman, Bartz, Mighells |

iv

| RFP No. | Request | Relevant Custodian(s) |
|---|---|---|
| 121 | For the period May 1, 2022 to the present, all Documents and Communications concerning any contemplated or actual efforts to discipline, fire, sue, retaliate against, or take any other adverse action against Theodore Mighells or Paula Mighells, including but not limited to all draft or final versions of the "two letters" sent to Mr. Mighells related to his confidentiality obligations. *See* Apr. 3, 2024 Tr. at 111:15–25. | Kauffman, Bartz, Mighells |
| 131 | All documents and communications concerning SaveOnSP's decision to stop using the term "program" to describe itself or the SaveOnSP Services. | Kauffman, Bartz, Mighells, Quinn |
| 132 | All documents and communications concerning SaveOnSP's decision to stop using the term "enroll" to describe the process by which Plan Members begin participating in the SaveOnSP Program and/or access the SaveOnSP Services. | Kauffman, Bartz, Mighells, Quinn |