# Exhibit 40

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

August 9, 2024

**Via E-mail**

Saniya Suri
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ssuri@pbwt.com

Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* (Case No. 2:22-cv-02632-JKS-CLW)

Dear Saniya,

We write in response to your July 19, 2024 letter in which you request the addition of five custodians.

You request that SaveOn add Jenna Quinn, Ingrid Vasquez, Brandon Bartz, Shannon Sommer, and Hailey Kramer, each of whom was erroneously included in a list of current custodians that SaveOn provided on June 20, 2024. *See* July 3, 2024 Ltr. from M. Nelson to S. Suri (explaining that these individuals, as well as two others, "were incorrectly included on the list of custodians SaveOn provided" and providing a corrected list).

You characterize SaveOn inadvertently including these individuals on its list of current custodians and then correcting that error as a "change in position." But it was not a "position" taken by SaveOn; it was merely a mistake. The accidental inclusion of Quinn and Vasquez, for example, was the result of collecting documents to run search terms and provide hit counts that J&J requested. These individuals appear as custodians on documents that SaveOn has already produced because their documents were de-duplicated against the documents of existing custodians. Bartz and Kramer appear as the custodians of various Huddle recordings because SaveOn's system automatically saves such recordings to the personal folder on the SaveOn shared drive of whomever recorded the meeting. SaveOn has

not added any of the seven individuals inadvertently included on its June 20, 2024 list as custodians or run search terms over their unique files.[1]

You assert that, because of this error, SaveOn must "at a minimum" include all five individuals listed above as full custodians. SaveOn declines to do so.

**Jenna Quinn and Ingrid Vasquez**. We explained in March 2024 why Quinn and Vasquez are unlikely to possess unique, relevant documents. *See* Mar. 1, 2024 Ltr. from M. Nussbaum to K. Brisson. We nonetheless provided J&J with hit counts for them and for Kelsey Leger and Jessica Johnson, explaining that reviewing any of these individuals' documents would be unduly burdensome. J&J filed a motion to compel the production of Leger's and Johnson's documents, but not Quinn's or Vasquez's. *See* May 10, 2024 Mot. to Compel. After extensive negotiations, the parties agreed to search terms for Leger's and Johnson's documents. *See* July 3, 2024 email from J. Long to J. Wolfson. J&J now demands that SaveOn add Quinn or Vasquez as custodians without offering any new evidence. You also request that SaveOn search their mobile devices and personal email accounts without any evidence that those sources would contain relevant materials. Because the evidence that J&J has cited to date does not indicate that Quinn or Vazquez are likely to have unique, relevant documents, SaveOn declines to add them as custodians.

**Brandon Bartz**. J&J requests that Bartz be added as a custodian because, in his position training junior employees, he purportedly "played a role in SaveOnSP's efforts to evade detection by drug manufacturers and perpetuating its deceptive practices." None of the evidence that J&J cites supports this conclusion. Only one document, a Teams conversation, SOSP_1031645-46, is even arguably relevant to alleged evasion, and it shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.,* April 24, 2024 Response to J&J's Interrogatory No. 20. Because J&J has failed to demonstrate that Bartz is likely to possess unique, relevant documents, SaveOn declines to do add him as a custodian.

**Shannon Sommer**. J&J argues, first, that Sommer's work as a "Pharmacy Data Manager" means she is likely to possess unique, relevant documents because she "assisted with modeling the impact of SaveOnSP's coinsurance model." J&J cites two documents in which Sommer discusses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SaveOn has produced voluminous data and communications from other custodians detailing the amounts that patients on SaveOn-advised plans receive in CarePath funds. J&J does not explain why it needs additional information regarding the impact of SaveOn's services on J&J, nor explain why Sommer's communications about that impact are likely to contain unique information.

---

[1] For Huddle recordings, SaveOn identified the relevant files through a non-custodial collection of files saved to SaveOn's shared drives.

2

J&J then claims that Sommer "also was involved in ▮▮▮▮ ▮▮▮▮ … and communications ▮▮▮▮" The three documents J&J cites do not support this conclusion. Two are lengthy email chains in which Sommer is not the sender of any emails (she is copied) while a third is a Teams message ▮▮▮▮. These three passive messages do not show that Sommer is likely to have any unique information. SaveOn thus declines to add her as a custodian.

**Hailey Kramer**. J&J asserts that Kramer's conduct "related to manufacturer evasion." SaveOn has produced ample discovery on so-called "manufacturer evasion," including adding Leger and Johnson as custodians and collecting personal emails from each, as well as extensive discovery from Zulqarnain. The single document and three huddle recordings that J&J cites do not justify adding Kramer as an additional custodian on these issues. J&J points to an email in which ▮▮▮▮, SOSP_1116400, ▮▮▮▮. *See, e.g.*, SOSP_0162987 ("▮▮▮▮ SOSP_1346614 ▮▮▮▮"). This does not indicate that Kramer played any substantive role in so-called "evasion" or is likely to have unique, relevant documents. SaveOn declines to add her as a custodian.

We are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

3