# Exhibit 57

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

September 18, 2024

**<u>Via E-mail</u>**

Bonita L. Robinson
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
brobinson@pbwt.com

Re:   *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* (Case No. 2:22-cv-02632-JKS-CLW)

Dear Bonita,

We write in response to your August 22, 2024 letter requesting SaveOn add Paula Mighells as a full custodian. For the reasons explained below, we decline to do so.

*First*, you claim that Mighells's roles as a member services representative ("MSR") and "quality assurance auditor" justify adding her as an additional custodian because, in those roles, she interacted with plan members, including by resolving their issues and complaints, and trained other SaveOn employees. SaveOn has already produced extensive discovery on both its interactions with plan members and its training materials. At least ten other custodians held positions in which they interacted with plan members and trained other SaveOn employees on communications with plan members, including:

- **Brianna Reed**. 



- **Sarah Segerson.**

- **Nicole Haas.**

- **Laura McClung.**

- **Ted Mighells.**

---

[1] In addition to these five custodians, current custodians Ayesha Zulqarnain, Andrea Waker, Danielle Wagner, Jennifer Menz, and Dave Chelus also held positions in which they communicated with plan participants and/or trained other SaveOn employees regarding those communications.

SaveOn has also produced voluminous non-custodial discovery on these issues. SaveOn has produced hundreds of thousands of Salesforce records detailing its interactions with patients on Janssen drugs, *see, e.g.*, SOSP_0446832, SOSP_0446833, SOSP_1230402, SOSP_1320403, SOSP_0132404, and has agreed in principle to produce call recordings requested by J&J corresponding to those records, *see* Aug. 2, 2024 Letter from M. Nelson to J. Chefitz. SaveOn has also produced non-custodial materials related to its training efforts, including responsive Huddle recordings and hundreds of MSR grading checklists, *see, e.g.* SOSP_0296650, SOSP_0297354, SOSP_0297327.

Given the extensive discovery that SaveOn has already provided regarding its plan member communications and SaveOn employee trainings, adding Mighells as an additional custodian would be duplicative and unduly burdensome. If J&J has reason to believe that Mighells possesses responsive, non-duplicative documents related to these topics, please provide us with the basis for that belief.

*Second*, you state that Mighells is "the obvious and most appropriate custodian for" J&J's RFP No. 121. As you know, this request has been the subject of extensive, separate correspondence. *See, e.g.*, June 21, 2024 Ltr. from M. Nelson to B. Robinson; July 19, 2024 Ltr. from M. Nelson to B. Robinson; August 5, 2024 Ltr. from M. Nelson to B. Robinson; August 30, 2024 Letter from M. Nelson to B. Robinson. SaveOn has made a proposal to produce documents responsive to J&J's RFP No. 121 that is more than sufficient to provide the information J&J told the Court it was seeking. *See* August 30, 2024 Letter from M. Nelson to B. Robinson. As we have previously stated, given the at most marginal relevance of the documents sought by this Request, SaveOn does not believe that the burden of collecting and processing documents from new, additional custodians is appropriate.

We are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

3