**Lowenstein Sandler**

**Freda Wolfson**
Chief U.S. Dist. Judge (ret.)
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

T: **(862) 926-2708**
F: **(973) 597-2400**
E: **fwolfson@lowenstein.com**

# SPECIAL MASTER LETTER ORDER

November 13, 2024

*VIA ECF and Email*
TO ALL COUNSEL OF RECORD

    RE:    *Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
            **Civ. Action No.: 22-2632(JKS)(CLW)**

Counsel:

    By way of email, Plaintiff seeks to modify the briefing schedule for two anticipated motions: (1) Plaintiff's motion to strike portions of Defendant SaveOnSP's Answer, and (2) Plaintiff's motion to seal or redact SaveOnSP's Answer, which is currently under temporary seal.

    For the first motion, Rule 12(f)(2) requires Plaintiff to file the motion to strike by November 21, 2024, three weeks after SaveOnSP filed its Answer on October 31, 2024. Plaintiff requests to defer briefing on this motion until Plaintiff's pending motion to supplement the Amended Complaint is resolved. However, SaveOnSP opposes the extension, arguing that the motions to supplement and strike are independent matters. I agree with SaveOnSP's position. Plaintiff's motion to supplement seeks to add five paragraphs to the Amended Complaint are not relevant to the anticipated motion to strike. Additionally, waiting for SaveOnSP to file a new Answer—if the motion to supplement is granted—would unnecessarily delay proceedings. Therefore, Plaintiff shall file the motion to strike in accordance with the Rules.

Regarding the motion to seal, the deadline is November 14, 2024. Plaintiff requests delaying this filing until after the motions to supplement and strike are resolved, reasoning that a ruling on the motion to strike may eliminate the need for permanent sealing or redaction of SaveOnSP's Answer. In response, SaveOnSP proposes that Plaintiff file its motions to strike and seal simultaneously, and ESI and Accredo posit that a briefing schedule for the motion to seal should not depend on the resolution of Plaintiff's motion to supplement. As to timing, I agree with Plaintiff's position because, if the motion to strike is granted, there may be no need for Plaintiff to expend time and resources on filing the motion to seal. Accordingly, I will establish a new briefing schedule for the motion to seal after the motion to strike is resolved. To be clear, this schedule will not depend on a decision on Plaintiff's motion to supplement. In the meantime, SaveOnSP's Answer will remain temporarily sealed.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master