UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br> v. <br><br> SAVE ON SP, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having been opened before the Court, and referred to the undersigned Special Master, upon Plaintiff Johnson & Johnson Healthcare Systems, Inc. ("JJHCS") Motion to Permanently Seal [ECF No. 405] portions of Save On SP, LLC's ("Save On") August 23, 2024 Motion to Compel JJHCS to search for and produce documents regarding the meaning of the May-Not-Use Provision [ECF No. 355] and Exhibits 2, 3, 5, and 6 of the Motion to Compel, as well as JJHCS's September 10, 2024 Opposition, and Exhibits 1, 3, 4, 7, 8, 9 to the Opposition [ECF No. 377], and SaveOn's September 19, 2024 Reply [ECF No. 387]. The Special Master having considered the submissions in connection with the Motion to Seal, and no objections having been made, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

**FINDINGS OF FACT**

1. The information that JJHCS seeks to seal consists of SaveOn and JJHCS's proprietary business information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the Motion, JJHCS has met its burden of proving, under L. Civ. R. 5.3, Fed. R. Civ. P. 26(c)(1)(G) and applicable case law, that the information should be filed under seal; that is: (a) SaveOn's August 23, 2024 Motion to Compel JJHCS to search for and produce documents regarding the meaning of the May-Not-Use Provision, and Exhibits 2, 3, 5 and 6 to the Motion to Compel, as well as JJHCS's September 10, 2024 Opposition and Exhibits 1, 3, 4, 7, 8, 9 to the Opposition, and SaveOn's Reply therein contains confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2.  The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY,** based upon the foregoing findings of fact and conclusions of law and good cause shown:

**IT IS** on this 13th day of November, 2024,

**ORDERED** that JJHCS's Motion to Seal [ECF No. 405] is hereby **GRANTED** and ECF Nos. 355, 377, 387 are hereby **PERMANENTLY SEALED**; and it is

**ORDERED** that that JJHCS is directed to file the redacted versions of ECF Nos. 355, 377, 387, including all exhibits, consistent with its proposed redactions identified in Exhibit D of the Declaration of Jeffrey J. Greenbaum.

/s/     *Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master