# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON<br>HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br>v.<br><br>SAVE ON SP, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 22-2632 (JKS)(CLW)<br><br>*Document Electronically Filed*<br><br>**ORDER GRANTING<br>MOTION TO SEAL** |

**THIS MATTER** having been opened before the Court, and referred to the undersigned Special Master, upon the join motion of Plaintiff Johnson & Johnson Healthcare Systems, Inc. ("JJHCS") and SaveOn SP, LLC.'s ("Save On," and together with JJHCS the "Parties") to permanently seal [ECF No. 406] portions of Save On's: (1) August 30, 2024 Motion to Compel documents related to JJHCS's mitigation efforts by its vendor TrialCard and RISRx, [ECF No. 372] (the "Mitigation Motion"); and (2) August 26, 2024 Motion to Compel JJHCS to Add Joseph Incelli and Norhaan Khalil as custodians [ECF No. 356] (the "Incelli/Khalil Motion"). In the Mitigation Motion, the Parties seek to seal The Mitigation Motion [ECF No. 372] and the Exhibits 1-11, 13-20, 24-26 to the Mitigation Motion, as well as JJHCS's September 9, 2024 Opposition [ECF No. 376] and Exhibits 1-6, 11-12 to the Opposition, Save On's September 18, 2024 Reply [ECF No. 382] and Exhibits 27-30, 32-36 to the Reply, and JJHCS's September 19, 2024 Surreply [ECF No. 385] and Exhibits 13 and 14 of the Surreply. In the Incelli/Khalil Motion, the Parties seek to seal: SaveOn's August 26, 2024 Incelli/Khalil Motion [ECF No. 356] and Exhibits 1, 2, 5-33 to the Incelli/Khalil Motion, as well as JJHCS's September 10, 2024 Opposition [ECF No. 378]

and Exhibits 1-4 to the Opposition, and SaveOn's September 20, 2024 Reply [ECF No. 388] and Exhibits 34-43 to the Reply.

The Special Master having considered the submissions in connection with the Motion to Seal, and no objections having been made, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

## FINDINGS OF FACT

1. The information that the Parties seek to seal consists of SaveOn and JJHCS's proprietary business information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's and JJHCS's proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the Motion, the Parties have met their burden of proving, under L. Civ. R. 5.3, Fed. R. Civ. P. 26(c)(1)(G) and applicable

case law, that the information should be filed under seal; that is: (a) The Mitigation Motion [ECF No. 372] and Exhibits 1-11, 13-20, 24-26 to the Mitigation Motion, as well as JJHCS's September 9, 2024 Opposition [ECF No. 376] and Exhibits 1-6, 11-12 to the Opposition, and Save On's September 18, 2024 Reply [ECF No. 382] and Exhibits 27-30, 32-36 to the Reply; and JJHCS's September 20, 2024 Surreply [ECF No. 385] and Exhibits 13 and 14 of the Surreply; and the Incelli/Khalil Motion, [ECF No. 356], and Exhibits 1, 2, 5-33, to the Incelli/Khalil Motion, as well as JJHCS's September 10, 2024 Opposition [ECF No. 378] and Exhibits 1-4 to the Opposition; and SaveOn's September 19, 2024 Reply [ECF No. 388] and Exhibits 34-43 to the Reply, therein contains confidential information; (b) the Parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY,** based upon the foregoing findings of fact and conclusions of law and good cause shown:

**IT IS** on this 13th day of November, 2024,

**ORDERED** that the Parties' joint Motion to Seal [ECF No. 406] is hereby **GRANTED** and ECF Nos. 372, 376, 382, 385, 356, 378, and 388 are hereby **PERMANENTLY SEALED**; and it is

**ORDERED** that the Parties are directed to file the redacted and public versions of ECF Nos. 372, 376, 382, 385, 356, 378, and 388, including all exhibits, consistent with their proposed redactions identified in Exhibits C, D, E, and F to the Declaration of Jeffrey J. Greenbaum.

/s/      *Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master