**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having been opened before the Court, and referred to the undersigned Special Master, upon the joint motion of Plaintiff Johnson & Johnson Healthcare Systems, Inc. ("JJHCS") and defendant SaveOn SP, LLC ("Save On")(together with JJHCS, the "Parties) to permanently seal [ECF No. 416] portions of Save On's September 16, 2024 Motion to Compel JJHCS to Produce Documents sufficient to show instances in which it investigated, enforced, or contemplated enforcing any portion of the May-Not-Use Provision [ECF No. 383], and Exhibit 1 to the Motion to Compel, as well as of JJHCS's September 25, 2024 Opposition [ECF No. 391] and Exhibits 1-4, 7-10, 13-15 to the Opposition, and Save On's October 3, 2024 Reply [ECF Nos. 399; 415]. The Special Master having considered the submissions in connection with the Motion to Seal, and no objections having been made, pursuant to Fed. R. Civ. P. 78, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

**FINDINGS OF FACT**

1. The information that JJHCS seeks to seal consists of SaveOn and JJHCS's proprietary business information, as well as confidential patient health information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure this confidential information and this Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the Motion to Seal, the Parties have met their burden of proving, under L. Civ. R. 5.3, Fed. R. Civ. P. 26(c)(1)(G) and applicable case law, that the information should be filed under seal; that is: (a) SaveOn's September 16, 2024 Motion to Compel [ECF No. 383], and Exhibit 1 to the Motion to Compel, JJHCS's September 26, 2024 Opposition to SaveOn's Motion to Compel [ECF No. 391], and Exhibits 1-4, 7-10, 13-15 to the Opposition, and SaveOn's Reply [ECF Nos. 399, 415], therein contains confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY,** based upon the foregoing findings of fact and conclusions of law and good cause shown:

**IT IS** on this 13th day of November, 2024,

**ORDERED** that the Parties' joint Motion to Seal [ECF No. 416] is hereby **GRANTED** and ECF Nos. 383, 391, 399, 415 are hereby **PERMANENTLY SEALED**; and it is

**ORDERED** that that the Parties are directed to file the redacted versions of ECF Nos. 383, 391, 399, 415 including all exhibits, consistent with its proposed redactions identified in Exhibits D and E to the Declaration of Jeffrey J. Greenbaum.

/s/ *Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master