# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

December 4, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler
One Lowenstein Drive LLP
Roseland, NJ 07068

> Re:  **JJHCS's Motion to Seal Express Scripts's and Accredo's Answers**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

JJHCS makes this limited motion to seal one sentence that appears in the Answers filed by Defendants ESI and Accredo (the "Answers"). The sentence to be sealed appears in paragraph 131 of the affirmative defenses in each Answer, beginning with "In 2022, Johnson & Johnson estimated . . ." and ending with " . . . investment, respectively."[1]

JJHCS moves to redact this sentence because it discloses highly confidential financial metrics from a draft internal JJHCS presentation, produced in discovery with an "Attorneys' Eyes

---

[1] JJHCS would ordinarily provide the Court with the relevant paragraph from the Amended Complaint, but the Local Rules require this motion to be filed publicly. *See* Local Rule 5.3(c)(1) ("Any motion and supporting papers to seal or otherwise restrict public access shall be available for review by the public."). Accordingly, we do not quote the relevant sentence or attach the underlying Attorneys' Eyes Only document produced by JJHCS from which the relevant figures are drawn (JJHCS_00156898). We are happy to provide the Court with copies of the relevant paragraph or underlying document if doing so would facilitate the Court's review.

Hon. Freda Wolfson, U.S.D.J.
December 4, 2024
Page 2

Only" designation.  Courts routinely seal this type of sensitive financial information, even from pleadings, to prevent commercial harm to private litigants.

## ARGUMENT

In the Third Circuit, protection through sealing is warranted when "disclosure will work a clearly defined and serious injury to the party seeking closure."  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted).  For example, documents containing "confidential business information" are routinely sealed to prevent "harm [to] a litigant's competitive standing."  *Alchem USA Inc. v. Cage*, 2022 WL 3043153, at *3 (3d Cir. Aug. 2, 2022) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) and *In re Avandia Mktg., Sales Pracs. and Prods. Liability Litig.*, 924 F.3d 662, 679 & n.14 (3d Cir. 2019)).  Under Local Civil Rule 5.3(c)(3), courts consider (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.[2]

Each of these factors supports granting JJHCS's motion.

### A.     The Confidential Materials at Issue Are Sensitive Financial Projections

The information cited in paragraph 131 of the Answers includes "critically sensitive and not publicly available financial figures" regarding the CarePath program.  *Gonzalez v. Bob's Disc. Furniture*, 2017 WL 11582047, at *2 (D.N.J. Jan. 25, 2017) (cleaned up).  These figures are

---

[2] As required by Local Civil Rule 5.3(c)(3)(e) and (f), JJHCS states that neither JJHCS nor any other party to this action has sought a prior order sealing this sentence, and that ESI and Accredo object to this requested relief.

Hon. Freda Wolfson, U.S.D.J.
December 4, 2024
Page 3

"highly sensitive and proprietary," weighing in favor of sealing them from public view. *Id.*; *see also Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *1, *4 (D.N.J. Jan. 3, 2012) (granting motion to seal "confidential, internal business information"). Consistent with their sensitive nature, JJHCS produced the document in which they appeared, JJHCS_00156898, with an "Attorneys' Eyes Only" designation. Although ESI and Accredo could have disputed that designation under paragraph 10 of the DCO, they have not done so.

### B. JJHCS Has a Legitimate Interest in Protecting This Information

It is well established that corporate parties "have a legitimate privacy interest in keeping their confidential business practices from the public." *Bah v. Apple Inc.*, 2021 WL 4272829, at *3 (D.N.J. Sept. 21, 2021). This interest is especially strong when, as here, "precise dollar amounts" pulled from internal business records are at risk of exposure. *E.g.*, *Jewitt v. IDT Corp.*, 2004 WL 7321367, at *3 (D.N.J. Aug. 9, 2004); *see also Kasilag v. Hartford Inv. Fin. Servs., LLC*, 2016 WL 1394347, at *7–8 (D.N.J. Apr. 7, 2016) (granting motion to seal "targeted redactions" of "specific amounts" derived from financial documents), *aff'd*, 745 F. App'x 452 (3d Cir. 2018). Such dollar amounts should be sealed—even though the filing at issue is a pleading. *See Jewitt*, 2004 WL 7321367, at *3; *see also China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, 2017 WL 6638204, at *2–3 (D.N.J. Dec. 29, 2017) (granting "minimal and tailored redactions" in a complaint, to protect "proprietary and sensitive non-public business and financial information").

To be clear, JJHCS disputes the characterization of these figures in paragraph 131 of the Answers. But that dispute is not relevant here—it is the "dollar amounts" themselves that are highly confidential, regardless of whether ESI and Accredo's gloss on them is accurate. *E.g.*, *Jewitt*, 2004 WL 7321367, at *3.

Hon. Freda Wolfson, U.S.D.J.
December 4, 2024
Page 4

### C. Disclosure Poses Serious Competitive Harm to JJHCS

"District Courts in the Third Circuit have . . . repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace." *Goldenberg*, 2012 WL 15909, at *3–4 (granting motion to seal "sensitive information as to how these [parties] structure their business internally" including "private financial information"); *see also Boehringer Ingelheim Pharma GmbH & Co., KG v. Mylan Pharms., Inc.*, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (granting motion to seal a handful of sentences containing "financial data" given "the highly competitive nature of the pharmaceutical industry"). This risk of commercial injury warrants sealing. *See Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, 2017 WL 11634621, at *1 (D.N.J. Oct. 11, 2017) (granting motion to seal "portions of the Amended Answers" that "comprise confidential [business] information").

### D. There Are No Less Restrictive Means Than Sealing One Sentence

JJHCS seeks to redact only one sentence of each Answer. This is the least restrictive means of protecting JJHCS's proprietary information. *See, e.g.*, *Bah*, 2021 WL 4272829, at *3 (granting motion to seal when the movant's proposed redactions were "narrowly tailored to only the confidential business . . . information warranting protection" such that "a less restrictive alternative to the relief sought . . . [was] not available."). And ESI and Accredo cannot show any prejudice that would result from this motion being granted: every other sentence in their 53-page Answers will be unsealed and available for public consumption.

Hon. Freda Wolfson, U.S.D.J.
December 4, 2024
Page 5

## CONCLUSION

For the foregoing reasons, JJHCS requests that the Court (1) grant JJHCS's motion to permanently seal ESI's and Accredo's Answers on the docket (ECF Nos. 438 and 437, respectively); and (2) direct ESI and Accredo to publicly file versions of the Answers with redactions to the relevant sentence in paragraph 131. JJHCS has included proposed redacted versions of the Answers as Exhibits A and B to this motion.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: All Counsel of Record