SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendants. | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L.

Civ. R. 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS to seal the letters and supporting exhibits filed by the parties in connection with

(i) the Motion of Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to Produce Documents Regarding its CAP Program from its Vendor TrialCard, dated October 25, 2024, with related briefing and status letters dated October 7, October 10, November 4, and November 12, 2024 (ECF Nos. 410, 425, 433, 450 & 464), filed October 14, October 29, November 5, November 13, and December 10, 2024 (the "TrialCard Motion"); and

(ii) SaveOnSP's Motion to Compel JJHCS to Produce Financial Modeling, dated October 28, 2024 (ECF No. 426), filed October 29, 2024 (the "Financial Modeling Motion").

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. JJHCS seeks to seal portions of ECF Nos. 410, 425, 433, 450 & 464; and ECF No. 426 in accordance with L. Civ. R. 5.3(c).

3. Attached hereto as Exhibit A is the proposed public version of the status letters submitted in advance of SaveOnSP's filing of the motion to compel regarding TrialCard (ECF Nos. 410 and 464). Attached hereto as Exhibit B is the proposed public version of the moving, opposition, and reply briefs of the motion

to compel concerning TrialCard (ECF Nos. 425, 433, & 450).[1] Attached hereto as Exhibit C is the proposed public version of the Financial Modeling Motion (ECF No. 426).[2] As shown in these exhibits, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4.      L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5.      In support of this motion, JJHCS has prepared indices setting forth the information sought to be sealed and the basis for the request as follows:

---

[1] Neither party has proposed any redactions to the reply to the TrialCard Motion. JJHCS is therefore submitting an unredacted version herein.

[2] Both the response and reply to the Financial Modeling Motion were filed publicly. *See* ECF Nos. 439 and 463.

| Exhibit D | Proposed redactions to the TrialCard Motion |
| Exhibit E | Proposed redactions to the Financial Modeling Motion |

6. No party objects to the sealing of any of the confidential materials subject to this motion.

7. JJHCS filed this action to stop a scheme devised by SaveOnSP and implemented by Express Scripts and Accredo from pilfering tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (*See* Amended Complaint, ECF No. 395). The Amended Complaint asserts four causes of action: (1) tortious interference with contract against all defendants; (2) conspiracy to tortiously interfere with contract against all defendants; (3) aiding and abetting tortious interference with contract as to Express Scripts and Accredo, in the alternative; and (4) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, as to SaveOnSP.

8. JJHCS and SaveOnSP entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62). Upon being named as defendants, Express Scripts and Accredo have indicated their respective consents to be bound to the Discovery Confidentiality Order.

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration and finances of the CarePath Program, JJHCS's deliberative process and internal decision-making, and confidential

4

information related to JJHCS and its vendor TrialCard, Inc. Certain of these documents are attached as exhibits to ECF Nos. 410, 425, 433, 450 & 464; and ECF No. 426 and include confidential emails, agreements, and presentations.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

11. As detailed in Exhibits D and E, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that JJHCS has treated as confidential during this litigation.

12. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

13. JJHCS has continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action.

14. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

15. Sealing these documents is the least restrictive alternative means of protecting the parties' highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2024             <u>*s/ Jeffrey J. Greenbaum*</u>
                                          JEFFREY J. GREENBAUM