# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 7, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:  ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in advance of the parties' October 11, 2024 conference to provide an update regarding Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") production of documents from TrialCard Inc. ("Trial-Card").

In April 2024, SaveOn moved to compel J&J to produce (1) "refresh" documents from July 1, 2022 to November 7, 2023 from four TrialCard employees from whom TrialCard had already produced documents prior to July 1, 2022 (the "Original TrialCard Custodians"); and (2) documents regarding J&J's CAP program from both the Original TrialCard Custodians and

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

also additional TrialCard employees who worked on that program (the "New TrialCard Custodi-

ans"). SaveOn's Apr. 19, 2024 Mot. to Compel, at 1. Your Honor granted that motion, holding

that J&J had "legal control" over the requested documents, and that "the requested discovery is

relevant as the documents at issue relate to the creation and implementation of the CAP Program,

and benefits investigations into whether patients were on SaveOnSP programs." May 28, 2024

Order at 10.

Your Honor asked the parties at the July 15, 2024 conference if the TrialCard issue had

been "resolved." July 15, 2024 Tr. at 134:22. J&J said that it had "made that request [for CAP

documents] from TrialCard, and we're waiting to hear from TrialCard, and I think we have been

keeping counsel notified through letters and back-and-forth." *Id.* at 135:13-16. Your Honor said:

"[S]ooner, rather than later, let's figure out if this is still going to be [an] issue[] that we need to

bring to a head, just to move things along, and let me know." *Id.* at 135:21-24.

Consistent with Your Honor's guidance, SaveOn provides the following update.

On August 29, 2024, three months after Your Honor's ruling, J&J produced the "refresh"

production from the Original TrialCard Custodians. Ex. 1 (Aug. 29, 2024 Ltr.). This portion of

SaveOn's motion to compel is now resolved.

To date, however, J&J has not produced any documents from the New TrialCard Custodi-

ans, has not told SaveOn that it has run the requested additional CAP-related searches for the

Original TrialCard Custodian or obtained the requested documents regarding the CAP program

from TrialCard, and has not provided accurate hit counts of the documents identified by SaveOn's

proposed search terms, which would be necessary for the parties to negotiate those proposals.

SaveOn proposed search terms and custodians for that production on May 24, 2024, Ex. 2 (May

24, 2024 Ltr.), and met and conferred with J&J on June 4, 2024, Ex. 3 (June 6, 2024 Ltr.). On

Hon. Freda L. Wolfson                                                          Page 3

July 12, 2024, J&J said that it had "asked TrialCard to collect the documents of the eight additional

TrialCard custodians [SaveOn] identified, and … asked TrialCard to provide hit counts." Ex. 4

(July 12, 2024 Ltr.); *see also* Ex. 5 (August 5-19, 2024 email correspondence).

On August 22, 2024, J&J provided hit counts of documents identified by SaveOn's pro-

posed terms which it obtained from TrialCard, but these counts were incomplete and inaccurate.

Ex. 6 (Aug. 22, 2024 Ltr.).[1] SaveOn promptly brought these issues to J&J's attention and again

asked J&J for accurate and complete hit counts. Ex. 7 (Aug. 28, 2024 Ltr.). J&J provided infor-

mation in response to one of SaveOn's questions[2] and said that it would ask TrialCard to provide

the requested hit counts. Ex. 8 (Sept. 6, 2024 Ltr.); *see also* Ex. 9 (Sept. 12, 2024 Ltr.); Ex. 10

---

[1] According to J&J, TrialCard did not gather all the requested custodians' documents before run-
ning SaveOn's proposed search terms; it rather used "collection terms" apparently intended to
ensure that all collected documents would be within J&J legal control. *See* Ex. 6. This process,
which J&J did not disclose to SaveOn beforehand, caused delays, as the purported collection terms
were patently insufficient (excluding the names of most Janssen Drugs at issue and references to
J&J's CAP Program) and so would exclude numerous documents within J&J's control. J&J caused
further delays by failing to ask TrialCard to provide the custodians' documents to J&J so that J&J
could run proposed search terms over the documents directly; instead, J&J has left the documents
in TrialCard's possession and claims that it can only obtain hit counts via "requests" to TrialCard.

The hit counts that TrialCard and J&J provided to SaveOn contain other clear defects. *First*, Trial-
Card did not collect documents from all requested custodians; it gathered documents from the New
TrialCard Custodians but not the Original TrialCard Custodians, even though the Original Trial-
Card Custodians also worked on the CAP program. *Second*, TrialCard did not run all SaveOn's
proposed terms over the documents it collected; it rather added additional "limiters" to many of
those terms—as a result, running narrowed search terms that SaveOn did not actually propose.
*Finally*, TrialCard did not provide deduplicated hit counts, which account for documents identified
by multiple search terms—it provided only duplicated counts, inflating the number of identified
documents. *See* Ex. 7 (Aug. 28, 2024 Ltr.) (explaining these defects).

[2] J&J originally claimed that running SaveOn's proposed search terms—with the limiters Trial-
Card that unilaterally added—over the documents that TrialCard collected identified over 41,000
documents. When SaveOn pointed out that this figure did not appear to be de-duplicated, J&J
reported that the accurate count was only 16,722 documents, including families. *See* Ex. 8 (Sept. 6,
2024 Ltr.).

Hon. Freda L. Wolfson                                                                      Page 4

(Sept. 20, 2024 Ltr.). Over a month after SaveOn's request, J&J has still not provided SaveOn with

the results of those searches.

It is now October 2024, yet the parties have not even agreed on a search protocol to identify

the documents that Your Honor compelled J&J to produce in May 2024. SaveOn has been ham-

strung by J&J's long delays in providing relevant information. If J&J does not provide the infor-

mation that SaveOn requested, agree to a reasonable search protocol to identify the documents

SaveOn seeks, and agree to a date certain by which it will produce these documents in the next

few weeks, SaveOn intends to seek Your Honor's intervention.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1



August 29, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
       **2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

Today, Mercalis Inc. (formerly known as "TrialCard") is producing TRIALCARD_PROD007 bearing Bates numbers TRIALCARD_00009770–TRIALCARD_00013350.

This production contains documents that are designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and "CONFIDENTIAL HEALTH INFORMATION" pursuant to the Discovery Confidentiality Order entered on November 22, 2022 (Dkt. No. 62). In the event this production contains any material protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, such production was inadvertent and should not be construed as a waiver of any privilege or protection by TrialCard. TrialCard reserves the right to demand the immediate return and/or destruction of any such materials. TrialCard further reserves the right to amend or add a designation of confidentiality upon discovery of any material inadvertently produced without the appropriate designation.

Accompanying this letter is an FTP link you can use to download the productions. The password will be sent separately via email.

Very truly yours,

*/s/Jacob I. Chefitz*

Jacob I. Chefitz

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

May 24, 2024

**Via E-mail**

Sara A. Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Sara,

We write to you in your capacity as counsel for J&J.

As you know, at yesterday's discovery conference, Judge Wolfson held that
J&J controls TrialCard's documents regarding its work for J&J.

*First*, SaveOn requests that J&J produce custodial documents in TrialCard's
possession from the "refresh" period of July 1, 2022 to November 7, 2023 for the
four custodians and search terms on Appendix 1. As you know, TrialCard previ-
ously agreed to produce documents using those same search terms from those
same custodians from April 1, 2016 to July 1, 2022.

*Second*, SaveOn requests that J&J produce TrialCard's custodial and non-
custodial documents, from April 1, 2016 to November 3, 2023, regarding Trial-
Card's work for J&J in identifying patients on accumulators, maximizers, and
SaveOn-advised plans, including but not limited to the development, roll out, and
operation of the CAP Program. Please identify any non-custodial sources of such
documents at TrialCard and produce any responsive, non-privileged documents.
Please also identify and designate as custodians any individuals at TrialCard who
worked on these efforts during the discovery period. This should include, without
limitation, the seven individuals identified on Appendix 2. Please run the search
terms proposed on Appendix 2 over the documents of all custodians and produce
any responsive, non-privileged documents.

Sara A. Arrow
May 24, 2024

*Finally*, SaveOn requests that J&J produce the approximately 1,500 call recordings in TrialCard's possession that SaveOn previously requested from TrialCard. A list of those calls is enclosed. J&J's proposal—that SaveOn produce approximately 28,000 call recordings in exchange for the approximately 1,500 call recordings that SaveOn seeks—is disproportionate. While we continue to evaluate J&J's request and are happy to consider an appropriately narrowed request, it is not appropriate for J&J to condition its production of the responsive call recordings that SaveOn seeks on a reciprocal production from SaveOn that J&J waited a year to request.

We request a response by May 31, 2024.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

2

## <u>Appendix 1</u>

- Custodians:

  - o Holly Weischedel

  - o Sini Abraham

  - o Paul Esterline

  - o Rick Fry

- Search Terms (*see* July 26, 2023 Ltr. from E. Holland to K. Brisson, at App. A; Aug. 24, 2023 Ltr. from K. Brisson to E. Holland, at 3 & n.1-2; Sept. 8, 2023 Ltr. from K. Brisson to E. Holland at n.1).

