# EXHIBIT C

**Robinson+Cole**

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 28, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> **Re:** ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc. ("JJHCS" and, with its affiliates, "J&J") to search for and produce the financial modeling it used to recommend a reduced amount of copay assistance, as described in Exhibit 1 at -257 (JJHCS_00281257).

In 2022, J&J reduced the amount of copay assistance it offered for two drugs at issue—Stelara and Tremfya—for patients on maximizers (which it considers SaveOn to be) from $20,000 to $6,000. Ex. 2 at -736 (JJHCS_00150735). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Ex. 1 at -260 (JJHCS_00281257); Ex. 3 (JJHCS_00141440); Ex. 4 (JJHCS_00272715); Ex. 5 at .004 (JJHCS_00002556). ▇▇▇▇▇▇▇▇▇▇▇▇

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

■■■

Ex. 1 at -257 (JJHCS_00281257) (emphasis added).

■■■, is highly relevant. J&J's damages are based on its allegation that SaveOn "causes damage to JJHCS by making it pay more money from CarePath than it otherwise would have for a purpose JJHCS did not intend." *See, e.g.*, Am. Compl. ¶ 203. This modeling exercise will shed light on how much J&J actually intended to spend on CarePath—and thus on J&J's alleged damages. It will also show that J&J could and did forecast its CarePath expenditures and could and eventually did reduce CarePath expenditures to patients on maximizers—showing that J&J could have taken such reasonable steps to mitigate its damages years earlier and for other drugs, but did not do so.

J&J promised to produce such financial data over a year ago. In September 2023, J&J represented to the Court that it "has produced *or will soon produce* a wealth of non-privileged documents and communications relating to . . . [t]he manner in which [J&J] determines the amounts of copay assistance offered to patients." Dkt. 150 at 10 (emphasis added). Your Honor relied on J&J's representation in February 2024 in denying SaveOn's motion to compel J&J's communications about budgetary decisions: "Plaintiff maintains that it has already agreed to produce data concerning forecasted and actual expenditures through the present and that such data is sufficient for Defendant's damages analysis." Dkt. 192 at 18-19.[1]

---

[1] *See also* Dkt. 264 at 5 ("Plaintiff has already produced certain documents reflecting budgetary changes to CarePath.").

Contrary to its representation, however, J&J withholds the modeling exercise described in Exhibit 1, ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████. Soon after J&J produced Exhibit 1 on August 28, 2024, SaveOn requested the referenced modeling exercise, Ex. 6 (Sept. 10, 2024 Ltr. from E. Snow to J. Long), but J&J refused to produce it, Ex. 7 (Sept. 20, 2024 Ltr. from J. Chefitz to E. Snow). The parties met and conferred, on October 28, 2024, but J&J still refused to produce it.[2] The parties are at impasse.

J&J cannot have it both ways. It beat back a motion to produce other financial data on the basis that it was producing "a wealth" of information on its forecasting of CarePath expenditures and on how it determines what those expenditures will be. Having done so, it cannot now withhold a modeling exercise that forecast its actual CarePath expenditures and was the basis for its decision to alter the maximum CarePath benefits for two of the most important drugs at issue. Your Honor should compel J&J to produce all financial modeling referenced in Exhibit 1, in full.

---

[2] J&J said that the requested modeling might be in a forthcoming production of documents from recently-ordered custodian Joseph Incelli, Dkt. 422, but J&J refused to say if it had investigated whether Incelli actually had that modeling or similar modeling in his files.

Hon. Freda L. Wolfson                                                                                                  Page 4

***

We appreciate Your Honor's attention to this matter.

