SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | : | Hon. Jamel K. Semper, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | | Hon. Freda L. Wolfson, Special Master |
| | : | |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | : | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendants. | | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L.

Civ. R. 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS, together with Defendant Save On SP, LLC ("SaveOnSP"), to seal the letters and supporting exhibits filed by the parties in connection with

(i) SaveOnSP's Motion to Compel JJHCS to Supplement its Response to SaveOn's Interrogatory No. 12, dated October 28, 2024, with related briefing dated November 7 and November 14, 2024 (ECF Nos. 440, 443 & 452), filed November 8, November 11, and November 18, 2024 (the "Interrogatory No. 12/Best Price Motion"); and

(ii) SaveOnSP's Motion to Compel JJHCS to add nine additional custodians, dated October 9, 2024, with related briefing dated October 29, 2024 and November 11, 2024 (ECF Nos. 409, 427 & 451), filed October 14, October 30, and November 13, 2024 (the "Additional Custodians Motion").

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. The parties seek to permanently seal portions of ECF Nos. 440, 443 & 452; and ECF Nos. 409, 427 & 451 in accordance with L. Civ. R. 5.3(c).

3. Attached hereto as Exhibit A is the proposed public version of the Interrogatory No. 12/Best Price Motion (ECF Nos. 440, 443 & 452). Attached hereto as Exhibit B is the proposed public version of the Additional Custodians Motion (ECF Nos. 409, 427 & 451). As shown in these exhibits, the parties are

proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4. L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5. In support of this motion, the parties have prepared indices setting forth the information sought to be sealed and the basis for the request as follows:

| Exhibit C | JJHCS's proposed redactions to the Interrogatory No. 12/Best Price Motion |
| Exhibit D | SaveOnSP's proposed redactions to the Interrogatory No. 12/Best Price Motion |
| Exhibit E | JJHCS's proposed redactions to the Additional Custodians Motion |
| Exhibit F | SaveOnSP's proposed redactions to the Additional Custodians Motion |

3

6. JJHCS and SaveOnSP do not object to the sealing of any of the confidential materials subject to this motion.

**JJHCS Confidential Information**

7. JJHCS filed this action to stop a scheme devised by defendant Save On SP, LLC ("SaveOnSP") and implemented by Express Scripts and Accredo from pilfering tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (*See* Amended Complaint, ECF No. 395). The Amended Complaint asserts four causes of action: (1) tortious interference with contract against all defendants; (2) conspiracy to tortiously interfere with contract against all defendants; (3) aiding and abetting tortious interference with contract as to Express Scripts and Accredo, in the alternative; and (4) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, as to SaveOnSP.

8. JJHCS and SaveOnSP entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62). Upon being named as defendants, Express Scripts and Accredo have indicated their respective consents to be bound to the Discovery Confidentiality Order.

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath Program, treatment of the CarePath terms and conditions, JJHCS's deliberative process and internal

decision-making, and other confidential information related to JJHCS. Certain of these documents are attached as exhibits to ECF Nos. 440, 443 & 452; and ECF Nos. 409, 427 & 451 and include confidential emails, presentations, and checklists.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

11. In addition to materials produced by JJHCS, JJHCS also seeks to seal one confidential exhibit produced by non-party TrialCard, Inc. ("TrialCard") in response to subpoenas served on TrialCard by SaveOnSP in this action. The TrialCard document was designated as Confidential – Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62).

12. In light of the business relationships between JJHCS and TrialCard, JJHCS also considers the materials produced by TrialCard to contain information confidential to JJHCS, including the administration of the CarePath program and description of patients.

13. As detailed in Exhibits C and E, JJHCS proposes limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that the parties have treated as confidential during this litigation.

14. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

15. The parties have continued to safeguard and protect the confidentiality of the Confidential Materials during the course of this action.

16. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place it at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

17. Sealing these documents is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

**SaveOnSP Confidential Information**

18. In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Exhibits D and F are tables documenting all materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available.  In

summary, the information that SaveOnSP seeks to protect from public disclosure is SaveOnSP's proprietary business information.

19. SaveOnSP asserts that it has a legitimate interest in maintaining the confidentiality of the redacted information contained in these documents and in avoiding the public disclosure of this information because it includes SaveOnSP's proprietary business information, the disclosure of which would grant SaveOnSP's business competitors an unfair competitive advantage. *See, e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

20. SaveOnSP asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information contained in Exhibits 1, 3-4, and 6 to JJHCS's November 7, 2024 Opposition to the Interrogatory No. 12/Best Price Motion [ECF No. 443] as they contain materials that were previously the subject of a motion to seal [ECF No. 360] and information about SaveOnSP's

business strategies, business model and financial relationship with its clients, and SaveOnSP's internal confidentiality policy, comprising confidential business information.

21. SaveOnSP also asserts that it has an interest in maintaining the confidentiality of the redacted and sealed information contained in Exhibits 7-8 of SaveOnSP's Additional Custodians Motion [ECF No. 409], which contain SaveOnSP's confidential and proprietary information relating to SaveOnSP's employee responsibilities and business practices for contacting drug manufacturers and contracting with clients, and contained in JJHCS's October 29, 2024 Opposition to the Additional Custodians Motion [ECF No. 427], which contains SaveOnSP's confidential and proprietary information relating to SaveOnSP's business strategy for determining copay amounts for certain drugs.

22. Accordingly, SaveOnSP respectfully requests that the Court seal the unredacted versions of (a) Exhibits 1, 3-4, and 6 to JJHCS's November 7, 2024 Opposition to the Interrogatory No. 12/Best Price Motion [ECF No. 443] and (b) Exhibits 7-8 of SaveOnSP's Additional Custodians Motion [ECF No. 409] and JJHCS's October 29, 2024 Opposition to the Additional Custodians Motion [427].

23. SaveOn submits that there is no less restrictive alternative available.

24. The parties respectfully submit that they have satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3. Accordingly, the requests that the Court grant their joint motion to seal materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2024          *s/ Jeffrey J. Greenbaum*
                                                                       JEFFREY J. GREENBAUM