# EXHIBIT B

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 9, 2024

<u>**VIA E-Mail**</u>

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
*No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc. ("JJHCS," and, with its affiliates, "J&J") to (1) add the following nine custodians: Katie Hanculak, Elizabeth Kreul-Starr, Matthew Saggese, Jane Frechette, Casey Sasse, Barbara McCabe, Kevin Kleemeier, Mitchell Akright, and Cecelia Trybus; and (2) run the search terms tailored for each custodian in Appendix 1.

## I.    Background

Nearly two years ago, at the start of discovery, SaveOn asked J&J to identify its employees involved with relevant aspects of CarePath. Ex. 1 (J&J's Jan. 17, 2023 R&Os to SaveOn's 1st Interrogatories). J&J stated that no one outside of JJHCS did relevant work. *Id.* SaveOn then found

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

evidence that individuals at other entities were, in fact, involved, Dkt. 122, and Judge Waldor

compelled J&J to supplement its interrogatory responses. Dkt. 127; Dkt. 131 at 98:24-99:15 (June

27, 2023 Hr'g Tr.). J&J then identified six additional individuals outside of JJHCS. Ex. 2 at 12, 17

(J&J's Supp. R&Os to SaveOn's 1st Interrogatories). After SaveOn found evidence that many

more individuals outside of JJHCS were involved, Dkt. 162, Judge Waldor compelled J&J to add

three non-JJHCS custodians, Dkt. 173 at 2, and Your Honor compelled it to add two more, Dkt.

192 at 26-29.

Because of the multiple, clear indications that J&J's assertion that no one outside of JJHCS

performed relevant work was incorrect, SaveOn then moved for J&J to search specific non-JJHCS

entities. Dkt. 313. Your Honor directed SaveOn instead "to serve a list of proposed custodians to

Plaintiff, from other Janssen entities, who may have relevant documents" and for the parties to

then meet and confer. Dkt. 336 at 2. SaveOn did so, proposing 22 additional custodians, Ex. 3

(July 19, 2024 Ltr.), of whom J&J agreed to add six. Ex. 4 at 2 (Aug. 13, 2024 Ltr.). SaveOn then

asked J&J to add the nine individuals at issue here. Ex. 5 (Aug. 23, 2024 Ltr.).

J&J does not dispute the relevance of these nine requested custodians—it did not respond

substantively to SaveOn's proposal at all. J&J instead refused to respond to any requests for addi-

tional custodians unless SaveOn identified all new custodians whom it might seek throughout the

rest of discovery. Ex. 6 (Sept. 11, 2024 Ltr.). This demand is unsupported by any caselaw, contrary

to the parties' practice over two years of discovery,[1] and highly prejudicial to SaveOn, especially

---

[1] Both parties have requested new custodians on a rolling basis. *See* Ex. 7 (Feb. 16, 2024 Ltr.)
(requesting SaveOn add four custodians); Ex. 8 (Feb. 5, 2024 Ltr.) (requesting SaveOn add one
custodian); Ex. 9 (Aug. 28, 2023 Ltr.) (requesting J&J add thirteen custodians). Most recently, J&J
moved for the addition of four custodians. Sept. 26, 2024 Mot. J&J has not said that it will not
seek any additional custodians, as it demands SaveOn do now.

since discovery with new defendants ESI and Accredo has not even begun. Because J&J has not

agreed to add these nine custodians, the parties are at impasse.

SaveOn now moves as to these nine individuals. SaveOn relies on many documents from

the custodial files of the five non-JJHCS custodians that J&J has been compelled to add, all of

whom J&J insisted would not have relevant documents. *See, e.g.*, Ex. 10 (JJHCS_00220716)

(Lade); Ex. 11 (JJHCS_00232642) (Barklage); Ex. 12 (JJHCS_00236748) (Hoffman); Ex. 13

(JJHCS_00183953) (Platt). The record confirms that the nine individuals at issue here performed

highly relevant work on CarePath. SaveOn proposes targeted search terms for each requested cus-

todian, focused on the work they performed. App'x 1.

## II.    Katie Hanculak

Katie Hanculak, a Product Director at Janssen Biotech,[2] Ex. 14 at -040 (JJHCS_00003038),

identified patients receiving CarePath funds who were enrolled in accumulators and maximizers

and developed J&J's response to accumulators and maximizers. She remained involved in these

efforts even after the CAP program was formally created, including in the modification of Care-

Path's terms and conditions ("T&Cs"). Given her integral role with CarePath, and the extensive

knowledge of accumulators and maximizers that she built up as one of J&J's first responders, ██

████████████████████████████████████████████████████████████████ *See, e.g.*, Ex. 15

(JJHCS_00139323).

*First*, starting in 2020—two years before J&J took any active mitigation measures—Han-

culak helped identify patients receiving CarePath funds who were enrolled in accumulators and

maximizers. ████████████████████████████████████████████████████████████████

---

[2] Janssen Biotech made eleven of the drugs at issue here: Darzalex, Darzalex Faspro, Remicade,
Rybrevant, Simponi, Simponi Aria, Stelara, Tremfya, Zytiga, Imbruvica, and Erleada.



. *See* Ex. 16 at -524 (JJHCS_00117523); Ex. 17 (JJHCS_00222523).

See Ex. 18 (JJHCS_00035075).

, *see* Ex. 19 at -809 (JJHCS_00253805),

*See, e.g.*, Ex. 20 (JJHCS_00279275).

These documents support SaveOn's theory that J&J knew for years that patients on accumulators and maximizers were using CarePath funds, specifically identified these patients, and never cut them off or asserted that they had breached CarePath's T&Cs; only in preparation for this litigation did J&J suddenly declare that its T&Cs barred these patients.

*Second*, Hanculak coordinated J&J's response to accumulators and maximizers.



. *See* Ex. 21 (JJHCS_00215136); Ex. 22 at -419 slide 11 (JJHCS_00246418); Ex. 23 (JJHCS_00252942) (

).[3] As part of those discussions,

. *See* Ex. 21 at -139.011 (JJHCS_00215136) (

); Ex. 25 at -463 (JJHCS_00144460)

---

[3]

. Ex. 24 (JJHCS_00246272).



( ██████████████████████████████████████████████████████

████████████████ █ ██████████████████████████ ). ████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ Ex. 26 at -630, -642

(JJHCS_00145630). ████████████████████████████████████████████

███ , Ex. 27 at -756 (JJHCS_00272748), ███████████████████

████████████████████████████████████████ . *Id.* at -750. ████████

████████████████████████████████████████████████████████

███████████████ . *See* Ex. 28 (JJHCS_00074656) ( ███████████████

████████████████████ ); Ex. 29 (JJHCS_00074660) ( ███████████

███████████████████████████ ); Ex. 30 at -329 (JJHCS_00140327) ( ██████

████████████████████████████████████████████ ). ████████████

████████████████████████████████████████████████████████

██████████████████████ *See* Ex. 31 (JJHCS_00034866) ( ███████████

███ ); Ex. 32 (JJHCS_00276557) ( ████████████████████████ ).[5]

*Third*, as a member of the IMM CAP 2022 Tiger Team,[6] Ex. 37 (JJHCS_00034977), ████

████████████████████████████████████████ *See* Ex. 38 at -007, -010-011

_____

[4] At the time, J&J used that term to refer to any services which helped implement a plan design such that copay assistance did not apply to a patient's deductible or out of pocket maximum.

[5] Hanculak's work also formed the basis for other J&J employees' proposed responses to accumulators and maximizers. ████████████████████████████████████████████████████
██████████████████████████████████████████ Ex. 33 at -567-68 (JJHCS_00283565).

[6] J&J assembled the IMM CAP 2022 and IMM CAP 2023 Tiger Teams ██████████████████████
████████████████████████████████████████████████████████

(JJHCS_00274005). ███████████████████████████████████████████████████

███████████████████████████████████████████████████. *See* Ex. 39

(JJHCS_00272720) (████████████████████████████████████████████████

██████████████████████"); Ex. 40 (JJHCS_00272514) (███████████████

███████████████████████████████████████████████████████████████████

██████████████████████████. ████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████, *see* Ex. 41 (JJHCS_00231113)—████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████" Ex. 40

(JJHCS_00272514).

### III.   Elizabeth Kreul-Starr

 Elizabeth Kreul-Starr, Director of Marketing at Janssen Biotech, Ex. 42

(JJHCS_00045073), was involved in all aspects of CarePath. *See, e.g.*, Ex. 43 (JJHCS_00227654);

Ex. 44 at -107 (JJHCS_00134107). She shaped J&J's response to SaveOn, worked on changes to

T&Cs, and oversaw benefits investigations ("BIs") and the CAP Program.

 *First*, from 2018 through 2023, Kreul-Starr strategized J&J's response to accumulators,

maximizers, and SaveOn. ████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████. *See* Ex. 45 (JJHCS_00222582). ████████████



Ex. 34 at -502 (JJHCS_00047500).

Ex. 35 at -044-45 (JJHCS_00117039).

Ex. 36 (JJHCS_00011148).

Hon. Freda L. Wolfson                                                          Page 7

█████████████████████████████████████████████, Ex. 46 at -267, -269

(JJHCS_00221267); *see also* Ex. 47 (JJHCS_00221271); Ex. 48 (JJHCS_00221286), ██████

████████████████████████████████████████████████████████████████████

██████. Ex. 46 at -269 (JJHCS_00221267). J&J later employed this strategy as part of its ██████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████. Ex. 49 at -193, -195, -237

(JJHCS_00026193) (███████████████████████████████████████████); Ex.

50 at -709 (JJHCS_00001709) (████████████████████████████).

*Second*, because of her extensive knowledge of J&J's response to SaveOn, Kreul-Starr

advised and consulted with J&J's highest decisionmakers about CarePath and changes to the CAP

program. ████████████████████████████████████████████████████████

████████████████████████████████, Ex. 43 (JJHCS_00227654); Ex. 51

(JJHCS_00140477); Ex. 52 (JJHCS_00140480), ████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████, Ex. 52 at -491 (JJHCS_00140480)—██

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████ Ex. 53 at -990 (JJHCS_00002989), ██████████

████████████████████████████████████████████████████████████████████

█████████████████████████████ *id.* at -000, ██████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████. 54 (JJHCS_00011220), ██████████████████████████

████████████████. *See* Ex. 55 (JJHCS_00027984).

Hon. Freda L. Wolfson                                                                    Page 8

     *Third*, from 2018 through 2022, Kreul-Starr worked on revisions to CarePath's T&Cs and

related documents. ████████████████████████████████████████████, Ex.

10 at -716 (JJHCS_00220716), ███████████████████████████████████████

████████████████████████████████████████████████, Ex. 56

at -619, -623-24 (JJHCS_00222619), ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██, Ex. 57 at -716-18 (JJHCS_00272715), ██████████████████████

███████████████████. *See also* Ex. 18 at -078 (JJHCS_00035075) (████

████████████████████████████████████).

     *Fourth*, Kreul-Starr worked on J&J's mitigation strategies as part of the CAP program.

████████████████████████████████████████████. Ex. 58

(JJHCS_00001215). ██████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ Ex. 33 at -568

(JJHCS_00283565), ████████████████████████████████████████████████

█████████████ *See* Ex. 59 at -733 (JJHCS_00002733). ████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Ex. 60 at -221 (JJHCS_00001221)—

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████, Ex. 61 (JJHCS_00001853), ████████████████,

Hon. Freda L. Wolfson                                                                    Page 9

Ex. 62 (JJHCS_00011222). ███████████████████████████████████████████

███████████, Ex. 13 at -953 (JJHCS_00183953), ██████████████████████████

███████████████████████████████████████████████████████████████████████

███████████Ex. 63 at -356, -358 (JJHCS_00034356).

 *Fifth*, Kreul-Starr oversaw J&J's vendors, including TrialCard, in conducting BIs for J&J.

*See, e.g.*, Ex. 64 at -271 (JJHCS_00117264) (██████████████████████████████████

██████); Ex. 65 at -822, -823-24 (JJHCS_00080822) (████████████████████████████

███████████████████████████████████████████████████████████). ████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████, Ex. 66

at -803, -804.0055 (JJHCS_00073803).

 *Finally*, Kreul-Starr oversaw third parties in connection with designing the CAP program.

*See* Ex. 67 at -593-94 (JJHCS_00141593) (████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████). ██████████████████████████████████████████████████████████████████

███████████. Ex. 68 at -217, -219 (JJHCS_00254217).[7]

---

[7] Kreul-Starr is likely to have unique documents about these efforts. ████████
████████████████████████████████ Ex. 69 at -390 (JJHCS_00145390).
███████████████████████████████████████████████ Ex. 70. at -211
(JJHCS_00083211), █████████████████████████████. *See id.* at -246.
█████████████████████████████████████████████████████. Ex. 71 at
-630 (JJHCS_00000630). ████████████████████████████████████████████
████████████████████████████████ Ex. 72 at -492 (JJHCS_00246492).
████████████████████████████████ Ex. 73 at -961 (JJHCS_00104961),

Hon. Freda L. Wolfson                                                     Page 10

## IV.    Matthew Saggese

Matthew Saggese, a Product Director at Janssen Biotech, Ex. 75 at -281
(JJHCS_00182278), led the ███████████████████████████████████████████
███████████████████████████████████████████████████████. *See* Ex. 76
(JJHCS_00190387). To encourage positive experiences, and more sales, Saggese launched two
CAP program workarounds that undermine J&J's assertion that patients on SaveOn-advised plans
are ineligible for copay assistance and show that J&J willingly paid CarePath funds to patients on
maximizers.[8]

*First*, Saggese successfully pushed J&J to ***increase*** CarePath payments to patients on max-
imizer plans—which would include patients on SaveOn-advised plans. In ███████████████████
███████████████████████████████████████████████████████████
████████████████████. Ex. 79 (JJHCS_00253558). ███████████████████████
███████████████████████████████████████████████████████████
███████████████████. *Id*. at -558. ██████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█. *Id.* ████████████████████████████████████████████████
███████████████████████████████████████ Ex. 80 (JJHCS_00253352). ████████

---

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████ Ex. 74 at -124 (JJHCS_00146124),
████████████████████████████s.

[8] Saggese also worked more generally on the CAP program including with J&J's key vendors. *See,
e.g.*, Ex. 77 (JJHCS_00253524) (RIS Rx); Ex. 78 (JJHCS_00258908) (TrialCard).

████████████████████████████████████████████████████████████████████

████████ . *See* Ex. 81 (JJHCS_00258993). ████████████████████████████

████████████████████████████████████████████████████████ .

    *Second*, Saggese developed a scheme to send CarePath patients to SaveOn once they ex-

hausted CarePath funds. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████.[9]  Ex. 82

(JJHCS_00181853). ██████████████████████████████████████████████████

████████████████████████████████████████ . *See id.*; Ex. 85 (JJHCS_00231590). ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 82 at -855

(JJHCS_00181853). ████████████████████████████████████████████████████

shows that J&J did not believe that patients on SaveOn-advised plans violated the T&Cs.

## V.    Jane Frechette

    Jane Frechette, a Group Product Director at Jannsen Biotech, Ex. 4 at 5 (Aug. 13, 2024

Ltr.), helped develop the CAP and Stelara withMe programs, monitored other manufacturers'

T&Cs, and tracked CarePath usage for accumulator and maximizer patients.

---

[9] ████████████████████████████████████████████████████████ , Ex. 82 at -854
(JJHCS_00181853), and ██████████████████████████████████ . *See* Ex.
83 (JJHCS_00073533); Ex. 84 (JJHCS_00259257).

*First*, Frechette contributed to the development of the CAP program and Stelara withMe, and to specifically revisions of Stelara's T&Cs. ████████████████████████████████████

████████████████████████████████████████████████. *See* Ex. 86 at -849 (JJHCS_00267848) (███████████); Ex. 87 at -754-53 (JJHCS_00259753) (██████████

████████████████████████████████████████████). While J&J insists that the May-Not-Use Provision is standard across the pharmaceutical industry, and understood to bar accumulators and maximizers, *see* Ex. 88 at 2 (July 17, 2023 Ltr.), Frechette's work demonstrates that other manufacturers believed that they had to ***change*** their T&Cs to bar accumulators and maximizers, not use their versions of the May-Not-Use Provision.

Frechette's understanding of other manufacturers' T&Cs informed the earliest iteration of the CAP program. ████████████████████████████████████

████████████████████████, Ex. 86 (JJHCS_00267848), █████████████████

████████████████████████, *see* Ex. 89 at -009 (JJHCS_00231009)—██

████████████████████████████████████████████

████████████████████████ *See* Ex. 90 at -466 (JJHCS_00145406). ███

████████████████████████████████████████████

████████████████████████████████ Ex. 91 at -240 (JJHCS_00142238), ██████████████████████████████████

████████████████████████████████████████████

████████████, Ex. 92 (JJHCS_00218451), █████████████████████

████████████████████████████████████████, Ex. 93 (JJHCS_00002593).

*Second*, Frechette's documents show that, for years, J&J knew that patients on accumulators and maximizers were using CarePath and did nothing. ██████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████. *See* Ex. 18 at -080 (JJHCS_00035075). ██████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████. Ex. 94 at -272 (JJHCS_00080271).

## VI.    Casey Sasse

Casey Sasse, an Associate Director at Janssen Immunology, Ex. 95 (JJHCS_00231117), tracked co-pay utilization to analyze the CAP program's performance and determine if patients enrolled in CarePath were likely on accumulators or maximizers, and contributed to the development of the CAP program.

*First*, Sasse regularly analyzed data from TrialCard to track the success of the CAP program and understand how many patients on CarePath were also on accumulators and maximizers.

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████. *See* Ex. 96 at -863

(JJHCS_00140862). █████████████████████████████████████████████████

████████████████████████ Ex. 97 at -566 (JJHCS_00259564). ██████████████████████

█████████████████████████████████████████████████████. *See* Ex. 98

(JJHCS_00191210).[10] J&J relied on Sasse's expertise: ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████  Ex. 101 at -817-18

(JJHCS_00253815); *see also* Ex. 96 (JJHCS_00140862). ████████████████

████████████████████████████████████████████████████

████████████████████████████████, Ex. 102 at -313 (JJHCS_00231311), ███

████████████████████████████████████████████████████

████████████████████, *see* Ex. 103 at -071 (JJHCS_00152069). J&J's maximum ben-

efit, particularly as it relates to patients on maximizers, is highly relevant to J&J's damages claim

because it shows how much J&J intended to pay from CarePath.

    *Second*, Sasse made other substantive contributions to the CAP program. ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████  Ex. 104 at -004, -009 (JJHCS_00033653). ████████

████████████████████████████████████████████████  *Id.*

at -007. ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████  Ex. 105 at -241 (JJHCS_00198241).

_____

[10] ████████████████████████████████████████████████████. *See* Ex.
99 (JJHCS_00155583); *see also* Ex. 100 (JJHCS_00151819) (████████████████
████████████████████████); Ex. 96 at -863 (JJHCS_00140862) (████████
████████████████████████████████████).



## VII.    Barbara McCabe

Barbara McCabe, a brand employee at Janssen Immunology, *see* Ex. 106
(JJHCS_00045430), monitored other manufacturers' copay assistance programs, implemented
changes to CarePath's T&Cs, and was on the team responsible for managing the platform through
which J&J identified patients on accumulators and maximizers.

*First*, ██████████████████████████████████████████████

███████████████████████████████████████████████. *See* Ex. 107

at -795, -796 (JJHCS_00130795). █████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████." *Id.* -796. McCabe's

2021 analysis shows that J&J was aware of ways to mitigate its damages but waited years before

doing so, and that other manufacturers believed that their standard T&Cs—containing provisions

similar to the May-Not-Use Provision—needed to be changed to bar patients on accumulators and

maximizers.

*Second*, McCabe drafted training materials revealing J&J's understanding of CarePath's

T&Cs. ██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████." *See* Ex. 108 at -050 slide 11

(JJHCS_00143048). █████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████ *e.g.*, Ex. 109 at -572 (JJHCS_00035571), █████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████ *Id.* at -571. This indicates that J&J intended to pay patients on maximizers up to $20,000 prior to this update, intended to provide them copay assistance after that time (albeit at a lower rate), and did not understand its T&Cs to bar such patients.

*Finally*, McCabe's team managed the platform through which J&J identified specific patients on accumulator and maximizer plans. Unlike any existing custodian, ████████████

███████████████████████████████████████████████████

████ Ex. 110 at -970 (JJHCS_00230918), ████████████████████████████████

██████████████████████████████████████ . *Id.* The ██████████████████████

███████████████████████████████████████████████████

██████ ,[11] Ex. 111 at slide 3 (JJHCS_00231180), which is not only relevant to J&J's mitigation efforts and purported enforcement of its T&Cs, but also rebuts its allegations that it "cannot reduce copay assistance on a patient-by-patient basis" without taking the risk that some patients may have been erroneously identified as on SaveOn. *See* Am. Compl. ¶ 127.

## VIII.   Kevin Kleemeier

Kevin Kleemeier, a Product Director at Janssen Biotech, Ex. 112 (JJHCS_00226370), engaged advocacy partners from 2016 to 2018 to publish information about accumulators, maximizers, and SaveOn, and proposed the ████████████████ to accumulators and maximizers.

---

[11] ████████████████████████████████████████████████████

████ s. Ex. 111 at slide 3 (JJHCS_00231180) (████████████████████████████████████

████████████ ).

*First*, ███████████████████████████████████████████████

████████████████████████████████████████████████████

███████. *See* Ex. 12 (JJHCS_00236748) (█████████████████████████

██████████████████████████████████████████); Ex. 113

at -184, -199, -202 (JJHCS_00237184) (█████████████████████████

████████████████████████████████████████). Instead of tell-

ing patients being on SaveOn-advised plans violated CarePath's T&Cs—something J&J would

likely have done if it actually believed its assertions in this litigation—█████████████

████████████████████████████████████████████████████

███████████████████████████████████████████. Ex. 114 at -

272 (JJHCS_00222271) (████████████████████████████████████

████████████████████████████████████████████████████

████████████); Ex. 115 at -101-102 (JJHCS_00237101) (██████████████

████████████████████████████████████████████████████

██████████); *see also* Ex. 116 (June 6, 2024 Ltr.). ██████████████████

████████████████████████████████████████████████████

█████████████████████████████, Ex. 113 at -200 (JJHCS_00237184)—

showing that (1) J&J did not believe that its T&Cs barred accumulators and (2) J&J understood

that accumulators are part of health plan design, key to SaveOn's ERISA defense and interpreting

the T&Cs, which require compliance with health plan benefit design.[12]

─────────────────

[12] Other Kleemeier documents include similar statements. ███████████████████████

████████████████████████████████████████████████ Ex. 117 at -267.027

(JJHCS_00219266). █████████████████████████████████████, *id.,* ████████████████

*Second*, ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████. Ex. 119

(JJHCS_00236825).

## IX.  Mitchell Akright

Mitchell Akright, a Director at Janssen Immunology, Ex. 120 (JJHCS_00140619), was a

member of the CAP Tiger Team and led internal training on CarePath program requirements.

*First*, Akright was a ██████████████ on the IMM CAP Tiger Team, Ex. 121

(JJHCS_00████████████████████████████████████████

██████████████ Ex. 122 at -246 (JJHCS_00130245). ████████████

████████████████████████████ *Id.* at -247. ██████████████

████████████████████████████████████████████████████

██████████████, *e.g.*, Ex. 123 at -372 (JJHCS_00145337), ██████████████

████████████████████████████████████████, Ex. 124 at -297

page 4 (JJHCS_00146296). Neither suggests that J&J understood its T&Cs to prohibit such ser-

vices. Akright's documents related to this work likely would not be picked up by searches of other

████████████████████████████████████████████████████ Ex.

35 at -044 (JJHCS_00117039), and Akright worked independently from current custodians to de-

―――――――――――――――

██████████████████████████████. *See* Ex. 118 (JJHCS_00002726)

██████████████████████████████████████████████████

Kleemeier's presentation suggests that.████████████████████████

██████████████.

Hon. Freda L. Wolfson                                                                    Page 19

velop J&J's training materials , *see* Ex. 124 (JJHCS_00146296) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 123 at -339 (JJHCS_00145337).

*Second*, Akright sought feedback about how accumulators and maximizers, and J&J's responses to them, were received by patients, which is relevant to J&J's GBL claim. ▮▮▮▮▮▮▮▮



Ex. 125 at -232 (JJHCS_00261232).

Ex. 126 at -772-73 (JJHCS_00002770); *see also* Ex. 127 at -759 (JJHCS_00130759) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 128 at -793 (JJHCS_00195791), contradicting J&J's allegations of public harm, *see* Am. Compl. ¶¶ 29, 202.

