E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
ewohlforth@rc.com
sgalli@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., and ACCREDO HEALTH GROUP, INC. <br><br> Defendants. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **DECLARATION OF E. EVANS WOHLFORTH, JR., ESQ., IN SUPPORT OF MOTION TO SEAL** |

I, E. Evans Wohlforth, Jr., submit this Declaration in support of Defendant Save On SP,

LLC's ("SaveOn") and Johnson and Johnson Health Care Systems Inc.'s ("JJHCS") Joint Motion

to Permanently Seal Portions of JJHCS's October 7, 2024 Motion to Supplement, Exs. 3-6, 8-9 of the Mangi Declaration [ECF No. 404], SaveOn's November 4, 2024 Opposition and Exs. 1-3, 6-7 of the Nelson Declaration [ECF No. 431], and JJHCS's November 26, 2024 Reply [ECF No. 458].

1.    I am an attorney duly authorized to practice law in the State of New Jersey and a member in good standing of the bar of this Court. I am a member of the law firm of Robinson & Cole, LLP, co-counsel for SaveOn.

## SAVEON CONFIDENTIAL INFORMATION

2.    I submit this Certification in accordance with Local Civil Rule 5.3 based upon my personal knowledge in support of the Motion to Seal. The information that SaveOn seeks to seal consists of SaveOn's confidential, internal information and communications about its business operations, strategies, and internal programs, which SaveOn asserts is proprietary business information.

3.    In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Appendix A contains the table documenting all materials to be sealed by SaveOn, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available. In summary, the information that SaveOn seeks to protect from public disclosure is SaveOn's proprietary business information.

4.    In accordance with Local Rule 5.3(c)(3)(f), this office contacted Plaintiff's counsel via e-mail to inquire as to Plaintiff's position on whether the materials that are the subject of this Motion should remain sealed.  Plaintiff's counsel does not object to the relief sought in the instant motion.

5.      Redacted versions of JJHCS's October 7, 2024 Motion to Supplement and Ex. 6 of the Mangi Declaration [ECF No. 404], SaveOn's November 4, 2024 Opposition and Ex. 1 of the Nelson Declaration [ECF No. 431], and JJHCS's November 26, 2024 Reply [ECF No. 458] containing SaveOn's confidential information, are being filed with this Motion pursuant to Local Rule 5.3(c)(4), to ensure that the sealing is by the least restrictive means possible.  No redacted versions of Exhibits 3-5, 8-9 of the Mangi Declaration to JJHCS's October 7, 2024 Motion to Supplement [ECF No. 404] and Exhibit 7 of the Nelson Declaration to SaveOn's November 4, 2024 Opposition [ECF No. 431] are being filed because it is believed that no less restrictive alternative than permanently sealing those exhibits will prevent the disclosure of SaveOn's proprietary business information.

6.      SaveOn asserts that it has a legitimate interest in maintaining the confidentiality of the redacted and sealed information contained in these filings and in avoiding the public disclosure of this information because it includes SaveOn's proprietary business information, the disclosure of which would grant SaveOn's business competitors an unfair competitive advantage.  *See e.g.*, *Goldenberg v. Indel, Inc*., 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc*., 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

7.      SaveOn has an interest in maintaining the confidentiality of the redacted information contained in the JJHCS's October 7, 2024 Motion to Supplement, Exhibits 3-6, 8-9 of the Mangi Declaration [ECF No. 404], SaveOn's November 4, 2024 Opposition and Exhibits 1, 7 of the Nelson Declaration [ECF No. 431], and JJHCS's November 26, 2024 Reply [ECF No. 458]

3

as the documents contain proprietary business information including SaveOn's business strategy for copay amounts and practices for communicating with patients, internal marketing materials, SaveOn's strategies for drafting and changing its terms and conditions, and SaveOn's strategy for determining which drugs to include coverage for by SaveOn-advised plans.

8.    Accordingly, SaveOn respectfully requests that the Court seal the unredacted versions of JJHCS's October 7, 2024 Motion to Supplement, Exhibits 3-6, 8-9 of the Mangi Declaration [ECF No. 404], SaveOn's November 4, 2024 Opposition and Exhibits 1, 7 of the Nelson Declaration [ECF No. 431], and JJHCS's November 26, 2024 Reply [ECF No. 458].

9.    SaveOn submits that there is no less restrictive alternative available.

10.    SaveOn respectfully submits that it has satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3.  Accordingly, SaveOn requests that the Court grant its motion to seal materials.

## JJHCS CONFIDENTIAL INFORMATION

11.    In support of this motion, JJHCS has prepared an index setting forth the information that it seeks to seal and the basis for the request (the "JJHCS Confidential Materials").  A copy of this index is attached hereto as Appendix B.

12.    The parties entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022 (ECF No. 62).

13.    In opposition to JJHCS's October 7, 2024 Motion to Supplement (the "Motion to Supplement,") SaveOn filed materials confidential to JJHCS, including three exhibits containing confidential business information concerning JJHCS's patience assistance program produced in discovery (*see* Exhibits 2, 3, and 6 to the Nelson Declaration (ECF No. 431)).

4

v1

14.    JJHCS designated its production of the documents contained in Exhibits 2 and 6 as Confidential - Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information.  (ECF No. 62.)

15.    JJHCS also seeks to seal Exhibit 3, a confidential exhibit produced by non-party RIS RX in response to a subpoena served on RIS RX by SaveOnSP in this action.  Exhibit 3 was designated as Highly Confidential Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62).  In light of the business relationship between JJHCS and RIS RX, JJHCS also considers the materials produced by RIS RX to contain information confidential to JJHCS, including the administration of the CarePath program.

16.    As detailed on Appendix B, JJHCS proposes the sealing of the entirety of Exhibits 2, 3, and 6 to the Nelson Declaration, along with limited redactions to SaveOnSP's November 4, 2024 Brief in Opposition (the "JJHCS Confidential Materials"). JJHCS's proposed redactions to the brief pertain entirely to discussion of the confidential exhibits.

17.    JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public.  For that reason, JJHCS asserts that its interest in maintaining the confidentiality of these documents is paramount.

18.    The parties have continued to safeguard and protect the confidentiality of the JJHCS Confidential Materials during the course of this action.  *See* ECF No. 62.

19.    JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information.  In short, JJHCS asserts that disclosure of this confidential information serves no useful purpose.

v1

20.     JJHCS asserts that sealing of the JJHCS Confidential Materials is the least restrictive alternative means of protecting JJHCS's highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

21.     JJHCS is not aware of any objection to having the JJHCS Confidential Materials being sealed.

22.     Accordingly, JJHCS requests that the Court grant its motion to seal the JJHCS Confidential Materials.

23.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  December 10, 2024          By: s/ *E. Evans Wohlforth, Jr.*
                                        E. Evans Wohlforth, Jr.
                                        Sabrina M. Galli
                                        **ROBINSON & COLE LLP**
                                        666 Third Avenue, 20th Floor
                                        New York, NY 10017
                                        Tel: (212) 451-2900
                                        ewohlforth@rc.com
                                        sgalli@rc.com

                                        and

                                        Philippe Z. Selendy (admitted *pro hac vice*)
                                        Andrew R. Dunlap (admitted *pro hac vice*)
                                        Meredith Nelson (admitted *pro hac vice*)
                                        Elizabeth H. Snow (admitted *pro hac vice*)
                                        **SELENDY GAY PLLC**
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        Tel: 212-390-9000
                                        pselendy@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com
                                        esnow@selendygay.com

                                        *Attorneys for Defendant Save On SP, LLC*

6