**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Brief dated October 7, 2024 [ECF No. 404] | Motion describes, by characterization and quotation of documents produced by Save On SP, LLC ("SaveOn") during discovery: (1) SaveOn's business strategy for setting copay amounts, and (2) SaveOn's business practices and marketing materials for communicating with patients, comprising proprietary business information. *See* ECF No. 404. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the brief is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Mangi Declaration Ex. 3 [ECF No. 404] | Exhibit 3 is an email chain between SaveOn employees and one of its health plan clients. Exhibit 3 discusses SaveOn's marketing material and business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the dis- | No | No objection |

| | | | | | |
|---|---|---|---|---|---|
| | practices, comprising proprietary business information. *See* ECF No. 404 Ex. 3. | information be disclosed to competitors and other market participants. | closure of SaveOn's proprietary business information. | | |
| Mangi Declaration Ex. 4 [ECF No. 404] | Exhibit 4 is an internal SaveOn slide deck used to train SaveOn employees to speak with patients on SaveOn-advised plans. The deck reflects SaveOn's business and marketing practices, comprising proprietary business information. *See* ECF No. 404 Ex. 4. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Mangi Declaration Ex. 5 [ECF No. 404] | Exhibit 5 is an internal email chain between SaveOn employees Exhibit 5 discusses SaveOn's marketing material and business practices for communicating with its health plan clients, comprising proprietary business information. *See* ECF No. 404 Ex. 5. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Mangi Declaration Ex. 6 [ECF No. 404] | Exhibit 6 is SaveOn's supplemental Responses and Objections to Johnson & Johnson Healthcare Systems | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to | No | No objection |

2

| | | | | | |
|---|---|---|---|---|---|
| | Inc.'s ("J&J") Interrogatory No. 21. The R&Os disclose SaveOn's strategy for drafting marketing material regarding changes in J&J's copay assistance terms and conditions, comprising proprietary business information. *See* ECF No. 404 Ex. 6. | non-public business information and strategy be disclosed to competitors and other market participants. | prevent the disclosure of SaveOn's proprietary business information. | | |
| Mangi Declaration Ex. 8 [ECF No. 404] | Exhibit 8 is a draft of a letter SaveOn created for patients in response to changes in J&J's copay assistance terms and conditions, comprising proprietary business information. *See* ECF No. 404 Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Mangi Declaration Ex. 9 [ECF No. 404] | Exhibit 9 is an internal SaveOn training document used to instruct SaveOn employees about how to speak with patients on SaveOn-advised plans. The document reflects SaveOn's business and marketing practices, comprising proprietary | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

3

| | business information. *See* ECF No. 404 Ex. 9. | | | | |
|---|---|---|---|---|---|
| Brief dated November 4, 2024 [ECF No. 431] | Brief discloses SaveOn's business strategy for and for marketing its services and terms to health plan clients and patients, comprising proprietary business information. *See* ECF No. 431. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the brief is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Nelson Declaration Ex. 1 [ECF No. 431] | Exhibit 1 is SaveOn's supplemental Responses and Objections to J&J's Interrogatory No. 21. The R&Os disclose SaveOn's strategy for drafting marketing material regarding changes in J&J's copay assistance terms and conditions, comprising proprietary business information. *See* ECF No. 431 Ex. 1. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
| Nelson Declaration Ex. 7 [ECF No. 431] | Exhibit 7 is an internal email chain between SaveOn employees discussing a letter SaveOn drafted to explain its services to patients, comprising proprietary business | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

4

| | information. *See* ECF No. 431 Ex. 7. | | | | |
|---|---|---|---|---|---|
| Brief dated November 26, 2024 [ECF No. 458] | Brief characterizes SaveOn's strategy for determining which drugs to include on its list, comprising proprietary business information. *See* ECF No. 458. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the Letter is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

5