

www.pbwt.com

December 11, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler
One Lowenstein Drive LLP
Roseland, NJ 07068

Adeel A. Mangi
(212) 336-2563
aamangi@pbwt.com

      Re: ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC et al.*,
        Civil Action No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

  We write to request the Court's intercession regarding a potential unauthorized disclosure of JJHCS's sensitive, "Attorney's Eyes Only" material to employees of Express Scripts and/or Accredo, in violation of Paragraph 7 of the Discovery Confidentiality Order (the "DCO") in this case (Dkt. No. 62). We had hoped to avoid raising this issue with the Court, but counsel for Express Scripts and Accredo have repeatedly refused to answer our simple questions about whether this unauthorized disclosure took place, and if so, the extent of the harm from such disclosure. We raised this issue with Express Scripts and Accredo, and we raise it now with the Court, so that corrective measures can be put in place to minimize any damage if unauthorized disclosures took place.

  As the Court knows, there is one paragraph in both Express Scripts and Accredo's answers that discloses highly confidential financial information from a JJHCS internal document that was produced on an "Attorney's Eyes Only" basis. *See* Dkt. No. 462 (JJHCS's Motion to Seal the relevant sentence in each answer). The DCO prohibits counsel from sharing "Attorney's Eyes Only" material such as this with their clients, except under very specific circumstances not present

Hon. Freda Wolfson, U.S.D.J.
December 11, 2024
Page 2

here. *See* DCO ¶ 7. On November 25, JJHCS conferred with counsel for Express Scripts and Accredo with regard to the motion to seal. To JJHCS's surprise, counsel for Express Scripts and Accredo appeared to be unaware of the source for the figures cited in that paragraph of their own pleadings. This raised concerns for JJHCS as to whether Express Scripts and Accredo had treated that paragraph appropriately under the DCO. Accordingly, on November 26, we asked counsel for Express Scripts and Accredo to confirm that the confidential financial information in that paragraph of the answers "was never shared with anyone at Express Scripts and Accredo, either in the course of their review of the draft answers or otherwise." Ex. 1 at 4.

Counsel for Express Scripts and Accredo did not squarely answer this question. Instead, on November 29, counsel for Express Scripts responded with a non sequitur: "We are aware of various bases of this information and our obligations under the protective order regarding it." *Id.* at 3. We replied the next business day, in relevant part:

> Thanks for your email. Can you please clarify what you mean in this sentence: "We are aware of various bases of this information and our obligations under the protective order regarding it." JJHCS is not aware of any source for the information in paragraph 131 that is not either designated Attorneys' Eyes Only (i.e., JJHCS_00156898) or under seal (i.e., SaveOnSP's answer). If you contend that this information is publicly available, please provide the basis for that position.
>
> Otherwise, and for the avoidance of doubt, please confirm whether the information in paragraph 131 of ESI and Accredo's answers was shared with anyone at ESI and Accredo.

*Id.* at 2. Having received no response, we followed up two days later. Another day elapsed, after which counsel for Express Scripts wrote on December 5 in relevant part: "We will again confirm that we are aware of our obligations under the protective order regarding documents marked with the AEO designation." *Id.* at 1. Of course, we were not asking whether counsel was ***aware*** of its

Hon. Freda Wolfson, U.S.D.J.
December 11, 2024
Page 3

obligations under the DCO, but rather whether there had been a ***breach*** of the DCO. We tried one last time, that same day:

> With respect, you have still not answered the question we posed. JJHCS is entitled to a direct response as to whether either Answer—which contains JJHCS's "Attorney's Eyes Only" information—was shared with ESI and/or Accredo, and if so, with whom.
>
> Please provide a direct answer by the close of business tomorrow. If ESI and Accredo refuse or fail to do so, we intend to raise the issue with the Court.

*Id.* at 1. Counsel for Express Scripts and Accredo ignored this message and to date have not responded.

We do not understand the basis for Express Scripts and Accredo's refusal to engage on this straightforward question about whether the confidentiality of JJHCS's produced information has been breached. Counsel's obligations under the DCO are not in dispute; nor is the fact of the "Attorney's Eyes Only" designation of the material in question. If Express Scripts and Accredo did not disclose JJHCS-designated information to any unauthorized persons, they should be able to provide that confirmation. If Express Scripts and Accredo did inadvertently disclose JJJHCS-designed information to unauthorized persons, then they should disclose what happened and what they have done to ensure that error is mitigated. But refusal to discuss the issue is not the answer.

Since counsel have refused to confer with us, we respectfully request that the Court issue an order directing counsel to state (1) whether the information in paragraph 131 of the affirmative defenses in each of Express Scripts and Accredo's answers was disclosed to any employee of Express Scripts or Accredo; if so, (2) to whom the information was disclosed and under what circumstances; and (3) what steps Express Scripts and Accredo have taken to mitigate the damage to JJHCS arising from the breach.

Hon. Freda Wolfson, U.S.D.J.
December 11, 2024
Page 4

  As always, we thank the Court for its time and attention to this matter.

                Respectfully submitted,

                */s/ Adeel A. Mangi*
                Adeel A. Mangi

cc: All Counsel of Record