# UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **SAVE ON SP, LLC, EXPRESS SCRIPTS, INC.**, and **ACCREDO HEALTH GROUP, INC**. <br><br> Defendants. | Civil Action No. 22-2632 (JKS)(CLW) <br><br> *Document Electronically Filed* <br><br> **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having been opened before the Court, referred to the undersigned Special Master, upon the Defendant Save On SP, LLC's ("SaveOn") Motion to Permanently Seal [ECF No. 434] portions of Johnson and Johnson Health Care Systems, Inc.'s ("JJHCS") September 26, 2024 Motion to Compel Additional Custodians and Exhibits 1-16, 19-20, 22-25, 28, 30-37, 39-40, 42-51, 56-57, 60-63 [ECF No. 390], SaveOn's October 14, 2024 Opposition and Exhibits 1-23, 25-29, 31 of the Opposition [ECF No. 413], and JJHCS's October 23, 2024 Reply and Exhibits 64-66, 68-75 [ECF No. 423]; the Special Master having considered the submissions in support of the motion, and no opposition having been filed, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

## FINDINGS OF FACT

1. The information that SaveOn seeks to seal consists of SaveOn's proprietary business information and confidential patient health information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See, e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information and confidential patient health information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the Motion, SaveOn has met its burden of proving, under L. Civ. R. 5.3, Fed. R. Civ. P. 26(c)(1)(G) and applicable case law, that the information should be filed under seal;

that is: (a) JJHCS's September 26, 2024 Motion to Compel Additional Custodians and Exhibits 1-16, 19-20, 22-25, 28, 30-37, 39-40, 42-51, 56-57, 60-63 [ECF No. 390], SaveOn's October 14, 2024 Opposition and Exhibits 1-23, 25-29, 31 of the Opposition [ECF No. 413], and JJHCS's October 23, 2024 Reply and Exhibits 64-66, 68-75 [ECF No. 423] therein contains confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

2. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY,** based upon the foregoing findings of fact and conclusions of law,

**IT IS** on this <u>16th</u> day of <u>December</u>, 2024,

**ORDERED** that SaveOn's Motion to Seal [ECF No. 434] is hereby **GRANTED**; and ECF Nos. 390, 413, and 423 are **PERMANENTLY SEALED**; and it is further

**ORDERED** that the parties are directed to file the redacted versions of ECF Nos. 392, 414 and 421, including all exhibits, consistent with its proposed redactions identified in Appendix A to the Declaration of E. Evans Wohlforth, Jr.

                                                  */s/ Freda L. Wolfson*
                                                Hon. Freda L. Wolfson (ret.)
                                                Special Master