# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Cathy L. Waldor, U.S.M.J. |
| v. | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **ORDER GRANTING MOTION TO SEAL** |
| Defendants. | |

**THIS MATTER** having been brought to the Court, referred to the undersigned Special Master, upon the motion [*ECF No. 466*] of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), together with Defendant Save On SP, LLC ("SaveOnSP"), by and through their attorneys, seeking an order (a) permanently maintaining under seal the letters and supporting exhibits filed by the parties in connection with (i) SaveOnSP's Motion to Compel JJHCS to Supplement its Response to SaveOnSP's Interrogatory No. 12, dated October 28, 2024, with related briefing dated November 7 and November 14, 2024 (*ECF Nos. 440, 443 & 452*), filed November 8, November 11, and November 18, 2024 (the "Interrogatory No. 12/Best Price Motion"); and (ii) SaveOnSP's Motion to Compel JJHCS to add nine additional custodians, dated October 9, 2024, with related briefing dated

October 29, 2024 and November 11, 2024 (**ECF Nos. 409, 427 & 451**), filed October 14, October 30, and November 13, 2024 (the "Additional Custodians Motion"); and (b) permitting the parties to file the proposed public versions of the Interrogatory No. 12/Best Price Motion and the Additional Custodians Motion, attached as Exhibits A and B, respectively, to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion; the Special Master, having considered the submissions in support of the motion and no objections having been filed, makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

1. As to JJHCS's request to seal confidential materials, the Interrogatory No. 12/Best Price Motion and the Additional Custodians Motion contain information that is non-public business, trade secret or proprietary information involving the administration of the CarePath Program, treatment of the CarePath terms and conditions, JJHCS's deliberative process and internal decision-making, and other sensitive business information related to JJHCS (the "JJHCS Confidential Materials").

2. The Confidential Materials contain JJHCS's highly sensitive, proprietary business information that is not known to the general public and includes confidential patient health information.

3. The parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

4. The parties would suffer substantial and specific harm, including potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that the parties have a strong and legitimate interest in protecting this confidential information from being disclosed to the public. *See Goldenberg v. Indel, Inc.*, 2012 U.S. Dist. LEXIS 479, at *8 (D.N.J. Jan. 3, 2012); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 2007 U.S. Dist. LEXIS 51828, at *27-28 (D.N.J. July 18, 2007).

5. Importantly, confidential patient health information would be improperly revealed to the public if the Confidential Materials were filed on the public docket.

6. Indeed, no less restrictive alternative to sealing exists and that the parties have proposed redactions where appropriate to minimize the amount of sealing necessary.

7. As to the information that SaveOnSP seeks to seal: (a) Exhibits 1, 3-4, and 6 to JJHCS's November 7, 2024 Opposition to the Interrogatory No. 12/Best Price Motion [ECF No. 443] and (b) Exhibits 7-8 of SaveOnSP's

Additional Custodians Motion [ECF No. 409] and JJHCS's October 29, 2024 Opposition to the Additional Custodians Motion [ECF No. 427] (the "SaveOnSP Confidential Materials") likewise contain SaveOnSP's proprietary business information.

8. Avoiding the public disclosure of this information is necessary to prevent harm to the parties. *See e.g.*, *Rosario v. Doe*, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics*, 2007 WL 2085350 at *9-10 (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

9. Based on the redacted information, no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. The parties' proposed redactions have been narrowly tailored to only those materials that have been deemed confidential.

10. Upon consideration of the papers submitted in support of the Motion and the materials that SaveOnSP has designated as Confidential, SaveOnSP has met its burden of proving, under L. Civ. R. 5.3 and applicable case law,

that the information should be filed under seal. Specifically, the Court concludes that: (a) Exhibits 1, 3-4, and 6 to JJHCS's November 7, 2024 Opposition to the Interrogatory No. 12/Best Price Motion [ECF No. 443], and Exhibits 7-8 of SaveOnSP's Additional Custodians Motion [ECF No. 409] and JJHCS's October 29, 2024 Opposition to the Additional Custodians Motion [ECF No. 427] contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

11. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**ACCORDINGLY**, for these reasons, good cause exists for protecting the JJHCS Confidential Materials and the SaveOnSP Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2);

**IT IS** on this 16th day of December, 2024,

**ORDERED** that pursuant to L. Civ. R. 5.3, the JJHCS and SaveOnSP Confidential Materials are determined to be confidential and entitled to protection; and it is further

**ORDERED** that the motion to seal [ECF No. 466] is **GRANTED** and the Interrogatory No. 12/Best Price Motion and the Additional Custodians Motion are hereby **PERMANENTLY SEALED**; and it is further

**ORDERED** that the Clerk of Court shall maintain the unredacted versions of ECF Nos. 440, 443 & 452 and ECF Nos. 409, 427 & 451 under seal; and it is further

**ORDERED** that the parties are directed to file the redacted versions of the Interrogatory No. 12/Best Price Motion and the Additional Custodians Motion, including all exhibits, consistent with their proposed redactions.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master