# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

August 23, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

    Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
           **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc. ("JJHCS," and, with its affiliates, "J&J") to search for and produce documents regarding the meaning of the May-Not-Use Provision.[1]

In its Complaint, J&J alleged that SaveOn tortiously interfered with its CarePath contracts with patients because patients whose plans employ SaveOn's services purportedly violate the May-

---

[1] SaveOn uses the term May-Not-Use Provision, consistent with Your Honor's April 25, 2024 Order, to mean the term and condition that CarePath "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer." Dkt. 264, Apr. 25, 2024 Order at 2-3.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Not-Use Provision. Compl. ¶¶ 106-11. "[T]he disputed meaning of [the May-Not-Use Provision]
is at the heart of Plaintiff's claim that Defendant induced plan members to violate them." *See* Dkt.
192; *see also* Dkt. 68 (contemplating discovery regarding the meaning of the term "other offer").

In its first set of Requests for Production, SaveOn broadly requested documents regarding
CarePath's terms and conditions. Ex. 1 at 14 (Dec. 12, 2022 Resps. & Objs. to SaveOn's First Set
of Reqs. for Prod.). SaveOn later served additional, targeted Requests seeking: (1) documents suf-
ficient to show when and how J&J came to understand that the May-Not-Use Provision purport-
edly bars patients on accumulators, maximizers, and SaveOn-advised plans from participating in
CarePath and (2) documents and communications from before January 1, 2022 which reflect J&J's
alleged understanding that the May-Not-Use Provision purportedly bars patients on accumulators,
maximizers, and SaveOn-advised plans from participating in CarePath. Ex. 2 at 9-10 (July 31,
2024 Resps. & Objs. to SaveOn's Tenth Set of Reqs. for Prod.).

J&J has not produced any documents from before January 2022 that show that J&J under-
stood SaveOn's services to violate the May-Not-Use Provision.[2] SaveOn asked J&J—several
times—to identify even a single document from before 2022 that supports its purported under-
standing, Ex. 4 at 2 (Aug. 1, 2024 Ltr.); Ex. 5 at 1 (June 7, 2024 Ltr.), but J&J refused. Ex. 6 at 1
(June 14, 2024 Ltr); *see also* Ex. 7 (Aug. 7, 2024 Ltr.) (ignoring SaveOn's request).

SaveOn proposed that it might withdraw its Requests if J&J would stipulate that "it has no
non-privileged documents from before January 1, 2022 (1) demonstrating when and how it came

---

[2] *Contra* Ex. 3 at -642 (JJHCS_00145633) (█████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
█████████████████████████).

to believe that the May-Not-Use Provision bars patients on accumulators, maximizers, and SaveOn-advised plans; or (2) reflecting J&J's purported belief that the May-Not-Use Provision bars patients on accumulators, maximizers, and SaveOn-advised plans." Ex. 4 at 2 (Aug. 1, 2024 Ltr.). J&J refused to stipulate, *see* Ex. 8 at 1 (Aug. 16, 2024 Ltr.) (memorializing the parties' August 15, 2024 meet-and-confer)—and suggested that its witnesses might testify as to J&J's pre-2022 understanding of the provision. *Id.* at 2; Ex. 6 at 1 (June 14, 2024 Ltr.).

Because J&J has not produced any documents on this topic and refuses to stipulate that it has none, SaveOn proposed that J&J run an additional search term over custodians who did relevant work on the T&Cs[3] from April 1, 2016 to November 7, 2023:

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

Ex. 4 (Aug. 1, 2024 Ltr.). This term contains words designed to (1) indicate an opinion as to whether the services are allowed or barred; (2) capture documents related to accumulators and maximizers (which J&J considers SaveOn to be); and (3) capture documents referencing the discrete portions of the May-Not-Use Provision. The term is thus focused on capturing the views of J&J's employees as to the meaning of the May-Not-Use Provision—specifically, whether it bars SaveOn's services.

J&J does not argue that this term—which identifies only approximately 600 unique documents—is burdensome and it does not dispute that the documents that the term seeks are relevant. Ex. 7 (Aug. 7, 2024 Ltr.); Ex. 8 at 2 n.2 (Aug. 16, 2024 Ltr.). J&J's sole objection is that SaveOn's

---

[3] Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

search term is purportedly overbroad.[4] In fact, the term is tailored to discovering J&J's understanding of the May-Not-Use Provision before 2022 and J&J does not explain what types of irrelevant documents it believes the term might sweep up.

While the number of documents at issue is small, the issue to which they relate is critical. If the May-Not-Use Provision does not bar SaveOn's services, most of J&J's tortious interference claims fail at the threshold. Because J&J was the sole drafter, its understanding of the May-Not-Use Provision could be important evidence of what that provision means. If J&J intends to present witnesses who might testify that J&J understood the May-Not-Use Provision to bar SaveOn's services, SaveOn is entitled to J&J's documents bearing on that understanding. To date, however, J&J has produced no documents showing what it believed the May-Not-Use Provision meant at the time that J&J drafted it, no documents showing how J&J interpreted its meaning from 2016 to 2022, and no documents showing that J&J ever enforced it. If it will not stipulate that it has no documents bearing on its understanding of the May-Not-Use Provision, J&J must perform a thorough search for them that includes the proposed term.

