# Robinson+Cole

E. Evans Wohlforth, Jr.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

August 30, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we ask Your Honor to compel Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") to search for and produce documents regarding J&J's mitigation efforts by its vendors TrialCard and RISRx.

"An injured party must take reasonable steps to mitigate its damages, or else damages will not be recovered to the extent that the injured party could have avoided his losses through reasonable efforts without undue risk, burden or humiliation." *Natreon, Inc. v. Ixoreal Biomed, Inc.*, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) (citations omitted). Whether J&J failed to take "reasonable steps" to mitigate is determined in the context of "all the facts and circumstances or each case, and … judged in the light of one viewing the situation at the time the problem was presented."

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

*Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 259 (3d Cir. 2008) (citation omitted). SaveOn is entitled to discovery regarding whether J&J mitigated its damages. *See, e.g., Hite v. Peters*, 2009 WL 1748860, at *4 (D.N.J. June 19, 2009) ("The Court concludes that Defendant is entitled to discovery of documents bearing on mitigation.").

The only purported mitigation action that J&J has asserted that it took was attempts to identify patients on SaveOn-advised plans. *See* July 15, 2024 Tr. at 41:17-42:5 (confirming that "the expenditure of resources to identify patients in the SaveOnSP program," is the only mitigation effort J&J has identified). These efforts ran through TrialCard and RISRx. Ex. 1 at 4, 6 (Jan 31, 2024 J&J Supp. Interrog. Resps.) (███████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████").

As Your Honor is aware, TrialCard is the primary administrator of CarePath. *See* Dkt. 307 at 3. ████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████TrialCard employee); Ex. 5 (JJHCS_00001497) (CAP work order between J&J and TrialCard).

J&J also worked with at least one other vendor, RISRx, to identify patients on health plans advised by SaveOn. ████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████

SaveOn needs documents relating to TrialCard's and RISRx's efforts to identify patients on SaveOn-advised plans, accumulators, or maximizers to prove that J&J partially or wholly failed to mitigate its purported damages. J&J's enforcement (or lack of enforcement) of its terms and conditions is also relevant to the meaning of those T&Cs, as well as to SaveOn's laches and acquiescence affirmative defenses. *See* Dkt. 85 at ¶¶ 24-38. J&J has also indicated in its proposed amended complaint that it intends to seek damages for its mitigation efforts, Prop. Am. Compl. ¶ 193, which would include this work by TrialCard and RISRx.

## I.      TrialCard Search Terms

Because TrialCard is the day-to-day operator of CarePath, J&J would have discussed any actions that it took to mitigate its damages with TrialCard. To identify documents regarding TrialCard's work to design and implement the CAP program and to identify patients on accumulators,

Hon. Freda L. Wolfson                                                    Page 4

maximizers, and plans advised by SaveOn, SaveOn requested that J&J run the following two

search terms for the period April 1, 2016 through November 7, 2023:

- TrialCard **w/40** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjust-
  ment program")

- (TrialCard **w/25** identif*) **AND** (accumulat* OR maximiz* OR CAPa OR CAPm
  OR "adjustment program" OR EHB OR NEHB)

Ex. 11 (Aug. 9, 2024 Ltr.). J&J refused and instead proposed a single search term:

- (TrialCard **w/25** identif*) **w/25** (accumulat* OR maximiz* OR CAP OR CAPa OR
  CAPm OR "adjustment program" OR EHB OR NEHB)

Ex. 12 at 2-3 (July 12, 2024 Ltr.). J&J's proposal tries to blend SaveOn's two distinct terms and

ends up with a term too narrow to accomplish the goals of either one.

