# Sills Cummis & Gross

### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
Tel: 973-643-7000
Fax: 973-643-6500

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

September 9, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:  **Opposition to SaveOnSP's August 30, 2024 Motion to Compel**
     *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
     Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we write to oppose SaveOnSP's August 30, 2024 letter motion to compel JJHCS to produce documents elicited by three search terms related to JJHCS's vendors TrialCard and RISRx. As explained herein, JJHCS has agreed to an enormous number of SaveOnSP's search term demands, or has accepted them with only limited modifications. And JJHCS has repeatedly offered compromises involving reasonable search terms that satisfy SaveOnSP's legitimate discovery needs. But the three terms SaveOnSP demands in this motion are hugely overbroad and unduly burdensome, violate the Court's previous guidance, and contradict SaveOnSP's positions as to what search terms it will run on its own documents. Discovery is not a one-way street, nor is it a mechanism to penalize a plaintiff for having brought

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 2

a lawsuit. SaveOnSP cannot shun reasonable compromises by JJHCS and insist on search terms of the kind that SaveOnSP has itself repeatedly refused to run. The Court should stand by its previous search term guidance and deny SaveOnSP's motion to compel the use of these flawed terms.

## DISCUSSION

SaveOnSP's opening brief makes numerous extraneous claims about JJHCS's mitigation efforts. Most are false.[1] But the truth is fast coming into focus through newly produced documents from SaveOnSP's and ESI's files: manufacturers could *never* effectively mitigate damages because SaveOnSP and ESI had a sophisticated and highly resourced operation dedicated to evading any manufacturer attempts to detect or thwart their scheme.[2] The instant motion, however, does not require the Court to address the propriety of mitigation-related discovery writ large. Accordingly, JJHCS does not endeavor here to correct every factual misstatement in SaveOnSP's

---

[1] For example, SaveOnSP misleadingly claims that the "only purported mitigation action that J&J has asserted that it took was attempts to identify patients on SaveOn-advised plans," but it cites a transcript colloquy describing the pled allegations about JJHCS's special damages, not mitigation efforts in general. Mot. at 2.

[2] *See, e.g.,*



2

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 3

brief—that record will be presented at trial. On this motion, the Court need only address whether the additional, specific search terms at issue are proportionate and reasonably tailored. They are not.

According to SaveOnSP, the disputed search terms ostensibly relate to requests for production that SaveOnSP served almost a year ago, in October 2023. *See* Ex. 6 (Apr. 4, 2024 Ltr. from E. Snow to J. Long) at 5; Ex. 7 (SaveOnSP's Fourth Set of Requests for Production) at 10-11. The disputed search terms go far beyond the requests for production that allegedly support them. Nevertheless, over the past many months—going back to February—JJHCS agreed to search for even documents of marginal relevance to try and avoid burdening the Court with further discovery disputes.[3] And JJHCS has repeatedly offered to work with SaveOnSP to resolve remaining disputes by crafting search terms that meet SaveOnSP's legitimate discovery needs without unduly burdening JJHCS.

But despite JJHCS's productions and efforts at compromise, SaveOnSP now demands three more terms that are unduly burdensome and inconsistent with the Court's guidance on search term construction. Two of the three relate to TrialCard, and the third relates to RISRx (a vendor

---

[3] For instance, when SaveOnSP demanded that JJHCS run several search terms related to JJHCS vendors Archbow and Avalere, *see* Ex. 6 (Apr. 4, 2024 Ltr. from E. Snow to J. Long) at 3, JJHCS assented to SaveOnSP's demand, *see* Ex. 8 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow) at 2. The parties also reached agreement on a search term intended to satisfy SaveOnSP's demand for documents related to JJHCS's work with the vendor IQVIA. *See* SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 3. JJHCS reviewed 10,307 documents (inclusive of families) captured by that term. JJHCS also negotiated in good faith with SaveOnSP to establish workable RISRx search terms, repeatedly offering to run variations of search terms containing the phrase "RISRx or RIS." Ex. 8 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow) at 4; Ex. 9 (Jul. 3, 2024 Ltr. from J. Long to E. Snow) at 2; SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to E. Snow). The parties reached agreement on one term containing the phrase "RISRx OR RIS," as described further below.

3

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 4

that offers an algorithm that can be used to identify accumulator and maximizer patients based on

claims data).  As explained below, JJHCS should not be compelled to run any of the disputed

searches.

**I.   TrialCard Terms**

SaveOnSP seeks to impose the following TrialCard-related search terms:

- (TrialCard w/25 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

- TrialCard w/40 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

The former elicits 3,586 documents, and the latter elicits 11,304 documents (both inclusive of

families).  *See* SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 2.

The first problem with SaveOnSP's TrialCard search terms is that they are inconsistent

with the requests that allegedly support them.  SaveOnSP has claimed that these search terms are

necessary to fulfill Request Nos. 58 and 59.  *See* Ex. 6 (Apr. 4, 2024 Ltr. from E. Snow to J. Long)

at 5.  Those requests seek documents related to Benefits Investigations:

58.    All documents or communications related to Benefits Investigations undertaken by
JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person
enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

59.    To the extent not covered by the previous Request, all documents or
communications related to Benefits Investigations undertaken by JJHCS or any JJHCS
Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath
was or could be a member of a Maximizer or Accumulator health plan.

Ex. 7 (SaveOnSP's Fourth Set of Requests for Production) at 10-11

Although these requests cover only the discrete issue of Benefits Investigations, SaveOnSP

has demanded search terms that will capture a wide range of documents completely unrelated to

Benefits Investigations.   Indeed, the search strings do not even include terms like "Benefits

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 5

Investigation" or "BI." The Court should reject SaveOnSP's attempt to shoehorn these overly broad search terms into far narrower requests for production.

These search terms are also an attempted end-run around this Court's previous ruling on CAP search terms. The Court rejected SaveOnSP's efforts to compel JJHCS to run an exceedingly broad search term—"CAPa OR CAPm OR 'adjustment program'"—and ruled that the CAP search string must include both one of those terms *and* a reference to accumulators and maximizers. Apr. 10, 2024 Order ¶ 2. The Court's Order was itself an expansion of permissible discovery—Judge Waldor had previously ruled that searches involving the CAP search string must include both one of those terms *and* a reference to SaveOnSP specifically (not just accumulators or maximizers generally). Dkt. No. 173 at 2-3. But SaveOnSP now seeks to ignore even the Court's prior order. Both searches in SaveOnSP's latest motion demands violate the Court's ruling—they would pick up documents hitting on CAPm *or* CAPa *or* "adjustment program" *or* accumulator *or* maximizer. And they are not saved by the insertion of the word "TrialCard." Due to its role, "TrialCard" likely appears in many documents containing those words or phrases "CAPm," "CAPa," or "adjustment program," and so practically speaking it is no meaningful limitation at all. For there to be any progress in discovery, it is essential that SaveOnSP not be rewarded for simply ignoring Court-ordered limitations on discovery or gain ground every time it insists on revising prior rulings.

