# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

September 16, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
         ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in reply to Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") opposition to SaveOn's motion to compel J&J to search for and produce documents regarding J&J's mitigation efforts by its vendors TrialCard and RISRx.

J&J's failure to mitigate its purported damages goes to the heart of this case. For five years, J&J willingly paid copay assistance to patients on SaveOn-advised plans, never saying that they violated its terms and conditions. Even after it began identifying patients on SaveOn-advised plans and decided to assert in this lawsuit that they violated its terms and conditions, J&J still paid them copay assistance, and it continues to do so. These decisions to keep paying patients on SaveOn-

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

advised plans represent a complete failure by J&J to mitigate its alleged damages and could dispense with its demands that SaveOn compensate it for hundreds of millions of dollars of copay assistance payments.[1]

Given the magnitude of J&J's claims and the importance of SaveOn's mitigation defense, J&J's picayune complaints about SaveOn's proposed search terms fall flat. J&J does not contest that the terms are likely to return relevant documents—in fact, J&J agreed to run nearly identical search terms related to other vendors involved in J&J's mitigation efforts, including Avalere, Archbow, and IQVIA. J&J perversely objects to running those same terms only as to the two vendors most involved in those efforts—TrialCard and RISRx—relying primarily on burden and proportionality arguments that do not withstand scrutiny.

## I.      TrialCard Search Terms

J&J almost certainly would have discussed any steps that it took to mitigate its alleged damages[2] with TrialCard, the entity that administers CarePath for J&J. Documents elicited by

---

[1] While J&J asserts that it could not identify patients on SaveOn-advised plans because SaveOn and ESI supposedly took steps to "evad[e] any manufacturer attempts to detect or thwart their scheme," Opp. at 2, ███████████████████. Ex. 17 at 10. That J&J continues to dispute that it could identify these patients shows that this subject should be the subject of more discovery from J&J, not less.

[2] J&J denies that the "only purported mitigation action that J&J has asserted that it took was attempts to identify patients on SaveOn-advised plans," Opp. at 2 & n.1, yet J&J has not referred to any other mitigation efforts in this litigation. To the contrary, J&J argued that "special damages" for its new conspiracy claim included mitigation, Prop. Am. Compl. ¶ 193, and at oral argument conceded that the only special damages it alleged were for patient identification, July 15, 2024 Tr. at 41:12-42:5. And when SaveOn requested documents regarding "any steps that JJHCS took regarding copay assistance payments to CarePath patients that JJHCS identified or suspected as being on accumulators, maximizers, or SaveOnSP-advised health plans," J&J responded that it would produce documents about its CAP program and nothing else. Ex. 27 at 10-22, 13-14 (J&J's R&Os to SaveOn's Seventh Requests for Production).

search terms involving TrialCard are key to understanding what J&J and its vendor did and when, and whether J&J failed to "take reasonable steps to mitigate its damages." *Natreon, Inc. v. Ixoreal Biomed, Inc.*, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) (citations omitted).

### A.     SaveOn's TrialCard Search Terms Seek Important, Relevant Documents

SaveOn presented examples of the kinds of documents that would be picked up by the two TrialCard search terms that SaveOn has proposed but excluded by the single search term that J&J suggests. Br. at 4-5. J&J fails to address all but two. The documents J&J ignores demonstrate why it should run SaveOn's proposed terms. ████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████ This shows that J&J could identify patients on accumulators and maximizers, contrary to J&J's allegation that it had no effective way of doing so. Compl. ¶ 101; Prop. Am. Compl. ¶¶ 174, 177

J&J's arguments on the two exhibits that it does address show why more discovery is warranted. J&J says that Exhibits 14 and 18 are about identifying patients on accumulators, not on maximizers or SaveOn-advised plans, Opp. at 7-8, but Your Honor has already rejected J&J's argument that documents about accumulators are irrelevant, because J&J refers to SaveOn as an accumulator. Jan. 24, 2024 Tr. at 131:14-21. J&J also says that █████████████████████ ███████, Opp. at 7, but SaveOn's requests go to any attempts by J&J—at any point during the relevant discovery period—"to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP," (Request No. 58), or "a Maximizer or Accumulator health plan" (Request No. 59). J&J Ex. 7. ████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████.

Running SaveOn's proposed search term as to other vendors has revealed critical documents.[3]  That these vendor-specific terms for IQVIA and Archbow uncovered highly relevant documents that otherwise would have been withheld underscores that J&J should run the same terms as to TrialCard (and RISRx).

