# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

August 26, 2024

<u>**VIA E-Mail**</u>

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
              **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

     Save On SP, LLC ("<u>Save On</u>") moves to compel Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "<u>J&J</u>") to add Joseph Incelli and Norhaan (Nora) Khalil as custodians and to run a set of tailored search terms over their files. Each performed significant work on J&J's CAP program.

## I.    Joseph Incelli

     Incelli is likely to have unique, relevant documents regarding the CAP program. SaveOn requested documents about the CAP program in RFP Nos. 33, 41, 49, 58, 59, and 64. *See* Ex. 1 at 30, 36, 48, 68, 69, 82 (J&J's Compiled Responses and Objections to SaveOn's Requests for Production). J&J has already agreed, or been ordered, to produce discovery about the CAP program

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

in response to those RFPs. *See* Dkt. 307 at 10; Dkt. 305 at 2; Dkt. 192 at 24-26. In over six weeks

of negotiations, J&J did not dispute Incelli's relevance.[1] *See* Ex. 4 (Aug. 16, 2024 Email from K.

Cryan to J. Long).

### A.    Incelli Likely Possesses Relevant, Non-Duplicative Documents

Incelli works on J&J's finance team. *See* Ex. 5 (JJHCS_00001173)



Before J&J launched the CAP program,

---

[1] J&J said that it would be willing to add Incelli as a custodian, subject to agreement on search terms, if SaveOn would add Leslie Kaufman as a "full" custodian, running *all* search terms over her files, while J&J ran limited terms over Incelli's files. *See* Ex. 2 (July 18, 2024 Email from J. Long to E. Snow). SaveOn declined this lopsided offer. *See* Ex. 3 (Aug. 15, 2024 Email from K. Cryan to B. Robinson).

[2] Your Honor and Judge Waldor recognized the relevance of the CAP program. *See* Dkt. 192 at 24-26. As part of the CAP program starting in 2022, J&J first took steps to enforce its terms and conditions against patients on SaveOn-advised plans and mitigate its damages—including through attempts to identify patients on SaveOn-advised plans. *See id.* at 25 (CAP program summary by Judge Waldor). This is relevant to the meaning of the terms and conditions and SaveOn's mitigation defense.

After the CAP program officially launched in January 2022, Incelli worked on at least three

separate CAP-related projects that show he likely has relevant, non-duplicative documents.

████████████████████████████████████████████████████████████████

████████████████████████████ This work is relevant to SaveOn's mitigation defense and calcu-

lation of damages, which requires accurate financial modeling. *See* Dkt. 192 at 14 (finding docu-

ments relevant where they support SaveOn's mitigation defense).████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ SaveOn is entitled to such doc-

uments showing how J&J measured the success of its mitigation strategies.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

─────────────────────

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████ These documents are also relevant to SaveOn's

mitigation defense.

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████

---

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████ It is also relevant to SaveOn's unclean hands defense, ██████████ involved
knowingly deceptive conduct by J&J.



### B.     Search Terms for Incelli

SaveOn proposes a narrow set of search terms for J&J to run over Incelli's files, tailored to his work on the CAP program and on any similar efforts. SaveOn asks that J&J run these for the full relevant time period from April 1, 2016 to November 7, 2023:

- The search terms applicable to all other CAP custodians, *see* Appendix 1.



SaveOn sent similar proposed search terms to J&J and asked that it provide hit counts if it objected on burden grounds. *See* Ex. 25 at 6 (June 28, 2024 Ltr.). J&J refused to do so, *see* Ex. 26

at -2 (July 25, 2024 Ltr. from B. Robinson to M. Nelson), resulting in an "[u]nsubstantiated claim[] of burden and expense" that is "insufficient to withhold otherwise relevant discovery." Dkt. 305 at 5 (*quoting Taro Pharm. v. Lupin Ltd*., 2019 U.S. Dist. LEXIS 41915, at *4 (D.N.J. Mar. 12, 2019)).

## II.    Norhaan (Nora) Khalil

Khalil is also likely to have unique, relevant documents regarding the CAP program. Her documents are responsive to SaveOn's RFP Nos. 33, 41, 49, 58, and 59 because they concern two studies ███████████████████████████████. Ex. 1 at 30, 36, 48, 68, 69 (J&J's Compiled Responses and Objections to SaveOn's Requests for Production). They are also responsive to RFP No. 8, *id*. at 11, because the studies refer to SaveOn, to RFP No. 42, *id*. at 37, because they relate to J&J's understanding of accumulators and maximizers, and to RFP No. 75, *id*. at 91, because they expressly discuss this litigation. ███████████████████████████████████████ ██████████████████████████████ *id*. at 19, which seeks documents and communications related to J&J's allegations of patient harm. J&J has not disputed Khalil's relevance. *See* Ex. 27 at 6-7 (Aug. 13, 2024 Ltr. from I. Eppler to E. Snow).

### A.    Khalil Likely Possesses Relevant, Non-Duplicative Documents



██████████ In that capacity, Khalil served as the point person for two studies that J&J commissioned ███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ This is rel-
evant to—and directly contradicts—J&J's allegations that SaveOn causes patient stress and con-
fusion. *See* Dkt. 1 ¶ 114.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ This is relevant to J&J's understanding of its T&Cs, which it has said are

---

[4] ████████████████████████████ J&J recently agreed to produce the final version
of this study. *See* Ex. 27 at 6-7 (Aug. 13, 2024 Ltr.).

similar to other terms and conditions used in the industry, *see* Dkt. 146 at 18-19 (comparing to AstraZeneca, Novartis, Bristol Meyers Squibb and Pfizer), because it could show that J&J knew that no other manufacturers interpreted similar terms and conditions to exclude accumulators, max-imizers, or SaveOn. █████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████ This is relevant to—and contradicts—J&J's assertions that SaveOn and its clients somehow violate the ACA. *See* Dkt. 1 ¶ 59.

As point person for both studies, Khalil has unique documents related to their development.

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████



### B.    Search Terms for Khalil

SaveOn proposes a narrow set of search terms for J&J to run over Khalil's files, tailored to her work on the CAP program and on any similar efforts. SaveOn asks that J&J run these terms for the period that she worked at J&J, from June 1, 2021 through July 31, 2023.[5]

- The search terms applicable to all other CAP custodians, *see* Appendix 1.



SaveOn sent similar proposed terms to J&J and asked it to provide hit counts if it objected on burden, *see* Ex. 25 at 6 (June 28, 2024 Ltr.), but J&J refused to do so, *see* Ex. 27 at 7, n. 3 (Aug. 13, 2024 Ltr.); *see also* Ex. 4 (Aug. 16, 2024 Email from K. Cryan to J. Long). J&J thus failed to substantiate any burden claim. *See* Dkt. 307 at 5.

---

[5] J&J represented that Khalil worked at J&J only during this timeframe. See Ex. 27 at 6 (Aug. 13, 2024 Ltr.). SaveOn reserves the right to request additional time if additional discovery reveals that Khalil performed work for J&J before or after this timeframe.

\*\*\*

We appreciate Your Honor's attention to this matter.

Respectfully submitted,


/s/ *E. Evans Wohlforth*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

### Appendix 1

*Search terms applicable to all CAP custodians*

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) W/50 ("CAPa OR CAPm" OR "adjustment program" OR accumulat* OR maximiz*)

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## **GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.        JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.        JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.     JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.     JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.     JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.     JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

### OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

6

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

7

extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous. JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

## Request No. 5

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

## Response to Request No. 5

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 6

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

## Response to Request No. 6

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 7

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

## Response to Request No. 7

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

10

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise

search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or in-formation regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

## Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request. JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

12

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period. JJHCS

further objects to this Request to the extent it seeks documents and communications in the

possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show all final versions of CarePath's terms and conditions for each

Janssen Drug during the relevant Time Period, to the extent such documents exist and can be

located after a reasonable search. Otherwise, JJHCS will not search for or produce documents

responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding
JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to
designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the
Affordable Care Act and its regulations, including Documents and Communications regarding
JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

14

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 15**

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

**Response to Request No. 15**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 16

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

## Response to Request No. 16

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 17.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS or that are publicly available and therefore equally available to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 21**

All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

**Response to Request No. 21**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's advocacy to or communication with any governmental or regulatory body regarding SaveOnSP as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

19

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 22**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 22**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous. For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

22

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn." JJHCS further objects to this Request to

23

the extent it seeks documents and communications in the possession of entities other than

JJHCS. JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100. Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

## Request No. 28

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.      all Patients receiving the Janssen Drug;

b.      the number of fills of the Janssen Drug received by each such Patient;

c.      the dosage of the Janssen Drug received by each such Patient for each fill;

d.      the projected number of Patients, average number of fills, and average dosage for
        the Janssen Drug;

e.      the cost to manufacture the Janssen Drug;

f.      the sales and marketing budget for the Janssen Drug;

g.      the price of the Janssen Drug;

h.      the revenue received by JJHCS from the Janssen Drug;

i.      all Patients enrolled in the CarePath program for the Janssen Drug;

j.      the dates on which each Patient was enrolled in CarePath;

k.      the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
        in CarePath;

l.      the Janssen Drugs for which each Patient enrolled in CarePath received copay
        assistance;

m.      all copay assistance payments that JJHCS made to or on behalf each Patient
        enrolled in CarePath; and

24

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

    a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

      b.       JJHCS's budget for CarePath, including the sales and marketing budget;

      c.       JJHCS's actual and projected annual costs for CarePath;

      d.       JJHCS's use of or accounting for unused CarePath funds;

      e.       the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

      f.       JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

      g.       the impact of CarePath on Janssen's sales of any Janssen Drug;

      h.       the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

      i.       JJHCS's or Janssen's actual and projected return on investment for CarePath; and

      j.       any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**Response to Request No. 29**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period. JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

**Request No. 30**

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

**Response to Request No. 30**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs. JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous. JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

## Request No. 31

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

## Response to Request No. 31

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search.  JJHCS will not otherwise search for or produce documents and

communications responsive to this Request.

**Request No. 32**

All Documents and Communications regarding any offer by JJHCS to provide to any
Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath
Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance
funds available to a Patient.

**Response to Request No. 32**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise

would have.  JJHCS further objects to this Request on the ground that the phrases "CarePath

funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive

any limitation on or elimination of the amount of CarePath copay assistance funds available" are

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks "all" documents and

communications regarding a broad subject matter.  JJHCS further objects to this Request to the

extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 33**

All Documents and Communications regarding JJHCS's attempts to identify health plans
advised by SaveOnSP or Patients enrolled in such plans.

**Response to Request No. 33**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 34**

From any time, all Documents and Communications regarding JJHCS's or Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's abandonment of those negotiations or agreements.

**Response to Request No. 34**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about other "services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

30

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation. JJHCS further objects to this Request on the ground that "any assessment of the fair market value of those services" is irrelevant. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession between JJHCS and the entities responsible for administering CarePath during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs. JJHCS further objects to this Request on the ground that the phrase "Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 38**

From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

**Response to Request No. 38**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about CarePath without relation to SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent

33

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

34

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about other "Copay Accumulator Services and Copay Accumulator Services" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request on the ground that the phrase "JJHCS's return on investment for copay assistance dollars" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the

35

needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP. However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 43**

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

**Response to Request No. 43**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

38

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request. JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 48

To the extent not requested above, from any time, all Documents and Communications upon which you may rely in this Action.

