# Sills Cummis & Gross

### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

September 10, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

### CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
### UNDER THE DISCOVERY CONFIDENTIALITY ORDER

Re:     **Opposition to SaveOnSP's August 26, 2024 Motion to Compel**
         *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
         Civil Action No. 22-2632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of JJHCS, we write in opposition to SaveOnSP's August 26, 2024 letter-motion to compel JJHCS to add Joe Incelli and Norhaan Khalil as custodians and produce the documents elicited by an exceptionally broad range of search terms run over an extended time period. To be clear, while today's motion is presented as a modest proposal that concerns two people, it is only the first salvo. SaveOnSP has recently demanded that JJHCS add **thirty** additional custodians, which would essentially double JJHCS's custodial production more than two years into this case, and without any valid justification. Make no mistake: SaveOnSP is engaged in "salami tactics" by starting with two custodians without disclosing its larger project to the Court. Not only that, but many of the employees SaveOnSP is targeting are patently irrelevant, and it appears that

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 2

SaveOnSP is trying to inject them into the case for no other reason than to manufacture even more delay and expense to JJHCS, and thus forestall the completion of discovery and ultimate trial in this matter.

There is a reason for all of this. Recent productions from SaveOnSP have produced a steady drumbeat of extraordinary and incriminating documents that will come before Your Honor in future motions. SaveOnSP email and chat messages reflect its employees openly and brazenly talking about lying to manufacturers, working deliberately and systematically to evade manufacturer efforts to limit their misappropriation, and coordinating their egregious conduct with ESI and Accredo. The case on the merits against SaveOnSP is coming into focus—and it is not an appetizing prospect for SaveOnSP. So SaveOnSP is determined to delay trial, continue to misappropriate as much as it can in the interim, and impose as much cost on JJHCS as the Court will allow in order to disincentivize any other manufacturers from seeking to hold it accountable. The Court must not allow this to continue. SaveOnSP ran a scheme of which JJHCS knew very little, but JJHCS is nonetheless producing tens of thousands of documents from *43* custodians. That is more than sufficient to give SaveOnSP all the information it needs to defend this action.

This motion demonstrates just why SaveOnSP's additional custodian demands are unreasonable and disproportionate. Mr. Incelli and Ms. Khalil worked on narrow issues that are largely irrelevant to this litigation: Mr. Incelli worked on financial modeling, and Ms. Khalil was a consultant who briefly assisted with two studies on copay assistance policy. In the case of Mr. Incelli, it appears that SaveOnSP is using a request for his documents to circumvent this Court's prior ruling that largely prevents SaveOnSP from ██████████████████████████████

Given their narrow roles, any relevant documents in the custody of Mr. Incelli and Ms. Khalil are

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 3

likely to be duplicative of those produced from existing custodians. Worse, SaveOnSP has asked that this Court order JJHCS to run a series of overbroad search terms over their documents, eliciting a vast corpus of irrelevant documents whose review and production would pose an undue burden to JJHCS. SaveOnSP's motion should be denied.

## DISCUSSION

JJHCS is producing documents from 43 custodians. Many of these were added at SaveOnSP's insistence, notwithstanding their marginal or highly attenuated connection to the core claims at issue in this case. Some of these custodians are employed by non-JJHCS entities within the J&J family of companies that are not parties to this litigation; others are high-ranking executives; and still others are attorneys whose documents necessitate intricate privilege review.

Nevertheless, over the past several weeks, SaveOnSP has demanded that JJHCS nearly double that total by adding 30 additional custodians—most of whom are not employed by JJHCS, the company within J&J that has responsibility for the CarePath co-pay assistance program. Perhaps recognizing that its aggregate demands are unreasonable, SaveOnSP has divided its demand for 30 additional custodians into four waves. *See* Ex. 1 (Aug. 28, 2024 Ltr. from E. Snow to I. Eppler) at 2 (demanding that JJHCS add a single additional custodian); Ex. 2 (Jul. 19, 2024 Ltr from E. Snow to J. Long) (demanding that JJHCS add three additional custodians); Ex. 3 (Jul. 19, 2024 Ltr from E. Snow to J. Long) (demanding that JJHCS add 22 additional custodians); SaveOnSP Ex. 25 (Jun. 28, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add Mr. Incelli and Ms. Khalil as custodians).

