# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 3, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
        *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in response to Johnson & Johnson

Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") September 26, 2024 oppo-

sition to SaveOn's September 16, 2024 motion to compel J&J to produce documents sufficient to

show the instances in which it investigated, enforced, or contemplated enforcing any portion of

the May-Not-Use Provision.[1]

---

[1] SaveOn uses the term May-Not-Use Provision, consistent with Your Honor's April 25, 2024 Order, to mean the term and condition that CarePath "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer." Dkt. 264 at 2-3.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                    Page 2

"The very purpose of discovery is to avoid trial by ambush." *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 2010 WL 1931233, at *6 (D.N.J. May 7, 2010) (citation omitted). If parties do not produce documents in response to a document request, they must either say that they are withholding existing documents or say that the requested documents do not exist. *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2022 WL 21296568, at *6 (D.N.J. Jan. 11, 2022). J&J previously violated this fundamental precept by ambushing a SaveOn employee at her deposition with call recordings that it withheld before the deposition, even though the recordings were within J&J's control and responsive to SaveOn's document requests. *See, e.g.*, J&J Ex. 7 at 107:11-108:14 (counsel for J&J admitting that he was playing a call recording that J&J had withheld). SaveOn brings this motion to prevent another such ambush.

After almost two years of discovery, J&J has neither produced any documents showing that it enforced the May-Not-Use Provision as to SaveOn, accumulators, or maximizers, nor stated clearly that no such documents exist. Yet J&J continues to assert that its witnesses may testify about enforcement efforts. J&J cannot produce a witness to testify about enforcing that provision without giving SaveOn whatever documents it possesses related to those enforcement efforts beforehand. J&J should either produce documents relating to its enforcement of the May-Not-Use Provision now or state, clearly, that it has no such documents.

J&J tries to evade this simple request by, first, mischaracterizing SaveOn's motion as concerning not just the May-Not-Use Provision specifically but "CarePath's terms and conditions" generally, *see* Opp. at 1, which it broadly defines to include three separate versions of the T&Cs: (1) the Original T&Cs, which applied to all Janssen Drugs before 2022 and contain the May-Not-Use Provision, Opp. at 2; (2) the New Stelara and Tremfya T&Cs, introduced in 2022, which lowered the annual maximum benefit to $6,000 for Stelara and Tremfya patients on maximizers,

2

Hon. Freda L. Wolfson                                                           Page 3

Opp. at 5; and (3) the 2024 T&Cs, which expressly name SaveOn and, as far as SaveOn is aware, do not apply to all of the Janssen Drugs at issue, Opp. at 9. From this false premise, J&J points to documents about its "enforcement" efforts regarding these broadly defined T&Cs—but all those documents concern efforts regarding the New Stelara & Tremfya T&Cs in or after 2022. Opp. at 5-9.[2] SaveOn's motion is about **only** the May-Not-Use Provision, **not** the new T&Cs that J&J introduced a few months before it filed this lawsuit in 2022. *See* Mot. at 2-4, 5-6 (describing J&J's decisions not to enforce in 2021). J&J's attempt to distract is telling: If J&J ever sought to enforce the May-Not-Use Provision, it presumably has documents showing those efforts—███████████ ████████████████████████████████████████████████████████████████ ██████████████. Exs 29-30. Yet J&J has produced nothing showing that it sought to enforce the May-Not-Use Provision against SaveOn (or any accumulator or maximizer) while re-fusing to state that it has no such documents.

---

[2] J&J cites ten exhibits in four categories, all related to the CAP program: (1) a ███████████████ ████████████████ J&J Ex. 11 (███████████); (2) ████████████████████████████, J&J Ex. 12 (███████████); J&J Ex. 22 (███); J&J Ex. 23 (███████); (3) ████████████████████████, J&J Ex. 16 (█████████████████████); J&J Ex. 17 (███████████████████████); J&J Ex. 18 at -067 (████████████████████████████████████); J&J Ex. 19 (████████████████); J&J Ex. 20 (████████████████████████); and (4) a ████████, J&J Ex. 21 (███████████). J&J also cites ████████████, Opp. at 9 (citing J&J Exs. 24, 25), ████████████████████. As Your Honor previously observed, such documents would not address SaveOn's request regarding enforcement of the May-Not-Use Provision. Jan. 24, 2024 Hr'g Tr. at 27:15-28:5 ("The fact that [J&J] started to take some steps in response to what [J&J] believe[s] was a problematic program would violate [the] terms in that time [after 2022] doesn't address [SaveOn's] concern.").

