# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 28, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:    *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*
             **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

     Save On SP, LLC ("SaveOn") moves to compel Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "J&J") to answer one portion of its response to SaveOn's Interrogatory No. 12 and to supplement another. *See* Ex. 1 at 11 (June 3, 2024 SaveOnSP's Fourth Set of Interrogatories).

## Background

     As SaveOn explained this Spring, under the federal Best Price Rule, 42 C.F.R. § 447.505, J&J believed—for many years—that if it learned that any of its copay assistance payments for one of its drugs were going to entities other than patients, it would have to deduct the value of those

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

payments from the "best price" that it charged federal health plans for that drug. J&J thus intentionally avoided learning which patients taking its drugs were on so-called accumulators or maximizers. ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ Ex. 2 at -510 (JJHCS_00047500).

        Consistent with this strategy, ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ :



Ex. 3 at      -214 (JJHCS_00204199) (original emp███████████████████") . ████████████

████████

Ex. 3 at      -214 (JJHCS_0020████████████████ ████████████████████████

████████████████████████████████████████. *See, e.g.*, *id.* (████████

████████████████████████████); Ex. 4 at -649-650 (JJHCS_00137635) (████████████

████████████████████).

        When SaveOn moved to compel J&J to produce documents regarding the Best Price Rule

and the Savings Program Checklists earlier this year, Your Honor agreed that the Best Price Rule

was relevant because it "*may* reveal Plaintiff's intent and motivation in identifying its patients who

are on SaveOnSp's programs." Dkt. 307 at 2 (original emphasis). Before ordering J&J to produce

documents, however, Your Honor directed SaveOn to serve interrogatories "to explore the purpose

of an internal checklist that may or may not relate to Plaintiff's obligations under the Best Price

Rule." Dkt. 307 at 2-3.

SaveOn promptly served Interrogatory No. 12, which asked:

> Describe the purpose and meaning of the Savings Program Check-
> lists, including the meaning of the statements like those highlighted
> in Appendix 1; what steps, if any JJHCS took to ensure that these
> statements were accurate; when and why JJHCS created the Savings
> Program Checklists and, if applicable, stopped using them; and how
> the Savings Program Checklists relate to calculations or submissions
> of best price information pursuant to 42 C.F.R. § 447.505.

Ex. 1 at 11 (June 3, 2024 SaveOnSP's Fourth Set of Interrogatories). The "statements … high-

lighted in Appendix 1" were the Full Value Statement and the Compliance Statement. *Id.* at 29.

In its response, J&J said nothing about the Full Value Statement. SaveOn asked J&J to

provide a response regarding the Full Value Statement, *see* Ex. 5 (Sep. 23, 2024 Ltr. from E. Snow

to J. Long), but J&J refused to do so. *See* Ex. 6 (Oct. 3, 2024 Ltr. from J. Long to E. Snow); Ex. 7

(Oct. 17, 2024 Ltr. from E. Snow to I. Eppler).

Regarding the Compliance Statement, ███████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████." Ex. 8 at 7-8 (Sep. 3, 2024 Responses &

Objections to SaveOnSP's Fourth Set of Interrogatories). SaveOn asked J&J to explain what its

"compliance goals" were and if they included compliance with the Best Price Rule. Ex. 5 at 1 (Sep.

23, 2024 Ltr. from E. Snow to J. Long). J&J refused this too, stating that it "views its answer as

complete," Ex. 7 at 1 (Oct. 17, 2024 Ltr. from E. Snow to I. Eppler), and asserting that, ████████

████████████████████████████████████████████████████████████████████ then

SaveOn should serve another interrogatory about the phrase's meaning or ask what it means in depositions. *Id.*

The parties having met and conferred, SaveOn now moves to compel.

## <u>Argument</u>

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party may not "ignore…specific inquiries in its interrogatories." *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc*., 707 F. Supp. 1429, 1439 (D. Del. 1989). Interrogatory responses must be "true, explicit, responsive, complete, and candid." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996); *see also Struthers Scientific & Intern. Corp. v. General Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970) (ordering Plaintiff to supplement interrogatory response that was "not sufficiently specific"). An "evasive" interrogatory response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4); *see Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 705 & n.17 (D.N.J. 2015).

