# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

November 14, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

    **Re:** ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
       **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in reply to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") opposition to SaveOn's motion to compel J&J to update its answer to Interrogatory No. 12 to (1) clarify its response to the Compliance Statement; and (2) address the Full Value Statement.[1]

**The Compliance Statement**. In its response to Interrogatory No. 12, ▇▇▇▇▇▇▇▇

---

[1] Unless otherwise noted, defined terms have the meanings defined in SaveOn's opening motion.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | **rc.com**

Robinson & Cole LLP

Ex. 8 at 7-8. J&J does not dispute that, when SaveOn asked what this meant, J&J refused to clarify and asserted that SaveOn should serve another interrogatory to find out. Mot. at 3-4 (citing Ex. 7 at 1). In its Opposition, J&J now says, for the first time, that its response "state[s] 'unequivocally' that  Opp. at 4. Your Honor should compel J&J to update its sworn Interrogatory response to include this admission.

**Full Value Statement**. The Full Value Statement, a part of J&J's internal Savings Program Checklists, states:



Ex. 3 at -214 (original emphasis). In response to Interrogatory No. 12, which asks about the meaning and purpose of those checklists, J&J stated in relevant part:

2

Hon. Freda L. Wolfson                                                                                              Page 3



Ex. 8 at 7-8.

J&J's response does not fully address the purpose of the Full Value Statement.



. Opp. at 4; Your Honor should compel J&J to update its sworn Interrogatory response to include this admission.

J&J's response also does not address at all the meaning of the Full Value Statement—

. This is critically important. J&J continues to assert that SaveOn takes CarePath funds, *see* Dkt. 418 at 4, n. 3 (Apr. 18, 2024 Mot.) (compiling quotes); *see also, e.g.*, Dkt. 378 at 6 (Sept. 10, 2024 Opp.) ("SaveOnSP . . . tortiously pilfered [money] from CarePath"), and that SaveOn's theft of these funds violates the May-Not-Use Provision, because J&J has "long intended that its patient assistance programs 'not provide any value to any other entity other than the patient,'" Dkt. 377 at 5 (Sept. 10, 2024 Opp.). Because the statements in the checklists appear to directly contradict J&J's claims that patients on SaveOn-advised plans breach that provision, SaveOn is entitled to understand what J&J meant when it made these statements and how it intends to explain this apparent contradiction. Your Honor recognized the importance of this topic by allowing SaveOn to serve interrogatories about the checklists. *See* May 23, 2024 Hr'g Tr. at 99:20-100:19.

J&J asserts that its response addresses the purpose of Full Value Statement "to the extent required by Your Honor's order," but J&J does so by mischaracterizing that order as limiting any response to "the proposed [2023] amendment to the Best Price Rule," Opp. at 10. J&J confuses Your Honor's reasoning with the scope of Your Honor's order. Your Honor reasoned that "documents regarding [J&J's] 'best price' certification to the federal government" are relevant because they may reveal that J&J changed some of its terms and conditions and created its CAP Program "in response to the proposed 2023 Best Price Rule." Dkt. 307 at 2 (May 28, 2024 Order). But Your Honor did not limit the order to the proposed 2023 amendment—Your Honor held that SaveOn could serve interrogatories "to explore the purpose of an internal checklist that may or may not relate to [J&J's] obligations under the Best Price Rule." *Id*. at 2-3. This makes sense: One needs to understand J&J's certifications before and after the 2023 Best Price Rule, and the meaning it attached to those certifications, to understand how J&J may have changed its behavior in reaction to that Rule. J&J is not allowed to assert that ████████████████████████████████████████████████████████████████████████████; it must say what the Full Value Statement means.

J&J tries to relitigate the relevance of the Best Price Rule, calling the likelihood that it changed its T&Cs and instituted its CAP Program in part in reaction to the 2023 Best Price Rule a "debunked," Opp. at 1-2, and "tangential," *id.* at 12, "conspiracy theory," *id.* at 11. In fact, Your Honor held that the Best Price Rule is relevant, *see* Dkt. 307 at 2 (May 28, 2024 Order) ("I agree with Defendant's position that these documents may reveal Plaintiff's intent and motivation in identifying its patients who are on SaveOnSp's programs" (emphasis removed)) and asked SaveOn to stage discovery by first serving interrogatories, *id.* at 2-3, which it did. J&J did not appeal this decision, or ask Your Honor to reconsider it, and may not relitigate it now.

