# Sills Cummis & Gross

A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

October 29, 2024

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**Re: JJHCS's Opposition to SaveOnSP's October 9, 2024 Motion to Compel**
***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, *et al.*,**
**Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), we write in opposition to SaveOnSP's October 9, 2024 motion to compel JJHCS to add nine more custodians—which would make JJHCS's total custodian count 55. (SaveOnSP has separately demanded another 14, which would take the count to 69. SaveOnSP itself has only 33 custodians.)

SaveOnSP's "follow every breadcrumb" approach has led it astonishingly far from the straightforward issues that will be tried in this case: whether SaveOnSP "induced patients to breach their contracts with JJHCS or whether it deceives the public." D.E. 66 at 7–8. In this latest motion, SaveOnSP now demands the addition of employees who worked on issues like the printing specifications for color brochures or on the "Nurse Navigator" service that helps patients learn how to inject their medicine.

Other employees whose documents SaveOnSP seeks did have exposure to relevant issues—indeed, JJHCS disclosed one of them in its responses to the very first set of interrogatories that SaveOnSP served in ***2022***. But at this late stage they are entirely redundant of the 46 custodians JJHCS has added in the intervening two years. Some of them, if added, would be the ninth or 10th member of their team to be custodians. And tellingly, many of SaveOnSP's 138 exhibits are documents JJHCS produced well over a year ago, some as early as its very first custodial production in March 2023. In other words, not only does SaveOnSP already have the documents it needs to try this case, it has had them for a very long time.

SaveOnSP claims that its vexatious tactics are the natural consequence of Your Honor's July 16, 2024 ruling. Mot. at 2. They are not. Your Honor's ruling rejected SaveOnSP's attempt to effectively restart discovery as to eight Janssen entities, and suggested that the parties focus their conferral on six specific employees. D.E. 336 at 2. Where Your Honor gave SaveOnSP an inch, SaveOnSP took a mile. Because the order said that Your Honor was only "suggest[ing]" six names, SaveOnSP felt emboldened to send a deluge of letters demanding ***30*** more custodians,[1] going far beyond the scope not only of Your Honor's order, but even SaveOnSP's own prior motion. Nevertheless, JJHCS in good faith quickly agreed to add six custodians (including most of those Your Honor had suggested the parties discuss) and provided detailed explanations why the others were not appropriate. SaveOnSP Ex. 4 (Aug. 13, 2024 Ltr. from I. Eppler to E. Snow);

---

[1] *See* Ex. 1 (Aug. 28, 2024 Ltr. from E. Snow to I. Eppler) at 2 (demanding that JJHCS add an additional custodian); Ex. 2 (July 19, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add three additional custodians); SaveOnSP Ex. 3 (July 19, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add 22 additional custodians); Ex. 3 (July 19, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add two additional custodians); Ex. 4 (June 28, 2024 Ltr. from E. Snow to J. Long) (demanding that JJHCS add two additional custodians).

Ex. 5 (Aug. 19, 2024 Ltr. from J. Long to E. Snow). SaveOnSP's response, as always, has been to double down and pursue even more extreme tactics. This is SaveOnSP's second recent motion with incremental demands for new JJHCS custodians, but it will not be the last: there are up to 14 additional employees SaveOnSP seeks but has not yet moved on, and new SaveOnSP demands are coming in every day. Indeed, even after filing this motion, SaveOnSP sent JJHCS a letter on October 17 (one of six discovery letters SaveOnSP sent that day) to insist that yet another custodian be added, over and above the 30 already referenced. The imposition of burden on JJHCS through these demands and motions is not incidental—it is the point. The Court should put a categorical stop to it. Anything less will not suffice, because as the record shows, SaveOnSP treats every split ruling as an invitation to multiply its demands.

One final note: SaveOnSP's submission must be read with caution, because its 138 exhibits do not support the sweeping propositions made in SaveOnSP's brief. Attaching 138 exhibits to a discovery motion is itself improper, designed to overwhelm the Court and JJHCS and undermine the Court-imposed page limits that are in place to minimize expense and burden. SaveOnSP's brief distorts the contents of these exhibits in ways both small (e.g., claiming someone "presented" on a topic when in fact she was simply sharing her screen in a Zoom meeting to help participants to view the deck) and large (e.g., citing documents mentioning accumulators ***in general*** to argue that JJHCS did not think SaveOnSP's ***particular*** features violate the CarePath terms and conditions). JJHCS does not and cannot correct every misstatement here, and ultimately they are a distraction from the point: these nine employees are irrelevant, duplicative, or both. Adding them now would be unduly burdensome and disproportionate to the needs of the case.

SaveOnSP's motion should be denied.

## DISCUSSION

### I. SaveOnSP Has Not Shown That These Nine Individuals Possess Unique And Relevant Documents

JJHCS addresses the new custodians demanded by SaveOnSP in the order chosen by SaveOnSP as set forth in its moving submission.

#### 1. Katie Hanculak

SaveOnSP seeks to add Hanculak as a custodian for a seven-year period, yet its own exhibits show that her period of potential relevance was at most 17 months in the middle of that period—and that even during that short window, she worked alongside numerous existing custodians. There would be nothing proportionate about adding her as a 47th JJHCS custodian.

Despite referring to 28 exhibits to support Hanculak's addition, not a single document involving Hanculak is dated before June 2020 or after November 2021. This is because outside that brief window, Hanculak held irrelevant roles and had nothing to do with the issues in this case. As to the remaining 17-month period, Hanculak worked alongside existing custodians such as Spilios Asimakopoulos, Lauren Pennington, Karen Lade, Cherilyn Nichols, Jasmeet Singh, Bill Robinson, Michelle Barnard, and Heith Jeffcoat on immunology patient experience issues. *See, e.g.*, SaveOnSP Ex. 24 (JJHCS_00246272); Ex. 6 (JJHCS_00252940); SaveOnSP Ex. 23 (JJHCS_00252942); SaveOnSP Ex. 40 (JJHCS_00272514). Moreover, SaveOnSP's exhibits demonstrate that [redacted]. *See* SaveOnSP Ex. 39 (JJHCS_00272720) ([redacted]). Adding a ninth, passive custodian covering identical topics for this brief window in time is neither necessary nor proportional.

