# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

October 21, 2024

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

Re:    **Motion to Compel SaveOnSP to Produce Documents**
       **Responsive to JJHCS's Request Nos. 126, 127, and 129**
       ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
       **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we write in further support of JJHCS's motion to compel SaveOnSP to produce documents responsive to JJHCS's Request Nos. 126 and 127 (the "Personnel File Requests"), as well as JJHCS's Request No. 129 (the "Monthly Sales Team Request").

## I.    Personnel File Requests (Request Nos. 126 and 127)

SaveOnSP does not (and cannot) claim any undue burden associated with producing these four personnel files. Instead, SaveOnSP contends that they are irrelevant and too "sensitive" to be disclosed. As explained below, these arguments are meritless and pretextual: the files contain highly relevant information, of the kind that SaveOnSP has already produced and cited to the Court when doing so suited its purposes.

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 2

### A.  The Personnel Files Are Relevant to Manufacturer Deception

SaveOnSP previously told JJHCS in writing that the personnel files at issue "do not contain any information regarding attempts to deceive or evade detection by manufacturers."  Ex. 10 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler) at 2.  But SaveOnSP now admits, for example, that ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████  Opp. at 3 n.2 (alterations in original).  To be clear, ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ████████████████████████████  Ex. 3 (SOSP_2158522) at -522.0002 ████████ ██████████████████████████████████████████  Moreover, even general praise that does not reference particular tasks is no less relevant.  If an employee whose role revolves around lying to manufacturers receives lavish praise, then JJHCS is entitled to ask questions in depositions about the bases for that praise.  These employees' deceptive efforts, and the "praise" they received as a result, are squarely relevant.

SaveOnSP's brief confirms that the covered personnel files contain employee "self-evaluation[s]" and "their supervisors' appraisal of their job performance," as well as compensation information.  Opp. at 3.  Given that manufacturer deception was a core job function of these employees, Mot. at 2–5, these documents may likewise reflect kudos, bonuses, or other incentives attributable to manufacturer deception work, whether described forthrightly or euphemistically.  SaveOnSP now suggests that such kudos and evaluations are irrelevant or otherwise too "highly sensitive" to be discoverable.  Opp. at 2–4.  But this is untenable:  if SaveOnSP praised employees

2

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 3

engaged in manufacturer deception, then that surely clears the low bar for relevance.  Indeed, SaveOnSP has itself made similar arguments in far more tenuous circumstances.  *See, e.g.*, SaveOnSP Aug. 26, 2024 Mot. re Incelli and Khalil at 2 (SaveOnSP citing and relying upon a JJHCS document giving kudos to an employee).

Finally, SaveOnSP argues irrelevance on the grounds that JJHCS "fails to substantiate its assertion that these employees helped SaveOn evade detection by drug manufacturers."  Opp. at 4.  This is a bizarre claim, since SaveOnSP has already admitted that ████████████████████ ███████████████████████████████████████████████████████████████  Ex. 2 at 6–7.  And SaveOnSP, in turn, used this ill-gotten information to restructure the SaveOnSP program in a manner intended to help SaveOnSP evade detection.  For instance, ██████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████  Ex. 21 (SOSP_0408440) at -442—████████████████████████████████████████ Ex. 17 (SOSP_0694247).    Far from being only "marginally relevant," these employees' misconduct—and how SaveOnSP leveraged or otherwise reacted to that misconduct—is "wrongful means" evidence at the core of JJHCS's tortious interference claims.  Apr. 10, 2024 Order at 8 n.4 (the Court:  "Defendant's alleged conduct of making misrepresentations to Plaintiff is relevant to the tortious interference claim, because that conduct bears on the issue of whether Defendant employed wrongful means in its alleged efforts to induce patients to breach the terms of the CarePath Program.").  And while SaveOnSP claims that JJHCS "fails to substantiate its assertion that SaveOn executives were aware that the four employees sometimes used false names," Opp. at 4 n.3, Zulqarnain testified that ███████████████████████████████████

3

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 4



Ex. 1 at 73:5–73:25; 77:4–6.  Regardless, if SaveOnSP wishes to defend its employee evaluations by arguing these employees' deceptive conduct was somehow unknown to their supervisors, it can do so—that does not detract from the relevance of the underlying employee evaluations or the need to produce them in discovery.

