# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

January 7, 2025

**By Email**

Hon. Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler
One Lowenstein Drive LLP
Roseland, NJ 07068

Re:   **JJHCS's Reply in Support of Its Limited Motion to Seal**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
**Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

JJHCS submits this reply in further support of its limited motion to seal one sentence that appears in the answers filed by Defendants ESI and Accredo (the "Answers").

ESI and Accredo concede that they took "Attorneys' Eyes Only" financial information from internal JJHCS documents and pasted it into their Answers. JJHCS will be harmed if this confidential information about its CarePath program is revealed to businesspeople at SaveOnSP, ESI, Accredo, and other bad actors in the marketplace, not to mention JJHCS's competitors, none of whom have the right to internal JJHCS financial data. Exposing this information to the public is untenable. JJHCS is not proposing to seal the Answers in their 53-page entirety, or even the entirety of the paragraphs containing JJHCS's "Attorneys' Eyes Only" material. We seek the redaction of only the single sentence disclosing that information.

The Court should grant JJHCS's motion.

Hon. Freda Wolfson, U.S.D.J.
January 7, 2025
Page 2

## ARGUMENT

### A.     The Nature of the Financial Information Warrants Sealing

ESI and Accredo first argue that JJHCS has "fail[ed] to provide a sufficiently detailed description of the information it seeks to seal." Opp. at 2. This bewildering assertion can be easily disposed of: the very first paragraph of JJHCS's motion identifies the single sentence "in paragraph 131 of the affirmative defenses in each Answer" that JJHCS seeks to seal. Mot. at 1. This is all Local Rule 5.3(c) requires. *See Kasilag v. Hartford Inv. Fin. Servs., LLC*, 2016 WL 1394347, at *7 (D.N.J. Apr. 7, 2016) (granting motion to seal what the movant described as "competitively sensitive, non-public financial information regarding . . . costs and profits" and rejecting argument that movant needed to "identify the reason for redaction at a more granular level than this" because movant had "sufficiently identified for the Court what they seek to redact"), *aff'd*, 745 F. App'x 452 (3d Cir. 2018).

Next, ESI and Accredo contend that the cited financial information appears in "at least 15 documents including two different presentations." Opp. at 3. Even if this is true, so what? ESI and Accredo concede that the single sentence JJHCS seeks to redact is internal financial information, produced on an "Attorneys' Eyes Only" basis and never shared publicly. Whether JJHCS repeated this information internally has no bearing on the question of whether its disclosure would harm JJHCS and advantage others in the marketplace. The information that JJHCS seeks to redact is exactly the type of confidential financial data that courts in this District routinely protect. *See, e.g.*, *Ivanovs v. Bayada Home Health Care, Inc.*, 2023 WL 184118, at *3 (D.N.J. Jan. 13, 2023) (collecting cases in which different forms of confidential business information were "recognized as protectable within the District of New Jersey"); *Goldenberg v. Indel, Inc.*, 2012

Hon. Freda Wolfson, U.S.D.J.
January 7, 2025
Page 3

WL 15909, at *1, *4 (D.N.J. Jan. 3, 2012) (granting motion to seal "confidential, internal business information").

    **B.**    **JJHCS Has a Legitimate Interest in Redacting the Financial Information, the Disclosure of Which Would Harm JJHCS**

Courts in this District have "have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents." *Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) (citations omitted). Yet ESI and Accredo dispute JJHCS's privacy interest in its own internal financial figures, first on the grounds that "the subject matter of the sentence" in dispute—*i.e.*, the existence of manufacturer copay assistance—"is already public." Opp. at 4–5. That is a strawman. It is obviously common knowledge that JJHCS provides copay assistance to help patients afford life-saving medication. JJHCS is not trying to hide that undisputed fact. This motion only concerns the internal financial analyses regarding the CarePath program that are quoted in the Answers and that have never been public.[1]

The internal financial analysis quoted in the Answers is certainly not disclosed in the public working paper cited in ESI and Accredo's brief. That working paper is irrelevant: it does not concern JJHCS or Johnson & Johnson at all, much less the two biologic drugs discussed in paragraph 131 of the Answers. Rather, the working paper looks at the utilization of generics to chemical drugs offered by *other* manufacturers from 2007 to 2010, long before the time period relevant to this lawsuit. *See* Dafny et al. at 35, cited in Opp. at 4.

---

[1] Notably, where the Answers quote financial figures from Johnson & Johnson's **public** filings, JJHCS has not moved to seal that information. *See* Answers, Affirmative Defenses ¶ 128.

Hon. Freda Wolfson, U.S.D.J.
January 7, 2025
Page 4

Second, ESI and Accredo speculate that there is little danger that JJHCS's confidential internal financial data on copay assistance spending will be misused if it is publicly revealed. *See* Opp. at 5, 7–8. But the danger is self-evident: ESI and Accredo's business partner, SaveOnSP, has admitted that the SaveOnSP scheme is designed to "take full advantage" of the copay assistance funding that JJHCS makes available. D.E. 31-1 at 8. This scheme has been outrageously lucrative, costing JJHCS "over a hundred million dollars per year" ***in SaveOnSP's own telling***. D.E. 109 at 7. And there are other bad actors in and around the health insurance industry with their own schemes to help themselves to JJHCS's patient assistance funds. The confidential information in paragraph 131 of the Answers—which discloses specific JJHCS copay assistance expenditures on a drug-by-drug basis—should not be revealed to these malefactors, who will only use it to prey upon CarePath further. In particular, this financial information should remain out of the hands of Defendants' business personnel, who are expressly barred under the Discovery and Confidentiality Order from viewing JJHCS "Attorneys' Eyes Only" material.

