# Robinson+Cole

E. Evans Wohlforth, Jr.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

October 14, 2024

**<u>VIA E-Mail</u>**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:  ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
>  **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in opposition to Plaintiff Johnson and Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") motion to compel the addition of four new custodians.

SaveOn has already designated 33 custodians, including its entire senior leadership. It has reviewed more than 1.2 million documents and produced more than 300,000, an effort costing tens

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                          Page 2

of millions of dollars.[1] J&J now demands that SaveOn run its full set of approximately 110 search terms over three new custodians' files and a subset of those terms over one new custodian's files. This request is unjustified. SaveOn has already produced documents from multiple custodians who worked on the topics that J&J raises, and J&J fails to substantiate its assertions that the custodians are likely to have unique documents on those topics. Your Honor should deny J&J's fishing expedition.

## I.    Member and Patient Support Representatives and Supervisors

J&J fails to show that Leslie Kauffman, Brandon Bartz, and Paula Mighells are likely to have unique, relevant information from their roles as Patient and Member Support Representatives ("PSRs") and as PSR supervisors.[2] SaveOn has already produced documents from ten custodians employed as PSRs and PSR coaches, supervisors, and team leads, and in other roles in which they worked with and supervised PSRs:

---

[1] J&J asserts that its motion should be granted in part because it has designated 45 custodians while SaveOn has designated 33. Mot. at 2. This is, charitably, nonsense. First, it is unsurprising that J&J, a massive enterprise, would have more custodians than SaveOn, a business with fewer than 300 employees. SaveOn was also structured so that a small number of employees worked on the topics at issue in this case; J&J, in contrast, was structured so that many dozens of its employees across numerous entities and groups worked on relevant issues. Second, 28 of SaveOn's 33 custodians are *full* custodians, meaning that SaveOn has run approximately 110 search terms over their documents; only 18 of J&J's custodians are full custodians, the other 27 are *limited* custodians for whom it ran narrow search terms targeted to the custodians' work. These important distinctions partially explain why, to date, J&J has produced only 45,277 documents, fewer than one sixth of the over 300,000 documents that SaveOn has produced.

[2] SaveOn previously used the term "Patient Support Representative" for employees who interface with patients. It later changed the title of the role to "Member Support Representative." The terms are interchangeable. For consistency, SaveOn uses solely "Patient Support Representative" and "PSR" throughout this opposition. PSRs are employed by SaveOn to address patients' questions and assist them in obtaining their medications at no cost.

Hon. Freda L. Wolfson                                                                                Page 3

- Andrea Waker: PSR (2017-2019), *see* Ex. 1 at -116 (SOSP_0000114); PSR Team Lead[3] (2019-2021), *see* Ex. 2 at -141 (SOSP_0000137); Senior Team Lead (2021-2024), *see* Ex. 3 at PDF page 8 (SOSP_0000153);

- Jennifer Menz: PSR (2018-2019), *see* Ex. 4 at -122 (SOSP_0000121); PSR Team Lead (2019-2021), *see* Ex. 5 at -126 (SOSP_0000125); Pharmacy Relations Supervisor (2021-present), *see* Ex. 3 at PDF page 6 (SOSP_0000153);

- Brianna Reed: PSR (2019-2020), *see, e.g.*, Ex. 6 (SOSP_0302534); PSR Supervisor (2020-2023), *see* Ex. 7 (SOSP_0686494); Ex. 8 (SOSP_0704569); Senior Pharmacy Relations (Billing) Manager (2023-present), *see* Ex. 9 (SOSP_1315736);

- Sarah Segerson: PSR (2019-2020), *see, e.g.*, Ex. 10 at -812 (SOSP_0386810) (███████████████; Quality Assurance Auditor (2020-2021), *see* Ex. 2 at -141 (SOSP__0000137); Quality Assurance Supervisor (2021-present), *see* Ex. 3 at PDF page 8 (SOSP_0000153);

- Ted Mighells: PSR (2020), *see* Ex. 11 (SOSP_0840241) (████████████████████████); PSR Supervisor (2020-2021), *see* Ex. 12 (SOSP_0943830);

- Ayesha Zulqarnain: PSR (2018-2021), *see* Ex. 13 at -124 (SOSP_0000123); Pharmacy Support (2021-2022), *see* Ex. 14 at -134 (SOSP_0000133); Special Projects Coordinator (2022-current), *see* Ex. 3 at PDF page 2 (SOSP_0000153);

- Jillian Vincheski: PSR Supervisor (2018-2019), *see* Ex. 4 at -122 (SOSP_0000121); IT Security Analyst (2019-present), *see* Ex. 15 at -023 (SOSP_0711023);

- Nicole Haas: PSR Team Lead (2020), *see* Ex. 2 at -147 (SOSP_0000137); PSR Supervisor (2021-2022), *see* Ex. 16 at -349 (SOSP_0413349); Enrollment Manager (2022-present), *see* Ex. 17 at -889 (SOSP_0608889);

- Laura McClung: Denver Director of Member Services (2021-present), *see* Ex. 3 at PDF page 7 (SOSP_0000153); Ex. 18 (SOSP_0000001);

- Danielle Wagner: Call Center Director 2020-2021, *see* Ex. 2 at -139 (SOSP_0000137); Director of Member Services (2021-present), *see* Ex. 3 at PDF page 7 (SOSP_0000153).[4]

---

[3] SaveOn previously used the term "Quad Coach" to refer to PSR Team Leads. The terms are interchangeable. For consistency, SaveOn uses solely "Team Lead" throughout this opposition.

[4] The Directors of Member Services oversee all PSRs and their supervisors. *See* Ex. 3 at -159 (SOSP_0000153).

Hon. Freda L. Wolfson                                                              Page 4

SaveOn has produced 49,508 documents from these ten custodians, from the full discovery period, almost a fifth of which mention Kauffman, Bartz, or Mighells.

Kauffman's, Bartz's, and Mighells's documents are likely duplicative of the tens of thousands of documents already produced from the other PSR custodians, because SaveOn's PSRs and their supervisors worked closely together, *see e.g.*, J&J Ex. 5 at -854 (███████████████ ████████████████████████); J&J Ex. 8 at -363 (████████████████████ ████████████████████████████); J&J Ex. 31 (██████████████ ██████████████████████████████); J&J Ex. 36 (████████████ ████████████████), and frequently discussed their work in large group chats, *see, e.g.*, J&J Ex. 3 (SOSP_1370342) (██████████████████████████████████ ██); J&J Ex. 9 (SOSP_2389506)████████████████████████ ██████████████████████████████████████); J&J Ex. 11 (SOSP_1944933) (same); J&J Ex. 12 (SOSP_2159340) (same); J&J Ex. 30 (████████████ ████████████████████████████).

While J&J asserts that Kauffman, Bartz, and Mighells likely encountered and discussed patient issues, Mot. at 3, 11, SaveOn has already produced documents from the ten existing PSR custodians, as well as the call notes and descriptions of **220,000** calls made by or to SaveOn's PSRs,[5] reflecting all calls with patients concerning Janssen drugs during the relevant period.[6] And while J&J asserts that these employees might have unique information about SaveOn's training

---

[5] *See, e.g.*, Ex. 19 (SOSP_0446832) (call records); Ex. 20 (SOSP_0446833) (same); Ex. 21 (SOSP_1320403) (same); Ex. 22 (SOSP_1320403) (same); Ex. 23 (SOSP_1320404) (same).

[6] SaveOn has agreed in principle to produce available corresponding call recordings. *See* Ex. 24 (Aug. 2, 2024 Ltr. from M. Nelson to J. Chefitz).

