# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

October 23, 2024

<u>**Via Email and ECF**</u>

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:**  **JJHCS's Motion to Compel Additional SaveOnSP Custodians**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, et al.***,
> <u>Civil Action No. 2:22-cv-02632 (JKS) (CLW)</u>

Dear Judge Wolfson:

On behalf of JJHCS, we write in further support of JJHCS's motion to compel SaveOnSP to designate four of its current and former employees as custodians:  Leslie Kauffman, Brandon Bartz, Paula Mighells, and Jenna Quinn.

There is a fundamental difference in the parties' approach to custodians.  SaveOnSP has sought to add an additional 25 custodians from around the J&J family of companies, because its goal is to mire this case in discovery and multiply litigation costs for JJHCS.  JJHCS seeks to add only four carefully selected custodians from SaveOnSP because those individuals have relevant and unique evidence that must be produced before this case moves expeditiously to depositions.  Nothing in SaveOnSP's opposition submission changes this analysis.

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 2

      SaveOnSP's opposition largely concedes the relevance of the individuals JJHCS seeks to compel, and never once argues that adding them would be unduly burdensome. SaveOnSP advances only one basis for denying the motion: that JJHCS has purportedly not shown they "are likely to have unique documents." Opp. at 2. That claim ignores the highly particularized showing JJHCS has made as to each employee's job function, time at the company, and relevant communications. As just one example, JJHCS seeks the addition of Leslie Kauffman because of her unique role at the company, and because SaveOnSP's early years—during which time it did not consistently preserve documents—are poorly covered by SaveOnSP's existing custodians at Kauffman's level. Mot. at 5–6. SaveOnSP's brief simply does not address these and many other points from JJHCS's opening brief. Even where SaveOnSP did respond to JJHCS's arguments, those responses elide the gaps JJHCS has identified or otherwise mischaracterize the evidentiary record.

      With no sound basis to resist the production of these employees' files, SaveOnSP is left to grumble that it has already produced many other documents. Opp. at 1–2. That is beside the point. SaveOnSP's productions have been large for two main reasons: (1) there is a lot of relevant evidence in SaveOnSP's files relating to the misconduct alleged in JJHCS's complaint—SaveOnSP is the entity that ran the scheme at issue, whereas JJHCS knew little about it; and (2) SaveOnSP repeatedly demanded a longer window of custodial discovery, which increased the volume. Regardless, the discovery standard does not ask whether SaveOnSP feels it has produced enough, but rather whether JJHCS's motion seeks discovery that is proportional to the needs of the case. It does. JJHCS's motion is eminently proportional given (1) the gaps JJHCS has identified in SaveOnSP's productions to date, (2) the importance of the issues discussed in these four employees' documents, and (3) the absence of any particularized burden objection by SaveOnSP.

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 3

### I.      Leslie Kauffman

Kauffman fills critical gaps in SaveOnSP's productions for two principal reasons:  (1) she began as a "PSR" in 2017, before almost all of SaveOnSP's existing custodians; and (2) she later held the unique role of "███████████████," tracking CarePath's terms and conditions to facilitate SaveOnSP's wrongful evasion efforts.  Mot. at 3–4.  SaveOnSP largely concedes the first point; its brief gestures to other custodians but admits that only one of those custodians worked at SaveOnSP in 2017.  *See* Opp. at 3; SaveOnSP Ex. 1.  Of course, Kauffman's documents from SaveOnSP's early years cannot be "duplicative" of custodians who did not work there at the time. Nor is there coverage from her direct supervisor (Armand Peoples, not a custodian) or the next person in her reporting line (Gary Meyn, not a custodian, and whose files SaveOnSP did not preserve).  And even in the unlikely event there ***are*** truly duplicative documents in Kauffman's files, those can be "de-duplicated" by SaveOnSP's discovery vendor, with no burden to SaveOnSP.

On the second point, SaveOnSP tries to minimize Kauffman's "████████████████████" role as a "short" and "small" project.  Opp. at 5–6.  It was neither.  SaveOnSP's own exhibit shows that Kauffman was the only person in this role for at least two years.  SaveOnSP Ex. 3.  And her task was not "small"—████████████████████████████████████████████ ████████████████████ and which it used to shape its many evasive and deceptive tactics.  *See, e.g.*, Ex. 15 (SOSP_1034492) ("████████████████████████████████████ ████████████████████████████████████████████"); Ex. 13 (SOSP_0776401)  (██████████████████████████████████████████ ████████████████████████████); Ex. 14 (SOSP_0748852) at -748852 (██████████████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 4



). She is therefore the only source for this critical cache of directly relevant evidence, and SaveOnSP should be compelled to produce her files.

