

**Freda Wolfson**
Chief U.S. Dist. Judge (ret.)
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

T: (862) 926-2708
F: (973) 597-2400
E: fwolfson@lowenstein.com

## SPECIAL MASTER LETTER ORDER

February 4, 2025

*VIA ECF and Email*
TO ALL COUNSEL OF RECORD

    RE:    ***Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC***
             **Civ. Action No.: 22-2632(JKS)(CLW)**

Counsel:

Before me is Plaintiff Johnson & Johnson Health Care Systems, Inc.'s ("Plaintiff" or "JJHCS") motion to seal [ECF No. 462] one sentence that appears in paragraph 131 of the affirmative defenses in each of the Answers filed by Defendants ESI and Accredo ("Defendants"). Plaintiff reasons that the sentence in dispute must be redacted because it discloses highly confidential nonpublic financial metrics from internal JJHCS documents produced in discovery with an "Attorneys' Eyes Only" designation. Defendants oppose the motion, arguing that Plaintiff has failed its burden to overcome the presumption of public access. While I agree that the financial data contained within the disputed sentence is confidential, other information is not worthy of protection. Accordingly, for the reasons set forth below, I will provide the parties with the appropriate redactions.

While the public has a common law right to access judicial proceedings and records, that "right is not absolute," and the presumption of public access is rebuttable. *See Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192, 194 (3d Cir. 2001) (citation omitted); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988); *Homesource v. Retailer Web*

*Servs., LLC,* No. 18-11970, 2024 U.S. Dist. LEXIS 235050, at *5 (D.N.J. Oct. 3, 2024). "The balancing of factors for and against access is a decision committed to the discretion of the district court . . . ." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994) (quoting *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). Indeed, the court has the authority to seal confidential information and to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendent*, 260 F.3d at 194.

The party seeking to seal part of a judicial record bears the burden of demonstrating that "the material is the kind of information courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). In turn, Local Civil Rule 5.3(c) requires the moving party to show why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. *See Ashland Specialty Ingredients G.P. v. Anthem S., LLC*, No. 22-6259, 2022 U.S. Dist. LEXIS 237824, at *3-4 (D.N.J. Nov. 21, 2022).

Here, the Answers are undoubtedly part of the judicial record and, as such, are subject to public access. As the movant, Plaintiff must then demonstrate a legitimate private interest justifying the relief sought and establish any potential harm that would

2

result if the relief were denied. To satisfy this burden, Plaintiff submits that paragraph 131 discloses sensitive financial data, and if made public, such disclosure would provide competitors with an unfair insight into Plaintiff's confidential financial metrics, a concern heightened by the highly competitive nature of the pharmaceutical industry.

In response, Defendants argue that paragraph 131 reveals the widely known fact that Plaintiff realizes significant profits from its copay assistance programs. And, because such information can be gleaned from public sources, Defendants maintain that the data alleged in paragraph 131 is already in the public domain. Defendants further argue that Plaintiff has failed to submit any competent evidence to support that the dollar amounts set forth in paragraph 131 would be used by competitors to gain an unfair advantage.

There is no doubt that certain proprietary financial information can be withheld from public view because the dissemination of that information could undermine a business's market competitiveness. *See Bennett v. Quest Diagnostics Inc.*, No. 17-01590, 2023 U.S. Dist. LEXIS 32325, at *1 (D.N.J. Feb. 24, 2023); *Overton v. Sanofi-Aventis U.S., LLC*, 2014 U.S. Dist. LEXIS 48945, at *6 (D.N.J. Apr. 9, 2014) ("courts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents"); *Gonzalez v. Bob's Disc. Furniture, LLC*, No. 16-3904, 2017 U.S. Dist. LEXIS 233691, at *7-8 (D.N.J. Jan. 25, 2017).

