Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA
BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
*Counsel of Record for Defendant
Express Scripts, Inc.*

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiff, | Civil No. 22-2632 (JKS) (CLW) |
| v. | **DEFENDANT EXPRESS SCRIPTS, INC.'S ANSWER TO THE AMENDED COMPLAINT <u>AND DEMAND FOR JURY TRIAL</u>** |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., and ACCREDO HEALTH GROUP, INC., | |
| Defendants. | |

COMES NOW, Defendant Express Scripts, Inc. ("Defendant" or "Express Scripts") and

for its Answer and Affirmative Defenses to Johnson & Johnson Health Care Systems, Inc.'s

Amended Complaint, states as follows:

**PRELIMINARY STATEMENT**[*]

1.      Defendant denies all allegations contained in Paragraph 1.

2.      Defendant denies all allegations contained in Paragraph 2.

3.      Defendant denies all allegations contained in Paragraph 3.

---

[*] As a preliminary matter, for ease of review, this Answer maintains certain headings of the Amended Complaint, but Defendant does not adopt any allegations contained therein. To the extent any of the headings contain allegations, Defendant denies them.

4.     Defendant denies all allegations contained in Paragraph 4.

5.     Defendant denies all allegations contained in Paragraph 5.

6.     Defendant denies all allegations contained in Paragraph 6.

7.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 regarding JJHCS and its programs and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 7, including any allegations contained in Footnote 2.

8.     Defendant denies all allegations contained in Paragraph 8.

9.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant denies any remaining allegations in Paragraph 9, including any allegations in Footnote 4.

10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant denies any remaining allegations contained in Paragraph 10.

11.    Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The cited authorities speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant denies any remaining allegations in Paragraph 11.

12.    The referenced video and cited document speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and Footnote 5 related to SaveOnSP and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 12,

including any allegations in Footnote 5.

13.     The cited slide deck speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 related to SaveOnSP and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 13.

14.     The cited document speaks for itself, and Defendant denies any characterizations that are inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 related to SaveOnSP and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 14.

15.     Defendant denies all allegations contained in Paragraph 15.

16.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 related to SaveOnSP and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 16.

17.     The referenced video and cited document speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 related to SaveOnSP and JJHCS and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 17.

18.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 related to SaveOnSP and what an unnamed Express Scripts representative allegedly said and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 18.

19.     Defendant denies all allegations contained in Paragraph 19.

20.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 20 contains any remaining allegations, Defendant denies them.

21.     Defendant denies all allegations contained in Paragraph 21.

22.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and, therefore, denies the same. To the extent Paragraph 22 contains any remaining allegations, Defendant denies them.

23.     The cited document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 related to CarePath and, therefore, denies the same. To the extent Paragraph 23 contains any remaining allegations, Defendant denies them.

24.     Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The referenced video and cited document speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 24 contains any remaining allegations, Defendant denies them.

25.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 related to SaveOnSP and CarePath and, therefore, denies the same. Defendant denies any remaining allegations in Paragraph 25.

26.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 related to SaveOnSP and CarePath and, therefore, denies the same. To

4

the extent Paragraph 26 contains any remaining allegations, Defendant denies them.

27.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 27 contains any remaining allegations, Defendant denies them.

28.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 28 contains any remaining allegations, Defendant denies them.

29.    Defendant denies the allegations contained in Paragraph 29.

30.    The cited documents in Footnotes 6 and 7 speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 related to SaveOnSP, JJHCS, and CarePath and, therefore, denies the same. To the extent Paragraph 30, Footnote 6, and Footnote 7 contain any remaining allegations, Defendant denies them.

31.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 related to SaveOnSP and, therefore, denies the same. Any referenced or cited documents in Paragraph 31 and Footnote 8 speak for themselves, and Defendant denies any characterizations that are inconsistent therewith. To the extent Footnote 8 contains any allegations, Defendant denies them. To the extent Paragraph 31 contains any remaining allegations, Defendant denies them.

32.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 related to SaveOnSP and, therefore, denies the same. Any referenced or cited documents speak for themselves, and Defendant denies any characterizations that are inconsistent therewith. To the extent Footnote 9 contains any allegations, Defendant denies them.

To the extent Paragraph 32 contains any remaining allegations, Defendant denies them.

33.    Defendant denies all allegations contained in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

## THE PARTIES

35.    Defendant admits that Plaintiff JJHCS is a corporation organized under the laws of the State of New Jersey with its principal place of business at 425 Hoes Lane, Piscataway, New Jersey 08854. Defendant admits that JJHCS is a subsidiary of Johnson & Johnson and administers CarePath. To the extent Paragraph 35 contains any remaining allegations, Defendant denies them.

36.    Defendant admits that SaveOnSP's principal place of business is in New York. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 36 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 36 contains any remaining allegations, Defendant denies them.

37.    Defendant admits that Express Scripts, Inc. is a corporation organized under Delaware law with its principal place of business at One Express Way, St. Louis, Missouri 63121. Defendant admits that it is a subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group. Defendant denies any remaining allegations in Paragraph 37.

38.    Defendant admits that Accredo Health Group, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Express Way, St. Louis, Missouri 63121. Defendant admits Evernorth Health, Inc. is a wholly owned subsidiary of The Cigna Group. Defendant admits that Accredo is Express Scripts' specialty pharmacy. To the extent Paragraph 38 contains any remaining allegations, Defendant denies them.

## JURISDICTION AND VENUE

39.    Paragraph 39 contains a legal conclusion to which no response is required. To the

extent a response is deemed required, Defendant denies the allegations therein. The document cited in Footnote 10 speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant admits that it provides services as a pharmacy benefit manager to health plans and payers located in New Jersey. Defendant admits that it as well as Accredo are registered to do business in New Jersey as a foreign corporation. Defendant admits that Accredo fills pharmacy prescriptions for patients who live and work in New Jersey. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 39 contains any remaining allegations, Defendant denies them.

40.     Paragraph 40 contains legal a conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. To the extent Paragraph 40 contains any remaining allegations, Defendant denies them.

41.     Paragraph 41 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein.

### FACTUAL ALLEGATIONS

42.     Defendant admits that DARZALEX® and ERLEADA® can be used to treat cancer; OPSUMIT®, TRACLEER®, and UPTRAVI® can be used to treat pulmonary arterial hypertension; and REMICADE®, STELARA®, TREMFYA® can be used to treat autoimmune disorders. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 related to JJHCS and, therefore, denies the same. To the extent Paragraph 42 contains any remaining allegations, Defendant denies them.

43.     The cited document speaks for itself, and Defendant denies any characterizations that are inconsistent therewith. Defendant admits that biologics are developed from living

7

materials. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43 and, therefore, denies the same.

