SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

LINKLATERS LLP
Adeel A. Mangi
George LoBiondo
1290 Avenue of the Americas
New York, New York 10104
(212) 903-9000

PATTERSON BELKNAP WEBB & TYLER LLP
Harry Sandick (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **ORDER GRANTING MOTION TO SEAL** |
| Defendants. | |

THIS MATTER having been brought to the Court upon the motion of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), by and through its attorneys, seeking an order (a) permanently maintaining under seal the letters and supporting exhibits filed by the parties in connection with the Motion of Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to run a search term over Scott White's files, dated December 13, 2024, with related briefing and status letters dated January 13 and January 27, 2025 (ECF Nos. 475, 492 & 501), filed December 17, 2024, January 13, and January 28, 2025 (the "Motion to Compel"); and (b) permitting JJHCS to file the proposed public versions of ECF Nos. 475, 492 & 501, attached as Exhibits A, B, and C to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion; and the Court having considered the motion, the Court makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

(1) The Court finds that the Motion to Compel contains material that is non-public business, trade secret or proprietary information relating to the administration of the CarePath program, competitively sensitive information related to JJHCS's deliberative process, and JJHCS's confidential information (collectively, the "Confidential Materials").

2

(2) The Court further finds that the Confidential Materials contain JJHCS's highly sensitive, proprietary business information that is not known to the general public.

(3) The Court further finds that JJHCS has safeguarded and protected the confidentiality of the Confidential Materials, including throughout the pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public. *See Goldenberg v. Indel, Inc.*, No. 09-5202 (JBS/AMD), 2012 U.S. Dist. LEXIS 479, at *8 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace."); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, Civil Action No. 03-6025 (FLW), 2007 U.S. Dist. LEXIS 51828, at *27–28 (D.N.J. July 18, 2007) (granting motion to seal where release of confidential commercial

information to the public would cause "clearly defined and serious injury" resulting in a party's "competitive disadvantage").

(5) The Court further finds that no less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

For these reasons, good cause exists for protecting the Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

IT IS ON THIS _____ day of _____, 2025;

ORDERED that, pursuant to L. Civ. R. 5.3, the Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and the Motion to Compel is hereby permanently SEALED; and it is further

ORDERED that the Clerk of Court shall maintain the unredacted versions of ECF Nos. 475, 492 & 501 under seal; and it is further

ORDERED that JJHCS is directed to file the redacted versions of the Motion to Compel, including all exhibits, consistent with the proposed redactions submitted herewith.

_____
HON. FREDA L. WOLFSON (ret.)
SPECIAL MASTER