SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

LINKLATERS LLP
Adeel A. Mangi
George LoBiondo
1290 Avenue of the Americas
New York, New York 10104
(212) 903-9000

PATTERSON BELKNAP WEBB & TYLER LLP
Harry Sandick (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| v. | Hon. Cathy L. Waldor, U.S.M.J. |
| | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendants. | |

JEFFREY J. GREENBAUM, of full age, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L. Civ. R. 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS to seal the letters and supporting exhibits filed by the parties in connection with the Motion of Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to run searches of the custodial files of Michael Ingham, dated January 3, 2025, with related briefing dated January 17 and January 28, 2025 (ECF Nos. 488, 494 & 513), filed January 7, January 17, and February 5, 2025 (the "Motion to Compel").

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. JJHCS seeks to seal portions of ECF Nos. 488, 494 & 513 in accordance with L. Civ. R. 5.3(c).

3. Attached hereto as Exhibits A, B, and C, respectively, are the proposed public versions of the moving, opposition, and reply briefs of the Motion to Compel (ECF Nos. 488, 494 & 513). As shown in these exhibits, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4. L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all

parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5.   In support of this motion, JJHCS has prepared an index, attached hereto as Exhibit D, setting forth the information in the Motion to Compel sought to be sealed and the basis for the request.

6.   SaveOnSP does not object to the sealing of any of the confidential materials subject to this motion.

7.   JJHCS filed this action to stop a scheme devised by SaveOnSP and implemented by Defendants Express Scripts Inc. ("Express Scripts") and Accredo Health Group, Inc. ("Accredo") from pilfering tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (*See* Amended Complaint, ECF No. 395). The Amended Complaint asserts four causes of action: (1) tortious interference with contract against all defendants; (2) conspiracy to tortiously interfere with contract against all defendants; (3) aiding and abetting tortious interference with contract as to

3

Express Scripts and Accredo, in the alternative; and (4) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, as to SaveOnSP.

8. JJHCS and SaveOnSP entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62). Upon being named as defendants, Express Scripts and Accredo have indicated their respective consents to be bound to the Discovery Confidentiality Order.

9. During the course of discovery, JJHCS produced various confidential documents pertaining to research and scholarship on copay adjustment programs and the work of Janssen Scientific Affairs. Certain of these documents are attached as or described in exhibits to ECF Nos. 488, 494 & 513 and include confidential emails and attachments, internal draft documents, an agreement, and an organizational chart.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

11. In addition to materials produced by JJHCS, JJHCS also seeks to seal a document produced by non-party Avalere Health LLC ("Avalere"), in response to a subpoena served on Avalere by SaveOnSP in this action. The Avalere document was designated as Confidential – Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62). JJHCS

also considers this non-party document to contain information confidential to JJHCS, including the work of Janssen Scientific Affairs.

12. As detailed in Exhibit D, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that JJHCS has treated as confidential during this litigation.

13. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

14. JJHCS has continued to safeguard and protect the confidentiality of the confidential materials during the course of this action.

15. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

16. Sealing these documents is the least restrictive alternative means of protecting the parties' highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

17. For these reasons, JJHCS requests the sealing of the Motion to Compel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2025                    *s/ Jeffrey J. Greenbaum*
                                                 JEFFREY J. GREENBAUM