# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 3, 2025

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

   Re: ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
     ***Express Scripts, Inc., and Accredo Health Group, Inc.***
     <u>**No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Judge Wolfson:

  Defendant Save On SP, LLC ("<u>SaveOn</u>") moves to compel Johnson & Johnson Health Care Systems Inc. (with its affiliates, "<u>J&J</u>") to run the search terms set forth in Appendix 1 over the documents of Michael Ingham, whom J&J agreed to add as a custodian.[1]

  At the July 15, 2024 hearing, Your Honor ordered J&J to "identify some custodians" from Janssen Scientific Affairs ("<u>JSA</u>") because "they have relevant information" and there was "a lot of involvement by this group." July 15, 2024 Tr. at 213:17-21; *see also* Dkt. 336 at 2. Your Honor

---

[1] *See* Ex. 1 at 2 (Aug. 13, 2024 Ltr.).

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                 Page 2

specifically identified Ingham, ██████████████████████████████████████

████████████████████████ *see* Ex. 2 at -045 (JJHCS_00290041), as a JSA employee

who discussed "accumulators and maximizers['] impacts to patients and how co-pay assistance

program[s] drive[] up drug prices." July 15, 2024 Tr. at 213:1-6.

J&J agreed to add Ingham as a custodian over four months ago, Ex. 1 at 2 (Aug. 13, 2024

Ltr.), but has still not agreed to run any search terms over or produce any documents from his files.

*See* Ex. 3 at 1 (Dec. 3, 2024 Ltr.). The parties are thus at impasse. *See* Ex. 4 (Dec. 13, 2024 Ltr.).

## I.     SaveOn's Proposed Search Terms for Ingham Are Relevant and Proportional

SaveOn proposes five search terms for J&J to run over Ingham's files, targeted to his rel-

evant work. In the aggregate, they identify 10,099 unique documents (with families, 16,221).[2]

Ex. 3, Ex. A. (Dec. 3, 2024 Ltr.). One is identical to a term that J&J ran over the files of Silas

Martin, Ingham's supervisor; the four others are significantly narrower than similar terms that J&J

ran over Martin's files. *See* App'x 2; Ex. 5 at iv, v, vii (Aug. 8, 2024 Ltr.).

*First*, SaveOn proposes a term to capture documents that expressly mention SaveOn:

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR
  SOSP

*See* App'x 1, term 1. J&J agreed at the outset of discovery to produce all documents related to

SaveOn, *see* Ex. 6 at 10 (J&J's Dec. 12, 2022 R&O's to SaveOn's 1st RFPs), and it ran the same

term proposed here, or a slightly broader version, over the files of all its 29 other custodians.[3] *See*

---

[2] "With families" refers to the document totals which include both the documents identified by the search term and all "family" documents, such as attachments to emails where the search term identified only the parent email. The parties have agreed to produce documents with families.

[3] The term that J&J ran for other custodians also includes the names of SaveOn's co-founders: SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk."

Hon. Freda L. Wolfson                                                                 Page 3

Ex. 5 at i, iv, viii, ix (Aug. 8, 2024 Ltr.). Ingham is likely to have relevant documents hitting on

this term, as he knew of and regularly discussed SaveOn. *See, e.g.*¸ Ex. 7 (JJHCS_00168406)



). Documents discussing SaveOn are highly likely

to be relevant as J&J's knowledge of and reactions to SaveOn is central to SaveOn's defenses,

including J&J's failure to mitigate its damages. This term identifies 208 documents (with families,

965). Ex. 3, Ex. A (Dec. 3, 2024 Ltr.).

    *Second,* SaveOn proposes a term to capture documents about J&J's CAP program:

- (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*)

*See* App'x 1, term 2. As Your Honor recognized, the essence of the CAP program is to (1) identify

patients on maximizers, accumulators, or SaveOn-advised plans; and (2) "take action accordingly

to reduce [J&J's] losses," including by revising CarePath's T&Cs. Dkt. 192 at 25 (quoting email

from Judge Waldor). Your Honor ordered J&J to run a broader version of this term for all other

custodians with a link to the CAP program.[4] Dkt. 305 at 1-2. Ingham was deeply involved with

CAP. *See, e.g.*, Ex. 10 (JJHCS_00337483) (

---

[4] The term that J&J ran for other custodians also includes variations on the word "SaveOn" in the second parenthetical: (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*). The equivalent term that J&J ran for Silas Martin and most custodians from April 1, 2016 to July 1, 2022, Ex. 5 at vii (Aug. 8, 2024 Ltr.), is much broader. *See* App'x 2, term 2.

 Ex. 11 at -637-38 (JJHCS_00170637) (

); Ex. 12 (JJHCS_00132434) (                                      ). The term

identifies 770 documents (with families, 3,400 documents). Ex. 3, Ex. A (Dec. 3, 2024 Ltr.).

    *Finally*, SaveOn proposes three terms to capture documents about research regarding ac-

cumulators and maximizers conducted by J&J and J&J's vendors:

1. (accumulator* OR maximizer* OR CAP) w/10 (IQVIA OR "Analysis Group" OR Xcenda)

2. (accumulat* OR maximizer*) w/10 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*)

3. (accumulator* OR maximizer* OR CAP) w/15 ((impact* OR effect*) w/10 (patient* OR equity))

*See* App'x 1, terms 3-5. As Your Honor recognized, Ingham's employer, JSA, was "substantively

involved" in "engaging … with the research" on accumulators, maximizers, and SaveOn. July 15,

2024 Hr'g Tr. at 210:24-211:4; *see also id.* at 213:1-12.[5] Ingham decided what to research,

. [6] He solicited studies from vendors

---

[5] *See, e.g.,* Ex. 13 (JJHCS_00001594) (

; Ex. 14 at -679 (JJHCS_00132678) (

); Ex. 15 at -682, -685 (JJHCS_00132682) (

[6] *See, e.g.*, Ex. 16 (JJHCS_00170815) (

; Ex. 17 (JJHCS_00168501) (

Hon. Freda L. Wolfson                                                                Page 5

████████████████████████████████████████████████████████████████████████

█████████████████████.[7] He co-authored a paper with an IQVIA employee arguing that accumu-

lators and maximizers "shift copay assistance away from patients, which may impose additional

copayment burdens to patients." Ex. 26 (JJHCS_00283472); *see also* Ex. 27 at -319, -322.001

(JJHCS_00132319) (███████████████████████████████████████████████████

███████████████████████████████████████████ ███████████████████

█████████████████████████████████████████████████████████████████████

███████████████████████████████████████████ Ex. 28 at -931, -933

(JJHCS_00132931). ██████████████████████

█████████████████████████████████ *id*., confirming that maximizers, which require no

extra cost, do not harm patients. █████████████████████████████████████



_____

████████████████; Ex. 18 (JJHCS_00337083) (██████████████████████████████
███████████████████████████████████████████████████████████████).

[7] Ex. 19 at -671, -674.001(JJHCS_00132671) (███████████████████████████████████
████████████████████████████; Ex. 20 (JJHCS_00337401) (█████████████████████
████████████████████████████████████████); Ex. 21 at -473
(JJHCS_00132472) (███████████████████████████████████████████████████████████
████████████); Ex. 22 (JJHCS_00132286) (███████████████████████
████████████████████████████); Ex. 23 (JJHCS_00168880) (████████████████
████████████████████); Ex. 11 at -637-38 (JJHCS_00170637) (████████████████████

████████████████); Ex. 24 (JJHCS_00132729)
███████████████████████████); Ex. 25 at -383 (JJHCS_00132382) (████████████████████
█████████████████████████).

Hon. Freda L. Wolfson                                                              Page 6

███████████████████████████████,[8] ██████████████████████████████████████████████

██████████████████████████████████████████████████████████.[9] J&J's research

on these topics is relevant to its response to SaveOn and its ability to identify patients on accumu-

lators and maximizers, which speak to J&J's failure to mitigate its damages and its acquiescence

to SaveOn's conduct, and to J&J's allegations that SaveOn causes harm to patients.

