# EXHIBIT C

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 31, 2025

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> **Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> ***Express Scripts, Inc., and Accredo Health Group, Inc.***
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn") we write in reply to Plaintiff Johnson & Johnson Health Care Systems Inc.'s (with its affiliates, "J&J") opposition to SaveOn's motion to compel J&J to run limited search terms over the custodial files of Michael Ingham.

**I.    J&J's Refusal to Add Ingham (or Any Other Custodian from Janssen Scientific) Is Inconsistent with Your Honor's Orders**

After J&J produced some documents from its sole, limited custodian for Janssen Scientific Affairs ("JSA"), Silas Martin, Your Honor directed J&J to add additional custodians from JSA, as Martin's documents did not sufficiently cover the relevant work it performed. July 15, 2024 Tr. at 213:17-21 ("[i]t's a lot of involvement by [JSA], so … we're going to have to identify some

---

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | **rc.com**

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

custodians … because I do believe they have relevant information"). In so doing, Your Honor "point[ed] out" two documents involving "Mike Ingham" from JSA. *Id.* at 213:1-12. Your Honor memorialized this ruling "for the reasons set forth on the record." Dkt. 336 at 1-2 (the "July Order").

Pursuant to the July Order, SaveOn requested that J&J add three JSA custodians. J&J agreed to add only Ingham, Ex. 1 at 2, "following" the July Order.[1] J&J then used its supposed addition of Ingham to object to adding other JSA custodians. Ex. 1 at 5 (declining to add Bridget Doherty because her documents "would be cumulative of those that have been produced, and will be produced from the files of Mr. Ingham and Mr. Martin"); *id*. at 9 (same for Kay Sadik).

For five months, however, J&J refused to add a single search term for Ingham or propose any. Mot. 2. It now reneges on its agreement to add him as a custodian at all. Opp. 2. J&J thus effectively refuses to add any additional custodian from JSA—contrary to the July Order.

**II.     Ingham Has Unique, Relevant Documents**

While J&J tries to downplay Ingham's relevance, *e.g.* Opp. 1, 2, 3, he is highly likely to have unique, relevant documents. Mot. 2-8; *see also* Dkt. 360-5 at 14-15; Dkt. 336 at 1-2. Ingham worked on several issues relevant to accumulators, maximizers, and SaveOn, not merely to studying "racial and income disparities." *Contra* Opp. 1, 3.

*First*, Ingham oversaw vendors to identify patients on accumulators and maximizers. ███

███████████████████████████████████████████████████████████████████ -

---

[1] *See* Ex. 41 at 1 (Aug. 29, 2024 Ltr. from J. Long to E. Snow) (noting J&J had agreed to add Ingham as a custodian "following Judge Wolfson's July 16, 2024 order"); Ex. 42 at 1 (Sept. 11, 2024 Ltr. from J. Long to E. Snow) (same, and memorializing that J&J had stated the same during the parties' September 6, 2024 meet-and-confer).

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. *Compare* Ex. 43

(JJHCS_00298819) (████████████████████████████████████████████████████████

██████████████████████████████ Ex. 44 at 11 (JJHCS_00299505) ("█████████

████████████████████████████████████████████████████████████████████████████

███████████ ), *with* Am. Compl. ¶ 174 (claiming J&J had no reliable way to identify patients on

SaveOn-advised plans). J&J knew that it could identify patients through its vendors, but it chose

not to do so to enforce CarePath's T&Cs—relevant to the meaning of those T&Cs and J&J's failure

to mitigate. Ingham has unique insight into these topics, *see* Ex. 45 at -083 (JJHCS_00337083)[2]

(██████████████████████████████████████████ which he did not always share

with Martin, *see* Ex. 36.

Second, Ingham supervised studies conducted by JSA on the impact of accumulators and

maximizers on patients, which Your Honor has found relevant. *See* July 15, 2024 Tr. at 213:7-16.

His findings contradict J&J's allegations that SaveOn harmed the public. *Compare* Am. Compl.

¶¶ 29, 60 n.11, 202 (asserting SaveOn harms patients by increasing the amount they spend on

healthcare), *with* Ex. 46 (JJHCS_00299127) (████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

J&J says that Ingham's work did not center on CarePath or SaveOn, Opp. 1, but as Your

Honor noted, JSA's primary relevant function was researching accumulators and maximizers,

which J&J considers SaveOn to be. July 15, 2024 Tr. at 210:19-211:22 (J&J also stating that "there

---

[2] Exhibit 45 was included in the opening brief as Exhibit 18. It has been re-attached here to include the full document family.

