SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

LINKLATERS LLP
Adeel A. Mangi
George LoBiondo
1290 Avenue of the Americas
New York, New York 10104
(212) 903-9000

PATTERSON BELKNAP WEBB & TYLER LLP
Harry Sandick (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(JKS)(CLW) |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF MOTION TO SEAL** |
| Defendants. | |

JEFFREY J. GREENBAUM, of full age, hereby declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L. Civ. R. 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS to seal the letters and supporting exhibits filed by the parties in connection with (i) the Motion of Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to Produce Documents Relating to Spending Projections, dated December 19, 2024, with related briefing dated January 21 and February 7, 2025 (ECF Nos. 496, 498 & 521), filed on January 23 and February 10, 2025 (the "Business Plans Motion"), and (ii) SaveOnSP's Motion to Compel JJHCS to Add Lena Kane as a Custodian, dated December 19, 2024, with related briefing dated January 22 and February 7, 2025 (ECF Nos. 497, 499 & 522), filed on January 23 and February 10, 2025 (the "Lena Kane Motion").

2. I make this Declaration based upon my personal knowledge and review of the letters and exhibits. JJHCS seeks to seal portions of ECF Nos. 496, 498 & 521 in accordance with L. Civ. R. 5.3(c).

3. Attached hereto as Exhibits A and B, respectively, are the proposed public versions of the Business Plans Motion (ECF Nos. 496, 498 & 521) and the Lena Kane Motion (ECF Nos. 497, 499 & 522). As shown in these exhibits, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4.      L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5.      In support of this motion, JJHCS has prepared indices, attached hereto as Exhibits C and D, respectively, setting forth the information in the Business Plans Motion and the Lena Kane Motion sought to be sealed and the basis for the request.

6.      SaveOnSP does not object to the sealing of any of the confidential materials subject to this motion.

7.      JJHCS filed this action to stop a scheme devised by SaveOnSP and implemented by Defendants Express Scripts Inc. ("Express Scripts") and Accredo Health Group, Inc. ("Accredo") from pilfering tens of millions of dollars from the financial support program offered by JJHCS to its patients, the Janssen CarePath

3

Program ("CarePath"). (*See* Amended Complaint, ECF No. 395). The Amended Complaint asserts four causes of action: (1) tortious interference with contract against all defendants; (2) conspiracy to tortiously interfere with contract against all defendants; (3) aiding and abetting tortious interference with contract as to Express Scripts and Accredo, in the alternative; and (4) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, as to SaveOnSP.

8. JJHCS and SaveOnSP entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62). Upon being named as defendants, Express Scripts and Accredo have indicated their respective consents to be bound to the Discovery Confidentiality Order.

9. During the course of discovery, JJHCS produced various confidential documents pertaining to the administration and finances of the CarePath program, competitively sensitive information related to JJHCS's business, and JJHCS's confidential information. Certain of these documents are attached as or described in exhibits to ECF Nos. 496, 498 & 521 and ECF Nos. 497, 499 & 522 and include confidential emails, agreements, spreadsheets and presentations.

10. JJHCS designated its production of its confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

4

11. In addition to materials produced by JJHCS, JJHCS also seeks to seal certain confidential materials produced by non-parties Archbow Consulting, LLC ("Archbow") and Avalere Health LLC ("Avalere") in response to subpoenas served on each of these respective non-parties by SaveOnSP in this action. The non-party documents were designated as Confidential – Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62). JJHCS also considers the non-party documents to contain information confidential to JJHCS, including the administration of the CarePath program.

12. As detailed in Exhibits C and D, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that JJHCS has treated as confidential during this litigation.

13. JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

14. JJHCS has continued to safeguard and protect the confidentiality of the confidential materials during the course of this action.

15. JJHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place

JJHCS at a competitive disadvantage if its competitors secured the information. In short, disclosure of this confidential information serves no useful purpose.

16. Sealing these documents is the least restrictive alternative means of protecting the parties' highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 26, 2025     *s/ Jeffrey J. Greenbaum*
                                  JEFFREY J. GREENBAUM