# EXHIBIT B

# Robinson+Cole

E. Evans Wohlforth, Jr.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

December 19, 2024

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,
> Express Scripts, Inc., and Accredo Health Group, Inc.***
> **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Judge Wolfson:

Save On SP, LLC ("SaveOn") moves to compel Johnson & Johnson Health Care Systems Inc. ("JJHCS" and, with its affiliates, "J&J") to add Lena Kane as a custodian and run targeted search terms over her files regarding J&J's compliance with the Best Price Rule. *See* App'x 1.

## Background

The Best Price Rule requires drug manufacturers to offer federal insurers (like Medicaid and Medicare) the "best price" for drugs that they offer any private payer. 42 U.S.C. § 1396r-8; *see also* Apr. 18, 2024 Best Price Motion ("Best Price Mot.") at 2-3. Since at least 2016, manu-facturers have been allowed to exclude copay assistance program funds from their best price cal-

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

culations "to the extent that the program benefits are provided entirely to the patient and the pharmacy, agent, or other entity does not receive any price concession." 42 C.F.R. § 447.505(c)(10) (the "2016 Best Price Rule"). ████████████████████████████████

████████████████████████████████████████████ *See* Ex. 1 at -510 (JJHCS_00047500) ████████████████████████████████

████████████████████████████████████████████

████████████████████████████.

In December 2020, Centers for Medicare & Medicaid Services ("CMS"), the federal agency responsible for administering Medicare and Medicaid, finalized 42 C.F.R. § 447.505 (the "2023 Best Price Rule"). *See* 85 Fed. Reg. 87,000 (Dec. 31, 2020). That rule gave manufacturers two years, until January 1, 2023, to "ensure" that no patients receiving copay assistance funds were part of "PBM accumulator programs," a catch-all term for accumulators and maximizers. 85 Fed. Reg. 87,000 at -048. If a manufacturer could not ensure this, it would have to lower the price it charged federal health plans by the amount of the copay assistance that it offered. *See id.* at -049; *see also* Ex. 1 at -510 (JJHCS_00047500) (████████████████████████████████

████████████████████████████). ████████████████████████████████

████████████████████████████████████████████

████████████████████. Ex. 2 at -.010 (JJHCS_00040622).

In April 2024, SaveOn moved to compel J&J to produce documents about its responses to the 2016 and 2023 Best Price Rules. *See* Best Price Mot. For the 2016 Best Price Rule, SaveOn sought documents regarding, among other things, certifications that J&J made on internal checklists (the "Savings Program Checklists") ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ Ex. 3 at -214 (JJHCS_00204195). ████████

████████████████████████████████████████████████████████████████

████████████████—contradict J&J's statements in this litigation that SaveOn takes CarePath

funds. *See* Best Price Mot. at 3-5; May 23, 2024 Hr'g Tr. at 66:24-67:12. SaveOn also sought

documents regarding J&J's response to the 2023 Best Price Rule, *see* Best Price Mot. at 7-10, as

a part of which it implemented the CAP program, began identifying individuals on accumulator

and maximizer plans and lowering the amounts that it paid them.

Your Honor found that documents regarding the Best Price Rule "may reveal Plaintiff's

intent and motivation in identifying its patients who are on SaveOnSp's programs." Dkt. 307 at 2

(emphasis omitted). Your Honor ordered SaveOn to serve targeted interrogatories to explore the

purpose of J&J's Savings Program Checklists and directed the parties to then "meet and confer on

appropriate search terms and whether any additional custodians may need to be included on this

issue." *Id.* at 3.

In response to SaveOn's Interrogatories, J&J identified two employees in its Government

Contract Compliance Group (the "GCC") with responsibility for ████████████████

of its Savings Program Checklists, one of whom was **Lena Kane**, the Director of J&J's GCC

group, with primary responsibility for ensuring that sales of drugs to federal health plans comply

with the Best Price Rule. Ex. 4 at 9 (J&J's July 3, 2024 Responses & Objections to SaveOn's

Fourth Set of Interrogatories) (also identifying Gina Kiris, a "Senior Analyst" who worked with

Kane). ████████████████████████████████████████████

████████████████████████████████████ Ex. 5 (JJHCS_00146509).

After receiving J&J's responses to its interrogatories, SaveOn asked J&J to add Kane as a

custodian and proposed targeted search terms to capture documents related to her relevant work.

Hon. Freda L. Wolfson                                                           Page 4

Ex. 6 (July 19, 2024 Ltr. from E. Snow to J. Long). J&J refused to add Kane as a custodian or to

provide hit counts for SaveOn's proposed search terms. Ex. 7 (July 26, 2024 Ltr. from J. Long to

E. Snow); Ex. 8 (Aug. 19, 2024 Ltr. from J. Long to E. Snow).

The parties have met and conferred and are at impasse. *See* Ex. 9 (Dec. 17, 2024 Email

from E. Snow to I. Eppler).

<u>Argument</u>

## I.    Kane is Likely to Have Unique, Relevant Documents

Kane likely has unique, relevant documents showing how J&J designed its efforts to iden-

tify patients and why J&J waited to begin those efforts until the 2023 Best Price Rule was pro-

posed. She would be J&J's only custodian from the GCC.

*First*, Kane is likely to have documents regarding J&J's provision of CarePath funds and

its understanding of the May-Not-Use Provision. ██████████ Savings Program Checklists,

Ex. 4 at 9 (J&J's July 3, 2024 Responses & Objections to SaveOn's Fourth Set of Interrogatories);

*see also* Ex. 10 at -170 (JJHCS_00115169), ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ Ex. 11 at -481-82 (JJHCS_00137467).

Specifically, J&J had ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████ *Id.*

_____

[1] The Best Price Rule also requires drug manufacturers to account for the average market price
("AMP") at which it sold the drug to private payors during the same period. 42 C.F.R. § 447.505.

Hon. Freda L. Wolfson                                                                    Page 5

at -481 (emphasis added). These ████████ contradict J&J's allegations that some copay assistance funds go to SaveOn. *See* Dkt. 418 at 4, n.3 (Apr. 18, 2024 Mot.) (compiling quotes); *see also, e.g.*, Dkt. 378 at 6 (Sept. 10, 2024 Opp.) ("SaveOnSP . . . tortiously pilfered [money] from CarePath").

Documents about the Savings Program Checklists also may contradict J&J's claim that the May-Not-Use Provision bars members of SaveOn-advised plans from CarePath. The only document that J&J has identified as purportedly going to the intent of the May-Not-Use Provision states that ███████████████████████████████. *See* Dkt. 377 at 5 (Sept. 10, 2024 Opp.). The checklists, *see, e.g.*, Ex. 11 at -481 (JJHCS_00137467), are an admission that that SaveOn's conduct did not conflict with this alleged purpose of the May-Not-Use Provision.

*Second*, Kane is also likely to have unique documents on J&J's shifting incentives to identify patients on SaveOn-advised plans. She ██████████ the relevant portion of the Savings Program Checklists, *see, e.g.*, *id.* at -484; Ex. 12 (JJHCS_00248603) ████████████████████████████████████████████. Ex. 13 (JJHCS_00035308); Ex. 14 (JJHCS_00150783); Ex. 15 at -306 (JJHCS_00035292).

*Third*, Kane is likely to have unique documents regarding the CAP program. ████████████████████████████████████. Ex. 16 at -039 (ARCHBOW_000991). Kane ████████████████████████████████████████████████████. *See* Ex. 17 (JJHCS_00041211) ████████████ Ex. 18 (JJHCS_00101641) (

███████████████████████████████).  ████████████████████████████████████

████████████████████████████████████ ██████████████████████████████████

██████ Ex. 2 at -.002 (JJHCS_00040622); ████████████████████████████████

████████████████████ Ex. 19 at -463 (JJHCS_00145406), ████████████████████

██████████████████████ *id*. at -466.

    *Fourth*, Kane is likely to have unique documents regarding ████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████ Ex. 20 at -872-73 (JJHCS_00156872); Ex. 21

(JJHCS_00198121). ██████████████████████████████████████████████████████

██████ *See* Ex. 8 at 2 (Aug. 19, 2024 Ltr. from J. Long to E. Snow) (████████████

██████████████████████████████████████).

    Kane ██████████████████████████████ Ex. 22 (JJHCS_00083830).

███████████████████████████████████████████████████████████████████████

████████████████████████████████ *See* Ex. 23 (JJHCS_00117387); Ex. 24

(JJHCS_00205884); Ex. 5 (JJHCS_00146509) ████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

    By March 2022, ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████. *See* Ex. 25 at -.008 (JJHCS_00033653) (████████████████████████████

---

[2] ███████████████████████████████████████████. *See* Ex. 26 (JJHCS_00017352).



); *id.* at -007 ████████████████████████████████████████████████

██████████████████████████. When the 2023 Best Price Rule was vacated on May 17,

2022, *see Pharm. Rsch. Mfrs. of Am. v. Becerra,* 2022 WL 1551924 (D.D.C. May 17, 2022), ████

██████████████████████████████████████████. *See* Ex. 27 (JJHCS_00142676) (████

████████████████████████████████████████████████████████████████

██████████).

Because of this work, Kane is likely to have unique, relevant documents on J&J's under-

standing of CarePath's T&Cs, and SaveOn's failure to mitigate, acquiescence, and laches de-

fenses—including why J&J took over five years to take any steps to reduce the amounts it paid to

patients on SaveOn-advised plans—and J&J's motivation in bringing this action. She sits at a

nexus between the JALT, the CAP programs, and the GCC, all working to ensure that J&J com-

plied with the Best Price Rule. Because she will be the only custodian who worked for the GCC,

no other custodian can provide similar information about how J&J worked to ensure that compli-

ance.

## II.    **SaveOn's Search Terms Are Targeted at Kane's Relevant Work**

SaveOn proposed that J&J run eleven search terms over Kane's documents for a less than

two-year period. These terms are tailored to Kane's relevant work.

J&J ran seven of the proposed terms over the files of other, existing custodians to capture

documents on similar topics. Of those seven terms, five are targeted at discussions of SaveOn, *see*

App'x 1, terms 1-5, and the others at Kane's work on the CAP program, *id.*, terms 6-7.[3]

---

[3] Term 6 is the original CAP term ordered by Your Honor for all custodians who worked on the
CAP program. *See* Dkt. 305 at 2. Term 7 is the CAP 2023 term that J&J agreed to run for Joseph
Incelli, ████████████████████████████. *See* Ex. 28 at -732 (JJHCS_00107720) ████████████

Hon. Freda L. Wolfson                                                    Page 8

The remaining four terms that SaveOn proposed for Kane are tailored just for her, designed to capture documents regarding her work on the Savings Program Checklists ███████████████ ██████████████. *See* App'x 1, terms 8-11.

- The first term has two parts, joined by a "w/50" connector: (1) "best price," or other terms designed to capture references to the Best Price Rule; and (2) accumulators, maximizers, or other terms for those types of services. It seeks documents on how J&J accounted for copay assistance vis-à-vis its best price obligations when a patient was on an accumulator, maximizer, or SaveOn-advised plan.

- The second term seeks documents that both mention the CAP program and the Savings Program Checklists. ███████████████████████████████ █████████

- The third term seeks documents that contain: (1) "checklist"; (2) a Janssen Drug at issue in this litigation; ████████████████████████ ████████████████████████████████████ ███████████████ *See* Ex. 11 at -481 (JJHCS_00137467). ████████████ ████████████████████████████████████ █████████████.

- The final term seeks documents that contain references to: (1) "checklist," (2) a Janssen Drug at issue in this litigation; ████████████████████████ ████████████████████████████████████

---

████████████████████████████████ Ex. 29 at 1 (Dec. 4, 2024 Ltr. from J. Long to E. Snow) (reaching agreement on CAP 2023 search term).



SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

Hon. Freda L. Wolfson                                                    Page 10

## Appendix 1

Consistent with Your Honor's May 28, 2024 order, SaveOn requested that J&J run the search terms for the period of June 19, 2020 through May 17, 2022, the time period "from the date when the 2023 Best Price Rule was proposed by the government until it was invalidated by the District Court in the District of Columbia." Dkt. 307 at 3 n.2.

