# EXHIBIT D

INDEX IN SUPPORT OF MOTION TO SEAL SAVEONSP'S MOTION TO COMPEL JJHCS TO ADD LENA KANE AS A CUSTODIAN (ECF NOS. 497, 499 & 522)

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. to Judge Wolfson regarding SaveOnSP's Motion to Compel JJHCS to Add Lena Kane as a Custodian, dated December 19, 2024 (ECF No. 497) | | JJHCS requests the redaction of information in and exhibits to the December 19 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. In addition, Exhibit 16 contains a confidential presentation produced by non-party Archbow Consulting, which was designated as Attorneys' Eyes Only. | If filed on the public docket, these portions of the December 19 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information. Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 2–10 and notes 2 & 3 | Redactions discussing confidential exhibits | | | | | |
| Exhibits 1, 2, 5, 11, 16, 19, 25 & 26 | Sealing of confidential documents and presentations containing competitively sensitive information | | | | | |

1

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 3, 10, 12, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, 27 & 28 | Sealing of emails and attachments discussing confidential information | | competitors secured the information. | | | |
| Exhibit 4 | Redactions to discovery responses and objections containing references to confidential information | | | | | |
| Exhibits 6, 7, & 8 | Redactions to discovery letters discussing confidential documents | | | | | |

2

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from Jeffrey J. Greenbaum to Judge Wolfson in opposition to SaveOnSP's Motion to Compel JJHCS to Add Lena Kane as a Custodian, dated January 22, 2025 (ECF No. 499) | | JJHCS requests the redaction of information in and the exhibit to the January 22 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that this letter and exhibit contain sensitive business information. | If filed on the public docket, these portions of the January 22 letter and the exhibit thereto would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 8, 9, 11 & 12 and notes 3, 5 & 6 | Redactions discussing confidential exhibits | | | | | |
| Exhibit 1 | Redactions to discovery responses containing references to confidential information | | | | | |

3

Case 2:22-cv-02632-CCC-CLW   Document 534-5   Filed 02/26/25   Page 5 of 7 PageID: 65802

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. to Judge Wolfson in reply to SaveOnSP's Motion to Compel JJHCS to Add Lena Kane as a Custodian, dated February 7, 2025 (ECF No. 522) | | JJHCS requests the redaction of information in and exhibits to the February 7 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. In addition, Exhibit 39 is a confidential agreement produced by non-party Avalere Health and designated as Attorneys' Eyes Only. | If filed on the public docket, these portions of the February 7 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.  Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 3–7 & 9–10 and notes 2, 3, 5 & 6 | Redactions discussing confidential exhibits | | | | | |
| Exhibit 30 | Redactions to discovery responses containing references to confidential information | | | | | |

4

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 31, 32, 33 & 34 | Redactions to discovery letters discussing confidential documents | | competitors secured the information. | | | |
| Exhibits 35, 36, 37, 41, 43, 45, 46, 47, 48, 49, 52, 53, 54, 55 & 58 | Sealing of emails and attachments discussing confidential information | | | | | |

5

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 38, 44, 50, 51, 56 & 57 | Sealing of confidential documents and presentations containing competitively sensitive information | | | | | |
| Exhibits 39 & 40 | Sealing of confidential work orders with non-party vendors | | | | | |
| Exhibit 42 | Sealing of internal meeting notes containing confidential information | | | | | |