# Exhibit A

# Sills Cummis & Gross

A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

February 3, 2025

**By Email and ECF**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re: **Motion to Compel The Production Of Documents Without Redaction**
> **By Accredo Health Group, Inc. and Express Scripts, Inc.**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we move to compel Defendants Accredo Health Group, Inc. ("Accredo") and Express Scripts, Inc. ("Express Scripts") to produce documents without redacting confidential health information ("CHI"), as required by the Discovery Confidentiality Order, *see* Dkt. No. 62 (the "Protective Order"). Accredo and Express Scripts refuse to comply with the Protective Order's express provision that the parties "shall" produce confidential health information ("CHI") in discovery materials "without redaction." *Id*. ¶ 3(c). Instead, Accredo and Express Scripts have unilaterally decided to redact CHI from hundreds of documents in their productions and now refuse to reproduce those materials without the offending redactions. Worse

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 2

still, this is the **second** time that Express Scripts has refused to produce unredacted patient information.  When it did this in response to JJHCS's Rule 45 subpoena, the district court judge in the Eastern District of Missouri that presided over JJHCS's motion to compel rebuked Express Scripts and ordered it to provide unredacted discovery.  This Court should do likewise and put an end to Accredo and Express Scripts' efforts to conceal responsive information from JJHCS in violation of the Protective Order.

The Protective Order requires the production of unredacted documents for good reason: Accredo's and Express Scripts' CHI redactions will interfere with JJHCS's ability to investigate and prove its claims at trial.  Accredo and Express Scripts seek to conceal the patient identifying information that JJHCS needs *inter alia* to cross-reference patient records obtained from different sources (*e.g.*, SaveOnSP, Accredo, Express Scripts, and JJHCS's own files).  This patient-related evidence will demonstrate how the SaveOnSP program has harmed patients while also misappropriating funds from JJHCS's copay assistance program.  The Protective Order requires the production of that patient information to ensure JJHCS can prove its claims while erecting the necessary safeguards to protect patient privacy.  Having signed the Protective Order, Accredo and Express Scripts cannot now hide behind meritless HIPAA arguments to frustrate JJHCS's ability to prove its claims.  JJHCS requests that Your Honor grant JJHCS's motion to enforce the Protective Order and compel Accredo and Express Scripts to reproduce their document productions without CHI redactions.

## I.    Accredo and Express Scripts Have Violated the Protective Order's Requirement that CHI be Disclosed in Discovery Materials

When it comes to the disclosure of CHI, the Protective Order is unambiguous:  the "parties *shall produce* Discovery Material containing Confidential Health Information ('CHI') in response

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 3

to discovery requests of another party in this litigation *without redaction*."  Dkt No. 62 ("DCO") ¶ 3(c) (emphasis added).  CHI includes "protected health information," which is defined in regulations promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and includes "medical bills, claims forms, charge sheets, medical records, . . . itemized billing statements," as well as any "notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from" CHI.  *Id.* ¶ 3(a).

Accredo and Express Scripts agreed to be bound by the Protective Order.  *See* Ex. 1 (Oct. 3, 2024 Email from E. Robey-Phillips to J. Long (agreeing on behalf of Accredo in connection with party discovery)); Ex. 2 (Oct. 3, 2024 Email from K. Ledden to J. Long (agreeing on behalf of Express Scripts in connection with party discovery)); *see also* Ex. 3 (Accredo's and Express Scripts' executed endorsement of Protective Order in connection with third-party subpoenas).  Yet, now both Defendants refuse to honor their promise to comply with the Protective Order's directive. Contrary to their obligation to produce discovery materials containing CHI without redaction, Accredo and Express Scripts have each produced at least several hundred documents in which CHI is redacted.  *See* Ex. 4 (Dec. 3, 2024 Ltr. from F. Famakinwa to K. Ledden) at 1; Ex. 5 (Dec. 3, 2024 Ltr. from F. Famakinwa to E. Robey-Phillips).  This is a clear violation of paragraph 3(c) of the Protective Order.

Accredo and Express Scripts would have the Court believe that they are the sole protectors of patient privacy.  Not so.  JJHCS shares the commitment to safeguarding confidential patient health information.  That is the precise reason JJHCS sought and obtained a HIPAA-compliant Protective Order at the start of discovery in this case in November 2022.  The Protective Order places strict limitations on the parties' ability to use and disclose materials containing CHI.  For

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 4

instance, the Protective Order provides that CHI shall only be used "for purposes of the prosecution

or defense of this action" (DCO ¶ 4), limits the distribution of CHI to a narrow list of individuals

(*id.* ¶ 5), and requires the return or destruction of all CHI at the end of the litigation (*id.* ¶ 19). *See*

*infra* pp. 7–8. With these provisions in place, patient health information is protected, and there is

no reason for Accredo and Express Scripts to redact responsive material.

## II. Express Scripts Has Already Been Ordered To Provide Unredacted Discovery In The Eastern District of Missouri

This is not the first time that Express Scripts has refused to produce unredacted documents.

Before being added as a defendant in this matter, JJHCS sought documents from Express Scripts

pursuant to a Rule 45 subpoena that it moved to enforce in the Eastern District of Missouri, where

Express Scripts is headquartered. In response to a JJHCS request for production of patient

prescription data, Express Scripts stated its intention to "anonymize" its data to remove all patient-

identifying information. Just as now, JJHCS needed to move to compel the production of

unredacted discovery, arguing that the redactions were contrary to the Protective Order and would

make it impossible for JJHCS to track transactions and patients against its own data, data produced

by SaveOnSP, and records from other third parties.

On November 17, 2023, the Missouri federal court granted JJHCS's motion to compel and

ordered that Express Scripts "must not" "anonymize[] or otherwise manipulate[]" its data in any

way, "except by agreement of the parties." *See* Ex. 6 (Nov. 17, 2023 E.D. Mo. Order) at 2. Express

Scripts has learned nothing from the Missouri litigation, as it seeks to do in the context of its entire

production what it was ordered ***not to do*** with its prescription data—conceal patient health

information. In conferral, Express Scripts has minimized the relevance of the November 2023

Missouri federal court order, contending that it only requires the disclosure of patient health

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 5

information in Express Scripts' *data* production—and nowhere else. *See* Ex. 7 (Dec. 23, 2024 Ltr. from S. Hellmann to F. Famakinwa) at 1 (asserting that the Court Order "does not apply to the documents at issue here" because it only required Express Scripts "to produce certain *data* deanonymized" (emphasis in original)). Express Scripts seems to suggest that it does not have to disclose patient identifying information in email communications, Teams messages, or other types of documents because this newly produced information does not constitute prescription data.

Express Scripts' argument makes no sense at all. There is no possible justification for treating the document format of the discovery material at issue as determinative of its obligation to disclose CHI. Otherwise, if Express Scripts were right, JJHCS would need to seek court intervention separately on the identical issue for every type of document that exists in this litigation—separately for data, separately for an email, separately for a database log, separately for a calendar entry. That is not a tenable argument. No matter how patient health information is referred to or compiled in a document produced to JJHCS, that information must be disclosed under the clear terms of the Protective Order.

**III.    Accredo And Express Scripts Have No Excuse for Their Redactions**

JJHCS engaged in good-faith negotiations on this issue before bringing this motion. Even after the exchange of several letters and a conferral, Accredo and Express Scripts continue to refuse to reproduce their document productions to remove CHI redactions. Neither has offered a legitimate basis for their non-compliance. Instead, Accredo and Express Scripts—in nearly identical letters sent by separate counsel—rely on HIPAA regulations that are inapplicable given the Protective Order. JJHCS is not required to accept anything short of what the Protective Order requires: full CHI disclosure in discovery materials. Nor can JJHCS do so, when the information

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 6

at issue is important to its ability to prove its claims.  Each of Accredo's and Express Scripts'

arguments are meritless.

### A.  The Protective Order Satisfies HIPAA Regulatory Requirements

#### 1.  HIPAA Allows The Disclosure Of Protected Health Information In Judicial Proceedings

Accredo and Express Scripts first argue that they cannot disclose CHI in their discovery

materials because the regulations promulgated under HIPAA prohibit them.  Accredo and Express

Scripts are flat wrong.  The law is clear that an exception to the "general rule against disclosure of

patient health information without the patients' prior written consent" arises in the context of

judicial and administrative proceedings.  *Rodriguez v. City of New Brunswick*, 2017 WL 5598217,

at *6 (D.N.J. Nov. 21, 2017) (Wolfson, J.); *see* 45 C.F.R. § 164.512(e).  HIPAA-implementing

regulations provide that covered entities may disclose protected health information within judicial

proceedings when one of two conditions is satisfied:

    i.   In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

    ii.   In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if

      (A) The covered entity receives satisfactory assurance ... from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

      (B) The covered entity receives satisfactory assurance ... from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1).

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 7

## 2. The Protective Order In This Case Complies With HIPAA Regulations

The Protective Order satisfies both regulatory exceptions warranting disclosure in a judicial proceeding.  First, the Protective Order is an "order of a court" that "expressly authorize[s]" the production of protected health information.  Paragraph 3(c) of the Protective Order states that "the parties shall produce Discovery Material containing Confidential Health Information in response to discovery requests of another party in this litigation without redaction[.]"  This is precisely the type of express authorization required under the HIPAA regulation set forth above and the Court need not go any further than this.

Second, disclosure of protected health information is also warranted where, as here, the requesting party has secured a "qualified protective order" governing the sharing of CHI in the judicial proceeding. *See* 45 C.F.R. § 164.512(e)(1)(ii)(B); *see also Rodriguez*, 2017 WL 5598217, at *6–7 (summarizing HIPAA regulations authorizing disclosure of protected health information in judicial proceedings).  A protective order is a "qualified protective order" under subsection (ii) of the above regulation if it (1) prohibits the parties from using or disclosing the patient's health information for any purpose other than the litigation for which such information was requested; and (2) requires that the parties return or destroy the protected health information, including all copies made, at the end of the litigation.  45 C.F.R. § 164.512(e)(1)(v).

