# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

March 26, 2025

<u>Via Email</u>

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Re: **SaveOnSP's February 3, 2025 Motion Concerning Documents Shared with Third Parties**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*, et al.
**Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we seek leave to file this surreply in further support of JJHCS's Opposition to SaveOnSP's Motion Concerning Documents Shared With Third Parties. This surreply is limited to correcting a single misstatement of law in SaveOnSP's reply brief.

The parties dispute whether the "functional equivalent" doctrine applies here to preserve JJHCS's attorney-client privilege and work product protection over documents it shared with certain nonparties. JJHCS's brief noted that courts in the same situation as here—i.e., federal courts sitting in diversity applying New Jersey law—do in fact apply the functional equivalent doctrine. *See* Opp. Br. at 6–7 (citing *In re Johnson & Johnson Talcum Powder Prods. Mktg.*, *Sales Pracs., & Prods. Liab. Litig.*, 2021 WL 3144945 (D.N.J. July 26, 2021) ("*In re Talc*")).

Honorable Freda L. Wolfson, U.S.D.J.
March 26, 2025
Page 2

SaveOnSP's reply brief asserts that JJHCS

> cites no case in which a New Jersey court has applied that doctrine under New Jersey law. J&J's assertion that *J&J Talc* applied New Jersey law is incorrect—that case applied federal common law, not New Jersey law, which applies in diversity actions like this one.

Reply Br. at 4.

SaveOnSP is mistaken on both counts. First, the *In re Talc* court sat in diversity. *See* No. 16-md-02738, Dkt. 132 ¶ 15 (complaint invoking diversity jurisdiction). Second, and as a result, it resolved the privilege dispute before it by reference to New Jersey law. *See In re Talc*, 2021 WL 3144945, at *2 (using "generally applicable principles" from a diversity case applying New Jersey law to "guide . . . [its] analysis"). Indeed, contrary to SaveOnSP's suggestion, the decision is replete with citations to New Jersey precedents. *See id.* at *8–9 (citing *O'Boyle v. Borough of Longport*, 94 A.3d 299, 309 (N.J. 2014); *Tractenberg v. Twp. of W. Orange*, 416 N.J. Super. 354, 376 (App. Div. 2010)). And ultimately, the *In re Talc* court applied the functional equivalent doctrine. *See id.* at *9 (embracing the "decision and rationale expressed in *In re Flonase Antitrust Litigation*, 879 F.Supp. 2d 454, 460 (E.D. Pa. 2012), holding that a 'broad practical approach' applies to determine whether an independent consultant is the functional equivalent of an employee"). This Court should do the same.

We have appended a highlighted copy of *In re Talc* to aid the Court's review. As always, we appreciate Your Honor's attention to this matter.

Respectfully submitted,

 */s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc: All counsel of record