SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

LINKLATERS LLP
Adeel A. Mangi
George LoBiondo
Patrick Ashby (admitted *pro hac vice*)
Sara A. Arrow
Julia Long (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104
(212) 903-9000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632(CCC)(CLW) |
| | : | |
| Plaintiff, | : | Hon. Claire C. Cecchi, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | : | Hon. Freda L. Wolfson, Special Master |
| | : | |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | : | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF** |
| | : | **MOTION TO SEAL** |
| Defendants. | | |

JEFFREY J. GREENBAUM, hereby declares as follows:

1.      I am a member of Sills Cummis & Gross P.C., attorneys for Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"). In accordance with L. Civ. R. 5.3(c)(3), I submit this Declaration in support of the motion of JJHCS to seal the letters and supporting exhibits filed by the parties in connection with the with (i) the Motion of Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to Run an Additional Search Term Regarding its CAP Appeals Process, dated February 3, 2025, with related briefing dated February 26 and March 10, 2025 (ECF Nos. 517, 535, 550, & 551), filed on February 7, February 27, March 10, and March 11, 2025 (the "CAP Appeals Motion"); and (ii) SaveOnSP's Motion to Compel JJHCS to Produce Documents Responsive to Requests Nos. 107 and 108 Related to FRAS Contracts, dated February 3, 2025, with related briefing dated February 21 and March 11, 2025 (ECF Nos. 519, 532, & 566), filed on February 7, February 21, and March 14, 2025 (the "FRAS Motion").

2.      I make this Declaration based upon my personal knowledge and review of the letters and exhibits.  JJHCS seeks to seal portions of ECF Nos. 517, 535, 550, & 551 and ECF Nos. 519, 532, & 566 in accordance with L. Civ. R. 5.3(c).

3.      Attached hereto as Exhibits A and B, respectively, are the proposed public versions of the CAP Appeal Motion and the FRAS Motion. As shown in

these exhibits, JJHCS is proposing the redaction of limited information relating to confidential information from the letters and the exhibits thereto.

4.      L. Civ. R. 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

5.      In support of this motion, JJHCS has prepared indices, attached hereto as Exhibits C and D, respectively, setting forth the information in the CAP Appeals Motion and FRAS Motion sought to be sealed and the basis for the request.

6.      No party objects to the sealing of any of the confidential materials subject to this motion.

7.      JJHCS filed this action to stop a scheme devised by SaveOnSP and implemented by Defendants Express Scripts Inc. ("Express Scripts") and Accredo Health Group, Inc. ("Accredo") from pilfering tens of millions of dollars from the

financial support program offered by JJHCS to its patients, the Janssen CarePath Program ("CarePath"). (*See* Amended Complaint, ECF No. 395). The Amended Complaint asserts four causes of action: (1) tortious interference with contract against all defendants; (2) conspiracy to tortiously interfere with contract against all defendants; (3) aiding and abetting tortious interference with contract as to Express Scripts and Accredo, in the alternative; and (4) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, as to SaveOnSP.

8.      JJHCS and SaveOnSP entered into a Discovery Confidentiality Order, which was so ordered by the Court on November 22, 2022. (ECF No. 62). Upon being named as defendants, Express Scripts and Accredo indicated their respective consent to be bound by the Discovery Confidentiality Order.

9.      During the course of discovery, JJHCS produced various confidential documents pertaining to the administration of the CarePath program, competitively sensitive information, and JJHCS's confidential information. Certain of these documents are attached as or described in exhibits to ECF Nos. 517, 535, 550, & 551 and to ECF Nos. 519, 532, & 566 and include confidential emails, agreements, spreadsheets, work orders, notes, and presentations.

10.     JJHCS designated the production of these confidential documents as Confidential or Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order, as they contain highly sensitive business information. (ECF No. 62).

JJHCS also designated documents contained at several exhibits as Attorneys Eyes' Only – Confidential Health Information, as they contain confidential patient health information.

11.    In addition to materials produced by JJHCS, JJHCS also seeks to seal certain confidential materials produced by non-party TrialCard Inc. (now known as Mercalis Inc.) and RisRx in response to subpoenas served on these non-parties by SaveOnSP in this action.    The non-party documents were designated as Confidential – Attorneys' Eyes Only and produced pursuant to the Discovery Confidentiality Order in this case (ECF No. 62).    JJHCS also considers the non-party documents to contain information confidential to JJHCS, including the administration of the CarePath program.

12.    As detailed in Exhibits C and D, JJHCS proposes very limited redactions to the letters and exhibits that are the subject of this motion to seal. The proposed redactions directly pertain to the discussion of the confidential exhibits identified above that JJHCS has treated as confidential during this litigation.

13.    JJHCS asserts that it has a strong and legitimate interest in protecting the propriety of its confidential business information from being disclosed to the public. For that reason, its interest in maintaining the confidentiality of these documents is paramount.

14.    JHCS has continued to safeguard and protect the confidentiality of the confidential materials during the course of this action.

15.    JHCS asserts that disclosure of this confidential and proprietary information to the public would cause it irreparable harm because it would place JHCS at a competitive disadvantage if its competitors secured the information. Additionally, disclosure of material designated as containing Confidential Health Information would also improperly reveal confidential patient health information to the public. In short, disclosure of this confidential information serves no useful purpose.

16.    Sealing these documents is the least restrictive alternative means of protecting the parties' highly confidential information, as there is no alternative means to protect against the disclosure of this confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2025                    *s/ Jeffrey J. Greenbaum*
                                              JEFFREY J. GREENBAUM