# EXHIBIT C

INDEX IN SUPPORT OF MOTION TO SEAL SAVEONSP'S MOTION TO COMPEL JJHCS TO RUN AN ADDITIONAL SEARCH TERM REGARDING ITS CAP APPEALS PROCESS (ECF NOS. 517, 535, 550 & 551)

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. to Judge Wolfson regarding SaveOnSP's Motion to Run an Additional Search Term Regarding its CAP Appeals Process, dated February 3, 2025 (ECF Nos. 517 & 550) | | JJHCS requests the redaction of information in and exhibits to the February 25, 2025 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. In addition, JJHCS has designated Exhibits 8, 28, and 30 as Attorneys' Eyes Only – Confidential Health Information. | If filed on the public docket, these portions of the February 25, 2025 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.  Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place JJHCS at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 1–3, 5–10 and notes 1–3 | Redactions discussing confidential exhibits | | | | | |
| Exhibits 1 & 4 | Sealing of confidential work orders containing competitively sensitive information | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit 2, 5, & 18 | Sealing of spreadsheets containing confidential information | | disadvantage if its competitors secured the information. It would also improperly disclose patient health information. | | | |
| Exhibits 3, 6–11, 19–33, 35–39 & 41–45 | Sealing of emails and attachments discussing confidential information | | | | | |
| Exhibits 14–17 & 47 | Redactions to discovery letters discussing confidential documents | | | | | |

2

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 34, 40 & 46 | Sealing of confidential documents and presentations containing competitively sensitive information | | | | | |
| Letter from Jeffrey J. Greenbaum to Judge Wolfson in opposition to SaveOnSP's Motion to Compel JJHCS to Run an Additional Search Term Regarding its CAP Appeals Process, dated February 26, 2025 (ECF No. 535) | | JJHCS requests the redaction of information in and exhibits to the February 26, 2025 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | If filed on the public docket, these portions of the February 26, 2025 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure to the public of this confidential and | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 3–5, 7–9 and note 3 | Redactions discussing confidential exhibits | | | | | |

3

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 1 & 4 | Sealing of documents and presentations containing confidential | Additionally, Exhibit 2 was produced by non-party TrialCard, Inc. pursuant to subpoena and designated as Confidential – Attorneys' Eyes Only. Further, JJHCS has designated Exhibit 5 as Attorneys' Eyes Only – Confidential Health Information. | proprietary information would cause irreparable harm to JJHCS because it would place JJHCS at a competitive disadvantage if its competitors secured the information. It would also improperly disclose patient health information. | | | |
| Exhibits 2 & 3 | Sealing of spreadsheets containing confidential information | | | | | |
| Exhibit 5 | Sealing of email discussing confidential information | | | | | |

4

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. to Judge Wolfson in reply to SaveOnSP's Motion to Compel JJHCS to Run an Additional Search Term Regarding its CAP Appeals Process, dated March 10, 2025 (ECF No. 551) | | JJHCS requests the redaction of information in and exhibits to the March 10, 2025 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. Further, JJHCS has designated Exhibit 49 as Attorneys' Eyes Only – Confidential Health Information. | If filed on the public docket, these portions of the March 10, 2025 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place JJHCS at a | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 2–7 and notes 2 & 3 | Redactions discussing confidential exhibits | | | | | |
| Exhibits 48, 49 & 51–55 | Sealing of emails and attachments discussing confidential information | | | | | |

5

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit 50 | Redactions to discovery letter discussing confidential documents | | competitive disadvantage if its competitors secured the information. It would also improperly disclose patient health information. | | | |