SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

LINKLATERS LLP
Adeel A. Mangi
George LoBiondo
Patrick Ashby (admitted *pro hac vice*)
Sara A. Arrow
Julia Long (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104
(212) 903-9000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632(CCC)(CLW) |
| Plaintiff, | Hon. Claire C. Cecchi, U.S.D.J. |
| | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | Hon. Freda L. Wolfson, Special Master |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | **ORDER GRANTING MOTION TO SEAL** |
| Defendants. | |

THIS MATTER having been brought to the Court upon the motion of Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), by and through

its attorneys, seeking an order (a) permanently maintaining under seal the letters and supporting exhibits filed by the parties in connection with the (i) the Motion of Defendant Save On SP, LLC ("SaveOnSP") to Compel JJHCS to Run an Additional Search Term Regarding its CAP Appeals Process, dated February 3, 2025, with related briefing dated February 26 and March 10, 2025 (ECF Nos. 517, 535, 550, & 551), filed on February 7, February 27, March 10, and March 11, 2025 (the "CAP Appeals Motion"); and (ii) SaveOnSP's Motion to Compel JJHCS to Produce Documents Responsive to Requests Nos. 107 and 108 Related to FRAS Contracts, dated February 3, 2025, with related briefing dated February 21 and March 11, 2025 (ECF Nos. 519, 532, & 566), filed on February 7, February 21, and March 14, 2025 (the "FRAS Motion"), attached as Exhibits A and B to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion; and the Court having considered the motion, the Court makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

(1) The Court finds that the CAP Appeals Motion and the FRAS Motion contain material that is non-public business, trade secret or proprietary information relating to the administration of the CarePath program, competitively sensitive information, and JJHCS's confidential information (collectively, the "Confidential Materials").

(2) The Court further finds that the Confidential Materials contain JJHCS's highly sensitive, proprietary business information that is not known to the general public and includes confidential patient health information.

(3) The Court further finds that JJHCS has safeguarded and protected the confidentiality of the Confidential Materials, including throughout the pendency of this action.

(4) The Court further finds that JJHCS would suffer substantial and specific harm, including potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that JJHCS has a strong and legitimate interest in protecting this confidential information from being disclosed to the public. *See Goldenberg v. Indel, Inc.*, No. 09-5202 (JBS/AMD), 2012 U.S. Dist. LEXIS 479, at *8 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace."); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, Civil Action No. 03-6025 (FLW), 2007 U.S. Dist. LEXIS 51828, at *27–28 (D.N.J. July 18, 2007) (granting motion to seal where release of confidential commercial

3

information to the public would cause "clearly defined and serious injury" resulting in a party's "competitive disadvantage").

(5) The Court further finds that confidential patient health information would be improperly revealed to the public if the Confidential Materials were filed on the public docket.

(6) The Court further finds that no less restrictive alternative to sealing exists and that JJHCS has proposed redactions where appropriate to minimize the amount of sealing necessary.

For these reasons, good cause exists for protecting the Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

IT IS ON THIS _____ day of _____, 2025;

ORDERED that, pursuant to L. Civ. R. 5.3, the Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and the CAP Appeals Motion and FRAS Motion are hereby permanently SEALED; and it is further

ORDERED that the Clerk of Court shall maintain the unredacted versions of the CAP Appeals Motion (ECF Nos. 517, 535, 550, & 551) and the FRAS Motion (ECF Nos. 519, 532, & 566) under seal; and it is further

4

ORDERED that JJHCS is directed to file the redacted versions of the CAP Appeals Motion and the FRAS Motion, including all exhibits, consistent with the proposed redactions submitted herewith.

_____<br>
HON. FREDA L. WOLFSON (ret.)<br>
SPECIAL MASTER