# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

February 3, 2025

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

Re:    ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC,
Express Scripts, Inc., and Accredo Health Group, Inc.
No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

Save On SP, LLC ("SaveOn") moves to compel Johnson & Johnson Health Care Systems, Inc. (with its affiliates, "J&J") to run a limited set of search terms over the documents of existing custodians John Hoffman, Lawrence (L.D.) Platt, and Silas Martin regarding J&J's work with patient advocacy groups (RFP No. 77) and pharmaceutical industry associations (RFP No. 78) related to public statements, patient outreach, and lobbying about copay assistance programs, maximizers, accumulators, or SaveOn. Ex. 1 at 11-12 (SaveOn's Sixth Set of RFPs, RFP Nos. 77-78).

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                    Page 2

## <u>BACKGROUND</u>

In its New York General Business Law ("<u>GBL</u>") claim, J&J alleges that SaveOn "causes damage to the public, including patients, by causing undue stress and confusion." Dkt. 395 (Am. Compl.) ¶ 202. In support, J&J cites publications by various so-called "patient advocacy" groups and pharmaceutical industry associations. *See id.* ¶¶ 30 n. 6, 32 & n.9, 138. Public sources reveal that J&J sponsored or funded those groups and dozens of others. *See* Ex. 2 at 2 (Feb. 12, 2024 Ltr.); Ex. 3 at 1 (June 6, 2024 Ltr.).[1]

SaveOn served the Requests at issue to determine how J&J used its connections with these entities to promote negative narratives about accumulators, maximizers, and SaveOn. RFP No. 77 seeks documents on J&J's efforts to "work with, inform, sponsor, or influence" specific patient advocacy groups funded by J&J, Ex. 1 at 11-12; RFP. No 78 seeks the same for specific "pharmaceutical industry associations or groups," *id.* at 12.

After extended negotiations, SaveOn proposed that J&J run the following limited search terms over the files of Hoffman, Platt, and Martin, from April 1, 2016 to November 7, 2023. The terms refer to six advocacy groups and one industry organization with whom J&J worked closely, including in this case—the AIDS Institute, Aimed Alliance, the All Copays Count Coalition

---

[1] Many of these groups disclose their funders on their webpages. *See* Aimed Alliance, Supporters, https://aimedalliance.org/supporters/; HIV + Hepatitis Policy Institute, About Us, https://hivhep.org/about-us/; Coalition of State Rheumatology Organizations, Corporate Members, https://csro.info/membership/our-corporate-members. For others, Kaiser Health's "database of the financial relationships between the pharmaceutical industry and patient advocacy groups" tracks the many tens of millions of dollars flowing to such groups from pharmaceutical companies. *See, e.g.*, Emily Kopp, *Pre$cription For Power*, Kaiser Family Foundation Health News, https://kffhealthnews.org/patient-advocacy/#methodology.

Hon. Freda L. Wolfson                                                                    Page 3

("ACCC"),[2] the Arthritis Foundation, the Coalition of State Rheumatology Organizations ("CSRO"), the HIV + Hepatitis Policy Institute ("HHPI"), and the Pharmaceutical Research and Manufacturers of America ("PhRMA") (the "Advocacy Groups")—and to J&J's media consultant, Rational360, which coordinated J&J's work with those entities:

- ("AIDS Institute" OR TAI) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Aimed Alliance" OR "Alliance for the Adoption of Innovations in Medicine") w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("All Copays Count Coalition" OR ACCC) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Arthritis Foundation" OR AF) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Coalition of State Rheumatology Organizations" OR CSRO) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("HIV + Hepatitis Policy Institute" OR "HIV and Hepatitis Policy Institute" OR "HIV & Hepatitis Policy Institute" OR HHPI) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Pharmaceutical Research and Manufacturers of America" OR PhRMA) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Rational360" OR "Rational 360") w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

Ex. 4 at 2 (Jan. 22, 2025 Ltr.).

J&J refused to run these terms or to produce any documents in response to the Requests. It also refused to provide term-by-term hit counts. *See* Ex. 5 (Jan. 23, 2025 Ltr.). The parties have met and conferred and are at impasse. *See* Ex. 6 at 1-2 (Jan. 31, 2025 Ltr.).

---

[2] The ACCC consists of several organizations sponsored or funded by J&J, including the AIDS Institute, Arthritis Foundation, Aimed Alliance, and CSRO. *See* All Copays Count Coalition, About Us, https://allcopayscount.org/about-us/.

## **ARGUMENT**

### I.    **The Requests Seek Relevant Documents**

J&J's media strategy, developed with Rational360, was to "████████████████████████" against accumulators and maximizers so that "████████████████████████████████████████" Ex. 7 at -747.0006 (JJHCS_00236747); *see also* Ex. 8 at -760 (JJHCS_00236758) (describing J&J's plan to ████████████████████████████████████████████████████████████████████████████); Ex. 9 at 11 (JJHCS_00246561) (explaining that while other drug manufacturers have released "████████████████████████████████████████████████████████████████████████████████████████████████████").

Consistent with this strategy, J&J has either directly relied on or received support from each of the Advocacy Groups in this litigation, as sources for its pleadings, *see* Am. Compl. ¶¶ 30 n.6, 32 & n.9, 50 (citing work by the ACCC and the Arthritis Foundation and litigation brought by HHPI), or as *amicus curiae* supporting J&J's lawsuit, Dkt. 35 (motion of entities including Aimed Alliance, HHPI, CSRO, and the AIDS Institute for leave to appear as *amicus curiae* in support of J&J); Dkt. 38 (PhRMA's motion for leave to appear as *amicus curiae* in support of J&J).[3] J&J claims that these groups are independent third parties, *see, e.g.*, Dkt. 460 (J&J's Mot. Strike) at 9; Dkt. 486 (J&J's Reply Br. Supp. Mot. Strike) at 12, 14 (accusing SaveOn of "smearing" and spreading "bile about the AIDS Institute and other nonprofits"), and has thus put the credibility of

---

[3] Each of these groups also (1) made public statements or lobbied in favor of copay assistance programs, and/or against maximizers, accumulators, or SaveOn, Ex. 2 at 2; *see also* Ex. 3 at 1; and (2) were sponsored by or received funding from J&J, Ex. 2 at 2.

Hon. Freda L. Wolfson                                                                 Page 5

the Advocacy Groups (and its own credibility in relying on them) at issue. SaveOn is entitled to

discovery showing that J&J paid for and heavily influenced the anti-accumulator, anti-maximizer,

and anti-SaveOn narratives that these groups pushed.

      The Requests are also relevant to J&J's allegation that SaveOn causes the public "undue

stress and confusion," Am. Compl. ¶ 202—evidence that J&J funded negative campaigns against

accumulators, maximizers, and SaveOn shows that J&J, not SaveOn, was the source of alleged

"stress and confusion" about SaveOn's services. This is not hypothetical. J&J used the Advocacy

Groups and Rational360 to tell patients, falsely, that companies like SaveOn had "▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" Ex. 10 at -956.0002 (JJHCS_00183953). J&J hoped

that by "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" *Id.* at -956.0003; *see also* Ex. 11 at -327

(JJHCS_00254324)  (encouraging patients to speak out against accumulators); Ex. 12 at -193-95

(JJHCS_00227193) (email from Blasine Penkowski asking whether "▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉").

      J&J went so far as to present one such "activated" patient, Anndi McAfee, as an example

of alleged patient harm in this case, citing her article, *SaveonSP's Copay Maximizer Failed Me:*

*A Patient's Perspective* in its Complaint. Am. Compl. ¶ 138. It quoted her: "If SaveOn had not

used all of my money, I probably would have continued on in sweet blissful ignorance. But here I

am, expending precious time and energy to ensure that my drug gets into my body." *Id.*

      It turns out that McAffee first learned about SaveOn from TrialCard—J&J's vendor—in a

public webinar on accumulators. Ex. 13 (TRIALCARD_00003240). Until then, she was apparently

unaware of SaveOn's involvement with her health insurance and did not report any related stress or confusion. TrialCard told McAffee that her specialty drug was categorized as "a non essential benefit drug." *Id.* Without telling her that this designation had nothing to do with whether the drug was medically essential, *see* Dkt. 429 ¶ 34-37, TrialCard "████████████████████████ ██████████████████████████████████," Ex. 13; *see also* Ex. 14 (TRIAL-CARD_00002745). Four days later, McAfee published a complaint on "Drug Channels," a website run by J&J paid consultant, Adam Fein. Anndi McAfee, *SaveonSP's Copay Maximizer Failed Me: A Patient's Perspective*, DRUG CHANNELS (Nov. 13, 2020), https://www.drugchannels.net/2020/11/saveonsps-copay-maximizer-failed-me.html. J&J then "[a]mplif[ied]" McAfee's story of supposed hardship to other patients, Ex. 15 at -298-99 (JJHCS_00254295), and cited her article in its Complaint. Am. Compl. ¶ 138. SaveOn is entitled to discovery showing that J&J, through its vendors and the Advocacy Groups, helped create the examples of purported stress and confusion that it now blames on SaveOn.

