# EXHIBIT D

INDEX IN SUPPORT OF MOTION TO SEAL SAVEONSP'S MOTION TO COMPEL JJHCS TO PRODUCE DOCUMENTS RESPONSIVE TO REQUESTS NO. 77 AND 78 RELATED TO ADVOCACY GROUPS AND PHARMACEUTICAL INDUSTRY ASSOCIATIONS (ECF NOS. 514, 528 & 553)

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. to Judge Wolfson regarding SaveOnSP's Motion to Compel JJHCS to Produce Documents Responsive to Requests Nos. 77 and 78, dated February 3, 2025 (ECF No. 514) | | JJHCS requests the redaction of information in and exhibits to the February 3, 2025 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. In addition, Exhibits 13, 14, 24, 28, and 31 were all produced by non-parties pursuant to subpoenas and designated as | If filed on the public docket, these portions of the February 3, 2025 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.  Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place it at a competitive disadvantage if its | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 4–9 | Redactions discussing confidential exhibits | | | | | |
| Exhibits 2–4, 32 & 34 | Redactions to discovery letters discussing confidential documents | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 7, 9 & 31 | Sealing of confidential documents and presentations containing competitively sensitive information | Confidential – Attorneys' Eyes Only. | competitors secured the information. | | | |
| Exhibits 8, 10–23, 25–30 | Sealing of emails and attachments discussing confidential information | | | | | |
| Exhibit 24 | Sealing of confidential chat log discussing confidential information | | | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| <u>Letter from Jeffrey J. Greenbaum to Judge Wolfson in opposition to SaveOnSP's Motion to Compel JJHCS to Produce Documents Responsive to Requests Nos. 77 and 78, dated February 18, 2025 (ECF No. 528)</u> | | JJHCS requests the redaction of information in and exhibits to the February 18, 2025 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | If filed on the public docket, these portions of the February 18, 2025 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.<br><br>Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place it at a competitive disadvantage if its competitors secured the information. | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 6, 10 & 11 | Redactions discussing confidential exhibits | | | | | |
| Exhibits 3, 5, 6, 7, 9 & 10 | Redactions to discovery letters discussing confidential documents | | | | | |

3

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Letter from E. Evans Wohlforth, Jr. to Judge Wolfson in reply to SaveOnSP's Motion to Compel JJHCS to Produce Documents Responsive to Requests Nos. 77 and 78, dated February 28, 2025 (ECF No. 553) | | JJHCS requests the redaction of information in and exhibits to the February 28, 2025 letter that is not known to the general public and which the parties agreed to keep confidential. JJHCS maintains that these documents and exhibits contain sensitive business information. | If filed on the public docket, these portions of the February 28, 2025 letter and the exhibits thereto would reveal confidential material relating to JJHCS's sensitive business information.

Disclosure to the public of this confidential and proprietary information would cause irreparable harm to JJHCS because it would place it at a competitive | JJHCS requests the sealing of only the information that will reveal confidential information that is not known to the general public. No less restrictive alternative is available or practicable. | None | None |
| Pages 2–5 | Redactions discussing confidential exhibits | | | | | |
| Exhibit 37 | Sealing of email discussing confidential information | | | | | |

4

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interests That Warrant the Relief) | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Prior Order Sealing the Same Materials | Opposition to Sealing, if Any, and Basis |
|---|---|---|---|---|---|---|
| Exhibits 39–42 | Redactions to discovery letters discussing confidential documents | | disadvantage if its competitors secured the information. | | | |