SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

LINKLATERS LLP
Adeel A. Mangi
George LoBiondo
Patrick Ashby (admitted *pro hac vice*)
Sara A. Arrow
Julia Long (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104
(212) 903-9000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | : | Civil Action No. 22-2632(CCC)(CLW) |
| Plaintiff, | : | Hon. Claire C. Cecchi, U.S.D.J. |
| | : | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | | Hon. Freda L. Wolfson, Special Master |
| | : | |
| SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., AND ACCREDO HEALTH GROUP, INC., | : | **ORDER GRANTING MOTION TO SEAL** |
| | : | |
| Defendants. | | |

THIS MATTER having been brought to the Court upon the motion of

Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), together with

Defendant Save On SP, LLC ("SaveOnSP"), by and through their attorneys, seeking an order (a) permanently maintaining under seal the letters and supporting exhibits filed by the parties in connection with SaveOnSP's Motion to Compel JJHCS to Produce Documents Responsive to SaveOnSP's Request Nos. 77 and 78 Related to Advocacy Groups and Pharmaceutical Industry Associations, dated February 3, 2025, with related briefing dated February 18 and February 28, 2025 (ECF Nos. 514, 528 & 553), filed February 6, February 19, and March 11, 2025 (the "Advocacy Groups Motion"); and (b) permitting the parties to file the proposed public versions of the Advocacy Groups Motion, attached as Exhibits A, B, and C respectively, to the Declaration of Jeffrey J. Greenbaum submitted in support of this motion; and the Court having considered the motion, the Court makes the following findings of fact and conclusions of law, pursuant to L. Civ. R. 5.3(c)(6):

**JJHCS Confidential Materials**

(1) As to JJHCS's request to seal confidential materials, the Court finds that the Advocacy Groups Motion contains information that is non-public business, trade secret or proprietary information involving the work with patient advocacy groups and pharmaceutical industry associations, JJHCS's deliberative process and internal decision-making, and other

sensitive business information related to JJHCS (the "JJHCS Confidential Materials").

(2) The Court further finds that the Confidential Materials contain JJHCS's highly sensitive, proprietary business information that is not known to the general public.

(3) The Court further finds that the parties have safeguarded and protected the confidentiality of the JJHCS Confidential Materials, including throughout the pendency of this action.

(4) The Court further finds that the parties would suffer substantial and specific harm, including potential financial damage and disclosure of competitive business information through the divulgence of such confidential information and that the parties have a strong and legitimate interest in protecting this confidential information from being disclosed to the public. *See Goldenberg v. Indel, Inc.*, No. 09-5202 (JBS/AMD), 2012 U.S. Dist. LEXIS 479, at *8 (D.N.J. Jan. 3, 2012); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, Civil Action No. 03-6025 (FLW), 2007 U.S. Dist. LEXIS 51828, at *27-28 (D.N.J. July 18, 2007).

(5) The Court further finds that no less restrictive alternative to sealing exists and that the parties have proposed redactions where appropriate to minimize the amount of sealing necessary.

**SaveOnSP Confidential Materials**

(1) As to the information that SaveOnSP seeks to seal, the Court finds that JJHCS's Opposition to SaveOn's Motion to Compel Documents Regarding Advocacy Groups and JJHCS's Exhibits 4, 12-13 therein [ECF No. 528] (the "SaveOnSP Confidential Materials") contain SaveOnSP's proprietary business information and confidential patient health information.

(2) Avoiding the public disclosure of this information is necessary to prevent harm to the parties and to patients. *See e.g.*, *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *2-3 (D.N.J. June 25, 2013) (sealing records containing proprietary and private patient health information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

(3) It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOnSP's proprietary business information. This Motion

4

to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

(4) Upon consideration of the papers submitted in support of the Motion and the materials that SaveOnSP has designated as Confidential, the Court concludes that SaveOnSP has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that: JJHCS's Opposition to SaveOn's Motion to Compel Documents Regarding Advocacy Groups and JJHCS's Exhibits 4, 12-13 therein [ECF No. 528] contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

(5) The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials

5

presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc*., 998 F.2d 157, 166 (3d Cir. 1993).

For these reasons, good cause exists for protecting the JJHCS and SaveOnSP Confidential Materials pursuant to Fed. R. Civ. P. 26(c)(1)(G) and L. Civ. R. 5.3(c)(2).

IT IS ON THIS _____ day of _____, 2025;

ORDERED, that pursuant to L. Civ. R. 5.3, the JJHCS and SaveOnSP Confidential Materials are confidential and entitled to protection; and it is further

ORDERED that the motion to seal is GRANTED and the Advocacy Groups Motion is hereby permanently SEALED; and it is further

ORDERED that the Clerk of Court shall maintain the unredacted versions of ECF Nos. 514, 528 & 553 under seal; and it is further

ORDERED that the parties are directed to file the redacted versions of the Advocacy Groups Motion, including all exhibits, consistent with their proposed redactions submitted herewith.

 

_____
HON. FREDA L. WOLFSON (ret.)
SPECIAL MASTER