# EXHIBIT A

# Robinson+Cole

E. EVANS WOHLFORTH, JR.

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com
Direct (212) 451-2954

Admitted in New York
and New Jersey

January 29, 2025

**VIA E-Mail**

Hon. Freda L. Wolfson, U.S.D.J. (ret.)
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

> Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> ***Express Scripts, Inc., and Accredo Health Group, Inc.***
> ***No. 2:22-cv-02632 (JKS) (CLW)***

Dear Judge Wolfson:

Consistent with Your Honor's January 23, 2025 order, Save On SP, LLC ("SaveOn"), moves to compel Johnson & Johnson Health Care Systems Inc. ("JJHCS," and, with its affiliates, "J&J") to produce documents sufficient to show which individuals at J&J had access to PAFA+, its centralized database of information about individuals enrolled in CarePath, so that the parties can negotiate an appropriate custodian with access to this information. Alternatively, SaveOn moves to compel J&J to add as a custodian the most senior person at J&J with access to PAFA+. SaveOn also moves to compel J&J to produce three relevant categories of data from PAFA+.

---

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Freda L. Wolfson                                                                Page 2

## **Background**

PAFA+ is J&J's central database of CarePath patient information. To the best of SaveOn's

knowledge, it contains the most accurate and comprehensive repository of J&J's patient-level data.

This is a view of a patient record in PAFA+:



Figure 1. *See* Ex. 1 at 3 (JJHCS_00231180).

And these are zoomed-in selections from that record:



These excerpts demonstrate that PAFA+ contains, at a minimum: (1) patient-identifying information, *see* Figure 1 at 1; (2) what J&J did to verify if a patient was on an accumulator or maximizer, including whether it conducted a benefits investigation ("BI"), *see* Figure 1 at 4 (showing the ██████████████████████████████); (3) a record of communications surrounding the BI, including what J&J communicated to the patient in response to learning that they were on an accumulator or maximizer, *see* Figure 1 at 3; and (4) what changes, if any, J&J made to the patient's enrollment status, including whether it moved the patient into the versions of CarePath created specifically for accumulator and maximizer patients—CAPa and CAPm, *see* Figure 1 at 2.

TrialCard, which administers CarePath, maintains the voluminous SalesForce database that becomes "viewable" by at least some J&J employees on the PAFA+ platform. Ex. 2 at 3 (Nov. 27, 2024 Ltr.); *see also* Ex. 3 at -441.005 (JJHCS_00257438) (████████████████████████████ ██████████████████████). This database contains multiple inputs, including: (1) records of BIs that J&J or its vendors conducted, *see* Jan. 15, 2025 Hr'g Tr. at 77:18-21 (confirming Trial-Card's BIs are on PAFA+); Ex. 4 at -325 (JJHCS_00158323) (████████████████████████ ████████████████████████████████████); (2) case-and-task notes, which

Hon. Freda L. Wolfson                                                                    Page 4

contain the history of actions taken on each patient's account, including notes of phone calls and

letters with the patient, *see* Jan. 15, 2025 Hr'g Tr. at 77:18-21 (confirming case-and-task notes are

on PAFA+); and (3) J&J's "Patient Segmentation Decisions" or "PSDs," the term J&J uses to

describe its decision to move a patient into CAPa or CAPm, *see* Ex. 2 at 3 (Nov. 27, 2024 Ltr.)

(confirming PAFA+ contains PSDs). TrialCard loads this information to PAFA+, feeding it to

different personnel at J&J or its vendors. Jan. 15, 2025 Hr'g Tr. at 80:11-81:5.

As Your Honor recognized, SaveOn is entitled to understand what information J&J had

about whether patients were on accumulators, maximizers, or SaveOn-advised plans, to assess the

reasonableness of the steps that J&J took to mitigate its damages, to show J&J's failure to enforce

its claimed interpretation of CarePath's T&Cs, and to show J&J's acquiescence to SaveOn's con-

duct. *See* Jan. 15, 2025 Hr'g Tr. at 84:20-24 ("I do appreciate that what SaveOn is trying to show

is knowledge on the part of J&J, or JJHCS, not just what TrialCard knows."). This information is

clearly contained in PAFA+.

For years in this litigation, J&J repeatedly represented that it did not have access to this

information. *See* Oct. 30, 2023 Hr'g Tr. at 100:3-101:2 (claiming that J&J employees don't have

access to the underlying data in BIs); Dkt. 312-3 at 12 (reaffirming that J&J employees have "***no***

access" to BIs (original emphasis)); *see also* Ex. 5 at 4 (J&J's July 24, 2023 Resps. & Objs. to

SaveOn's Interrog. No. 8) (claiming that J&J ██████████████████████████████████

███████████████████████████████████████).

J&J has since had to admit that its representations were false. Jan. 15, 2025 Hr'g Tr.

at 77:7-8 ("Certain individuals at J&J did have view-only log-in access to [PAFA+]."). SaveOn

served targeted Requests for Production asking J&J to produce documents sufficient to show who

at J&J had access to this data, both in a format that shows specific patient identifies and in a "de-

Hon. Freda L. Wolfson                                                                  Page 5

identified" form.[1] *See* Ex. 7 at 141 (Compiled SaveOn Requests for Production). J&J refused. *See*

Ex. 2 at 2 (Nov. 27, 2024 Ltr.) ("[T]he identities of *who* at any J&J entity … had access to patient

data in the abstract (including in anonymized form) [are] not relevant to SaveOnSP's claims and

defenses." (original emphasis)). By withholding this information, J&J has hamstrung SaveOn's

ability to "identify a potential custodian related to [PAFA+]," Jan. 23, 2025 Order at 7.

SaveOn thus moves to compel J&J to provide documents sufficient to show who had access

to the PAFA+ database so that SaveOn can identify a potential custodian in accordance with Your

Honor's Order. Alternatively, SaveOn asks Your Honor to compel J&J to identify and add as a

custodian the most senior J&J employee with access to this information.

SaveOn also moves to compel three categories of data contained in PAFA+: (1) all records

related to BIs that determine whether a patient was on an accumulator, maximizer, or SaveOn-

advised plan; (2) all case-and-task notes for patients that J&J or any of its vendors identified as on

an accumulator, maximizer, or SaveOn-advised plan; and (3) all Patient Segmentation Decisions

for all drugs at issue in this litigation.

This data is responsive to discovery requests that SaveOn served starting over two years

ago,[2] yet J&J never disclosed that it could obtain this information through PAFA+. Instead, it

---

[1] "De-identified" data refers to individual patients through their unique "Patient-ID" number rather
than their real name for the purpose of maintaining confidentiality over HIPAA-protected data,
*see, e.g.*, Ex. 6 at -355 (JJHCS_00003353) (redacted Verification of Benefits (VOB) form found
in custodian William Robinson's files).

[2] The requested PAFA+ data is responsive to SaveOn's Request for Production No. 27, which
seeks "All Documents and Communications regarding the 'internal JJHCS data' discussed in
Complaint ¶¶ 92-101, including the complete databases from which that data was drawn." *See*
Ex. 7 at 15 (Compiled SaveOn Requests for Production). J&J agreed to produce data underlying
¶¶ 92-100 but is withholding data underlying ¶ 101, in which J&J alleges that it has no "easy for
foolproof way" to reduce copay assistance to members of SaveOn-advised plans. *See* Ex. 8 at 24

Hon. Freda L. Wolfson                                                    Page 6

falsely represented to SaveOn and the Court that it had **no** database containing records of its sys-
tematic efforts to identify patients on accumulators, maximizers, or SaveOn-advised plans. *See*
Dkt. 171 at 81:14-16 ("There is no notion that there's some pool of data that we are sitting on that
we're hiding from them.").[3]

        As a result of J&J's failure to disclose PAFA+, SaveOn was left to negotiate piecemeal
discovery to obtain the information it needed from different J&J vendors. That process left clear
gaps. *See infra* §§ II.A-C. Although SaveOn confronted J&J with the existence of PAFA+ in June
2024, Ex. 10 (June 26, 2024 Ltr.) (identifying PAFA+ in documents), J&J has refused to produce
the data SaveOn seeks. *See* Ex. 11 (Dec. 19, 2024 Ltr.). SaveOn requires the requested information
to bring the full, patient-by-patient scope of J&J's mitigation efforts into focus.

                                    **<u>ARGUMENT</u>**

**I.      J&J Should Produce Documents Sufficient to Show the Personnel Who Had Access
          to PAFA+ or, Alternatively, Add as a Custodian the Most Senior J&J Employee
          with Access**

        J&J admits that some of its employees have access to patient information on PAFA+ but
refuses to state who they are. *See* Ex. 2 at 1-2 (Nov. 27, 2024 Ltr.). Your Honor should compel

---

(J&J's Dec. 12, 2022 Resps. & Objs. to SaveOn's First Set of Requests for Production). J&J's
access to PAFA+ shows that this allegation is false. SaveOn's requests for BIs, case-and-task
notes, and Patient Segmentation decisions are all records "related" to BIs, and so are also respon-
sive to its Request for Production Nos. 58 and 59, *see* Ex. 7 at 50 (Compiled SaveOn Requests for
Production). Case-and-task notes are also responsive to Request for Production Nos. 8 and 9,
which seek discovery regarding SaveOn, and J&J's communications with patients on SaveOn-
advised plans, respectively. *See id*. at 12-13.

[3] J&J also told SaveOn that the spreadsheet of BIs that TrialCard produced was sufficient because
"there is no centralized repository for the PDF Benefits Investigations," Ex. 9 at 2 (Feb. 29, 2024
Ltr.), but the evidence shows that those PDFs, ███████████ are contained in PAFA+. *See* Figure
2 at 4.

J&J to produce documents sufficient to show the personnel with access to patient-identifying in-

formation, and personnel with access to de-identified patient information, on PAFA+. These doc-

uments are responsive to SaveOn's Request Nos. 103 and 104. *See* Ex. 7 at 141 (Compiled SaveOn

Requests for Production). This request is easily proportional and will allow the parties to identify

an appropriate custodian for "PAFA[+] database issues" on a level playing field. Jan. 23, 2025

Order at 7.

     These documents are relevant to SaveOn's mitigation defense because they will show

which and how many J&J employees had access to PAFA+ and thus knew or should have known

which patients were on accumulators, maximizers, or SaveOn-advised plans. Jan. 15, 2025 Hr'g

Tr. at 84:21-24. The nature of J&J's direct access to data in PAFA+ bears directly on the reasona-

bleness of J&J's choice to mitigate—or not—its damages for each patient, *see Natreon, Inc. v.

Ixoreal Biomed, Inc.*, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) (Wolfson, J.) (A plaintiff

must take "reasonable steps to mitigate its damages."), and J&J's enforcement of its T&Cs and its

acquiescence to SaveOn's conduct, *see, e.g.*, *N.J., Dep't of Env't Prot. v. Gloucester Env't Mgmt.

Servs., Inc.*, 264 F. Supp. 2d 165, 177-78 (D.N.J. 2003) ("Where a party fails to declare a breach

of contract and continues to perform under the contract after learning of the breach, it may be

deemed to have acquiesced in an alteration of the terms of the contract, thereby barring its enforce-

ment." (collecting cases)).

     These documents are also relevant to J&J's credibility because it repeatedly represented

that it had no access to patient information. *See* Oct. 30, 2023 Hr'g Tr. at 100:3-4; Dkt. 312-3

at 12; Ex. 5 at 4 (J&J's July 24, 2023 Resps. & Objs. to SaveOn's Interrog. No. 8). Now that it

concedes some J&J employees do have access to PAFA+ data, *see* Jan. 15, 2025 Hr'g Tr. at 77:7-8,

it must state who they are.

These documents are not burdensome for J&J to produce. A standard database lists the users permitted to access its information and shows what users have access to what information. J&J need only go to PAFA+ and pull those lists. Even when SaveOn explained the narrowness of its request, *see* Ex. 12 at 4 (Dec. 12, 2024 Ltr.), J&J refused to produce the requested documents, Ex. 11 at 3 (Dec. 19, 2024 Ltr.).

Alternatively, Your Honor should compel J&J to add as a custodian the most senior J&J employee with access to patient-level information in PAFA+. Only J&J knows who that person is.

## II.    J&J Should Produce Relevant Data from PAFA+

Your Honor should also compel J&J to produce three categories of data from PAFA+:

1.    All records related to BIs to determine whether a patient was on an accumulator, maximizer, or SaveOn-advised plan;

2.    All Case-and-Task notes for patients that J&J or any of its vendors identified on an accumulator, maximizer, or SaveOn-advised plan; and

3.    All Patient Segmentation Decisions for any patients enrolled in CarePath for a drug at issue in this litigation.

Patient-by-patient data on PAFA+ is crucial to SaveOn's defenses. J&J claims hundreds of millions of dollars in damages on a contract-by-contract basis, such that every single expenditure to a patient on a SaveOn-advised plan "is a tort that can stand on its own." July 15, 2024 Hr'g Tr. at 44:19-21. For each individual patient on a SaveOn-advised plan, potential damages are extinguished the moment that J&J identified or could have identified them but chose to continue paying them CarePath funds. SaveOn requires PAFA+ data for each individual patient to pinpoint the moment that J&J identified each patient as allegedly violating its T&Cs.

J&J does not dispute that this data is relevant; it has agreed to make partial productions of each dataset in different contexts. Nor has J&J specified any burden associated with SaveOn's requests, except to say that any production from PAFA+ would likely overlap with data it directed

Hon. Freda L. Wolfson                                                                      Page 9

TrialCard or RIS Rx to produce already. *See* Ex. 11 at 3-4 (Dec. 19, 2024 Ltr.). Those productions

are deficient, as explained below. The most efficient way for J&J to rectify those deficiencies, and

to make certain that SaveOn knows what information is in the database, is to produce the data, in

full, from PAFA+.

### A.    Records Related to Benefits Investigations

Benefits Investigations are core to SaveOn's mitigation defense because they are the main

process by which J&J learned whether patients were on accumulators, maximizers, or SaveOn-

advised plans. A "formal" BI is a manual process where a call center representative, such as a

TrialCard employee, made a phone call to a PBM, specialty pharmacy, healthcare provider, or

health plan and collected information about a patient's health insurance benefits. *See* Oct. 11, 2024

Hr'g Tr. at 39:17-22. Other "algorithmic" BIs identified patients based on their history of claims,

as patients on accumulators, maximizers, and SaveOn-advised plans tend to show unique patterns

in that data. *See* Ex. 13 at -511 (JJHCS_00223504) (███████████████████████████

███████████████████████).

SaveOn is still missing thousands of records related to BIs for patients that J&J identified

as being on accumulators, maximizers, or SaveOn-advised plans. The numbers are stark: While

J&J has identified at least ***41,183*** such patients on just Stelara and Tremfya alone, *see* Ex. 14 at

"Enrolled Count," Cell C-51 (JJHCS_00198737); *see also* Ex. 15 at -495 (JJHCS_00231493) (███

███████████████████████████), it has produced ***fewer than 10,000*** rec-

ords of BIs. *See* Ex. 16 (RISRX0045) (4,474 records); Ex. 17 (TRIALCARD_00009752) (3,908

records); Ex. 18 (TRIALCARD_00009753) (901 records).

There are at least three deficiencies with J&J's production of BIs, which could potentially

be cured with a comprehensive production from PAFA+.

*First,* TrialCard produced records related only to its "formal" BIs. Ex. 19 at 1 (Oct. 22, 2024 Ltr.). It produced no records related to any "algorithmic" BIs that it performed. *See* Ex. 20 at 3 (JJHCS_00244610) (███████████████████████████████████████████████ ██████████████████. In negotiations, J&J has admitted that records related to BIs that J&J conducted algorithmically were not captured by TrialCard's production of BIs. *See* Ex. 2 at 3 (November 27, 2024 Ltr.) (explaining that TrialCard only produced formal BIs that it performed for patients who wanted to "confirm [the] correct classification" from its algorithmic BIs).

*Second*, both TrialCard and RIS Rx produced records related only to BIs they performed for patients taking Stelara and Tremfya, but J&J's documents show that it identified patients taking at least four other relevant drugs: the oncology drug Erleada and the Pulmonary Arterial Hypertension ("PAH" or "PH") drugs Opsumit, Uptravi, and Tracleer.

TrialCard has identified Erleada patients on SaveOn-advised plans since at least September 2022. At that time, ██████████████████████████████████████████████████ ███████████ ██████████████████████████████████████ ████████████████████████████ *See* Ex. 21 (TRIALCARD_00009878). ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████ Ex. 22 (JJTCMSA_0000001). The records J&J has produced also show that "████████████████████████████████████████████████ ███████████████. Ex. 23 at Tab "ERL Summary" (JJHCS_00237930); *see also* Ex. 24 at -.022 (JJHCS_00162004) ████████████████████████████████████████████ ████████. Because J&J identified claims and patients associated with SaveOn, J&J or its vendors must have conducted some form of benefits investigations before that date to identify patients taking Erleada on SaveOn-advised plans—yet it has not produced fulsome records of those BIs.

Hon. Freda L. Wolfson                                                    Page 11

J&J has also produced documents showing ███████████████████████████████

███████████████████████████████.[4] *See* Ex. 25 at -267-68 (JJHCS_00037266)

(███████████████████████████████████████████████████████████████████████

███████████████████████████████████);[5] *see also* Ex. 27 (JJHCS_00186548)

(same); Ex. 28 (JJHCS_00037262) (███████████████████████████████████);

Ex. 29 (JJHCS_00214297) (same). Yet J&J has produced no records related to the BIs referenced

in these documents, which it produced by happenstance because they were included in emails

forwarded to custodians that hit on existing search terms. SaveOn requires all records related to

these BIs.[6]

J&J also launched a CAP program for Opsumit, Uptravi, and Tracleer in May 2022, which

required it to identify patients on accumulators, maximizers, and SaveOn-advised plans before

implementing patient-by-patient mitigation solutions. *See* Ex. 32 at 2 (JJHCS_00186023) (████

███████████████████████████). J&J claims that the PAH CAP program is irrelevant

because █████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. *See* Dkt. 500 at



---

[4] J&J also must have relied on PAH BIs to draft its original Complaint prior to May 2022, where it compared CarePath expenditures for patients taking Uptravi (a PAH drug) on SaveOn-advised plans to patients on non-SaveOn-advised plans. *See* Dkt. 1 ¶¶ 94, 97.

[5] SPL refers to "Specialty Pharmacy Liaison[s]," the group responsible for communicating with specialty pharmacies. *See* Ex. 26 at 5-6 (JJHCS_00186117). CC refers to "Care Coordinator[s]," who are the "[p]oint of contact for patients, providers, and external stakeholders." *Id*. at 8.

[6] J&J refuses to state whether PAFA+ is the only noncustodial platform in its possession, custody, or control that contains records related to BIs. *See* Ex. 30 at 2-3 (Aug. 19, 2024 Ltr.) (arguing it need not answer this question in discovery correspondence). If any records related to BIs are contained in sources other than PAFA+, SaveOn requests that J&J be compelled to produce them from those sources. *See* Ex. 31 at -258 (JJHCS_00037206) (█████████████████████████████████
█████████████████████████).

10; *see also* Ex. 33 (JJHCS_00248525) (████████████████████████████████ ████████████████████████████). But J&J ***identified*** patients on accumulators, maximizers, and SaveOn-advised plans as part of this initiative. *See* Ex. 23 at Tab "PAH Summary" (JJHCS_00237930) (



). The benefits investigations where J&J identified these patients are clearly relevant, yet J&J continues to withhold them.

*Third,* J&J's vendors TrialCard and RIS Rx have not reliably produced all records related to BIs that they performed. While J&J's recently produced internal documents (withheld until November of last year) now show that RIS Rx collected 24 data fields for every BI, the spreadsheet that J&J produced through its legal control over RIS Rx's files contains only ten data fields. *Compare* Ex. 34 at -770 (JJHCS_00289767) ██████████████████████████) *with* Ex. 16 (RISRX0045) (██████████████. The fourteen missing fields are unquestionably relevant, collecting information such as ██████████████████████ Ex. 34 at -770 (JJHCS_00289767).[7] J&J should produce all relevant data at once from PAFA+, not engineer deficient productions from its vendors and wait for SaveOn to pick out what information is missing.

### B.    Case-and-Task Notes

Case-and-task notes show the history of J&J and its vendors' communications with patients, and the steps that J&J took to verify patients' benefits. This data will show what J&J did to confirm that a patient was on an accumulator, maximizer, or SaveOn-advised plan (*e.g.*, whether

---

[7] TrialCard's initial production of BIs was similarly deficient. After TrialCard produced its spreadsheet of BIs, SaveOn had to go back to J&J to obtain multiple fields of data that TrialCard omitted from its production. *See* Ex. 35 at 2 (Feb. 13, 2024 Ltr.) (listing fields of relevant, missing data); *see also* Ex. 36 at 2 (Mar. 12, 2024 Ltr.) (one month later, TrialCard agrees to reproduce BIs).

J&J or its vendors contacted the patient's PBM, pharmacy, or health plan to verify benefits), what information J&J received from the patient, and what J&J communicated to the patient afterwards.

SaveOn negotiated a limited production of case-and-task notes from TrialCard in May 2023, using search terms that did not capture records related to the CAP program. At that time, J&J had not yet disclosed, and SaveOn had not yet uncovered, the existence of the CAP program. *See* Dkt. 165 at 1 (J&J "withh[eld] most of its production until June [2023]" about the CAP program, at which point SaveOn began to piece it together from documents). The small volume of these notes SaveOn received show that they contain critical information—including TrialCard enrolling patients in CarePath that it knew were on SaveOn-advised plans. *See, e.g.*, Ex. 37 at Line 4,507 (



); Line 17,616 (

); Line 1,277 (

).[8]

At the time that SaveOn negotiated for J&J to make this limited production, it had no way of knowing that TrialCard and J&J could simply pull from a centralized database the case-and-

---

[8] The limited call records that J&J produced through TrialCard show that, f███████████████ ██████████████████████████████████. *See* Ex. 37 at Lines 115-116, 600-02, 707, 834, 841, 854, 869, 910, 1019, 19102, 19714 ([██████ ]). While other discovery suggests that J&J never told these patients they were ineligible for CarePath or cut off their benefits, *see* Dkt. 429 § V(F), fulsome case-and-task notes will show exactly how J&J responded to this information when individual patients self-identified as on SaveOn-advised plans.

Hon. Freda L. Wolfson                                                              Page 14

task notes for every patient they had identified as on an accumulator, maximizer, or SaveOn-advised plan and segmented into CAPa or CAPm. There thus is no excuse for glaring deficiencies in TrialCard's production of these Case-and-Task Notes. ███████████████████████████

███████████████████████████████████████████, *see* Ex. 14 at Tab "Enrolled Count," Cell C-51 (JJHCS_00198737), ███████████████████████████████

███████████████████████████████████████████ Ex. 38 (TRIAL-CARD_00009755). Each patient that J&J identified as on an accumulator, maximizer, or SaveOn-advised plan should have multiple relevant entries. *See* Figure 1 at 3 (███████████████

███████████████████████████████████). Yet J&J refuses to revisit or replenish TrialCard's deficient production of Case-and-Task notes. *See* Ex. 11 at 2 (Dec. 19, 2024 Ltr.); Ex. 39 (Dec. 6, 2024 Ltr.).

## C.    Patient Segmentation Decisions

Patient Segmentation Decisions show the specific CAP program into which J&J placed patients once it learned that they were on an accumulator, maximizer, or SaveOn-advised plan. They are a necessary complement to J&J's BIs because they show what mitigation actions J&J took or chose not to take based on the results of each BI. *See* Figure 1 at 2 (███████████████

███████████████████████████████████████████████████████

███████████████████). They also show the date on which J&J began to mitigate its damages for that patient. These Patient Segmentation Decisions are critical in showing whether and how J&J attempted to mitigate its damages for each patient enrolled in CarePath for whom it now claims damages from SaveOn.