  - o SaveOnSP OR SaveOn OR "Save On SP" OR Save On" OR SOSP

  - o ("Johnson & Johnson" OR "Johnson and John-son" OR J&J OR JnJ OR JJHCS OR Janssen) AND (Save-OnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

  - o (CarePath OR "Care Path") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

  - o (Accumulator OR Maximizer) AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

  - o ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (CarePath w/5 "term* and condition*")

  - o (Accumulator OR Maximizer OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/10 (CarePath AND (Stelara OR Tremfya) AND (limit OR eliminat*))

  - o ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (enroll w/5 CarePath) AND contact*

Sara A. Arrow
May 24, 2024

## **Appendix 2**

- Proposed TrialCard custodians:

  o Jason Zemcik

  o Rick Ford

  o April Harrison

  o Tommy Gooch

  o Lynsi Newton

  o Amber Maldonado

  o Cosimo Cambi

- Proposed search terms:

  o Previously agreed to TrialCard search terms:

    ▪ SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP

    ▪ ("Johnson & Johnson" OR "Johnson and John-son" OR J&J OR JnJ OR JJHCS OR Janssen) AND (Save-OnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

    ▪ (CarePath OR "Care Path") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

    ▪ (Accumulator OR Maximizer) AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

    ▪ ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (CarePath w/5 "term* and condition*")

    ▪ (Accumulator OR Maximizer OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/10 (Care-Path AND (Stelara OR Tremfya) AND (limit OR elimi-nat*))

4

Sara A. Arrow
May 24, 2024

- ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (enroll w/5 CarePath) AND contact*

  o CAP search terms:

  - (CAPa OR CAPm OR "adjustment program") **AND** (Save-OnSP OR SaveOn OR "Save On SP" OR Save On" OR SOSP OR accumlat* OR maximiz*)

  - ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) **w/50** ("CAPa" OR CAPm" OR "adjustment program" OR accumulat* OR maximiz*)

  - "Save On" (*case sensitive*)

  - "save on" **w/50** (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

  - "other offer" **w/5** (accumlat* OR maximiz*)

  - ("Express Scripts" OR ESI OR ExpressScripts) **w/50** ("accumulat* OR maximiz*)

  - (Accredo OR Acredo) **w/50** (accumulat* OR maximiz*)

  - (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

June 6, 2024

**Via E-mail**

Jacob Chefitz
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jchefitz@pbwt.com

**Re:   Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Jacob,

We write to memorialize the parties' discussion of J&J's production of documents in the possession of its vendor, TrialCard, during the parties' June 4, 2024 meet-and-confer, as directed by Judge Wolfson's May 28, 2024 Order. *See* May 28, 2024 Order at 10. We also write to follow up on our May 24, 2024 letter regarding production of TrialCard documents, to which J&J has not responded. You indicated that J&J would send a letter with a counterproposal regarding the scope of TrialCard discovery "expeditiously;" we await that letter.

*First*, you said we should expect a forthcoming production of "refresh" documents, *see* May 24, 2024 Ltr. from H. Miles to S. Arrow at Appendix 1. This forthcoming production is party discovery, but you did not confirm which entity—TrialCard or J&J—would make the production. Please let us know whether J&J will make this production (bearing JJHCS bates stamps) or TrialCard will make this production on behalf of J&J (bearing TRIALCARD bates stamps). Additionally, please provide us with a date when we can expect this production.

*Second*, you said that J&J has "passed on" to TrialCard SaveOn's request for additional discovery in the possession of TrialCard, *see* May 24, 2024 Ltr. at 1, Appendix 2, and that TrialCard is "considering" the request. To avoid doubt, consistent with Judge Wolfson's Order, SaveOn's request is to J&J, not TrialCard. *See* Order at 10 (directing "the parties" to meet and confer); *see also* May 23, 2024 Hr'g Tr. at 49:7-9 ("It's as counsel for J&J that you're conferring, once I find control,

Jacob Chefitz
June 6, 2024

about what they need or should be requesting."). Please provide us with a date by which J&J will respond to SaveOn's request.

*Third*, you asserted that because Judge Wolfson's May 28th Order compels J&J to produce documents related to the CAP program and benefits investigations, those are the only two relevant topics on which SaveOn may seek discovery from J&J of documents in TrialCard's possession. We disagree. While only those two categories of documents were at issue in the Order, Judge Wolfson compelled J&J to produce them because they "fall within the broad audit provision of the MSA," which gives J&J control over "documents and communications relating to the administration of CarePath." Order at 9-10. J&J must produce all relevant documents in TrialCard's possession over which it has legal control.

*Finally*, you said that J&J was willing to negotiate reciprocal productions of call recordings. We mentioned that SaveOn has requested approximately 1,500 call recordings from J&J, *see* May 23, 2024 Ltr., *see also* Mar. 27, 2024 Ltr. from H. Miles to S. Arrow. You said that J&J continues to request over 28,000 call recordings from SaveOn, with the possibility of adding more. *See* May 7, 2024 Ltr. from E. Shane to H. Miles. We explained that the differential in the call recordings sought by the parties—1,500 vs. 28,000—makes the requests, on their face, not equivalent. You stated J&J's position that those numbers are "proportional, given the position of the parties here." We asked you to clarify whether by "position of the parties," you meant that it is proportional for a defendant to produce twenty times more discovery than a plaintiff of the same record type. You agreed that it was proportional. We continue to disagree. SaveOn remains willing to negotiate reciprocal productions of call recordings that pose a reasonably equivalent burden upon each party.

We await your response to our May 24, 2024 letter and remain available to meet and confer.

Sincerely,

/s/ Hannah R. Miles

Hannah R. Miles
Associate

2

# Exhibit 4



July 12, 2024

Jacob I. Chefitz
(212) 336-2474

**<u>By Email</u>**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
      **2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

On behalf of JJHCS, we write in response to your June 28, 2024 letter regarding additional discovery of TrialCard documents.

We continue to object to the appropriateness of the additional TrialCard custodians and search terms that SaveOnSP has proposed. Your proposed search terms, in particular, are not appropriately tailored to this litigation. JJHCS has no authority under the audit provision of the MSA to request documents and communications from TrialCard that do not relate to TrialCard's work for JJHCS. And, as we explained in our June 17, 2024 letter, many of SaveOnSP's search terms will necessarily yield documents that do not relate to TrialCard's work for JJHCS. The simple fact that JJHCS may have agreed to run certain search terms over the files of relevant JJHCS custodians does not make those same search terms appropriate for TrialCard custodians, whose work was not limited to JJHCS-related tasks.

Nonetheless, in the interest of advancing this issue and fully assessing the burden and scope of SaveOnSP's requests here, we have asked TrialCard to collect the documents of the eight additional TrialCard custodians you have identified, and we have asked TrialCard to provide hit counts for the search terms that SaveOnSP has proposed. For the avoidance of doubt, those requests have been made to TrialCard's counsel at Smith Anderson, who TrialCard has retained to advise TrialCard regarding TrialCard's duties to JJHCS under the MSA.

We reserve all rights and are available to meet and confer.

Hannah R. Miles, Esq.
July 12, 2024
Page 2

Very truly yours,

*/s/Jacob I. Chefitz*

Jacob I. Chefitz

# Exhibit 5

| From: | Hannah Miles |
|---|---|
| To: | Chefitz, Jacob (x2474); Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); Long, Julia (x2878); ~jgreenbaum@sillscummis.com; _cg J&J-SaveOn |
| Cc: | Philippe Selendy; Andrew Dunlap; Meredith Nelson; Elizabeth Snow; EWohlforth@rc.com |
| Subject: | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians |
| Date: | Monday, August 19, 2024 11:38:41 AM |

Jacob,

On August 8th, J&J said that it would provide SaveOn with hit counts from TrialCard as soon as it received them, and indicated that would be last week. Please provide that hit count information promptly.

Please also advise when SaveOn can expect J&J's position on the substance of its request.

Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
+1 212.390.9055 [O]
+1 347.731.1404  [M]

**From:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>
**Sent:** Friday, August 9, 2024 10:28 AM
**To:** Hannah Miles <hmiles@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>;
Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
EWohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

Hannah,

As we noted in our earlier communications, we have and will continue to comply with Judge Wolfson's order with respect to TrialCard.  We will be in touch as soon as we hear back from TrialCard about our request made pursuant to the MSA and Judge Wolfson's order.

Regards,
Jacob

**From:** Hannah Miles <hmiles@selendygay.gay>
**Sent:** Thursday, August 8, 2024 8:18 PM
**To:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>;
Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
EWohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians


<mark>External: Think before you click.</mark>


Jacob,

Thank you for your email, and for informing us that TrialCard has collected documents from
the proposed custodians. Please let us know when we can expect a response from J&J on the
substance of our request.

To be clear, J&J is required to do more than "make a request of TrialCard" and wait for a
response. Judge Wolfson found that J&J has legal control over these documents; J&J has a
legal obligation to produce all relevant documents that it controls. Even if J&J "does not
physically control TrialCard's files," case law is clear that, if a party has legal control over
relevant documents in the physical possession of a third party, the party is required to
produce them.


Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404  [M]

---

**From:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>
**Sent:** Thursday, August 8, 2024 1:38 PM
**To:** Hannah Miles <hmiles@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>;
Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com

<jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
EWohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

Hannah,

As we have repeatedly explained, JJHCS has no physical control over TrialCard's files. JJHCS can and has requested that TrialCard, pursuant to TrialCard's MSA with JJHCS as construed by Judge Wolfson, collect the documents from the additional custodians you have identified and provide hit counts for the searches you requested. But JJHCS can only provide that information—and any updates with respect to it—to the extent that TrialCard relays it.

Since our last email, TrialCard has informed JJHCS that there have been some delays in the document collection process but that it completed document collection yesterday for the eight additional custodians SaveOnSP has identified. TrialCard has further informed JJHCS that it plans on responding to JJHCS's request next week. Once JJHCS receives that response, it can further negotiate with SaveOnSP regarding the burden and proper scope of SaveOnSP's request of JJHCS for TrialCard documents. *See* July 12, 2024 Ltr. from J. Chefitz to H. Miles.