                              Respectfully submitted,

                              <u>/s/ E. Evans Wohlforth, Jr.</u>
                              E. Evans Wohlforth, Jr.
                              Robinson & Cole LLP
                              666 Third Avenue, 20th floor
                              New York, NY 10017-4132
                              Main (212) 451-2900
                              Fax (212) 451-2999
                              ewohlforth@rc.com

                              Philippe Z. Selendy (admitted *pro hac vice*)
                              Andrew R. Dunlap (admitted *pro hac vice*)
                              Meredith Nelson (admitted *pro hac vice*)
                              Elizabeth H. Snow (admitted *pro hac vice*)
                              SELENDY GAY PLLC
                              1290 Avenue of the Americas
                              New York, NY 10104
                              (212) 390-9000

                              pselendy@selendygay.com
                              adunlap@selendygay.com
                              mnelson@selendygay.com
                              esnow@selendygay.com

                              *Attorneys for Defendant Save On SP, LLC*

# EXHIBIT 1 - 5

**Confidential - Filed Under Seal**

# Exhibit 6

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

September 10, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* (Case No. 2:22-cv-02632-JKS-CLW)

Dear Julia,

We write regarding a deficiency in J&J's productions.

J&J represented to the the Court that it is producing documents and communications regarding "[t]he manner in which JJHCS determines the amounts of copay assistance offered to patients." *See* Dkt. 192 at 16; Sept. 7, 2023 Joint Letter at 10.

In JJHCS_00281257, ███████████████████████████████████████████████████████████████ *Id.* at -257 (███████████████████████████████████████████████). The referenced modeling is relevant to: (1) the amounts of copay assistance that J&J intended to pay, which is the basis of its damages claim, Compl. ¶¶ 110, 115; Am. Compl. ¶¶ 186, 192, 203; (2) J&J's attempts to mitigate its purported damages, Aff. Defs. ¶¶ 24-29.

SaveOn has not found these financial models in J&J's production. If J&J believes that it has already produced these models, please identify them by Bates numbers. Otherwise, please produce the financial modeling referenced in JJHCS_00281257 and all financial modeling supporting J&J's decision to change or maintain the maximum benefit for CarePath for all Janssen Drugs at issue.

Julia Long
September 10, 2024

We request a response by September 17, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 7





September 20, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*, 2:22-cv-02632 (JKS) (CLW)

Dear Elizabeth:

We write in response to SaveOnSP's September 10, 2024 letter seeking financial modeling from JJHCS.

In your letter, you request that JJHCS produce ▬▬▬▬▬▬▬ in JJHCS_00281257 and " all financial modeling supporting J&J's decision to change or maintain the maximum benefit for CarePath for all Janssen Drugs at issue." Sept. 10, 2024 Ltr. from E. Snow to J. Long at 1. JJHCS declines to do so. ▬▬▬▬▬▬▬▬▬▬▬ and any similar financial modeling, falls within the categories of financial documents that Judge Wolfson has repeatedly ruled are irrelevant and outside the scope of discovery. *See* Dkt. No. 192 at 19–24. As Judge Wolfson made clear in rejecting SaveOnSP's prior attempts to demand such financial documents from JJHCS, "[w]hat matters for purposes of liability and damages are not the changes that [JJHCS] contemplated implementing," Dkt. No. 192 at 19, and "whether [JJHCS's] operation is ultimately profitable is not the relevant inquiry" because JJHCS's theory of liability is simply that SaveOnSP has tortiously depleted CarePath funds, *id.* at 21. Judge Wolfson has further reiterated that "the reasons why [JJHCS] set the annual maximum amounts of copay assistance for the drugs at issue at the levels that it did, and why [JJHCS] chose to maintain those levels after learning of Defendant's services" are also irrelevant to SaveOnSP's mitigation defense. Dkt. No. 264 at 5. SaveOnSP has no basis to again revisit the Court's repeated rulings on this issue.

We reserve all rights and are available to meet and confer.

Very truly yours,

*/s/ Jacob I. Chefitz*

Jacob I. Chefitz

Patterson Belknap Webb & Tyler LLP   1133 Avenue of the Americas, New York, NY 10036   T 212.336.2000   F 212.336.2222