## X.    Cecelia Trybus

Cecelia Trybus, a Manager of IMM Patient and Caregiver Solutions at Janssen Biotech, Ex. 129 (JJHCS_00231941),[13] was the lead Nurse Navigator for the Stelara withMe program (the successor to CarePath), a role in which she communicated with patients on relevant issues, like J&J's position on accumulators and maximizers, received patient feedback from other nurse navigators, and helped shape the CAP program through sharing patient feedback.

---

[13] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 130 at -690 (JJHCS_00257688). The Patient Engagement and Customer Solutions organization chart shows no current custodians on Trybus's team—confirming that she is likely to have unique, relevant documents.

Hon. Freda L. Wolfson                                                        Page 20



, *see* Ex. 121 (JJHCS_00183029),

.

*See* Ex. 131 at -067 (JJHCS_00144065) (

); *see also* Ex. 132 at -345 (JJHCS_00159322) (

).

. *See* Ex. 133 at -945 (JJHCS_00218944) (

).

,” Ex. 134 (JJHCS_00182184).[14]

Ex. 136 at -626, -628 (JJHCS_00181615)

(                                                                       );

. Ex. 137 at -517, -523 (JJHCS_00164517); *see also* Ex. 138 at -138, -154

(JJHCS_00232136) (

                                        *        *        *

    SaveOn appreciates Your Honor's attention to this matter.

---

[14] J&J withheld the draft letter attached to this email for privilege, even though no attorneys are on the cover email. In similar letters it sent to patients around this time, however, J&J stated that patients on maximizers were eligible for $6,000 in copay assistance—contrary to its claims in this case that the May-Not-Use Provision bars such patients. *See* Ex. 135 (JJHCS_00266149).

Hon. Freda L. Wolfson                                                          Page 21

Respectfully submitted,


/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Appendix A

| | |
|---|---|
| Term 1 | "service agreement" OR BAA OR "business associate agreement" OR joinder OR PHI OR contract OR amendment |
| Term 2 | enrollment* OR onboarding OR implement* |
| Term 3 | "program design" OR "benefit design" OR "program update" |
| Term 4 | "drug list" |
| Term 5 | "Affordable Care Act" OR ACA OR ERISA OR "essential health benefit" OR EHB OR NEHB |
| Term 6 | accumulator OR maximizer |
| Term 7 | "regulation" /5 ("state" OR "copay") |
| Term 8 | "exception pharmacy" |
| Term 9 | "fully insured" OR "self-funded" OR "qualified health plan" OR HSA OR "health savings account" OR "high deductible health plan" OR "HDHP" |
| Term 10 | "opt out" OR override OR monitor* |

14905531

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S FIRST SET OF INTERROGATORIES** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.     JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.     JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4.     JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an

1

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.    JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.    JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.    JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.    JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

### OBJECTIONS TO DEFINITIONS

1.    JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.    JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

2

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from January 1, 2017 to the present. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control

3

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

6.     JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.     JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from before January 1, 2017. Unless otherwise noted, JJHCS will only provide information from January 1, 2017 through July 1, 2022 (the "Time Period").

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1

Identify each person who participated in or had responsibility for communications with patients or health plans, including any communications between CarePath Care Coordinators or JJHCS Hub Entities and patients, from January 1, 2009 through the present.

**Response:**

4





- ███████████

  ▮ █████████████

  ▮ ██████████

  ▮ █████████

  ▮ ████████████

  ▮ █████████

  ▮ █████████

  ▮ ██████

████████████████████████████████████████████████

████████████████████████████████████████████: 

- ████████

  ▮ ██████████

  ▮ ██████████

  ▮ ██████████

  ▮ ███████

  ▮ ███████

  ▮ █████████

  ▮ █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████.

7

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 2**

Identify each person who participated in or had responsibility for the marketing of CarePath or other communications with the public regarding CarePath, including those mentioning Copay Accumulator Services or Copay Maximizer Services, from January 1, 2009 through the present.

**Response:**



9

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 3**

Identify each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug, from January 1, 2009 through the present.

**Response:**



███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████.

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## Interrogatory No. 4

Identify each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs, from January 1, 2009 through the present.

**Response:**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████  █████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████

12





JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## Interrogatory No. 5

Identify each person who participated in or had responsibility for JJHCS's attempts to identify health plans advised by SaveOnSP or patients enrolled in such plans.

**Response:**



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 6**

Identify each person who participated in or had responsibility for JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients enrolled in health plans advised by SaveOnSP, including JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients using Stelara or Tremfya.

**Response:**



16

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 7**

Identify each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**Response:**

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

Dated: January 17, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

18

## CERTIFICATION

1.  I am Senior Director of Supplier Management & Operations for the Patient Engagement & Customer Solutions group within JJHCS.  I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2.  I have read the attached Responses to SaveOnSP's First Set of Interrogatories.

3.  The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.  As to Responses based upon my personal knowledge, they are true to the best of my knowledge.  As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.

Dated: January 17, 2022
Piscataway, NJ

John Paul Franz

19

# Exhibit 2

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S FIRST SET OF INTERROGATORIES** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

Pursuant to the Court's June 29, 2023 Order, Johnson and Johnson Health Care Systems, Inc. ("JJHCS") submits these supplemental responses to Save On SP, LLC's ("SaveOnSP") First Set of Interrogatories (the "Interrogatories").  (*See* Dkt. No. 127.)  JJHCS reserves the right to amend, modify, or supplement these responses.

## **GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.   The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or

1

ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation

or legal analysis by JJHCS in providing a response.  JJHCS responds to the Interrogatories as it

interprets and understands each Interrogatory as set forth.  If SaveOnSP subsequently asserts an

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory,

JJHCS reserves the right to modify or supplement its objections and responses.

5.      JJHCS objects to the Interrogatories to the extent that they are duplicative of

document requests, other interrogatories, and/or other discovery requests.

6.      JJHCS objects to the Interrogatories to the extent that they are argumentative, lack

foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action.

JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist

or the occurrence of events that did not take place.

7.      JJHCS objects to the Interrogatories to the extent that they seek information

relating to any business affairs other than those that are the subject of the Action.

8.      JJHCS objects to the Interrogatories to the extent that they seek information that

is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it purports to include "any

and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates,

divisions or departments, agents, representatives, directors, officers, employees, committees,

attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those

entities.

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the

2

extent it purports to include drugs that are not covered by CarePath. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from January 1, 2017 to the present. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

3

departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from before April 1, 2016.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through July 1, 2022 (the "Time Period").

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1

Identify each person who participated in or had responsibility for communications with patients or health plans, including any communications between CarePath Care Coordinators or JJHCS Hub Entities and patients, from January 1, 2009 through the present.

**Response:**

4





JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████.

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**<u>Interrogatory No. 2</u>**

Identify each person who participated in or had responsibility for the marketing of CarePath

or other communications with the public regarding CarePath, including those mentioning Copay
Accumulator Services or Copay Maximizer Services, from January 1, 2009 through the present.

**Response:**

9

- ███████

█ ███████

█ █████

█ ███████

█ ██████████

█ ██████

█ █████

█ ███████

█ ████████

█ ███████

█ ████████

█ ██████████

█ ██████

█ █████

█ ████████

█ ██████

█ ██████

█ █████

█ ██████

████████████████████████████████████

████████████████████

█ █████

█ ██████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**





JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 3**

Identify each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug, from January 1, 2009 through the present.

**Response:**



████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ .

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████    ██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ .

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 4**

Identify each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs, from January 1, 2009 through the present.

**Response:**



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

███████████████████████████████████████████████████

██████████████████████████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 5**

Identify each person who participated in or had responsibility for JJHCS's attempts to identify health plans advised by SaveOnSP or patients enrolled in such plans.

**Response:**

██████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

  ▌ █████████████

  ▌ ██████████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 6**

Identify each person who participated in or had responsibility for JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients enrolled in health plans advised by SaveOnSP, including JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients using Stelara or Tremfya.

**Response:**

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

▌ ███████████████

▌ ██████████

▌ ██████████

▌ ████████████

▌ ██████████

███████████████████████████████████

████████████████████████████████████████████

███████████████████████████

▌ ████████

▌ ██████████

▌ ████████████

▌ ██████████

    JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**



████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ .

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 7**

Identify each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**Response:**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

        █████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

      JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response:**

        █████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

        █████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.


Dated: July 28, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATION

1.  I am Senior Director of Supplier Management & Operations for the Patient Engagement & Customer Solutions group within JJHCS.  I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2.  I have read the attached Responses to SaveOnSP's First Set of Interrogatories.

3.  The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.  As to Responses based upon my personal knowledge, they are true to the best of my knowledge.  As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.


Dated: July 28, 2023
Piscataway, NJ

John Paul Franz

26

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

July 19, 2024

**<u>Via E-mail</u>**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:    Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

Pursuant to Judge Wolfson's July 16, 2024 Order, SaveOn writes to request
that J&J add the following custodians:

**<u>Sylvia Shubert</u>**.



Shubert's work on the
CAP program is relevant to J&J's mitigation efforts.

Julia Long
July 19, 2024



**Jennifer    Goldsack**.



Julia Long
July 19, 2024



**<u>Mark Wiley</u>**.

**<u>Michelle Barnard</u>**.

**<u>Mitchell Akright</u>**.

Julia Long
July 19, 2024



**Cherilyn Nichols**.



**Katie Hanculak**.



Julia Long
July 19, 2024



**Kevin Kleemeier**.



**Matthew Saggese**.



Julia Long
July 19, 2024

**<u>Pinal Shah</u>**.



**<u>Claudia Adomah</u>**.

**<u>Sabrina Ade</u>**.

Julia Long
July 19, 2024



**<u>Barbara McCabe</u>**.



**<u>Casey Sasse</u>**.



Julia Long
July 19, 2024

### Elizabeth Kreul-Starr.



### Camille  Dorsey.



### Kassandra  Cruz.



Julia Long
July 19, 2024



**Bryan   Weinlein**.



**Cecelia Trybus**.



Julia Long
July 19, 2024



**<u>Jane Frechette</u>**.



**<u>Brian Taft</u>**.



Julia Long
July 19, 2024



**<u>Thao Mazrullo</u>**.

Please let us know if J&J will agree to add these individuals as custodians.

We request a response by July 26, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 4



**Patterson Belknap**

www.pbwt.com

August 13, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **SaveOnSP's Requests for 27 Additional Custodians**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
No. 2:22-cv-02632-JKS-CLW

Dear Elizabeth:

We write in response to your three letters demanding that JJHCS add a total of 27 additional custodians:  your June 28, 2024 letter requesting that JJHCS add Norhaan Khalil and Joseph Incelli, your July 19, 2024 letter requesting that JJHCS add 22 additional custodians (the "Non-JJHCS Custodian Letter"), and your July 19, 2024 letter asking that JJHCS add purported Janssen Scientific Affairs employees Mike Ingham, Kay Sadik, and Bridget Doherty as custodians (the "Janssen Scientific Affairs Letter").

As an initial matter, JJHCS objects to SaveOnSP's request as unduly burdensome. JJHCS already has agreed to produce documents from 37 custodians.  Some of these agreed-upon custodians are employed by non-JJHCS entities within the Johnson & Johnson family of companies that are not parties to this litigation; others are high-ranking executives; and still others are attorneys whose documents necessitate intricate privilege review.  Now, after more than a year of discovery, SaveOnSP demands that JJHCS nearly double its list of custodians by adding 27 additional custodians, most of whom have no responsibility for the CarePath co-pay assistance program or the changes that JJHCS made to that program to defend it against bad actors like SaveOnSP.

SaveOnSP's primary justification for this sweeping expansion of discovery is "Judge Wolfson's July 16, 2024 Order."  Non-JJHCS Custodian Letter at 1.  But SaveOnSP's demands go far beyond Judge Wolfson's order.  In denying SaveOnSP's motion to compel, Judge Wolfson declined to order the comprehensive expansion of discovery that SaveOnSP sought and instead directed SaveOnSP to "serve a list of proposed custodians to [JJHCS], from other Janssen entities, who may have relevant documents."  July 16, 2024 Order at 2.  Judge Wolfson also suggested that the parties focus on six individuals who were named in SaveOnSP's moving papers.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 2

In so doing, Judge Wolfson rejected the need to add as custodians the overwhelming majority of individuals mentioned in SaveOnSP's motion. Instead, "based on [her] review of all 105 exhibits submitted" by SaveOnSP, Judge Wolfson suggested that SaveOnSP request (and JJHCS consider) adding six custodians "who *may* have relevant documents." *Id.* (emphasis in original). Rather than submit a narrowed list of custodians in line with Judge Wolfson's order, SaveOnSP has doubled down on its overbroad and unduly burdensome demand for a far-reaching expansion of discovery, including by demanding that JJHCS add several new proposed custodians who were not even named in SaveOnSP's prior papers. In sum, SaveOnSP's latest wish list is not only unduly burdensome, but seems purposely designed to be so.

JJHCS has investigated SaveOnSP's expansive ask. We disagree that these additional custodians are necessary or warranted given the claims and defenses in the litigation. Nevertheless, in the interest of compromise and in keeping with Judge Wolfson's order, JJHCS agrees to add six of SaveOnSP's requested custodians. JJHCS also provides further context for the remaining 21 custodians at-issue.[1]

## I.    JJHCS's Counterproposal

In response to the Non-JJHCS Custodian Letter, JJHCS agrees to add the following six additional individuals as custodians, most of whom Judge Wolfson suggested in her July 16, 2024 order: Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, and Pinal Shah. In an effort to resolve the issues addressed in the Janssen Scientific Affairs Letter, JJHCS also agrees to add Mike Ingham as a custodian.

JJHCS's agreement to add these additional custodians is subject to the parties' agreement on additional search terms. JJHCS reserves all rights to object, on relevance and/or burden grounds, to any search terms that SaveOnSP may propose for these custodians.

## II.    Remaining Custodians

JJHCS will not add the remaining 21 custodians that SaveOnSP has demanded.[2] As detailed below, either these individuals are irrelevant to this litigation or their documents are duplicative of those in the custody of previously agreed-upon custodians. Moreover, the documents cited by SaveOnSP in the Non-JJHCS Custodian Letter and the Janssen Scientific Affairs Letter do not justify adding these individuals as additional custodians.

---

[1] JJHCS separately provided its response as to Joseph Incelli. *See* July 18, 2024 Email from J. Long to M. Nussbaum. The remaining 20 custodians are addressed in this letter.

[2] Sabrina Ade, Claudia Adomah, Mitch Akright, Kassandra Cruz, Camille Dorsey, Bridget Doherty, Jane Frechette, Katie Hanculak, Norhaan Khalil, Kevin Kleemeier, Elizabeth Kruel-Starr, Thao Mazrullo, Barbara McCabe, Kay Sadik, Matthew Saggese, Casey Sasse, Brian Taft, Cecila Trybus, Bryan Weinlein, and Mark Wiley.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 3

### a. Sabrina Ade

JJHCS will not add Sabrina Ade as an additional custodian.  In the Non-JJHCS
Custodian Letter, ███████████████████████████████████████████████████████
*See, e.g.*, JJHCS 00132445 (████████████████████████████████████████████████
███████████████).  Documents regarding Johnson & Johnson's public policy and advocacy
responses to accumulators and maximizers are not relevant to this case.  *See, e.g.*, JJHCS's
Responses and Objections to SaveOnSP's 10th Set of Requests for Production; Feb. 17, 2023
Letter from A. LoMonaco to M. Nelson.  Indeed, SaveOnSP has taken the same position,
categorically refusing to produce documents regarding its *own* compliance with different laws and
regulations, even though those documents actually *are* relevant (because they relate to the
improper misappropriation of patient assistance funds and whether SaveOnSP has been outlawed
in certain states).  *See* D.E. 66 at 7-8 ("[C]ompliance with these statutes has nothing to do with
whether [SaveOnSP] induced patients to breach their contracts with JJHCS or whether it deceives
the public."); *see also* Mar. 17, 2023 Tr. at 20:8-16 (SaveOnSP's counsel arguing that compliance
with "some other statute" is just "completely tangential.").  For the same reasons as stated in our
prior objection and correspondence, SaveOnSP has not shown that Ms. Ade is the custodian of
unique, relevant documents.

### b. Claudia Adomah

Ms. Adomah is a "Patient Experience Manager."  JJHCS 00181729. ██████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████ *See, e.g., id.* (
█████); JJHCS 00158343 (███████████
█████████████████████); JJHCS 00159076 (
█████); JJHCS 00181749 ███████████████████████████████
██████).  Accordingly, responsive documents in Ms. Adomah's custodial files are likely to be
cumulative of those in the files of existing JJHCS custodians, including Lauren Pennington,
Jasmeet Singh, and Heith Jeffcoat.

In addition, although SaveOnSP claims that Ms. Adomah had a role in mitigation,
"revisions of CarePath's T&Cs," and "J&J's damages," the documents SaveOnSP cites for this
proposition simply do not support those positions. ██████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████ *Id.*
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 4

### c.  Mitchell Akright

SaveOnSP points to Mr. Akright's involvement with the "IMM Tiger Team" as a basis to add Mr. Akright as a custodian.  Although Mr. Akright served on the 2021 Immunology CAP Tiger Team, he did so alongside several existing custodians, ██████████████ ██████████████████████████████████████████████████ JJHCS_00238654.  Other documents cited by SaveOnSP ████████████████████ *e.g.*, JJHCS_00140619, ████████████ ████████████████████████████████, *see, e.g.*, JJHCS_00145337, JJHCS_00195792. These documents indicate that Mr. Akright did not do "work relevant to (1) mitigation; and (2) J&J's GBL claim," contrary to SaveOnSP's assertion.  Non-JJHCS Custodian Letter at 3. Accordingly, Mr. Akright is unlikely to possess unique, relevant documents, and JJHCS will not add him as a custodian.

### d.  Kassandra Cruz

Ms. Cruz, like several other custodians requested by SaveOnSP, was involved in issues related to accumulators, maximizers, and the CAP program solely to the extent that she was involved in training field representatives on CAP program decisions made by others and conveying feedback and questions from field representatives to others. *See, e.g.*, JJHCS_00190733 (██████ ████████████████████████████████████████████████████ ██████████████); JJHCS_00272943 (████████████ ██████████████████████████████████████████████████ ██████); JJHCS_00253909 (██████████████████████████ ██████). ████████████████████████████████████████ ██████████████████████████████. *See* JJHCS_00253792 ("██ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████. JJHCS therefore declines to add Ms. Cruz as a custodian because she is unlikely to have unique, relevant documents in her custodial files.

### e.  Camille Dorsey

JJHCS will not add Camille Dorsey as a custodian.  Based on its investigation to date, and as the documents cited by SaveOnSP reveal, Ms. Dorsey's sole role in issues related to the CAP program was to convey questions and concerns regarding the CAP program from patients

Elizabeth H. Snow, Esq.
August 13, 2024
Page 5

and providers to decision-makers who are already custodians in this litigation. *See, e.g.*, JJHCS_00118921 (  JJHCS_00182143 ( JJHCS_00253504 ( ); JJHCS_00182220 ( JJHCS has not identified any evidence that she possesses unique, relevant documents related to "work relevant to (1) J&J's GBL claim; and (2) J&J's damages." Non-JJHCS Custodian Letter at 8. any relevant material in her documents will be captured by the documents of existing custodians, including but not limited to . *See, e.g.*, JJHCS_00118921 ( ).

### f. Bridget Doherty

JJHCS declines to add Ms. Doherty as an additional custodian. . *See* JJHCS_00132266 (listing titles). Any relevant documents in Ms. Doherty's files would be cumulative of those that have been produced, and will be produced, from the files of . *See, e.g.*, JJHCS_00132340 ( ); JJHCS_00132379 ( ); JJHCS_00132917 ( ).

### g. Jane Frechette

JJHCS will not add Ms. Frechette as a custodian. Based on JJHCS's investigation to date and the documents identified by SaveOnSP, JJHCS has no reason to conclude that she has unique and relevant documents and communications. Ms. Frechette was Group Product Director, Gastroenterology Marketing. In that role, she had only a tangential connection to Stelara's co-pay assistance program. *See, e.g.*, JJHCS_00002593 ( JJHCS_00158289 ( ); JJHCS_00183475 ); JJHCS_00218451 ( ). None of these documents support Ms. Frechette's addition as a custodian. Moreover, the documents cited by SaveOnSP indicate that any tangentially relevant work by Ms. Frechette was done in close coordination with existing custodians . Therefore,

Elizabeth H. Snow, Esq.
August 13, 2024
Page 6

any relevant documents in Ms. Frechette's custody are likely to be duplicative of those in the possession of current custodians.

**h. Katie Hanculak**

Based on JJHCS's investigation to date and the documents identified by SaveOnSP, there is no evidence that Ms. Hanculak has unique and relevant documents and communications related to issues in this case. ███████████████████████████████████████████. *See* JJHCS_00003038. ████████████████████████████████████████████████████████████████████████████████████████████████████ ██████. *See, e.g.*, JJHCS_00246272 (████████████████████████████████████████ ████████); JJHCS_00252940 (███████████); JJHCS_00252942 (██████); JJHCS_00272514 (█████████████████).

Additionally, SaveOnSP cites Ms. Hanculak's involvement in the IMM CAP 2022 Tiger Team as a basis for adding her as a custodian, but many current custodians were also members of that team. JJHCS_00034977 (███████████████████████████████████████████████████████████████████████████████████). Because relevant documents in Ms. Hanculak's custodian files are cumulative of those produced by JJHCS from other custodians, JJHCS will not add her as a custodian.

**i. Norhaan Khalil**

SaveOnSP asked that JJHCS add Norhaan ("Nora") Khalil as a "CAP" custodian ████████████████████████████████████████████████████. Based on JJHCS's investigation to date, Ms. Khalil was engaged as a contractor ████████████████ ██████ As such, any work she undertook during this period was at the direction of others at the company, including the many existing JJHCS custodians copied on the very correspondence SaveOnSP cites in its letter. *See, e.g.*, JJHCS_00189580 (████████████████████████████████████ ███████████████████████████████████); JJHCS_00182166 (████████ JJHCS_00159556 (██████████████████████████████████). JJHCS therefore declines to add Ms. Khalil as a custodian.

SaveOnSP also asks JJHCS to "produce the underlying data associated with both studies" and to produce the "final version of the Aurora WDC presentation." June 28, 2024 Ltr. from E. Snow to J. Long at 2-3. In the interest of compromise, and to the extent not captured by our separate correspondence concerning SaveOnSP's request for additional market research, *see*

Elizabeth H. Snow, Esq.
August 13, 2024
Page 7

Aug. 8, 2024 Ltr. from B. Robinson to A. Miner, JJHCS agrees to investigate the existence of underlying data associated with both studies and to produce the final Aurora WDC presentation. Otherwise, JJHCS will not add Ms. Khalil as a custodian or otherwise search her files.[3]

### j.  Kevin Kleemeier

Based on JJHCS's investigation to date and the documents identified by SaveOnSP, JJHCS has no reason to conclude that Mr. Kleemeier has unique and relevant documents and communications related to issues in this case. SaveOnSP cites only three documents suggesting that Mr. Kleemeier had any awareness of issues related to accumulators, maximizers, and SaveOnSP. Those documents do not indicate that Mr. Kleemeier did any substantive work on those issues. *See* JJHCS_00236748 (█████████████████████████████████████████████████████████████████ ); JJHCS_00219266 (████████████); JJHCS_00219267 (██████). The implicit basis behind the request to add Mr. Kleemeier is the "follow every breadcrumb" approach that SaveOnSP invokes when it seeks documents—an approach that Judge Wolfson rejected, that is not consistent with the Federal Rules of Evidence, and is not the approach taken by SaveOnSP when fielding requests for documents. There is no evidence that there are unique and relevant documents in the custody of Mr. Kleemeier, and JJHCS will not add him as a custodian.

### k.  Elizabeth Kruel-Starr

Based on JJHCS's investigation to date and the documents identified by SaveOnSP, Ms. Kreul-Starr is unlikely to have unique documents and communications relevant to issues in this case. Like Ms. Hanculak, Ms. Kreul-Starr's role was limited to immunology products during a portion of the relevant period. *See* JJHCS_00045073. JJHCS has already added as custodians several individuals who worked on immunology products, ████████████████████████████ ██████████████████████████████████████████████████. *See, e.g.*, JJHCS_00035075 (████████████████████████████████; JJHCS_00035088 (██████); JJHCS_00045073 (███████████████████████████████████████████████████████████████████). Accordingly, any documents in Ms. Kreul-Starr's custody would be cumulative of those already produced, and JJHCS will not add her as a custodian.