---

[4] J&J asserts that Your Honor categorially forbade a w/50 limiter in any search terms. Ex. 7 at 2 (Aug. 7, 2024 Ltr.). However, SaveOn understood Your Honor to be ruling only on the term in question, *see* May 9, 2024 Order at 3 (stating that "w/50 may be overly broad" for a term generally using the word "adapt"), and not making a categorical limitation. J&J itself has continued to request search terms using a w/50 limiter following that ruling. *See* Ex. 9 at 2 nn.1-3 (July 25, 2024 Ltr.).

Hon. Freda L. Wolfson                                                    Page 5

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wolforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

6

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 3

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

## Response to Request No. 3

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 4

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

## Response to Request No. 4

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous. JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

## Request No. 5

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

## Response to Request No. 5

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 6

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

## Response to Request No. 6

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 7

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

## Response to Request No. 7

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

13

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

      In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period. JJHCS

further objects to this Request to the extent it seeks documents and communications in the

possession of entities other than JJHCS.

      Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show all final versions of CarePath's terms and conditions for each

Janssen Drug during the relevant Time Period, to the extent such documents exist and can be

located after a reasonable search. Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

**Request No. 14**

      From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

      In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 15

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

## Response to Request No. 15

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS or that are publicly available and therefore equally available to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 21

All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

### Response to Request No. 21

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's advocacy to or communication with any governmental or regulatory body regarding SaveOnSP as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 22

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

### Response to Request No. 22

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

20

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous. For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

22

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "payment of any Patient's costs, including those that accumulate towards

the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks "all" documents and communications regarding a broad subject

matter. JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS. JJHCS further objects to this

Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's

Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter and seeks

"complete databases from which [] data was drawn." JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS. JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100. Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

## Request No. 28

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.     all Patients receiving the Janssen Drug;

b.     the number of fills of the Janssen Drug received by each such Patient;

c.     the dosage of the Janssen Drug received by each such Patient for each fill;

d.     the projected number of Patients, average number of fills, and average dosage for
the Janssen Drug;

e.     the cost to manufacture the Janssen Drug;

f.     the sales and marketing budget for the Janssen Drug;

g.     the price of the Janssen Drug;

h.     the revenue received by JJHCS from the Janssen Drug;

i.     all Patients enrolled in the CarePath program for the Janssen Drug;

j.     the dates on which each Patient was enrolled in CarePath;

k.     the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
in CarePath;

l.     the Janssen Drugs for which each Patient enrolled in CarePath received copay
assistance;

m.     all copay assistance payments that JJHCS made to or on behalf each Patient
enrolled in CarePath; and

24

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

      a.      JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**Response to Request No. 29**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession for the relevant Time Period sufficient to show (1) how JJHCS determines the amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath, (2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected annual costs for CarePath, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 30**

From January 1, 2009 through the present, for each year for each Janssen Drug, all Documents and Communications regarding the basis for Janssen's decision to raise or lower the price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the Janssen Drug.

**Response to Request No. 30**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and "the increase in efficacy of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

27

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 31**

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

**Response to Request No. 31**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 32**

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

**Response to Request No. 32**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have.  JJHCS further objects to this Request on the ground that the phrases "CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive any limitation on or elimination of the amount of CarePath copay assistance funds available" are vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 33**

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

**Response to Request No. 33**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

29

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 34**

From any time, all Documents and Communications regarding JJHCS's or Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's abandonment of those negotiations or agreements.

**Response to Request No. 34**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about other "services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to identify the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care Coordinator regarding CarePath, including any assessment of the fair market value of those services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about

31

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request on the ground that "any assessment of the fair market value of those services" is irrelevant. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession between JJHCS and the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 37

From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

### Response to Request No. 37

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs. JJHCS further objects to this Request on the ground that the phrase "Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 38

From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

### Response to Request No. 38

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about CarePath without relation to SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent

33

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating
to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's
return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"Copay Accumulator Services and Copay Accumulator Services" and information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request on the ground that the phrase

"JJHCS's return on investment for copay assistance dollars" is vague and ambiguous. JJHCS

further objects to this Request as overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 43

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

## Response to Request No. 43

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request. JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-party subpoenas it serves in this Action. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 48

To the extent not requested above, from any time, all Documents and Communications upon which you may rely in this Action.

### Response to Request No. 48

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications upon which you may rely in this Action" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications upon which it intends to rely at trial in compliance with the schedule set by the Court. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# Exhibit 2

*DRAFT*

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S TENTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.     JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Appeals Process" as vague and ambiguous and construes this term to refer to benefits investigations that TrialCard performed to determine whether patients were in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan.

2.      JJHCS objects to the definition of "Co-Pay Spend" to the extent the definition of that term purports to characterize the meaning of "Co-Pay Spend" as used in JJHCS_00230997.