 SaveOn's first proposed term targets TrialCard's analysis of the impact of accumulators,

maximizers, and SaveOn on the CarePath program and its analysis of the effectiveness of the CAP

program. TrialCard regularly performed such analyses as the entity closest to the day-to-day op-

erations of that program. █████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

 SaveOn's requested term reveals many relevant documents that J&J's proposed term would

exclude, as running those terms over J&J's productions to date confirms. ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Hon. Freda L. Wolfson                                                                    Page 5

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████

SaveOn's second proposed search term targets TrialCard's efforts to identify patients on maximizers, accumulators, and SaveOn-advised plans. J&J alleges that it could not reduce copay assistance payments without an "unacceptable risk that individual patients may be misidentified" and that "any attempt to reduce copay assistance on a patient-by-patient basis" is "unworkable" because of "[t]he secretive nature of SaveOnSP's operations." Dkt. 1 at ¶ 101. SaveOn is entitled to investigate the veracity of these allegations. █████████████████████████████████

█████████████████████████████████████████████████

SaveOn's second proposed search term is also likely to identify documents that J&J's proposed term would exclude—including documents showing that TrialCard was able to identify patients on SaveOn-advised plans, accumulators, or maximizers. ████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████ Such evidence disproves J&J's assertions that it could not reliably identify patients, undercutting one of its key allegations.

J&J asserts that SaveOn's proposed search terms are unduly burdensome, but they identify only 11,304 and 3,586 documents (including families), respectively, Ex. 21 (Aug. 1, 2024 Ltr.).

This is hardly burdensome in the context of this case and particularly given the importance of the documents sought. J&J also points to other search terms that it is using to identify documents regarding TrialCard's work on the CAP program, but they do not target J&J's mitigation efforts like the ones proposed here; the fact that these search terms return additional documents indicates that J&J has additional relevant documents to be produced.

## II.     RISRx Search Term

To capture documents regarding RISRx's work on the CAP program to identify and "segment" patients on accumulators, maximizers, and plans advised by SaveOn, SaveOn requested that J&J run the following search term for the period April 1, 2016 through November 7, 2023:

- ("RIS" OR "RISRx") **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

J&J refused, agreeing only to run the term using a "w/25" connector. Ex. 21 (Aug. 1, 2024 Ltr.). SaveOn's version would require J&J to review only an additional 239 documents, inclusive of families. *See* Ex. 12 (July 12, 2024 Ltr.) (SaveOn's proposal—w/50—identifies 984 additional documents; J&J's counterproposal—w/25—identifies 745 additional documents). J&J thus has no argument that SaveOn's requested term is unduly burdensome. Nor has J&J made any argument contesting the relevance of the additional proposed terms.

J&J instead says that Your Honor's May 9, 2024 Order "hold[s] that 'w/50' proximity limiters are generally overbroad." Ex. 21 (Aug. 1, 2024 Ltr.); *see also* Ex. 12 (July 12, 2024 Ltr.) ("JJHCS objects to SaveOnSP's search term, which contains an overbroad 'w/50' proximity limiter contrary to Judge Wolfson's guidance."); Ex. 22 at 2 (Aug. 23, 2024 Ltr.) (noting J&J's position at the August 22, 2024 meet-and-confer that Your Honor's "presumptive guidance" is that a w/50 search term is categorically overbroad). SaveOn understood Your Honor to say that a "w/50" connector "may be overbroad" for the term at issue in the May 9 Order. Dkt. 283 at 3. That term

featured the commonly used word "adapt," so a "w/50" connector might have picked up irrelevant documents. That concern is not present here—the terms "RIS" or "RISRx" are not commonly used, so the "w/50" connector is highly likely to identify relevant documents.[1]

 Running SaveOn's and J&J's proposed search terms over the documents that J&J has already produced reveals numerous relevant documents that would be picked up by SaveOn's search term but excluded by J&J's term. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ &J must search for and produce such relevant documents.

 SaveOn appreciates Your Honor's attention to this matter.

        Respectfully submitted,

        /s/ *E. Evans Wohlforth, Jr.*
        E. Evans Wohlforth, Jr.
        Robinson & Cole LLP
        666 Third Avenue, 20th floor
        New York, NY 10017-4132
        Main (212) 451-2900
        Fax (212) 451-2999
        ewohlforth@rc.com

---

[1] Since Your Honor's ruling, J&J has insisted that SaveOn use a "w/50" connector in various searches and has continued to propose "AND" connectors, which are significantly broader than w/50 connectors. *See, e.g.*, Ex. 23 at 2 & n.1-3 (July 25, 2024 Ltr.).