Aside from being inconsistent with the Requests for Production that ostensibly support them and the Court's prior ruling, SaveOnSP's proposed searches are unnecessary and unduly burdensome. First, as the Court knows, documents from TrialCard are already being produced pursuant to subpoenas to TrialCard as well as document requests to JJHCS. TrialCard has produced nearly 10,000 pages in response to these requests, many of which focus on the same

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 6

mitigation issues in focus here, and SaveOnSP continues to pursue additional documents in the custody of TrialCard.  Second, SaveOnSP has demanded that JJHCS run several search terms designed to capture documents related to the CAP program and JJHCS has done so, reviewing over 54,000 documents (inclusive of families) hitting on terms including the words and phrases "CAPm," "CAPa," or "adjustment program."  SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 2.  Third, JJHCS has also agreed to several search terms related to other vendors that SaveOnSP claims are involved in JJHCS's mitigation efforts, and has reviewed thousands of documents responsive to those terms.  *See supra* n.3.  Finally, SaveOnSP's proposed TrialCard searches cover an overly broad time period—going back to 2016 instead of late 2021, █████

████████████████████████████████████████████████.  *See* SaveOnSP Ex. 4 (TrialCard_0005044).  Simply put, SaveOnSP has already taken endless discovery about CAPm, CAPa, TrialCard, and every other mitigation-related topic, and these overbroad and unduly burdensome search terms are superfluous.

In these circumstances, the review of over 13,000 additional TrialCard-related documents would pose an undue burden on JJHCS.  SaveOnSP claims that this volume is "hardly burdensome," but when the shoe is on the other foot, SaveOnSP has routinely complained that a far smaller number of documents is too many.  *See, e.g.*, Dkt. No. 358-8 (objecting to a search term eliciting an "additional 1,774 unique documents" as unduly burdensome); Dkt. No. 358-10 (claiming that a term "requir[ing] SaveOn to review 3,627 additional documents" "would . . . be unduly burdensome").  And SaveOnSP's demand for over 13,000 documents cannot be considered in isolation.  It is part of an onslaught of highly burdensome discovery demands from SaveOnSP, including SaveOnSP's recent demand that JJHCS nearly double its custodian list by adding thirty

6

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 7

additional custodians. Given that SaveOnSP's recent demands are complex and ever-changing, JJHCS has not yet been able to assess the total burden associated with them. But early indications suggest that it will be overwhelming. For example, only days before SaveOnSP filed the instant motion, it moved to compel JJHCS to add Joe Incelli and Norhaan Khalil as custodians with a lengthy list of broad search terms that would require JJHCS to review over 37,000 additional documents. So, while review of the 13,000 more documents implicated by this latest motion would be unduly burdensome for JJHCS in and of itself, the cumulative effect of this additional review *and* all of SaveOnSP's other demands would be even more so.

In arguing otherwise, SaveOnSP resorts to repeatedly mischaracterizing several JJHCS documents. None of these justify SaveOnSP's demands for ever-more discovery on these issues.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████      ██████████████████      ████████████████

███████████████████████████████████████████████████

████████████████████████. The document also significantly predates the period in which TrialCard "work[ed] to design and implement the CAP program and to identify patients on accumulators, maximizers, and plans advised by SaveOn," SaveOnSP's purported topic of interest. Mot. at 3-4. Regardless, it was captured by existing search parameters and has already been produced.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 8



Contrary to SaveOnSP's argument, *see* Mot. at 4, the very fact that SaveOnSP has these JJHCS documents already means that JJHCS's existing search terms are sufficient to elicit the documents SaveOnSP claims to want.

Even so, JJHCS repeatedly sought compromise with SaveOnSP by offering to run the following narrower TrialCard-specific term:

- (TrialCard w/25 identif*) /25 (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)

*See* Ex. 10 (Jul. 12, 2024 Ltr. from I. Eppler to H. Miles) at 2-3; SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 2-3. This term elicits 1,250 documents and is aligned with SaveOnSP's stated justification for TrialCard-specific search terms and the Court's instructions. SaveOnSP claims in its motion that "needs documents related to TrialCard's . . . efforts to identify patients on SaveOn-advised plans, accumulators, or maximizers." Mot. at 3. JJHCS's proposed term will capture documents that include the word "TrialCard" in proximity to variants of the words "identify," "accumulator," and "maximizer," giving SaveOnSP the documents it purports to need. It also includes meaningful limits on the "CAPa OR CAPm OR 'adjustment program'" search string, as the Court required in its April 10, 2024 Order.

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 9

JJHCS has been clear: it is willing to produce documents elicited by a TrialCard-related term in the interests of finally ending these disputes. But SaveOnSP's demand that it review over 13,000 documents is unduly burdensome in light of other TrialCard-related discovery, the Court's prior rulings, and SaveOnSP's own positions on the burdens associated with document review.

## II. RISRx Term

SaveOnSP has moved to compel JJHCS to produce documents elicited by the following RISRx-related search term:

- ("RIS" OR "RISRx") w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

SaveOnSP insists that JJHCS run this search for the period from April 1, 2016 through November 7, 2023, Mot. at 6, even though it acknowledges in its motion that JJHCS did not commence work with RISRx on relevant issues ███████. Mot. at 2 (citing SaveOnSP Ex. 6 (JJHCS_00001200)).

This search term is improper and unnecessary. As is the case with its TrialCard search term, SaveOnSP attempts to justify this broad search term by reference to two requests for production involving Benefits Investigations, even though the search term does not even reference Benefits Investigations. Indeed, JJHCS offered to run two additional searches that would capture any work by RISRx relating to individual Benefits Investigations. (SaveOnSP did not bother to even respond to that offer and has ignored it for months.) Ex. 9 (Jul. 3, 2024 Ltr. from J. Long to E. Snow) at 2.[4] In any event, JJHCS has already reviewed tens of thousands of documents elicited

---

[4] Those two additional RISRx-specific search terms that JJHCS offered to run were:

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR "B.I.'s")

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 10

by a series of broad search terms related to the CAP program as noted above, which would encompass documents involving RISRx.  JJHCS also already ran an exceedingly broad search that would capture efforts by RISRx to identify anyone at all: "(RIS OR RISRx) /50 (identif*)."  Ex. 11 (June 4, 2024 Ltr. from H. Miles to I. Eppler) at 2.  JJHCS completed that search, reviewed the thousands of results, and produced all relevant and responsive documents.  JJHCS has also made non-custodial productions of all the relevant RISRx reports provided to JJHCS related to attempts to identify patients on maximizers.  Ex. 12 (Aug. 6, 2024 Ltr. from J. Long to M. Nussbaum).  In view of the extensive work JJHCS has already done and offered to do, SaveOnSP has no basis to demand more.

SaveOnSP's motion to compel JJHCS to run *this* RISRx-specific search term should also be denied because it again is inconsistent with another of the Court's rulings.  Specifically, in April 2024, JJHCS asked SaveOnSP to review 3,627 documents elicited by a search term containing a "w/50" proximity limiter.  Dkt. No. 283 at 2.  That search term was narrowly tailored, and JJHCS even agreed to substantially restrict the date range of the search to 2022–23.  Dkt. No. 279 at 3.  SaveOnSP refused to run the search, even though it had itself demanded that JJHCS run searches involving a w/50 proximity limiter, including just weeks earlier the very broad RISRx specific term described above.  JJHCS sought relief from the Court, and when SaveOnSP opposed JJHCS's request, it argued that JJHCS's proposed term was overly broad because of its "w/50" proximity limiter.  Dkt. No. 358-10 at 3.  The Court agreed with SaveOnSP that "w/50 may be overly broad."  Dkt. No. 283 at 3.  In accordance with that ruling, JJHCS declined to run SaveOnSP's proposed

---

- (RIS OR RISRx) AND "BI" (case sensitive)

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 11

RISRx term with w/50 limiters, but repeatedly emphasized that it would be willing to run an

identical term with a narrower proximity limiter: ("RIS" OR "RISRx") w/25 (accumulator* OR

maximizer* OR CAPm OR CAPa OR "adjustment program"). Ex. 10 (Jul. 12, 2024 Ltr. from I.