### B.    J&J's Objections to SaveOn's Proposed Search Terms Fail

*First*, J&J argues that SaveOn's proposed TrialCard-related search terms are "inconsistent" with its document requests because the terms do not include the phrase "Benefits Investigation." Opp. at 4-5. But SaveOn's requests defined "Benefits Investigations" to include "*any process* by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan," J&J Ex. 7 at 5 (emphasis added)—not just the formal processes

---

[3] J&J agreed to search terms similar to those proposed for TrialCard for the vendors Archbow, Avalere, and IQVIA:

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable w/5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program"). J&J Ex. 8 at 1-2 (Apr. 26, 2024 Ltr. from I. Eppler to E. Snow).

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable w/5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program"). *Id.*

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program"). Ex. 21 at 3.

that J&J calls "benefits investigations."[4] ███████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

*Second*, J&J argues that SaveOn's search terms are improper because they include the phrases CAPa, CAPm and "adjustment program" without a limiter. Opp. at 5. But these terms do contain a limiter—the highly uncommon word "TrialCard," which ensures that documents identified by the term are likely to be relevant to TrialCard's mitigation work. J&J agreed to run similar search terms for other third-party vendors like Archbow, Avalere, and IQVIA, Opp. at 6, 3.n.3; the only difference here is that TrialCard was more directly involved in implementing the CAP program and thus more likely to have relevant documents.

*Third,* J&J says that its proposed term "will capture documents that include the word 'Trial-Card' in proximity to variants of the words 'identify,' 'accumulator,' and 'maximizer.'" Opp. at 8. In reality, J&J's term would return only documents that include TrialCard in close proximity to *both* "identify" *and* either "accumulator" or "maximizer" or another similar term. ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

[4] While J&J complains now that the search terms *do not* contain the phrase "benefits investigation," it previously complained that SaveOn's prior proposed terms *did* contain that phrase, asserting that "the vast majority of benefits investigations conducted by TrialCard are irrelevant to this action and involve only efforts to confirm a patient's insurance coverage," Ex. 31 at 2 (Jan. 2, 2024 Ltr. from J. Long to E. Snow) (citations omitted). SaveOn revised its terms to remove the phrase "benefits investigation" at J&J's request and to target documents related to the identification of patients on accumulators and maximizers.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ SaveOn's proposed terms will capture documents that discuss Trial-Card's work in identifying such patients, even ones that do not use the word "identify."

*Finally*, J&J argues that, because SaveOn cites documents "captured by existing search parameters and produced," "JJHCS's existing search terms are sufficient to elicit the documents SaveOnSP claims to want." Opp. at 8, *see also id.* at 7. That existing search terms happened to pick up some of the requested documents is no guarantee that they picked up all or even most documents of the same type. To the contrary, that the proposed terms identify thousands of new documents indicates that the existing terms were lacking.

## C.    SaveOn's Requests Are Appropriate

J&J asserts that reviewing 13,000 documents would be unduly burdensome and not pro-portional. Not so. J&J seeks an injunction that would shut down SaveOn's business and demands hundreds of millions of dollars in damages. *See* Jan. 24, 2024 Tr. at 132:1-2 ("It's a huge case. There is a lot of discovery on both sides."). SaveOn's mitigation defense could end these claims or massively reduce J&J's proposed damages. This is not hypothetical: Discovery continues to show that J&J willingly paid CarePath funds to patients on SaveOn-advised plans that it identified or could have easily identified.[5] Any burden that J&J asserts from reviewing the documents at issue is easily proportional to the magnitude of the claims and defenses here. J&J should not be

---

[5] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

heard to complain of burden in any event: In response to J&J's requests, SaveOn has reviewed over 1.2 million documents, while J&J—a company with significantly more resources—has reviewed a fraction of that amount.[6] SaveOn is entitled to discovery on J&J's efforts to identify patients as members of accumulators, maximizers, and SaveOn, including how it identified patients, how effective its efforts to identify patients were, and which patients it identified and when.

J&J also argues that, in light of other searches it has run and documents it has produced regarding TrialCard and CAP, SaveOn's proposed search terms would be duplicative. Opp. at 5-6. That SaveOn's proposed search terms return approximately 13,000 unreviewed documents is proof that the terms are not duplicative. Aside from a single term for two custodians narrowly tailored to identify relevant contracts,[7] J&J has not run any search terms that contain the word "TrialCard" over the files of its J&J custodians. J&J points instead to productions made by Trial-Card[8] but those productions do not include J&J's internal communications, which are central to understanding J&J's mitigation decisions. J&J asserts that it reviewed 54,000 documents identified by search terms including the words "CAPm," "CAPa," or "adjustment program," Opp. 6, but the

---

[6] While J&J asserts that SaveOn has complained that adding smaller numbers of documents would be burdensome, Opp. at 6, SaveOn did so only in the context of (1) the vast number of documents it has already reviewed; and (2) the marginal relevance of the documents that J&J sought. Here, in contrast, J&J has reviewed many fewer documents than SaveOn and J&J's failure to mitigate is fundamental to SaveOn's defense. J&J also points to other, unrelated discovery requests that SaveOn has made, Opp. at 6-7, which are irrelevant to whether J&J should be ordered to run the two search terms at issue here.