## Response to Request No. 48

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications upon which you may rely in this Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications upon which it intends to rely at trial in compliance with the schedule set by the Court. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

14425583

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.    JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3. JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4. JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control. To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS. Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5. JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6. JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7. JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8. JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response. JJHCS responds to the Requests as it interprets and understands each Request as set forth. If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

3

include attorneys and accountants who may be outside of JJHCS's possession, custody, and control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

3.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

4.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 49

All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

### Response to Request No. 49

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show (i) final versions of reports received by JJHCS from external vendors in response to JJHCS's request that they analyze CarePath enrollment and claims data to assess whether it is possible to identify individuals enrolled in SaveOnSP; and (ii) JJHCS's internal analyses to assess whether it is possible to identify individuals enrolled in accumulator or maximizer programs generally. JJHCS will further produce documents sufficient to show any attempts to enforce CarePath's terms and conditions against those individuals to the extent that any such documents exist. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

Dated: July 24, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

14425583

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** |

14447128

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

3

include attorneys and accountants who may be outside of JJHCS's possession, custody, and

control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not

proportional to the needs of the case to extent it purports to include "any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or]

representatives" or purports to include entities and persons acting or purporting to act on behalf

of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.,

including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil

Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech,

Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals,

Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and

Janssen Research & Development LLC.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

after July 1, 2022. Unless otherwise noted, JJHCS will only provide information from April 1,

2016 through July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 50

All Documents and Communications regarding the development of Stelara withMe,
including the decision to create the Stelara withMe program.

### Response to Request No. 50

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

14447128

objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show why JJHCS decided to create Stelara withMe. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 51

All Documents and Communications regarding all Stelara withMe terms and conditions, including between Patients and Care Coordinators and including Documents and Communications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have applied to Stelara; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any terms and conditions that apply or have applied to Stelara; and (c) JJHCS's understanding of any terms regarding maximizers as used in terms and conditions that apply or have applied to Stelara.

### Response to Request No. 51

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome,

14447128

and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the terms and conditions of Stelara withMe.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 52

All Documents and Communications regarding JJHCS's determination of the amounts of copay assistance funds that JJHCS offers to patients enrolled in Stelara withMe, including determination of the maximum program benefit per year, the algorithm used to identify Patients on maximizer programs, and the CAP Program.

## Response to Request No. 52

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  JJHCS further objects to this request as duplicative of RFP Nos. 29 and 49.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the maximum amounts of co-pay assistance offered to patients

6

enrolled in Stelara withMe.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 53**

All Documents and Communications regarding the development of Tremfya withMe, including the decision to create Tremfya withMe.

**Response to Request No. 53**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to demonstrate why JJHCS decided to create Tremfya withMe.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 54**

All Documents and Communications regarding all Tremfya withMe terms and conditions, including between Patients and Care Coordinators and including Documents and Communications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have applied to Tremfya; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any terms and conditions that apply or have applied to Tremfya; and (c) JJHCS's understanding of any terms regarding maximizers as used in the terms and conditions that apply or have applied to Tremfya.

**Response to Request No. 54**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the terms and conditions of Tremfya withMe. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 55**

All Documents and Communications regarding JJHCS's determination of the amounts of copay assistance funds that JJHCS offers to patients enrolled in Tremfya withMe, including determination of the maximum program benefit per year, the algorithm used to identify Patients on maximizer programs, and the CAP program.

**Response to Request No. 55**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment

privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this request as duplicative of RFP Nos. 29 and 49. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the maximum amounts of co-pay assistance offered to patients enrolled in Tremfya withMe.

**Request No. 56**

All Documents and Communications regarding the development of Janssen Compass, including the decision to create the Janssen Compass program.

**Response to Request No. 56**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

9

14447128

Janssen Compass is irrelevant to this Action for the reasons stated in our letter of August 28, 2023. JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 57**

All Documents and Communications regarding Janssen Compass and CarePath, SaveOnSP, maximizers, or accumulators, including any Communications by any Janssen Compass Care Navigator with any Patient, and FAQs, talk tracks, or scripts prepared for use during those Communications.

**Response to Request No. 57**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this request as duplicative of RFP No. 9.

Janssen Compass is irrelevant to this Action for the reasons stated in our letter of August 28, 2023. JJHCS will not search for or produce documents responsive to this Request.

Dated: August 28, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

10

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

11

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9. JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10. JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11. JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12. JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13. JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1. JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous and construes this phrase to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service. JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in

3

which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

2.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and

4

as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.     JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023. Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 58

All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

### Response to Request No. 58

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request to the extent it uses the terms "Benefits Investigations," "JJHCS," and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 59

To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

## Response to Request No. 59

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "Benefits Investigations," "JJHCS," and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to SaveOnSP. JJHCS further objects to this Request as duplicative of Request No. 58.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 60

Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data.

### Response to Request No. 60

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data during the relevant Time Period, to the extent that such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 61

Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub

Entity regarding Persons enrolled in CarePath.

**Response to Request No. 61**

      In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "any" information or data regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks "patient information or data . . . regarding Persons enrolled in CarePath" that is unrelated to Benefits Investigations. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

      Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. To the extent that documents responsive to this Request are also responsive to prior Requests for Production from JJHCS or TrialCard, subject to prior objections and those presented here, JJHCS and TrialCard have already agreed to produce those documents from the relevant Time Period. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 62**

      Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available

in such data.

**Response to Request No. 62**

      In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "any" negotiations regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information related to "negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data" that is unrelated to Benefits Investigations. JJHCS further objects to this Request on the ground that the phrase "show any negotiations engaged in . . . to obtain data" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

      Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 58. To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce those responsive documents from the relevant Time Period. Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

Dated: November 20, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum         
         JEFFREY J. GREENBAUM
         KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

3

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2.      JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.  JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

3.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

4.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad,

4

unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

5.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

5

departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

7. JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1. JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023. Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 63

All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

### Response to Request No. 63

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS objects to

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to JJHCS's efforts to provide copay assistance funds to patients and unrelated to the CarePath program (and the "withMe" programs). JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications related to "efforts to directly reimburse patients for out-of-pocket costs" that are unrelated to SaveOnSP. JJHCS further objects to this request as duplicative of Request Nos. 26 and 28; in response to those Requests, subject to objections made thereto, JJHCS already has produced data regarding payments to patients to reimburse them for their out-of-pocket costs.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 64**

██████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████

**Response to Request No. 64**

       In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55.

       Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 8, 31, 33, 49, 51, 52, 54, and 55. To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce responsive, non-privileged documents, subject to prior objections and those presented here, including but not limited to those documents related to the CAP Program,

consistent with the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 65**

███████████████████████████████████████████████████████

**Response to Request No. 65**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as duplicative of Request Nos. 8, 31, 33, 49, 64, and 66.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 8, 31, 33, 49, 64, and 66.  To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to JJHCS's prior objections and those presented here.  JJHCS will update its production pursuant to the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 66**

All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

**Response to Request No. 66**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP, Express Scripts, or Accredo. JJHCS further objects to this Request as duplicative of Request Nos. 8, 31, 33, 49, 64 and 65.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request Nos. 8, 31, 33, 49, 64 and 65. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period subject to JJHCS's prior objections. JJHCS will update its production pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 67**

Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

**Response to Request No. 67**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and information that is unrelated to the CarePath program and any withMe programs. JJHCS further objects to this Request as duplicative of Request Nos. 26 and 28; in response to those Requests, JJHCS already has produced data regarding payments to patients.

Subject to the foregoing objections, JJHCS incorporates by reference its responses to Request Nos. 26 and 28. *See also* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson; Mar. 7, 2023 Letter from A. Dunlap to H. Sandick. To the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to prior objections and those presented here. JJHCS will update its production of data in responsive to Request Nos. 26 and 28 pursuant to the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

11

**Request No. 68**

All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

**Response to Request No. 68**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks documents and communications between JJHCS and Archbow that are unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections and to objections to other Requests, JJHCS has already agreed to produce responsive, non-privileged documents that relate to SaveOnSP, including those documents related to the CAP Program consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 69**

██████████████████████████████████████
███████████████████

**Response to Request No. 69**

In addition to the foregoing general objections, JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request No. 8. To the extent that documents or communications responsive to this Request are also responsive to prior Requests for Production, subject to prior objections and those presented here, JJHCS has already agreed to produce responsive, non-privileged documents, including those related to the CAP Program, consistent with the Court's November 7, 2023 Order. (*See* Dkt. No. 173.) Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 70**

All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

**Response to Request No. 70**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action. JJHCS further objects

13

to this Request to the extent it seeks documents and communications that are exempt from

discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request

to the extent it uses the terms "JJHCS" and "Best Price" for the reasons stated in JJHCS's

Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 71**

Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay
assistance payments and other provision of funds to patients for the purpose of internal reports,
bookkeeping, internal or external financial reporting, including without limitation reporting for
tax purposes or compliance with any other law, including without limitation whether JJHCS
accounts for those payments as charity, charitable contributions, business expenses, rebates,
discounts, marketing, or otherwise.

**Response to Request No. 71**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action.  JJHCS further objects to this Request to the

extent it seeks information that is exempt from discovery and protected from disclosure by any

privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the

reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 72**

14

**Response to Request No. 72**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it uses the term "Archbow" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as duplicative of Request No. 68.

JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 73**

███████████████████████████████████████████████████

**Response to Request No. 73**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all documents and communications" regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP and the CarePath program and any withMe programs.

15

JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "Archbow" and "Janssen" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as duplicative of Request Nos. 20, 41, 42 and 68.

Subject to the foregoing objections, to the extent that documents responsive to this Request are also responsive to prior Requests for Production, JJHCS has already agreed to produce those documents from the relevant Time Period, subject to JJHCS's prior objections.  JJHCS will update its production of responsive, non-privileged documents to those Requests pursuant to the Court's November 7, 2023 Order.  (*See* Dkt. No. 173.)  Otherwise, JJHCS will not search for or produce documents or communications responsive to this Request.

**Request No. 74**

███████████████████████████████████████████████████████

**Response to Request No. 74**

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all documents and communications" regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to the extent that it seeks information unrelated to SaveOnSP and unrelated to the CarePath program and any withMe

programs.  JJHCS further objects to this Request to the extent it seeks information that is exempt

from discovery and protected from disclosure by any privilege.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it uses the terms "JJHCS," "Janssen," and "Archbow" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.  JJHCS further

objects to this Request as duplicative of Request Nos. 29 and 41.  JJHCS also objects to this

Request to the extent that it seeks documents that the Court specifically declined to order JJHCS

to produce on March 17 and October 30, 2023.

JJHCS will not search for or produce documents or communications responsive to this

Request.

**Request No. 75**

████████████████████████████████████████████████████████
████████████████████████████████████████

**Response to Request No. 75**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all documents and communications" regarding a broad

subject matter.  JJHCS further objects to this Request to the extent it seeks information that is

exempt from discovery and protected from disclosure by any privilege, including without

limitation the attorney-client privilege, the work-product doctrine, the joint defense privilege, the

common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure,

the Local Rules of the Court, and relevant case law.  JJHCS further objects to this Request as

17

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it uses the terms "JJHCS" and "Archbow" for the reasons stated in JJHCS's

Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents

and communications in the possession of entities other than JJHCS.  JJHCS further objects to

this Request as duplicative of Request No. 8.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request No. 8.  To the extent that documents responsive to this Request are also responsive to

prior Requests for Production, JJHCS has already agreed to produce those documents from the

relevant Time Period, subject to JJHCS's prior objections and those objections presented here.

JJHCS will update its production pursuant to the Court's November 7, 2023 Order.  (*See* Dkt.

No. 173.)  Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

**Request No. 76**

All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one
hand, and JJHCS or any Hub Entity, on the other hand.