JJHCS carefully considered each of the individuals raised by SaveOnSP, and determined that, to try and avoid multiplying disputes before the Court, it was appropriate to add six of the 30

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 4

as document custodians in this case.  SaveOnSP Ex. 27.  Mr. Incelli and Ms. Khalil, the subjects

of the instant motion, were not among them.  JJHCS tried to find compromise resolutions on them

too, but SaveOnSP insisted that nothing other than full and unconditional compliance with its

extraordinary demands would suffice.  This motion ensued.

I.  **SaveOnSP Has Not Shown that Incelli or Khalil Possess Unique, Relevant Documents**

For the following reasons, SaveOnSP has not shown that Mr. Incelli or Ms. Khalil possess

unique documents that are relevant to this case.  Accordingly, the Court should deny SaveOnSP's

motion to compel JJHCS to add them as custodians.

A.  **Joe Incelli**

████████████████████████████████████████████████████

███████████████████████████████████████████████  But contrary

to SaveOnSP's suggestion, that does not mean that he is an appropriate custodian.  Rather, the

Court has already held that documents and communications related to finance-related issues such

as the CarePath budget, JJHCS's return on investment from CarePath, and drug prices are largely

irrelevant and declined to order discovery into them.  Dkt. No. 192 at 19-24.  The Court has only

allowed discovery into a narrow set of finance-related issues: the financial viability of CarePath,

Dkt. No. 192 at 19, and a "small window for [SaveOnSP] to explore documents that may reflect

whether more patients are taking Janssen drugs as a result of being on the SaveOnSp Program,"

Dkt. No. 192 at 22.  SaveOnSP now seeks to circumvent the Court's prior ruling that sharply

limited discovery into finance-related issues by moving to add Mr. Incelli as a custodian and

demanding that JJHCS produce documents elicited by an extremely overbroad search term that

will capture a wide variety of financial documents completely unrelated to this case.

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 5

SaveOnSP has not even suggested that Mr. Incelli has documents related to either of the two discrete, discoverable finance-related issues, instead claiming only that it is entitled to the financial documents in Mr. Incelli's possession to explore how JJHCS "measured the success of its mitigation strategies," Mot. at 3, and to support a "mitigation defense," Mot. at 4. But the Court has already recognized that SaveOnSP cannot incant "mitigation" as a magic word to unlock a slew of irrelevant financial documents. Dkt. No. 192 at 15 (rejecting SaveOnSP's argument "that it is entitled to [a broad range of] financial documents to support its defense . . . [that] JJHCS failed to use reasonable means to prevent and/or mitigate any alleged damages"). This limitation makes sense given that the relevant legal standard for SaveOnSP's intended mitigation defense imposes a relatively lenient burden on JJHCS. For SaveOnSP's mitigation defense to fail, JJHCS must have taken only "reasonable efforts to avoid the loss" resulting from SaveOnSP's misconduct. *See Martin Marietta Corp. v. New Jersey Nat. Bank*, 653 F.2d 779, 785 (3d Cir. 1981). Because JJHCS's mitigation efforts are measured against a standard of reasonableness, it is unnecessary for SaveOnSP to take discovery into every possible document anywhere in the J&J family of companies that may bear on hypothetical steps JJHCS could have taken to mitigate its damages. JJHCS has already produced a wide range of discovery from a slew of custodians relating to the steps it actually took to address SaveOnSP's conduct. For example, JJHCS has added six custodians specific to the CAP program, and it has reviewed over 54,000 documents (inclusive of families) responsive to search terms specific to the CAP program. Nothing further should be permitted.

SaveOnSP also claims it is entitled to Mr. Incelli's documents to support "accurate financial modeling" in support of "SaveOn's mitigation defense and calculation of damages."