Hon. Freda L. Wolfson                                                                                    Page 4

J&J says that it satisfied its discovery obligations by producing its enforcement policies,

Opp. at 5-6 (citing Ex. 5); *see also* Exs. 6, 12, 13, which it says ██████████████████

████████████████████████████████████. These documents say nothing about

the May-Not-Use Provision, whether that provision bars SaveOn's services, or whether J&J ever

enforced it.[3] J&J Exhibit 27, ████████████████████████████████████

████████████████████████████████████████████████████

████████████, which are not at issue in this motion. J&J has produced no policy document

concerning the May-Not-Use Provision.[4]

J&J tries to change the subject by asserting that SaveOn hamstrung its enforcement efforts

because J&J was purportedly unaware of SaveOn for several years and SaveOn prevented J&J

from identifying patients on SaveOn-advised plans. Opp. at 2-5. Even were these assertions true

(they are not[5]), they would not excuse J&J's discovery lapses. Regardless of the reasons why, J&J

---

[3] Even if the document referred to the May-Not-Use Provision (it does not), ████████████████
██████████████████ ██ ████████████████████████████████████. Ex. 31
at line 69 (████████████████████████████).

[4] While J&J also suggests that it need not produce the requested documents because they relate to
contemplated mitigation efforts, Opp. at 10-11, SaveOn seeks them primarily because they con-
cern the meaning of the May-Not-Use Provision, not mitigation.

[5] While J&J disputes that it was aware of SaveOn's actions for many years, Opp. at 2, Your Honor
found that J&J knew of SaveOn in 2017 from market sources, Dkt. 192 at 14, and evidence shows
that SaveOn told J&J about its services in 2016, Ex. 32 (JJHCS_00283419) (████████████████
████████████████████████████████); Ex. 33 (JJHCS_00283401)
(██████████████████████████████████████████████████████
████████); Ex. 34 (JJHCS_00283421) (████████████████████████████
████████████████████████); *see also* Ex. 35 (JJHCS_00283366) (██████
████████████).

Hon. Freda L. Wolfson                                                    Page 5

either did or did not attempt to enforce the May-Not-Use Provision against patients on SaveOn-advised plans. If J&J attempted such enforcement—even unsuccessfully—it must have documents reflecting those efforts; if it did not attempt such enforcement, it should say so.

J&J also says that producing the requested documents would not be proportional. Opp. at 10. But there is nothing burdensome about admitting no documents exist. J&J previously asked the Special Master to limit its production on this topic to policy documents, Dkt. 192 at 12-13, claiming that otherwise it would need to review "hundreds of thousands" of documents, Dkt. 146 at 17; Jan. 24, 2024 Hr'g Tr. at 32:12-14 ("perhaps a quarter of a million documents"). It then failed to produce **any** policies about the May-Not-Use Provision or **any** documents showing that it ever enforced that provision. All evidence to date suggests that J&J never enforced this provision; if J&J intends to argue otherwise, it should produce the evidence instead of hiding behind unsubstantiated—and now dubious—claims of burden.

Simply put, J&J should either produce documents showing its enforcement of the May-Not-Use Provision or state, clearly, that it has no such documents.

---

While J&J asserts that SaveOn tried to evade detection by drug makers, Opp. at 2-5, none of those purported efforts would have prevented J&J from identifying patients on accumulators, maximizers, or SaveOn by, for example: (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 36 (JJHCS_00102019) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also* Ex. 37 (JJHCS_00105817) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 38 (JJHCS_00128365) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 39 (JJHCS_00028405) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮t); (2) a▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *e.g.*, Ex. 31 at lines 9, 11, 12 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); or (3) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—a surefire sign that the patient was on a plan involving an accumulator, a maximizer, or SaveOn, Ex. 40 (JJHCS_00199102); Ex. 41 (JJHCS_00252942).

Hon. Freda L. Wolfson                                                    Page 6

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,


/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 31

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

March 26, 2024

<u>Via E-mail</u>

Sara A. Arrow
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC*** (Case No. 2:22-cv-02632-JKS-CLW)

Dear Sara,

We write to you in your capacity as counsel for TrialCard. Upon review of the 19,930 case and task notes that TrialCard produced, we have identified 1,528 for which we would like TrialCard to produce the associated audio recording and/or transcript. *See* May 12, 2023 Ltr. from G. Carotenuto to A. Dunlap, at 2. Those calls are identified in the attached spreadsheet.

Please let us know by April 1, 2024 when you will be able to make this production.

Sincerely,

Hannah Miles

Hannah R. Miles
Associate

# Exhibit 31
# Attachment Filed
# Under Seal

# Exhibits 32-41 Confidential Filed Under Seal