J&J violated Rule 33 by failing to address the Full Value Statement. In Interrogatory No. 12, SaveOn explicitly asked J&J to "describe the purpose and meaning" of statements that it had highlighted in the Savings Program Checklists, one of which was the Full Value Statement. J&J was thus bound to address that statement in its response, but it did not. Your Honor should compel J&J to answer this portion of Interrogatory No. 12. *See, e.g., Barton v. RCI, LLC*, 2014 WL 1050417, at *6 (D.N.J. Mar. 17, 2014) (sanctioning Plaintiff for not responding to an interrogatory that it indicated it would answer substantively); *Pfizer Inc. v. Teva Pharms. USA, Inc*., 2006 WL 2938723, at *2-3 (D.N.J. Oct. 13, 2006) (sanctioning Defendant for its "materially incomplete" response that "ignored" Plaintiff's request to provide the conception date of specific

patents); *Willemijn Houdstermaatschaapij*, 707 F. Supp. at 1440-41 (ordering Defendant to provide information about at-issue product types "made, used, sold or leased," not just about those "sold").

J&J also violated Rule 33 with its vague response that the Compliance Statement ensures consistent operation with its "compliance goals." An interrogatory answer "should be complete in itself," *Russell v. FirstBank Puerto Rico*, 2021 WL 7709714, at *1 (D.V.I. Dec. 10, 2021) (quoting *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)), yet J&J does not explain what those compliance goals are or whether they include compliance with the Best Price Rule—the very subject that Your Honor directed SaveOn to explore through this interrogatory. Your Honor should compel J&J to supplement its response regarding the Compliance Statement to explain what its "compliance goals" are and whether they include compliance with the Best Price Rule. *See, e.g.*, *King v. Verizon N.J., Inc.*, 2023 WL 5817126, at *15-16 (D.N.J. Sept. 6, 2023) (ordering defendant to supplement its insufficient interrogatory response to specify its "relationship" with a third party beyond that it "handled" activities for an account); *Barton*, 2014 WL 1050417, at *3 (ordering Plaintiff to supplement "evasive, indecipherable, and deficient" interrogatory responses); *Patton v. Loadholt*, 2020 WL 5095858, at *4 (E.D. Cal. 2020) (ordering Defendant to supplement "vague and incomplete" response where Plaintiff asked why they were not treated with a particular medication and Defendant responded that "plaintiff did not receive the medication because he failed to qualify for treatment"); *Struthers*, 51 F.R.D. at 153 (D. Del. 1970) (holding that plaintiff's interrogatory response that "some … combination" of its machinery constituted the trade secret at issue was "not sufficiently specific" and ordering plaintiff to state which "combination" of machinery constituted the trade secret).

***

We appreciate Your Honor's attention to this matter.

Respectfully submitted,


/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 1

E. Evans Wohlforth, Jr.
ROBINSON COLE LLP
666 Third Avenue #20
New York, NY 10174
ewohlforth@rc.com
kkatchen@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S FOURTH SET OF INTERROGATORIES TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 33 and Local

Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson

Health Care Systems Inc. ("JJHCS"), answer these Interrogatories within 30 days of being served

or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that these Interrogatories are continuing in nature,

and it is requested that JJHCS serve upon SaveOnSP's counsel, via supplemental answers, any

information requested herein that is unavailable at the time answers hereto are submitted, but

which becomes available to JJHCS or any attorney, agent, representative, or principal of JJHCS

prior to the termination of this case.

Dated: June 3, 2024          By:          *E. Evans Wohlforth, Jr.*
                                        E. Evans Wohlforth, Jr.
                                        ROBINSON COLE LLP
                                        666 Third Avenue #20
                                        New York, NY 10174
                                        ewohlforth@rc.com
                                        kkatchen@rc.com

                                        Philippe Z. Selendy
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        Elizabeth Snow
                                        SELENDY GAY ELSBERG, PLLC
                                        1290 Avenue of the Americas

New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

## DEFINITIONS

1.       The singular form of a word includes the plural, and vice versa.

2.       Any tense of a verb includes all tenses.

3.       Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.       Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.       "2016 Best Price Rule" means 42 C.F.R. § 447.505 which permits manufacturers to exclude funds paid by copay assistance programs, "to the extent the manufacturer ensures that the full value of the coupon is passed on to the consumer, and the pharmacy, agent, or other entity does not receive any price concession."