J&J next asserts that Your Honor ruled "dispositive[ly]" in a prior order that parties never need to supplement their interrogatory responses, Opp. at 12-13, but in truth Your Honor simply denied J&J's motion to compel SaveOn to change an Interrogatory answer with which J&J disagreed, *see* Dkt. 305 at 7-8 (Apr. 10, 2024 Order). This motion, by contrast, concerns J&J's failure to answer portions of Interrogatory No. 12 in the first place—including the meaning of the Full Value Statement. Such a refusal has not arisen in this case before, and ample caselaw supports compelling J&J to answer those portions of SaveOn's interrogatories that it did not address. Mot. at 4-5.

J&J's tries to distinguish SaveOn's case law, Opp. at 11-12, but it does not dispute that a party cannot ignore portions of an interrogatory without a basis to object. Mot. at 4 (citing *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1439 (D. Del. 1989)). J&J asserts that *Barton v. RCI, LLC* did not address the sufficiency of interrogatory responses, Opp. at 11, but, in reality, that case found multiple responses "evasive, indecipherable, and deficient," 2014 WL 1050417 at *4, *6 (D.N.J. Mar. 17, 2014), and compelled plaintiff to provide substantive answers, *id.* at *6. J&J says that *Pfizer Inc. v. Teva Pharms. USA, Inc.* is "irrelevant," Opp. at 11-12, but in fact the court found that plaintiff's interrogatory response had been "materially incomplete" without justification until late in the case, 2006 WL 2938723 at *2-3 (D.N.J. Oct. 13, 2006), just as J&J's is now. J&J acknowledges that SaveOn's other cited cases required parties to supplement incomplete interrogatory answers, Opp. at 12, but dismisses them on the sole basis that it "fully answered" Interrogatory No. 12, *id.*, which, as shown, it did not.

J&J finally tries arguing that SaveOn's interrogatories are "compound," in service of arguing that they are too numerous, Opp. at 2-3, but they are not—SaveOn served only three interrogatories regarding the Best Price Rule. Ex. 1 at 10-11. Interrogatories may have sub-parts, whether

"explicit or implicit," so long as they are all within one "discrete separate subject." *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, 2017 WL 2371834 at *3 (D.N.J. Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 2367051 (D.N.J. May 31, 2017) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016)). The single subject of Interrogatory No. 12 is "the purpose and meaning of the Savings Program Check-lists" and the Full Value Statement is self-evidently within that subject. *See* Ex. 1 at 11.[2]

At bottom, J&J has not provided full answers to the Interrogatory No. 12, which Your Honor directed SaveOn to serve, on a topic that Your Honor held was relevant. Your Honor should compel J&J to provide those answers.

SaveOn appreciates Your Honor's attention to this matter.

>                          Respectfully submitted,
>
>                          /s/ E. Evans Wohlforth, Jr.
>                          E. Evans Wohlforth, Jr.
>                          Robinson & Cole LLP
>                          666 Third Avenue, 20th floor
>                          New York, NY 10017-4132
>                          Main (212) 451-2900
>                          Fax (212) 451-2999
>                          ewohlforth@rc.com

---

[2] J&J also complains about search parameters that SaveOn proposed for a production of documents about the Best Price Rule, Opp. at 7-8, but they are not at issue in this motion.

        Philippe Z. Selendy (admitted *pro hac vice*)
        Andrew R. Dunlap (admitted *pro hac vice*)
        Meredith Nelson (admitted *pro hac vice*)
        Elizabeth H. Snow (admitted *pro hac vice*)
        SELENDY GAY PLLC
        1290 Avenue of the Americas
        New York, NY 10104
        (212) 390-9000

        pselendy@selendygay.com
        adunlap@selendygay.com
        mnelson@selendygay.com
        esnow@selendygay.com

        *Attorneys for Defendant Save On SP, LLC*