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 5

SaveOnSP also cites Hanculak's membership on the IMM CAP 2022 Tiger Team. Mot. at 5–6. But as the documents cited by SaveOnSP demonstrate, . *See* SaveOnSP Ex. 37 (JJHCS_00034977) ( ). SaveOnSP's exhibits also show SaveOnSP Ex. 34 (JJHCS_00047500) at -502. Given this comprehensive coverage at multiple levels, there is no basis to compel an ***11th*** Tiger Team custodian.[2]

**2. Elizabeth Kreul-Starr**

SaveOnSP's arguments for adding Kreul-Starr fail for four reasons. ***First***, as with Hanculak, there is a threshold issue of time period: SaveOnSP's 32 exhibits concerning Kreul-Starr are all concentrated between February 2018 and September 2022, not the seven-year period that it demands. And indeed, Kreul-Starr transitioned into a new position at J&J in or around January 2018 and left the company in September 2022.

[2] SaveOnSP also lists two exhibits related to a second group—the "IMM CAP 2023 Tiger Team"—but Hanculak was not a member of this group. SaveOnSP Ex. 35 (JJHCS_00117039); SaveOnSP Ex. 36 (JJHCS_00011148); *see also* Ex. 7 (JJHCS_00231759) ( ).

***Second***, SaveOnSP's extreme delay on Kreul-Starr demonstrates that she has been a low priority even for SaveOnSP, which is not surprising given that her documents are duplicative of other custodians. [redacted]. Ex. 8 (JJHCS's Responses and Objections to Defendant's First Set of Interrogatories) at 10–11.[3] SaveOnSP's brief does not explain why it decided to wait a year and a half to seek her addition as a custodian, but the reason seems clear: SaveOnSP repeatedly chose to prioritize other custodians it regarded as more relevant and important, and is only belatedly circling back to Kreul-Starr now because there is practically no one left to demand. JJHCS has already added everyone who matters and then some, including two of Kreul-Starr's direct reports (Jeffcoat and Minecci); her immediate supervisor (Mazuk); and others in her reporting line at various portions of the relevant time period (Lade, Asimakopoulos, Pennington, and Anderson). At this point, any relevant documents in Kreul-Starr's files are likely to be cumulative of JJHCS's existing productions, as even SaveOnSP's exhibits illustrate. *See, e.g.*, SaveOnSP Ex. 18 (JJHCS_00035075) ([redacted]); SaveOnSP Ex. 57 (JJHCS_00272715) ([redacted]); SaveOnSP Ex. 62 (JJHCS_00011222) ([redacted]).

***Third***, SaveOnSP's arguments for Kreul-Starr's relevance—her purported knowledge of SaveOnSP, advice to decisionmakers, and J&J's damages—are all meritless.

---

[3] Similarly, most of the exhibits that SaveOnSP cites in support of its motion to compel Kreul-Starr (24 out of 32) were produced in 2023, nearly a year ago now.

- Knowledge regarding SaveOnSP: None of SaveOnSP's exhibits suggest that Kreul-Starr had any "[redacted]" Mot. at 7. Indeed, the [redacted] *see* SaveOnSP Ex. 71 (JJHCS_00000630), [redacted], *see* SaveOnSP Ex. 60 (JJHCS_00001221).[4] Neither shows that Kreul-Starr had "extensive" relevant knowledge.

- Advice to decisionmakers: Although SaveOnSP [redacted] Mot. at 7, its own exhibit reveals that [redacted], SaveOnSP Ex. 52 (JJHCS_00140480). And, in any event, SaveOnSP has these materials from existing custodians' files (White, Mazuk, and Asimakopoulos).[5]

- Damages: Although SaveOnSP claims that [redacted] Mot. at 6 (citing SaveOnSP Ex. 45), [redacted], *see* SaveOnSP Ex. 45 (JJHCS_00222582) at -584, -586. That does not merit adding Kreul-Starr, who in any event was [redacted].[6] The

[4] SaveOnSP faults JJHCS for not changing CarePath's maximum benefit to the same amounts that SaveOnSP was then using as its fixed copays. *See* Mot. at 8 (citing SaveOnSP Ex. 60). Setting aside the fact that SaveOnSP has no standing to dictate how much copay assistance JJHCS offers to its patients, the point is moot because SaveOnSP [redacted]. Instead, SaveOnSP soon moved to a [redacted] *E.g.*, Ex. 9 (Express_Scripts_1350_00012745) at -746.

[5] [redacted] Mot. at 7 (citing SaveOnSP Ex. 53 (JJHCS_00002989)). [redacted]. *See* SaveOnSP Ex. 53 (JJHCS_00002989) at -3000. And, once again, JJHCS produced this document in March 2023, yet SaveOnSP never raised it as a basis to add Kreul-Starr as a custodian until late August 2024.

[6] Separately, SaveOnSP advances the fallacy that, because JJHCS updated the terms and conditions for Stelara and Tremfya in late 2021, JJHCS somehow concedes that the "other offer" provision

same is true for SaveOnSP's claim that [redacted] Mot. at 7. [redacted] *See* SaveOnSP Exs. 46–48 (JJHCS_00221267; JJHCS_00221271; JJHCS_00221286). SaveOnSP has no claims against Janssen or JJHCS, let alone claims relating to some alleged deception.