**B.      SaveOnSP's Privacy Concerns Are Meritless**

SaveOnSP also asks the Court to deny JJHCS's motion because personnel files contain "highly sensitive information," which according to SaveOnSP includes "social security numbers, information about their salaries and retirement accounts, contact information for their references, their own self evaluations, [and] their supervisors' appraisal of their job performance."  Each category of information is addressed in turn below.

- Social security numbers:  SaveOnSP can redact this information from the files before producing them.

- Compensation information:  Information on compensation, bonuses, and raises is relevant.  Information regarding compensation will show how SaveOnSP valued the work of these four employees—including their manufacturer deception work.  And information regarding bonuses and raises is relevant to whether and how SaveOnSP encouraged its employees to deceive manufacturers.  Moreover, SaveOnSP has already produced compensation information, including for at least one of the employees at issue in this motion.  *See* Ex. 22 (SOSP_0198969).  There is no basis for SaveOnSP to use this same type of information as a pretext to withhold the personnel files.

- Contact information for references:  SaveOnSP can redact this information from the files before producing them.

- Performance evaluations and appraisals:  As noted above, what little SaveOnSP has revealed regarding performance evaluations suggests that they contain highly

4

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 5

> relevant information.  And even general praise or advancement for the implicated employees is squarely relevant and will form the basis for further inquiry at depositions.

SaveOnSP also seems to suggest that a generalized privacy interest in personnel files exempts them categorically from discovery.  Opp. at 4.  This argument does not hold water.  The personnel files would be protected by the comprehensive Discovery Confidentiality Order in this case.  Indeed, SaveOnSP has already produced highly sensitive information, including protected health information of patients, under the DCO.  SaveOnSP does not, and cannot, explain why employee reviews and compensation information would merit greater protection than highly sensitive patient health records.

SaveOnSP's cited authority supports JJHCS on this point, not SaveOnSP.  For example, while SaveOnSP claims the court "denied a motion to compel" personnel files in *Carroll v. Delaware River Port Authority*, *see* Opp. at 2 n.1, the opposite is true:  the court found the files relevant and ordered the defendant to produce them subject to a protective order, exactly the outcome JJHCS seeks here.  *See* 2015 WL 12819181, at *5 (D.N.J. Mar. 31, 2015).  The other two cases cited by SaveOnSP are plainly not on point.  In one, the court chose not to compel production of a personnel file because—unlike here—the party seeking it "had access to other sources for the same information through prior discovery."  *Pro. Recovery Servs., Inc. v. Gen. Elec. Cap. Corp.*, 2009 WL 137326, at *4 (D.N.J. Jan. 15, 2009).  And the other case dealt with a tangential personnel file sought **from a third party**.  *See Boykins v. inVentiv Com. Servs., L.L.C.*, 2014 WL 413538, at *1 (D.N.J. Feb. 4, 2014).  *Boykins* is inapposite here because "the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery."  *Phillips v. Archdiocese of Newark*, 2023 WL 3303594, at *3 (D.N.J. May 8, 2023).  These cases have no bearing here,

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 6

where the discovery sought is available only through these personnel files in the course of party

discovery.

## II.    Monthly Sales Team Request (Request No. 129)

SaveOnSP now concedes the relevance of its Monthly Sales Team Discussions with ESI—

during which meetings SaveOnSP acknowledges "ESI and SaveOn employees [talked] about ways

to pitch and implement SaveOn's services for ESI's clients."  Opp. at 4.  Nevertheless, SaveOnSP

vehemently opposes production of documents relating to these Monthly Sales Team Discussions

on two grounds:  *first*, that JJHCS purportedly failed to confer sufficiently before moving, and

*second*, that JJHCS's proposed search term is overbroad.  Neither claim is true, and neither

argument is persuasive.