In addition, allowing JJHCS's competitors—other pharmaceutical companies—to know what JJHCS spends in co-pay assistance would provide those companies with a unilateral competitive advantage. JJHCS's competitors would know this sensitive information about JJHCS, while JJHCS would not have access to the same information about its competitors. While ESI and Accredo seek to downplay the significance of this financial information, the caselaw is clear that JJHCS, as the party that owns and produced the information, "is in the best position to judge [its] sensitivity and importance." *See CDK Global, LLC v. Tulley Auto. Grp., Inc.*, 2017 WL 870400, at *4 (D.N.J. Mar. 3, 2017).

Third, for the same reasons, ESI and Accredo's purported "proposed compromise" is a nonstarter. *See* Opp. at 6, 9. To be clear, ESI and Accredo proposed to replace the disputed sentence in paragraph 131 with a nearly identical sentence containing rounded-off figures revealing JJHCS's copay assistance expenditure in 2022, still on a drug-by-drug basis. This proposal—which they did not bother to make until after forcing JJHCS to file this motion—is not a good-faith attempt to protect confidential JJHCS material, because it reveals all the same substance and was still improperly derived from "Attorneys' Eyes Only" information.

Fourth, the weight of authority supports JJHCS, not ESI and Accredo. For example, ESI and Accredo concede that in *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc.*, Judge Hillman redacted limited portions of a pharmaceutical company's "proprietary financial data," while making the remainder of the disputed document publicly available—i.e., the same narrow relief JJHCS seeks here. Opp. at 8 (citing 2015 WL 4715307, a *2 (D.N.J. Aug. 7, 2015). Next, ESI and Accredo seek to distinguish *Goldenberg* on the grounds that it involved disclosures of more "breadth" and "depth." Opp. at 8. That misses the point. The *Goldenberg* court sealed three entire documents, so naturally there was more "breadth" sealed in that case than in the single sentence JJHCS seeks to redact here. Yet the court shielded that information from public view to avoid the exact risk presented here: that others would be able to "review the financial calculations" disclosed in the documents and "use that information to gain an advantage over [the disclosing party] in the marketplace." *Goldenberg*, 2012 WL 15909, at *4.

ESI and Accredo's cited caselaw, meanwhile, is inapposite. In *Castellani v. City of Atl. City*, the court denied the defendant's motion to redact ***from discovery*** the names, addresses, and telephone numbers of civilian complainants in the internal affairs files of police officers defending

Hon. Freda Wolfson, U.S.D.J.
January 7, 2025
Page 6

against the plaintiff's section 1983 claim. 102 F. Supp. 3d 657, 668–69 (D.N.J. 2015), cited in Opp. at 4. Similarly, in *Gordian Med., Inc. v. Vaughn*, the court denied a non-party's motion to quash a subpoena in an employment action. 2023 WL 2930257, at *2 (D. Del. Apr. 12, 2023), cited in Opp. at 5. Neither of these decisions, which concern whether information should be produced in discovery, are applicable here. And in *Supernus Pharmaceuticals, Inc. v. Actavis, Inc.*, the court denied a joint motion to seal entire exhibits without prejudice, but directed the parties to "specifically identify only those portions of the documents at issue that genuinely should be redacted"—precisely what JJHCS has done here. 2014 WL 6474039, at *2–3 (D.N.J. Nov. 18, 2014), cited in Opp. at 8. In fact, when the defendant in *Supernus Pharmaceuticals* refiled the motion, this time seeking to redact eighteen sentences, the court granted it. *See* 2015 WL 12837643, at *2 (D.N.J. Feb. 24, 2015).

      **C.**      **Redacting a Single Sentence From a 53-Page Document Is the Least Restrictive Means of Protecting JJHCS's Sensitive Information**

Finally, there are no less restrictive means to protect JJHCS's confidential information than redacting the one disputed sentence in each Answer. *See* Mot. at 4. And redacting this single sentence will not harm the public's right of access to the Answers—other than that sentence, all 53 pages and 266 paragraphs will remain available. *See Cherry Hill Programs, Inc. v. Sullivan*, 2022 WL 14558234, at *3 (D.N.J. Oct. 25, 2022) (granting motion "to redact the specific financial numbers . . . Plaintiffs claim to be confidential, nonpublic information" because "the release of such information . . . can cause significant harm to a corporation" and "[t]he redaction of these documents overall is minimal in comparison to what remains on the open record").

Hon. Freda Wolfson, U.S.D.J.
January 7, 2025
Page 7

In arguing otherwise, ESI and Accredo suggest self-serving alternatives, which should be rejected for the reasons discussed on page 5 above. And they rely once again on inapposite caselaw: in one case they cite, the court denied the parties' motion to seal without prejudice because it needed more clarity as to which documents the parties wished to seal. *J.A. v. Monroe Twp. Bd. of Educ.*, 2024 WL 1827320, at *2–3 (D.N.J. Apr. 25, 2024). And in the other case cited by ESI and Accredo, Judge Arleo denied a motion to seal entire documents on the grounds that more narrowly tailored redactions—like the ones JJHCS has proposed here—were more appropriate. *See Bock v. Pressler & Pressler, LLP*, 2014 WL 1233039, at *3 (D.N.J. Mar. 25, 2014). Thus, far from undermining JJHCS's motion, this authority supports granting it.

## CONCLUSION

For the foregoing reasons, JJHCS requests that the Court (1) grant JJHCS's motion to permanently seal ESI's and Accredo's Answers on the docket (ECF Nos. 438 and 437, respectively); and (2) direct ESI and Accredo to publicly file versions of the Answers that redact the relevant sentence in the forms attached as Exhibits A and B to JJHCS's opening letter brief.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: All Counsel of Record