Hon. Freda L. Wolfson                                                                                    Page 5

processes for PSRs, Mot. at 8, 12, SaveOn has already produced piles of training materials from both custodial and non-custodial sources, *see* Ex. 32 (SaveOn's R&Os to J&J's First Set of RFPs), including all recorded training sessions that it has been able to identify, and thousands of talk tracks, training guides, and presentations.[7] SaveOn's investigation shows that Kauffman, Bartz, and Paula Mighells did not have primary responsibility for drafting training materials; that responsibility lay with ███████████████████████████████████—all existing custodians. In light of this, J&J's requests should be denied.

### A.    Leslie Kauffman

Nearly three months ago, SaveOn offered to add Kauffman as a limited custodian if J&J would add Joseph Incelli as a similarly limited custodian. *See* J&J Ex. 22 at 2 (July 19, 2024 Ltr. from M. Nelson to B. Robinson); *see also* J&J Ex. 26 (Aug. 1, 2024 Ltr. from M. Nelson to B. Robinson). J&J refused, insisting that Kauffman be a full custodian. J&J Ex. 21 (Aug. 5, 2024 Ltr. from B. Robinson to M. Nelson). This demand is meritless.

While J&J asserts that Kauffman interacted with patients as a PSR, Mot. at 3, SaveOn has already produced ample discovery about PSRs and patient complaints, *see supra* Section I. The only potentially unique information that J&J identifies is a single, discrete project beginning in 2021 in which she "obtain[ed] information f██████████████████████████████████ ████████" Mot. at 3. As it offered in July, SaveOn remains willing to negotiate limited search parameters to identify these documents. But Kauffman's role on this one small project during a

---

[7] *See, e.g.*, Ex. 25 (SOSP_0505478) (talk track); Ex. 26 (SOSP_0300734) (call coaching form); Ex. 27 (SOSP_0297572) (enrollment process guide); Ex. 28 (SOSP_0302661) (guide on trouble-shooting billing issues); Ex. 29 (SOSP_2371545) (March 2023 billing huddle guidance).

Hon. Freda L. Wolfson                                                    Page 6

short period of time comes nowhere close to justifying running more than 100 search terms over her documents for the full time period, requiring review of 19,488 more documents.

### B.    Brandon Bartz

Bartz was a PSR in 2021 and a PSR supervisor from 2021 to 2023. Like the ten existing PSR custodians, he spoke with members of SaveOn-advised plans, answered questions from PSRs, and elevated issues to the PSR Director, Laura McClung (a current custodian), and the Member Services Manager, Danielle Wagner (also a current custodian). J&J does not show that Bartz—who appears on 4,222 documents that SaveOn already produced—is likely to have unique documents about training, policies, or patient complaints, Mot. at 7-10, given SaveOn's vast production on those topics. *See supra* Section I. (For instance, J&J cites a Microsoft Teams chat of PSR supervisors in which Bartz ███████████████████████████████████████████ ████████████████████████████," J&J Mot. at 8 (citing J&J Ex. 30)—but SaveOn has already produced nearly *250 talk tracks* with that same language.) Adding Bartz as a full custodian would require SaveOn to review at least 22,700 additional documents.[8]

J&J's only unique argument about Bartz is that he "spoke with unusual candor and color" in private conversations with another SaveOn employee, Ted Mighells. Mot. at 9. But these discussions were mostly about irrelevant topics like office politics. *See* J&J Ex. 33 (████████ ██████████████████████████████); J&J Ex. 35 at -970-71 (██████ ████████████████████████████████). And the snippet of conversation that J&J cites reflects *Ted Mighells's* opinions, not Bartz's. *Compare* Mot. at 9 ("Bartz ████████████████████ ██████████████████████████████████████████), *with* J&J Ex.

_____

[8] SaveOn is still processing one final data-source for Bartz; this number is likely to increase once that data is processed.

33 at -955-56 (██████████████████████████████████████████

██████████████████████████████████). Bartz's water-cooler conversations do not show he

is likely to have unique documents on actually relevant topics.

### C.    Paula Mighells

Mighells—a PSR from 2019 to 2021 and a Quality Assurance Auditor from 2021

to 2023—had no unique knowledge of SaveOn or its operations, and her documents will be dupli-

cative of the ten existing PSR custodians'. PSRs communicated extensively through chats, and

SaveOn already produced all responsive messages from a Teams chat called "████████████████

██," *e.g.* J&J Ex. 43, because custodians Reed and Wagner were participants. SaveOn has also

produced all responsive messages from the "██████████████████████████" Teams chat, *e.g.*

J&J Ex. 49, and the "█████████" Teams chat, *e.g.* J&J Ex. 45, which included Mighells and all

other quality assurance employees, because other custodians were part of those chats too. Overall,

SaveOn has already produced more than ***218,000*** Teams messages that Mighells sent or received

(in addition to over 700 documents on which Mighells is the sender or recipient). Adding Mighells

as a full custodian would require review of 16,323 additional documents.

While J&J asserts that Mighells would have unique documents about declined enrollments,

Mot. at 11-12, SaveOn's investigation shows that, in her role as a Quality Assurance Auditor,

Mighells ████████████████████████████████████████████████████████████████████

███████████ (a current custodian), ████████████████████████████████████████

███████████ (both current custodians). SaveOn has produced the relevant call recordings and emails.

J&J cites a document stating that █████████████████████████████████████████████

████████████████████████████████████, Mot. at 11 (citing J&J Ex. 46)—but SaveOn has

produced extensive call center records showing which patients declined and accepted its services.

*See* Ex. 19 (SOSP_0446832) (call records); Ex. 20 (SOSP_0446833) (same); Ex. 21

Hon. Freda L. Wolfson                                                      Page 8

(SOSP_1320402) (same); Ex. 22 (SOSP_1320403) (same); Ex. 23 (SOSP_1320404) (same). J&J also cites an email ████████████████████████████████████████████ as evidence that communications regarding declined enrollment calls would be in Mighells's possession, Mot. at 11-12 (citing J&J Ex. 47)—but SaveOn already produced call records showing that same information—plus more that Mighells did not receive.[9]

While J&J also asserts that Mighells is relevant to its unfounded allegation that SaveOn tried to silence its employees, Mot. at 12-13, Your Honor has already ruled on this issue. When J&J sought information about SaveOn's use of its confidentiality policies, Dkt. 298, the Court denied J&J's motion and told it to consider narrower requests. Dkt. 305 ¶ 10. SaveOn offered to produce exactly what J&J told Your Honor it wanted: documents from SaveOn executives Jody Miller, Claudia Dunbar, and Rob Saeli, the individuals who participated in decision-making on these issues. Ex. 30 (Aug. 30, 2024 Ltr.); Apr. 3, 2024 Hr'g Tr. at 106:21-23; 108:17-20 (J&J saying it wanted "very limited" discovery from "among the top three or four executives"). If J&J seeks information about why Mighells was terminated, Mot. at 12-13—and it still does not show why that would be relevant—that information would be in the files of the existing custodians who decided to terminate her.

---

[9] *Compare* J&J Ex. 47 ("████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.") *with* Ex. 21 at Row 5893 (SOSP_1320402) (████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Hon. Freda L. Wolfson                                                                                     Page 9

## II.    Jenna Quinn

Jenna Quinn, a Billing Services Supervisor and former Billing Specialist, is not likely to have unique documents on the "evasion" topics that J&J alleges. Mot. at 13-16. SaveOn has identified the employees who it understands, based on its reasonable investigation, engaged in the conduct that J&J calls evasive, and it has produced their responsive documents. *See* Ex. 31 (SaveOn's Apr. 24, 2024 Supplemental R&Os). Quinn was not one of them. SaveOn's investigation shows instead that Quinn took information from her supervisors—including custodians Brianna Reed, Nick Morrisey, and Jennifer Menz—and synthesized and shared it with her team in the billing department. This information included training policies and talk tracks. J&J's proposal would require SaveOn to review 2,524 additional documents.