**II.     Brandon Bartz**

Just as with Kauffman, SaveOnSP concedes Bartz's relevance but claims his documents would be duplicative of existing PSR custodians and the "training, policies, or patient complaints" SaveOnSP already produced. Opp. at 6. And again, SaveOnSP's generalized arguments overlook key facts. First, Bartz was a PSR ***supervisor*** for years—and critically, none of the PSRs who reported to him are existing custodians. *See* SaveOnSP Ex. 3. This matters because Bartz's communications with those PSRs are highly relevant to JJHCS's allegations concerning SaveOnSP's misconduct. *See, e.g.*, Ex. 65 (SOSP_2044948) at .0004 (

").

Second, while SaveOnSP stresses that it has produced "nearly ***250 talk tracks***" (emphasis by SaveOnSP), it totally elides JJHCS's point. Opp. at 6. Those talk tracks are carefully worded and sanitized corporate communications; Bartz's emails ***about*** those talk tracks and other policies contain candid admissions revealing the wrongful intent behind them. *See* Mot. at 8–9. SaveOnSP also argues that Bartz and the other disputed employees need not be added because "

(among others). Opp. at 5. Yet Ms.

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 5

Zulqarnain claimed under oath that ████████████████████████████████

████████████████████████. *See* Ex. 66 (Zulqarnain Dep. Tr.) at 44:22–23 ("█

████████████████████████), 49:22–25 ("█ ████████████████

████████████████████████ ██ ██████."). Either SaveOnSP's

representation is false or Ms. Zulqarnain's testimony was. Either way, the inconsistency illustrates

JJHCS's need for additional discovery from Bartz about these materials.

Finally, SaveOnSP suggests that Bartz's candid and colorful remarks about SaveOnSP were

"mostly about irrelevant topics." Opp. at 6. That is wishful thinking. Indeed, ████████████

████████████████████████████████████████████████████████

████████████████ Ex. 36 (SOSP_0768975) at .0001 ("█████████████████

████████████████). He also remarked, for example, that ████████████████

████████████████████████ Ex. 32 (SOSP_1991209) at

.0004 ████████████████████████"). ████████████████

████████████████████████████████████████████████

████████████████ *Id.* at .0002. SaveOnSP's opposition brief omits all

mention of this patient harm evidence.

### III.    Paula Mighells

Paula Mighells regularly called out the harm caused to patients by the SaveOnSP program—

including egregious ████████████████████ *See* Mot. at 11–12. SaveOnSP does

not appear to dispute that it fired Mighells after she raised concerns about a new non-disclosure

agreement that SaveOnSP was pressuring her to sign. *Compare id.* at 12, *with* Opp. at 8 (SaveOnSP

conceding that it terminated Mighells).

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 6

Instead, SaveOnSP argues that Mighells's documents would be duplicative of those produced from other PSRs. Opp. at 7. This is mistaken for several reasons. First, it ignores Mighells's role as a Quality Assurance Auditor, as to which she overlaps with only one current custodian. *See id.* at 3. Second, SaveOnSP references productions it made from ***group*** Teams chats, but to be clear, those productions do not include one-on-one Teams conversations Mighells had on relevant topics, including quality assurance, trainings, and declined enrollments.[1] This is a critical distinction because SaveOnSP employees tend to make damaging admissions about the SaveOnSP scheme only in private messages, not in group settings. *See, e.g.*, Ex. 34 (SOSP_1991001) at .0003 (████████████████████████ ████████████████████████████████████████████"); Ex. 71 (SOSP_1459847) at .0016 (██████████████████████████████████████████ ████████████████████████████████████████████"). Mighells, in particular, ████████████████████████████ through individual emails and messages. *See* Ex. 44 (SOSP_0716137) (██████████████████████████████████ ████████████████████████████████"); Ex. 51 (SOSP_1019413) ████████████ ████████████████████████████████████████).

---

[1] Even SaveOnSP's reference to its production of group messages is misleading. SaveOnSP says it "already produced more than ***218,000*** Teams messages that Mighells sent or received." Opp. at 7 (emphasis in original). The number is so high only because SaveOnSP initially and improperly produced Teams conversations broken up into individual, stand-alone messages. *See* Ex. 67 (May 20, 2024 Ltr. from J. Long to E. Snow). This was akin to producing every sentence in a long email chain as a separate document, leading to a grossly inflated document "count." For the same reason, many of the individual "messages" SaveOnSP is counting are patently irrelevant. *See* Ex. 68 (SOSP_1358735–SOSP_1358738) (████████████████████████████████ ██████ ██ ██ ████████ ██ ████ ██ ████████); Ex. 69 (SOSP_1358953–SOSP_1358956) (████████████████████████████████████ ████████); Ex. 70 (SOSP_1360077) (████████████████████").