First, I address whether the specific profit data at issue constitutes the type of information that may be sealed. On this point, I find Defendants' argument unpersuasive—that Plaintiff must demonstrate, through certification, precisely how

3

competitors would use such information to its detriment. Indeed, case law is well established that such financial data is protectable. *See Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc.*, No. 14-4727, 2015 U.S. Dist. LEXIS 103716, at *5 (D.N.J. Aug. 7, 2015) (sealing "information concerning financial data, including sales and revenue, of [the movant] and its parent company" on the basis that the "information to be sealed is nonpublic business information, disclosure of which will pose a risk of harm to [the movant's] competitive position in the marketplace"); *Homesource*, 2024 U.S. Dist. LEXIS, at *3-4 (sealing non-public information concerning [a business's] revenues, potential lost profits, investments, prospective investors, business operations, [and] corporate structure"); *see Bracco Diagnostics, Inc. v. Amersham Health Inc.*, Civ. No. 03-6025, 2007 U.S. Dist. LEXIS 51828, at *17 (D.N.J. July 18, 2007) ("[c]ommercially sensitive information, such as information from which profit margins can be deduced, and from which a litigant's market competitiveness may be harmed is often sealed from public access"); *Gonzalez v. Bob's Disc. Furniture, LLC*, No. 16-3904, 2017 U.S. Dist. LEXIS 233691, at *7 (D.N.J. Jan. 25, 2017) ("the Court is persuaded that Defendant has shown a privacy interest in keeping the total annual sales and average annual transaction figures, not otherwise available to the public, confidential"); *Skull Shaver, LLC v. Ideavillage Prods. Corp.*, Civil Action No. 18-03836, 2022 U.S. Dist. LEXIS 241278, at *3 (D.N.J. Aug. 1, 2022) (sealing confidential information including "competitively sensitive, sales and financial information").

Notwithstanding these decisions, Defendants contend that there is no serious risk of harm because the public disclosure of this data does not provide a roadmap for how

4

or why Plaintiff was successful, particularly since paragraph 131 does not reveal any specific methods or business strategies that Plaintiff used to obtain this return on investment. In other words, Defendants posit that profit numbers untethered to strategies are not protectable legitimate business interest. I disagree. As those aforementioned cases demonstrate, so long as revenue figures are not public, courts routinely seal them without accompanying methods or strategies. While paragraph 131 does not disclose how Plaintiff derived its revenue, Plaintiff clearly would be in the best position to judge the revenue's sensitivity and importance in the marketplace. *See CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. 15-3103, 2017 U.S. Dist. LEXIS 30253, at *11 (D.N.J. Mar. 3, 2017) ("Plaintiff — rather than Defendant — is in the best position to judge the sensitivity and importance of the documents in question."); *Overton*, 2014 U.S. Dist. LEXIS 48945, at *6 (same). There is no basis for me to second guess Plaintiff's representation that the figures themselves are propriety information that could cause harm should they be disclosed, and case law does not require more.

Turning now to the final factor—whether a less restrictive alternative to the relief sought is available—I disagree with Plaintiff's position. Plaintiff advocates for an overly broad redaction of paragraph 131. As courts have repeatedly advised, targeted redactions, rather than the wholesale sealing of records, constitute the least restrictive means of protecting the privacy interests at stake. *See Homesource*, 2024 U.S. Dist. LEXIS 235050, at *8; *Del Nero v. NCO Fin. Sys. Inc.*, No. 06-04823, 2021 U.S. Dist. LEXIS 109264, at *4 (E.D. Pa. June 10, 2021) ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). Accordingly, when balancing private and

5

public interests, parties must carefully propose discrete and limited redactions that appropriately safeguard their legitimate interests.

While I acknowledge that Plaintiff requests only that paragraph 131 be redacted from the remainder of the Answers, such a request does not relieve Plaintiff's burden of proposing the least restrictive means necessary to protect its financial data. Moreover, as Plaintiff concedes, the public is already aware of the existence of its copay assistance programs, and mere public knowledge of these programs' alleged profitability does not constitute a protectable interest.[1] As such, only financial data contained in paragraph 131 is protectable from public view;[2] all other portions of the sentence remain unredacted. I will send a copy of my redactions to the parties, and by February 7, 2025, Defendants are directed to file their Answers in accordance with those redactions.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master

---

[1] Because paragraph 131 is found in Defendants' Answers, it is, of course, a form of pleading, not a financial document.

[2] Indeed, in the alternative, Defendants propose, and I agree, that the financial numbers be redacted.