44.     Defendant admits that STELARA® is an immunology biologic used to treat patients in the United States for Crohn's disease, ulcerative colitis, and other chronic health conditions. Defendant admits that TREMFYA® is an immunology biologic used to treat joint pain, stiffness, and swelling caused by psoriatic arthritis, as well as painful patches on the skin caused by moderate-to-severe plaque psoriasis. Defendant admits that DARZALEX® is an oncology biologic used to treat multiple myeloma, a form of cancer that targets plasma cells found in bone marrow. Defendant admits that STELARA®, TREMFYA®, and DARZALEX® are Jassen biologic treatments. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 44 and, therefore, denies the same.

45.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 related to Janssen and, therefore, denies the same. To the extent Paragraph 45 contains any remaining allegations, Defendant denies them.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant admits that health insurance plan sponsors often contract with entities known as "Pharmacy Benefits Managers" or "PBMs." Defendant admits that PBMs are companies that manage prescription drug benefits. Defendant Express Scripts admits that it is a PBM. Defendant lacks sufficient knowledge or information to admit or deny whether "most of the payers who have contracts with SaveOnSP are clients of Express Scripts" and, therefore, denies the same. To the extent Paragraph 47 contains any remaining allegations, Defendant denies them.

48.     Defendant admits that it is an indirect subsidiary of The Cigna Group. Defendant admits Accredo is a specialty pharmacy that is also an indirect subsidiary of The Cigna Group.

Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 related to PBMs generally and, therefore, denies the same. To the extent Paragraph 48 contains any remaining allegations, Defendant denies them.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     The cited document speaks for itself, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 50 contains any remaining allegations, Defendant denies them.

51.     The cited documents speak for themselves, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 51 contains any remaining allegations, Defendant denies them.

52.     The cited document speaks for itself, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 52 contains any remaining allegations, Defendant denies them.

53.     Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The cited authorities speak for themselves, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 53 contains any remaining allegations, Defendant denies them.

54.     The cited document speaks for itself, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 54 contains any remaining allegations, Defendant denies them.

55.     The cited documents speaks for themselves, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 55 contains any remaining allegations, Defendant denies them.

9

56.     The cited documents speak for themselves, and Defendant denies any characterizations that are inconsistent therewith. To the extent Paragraph 56 contains any remaining allegations, Defendant denies them.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     The cited document speaks for itself, and Defendant denies any characterizations that are inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 and, therefore, denies the same.

59.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 and, therefore, denies the same.

60.     The document cited in Footnote 11 speaks for itself, and Defendant denies any characterizations inconsistent therewith. To the extent Paragraph 60 or Footnote 11 contain any remaining allegations, Defendant denies them.

61.     Express Scripts admits that it is an indirect subsidiary of The Cigna Group. The referenced website speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 61 contains any remaining allegations, Defendant denies them.

62.     The cited documents speak for themselves, and Defendant denies any characterizations that are inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 related to SaveOnSP and Cigna and, therefore, denies the same. To the extent Paragraph 62 contains any remaining allegations, Defendant denies them.

63.     The referenced video and document speak for themselves, and Defendant denies

10

any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 63 contains any remaining allegations, Defendant denies them.

64.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 and, therefore, denies the same. To the extent Paragraph 64 contains any remaining allegations, Defendant denies them.

65.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 and, therefore, denies the same. To the extent Paragraph 65 contains any remaining allegations, Defendant denies them.

66.    The referenced website and documents speak for themselves, and Defendant denies any characterizations inconsistent therewith. To the extent Paragraph 66 contains any remaining allegations, Defendant denies them.

67.    The document cited in Footnote 13 speaks for itself, and Defendant denies any characterizations inconsistent therewith. To the extent Paragraph 67 or Footnote 13 contain any remaining allegations, Defendant denies them.

68.    Defendant denies the allegations contained in Paragraph 68.

69.    The referenced documents speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 69 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 69 contains any remaining allegations, Defendant denies them.

70.    Defendant denies the allegations contained in Paragraph 70.

71.    Defendant admits that it provides information to plan clients regarding the SaveOnSP service. To the extent Paragraph 71 contains any remaining allegations, Defendant

11

denies them.

72.     Defendant admits only that it sometimes communicates with SaveOnSP representatives. Express Scripts lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 72, and therefore denies them.

73.     Defendant admits only that it sometimes communicates with SaveOnSP representatives. Express Scripts lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 73, and therefore denies them.

74.     Defendant admits that it communicates with SaveOnSP regarding correspondence to plan clients about SaveOnSP services. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 74 contains any remaining allegations, Defendant denies them.

75.     Defendant denies the allegations contained in Paragraph 75.

76.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 76 contains any remaining allegations, Defendant denies them.

77.     The referenced video and cited authorities speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 77 contains any remaining allegations, Defendant denies

them.

78.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 78 contains any remaining allegations, Defendant denies them.

79.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 79 contains any remaining allegations, Defendant denies them.

80.    Paragraph 80 and Footnote 14 contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The cited authorities speak for themselves, and Defendant denies any characterizations consistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 80 or Footnote 14 contain any remaining allegations, Defendant denies them.

81.    Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. To the extent Paragraph 81 contains any remaining allegations, Defendant denies them.

82.    The referenced document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 82 contains any remaining allegations, Defendant denies them.

83.     The referenced email exchange speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 83 contains any remaining allegations, Defendant denies them.

84.     Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. The cited authorities speak for themselves, and Defendant denies any characterizations consistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 related to SaveOnSP and the Centers for Medicare & Medicaid Services and, therefore, denies the same. To the extent Paragraph 84 contains any remaining allegations, Defendant denies them.

85.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 85 contains any remaining allegations, Defendant denies them.

86.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 86 contains any remaining allegations, Defendant denies them.

87.     The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 87 contains any remaining allegations, Defendant denies them.

88.     The cited document speaks for itself, and Defendant denies any characterizations

14

that are inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 88 contains any remaining allegations, Defendant denies them.

89.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 89 related to SaveOnSP and CarePath and, therefore, denies the same. To the extent Paragraph 89 contains any remaining allegations, Defendant denies them.

90.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 90 related to SaveOnSP and CarePath and, therefore, denies the same. To the extent Paragraph 90 contains any remaining allegations, Defendant denies them.

91.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 91 related to JJHCS and CarePath and, therefore, denies the same. To the extent Paragraph 91contains any remaining allegations, Defendant denies them.

92.    The cited document speaks for itself, and Defendant denies any characterizations inconsistent therewith. To the extent Paragraph 92 contains any remaining allegations, Defendant denies them.

93.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. To the extent Paragraph 93 contains any remaining allegations, Defendant denies them.