SaveOn's proposed search terms narrowly target this relevant work. The first term requires

the terms IQVIA or Analysis Group or Xcenda within *ten words* of "accumulator," "maximizer,"

or "CAP." J&J ran versions of this term over the files of eleven other custodians, including Mar-

tin.[10] *See* Ex. 5 at viii (Aug. 8, 2024 Ltr.). It identifies 8,589 documents (with families, 11,029

---



[8] *See, e.g.*, Ex. 29 (JJHCS_00133495) (████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████ Ex. 31
(JJHCS_00132323) (███████████████████████████████████████████████);
Ex. 32 (JJHCS_00132277) (███████████████████████████████████████

[9] *See* Ex. 13 (JJHCS_00001594) (███████████████████████████████████████████████
███████████████████); Ex. 33 (JJHCS_00170333) (██████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
█████████████ Ex. 34 at -391, -397 (JJHCS_00168391) (████████████████████████████
███████████████████████████████████████████████████████████████████████████████
█████████ Ex. 35 at -936, -938.004 (JJHCS_00132936) (████████████████████████████
███████████████████████████████████████████████████████████████████████████████
█████████████████████████████.

[10] J&J ran the following term over Martin's files:

- (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (IQVIA OR Ex-
  cenda OR "Analysis Group" OR Xcenda OR "The Eagle Force").

And J&J ran the following term over the files of ten additional custodians:

Hon. Freda L. Wolfson                                                                Page 7

documents), almost 90% of all documents identified by SaveOn's proposed search terms. Ex. 3, Ex. A (Dec. 3, 2024 Ltr.). This confirms that Ingham frequently discussed accumulators, maximizers, and the CAP program with these relevant vendors.

The second term requires the terms accumulator or maximizer within *ten words* of "report," "article," "white paper," "analysis," "partner," or "sponsor." J&J ran a broader version of this term over Martin's files.[11] It identifies 5,968 documents (with families, 13,380 documents). Ex. 3, Ex. A (Dec. 3, 2024 Ltr.). This confirms that Ingham worked extensively on producing formal, substantive written research on accumulators and maximizers on behalf of J&J.

The third term has three closely connected parts: (1) "accumulator," "maximizer," or "CAP"; (2) within *fifteen words* of "impact" or "effect"; *and* (3) within *ten words* of "patient" or "equity." Because the connectors are so limited, all three parts are likely to be found in the same sentence or adjoining sentences. J&J also ran a broader version of this term over Martin's files.[12] The term identifies 1,254 documents (with families, 8,597 documents). Ex. 3, Ex. A (Dec. 3, 2024

---

- IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program").

The proposed term here is narrower: It uses a "w/10" limiter and connects only three alternative terms on each side. While it includes the terms "Xcenda" or "Analysis Group," they account for only 326 of the 8,589 documents from Ingham's files identified by SaveOn's proposed term. *See* Ex. 3, Ex. A (Dec. 3, 2024 Ltr.). "Xcenda" and "Analysis Group" terms are relevant here because Ingham ████████████████████. *See* Ex. 24 (JJHCS_00132729) (█████████████████ █████████████████████); Ex. 25 at -383 (JJHCS_00132382) (████████████████████████).

[11] J&J ran the following term over Martin's files: (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*).

[12] J&J ran the following term over Martin's files: (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity).

Hon. Freda L. Wolfson                                                                 Page 8

Ltr.). This confirms that Ingham frequently worked on reports and data analysis focused on accu-

mulators and maximizers.

While J&J has objected to running these terms over Ingham's files on the basis that it ran

similar terms over Martin's files, *see* Ex. 3 at 1 (Dec. 3, 2024), J&J proposed Ingham as a custodian

(suggesting that it believes he does have unique documents) and SaveOn's proposed terms here

identify over 10,000 documents in Ingham's files not found in Martin's files (with families, over

16,000), Ex. 3, Ex. A (Dec. 3, 2024 Ltr.), showing that Ingham is highly likely to have unique,

relevant documents. This is consistent with Ingham's authority to act alone, as he frequently did,

██████████████████████████████████.[13] ███████████████████████████

██████████████████████████████████ *See, e.g.*, Ex. 24 (JJHCS_00132729) (██

████████████████████████████████████████████████████████████

██████████████████████████.

Your Honor should compel J&J to run SaveOn's proposed search terms.

---

[13] *See, e.g.*, Ex. 36 at -905-08 (JJHCS_00132905) (████████████████████████
████████████████████████████████████████████); Ex. 37 (JJHCS_00132579)
(████████████████████████████████████████████████; Ex. 38
(JJHCS_00280177) (████████████████████████████████████████
(JJHCS_00298445) (████████████████████████); Ex. 39
██████████████████); Ex. 20 (JJHCS_00337401) (██
██████████ Ex. 40 (JJHCS_00133148) (██
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████.

Hon. Freda L. Wolfson                                                    Page 9

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

Hon. Freda L. Wolfson                                                          Page 10

## Appendix 1

*Mike Ingham Search Terms*

1.  SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR
    SOSP

2.  (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*)

3.  (accumulator* OR maximizer* OR CAP) w/10 (IQVIA OR "Analysis Group" OR
    Xcenda)

4.  (accumulat* OR maximizer*) w/10 (report* OR article* OR post* OR "white pa-
    per" OR WP OR analy* OR sponsor* OR partner*)

5.  (accumulator* OR maximizer* OR CAP) w/15 ((impact* OR effect*) w/10 (pa-
    tient* OR equity))

Hon. Freda L. Wolfson                                                        Page 11

**Appendix 2**

*Similar, But Broader, Search Terms Previously Run Over Silas Martin's Files*

Red language indicates variations for Ingham's Terms

|   | Term J&J Ran Over Martin's Files | Term SaveOn Proposes for Ingham |
|---|---|---|
| 1 | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP |
| 2 | "CAPm" OR "CAPa" OR "adjustment program" | ("CAPm" OR "CAPa" OR "adjustment program") AND (accumulat* OR maximiz*) |
| 3 | (accumulator* OR maximizer* OR co-pay OR co-pay OR CAP) w/25 (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") | (accumulator* OR maximizer* ~~OR copay OR co-pay~~ OR CAP) w/~~25~~10 (IQVIA OR ~~Excenda OR~~ "Analysis Group" OR Xcenda OR ~~"The Eagle Force"~~) |
| 4 | (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*) | (accumulat* OR maximiz* ~~OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare~~) w/~~25~~10 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*) |
| 5 | (accumulator* OR maximizer* OR co-pay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity) | (accumulator* OR maximizer* ~~OR copay OR co-pay~~ OR CAP) w/~~25~~15 ((impact* OR effect*) ~~OR~~ w/10 (patient* OR equity)) |

11

# Exhibit 1



August 13, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   **SaveOnSP's Requests for 27 Additional Custodians**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
> **No. 2:22-cv-02632-JKS-CLW**

Dear Elizabeth:

We write in response to your three letters demanding that JJHCS add a total of 27 additional custodians: your June 28, 2024 letter requesting that JJHCS add Norhaan Khalil and Joseph Incelli, your July 19, 2024 letter requesting that JJHCS add 22 additional custodians (the "Non-JJHCS Custodian Letter"), and your July 19, 2024 letter asking that JJHCS add purported Janssen Scientific Affairs employees Mike Ingham, Kay Sadik, and Bridget Doherty as custodians (the "Janssen Scientific Affairs Letter").

As an initial matter, JJHCS objects to SaveOnSP's request as unduly burdensome. JJHCS already has agreed to produce documents from 37 custodians. Some of these agreed-upon custodians are employed by non-JJHCS entities within the Johnson & Johnson family of companies that are not parties to this litigation; others are high-ranking executives; and still others are attorneys whose documents necessitate intricate privilege review. Now, after more than a year of discovery, SaveOnSP demands that JJHCS nearly double its list of custodians by adding 27 additional custodians, most of whom have no responsibility for the CarePath co-pay assistance program or the changes that JJHCS made to that program to defend it against bad actors like SaveOnSP.