Hon. Freda L. Wolfson                                                                  Page 4

needed to be [custodial] coverage for [these types of reports]"). SaveOn seeks his documents re-

garding this relevant research.[3]

J&J's existing productions discovery from JSA are not sufficient. *Contra* Opp. 3-4. Your

Honor already found that its production from Martin was not enough, *see* Dkt. 336 at 1-2 (ordering

additional JSA discovery), and Ingham worked on relevant projects independently of Martin. Mot.

8 n.13; Ex. 48 at -081 (JJHCS_00337080) (Ingham ████████████████████████████████████

████████████████████████████████████ *contra* Opp. 5 (claiming he always worked with

existing custodians including Martin). Ingham's documents are unlikely to duplicate John Hoff-

man's, *contra* Opp. 5, ████████████████████████████████████████████████████

████, Exs. 32, 39; ████████████████████████████████████, Exs. 36, 37; or ████

████████████████████████████, Ex. 33, 34. And while J&J has produced some non-

custodial files "maintained by Ingham and Martin," Opp. 3, they lack the detail and depth of anal-

ysis to be found in Ingham's custodial documents, like his emails. *See, e.g.*, Ex. 28.

**III.    SaveOn's Search Terms Are Narrowly Targeted to Capture Relevant Documents**

**SaveOn Term** (Term 1): Ingham's discussions of SaveOn are relevant to J&J's under-

standing of and response to SaveOn. *See* Ex. 8 at -268-69 ████████████████████ webinar

discussing SaveOn). *Contra* Opp. 6 (contending that SaveOn's Exhibits do not show Ingham dis-

cussing SaveOn). J&J speculates that this term would create false hits, but it does not show that

this is so, and the exhibits it cites mentioning SaveOn are relevant. Opp. 6.

**CAP Term** (Term 2): Ingham did relevant CAP work. Mot. 3-4. J&J argues that he had no

---

[3] The studies that J&J cites as the only two at issue, Opp. 3, represent just two portions of Ingham's relevant work. Ingham, for example, ████████████████████████████████████████████ ████████████████████████████████████████████████, Ex. 15 at -683, ████████ ████████████████████████████████████ Ex. 47 (AVALERE_000014).

4

Hon. Freda L. Wolfson                                                                    Page 5

responsibility for copay assistance or the CAP program, Opp. 6, but he is relevant for the research

he performed relevant to that program. Ex. 47 (AVALERE_000014) (████████████████████

██████████████████████████████████)

J&J suggests that SaveOn seeks only documents about J&J's formal CAP program, assert-

ing that SaveOn misconstrues various exhibits that refer to "CAPs"—copay adjustment programs,

a/k/a accumulators and maximizers. Opp. 7. In fact, SaveOn seeks documents about all of J&J's

responses to accumulators, maximizers, and SaveOn—formal and informal—which Your Honor

has held are relevant. *See* Dkt. 192 at 26, 29. J&J concedes that Ingham's research concerned

CAPs, Opp. 7; and, as SaveOn's accurately described exhibits show, that research into CAPs sup-

ported the CAP program specifically and J&J's response to CAPs generally, *see* Exs. 10-12 (██

████████████████████████████).[4]

**Accumulator/Maximizer Search Strings** (Terms 3-5): Terms 3-5 are narrowly tailored

to capture documents regarding research that J&J and its vendors conducted on maximizers and

accumulators, Mot. 4-8, which Your Honor has indicated are relevant, *see* July 15, 2024 Tr.

at 212:22-213:16 (indicating that existing custodial productions from Martin were insufficient);

*contra* Opp. 8-11 (arguing that Martin's productions and noncustodial productions are sufficient).

J&J says that these terms would identify materials concerning the Best Price Rule,

Opp. 8-11 (citing Exhibits 13, 27, 28, 31, 36, 38, 40), but J&J has already agreed to produce other

relevant materials that might also mention the Best Price Rule, Dkt. 360-2 at 113, as shown by the

---

[4] To be clear, SaveOn's search term does not include "CAP"; it includes "CAPa" and "CAPm," J&J's designations for patients it places on the CAP program.

Hon. Freda L. Wolfson                                                                                        Page 6

exhibits that J&J cites, which mention that rule alongside other relevant topics.[5]

J&J objects to two words in Term 3, asserting that Ingham did not work with Xcenda or the Analysis Group, Opp. 9, but in fact he solicited data analysis from both. *See* Ex. 49 at -065, -071 slide 2 (JJHCS_00293065) (



); *see also* Ex. 24 (

); Ex. 25 (                    )

J&J objects to Term 4, which targets references to accumulators and maximizers within ten words of terms meant to identify reports, as overbroad. Opp. 10. But Term 4's narrow connector makes it highly likely to identify only documents regarding research about accumulators and maximizers, which Your Honor has found relevant. *See* July 15, 2024 Tr. at 213:1-16.