1. "Save On" (*case sensitive*)

2. "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

3. SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

4. ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

5. (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

6. (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

7. ("CAP 2023" OR "CAP 23" OR "CAP '23") AND (accumulat* OR maximizer*)

8. ("best price" OR "BP" OR "CMS" OR "Final Rule") w/50 (accumulat* OR maximiz* OR "adjustment program")

9. (Compliance w/5 Checklist*) w/50 "CAP" (*case sensitive*)

10. (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) ████████████████████████████████████

11. (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) ████████████████████████████████████

Exhibits 1-3 Confidential

Filed Under Seal

# Exhibit 4

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S FOURTH SET OF INTERROGATORIES** |

15127311

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response.  JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth.  If SaveOnSP subsequently asserts an

1

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.      JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.      JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.      JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.      JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "2016 Best Price Rule" to the extent that it reflects a legal conclusion regarding the requirements of 42 C.F.R. § 447.505. JJHCS further objects to the definition as inconsistent with the text of 42 C.F.R. § 447.505 in 2016. The version of 42 C.F.R § 447.505 adopted in 2016 did not require a "manufacturer [to] ensure[] that the full value of the coupon is passed on to the consumer." *See Medicaid Program; Covered Outpatient Drugs*, 81 Fed. Reg. 5,170, 5,352 (Feb. 1, 2016).

2.      JJHCS objects to the definition of the term "2023 Best Price Rule" to the extent that it reflects a legal conclusion regarding the requirements of the since-enjoined regulation described in 85 Fed. Reg. 87,000.

2

15127311

3.    JJHCS objects to the term "CAP Program" to the extent that it offers a conclusion regarding the purpose of the CAP Program and JJHCS's intent in implementing the CAP Program.

4.    JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

5.    JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

6.    JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include

entities and persons acting or purporting to act on behalf of or under the control of entities other

than Johnson & Johnson Healthcare Systems, Inc.

7.    JJHCS objects to the term "Savings Program Checklist" as irrelevant to the extent

that it covers patient assistance programs not connected to CarePath or otherwise implicated in

SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

purports to include "checklists prepared by Janssen for its Copay Assistance programs," other

than the copay assistance programs at issue in this litigation.

## TIME PERIOD

1.    Consistent with the Court's order and SaveOnSP's Interrogatories, JJHCS will

only provide information from June 19, 2020 through May 17, 2022 (the "Time Period").  May

28, 2024 Order, Dkt. No. 307, at 3 n.2.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 11**

Describe all actions that JJHCS took or considered taking in response to or because of the
promulgation of the 2023 Best Price Rule, including if applicable: creating the CAP Program or
similar programs; attempting to identify patients on Accumulators, Maximizers, or SaveOnSP
advised plans, including through benefits investigations; changing or enforcing CarePath's terms
and conditions for any Janssen Drug (including developing or changing JJHCS's interpretation of
such terms and conditions); changing the maximum amount of copay assistance offered through
CarePath for any Janssen Drug; bringing litigation against any party (including SaveOnSP); and/or
analyzing the impact or potential impact of the 2023 Best Price Rule on CarePath's viability or on
JJHCS.

**Response:**

4

15127311

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt. No. 62.

**Interrogatory No. 12**

Describe the purpose and meaning of the Savings Program Checklists, including the meaning of the statements like those highlighted in Appendix 1; what steps, if any JJHCS took to ensure that these statements were accurate; when and why JJHCS created the Savings Program Checklists and, if applicable, stopped using them; and how the Savings Program Checklists relate to calculations or submissions of best price information pursuant to 42 C.F.R. § 447.505.

**Response:**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

6



7

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"

under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt. No. 62.

**Interrogatory No. 13**

Identify all individuals with knowledge of or responsibility for any of the matters discussed in Interrogatories 12 and 13. For each such individual, please provide (a) their name; (b) their position(s), including whether or not they are currently employed by JJHCS; and (c) the matter(s) for which they had knowledge and/or responsibility.

**Response:**

---

[1] JJHCS understands this Interrogatory's reference to "Interrogatories 12 and 13" to be an error, and construes it as a reference to "Interrogatories 11 and 12."

15127311

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt No. 62.

15127311

Dated: July 3, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
       JEFFREY J. GREENBAUM
       KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

10

## CERTIFICATION

1.    I am authorized by JJHCS to execute these Responses to Interrogatory Nos. 11 to 13 on its behalf.

2.    I have read the attached Responses to SaveOnSP's Interrogatory Nos. 11 to 13 dated July 3, 2024.

3.    The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.    To the extent that the Responses are based upon my personal knowledge, it is true to the best of my knowledge.  To the extent that the Responses are based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe the Response to be true.

I certify that the foregoing is true and correct.


Dated: July 3, 2024                                 *Lena Kane*
                                          _____
                                                     Lena Kane

11

15127311

Exhibit 5 Confidential

Filed Under Seal

# Exhibit 6

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

July 19, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding J&J's July 3, 2024 responses and objections to SaveOn's
Fourth Set of Interrogatories (the "R&Os") and to request additional custodians
regarding the Best Price Rule. *See* May 28, 2024 Letter Order at 3 (directing the
parties to meet and confer after the interrogatories were served and answered).

In light of J&J's responses, SaveOn requests the addition of Lena Kane and
Gina Kiris as custodians. Both did work relevant to J&J's response to the 2023 Best
Price Rule, which is relevant to J&J's intent for instituting the CAP Program. *See*
May 28, 2024 Order at 2. Their work is relevant to (1) the meaning of CarePath's
T&Cs—they edited the eligibility requirements for CarePath, and (2) mitigation—
they worked on strategy for and implementing the CAP Program.

**Lena Kane**. In the R&Os, J&J identified Kane, the Director, Government
Contracts Compliance Finance, as "having responsibility for reviewing" the rele-
vant portion of the Savings Program Checklists. ███████████████████████
████████████████ JJHCS_00150781; *see also* JJHCS_00156938 (
█). Kane was also ████████████████████████████████████
██████████████████ JJHCS_00198121 (███████████████████
████████████████████████████████████████████████████
██████ ); JJHCS_00083755 (███████████████████████████
████████████████████ ); JJHCS_00117387 (

Julia Long
July 19, 2024

██████████████████████████████████ *see also* JJHCS_00083830 (
████████████); JJHCS_00205896 (
████████); JJHCS_00197915
████████); JJHCS_00133545 (
████); JJHCS_00001239 (
████████████); JJHCS_00011216 (
████████); JJHCS_00084174 (
████████); JJHCS_00041211
(████████████████).

**Gina Kiris**. In the R&Os, J&J identified Kiris, Government Contracts Compliance Senior Analyst, as "having responsibility for reviewing" the relevant portion of the Savings Program Checklists. In that role, ████████████
████████████████████████████████. *See* JJHCS_00122171; JJHCS_00150779;
JJHCS_00156938.
████████████████████████████. JJHCS_00150779; *see also*
JJHCS_00257203 (████████████████); JJHCS_00156591 (
████████).

SaveOn requests that J&J run the following search terms over Kane and Kiris's documents from June 19, 2020 through May 17, 2022:

- "Save On" (case sensitive)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR ac-credo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (CAPa OR CAPm OR "adjustment program" OR "diversion program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("copay" OR "co-pay" or fund* OR manufact*) w/20 ("best price" or "BP") w/20 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save OnSP" OR "Save OnSP" OR Save-On OR SOSP)

Julia Long
July 19, 2024

- ("best price" OR "BP" OR "CMS" OR "Final Rule") AND (accumulat* OR maximiz* OR "adjustment program" OR "diversion program")

- (CAP w/3 (2023 OR 23))

- (Compliance w/5 Checklist*) AND "CAP" (case sensitive)

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) ███████████████████
████████████████

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) ███████████████████
████████████████

Please confirm that J&J will add Kane and Kiris as custodians and run the above terms. If not, please explain the basis on which you refuse. If J&J asserts a burden objection, please provide hit counts for SaveOn's proposed terms.

We request a response by July 26, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

3

# Exhibit 7



www.pbwt.com

July 26, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
        **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's July 19, 2024 letter concerning JJHCS's responses and objections to SaveOnSP's Fourth Set of Interrogatories (the "R&Os") and SaveOnSP's request for additional custodians regarding the promulgation of the 2023 Best Price Rule.

In your letter, you request that JJHCS add two new custodians, Lena Kane and Gina Kiris, "[i]n light of" the R&Os.  *See* July 19, 2024 Ltr. from E. Snow to J. Long at 1.  You claim that both individuals should be added as custodians because each "did work relevant to J&J's response to the 2023 Best Price Rule, which is relevant to J&J's intent for instituting the CAP Program."  *Id.* (citing May 28, 2024 Order at 2).  That premise is mistaken:  changes to the CarePath terms and conditions and the CAP program were not part of JJHCS's "response to" the 2023 Best Price Rule, as JJHCS's R&Os and submissions in connection with recent motion practice made clear.

As you know, SaveOnSP previously moved to take custodial discovery regarding Best Price-related issues.  Judge Wolfson did not grant SaveOnSP that discovery.  Rather, under Judge Wolfson's May 28, 2024 Order, "these [Best Price] documents *may* reveal Plaintiff's intent and motivation in identifying its patients who are on SaveOnSp's programs" but "before any production on the part of Plaintiff, Defendant must first serve interrogatories on Plaintiff . . . to explore the purpose of an internal checklist[] that may or may not relate to Plaintiff's obligations under the Best Price Rule."  May 28, 2024 Order at 1–2.  JJHCS has now served those R&Os which reflect that "identifying [SaveOnSP] patients" was not part of JJHCS's response to the 2023 Best Price Rule; nor was responding to that rule the purpose of the "internal checklist."  R&Os at 5–9.  SaveOnSP accordingly has no basis for seeking further discovery or ignoring the fact that Judge Wolfson did not grant its motion seeking this discovery.

Elizabeth H. Snow, Esq.
July 26, 2024
Page 2

Specifically, in response to Interrogatory No. 11, which called for "all actions that JJHCS took or considered taking in response to or because of the promulgation of the 2023 Best Price Rule," JJHCS stated that in response to that rule, "on or about July 20, 2020, Perry Knight, an in-house lawyer at Johnson & Johnson, submitted a comment letter to the Centers for Medicare & Medicaid Services ('CMS'), which set forth Johnson & Johnson's reasons for opposing the proposed 2023 Best Price Rule" and that "Johnson & Johnson also supported litigation brought by counsel for the Pharmaceutical Research and Manufacturers of America ('PhRMA')."  R&Os at 5–6.  Nothing in this response supports SaveOnSP's renewed claim that JJHCS undertook changes to its terms and conditions or the CAP program "in response" to the 2023 Best Price Rule.  *See* July 19, 2024 Ltr. from E. Snow to J. Long at 1.

Relatedly, SaveOnSP requests that ████████████████████████████ ████████████████████████████████████████████████████████████ *Id.* Again, this finds no support in the R&Os.

In Interrogatory No. 13, JJHCS "identifie[d] Lena Kane and Gina Kiris as having responsibility for reviewing ████████████████████████████████████████ ████████" which focused on internal compliance review, for the time period June 19, 2020 through May 17, 2022.  R&Os at 8–9.  Neither Ms. Kane nor Ms. Kiris was responsible for drafting the portions of the terms and conditions, including the May-Not-Use Provision, relevant to this action. *See, e.g.*, Feb. 6, 2024 Order at 13 (permitting discovery concerning eligibility criteria set forth in the provision "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"); Apr. 25, 2024 Order at 3 (denying reconsideration).  To the extent either reviewed the ██████████ checklists, their role was limited to government compliance review.  *See* R&Os at 8–9.  Indeed, ████████████████████████████████████████████████ ████████████.  *E.g.*, JJHCS_00150779 (████████████████████████████ ████████████████████); JJHCS_00150781 (████████████████████ ████████"); *see also* JJHCS_00001239 (████████████████████████████████████████)[1]



In light of the above, custodial discovery from Ms. Kane or Ms. Kiris is not necessary or warranted.  As JJHCS repeatedly made clear, if a responsive, non-privileged document meets our search criteria—including those related to JJHCS's efforts to mitigate—we will produce it whether or not it also touches on the Best Price Rule.  *See* July 12, 2024 Ltr. from I. Eppler to H. Miles at 1; June 13, 2024 Ltr. from I. Eppler to H. Miles at 1–2; May 22, 2024 Ltr.