Here, the Protective Order expressly invokes the regulation quoted above, stating in Section 3(d) that it "is intended to provide protection sufficient to constitute a Qualified Protective Order under HIPAA and the regulations promulgated under its aegis" and citing 45 C.F.R. § 164.512(e)(1)(ii).  The Protective Order incorporates both requirements set forth in the applicable regulation.  *See* DCO ¶ 4 (providing that any CHI produced or disclosed in this action

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 8

"shall be used . . . solely for purposes of the prosecution or defense of this action"); *id.* ¶ 19 (requiring each party, at the "final conclusion of the litigation" to "return" or "destroy all originals and unmarked copies of documents and things containing" CHI). It also includes additional precautions requiring the parties to designate discovery material containing CHI with a specific legend (*id.* ¶ 3), limit dissemination of designated CHI to certain individuals (*id.* ¶ 5), and "implement appropriate . . . safeguards to prevent the use or disclosure" of CHI in "any manner other than pursuant to the terms and conditions" of the Protective Order (*id.* ¶ 6(a)). Therefore, the Protective Order incorporates all of the necessary safeguards—and more—that are required to constitute a Qualified Protective Order under the relevant regulations.

Because JJHCS secured a Protective Order in this case that fulfills the requirements under HIPAA to protect patient confidentiality, an exception to HIPAA's "general rule against disclosure" applies, *Rodriguez*, 2017 WL 5598217, at *6, and Accredo and Express Scripts must remove their redactions. *Lin v. Solta Med., Inc.*, 2024 WL 2845531, at *2 (N.D. Cal. June 5, 2024) is instructive. There, the defendant refused to produce photographs of certain patient injuries on the ground that the photographs constituted protected patient information under HIPAA. *Id*. The Court found this argument unconvincing. It highlighted that the parties had already stipulated to a protective order which "satisfie[d] the requirements of HIPAA because it (1) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (2) requires the return or destruction of the protected material at the conclusion of the litigation." *Id*. (citations omitted). Given that the Protective Order safeguarded the third parties' medical records, the Court ordered the defendant to produce the patient photographs. The Protective Order in this case likewise contains

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 9

provisions that protect third parties' CHI. *See supra* pp. 7–8; *see also Rodriguez*, 2017 WL
5598217, at *7 (explaining standard for a "proper protective order" under HIPAA).

### 3. Accredo and Express Scripts Raise Meritless HIPAA Objections

Accredo and Express Scripts lodge two principal arguments against disclosure, claiming
that their redactions are required by HIPAA. Neither argument finds any support in the statute, its
regulations, or anywhere else.

*First*, Accredo and Express Scripts argue that they must not remove their redactions
because they "may disclose 'only the protected health information expressly authorized' with
respect to a court order." *See* Ex. 7 (Dec. 23, 2024 Ltr. from S. Hellmann to F. Famakinwa) at 1
(citing 45 C.F.R. § 164.512(e)(1)(i)); Ex. 8 (Dec. 23, 2024 Ltr. from A. Solinger to F. Famakinwa)
at 1 (citing 45 C.F.R. § 164.512(e)(1)(i)). This argument fails for two reasons. As explained
above, the Protective Order here is an express authorization as it commands that the parties "shall
produce Discovery Material containing Confidential Health Information in response to discovery
requests . . . without redaction[.]" DCO ¶ 3(c). And even if that were not the case, the Protective
Order incorporates the necessary safeguards to constitute a qualified protective order under
HIPAA, further warranting disclosure. *See supra* pp. 7–8.

*Second*, Accredo and Express Scripts have suggested in negotiations that they cannot
disclose CHI in this case because they must undertake "reasonable efforts" to "limit PHI 'to the
minimum necessary to accomplish the intended purpose of the use, disclosure, or request.'" Ex. 7
(Dec. 23, 2024 Ltr. from S. Hellmann to F. Famakinwa) at 1–2 (citing 42 C.F.R. § 164.502(b));
Ex. 8 (Dec. 23, 2024 Ltr. from A. Solinger to F. Famakinwa) at 2 (citing 45 C.F.R. § 164.502(b)).

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 10

As both Defendants later acknowledged in correspondence, however, the "minimum necessary" requirement in the HIPAA regulations does not apply to uses or disclosures of PHI that are "required by law." Ex. 7 (Dec. 23, 2024 Ltr. from S. Hellmann to F. Famakinwa) at 1–2; Ex. 8 (Dec. 23, 2024 Ltr. from A. Solinger to F. Famakinwa) at 2; *see also* 45 C.F.R. § 164.502(b)(2) (identifying exceptions to the "minimum necessary" requirement), 45 C.F.R. § 164.512(e)(1) (describing permitted disclosures in judicial proceedings). The proposed production here is a "use[] or disclosure[] . . . required by law," as this term is defined to include those disclosures compelled pursuant to a court order or where a "qualified protective order" is in place. 45 C.F.R. § 164.502(b)(2)(v), 45 C.F.R. § 164.512(e)(1); *see also MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2023 WL 4562998, at *5 (D.N.J. July 14, 2023) (finding "minimum necessary" requirement did not apply because "there is a protective order in place to secure the confidentiality of this data"). This is only logical: litigation discovery would grind to a halt if every individual line of voluminous productions in healthcare cases involving patient information required individualized determinations as to whether it went beyond the minimum necessary disclosure. The law requires no such thing—and indeed, provides an express mechanism to facilitate such production without any redaction through a Protective Order like the one this Court has entered.

### B. Accredo and Express Scripts' Request that JJHCS Narrow the Scope of CHI for Disclosure is Unwarranted and Untenable

Finally, to the extent that Accredo and Express Scripts concede that some CHI must be produced, they have argued that it is incumbent on JJHCS to narrow the types of CHI it seeks to only certain specific categories. This is not reasonable or practical; nor does it have any basis in law. JJHCS cannot accept a proposal that will frustrate its ability to prove its claims, lead to

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 11

seriatim litigation throughout discovery, and is unwarranted given the Protective Order. *See* Ex.

9 (Jan. 14, 2025 Ltr. from H. Sandick to K. Ledden) at 1–2; Ex. 10 (Jan. 14, 2025 Ltr. from H.

Sandick to A. Solinger) at 1–2. Indeed, as noted above, JJHCS and SaveOnSP have already

produced reams of patient information in this case in reliance on the provisions of the Protective

Order.

This information is important. JJHCS's ability to review and analyze patient health

information is critical to its ability to prove its claims. To prevail on its deceptive trade practices

claim, JJHCS will demonstrate that the SaveOnSP program harms patients by, for example,

causing patient confusion, creating false denials of insurance coverage, interfering with

prescription regimens, and increasing patients' healthcare costs. To prevail on its tortious

interference claim, JJHCS will evaluate the extent to which Accredo, Express Scripts, and

SaveOnSP have harmed JJHCS by coordinating to misrepresent patient information and drain

excess copay assistance funds. JJHCS needs to be able to cross-reference Defendants' discovery

materials to track patient experiences, including to (1) obtain a comprehensive understanding of a

patient's hardship experienced as a result of the SaveOnSP program, (2) learn how the Defendants

viewed and responded to the patient's specific situation or complaint, and (3) assess the extent to

which Defendants interfered with the patient's contract with JJHCS regarding participation in

CarePath.

JJHCS cannot anticipate at this stage, with any degree of certainty, which types of CHI it

will need to match up patient records and data received in discovery. Discovery has revealed the

inconsistent ways in which Defendants refer to patients when discussing patient experiences and

responding to patient complaints about the SaveOnSP program.

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 12

For example, in some communications, SaveOnSP refers to a patient only using a member identification number. *See, e.g.*, Ex. 11 (SOSP_0553505); Ex. 12 (SOSP_0683762); Ex. 13 (SOSP_1428324). However, Express Scripts and Accredo have regularly (if not, exclusively) *redacted* member identification numbers in their productions. *See*, *e.g.*, Ex. 14 (Express_Scripts_1350_00064886); Ex. 15 (Express_Scripts_1350_00068081); Ex. 16 (ACCREDO00022411); Ex. 17 (ACCREDO00023116) at '121. In other communications, Defendants refer to a patient by name and do not include an identification number at all. *See, e.g.*, Ex. 18 (ACCREDO00022538) (includes patient name but not identification number); Ex. 19 (SOSP_0315317) (same). Certain documents discussing a patient's experience with the SaveOnSP Program include the patient's prescription drug information or their diagnosis, but this is not always the case. *Compare* Ex. 11 (SOSP_0553505) (patient ID number only), *with* Ex. 20 (SOSP_1692595) (discussing patient and revealing diagnosis, drug information, and ID number but not name). In other words, Defendants' documents contain different types of information for different patients, and therefore, no particular category or categories of information are likely to be sufficient for JJHCS to identify patients and cross-reference their information across the parties' documents.

In addition, Express Scripts and Accredo's proposal will lead to seriatim re-litigation of this issue, forcing JJHCS to return to Court to justify its need for each additional category of information as it investigates the issue of patient harm through document review. That is not efficient nor necessary given the HIPAA-compliant Protective Order governing the case. We know the risk of repetitive litigation is real, as JJHCS has twice litigated this issue against Express Scripts—once in the Eastern District of Missouri and now here.

Honorable Freda L. Wolfson, U.S.D.J.
February 3, 2025
Page 13

Finally, the Protective Order puts the burden on the *producing party*—Accredo and Express Scripts—to produce discovery materials containing CHI "without redaction." DCO ¶ 3(c). JJHCS is not required to figure out in advance which types of CHI will be useful and which may prove to be unnecessary. Accredo and Express Scripts seek to ignore their obligation by placing a burden on JJHCS that does not exist. *See* Ex. 21 (Jan. 16, 2025 Ltr. from A. Solinger to H. Sandick) at 1; Ex. 22 (Jan. 16 Ltr. from S. Hellmann to H. Sandick) at 1.

**CONCLUSION**

For the foregoing reasons, Your Honor should compel Accredo and Express Scripts to produce documents without redactions for Protected Health Information or Confidential Health Information as required by the Protective Order. Accredo and Express Scripts' failure to do so is in clear violation of the Protective Order.

Respectfully submitted,

s/ *Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:    Counsel of record

# Exhibit 1

**Famakinwa, Sade (x2202)**

| | |
|---|---|
| **From:** | Emily.Robey-Phillips@hklaw.com |
| **Sent:** | Thursday, October 3, 2024 12:36 PM |
| **To:** | Long, Julia (x2878); pselendy@selendygay.com; Andrew Dunlap; Wohlforth, E. Evans; Meredith Nelson; Elizabeth Snow; Galli, Sabrina M.; ~mberman@hdrbb.com; Jeremy.Sternberg@hklaw.com; Andrew.Solinger@hklaw.com; Krithika.Rajkumar@hklaw.com; Kate Ledden; Hellmann, Sarah; chris.smith@huschblackwell.com |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com; _cg J&J-SaveOn |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order |

**External: Think before you click.**

Julia,

Thank you.  Holland & Knight will accept service for Accredo, and I understand that Husch Blackwell will do so for Express Scripts.  For Accredo, we agree to be bound by the confidentiality order.  I understand that Husch Blackwell will do so for Express Scripts.