## II.    The Proposed Search Parameters Are Appropriate

### A.    The Requested Custodians Were Deeply Involved with J&J's Media Strategy

SaveOn proposes its search terms for Hoffman, Platt, and Martin—all existing custodians—who collaborated on J&J's media strategy with Rational360 and the seven Advocacy Groups. In February 2022, for example, Hoffman shared a slide deck with Martin and Platt that discussed J&J's coordination with groups including PhRMA and Aimed Alliance to target accumulators. Ex. 16 at -075-79 (JJHCS_00133069); *see also* Ex. 17 at -243.0012 (JJHCS_00331242) (████ ██████████████████████████████████████); Ex. 18 (JJHCS_00132292) (████████ ████████████████████████████████████████████████



█████████████████████ ”).

██████████████ ” that was a “████████████████████████ ” and said that J&J's
“█████████████████████████████████ ” Ex. 19 at -933 (JJHCS_00132931).
████████████████ as another example, █████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████ ” Ex. 8 at -760; *see also* Ex. 12 at -193 (████████

████████████████████████████████████

██████████████ ). The express goal of this campaign was to show “████████

████████████████████████████████████

███████████████████ .” Ex. 8 at -761. ████████████████████

████████████████████████    ████████████████████████

████████████████████████████████████

███████████████ —all concealing J&J's involvement. *Id.* at -760.

Each of the three also worked independently on J&J's media strategy.

Hoffman was closely involved in J&J's work with the Arthritis Foundation on an anti-accumulator media campaign, as Your Honor already recognized, Dkt. 495 at 7-8, f████████

██████████████ .[4] *See* Ex. 20 at -879 (JJHCS_00289879). ████████████████

████████████████████████████████████ , *see* Ex. 21
at -101-02 (JJHCS_00237101), a████████████████████████████████

███████████ t, *see* Ex. 22 (JJHCS_00237117) (████████████████████

---

[4] On January 15, 2025, Your Honor directed J&J to search Hoffman's documents using a single search term pertaining to the Arthritis Foundation. Jan. 15, 2025 Hr'g Tr. at 106:9-107:2.

Hon. Freda L. Wolfson                                                                    Page 8

██████████████████████████████████████████████████████████

██████████████████████████████████); Ex. 23 at -172.0002 (JJHCS_00237171) (slide

deck sent to Hoffman discussing "████████████████████████████████████

████████████████████████"). He also approved J&J giving a ████████████████████

████████████████████████" Ex. 24 (HOFFMAN_00000004).

██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████" Ex.  25  at  -431

(JJHCS_00224430). Soon after, P████████████████████████████████ "████████

██████████████████████████████████████████████████████████

████████████████████," which noted that J&J was looking to "██████████████

████████████████████████████" Ex. 26 at -446-48 (JJHCS_00288446). ████

██████████████████████████████  ████████████████████████████████

████████████████████," *Id.* at -456. J████████████████████████

████████████████████████. Ex. 24.

      Later that year, ████████████████████████████████████████████

████████████████." Ex. 15 at -295-96 (emphasis added). ████████████████████

"████████████████████████████████████████████████████████████

██████████████," including by "████████████████████████████████████

████████████████████████. *Id.* at -296. It proposed discussing the supposedly

"████████████████████████████████████████████████████████████



█████████████████████████████████████████████" *Id.* at -296-98. Ra-

tional360 also ████████████ ████████████████████████████████████

███████████████████████████████ I. *Id.* at -296-97; *see also* Ex. 10

at -956.0002-03; Ex. 27 at -198 (JJHCS_00254198) ██████████████████

███████████████████████████████).

    Martin "████████████████████████████████████████████████████

██████████████████████████" in particular. Ex. 28 (TRIALCARD_00008937); Ex. 29 at

-685 (JJHCS_00132682) (e██████████████████████████████████████████

"███████████████████████████████████████████████████████████████

███████████████████████████████████████"); Ex. 30 (JJHCS_00170661) (r██████████

█████████████████████████████████████████████████████████████████

██████████████"). Martin also spoke publicly on behalf of J&J, and alongside its advocacy

partners, on these same issues. *See* Ex. 31 at -380.0002 (JJHCS_SaveOnSP_IQVIA_00380) (list-

ing Martin as an industry speaker, along with representatives from the AIDS Institute, on a panel

concerning "Patient Access, Affordability & Equity").

### B.    The Proposed Search Terms Are Narrowly Tailored

    The proposed search terms are likely to elicit documents regarding J&J's coordination with

Rational360 and the Advocacy Groups. Each term includes the name of or acronym for a specific

Advocacy Group within fifty words of "accumulator," "maximizer," "copay assistance," or "ad-

justment program" (an umbrella term that J&J used for accumulators and maximizers). This en-

sures that the search terms will identify documents in the custodians' files discussing those groups'

Hon. Freda L. Wolfson                                                              Page 10

work on relevant issues. J&J has failed to provide any hit counts showing how many documents

these terms would identify and so cannot sustain any potential burden objection.[5]

* * * * *

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

/s/ *E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com


Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

---

[5] In negotiations, J&J said that providing the hit counts would violate its First Amendment rights. It asserted that the counts could reveal which groups J&J most frequently communicated with on these issues and thereby "have a chilling effect on JJHCS's exercise of its associational rights." Ex. 32 at 3 n.2 (July 29, 2024 Ltr.). Despite repeated requests, J&J has not provided any caselaw supporting its ability to withhold the requested hit counts on this basis. *See* Ex. 33 at 2 (Aug. 12, 2024); Ex. 34 at 2 (Aug. 15, 2024 Ltr.); Ex. 35 (Aug. 16, 2024 Ltr.); Ex. 36 (Aug. 21, 2024 Email).

# Exhibit 1

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (ES) (CLW) |
| Plaintiff, | **DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  December 28, 2023      By: */s/ E. Evans Wohlforth, Jr.*

                E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

## DEFINITIONS

The following definitions apply to these Interrogatories:

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.     "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.     "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.     "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

4

members remain responsible for all or most of their plans' copays, co-insurance requirements, and

deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to

the term "copay accumulator."

8.      "All," "any," and "each" mean any and all.

9.      "And" and "or" are construed both conjunctively and disjunctively.

10.     "Archbow" means Archbow Consulting, LLC and any and all predecessors and

successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of Archbow.

11.     "Avalere" means Avalere Health LLC and any predecessors and successors in in-

terest, assignees, parents, subsidiaries, affiliates, divisions and departments, agents, representa-

tives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities

acting or purporting to act on behalf of or under the control of Avalere.

12.     "Benefits Investigation" means any process by which JJHCS, or any entity acting

on its behalf, receives information regarding the pharmacy benefits provided by a health plan,

including information regarding prior authorization, costs, Essential Health Benefits status, patient

eligibility, and related information.

13.     "Best Price" is the lowest price available from the manufacturer during the rebate

period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or

governmental entity in the United States in any pricing structure.

14.     "Best Price Quarterly Report" is a quarterly report submitted by a pharmaceutical

manufacturer to the Centers for Medicare & Medicaid Services in compliance with 42 C.F.R.

§ 447.510(a).

15.    "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

16.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

17.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

18.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

19.    "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

20.    "Express Scripts" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

21.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

6

22.    "Including" means including but not limited to.

23.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

24.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZELEX, DARZELEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA, STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

25.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

7

26.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

27.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

28.    "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

29.    "Person" means a natural person or legal entity including any business or governmental entity or association.

30.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to,

8

reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

31.    "Request" means any of these Requests for Production.

32.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

33.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

34.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

35.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.     For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.     If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.     If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.     If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.     If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

77.     All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network, American Chronic Pain Association, American College of Rheumatology, American Diabetes

11

Association, American Kidney Fund, American Lung Association, American Society of Clinical Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's & Colitis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association, COPD Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV + Hepatitis Policy Institute, Immune Deficiency Foundation, International Myeloma Foundation, Leukemia & Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus Foundation of America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's Health Network, Multiple Sclerosis Association of America, Nashville CARES, National Alopecia Areata Foundation, National Multiple Sclerosis Association of America, National Multiple Sclerosis Society, National Oncology State Network, National Organization of Rare Disorders, National Psoriasis Foundation, Prevent Blindness, Pulmonary Hypertension Association, Rheumatology Research Foundation, Scleroderma Foundation, Stand Up To Cancer, Susan G. Komen, The ALS Association, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and ZERO Prostate Cancer).

78.    All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence pharmaceutical industry associations or groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to Biotechnology Innovation Organization, Pharmaceutical Care Management Association, and Pharmaceutical Research and Manufacturers of America).

79.    All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their affiliates for each Janssen Drug.

12

80. A copy of each final contract executed between JJHCS and TrialCard regarding CarePath, including without limitation any final work order.

81. All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

82. All Documents and Communications between JJHCS and Avalere regarding CarePath or Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators, and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to medication, and (4) reevaluating or changing Copay Assistance Programs based on expected changes to the Best Price Rule.