J&J has not produced any Patient Segmentation Decisions. J&J agreed in principle to produce Patient Segmentation Decisions from PAFA+, *see* Ex. 40 (Jan. 27, 2025 Ltr.), but only for patients taking Stelara and Tremfya. That is insufficient.

J&J must produce all PSDs for all drugs at issue in this litigation if they exist—and the evidence indicates that they do. While J&J says that it did not ***implement*** CAPm programs for any other drugs, *id.* at 1, its internal documents indicate that ██████████████████████████ ████████████████████—and so ***identified*** those patients as being on accumulators, maximizers, or SaveOn-advised plans—so that it could keep track of them, even if it opted not to create a CAPm program for those drugs. *See* Ex. 32 at 19 (JJHCS_00186023) ██████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████).

This information is especially critical because it shows that J&J identified these patients and chose to keep paying them CarePath funds without reducing the amounts it was paying. J&J also ██████████████████████████████████████████████████ ██████████████. *See* Ex. 41 at Tab "PH Accumulators" (JJHCS_00164271) (██████ ████████████████████████████████████████████████████████ ████████████████); Ex. 42 at -634 (JJHCS_00236587) ████████████████ ██████████████████████████████████████████████████████████). At least some patients that J&J identified on maximizers thus likely had a "CAPa" Patient Segmentation Decision. SaveOn needs this data.

### D.    SaveOn's Data Requests Are Not Burdensome

J&J faces no undue burden from SaveOn's requests for PAFA+ data, particularly considering the central relevance of that data to this litigation. The data that SaveOn requests is all in the same database—J&J need not add new custodians or review lengthy email threads. It simply needs to open the database, select the relevant fields of data, download the file, and produce it.

Hon. Freda L. Wolfson                                                                    Page 16

J&J's only burden argument is that certain data from PAFA+ overlaps with data it has already produced.[9] *See* Ex. 30 at 1-2 (Aug. 19, 2024 Ltr.). But J&J's data production is woefully incomplete, *see supra* §§ II.A-C, and the marginal burden for J&J to re-produce some old records in the course of making a comprehensive production from PAFA+ is minimal. It would likely be more burdensome for J&J to produce only the data that fills gaps—which would require J&J to download all relevant data and then remove what it has already produced from that dataset before producing the remainder. There is also no guarantee that if J&J made such a partial data production that it would produce all missing data, creating a risk that gaps would remain that the parties, and perhaps Your Honor, would need to address. The simplest and most reliable way of ensuring that SaveOn receives all relevant data is for J&J to produce a complete set of that data from PAFA+.

SaveOn appreciates Your Honor's attention to this matter.

Respectfully submitted,

/s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Robinson & Cole LLP
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ewohlforth@rc.com

---

[9] J&J has not articulated a specific burden objection to SaveOn's third request regarding Patient Segmentation Decisions. *See* Ex. 40 (Jan. 27, 2025 Ltr.) (raising only a relevance objection to producing PSDs for drugs other than Stelara and Tremfya).

Hon. Freda L. Wolfson                                                    Page 17

Philippe Z. Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Meredith Nelson (admitted *pro hac vice*)
Elizabeth H. Snow (admitted *pro hac vice*)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000

pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

Exhibit 1 Confidential

Filed Under Seal

# Exhibit 2



www.pbwt.com

November 27, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*,
        Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Elizabeth:

We write in response to SaveOnSP's October 22, 2024 and November 21, 2024
letters and further to our letters of August 19, 2024 and October 2, 2024 regarding PAFA+ and
SaveOnSP's related 12th Set of Requests for Production of Documents ("RFPs").

## I.    JJHCS's Objections to SaveOnSP's 12th Set of RFPs

In your November 21, 2024 letter, you raise several questions concerning JJHCS's
October 23, 2024 responses and objections to SaveOnSP's 12th Set of RFPs.[1]  JJHCS objected to
RFP No. 103[2] and RFP No. 104[3] on relevance and burden grounds.

---

[1] In your letter, you quote to SaveOnSP's 12th Set of RFPs but refer to those individual requests
as "RFP No. 102" and "RFP No. 103."  We assume this is a typographical error.  Note that, on
September 24, 2024, SaveOnSP served a corrected 12th Set of RFPs which are numbered "RFP
No. 103" and "RFP No. 104."

[2] RFP No. 103 seeks "Documents sufficient to Identify all individuals at Janssen, JJHCS or any
JJHCS Hub Entity who have had access to Identified Patient Information, including but not limited
to PAFA+ Data, regarding whether a person enrolled in CarePath was or could be a member of an
Accumulator or Maximizer health plan, or a health plan advised by SaveOnSP."

[3] RFP No. 104 seeks "Documents sufficient to Identify all individuals at Janssen, JJHCS or any
JJHCS Hub Entity who have had access to De-Identified Patient Information or De-Identified
Claim Information, including but not limited to PAFA+ Data, regarding whether a person enrolled
in CarePath was or could be a member of an Accumulator or Maximizer health plan, or a health
plan advised by SaveOnSP."

---

Elizabeth Snow, Esq.
November 27, 2024
Page 2

You claim that SaveOnSP is entitled to the requested information because "J&J's ability to identify patients on accumulators, maximizers, or SaveOn-advised plans—including the personnel able to make those identifications—is central to SaveOn's mitigation defense." Nov. 21, 2024 Ltr. from E. Snow to J. Long at 2. Not so. As detailed below, JJHCS has produced scores of data related to JJHCS's efforts to identify SaveOnSP patients—and, at SaveOnSP's insistence, continues to review thousands of new custodial documents related to the same requests. *E.g.*, Oct. 23, 2024 Ltr. from J. Long to H. Miles (search terms related to TrialCard and RIS RX); Nov. 21, 2024 Ltr. from I. Eppler to H. Miles (TrialCard search term). SaveOnSP has access to extensive details on who was involved in those efforts and had relevant information. But the identities of *who* at any J&J entity or any JJHCS Hub Entity (including TrialCard) had access to patient data in the abstract (including in anonymized form) is not relevant to SaveOnSP's claims and defenses.

JJHCS also objects on burden grounds. As you know, SaveOnSP has not limited its request to any particular J&J entity, JJHCS Hub Entity, or any particular time period. As we understand your RFPs, JJHCS would effectively be required to ask various vendors for a listing of their employees (including to reflect any personnel changes) over a seven-year period. But the name of every call center representative at TrialCard, for example, will not advance SaveOnSP's mitigation defense, nor is the burden in compiling that data proportional to the needs of the case.

## II.    Benefits Investigations

In your October 22, 2024 letter, you claim that JJHCS should produce data from PAFA+ related to benefits investigations performed by TrialCard and RIS RX. We addressed nearly verbatim arguments in our October 2, 2024 letter and do so again here.

*First*, you claim that TrialCard's production of benefits investigations insufficiently covers PAFA+ because "[JJHCS] (or its vendors) has not produced BIs for drugs other than Stelara and Tremfya" and SaveOnSP apparently seeks benefits investigations as to other drugs. Oct. 22, 2024 Ltr. from E. Snow to J. Long at 1. As we have repeatedly explained, "the vast majority of benefits investigations" that TrialCard conducted are not relevant to the enforcement of the "other offer" provision. *See* Dkt. No. 163 at 1. They relate to irrelevant issues like government coverage. The only exception is that, beginning "[i]n January 2022, . . . TrialCard . . . began evaluating as part of a separate benefits investigation process whether patients taking either of two Janssen drugs (Stelara and Tremfya) were concurrently enrolled in an accumulator or maximizer program (such as SaveOnSP)." *Id.* In your latest letter, you claim that, "at a minimum," TrialCard's production is deficient because it excludes CarePath patients on "Erleada and PAH drugs Opsumit, Uptravi, and Tracleer as being on accumulators, maximizers or SaveOnSP-advised plans." Oct. 22, 2024 Ltr. from E. Snow to J. Long at 2 (citing JJHCS_00122838 and JJHCS_00164273). Neither document supports your claim. JJHCS_00164273 ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ JJHCS_00164271. And SaveOnSP's second citation, JJHCS_00122838, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Elizabeth Snow, Esq.
November 27, 2024
Page 3



.

*Second*, you claim TrialCard's benefits investigations are incomplete because
JJHCS_00139026 ██████████████████████████████████████████

██████████████████.  Again, not so.  JJHCS refers SaveOnSP to its productions for an overview of
TrialCard's identification process.  *E.g.*, JJHCS_00244610 (e

██████████████████████████████████████████

██████████████████).  Regardless, this is not a reason to produce from PAFA+ (which, again, is
viewable version of TrialCard's Salesforce database).  Nevertheless, JJHCS has undertaken a
reasonable investigation and will produce "final Patient Segmentation Decision for each patient.
identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan."[4]
Oct. 22, 2024 Ltr. from E. Snow to J. Long at 2.

    *Finally*, you claim that "[JJHCS's] recent production of BIs performed by RIS
Rx . . . is similarly deficient." Oct. 22, 2024 Ltr. from E. Snow to J. Long at 2 (citing RISRx.0045).
Your colleague, Matthew Nussbaum, wrote to us under separate cover raising identical complaints
concerning RIS RX's production, *see* Nov. 1, 2024 Ltr. from M. Nussbaum to J. Long, and we
responded on November 12, 2024, *see* Nov. 12, 2024 Ltr. from J. Long to M. Nussbaum.

## III.    Case and Task Notes

    In your October 22, 2024 letter, you claim that JJHCS must produce records from
PAFA+ because TrialCard's production of "Case-and-Task Notes" does not include "CAP" related
search terms.  *See* Oct. 22, 2024 Ltr. from E. Snow to J. Long at 3-4.  You claim that it is
appropriate to revisit this issue—which the parties resolved in May 2023—because JJHCS "did
not advise SaveOn of the existence of the CAP program" until after the parties agreed on search
parameters for call notes.  *Id.*  We disagree with your characterization of the parties' negotiations.
Nonetheless, even under your retelling, SaveOnSP has had over a year to raise this purported
deficiency and did not do so until November 26, 2024, when your colleague, Hannah Miles, wrote
under separate cover to request that JJHCS produce these additional records through its vendor
TrialCard.  *See* Nov. 26, 2024 Ltr. from H. Miles to J. Chefitz.  We will respond to SaveOnSP's
belated request under separate cover.

---

[4] SaveOnSP defines "Patient Segmentation Decision" as "J&J's choice of 'Program Type' in
which to put each patient: CAPa, CAPm, Standard, or Not Enrolled." Sept. 23, 2024 Ltr. from E.
Snow to J. Long at 2 n.2.

Elizabeth Snow, Esq.
November 27, 2024
Page 4

Very truly yours,

*/s/ Julia Long*
Julia Long

# Exhibits 3-4 Confidential

# Filed Under Seal

# Exhibit 5

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S SECOND SET OF INTERROGATORIES** |

14425458

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.    JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.    JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.    JJHCS objects to the Interrogatories to the extent that they are vague and/or ambiguous.

4.    JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response. JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth. If SaveOnSP subsequently asserts an

14425458

interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.    JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.    JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.    JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.    JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.    JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2.    JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest,

14425458

assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

3.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from January 1, 2017 to the present.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

4.     JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 8

Identify each individual enrolled in CarePath that JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves has identified (through non-litigation

3

14425458

means) as a member of a SaveOnSP-advised plan, and the date on which they made that identification.

**Response:**

14425458



JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

Dated: July 24, 2023

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:      /s/Jeffrey J. Greenbaum
         JEFFREY J. GREENBAUM
         KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

14425458

## CERTIFICATION

1.  I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2.  I have read the attached Responses to SaveOnSP's Second Set of Interrogatories.

3.  The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4.  As to Responses based upon my personal knowledge, they are true to the best of my knowledge.  As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.


Dated: July 24, 2023

Heith Jeffcoat

14425458

# Exhibit 6 Confidential

# Filed Under Seal

# **Exhibit 7**

David Elsberg
Andrew R. Dunlap
Meredith Nelson
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com

E. Evans Wohlforth, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP") requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties or ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  November 11, 2022          By:  /s/ Andrew R. Dunlap
                                        David Elsberg
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        SELENDY GAY ELSBERG, PLLC
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        212-390-9000
                                        deslberg@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com

                                        E. Evans Wohlforth, Jr.
                                        GIBBONS P.C.
                                        One Gateway Center
                                        Newark, NJ 07102-5310

2

Ex. p. 2

973-596-4500
ewohlforth@gibbonslaw.com

*Attorneys for Defendant Save On SP, LLC*

3

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "Affordable Care Act" means the Patient Protection and Affordable Care Act, Pub. L. 148, 124 Stat. 119.

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

9.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

10.    "CarePath Care Coordinator" means any person or entity encompassed by that term as used on CarePath's "Contact Us" webpage,[1] as well as any person responsible for communicating with patients who contact CarePath via an advertised help number (*e.g.*, 877-CarePath).

11.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12.    "Complaint" means JJHCS's May 4, 2022 Complaint [ECF No. 1] or any subsequently amended Complaint in this Action.

13.    "Copay Accumulator Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

14.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

15.    "Copay Maximizer Service" means (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay

---

[1] *See* Contact Us, https://www.janssencarepath.com/patient/contact-us (last visited October 25, 2022).

assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

16.     "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.     "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.     "Essential Health Benefit" means, in the context of prescription drug benefits at issue in this case, (a) a prescription drug benefit that satisfies the requirement for a plan to provide essential prescription drug benefits under the Affordable Care Act or that is treated as such by a plan;[2] and (b) any definition JJHCS ascribes to the term "essential health benefit" as used in the Complaint.

19.     "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.     "Including" means including but not limited to.

21.     "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

---

[2] 45 C.F.R. §§ 156.122, 156.115.

6

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc.,

Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from

any time for which patients may receive copay assistance, including BALVERSA, DARZALEX,

DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT,

SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other

specialty drugs that JJHCS asserts are at issue in this Action.

23.    "JJHCS's Employee Health Plans" means any health plan offered by JJHCS or

Janssen to its employees.

24.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all pre-

decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-

ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants,

and all persons or entities acting or purporting to act on behalf or under the control of Johnson &

Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil

Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals,

Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development,

LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc.,

Janssen BioPharma LLC, and Janssen Research & Development LLC.

25.    "JJHCS Access Group" means the team operating within and for JJHCS under this

or a substantially similar name (*i.e.*, Access Group, Access Team, or Access Division).

26.     "JJHCS Health Economics Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Health Economics Group, Health Economics Team, or Health Economics Division).

27.     "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

28.     "JJHCS Outcome Group" means the team operating within and for JJHCS under this or a substantially similar name (*i.e.*, Outcome Group, Outcome Team, or Outcome Division).

29.     "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

30.     "Non-Essential Health Benefits" means, in the context of prescription drug benefits at issue in this case, (a) any prescription drug benefit covered by a plan in excess of those necessary for a plan to satisfy the requirements for providing essential prescription drug health benefits under the Affordable Care Act[3] and designated by the plan as a non-essential health benefit; and (b) any definition JJHCS ascribes to the term "non-essential health benefits" as used in the Complaint.

31.     "Parties" means "SaveOnSP" and "JJHCS."

32.     "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

---

[3] *See* 45 C.F.R. §§ 156.122, 156.115.

33.    "Person" means a natural person or legal entity including any business or govern-mental entity or association.

34.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidenc-ing, identifying, in connection with, indicating, in respect of, involving, memorializing, mention-ing, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, re-porting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touch-ing upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

35.    "Request" means any of these Requests for Production.

36.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

37.    "SaveOnSP IPBC Video" means the IPBC and SaveOnSP training video created by Express Scripts as defined in Complaint ¶ 9.

38.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

39.    "Stelara" means the Janssen Drug sold under that name.

40.    "Tremfya" means the Janssen Drug sold under that name.

41.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

42.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged material. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information

10

requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked, Local Rule 34.1.

8.     If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9.     Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

**TIME PERIOD**

Unless otherwise specified, these Requests cover from and including January 1, 2017, through the present.

**REQUESTS**

1.      From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

2.      From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

3.      From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

4.      From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

5.      From January 1, 2009 through the present, Documents sufficient to show the organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to identify employees working in those groups.

6.      From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

7.      From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

8.      All Documents and Communications with or regarding SaveOnSP.

12

9.      All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP, including any Documents regarding those Communications.

10.     All Documents and Communications regarding any presentation, document, or information regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC Video" and the materials referenced in Complaint ¶¶ 82-88.

11.     From January 1, 2009 through the present, all Documents and Communications regarding the development, management, and marketing of CarePath or any other copay assistance program offered for Janssen Drugs, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 6-7, 36-49.

12.     From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

13.     From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

14.     From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under

13

the Affordable Care Act and its regulations, including Documents and Communications regarding

JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

15.    All Documents and Communications regarding SaveOnSP's communications with

Patients regarding CarePath, including Documents and Communications regarding JJHCS's alle-

gations in Complaint ¶¶ 60-67, 109.

16.    All Documents and Communications regarding SaveOnSP's provision of services

to qualified high deductible or health savings account plans, including Documents and Communi-

cations regarding JJHCS's allegations in Complaint ¶ 72.

17.    All Documents and Communications regarding JJHCS's payment of copay assis-

tance funds to or on behalf of Patients enrolled in qualified high deductible or health savings ac-

count plans.

18.    All Documents and Communications regarding any allegedly misleading or con-

fusing communications between SaveOnSP and Patients, including Documents and Communica-

tions regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

19.    All Documents and Communications regarding any alleged stress or confusion

caused by SaveOnSP to any member of the public, including Documents and Communications

regarding JJHCS's allegations in Complaint ¶ 114.

20.    All Documents and Communications regarding any publicly distributed material

(including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP,

Copay Accumulator Services, or Copay Maximizer Services, including Documents and Commu-

nications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement

with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding

of the authors, publishers, or distributors of such material.

14

21.    All Documents and Communications regarding any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services.

22.    All Documents and Communications regarding any alleged harm caused by Save-OnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

23.    All Documents and Communications regarding how SaveOnSP directly or indi-rectly affects or threatens the financial viability of CarePath, including Documents and Commu-nications regarding JJHCS's allegations in Complaint ¶ 114.

24.    All Documents and Communications regarding how SaveOnSP directly or indi-rectly affects or threatens the financial viability of any Copay Assistance Program other than Care-Path, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

25.    All Documents and Communications regarding any alleged harm caused by Save-OnSP to JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 110, 115.

26.    All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

27.    All Documents and Communications regarding the "internal JJHCS data" dis-cussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

28.    From January 1, 2009 through the present, for each Janssen Drug for each year, Documents sufficient to show:

a.    all Patients receiving the Janssen Drug;

b.    the number of fills of the Janssen Drug received by each such Patient;

c.    the dosage of the Janssen Drug received by each such Patient for each fill;

d.    the projected number of Patients, average number of fills, and average dosage for the Janssen Drug;

e.    the cost to manufacture the Janssen Drug;

f.    the sales and marketing budget for the Janssen Drug;

g.    the price of the Janssen Drug;

h.    the revenue received by JJHCS from the Janssen Drug;

i.    all Patients enrolled in the CarePath program for the Janssen Drug;

j.    the dates on which each Patient was enrolled in CarePath;

k.    the amounts of copay assistance funds that JJHCS offered to each Patient enrolled in CarePath;

l.    the Janssen Drugs for which each Patient enrolled in CarePath received copay assistance;

m.    all copay assistance payments that JJHCS made to or on behalf each Patient enrolled in CarePath; and

29.    From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

16

b.      JJHCS's budget for CarePath, including the sales and marketing budget;

c.      JJHCS's actual and projected annual costs for CarePath;

d.      JJHCS's use of or accounting for unused CarePath funds;

e.      the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.      JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.      the impact of CarePath on Janssen's sales of any Janssen Drug;

h.      the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.      JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.      any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

30.     From January 1, 2009 through the present, for each year for each Janssen Drug, all Documents and Communications regarding the basis for Janssen's decision to raise or lower the price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the Janssen Drug.

31.     All Documents and Communications regarding JJHCS's attempts to limit or eliminate the amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs, including Documents and Communications regarding JJHCS's attempts to limit or eliminate the

17

availability of CarePath copay assistance funds available to Patients enrolled in health plans advised by SaveOnSP.

32.    All Documents and Communications regarding any offer by JJHCS to provide to any Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance funds available to a Patient.

33.    All Documents and Communications regarding JJHCS's attempts to identify health plans advised by SaveOnSP or Patients enrolled in such plans.

34.    From any time, all Documents and Communications regarding JJHCS's or Janssen's negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health Plans, including JJHCS's abandonment of those negotiations or agreements.

35.    Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

36.    From January 1, 2009 through the present, Documents sufficient to show the economic terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care Coordinator regarding CarePath, including any assessment of the fair market value of those services.

37.    From January 1, 2009 through the present, documents sufficient to show the percentage of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

18

38.    From January 1, 2009 through the present, all Documents and Communications received by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding SaveOnSP or CarePath.

39.    All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

40.    All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

41.    From January 1, 2015 through the present, all Documents and Communications relating to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's return on investment for copay assistance dollars.

42.    From January 1, 2015 through the present, all Documents and Communications relating to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and "copay maximizer."

43.    All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

44.    To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

45.    JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

46.    Complete data dictionaries for any data that You produce.

19

47.     From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

48.     To the extent not requested above, from any time, all Documents and Communications upon which you may rely in this Action.

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Ex. p. 21

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Ex. p. 22

Dated:  June 23, 2023                    By: */s/ E. Evans Wohlforth, Jr.*
                                         E. Evans Wohlforth, Jr.
                                         ROBINSON & COLE
                                         666 3rd Avenue #20
                                         New York, NY 10174
                                         212-451-2954
                                         ewolforth@rc.com

                                         David Elsberg
                                         Andrew R. Dunlap
                                         Meredith Nelson
                                         Elizabeth Snow
                                         SELENDY GAY ELSBERG, PLLC
                                         1290 Avenue of the Americas
                                         New York, NY 10104
                                         212-390-9000
                                         deslberg@selendygay.com
                                         adunlap@selendygay.com
                                         mnelson@selendygay.com
                                         esnow@selendygay.com

                                         *Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

The following definitions apply to these Interrogatories:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

8.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

9.      "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

4

10. "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

11. "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

12. "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

13. "Including" means including but not limited to.

14. "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

15. "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil

5

Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

16.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

17.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

18.    "Person" means a natural person or legal entity including any business or governmental entity or association.

19.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

20.    "Request" means any of these Requests for Production.

21.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

22.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

23.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

24.    "You" and "Your" means JJHCS.


## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

7

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of  Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including January 1, 2017, through the present.

## REQUESTS

49.     All Documents and Communications regarding efforts by JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves to (a) identify (through non-litigation means) individuals enrolled in CarePath as members of SaveOnSP-advised plans; or (b) to enforce CarePath's terms and conditions against those individuals, including without limitation by reducing the amount of copay assistance funds provided to those individuals or by disenrolling those individuals from CarePath.

E. Evans Wohlforth, Jr.
Katherine Katchen
ROBINSON COLE LLP
666 Third Avenue #20
New York, NY 10174
ewohlforth@rc.com
kkatchen@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.