SaveOnSP appears to complain about the speed of this process but that is the direct result of SaveOnSP's insistence on proceeding through demands to JJHCS rather than using Rule 45 subpoenas to obtain TrialCard documents. We have done what Judge Wolfson directed, which is to make a request of TrialCard pursuant to the MSA. We will continue to press these requests with TrialCard as the Court ordered. At the same time, TrialCard is not just another JJHCS custodian; it is an independent entity with separate counsel. TrialCard will need to determine for itself what the MSA requires it to do in response to JJHCS's requests. All of this and any accompanying delay about which you now complain was the foreseeable consequence of SaveOnSP's seeking to obtain TrialCard's documents from JJHCS via the MSA's audit provision.

Regards,
Jacob

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Wednesday, August 7, 2024 10:49 AM
**To:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>;
Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>;
Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
EWohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

External: Think before you click.

Jacob,

Thank you for confirming that J&J anticipates making the "refresh" production from TrialCard by the end of August.

Regarding the additional custodians that SaveOn requested, we do not believe that saying—ten weeks after Judge Wolfson held that J&J controls TrialCard's relevant documents—that you will "provide an update when possible" is sufficient, especially given Judge Wolfson's admonition at the last conference that "[s]ooner, rather than later, let's figure out if this is still going to be issues that we need to bring to a head, just to move things along, and let me know." July 15 Hearing Tr. at 135. If J&J does not provide a substantive response by the end of this week, we intend to update to Judge Wolfson and seek a telephone conference to request her guidance.

Best,

Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
--------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404  [M]

---

**From:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>
**Sent:** Tuesday, August 6, 2024 8:35 PM
**To:** Hannah Miles <hmiles@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; EWohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

Dear Hannah,

First, with respect to the "refresh" production from the existing TrialCard custodians, we anticipate

making that production by the end of the month.

Second, as we have previously stated, JJHCS has requested that TrialCard collect the documents from the additional custodians you identified and provide hit counts for your requested search terms. That request is consistent with Judge Wolfson's ruling and, as the Court contemplated at the May 23, 2024 hearing, it has been made to TrialCard's separate counsel, who can provide independent advice on how to respond. *See* May 23, 2024 Hearing Tr. at 52–53. TrialCard is in receipt of JJHCS's request, and we will provide an update when possible. We reiterate that TrialCard is an independent entity and JJHCS does not physically control TrialCard's files. As we have said before, TrialCard, as an independent entity, "will have to decide what it believes it is required to do pursuant to the request that JJHCS makes." May 23, 2024 Hearing Tr. at 52.

Regards,
Jacob

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Monday, August 5, 2024 3:26 PM
**To:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; EWohlforth@rc.com
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

**External: Think before you click.**

Jacob,

As you know, Judge Wolfson found that J&J has possession, custody or control over TrialCard's documents related to its work for J&J 10 weeks ago, and ordered the parties to promptly meet and confer regarding the parameters of J&J's production of documents in the possession of TrialCard.

On July 9, 2024, J&J confirmed that a "refresh" production from the existing TrialCard custodians from July 1, 2022 to November 7, 2023 was "in progress" and promised to "provide an expected production date shortly." That was nearly a month ago. Please provide the expected production date.

On July 12, 2024, J&J stated that it had "asked TrialCard to collect the documents of the eight additional TrialCard custodians [SaveOn] identified" and had "asked TrialCard to provide hit

counts for the search terms that SaveOnSP has proposed." For the avoidance of doubt, pursuant to Judge Wolfson's May 28, 2024 Order, SaveOn is negotiating the terms of the production with you, as J&J's counsel. Please confirm that you have collected the documents of the requested custodians, and when you will provide the requested hit counts.

Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404  [M]

---

**From:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>
**Sent:** Friday, July 12, 2024 3:42 PM
**To:** Hannah Miles <hmiles@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; EWohlforth@rc.com; Kevin Cryan <kcryan@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

Counsel,

Please see the attached correspondence.

Regards,
Jacob

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Friday, June 28, 2024 12:32 PM
**To:** Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; EWohlforth@rc.com; Kevin Cryan <kcryan@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // TrialCard Custodians

**External: Think before you click.**

Counsel,

Please see the attached letter.

Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
--------------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404  [M]

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibit 6



www.pbwt.com

August 22, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,*
       *2:22-cv-02632 (JKS) (CLW)*

Dear Hannah:

On behalf of JJHCS, we write regarding the additional TrialCard (now known as Mercalis) documents that SaveOnSP has requested from JJHCS.

As stated in our prior correspondence on this subject, we asked TrialCard to collect the documents of the eight additional TrialCard custodians you identified[1] and to provide hit counts for the search terms that SaveOnSP has proposed.[2]  On August 16, 2024, TrialCard responded to our request, stating that it has collected documents from the eight identified custodians, run searches against that collection, and obtained hit counts for those searches.  We attach TrialCard's response, including the hit counts it has provided, as Appendix A to this letter.

TrialCard has told JJHCS that "[i]n light of the breadth of the request, and to limit the collection to documents related to JJHCS's engagement with Mercalis," it has only collected documents from the eight custodians that hit on the following search string:

"Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA

TrialCard has further stated that, for those same reasons, it has added the term <"Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR

---

[1] For the avoidance of doubt, those custodians are: Jason Zemcik, Rick Ford, April Harrison, Tommy Gooch, Lynsi Newton, Amber Maldonado, Cosimo Cambi, and Tony McInnis.

[2] Those search terms are the fifteen proposed terms listed in Appendix 2 to your May 24, 2024 letter.

Hannah R. Miles, Esq.
August 22, 2024
Page 2

"Care Path"> to several of the requested search terms, and that TrialCard is refusing to run Search No. 10, *i.e.* a search for "Save On" (*case sensitive*). JJHCS has followed up with TrialCard to seek additional information, and we attach a copy of our letter to TrialCard as Appendix B to this letter.

Still, even with those limitations, SaveOnSP's requested terms hit on more than 41,000 documents, including families. Given these hit counts, SaveOnSP's proposed search terms are unduly burdensome, and we therefore request that SaveOnSP propose more narrowly tailored search terms for these TrialCard custodial documents.

In proposing more narrowly tailored search terms, SaveOnSP should be mindful that, as we have repeatedly explained, JJHCS has no authority under the audit provision of the MSA to request documents and communications from TrialCard that do not relate to TrialCard's work for JJHCS. Indeed, for that reason, TrialCard has limited its collection and searches here to documents hitting on JJHCS-specific terms.

We reserve all rights and are available to meet and confer.

Very truly yours,

*/s/Jacob I. Chefitz*

Jacob I. Chefitz

# **APPENDIX A**

### SMITH, ANDERSON, BLOUNT,
### DORSETT, MITCHELL & JERNIGAN, L.L.P.

**LAWYERS**

| | | |
|---|---|---|
| **OFFICES** | | **MAILING ADDRESS** |
| Wells Fargo Capitol Center | | P.O. Box 2611 |
| 150 Fayetteville Street, Suite 2300 | August 16, 2024 | Raleigh, North Carolina |
| Raleigh, North Carolina 27601 | | 27602-2611 |

**ISAAC A. LINNARTZ**                                                                 TELEPHONE:  (919) 821-1220
**DIRECT DIAL:**  (919) 821-6819                                              FACSIMILE:  (919) 821-6800
**E-Mail:** ilinnartz@smithlaw.com

**<u>Via Email</u>**

Jacob I. Chefitz
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jchefitz@pbwt.com

Re:    Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") Request Under Section 17 of the Amended and Restated Master Services Agreement Between JJHCS and Mercalis Inc. dated January 1, 2024 (the "MSA")

Dear Jacob:

I am writing in response to your July 12, 2024 letter on behalf of JJHCS requesting that Mercalis Inc. (formerly known as TrialCard Incorporated) collect documents and communications for eight custodians, run fifteen different search strings against those documents, and provide hit counts for those searches.

As an initial matter, the MSA does not contemplate or require running search terms or providing hit counts. That said, to assist JJHCS in assessing the breadth and burden of discovery sought in JJHCS's lawsuit against Save On SP, LLC, Mercalis has collected documents from the eight custodians you identified, has run searches against that collection, and is voluntarily providing hit counts for those searches as outlined below.

JJHCS's request asks Mercalis to collect documents, run searches, and provide hit counts across eight custodians over a more than seven-and-a-half year period. Additionally, a number of the search strings you provided did not contain any terms limiting their scope to documents related to JJHCS's engagement with Mercalis. In light of the breadth of the request, and to limit the collection to documents related to JJHCS's engagement with Mercalis, we used the following initial search to collect documents from the eight custodians:

"Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA*

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, & JERNIGAN, L.L.P.

Mr. Jacob I. Chefitz
August 16, 2024
Page 2

For the same reasons, we made the following modifications to the searches you requested:

- Searches No. 1, 4, 8-9, 11-15: We added the required term ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path").

- Search No. 10: We did not run this search because it did not contain any terms limiting it to documents related to JJHCS's engagement with Mercalis and adding the limiting term identified in the prior bullet would not yield any new documents, since that would make it a subset of Search No. 1.

I have enclosed a spreadsheet that contains the specific search strings we used and the hit counts they returned (both with and without families). If you have any questions about the search methodology or hit counts, please let me know.

Please note that while Mercalis is voluntarily providing these hit counts, it does not concede that JJHCS is necessarily entitled to inspect or obtain the documents reflected in those hit counts and reserves its rights with respect to any future requests that JJHCS may make under the MSA or otherwise.