---

[3] For the avoidance of doubt, JJHCS also objects to SaveOnSP's proposed search terms, which are facially overbroad. *See, e.g.*, June 28, 2024 Ltr. from E. Snow to J. Long at 5 (requesting that JJHCS add the search term "(Question* OR "feedback" OR "feed back") AND present*").

Elizabeth H. Snow, Esq.
August 13, 2024
Page 8

### l.   Thao Mazrullo

JJHCS will not add Ms. Mazrullo as a custodian because JJHCS's investigation to date and the documents cited by SaveOnSP do not suggest that Ms. Mazrullo has unique and relevant documents and communications related to issues in this case.  SaveOnSP cites only three documents featuring Ms. Mazrullo as grounds for adding her as a custodian.

*See* JJHCS_00003038.

.  *See* JJHCS_00158773

);  JJHCS_00182945 (

);  JJHCS_00194222

).  The request for Ms. Mazrullo to be added as a custodian is not a serious request and cannot be understood as anything other than an effort to impose unwarranted burden on JJHCS.

### m.  Barbara McCabe

Based on its investigation to date, JJHCS has no reason to conclude that Ms. McCabe would have unique documents or communications regarding issues relevant to this case.  Ms. McCabe was an immunology brand employee, and her work involved drafting and updating call guides for field representatives.  However, neither JJHCS's investigation nor the documents cited by SaveOnSP indicate that Ms. McCabe had any involvement in drafting or revising the CarePath terms and conditions, or has unique insight into what they mean.

*See, e.g.*, JJHCS_00045430

);  JJHCS_00224306 (

.  *See, e.g.*, JJHCS_00035571

);  JJHCS_00075530 (

).  Accordingly, any documents in Ms. McCabe's custody would be cumulative of those already produced, and JJHCS will not add her as a custodian.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 9

### n. Kay Sadik

JJHCS declines to add Ms. Sadik as an additional custodian. Based on its investigations to date, any relevant documents in Ms. Sadik's files would be cumulative of those that have been produced, and will be produced, from the files of Mike Ingham and Silas Martin. Indeed, the documents cited by SaveOnSP in support of its demand indicate that Ms. Sadik worked on ██████████████████████████████████████. *See, e.g.*, JJHCS_00132682 (██████████████████████████████████████████████ ██████████); JJHCS_00132736 (██████████████████████████████████████████). Accordingly, JJHCS will not add Ms. Sadik as a custodian.

### o. Matthew Saggese

JJHCS will not add Mr. Saggese as a custodian. Based on its investigation, JJHCS understands that Mr. Saggese does not possess unique documents regarding issues relevant to this case and the documents cited by SaveOnSP confirm that conclusion. ██████████████████████████ ██████████████████████████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00190387 (██████████████████████████████████). ██████████████████████████████████████████████████████████████████████████ *Id.* (████████ ████). ██████████████████████████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00073533 ██████████████████████████████████████████████████████████████████████████ ██████████████); JJHCS_00259257 ██████████████████████████████████████████████████████████████████████████ ██████).

### p. Casey Sasse

The documents cited by SaveOnSP, as well as JJHCS's investigation to date, indicate that Ms. Sasse is unlikely to have unique documents and communications relevant to issues in this case. Like Ms. Hanculak and Ms. Kruel-Starr, Ms. Sasse's role was limited to immunology products during a portion of the relevant period. *See* JJHCS_00140862. JJHCS has already added as custodians several individuals who worked on immunology products, including Spilios Asimakopoulos and Lauren Pennington. Ms. Sasse's documents would be cumulative of those produced by JJHCS from those and other agreed-upon custodians. The documents cited by SaveOnSP support this conclusion, ██████████████████████████████████████████. *See, e.g.*, JJHCS_00140862 (██████████████████████████████████████████████████████████

Elizabeth H. Snow, Esq.
August 13, 2024
Page 10

█████████████████████████ ); JJHCS_00155648 (████████████████████████████████████████ ); JJHCS_00155662        );
JJHCS_00231117 ████████████████████████████████████████████████████████████████
████████████ s).  Accordingly, JJHCS will not add her as a custodian.

### q.  Brian Taft

JJHCS declines to add Mr. Taft as a custodian because JJHCS's investigation to date has revealed that Mr. Taft is unlikely to have unique documents and communications relevant to issues in this case, and the documents cited by SaveOnSP are not to the contrary.  SaveOnSP appears interested in Taft based on emails ███████████████████████████████████████████
████████████████████████████████████████████████████████████ .  *See* Non-JJHCS Letter at 10. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████ .  *See, e.g.*, JJHCS_00002627 (████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████ );
JJHCS_00130759 (██████████████████████████████████████████████████████████████████
█████████████████████████████████████████████ ); JJHCS_00152644
(████████████████████████████████████████████████████████████████████████████████
██████████████████████ ).
██████████████████████████████████████████████████████████████████████████████████
████████████████████ .  *See* JJHCS_00219908 █████████████████████████████████
████████████████████████████████████████████████ ).  Accordingly, JJHCS will not add Mr. Taft as a custodian.

### r.  Cecila Trybus

JJHCS declines to add Ms. Trybus as an additional custodian.  Based on its investigation to date, JJHCS has no reason to believe that Ms. Trybus would have unique documents or communications relevant to issues in this case. ██████████████████████
████████████████████████████████████████████████████████████████████████████████
JJHCS_00231958; JJHCS_00159369. ██████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████
██████████████████████████ ██ ██████████████████████████████████████████████████
████████████████████████████████████████ .  JJHCS_00146092. ████████████████████
██████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████
JJHCS_00182184.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 11

### s. Bryan Weinlein

JJHCS will not add Mr. Weinlein as a custodian.  Based on JJHCS's investigation to date, JJHCS understands that, during the relevant time period, Mr. Weinlein did not work on issues related to CarePath or the CAP Program. ███████████████████████████

███████████████████████████████████████. *See, e.g.,*
JJHCS_00002790 (████████████████████████████████████████████████████
████████████); JJHCS_00231078 (████████████████████████████████████
███████████████████████████████).

### t. Mark Wiley

JJHCS will not add Mr. Wiley as a custodian because neither JJHCS's investigation, nor the documents cited by SaveOnSP, indicate that Mr. Wiley is a custodian of unique documents and communications relevant to issues in this case. ████████████

█████████████████████████████. *See*
JJHCS_00142263. ████████████████████████████████████████████████████
█████████████████████. *See, e.g.*, JJHCS_00132328 (████████████████
███████████); JJHCS_00132331;
JJHCS_00165807 (██████████████████████████████████████████████████);
JJHCS_00224387 (██████████████████████████
██████████). ██████████████████████████████████ t. Accordingly, JJHCS will
not add him as a custodian.

*     *     *

JJHCS reserves all rights and is available to meet and confer.

Very truly yours,

Ian Eppler

# Exhibit 5

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

August 23, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

SaveOn writes in partial response to J&J's August 13, 2024 letter regarding
some of the custodians whom SaveOn requested in its July 19, 2024 letter.

## I.    Katie Hanculak

As SaveOn explained in its July 19, 2024 Letter, Hanculak did work relevant
to (1) the meaning of the T&Cs; (2) J&J's damages; and (3) mitigation.

J&J fails to address twelve of SaveOn's cited documents. Among those, in
JJHCS_00035075,

JJHCS_00035075.

t. *Id.* at -077-78.

. *Id.* In JJHCS_00215136,

*Accord* JJHCS_00246418. In JJHCS_00274005,

JJHCS_00274007.

, *id.* at -010, and

*id.* at -011. In

Julia Long
August 23, 2024

JJHCS_00272514, ██████████████████████████████████████████████
███████████████████████████████████████████ *Id.* (emphasis
added). She also ██████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████ *Id.*

In 2020, ██████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████ . JJHCS_00222523.
████████████████████████████████████████████████████████████.
JJHCS_00117523.

Hanculak educated others within J&J about ██████████████████
████████████████████████████████████████████████████████████
███████████████ JJHCS_00139323. In July 2021,
████████████████████████████████████████████████████████████
JJHCS_00145630—
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████ JJHCS_0145633
at -642; *see also* JJHCS_00145940 at 10. ████████████████████
████████████████.

Even before the CAP program officially launched, Hanculak began to ██████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████ JJHCS_00074656; *see also* JJHCS_000074660 (r
██████ ); JJHCS_00120406 (
████████████████████████████ ). S
████████████████ . JJHCS_00140333 ( ██████████ ); JJHCS_00140336 (Q1 2021) (
████████████████████████ ). Hanculak
████████████████████████████████████████████████████████████
████████ JJHCS_0034866.
████████████████████ JJHCS_00276557. Hanculak was a ████████
████████████████████████████████████████ JJHCS_00272749
at -756, ██████████████████████

2

Julia Long
August 23, 2024



*Id.* at -750.

██ ██ ██ ██ ██ ██ ██ ██ ,
JJHCS_00035225; ████████████████████████████████

████████████████ JJHCS_00119627, ████

████ . JJHCS_00146263 (████); JJHCS_00146276
).

Hanculak was also ████████████████████
██████████████████████████████████████████ .
JJHCS_00272514. ██████████████ JJHCS_00272720.

J&J says that Hanculak's role was limited to immunology products during the relevant period, so her documents would be duplicative of documents from other custodians, including Lindsey Anderson, who worked on patient experience issues for immunology products. J&J's assertion is undermined by the documents that SaveOn cites. ████████████████████████████████████████

████████████████████████ JJHCS_00253805 at -809. ██████████████ . *See also* JJHCS_00139314 (

. *Id.*

J&J says that Hanculak's documents would be cumulative of ████████
████████████████████████████ JJHCS_00117039,
JJHCS_00117039.

*Id.; see also* JJHCS_00034977 (

e);
JJHCS_00034982 (████); JJHCS_00034984 (████);
JJHCS_00034987 (████ . *See* JJHCS_00034989 (

. *See* JJHCS_00118665 ("

Julia Long
August 23, 2024

████████████████████████████████

SaveOn proposes that J&J run the CAP terms in Appendix 1 and the Tiger Team term in Appendix 2 over Hanculak's custodial files along with the following terms:

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

    - Time Period: January 1, 2021 to November 7, 2023

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

    - Time Period: January 1, 2021 to November 7, 2023

- ((coupon* OR discount* OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND (accumulat* OR maximiz*) AND (enforc* OR eligib* OR ineligib*)

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

- ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

- (TC OR TrialCard OR "Trial Card") w/50 identif*

Julia Long
August 23, 2024

- (TC OR TrialCard OR "Trial Card") w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II. Elizabeth Kreul-Starr

As SaveOn explained in its July 19, 2024 letter, Kreul-Starr was part of discussions of modifications of CarePath's T&Cs, JJHCS_000035075; JJHCS_00204707, and ███████████████████ eligibility, JJHCS_00222619. Additional documents reveal that t████████████ ████████████████████████████████.

Kreul-Starr was part of J&J's initial response to accumulators, maximizers, and SaveOn. 



JJHCS_00221267 (████████████████████)); *see also* JJHCS_00221271; JJHCS_00221286.

JJHCS_00221269.

, JJHCS_00246332,

Kreul-Starr ████████████████████████████████ *See, e.g.*, JJHCS_00117264 at -271 (████████████ ████████████████████ JJHCS_0080822 (████████████ ████████████████ JJHCS_0073803 (████████████ ████████████████████. JJHCS_00073804 at 55 (original emphasis).

Kreul-Starr was also involved in ████████████████ ████████████████████. JJHCS_00252942 (████████████ ████████████); *see also*

5

Julia Long
August 23, 2024

JJHCS_00252940 (

█████████████████████████████████████████████████████████████████████.
JJHCS_00026193.

█████████████ JJHCS_00001709.

Kreul-Starr also worked on the CAP program—████████████
███████████████████████████████████████████████████████████████
JJHCS_00001215 (
███████).

███████████████████████████████████.” JJHCS_00001221.
Following that email, M█████████████
███████████ SaveOn. JJHCS_00001853. █████████████████████████.
*See* JJHCS_00011222 (███████████████████████████”). Kreul-
Starr ████

████████████████████████████████t. JJHCS_00183953.
████████████████████_00034356
█████████).

Kreul-Starr ██████████████
*See, e.g.*, JJHCS_00220716 (
███████).

█████████████████████████████████ JJHCS_00272715 (emphasis added)
(███████████████████████████████████). In August 2020, ████
JJHCS_00131556 (attaching JJHCS_00131558)—█████████████
███████████████████████████████████████, *see*
July 3, 2024 Ltr at 1.
████████████ JJHCS_00134107,
█████████, JJHCS_00042679 (
█████████). She was also
█████████████ JJHCS_00117527. Kreul-Starr was
████████████████ JJHCS_00205880.

Kreul-Starr reported and presented directly to J&J's highest decisionmak-
ers about the CarePath program and advised them on their decision. ████████

Julia Long
August 23, 2024



. JJHCS_0022619 (attaching JJHCS_00222623 and JJHCS_00222624).

██████ ██ █ ███ ██ █ █ █ █ s. JJHCS_00145955.

*Id.* In e, JJHCS_00227654; JJHCS_00140477 ( ); JJHCS_00140480 ( ), including

JJHCS_00227657 at -663. , JJHCS_00011220, .” JJHCS_00002989.

Kreul-Starr oversaw third parties in connection with her work on the CAP program:

. JJHCS_00141593.

.

JJHCS_00254217 (attaching JJHCS_00254219). She also ███ ██ █ █ █ JJHCS_00145795 ( JJHCS_00145797).

. JJHCS_00145390.

JJHCS_00001745.

JJHCS_00001853.

J&J asserts that Kreul-Starr's role was limited to Immunology and that her documents would be duplicative of other Immunology custodians' documents. In fact, Kreul-Starr is likely to have unique, relevant documents. She organized calls, answered questions, and received and sent emails that only made their way to custodians later by happenstance. ████ █

JJHCS_00245731—

JJHCS_00002454, JJHCS_00002456.

,

Julia Long
August 23, 2024

JJHCS_00083211,



. *See*

JJHCS_00083216 at 0246.

. JJHCS_00000630.

" JJHCS_00246492.

, JJHCS_00104961,

," JJHCS_00146124 (attaching
JJHCS_00146125),

.[1]

SaveOn proposes that J&J run the CAP terms in Appendix 1 and the Tiger
Team term in Appendix 2 over Kreul-Starr's custodial files along with the following
terms:

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Pro-
gram") w/25 (6000 OR 6,000 OR limit OR eliminate)

  - Time Period: January 1, 2021 to November 7, 2023

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND
(term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR
"Care Path" OR CP OR JCP OR "WithMe")

  - Time Period: January 1, 2021 to November 7, 2023

- "This program offer may not be used with any other coupon, discount,
prescription savings card, free trial, or other offer"

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR in-
sur*)

- ((coupon* OR discount* OR "prescription savings card*" OR "free
trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care
Path" OR CP OR JCP OR "Savings Program")) AND (accumulat* OR
maximiz*) AND (enforc* OR eligib* OR ineligib*)

---

[1] J&J did not address JJHCS_00204707 or JJHCS_00222619, which

8

Julia Long
August 23, 2024

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

- ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k)

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable w/5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable w/5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

- (TC OR TrialCard OR "Trial Card") w/50 identif*

- (TC OR TrialCard OR "Trial Card") w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- (McKinsey OR Syneos) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## III.  Matthew Saggese

As SaveOn explained in its July 19, 2024 letter, Saggese did work relevant to (1) mitigation, (2) J&J's GBL claim, and (3) the meaning of CarePath's T&Cs.

J&J does not address JJHCS_00253558,



s. *Id.*

. *Id.*

9

Julia Long
August 23, 2024



*Id.* JJHCS_00253352. In response, *See* JJHCS_00258993.

J&J suggests that Saggese led " s. *See* Aug. 13, 2024 Ltr. at 9. In fact, . JJHCS_00232642 at -668; *see also* JJHCS_00259769 ( ). . *See* JJHCS_00140002 at -009 ( ); *see also* JJHCS_00266836 (C ). Saggese likely possesses unique, relevant documents related to his work as a

SaveOn proposes that J&J run the CAP terms in Appendix 1 over Saggese's custodial files along with the following terms:

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

  o Time Period: January 1, 2021 to November 7, 2023

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

  o Time Period: January 1, 2021 to November 7, 2023

- (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

Julia Long
August 23, 2024

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR in-sur*)

- ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k)

- (USD OR "US Digestive" OR "buy and bill" OR "buy-and-bill") w/50 (CAPa OR CAPm OR accumulat* OR maximizer* OR exception*)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

## IV.   Jane Frechette

As SaveOn explained in its July 19, 2024 letter, Frechette did work relevant to (1) the meaning of CarePath's T&C's; (2) J&J's GBL claim; and (3) mitigation.

Frechette's involvement in these topics was much more than "tangential," as J&J asserts. For example, ███████████████████████████████
████████████████████████████████████████████████████████
████████████ *See* JJHCS_00267848 ████); JJHCS_00259753 ████). J&J has not produced, to SaveOn's knowledge, any documents in which current custodians instruct Frechette to perform this work, indicating that it was not done "in close coordination with existing custodians." *See* Aug. 13, 2024 Ltr. at 5-6.
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████ , *see* JJHCS_00231009—
████████████████████████████████████████████ s. *See* JJHCS_00145406
at -466. ████████████████████████████████████████████████
████████████████ JJHCS_00142238. █████████████████████████
████████████████████████████████████ *Id.* ██████████████
████████████████████████████████████████████████████████ .

Frechette also ████████████████████████████████████████
████████████████████████████████████████████████████████
████████ *See* JJHCS_00035075. ██████████████████████████
████████████████████████████████████████████████ . *See id.* 
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

11

Julia Long
August 23, 2024



████████████████████████████████████████████ JJHCS_00080271.

██████████████████████████████████████████████. JJHCS_00117463.

██████████████████████████████████████. *See*
JJHCS_00253805 (████████████████████████████████████████); JJHCS_00258539 (████████████████████████████████); JJHCS_00182191 (████████████████████████████);
JJHCS_00258870 (████████████████). Frechette's documents are likely to shed light on how █████████████████████████.

SaveOn proposes that J&J run the CAP terms in Appendix 1 over Frechette's custodial files along with the following terms:

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

    o Time Period: January 1, 2021 to November 7, 2023

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

    o Time Period: January 1, 2021 to November 7, 2023

- (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k)

Julia Long
August 23, 2024

- (patient w/15 exhaust) AND (accumulat* OR maximizer* OR CAPa OR
  CAPm)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR
  permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR
  coupon* OR discount* OR "savings card*" OR "free trial*")

## V.    Casey Sasse

As SaveOn explained in its July 19, 2024 letter, Sasse (1) ████████████████
████████████, JJHCS_00253815; (2) ████████████████████████████████████,
JJHCS_00140862; and (3) ████████████████████████████████████████████,
JJHCS_00155583 ████████); JJHCS_00193651 ████████).

J&J asserts that Sasse's role was limited to Immunology, so her documents
would be duplicative or cumulative of other Immunology custodians' documents.
In fact, ██████████████████████████████████████████████████████████████████
████████████████████████ JJHCS_00033653 at 11. ████████████████████████████
████████████████████████████████████████████████████████████████████████, *
JJHCS_00198241. ██████████████████████████████████████████████████████████
████ ██ ██ ████████ ██ ██ ██ ████████ *Id.* ██ ██
JJHCS_00140862. ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ *Id.*
JJHCS_00191210 (████████ JJHCS_00191211).
████████████████ JJHCS_00268523. This indicates that she would have unique doc-
uments regarding the ████████████.

Documents show that Sasse's relevant documents often reached current
custodians only by happenstance. ██████████████████████████████████████████████
████ JJHCS_00193651. ████████████████████████████, JJHCS_00193697,
████████████████████.

J&J also asserts that Sasse undertook data analysis only at the direction of
or in conjunction with current custodians. In fact, ██████████████████████████████
████████████████████████████████████████████████████████████████████████████is.
JJHCS_00253815 ██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████ In JJHCS_00155583, ██████████████████████████████████████████
████████████████████████████████████████████████████████████████████. In

13

Julia Long
August 23, 2024

JJHCS_00231154, █████████████████████████████████
████████████████████████████████████████████. JJHCS_00231117;
JJHCS_00231149; JJHCS_00231152; JJHCS_00231154 (████████████
a).

    Additional documents confirm that Sasse was a ███████████████
███████████████████████. JJHCS_00231311. █████████████████████.
JJHCS_00145742; JJHCS_00259564; JJHCS_00155299 (██████████████
████████████████████████████).
████████████████████████████. JJHCS_00151819; *see also* JJHCS_00155583;
JJHCS_00155650; JJHCS_00259564 (███████████████
██████████████████████████████). ████████████████████
████████████████████████████████. JJHCS_00155299
at -306.
██████████████████████████████████████████████████
JJHCS_00243121. ███████████████
██████████████ JJHCS_00231311. █████████████████████████████
JJHCS_00274787. ████████████████████████████████████
████████████████████████████. JJHCS_00191482. ████████
█████████████████████████████████████████████

    SaveOn proposes that J&J run the CAP terms in Appendix 1 and the Tiger Team term in Appendix 2 over Sasse's custodial files along with the following terms:

- ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k)

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program)

14

Julia Long
August 23, 2024

- (TC OR TrialCard OR "Trial Card") w/50 identif*

- (TC OR TrialCard OR "Trial Card") w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- Sundial w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR in-sur*)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

## VI. Barbara McCabe

As SaveOn explained in its July 19, 2024 letter, McCabe did work relevant to (1) mitigation, (2) the meaning of CarePath's T&C's, and (3) J&J's damages.

J&J asserts that McCabe's work as an editor means she did not make ade-quately substantive decisions regarding CarePath. *See* Aug. 13, 2024 Ltr. at 8. In fact, ███████████████████████████████████, *see* JJHCS_00002677, ████████, *see* JJHCS_00222542, ████████████, *see* JJHCS_00105484, ████████, *see* JJHCS_00143050. ████████████████. *See* JJHCS_00220768 (████); JJHCS_00157410 (████). ████████████████████████████████████. *See, e.g.,* JJHCS_00275755 (████████████████████████████████████).

McCabe also did significant, relevant work on CarePath outside of her role as an editor. ████████████████████████████████████. *See* JJHCS_00130796, JJHCS_00130795 ("Katie and I both worked on compiling this"). ████████████████████████████████████████████████████. *See* JJHCS_00130796 (████████████████████████) McCabe ████████████████████████████████████████████████████, *See* JJHCS_00230918 at 53. No other current custodian was on this team, meaning McCabe is likely to have unique, relevant documents related to its work.

15

Julia Long
August 23, 2024

SaveOn proposes that J&J run the CAP terms in Appendix 1 over McCabe's custodial files along with the following terms:

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

  o Time Period: January 1, 2021 to November 7, 2023

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

  o Time Period: January 1, 2021 to November 7, 2023

- (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*"))

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

## VII.  Kevin Kleemeier

SaveOn explained how Kleemeier (1)



JJHCS_00236748; (2) JJHCS_00219266 (attaching JJHCS_00219267).; and (3)

. JJHCS_00236825.

JJHCS_00225165 ("A

.").

16

Julia Long
August 23, 2024

J&J asserts that the cited documents do not indicate that Kleemeier did any substantive work. In fact, they show that he was involved in J&J's initial response to SaveOn, accumulators, and maximizers.

████████████████████████████████████████

██ JJHCS_00222271. ██
        ██. *Id.* ██

████████████████████████████████████████

JJHCS_00236748.

████████████████████████████████████████

██████████████████████. JJHCS_00237101;
*see also* JJHCS_00237184 (██████████

                        █

████████████████████████████████████████

██. JJHCS_00237114. It appears that that one of J&J's initial strategies to respond to SaveOn was to pressure its advocacy group partners to publish articles against SaveOn, and ████████████████████████████.[2] This is relevant to J&J's allegations that SaveOn purportedly caused patients stress and confusion. Compl. ¶ 114.

SaveOn proposes that J&J run the CAP terms in Appendix 1 over Kleemeier's custodial files along with the following terms:

- "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"

- "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)

- ((coupon* OR discount* OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND (accumulat* OR maximiz*) AND (enforc* OR eligib* OR ineligib*)

---

[2] Kleemeier continued to be involved in J&J's response throughout the relevant period: ████████████████████████████████████████
██████████████████████, JJHCS_00026284; and ██████████████████████████████████████████.
JJHCS_00158301.