3.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS beyond

3

the scope of the Court's July 15, 2024 Letter Order. JJHCS further objects to the definition of

the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it purports to include "any and all predecessors and successors in interest, assignees,

parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors,

officers, employees, committees, attorneys, accountants, and all persons or entities" or purports

to include entities and persons acting or purporting to act on behalf of or under the control of

entities other than JJHCS, including Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen

Products, LP, or Actelion Pharmaceuticals U.S., Inc.

    4.    JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys and accountants whose documents and communications may be outside of

JJHCS's possession, custody, and control. JJHCS further objects to the definition of the term as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

purports to include "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants, and all persons or entities" or purports to include

entities and persons acting or purporting to act on behalf of or under the control of entities other

than JJHCS, including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical,

Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc.,

Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen

Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen

BioPharma LLC, Janssen Research & Development LLC, and TrialCard. JJHCS further objects

to this definition of "JJHCS" to the extent it purports to include "TrialCard . . . and any other

entity to the extent that any J&J entity has legal control over [their] documents."

4

5. JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6. JJHCS objects to the definition of the term "CarePath" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this definition to the extent that the definition of the term "CarePath" to the extent it purports to include the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions.

7. JJHCS objects to the definition of the term "Lash Group" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition of the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."

8.      JJHCS objects to the definition of the term "Patient" to the extent that it purports to include the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this definition to the extent it purports to include the term "Janssen Drug," a term that is not defined in SaveOnSP's Definitions.

9.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 98

All Documents and Communications regarding ███████████████████████████
█████████████████████ JJHCS_00229086, █████████████████████████████
███████████████████████████████████████████████████.

### Response to Request No. 98

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege, including, but not limited to, the First Amendment privilege, the attorney-client privilege, and the work-product doctrine.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent that it calls for documents and communications in the possession of non-JJHCS entities in the Johnson & Johnson family of companies and are not within the scope of the Court's July 15, 2024 Letter Order.  JJHCS further objects to this Request, which calls for documents and communications regarding a working group that existed to oversee advocacy and lobbying efforts related to copay assistance diversion programs, as duplicative of Request Nos. 8, 20, 21, 77, and 78, and JJHCS incorporates by reference its responses to those Requests.

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already produced or agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period."  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents.  To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already produced or agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents."  *See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 99**

All Documents and Communications regarding the "███████████████████████████████████████ discussed

in JJHCS_00228430, ███████████████████████████████████████

███████████████████████████████████.

**Response to Request No. 99**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications regarding other accumulators unrelated to SaveOnSP. JJHCS further objects to this Request to the extent that it calls for documents and communications in the possession of non-JJHCS entities in the Johnson & Johnson family of companies and are not within the scope of the Court's July 15, 2024 Letter Order.

Subject to the foregoing objections, and to the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already produced or agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. Additionally, JJHCS has produced documents elicited by a search term designed to capture documents related to this working group. *See* Apr. 17, 2024 Ltr. from E. Wohlforth to J. Wolfson at 3 ("Penkowski Working Group Term"). JJHCS will not search for or produce additional documents responsive to this Request.

**Request No. 100**

Documents sufficient to show when and how JJHCS came to understand that the May-Not-Use Provision purportedly bars patients on Accumulators, Maximizers, or SaveOnSP-advised plans from participating in CarePath.

**Response to Request No. 100**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent that it is duplicative of Request Nos. 8, 12, 51, and 54, and JJHCS incorporates by reference its responses to those Requests.

JJHCS "already has produced non-privileged, responsive documents concerning the '[m]eaning' of the 'May-Not-Use Provision' for the period April 1, 2016 to November 7, 2023" and "will produce documents reflecting the 'drafting' or 'meaning' of the 'May-Not-Use Provision'" for the period from January 1, 2009 to April 1, 2016, "subject to the parties' agreement on appropriate search parameters." *See* June 14, 2024 Ltr. from J. Long to E. Snow at 1. Additionally, JJHCS has already agreed to produce, in response to SaveOnSP's Request No. 8 and subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." Accordingly, JJHCS will not search for or produce additional documents and communications responsive to this Request.

**Request No. 101**

All Documents and Communications from before January 1, 2022 which reflect JJHCS's alleged understanding that the May-Not-Use Provision bars patients on Accumulators,

9

Maximizers, or SaveOnSP-advised plans from participating in CarePath.

**Response to Request No. 101**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent that it is duplicative of Request Nos. 8, 12, 51, and 54, and JJHCS incorporates by reference its responses to those Requests.

JJHCS "already has produced non-privileged, responsive documents concerning the '[m]eaning' of the 'May-Not-Use Provision' for the period April 1, 2016 to November 7, 2023" and "will produce documents reflecting the 'drafting' or 'meaning' of the 'May-Not-Use Provision'" for the period from January 1, 2009 to April 1, 2016, "subject to the parties' agreement on appropriate search parameters." *See* June 14, 2024 Ltr. from J. Long to E. Snow at 1. Additionally, JJHCS has already agreed to produce, in response to SaveOnSP's Request No. 8 and subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." Accordingly, JJHCS will not search for or produce documents and communications responsive to this Request.