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S SECOND SET OF INTERROGATORIES** |

14805981

Pursuant to the Court's November 7, 2023 Order, Johnson and Johnson Health Care Systems, Inc. ("JJHCS") submits these supplemental responses to Save On SP, LLC's ("SaveOnSP") First Set of Interrogatories (the "Interrogatories"). (*See* Dkt. No. 173.) JJHCS reserves the right to amend, modify, or supplement these responses.

## GENERAL OBJECTIONS

JJHCS incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or

1

ambiguous.

4.     JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.     JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.     JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.     JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.     JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.     JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2

2.     JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

3.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from August 1, 2016 to the November 7, 2023.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

4.     JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 8

    Identify each individual enrolled in CarePath that JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves has identified (through non-litigation means) as a member of a SaveOnSP-advised plan, and the date on which they made that identification.

**Response:**

    In addition to the foregoing general objections, JJHCS objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks identification of "each individual" enrolled in CarePath who is also enrolled in SaveOnSP beyond those identified through any systematic efforts undertaken by JJHCS. JJHCS further objects to this Interrogatory to the extent that it seeks information protected by attorney client privilege, work product privilege, or any other applicable privilege. JJHCS further objects to this Interrogatory on the ground that the phrase "SaveOnSP-advised plan" is undefined.

    Subject to the foregoing general and specific objections, based on its investigation to date, JJHCS responds as follows:

4

[REDACTED]

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response Pursuant to the Court's November 7, 2023 Order:**

In accordance with the Court's November 7, 2023 Order, JJHCS has undertaken a reasonable investigation in order to "update [its] discovery responses (including productions)" through November 7, 2023. Subject to the general and specific objections raised in JJHCS's July 24, 2023 responses and objections, based on its investigation to date, JJHCS responds as follows:

14805981

14805981

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.


Dated: January 31, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

## CERTIFICATION

1.  I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2.  I have read the attached Responses to SaveOnSP's Second Set of Interrogatories dated January 31, 2024.

3.  The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.  As to Responses based upon my personal knowledge, they are true to the best of my knowledge. As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.

Dated: January 31, 2024

Debbie Kenworthy

8

14805981

**EXHIBITS 2-10**
**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 11

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy|Gay**

Hannah Miles
Associate
212.390.9055
hmiles@selendygay.com

August 9, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to your August 1, 2024 letter regarding SaveOn's request for documents regarding mitigation, and further to SaveOn's July 25, 2024 letter.

## I.    RISRx Search Term

You object to SaveOn's proposed search term regarding RISRx, stating that Judge Wolfson ruled in her May 9, 2024 order that "w/50" limiters are "generally overbroad." August 1, 2024 Ltr. from I. Eppler to H. Miles at 1. As explained in SaveOn's July 25, 2024 letter, Judge Wolfson did not make such a generalized comment, and SaveOn disagrees that search terms with a "w/50" connector are categorically overbroad.



Ian Eppler
August 9, 2024



Please confirm that J&J will run SaveOn's proposed search term:

- (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II.    TrialCard Search Terms

J&J also refuses to run SaveOn's proposed search terms regarding Trial-Card. J&J instead proposes completely removing one of SaveOn's requested search terms, even after SaveOn narrowed both search terms in the spirit of compromise.

| SaveOn's Proposed Terms | J&J's Proposed Term |
|---|---|
| TrialCard w/40 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>(TrialCard w/25 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB) | (TrialCard w/25 identif*) /25 (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB) |

SaveOn's first proposed search term is designed to pick up documents regarding any analysis that TrialCard did for J&J regarding the impact of accumulators or maximizers on the CarePath program, or analysis of the CAP program, which TrialCard implemented on J&J's behalf, and which has been repeatedly found to be relevant.