Eppler to H. Miles) at 2; SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 1-2.

SaveOnSP has no reasonable arguments for why JJHCS's counterproposal is insufficient.

And while it attempts to distinguish between the term it now seeks and the term that the Court

rejected as overly broad, the attempt does not withstand scrutiny. SaveOnSP claims that the term

at issue in the May 9, 2024 Order was uniquely overbroad because the earlier term "featured the

commonly used word 'adapt,' so a 'w/50' connector might have picked up irrelevant documents."

Mot. at 7. That is an oversimplification: the earlier term sought documents featuring the word

"Adapt"—because that is the brand name *SaveOnSP* chose for one of its programs—near

uncommonly used health insurance industry terms related to that product. Dkt. No. 283 at 2 n.2.

And unlike the search SaveOnSP seeks now, JJHCS's proposal was limited to a narrow, crucial

timeframe (2022–23). But the Court still rejected it as overly broad. *Id.* at 3.

SaveOnSP also contends that JJHCS has "insisted that SaveOn use a 'w/50' connector in

various searches" even after the Court's ruling. Mot. at 7 n.1. That is misleading. Before the

Court issued its guidance on the proper use of proximity limiters, JJHCS requested "w/50"

proximity limiters in some instances in which they were appropriate due to the nature of the very

specific terms or custodians at issue, and where SaveOnSP has not objected to those agreed-upon

"w/50" proximity limiters in the wake of the Court's guidance JJHCS has not unilaterally sought

to revisit them. SaveOnSP Ex. 21 (Aug. 1, 2024 Ltr. from I. Eppler to H. Miles) at 1 n.1. And in

others, JJHCS has proposed multi-part terms that contain both "w/50" proximity limiters *and*

Honorable Freda L. Wolfson, U.S.D.J.
September 9, 2024
Page 12

additional, narrower proximity limiters.  *Id*.  That is a far cry from what SaveOnSP has done here:

successfully litigated a limit on overbroad search terms for itself, but refused to accept the Court's

guidance as generally applicable.

JJHCS has reviewed and produced many documents regarding the CAP program, including

many documents regarding RISRx's role in the CAP program.  When SaveOnSP nonetheless

demanded more, JJHCS proposed a reasonable compromise: it agreed to run SaveOnSP's proposed

RISRx search term language with a narrowed proximity limiter rather than the "w/50" limiter that

the Court has deemed overly broad.  But instead of accepting JJHCS's invitation to compromise,

SaveOnSP moved to compel, seeking to hold JJHCS to a standard regarding proximity limiters

that is inconsistent with both the Court's guidance and SaveOnSP's own position.  These tactics

are counterproductive, vexatious, and should not be rewarded.

**CONCLUSION**

For the foregoing reasons, SaveOnSP's August 30, 2024 motion should be denied.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:     Counsel of record for SaveOnSP

# EXHIBITS 1-5
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 6

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

April 4, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC* (Case No. 2:22-cv-02632-ES-CLW)**

Dear Julia,

We write regarding SaveOn's Requests Nos. 58-62, 68, 73, and 82, and in
response to J&J's February 22 and February 28, 2024 Letters. Each Request con-
cerns J&J's mitigation efforts, which are highly relevant. *See* Dkt. 192 at 14 (ac-
knowledging the change in CarePath's Terms and Conditions is relevant to, among
other defenses, mitigation); 29 (recognizing that J&J's response to accumulators,
maximizers, and SaveOn is relevant because it concerns mitigation); Dkt. 85 at 20
(SaveOn's Sixth Affirmative Defense: Failure to Mitigate). SaveOn seeks docu-
ments regarding J&J's development and implementation of mitigation strategies.

**I.    Documents Regarding J&J's Development of Mitigation
       Strategies (RFP Nos. 68, 73, 82)**

Request 68 seeks all documents and communications between J&J and
Archbow regarding CarePath, copay assistance, or provision of funds to patients
enrolled in CarePath. Request 73 seeks all documents and communications by or
for Janssen market research regarding accumulators or maximizers. Request 82
seeks all documents and communications between J&J and Avalere regarding
CarePath and copay assistance programs.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

Julia Long
April 4, 2024



*First*, J&J objects that SaveOn denies that it is a maximizer or accumulator, but now seeks discovery on J&J's response to both. As Judge Wolfson explained, it is irrelevant whether SaveOn disclaimed being a maximizer or accumulator because J&J referred to SaveOn as one. Jan. 24, 2024 Hr'g at 131:11-24. Notably, in its Complaint, J&J alleges that SaveOn is a maximizer. Compl. ¶ 88; *see also* Proposed Am. Compl. ¶¶ 66, 103.) Discovery on J&J's strategy to response to accumulators and maximizers is thus relevant to how J&J responded to SaveOn.

*Second*, J&J objects that Archbow's and Avalere's work was related to the 2023 Best Price Final Rule and so is irrelevant because the Rule was never effective. Setting aside that Rule (which SaveOn maintains is relevant), both consultants were intimately involved in crafting J&J's mitigation efforts and its response to SaveOn. *See, e.g.*, JJHCS_00145576.



Even if some of Archbow and Avalere's work was in response to the Rule and even were J&J's response to that Rule irrelevant (it is not), that would not immunize those consultants' relevant work on other subjects from discovery.

Please run the following search terms for the relevant time period over the custodial files of the following custodians, each of whom appears in an Archbow or Avalere document: Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson:

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

Please also identify individuals who were involved in relevant work in the Janssen market research group, add them as custodians, and run the following search terms over their documents for the relevant time period:[1]

- (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) w/50 (accumulat* OR maximiz* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo or Acredo) w/50 (accumulat* OR maximiz*)

- "other offer" w/5 (accumulator* OR maximizer* OR "health plan*" OR insur*)

- "research" w/20 (accumulator* OR maximizer*)

- "SaveOn" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

---

[1] These search terms are a slightly refined version of the Exhibit 1 search terms SaveOn requested that J&J run in its January 26 and February 15, 2024 Letters.

3

Julia Long
April 4, 2024

- ("CAPa" OR "CAPm" OR "adjustment program") AND (accumulator*
OR maximizer*)

## II.   Documents Regarding J&J's Implementation of Mitigation Strategies (RFP Nos. 58-62)

Requests 58 and 59 seek all documents and communications regarding Benefits Investigations undertaken by J&J or one of its vendors that identified or attempted to identify whether a patient was a member of an accumulator, maximizer, or SaveOn-advised plan.



If J&J identified a patient as on mitigation and accumulator, it could have taken mitigation measures, even if it did not confirm the patient was on SaveOn specifically.