[7] On April 10, 2024, Your Honor ordered J&J to run SaveOn's proposed search term regarding TrialCard contracts over the files of Scott White and Blasine Penkowski. *See* Dkt. 305 at 3-4.

[8] J&J says that TrialCard has produced nearly 10,000 pages, Opp. at 5, which amounts to approximately 4,400 documents. More than 1,700 of those documents appear to be "junk" files such as logos and images from signature blocks.

search term that it ran for the refresh period[9] would have excluded relevant documents identified by SaveOn's proposed terms. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ ■ Regardless, SaveOn's requested searches are not limited to the CAP program; they target all TrialCard's efforts to identify patients on accumulators, maximizers, or plans advised by SaveOn, whether formally part of that program or not.

## II. RISRx Term

SaveOn also asked Your Honor to compel J&J to run a single search term for RISRx that would elicit 984 documents for review, inclusive of families. RISRx is a vendor that, along with TrialCard, identified patients on SaveOn-advised plans for J&J. Ex. 1 at 4, 6. J&J previously agreed to run the search term with a "w/25," connector, which identifies only 239 documents fewer than SaveOn's formulation with a "w/50" connector.

J&J says that it offered to run two other searches related to benefits investigations that SaveOn purportedly ignored. Opp. at 9. In fact, *SaveOn* proposed those searches, not J&J, *see* J&J Ex. 6 at 5; J&J agreed to run them only if SaveOn gave up its right to seek additional searches regarding these Requests, J&J Ex. 8 at 4, which SaveOn could not responsibly do, given the importance of its mitigation defense and J&J's history of withholding relevant information.

---

[9] That term is: (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulate* OR maximiz*).

[10] J&J produced these documents from the *pre*-refresh period, for which it used a broader search term—"CAPa OR CAPm OR "adjustment program"—without a SaveOn-related limiter. This shows that a broader term is required to capture relevant documents.

*Second*, J&J points to other searches that it has run using a "RIS"-related term, Opp. at 10, but that term was limited by the phrase "identif*", which would exclude documents about identifying patients on SaveOn-advised plans that do not use the phrase "identify." J&J similarly points to its production of RISRx reports, *id.*, but this would not include relevant communications about patient identification efforts.

*Finally*, J&J asserts that Your Honor issued a general "ruling," in the May 9, 2024 Order that search terms may not include a "w/50" connector. Opp. at 10-12. SaveOn understood Your Honor to rule on the specific search term at issue there, not generally; in fact, J&J concedes that it has continued to pursue search terms with "w/50" connectors after that ruling, J&J's Sept. 10, 2024 Opp. to SaveOn's Mot. to Compel re. May-Not-Use Prov. at 8 n.3. A "w/50" connector is warranted here. In the May 9 Order, the proposed term involved the commonly used word "adapt," which could appear in various contexts, increasing the risk that the term would identify irrelevant documents. Here, the proposed term requires the words "RIS" and "RISRx," which could refer only to J&J's vendor, in combination with industry terms like "accumulator" or "maximizer." It is hard to think of any documents identified by that term that would not be relevant to RISRx's attempts to identify patients on such plans.[11]

J&J's attempt to limit the scope of searches relating to its mitigation efforts is especially concerning because J&J withheld the existence of the CAP program and the fact of its benefits investigations to identify patients on SaveOn-advised plans until the summer of 2023, far into the

---

[11] While J&J accuses SaveOn of having "successfully litigated a limit on overbroad search terms for itself, but refus[ing] to accept the Court's guidance as generally applicable," Opp. at 12, it concedes on the preceding page that this is not true: "SaveOnSP has not objected to … 'w/50' proximity limiters in the wake of the Court's guidance" for various terms. Opp. at 11. The reality is that SaveOn has accepted multiple w/50 limiters proposed by J&J since the Court's ruling. *See* Ex. 23 at 2 & n.1-3.