**Response to Request No. 76**

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents sufficient to show "all" recordings regarding a broad subject matter.  JJHCS

further objects to this Request to the extent it seeks information that is exempt from discovery

and protected from disclosure by any privilege.  JJHCS further objects to this Request as unduly

burdensome because it requires JJHCS to identify recordings of calls without the benefit of

identifying information—specifically, all names (including the many pseudonyms and false

claims of affiliation with various health plans, insurance companies and pharmacies made by
SaveOnSP) and phone numbers used by SaveOnSP employees who called JJHCS and its
affiliates—that SaveOnSP has not provided.  JJHCS further objects to this Request to the extent
it uses the terms "JJHCS" and "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections
to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and
communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents or communications responsive to this
Request.

Dated: December 18, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.     JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.       JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.       JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.       JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.       JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.       JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.       JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.     JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.     JJHCS objects to the definition of the term "Archbow" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Archbow." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already

3

been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Archbow.

2. JJHCS objects to the definition of the term "Avalere" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Avalere." JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS or documents that have already been produced in response to discovery requests made by SaveOnSP to other entities, including but not limited to Avalere.

3. JJHCS objects to the definition of the term "Benefits Investigation" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition on the grounds that the phrase "receives information regarding the pharmacy benefits provided by a health plan" is vague and ambiguous; JJHCS construes this phrase in the context of this case to refer to information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service. JJHCS further objects to the definition as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it encompasses instances in which JJHCS may receive "information regarding the pharmacy benefits provided by a health plan" for purposes other than establishing whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service.

4

4.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

5.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

6.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals,

Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research &

Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion

Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development

LLC.

7.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and

as irrelevant to the extent it purports to include entities other than those responsible for

administering CarePath during the relevant Time Period.  JJHCS further objects to the

definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it includes "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants and all persons or entities acting or purporting to

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

8.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6

9. JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1. JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 77

All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network, American Chronic Pain Association, American College of Rheumatology, American Diabetes Association, American Kidney Fund, American Lung Association, American Society of Clinical Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's & Colitis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association, COPD Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV + Hepatitis Policy Institute, Immune Deficiency Foundation, International Myeloma Foundation, Leukemia & Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus Foundation of America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's Health Network, Multiple Sclerosis Association of America, Nashville CARES, National Alopecia Areata Foundation, National Multiple Sclerosis Association of America, National Multiple Sclerosis Society, National Oncology State Network, National Organization of Rare Disorders, National Psoriasis Foundation, Prevent Blindness, Pulmonary Hypertension Association, Rheumatology Research Foundation, Scleroderma Foundation, Stand Up To

7

Cancer, Susan G. Komen, The ALS Association, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and ZERO Prostate Cancer).

**Response to Request No. 77**

      In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP and communications with multiple entities whose relevance has not been established. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this request as duplicative of Request Nos. 8, 20, and 21, and JJHCS incorporates by reference its response to those Requests.

      To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents."

*See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Subject to prior objections and those

presented here, JJHCS has or will update its production of any documents responsive to Request

Nos. 8 and 20 pursuant to the Court's November 7, 2023 Order.  *See* Dkt. No. 173.  Otherwise,

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 78**

All Documents and Communications regarding efforts by JJHCS to work with, inform,
sponsor, or influence pharmaceutical industry associations or groups regarding those
organizations' public statements, patient outreach, or lobbying in any form about Copay
Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but
not limited to Biotechnology Innovation Organization, Pharmaceutical Care Management
Association, and Pharmaceutical Research and Manufacturers of America).

**Response to Request No. 78**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS objects to

this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents

and communications unrelated to SaveOnSP and communications with multiple entities whose

relevance has not been established.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons

stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks

documents and communications outside of the relevant Time Period.  JJHCS further objects to

this request as duplicative of Request Nos. 8, 20, and 21, and JJHCS incorporates by reference its

response to those Requests.

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period."  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents.  To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents." *See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Subject to prior objections and those presented here, JJHCS has or will update its production of any documents responsive to Request Nos. 8 and 20 pursuant to the Court's November 7, 2023 Order.  *See* Dkt. No. 173.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 79**

All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug.

**Response to Request No. 79**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to the extent it seeks information unrelated to the claims and defenses in this Action, including information related to the calculation of Best Price for each Janssen Drug.  Issues related to "Best Price" are completely irrelevant to this action.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to

10

this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "Janssen Drug" and "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it is duplicative of Request No. 28, and JJHCS incorporates by reference its response to that Request and its subsequent representations regarding that Request.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 80**

A copy of each final contract executed between JJHCS and TrialCard regarding CarePath, including without limitation any final work order.

**Response to Request No. 80**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "TrialCard" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP or copay assistance provided through the CarePath program.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

11

Subject to the foregoing objections, JJHCS will produce non-privileged final contracts between JJHCS and TrialCard from the Time Period concerning copay assistance provided through the CarePath program, to the extent that such contracts exist, are in JJHCS's possession, and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 81

All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

## Response to Request No. 81

In addition to the foregoing general objections, JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications that are exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and "TrialCard" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks non-final, draft contracts that were never adopted or that do not concern Copay Assistance or SaveOnSP.  JJHCS further objects to this Request as duplicative of Request No. 80.

JJHCS will not search for or produce documents or communications responsive to this

Request.

### Request No. 82

All Documents and Communications between JJHCS and Avalere regarding CarePath or Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators, and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to medication, and (4) reevaluating or changing Copay Assistance Programs based on expected changes to the Best Price Rule.

### Response to Request No. 82

In addition to the foregoing general objections, JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request as irrelevant to any claim or defense in this Action insofar as it seeks

information related to patient satisfaction with copay assistance programs (including copay

assistance programs not at issue in this Action), the impact of copay assistance programs on

patient adherence to medication, and purported changes to CarePath's copay assistance program

based on expected changes to the Best Price Rule.  JJHCS further objects to this Request as

irrelevant to the extent that it seeks documents and communications between JJHCS and Avalere

that are unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks

documents and communications that are exempt from discovery and protected from disclosure

by any privilege.  JJHCS further objects to this Request as overbroad, unduly burdensome, and

not proportional to the needs of the case to the extent it seeks documents outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it uses the terms "JJHCS" and

"Avalere" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to

13

this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

Dated: January 29, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.    JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.     JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.     JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.     JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.     JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.     JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.     JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants whose documents and communications may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, … agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc.; Ortho Biotech Products LP; McNeil Pharmaceutical; Ortho-McNeil Pharmaceutical, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Scios Inc.; Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; Janssen Pharmaceuticals, Inc.; Janssen Products, LP; Actelion Pharmaceuticals U.S., Inc.; Janssen BioPharma LLC; and Janssen Research & Development LLC.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after

November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 83

All Documents and Communications cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 15, 18, 27, 63, 66, 69-74, 97, 116, 118, 143.

### Response to Request No. 83

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS, including documents and communications already produced by SaveOn.  JJHCS further objects to this Request to the extent it seeks publicly available documents or communications for which JJHCS's proposed Amended Complaint already includes citations and are already accessible to SaveOn. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.

Subject to the foregoing objections, JJHCS responds that, other than documents or communications for which the proposed Amended Complaint already includes citations, the documents and communications cited, quoted, or referenced in the proposed Amended Complaint are documents that have already been produced in this litigation by SaveOnSP or third parties.  A list of those documents is attached as Appendix A.  JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 84**

All Documents and Communications concerning any individual cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 20-22, 97, 102, 104, 107, 110, 138-142, 145-146, 149. This includes without limitation any records of discussions between such individuals and JJHCS's counsel.

**Response to Request No. 84**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks "any records of discussions between … individuals and JJHCS's counsel," as such records are exempted from discovery and protected from disclosure by the work product doctrine, the attorney-client privilege, and/or other applicable privileges and protections. JJHCS further objects to this Request to the extent it seeks any other information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.

Subject to the foregoing objections, JJHCS refers SaveOn to the attached Appendix A. JJHCS will not otherwise search for or produce documents responsive to this request.

**Request No. 85**

████████████████████████████████

**Response to Request No. 85**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request because it mischaracterizes the documents it cites, none of which mention maximizers or SaveOnSP.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of other entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession relating to JJHCS's lack of control over commercial health plans' use of SaveOnSP, to the extent such documents and communications exist and can be located after a reasonable search of JJHCS's existing custodial collections.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 86**

All Documents and Communications regarding all proposed and enacted federal rules and regulations cited, quoted, or referenced in the proposed Amended Complaint, Dkt. 219, including any rules proposed or enacted pursuant to the ACA.

**Response to Request No. 86**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of other entities other than JJHCS.   JJHCS further objects to this Request on the ground that the Court has already ruled that compliance with government regulations is irrelevant to any claim or defense in this Action.  *See* Mar. 17, 2023 Hearing Tr. at 23:1-3.  JJHCS further objects to this Request on the ground that SaveOnSP has previously argued that compliance with statutes is "completely tangential" to this Action.  *See id.* at 20:16; *see also* Dkt. No. 66 at 7-8.  SaveOnSP is judicially estopped from arguing otherwise here.  JJHCS further objects to this Request as premature, as the Court has not yet ruled on JJHCS's motion seeking leave to file the proposed Amended Complaint.  JJHCS further objects to this Request to the extent it is duplicative of Request No. 14, and JJHCS incorporates by reference its response to that Request.

To the extent this Request is duplicative of Request No. 14, JJHCS has already agreed to produce and has produced, subject to prior objections, non-privileged documents relating to JJHCS's understanding of commercial health plans' ability to designate specialty drugs.  To the extent this Request is not duplicative of Request No. 14, any documents or communications that are responsive to this Request and relate to SaveOnSP will have already been captured by the custodial productions that JJHCS has already agreed to produce, subject to prior objections. JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 87**

All Documents and Communications regarding communications by JJHCS or its counsel with members of SaveOnSP-advised health plans or with representatives of health plan sponsors regarding SaveOnSP, including but not limited to communications with the individuals referenced in JJHCS's February 16, 2024 Letter from H. Sandick to A. Dunlap. This includes without limitation any notes or records of communications with such members with JJHCS's counsel.

**Response to Request No. 87**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks any documents or communications regarding communications by JJHCS's counsel, as such documents and communications are exempted from discovery and protected from disclosure by the work product doctrine, the attorney-client privilege, and/or other applicable privileges and protections. JJHCS further objects to this Request to the extent it seeks any other information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request on the ground that the phrase "representative of health plan sponsors" is vague and ambiguous. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request as seeking information beyond the scope of the Court's April 27, 2023 order, which provided that "JJHCS may contact any health plan or patient" without any restraint and required that JJHCS only "keep SaveOnSP regularly apprised of the volume of outreach it has made to patients and health plans." Dkt. No. 102 at 2. JJHCS

further objects to this request as duplicative of Request No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of more than twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  In addition, SaveOnSP has also already received from TrialCard nearly 20,000 patient call notes, as well as the results of more than 3,900 Benefits Investigations that TrialCard conducted.  *See* Feb. 16, 2024 Letter from K. Brisson to H. Miles at 1.  JJHCS will not otherwise search for or produce documents responsive to this Request.

### Request No. 88

All Documents and Communications regarding any methods that JJHCS used to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

### Response to Request No. 88

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated

in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5.  ███████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents responsive to this Request.

## Request No. 89

All Documents and Communications regarding any methods that JJHCS considered using to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

## Response to Request No. 89

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5. ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent that this Request seeks documents and communications regarding methods that JJHCS only considered using, it is barred by Judge Wolfson's rulings that "[w]hat matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred," Feb. 6, 2024 Order, Dkt. No. 192, at 19, and that "Defendant does not

require communications as to why Plaintiff or J&J did not make certain decisions or vice versa; rather, it will need evidence as to actual changes that occurred," Apr. 25, 2024 Order, Dkt. No. 264, at 5. To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations. *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3. JJHCS will not otherwise search for or produce documents responsive to this Request.