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 6

Mot. at 3. ██████████████████████████████████████████████

██████████████████████████, and JJHCS has already agreed to produce a variety of

patient-level data on the CarePath program reflecting every transaction at issue. *See* Ex. 5 (Feb.

17, 2023 Ltr. from A. LoMonaco to M. Nelson) at 3. SaveOnSP does not explain why it needs

Mr. Incelli's custodial documents to perform "accurate financial modeling," especially given that

it already has the aforementioned trove of relevant data.

Even if the Court had not already rejected SaveOnSP's efforts to procure irrelevant finance-

related documents akin to those associated with Mr. Incelli's duties, SaveOnSP's motion to add

Mr. Incelli as a custodian would fail because the very documents cited by SaveOnSP show that

Mr. Incelli is unlikely to be the custodian of unique, relevant documents. The documents cited by

SaveOnSP show that ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ JJHCS has already

added as custodians a series of other members of the same JJHCS team responsible for the CAP

program, including Lauren Pennington, Lindsey Anderson, Adrienne Minecci, William Robinson,

and Spilios Asimakopoulos. Mr. Incelli's documents are highly likely to be duplicative of those

in the files of these existing custodians.

Consistent with JJHCS's ██████████████████████████████

and Mr. Incelli's ████████████████████████████████████████

6

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 7

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████  ███████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████ Therefore,

the relevant documents regarding those decisions are in the custody of other existing custodians

and have already been produced.  Mr. Incelli would not have ███████████████████████

about CarePath or the CAP Program and then kept them to himself—he would have sent them to

the people responsible for those issues who he was supporting and who are already custodians.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████,  ██████████████

██████████████████████████████████████████████████████

██████████████████████████████████████  ██████████████

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 8

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

### B. Norhaan Khalil

As SaveOnSP acknowledges in its motion, Ms. Khalil was not even a J&J employee, but was merely engaged as a contractor for a limited period.  Mot. at 6.  █████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████ Ms. Khalil should not be added as a custodian because, for two reasons, SaveOnSP has not shown that Ms. Khalil possesses unique, relevant documents.

*First*, SaveOnSP has not shown that the █████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 9

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

SaveOnSP claims it is entitled to take discovery ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 10



        Indeed, SaveOnSP itself appears to have little interest in these studies themselves.  JJHCS

has already produced the ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████  SaveOnSP Ex. 28 (JJHCS_00161583) (p

████████████████████████████); SaveOnSP Ex. 29 (JJHCS_00189580) (████████████

████████████████████████).  JJHCS has already explained that the studies are

irrelevant, but to the extent that these studies are tangentially relevant, SaveOnSP has all of the

same information regarding the studies that key JJHCS decision-makers had.[2]  But in an effort to

resolve this dispute, JJHCS was willing to go even further.  Even though the studies are irrelevant,

and even though the presentations on the study results (and not the underlying data) were what

could have influenced key JJHCS decision-makers, JJHCS offered to investigate the existence of

underlying data associated with the two studies in which Ms. Khalil was involved.  SaveOnSP Ex.

27 (Aug. 13, 2024 Ltr. from I. Eppler to E. Snow) at 6-7.  SaveOnSP rejected the offer.

---

[2] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████  Instead of
accepting this reasonable compromise, SaveOnSP filed this motion.

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 11

*Second*, even if  involved relevant issues, SaveOnSP has not shown that Ms. Khalil possesses unique documents related to the studies. Unsurprisingly, given her short-term consulting engagement, the documents cited by SaveOnSP in support of its demand that Ms. Khalil be added as a custodian show that ███████

███████████████████████. *See, e.g.*, SaveOnSP Ex. 29 (JJHCS_00189580) at -580 (███████████████████

███████████████); SaveOnSP Ex. 30 (JJHCS_00159556) at

These documents show that documents in Ms. Khalil's files would be duplicative of those already produced from existing custodians.