6.       "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price." It was proposed by the Department of Health and Human Services on June 19, 2020, 85 Fed. Reg. 37,286, and permanently enjoined on May 17, 2022.

7.       "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assis-

tance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8. "<u>Action</u>" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

9. "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

10. "<u>Amended Complaint</u>" means the draft amendment to the May 4, 2022 Complaint (Dkt. No. 1) filed by JJHCS in this Action that JJHCS proposed on March 14, 2024 (Dkt. No. 219).

11. "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

12. "<u>Best Price</u>" is the lowest price available form the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

13. "<u>CAP Program</u>" means JJHCS's Cost or Copay Adjustment Program, which was designed to identify members of Accumulators, Maximizers, and SaveOn-advised plans and to reduce CarePath payments to those members.

14. "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

15. "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5

16.     "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

17.     "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

18.     "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

19.     "Including" means including but not limited to.

20.     "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

21.     "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

6

22. "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all pre-decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including without limitation Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen, Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its docu-ments relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract contain-ing provisions similar to those in the Master Service Agreement discussing the May 28 order.

23. "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

24. "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

7

25.     "Person" means a natural person or legal entity including any business or governmental entity or association.

26.     "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

27.     "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

28.     "Savings Program Checklist" means checklists prepared by Janssen for its Copay Assistance programs which indicate that "[t]he full value of the assistance is passed onto the consumer," JJHCS_00204199 at 014.

## INSTRUCTIONS

1.      These Interrogatories seek information available to you following a reasonable inquiry into the information sought.

2.      These Interrogatories seek nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.      Answer each Interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

8

4.      If you object to all or part of an Interrogatory, state that objection with specificity. Fed. R. Civ. P. 33(b)(4). Any ground not stated in a timely objection will be waived unless excused by the Court for good cause. *Id.*

5.      If you object to part of an Interrogatory, specify the part and answer the rest.

6.      If you are unable to answer all or part of an Interrogatory, specify the part and answer the rest.

7.      If you find the meaning of any term in these Interrogatories unclear, assume a reasonable meaning, and respond to the Interrogatory according to the assumed meaning, stating your assumed meaning in your response.

8.      If the answer to an Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a part your documents, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, you may answer by (a) specifying the records that must be reviewed, in sufficient detail to enable SaveOnSP to locate and identify them as readily as you could; and (b) giving SaveOnSP a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. Fed. R. Civ. P. 33(d).

9.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). When you claim any privilege, you shall indicate, as to the information requested, whether (a) any documents exist; or (b) any oral communications took place. If you assert a privilege in connection with a claim or defense governed by state law, you shall set forth the state privilege rule being invoked. Local Civ. Rule 33.1(c).

10.     If the person who verifies the answers to interrogatories does not have personal knowledge of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of the information is documentary, provide a full description including the location thereof. Local Civ. Rule 33.1(b).

11.     If you become aware of a document concerning an Interrogatory that was once in your possession, custody, or control, and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

12.     Answers must be signed by the person providing them; objections mut be signed by an attorney. Fed. R. Civ. P. 33(b)(5).

13.     If after responding to any Interrogatory you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

These Interrogatories relate to the time period from and including June 19, 2020 through May 17, 2022.

## REQUESTS

11.     Describe all actions that JJHCS took or considered taking in response to or because of the promulgation of the 2023 Best Price Rule, including if applicable: creating the CAP Program or similar programs; attempting to identify patients on Accumulators, Maximizers, or SaveOnSP-

advised plans, including through benefits investigations; changing or enforcing CarePath's terms and conditions for any Janssen Drug (including developing or changing JJHCS's interpretation of such terms and conditions); changing the maximum amount of copay assistance offered through CarePath for any Janssen Drug; bringing litigation against any party (including SaveOnSP); and/or analyzing the impact or potential impact of the 2023 Best Price Rule on CarePath's viability or on JJHCS.

12.     Describe the purpose and meaning of the Savings Program Checklists, including the meaning of the statements like those highlighted in Appendix 1; what steps, if any JJHCS took to ensure that these statements were accurate; when and why JJHCS created the Savings Program Checklists and, if applicable, stopped using them; and how the Savings Program Checklists relate to calculations or submissions of best price information pursuant to 42 C.F.R. § 447.505.