***Finally***, SaveOnSP's remaining exhibits relate to topics that Your Honor has repeatedly ruled irrelevant. For example, SaveOnSP cites to a bevy of exhibits related to JJHCS's terms and conditions regarding patients with government insurance. *See* Mot. at 8. But Your Honor denied SaveOnSP discovery related to such irrelevant terms and conditions in January, and denied SaveOnSP's motion for reconsideration on this topic in April. *See* Feb. 6, 2024 Order at 13 (denying motion to compel related to enforcement of terms and conditions outside of "May-Not-Use" provision); Apr. 25, 2024 Order at 2–3 (denying motion for reconsideration of February 6, 2024 Order).[7] SaveOnSP does the same thing with respect to the Best Price Rule. *See* Mot. at 7 (citing SaveOnSP Exs. 49–50, 67 [redacted]). Here, too, Your Honor already has rejected SaveOnSP's request for document discovery. *See* May 28, 2024 Order at 3. These topics, long deemed irrelevant, cannot be the basis to belatedly add Kreul-Starr now.

---

did not prohibit SaveOnSP. *See* Mot. at 8 (citing SaveOnSP Ex. 57 (JJHCS_00272715)). For the avoidance of doubt, both the Amended Complaint and Proposed Supplemented Amended Complaint allege that SaveOnSP independently violates both versions of the CarePath terms and conditions, as well as subsequent updates to them. *See* D.E. 403.

[7] Similarly, [redacted] *See* SaveOnSP Ex. 64 (JJHCS_00117264) at -265—266; SaveOnSP Ex. 65 (JJHCS_00080822) (same).

Case 2:22-cv-02632-JKS-CLW Document 436-3 Filed 11/21/24 Page 10 of 241 PageID: 50475

### 3. Matthew Saggese

SaveOnSP makes two arguments as to why Saggese should be added as a custodian: first, that he "pushed [JJHCS] to increase CarePath payments to patients on maximizer plans," and second, that he "developed a scheme to send CarePath patients to SaveOn once they exhausted CarePath funds." Mot. at 10–11. Saggese's work reflected in these documents involved numerous existing custodians. Moreover, both arguments entirely misread the documents SaveOnSP cites.

To begin with, Saggese's role focused on oversight of marketing and customer experience issues related to the use of Janssen immunology products to treat gastrointestinal conditions. *See* SaveOnSP Ex. 76 (JJHCS_00190387) ([redacted]"). That work, for the most part, is irrelevant. [redacted]. *Id.* at -388 ([redacted][8]

Saggese's role also involved working with the "FRAS" team, i.e., contracted field representatives working for non-J&J companies who assist medical providers. As part of this work, he sometimes received comments or feedback on Janssen offerings (including CarePath) from these external contractors. [redacted]. *See, e.g.*, SaveOnSP Ex. 82 (JJHCS_00181853) ([redacted]);

[8] Again, although SaveOnSP demands Saggese for a seven-year period, it cites to exhibits from only a brief portion of that time period to support its motion (March 2022 to August 2023).

SaveOnSP Ex. 78 (JJHCS_00258908) ([redacted]); SaveOnSP Ex. 84 (JJHCS_00259257) ([redacted]); SaveOnSP Ex. 85 (JJHCS_00231590) ([redacted]). He was, in other words, a messenger—and the messages he delivered are already in JJHCS's production.

SaveOnSP focuses on an episode that it characterizes as [redacted]. Mot. at 11. Nonsense. [redacted] SaveOnSP Ex. 79 (JJHCS_00253558); SaveOnSP Ex. 80 (JJHCS_00253352); SaveOnSP Ex. 81 (JJHCS_00258993). [redacted] SaveOnSP Ex. 81 (JJHCS_00258993) at -997, and SaveOnSP claims to ensure that patients pay nothing out of pocket for their medication. This episode sheds no light on JJHCS's policies with respect to maximizer patients or the meaning of CarePath's terms and conditions, [redacted].

Similarly, SaveOnSP accuses Saggese of [redacted]" Mot. at 11. Again, there is zero evidence for this claim. [redacted]

). SaveOnSP Ex. 82 (JJHCS_00181853) at -854. *Id.* *Id.* at -855.0001. *Id.* at -853 (emphasis in original). Thus, Regardless, this episode again involved Pennington, an existing custodian.

**4. Jane Frechette**

SaveOnSP first claims that Frechette which purportedly makes her relevant because her " Mot. at 12 (emphasis in original). This is a puzzling theory of relevance—other manufacturers' views on the need for changes are not relevant, and even if they were somehow relevant, Frechette did not work for those manufacturers and so obviously had no firsthand "understanding" of their "beliefs." In any event, SaveOnSP does not need Frechette's emails to find those other manufacturers' terms and conditions. For one thing, they are already public; d. *See, e.g.*, SaveOnSP Ex. 86 (JJHCS_00267848)

([redacted] SaveOnSP Ex. 87 (JJHCS_00259753) ([redacted]); SaveOnSP Ex. 90 (JJHCS_00145406) at -467 ([redacted].

SaveOnSP also claims that [redacted] Mot. at 12. Not so. [redacted]. *See* SaveOnSP Ex. 92 (JJHCS_00218451); SaveOnSP Ex. 93 (JJHCS_00002593). [redacted], there is no suggestion that Frechette gave substantive feedback on the terms themselves. Moreover, current JJHCS custodians such as Lindsey Anderson and current TrialCard custodians such as Holly Weischedel were involved in these discussions.

Finally, SaveOnSP claims that Frechette should be added as a custodian because her "documents show that, for years, J&J knew that patients on accumulators and maximizers were using CarePath and did nothing." Mot. at 13.[9] These documents do not demonstrate that "J&J knew that patients on . . . maximizers were using CarePath," as the documents at issue refer only to [redacted]. SaveOnSP Ex. 18 (JJHCS_00035075), SaveOnSP Ex. 94 (JJHCS_00080271). In any event, current custodians such as Heather Schoenly and Pennington were involved in [redacted], so there is no need to add Frechette as a custodian to capture documents related to it.

[9] SaveOnSP again fails to substantiate the seven-year time period it demands for Frechette, citing only to sporadic emails that Frechette received between September 2020 and October 2023.