### A.  JJHCS Appropriately Conferred with SaveOnSP Before Moving to Compel

JJHCS conferred extensively with SaveOnSP before moving to compel but was

stonewalled at every turn.  SaveOnSP served its Responses and Objections to the Monthly Sales

Team Request on July 15, 2024, and declared that it would "not produce further documents in

response to this Request."  Ex. 9 (SaveOnSP's Responses and Objections to JJHCS's Thirteenth

Set of RFPs) at 7.  JJHCS nonetheless conferred with SaveOnSP on July 23, 2024, and later

proposed a narrow and targeted search term designed to capture responsive documents.  Ex. 23

(Jul. 24, 2024 Email from I. Eppler to M. Nussbaum).  After a month of letters and emails

discussing the Monthly Sales Team Request, SaveOnSP made clear it would not run JJHCS's

proposed search term.  *See, e.g.*, Ex. 19 (Jul. 24, 2024 Email from I. Eppler to M. Nussbaum); Ex.

20 (Aug. 6, 2024 Email from M. Nussbaum to I. Eppler); Ex. 24 (Aug. 9, 2024 Ltr. from I. Eppler

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 7

to M. Nussbaum) at 2; Ex. 10 (Aug. 23, 2024 Ltr. from M. Nussbaum to I. Eppler) at 2.  Only after

that did JJHCS file this motion.

### B.  JJHCS's Proposed Term Is Narrowly Tailored

SaveOnSP acknowledges it must fill any "actual gap in SaveOn's production of documents

regarding the Monthly Sales Team Discussion" by running "an appropriately tailored search term

designed to fill it."  Opp. at 6.  That is what JJHCS seeks here.  JJHCS has determined that

documents related to the Monthly Sales Team Discussion are relevant because that meeting

frequently addressed relevant issues such as manufacturer deception.  Mot. at 8–9.  And it has

proposed a narrowly tailored search term designed to fill in any gap in SaveOnSP's production

related to that meeting.  JJHCS's proposed term would require SaveOnSP to review only 927

additional documents, *see* Ex. 20—much less effort, in other words, than SaveOnSP has spent

stonewalling production of these relevant documents.  While SaveOnSP now maligns the supposed

overbreadth of this term, the truth is that SaveOnSP routinely cries overbreadth to avoid producing

damaging documents, and this Court has repeatedly rejected SaveOnSP's protests even when far

more documents are at issue.  *See, e.g.*, Apr. 10, 2024 Order at 6 ("5,000 is not a prohibitive number

of documents").  SaveOnSP cannot explain why a search term requiring it to review only 927

documents is overbroad given this precedent.

SaveOnSP also asserts that JJHCS's proposed search term would elicit too many irrelevant

documents, but that argument is meritless.  It points to several purportedly irrelevant documents

in its existing production that it claims would be captured by JJHCS's proposed search term,[1] and

---

[1] Although the documents SaveOnSP cites are not responsive to the Monthly Sales Team Request,
they are relevant to this case.  These documents are communications related to "meetings that ESI

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 8

claims it is "willing to negotiate" what it calls an "appropriately tailored search term," while providing no guidance as to what sort of search term it would deem "appropriately tailored." Opp. at 6. This makes little sense when addressing a review universe of 927 documents—further negotiation and testing of search terms will take far longer and cost far more than just reviewing these documents for production.

SaveOnSP also asserts that JJHCS's proposed search term would capture mostly false hits because the Monthly Sales Team Discussions "were informal and not traditionally minuted." Mot. at 6. But it provides no basis for that assertion beyond say-so, and even if the Monthly Sales Team Discussion was not itself "minuted," JJHCS's proposed search term likely captures follow-on email traffic memorializing the meetings. Given the minimal burden associated with reviewing 927 documents, JJHCS should not have to take SaveOnSP's word that JJHCS's proposed search term does not capture relevant documents related to the Monthly Sales Team Discussions: the Court should order SaveOnSP to prove it by running the term and reviewing the documents it yields.[2]

_____

holds on a monthly or semi-monthly basis with its clients" that included SaveOnSP or involve meetings where SaveOnSP was discussed. Opp. at 6. SaveOnSP previously agreed to produce "communications with plan participants and plans that are relevant to the subject matter of this Action." Ex. 25 (SaveOnSP's R&Os to JJHCS's 6th Set of RFPs) at 3–4. If anything, they only confirm that this search term is eliciting a relevant universe of documents.