J&J fails to back up its assertion that Quinn "worked closely with" Zulqarnain and Johnson to evade manufacturer detection. Mot. at 15. J&J cites documents showing that Quinn ███████

███████████████████████████████████████████████████████████████████████████

███;[10] they do not show that Quinn had any substantive input. For example, while J&J says that Exhibit 62 shows that Quinn was involved with Zulqarnain and Johnson "lying to manufacturers," Mot. at 15, it shows only ████████████████████████████████████████████████

████████████████████████████████████████       "████████████████████████

---

[10] While J&J asserts that Zulqarnain testified "████████████████████████████████

████ Mot. at 15, in fact, when asked ███████████████████████████████████ When asked ██████████████████████████████████████████████████████████████████

██████████████████████████████████      J&J Ex. 61 at 124:17-25.

Hon. Freda L. Wolfson                                                                Page 10

███████ J&J Ex. 62 at -253. This comes nowhere close to showing that Quinn is likely to have

unique, relevant documents.

*     *     *

We appreciate Your Honor's attention to this matter.


Respectfully submitted,


/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# MOTION TO COMPEL
# ADDITIONAL CUSTODIANS

# OPPOSITION EXHIBITS 1-23

# FILED UNDER PERMANENT SEAL

# Exhibit 24

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Meredith Nelson
Associate
212.390.9069
mnelson@selendygay.com

August 2, 2024

**Via E-mail**

Elisabeth Shane
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
eshane@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
      LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Elisabeth,

    We write in response to your July 16 letter regarding SaveOn's call record-
ings.

    As you are aware, we have been investigating the feasibility of identifying
and producing call recordings associated with the Salesforce entries J&J identified
in its letter. SaveOn has expended considerable efforts to identify these calls and
has developed a process by which it can match call records to Salesforce entries
using certain criteria, including the call date and the phone number associated with
the call. This process requires a significant amount of time because, among other
things, it requires SaveOn to download the entire universe of call recordings asso-
ciated with SaveOn's call centers before it can match those calls to Salesforce rec-
ords using metadata.

    Based on the results of this process so far, we do not anticipate that SaveOn
will be able to locate call records for each Salesforce entry J&J has identified. This
is so for several reasons, including that (1) some entries do not reflect calls, *e.g.*,
Row 3690; (2) some entries are duplicates, *e.g.*, Rows 749-752; (3) some record-
ings are reflected in more than one Salesforce entry; and (4) for some entries, no
corresponding recording can be located despite considerable effort. We currently
expect that the process of determining what call records SaveOn can locate will
take several more weeks. We will provide an update once that process is complete.

Elisabeth Shane
August 2, 2024

While we reserve all rights, we are willing in principle to produce available call recordings that are responsive to J&J's narrowed request in exchange for J&J's agreement to produce call recordings requested by SaveOn. SaveOn's original request to J&J for call recordings, however, was made in March 2024, before J&J produced any call notes from the refresh period. J&J's request for call recordings covers both the pre-refresh and refresh time periods. To ensure that the parties' agreement is reciprocal, SaveOn is in the process of reviewing the refresh period call notes that J&J has since produced and will identify the additional recordings from the refresh period that it believes J&J should produce. SaveOn will make those additional requests to J&J once we have completed our review.

Finally, we have repeatedly asked J&J and TrialCard to provide us with information about the feasibility of locating and producing the 1,500 call recordings we previously requested. It has been nearly four months since TrialCard told us that it was investigating the feasibility of producing these recordings. Please provide that information without further delay.

We reserve all rights.


Regards,

/s/ Meredith Nelson

Meredith Nelson
Associate

# MOTION TO COMPEL
# ADDITIONAL CUSTODIANS

# OPPOSITION EXHIBITS 25-29

# FILED UNDER PERMANENT SEAL

# Exhibit 30

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Meredith Nelson
Associate
212 390 9069
mnelson@selendygay.com

August 30, 2024

**Via E-mail**

Bonita L. Robinson
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036
brobinson@pbwt.com

Re:   **Johnson & Johnson Health Care Systems Inc. v. Save On SP,
      LLC (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Bonnie,

        We write in response to your August 15, 2024 letter regarding J&J's Twelfth
Set of Requests for Production. SaveOn maintains that its proposal to resolve RFP
Nos. 119-121 is reasonable and tailored to find and produce the documents that
J&J told Judge Wolfson it wanted.

        *First*, contrary to your claim that limiting discovery on specific issues to cus-
todians likely to be involved with those issues is "unusual," Aug. 15, 2024 Ltr. at 1,
the parties have done so regularly throughout this case. *See, e.g.*, Aug. 1, 2024 Ltr.
from M. Nelson to J. Long (detailing unique search terms for Melanie Jerred, re-
lated to a specific issue for SaveOn client Premera; Darcie Falsioni, related to her
work negotiating contracts; and Jessica Johnson and Kelsey Leger, related to their
involvement in so-called "evasion" issues); Dec. 22, 2023 Ltr. from J. Long to E.
Snow at 2 (negotiating a unique set of search terms for CAP custodians); July 25,
2024 Ltr. from J. Long to E. Snow (agreeing to run a search term regarding draft-
ing T&Cs across the files of a small set of custodians); *see generally* Aug. 8, 2024
Ltr. from J. Long to M. Nelson (complete set of search terms J&J is running, many
of which are limited to certain custodians). J&J itself proposed such a limitation
here, telling Judge Wolfson that it only wanted discovery from SaveOn's top exec-
utives. *See* Apr. 3, 2024 Hr'g Tr. at 106:20-23 (Mr. Greenbaum: "[The requests]
are very limited, it's probably limited to information that the top executives
know."); *id.* at 108:17-20 ("So we want information...among the top three or four

Bonita L. Robinson
August 30, 2024

executives. It's not a lot of documents."); *see also id.* at 109:9-10 ("[W]e're probably not talking about more than twenty documents in the whole case.").

*Second*, SaveOn's offer to produce documents from the individuals who participated in decision-making on the topics covered by RFP Nos. 119-121 is exactly what J&J told Judge Wolfson that it wanted. *Id.* at 107:22-24 ("I want to know what was the communication that led them to ... amend the confidentiality [policy]... I want to see those communications as to *why they made this change* all of a sudden in May of 2023." (emphasis added)); *id.* at 108:9-11 (I want to know who they policed, if anyone, of people refusing to sign this new confidentiality policy); *id.* at 108:17-22 ("[W]e want information about ... *how did it come about* that [SaveOn] decided to write this letter to Mighells?" (emphasis added)). Information about why SaveOn changed its confidentiality policy and against whom and why it enforced that policy is contained in the files of the individuals who made the decisions to change and enforce the policy.