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 7

SaveOnSP also protests that Mighells's files would not have evidence relevant to her termination. Opp. at 8. That is unconvincing given the context: SaveOn fired Mighells after she was particularly vocal and candid about the harm that SaveOnSP caused patients. *See, e.g.*, Ex. 42 (SOSP_0683762) (███████████████████████████████████████████████████

███████████████████████████); Ex. 43 (SOSP_1405368) at .0001 ███████████████████

███████); Ex. 45 (SOSP_2117807) at .0022 ██████████████████████████████████████

█████████████████████████"). Her communications bear on SaveOnSP's reasons for terminating her—and, of course, are important evidence of patient harm, which is independently relevant to JJHCS's GBL claim.

## IV.    Jenna Quinn

SaveOnSP argues that Quinn, as a member of the Billing Department, "is not likely to have unique documents on" manufacturer evasion. Opp. at 9. To the contrary, ████████████████

██████████████████████████████████████████████████████" (SOSP_2383103) (███████████████) at 5:00–5:50; *see, e.g.*, Ex. 72 (SOSP_1843192) at .0012–.0013 (████████

████████████████████████████████████████████████████████████████████████████

████████████); (SOSP_2383010) at 7:55–8:10 (████████████████████████████████

████████████); (SOSP_2343642) at 9:49–10:05 (████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████); (SOSP_2383098) at 3:51 (████████████████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 8

).[2]

Further, Quinn is not duplicative because SaveOnSP has only two other custodians from the Billing Department—and she played a unique role in that group relating to evasion of manufacturer terms and conditions.  Indeed, there is no other SaveOnSP custodian who has served as a Billing Services Supervisor, *see* SaveOnSP Ex. 3, or who supervised and trained Billing Department employees, *see* Ex. 73 (SOSP_2255570) at .0001 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  SaveOnSP does not dispute (or even mention) this point in its opposition.

To be clear, Quinn is an important SaveOnSP employee who worked on a variety of relevant issues, and JJHCS would have been within its rights to seek her designation as a full custodian.  *See, e.g.*, Ex. 74 (SOSP_0472221) at -225 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); Ex. 75 (SOSP_0771046) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  Nevertheless, JJHCS is mindful of the principles of proportionality and therefore seeks to compel her addition only as a "limited" custodian to fill the gap in SaveOnSP's production relating to manufacturer evasion efforts in its Billing Department.

---

[2] As noted in our Opening Brief, JJHCS cites to audio recordings of phone calls and training sessions called "Huddles," but due to the format and file sizes of these audio files, JJHCS not has not included them as exhibits.  Mot. at 4 n.2.  If Your Honor wishes to review the native audio files, JJHCS will be happy to provide them through an FTP transfer or to arrange for transcriptions.

Honorable Freda L. Wolfson, U.S.D.J.
October 23, 2024
Page 9

*      *      *

For the foregoing reasons, Your Honor should compel SaveOnSP to (1) designate Leslie Kauffman, Brandon Bartz, and Paula Mighells as full custodians, requiring SaveOnSP to run all agreed-upon search terms for the relevant time period; and (2) designate Jenna Quinn as a custodian and apply the parties' previously agreed-upon search terms specific to SaveOnSP's efforts to evade detection by manufacturers.  We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum

cc:  All counsel of record

# MOTION TO COMPEL
# ADDITIONAL CUSTODIANS

# REPLY EXHIBITS 64-66

# FILED UNDER PERMANENT SEAL

# Exhibit 67



www.pbwt.com

May 20, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **SaveOnSP's Production of Microsoft Teams Messages**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
**Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write to address SaveOnSP's May 10, 2024 document production.

SaveOnSP's PROD035 contains more than 794,000 documents, the majority of which consist of individual, stand-alone Teams messages. Rather than presenting complete same-day exchanges in a single document, SaveOnSP has produced each individual message separately, thereby substantially hampering JJHCS's ability to review Teams messages in a coherent way. It will also complicate JJHCS's ability to use these messages in depositions and at trial, as it will require JJHCS to show witnesses multiple documents in order to establish the relevant context of the Teams message at issue.

In addition, based on our discovery vendor's assessment, the metadata associated with SaveOnSP's PROD035 does not allow JJHCS to thread the documents into same-day conversations between the same sender and recipients.[1] Thus, even if JJHCS could thread these messages together in a forensically sound manner consistent with evidentiary rules, SaveOnSP did not produce the necessary information for JJHCS to do so.