94.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 94 related to the other Defendants and, therefore, denies the same. To the

15

extent Paragraph 94 contains any remaining allegations, Defendant denies them.

95. The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 95 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 95 contains any remaining allegations, Defendant denies them.

96. The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 96 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 96 contains any remaining allegations, Defendant denies them.

97. The cited document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations of Paragraph 97.

98. JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 98 and, therefore, denies the same. Responding further, Defendant lacks sufficient knowledge or information to admit or deny the allegations relating to SaveOnSP and, therefore, denies the same. To the extent Paragraph 98 contains any remaining allegations, Defendant denies them.

99. JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 99 and, therefore, denies the same. Responding further, Defendant lacks sufficient knowledge or information to admit or deny the allegations relating to SaveOnSP and, therefore, denies the same. To the extent Paragraph 99 contains any remaining allegations, Defendant denies them.

100.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 100 contains any remaining allegations, Defendant denies them.

101.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 101 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 101 contains any remaining allegations, Defendant denies them.

102.    Defendant denies the allegations contained in Paragraph 102.

103.    The referenced document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations contained in Paragraph 103.

104.    Defendant denies the allegations contained in Paragraph 104.

105.    Defendant denies all allegations contained in Paragraph 105.

106.    Defendant denies all allegations contained in Paragraph 106.

107.    Defendant denies all allegations contained in Paragraph 107.

108.    The referenced marketing material speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations contained in Paragraph 108.

109.    Defendant denies all allegations contained in Paragraph 109.

110.    Defendant denies the allegations contained in Paragraph 110.

111.    Defendant denies all allegations contained in Paragraph 111.

112.    Defendant denies all allegations contained in Paragraph 112.

113.    Defendant denies all allegations contained in Paragraph 113.

114.    Defendant denies all allegations contained in Paragraph 114.

115.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 115 related to SaveOnSP and CarePath and, therefore, denies the same. To the extent Paragraph 115 contains any remaining allegations, Defendant denies them.

116.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116 related to related to SaveOnSP and CarePath, and, therefore, denies the same. To the extent Paragraph 116 contains any remaining allegations, Defendant denies them.

117.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 117 and, therefore, denies the same.

118.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118 and, therefore, denies the same.

119.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 and, therefore, denies the same.

120.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 120 and, therefore, denies the same.

121.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 121 and, therefore, denies the same.

122.    The referenced video speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 122 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 122 contains any remaining allegations, Defendant denies them.

123.    Defendant denies all allegations contained in Paragraph 123. Responding further,

Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source.

124.    Defendant denies all allegations contained in Paragraph 124. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source.

125.    Defendant denies all allegations contained in Paragraph 125. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source.

126.    The referenced document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 126 contains any remaining allegations, Defendant denies them.

127.    Defendant denies the allegations contained in Paragraph 127.

128.    The referenced website speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 128 related to copay assistance programs generally and SaveOnSP and, therefore, denies the same. Further answering, Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. Defendant denies all remaining allegations in Paragraph 128.

129.    The referenced documents speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 129 related to SaveOnSP and payers and, therefore, denies the same. Further answering, Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. To the extent Paragraph 129 contains any remaining allegations, Defendant denies them.

130.    The referenced "publicly available materials" speak for themselves, and Defendant denies any characterization inconsistent therewith. Defendant denies the remaining allegations contained in Paragraph 130.

131.    The referenced presentation speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 131 and, therefore, denies the same.

132.    The referenced document speaks for itself, and Defendant denies any characterizations inconsistent thereto. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 132 and, therefore, denies the same.

133.    The referenced document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 133 and, therefore, denies the same.

134.    The referenced websites speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant admits that The Cigna Group is its indirect parent. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 134 and, therefore, denies the same.

135.    The referenced "materials" speak for themselves and Defendant denies any

characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 135 and, therefore, denies the same.

136.    The referenced "materials" speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 136 and, therefore, denies the same.

137.    The referenced "marketing materials" speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 137 and, therefore, denies the same.

138.    The referenced website and document speak for themselves, and Defendant denies any characterizations inconsistent therewith. Further answering, Paragraph 138 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. To the extent Paragraph 138 contains any remaining allegations, Defendant denies them.

139.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 139 related to the other Defendants and, therefore, denies the same. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source. To the extent Paragraph 139 contains any remaining allegations, Defendant denies them.

140.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 140 related to the other Defendants and, therefore, denies the same. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to

admit or deny the allegations pertaining to such source. Defendant denies the remaining allegations in Paragraph 140.

141.   Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 141 related to SaveOnSP and, therefore, denies the same. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source. Defendant denies all remaining allegations in Paragraph 141.

142.   Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 142 related to the other Defendants and, therefore, denies the same. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source. Further answering, Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. Defendant denies all remaining allegations in Paragraph 142.

143.   Defendant denies the allegations contained in Paragraph 143. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source.

144.   Defendant denies all allegations contained in Paragraph 144.

145.   JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations

contained in Paragraph 145. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 145 related to the other Defendants and, therefore, denies the same. Defendant denies the remaining allegations in Paragraph 145.

146.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 146. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 146 related to the other Defendants and, therefore, denies the same. Defendant denies all remaining allegations in Paragraph 146.

147.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 147 and, therefore, denies the same.

148.    Defendant denies all allegations contained in Paragraph 148.

149.    Defendant denies the allegations contained in Paragraph 149. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source.

150.    Paragraph 150 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. Defendant denies any remaining allegations contained in Paragraph 150.

151.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 151 related to the other Defendants and, therefore, denies the same. Defendant denies the remaining allegations in Paragraph 151.

152.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 152 related to the other Defendants and, therefore, denies the same.

Defendant denies the remaining allegations in Paragraph 152.

153.    The referenced report speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 153 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 153 contains any remaining allegations, Defendant denies them.

154.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 154. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 154 and, therefore, denies the same.

155.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 155. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 155 related to the other Defendants and, therefore, denies the same. Defendant denies all remaining allegations in Paragraph 155.

156.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 156. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 156 related to SaveOnSP and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 156.

157.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 157. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 157 related to the other Defendants and, therefore, denies the same.

Defendant denies all remaining allegations contained in Paragraph 157.

158.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 158. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 related to the other Defendants and, therefore, denies the same. Defendant denies all remaining allegations in Paragraph 158.

159.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 159 related to SaveOnSP and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 159.

160.    Defendant denies the allegations contained in Paragraph 160. Responding further, Defendant states that JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations pertaining to such source.

161.    Defendant admits it has an agreement with Prime. The referenced agreement speaks for itself, and Defendant denies any characterizations inconsistent therewith. Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 related to the other Defendants and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 161.