SaveOnSP's primary justification for this sweeping expansion of discovery is "Judge Wolfson's July 16, 2024 Order." Non-JJHCS Custodian Letter at 1. But SaveOnSP's demands go far beyond Judge Wolfson's order. In denying SaveOnSP's motion to compel, Judge Wolfson declined to order the comprehensive expansion of discovery that SaveOnSP sought and instead directed SaveOnSP to "serve a list of proposed custodians to [JJHCS], from other Janssen entities, who may have relevant documents." July 16, 2024 Order at 2. Judge Wolfson also suggested that the parties focus on six individuals who were named in SaveOnSP's moving papers.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 2

In so doing, Judge Wolfson rejected the need to add as custodians the overwhelming majority of individuals mentioned in SaveOnSP's motion. Instead, "based on [her] review of all 105 exhibits submitted" by SaveOnSP, Judge Wolfson suggested that SaveOnSP request (and JJHCS consider) adding six custodians "who *may* have relevant documents." *Id.* (emphasis in original). Rather than submit a narrowed list of custodians in line with Judge Wolfson's order, SaveOnSP has doubled down on its overbroad and unduly burdensome demand for a far-reaching expansion of discovery, including by demanding that JJHCS add several new proposed custodians who were not even named in SaveOnSP's prior papers. In sum, SaveOnSP's latest wish list is not only unduly burdensome, but seems purposely designed to be so.

JJHCS has investigated SaveOnSP's expansive ask. We disagree that these additional custodians are necessary or warranted given the claims and defenses in the litigation. Nevertheless, in the interest of compromise and in keeping with Judge Wolfson's order, JJHCS agrees to add six of SaveOnSP's requested custodians. JJHCS also provides further context for the remaining 21 custodians at-issue.[1]

## I.    JJHCS's Counterproposal

In response to the Non-JJHCS Custodian Letter, JJHCS agrees to add the following six additional individuals as custodians, most of whom Judge Wolfson suggested in her July 16, 2024 order: Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, and Pinal Shah. In an effort to resolve the issues addressed in the Janssen Scientific Affairs Letter, JJHCS also agrees to add Mike Ingham as a custodian.

JJHCS's agreement to add these additional custodians is subject to the parties' agreement on additional search terms. JJHCS reserves all rights to object, on relevance and/or burden grounds, to any search terms that SaveOnSP may propose for these custodians.

## II.   Remaining Custodians

JJHCS will not add the remaining 21 custodians that SaveOnSP has demanded.[2] As detailed below, either these individuals are irrelevant to this litigation or their documents are duplicative of those in the custody of previously agreed-upon custodians. Moreover, the documents cited by SaveOnSP in the Non-JJHCS Custodian Letter and the Janssen Scientific Affairs Letter do not justify adding these individuals as additional custodians.

---

[1] JJHCS separately provided its response as to Joseph Incelli. *See* July 18, 2024 Email from J. Long to M. Nussbaum. The remaining 20 custodians are addressed in this letter.

[2] Sabrina Ade, Claudia Adomah, Mitch Akright, Kassandra Cruz, Camille Dorsey, Bridget Doherty, Jane Frechette, Katie Hanculak, Norhaan Khalil, Kevin Kleemeier, Elizabeth Kruel-Starr, Thao Mazrullo, Barbara McCabe, Kay Sadik, Matthew Saggese, Casey Sasse, Brian Taft, Cecila Trybus, Bryan Weinlein, and Mark Wiley.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 3

### a. Sabrina Ade

JJHCS will not add Sabrina Ade as an additional custodian.  In the Non-JJHCS Custodian Letter, ██████████████████████████████████████████████████
*See, e.g.*, JJHCS_00132445 (███████████████████████████████████████████████████
██████████████████████).  Documents regarding Johnson & Johnson's public policy and advocacy responses to accumulators and maximizers are not relevant to this case.  *See, e.g.*, JJHCS's Responses and Objections to SaveOnSP's 10th Set of Requests for Production; Feb. 17, 2023 Letter from A. LoMonaco to M. Nelson.  Indeed, SaveOnSP has taken the same position, categorically refusing to produce documents regarding its *own* compliance with different laws and regulations, even though those documents actually *are* relevant (because they relate to the improper misappropriation of patient assistance funds and whether SaveOnSP has been outlawed in certain states).  *See* D.E. 66 at 7-8 ("[C]ompliance with these statutes has nothing to do with whether [SaveOnSP] induced patients to breach their contracts with JJHCS or whether it deceives the public."); *see also* Mar. 17, 2023 Tr. at 20:8-16 (SaveOnSP's counsel arguing that compliance with "some other statute" is just "completely tangential.").  For the same reasons as stated in our prior objection and correspondence, SaveOnSP has not shown that Ms. Ade is the custodian of unique, relevant documents.

### b. Claudia Adomah

Ms. Adomah is a "Patient Experience Manager."   JJHCS_00181729. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See, e.g., id.* (███████████████████████); JJHCS_00158343 (████████████████████████████); JJHCS_00159076 (████████████████████████████████); JJHCS_00181749 ████████████████████).  Accordingly, responsive documents in Ms. Adomah's custodial files are likely to be cumulative of those in the files of existing JJHCS custodians, including Lauren Pennington, Jasmeet Singh, and Heith Jeffcoat.

In addition, although SaveOnSP claims that Ms. Adomah had a role in mitigation, "revisions of CarePath's T&Cs," and "J&J's damages," the documents SaveOnSP cites for this proposition simply do not support those positions.  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 4

### c. Mitchell Akright

SaveOnSP points to Mr. Akright's involvement with the "IMM Tiger Team" as a basis to add Mr. Akright as a custodian. Although Mr. Akright served on the 2021 Immunology CAP Tiger Team, he did so alongside several existing custodians, ███████████████████████████████████████████████████████ JJHCS_00238654. Other documents cited by SaveOnSP ██████████████ *e.g.*, JJHCS_00140619, ████████████████████████████████████████████████ , *see, e.g.*, JJHCS_00145337, JJHCS_00195792. These documents indicate that Mr. Akright did not do "work relevant to (1) mitigation; and (2) J&J's GBL claim," contrary to SaveOnSP's assertion. Non-JJHCS Custodian Letter at 3. Accordingly, Mr. Akright is unlikely to possess unique, relevant documents, and JJHCS will not add him as a custodian.

### d. Kassandra Cruz

Ms. Cruz, like several other custodians requested by SaveOnSP, was involved in issues related to accumulators, maximizers, and the CAP program solely to the extent that she was involved in training field representatives on CAP program decisions made by others and conveying feedback and questions from field representatives to others. *See, e.g.*, JJHCS_00190733 (████████████████████████████████████████████████████████████████ ); JJHCS_00272943 (███████████████████████████████████████████ ); JJHCS_00253909 (████████ ).

████████████████████████████████████████ . *See* JJHCS_00253792 ("███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ . JJHCS therefore declines to add Ms. Cruz as a custodian because she is unlikely to have unique, relevant documents in her custodial files.

### e. Camille Dorsey

JJHCS will not add Camille Dorsey as a custodian. Based on its investigation to date, and as the documents cited by SaveOnSP reveal, Ms. Dorsey's sole role in issues related to the CAP program was to convey questions and concerns regarding the CAP program from patients

Elizabeth H. Snow, Esq.
August 13, 2024
Page 5

and providers to decision-makers who are already custodians in this litigation. *See, e.g.*,
JJHCS_00118921 (



); JJHCS_00182220 (          ) JJHCS has not
identified any evidence that she possesses unique, relevant documents related to "work relevant to
(1) J&J's GBL claim; and (2) J&J's damages." Non-JJHCS Custodian Letter at 8.

any relevant material in her documents
will be captured by the documents of existing custodians, including but not limited to
. *See, e.g.*, JJHCS_00118921 (

).

**f.  Bridget Doherty**

JJHCS declines to add Ms. Doherty as an additional custodian.