J&J objects to Term 5 as overbroad in structure without explanation. Opp. 11. In fact, Term 5 is designed using *two* tight limiters (within ten words and within fifteen words) to identify references to accumulators, maximizers, or CAP that are closely connected to *both* (1) impact or

---

[5] Ex. 27 (

); Ex. 40 at -166 (                                                                                    ); Ex. 28 at -231 (                                    ); Ex. 13 at -594 (                                    ); Ex. 36 at -905-906 (                                    ); Ex. 38 at -377 (                                    ); Ex. 31 at -324 (                                    ).

Hon. Freda L. Wolfson                                                                    Page 7

effect; *and* (2) patient or equity. The term is thus narrowly tailored to capture documents about the impact or effect of accumulators or maximizers on patients.

## IV.    Time Period

J&J raises new objections to the proposed time frame in its Opposition that it did not raise in the parties' discussions. *Contra* Opp. 2 (saying that J&J asked SaveOn about time frames and citing correspondence that does not mention time period). SaveOn is willing to limit its requests to the period from March 1, 2019—the earliest date when documents show Ingham working on research and analysis critical of accumulators and maximizers. *See* Ex. 50 (JJHCS_00250238)



)—through November 7, 2023—the current end-date for most discovery. *See* Opp. 4 (J&J proposing end date of October 2023).

J&J says that Ingham's work before 2021 is irrelevant because it related to "irrelevant issue[s] like the impact of the proposed Best Price Rule." Opp. 4 n.2. In fact, Ingham conducted relevant work on J&J's response to accumulators and maximizers before 2021. In 2020, as J&J began to develop its CAP program, Ingham (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 28 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 36 at -905-06, -908 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); and (3) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. 35 at -936 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). That his work may have included other topics as well does not somehow render this work irrelevant.

Hon. Freda L. Wolfson                                                                    Page 8

SaveOn appreciates Your Honor's attention to this matter.

                                          Respectfully submitted,


                                          /s/ *E. Evans Wohlforth*
                                          E. Evans Wohlforth, Jr.
                                          Robinson & Cole LLP
                                          666 Third Avenue, 20th floor
                                          New York, NY 10017-4132
                                          Main (212) 451-2900
                                          Fax (212) 451-2999
                                          ewohlforth@rc.com

                                          Philippe Z. Selendy (admitted *pro hac vice*)
                                          Andrew R. Dunlap (admitted *pro hac vice*)
                                          Meredith Nelson (admitted *pro hac vice*)
                                          Elizabeth H. Snow (admitted *pro hac vice*)
                                          SELENDY GAY PLLC
                                          1290 Avenue of the Americas
                                          New York, NY 10104
                                          (212) 390-9000

                                          pselendy@selendygay.com
                                          adunlap@selendygay.com
                                          mnelson@selendygay.com
                                          esnow@selendygay.com

                                          *Attorneys for Defendant Save On SP, LLC*

# Exhibit 41



www.pbwt.com

August 29, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
> **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

   We write in partial response to SaveOnSP's July 21, 2024 letter concerning Janssen Scientific Affairs; July 23, 2024 letter concerning non-JJHCS custodians; and July 23, 2024 letter concerning new search terms for additional custodians that JJHCS has agreed to add, and further to our correspondence of concerning the addition of Joseph Incelli, Norhaan Khalil, Lena Kane, and Gina Kiris as custodians.

   As you know, prior to the July 15, 2024 conference before Judge Wolfson, JJHCS already had identified and produced documents from 37 custodians in this matter.  Apparently unsatisfied, in recent correspondence, SaveOnSP has demanded that JJHCS add 30 more[1]— excluding SaveOnSP's renewed demand to collect documents from Scott White dating back to January 1, 2009.[2]

   In our August 13, 2024 letter, we agreed to add six additional custodians following Judge Wolfson's July 16, 2024 order, subject to negotiation of appropriate search terms:  Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, Pinal Shah, and Michael Ingham.

---

[1] Joseph Incelli, Norhaan Khalil, Lena Kane, Gina Kiris, Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, Pinal Shah, Michael Ingham, Katie Hanculak, Elizabeth Kreul-Starr, Jane Frechette, Kay Sadik, Bridget Doherty, Mitchell Akright, Kassandra Cruz, Claudia Adomah, Cecila Trybus, Brian Taft, Mark Wiley, Matthew Saggese, Casey Sasse, Camille Dorsey, Barbara McCabe, Bryan Weilein, Thao Mazrullo, Kevin Kleeimeier, and Sabrina Ade.