---

[1] ████████████████████████.g., JJHCS_00084176 (████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████); JJHCS_00198122 (████████).

Elizabeth H. Snow, Esq.
July 26, 2024
Page 3


from I. Eppler to H. Miles at 1; May 2, 2024 Opposition to SaveOnSP's Motion to Compel Best Price Documents at 13, 16; Feb. 8, 2024 Ltr. from I. Eppler to E. Snow at 4. But SaveOnSP has not identified any factual basis to believe that there are **relevant** documents missing from JJHCS's productions, such that custodial productions regarding government compliance could somehow be justified. *See* May 23, 2024 Tr. at 103:1–104:17 (the Court admonishing SaveOnSP that its demands for additional custodians must be "based on facts").

Very truly yours,


*/s/ Julia Long*
Julia Long

# Exhibit 8



www.pbwt.com

August 19, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
         **2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

   We write in response to SaveOnSP's August 2, 2024 letter and further to our July 26, 2024 letter concerning SaveOnSP's request for additional custodians regarding the promulgation of the 2023 Best Price Rule.

   You again request that JJHCS add two new custodians, Lena Kane and Gina Kiris, based on their "review of the GCC checklists" which you claim is relevant to "revisions made to the T&Cs." Aug. 2, 2024 Ltr. from E. Snow to J. Long at 3. As we explained in our July 26, 2024 letter, and as set forth in JJHCS's July 3, 2024 responses and objections to SaveOnSP's Fourth Set of Interrogatories (the "R&Os"), this premise is mistaken. Again, "changes to the CarePath terms and conditions and the CAP program were not part of JJHCS's 'response to' the 2023 Best Price Rule, as JJHCS's R&Os and submissions in connection with recent motion practice made clear." July 26, 2024 Ltr. from J. Long to E. Snow at 1.



   In your August 2 letter, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮ Aug. 2, 2024 Ltr. from E. Snow to J. Long at 1. Not so. ▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.*, SaveOnSP's Aug. 2, 2024 Corrected Fourth Set of Interrogatories; SaveOnSP's July 19, 2024 Fifth Set of Interrogatories (▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Elizabeth H. Snow, Esq.
August 19, 2024
Page 2



█████████████████████████[1]  JJHCS does not dispute that the "2023 Best Price Rule" would "for the first time have included copay assistance payments in the calculation of Best Price, unless 'the manufacturer ensures the full value of the assistance or benefit is passed on to the consumer or patient.'"  May 2, 2024 Opposition to Motion to Compel at 8 (quoting *Revising Medicaid Drug Rebate and Third Party Liability Requirements,* 85 Fed. Reg. 37286, 37298 (June 19, 2020)).  ████████████████████████████████████ *E.g.*, JJHCS_00084176 (████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████); JJHCS_00198122 (███████ ██████████████████████████████████████████████████████████████████████████████████████████ *E.g.*, JJHCS_00156872 (███████████████████████████████████████████████████████████████████████████████████████████████████); JJHCS_00117387 (████████████████████████████████████████████████████).

████████████████████████████████████████████. For example, JJHCS_00139737, ███████████████████████████████████████████, *see PhRMA v. Becerra*, 2022 WL 1551924, at *1 (D.D.C. May 17, 2022)—██████████  *Compare* JJHCS_00139737 at 16 (██████████████████████████ *with id.* at 28 (███████████████████████████████████████████████████████████████████). ████████████████████████████████████████[3]

        In  light  of  the  above,  custodial  discovery  from  Ms.  Kane  or  Ms.  Kiris  is  not necessary or warranted.  Neither Ms. Kane nor Ms. Kiris was responsible for drafting the portions of the terms and conditions, including the May-Not-Use Provision, relevant to this action.  *See,*

---

[1] JJHCS maintains its objections to SaveOnSP's definitions for the reasons set forth in its July 3, 2024 and August 7, 2024 responses and objections to these interrogatories.

[2] JJHCS could not locate JJHCS_0083758, which appears to be missing a digit.

[3] Upon further review, JJHCS will reproduce JJHCS_00272481, the attachment to JJHCS_00272478, with narrowed redactions.

Elizabeth H. Snow, Esq.
August 19, 2024
Page 3


*e.g.*, Feb. 6, 2024 Order at 13 (permitting discovery concerning eligibility criteria set forth in the provision "may not be used with any other coupon, discount, prescription savings card, free trial, or other offer"); Apr. 25, 2024 Order at 3 (denying reconsideration).  To the extent either reviewed the ████████████ checklists, their role was limited to government compliance review, and did not result in changes to the May-Not-Use Provision implemented as part of the "CAP Program."  *See* R&Os at 8–9.  Further, because Ms. Kane's and Ms. Kiris's roles are irrelevant to the issues in the litigation, JJHCS will not collect their documents to provide hit counts for SaveOnSP's proposed terms.

Very truly yours,


*/s/ Julia Long*
Julia Long

15223703

# Exhibit 9

**From:** Elizabeth Snow
**Sent:** Tuesday, December 17, 2024 9:49 AM
**To:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia (x2878) <jlong@pbwt.com>; Chefitz, Jacob (x2474) <jchefitz@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Sternberg, Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Andrew.Solinger@hklaw.com; Robey-Phillips, Emily (BOS - X71466) <Emily.Robey-Phillips@hklaw.com>; Krithika.Rajkumar@hklaw.com; Kate.Ledden@huschblackwell.com; Sarah.Hellmann@huschblackwell.com; chris.smith@huschblackwell.com; James.Lockett@hklaw.com; Alex.Schnarre@huschblackwell.com; Brittany.Barrios@huschblackwell.com; Christiana.Ogletree@huschblackwell.com; Christine Herrmann (Christine.Herrmann@huschblackwell.com) <Christine.Herrmann@huschblackwell.com>; Cindy.Missey@huschblackwell.com; mberman@hdrbb.com
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>; Galli, Sabrina M. <SGalli@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Matthew Nussbaum <mnussbaum@selendygay.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW)

Ian,

Thank you for meeting yesterday to discuss SaveOn's request to add Lena Kane as a custodian. We write to confirm that J&J has refused to do so, and the parties are at impasse.

Best,

Elizabeth

**Elizabeth Snow**

Associate [Email]
Selendy Gay PLLC [Web]
Pronouns: she, her, hers

-----------------------------------------

+1 212.390.9330 [O]
+1 540.409.7257 [M]

Exhibits 10-28 Confidential

Filed Under Seal

# Exhibit 29



December 4, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Elizabeth H. Snow, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Search Parameters for Joseph Incelli's Custodial Files**
*Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,*
**2:23-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's December 2, 2024 letter and further to our November 20, 2024 letter regarding SaveOnSP's proposed search parameters for Joseph Incelli's custodial files.

In your letter, you request that, in addition to the eleven terms addressed in our November 20, 2024 letter, JJHCS run two additional narrowed terms over Mr. Incelli's files for the period January 1, 2021 to November 7, 2023.  Again, we disagree that search terms are necessary or appropriate given that JJHCS has now produced the financial modeling SaveOnSP sought in connection with its motion.  Nevertheless, in the interest of compromise, we agree to run SaveOnSP's thirteen requested terms (listed below).  JJHCS anticipates producing non-privileged, responsive documents hitting on these terms in the next month.

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- "Save On" (*case sensitive*)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- "Tiger Team" w/50 (CAPa OR CAPm OR "adjustment program" OR accumulat* OR maximizer*)

- ("CAP 2023" OR "CAP 23" OR "CAP '23") AND (accumulat* OR maximizer*)

Elizabeth H. Snow, Esq.
December 4, 2024
Page 2

- ("essential health benefit*" OR EHB* OR "non-essential health benefit" OR "nonessential health benefit*" OR NEHB*) w/50 (CAPa OR CAPm OR "adjustment program" OR accumulat* OR maximiz*)

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (CAPa OR CAPm OR "adjustment program") AND "Save On" (*case sensitive*)

- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- "other offer" w/5 (accumulat* OR maximiz*)

- CAP w/15 ("Digital Pay" OR JPM OR "JP Morgan" OR "J.P. Morgan")

- (calculate* OR forecast* OR saving*) w/15 (CAP OR CAPa OR CAPm OR "adjustment program" OR "2 card" OR 2-card OR 6k OR 6,000 OR 9,100 OR "new solution")

Very truly yours,

*/s/ Julia Long*
Julia Long

# Sills Cummis & Gross

A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

January 22, 2025

**By Email**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:** **JJHCS's Opposition to SaveOnSP's December 19, 2024 Motion
> to Compel JJHCS to Add Lena Kane as a Custodian**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we write in opposition to SaveOnSP's motion to compel JJHCS to add Lena Kane as its 45th custodian, purportedly to cover "Best Price" issues.

Twice already, Your Honor has denied SaveOnSP's attempts to compel JJHCS to provide large swaths of completely irrelevant information relating to the "Best Price Rule," a federal regulatory scheme that governs drug manufacturer rebates to Medicaid. As Your Honor will recall, SaveOnSP hatched an elaborate conspiracy theory that JJHCS secretly brought the instant lawsuit not to stop SaveOnSP from misappropriating millions of dollars of copay assistance funds meant to help patients pay for lifesaving medications. Instead, SaveOnSP hypothesized that JJHCS brought this lawsuit, and took other steps to mitigate the harm that SaveOnSP causes, because of

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 2

changes to the Best Price Rule that were proposed but abandoned by the government.  *See, e.g.*,

Dkt. No. 418-2 (SaveOnSP May 9, 2024 Reply Br.) at 3 (speculating that the 2023 Best Price Rule

"flipped J&J's incentives" and "change[d]" JJHCS policy regarding "SaveOn's conduct").

The Best Price Rule and the proposed changes to it have nothing to do with this case, as

JJHCS explained when SaveOnSP first sought Best Price Rule discovery.[1]  *See generally* Dkt. No.

418-1 (May 2, 2024 JJHCS Br.) at 8.  Twice this Court has agreed.  First, in May 2024, Your

Honor rejected SaveOnSP's broad demand for custodial document discovery on the Best Price

Rule.  Your Honor permitted SaveOnSP to serve only "narrow" and "targeted" interrogatories to

explore whether JJHCS made any changes to its internal compliance review checklists in response

to the 2023 Best Price Rule.  Dkt. No. 307 (May 28, 2024 Order) at 2–3.  JJHCS answered those

interrogatories and confirmed it had not.  When SaveOnSP was dissatisfied with that answer and

demanded more, Your Honor denied that motion too, holding that JJHCS's interrogatory responses

were adequate even though they "d[id] not seem to support [SaveOnSP's] position."  *See* Dkt. No.

484 (Dec. 30, 2024 Order) at 7.  That should have been the end of it.

But SaveOnSP has continued its long-running wild goose chase to obtain Best Price Rule

documents.  It now demands the documents of Ms. Kane, a regulatory compliance employee whose

work on CarePath was minimal, on the grounds that it needs to take discovery "regarding J&J's

compliance with the Best Price Rule."  Mot. at 1.  The problem for SaveOnSP is that Your Honor

has already ruled twice that SaveOnSP is not entitled to this discovery, and nothing has changed

since Your Honor's prior rulings on the issue.  And there is certainly no basis to add Ms. Kane as

---

[1] Because the proposed changes to the Best Price Rule were scheduled to take effect in 2023, the
parties refer to the proposed changes as the "2023 Best Price Rule."

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 3

a custodian and run 11 search terms over Ms. Kane's documents. Some of these terms (such as the names of SaveOnSP's senior executives) have nothing to do with the Best Price Rule, even though that rule is the primary justification for SaveOnSP's motion. Mot. at 10. And at this late stage in the case, there is no need to add a 45th custodian on topics of general interest, such as the CAP program or the CarePath terms and conditions. *See* Mot. at 5.