Based on this, we understand the deadline for both Accredo and Express Scripts to respond to be October 24.

Thank you,


**Emily Robey-Phillips** | **Holland & Knight**
She|Her|Hers
Associate
Holland & Knight LLP
10 St. James Avenue, 11th Floor | Boston, Massachusetts 02116
Office 617.854.1466 | Cell 404.285.8954
emily.robey-phillips@hklaw.com | www.hklaw.com

Add to address book | View professional biography


**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Wednesday, October 2, 2024 6:30 PM
**To:** Robey-Phillips, Emily (BOS - X71466) <Emily.Robey-Phillips@hklaw.com>; pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Sternberg, Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Solinger, Andrew (NSH - X68062) <Andrew.Solinger@hklaw.com>; Rajkumar, Krithika (BOS - X75857) <Krithika.Rajkumar@hklaw.com>; Kate Ledden <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; chris.smith@huschblackwell.com
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>;

~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

*[External email]*
Emily,

Thanks for your email.  We do not agree that ESI and Accredo need any of this information to address an appropriate scheduling proposal.  Nonetheless, we will provide answers to your questions as promptly as feasible.  Before doing so, please confirm that counsel for Express Scripts and Accredo agree to be bound by the Discovery Confidentiality Order (enclosed here for reference).  We also ask that counsel for SaveOnSP confirm that materials designated thereunder now can be shared with ESI and Accredo.

As you know, JJHCS docketed the Amended Complaint today, which I have enclosed here for reference.  Please confirm whether ESI and Accredo agree to waive service and summons and accept this email as service of the Amended Complaint.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Emily.Robey-Phillips@hklaw.com <Emily.Robey-Phillips@hklaw.com>
**Sent:** Wednesday, October 2, 2024 4:39 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Jeremy.Sternberg@hklaw.com; Andrew.Solinger@hklaw.com; Krithika.Rajkumar@hklaw.com; Kate Ledden <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; chris.smith@huschblackwell.com
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

**External: Think before you click.**

Counsel,

We write to respond to your letter dated September 30, 2024. As you know, because Accredo and Express Scripts are not yet parties to this litigation, we lack access to substantial information required to evaluate the proposal contained in your letter. So that we may properly evaluate that proposal, please provide the following documents and information:

- Party productions:
    - Total number of documents produced per party;
    - Total number of pages produced per party;
    - Total volume of and types of data produced per party.
- Non-party productions (aside from ESI and Accredo):
    - Identification of non-parties who have produced documents (other than Accredo and Express Scripts)
    - Total number of documents produced per non-party;
    - Total number of pages produced per non-party;
    - Total volume of and types of data produced per non-party.
- Discovery matters:
    - All discovery letters for this litigation.

Once we have received this information, we will be able to provide realistic timeline estimates and deadlines.

Thank you,


**Emily Robey-Phillips | Holland & Knight**
She|Her|Hers
Associate
Holland & Knight LLP
10 St. James Avenue, 11th Floor | Boston, Massachusetts 02116
Office 617.854.1466 | Cell 404.285.8954
emily.robey-phillips@hklaw.com | www.hklaw.com

_____
Add to address book | View professional biography

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Monday, September 30, 2024 6:17 PM
**To:** pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Sternberg, Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Solinger, Andrew (NSH - X68062) <Andrew.Solinger@hklaw.com>; Robey-Phillips, Emily (BOS - X71466) <Emily.Robey-Phillips@hklaw.com>; Rajkumar, Krithika (BOS - X75857) <Krithika.Rajkumar@hklaw.com>; Kate Ledden <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; chris.smith@huschblackwell.com
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

*[External email]*
Counsel:

Please see the attached correspondence.

Best,

Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is
addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and
do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client
unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If
you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to
preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

---

# Exhibit 2

**Famakinwa, Sade (x2202)**

| | |
|---|---|
| **From:** | Ledden, Kate <Kate.Ledden@huschblackwell.com> |
| **Sent:** | Thursday, October 3, 2024 1:00 PM |
| **To:** | Emily.Robey-Phillips@hklaw.com; Long, Julia (x2878); pselendy@selendygay.com; Andrew Dunlap; Wohlforth, E. Evans; Meredith Nelson; Elizabeth Snow; Galli, Sabrina M.; ~mberman@hdrbb.com; Jeremy.Sternberg@hklaw.com; Andrew.Solinger@hklaw.com; Krithika.Rajkumar@hklaw.com; Hellmann, Sarah; Smith, Chris |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); ~jgreenbaum@sillscummis.com; ~klieb@sillscummis.com; _cg J&J-SaveOn |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order |

==External: Think before you click.==

Hi Julia,

Following up on Emily's email, I can confirm that Husch Blackwell will accept service for Express Scripts and will agree to be bound by the confidentiality order. We also understand our deadline to respond for Express Scripts to be October 24th.

Thank you,

**Kate Ledden** 🔊
*(she/her/hers)*
**Senior Associate**
Direct: 314-480-1719
Kate.Ledden@huschblackwell.com

---

**From:** Emily.Robey-Phillips@hklaw.com <Emily.Robey-Phillips@hklaw.com>
**Sent:** Thursday, October 3, 2024 11:36 AM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Jeremy.Sternberg@hklaw.com; Andrew.Solinger@hklaw.com; Krithika.Rajkumar@hklaw.com; Ledden, Kate <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; Smith, Chris <chris.smith@huschblackwell.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

[EXTERNAL EMAIL]

Julia,

Thank you.  Holland & Knight will accept service for Accredo, and I understand that Husch Blackwell will do so for Express Scripts.  For Accredo, we agree to be bound by the confidentiality order.  I understand that Husch Blackwell will do so for Express Scripts.

Based on this, we understand the deadline for both Accredo and Express Scripts to respond to be October 24.

Thank you,

**Emily Robey-Phillips | Holland & Knight**
She|Her|Hers
Associate
Holland & Knight LLP
10 St. James Avenue, 11th Floor | Boston, Massachusetts 02116
Office 617.854.1466 | Cell 404.285.8954
emily.robey-phillips@hklaw.com | www.hklaw.com

_____

Add to address book | View professional biography

---

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Wednesday, October 2, 2024 6:30 PM
**To:** Robey-Phillips, Emily (BOS - X71466) <Emily.Robey-Phillips@hklaw.com>; pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Sternberg, Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Solinger, Andrew (NSH - X68062) <Andrew.Solinger@hklaw.com>; Rajkumar, Krithika (BOS - X75857) <Krithika.Rajkumar@hklaw.com>; Kate Ledden <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; chris.smith@huschblackwell.com
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

*[External email]*
Emily,

Thanks for your email.  We do not agree that ESI and Accredo need any of this information to address an appropriate scheduling proposal.  Nonetheless, we will provide answers to your questions as promptly as feasible.  Before doing so, please confirm that counsel for Express Scripts and Accredo agree to be bound by the Discovery Confidentiality Order (enclosed here for reference).  We also ask that counsel for SaveOnSP confirm that materials designated thereunder now can be shared with ESI and Accredo.

As you know, JJHCS docketed the Amended Complaint today, which I have enclosed here for reference.  Please confirm whether ESI and Accredo agree to waive service and summons and accept this email as service of the Amended Complaint.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

---

**From:** Emily.Robey-Phillips@hklaw.com <Emily.Robey-Phillips@hklaw.com>
**Sent:** Wednesday, October 2, 2024 4:39 PM
**To:** Long, Julia (x2878) <jlong@pbwt.com>; pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Jeremy.Sternberg@hklaw.com; Andrew.Solinger@hklaw.com; Krithika.Rajkumar@hklaw.com; Kate Ledden <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; chris.smith@huschblackwell.com
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

External: Think before you click.

Counsel,

We write to respond to your letter dated September 30, 2024. As you know, because Accredo and Express Scripts are not yet parties to this litigation, we lack access to substantial information required to evaluate the proposal contained in your letter. So that we may properly evaluate that proposal, please provide the following documents and information:

- Party productions:
    - Total number of documents produced per party;
    - Total number of pages produced per party;
    - Total volume of and types of data produced per party.
- Non-party productions (aside from ESI and Accredo):
    - Identification of non-parties who have produced documents (other than Accredo and Express Scripts)
    - Total number of documents produced per non-party;
    - Total number of pages produced per non-party;
    - Total volume of and types of data produced per non-party.
- Discovery matters:
    - All discovery letters for this litigation.

Once we have received this information, we will be able to provide realistic timeline estimates and deadlines.

Thank you,

**Emily Robey-Phillips | Holland & Knight**
She|Her|Hers
Associate
Holland & Knight LLP
10 St. James Avenue, 11th Floor | Boston, Massachusetts 02116

Office 617.854.1466 | Cell 404.285.8954
emily.robey-phillips@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Long, Julia (x2878) <jlong@pbwt.com>
**Sent:** Monday, September 30, 2024 6:17 PM
**To:** pselendy@selendygay.com; Andrew Dunlap <adunlap@selendygay.com>; Wohlforth, E. Evans <ewohlforth@rc.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Galli, Sabrina M. <SGalli@rc.com>; ~mberman@hdrbb.com <mberman@hdrbb.com>; Sternberg, Jeremy M (BOS - X71476) <Jeremy.Sternberg@hklaw.com>; Solinger, Andrew (NSH - X68062) <Andrew.Solinger@hklaw.com>; Robey-Phillips, Emily (BOS - X71466) <Emily.Robey-Phillips@hklaw.com>; Rajkumar, Krithika (BOS - X75857) <Krithika.Rajkumar@hklaw.com>; Kate Ledden <Kate.Ledden@huschblackwell.com>; Hellmann, Sarah <Sarah.Hellmann@huschblackwell.com>; chris.smith@huschblackwell.com
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; ~jgreenbaum@sillscummis.com <jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-JKS-CLW) // Amended Discovery Scheduling Order

*[External email]*
Counsel:

Please see the attached correspondence.

Best,
Julia

**Julia Long**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2878

**jlong@pbwt.com**

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON | : | |
| HEALTH CARE SYSTEMS INC., | | Civil Action No. 22-2632 (JMV) (CLW) |
| | : | |
| Plaintiff, | : | **ENDORSEMENT OF** |
| vs. | : | **PROTECTIVE ORDER** |
| | | |
| SAVE ON SP, LLC, | : | |
| | | |
| Defendant. | : | |

## EXHIBIT A

I hereby attest that I understand that information or documents marked as Designated Material are provided to me subject to the Order dated November  22,2022 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Designated Material pursuant to the Order.

I further agree that I shall not use Designated Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Designated Material, in any form whatsoever, to others.