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

February 12, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write regarding J&J's January 29, 2024 Responses and Objections to
SaveOn's Sixth Set of Requests for Production, served December 28, 2023.

I.    **General Objections & Definitions**

*First*, J&J objects that certain "documents or things" sought by SaveOn "are
equally available to or already in SaveOnSP's possession, custody, or control" and
that other "documents or information . . . is [sic] obtainable from sources other
than" J&J. *See* R&Os at 2. But "it is not a bar to the discovery of relevant material
that the same material may be in the possession of the requesting party or obtain-
able from another source." *Fort Washington Res., Inc. v. Tannen*, 153 F.R.D. 78,
79 (E.D. Pa. 1994). Please confirm that J&J is not withholding any documents
based on that general objection.

*Second*, J&J objects to the requests to the extent that they seek production
of materials the disclosure of which "would violate a confidentiality agreement,
court order, or applicable law." *See* R&Os at 2. Please either (1) confirm that J&J
is not withholding any documents based on that general objection; or (2) identify
the documents that it withholds on that basis and promptly produce the relevant
agreements.

Ian Eppler
February 12, 2024

*Third*, J&J objects to the definition of "JJHCS" to the extent the term is used to seek documents and communications in the possession of J&J entities other than JJHCS, including Janssen. In the February 6, 2024 Order, the Court made clear that J&J's discovery obligations include Janssen. *See, e.g.*, February 6, 2024 Tr. at 14 ("The parties shall meet and confer on a new set of search terms to adequately vet documents in the possession of Plaintiff or any of the J&J entities responsible for drafting the Stelara & Tremfya T&Cs.").Please confirm that J&J is not withholding documents or communications on the basis of this objection and that J&J will search for relevant documents, including noncustodial documents, within Janssen. If J&J intends to stand on this objection, please explain the basis for J&J's objection.

## II.   Requests 77 and 78

SaveOn's RFP Nos. 77 and 78 seek documents and communications regarding efforts by JJHCS to work with, inform, sponsor, or influence various named patient advocacy groups (RFP No. 77) and pharmaceutical industry associations (RFP No. 78) regarding public statements, patient outreach, or lobbying about copay assistance programs, maximizers, accumulators, or SaveOn.

J&J objects to these requests because it seeks "documents and communications unrelated to SaveOnSP and communications with multiple entities whose relevance has not been established." Numerous publicly available sources show that J&J has sponsored and provided funding to each of the groups listed in the Requests and that each group made public statements or lobbied in favor of copay assistance programs, and/or against maximizers, accumulators, or SaveOn. It is thus reasonable to investigate whether J&J used its influence over these groups to promote the false narrative that copay maximizers and accumulators (which, according to J&J, includes SaveOn) harm patients. If that narrative impacted patients' experiences with the CarePath copay assistance program and caused confusion, concern and stress to patients, that provides a defense to J&J's G.B.L § 349 claim because it offers an alternative cause for any "undue stress and confusion," Compl. ¶ 114, that J&J alleges SaveOn caused.

J&J also recently produced additional documents in which Avalere, one of its vendors, proposed as a "" related to the Best Price that "

. JJHCS_00145576, at 40. J&J's efforts to provide financial assistance to patients related to their specialty drugs is relevant to SaveOn's defense that J&J failed to mitigate its damages.

J&J refuses to search for or produce additional documents responsive to these Requests, arguing that the documents it has agreed to produce in response to prior RFPs, most notably RFP No. 20, are sufficient. If J&J had conducted a fulsome search for "studies, report, and publications that JJHCS has funded or

Ian Eppler
February 12, 2024

supported regarding accumulator and maximizer programs generally, as well as internal communications about such documents," Feb. 17, 2023 Ltr. from A. Lo-Monaco to M. Nelson, that might be true, but it has not.

We therefore propose that J&J run the search terms included in Exhibit A, which are designed to target communications with and documents regarding the organizations we have identified through our independent research. Please confirm that J&J will run these search terms and produce documents responsive to RFPs 77 and 78. If J&J objects on the basis of burden, please provide hit counts for each term, individually and in the aggregate.

## III.    Request 79

RFP No. 79 seeks copies of each Best Price Quarterly Report created or submitted by J&J for each Janssen Drug. J&J first objects on the ground of relevance, arguing that "[i]ssues related to 'Best Price' are completely irrelevant to this action." We disagree. Issues surrounding the Best Price Rule are relevant to this litigation for numerous reasons, as explained in our January 26, 2024 letter regarding SaveOn's 5th RFPs. Jan. 26, 2024 Ltr. from E. Snow to I. Eppler, at 5–6. Most germane here, J&J alleges that SaveOn takes CarePath funds for its own purposes, Compl. ¶¶ 1–5, 8, 15, but appears to regularly certify that ███████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████" JJHCS_00136632. The Best Price Quarterly Reports will reveal whether J&J accounts for its copay assistance program in government filings.

J&J also objects based on burden. That objection is inapposite here, where SaveOn has identified a discrete number of government reports that it seeks. J&J is required by federal law to submit "Quarterly reports" that "report product and pricing information for covered outpatient drugs to CMS not later than 30 days after the end of the rebate period." 42 C.F.R. § 447.510(a). We seek copies of these as-filed reports, which J&J presumably maintains in a noncustodial, centralized location. Please confirm that J&J will produce these reports.

## IV.    Requests 80 and 81

These requests seek a copy of each final, executed contract between JJHCS and TrialCard regarding CarePath (RFP No. 80), and all draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOn (RFP No. 81). J&J has agreed to produce non-privileged final contracts in response to RFP No. 80, but objects to RFP No. 81 as unduly burdensome and irrelevant.

Contrary to J&J's relevance and burden objection, this request is narrow and targeted. It is narrower even than RFP No. 80, as it seeks copies of only those draft contracts between J&J and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOn, not all contracts between the two. These contracts

Ian Eppler
February 12, 2024

are critical to SaveOn's failure-to-mitigate and acquiescence defenses, and drafts are necessary to get the full story. In particular, as we have previously explained, J&J could have asked TrialCard to start identifying and excluding patients on plans advised by SaveOn earlier than January 2022, and for more drugs than just Stelara and Tremfya. Copies of draft contracts, especially contracts that were never adopted, are thus relevant to our defenses in this action.

Because this request can likely be fulfilled with a noncustodial production of the draft contracts, the burden on J&J is significantly less than a custodial production.

J&J also objects to RFP No. 81 "to the extent it seeks documents and communications in the possession of entities other than JJHCS." Please clarify this objection. In particular, please clarify whether you refuse to search for and produce documents from entities within J&J other than JJHCS, or whether you refuse to search for and produce documents from TrialCard.

## V.    Request 82

This request seeks documents and communications between JJHCS and Avalere regarding CarePath and copay assistance programs. J&J objects based on relevance and burden.

The documents requested are relevant to this litigation. To start, J&J claims that "information related to patient satisfaction with copay assistance programs" and "the impact of copay assistance programs on patient adherence to medication" are irrelevant to this action. But one of J&J's two charges in this lawsuit is that SaveOn violated N.Y. G.B.L. § 349 by causing patients enrolled in the CarePath program "undue stress and confusion," Compl. ¶ 114. And during the January 24, 2024 conference, J&J's counsel asserted that, due to SaveOn's actions, "[t]here are people who were deprived of the[ir] Stelara and Tremfya for weeks and as a result, instead of just taking medication, needed to have colon operations," and others who "were deprived of their oncology drugs for weeks." Jan. 24, 2024 Tr. 68. These are serious accusations, and SaveOn is entitled to investigate whether these harms were in fact caused by the "administrative thicket" that JJHCS's CarePath program creates. *Id.*

From J&J's prior productions, we understand that Avalere conducted primary source research on J&J's behalf, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" JJHCS_00157058, at 5. This research is relevant to J&J's G.B.L. § 349 claim.

In addition, J&J claims that information related to "purported changes to CarePath's copay assistance program based on expected changes to the Best Price Rule" are irrelevant. Among other reasons, this information is relevant because, under the rule, if J&J knew copay assistance funds were provided by a third party,

4

Ian Eppler
February 12, 2024

such as an insurer or a PBM, then J&J would be required to count copay assistance funds towards AMP and Best Price, creating an incentive for J&J to *not* identify patients on SaveOn-advised plans. J&J's documents show that Avalere performed significant work for J&J to "

[redacted]

" JJHCS_00157058, at 5. This research is relevant.

J&J also objects to RFP No. 81 "to the extent it seeks documents and communications in the possession of entities other than JJHCS." Please clarify this objection. In particular, please clarify whether you refuse to search for and produce documents from entities within J&J other than JJHCS, or whether you refuse to search for and produce documents from Avalere.