One Riverfront Plaza
Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  July 27, 2023                    By: */s/ E. Evans Wohlforth, Jr.*
                                         E. Evans Wohlforth, Jr.
                                         Katherine Katchen
                                         ROBINSON COLE LLP
                                         666 Third Avenue #20
                                         New York, NY 10174
                                         ewohlforth@rc.com
                                         kkatchen@rc.com

                                         David Elsberg
                                         Andrew R. Dunlap
                                         Meredith Nelson
                                         Elizabeth Snow
                                         SELENDY GAY ELSBERG, PLLC
                                         1290 Avenue of the Americas
                                         New York, NY 10104
                                         212-390-9000
                                         deslberg@selendygay.com
                                         adunlap@selendygay.com
                                         mnelson@selendygay.com
                                         esnow@selendygay.com

                                         *Attorneys for Defendant Save On SP, LLC*

Ex. p. 32

**DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "All," "any," and "each" mean any and all.

7.      "And" and "or" are construed both conjunctively and disjunctively.

8.      "CAP Program" means JJHCS's initiative, which JJHCS uses to combat the perceived effects of accumulators and maximizers, including by limiting or eliminating the amount of copay assistance funds available to Patients using certain Janssen Drugs based on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs

9.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

Ex. p. 33

10.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

11.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

12.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

13.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

14.    "Including" means including but not limited to.

15.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

16.    "Janssen Compass" means the Janssen program designed to provide Patients with information about his or her prescribed Janssen medication, its administration, and the conditions it is indicated to treat, and provide Patients with additional education and support.

5

17.    "<u>Janssen Compass Care Navigator</u>" means any person or entity encompassed by that term as used on the "Janssen Compass" webpage,[1] as well as any person responsible for communicating with patients who contact Janssen Compass via an advertised help number (*e.g.*, 1-844-NAV-1234).

18.    "<u>Janssen Drug</u>" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

19.    "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

20.    "<u>Patient</u>" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

21.    "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

_____

[1] *See* Janssen Compass, https://www.janssencompass.com/signup (last visited July 23, 2023).

Ex. p. 35

22. "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

23. "<u>Request</u>" means any of these Requests for Production.

24. "<u>SaveOnSP</u>" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

25. "<u>Stelara</u>" means the Janssen Drug sold under that name.

26. "<u>Stelara withMe</u>" means the Janssen copay assistance program marketed under the name Stelara withMe that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

27. "<u>Tremfya</u>" means the Janssen Drug sold under that name.

28. "<u>Tremfya withMe</u>" means the Janssen copay assistance program marketed under the name Tremfya withMe that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

## **INSTRUCTIONS**

1.      These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.      These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the

date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## **REQUESTS**

50.     All Documents and Communications regarding the development of Stelara withMe, including the decision to create the Stelara withMe program.

9

51.    All Documents and Communications regarding all Stelara withMe terms and con-
ditions, including between Patients and Care Coordinators and including Documents and Commu-
nications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have
applied to Stelara; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any
terms and conditions that apply or have applied to Stelara; and (c) JJHCS's understanding of any
terms regarding maximizers as used in terms and conditions that apply or have applied to Stelara.

52.    All Documents and Communications regarding JJHCS's determination of the
amounts of copay assistance funds that JJHCS offers to patients enrolled in Stelara withMe, in-
cluding determination of the maximum program benefit per year, the algorithm used to identify
Patients on maximizer programs, and the CAP Program.

53.    All Documents and Communications regarding the development of Tremfya
withMe, including the decision to create the Tremfya withMe program.

54.    All Documents and Communications regarding all Tremfya withMe terms and con-
ditions, including between Patients and Care Coordinators and including Documents and Commu-
nications regarding (a) JJHCS's decision to revise any terms and conditions that apply or have
applied to Tremfya; (b) JJHCS's understanding of the term "offer" or "health plan" as used in any
terms and conditions that apply or have applied to Tremfya; and (c) JJHCS's understanding of any
terms regarding maximizers as used in the terms and conditions that apply or have applied to
Tremfya.

55.    All Documents and Communications regarding JJHCS's determination of the
amounts of copay assistance funds that JJHCS offers to patients enrolled in Tremfya withMe, in-
cluding determination of the maximum program benefit per year, the algorithm used to identify
Patients on maximizer programs, and the CAP program.

10

56.    All Documents and Communications regarding the development of Janssen Compass, including the decision to create the Janssen Compass program.

57.    All Documents and Communications regarding Janssen Compass and CarePath, SaveOnSP, maximizers, or accumulators, including any Communications by any Janssen Compass Care Navigator with any Patient, and FAQs, talk tracks, or scripts prepared for use during those Communications.

11

E. Evans Wohlforth, Jr.
Katherine Katchen
ROBINSON & COLE LLP
666 3rd Avenue #20
New York, NY 10174
212-451-2999
ewolforth@rc.com
kkatchen@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza

Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

2

Dated:  October 20, 2023       By:  */s/ E. Evans Wohlforth, Jr.*

                           E. Evans Wohlforth, Jr.
                           ROBINSON & COLE
                           666 3rd Avenue #20
                           New York, NY 10174
                           212-451-2999
                           ewolforth@rc.com

                           David Elsberg
                           Andrew R. Dunlap
                           Meredith Nelson
                           Elizabeth Snow
                           SELENDY GAY ELSBERG, PLLC
                           1290 Avenue of the Americas
                           New York, NY 10104
                           212-390-9000
                           deslberg@selendygay.com
                           adunlap@selendygay.com
                           mnelson@selendygay.com
                           esnow@selendygay.com

                           *Attorneys for Defendant Save On SP, LLC*

3

## **DEFINITIONS**

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

6.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

4

7.    "<u>Action</u>" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

8.    "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

9.    "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

10.    "<u>Benefits Investigation</u>" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

11.    "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

12.    "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

13.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

14.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.    "<u>ESI</u>" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

5

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of ESI..

16.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

17.    "Including" means including but not limited to.

18.    "Janssen" means Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

19.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Johnson & Johnson Innovative Medicine, Janssen Biotech, Inc., Janssen

6

Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

20. "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

21. "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

22. "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

23. "Person" means a natural person or legal entity including any business or governmental entity or association.

24. "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,

considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidenc-
ing, identifying, in connection with, indicating, in respect of, involving, memorializing, mention-
ing, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, re-
porting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touch-
ing upon a subject, or having been created, generated, or maintained in connection with or as a
result of that subject.

25.    "Request" means any of these Requests for Production.

26.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors
in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-
atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-
ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

27.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or
other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

28.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in
interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representa-
tives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities
acting or purporting to act on behalf or under the control of TrialCard Inc.

29.    "You" and "Your" means JJHCS.


**INSTRUCTIONS**

1.    These Requests seek production of material in Your possession, custody, or control.
Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ.
P. 26(b)(1).

8

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction, the reason for its destruction, the name of the person who requested or authorized its destruction, and the name of the person who destroyed it.

9

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Interrogatories relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

58.     All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP.

59.     To the extent not covered by the previous Request, all documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that

10

identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.

60.     Documents sufficient to show any agreements entered into or in place during the relevant time period between JJHCS or any JJHCS Hub Entity, on the one hand, and Accredo or ESI, on the other hand, regarding the provision of patient information or data.

61.     Any patient information or data provided by Accredo or ESI to JJHCS or any JJHCS Hub Entity regarding Persons enrolled in CarePath.

62.     Documents sufficient to show any negotiations engaged in by JJHCS or any JJHCS Hub Entity to obtain data from ESI or Accredo regarding Persons enrolled in CarePath, including without limitation JJHCS's or any JJHCS Hub Entity's knowledge of the information available in such data.

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Ex. p. 52

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Ex. p. 53

Dated:  November 17, 2023        By:  */s/ E. Evans Wohlforth, Jr.*

                E. Evans Wohlforth, Jr.
                ROBINSON & COLE
                666 3rd Avenue #20
                New York, NY 10174
                212-451-2954
                ewolforth@rc.com

                David Elsberg
                Andrew R. Dunlap
                Meredith Nelson
                Elizabeth Snow
                SELENDY GAY ELSBERG, PLLC
                1290 Avenue of the Americas
                New York, NY 10104
                212-390-9000
                deslberg@selendygay.com
                adunlap@selendygay.com
                mnelson@selendygay.com
                esnow@selendygay.com

                *Attorneys for Defendant Save On SP, LLC*

Ex. p. 54

## **DEFINITIONS**

The following definitions apply to these Requests:

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.    "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.    "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

4

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "All," "any," and "each" mean any and all.

9.      "And" and "or" are construed both conjunctively and disjunctively.

10.     "Archbow" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.     "Benefits Investigation" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

12.     "Best Price" is the lowest price available form the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

13.     "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

14.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

Ex. p. 56

15.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

16.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

17.    "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

18.    "Express Scripts" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

19.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

20.    "Including" means including but not limited to.

21.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

22.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

23.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

24.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

25.    "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from

counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

26.     "Person" means a natural person or legal entity including any business or governmental entity or association.

27.     "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

28.     "Request" means any of these Requests for Production.

29.     "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

30.     "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

31.     "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

8

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

32.     "You" and "Your" means JJHCS.

## **INSTRUCTIONS**

1.     These Requests seek production of material in Your possession, custody, or control.

Fed. R. Civ. P. 34(a)(1).

2.     These Requests seek production of nonprivileged information. Fed. R. Civ.

P. 26(b)(1).

3.     These Requests seek production of material that is proportional to the needs of this

case. Fed. R. Civ. P. 26(b)(1).

4.     For each Request, either state that you will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P.

34(b)(2)(C).

5.     If you object to all or part of a Request, state whether you are withholding any

responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.     If you object to part of a Request, specify the part and state that you will produce

documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.     If you withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P.

26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information,

requested and stating, to the extent the privilege is being asserted in connection with a claim or

defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

9

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.      Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.      Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.      Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.      These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

63.    All Documents and Communications regarding JJHCS's efforts to directly reimburse patients for out-of-pocket costs after the patient acquires a Janssen Drug.

64.    All Documents and Communications regarding JJHCS's attempts to avoid PBM "redirection" of copay assistance funds (as that term is used in ARCHBOW_000219), including without limitation the creation of a Janssen credit card or a direct to patient rebate program. *See* ARCHBOW_000219.

65.    All Documents and Communications regarding JJHCS's attempts to "remove patients from SaveOn" (as that phrase is used in ARCHBOW_000241), including without limitation the creation of a Janssen credit card or a direct to patient rebate program. *See* ARCHBOW_000241.

66.    All Documents and Communications regarding attempts by JJHCS to prevent health plans, PBMs (including without limitation Express Scripts), pharmacies (including without limitation Accredo), or SaveOnSP, from being able to detect JJHCS's provision of funds to patients.

67.    Documents sufficient to show all payments or reimbursements made by JJHCS to patients taking Janssen Drugs other than copay assistance payments provided via CarePath.

68.    All Documents and Communications between JJHCS and Archbow regarding CarePath, copay assistance, or provision of funds to patients enrolled in CarePath.

69.    All Documents and Communications with or regarding Archbow's "SaveOnSP contact." *See* ARCHBOW_000103.

70.    All Documents and Communications regarding manufacturer copay assistance program funds counting towards the calculation of a drug's Best Price, including the anticipated impact of the 2023 Best Price Rule on JJHCS, including without limitation the impact on CarePath.

11

71.     Documents sufficient to show how JJHCS records, books, accounts for, or refers to copay assistance payments and other provision of funds to patients for the purpose of internal reports, bookkeeping, internal or external financial reporting, including without limitation reporting for tax purposes or compliance with any other law, including without limitation whether JJHCS accounts for those payments as charity, charitable contributions, business expenses, rebates, discounts, marketing, or otherwise.

72.     All Documents and Communications regarding the treatment or potential treatment of CarePath or copay assistance programs as rebate programs, including without limitation discussions with Archbow. *See* ARCHBOW_000438.

73.     All Documents and Communications by or for Janssen market research regarding Accumulators or Maximizers, including without limitation discussions with Archbow. *See* ARCHBOW_000306; ARCHBOW_000439.

74.     All Documents and Communications regarding the funds that JJHCS provides to patients taking Janssen Drugs (including without limitation CarePath funds and any other funds) compared to the revenue that Janssen receives from the sales of Janssen Drugs, including without limitations discussions with Archbow. *See* ARCHBOW_000440.

75.     All Documents and Communications with entities other than JJHCS regarding the above-captioned lawsuit or any potential lawsuit against SaveOnSP, including without limitation discussions with Archbow. *See* ARCHBOW_000443.

76.     All recordings of calls between SaveOnSP or any employee of SaveOnSP, on the one hand, and JJHCS or any Hub Entity, on the other hand.

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (ES) (CLW) |
| Plaintiff, | **DEFENDANT'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Ex. p. 64

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Ex. p. 65

Dated:  December 28, 2023          By: */s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

David Elsberg
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
deslberg@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

## DEFINITIONS

The following definitions apply to these Interrogatories:

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "2023 Best Price Rule" means 85 Fed. Reg 87,000 which required that, starting on January 1, 2023, manufacturers must ensure that the full amount of copay assistance programs is passed on to the patient and that no other entity receives any price concession, in order to exclude any such benefits from the calculation of the drug's "Best Price."

6.    "Accredo" means Accredo Health Group, Inc. as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo.

7.    "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which

4

members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

8.      "All," "any," and "each" mean any and all.

9.      "And" and "or" are construed both conjunctively and disjunctively.

10.     "Archbow" means Archbow Consulting, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Archbow.

11.     "Avalere" means Avalere Health LLC and any predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions and departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of or under the control of Avalere.

12.     "Benefits Investigation" means any process by which JJHCS, or any entity acting on its behalf, receives information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefits status, patient eligibility, and related information.

13.     "Best Price" is the lowest price available from the manufacturer during the rebate period to any wholesaler, retailer, provider, health maintenance organization, nonprofit entity, or governmental entity in the United States in any pricing structure.

14.     "Best Price Quarterly Report" is a quarterly report submitted by a pharmaceutical manufacturer to the Centers for Medicare & Medicaid Services in compliance with 42 C.F.R. § 447.510(a).

15.    "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

16.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

17.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

18.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

19.    "ESI" means "electronically stored information" as defined in the Federal Rules of Civil Procedure.

20.    "Express Scripts" means Express Scripts, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Express Scripts.

21.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

22.    "Including" means including but not limited to.

23.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

24.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZELEX, DARZELEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA, STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

25.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

26.    "<u>JJHCS Hub Entity</u>" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

27.    "<u>Lash Group</u>" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

28.    "<u>Maximizer</u>" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

29.    "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

30.    "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to,

8

reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

31.    "Request" means any of these Requests for Production.

32.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

33.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

34.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

35.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

Ex. p. 72

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.    If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

77.     All Documents and Communications regarding efforts by JJHCS to work with, inform, sponsor, or influence patient advocacy groups regarding those organizations' public statements, patient outreach, or lobbying in any form about Copay Assistance programs, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to AIDS Foundation of Chicago, AIDS Institute, Aimed Alliance, American Cancer Society Cancer Action Network, American Chronic Pain Association, American College of Rheumatology, American Diabetes

11

Association, American Kidney Fund, American Lung Association, American Society of Clinical

Oncology, Arthritis Foundation, Coalition of State Rheumatology Organizations, Crohn's & Co-

litis Foundation, Cystic Fibrosis Research Institute, Connecticut Oncology Association, COPD

Foundation, Epilepsy Foundation, Gay Men's Health Crisis, HealthyWomen, HIV + Hepatitis Pol-

icy Institute, Immune Deficiency Foundation, International Myeloma Foundation, Leukemia &

Lymphoma Society, LUNGevity Foundation, Lupus Research Alliance, Lupus Foundation of

America, Lupus Alliance Research, Mary M. Gooley Treatment Center, Men's Health Network,

Multiple Sclerosis Association of America, Nashville CARES, National Alopecia Areata Founda-

tion, National Multiple Sclerosis Association of America, National Multiple Sclerosis Society,

National Oncology State Network, National Organization of Rare Disorders, National Psoriasis

Foundation, Prevent Blindness, Pulmonary Hypertension Association, Rheumatology Research

Foundation, Scleroderma Foundation, Stand Up To Cancer, Susan G. Komen, The ALS Associa-

tion, Treatment Action Group, Triage Cancer, U.S. Pain Foundation, Vasculitis Foundation, and

ZERO Prostate Cancer).

78.    All Documents and Communications regarding efforts by JJHCS to work with, in-

form, sponsor, or influence pharmaceutical industry associations or groups regarding those organ-

izations' public statements, patient outreach, or lobbying in any form about Copay Assistance pro-

grams, Copay Maximizers, Copay Accumulators, and/or SaveOnSP (including but not limited to

Biotechnology Innovation Organization, Pharmaceutical Care Management Association, and

Pharmaceutical Research and Manufacturers of America).

79.    All Best Price Quarterly Reports created or submitted by JJHCS, Janssen, or their

affiliates for each Janssen Drug.

80.    A copy of each final contract executed between JJHCS and TrialCard regarding CarePath, including without limitation any final work order.

81.    All draft contracts exchanged between JJHCS and TrialCard regarding Copay Maximizers, Copay Accumulators, and/or SaveOnSP, including without limitation any draft work orders.

82.    All Documents and Communications between JJHCS and Avalere regarding CarePath or Copay Assistance Programs, including regarding (1) Copay Maximizers, Copay Accumulators, and/or SaveOnSP, (2) patient satisfaction with Copay Assistance Programs, including but not limited to CarePath, (3) the impact of Copay Assistance Programs on patient adherence to medication, and (4) reevaluating or changing Copay Assistance Programs based on expected changes to the Best Price Rule.

13

E. Evans Wohlforth, Jr.
ROBINSON COLE LLP
666 Third Avenue #20
New York, NY 10174
ewohlforth@rc.com
kkatchen@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Requests, to the office of the undersigned within 30 days of being served or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plaintiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's responses are served.

Dated:  May 9, 2024          By:        *E. Evans Wohlforth, Jr.*
                                          E. Evans Wohlforth, Jr.
                                          ROBINSON COLE LLP
                                          666 Third Avenue #20
                                          New York, NY 10174
                                          ewohlforth@rc.com
                                          kkatchen@rc.com

                                          Philippe Z. Selendy
                                          Andrew R. Dunlap
                                          Meredith Nelson
                                          Elizabeth Snow
                                          SELENDY GAY ELSBERG, PLLC
                                          1290 Avenue of the Americas

New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

**DEFINITIONS**

1.       The singular form of a word includes the plural, and vice versa.

2.       Any tense of a verb includes all tenses.

3.       Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.       Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.       "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.       "Affordable Care Act" means the Patient Protection and Affordable Care Act, Pub. L. 148, 124 Stat. 119.

7.       "All," "any," and "each" mean any and all.

8.       "Amended Complaint" means the draft amendment to the May 4, 2022 Complaint (Dkt. No. 1) filed by JJHCS in this Action that JJHCS proposed on March 14, 2024 (Dkt. No. 219).

9.       "And" and "or" are construed both conjunctively and disjunctively.

10.      "CAP program" means JJHCS's Cost Adjustment Program for Janssen Drugs.

11.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched,

4

developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

12.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

13.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

14.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

16.    "Including" means including but not limited to.

17.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

18.     "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, REMICADE, RYBREVANT, SIMPONI, STELARA, TRACLEER, TREMFYA, UPTRAVI, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

19.     "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

20.     "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

21.     "Person" means a natural person or legal entity including any business or governmental entity or association.

22.     "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to,

6

reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

23.    "Request" means any of these Requests for Production.

24.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

## **INSTRUCTIONS**

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016, through the present.

## REQUESTS

83.     All Documents and Communications cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 15, 18, 27, 63, 66, 69-74, 97, 116, 118, 143.

84.     All Documents and Communications concerning any individual cited, quoted, or referenced in JJHCS's proposed Amended Complaint, Dkt. 219, including without limitation those referenced in ¶¶ 20-22, 97, 102, 104, 107, 110, 138-142, 145-146, 149. This includes without limitation any records of discussions between such individuals and JJHCS's counsel.

85.     All Documents and Communications indicating that JJHCS cannot control the steps or actions taken by commercial health plans, including the plans' use of accumulators, maximizers, or SaveOnSP, including without limitations the basis for such statements in JJHCS_00195975, JJHCS_00196018, and JJHCS_00196020.

86.     All Documents and Communications regarding all proposed and enacted federal rules and regulations cited, quoted, or referenced in the proposed Amended Complaint, Dkt. 219, including any rules proposed or enacted pursuant to the ACA.

87.     All Documents and Communications regarding communications by JJHCS or its counsel with members of SaveOnSP-advised health plans or with representatives of health plan sponsors regarding SaveOnSP, including but not limited to communications with the individuals

referenced in JJHCS's February 16, 2024 Letter from H. Sandick to A. Dunlap. This includes without limitation any notes or records of communications with such members with JJHCS's counsel.

88.    All Documents and Communications regarding any methods that JJHCS used to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

89.    All Documents and Communications regarding any methods that JJHCS considered using to identify CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans.

90.    All Documents and Communications regarding any steps that JJHCS took regarding copay assistance payments to CarePath patients that JJHCS identified or suspected as being on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

91.    All Documents and Communications regarding any steps that JJHCS considered taking regarding copay assistance payments to CarePath patients on accumulators, maximizers, or SaveOnSP-advised health plans, including without limitation steps to reduce such payments, claw back such payments, remove such patients from CarePath, or provide alternative financial assistance to such patients.

10

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Ex. p. 88

Dated:  May 31, 2024                    By: */s/ E. Evans Wohlforth*

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY ELSBERG, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

**<u>DEFINITIONS</u>**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "<u>Action</u>" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

7.      "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

8.      "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

9.      "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

4

10.     "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

11.     "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

12.     "<u>Including</u>" means including but not limited to.

13.     "<u>Janssen</u>" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

14.     "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development,

LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc.,

Janssen BioPharma LLC, Janssen Research & Development LLC, TrialCard, and any other vendor

over whom JJHCS has legal control of documents.

15.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and suc-

cessors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, rep-

resentatives, directors, officers, employees, committees, attorneys, accountants, and all persons or

entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

16.    "Patient" means a natural person prescribed or eligible to be prescribed any Janssen

Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

17.    "Person" means a natural person or legal entity including any business or govern-

mental entity or association.

18.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to,

assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,

considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidenc-

ing, identifying, in connection with, indicating, in respect of, involving, memorializing, mention-

ing, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, re-

porting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touch-

ing upon a subject, or having been created, generated, or maintained in connection with or as a

result of that subject.

19.    "Request" means any of these Requests for Production.

20.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

6

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

21.    "<u>Specialty Drug</u>" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

22.    "<u>TrialCard</u>" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

23.    "<u>You</u>" and "<u>Your</u>" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

Ex. p. 94

12.     Produce all versions of each document that are not identical to the original docu-ment (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

## REQUESTS

92.     All final Master Service Agreements (MSAs) with third parties involved the ad-ministration, management, design, and marketing of CarePath, including

    a.     RIS Rx;

    b.     Lash Group;

    c.     Avalere Health;

    d.     Archbow Consulting;

    e.     Thomas J. Paul;

    f.     IBM;

    g.     Hill Holiday;

    h.     The Profero Group, LLC;

    i.     Kidsource;

    j.     Keen 360 Inc.;

    k.     NXLevel, Inc.;

    l.     Navigant Consulting, a.k.a. Guidehouse;

Ex. p. 95

m.      Evoke;

n.      We Are Alexander;

o.      Protean LLC;

p.      PRECISIONValue;

q.      CoverMyMeds;

r.      Xavier Creative House;

s.      Syneos Health;

t.      BNO Inc;

u.      Tangent Logic;

v.      IQVIA;

w.      McCann Health;

x.      Adam Fein;

y.      Analysis Group;

z.      Blue Fin Group, Inc.;

aa.     Aurora WDC;

bb.     Deloitte;

cc.     CareMetx, LLC;

dd.     Vynamic;

ee.     The Macaluso Group Limited Liability Company;

ff.     Wunderman Thompson; and

gg.     Brunswick Group LLC.