Sincerely,

Isaac A. Linnartz

Enclosure

Searches re JJHCS 7-12-24 Request(12500434.1).xlsx

| Search # | Search Terms | Hits (with families) | Hits (no families) |
|---|---|---|---|
| 1 | (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 7129 | 1958 |
| 2 | ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy") | 7503 | 2139 |
| 3 | (CarePath OR "Care Path") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy") | 7129 | 1871 |
| 4 | (Accumulator OR Maximizer) AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy") AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 2438 | 675 |
| 5 | ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (CarePath w/5 "term* and condition*") | 1010 | 349 |
| 6 | (Accumulator OR Maximizer OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/10 (Care Path AND (Stelara OR Tremfya) AND (limit OR eliminat*)) | 0 | 0 |
| 7 | ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (enroll w/5 CarePath) AND contact* | 1745 | 686 |
| 8 | (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR accumulat* OR maximiz*) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 4128 | 2235 |
| 9 | (("essential health benefit*" OR EHB* OR "non-essential health benefit*" OR NEHB*) w/50 (CAPa OR CAPm OR "adjustment program" OR accumulat* OR maximiz*)) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 91 | 46 |

Searches re JJHCS 7-12-24 Request(12500434.1).xlsx

| | | | |
|---|---|---|---|
| 11 | ("save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 72 | 31 |
| 12 | "other offer" w/5 (accumulat* OR maximiz*) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 0 | 0 |
| 13 | (("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 1003 | 354 |
| 14 | ((Accredo OR Acredo) w/50 (accumulat* OR maximiz*)) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 1173 | 481 |
| 15 | ((STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) AND ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path") | 8532 | 2568 |

# **APPENDIX B**



www.pbwt.com

August 22, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Isaac A. Linnartz, Esq.
Smith Anderson
Wells Fargo Capitol Center
150 Fayettsville Street, Suite 2300
Raleigh, NC 27601

Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
        **2:22-cv-02632 (JKS) (CLW)**

Dear Isaac:

We write in response to your August 16, 2024 letter regarding the collection of documents and communications from Mercalis (formerly known as "TrialCard") that we previously requested.[1]

We appreciate that TrialCard has collected documents from the eight custodians we previously identified and that TrialCard has provided hit counts for certain searches run across those custodians' documents over the time period of April 1, 2016 to November 7, 2023. As stated in our July 12, 2024 letter, we will be sharing those hit counts—along with your letter—with SaveOnSP as part of JJHCS's response to SaveOnSP's discovery requests to JJHCS for TrialCard's documents.

From your response, we understand that TrialCard has taken the position that TrialCard will only provide JJHCS with documents that hit on the following search string:

"Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA*

You explain that TrialCard has applied this limitation "[i]n light of the breadth of the request, and to limit the collection to documents related to JJHCS's engagement with Mercalis." You further state that, for those same reasons, TrialCard has added the term <"Johnson & Johnson" OR

---

[1] As with our July 12, 2024 letter, we are writing to you here in our capacity as counsel to JJHCS in the above-captioned matter.

Isaac A. Linnartz, Esq.
August 22, 2024
Page 2


"Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path">
to several of the requested search terms, and that TrialCard is refusing to run Search No. 10, *i.e.* a
search for "Save On" (*case sensitive*).

    JJHCS agrees that, under the MSA as construed by Judge Wolfson, it is not entitled
to any of TrialCard's documents that do not relate to TrialCard's work for JJHCS in administering
CarePath and implementing the CAP program. And JJHCS recognizes that, without search terms
that are specifically tailored to JJHCS and its work for TrialCard, screening such documents and
communications—especially when collected from eight custodians spanning more than seven
years—can be burdensome. But JJHCS would like to better understand TrialCard's chosen
methodology for screening those documents here, particularly in light of Judge Wolfson's ruling
that JJHCS has legal control over documents "relating to the administration of CarePath, call
recordings and other records reflecting communications between TrialCard's CarePath call center
and patients, and documents and communications related to the implementation of the CAP
program and TrialCard's benefits investigations." May 23, 2024 Order at 9. Please let us know
your availability to discuss.

    JJHCS reserves all rights.


               Very truly yours,

               */s/ Jacob I. Chefitz*

               Jacob I. Chefitz

# Exhibit 7

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

August 28, 2024

**Via E-mail**

Jacob I. Chefitz
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jchefitz@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** (Case No. 2:22-cv-02632-JKS-CLW)

Dear Jacob,

We write in response to J&J's August 22, 2024 letter regarding SaveOn's request for TrialCard documents within J&J's control.

*First*, your letter states that TrialCard collected documents from the eight new custodians that SaveOn requested, but limited this collection to documents that hit on the term: "Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA*. We do not agree that this was appropriate. For J&J to comply with its obligation to collect relevant TrialCard documents within its control, the parties must agree on an appropriate protocol for identifying such documents. This starts with running all SaveOn's proposed search terms over all the proposed custodians' documents and providing us relevant hit counts (by custodian, by term, and in the aggregate, de-duplicated). You must also explain whether any of the requested custodians worked primarily on projects for J&J at any points during the relevant time period and whether any of them segregated any of their emails and/or documents relating to such work. Once we receive this information, we can discuss whether it makes sense to use some set of terms to limit the documents that TrialCard provides to J&J for review. We note that any such terms (if appropriate) would need to include, at a minimum, (1) terms describing the CAP program, like "CAP,"

Jacob I. Chefitz
August 28, 2024

"CAPa," and " CAPm;" (2) the names of J&J custodians with whom TrialCard employees regularly interacted; and (3) the names of all Janssen drugs at issue.[1]

*Second*, SaveOn asked that its proposed search terms be run over the eight new custodians that it requested as well as the four original custodians from whom TrialCard agreed to produce documents. *See* May 24, 2024 Ltr. from H. Miles to S. Arrow ("Please run the search terms proposed on Appendix 2 over the documents of *all custodians* and produce any responsive, non-privileged documents." (emphasis added)). These original custodians—Holly Weischedel, Sini Abraham, Paul Esterline, and Rick Fry—were involved in TrialCard's implementation of the CAP program for J&J,[2] and TrialCard originally identified them as the individuals most involved in its relevant work for J&J. *See* Sept. 29, 2023 Ltr. from K. Brisson to E. Holland at 1 ("As we have explained at length, the four existing TrialCard custodians … had operational and strategic responsibilities for the issues about which you have sought document production."). Please confirm that you will provide hit counts for SaveOn's proposed search terms for these four custodians as well.

---

[1] TrialCard administered CarePath for all drugs at issue, not just Stelara and Tremfya, ███████████████████████████████████████ ██████████, *see* JJHCS_00030214 ███████████████████████████████████); JJHCS_00160628 (██████████████████████████████); JJHCS_00261754 █████████████████████████), ██████████, *see* JJHCS_00238492 ████████████████████████████); JJHCS_00216467 at summary, lines 119 and 121 (██████████████████████████████████████████████████ ████████). ██████████████████████████████████████████ JJHCS_00270487 at - 492.

[2] *See, e.g.*, JJHCS_00273365 (████████████████████████ ████████████████████████████████); JJHCS_00276923 (██████████████████████████████████████████████████); TRIALCARD_00008521 (███████████████████████████████ ████████████████████); TRIALCARD_00008521 (████ ████████████████████████████████████████████); TRIALCARD_00007164 (███████████████████████████████ █████████████); JJHCS_00269898 ██████████████ ███████████████████████████████████████████████); TRIALCARD_00006523 (███████████████████████████ ████████████████████████████████████████████████).

Jacob I. Chefitz
August 28, 2024

*Third*, you state that "even with [the J&J limiter that TrialCard applied], SaveOnSP's requested terms hit on more than 41,000 documents, including families" making the terms "unduly burdensome." The 41,000-document figure appears nowhere in TrialCard's letter to J&J. It appears that it may have been derived by summing the hit counts for the fifteen individual search terms, which would have double counted documents that hit on more than one search term.[3] Please promptly provide us with the total number of unique documents hitting on the proposed search terms.

We request a response by September 4, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

---

[3] For instance, we expect there to be significant overlap in the documents that hit on search terms 1-4, since each of those terms includes variations on SaveOn's name.

3

# Exhibit 8



September 6, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> **2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

We write in response to SaveOnSP's August 28, 2024 letter regarding the additional TrialCard (now known as Mercalis) documents that SaveOnSP has requested from JJHCS.

*First*, as we have repeatedly explained, JJHCS does not physically control TrialCard's documents. And legal control of TrialCard's documents under the MSA is not unlimited. The MSA does not provide JJHCS with legal control over TrialCard's documents that are unrelated to TrialCard's work for JJHCS, and Judge Wolfson has never suggested otherwise. While we have asked TrialCard to provide hit counts for all of SaveOnSP's proposed search terms, TrialCard, an independent entity, has made clear that it will not agree to collect its custodians' documents or run search terms without some initial limitation of the document population to documents generated within the scope of TrialCard's work for JJHCS.

In order to comply with our obligations under Judge Wolfson's order, we specifically asked TrialCard to explain the basis for the limitations it has imposed. We can report that TrialCard answered as follows:

> As an initial matter, there is nothing in the MSA that requires Mercalis to run searches or provide hit counts. While Mercalis elected to respond to JJHCS's request, it imposed reasonable limitations to (i) reduce the burden of collecting documents, which was substantial even with those limitations given the number of custodians (8) and years (7.5) at issue and (ii) limit the scope of searches that did not contain terms specific to the Mercalis-JJHCS relationship and thus were likely to sweep in a large number of documents unrelated to that relationship.

Sep. 4, 2024 Ltr. from I. Linnartz to J. Chefitz at 1 (attached herein as Appendix A).