17

Julia Long
August 23, 2024

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

    o Time Period: January 1, 2021 to November 7, 2023

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

    o Time Period: January 1, 2021 to November 7, 2023

- Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

- ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k)

- "Arthritis Foundation" w/50 (accumulator* OR maximizer* OR "adjustment program")

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

## VIII. Mitchell Akright

As SaveOn explained in its July 19, 2024 letter, Akright did work relevant to (1) mitigation; and (2) J&J's GBL claim. 
JJHCS_00183029, Akright likely possesses key documents related to the implementation of the CAP program in three stages: (1)                           ,
*see* JJHCS_00145337; (2)                                         , *see* JJHCS_00195792; and (3)
                        , *see* JJHCS_00261232.

J&J says this work is irrelevant because, it represents, Akright was not a "decision-maker." *See* Aug. 13, 2024 Ltr. at 4. In fact,
                                                        JJHCS_00117039. Akright's work goes to how J&J understood, implemented, and revised the CAP program. To implement the CAP program, for example,

Julia Long
August 23, 2024

███████████████████████████████████████████

JJHCS_00145343 at -372. Akright is likely to have documents on these subjects.

J&J asserts that Akright's files are likely duplicative of existing custodians, but ████████████████████████████████. *See* JJHCS_00146296 (███████████████████████████████████████████); JJHCS_00145337 ("███████████████████████████ █ ███████████████████████████████ █████████████████████████). JJHCS_00117039.

SaveOn proposes that J&J run the CAP terms in Appendix 1 and the Tiger Team term in Appendix 2 over Akright's custodial files along with the following term:

- "Red Nucleus" w/50 "CAP"

## IX.    Cecilia Trybus

As SaveOn explained in its July 19, 2024 letter, Trybus did work relevant to J&J's mitigation efforts. █████████████████████████████████████ *See* JJHCS_00144065 █████████████████████████████████████████████ ██████████████████████ *see also* JJHCS_00218944 (█ ███████████; JJHCS_00159322 at -345 (███████████████ █████████████).

J&J asserts that ███████████████████████████ ███████████████████████████████████████████ *See* JJHCS_00257688 at -690. ████████████████████ ████████████████████ *See* JJHCS_00164517 (███████ ████████). ██████████████████████████████ *. See* JJHCS_00164519 at -523 (████████████████████████ ███████████). ██████████████████████████████, JJHCS_00232136 at -138, █████████████████████████ ████████████████████ *Id.* at -154.

Julia Long
August 23, 2024

███████████████████████████████████████ are rele-
vant to J&J's allegations of patient harm.

SaveOn proposes that J&J run the CAP terms on Appendix 1 over Trybus's
custodial files along with the following term:

- ("Nurse Navigator*" OR "NN*") w/50 ("CAP")

        \*                \*                \*

Please let us know if J&J will agree to add these individuals as custodians
and run the requested search terms over their custodial files. If you object based
burden (or on grounds that their documents would duplicate or be cumulative of
existing custodians' documents) for any custodian, please provide hit counts for
each search term for each such custodian.

We request a response by August 30, 2024, and a meet-and-confer on Sep-
tember 5 or 6, 2024. Please provide available times for such a meet-and-confer.
We reserve all rights and are available to meet and confer.


Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

Julia Long
August 23, 2024

## Appendix 1

*Search terms applicable to all CAP Custodians*

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) W/50 ("CAPa" OR CAPm" OR "adjustment program" OR accumulat* OR maximiz*)

Julia Long
August 23, 2024

## **Appendix 2**

*Search term related to the Tiger Team*

- "Tiger Team" w/50 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")

# Exhibit 6



www.pbwt.com

September 11, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
        **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's September 6, 2024 letter and further to JJHCS's August 29, 2024 letter concerning SaveOnSP's recent demands that JJHCS add 30 custodians.[1]

As we stated at in our August 29, 2024 letter and at the parties' September 6, 2024 conferral, JJHCS has agreed to add six additional custodians following Judge Wolfson's July 16, 2024 order, subject to negotiation of appropriate search terms:  Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, Pinal Shah, and Michael Ingham.  We continue to collect those custodians' documents and will respond to your proposed search terms under separate cover. In the same letter, we intend to respond to SaveOnSP's demands with respect to certain non-custodial discovery requests related to Janssen Scientific Affairs.

As to SaveOnSP's remaining requests, JJHCS maintains its objections.  As we have repeatedly made clear, a hallmark of party discovery is Rule 26's requirement of proportionality—including "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  JJHCS cannot assess the reasonableness of SaveOnSP's proposal if SaveOnSP continues to "prioritiz[e]" discussions of some custodians while explicitly "reserving all rights as to its [remaining] requests." *See* Sept. 6, 2024 Ltr. from E. Snow to J. Long (reserving rights as to "Mark Wiley, Claudia Adomah, Sabrina Abe, Camille Dorsey, Kassandra Cruz, Bryan

---

[1] Joseph Incelli, Norhaan Khalil, Lena Kane, Gina Kiris, Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, Pinal Shah, Michael Ingham, Katie Hanculak, Elizabeth Kreul-Starr, Jane Frechette, Kay Sadik, Bridget Doherty, Mitchell Akright, Kassandra Cruz, Claudia Adomah, Cecila Trybus, Brian Taft, Mark Wiley, Matthew Saggese, Casey Sasse, Camille Dorsey, Barbara McCabe, Bryan Weilein, Thao Mazrullo, Kevin Kleeimeier, and Sabrina Ade.

Elizabeth H. Snow, Esq.
September 11, 2024
Page 2


Weinlein, Brian Taft, and Thao Mazrullo"). Again, JJHCS remains willing to discuss SaveOnSP's various custodian demands if SaveOnSP puts the entirety of its proposals on the table for JJHCS's consideration. Absent SaveOnSP's willingness to do that, JJHCS cannot appropriately determine if any accommodations are possible or if SaveOnSP is taking a proportionate approach. If SaveOnSP chooses to make a motion despite this, we will present our position to the Court.

Very truly yours,


*/s/ Julia Long*
Julia Long

# Exhibit 7



www.pbwt.com

February 16, 2024

Katherine Brisson
(212) 336-2552

**<u>By Email</u>**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Request to Add Custodians**
      ***Johnson & Johnson Heath Care Systems Inc. v. Save On SP, LLC,***
      <u>**Case No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

    We write to request that SaveOnSP add Jessica Johnson, Kelsey Leger, Jenna Quinn, and Ingrid Vazquez as custodians.  Below, we provide additional details regarding the bases for our request.

    **<u>*Jessica Johnson*</u>**:  SaveOnSP's discovery responses, deposition testimony, and document productions confirm that Jessica Johnson's role includes monitoring manufacturer copay assistance programs, and employing tactics intended to evade manufacturer detection of SaveOnSP's operations.  In its supplemental response to Interrogatory No. 19, SaveOnSP ███████████████████████████████████████████████████████████████████████ .  *See* Feb. 1, 2024 Supplemental Response to Interrogatory No. 19.  Specifically, SaveOnSP explained that Ms. Johnson ██████████████████████████████████████████████████████████████████ .  In her deposition, Ayesha Zulqarnain testified ████████████ .  *See, e.g.*, Zulqarnain Deposition Tr. ("Zulqarnain Tr.") at 124:6–25.  Because Ms. Johnson appears to be ████████████ to Ms. Zulqarnain— including potentially ████████████████████ —it is likely that Ms. Johnson's custodial files are likely to contain unique files that are not contained within Ms. Zulqarnain's files.

    Moreover, SaveOnSP's document production reveals that Ms. Johnson's tactics specifically targeted JJHCS.  Although SaveOnSP's supplemental response to Interrogatory No. 19 indicates that Ms. Johnson ████████████████████████████████████████████████ documentary evidence calls into question the accuracy of this statement.  For example, in an email

Elizabeth Snow, Esq.
February 16, 2024
Page 2

from June 2022, Ms. Johnson ██████████████████████████████████████████
█████████████████████████████ SOSP_0786252. In light of this evidence, JJHCS is entitled
to discovery from Ms. Johnson to assess the accuracy of SaveOnSP's sworn statements to date.

      Furthermore, Ms. Johnson's role in the billing department as a "Copay Assistance
Specialist" suggests that she possess documents relevant to this litigation. SaveOnSP's document
production indicates that ████████████████████████████████████████████████████
███████████. *See, e.g.*, SOSP_0615306 (███████████████████████); SOSP_0745757
(███████████████████████████); SOSP_0760769 (███████████████████████) in
addition to the other tasks she performed. Additionally, SaveOnSP's document production shows
Ms. Johnson was ██████████████████████████████████████████████████████████
████████████████████████████. *See, e.g.*, SOSP_0506816; SOSP_0506822.
Based on this evidence, it is likely that Ms. Johnson's custodial files contain additional unique
documents related to the claims at issue in this litigation.

      **_Kelsey Leger_**: In its response to JJHCS Interrogatory No. 19, SaveOnSP also
disclosed that Ms. Leger ████████████████████████████████████████████████████
████████████████████ Despite SaveOnSP's admission that Ms. Leger used evasive strategies
relevant to this litigation, SaveOnSP's document production is devoid of any documents reflecting
Ms. Leger's use of mock enrollments or other related strategies. This suggests a gap in
SaveOnSP's document production, and collection of Ms. Leger's documents are likely to be non-
duplicative of other custodial documents that SaveOnSP has agreed to produce.

      **_Jenna Quinn_**: SaveOnSP's document productions indicate that Ms. Quinn also
played a central role in monitoring manufacturer copay assistance programs and endorsing
SaveOnSP's deceptive tactics towards manufacturers. At her deposition, Ms. Zulqarnain testified
██████████████████████████████████████████████████████████ *See, e.g.*, Zulqarnain
Tr. at 124:6–25. Ms. Quinn ███████████████████████████████████████████████████
████████████ SOSP_0786252. SaveOnSP's document production also
demonstrates that ████████████████████████████████████████████████████████████
██████████ *See, e.g.*, SOSP_0317828; SOSP_0384044. Based on this evidence, it is likely that
Ms. Quinn's custodial files contain additional documents related to the claims at issue in this
litigation.

      **_Ingrid Vazquez_**: Ms. Zulqarnain's testimony and SaveOnSP's document
productions suggest that Ms. Vazquez works closely with Ms. Zulqarnain to track manufacturers'
copay assistance programs, directs Ms. Zulqarnain to monitor and verify information relevant to
the administration of CarePath, and collaborates with members of the billing team to address issues
related to copay assistance funding. *See, e.g.*, Zulqarnain Tr. at 71:12–15, 155:2–11;
SOSP_0676729; SOSP_0683611; SOSP_0213262; SOSP_0400530; SOSP_0426272;

Elizabeth Snow, Esq.
February 16, 2024
Page 3


SOSP_0431529.  In particular, this evidence suggests that Ms. Vazquez possesses documents related to SaveOnSP's efforts to monitor manufacturers' copay assistance programs so that its program could be continually modified to evade manufacturer detection.

*    *    *    *

Please confirm that you will collect and review all relevant custodial files, including messages, hard drives, mobile devices, and personal email accounts, if applicable, for all four individuals identified above.  Please further confirm that such custodians will be added as "full" custodians—i.e., SaveOnSP will run all agreed upon search terms for the entire relevant period of April 1, 2016 to November 7, 2023.  *See* Dec. 22, 2023 Ltr. from J. Long to E. Snow at Appendix 3.  Based on evidence that Ms. Zulqarnain used her personal email account to attempt to evade manufacturer detection, it is likely that other SaveOnSP employees—specifically, Ms. Johnson and Ms. Leger—also did so when employing similar deceptive tactics, including  mock or "dummy" enrollments.  *See, e.g.*, SOSP_0880855; SOSP_0880859; SOSP_0880861.  Please conduct a reasonable investigation into these four individuals' use of personal email accounts and confirm whether you will be collecting and producing emails from their personal accounts.

Please provide a response by February 23, 2024.

Very truly yours,


*/s/ Katherine Brisson*
Katherine Brisson

# Exhibit 8



www.pbwt.com

February 5, 2024

Caroline Zielinski
(212) 336-2206

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Designation of Darcie Falsoni as Custodian**
       *Johnson & Johnson Healthcare Systems, Inc. v. Save On SP, LLC*
       **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write to request that SaveOnSP add Darcie Falsoni as a custodian consistent with the parameters set forth in this letter.

Based on our review of SaveOnSP's document production, Ms. Falsoni communicates regularly with third parties Express Scripts, Inc. ("ESI") and Accredo Health Group, Inc. ("Accredo") relating to issues involving the implementation of the SaveOnSP program. For example, ██████████████████████████████████████████ *see, e.g.*, SOSP 0807152; SOSP 0807278; SOSP 0323463). She also ████████████████████████████ (*see, e.g.*, SOSP 0098510; SOSP 0677958) and otherwise ████████ (*see, e.g.*, SOSP_0809072).

Ms. Falsoni also regularly communicates with other health plans and businesses regarding issues that are relevant to this litigation, including the following:

- ████████████████████████ *See, e.g.*, SOSP 0572153 (████████████████); SOSP_0247089 (████████████████); SOSP_0257299 (████████████████); SOSP 0804957 (████); SOSP_0258188 (████

Elizabeth Snow, Esq.
February 5, 2024
Page 2



Based on the above, Ms. Falsioni's custodial files are likely to contain additional documents related to the claims at issue in this litigation.

We request that SaveOnSP run targeted searches for communications between Ms. Falsioni and all third parties from April 1, 2016 to November 7, 2023. Based on our investigation, we would expect that recipients of such communications would include, without limitation, representatives of ████████████████████████████. In connection with this request, we have also provided a list of proposed search terms in Appendix A. Once you have identified the universe of relevant third-party communications, please run the proposed search terms in Appendix A over all third-party communications and produce all relevant documents.

Please confirm by February 9, 2024 that SaveOnSP agrees to add Ms. Falsioni as a custodian, run the targeted searches we have requested, as well as the search terms in Appendix A, for the period April 1, 2016 to November 7, 2023. If SaveOnSP objects to running any of JJHCS's requests on the basis of burden, please provide hit counts for each requested term, both individually and in the aggregate. Further, in the event SaveOnSP declines to add Ms. Falsioni as a custodian or to run all of JJHCS's proposed searches, please provide your availability to meet and confer on February 12.

14905531

Elizabeth Snow, Esq.
February 5, 2024
Page 3

Very truly yours,

*/s/Caroline Zielinski*
Caroline Zielinski

# Exhibit 9

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

selendy
gay
elsberg

Elizabeth Snow
Associate
212 390 9330
esnow@selendygay.com

August 28, 2023

**Via E-mail**

Julia Haigney Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jhaigneylong@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

SaveOnSP writes to ask that JJHCS add the individuals identified below as custodians. Some requests are new; others follow up on prior requests.

If JJHCS objects to adding any individual on the ground that doing so would be unduly burdensome or that their documents would be duplicative or cumulative of those of another custodian, please provide hit counts of how many unique, relevant documents would be identified for that individual by each of the terms that JJHCS has agreed to run or that SaveOnSP has moved the Court for it to run on its existing custodians. *See Steven Madden, Ltd. v. Jasmin Larian, LLC*, 2019 WL 3940112, at *2 (S.D.N.Y. July 8, 2019) (finding vague assertions that proposed custodians' document would be duplicative "unsupported by evidence and meritless").

**A.    Quinton Kinne**

SaveOnSP asks that JJHCS add Quinton Kinne as a custodian. SaveOnSP first made this request in its March 7, 2023 letter. In its July 28, 2023 letter, JJHCS offered to add Kinne as a custodian if SaveOnSP would add Ayesha Zulqarnain and drop all other requests for other custodians; SaveOnSP added Zulquarnain but did not agree to forego all other custodian requests.

Kinne is relevant to this litigation: (1) JJHCS identified Mr. Kinne as (a) having identified or attempted to identify health plans advised by SaveOnSP or patients enrolled in such plans; and (b) having responsibility for monitoring and

Julia Haigney Long
August 28, 2023

addressing the amount of CarePath copay assistance provided to patients enrolled in SaveOnSP-advised plans, Jan. 17, 2023 JJHCS's Resps. to SaveOnSP's First Interrogatories at 15-16; (2) Kinne serves as the Senior Manager for Pharmacy Monitoring and Program Compliance as part of the Strategic Customer Group of JJHCS, JJHCS_00000358; (3) Kinne worked with John Paul Franz on ███████████████████████████████████████████████████████████, JJHCS_00010098; and (4) Kinne circulated ███████████████████████████████████████████████████████████████, JJHCS_00011143.

Kinne is likely to have unique documents. In its March 16, 203 letter, JJHCS argued that Kinne's documents would be captured by John Paul Franz's documents. In its July 28, 2023 letter, JJHCS claimed that Kinne's documents would be captured by Lindsey Anderson's documents. Discovery has shown otherwise: (1) Kinne sent an email solely to Alison Barklage to discuss the copay adjustment program (CAP) and saying that he attends the CAP meetings, JJHCS_00035757—indicating that he has unique documents regarding the CAP; and (2) Kinne attended one-on-one meetings with Leigh Wyszkowski regarding SaveOnSP, ██████████████████████████████████████████████████████████████ ████████████████, JJHCS_00008989—███████████████████████████████████ ████████████████████████.

## B.     Daphne Longbothum

SaveOnSP asks that JJHCS add Daphne Longbothum as a custodian. SaveOnSP first made this request in its May 9, 2023 letter. In its July 28, 2023 letter, JJHCS offered to add Longbothum as a custodian if SaveOnSP would add Ayesha Zulqarnain and drop all other requests for other custodians; SaveOnSP added Zulquarnain but did not agree to forego all other custodian requests.

Longbothum is relevant to this litigation: (1) she is the Manager, Patient Affordability & Access Solutions, Pulmonary Hypertension, for the Janssen Pharmaceutical Companies of Johnson & Johnson, Daphne Longbothum, LINKEDIN, https://www.linkedin.com/in/daphne-longbothumb734862b (last visited Aug. 27, 2023); (2) Longbothum circulated the high level deadlines for the pulmonary hypertension CAP program, █████████████████████████████████████████████ ██████████████████, JJHCS_00008591; (3) ████████████████████████████ ██████████████████████████████████████████████████—JJHCS_00001391, JJHCS_00001464; (4) she appears to have worked on the website for CarePath for Tremfya, JJHCS_00008463; (5) she provided input on the CAP program requirements, JJHCS_00008466; JJHCS_00008584; JJHCS_00008634; and (6) ████████ ██████████████████████████████████████████████████████████████ ████████████, JJHCS_00008501.

2

Longbothum is likely to have unique documents. In its May 19, 2023 letter, JJHCS asserted that all her relevant documents would be captured by Nidhi Saxena's and Hattie McKelvey's documents. In its July 28, 2023 letter, JJHCS asserted that her documents would be captured by Adrienne Minecci's documents. Discovery has shown otherwise: (1) Longbothum spearheaded the effort ██████████████████████████████████████████████████, JJHCS_00001464—indicating that she would have unique documents about that effort; (2) Longbothum received

████████████████████████████████████████████████████████
██, JJHCS_00008802—indicating that she would have unique documents on patients identified as belonging to accumulator or maximizer plans; and (3) ████████
████████████████████████████████████, JJHCS_00008838—further indicating that she has unique documents on efforts to identify such patients.

## C. Juliette Deshaies

SaveOnSP asks that JJHCS add Juliette Deshaies as a custodian. SaveOnSP first made this request in its May 9, 2023 letter.

Deshaies is relevant to this litigation. Per LinkedIn, she was the Group Product Director of the ERLEADA Patient Experience. Juliette Deshaies, LINKEDIN, https://www.linkedin.com/in/juliette-deshaies-1132b44 (last visited May 9, 2023). As JJHCS represented to the Court, Deshaies worked on the marketing of multiple Janssen Drugs at issue, June 23, 2023 Joint Ltr. at 11, ECF No. 127 (Deshaies's "primary responsibilities related to the marketing of Simponi Aria, Stelara, and Tremfya").

While JJHCS asserted that Deshaies's "primary responsibilities" did not include CarePath, *id.*, discovery shows that Deshaies was heavily involved with that program: (1) she worked closely with Adrienne Minecci on CarePath for Deshaies' "brands" (that is, the drugs she marketed), JJHCS_00059500; (2) she worked with Minecci on patient communications that included CarePath's terms and conditions, JJHCS_00059501 at 3 (requiring eligible patient using commercial insurance), 7 (CarePath's terms and conditions); (3) she was asked for feedback on a presentation ████████████████████████████████████████████████████
████, JJHCS_00083826, which included CarePath's terms and conditions; (4) ██████████████████████████████████████████████████████████████████, JHCS_00110089; JJHCS_00114605; JJHCS_00061959; JJHCS_00061961, including reviewing and seeking approval for program language, JJHCS_00061959, and refreshing the patient website for Simponi Aria to reflect CarePath program language, JJHCS_00114605; and (5) she provided direction ██████████████
████████████████████████████████████████████████████████████
██████ JJHCS_00011144-45.

Julia Haigney Long
August 28, 2023

Deshaies was also involved in deciding whether JJHCS would establish a copay adjustment program (CAP) for Erleada: (1)



, JJHCS_00083836; *see also* JJHCS_00083838; (2) she was sent (not just cc'ed) an email regarding a ████████████████████ ████████████████████, JJHCS_00083826, and ████████████████████

████████████████████

Deshaies is likely to have unique documents. In its May 19, 2023 letter, JJHCS asserts that her documents would be cumulative of those in the files of custodians Spilios Asimakopoulos, Heith Jeffcoat, and Lynn Hall. Discovery shows otherwise: (1) Deshaies received an email from McCann regarding ████████ ████████████████, JJHCS_00069842—indicating that she has unique documents regarding the offering of CarePath for Stelara; (2) she had a call with Alison Barklage without any current custodians regarding ████████████████████, *see, e.g.*, JJHCS_00104243—indicating she has unique documents regarding the offering of CarePath for Stelara.

## D.    Leigh Wyszkowski

SaveOnSP asks that JJHCS add Leigh Wyszkowski as a custodian. Save-OnSP first made this request in its March 7, 2023 letter.

Wyszkowski is relevant to this litigation: (1) she is the Director of Fee for Service (FFS) Execution & Cut Supplier Management as part of the Strategic Customer Groups, JJHCS_00000346; (2)



, JJHCS_00000551—the other was an employee of KPMG, JJHCS_00000641 (copying Ms. Wyszkowski); and (4) she assisted Franz in reviewing an employee, JJHCS_00000553, ████████████████████ ████████████████, JJHCS_00000645—indicating that she worked on and/or had knowledge of that response.

Wyszkowski is likely to have unique documents. In its March 16, 2023 letter, JJHCS asserted that her communications would be captured by other custodians, including Franz. Discovery shows otherwise: (1) she attended a one-on-one with Kinne regarding SaveOnSP that, by definition, Franz did not, JJHCS_00008989; (2) Franz stated that ████████████████, JJHCS_00010064— indicating that Wyszkowski worked on aspects of CarePath without Franz's direct involvement.

Julia Haigney Long
August 28, 2023

### E.    William Shontz

SaveOnSP asks that JJHCS add William Shontz as a custodian. SaveOnSP first made this request in its May 9, 2023 letter.

Shontz is relevant to this litigation. Per LinkedIn, he is Associate Director, Patient Access and Affordability Solutions, Oncology at Johnson & Johnson. William (Will) Shontz, LINKEDIN, https://www.linkedin.com/in/williamtshontz (last visited May 9, 2023). Shontz worked on the marketing of CarePath. ██████████ ██████████████████████████████████████████████████████████ JJHCS_00104322; *see also* JJHCS_00104319; JJHCS_00044074. ████ JJHCS_00104322 at 13.

Shontz worked on setting CarePath's budget and modifying its terms and conditions: (1) he was asked to ████████████████████████████████ ███████████████████ JJHCS_00029708; (2) he was included on communications regarding ███████████████████████████████████████████, JJHCS_00030300; (3) he was included on communications regarding ████████████████████████, JJHCS_00002355; (4) he corresponded routinely with the vendors Thomas J. Paul, JJHCS_00044011, and TrialCard, including to inform TrialCard that ████████████████████████ ████, JJHCS_00104708 (including the changes ███████████████████ ███████████).

Shontz also worked on programs that considered reducing copay assistance payments to patients enrolled in SaveOnSP-advised plans: (1) he edited project requirements for a program with ████████████████████████ ██████████████████████████████████████████, JJHCS_00029831-34; *see also* JJHCS_00029829 (reflecting that Mr. Shontz provided edits and comments), ████████████████████ JJHCS_00029838; (2) he sent Deshaies a draft presentation for ████████████████████████████████████████████████████, JJHCS_00083826; (3) ███████████████████. JJHCS_00104645; and (4) ███████████████████████████████████. JJHCS_00104674.