Dated: July 31, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

**EXHIBIT 3**
**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 4

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

August 1, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC** (Case No. 2:22-cv-02632-JKS-CLW)*

Dear Julia,

We write further regarding its July 1, 2024 Letter regarding CarePath's terms and conditions ("T&Cs") and regarding J&J's July 31, 2024 R&Os to SaveOn's Requests for Production Nos. 100-101.

The Requests seek the production of documents regarding J&J's interpretation of the May-Not-Use Provision. Request No. 100 seeks documents sufficient to show when and how J&J came to believe that the May-Not-Use provision purportedly bars patients on accumulators, maximizers, or SaveOn-advised plans. Request No. 101 seeks all documents and communications before January 1, 2022 that reflect J&J's alleged understanding that the May-Not-Use Provision bars patients on accumulators, maximizers, or SaveOn-advised plans.

J&J objects that the Requests seek documents regarding accumulators and maximizers generally, not just SaveOn, but Judge Wolfson has repeatedly found that discovery as to accumulators and maximizers generally are relevant because J&J uses those terms to refer to SaveOn. *See, e.g.*, Feb. 6, 2024 Order at 29.

J&J objects that the Requests are duplicative of Request Nos. 8, 12, 51, and 52. J&J indicated during the parties' June 18, 2024 meet and confer that these categories of documents were *not* covered by existing requests; SaveOn understand that J&J now agrees that SaveOn has requested the documents it continues to seek. *See also* July 3, 2024 Ltr. (disclaiming the objection).

Julia Long
August 1, 2024

J&J says that it has already produced non-privileged, responsive documents regarding the meaning of the May-Not-Use Provision for the relevant time period. July 31, 2024 R&Os at 9-10. SaveOn has been unable to identify a single document from before January 2022 reflecting J&J's purported understanding that SaveOn, accumulators, and maximizers violate the May-Not-Use Provision. SaveOn also has been unable to identify a single document from that time reflecting J&J's shift from believing that it was unable to take any action to stop plans' benefit design, *see, e.g.*, JJHCS_00144601, to its position in this lawsuit. If J&J has produced such documents, please identify them by Bates number.

SaveOn requests that J&J run the following search term over the documents of Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, Blasine Penkowski, Scott White and Jasmeet Singh from April 1, 2016 through November 7, 2023:

- ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*")

In the alternative, please let us know if J&J would be willing to stipulate that it has no non-privileged documents from before January 1, 2022 (1) demonstrating when and how it came to believe that the May-Not-Use Provision bars patients on accumulators, maximizers, and SaveOn-advised plans; or (2) reflecting J&J's purported belief that the May-Not-Use Provision bars patients on accumulators, maximizers, and SaveOn-advised plans.

We request a response by August 8, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 5

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy|Gay**

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

June 7, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to J&J's May 24, 2024 letter and further to SaveOn's
May 1, 2024 letter concerning the scope of J&J's production obligations for terms
and conditions issues.

## I.    Meaning of the General T&Cs

SaveOn requested documents sufficient to show when J&J's understanding
of the meaning of the General T&Cs came to encompass SaveOn. May 1, 2024 Ltr.
You state that you have produced non-privileged documents with or regarding
SaveOn, which would encompass how and when J&J came to believe that SaveOn's
services violate the other offer provision.

After reviewing J&J's production—as well as pertinent third parties' pro-
ductions—we are unable to identify any documents before January 2022 reflecting
a belief that SaveOn's services violate the "other offer" provision. If you have pro-
duced documents from before 2022 reflecting such a belief, please identify them
by Bates number. If you have such documents but have not yet produced them,
please do so.

## II.    Enforcement Documents

*First*, SaveOn asked J&J to identify the Bates numbers of its enforcement
instructions and policies in accordance with Judge Wolfson's February 6, 2024

Order. *See* Dkt. 192 at 13 (ordering J&J "to search for, and produce, documents reflecting the company's enforcement instructions and policy ... concerning eligibility criteria set forth in the provision: 'may not be used with any other coupon, discount, prescription savings card, free trial, or other offer'"). You identify JJHCS_00205596, ▮ ▮

▮ Otherwise, please either identify by Bates number any documents reflecting J&J's enforcement instructions or policies regarding the "other offer" provision or confirm that J&J has no such instructions or policies.

    *Second*, if J&J cannot identify any formal enforcement policies or instructions, SaveOn asks J&J to produce documents sufficient to show the instances in which it investigated, enforced, or contemplated enforcing any portion of the provision that states "may not be used with any other coupon, discount, prescription savings card, free trial or other offer." *Id.* Please confirm that J&J will do so. (As noted in our April 4, 2024 and May 1, 2024 letters, J&J might be able to partially or fully respond to this request with a non-custodial production.)