2

Ian Eppler
August 9, 2024



J&J's proposed search term—which modifies SaveOn's second proposed search term by changing the "AND" connector to a "w/25" connector—is insufficient. As you know, SaveOn originally proposed that J&J run "(TrialCard w/50 identif*)" to pick up documents regarding TrialCard's work to identify patients, one of the primary mitigation techniques that J&J has disclosed. *See* June 4, 2024 Letter from H. Miles to I. Eppler at 3. To accommodate J&J's concern that this search term would pick up too many documents unrelated to the issues in this litigation, SaveOn offered to add an "AND" limiter followed by the terms "accumulator," "maximizer," "CAP," "EHB," or "NEHB."

Please confirm that J&J will run SaveOn's proposed search terms.

We request a response by August 16, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Hannah Miles

Hannah Miles
Associate

3

# Exhibit 12



www.pbwt.com

July 12, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
No. 2:22-cv-02632 (JKS) (CLW)

Dear Hannah:

We write in response to your July 1, 2024 letter, and in further to our letters of February 28, 2024, April 26, 2024, May 22, 2024, and June 13, 2024, regarding JJHCS's Responses and Objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.

**I.   Request Nos. 68 and 82**

You "disagree that Judge Wolfson found that documents related to Best Price are not relevant" and again request that JJHCS "clarify whether [it] intends to produce or withhold documents regarding [its] response to accumulators, maximizers, or SaveOn in light of changes or anticipated changes to the Best Price Rule." Jul. 1, 2024 Ltr. from H. Miles to I. Eppler at 1. Without accepting your characterization of either Judge Wolfson's ruling or JJHCS's response to the 2023 Best Price Rule, we confirm—once again—that if a responsive, non-privileged document meets our search criteria, we will produce it whether or not it also touches on the Best Price Rule. We note that this is the fifth time we have confirmed this point in writing; if you have further questions, it may be more productive to discuss them in a live conferral. *See* June 13, 2024 Ltr. from I. Eppler to H. Miles at 1-2; May 22, 2024 Ltr. from I. Eppler to H. Miles at 1; May 2, 2024 Opposition to SaveOnSP's Motion to Compel Best Price Documents at 13, 16; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 4.

**II.   RISRx Search Terms—Request Nos. 58 and 59**

The hit counts you requested are provided below:

Hannah Miles, Esq.
July 12, 2024
Page 2

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**984 additional documents (family inclusive)** | (RIS OR RISRx) w/25 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**745 additional documents (family inclusive)** |

As we have noted, JJHCS objects to SaveOnSP's search term, which contains an overbroad "w/50" proximity limiter contrary to Judge Wolfson's guidance. *See* May 9, 2024 Order at 3. Please confirm whether SaveOnSP will accept JJHCS's compromise proposal.

## III. TrialCard Search Terms—Request Nos. 58 and 59

In its June 4, 2024 letter, SaveOnSP proposed two TrialCard-related search terms. You ask whether the numbers presented in JJHCS's June 13, 2024 letter "represent the number of new, unique documents that [JJHCS] would have to review" if JJHCS added those terms. July 1, 2024 Ltr. from H. Miles to I. Eppler at 2. That is correct. As we stated in that letter, one proposed term—"TrialCard /50 identif*"—elicits 26,526 additional documents (family inclusive) and the other—"TrialCard /50 (accumulator* OR maximizer *OR CAPm OR CAPa OR "adjustment program")—elicits 13,117 additional documents (family inclusive).

In your most recent letter, you narrow the first of these terms, but otherwise continue to demand the second term without modification:

- "(TrialCard /50 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard /50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

While we appreciate SaveOnSP's willingness to narrow the first term, SaveOnSP's proposed narrowing does not address our concerns. As a threshold matter, even as modified, both terms contain "w/50" and "AND" connectors, despite Judge Wolfson's admonition that the parties should use tighter proximity limiters to mitigate the burden associated with specific requests. *See* May 9, 2024 Order at 3 (noting the potential overbreadth of w/50 limiters). JJHCS also notes that, as drafted, SaveOnSP's second term has near complete overlap with the first, except that it contains a "w/50" between TrialCard and identif* before an overbroad "AND" connector to a list of seven words, including two terms unrelated to CAP or JJHCS's mitigation efforts ("EHB" or "NEHB").