SaveOn understands J&J's primary objection to be that SaveOn sought documents barred by the Court's February 6, 2024 Order. *See* Feb. 16, 2024 Ltr. from J. Long to H. Miles, at 1–2. Not so. Judge Wolfson ordered J&J to search for and produce documents reflecting the company's enforcement instructions and policy, during the full discovery time frame (April 2016-November 2023), concerning eligibility criteria set forth in the provision: "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer." Dkt. 192 at 13. Judge Wolfson agreed with J&J that "it would be burdensome to search and produce records of each individual patient's call history," Dkt. 192 at 12-13, and SaveOn accordingly does not seek all such call records. SaveOn rather seeks documents "sufficient to show" the funding of enforcement efforts, the engagement of vendors to identify patients, instructions given to vendors regarding enforcement, and the steps vendors took after identifying a patient as on a SaveOn-advised plan, accumulator, or maximizer. This is perfectly consistent with Judge Wolfson's order that J&J produce "documents reflecting [J&J's] enforcement instructions and policy," not just the instructions and policies themselves. *Id.*

While reserving rights to seek additional documents for these Requests, we ask you to prioritize the following narrowed categories of documents:

4

Julia Long
April 4, 2024

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- J&J's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

To identify documents in these categories, please run the following search terms over the custodial files of the following individuals: Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Long-bothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Scott White, Blasine Penkowski, Alison Barklage Quinton Kinne, William Shontz (each of whom appears on RIS Rx and TrialCard-related documents) from January 1, 2021 through November 7, 2023:

- ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program")

- ("RIS" OR "RISRx" OR "TrialCard") AND (budget* OR identif*)

- ("RIS" OR "RISRx") AND ((Benefit* w/5 Investigation*) OR "B.I." OR "BI's" OR "BIs" OR "B.I.'s")[2]

- ("RIS" OR "RISRx") AND "BI" (*case sensitive*)

SaveOn also seeks to understand whether J&J used methods other than Benefits Investigations to identify or attempt to identify CarePath patients on accumulators, maximizers, or plans advised by SaveOn. As you know, SaveOn sought this information from TrialCard as the administrator of CarePath and was told that

---

[2] SaveOn understands that while TrialCard may have completed Benefits Investigations for other purposes for J&J, RIS Rx only completed Benefits Investigations to identify individuals on accumulators, maximizers, and SaveOn-advised plans.

Julia Long
April 4, 2024

"to the extent JJHCS undertook such methods, JJHCS is the proper source for such discovery." Mar. 22, 2024 Ltr. from S. Arrow to H. Miles, at 4. For the avoidance of doubt, in addition to documents regarding Benefits Investigations, SaveOn seeks documents regarding any other method that J&J used, attempted to use, or considered using, to identify CarePath patients on accumulators, maximizers, or plans advised by SaveOn. ████████████████████████████████████████████ There may also have been other mitigation methods that J&J has not disclosed to SaveOn. J&J must conduct a reasonable investigation into what methods existed or were considered and propose search terms targeted at those methods.

Requests 61 and 62 seek patient claims data provided by Accredo to J&J or any vendor regarding patients enrolled in CarePath, and documents sufficient to show negotiations regarding the same. It is common practice for manufacturers to purchase this data. ████████████████████████████████████████████████████████████████████████

SaveOn's current Requests seek all data provided by Accredo to J&J and its vendors: J&J objects on the basis of burden. While reserving all rights, in an effort to reach compromise, please produce in the first instance the following narrowed categories of documents:

- Documents sufficient to show data J&J purchases from Accredo regarding the Janssen Drugs at issue in this litigation, including so-called dispense, status, and inventory reports;

- Documents sufficient to show negotiations regarding the same.

For the second category of documents, please identify individuals who negotiate over the purchase of data from Accredo, including the dispense, status, and inventory reports, designated them as custodians, and to run following search string over their custodial files:

- ((dispense* OR status* OR inventory* OR data*) w/3 report*) AND (Accredo OR Acredo) AND (BALVERSA OR DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA)

*          *          *

6

Julia Long
April 4, 2024

   To the extent that J&J objects on the basis of burden for any of the requested sets of search terms, please provide hit counts for each search string and for each individual term within those strings.

   We request a response by April 11, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 7

E. Evans Wohlforth, Jr.
Katherine Katchen
ROBINSON & COLE LLP
666 3rd Avenue #20
New York, NY 10174
212-451-2999
ewolforth@rc.com
kkatchen@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SAVE ON SP, LLC,<br><br>        Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:  Jeffrey J. Greenbaum, Esq.
    SILLS CUMMIS & GROSS, P.C.
    One Riverfront Plaza

Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  October 20, 2023

By:  */s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2999
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

**DEFINITIONS**

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.     "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

6.     "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

4

7.　　"Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

8.　　"All," "any," and "each" mean any and all.

9.　　"And" and "or" are construed both conjunctively and disjunctively.

10.　　"Benefits Investigation" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

11.　　"CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

12.　　"Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

13.　　"Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

14.　　"Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.　　"ESI" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of ESI..

16.  "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

17.  "Including" means including but not limited to.

18.  "Janssen" means Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

19.  "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen

Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen

Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research

& Development LLC.

20.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer,

in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,

agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all

persons or entities acting or purporting to act on behalf of such an entity.

21.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and suc-

cessors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, rep-

resentatives, directors, officers, employees, committees, attorneys, accountants, and all persons or

entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

22.    "Maximizer" means copay maximizer service, including (a) any service provided

by Pharmacy Benefit Managers or insurance companies, or any third party providing services to

the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from

counting towards a patient's deductible and out-of-pocket maximum and under which members

do not remain responsible for all or most of their plans' copays, co-insurance requirements, and

deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to

the term "copay maximizer."

23.    "Person" means a natural person or legal entity including any business or govern-

mental entity or association.

24.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to,

assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,

considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidenc-

ing, identifying, in connection with, indicating, in respect of, involving, memorializing, mention-

ing, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, re-

porting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touch-

ing upon a subject, or having been created, generated, or maintained in connection with or as a

result of that subject.

25.    "Request" means any of these Requests for Production.

26.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-

ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

27.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or

other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

28.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in

interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representa-

tives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities

acting or purporting to act on behalf or under the control of TrialCard Inc.

29.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control.

Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ.

P. 26(b)(1).

8

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.    If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9.    Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.    Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.    Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.    Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.    These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

58.    All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

59.    To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that

10

identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

60.     Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data.

61.     Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath.

62.     Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available in such data.

# Exhibit 8



www.pbwt.com

April 26, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> No. 2:22-cv-02632(JKS) (CLW)

Dear Elizabeth:

      We write in response to your April 4, 2024 letter regarding SaveOnSP's Request Nos. 58-62, 68, 73, and 82 and in further to our letters of February 16 and February 28, 2024 on JJHCS's responses and objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.[1]

**I.     Request Nos. 68 and 82**

      SaveOnSP demands, in Request No. 68, that JJHCS search for and produce additional documents regarding work that Archbow did on behalf of JJHCS. Request No. 82 similarly demands a variety of documents and communications regarding work related to copay assistance programs undertaken by Avalere Health, a health care industry consulting firm, on behalf of JJHCS. To the extent these Requests call for a broader set of communications between JJHCS and Archbow that address issues unrelated to CAP or SaveOnSP, including communications related to the Best Price Rule, JJHCS objects on relevance grounds. *See* Feb. 22, 2024 Ltr. from I. Eppler to H. Miles, at 4; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow, at 4.