Hon. Freda L. Wolfson                                                                    Page 10

discovery period. *See* Oct. 30, 2023 Tr. at 66:16-25, 72:15-75:16, 90:11-12 ("The Court: What about the fact that [SaveOn] didn't know about CAP until this summer [2023]?"). J&J went so far as to falsely represent to the Court that its benefits investigations were "completely irrelevant," Dkt. 146 at 21, "ha[d] nothing to do with this case," *id.* at 24, and "ha[d] nothing to do with the SaveOnSP program," *id.* at 15. Only after SaveOn presented evidence J&J had conducted benefits investigations to identify members of SaveOn-advised plans did J&J admit that it in fact conducted such investigations for two years, starting months before it filed this case. Dkt. 163 at 1-2. Given J&J's documented deception on this point, the benefit of any doubt should weigh in favor of additional discovery into its mitigation efforts.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 27

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>SAVE ON SP, LLC,<br><br>       Defendant. | Civil Action No. 22-2632 (JKS) (CLW)<br><br>**PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.　　　JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.　　JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.　　JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.　　JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.　　JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.　　JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, … agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1,

2016 through November 7, 2023 (the "Time Period").

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 83**

All Documents and Communications cited, quoted, or referenced in JJHCS's proposed
Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 15, 18, 27, 63,
66, 69-74, 97, 116, 118, 143.

**Response to Request No. 83**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent

it seeks documents and communications in the possession of entities other than JJHCS, including

documents and communications already produced by SaveOn.  JJHCS further objects to this

Request to the extent it seeks publicly available documents or communications for which JJHCS's

proposed Amended Complaint already includes citations and are already accessible to SaveOn.

JJHCS further objects to this Request to the extent it seeks information that is exempt from

discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request

to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's

motion seeking leave to file the proposed Amended Complaint.

Subject to the foregoing objections, JJHCS responds that, other than documents or

communications for which the proposed Amended Complaint already includes citations, the

documents and communications cited, quoted, or referenced in the proposed Amended Complaint

are documents that have already been produced in this litigation by SaveOnSP or third parties.  A

list of those documents is attached as Appendix A.  JJHCS will not otherwise search for or produce

documents responsive to this Request.

**Request No. 84**

All Documents and Communications concerning any individual cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 20-22, 97, 102, 104, 107, 110, 138-142, 145-146, 149.  This includes without limitation any records of discussions between such individuals and JJHCS's counsel.

**Response to Request No. 84**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks "any records of discussions between … individuals and JJHCS's counsel," as such records are exempted from discovery and protected from disclosure by the work product doctrine, the attorney-client privilege, and/or other applicable privileges and protections. JJHCS further objects to this Request to the extent it seeks any other information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.

Subject to the foregoing objections, JJHCS refers SaveOn to the attached Appendix A. JJHCS will not otherwise search for or produce documents responsive to this request.

**Request No. 85**

All Documents and Communications indicating that JJHCS cannot control the steps or actions taken by commercial health plans, including the plans' use of accumulators, maximizers,

or SaveOnSP, ████████████████████████████████████
███████████████████████████.

## Response to Request No. 85

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request because it mischaracterizes the documents it cites, none of which mention maximizers or SaveOnSP.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of other entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession relating to JJHCS's lack of control over commercial health plans' use of SaveOnSP, to the extent such documents and communications exist and can be located after a reasonable search of JJHCS's existing custodial collections.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 86

All Documents and Communications regarding all proposed and enacted federal rules and regulations cited, quoted, or referenced in the proposed Amended Complaint, Dkt. 219, including any rules proposed or enacted pursuant to the ACA.

**Response to Request No. 86**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of other entities other than JJHCS.  JJHCS further objects to this Request on the ground that the Court has already ruled that compliance with government regulations is irrelevant to any claim or defense in this Action.  *See* Mar. 17, 2023 Hearing Tr. at 23:1-3.  JJHCS further objects to this Request on the ground that SaveOnSP has previously argued that compliance with statutes is "completely tangential" to this Action.  *See id.* at 20:16; *see also* Dkt. No. 66 at 7-8.  SaveOnSP is judicially estopped from arguing otherwise here.  JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.  JJHCS further objects to this Request to the extent it is duplicative of Request No. 14, and JJHCS incorporates by reference its response to that Request.

To the extent this Request is duplicative of Request No. 14, JJHCS has already agreed to produce and has produced, subject to prior objections, non-privileged documents relating to JJHCS's understanding of commercial health plans' ability to designate specialty drugs.  To the extent this Request is not duplicative of Request No. 14, any documents or communications that are responsive to this Request and relate to SaveOnSP will have already been captured by the custodial productions that JJHCS has already agreed to produce, subject to prior objections. JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 87**

All Documents and Communications regarding communications by JJHCS or its counsel with members of SaveOnSP-advised health plans or with representatives of health plan sponsors regarding SaveOnSP, including but not limited to communications with the individuals referenced in JJHCS's February 16, 2024 Letter from H. Sandick to A. Dunlap. This includes without limitation any notes or records of communications with such members with JJHCS's counsel.