## Request No. 90

All Documents and Communications regarding any steps that JJHCS took regarding copay assistance payments to CarePath patients that JJHCS identified or suspected as being on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

## Response to Request No. 90

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the

13

relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians.  *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5. ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████  To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents.  *See* May 24, 2024 Letter from J. Long to E. Snow at 2.  To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024 Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents responsive to this Request.

**Request No. 91**

All Documents and Communications regarding any steps that JJHCS considered taking regarding copay assistance payments to CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

**Response to Request No. 91**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.

JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this request as duplicative of Requests No. 8, and JJHCS incorporates by reference its response to that Request.

To the extent documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections and the Court's orders, "non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period" and has agreed to run SaveOnSP related search terms over the files of twenty-five custodians. *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents; *see also* Mar. 1, 2024 Letter from J. Long to E. Snow at 5. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ To the extent that non-privileged, responsive "enforcement" policies exist, JJHCS has produced them, and JJHCS has offered to run additional search terms to identify further "enforcement" documents. *See* May 24, 2024 Letter from J. Long to E. Snow at 2. To the extent that this Request seeks documents and communications regarding methods that JJHCS only considered using, it is barred by Judge Wolfson's rulings that "[w]hat matters for purposes of liability and damages are not the changes that Plaintiff contemplated implementing, but actual changes that occurred," Feb. 6, 2024 Order, Dkt. No. 192, at 19, and that "Defendant does not require communications as to why Plaintiff or J&J did not make certain decisions or vice versa; rather, it will need evidence as to actual changes that occurred," Apr. 25, 2024 Order, Dkt. No. 264, at 5. To the extent this Request seeks documents and communications related to CAP (or predecessor programs), JJHCS has already or will produce them, consistent with the terms of the

Court's February 6, 2024 Order and the parties' subsequent negotiations.  *See, e.g.*, Apr. 9, 2024

Letter from I. Eppler to E. Snow at 3.  JJHCS will not otherwise search for or produce documents

responsive to this Request.

Dated: June 10, 2024

                        SILLS CUMMIS & GROSS P.C.
                        One Riverfront Plaza
                        Newark, New Jersey 07102
                        (973) 643-7000

                        By:    /s/Jeffrey J. Greenbaum
                                  JEFFREY J. GREENBAUM
                                  KATHERINE M. LIEB

                        PATTERSON BELKNAP WEBB & TYLER LLP
                        Adeel A. Mangi
                        Harry Sandick (admitted *pro hac vice*)
                        George LoBiondo
                        1133 Avenue of the Americas
                        New York, New York 10036
                        (212) 336-2000

                        *Attorneys for Plaintiff*
                        *Johnson & Johnson Health Care Systems Inc.*

## APPENDIX A

ACCREDO00006273
ACCREDO00011834
ACCREDO00019957
ACCREDO00019968
ACCREDO00022446
ACCREDO00022995
MIGH000014
SOSP_0000061
SOSP_0014806
SOSP_0029085
SOSP_0029592
SOSP_0053837
SOSP_0054166
SOSP_0058302
SOSP_0059982
SOSP_0076294
SOSP_0076301
SOSP_0076310
SOSP_0079867
SOSP_0079870
SOSP_0081786
SOSP_0086094
SOSP_0089579
SOSP_0091898
SOSP_0122928
SOSP_0157104
SOSP_0157125
SOSP_0162987
SOSP_0261653
SOSP_0261654
SOSP_0262295
SOSP_0272882
SOSP_0274561
SOSP_0307960
SOSP_0315578
SOSP_0315944
SOSP_0317739
SOSP_0325550
SOSP_0326508

SOSP_0331032
SOSP_0352545
SOSP_0353410
SOSP_0387608
SOSP_0391775
SOSP_0407317
SOSP_0408779
SOSP_0409971
SOSP_0423114
SOSP_0445843
SOSP_0450576
SOSP_0472221
SOSP_0508643
SOSP_0511419
SOSP_0515649
SOSP_0521309
SOSP_0550070
SOSP_0556254
SOSP_0556256
SOSP_0557687
SOSP_0558495
SOSP_0587225
SOSP_0587229
SOSP_0591965
SOSP_0598389
SOSP_0607845
SOSP_0612757
SOSP_0615916
SOSP_0676161
SOSP_0676710
SOSP_0677260
SOSP_0684967
SOSP_0685449
SOSP_0685665
SOSP_0685667
SOSP_0694247
SOSP_0695753
SOSP_0703265
SOSP_0707729
SOSP_0721377
SOSP_0737745

SOSP_0741907
SOSP_0757654
SOSP_0759120
SOSP_0759420
SOSP_0759749
SOSP_0767749
SOSP_0774805
SOSP_0794313
SOSP_0813540
SOSP_0814054
SOSP_0828860
SOSP_0851109
SOSP_0854270
SOSP_0854367
SOSP_0857490
SOSP_0859169
SOSP_0859572
SOSP_0861633
SOSP_0871091
SOSP_0877166
SOSP_0878913
SOSP_0880855
SOSP_0880859
SOSP_0880861
SOSP_0880865
SOSP_0880868
SOSP_0880870
SOSP_0880873
SOSP_0884139
SOSP_0932805
SOSP_0932823
SOSP_0934905
SOSP_0939207
SOSP_0940041
SOSP_0942726
SOSP_0943232
SOSP_0944308
SOSP_0944587
SOSP_1028357
SOSP_1032705
SOSP_1034736

SOSP_1038106
SOSP_1040397
SOSP_1045896
SOSP_1049360
SOSP_1052472
SOSP_1053908
SOSP_1068121
SOSP_1069471
SOSP_1069472
SOSP_1095525
SOSP_1114963
SOSP_1116056
TRIALCARD_00008915
TRIALCARD_00008916
TRIALCARD_00008917
TRIALCARD_00008918
TRIALCARD_00008919
TRIALCARD_00008920
TRIALCARD_00008921
TRIALCARD_00008922
TRIALCARD_00008923
TRIALCARD_00008924
TRIALCARD_00008925
TRIALCARD_00008926
TRIALCARD_00008927
TRIALCARD_00008928
TRIALCARD_00008929
TRIALCARD_00008930

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care*
*Systems Inc.*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond

or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of

the Court, the Court's orders, the discovery schedule entered in this Action, or any other

applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of

documents or things that are equally available to or already in SaveOnSP's possession, custody,

or control.  To the extent that JJHCS agrees in these responses to produce certain documents,

information, or things, these responses shall not be construed as conceding that the documents,

information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead,

it means that JJHCS will perform a reasonable search for documents in its possession and produce

such documents, information, or things to the extent any responsive documents, information, or

things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or

information that is obtainable from sources other than JJHCS in a manner that is more convenient,

less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of

documents, records, tangible things, or other materials to the extent that such disclosure would

violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in

providing a response.  JJHCS responds to the Requests as it interprets and understands each

Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.      JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.      JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.      JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" documents where a subset of documents would be sufficient to provide the relevant information.

13.      JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to the definition of the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities" or purports to include entities and persons acting or purporting to act on

3

behalf of or under the control of entities other than JJHCS, including Janssen Biotech, Inc.,

Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys and accountants whose documents and communications may be outside of

JJHCS's possession, custody, and control.  JJHCS further objects to the definition of the term as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

purports to include "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants, and all persons or entities" or purports to include

entities and persons acting or purporting to act on behalf of or under the control of entities other

than JJHCS, including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical,

Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc.,

Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen

Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen

BioPharma LLC, Janssen Research & Development LLC, and TrialCard.  JJHCS further objects

to this definition of "JJHCS" to the extent it purports to include "TrialCard and any other vendor

over whom JJHCS has legal contract of documents."

3.      JJHCS objects to the definition of the term "CarePath" to the extent the term is

used to seek documents and communications in the possession of entities other than JJHCS.

JJHCS further objects to this definition to the extent that the definition of the term "CarePath" to

the extent it purports to include the term "Janssen" for the reasons stated in JJHCS's Objections

to Definitions.

4

4.      JJHCS objects to the definition of the term "Lash Group" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition of the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."

5.      JJHCS objects to the inclusion of the term "TrialCard" to the extent that neither Request No. 92 nor Request No. 93 references it.  JJHCS further objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023.  Unless otherwise noted, JJHCS will only provide documents from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 92**

All final Master Service Agreements (MSAs) with third parties involved the [sic] administration, management, design, and marketing of CarePath, including



**Response to Request No. 92**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to SaveOnSP and

co-pay assistance provided through the CarePath program and Master Service Agreements with multiple entities whose relevance has not been established. To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

JJHCS further objects to this Request to the extent it uses the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it uses the term "Lash Group" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request on the ground that the phrase "third parties involved the [sic] administration, management, design, and marketing of CarePath" is vague and ambiguous. JJHCS further objects to this Request to the extent that "third parties involved the [sic] administration, management, design, and marketing of CarePath" mischaracterizes the role, if any, of the entities listed in Requests Nos. 92(a)-(gg). JJHCS further objects to this Request to the extent that the terms listed in Request Nos. 92(a)-(gg) are vague, ambiguous, or incorrect.

Subject to the foregoing objections, and based on its investigation conducted to date, JJHCS will produce non-privileged final Master Service Agreements between JJHCS and the entities set forth in Request Nos. 92(a)-(f), 92(j), 92(v), and 92(bb) from the Time Period

concerning co-pay assistance provided through the CarePath program, to the extent that such documents exist, are in JJHCS's possession, can be located after a reasonable search, and have not already been produced.

Subject to the foregoing objections, and based on its investigation conducted to date, as to Request No. 92(x), JJHCS will produce non-privileged final Master Service Agreements relating to business consulting between JJHCS and ████████████ from the Time Period concerning co-pay assistance provided through the CarePath program, to the extent that such documents exist, are in JJHCS's possession, can be located after a reasonable search, and have not already been produced. JJHCS otherwise objects to Request No. 92(x) to the extent it seeks premature expert discovery prior to the schedule set in the Case Management Order, or documents or information protected from disclosure by Federal Rules of Civil Procedure 26(b)(3)(A), 26(b)(3)(B), 26(b)(4)(B), 26(b)(4)(C) or 26(b)(4)(D). JJHCS will not otherwise search for or produce documents responsive to Request Nos. 92(x).

JJHCS objects to Request Nos. 92(y) and 92(gg) because they seek premature expert discovery prior to the schedule set in the Case Management Order, or documents or information protected from disclosure by Federal Rules of Civil Procedure 26(b)(3)(A), 26(b)(3)(B), 26(b)(4)(B), 26(b)(4)(C) or 26(b)(4)(D). The ███████████████████ have been retained as experts in this matter by counsel for JJHCS. JJHCS will not search for or produce documents responsive to Request Nos. 92(y) and 92(gg).

JJHCS objects to Request Nos. 92(g)-(i); 92(k)-(u), 92(w), 92(z), 92(aa), 92(cc)-(ff) as irrelevant to any claim or defense in this Action because they seek information unrelated to SaveOnSP and this lawsuit. JJHCS will not search for or produce documents responsive to Request Nos. 92(g)-(i), 92(k)-(u), 92(w), 92(z), 92(aa), 92(cc)-(ff).

### Request No. 93

Documents sufficient to show all final contracts, including Work Orders (WOs), Statements of Work (SOWs), and Change Orders (COs), with third parties involved the [sic] administration, management, design, and marketing of CarePath, including



### Response to Request No. 93

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to SaveOnSP and co-pay assistance provided through the CarePath program and final contracts, including Work

Orders (WOs), Statements of Work (SOWs), and Change Orders (COs), with multiple entities whose relevance has not been established. To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

JJHCS further objects to this Request to the extent it uses the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it uses the term "Lash Group" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request on the ground that the phrase "third parties involved the [sic] administration, management, design, and marketing of CarePath" is vague and ambiguous. JJHCS further objects to this Request to the extent that "third parties involved the [sic] administration, management, design, and marketing of CarePath" mischaracterizes the role, if any, of the entities listed in Requests Nos. 93(a)-(gg). JJHCS further objects to this Request on the ground that each of the terms listed in Request Nos. 93(a), Request Nos. 93(c)-(gg) is vague and ambiguous.