## II. SaveOnSP Demands Overbroad, Unduly Burdensome Search Terms That Elicit Irrelevant Documents

SaveOnSP has not shown that Incelli and Khalil possess unique, relevant documents, and the Court can deny SaveOnSP's motion on that basis alone. But even if the Court compels JJHCS to add Incelli and Khalil as custodians, it should not bless SaveOnSP's requested search terms. For the following reasons, the search parameters demanded by SaveOnSP are overbroad and impose an undue burden on JJHCS.

The motion demands that JJHCS run sixteen distinct search terms (nine over the documents of both proposed custodians, four over Incelli's documents alone, and three over Khalil's

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 12

documents). Several of these search terms bear no connection to any tertiary roles that Incelli and Khalil played, even arguably, in this case.

Two specific terms are illustrative of the impropriety of SaveOnSP's requested relief. One search string[3] SaveOnSP requests as to Mr. Incelli—who, again, works in finance—would capture *all* documents referring to "forecasts" or "calculations" associated with Stelara or Tremfya, including irrelevant documents addressing "forecasts" or "calculations" that have nothing to do with SaveOnSP, copay assistance, or any other issue in this case. This search string is transparently a backdoor means of capturing financial documents related to the pricing and profitability of Stelara and Tremfya after the Court rejected SaveOnSP's prior efforts to compel their production. *See* Dkt. No. 192 at 22-24. Perhaps unsurprisingly given its facial overbreadth, this search term alone returns 19,743 documents (inclusive of families), an unduly burdensome volume.

Similarly, as to Ms. Khalil, SaveOnSP requests a search string[4] that would capture *any* document related to "research" or "studies" regarding "competitors" or "manufacturers," including "research" or "studies" not relevant to any issue in this case. This facially overbroad term alone returns an unduly burdensome volume of documents: 16,360 (inclusive of families).

The other search terms fare no better. For instance, SaveOnSP demands that JJHCS search Khalil's documents for the names of two SaveOnSP executives who previously worked for J&J

---

[3] (mitigat* OR cost* OR calculat* OR forecast* OR saving* OR prefund* OR "pre fund*") w/50 (CAP OR CAPa OR CAPm OR "adjustment program" OR TrialCard OR "Trial Card" OR "2 card" OR 2-card OR 6k OR 6,000 OR 9,100 OR "new solution" OR CarePath OR "Care Path" OR Stelara OR Tremfya).

[4] (research* OR stud* OR slide* OR present* OR transcript* OR interview* OR insight* OR intel* OR KBQ*) w/50 (competitor* OR manufacturer* OR CAP OR CAPs OR CAAP* OR accumulat* OR maximiz* OR "adjustment program*").

Honorable Freda L. Wolfson, U.S.D.J.
September 10, 2024
Page 13

companies.  It is unclear why SaveOnSP believes that Khalil—a consultant who worked with J&J
for a limited period of time on a narrow set of issues—would possess documents discussing
SaveOnSP executives by name.  The search proposal also demands that JJHCS produce documents
from Mr. Incelli's files going back to April 1, 2016, despite an absence of any evidence that Mr.
Incelli was involved in relevant issues before 2021.[5]  Additionally, it demands JJHCS run terms
containing "w/50" proximity limiters, in contravention of the Court's admonition that the use of
such proximity limiters may be overly broad absent specific justification.  *See* Dkt. No. 283 at 3.
Unsurprisingly, SaveOnSP's blunderbuss search term demand returns 37,478 documents
(inclusive of families), 20,903 of which are in the custody of Incelli and 16,575 of which are in
the custody of Khalil.  This would impose an undue burden on JJHCS given the irrelevance of
these individuals.

**CONCLUSION**

For the foregoing reasons, Your Honor should deny SaveOnSP's August 26, 2024 motion.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:      Counsel of record for SaveOnSP

---

[5] Based on a reasonable investigation, JJHCS understands that Mr. Incelli did not start in the
relevant role until approximately April 2021.

# Exhibit 1

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

August 28, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write regarding J&J's July 31, 2024 Responses and Objections ("R&Os") to RFP Nos. 98 and 99.