13.     Identify all individuals with knowledge of or responsibility for any of the matters discussed in Interrogatories 12 and 13. For each such individual, please provide (a) their name; (b) their position(s), including whether or not they are currently employed by JJHCS; and (c) the matter(s) for which they had knowledge and/or responsibility.

11

## <u>CERTIFICATION</u>

I am the _____ of Plaintiff Johnson & Johnson Health Care Systems Inc. ("Plaintiff"). I am authorized to submit this certification on behalf of Plaintiff. I certify that the foregoing responses made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, I and Plaintiff are subject to punishment.

I certify that in responding to the foregoing Interrogatories, I furnished all information available to Plaintiff, and to its agents, employees, and attorneys. As to those answers which are not within my personal knowledge, I certify that I provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

Dated: _____          By: _____

                                        Title: _____

12

# EXHIBIT 1, APPENDIX 1

## Confidential - Filed Under Seal

# EXHIBITS 2 - 4

**Confidential - Filed Under Seal**

# Exhibit 5

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

September 23, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding J&J's R&Os to SaveOn's Fourth Set of Interrogatories.

*First*, in response to SaveOn's Interrogatory 12, ███████████
███████████████████████████████████████████████
██████████████████████████████████" Sept. 3, 2024
R&Os at 7-8. Please confirm that those "compliance goals" include compliance
with 42 C.F.R. § 447.505. *See* JJHCS_00232892 at 8.

*Second*, SaveOn's Interrogatory No. 12 asked J&J to "[d]escribe the purpose
and meaning of the Savings Program Checklists, including the meaning of the
statements like those highlighted." ████████████████
████████████████ JJHCS_00204199 at -214
(█████████████████████████). J&J does not explain the meaning
of that statement. Please do so.

Following receipt of J&J's complete responses to SaveOn's Interrogatories,
SaveOn will respond to J&J's July 26, 2024 letter regarding J&J's production re-
garding the 2023 Best Price Rule, including the requested addition of Gina Kiris
and Lena Kane as custodians under a separate cover.

Julia Long
September 23, 2024

       We request a response by September 30, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# **Exhibit 6**



www.pbwt.com

October 3, 2024

Julia Long
(212) 336-2878

**<u>By Email</u>**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

     **Re:**   **SaveOnSP's Fourth Set of Interrogatories**
              ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
              <u>**Case No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

       We write in response to SaveOnSP's September 23, 2024 letter regarding its Fourth Set of Interrogatories.

       First, your letter poses a substantive follow-up question regarding JJHCS's "compliance goals" based on Interrogatory No. 12.  We have previously explained that "discovery letters to counsel are not a proper substitute for the discovery tools provided for in the Federal Rules."  Aug. 19, 2024 Ltr. from J. Long to E. Snow at 3.  SaveOnSP is, of course, welcome to pose any additional questions it has at depositions, or using an appropriate discovery device.

       Second, your letter suggests that JJHCS's response to SaveOnSP's Interrogatory No. 12 is incomplete.  We have reviewed JJHCS's response to SaveOnSP's Interrogatory No. 12 and have concluded that it is complete as served.

                   Very truly yours,

                   <u>*/s/ Julia Long*</u>
                   Julia Long

# Exhibit 7

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

October 17, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

**Re:    Johnson & Johnson Health Care Systems Inc. v. Save On SP,
      LLC (Case No. 2:22-cv-02632-JKS-CLW**

Dear Ian,

        We write to memorialize this morning's meet-and-confer regarding J&J's response to SaveOn's Fourth Set of Interrogatories.

[REDACTED] *, see, e.g.*, JJHCS_00204199, [REDACTED] Sep. 3, 2024 Responses & Objections to SaveOn's Fourth Set of Interrogatories at 7-8.

        During the parties' meet-and-confer, we asked J&J to clarify the meaning of "compliance goals." You refused to answer. Instead, you requested that SaveOn either serve another interrogatory to learn the meaning of "compliance goals" or ask about the topic at depositions.

        We also asked if J&J understood what Interrogatory No. 12 was asking, including that it requested that J&J explain the meaning of the highlighted portions of the Appendix. You said J&J understood and views its answer as complete.