**5. Casey Sasse**

SaveOnSP does not even claim, much less demonstrate, that Sasse has unique documents for the seven-year period it demands. As with SaveOnSP's other demands, there is a threshold issue of time period: SaveOnSP's 11 exhibits are concentrated in just a 16-month window. Moreover, JJHCS's existing custodians include a number of individuals who, like Sasse, worked on immunology products, including Asimakopoulos, Pennington, Singh, and Anderson. Any relevant work Sasse did was with these custodians. *See, e.g.*, SaveOnSP Ex. 96 (JJHCS_00140862) ([REDACTED]); SaveOnSP Exs. 97 (JJHCS_00259564) & 98 (JJHCS_00191210) ([REDACTED]); SaveOnSP Ex. 102 (JJHCS_00231311) ([REDACTED]).

SaveOnSP also cites Sasse's status as a team member for the CAP 2023 project. Mot. at 14. [REDACTED]. SaveOnSP Ex. 104 (JJHCS_00033653) at -653.0009.

**6. Barbara McCabe**

McCabe was an external consultant for the immunology brand. [REDACTED]. *See* SaveOnSP Ex. 108 (JJHCS_00143048); SaveOnSP Ex. 109 (JJHCS_00035571). However, SaveOnSP fails to demonstrate—nor can it—that McCabe had any involvement in drafting or revising the CarePath terms and conditions themselves, or has unique insight into what they mean. [REDACTED]

. *See, e.g.*, SaveOnSP Ex. 106 (JJHCS_00045430) (

Even when McCabe's duties touched on issues related to the CarePath terms and conditions, such as drafting or updating training and call guides that referenced the terms and conditions, she was not involved in the actual drafting of the terms and conditions, nor did she have unique insight into the meaning of the terms. . *See* SaveOnSP Ex. 108 (JJHCS_00143048) ( ); SaveOnSP Ex. 109 (JJHCS_00035571) ( ).[10]

McCabe also is unlikely to have unique documents related to her work on the team for Immunology Patient Access and Affordability Solutions because McCabe's reporting line feeds into current custodian *See* SaveOnSP Ex. 110

[10] SaveOnSP mischaracterizes these exhibits by suggesting that they show JJHCS facilitating the operation of an accumulator program. Mot. at 15 (" ). Just the opposite: t *See* SaveOnSP Ex. 108 (JJHCS_00143048) at -050. This direction is consistent with CarePath's terms and conditions.

(JJHCS_00230918) at -970. Therefore, any relevant work [REDACTED] would already be captured in JJHCS's current productions.[11]

SaveOnSP also overstates McCabe's one-off project tracking other manufacturers' copay assistance programs. Most of the information in question—which, again, is public—had nothing to do with these programs' response to accumulators and maximizers. *See* SaveOnSP Ex. 107 (JJHCS_00139795) ([REDACTED]). And, once again, there is simply no basis to add McCabe as a custodian on the topic of what "other manufacturers believed." Mot. at 15.

**7. Kevin Kleemeier**

None of SaveOnSP's nine exhibits support adding Kleemeier as a custodian. One is a discovery letter, and the remaining eight—each of which is discussed below—do not even mention SaveOnSP. [REDACTED]. *See* SaveOnSP Ex. 112 (JJHCS_00226370) ([REDACTED]. *See* SaveOnSP Ex. 118 (JJHCS_00002726) ([REDACTED]); SaveOnSP Ex. 113 (JJHCS_00237184) ([REDACTED]

[11] SaveOnSP mischaracterizes the PAFA+ platform, which holds data entered by third-party vendor TrialCard. [REDACTED]. Ex. 9 (July 17, 2024 Ltr. from J. Long to E. Snow). And as JJHCS told SaveOnSP months ago, [REDACTED]" *Id.*

PageID: 51587
Case 2:22-cv-02632-JKS-CLW Document 463-1 Filed 12/10/24 Page 16 of 67
PageID: 47407

Honorable Freda L. Wolfson, U.S.D.J.
October 29, 2024
Page 16

[redacted]); SaveOnSP Ex. 114 (JJHCS_00222271) ([redacted]); SaveOnSP Ex. 115 (JJHCS_00237101) ([redacted]). [redacted]. *See* SaveOnSP Ex. 114 (JJHCS_00222271). In [redacted] SaveOnSP Ex. 113 (JJHCS_00237184).

SaveOnSP mischaracterizes the other cited exhibits. For example, [redacted] Mot. at 18. [redacted] SaveOnSP Ex. 119 (JJHCS_00236825). [redacted] *See* SaveOnSP Ex. 12 ([redacted]; SaveOnSP Ex. 117 ([redacted]"). None of this makes Kleemeier necessary or proportional to the needs of the case.

16

**8. Mitchell Akright**

SaveOnSP claims that Akright should be added as a custodian because [redacted] 'on the IMM CAP Tiger Team." Mot. at 18 (quoting SaveOnSP Ex. 121 (JJHCS_00183029)). [redacted]. SaveOnSP Ex. 121 (JJHCS_00183029) ([redacted]). Any relevant documents will be captured in the files of these custodians.[12]

SaveOnSP asserts that existing custodians are insufficient because Akright "worked independently from current custodians to develop J&J's training materials [redacted]." Mot. at 18–19 (citing SaveOnSP Ex. 123 (JJHCS_00145337) and SaveOnSP Ex. 124 (JJHCS_00146296)). [redacted]. *See* SaveOnSP Ex. 122 (JJHCS_00130245) at -273. And in any event, SaveOnSP does not explain why these internal training materials are relevant, much less proportional to the needs of the case.

SaveOnSP also suggests that Akright should be added as a custodian because he "sought feedback about how accumulators and maximizers, and J&J's responses to them, were received by patients, which is relevant to J&J's GBL claim." Mot. at 19. [redacted]e. *See, e.g.*, SaveOnSP Ex. 125 (JJHCS_00261232) ([redacted]

[12] Indeed, despite demanding Akright for a seven-year period, SaveOnSP's cited exhibits cover just a four-month window related to his work on this team (December 2021 to March 2022).