[2] SaveOnSP also claims that the proposed search term is overbroad because JJHCS has asked that SaveOnSP run the term over all 28 full custodians, when only four of those custodians attended the meetings at issue. Opp at 5–6. SaveOnSP never raised this concern to JJHCS during more than a month of conferral. In any event, SaveOnSP's argument is not a compelling basis to revisit JJHCS's proposed search parameters. Reviewing 927 documents does not meaningfully burden SaveOnSP, and even if only four custodians regularly attended the Monthly Sales Team Discussion, other custodians may have discussed the meetings in communications that do not involve the four attendees.

Honorable Freda L. Wolfson, U.S.D.J.
October 21, 2024
Page 9

## CONCLUSION

For the foregoing reasons, along with those set forth in JJHCS's opening brief, Your Honor should compel SaveOnSP to produce documents to JJHCS's Request Nos. 126, 127, and 129.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:     Counsel of record for SaveOnSP

# REPLY TO MOTION TO COMPEL
# RFPS 126, 127 & 129

# EXHIBITS 21-22

# FILED UNDER PERMANENT SEAL

# Exhibit 23

**Long, Julia (x2878)**

| | |
|---|---|
| **From:** | Eppler, Ian (x2205) |
| **Sent:** | Wednesday, July 24, 2024 5:04 PM |
| **To:** | Matthew Nussbaum; Meredith Nelson; Philippe Selendy; Andrew Dunlap; Elizabeth Snow; Hannah Miles; Wohlforth, E. Evans; Galli, Sabrina M. |
| **Cc:** | _cg J&J-SaveOn; Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); Long, Julia (x2878); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com |
| **Subject:** | JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Search Terms for JJHCS's 13th Set of RFPs |

Matt,

Thank you for taking the time to meet and confer regarding JJHCS's 13th set of Requests for Production earlier this week. As we discussed during our meeting, we write to provide search terms designed to elicit documents responsive to JJHCS's Request Nos. 124, 128, and 129.

| Request | Proposed Term(s) |
|---|---|
| 124 | ("Specialty Precision" OR "Precision Specialty")  (("Any Willing Provider" OR AWP OR "Anti-Steering" OR "Anti-Steerage") OR (exclusiv* /3 specialty)) w/25 (law OR legis* OR regulat* OR complian* OR ban* OR prohib* OR restri* OR respons* OR respond*)) |
| 128 | "Enterprise Steering Committee" w/25 (discussion OR meet* OR conversation OR call OR notes OR minutes) |
| 129 | ("Monthly Sales" OR (monthly w/10 (ESI or "Express Scripts"))) w/25 (discussion OR meet* OR conversation OR call OR notes OR minutes) |

Please provide hit counts associated with these proposed terms.

Best,
Ian

**Ian D. Eppler**
He | Him | His
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: 212.336.2205
ieppler@pbwt.com

# Exhibit 24



www.pbwt.com

August 9, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Matthew Nussbaum, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **SaveOnSP's Responses and Objections to JJHCS's Thirteenth Set of
Requests for Production**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
No. 2:22-cv-02632-JKS-CLW

Dear Matthew:

We write to follow up on our July 23, 2024 meet and confer regarding JJHCS's
Thirteenth Set of Requests for Production, and to respond to your August 6, 2024 email providing
hit counts for search terms that JJHCS proposed in connection with its Thirteenth Set of Requests
for Production. Each Request that remains at issue (except for Request No. 130, which involves
calls recorded at the behest of Ayesha Zulqarnain and is being addressed separately) is discussed
in turn below:

**Request No. 124.**    JJHCS proposed two search terms intended to capture
documents responsive to its Request No. 124:

- ("Specialty Precision" OR "Precision Specialty")

- (("Any Willing Provider" OR AWP OR "Anti-Steering" OR "Anti-
Steerage") OR (exclusiv* W/3 specialty)) w/25 (law OR legis* OR regulat*
OR complian* OR ban* OR prohib* OR restri* OR respons* OR
respond*).