*Third*, for both RFP Nos. 119 and 120, you demand that SaveOn add additional custodians because J&J's proposed search terms generated hits when run over their files. We do not agree that those hit counts show that those custodians have relevant documents. As we explained previously, the search terms associated with J&J's requests "generate[] significant numbers of false hits" when run over the files of other custodians. *See* June 21, 2024 Ltr. from M. Nelson to B. Robinson at 3; *see also* Aug. 5, 2024 Ltr. from M. Nelson to B. Robinson.[1] For example, the term associated with RFP No. 119 hits on many irrelevant client contracts in the files of both Ron Krawczyk and Jill Stearns. *See, e.g.*, SOSP_1121697 at -698-9 ("Updated" in the footer, "confidential" in the watermark, and "amendment" in § 2(g)). The term associated with RFP No. 120 hits on J&J's complaint in this litigation. *See* Dkt. 1, ¶ 22 n.4 ("stop" and "patient" and "discussed" in the same footnote). We thus do not agree to add Ron Krawczyk and Jill Stearns as custodians for RFP No. 119 or to add Krawczyk, Stearns, and Nick Morrissey as custodians for RFP No. 120. If J&J has any evidence—other than hit counts—that these individuals are likely to have documents responsive to RFP Nos. 119 and 120, please provide it to us so that we may consider it.

*Fourth*, for RFP No. 121, you suggest that SaveOn must add Ted Mighells as a custodian because he is the person "most likely to possess documents and communications regarding SaveOnSP's efforts to take adverse action against him." In fact, the first time that SaveOn took any action towards Mighells related to its confidentiality policy was when it sent him a letter in May 2023, eight months after he left SaveOn of his own volition in September 2022. His custodial documents are thus highly unlikely to have any information relating to SaveOn's actions. You also

---

[1] J&J previously responded that search terms with some false hits were simply "the nature of electronic discovery." June 25, 2024 Ltr. from B. Robinson to M. Nelson at 2. It has not, however, pointed to documents that indicate other custodians were involved in the decision-making processes referenced in RFP Nos. 119-121.

Bonita L. Robinson
August 30, 2024

ask that SaveOn designate multiple other employees as custodians for RFP No. 121, but our investigation shows that they had nothing to do with SaveOn's letter to Mighells. Documents showing "how ... it [came] about that [SaveOn] decided to write [a] letter to Mighells" in May 2023, Apr. 3, 2024 Hr'g Tr. at 108:17-22, will be found in the files of the individuals who were involved in writing and sending that letter—Jody Miller, Claudia Dunbar, and Rob Saeli. We decline to add the requested custodians.

*Fifth*, you ask who communicated with Mighells about any "adverse actions" against him. Based on our investigation, we understand that the only individuals who communicated with Mighells regarding any "adverse actions" against him were outside lawyers supervised by Jody Miller, Claudia Dunbar, and/or Rob Saeli.

*Sixth,* you suggest that SaveOn must add individuals who worked with Paula Mighells as custodians for RFP No. 121. We decline to do so. J&J has claimed that it seeks documents regarding the reasons for any adverse actions against Paula Mighells. Any such documents reside with the individuals who made the decisions to take those adverse actions—Jody Miller, Claudia Dunbar, and Rob Saeli. J&J presents no basis for its request to fish through the documents of six additional custodians other than speculation that they may have talked about an issue related to their co-worker. If J&J has any evidence—other than hit counts—that these individuals are likely to have documents responsive to RFP No. 121, please provide it to us so that we may consider it.

*Sixth*, the only other individual besides Jody Miller, Claudia Dunbar, and Rob Saeli who may have communicated with Paula Mighells regarding her termination is Scott Terhaar. Terhaar is not an existing custodian and had limited involvement in her termination; he communicated the decision to terminate Paula Mighells's employment to her because Rob Saeli retired from SaveOn shortly before she was terminated. Any conversation that he had about the reasons for that decision would have been with Miller, Dunbar, or Saeli. Given the at-best limited relevance of these requests, collecting and producing documents from a new custodian is disproportionate and unduly burdensome. SaveOn will not collect and produce documents from Terhaar in response to this request.

*Finally*, you demand that SaveOn produce its "Workplace Communication" and "Remote Work" policies, but do not explain the relevance of this new request. If you do so, we will consider it.

Sincerely,

/s/ Meredith Nelson

Meredith Nelson
Associate

# Exhibit 31

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JKS) (CLW) |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL RSPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 17, 18 and 20, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## **GENERAL OBJECTIONS**

1.      JJHCS does not limit any of its Interrogatories to nonprivileged material. Save-OnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2

2.      JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's

possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks

disclosure of information that is not within SaveOnSP's possession, custody, or control that Save-

OnSP can locate after a reasonable inquiry.

## OBJECTIONS TO DEFINITIONS

3.      SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and ac-

countants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP inter-

prets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, and all persons or entities acting or purporting

to act on behalf or under the control of SaveOnSP, LLC.

4.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-

plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-

inition.

5.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it

objects to the definition of "SaveOnSP."

6.      SaveOnSP objects to the term "or other substance" in the definition of "Pharma-

ceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceuti-

cal Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or

distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diag-

nosis of any illness, disease, disorder, or other condition.


Dated:  April 24, 2023                         By: /s/      E. Evans Wohlforth, Jr.
                                                   E. Evans Wohlforth, Jr.
                                                   **ROBINSON & COLE LLP**

666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 2, 17, 18,
AND 20**

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the
presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as dis-
cussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 18:**

Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to Save-OnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November, 22, 2022, ECF No. 62.

**INTERROGATORY NO. 20:**

Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## CERTIFICATION OF SAVE ON SP, LLC

I, Jody Miller, am the President of Save On SP, LLC ("SaveOnSP"). I am authorized to submit this certification on behalf of SaveOnSP. I certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, SaveOnSP and I are subject to punishment. I certify that in responding to the foregoing Interrogatories, I have furnished all information available to SaveOnSP, its agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

Save On SP, LLC

By: _____

Jody Miller
President

Date: April 23, 2024

# Exhibit 32

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

David Elsberg (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rule of Civil Procedure 34, Defendant Save On SP, LLC ("Save-OnSP"), by and through its undersigned counsel, responds and objects to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") First and Second Sets of Requests for Production, dated May 11, 2022 and October 21, 2022, respectively (the "Requests"). If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

## GENERAL OBJECTIONS

1.     SaveOnSP objects to each of these Requests to the extent that they seek the disclosure of the identities of plan participants or of health plans that have contracted with SaveOnSP, because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in documents it produces in response to these Requests.

## OBJECTIONS TO DEFINITIONS

2.     SaveOnSP objects to the definition of the term "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, and any and all predecessors and successors

2

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-atives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP.

3.    SaveOnSP objects to the definition of "SaveOnSP Program," as described in Com-plaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this def-inition.

4.    SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

5.    SaveOn objects to the definition of "Drug List" to the extent that it objects to the definition of the "SaveOnSP Program."

## <u>OBJECTIONS TO INSTRUCTIONS</u>

6.    SaveOnSP objects to Instruction No. 14 in Plaintiff's First Set of Requests for Pro-duction and Instruction No. 18 in Plaintiff's Second Set of Requests for Production to the extent that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

7.    SaveOnSP objects to Instruction No. 16 in Plaintiff's First Set of Requests for Pro-duction and Instruction No. 20 in Plaintiff's Second Set of Requests for Production to the extent that it asks SaveOnSP to produce Documents and Communications outside of its possession, cus-tody, and control or asks SaveOnSP to provide information beyond that which SaveOnSP can identify after a reasonable search. SaveOnSP will produce relevant, non-privileged documents within its possession, custody, or control that it can identify after a reasonable search.

8.    SaveOnSP objects to Instruction No. 18 in Plaintiff's First Set of Requests for Pro-duction and Instruction No. 22 in Plaintiff's Second Set of Requests for Production to the extent

that JJHCS attempts to impose requirements on SaveOnSP beyond those required by the Federal Rules of Civil Procedure, agreed to by the parties, or ordered by the Court.