To obviate the issues in SaveOnSP's production, we ask that SaveOnSP produce Teams messages as single-day transcripts, as JJHCS has done. As you know, JJHCS produced

---

[1] For example, the metadata contains inconsistent timestamp metadata and image times, *see, e.g.*, SOSP_1522532, SOSP_2172311; duplicative messages with different recipients, *see, e.g.*, SOSP_1384644, SOSP_1384645, SOSP_1384646, SOSP_1384647; and missing attachments, *see, e.g.*, SOSP_1989350, SOSP_1989351.

Elizabeth Snow, Esq.
May 20, 2024
Page 2


Teams messages in the form of transcripts, which reflect the complete same-day exchange for any responsive Teams message in a single document.

   Please confirm by May 24 that you will reproduce Teams messages as transcripts.

     Very truly yours,


     */s/ Julia Long*
     Julia Long

# Exhibit 68

**From**:       Paula Mighells
**Sent**:       5/5/2020 6:39:34 PM
**To**:         Jennifer Menz; Brianna Reed; Leslie Kauffman; Mara Klosin; Michelle Kimble; Renee Mozrall; Terry Holihan;
                Chantiera Myree; Nicole Granados; Kelsey Higgins; Charmaine Shimo; Jessica Brown; Sandy Mozrall; Gina Russo;
                Alayna Robbins; Ashley Gilbert; Jenna Quinn; Jessica Ross; Meghan McCormick; Sarah Segerson; Andrea Waker;
                Jaton Baker; Cindy Zanghi; Ted Mighells

Nothing beats a bavarian cream donut from Paula's!!!!!

Attorneys Eyes Only                                                                                 SOSP_1358735

**From**:        Paula Mighells [pmighells@saveonsp.com]
**Sent**:        5/5/2020 6:39:34 PM
**To**:          Laura McClung [LMcClung@saveonsp.com]

Nothing beats a bavarian cream donut from Paula's!!!!!

Attorneys Eyes Only                                                                SOSP_1358736

**From:**    eff59747-094d-4209-9969-f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4 [eff59747-094d-4209-9969-
f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4]
**Sent:**    5/5/2020 6:39:34 PM
**To:**    Jessica Johnson [JessicaJohnson@saveonsp.com]

Nothing beats a bavarian cream donut from Paula's!!!!!

**From:**     eff59747-094d-4209-9969-f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4 [eff59747-094d-4209-9969-
          f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4]
**Sent:**     5/5/2020 6:39:34 PM
**To:**       Kelsey Leger [kleger@saveonsp.com]

Nothing beats a bavarian cream donut from Paula's!!!!!

Attorneys Eyes Only

# Exhibit 69

**From**:     Paula Mighells
**Sent**:     5/6/2020 5:03:14 PM
**To**:     Jennifer Menz; Brianna Reed; Leslie Kauffman; Mara Klosin; Michelle Kimble; Renee Mozrall; Terry Holihan; Chantiera Myree; Nicole Granados; Kelsey Higgins; Charmaine Shimo; Jessica Brown; Sandy Mozrall; Gina Russo; Alayna Robbins; Ashley Gilbert; Jenna Quinn; Jessica Ross; Meghan McCormick; Sarah Segerson; Andrea Waker; Jaton Baker; Cindy Zanghi; Ted Mighells

Down here as well for #SOSPNORTH

Attorneys Eyes Only

**From**:      Paula Mighells [pmighells@saveonsp.com]
**Sent**:      5/6/2020 5:03:14 PM
**To**:        Laura McClung [LMcClung@saveonsp.com]

Down here as well for #SOSPNORTH

Attorneys Eyes Only

| **From**: | eff59747-094d-4209-9969-f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4 [eff59747-094d-4209-9969- |
| | f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4] |
| **Sent**: | 5/6/2020 5:03:14 PM |
| **To**: | Jessica Johnson [JessicaJohnson@saveonsp.com] |

Down here as well for #SOSPNORTH

Attorneys Eyes Only

**From**:     eff59747-094d-4209-9969-f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4 [eff59747-094d-4209-9969-
          f5386396123a@8baeebbf-1fee-40c5-95bd-50d0009391f4]
**Sent**:    5/6/2020 5:03:14 PM
**To**:      Kelsey Leger [kleger@saveonsp.com]

Down here as well for #SOSPNORTH

# Exhibit 70

**From**:        Paula Mighells
**Sent**:        6/1/2020 9:05:47 PM
**To**:        Jennifer Menz; Sarah Segerson; Kelsey Higgins; Sandy Mozrall; Jonathon Haynes

Howdy everyone!

Attorneys Eyes Only

# MOTION TO COMPEL
# ADDITIONAL CUSTODIANS

# REPLY EXHIBITS 71-75

# FILED UNDER PERMANENT SEAL