162.    The referenced program speaks for itself, and Defendant denies any characterizations inconsistent therewith. Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations

therein. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 162 related to Prime and SaveOnSP and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 162.

163.    Paragraph 163 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 163 related to "CarePath's terms and conditions" and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 163.

164.    Paragraph 164 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant states that the referenced video and document speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant denies the allegations therein. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 164 related to the other Defendants and, therefore, denies the same. Defendant denies all remaining allegations in Paragraph 164.

165.    The cited publicly available drug lists speak for themselves, and Defendant denies any characterization inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 165 and, therefore, denies the same.

166.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 166 and, therefore, denies the same.

167.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 167 and, therefore, denies the same.

168.    Defendant lacks sufficient knowledge or information to admit or deny the

allegations in Paragraph 168 and, therefore, denies the same.

169.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 169 and, therefore, denies the same.

170.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 170 and, therefore, denies the same.

171.    Defendant denies the allegations contained in Paragraph 171.

172.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 172 and, therefore, denies the same.

173.    Defendant denies the allegations contained in Paragraph 173.

174.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 174 related to JJHCS and, therefore, denies the same. Defendant denies all remaining allegations in Paragraph 174.

175.    The referenced documents speak for themselves, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 related to SaveOnSP and, therefore, denies the same. To the extent Paragraph 175 contains any remaining allegations, Defendant denies them.

176.    JJHCS appears to be quoting an unidentified source. Without identification of that source, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 176. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 176 related to the other Defendants and, therefore, denies the same. Defendant denies all remaining allegations in Paragraph 176.

177.    Defendant denies the allegations contained in Paragraph 177.

178.    The cited documents speak for themselves, and Defendant denies any

characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 178 and, therefore, denies the same.

179. The quoted document speaks for itself, and Defendant denies any characterizations inconsistent therewith. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 179 and, therefore, denies the same.

180. Paragraph 180 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 180 and, therefore, denies the same.

181. Defendant denies all allegations contained in Paragraph 181.

## COUNT I:
## TORTIOUS INTERFERENCE WITH CONTRACT
### (as to all Defendants)

182. Defendant incorporates its responses to each and every allegation in the Amended Complaint through Paragraph 181 as if fully set forth herein. To the extent Paragraph 182 contains factual allegations to which a response is required, Defendant denies the allegations in Paragraph 182.

183. Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein.

184. Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein.

185. Defendant denies all allegations contained in Paragraph 185.

186. Defendant denies all allegations contained in Paragraph 186.

187. Defendant denies all allegations contained in Paragraph 187.

**COUNT II:**
**CONSPIRACY TO TORTIOUSLY INTERFERE WITH CONTRACT**
**(as to all Defendants)**

188.    Defendant incorporates its responses to each and every allegation in the Amended

Complaint through Paragraph 187 as if fully set forth herein. To the extent Paragraph 188 contains

factual allegations to which a response is required, Defendant denies the allegations in Paragraph

188.

189.    Defendant denies all allegations contained in Paragraph 189.

190.    Defendant denies all allegations contained in Paragraph 190.

191.    Defendant denies all allegations contained in Paragraph 191.

192.    Defendant denies all allegations contained in Paragraph 192.

193.    Defendant denies all allegations contained in Paragraph 193.

**COUNT III:**
**AIDING AND ABETTING TORTIOUS INTERFERENCE WITH CONTRACT**
**(as to Express Scripts and Accredo, in the alternative)**

194.    Defendant incorporates its responses to each and every allegation in the Amended

Complaint through Paragraph 193 as if fully set forth herein. To the extent Paragraph 194 contains

factual allegations to which a response is required, Defendant denies the allegations in Paragraph

194.

195.    Defendant denies all allegations contained in Paragraph 195.

196.    Defendant denies all allegations contained in Paragraph 196.

197.    Defendant denies all allegations contained in Paragraph 197.

198.    Defendant denies all allegations contained in Paragraph 198.

199.    Defendant denies all allegations contained in Paragraph 199.

## COUNT IV: DECEPTIVE TRADE PRACTICES
## IN VIOLATION OF N.Y. GEN. BUS. LAW§ 349
### (as to SaveOnSP)

200.     Defendant incorporates its responses to each and every allegation in the Amended Complaint through Paragraph 199 as if fully set forth herein. To the extent Paragraph 200 contains factual allegations to which a response is required, Defendant denies the allegations in Paragraph 200.

201.     Paragraph 201 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 201 and, therefore, denies the same.

202.     Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein.

203.     Paragraph 203 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations therein.

204.     Paragraph 204 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 204 and, therefore, denies the same.

205.     Paragraph 205 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 205 and, therefore, denies the same.

### DEMAND FOR JURY TRIAL

206.     Defendant denies JJHCS is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

Upon its addition to this longstanding litigation and with limited exposure to the discovery record, Express Scripts asserts the following Affirmative Defenses. In stating these affirmative defenses, Express Scripts does not concede that it has the burden of proof on any of the following defenses. Express Scripts reserves the right to assert and rely upon such additional affirmative defenses as may become available or apparent as discovery proceeds. Express Scripts has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other defenses as this action proceeds up to and including the time of trial.

## FIRST AFFIRMATIVE DEFENSE
### (Laches)

1.      Express Scripts incorporates the prior paragraphs.

2.      JJHCS's claims against Express Scripts are barred in whole or in part by the doctrine of laches.

3.      Starting no later than June 20, 2017, Express Scripts began to educate Johnson & Johnson about SaveOn. As an employer, Johnson & Johnson is a health plan sponsor, and in that capacity, is an Express Scripts client. On or about June 20, 2017, Express Scripts provided Johnson & Johnson with a detailed presentation of the SaveOn service because Johnson & Johnson was interested in using SaveOn to reduce its own costs as a health plan sponsor.

4.      "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

5.      JJHCS and the Janssen Pharmaceutical Companies ("Janssen")[2] of Johnson & Johnson are both subsidiaries of Johnson & Johnson.[3]

6.      Johnson & Johnson submits its financial reports to the U.S. Securities and Exchange Commission ("SEC") on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

7.      In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

8.      In addition to being financially consolidated in their public reporting of financial reports, the Johnson & Johnson entities are also physically and operationally intertwined.

9.      Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

10.     In addition to the obvious financial reporting and operational overlap, it has recently come to the attention of Express Scripts from documents produced by JJHCS in this case, that by August 2017, numerous senior employees at JJHCS, including John King, Senior Director Patient Access Solutions; Carol Scholz, Senior Director, Patient Access Solutions; Blasine Penkowski, Chief Strategic Customer Officer; Lennox Taulbee, Senior Director National Accounts, Strategic

_____

[2] In September 2023, the Janssen Pharmaceutical Companies of Johnson & Johnson became Johnson & Johnson Innovative Medicine. Unless otherwise noted, Defendant will retain the naming convention for this selection of entities—"Janssen"—ascribed to them in the Amended Complaint.