. *See* JJHCS_00132266
(listing titles).  Any relevant documents in Ms. Doherty's files would be cumulative of those that
have been produced, and will be produced, from the files of

. *See, e.g.*, JJHCS_00132340 (

); JJHCS_00132379 (

); JJHCS_00132917 (

).

**g.  Jane Frechette**

JJHCS will not add Ms. Frechette as a custodian.  Based on JJHCS's investigation
to date and the documents identified by SaveOnSP, JJHCS has no reason to conclude that she has
unique and relevant documents and communications.  Ms. Frechette was Group Product Director,
Gastroenterology Marketing.  In that role, she had only a tangential connection to Stelara's co-pay
assistance program.  *See, e.g.*, JJHCS_00002593 (

JJHCS_00158289 (

); JJHCS_00183475

); JJHCS_00218451 (

).  None of these documents support Ms.
Frechette's addition as a custodian.  Moreover, the documents cited by SaveOnSP indicate that
any tangentially relevant work by Ms. Frechette was done in close coordination with existing
custodians                                                              .  Therefore,

Elizabeth H. Snow, Esq.
August 13, 2024
Page 6

any relevant documents in Ms. Frechette's custody are likely to be duplicative of those in the possession of current custodians.

### h.  Katie Hanculak

Based on JJHCS's investigation to date and the documents identified by SaveOnSP, there is no evidence that Ms. Hanculak has unique and relevant documents and communications related to issues in this case. ███████████████████████████████████████████
███████████████████████████████. *See* JJHCS_00003038. ███████████████████████
██████████████████████████████████████████████████████████████████████████████
███████. *See, e.g.*, JJHCS_00246272 (████████████████████████████████████████
██████████████████████████████████████████████████); JJHCS_00252940 (
███████████████████████████); JJHCS_00252942 (████████); JJHCS_00272514 (██████
████████████████████████████████████).

Additionally, SaveOnSP cites Ms. Hanculak's involvement in the IMM CAP 2022 Tiger Team as a basis for adding her as a custodian, but many current custodians were also members of that team. JJHCS_00034977 (████████████████████████████████████████
████████████████████████████████████████████████). Because relevant documents in Ms. Hanculak's custodian files are cumulative of those produced by JJHCS from other custodians, JJHCS will not add her as a custodian.

### i.  Norhaan Khalil

SaveOnSP asked that JJHCS add Norhaan ("Nora") Khalil as a "CAP" custodian ████████████████████████████████████████████████. Based on JJHCS's investigation to date, Ms. Khalil was engaged as a contractor ████████████████████████
████████  As such, any work she undertook during this period was at the direction of others at the company, including the many existing JJHCS custodians copied on the very correspondence SaveOnSP cites in its letter. *See, e.g.*, JJHCS_00189580 (████████████████████████
██████████████████████████████████████); JJHCS_00182166 (████████████████
JJHCS_00159556 (██████████████████████████████████████████████████████████████
██████████████████████████). JJHCS therefore declines to add Ms. Khalil as a custodian.

SaveOnSP also asks JJHCS to "produce the underlying data associated with both studies" and to produce the "final version of the Aurora WDC presentation." June 28, 2024 Ltr. from E. Snow to J. Long at 2-3.  In the interest of compromise, and to the extent not captured by our separate correspondence concerning SaveOnSP's request for additional market research, *see*

Elizabeth H. Snow, Esq.
August 13, 2024
Page 7

Aug. 8, 2024 Ltr. from B. Robinson to A. Miner, JJHCS agrees to investigate the existence of underlying data associated with both studies and to produce the final Aurora WDC presentation. Otherwise, JJHCS will not add Ms. Khalil as a custodian or otherwise search her files.[3]

### j.  Kevin Kleemeier

Based on JJHCS's investigation to date and the documents identified by SaveOnSP, JJHCS has no reason to conclude that Mr. Kleemeier has unique and relevant documents and communications related to issues in this case.  SaveOnSP cites only three documents suggesting that Mr. Kleemeier had any awareness of issues related to accumulators, maximizers, and SaveOnSP.  Those documents do not indicate that Mr. Kleemeier did any substantive work on those issues.  *See* JJHCS_00236748 (█████████████████████████████████████████████████████████████); JJHCS_00219266 (██████████████); JJHCS_00219267 (██████).  The implicit basis behind the request to add Mr. Kleemeier is the "follow every breadcrumb" approach that SaveOnSP invokes when it seeks documents—an approach that Judge Wolfson rejected, that is not consistent with the Federal Rules of Evidence, and is not the approach taken by SaveOnSP when fielding requests for documents. There is no evidence that there are unique and relevant documents in the custody of Mr. Kleemeier, and JJHCS will not add him as a custodian.

### k.  Elizabeth Kruel-Starr

Based on JJHCS's investigation to date and the documents identified by SaveOnSP, Ms. Kreul-Starr is unlikely to have unique documents and communications relevant to issues in this case.  Like Ms. Hanculak, Ms. Kruel-Starr's role was limited to immunology products during a portion of the relevant period.  *See* JJHCS_00045073.  JJHCS has already added as custodians several individuals who worked on immunology products, ████████████████████████████ ████████████████████████████████████████████████████.  *See, e.g.*, JJHCS_00035075 (████████████████████████████████████; JJHCS_00035088 (██████); JJHCS_00045073 (██████████████████████████████████████████████████████████████████).  Accordingly, any documents in Ms. Kreul-Starr's custody would be cumulative of those already produced, and JJHCS will not add her as a custodian.

---

[3] For the avoidance of doubt, JJHCS also objects to SaveOnSP's proposed search terms, which are facially overbroad.  *See, e.g.*, June 28, 2024 Ltr. from E. Snow to J. Long at 5 (requesting that JJHCS add the search term "(Question* OR "feedback" OR "feed back") AND present*").

Elizabeth H. Snow, Esq.
August 13, 2024
Page 8

### l.  Thao Mazrullo

JJHCS will not add Ms. Mazrullo as a custodian because JJHCS's investigation to date and the documents cited by SaveOnSP do not suggest that Ms. Mazrullo has unique and relevant documents and communications related to issues in this case.  SaveOnSP cites only three documents featuring Ms. Mazrullo as grounds for adding her as a custodian.

*See* JJHCS_00003038.

.  *See* JJHCS_00158773
(                                                                                    ); JJHCS_00182945 (                                    ); JJHCS_00194222
                                                                                    ).  The request for Ms. Mazrullo to be added as a custodian is not a serious request and cannot be understood as anything other than an effort to impose unwarranted burden on JJHCS.

### m.  Barbara McCabe

Based on its investigation to date, JJHCS has no reason to conclude that Ms. McCabe would have unique documents or communications regarding issues relevant to this case. Ms. McCabe was an immunology brand employee, and her work involved drafting and updating call guides for field representatives.  However, neither JJHCS's investigation nor the documents cited by SaveOnSP indicate that Ms. McCabe had any involvement in drafting or revising the CarePath terms and conditions, or has unique insight into what they mean.

*See, e.g.*, JJHCS_00045430
                                    ); JJHCS_00224306 (

.  *See, e.g.*, JJHCS_00035571
(                                                    ); JJHCS_00075530 (                              ).  Accordingly, any documents in Ms. McCabe's custody would be cumulative of those already produced, and JJHCS will not add her as a custodian.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 9

### n. Kay Sadik

JJHCS declines to add Ms. Sadik as an additional custodian.  Based on its investigations to date, any relevant documents in Ms. Sadik's files would be cumulative of those that have been produced, and will be produced, from the files of Mike Ingham and Silas Martin. Indeed, the documents cited by SaveOnSP in support of its demand indicate that Ms. Sadik worked on ███████████████████████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00132682 (███████████████████████████████████████████ ███████); JJHCS_00132736 (█████████████████████████████████████████████). Accordingly, JJHCS will not add Ms. Sadik as a custodian.