[2] On August 28, 2024, SaveOnSP asked for a thirtieth new custodian:  John Reuland.  *See* Aug. 28, 2024 Ltr. from E. Snow to I. Eppler at 2.  We will respond to that request under separate cover.

---

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Elizabeth H. Snow, Esq.
August 29, 2024
Page 2


We are in the process of collecting those custodians' documents and will respond to your proposed search terms under separate cover once our collection efforts are complete.

        In the same August 13, 2024 letter, we also explained our relevance objections as to the 19 remaining custodians at issue.  *See* Aug. 13, 2024 Ltr. from I. Eppler to E. Snow.[3]  We offered to confer with SaveOnSP concerning these topics, and others, on August 15, 2024, but SaveOnSP refused to reschedule when the parties' full agenda required additional time reach these topics—instead choosing to write back under separate cover concerning slivers of each of these topics.  *See* July 21, 2024 Ltr. from E. Snow to I. Eppler (regarding search terms and renewed ask for new Janssen Scientific Affairs custodians); July 23, 2024 Ltr. from E. Snow to J. Long (regarding search terms for five of six agreed-upon new custodians); July 23, 2024 Ltr. from E. Snow to J. Long (renewing request for nine "non-JJHCS" custodians).  This is inefficient and unproductive.

        As you know, a hallmark of party discovery is Rule 26's requirement of proportionality—including "whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  JJHCS will only discuss SaveOnSP's various custodian demands together and as a group, because only then can JJHCS appropriately determine if any accommodations are possible or if SaveOnSP is taking a proportionate approach.  Please let us know your position on all remaining custodian demands and also confirm whether, in light of our August 13, 2024 correspondence, SaveOnSP has dropped any of its pending requests for additional custodians.

                                Very truly yours,


                                */s/ Julia Long*
                                Julia Long

---

[3] Under separate cover, we provided our objections to Ms. Kane and Ms. Kiris.  *See* July 26, 2024 Ltr. from J. Long to E. Snow; Aug. 19, 2024 Ltr. from J. Long to E. Snow.


15238390

# Exhibit 42



September 11, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:   ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
> **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's September 6, 2024 letter and further to JJHCS's August 29, 2024 letter concerning SaveOnSP's recent demands that JJHCS add 30 custodians.[1]

As we stated at in our August 29, 2024 letter and at the parties' September 6, 2024 conferral, JJHCS has agreed to add six additional custodians following Judge Wolfson's July 16, 2024 order, subject to negotiation of appropriate search terms:  Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, Pinal Shah, and Michael Ingham.  We continue to collect those custodians' documents and will respond to your proposed search terms under separate cover. In the same letter, we intend to respond to SaveOnSP's demands with respect to certain non-custodial discovery requests related to Janssen Scientific Affairs.

As to SaveOnSP's remaining requests, JJHCS maintains its objections.  As we have repeatedly made clear, a hallmark of party discovery is Rule 26's requirement of proportionality—including "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  JJHCS cannot assess the reasonableness of SaveOnSP's proposal if SaveOnSP continues to "prioritiz[e]" discussions of some custodians while explicitly "reserving all rights as to its [remaining] requests."  *See* Sept. 6, 2024 Ltr. from E. Snow to J. Long (reserving rights as to "Mark Wiley, Claudia Adomah, Sabrina Abe, Camille Dorsey, Kassandra Cruz, Bryan

---

[1] Joseph Incelli, Norhaan Khalil, Lena Kane, Gina Kiris, Sylvia Shubert, Jennifer Goldsack, Michelle Barnard, Cherilyn Nichols, Pinal Shah, Michael Ingham, Katie Hanculak, Elizabeth Kreul-Starr, Jane Frechette, Kay Sadik, Bridget Doherty, Mitchell Akright, Kassandra Cruz, Claudia Adomah, Cecila Trybus, Brian Taft, Mark Wiley, Matthew Saggese, Casey Sasse, Camille Dorsey, Barbara McCabe, Bryan Weilein, Thao Mazrullo, Kevin Kleeimeier, and Sabrina Ade.

Elizabeth H. Snow, Esq.
September 11, 2024
Page 2


Weinlein, Brian Taft, and Thao Mazrullo").  Again, JJHCS remains willing to discuss SaveOnSP's various custodian demands if SaveOnSP puts the entirety of its proposals on the table for JJHCS's consideration.  Absent SaveOnSP's willingness to do that, JJHCS cannot appropriately determine if any accommodations are possible or if SaveOnSP is taking a proportionate approach.  If SaveOnSP chooses to make a motion despite this, we will present our position to the Court.

Very truly yours,


*/s/ Julia Long*
Julia Long


15263180

**Exhibits 43-50**
**CONFIDENTIAL – FILED UNDER SEAL**