Because SaveOnSP cannot point to any issue as to which Ms. Kane possesses unique, relevant documents, its motion should be denied.

## ARGUMENT

### I.    Additional Best Price Discovery Is Irrelevant and Unnecessary

In April 2024, SaveOnSP filed a motion that, like, the instant motion, sought to compel JJHCS to produce a wide range of documents on its compliance with the Best Price Rule. Dkt. No. 418 (Apr. 18, 2024 SaveOnSP Mot.). That motion presented many of the same theories about JJHCS's motives and regulatory compliance practices that it presents here. *Compare* Dkt. No. 418 (Apr. 18, 2024 SaveOnSP Mot. discussing JJHCS_00047500) at 3, *with* Mot. at 2 (discussing the same document). Yet that motion was actually narrower in some respects than the present one—it sought one new search term rather than the 11 SaveOnSP now demands.[2] In other words, faced

---

[2] SaveOnSP's April 2024 motion requested that JJHCS run only one search term over the documents of custodians of its choice for a period of approximately three years. Dkt. No. 418 at 11. But SaveOnSP now demands that JJHCS run 11 search terms over Ms. Kane's files for a period of approximately two years. Mot. at 10. Moreover, as is explained *infra*, the terms SaveOnSP demands in this motion use broader proximity limiters than the April 2024 term and include certain language likely to cause false hits that is absent from SaveOnSP's April 2024 demand.

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 4

with this Court's rejection of its efforts to take Best Price Rule discovery, SaveOnSP decided to

ask for *more* discovery than it did the first time around.

      The history is straightforward.  As the Court will recall, after extensive briefing and

argument in which JJHCS debunked SaveOnSP's theories on how the Best Price Rule might relate

to this case, Your Honor mostly rejected SaveOnSP's broad demand for custodial Best Price Rule

discovery (which did not specifically call for Ms. Kane's documents) in a May 2024 order.  Dkt.

No. 418-1 (May 2, 2024 JJHCS Br.); Dkt. No. 307 (May 28, 2024 Order) at 2–3.  Instead, Your

Honor's May 2024 order permitted interrogatories on just one "narrow" issue: an internal checklist

that JJHCS uses to track regulatory compliance issues, including the checklist's purpose and the

person responsible for it.  Dkt. No. 307 (May 28, 2024 Order) at 2–3.  In response to SaveOnSP's

interrogatories, JJHCS explained that the internal checklist "predate[d] the Time Period

[surrounding the 2023 Best Price Rule] and remained in effect after the Time Period."  Ex. 1

(JJHCS's Responses and Objections to SaveOnSP's Revised Fourth Set of Interrogatories) at 7–8.

JJHCS further identified Ms. Kane as one of two J&J employees responsible for the checklist.  *Id*.

at 9.

      SaveOnSP next moved to compel JJHCS to supplement its interrogatory responses,

spuriously asserting a wide variety of deficiencies in JJHCS's response.  Dkt. No. 482 (Oct. 28,

2024 Mot.).  Again, Your Honor rejected SaveOnSP's motion.  Your Honor explained that the

May 2024 order authorized SaveOnSP only to discover whether JJHCS "modified or created its

checklist as a result of the proposed rule."  Dkt. No. 484 (Dec. 30, 2024 Order) at 7.  Your Honor

confirmed that JJHCS's "interrogatory response adequately addresses that issue, even if it does

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 5

not seem to support" SaveOnSP's theory, and that any "additional questions" on the Best Price

Rule should be "pursue[d] . . . during depositions." *Id*.

Your Honor's prior orders are sufficient to resolve this motion. The document discovery

from Ms. Kane's files that SaveOnSP now demands was already twice rejected by Your Honor's

orders, as Your Honor limited discovery on Best Price Rule issues to the narrow interrogatories

that JJHCS has already answered to Your Honor's satisfaction.

Nothing has changed and the logic underpinning Your Honor's prior rulings remains true.

When SaveOnSP first sought Best Price Rule discovery months ago, JJHCS explained all the

reasons that the Best Price Rule is irrelevant to this case. For example, JJHCS explained that

SaveOnSP had misunderstood the requirements of the Best Price regulations, and that the Best

Price Rule does not have the implications for copay assistance programs that SaveOnSP had

claimed. Dkt. No. 418-1 (May 2, 2024 JJHCS Br.) at 8–10. JJHCS further explained that certain

other SaveOnSP claims about the relevance of the Best Price Rule rested on a misunderstanding

of documents that JJHCS had produced in discovery. For instance, SaveOnSP claimed it was

entitled to Best Price Rule discovery because it believed that certain language in the JJHCS

compliance checklists showed that JJHCS made false claims to the government about its Best Price

Rule compliance, but JJHCS demonstrated that these internal documents have nothing to do with

its representations to the government. *Id*. at 11–12. With the benefit of this information, Your

Honor struck a balance in which Best Price Rule document discovery was forbidden, but

SaveOnSP was permitted to explore a narrow set of Best Price Rule issues through interrogatories

only.

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 6

Attempting to relitigate these issues, SaveOnSP now claims it is entitled to Ms. Kane's

documents because JJHCS has named her in its interrogatory responses.  Mot. at 3.  But the plain

terms of Your Honor's May 2024 order expressly authorized SaveOnSP to inquire into the

personnel responsible for the checklist via interrogatories.  It was a rejection of custodial discovery

into Best Price Rule issues, not a prelude to it.

## II.    SaveOnSP's Proposed Search Terms Are Inappropriate

Even if SaveOnSP had shown that it is entitled to additional Best Price Rule discovery (and

it has not), the 11 search terms it demands are irrelevant, overbroad, or duplicative.  In fact, seven

of the 11 search terms have nothing to do with the Best Price Rule.  For many of these terms,

SaveOnSP does not even attempt to explain why Ms. Kane would possess responsive documents.

For others, SaveOnSP has not shown that Ms. Kane possesses unique documents, not otherwise

captured in productions from the files of myriad other custodians over whose documents JJHCS

has run these terms.  The four remaining terms relate to the irrelevant Best Price Rule, but are also

wildly overbroad, call for documents related to topics that have already been excluded from

discovery, or are otherwise inappropriate.  SaveOnSP's failure to reasonably tailor its search terms

demonstrates that SaveOnSP's goal is delay and burden, rather than obtaining relevant documents.

***Best Price Rule Terms.***  SaveOnSP demands that JJHCS run four search strings[3] related

to the Best Price Rule over Ms. Kane's files.  One of them—("best price" OR "BP" OR "CMS"

---

[3] These search strings are:
- ("best price" OR "BP" OR "CMS" OR "Final Rule") w/50 (accumulat* OR maximiz* OR "adjustment program")
- (Compliance w/5 Checklist*) w/50 "CAP" (*case sensitive*)

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 7

OR "Final Rule") w/50 (accumulat* OR maximiz* OR "adjustment program")—is so overbroad

that it will capture not only Best Price Rule documents, but a variety of documents addressing

federal health care regulations that have absolutely nothing to do with this case.  Mot. at 10.

For example, SaveOnSP has included "CMS" and "Final Rule" elements in its proposed

term.  Ms. Kane is a regulatory compliance specialist for a health care company—her documents

are rife with references to "Final Rule[s]," a common term in administrative law, and "CMS," an

acronym referring to the Centers for Medicare and Medicaid Services, the agency which is

responsible for managing these two government health care programs and which issues many

regulations impacting all areas of the health care industry.  This term will capture false hits on

documents involving regulations that are unrelated to the Best Price Rule and irrelevant to this

case.  And SaveOnSP's proposed proximity limiter does not save the term.  It allows for false hits

on irrelevant regulatory documents that contain variants of the common words "accumulate" or

"maximize."  *See, e.g.*, *Secretarial Review and Publication of the 2022 Annual Report to Congress*

*and the Secretary Submitted by the Consensus-Based Entity Regarding Performance*

*Measurement*, 88 Fed. Reg. 64660, 64661 (Sept. 19, 2023) (irrelevant regulatory document that

would be captured by SaveOnSP's proposed term because it refers to "a public-private partnership

---

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) w/100 ((assistance OR benefit) ███████████████████
- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) w/100 ((exclud* OR includ*) ███████████████████

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 8

with the Centers for Medicare and Medicaid Services (**CMS**) and America's Health Insurance

Plans (AHIP) [that] **maximize[s]** alignment of quality measures") (emphasis added).

Moreover, this term is even broader and more burdensome than the Best Price search term

SaveOnSP sought last year.[4]  *See* Dkt. No. 418 (Apr. 18, 2024 SaveOnSP Mot.) at 11.  That term

used "/20" proximity limiters rather than the "/50" in SaveOnSP's current proposal, and it did not

incorporate the problematic "CMS" and "Final Rule" elements.  Still, Your Honor rejected

SaveOnSP's demand.  Dkt. No. 307 (May 28, 2024 Order) at 2–3.  To return for broader discovery

than the Court rejected last year reflects an unwillingness to heed the Court's guidance.

SaveOnSP does not, and cannot, explain what has changed to justify a broader Best Price

Rule search term than the one Your Honor rejected months ago.  It claims only that this term as

necessary to capture "documents on how [JJHCS] accounted for copay assistance vis-à-vis its best

price obligations when a patient was on an accumulator, maximizer, or SaveOn-advised plan."

Mot. at 8.  But this is an argument that SaveOnSP raised unsuccessfully last April.  Dkt. No. 418

(Apr. 18, 2024 SaveOnSP Mot.) at 7–8.  SaveOnSP points to no development that warrants

relitigating this settled issue.

The other three Best Price Rule terms SaveOnSP demands are addressed to JJHCS's

internal checklists.[5]  Some of these terms involve areas that Your Honor has already ruled off-

---

[4] That term was: ("copay" OR "co-pay" or fund* OR manufact*) /20 ("best price" or "BP") /20
(accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR
Save-On OR SOSP)

[5] Those terms are:
  • (Compliance w/5 Checklist*) w/50 "CAP" (case sensitive)

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 9

limits.  For example, SaveOnSP's proposed term that ████████████████████████

████████████████████ seems to be yet another backdoor attempt to obtain pricing

data through the guise of discovery into Best Price Rule compliance.  JJHCS has previously

explained the impropriety of this gambit, *see* Dkt. No. 418-1 (May 2, 2024 JJHCS Br.) at 5–6, and

it is no more justifiable here.  Others demand a fishing expedition.  For instance, SaveOnSP insists

it needs a search term devoted entirely to "documents that both mention the CAP program and the

Savings Program Checklists" to "explore how the checklists relate to that program."  Mot. at 8.

But it does not point to a single document, among tens of thousands that JJHCS has produced, that

even suggests these two issues have anything to do with one another.

In any event, Your Honor has been clear.  SaveOnSP was authorized to take discovery on

these checklists only through the interrogatories it has already served, Dkt. No. 307 (May 28, 2024

Order) at 2–3, solely for the purpose of "discover[ing] whether [JJHCS] modified or created its

checklist as a result" of the 2023 Best Price Rule, Dkt. No. 484 (Dec. 30, 2024 Order) at 7.  Your

Honor has further held that JJHCS has "adequately addresse[d] that issue" through its interrogatory

responses.  *Id*.  There is no basis for further document discovery on the checklists, regardless of

whether Ms. Kane was involved in "review[ing] the Savings Program Checklists," "'sign[ing] off

---

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR
  Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer
  OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) w/100
  ((assistance OR benefit) ██████████████████████
- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR
  Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer
  OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) w/100
  ((exclud* OR includ*) ██████████████████████

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 10

on" the relevant portion of the Savings Program Checklists," or "updating [the checklists] for
Stelara and Tremfya" as SaveOnSP misleadingly claims.[6]  Mot. at 4–5.  Moreover, JJHCS has
already produced final versions of the checklists from 2016 to 2023.  Should SaveOnSP have
additional questions about the checklists JJHCS has produced, or JJHCS's interrogatory responses
on the checklists, it should "pursue them during depositions" consistent with Your Honor's order.
Dkt. No. 484 (Dec. 30, 2024 Order) at 7.