I further agree to return or destroy Designated Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Designated Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date:   11/10/2023                          Date:   11/10/2023

By:    /s/Jeremy M. Sternberg             By:    /s/Andrew Solinger

Date:   11/10/2023                          Date:   11/10/2023

By:  /s/Krithika Rajkumar                   By:  /s/Sarah Hellmann

Date:   11/10/2023                          Date:   11/10/2023

By:  /s/Chris Smith                          By:   /s/ Kate Ledden

# Exhibit 4



www.pbwt.com

December 3, 2024

Folasade K. Famakinwa
(212) 336-2202

**By Email**

Kate Ledden, Esq.
Husch Blackwell, LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105

> Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> ___Case No. 2:22-cv-02632 (JKS) (CLW)___

Dear Kate:

We write concerning redactions to Protected Health Information ("PHI") in Express Scripts, Inc.'s ("ESI") document productions.

To date, we have identified over 500 documents in ESI's productions containing PHI redactions. *See*, *e.g.*, Express_Scripts_1350_00041023, Express_Scripts_1350_00092695, and Express_Scripts_1350_00082770.

As you know, the parties litigated the permissibility of redactions for PHI before ESI made these productions pursuant to the third-party subpoena. The Court in the Eastern District of Missouri action then granted JJHCS's motion to compel unredacted PHI in ESI's productions. *See* Nov. 17, 2023 E.D. Mo. Order at 2 (holding that "the data produced by Express Scripts must not be anonymized or otherwise manipulated in any manner except by agreement of the parties."). Given this record, we are surprised that ESI appears to have chosen to disregard a binding court order.

In addition, there is a HIPAA-compliant Protective Order in this litigation, which ESI agreed to be bound by. *See* Oct. 3, 2024 Email from K. Ledden to J. Long. The Protective Order permits documents with PHI to be shared between the parties without any harm to patient privacy. *See* 45 C.F.R. 164.512(e)(1)(v)(A) (a HIPAA-compliant protective order "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested"). JJHCS and SaveOnSP have routinely produced documents and data containing PHI without redactions in reliance on that Protective Order.

By December 10, 2024, please confirm that ESI agrees to remove any PHI redactions and reproduce all affected documents. Please also confirm that no such redactions will be applied to future productions.

Kate Ledden, Esq.
December 3, 2024
Page 2


Very truly yours,

*/s/ Folasade K. Famakinwa*
Folasade K. Famakinwa

# Exhibit 5



December 3, 2024

Folasade K. Famakinwa
(212) 336-2202

**By Email**

Emily Robey-Phillips, Esq.
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116

> Re:   ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> ***Case No. 2:22-cv-02632 (JKS) (CLW)***

Dear Emily:

We write concerning redactions to Protected Health Information ("PHI") and Confidential Health Information ("CHI") in Accredo Health Group, Inc.'s ("Accredo") document productions. To date, we have identified over 600 documents in Accredo's productions containing PHI/CHI redactions. *See, e.g.*, ACCREDO00000054, ACCREDO00023459, and ACCREDO00024251. We ask that you promptly reproduce these documents without redactions.

As you know, there is a HIPAA-compliant Protective Order in this litigation, which Accredo agreed to be bound by. *See* Oct. 3, 2024 Email from E. Robey-Phillips to J. Long. The Protective Order permits documents with PHI/CHI to be shared between the parties without any harm to patient privacy. *See* 45 C.F.R. 164.512(e)(1)(v)(A) (a HIPAA-compliant protective order "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested[.]"); *see also* Sept. 22, 2023 Ltr. from H. Sandick to A. Solinger at 2; Oct. 18, 2023 Ltr. from H. Sandick to A. Solinger at 1; Nov. 13, 2023 Ltr. from H. Sandick to A. Solinger at 1–2. JJHCS and SaveOnSP have routinely produced documents and data containing PHI without redactions in reliance on that Protective Order. In addition, Accredo's corporate affiliate Express Scripts, Inc. has been ordered to produce unredacted PHI. *See* Nov. 17, 2023 E.D. Mo. Order at 2 (holding that "the data produced by Express Scripts must not be anonymized or otherwise manipulated in any manner except by agreement of the parties.").

By December 10, 2024, please confirm that Accredo agrees to remove any PHI/CHI redactions and reproduce all affected documents. Please also confirm that no such redactions will be applied to future productions.

Very truly yours,

*/s/ Folasade K. Famakinwa*
Folasade K. Famakinwa

# Exhibit 6

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JOHNSON & JOHNSON
HEALTH CARE SYSTEMS INC.,

     Plaintiff,

v.

     No. 4:23-mc-00527-SEP

EXPRESS SCRIPTS, INC.,

     Defendant.

---

**ORDER REGARDING PROTOCOL
FOR THE PRODUCTION OF EXPRESS SCRIPTS' DATA**

Before the Court is Johnson & Johnson Health Care Systems Inc.'s motion to compel
production from non-party Express Scripts, Inc.  Doc. [4].  On August 10, 2023, this Court heard
argument on the motion and directed the parties to each file a proposal regarding Request No. 29.
Request No. 29 relates to transaction data consisting of non-party prescription data for Express
Scripts member patients who filled prescriptions for at least one of the Janssen drugs at issue at
any pharmacy other than Accredo and regardless of whether that member participated in the
SaveOnSP program at issue in the underlying dispute.  On August 18, 2023, the parties filed their
respective responses to the Court's August 10, 2023, order.  On August 23, 2023, Express Scripts
filed a response to JJHCS's proposal related to Request No. 29, further explaining its position on
deanonymizing personal patient identifying information in any data production.  Having
considered the parties' competing proposals, Johnson & Johnson's motion to compel is
**GRANTED** as to Request No. 29 as described below.

     **IT IS HEREBY ORDERED** that Defendant Express Scripts, Inc. shall comply with
Request No. 29 in Plaintiff Johnson & Johnson Health Care Systems Inc.'s January 13, 2023,
Subpoena for the Production of Documents, as follows:

     No later than December 29, 2023, Express Scripts must produce, for the period January 1,
2017, to the present, electronic prescription-level transaction data for all patients who filled a
prescription for one or more of five specific Janssen drugs (to be identified by JJHCS and
provided to Express Scripts no later than December 1, 2023) at a non-Accredo[1] pharmacy.

---

[1] The Court is holding in abeyance JJHCS's requests to compel data pertaining to transactions involving
Accredo.  *See* Doc. 25; Aug. 10, 2023 Tr. at 91:1–10, 114:11–115:7.

Data should indicate whether a patient was on a plan that offered the SaveOnSP Program, and if such patient enrolled in the Program, to the extent that information is maintained by Express Scripts. Specifically, the data should distinguish between patients who (a) had the option to enroll in the SaveOnSP Program and accepted; (b) had the option to enroll and declined; and (c) never had the option to enroll.

Express Scripts must also produce the following fields of data:

- Every "standard" claims field set forth in the confidential attachment provided by Express Scripts to JJHCS on August 15, 2023, *see* Doc. 31-1, except that per the parties' agreement, Express Scripts need not produce data corresponding to the field set forth in Row 16 to that attachment.

- Amount paid by manufacturer assistance fund.

- Plan type (e.g., HMO, PPO).

- Patient deductible amount paid (i.e., separate from patient copay amount).

- Field specifying whether patient was enrolled in the SaveOnSP Program at the time of the transaction.

- Last four digits of the patient's social security number.

- Separate components of Express Scripts's PROVIDER_PAID_AMT field, i.e.:

  - Ingredient Cost.

  - Dispensing Fee.

  - Sales Tax.

**IT IS FURTHER ORDERED** that the data produced by Express Scripts must not be anonymized or otherwise manipulated in any manner except by agreement of the parties.

**IT IS FINALLY ORDERED** that any costs related to Express Scripts's compliance will be borne by Express Scripts.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2023.

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

# Exhibit 7

# HUSCH BLACKWELL

Sarah C. Hellmann
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1920
Fax: 314.480.1505
sarah.hellmann@huschblackwell.com

December 23, 2024

**Via Email (sfamakinwa@pbwt.com)**

Folasade K. Famakinwa, Esq.
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10030

      Re:    *Johnson & Johnson Health Care Systems Inc. v. Save on SP, LLC*,
                Case No. 2:22-cv-02632-(JKS)(CLW)

Dear Counsel:

I write in response to your December 3, 2024 letter regarding certain redactions to Protected Health Information ("PHI") and Confidential Health Information ("CHI") in Express Scripts, Inc.'s ("Express Scripts") document productions.

We acknowledge the HIPAA-compliant Protective Order in this litigation and Express Scripts' agreement to abide by it. However, the Protective Order does not compel the production of unredacted PHI. In your own words, the Protective Order "permits" documents with PHI/CHI to be shared between parties. *See* 45 C.F.R. 164.512(e)(1) ("A covered entity may disclose protected health information in the course of any judicial or administrative proceeding" (emphasis added)). This regulation does not mandate that documents with PHI be shared in an unredacted manner.

While we understand that other parties have produced PHI in accordance with the Protective Order, Express Scripts is not obligated to do so. As you point out in your letter, Express Scripts was ordered to produce certain *data* deanonymized. This order does not apply to the documents at issue here nor, as you have suggested, has Express Scripts "chosen to disregard" a court order.

The applicable regulations explicitly limit the scope of PHI disclosures, even when disclosed for authorized purposes. Specifically, covered entities may disclose "only the protected health information expressly authorized" with respect to a court order. 45 C.F.R. 164.512(e)(1)(i). Here, there has been no order for Express Scripts to produce unredacted PHI. Additionally, the federal regulations are clear that when disclosing PHI, reasonable efforts must be made to limit PHI "to the <u>minimum necessary</u> to accomplish the intended purpose of the use, disclosure, or request." 42 C.F.R. 164.502(b) (emphasis added). While it is true that the minimum necessary

**HUSCH BLACKWELL**

Folasade K. Famakinwa, Esq
December 23, 2024
Page 2

standard does not apply to disclosures required by law, there has been no disclosure required by law and thus this exception does not apply. *See* 42 C.F.R. 164.502(b)(2).

Your letter does not provide any specificity whatsoever about the PHI you seek or for what purpose the PHI will be used. It is therefore impossible for Express Scripts to evaluate the minimum necessary PHI to disclose, if any, to respond to your requests. Please provide additional information about what information you need, and for what purpose, so that we may evaluate the reasonableness of your request, in light of the above.