Finally, to the extent that J&J objects to this request based on burden, it must produce hit counts for all search terms, both individually and in the aggregate.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

5

Ian Eppler
February 12, 2024

## **Exhibit A**

(AIDS Foundation of Chicago OR AFC OR AIDS Institute OR TAI OR Aimed Alliance OR Alliance for the Adoption of Innovations in Medicine OR American Cancer Society Cancer Action Network OR ACS CAN OR American Chronic Pain Association OR ACPA OR American College of Rheumatology OR ACR OR American Diabetes Association OR ADA OR American Kidney Fund OR AKF OR American Lung Association OR ALA OR American Society of Clinical Oncology OR ASCO OR Arthritis Foundation OR AF OR Coalition of State Rheumatology Organizations OR CSRO OR Crohn's & Colitis Foundation OR CCF OR Cystic Fibrosis Research Institute OR CFRI OR Connecticut Oncology Association OR CtOA OR COPD Foundation OR Epilepsy Foundation OR Epilepsy Foundation of America OR EFA OR Gay Men's Health Crisis OR GMHC OR HealthyWomen OR HW OR HIV + Hepatitis Policy Institute OR HIV+Hepatitis Policy Institute OR HIV and Hepatitis Policy Institute OR HIV & Hepatitis Policy Institute OR HHPI OR Immune Deficiency Foundation OR IDF OR International Myeloma Foundation OR IMF OR Leukemia & Lymphoma Society OR LLS OR LUNGevity Foundation OR LUNGevity OR Lupus Research Alliance OR LRA OR Lupus Foundation of America OR LFA OR  Mary M. Gooley Treatment Center OR Mary Gooley Treatment Center OR Mary M. Gooley HTC OR Mary M. Gooley Hemophilia Center OR Mary Gooley Hemophilia Center OR Mary M. Gooley Hemophilia Treatment Center OR Mary Gooley Hemophilia Treatment Center OR MMGHTC OR Men's Health Network OR MHN OR Multiple Sclerosis Association of America OR MSAA OR Nashville CARES OR National Alopecia Areata Foundation OR NAAF OR National Multiple Sclerosis Association of America OR MSAA OR National Multiple Sclerosis Society OR National MS Society OR NMSS OR National Oncology State Network OR NOSN OR National Organization of Rare Disorders OR NORD OR National Psoriasis Foundation OR NPF OR Prevent Blindness OR Prevent Blindless America OR PBA OR Pulmonary Hypertension Association OR PHA OR Rheumatology Research Foundation OR RRF OR Scleroderma Foundation OR National Scleroderma Foundation OR NSF OR Stand Up To Cancer OR SU2C OR Susan G. Komen OR Komen OR SGK OR The ALS Association OR ALS Association OR ALSA OR Treatment Action Group OR TAG OR Triage Cancer OR U.S. Pain Foundation OR US Pain Foundation OR U.S. Pain OR Vasculitis Foundation OR VF OR ZERO /3 Prostate Cancer OR ZERO Cancer) AND (accumulator* OR maximizer* or copay assistance)

(Biotechnology Innovation Organization OR BIO OR Pharmaceutical Care Management Association OR PCMA OR Pharmaceutical Research and Manufacturers of America OR PhRMA) AND (accumulator* OR maximizer* OR copay assistance)

# Exhibit 3

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

June 6, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbtw.com

**Re:   *Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write to follow up on the parties' March 4, 2024 meet and confer regarding SaveOn's Sixth Requests for Production, and, in particular, Requests 77 and 78.

Request 77 seeks documents and communications regarding efforts by J&J to "work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, and/or SaveOnSP." Request 78 seeks similar documents and communications about J&J's work with pharmaceutical industry associations and groups.

During the meet and confer, and in our February 12, 2024 letter, SaveOn explained that publicly available sources show that J&J provides funding for each of the identified groups, and that each group has made public statements or lobbied in favor of copay assistance, and/or against maximizers, accumulators, or SaveOn. *See, e.g.*, The Aids Institute, *Unchecked: Copay Accumulator Adjustment Policies in 2024*, February 2024, https://aidsinstitute.net/documents/TAI-2024-Report-2.27.pdf; Ashira Vantrees, Aimed Alliance, Letter to Lina Khan, Chairwoman of the Federal Trade Commission, *Non-EHB, Alternative Funding Programs, and Unfair Trade Practices*, June 14, 2023, https://aimedalliance.org/wp-content/uploads/2023/06/Aimed-Alliance-Letter-Regarding-Alt.-Funding-and-Non-EHB-Programs-as-Unfair-Trade-Practices-June-2023.pdf.

Ian Eppler
June 6, 2024

SaveOn then explained that it is "reasonable to investigate whether J&J used its influence over these groups to promote the false narrative that copay maximizers and accumulators (which, according to J&J, includes SaveOn) harm patients" because SaveOn is entitled to understand whether "that narrative impacted patients' experiences with the CarePath copay assistance program and caused confusion, concern and stress to patients." Feb. 12, 2024 Ltr. from H. Miles to I. Eppler. For example, J&J's Complaint cites and quotes an article purportedly written by a patient named Anndi McAfee. Compl. ¶ 138. Discovery has shown that Trial-Card, J&J's vendor that runs CarePath, presented a webinar to the general public regarding copay accumulators, which prompted McAfee to email TrialCard with her complaint about SaveOn. TRIALCARD_00003240. TrialCard employees then referred her to "Stacey" (apparently Stacey Worthy, associated with the patient advocacy group Aimed Alliance, TRIALCARD_00002745), and "███████████ ████████████████." *Id.* Four days later, McAfee published her complaint on "Drug Channels," J&J contractor Adam Fein's website.

The documents that J&J has produced so far also show that J&J worked with advocacy groups to lobby against copay accumulators, maximizers, and SaveOn. *See, e.g.*, JJHCS_00227193 (Blaine Penkowski asking whether ███████████ ████████████████████████████████████████████████████████████████, and LD Platt responding: "███████████████████████████████████████ ████████████"); JJHCS_00132467 (email about "██████████████████ ████████████████████████████████████████████████████████████████ ████████████████████"). As early as 2016, J&J custodian Karen Lade considered working with patient advocacy groups to "████████████████████████████ ███████████████████████████████████████████████████████████████. JJHCS_00222271. Coordination with patient advocacy groups also occurred at the highest levels of J&J, including the JALT. *See* JJHCS_00237117 (John Hoffman requesting "███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████).

In its February 22, 2024 letter, J&J asserted that the Requests were duplicative because it has "agreed to run several search terms intended to identify documents related to relevant public communications and alleged JJHCS support for publishers of relevant material in response to Request 20." Feb. 22, 2024 Ltr. from I. Eppler to H. Miles, at 2. Please identify what search parameters, if any, J&J has run that you believe would identify such documents and communications, including the relevant custodians and time periods.

SaveOn accordingly asks that J&J agree to run the search terms listed in Appendix 1 over the files of its existing custodians. These terms are intended to target communications with and documents regarding the specific organizations that have apparently accepted funds from J&J and also made public statements or

Ian Eppler
June 6, 2024

performed lobbying in support of copay assistance and/or against maximizers, accumulators, and/or SaveOn. If J&J objects to running any of these terms based on burden, it should provide hit counts for each such term.

      We request a response by June 13, 2024.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

Ian Eppler
June 6, 2024

**Appendix 1**

| Patient Advocacy Groups (RFP No. 77) |
|---|
| ("AIDS Foundation of Chicago" OR AFC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("AIDS Institute" OR TAI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Aimed Alliance" OR "Alliance for the Adoption of Innovations in Medicine") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Cancer Society Cancer Action Network" OR "ACS CAN") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Chronic Pain Association" OR ACPA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American College of Rheumatology" OR ACR) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Diabetes Association" OR ADA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Kidney Fund" OR AKF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Lung Association" OR ALA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Society of Clinical Oncology" OR ASCO) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Arthritis Foundation" OR AF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Coalition of State Rheumatology Organizations" OR CSRO) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Crohn's & Colitis Foundation" OR "Crohns & Colitis Foundation" OR CCF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Cystic Fibrosis Research Institute" OR CFRI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Connecticut Oncology Association" OR CtOA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "COPD Foundation" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Epilepsy Foundation" OR EFA) w/50 (accumulator* OR maximizer* or "copay assistance") |

4

Ian Eppler
June 6, 2024

| |
|---|
| ("Gay Men's Health Crisis" OR "Gay Mens Health Crisis" OR GMHC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("HealthyWomen" OR HW) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("HIV + Hepatitis Policy Institute" OR "HIV and Hepatitis Policy Institute" OR "HIV & Hepatitis Policy Institute" OR HHPI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Immune Deficiency Foundation" OR IDF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("International Myeloma Foundation" OR IMF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Leukemia & Lymphoma Society" OR "Leukemia and Lymphoma Society" OR LLS) w/50 (accumulator* OR maximizer* or "copay assistance") |
| LUNGevity w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Lupus Research Alliance" OR LRA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Lupus Foundation of America" OR LFA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Mary M. Gooley Treatment Center" OR "Mary Gooley Treatment Center" OR "Mary M. Gooley" OR "Mary M. Gooley Hemophilia Center" OR "Mary Gooley Hemophilia Center" OR "Mary M. Gooley Hemophilia Treatment Center" OR "Mary Gooley Hemophilia Treatment Center" OR MMGHTC OR HTC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Men's Health Network" OR MHN) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Multiple Sclerosis Association of America" OR MSAA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "Nashville CARES" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Alopecia Areata Foundation" OR NAAF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Multiple Sclerosis Association of America" OR MSAA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Multiple Sclerosis Society" OR "National MS Society" OR NMSS) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Oncology State Network" OR NOSN) w/50 (accumulator* OR maximizer* or "copay assistance") |