93.    Documents sufficient to show all final contracts, including Work Orders (WOs), Statements of Work (SOWs), and Change Orders (COs), with third parties involved the administration, management, design, and marketing of CarePath, including

a.    RIS Rx;

b.    Lash Group;

c.    Avalere Health;

d.    Archbow Consulting;

e.    Thomas J. Paul;

f.    IBM;

g.    Hill Holiday;

h.    The Profero Group, LLC;

i.    Kidsource;

j.    Keen 360 Inc.;

k.    NXLevel, Inc.;

l.    Navigant Consulting, a.k.a. Guidehouse;

m.    Evoke;

n.    We Are Alexander;

o.    Protean LLC;

p.    PRECISIONValue;

q.    CoverMyMeds;

r.    Xavier Creative House;

s.    Syneos Health;

t.    BNO Inc;

11

u.      Tangent Logic;

v.      IQVIA;

w.      McCann Health;

x.      Adam Fein;

y.      Analysis Group;

z.      Blue Fin Group, Inc.;

aa.     Aurora WDC;

bb.     Deloitte;

cc.     CareMetx, LLC;

dd.     Vynamic;

ee.     The Macaluso Group Limited Liability Company;

ff.     Wunderman Thompson; and

gg.     Brunswick Group LLC.

12

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JKS) (CLW) <br><br> **DEFENDANT'S NINTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza

Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Ex. p. 100

Dated:  June 21, 2024                    By: */s/ E. Evans Wohlforth, Jr.*
                                             E. Evans Wohlforth, Jr.
                                             Sabrina M. Galli
                                             ROBINSON & COLE
                                             666 3rd Avenue #20
                                             New York, NY 10174
                                             212-451-2954
                                             ewolforth@rc.com
                                             sgalli@rc.com

                                             Philippe Z. Selendy
                                             Andrew R. Dunlap
                                             Meredith Nelson
                                             Elizabeth Snow
                                             SELENDY GAY, PLLC
                                             1290 Avenue of the Americas
                                             New York, NY 10104
                                             212-390-9000
                                             pselendy@selendygay.com
                                             adunlap@selendygay.com
                                             mnelson@selendygay.com
                                             esnow@selendygay.com

                                             *Attorneys for Defendant Save On SP, LLC*

**DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

6.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JKS) (CLW).

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

4

9.    "<u>Appeals Process</u>" means an appeal by a patient who believes that they have been incorrectly identified as a maximizer or accumulator patient.

10.    "<u>CarePath</u>" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

11.    "<u>Communication</u>" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

13.    "<u>Co-Pay Spend</u>" means the money that JJHCS intended to spend or spent on Copay Assistance, as used in JJHCS_00230997.

14.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.    "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

16.    "<u>Including</u>" means including but not limited to.

17.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

18.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

19.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,

Ex. p. 104

agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

20. "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

21. "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

22. "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

23. "Person" means a natural person or legal entity including any business or governmental entity or association.

24. "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting,

Ex. p. 105

touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

25.    "Request" means any of these Requests for Production.

26.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

27.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

28.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

29.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

8

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10. Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11. Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12. Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13. These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

## REQUESTS

94. Documents sufficient to show business plans reflecting the total Co-Pay Spend, both anticipated and actual, for each Janssen Drug.

95. All Documents and Communications regarding any expenses incurred by JJHCS to mitigate any purported harm caused by SaveOnSP to JJHCS, including the expenditures of resources to identify members of plans advised by SaveOnSP.

96. All Documents and Communications regarding setting $9,100 as the maximum benefit for Copay Assistance for any Janssen Drug, including any decision to not publish that maximum benefit publicly.

97. All Documents and Communications regarding the Appeals Process.

10

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY, PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAVE ON SP, LLC,<br><br>                    Defendant. | Civil Action No. 22-2632 (JKS) (CLW)<br><br>**DEFENDANT'S TENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:     Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza

Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc.'s ("JJHCS"), to produce for inspection and copying the documents listed in these

Requests, to the office of the undersigned within 30 days of being served or at a time and place

mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

2

Dated:  July 1, 2024        By:   */s/ E. Evans Wohlforth, Jr.*

                                        E. Evans Wohlforth, Jr.
                                        Sabrina M. Galli
                                        ROBINSON & COLE
                                        666 3rd Avenue #20
                                        New York, NY 10174
                                        212-451-2954
                                        ewolforth@rc.com
                                        sgalli@rc.com

                                        Philippe Z. Selendy
                                        Andrew R. Dunlap
                                        Meredith Nelson
                                        Elizabeth Snow
                                        SELENDY GAY, PLLC
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        212-390-9000
                                        pselendy@selendygay.com
                                        adunlap@selendygay.com
                                        mnelson@selendygay.com
                                        esnow@selendygay.com

                                        *Attorneys for Defendant Save On SP, LLC*

Ex. p. 111

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

6.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JKS) (CLW).

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

4

9.      "Appeals Process" means an appeal by a patient who believes that they have been incorrectly identified as a maximizer or accumulator patient.

10.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

11.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12.      "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

13.      "Co-Pay Spend" means the money that JJHCS intended to spend or spent on Copay Assistance, as used in JJHCS_00230997.

14.      "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

15.      "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

16.      "Including" means including but not limited to.

5

17.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

18.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

19.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,

6

agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

20.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

21.    "Maximizer" means copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

22.    "May-Not-Use Provision" means the provision of CarePath's terms and conditions that states that CarePath "may not be used with any other coupon, discount, prescription savings card, free trial or other offer."

23.    "Patient" means a natural person prescribed or eligible to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

24.    "Person" means a natural person or legal entity including any business or governmental entity or association.

25.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating,

7

evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

26.    "Request" means any of these Requests for Production.

27.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

28.    "Specialty Drug" means any specialty pharmaceutical, medication, biologic, or other therapy treated as a pharmaceutical for purposes of health plan benefit coverage.

29.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representa-tives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

30.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

8

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P.
34(b)(E)(i). For each document, identify the file or location from which it was taken and the name,
affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any
agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of produc-
tion, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including
all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original docu-
ment (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments,
underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn
that your response is in some material respect incomplete or incorrect, supplement or correct your
response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including
April 1, 2016 through the present.

## REQUESTS

98.     All Documents and Communications regarding the working group on ██████
████████████ mentioned in JJHCS_00229086, including regarding the working
group's members and date of formation, objectives, meeting notes, and deliverables.

99.     All Documents and Communications regarding the ████████████████
███████████████████████████████████████████████████

10

discussed in JJHCS_00228430, including regarding the working group's members and date of formation, objectives, meeting notes, and deliverables.

100.    Documents sufficient to show when and how JJHCS came to understand that the May-Not-Use Provision purportedly bars patients on Accumulators, Maximizers, or SaveOnSP-advised plans from participating in CarePath.

101.    All Documents and Communications from before January 1, 2022 which reflect JJHCS's alleged understanding that the May-Not-Use Provision bars patients on Accumulators, Maximizers, or SaveOnSP-advised plans from participating in CarePath.

11

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT'S ELEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

       Adeel A. Mangi, Esq.
       Harry Sandick, Esq.
       George LoBiondo, Esq.
       PATTERSON BELKNAP WEBB
       & TYLER LLP
       1133 Avenue of the Americas
       New York, NY

       *Attorneys for Plaintiff Johnson & Johnson*
       *Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

Dated:  August 23, 2024     By:  */s/ E. Evans Wohlforth, Jr.*

                                            E. Evans Wohlforth, Jr.
        Sabrina M. Galli
        ROBINSON & COLE
        666 3rd Avenue #20
        New York, NY 10174
        212-451-2954
        ewolforth@rc.com
        sgalli@rc.com

        Philippe Z. Selendy
        Andrew R. Dunlap
        Meredith Nelson
        Elizabeth Snow
        SELENDY GAY ELSBERG, PLLC
        1290 Avenue of the Americas
        New York, NY 10104
        212-390-9000
        pselendy@selendygay.com
        adunlap@selendygay.com
        mnelson@selendygay.com
        esnow@selendygay.com

        *Attorneys for Defendant Save On SP, LLC*

3

Ex. p. 122

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "All," "any," and "each" mean any and all.

7.      "And" and "or" are construed both conjunctively and disjunctively.

8.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

9.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4

10.    "<u>Copay Assistance</u>" means any type of patient support that allows a drug manufac-turer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

11.    "<u>Document</u>" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

12.    "<u>Identify</u>" means (a) with respect to persons, to give, to the extent known, the per-son's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the docu-ment; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

13.    "<u>Including</u>" means including but not limited to.

14.    "<u>Janssen</u>" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

15.    "<u>JJHCS</u>" means Johnson & Johnson Health Care Systems Inc. and any and all pre-decessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or depart-ments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil

Ex. p. 124

Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

16.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

17.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

18.    "New Terms" means refers to any of the following terms in the CarePath terms and conditions for the Affected Drugs set forth in Appendices 1–3 to Plaintiff's Fourth Set of Interrogatories:

      a.    "[CarePath] is designed solely for the benefit of the patient. If your insurance company or health plan partners with SaveOnSP, then except where

Ex. p. 125

prohibited by law, you will not be eligible for, and you agree not to use,
[CarePath]."

b.    "If your health plan removes [the Affected Drug] from its partnership with
SaveOnSP or other non-essential health benefit maximizer, you may be
eligible to be reinstated in [CarePath]."

c.    "Notwithstanding any other term of this program, patients who are mem-
bers of health plans that partner with SaveOnSP, or who are subject to ser-
vices administered by SaveOnSP, are not eligible for [CarePath]. If your
health plan removes [the Affected Drug] from its partnership with Save-
OnSP, you may be eligible for [CarePath]."

19.    "Person" means a natural person or legal entity including any business or govern-
mental entity or association.

20.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to,
assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,
considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidenc-
ing, identifying, in connection with, indicating, in respect of, involving, memorializing, mention-
ing, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, re-
porting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touch-
ing upon a subject, or having been created, generated, or maintained in connection with or as a
result of that subject.

21.    "Request" means any of these Requests for Production.

22.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors
in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

7

Ex. p. 126

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

23.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

24.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing

8

information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.    If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.    Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.    Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.    Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.    Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

Ex. p. 128

13.    These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

## REQUESTS

102.    All Documents and Communications regarding the decision to adopt, adoption of, drafting of, or implementation of the New Terms.

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S TWELFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

       Adeel A. Mangi, Esq.
       Harry Sandick, Esq.
       George LoBiondo, Esq.
       PATTERSON BELKNAP WEBB
       & TYLER LLP
       1133 Avenue of the Americas
       New York, NY

       *Attorneys for Plaintiff Johnson & Johnson*
       *Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Requests, to the office of the undersigned within 30 days of being served or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plaintiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's responses are served.

Dated:  September 23, 2024          By:  */s/*    *E. Evans Wohlforth, Jr.*

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

Ex. p. 132

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Accumulator" means a copay accumulator service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay accumulator."

6.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

7.      "All," "any," and "each" mean any and all.

8.      "And" and "or" are construed both conjunctively and disjunctively.

4

9.    "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

10.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

11.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

12.    "De-Identified Claim Information" means information associated with a medical claim that is identified by claim number, case number, or another unique number instead of personally identifiable patient information, such as name, date of birth, social security number, present or last known address, or other information that may be used to identify a specific person.

13.    "De-Identified Patient Information" means (a) with respect to natural persons, information associated with a claim number, moniker, unique number, or anonymous identifier that is connected to a particular person, regardless of whether their identity (name, present or last known address, date of birth, social security number, and other information that may be used to identify that person) is known to the entity that assigned them that claim number, moniker, unique number, or anonymous identifier; (b) with respect to data, that which is associated with a specific person even though their full name, address, date of birth, social security number, or other known information, may not be appear on the face of the data.

14.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

Ex. p. 134

15.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

16.    "Identified Patient Information" means (a) with respect to natural persons, information associated with a particular person identified by name, present or last known address, date of birth, social security number, or other personally identifiable information; (b) with respect to data, that which is associated with a specific person even whose full name, address, date of birth, social security number, or other known personally identifiable information, appears on the face of the data.

17.    "Including" means including but not limited to.

18.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

19.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, EDURANT, ERLEADA, IMBRUVICA, INTELENCE, OPSUMIT, PONVORY, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA,

6

STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

20. "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

21. "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

22. "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

23.    "Maximizer" means a copay maximizer service, including (a) any service provided by Pharmacy Benefit Managers or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "copay maximizer."

24.    "New Terms" means refers to any of the following terms in the CarePath terms and conditions for the Affected Drugs set forth in Appendices 1–3 to Plaintiff's Fourth Set of Interrogatories:

      a.    "[CarePath] is designed solely for the benefit of the patient. If your insurance company or health plan partners with SaveOnSP, then except where prohibited by law, you will not be eligible for, and you agree not to use, [CarePath]."

      b.    "If your health plan removes [the Affected Drug] from its partnership with SaveOnSP or other non-essential health benefit maximizer, you may be eligible to be reinstated in [CarePath]."

      c.    "Notwithstanding any other term of this program, patients who are members of health plans that partner with SaveOnSP, or who are subject to services administered by SaveOnSP, are not eligible for [CarePath]. If your

health plan removes [the Affected Drug] from its partnership with Save-OnSP, you may be eligible for [CarePath]."

25.    "PAFA+ Data" means (a) the data stored in the platform J&J refers to as "PAFA" or "PAFA+", including but not limited to case detail (including case number, type, sub-type, date of birth, patient name, site name, subject, PAFA+/JV+Ref ID, product, patient ID, start date, end date, case status, physician, and program type), activities (including activity type, due dates, channel, and comments), attachments, and case notes; and (b) any definition JJHCS ascribes to the term "PAFA+ Data."

26.    "Person" means a natural person or legal entity including any business or governmental entity or association.

27.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

28.    "Request" means any of these Requests for Production.

29.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

9

30.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

31.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information,

10

requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

## REQUESTS

103.    Documents sufficient to Identify all individuals at Janssen, JJHCS or any JJHCS Hub Entity who have had access to Identified Patient Information, including but not limited to PAFA+ Data, regarding whether a person enrolled in CarePath was or could be a member of an Accumulator or Maximizer health plan, or a health plan advised by SaveOnSP.

104.    Documents sufficient to Identify all individuals at Janssen, JJHCS or any JJHCS Hub Entity who have had access to De-Identified Patient Information or De-Identified Claim Information, including but not limited to PAFA+ data, regarding whether a person enrolled in CarePath was or could be a member of an Accumulator or Maximizer health plan, or a plan advised by SaveOnSP.

12

E. Evans Wohlforth, Jr.
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S THIRTEENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

To:    Jeffrey J. Greenbaum, Esq.
        SILLS CUMMIS & GROSS, P.C.
        One Riverfront Plaza
        Newark, NJ 07102
        973-643-7000

Ex. p. 142

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.


Dated: September 25, 2024         By:  */s/ E. Evans Wohlforth, Jr.*
                                       E. Evans Wohlforth, Jr.
                                       ROBINSON & COLE
                                       666 3rd Avenue #20
                                       New York, NY 10174
                                       212-451-2954
                                       ewolforth@rc.com

                                       Philippe Z. Selendy
                                       Andrew R. Dunlap
                                       Meredith Nelson
                                       Elizabeth Snow
                                       SELENDY GAY ELSBERG, PLLC
                                       1290 Avenue of the Americas

Ex. p. 143

New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

3

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "All," "any," and "each" mean any and all.

7.      "And" and "or" are construed both conjunctively and disjunctively.

8.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

9.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4

10.     "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

11.     "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

12.     "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

13.     "Including" means including but not limited to.

14.     "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

15.     "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA, STELARA, SYMTUZA, TRACLEER,

5

TREMFYA, UPTRAVI, VENTAVIS, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

16.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

17.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

18.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

19.     "Person" means a natural person or legal entity including any business or governmental entity or association.

20.     "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

21.     "Request" means any of these Requests for Production.

22.     "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

23.     "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

24.     "You" and "Your" means JJHCS.

## **INSTRUCTIONS**

1.    These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.    These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.    For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.    If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.    If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.    If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.    If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the

date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

<u>**TIME PERIOD**</u>

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

## <u>REQUESTS</u>

105.    Documents sufficient to show the full terms of each CarePath contract that applies to each CarePath payment for which J&J seeks damages, including but not limited to the terms and conditions and/or the eligibility requirements.

106.    Documents sufficient to show all policies, procedures, instructions, directions, and talk tracks regarding the CarePath call center or help desk, including those used by Janssen Care-Path Care Coordinators, Janssen Nurse Navigators, withMe guides, or Janssen Field-Based Reimbursement Specialists ("FRAS"), including regarding (1) all information that representatives are directed to gather from callers; (2) how such caller information is verified; (3) how such caller information is recorded; and (4) how such caller information is used by JJHCS, TrialCard, or any other Hub Entity.

10

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., | Civil Action No. 22-2632 (JMV) (CLW) |
| Plaintiff, | **DEFENDANT'S FOURTEENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| v. | |
| SAVE ON SP, LLC, | |
| Defendant. | |

Ex. p. 152

To:    Jeffrey J. Greenbaum, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson
Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Requests, to the office of the undersigned within 30 days of being served or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plaintiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's responses are served.

2

Dated:  November 5, 2024           By: */s/*    *E. Evans Wohlforth, Jr.*
                                          E. Evans Wohlforth, Jr.
                                          Sabrina M. Galli
                                          ROBINSON & COLE
                                          666 3rd Avenue #20
                                          New York, NY 10174
                                          212-451-2954
                                          ewolforth@rc.com
                                          sgalli@rc.com

                                          Philippe Z. Selendy
                                          Andrew R. Dunlap
                                          Meredith Nelson
                                          Elizabeth Snow
                                          SELENDY GAY PLLC
                                          1290 Avenue of the Americas
                                          New York, NY 10104
                                          212-390-9000
                                          pselendy@selendygay.com
                                          adunlap@selendygay.com
                                          mnelson@selendygay.com
                                          esnow@selendygay.com

                                          *Attorneys for Defendant Save On SP, LLC*

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "All," "any," and "each" mean any and all.

7.      "And" and "or" are construed both conjunctively and disjunctively.

8.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

9.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4

10.    "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

11.    "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

12.    "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

13.    "Including" means including but not limited to.

14.    "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

15.    "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, EDURANT, ERLEADA, IMBRUVICA, INTELENCE, OPSUMIT, PONVORY, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA,

STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

16.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

17.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

18.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

6

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

19.  "Person" means a natural person or legal entity including any business or governmental entity or association.

20.  "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

21.  "Request" means any of these Requests for Production.

22.  "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

23.  "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

24.  "You" and "Your" means JJHCS.

7

## <u>INSTRUCTIONS</u>

1.      These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.      These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the

8

date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.      Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of produc-tion, consult SaveOnSP for further instruction.

11.      Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.      Produce all versions of each document that are not identical to the original docu-ment (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.      These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

<u>**TIME PERIOD**</u>

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

Ex. p. 160

## REQUESTS

107.     All final Master Service Agreements (MSAs) relating to the relationship between JJHCS and its Field Based Reimbursement and Access Specialists (FRAS), including with AmerisourceBergen and Xcenda.

108.     Documents sufficient to show the relationship between JJHCS and its FRAS, including its Work Orders (WOs), Statements of Work (SOWs), and Change Orders (COs) with AmerisourceBergen and Xcenda.

10

E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., and ACCREDO HEALTH GROUP, INC. <br><br> Defendants. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **DEFENDANT SAVE ON SP, LLC'S FIFTEENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, NJ 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Requests, to the office of the undersigned within 30 days of being served or at a time and place mutually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plaintiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's responses are served.

Ex. p. 163

Dated: November 26, 2024

By: /s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Sabrina M. Galli
ROBINSON & COLE
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

Ex. p. 164

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "Action" means this litigation styled as "*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*" currently pending in the United States District Court for the District of New Jersey, No. 22-2632 (JMV) (CLW).

6.      "All," "any," and "each" mean any and all.

7.      "And" and "or" are construed both conjunctively and disjunctively.

8.      "CarePath" means the Janssen copay assistance program marketed under the name CarePath that provides financial support services for patients using specialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson & Johnson, including Janssen (as defined herein).

9.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

2

Ex. p. 165

10. "Copay Assistance" means any type of patient support that allows a drug manufacturer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

11. "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

12. "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

13. "Including" means including but not limited to.

14. "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

15. "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZALEX, DARZALEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, SIMPONI ARIA, STELARA, SYMTUZA, TRACLEER,

3

TREMFYA, UPTRAVI, VENTAVIS, and ZYTIGA, as well as any other specialty drugs that JJHCS asserts are at issue in this Action.

16.    "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson & Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order of May 28, 2023; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

17.    "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group and TrialCard), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

18.    "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

19.    "Person" means a natural person or legal entity including any business or governmental entity or association.

20.    "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, reporting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

21.    "Request" means any of these Requests for Production.

22.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Save On SP, LLC.

23.    "TrialCard" means TrialCard Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of TrialCard Inc.

24.    "You" and "Your" means JJHCS.

5

# INSTRUCTIONS

1.      These Requests seek production of material in Your possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

2.      These Requests seek production of nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the

date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.     Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.     Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.     Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.     Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.     These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## **TIME PERIOD**

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through the present.

Ex. p. 170

## **REQUESTS**

109.    Documents sufficient to show if, when, and how individuals enrolled in CarePath received notice of revisions to CarePath's terms and conditions.

110.    Documents sufficient to show if, when, and how individuals enrolled in CarePath agreed to, acknowledged, or assented to revisions to CarePath's terms and conditions.

E. Evans Wohlforth, Jr.
Sabrina M. Galli
**ROBINSON & COLE**
666 3rd Avenue #20
New York, NY 10174
212-451-2954
ewolforth@rc.com
sgalli@rc.com

Philippe Z. Selendy *(admitted pro hac vice)*
Andrew R. Dunlap *(admitted pro hac vice)*
Meredith Nelson *(admitted pro hac vice)*
Elizabeth Snow *(admitted pro hac vice)*
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br>EXPRESS SCRIPTS, INC., and<br>ACCREDO HEALTH GROUP, INC.,<br><br>Defendants. | Civil Action No. 22-2632 (JMV) (CLW)<br><br>**DEFENDANT SAVE ON SP, LLC'S SIXTEENTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, NJ 07102
       973-643-7000

       Adeel A. Mangi, Esq.
       Harry Sandick, Esq.
       George LoBiondo, Esq.
       PATTERSON BELKNAP WEBB
       & TYLER LLP
       1133 Avenue of the Americas
       New York, NY

       *Attorneys for Plaintiff Johnson & Johnson*
       *Health Care Systems Inc.*

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34,

Defendant Save On SP, LLC ("SaveOnSP"), requests Plaintiff Johnson & Johnson Health Care

Systems Inc. ("JJHCS"), to produce for inspection and copying the documents listed in these Re-

quests, to the office of the undersigned within 30 days of being served or at a time and place mu-

tually agreed by the parties and ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this demand for production of documents

shall be deemed continuing in nature so as to require supplemental responses if Plaintiff or Plain-

tiff's counsel obtain or locate further or additional documents subsequent to the time Plaintiff's

responses are served.

2

Dated:  January 10, 2025          By: */s/*    *E. Evans Wohlforth, Jr.*
                                          E. Evans Wohlforth, Jr.
                                          Sabrina M. Galli
                                          ROBINSON & COLE
                                          666 3rd Avenue #20
                                          New York, NY 10174
                                          212-451-2954
                                          ewolforth@rc.com
                                          sgalli@rc.com

                                          Philippe Z. Selendy
                                          Andrew R. Dunlap
                                          Meredith Nelson
                                          Elizabeth Snow
                                          SELENDY GAY PLLC
                                          1290 Avenue of the Americas
                                          New York, NY 10104
                                          212-390-9000
                                          pselendy@selendygay.com
                                          adunlap@selendygay.com
                                          mnelson@selendygay.com
                                          esnow@selendygay.com

                                          *Attorneys for Defendant Save On SP, LLC*

Ex. p. 174

## **DEFINITIONS**

The following definitions apply to these Requests:

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "2-Card Solution" refers to any process where JJHCS, any JJHCS Hub Entity, or any Vendor provides patients with two separate copay assistance payments for the same fill of a Janssen Drug through different CarePath or copay assistance cards or any other payment methods, including any virtual or digital payment cards.