Hannah R. Miles, Esq.
September 6, 2024
Page 2

Your letter states that SaveOnSP does not agree that the use of JJHCS-related limiting terms was appropriate. TrialCard, however, is not obligated under the MSA to provide JJHCS with documents outside the scope of TrialCard's work for JJHCS. TrialCard has taken what it believes are reasonable steps to remove non-JJHCS related documents from the population of documents at issue in order to make sure it only provides documents to which JJHCS is entitled under the MSA.

Your letter also states that, before "we can discuss whether it makes sense to use some set of terms to limit the documents that TrialCard provides to [JJHCS] for review," JJHCS must first "run[] all SaveOn's proposed search terms over all the proposed custodians' documents," "provide[] us relevant hit counts (by custodians, by term, and in the aggregate, de-duplicated)," and "explain whether any of the requested custodians worked primarily on projects for J&J at any points during the relevant time period and whether any of them segregated any of their emails and/or documents relating to such work."

Neither the MSA nor Judge Wolfson's ruling requires that JJHCS provide such detailed information. Again, JJHCS does not have physical access to the proposed custodians' documents; only TrialCard does. JJHCS cannot, therefore, run search terms over those custodians' documents like it would for JJHCS custodians. JJHCS can only request that TrialCard do so pursuant to JJHCS's audit rights under the MSA—which JJHCS has done, in full compliance with Judge Wolfson's order. TrialCard reasonably insists on using a set of terms to limit the documents at issue here to those within the scope of the MSA. SaveOnSP's repeated insistence that JJHCS require that TrialCard run all of SaveOnSP's proposed search terms over all of the proposed custodians' documents is unreasonable and impractical.

All that said, in the interest of advancing this issue, JJHCS is willing to ask TrialCard to expand its point-of-collection limitations, and JJHCS has asked TrialCard if it will agree to use the following, broader search term to do so:

> "Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA OR Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Remicade OR Rybrevant OR Simponi OR Tracleer OR Uptravi OR Zytiga OR CAPm OR CAPa

We must again stress, however, that TrialCard is an independent entity, and JJHCS cannot guarantee that TrialCard will agree to the above proposal.

*Second*, your letter asks that JJHCS provide hit counts for SaveOnSP's proposed terms when run over the files of the four "original" TrialCard custodians (Holly Weischedel, Sini Abraham, Paul Esterline, and Rick Fry). As an initial matter, Appendix 2 to SaveOnSP's May 24, 2024 letter did not include the four original TrialCard custodians, indicating that SaveOnSP was not requesting that the newly proposed terms be run over their files as well. JJHCS has also long been clear that it understood SaveOnSP's request to pertain to the "eight additional TrialCard custodians you have identified." July 12, 2024 Ltr. from J. Chefitz to H. Miles. And TrialCard

Hannah R. Miles, Esq.
September 6, 2024
Page 3

has already produced responsive, non-privileged documents from the four original custodians hitting on seven of the fifteen search terms that SaveOnSP has proposed here.  Nonetheless, JJHCS has asked TrialCard to provide hit counts for the remaining eight search terms for the four original custodians.  Please be advised, however, that TrialCard may impose the same limitations as it has done with respect to the prior hit counts it has provided.

*Third*, we have asked TrialCard to provide a de-duped, total hit count for the search terms that TrialCard previously ran.  TrialCard has informed JJHCS that, de-duped, the search terms that it ran hit on 16,722 unique documents, family inclusive.  While those hit counts are lower than before, they still are unduly burdensome and would impose on JJHCS an unwarranted expansion of discovery.  JJHCS therefore again requests that SaveOnSP propose more narrowly tailored search terms for these TrialCard custodial documents.

We reserve all rights and are available to meet and confer.

Very truly yours,

*/s/Jacob I. Chefitz*

Jacob I. Chefitz

# **APPENDIX A**

# SMITH, ANDERSON, BLOUNT,
## DORSETT, MITCHELL & JERNIGAN, L.L.P.

### LAWYERS

<table>
<tr>
<td><strong>OFFICES</strong><br>Wells Fargo Capitol Center<br>150 Fayetteville Street, Suite 2300<br>Raleigh, North Carolina 27601</td>
<td>September 4, 2024</td>
<td><strong>MAILING ADDRESS</strong><br>P.O. Box 2611<br>Raleigh, North Carolina<br>27602-2611</td>
</tr>
</table>

<table>
<tr>
<td><strong>ISAAC A. LINNARTZ</strong><br>DIRECT DIAL: (919) 821-6819<br>E-Mail: ilinnartz@smithlaw.com</td>
<td><strong>TELEPHONE:</strong> (919) 821-1220<br><strong>FACSIMILE:</strong> (919) 821-6800</td>
</tr>
</table>

<u>**Via Email**</u>

Jacob I. Chefitz
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jchefitz@pbwt.com

> Re:  Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS") Request Under Section 17 of the Amended and Restated Master Services Agreement Between JJHCS and Mercalis Inc. dated January 1, 2024 (the "MSA")

Dear Jacob:

I am writing to follow up on our August 28, 2024 discussion concerning Mercalis's response to JJHCS's request that it collect documents and communications for eight custodians, run fifteen different search strings against those documents, and provide hit counts for those searches.

You asked why Mercalis imposed the limitations described in my August 16, 2024 letter, rather than running the collecting and searches as originally requested in your July 12, 2024 letter. As an initial matter, there is nothing in the MSA that requires Mercalis to run searches or provide hit counts. While Mercalis elected to respond to JJHCS's request, it imposed reasonable limitations to (i) reduce the burden of collecting documents, which was substantial even with those limitations given the number of custodians (8) and years (7.5) at issue and (ii) limit the scope of searches that did not contain terms specific to the Mercalis-JJHCS relationship and thus were likely to sweep in a large number of documents unrelated to that relationship.

Please note that while Mercalis has voluntarily provided hit counts, it does not concede that JJHCS is necessarily entitled to audit, examine, or obtain the documents reflected in those hit counts and reserves its rights with respect to any future requests that JJHCS may make under the MSA or otherwise.

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, & JERNIGAN, L.L.P.

Mr. Jacob I. Chefitz
September 4, 2024
Page 2

Sincerely,

Isaac A. Linnartz

# Exhibit 9

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com


September 12, 2024


**Via E-mail**

Jacob I. Chefitz
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jchefitz@pbwt.com

Re:     ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
        LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Jacob,

      We write in response to J&J's September 6, 2024 letter regarding SaveOn's requests for TrialCard documents within J&J's control.

      *First*, thank you for agreeing to expand the requested point-of-collection limitation for TrialCard to use to collect J&J-related documents. The search term that J&J proposed appears to be missing some of the Janssen drugs at issue in this case. SaveOn requests that J&J revise the term to include them, as follows:

- "Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA OR Balversa OR Darzalex <span style="color:red">OR Edurant</span> OR Erleada OR Imbruvica <span style="color:red">OR Intelence</span> OR Opsumit <span style="color:red">OR Ponvory OR Prezcobix</span> OR Remicade OR Rybrevant OR Simponi <span style="color:red">OR Symtuza</span> OR Tracleer OR Uptravi <span style="color:red">OR Ventavis</span> OR Zytiga OR CAPm OR CAPa

      *Second*, thank you for agreeing to seek hit counts for SaveOn's proposed search terms for the four original TrialCard custodians as well as the eight additional TrialCard custodians that SaveOn has identified.

      *Third*, we appreciate the corrected, de-duplicated hit counts indicating that all of SaveOn's requested search terms, as altered by TrialCard, would yield 16,722 unique documents for review, family inclusive. Please also provide hit counts for SaveOn's requested search terms without alterations.

Jacob I. Chefitz
September 12, 2024

We reserve all rights and are available to meet and confer. We request a response by September 19, 2024.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

# Exhibit 10



www.pbwt.com

September 20, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
>        **2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

On behalf of JJHCS, we write in response to SaveOnSP's September 12, 2024 letter regarding the additional TrialCard documents that SaveOnSP has requested from JJHCS.

We have asked TrialCard to expand its point of collection limitation to include the additional Janssen drug names requested in your letter, specifically:

"Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA OR Balversa OR Darzalex OR Edurant OR Erleada OR Imbruvica OR Intelence OR Opsumit OR Ponvory OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR CAPm OR CAPa

In your letter, you also ask that JJHCS "provide hit counts for SaveOn's requested search terms without alterations." We have asked that TrialCard provide such hit counts.

We reserve all rights and are available to meet and confer.

Very truly yours,

*/s/ Jacob I. Chefitz*

Jacob I. Chefitz

---

# Sills Cummis & Gross

**A Professional Corporation**

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

October 10, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler
One Lowenstein Drive LLP
Roseland, NJ 07068

> **Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,
> Civil Action No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

On behalf of JJHCS, we write to respond to the October 7, 2024 "update" that SaveOnSP submitted to Your Honor regarding the production of documents from TrialCard (which is now represented by separate counsel). That update, which SaveOnSP unilaterally submitted without conferring with JJHCS, is incomplete and misleading. While we do not see a need to address these issues at the October 11, 2024 conference—indeed, SaveOnSP's letter is not a motion and requests no action from Your Honor—we write to set the record straight.

In short, JJHCS has fully complied with the Court's May 2024 ruling regarding TrialCard, and SaveOnSP has nothing to complain about. In that order, the Court held that JJHCS's audit rights under the Master Servicing Agreement ("MSA") between JJHCS and TrialCard give it the right to seek from TrialCard certain documents sought by SaveOnSP in this case. JJHCS has done exactly that, making multiple requests to TrialCard and working with both TrialCard and

Hon. Freda Wolfson, U.S.D.J.
October 10, 2024
Page 2

SaveOnSP to provide SaveOnSP with the documents it seeks, after meet-and-confer and subject

to the usual constraints of burden and proportionality.  SaveOnSP's grievance is not based on any

failure by JJHCS to comply with the Court's order.  Rather, SaveOnSP's real complaint seems to

be that JJHCS has not marched into TrialCard's offices and taken whatever files SaveOnSP has

requested.  But this is not how the MSA works.  TrialCard is an independent company that is not

under JJHCS's physical control.  JJHCS's audit rights only allow it to ask TrialCard to provide it

with the documents that relate to TrialCard's work for JJHCS, and Trial Card is entitled to withhold

from JJHCS documents that do not relate to its work for JJHCS.  We recount in more detail below

the many steps JJHCS has taken.