Shontz is likely to have unique documents. In its May 19, 2023 letter, JJHCS claimed that his documents and communications would be captured by the documents of custodians Nidhi Saxena and Hattie McKelvey. In the June 23, 2023 joint letter, JJHCS asserted that his documents would be captured by the documents of custodians McKelvey and Silviya McCool. Discovery shows otherwise: (1) he received several relevant communications that were not sent to those other

5

Julia Haigney Long
August 28, 2023

custodians, JJHCS_00005897; JJHCS_00034500; JJHCS_00034561; JJHCS_00034602—indicating that he received relevant communications directly; (2) he appears on an email regarding ███████████████████████, JJHCS_00044011 (later forwarded to a custodian); (3) Shontz apparently gave an approval regarding ████████████████████, JJHCS_00030136—indicating that he either had independent approval authority or the authority to act in McCool's stead; (4) when McCool was out of the office, she directed people to reach out to Shontz, JJHCS_00001202, and later emails in that thread do not include McCool or McKelvey; and (5) many emails include Shontz but neither McKelvey or McCool, *see, e.g.*, JJHCS_00005897 (email from Mr. Robinson to Mr. Shontz stating ████); JJHCS_00008556 (emails with Thomas J. Paul and Trial Card regarding the CarePath website).

### F.    Alison Barklage

SaveOnSP asks that JJHCS add Alison Barklage as a custodian. SaveOnSP first made this request in its July 18, 2023 letter.

Barklage is relevant to this litigation. While JJHCS asserted in its July 28, 2023 letter that she was a "JJHCS contractor during the relevant period with administrative responsibilities," LinkedIn states that from 2004 to 2007 she was a Consulting Director at Johnson & Johnson and from 2011 to the present has been the President of AKB Consulting (her own company), in which she "delivers change & project management consulting for large pharmaceutical companies" and "support[s] senior stakeholders with project management on critical business initiatives, including issue identification, stakeholder engagement & communications, project planning, dashboard status reporting, and success measurement plans."[1]

Discovery confirms that her work for JJHCS was substantive: (1) she sent an email regarding ██████████████████████████ ████ ████ ██████████ ██ ██, JJHCS_00084174; *see also* JJHCS_00084176, (2) in many instances, Heith Jeffcoat asked for her feedback on relevant presentations, including about the CAP program, JJHCS_00084504; JJHCS_00084426; JJHCS_00084507; (3) she asked Jeffcoat for his thoughts on

---

[1] Alison Barklage, MHSA, LINKEDIN, https://www.linkedin.com/in/alison-barklage?challengeId=AQFbgDDvMikQdAAAAYotJLka16VvfLHioohPKqHkyHQ q8-x8kcseu4DpAyvTdJVIQsr0EHO_irv6te5zBl4ZpmiokUGq-gnyfw&submissionId=a11fb285-55a7-7e17-f8f8-22be33e1a736&challengeSource=AgEdBx4PytP1swAAAYotJO8HtPee3A-dt2H1mjjKjMQQi7fuI_H-PqNqfXcY7m8&challegeType=AgEEI2s1TqMI3QAAAYotJO8LI_gIY5uJ0J4qMy 9wQdzaZGx4qhGD2YI&memberId=AgGbLaHzLoTyeAAAAYotJO8OUy_dh7qo2 DhaOAmyeVtVWiY&recognizeDevice=AgFf9b5VuiQntgAAAYotJO8SLSPSWYD0 Dv5BdP2y1X2lUqTey2kg (last visited Aug. 25, 2023).

Julia Haigney Long
August 28, 2023



JJHCS_00084681—indicating that she was substantively involved in the decision-making process; (4) she called a meeting regarding ████████████████████████████████████████████████████████████████████████████████████ JJHCS_00117387—indicating that she was driving discussions regarding cost support (e.g., CarePath); and (5) she told others that she was working with Minecci regarding ████████████████████████████████████████, JJHCS_00060430.

Barklage is likely to have unique documents. In its July 28, 2023 letter, JJHCS asserted that her files would be captured by Jeffcoat's documents. Discovery shows otherwise: (1) she was the only sender of an email to Jeffcoat regarding ████████, JJHCS_00084681—indicating she has unique information about CarePath's enrollment; (2) she is part of a series of emails about ████████████████████████████████████████████████, JJHCS_00069171—indicating she has unique information about the offering of CarePath for Darzalex; and (3) she sent a presentation that ████████████████████████████████████████████████████████████████████████████████████, JJHCS_00069174—indicating that she has unique information regarding JJHCS's communication efforts regarding CarePath.

## G.    Blasine Penkowski

SaveOnSP requests that JJHCS add Ms. Penkowski as a custodian.

Penkowski is relevant to this litigation: (1) she serves as the Chief Strategic Customer Officer of JJHCS,[2] *see* JJHCS_00000106; (2) ██████████████████████████████, JJHCS_00101641 (scheduling a meeting to ██████████████████████████████████); JJHCS_00084221 (discussing how SaveOnSP works and revealing ████████); JJHCS_00101570 (sending Penkowski ████████



_____

[2] In the June 23, 2023 joint letter, JJHCS indicated that Penkowski and Scott White were immune from discovery under the apex doctrine. In fact, "the 'apex doctrine,' while it may be applicable to depositions, is not a protective shield that prohibits document discovery from high-ranking executives." *Sandoz, Inc. v. United Therapeutics Corp.*, 2020 WL 13830525, at *3 (D.N.J. Nov. 16, 2020) (citing *Nat'l Labor Relations Bd v. 710 Long Ridge Rd Operating Co. II, LLC*, 2020 WL3026523 at *2 (D.N.J. June 5, 2020)).

Julia Haigney Long
August 28, 2023

████████████); (3) Penkowski called a meeting regarding

████████████, JJHCS_00083216; and (4)

████████, *see* JJHCS_00001830; JJHCS_00001668 (an individual named Karan Dhundia███████████████████████████████████████████████).

Penkowski is likely to have unique documents. In the June 23, 2023 joint letter, JJHCS asserted that her files would be captured by those belonging to Katie Mazuk. Discovery shows otherwise: (1) Penkowski appears on many relevant email threads without Mazuk, *see* JJHCS_00027236 (█████████████████████████████████); JJHCS_00026852 (Penkowski remained part of those discussions in December 2017); (2) ████████████████████████████████████, JJHCS_00026519, and *2022 Economic Report on U.S. Pharmacies and Pharmacy Benefit Managers* by Adam Fein, JJHCS_00074697—indicating that She directly received unique information about SaveOnSP and other entities that JJHCS deems to be maximizers; (3) she signed many contracts with TrialCard outlining TrialCard's duties for JJHCS in relation to CarePath, JJHCS_00025908; JJHCS_00025517 (showing modification by Ms. Penkowski, but not Ms. Mazuk); JJHCS_00025532 (same); JJHCS_00024511 (same); JJHCS_00025594 (same)—indicating that she has unique information about JJHCS's relationship with TrialCard.

## H.    Scott White

SaveOnSP requests that JJHCS add Mr. White as a custodian.

White is relevant to this litigation: (1) he is a member of JALT and serves as the Company Group Chairman for North America Pharmaceuticals Johnson & Johnson, *see* JJHCS_00001542; (2) White was forwarded ██████████, JJHCS_00001704; (3) ████████████████████████████████████, *see, e.g.*, JJHCS_00011154 (a December 17, 2021 meeting with the subject ████████████████); JJHCS_00041213 (████████████████████); and (4) ████████████████████████ *see* JJHCS_00001830; JJHCS_00001668 (████████████████████████████████████).

White is likely to have unique documents. In its June 23, 2023 joint letter, JJHCS asserted that his files would be captured by Mazuk's documents. Discovery

Julia Haigney Long
August 28, 2023

shows otherwise: (1) ███████████████████████████████, JJHCS_00100210, *see also* JJHCS_00100213 (████████████████████████████)—indicating ██████████████ ██████████████████; (2) he signed work orders and change orders with TrialCard, JJHCS_00039767; JJHCS_00039772; JJHCS_00039696; JJHCS_00039374; JJHCS_00039378; JJHCS_00039382; JJHCS_00039625; JJHCS_00039879—indicating that he has unique information about JJHCS's relationship with TrialCard.

## I.    Karen Lade

SaveOnSP requests that JJHCS add Karen Lade as a custodian.

Lade is relevant to this litigation. She appears to be a Product Director, Integrated Customer Solution, Patient Affordability Strategy at Janssen Immunology,[3] JJHCS_00002688. She performed significant work related to CarePath: (1) ████████████████████████████████████████████████████████████████ JJHCS_00083183; *see also* JJHCS_00083894 (sharing ███████████████ ████); (2) she was asked to send custodian Spilios Asimakopoulos ██████████████████████████ JJHCS_00083180—indicating that she was deeply involved with CarePath's role; (3) she worked on ████████████████████ ████████████████, JJHCS_00105296; and (4) she provided ████████████ ████████████████████████, JJHCS_00045468.

Lade is likely to have unique documents. In the June 23, 2023 joint letter, JJHCS asserted that she was not likely to have unique documents because she simply provided information about CarePath to other JJHCS personnel. Discovery shows otherwise: (1) Lade sent emails regarding CarePath in 2016 to Jeffcoat, attaching other emails regarding CarePath with no custodian as a party. JJHCS_00083929 (attaching JJHCS_00083930); (2) she sent emails regarding ████████████████████████████████████████████████████████████████ ████████, JJHCS_00083930—indicating that she has unique information about those goals; and (3) she is listed ████████████████████████████ ████████████████████████████████, JJHCS_00083931; *see also* JJHCS_00083932 (same)—indicating that she has unique information about questions from those representatives involving CarePath.

## J.    L.D. Platt

SaveOnSP asks that JJHCS add L.D. Platt as a custodian. He is relevant to this litigation: (1) JJHCS identified him as an individual who provided input on communications related to this Action," July 28, 2023 JJHCS Suppl. Resps. to SaveOnSP's First Interrogatories at 12, and he has emailed with JJHCS's lawyers

---

[3] Ms. Lade does not appear on any organizational chart produced to date by JJHCS.

Julia Haigney Long
August 28, 2023

regarding communications about this lawsuit, JJHCS_00027998; (2) 

, JJHCS_00100535;
JJHCS_00008448; JJHCS_00008451; JJHCS_00037157; (3) ▮▮▮, JJHCS_00008447; (4) ▮▮▮, JJHCS_00027996;
JJHCS_00008450; JJHCS_00037156; (5) ▮▮▮, JJHCS_00027974; (6) ▮▮▮, JJHCS_00001707; (7) ▮▮▮

JJHCS_00001668.

### K.    Ernie Knewitz

SaveOnSP asks that JJHCS add Ernie Knewitz as a custodian. He is relevant to this litigation: (1) JJHCS identified him as an individual who provided input on communications related to this Action," July 28, 2023 JJHCS Suppl. Resps. to SaveOnSP's First Interrogatories at 12; (2) he is the Regional Pharmaceutical Communications Leader, the Americas, and a member of the JALT, JJHCS_00001859; (3) ▮▮▮, JJHCS_00001857; (4) ▮▮▮, JJHCS_00083266; (5) ▮▮▮, JJHCS_00100210; (6) ▮▮▮, JJHCS_00041213, and ▮▮▮, JJHCS_00001704.

### L.    Silas Martin

SaveOnSP asks that JJHCS add Silas Martin as a custodian. He is relevant to this litigation: (1) JJHCS identified him as a person who had responsibility for JJHCS's understanding of the terms 'copay accumulator' and 'copay maximizer,'" July 28, 2023 JJHCS Suppl. Resps. to SaveOnSP's First Interrogatories at 23-24; (2) ▮▮▮, JJHCS_00114446; and (3) ▮▮▮ JJHCS_00001594.

10

Julia Haigney Long
August 28, 2023

### M.    John Hoffman

SaveOnSP asks that JJHCS add John Hoffman as a custodian. He is relevant to this litigation: (1) JJHCS identified him as a person who had responsibility for JJHCS's understanding of the terms 'copay accumulator' and 'copay maximizer,'" July 28, 2023 JJHCS Suppl. Resps. to SaveOnSP's First Interrogatories at 23-24; (2) per LinkedIn, as the former head of Health Policy & Advocacy at Johnson & Johnson, he "help[ed] to enact state legislation prohibiting non-medical switching and copay accumulator and maximizer programs";[4] and (3) █████████████████ █████████████████████████████████, JJHCS_00027236; JJHCS_00026852; (4) █████████████████████████████, JJHCS_00101570; (5) █████████████ JJHCS_00100210; JJHCS_00126949; and (6) ████████████████████████████████, JJHCS_00114446.

*              *              *

We request a response by September 5, 2023.

We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

---

[4] John Hoffman, LINKEDIN, https://www.linkedin.com/in/john-hoffman-b788147?challengeId=AQHIg4eOVl86lAAAAYovUZQ9SsGyvdo2HYtutCig6Xv1w LmAESYejIZNNUm5tj_f3xXdkNRIsO2pKckOxXoyNv2iDuWS_CHTJA&submis sionId=80ad3273-86c8-7e17-a1fe-77f347742717&challengeSource=AgH1X6LAia67HwAAAYovU4AHBhdazZxe-czPqZAJoV21oKYm5wu7ZSjcwBLBnKw&challengeType=AgGRK-8FFEdBJgAAAYovU4AJHwvS8UwxYtNjfsJqMYjqd1mPyaC3LvM&memberId=A gGo7hRMgBgeJAAAAYovU4AMGQyolcdLCH7f9bLEylRddVo&recognizeDevice= AgGseyLBagE6qAAAAYovU4APYASa3jZyEgK9oMKGoBoiwT_PF69U    (last visited Aug. 25, 2023)

11

# EXHIBITS 10 - 87

## Confidential - Filed Under Seal

# Exhibit 88



July 17, 2023

Harry Sandick
(212) 336-2723
hsandick@pbwt.com

Andrew Dunlap, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104

           Re:    **Production of Terms and Conditions Discovery**
                 *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
                 No. 22 Civ. 2632 (ES) (CLW)

Dear Andrew:

        We write in response to your June 29, 2023 letter regarding JJHCS's production of documents regarding CarePath's terms and conditions in response to SaveOnSP's Requests for Production Nos. 12 and 13.

        For the reasons discussed below and in our prior correspondence, JJHCS has taken reasonable steps in accordance with the Federal Rules of Civil Procedure in order to respond to RFP Nos. 12 and 13. SaveOnSP's asserted dissatisfaction with the documents produced thus far is not a basis for requiring JJHCS to embark on a wild-goose chase in search of documents that never existed and therefore cannot be collected and produced.

        Nevertheless, in keeping with the Court's admonition to seek to resolve discovery disputes through negotiation rather than motion practice, we offer in this letter several proposals that, taken together, are more than sufficient to resolve your outstanding concerns. We make these proposals contingent on your agreement that taking these steps will resolve this dispute and allow the parties to avoid unnecessary motion practice.

**I.      Documents Regarding the Drafting of Terms and Conditions**

        At the outset, JJHCS disagrees with your characterization of various aspects of our June 23 meet and confer. To begin with, we did not agree to "identify the predecessor programs from which the CarePath terms and conditions were drawn." June 29, 2023 Ltr. from A. Dunlap to H. Sandick. Rather, we stated that we would consider your request that we do so.

        Having considered it, we are not prepared to agree to this request. As JJHCS has stated, the terms and conditions at issue in this litigation long pre-date the relevant time period. At no point have we identified any further documents regarding their drafting or the specific programs for which those terms and conditions were originally employed, nor do we have any reason to think such documents exist.

Andrew Dunlap, Esq.
July 17, 2023
Page 2

During our meet and confer, we did agree to identify how far back JJHCS typically retains business records and to what extent communications pre-dating 2016 are still accessible. This would allow us to assess the feasibility of agreeing to your request. We did not agree to "identify the document sources that JJHCS has for those [predecessor] programs" or identify "the custodians or non-custodial sources of those records" as stated in your letter. *See* June 29, 2023 Ltr. from A. Dunlap to H. Sandick. Based on our reasonable investigation, we understand that, due to applicable preservation and/or retention capabilities, we are not in a position to produce documents or communications created before 2013.

At any rate, even if such documents were accessible, it is far from clear that they would shed any light on the disputed issues in this lawsuit. The "other offer" language is standard fare across many manufacturers' copay assistance programs, further confirming that the term is of an old vintage, ubiquitous in its use, and unambiguous in its meaning. In our May 26 letter, we cited just a few examples, including AstraZeneca,[1] Novartis,[2] Bristol Myers Squibb,[3] and Pfizer.[4]

Nonetheless, in a good-faith effort to reach agreement on this issue, JJHCS will agree to expand the time period for the production of documents from Adrienne Minecci to include August 1, 2015 to July 1, 2022—subject to SaveOnSP's agreement that this expansion and the additional search terms discussed, *infra* at 4—will satisfy JJHCS's obligations with respect to Request Nos. 12 and 13. Consistent with JJHCS response to SaveOnSP's Interrogatory No. 3, Ms. Minecci had responsibility for the drafting and revision of the CarePath terms and conditions referenced in the Complaint and also was involved in the process of transitioning at least one predecessor co-pay support program to the CarePath program, including the introduction of the relevant terms and conditions.

---

[1] *See* AstraZeneca Patient Savings Programs for Specialty Products (last updated March 2023), https://www.astrazenecaspecialtysavings.com/ (copay assistance "cannot be combined with any other offer").

[2] Novartis, Patient Copay Savings, https://www.copay.novartispharma.com/nvscopay/eligibility.html# (last accessed May 22, 2023) ("Program may not be combined with any third-party rebate, coupon, or offer.").

[3] Bristol Myers Squibb, Access Support Co-Pay Assistance Program Terms & Conditions (October 2022), https://www.bmsaccesssupport.bmscustomerconnect.com/servlet/servlet.FileDownload?file=00Pi000000 omiYSEAY ("This offer cannot be combined with any other offer, rebate, coupon or free trial.").

[4] *See, e.g.*, Pfizer, Nivestym Patient Resources ("This program cannot be combined with any other savings, free trial or similar offer for the specified prescription."), https://www.nivestym.com/patient-resources (last accessed May 22, 2023).

14325913

Andrew Dunlap, Esq.
July 17, 2023
Page 3

## II.    Attorney Custodians

SaveOnSP also mischaracterizes our discussion of the three attorneys—Jennifer De Camara, Harman Grossman, and Savaria Harris—who SaveOnSP now seeks to add as custodians.  As stated on our call and as confirmed in our subsequent investigation, all three individuals are employed by the company as attorneys who provide legal advice—not business advice—and therefore none are proper custodians in this matter.  Any relevant documents or communications would be protected by the attorney-client privilege, work product doctrine, or another applicable privilege or protection from disclosure.

For example, during the relevant period, Mr. Grossman served as "Assistant General Counsel, Litigation" at Johnson & Johnson.  In that role, Mr. Grossman managed a portfolio of complex civil and patent litigations involving the Company.  To the extent Mr. Grossman was "involved in revisions of the terms and conditions for Stelara and Tremfya," as disclosed in our January 17, 2022 responses to SaveOnSP's Interrogatories, that involvement was in his role as in-house counsel providing legal advice to JJHCS and his communications are protected by the attorney-client privilege.  *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994) ("[W]hile the attorney's advice may be relevant to the matters in issue," the privilege continues to apply "as the interests it is intended to protect are still served by confidentiality.");  *Prestige Management Servs., Inc.*, No. 14-3451, 2017 WL 1084523, at *5 (D.N.J. Mar. 21, 2017) (Salas, J.) (concluding there was no implied waiver of privilege where defendant did not raise any relevant affirmative defense or "selectively produce[] some privileged documents while withholding others").  In addition, given his role as a litigation in-house counsel, many of his communications during the relevant time period are protected by the work product doctrine as well.  *Harrington v. Bergen Cnty.*, 2016 WL 4820625, at *3 (D.N.J. Sept. 13, 2016) (Waldor, J.) ("The work product doctrine is governed by a uniform federal standard set forth in Fed.R.Civ.P. 26(b)(3) and shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003)).

As stated in JJHCS's May 26 letter and our June 23 meet and confer, Savaria Harris and Jennifer De Camera served as attorneys embedded within JJHCS to provide legal advice to the relevant business units.  To the extent Ms. Harris and Ms. De Camera were "involved in revisions of the terms and conditions for Stelara and Tremfya," that involvement was in their role as attorneys providing legal advice to the relevant business units within JJHCS.  As such, their communications are protected by the attorney-client privilege.  *See Rhone-Poulenc Rorer*, 32 F.3d at 864; *Rowe v E.I. duPont de Nemours and Co.*, No. CIV. 06-1810-RMD-AMD, 2008 WL 4514092, at *5 (D.N.J. Sept. 30, 2008) (attorney-client privilege applies when attorneys are acting as lawyers "giving advice with respect to the legal implications of a proposed course of conduct").

14325913

Andrew Dunlap, Esq.
July 17, 2023
Page 4

In your June 29 letter, SaveOnSP also asked whether these attorneys "were involved in non-privileged business conversations."  June 29, 2023 Ltr. from A. Dunlap to H. Sandick.  We do not know of such communications.  Nothing beyond speculation justifies the unusual step of the collection or production of documents from these attorneys.

**III.    Search Terms**

JJHCS agrees to add the following search strings proposed by SaveOnSP in its June 23 letter, subject to SaveOnSP's agreement that this expansion and the additional search terms discussed will satisfy SaveOnSP's production obligations with respect to these Requests.

- "Care Path" AND "other offer*'"

- "Care Path" AND (term* w/3 condition)

- "Care Path" AND T&C

- "Care Path" AND TNC

- CarePath AND "other offer*'"

- CarePath AND (term* w/3 condition)

- CarePath AND T&C

- CarePath AND TNC

As explained in JJHCS's May 26 letter and again during our June 23 meet and confer, *none* of these search strings are likely to produce responsive materials.  Nonetheless, in an effort to resolve the instant dispute, JJHCS will is prepared to employ these search terms and to make an additional production of non-privileged documents responsive to Requests 12 and 13.  In addition, JJHCS encloses an updated hit count for the proposed search terms as Exhibit A to this letter.

JJHCS declines to add the remaining search strings based on the unduly burdensome number of additional unique documents hitting on these terms for the April 1, 2016 to July 1, 2022 time period, as summarized in Exhibit A.  The ninety search strings requested by SaveOnSP would require JJHCS to review a total of 133,138 unique documents including families.  This is unwarranted given the unlikelihood of identifying any responsive documents that will bear on the issue of the meaning of the CarePath terms and conditions.  We therefore decline to agree to these additional search terms.

14325913

Andrew Dunlap, Esq.
July 17, 2023
Page 5


**IV.    Total Documents Reviewed and Produced**

       Finally, at no point during our meet and confer did JJHCS "agree[] to provide SaveOnSP with the number of documents that JJHCS has reviewed to date."  *See* June 29, 2023 Ltr. from A. Dunlap to H. Sandick.  This is a misstatement, as we only agreed to consider this request.  Having considered the request, JJHCS declines to do provide this information.  As Judge Waldor has made clear as recently as our June 27, 2023 conference, the total number of documents each party has reviewed or produced is "doesn't matter" to her assessment of the merits of discovery disputes.  June 27, 2023 Tr. 96:17-19.


Very truly yours,


Harry Sandick


14325913

**Exhibit A: Hit Count for Requested Search Terms**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Benefits Investigation*" AND Balversa | 571 | 2,618 |
| "Benefits Investigation*" AND Darzelex | 20 | 50 |
| "Benefits Investigation*" AND Erleada | 2,070 | 8,401 |
| "Benefits Investigation*" AND Faspro | 888 | 4,627 |
| "Benefits Investigation*" AND Imbruvica | 402 | 2,010 |
| "Benefits Investigation*" AND Opsumit | 729 | 3,151 |
| "Benefits Investigation*" AND Precobix | 1 | 2 |
| "Benefits Investigation*" AND Remicade | 5,483 | 24,566 |
| "Benefits Investigation*" AND Rybrevant | 536 | 2,807 |
| "Benefits Investigation*" AND Simponi | 6,376 | 26,504 |
| "Benefits Investigation*" AND Stelara | 9,408 | 36,503 |
| "Benefits Investigation*" AND Symtuza | 1,171 | 3,288 |
| "Benefits Investigation*" AND Tracleer | 332 | 1,750 |
| "Benefits Investigation*" AND Tremfya | 6,472 | 22,469 |
| "Benefits Investigation*" AND Uptravi | 717 | 3,131 |
| "Benefits Investigation*" AND Ventavis | 278 | 1,481 |
| "Benefits Investigation*" AND Zytiga | 2,601 | 13,397 |
| "Care Path" AND "other offer*" | 261 | 1,603 |
| "Care Path" AND (term* w/3 condition) | 40 | 133 |
| "Care Path" AND T&C | 18 | 56 |

---

[5] These hit counts exclude documents that have already been reviewed in the course of this litigation.