    *Third*, J&J provided hit counts for its proposed term and SaveOn's proposal. SaveOn continues to disagree with the order of the term and the placement of the limiter. SaveOn proposes the following narrowed term:

| SaveOn's May 1, 2024 Proposal | SaveOn's New Proposal |
|---|---|
| (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/100** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) | (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/50** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) |

Please confirm that J&J will run this term over the files of its existing custodians. If not, please explain the basis on which you refuse. If J&J asserts a burden objection, please provide hit counts by June 12, 2024.

Julia Long
June 7, 2024

We reserve all rights and request that J&J provide times on June 13 and 14 at which you are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 6



www.pbwt.com

June 14, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
        **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's June 7, 2024 letter and further to JJHCS's May 24, 2024 letter concerning the scope of JJHCS's production obligations for terms and conditions issues.

### I.     Documents Relating To The "Meaning" Of The Terms And Conditions

As you know, JJHCS already has produced non-privileged, responsive documents concerning the "[m]eaning" of the "May-Not-Use Provision" for the period April 1, 2016 to November 7, 2023—as well as documents dating back to January 1, 2009 concerning the drafting of the terms and conditions for CarePath's predecessor programs. Consistent with our April 23 and May 24 letters, should the parties' ongoing negotiations concerning appropriate search terms related to the "enforcement" of terms and conditions identify additional documents concerning the "meaning" of terms and conditions, JJHCS agrees to produce those documents as well. *See* May 24, 2024 Ltr. from J. Long to E. Snow at 1; Apr. 23, 2024 Ltr. from J. Long to E. Snow at 1. JJHCS also continues to negotiate concerning additional custodians and search terms for the January 1, 2009 to April 1, 2016 time period and will produce documents reflecting the "drafting" or "meaning" of the "May-Not-Use Provision" during that time period, subject to the parties' agreement on appropriate search parameters. *See* June 14, 2024 Ltr. from J. Long to E. Snow.

Based on those voluminous productions, SaveOnSP can ask any remaining questions it has at depositions and is free to use these documents to support its positions on the merits of JJHCS's tortious interference claim at summary judgment or trial. But SaveOnSP has no basis to demand that JJHCS "identify by Bates number" all produced documents from "before 2022 reflecting" JJHCS's "belief" that SaveOnSP violated CarePath's terms and conditions. *See* June 7, 2024 Ltr. from E. Snow to J. Long at 1.

Elizabeth H. Snow, Esq.
June 14, 2024
Page 2

In addition to document production specific to the "meaning" of the terms and conditions, in response to Request No. 8, JJHCS has produced non-privileged documents "with or regarding SaveOnSP" from more than twenty custodians, including Scott White and Blasine Penkowski. These productions are voluminous and also encompass SaveOnSP's demand that JJHCS produce documents "sufficient to show how and when [JJHCS] came to believe that SaveOn's services violated [the "other offer"] provision," to the extent that such non-privileged documents exist. We observe that SaveOnSP has taken the same position, declining to "re-review its entire production to identify documents that [are] potentially responsive to [JJHCS's request]." Sept. 20, 2023 Ltr. from M. Nelson to S. Arrow at 2 (declining to identify documents responsive to JJHCS's RFP No. 79); Sept. 5, 2023 Ltr. from M. Nelson to S. Arrow at 2 (same); Oct. 3, 2023 Ltr. from E. Snow to S. Arrow at 2 (declining to identify documents produced pursuant to JJHCS's RFP Nos. 14, 16, 31, 32, and 33 that were also response to RFP No. 89).

## II.        "Enforcement" Documents

As to "enforcement" documents, your June 7 letter recognizes that ████████████ ██████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████. *See* June 7, 2024 Ltr. from E. Snow to J. Long at 2. SaveOnSP now demands that JJHCS identify the "page(s)" of that document that address JJHCS's "enforcement policy as to the 'other offer' provision." *Id.* This demand finds no basis in the Court's February 6 Order. Consistent with Judge Wolfson's directive, JJHCS has produced "documents reflecting the company's enforcement instructions and policy, during the entirety of the agreed upon discovery time frame (April 2016-November 2023)"—a fact that SaveOnSP does not dispute. *See* Dkt. No. 192 at 13. These are the relevant enforcement documents for CarePath for the applicable time period and JJHCS is not aware of any other responsive documents subject to Judge Wolfson's order.

Claiming that JJHCS has not "identif[ied] any formal enforcement policies or instructions," SaveOnSP renews its request for "documents sufficient to show the instances in which [JJHCS] investigated, enforced, or contemplated enforcing" the "May-Not-Use Provision." June 7, 2024 Ltr. from E. Snow to J. Long at 2. As we have stated in our March 4, April 23, and May 24, 2024 letters, such discovery is not required by Judge Wolfson's prior rulings. JJHCS reiterates its objection here. At the January 2024 hearing, Judge Wolfson specifically held that JJHCS was to produce its "policies and discussions with regard to enforcing those policies" and recognized that these documents were "of a more general nature than every individual [investigation] that they do." Jan. 24, 2024 Tr. at 33:10-11, 39:23-24. Accordingly, JJHCS will not produce "documents sufficient to show **the instances**" in which JJHCS "investigated, enforced, or contemplated enforcing any portion of the provision that states 'may not be used with any other

Elizabeth H. Snow, Esq.
June 14, 2024
Page 3

coupon, discount, prescription savings card, free trial or other offer.'"[1]  JJHCS remains willing to confer with SaveOnSP on this issue on June 18, 2024, despite SaveOnSP's failure to accept JJHCS's three prior offers to do so.