In the interest of compromise, JJHCS is prepared to run the following search term to search for documents responsive to Request Nos. 58 and 59, subject to SaveOnSP's agreement that will resolve the parties' dispute over both TrialCard-related search terms: (TrialCard /25

Hannah Miles, Esq.
July 12, 2024
Page 3

identif*) /25 (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB). The addition of "w/25" proximity limiters in JJHCS's proposed term is consistent with Judge Wolfson's instructions. *See* May 9, 2024 Order at 3. JJHCS's proposed compromise term would require the review of 1,250 additional documents, inclusive of families. Please confirm whether SaveOnSP will accept JJHCS's proposed compromise.

## IV.    IQVIA

Your letter proposes an expansion of the IQVIA-related search term: "IQVIA w/15 (accumulate* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")." JJHCS and SaveOnSP have been discussing an IQVIA-related search term for eight months, and until your July 1, 2024 letter, you had never before requested the "CAPa OR CAPm OR 'adjustment program'" modifier that you now seek. *See, e.g.*, June 4, 2024 Ltr. from H. Miles to I. Eppler at 3 (proposing "(accumulator* OR maximizer* OR copay OR co-pay OR CAP)" modifier); Nov. 30, 2023 Ltr. from E. Snow to G. LoBiondo at 2 (proposing "(accumulate* OR maximiz* OR CAP*)" modifier). However, in the interest of compromise, and reserving all rights, JJHCS agrees to run SaveOnSP's proposed term over the custodial files of the requested eleven custodians[1] for the time period January 1, 2021 to November 7, 2023.

*        *        *

We are available to meet and confer.

Very truly yours,

Ian Eppler

---

[1] Jasmeet Singh, Bill Robinson, Lauren Pennington, Adrienne Minecci, Silviya McCool, Katie Mazuk, John King, John Hoffman, Spilios Asimakopoulos, and Lindsey Anderson.

# EXHIBITS 13-20
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 21



www.pbwt.com

August 1, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
        *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
        No. 2:22-cv-02632 (JKS) (CLW)

Dear Hannah:

We write in response to your July 25, 2024 letter, and in further to our letters of February 28, 2024, April 26, 2024, May 22, 2024, June 13, 2024, and July 12, 2024, regarding JJHCS's Responses and Objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.

**I.     RISRx Search Terms—Request Nos. 58 and 59**

JJHCS stands by its objection to the "w/50" proximity limiter in SaveOnSP's proposed search term, in light of Judge Wolfson's May 9, 2024 Order holding that "w/50" proximity limiters are generally overbroad. Contrary to SaveOnSP's claims, JJHCS has sought to comply with Judge Wolfson's guidance regarding the use of proximity limiters, and it expects SaveOnSP to do the same.[1]

---

[1] SaveOnSP cites instances in which JJHCS has sought "w/50" connectors, but those instances are distinguishable. Some of the requests cited by SaveOnSP are not new requests for terms relying on "w/50" proximity limiters, but were made before Judge Wolfson provided new guidance on the proper use of proximity limiters. *See, e.g.*, Apr. 24, 2024 Ltr. from M. Nussbaum to I. Eppler at 2 (conditionally agreeing to run search term containing a "w/50" proximity limiter to satisfy JJHCS's Request No. 110); June 17, 2024 Ltr. from S. Suri to M. Nussbaum (asking SaveOnSP to confirm that it will abide by its agreement). Others are instances in which JJHCS has asked SaveOnSP to run multi-part terms that contain "w/50" or "AND" limiters, but also incorporate narrower proximity limiters (such as "w/20") in an effort to comply with Judge Wolfson's guidance. *See,*