      In the interest of compromise, and while reserving all rights, JJHCS would agree to run the following search terms over, and produce responsive, non-privileged documents from, the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn

---

[1] We note SaveOnSP's nearly two-month lag in raising these issues since our meet and confer of February 8, 2024 and our further correspondence related to that conferral.

Elizabeth Snow, Esq.
April 26, 2024
Page 2


Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Debbie Kenworthy, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, John Hoffman, and William Robinson for the period of April 1, 2016 through November 7, 2023, subject to SaveOnSP's agreement that this resolves JJHCS's discovery obligations with respect to these requests.

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

## II.    Request No. 73

JJHCS maintains its objection to Request No. 73, which demands "Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers" on the basis of both relevance and burden.  As we explained in our February 28 letter, JJHCS has alleged that **SaveOnSP** has harmed members of the public in violation of GBL § 349 by, *inter alia*, "causing [patients] undue stress and confusion."  Compl. ¶ 114.  JJHCS will be able to prove this allegation at trial by demonstrating how **SaveOnSP** patients experienced undue stress and confusion at the hands of **SaveOnSP**, without reference to how patients may have hypothetically reacted to other accumulators or maximizers.  It is irrelevant whether some patient at some time, may have "like[d] [a] compan[y] which provide[s] services similar to SaveOn."  Feb. 28, 2024 Ltr. from I. Eppler to E. Snow (quoting Feb. 15, 2024 Ltr. from E. Snow to J. Long, at 6).

JJHCS also objects on the basis of relevance and burden to the extent that SaveOnSP demands that JJHCS to identify new custodians outside of JJHCS (in the "Janssen market research group") and run SaveOnSP's ten requested search terms over their custodial files.  *See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 3.  As an initial matter, SaveOnSP has prematurely resorted to motion practice on the issue of non-JJHCS custodians, so further negotiation on the issue is not possible.  But even if SaveOnSP had not improperly sought the Court's intervention with respect to non-JJHCS discovery, JJHCS would not identify "Janssen market research" custodians and produce their documents.  As we have repeatedly explained throughout this litigation, "JJHCS is the sole relevant entity within Johnson & Johnson with respect to the development, marketing, and administration of CarePath."  Feb. 13, 2024 Ltr. from C. Zielinski to E. Snow at 1.  Consistent with this position, we have opposed expansion of discovery to non-JJHCS entities when SaveOnSP has repeatedly attempted to litigate this issue, and JJHCS has repeatedly prevailed.  *Id.*  Judge Wolfson's orders have not opened the door for SaveOnSP to relitigate this issue once again.  Accordingly, JJHCS will not run SaveOnSP's requested search terms in response to Request No. 73.

Elizabeth Snow, Esq.
April 26, 2024
Page 3


### III.    Request Nos. 58 and 59

These Requests call for a bevy of documents and communications related to benefits investigations.  Request No. 58 demands "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP."  Request No. 59 demands "all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan."

Notwithstanding the overbreadth of these requests, JJHCS asked its vendor TrialCard to produce "all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP)."  *See* JJHCS's Responses and Objections to SaveOnSP's Fourth Requests for Production at 6–7.  Yet now SaveOnSP comes back for more, claiming that Request Nos. 58 and 59 require JJHCS to produce a variety of additional documents.  Specifically, while "reserving rights to seek additional documents," SaveOnSP demands that JJHCS "prioritize the following narrowed categories of documents," including:

- Documents sufficient to show the budget given to TrialCard and RIS Rx, including but not limited to line items showing the costs associated with attempts to identify patients on plans advised by SaveOn;

- All documents and communications about J&J's engagement of Trial-Card and RIS Rx to identify or attempt to identify patients on SaveOn-advised plans, accumulators, and maximizers;

- JJHCS's instructions to its vendors, including but not limited to TrialCard and RIS Rx, about enforcement of the eligibility criteria in the CarePath T&Cs, and communications and documents regarding the content or priorities of those enforcement instructions;

- All documents and communications regarding what TrialCard and RIS Rx did for each patient they identified as on a maximizer, accumulator, or SaveOn-advised plan.

*See* Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 5.

It is unclear how some of these new requests are even fairly subsumed within Requests No. 58 and 59: for instance, SaveOnSP does not explain how "the budget given to TrialCard and RIS RX" is encompassed by a request for documents related to benefits investigations.  *Id*.  Nor can SaveOnSP square its renewed requests with the fact that SaveOnSP has now repeatedly lost motions to compel budget-related documents from JJHCS.  *See* Apr. 25, 2024, at 5–6; Feb. 6, 2024 Order, at 19.

Elizabeth Snow, Esq.
April 26, 2024
Page 4

JJHCS is willing to offer a compromise proposal, subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise). Under this proposal, JJHCS would run the following terms over the custodial files of Jeremy Mann, Heith Jeffcoat, Lauren Pennington, Adrienne Minecci, Silviya McCool, John Paul Franz, Lindsey Anderson, Alison Barklage, Spilios Asimakopoulos, Lynn Hall, Nidhi Saxena, Katie Mazuk, Jasmeet Singh, Silas Martin, L.D. Platt, Daphne Longbothum, Hattie McKelvey, Heather Schoenly, John King, William Robinson, Alison Barklage Quinton Kinne, William Shontz for the time period of April 1, 2016 to November 7, 2023.

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR "B.I.'s")

- (RIS OR RISRx) AND "BI" (*case sensitive*)

JJHCS would also run the following amended terms and produce responsive, non-privileged documents, again subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests:[2]

- (RIS OR RISRx) /50 (accumulator* OR maximizer*)[3]

- (RIS OR RISRx) /50 (identif*)[4]

## IV.  Request Nos. 61 and 62

SaveOnSP's Requests 61 and 62 respectively demand "[a]ny patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath" and "[d]ocuments sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information

---

[2] These terms will be run with the same date range and custodian list as the other RISRx terms addressed in this letter. JJHCS reiterates its objection to running these terms over the documents of Scott White and Blasine Penkowski, pursuant to the apex doctrine.

[3] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: ("RIS" OR "RISRx" OR "TrialCard") AND (accumulator* OR maximizer* OR "CAPm" OR "CAPa" OR "adjustment program"). SaveOnSP's proposed term returns 24,783 documents (inclusive of families) and JJHCS objects to it as unduly burdensome.

[4] JJHCS proposes this term as an alternative to SaveOnSP's request for documents responsive to the following term: (RIS OR RISRx OR TrialCard) AND (budget* OR identif*). SaveOnSP's proposed term returns 53,511 documents and JJHCS objects to it as unduly burdensome.

Elizabeth Snow, Esq.
April 26, 2024
Page 5

available." As JJHCS previously explained, these Requests call for irrelevant information. *See* Jan. 2, 2024 Ltr. from J. Long to E. Snow.