**Response to Request No. 87**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks any documents or communications regarding communications by JJHCS's counsel, as such documents and communications are exempted from discovery and protected from disclosure by the work product doctrine, the attorney-client privilege, and/or other applicable privileges and protections. JJHCS further objects to this Request to the extent it seeks any other information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request on the ground that the phrase "representative of health plan sponsors" is vague and ambiguous. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as seeking information beyond the scope of the Court's April 27, 2023 order, which provided that "JJHCS may contact any health plan or patient" without any restraint and required that JJHCS only "keep SaveOnSP regularly apprised of the volume of outreach it has made to patients and health plans." Dkt. No. 102 at 2. JJHCS

further objects to this request as duplicative of Request No. 8, and JJHCS incorporates by reference

its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8,

JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-

privileged documents and communications in its possession with or regarding SaveOnSP from the

relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of more

than twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request

for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  In

addition, SaveOnSP has also already received from TrialCard nearly 20,000 patient call notes, as

well as the results of more than 3,900 Benefits Investigations that TrialCard conducted.  *See* Feb.

16, 2024 Letter from K. Brisson to H. Miles at 1.  JJHCS will not otherwise search for or produce

documents responsive to this Request.

## Request No. 88

All Documents and Communications regarding any methods that JJHCS used to identify
CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

## Response to Request No. 88

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and

communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it

seeks information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies."  Jan. 24, 2024 Tr. at 33:10-11, 39:23-24.  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 89**

All Documents and Communications regarding any methods that JJHCS considered using to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

**Response to Request No. 89**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies."  Jan. 24, 2024 Tr. at 33:10-11, 39:23-24.  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent that this Request seeks documents and communications regarding methods that JJHCS only considered using, it is barred by Judge Wolfson's rulings that "[w]hat matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred," Feb. 6, 2024 Order, Dkt. No. 192, at 19, and that "Defendant does not

require communications as to why Plaintiff or J&J did not make certain decisions or vice versa;

rather, it will need evidence as to actual changes that occurred," Apr. 25, 2024 Order, Dkt. No.

264, at 5. To the extent this Request seeks documents and communications related to CAP (or

predecessor programs), JJHCS has already or will produce them, consistent with the terms of the

Court's February 6, 2024 Order and the parties' subsequent negotiations. *See, e.g.*, Apr. 9, 2024

Letter from I. Eppler to E. Snow at 3. JJHCS will not otherwise search for or produce documents

responsive to this Request.

**Request No. 90**

    All Documents and Communications regarding any steps that JJHCS took regarding copay
assistance payments to CarePath patients that JJHCS identified or suspected as being on
accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps
to reduce such payments, claw back such payments, remove such patients from CarePath, or pro-
vide alternative financial assistance to such patients.

**Response to Request No. 90**

    In addition to the foregoing general objections, JJHCS objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and

communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it

seeks information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated

in JJHCS's Objections to Definitions. JJHCS further objects to this request as duplicative of

Requests No. 8, and JJHCS incorporates by reference its response to that Request.

    To the extent documents responsive to this Request are also responsive to Request No. 8,

JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-

privileged documents and communications in its possession with or regarding SaveOnSP from the

13

relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians. *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5. To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies." Jan. 24, 2024 Tr. at 33:10-11, 39:23-24. To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents. *See* May 24, 2024 Letter from J. Long to E. Snow at 2. To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations. *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3. JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 91**

All Documents and Communications regarding any steps that JJHCS considered taking regarding copay assistance payments to CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

**Response to Request No. 91**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  To the extent this Request seeks documents and communications regarding JJHCS's enforcement of CarePath's terms and conditions, it is barred by Judge Wolfson's ruling that JJHCS need only produce its general "policies and discussions with regard to enforcing those policies."  Jan. 24, 2024 Tr. at 33:10-11, 39:23-24.  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent that this Request seeks documents and communications regarding methods that JJHCS only considered using, it is barred by Judge Wolfson's rulings that "[w]hat matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred," Feb. 6, 2024 Order, Dkt. No. 192, at 19, and that "Defendant does not require communications as to why Plaintiff or J&J did not make certain decisions or vice versa; rather, it will need evidence as to actual changes that occurred," Apr. 25, 2024 Order, Dkt. No. 264, at 5.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the

Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024

Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents

responsive to this Request.