Subject to the foregoing objections, and based on its investigation conducted to date, JJHCS will produce non-privileged documents sufficient to show final contracts between JJHCS and the entities set forth in Request Nos. 93(a)-(f), 93(j), 93(v), and 93(bb) from the Time Period

concerning co-pay assistance provided through the CarePath program, to the extent that such documents exist, are in JJHCS's possession, can be located after a reasonable search, and have not already been produced.

Subject to the foregoing objections, and based on its investigation conducted to date, as to Request No. 93(x), JJHCS will produce non-privileged final Master Service Agreements relating to business consulting between JJHCS and ██████████████ from the Time Period concerning co-pay assistance provided through the CarePath program, to the extent that such documents exist, are in JJHCS's possession, can be located after a reasonable search, and have not already been produced. JJHCS otherwise objects to Request No. 93(x) to the extent it seeks premature expert discovery prior to the schedule set in the Case Management Order, or documents or information protected from disclosure by Federal Rules of Civil Procedure 26(b)(3)(A), 26(b)(3)(B), 26(b)(4)(B), 26(b)(4)(C) or 26(b)(4)(D). JJHCS will not otherwise search for or produce documents responsive to Request No. 93(x).

JJHCS objects to Request Nos. 93(y) and 93(gg) because they seek premature expert discovery prior to the schedule set in the Case Management Order, or documents or information protected from disclosure by Federal Rules of Civil Procedure 26(b)(3)(A), 26(b)(3)(B), 26(b)(4)(B), 26(b)(4)(C) or 26(b)(4)(D). ███████████████████████████ have been retained as experts in this matter by counsel for JJHCS. JJHCS will not search for or produce documents responsive to Request Nos. 93(y) and 93(gg).

JJHCS objects to Request Nos. 93(g)-(i), 93(k)-(u), 93(w), 93(z), 93(aa), 93(cc)-(ff) as irrelevant to any claim or defense in this Action because they seek information unrelated to SaveOnSP and this lawsuit. JJHCS will not search for or produce documents responsive to Request Nos. 93(g)-(i), 93(k)-(u), 93(w), 93(z), 93(aa), 93(cc)-(ff).

11

Dated: July 1, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:   /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S NINTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Appeals Process" as vague and ambiguous and construes this term to refer to benefits investigations that TrialCard performed to determine whether patients were in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan.

2.      ████████████████████████████████████████
████████████████████████████████████████████

3.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS beyond

3

the scope of the Court's July 15, 2024 Letter Order. JJHCS further objects to the definition of

the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it purports to include "any and all predecessors and successors in interest, assignees,

parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors,

officers, employees, committees, attorneys, accountants, and all persons or entities" or purports

to include entities and persons acting or purporting to act on behalf of or under the control of

entities other than JJHCS, including Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen

Products, LP, or Actelion Pharmaceuticals U.S., Inc.

4.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys and accountants whose documents and communications may be outside of

JJHCS's possession, custody, and control. JJHCS further objects to the definition of the term as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

purports to include "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants, and all persons or entities" or purports to include

entities and persons acting or purporting to act on behalf of or under the control of entities other

than JJHCS, including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical,

Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc.,

Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen

Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen

BioPharma LLC, Janssen Research & Development LLC, and TrialCard. JJHCS further objects

to this definition of "JJHCS" to the extent it purports to include "TrialCard and any other vendor

over whom JJHCS has legal contract of documents."

4

5.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "CarePath" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this definition to the extent that the definition of the term "CarePath" to the extent it purports to include the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions.

7.      JJHCS objects to the definition of the term "Lash Group" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition of the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."

8.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 94

Documents sufficient to show business plans reflecting the total Co-Pay Spend, both anticipated and actual, for each Janssen Drug.

### Response to Request No. 94

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any drug manufactured or sold by Janssen that is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to this Request to the extent it uses the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request as duplicative of Requests Nos. 28(k), (m) and 29(a)–(c), and JJHCS incorporates by reference its responses to those Requests.  JJHCS further objects to the

Request to the extent it seeks financial documents that the Court, in its February 6, 2024 and April 25, 2024 orders, has ruled are outside the scope of discovery in this case.  *See* Dkt. No 264 at 3–9; Dkt. No. 192 at 15–24.

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██  ███████████  *see also* July 24, 2023 Ltr. From H. Sandick to A. Dunlap at 2, 5.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 95

All Documents and Communications regarding any expenses incurred by JJHCS to mitigate any purported harm caused by SaveOnSP to JJHCS, including the expenditures of resources to identify members of plans advised by SaveOnSP.

## Response to Request No. 95

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege.  JJHCS further objects to this Request to the extent it uses the term "JJHCS" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession from the Time Period sufficient to show the expenses incurred by JJHCS to identify patients enrolled in the SaveOnSP Program, to the extent such documents exist and can be located after a reasonable search.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 96**

All Documents and Communications regarding setting $9,100 as the maximum benefit for Copay Assistance for any Janssen Drug, including any decision to not publish that maximum benefit publicly.

**Response to Request No. 96**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any drug manufactured or sold by Janssen that is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as duplicative of Requests Nos. 29(a) and 31, and JJHCS incorporates by reference its responses to those Requests.

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████ JJHCS has also already agreed to search Savaria Harris's and Jennifer De Camara's communications with third parties, from January 1, 2021 through November 7, 2023, for documents hitting on the search term ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR (OOP) OR (out-of-pocket)) AND (Stelara OR Tremfya). *See* Mar. 1, 2024 Ltr. from J. Long to E. Snow at 3–4. And JJHCS has already produced an extensive amount of documents relating to the CAP program from its agreed-upon custodians, including responsive, non-privileged documents hitting on the term (STELARA* OR TREMFYA* OR

CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate), among several other search terms.  Subject to the foregoing objections, JJHCS is willing to meet and confer on a narrow supplemental search that targets documents and communications responsive to this Request, but JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 97**

All Documents and Communications regarding the Appeals Process.

**Response to Request No. 97**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "Appeals Process" for the reasons stated in JJHCS's Objections to Definitions.  As stated therein, JJHCS will construe that term as referring to the benefits investigations that TrialCard performed to determine whether patients were in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan.  JJHCS further objects to this Request as duplicative of Requests Nos. 58 and 59, and JJHCS incorporates by reference its responses to those Requests.

SaveOnSP has already received from TrialCard the results of over 4,800 benefits investigations that TrialCard performed to determine whether patients were in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan.  To the extent this Request seeks other documents and communications related to the identification of patients, through the CAP program,

9

as being in any such plan, JJHCS has already produced an extensive amount of documents relating to the CAP program from its agreed-upon custodians, including responsive, non-privileged documents hitting on the search term ("CAPa" OR "CAPm" OR "adjustment program") AND (SaveOnSP OR SaveOn OR "SaveOn SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*), among several other search terms. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

Dated: July 22, 2024

          SILLS CUMMIS & GROSS P.C.
          One Riverfront Plaza
          Newark, New Jersey 07102
          (973) 643-7000

          By:    /s/Jeffrey J. Greenbaum
                 JEFFREY J. GREENBAUM
                 KATHERINE M. LIEB

          PATTERSON BELKNAP WEBB & TYLER LLP
          Adeel A. Mangi
          Harry Sandick (admitted *pro hac vice*)
          George LoBiondo
          1133 Avenue of the Americas
          New York, New York 10036
          (212) 336-2000

          *Attorneys for Plaintiff*
          *Johnson & Johnson Health Care Systems Inc.*

*DRAFT*
PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S TENTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.     JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.     JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek documents or information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.     JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.    JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.    JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.    JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" documents where a subset of documents would be sufficient to provide the relevant information.

13.    JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

**OBJECTIONS TO DEFINITIONS**

1.     JJHCS objects to the definition of the term "Appeals Process" as vague and ambiguous and construes this term to refer to benefits investigations that TrialCard performed to determine whether patients were in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan.

2.     JJHCS objects to the definition of "Co-Pay Spend" to the extent the definition of that term purports to characterize the meaning of "Co-Pay Spend" as used in JJHCS_00230997.

3.     JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS beyond

3

the scope of the Court's July 15, 2024 Letter Order.  JJHCS further objects to the definition of

the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it purports to include "any and all predecessors and successors in interest, assignees,

parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors,

officers, employees, committees, attorneys, accountants, and all persons or entities" or purports

to include entities and persons acting or purporting to act on behalf of or under the control of

entities other than JJHCS, including Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen

Products, LP, or Actelion Pharmaceuticals U.S., Inc.

4.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to

include attorneys and accountants whose documents and communications may be outside of

JJHCS's possession, custody, and control.  JJHCS further objects to the definition of the term as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

purports to include "any and all predecessors and successors in interest, assignees, parents,

subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers,

employees, committees, attorneys, accountants, and all persons or entities" or purports to include

entities and persons acting or purporting to act on behalf of or under the control of entities other

than JJHCS, including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical,

Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc.,

Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen

Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen

BioPharma LLC, Janssen Research & Development LLC, and TrialCard.  JJHCS further objects

to this definition of "JJHCS" to the extent it purports to include "TrialCard . . . and any other

entity to the extent that any J&J entity has legal control over [their] documents."

4

5.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "CarePath" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this definition to the extent that the definition of the term "CarePath" to the extent it purports to include the term "Janssen" for the reasons stated in JJHCS's Objections to Definitions.

7.      JJHCS objects to the definition of the term "Lash Group" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition of the term as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."

5

8.      JJHCS objects to the definition of the term "Patient" to the extent that it purports to include the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this definition to the extent it purports to include the term "Janssen Drug," a term that is not defined in SaveOnSP's Definitions.

9.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from after November 7, 2023.  Unless otherwise noted, JJHCS will only provide information from April 1, 2016 through November 7, 2023 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 98**

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████.

**Response to Request No. 98**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this

6

Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege, including, but not limited to, the First Amendment privilege, the attorney-client privilege, and the work-product doctrine. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP. JJHCS further objects to this Request to the extent that it calls for documents and communications in the possession of non-JJHCS entities in the Johnson & Johnson family of companies and are not within the scope of the Court's July 15, 2024 Letter Order. JJHCS further objects to this Request, which calls for documents and communications regarding a working group that existed to oversee advocacy and lobbying efforts related to copay assistance diversion programs, as duplicative of Request Nos. 8, 20, 21, 77, and 78, and JJHCS incorporates by reference its responses to those Requests.

To the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already produced or agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. To the extent that documents responsive to this Request are also responsive to Request No. 20, JJHCS has already produced or agreed to produce, subject to prior objections, "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents." *See* Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 99**

███████████████████████████████████████████████████

█████████████████████████████

**Response to Request No. 99**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications regarding other accumulators unrelated to SaveOnSP. JJHCS further objects to this Request to the extent that it calls for documents and communications in the possession of non-JJHCS entities in the Johnson & Johnson family of companies and are not within the scope of the Court's July 15, 2024 Letter Order.

Subject to the foregoing objections, and to the extent that documents responsive to this Request are also responsive to Request No. 8, JJHCS has already produced or agreed to produce, subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." *See* JJHCS's Responses and Objections to Defendant's First Request for Production of Documents. ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████ JJHCS will not search for or produce additional documents responsive to this Request.

**Request No. 100**

Documents sufficient to show when and how JJHCS came to understand that the May-Not-Use Provision purportedly bars patients on Accumulators, Maximizers, or SaveOnSP-advised plans from participating in CarePath.