**RFP No. 98** ███████████████████████████████████████████ You say that J&J has produced or will produce documents responsive to this request to the extent that they are also responsive to RFP No. 8 (all documents and communications with or regarding SaveOn) and No. 20 (studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally). R&Os at 7.

*First*, RFP No. 98 concerns a ████████████████████████████ ███████████████████████████ Please confirm that J&J will produce documents regarding ██████████████ beyond just those that expressly mention SaveOn or include a study, report, or publication on an accumulator or maximizer program.

*Second*, although J&J represents that documents concerning ██████████ ████ would have previously been produced in response to RFP Nos. 8 and 20, we have not identified additional documents in J&J's productions concerning ████ ███████████ If J&J maintains that it has produced such documents, please identify them by Bates number.

Ian Eppler
August 28, 2024

*Third*, 

**RFP No. 99**

   *See* Dkt. 192 at 29 ("newly produced documents confirm that Penkowski is an appropriate custodian: for example, documents show [Penkowski's] role in responding to 'accumulators,' a term that Plaintiff used internally to refer to SaveOnSP's programs").

   *First*, J&J objects to this Request "as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications regarding other accumulators unrelated to SaveOnSP." R&Os at 8. Please confirm that J&J will not withhold documents simply because they do not expressly mention SaveOn. *See* Dkt. 192 at 29 ("Contrary to Plaintiff's argument, Defendant's denial that it is an accumulator does not change the fact that Plaintiff refers to Defendant's program in that manner, and therefore, Defendant is entitled to discovery from representatives who were internally involved in responding to accumulator programs.").



   *	*	*

   We request a response by September 4, 2024. We are available to meet and confer. We reserve all rights.

2

Ian Eppler
August 28, 2024

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

July 19, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Re:    *JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)*

Dear Julia,

        We write pursuant to Judge Wolfson's order regarding Janssen Scientific
Affairs ("Scientific").

        *First,* we ask that J&J add Scientific employees Mike Ingham, Kay Sadik,
and Bridget Doherty as custodians. ████████████████████████████
████████████████████████  Doherty  was  involved  in

---

[1] *See, e.g.,*

Julia Long
July 19, 2024



We propose the following search terms for their documents for the full discovery time period of April 1, 2016 to November 7, 2023:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- 

- (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*)

*Second*, we ask that J&J produce from non-custodial sources documents associated with the following requests, also from the full discovery time period:

- Request No. 3: Documents Sufficient to show Janssen Scientific Affairs' organizational structure, including organizational charts.

- Request No. 8: All documents and Communications with or regarding SaveOnSP.

---

² *See also* 

2

Julia Long
July 19, 2024

- Request No. 20: All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

- Request No. 22: All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

- Request No. 25: All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 110, 115.

- Request No. 42: All Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

- Request No. 49: All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

*Finally*, if Scientific employees other than Ingham, Sadick, and Doherty worked on these topics, please identify them.

We ask that you respond by July 26, 2024. We reserve all rights, and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

July 19, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:    Johnson & Johnson Health Care Systems Inc. v. Save On SP,
        LLC (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

        Pursuant to Judge Wolfson's July 16, 2024 Order, SaveOn writes to request
that J&J add the following custodians:

        **Sylvia Shubert**. ██████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ Shubert's work on the
CAP program is relevant to J&J's mitigation efforts.

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Julia Long
July 19, 2024



**Jennifer    Goldsack**.

Julia Long
July 19, 2024



**Mark Wiley**.

**Michelle Barnard**.

**Mitchell Akright**.

3

Julia Long
July 19, 2024



**Cherilyn Nichols**. 

**Katie Hanculak**. 

Julia Long
July 19, 2024



**Kevin Kleemeier**.



**Matthew Saggese**.



Julia Long
July 19, 2024

**Pinal Shah**.



**Claudia Adomah**.

**Sabrina Ade**.

Julia Long
July 19, 2024



**<u>Barbara McCabe</u>**.



**<u>Casey Sasse</u>**.



Julia Long
July 19, 2024

**Elizabeth Kreul-Starr**.



**Camille  Dorsey**.

**Kassandra  Cruz**.

Julia Long
July 19, 2024



**Bryan Weinlein**.

**Cecelia Trybus**.

Julia Long
July 19, 2024



**Jane Frechette**.

**Brian Taft**.

Julia Long
July 19, 2024



**Thao Mazrullo**.

Please let us know if J&J will agree to add these individuals as custodians.