Ian Eppler
October 17, 2024

SaveOn disagrees, and the parties are at impasse.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 8

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JKS) (CLW)<br><br>**PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S REVISED FOURTH SET OF INTERROGATORIES** |

# GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an

1

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.  JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.  JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.  JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.  JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.  JJHCS objects to the definition of the term "2016 Best Price Rule" to the extent that it reflects a legal conclusion regarding the requirements of 42 C.F.R. § 447.505.  JJHCS further objects to the definition as inconsistent with the text of 42 C.F.R. § 447.505 in 2016.  The version of 42 C.F.R § 447.505 adopted in 2016 did not require a "manufacturer [to] ensure[] that the full value of the coupon is passed on to the consumer."  *See Medicaid Program; Covered Outpatient Drugs*, 81 Fed. Reg. 5,170, 5,352 (Feb. 1, 2016).

2.  JJHCS objects to the definition of the term "2023 Best Price Rule" to the extent that it reflects a legal conclusion regarding the requirements of the since-enjoined regulation described in 85 Fed. Reg. 87,000.

15221054

3.      JJHCS objects to the term "CAP Program" to the extent that it offers a conclusion regarding the purpose of the CAP Program and JJHCS's intent in implementing the CAP Program.

4.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

5.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

6.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include

3

15221054

entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

7.    JJHCS objects to the term "Savings Program Checklist" as irrelevant to the extent that it covers patient assistance programs not connected to CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "checklists prepared by Janssen for its Copay Assistance programs," other than the copay assistance programs at issue in this litigation.

## TIME PERIOD

1.    Consistent with the Court's order and SaveOnSP's Interrogatories, JJHCS will only provide information from June 19, 2020 through May 17, 2022 (the "Time Period").  May 28, 2024 Order, Dkt. No. 307, at 3 n.2.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 11

Describe all actions that JJHCS took or considered taking in response to or because of the promulgation of the 2023 Best Price Rule, including if applicable: creating the CAP Program or similar programs; attempting to identify patients on Accumulators, Maximizers, or SaveOnSP advised plans, including through benefits investigations; changing or enforcing CarePath's terms and conditions for any Janssen Drug (including developing or changing JJHCS's interpretation of such terms and conditions); changing the maximum amount of copay assistance offered through CarePath for any Janssen Drug; bringing litigation against any party (including SaveOnSP); and/or analyzing the impact or potential impact of the 2023 Best Price Rule on CarePath's viability or on JJHCS.

**Response:**

15221054

15221054

[REDACTED]

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt. No. 62.

**Interrogatory No. 12**

Describe the purpose and meaning of the Savings Program Checklists, including the meaning of the statements like those highlighted in Appendix 1; what steps, if any JJHCS took to ensure that these statements were accurate; when and why JJHCS created the Savings Program Checklists and, if applicable, stopped using them; and how the Savings Program Checklists relate to calculations or submissions of best price information pursuant to 42 C.F.R. § 447.505.

**Response:**

[REDACTED]

6

15221054

████████████████████████████████████████████████████████████

███████████████████████████████████████████.

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt. No. 62.

**<u>Interrogatory No. 13</u>**

Identify all individuals with knowledge of or responsibility for any of the matters discussed in Interrogatories 12 and 13. For each such individual, please provide (a) their name; (b) their position(s), including whether or not they are currently employed by JJHCS; and (c) the matter(s) for which they had knowledge and/or responsibility.

**Response:**

In ██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████ █████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] JJHCS understands this Interrogatory's reference to "Interrogatories 12 and 13" to be an error, and construes it as a reference to "Interrogatories 11 and 12."

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████.

9

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"

under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt No. 62.

Dated: September 3, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:   /s/Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM
KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

## <u>CERTIFICATION</u>

1.      I am authorized by JJHCS to execute these Responses to Interrogatory Nos. 11 to 13 on its behalf.

2.      I have read the attached Responses to SaveOnSP's Interrogatory Nos. 11 to 13 dated September 3, 2024.

3.      The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.      To the extent that the Responses are based upon my personal knowledge, it is true to the best of my knowledge.  To the extent that the Responses are based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe the Responses to be true.

I certify that the foregoing is true and correct.


Dated: September 3, 2024

*Lena Kane*

_____

Lena Kane

15221054

11