[REDACTED]). And where SaveOnSP suggests that Akright had a unique role, the cited documents refute that claim. [REDACTED] Mot. at 19 (citing SaveOnSP Ex. 127 (JJHCS_00130759)). [REDACTED]. SaveOnSP Ex. 127 (JJHCS_00130759).

**9. Cecelia Trybus**

Trybus, the lead for the Stelara withMe "Nurse Navigators" Program, is irrelevant to this case. *See* SaveOnSP Ex. 131 (JJHCS_00144065). As the name implies, [REDACTED]. SaveOnSP Ex. 136 (JJHCS_00181615) at -624, -629. [REDACTED]." *Id.* at -625. [REDACTED]. *See id.* at -637, -641 [REDACTED]

Contrary to SaveOnSP's suggestion, Trybus did not answer "questions about J&J's position on maximizers." Mot. at 20 (citing SaveOnSP Ex. 133 (JJHCS_00218944) ([REDACTED])). Nor did she provide feedback, as SaveOnSP suggests, on a communication sent to "all Maximizer impacted patients." *Id.* [REDACTED]

." SaveOnSP Ex. 134 (JJHCS_00182184) ( s).

." Mot. at 20; *see* SaveOnSP Ex. 136 (JJHCS_00181615) at -615 ( ). . *See* SaveOnSP Ex. 137 (JJHCS_00164517) ( ); SaveOnSP Ex. 138 ( ).

Finally, SaveOnSP attempts to present Trybus as being uniquely situated, given that there are no current custodians from Trybus's team. Mot. at 19 n.13. But that is a mistaken premise: no one on Trybus's team is a custodian because they, like Trybus herself, are all irrelevant.[13]

**II. SaveOnSP's Overbroad, Burdensome Search Terms Elicit Irrelevant Documents**

SaveOnSP has not shown that these nine individuals possess unique, relevant documents, and the Court should deny SaveOnSP's motion on that basis alone. But even if the Court compels JJHCS to add one of these custodians, Your Honor should not bless SaveOnSP's requested search terms, which are exceedingly overbroad and impose an undue burden on JJHCS.

SaveOnSP claims here—as it always does—to have "tailored" its search terms to each of the custodians at issue. Mot. at 1. There is nothing "tailored" about SaveOnSP's search term

[13] And again, SaveOnSP demands Trybus for an exceedingly broad seven-year time period given that it cites exhibits limited to a 16-month window (June 2022 to October 2023).

proposal, which includes nine terms to be run over all custodians for a seven-year period, as well as up to 17 additional search terms to be run over each custodian's individual files. Some of these are terms Your Honor has already rejected.[14] Others are untethered to the issues in this case and so will return numerous false hits if run across the files of "brand" employees who worked every day on drugs like Stelara and Tremfya.[15] Thus, if the Court sees fit to compel JJHCS to increase its custodian count past the 46 it already has designated, it should require SaveOnSP to make an appropriate search term proposal as to any new custodian that is limited to the years of his or her relevant work, and directly connected to an actual gap in JJHCS's productions to date.

**CONCLUSION**

For the foregoing reasons, Your Honor should deny SaveOnSP's October 9, 2024 motion.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: Counsel of record

---

[14] These terms are:

TrialCard w/40 (accumulator* OR maximizer* OR CAPm OR CAPa OR "adjustment program")

((violat* OR bar* OR prohibit* OR breach* OR preclude* OR allow* OR permit*) w/50 (accumulat* OR maximiz*)) w/50 ("other offer*" OR coupon* OR "discount*OR" "savings card*" OR "free trial*")

[15] For example:

(STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

# Exhibit 1

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

August 28, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

**Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write regarding J&J's July 31, 2024 Responses and Objections ("R&Os") to RFP Nos. 98 and 99.

**RFP No. 98** concerns the 2023 Co-Pay Assistance Diversion Program that [REDACTED] JJHCS_00229086. You say that J&J has produced or will produce documents responsive to this request to the extent that they are also responsive to RFP No. 8 (all documents and communications with or regarding SaveOn) and No. 20 (studies, reports, and publications that JJHCS has funded or supported regarding accumulator and maximizer programs generally). R&Os at 7.

*First*, RFP No. 98 concerns a working group that was part of J&J's continued response to SaveOn and copay accumulators and maximizers, words that J&J uses to refer to SaveOn, Dkt. 192 at 29. Please confirm that J&J will produce documents regarding this working group beyond just those that expressly mention SaveOn or include a study, report, or publication on an accumulator or maximizer program.

*Second*, although J&J represents that documents concerning this working group would have previously been produced in response to RFP Nos. 8 and 20, we have not identified additional documents in J&J's productions concerning this working group. If J&J maintains that it has produced such documents, please identify them by Bates number.

*Third*, please provide the name of this working group and a list of individuals who were part of it. Please also propose which of those individuals might serve as custodians for documents regarding this working group.

**RFP No. 99** concerns a working group comprised of "[redacted] JJHCS_00228430. This email prompted Judge Wolfson to determine that Penkowski was an "appropriate custodian." *See* Dkt. 192 at 29 ("newly produced documents confirm that Penkowski is an appropriate custodian: for example, documents show [Penkowski's] role in responding to 'accumulators,' a term that Plaintiff used internally to refer to SaveOnSP's programs").

*First*, J&J objects to this Request "as irrelevant to any claim or defense in this Action to the extent it seeks documents and communications regarding other accumulators unrelated to SaveOnSP." R&Os at 8. Please confirm that J&J will not withhold documents simply because they do not expressly mention SaveOn. *See* Dkt. 192 at 29 ("Contrary to Plaintiff's argument, Defendant's denial that it is an accumulator does not change the fact that Plaintiff refers to Defendant's program in that manner, and therefore, Defendant is entitled to discovery from representatives who were internally involved in responding to accumulator programs.").