Based on the hit counts provided by SaveOnSP in its August 6, 2024 email, JJHCS
is willing to narrow the first of the two terms that it originally proposed. Please confirm that
SaveOnSP will satisfy JJHCS's Request No. 124 by producing documents elicited by the following
terms:

Matthew Nussbaum, Esq.
August 9, 2024
Page 2

- ("Specialty Precision" OR "Precision Specialty") /25 **(law OR legis\* OR regulat\* OR complian\* OR ban\* OR prohib\* OR restri\* OR respons\* OR respond\*)**

- (("Any Willing Provider" OR AWP OR "Anti-Steering" OR "Anti-Steerage") OR (exclusiv\* W/3 specialty)) w/25 (law OR legis\* OR regulat\* OR complian\* OR ban\* OR prohib\* OR restri\* OR respons\* OR respond\*).

If SaveOnSP objects to these search terms on the basis of burden, please provide term-by-term hit counts.

**Request No. 125.**  This Request calls for documents and communications regarding SaveOnSP's response to potential changes to specialty drug strategy by Express Scripts and/or Accredo.  As we explained during the July 23, 2024 meet and confer, documents discussing potential changes to SaveOnSP's business model have repeatedly been deemed relevant, and these documents are relevant for the same reasons.  You agreed to investigate whether SaveOnSP possesses documents responsive to this Request.  Please provide an update on the status of this investigation.

**Request Nos. 126 and 127.**   These Requests call for personnel files and employment records for Ayesha Zulqarnain, Alissa Langley, Kelsey Leger, and Jessica Johnson. Documents previously produced by SaveOnSP indicate that these individuals engaged in efforts to deceive pharmaceutical manufacturers.  As we explained during the July 23, 2024 meet and confer, the documents covered by Request Nos. 126 and 127 will provide critical insight into whether, and to what extent, this deceptive conduct was sanctioned by SaveOnSP management. You agreed to investigate the contents of these personnel records and provide JJHCS with SaveOnSP's position on whether it is willing to produce some or all of these personnel records. Please confirm that SaveOnSP will produce the personnel records covered by Request Nos. 126 and 127.  If SaveOnSP is unwilling to produce some or all of the covered personnel records, please provide an explanation as to why it is unwilling to do so.

**Request Nos. 128 and 129.**  To satisfy JJHCS's Request No. 128, we ask that SaveOnSP produce documents elicited by JJHCS's proposed "Enterprise Steering Committee" w/25 (discussion OR meet\* OR conversation OR call OR notes OR minutes)" search term.  To satisfy JJHCS's Request No. 129, we ask that SaveOnSP produce documents elicited by JJHCS's proposed "("Monthly Sales" OR (monthly w/10 (ESI or "Express Scripts"))) w/25 (discussion OR meet\* OR conversation OR call OR notes OR minutes)" search term.  These terms—which capture 124 and 927 additional documents, respectively—will not present an undue burden on SaveOnSP. Please confirm that SaveOnSP will produce documents elicited by these terms.

\*       \*       \*

Matthew Nussbaum, Esq.
August 9, 2024
Page 3


        Please provide a response by August 16, 2024.  We are available to meet and confer.


                        Very truly yours,


                        Ian Eppler

# Exhibit 25

E. Evans Wohlforth, Jr.
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (ES) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Sixth Set of Requests for Production, dated June 23, 2023 (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## OBJECTIONS TO DEFINITIONS

1.     SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

2.     SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17 and ¶¶ 50-88, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

2

3.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

4.      SaveOnSP objects to the definition of "Drug List" to the extent that objects to the definition of the "SaveOnSP Program."