9.      SaveOnSP objects to the definition of the term "copay" as used in the Complaint. SaveOnSP interprets the term "copay" to mean the portion of a drug's cost, as determined by the plan, owed by the patient at point of sale.

10.     SaveOnSP uses the terms "Essential Health Benefits," "Janssen Drugs," and "Non-Essential Health Benefits" as defined in SaveOnSP's First Request for Production of Documents to JJHCS, dated November 11, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Documents sufficient to show SaveOnSP's organizational structure throughout the Time Period, including but not limited to organization charts.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 2:** Documents sufficient to identify the names and citizenship of all Save-OnSP LLC members, including the membership of any limited liability companies, limited partnerships, or partnerships that are members of SaveOnSP, either directly or indirectly (e.g., through membership of an LLC that is itself a member of SaveOnSP).

**RESPONSE:** SaveOnSP objects to this Request because the membership and citizenship of SaveOnSP are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 3:** Documents sufficient to identify every person who has ever been enrolled in CarePath and the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

4

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks information beyond that sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath. The burden and expense of producing such information, including the identities of thousands of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath, outweighs the marginal relevance of the material requested. Save-OnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the total number of people enrolled in plans advised by SaveOnSP who also enrolled in CarePath.

**REQUEST NO. 4:** Documents sufficient to identify every health plan who has ever con-tracted with SaveOnSP or Express Scripts to participate in the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks the identities of every health plan advised by SaveOnSP. The burden and expense of producing all such information outweighs the marginal relevance of the material requested. Save-OnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

5

**REQUEST NO. 5:** All documents, including drafts, concerning communications with persons currently enrolled or eligible to enroll in CarePath.

**RESPONSE:** SaveOnSP objects to the phrase "persons … eligible to enroll in CarePath" as not describing the requested documents with reasonable particularity. SaveOnSP interprets that phrase to mean plan members who have been prescribed Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents concerning communications with persons who are not enrolled in plans advised by SaveOnSP, seeks documents concerning communications that do not relate to CarePath or to SaveOnSP's services, or seeks drafts of communications not shared with persons who are enrolled in plans advised by SaveOnSP, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and plan members who have been prescribed Janssen Drugs. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the content of SaveOnSP's communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

6

SaveOnSP will produce documents sufficient to show the content of communications with persons enrolled in health plans advised by SaveOnSP who enrolled or were eligible to enroll in CarePath concerning CarePath or SaveOnSP's services. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 6:** All communications between SaveOnSP and JJHCS, as well as all communications SaveOnSP has had relating to SaveOnSP's communications with JJHCS.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern CarePath, SaveOnSP's services, or Janssen Drugs, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications between SaveOnSP and JJHCS, and communications relating to such communications, beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce communications between SaveOnSP and JJHCS concerning CarePath, SaveOnSP's services, or Janssen Drugs, and communications relating to such communications, identified during a reasonable search.

**REQUEST NO. 7:** All communications SaveOnSP has received from persons currently enrolled in CarePath, including patient complaints or inquiries regarding the SaveOnSP Program, and all documents regarding such patient complaints or inquiries.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services or the terms of plans advised by SaveOnSP, because such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all communications SaveOnSP has received from persons currently enrolled in CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting SaveOnSP's communications with plan participants beyond those sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show SaveOnSP's standard, scripted communications regarding SaveOnSP's services or the terms of plans advised by SaveOnSP with persons enrolled in CarePath and in a health plan advised by SaveOnSP. SaveOnSP will also produce communications identified during a reasonable search that it has received from persons currently enrolled in CarePath concerning complaints or inquiries about SaveOnSP's services or the terms

of plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 8:** All communications SaveOnSP has received from persons who (i) refused to enroll in the SaveOnSP Program; (ii) tried to opt out of enrollment in the SaveOnSP Program; or (iii) initially enrolled in the SaveOnSP Program, but later canceled their enrollment, as well as all documents regarding such patient communications.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP interprets this Request to seek communications regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request to the extent that it seeks documents not related to CarePath or Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all communications that SaveOnSP has received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii) initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their accounts beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

9

SaveOnSP objects to producing the identities of plan participants because such information

is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not

produce such information.

SaveOnSP will produce communications identified during a reasonable search that it has

received from members of plans advised by SaveOnSP who use any Janssen Drug who (i) refused

to either enroll in CarePath or allow SaveOnSP to monitor their pharmacy accounts on behalf of

the plan; (ii) tried to opt out of either CarePath or monitoring of their pharmacy accounts; or (iii)

initially enrolled in CarePath and consented to monitoring of their pharmacy accounts but later

either cancelled their enrollment in CarePath or withdrew their consent to monitoring of their ac-

counts. SaveOnSP will anonymize references to the identities of plan participants in such docu-

ments.

**REQUEST NO. 9:** All documents and communications concerning the "Master Program
Agreement, effective November 13, 2017" executed between Express Scripts and SaveOnSP, in-
cluding any drafts thereof and amendments, schedules, exhibits, and appendices thereto, as well
as all documents and communications concerning any predecessor or successor agreements be-
tween Express Scripts and SaveOnSP relating to similar subject matter as the Master Program
Agreement.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other

than the executed versions of the Master Program Agreement and similar agreements, as such

documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such

documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent

that it seeks documents other than the executed versions of the Master Program Agreement and

similar agreements. The burden and expense of producing such documents outweighs any marginal

relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP will produce executed versions of the Master Program Agreement, similar agreements, and any amendments, schedules, exhibits, and appendices thereto.

**REQUEST NO. 10:** All documents and communications concerning the relationship between Express Scripts and SaveOnSP, including any payments remitted to SaveOnSP pursuant to the Master Program Agreement, or any other agreement, written or otherwise.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents that do not concern SaveOnSP's services at issue in this action, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs any marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to this Request to the extent that it seeks documents concerning payments made between Express Scripts and SaveOnSP beyond those sufficient to show the amounts of those payments, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications identified during a reasonable search concerning the relationship between SaveOnSP and Express Scripts regarding SaveOnSP's services at issue in this action. SaveOnSP will also produce documents sufficient to show payments made between Express Scripts and SaveOnSP.

**REQUEST NO. 11:** All documents and communications concerning the relationship between Accredo and SaveOnSP, including contracts, agreements, and memoranda of understanding of any kind.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the relationship between SaveOnSP and Accredo as it relates to

SaveOnSP's services at issue in this action, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents and communications sufficient to show the relationship between SaveOnSP and Accredo as it relates to SaveOnSP's services at issue in this action.

**REQUEST NO. 12:** All documents concerning fees paid to or collected by SaveOnSP, not otherwise captured by other Requests.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning fees unrelated to Janssen Drugs, as those documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show relevant payments paid to or collected by SaveOnSP, as such information is cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show all fees paid to or collected by SaveOnSP that relate to the services it provides to plans regarding Janssen Drugs.

**REQUEST NO. 13:** All documents and communications between Accredo and SaveOnSP concerning CarePath, including the terms and conditions of CarePath and the operation of the CarePath copay card.

**RESPONSE:** SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications between Accredo and SaveOnSP concerning CarePath beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP will produce documents in response to this Request identified during a reasonable search.