[3] Indeed, in at least one instance Johnson & Johnson indicates that JJHCS is its wholly owned subsidiary. Johnson & Johnson, 2019 Notice of Annual Meeting & Proxy Statement 34 (2019).

Customer Group; and others were specifically aware of SaveOn's services and the roles of Express Scripts and Accredo relative to them.

11.     At no time did JJHCS (or any of its affiliates, including Janssen or Johnson & Johnson) indicate to Express Scripts that SaveOn's services caused patients to violate CarePath's terms and conditions.

12.     JJHCS waited until May 2022, nearly five years later, to sue SaveOn.

13.     Further, JJHCS's original complaint made numerous mentions of Express Scripts, but did not name Express Scripts as a defendant.

14.     JJHCS then waited until March 14, 2024 to move for leave to file an amended complaint adding Express Scripts as a defendant.

15.     Express Scripts was unaware that JJHCS believed Express Scripts was potentially liable for SaveOn allegedly causing patients to violate CarePath's terms and conditions until JJHCS moved for leave to amend in March 2024.

16.     Express Scripts's exposure is far greater than it would have been had JJHCS had acted promptly after learning about SaveOnSP's services and the roles of Express Scripts and Accredo relative to them.

17.     Express Scripts has been prejudiced by JJHCS's significant seven-year delay.

18.     It would be inequitable to allow JJHCS to benefit, or J&J to profit, from this delay.

## SECOND AFFIRMATIVE DEFENSE
**(Waiver)**

19.     Express Scripts incorporates the prior paragraphs.

20.     JJHCS's claims against Express Scripts are barred in whole or in part by the doctrine of waiver.

21.    Starting no later than June 20, 2017, Express Scripts began to educate Johnson & Johnson about SaveOn. As an employer, Johnson & Johnson is a health plan sponsor, and in that capacity, is an Express Scripts client. On or about June 20, 2017, Express Scripts provided Johnson & Johnson with a detailed presentation of the SaveOn service because Johnson & Johnson was interested in using SaveOn to reduce its own costs as a health plan sponsor.

22.    "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

23.    JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

24.    Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

25.    In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

26.    In addition to being financially consolidated in their public reporting of financial reports, the Johnson & Johnson entities are also physically and operationally intertwined.

27.    Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

28.    In addition to the obvious financial reporting and operational overlap, it has recently come to the attention of Express Scripts from documents produced by JJHCS in this case, that by August 2017, numerous senior employees at JJHCS, including John King, Senior Director Patient Access Solutions; Carol Scholz, Senior Director, Patient Access Solutions; Blasine Penkowski, Chief Strategic Customer Officer; Lennox Taulbee, Senior Director National Accounts, Strategic

34

Customer Group; and others were specifically aware of SaveOn's services and the roles of Express Scripts and Accredo relative to them.

29.    At no time did JJHCS (or any of its affiliates, including Janssen or Johnson & Johnson) indicate to Express Scripts that SaveOn's services caused patients to violate CarePath's terms and conditions.

30.    JJHCS waited until May 2022, nearly five years later, to sue SaveOn.

31.    Further, JJHCS's original complaint made numerous mentions of Express Scripts, but did not name Express Scripts as a defendant.

32.    JJHCS then waited until March 14, 2024 to move for leave to file an amended complaint adding Express Scripts as a defendant.

33.    Express Scripts was unaware that JJHCS believed Express Scripts was potentially liable for SaveOn allegedly causing patients to violate CarePath's terms and conditions until JJHCS moved for leave to amend in March 2024.

34.    By waiting nearly five years to file its Complaint against SaveOn and nearly seven years to file its Amended Complaint against Express Scripts and allowing members of SaveOn-advised plans to use CarePath in the interim, JJHCS relinquished its known right to assert a claim against Express Scripts.

35.    JJHCS and its affiliates, including Johnson & Johnson, did so in part because they did not want to not threaten their enormous profits on over a dozen specialty drugs by imperiling their reported "best prices" to CMS. 42 C.F.R. § 447.505.

36.    JJHCS deliberately intended to relinquish this known right because Johnson & Johnson was able to profit off of SaveOn's services in the meantime.

35

### THIRD AFFIRMATIVE DEFENSE
**(Acquiescence)**

37.    Express Scripts incorporates the prior paragraphs.

38.    JJHCS's claims against Express Scripts are barred in whole or in part by the doctrine of acquiescence.

39.    Starting no later than June 20, 2017, Express Scripts began to educate Johnson & Johnson about SaveOn. As an employer, Johnson & Johnson is a health plan sponsor, and in that capacity, is an Express Scripts client. On or about June 20, 2017, Express Scripts provided Johnson & Johnson with a detailed presentation of the SaveOn service because Johnson & Johnson was interested in using SaveOn to reduce its own costs as a health plan sponsor.

40.    "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

41.    JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

42.    Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

43.    In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

44.    In addition to being financially consolidated in their public reporting of financial reports, the Johnson & Johnson entities are also physically and operationally intertwined.

45.    Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

46.     In addition to the obvious financial reporting and operational overlap, it has recently come to the attention of Express Scripts from documents produced by JJHCS in this case, that by August 2017, numerous senior employees at JJHCS, including John King, Senior Director Patient Access Solutions; Carol Scholz, Senior Director, Patient Access Solutions; Blasine Penkowski, Chief Strategic Customer Officer; Lennox Taulbee, Senior Director National Accounts, Strategic Customer Group; and others were specifically aware of SaveOn's services and the roles of Express Scripts and Accredo relative to them.

47.     At no time did JJHCS (or any of its affiliates, including Janssen or Johnson & Johnson) indicate to Express Scripts that SaveOn's services caused patients to violate CarePath's terms and conditions.

48.     JJHCS waited until May 2022, nearly five years later, to sue SaveOn.

49.     Further, JJHCS's original complaint made numerous mentions of Express Scripts, but did not name Express Scripts as a defendant.

50.     JJHCS then waited until March 14, 2024 to move for leave to file an amended complaint adding Express Scripts as a defendant.

51.     Express Scripts was unaware that JJHCS believed Express Scripts was potentially liable for SaveOn allegedly causing patients to violate CarePath's terms and conditions until JJHCS moved for leave to amend in March 2024.

52.     Therefore, all actions allegedly taken by Express Scripts were performed with JJHCS's acquiescence.

53.     Express Scripts would be prejudiced by JJHCS waiting nearly seven years to assert a claim against Express Scripts.

### FOURTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations as to Tortious Interference with Contract Claim)

54.    Express Scripts incorporates the prior paragraphs.

55.    Starting no later than June 20, 2017, at Johnson & Johnson's request, Express Scripts began to educate Johnson & Johnson about SaveOn, including by providing Johnson & Johnson senior employees a detailed presentation of the SaveOn service because Johnson & Johnson was interested in using SaveOn to reduce its own costs as a health plan sponsor. In this presentation entitled "Your Collaborative Planning Guide," Express Scripts explained to Johnson & Johnson how SaveOn worked by designating certain drugs as non-essential health benefits under the Affordable Care Act and detailed the outreach to patients to explain the SaveOn service. The PowerPoint contains 5 slides dedicated to SaveOn. A summary states, "Manufacturers [like J&J] make funds available to assist patients with their share of the cost. $0 copay for enrolled J&J members." A later slide explains, "Utilizes Affordable Care Act (ACA) state benchmark to **change client plan design**." (emphasis in original). The next slide provides more detail:



56.    "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

57.    JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

58.    Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

59.    In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

60.    Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

61.    In addition to the obvious financial reporting and operational overlap, it has recently come to the attention of Express Scripts from documents produced by JJHCS in this case, that by August 2017, numerous senior employees at JJHCS, including John King, Senior Director Patient Access Solutions; Carol Scholz, Senior Director, Patient Access Solutions; Blasine Penkowski, Chief Strategic Customer Officer; Lennox Taulbee, Senior Director National Accounts, Strategic Customer Group; and others were specifically aware of SaveOn's services and the roles of Express Scripts and Accredo relative to them.

62.    At no time did JJHCS (or any of its affiliates, including Janssen or Johnson & Johnson) indicate to Express Scripts that SaveOn's services caused patients to violate CarePath's terms and conditions.

63.    JJHCS waited until May 2022, nearly five years later, to sue SaveOn.

64.     Further, JJHCS's original complaint made numerous mentions of Express Scripts, but did not name Express Scripts as a defendant.

65.     JJHCS then waited until March 14, 2024 to move for leave to file an amended complaint adding Express Scripts as a defendant.

66.     Express Scripts was unaware that JJHCS believed Express Scripts was potentially liable for SaveOn allegedly causing patients to violate CarePath's terms and conditions until JJHCS moved for leave to amend in March 2024.

67.     JJHCS alleges in ¶ 2 of the Amended Compl. that:

> SaveOnSP devised a scheme aimed at taking funds meant to help patients. Since 2016, Express Scripts and Accredo have worked with SaveOnSP in furtherance of that scheme… by interfering with the contractual relationship between JJHCS and patients.

68.     JJHCS also made the same claim in *Johnson & Johnson Health Care Sys., Inc. v. Express Scripts, Inc.*, No. 4:23-mc-00527-SEP (E.D. Mo.) (the "Missouri Action"), writing that "[s]ince 2016, SaveOnSP has worked exclusively with ESI." Mem. in Supp. of Mtn. to Compel, ECF No. 7 at 3.

69.     JJHCS had sufficient knowledge to begin the limitations clock by 2016.

70.     Accordingly, JJHCS's Tortious Interference with Contract Claim is barred by the six-year statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations as to Conspiracy to Tortiously Interfere with Contract Claim)**

71.     Express Scripts incorporates the prior paragraphs.

72.     Starting no later than June 20, 2017, Express Scripts began to educate Johnson & Johnson about SaveOn. As an employer, Johnson & Johnson is a health plan sponsor, and in that capacity, is an Express Scripts client. On or about June 20, 2017, Express Scripts provided Johnson

& Johnson with a detailed presentation of the SaveOn service because Johnson & Johnson was interested in using SaveOn to reduce its own costs as a health plan sponsor.

73.    "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

74.    JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

75.    Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

76.    In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

77.    Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

78.    In addition to the obvious financial reporting and operational overlap, it has recently come to the attention of Express Scripts from documents produced by JJHCS in this case, that by August 2017, numerous senior employees at JJHCS, including John King, Senior Director Patient Access Solutions; Carol Scholz, Senior Director, Patient Access Solutions; Blasine Penkowski, Chief Strategic Customer Officer; Lennox Taulbee, Senior Director National Accounts, Strategic Customer Group; and others were specifically aware of SaveOn's services and the roles of Express Scripts and Accredo relative to them.

79.    At no time did JJHCS (or any of its affiliates, including Janssen or Johnson & Johnson) indicate to Express Scripts that SaveOn's services caused patients to violate CarePath's terms and conditions.

80.     JJHCS waited until May 2022, nearly five years later, to sue SaveOn.

81.     Further, JJHCS's original complaint made numerous mentions of Express Scripts, but did not name Express Scripts as a defendant.

82.     JJHCS then waited until March 14, 2024 to move for leave to file an amended complaint adding Express Scripts as a defendant.

83.     Express Scripts was unaware that JJHCS believed Express Scripts was potentially liable for SaveOn allegedly causing patients to violate CarePath's terms and conditions until JJHCS moved for leave to amend in March 2024.

84.     JJHCS alleges in ¶ 2 of the Amended Compl. that:

> SaveOnSP devised a scheme aimed at taking funds meant to help patients. Since 2016, Express Scripts and Accredo have worked with SaveOnSP in furtherance of that scheme… by interfering with the contractual relationship between JJHCS and patients.

85.     JJHCS made the same claim in the Missouri Action, writing that "[s]ince 2016, SaveOnSP has worked exclusively with ESI." Mem. in Supp. of Mtn. to Compel, ECF No. 7 at 3.

86.     JJHCS had sufficient knowledge to begin the limitations clock by 2016.

87.     Accordingly, JJHCS's Conspiracy to Tortiously Interfere with Contract Claim is barred by the six-year statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations as to Aiding and Abetting Tortious Interference with Contract Claim)

88.     Express Scripts incorporates the prior paragraphs.

89.     Starting no later than June 20, 2017, Express Scripts began to educate Johnson & Johnson about SaveOn. As an employer, Johnson & Johnson is a health plan sponsor, and in that capacity, is an Express Scripts client. On or about June 20, 2017, Express Scripts provided Johnson

& Johnson with a detailed presentation of the SaveOn service because Johnson & Johnson was interested in using SaveOn to reduce its own costs as a health plan sponsor.

90.      "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

91.      JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

92.      Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

93.      In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

94.      In addition to being financially consolidated in their public reporting of financial reports, the Johnson & Johnson entities are also physically and operationally intertwined.