### o. Matthew Saggese

JJHCS will not add Mr. Saggese as a custodian.  Based on its investigation, JJHCS understands that Mr. Saggese does not possess unique documents regarding issues relevant to this case and the documents cited by SaveOnSP confirm that conclusion. ██████████████████████ ███████████████████████████████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00190387 (███████████████████████████████████). ███████████████ ████████████████████████████ *Id.* (████████████ ████). ██████████████████████████████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00073533 ████████████████████████████████████████████████████████ ████████████████████████████████(█████); JJHCS_00259257 ████████████████████████████████████████████████████████████████████████ ██████████████████████).

### p. Casey Sasse

The documents cited by SaveOnSP, as well as JJHCS's investigation to date, indicate that Ms. Sasse is unlikely to have unique documents and communications relevant to issues in this case.  Like Ms. Hanculak and Ms. Kruel-Starr, Ms. Sasse's role was limited to immunology products during a portion of the relevant period.  *See* JJHCS_00140862.  JJHCS has already added as custodians several individuals who worked on immunology products, including Spilios Asimakopoulos and Lauren Pennington.  Ms. Sasse's documents would be cumulative of those produced by JJHCS from those and other agreed-upon custodians.  The documents cited by SaveOnSP support this conclusion, ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████. *See, e.g.*, JJHCS_00140862 (████████████████████████████████████████████████████████

Elizabeth H. Snow, Esq.
August 13, 2024
Page 10

██████████████████████); JJHCS_00155648 (█████████████████████████████████); JJHCS_00155662 ████); JJHCS_00231117 ███████████s).  Accordingly, JJHCS will not add her as a custodian.

### q.  Brian Taft

JJHCS declines to add Mr. Taft as a custodian because JJHCS's investigation to date has revealed that Mr. Taft is unlikely to have unique documents and communications relevant to issues in this case, and the documents cited by SaveOnSP are not to the contrary.  SaveOnSP appears interested in Taft based on emails ████████████████████████████████████████. *See* Non-JJHCS Letter at 10. ████████████████████████████████████████████████. *See, e.g.,* JJHCS_00002627 (███████████████████████████████████████████); JJHCS_00130759 (████████████████████████████████████████); JJHCS_00152644 (██████████████████████████).████████████████████████████████████████████. *See* JJHCS_00219908 ████████████████████████████████████).  Accordingly, JJHCS will not add Mr. Taft as a custodian.

### r.  Cecila Trybus

JJHCS declines to add Ms. Trybus as an additional custodian.  Based on its investigation to date, JJHCS has no reason to believe that Ms. Trybus would have unique documents or communications relevant to issues in this case. ████████████████████████JJHCS_00231958; JJHCS_00159369. ████████████████████████████████████████████████████████████████████████████████████. JJHCS_00146092. ████████████████████████████████████████████████████████████████████████████████████████JJHCS_00182184.

Elizabeth H. Snow, Esq.
August 13, 2024
Page 11

### s.  Bryan Weinlein

JJHCS will not add Mr. Weinlein as a custodian.  Based on JJHCS's investigation to date, JJHCS understands that, during the relevant time period, Mr. Weinlein did not work on issues related to CarePath or the CAP Program. ███████████████████████████████

████████████████████████████████████████████████████████████████. *See, e.g.,*
JJHCS_00002790 (████████████████████████████████████████████████████████████

███████████████); JJHCS_00231078 (█████████████████████████████████████████

████████████████████████████████████████████████████████████████████████).

### t.  Mark Wiley

JJHCS will not add Mr. Wiley as a custodian because neither JJHCS's investigation, nor the documents cited by SaveOnSP, indicate that Mr. Wiley is a custodian of unique documents and communications relevant to issues in this case. █████████████

████████████████████████████████████████████████████████████. *See*
JJHCS_00142263. ██████████████████████████████████████████████████████████

████████████████████████████████. *See, e.g.,* JJHCS_00132328 (███████████████

███████████████████████████████████); JJHCS_00132331;
JJHCS_00165807 (██████████████████████████████████████████████████████████);
JJHCS_00224387 (█████████████████████████████████████████

██████████████████████████████████). t.  Accordingly, JJHCS will
not add him as a custodian.

*    *    *

JJHCS reserves all rights and is available to meet and confer.

Very truly yours,

Ian Eppler

# EXHIBIT 2

# CONFIDENTIAL FILED UNDER SEAL

# Exhibit 3



December 3, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Search Parameters for Michael Ingham's Custodial Files**
***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
**2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's November 26, 2024 letters and further to our November 21, 2024 and November 25, 2024 letters regarding SaveOnSP's proposed search terms for Michael Ingham, Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, and Pinal Shah.

In your latest pair of letters, both dated November 26, 2024, you (i) continue to unilaterally declare impasse for five of six custodians; and (ii) request that JJHCS provide hit counts concerning slightly narrowed search terms for Mr. Ingham's files.

As to the first issue, we continue to disagree that the parties are at impasse as to the search parameters for Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, and Pinal Shah for the reasons stated in our November 25, 2024 letter and during the parties' conferral of the same date. Consistent with Judge Wolfson's guidance, we continue to ask that you identify any purported gaps in JJHCS's productions to date and/or whether SaveOnSP is interested in particular topics from these custodians so that we can consider an appropriate counterproposal based on SaveOnSP's identified topics of interest. We understand from your November 26, 2024 letter that SaveOnSP refuses to do so.

As to the second, JJHCS continues to object to SaveOnSP's proposed search terms for Michael Ingham's files on relevance and burden grounds. As detailed in **Exhibit A**, SaveOnSP's current proposal would require that JJHCS review 16,221 additional documents (family inclusive) from just Mr. Ingham's files. At your request, we have provided a further breakdown of these search hits in **Exhibit A**. As discussed during the conferral, Mr. Ingham worked closely with existing custodian, Silas Martin, on the subjects identified in your prior correspondence. In your latest letter, you claim that this is insufficient because "the hit counts for SaveOn's proposed search terms run over Mr. Ingham's documents indicate that Mr. Ingham

Elizabeth H. Snow, Esq.
December 3, 2024
Page 2


conducted non-duplicative relevant work." Nov. 26, 2024 Ltr. from E. Snow to J. Long at 2. We
disagree. But regardless, your letter provides no guidance regarding what SaveOnSP is interested
in within Mr. Ingham's files. As SaveOnSP itself argued before Judge Wolfson last month, it is
on SaveOnSP—not JJHCS—to identify "a gap" and "come up with a targeted set of search terms
that really get at what [SaveOnSP] wants." Nov. 18, 2024 Tr. at 15:10-16; *see also id.* at 14:1-9,
16:9-11. At present SaveOnSP is relying on a set of broad terms. It has neither identified a gap,
nor tailored search terms to fill it. If SaveOnSP does so, we are open to running appropriate search
terms for Mr. Ingham.

We remain available to meet and confer.