  ***Terms Related to SaveOnSP.***  Five of the 11 search terms that SaveOnSP demands involve
variations of SaveOnSP's name, the names of its senior executives, or other terms related to
accumulators and maximizers.[7]  SaveOnSP does not even attempt to justify running these terms
over Ms. Kane's files.  Moreover, as SaveOnSP has acknowledged, JJHCS has already run these
terms, or similar terms, over the files of ***29 other custodians***.  Dkt. No. 488 (Jan. 3, 2025 Mot. to
Compel) at 2.  Given the breadth of document discovery from JJHCS to date, with tens of

---

[6] SaveOnSP's argument that Ms. Kane ███████████████████████████████████████████
█████████████████████████████  Mot. at 5, is at odds with the facts.  As JJHCS explained
in sworn interrogatory responses, the language of the checklists did not change during that period.
Ex. 1 (JJHCS's Responses and Objections to SaveOnSP's Revised Fourth Set of Interrogatories)
at 7–8.  SaveOnSP may be unhappy that JJHCS's explanation "does not seem to support
[SaveOnSP's] position," Dkt. No. 484 (Dec. 30, 2024 Order) at 7, but that dissatisfaction does not
entitle it to a further expansion of document discovery in contravention of Your Honor's orders.

[7] These terms are:
- "Save On" (*case sensitive*)
- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")
- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"
- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)
- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 11

thousands of documents produced from the files of dozens of custodians, any argument that there

is somehow a gap in JJHCS's production of documents addressed by these terms would not be

plausible.

     ***Terms Related to the CAP Program.***  SaveOnSP demands that JJHCS run two CAP search

terms over Ms. Kane's files.[8]  But as SaveOnSP acknowledges, JJHCS is already running one of

these terms over the files of "all custodians who worked on the CAP program"—i.e., 27 existing

custodians.  There is no reason that Ms. Kane should be the 28th when she had no responsibility

for copay assistance at all, let alone the CAP program.[9]

     Given the breadth of existing discovery on these issues, it is perhaps unsurprising that

SaveOnSP has identified no gap in JJHCS's productions relating to the CAP program.  SaveOnSP

notes ████████████████████████████████████████, Mot. at 5–

6, ██████████████████████████████████████████.  *See,*

*e.g.*, SaveOnSP Ex. 17 (JJHCS_00041211) (████████████████████████

██████████████████████████);  SaveOnSP  Ex.  18

(JJHCS_00101641) (██████  SaveOnSP Ex. 22 (JJHCS_00083830) (████████████

██████████████████████████████████████████████

████████████████); SaveOnSP Ex. 23 (JJHCS_00117387) (████████████

---

[8] These terms are:
- (CAPa OR CAPm OR "adjustment program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)
- ("CAP 2023" OR "CAP 23" OR "CAP '23") AND (accumulat* OR maximizer*)

[9] As to the other "CAP 2023" term, SaveOnSP admits that JJHCS already is running it over the files of an existing custodian.  Mot. at 7 n.3.

Honorable Freda L. Wolfson, U.S.D.J.
January 22, 2025
Page 12

████████████████████████████████████████████████

████████████████████████████████████████████████).

     Moreover, as JJHCS explained when SaveOnSP has demanded that JJHCS run this very term over the documents of other custodians, SaveOnSP's proposed "CAP 2023" search term is overbroad and poorly designed to capture responsive documents.  See Dkt. No. 493 (Jan. 14, 2025 JJHCS Br.) at 6.  It incorporates an "AND" connector rather than a proximity limiter, meaning that it would require JJHCS to review every document containing the terms "CAP 2023" and variations of "accumulator" or "maximizer," even if those references were several pages apart.  This is unduly burdensome as a general matter and completely unnecessary as to Ms. Kane, given the total absence of any evidence that she possesses unique, relevant documents.

## CONCLUSION

     For the foregoing reasons, SaveOnSP's motion to compel should be denied.

Respectfully submitted,

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:    Counsel of record

# Exhibit 1

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JKS) (CLW) |
| Plaintiff, | **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S REVISED FOURTH SET OF INTERROGATORIES** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

15221054

**GENERAL OBJECTIONS**

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an

1

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.       JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.       JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.       JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.       JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.       JJHCS objects to the definition of the term "2016 Best Price Rule" to the extent that it reflects a legal conclusion regarding the requirements of 42 C.F.R. § 447.505.  JJHCS further objects to the definition as inconsistent with the text of 42 C.F.R. § 447.505 in 2016.  The version of 42 C.F.R § 447.505 adopted in 2016 did not require a "manufacturer [to] ensure[] that the full value of the coupon is passed on to the consumer." *See Medicaid Program; Covered Outpatient Drugs*, 81 Fed. Reg. 5,170, 5,352 (Feb. 1, 2016).

2.       JJHCS objects to the definition of the term "2023 Best Price Rule" to the extent that it reflects a legal conclusion regarding the requirements of the since-enjoined regulation described in 85 Fed. Reg. 87,000.

2

3.      JJHCS objects to the term "CAP Program" to the extent that it offers a conclusion regarding the purpose of the CAP Program and JJHCS's intent in implementing the CAP Program.

4.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

5.      JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance," even if the drug is not covered by CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.

6.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include

15221054

entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

7.    JJHCS objects to the term "Savings Program Checklist" as irrelevant to the extent that it covers patient assistance programs not connected to CarePath or otherwise implicated in SaveOnSP's scheme to misuse copay assistance funds.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "checklists prepared by Janssen for its Copay Assistance programs," other than the copay assistance programs at issue in this litigation.

## TIME PERIOD

1.    Consistent with the Court's order and SaveOnSP's Interrogatories, JJHCS will only provide information from June 19, 2020 through May 17, 2022 (the "Time Period").  May 28, 2024 Order, Dkt. No. 307, at 3 n.2.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 11

Describe all actions that JJHCS took or considered taking in response to or because of the promulgation of the 2023 Best Price Rule, including if applicable: creating the CAP Program or similar programs; attempting to identify patients on Accumulators, Maximizers, or SaveOnSP advised plans, including through benefits investigations; changing or enforcing CarePath's terms and conditions for any Janssen Drug (including developing or changing JJHCS's interpretation of such terms and conditions); changing the maximum amount of copay assistance offered through CarePath for any Janssen Drug; bringing litigation against any party (including SaveOnSP); and/or analyzing the impact or potential impact of the 2023 Best Price Rule on CarePath's viability or on JJHCS.

**Response:**

15221054

5

15221054

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"

under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt. No. 62.

**Interrogatory No. 12**

Describe the purpose and meaning of the Savings Program Checklists, including the meaning of the statements like those highlighted in Appendix 1; what steps, if any JJHCS took to ensure that these statements were accurate; when and why JJHCS created the Savings Program Checklists and, if applicable, stopped using them; and how the Savings Program Checklists relate to calculations or submissions of best price information pursuant to 42 C.F.R. § 447.505.

**Response:**

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

6

15221054

7

███████████████  ████████████████████████████████████

████████████████████████████ .

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"
under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt. No. 62.

**Interrogatory No. 13**

Identify all individuals with knowledge of or responsibility for any of the matters discussed
in Interrogatories 12 and 13. For each such individual, please provide (a) their name; (b) their
position(s), including whether or not they are currently employed by JJHCS; and (c) the matter(s)
for which they had knowledge and/or responsibility.

**Response:**

---

1 JJHCS understands this Interrogatory's reference to "Interrogatories 12 and 13" to be an error,
and construes it as a reference to "Interrogatories 11 and 12."

8

15221054

9

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"
under the Discovery Confidentiality Order, so-ordered November 22, 2022, Dkt No. 62.

Dated: September 3, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:     /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

10

15221054

## <u>CERTIFICATION</u>

1.      I am authorized by JJHCS to execute these Responses to Interrogatory Nos. 11 to 13 on its behalf.

2.      I have read the attached Responses to SaveOnSP's Interrogatory Nos. 11 to 13 dated September 3, 2024.

3.      The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.      To the extent that the Responses are based upon my personal knowledge, it is true to the best of my knowledge.  To the extent that the Responses are based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe the Responses to be true.

I certify that the foregoing is true and correct.


Dated: September 3, 2024

*Lena Kane*
_____
Lena Kane

15221054

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 7, 2025

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, Express Scripts, Inc., and Accredo Health Group, Inc.*
No. 2:22-cv-02632 (JKS) (CLW)

Dear Judge Wolfson:

On behalf of Save On SP, LLC ("SaveOn"), we write in reply to Johnson & Johnson Health Care Systems, Inc.'s ("JJHCS," and, with its affiliates, "J&J") opposition to add Lena Kane as a custodian and run a set of targeted search terms over her files. SaveOn's request is consistent with Your Honor's orders and the documents SaveOn seeks are highly relevant.

## I.    Your Honor's Orders Permit SaveOn's Request

J&J's primary argument against adding Kane—that Your Honor has supposedly barred SaveOn from seeking any discovery into the Best Price Rule, Opp. 1-3, 4-6—is flatly untrue.

While J&J says that Your Honor "agreed" that the Best Price Rule and proposed changes to it "have nothing to do with this case," Opp. 2, Your Honor actually agreed with SaveOn that

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                                    Page 2

documents on this subject "may reveal Plaintiff's intent and motivation in identifying its patients

who are on SaveOnSp's programs," Dkt. 307 at 2 (the "May Order) (emphasis removed). While

J&J also says that Your Honor "limited discovery on Best Price Rule issues to … [SaveOn's]

interrogatories," Opp. 5, and ruled that "SaveOnSP is not entitled" to document discovery, *id.* at 2,

Your Honor actually ordered that "the parties must meet and confer on appropriate search terms

and whether any additional custodians may need to be included on this issue" after J&J answered

SaveOn's interrogatories, Dkt. 307 at 3, and that those interrogatories were a first step "before any

document production takes place," Dkt. 484 at 4 (the "December Order"). And while J&J asserts

that Your Honor rejected additional document discovery by saying that "additional questions" on

these topics should be "pursu[ed] … during depositions," Opp. 5, Your Honor said this in the

context of limiting J&J's supplemental interrogatory responses, Dkt. 484 at 7—in that same order,

Your Honor reaffirmed that J&J might need to produce additional documents, *id.* at 4.

SaveOn's motion is consistent with Your Honor's Orders. SaveOn served interrogatories

on J&J promptly after the May Order. Ex. 30 (June 3, 2024 SaveOn's Fourth Set of Interrogato-

ries). After receiving J&J's responses, SaveOn began negotiating potential custodians, including

Kane. Mot. 3-4 (citing Exs. 6, 7, 8). After Your Honor partially granted SaveOn's motion to com-

pel supplementary interrogatory responses, confirming that the Compliance Statement in J&J's

Savings Program Checklists does relate to the Best Price Rule,[1] the parties continued those nego-

tiations. *See* Ex. 33 (Dec. 9, 2024 Ltr.); Ex. 34 (Dec. 11, 2024 Ltr.). J&J refuses to add any custo-

dians on this topic, so SaveOn moves to compel.

---

[1] J&J incorrectly claims that Your Honor fully "denied" SaveOn's motion to compel supplemen-
tary responses. Opp. 2. During the parties' negotiations, J&J refused to state that its compliance
with the Best Price Rule was one of the "compliance goals" that it identified as a purpose of its

Hon. Freda L. Wolfson                                                                    Page 3

## II.    SaveOn Seeks Relevant Information

### A.    J&J's Documents Show That It Developed the CAP Program as a Response to the Best Price Rule

While J&J asserts that its reaction to the Best Price Rule is irrelevant, Opp. 1, 2, 3, 5, mostly

citing its own prior motion papers as authority, *e.g. id.* at 5, the record shows otherwise. In its

Interrogatory No. 11, SaveOn directly asked if J&J created the CAP program or made any changes

to CarePath in response to the 2023 Best Price Rule—and J&J refused to answer. *See* Ex. 4 at 4-5

(raising, *inter alia*, a relevance objection). Now, in its opposition to SaveOn's motion, J&J does

not address—much less refute—the extensive evidence showing that, in fact, it did create the CAP

program and CAP 2023 as a reaction to the 2023 Best Price Rule.