Very truly yours,

HUSCH BLACKWELL LLP

*/s/ Sarah C. Hellmann*

Sarah C. Hellmann

# Exhibit 8

# Holland & Knight

Nashville City Center | 511 Union Street, Suite 2700 | Nashville, TN 37219 | T 615.244.6380 | F 615.244.6804
Holland & Knight LLP | www.hklaw.com

Andrew Solinger
+1 615-850-8062
Andrew.Solinger@hklaw.com

December 23, 2024

*Via E-mail (sfamakinwa@pbwt.com)*

Folasade K. Famakinwa, Esq.
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

   Re:  Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, Case No. 2:22-
       cv-02632 (JKS) (CLW)

Dear Counsel:

I write in response to your December 3, 2024 letter regarding certain redactions to Protected Health
Information ("PHI") and Confidential Health Information ("CHI") in Accredo Health Group,
Inc.'s ("Accredo") document productions.

We acknowledge the HIPAA-compliant Protective Order in this litigation and Accredo's
agreement to abide by it. However, the Protective Order does not *compel* the production of
unredacted PHI. In your own words, the Protective Order "permits" documents with PHI/CHI to
be shared between parties. *See* 45 C.F.R. 164.512(e)(1) ("A covered entity *may* disclose protected
health information in the course of any judicial or administrative proceeding" (emphasis added)).
This regulation does not mandate that documents with PHI be shared in an unredacted manner.

While we understand that other parties have produced PHI in accordance with the Protective Order,
Accredo is not *obligated* to do so. As you point out in your letter, Express Scripts, Inc. ("ESI")
was ordered to produce certain deanonymized data. While it is true that ESI is a corporate affiliate
of Accredo, ESI and Accredo are separate entities. Even if this order were to apply to the
documents at issue here, it would not apply to Accredo.

Further, the applicable regulations explicitly limit the scope of PHI disclosures, even when
disclosed for authorized purposes. Specifically, covered entities may disclose "only the protected
health information expressly authorized" with respect to a court order. 45 C.F.R. 164.512(e)(1)(i).
Here, there has been no order for Accredo to produce unredacted PHI. In the absence of an order

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Folasade K. Famakinwa, Esq.
December 23, 2024
Page 2

for Accredo to produce unredacted PHI, Counsel does not have the ability to request that all PHI be disclosed so that it may undertake a fishing expedition into inherently private and personal data without any stated purpose.

Additionally, the federal regulations are clear that when disclosing PHI, reasonable efforts must be made to limit PHI "to the <u>minimum necessary</u> to accomplish the intended purpose of the use, disclosure, or request." 42 C.F.R. 164.502(b) (emphasis added). While it is true that the minimum necessary standard does not apply to disclosures required by law, there has been no scenario under 42 C.F.R. 164.512(e) that rises to the level of a disclosure being required by law. As such, this scenario does not fall under an exception to the rule, and the minimum necessary standard governs. *See* 42 C.F.R. 164.502(b)(2).

Finally, we note that Accredo has already re-produced documents to unredact certain fields (e.g. patient names) at *your* request. *See, e.g.*, Dec. 8, 2023 Ltr. from H. Sandick to A. Solinger. It is not clear why you have changed your view on which data fields are necessary—or why this change in view took a year from when the partially unredacted data was re-produced. Indeed, your most recent letter does not provide any specificity whatsoever about the PHI you seek or for what purpose the PHI will be used. It is therefore impossible for Accredo to evaluate the minimum necessary PHI to disclose, if any, to respond to your requests. Please provide additional information about what information you need, and for what purpose, so that we may evaluate the reasonableness of your request, in light of the above.

Best regards,

HOLLAND & KNIGHT LLP

Andrew Solinger

# Exhibit 9





January 14, 2025

Harry Sandick
Partner
(212) 336-2723
(212) 336-1215 Direct Fax
hsandick@pbwt.com

Kate Ledden, Esq.
Husch Blackwell, LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105

> **Re:** **Express Scripts' PHI/CHI Redactions**
> ***Johnson & Johnson Health Care Systems Inc. v. Express Scripts, Inc.,***
> **Case No. 4:23-mc-527-SEP (E.D. Mo.)**

Dear Kate:

      Thank you for meeting and conferring with us on January 10, 2025 with respect to your redactions to Protected Health Information ("PHI") and Confidential Health Information ("CHI") in Express Scripts, Inc.'s ("Express Scripts") document productions. We write further to that discussion and our previous correspondence. *See* Dec. 3, 2024 Ltr. from F. Famakinwa to K. Ledden; Dec. 23, 2024 Ltr. from S. Hellmann to F. Famakinwa.

      As discussed on January 10, the Protective Order in this litigation, with which all parties have agreed to abide, requires Express Scripts to produce discovery materials with PHI or CHI in unredacted form. *See* Discovery Confidentiality Order, ¶ 3(c) ("[T]he parties **shall produce** Discovery Material containing Confidential Health Information . . . **without redaction**.") (emphasis added). The Protective Order exists to ensure documents with PHI can be shared in the litigation without any harm to patient privacy. *Id.* ¶ 3(d) (explaining the Protective Order protects patient privacy, as it constitutes a Qualified Protective Order under HIPAA, citing 45 C.F.R. § 164.512(e)(1)(ii)).

      Furthermore, as explained during our January 10 meeting, JJHCS has a legitimate basis for its request that Express Scripts produce unredacted documents and data pursuant to the Protective Order. JJHCS needs to review the unredacted PHI and CHI in Express Scripts' discovery materials in order to prepare for trial. At trial, JJHCS will need to prove that JJHCS and patients have suffered harm as a result of the SaveOnSP program. The documents and data produced in discovery and those maintained in JJHCS's own files cannot be linked to specific patients if PHI and CHI are redacted.

      We have considered your proposal that JJHCS narrow the PHI it seeks to a list of specific categories. The proposal is untenable. At this time, with fact discovery ongoing, we cannot identify with certainty the particular types of PHI that will be necessary for us to cross-reference patient information across the parties' documents. In discussing patient experiences and responding to patient complaints about the SaveOnSP program, the documents contain different types of information for different patients. For instance, in some communications, Defendants refer to a patient only using an identification number. In other communications, Defendants refer

Kate Ledden, Esq.
January 14, 2025
Page 2

to a patient by name and either do not include an identification number or the identification number
has been redacted. Certain documents discussing a patient's experience with the SaveOnSP
program include the patient's prescription drug information or their diagnosis, but this is not
always the case.

   Given the inconsistent manner in which patients are identified and discussed, any
limitation on the types of PHI disclosed will frustrate JJHCS's ability to cross-reference
information about specific patients. In short, Express Scripts' proposal will lead only to seriatim
relitigation of this issue, with no corresponding benefit either to the parties or the patients.

   We share your commitment to safeguarding patient confidentiality. This is why
JJHCS sought and obtained a HIPAA-compliant protective order at the outset of discovery in
November 2022. In light of the Protective Order and its protections specifically tailored toward
this objective, and given JJHCS's legitimate need for the PHI and CHI in this litigation and the
infeasibility of a category-by-category approach, we request that Express Scripts reproduce its
documents with all PHI and CHI redactions removed.

   Please confirm by January 17, 2025 that Express Scripts will comply with this
request. If Express Scripts refuses to do so, JJHCS will seek relief from the Court.


       Very truly yours,


       */s/ Harry Sandick*
       Harry Sandick

15456876

# Exhibit 10



www.pbwt.com

Harry Sandick
Partner
(212) 336-2723
(212) 336-1215 Direct Fax
hsandick@pbwt.com

January 14, 2025

Andrew Solinger, Esq.
Holland & Knight, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

> **Re:** **Accredo's PHI/CHI Redactions**
> ***Johnson & Johnson Health Care Systems Inc. v. Accredo Health Group,***
> **Case No. 2:23-mc-00019-JTF-tmp (W.D. Tenn.)**

Dear Andrew:

Thank you for meeting and conferring with us on January 10, 2025 with respect to your redactions to Protected Health Information ("PHI") and Confidential Health Information ("CHI") in Accredo Health Group's ("Accredo") document productions. We write further to that discussion and our previous correspondence. *See* Dec. 3, 2024 Ltr. from F. Famakinwa to E. Robey-Phillips; Dec. 23, 2024 Ltr. from A. Solinger to F. Famakinwa.

As discussed on January 10, the Protective Order in this litigation, with which all parties have agreed to abide, requires Accredo to produce discovery materials with PHI or CHI in unredacted form. *See* Discovery Confidentiality Order, ¶ 3(c) ("[T]he parties **shall produce** Discovery Material containing Confidential Health Information . . . **without redaction**.") (emphasis added). The Protective Order exists to ensure documents with PHI can be shared in the litigation without any harm to patient privacy. *Id.* ¶ 3(d) (explaining the Protective Order protects patient privacy, as it constitutes a Qualified Protective Order under HIPAA, citing 45 C.F.R. § 164.512(e)(1)(ii)).

Furthermore, as explained during our January 10 meeting and on many prior occasions, JJHCS has a legitimate basis for its request that Accredo produce unredacted documents and data pursuant to the Protective Order. JJHCS needs to review the unredacted PHI and CHI in Accredo's discovery materials in order to prepare for trial. At trial, JJHCS will need to prove JJHCS and patients have suffered harm as a result of the SaveOnSP program. The documents and data produced in discovery and those maintained in JJHCS's own files cannot be linked to specific patients if PHI and CHI are redacted.

We have considered your proposal that JJHCS narrow the PHI it seeks to a list of specific categories. The proposal is untenable. At this time, with fact discovery ongoing, we cannot identify with certainty the particular types of PHI that will be necessary for us to cross-reference patient information across the parties' documents. In discussing patient experiences and responding to patient complaints about the SaveOnSP program, the documents contain different types of information for different patients. For instance, in some communications, Defendants refer to a patient only using an identification number. In other communications, Defendants refer

Andrew Solinger, Esq.
January 14, 2025
Page 2

to a patient by name and either do not include an identification number or the identification number
has been redacted.  Certain documents discussing a patient's experience with the SaveOnSP
program include the patient's prescription drug information or their diagnosis, but this is not
always the case.

Given the inconsistent manner in which patients are identified and discussed, any
limitation on the types of PHI disclosed will frustrate JJHCS's ability to cross-reference
information about specific patients.  In short, Accredo's proposal will lead only to seriatim
relitigation of this issue, with no corresponding benefit either to the parties or the patients.

We share your commitment to safeguarding patient confidentiality.  This is why
JJHCS sought and obtained a HIPAA-compliant protective order at the outset of discovery in
November 2022.  In light of the Protective Order and its protections specifically tailored toward
this objective, and given JJHCS's legitimate need for the PHI and CHI in this litigation and the
infeasibility of a category-by-category approach, we request that Accredo reproduce its documents
with all PHI and CHI redactions removed.