Ian Eppler
June 6, 2024

| |
|---|
| ("National Organization of Rare Disorders" OR NORD) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Psoriasis Foundation" OR NPF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Prevent Blindness" OR PBA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Pulmonary Hypertension Association" OR PHA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Rheumatology Research Foundation" OR RRF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Scleroderma Foundation" OR NSF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Stand Up To Cancer" OR SU2C) w/50 (accumulator* OR maximizer* or "copay assistance") |
| (Komen OR SGK) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("ALS Association" OR ALSA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Treatment Action Group" OR TAG) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "Triage Cancer" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("U.S. Pain Foundation" OR "US Pain Foundation" OR "U.S. Pain") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Vasculitis Foundation" OR VF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ((ZERO /3 "Prostate Cancer" OR "ZERO Cancer") w/50 (accumulator* OR maximizer* or "copay assistance") |
| **Pharmaceutical Industry Groups (RFP No. 78)** |
| ("Biotechnology Innovation Organization" OR BIO) w/50 (accumulator* OR maximizer* OR "copay assistance") |
| ("Pharmaceutical Care Management Association" OR PCMA) w/50 (accumulator* OR maximizer* OR "copay assistance") |
| ("Pharmaceutical Research and Manufacturers of America" OR PhRMA) w/50 (accumulator* OR maximizer* OR "copay assistance") |

6

# Exhibit 4

Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Dominic V. Budetti
Associate
212.390.9317
dbudetti@selendygay.com

January 22, 2025

<u>Via E-mail</u>

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

**Re:** ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC et al.*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to Judge Wolfson's guidance at the January 15, 2025 discovery conference regarding search terms for John Hoffman's work with the advocacy group the Arthritis Foundation and further to the parties' correspondence regarding SaveOn's Request Nos. 77 and 78.

*First*, as you know, during the January 15, 2025 conference, Judge Wolfson ordered J&J to run a search term related to the Arthritis Foundation over John Hoffman's documents. SaveOn proposes the following term: "Arthritis Foundation" w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program"). Please let us know if J&J agrees to this search term. If J&J objects on the basis of burden, please provide us with the number of documents this search term hits in Hoffman's files, as well as the total number of additional documents this term would require J&J to review.

*Second*, J&J has previously refused to produce any documents or communications in response to SaveOn's Request Nos. 77 and 78, which seek documents and communications regarding J&J's efforts to work with, inform, sponsor, or influence various named patient advocacy groups (RFP No. 77) and pharmaceutical industry associations (RFP No. 78) (together with RFP No. 77, the "Requests") in connection with public statements, patient outreach, or lobbying about copay assistance programs, maximizers, accumulators, or SaveOn on the ground that those documents are irrelevant. Judge Wolfson's order regarding Hoffman, however, dispensed with J&J's categorical relevance objection.

Ian Eppler
January 22, 2025

In the interest of compromise, and reserving all rights, SaveOn proposes that J&J run the following search terms over the documents of John Hoffman, Lawrence (L.D.) Platt, and Silas Martin, for the period of April 1, 2016 to November 7, 2023:

- ("AIDS Institute" OR TAI) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Aimed Alliance" OR "Alliance for the Adoption of Innovations in Medicine") w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("All Copays Count Coalition" OR ACCC) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Arthritis Foundation" OR AF) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Coalition of State Rheumatology Organizations" OR CSRO) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("HIV + Hepatitis Policy Institute" OR "HIV and Hepatitis Policy Institute" OR "HIV & Hepatitis Policy Institute" OR HHPI) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Pharmaceutical Research and Manufacturers of America" OR PhRMA) w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

- ("Rational360" OR "Rational 360") w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program")

J&J has produced, and SaveOn has previously identified, a litany of documents showing that each of these three custodians were closely involved in J&J's efforts to influence and fund these organizations to push anti-accumulator, anti-maximizer, and anti-SaveOn narratives for its own purposes. *See* JJHCS_00237101 at -101-02 (Hoffman discussing media strategy and advocacy partners); JJHCS_00289879 (Hoffman receiving confirmation of paid work with the Arthritis Foundation); JJHCS_00289880 (proposal from Arthritis Foundation regarding anti-accumulator media campaign); JJHCS_00237172 at 2 (slide deck sent to Hoffman discussing "███████████████████████████████████████"); JJHCS_00237117 (Hoffman requesting and receiving information about advocacy groups' work on accumulators, including Aimed Alliance, CSRO, Aids Institute, and the Arthritis Foundation); JJHCS_00132931 (email exchange between Hoffman, Martin, and others discussing work with advocacy groups to push anti-accumulator messaging); TRIALCARD_00008937 (email describing Martin as "█████████████████████████████████████████

2

Ian Eppler
January 22, 2025



■■■■■■■"); JJHCS_00133073 at 075-79 (slide deck composed by Hoffman and shared with Martin, Platt, and others discussing ■■■■■■■■■■■); JJHCS_00254296 at -296-97 (memorandum titled "■■■■■■■■■■" sent from Rational360 to Platt); JJHCS_00288447 at -446-48 (slide deck shared between Platt and Rational360 describing ■■■■■■■■■"); JJHCS_00236758-760 (media strategy memo from Rational360 sent to Platt, Hoffman, and the Aids Institute in advance of "■■■■■■■■■■" involving all four); JJHCS_00183956 at 23 (slide deck sent to Platt discussing ■■■■■■■■■); JJHCS_00227193 (Platt, responding to request for ■■■■■■■■■■■■); JJHCS_00254198 (email from Rational360 to Platt describing the ■■■■■■■■); JJHCS_00224430-431 (email from Platt setting out Rational360's role in developing J&J's media strategy); JJHCS_00331243 at 12 (slide deck discussing ■■■■■■■■■■■).

With the exception of Rational360, J&J has either relied on or received support from each of the organizations identified above throughout this litigation, putting their credibility at issue. *See* Am. Compl. ¶¶ 30 n. 6, 32 & n.9, 50, 138; Dkt. 35 (motion of Aimed Alliance, Triage Cancer, The HIV and Hepatitis Policy Institute, the Coalition of State Rheumatology Organizations, the AIDS Institute, The National Oncology State Network and the Connecticut Oncology Association for leave to appear as amicus curiae in support of J&J); Dkt. 38 (PhRMA's motion for leave to appear as amicus curiae in support of J&J). Documents also demonstrate that J&J worked closely with its media consultant, Rational360, to further its efforts with the groups listed above, including by ■■■■■■■■■■■■, JJHCS_00254296 at -296-98, and by ■■■■■■■■■■■■■, JJHCS_00236760; *see also* JJHCS_00288447 at -447-48; HOFFMAN_00000004.

Please let us know if J&J accepts SaveOn's proposal. If J&J does not accept SaveOn's proposal, please provide us with your availability on Thursday January 23 and Friday January 24 to meet and confer. If J&J intends to object on the basis of burden, please provide us with the number of documents these search terms hit in each custodians' files, as well as the total number of additional documents these terms would require J&J to review.[1] We reserve all rights.

---

[1] J&J cannot legitimately argue that providing these hit counts would somehow chill J&J's free speech by revealing the groups with which J&J most frequently communicated, July

Ian Eppler
January 22, 2025

Sincerely,

/s/ Dominic V. Budetti

Dominic V. Budetti
Associate

---

29, 2024 Ltr. from I. Eppler to H. Miles at 3 n.2, because J&J's document productions have already revealed the identities of these groups to SaveOn.

# Exhibit 5



www.pbwt.com

January 23, 2025

Ian D. Eppler
(212) 336-2205

**By Email**

Dominic Budetti, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:    **John Hoffman Search Term and SaveOnSP's Request Nos. 77 and 78**
> *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
> **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Dominic:

We write in response to SaveOnSP's January 22, 2025 letter proposing a search term for John Hoffman's work with the Arthritis Foundation, as well as SaveOnSP's Request Nos. 77 and 78.

Judge Wolfson has ordered the parties to "meet and confer on search terms for Hoffman . . . limited to Hoffman's contact with the advocacy group, the Arthritis Foundation." Jan. 23, 2025 Order at 8. In its January 22 letter, SaveOnSP proposed that JJHCS run the following term over Mr. Hoffman's documents:

- "Arthritis Foundation" w/50 (accumulator* OR maximizer* OR "copay assistance" OR "adjustment program").

JJHCS agrees to run this term over Mr. Hoffman's documents for the period from April 1, 2016 to November 7, 2023.