6.      "Accredo" means Accredo Health Group, Inc and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Accredo Health Group, Inc.

7.      "Accumulator" means a copay accumulator service, including (a) any service provided by PBMs or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members remain responsible

4

for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "accumulator."

8.      "Action" means this litigation styled as "Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, Express Scripts, Inc., and Accredo Health Group, Inc." currently pending in the United States District Court for the District of New Jersey, No. 2:22-cv-02632 (JKS) (CLW).

9.      "All," "any," and "each" mean any and all.

10.     "And" and "or" are construed both conjunctively and disjunctively.

11.     "Benefits Investigation" means any process by which JJHCS, any JJHCS Hub Entity, or any other entities or Vendors acting on JJHCS's behalf, receive information regarding the pharmacy benefits provided by a health plan, including information regarding prior authorization, costs, Essential Health Benefit status, patient eligibility for CarePath or any other JJHCS program, and related information. This definition includes all processes or initiatives through which JJHCS, JJHCS Hub Entities, or Vendors receive information regarding the pharmacy benefits provided by a health plan for specific patients.

12.     "CAP Program" means JJHCS's Cost or Copay Adjustment Program, which helps JJHCS or JJHCS Hub Entities to identify members of Accumulators, Maximizers, and SaveOnSP-advised plans and to reduce CarePath payments to those members. The CAP Program encompasses J&J's response to Accumulators, Maximizers, and SaveOn, whether formally labeled as the CAP Program or not. This includes initiatives that JJHCS or any JJHCS Hub Entity refers to as CAPa, CAPm, CAP 2023, CAP 2.0, CAPm ME, or CAP 2024.

13.     "CareMetx" means CareMetx, LLC and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons

or entities acting or purporting to act on behalf or under the control of CareMetx, LLC.

14.    "CarePath" means the Janssen copay assistance program, often marketed under the

names CarePath or J&J withMe, that provides financial support services for patients using spe-

cialty drugs researched, developed, and marketed by the pharmaceutical companies of Johnson &

Johnson, including Janssen (as defined herein). This includes copay assistance programs for any

Janssen Drugs, including Stelara withMe and Tremfya withMe.

15.    "Communication" means the transmittal of information in the form of facts, ideas,

inquiries, or otherwise.

16.    "Complaint" means Plaintiff's May 4, 2022 Complaint [ECF No. 1], amended Oc-

tober 2, 2024.

17.    "Copay Assistance" means any type of patient support that allows a drug manufac-

turer to pay all or some of a patient's prescription drug cost for that manufacturer's drug.

18.    "Digital Pay" means the process described at -305 in JJHCS_00327303 and any

similar predecessor or successor initiatives where patients use a debit card issued or administered

by JP Morgan Chase & Co. to pay for Janssen Drugs.

19.    "Document" means "document" and "electronically stored information" as defined

in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within

the meaning of this term.

20.    "Express Scripts" means Express Scripts, Inc and any and all predecessors and suc-

cessors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, rep-

resentatives, directors, officers, employees, committees, attorneys, accountants, and all persons or

entities acting or purporting to act on behalf or under the control of Express Scripts, Inc.

21. "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

22. "Including" means including but not limited to.

23. "Janssen" means Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, and Actelion Pharmaceuticals U.S., Inc., as well as any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Janssen Biotech, Inc., Janssen Pharmaceuticals, Inc., Janssen Products, LP, or Actelion Pharmaceuticals U.S., Inc.

24. "Janssen Drug" means any Specialty Drug manufactured or sold by Janssen from any time for which patients may receive copay assistance, including BALVERSA, DARZELEX, DARZELEX FASPRO, ERLEADA, IMBRUVICA, OPSUMIT, PREZCOBIX, REMICADE, RYBREVANT, SIMPONI, STELARA, SYMTUZA, TRACLEER, TREMFYA, UPTRAVI, VENTAVIS, ZYTIGA, as well as any other specialty drugs that JJHCS asserts or believes are at issue in this Action.

25. "JJHCS" means Johnson & Johnson Health Care Systems Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of Johnson &

Ex. p. 178

Johnson Health Care Systems Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC. "JJHCS" also includes TrialCard to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant to a Master Services Agreement, per the Special Master's order May 31, 2024, Dkt. 307 at 10; and any other entity to the extent that any J&J entity has legal control over its documents relating to its work for any J&J entity pursuant a contract containing provisions similar to those in the Master Service Agreement discussing the May 28 order.

26.     "JJHCS Hub Entity" means any entity retained or utilized by JJHCS to administer, in whole or in part, CarePath (including Lash Group, CareMetx, TrialCard, and any other Vendor or entity that administered CarePath), and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf of such an entity.

27.     "KPMG" means KPMG International Ltd. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of KPMG International Ltd.

28.     "Lash Group" means The Lash Group, Inc. and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of The Lash Group, Inc.

29.    "<u>Maximizer</u>" means a copay maximizer service, including (a) any service provided by PBMs or insurance companies, or any third party providing services to the same, to manage the cost of specialty drugs by preventing manufacturer copay assistance from counting towards a patient's deductible and out-of-pocket maximum and under which members do not remain responsible for all or most of their plans' copays, co-insurance requirements, and deductibles once copay assistance has been exhausted; and (b) any definition JJHCS ascribes to the term "maximizer."

30.    "<u>Patient</u>" means a natural person prescribed, eligible to be prescribed, or desiring to be prescribed any Janssen Drug, whether or not they use CarePath or are a participant in a health plan advised by SaveOnSP.

31.    "<u>PBM</u>" means a pharmacy benefit manager or any other company that administers or processes prescription drugs for commercial health plans or self-insured employer plans or any other entity that acts as an intermediary between drug manufacturers, pharmacies, and health insurance plans.

32.    "<u>Person</u>" means a natural person or legal entity including any business or governmental entity or association.

33.    "<u>RISRx</u>" means RIS Rx and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of RIS Rx.

34.    "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, concerning, confirming, connected to,

9

considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidenc-

ing, identifying, in connection with, indicating, in respect of, involving, memorializing, mention-

ing, noting, pertaining to, probative of, proving, recording, referring to, reflecting, relating to, re-

porting on, reviewing, setting forth, showing, stating, suggesting, summarizing, supporting, touch-

ing upon a subject, or having been created, generated, or maintained in connection with or as a

result of that subject.

35.    "Request" means any of these Requests for Production.

36.    "SaveOnSP" means Save On SP, LLC, and any and all predecessors and successors

in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, represent-

atives, directors, officers, employees, committees, attorneys, accountants, and all persons or enti-

ties acting or purporting to act on behalf or under the control of Save On SP, LLC.

37.    "TrialCard" means Mercalis Inc. (f/k/a TrialCard Inc.) and any and all predecessors

and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments,

agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all

persons or entities acting or purporting to act on behalf or under the control of Mercalis Inc.

38.    "Vendor" means any entity that communicated with patients or performed services

or work for or on behalf of JJHCS, Janssen, or any JJHCS Hub Entity regarding CarePath, includ-

ing RISRx, the Lash Group, TrialCard, and CareMetx.

39.    "You" and "Your" means JJHCS.

## INSTRUCTIONS

1.    These Requests seek production of material in Your possession, custody, or control.

Fed. R. Civ. P. 34(a)(1).

2.    These Requests seek production of nonprivileged information. Fed. R. Civ.

P. 26(b)(1).

10

Ex. p. 181

3.      These Requests seek production of material that is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

4.      For each Request, either state that you will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C).

5.      If you object to all or part of a Request, state whether you are withholding any responsive material based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

6.      If you object to part of a Request, specify the part and state that you will produce documents responsive to the rest. Fed. R. Civ. P. 34(b)(2)(C).

7.      If you withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable SaveOnSP to assess the claim, Fed. R. Civ. P. 26(b)(5)(A)(ii), including by indicating whether any document exists regarding the information, requested and stating, to the extent the privilege is being asserted in connection with a claim or defense governed by the state law, the state privilege rule being invoked, Local Rule 34.1.

8.      If a document responsive to a Request was once in your possession, custody, or control and has since been lost or destroyed, provide (a) a detailed description of the document; (b) the name of the author; (c) the names of all persons to whom the document was sent; (d) the date on which the document was prepared or initially received; (e) the date on which the document was lost or destroyed; and (f) if the document was destroyed, the manner of its destruction the reason for its destruction, the name of the person who requested or authorized its decision, and the name of the person who destroyed it.

9.      Produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(E)(i). For each document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

10.      Produce electronically stored information in the form and manner required by any agreed-upon or court-ordered protocols. In the absence of any such protocol at the time of production, consult SaveOnSP for further instruction.

11.      Produce each document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

12.      Produce all versions of each document that are not identical to the original document (including all drafts) whether due to handwritten notation, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

13.      These Requests are deemed continuing. If after responding to any Request you learn that your response is in some material respect incomplete or incorrect, supplement or correct your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

## TIME PERIOD

Unless otherwise specified, these Requests relate to the time period from and including April 1, 2016 through November 7, 2023.

## REQUESTS

111.      Documents sufficient to show all policies, procedures, practices, instructions, directions, and talk tracks regarding Janssen, JJHCS, or any JJHCS Hub Entity, including any vendor engaged by each, concealing from or not affirmatively identifying to patients enrolled in CarePath, plan sponsors, PBMs, or any entity engaged by plan sponsors or PBMs or otherwise acting on their behalf that said agent, employee, or representative is an agent, employee, or representative of Janssen, JJHCS, or any JJHCS Hub Entity.

12

Ex. p. 183

112.    All Documents and Communications regarding any instance in which Janssen, JJHCS, or any JJHCS Hub Entity, including any vendor engaged by each, concealed from or did not affirmatively identify to patients enrolled in CarePath, plan sponsors, PBMs, or any entity engaged by plan sponsors or PBMs or otherwise acting on their behalf that said agent, employee, or representative was an agent, employee, or representative of Janssen, JJHCS, or any JJHCS Hub Entity.

113.    Documents sufficient to show all policies, procedures, practices, instructions, directions, and talk tracks regarding any provision by Janssen, JJHCS, or any JJHCS Hub Entity, including any vendor engaged by each, of false or misleading information to patients enrolled in CarePath, plan sponsors, PBMs, or any entity engaged by plan sponsors or PBMs or otherwise acting on their behalf.

114.    All Documents and Communications regarding any instance in which Janssen, JJHCS, or any JJHCS Hub Entity, including any vendor engaged by each, provided false or misleading information to patients enrolled in CarePath, plan sponsors, PBMs, or any entity engaged by plan sponsors or PBMs or otherwise acting on their behalf.

115.    All Documents and Communications regarding any efforts by Janssen, JJHCS, or any JJHCS Hub Entity, including any vendor engaged by each, to avoid detection of its provision of funds to patients taking Janssen Drugs by plan sponsors or PBMs, or any entity engaged by plan sponsors or plan sponsors or PBMs or otherwise acting on their behalf.

116.    All Documents and Communications regarding any audit, review, or assessment of work by TrialCard, RIS Rx, or any JJHCS Hub Entity on CarePath, including all draft and final versions of audits or reports, all underlying materials, and documents regarding any actions

13

Ex. p. 184

Janssen, JJHCS, or any JJHCS Hub Entity took in response to such audits, reviews, and assessments. *See, e.g.*, JJHCS_00198932.

117.    All Documents and Communications regarding any efforts by Janssen, JJHCS, or any JJHCS Hub Entity to compare attributes of CarePath (including CarePath's terms and conditions, patient experience enrolling in CarePath, and JJHCS's response to accumulators, maximizers, or SaveOnSP-advised plans) to similar attributes of Copay Assistance programs associated with other manufacturers. *See, e.g.*, JJHCS_00130796.

118.    Documents sufficient to show all contracts regarding CarePath or the provision of copay assistance funds to patients, including contracts between Johnson & Johnson Health Care Systems Inc. and Janssen, contracts that Janssen signed on behalf of Johnson & Johnson Health Care Systems Inc., and all work orders signed by Johnson & Johnson Health Care Systems Inc. pursuant to a contract with Janssen.

119.    Documents sufficient to show the individuals at Janssen with authority to sign contracts relating directly or indirectly to CarePath on behalf of Johnson & Johnson Health Care Systems Inc. and the scope of any such authority.

120.    All Documents and Communications regarding any rebate program, voucher program, coupon program, copay assistance program, or any other affordability support program offered to patients enrolled in CarePath or in which such patients participated or were enrolled, including (1) the "CoverMyMeds" service, *see* JJHCS_00062871; (2) the "Janssen Select" program, *see* JJHCS_00326982; (3) the Janssen Link program or "Delay and Denial" program, *see* JJHCS_00008971; JJHCS_00272860; (4) the "So Simple" program, *see* JJHCS_00002770; and (5) the "New Janssen Program Assistance," *see* JJHCS_00345047 at -049.

14

121.    Documents sufficient to show all patients enrolled in Janssen CarePath and enrolled or participating in at least one of the following programs in the same year: CoverMyMeds, Janssen Select, Janssen Link, Delay and Denial, So Simple, New Janssen Program Assistance, or any other rebate program, voucher program, coupon program, copay assistance program, or affordability support program.

122.    All Documents and Communications regarding JJHCS, Janssen, or any JJHCS Hub Entity's provision of money to or on behalf of patients enrolled in CarePath beyond the annual standard maximum amount of CarePath copay assistance, including any funds provided through the ███████████████ referenced in JJHCS_00290027, and any one-time or discretionary benefit extensions, exceptions, reloads, or informal single transactions provided to patients on Accumulators, Maximizers, or SaveOnSP-advised plans, *see, e.g.*, JJHCS_00290797.

123.    Documents sufficient to show the basis for the allegation that SaveOnSP threatens the viability of CarePath. *See* Compl. ¶ 114.

124.    Documents sufficient to show the basis for Your belief that SaveOnSP no longer threatens the viability of CarePath and when You adopted that belief.

125.    All Documents and Communications regarding JJHCS's decision to withdraw its allegation that SaveOnSP threatens the viability of CarePath.

126.    All Documents and Communications regarding CareMetx's work related to CarePath or any other Janssen Copay Assistance program.

127.    All Documents and Communications regarding ███████████████ ███████ for patients identified as likely on Accumulators, Maximizers, or SaveOnSP-advised plans. *See, e.g.*, JJHCS_00186529.

15

128.    All Documents and Communications regarding any Vendor's work on behalf of JJHCS, Janssen, or any JJHCS Hub Entity to investigate whether patients enrolled in CarePath were on Accumulators, Maximizers, or SaveOnSP-advised plans.

129.    All Documents and Communications regarding efforts by JJHCS, Janssen, or any JJHCS Hub Entity to provide the 2-Card Solution or a Digital Pay card to patients identified as on or likely to be on a Maximizer or SaveOnSP-advised plan.

130.    Documents sufficient to show the identity of each patient enrolled in CarePath whom JJHCS, Janssen, or any JJHCS Hub Entity identified as on or likely to be on a Maximizer or SaveOnSP-advised plan who received either the 2-Card Solution or a Digital Pay card.

131.    All Documents and Communications regarding the program referred to as ███████ ██████ *See* JJHCS_00332454.

132.    All Documents and Communications regarding efforts by JJHCS, Janssen, any JJHCS Hub Entity, or any Vendor to contact SaveOnSP, Accredo, or Express Scripts regarding CarePath patients' ██████████████████ *see, e.g.*, JJHCS_00008553, or to direct patients enrolled in CarePath to contact or █████████████████████ *see, e.g.*, JJHCS_00008553; JJHCS_00034698, including communications with patients and drafts and final versions of talking points.

133.    All Documents and Communications regarding the ███████████████████ referenced in JJHCS_00142327, including all patient communications in the ██████████████ ████████████████ referenced in JJHCS_00330589.

134.    All Documents and Communications regarding the █████████ program referenced in JJHCS_00334216.

16

135.    All Documents and Communications regarding JJHCS, Janssen, or any JJHCS Hub Entity's efforts to directly or indirectly use the CarePath program to encourage non-medical switching.

136.    All Documents and Communications regarding patient stress or confusion caused by CarePath, including patient complaints or concerns about or arising from the CAP Program.

137.    All Documents and Communications regarding the objectives of CarePath, including the intent of JJHCS, Janssen, or any JJHCS Hub Entity regarding the use of CarePath funds, including communications with PBMs. *See, e.g.*, JJHCS_00000550.

138.    Documents sufficient to show all unique identifiers used by JJHCS, Janssen, or any JJHCS Hub Entity for each patient enrolled in CarePath taking a Janssen Drug, including the ███████████████████████████████████████████████ as referenced in JJHCS_00166942, ████████████████ referenced in JJHCS_00289958, and Patient ID referenced in JJHCS_00199975.

139.    Documents sufficient to show the identity of each patient to whom JJHCS, Janssen, any JJJHCS Hub Entity, or any Vendor mailed a ████████████████████████ ██████ JJHCS_00144609, *see also* JJHCS_00034356.

140.    All Documents and Communications regarding KPMG's involvement with CarePath, including its efforts to provide JJHCS, Janssen, any JJHCS Hub Entity, or any Vendor with information about Accumulators, Maximizers, or SaveOnSP, *see* JJHCS_00000641, and including JJHCS, Janssen, or any JJHCS Hub Entity's contract or contracts with KPMG regarding that involvement.

17

141.    All Documents and Communications regarding self-attestation by patients on Ac-cumulators, Maximizers, or SaveOnSP-advised plans, including attestation forms or escalation forms provided to or filled out by patients or healthcare providers, *see* JJHCS_00146289.

142.    All Documents and Communications regarding the "iConnect" platform. *See* JJHCS_00351130.

143.    Documents sufficient to show all algorithms that JJHCS, Janssen, or any JJHCS Hub Entity used to identify patients on Accumulators, Maximizers, or SaveOnSP-advised plans.

144.    All Documents and Communications from January 1, 2009 through the present You intend to use as exhibits in depositions in this Action.

18

# Exhibit 8

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Johnson and Johnson Health Care Systems, Inc. ("JJHCS") incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Request.

JJHCS's investigation of facts related to this Action is ongoing.  It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action.  The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Requests to the extent that they seek documents or information protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.  The inadvertent production by JJHCS of information, documents, materials, or things covered by any privilege or doctrine shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence, as such objections may apply at trial or otherwise in this Action.

2.      JJHCS objects to the Requests to the extent that they seek documents or information that are not relevant to a claim or defense or to the subject matter of this litigation.  Any response JJHCS makes to any Request shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

1

3.      JJHCS objects to the Requests to the extent that they impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's orders, the discovery schedule entered in this Action, or any other applicable rule, order, or source of law.

4.      JJHCS objects to the Requests to the extent that they seek the production of documents or things that are equally available to or already in SaveOnSP's possession, custody, or control.  To the extent that JJHCS agrees in these responses to produce certain documents, information, or things, these responses shall not be construed as conceding that the documents, information, or things exist and/or are in the possession, custody, or control of JJHCS.  Instead, it means that JJHCS will perform a reasonable search for documents in its possession and produce such documents, information, or things to the extent any responsive documents, information, or things exist and are not otherwise protected from disclosure.

5.      JJHCS objects to the Requests to the extent that they seek information that is obtainable from sources other than JJHCS in a manner that is more convenient, less burdensome, or less expensive.

6.      JJHCS objects to the Requests to the extent that they seek production of documents, records, tangible things, or other materials to the extent that such disclosure would violate a confidentiality agreement, court order, or applicable law.

7.      JJHCS objects to the Requests to the extent that they are vague and/or ambiguous.

8.      JJHCS objects to the Requests to the extent that they require interpretation by it in providing a response.  JJHCS responds to the Requests as it interprets and understands each Request as set forth.  If SaveOnSP subsequently asserts an interpretation of any Request that

2

differs from JJHCS's understanding of that Request, JJHCS reserves the right to modify or supplement its objections and responses.

9.      JJHCS objects to the Requests to the extent that they are duplicative of other document requests, interrogatories, and/or other discovery requests.

10.     JJHCS objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Requests to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

11.     JJHCS objects to the Requests to the extent that they seek documents and information relating to any business affairs other than those that are the subject of the Action.

12.     JJHCS objects to the Requests as overbroad and unduly burdensome to the extent they purport to require production of "all" or "any" documents where a subset of documents would be sufficient to provide the relevant information.

13.     JJHCS objects to the Requests to the extent that they seek the production of documents that are not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek documents and communications in the possession of entities other than JJHCS. JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

3

2.     JJHCS objects to the definition of the term "Janssen Drug" as irrelevant to the extent it purports to include drugs that are not covered by CarePath.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any Specialty Drug manufactured or sold by Janssen from any time."

3.     JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys and accountants who may be outside of JJHCS's possession, custody, and control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc., including Centocor, Inc., Ortho Biotech Products LP, McNeil Pharmaceutical, Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Scios Inc., Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Products, LP, Actelion Pharmaceuticals U.S., Inc., Janssen BioPharma LLC, and Janssen Research & Development LLC.

4.     JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those responsible for administering CarePath during the relevant Time Period.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to

4

act on behalf" of those entities.  JJHCS further objects on the ground that the phrase

"administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to

the extent the term is used to seek documents and communications in the possession of entities

other than JJHCS.

5.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc."  JJHCS further objects to the extent the term is used to seek

documents and communications in the possession of entities other than JJHCS.

6.      JJHCS objects to the definition of the term "TrialCard" as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it includes "any and all

predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or

departments, agents, representatives, directors, officers, employees, committees, attorneys,

accountants and all persons or entities acting or purporting to act on behalf or under the control

of TrialCard Inc."  JJHCS further objects to the extent the term is used to seek documents and

communications in the possession of entities other than JJHCS.

**OBJECTIONS TO THE TIME PERIOD FOR SPECIFIC REQUESTS**

1.      JJHCS objects to SaveOnSP's Requests as overbroad, unduly burdensome,

and not relevant to the subject matter of this Action to the extent they call for documents from

before January 1, 2017.  Unless otherwise noted, JJHCS will only produce documents from

January 1, 2017 through the July 1, 2022 (the "Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

From January 1, 2009 through the present, Documents sufficient to show JJHCS's organizational structure, including organizational charts.

### Response to Request No. 1

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show the organizational structure of the JJHCS groups responsible for the administration of CarePath for the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

### Request No. 2

From January 1, 2009 through the present, Documents sufficient to show Janssen's organizational structure, including organizational charts.

### Response to Request No. 2

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 3**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of each JJHCS Hub Entity.

**Response to Request No. 3**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 4**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of any group or division within JJHCS, Janssen, or any JJHCS Hub Entity involved in developing, managing, marketing, or administering CarePath or any other copay assistance program offered for Janssen Drugs, and to identify their employees.

**Response to Request No. 4**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "any other

copay assistance program offered for Janssen Drugs" is vague and ambiguous.  JJHCS further

objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in

JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

## Request No. 5

From January 1, 2009 through the present, Documents sufficient to show the
organizational structure of JJHCS's Health Economics, Access, and Outcome Groups and to
identify employees working in those groups.

## Response to Request No. 5

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the

JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents outside of the relevant Time Period.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to show the organizational structure of the JJHCS groups responsible for

the administration of CarePath for the relevant Time Period, to the extent such documents exist

and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 6**

From January 1, 2009 through the present, Documents sufficient to show the organizational structure of the drug product team for each Janssen Drug, and to identify employees working on those teams.