     *TrialCard Has Independent Counsel*.  As an initial matter, SaveOnSP did not disclose to

Your Honor an important fact relevant to its complaints:  TrialCard is no longer represented by

Patterson Belknap Webb & Tyler LLP.  Since June 2024, TrialCard has been represented in

connection with SaveOnSP's new requests by its longtime counsel at the firm of Smith Anderson.[1]

TrialCard's retention of Smith Anderson ensures that it has independent advice concerning its

rights and obligations under the MSA—an issue that Your Honor flagged during the May 23, 2024

hearing.  *See* May 23, 2024 Hearing Tr. at 52–53.  TrialCard's retention of independent counsel

was also something that SaveOnSP sought.  Indeed, SaveOnSP previously objected to Patterson

---

[1] While Patterson Belknap continued to represent TrialCard for the limited purpose of facilitating
the completion of the "refresh" production that SaveOnSP requested, that production was
completed on August 29, 2024.  *See* SaveOnSP Ex. 1.  Patterson Belknap now no longer represents
TrialCard for any purpose in this case.

Hon. Freda Wolfson, U.S.D.J.
October 10, 2024
Page 3

Belknap's prior joint representation of both JJHCS and TrialCard in this litigation.  *See* Apr. 19,

2024 SaveOnSP Ltr. Mot. at 17–19.

   *TrialCard Made The "Refresh" Production In August 2024.*    Following Your Honor's

May 2024 order, SaveOnSP requested that JJHCS (a) "refresh" TrialCard's prior production of

documents from the files of the four "original" TrialCard custodians and (b) run fifteen search

terms—consisting of the seven "[p]reviously agreed to TrialCard search terms" plus eight "CAP

search terms"—over the files of several additional TrialCard custodians and produce all responsive

non-privileged documents.[2]  *See* SaveOnSP Ex. 2.  As SaveOnSP concedes, the first of these

projects is complete:  TrialCard readily agreed to the refresh production and did so in August.  *See*

SaveOnSP Ex. 1.

   *JJHCS Has Requested Documents From TrialCard Pursuant To The MSA.*  With respect

to the additional search terms and custodians, JJHCS has repeatedly explained to SaveOnSP that

it does not have physical access to these TrialCard files, so it cannot simply run search terms over

them and provide hit counts.  *See, e.g.*, SaveOnSP Ex. 5 (Aug. 8, 2024, 1:38 pm email from J.

Chefitz to H. Miles).   However, in full compliance with the Court's order, JJHCS asked

TrialCard's counsel to collect documents from the additional custodians that SaveOnSP requested,

run SaveOnSP's fifteen search terms over those documents, and provide hit counts.  *See* JJHCS

---

[2] In its October 7, 2024 letter, SaveOnSP asserts that it sought documents from those additional
custodians in its April 2024 motion to compel.  Ltr. at 1–2.  SaveOnSP's April 2024 motion did
not identify any particular custodians.  *See* Apr. 19, 2024 Ltr. Motion.  Nor did Your Honor ever
rule on the appropriateness of the additional custodians from whom SaveOnSP now seeks
documents.  *See* May 28, 2024 Ltr. Order at 10 ("I am not making any rulings on the appropriate
scope or burden of the requested discovery in this context[.]").

Hon. Freda Wolfson, U.S.D.J.
October 10, 2024
Page 4

Ex. 1 (July 12, 2024 Ltr. from J. Chefitz to I. Linnartz) at 2–3.  JJHCS made clear to TrialCard

that it was making this request pursuant to the audit provision of the MSA.  JJHCS also related

that Your Honor had ruled that that provision "provides JJHCS with the right to request and

examine TrialCard's 'documents and communications relating to the administration of CarePath,

call recordings and other records reflecting communications between TrialCard's CarePath call

center and patients, and documents and communications related to the implementation of the CAP

program and TrialCard's benefits investigations.'"  *Id.* at 1 (quoting May 28, 2024 Letter Order).

        On August 16, 2024, TrialCard—a company that does work for many different

pharmaceutical companies—informed JJHCS through its counsel that, "[i]n light of the breadth of

the request, and to limit the collection to documents related to JJHCS's engagement with

[TrialCard]," TrialCard (i) only collected documents that hit on a search term that included

variations of J&J, Janssen, CarePath, and two specific Janssen therapies, and (ii) modified several

of SaveOnSP's proposed search terms to likewise include such variations.[3]  *See* SaveOnSP Ex. 6,

App'x A.  TrialCard provided hit counts for its modified search terms.[4]  *Id.*

_____

[3] In particular, TrialCard limited its collection to documents hitting on the search term <"Johnson
& Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR
"Care Path" OR STELARA* OR TREMFYA*>, and TrialCard modified several of SaveOnSP's
search terms to include <("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR
JJHCS OR Janssen OR CarePath OR "Care Path")>.

[4] SaveOnSP complains that the hit counts that TrialCard provided were not de-duplicated.  Oct. 7,
2024 Ltr. at 3 n.1.  SaveOnSP did not originally ask for this, and as soon as SaveOnSP requested
de-duplicated counts, JJHCS promptly asked TrialCard to provide them, and then relayed them to
SaveOnSP.  *See* SaveOnSP Ex. 8 at 3.  But even de-duped, TrialCard's hit counts showed that
SaveOnSP's proposed search terms would require the review of an unduly burdensome number of
documents.  Even after JJHCS made this objection clear to SaveOnSP, *see id.*, SaveOnSP has
refused to propose narrower search terms, *see* SaveOnSP Ex. 9.

Hon. Freda Wolfson, U.S.D.J.
October 10, 2024
Page 5

JHCS promptly informed SaveOnSP of TrialCard's response. *See* SaveOnSP Ex. 6 at 1–2. JHCS also wrote back to TrialCard's counsel, asking for further explanation as to why it limited its collections and searches in the way it did. *See* SaveOnSP Ex. 6, App'x B. TrialCard's counsel responded that "it imposed reasonable limitations to (i) reduce the burden of collecting documents, which was substantial even with those limitations given the number of custodians (8) and years (7.5) at issue and (ii) limit the scope of searches that did not contain terms specific to the [TrialCard]-JHCS relationship and thus were likely to sweep in a large number of documents unrelated to that relationship." SaveOnSP Ex. 8, App'x A.

When SaveOnSP objected to TrialCard's decision to limit its response, JHCS worked—and continues to work—cooperatively with SaveOnSP and TrialCard's counsel in an effort to resolve this issue. After SaveOnSP expressed disagreement with TrialCard's use of a point-of-collection limiter to avoid providing JHCS with documents unrelated to CarePath, JHCS asked TrialCard to broaden the limiter. *See* SaveOnSP Ex. 8 at 2. When SaveOnSP requested another modification to that limiter, JHCS made that request of TrialCard too. *See* SaveOnSP Ex. 10. When SaveOnSP further asked that TrialCard run its requested search terms without alteration, JHCS made that request to TrialCard's counsel. *See id.* And when SaveOnSP asked that TrialCard also run the additional search terms over the four "original" TrialCard custodians, JHCS requested that of TrialCard's counsel as well. *See* SaveOnSP Ex. 8 at 2–3. JHCS has also been following up with TrialCard's counsel on these requests. *See* JHCS Ex. 2 (Sep. 20, 2024 Ltr. from J. Chefitz to I. Linnartz).

*JJHCS Has Complied With The Court's Order.* All of this was done to comply with the Court's order. Although SaveOnSP may pretend otherwise, TrialCard is an independent company

Hon. Freda Wolfson, U.S.D.J.
October 10, 2024
Page 6

with independent counsel. It is not an affiliate of JJHCS. While Your Honor has ruled that JJHCS

has the legal right to request certain documents from TrialCard pursuant to the audit provision of

the MSA, JJHCS does not have physical access to TrialCard's documents such that it can collect

documents from TrialCard custodians and run search terms over them, as JJHCS does for its own

custodians. Nor can JJHCS order TrialCard to provide all of its documents to JJHCS so that JJHCS

"could run proposed search terms over the documents directly," as SaveOnSP demands. Oct. 7,

2024 Ltr. at 3, n.1. TrialCard provides services to many companies aside from JJHCS, and the

MSA does not allow JJHCS to insist that TrialCard turn over all of its documents wholesale.

JJHCS can only *ask* TrialCard to provide it with documents relating to its work for JJHCS,

pursuant to the MSA, and JJHCS has done so.