14325913

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Care Path" AND TNC | 9 | 23 |
| "free trial*" AND "Care Path" | 410 | 2,237 |
| "free trial*" AND "health plan*" | 1,042 | 4,620 |
| "free trial*" AND "Savings Program" | 3,866 | 10,835 |
| "free trial*" AND accumulat* | 321 | 1,144 |
| "free trial*" AND CarePath | 4,995 | 14,673 |
| "free trial*" AND CP | 2,667 | 5,330 |
| "free trial*" AND insur* | 5,030 | 18,170 |
| "free trial*" AND Jannsen | 156 | 515 |
| "free trial*" AND Jansen | 193 | 539 |
| "free trial*" AND Janssen | 6,512 | 21,339 |
| "free trial*" AND JCP | 2,457 | 7,246 |
| "free trial*" AND maximiz* | 504 | 2,527 |
| "free trial*" AND program | 6,769 | 21,770 |
| "prescription savings card*" AND "Care Path" | 163 | 1,168 |
| "prescription savings card*" AND "health plan*" | 481 | 1,541 |
| "prescription savings card*" AND "Savings Program" | 2,426 | 5,424 |
| "prescription savings card*" AND accumulat* | 48 | 99 |
| "prescription savings card*" AND CarePath | 2,656 | 5,879 |

14325913

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| "prescription savings card*" AND CP | 1,744 | 3,259 |
| "prescription savings card*" AND insur* | 2,762 | 6,335 |
| "prescription savings card*" AND Jannsen | 3 | 16 |
| "prescription savings card*" AND Jansen | 28 | 60 |
| "prescription savings card*" AND Janssen | 2,802 | 6,318 |
| "prescription savings card*" AND JCP | 1,329 | 3,162 |
| "prescription savings card*" AND maximiz* | 98 | 382 |
| "prescription savings card*" AND program | 2,829 | 6,379 |
| "Savings Program" AND "other offer*" | 2,843 | 7,222 |
| "Savings Program" AND (term* w/3 condition) | 201 | 511 |
| "Savings Program" AND T&C | 900 | 1,559 |
| "Savings Program" AND TNC | 41 | 94 |
| CarePath AND "other offer*" | 3,357 | 8,627 |
| CarePath AND (term* w/3 condition) | 218 | 603 |
| CarePath AND T&C | 991 | 1,943 |
| CarePath AND TNC | 60 | 204 |
| coupon* AND "Care Path" | 4,066 | 5,877 |
| coupon* AND "health plan*" | 2,249 | 13,779 |
| coupon* AND "Savings Program" | 9,720 | 23,597 |

14325913

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| coupon* AND accumulat* | 1,879 | 7,051 |
| coupon* AND CarePath | 11,079 | 27,666 |
| coupon* AND CP | 7,193 | 12,381 |
| coupon* AND insur* | 11,944 | 38,797 |
| coupon* AND Jannsen | 185 | 1,540 |
| coupon* AND Jansen | 602 | 3,463 |
| coupon* AND Janssen | 16,695 | 46,710 |
| coupon* AND JCP | 6,864 | 13,217 |
| coupon* AND maximiz* | 4,189 | 11,808 |
| coupon* AND program | 18,595 | 50,405 |
| CP AND "other offer*" | 2,027 | 4,080 |
| CP AND (term* w/3 condition) | 200 | 831 |
| CP AND T&C | 468 | 1,072 |
| CP AND TNC | 66 | 143 |
| discount* AND accumulat* | 2,244 | 9,464 |
| discount* AND maximiz* | 4,780 | 22,216 |
| Jannsen AND "other offer*" | 4 | 19 |
| Jannsen AND (term* w/3 condition) | 64 | 345 |
| Jannsen AND T&C | 14 | 62 |
| Jannsen AND TNC | 16 | 34 |
| Jansen AND "other offer*" | 55 | 741 |
| Jansen AND (term* w/3 condition) | 60 | 353 |

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term[5] | Additional Documents Hitting on Term + Families |
|---|---|---|
| Jansen AND T&C | 29 | 106 |
| Jansen AND TNC | 28 | 66 |
| Janssen AND "other offer*" | 4,018 | 11,394 |
| Janssen AND (term* w/3 condition) | 765 | 2,591 |
| Janssen AND T&C | 1,757 | 3,663 |
| Janssen AND TNC | 292 | 3,241 |
| JCP AND "other offer*" | 1,627 | 4,677 |
| JCP AND (term* w/3 condition) | 234 | 602 |
| JCP AND T&C | 711 | 1,386 |
| JCP AND TNC | 51 | 127 |

14325913

# EXHIBITS 89 - 115

## Confidential - Filed Under Seal

# Exhibit 116

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

June 6, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbtw.com

**Re:**  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write to follow up on the parties' March 4, 2024 meet and confer regarding SaveOn's Sixth Requests for Production, and, in particular, Requests 77 and 78.

Request 77 seeks documents and communications regarding efforts by J&J to "work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, and/or SaveOnSP." Request 78 seeks similar documents and communications about J&J's work with pharmaceutical industry associations and groups.

During the meet and confer, and in our February 12, 2024 letter, SaveOn explained that publicly available sources show that J&J provides funding for each of the identified groups, and that each group has made public statements or lobbied in favor of copay assistance, and/or against maximizers, accumulators, or SaveOn. *See, e.g.*, The Aids Institute, *Unchecked: Copay Accumulator Adjustment Policies in 2024*, February 2024, https://aidsinstitute.net/documents/TAI-2024-Report-2.27.pdf; Ashira Vantrees, Aimed Alliance, Letter to Lina Khan, Chairwoman of the Federal Trade Commission, *Non-EHB, Alternative Funding Programs, and Unfair Trade Practices*, June 14, 2023, https://aimedalliance.org/wp-content/uploads/2023/06/Aimed-Alliance-Letter-Regarding-Alt.-Funding-and-Non-EHB-Programs-as-Unfair-Trade-Practices-June-2023.pdf.

Ian Eppler
June 6, 2024

SaveOn then explained that it is "reasonable to investigate whether J&J used its influence over these groups to promote the false narrative that copay maximizers and accumulators (which, according to J&J, includes SaveOn) harm patients" because SaveOn is entitled to understand whether "that narrative impacted patients' experiences with the CarePath copay assistance program and caused confusion, concern and stress to patients." Feb. 12, 2024 Ltr. from H. Miles to I. Eppler. For example, J&J's Complaint cites and quotes an article purportedly written by a patient named Anndi McAfee. Compl. ¶ 138. Discovery has shown that Trial-Card, J&J's vendor that runs CarePath,



. TRIALCARD_00003240.

, TRIALCARD_00002745),

" *Id.*

.

. *See, e.g.*, JJHCS_00227193 (

; JJHCS_00132467 (

JJHCS_00222271.

. *See* JJHCS_00237117 (

).

In its February 22, 2024 letter, J&J asserted that the Requests were duplicative because it has "agreed to run several search terms intended to identify documents related to relevant public communications and alleged JJHCS support for publishers of relevant material in response to Request 20." Feb. 22, 2024 Ltr. from I. Eppler to H. Miles, at 2. Please identify what search parameters, if any, J&J has run that you believe would identify such documents and communications, including the relevant custodians and time periods.

SaveOn accordingly asks that J&J agree to run the search terms listed in Appendix 1 over the files of its existing custodians. These terms are intended to target communications with and documents regarding the specific organizations that have apparently accepted funds from J&J and also made public statements or

Ian Eppler
June 6, 2024

performed lobbying in support of copay assistance and/or against maximizers, ac-cumulators, and/or SaveOn. If J&J objects to running any of these terms based on burden, it should provide hit counts for each such term.

     We request a response by June 13, 2024.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

3

Ian Eppler
June 6, 2024

**Appendix 1**

| Patient Advocacy Groups (RFP No. 77) |
|---|
| ("AIDS Foundation of Chicago" OR AFC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("AIDS Institute" OR TAI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Aimed Alliance" OR "Alliance for the Adoption of Innovations in Medicine") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Cancer Society Cancer Action Network" OR "ACS CAN") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Chronic Pain Association" OR ACPA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American College of Rheumatology" OR ACR) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Diabetes Association" OR ADA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Kidney Fund" OR AKF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Lung Association" OR ALA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Society of Clinical Oncology" OR ASCO) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Arthritis Foundation" OR AF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Coalition of State Rheumatology Organizations" OR CSRO) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Crohn's & Colitis Foundation" OR "Crohns & Colitis Foundation" OR CCF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Cystic Fibrosis Research Institute" OR CFRI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Connecticut Oncology Association" OR CtOA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "COPD Foundation" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Epilepsy Foundation" OR EFA) w/50 (accumulator* OR maximizer* or "copay assistance") |

Ian Eppler
June 6, 2024

| |
|---|
| ("Gay Men's Health Crisis" OR "Gay Mens Health Crisis" OR GMHC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("HealthyWomen" OR HW) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("HIV + Hepatitis Policy Institute" OR "HIV and Hepatitis Policy Institute" OR "HIV & Hepatitis Policy Institute" OR HHPI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Immune Deficiency Foundation" OR IDF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("International Myeloma Foundation" OR IMF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Leukemia & Lymphoma Society" OR "Leukemia and Lymphoma Society" OR LLS) w/50 (accumulator* OR maximizer* or "copay assistance") |
| LUNGevity w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Lupus Research Alliance" OR LRA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Lupus Foundation of America" OR LFA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Mary M. Gooley Treatment Center" OR "Mary Gooley Treatment Center" OR "Mary M. Gooley" OR "Mary M. Gooley Hemophilia Center" OR "Mary Gooley Hemophilia Center" OR "Mary M. Gooley Hemophilia Treatment Center" OR "Mary Gooley Hemophilia Treatment Center" OR MMGHTC OR HTC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Men's Health Network" OR MHN) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Multiple Sclerosis Association of America" OR MSAA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "Nashville CARES" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Alopecia Areata Foundation" OR NAAF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Multiple Sclerosis Association of America" OR MSAA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Multiple Sclerosis Society" OR "National MS Society" OR NMSS) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Oncology State Network" OR NOSN) w/50 (accumulator* OR maximizer* or "copay assistance") |

Ian Eppler
June 6, 2024

| |
|---|
| ("National Organization of Rare Disorders" OR NORD) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Psoriasis Foundation" OR NPF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Prevent Blindness" OR PBA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Pulmonary Hypertension Association" OR PHA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Rheumatology Research Foundation" OR RRF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Scleroderma Foundation" OR NSF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Stand Up To Cancer" OR SU2C) w/50 (accumulator* OR maximizer* or "copay assistance") |
| (Komen OR SGK) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("ALS Association" OR ALSA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Treatment Action Group" OR TAG) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "Triage Cancer" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("U.S. Pain Foundation" OR "US Pain Foundation" OR "U.S. Pain") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Vasculitis Foundation" OR VF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ((ZERO /3 "Prostate Cancer" OR "ZERO Cancer") w/50 (accumulator* OR maximizer* or "copay assistance") |
| **Pharmaceutical Industry Groups (RFP No. 78)** |
| ("Biotechnology Innovation Organization" OR BIO) w/50 (accumulator* OR maximizer* OR "copay assistance") |
| ("Pharmaceutical Care Management Association" OR PCMA) w/50 (accumulator* OR maximizer* OR "copay assistance") |
| ("Pharmaceutical Research and Manufacturers of America" OR PhRMA) w/50 (accumulator* OR maximizer* OR "copay assistance") |

# EXHIBITS 117 - 138

## Confidential - Filed Under Seal

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE
DISCOVERY CONFIDENTIALITY ORDER**

October 29, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re:    **JJHCS's Opposition to SaveOnSP's October 9, 2024 Motion to Compel**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, et al.*,
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to SaveOnSP's October 9, 2024 motion to compel JJHCS to add nine more custodians—which would make JJHCS's total custodian count 55. (SaveOnSP has separately demanded another 14, which would take the count to 69. SaveOnSP itself has only 33 custodians.)

SaveOnSP's "follow every breadcrumb" approach has led it astonishingly far from the straightforward issues that will be tried in this case: whether SaveOnSP "induced patients to breach their contracts with JJHCS or whether it deceives the public." D.E. 66 at 7–8. In this latest motion, SaveOnSP now demands the addition of employees who worked on issues like the printing specifications for color brochures or on the "Nurse Navigator" service that helps patients learn how to inject their medicine.

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 2

Other employees whose documents SaveOnSP seeks did have exposure to relevant issues—indeed, JJHCS disclosed one of them in its responses to the very first set of interrogatories that SaveOnSP served in *2022*.  But at this late stage they are entirely redundant of the 46 custodians JJHCS has added in the intervening two years.  Some of them, if added, would be the ninth or 10th member of their team to be custodians.  And tellingly, many of SaveOnSP's 138 exhibits are documents JJHCS produced well over a year ago, some as early as its very first custodial production in March 2023.  In other words, not only does SaveOnSP already have the documents it needs to try this case, it has had them for a very long time.

SaveOnSP claims that its vexatious tactics are the natural consequence of Your Honor's July 16, 2024 ruling.  Mot. at 2.  They are not.  Your Honor's ruling rejected SaveOnSP's attempt to effectively restart discovery as to eight Janssen entities, and suggested that the parties focus their conferral on six specific employees.  D.E. 336 at 2.  Where Your Honor gave SaveOnSP an inch, SaveOnSP took a mile.  Because the order said that Your Honor was only "suggest[ing]" six names, SaveOnSP felt emboldened to send a deluge of letters demanding *30* more custodians,[1] going far beyond the scope not only of Your Honor's order, but even SaveOnSP's own prior motion.  Nevertheless, JJHCS in good faith quickly agreed to add six custodians (including most of those Your Honor had suggested the parties discuss) and provided detailed explanations why the others were not appropriate.  SaveOnSP Ex. 4 (Aug. 13, 2024 Ltr. from I. Eppler to E. Snow);

---

[1] *See* Ex. 1 (Aug. 28, 2024 Ltr. from E. Snow to I. Eppler) at 2 (demanding that JJHCS add an additional custodian); Ex. 2 (July 19, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add three additional custodians); SaveOnSP Ex. 3 (July 19, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add 22 additional custodians); Ex. 3 (July 19, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add two additional custodians); Ex. 4 (June 28, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add two additional custodians).

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 3

Ex. 5 (Aug. 19, 2024 Ltr. from J. Long to E. Snow).  SaveOnSP's response, as always, has been

to double down and pursue even more extreme tactics.  This is SaveOnSP's second recent motion

with incremental demands for new JJHCS custodians, but it will not be the last:  there are up to 14

additional employees SaveOnSP seeks but has not yet moved on, and new SaveOnSP demands are

coming in every day.  Indeed, even after filing this motion, SaveOnSP sent JJHCS a letter on

October 17 (one of six discovery letters SaveOnSP sent that day) to insist that yet another custodian

be added, over and above the 30 already referenced.  The imposition of burden on JJHCS through

these demands and motions is not incidental—it is the point.  The Court should put a categorical

stop to it.  Anything less will not suffice, because as the record shows, SaveOnSP treats every split

ruling as an invitation to multiply its demands.

One final note:  SaveOnSP's submission must be read with caution, because its 138 exhibits

do not support the sweeping propositions made in SaveOnSP's brief.  Attaching 138 exhibits to a

discovery motion is itself improper, designed to overwhelm the Court and JJHCS and undermine

the Court-imposed page limits that are in place to minimize expense and burden.  SaveOnSP's

brief distorts the contents of these exhibits in ways both small (e.g., claiming someone "presented"

on a topic when in fact she was simply sharing her screen in a Zoom meeting to help participants

to view the deck) and large (e.g., citing documents mentioning accumulators *in general* to argue

that JJHCS did not think SaveOnSP's *particular* features violate the CarePath terms and

conditions).  JJHCS does not and cannot correct every misstatement here, and ultimately they are

a distraction from the point:  these nine employees are irrelevant, duplicative, or both.  Adding

them now would be unduly burdensome and disproportionate to the needs of the case.

SaveOnSP's motion should be denied.

3

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 4

**DISCUSSION**

**I.    SaveOnSP Has Not Shown That These Nine Individuals Possess Unique And Relevant
Documents**

JJHCS addresses the new custodians demanded by SaveOnSP in the order chosen by

SaveOnSP as set forth in its moving submission.

**1.    Katie Hanculak**

SaveOnSP seeks to add Hanculak as a custodian for a seven-year period, yet its own

exhibits show that her period of potential relevance was at most 17 months in the middle of that

period—and that even during that short window, she worked alongside numerous existing

custodians.  There would be nothing proportionate about adding her as a 47th JJHCS custodian.

Despite referring to 28 exhibits to support Hanculak's addition, not a single document

involving Hanculak is dated before June 2020 or after November 2021.  This is because outside

that brief window, Hanculak held irrelevant roles and had nothing to do with the issues in this case.

As to the remaining 17-month period, Hanculak worked alongside existing custodians such as

Spilios Asimakopoulos, Lauren Pennington, Karen Lade, Cherilyn Nichols, Jasmeet Singh, Bill

Robinson, Michelle Barnard, and Heith Jeffcoat on immunology patient experience issues.  *See,

e.g.*, SaveOnSP Ex. 24 (JJHCS_00246272); Ex. 6 (JJHCS_00252940); SaveOnSP Ex. 23

(JJHCS_00252942); SaveOnSP Ex. 40 (JJHCS_00272514).  Moreover, SaveOnSP's exhibits

demonstrate that ████████████████████████████████████████████████████

████████████████████████████████████████████. *See* SaveOnSP Ex. 39

(JJHCS_00272720) (████████████████████████████████████████████████

████████████████████████████████████).  Adding a ninth, passive custodian

covering identical topics for this brief window in time is neither necessary nor proportional.

4

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 5

SaveOnSP also cites Hanculak's membership on the IMM CAP 2022 Tiger Team.  Mot. at

5–6.  But as the documents cited by SaveOnSP demonstrate, █████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████.  *See* SaveOnSP Ex. 37 (JJHCS_00034977) (█████████████████

██████████████████████████████████████████████████████████████

████████).  SaveOnSP's exhibits also show █████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████  SaveOnSP Ex. 34 (JJHCS_00047500) at -502.   Given this

comprehensive  coverage  at  multiple  levels,  there  is  no  basis  to  compel  an  **11th**  Tiger  Team

custodian.[2]

2.    **Elizabeth Kreul-Starr**

SaveOnSP's  arguments  for  adding  Kreul-Starr  fail  for  four  reasons.    ***First***,  as  with

Hanculak,  there  is  a  threshold  issue  of  time  period:    SaveOnSP's  32  exhibits  concerning  Kreul-

Starr  are  all  concentrated  between  February  2018  and  September  2022,  not  the  seven-year  period

that  it  demands.    And  indeed,  Kreul-Starr  transitioned  into  a  new  position  at  J&J  in  or  around

January 2018 and left the company in September 2022.

---

[2] SaveOnSP also lists two exhibits related to a second group—the "IMM CAP 2023 Tiger Team"—
but Hanculak was not a member of this group.  SaveOnSP Ex. 35 (JJHCS_00117039); SaveOnSP
Ex. 36 (JJHCS_00011148); *see also* Ex. 7 (JJHCS_00231759) (██████████████████████████
████████████████████).

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 6

  ***Second***, SaveOnSP's extreme delay on Kreul-Starr demonstrates that she has been a low

priority even for SaveOnSP, which is not surprising given that her documents are duplicative of

other custodians. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████. Ex. 8 (JJHCS's Responses and Objections to Defendant's

First Set of Interrogatories) at 10–11.[3]  SaveOnSP's brief does not explain why it decided to wait

a year and a half to seek her addition as a custodian, but the reason seems clear:  SaveOnSP

repeatedly chose to prioritize other custodians it regarded as more relevant and important, and is

only belatedly circling back to Kreul-Starr now because there is practically no one left to demand.

JJHCS has already added everyone who matters and then some, including two of Kreul-Starr's

direct reports (Jeffcoat and Minecci); her immediate supervisor (Mazuk); and others in her

reporting line at various portions of the relevant time period (Lade, Asimakopoulos, Pennington,

and Anderson).  At this point, any relevant documents in Kreul-Starr's files are likely to be

cumulative of JJHCS's existing productions, as even SaveOnSP's exhibits illustrate.  *See, e.g.*,

SaveOnSP Ex. 18 (JJHCS_00035075) (███████████████████); SaveOnSP Ex. 57

(JJHCS_00272715) (████████████████████████████████████████

███████████); SaveOnSP Ex. 62 (JJHCS_00011222) (███████████████████████

███████████████████).

  ***Third***, SaveOnSP's arguments for Kreul-Starr's relevance—her purported knowledge of

SaveOnSP, advice to decisionmakers, and J&J's damages—are all meritless.

---

[3] Similarly, most of the exhibits that SaveOnSP cites in support of its motion to compel Kreul-Starr (24 out of 32) were produced in 2023, nearly a year ago now.

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 7

- Knowledge regarding SaveOnSP:  None of SaveOnSP's exhibits suggest that Kreul-Starr had any "███████████████████████████████" Mot. at 7.  Indeed, the ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ *see* SaveOnSP Ex. 71 (JJHCS_00000630), ███████████████████████, *see* SaveOnSP Ex. 60 (JJHCS_00001221).[4]  Neither shows that Kreul-Starr had "extensive" relevant knowledge.

- Advice to decisionmakers:  Although SaveOnSP █████████████████████ ████████████████████████████████████ Mot. at 7, its own exhibit reveals that ██████████████████████████████████████, SaveOnSP Ex. 52 (JJHCS_00140480).  And, in any event, SaveOnSP has these materials from existing custodians' files (White, Mazuk, and Asimakopoulos).[5]

- Damages:  Although SaveOnSP claims that ████████████████████ ████████████████ Mot. at 6 (citing SaveOnSP Ex. 45), ███████████████████████████████████████████████, *see* SaveOnSP Ex. 45 (JJHCS_00222582) at -584, -586.  That does not merit adding Kreul-Starr, who in any event was ███████████████████████████████████████████.[6]  The

---

[4] SaveOnSP faults JJHCS for not changing CarePath's maximum benefit to the same amounts that SaveOnSP was then using as its fixed copays.  *See* Mot. at 8 (citing SaveOnSP Ex. 60).  Setting aside the fact that SaveOnSP has no standing to dictate how much copay assistance JJHCS offers to its patients, the point is moot because SaveOnSP ███████████████████████████████ █.  Instead, SaveOnSP soon moved to a █████████████████████████████████ █████  *E.g.*, Ex. 9 (Express_Scripts_1350_00012745) at -746.

[5] █████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Mot. at 7 (citing SaveOnSP Ex. 53 (JJHCS_00002989)).  █████████████████████████████████████ █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  *See* SaveOnSP Ex. 53 (JJHCS_00002989) at -3000.  And, once again, JJHCS produced this document in March 2023, yet SaveOnSP never raised it as a basis to add Kreul-Starr as a custodian until late August 2024.

[6] Separately, SaveOnSP advances the fallacy that, because JJHCS updated the terms and conditions for Stelara and Tremfya in late 2021, JJHCS somehow concedes that the "other offer" provision

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 8

same is true for SaveOnSP's claim that ████████████████████████████
████████████████████████ Mot. at 7. ████████████████████████████████
████████████████████████████████████████████████ *See* SaveOnSP Exs. 46–48
(JJHCS_00221267; JJHCS_00221271; JJHCS_00221286).  SaveOnSP has no claims
against Janssen or JJHCS, let alone claims relating to some alleged deception.

*Finally*, SaveOnSP's remaining exhibits relate to topics that Your Honor has repeatedly

ruled irrelevant.  For example, SaveOnSP cites to a bevy of exhibits related to JJHCS's terms and

conditions regarding patients with government insurance.  *See* Mot. at 8.  But Your Honor denied

SaveOnSP discovery related to such irrelevant terms and conditions in January, and denied

SaveOnSP's motion for reconsideration on this topic in April.  *See* Feb. 6, 2024 Order at 13

(denying motion to compel related to enforcement of terms and conditions outside of "May-Not-

Use" provision); Apr. 25, 2024 Order at 2–3 (denying motion for reconsideration of February 6,

2024 Order).[7]  SaveOnSP does the same thing with respect to the Best Price Rule.  *See* Mot. at 7

(citing SaveOnSP Exs. 49–50, 67 ████████████████████████████).  Here, too, Your

Honor already has rejected SaveOnSP's request for document discovery.  *See* May 28, 2024 Order

at 3.  These topics, long deemed irrelevant, cannot be the basis to belatedly add Kreul-Starr now.