As to search terms, your June 7 letter fails to respond to JJHCS's proposal to run the first of SaveOnSP's terms[2] over the custodial files of eighteen custodians[3] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023.  In the interest of finality, please confirm that JJHCS's proposal to do so resolves the parties' dispute with respect to this request.

As to the remaining search term, JJHCS appreciates that SaveOnSP has moved from "w/100" and "AND" limiters to "w/50" and "AND" limiters.  SaveOnSP's proposed term is still overbroad, particularly in light of Judge Wolfson's admonition against "w/50" limiters.  In an effort to reach compromise, JJHCS offers a counterproposal below.  Subject to SaveOnSP's agreement that this resolves the parties' dispute, JJHCS is prepared to run its proposed term over the files of the same eighteen custodians[4] for the time period April 1, 2016 to November 7, 2023 and to employ the same term for a nineteenth custodian, Debbie Kenworthy, for the time period June 1, 2023 to November 7, 2023.  Please advise whether SaveOnSP is prepared to accept this compromise proposal.

---

[1] *See* Jan. 24, 2024 Tr. at 31:5-9 (THE COURT: "I think you need to narrow your request. I believe we got to the crux of it a moment ago, which is, I believe you're entitled to documents that show what policies they had with regard to enforcement of eligibility criteria beyond 'other offer.'").

[2] (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

[3] These custodians are:  Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

[4] These custodians are:  Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

15134323

Elizabeth H. Snow, Esq.
June 14, 2024
Page 4

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/50** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) <br><br> **6,705 documents (family inclusive)** | (("coupon*" OR "discount*" OR "prescription savings card*" OR "free trial*") **/25** (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND ((accumulat* OR maximiz*) AND ("enforc*" OR "eligib*" OR "ineligib*")) <br><br> **5,390 documents (family inclusive)** |

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

# Exhibit 7



www.pbwt.com

August 7, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

        Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,**
               **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

        We write in response to SaveOnSP's August 1, 2024 letter and further to JJHCS's July 31, 2024 responses and objections to SaveOnSP's Tenth Set of Requests for Production (the "R&Os") and JJHCS's May 24, 2024, June 14, 2024, and July 3, 2024 letters concerning the scope of JJHCS's production obligations for terms and conditions issues.

        In your letter, you repeat Request No. 100, which "seeks documents sufficient to show when and how [JJHCS] came to believe that the May-Not-Use provision purportedly bars patients on accumulators, maximizers, or SaveOn-advised plans," and Request No. 101, which "seeks all documents and communications before January 1, 2022 that reflect [JJHCS's] alleged understanding that the May-Not-Use Provision bars patients on accumulators, maximizers, or SaveOn-advised plans." Aug. 1, 2024 Ltr. from E. Snow to J. Long at 1.

        As detailed in our July 31, 2024 R&Os, and in our prior correspondence, Request Nos. 100 and 101 are duplicative of Request Nos. 8, 12, 51, and 52. As you know, JJHCS also already has produced non-privileged, responsive documents concerning the "[m]eaning" of the "May-Not-Use Provision" for the period April 1, 2016 to November 7, 2023—as well as documents dating back to January 1, 2009 concerning the drafting of the terms and conditions for CarePath's predecessor programs. June 14, 2024 Ltr. from J. Long to E. Snow at 1. In addition to document production specific to the "meaning" of the terms and conditions, in response to Request No. 8, JJHCS has produced non-privileged documents "with or regarding SaveOnSP" from more than twenty custodians, including Scott White and Blasine Penkowski. *Id.* at 2.

Elizabeth H. Snow, Esq.
August 7, 2024
Page 2

        SaveOnSP nonetheless requests an additional search term be run over the custodial files of twenty custodians[1]—including two apex custodians—from April 1, 2016 to November 7, 2023. SaveOnSP's proposed term is overbroad, particularly in light of Judge Wolfson's admonition against "w/50" limiters, and in light of the narrow band of documents SaveOnSP seeks from "before January 1, 2022." On the proximity limiter, to the extent such documents are not captured by the parties' previously agreed-upon search terms, the words "accumulat[or]" or "maximiz[er]" are much likely to appear in tight proximity to the terms variations of the term "violat[e]" or "prohibit[]" if used in the context SaveOnSP suggests (e.g., "maximizers" are "prohibited" under the "other offer" provision).