As an alternative to SaveOnSP's overbroad term, JJHCS reiterates its offer to run the following term, which elicits 745 documents (inclusive of families).  Please confirm whether SaveOnSP will accept JJHCS's compromise proposal:

- (RIS OR RISRx) **w/25** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II.    TrialCard Search Terms—Request Nos. 58 and 59

In its July 12, 2024 letter, JJHCS previously explained that the following proposed search terms are unduly burdensome, citing the excessive hit counts elicited by the terms, the near-complete overlap between the two terms, and the use of excessively broad "w/50" proximity limiters:

- (TrialCard /50 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

- TrialCard /50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

JJHCS proposed a compromise, which SaveOnSP has now rejected in favor of marginally narrower versions of its previous proposal:

- (TrialCard **/25** identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

- TrialCard **/40** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

Although SaveOnSP's latest proposal removes the overly broad "w/50" proximity limiters, these newly proposed terms remain unduly burdensome.  The first proposed term elicits 3,586 documents, and the second elicits 11,304 documents (both inclusive of families).  Reviewing and producing this volume of documents will be unduly burdensome for JJHCS.  The burden associated with these search terms is especially significant because JJHCS has already agreed to run several search terms designed to capture documents related to these topics, including over 54,000 documents (inclusive of families) hitting on the terms "CAPm," "CAPa," or "adjustment program."  Additionally, the two proposed terms retain the near-complete overlap noted in JJHCS's July 12, 2024 letter.

---

*e.g.*, June 25, 2024 Letter from B. Robinson to M. Nelson (proposing "gift card" **w/20** (enroll* OR join* OR use OR "sign up" OR regist*)) AND (patient* OR member*)).

Hannah Miles, Esq.
August 1, 2024
Page 3

       JJHCS stands by the compromise it proposed in its July 12, 2024 letter. Subject to SaveOnSP's agreement that will resolve the parties' dispute over both TrialCard-related search terms, JJHCS will run the term below to search for documents responsive to Request Nos. 58 and 59. Please confirm whether SaveOnSP will accept JJHCS's proposed compromise.

- (TrialCard /25 identif*) **/25** (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

## III.   IQVIA

       JJHCS confirms that it will run SaveOnSP's proposed IQVIA search term: "IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")."

*    *    *

       We are available to meet and confer.

Very truly yours,


Ian Eppler

# Exhibit 22

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy | Gay**

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

August 23, 2024

<u>Via E-mail</u>

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10104
Ieppler@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
     LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

  We write to memorialize our August 22, 2024 meet and confer related to
SaveOn's proposed search terms regarding TrialCard and RISRx's involvement in
J&J's mitigation efforts, including benefits investigations.

## I.    RISRx Search Term

  *First,* we explained that the search term that SaveOn proposed to identify
documents showing RISRx's involvement in mitigation does not pose an undue
burden to J&J. We pointed out that SaveOn's proposed term, which includes a
"w/50" limiter, would require J&J to review fewer than 300 documents more than
the search term proposed by J&J, which uses a "w/25" limiter. We noted that re-
viewing the 984 total additional documents that our proposed search term would
return did not amount to an undue burden, especially as J&J's failure to mitigate
is central to our defense. We referred to the documents that we cited in the August
9, 2024 letter that exemplified the kind of highly relevant documents that would
be captured by our proposed search term but not J&J's proposed term.

  You responded that J&J is willing to run a RIS Rx search term that closely
tracks the term J&J has already proposed but insisted on a limiter of "w/25" in-
stead of "w/50." You noted that your proposed search term will require J&J to re-
view 745 additional documents, or a majority of the documents J&J would have to
review if it accepted SaveOn's proposed search term. You again objected to the
"w/50" limiter as being purportedly inconsistent with Judge Wolfson's May 9,

Ian Eppler
August 23, 2024

2024 ruling on such limiters. You offered that J&J would only consider agreeing to a proposal narrower than one using a "w/50" limiter.