JJHCS has also previously explained that it objects to producing data in response to Request No. 61 because it is vastly overbroad: by demanding "patient information or data provided by Accredo or ESI to JJHCS," it sweeps in a variety of information completely unrelated to the benefits investigation process. Jan. 2, 2024 Ltr. from J. Long to E. Snow, at 2–3. SaveOnSP contends that the data could have been used to "identify individuals on accumulator, maximizer, or SaveOn-advised plans." Apr. 4, 2024 Ltr. from E. Snow to J. Long, at 6. That reasoning, even if true, has no relationship to JJHCS's primary objection to Request 61: the overwhelming burden associated with its overbreadth. Moreover, as SaveOnSP will observe after JJHCS produces final, executed data-sharing agreements with Accredo and ESI by May 10, 2024, these agreements impose sharp limitations on JJHCS's ability to use the data it obtained. These use limitations undermine SaveOnSP's theory that JJHCS could have used data it received from ESI or Accredo in order to identify individuals enrolled in the SaveOnSP program.

As to Request 62, SaveOnSP claims that documents concerning "any negotiations between JJHCS and Accredo or ESI . . . are relevant to whether JJHCS "could have asked to purchase data from Accredo that would identify patients on accumulator, maximizer, or SaveOn-advised plans . . . as part of its mitigation efforts." Apr. 4, 2024 Ltr. from E. Snow to J. Long at 6. As we explained when we addressed this very Request months ago, "any documents concerning any underlying negotiations would not provide further relevant information." Jan. 2, 2024 Ltr. from J. Long to E. Snow at 3. JJHCS will produce final, executed data-sharing contracts by May 10, 2024. We invite you to meet and confer if, after reviewing those contracts, you still have questions.

Very truly yours,

Ian Eppler

# Exhibit 9



www.pbwt.com

July 3, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   **Timing of JJHCS's Forthcoming Productions**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> 2:23-cv-02632 (JKS) (CLW)

Dear Elizabeth:

We write in response to SaveOnSP's June 27, 2024 letter concerning the timing of JJHCS's forthcoming productions.

First, you request confirmation that JJHCS has "completed" its production of documents from Blasine Penkowski's custodial files hitting on a specific search term,[1] terms at issue in a February 15, 2024 letter concerning CAP custodians,[2] Karen Lade, and Scott White; and pre-2016 documents from the custodial files of Kimberly Wortman and Kathi Chapman. You also request confirmation that JJHCS provided SaveOnSP with a supplemental privilege log reflecting fully withheld and partially redacted documents hitting on these terms on June 26, 2024. Consistent with the parties' prior agreements, JJHCS substantially completed its production of these categories of documents on May 31, 2024 and produced its supplemental privilege log on June 26, 2024. *See* June 26, 2024 Ltr. from A. Mahler-Haug to T. Stone at 1.

Second, you request confirmation that JJHCS will produce thirteen "outstanding categories of documents" listed in an appendix "by July 12, 2024." June 27, 2024 Ltr. from E. Snow to J. Long at 2. JJHCS substantially completed its production of documents hitting on five of these search terms on May 31, 2024. Consistent with the parties' prior agreements, fully

---

[1] (((brand* OR finance* OR SCG OR (strategic w/5 customer)) w/25 ("working group" OR guidance OR respond* OR respons*) AND (accumulate* OR maximiz*))

[2] For the avoidance of doubt, the CAP custodians are:  Quinton Kinne, Daphne Longbothum, William Shontz, John Hoffman, Alison Barklage , and L.D. Platt.

Elizabeth H. Snow, Esq.
July 3, 2024
Page 2

withheld and partially redacted documents hitting on these terms appear on JJHCS's June 26, 2024
supplemental privilege log.

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential
  health benefit*" OR NEHB*) w/50 ("CAPa" OR CAPm" OR "adjustment program" OR
  accumulat* OR maximiz*)

- ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR
  "SaveOn SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)[3]

- ("CAPa" OR "CAPm" OR "adjustment program") AND (Save On) (*case sensitive*)

- ("TrialCard" OR "Trial Card" OR TC) AND ((statement* /5 work) OR "SOW*" OR
  contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP
  OR "Savings Program" OR "With Me" OR (with w/2 me)) AND (BALVERSA OR
  DARZALEX OR ERLEADA OR IMBRUVICA OR OPSUMIT OR PREZCOBIX OR
  REMICADE OR RYBREVANT OR SIMPONI OR STELARAOR OR SYMTUZA OR
  TRACLEER OR TREMFYA OR UPTRAVI OR VENTAVIS OR ZYTIGA OR
  EDURANT OR INTELENCE OR PONVORY)

Two other entries, listed below, were not agreed to by the parties:

- (RIS OR RISRx) AND ((Benefit* w/5 Investigation*) OR B.I. OR "BI's" OR BIs OR
  "B.I.'s")

- (RIS OR RISRx) AND "BI" (*case sensitive*)

As you know, on April 4, 2024, you demanded that JJHCS add new search terms
to capture four "narrowed categories of documents" that purportedly relate to Request Nos. 58 and
59.[4] On April 26, 2024, we responded, objecting to the "new requests" as not "fairly subsumed"
within Request Nos. 58 and 59. Nonetheless, JJHCS "offer[ed] a compromise proposal" to run
the terms above—and two other modified terms—over more than twenty custodians "subject to
SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations
with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its
existing requests without spirit of good faith compromise)." Apr. 26, 2024 Ltr. from I. Eppler to

---

[3] SaveOnSP's June 27, 2024 Appendix lists this term twice for different custodians and date ranges.

[4] Request No. 58 demands "All documents or communications related to Benefits Investigations undertaken
by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in
CarePath was or could be a member of a health plan advised by SaveOnSP." Request No. 59 demands "all
documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub
Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a
member of a Maximizer or Accumulator health plan."

Elizabeth H. Snow, Esq.
July 3, 2024
Page 3

E. Snow at 4.  In its May 6, 2024 response, SaveOnSP did not accept JJHCS's offer.  May 6, 2024 Ltr. from H. Miles to I. Eppler at 2.  In the interest of compromise, JJHCS remains willing to run these terms, again "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests."  *Id.*  Please promptly confirm whether SaveOnSP agrees to this proposal.[5]

As to the remaining six terms, JJHCS confirms that it will substantially complete its production of documents hitting on these terms, consistent with the parameters set forth in the parties' prior correspondence, by July 12, 2024.  It bears noting, however, that SaveOnSP's Appendix includes several inaccuracies with respect to when the parties reached agreement as to these search terms.  For example, although SaveOnSP claims that the parties reached agreement as to the following term on April 26, 2024, SaveOnSP did not agree to JJHCS's proposal until July 1, 2024—after JJHCS repeatedly sought clarity as to SaveOnSP's position.  *See* July 1, 2024 Lr. From E. Snow to J. Long at 2.

- (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*)

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[5] JJHCS continues to make this offer in good faith, notwithstanding Judge Wolfson's subsequent admonition against overbroad proximity limiters.  *See* May 9, 2024 Order at 3 (noting the potential overbreadth of w/50 limiters).

15159810

# Exhibit 10



www.pbwt.com

July 12, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **SaveOnSP's Request Nos. 58-62, 68, 73, 82**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

We write in response to your July 1, 2024 letter, and in further to our letters of February 28, 2024, April 26, 2024, May 22, 2024, and June 13, 2024, regarding JJHCS's Responses and Objections to SaveOnSP's Fourth and Fifth Sets of Requests for Production.