Dated: June 10, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

16

**APPENDIX A**

ACCREDO00006273
ACCREDO00011834
ACCREDO00019957
ACCREDO00019968
ACCREDO00022446
ACCREDO00022995
MIGH000014
SOSP_0000061
SOSP_0014806
SOSP_0029085
SOSP_0029592
SOSP_0053837
SOSP_0054166
SOSP_0058302
SOSP_0059982
SOSP_0076294
SOSP_0076301
SOSP_0076310
SOSP_0079867
SOSP_0079870
SOSP_0081786
SOSP_0086094
SOSP_0089579
SOSP_0091898
SOSP_0122928
SOSP_0157104
SOSP_0157125
SOSP_0162987
SOSP_0261653
SOSP_0261654
SOSP_0262295
SOSP_0272882
SOSP_0274561
SOSP_0307960
SOSP_0315578
SOSP_0315944
SOSP_0317739
SOSP_0325550
SOSP_0326508

SOSP_0331032
SOSP_0352545
SOSP_0353410
SOSP_0387608
SOSP_0391775
SOSP_0407317
SOSP_0408779
SOSP_0409971
SOSP_0423114
SOSP_0445843
SOSP_0450576
SOSP_0472221
SOSP_0508643
SOSP_0511419
SOSP_0515649
SOSP_0521309
SOSP_0550070
SOSP_0556254
SOSP_0556256
SOSP_0557687
SOSP_0558495
SOSP_0587225
SOSP_0587229
SOSP_0591965
SOSP_0598389
SOSP_0607845
SOSP_0612757
SOSP_0615916
SOSP_0676161
SOSP_0676710
SOSP_0677260
SOSP_0684967
SOSP_0685449
SOSP_0685665
SOSP_0685667
SOSP_0694247
SOSP_0695753
SOSP_0703265
SOSP_0707729
SOSP_0721377
SOSP_0737745

SOSP_0741907
SOSP_0757654
SOSP_0759120
SOSP_0759420
SOSP_0759749
SOSP_0767749
SOSP_0774805
SOSP_0794313
SOSP_0813540
SOSP_0814054
SOSP_0828860
SOSP_0851109
SOSP_0854270
SOSP_0854367
SOSP_0857490
SOSP_0859169
SOSP_0859572
SOSP_0861633
SOSP_0871091
SOSP_0877166
SOSP_0878913
SOSP_0880855
SOSP_0880859
SOSP_0880861
SOSP_0880865
SOSP_0880868
SOSP_0880870
SOSP_0880873
SOSP_0884139
SOSP_0932805
SOSP_0932823
SOSP_0934905
SOSP_0939207
SOSP_0940041
SOSP_0942726
SOSP_0943232
SOSP_0944308
SOSP_0944587
SOSP_1028357
SOSP_1032705
SOSP_1034736

SOSP_1038106
SOSP_1040397
SOSP_1045896
SOSP_1049360
SOSP_1052472
SOSP_1053908
SOSP_1068121
SOSP_1069471
SOSP_1069472
SOSP_1095525
SOSP_1114963
SOSP_1116056
TRIALCARD_00008915
TRIALCARD_00008916
TRIALCARD_00008917
TRIALCARD_00008918
TRIALCARD_00008919
TRIALCARD_00008920
TRIALCARD_00008921
TRIALCARD_00008922
TRIALCARD_00008923
TRIALCARD_00008924
TRIALCARD_00008925
TRIALCARD_00008926
TRIALCARD_00008927
TRIALCARD_00008928
TRIALCARD_00008929
TRIALCARD_00008930

**EXHIBITS 28-30**
**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 31



www.pbwt.com

January 2, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay Elsberg, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
         **No. 2:22-cv-02632 (ES) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's December 15, 2023 letter regarding JJHCS's responses and objections to SaveOnSP's Fourth Set of Requests for Production.

## I.     General Objections & Definitions

SaveOnSP asks for confirmation that "JJHCS will produce documents in response to these Requests from April 1, 2016 to November 7, 2023." Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 1. That is correct, and is consistent with JJHCS's responses and objections, which state that, "[u]nless otherwise noted," JJHCS will "provide information from April 1, 2016 to November 7, 2023." JJHCS's Nov. 20, 2023 Responses and Objections at 6.

SaveOnSP further asks for confirmation whether JJHCS is "withholding any documents based on any general objection." JJHCS's general objections include privilege, relevance, and burden objections, and JJHCS reserves all rights with respect to each general objection. *See id.* at 1-3. JJHCS's specific responses and objections to each request set forth how JJHCS plans to respond as to each, including with respect to what JJHCS is willing to produce. If you believe any of our responses or objections are unclear, please let us know.

SaveOnSP also takes issue with JJHCS's objection to the definition of "Janssen," claiming that the Court previously held that "JJHCS's discovery obligations include Janssen." *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 1 (citing June 27 Tr. at 96-97). SaveOnSP's claim finds no support in the June 27, 2023 transcript. At issue in June was SaveOnSP's motion to compel supplemental responses to certain interrogatories served on JJHCS. As SaveOnSP well knows, the Court granted that motion in part, and clarified the limited implications of its rulings when SaveOnSP untimely sought reconsideration at the October 30 conference. As JJHCS

---

Elizabeth H. Snow, Esq.
January 2, 2024
Page 2

repeatedly has made clear—of roughly 200 subsidiaries—"JJHCS is the sole relevant J&J entity involved in the development, marketing, or administration of CarePath." ECF No. 122 at 1 (quoting ECF No. 79 at 20).