**Response to Request No. 100**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent that it is duplicative of Request Nos. 8, 12, 51, and 54, and JJHCS incorporates by reference its responses to those Requests.

JJHCS "already has produced non-privileged, responsive documents concerning the '[m]eaning' of the 'May-Not-Use Provision' for the period April 1, 2016 to November 7, 2023" and "will produce documents reflecting the 'drafting' or 'meaning' of the 'May-Not-Use Provision'" for the period from January 1, 2009 to April 1, 2016, "subject to the parties' agreement on appropriate search parameters." *See* June 14, 2024 Ltr. from J. Long to E. Snow at 1. Additionally, JJHCS has already agreed to produce, in response to SaveOnSP's Request No. 8 and subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period." Accordingly, JJHCS will not search for or produce additional documents and communications responsive to this Request.

**Request No. 101**

All Documents and Communications from before January 1, 2022 which reflect JJHCS's alleged understanding that the May-Not-Use Provision bars patients on Accumulators,

Maximizers, or SaveOnSP-advised plans from participating in CarePath.

**Response to Request No. 101**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications unrelated to SaveOnSP.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege. JJHCS further objects to this Request to the extent it uses the term "CarePath" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent that it is duplicative of Request Nos. 8, 12, 51, and 54, and JJHCS incorporates by reference its responses to those Requests.

JJHCS "already has produced non-privileged, responsive documents concerning the '[m]eaning' of the 'May-Not-Use Provision' for the period April 1, 2016 to November 7, 2023" and "will produce documents reflecting the 'drafting' or 'meaning' of the 'May-Not-Use Provision'" for the period from January 1, 2009 to April 1, 2016, "subject to the parties' agreement on appropriate search parameters."  *See* June 14, 2024 Ltr. from J. Long to E. Snow at 1. Additionally, JJHCS has already agreed to produce, in response to SaveOnSP's Request No. 8 and subject to prior objections, "all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period."  Accordingly, JJHCS will not search for or produce documents and communications responsive to this Request.

Dated: July 31, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:      /s/Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM
KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

11

# Exhibit 2

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Thursday, July 18, 2024 4:21 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Mangi, Adeel A. (x2563)
<aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Chefitz, Jacob (x2474)
<jchefitz@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah
Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M.
<SGalli@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Matt,

Thanks again for your email on Friday.  We still haven't heard back from you on the enclosed letters
—despite SaveOnSP sending JJHCS scores of offensive letters in the same period, including four
yesterday alone.  We understand that SaveOnSP will respond to our June 21 and June 25 letters this
week, and look forward to conferring promptly on any remaining disputes between the parties.

As you know, in our June 28 letter, among other issues, we requested that you add Leslie Kauffman
as a custodian based on her central role in SaveOnSP's efforts to evade detection by drug
manufacturers.  SaveOnSP has produced numerous documents demonstrating that Ms. Kauffman
was involved in (among other relevant subjects) monitoring changes to manufacturer terms and
conditions, providing instructions to member services representatives to avoid manufacturer
detection, and relaying information on these subjects to SaveOnSP's upper management.  The
documents that SaveOnSP has produced, moreover, make apparent that Ms. Kauffman's custodial
files contain important and responsive documents that have not been produced to us from other
custodians. ███████████████████████████



In an effort to reach agreement on this issue, and subject to agreement on appropriate search terms, JJHCS is prepared to add Joseph Incelli as a custodian, subject to SaveOnSP's agreement to add Leslie Kauffman as a document custodian.

Please let us know if SaveOnSP agrees to this proposal by July 23, 2024. If not, please provide your availability to confer on July 24 or 25, 2024.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Friday, July 12, 2024 6:45 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Matt,

Thanks for your email, and we look forward to receiving SaveOnSP's responses to our June 21 and

June 25 letters next week.  As you know, by then, both will be just shy of a month old.  Can you confirm when SaveOnSP will respond to the balance of our correspondence, including the June 28 letter enclosed here?

We also look forward to receiving SaveOnSP's forthcoming production of adherence data, which you represented would be in a "forthcoming production" on April 16.  Please let us know if SaveOnSP's intended production date slips further.  As to SaveOnSP's forthcoming Teams production, SaveOnSP "anticipated" that the entirety of its Teams production would "take about a month" on June 20, as part of the parties' agreement.  You now state that SaveOnSP is "in the process of preparing our first rolling Teams production."  When can we expect the balance?

Finally, we anticipate providing a narrowed proposal as to call recordings early next week.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Friday, July 12, 2024 6:07 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

🟨**External: Think before you click.**🟨

Julia,
Thank you for your email. We look forward to your responses to the letters we referenced.

SaveOn intends to produce the relevant adherence data next week and the Johnson and Leger documents by the end of this month. We are in the process of preparing our first rolling Teams production and will update you when we have more information on when we will be able to make that production.

SaveOn intends to respond to both J&J's June 21 letter, which requests an extension of the discovery period, ███████████████████████████████████████ ████████████████████ As to the remaining letters, SaveOn continues to investigate the issues raised and will respond when we have finished our investigations. Regarding call recordings, you stated that J&J would provide a narrowed proposal this week. *See* July 3, 2024 Email from I. Eppler to M. Nussbaum. Please let us know when you will provide that proposal. Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
------------------------------------------------
+1 212.390.9062  [O]
+1 856.534.8606  [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Thursday, July 11, 2024 6:11 PM
**To:** Hannah Miles <hmiles@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Hannah,

Thanks for your email.  As you know, we have already acknowledged receipt of four of these letters to let you know we are investigating the issues cited therein.  We will respond to those inquiries as promptly as feasible.  For the avoidance of doubt, we are also in receipt of your June 28 letter on TrialCard custodians, and anticipate responding to that letter on the same timeframe.

Can you confirm when your team will respond to the attached correspondence?  As you will see, most of these pre-date the letters cited in your email.  In addition, we'd appreciate if you could confirm when we'll hear back on the adherence data you referenced in an April 16 email; when we can expect your production of documents from Ms. Johnson's and Ms. Leger's emails; and when you

will commence your rolling productions of threaded Teams messages referenced in Meredith's June 21 email.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Thursday, July 11, 2024 5:10 PM
**To:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

⬛ **External: Think before you click.**

Counsel,

We requested responses to the attached letters regarding (1) J&J's withholding and redacting documents for relevance; (2) TrialCard's CAP custodians; (3) mitigation documents; and (4) Adam Fein search terms, by July 8. We requested a response to the attached letter regarding PAFA+ by July 3.

Please let us know when you intend to respond.

Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
-------------------------------------------------
+1 212.390.9055 [O]
+1 347.731.1404  [M]

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibit 3

**From:** Kevin Cryan
**Sent:** Thursday, August 15, 2024 11:27 AM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Robinson, Bonita (x2554) <brobinson@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // Production Deficiencies

Bonnie,

We understand J&J's position is that it will not add Joseph Incelli as a custodian unless SaveOn agrees to add Leslie Kauffman as a full custodian. For the reasons we have stated previously, SaveOn declines to add Kauffman as a full custodian. We understand, therefore, that J&J is refusing to add Incelli as a custodian and that the parties are at impasse on this issue. We're happy to discuss this issue further on our meet and confer this afternoon.

Best,
Kevin Cryan

**Kevin Cryan**
Law Clerk  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he/him/his
------------------------------------------------
+1 212.390.9373 [O]
+1 332.201.6763 [M]

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>

**Sent:** Thursday, August 8, 2024 6:11 PM
**To:** Robinson, Bonita (x2554) <brobinson@pbwt.com>; Mangi, Adeel A. (x2563)
<aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Eppler, Ian (x2205)
<ieppler@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-
SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Kevin
Cryan <kcryan@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M.
<SGalli@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // Production Deficiencies

Bonnie,

We are in receipt of the below correspondence and intend to respond next week.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
------------------------------------------
+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Robinson, Bonita (x2554) <brobinson@pbwt.com>
**Sent:** Monday, August 5, 2024 5:44 PM
**To:** Kevin Cryan <kcryan@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Eppler,
Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry
(x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara
(x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // Production Deficiencies

Kevin and Meredith,

Please see the attached letter.

Best,
Bonnie

**Bonita L. Robinson**
She | Her | Hers
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2554
brobinson@pbwt.com | www.pbwt.com

---

**From:** Kevin Cryan <kcryan@selendygay.com>
**Sent:** Thursday, August 1, 2024 9:59 PM
**To:** Robinson, Bonita (x2554) <brobinson@pbwt.com>; Meredith Nelson
<mnelson@selendygay.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563)
<aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008)
<globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878)
<jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>;
~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** Re: JJHCS v. SaveOnSP // Production Deficiencies

**External: Think before you click.**

Bonnie,

Please see the attached correspondence.

Best,
Kevin

**Kevin Cryan**
Law Clerk  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he/him/his
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
+1 212.390.9373  [O]
+1 332.201.6763  [M]

---

**From:** Robinson, Bonita (x2554) <brobinson@pbwt.com>
**Sent:** Thursday, July 25, 2024 3:57:15 PM
**To:** Meredith Nelson <mnelson@selendygay.com>; Kevin Cryan <kcryan@selendygay.com>; Eppler,

Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry
(x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara
(x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>

**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>

**Subject:** RE: JJHCS v. SaveOnSP // Production Deficiencies

Meredith,

Please see the attached correspondence.

Best,
Bonnie

**Bonita L. Robinson**
She | Her | Hers
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2554
brobinson@pbwt.com | www.pbwt.com

---

**From:** Meredith Nelson <mnelson@selendygay.com>
**Sent:** Friday, July 19, 2024 5:13 PM
**To:** Robinson, Bonita (x2554) <brobinson@pbwt.com>; Kevin Cryan <kcryan@selendygay.com>;
Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick,
Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow,
Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // Zulqarnain Call Recordings

▌**External: Think before you click.**▐

Counsel,

Please see the attached letter.

Regards,
Meredith

**Meredith Nelson**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
------------------------------------------------
+1 212.390.9069 [O]
+1 918.200.3148 [M]

---

**From:** Robinson, Bonita (x2554) <brobinson@pbwt.com>
**Sent:** Wednesday, July 17, 2024 6:08 PM
**To:** Kevin Cryan <kcryan@selendygay.com>; Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel
A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George
(x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878)
<jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>;
~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>;
Elizabeth Snow <esnow@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>;
Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // Zulqarnain Call Recordings

Counsel,

Please see the attached letter.

Best,
Bonnie

**Bonita L. Robinson**
She | Her | Hers
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY  10036
T: 212.336.2554
brobinson@pbwt.com | www.pbwt.com

---

**From:** Kevin Cryan <kcryan@selendygay.com>
**Sent:** Monday, July 15, 2024 5:05 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>;
Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>;
Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>;
Elizabeth Snow <esnow@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>;
Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // JJHCS's Thirteenth Set of RFPs

External: Think before you click.

Counsel,

Please find attached SaveOnSP's R&O's to JJHCS's 13th Set of Requests for Production. Please also see the attached correspondence.

Best,
Kevin Cryan

**Kevin Cryan**
Law Clerk  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he/him/his
--------------------------------------------------
+1 212.390.9373 [O]
+1 332.201.6763 [M]

---

**From:** Kevin Cryan
**Sent:** Tuesday, June 18, 2024 3:50 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // JJHCS's Thirteenth Set of RFPs

Ian,

Thank you for sending these re-numbered RFPs. SaveOn agrees that this scrivener's error does not affect SaveOn's timeline for serving R&Os.