We request a response by July 26, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

**EXHIBIT 4**
**CONFIDENTIAL – FILED UNDER SEAL**

# Exhibit 5

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

February 17, 2023

Anthony C. LoMonaco
Associate
(212) 336-2642
alomonaco@pbwt.com

**VIA EMAIL**

Meredith Nelson, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
mnelson@selendygay.com

Re:   **SaveOnSP's Requests For Production and Interrogatories**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
No. 22 Civ. 2632 (JMV) (CLW)

Dear Meredith:

We write in response to your letter dated February 15, 2023 regarding Save On SP, LLC's ("SaveOnSP") First Set of Requests for Production and First Set of Interrogatories. We agree with you that the parties are at an impasse on the issues in Section I of your letter. Please promptly send us your joint letter sections on those issues.

With respect to the issues in Section II of your letter, we address those issues in turn below.

**I.**     **ISSUES WHERE THE PARTIES ARE NOT CURRENTLY AT IMPASSE**

**A.**     **Documents and Information Related to Accumulators and Maximizers (RFP Nos. 20 and 41-43; Interrogatory No. 7)**

*First*, we write to confirm that in exchange for JJHCS's production of "studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents" in response to SaveOnSP's RFP No. 20, SaveOnSP will agree to produce all documents in response to JJHCS's RFP No. 45, which requests all documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

*Second*, SaveOnSP proposes that the parties continue to meet and confer on (1) SaveOnSP's RFP Nos. 41 through 43 and its Interrogatory No. 7, which request documents and

Meredith Nelson, Esq.
February 17, 2023
Page 2

information about accumulator and maximizer programs generally, and (2) JJHCS's RFP No. 43, which requests documents relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs, and that SaveOnSP.

With respect to SaveOnSP's RFP Nos. 41 through 43, as well as SaveOnSP's Interrogatory No. 7, JJHCS supports SaveOnSP's call for further meet-and-confer discussions. Indeed, the parties have not yet met-and-conferred on Interrogatory No. 7 at all, to which JJHCS objected because it is unclear what SaveOnSP is requesting when it asks for the identities of "each person who participated in or had responsibility for" JJHCS's "understanding of the terms 'copay accumulator' and 'copay maximizer.'"  *See* R&O to SaveOnSP's Interrogatory No. 7.

With respect to JJHCS's RFP No. 43, JJHCS does not intend to withdraw its pending motion.  JJHCS has explained at length why it is entitled to documents responsive to that request and the issue is ripe for judicial intervention, and it will not repeat those points here.

**B.      RFP Nos. 12 and 13**

In exchange for JJHCS's agreement to produce documents and communications in response to SaveOnSP's RFP Nos. 12 and 13, SaveOnSP states that in response to JJHCS's RFP No. 17, it intends to produce internal communications regarding:

- the treatment of CarePath drugs under the terms of the SaveOnSP Program;

- the designation of Janssen Drugs as Essential or Non-Essential;

- the monetary split between SaveOnSP an Express Scripts on the one hand, and between SaveOnSP and the health insurance plan sponsors, on the other; and

- instances where the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling the SaveOnSP Program.

SaveOnSP does not, however, intend to produce internal communications regarding its operations in states where copay accumulator and maximizer programs have been banned.

We are willing to accept the following compromise: In exchange for SaveOnSP's agreement to produce documents, including internal communications, regarding the four bullets above, JJHCS agrees to produce internal documents and communications relating to the drafting of CarePath's terms and conditions during the relevant time period of January 1, 2017 to July 1, 2022, to the extent such non-privileged documents exist and can be identified after a reasonable search.