*Second*, J&J says that "JJHCS has produced documents elicited by a search term designed to capture documents related to this working group." R&Os at 8. Please identify those documents by Bates number.

*Third*, we ask that you add John Reuland as a custodian. [redacted] *See* JJHCS_00248247 ([redacted], JJHCS_00248708 ([redacted] JJHCS_00248719 ([redacted]).

*Fourth*, we do not find documents in J&J's production that provide the name of the working group or show its members. Please provide the name of this working group and a list of individuals who were part of it. Please indicate also propose which of those individuals might serve as custodians for documents regarding this working group.

*  *  *

We request a response by September 4, 2024. We are available to meet and confer. We reserve all rights.

Ian Eppler
August 28, 2024

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

3

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth Snow
Associate
212.390.9330
esnow@selendygay.com

July 19, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

**Re: *JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)***

Dear Julia,

We write pursuant to Judge Wolfson's order regarding Janssen Scientific Affairs ("Scientific").

*First*, we ask that J&J add Scientific employees Mike Ingham, Kay Sadik, and Bridget Doherty as custodians. [redacted] Doherty was involved in [redacted]

[1] *See, e.g.*, [redacted]

We propose the following search terms for their documents for the full discovery time period of April 1, 2016 to November 7, 2023:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP

- (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*)

*Second*, we ask that J&J produce from non-custodial sources documents associated with the following requests, also from the full discovery time period:

- Request No. 3: Documents Sufficient to show Janssen Scientific Affairs' organizational structure, including organizational charts.

- Request No. 8: All documents and Communications with or regarding SaveOnSP.

[2] *See also*

- Request No. 20: All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

- Request No. 22: All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

- Request No. 25: All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 110, 115.

- Request No. 42: All Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

- Request No. 49: All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

*Finally*, if Scientific employees other than Ingham, Sadick, and Doherty worked on these topics, please identify them.

We ask that you respond by July 26, 2024. We reserve all rights, and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

July 19, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding J&J's July 3, 2024 responses and objections to SaveOn's Fourth Set of Interrogatories (the "R&Os") and to request additional custodians regarding the Best Price Rule. *See* May 28, 2024 Letter Order at 3 (directing the parties to meet and confer after the interrogatories were served and answered).

In light of J&J's responses, SaveOn requests the addition of Lena Kane and Gina Kiris as custodians. Both did work relevant to J&J's response to the 2023 Best Price Rule, which is relevant to J&J's intent for instituting the CAP Program. *See* May 28, 2024 Order at 2. Their work is relevant to (1) the meaning of CarePath's T&Cs—they edited the eligibility requirements for CarePath, and (2) mitigation—they worked on strategy for and implementing the CAP Program.

**Lena Kane**.

. JJHCS_00150781; *see also* JJHCS_00156938 (
).
. JJHCS_00198121 (
); JJHCS_00083755
); JJHCS_00117387 (

[redacted]); *see also* JJHCS_00083830 ([redacted]); JJHCS_00205896 ([redacted]); JJHCS_00197915 ([redacted]); JJHCS_00133545 [redacted]); JJHCS_00001239 ([redacted]); JJHCS_00011216 ([redacted]); JJHCS_00084174 ([redacted]); JJHCS_00041211 ([redacted]).

**<u>Gina Kiris</u>**. [redacted]. *See* JJHCS_00122171; JJHCS_00150779; JJHCS_00156938. [redacted]. JJHCS_00150779; *see also* JJHCS_00257203 ([redacted]); JJHCS_00156591 ([redacted]).

SaveOn requests that J&J run the following search terms over Kane and Kiris's documents from June 19, 2020 through May 17, 2022:

- "Save On" (case sensitive)
- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR ac-credo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"
- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)
- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)
- (CAPa OR CAPm OR "adjustment program" OR "diversion program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)
- ("copay" OR "co-pay" or fund* OR manufact*) w/20 ("best price" or "BP") w/20 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save OnSP" OR "Save OnSP" OR Save-On OR SOSP)

- ("best price" OR "BP" OR "CMS" OR "Final Rule") AND (accumulat* OR maximiz* OR "adjustment program" OR "diversion program")

- (CAP w/3 (2023 OR 23))

- (Compliance w/5 Checklist*) AND "CAP" (case sensitive)

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) AND ((assistance OR benefit) w/30 ("other third party" OR "PBM"))

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) AND ((exclud* OR includ*) w/30 ("AMP" OR "Best Price Calculation"))

Please confirm that J&J will add Kane and Kiris as custodians and run the above terms. If not, please explain the basis on which you refuse. If J&J asserts a burden objection, please provide hit counts for SaveOn's proposed terms.

We request a response by July 26, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 4

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

June 28, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re: Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC (Case No. 2:22-cv-02632-JMV-CLW)**

Dear Julia,

SaveOn writes to request that J&J add Norhaan Khalil and Joseph Incelli as custodians. We have reviewed J&J's latest productions and, for the reasons described below, believe they are likely to have unique, relevant documents related to the development of the CAP program. All cited documents come from J&J's production 10 (December 22, 2023) or later.

## I. Norhaan Khalil

K

Judge Wolfson and Judge Waldor have consistently found the CAP Program relevant to J&J's mitigation efforts. *See* May 28, 2024 Order at 10 ("I reiterate that the requested discovery is relevant as the documents at issue relate to the creation and implementation of the CAP Program"); Apr. 10, 2024 Order at 2 (expanding CAP search terms to capture "highly relevant

documents to Defendant's defense"); Feb. 6, 2024 Order at 25-26 (ordering CAP-related search terms for custodians added "because of their association with the CAP program").

Additionally, SaveOn notes two production deficiencies related to these studies.