## OBJECTIONS TO INSTRUCTIONS

5.      SaveOnSP objects to Instruction No. 18 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

6.      SaveOnSP objects to Instruction No. 20 to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, custody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

7.      SaveOnSP objects to Instruction No. 22 to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

8.      SaveOnSP uses the term "Janssen Drugs" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 81:** All documents and communications from May 4, 2022 through the present relating to SaveOnSP's communications with Payors, Plan Members, and healthcare providers concerning the Action.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

3

SaveOnSP objects to this Request to the extent that it seeks documents concerning communications with healthcare providers, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents created after July 1, 2022, as production of documents after that time would be unduly burdensome. The parties have generally agreed to end production as of July 1, 2022, unless a party shows a specific need for documents created later, which JJHCS has not done here.

SaveOnSP will produce (as it has already agreed to produce) communications with plan participants and plans that are relevant to the subject matter of this Action from April 1, 2016 to July 1, 2022. *See, e.g.*, SaveOnSP's Responses & Objections to JJHCS's RFP Nos. 5, 7, 23, 53, 54.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 82:** All documents and communications from May 16, 2023 through the present relating to SaveOnSP's communications with Payors, Plan Members, and healthcare providers relating to the disputes set forth in the Joint Letter.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents concerning communications with healthcare providers, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents created after July 1, 2022, as production of documents after that time would be unduly burdensome. The parties have

generally agreed to end production as of July 1, 2022, unless a party shows a specific need for documents created later, which JJHCS has not done here.

SaveOnSP will produce (as it has already agreed to produce) communications with plan participants and plans that are relevant to the subject matter of this Action from April 1, 2016 to July 1, 2022. *See, e.g.*, SaveOnSP's Responses & Objections to JJHCS's RFP Nos. 5, 7, 23, 53, 54.

SaveOnSP will not produce additional documents in response to this Request.

**REQUEST NO. 83:** All documents and communications from January 2, 2023 to the present relating to any contemplated or actual changes to any Drug List, including but not limited to contemplated or actual changes to be effective July 1, 2023.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond any final Drug Lists that involve Janssen Drugs that were effective July 1, 2023. The burden and expense of producing such documents outweighs the marginal relevance of the material requested. Save-OnSP will not produce such documents.

SaveOnSP will produce any final Drug Lists that involve Janssen Drugs that were effective July 1, 2023.

**REQUEST NO. 84:** All documents and communications from January 1, 2017 to the present supporting Your "factual assertions, based on SaveOnSP's internal, confidential records," set forth in the Joint Letter, "regarding the monetary harm that JJHCS's proposed relief would cause

SaveOnSP and its clients," if JJHCS excludes patients who are enrolled in the SaveOnSP Program from CarePath. [1]

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern the subject matter of this Action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond data sufficient to show the amount of savings related to Janssen Drugs for its clients and SaveOnSP's fees related to those savings. The burden and expense of producing such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP will produce (as it has always agreed to produce) data sufficient to show the amount of savings that relate to the services it provides to plans regarding Janssen Drugs for its clients, and SaveOnSP's fees related to those savings. *See, e.g.,* SaveOnSP's Responses & Objections to JJHCS's RFP Nos. 13 and 31.

SaveOnSP will not produce additional documents in response to this Request.

---

[1] *See* June 16, 2023 Email from M. Nelson to J. Greenbaum ("These were instead factual assertions, based on SaveOnSP's internal, confidential records, regarding the monetary harm that JJHCS's proposed relief would cause SaveOnSP and its clients. These references can be appropriately sealed from public disclosure."); *see also* Joint Letter, dated June 2, 2023, Dkt. 139, at 7 ("JJHCS's proposed action [to remove plan members enrolled in SaveOnSP from CarePath] would cost SaveOnSP ███████████████ and would cost the employers who are SaveOnSP's clients over a ███████████████.").

Dated: July 24, 2023        By: /s/    E. Evans Wohlforth, Jr.
                                        E. Evans Wohlforth, Jr.
                                        ROBINSON & COLE LLP
                                        666 Third Avenue, 20th Floor
                                        New York, NY 10174
                                        212-451-2954
                                        ewohlforth@rc.com

                                        David Elsberg
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        Elizabeth Snow
                                        SELENDY GAY ELSBERG, PLLC
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        212-390-9000
                                        delsberg@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com
                                        esnow@selendygay.com

                                        *Attorneys for Defendant Save On SP, LLC*