**REQUEST NO. 14:** All marketing materials, including drafts, regarding the SaveOnSP Program provided to health insurance plan sponsors or any other person.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all marketing materials regarding SaveOnSP's services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of marketing materials identified during a reasonable search regarding the services that it provides to health plans. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

13

**REQUEST NO. 15:** All recordings or transcripts of presentations or interviews concerning the SaveOnSP Program.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all recordings or transcripts of presentations or interviews concerning the services SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce recordings or transcripts of presentations regarding the services that it provides to health plans identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 16:** All documents and communications, including drafts, concerning SaveOnSP's marketing or promoting its services to health insurance plan sponsors, including without limitation to pharmaceutical health plan sponsors.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

14

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning SaveOnSP's marketing or promoting its services to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce final versions of communications or marketing materials that SaveOnSP provided to health plan sponsors identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 17:** Any agreements, including drafts, between SaveOnSP or Express Scripts on the one hand, and health insurance plan sponsors, on the other, regarding the SaveOnSP Program, and any communications relating thereto.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case because it seeks all agreements between SaveOnSP or Express Scripts and health insurance plan sponsors

15

regarding the services provided by SaveOnSP. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

Subject to the foregoing, SaveOnSP will produce documents sufficient to show the terms of its contracts with health insurance plans that cover Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 18:** All documents and communications concerning SaveOnSP's evaluation of Janssen therapies, including but not limited to the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request because SaveOnSP does not evaluate Janssen therapies and does not designate or de-designate Janssen therapies as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications concerning advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

16

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting its advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 19:** All documents and communications concerning SaveOnSP's inclusion or exclusion of specific drugs as essential health benefits pursuant to the Affordable Care Act, including the criteria for inclusion and exclusion.

**RESPONSE:** SaveOnSP objects to this Request because SaveOnSP is not a health plan that can include or exclude drugs as Essential Health Benefits pursuant to the Affordable Care Act.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans regarding the plans' treatment of Janssen

Drugs as Essential or Non-Essential Health Benefits, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 20:** All documents and communications concerning the definition of "Essential Health Benefits" as that term is used in the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request because the definition of "Essential Health Benefits" under the Affordable Care Act is publicly available information.

SaveOnSP interprets this Request as seeking documents and communications regarding advice that it provides to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

18

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 21:** All documents and communications concerning which state benchmark to use for the designation of specific drugs as essential health benefits.

**RESPONSE:** SaveOnSP objects to the phrase "concerning which state benchmark to use for the designation of specific drugs as essential health benefits." SaveOnSP does not determine which state benchmarks are selected by health plans.

SaveOnSP interprets this Request as seeking documents and communications concerning the advice that SaveOn provides to health plans regarding the treatment of Janssen Drugs as Essential or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search reflecting SaveOnSP's advice to health plans regarding the plans' treatment of Janssen Drugs as Essential or Non-Essential Health Benefits. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 22:** All documents and communications concerning SaveOnSP's compliance with the Affordable Care Act, including but not limited to documents and communications concerning legal "gray area" surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents concerning SaveOnSP's compliance with the Affordable Care Act, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP is not subject to the Affordable Care Act except as the sponsor of its own health plan. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to the phrase "legal 'gray area' surrounding the de-designation of Janssen therapies as essential health benefits pursuant to the Affordable Care Act." The "gray area" discussed in the presentation that JJHCS cites in its Complaint ¶ 72 refers to the use of copay assistance by patients on health savings account plans; it does not refer to whether drugs can be treated as Essential Health Benefits or Non-Essential Health Benefits.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding the use of copay assistance by patients on health savings account plans, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding the advice that SaveOnSP provides to health plans concerning compliance with the Affordable Care Act beyond those identified through a reasonable search.

21

The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting the advice that it provides to health plans concerning compliance with the Affordable Care Act as it relates to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 23:** All documents and communications relating to CarePath, including documents and communications concerning (i) drugs for which CarePath assistance is available; (ii) the amount of CarePath copay assistance available for Janssen therapies; (iii) the terms and conditions of CarePath; and (iv) and corresponding or resulting changes to the SaveOnSP Program based on the "most lucrative copay assistance programs."

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the phrase "corresponding or resulting changes to the SaveOnSP Program based on the 'most lucrative copay assistance programs'" does not describe the requested documents with reasonable particularity.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to CarePath beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

22

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications relating to CarePath identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 24:** All documents concerning SaveOnSP's offer of $0 co-payments to patients, including any communications relating to whether to cease offering $0 co-payments for one or more pharmaceuticals.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's offer of $0 co-payments to patients." SaveOnSP does not offer $0 co-payments to patients.

SaveOnSP interprets this Request to seek all documents concerning benefits offered by plans advised by SaveOnSP in which the plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring her pharmacy account on behalf of the plan.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents concerning such plan benefits beyond those identified through a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents concerning such plan benefits identified during a reasonable search. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 25:** All documents concerning SaveOnSP call center locations, training materials, and call scripts used in communications regarding the SaveOnSP program with patients.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks documents regarding the locations of SaveOnSP's call centers beyond those sufficient to show those locations, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show the locations of its call centers and will produce training materials and scripts used by SaveOnSP's call center employees regarding the services SaveOnSP offers to health plans.

**REQUEST NO. 26:** All documents concerning actuarial, adherence trends, or other analyses performed by SaveOnSP on patient adherence to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 27:** All documents and communications concerning non-medical switching of prescription drug therapies by CarePath patients, enrolled, or not enrolled in SaveOnSP, based on the exhaustion of manufacturer copay assistance funds.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as described in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

24

SaveOnSP will produce documents responsive to this Request identified during a reasonable search.

**REQUEST NO. 28:** All documents and communications concerning "the inflated co-pay," or increase to, SaveOnSP patients' copay or out-of-pocket obligations.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP patients." SaveOnSP does not have patients. SaveOnSP interprets this phrase to refer to members of plans advised by SaveOnSP who are enrolled in CarePath.

SaveOnSP objects to this Request to the extent that it seeks documents and communications regarding copays for drugs other than Janssen Drugs, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search concerning changes to copays for Janssen Drugs made by health plans advised by SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

25

**REQUEST NO. 29:** All documents and communications indicating the total amount Save-OnSP has collected from patients who had already satisfied their out-of-pocket maximum, prior to enrolling in SaveOnSP.

**RESPONSE:** SaveOnSP objects to the phrase "the total amount SaveOnSP has collected from patients." SaveOnSP does not collect amounts from patients.

SaveOnSP objects to the phrase "enrolling in SaveOnSP." Patients do not enroll in Save-OnSP.

SaveOnSP objects to this Request as not describing the documents sought with reasonable particularity.

SaveOn will not produce documents in response to this Request.

**REQUEST NO. 30:** All documents reflecting communications with pharmacies regarding the "[p]oint of sale claim rejection" to "facilitate warm transfer of member to SaveonSP."

**RESPONSE:** SaveOnSP objects to the phrase "[p]oint of sale claim rejection," as it does not accurately describe pharmacies' communications with patients.

SaveOnSP interprets this Request as seeking all documents reflecting communications with pharmacies regarding the warm transfer of plan members to SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks documents reflecting communications with pharmacies about drugs other than Janssen Drugs, as those communications are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents reflecting its communications with pharmacies regarding the warm transfer of members using Janssen Drugs to SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

26

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents identified during a reasonable search reflecting its communications with pharmacies regarding communications with members using Janssen Drugs regarding the warm transfer of members to SaveOnSP. SaveOnSP will anonymize references to the identities of plan participants in such documents.

**REQUEST NO. 31:** All documents concerning or discussing the amount of "savings" generated and commissions earned by SaveOnSP relating to Janssen therapies.