95.      Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

96.      In addition to the obvious financial reporting and operational overlap, it has recently come to the attention of Express Scripts from documents produced by JJHCS in this case, that by August 2017, numerous senior employees at JJHCS, including John King, Senior Director Patient Access Solutions; Carol Scholz, Senior Director, Patient Access Solutions; Blasine Penkowski, Chief Strategic Customer Officer; Lennox Taulbee, Senior Director National Accounts, Strategic Customer Group; and others were specifically aware of SaveOn's services and the roles of Express Scripts and Accredo relative to them.

43

97.     At no time did JJHCS (or any of its affiliates, including Janssen or Johnson & Johnson) indicate to Express Scripts that SaveOn's services caused patients to violate CarePath's terms and conditions.

98.     JJHCS waited until May 2022, nearly five years later, to sue SaveOn.

99.     Further, JJHCS's original complaint made numerous mentions of Express Scripts, but did not name Express Scripts as a defendant.

100.     JJHCS then waited until March 14, 2024 to move for leave to file an amended complaint adding Express Scripts as a defendant.

101.     Express Scripts was unaware that JJHCS believed Express Scripts was potentially liable for SaveOn allegedly causing patients to violate CarePath's terms and conditions until JJHCS moved for leave to amend in March 2024.

102.     JJHCS alleges in ¶ 2 of the Amended Compl. that:

> SaveOnSP devised a scheme aimed at taking funds meant to help patients. Since 2016, Express Scripts and Accredo have worked with SaveOnSP in furtherance of that scheme… by interfering with the contractual relationship between JJHCS and patients.

103.     JJHCS made the same claim in the Missouri Action, writing that "[s]ince 2016, SaveOnSP has worked exclusively with ESI." Mem. in Supp. of Mtn. to Compel, ECF No. 7 at 3.

104.     JJHCS had sufficient knowledge to begin the limitations clock by 2016.

105.     Accordingly, JJHCS's Aiding and Abetting Tortious Interference with Contract Claim is barred by the six-year statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

106.     Express Scripts incorporates the prior paragraphs.

107.    JJHCS's claims against Express Scripts are barred in whole or in part due to the failure to mitigate damages, if any.

108.    "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

109.    JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

110.    Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

111.    In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

112.    In addition to being financially consolidated in their public reporting of financial reports, the Johnson & Johnson entities are also physically and operationally intertwined.

113.    Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

114.    Janssen sets the prices for their medications and some of those medications are expensive.

115.    For example, the list price for Stelara, one of the drugs mentioned in the Amended Complaint, is $25,497.12 every 8 weeks for the 90 mg dose as of March 2022.[4]

_____

[4] Janssen Pharmaceutical Companies of Johnson & Johnson, *Learn about Cost Support Options,* https://www.stelarainfo.com/crohns-disease/cost-support-and-more/ (last accessed Oct. 27, 2024).

116.    JJHCS could have taken measures such as screening potential plan members before enrolling them to reduce the number of SaveOn members who were accepted into CarePath.

117.    Additionally, JJHCS could have taken internal actions to identify members enrolled in SaveOn-advised plans and disenroll them from CarePath. In fact, JJHCS identified members enrolled in SaveOn-advised plans but decided not to disenroll them from CarePath.

118.    To summarize, the Johnson & Johnson entities including JJHCS have failed to mitigate their damages by:

    a.    Failing to reduce drug prices for patients at the outset;

    b.    Failing to appropriately screen patients enrolled in SaveOn-advised plans from its program whom JJHCS conveniently now alleges violate the CarePath Terms & Conditions;

    c.    Failing to monitor its program effectively for, or to cull, patients enrolled in SaveOn-advised plans from its rolls whom JJHCS conveniently now alleges violate the CarePath Terms & Conditions;

    d.    Failing to reduce JJHCS's overall CarePath budget;

    e.    Failing to reduce the maximum amount of CarePath assistance JJHCS provided per patient per year; AND

    f.    Failing to otherwise make Johnson & Johnson pharmaceuticals affordable to the general public.

119.    Therefore, JJHCS failed to mitigate its alleged damages and any damages awarded to JJHCS must be reduced, or eliminated in their entirety, accordingly.

## EIGHTH AFFIRMATIVE DEFENSE
**(No Damages)**

120.    Express Scripts incorporates the prior paragraphs.

121.    "CarePath" is a non-needs-based co-pay assistance program created by the Janssen Pharmaceutical Companies of Johnson & Johnson for patients taking Janssen medications.

122.    JJHCS and Janssen are both subsidiaries of Johnson & Johnson.

123.    Johnson & Johnson submits its financial reports to the SEC on a consolidated basis. These reports include the financial data of all its subsidiaries, such as JJHCS and Janssen.

124.    In its consolidated financial reports, Johnson & Johnson considers provisions for product incentives, coupons, and other promotions including its copay assistance programs such as the Janssen CarePath program when determining its revenue.

125.    In addition to being financially consolidated in their public reporting of financial reports, the Johnson & Johnson entities are also physically and operationally intertwined.

126.    Further, and especially relevant here, JJHCS and Johnson & Johnson have specific health plan-related connections: the Johnson & Johnson health plan is a benefit offered to JJHCS employees.

127.    In public statements, executives from Johnson & Johnson and Janssen highlight the role these programs play in ensuring the viability of their high-end specialty pharmaceutical lines. For example, in one such 2024 exchange, Jennifer Taubert, Executive Vice President, Worldwide Chairman, Innovative Medicine (formerly Janssen) touts Janssen's role in ensuring access to patients relative to out-of-pocket costs, which she describes as the "real issue at hand" and indicates that Janssen "invest[s] heavily in ensuring that patients have access to our medicines." She continues, "And so we feel very good moving forward in terms of TREMFYA and the access that

we have for that product . . . . [T]hen also what we're doing with patient services and ensuring that patients, who the physicians want to prescribe it for, have the ability to get access and to navigate through the whole insurance maze and everything and ***come out on the other end very successfully on the product.*** So we feel real good getting ready for and moving into [the TREMFYA] launch." Thomson Reuters Street Events Edited Transcript JNJ.N Johnson & Johnson at Godman Sachs Global HealthCare Conference, June 12, 2024, at 3-4, 9 (emphasis added).

128.    Johnson & Johnson has every reason to "feel very good" that everything will "come out on the other end very successfully" for it on its specialty products. Sales of Johnson & Johnson's "largest product" Stelara and its "second largest product" Darzalex and Darzalex Faspro accounted for approximately 24.2% of Johnson & Johnson's total revenues for fiscal year 2023, exceeding $10.85 billion and $9.74 billion in annual sales respectively. *Form 10-K,* Johnson & Johnson, at 3, 25 (Feb. 16, 2024).