Very truly yours,

*/s/ Julia Long*
Julia Long

**Exhibit A:  Hit Counts for Michael Ingham's Custodial Files**

| | |
|---|---|
| **Total Additional Search Hits (Deduplicated)** | 10,099 |
| **Total Additional Search Hits + Families** | 16,221 |

| Term | Total Additional Search Hits | Total Additional Search Hits + Families |
|---|---|---|
| (IQVIA OR "Analysis Group" OR Xcenda) w/10 (accumulator* OR maximizer* OR CAP) | 8,589 | 11,029 |
| IQVIA w/10 accumulator* | 7,646 | 9,497 |
| IQVIA w/10 maximizer* | 7,158 | 8,920 |
| (accumulat* OR maximizer* OR "nonessential health benefit" OR NEHB*) w/10 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*) | 5,968 | 13,380 |
| IQVIA w/10 CAP | 2,791 | 8,356 |
| accumulat* w/10 report* | 2,729 | 4,236 |
| maximizer* w/10 report* | 2,429 | 2,715 |
| accumulat* w/10 analy* | 2,157 | 9,647 |
| maximizer* w/10 analy* | 1,626 | 8,262 |
| (accumulator* OR maximizer* OR CAP) w/15 ((impact* OR effect*) w/10 (patient* OR equity)) | 1,254 | 8,597 |
| accumulat* w/10 post* | 1,140 | 1,371 |
| maximizer* w/10 post* | 815 | 880 |
| accumulator* w/15 impact* w/10 patient* | 783 | 7,519 |
| (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*) | 770 | 3,400 |
| maximizer* w/15 impact* w/10 patient* | 465 | 5,967 |

15409503

| Term | Total Additional Search Hits | Total Additional Search Hits + Families |
|---|---|---|
| Xcenda w/10 accumulator* | 307 | 756 |
| CAP w/15 effect* w/10 equity | 231 | 638 |
| CAP w/15 impact* w/10 patient* | 215 | 1,037 |
| SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP | 208 | 965 |
| accumulat* w/10 article* | 200 | 554 |
| maximizer* w/10 article* | 140 | 398 |
| accumulat* w/10 sponsor* | 139 | 575 |
| accumulat* w/10 partner* | 110 | 580 |
| accumulat* w/10 "white paper" | 87 | 1,426 |
| maximizer* w/10 sponsor* | 82 | 564 |
| maximizer* w/10 "white paper" | 77 | 1,405 |
| accumulator* w/15 effect* w/10 patient* | 73 | 256 |
| maximizer* w/15 effect* w/10 patient* | 49 | 186 |
| accumulator* w/15 impact* w/10 equity | 46 | 158 |
| accumulat* w/10 WP | 39 | 112 |
| maximizer* w/15 impact* w/10 equity | 34 | 101 |
| maximizer* w/10 partner* | 31 | 137 |
| CAP w/15 effect* w/10 patient* | 24 | 93 |
| CAP w/15 impact* w/10 equity | 21 | 33 |
| "Analysis Group" w/10 accumulator* | 17 | 137 |
| accumulator* w/15 effect* w/10 equity | 7 | 13 |
| maximizer* w/15 effect* w/10 equity | 7 | 13 |
| "Analysis Group" w/10 CAP | 2 | 2 |

15409503

| Term | Total Additional Search Hits | Total Additional Search Hits + Families |
|---|---|---|
| "Analysis Group" w/10 maximizer* | 0 | 0 |
| "nonessential health benefit" w/10 "white paper" | 0 | 0 |
| "nonessential health benefit" w/10 analy* | 0 | 0 |
| "nonessential health benefit" w/10 article* | 0 | 0 |
| "nonessential health benefit" w/10 partner* | 0 | 0 |
| "nonessential health benefit" w/10 post* | 0 | 0 |
| "nonessential health benefit" w/10 report* | 0 | 0 |
| "nonessential health benefit" w/10 sponsor* | 0 | 0 |
| "nonessential health benefit" w/10 WP | 0 | 0 |
| maximizer* w/10 WP | 0 | 0 |
| NEHB* w/10 "white paper" | 0 | 0 |
| NEHB* w/10 analy* | 0 | 0 |
| NEHB* w/10 article* | 0 | 0 |
| NEHB* w/10 partner* | 0 | 0 |
| NEHB* w/10 post* | 0 | 0 |
| NEHB* w/10 report* | 0 | 0 |
| NEHB* w/10 sponsor* | 0 | 0 |
| NEHB* w/10 WP | 0 | 0 |
| Xcenda w/10 CAP | 0 | 0 |
| Xcenda w/10 maximizer* | 0 | 0 |

# **Exhibit 4**



www.pbwt.com

December 13, 2024

Julia Long
(212) 336-2878

**<u>VIA EMAIL</u>**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Search Parameters for Michael Ingham's Custodial Files**
       ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,***
       **<u>2:23-cv-02632 (JKS) (CLW)</u>**

Dear Hannah:

We write in response to SaveOnSP's December 6, 2024 letter and further to our November 21, 2024, November 25, 2024, and December 3, 2024 letters regarding SaveOnSP's proposed search terms for Michael Ingham.

In our December 3, 2024 letter, we explained the basis for our objections to the search terms SaveOnSP proposed for Michael Ingham's files, including that SaveOnSP's proposal would require the review of 16,221 additional documents (family inclusive) from just Mr. Ingham's files. At SaveOnSP's request, we also provided disaggregated hit counts for those terms. In response, SaveOnSP has decided to "stand[] by its proposed terms" without any further narrowing. Dec. 6, 2024 Ltr. from H. Miles to J. Long at 2.

Given SaveOnSP's refusal to narrow its unduly burdensome proposal, we agree that the parties have reached impasse as to search terms for Mr. Ingham's files.

Very truly yours,

*/s/ Julia Long*
Julia Long

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

15416623

# Exhibit 5



August 8, 2024

Julia Long
(212) 336-2878

**By Email**

Meredith Nelson, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:     **SaveOnSP's Search Parameters**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Meredith:

We write in response to your August 1, 2024 letter requesting "the list of search terms [JJHCS] has run over its custodial files, including date ranges."  Aug. 1, 2024 Ltr. from M. Nelson to J. Long.  JJHCS has enclosed its search parameters as Appendix 1.

As with SaveOnSP's letter, please note that this list does not reflect search terms subject to ongoing negotiations between the parties.

Very truly yours,

*/s/ Julia Long*
Julia Long

**Appendix 1:  JJHCS Search Parameters**

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | "Save On" (case sensitive) |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | "other offer" w/5 (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | CAPa OR CAPm OR "adjustment program" AND "Save On" (case sensitive) |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | "Save On" (case sensitive) |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* |

ii

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023;<br><br>6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (essential OR nonessential OR non-essential OR "non essential") w/50 ("Affordable Care Act" OR ACA OR Obamacare) |
| 4/1/2016 to 11/7/2023;<br><br>6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| 4/1/2016 to 11/7/2023;<br><br>6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | "other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*) |
| 4/1/2016 to 11/7/2023;<br><br>6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | "This program offer may not be used with any other coupon, discount, prescription savings card, free trial, or other offer" |
| 4/1/2016 to 11/7/2023;<br><br>6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (Fein OR Pembroke OR Adam OR "Drug Channels") AND afein@drugchannels.net AND (SaveOnSP OR accumulat* OR maximiz*) |

| Date Range | Custodians | Search Term |
|---|---|---|
| 7/1/2022 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| 7/1/2022 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; JJHCS; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | CAPa OR CAPm OR "adjustment program" AND "Save On" (case sensitive) |
| 4/1/2016 to 11/7/2023 | Lade, Karen | accumulator w/5 prog* |
| 4/1/2016 to 11/7/2023 | Lade, Karen | PBM* w/50 ((chang* OR increas* OR decreas*) AND (copay* OR co-pay*) AND deductible) |
| 4/1/2016 to 11/7/2023 | Lade, Karen | ((Max* w/15 benefit*) w/50 (chang* OR increas* OR decreas*)) AND ($20,000 OR $20K OR 20k) |
| 4/1/2016 to 11/7/2023 | Martin, Silas | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP |
| 4/1/2016 to 11/7/2023 | Martin, Silas | "Save On" (case sensitive) |
| 4/1/2016 to 11/7/2023 | Martin, Silas | (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit" OR NEHB* OR "Affordable Care Act" OR ACA OR Obamacare) w/25 (report* OR article* OR post* OR "white paper" OR WP OR analy* OR sponsor* OR partner*) |
| 4/1/2016 to 11/7/2023 | Martin, Silas | (accumulator* OR maximizer* OR copay OR co-pay OR CAP) w/25 (impact* OR effect* OR patient* OR equity) |