J&J does not deny evidence that its ████████████████████████

██████████████████████████████████████████████

████████████████████████. Mot. 5-6 (citing Exs. 2,

17, 18, 19).████████████████████████████████

██████████████████████. *See* Ex. 35 at -879 (JJHCS_00270879)

(███████████████████████████████████████████

█████████████████████████████ ████████

██████████████████████████████████████

█████████████ Ex. 16 at -039, ████████████████

-------

Savings Checklists in its interrogatory response. *See* Ex. 31 (Sept. 23, 2024 Ltr.), J&J refused. *See*
Ex. 32 (Oct. 3, 2024 Ltr.). After SaveOn moved to compel, Dkt. 440-0, J&J admitted for the first
time in that motion practice that these "compliance goals" included compliance with the Best Price
Rule, Dkt. 443-0 at 4. Your Honor "incorporate[d]" this admission into J&J's interrogatory re-
sponse. Dkt. 484 at 6.



████████ Mot. 5-6; *see also* Ex. 36 (JJHCS_00346478) (██████████████████); Ex. 37 at -307 (JJHCS_00232306) (████████████████████████).

████████████████████████████████████████

████████████████████████████████████ Mot. at 6 (citing Ex. 8 at 2); *see also* Ex. 38 at 28 (JJHCS_00139737)████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ The CAP 2023 team████████████████████████████████

████████████████████, *see* Ex. 39 at -044 (AVALERE_000040) (████████

████████████████████████████████████████████████

████████████████████████████████); Ex. 40 at -350 (JJHCS_00141348) (████████████████████████████████

████████████████████████████████), ████████████████

████████, *see, e.g.*, Ex. 41 (JJHCS_00035250) (████████████████

████████████████████████████████████████████████

████████████████████████████████); Ex. 42 (JJHCS_00352919) (████████████████████████

████████████████), ████████████████████████████

████████████████████████████████████████████████

*see* Ex. 25 at -.007-08.[2]

---

[2] Even after PhRMA, an industry group of which J&J is a member, obtained an order enjoining the rule, ████████████████████████ Ex. 16 at -039; *see also* Ex. 43 at -634 (JJHCS_00236587) (██████████████████████ ).

Since SaveOn filed this motion, J&J has produced more documents showing ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ Ex. 44 at -105 (JJHCS_00342101); *see also* Ex. 45 (JJHCS_00349183)

(████████████████████████████████████). This puts in con-

text what happened next: ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ Ex. 46 at -933-34 (JJHCS_00132931). ████████████

████████████████████████████████████████████████████████████████

████████████████████ Ex. 47 at -913.003 (JJHCS_00132905), ████████

████████████████████████████████████████████████████████████████

██████, *see* Ex. 48 at -322.004 (JJHCS_00132319).[3] ████████████

████████████████████████████████████████████████████████████████

██████████ le.

        ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 52

───────────────────────────

[3] Even after the 2023 Best Price Rule was vacated, ████████████████████
████████████████████████████████████████████████. *See*
Ex. 49 at -724 (JJHCS_00337723) (████████████████████); Ex. 50 (Ingham sharing post);
*see also* Ex. 51 at -.056 (JJHCS_00183704) (████████████
████████████████████████████████████████████████).

Hon. Freda L. Wolfson                                                    Page 6

at -365 (JJHCS_00337364), 

Ex. 53 at -217

(JJHCS_00295217); *see also* Ex. 54 (JJHCS_00295202) (

).

Ex. 25 at -.005-07.

### B.    Lena Kane is Likely to Have Relevant Documents on This Topic

SaveOn seeks a single custodian in this motion—Lena Kane. J&J does not dispute that she would be its only custodian from its GCC group, giving her a unique perspective from her work at the "nexus between the JALT, the CAP programs, and the GCC." Mot. 7. While J&J says that Kane's "work on CarePath was minimal," Opp. 2,

, Mot. 5-6 (citing Exs. 17, 18),

, Mot. 4.

While J&J says that other custodians worked on the CAP program, Opp. 11, J&J employees "carve[d] out different roles" to make specialized contributions to that program. Jan. 15, 2025 Tr. at 17:4-20. Kane made particularly specialized contributions:

*See, e.g.*, Ex. 18 at -656; Ex. 28 at -727. That context almost certainly is in

Hon. Freda L. Wolfson                                                    Page 7

Kane's files and those of her colleagues from the GCC—the group responsible for ensuring J&J's

compliance with the Best Price Rule.[4]

 J&J also says that multiple custodians worked on CAP 2023, but it acknowledges that it

ran a CAP 2023-specifc search term for only one other custodian, Joseph Incelli. Opp. 11. ███

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████, *see*

Ex. 55 (JJHCS_00295163) (██████████████████████████████

██████████),  ████████████████████████████████████████

████████████████████████████████████████

 J&J also says that no discovery is required into Kane's ███████████████

████   ████████. Opp. 9-10. But Kane ██████████████████████

██████, Ex. 11 at -481, -484, even as J&J continues to assert that SaveOn takes money from

CarePath, Mot. at 5—despite agreeing with Your Honor that all copay assistance dollars go di-

rectly "to the patient," May 23, 2024 Tr. at 71:1-8. Your Honor excused J&J from supplementing

its interrogatory answers about the Full Value Statement at least in part on the basis that SaveOn

---

[4] The extensive evidence that now shows Kane's involvement with J&J's response to the 2023 Best Price Rule is contrary to J&J's representation in May 2024 that it had already produced documents from all custodians involved with that response. *See* May 23, 2024 Tr. at 72:20-24 ("what Mr. LoBiondo is representing is, you are getting Best Price documents as well, to the extent Best Price is referenced in these CAP documents"); *id.* at 97:23-98:6 ("Are you representing to me that the only custodians that would have been talking about this or responded to this possible Best Price Rule … are the custodians who are already being served? MR. LoBIONDO: As it relates to Care-Path, which is the only program at issue in this case, absolutely").



[5] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████ Ex. 11 at -481 (original emphasis).

could explore this topic at depositions. Dkt. 484 at 6-7. To effectively depose Kane on this topic, SaveOn needs her documents regarding the Full Value Statement.

### C.      SaveOn's Proposed Search Terms are Appropriately Tailored

SaveOn's proposed search terms are narrowly tailored to the limited time period of June 19, 2020 through May 17, 2022 that Your Honor found relevant, Dkt. 307 at 3 n.2, and are targeted to Kane's relevant work changing CarePath to comply with the impending 2023 Best Price Rule. J&J provides no hit counts for SaveOn's proposed search terms, which, in its own words, "forfeit[s] any burden objection." Feb. 3, 2025 Mot. to Compel Lawsuit Documents at 3 (citing Dkt. 305 at 5). J&J's objections to the breadth of these terms are meritless.

J&J asserts that it need not run terms related to SaveOn (Terms 1-5) over an additional custodian's files unless SaveOn points to a "gap" in its production, Opp. 10-11, but J&J has no current custodian from its GCC group, which was responsible for CarePath's compliance with the Best Price Rule. Mot. 4, 7. If Kane discussed SaveOn between June 19, 2020 and May 17, 2022, it was almost certainly in the context of how she understood the presence of patients on SaveOn-advised plans enrolled in CarePath affected J&J's obligations under the Best Price Rule.

J&J asserts that terms related to the CAP program (Terms 6-7) are cumulative, Opp. 11-12, but CAP search terms are necessary to capture Kane's contributions designing the CAP program and CAP 2023 solutions, where she served as a "subject matter expert" about the Best Price Rule. Ex. 22 at -830. J&J has not produced documents from Kane's files showing how she employed her knowledge of the 2023 Best Price Rule in changes to CarePath. And while J&J complains about the potential overbreadth of SaveOn's proposed CAP 2023 term, it acknowledges that it agreed to run that term over Incelli's files, Opp. 11 n.9, and no other current custodian has a search term targeted to that specific initiative.

Hon. Freda L. Wolfson                                                                    Page 9

J&J asserts that Term 8 is "broader and more burdensome" than a search term SaveOn proposed last year, Opp. 8, but J&J does not provide hit counts to substantiate this, and SaveOn's search parameters—which would run the term for one custodian for less than two years—likely identifies fewer documents. ████████████████████████████████████████████████

████████████████████████████████████████████████████████ *See* Ex. 56 at slide 3 (JJHCS_00300168) (████████████████████████████████████ Ex. 57 at -715 (JJHCS_00297714) (████████████████████); Ex. 58 at -401 (JJHCS_00084400) ████████████████████████ Ex. 53 at -217 (JJHCS_00295217) (██████████████████ ████████). J&J represents that Kane discussed CMS and "Final Rule" in many contexts, Opp. 7-8, without naming what other Final Rule(s) those might be, but Term 8 requires that these discussions using these terms ***also*** mention accumulators, maximizers, or copay adjustment programs, so there is little risk of false hits. That J&J found one irrelevant document in the set, *id.*, does not show a widespread problem with the term. *Compare* Ex. 59 at 2 (June 25, 2024 Ltr.) (J&J asserting that some false hits are "the nature of electronic discovery").

As to Term 9, J&J asserts that Savings Program Checklists and the CAP program are un-related, Opp. 9, but Part III of the Savings Program Checklist requires J&J to ████████████ ████████████████████████████████ Ex. 11 at -481, and J&J admits that Kane, who worked on CAP, ████████████████████████. *See* Ex. 4 at 9. ████████████████████████ ████████████████████████████████ *see.* Ex. 40 at -350 (JJHCS_00141348)████████████████████████████████ ██████████████████████████████[6]

---

[6] J&J calls SaveOn "misleading[]," Opp. 10, but Kane did ████████████████████████████ ████████████████████████████████████████████████████████████

Hon. Freda L. Wolfson                                          Page 10

     J&J asserts that Term 11 is a "backdoor attempt to obtain pricing data," *id.* at 9, but while

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

     SaveOn appreciates Your Honor's attention to this matter.

            Respectfully submitted,

            */s/ E. Evans Wohlforth, Jr.*
            E. Evans Wohlforth, Jr.
            Robinson & Cole LLP
            666 Third Avenue, 20th floor
            New York, NY 10017-4132
            Main (212) 451-2900
            Fax (212) 451-2999
            ewohlforth@rc.com

_____

██████ Kane thus knew ████████████████████████████████████
██████████████████████████████████████████████████████████
██████

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

# Exhibit 30

E. Evans Wohlforth, Jr.
ROBINSON COLE LLP
666 Third Avenue #20
New York, NY 10174
ewohlforth@rc.com
kkatchen@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JKS) (CLW)<br><br>**DEFENDANT'S FOURTH SET OF INTERROGATORIES TO PLAINTIFF** |

To:   Jeffrey J. Greenbaum, Esq.
      SILLS CUMMIS & GROSS, P.C.
      One Riverfront Plaza
      Newark, NJ 07102
      973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 33 and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), answer these Interrogatories within 30 days of being served or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that these Interrogatories are continuing in nature, and it is requested that JJHCS serve upon SaveOnSP's counsel, via supplemental answers, any information requested herein that is unavailable at the time answers hereto are submitted, but which becomes available to JJHCS or any attorney, agent, representative, or principal of JJHCS prior to the termination of this case.

Dated: June 3, 2024          By:          *E. Evans Wohlforth, Jr.*
                                          E. Evans Wohlforth, Jr.
                                          ROBINSON COLE LLP
                                          666 Third Avenue #20
                                          New York, NY 10174
                                          ewohlforth@rc.com
                                          kkatchen@rc.com

                                          Philippe Z. Selendy
                                          Andrew R. Dunlap
                                          Meredith Nelson
                                          Elizabeth Snow
                                          SELENDY GAY ELSBERG, PLLC
                                          1290 Avenue of the Americas

2

New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "2016 Best Price Rule" means 42 C.F.R. § 447.505 which permits manufacturers to exclude funds paid by copay assistance programs, "to the extent the manufacturer ensures that the full value of the coupon is passed on to the consumer, and the pharmacy, agent, or other entity does not receive any price concession."