Please confirm by January 17, 2025 that Accredo will comply with this request.  If
Accredo refuses to do so, JJHCS will seek relief from the Court.

Very truly yours,

*/s/ Harry Sandick*
Harry Sandick

15458832

# Exhibits 11-20 Confidential Filed Under Seal

# Exhibit 21

# Holland & Knight

Nashville City Center | 511 Union Street, Suite 2700 | Nashville, TN 37219 | T 615.244.6380 | F 615.244.6804
Holland & Knight LLP | www.hklaw.com

Andrew Solinger
+1 615-850-8062
Andrew.Solinger@hklaw.com

January 16, 2025

*Via E-mail (hsandick@pbwt.com)*

Harry Sandick, Esq.
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

> Re:    JJHCS v. SaveOnSP, LLC, No. 2:23-mc-00019-JTF-tmp – Discovery Response
> From Accredo Health Group, Inc.

Dear Counsel:

I am writing in response to your January 14, 2025 letter.

As an initial matter, sending a letter demanding a response within three days is unreasonable. Nonetheless, we have conferred with our client and are responding within your arbitrary deadline.

In our meet-and-confer last week, we discussed the need to adhere to the minimum necessary rule under HIPAA and that a HIPAA-compliant protective order does not somehow trump Accredo's obligations under the law. On the call, you agreed that there were likely categories of PHI that you, in fact, did not need. And you agreed to come back to us with a proposal focused on the types of PHI that you believed would accomplish your stated goal of cross-referencing patients across documents. In fact, your letter notes several such types of PHI (e.g. patient identification numbers, names, drug information, diagnoses).

We are, therefore, surprised to receive your letter disposing of this construct, and instead seeking *everything* regardless of whether it could conceivably be of any utility in your stated purpose.

We are committed to ensuring our client's compliance with the law, and we remain willing to consider voluntarily providing additional unredacted PHI that you articulate a need for. But, again, a request for *everything* regardless of its conceivable ability to serve your stated purpose is entirely untenable.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Harry Sandick, Esq.
January 16, 2025
Page 2

Please reconsider your reasoning and we remain willing to consider a tailored proposal as discussed on our call.

Best regards,

HOLLAND & KNIGHT LLP

Andrew Solinger

cc:    George LoBiondo (globiondo@phwt.com)
       Alex Mahler-Haug (amahlerhaug@pbwt.com)
       Lucas Elliot (lelliot@fbtlaw.com)

# Exhibit 22

# HUSCH BLACKWELL

Sarah C. Hellmann
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1920
Fax: 314.480.1505
sarah.hellmann@huschblackwell.com

January 16, 2025

*Via E-mail (hsandick@pbwt.com)*

Harry Sandick, Esq.
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

> Re:  *JJHCS v. Express Scripts, Inc.*, Case No. 4:23-mc-527-SEP (E.D. Mo.) –
>      Discovery Response from Express Scripts, Inc.

Dear Counsel:

I am writing in response to your January 14, 2025 letter.

As an initial matter, sending a letter demanding a response within three days is unreasonable. Nonetheless, we have conferred with our client and are responding within your arbitrary deadline.

In our meet-and-confer last week, we discussed the need to adhere to the minimum necessary rule under HIPAA and that a HIPAA-compliant protective order does not somehow trump Express Scripts' obligations under the law. On the call, you agreed that there were likely categories of PHI that you, in fact, did not need. And you agreed to come back to us with a proposal focused on the types of PHI that you believed would accomplish your stated goal of cross-referencing patients across documents. In fact, your letter notes several such types of PHI (e.g. patient identification numbers, names, drug information, diagnoses).

We are, therefore, surprised to receive your letter disposing of this construct, and instead seeking *everything* regardless of whether it could conceivably be of any utility in your stated purpose.

We are committed to ensuring our client's compliance with the law, and we remain willing to consider voluntarily providing additional unredacted PHI that you articulate a need for. But, again, a request for *everything* regardless of its conceivable ability to serve your stated purpose is entirely untenable.

**HUSCH BLACKWELL**

Harry Sandick, Esq.
January 16, 2025
Page 2


Please reconsider your reasoning and we remain willing to consider a tailored proposal as discussed on our call.

Sincerely,

HUSCH BLACKWELL LLP

*/s/ Sarah C. Hellmann*

Sarah C. Hellmann

**HARTMANN DOHERTY
ROSA BERMAN & BULBULIA**
Limited Liability Partnership      Attorneys At Law

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

February 13, 2025

**VIA ECF & EMAIL**

Hon. Freda L. Wolfson
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

**Express Scripts' and Accredo's Opposition to JJHCS's Motion
to Compel the Production of Documents Without Redaction**

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, et al.***
       **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of Express Scripts, Inc. ("Express Scripts") and Accredo Health Group, Inc.

("Accredo"), we write to oppose Johnson & Johnson Health Care Systems Inc.'s ("JJHCS")

motion to compel Express Scripts and Accredo to produce documents without redacting Protected

Health Information ("PHI") (the "Motion").[1] JJHCS seeks unfettered access to thousands of

patients' PHI – which HIPAA prohibits. The HIPAA-compliant Qualified Protective Order entered

in this matter, *see* ECF No. 62 (the "Protective Order"), does not override HIPAA, which only

permits Express Scripts and Accredo to produce the minimum necessary PHI. The parties started

a meet-and-confer process on this issue but JJHCS cut it short.  Therefore, Your Honor should

deny JJHCS's Motion or, alternatively, require JJHCS to articulate specific PHI it needs and the

reasons why it needs them, to allow Express Scripts and Accredo to make a production in

compliance with, and without violating, HIPAA.

---

[1] Although JJHCS attempts to obscure the matter by referring to the information as *Confidential* Health Information ("CHI"), the information at issue in the Motion is undeniably *Protected* Health Information under the Health Insurance Portability and Accountability Act ("HIPAA"). PHI is a more narrowly defined category of information entitled to greater protections. *See* Protective Order ¶ 3(a) (defining CHI).

Hon. Freda L. Wolfson
February 13, 2025
Page 2

## I.   RELEVANT BACKGROUND

JJHCS served third-party subpoenas on Express Scripts and Accredo before seeking leave

to add them as defendants. After Express Scripts and Accredo resisted JJHCS's overbroad

requests, JJHCS filed motions to compel in the Eastern District of Missouri and the Western

District of Tennessee.  These courts denied the motions in part and granted them in part.

In response to the court orders, Express Scripts and Accredo produced substantial amounts

of documents and data—including patient-specific data.  Accredo made its production first,

redacting all PHI in accordance with HIPAA.  Dissatisfied with the redactions, JJHCS asked

Accredo to reproduce the patient data with certain fields unredacted. *See* Ex. 1 (Nov. 13, 2023 Ltr.

from Sandick to Solinger at 2). Because a HIPAA-compliant Qualified Protective Order was in

place, and because JJHCS was able to articulate reasons *why* certain fields were necessary,

Accredo was permitted under HIPAA to reproduce the data with these specific fields unredacted.

*See* Ex. 2 (Dec. 12, 2023 Ltr. from Solinger to Sandick). Thereafter, Accredo and Express Scripts

produced patient data with the precise fields JJHCS had requested unredacted.

Almost a year has passed since the last data production and JJHCS only now has demanded

more PHI. This time around, however, JJHCS has refused to articulate reasons why the additional

PHI is necessary and, hence, permissible.  Consequently, Express Scripts and Accredo are

prohibited under HIPAA from producing the requested data.

JJHCS asserts in a conclusory manner that "Accredo's and Express Scripts' CHI redactions

will interfere with JJHCS's ability to investigate and prove its claims at trial" and that it needs

patient identifying information to cross-reference patient records obtained from SaveOnSP,

Accredo, Express Scripts, and its own files. Motion at 2.  Notably absent from this argument is

identification of the *specific* fields JJHCS needs or any articulation of the reasons why those fields

Hon. Freda L. Wolfson
February 13, 2025
Page 3

are necessary. Accredo and Express Scripts requested these exact details because those they are

required to comply with HIPAA. In the parties' meet and confer, JJHCS's counsel initially agreed

to confer with its client to determine which fields were necessary but then backtracked in

correspondence, reasserting its refusal to provide any explanations whatsoever. *See* Ex. 3 (Feb. 3,

2025 Ltr. from Sandick to Solinger); Ex. 4 (Feb. 3, 2025 Ltr. from Sandick to Hellmann).

## II. FEDERAL HIPAA REGULATIONS PROHIBIT EXPRESS SCRIPTS AND ACCREDO FROM PRODUCING MORE PHI THAN THE MINIMUM NECESSARY.

HIPAA's regulations are clear: Express Scripts and Accredo must take reasonable efforts

to limit disclosure of PHI "to the *minimum necessary* to accomplish the intended purpose of the

use, disclosure, or request." 42 C.F.R. § 164.502(b) (emphasis added). Express Scripts and

Accredo have worked to comply with this requirement by requesting that JJHCS provide the

information necessary for Express Scripts and Accredo to confirm that the data JJHCS seeks is

indeed "necessary."

Although the Protective Order § 3(c) provides for parties to "produce Discovery Material

containing Confidential Health Information . . . without redaction," Express Scripts and Accredo

must comply with both the Protective Order *and* HIPAA and its regulations. The Protective Order

does not explicitly require that Express Scripts and Accredo produce all PHI without regard to

HIPAA's "minimum necessary" rule. *See* 42 C.F.R. § 164.502(b).  Thus, absent a more explicit

court order, or an explanation from JJHCS sufficient to overcome the "minimum necessary" rule,

Express Scripts and Accredo are barred from producing more PHI.

Hon. Freda L. Wolfson
February 13, 2025
Page 4

### III.  JJHCS HAS FAILED TO ARTICULATE REASONS WHY MORE PHI IS NECESSARY.

JJHCS has a simple path to obtaining the data it seeks: explaining why it needs such data.

Indeed, the Protective Order § 6(b) prohibits JJHCS from "us[ing]" PHI beyond "the minimum

necessary."  Yet JJHCS has refused to explain why the information it already has received is not

the minimum necessary, or articulate reasons why the additional information it has requested also

is the minimum necessary, going so far as to renege on an agreement to do just that. Until JJHCS

provides such reasons (or Your Honor orders otherwise), Express Scripts and Accredo may not

lawfully produce full, unredacted PHI.

### CONCLUSION

For the foregoing reasons, Your Honor should deny JJHCS's Motion.  Alternatively, Your

Honor should order JJHCS to resume its meet and confer with Express Scripts and Accredo so

JJHCS can comply with HIPAA's "minimum necessary" requirement.