In the same letter, SaveOnSP also demands that JJHCS run eight search terms related to purported "efforts to work with, inform, sponsor, or influence various named patient advocacy groups . . . and pharmaceutical industry associations" over the files of three custodians, including Mr. Hoffman, to satisfy SaveOnSP's Request Nos. 77 and 78. Jan. 22, 2025 Ltr. from D. Budetti to I. Eppler at 1. JJHCS declines to do so. Judge Wolfson's recent Order makes clear that discovery into JJHCS's work with advocacy groups is to be limited to Mr. Hoffman's files and cover only the Arthritis Foundation. Jan. 23, 2025 Order at 8. SaveOnSP's demands for eight additional terms cannot be squared with Judge Wolfson's clear guidance. *See* Jan. 15, 2025 Tr. at 107:8–21 (specifically rejecting SaveOnSP's request for searches except for those related to the Arthritis Foundation). Moreover, JJHCS stands behind its objection to Request Nos. 77 and 78 on

Dominic Budetti, Esq.
January 23, 2025
Page 2


relevance, burden, privilege, and dormancy grounds.  *See, e.g.*, Dec. 13, 2024 Ltr. from I. Eppler to H. Miles; Oct. 8, 2024 Ltr. from I. Eppler to T. Stone; Aug. 15, 2024 Ltr. from I. Eppler to T. Stone; Jul. 29, 2024 Ltr. from I. Eppler to H. Miles.

                                          Very truly yours,

                                          */s/ Ian Eppler*
                                          Ian D. Eppler

# Exhibit 6

Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Dominic V. Budetti
Associate
212.390.9317
dbudetti@selendygay.com

January 31, 2025

<u>Via E-mail</u>

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

**Re:**    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC et al.*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to your letter dated January 23, 2025, and to memorialize the parties' meet and confer concerning SaveOn's Request Nos. 77 and 78.

*First*, thank you for accepting SaveOn's proposed Arthritis Foundation search term to be run over John Hoffman's documents. Please confirm the date by which you will produce any responsive documents resulting from that search.

*Second*, as you are aware, SaveOn has asked J&J to produce documents and communications regarding efforts by J&J to work with, inform, sponsor, or influence various named patient advocacy groups (RFP No. 77) and pharmaceutical industry associations (RFP No. 78) regarding public statements, patient outreach, or lobbying about copay assistance programs, maximizers, or accumulators. SaveOn proposed narrowed search terms to J&J involving three custodians—John Hoffman, Lawrence (L.D.) Platt, and Silas Martin—and eight entities—the AIDS Institute, Aimed Alliance, ACCC, Arthritis Foundation, CSRO, HHPI, PhRMA, and Rational360. Jan. 22, 2025 Ltr. from D. Budetti to I. Eppler at 1-2. J&J refused to run SaveOn's proposed search terms, standing by its prior objections. Jan. 23, 2025 Ltr. from I. Eppler to D. Budetti.

On January 28, 2025, the parties met and conferred in an attempt to resolve this dispute but were unable to do so. The parties are therefore at impasse as to RFP Nos. 77 and 78. SaveOn reserves all rights.

Ian Eppler
January 31, 2025

Sincerely,

/s/ Dominic V. Budetti

Dominic V. Budetti
Associate

# Exhibits 7-31 Confidential

# Filed Under Seal

# Exhibit 32



www.pbwt.com

July 29, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Hannah R. Miles, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     **SaveOnSP's Request Nos. 77 and 78**
         *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
         *No. 2:22-cv-02632 (JKS) (CLW)*

Dear Hannah:

We write in response to your July 19, 2024 letter regarding SaveOnSP's Request Nos. 77 and 78 (the "Requests").

SaveOnSP claims that the documents covered by the Requests are "relevant to understand whether J&J uses its influence over these groups to promote the narrative that SaveOn harms patients and thereby causes stress and confusion." Jul. 19, 2024 Ltr. from H. Miles to I. Eppler at 1. But the issue that SaveOnSP seeks to "understand" has no connection to this case. As JJHCS has previously explained, "This case is about SaveOnSP's conduct and whether it harms patients," and is "not about whether JJHCS's work to help patients afford their medications somehow causes them stress, about copay assistance programs other than CarePath, or whether JJHCS somehow causes stress to patients in accumulators or maximizers other than SaveOnSP." Jun. 17, 2024 Ltr. from I. Eppler to H. Miles at 2.

In any event, even if this case were about "whether JJHCS's work to help patients afford their medications somehow causes them stress" (and it is not), SaveOnSP provides no reason to conclude that discovery into JJHCS's work with advocacy groups would support this theory. Over the course of six months of discovery letters on this issue, SaveOnSP has been unable to point to a single document supporting the theory that JJHCS's work with advocacy groups somehow results in patient "stress or confusion." *See* Jun. 17, 2024 Ltr. from I. Eppler to H. Miles at 2. As SaveOnSP has stated, "this type of fishing expedition," unsupported by any connection to the claims or defenses in this case and unconnected to any facts in the discovery record, "is not a valid purpose of discovery." Mar. 25, 2024 Ltr. from M. Nussbaum to I. Eppler at 1.

SaveOnSP also claims that the Requests are necessary to procure documents that "may also help show J&J's response to SaveOn." Jul. 19, 2024 Ltr. from H. Miles to I. Eppler at

Hannah Miles, Esq.
July 29, 2024
Page 2

1.  But again, "JJHCS has already produced non-privileged documents and communications 'with or regarding SaveOnSP' from more than twenty custodians" in response to SaveOnSP's Request No. 8, and those documents will necessarily show JJHCS's "response to SaveOn."  Jun. 17, 2024 Ltr. from I. Eppler to H. Miles at 1.  Moreover, to the extent that SaveOnSP asserts that it is entitled to these documents based on a speculative theory that JJHCS "respon[ded] to SaveOn" by "encourag[ing] patient advocacy groups to try and pressure accumulators and maximizers to shut down as early as 2016," that speculation is unmoored even from the document that SaveOnSP cites in support of this allegation.  While SaveOnSP cites a document in which a J&J employee relays "████████████████" regarding the actions that advocacy groups could take in response to accumulators and maximizers, that very document goes on to recommend ***against*** "████████████████ ████████████████████████████████████████."  *See* JJHCS_00222271.  SaveOnSP cannot undertake a fishing expedition through irrelevant communications with advocacy groups based on a document that says the opposite of what SaveOnSP claims it says.

JJHCS also stands by its position that documents regarding lobbying-related work with advocacy groups are protected from discovery by the First Amendment privilege.  Documents are protected from discovery by the First Amendment privilege when "enforcement of the discovery request will result in consequences which objectively suggest a 'chilling' impact on associational rights,"[1] unless "the party seeking the discovery [can] show that the information sought is *highly relevant* to the claims or defenses in the litigation."  *Fraternal Ord. of Police Pennsylvania Lodge v. Twp. of Springfield*, 668 F. Supp. 3d 375, 386 (E.D. Pa. 2023) (emphasis in original).

Under this standard, JJHCS's documents regarding lobbying-related activities undertaken in conjunction with advocacy groups are protected.  These documents implicate issues related to lobbying connected to prescription drug pricing, health care costs, and other issues of health care policy in the United States.  These are "highly divisive issues that go to the core of the . . . right[] to associate." *Id.* at 389.  Courts have held that disclosure of similar communications . . . "could have a chilling effect on the exercise of . . . associational rights" and are therefore presumptively protected by the First Amendment privilege.  *See id.*; *see also In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 490 (10th Cir. 2011) (holding that communications

---

[1] SaveOnSP asserts that the First Amendment privilege does not apply because "J&J's relationship with each of the listed advocacy groups is a matter of public record, so privacy interests are not at stake."  Jul. 19, 2024 Letter from H. Miles to I. Eppler at 2.  But the First Amendment privilege is not limited to instances in which "privacy interests" are implicated; it applies in any circumstance where disclosure of documents would have "consequences which objectively suggest an impact on, or chilling of, the members' associational rights."  *Fraternal Ord.*, 668 F. Supp. 3d at 386.  Even if it were a matter of public record that every advocacy group at issue has a relationship with J&J—an assertion that SaveOnSP does not support— disclosure of private communications with those advocacy groups, made in support of collective advocacy around contested issues of health care policy, would have chilling effects on associational rights that go far beyond the chilling effects that could result from mere disclosure of a relationship.

Hannah Miles, Esq.
July 29, 2024
Page 3

with and among trade associations could be protected by the First Amendment privilege because disclosure may "stifle full and frank discussions").  Under such circumstances, SaveOnSP may only overcome the presumption in favor of the First Amendment privilege if it can show that the information it seeks is highly relevant to JJHCS's claims or SaveOnSP's defenses.  SaveOnSP cannot make that showing—for the reasons JJHCS has repeatedly explained, these documents are not relevant at all, much less highly relevant.

Finally, even if the Requests did not call for irrelevant and privileged documents, JJHCS would object to the Requests on the grounds of undue burden.  SaveOnSP has asked JJHCS to run 51 distinct search terms, claiming that each term is necessary to elicit documents responsive to the Requests.  In sum, these terms return 10,702 documents, inclusive of families.[2]  A production of this volume poses an undue burden to JJHCS given the irrelevance of these documents.