**Response to Request No. 6**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase "drug product team" is vague and ambiguous.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 7**

From January 1, 2009 through the present, documents sufficient to identify all natural persons with decisionmaking authority over the sale or marketing of Janssen Drugs.

**Response to Request No. 7**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents unrelated to the JJHCS groups responsible for the administration of CarePath.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents outside of the relevant Time Period.  JJHCS further objects to this

9

Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents in response to this Request.

**Request No. 8**

All Documents and Communications with or regarding SaveOnSP.

**Response to Request No. 8**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks documents related to any advocacy to or communication with any governmental or regulatory body regarding SaveOnSP. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by any privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession with or regarding SaveOnSP from the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which seeks

documents that are irrelevant to any claim or defense in this Action.  JJHCS will not otherwise

search for or produce documents and communications responsive to this Request.

**Request No. 9**

All Communications by JJHCS or Janssen with any Patient regarding SaveOnSP,
including any Documents regarding those Communications.

**Response to Request No. 9**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 10**

All Documents and Communications regarding any presentation, document, or in-
formation regarding SaveOnSP referenced in the Complaint, including the "SaveOnSP IPBC
Video" and the materials referenced in Complaint ¶¶ 82-88.

**Response to Request No. 10**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

11

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 11**

From January 1, 2009 through the present, all Documents and Communications regarding
the development, management, and marketing of CarePath or any other copay assistance program
offered for Janssen Drugs, including Documents and Communications regarding JJHCS's
allegations in Complaint ¶¶ 6-7, 36-49.

**Response to Request No. 11**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks documents and communications outside of the relevant Time

Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.  JJHCS further objects to this

Request on the ground that the phrase "any other copay assistance program offered for Janssen

Drugs" is vague and ambiguous.  JJHCS further objects to this Request as irrelevant to any claim

or defense in this Action to the extent it seeks documents unrelated to CarePath.

JJHCS will not search for or produce documents or communications responsive to this

Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be

appropriately narrowed.

**Request No. 12**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's terms and conditions, including Documents and Communications regarding (a) JJHCS's allegations in Complaint ¶¶ 3, 8, 18-26, 102-103, 108; (b) all CarePath terms and conditions for each Janssen Drug; (c) JJHCS's decision to revise any of its CarePath terms and conditions for any Janssen Drug; and (d) JJHCS's understanding of the term "offer" or "health plan" as used in CarePath's terms and conditions.

**Response to Request No. 12**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it calls for JJHCS's understanding of any particular term, as such a contention interrogatory would be premature at this point in the litigation pursuant to Local Rule 33.1(d).

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search. Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 13**

From January 1, 2009 through the present, all Documents and Communications regarding CarePath's requirement that Patients enrolled in CarePath make any payments towards Janssen

Drugs, including Documents and Communications regarding JJHCS's basis for setting the amounts of those payments and JJHCS's allegations in Complaint ¶¶ 48-49, 70, 89.

**Response to Request No. 13**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information beyond the final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its possession sufficient to show all final versions of CarePath's terms and conditions for each Janssen Drug during the relevant Time Period, to the extent such documents exist and can be located after a reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 14**

From January 1, 2015 through the present, all Documents and Communications regarding JJHCS's or any JJHCS Hub Entity's understanding of commercial health plans' ability to designate specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 9-10, 43, 53-59, 71, 79.

**Response to Request No. 14**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for views on a legal

14

question. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in its possession regarding SaveOnSP's designation of specialty drugs as Essential Health Benefits or Non-Essential Health Benefits under the Affordable Care Act and its regulations during the relevant Time Period, to the extent such documents and communications exist and can be located after a reasonable search. However, notwithstanding the foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action. JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

**Request No. 15**

All Documents and Communications regarding SaveOnSP's communications with Patients regarding CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶¶ 60-67, 109.

**Response to Request No. 15**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further

15

objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 16**

All Documents and Communications regarding SaveOnSP's provision of services to qualified high deductible or health savings account plans, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 72.

**Response to Request No. 16**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request on the ground that the phrase "SaveOnSP's provision of services to qualified high deductible or health savings account plans" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 17**.

All Documents and Communications regarding JJHCS's payment of copay assistance funds to or on behalf of Patients enrolled in qualified high deductible or health savings account plans.

**Response to Request No. 17**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's

payment of funds to patients enrolled in qualified high deductible or health savings account plans

as opposed to SaveOnSP's exploitation of a purported legal gray area with respect to those plans.

JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it seeks "all" documents and communications regarding a broad

subject matter.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 18**

All Documents and Communications regarding any allegedly misleading or confusing
communications between SaveOnSP and Patients, including Documents and Communications
regarding JJHCS's allegations in Complaint ¶¶ 13, 75-77, 85-88.

**Response to Request No. 18**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks documents related to any

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.  JJHCS further objects to this

Request to the extent it seeks "misleading or confusing communications," as those terms are

vague and ambiguous.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 19**

All Documents and Communications regarding any alleged stress or confusion caused by SaveOnSP to any member of the public, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 19**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 20**

All Documents and Communications regarding any publicly distributed material (including, for example, articles, op-eds, white papers, and online postings) regarding SaveOnSP, Copay Accumulator Services, or Copay Maximizer Services, including Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect involvement with such material and JJHCS's, Janssen's, or any JJHCS Hub Entity's direct or indirect funding of the authors, publishers, or distributors of such material.

**Response to Request No. 20**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's or any other entity's relationship or connection, if any, to materials about SaveOnSP's conduct,

18

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "all" documents and communications regarding a

broad subject matter. JJHCS further objects on the ground that the phrases "direct or indirect

involvement" and "direct or indirect funding" are vague and ambiguous. JJHCS further objects

to this Request to the extent it seeks documents and communications in the possession of entities

other than JJHCS or that are publicly available and therefore equally available to SaveOnSP.

JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the

reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 21**

All Documents and Communications regarding any advocacy to or communication with
any governmental or regulatory body regarding SaveOnSP, Copay Accumulator Services, or
Copay Maximizer Services.

**Response to Request No. 21**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information about JJHCS's

advocacy to or communication with any governmental or regulatory body regarding SaveOnSP

as opposed to information about SaveOnSP's conduct itself. JJHCS further objects to this

Request as irrelevant to any claim or defense in this Action to the extent it seeks information

relating to Copay Accumulator Services or Copay Maximizer Services other than SaveOnSP's.

19

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this Request.

## Request No. 22

All Documents and Communications regarding any alleged harm caused by SaveOnSP to any Patient by allegedly making their healthcare more expensive, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

## Response to Request No. 22

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 23**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 23**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 24**

All Documents and Communications regarding how SaveOnSP directly or indirectly affects or threatens the financial viability of any Copay Assistance Program other than CarePath, including Documents and Communications regarding JJHCS's allegations in Complaint ¶ 114.

**Response to Request No. 24**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information about the financial viability of any Copay Assistance Program other than CarePath. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

21

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

**Request No. 25**

All Documents and Communications regarding any alleged harm caused by SaveOnSP to
JJHCS, including Documents and Communications regarding JJHCS's allegations in Complaint
¶¶ 110, 115.

**Response to Request No. 25**

In addition to the foregoing general objections, JJHCS objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks "all" documents and communications regarding a broad subject matter.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request on the ground that the phrase

"any alleged harm" is vague and ambiguous.  For the purposes of its response, JJHCS shall

interpret the phrase "any alleged harm" to mean the damages identified by JJHCS relating to the

increased average amount of CarePath expenditures incurred for patients enrolled in the

SaveOnSP Program.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications in its possession relating to the extent of the harm SaveOnSP has caused

JJHCS during the relevant Time Period, including the extent to which SaveOnSP has caused

JJHCS to pay more in copay assistance than it otherwise would have, to the extent such

documents exist and can be located after a reasonable search.  However, notwithstanding the

foregoing, JJHCS will not produce any documents responsive to Request for Production No. 21,

which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or

produce documents and communications responsive to this Request.

**Request No. 26**

All Documents and Communications regarding JJHCS's, Janssen's, or any JJHCS Hub Entity's payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum.

**Response to Request No. 26**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "payment of any Patient's costs, including those that accumulate towards the Patient's deductible or out-of-pocket maximum" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 27**

All Documents and Communications regarding the "internal JJHCS data" discussed in Complaint ¶¶ 92-101, including the complete databases from which that data was drawn.

**Response to Request No. 27**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter and seeks "complete databases from which [] data was drawn."  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS.  JJHCS further objects to this Request as duplicative of Request No. 25.

Subject to the foregoing objections, JJHCS will produce the data that formed the basis for

the allegations in Complaint ¶¶ 92-100.  Otherwise, JJHCS will not search for or produce

documents and communications responsive to this Request.

## Request No. 28

From January 1, 2009 through the present, for each Janssen Drug for each year,
Documents sufficient to show:

a.    all Patients receiving the Janssen Drug;

b.    the number of fills of the Janssen Drug received by each such Patient;

c.    the dosage of the Janssen Drug received by each such Patient for each fill;

d.    the projected number of Patients, average number of fills, and average dosage for
the Janssen Drug;

e.    the cost to manufacture the Janssen Drug;

f.    the sales and marketing budget for the Janssen Drug;

g.    the price of the Janssen Drug;

h.    the revenue received by JJHCS from the Janssen Drug;

i.    all Patients enrolled in the CarePath program for the Janssen Drug;

j.    the dates on which each Patient was enrolled in CarePath;

k.    the amounts of copay assistance funds that JJHCS offered to each Patient enrolled
in CarePath;

l.    the Janssen Drugs for which each Patient enrolled in CarePath received copay
assistance;

m.    all copay assistance payments that JJHCS made to or on behalf each Patient
enrolled in CarePath; and

**Response to Request No. 28**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to Patient fills, the cost of manufacturing Janssen Drugs, the sales and marketing budgets for Janssen drugs, and pricing and revenue generated by Janssen Drugs. JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "the cost to manufacture the Janssen Drug," and "the price of the Janssen Drug" are vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a variety of extremely broad subject matters. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications outside of the relevant Time Period. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce Janssen Transparency Reports for the relevant Time Period. Further, JJHCS is willing to meet and confer to discuss subparts (i) through (m). Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 29**

From January 1, 2009 through the present, for each Janssen Drug for each year, all Documents and Communications regarding:

    a.    JJHCS's determination of the amounts of copay assistance funds that JJHCS offered to Patients enrolled in CarePath, including the determination of the maximum program benefit per calendar year for the Janssen Drug;

b.    JJHCS's budget for CarePath, including the sales and marketing budget;

c.    JJHCS's actual and projected annual costs for CarePath;

d.    JJHCS's use of or accounting for unused CarePath funds;

e.    the impact of the Affordable Care Act on JJHCS's CarePath budget or funding, including the impact of laws and regulations regarding out-of-pocket maximums;

f.    JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath;

g.    the impact of CarePath on Janssen's sales of any Janssen Drug;

h.    the impact of CarePath on JJHCS's or Janssen's gross to net calculations;

i.    JJHCS's or Janssen's actual and projected return on investment for CarePath; and

j.    any analysis of the adherence rates of Patients enrolled in CarePath to Janssen Drugs, including such Patients enrolled in plans advised by SaveOnSP.

**Response to Request No. 29**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to SaveOnSP's misconduct, including information relating to the sales and marketing budget for CarePath, JJHCS's uses of or accounting for unused CarePath funds, the impact of the Affordable Care Act or other laws and regulations on CarePath's budget or funding, JJHCS's and Janssen's revenue and revenue projections from fills by Patients enrolled in CarePath, the impact of CarePath on Janssen's sales of any Janssen Drug, the impact of CarePath on JJHCS's or Janssen's gross to net calculations, JJHCS's or Janssen's actual and projected return on investment for CarePath, and the adherence rates of Patients enrolled in CarePath to Janssen Drugs.  JJHCS further objects to this Request on the ground that the phrases "the projected number of Patients, average number of fills, and average dosage for the Janssen Drug," "JJHCS's or Janssen's gross to net calculations," and "JJHCS's or Janssen's actual and projected return on investment for CarePath" are vague and ambiguous.  JJHCS further objects to this

26

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks "all" documents and communications regarding a variety of broad subject matters.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession for the relevant Time Period sufficient to show (1) how JJHCS determines the

amounts of copay assistance funds that JJHCS offers to Patients enrolled in CarePath,

(2) JJHCS's budget for copay assistance through CarePath, and (3) JJHCS's actual and projected

annual costs for CarePath, to the extent such documents exist and can be located after a

reasonable search.  Otherwise, JJHCS will not search for or produce documents responsive to

this Request.

**Request No. 30**

From January 1, 2009 through the present, for each year for each Janssen Drug, all
Documents and Communications regarding the basis for Janssen's decision to raise or lower the
price of the Janssen Drug, including labor or manufacturing costs or the increase in efficacy of the
Janssen Drug.

**Response to Request No. 30**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it seeks information unrelated to

SaveOnSP's misconduct, including information related to the pricing of Janssen Drugs.  JJHCS

further objects to this Request on the ground that the phrases "the price of the Janssen Drug" and

"the increase in efficacy of the Janssen Drug" are vague and ambiguous.  JJHCS further objects

to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

27

the extent it seeks "all" documents and communications regarding a broad subject matter.

JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks documents and communications outside of the relevant

Time Period.  JJHCS further objects to this Request to the extent it seeks documents and

communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents responsive to this Request.

**Request No. 31**

All Documents and Communications regarding JJHCS's attempts to limit or eliminate the
amount of CarePath copay assistance funds available to Patients using Stelara or Tremfya based
on whether the Patients' plans allegedly reduce or eliminate Patients' out-of-pocket costs,
including Documents and Communications regarding JJHCS's attempts to limit or eliminate the
availability of CarePath copay assistance funds available to Patients enrolled in health plans
advised by SaveOnSP.

**Response to Request No. 31**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

final CarePath terms and conditions at issue.  JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter.  JJHCS further objects to this

Request to the extent it seeks documents and communications in the possession of entities other

than JJHCS.

Subject to the foregoing objections, JJHCS will produce non-privileged documents and

communications in its possession relating to JJHCS's decision to limit or eliminate the amount of

copay assistance funds available to Patients using Stelara or Tremfya who are also enrolled in the

SaveOnSP Program, to the extent such documents and communications exist and can be located

28

after a reasonable search.  JJHCS will not otherwise search for or produce documents and

communications responsive to this Request.

## Request No. 32

All Documents and Communications regarding any offer by JJHCS to provide to any
Patient any CarePath funds greater than the amounts that JJHCS generally offers to CarePath
Patients or to waive any limitation on or elimination of the amount of CarePath copay assistance
funds available to a Patient.

## Response to Request No. 32

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information beyond the

extent to which SaveOnSP has caused JJHCS to pay more in copay assistance than it otherwise

would have.  JJHCS further objects to this Request on the ground that the phrases "CarePath

funds greater than the amounts that JJHCS generally offers to CarePath Patients" and "to waive

any limitation on or elimination of the amount of CarePath copay assistance funds available" are

vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks "all" documents and

communications regarding a broad subject matter.  JJHCS further objects to this Request to the

extent it seeks documents and communications in the possession of entities other than JJHCS.

JJHCS will not search for or produce documents and communications responsive to this

Request.

## Request No. 33

All Documents and Communications regarding JJHCS's attempts to identify health plans
advised by SaveOnSP or Patients enrolled in such plans.

## Response to Request No. 33

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

### Request No. 34

From any time, all Documents and Communications regarding JJHCS's or Janssen's
negotiations or agreements regarding the potential use of SaveOnSP's services, or the services of
any Copay Maximizer Service or Copay Accumulator Service, for JJHCS's Employee Health
Plans, including JJHCS's abandonment of those negotiations or agreements.

### Response to Request No. 34

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about other

"services of Copay Maximizer Service[s] or Copay Accumulator Service[s]" and unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 35**

Documents sufficient to identify all JJHCS Hub Entities and CarePath Care Coordinators.

**Response to Request No. 35**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.

JJHCS further objects to this Request to the extent it seeks documents and communications in

the possession of entities other than JJHCS.  JJHCS further objects to this Request to the extent it

uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

Subject to the foregoing objections, JJHCS will produce non-privileged documents in its

possession sufficient to identify the entities responsible for administering CarePath during the

relevant Time Period, to the extent such documents exist and can be located after a reasonable

search.  Otherwise, JJHCS will not search for or produce documents responsive to this Request.

**Request No. 36**

From January 1, 2009 through the present, Documents sufficient to show the economic
terms of JJHCS's retention of or agreements with any JJHCS Hub Entity or CarePath Care
Coordinator regarding CarePath, including any assessment of the fair market value of those
services.

**Response to Request No. 36**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

31

JJHCS "Hub Entities" or "CarePath Care Coordinators" that are not implicated in this litigation.
JJHCS further objects to this Request on the ground that "any assessment of the fair market value
of those services" is irrelevant.  JJHCS further objects to this Request as overbroad, unduly
burdensome, and not proportional to the needs of the case to the extent it seeks documents and
communications outside of the relevant Time Period.  JJHCS further objects to this Request to
the extent it seeks documents and communications in the possession of entities other than
JJHCS.  JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"
for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further objects to this
Request to the extent it seeks information that is exempt from discovery and protected from
disclosure by a privilege including, without limitation, the attorney-client privilege, the work-
product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of
Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce agreements in its possession
between JJHCS and the entities responsible for administering CarePath during the relevant Time
Period, to the extent such documents exist and can be located after a reasonable search.
Otherwise, JJHCS will not search for or produce documents and communications responsive to
this Request.

**Request No. 37**

From January 1, 2009 through the present, documents sufficient to show the percentage
of Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub
Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs.

**Response to Request No. 37**

In addition to the foregoing general objections, JJHCS objects to this Request as
irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to
SaveOnSP's misconduct, including information about JJHCS's advertising or marketing of

32

CarePath or Janssen Drugs. JJHCS further objects to this Request on the ground that the phrase

"Patients who enroll in CarePath after being contacted by JJHCS, Janssen, any JJHCS Hub

Entity, or any other third party authorized to advertise or market CarePath or Janssen Drugs" is

vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents and

communications outside of the relevant Time Period. JJHCS further objects to this Request to

the extent it seeks documents and communications in the possession of entities other than

JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity"

for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this

Request.

**Request No. 38**

From January 1, 2009 through the present, all Documents and Communications received
by JJHCS from any JJHCS Hub Entity or sent by JJHCS to any JJHCS Hub Entity regarding
SaveOnSP or CarePath.

**Response to Request No. 38**

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information about

CarePath without relation to SaveOnSP. JJHCS further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all"

documents and communications regarding a broad subject matter. JJHCS further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks documents and communications outside of the relevant Time Period. JJHCS

further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons

stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent

33

it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 39**

All Documents and Communications received by JJHCS from any CarePath Care Coordinator regarding SaveOnSP.

**Response to Request No. 39**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 40**

All Communications by any JJHCS Hub Entity or CarePath Care Coordinator with any Patient regarding SaveOnSP, including any Documents regarding those Communications and talk tracks or scripts prepared for use during those Communications.

34

**Response to Request No. 40**

In addition to the foregoing general objections, JJHCS objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8. Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 41**

From January 1, 2015 through the present, all Documents and Communications relating to Copay Accumulator Services and Copay Maximizer Services and their effect on JJHCS's return on investment for copay assistance dollars.

**Response to Request No. 41**

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about other "Copay Accumulator Services and Copay Accumulator Services" and information unrelated to SaveOnSP's misconduct. JJHCS further objects to this Request on the ground that the phrase "JJHCS's return on investment for copay assistance dollars" is vague and ambiguous. JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the

35

needs of the case to the extent it seeks "all" documents and communications regarding a broad

subject matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

documents and communications in the possession of entities other than JJHCS.

Subject to the foregoing objections, JJHCS incorporates by reference its response to

Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and

communications responsive to this Request.

## Request No. 42

From January 1, 2015 through the present, all Documents and Communications relating
to JJHCS's or any JJHCS Hub Entity's understanding of the terms "copay accumulator" and
"copay maximizer."

## Response to Request No. 42

In addition to the foregoing general objections, JJHCS objects to this Request as

irrelevant to any claim or defense in this Action to the extent it calls for information unrelated to

SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks documents and communications in the possession of

entities other than JJHCS.  JJHCS further objects to this Request to the extent it uses the term

"JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

36

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents and communications in JJHCS's possession during the relevant Time Period relating to JJHCS's understanding of whether the terms "copay accumulator" or "copay maximizer" apply to SaveOnSP.  However, notwithstanding the foregoing, JJHCS will not produce any documents or communications responsive to Request for Production No. 21, which is irrelevant to any claim or defense in this Action.  JJHCS will not otherwise search for or produce documents and communications responsive to this Request.

## Request No. 43

All Documents and Communications concerning non-medical switching by participants of plans that implement SaveOnSP's services, a Copay Accumulator Service, or a Copay Maximizer Service.

## Response to Request No. 43

In addition to the foregoing general objections, JJHCS objects to this Request as irrelevant to any claim or defense in this Action to the extent it calls for information about any other "Copay Accumulator Service" or "Copay Maximizer Service" and information unrelated to SaveOnSP's misconduct.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject matter.  JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS

Subject to the foregoing objections, JJHCS incorporates by reference its response to Request for Production No. 8.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

37

**Request No. 44**

To the extent not requested above, Documents and Communications of any JJHCS Hub Entity or CarePath Care Coordinator regarding the topics of all Requests listed above.

**Response to Request No. 44**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "regarding the topics of all Requests listed above" is vague and ambiguous. JJHCS further objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions.

JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 45**

JJHCS's, Janssen's, any JJHCS Hub Entity's, and any CarePath Care Coordinator's document retention policies.

**Response to Request No. 45**

In addition to the foregoing general objections, JJHCS objects to this Request to the extent it seeks documents and communications in the possession of entities other than JJHCS. JJHCS further objects to this Request to the extent it uses the term "JJHCS Hub Entity" for the reasons stated in JJHCS's Objections to Definitions. JJHCS further objects to this Request to the extent it seeks information that is exempt from discovery and protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce its document retention policies for the relevant Time Period.  Otherwise, JJHCS will not search for or produce documents and communications responsive to this Request.

**Request No. 46**

Complete data dictionaries for any data that You produce.

**Response to Request No. 46**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "data dictionaries for any data that You produce" is vague and ambiguous. JJHCS further objects to this Request to the extent that it purports to require the creation of any document or record in a format not kept by JJHCS or seeks to impose production obligations that exceed those required by the Rules of Federal Procedure, the Local Rules of the Court, this Court's Orders, or with any applicable agreement among the parties.

JJHCS will not search for or produce documents or communications responsive to this Request.  JJHCS is, however, willing to meet and confer to determine if this Request can be appropriately narrowed.

**Request No. 47**

From any time, all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP, including in response to subpoenas served in this Action.

**Response to Request No. 47**

In addition to the foregoing general objections, JJHCS objects to this Request on the ground that the phrase "all Documents and Communications regarding this Action provided to you by any person or entity other than SaveOnSP" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents and communications regarding a broad subject

39

matter.  JJHCS further objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it seeks documents and communications

outside of the relevant Time Period.  JJHCS further objects to this Request to the extent it seeks

information that is exempt from discovery and protected from disclosure by a privilege

including, without limitation, the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest privilege, the Federal Rules of Civil Procedure, the Local

Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce documents obtained via third-

party subpoenas it serves in this Action.  Otherwise, JJHCS will not search for or produce

documents responsive to this Request.

## Request No. 48

To the extent not requested above, from any time, all Documents and Communications
upon which you may rely in this Action.