Contrary to the premise of SaveOnSP's October 7, 2024 letter, JJHCS is doing all it

reasonably can to provide SaveOnSP with discovery from TrialCard, consistent with the MSA and

Your Honor's prior ruling. JJHCS will continue to do so, and SaveOnSP has no legitimate

grievance to bring to the Court. If SaveOnSP is unsatisfied with the inefficiency of the process it

has insisted upon—that is, only seeking TrialCard documents indirectly through JJHCS pursuant

to JJHCS's audit rights under the MSA—SaveOnSP retains the option of seeking documents

directly from TrialCard pursuant to its pending Rule 45 subpoenas.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: All Counsel of Record

# Exhibit 1



www.pbwt.com

July 12, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**                                    **CONFIDENTIAL**

Isaac A. Linnartz, Esq.
Smith Anderson
Wells Fargo Capitol Center
150 Fayettsville Street, Suite 2300
Raleigh, NC 27601

    **Re:**  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,*
       **2:22-cv-02632 (JKS) (CLW)**

Dear Isaac:

    We write to you in our capacity as counsel to JJHCS in the above-captioned matter.[1]

    As you know, Judge Freda Wolfson, who is the Special Master in this litigation, has ruled that Section 17 of the Master Services Agreement ("MSA") between JJHCS and Mercalis ("TrialCard") provides JJHCS with the right to request and examine TrialCard's "documents and communications relating to the administration of CarePath, call recordings and other records reflecting communications between TrialCard's CarePath call center and patients, and documents and communications related to the implementation of the CAP program and TrialCard's benefits investigations."  Ex. 1 (May 28, 2024 Letter Order) at 9-10; *see also* Ex. 2 (MSA) § 17.

    In light of the Court's ruling that JJHCS has "legal control" over those documents and communications, SaveOnSP has requested that JJHCS produce documents from TrialCard that relate to TrialCard's work for JJHCS "in identifying patients on accumulators, maximizers, and SaveOn-advised plans, including but not limited to the development, roll out, and operation of the CAP Program."  *See* May 24, 2024 Letter from H. Miles to S. Arrow at 1; *see also* June 28, 2024 Letter from H. Miles to J. Chefitz.  We have provided copies of these letters to you.

---

[1] As you are aware, while we have previously represented TrialCard in connection to subpoenas that TrialCard received in this case, our representation is now limited to facilitating TrialCard's "refresh" of the prior custodial productions it has made in this matter.  That "refresh" production is unrelated to the issues raised herein.

Patterson Belknap Webb & Tyler LLP  1133 Avenue of the Americas, New York, NY 10036  T 212.336.2000  F 212.336.2222

Isaac A. Linnartz, Esq.
July 12, 2024
Page 2

     Specifically, SaveOnSP has requested that JJHCS produce responsive documents from the custodial files of the following eight TrialCard employees, covering the period April 1, 2016 to November 7, 2023, that hit on the search terms also listed below:

### *Custodians*

1. Jason Zemcik

2. Rick Ford

3. April Harrison

4. Tommy Gooch

5. Lynsi Newton

6. Amber Maldonado

7. Cosimo Cambi

8. Tony McInnis

### *Search Terms*

1. SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP

2. ("Johnson & Johnson" OR "Johnson and John-son" OR J&J OR JnJ OR JJHCS OR Janssen) AND (Save-OnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

3. (CarePath OR "Care Path") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

4. (Accumulator OR Maximizer) AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP OR "org* chart" OR "retention policy")

5. ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (CarePath w/5 "term* and condition*")

6. (Accumulator OR Maximizer OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR SOSP) w/10 (Care-Path AND (Stelara OR Tremfya) AND (limit OR eliminat*))

7. ("Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen) AND (enroll w/5 CarePath) AND contact*

Isaac A. Linnartz, Esq.
July 12, 2024
Page 3

8.  (CAPa OR CAPm OR "adjustment program") **AND** (Save-OnSP OR SaveOn
    OR "Save On SP" OR Save On" OR SOSP OR accumlat* OR maximiz*)

9.  ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR
    "nonessential health benefit*" OR NEHB*) **w/50** ("CAPa" OR CAPm" OR
    "adjustment program" OR accumulat* OR maximiz*)

10. "Save On" (*case sensitive*)

11. "save on" **w/50** (accumlat* OR maximiz* OR "essential health benefit*" OR
    EHB* OR "non-essential health benefit*" OR "nonessential health benefit*"
    OR NEHB* OR accredo OR ESI OR "express scripts")

12. "other offer" **w/5** (accumlat* OR maximiz*)

13. ("Express Scripts" OR ESI OR ExpressScripts) **w/50** ("accumulat* OR
    maximiz*)

14. (Accredo OR Acredo) **w/50** (accumlat* OR maximiz*)

15. (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings
    Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

        Pursuant to Section 17 of the MSA and Judge Wolfson's May 28, 2024 Order, we
request that TrialCard collect the documents and communications of the above-listed custodians,
run the above-listed search terms over their files, and provide us with hit counts for each of those
search terms.  We request that you provide the number of documents hitting on each search term
both including and excluding full families.  We expect to provide this information to SaveOnSP
in negotiating the scope of SaveOnSP's discovery requests to JJHCS for TrialCard's documents.
Please let us know if you have any questions or would like to discuss further.


                                        Very truly yours,

                                        */s/ Jacob I. Chefitz*

                                        Jacob I. Chefitz

# Exhibit 1

**LOWENSTEIN
Sandler**

| **Freda Wolfson** | One Lowenstein Drive |
| Chief U.S. Dist. Judge (ret.) | Roseland, New Jersey 07068 |
| Partner | |

T: **(862) 926-2708**
F: **(973) 597-2400**
E: **fwolfson@lowenstein.com**

<u>**LETTER ORDER**</u>

May 28, 2024

<u>*VIA ECF and Email*</u>
**TO ALL COUNSEL OF RECORD**

**RE:**    *Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC*
     <u>**Civ. Action No.: 22-2632(JKS)(CLW)**</u>

Counsel:

On May 23, 2024, I conducted a hearing via Zoom on three discovery-related motions filed by both Plaintiff Johnson & Johnson Health Care Systems, Inc. ("Plaintiff" or "JJHCS") and Defendant SaveOnSp, LLC ("Defendant" or "SaveOnSP"): 1) Plaintiff's motion to compel Darcie Falsioni's third-party communications; 2) Defendant's motion to compel JJHCS to produce documents in the possession of TrialCard, Inc. ("TrialCard"); and 3) Defendant's motion to compel document concerning Best Price Rule. Because my rulings are memorialized on the record, I summarize them here; however, as discussed, I will provide a more fulsome explanation on the issue of TrialCard's documents.

First, Plaintiff sought additional documents from Falsioni, Defendant's Corporate Counsel and Chief Compliance Officer and a designated custodian. These requested documents relate to communications that Falsioni had with third parties regarding the SaveOnSp program. Plaintiff argued that these documents are relevant because Falsioni negotiates contractual terms with Defendant's clients which could shed light on the alleged interference scheme. Plaintiff proposed the following search string:

1

*"service agreement" OR BAA OR "business associate agreement" OR joinder OR PHI OR contract OR amendment*

On the record, I found that the requested documents are relevant; however, I agree with Defendant's position that the search string is too expansive by using "OR" in connecting each seemingly broad independent term, such as "contract" or "amendment." I instructed the parties to meet and confer on the search string, with the suggestion that each term should be qualified by other terms such that the search would only generate relevant documents. The parties shall confer on the appropriate search terms by June 4, 2024. If any dispute arises, I can assist the parties in resolving their differences.

As to the Best Price Rule motion, Defendant sought documents regarding Plaintiff's "best price" certification to the federal government pursuant to Department of Health and Human Services' Best Price Rule. These documents are related to Defendant's Requests for Production Nos. 8, 70 and 79. Defendant insists that it is entitled to such documents for its mitigation defense; that is, to show that Plaintiff changed certain terms and conditions of its CarePath program and the creation of the CAP Program in response to the promulgation of the 2023 Best Price Rule, which never went into effect. While I agree with Defendant's position that these documents *may* reveal Plaintiff's intent and motivation in identifying its patients who are on SaveOnSp's programs, nonetheless before any production on the part of Plaintiff, Defendant must first serve interrogatories on Plaintiff—I suggest no more than three—to explore the purpose of an internal

checklist[1] that may or may not relate to Plaintiff's obligations under the Best Price Rule.

Relatedly, Defendant may question Plaintiff regarding who was responsible for creating

the internal checklist. I advised Defendant that these interrogatories must be targeted and

narrow in scope.[2] Once the interrogatories are served and answered, the parties must

meet and confer on appropriate search terms and whether any additional custodians may

need to be included on this issue. Again, if any issues arise, the parties shall bring them

to my attention.

Finally, I will further expand upon my decision granting Defendant's motion to

compel JJHCS to produce TrialCard documents. In that motion, Defendant moved to

compel Plaintiff to produce the following responsive documents in the possession of its

vendor TrialCard, related to work performed by TrialCard for Plaintiff: (1) documents

and communications related to TrialCard's administration of CarePath from the

"refresh" time period of July 1, 2022 to November 7, 2023; and (2) documents and

communications regarding TrialCard's efforts on behalf of Plaintiff to identify patients

on accumulators, maximizers, and SaveOnSP-advised plans, including communications

about benefits investigations.

---

[1]    ████████████████████████████████████████
████████████████████████████████████████████
SaveOn Ex. 7 (JJHCS_00204199) at -421,
████████████████████████████████████████████

[2]    The time period for the search should be limited to the period from the date when
the 2023 Best Price Rule was proposed by the government until it was invalidated by the
District Court in the District of Columbia.

As a third-party independent contractor, TrialCard administers the CarePath Program at the behest of Plaintiff. Indeed, TrialCard manages that program pursuant to a Master Services Agreement ("MSA") executed between the two parties. In that role, there is no dispute that TrialCard interfaces directly with patients, using materials that are approved by Plaintiff, to 1) screen patients to determine their eligibility for CarePath; and 2) disburse the CarePath funds. Additionally, TrialCard has been involved in identifying patients who are on SaveOnSp programs, and according to Defendant, TrialCard collaborated with Plaintiff in designing the CAP program.