---

did not prohibit SaveOnSP.  *See* Mot. at 8 (citing SaveOnSP Ex. 57 (JJHCS_00272715)).  For the
avoidance of doubt, both the Amended Complaint and Proposed Supplemented Amended
Complaint allege that SaveOnSP independently violates both versions of the CarePath terms and
conditions, as well as subsequent updates to them.  *See* D.E. 403.

[7] Similarly, ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████  *See* SaveOnSP Ex. 64 (JJHCS_00117264) at -265–-266; SaveOnSP Ex. 65
(JJHCS_00080822) (same).

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 9

### 3. Matthew Saggese

SaveOnSP makes two arguments as to why Saggese should be added as a custodian: first, that he "pushed [JJHCS] to increase CarePath payments to patients on maximizer plans," and second, that he "developed a scheme to send CarePath patients to SaveOn once they exhausted CarePath funds." Mot. at 10–11. Saggese's work reflected in these documents involved numerous existing custodians. Moreover, both arguments entirely misread the documents SaveOnSP cites.

To begin with, Saggese's role focused on oversight of marketing and customer experience issues related to the use of Janssen immunology products to treat gastrointestinal conditions. *See* SaveOnSP Ex. 76 (JJHCS_00190387) (███████████████████████████████"). That work, for the most part, is irrelevant. ████████████████████████████ ████████████████████████████████████████████. *Id.* at -388 (███████████████████████████████████████████████[8]

Saggese's role also involved working with the "FRAS" team, i.e., contracted field representatives working for non-J&J companies who assist medical providers. As part of this work, he sometimes received comments or feedback on Janssen offerings (including CarePath) from these external contractors. ████████████████████████████████ ████████████████████████████████████████████ ████████████████████████. *See, e.g.*, SaveOnSP Ex. 82 (JJHCS_00181853) (███████████████████████████████);

---

[8] Again, although SaveOnSP demands Saggese for a seven-year period, it cites to exhibits from only a brief portion of that time period to support its motion (March 2022 to August 2023).

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 10

SaveOnSP Ex. 78 (JJHCS_00258908) (█████████████████████████); SaveOnSP Ex.

84 (JJHCS_00259257) (███████████████████████████████████████████

████████████████████); SaveOnSP Ex. 85 (JJHCS_00231590) (██████████████

███████████████████████████████). He was, in other words, a messenger—

and the messages he delivered are already in JJHCS's production.

SaveOnSP focuses on an episode that it characterizes as ██████████████████

███████████████████████████████████████████. Mot. at 11. Nonsense.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████   SaveOnSP Ex. 79 (JJHCS_00253558); SaveOnSP Ex. 80 (JJHCS_00253352); SaveOnSP

Ex. 81 (JJHCS_00258993). ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████   SaveOnSP Ex. 81

(JJHCS_00258993) at -997, and SaveOnSP claims to ensure that patients pay nothing out of pocket

for their medication. This episode sheds no light on JJHCS's policies with respect to maximizer

patients or the meaning of CarePath's terms and conditions, ███████████████████████

██████████████████████████████████████████████████████████████.

Similarly, SaveOnSP accuses Saggese of ███████████████████████████████

███████████████████████████████" Mot. at 11. Again, there is zero evidence for

this claim. ████████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 11

███████████████████████████████████████). SaveOnSP Ex. 82
(JJHCS_00181853) at -854. ████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████ *Id.* ██████████████

████████████████████████████████████████████████████████

██████████ *Id.* at -855.0001. ███████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████ *Id.* at -853

(emphasis in original). Thus, ███████████████████████████

████████████████████████████████████████████████████████

███████████████ Regardless, this episode again involved Pennington, an existing custodian.

### 4.    Jane Frechette

SaveOnSP first claims that Frechette ████████████████████████

████████████ which purportedly makes her relevant because her "████████████████

████████████████████████████████████████████████████████

Mot. at 12 (emphasis in original). This is a puzzling theory of relevance—other manufacturers'

views on the need for changes are not relevant, and even if they were somehow relevant, Frechette

did not work for those manufacturers and so obviously had no firsthand "understanding" of their

"beliefs." In any event, SaveOnSP does not need Frechette's emails to find those other

manufacturers' terms and conditions. For one thing, they are already public; ████████████████

████████████████████████████████████████████████████████

█████████████████████████████████ d. *See, e.g.*, SaveOnSP Ex. 86 (JJHCS_00267848)

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 12



(█████████████████████ SaveOnSP Ex. 87 (JJHCS_00259753) (█████████████
█████████████████); SaveOnSP Ex. 90 (JJHCS_00145406) at -467 (████████
███████████████████████████████████████████████████████████████
████████████████████████.

      SaveOnSP also claims that █████████████████████████████ Mot. at
12. Not so. ███████████████████████████████████████████████████
███████████████████████████. *See* SaveOnSP Ex. 92 (JJHCS_00218451); SaveOnSP
Ex. 93 (JJHCS_00002593). █████████████████████████████████████████████,
there is no suggestion that Frechette gave substantive feedback on the terms themselves.
Moreover, current JJHCS custodians such as Lindsey Anderson and current TrialCard custodians
such as Holly Weischedel were involved in these discussions.

      Finally, SaveOnSP claims that Frechette should be added as a custodian because her
"documents show that, for years, J&J knew that patients on accumulators and maximizers were
using CarePath and did nothing." Mot. at 13.[9] These documents do not demonstrate that "J&J
knew that patients on . . . maximizers were using CarePath," as the documents at issue refer only
to ██████████████████████████████████████████████████████████████
████████. SaveOnSP Ex. 18 (JJHCS_00035075), SaveOnSP Ex. 94 (JJHCS_00080271). In
any event, current custodians such as Heather Schoenly and Pennington were involved in ███
███████, so there is no need to add Frechette as a custodian to capture documents related to it.

---

[9] SaveOnSP again fails to substantiate the seven-year time period it demands for Frechette, citing
only to sporadic emails that Frechette received between September 2020 and October 2023.

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 13

### 5. Casey Sasse

SaveOnSP does not even claim, much less demonstrate, that Sasse has unique documents for the seven-year period it demands. As with SaveOnSP's other demands, there is a threshold issue of time period: SaveOnSP's 11 exhibits are concentrated in just a 16-month window. Moreover, JJHCS's existing custodians include a number of individuals who, like Sasse, worked on immunology products, including Asimakopoulos, Pennington, Singh, and Anderson. Any relevant work Sasse did was with these custodians. *See, e.g.,* SaveOnSP Ex. 96 (JJHCS_00140862) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); SaveOnSP Exs. 97 (JJHCS_00259564) & 98 (JJHCS_00191210) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); SaveOnSP Ex. 102 (JJHCS_00231311) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮).

SaveOnSP also cites Sasse's status as a team member for the CAP 2023 project. Mot. at 14. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SaveOnSP Ex. 104 (JJHCS_00033653) at -653.0009.

### 6. Barbara McCabe

McCabe was an external consultant for the immunology brand. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* SaveOnSP Ex. 108 (JJHCS_00143048); SaveOnSP Ex. 109 (JJHCS_00035571). However, SaveOnSP fails to demonstrate—nor can it—that McCabe had any involvement in drafting or revising the CarePath terms and conditions themselves, or has unique insight into what they mean. ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 14



. *See, e.g.*, SaveOnSP Ex. 106 (JJHCS_00045430) (

Even when McCabe's duties touched on issues related to the CarePath terms and conditions, such as drafting or updating training and call guides that referenced the terms and conditions, she was not involved in the actual drafting of the terms and conditions, nor did she have unique insight into the meaning of the terms.

. *See* SaveOnSP Ex. 108 (JJHCS_00143048) (

); SaveOnSP Ex. 109 (JJHCS_00035571) (

).[10]

McCabe also is unlikely to have unique documents related to her work on the

team for Immunology Patient Access and Affordability Solutions because McCabe's reporting line feeds into current custodian                          *See* SaveOnSP Ex. 110

---

[10] SaveOnSP mischaracterizes these exhibits by suggesting that they show JJHCS facilitating the operation of an accumulator program.  Mot. at 15 ("

).  Just the opposite:  t

*See* SaveOnSP Ex. 108 (JJHCS_00143048) at -050.  This direction is consistent with CarePath's terms and conditions.


Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 15

(JJHCS_00230918) at -970. Therefore, any relevant work ███████████████████ ████████ would already be captured in JJHCS's current productions.[11]

SaveOnSP also overstates McCabe's one-off project tracking other manufacturers' copay assistance programs. Most of the information in question—which, again, is public—had nothing to do with these programs' response to accumulators and maximizers. *See* SaveOnSP Ex. 107 (JJHCS_00139795) (█████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████). And, once again, there is simply no basis to add McCabe as a custodian on the topic of what "other manufacturers believed." Mot. at 15.

**7.    Kevin Kleemeier**

None of SaveOnSP's nine exhibits support adding Kleemeier as a custodian. One is a discovery letter, and the remaining eight—each of which is discussed below—do not even mention SaveOnSP. ████████████████████████████. *See* SaveOnSP Ex. 112 (JJHCS_00226370) (██████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████. *See* SaveOnSP Ex. 118 (JJHCS_00002726) (████████████ ████████████████████████); SaveOnSP Ex. 113 (JJHCS_00237184) (███████

---

[11] SaveOnSP mischaracterizes the PAFA+ platform, which holds data entered by third-party vendor TrialCard. ████████████████████████████████████████████████ █████████████████████████████████. Ex. 9 (July 17, 2024 Ltr. from J. Long to E. Snow). And as JJHCS told SaveOnSP months ago, ███████████████ ████████████████████████" *Id.*

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 16

███████████████████████████████████████████████████████████████████);

SaveOnSP Ex. 114 (JJHCS_00222271) (████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████); SaveOnSP Ex. 115 (JJHCS_00237101) (████████████████████

████████████████████████████████████████████████████████████████████

██████████). ██████████████████████████████████████████████████████████

███████████████████████████████████████. *See* SaveOnSP Ex. 114 (JJHCS_00222271).

In███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

SaveOnSP Ex. 113 (JJHCS_00237184).

     SaveOnSP mischaracterizes the other cited exhibits.  For example, ████████████████

████████████████████████████████████████████████████████████████████

██████████ Mot. at 18. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

SaveOnSP Ex. 119 (JJHCS_00236825). █████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████ *See* SaveOnSP Ex. 12 (██████████████████

███████████; SaveOnSP Ex. 117 (██████████████████████████████████████████

██████████████████████████████████").  None of this makes Kleemeier necessary or proportional

to the needs of the case.

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 17

### 8. Mitchell Akright

SaveOnSP claims that Akright should be added as a custodian because ██████████ ██████ 'on the IMM CAP Tiger Team."    Mot. at 18 (quoting SaveOnSP Ex. 121 (JJHCS_00183029). ████████████████████████████████████████████

████████████████████████.  SaveOnSP Ex. 121 (JJHCS_00183029) (███████ ████████████████████████████████████████████

████████████████).  Any relevant documents will be captured in the files of these custodians.[12]

SaveOnSP asserts that existing custodians are insufficient because Akright "worked independently from current custodians to develop J&J's training materials ████████████████."  Mot. at 18–19 (citing SaveOnSP Ex. 123 (JJHCS_00145337) and SaveOnSP Ex. 124 (JJHCS_00146296)). ████████████████████████████████████████

████████████████████████████████.  *See* SaveOnSP Ex. 122 (JJHCS_00130245) at -273.  And in any event, SaveOnSP does not explain why these internal training materials are relevant, much less proportional to the needs of the case.

SaveOnSP also suggests that Akright should be added as a custodian because he "sought feedback about how accumulators and maximizers, and J&J's responses to them, were received by patients, which is relevant to J&J's GBL claim."  Mot. at 19. ████████████████

████████████████████████████████████████████████

████████████████████████e.  *See, e.g.*, SaveOnSP Ex. 125 (JJHCS_00261232) (███ ████████████████████████████████████████████

---

[12] Indeed, despite demanding Akright for a seven-year period, SaveOnSP's cited exhibits cover just a four-month window related to his work on this team (December 2021 to March 2022).

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 18

█████ ).  And where SaveOnSP suggests that Akright had a unique role, the cited documents

refute that claim. ████████████████████████████████████

████████████████████████████ Mot. at 19 (citing SaveOnSP Ex. 127

(JJHCS_00130759)). ████████████████████████████████████

████████████████████████████████████████████

████████████████ . SaveOnSP Ex. 127 (JJHCS_00130759).

### 9.    Cecelia Trybus

Trybus, the lead for the Stelara withMe "Nurse Navigators" Program, is irrelevant to this

case.  *See* SaveOnSP Ex. 131 (JJHCS_00144065).  As the name implies, ████████████

████████████████████████████████████████████

████████████████████████████████████████████ .

SaveOnSP Ex. 136 (JJHCS_00181615) at -624, -629. ████████████████

████████████████████████████████████ ."  *Id.* at

-625. ████████████████████████████████████

████████████████████████████████ .  *See id*. at -637, -641 ████████

████████████████████████████████████████

████████████████

Contrary to SaveOnSP's suggestion, Trybus did not answer "questions about J&J's

position on maximizers."  Mot. at 20 (citing SaveOnSP Ex. 133 (JJHCS_00218944) (████████

████████████████████████████████████ )).  Nor did she provide

feedback, as SaveOnSP suggests, on a communication sent to "all Maximizer impacted patients."

*Id*. ████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 19



.” SaveOnSP Ex. 134 (JJHCS_00182184) (

s).

.” Mot. at 20; *see* SaveOnSP Ex. 136 (JJHCS_00181615) at -615 (

).

. *See* SaveOnSP Ex. 137 (JJHCS_00164517)

); SaveOnSP Ex. 138 (

).

Finally, SaveOnSP attempts to present Trybus as being uniquely situated, given that there are no current custodians from Trybus's team. Mot. at 19 n.13. But that is a mistaken premise: no one on Trybus's team is a custodian because they, like Trybus herself, are all irrelevant.[13]

## II.    SaveOnSP's Overbroad, Burdensome Search Terms Elicit Irrelevant Documents

SaveOnSP has not shown that these nine individuals possess unique, relevant documents, and the Court should deny SaveOnSP's motion on that basis alone. But even if the Court compels JJHCS to add one of these custodians, Your Honor should not bless SaveOnSP's requested search terms, which are exceedingly overbroad and impose an undue burden on JJHCS.

SaveOnSP claims here—as it always does—to have "tailored" its search terms to each of the custodians at issue. Mot. at 1. There is nothing "tailored" about SaveOnSP's search term

---

[13] And again, SaveOnSP demands Trybus for an exceedingly broad seven-year time period given that it cites exhibits limited to a 16-month window (June 2022 to October 2023).

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 20

proposal, which includes nine terms to be run over all custodians for a seven-year period, as well as up to 17 additional search terms to be run over each custodian's individual files. Some of these are terms Your Honor has already rejected.[14] Others are untethered to the issues in this case and so will return numerous false hits if run across the files of "brand" employees who worked every day on drugs like Stelara and Tremfya.[15] Thus, if the Court sees fit to compel JJHCS to increase its custodian count past the 46 it already has designated, it should require SaveOnSP to make an appropriate search term proposal as to any new custodian that is limited to the years of his or her relevant work, and directly connected to an actual gap in JJHCS's productions to date.

## CONCLUSION

For the foregoing reasons, Your Honor should deny SaveOnSP's October 9, 2024 motion.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:    Counsel of record

---

[14] These terms are:

TrialCard w/40 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR "discount*OR" "savings card*" OR "free trial*")

[15] For example:

(STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

# Exhibit 1

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

August 28, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write regarding J&J's July 31, 2024 Responses and Objections ("R&Os")
to RFP Nos. 98 and 99.

**RFP No. 98** concerns the 2023 Co-Pay Assistance Diversion Program that
███████████████████████████ JJHCS_00229086. You say
that J&J has produced or will produce documents responsive to this request to the
extent that they are also responsive to RFP No. 8 (all documents and communica-
tions with or regarding SaveOn) and No. 20 (studies, reports, and publications that
JJHCS has funded or supported regarding accumulator and maximizer programs
generally). R&Os at 7.

*First*, RFP No. 98 concerns a working group that was part of J&J's contin-
ued response to SaveOn and copay accumulators and maximizers, words that J&J
uses to refer to SaveOn, Dkt. 192 at 29. Please confirm that J&J will produce doc-
uments regarding this working group beyond just those that expressly mention
SaveOn or include a study, report, or publication on an accumulator or maximizer
program.

*Second*, although J&J represents that documents concerning this working
group would have previously been produced in response to RFP Nos. 8 and 20, we
have not identified additional documents in J&J's productions concerning this
working group. If J&J maintains that it has produced such documents, please iden-
tify them by Bates number.

Ian Eppler
August 28, 2024

*Third*, please provide the name of this working group and a list of individuals who were part of it. Please also propose which of those individuals might serve as custodians for documents regarding this working group.

**RFP No. 99** concerns a working group comprised of "█████████ ███████████████████████████████████████████████████████████ JJHCS_00228430. This email prompted Judge Wolfson to determine that Penkowski was an "appropriate custodian." *See* Dkt. 192 at 29 ("newly produced documents confirm that Penkowski is an appropriate custodian: for example, documents show [Penkowski's] role in responding to 'accumulators,' a term that Plaintiff used internally to refer to SaveOnSP's programs").

*First*, J&J objects to this Request "as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications regarding other accumulators unrelated to SaveOnSP." R&Os at 8. Please confirm that J&J will not withhold documents simply because they do not expressly mention SaveOn. *See* Dkt. 192 at 29 ("Contrary to Plaintiff's argument, Defendant's denial that it is an accumulator does not change the fact that Plaintiff refers to Defendant's program in that manner, and therefore, Defendant is entitled to discovery from representatives who were internally involved in responding to accumulator programs.").

*Second*, J&J says that "JJHCS has produced documents elicited by a search term designed to capture documents related to this working group." R&Os at 8. Please identify those documents by Bates number.

*Third*, we ask that you add John Reuland as a custodian. █████



*See* JJHCS_00248247 (█████████████████████████████████████████████████████████████████████████████████ JJHCS_00248708 (███████████████████████████████████████ JJHCS_00248719 (█████████████████████████████████████████████).

*Fourth*, we do not find documents in J&J's production that provide the name of the working group or show its members. Please provide the name of this working group and a list of individuals who were part of it. Please indicate also propose which of those individuals might serve as custodians for documents regarding this working group.

\*          \*          \*

We request a response by September 4, 2024. We are available to meet and confer. We reserve all rights.

2

Ian Eppler
August 28, 2024

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

July 19, 2024

**<u>Via E-mail</u>**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

**Re:    *JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)***

Dear Julia,

       We write pursuant to Judge Wolfson's order regarding Janssen Scientific Affairs ("<u>Scientific</u>").

       *First*, we ask that J&J add Scientific employees Mike Ingham, Kay Sadik, and Bridget Doherty as custodians. ██████████████████████████
██████████████████ Doherty was involved in

---

[1] *See, e.g.,* ████████████████████

Julia Long
July 19, 2024



We propose the following search terms for their documents for the full discovery time period of April 1, 2016 to November 7, 2023:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- 

- (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*)

*Second*, we ask that J&J produce from non-custodial sources documents associated with the following requests, also from the full discovery time period:

- Request No. 3: Documents Sufficient to show Janssen Scientific Affairs' organizational structure, including organizational charts.

- Request No. 8: All documents and Communications with or regarding SaveOnSP.

---

² *See also* 

Julia Long
July 19, 2024

- Request No. 20: All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

- Request No. 22: All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

- Request No. 25: All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 110, 115.

- Request No. 42: All Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

- Request No. 49: All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

*Finally*, if Scientific employees other than Ingham, Sadick, and Doherty worked on these topics, please identify them.

We ask that you respond by July 26, 2024. We reserve all rights, and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

3

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

July 19, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding J&J's July 3, 2024 responses and objections to SaveOn's
Fourth Set of Interrogatories (the "R&Os") and to request additional custodians
regarding the Best Price Rule. *See* May 28, 2024 Letter Order at 3 (directing the
parties to meet and confer after the interrogatories were served and answered).

In light of J&J's responses, SaveOn requests the addition of Lena Kane and
Gina Kiris as custodians. Both did work relevant to J&J's response to the 2023 Best
Price Rule, which is relevant to J&J's intent for instituting the CAP Program. *See*
May 28, 2024 Order at 2. Their work is relevant to (1) the meaning of CarePath's
T&Cs—they edited the eligibility requirements for CarePath, and (2) mitigation—
they worked on strategy for and implementing the CAP Program.

**Lena Kane**.

. JJHCS_00150781; *see also* JJHCS_00156938 (
).

. JJHCS_00198121 (

); JJHCS_00083755

); JJHCS_00117387 (

Julia Long
July 19, 2024

); *see also* JJHCS_00083830 (

); JJHCS_00205896 (

); JJHCS_00197915 (

); JJHCS_00133545

); JJHCS_00001239 (

); JJHCS_00011216 (

); JJHCS_00084174 (

); JJHCS_00041211

(                                                                                    ).

**Gina Kiris**.

. *See* JJHCS_00122171; JJHCS_00150779;

JJHCS_00156938.

. JJHCS_00150779; *see also*

JJHCS_00257203 (                                                ); JJHCS_00156591 (

).

SaveOn requests that J&J run the following search terms over Kane and Kiris's documents from June 19, 2020 through May 17, 2022:

- "Save On" (case sensitive)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR ac-credo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (CAPa OR CAPm OR "adjustment program" OR "diversion program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("copay" OR "co-pay" or fund* OR manufact*) w/20 ("best price" or "BP") w/20 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save OnSP" OR "Save OnSP" OR Save-On OR SOSP)

Julia Long
July 19, 2024

- ("best price" OR "BP" OR "CMS" OR "Final Rule") AND (accumulat* OR maximiz* OR "adjustment program" OR "diversion program")

- (CAP w/3 (2023 OR 23))

- (Compliance w/5 Checklist*) AND "CAP" (case sensitive)

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) AND ((assistance OR benefit) w/30 ("other third party" OR "PBM"))

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) AND ((exclud* OR includ*) w/30 ("AMP" OR "Best Price Calculation"))

Please confirm that J&J will add Kane and Kiris as custodians and run the above terms. If not, please explain the basis on which you refuse. If J&J asserts a burden objection, please provide hit counts for SaveOn's proposed terms.

We request a response by July 26, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

3

# Exhibit 4

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

June 28, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:    **Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

SaveOn writes to request that J&J add Norhaan Khalil and Joseph Incelli as
custodians. We have reviewed J&J's latest productions and, for the reasons de-
scribed below, believe they are likely to have unique, relevant documents related
to the development of the CAP program. All cited documents come from J&J's pro-
duction 10 (December 22, 2023) or later.

**I.    Norhaan Khalil**



Judge Wolfson and Judge Waldor have consist-
ently found the CAP Program relevant to J&J's mitigation efforts. *See* May 28,
2024 Order at 10 ("I reiterate that the requested discovery is relevant as the docu-
ments at issue relate to the creation and implementation of the CAP Program");
Apr. 10, 2024 Order at 2 (expanding CAP search terms to capture "highly relevant

Julia Long
June 28, 2024

documents to Defendant's defense"); Feb. 6, 2024 Order at 25-26 (ordering CAP-related search terms for custodians added "because of their association with the CAP program").



Additionally, SaveOn notes two production deficiencies related to these studies.

Even if J&J does not currently possess this underlying data, J&J had—and continues to have—control through its right to obtain them upon demand. *See Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). ███████████ ████████████████████████ are responsive to RFP No. 8, because they relate

Julia Long
June 28, 2024

to SaveOn, RFP No. 42, because they relate to J&J's understanding of accumulators and maximizers, and RFP No. 75, because they explicitly discuss this litigation.

## II.    Joseph Incelli

Julia Long
June 28, 2024



SaveOn requested documents about the CAP Program in RFP Nos. 33, 41, 49, 58, 59, and 64. J&J has already agreed, or been ordered, to produce discovery about the CAP program in response to those RFPs. *See* May 28, 2024 Order at 10; Apr. 10, 2024 Order at 2; Feb. 6, 2024 Order at 25-26. Incelli is likely to have unique, relevant documents to satisfy J&J's production obligations regarding the CAP Program.

## III.    Proposed Search Terms

### A.    CAP Custodian Search Terms

SaveOn requests that J&J run the following search terms across the custodial files of Khalil and Incelli across the full Relevant Time Period. SaveOn notes that the parties already agreed, or have been ordered, to run the same search terms over the files of all CAP custodians. *See* Feb. 15, 2024 Ltr. from J. Long to E. Snow; Apr. 5, 2024 Ltr. from J. Long to E. Snow; Apr. 26, 2024 Ltr. from I. Eppler to E. Snow.