        JJHCS is prepared to rest on its R&Os. However, in an effort to reach compromise, and subject to SaveOnSP's agreement that this resolves the parties' dispute, JJHCS is prepared to run its counterproposal over the files of the eighteen non-apex custodians[2] for the time period April 1, 2016 to November 7, 2023. JJHCS will not run its counterproposal over the custodial files of Scott White and Blasine Penkowski in light of Judge Wolfson's ruling that apex custodians would be subject to "limited search terms." Jan. 24, 2024 Tr. at 128:14–25 (emphasizing that the search terms applicable to apex custodians "are going to be limited search terms. I do understand they are high level executives"). Please advise whether SaveOnSP is prepared to accept this compromise proposal.

| SaveOnSP's Proposal | JJHCS's Proposal |
| --- | --- |
| ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*") | ((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/25 (accumulat* OR maximiz*)) w/25 ("other offer*" OR coupon* OR discount* OR "savings card*" OR "free trial*") |
| **606 documents (family inclusive)[3]** | **176 documents (family inclusive)** |

---

[1] SaveOnSP requests that JJHCS add this term for the following custodians: Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh, as well as apex custodians Blasine Penkowski and Scott White.

[2] These custodians are: Karen Lade, Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh.

[3] SaveOnSP's proposal would require the review of 606 documents from non-apex custodians (family inclusive) and an additional 507 documents from apex custodians (family inclusive).

Elizabeth H. Snow, Esq.
August 7, 2024
Page 3

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

# Exhibit 8

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

August 16, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write to respond to J&J's August 7, 2024 Letter regarding CarePath's terms and conditions ("T&Cs") and to memorialize the parties meet and confer on August 15, 2024.

The Requests seek the production of documents regarding J&J's interpretation of the May-Not-Use Provision. Request No. 100 seeks documents sufficient to show when and how J&J came to believe that the May-Not-Use provision purportedly bars patients on accumulators, maximizers, or SaveOn-advised plans. Request No. 101 seeks all documents and communications before January 1, 2022 that reflect J&J's alleged understanding that the May-Not-Use Provision bars patients on accumulators, maximizers, or SaveOn-advised plans.

During the meet-and-confer, J&J refused to either identify a document that supported its purported understanding that SaveOn, accumulators, and maximizers violate the May-Not-Use Provision. J&J also refused to stipulate that it has no non-privileged documents from before January 1, 2022 (1) demonstrating when and how it came to believe that the May-Not-Use Provision bars patients on accumulators, maximizers, and SaveOn-advised plans; or (2) reflecting J&J's purported belief that the May-Not-Use Provision bars patients on accumulators, maximizers, and SaveOn-advised plans.

The parties' dispute centers around SaveOn's proposed search term to be run over the documents of Karen Lade, Lindsey Anderson, Spilios Asimakopoulos,

John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz and Jasmeet Singh from April 1, 2016 through November 7, 2023:[1]

- ((violat\* OR bar\* OR prohibit\* OR breach\* OR preclude\* OR allow\* OR permit\*) w/50 (accumulat\* OR maximiz\*)) w/50 ("other offer\*" OR coupon\* OR discount\* OR "savings card\*" OR "free trial\*")

J&J objects to the use of w/50 limiter on two grounds.[2]

*First*, J&J claims that Judge Wolfson has categorically forbade such a w/50 limiter. She has not. *See* July 25, 2024 Ltr. form H. Miles to I. Eppler at 1-2 & n. 1-2 (explaining that Judge Wolfson's statement was about the term in question—not applicable to all future search terms—and citing terms using a w/50 limiter that J&J has sought to be run following Judge Wolfson's statement).

*Second*, you asked us to point to a document that hits on the proposed search term that is relevant to the meaning of the May Not Use Provision. As we explained, SaveOn has been unable to identify *any* documents before 2022 supporting J&J's allegations. That is why SaveOn requests the broader search term—the narrower terms that J&J has already run have failed to capture the requested documents.[3] This broader term is warranted because of the unquestionably high relevance of the documents sought, J&J's failure to produce even a single document discussing the meaning of the May Not Use Provision before 2022, its refusal to stipulate that it has no such documents, and its suggestion during the meet-and-confer that its witnesses would testify on this subject even in the absence of any documents. The importance of these documents outweighs J&J's minimal burden in reviewing 606 documents.

---

[1] SaveOn addresses the use of this term for the custodial files of Scott White and Blasine Penkowski under separate cover.

[2] During the meet and confer, you confirmed that J&J is not raising a relevance objection as to the term. You also did not indicate that just over 600 documents was, in and of itself, an unreasonable number of additional documents.

[3] While you asked us during the meet-and-confer to identify a relevant *sentence* that the proposed search term might identify, the question is whether the term could identify a relevant *document*. It is easy to imagine a document that contains the May Not Use Provision (and hence the terms "other offer," "coupon," discount," "savings card," and "free trial") and within 50 words contains a sentence like "this conduct violates our terms and conditions."

Julia Long
August 16, 2024

       Unless by August 22, 2024, J&J informs SaveOn that it will run the above term as requested, SaveOn will understand the parties to be impasse.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 9

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy|Gay**

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

July 25, 2024

<u>**Via E-mail**</u>

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10104
Ieppler@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's July 12, 2024 letter regarding SaveOn's request for documents regarding mitigation, and further to SaveOn's July 1, 2024 letter.