*Second*, we explained that we do not understand Judge Wolfson's May 9, 2024 order as creating a general rule that "w/50" are unacceptable. We pointed to the relevant sentences in the May 9 Order: "I have some concerns on the tightness or closeness of the word 'adapt' to other relevant terms. In my view, at this time, w/50 may be overly broad." *See* Dkt. 283 at 3. We explained that the word "adapt" seemed critical to Judge Wolfson's statement. It is a common word so, to avoid irrelevant documents, she believed that a narrower search term was necessary. We also pointed to the qualifier "at this time," which indicated that Judge Wolfson would be open to considering a "w/50" limiter in other circumstances. We further pointed out that J&J has often used or asked SaveOn to use "w/50" limiters; regarding this same set of search terms, J&J offered to run "(RIS OR RISRx) w/50 identif*" in April and again on May 22, 2024.

You said that J&J views the May 9 order as "presumptive guidance" that the "w/50" limiter creates overly broad search terms without a compelling justification.

*Third*, we asked whether J&J is making an undue burden argument with respect to this search term. You said that burden cannot be assessed at this stage because SaveOn has proposed similar search terms for other custodians, and presumably would also ask for a similar search term for the additional custodians currently being negotiated. Instead, you explained that J&J rejects this search term because its "search term logic" is not in line with Judge Wolfson's guidance. We disagree.

We stated that we understand the parties to be at impasse on this issue.

## II.     TrialCard Search Term

*First*, we asked whether the hit counts J&J provided for SaveOn's two proposed search terms related to TrialCard's mitigation represented the total number of hits returned by each of those terms or the number of additional documents that J&J will have to review based on those terms. J&J said that both hit counts it provided reflect the number of additional documents that J&J would have to review.

*Second*, we explained that SaveOn's two proposed search terms do not pose an undue burden to J&J. We pointed out that SaveOn's two proposed terms target documents very important to SaveOn's failure to mitigate defense as TrialCard implemented the CAP program for J&J. We expressed that SaveOn's two proposed search terms follow J&J's presumed guidance from Judge Wolfson in that they use limiters narrower than "w/50." We also pointed to SaveOn's previously provided examples of the kinds of documents that SaveOn's proposed term would return and J&J's proposed term would exclude.

Ian Eppler
August 23, 2024

You responded that SaveOn's proposed term is unduly burdensome and overly broad. You pointed out that to JJHCS has already agreed to produce over 54,000 documents, inclusive of families, hitting on the terms "CAPm," "CAPa," or "adjustment program." We explained that none of those documents were located by a search term targeted at TrialCard's involvement with J&J's mitigation efforts. The fact that our proposed search terms return over 14,000 new documents, suggests that the terms that J&J has previously agreed to run regarding the CAP program were insufficient.

You stated that, while you might consider a new, narrower proposal from SaveOn, you would not agree to SaveOn's current proposal.

We stated that we understand the parties to be at impasse on this issue.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

# Exhibit 23

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

July 25, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10104
Ieppler@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,***
***LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's July 12, 2024 letter regarding SaveOn's request for documents regarding mitigation, and further to SaveOn's July 1, 2024 letter.

## I.    RISRx Search Terms

Thank you for providing the requested hit counts for SaveOn's proposal and J&J's counterproposal. The hit counts show that SaveOn's proposal requires review of 984 documents, while J&J's counterproposal requires review of 745 additional documents, both including families. The hit counts reveal that SaveOn's proposal, which requires review of an additional 239 documents, is not unduly burdensome.

You cite a line in Judge Wolfson's May 9, 2024 Order for the proposition that "w/50" connectors are generally "overbroad" and "contrary to Judge Wolfson's guidance." July 12, 2024 Letter from I. Eppler to H. Miles at 2. In fact, Judge Wolfson did not make a generalized comment on the propriety of "w/50" limiters; she commented that, "at this time"—in the context of the specific search terms she was reviewing—the connector "may be overly broad." May 9, 2024 Order at 3. The term in question there featured the word "adapt," which is commonly used, and so using a "w/50" connector would be more likely to pick up irrelevant documents; the terms "RIS" or "RISRX" are not commonly used, so using the "w/50" connector is highly likely to identify documents referring to RIS.