## I.    Request Nos. 68 and 82

You "disagree that Judge Wolfson found that documents related to Best Price are not relevant" and again request that JJHCS "clarify whether [it] intends to produce or withhold documents regarding [its] response to accumulators, maximizers, or SaveOn in light of changes or anticipated changes to the Best Price Rule." Jul. 1, 2024 Ltr. from H. Miles to I. Eppler at 1. Without accepting your characterization of either Judge Wolfson's ruling or JJHCS's response to the 2023 Best Price Rule, we confirm—once again—that if a responsive, non-privileged document meets our search criteria, we will produce it whether or not it also touches on the Best Price Rule. We note that this is the fifth time we have confirmed this point in writing; if you have further questions, it may be more productive to discuss them in a live conferral. *See* June 13, 2024 Ltr. from I. Eppler to H. Miles at 1-2; May 22, 2024 Ltr. from I. Eppler to H. Miles at 1; May 2, 2024 Opposition to SaveOnSP's Motion to Compel Best Price Documents at 13, 16; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 4.

## II.    RISRx Search Terms—Request Nos. 58 and 59

The hit counts you requested are provided below:

Hannah Miles, Esq.
July 12, 2024
Page 2

| SaveOnSP's Proposal | JJHCS's Proposal |
|---|---|
| (RIS OR RISRx) w/50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**984 additional documents (family inclusive)** | (RIS OR RISRx) w/25 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")<br><br>**745 additional documents (family inclusive)** |

As we have noted, JJHCS objects to SaveOnSP's search term, which contains an overbroad "w/50" proximity limiter contrary to Judge Wolfson's guidance. *See* May 9, 2024 Order at 3. Please confirm whether SaveOnSP will accept JJHCS's compromise proposal.

### III.    TrialCard Search Terms—Request Nos. 58 and 59

In its June 4, 2024 letter, SaveOnSP proposed two TrialCard-related search terms. You ask whether the numbers presented in JJHCS's June 13, 2024 letter "represent the number of new, unique documents that [JJHCS] would have to review" if JJHCS added those terms. July 1, 2024 Ltr. from H. Miles to I. Eppler at 2. That is correct. As we stated in that letter, one proposed term—"TrialCard /50 identif*"—elicits 26,526 additional documents (family inclusive) and the other—"TrialCard /50 (accumulator* OR maximizer *OR CAPm OR CAPa OR "adjustment program")—elicits 13,117 additional documents (family inclusive).

In your most recent letter, you narrow the first of these terms, but otherwise continue to demand the second term without modification:

- "(TrialCard /50 identif*) AND (accumulat* OR maximiz* OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB)"

- TrialCard /50 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

While we appreciate SaveOnSP's willingness to narrow the first term, SaveOnSP's proposed narrowing does not address our concerns. As a threshold matter, even as modified, both terms contain "w/50" and "AND" connectors, despite Judge Wolfson's admonition that the parties should use tighter proximity limiters to mitigate the burden associated with specific requests. *See* May 9, 2024 Order at 3 (noting the potential overbreadth of w/50 limiters). JJHCS also notes that, as drafted, SaveOnSP's second term has near complete overlap with the first, except that it contains a "w/50" between TrialCard and identif* before an overbroad "AND" connector to a list of seven words, including two terms unrelated to CAP or JJHCS's mitigation efforts ("EHB" or "NEHB").

In the interest of compromise, JJHCS is prepared to run the following search term to search for documents responsive to Request Nos. 58 and 59, subject to SaveOnSP's agreement that will resolve the parties' dispute over both TrialCard-related search terms:  (TrialCard /25

Hannah Miles, Esq.
July 12, 2024
Page 3

identif*) /25 (accumulat* OR maximiz* OR CAP OR CAPa OR CAPm OR "adjustment program" OR EHB OR NEHB).  The addition of "w/25" proximity limiters in JJHCS's proposed term is consistent with Judge Wolfson's instructions.  *See* May 9, 2024 Order at 3.  JJHCS's proposed compromise term would require the review of 1,250 additional documents, inclusive of families.  Please confirm whether SaveOnSP will accept JJHCS's proposed compromise.

## IV.    IQVIA

Your letter proposes an expansion of the IQVIA-related search term: "IQVIA w/15 (accumulate* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program")."  JJHCS and SaveOnSP have been discussing an IQVIA-related search term for eight months, and until your July 1, 2024 letter, you had never before requested the "CAPa OR CAPm OR 'adjustment program'" modifier that you now seek.  *See, e.g.*, June 4, 2024 Ltr. from H. Miles to I. Eppler at 3 (proposing "(accumulator* OR maximizer* OR copay OR co-pay OR CAP)" modifier); Nov. 30, 2023 Ltr. from E. Snow to G. LoBiondo at 2 (proposing "(accumulate* OR maximiz* OR CAP*)" modifier).  However, in the interest of compromise, and reserving all rights, JJHCS agrees to run SaveOnSP's proposed term over the custodial files of the requested eleven custodians[1] for the time period January 1, 2021 to November 7, 2023.

*            *            *

We are available to meet and confer.

Very truly yours,

Ian Eppler

---

[1] Jasmeet Singh, Bill Robinson, Lauren Pennington, Adrienne Minecci, Silviya McCool, Katie Mazuk, John King, John Hoffman, Spilios Asimakopoulos, and Lindsey Anderson.

# Exhibit 11

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

June 4, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Ieppler@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
        LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's May 22, 2024 letter regarding SaveOn's re-
quests for documents regarding mitigation and J&J's May 24, 2024 letter regard-
ing IQVIA.

**I.    Best Price Rule**

J&J states that, in reviewing documents that hit on search terms that it has
agreed to run (or will agree to run) it "will not produce documents and communi-
cations concerning the Best Price Rule that are not otherwise responsive," May 22,
2024 Ltr. from I. Eppler to H. Miles, *see also* May 24, 2024 Ltr. from J. Long to E.
Snow, reiterating J&J's position that the Best Price Rule, as defined in SaveOn's
April 18, 2024 motion, is categorically irrelevant.

At the May 23, 2024 conference and in the May 28, 2024 Letter Order,
Judge Wolfson stated that the Best Price Rule is relevant and that SaveOn is enti-
tled to discovery regarding J&J's responses to it. *See* May 28, 2024 Order at 2
("I agree with Defendant's position that these documents *may* reveal Plaintiff's in-
tent and interest in identifying patients who are on SaveOnSp's programs...")
(original emphasis); May 23, 2024 Hr'g Tr. at 103:5-6 (permitting interrogatories
regarding checklists related to the Best Price Rule because "those are appropriate
inquiries"); May 28 Order at 3 (ordering parties to meet and confer regarding
search terms and custodians for document production regarding Best Price Rule
after J&J answers interrogatories). While the Special Master did not specify at this

Ian Eppler
June 4, 2024

time which additional documents J&J must review for material relating to the Best Price Rule, J&J may not withhold documents that it is *already reviewing* that are relevant to the Best Price Rule.

Please confirm that J&J will produce any documents that hit on search terms that J&J has agreed to run or agrees to run, including search terms related to RIS Rx, Avalere, Archbow, or IQVIA, that relate to the Best Price Rule. Because J&J is already reviewing these documents, there is little additional burden to producing these responsive documents.