## II.    Requests 58 and 59

In its December 15 letter, SaveOnSP acknowledges that JJHCS has asked TrialCard to produce "all benefits investigation reports . . . that reflect inquiries about whether a patient taking Stelara or Tremfya was enrolled in an accumulator program or maximizer program (including SaveOnSP)." JJHCS's Nov. 20, 2023 Responses and Objections at 7-8. JJHCS understands that TrialCard has agreed to produce these materials through November 7, 2023.

Nonetheless, SaveOnSP insists that JJHCS "produce all documents and communications responsive to RFPs 58 and 59" using SaveOnSP's requested search terms. JJHCS declines to do so. As JJHCS has explained, the "vast majority of benefits investigations" conducted by TrialCard are irrelevant to this action and involve only "efforts to confirm a patient's insurance coverage and if the patient is required to make copayments for a particular medication." ECF No. 163 at 1. Several of SaveOnSP's requested search strings relate to drug names that JJHCS understands were not part of Trial Card's inquiries—nor are SaveOnSP's Requests 58 and 59 limited to the relevant date range for these inquiries (i.e., January 1, 2022 to November 7, 2023). *See id.* at 1-2. As a result, the overwhelming majority of SaveOnSP's search terms are unlikely to result in responsive documents.

JJHCS also objects to SaveOnSP's proposed search terms on the basis of burden. As outlined in Exhibits A and B, SaveOnSP's requested search terms would require JJHCS review approximately 146,000 additional documents (inclusive of families) if added for JJHCS's existing custodians and newly added CAP custodians. Given that most of these hits are unlikely to be relevant, it would be unduly burdensome and disproportionate to the needs of the case for JJHCS to review this many irrelevant documents.

## III.    Requests 61 and 62

SaveOnSP's Requests 61 and 62 seek any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding patients enrolled in CarePath, and documents sufficient to show negotiations between JJHCS and ESI or Accredo regarding obtaining patient data.

As to Request 61, SaveOnSP's claim that "JJHCS objects to producing patient data regarding persons enrolled in CarePath" is not accurate. *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 2. To be clear, JJHCS already has agreed to produce many categories of data concerning CarePath enrollees, including claims data related to the drugs at issue in the SaveOnSP Program. JJHCS's objection to Request 61, by contrast, relates to SaveOnSP's request for "patient information or data provided by Accredo or ESI to JJHCS" which is unrelated to the benefits

Elizabeth H. Snow, Esq.
January 2, 2024
Page 3

investigations described above—i.e., TrialCard's inquiries about whether a patient taking Stelara or Tremfya was enrolled in an accumulator program or maximizer program.

       As to Request 62, SaveOnSP claims that documents concerning "any negotiations between JJHCS and Accredo or ESI . . . are relevant to showing whether JJHCS (or TrialCard, as its vendor) knew that such data was available from ESI or Accredo." *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 2-3. Not so. Assuming the requested contracts exist, any documents concerning any underlying negotiations would not provide further relevant information. As reflected in JJHCS's responses and objections to Request 60, JJHCS will produce non-privileged documents in its possession sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data during the relevant Time Period, to the extent that such documents exist and can be located after a reasonable search.

       JJHCS also objects to SaveOnSP's proposed search terms on the basis of burden, as outlined in Exhibits A and B. SaveOnSP's proposed terms related to Accredo and ESI are extremely broad—and in no way are tailored to Requests 61 and 62. Indeed, each of these terms would require JJHCS to review every document concerning any Accredo or ESI agreement, the vast majority of which have nothing to do with JJHCS's copay assistance program. *See* Dec. 15, 2023 Ltr. from E. Snow to S. Arrow at 4-5 (suggesting the following terms: Accredo AND ("contract*" OR "agreement*") and (ESI OR ExpressScripts OR "Express Scripts") AND ("agreement*" OR "contract*")). Accordingly, JJHCS declines to add these additional terms.