Best,
Kevin

**Kevin Cryan**
Law Clerk  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he/him/his
--------------------------------------------------

+1 212.390.9373 [O]

+1 332.201.6763 [M]

---

**From:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Sent:** Monday, June 17, 2024 4:51 PM
**To:** Kevin Cryan <kcryan@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // JJHCS's Thirteenth Set of RFPs

Kevin,

Please find attached an updated copy of JJHCS's Thirteenth Set of RFPs.

Because JJHCS served its Thirteenth Set of RFPs on Friday, June 14, and this document is a non-substantive correction of a scrivener's error in JJHCS's Thirteenth Set of RFPs that was undertaken at the request of SaveOnSP, we expect that SaveOnSP will serve its Responses and Objections to JJHCS's Thirteenth Set of RFPs by Monday, July 15. *See* Fed. R. Civ. P. 34(b)(2)(A).

Best,
Ian

---

**From:** Kevin Cryan <kcryan@selendygay.com>
**Sent:** Monday, June 17, 2024 3:44 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP // JJHCS's Thirteenth Set of RFPs

**External: Think before you click.**

Ian,

We are in receipt of J&J's 13th set of RFPs. We noticed that the numbering overlaps with J&J's 12th set of RFPs, which also begin at No. 116.

We assume this was inadvertent; please re-send these 13th RFPs so that they begin with No. 123.

Thank you,
Kevin Cryan

**Kevin Cryan**
Law Clerk  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he/him/his
---------------------------------------------
+1 212.390.9373  [O]
+1 332.201.6763  [M]

---

**From:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Sent:** Friday, June 14, 2024 5:30:32 PM
**To:** Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Arrow, Sara (x2031) <sarrow@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP // JJHCS's Thirteenth Set of RFPs

Counsel,

Please find attached JJHCS's Thirteenth Set of Requests for Production of Documents.

Best,
Ian

**Ian D. Eppler**
He | Him | His
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: 212.336.2205

ieppler@pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibit 4

**From:** Kevin Cryan
**Sent:** Friday, August 16, 2024 10:22 AM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008 <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Matthew Nussbaum <mnussbaum@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <Ewohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Julia,

Thank you for meeting with us yesterday. We write to memorialize that, as discussed on the call, the parties are at impasse regarding adding Joseph Incelli and Norhaan Khalil as custodians.

Regarding Incelli, you stated that—because SaveOn declined to add Leslie Kauffman as a "full" custodian—J&J declined to add Incelli as a custodian at all, confirming SaveOn's earlier correspondence that the parties are at impasse. *See* Aug. 15, 2024 Email from K. Cryan to B. Robinson. Regarding Khalil, we asked if you were willing to reconsider your refusal to add her as a custodian if SaveOn agreed to narrow its search terms to the 2-year period you represented she worked at J&J. *See* Aug. 13, 2024 Ltr. from I. Eppler to E. Snow at 6-7. You stated you were not willing to reconsider your refusal and confirmed the parties are at impasse.

Best,

Kevin Cryan

**Kevin Cryan**
Law Clerk  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he/him/his
---------------------------------------------
+1 212.390.9373  [O]
+1 332.201.6763  [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Wednesday, August 14, 2024 6:43 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M. <sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Matt,

Thanks for your email.  Tomorrow at 4:00 p.m. works for us.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Wednesday, August 14, 2024 3:05 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles

<hmiles@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M.
<sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;
LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

 **External: Think before you click.** 

Julia,

We are available to meet and confer at 4 p.m. tomorrow. Please let us know if that works and
we will circulate a dial-in.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
----------------------------------------------
+1 212.390.9062 [O]
+1 856.534.8606 [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Tuesday, August 13, 2024 6:08 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>;
Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah
Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M.
<sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;
LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Matt,

Thanks for your email.  We disagree that it would be productive to discuss 31 custodians in a single conferral.  Nonetheless, you now have our position in response to your requests that we add 26 custodians.

In an effort to avoid impasse and to plan sufficient time this week, please provide your availability for a conferral Thursday or Friday.  To the extent that your colleague, Elizabeth, also would like to discuss our August 7 letter on SaveOnSP's requested search term, we are happy to add that to our agenda as well.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Tuesday, August 13, 2024 8:36 AM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M. <sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

External: Think before you click.

Good morning, Julia,
Thank you for your email. In the interest of efficiency, we propose that the meet-and-confer regarding J&J's proposed addition of five custodians take place at the same time as the anticipated meet-and-confer regarding SaveOn's July 19, 2024 proposed addition of 26 custodians.
You told us that J&J would provide its response on those custodians early this week. *See* Aug.

8, 2024 Email from J. Long to H. Miles. Once we have had the chance to review that response, we will propose availability for a meet-and-confer covering both sides' requests.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
----------------------------------------------
+1 212.390.9062  [O]
+1 856.534.8606  [M]

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Monday, August 12, 2024 1:30 PM
**To:** Matthew Nussbaum <mnussbaum@selendygay.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M. <sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Counsel,

We are in receipt of your August 9, 2024 letter regarding our request that SaveOnSP add Jenna Quinn, Ingrid Vasquez, Brandon Bartz, Shannon Sommer, and Hailey Kramer as custodians, and would like to meet and confer.  Are you available on Wednesday, August 14 after 2:00 p.m. or Thursday, August 15 between 12:00 p.m. and 3:00 p.m.?

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

**From:** Matthew Nussbaum <mnussbaum@selendygay.com>
**Sent:** Friday, August 9, 2024 4:41 PM
**To:** Suri, Saniya (x2226) <ssuri@pbwt.com>; Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M. <sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

<mark>External: Think before you click.</mark>

Good afternoon, Saniya,

Please see the attached correspondence.

Thank you,

Matt

**Matthew Nussbaum**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: he, him, his
------------------------------------------------
+1 212.390.9062 [O]
+1 856.534.8606 [M]

**From:** Suri, Saniya (x2226) <ssuri@pbwt.com>
**Sent:** Friday, July 19, 2024 5:10 PM
**To:** Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Galli, Sabrina M. <sgalli@rc.com>; Emma Ashe O'Toole <eashe@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>;

~klieb@sillscummis.com <klieb@sillscummis.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Counsel,

Please see the attached correspondence.

Sincerely,
Saniya Suri


**Saniya Suri**
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2226

**ssuri@pbwt.com**


---

**From:** Emma Ashe O'Toole <eashe@selendygay.com>
**Sent:** Wednesday, July 3, 2024 11:27 AM
**To:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>;
LoBiondo, George (x2008) <globiondo@pbwt.com>; Suri, Saniya (x2226) <ssuri@pbwt.com>; Long,
Julia (x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>;
~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com
<klieb@sillscummis.com>
**Cc:** Andrew Dunlap <adunlap@selendygay.com>; Philippe Selendy <pselendy@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah
Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>; Wohlforth,
E. Evans <ewohlforth@rc.com>; Galli, Sabrina M. <sgalli@rc.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)


**External: Think before you click.**


Counsel,

Please find attached a letter in the above-captioned matter.

Best,

Emma

**Emma Ashe O'Toole**
Associate [[Email](Email)]
Selendy Gay PLLC  [[Web](Web)]
Pronouns: she, her, hers

------------------------------------------------

+1 212.390.9339 [O]
+1 646.417.3643 [M]

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

# EXHIBITS 5-24
# CONFIDENTIAL – FILED UNDER SEAL

# Exhibit 25

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

June 28, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:   **Johnson & Johnson Health Care Systems Inc. v. Save On SP,
      LLC (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

SaveOn writes to request that J&J add Norhaan Khalil and Joseph Incelli as custodians. We have reviewed J&J's latest productions and, for the reasons described below, believe they are likely to have unique, relevant documents related to the development of the CAP program. All cited documents come from J&J's production 10 (December 22, 2023) or later.

I.   **Norhaan Khalil**



Judge Wolfson and Judge Waldor have consistently found the CAP Program relevant to J&J's mitigation efforts. *See* May 28, 2024 Order at 10 ("I reiterate that the requested discovery is relevant as the documents at issue relate to the creation and implementation of the CAP Program"); Apr. 10, 2024 Order at 2 (expanding CAP search terms to capture "highly relevant

Julia Long
June 28, 2024

documents to Defendant's defense"); Feb. 6, 2024 Order at 25-26 (ordering CAP-related search terms for custodians added "because of their association with the CAP program").



Additionally, SaveOn notes two production deficiencies related to these studies.

Even if J&J does not currently possess this underlying data, J&J had—and continues to have—control through its right to obtain them upon demand. *See Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are responsive to RFP No. 8, because they relate

Julia Long
June 28, 2024

to SaveOn, RFP No. 42, because they relate to J&J's understanding of accumulators and maximizers, and RFP No. 75, because they explicitly discuss this litigation.



## II.    Joseph Incelli



Julia Long
June 28, 2024



SaveOn requested documents about the CAP Program in RFP Nos. 33, 41, 49, 58, 59, and 64. J&J has already agreed, or been ordered, to produce discovery about the CAP program in response to those RFPs. *See* May 28, 2024 Order at 10; Apr. 10, 2024 Order at 2; Feb. 6, 2024 Order at 25-26. Incelli is likely to have unique, relevant documents to satisfy J&J's production obligations regarding the CAP Program.

## III. Proposed Search Terms

### A. CAP Custodian Search Terms

SaveOn requests that J&J run the following search terms across the custodial files of Khalil and Incelli across the full Relevant Time Period. SaveOn notes that the parties already agreed, or have been ordered, to run the same search terms over the files of all CAP custodians. *See* Feb. 15, 2024 Ltr. from J. Long to E. Snow; Apr. 5, 2024 Ltr. from J. Long to E. Snow; Apr. 26, 2024 Ltr. from I. Eppler to E. Snow.

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "other offer" W/5 (accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

4

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) W/50 ("CAPa" OR CAPm" OR "adjustment program" OR accumulat* OR maximiz*)

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Archbow w/50 "other offer"

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR "NEHB" OR (variable /5 "EHB") OR "CAPa" OR "CAPm" OR "adjustment program")

- Avalere w/50 "other offer"

SaveOn also requests an additional term be run over the custodial files of both Khalil and Incelli from January 1, 2022 to November 7, 2023 due to their involvement ███████████████████████

███████████████████████████████████

**B.    Norhaan Khalil**

SaveOn also requests the following search terms be run over the files of Khalil specifically, across the Relevant Time Period, due to her involvement with the ███████████████████████

██████████████████████



███████████████████████████████████████████████

**C.    Joseph Incelli**

SaveOn also requests the following search terms be run over the files of Incelli specifically, across the Relevant Time Period, due to his involvement with ███████████████████████



Julia Long
June 28, 2024



If J&J objects to adding either individual on the ground that doing so would be unduly burdensome or that their documents would be duplicative or cumulative of those of another custodian, please provide hit counts of how many unique, relevant documents would be identified for that individual by each of SaveOn's proposed search terms. *See Steven Madden, Ltd. v. Jasmin Larian, LLC*, 2019 WL 3940112, at *2 (S.D.N.Y. July 8, 2019) (finding vague assertions that proposed custodians' documents would be duplicative "unsupported by evidence and meritless").

We request a response by July 8, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

6

# Exhibit 26



www.pbwt.com

July 25, 2024

Bonita L. Robinson
(212) 336-2554

**By Email**

Meredith Nelson, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:  **Apparent Deficiencies in SaveOnSP's Document Productions**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Meredith:

We write in response to your July 19, 2024 letter and in furtherance of our June 28, 2024 letter regarding various deficiencies in SaveOnSP's productions.  We will address the portion of your letter that concerns Ms. Zulqarnain's call recordings under separate cover.