Meredith Nelson, Esq.
February 17, 2023
Page 3

However, JJHCS will not withdraw its motion to compel the production of internal documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs. Further, as noted in our February 9, 2023 letter, JJHCS reserves the right to issue follow up requests for additional documents based on information learned in discovery or fact investigation.

### C.     RFP Nos. 26 and 32

SaveOnSP states that it is willing to accept JJHCS's proposal that JJHCS produce the data requested in SaveOnSP's RFP No. 28(i)-(m) in response to RFP Nos. 26 and 32 provided that (1) the parties can agree on the scope of the data JJHCS will produce in response to SaveOnSP's RFP Nos. 28(i)-(m) and (2) JJHCS agree to produce that data by a mutually-agreed date certain early in the discovery period.

With respect to the scope, we provide further detail on the scope of JJHCS's production of the data requested in SaveOnSP's RFP No. 28(i)-(m), as well as the data JJHCS requests from SaveOnSP in exchange for that production, in Section I.D, *infra*.

With respect to the date for production of the data, JJHCS will take all steps to produce this data as soon as possible, and in any event before April 30, 2023.

### D.     RFP Nos. 28 and 29

We write to confirm that we will accept the compromise proposed in your February 15, 2023 letter: If SaveOnSP will produce all data, including patient-level transactional data, responsive to JJHCS's RFP No. 41 for the time period of January 1, 2016 to July 1, 2022, JJHCS will produce all patient-level data for the time period of January 1, 2016 to July 1, 2022 responsive to parts (i) through (m) of SaveOnSP's RFP No. 28, which seeks documents sufficient to show the following: (i) all patients enrolled in CarePath for each Janssen Drug; (j) the dates on which each patient was enrolled in CarePath; (k) the amounts of copay assistance funds that JJHCS offered to each Patient enrolled in CarePath; (l) the Janssen Drug for which each patient enrolled in CarePath received copay assistance; and (m) all CarePath copay assistance payments made to each patient.

SaveOnSP also notes that this compromise does not resolve the issues relating to SaveOnSP's RFP No. 28(a)-(h) and RFP No. 29 or JJHCS's RFP No. 42, but invites JJHCS to continue meeting and conferring on those issues. While we are willing to continue meeting and conferring on these issues in advance of the conference, we are not inclined to withdraw JJHCS's motion with respect to RFP No. 42 at this time. Production of the data requested in JJHCS's RFP No. 42 is not burdensome and the information sought relevant to the lawsuit for the reasons discussed in prior correspondence. The only objection lodged by SaveOnSP to this request in its section of the letter to Judge Waldor was based on JJHCS's objection to so-called "reciprocal discovery" in SaveOnSP's RFPs 28 and 29. *See* Specific Ltr., Dkt. No. 66, at 5-6. This

Meredith Nelson, Esq.
February 17, 2023
Page 4

objection was lodged before there was any meet-and-confer on SaveOnSP's RFPs. With JJHCS having agreed to produce certain information in response to these requests, SaveOnSP's objection to JJHCS's RFP No. 42 has been addressed.

     **E.**    **RFP No. 37**

     SaveOnSP's RFP No. 37 seeks "documents sufficient to show the percentage of patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs." As we have previously explained on numerous occasions, JJHCS does not track data responsive to this request. Nonetheless, SaveOnSP insists that JJHCS can "produce documents, such as enrollment records, which would allow SaveOnSP to calculate the proportion of patients who enroll in CarePath after being contacted by JJHCS or its affiliates." As explained in Section I.D., *supra*, and as noted in your February 15 letter, JJHCS is willing to provide CarePath patient enrollment data in response to SaveOnSP's RFP No. 28 subject to SaveOnSP's agreement to produce data responsive to JJHCS's RFP No. 42. This should resolve the parties' dispute.

* * *

     We look forward to your response.

                         Very truly yours,

                         */s/Anthony C. LoMonaco*
                         Anthony C. LoMonaco