Even if J&J does not currently possess this underlying data, J&J had—and continues to have—control through its right to obtain them upon demand. *See Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). are responsive to RFP No. 8, because they relate

to SaveOn, RFP No. 42, because they relate to J&J's understanding of accumulators and maximizers, and RFP No. 75, because they explicitly discuss this litigation.

## II. Joseph Incelli

SaveOn requested documents about the CAP Program in RFP Nos. 33, 41, 49, 58, 59, and 64. J&J has already agreed, or been ordered, to produce discovery about the CAP program in response to those RFPs. *See* May 28, 2024 Order at 10; Apr. 10, 2024 Order at 2; Feb. 6, 2024 Order at 25-26. Incelli is likely to have unique, relevant documents to satisfy J&J's production obligations regarding the CAP Program.

## III. Proposed Search Terms

### A. CAP Custodian Search Terms

SaveOn requests that J&J run the following search terms across the custodial files of Khalil and Incelli across the full Relevant Time Period. SaveOn notes that the parties already agreed, or have been ordered, to run the same search terms over the files of all CAP custodians. *See* Feb. 15, 2024 Ltr. from J. Long to E. Snow; Apr. 5, 2024 Ltr. from J. Long to E. Snow; Apr. 26, 2024 Ltr. from I. Eppler to E. Snow.

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)
- ("CAPa" OR "CAPm" OR "adjustment program") AND "Save On" (*case sensitive*)
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"
- "Save On" (*case sensitive*)
- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")
- "other offer" W/5 (accumulat* OR maximiz*)
- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)
- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (“essential health benefit*” OR EHB* OR “non-essential health benefit” OR “nonessential health benefit*” OR NEHB*) W/50 (“CAPa” OR CAPm” OR “adjustment program” OR accumulat* OR maximiz*)

- Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR “NEHB” OR (variable /5 “EHB”) OR “CAPa” OR “CAPm” OR “adjustment program”)

- Archbow w/50 “other offer”

- Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR “NEHB” OR (variable /5 “EHB”) OR “CAPa” OR “CAPm” OR “adjustment program”)

- Avalere w/50 “other offer”

SaveOn also requests an additional term be run over the custodial files of both Khalil and Incelli from January 1, 2022 to November 7, 2023 due to their involvement [redacted]

- [redacted]

### B. Norhaan Khalil

SaveOn also requests the following search terms be run over the files of Khalil specifically, across the Relevant Time Period, due to her involvement with the [redacted]

- [redacted]

- [redacted]

- [redacted]

### C. Joseph Incelli

SaveOn also requests the following search terms be run over the files of Incelli specifically, across the Relevant Time Period, due to his involvement with [redacted]

- [redacted]

- [redacted]



If J&J objects to adding either individual on the ground that doing so would be unduly burdensome or that their documents would be duplicative or cumulative of those of another custodian, please provide hit counts of how many unique, relevant documents would be identified for that individual by each of SaveOn's proposed search terms. *See Steven Madden, Ltd. v. Jasmin Larian, LLC*, 2019 WL 3940112, at *2 (S.D.N.Y. July 8, 2019) (finding vague assertions that proposed custodians' documents would be duplicative "unsupported by evidence and meritless").

We request a response by July 8, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 5

Case 2:22-cv-02632-CLW Document 468-3 Filed 12/12/24 Page 43 of 64 PageID: 47502

Patterson Belknap

www.pbwt.com

August 19, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

**Re:** ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*, 2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's August 2, 2024 letter and further to our July 26, 2024 letter concerning SaveOnSP's request for additional custodians regarding the promulgation of the 2023 Best Price Rule.

You again request that JJHCS add two new custodians, Lena Kane and Gina Kiris, based on their [REDACTED] which you claim is relevant to "revisions made to the T&Cs." Aug. 2, 2024 Ltr. from E. Snow to J. Long at 3. As we explained in our July 26, 2024 letter, and as set forth in JJHCS's July 3, 2024 responses and objections to SaveOnSP's Fourth Set of Interrogatories (the "R&Os"), this premise is mistaken. Again, "[REDACTED] July 26, 2024 Ltr. from J. Long to E. Snow at 1.

In your August 2 letter, you now claim that "[n]umerous documents contradict this assertion." Aug. 2, 2024 Ltr. from E. Snow to J. Long at 1. Not so. SaveOnSP appears to be confusing references to "CAP" (i.e., general references to accumulator and maximizer programs) with the what the parties have been referring to as the "CAP Program," which SaveOnSP repeatedly has defined as "JJHCS's Cost or Copay Adjustment Program, which was designed to identify members of Accumulators, Maximizers, and SaveOn-advised plans and to reduce CarePath payments to those members." *E.g.*, SaveOnSP's Aug. 2, 2024 Corrected Fourth Set of Interrogatories; SaveOnSP's July 19, 2024 Fifth Set of Interrogatories (adding "[t]he CAP Program encompasses J&J's response to Accumulators, Maximizers, and SaveOn whether

formally labeled as the CAP Program or not").[1] JJHCS does not dispute that the "2023 Best Price Rule" would "for the first time have included copay assistance payments in the calculation of Best Price, unless 'the manufacturer ensures the full value of the assistance or benefit is passed on to the consumer or patient.'" May 2, 2024 Opposition to Motion to Compel at 8 (quoting *Revising Medicaid Drug Rebate and Third Party Liability Requirements,* 85 Fed. Reg. 37286, 37298 (June 19, 2020)). It is therefore unsurprising that [redacted] *E.g.*, JJHCS_00084176 ([redacted]); JJHCS_00198122 [redacted]). None of SaveOnSP's cited documents,[2] however, [redacted] *E.g.*, JJHCS_00156872 ([redacted]; JJHCS_00117387 ([redacted].