**RESPONSE:** SaveOnSP interprets the term "Janssen therapies" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show the annual savings generated by SaveOnSP for its clients relating to Janssen Drugs and the annual fees earned by SaveOnSP relating to Janssen Drugs, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show the annual savings on Janssen Drugs generated by SaveOnSP for its clients and the annual fees earned by SaveOnSP relating to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

27

**REQUEST NO. 32:** All documents and communications concerning SaveOnSP's methods to maintain or increase "savings" to health plan sponsors through manufacturer copay assistance programs.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's methods to maintain or increase 'savings' to health plan sponsors through manufacturer copay assistance programs" as not describing the documents sought with reasonable particularity.

SaveOnSP interprets this Request as seeking all documents and communications concerning savings for plans advised by SaveOnSP.

SaveOnSP objects to this Request to the extent that it seeks information regarding savings not related to Janssen Drugs, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents regarding savings for plans advised by SaveOnSP beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents responsive to this Request identified during a reasonable search regarding savings for plans advised by SaveOnSP related to Janssen Drugs. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 33:** All documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, and/or business model, including without limitation from patients, patient advocacy groups, health plan sponsors, governmental agencies, Express Scripts and Accredo.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks communications not related to Janssen Drugs and SaveOnSP's conduct at issue in this action, as such documents are not relevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request to the extent that it seeks all documents reflecting SaveOn's standard communications with plan members beyond those sufficient to show its standard, scripted communications with plan members, as such documents are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications SaveOnSP has received reflecting complaints, concerns, or inquiries about SaveOnSP's operations, services, or business model related to Janssen Drugs and SaveOnSP's conduct at issue in this action beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents and communications identified during a reasonable search that it has received reflecting complaints, concerns, or inquiries about its services related to Janssen Drugs and its conduct at issue in this Action. SaveOnSP will anonymize references to the

identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 34:** All documents and communications concerning SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance.

**RESPONSE:** SaveOnSP objects to the phrase "SaveOnSP's coverage for drugs after the exhaustion of available manufacturer's copay assistance." SaveOnSP does not provide "coverage for drugs" to patients.

SaveOnSP interprets this Request as seeking all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance.

SaveOnSP objects to this Request to the extent that it seeks information related to health plans' coverage of drugs other than Janssen Drugs, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications concerning the coverage provided by plans advised by SaveOnSP after the exhaustion of available manufacturer's copay assistance beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of plan participants or health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

30

SaveOnSP will produce documents and communications identified during a reasonable search concerning the coverage provided by plans advised by SaveOnSP for Janssen Drugs once CarePath funds have been exhausted. SaveOnSP will anonymize references to the identities of plan participants or health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 35:** All documents, including drafts, and communications concerning the preparation of, and posting of the SaveOnSP IPBC Video presentation as discussed in the Complaint, including who prepared the presentation, to whom the presentation was given, how many times the presentation was given, by whom, and over what period of time.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents other than the final SaveOnSP IPBC Video presentation, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the final SaveOnSP IPBC Video presentation because that video is publicly available.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 36:** Annual Program Summary documents outlining the terms of the SaveOnSP program for each participating health plan, including: (i) patient copay/coinsurance requirements for each drug included in the program; (ii) the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs; (iii) patient copay/coinsurance requirements after a manufacturer's copay assistance has reached its maximum contribution for the year; (iv) patient deductible requirements; (v) patient out-of-pocket maximum limits and what patient payments are accounted for in determining whether a patient has reached their out- of-pocket maximum; (vi) any other payment obligations for the patient.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request because the term "Annual Program Summary documents" is undefined. SaveOnSP interprets this term to refer to annual health plan Summary Plan

31

Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials that reflect the advice that SaveOnSP provides to health plans. SaveOnSP does not collect or maintain these documents in the ordinary course of its business

SaveOnSP objects to the phrase "the extent to which SaveOnSP would rely on manufacturer copay assistance to cover the patient costs." SaveOnSP is not a health plan and does not cover patient costs. SaveOnSP interprets this Request to seek Summary Plan Descriptions, Summary of Benefits and Coverage documents, and annual open enrollment materials regarding plan benefits offered by plans advised by SaveOnSP under which a plan will cover any portion of a plan member's copay for a specialty drug if the plan member enrolls in a copay assistance program and consents to SaveOnSP monitoring their pharmacy account on behalf of the plan.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP is not aware of any Summary Plan Descriptions, Summary of Benefits and Coverage documents, or annual open enrollment materials reflecting the advice that SaveOnSP provides to health plans that are within its possession, custody, or control. If SaveOnSP becomes aware of any such documents in its possession, custody, or control, SaveOnSP will produce those documents. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 37:** Any contracts between SaveOnSP and participating health plans related to drug pricing, and factors affecting plan or plan member payments to pharmacies or PBMs for drugs included in the SaveOnSP program(s).

32

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to the term "drugs included in the SaveOnSP program" as undefined. SaveOnSP interprets this term as meaning Janssen Drugs.

SaveOnSP objects to the term "factors affecting plan or plan member payments to pharmacies or PBMs" for Janssen Drugs as not describing the documents sought with reasonable particularity.

SaveOnSP objects to this Request to the extent that it seeks documents relating to contracts between SaveOnSP and health plans regarding drug pricing. SaveOnSP does not contract with health plans regarding drug pricing.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 38:** All documents, including drafts and communications, concerning SaveOnSP's terms and negotiations with health plans and/or pharmacy benefit managers related to their maximizer programs.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 39:** All documents, including drafts, and communications concerning SaveOnSP's terms and negotiations with pharmacies related to their maximizer program.

**RESPONSE:** SaveOnSP objects to the terms "maximizer program" and "SaveOnSP's terms" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 40:** All documents and communications providing information regarding how SaveOnSP patients can be identified in the transaction/claims data.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP patients." SaveOnSP does not have patients.

SaveOnSP objects to the term "transaction/claims data" as undefined.

SaveOnSP objects to this Request as failing to identify the documents sought with reasonable particularity.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 41:** Data covering the period January 1, 2016 through the present on all manufacturer copay assistance provided to either a pharmacy, PBM, or SaveOnSP for prescriptions filled by SaveOnSP member patients, including: (i) manufacturer; (ii) brand name; (iii) National Drug Code ("NOC"); (iv) recipient of manufacturer assistance; (v) patient identifier; (vi)

pharmacy for relevant drug fill; (vii) pharmacy address; (viii) prescription number; (ix) prescription fill date; (x) number of units; (xi) days of supply; (xii) unit of measure; (xiii) copay or coinsurance amount; (xiv) coupon amount; and (xv) information on how these payments can be linked to the transaction/claims data.

**RESPONSE:**  SaveOnSP objects to the phrase "manufacturer copay assistance provided to … SaveOnSP." SaveOnSP does not receive manufacturer copay assistance.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

**REQUEST NO. 42:**  Electronic prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients who at any point during that time frame participated or did not participate in the SaveOnSP program, including:

- Information on parties to the prescription transaction, including: (i) pharmacy name; (ii) pharmacy address; (iii) patient identification; (iv) patient state of residence; (v) identifier for whether patient is on a SaveOnSP program; (vi) insurance/health plan name; (vii) insurance/health plan ID; (viii) type of insurance (e.g., commercial, Medicare, Medicaid); (ix) insurance/health plan member ID; (x) insurance/health plan BIN number; (xi) insurance/health plan PCN number; (xii) insurance/health plan group name; and (xiii) insurance/health plan group number.

- Drug information for the prescription transaction, including: (i) product description (i.e., brand name); (ii) NDC; (iii) product form; (iv) product strength; (v) number of units; (vi) days of supply; (vii) units returned or otherwise affected by the transaction; (viii) unit of measure; (ix) date of prescription fill; (x) information sufficient to identify the type of transaction (e.g., a sale, a return, a discount, etc.); and (xi) any discounts, rebates, or other price adjustments or offsets.