129.    Much of this success of specialty products is attributable copay assistance programs such as CarePath. *See* Leemore Dafny, et al., *How Do Copayment Coupons Affect Branded Drug Prices and Quantities Purchased*, 16(3) Am. Econ. J. Econ. Pol'y, 314 (2024)*.* Researchers have found copay assistance programs increase the quantity of drugs without generic substitutes sold as well as the price at which they are sold. *Id.* at 314. Without copay assistance programs, one study found, insurers would be able to use cost-sharing to steer patients toward preferred therapies and have "leverage to negotiate lower drug prices." *Id*. at 344. As one Johnson & Johnson analyst noted, the "introduction of coupons reduces the bargaining power of the payer and as a result there are higher prices."

130.    Johnson & Johnson has successfully utilized CarePath, its own non-needs-based copay assistance scheme, to "[u]ndermine employers' ability to use different copayment amounts

to reduce drug costs" since "[c]opay coupons induce customers to choose higher-cost brands over lower cost competitors." The scheme has worked—Johnson & Johnson has been able to eliminate financial considerations and any bargaining power from either patients or insurers to artificially inflate the prices of these medications in a way that harms the public.

131.   And Johnson & Johnson has reaped the rewards. In 2022, Johnson & Johnson estimated that its ▇▇▇▇▇▇▇▇ investment in copay assistance for Tremfya resulted in a ▇▇▇▇▇▇ return and its similar ▇▇▇▇▇▇▇ investment for Stelara resulted in a ▇▇▇▇▇▇▇ return—a nearly ▇▇▇▇▇▇ return on investment, respectively.

132.   Upon information and belief, SaveOn's services result in an increase in the number of fills of Janssen drugs, both by encouraging additional plan members to use and keep using those drugs and by encouraging plan members who are already using those drugs to keep using them. Upon information and belief, SaveOn's services thus result in Johnson & Johnson making more money from additional sales of Janssen drugs than JJHCS expends in additional CarePath funds resulting from those services. JJHCS is thus in a better position due to SaveOn's services and has no damages.

## NINTH AFFIRMATIVE DEFENSE
### (No Damages)

133.   Express Scripts incorporates the prior paragraphs.

134.   JJHCS's claims against Express Scripts are barred in whole or in part because JJHCS has not suffered any damages.

135.   JJHCS's claims fail, in part, to the extent that it has suffered no damages as to plan members already enrolled in CarePath before SaveOnSP communicated with them or who would have enrolled in CarePath regardless of SaveOnSP's involvement. JJHCS would have paid the

same amount of copay assistance for those patients under the plan design, regardless of SaveOn's or Express Scripts'/Accredo's alleged tortious conduct.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

136.    Express Scripts incorporates the prior paragraphs.

137.    JJHCS's claims against Express Scripts are barred in whole or in part because JJHCS does not have Article III standing to bring the claims alleged.

138.    Article III standing requires a causal connection between the injury and the conduct complained of. Here, there is no causal connection between the injury—JJHCS paying more money in CarePath funds than it would have under different plan terms—and the conduct complained of.

139.    JJHCS determines the amount that it budgets for copay assistance funds and opted to make the CarePath program available to cover copays legally set by the health plans.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

140.    Express Scripts incorporates the prior paragraphs.

141.    JJHCS's claim for tortious interference with contract against Express Scripts fails to state a claim upon which relief can be granted because JJHCS has not alleged that Express Scripts acted with the requisite intent to specifically interfere with JJHCS's contracts.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

142.    Express Scripts incorporates the prior paragraphs.

143.    JJHCS's claim for tortious interference with contract against Express Scripts fails because Express Scripts acted in good faith and none of its alleged acts or omissions were willful, wanton, malicious, or in bad faith.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Justification)**

144.    Express Scripts incorporates the prior paragraphs.

145.    JJHCS's claim for tortious interference with contract against Express Scripts fails because Express Scripts' alleged acts and/or omissions were done with justification.

146.    Express Scripts sought to assist the health plans it contracts with in best serving their plan participants and beneficiaries. This included incorporating other services and programs that were in the best interests of plan participants and beneficiaries. Any alleged contractual interference that may have resulted from this process was justified as it had a business-related excuse.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

147.    Express Scripts incorporates the prior paragraphs.

148.    JJHCS's claims against Express Scripts are barred in whole or in part by the doctrine of unclean hands.

149.    JJHCS has artificially manipulated the industry creating systems to inflate drug prices and payer costs.

150.    JJHCS is barred by its unclean hands and failure to do equity in the factual circumstances upon which the Amended Complaint is based, and JJHCS is therefore estopped from asserting any cause of action against Express Scripts.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (ERISA § 514(a))

151.　Express Scripts incorporates the prior paragraphs.

152.　JJHCS's claims involving ERISA plans are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because they attempt to coerce plans to structure their benefits in a particular manner and to enjoin Defendant from implementing ERISA plan terms.

153.　ERISA § 514(a) expressly preempts state statutory and common law claims which have a connection with or reference to an ERISA plan. Neither state laws nor state law claims may directly regulate a fundamental ERISA function.

154.　JJHCS's claims have an impermissible connection with an ERISA plan because they attempt to regulate plan terms and, if successful, would have acute economic effects that would force ERISA plans to adopt a certain scheme of substantive coverage.

155.　JJHCS effectively asks the Court to force employers to rewrite their benefit plans to pay more for Janssen's drugs while JJHCS avoids paying the full amount of copay assistance it promised.

156.　ERISA preempts JJHCS's claims involving ERISA plans because the Court cannot adjudicate its claims without interpreting ERISA plan terms.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Necessary Joinder)

157.　Express Scripts incorporates the prior paragraphs.

158.　JJHCS has failed to join all parties necessary for a just adjudication of this action including Johnson & Johnson and Janssen.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Economic Loss Doctrine)

159.    Express Scripts incorporates the prior paragraphs.

160.    The economic loss doctrine bars JJHCS from asserting its tortious interference with contract claim because JJHCS's claims are rooted in the patients' claims and rights under their contracts with JJHCS.

## JURY DEMAND

Defendant Express Scripts, Inc. demands a trial by jury on all issues so triable.

Dated: November 7, 2024

/s/Mark A. Berman
Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA LLP**
433 Hackensack Ave. Suite 1002
Hackensack, NJ 07601
(201) 441-9056
mberman@hdrbb.com

*Counsel of Record for Defendant*
*Express Scripts, Inc.*

Sarah C. Hellmann (*pro hac vice*)
Christopher A. Smith (*pro hac vice*)
Kate Ledden (*pro hac vice*)
Husch Blackwell LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
(314) 480-1500
Fax: (314) 480-1505
sarah.hellmann@huschblackwell.com
chris.smith@huschblackwell.com
kate.ledden@huschblackwell.com

*Counsel for Defendant*
*Express Scripts, Inc.*