iv

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023 | Martin, Silas | (IQVIA OR Excenda OR "Analysis Group" OR Xcenda OR "The Eagle Force") w/25 (accumulator* OR maximizer* OR copay OR co-pay OR CAP) |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John; Hall, Evelyn; Hoffman, John; Jeffcoat, Brandon; JJHCS; King, John; Kinne, Quinton; Lade, Karen; Longbothum, Daphne; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, Lawrence; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Shontz, William; Singh, Jasmeet; Kenworthy, Deborah | (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*) |
| 1/1/2009 to 1/19/2014 (Wortman); 1/1/2009 to 7/13/2015 (Chapman) | Wortman, Kimberly; Chapman, Katherine | (Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR Stelara OR Tracleer OR Uptravi OR Ventavis OR Zytiga) w/25 ((term* w/3 condition) OR T&C OR TNC OR "other offer" OR coupon* OR discount* OR "prescription savings card*" OR "free trial*") |
| 4/1/2016 to 11/7/2023 | Barklage, Alison; Hoffman, John; Kinne, Quinton; Longbothum, Daphne; Platt, Lawrence; Shontz, William | ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) w/50 (CAPa OR CAPm OR "adjustment program") |
| 1/1/2009 to 1/19/2014 (Wortman); 1/1/2009 to 7/13/2015 (Chapman) | Wortman, Kimberly; Chapman, Katherine | (CarePath OR "Savings Program" OR "Rebate Program" OR "Access Program" OR "copay assistance" OR Instant Savings Card OR YOU&I OR RemiStart OR AccessOne OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR SimponiOne OR Stelara OR Sylvant OR SylvantOne OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR ZytigaOne OR Invokana OR Xarelto OR Olysio OR Risperdal OR Invega) w/50 ((term* w/3 condition) OR "T&C" or "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "prescription savings card*" OR "free trial") |

v

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program") AND ((term* w/3 condition) OR T&C OR TNC OR "other offer") AND (maximiz* OR accumulat*) |
| 1/1/2021 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (((term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR WithMe)) |
| 4/1/2016 to 11/7/2023 | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John Paul; Hall, Lynn; Hoffman, John; Jeffcoat, Heith; Kenworthy, Debbie; King, John; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D; Robinson, William; Saxena, Nidhi; Schoenly, Heather; Singh, Jasmeet | Archbow w/50 (accumulator* OR maximizer* OR mitigat* OR NEHB OR (variable w/5 EHB) OR CAPa OR CAPm OR "adjustment program") |
| 4/1/2016 to 11/7/2023 | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John Paul; Hall, Lynn; Hoffman, John; Jeffcoat, Heith; Kenworthy, Debbie; King, John; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D; Robinson, William; Saxena, Nidhi; Schoenly, Heather; Singh, Jasmeet | Archbow w/50 "other offer" |

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023 | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John Paul; Hall, Lynn; Hoffman, John; Jeffcoat, Heith; Kenworthy, Debbie; King, John; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D; Robinson, William; Saxena, Nidhi; Schoenly, Heather; Singh, Jasmeet | Avalere w/50 (accumulator* OR maximizer* OR mitigat* OR NEHB OR (variable w/5 EHB) OR CAPa OR CAPm OR "adjustment program") |
| 4/1/2016 to 11/7/2023 | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John Paul; Hall, Lynn; Hoffman, John; Jeffcoat, Heith; Kenworthy, Debbie; King, John; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D; Robinson, William; Saxena, Nidhi; Schoenly, Heather; Singh, Jasmeet | Avalere w/50 "other offer" |
| 1/1/2021 to 11/7/2023 | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John Paul; Hall, Lynn; Jeffcoat, Brandon; King, John; Kinne, Quinton; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D.; Robinson, William; Saxena, Nidhi; Schoenly, Heather; Shontz, William; Singh, Jasmeet | (RIS OR RISRx) w/50 identif* |
| 4/1/2016 to 7/1/2022 | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John Paul; Hall, Lynn; Jeffcoat, Brandon; King, John; Kinne, Quinton; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D.; Robinson, William; Saxena, Nidhi; Schoenly, Heather; Shontz, William; Singh, Jasmeet | "CAPm" OR "CAPa" OR "adjustment program" |

| Date Range | Custodians | Search Term |
|---|---|---|
| 8/1/2022 to 11/7/2023 | Platt, L.D. | ("Washington Post" OR "the Post" OR WaPo OR WashPost OR washingtonpost.com OR Gurwitch) w/50 ("the company" OR SaveOnSP OR SaveOn OR "Save On SP" OR SOSP OR "Express Scripts" OR ESI OR ExpressScripts) |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | ((viabl* OR viability OR insolvent OR "cost prohibitive" OR untenable OR eliminat*) w/25 (CarePath OR JCP)) AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz* OR "adjustment program*") |
| 1/1/2021 to 11/7/2023 | Anderson, Lindsey; Asimakopoulos, Spilios; Hoffman, John; King, John; Mazuk, Katie; McCool, Silviya; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Singh, Jasmeet | IQVIA w/15 (accumulat* OR maximiz* OR copay OR co-pay OR CAP OR CAPa OR CAPm OR "adjustment program") |
| 4/1/2016 to 12/31/2017 | Cassano, Michael | "Jody Miller" OR jmiller* |
| 4/1/2016 to 12/31/2017 | Cassano, Michael | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Franz, John; Hall, Evelyn; Jeffcoat, Brandon; King, John; Lade, Karen; Mann, Jeremy; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Singh, Jasmeet; Kenworthy, Deborah | ((coupon* OR discount* OR "prescription savings card*" OR "free trial*") w/30 (Janssen OR Jannsen OR Jansen OR CarePath OR "Care Path" OR CP OR JCP OR "Savings Program")) AND (accumulat* OR maximiz*) AND (enforc* OR eligib* OR ineligib*) |
| 4/1/2016 to 11/7/2023 | Hoffman, John; Quinton, Kinne; Lade, Karen; Martin, Silas; Platt, L.D. | (Fein OR Pembroke OR Adam OR "Drug Channels") AND afein@drugchannels.net AND (SaveOnSP OR accumulat* OR maximiz*) |

| Date Range | Custodians | Search Term |
|---|---|---|
| 1/1/2009 to 4/1/2016 | Burden, Rhonda; Doherty, Jeffrey; Lade, Karen; Minecci, Adrienne; Stiles, Darryl; Winkler, Andrea | (CarePath OR "Savings Program" OR "Rebate Program" OR "Access Program" OR "copay assistance" OR "Instant Savings Card" OR YOU&I OR RemiStart OR AccessOne OR Darzalex OR Imbruvica OR Opsumit OR Remicade OR Simponi OR SimponiOne OR Stelara OR Sylvant OR SylvantOne OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR ZytigaOne OR Invokana OR Xarelto OR Olysio OR Risperdal OR Invega) w/10 ((term* w/3 condition) OR "T&C" OR "TNC" OR "other offer" OR "coupon*" OR "discount*" OR "free trial" OR "prescription savings card*") |
| 4/1/2016 to 11/7/2023; 6/1/2023 to 11/7/2023 (Kenworthy only) | Anderson, Lindsey; Asimakopoulos, Spilios; Barklage, Alison; Franz, John; Hall, Evelyn; Hoffman, John; Jeffcoat, Brandon; King, John; Kinne, Quinton; Lade, Karen; Longbothum, Daphne; Mann, Jeremy; Martin, Silas; Mazuk, Katie; McCool, Silviya; McKelvey, Hattie; Minecci, Adrienne; Pennington, Lauren; Platt, L.D.; Robinson III, William; Saxena, Nidhi; Schoenly, Heather; Scholz, Carol; Shontz, William; Singh, Jasmeet; Kenworthy, Deborah | (control w/5 plans) w/15 (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulator* OR maximizer*) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | "Save On" (case sensitive) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts") |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk" |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | (Accredo OR Acredo) w/50 (accumulat* OR maximiz*) |