6.      "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price." It was proposed by the Department of Health and Human Services on June 19, 2020, 85 Fed. Reg. 37,286, and permanently enjoined on May 17, 2022.

7.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assis-

tance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

9.      "All," "any," and "each" mean any and all.

10.     "Amended Complaint" means the draft amendment to the May 4, 2022 Complaint (Dkt. No. 1) filed by JJHCS in this Action that JJHCS proposed on March 14, 2024 (Dkt. No. 219).

11.     "And" and "or" are construed both conjunctively and disjunctively.

12.     "Best Price" is the lowest price available form the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

13.     "CAP Program" means JJHCS's Cost or Copay Adjustment Program, which was designed to identify members of Accumulators, Maximizers, and SaveOn-advised plans and to reduce CarePath payments to those members.

14.     "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

15.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5

16. "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

17. "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

18. "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

19. "Including" means including but not limited to.

20. "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

21. "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

22.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all pre-
decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-
ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants,
and all persons or entities acting or purporting to act on behalf or under the control of Johnson &
Johnson Health Care Systems Inc., including without limitation Centocor, Inc., Ortho Biotech
Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen
Pharmaceuticals, Inc., Scios Inc., Janssen, Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen
Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion
Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.
"JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its docu-
ments relating to its work for any J&J entity pursuant to a Master Services Agreement, per the
Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has
legal control over its documents relating to its work for any J&J entity pursuant a contract contain-
ing provisions similar to those in the Master Service Agreement discussing the May 28 order.

23.    "Maximizer" means copay maximizer service, including (a) any service provided
by Pharmacy Benefit Managers or insurance companies, or any third party providing services to
the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from
counting towards a patient's deductible and out-of-pocket maximum and under which members
do not remain responsible for all or most of their plans' copays, co-insurance requirements, and
deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to
the term "copay maximizer."

24.    "Patient" means a natural person prescribed or eligible to be prescribed any Janssen
Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

7

25.    "Person" means a natural person or legal entity including any business or governmental entity or association.

26.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

27.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

28.    "Savings Program Checklist" means checklists prepared by Janssen for its Copay Assistance programs which indicate that "[t]he full value of the assistance is passed onto the consumer," JJHCS_00204199 at 014.

**INSTRUCTIONS**

1.    These Interrogatories seek information available to you following a reasonable inquiry into the information sought.

2.    These Interrogatories seek nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    Answer each Interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

4.      If you object to all or part of an Interrogatory, state that objection with specificity. Fed. R. Civ. P. 33(b)(4). Any ground not stated in a timely objection will be waived unless excused by the Court for good cause. *Id.*

5.      If you object to part of an Interrogatory, specify the part and answer the rest.

6.      If you are unable to answer all or part of an Interrogatory, specify the part and answer the rest.

7.      If you find the meaning of any term in these Interrogatories unclear, assume a reasonable meaning, and respond to the Interrogatory according to the assumed meaning, stating your assumed meaning in your response.

8.      If the answer to an Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a part your documents, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, you may answer by (a) specifying the records that must be reviewed, in sufficient detail to enable SaveOnSP to locate and identify them as readily as you could; and (b) giving SaveOnSP a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. Fed. R. Civ. P. 33(d).

9.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). When you claim any privilege, you shall indicate, as to the information requested, whether (a) any documents exist; or (b) any oral communications took place. If you assert a privilege in connection with a claim or defense governed by state law, you shall set forth the state privilege rule being invoked. Local Civ. Rule 33.1(c).

10.    If the person who verifies the answers to interrogatories does not have personal knowledge of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of the information is documentary, provide a full description including the location thereof. Local Civ. Rule 33.1(b).

11.    If you become aware of a document concerning an Interrogatory that was once in your possession, custody, or control, and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

12.    Answers must be signed by the person providing them; objections mut be signed by an attorney. Fed. R. Civ. P. 33(b)(5).

13.    If after responding to any Interrogatory you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

These Interrogatories relate to the time period from and including June 19, 2020 through May 17, 2022.

## REQUESTS

11.    Describe all actions that JJHCS took or considered taking in response to or because of the promulgation of the 2023 Best Price Rule, including if applicable: creating the CAP Program or similar programs; attempting to identify patients on Accumulators, Maximizers, or SaveOnSP-

10

advised plans, including through benefits investigations; changing or enforcing CarePath's terms and conditions for any Janssen Drug (including developing or changing JJHCS's interpretation of such terms and conditions); changing the maximum amount of copay assistance offered through CarePath for any Janssen Drug; bringing litigation against any party (including SaveOnSP); and/or analyzing the impact or potential impact of the 2023 Best Price Rule on CarePath's viability or on JJHCS.

12.    Describe the purpose and meaning of the Savings Program Checklists, including the meaning of the statements like those highlighted in Appendix 1; what steps, if any JJHCS took to ensure that these statements were accurate; when and why JJHCS created the Savings Program Checklists and, if applicable, stopped using them; and how the Savings Program Checklists relate to calculations or submissions of best price information pursuant to 42 C.F.R. § 447.505.

13.    Identify all individuals with knowledge of or responsibility for any of the matters discussed in Interrogatories 12 and 13. For each such individual, please provide (a) their name; (b) their position(s), including whether or not they are currently employed by JJHCS; and (c) the matter(s) for which they had knowledge and/or responsibility.

## __CERTIFICATION__

I am the _____ of Plaintiff Johnson & Johnson Health Care

Systems Inc. ("Plaintiff"). I am authorized to submit this certification on behalf of Plaintiff. I cer-

tify that the foregoing responses made by me to these Interrogatories are true. I am aware that if

any of the foregoing answers are willfully false, I and Plaintiff are subject to punishment.

I certify that in responding to the foregoing Interrogatories, I furnished all information

available to Plaintiff, and to its agents, employees, and attorneys. As to those answers which are

not within my personal knowledge, I certify that I provided the name and address of every person

from whom such information was received or, where the source of such information is documen-

tary, a full description of the document including its location.

Dated: _____          By: _____

Title: _____

# Appendix 1

# Exhibit 31

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

September 23, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding J&J's R&Os to SaveOn's Fourth Set of Interrogatories.

*First*, in response to SaveOn's Interrogatory 12, █████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████ *See* JJHCS_00232892 at 8.

*Second*, SaveOn's Interrogatory No. 12 asked J&J to "[d]escribe the purpose
and meaning of the Savings Program Checklists, ███████████████████████
████████████████████████████████████████████████ JJHCS_00204199 at -214
(highlighted by SaveOn in its Interrogatories). J&J does not explain the meaning
of that statement. Please do so.

Following receipt of J&J's complete responses to SaveOn's Interrogatories,
SaveOn will respond to J&J's July 26, 2024 letter regarding J&J's production re-
garding the 2023 Best Price Rule, including the requested addition of Gina Kiris
and Lena Kane as custodians under a separate cover.

Julia Long
September 23, 2024

   We request a response by September 30, 2024. We reserve all rights and are available to meet and confer.

Best,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

# Exhibit 32



www.pbwt.com

October 3, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:   **SaveOnSP's Fourth Set of Interrogatories**
      ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
      **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's September 23, 2024 letter regarding its Fourth Set of Interrogatories.

First, your letter poses a substantive follow-up question regarding JJHCS's ████████████ based on Interrogatory No. 12. We have previously explained that "discovery letters to counsel are not a proper substitute for the discovery tools provided for in the Federal Rules." Aug. 19, 2024 Ltr. from J. Long to E. Snow at 3. SaveOnSP is, of course, welcome to pose any additional questions it has at depositions, or using an appropriate discovery device.

Second, your letter suggests that JJHCS's response to SaveOnSP's Interrogatory No. 12 is incomplete. We have reviewed JJHCS's response to SaveOnSP's Interrogatory No. 12 and have concluded that it is complete as served.

Very truly yours,

*/s/ Julia Long*
Julia Long

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

15296036

# Exhibit 33

Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

December 9, 2024

<u>Via E-mail</u>

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:**   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

        We write to negotiate J&J's production of documents concerning CarePath's compliance with the Best Price Rule, now that J&J has admitted that Lena Kane and Gina Kiris had ████████████████████ of J&J's Savings Program Checklists, Sep. 3, 2024 JJHCS Responses & Objections to SaveOnSP's Fourth Set of Interrogatories ("R&Os") at 9, ████████████████ *see* Dkt. 443 at 4; *see also* Sep. 23, 2024 Ltr. from E. Snow to J. Long at 1 (pausing negotiations while the parties resolved this factual dispute).[1]

        Kane's was strategically involved with J&J's mitigation efforts: ████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

        Kane's documents thus likely contain relevant information about how the 2023

_____

[1] In the interest of compromise, SaveOn withdraws its previous request that J&J add Gina Kiris as a custodian. SaveOn reserves the right to renew this request based on additional discovery, if warranted.

Julia Long
December 9, 2024

Best Price Rule spurred J&J's mitigation efforts against accumulators, maximizers, and
SaveOn.

SaveOn proposes narrowed search terms for Lena Kane. *See* Appendix 1. If J&J
objects to running any, please provide hit counts for each term, and the total, de-duplicated
number of documents for J&J to review.

We request a response by December 16, 2024. We reserve all rights and are
available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

Julia Long
December 9, 2024

## **Appendix 1**

*Proposed search terms for Lena Kane*

- "Save On" (case sensitive)

- "save on" w/50 (accumulat* OR maximiz* OR "essential health benefit*" OR EHB* OR "non-essential health benefit*" OR "nonessential health benefit*" OR NEHB* OR accredo OR ESI OR "express scripts")

- SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR "Jody Miller" OR "Ron Krawczyk"

- ("Express Scripts" OR ESI OR ExpressScripts) w/50 (accumulat* OR maximiz*)

- (Accredo OR Acredo) w/50 (accumulat* OR maximiz*)

- (CAPa OR CAPm OR "adjustment program" OR "diversion program") AND (SaveOnSP OR SaveOn OR "Save On SP" OR "Save OnSP" OR Save-On OR SOSP OR accumulat* OR maximiz*)

- ("copay" OR "co-pay" or fund* OR manufact*) w/20 ("best price" or "BP") w/20 (accumulat* OR maximiz* OR SaveOnSP OR SaveOn OR "Save OnSP" OR "Save OnSP" OR Save-On OR SOSP)

- ("best price" OR "BP" OR "CMS" OR "Final Rule") ~~AND~~ w/50 (accumulat* OR maximiz* OR "adjustment program" OR "diversion program")

- ~~(CAP w/3 (2023 OR 23))~~ ("CAP 2023" OR "CAP 23" OR "CAP '23") AND (accumulat* OR maximizer*)

- (Compliance w/5 Checklist*) ~~AND~~ w/50 "CAP" (case sensitive)

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) ~~AND~~ w/100 ██████████████████
██████████████

- (Checklist* AND (Balversa OR Darzalex OR Erleada OR Imbruvica OR Opsumit OR Prezcobix OR Remicade OR Rybrevant OR Simponi OR Stelara OR Symtuza OR Tracleer OR Uptravi OR Ventavis OR Zytiga OR Ponvory OR Edurant OR Intelence)) ~~AND~~ w/100 ██████████████████
███████████████

3

# Exhibit 34



December 11, 2024

Ian D. Eppler
(212) 336-2205

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **SaveOnSP's Demand for Best Price Rule Documents**
       *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
       <u>**Case No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

We write in response to SaveOnSP's December 9, 2024 letter and further to our letters of July 26, 2024 and August 19, 2024, concerning SaveOnSP's request that JJHCS produce documents related to compliance with the Best Price Rule and add Lena Kane as a custodian.