Respectfully submitted.

Mark A. Berman, Esq.

W/exhibits

cc: All Counsel of Record (via ECF)

# **<u>Exhibit 1</u>**



www.pbwt.com

November 13, 2023

Harry Sandick
(212) 336-2723

Andrew Solinger, Esq.
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, TN 37219

   **Re:**  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLP,***
      __Case No. 2:23-mc-00019-JTF-tmp (W.D. Tenn.)__

Dear Andrew:

    We write in response to your October 20 letter with respect to Accredo's subpoena compliance obligations in the above-captioned matter.

    _Exception Reports_:  You assert that it "remains unclear to us what the *litigation* purpose for this [Protected Health Information (PHI)] would be—as opposed to the *business* purpose that the New Jersey court has already addressed in rejecting JJHCS's attempts to share PHI outside of the limited set of its counsel."  Oct. 20, 2023 Ltr. from A. Solinger to H. Sandick at 1.  As an initial matter, given the existence of a HIPAA-compliant protective order, there is no basis at this point in the proceedings for Accredo to decline to produce unredacted documents to JJHCS.  The HIPAA-compliant protective order in this matter exists to permit documents with PHI to be shared in litigation without any harm to patient privacy.  45 C.F.R. 164.512(e)(1)(v)(A) (stating that a HIPAA-compliant protective order "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested[.]"); *see also Allgood v. Baptist Memorial Medical Group, Inc.*, No. 19-2323-JTF-tmp, 2020 WL 86455, at \*4 (W.D. Tenn. Jan. 7, 2020) ("[T]he court has already entered a protective order regarding personal health information that may be disclosed in the course of this case. . . .  The privacy interests of patients at Baptist are thus reasonably protected.").  Given the protective order and this Court's July 24, 2023 order compelling Accredo to produce the exception reports, Accredo should produce all exception reports in unredacted form and without further delay.

    In any event, JJHCS's need for unredacted documents is easily explained.  As we have explained to you on multiple occasions, PHI must be included in the exception reports so that JJHCS can match up exception reports to other documents and data in our possession.  To match a patient whose request for a prescription has been rejected due to their failure to be enrolled in the SaveOnSP program with other information about that same patient, we need to know which

Andrew Solinger, Esq.
November 13, 2023
Page 2

patients are being turned away at Accredo.  Only through the production of unredacted exception reports can JJHCS make this determination.

   For example, if a patient calls CarePath or SaveOnSP to complain about their prescription not being filled, we need to be able to establish that this particular patient was actually turned away due to their failure to enroll in SaveOnSP as opposed to some other reason.  JJHCS will use this information for purposes of establishing SaveOnSP's liability and damages for tortious interference with contract, by showing that a given prescription fill was conditioned on the patient's willingness to breach the terms and conditions of the CarePath program.  This information will also allow JJHCS to prove the harm suffered by patients who, for example, may have had their medication delayed due to a "rejection 73" when they tried to fill their prescription.  Without the inclusion of PHI, JJHCS cannot match Accredo's exception reports to other patient records.  All JJHCS can prove with the current exception reports is that someone, at some Accredo pharmacy, at some point in time, was turned away.  This is why we have described the heavily redacted exception reports as an "island"—there is no "bridge" connecting these redacted documents to the other documents in the case.

   In addition, as we have also explained many times, this request for unredacted exception reports has absolutely nothing to do with the New Jersey Court's June 7, 2023 Order.  The production of documents with an Attorneys Eyes Only designation prevents a party from using those documents for a business purpose.  JJHCS's request for PHI from Accredo is premised on a litigation purpose, not a desire to use the PHI for a business purpose, which would be prohibited by the protective order.

   *Partially unredacted exception reports*:  Thank you for offering to re-produce the exception reports with the patient name field unredacted.  This compromise, however, does not fully address JJHCS's concerns or reasons why it needs PHI because there will likely exist multiple patients who have the same names.  Without an additional PHI field unredacted, it will be extremely difficult to differentiate patients with the same names from one another.  Therefore, JJHCS proposes that Accredo reproduce exception reports under an Attorney Eyes' Only designation with both the patient name and date of birth fields unredacted.  We make this proposal without conceding that any redactions are appropriate and reserving all rights to seek additional PHI if needed to prepare for trial in this matter.

   *Complaints*:  Thank you for agreeing to provide a random sample of 15 patient complaints per month from January 2020 through December 2021 as a means of assessing the burden associated with the production of these documents and in order to better understand the relevance of the documents to the underlying lawsuit.  As discussed during the October 17 meet and confer, we request that Accredo use the full SaveOnSP search term[1] when searching for the patient complaints.  JJHCS also requests that, in addition to the random sampling of patient

---

[1] The full SaveOnSP search term is as follows:  (SaveOn* OR "Save On SP" OR "Save On" OR SOSP).

Andrew Solinger, Esq.
November 13, 2023
Page 3

complaints, Accredo produce complaints made by or on behalf of a list of twenty patients who are in CarePath.  A list of these patients, including names and dates of birth, is attached to this letter as Appendix A.  Please provide an anticipated timeframe within which Accredo will produce this initial sampling of patient complaints.

*       *       *       *

We request that Accredo responds to the issues addressed herein by November 20.

Very truly yours,


*/s/ Harry Sandick*
Harry Sandick

**CONFIDENTIAL HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**
**SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**

## APPENDIX A



| NAME | DATE OF BIRTH |
|------|---------------|
| | |

# **Exhibit 2**

# Holland & Knight

Nashville City Center | 511 Union Street, Suite 2700 | Nashville, TN 37219 | T 615.244.6380 | F 615.244.6804
Holland & Knight LLP | www.hklaw.com

Andrew Solinger
+1 615-850-8062
Andrew.Solinger@hklaw.com

December 12, 2023

*Via E-mail (hsandick@pbwt.com)*

Harry Sandick, Esq.
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

> Re:    JJHCS v. SaveOnSP, LLC, No. 2:23-mc-00019-JTF-tmp – Production of
>        Documents in Response to Third-Party Subpoena – Exception Reports

Dear Counsel:

This letter accompanies the production of documents in response to the January 13, 2023
Subpoena to Produce Documents served on Accredo Health Group, Inc. ("Accredo") and issued
in *JJHCS v. Save On SP, LLC*, No. 22-cv-2632-JMV-CLW (D.N.J.) (the "Third-Party
Subpoena"). As discussed, this production includes the documents responsive to the Third-Party
Subpoena document requests as limited by the Court's July 24, 2023 order. Accredo intends to
fully comply with the Court's order and, again, welcomes the opportunity to work cooperatively
to identify and produce additional responsive documents, subject to Rule 45 and the Court's
order.

This production includes the "exception reports" for 2021 to 2023, as discussed previously with
the agreed-upon redactions. These 622 documents are Bates labelled ACCREDO00000047 -
ACCREDO00000668.

By providing these documents, Accredo does not waive or otherwise intend to compromise any
objection it may have to the Requests served on it. These include, but are not limited to,
objections concerning the form of the Requests, the breadth and scope of the Requests and the
relevance of the documents sought to the investigation. Accredo reserves the right to assert those
objections at a later time.

Please also note that we have not intentionally produced any documents covered by the attorney
client privilege, the work product doctrine, or any other applicable privilege or protection. If any

Harry Sandick, Esq.
December 12, 2023
Page 2

privileged document or material has been included in this production, its production was
inadvertent and should not be considered a waiver of any privilege or protection. In the event
that it becomes apparent that any privileged document(s) may have been inadvertently produced,
please cease all review of these documents and contact me at the number listed above.

Finally, these documents contain "Protected Health Information" as defined by HIPAA, and have
been designated as "Confidential" and "Attorneys' Eyes Only," pursuant to the protective order.

If there is anything you need, or if you have any questions about the forgoing, please call me.

Best regards,

HOLLAND & KNIGHT LLP

Andrew Solinger


cc:    Katherine Brisson (kbrisson@pbwt.com)
       Lucas Elliot (lelliot@fbtlaw.com)
       George Lobiondo (globiondo@pbwt.com)

# **Exhibit 3**



www.pbwt.com

February 3, 2025

Harry Sandick
(212) 336-2723

**By Email**
Andrew Solinger, Esq.
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, TN 37219

Re:    **Accredo's CHI Redactions**
        ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
        **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Andrew:

We write in response to your January 16, 2025 letter regarding redactions to Confidential Health Information ("CHI") in Accredo Health Group, Inc.'s ("Accredo") document productions.

We disagree with your characterization of certain aspects of our meet-and-confer on January 10, 2025 regarding Accredo's CHI redactions. To be clear, we did not accept Accredo's interpretation of the HIPAA regulations. We reiterated that Accredo must disclose CHI in its discovery materials pursuant to the Protective Order. Nor did we "agree that there were likely categories of PHI" that Accredo need not disclose in its discovery materials or promise to identify categories of information that JJHCS would forgo. JJHCS promised to consider your proposal to compromise on the categories of information to be redacted. After such consideration, JJHCS concluded that the proposal was not workable and inconsistent with the Protective Order, as we advised you earlier.

In light of our exchange of letters, we understand the parties to be at impasse and intend promptly to seek relief from the Court.

Very truly yours,

*/s/ Harry Sandick*
Harry Sandick

# **<u>Exhibit 4</u>**



www.pbwt.com

February 3, 2025

Harry Sandick
(212) 336-2723

**By Email**

Sarah C. Hellmann, Esq.
Husch Blackwell, LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105

        Re:    **Express Scripts' CHI Redactions**
                ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,**
                **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Sarah:

        We write in response to your January 16, 2025 letter regarding redactions to Confidential Health Information ("CHI") in Express Scripts, Inc.'s ("Express Scripts") document productions.

        We disagree with your characterization of certain aspects of our meet-and-confer on January 10, 2025 regarding Express Scripts' CHI redactions. To be clear, we did not accept Express Scripts' interpretation of the HIPAA regulations. We reiterated that Express Scripts must disclose CHI in its discovery materials pursuant to the Protective Order. Nor did we "agree that there were likely categories of PHI" that Express Scripts need not disclose in its discovery materials or promise to identify categories of information that JJHCS would forgo. JJHCS promised to consider your proposal to compromise on the categories of information to be redacted. After such consideration, JJHCS concluded that the proposal was not workable and inconsistent with the Protective Order, as we advised you earlier.

        In light of our exchange of letters, we understand the parties to be at impasse and intend promptly to seek relief from the Court.