We are available to meet and confer.

Sincerely,


Ian Eppler

---

[2] JJHCS declines to provides SaveOnSP's requested term-by-term hit counts under the circumstances presented here:  disclosure of term-by-term hit counts would in and of itself have a chilling effect on JJHCS's exercise of its associational rights by revealing the advocacy groups with which JJHCS most frequently communicates regarding joint advocacy around health care policy.

# Exhibit 33

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Taylor Stone
Associate
212.390.9088
tstone@selendygay.com

August 12, 2024

**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Ian,

We write in response to J&J's July 29, 2024 letter regarding SaveOn's Requests for Production Nos. 77 and 78 and to memorialize our August 7, 2024 meet-and-confer.

*First*, we explained that documents relating to J&J's correspondence with advocacy groups regarding copay assistance programs, maximizers, accumulators, or SaveOn are relevant to understanding whether J&J uses its influence over advocacy groups that it financially supports to promote the narrative that SaveOn harms patients and thereby causes patients stress and confusion. We further explained that these requests are relevant to SaveOn's defenses to J&J's GBL claim. In response to your assertion that these requests are disconnected from any documents, we pointed you to three documents which were cited in SaveOn's July 19, 2024 letter, and which J&J's July 29, 2024 letter did not address: JJHCS_00237101, JJHCS_00237117, and JJHCS_0022193. Please let us know whether, in light of these documents, J&J continues to stand on its relevance objection.

*Second*, we asked whether J&J objected to searching for documents responsive to these requests on the basis of burden. You stated that J&J is not waiving its burden objection, but its primary objection to these requests is relevance.

*Finally*, we asked whether J&J would be willing to provide hit counts for the search terms that SaveOn proposed in its June 6, 2024 letter. You declined, stating

Ian Eppler
August 12, 2024

these hit counts were protected by the First Amendment. In particular, you explained that providing such hit counts would reveal the groups J&J most frequently communicates with, which you claim is information protected from discovery by the First Amendment. You stated that providing such hit counts would have a chilling effect on J&J's speech and downstream effects on issues of public concern, because despite the Discovery Confidentiality Order, SaveOn might use the hit counts to pursue additional avenues of discovery, such as serving third-party subpoenas to discover relevant documents. When asked to provide caselaw supporting J&J's position, you requested that we make the request in writing. Please now provide those cases.

We request a response by August 19, 2024 and reserve all rights.

Sincerely,

/s/ Taylor Stone

Taylor Stone
Associate

# Exhibit 34



www.pbwt.com

August 15, 2024

Ian Eppler
(212) 336-2205

**VIA EMAIL**

Taylor Stone, Esq.
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **SaveOnSP's Request Nos. 77 and 78**
       *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
       No. 2:22-cv-02632 (JKS) (CLW)

Dear Taylor:

        We write in response to your August 12, 2024 letter, and further to our letter of July 29, 2024, regarding SaveOnSP's Request Nos. 77 and 78. JJHCS continues to object to these Requests—and the search terms proposed in SaveOnSP's June 6, 2024 letter regarding these Requests—on the grounds of relevance, burden, and privilege.

        SaveOnSP has asked JJHCS whether it "continues to stand on its relevance objection" in light of three documents that purportedly show JJHCS "uses its influence over advocacy groups that it financially supports to promote the narrative that SaveOn harms patients and thereby causes patients stress and confusion." Aug. 12, 2024 Ltr. from T. Stone to I. Eppler at 1. Even if the documents showed that, they would be irrelevant, because this case involves claims against SaveOnSP, not JJHCS. Regardless, contrary to SaveOnSP's claim, these documents do not show that JJHCS "uses its influence over advocacy groups . . . to promote" a narrative regarding SaveOnSP that was directed at patients and would have caused them stress and confusion.

        One document cited by SaveOnSP shows only that JJHCS was interested in "███████████████████████████████" about "████████████████████████████ ███████████████" JJHCS_00237101 (emphasis added). This initiative—which, according to the document cited by SaveOnSP, was contemplated but not necessarily effectuated— involved advocacy regarding ███████████████████, and entailed advocacy directed at ███████████████. It therefore does not support SaveOnSP's speculation that JJHCS "uses its influence over advocacy groups that it financially supports to promote the narrative that SaveOn harms patients and thereby causes patients stress and confusion." Aug. 12, 2024 Ltr. from T. Stone to I. Eppler at 1. Another document cited by SaveOnSP is an email in which a JJHCS employee

Taylor Stone, Esq.
August 15, 2024
Page 2

summarized accumulator-related work done by advocacy groups.  JJHCS_00237117.  It does not
indicate that JJHCS was "influenc[ing]" those groups to "promote [a] narrative" about SaveOnSP.
In sum, these documents do not support SaveOnSP's claims regarding the relevance of the
documents sought by its Request Nos. 77 and 78, so JJHCS will not revisit its relevance objection.[1]

   SaveOnSP also asks JJHCS to provide further legal support for its refusal, on First
Amendment privilege grounds, to produce hit counts for the search terms that it demanded in its
June 6, 2024 letter.  Aug. 12, 2024 Ltr. from T. Stone to I. Eppler at 2.  As JJHCS has explained,
"[d]ocuments are protected from discovery by the First Amendment privilege when 'enforcement
of the discovery request will result in consequences which objectively suggest a 'chilling' impact
on associational rights.'"  Jul. 29, 2024 Ltr. from I. Eppler to H. Miles (quoting *Fraternal Ord. of
Police Pennsylvania Lodge v. Twp. of Springfield*, 668 F. Supp. 3d 375, 386 (E.D. Pa. 2023)).
Importantly, the privilege "turns not on the type of information sought, but on whether disclosure
will have a deterrent effect on the exercise of protected activities."  *Fraternal Ord.*, 668 F. Supp.
3d at 388 (quoting *Perry v. Schwarzenegger*, 591 F.3d 1126, 1139 (9th Cir. 2009)).  Here, as we
explained during our meet and confer, disclosure of the requested hit counts could expose JJHCS's
advocacy group partners to burdensome and intrusive discovery demands.  That exposure could,
in turn, deter those groups from continued association with JJHCS in collective advocacy on issues
of public concern that is protected by the First Amendment.

   Very truly yours,

   Ian Eppler

---

[1] SaveOnSP's August 12, 2024 letter also cites a purported document with the Bates number
"JJHCS_0022193" as supporting its relevance argument.  JJHCS has not produced a document
with that Bates number.  This document has a seven-digit Bates number, and all of JJHCS's
productions use eight-digit Bates numbers.

# Exhibit 35

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Taylor Stone
Associate
212.390.9088
tstone@selendygay.com


August 16, 2024


**Via E-mail**

Ian Eppler
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
ieppler@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC*** (Case No. 2:22-cv-02632-JKS-CLW)

Dear Ian,

　　　　We write in partial response to J&J's August 15, 2024 letter regarding Requests for Production Nos. 77 and 78 and in furtherance of SaveOn's August 12, 2024 letter regarding the same.

　　　　In our August 12 letter, we requested that J&J provide case law supporting its position that providing hit counts for the search terms we proposed in our June 6 letter, restated here in Appendix 1, would chill J&J's speech. We made this request because, as we explained in our July 19 letter and at the August 7 meet-and-confer, the cases that J&J had previously cited say nothing about hit counts or a potential chilling effect from the service of valid, third-party subpoenas. *See* July 19, 2024 Ltr. from H. Miles to I. Eppler at 2. Rather than responding to our request for additional case law supporting J&J's refusal to provide hit counts, however, you again cited the same case that you had previously cited in your June 17 and July 29 letters, *Fraternal Ord. of Police Pennsylvania Lodge v. Twp. Of Springfield*, 668 F. Supp. 3d 373 (E.D. Pa. 2023). To the extent that J&J is standing on its refusal to provide hit counts on First Amendment grounds, please confirm that there is no other case law on which J&J intends to rely to support its position.

　　　　We request a response by August 23, 2024 and reserve all rights.