## Response to Request No. 48

In addition to the foregoing general objections, JJHCS objects to this Request on the

ground that the phrase "all Documents and Communications upon which you may rely in this

Action" is vague and ambiguous.  JJHCS further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents

and communications regarding a broad subject matter.  JJHCS further objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks documents and communications outside of the relevant Time Period.  JJHCS further

objects to this Request to the extent it seeks information that is exempt from discovery and

protected from disclosure by a privilege including, without limitation, the attorney-client

40

privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant case law.

Subject to the foregoing objections, JJHCS will produce all non-privileged documents

and communications upon which it intends to rely at trial in compliance with the schedule set by

the Court. Otherwise, JJHCS will not search for or produce documents responsive to this

Request.

Dated: December 12, 2022

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:      /s/Jeffrey J. Greenbaum
         JEFFREY J. GREENBAUM
         KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

# Exhibit 9

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

February 29, 2024

**Via E-mail**

Sara A. Arrow
Patterson Belknap Webb & Tyler LLP
133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC*** (Case No. 2:22-cv-02632-JKS-CLW)

Dear Sara,

We write regarding the February 29, 2024 meet-and-confer with TrialCard about TrialCard's production of Benefits Investigations.

You stated that you have conducted an investigation into the missing data fields in the spreadsheet TrialCard produced, TRIALCARD_0000893, that we identified in our February 13, 2024 letter, including the amount of deductible the patient has paid; plan details including the policy number, group number, member ID, BIN number, and effective dates; whether there is a specific payer mandated specialty pharmacy; and details about prior authorization. *See* Feb. 13, 2024 Ltr. from H. Miles to S. Arrow, at 2. You stated that TrialCard is willing to supplement its production to include those fields to the extent the information exists in the normal course of business, and that you believe it generally does exist. You were unable to give us a date by which you would produce that supplement. We request that you do so by March 15th, as J&J and TrialCard have both promised that these records would be produced since at least October 2023. *See* Oct. 20, 2023 Ltr. from S. Arrow to E. Holland; Oct 30. Conf. Tr. at 62:9–13.

Next, we discussed the distinction between the twelve redacted PDF Benefits Investigations that we previously received from J&J (but were created by Trial-Card), and the spreadsheet that TrialCard produced. You represented that the spreadsheet reflects the data available on TrialCard's salesforce platform and that the salesforce records are the authoritative source of information for Benefits Investigations. You also stated your understanding that the PDF forms are not

Sara A. Arrow
February 29, 2024

coextensive with the salesforce export, in part because patients' PII is only available to TrialCard. You stated that you believe there is no centralized repository for the PDF Benefits Investigations, but we request that you please confirm that representation in writing. In addition, we ask that you produce any unredacted relevant Benefits Investigation forms that you can reasonably identify.

We asked what leads to the creation of the PDF Benefits Investigations; you stated that you would take that question back and let us know. We explained that we are interested in this question because it would help explain what information TrialCard transmits to J&J and when, and, to the extent there is a distinction between what is known to each entity (and we do not know that there is), we need to understand the contours of that distinction. You stated that records of what J&J received from TrialCard might be more properly obtained through party discovery from J&J, but we replied that J&J pointed us to TrialCard to obtain this discovery and that J&J has stated many times that it is producing the Benefits Investigations through TrialCard. *See, e.g.*, Oct. 30, 2023 Conf. Tr. at 62:9–13, 79:17–19; Jan. 24, 2024 Conf. Tr. at 21:10–17. So, while this production is being made by TrialCard, it is on behalf of J&J, and thus akin to party discovery.

Finally, you stated that you would investigate why one of the twelve PDF Benefits Investigations obtained from J&J does not appear to be included in the salesforce export spreadsheet, as we requested in our February 13, 2024 letter. In connection with that investigation, we ask that you tell us how the data included in the spreadsheet was selected as we understand from previous conversations that TrialCard conducts other types of Benefits Investigations for J&J for unrelated reasons. Specifically, please let us know if search terms were used to select these entries (and if so, what they were), and why one of the relevant Benefits Investigations identified by J&J was not captured.

Sincerely,

/s/ Hannah Miles

Hannah R. Miles
Associate

2

# Exhibit 10

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy | Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

June 26, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas New York,
NY 10036
jlong@pbwt.com

**Re:     Johnson & Johnson Health Care Systems Inc. v. Save On SP,
        LLC (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write regarding a gap in J&J's document production concerning the PAFA/PAFA+ platform.

J&J agreed to give SaveOn records of Benefits Investigations "through to the present," Oct. 30, 2023 Hr'g. Tr. at 60:8-13; *see also* Jan. 24, 2024 Hr'g. Tr. at 21:10-17. J&J directed TrialCard to produce spreadsheets with information about Benefits Investigations that TrialCard conducted to determine whether patients were on accumulators, maximizers, or SaveOn-advised plans. *See* Nov. 20, 2023 JJHCS's R&Os to SaveOnSP's Fourth Set of RFPs at 7-8.

Discovery shows J&J has its own, non-custodial platform with records of Benefits Investigations, called PAFA+, with additional records of Benefits Investigations. *See* JJHCS_00231180 at -185. This screengrab of the PAFA+ platform shows ███████████████████████████████, *id.*; however, TRIALCARD_00008931; TRIALCARD_00009752; and TRIAL-CARD_00009753 have no record of any Benefit Investigation for this patient ██████████████████████).

J&J must search for and produce responsive records on the PAFA+ platform relating to Benefits Investigations conducted to determine whether a patient enrolled in CarePath was on an accumulator, maximizer, or SaveOn-advised plan. This includes all attachments and additional records related to each Benefits

Julia Long
June 26, 2024

Investigation, including those linked on the PAFA+ platform. *See* JJHCS_00231180 at 5 (███████████████████████████████████████████████████████████████). Please advise if J&J will search for and produce these records.

SaveOn also requests the following information regarding the PAFA+ platform:

- J&J refers to "PAFA" as well as "PAFA+". *See, e.g.*, JJHCS_00042889 at 9 ("Use the 'PAFA' and 'PAFA Plus' tools"). If PAFA and PAFA+ refer to different platforms, please explain the difference between these platforms.

- What is the purpose of the PAFA+ platform?

- Who at J&J, or any Hub Entity, has access to the PAFA+ platform?

- When was the PAFA+ platform created?

- Is the PAFA+ platform still in use?

- Has any information been removed or destroyed from the PAFA+ platform during the parties' Relevant Time Period? If so, is that information retrievable from another source?

- Has J&J produced any records from the PAFA+ platform in another form? If so, please identify it.

- Is information on the PAFA+ platform manually entered, or drawn from another data source? If manually entered, please identify the persons responsible for entering data and the process for entering it. If drawn from another data source, please identify that data source.

- Is PAFA+ the only platform that shows whether a patient enrolled in CarePath is identified as being on an accumulator, maximizer, or SaveOn-advised plan? If not, please identify all such platforms.

We request a response by July 3, 2024. We are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

# Exhibit 11



www.pbwt.com

December 19, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
        **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

We write in response to SaveOnSP's December 12, 2024 letter and further to our letters of July 17, 2024, August 19, 2024, October 2, 2024, and November 27, 2024 regarding PAFA+ and SaveOnSP's related 12th Set of Requests for Production of Documents ("RFPs").

As a threshold matter, we note that this is our fifth letter concerning PAFA+. Over the course of our prior correspondence, we have explained that "PAFA+ . . . is [a] viewable version of TrialCard's Salesforce database"—i.e., it contains the *same* data as TrialCard's existing productions of case and task notes and benefits investigations. *See* Nov. 27, 2024 Ltr. from J. Long to E. Snow at 3; July 17, 2024 Ltr. from J. Long to E. Snow at 1 ("any patient data on PAFA+ related to . . . benefits investigations is the same data that TrialCard has already produced"). Indeed, we explained the same during our conferral of September 4, 2024. We were therefore surprised to receive your December 12, 2024 letter, which apparently seeks to revisit some of our prior productions using different search parameters (*e.g.*, of call notes and task notes) despite these issues being long agreed to by the parties. *See, e.g.*, May 12, 2023 Ltr. from G. Carotenuto to A. Dunlap at 2; Sept. 29, 2023 Ltr. from K. Brisson to E. Holland at 1.

Your December 12, 2024 letter also raises a number of issues that you and your colleagues have raised with us under separate cover, including, for example, the scope of RIS RX's benefits investigations and, again, search parameters for case and task notes. *See* Dec. 2, 2024 Ltr. from M. Nussbaum to J. Long (RIS RX); Nov. 26, 2024 Ltr. from H. Miles to J. Chefitz (TrialCard case and task notes). As set forth below, we remain willing to work with SaveOnSP on reasonable data demands. But it is not appropriate or productive for SaveOnSP to send a barrage of letters on different dates regarding overlapping discovery demands.

## I.     Patient Segmentation Decisions

In your September 23, 2024 letter, you asked that JJHCS produce "final Patient Segmentation Decision for each patient it identified as being on (or likely being on) an

Elizabeth Snow, Esq.
December 19, 2024
Page 2

accumulator, maximizer, or SaveOn-advised plan" and defined "'Patient Segmentation Decision' [to] refer[] to J&J's choice of 'Program Type' in which to put each patient: CAPa, CAPm, Standard, or Not Enrolled." Sept. 23, 2024 Ltr. from E. Snow to J. Long at 2 & n.2. After investigating your request, we agreed to this produce this data. *See* Nov. 27, 2024 Ltr. from J. Long to E. Snow at 3; Oct. 22, 2024 Ltr. from E. Snow to J. Long at 2.

In your December 12, 2024 letter, sent nearly three months after your September 23, 2024 request, you wrote to expand your demand and now ask that in addition to the "Patient Segmentation Decisions" related to "CAPa, CAPm, Standard, or Not Enrolled," JJHCS produce "any other Program Type" for these decisions; "the date when [JJHCS] made each [Patient Segmentation Decision]"; and "all PSDs for each patient identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan" including updates following a patient's change of health plan or appeal. *See* Dec. 12, 2024 Ltr. from E. Snow to J. Long at 1-2. We are investigating the feasibility of your latest request and the appropriate sources (if any) for this additional data.

## II.    Case and Task Notes

In your December 12, 2024 letter, you repeat your demand that JJHCS produce "a full set of case-and-task notes for all patients [JJHCS] identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan from PAFA+." Dec. 12, 2024 Ltr. from E. Snow to J. Long at 2. We provided our position with respect to this request in our November 27, 2024 letter. Again: based on our reasonable investigation, the "case-and-task notes" you attribute to PAFA+ are the same "case-and-task notes" that TrialCard maintained and produced. And, notwithstanding your colleague's letter of November 26, 2024 seeking to re-open negotiations as to search parameters for those case and task notes, the parties resolved appropriate search terms for this data source in May 2023. *See* Nov. 26, 2024 Ltr. from H. Miles to J. Chefitz. We will not revisit those now for the reasons stated in our December 6, 2024 letter. *See* Dec. 6, 2024 Ltr. from J. Chefitz to H. Miles at 1-2.

## III.    Benefits Investigations

In your December 12, 2024 letter, you claim that JJHCS should produce data from PAFA+ related to benefits investigations performed by TrialCard, RIS RX, or "any other method." Dec. 12, 2024 Ltr. from E. Snow to J. Long at 2. We addressed nearly verbatim arguments in our October 2, 2024 and November 27, 2024 letters and briefly do so again here.

***Other Drugs.*** As to your claim that TrialCard's production of benefits investigations insufficiently covers PAFA+ because that production covers only Stelara and Tremfya, we repeat our explanation here: "the vast majority of benefits investigations" that TrialCard conducted are not relevant to the enforcement of the "other offer" provision. *See* Dkt. No. 163 at 1. They relate to irrelevant issues like government coverage. The only exception is that, beginning "[i]n January 2022, . . . TrialCard . . . began evaluating as part of a separate benefits investigation process whether patients taking either of two Janssen drugs (Stelara and Tremfya) were concurrently enrolled in an accumulator or maximizer program (such as SaveOnSP)." *Id.*

Elizabeth Snow, Esq.
December 19, 2024
Page 3

      ***TrialCard Algorithm.***   You also repeat your claim that TrialCard's benefits investigations are incomplete because they do not reflect "[b]enefits [i]nvestigations [u]sing [a]lgorithms." Dec. 12, 2024 Ltr. from E. Snow to J. Long at 2. As we explained last month, this is not a reason to produce from PAFA+ (which, again, is viewable version of TrialCard's Salesforce database) because JJHCS agreed to produce "final Patient Segmentation Decision for each patient identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan." Nov. 27, 2024 Ltr. from E. Snow to J. Long at 3. And, as explained, *supra*, although you now have expanded that request, we have agreed to investigate the additional fields you belatedly demand. We also have since produced a record of all Ask JCP appeals through to the present. *See* JJTCMSA_0000002. There is simply no basis to revisit a production of this same data "from PAFA+." Dec. 12, 2024 Ltr. from E. Snow to J. Long at 2.

      ***RIS RX.***   You also claim that "SaveOn maintains its request for all records related to BIs performed by RIS Rx to identify patients on accumulators, maximizers, or SaveOn-advised plans." *Id.* Your colleague, Matthew Nussbaum, posed substantively identical questions in his letter dated December 6, 2024. Earlier today, JJHCS responded to that letter under separate cover. *See* Dec. 19, 2024 Ltr. from J. Long to M. Nussbaum. We refer you to our response.

## IV.    Request Nos. 103 and 104

      In your December 12, 2024 letter, you again request that JJHCS produce documents in response to Request No. 103[1] and Request No. 104.[2] For the reasons articulated in our prior correspondence, we maintain our objections on relevance and burden grounds.

      Very truly yours,

      */s/ Julia Long*
      Julia Long

---

[1] RFP No. 103 seeks "Documents sufficient to Identify all individuals at Janssen, JJHCS or any JJHCS Hub Entity who have had access to Identified Patient Information, including but not limited to PAFA+ Data, regarding whether a person enrolled in CarePath was or could be a member of an Accumulator or Maximizer health plan, or a health plan advised by SaveOnSP."

[2] RFP No. 104 seeks "Documents sufficient to Identify all individuals at Janssen, JJHCS or any JJHCS Hub Entity who have had access to De-Identified Patient Information or De-Identified Claim Information, including but not limited to PAFA+ Data, regarding whether a person enrolled in CarePath was or could be a member of an Accumulator or Maximizer health plan, or a health plan advised by SaveOnSP."

# Exhibit 12

Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212.390.9330
esnow@selendygay.com

December 12, 2024

<u>Via E-mail</u>

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:**    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC*** **(Case No.
2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to your November 27, 2024 letter regarding PAFA+.

## I.    **Patient Segmentation Decisions**

Thank you for agreeing to produce the "Patient Segmentation Decision for each
patient identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-
advised plan." Nov. 27, 2024. Ltr. from J. Long to E. Snow at 3. We write to clarify the
scope of J&J's production.

*First*, please confirm that J&J will produce Patient Segmentation Decisions
("<u>PSDs</u>") for any Program Type into which it segmented patients. You agreed to produce
PSDs when patients were segmented into "CAPa, CAPm, Standard, or Not Enrolled," *id.*
at 3 n.4, but as SaveOn explained, if J&J segmented patients into any other Program Type,
SaveOn is entitled to those PSDs as well. *See* Oct. 22, 2024 Ltr. from E. Snow to J. Long
at 3 n.3.

*Second*, please confirm that J&J will provide the date when J&J made each PSD.
This information is necessary to understand when J&J began to mitigate its damages for
each patient.

*Third*, please confirm that J&J will produce all PSDs for each patient identified as
being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan. Patients

Julia Long
December 12, 2024

who changed health plans or successfully appealed their initial PSD, for example, would likely have multiple PSDs at different points in time. All such PSDs would be relevant.

## II.    Case and Task Notes

You refuse to provide a full set of case-and-task notes for all patients J&J identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan from PAFA+. SaveOn maintains that J&J must produce all such case-and-task notes from PAFA+.

For patients J&J identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan, these case and task notes are likely to contain relevant information, such as the basis for that identification, the date of the identification, or any information J&J communicated to the patient after the identification. There is little burden associated with this request: J&J has already agreed to produce PSDs from those same patients on PAFA+, and J&J must simply download additional fields of information from this database.

You agree only to discuss deficient search terms that TrialCard used to identify a subset of case-and-task notes "under separate cover." Nov. 27, 2024 Ltr. from J. Long to E. Snow. But J&J does not need search terms to identify the relevant PAFA+ entries; it can simply download those fields from PAFA+ for the patients for whom it has already agreed to produce data. While you claim that SaveOn only recently identified deficiencies with TrialCard's production, this is not a basis for J&J to refuse to produce the requested information from PAFA+. SaveOn requested the full set of case-and-task notes from PAFA+ when it learned they were available on that database, *see* June 26, 2024 Ltr. from E. Snow to J. Long at 1-2, because TrialCard's "partial production" did not capture "the full universe of records" available on PAFA+, *see* July 30, 2024 Ltr. from E. Snow to J. Long at 2.

## III.    Benefits Investigations Using Algorithms or Any Other Method to Identify Patients on Accumulators, Maximizers, or SaveOn-advised Plans

You refuse to provide additional records related to Benefits Investigations ("BIs") from PAFA+ where J&J or its vendors used algorithms, or any other method other than "formal" BIs, *see* Oct. 22, 2024 Ltr. at 1, to identify patients on accumulators, maximizers, or SaveOn-advised plans. *See* Nov. 27, 2024 Ltr. at 3 (agreeing only to produce PSDs, not any underlying BIs that support J&J's decision to make those PSDs). SaveOn maintains its request that J&J produce records from PAFA+ related to any BIs it performed, using any method to identify patients on accumulators, maximizers, or SaveOn-advised plans.

You do not dispute that J&J performed these BIs or that PAFA+ likely contains records related to them. If, for example, PAFA+ contains an analysis of a patient's claims history, *see* Nov. 27, 2024 Ltr. at 3 (confirming that TrialCard analyzed "1-2 claims" to identify patients on accumulators, maximizers, or SaveOn-advised plans), or a note that patients were identified via an algorithm, or some other method, each of those pieces of information would be a relevant record related to a BI. Similar to case-and-task notes, these

2

Julia Long
December 12, 2024

records should not be burdensome for J&J to produce alongside the PSDs, since they are simply additional fields to download from PAFA+.

## IV.    Benefits Investigations for Drugs Other than Stelara and Tremfya

You refuse to provide any additional records related to BIs from PAFA+ to determine if patients taking Relevant Drugs other than Stelara and Tremfya were on an accumulator, maximizer, or SaveOn-advised plan. Yet you concede that J&J did undertake BIs to identify patients on drugs other than Stelara and Tremfya. *See* Nov. 27, 2024 Ltr. at 2-3 (disputing only that TrialCard conducted BIs into Erleada and PAH drugs). SaveOn maintains its request that J&J produce records related to any BIs it performed, for any Relevant Drug, to identify patients on accumulators, maximizers, or SaveOn-advised plans, from PAFA+.

Records related to BIs for Relevant Drugs other than Stelara and Tremfya likely exist on PAFA+. While you state that PAFA+ is "a viewable version of TrialCard's Salesforce database," Nov. 27, 2024 Ltr. at 3, it contains records of BIs performed by entities other than TrialCard. *See* JJHCS_00158323 (█████████████████████████ ████████████████████████████████████). J&J's explanation that *TrialCard* did not conduct the BIs for drugs other than Stelara or Tremfya is thus irrelevant to whether those BIs exist on PAFA+.

## V.    Benefits Investigations Conducted by RIS Rx

You refuse to produce additional records related to BIs conducted by RIS Rx, pointing to separate correspondence regarding J&J's legal control over documents in the possession of RIS Rx. *See* Nov. 27, 2024 Ltr. at 3 (citing Nov. 12, 2024 Ltr. from J. Long to M. Nussbaum). SaveOn maintains its request for all records related to BIs performed by RIS Rx to identify patients on accumulators, maximizers, or SaveOn-advised plans.

Records related to these BIs exist on PAFA+, *see* JJHCS_00158323, yet J&J told SaveOn it "does not have actual possession or custody of RIS RX's benefits investigations." Nov. 12, 2024 Ltr. at 2. PAFA+ therefore must contain records that are different from what RIS Rx can produce. Moreover, the records J&J produced via its legal control over RIS Rx are insufficient. That production does not contain records of every BI that RIS Rx performed to identify patients on accumulators, maximizers, or SaveOn—it only includes, for patients taking Stelara and Tremfya, records that ultimately concluded that a patient was on a SaveOn-advised plan. *See* Dec. 2, 2024 Ltr. from M. Nussbaum to J. Long at 1-2. This is a small subset of the BIs that RIS Rx performed. *See id*.

## VI.    RFP Nos. 103 and 104

You object to SaveOn's Requests for documents sufficient to show the individuals at Janssen, JJHCS, or any JJHCS Hub Entity who had access to Identified Patient Information (RFP No. 103) or De-Identified Patient Information (RFP No. 104) on PAFA+. SaveOn maintains its Requests.

3

Julia Long
December 12, 2024

SaveOn has already explained the relevance of this information, Nov. 21, 2024 Ltr. from E. Snow to J. Long at 2, and your letter ignores that "J&J put the relevance of this access at issue when it represented to the Court that no J&J employees had access to the type of patient information available on PAFA+." *Id*. (citing Dkt. 312-57 at 12). There is little burden associated with these Requests: PAFA+ presumably has permitted users lists that J&J can easily find and produce. And documents produced by J&J suggest that ██████████████████████████████████████████████████████████. *Compare* JJHCS_00047045 at 71 (████████████████████████████████████████████) *with* JJHCS_00157545 (███████████).

If J&J does not agree to produce the data SaveOn seeks by December 19, 2024, SaveOn will understand the parties to be at impasse on this issue and reserves the right seek appropriate relief from the Court.

Sincerely,

/s/ Elizabeth Snow

Elizabeth H. Snow
Associate

4

Exhibits 13-18 Confidential

Filed Under Seal

# Exhibit 19

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Elizabeth H. Snow
Associate
212 390 9330
esnow@selendygay.com

October 22, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

**Re:    Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC (Case No. 2:22-cv-02632-JKS-CLW**

Dear Julia,

We write in response to your October 2, 2024 letter regarding the PAFA+ platform.

**I.    Records of Benefits Investigation for All Relevant Drugs**

SaveOn requested all records related to Benefits Investigations ("BIs"), available on PAFA+, "to determine whether a patient enrolled in CarePath was on an accumulator, maximizer, or SaveOn-advised plan." June 26, 2024 Ltr. at 1. J&J indicated that those records would be "unreasonably cumulative or duplicative" of productions by TrialCard and RIS Rx. Aug. 19, 2024 Ltr. from J. Long at 1. SaveOn disagrees.

TrialCard produced only "formal" BIs, which Judge Wolfson said is too narrow a definition to capture the BIs SaveOn requested. *See* Oct. 11, 2024 Hr'g Tr. at 39:17-22; *see also* Oct. 20, 2023 SaveOnSP's Fourth Set of Requests for Production at 5 (defining BI as "any process" J&J used to obtain information about patient pharmacy benefits). In response to Request Nos. 58 and 59, J&J must produce records related to *any* attempt to identify patients on an accumulator, maximizer, or SaveOn-advised plan on PAFA+. Adopting this broader definition of BI, Trial-Card's production is deficient for two reasons:

Julia Long
October 22, 2024

*First*, J&J (or its vendors) has not produced BIs for drugs other than Stelara and Tremfya. ████████████████████████████████████████████████
██████████████████████████████████. *See* JHCS_00122838 (███████
████████████████████████████████████████████████████████████████);
JJHCS_00164273 (██████████████████████████████████████████████████
████). J&J must produce documents regarding BIs for all drug at issue.