According to Defendant, TrialCard has been withholding critical documents that relate to Defendant's defense, including mitigation of damages. Defendant maintains that while TrialCard produced a spreadsheet summary of the results of its benefits investigations for Plaintiff, TrialCard refuses, for example, to produce documents showing how it chooses which patients to investigate, how it conducts those investigations, how it determines if a patient is on an accumulator, maximizer, or plan advised by SaveOnSP, or any internal communications regarding any directions provided by Plaintiff. Defendant further maintains that although Plaintiff has produced some communications with TrialCard about patients identified through the CAP Program, documents show that TrialCard also held internal discussions related to the results of benefits investigations, which were not produced. In addition, Defendant argues that TrialCard is inappropriately withholding documents relating to methods that it used or considered using, in addition to benefits investigations, to attempt to identify members of SaveOnSP-advised plans.

Rather than filing a motion to compel TrialCard to produce those documents in North Carolina pursuant to Fed. R. Civ. P. 45, Defendant argues that these documents are within the "legal control" of Plaintiff such that Plaintiff may be compelled, here, to produce those documents.

The parties' primary dispute is whether Plaintiff has "legal control" over the documents Defendant seeks, as those documents are in the possession and custody of TrialCard. Defendant argues that the audit provisions in the MSA between Plaintiff and TrialCard are sufficient to establish control under Rule 34. On the other hand, Plaintiff insists that it does not have control over the requested documents because, in its view, the MSA provides only limited rights to audit certain documents for limited purposes. I disagree.

Federal Rule of Civil Procedure 34 allows "[a] party . . . [to] serve on any other party a request . . . to produce . . . in the responding party's possession, custody or control . . . any designated documents . . . ." Fed. R. Civ. P. 34(a). "In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce." *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3d Cir. 1988). "In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). Importantly, a "practical ability to obtain the requested documents" from separate corporate entities is not enough to constitute control because an entity "could legally . . . refuse to turn over such documents." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-

5

08 (9th Cir. 1999). Instead, "control" is defined as "the legal right to obtain documents upon demand." *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Federal courts construe "control" very broadly for Rule 34 purposes. *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991).

A contractual right to obtain documents in the possession of a third party can constitute control for Rule 34 purposes. *See, e.g., Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, 2016 U.S. Dist. LEXIS 20076, at *4 (D. Del. Feb. 12, 2016) (stock purchase agreement with third party provided requisite control); *Lofton v. Verizon Wireless (Vaw) LLC*, 2014 U.S. Dist. LEXIS 165140, at *1 (N.D. Cal. Nov. 25, 2014) (audit provisions in vendor contracts provided control over third party's documents); *Haskins v. First Am. Title Ins. Co.*, 2012 U.S. Dist. LEXIS 149947, 2012 WL 5183908, at *2 (D.N.J. Oct. 18, 2012) (contracts provided control over and access to third party agents' files).

Here, the relevant audit provisions of the MSA provide:





(MSA, § 17 (emphasis added).)

First, that the intent of § 17 may be on financial audits is of no moment. Indeed,

the crux of the "control" analysis is whether the parties intended to provide Plaintiff

access to certain documents such that Plaintiff may audit or examine those documents. In other words, the focus is on whether Plaintiff has "the contractual right to obtain the documents requested." *Moretti v. Hertz Corp.*, No. 14-469, 2018 U.S. Dist. LEXIS 168609, at *8 (D. Del. Sep. 30, 2018). In that regard, Plaintiff's reliance on *Inline Connection Corp. v. AOL Time Warner, Inc.*, Nos. 02-272, 02-477, 2006 U.S. Dist. LEXIS 72724, at *11 (D. Del. Oct. 5, 2006) is misplaced. For one, in that case, unlike the broad provision in the MSA here, the contract in *Inline* required a non-party to provide information only "where feasible," which the court construed as merely providing the contracting party access to information. *Id.* Here, ███████████████████████████████████ ███████████████████████████████████ This language plainly is distinguishable from the provision in *Inline*.[3]

Indeed, during oral argument, Plaintiff conceded that the MSA's audit provision is quite broad. That provision states that TrialCard "████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

---

[3]    During oral argument, Plaintiff argued that I should be guided by the decision in *Camden Iron*, and consider whether the documents sought are records which JJHCS may request and obtain in its normal course of business with TrialCard. But that case is distinguishable because it dealt with a parent and subsidiary relationship and the related companies' course of dealings, not control governed by a written agreement executed by two unrelated corporate entities.

██████████████████" Courts that have examined similarly broad language have found control for the purposes of Rule 34. *See, e.g., Moretti*, 2018 U.S. Dist. LEXIS 168609, at *4-5 ("To allow representatives of International or Hertz, at any time during normal business hours, to inspect the premises, records, and vehicles of the Licensee used in operation as a Hertz System Licensee and to examine Licensee's records ascertaining and verifying the number of vehicles owned, leased, used or kept by the Licensee for use in Licensee's Vehicle Renting Business, the revenues therefrom and any - other information required by Hertz with respect to the Licensee's Vehicle Renting Business."); *Mercy*, 380 F.3d at 160 (where the subcontractor was "employed . . . to conduct the audit and receive documents," and thereby agreed to make available pertinent files "at all reasonable times, for review and obtaining any necessary information," the Third Circuit held that the "the documents were accessible to the [contracting party] and within its control"); *Haskins*, 2012 U.S. Dist. LEXIS 149947, at *2 (finding control from contract language that indicates that the third-party must "[m]aintain and carefully preserve all records . . . [and] [p]ermit [the defendant] to examine, audit and copy all financial information and records upon reasonable prior notice").

Turning to the documents sought by Defendant, these fall within the broad audit provision of the MSA. Defendant has requested production of documents and communications relating to the administration of CarePath, call recordings and other records reflecting communications between TrialCard's CarePath call center and patients, and documents and communications related to the implementation of the CAP program and TrialCard's benefits investigations. Presumably, these documents are being

"maintained by [TrialCard] in relation to [the MSA] and/or any applicable Work Orders" such that Plaintiff "shall at any time have the right to request [those] documents." (MSA, § 17.2.) They also fall under the term "other records" in the same provision. (*Id.* ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Accordingly, I find that by virtue of the MSA, Plaintiff has legal control over the requested documents.

Having made that determination, I direct the parties to meet and confer on the scope of the TrialCard discovery by June 4, 2024. While I am not making any rulings on the appropriate scope or burden of the requested discovery in this context, I nevertheless make the following observations. At the outset, I reiterate that the requested discovery is relevant as the documents at issue relate to the creation and implementation of the CAP Program, and benefits investigations into whether patients were on SaveOnSP programs. Although Plaintiff argues that many of the TrialCard documents that Defendant seeks are cumulative of party discovery, I am not convinced, based on the simple fact that TrialCard, itself, has not performed a search of the requested documents to determine whether it possesses additional relevant documents. In short, regardless of whether the documents may be cumulative, to make that determination, TrialCard must first conduct a search at the request of JJHCS. Finally, at this juncture, I note that Plaintiff has not

presented any compelling reasons to avoid refreshing the production of the categories of documents that TrialCard has already agreed to produce.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson (ret.)
Special Master

# Exhibit 2























































































































# Exhibit 2



www.pbwt.com

September 20, 2024

Jacob I. Chefitz
(212) 336-2474

**<u>By Email</u>**

Isaac A. Linnartz, Esq.
Smith Anderson
Wells Fargo Capitol Center
150 Fayettsville Street, Suite 2300
Raleigh, NC 27601

        **Re:**    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
               2:22-cv-02632 (JKS) (CLW)**

Dear Isaac:

      We write to follow up on our September 6, 2024 letter regarding the collection of documents and communications from Mercalis (formerly known as "TrialCard") that we previously requested.[1]

      In our September 6, 2024 letter, we asked whether Mercalis would be willing, pursuant to Section 17 of the Master Servicing Agreement, to expand the search term that it has used to limit its collection as follows:

        "Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA OR Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Remicade OR Rybrevant OR Simponi OR Tracleer OR Uptravi OR Zytiga OR CAPm OR CAPa

      SaveOnSP has recently requested that the above search term be expanded to include additional terms in red, which are the names of additional Janssen drugs at issue in this litigation:

---

[1] As with our previous letters on this subject, we are writing to you here in our capacity as counsel to JJHCS in the above-captioned matter.

Isaac A. Linnartz, Esq.
September 20, 2024
Page 2

      "Johnson & Johnson" OR "Johnson and Johnson" OR J&J OR JnJ OR JJHCS OR Janssen OR CarePath OR "Care Path" OR STELARA* OR TREMFYA OR Balversa OR Darzalex OR Edurant OR Erleada OR Imbruvica OR Intelence OR Opsumit OR Ponvory OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR CAPm OR CAPa

      Please let us know whether Mercalis would be willing, pursuant to Section 17 of the Master Servicing Agreement, to use this revised search term to limit its collection of documents.

      SaveOnSP has also requested hit counts for the search terms listed in our July 12, 2024 letter without alterations. Pursuant to Section 17 of the MSA and Judge Wolfson's May 28, 2024 Order, JJHCS asks that Mercalis provide such hit counts.

      Finally, in our September 6, 2024 letter, we asked that Mercalis, pursuant to Section 17 of the MSA and Judge Wolfson's May 28, 2024 Order, run terms 8 through 15 listed in our July 12, 2024 letter over the files of the four "original TrialCard" custodians and that Mercalis provide hit counts for those searches, including the total number of unique documents hitting on those terms. Please let us know when Mercalis anticipates providing those hit counts.

      Please let us know if you have any questions or would like to discuss further.

                   Very truly yours,

                   */s/ Jacob I. Chefitz*

                   Jacob I. Chefitz