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

Julia Long
June 28, 2024

- ("essential health benefit*" OR EHB* OR "non-essential health benefit"
  OR "nonessential health benefit*" OR NEHB*) W/50 ("CAPa" OR
  CAPm" OR "adjustment program" OR accumulat* OR maximiz*)

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB"
  OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment pro-
  gram")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB"
  OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment pro-
  gram")

- Avalere w/50 "other offer"

SaveOn also requests an additional term be run over the custodial files of
both Khalil and Incelli from January 1, 2022 to November 7, 2023 due to their
involvement █████████████

███████████████████████████████████

**B.   Norhaan Khalil**

SaveOn also requests the following search terms be run over the files of Kha-
lil specifically, across the Relevant Time Period, due to her involvement with the
█████████████████████

████████████████



████████████████████████████

**C.   Joseph Incelli**

SaveOn also requests the following search terms be run over the files of
Incelli specifically, across the Relevant Time Period, due to his involvement with
████████████████████████

████████████

█████████████████████████████████

Julia Long
June 28, 2024



     If J&J objects to adding either individual on the ground that doing so would be unduly burdensome or that their documents would be duplicative or cumulative of those of another custodian, please provide hit counts of how many unique, relevant documents would be identified for that individual by each of SaveOn's proposed search terms. *See Steven Madden, Ltd. v. Jasmin Larian, LLC*, 2019 WL 3940112, at *2 (S.D.N.Y. July 8, 2019) (finding vague assertions that proposed custodians' documents would be duplicative "unsupported by evidence and meritless").

     We request a response by July 8, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

6

Exhibit 5



www.pbwt.com

August 19, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
       **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's August 2, 2024 letter and further to our July 26, 2024 letter concerning SaveOnSP's request for additional custodians regarding the promulgation of the 2023 Best Price Rule.

You again request that JJHCS add two new custodians, Lena Kane and Gina Kiris, based on their ███████████████████ which you claim is relevant to "revisions made to the T&Cs." Aug. 2, 2024 Ltr. from E. Snow to J. Long at 3. As we explained in our July 26, 2024 letter, and as set forth in JJHCS's July 3, 2024 responses and objections to SaveOnSP's Fourth Set of Interrogatories (the "R&Os"), this premise is mistaken. Again, "████████████████████████████████████████████████████████████████████████████████ July 26, 2024 Ltr. from J. Long to E. Snow at 1.

In your August 2 letter, you now claim that "[n]umerous documents contradict this assertion." Aug. 2, 2024 Ltr. from E. Snow to J. Long at 1. Not so. SaveOnSP appears to be confusing references to "CAP" (i.e., general references to accumulator and maximizer programs) with the what the parties have been referring to as the "CAP Program," which SaveOnSP repeatedly has defined as "JJHCS's Cost or Copay Adjustment Program, which was designed to identify members of Accumulators, Maximizers, and SaveOn-advised plans and to reduce CarePath payments to those members." *E.g.*, SaveOnSP's Aug. 2, 2024 Corrected Fourth Set of Interrogatories; SaveOnSP's July 19, 2024 Fifth Set of Interrogatories (adding "[t]he CAP Program encompasses J&J's response to Accumulators, Maximizers, and SaveOn whether

Elizabeth H. Snow, Esq.
August 19, 2024
Page 2

formally labeled as the CAP Program or not").[1]  JJHCS does not dispute that the "2023 Best Price Rule" would "for the first time have included copay assistance payments in the calculation of Best Price, unless 'the manufacturer ensures the full value of the assistance or benefit is passed on to the consumer or patient.'"  May 2, 2024 Opposition to Motion to Compel at 8 (quoting *Revising Medicaid Drug Rebate and Third Party Liability Requirements,* 85 Fed. Reg. 37286, 37298 (June 19, 2020)).  It is therefore unsurprising that ████████████████████████████████



████████████████  *E.g.*, JJHCS_00084176 (████████████████████████████████████████████████████████████████████████████████████████████████); JJHCS_00198122 ████████).  None of SaveOnSP's cited documents,[2] however, ██████████████████████████████████████████████████████████████████████████████████ *E.g.*, JJHCS_00156872 (████████████████████████████████████████████████████████████████████; JJHCS_00117387 (████████████████████████████████████████████████████████████.

To the extent SaveOnSP uses the phrase "CAP 2023" as interchangeable with the "CAP Program," that, too, is mistaken.  ████████████████████████████████████████████████████████████████████████, *see PhRMA v. Becerra*, 2022 WL 1551924, at *1 (D.D.C. May 17, 2022)—████████████.  *Compare* JJHCS_00139737 at 16 (████████████████████████████████████████ *with id.* at 28 (████████████████████████████████████████████████████████████████████████████████████████).  ██████████████████████████████████████.  *See* JJHCS_00156872 (████████████████████████████).[3]

In light of the above, custodial discovery from Ms. Kane or Ms. Kiris is not necessary or warranted.  Neither Ms. Kane nor Ms. Kiris was responsible for drafting the portions of the terms and conditions, including the May-Not-Use Provision, relevant to this action.  *See,*

---

[1] JJHCS maintains its objections to SaveOnSP's definitions for the reasons set forth in its July 3, 2024 and August 7, 2024 responses and objections to these interrogatories.

[2] JJHCS could not locate JJHCS_0083758, which appears to be missing a digit.

[3] Upon further review, JJHCS will reproduce JJHCS_00272481, the attachment to JJHCS_00272478, with narrowed redactions.

Elizabeth H. Snow, Esq.
August 19, 2024
Page 3


*e.g.*, Feb. 6, 2024 Order at 13 (permitting discovery concerning eligibility criteria set forth in the provision "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"); Apr. 25, 2024 Order at 3 (denying reconsideration). ████████

████████████████████████████████████████████████████████

████████    *See* R&Os at 8–9.  Further, because Ms. Kane's and Ms. Kiris's roles are irrelevant to the issues in the litigation, JJHCS will not collect their documents to provide hit counts for SaveOnSP's proposed terms.

Very truly yours,


*/s/ Julia Long*
Julia Long

# EXHIBITS 6 - 7

## Confidential - Filed Under Seal

# Exhibit 8

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S FIRST SET OF INTERROGATORIES** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an

1

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.      JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.      JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.      JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.      JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

2

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further

objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of

the case to extent it purports to include "any and all predecessors and successors in interest,

assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include

entities and persons acting or purporting to act on behalf of or under the control of entities other

than Johnson & Johnson Healthcare Systems, Inc.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as

irrelevant to the extent it purports to include entities other than those within JJHCS responsible

for administering CarePath from January 1, 2017 to the present.  JJHCS further objects to the

definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it includes "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants and all persons or entities acting or purporting to

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer,

in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the

term is used to seek information in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

3

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from before January 1, 2017. Unless otherwise noted, JJHCS will only provide information from January 1, 2017 through July 1, 2022 (the "Time Period").

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1

Identify each person who participated in or had responsibility for communications with patients or health plans, including any communications between CarePath Care Coordinators or JJHCS Hub Entities and patients, from January 1, 2009 through the present.

**Response:**

4







JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## Interrogatory No. 2

Identify each person who participated in or had responsibility for the marketing of CarePath or other communications with the public regarding CarePath, including those mentioning Copay Accumulator Services or Copay Maximizer Services, from January 1, 2009 through the present.

**Response:**



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 3**

Identify each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug, from January 1, 2009 through the present.

**Response:**

10



███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## Interrogatory No. 4

Identify each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs, from January 1, 2009 through the present.

## Response:

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████    ██████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████.


███████████████████████████████████

████████████████████████████████████

██████████████████████████████

- ███████████████

- ██████████

- ██████████

- █████

- ███████

- ██████

- ██████████

- ██████████

- ████████████████

- █████████

- ██████████████

- ████████

- ██████████

- ███████

██████████████████████████████████████

██████████████████████████

- ███████

- ██████████

- ███████

- ███████



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 5**

Identify each person who participated in or had responsibility for JJHCS's attempts to identify health plans advised by SaveOnSP or patients enrolled in such plans.

**Response:**



JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 6**

Identify each person who participated in or had responsibility for JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients enrolled in health plans advised by SaveOnSP, including JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients using Stelara or Tremfya.

**Response:**



16

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 7**

Identify each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**Response:**

17

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.


Dated: January 17, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

18

## CERTIFICATION

1.  I am Senior Director of Supplier Management & Operations for the Patient Engagement & Customer Solutions group within JJHCS. I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2.  I have read the attached Responses to SaveOnSP's First Set of Interrogatories.

3.  The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.  As to Responses based upon my personal knowledge, they are true to the best of my knowledge. As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.

Dated: January 17, 2022
Piscataway, NJ

John Paul Franz

# Exhibit 9



July 17, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

      **Re:**    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
              **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

      We write in response to SaveOnSP's June 26, 2024 letter concerning the PAFA/ PAFA+ platform.

      Your letter claims that there is a gap in JJHCS's document production, based on a ██████████████████████—which, according to SaveOnSP, shows that PAFA+ contains "additional records of Benefits Investigations" outside of those produced by TrialCard.  June 26, 2024 Ltr. from E. Snow to J. Long at 1 (citing JJHCS_00231180 at -185).  We have investigated this screengrab and have determined that it reflects an entry created for training purposes only; it does not contain actual patient data.  And so this screengrab does not reflect any deficiency in TrialCard's production.

      Moreover, any patient data on PAFA+ related to the above-referenced benefits investigations is the same data that TrialCard has already produced.  As you know, TrialCard's prior productions include all benefits investigations conducted between January 1, 2022 and November 7, 2023 that sought to determine whether a patient was in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan for patients taking Stelara or Tremfya who were enrolled in copay assistance, as those records are maintained in the ordinary course of business.  *See* Mar. 12, 2024 Ltr. from S. Arrow to H. Miles at 1.  Accordingly, there is no basis to revisit TrialCard's production of benefits investigations previously agreed to by the parties.

      We are available to meet and confer.

                      Very truly yours,

                      */s/ Julia Long*
                      Julia Long

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

November 11, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:  *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
     **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in reply to Plaintiff Johnson & John-son Health Care Systems Inc.'s ("JJHCS," and, with its affiliates, "J&J") opposition to SaveOn's motion to compel J&J to add nine custodians and run the tailored search terms in Appendix 1.

Extensive evidence shows that the proposed custodians are relevant and likely to have unique documents. As shown below for each, J&J does not contest much of this evidence and misrepresents much of the rest. While J&J accuses SaveOn of delay, Opp. 2-3, the true source of delay is J&J, which withheld key information at the start of discovery (like its CAP Program and benefits investigations), falsely insisted that no one outside of JJHCS had relevant evidence, re-fused to search non-JJHCS entities where relevant individuals work, and opposed new custodians,

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                    Page 2

who, once added, proved to have unique documents undercutting J&J's claims.

J&J has no valid burden argument. Granting SaveOn's motion would result in 55 total cus-todians, Opp. 1, a fraction of the *hundreds* of J&J employees who worked on key issues.[1] *E.g.*, Ans. ¶ 74. Even with its 46 current custodians, J&J has to date produced only 46,090 documents, a sliver of the 305,000 documents that SaveOn has produced. And J&J provides no hit counts for SaveOn's proposed search terms, failing to show any burden, let alone an undue one.

J&J's belated arguments—not raised in the parties' negotiations—to limit search terms or time periods are unpersuasive. Opp. 5, 19-20. SaveOn proposes nine general terms on the inargu-ably relevant topics of SaveOn and J&J's CAP program, App. 1 at 1, which J&J has run over all existing custodians; and specific terms for each new custodian, tailored to the topics on which they worked, *id.* at 1-9.[2] J&J asks to limit individual custodians' time periods, but many of SaveOn's proposed individual terms are already time-limited, beginning in January 2021. *Id.* at 2-8. J&J suggests further limiting the time periods of some custodians to the date ranges of the documents that SaveOn cites, Opp. 5, 9, 12-13, 17, 19, but J&J does not represent that they worked on relevant topics *only* during those times. Your Honor should not artificially limit discovery based on when relevant documents happened to be forwarded to existing custodians.

**Katie Hanculak**: J&J does not dispute that Hanculak (1) , *see* Mot. 3-4; Exs. 16-20;

---

[1] While J&J says that SaveOn will seek to compel J&J to add 14 additional custodians, Opp. 1, 3, SaveOn does not intend to do so based on the current record; it reserves it rights if newly produced documents show that any of them should be custodians.

[2] After SaveOn filed its October 9 motion, Your Honor modified two terms in ruling on a different motion, *see* Opp. 20; SaveOn modifies those two proposed terms to follow the October 21 Order.

(2) █████████████████████████████████████████████████████████

███, *see* Mot. 4; Exs. 19-20; (3) ██████████████████████████████████

███████████████████████, *see* Mot. 4-5; Exs. 21-32; and (4) ████████████████

████████████████████████████████████████████, *see* Mot. 5-6; Exs. 38-41.

J&J discusses only eight of SaveOn's 28 exhibits. ████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████" Opp. 4 (citing Exs. 23, 24, 39, and 40 and J&J Ex. 6), ████████████

████████████████████████████████████████████████████: (1) █████████████

██████████████████████████████████████████████████████████████████████

███████████; (2) in ████████████████████████████████████████████████████;

(3)██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████ (4) in ██████████████████████████████████

██████████████████████████████████████████████████████████████████████

J&J does not dispute that the remaining two exhibits show that Hanculak was a member of

J&J's CAP Tiger Team. Opp. 5 (citing Exs. 34, 37). While J&J asserts it has ten custodians who

received invitations to the Tiger Team meeting that Hanculak attended, *id.*, this does not make her

duplicative—███████████████████████████████████████████████████████████

██████████████████████████████████████████████. Ex. 35 at -044.

**Elizabeth Kreul-Star**: Kreul-Starr, ████████████████████████████████

██████████████████████████████████████████████████████████████████████.

Ex. 18 at -078 (████████████████████████████████████████████████████████

██████████); Ex. 67 at -593 (██████████████████████████████████████████████

██████████████████████████████ "). J&J does not dispute that Kreul-Starr (1) ███████████

█████████████████, Mot. 8-9; (2) ██████████████████████████████

██████████████████████ Ex. 33 at -568; *see also* Ex. 57; (3) ████████████

█████████████████████████████, *see* Exs. 60, 61; and (4) ███████

██████████████████████ *see* Ex. 63 at -365 (████████████████████

████████████████████████████████████████████

██████████████████).[3]

While J&J says that some exhibits do not refer to SaveOn by name, Opp. 7, ██████

██████████████████ *e.g.*, Ex. 46 at -267, -269; Exs. 47-50, and SaveOn is "entitled

to discovery from representatives who were internally involved in responding to accumulator pro-

grams," Dkt. 192 at 29. ████████████████████████████████

█████, Opp. 7, ███████████████████████████, Ex. 51 at -477, ███████

████████████. And while J&J says that Kreul-Starr is not relevant to damages, Opp. 6-7, it

████████████████████████████████████████████

███████████████████████████ Opp. 7, ████████████████

████████████████████ *See also* Exs. 57, 60-61; Ex. 53 at -990, -005.[4]

---

[3] J&J asks Your Honor to ignore exhibits referring to the Best Price Rule, saying that Your Honor
held that topic irrelevant, Opp. 8, but Your Honor "agree[d] with Defendant's position that these
documents *may* reveal Plaintiff's intent and motivation in identifying its patients who are on Save-
OnSP's programs," Dkt. 307 at 2 (original emphasis). In any event, those documents also relate to
J&J's mitigation efforts, Ex. 49 at -196, Ex. 50 at -740. J&J also asks Your Honor to ignore doc-
uments regarding enforcement of T&C provisions other than the May-Not-Use Provision, Opp. 8,
but████████████████████████████████████, *e.g.*, Ex. 56.

[4] SaveOn did not "delay" in requesting Kreul-Starr. *Contra* Opp. 6. ████████████████
████████████████████████████████████████████ J&J
Ex. 8 at 10, it did not disclose her additional responsibilities for revising CarePath's T&Cs, iden-
tifying patients on maximizers, and determining CarePath's annual maximum benefit, *see* Ex. 2

Hon. Freda L. Wolfson                                                            Page 5

**Matthew Saggese:** Saggese worked to leverage copay assistance to sell more gastrointes-

tinal drugs for J&J. Mot. 10-11. While J&J asserts that he only received updates from others about

CarePath, Opp. 9, in fact he *implemented* J&J's policies for CarePath patients on accumulators and

maximizers. ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ .

Saggese was also involved with J&J's scheme to send patients to SaveOn after they ex-

hausted CarePath funds. Mot. 11 (citing Ex. 82). While J&J says that there is "zero evidence for

this claim," Opp. 10, ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████ Ex. 82 at -853-54, -855.0001. ████████████████████████████ ,

Opp. 10-11, ████████████████████████████████████████████████████████████

██████████████████████████ . Ex. 139 (JJHCS_00073531). ██████████████████████ , Opp.

11, ████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████ , Opp. 11, ██████████████████████████████████

████████████████████████████████████████████████████████████████ . Ex. 82

---

( ██████████████████████████████████████████████ ); J&J would not produce docu-
ments showing this involvement until 2024, *e.g.*, Ex. 57; Ex. 33. Kreul-Starr also did most of her
work at non-JJHCS entities, *e.g.*, Ex. 64 ( ████████ ); Exs. 65, 72-73 ██████████████ ; Exs. 69 & 74
( ██████████████ ), and J&J refused to voluntarily provide information about non-JJHCS entities.
SaveOn sought discovery from those entities, Dkt. 360 Ex. C at 9 n.14, which J&J opposed.
SaveOn then sought her as a custodian, Ex. 3 at 8, two days after Your Honor's order that it proceed
on a custodian-by-custodian basis, Dkt. 336 at 2.

at -853.



," Ex. 79 at -559,

Exs. 79-81; Mot. 10;

Opp. 10. While J&J calls this irrelevant, Opp. 10,

.

**Jane Frechette:** J&J does not dispute that Frechette monitored how other manufacturers changed their copay assistance programs' T&Cs to respond to accumulators and maximizers. Mot. 11-13. J&J put these changes at issue by asserting that the meaning of the May-Not-Use Provision is informed by industry custom and practice, *e.g.*, Dkt. 146 at 16, 19 (asserting it is "ubiquit[ous] in the industry" and "common in copay support programs"), so it cannot now credibly call its knowledge of other manufacturers' T&Cs irrelevant, Opp. 11. It is also no answer for J&J to say that those other T&Cs are public, *id.*; SaveOn seeks Frechette's documents to probe J&J's knowledge of and reaction to those changes, even as J&J failed to update its own T&Cs.

While J&J asserts that "there is no suggestion that Frechette gave substantive feedback on the terms themselves," *id.* at 12,

"



," Ex. 92 at -453.

, Opp. 12,

Ex. 94 at -272

[5]

**Casey Sasse:** J&J does not dispute the extensive evidence showing Sasse's central roles in tracking accumulator and maximizer participation based on copay spend and in identifying patients on such programs. Mot. 13-14. While J&J asserts that her work is captured in existing custodians' documents, Opp. 13,



. *Id.* at -583. J&J similarly suggests that Sasse's work on the CAP 2023 Project is captured in the documents of other team members, Opp. 13,

*See* Ex. 105 at -241 (

).

**Barbara McCabe:** J&J does not dispute that McCabe tracked other drug manufacturers' updates of their T&Cs in response to accumulators and maximizers. Mot. 15-16. While J&J asserts that these terms were public, Opp. 15, J&J's reaction to and understanding of them is not. And while J&J asserts that McCabe did not draft its T&Cs, *id.* at 13-14, it concedes that she helped

---

[5] While J&J suggests that it did not consider SaveOn to be an accumulator, Mot. 12, its "denial that [SaveOn] is an accumulator does not change the fact that [J&J] refers to [SaveOn's] program in that manner," Dkt. 192 at 29; *see also* Oct. 11, 2024 Hr'g Tr. 55:9-15 (J&J counsel asserting that "there are aspects of SaveOn's programs that do mirror an accumulator program as well").

Hon. Freda L. Wolfson                                                              Page 8

draft training materials and call guides that J&J used to explain the T&Cs' meaning to J&J em-

ployees and to patients, *id.*— ████████████████████████████████████████████

████████, Ex. 108 at -050 slide 11, ████████████████, Ex. 109 at -571.

J&J also does not dispute that McCabe had access to PAFA+, the platform through which

J&J identified by name patients on accumulators, maximizers, or SaveOn-advised plans; she

would be the only custodian with such access. J&J asserts that PAFA+ contains data on BIs that

TrialCard already produced, Opp. 15 n.11, ████████████████████████████████████████

████████████████████████████████████████████████████, *compare* Ex.

140 (TRIALCARD_00009752), *with* Ex. 111 (slide 3). J&J also says that McCabe shared all her

materials regarding PAFA+ with her supervisor, Singh, Opp. 14-15, but it cites nothing showing

that Singh, ████████████████████████████, Ex. 110 at -970, had access to PAFA+. McCabe

is thus highly likely to have unique materials regarding PAFA+ that Singh does not.

**Kevin Kleemeier:** Kleemeier played a lead role in implementing J&J's advocacy-related

response to accumulators and maximizers. Mot. 16-18. While J&J denies him a "noteworthy role,"

Opp. 15, ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████ Ex. 113 at -200.

████████████████████████, Opp. 16, ████████████████████████████████. 113 at -184.[6]

---

[6] ████████████████████, Opp. 16, ████████████████████████████████████████. *E.g.*,
Ex. 141 (JJHCS_00221284) (████████████████████████████████████████████████████████
████████████████████); Ex. 142 at -600-01 (JJHCS_00170600) (████████████████████████
████████████████████████████████████████████████████████████████).

Hon. Freda L. Wolfson                                                                    Page 9

J&J also does not dispute that Kleemeier was involved with developing a response to ac-

cumulators ███████████████████████████████████████████████████████████████████

████████████████████"; it also does not dispute that this program is relevant or that Kleemeier

will have unique documents about it. Mot. 18 (citing Ex. 119). ██████████████████████████

████████████████████████████████████████████████████████" Opp. 16, ███████████

██████████████████████████████████████████████████████████████████████████████

███████████████████████ Ex. 119 at -825 ("████████████████████████████████████

███████████████████████████████████████████████ (altered emphases)).

**Mitchell Akright:** J&J does not dispute that ████████████████████████ IMM Cap

Tiger Team, ████████████████████████████████████████████████████████████████████

███████████████████████████████████████████. Mot. 18-19 (citing Exs.

121-124). While J&J asserts that Akright ██████████████████████████████████, Opp.

17, it ████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████, *see* Ex. 143

(JJHCS_00139553) (███████████████████████████████████████)—██████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ Ex. 124 at -296.

J&J also does not dispute that Akright sought feedback about patient reactions to accumu-

lators and maximizers and J&J's reactions to them, or that this information is relevant. Mot. 19.

_____

███████████████████████████████████████████████████████████████, and J&J cites

nothing indicating he did so.

Hon. Freda L. Wolfson                                                      Page 10

While J&J says that his work is likely captured by other custodians' documents, Opp. 17, █████████

█████████████████████████████████████████████████████████████████████████████████████.

█████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████." *Id.*

at -760-61. █████████████████████████████████████████████████████████████████

█████████████████████████████████." Ex. 127 at -759 (emphasis added). And Exhibit 128,

which J&J does not address, ████████████████████████████████████████████████.

**Cecelia Trybus:** J&J does not dispute that Trybus was the lead Nurse Navigator for the

Stelara withMe Program (formerly CarePath) and would be the only Nurse Navigator custodian.

Mot. 19-20. ████████████████████████████████████████" Opp. 18, █████████

██████████████████████████████, *see* Ex. 138 at -154, █████████████████████

█████████████████████████████████████████████." *Id.*

█████████████████████████████████████████████████████████████████████████████

█████████████ts, Opp. 18-19, ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████" Ex. 144 at -946 (JJHCS_00218944) (same as

Ex. 133, but with full document family). ███████████████████████████████████████

███████████████████████████████████, *see* Ex. 145 at 299-300

(JJHCS_00182999), ██████████████████████████████████████████████."

Ex. 146 at -877-78 (JJHCS_00192875). ████████████████████████████████████████

███████████████████████████, Opp. 19, ████████████████████████████████████

█████████████s, *see, e.g.*, Ex. 144 at -945 (JJHCS_00218944).

*          *          *

Hon. Freda L. Wolfson                                                              Page 11

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# EXHIBITS 139 - 146

## Confidential - Filed Under Seal