**I.     RISRx Search Terms**

Thank you for providing the requested hit counts for SaveOn's proposal and J&J's counterproposal. The hit counts show that SaveOn's proposal requires review of 984 documents, while J&J's counterproposal requires review of 745 additional documents, both including families. The hit counts reveal that SaveOn's proposal, which requires review of an additional 239 documents, is not unduly burdensome.

You cite a line in Judge Wolfson's May 9, 2024 Order for the proposition that "w/50" connectors are generally "overbroad" and "contrary to Judge Wolfson's guidance." July 12, 2024 Letter from I. Eppler to H. Miles at 2. In fact, Judge Wolfson did not make a generalized comment on the propriety of "w/50" limiters; she commented that, "at this time"—in the context of the specific search terms she was reviewing—the connector "may be overly broad." May 9, 2024 Order at 3. The term in question there featured the word "adapt," which is commonly used, and so using a "w/50" connector would be more likely to pick up irrelevant documents; the terms "RIS" or "RISRX" are not commonly used, so using the "w/50" connector is highly likely to identify documents referring to RIS.

Ian Eppler
July 25, 2024

   J&J's argument that "w/50" connectors are too broad is also inconsistent with its prior arguments: Since Judge Wolfson's ruling, J&J has insisted that SaveOn use a "w/50" connector for searches regarding the Washington Post[1] and for so-called evasion documents from Johnson and Leger,[2] and it has continued to propose "AND" connectors, which are significantly broader than "w/50" connectors.[3]

   Given the negligible incremental burden required, please let us know if J&J will run SaveOn's proposed search term:

- (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II.    TrialCard Search Terms

   As you know, TrialCard's actions in implementing and administering Care-Path, including but not limited to its implementation and administration of the CAP Program, are relevant to SaveOn's mitigation defense. Assessing whether any burden faced by J&J in reviewing these requested documents is "undue" must take into account the centrality of these issues to the case. The fact that there are potentially many responsive documents does not, standing alone, mean that the search terms are unduly burdensome or overbroad if they are properly tailored to be likely to lead to unique, responsive documents. It simply means that there may be many responsive documents.

   J&J asserts that SaveOn's second proposed search term has "near complete overlap with the first." July 12, 2024 Letter at 2.[4] We disagree, as the second term

---

[1] *See* June 7, 2024 Letter from M. Nussbaum to S. Suri (agreeing to run J&J's proposed term: ("Washington Post" OR "the Post" OR WaPo OR "WashPost" OR "washingtonpost.com" OR "Gurwich") **w/50** ("the company" OR SaveOnSP OR SaveOn OR "Save On SP" OR "SaveOn" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts)).

[2] *See* Mar. 15, 2024 Letter from K. Brisson to N. Nussbaum (proposing: (avoid* OR conceal*) **AND** (co-insurance OR variable OR copay OR "co-pay")); SaveOn's May 21, 2024 Reply Brief (countering: (avoid* OR conceal*) **w/15** (co-insurance OR variable OR copay OR "co-pay")); May 31, 2024 Email from J. Long (countering: (avoid* OR conceal*) **w/50** (co-insurance OR variable OR copay OR "co-pay")); June 14, 2024 Email from A. Miner (accepting proposal).

[3] *See* June 25, 2024 Letter from B. Robinson to M. Nelson (proposing: "gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*)) **AND** (patient* OR member*)); July 3, 2024 letter from M. Nelson to B. Robinson (countering: ("gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*)) **w/50** (patient* OR member*)); July 11, 2024 Letter from M. Nelson to B. Robinson (accepting proposal).

[4] SaveOn's proposed search terms are:

Ian Eppler
July 25, 2024

targets documents wherein TrialCard is asked to or tries to identify patients on accumulator, maximizers, or SaveOn.

J&J's proposed single search term is insufficient. By conflating SaveOn's two search terms, it excludes documents about TrialCard and accumulators, maximizers, and SaveOn that do not include the word "identify."

Please let us know if J&J will agree to run the following search terms. If you object on the basis of burden, please provide hit counts broken down by term.

- "(TrialCard **w/25** identif*) AND (accumulat* OR maximiz* OR CAPA OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard **w/40** (accumulat* OR maximiz* OR CAPm OR CAPa OR "adjustment program")

## III.  IQVIA Search Term

We appreciate J&J's agreement to run the proposed IQVIA search term. SaveOn proposed:

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")

and in its July 12 letter, J&J agreed to run:

- IQVIA w/15 (accumulat**e*** OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")"

We assume that the difference between the two search terms is a typo, but please confirm that you will run the term as proposed.

We request a response by August 1, 2024. We are available to meet and confer and reserve all rights.

Sincerely,

Hannah Miles

Hannah R. Miles
Associate

---

- TrialCard **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- (TrialCard **w/50** identif*) **AND** (accumualt* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

3