Ian Eppler
July 25, 2024

 J&J's argument that "w/50" connectors are too broad is also inconsistent with its prior arguments: Since Judge Wolfson's ruling, J&J has insisted that SaveOn use a "w/50" connector for searches regarding the Washington Post[1] and for so-called evasion documents from Johnson and Leger,[2] and it has continued to propose "AND" connectors, which are significantly broader than "w/50" connectors.[3]

 Given the negligible incremental burden required, please let us know if J&J will run SaveOn's proposed search term:

- (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

## II.     TrialCard Search Terms

 As you know, TrialCard's actions in implementing and administering Care-Path, including but not limited to its implementation and administration of the CAP Program, are relevant to SaveOn's mitigation defense. Assessing whether any burden faced by J&J in reviewing these requested documents is "undue" must take into account the centrality of these issues to the case. The fact that there are potentially many responsive documents does not, standing alone, mean that the search terms are unduly burdensome or overbroad if they are properly tailored to be likely to lead to unique, responsive documents. It simply means that there may be many responsive documents.

 J&J asserts that SaveOn's second proposed search term has "near complete overlap with the first." July 12, 2024 Letter at 2.[4] We disagree, as the second term

---

[1] *See* June 7, 2024 Letter from M. Nussbaum to S. Suri (agreeing to run J&J's proposed term: ("Washington Post" OR "the Post" OR WaPo OR "WashPost" OR "washingtonpost.com" OR "Gurwich" **w/50** ("the company" OR SaveOnSP OR SaveOn OR "Save On SP" OR "SaveOn" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts)).

[2] *See* Mar. 15, 2024 Letter from K. Brisson to N. Nussbaum (proposing: (avoid* OR conceal*) **AND** (co-insurance OR variable OR copay OR "co-pay")); SaveOn's May 21, 2024 Reply Brief (countering: (avoid* OR conceal*) **w/15** (co-insurance OR variable OR copay OR "co-pay")); May 31, 2024 Email from J. Long (countering: (avoid* OR conceal*) **w/50** (co-insurance OR variable OR copay OR "co-pay")); June 14, 2024 Email from A. Miner (accepting proposal).

[3] *See* June 25, 2024 Letter from B. Robinson to M. Nelson (proposing: "gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*)) **AND** (patient* OR member*)); July 3, 2024 letter from M. Nelson to B. Robinson (countering: ("gift card" w/20 (enroll* OR join* OR use OR "sign up" OR regist*) **w/50** (patient* OR member*)); July 11, 2024 Letter from M. Nelson to B. Robinson (accepting proposal).

[4] SaveOn's proposed search terms are:

Ian Eppler
July 25, 2024

targets documents wherein TrialCard is asked to or tries to identify patients on accumulator, maximizers, or SaveOn.

J&J's proposed single search term is insufficient. By conflating SaveOn's two search terms, it excludes documents about TrialCard and accumulators, maximizers, and SaveOn that do not include the word "identify."

Please let us know if J&J will agree to run the following search terms. If you object on the basis of burden, please provide hit counts broken down by term.

- "(TrialCard **w/25** identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard **w/40** (accumulat* OR maximiz* OR CAPm OR CAPa OR "adjustment program")

## III. IQVIA Search Term

We appreciate J&J's agreement to run the proposed IQVIA search term. SaveOn proposed:

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")

and in its July 12 letter, J&J agreed to run:

- IQVIA w/15 (accumulat**e*** OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")"

We assume that the difference between the two search terms is a typo, but please confirm that you will run the term as proposed.

We request a response by August 1, 2024. We are available to meet and confer and reserve all rights.

Sincerely,

Hannah Miles

Hannah R. Miles
Associate

---

- TrialCard **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- (TrialCard **w/50** identif*) **AND** (accumualt* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

# EXHIBITS 24-26
# CONFIDENTIAL – FILED UNDER SEAL