## II.   RIS Rx Search Terms

*First*, to identify documents related to RIS Rx's work developing and implementing the CAP Program and identifying and attempting to identify patients on accumulators, maximizers, and health plans advised by SaveOn for J&J, SaveOn asked J&J to run the following search term:

- (RIS OR RISRx) **AND** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

J&J declined to do so, and proposed the following alternative:

- (RIS OR RISRx) **w/50** (accumulator* OR maximizer*)

J&J said that it declined to include the CAP string (CAPm OR CAPa OR "adjustment program") because "[b]oth Judge Waldor and Judge Wolfson have declined to order to JJHCS to run CAPm OR CAPa OR "adjustment program" without substantial limitation." May 22, 2024 Ltr. from I. Eppler to H. Miles, at 2. But the term that SaveOn proposed does have a limiter: RIS or RISRx, one of the primary vendors responsible for designing and implementing the CAP program. To accommodate J&J's concern about burden arising from the "and" connector, SaveOn proposes the following compromise term:

- (RIS OR RISRx) **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

Please let us know if you agree to run this term. If J&J objects on the basis of burden, please provide the detailed hit counts that SaveOn requested in Appendix 1 to its May 7, 2024 letter.

*Second*, reserving all rights to seek budget-related documents in the future, SaveOn agrees to J&J's proposed search term:

- (RIS OR RISRX) **w/50** identif*

*Third*, J&J refuses to run any RIS Rx-related terms over the documents of Scott White and Blasine Penkowski on the basis that they are "high-ranking executives." May 22, 2024 Ltr. from I. Eppler to H. Miles at 2. As previously explained,

2

Ian Eppler
June 4, 2024

executives are not immune from document discovery. SaveOn reserves all rights and will respond regarding White and Penkowski under separate cover.

## III. TrialCard Search Terms

J&J continues to refuse to run the search terms that SaveOn proposed regarding TrialCard, and has failed to provide detailed hit counts or any alternative proposed search terms.

To accommodate J&J's objection that SaveOn's original search terms were unduly burdensome, and reserving all rights, SaveOn proposes that J&J run the following search terms:

- TrialCard **w/50** (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

- TrialCard **w/50** identif*

Please let us know if you agree to run these search terms. If J&J objects on the basis of burden, please provide the detailed hit counts requested in Appendix 1 to SaveOn's May 7, 2024 Letter.

## IV. IQVIA

*First*, to identify documents relating to IQVIA's work helping J&J determine its response to copay accumulators, maximizers, and adjustment programs, SaveOn asked J&J to run the following search term over eleven[1] custodians' files:

- IQVIA w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

J&J declined, proposing to run the following term over the eleven custodians' files instead:

- IQVIA w/15 (accumulator* OR maximizer* OR copay OR co-pay OR CAP)

J&J characterized SaveOn's proposed term as "overbroad" for pulling in 5,040 documents, family inclusive. To evaluate J&J's counterproposal, please provide hit counts in the aggregate and individualized for each party's proposed search string, including numbers with and without families.

---

[1] The eleven custodians are: Lauren Pennington, Jasmeet Singh, William Robinson, John Hoffman, Katie Mazuk, John King, Adrienne Minecci, Lindsey Anderson, Spilios Asimakopoulos, Karen Lade, and Silviya McCool.

3

Ian Eppler
June 4, 2024

 *Second*, J&J proposes limiting the time period for this search term to January 1, 2021 to November 7, 2023. While reserving all rights, SaveOn agrees to this period in the first instance.

 *Third*, J&J refuses to produce "final studies, reports, or analysis prepared by IQVIA relating to SaveOn, maximizers, accumulators, copay adjustment programs, and their impact on CarePath and patient adherence," saying that the request "ignores Judge Wolfson's guidance concerning the relevance of adherence documents." May 24, 2024 Ltr. at 2. Not so. Judge Wolfson "opened a small window for Defendant to explore documents that may reflect whether more patients are taking Janssen drugs as a result of being on the SaveOnSp Program." Dkt. 192 at 22; *see also* Apr. 25, 2024 Order ("I permitted Defendant to take discovery on whether more patients are taking Janssen drugs as a result of being on the Save-OnSp Program.") ███████████████████████████████████████████████████ ████████████████████████████████████ If J&J maintains this objection, please explain with specificity why J&J believes such studies fall beyond the scope of Judge Wolfson's order.

*  *  *

 We request a response to the above by June 11, 2024. We reserve all rights.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

# Exhibit 12



www.pbwt.com

August 6, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Matthew Nussbaum
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Possession, Custody, and Control of RIS RX's Documents**
       *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,*
       **2:23-cv-02632 (JKS) (CLW)**

Dear Matthew:

We write in response to SaveOnSP's July 17, 2024 letter regarding whether JJHCS has possession, custody, or control of documents held by RIS RX.

In your letter, you claim that JJHCS's productions are deficient because JJHCS "agreed to produce[] Benefits Investigations," citing to our November 20, 2023 responses and objections to SaveOnSP's Fourth Set of RFPs, and "JJHCS has not produced any benefits investigations it received from RIS [RX]." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. This incorrectly summarizes the parties' agreement. In response to Request Nos. 58 and 59, JJHCS agreed to "ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search" but that JJHCS would not otherwise search for or produce documents responsive to these Requests. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8. To be clear, TrialCard has made this production and SaveOnSP has previously acknowledged its receipt. ███████████████████████████████████████████
███████████████████████████████████████████████████████████████████
█████████████████████████ Accordingly, there is no deficiency in JJHCS's benefits investigation-related productions.

Nonetheless, you request that JJHCS "promptly produce" two categories of documents: (1) "all Benefits Investigations performed by RIS [RX]; and (2) "all documents and communications 'with respect to' those investigations." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. To be clear, JJHCS has never agreed to "all documents and communications" related to benefits investigations. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8; *see*

Matthew Nussbaum, Esq.
August 6, 2024
Page 2

Apr. 26, 2024 Ltr. from I. Eppler to E. Snow at 3-4 (agreeing to limited custodial searches "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise)").

    Instead, you claim that JJHCS has the legal right to obtain upon demand, and thus controls, "[a]ll records and information, in any format, that [RIS RX] receives from, creates, or edits on behalf of [J&J]" ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

    In an effort to reach agreement, JJHCS is willing to request that RIS RX produce "all Benefits Investigations performed by RIS of whether any patient taking any Janssen Drug at issue in this case was a member of a SaveOn-advised plan." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. JJHCS will not, however, request "all documents and communications 'with respect to' those investigations" without limitation. *See id.* As noted above, SaveOnSP's current request would encompass documents and communications plainly outside of JJHCS's access rights. Nor does SaveOnSP require every "document and communication" related to RIS RX's proprietary software to mount its mitigation defense. If there are other documents and communications that SaveOnSP seeks, JJHCS is willing to consider them. To facilitate JJHCS's forthcoming conferral with counsel for RIS RX, we ask that SaveOnSP provide, with specificity, if there are other documents and communications it seeks. Once SaveOnSP clarifies its request, JJHCS will confer with RIS RX concerning SaveOnSP's demands.

    Very truly yours,

    */s/ Julia Long*
    Julia Long

---

[1] For the avoidance of doubt, JJHCS does not have possession or custody of these documents. *See* Fed. R. Civ. P. 34(a).

15192933