       Very truly yours,

       */s/ Julia Long*
       Julia Long

**Exhibit A:  Hit Count for Requested Search Terms as to Existing JJHCS Custodians[1]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| Accredo AND (contract* OR agreement*) | 14,364 | 44,795 |
| "Benefits Investigation*" AND Accredo | 1,593 | 8,509 |
| "Benefits Investigation*" AND accumulator* | 1,427 | 5,721 |
| "Benefits Investigation*" AND ESI | 493 | 1,966 |
| "Benefits Investigation*" AND "Express Scripts" | 800 | 3,596 |
| "Benefits Investigation*" AND ExpressScripts | 24 | 439 |
| "Benefits Investigation*" AND Balversa | 780 | 2,938 |
| "Benefits Investigation*" AND Darzelex | 28 | 167 |
| "Benefits Investigation*" AND Faspro | 1,173 | 5,513 |
| "Benefits Investigation*" AND Erleada | 2,685 | 10,599 |
| "Benefits Investigation*" AND Imbruvica | 422 | 2,152 |
| "Benefits Investigation*" AND maximizer* | 930 | 5,225 |
| "Benefits Investigation*" AND Opsumit | 1,050 | 4,678 |
| "Benefits Investigation*" AND Precobix | 1 | 2 |
| "Benefits Investigation*" AND Remicade | 5,937 | 28,014 |
| "Benefits Investigation*" AND Rybrevant | 804 | 3,732 |
| "Benefits Investigation*" AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR Save-On OR SOSP) | 0 | 0 |

---

[1] **Custodians**:  Lindsey Anderson, Spilios Asimakopoulos, John Franz, Evelyn Hall, Brandon Jeffcoat, John King, Jeremy Mann, Katie Mazuk, Silviya McCool, Hattie McKelvey, Adrienne Minecci, Lauren Pennington, William Robinson III, Nidhi Saxena, Heather Schoenly, Carol Scholz, and Jasmeet Singh

i

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Benefits Investigation*" AND Simponi | 6,965 | 30,283 |
| "Benefits Investigation*" AND Stelara | 10,498 | 42,183 |
| "Benefits Investigation*" AND Symtuza | 1,348 | 3,708 |
| "Benefits Investigation*" AND Tracleer | 471 | 2,179 |
| "Benefits Investigation*" AND Tremfya | 7,354 | 27,580 |
| "Benefits Investigation*" AND Uptravi | 1,024 | 4,655 |
| "Benefits Investigation*" AND Ventavis | 366 | 1,668 |
| "Benefits Investigation*" AND Zytiga | 2,811 | 13,811 |
| (ESI OR ExpressScripts OR "Express Scripts") AND (agreement* OR contract*) | 12,472 | 43,034 |

**Exhibit B:  Hit Count for Requested Search Terms as to "CAP" Custodians[2]**

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| Accredo AND (contract* OR agreement*) | 1,673 | 9,123 |
| "Benefits Investigation*" AND Accredo | 155 | 1,556 |
| "Benefits Investigation*" AND accumulator* | 771 | 2,753 |
| "Benefits Investigation*" AND ESI | 36 | 195 |
| "Benefits Investigation*" AND "Express Scripts" | 97 | 833 |
| "Benefits Investigation*" AND ExpressScripts | 8 | 400 |
| "Benefits Investigation*" AND Balversa | 403 | 1,790 |
| "Benefits Investigation*" AND Darzelex | 27 | 57 |
| "Benefits Investigation*" AND Faspro | 930 | 3,327 |
| "Benefits Investigation*" AND Erleada | 1,459 | 5,135 |
| "Benefits Investigation*" AND Imbruvica | 115 | 535 |
| "Benefits Investigation*" AND maximizer* | 441 | 1,648 |
| "Benefits Investigation*" AND Opsumit | 386 | 1,292 |
| "Benefits Investigation*" AND Precobix | 2 | 4 |
| "Benefits Investigation*" AND Remicade | 536 | 2,874 |
| "Benefits Investigation*" AND Rybrevant | 711 | 3,417 |
| "Benefits Investigation*" AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save On" OR Save-On OR SOSP) | 4 | 5 |
| "Benefits Investigation*" AND Simponi | 711 | 2,743 |

---

[2] **Custodians**:  Quinton Kinne, Daphne Longbothum, Allison Barklage, John Hoffman, William Shontz, and L.D. Platt

| Search Term Proposed by SaveOnSP | Additional Documents Hitting on Term | Additional Documents Hitting on Term + Families |
|---|---|---|
| "Benefits Investigation*" AND Stelara | 1,258 | 3,915 |
| "Benefits Investigation*" AND Symtuza | 313 | 810 |
| "Benefits Investigation*" AND Tracleer | 245 | 822 |
| "Benefits Investigation*" AND Tremfya | 951 | 2,791 |
| "Benefits Investigation*" AND Uptravi | 368 | 1,229 |
| "Benefits Investigation*" AND Ventavis | 98 | 278 |
| "Benefits Investigation*" AND Zytiga | 1,127 | 4,262 |
| (ESI OR ExpressScripts OR "Express Scripts") AND (agreement* OR contract*) | 4,434 | 15,288 |

ii

# EXHIBITS 32-36
# CONFIDENTIAL – FILED UNDER SEAL