First, as described in our June 28, 2024 letter,



We are surprised by your position that communications in connection with SaveOnSP members' apparent violation of manufacturer terms and conditions—and SaveOnSP's attempts to prevent manufacturers from learning of such violations—are nonresponsive and irrelevant.  Indeed, this position raises serious doubts regarding the responsiveness criteria that SaveOnSP has applied to JJHCS's requests to date.  Please explain the basis for your assertion that an email about manufacturer terms and conditions is not relevant to this litigation about whether the SaveOnSP Program causes members to violate manufacturer terms and conditions.

Second, our June 28 letter requested that you add Leslie Kauffman as a custodian, given that even SaveOnSP's existing productions make plain that Ms. Kauffman played a central

Meredith Nelson, Esq.
July 25, 2024
Page 2

role in SaveOnSP's tracking of and efforts to evade manufacturer terms and conditions. *See* June 28, 2024 Ltr. from B. Robinson to M. Nelson at 2.



       Three weeks after we made our request—having received no response to our request, but numerous demands from SaveOnSP in the interim that JJHCS add new custodians—we wrote to you that we would agree to add Joseph Incelli as a custodian provided that SaveOnSP confirm it would add Ms. Kauffman. *See* July 18, 2024 E-mail from J. Long to M. Nussbaum. In response, you refuse to add Ms. Kauffman as a full custodian and suggest that we offer a "narrowed proposal" that is "similar[]" to SaveOnSP's proposal regarding Mr. Incelli. July 19, 2024 Ltr. from M. Nelson to B. Robinson at 2. As an initial matter, your proposal regarding Mr. Incelli was hardly narrow: You requested that JJHCS run a lengthy set of expansive search terms[1] over Mr. Incelli's custodial files "across the full Relevant Time Period" of more than seven years. June 28, 2024 Ltr. from E. Snow to J. Long at 4–6. In any event, Ms. Kauffman's manufacturer evasion efforts appear to have spanned much of her career at SaveOnSP, and while those efforts are particularly noteworthy (and SaveOnSP's failure to identify Ms. Kauffman as a custodian thus particularly troubling), Ms. Kauffman's custodial files are likely to contain other important and relevant documents from throughout her tenure at SaveOnSP. Accordingly, we decline to agree to the addition of Ms. Kauffman as only a limited custodian. Please confirm that you will add Ms. Kauffman as a full custodian.

       Finally, thank you for your explanation regarding the "PRC." Based on your representations, we will not pursue the requested PRC documents further at this time. Of course, we may revisit this request if it appears that relevant material regarding the PRC's review has not been captured by SaveOnSP's existing custodians and search terms.

       We request a response by August 1, 2024, and remain available to meet and confer.

---

[1] To be clear, our July 18, 2024 proposal did not accept SaveOnSP's proposed search terms, but was expressly "subject to agreement on appropriate search terms." July 18, 2024 E-mail from J. Long to M. Nussbaum.

Meredith Nelson, Esq.
July 25, 2024
Page 3

Very truly yours,

*/s/ Bonita Robinson*
Bonita L.  Robinson

# Exhibit 27



www.pbwt.com

August 13, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   **SaveOnSP's Requests for 27 Additional Custodians**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> **No. 2:22-cv-02632-JKS-CLW**

Dear Elizabeth:

We write in response to your three letters demanding that JJHCS add a total of 27 additional custodians:  your June 28, 2024 letter requesting that JJHCS add Norhaan Khalil and Joseph Incelli, your July 19, 2024 letter requesting that JJHCS add 22 additional custodians (the "Non-JJHCS Custodian Letter"), and your July 19, 2024 letter asking that JJHCS add purported Janssen Scientific Affairs employees Mike Ingham, Kay Sadik, and Bridget Doherty as custodians (the "Janssen Scientific Affairs Letter").

As an initial matter, JJHCS objects to SaveOnSP's request as unduly burdensome. JJHCS already has agreed to produce documents from 37 custodians.  Some of these agreed-upon custodians are employed by non-JJHCS entities within the Johnson & Johnson family of companies that are not parties to this litigation; others are high-ranking executives; and still others are attorneys whose documents necessitate intricate privilege review.  Now, after more than a year of discovery, SaveOnSP demands that JJHCS nearly double its list of custodians by adding 27 additional custodians, most of whom have no responsibility for the CarePath co-pay assistance program or the changes that JJHCS made to that program to defend it against bad actors like SaveOnSP.

SaveOnSP's primary justification for this sweeping expansion of discovery is "Judge Wolfson's July 16, 2024 Order."  Non-JJHCS Custodian Letter at 1.  But SaveOnSP's demands go far beyond Judge Wolfson's order.  In denying SaveOnSP's motion to compel, Judge Wolfson declined to order the comprehensive expansion of discovery that SaveOnSP sought and instead directed SaveOnSP to "serve a list of proposed custodians to [JJHCS], from other Janssen entities, who may have relevant documents."  July 16, 2024 Order at 2.  Judge Wolfson also suggested that the parties focus on six individuals who were named in SaveOnSP's moving papers.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 2

In so doing, Judge Wolfson rejected the need to add as custodians the overwhelming majority of individuals mentioned in SaveOnSP's motion. Instead, "based on [her] review of all 105 exhibits submitted" by SaveOnSP, Judge Wolfson suggested that SaveOnSP request (and JJHCS consider) adding six custodians "who *may* have relevant documents." *Id.* (emphasis in original). Rather than submit a narrowed list of custodians in line with Judge Wolfson's order, SaveOnSP has doubled down on its overbroad and unduly burdensome demand for a far-reaching expansion of discovery, including by demanding that JJHCS add several new proposed custodians who were not even named in SaveOnSP's prior papers. In sum, SaveOnSP's latest wish list is not only unduly burdensome, but seems purposely designed to be so.

JJHCS has investigated SaveOnSP's expansive ask. We disagree that these additional custodians are necessary or warranted given the claims and defenses in the litigation. Nevertheless, in the interest of compromise and in keeping with Judge Wolfson's order, JJHCS agrees to add six of SaveOnSP's requested custodians. JJHCS also provides further context for the remaining 21 custodians at-issue.[1]

## I. JJHCS's Counterproposal

In response to the Non-JJHCS Custodian Letter, JJHCS agrees to add the following six additional individuals as custodians, most of whom Judge Wolfson suggested in her July 16, 2024 order: Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, and Pinal Shah. In an effort to resolve the issues addressed in the Janssen Scientific Affairs Letter, JJHCS also agrees to add Mike Ingham as a custodian.

JJHCS's agreement to add these additional custodians is subject to the parties' agreement on additional search terms. JJHCS reserves all rights to object, on relevance and/or burden grounds, to any search terms that SaveOnSP may propose for these custodians.

## II. Remaining Custodians

JJHCS will not add the remaining 21 custodians that SaveOnSP has demanded.[2] As detailed below, either these individuals are irrelevant to this litigation or their documents are duplicative of those in the custody of previously agreed-upon custodians. Moreover, the documents cited by SaveOnSP in the Non-JJHCS Custodian Letter and the Janssen Scientific Affairs Letter do not justify adding these individuals as additional custodians.

---

[1] JJHCS separately provided its response as to Joseph Incelli. *See* July 18, 2024 Email from J. Long to M. Nussbaum. The remaining 20 custodians are addressed in this letter.

[2] Sabrina Ade, Claudia Adomah, Mitch Akright, Kassandra Cruz, Camille Dorsey, Bridget Doherty, Jane Frechette, Katie Hanculak, Norhaan Khalil, Kevin Kleemeier, Elizabeth Kruel-Starr, Thao Mazrullo, Barbara McCabe, Kay Sadik, Matthew Saggese, Casey Sasse, Brian Taft, Cecila Trybus, Bryan Weinlein, and Mark Wiley.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 3

### a. Sabrina Ade

JJHCS will not add Sabrina Ade as an additional custodian.



For the same reasons as stated in our prior objection and correspondence, SaveOnSP has not shown that Ms. Ade is the custodian of unique, relevant documents.

### b. Claudia Adomah



Accordingly, responsive documents in Ms. Adomah's custodial files are likely to be cumulative of those in the files of existing JJHCS custodians, including Lauren Pennington, Jasmeet Singh, and Heith Jeffcoat.

In addition, although SaveOnSP claims that Ms. Adomah had a role in mitigation, "revisions of CarePath's T&Cs," and "J&J's damages,"

Elizabeth H. Snow, Esq.
August 13, 2024
Page 4

### c. Mitchell Akright



Accordingly, Mr. Akright is unlikely to possess unique, relevant documents, and JJHCS will not add him as a custodian.

### d. Kassandra Cruz

Ms. Cruz, like several other custodians requested by SaveOnSP, was involved in issues related ███████████████████████████████████████████████████████ JJHCS therefore declines to add Ms. Cruz as a custodian because she is unlikely to have unique, relevant documents in her custodial files.

### e. Camille Dorsey

JJHCS will not add Camille Dorsey as a custodian. ████████

Elizabeth H. Snow, Esq.
August 13, 2024
Page 5



### f.   Bridget Doherty

JJHCS declines to add Ms. Doherty as an additional custodian.



### g.   Jane Frechette

JJHCS will not add Ms. Frechette as a custodian.



Elizabeth H. Snow, Esq.
August 13, 2024
Page 6

any relevant documents in Ms. Frechette's custody are likely to be duplicative of those in the possession of current custodians.

### h. Katie Hanculak




Because relevant documents in Ms. Hanculak's custodian files are cumulative of those produced by JJHCS from other custodians, JJHCS will not add her as a custodian.

### i. Norhaan Khalil

SaveOnSP asked that JJHCS add Norhaan ("Nora") Khalil as a "CAP" custodian based on her

Elizabeth H. Snow, Esq.
August 13, 2024
Page 7



Otherwise, JJHCS will not add Ms. Khalil as a custodian or otherwise search her files.[3]

### j.  Kevin Kleemeier



There is no evidence that there are unique and relevant documents in the custody of Mr. Kleemeier, and JJHCS will not add him as a custodian.

### k.  Elizabeth Kruel-Starr



produced, and JJHCS will not add her as a custodian.

---

[3] For the avoidance of doubt, JJHCS also objects to SaveOnSP's proposed search terms, which are facially overbroad.  *See, e.g.*, June 28, 2024 Ltr. from E. Snow to J. Long at 5 (requesting that JJHCS add the search term "(Question* OR "feedback" OR "feed back") AND present*").

Elizabeth H. Snow, Esq.
August 13, 2024
Page 8

### l. **Thao Mazrullo**



The request for Ms. Mazrullo to be added as a custodian is not a serious request and cannot be understood as anything other than an effort to impose unwarranted burden on JJHCS.

### m. **Barbara McCabe**



Accordingly, any documents in Ms. McCabe's custody would be cumulative of those already produced, and JJHCS will not add her as a custodian.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 9

### n.  Kay Sadik

JJHCS declines to add Ms. Sadik as an additional custodian.



Accordingly, JJHCS will not add Ms. Sadik as a custodian.

### o.  Matthew Saggese

JJHCS will not add Mr. Saggese as a custodian.

### p.  Casey Sasse

Elizabeth H. Snow, Esq.
August 13, 2024
Page 10

 Accordingly, JJHCS will not add her as a custodian.

**q. Brian Taft**

 Accordingly, JJHCS will not add Mr. Taft as a custodian.

**r. Cecila Trybus**

JJHCS declines to add Ms. Trybus as an additional custodian. 

Elizabeth H. Snow, Esq.
August 13, 2024
Page 11

    **s.  Bryan Weinlein**

    JJHCS will not add Mr. Weinlein as a custodian.



    **t.  Mark Wiley**



Accordingly, JJHCS will not add him as a custodian.

*    *    *

    JJHCS reserves all rights and is available to meet and confer.

                     Very truly yours,

                     Ian Eppler

**EXHIBITS 28-33**
**CONFIDENTIAL – FILED UNDER SEAL**