To the extent SaveOnSP uses the phrase "CAP 2023" as interchangeable with the "CAP Program," that, too, is mistaken. [redacted], *see PhRMA v. Becerra*, 2022 WL 1551924, at *1 (D.D.C. May 17, 2022)—[redacted]. *Compare* JJHCS_00139737 at 16 ([redacted] *with id.* at 28 ([redacted]). [redacted]. *See* JJHCS_00156872 ([redacted]).[3]

In light of the above, custodial discovery from Ms. Kane or Ms. Kiris is not necessary or warranted. Neither Ms. Kane nor Ms. Kiris was responsible for drafting the portions of the terms and conditions, including the May-Not-Use Provision, relevant to this action. *See,*

---

[1] JJHCS maintains its objections to SaveOnSP's definitions for the reasons set forth in its July 3, 2024 and August 7, 2024 responses and objections to these interrogatories.

[2] JJHCS could not locate JJHCS_0083758, which appears to be missing a digit.

[3] Upon further review, JJHCS will reproduce JJHCS_00272481, the attachment to JJHCS_00272478, with narrowed redactions.

Elizabeth H. Snow, Esq.
August 19, 2024
Page 3

*e.g.*, Feb. 6, 2024 Order at 13 (permitting discovery concerning eligibility criteria set forth in the provision "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"); Apr. 25, 2024 Order at 3 (denying reconsideration). [redacted] *See* R&Os at 8–9. Further, because Ms. Kane's and Ms. Kiris's roles are irrelevant to the issues in the litigation, JJHCS will not collect their documents to provide hit counts for SaveOnSP's proposed terms.

Very truly yours,

*/s/ Julia Long*
Julia Long

# EXHIBITS 6 - 7

## Confidential - Filed Under Seal

# Exhibit 8

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S FIRST SET OF INTERROGATORIES** |

**GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1. JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2. JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3. JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4. JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5. JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6. JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7. JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8. JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1. JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2. JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3. JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

4. JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from January 1, 2017 to the present. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities. JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous. JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

5. JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

6. JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc." JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## OBJECTIONS TO THE TIME PERIOD

1. JJHCS objects to SaveOnSP's Interrogatories as overbroad, unduly burdensome, and not relevant to the subject matter of this Action to the extent they call for documents from before January 1, 2017. Unless otherwise noted, JJHCS will only provide information from January 1, 2017 through July 1, 2022 (the "Time Period").

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Identify each person who participated in or had responsibility for communications with patients or health plans, including any communications between CarePath Care Coordinators or JJHCS Hub Entities and patients, from January 1, 2009 through the present.

**Response:**

JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 2**

Identify each person who participated in or had responsibility for the marketing of CarePath or other communications with the public regarding CarePath, including those mentioning Copay Accumulator Services or Copay Maximizer Services, from January 1, 2009 through the present.

**Response:**

.





JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 3**

Identify each person who participated in or had responsibility for drafting or revising CarePath's terms and conditions for each Janssen Drug, from January 1, 2009 through the present.

**Response:**



█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## Interrogatory No. 4

Identify each person who participated in or had responsibility for analyzing price, revenue, cost, or other financial data for Janssen Drugs, as well as financial data for CarePath and other Copay Assistance Programs for Janssen Drugs, from January 1, 2009 through the present.

**Response:**

████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████        ███████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████.

12



13



JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**<u>Interrogatory No. 5</u>**

Identify each person who participated in or had responsibility for JJHCS's attempts to identify health plans advised by SaveOnSP or patients enrolled in such plans.

**Response:**



JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 6**

Identify each person who participated in or had responsibility for JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients enrolled in health plans advised by SaveOnSP, including JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to patients using Stelara or Tremfya.

**Response:**



JJHCS designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Interrogatory No. 7**

Identify each person who participated in or had responsibility for JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

**Response:**

JJHCS designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

Dated: January 17, 2023

                      SILLS CUMMIS & GROSS P.C.
                      One Riverfront Plaza
                      Newark, New Jersey 07102
                      (973) 643-7000

                      By:    /s/Jeffrey J. Greenbaum
                              JEFFREY J. GREENBAUM
                              KATHERINE M. LIEB

                      PATTERSON BELKNAP WEBB & TYLER LLP
                      Adeel A. Mangi
                      Harry Sandick (admitted *pro hac vice*)
                      George LoBiondo
                      1133 Avenue of the Americas
                      New York, New York 10036
                      (212) 336-2000

                      *Attorneys for Plaintiff*
                      *Johnson & Johnson Health Care Systems Inc.*

# CERTIFICATION

1. I am Senior Director of Supplier Management & Operations for the Patient Engagement & Customer Solutions group within JJHCS. I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2. I have read the attached Responses to SaveOnSP's First Set of Interrogatories.

3. The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4. As to Responses based upon my personal knowledge, they are true to the best of my knowledge. As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.

Dated: January 17, 2022
Piscataway, NJ

John Paul Franz

# Exhibit 9



www.pbwt.com

July 17, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

**Re: *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's June 26, 2024 letter concerning the PAFA/ PAFA+ platform.

Your letter claims that there is a gap in JJHCS's document production, based on a [REDACTED]—which, according to SaveOnSP, shows that PAFA+ contains "additional records of Benefits Investigations" outside of those produced by TrialCard. June 26, 2024 Ltr. from E. Snow to J. Long at 1 (citing JJHCS_00231180 at -185). We have investigated this screengrab and have determined that it reflects an entry created for training purposes only; it does not contain actual patient data. And so this screengrab does not reflect any deficiency in TrialCard's production.

Moreover, any patient data on PAFA+ related to the above-referenced benefits investigations is the same data that TrialCard has already produced. As you know, TrialCard's prior productions include all benefits investigations conducted between January 1, 2022 and November 7, 2023 that sought to determine whether a patient was in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan for patients taking Stelara or Tremfya who were enrolled in copay assistance, as those records are maintained in the ordinary course of business. *See* Mar. 12, 2024 Ltr. from S. Arrow to H. Miles at 1. Accordingly, there is no basis to revisit TrialCard's production of benefits investigations previously agreed to by the parties.

We are available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long