35

- Payment information for the prescription transaction, including: (i) total amount paid to the pharmacy for the prescription; (ii) patient copayment; (iii) patient coinsurance payment; (iv) patient deductible payment; (v) copay coupon/manufacturer assistance amount applied to the prescription cost; (vi) voucher amount; (vii) bridge benefit payment; (viii) net consumer payment after subtracting co-pay, coinsurance, deductible, coupon, voucher, bridge benefit, and other assistance; (ix) insurance/health plan cost submitted; and (x) insurance/health plan amount paid to pharmacy.

**RESPONSE:** SaveOnSP objects to the term "SaveOnSP Program," because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

SaveOnSP objects to this Request to the extent that it seeks data beyond that sufficient to show the annual total amount of payments made by CarePath for Janssen Drugs for participants of plans advised by SaveOnSP, as such data is irrelevant to the claims or defenses in this action. SaveOnSP will not produce such data.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all prescription-level transaction data for all drug purchases from January 1, 2016 through the present for all patients. The burden and expense of producing all such data outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such data.

SaveOnSP objects to producing the identities of plan participants or health plans which have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce data sufficient to show, for each Janssen Drug, the annual total amount of payments made by CarePath for participants of plans advised by SaveOnSP.

36

**REQUEST NO. 43:** All documents and communications relating to how SaveOnSP operates in jurisdictions with statutes or regulations that ban or limit accumulator adjustment programs.

**RESPONSE:** SaveOnSP objects to this Request as not describing the requested documents with reasonable particularity. JJHCS does not define "accumulator adjustment programs" and does not identify the statutes or regulations that it believes ban or limit such programs.

SaveOnSP objects to this Request to the extent that it seeks documents relating to how statutes or regulations apply to SaveOnSP, as such documents are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 44:** All documents and communications relating to Drug Lists featuring Janssen medications.

**RESPONSE:** SaveOnSP interprets the phrase "Janssen medications" to mean Janssen Drugs.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those which reflect advice provided by SaveOnSP to health plans, including internal communications concerning that advice, as such documents are irrelevant to the claims or defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent that it seeks all documents and communications relating to Drug Lists featuring Janssen Drugs beyond those identified during a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce all such documents.

SaveOnSP objects to producing the identities of health plans that have contracted with SaveOnSP because such information is not sufficiently relevant and necessary to JJHCS's case to

37

outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOn will produce Drug Lists featuring Janssen medications and documents and communications reflecting advice from SaveOnSP to health plans concerning such Drug Lists identified during a reasonable search. SaveOnSP will anonymize references to the identities of health plans that have contracted with SaveOnSP in such documents.

**REQUEST NO. 45:** All documents and communications relating to studies, reports, publications, analyses, research, white papers, reviews, or other written work product that SaveOnSP has created, commissioned, paid for, sponsored, or otherwise procured or supported regarding (i) specialty medication costs, (ii) copayment and coinsurance rates, (iii) accumulator programs, (iv) maximizer programs, or (v) strategies to manage specialty medication costs.

**RESPONSE:** SaveOnSP objects to the phrases "accumulator programs" and "maximizer programs" as undefined.

SaveOnSP objects to this Request to the extent that it seeks documents other than publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to the services SaveOnSP provides to health plans, as such documents are irrelevant to the claims and defenses in this action. SaveOnSP will not produce such documents.

SaveOnSP will produce publicly disseminated studies, reports, publications, analyses, research, white papers, or reviews relating to relating to the services SaveOnSP provides to health plans.

**REQUEST NO. 46:** All documents and communications relating to SaveOnSP's assessment of copayments for Plan Members taking Janssen medication where (i) the Plan Member uses the entire annual allotment of CarePath funds for a given Janssen medication after enrolling in the SaveOnSP Program and (ii) the Plan Member subsequently switches to insurance coverage under a new Payor that does not participate in the SaveOnSP Program before the year ends.

**RESPONSE:** SaveOnSP objects to this Request because there is no "SaveOnSP Program" as defined in the Requests. SaveOnSP interprets this term to mean the services that it provides to health plans.

38

SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP objects to this Request as not proportional to the needs of the case to the extent it seeks all documents responsive to the Request beyond those identified by a reasonable search. The burden and expense of producing all such documents outweighs the marginal relevance of the material requested. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will not produce documents in response to this Request.

**REQUEST NO. 47:** The SaveOnSP website (https://saveonsp.com) as it existed both before and after the changes made by SaveOnSP in or about September 2022.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 48:** All documents and communications relating to, including the reasons for, the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show any changes made to the SaveOnSP website in or about September 2022 and the reasons for those changes.

**REQUEST NO. 49:** All documents and communications relating to why the Frequently Asked Question "How will our plan see savings generated?" and its corresponding answer referencing "classifying certain specialty drugs as Non-Essential Health Benefits (NEBMs)" was removed from the SaveOnSP website (https://saveonsp.com) in or about September 2022.

**RESPONSE:** SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022 and the reasons for that removal, as such documents are irrelevant to the claims or defenses in this action or cumulative. SaveOnSP will not produce such documents.

SaveOnSP will produce documents sufficient to show why the cited FAQ was removed from the SaveOnSP website in or about September 2022.

**REQUEST NO. 50:** Documents and communications sufficient to identify the individuals involved in making the changes made to the SaveOnSP website (https://saveonsp.com) in or about September 2022, and their respective roles in making those changes.

**RESPONSE:** SaveOnSP will produce documents in response to this Request.

**REQUEST NO. 51:** All documents and communications relating to steps taken by SaveOnSP, or any Entity associated with SaveOnSP, to determine the remaining CarePath funds available to a given Plan Member, including the submission of a false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

**RESPONSE:** SaveOnSP objects to the phrase "submission of false prescription claim charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member." SaveOnSP is not aware of any false prescription claims charged to CarePath for the purpose of determining the remaining CarePath funds available to a given Plan Member.

SaveOnSP objects to this Request to the extent that it seeks documents beyond those sufficient to show how SaveOnSP determines the CarePath funds available to members of plans that it advises, as they are cumulative. SaveOnSP will not produce such documents.

SaveOnSP objects to producing the identities of plan participants because such information is not sufficiently relevant and necessary to JJHCS's case to outweigh the harm that disclosure of

40

that information could cause to SaveOnSP, plan participants, and health plans. SaveOnSP will not produce such information.

SaveOnSP will produce documents sufficient to show how SaveOnSP determines the CarePath funds available to members of plans that it advises.

**REQUEST NO. 52:** Documents sufficient to show SaveOnSP's liquidity, debt, profits, losses, revenues, costs, EBITDA, and assets throughout the Time Period, including financial statements or financial analyses.

**RESPONSE:** SaveOnSP objects to this Request because it seeks documents that are irrelevant to the claims or defenses in this action.

SaveOnSP will not produce documents in response to this Request.


Dated:  November 23, 2022             By:  /s/ Andrew R. Dunlap
                                            David Elsberg
                                            Andrew R. Dunlap
                                            Meredith Nelson
                                            SELENDY GAY ELSBERG, PLLC
                                            1290 Avenue of the Americas
                                            New York, NY 10104
                                            212-390-9000
                                            deslberg@selendygay.com
                                            adunlap@selendygay.com
                                            mnelson@selendygay.com

                                            E. Evans Wohlforth, Jr.
                                            GIBBONS P.C.
                                            One Gateway Center
                                            Newark, NJ 07102-5310
                                            973-596-4500
                                            ewohlforth@gibbonslaw.com

                                            *Attorneys for Defendant Save On SP, LLC*