ix

| Date Range | Custodians | Search Term |
|---|---|---|
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | (STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | CAPa OR CAPm OR "adjustment program" AND "Save On" (case sensitive) |
| 1/1/2021 to 11/7/2023 | De Camara, Jennifer; Harris, Savaria[1] | ($6,000 OR $6k OR 6k OR $9,100 OR $8,900 OR OOP OR out-of-pocket) AND (Stelara OR Tremfya) |
| 1/1/2021 to 11/7/2023 | De Camara, Jennifer; Harris, Savaria | ("other offer" w/5 (accumulat* OR maximiz* OR "health plan*" OR insur*)) AND (Stelara OR Tremfya) |
| 1/1/2021 to 11/7/2023 | De Camara, Jennifer; Harris, Savaria | (eligib* OR ineligib*) AND "out-of-pocket cost" AND (Stelara OR Tremfya) |
| 1/1/2021 to 11/7/2023 | De Camara, Jennifer; Harris, Savaria | (maximiz* OR optimiz*) AND ($6,000 OR "maximum program benefit") AND (Stelara OR Tremfya) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine; White, Scott | (TrialCard OR "Trial Card" OR TC) AND ((statement* w/5 work) OR SOW* OR contract*) AND (CarePath OR (care w/2 path) OR Carpath OR Carepth OR CP OR JCP OR "Savings Program" OR WithMe OR (with w/2 me)) AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Tremfya OR Uptravi OR Ventavis OR Zytiga OR Edurant OR Intelence OR Ponvory) |
| 4/1/2016 to 11/7/2023 | Penkowski, Blasine | ((brand* OR finance* OR SCG OR (strategic w/5 customer)) w/25 ("working group" OR guidance OR respond* OR respons*)) AND (accumulat* OR maximiz*) |

| Date Range | Custodians | Search Term |
|---|---|---|
| 1/1/2021 to 11/7/2023 | De Camara, Jennifer; Harris, Savaria; Penkowski, Blasine; White, Scott | (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya) w/50 (CarePath OR "Care Path" OR CP OR JCP OR WithMe) |
| 4/1/2016 to 11/7/2023 | Harris, Savaria; Penkowski, Blasine; White, Scott | (Fein OR Pembroke OR Adam OR "Drug Channels") AND afein@drugchannels.net AND (SaveOnSP OR accumulat* OR maximiz*) |

---

[1] For Ms. Harris and Ms. De Camara, all search terms apply only to communications with third parties.

15210482

# Exhibit 6

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.    JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

## **OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS**

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

5

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

**Request No. 5**

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

**Response to Request No. 5**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

8

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

## Request No. 6

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

## Response to Request No. 6

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

## Request No. 7

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

## Response to Request No. 7

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise

search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP,
including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or in-
formation regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC
Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

### Request No. 11

From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

### Response to Request No. 11

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

12

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

13

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

14

question.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks "all" documents and communications

regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications in its possession regarding SaveOnSP's designation of specialty drugs as

Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its

regulations during the relevant Time Period, to the extent such documents and communications

exist and can be located after a reasonable search.  However, notwithstanding the foregoing,

JJHCS will not produce any documents responsive to Request for Production No. 21, which is

irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce

documents and communications responsive to this Request.

## Request No. 15

All Documents and Communications regarding SaveOnSP's communications with
Patients regarding CarePath, including Documents and Communications regarding JJHCS's
allegations in Complaint ¶¶ 60-67, 109.

## Response to Request No. 15

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's payment of funds to patients enrolled in qualified high deductible or health savings account plans as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans. JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing communications between SaveOnSP and Patients, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks "misleading or confusing communications," as those terms are vague and ambiguous.

17

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

18

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect

involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects

to this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS or that are publicly available and therefore equally available to SaveOnSP.

JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the

reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 21

All Documents and Communications regarding any advocacy to or communication with
any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or
Copay Maximizer Services.

## Response to Request No. 21

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

19

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 22**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 22**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request on the ground that the phrase "any alleged harm" is vague and ambiguous. For the purposes of its response, JJHCS shall interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the increased average amount of CarePath expenditures incurred for patients enrolled in the SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession relating to the extent of the harm SaveOnSP has caused JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have, to the extent such documents exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn." JJHCS further objects to this Request to

23

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100.  Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

**Request No. 28**

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.     all Patients receiving the Janssen Drug;

b.     the number of fills of the Janssen Drug received by each such Patient;

c.     the dosage of the Janssen Drug received by each such Patient for each fill;

d.     the projected number of Patients, average number of fills, and average dosage for
the Janssen Drug;

e.     the cost to manufacture the Janssen Drug;

f.     the sales and marketing budget for the Janssen Drug;

g.     the price of the Janssen Drug;

h.     the revenue received by JJHCS from the Janssen Drug;

i.     all Patients enrolled in the CarePath program for the Janssen Drug;

j.     the dates on which each Patient was enrolled in CarePath;

k.     the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
in CarePath;

l.     the Janssen Drugs for which each Patient enrolled in CarePath received copay
assistance;

m.    all copay assistance payments that JJHCS made to or on behalf each Patient
enrolled in CarePath; and

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.      JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

25

b.       JJHCS's budget for CarePath, including the sales and marketing budget;

c.       JJHCS's actual and projected annual costs for CarePath;

d.       JJHCS's use of or accounting for unused CarePath funds;

e.       the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.       JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.       the impact of CarePath on Janssen's sales of any Janssen Drug;

h.       the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.       JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.       any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**<u>Response to Request No. 29</u>**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

**Request No. 30**

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

**Response to Request No. 30**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs.  JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous.  JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

27

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 31**

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the
amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based
on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs,
including Documents and Communications regarding JJHCS's attempts to limit or eliminate the
availability of CarePath copay assistance funds available to Patients enrolled in health plans
advised by SaveOnSP.

**Response to Request No. 31**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 32**

All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

**Response to Request No. 32**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise would have. JJHCS further objects to this Request on the ground that the phrases "CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive any limitation on or elimination of the amount of CarePath copay assistance funds available" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 33**

All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

**Response to Request No. 33**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

29

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter. JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 34

From any time, all Documents and Communications regarding JJHCS's or Janssen's
negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of
any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health
Plans, including JJHCS's abandonment of those negotiations or agreements.

## Response to Request No. 34

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter. JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

31

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request on the ground that "any assessment of the fair market value

of those services" is irrelevant.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this

Request to the extent it seeks information that is exempt from discovery and protected from

disclosure by a privilege including, without limitation, the attorney-client privilege, the work-

product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of

Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession

between JJHCS and the entities responsible for administering CarePath during the relevant Time

Period, to the extent such documents exist and can be located after a reasonable search.

Otherwise, JJHCS will not search for or produce documents and communications responsive to

this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage
of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub
Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

CarePath or Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrase

"Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub

Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

## Request No. 38

From January 1, 2009 through the present, all Documents and Communications received
by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding
SaveOnSP or CarePath.

## Response to Request No. 38

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

CarePath without relation to SaveOnSP.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period.  JJHCS

further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons

stated in JJHCS's Objections to Definitions.  JJHCS further objects to this Request to the extent

33

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

34

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter. JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating
to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's
return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"Copay Accumulator Services and Copay Accumulator Services" and information unrelated to

SaveOnSP's misconduct. JJHCS further objects to this Request on the ground that the phrase

"JJHCS's return on investment for copay assistance dollars" is vague and ambiguous. JJHCS

further objects to this Request as overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it seeks "all" documents and communications regarding a broad

subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating
to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and
"copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 43**

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

**Response to Request No. 43**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

37

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies

for the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous.

JJHCS further objects to this Request to the extent that it purports to require the creation of any

document or record in a format not kept by JJHCS or seeks to impose production obligations that

exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this

Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this

Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be

appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you
by any person or entity other than SaveOnSP, including in response to subpoenas served in this
Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications regarding this Action provided to

you by any person or entity other than SaveOnSP" is vague and ambiguous.  JJHCS further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-

party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

## Request No. 48

To the extent not requested above, from any time, all Documents and Communications
upon which you may rely in this Action.

## Response to Request No. 48

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications upon which you may rely in this

Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

40

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications upon which it intends to rely at trial in compliance with the schedule set by the Court.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB

PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

41

# EXHIBITS 7-40

## CONFIDENTIAL FILED UNDER SEAL