Contrary to SaveOnSP's claim, there is nothing new to "negotiate" regarding JJHCS's "production of documents concerning CarePath's compliance with the Best Price Rule." Dec. 9, 2024 Ltr. from E. Snow to J. Long at 1. In your letter, you appear to claim that re-opening negotiations is appropriate because ███████████████████████████████████████████████████████████████████ citing to our September 3, 2024 responses and objections to SaveOnSP's Corrected Fourth Set of Interrogatories. Dec. 9, 2024 Ltr. from E. Snow to J. Long at 1. Setting aside SaveOnSP's three-month delay since we served our responses and objections to SaveOnSP's Corrected Fourth Set of Interrogatories, the language you rely on is an exact quote from our July 3, 2024 responses and objections to SaveOnSP's original Fourth Set of Interrogatories. This is therefore not a new issue that merits re-opening anything.

We have already sent two letters articulating our objections to adding Ms. Kane as a custodian. *See* Aug. 19, 2024 Ltr. from J. Long to E. Snow; July 26, 2024 Ltr. from J. Long to E. Snow. As we previously articulated, document discovery related to the Best Price Rule—including custodial discovery from the files of Ms. Kane—is not warranted because documents exclusively related to the Best Price Rule are irrelevant to this litigation. *See* May 2, 2024 Opposition to SaveOnSP's Motion to Compel Best Price Documents at 1–5. Judge Wolfson agreed, rejecting SaveOnSP's demand for broad Best Price Rule discovery and limiting discovery on the issue to a narrow set of interrogatories. May 28, 2024 Order at 2–3. JJHCS has answered those interrogatories and confirmed that SaveOnSP's entire theory regarding the internal checklists

Elizabeth Snow, Esq.
December 11, 2024
Page 2

was based on its apparent misunderstanding of the checklists' purpose and the timing of their creation. *See* Nov. 7, 2024 Opp. to SaveOnSP's Mot. to Compel at 8. Accordingly, there is "no basis for seeking further discovery" on the Best Price Rule. Jul. 26, 2024 Ltr. from J. Long to E. Snow at 1.

SaveOnSP's December 9, 2024 letter offers no reason to conclude otherwise. SaveOnSP demands that JJHCS add Ms. Kane as a custodian ████████████████████████

████████████████████████████████████████████████████████████████ Dec. 9, 2024 Ltr. from E. Snow to J. Long at 1–2. But JJHCS has already confirmed in interrogatory responses that those checklists "were not submitted to the government and did not otherwise relate to Johnson & Johnson's 'calculations or submissions of best price information pursuant to 42 C.F.R. § 447.505.'" JJHCS's Responses and Objections to SaveOnSP's Revised Fourth Set of Interrogatories at 8. Thus, Ms. Kane's role in reviewing the Coupon and Free Product checklists is not a basis for adding her as a custodian.

SaveOnSP also demands that JJHCS add Ms. Kane as a custodian because she was "strategically involved with [JJHCS's] mitigation efforts." Dec. 9, 2024 Ltr. from E. Snow to J. Long at 1. This demand that JJHCS add yet another custodian related to its mitigation efforts is unmoored from SaveOnSP's initial demand that JJHCS produce documents related to the Best Price Rule.



In sum, because documents related to the Best Price Rule are irrelevant to this litigation, JJHCS will not produce additional documents on that issue. Moreover, since Ms. Kane's documents either relate to the irrelevant topic of the Best Price Rule or are duplicative of documents already produced, JJHCS will not add her as a custodian. And because JJHCS objects to adding Ms. Kane as a custodian on relevance grounds, JJHCS will not provide SaveOnSP's requested hit counts.

Elizabeth Snow, Esq.
December 11, 2024
Page 3

Very truly yours,

*/s/ Ian Eppler*
Ian D. Eppler

Exhibits 35-49 Confidential

Filed Under Seal

# Exhibit 50



**Mike I.** · 3rd+
US & Global Market Access, Real World Evidence, Health Outcomes,...
1yr · Edited · 🌐

**+ Follow**   ···

Today, at AMCP 2023, I am presenting a poster on the use of copay adjustment programs (CAPs), including copay accumulator and maximizer programs, which may impose additional copayment burden on patients due to delays in reaching annual deductibles. @Xiaohui Zhao, @Ji Song, @Kay Sadik and I analyzed data of patients using #schizophrenia medications, focusing on comparing patient CAP exposure by household income (HHI) levels. We found, among our selected sample, that lower-income households appear to be at higher risk of CAP exposure than higher income households for both accumulators and maximizers. We concluded this may create disproportionate financial barriers to access for some patients using schizophrenia medications.

If you are at AMCP 2023, please stop by to see our poster, "Assessing the Relationship between Copay Adjustment Program Exposure and Household Income Levels in a Cohort of Patients with Schizophrenia" or use this link to access the poster:

https://lnkd.in/eE4J-Hbk

#AMCP2023 #insurancedesign #healthequity

Ingham_JVE75194.pdf
lumanity-storage.s3.amazonaws.com

👍❤️🩵 35                                      4 comments · 2 reposts

Reactions

                                              +27

👍 Like        💬 Comment        🔁 Repost        ➤ Send

Add a comment...                              😊  🖼️

Most relevant ▼

**Bridget Doherty, MPH, MS** · 3rd                                    1y  ···
Director, Access and Policy Research, Johnson & Johnson Innovative Medicine

Wonderful Mike I. that you are continuing your work in this area and sharing this evidence and data showing how different polices impact patients.

Like · 🖐 2 | Reply

**Ulrich Neumann** · 2nd                                              1y  ···
MBA, MSC, MA, FRSA · Access & Policy Research at J&J

Thank you Mike I. and the Janssen team for your leadership in addressing this vital topic with much needed data and evidence. @Adam Fein

Like · 🖐 2 | Reply

**Nicole Ingham** · 3rd+                                              1y  ···
Epidemiology

👍 👍 👍

Like · 🖐 1 | Reply

**Kristy Friedrichs (McBride)** · 3rd+                                1y  ···
SaaS Leader — Chief Partnerships Officer | COO | CHRO | LP Strategy Driver — Co...

Super interesting- thanks for sharing Mike I. !

Like · Reply

# Exhibits 51-58 Confidential

# Filed Under Seal

# Exhibit 59



June 25, 2024

Bonita L. Robinson
(212) 336-2554

**By Email**

Meredith Nelson, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **SaveOnSP's Responses & Objections to JJHCS's Twelfth Set of
       Requests for Production**
       *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
       Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Meredith:

We write in connection with SaveOnSP's June 21, 2024 letter regarding JJHCS's Twelfth Set of Requests for Production. We provide the below responses regarding each Request that remains in dispute.

**Request No. 116.** We are willing to narrow further the search term we proposed in our June 12, 2024 letter in order to "target[] … documents about gift cards intended for members of SaveOn-advised health plans," as you suggested. *See* June 21, 2024 Ltr. from M. Nelson to B. Robinson at 1. Your proposed search string—<span style="color:red">("gift card" w/20 ((enroll\* OR join\* OR use OR "sign up" OR regist\*) AND (patient\* OR member\*)))</span>—goes too far in requiring that variations of the terms "patient" or "member" be found within a 20-word limiter. We propose the following search string, which targets members of SaveOnSP-advised health plans without unduly limiting the universe of potentially responsive documents: <span style="color:red">("gift card" w/20 (enroll\* OR join\* OR use OR "sign up" OR regist\*)) AND (patient\* OR member\*)</span>. Please confirm whether you agree to run this search string, and provide hit count information for the same by Thursday, June 27.

**Request No. 117.** In light of your confirmation that SaveOnSP neither drafted any talk track regarding this litigation nor circulated such a talk track prepared by another party, we agree not to pursue this Request further, subject to the same reservations set forth in our June 12, 2024 letter. *See* June 12, 2024 Ltr. from Br. Robinson to M. Nelson at 2.

**Request No. 118.** You maintain that SaveOnSP's retention policies are not relevant even though SaveOnSP has requested and received retention policies from both JJHCS and third parties. *See, e.g.*, SaveOnSP's First Set of Requests for Production, Request No. 45;

Meredith Nelson, Esq.
June 25, 2024
Page 2


SaveOnSP's Feb. 17, 2023 Subpoena to TrialCard, Request No. 30. Indeed, SaveOnSP even insisted upon and received JJHCS's retention policies from the pre-2013 time period. *See* SaveOnSP's March 12, 2024 Letter Motion; Special Master's April 10, 2024 Memorandum Order. SaveOnSP requested all of these retention policies without even a hint of intentional destruction on the part of JJHCS or any third party—while JJHCS served its Request No. 118 amid conceded "issues" regarding SaveOnSP custodians' retention of text messages. You have not articulated any reason why SaveOnSP should be entitled to request and receive document retention policies in the ordinary course of discovery but should be able to withhold its own such policies when it receives the same requests (and in circumstances where SaveOnSP's policies are particularly relevant). To the extent you contend that such retention policies do not apply to the text messages in question, that can only be assessed by reviewing the retention policies themselves, which is another reason why they must be produced. We are at an impasse.

### Request Nos. 119–21.

As the hit counts you have provided make plain, it is not burdensome for SaveOnSP to run JJHCS's initially requested search strings across all SaveOnSP custodians: those search strings generate only 1,460 search hits. Nevertheless, you insist that SaveOnSP's search, review, and production in response to Request Nos. 119–21 should be limited to just three custodians—Jody Miller, Claudia Dunbar, and Rob Saeli—whose custodial files collectively contain fewer than 13 percent of all search hits. You take this position on the ostensible ground that there are "significant numbers of false hits" for other custodians, and because these were the three custodians "responsible for the decision-making processes referenced in" the Requests at issue. *See* June 21, 2024 Ltr. from M. Nelson to B. Robinson at 3. These are not bases for so severely narrowing the scope of JJHCS's requests.

First, as you know, the use of any search term is likely to generate "significant numbers of false hits." That is the nature of electronic discovery, and it is not a reason to cut out custodians where, as here, the total number of search hits is not burdensome. Second, the custodial files of individuals who were not "responsible for" decision-making regarding SaveOnSP's confidentiality policies and/or enforcement efforts may very well contain information responsive to JJHCS's Requests. For example, SaveOnSP employees may have memorialized in e-mail or chat communications information that Mr. Miller, Ms. Dunbar, or Mr. Saeli orally conveyed about changes to SaveOnSP's confidentiality and nondisclosure policy and the reasons for such changes. These personnel also may have discussed with one another, but not with Mr. Miller, Ms. Dunbar, or Mr. Saeli, efforts they experienced or observed to prevent employees from discussing patient harm resulting from SaveOnSP's program or from discussing other problems with the program that are consistent with JJHCS's allegations in this case. Such documents would be squarely responsive to JJHCS's Requests. We reiterate that we are willing to consider limiting these Requests to a subset of SaveOnSP's custodians. But we cannot meaningfully evaluate SaveOnSP's proposal without even reviewing hit counts for SaveOnSP's other custodians. For reasons that remain a mystery to us, you refuse to provide those hit counts. Please provide them by Thursday, June 27.

Meredith Nelson, Esq.
June 25, 2024
Page 3

Relatedly, you state that Paula Mighells is not an appropriate custodian. We disagree. Indeed, as to Request No. 121—which seeks documents and communications concerning, among other things "contemplated or actual efforts to discipline, fire, sue, retaliate against, or take any other adverse action against … Paula Mighells"—there is no more appropriate custodian. Please provide hit counts for Ms. Mighells for all of JJHCS's proposed search strings relating to RFP Nos. 119–21 by Thursday, June 27. To the extent you have concerns regarding the proposed search string associated with Request No. 121, we are happy to discuss adaptations to the string, but it does not make sense to do so before reviewing the hit counts.

Finally, we previously requested that SaveOnSP provide hit counts associated with JJHCS's original proposed search string, including its search string associated with Request No. 121, and SaveOnSP's narrowed version of the search string associated with that Request. *See* June 12, 2024 Ltr. from B. Robinson to M. Nelson at 2. However, you have not provided hit counts associated with JJHCS's initial version of the search string for Request No. 121. Please provide those hit counts by Thursday, June 27 so that JJHCS may evaluate the propriety of your narrowed proposal.

We look forward to receiving the requested hit count information. We remain available to confer regarding RFP Nos. 116 and 119–21.

Very truly yours,

*/s/ Bonita Robinson*
Bonita L.  Robinson