                        Very truly yours,

                        */s/ Harry Sandick*
                        Harry Sandick

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

**Jeffrey J. Greenbaum**
**Member**
**Direct Dial: (973) 643-5430**
**E-mail: jgreenbaum@sillscummis.com**

**101 Park Avenue**
**New York, NY 10112**
**Tel: 212-643-7000**
**Fax: 212-643-6500**

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL
UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

February 20, 2025

<u>**Via Email**</u>

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> Re:    **Reply in Support of Motion to Compel the Production of
> Documents Without Redaction by Accredo Health Group, Inc.
> and Express Scripts, Inc.**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
> <u>**Civil Action No. 22-2632 (JKS) (CLW)**</u>

Dear Judge Wolfson:

On behalf of JJHCS, we write in further support of JJHCS's motion to compel Defendants

Accredo Health Group, Inc. ("Accredo") and Express Scripts, Inc. ("Express Scripts") to produce

documents without redacting confidential health information ("CHI"), as expressly required by the

Discovery Confidentiality Order, *see* Dkt. No. 62 (the "Protective Order").

In their joint opposition, Accredo and Express Scripts claim that JJHCS seeks improper

"unfettered access" to Protected Health Information ("PHI").  They also suggest that Your Honor

should direct JJHCS to further "articulate specific PHI it needs and the reasons why [JJHCS] needs

them" before granting the Motion.  Opp. at 1.  Neither suggestion has any merit.

Honorable Freda L. Wolfson, U.S.D.J.
February 20, 2025
Page 2

As a threshold matter, JJHCS does not seek "unfettered access" to PHI. JJHCS seeks

access under the terms of the Protective Order, which imposes many limitations on how PHI can

be used. That Protective Order previously resolved the question presented by this motion. Again,

the Protective Order states that the "parties *shall produce* Discovery Material containing

Confidential Health Information [CHI]"—which the Protective Order defines to "specifically

include[] 'protected health information'"—"in response to discovery requests of another party in

this litigation *without redaction*." Dkt. No. 62 ("DCO") ¶ 3(c) (emphasis added); *see also id.*

¶ 3(a). Nothing could be clearer. That is why both SaveOnSP and JJHCS—parties that agree on

very little else—have long agreed that PHI must be produced unredacted. Both have produced

PHI without redaction in this case for years. Accredo and Express Scripts must do the same.

Accredo and Express Scripts also complain that JJHCS cut the conferral process short and

that Your Honor should direct JJHCS to "articulate specific PHI it needs" down to the "specific

fields JJHCS needs" to prove its claims at trial. Opp. at 1, 2. This is a recipe for bringing discovery

to a halt. The Protective Order requires no such thing. Nor does HIPAA, which expressly allows

unredacted production where required by law, such as during litigation discovery. And while no

further explanation is necessary or appropriate, Accredo and Express Scripts also ignore JJHCS's

repeated explanations across correspondence and conferrals of why unredacted production is

necessary, i.e., to facilitate review and cross-referencing of patient information across Defendants'

productions, including to gain a complete understanding of a patient's hardship experienced as a

result of the SaveOnSP program, to assess how Defendants responded to patient complaints, and

to understand Defendants' interference with patients' CarePath copay assistance. *E.g.*, Mot. at 11.

JJHCS has also articulated why Accredo and Express Scripts' proposed solution is unworkable:

2

Honorable Freda L. Wolfson, U.S.D.J.
February 20, 2025
Page 3

not only would it require serial motions practice on an issue squarely governed by the Protective

Order, JJHCS also cannot anticipate at this stage every type of CHI it will need to match up patient

records and data because Defendants (and third parties) inconsistently refer to patients using

"member identification number[s]," by "name," or other information, including prescription-level

data. *Id.* at 12.  To require a document-by-document justification for the production of information

that JJHCS cannot even identify is a recipe for keeping this case in discovery forever, which indeed

may be the point.  But Accredo and Express Scripts cannot seriously suggest that requiring seriatim

re-litigation of "need" for unredacted production will present any efficiencies for the Court.

I.      **The Protective Order Requires the Production of Unredacted CHI**

Accredo and Express Scripts acknowledge that Paragraph 3(c) of the Protective Order

provides for parties to "produce Discovery Material containing [CHI] . . . without redaction," but

nevertheless insist that "absent a more explicit court order," Accredo and Express Scripts are

"***barred*** from producing more PHI."  Opp. at 3 (emphasis added).  Nonsense.  The plain language

of the Protective Order defines CHI as "specifically includ[ing] 'protected health information' as

such term is defined" under HIPAA, as well as "all notes, summaries, compilations, extracts,

abstracts, or oral communications that contain, are based on, or are derived" from CHI.  DCO

¶ 3(a). This language plainly forecloses Accredo and Express Scripts' arguments. Far from being

"barred" from producing PHI, the Protective Order ***requires*** production of this material "without

redaction."  *Id.* ¶ 3(c).  Even SaveOnSP has complied with that requirement.

The Protective Order equally forecloses Accredo and Express Scripts' concerns that JJHCS

seeks "unfettered access" to this information.  Here, too, the Protective Order provides detailed

protections for such material.  *E.g.*, DCO ¶ 4 (CHI to be used only "for purposes of the prosecution

3

Honorable Freda L. Wolfson, U.S.D.J.
February 20, 2025
Page 4

or defense of this action"); *id.* ¶ 5 (limiting distribution); *id.* ¶ 19 (requiring return or destruction

of CHI).  No more is required for JJHCS to receive the material it needs to prove its claims at trial.

      Accredo and Express Scripts next protest that they cannot produce PHI because they "must

comply with both the Protective Order *and* HIPAA['s minimum necessary requirement]."  Opp.

at 3.  Defendants' arguments ignore the express statutory text and caselaw which make clear that

the "minimum necessary" requirement does not apply to disclosures "required by law."  *See* 45

C.F.R. § 164.512(e)(1) (describing permitted disclosures in judicial proceedings); *see also MSP*

*Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, No. 2:18-cv-2211(BRM)(LHG), 2023

WL 4562998, at *5 (D.N.J. July 14, 2023) (finding "minimum necessary" requirement did not

apply because "there is a protective order in place to secure the confidentiality of this data").

      Perhaps recognizing the infirmity of their position, Accredo and Express Scripts also

suggest that the Protective Order somehow incorporates a "minimum necessary" requirement to

justify production of unredacted PHI.  Opp. at 4 (citing DCO ¶ 6(b)).  But the paragraph that they

cite provides no basis for refusing to produce unredacted PHI.  Rather, it assumes that PHI will be

produced unredacted.  It therefore limits what a party can do with that unredacted PHI *after it has*

*been produced*, i.e., "[a] Receiving Party . . . shall limit the use or disclosure of Confidential Health

Information to the minimum necessary to accomplish the intended purpose of such use or

disclosure—but nothing in this sub-paragraph 6(b) shall prevent any use of Designated Material

for purposes of this litigation in a manner consistent with the terms of this Order."  DCO ¶ 6(b).

This paragraph is plainly about how PHI must be safeguarded after production; it does not provide

a basis for refusing to produce unredacted PHI in the first place.

Honorable Freda L. Wolfson, U.S.D.J.
February 20, 2025
Page 5

**II.     CHI Is Necessary to Investigate JJHCS's Claims and Prove Those Claims at Trial**

While sidestepping the Protective Order, Accredo and Express Scripts assert that JJHCS

has "failed" or "refused to explain" why it needs CHI.  Opp. at 4.  Again, no such explanation is

required for disclosure.  *See* DCO ¶ 3(c).  But even if it was, Accredo and Express Scripts ignore

JJHCS's detailed explanations for why such PHI is necessary to prove its claims, including

JJHCS's efforts "to track patient experiences, including to (1) obtain a comprehensive

understanding of a patient's hardship experienced as a result of the SaveOnSP program, (2) learn

how the Defendants viewed and responded to the patient's specific situation or complaint, and (3)

assess the extent to which Defendants interfered with the patient's contract with JJHCS regarding

participation in CarePath."  Mot. at 11.  Accredo and Express Scripts make no attempt to respond

to these needs, let alone dispute them.

Nor do Accredo and Express Scripts respond to the various instances where Defendants

refer to patients using different fields of data: sometimes identifying patients by member

identification number, sometimes by name only, and sometimes by redacting member

identification numbers completely.  *See id.* at 12; *see e.g.*, Ex. 11 (SOSP_0553505) Ex. 12

(SOSP_0683762); Ex. 13 (SOSP_1428324) (including only patient identification number); *see*

*e.g.*, Ex. 14 (Express_Scripts_1350_00064886); Ex. 15 (Express_Scripts_1350_00068081); Ex.

16 (ACCREDO00022411); Ex. 17 (ACCREDO00023116) at '121 (redacting member

identification numbers); *see e.g.*, Ex. 18 (ACCREDO00022538); Ex. 19 (SOSP_0315317)

(includes patient name but not identification number).  An unredacted production of PHI is the

only way to reliably match up these masses of inconsistent data.  There is therefore nothing

"conclusory" about JJHCS's reasons for requesting this production in unredacted form nor is there

Honorable Freda L. Wolfson, U.S.D.J.
February 20, 2025
Page 6

any efficiency to be gained by forcing JJHCS to identify every category of PHI (which are currently concealed) that it may need to link up these productions.

Accredo and Express Scripts also mischaracterize the parties' conferrals, suggesting that JJHCS "cut [] short" a meet-and-confer process and reneged on an agreement to explain why the unredacted PHI is necessary. Opp. at 1, 4. Not true. At the parties' January 10, 2025 conferral, Accredo and Express Scripts made clear that they were unwilling to produce CHI as required under the Protective Order, and the existing order from the Missouri Court directing Express Scripts to do the same. *See* Ex. 9 (Jan. 14, 2025 Ltr. from H. Sandick to K. Ledden) at 1–2; *see also* Ex. 1 (Oct. 3, 2024 Email from E. Robey-Phillips to J. Long (agreeing on behalf of Accredo in connection with party discovery)); Ex. 2 (Oct. 3, 2024 Email from K. Ledden to J. Long (agreeing on behalf of Express Scripts in connection with party discovery)). Further conferral was not warranted where Accredo and Express Scripts made clear that they would not consider JJHCS's request even after being added as parties to the action. It was clear then and it remains clear now that Accredo and ESI will not comply with their obligations absent a Court Order. They should receive one.

\*      \*      \*

For the foregoing reasons, along with those set forth in JJHCS's opening brief, Accredo and Express Scripts should be compelled to produce documents responsive to JJHCS's document requests without redactions.

Honorable Freda L. Wolfson, U.S.D.J.
February 20, 2025
Page 7

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:  Counsel of record