Ian Eppler
August 16, 2024

Sincerely,

/s/ Taylor Stone

Taylor Stone
Associate

Ian Eppler
August 16, 2024

**Appendix 1**

| Patient Advocacy Groups (RFP No. 77) |
|---|
| ("AIDS Foundation of Chicago" OR AFC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("AIDS Institute" OR TAI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Aimed Alliance" OR "Alliance for the Adoption of Innovations in Medicine") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Cancer Society Cancer Action Network" OR "ACS CAN") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Chronic Pain Association" OR ACPA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American College of Rheumatology" OR ACR) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Diabetes Association" OR ADA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Kidney Fund" OR AKF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Lung Association" OR ALA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("American Society of Clinical Oncology" OR ASCO) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Arthritis Foundation" OR AF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Coalition of State Rheumatology Organizations" OR CSRO) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Crohn's & Colitis Foundation" OR "Crohns & Colitis Foundation" OR CCF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Cystic Fibrosis Research Institute" OR CFRI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Connecticut Oncology Association" OR CtOA) w/50 (accumulator* OR maximizer* or "copay assistance") |

Ian Eppler
August 16, 2024

| |
|---|
| "COPD Foundation" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Epilepsy Foundation" OR EFA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Gay Men's Health Crisis" OR "Gay Mens Health Crisis" OR GMHC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("HealthyWomen" OR HW) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("HIV + Hepatitis Policy Institute" OR "HIV and Hepatitis Policy Institute" OR "HIV & Hepatitis Policy Institute" OR HHPI) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Immune Deficiency Foundation" OR IDF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("International Myeloma Foundation" OR IMF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Leukemia & Lymphoma Society" OR "Leukemia and Lymphoma Society" OR LLS) w/50 (accumulator* OR maximizer* or "copay assistance") |
| LUNGevity w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Lupus Research Alliance" OR LRA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Lupus Foundation of America" OR LFA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Mary M. Gooley Treatment Center" OR "Mary Gooley Treatment Center" OR "Mary M. Gooley" OR "Mary M. Gooley Hemophilia Center" OR "Mary Gooley Hemophilia Center" OR "Mary M. Gooley Hemophilia Treatment Center" OR "Mary Gooley Hemophilia Treatment Center" OR MMGHTC OR HTC) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Men's Health Network" OR MHN) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Multiple Sclerosis Association of America" OR MSAA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "Nashville CARES" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Alopecia Areata Foundation" OR NAAF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Multiple Sclerosis Association of America" OR MSAA) w/50 (accumulator* OR maximizer* or "copay assistance") |

4

Ian Eppler
August 16, 2024

| |
|---|
| ("National Multiple Sclerosis Society" OR "National MS Society" OR NMSS) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Oncology State Network" OR NOSN) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Organization of Rare Disorders" OR NORD) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("National Psoriasis Foundation" OR NPF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Prevent Blindness" OR PBA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Pulmonary Hypertension Association" OR PHA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Rheumatology Research Foundation" OR RRF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Scleroderma Foundation" OR NSF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Stand Up To Cancer" OR SU2C) w/50 (accumulator* OR maximizer* or "copay assistance") |
| (Komen OR SGK) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("ALS Association" OR ALSA) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Treatment Action Group" OR TAG) w/50 (accumulator* OR maximizer* or "copay assistance") |
| "Triage Cancer" w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("U.S. Pain Foundation" OR "US Pain Foundation" OR "U.S. Pain") w/50 (accumulator* OR maximizer* or "copay assistance") |
| ("Vasculitis Foundation" OR VF) w/50 (accumulator* OR maximizer* or "copay assistance") |
| ((ZERO /3 "Prostate Cancer" OR "ZERO Cancer") w/50 (accumulator* OR maximizer* or "copay assistance") |
| **Pharmaceutical Industry Groups (RFP No. 78)** |
| ("Biotechnology Innovation Organization" OR BIO) w/50 (accumulator* OR maximizer* OR "copay assistance") |

Ian Eppler
August 16, 2024

| ("Pharmaceutical Care Management Association" OR PCMA) w/50 (accumulator* OR maximizer* OR "copay assistance") |
| --- |
| ("Pharmaceutical Research and Manufacturers of America" OR PhRMA) w/50 (accumulator* OR maximizer* OR "copay assistance") |

# Exhibit 36

| | |
|---|---|
| **From:** | Eppler, Ian (x2205) <ieppler@pbwt.com> |
| **Sent:** | Wednesday, August 21, 2024 2:30 PM |
| **To:** | Taylor Stone |
| **Cc:** | Mangi, Adeel A. (x2563); Sandick, Harry (x2723); LoBiondo, George (x2008); _cg J&J-SaveOn; Philippe Selendy; Andrew Dunlap; Meredith Nelson; Elizabeth Snow; Hannah Miles; Wohlforth, E. Evans |
| **Subject:** | RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups |

Taylor,

JJHCS is in receipt of SaveOnSP's August 16, 2024 letter regarding SaveOnSP's Request Nos. 77 and 78. For the reasons JJHCS has explained in its two prior letters regarding this issue, JJHCS does not agree to produce documents responsive to Request Nos. 77 and 78 because those requests seek documents that are irrelevant to this litigation. In addition, JJHCS declines to produce SaveOnSP's requested term-by-term hit counts because such hit counts would reveal information protected by the First Amendment privilege. JJHCS also maintains its objections to providing term-by-term hit counts for search terms that elicit only irrelevant documents.

Best,
Ian

---

**From:** Taylor Stone <tstone@selendygay.com>
**Sent:** Friday, August 16, 2024 10:23 AM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

**External: Think before you click.**

Counsel,

Please see attached correspondence.

Thank you,
Taylor

**Taylor Stone**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
_____

1

+1 212.390.9088 [O]
+1 650.759.9799 [M]

---

**From:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Sent:** Thursday, August 15, 2024 5:50 PM
**To:** Taylor Stone <tstone@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

Counsel,

Please see the attached correspondence regarding SaveOnSP's Request Nos. 77 and 78.

Best,
Ian

---

**From:** Taylor Stone <tstone@selendygay.com>
**Sent:** Monday, August 12, 2024 4:29 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

**External: Think before you click.**

Counsel,

Please see attached correspondence.

Thank you,
Taylor

**Taylor Stone**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers

+1 212.390.9088 [O]
+1 650.759.9799 [M]

---

**From:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Sent:** Thursday, August 1, 2024 9:38 AM

2

**To:** Taylor Stone <tstone@selendygay.com>
**Cc:** Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** Re: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

Taylor,

We are available after 4 pm on Wednesday, August 7 and between 1:30 and 3:30 pm on Thursday, August 8. Please send us a calendar invite.

Thanks,
Ian

**Ian D. Eppler**
He | Him | His
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: 212.336.2205

On Aug 1, 2024, at 9:32 AM, Taylor Stone <tstone@selendygay.com> wrote:

**External: Think before you click.**

Counsel,

We are in receipt of your July 29, 2024 letter regarding RFPs 77 and 78 and would like to meet and confer. Are you available on Wednesday, August 7 or Thursday, August 8 between 1pm and 5pm?

Thank you,
Taylor

**Taylor Stone**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

+1 212.390.9088 [O]
+1 650.759.9799 [M]

**From:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Sent:** Monday, July 29, 2024 9:05 PM
**To:** Taylor Stone <tstone@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

Counsel,

Please see the attached correspondence regarding SaveOnSP's Request Nos. 77 and 78.

Best,
Ian

**From:** Eppler, Ian (x2205)
**Sent:** Friday, July 26, 2024 3:34 PM
**To:** 'Taylor Stone' <tstone@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

Taylor,

JJHCS is in receipt of SaveOnSP's July 19, 2024 letter and will respond in due course.

Best,
Ian

**From:** Taylor Stone <tstone@selendygay.com>
**Sent:** Friday, July 19, 2024 5:00 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick, Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>; Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>; Hannah Miles <hmiles@selendygay.com>; Wohlforth, E. Evans <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

**External: Think before you click.**

4

Counsel,

Please see attached correspondence in the above-captioned matter.

Thank you,
Taylor

**Taylor Stone**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒
+1 212.390.9088  [O]
+1 650.759.9799  [M]

---

**From:** Eppler, Ian (x2205) <ieppler@pbwt.com>
**Sent:** Tuesday, June 18, 2024 12:16:13 AM
**To:** Hannah Miles <hmiles@selendygay.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick,
Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia
(x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
EWohlforth@rc.com <EWohlforth@rc.com>
**Subject:** RE: JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

Counsel,

Please see the attached letter.

Best,
Ian

---

**From:** Hannah Miles <hmiles@selendygay.com>
**Sent:** Thursday, June 6, 2024 2:58 PM
**To:** Eppler, Ian (x2205) <ieppler@pbwt.com>; Mangi, Adeel A. (x2563) <aamangi@pbwt.com>; Sandick,
Harry (x2723) <hsandick@pbwt.com>; LoBiondo, George (x2008) <globiondo@pbwt.com>; Long, Julia
(x2878) <jlong@pbwt.com>; _cg J&J-SaveOn <JJSaveOn@pbwt.com>; ~jgreenbaum@sillscummis.com
<jgreenbaum@sillscummis.com>; ~klieb@sillscummis.com <klieb@sillscummis.com>
**Cc:** Philippe Selendy <pselendy@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>;
Meredith Nelson <mnelson@selendygay.com>; Elizabeth Snow <esnow@selendygay.com>;
EWohlforth@rc.com
**Subject:** JJHCS v. SaveOnSP (Case No. 2:22-cv-02632-ES-CLW) // Advocacy Groups

**External: Think before you click.**

5

Counsel,

Please see the attached letter.

Best,
Hannah

**Hannah Miles**
Associate  [Email]
Selendy Gay PLLC  [Web]
Pronouns: she, her, hers
_____

+1 212.390.9055 [O]
+1 347.731.1404  [M]

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to

such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.