*Second*, J&J has produced documents that suggest TrialCard identified thousands of additional Stelara and Tremfya patients on accumulators, maximizers, or SaveOn-advised plans. The vast majority of these patient identification efforts were not captured by J&J's production of BIs. *Compare* JJHCS_00139026 (████████████████████████████████████████████)[1] *with* Mar. 12, 2024 Ltr. from S. Arrow to H. Miles at 1 (TrialCard produced 3,908 records of BIs through November 7, 2023 for Stelara and Tremfya patients). J&J must produce documents regarding these other patients.

J&J's recent production of BIs performed by RIS Rx, *see* RISRx.0045, is similarly deficient. *First*, the RIS Rx production includes only records of patients specifically identified as being on SaveOn-advised plans, but SaveOn is entitled to BIs to determine if they were on accumulators, maximizers, *or* SaveOn-advised plans.[2] *Second*, the RIS Rx production includes only records for patients enrolled in Stelara and Tremfya, although SaveOn understands RIS Rx performed BIs for, at a minimum, Erleada and PAH drugs Opsumit, Uptravi, and Tracleer. *Compare* JJHCS_00231827 at -832 (██████████████████████████████████████
████████████████████████████████); JJHCS_00249003 at -009 (same for ███████) *with* JJHCS_00139051 (████████████████████████████████
███████████████████████████████). J&J must produce full records relating to RIS Rx's identification efforts.



Please promptly produce all such records available on PAFA+.

## II.    Patient Segmentation Decisions

Over two weeks ago, J&J said it was "investigating the feasibility of Save-OnSP's request and the appropriate source" of data showing final Patient

---

[1] SaveOn understands these patients were identified only by TrialCard because J&J represented that RIS Rx did not begin its patient identification efforts until, at the earliest, November 4, 2022. *See* Oct. 11, 2024 Hr'g Tr. at 59:11.

[2] To the extent that a patient is identified as on a specific accumulator or maximizer—e.g., Prudent Rx—SaveOn agrees that J&J may exclude such records.

2

Julia Long
October 22, 2024

Segmentation Decisions[3] for each patient identified as being on (or likely being on) an accumulator, maximizer, or SaveOn-advised plan. Oct. 2, 2024 Ltr. at 2. SaveOn cannot meaningfully evaluate "the appropriate source" of J&J's production unless J&J says whether PAFA+ is the *only* platform that houses information identifying patients as being (or likely being) on accumulators, maximizers, or SaveOn-advised plans. *See* Fed. R. Civ. P. 34(b) Advisory Committee's Note to 2006 Amendment (directing parties to discuss when "the requesting party may not know what form the producing party uses to maintain its electronically stored information"). Please provide the results of your investigation and please confirm that J&J will produce the Patient Segmentation Decisions.

## III.    Case-and-Task Notes

J&J asks that SaveOn explain why TrialCard's production of case-and-task notes is deficient. Oct. 2, 2024 Ltr. at 2. At the beginning of discovery, SaveOn negotiated a search protocol for case-and-task notes from TrialCard because J&J did not identify PAFA+ as a non-custodial source of case-and-task notes, but instead disclaimed J&J's access to such data.[4] Once SaveOn learned that case-and-task notes are available to J&J personnel on PAFA+, it promptly raised the deficiency to J&J. *See* July 17, 2024 Ltr. at 2.

TrialCard's production is deficient because it does not include case-and-task notes for each patient identified as on a SaveOn-advised plan or likely on a SaveOn-advised plan. TrialCard produced its "refresh" production of case-and-task notes using search terms that did not include CAP terms, resulting in only ██████ ████████████████████████. *See* TRIALCARD_00009755. When SaveOn requested additional search terms, J&J refused. *See* Sep. 19, 2024 Ltr. from J. Chefitz to H. Miles at 1. But J&J (and TrialCard and RIS Rx on its behalf) identified many more than ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

---

[3] SaveOn defined "Patient Segmentation Decision" as "J&J's choice of 'Program Type' in which to put each patient," and gave four illustrative examples: CAPa, CAPm, Standard, or Not Enrolled. *See* Sep. 23, 2024 Ltr. from E. Snow to J. Long at 2, n.2. If J&J segmented a patient into a different "Program Type" than those SaveOn listed, J&J must produce those Patient Segmentation Decisions as well.

[4] At the start of discovery, when the parties were negotiating the scope of initial productions, J&J also did not advise SaveOn of the existence of the CAP program or that it divided patients into CAPa and CAPm after identifying them as being on an accumulator or maximizer, so SaveOn was unable to request such data in its initial negotiations for case-and-task notes; SaveOn only learned about the CAP program when it later reviewed J&J's document productions. *See* July 18, 2023 Ltr. from E. Snow to G. LoBiondo at 6. The parties had reached agreement on the parameters of their case-and-task notes production as of May 12, 2023. May 12, 2023 Ltr. at 2.

Julia Long
October 22, 2024

███████████████. *See* JJHCS_00139021 (███████████████
██████████████).

    SaveOn requests a production of notes from PAFA+ for all CAPa and CAPm patients except for those that explicitly identified as being on a plan administered by an entity other than SaveOn. SaveOn understands that PAFA+ contains such relevant and responsive data. *See* Sep. 23, 2024 Ltr. at 2. In this, SaveOn seeks the same information that it provided to J&J when it produced all case-and-task notes for patients on a Janssen drug unless the call clearly only concerned a call about a non-Janssen drug. *See* Mar. 29, 2023 Ltr. from A. Dunlap to H. Sandick at 4. J&J appears to ███████████████████████████████████████s, *see* JJHCS_00231180 ("████████████████"), which should make it straightforward for J&J to pull the relevant notes. Please confirm that J&J will produce the requested notes.

    We request a response by October 29. We are available to meet and confer.

Sincerely,

/s/ Elizabeth H. Snow

Elizabeth H. Snow
Associate

4

Exhibits 20-29 Confidential

Filed Under Seal

# Exhibit 30



www.pbwt.com

August 19, 2024

Julia Long
(212) 336-2878

**<u>By Email</u>**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

      **Re:**    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
              <u>**Case No. 2:22-cv-02632 (JKS) (CLW)**</u>

Dear Elizabeth:

      We write in response to SaveOnSP's July 30, 2024 letter and further to our letter of July 17, 2024 concerning the PAFA/ PAFA+ platform.

      In our last correspondence, we explained that "any patient data on PAFA+ related to . . . benefits investigations is the same data that TrialCard has already produced." July 17, 2024 Ltr. from J. Long to E. Snow at 1. Apparently dissatisfied, you now request that "[JJHCS] must produce all records related to Benefits Investigations from PAFA/PAFA+, ***even if TrialCard already produced the same***." July 30, 2024 Ltr. from E. Snow to J. Long at 2 (emphasis added). This request finds no support in the Federal Rules of Civil Procedure. As you know, Rule 26 disfavors "unreasonably cumulative or duplicative" discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). There can be no clearer example of "unreasonably cumulative or duplicative" discovery than asking JJHCS to re-produce identical records as those TrialCard already has produced—simply "to show the scope of information available to [JJHCS]." July 30, 2024 Ltr. from E. Snow to J. Long at 2. JJHCS will not do so.

      In your letter, you also request that JJHCS produced "all case and task notes" related to Benefits Investigations, again referring to JJHCS_00231180. July 30, 2024 Ltr. from E. Snow to J. Long at 2. As a threshold matter, and as we explained in our prior correspondence, JJHCS_00231180 is a screengrab of an entry created for training purposes only; it does not contain actual patient data. *See id.* But even if the screengrab did contain actual data, the sole entry related to Benefits Investigations is █████████████████████████████████████████████ *Id.* This is clear from the context of ████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ *Id.* Again, TrialCard has

Elizabeth Snow, Esq.
August 19, 2024
Page 2

produced these records, and SaveOnSP has acknowledged their receipt.  JJHCS_00231180 provides no basis to undertake yet another production of these materials.

You also request that JJHCS produce "all records related to Benefits Investigations from PAFA/PAFA+ from any vendor that performed them, not only TrialCard."  July 30, 2024 Ltr. from E. Snow to J. Long at 2.  For the reasons stated above, we disagree that there are additional, non-duplicative records stored in PAFA/PAFA+.  To the extent you are referring to records outside of PAFA/PAFA+, we refer you to our separate and extensive correspondence concerning JJHCS's production obligations in response to Request Nos. 58 and 59, including in our recent correspondence concerning search terms in response to those requests, *see, e.g.*, Apr. 26, 2024 Ltr. from I. Eppler to E. Snow at 3-4 (agreeing to limited custodial searches "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests"), and in connection with RIS RX's master services agreement, *see, e.g.*, Aug. 6, 2024 Ltr. from J. Long to M. Nussbaum at 2 (agreeing to "request that RIS RX produce 'all Benefits Investigations performed by RIS of whether any patient taking any Janssen Drug at issue in this case was a member of a SaveOn-advised plan'").

Finally, as to SaveOnSP's request for additional information regarding the PAFA/PAFA+ platform,[1] we are happy to work with you on good faith questions about the

---

[1]  SaveOnSP requests answers to the nine following questions:

- J&J refers to "PAFA" as well as "PAFA+".  *See, e.g.*, JJHCS_00042889 at 9 ("Use the 'PAFA' and 'PAFA Plus' tools").  If PAFA and PAFA+ refer to different platforms, please explain the difference between these platforms.

- What is the purpose of the PAFA+ platform?

- Who at J&J, or any Hub Entity, has access to the PAFA+ platform?

- When was the PAFA+ platform created?

- Is the PAFA+ platform still in use?

- Has any information been removed or destroyed from the PAFA+ platform during the parties' Relevant Time Period? If so, is that in-formation retrievable from another source?

- Has J&J produced any records from the PAFA+ platform in another form? If so, please identify it.

- Is information on the PAFA+ platform manually entered, or drawn from another data source?  If manually entered, please identify the persons responsible for entering data and the process for entering it.  If drawn from another data source, please identify that data source.

- Is PAFA+ the only platform that shows whether a patient enrolled in CarePath is identified as being on an accumulator, maximizer, or SaveOn-advised plan?  If not, please identify all such platforms.

*See* June 26, 2024 Ltr. from E. Snow to J. Long at 2.

Elizabeth Snow, Esq.
August 19, 2024
Page 3


document production process, but discovery letters to counsel are not a proper substitute for the discovery tools provided for in the Federal Rules.  Should SaveOnSP seek responses to its nine compound questions, it may ask those in depositions or using an appropriate number of interrogatories.

Very truly yours,



*/s/ Julia Long*
Julia Long

Exhibits 31-34 Confidential

Filed Under Seal

# Exhibit 35

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Hannah R. Miles
Associate
212.390.9055
hmiles@selendygay.com

February 13, 2024

**Via E-mail**

Sara A. Arrow
Patterson Belknap Webb & Taylor LLP
1133 Avenue of the Americas
New York, NY 10036
sarrow@pbwt.com

Re:  ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
LLC* (Case No. 2:22-cv-02632-JKS-CLW)**

Dear Sara,

We write to you as counsel for TrialCard, Inc. ("TrialCard") and Johnson &
Johnson Health Care Systems, Inc. (with its affiliates, "J&J"), in response to your
January 19, 2024 letter regarding TrialCard's production of benefits investiga-
tions.

You assert that TRIALCARD_00008931, an excel file produced on January
12, 2024, fulfills your promise to produce final Benefits Investigations that identify
or attempt to identify whether a patient is on a maximizer plan, an accumulator
plan, or a plan advised by SaveOn. But a summary of the results of a benefits in-
vestigation is not the same as the final Benefits Investigations that you agreed to
produce. *See* Oct. 30, 2023 Tr. at 62:9-13. You identified what a Benefits Investi-
gation is to the Court: "[T]he first exhibit [in SaveOn's handout], this document is
what he just took you through, this is a benefits investigation." *Id.* at 79:13–15 (ref-
erencing JJCHS_00003355, a redacted Benefits Investigation). And you stated
that you were "voluntarily going to give [SaveOn] all of these, all the way through
to the present already." *Id.* at 79:17–19; *see also* Jan. 24, 2024 Tr. at 21:10–17
("[W]e have already agreed to produce[,] ... either directly through us or by asking
our vendor, a company called TrialCard, to produce what are known as benefits
investigations. And those are the enforcement documents. We're in the process of
making those productions for the relevant time period right now."). Producing
TRIALCARD_00008931 does not fulfill your representation to the Court.

Sara A. Arrow
February 13, 2024

TRIALCARD_00008931 also omits key data. The actual Benefits Investigations that you previously produced contain categories of information that the excel summary does not, including the amount of deductible the patient has paid (the summary only includes a field of TRUE/FALSE that appears to show whether the deductible has been met); plan details including the policy number, group number, member ID, BIN number, and effective dates; whether there is a specific payer mandated specialty pharmacy; and details about prior authorization. TRIAL-CARD_00008931 also does not appear to include information from the Benefits Investigation that you previously produced at JJHCS_00003356 (based on a comparison of the relevant CarePath Patient ID), indicating that the excel is incomplete.

By February 16, 2024, please confirm that you will produce the complete set of Benefits Investigations and state the date by which you will complete that production.

Sincerely,

Hannah Miles

Hannah R. Miles
Associate

# Exhibit 36



www.pbwt.com

March 12, 2024

Sara A. Arrow
(212) 336-2031

**By Email**

Hannah Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **TrialCard's Production of Benefits Investigations**
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
Case No. 2:22-cv-02632 (JKS) (CLW)

Dear Hannah:

On behalf of TrialCard, we write in response to your February 13, 2024 letter regarding TrialCard's production of benefits investigations.

You object to TrialCard's production of benefits investigations on the basis that TRIALCARD_00008931 is a "summary of the results of a benefits investigation, [which] is not the same as the final Benefits Investigations that you agreed to produce."[1] This is inaccurate. TRIALCARD_00008931 reflects a record, as maintained in the normal course of business, of the final results of 3,908 benefits investigations conducted between January 1, 2022 and November 7, 2023 that sought to determine whether a patient was in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan for patients taking Stelara or Tremfya who were enrolled in copay assistance. *See* Jan. 19, 2024 Ltr. from S. Arrow to H. Miles; *see also* Oct. 20, 2023 Ltr. from S. Arrow to E. Holland at 1. It is not a "summary" at all—it contains an export of the entire contents

---

[1] SaveOnSP relatedly asserts that "[p]roducing TRIALCARD_00008931 does not fulfill [JJHCS's] representation to the Court" to produce relevant benefits investigations. As both TrialCard and JJHCS have made clear, TrialCard agreed to produce the relevant benefits investigations "pursuant to the third-party subpoena served on TrialCard by SaveOnSP." *See* Oct. 23, 2023 Ltr. from H. Sandick (on behalf of JJHCS) to A. Dunlap; *see also* Oct. 20, 2023 Ltr. from S. Arrow to E. Holland at 1 (describing scope of TrialCard's production in response to the subpoena served on it). Regardless, even if TrialCard were producing such documents at JJHCS's request or on its behalf, that would not impact the sufficiency of production for the reasons identified herein. Finally, as you know, we have repeatedly asked you not to blur the lines between our firm's two clients, JJHCS and TrialCard, which are separate entities. As a result, to the extent you have further questions related to JJHCS's representations to the Court, we once again ask you to direct them to JJHCS in separate correspondence.

Hannah Miles, Esq.
March 12, 2024
Page 2

of relevant data fields maintained on a SalesForce application associated with those benefits investigations. *See* Jan. 19, 2024 Ltr. from S. Arrow to H. Miles. Documents are to be produced in the manner in which they are kept, which is what TrialCard has done here.

You next request that TrialCard re-produce the benefits investigation spreadsheet with additional categories of information, namely: (1) the amount of deductible the patient has paid; (2) plan details, including the policy number, group number, member ID, BIN, and effective dates; (3) whether there is a specific payer mandated specialty pharmacy; and (4) details about prior authorization. *See* Feb. 13, 2024 Ltr. from S. Arrow to H. Miles at 2. TrialCard confirms that it will re-produce the benefits investigation spreadsheet with the additional requested categories of information, to the extent such information is available in the normal course of business.[2]

Finally, you note that TRIALCARD_00008931 omits the results of a specific benefits investigation identified in a de-identified document produced by JJHCS. *See* JJHCS_00003356. This was inadvertent. We have investigated the issue and understand that certain benefits investigations conducted for the period January 2022 to June 2022 were entered into the SalesForce application using a manual process. Following investigation, we have taken reasonable steps to confirm that our search parameters are designed to capture such manually entered benefits investigations, to the extent they are not already captured in TRIALCARD_00008931. TrialCard will re-produce TRIALCARD_00008931 to include an entry for the benefits investigation reflected in JJHCS_00003356, along with any additional relevant benefits investigations that TrialCard locates after reasonable investigation that were inadvertently omitted from TRIALCARD_00008931. TrialCard expects to re-produce the benefits investigation spreadsheet on or around March 29, 2024.

Very truly yours,

*/s/ Sara A. Arrow*
Sara A. Arrow

---

[2] Certain requested information may not be available in all circumstances—for example, not every patient is required to meet a deductible or out of pocket maximum or is subject to a prior authorization. To the extent such additional data fields exist for any given benefit investigation, TrialCard will produce those fields.

Exhibits 37-38 Confidential

Filed Under Seal

# Exhibit 39



www.pbwt.com

December 6, 2024

Jacob I. Chefitz
(212) 336-2474

**By Email**

Hannah R. Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:     *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
2:22-cv-02632 (JKS) (CLW)

Dear Hannah:

On behalf of JJHCS, we write in response to SaveOnSP's November 26, 2024 letter regarding TrialCard's call and task notes from the refresh period, and further to JJHCS's September 19, 2024 letter on this subject.

Almost a year and a half ago, in May 2023, TrialCard and SaveOnSP agreed to an expansive set of twelve search terms that TrialCard would run over its call notes. Those search terms, which have resulted in the production of tens of thousands of call notes, are as follows:

1.     maximiz*

2.     designat*

3.     ESI

4.     Obamacare

5.     ACA

6.     Save*

7.     accumulat*

8.     Accredo

9.     Express Script*

10.     EHB

Hannah R. Miles, Esq.
December 6, 2024
Page 2

      11.     Affordable Care Act

      12.     essential

Despite the breadth of those terms, SaveOnSP then requested that TrialCard run yet more terms over its call notes. *See* May 31, 2023 Ltr. from E. Holland to G. Carotenuto at 2. After months of negotiation,[1] TrialCard ultimately agreed in September 2023, as a compromise, to run three additional terms over the TrialCard call notes. *See* Sep. 29, 2023 Ltr. from K. Brisson to E. Holland at 1.[2] And it agreed to that compromise "in the interest of avoiding an unnecessary dispute," Aug. 24, 2023 Ltr. from K. Brisson to E. Holland at 1, and to "resolve[] any remaining dispute on this issue," Sep. 29, 2023 Ltr. from K. Brisson to E. Holland at 1.

SaveOnSP cannot now renege on this longstanding agreement. SaveOnSP argues that it seeks additional call notes related to the CAP program and benefits investigations, which SaveOnSP claims it was unaware of when it agreed to the current list of search terms. But SaveOnSP acknowledges that it was certainly aware of the CAP program by summer 2023—when it was still negotiating search terms for the TrialCard call notes. SaveOnSP nonetheless did not seek to add any CAP-related terms at that time or for more than a year afterward, even though the CAP program has been the subject of many discovery disputes. Moreover, several of SaveOnSP's newly proposed terms also do not even relate to the CAP program. For instance, SaveOnSP proposes the terms "'Save On' OR SOSP," "NEHB or nonessential," and a phone number associated with SaveOnSP (which SaveOnSP should presumably know without any discovery from JJHCS or TrialCard). All of those terms could have been proposed in 2023, regardless of SaveOnSP's purported level of knowledge of the CAP program.

There is therefore no basis here for SaveOnSP to re-negotiate the search terms for the TrialCard call notes. Nor are additional searches necessary. TrialCard has already produced thousands of call notes, including call notes hitting on "maximiz*," "accumulat*," and "Save*," terms that generally will appear in any call note that concerns either the CAP program or a benefits investigation into whether a patient is in fact on a plan with a maximizer or an accumulator. *See, e.g.*, TRIALCARD_00009755 at 357(G). SaveOnSP does not identify any apparent deficiency in the current production. And to the extent that there is any supposed deficiency, SaveOnSP's proposed terms are overbroad and disproportionate. Terms like "Benefits Investigation" or "BI" will necessarily pick up many call notes that have nothing to do with this case, as TrialCard

---

[1] *See* Aug. 24, 2023 Ltr. from K. Brisson to E. Holland; Aug. 16, 2023 Ltr. from E. Holland to K. Brisson; Aug. 3, 2023 Ltr. from K. Brisson to E. Holland; July 26, 2023 Ltr. From E. Holland to K. Brisson; June 7, 2023 Ltr. from K Brisson to E. Holland; May 31, 2023 Ltr. from E. Holland to G. Carotenuto.

[2] Those terms are: "zero out of pocket"; "zero OOP"; and "zero out-of-pocket."

Hannah R. Miles, Esq.
December 6, 2024
Page 3

conducts benefits investigations for a variety of reasons that are not limited to determining whether a patient is on an accumulator or maximizer.

In short, SaveOnSP has no basis to reopen the parties' long-settled agreement regarding the search terms for the TrialCard call notes; the existing search terms more than suffice to identify call notes related to the CAP program and benefits investigation; and SaveOnSP's proposed terms will require JJHCS to review many notes that are irrelevant to this litigation. JJHCS therefore declines to run the search terms proposed in SaveOnSP's September 10, 2024 letter.

We reserve all rights and are available to meet and confer.

Very truly yours,

*/s/ Jacob I. Chefitz*

Jacob I. Chefitz

# Exhibit 40



www.pbwt.com

January 27, 2025

Julia Long
(212) 336-2878

**<u>By Email</u>**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    PAFA+
*Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,*
<u>Case No. 2:22-cv-02632 (JKS) (CLW)</u>

Dear Elizabeth:

We write in further response to SaveOnSP's December 27, 2024 email and further to our letters of July 17, 2024, August 19, 2024, October 2, 2024, November 27, 2024, and December 19, 2024 regarding PAFA+.

SaveOnSP's most recent request asked JJHCS to produce the "Patient Segmentation Decision for all program types into which [JJHCS] segmented patients"; "[t]he date when [JJHCS] made each Patient Segmentation Decision"; and "[a]ll Patient Segmentation Decisions for patients for whom [JJHCS] made multiple decisions over time." Dec. 27, 2024 Email from K. Cryan to J. Long. JJHCS agrees to produce what SaveOnSP has defined as "Patient Segmentation Decisions" on a patient-by-patient basis for Stelara and Tremfya patients enrolled in the CarePath co-pay assistance program for the period April 1, 2016 to November 7, 2023. Based on our investigation, we understand that this data set includes start and end dates for the "Program Types" (i.e., "CAPa," "CAPm," "Standard," and "Not Enrolled") and any changes in patient classification made during that time period. JJHCS anticipates producing data responsive to this request in the next month.

JJHCS does not agree to produce "Patient Segmentation Decisions" for all other drugs. As you know, for purposes of these classifications, SaveOnSP is treated exclusively as subject to "CAPm." During the relevant time period, only the Stelara and Tremfya CarePath co-pay assistance programs included a "CAPm" program. Documents concerning individual classifications for other CAP programs that are defined to exclude SaveOnSP, to the extent that they exist, are not relevant to the claims and defenses in this case.

We remain available to meet and confer.

---

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

15476082

Elizabeth Snow, Esq.
January 27, 2025
Page 2

Very truly yours,

*/s/ Julia Long*
Julia Long

Exhibits 41-42 Confidential

Filed Under Seal