# EXHIBIT B

# Sills Cummis & Gross

A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

101 Park Avenue
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**CONTAINS INFORMATION MARKED AS AEO/CONFIDENTIAL**
**UNDER THE DISCOVERY CONFIDENTIALITY ORDER**

February 12, 2025

**VIA Email**

Honorable Freda L. Wolfson, U.S.D.J.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

> **Re:    Opposition to SaveOnSP's January 29, 2025 Motion to Compel**
> **PAFA+ Data**
> ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC,***
> **Civil Action No. 22-2632 (JKS) (CLW)**

Dear Judge Wolfson:

On behalf of JJHCS, we write to oppose SaveOnSP's January 29, 2025 motion to compel the production of certain information relating to the PAFA+ database.

Your Honor recently invited letters setting forth any disputes regarding this database. The Court was clear, however, that it didn't seek briefing. "I don't need a motion. I'll permit some letters on this issue that will help elucidate what this dispute is so I can better address it[.]" Jan. 15, 2025 Tr. at 88:10–13. SaveOnSP was not deterred. It filed a 16-page motion with 42 supporting exhibits.

But even setting aside prolixity, SaveOnSP's complaints make little sense. SaveOnSP seeks the production of three categories of data from the PAFA+ database. But JJHCS or TrialCard have already produced two of those categories from the PAFA+ database ("benefits investigations" and

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 2

"case-and-task notes") and are in the process of producing the third as well ("patient segmentation decisions").  SaveOnSP might be confused, or it might be willfully blind, but JJHCS can hardly be compelled to produce data that it has already produced or agreed to produce.  And while SaveOnSP claims that it needs additional data beyond that, no such data exists in PAFA+, nor is the additional data SaveOnSP purports to seek relevant for reasons set forth below.

SaveOnSP also seeks documents sufficient to show which JJHCS employees had access to the PAFA+ database.  This is irrelevant.  With regard to SaveOnSP's failure to mitigate defense, the question is whether the information in the PAFA+ database was complete, accurate, and reliable such that JJHCS should have done more than it did.  SaveOnSP is free to make that argument at trial—and to explain how JJHCS was supposed to do more while jeopardizing patient health given the extraordinary record of SaveOnSP deception designed to prevent drug manufacturers from knowing which patients were enrolled in the SaveOnSP program.  The parties can debate those issues at trial. But the relevant question is not whether JJHCS could access information from the PAFA+ database. JJHCS is not arguing that an inability to access the PAFA+ database is the reason why it did not take further action.  Accordingly, who had access to the database is irrelevant, and compiling such a list of everyone who had access to a database over many years—to the extent such a task is even feasible—is not proportionate to the needs of this case.

SaveOnSP's motion should be denied.

**ARGUMENT**

**I.    SaveOnSP's Has Already Received The Data That It Purports To Seek**

JJHCS has been explaining the PAFA+ database to SaveOnSP for a long time.  For example, back in July 2024, JJHCS explained that PAFA+ is the Salesforce database that TrialCard maintained

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 3

to keep track of certain patient information.  Ex. 1 (July 17, 2024 Ltr. from J. Long to E. Snow).

TrialCard has produced significant data from that database in response to demands posed by

SaveOnSP both directly to TrialCard and indirectly through JJHCS.  Those productions include much

of the data that SaveOnSP seeks here, and most of the balance is in the process of being produced

already.  Nothing else is relevant.

   a. **Benefits Investigations**

   As SaveOnSP acknowledges, JJHCS and TrialCard have already produced records of relevant

benefits investigations.  Mot. at 9.  That data was produced from the PAFA+ database maintained by

TrialCard, which includes data on relevant benefits investigations conducted by TrialCard and RIS

Rx.  Those are the two vendors hired by JJHCS to attempt to identify CarePath patients affected by

accumulators, maximizers, or SaveOnSP.  TrialCard performed that work from December 2021 to

January 2023 and RIS Rx has performed that work since January 2023.  TrialCard also continued to

conduct benefits investigations after RIS Rx's engagement in the event of a patient appeal.  This data

has therefore already been produced.  This includes data related to all Stelara and Tremfya patients

involving the CAPm program, which is the program that aimed to identify patients in SaveOnSP,

including appeals.[1]  There is therefore no live dispute on that data.

   With regard to work conducted originally by RIS Rx, there is one subset of production still

underway.  SaveOnSP initially requested that JJHCS produce "all Benefits Investigations performed

by RIS [Rx] of whether any patient taking any Janssen Drug at issue in this case was ***a member of a***

***SaveOn-advised plan***."  Ex. 2 (July 17, 2024 Ltr. from M. Nussbaum to J. Long) at 2 (emphasis

---

[1] JJHCS is unaware of any record of appeals by patients in a separate CAPa program who believe that they have been incorrectly identified as an accumulator patient.  And any such appeals, even if they existed, would be irrelevant because the CAPa program does not relate to SaveOnSP.

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 4

supplied); *see also* Ex. 3 Aug. 23, 2024 Letter from J. Long to M. Nussbaum (confirming SaveOnSP's request); Ex. 4 Aug. 6, 2024 Letter from J. Long to M. Nussbaum (confirming SaveOnSP's request). JJHCS requested those records from RIS Rx, per SaveOnSP's demand, and promptly produced them to Defendants.  Only then did SaveOnSP change its mind and demand "a broader set" of benefits investigations, including all benefits investigations "identif[ying] or attempt[ing] to identify whether CarePath patients were members of maximizer or accumulator plans."  Ex. 5 (Dec. 2, 2024 Ltr. from M. Nussbaum to J. Long) at 2.  SaveOnSP insisted that it wanted those records from RIS Rx, which originally conducted that work.  JJHCS has accordingly asked RIS Rx for its data in order to produce it to SaveOnSP per its request.  There is no dispute there either—and any delay is only due to SaveOnSP belatedly changing its mind about what it sought to have produced.

The only categories of benefits investigations that SaveOnSP seeks that are not addressed above are:  (i) the results of TrialCard's algorithm,[2] (ii) benefits investigations for patients taking drugs other than Stelara and Tremfya, and (iii) certain fields of data that SaveOnSP raises, for the first time in its motion, are missing in RIS Rx's production.  None of these complaints merit the Court's intervention.

*First*, as to the results of TrialCard's algorithm, this data is the same data that SaveOnSP separately refers to as "Patient Segmentation Decisions" (i.e., the "Program Type" classification recorded in PAFA+).  JJHCS already has agreed to produce this data. *See infra* at 8–9.

---

[2] JJHCS understands SaveOnSP's request to include TrialCard's "algorithmic" assessment of whether patients were likely to be accumulator- or maximizer-impacted based on patient claims history. *See* SaveOnSP Ex. 13 (JJHCS_00223504) at -511 (██████████████████████████████ ████████████████████████████).

4

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 5

*Second*, SaveOnSP's request for all benefits investigations for other drugs seeks irrelevant data. As JJHCS has represented on multiple occasions, "the vast majority of benefits investigations" that TrialCard conducted are not relevant to the enforcement of the "other offer" provision. *See* Dkt. No. 163 at 1. They relate to irrelevant issues like whether the patient is on a government-sponsored health care program, such as Medicare or Medicaid. The only relevant benefits investigations here involve a subset of those relating to Stelara and Tremfya. Those have been produced.

In its motion, SaveOnSP repeats its claim that Erleada and three other Pulmonary Arterial Hypertension ("PAH" or "PH") drugs, Opsumit, Uptravi, and Tracleer, had CAP programs that applied to SaveOnSP patients during the relevant time period. Mot. at 11. SaveOnSP is simply wrong. There is no such data in PAFA+. As to Erleada, prior to the filing of this motion, JJHCS told SaveOnSP that it "did not . . . institute a CAP program during the relevant time period." Ex. 6 (Jan. 17, 2025 Ltr. from J. Long to H. Miles) at 1.[3] As to the three PAH drugs, those drugs had only "CAPa" programs during the relevant period. That data is not in PAFA+. More importantly, it is entirely irrelevant because the CAPa program was defined specifically to ***exclude*** patients affected by SaveOnSP (or other maximizer patients).

*Third*, SaveOnSP claims that "TrialCard and RIS Rx have not reliably produced all records related to BIs that they performed." Mot. at 12. SaveOnSP's grievance appears to be based on the suggestion that it thinks certain data fields are missing. But SaveOnSP goes on to acknowledge that TrialCard has since produced the additional data fields that SaveOnSP requested. *Id.* at 12 n.7. As

---

[3] SaveOnSP's reference to "a report showing Erleada . . . claims" is not to the contrary: such data was not stored in PAFA+ and existing search terms already capture TrialCard's preparation of similar reports. *See* Oct. 21, 2024 Order at 3–4 (directing TrialCard and RIS Rx search terms); Oct. 28, 2024 Email Order at 1–2 (expanding TrialCard search term).

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 6

to RIS Rx, SaveOnSP never raised this concern in any conferral or correspondence. Now that it has

raised this question for the first time in its motion, JJHCS will investigate whether any such additional

fields exist. But this is not an issue that merits the Court's intervention given that it has never even

been raised between the parties before.

  **b. Case-and-Task Notes**

  SaveOnSP next moves to compel "[a]ll Case-and-Task notes for patients that J&J or any of

its vendors identified on an accumulator, maximizer, or SaveOn-advised plan" to purportedly

supplement the "limited production of case-and-task notes from TrialCard in May 2023, using search

terms that did not capture records related to the CAP program." Mot. at 8, 13. SaveOnSP's account

is deeply misleading.

  Over a year and a half ago, in May 2023, SaveOnSP negotiated an expansive set of twelve

search terms that TrialCard would run over these very records in PAFA+. In September 2023, long

past any data on which SaveOnSP could claim ignorance of the "CAP Program," TrialCard agreed to

a SaveOnSP request to supplement the terms and added three additional terms over the TrialCard call

notes. In total, the fifteen terms requested by SaveOnSP listed below have captured thousands of

patient call records during the relevant period.

    1. maximiz*

    2. designat*

    3. ESI

    4. Obamacare

    5. ACA

    6. Save*

    7. accumulat*

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 7

       8. Accredo

       9. Express Script*

       10. EHB

       11. Affordable Care Act

       12. essential

       13. "zero out of pocket"

       14. "zero OOP"

       15. "zero out-of-pocket"

Those are the very terms that SaveOnSP requested and negotiated. SaveOnSP cannot simply ignore the agreements it reached in discovery and demand a new set of search terms through a motion that it could and should have negotiated originally. SaveOnSP claims that it should not be limited to these terms because it had "no way of knowing" that JJHCS or TrialCard could pull "case-and-task notes" from "a centralized database" at the time of its negotiations. Mot. at 13–14. But that is no answer. The fact that TrialCard searched a non-custodial database to collect and produce those documents does not change the fact that SaveOnSP set forth and agreed to these search parameters.

One other point merits focus. Underpinning SaveOnSP's argument on case-and-task notes is the notion that it is entitled to every scrap of paper about every individual patient that phoned TrialCard about a wide range of issues. But Your Honor has already rejected the notion of such patient-by-patient searches for records on every contact. Last February, Your Honor ruled specifically that JJHCS need not "search and produce records of each individual patient's call history," finding that the request was unduly "burdensome." Dkt. No. 192 at 12–13. Instead, "to strike the proper balance and considering proportionality," Your Honor directed that JJHCS "search for, and produce, documents reflecting the company's enforcement instructions and policy, during

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 8

the entirety of the agreed upon discovery time frame." *Id.* at 13. JJHCS did that. JJHCS's production

of those materials alongside its searches of PAFA+ case-and-task notes using terms negotiated by

SaveOnSP itself should be more than sufficient.

### c. Patient Segmentation Decisions

SaveOnSP's final request is for "[a]ll Patient Segmentation Decisions"—i.e., patient-level

data identifying whether a patient was enrolled into the "CAPa," "CAPm," or "Standard" copay

assistance programs—"for any patients enrolled in CarePath for a drug at issue in this litigation."

Mot. at 8. SaveOnSP acknowledges that JJHCS already has agreed to produce this data, on a patient-

by-patient basis, for Stelara and Tremfya patients enrolled in the CarePath co-pay assistance program

from April 1, 2016 to November 7, 2023. This data set, which reflects the results of any algorithmic

benefits investigations as well as any patient appeals, will include start and end dates for the "Program

Types" (i.e., "CAPa," "CAPm," "Standard," and "Not Enrolled") and any changes in patient

classification made during that time period. JJHCS anticipates producing this data by the end of

February 2025. *See* SaveOnSP Ex. 40 (Jan. 27, 2025 Ltr. from J. Long to E. Snow) at 1.

SaveOnSP nonetheless protests that it needs more because JJHCS purportedly has not agreed

to produce this data for patients taking all Janssen drugs. SaveOnSP is confused. As JJHCS has

repeatedly told SaveOnSP, the only drugs for which CarePath ran a CAP program aimed at identifying

patients in SaveOnSP (or even patients in maximizers generally) were Stelara and Tremfya. With the

exception of three PAH drugs (Opsumit, Tracleer, and Uptravi), the CarePath copay assistance for all

other Janssen drugs did not have a CAP program of any kind during the relevant period. And as noted

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 9

above, the PAH drugs had only a CAPa program, which by definition excluded SaveOnSP from its

scope, and the data relating to even those efforts is not in the PAFA+ database.[4]

## II.    There Is No Need for Custodial Discovery Related to PAFA+

SaveOnSP also moves to compel JJHCS to produce either documents "sufficient to show

which individuals at [JJHCS] had access to PAFA+" or, in the alternative, to "add as a custodian the

most senior person at J&J with access to PAFA+."  Mot. at 1.  Neither demand has merit.

*First*, SaveOnSP's demand for data "to show which individuals at [JJHCS] had access to

PAFA+" is entirely confused.  JJHCS's response to SaveOnSP's lack of mitigation defense is simple.

JJHCS's vendors (i.e., TrialCard and RIS Rx) could not identify SaveOnSP patients with sufficient

accuracy to justify the denial of copay assistance for critical medications.  SaveOnSP's efforts to

evade manufacturer detection lay at the root of that problem.[5]  JJHCS is not arguing that lack of access

---

[4]  SaveOnSP also attempts to justify its expansive demands by claiming that JJHCS would face "no
undue burden" from SaveOnSP's requests because the requested data "is all in the same database"
and SaveOnSP "need not add new custodians or review lengthy email threads."  Mot. at 15.  But
having to re-pull data that has already been produced is by definition unduly burdensome; and so too
would be having to rerun searches for a third time just because SaveOnSP wants to redo its prior
negotiation, or pulling every scrap of records about any individual patient call.

[5] *See, e.g.*, Ex. 7 (Express_Scripts_1350_00012745) at -746 ( ███████████████████████████
███████████████████████████████████████████████████████████ ); Ex. 8 (SOSP_0775633) (
███████████████ ); Ex. 9 (Express_Scripts_1350_00015078) ( █████████████████████████████
█████████████████████████████████████████████████████████████████████████ ); Ex. 10
(Express_Scripts_1350_00022531) at -532 ( █████████████████████████████████████████
███████████████████████████████████████████████████████████████████ ); Ex. 11 (Apr.
24, 2024 Supplemental Interrogatory Responses) at 6–7 ( █████████████████████████████████
███████████████████████████████████████████████████████████ ); Ex. 12
(SOSP_0297353) at 27 ( ████████████████████████████████████████████████████████
███████████████ ).

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 10

to PAFA+ was the reason why it failed to take any steps relevant to mitigation. SaveOnSP therefore is chasing a ghost. It does not need to know who had access to that database or the identity of the senior-most executive with such access because none of that is relevant. And it bears noting that even if it was relevant, this is no simple ask. As requested, SaveOnSP's Request Nos. 103 and 104 are not limited to any particular J&J entity, or any particular time period. JJHCS would effectively be required to somehow compile a listing of all employees with access over a seven-year period. SaveOnSP does not explain how any such demand can be deemed proportionate.

*Second*, SaveOnSP asserts that it wishes to pursue further custodial discovery from persons who had access to the PAFA+ database. But it provides no substantive explanation why such custodial discovery would be merited. *See* Mot. at 8. SaveOnSP's endless demands for more custodians are now bordering on farce. There is no rational basis why SaveOnSP would need custodial discovery from one or more individuals simply because they had some access to a database from which all relevant records have already been produced. And that is especially true given the extensive range of custodial discovery that SaveOnSP has already received relating to JJHCS's efforts to identify patients enrolled in accumulators and maximizers, including JJHCS's CAP programs. *See* Oct. 21, 2024 Order at 3–4 (directing TrialCard and RIS Rx search terms); Oct. 28, 2024 Email Order at 1 (expanding TrialCard search term); *see also* SaveOnSP's Dec. 12, 2024 Motion to Compel at 4–5 (admitting that JJHCS has run four "CAP-related" terms "***for all other custodians***" (emphasis supplied)). These custodians include the individuals responsible for JJHCS's responses to accumulator and maximizer programs—from the highest levels of the company down to the individuals who oversaw daily implementation of the CAP Program. SaveOnSP does not need further

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 11

custodial documents—beyond the thousands of documents that JJHCS already has reviewed and produced—concerning these efforts to mount its mitigation defense.

     *Finally*, SaveOnSP attacks JJHCS and its counsel with regard to various statements during discovery. SaveOnSP's attacks upon JJHCS and its counsel are unseemly and inappropriate. As just one example, SaveOnSP takes issue with JJHCS's response to Interrogatory No. 8, which asked JJHCS to "[i]dentify each individual enrolled in CarePath that JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves has identified (through non-litigation means) as a member of a SaveOnSP-advised plan, and the date on which they made that identification." Ex. 13 (Jan. 31, 2024 Responses & Objections to SaveOnSP's Second Set of Interrogatories) at 4. JJHCS's interrogatory response states that █████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████ *Id.* at 4–6. All of these representations are true and SaveOnSP does not dispute that it has received the promised productions in further response to Interrogatory No. 8. *See* Fed. R. Civ. P. 33(d). Similarly, where JJHCS learned of particular access to PAFA+ relevant to a pending motion it told the Court about that fact. *See* Jan. 15, 2025 Hr'g Tr. at 77:7–8 ("Certain individuals at J&J did have view-only log-in access to [PAFA+]."). SaveOnSP's other complaints are similarly unfounded. But all of this effort at smearing JJHCS amounts to a hill of beans because none of it has any bearing on this core fact: SaveOnSP already has the relevant data in PAFA+ that it purports to seek.

     For the foregoing reasons, the Court should deny SaveOnSP's motion.

Honorable Freda L. Wolfson, U.S.D.J.
February 12, 2025
Page 12

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:  All counsel of record

# Exhibit 1



www.pbwt.com

July 17, 2024

Julia Long
(212) 336-2878

**By Email**

Elizabeth Snow, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

      Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC***,
              **Case No. 2:22-cv-02632 (JKS) (CLW)**

Dear Elizabeth:

      We write in response to SaveOnSP's June 26, 2024 letter concerning the PAFA/ PAFA+ platform.

      Your letter claims that there is a gap in JJHCS's document production, based on a "screengrab of the PAFA+ platform" in a presentation—which, according to SaveOnSP, shows that PAFA+ contains "additional records of Benefits Investigations" outside of those produced by TrialCard. June 26, 2024 Ltr. from E. Snow to J. Long at 1 (citing JJHCS_00231180 at -185). We have investigated this screengrab and have determined that it reflects an entry created for training purposes only; it does not contain actual patient data. And so this screengrab does not reflect any deficiency in TrialCard's production.

      Moreover, any patient data on PAFA+ related to the above-referenced benefits investigations is the same data that TrialCard has already produced. As you know, TrialCard's prior productions include all benefits investigations conducted between January 1, 2022 and November 7, 2023 that sought to determine whether a patient was in a SaveOnSP-advised plan, a maximizer plan, or an accumulator plan for patients taking Stelara or Tremfya who were enrolled in copay assistance, as those records are maintained in the ordinary course of business. *See* Mar. 12, 2024 Ltr. from S. Arrow to H. Miles at 1. Accordingly, there is no basis to revisit TrialCard's production of benefits investigations previously agreed to by the parties.

      We are available to meet and confer.

                        Very truly yours,

                        */s/ Julia Long*
                        Julia Long

# Exhibit 2

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

July 17, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:    ***Johnson & Johnson Health Care Systems Inc. v. Save On SP,
       LLC*** **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

        We write regarding J&J's failure to produce relevant documents prepared
for it by RIS RX ("RIS").

        SaveOn recently received from RIS—and promptly produced to J&J—the
November 2022 Master Services Agreement ("MSA") governing the relationship
between RIS and J&J. *See* RISRX-0001. Under that MSA, ███████████████
███████████████████████████████████████████████████
███████████████████████████████ *. See* MSA § 16.2 ("
███████
███ ). ███████████████████████████████████████████
███████████████████████████████████████████ MSA § 15.1.

        This establishes J&J's control over RIS's R&I. *See* May 28, 2024 Order at 6
("A contractual right to obtain documents in the possession of a third party can
constitute control for Rule 34 purposes."). The exact scope of R&I is readily know-
able to J&J because ███████████████████████████████
███████████████████. *See* MSA § 16.1(c). Judge Wolfson recently held
that J&J controlled the files of another vendor, TrialCard, pursuant to an analo-
gous audit provision. *See* May 28, 2024 Order at 7-8 ("[T]hat the intent of [the
provision] may be on financial audits is of no moment. Indeed, the crux of the 'con-
trol' analysis is whether the parties intended to provide Plaintiff access to certain
documents such that Plaintiff may audit or examine those documents.").

SaveOn requested, and J&J agreed to produce, Benefits Investigations, meaning, in J&J's words, "information received through investigations into whether a patient is affiliated with SaveOnSP or another copay accumulator or maximizer service," *see* Nov. 20, 2023 JJHCS's R&O's to SaveOn's Fourth Requests for Production at 3, in response to Request Nos. 58-59. *See id.* at 6-8; *see also* Oct. 30, 2023 Hr'g Tr. at 60:2-9 ("[W]e have agreed to give them documents that will show all of the final reports that we got from our vendors who were tasked with analyzing this issue, we're trying to find out who is a maximize[r], an accumulator-type program...We are going to give you those through to the present.").

J&J hired RIS to, among other things, conduct benefits investigations and to identify patients on SaveOn-advised health plans. *See, e.g.*, JJHCS_00194316. Despite this request and J&J's control over RIS's R&I, J&J has not produced any benefits investigations or related information it received from RIS.

Please promptly produce (1) all Benefits Investigations performed by RIS of whether any patient taking any Janssen Drug at issue in this case was a member of a SaveOn-advised plan; and (2) all documents and communications "with respect to" those investigations within RIS's possession.

Please respond by July 24, 2024. We are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# Exhibit 3



www.pbwt.com

August 23, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Matthew Nussbaum
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

> Re:  **Possession, Custody, and Control of RIS RX's Documents**
> *Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC*,
> **2:23-cv-02632 (JKS) (CLW)**

Dear Matthew:

We write in response to SaveOnSP's August 13, 2024 letter and further to our letter of August 6, 2024 regarding whether JJHCS has possession, custody, or control of documents held by RIS RX.

In our prior correspondence, we explained that under the November 2022 Master Services Agreement between JJHCS and RIS RX (the "MSA"), JJHCS has the legal right to request ███████████████████████████████████████████████████ ████████████████████████████████████████ MSA § 16.1. Based on that carve-out, as well as the issues in the litigation, we asked SaveOnSP to clarify, with specificity, which documents and communications that SaveOnSP seeks. In your August 13, 2024 letter, SaveOnSP refused to do so, repeating the demand for "all documents and communications 'with respect to' the relevant Benefits Investigations within RIS [RX]'s possession," including but not limited to "communications between J&J and RIS concerning RIS's services, as well as RIS's internal communications regarding its work on behalf of J&J (not including records and information created as part of RIS's ████████████████████████████████████)." August 13, 2024 Ltr. from M. Nussbaum to J. Long at 1.

SaveOnSP's demands are untethered from the Federal Rules of Civil Procedure. As you know, Rule 26 disfavors "unreasonably cumulative or duplicative" discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). There is simply no reason that RIS RX need provide JJHCS with copies of documents already in JJHCS's possession and which are plainly available through party discovery. JJHCS therefore will not request that RIS RX provide it with "communications between J&J and RIS concerning RIS's services," as demanded. August 13, 2024 Ltr. from M. Nussbaum to J. Long at 1.

---

Patterson Belknap Webb & Tyler LLP     1133 Avenue of the Americas, New York, NY 10036     T 212.336.2000     F 212.336.2222

Matthew Nussbaum, Esq.
August 23, 2024
Page 2

Nonetheless, in the interest of compromise, JJHCS has asked RIS RX to provide JJHCS with its internal documents and communications concerning RIS RX's efforts to identify whether patients taking Janssen drugs were also a member of a SaveOn-advised plan during the time period April 1, 2016 to November 7, 2023. We are currently negotiating appropriate search parameters for such a collection with RIS RX.

As to our responses and objections to Request No. 58,[1] as you know, in the nine months since JJHCS served its November 20, 2023 responses and objections to SaveOnSP's Fourth Set of RFPs, Request No. 58 has been the subject of extensive correspondence between the parties. To be clear, in response to Request No. 58, JJHCS previously agreed to "ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search" but that JJHCS would not otherwise search for or produce documents responsive to these Requests. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8. TrialCard has made that production. In your August 13 letter, you ask whether JJHCS "is aware of responsive BIs conducted for it by another company besides TrialCard or RIS [RX]." Aug. 13, 2024 Ltr. from M. Nussbaum to J. Long at 2. JJHCS is not aware of any other benefits investigations that "identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP." SaveOnSP's Fourth Set of RFPs, dated Oct. 20, 2023, at 10.

Please let us know if you have any questions or would like to discuss further.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[1] Request No. 58 seeks "All documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a health plan advised by SaveOnSP." SaveOnSP's Fourth Set of RFPs, dated Oct. 20, 2023, at 10.

# Exhibit 4



August 6, 2024

Julia Long
(212) 336-2878

**VIA EMAIL**

Matthew Nussbaum
Selendy Gay, PLLC
1290 Avenue of the Americas
New York, NY 10104

Re:    **Possession, Custody, and Control of RIS RX's Documents**
       ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***,
       **2:23-cv-02632 (JKS) (CLW)**

Dear Matthew:

         We write in response to SaveOnSP's July 17, 2024 letter regarding whether JJHCS has possession, custody, or control of documents held by RIS RX.

         In your letter, you claim that JJHCS's productions are deficient because JJHCS "agreed to produce[] Benefits Investigations," citing to our November 20, 2023 responses and objections to SaveOnSP's Fourth Set of RFPs, and "JJHCS has not produced any benefits investigations it received from RIS [RX]." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. This incorrectly summarizes the parties' agreement. In response to Request Nos. 58 and 59, JJHCS agreed to "ask TrialCard, Inc. to produce all benefits investigation reports from the Time Period that reflect inquiries about whether a patient taking Stelara or Tremfya is enrolled in an accumulator or maximizer program (including SaveOnSP), to the extent such documents exist and can be located after a reasonable search" but that JJHCS would not otherwise search for or produce documents responsive to these Requests. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8. To be clear, TrialCard has made this production and SaveOnSP has previously acknowledged its receipt. To the extent SaveOnSP claims that JJHCS agreed to provide "final reports" that it received from its "vendors who were tasked with [identifying individuals enrolled in SaveOnSP]" in response to Request No. 49, JJHCS already produced those documents as well. *See, e.g.*, JJHCS_00142017. Accordingly, there is no deficiency in JJHCS's benefits investigation-related productions.

         Nonetheless, you request that JJHCS "promptly produce" two categories of documents: (1) "all Benefits Investigations performed by RIS [RX]; and (2) "all documents and communications 'with respect to' those investigations." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. To be clear, JJHCS has never agreed to "all documents and communications" related to benefits investigations. *See* Nov. 20, 2023 R&Os to SaveOnSP's Fourth Set of RFPs at 6-8; *see*

Matthew Nussbaum, Esq.
August 6, 2024
Page 2

Apr. 26, 2024 Ltr. from I. Eppler to E. Snow at 3-4 (agreeing to limited custodial searches "subject to SaveOnSP's agreement that these search parameters would resolve JJHCS's discovery obligations with respect to these Requests (and not as an offer to SaveOnSP to pocket, to be added to its existing requests without spirit of good faith compromise)").

Instead, you claim that JJHCS has the legal right to obtain upon demand, and thus controls, "[a]ll records and information, in any format, that [RIS RX] receives from, creates, or edits on behalf of [J&J]" ████████████████████
████████ between JJHCS and RIS RX. *See* July 17, 2024 Ltr. from M. Nussbaum to J. Long at 1. We note, however, that the next sentence in Section 16.1 specifically carves out ███████████████
██████████████████████████████████████████████████
████████████ MSA § 16.1. Read together, █████████████████████
██████████████████████████████████████████████████
██████████████████████████████████ *Id.*[1] This includes documents and communications related to RIS RX's proprietary software, which it used to identify patients at risk of being enrolled in accumulator and maximizer programs. *See, e.g.*, JJHCS_00190306.

In an effort to reach agreement, JJHCS is willing to request that RIS RX produce "all Benefits Investigations performed by RIS of whether any patient taking any Janssen Drug at issue in this case was a member of a SaveOn-advised plan." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. JJHCS will not, however, request "all documents and communications 'with respect to' those investigations" without limitation. *See id.* As noted above, SaveOnSP's current request would encompass documents and communications plainly outside of JJHCS's access rights. Nor does SaveOnSP require every "document and communication" related to RIS RX's proprietary software to mount its mitigation defense. If there are other documents and communications that SaveOnSP seeks, JJHCS is willing to consider them. To facilitate JJHCS's forthcoming conferral with counsel for RIS RX, we ask that SaveOnSP provide, with specificity, if there are other documents and communications it seeks. Once SaveOnSP clarifies its request, JJHCS will confer with RIS RX concerning SaveOnSP's demands.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[1] For the avoidance of doubt, JJHCS does not have possession or custody of these documents. *See* Fed. R. Civ. P. 34(a).

15192933

# Exhibit 5

Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Matthew Nussbaum
Associate
212.390.9062
mnussbaum@selendygay.com

December 2, 2024

**Via E-mail**

Julia Long
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
jlong@pbwt.com

Re:     *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC* **(Case No. 2:22-cv-02632-JKS-CLW)**

Dear Julia,

We write in response to your November 12, 2024 letter and further to our November 1, 2024 letter regarding J&J's production of the results of benefits investigations ("BIs") conducted by RISRx.

We identified a number of deficiencies in the production of BIs, some of which you do not appear to have addressed in your November 12, 2024 letter.

**Submitted Date Time:** We asked J&J to confirm that the column "Submitted Date Time" referred to "when the accompanying data was submitted to J&J." Nov. 1, 2024 Ltr. You responded that "JJHCS does not have actual possession or custody of RIS Rx's benefits investigations." Nov. 12, 2024 Ltr. Please let us know what the data in that column represents.

**Other Drugs:** The data J&J produced from RISRx included only the results of BIs for patients on Stelara and Tremfya. We asked J&J to produce BIs regarding "*any* Janssen drug at issue in this case." Nov. 1, 2024 Ltr. You have not responded to that request. Documents produced by J&J, ███████████████ between J&J and RISRx, indicate that ████████████████████████████████████████████ JJHCS_00186983; JJHCS_00193102; JJHCS_00254955. Please confirm that J&J will produce the results of any BIs conducted by RISRx for any drugs other than Stelara and Tremfya, and provide an anticipated production date. If J&J refuses to do so, please clarify whether you are withholding such data or whether, after a reasonable investigation, J&J has concluded that such data does not

exist. If J&J is withholding these documents, please state the basis on which it is withholding them.

**Accumulator/Maximizer BIs:** On October 17, 2024, J&J produced from RISRx the results of BIs that concluded that patients were on a SaveOn-advised plan. In our November 1, 2024 letter, we asked J&J to produce a broader set of BIs that "identified or attempted to identify whether CarePath patients were members of maximizer or accumulator plans." Nov. 1, 2024 Ltr. at 2 (quoting SaveOn's RFP No. 59). In your November 12 letter, you refused, suggesting that SaveOn asked J&J to produce only the results of BIs that concluded that a patient was on a SaveOn-advised plan. Nov. 12, 2024 Ltr. In fact, we asked J&J to produce "all Benefits Investigations performed by RIS of whether any patient taking any Janssen Drug at issue in this case was a member of a SaveOn-advised plan." July 17, 2024 Ltr. from M. Nussbaum to J. Long at 2. SaveOn thus requested the results of all BIs performed to determine *whether* a patient was a member of a SaveOn-advised plan, not just BIs that concluded that a patient *was* a member of a SaveOn-advised plan.

SaveOn asked for all BIs seeking to determine whether patients were on SaveOn-advised plans because, based on J&J's produced documents, it appears that ▮▮▮▮▮▮▮▮▮▮▮▮. This type of BI is called ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ JJHCS_00141284. ▮▮▮▮▮▮▮▮▮▮▮ JJHCS_00164349. It thus appears that RISRx did not run BIs specifically to determine whether a patient was on a SaveOn-advised plan, but instead ran BIs to determine whether patients were likely on an accumulator or maximizer plan, and, if so, the name of the maximizer program. *Id.* All these BIs are relevant and responsive to SaveOn's RFP No. 59 ("[A]ll documents or communications related to Benefits Investigations undertaken by JJHCS or any JJHCS Hub Entity that identified or attempted to identify whether a Person enrolled in CarePath was or could be a member of a Maximizer or Accumulator health plan.").

SaveOn's request aligns with J&J's representation at the October 30, 2023 hearing that J&J had "agreed to give [SaveOn] documents that will show all of the final reports that we got from our vendors who were tasked with analyzing this issue, we're trying to find out who is a maximize[r], an accumulator-type program…. We are going to give you those through the present." Oct. 30, 2023 Hr'g at 60:2-9. SaveOn is not "revisit[ing] its own ask," Nov. 12, 2024 Ltr.; it is asking for the BIs that J&J agreed to produce. Please confirm that J&J will produce the results of all benefits investigations that identified or attempted to identify whether CarePath patients were members of maximizer or accumulator plans.

**Pre-January 25, 2023 BIs:** We noted that J&J's production of BIs from RISRx reflects data only from after January 25, 2023 and asked J&J to produce "all responsive data from before January 25, 2023." Nov. 1, 2024 Ltr. at 2. You did not address this request in your November 12 letter. Please confirm that J&J will produce the results of any BIs conducted by RISRx prior to January 25, 2023, and provide an anticipated production date. If J&J refuses to do so, please clarify whether you are withholding such data or whether,

after a reasonable investigation, J&J has concluded that such data does not exist. If J&J is withholding these documents, please state the basis on which it is withholding them.

      **Responses to BIs:** We asked whether the patients identified in the RISRx data were ever contacted by J&J or an agent of J&J. Nov. 1, 2024 Ltr. You responded that "discovery correspondence is not a forum for free-standing discovery" and invited SaveOn to pose questions at depositions or serve additional interrogatories. Nov. 12, 2024 Ltr. To clarify, the results of BIs produced by TrialCard suggest that such documents exist. *See, e.g.*, TRIALCARD_00008931 (i ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ); TRIAL-CARD_00009752 (same). SaveOn is asking J&J to produce records showing whether and how J&J, RISRx, TrialCard, or any other agent of J&J contacted the identified patients following the receipt of the results of the BIs. Such records are responsive to SaveOn's RFP Nos. 9, 33, 40, 49, 58, 59, and 90. Please confirm that J&J will produce these documents. If J&J is withholding these documents, please state the basis on which it is withholding them.

      We request a response by December 9, 2024. We reserve all rights and are available to meet and confer.

Sincerely,

/s/ Matthew Nussbaum

Matthew Nussbaum
Associate

# Exhibit 6



www.pbwt.com

January 17, 2025

Julia Long
(212) 336-2878

**VIA EMAIL**

Hannah Miles, Esq.
Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104

      Re:     ***Johnson & Johnson Health Care Systems, Inc. v. Save On SP, LLC***
            **No. 2:22-cv-02632 (JKS) (CLW)**

Dear Hannah:

      We write in response to your January 10, 2025 letter and further to our letters dated October 3, 2024, November 14, 2024, and December 18, 2024 concerning an alleged deficiency in JJHCS's production.

      In your January 10, 2025 letter, you again ask that JJHCS run two search terms[1] for the period January 1, 2021 to November 7, 2023 to capture documents related to "the Erleada CAP program."  Jan. 10, 2025 Ltr. from H. Miles to J. Long at 2.  We do not agree to do so.  As we have now explained over three letters, SaveOnSP's proposed search terms are not designed to capture responsive documents.  This is because, unlike Stelara and Tremfya, there was no change to the Erleada terms and conditions during the identified period—let alone one that "limit[ed]," "eliminate[d]," or otherwise changed the amount of co-pay assistance available to maximizer patients to "[$]6,000," as referenced in the first of SaveOnSP's proposed search terms.  SaveOnSP's second term is similarly ill-suited to capture responsive material because, again, the Erleada terms and conditions did not change or otherwise institute a CAP program during the relevant time period.  We are also concerned that SaveOnSP has made no effort to limit its search

---

[1] Those terms are reflected in red below:

- (Erleada OR "ERL" OR STELARA* OR TREMFYA* OR CarePath OR JCP OR "Savings Program") w/25 (6000 OR 6,000 OR limit OR eliminate)

- (revis* OR rewrit* OR chang* OR maximizer* OR accumulator*) AND (term* OR condition*) w/50 (Stelara OR Tremfya OR Erleada OR "ERL") w/50 (CarePath OR "Care Path" OR CP OR JCP OR "WithMe")

Hannah Miles, Esq.
January 17, 2025
Page 2

to individuals who would have focused on oncology patient access issues during the relevant time period.[2]

Finally, you ask that we "disclose whether J&J 'is implementing or considering implementing a CAP program or similar program for any other drugs at issue in this litigation.'" Jan. 10, 2025 Ltr. from H. Miles to J. Long at 2. We again remind you that discovery correspondence is not a replacement for the discovery devices provided in the Federal Rules. Nonetheless, the parties existing search terms, which again are not drug specific,[3] are more than sufficient to capture existing correspondence concerning any supplemental program. *See, e.g.*, JJHCS_00263219.

Very truly yours,

*/s/ Julia Long*
Julia Long

---

[2] We appreciate that you now have clarified which custodians are at issue, despite us raising this issue two months ago. *See* Nov. 14, 2024 Ltr. from J. Long to M. Miles. To the extent that you claim this was clear from your September 5, 2024 letter, we disagree. Indeed, we only asked you to clarify the scope of SaveOnSP's request after SaveOnSP sought to expand proposed custodians on a separate search term after months of negotiations. *See* Oct. 21, 2024 Ltr. from H. Miles to J. Long (requesting expanded list of custodians as to TrialCard-related search term).

[3] *E.g.*, (CAPa OR CAPm OR "adjustment program") AND (accumulat* OR maximiz*).

# Exhibits 7-10 Confidential

# Filed Under Seal

# Exhibit 11

E. Evans Wohlforth, Jr.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy (*admitted pro hac vice*)
Andrew R. Dunlap (*admitted pro hac vice*)
Meredith Nelson (*admitted pro hac vice*)
Elizabeth Snow (*admitted pro hac vice*)
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAVE ON SP, LLC,<br><br>Defendant. | Civil Action No. 22-2632 (JKS) (CLW)<br><br>**DEFENDANT'S SUPPLEMENTAL RSPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |

To:    Jeffrey J. Greenbaum, Esq.
       SILLS CUMMIS & GROSS, P.C.
       One Riverfront Plaza
       Newark, New Jersey 07102
       973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq.
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York

*Attorneys for Plaintiff Johnson & Johnson*
*Health Care Systems Inc.*

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Civil Rule 33.1, Defendant Save On SP, LLC ("SaveOnSP"), by and through its undersigned counsel, hereby supplements its Responses and Objections to Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS") Interrogatory Nos. 2, 17, 18 and 20, contained in SaveOnSP's previously-served Responses and Objections. These responses should be deemed to supplement and amend SaveOnSP's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. If SaveOnSP learns that in some material respect its responses are incomplete or incorrect, SaveOnSP will supplement or correct them if the additional or corrective information has not otherwise been made known to JJHCS during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). SaveOnSP's responses to these Interrogatories are based on information available to it at the time it made them. SaveOnSP reserves the right to modify or supplement its responses.

## **GENERAL OBJECTIONS**

1.      JJHCS does not limit any of its Interrogatories to nonprivileged material. Save-OnSP objects to each Interrogatory to the extent that it seeks a disclosure of information which is subject to the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privileges, immunities, or doctrines.

2

2.      JJHCS does not limit any of its Interrogatories to information withing SaveOnSP's possession, custody, or control. SaveOnSP objects to each Interrogatory to the extent that it seeks disclosure of information that is not within SaveOnSP's possession, custody, or control that SaveOnSP can locate after a reasonable inquiry.

## OBJECTIONS TO DEFINITIONS

3.      SaveOnSP objects to the definition of "SaveOnSP" as including attorneys and accountants who may be outside of SaveOnSP's possession, custody, and control. SaveOnSP interprets the term "SaveOnSP" to mean SaveOnSP, LLC, and any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, and all persons or entities acting or purporting to act on behalf or under the control of SaveOnSP, LLC.

4.      SaveOnSP objects to the definition of "SaveOnSP Program," as described in Complaint ¶¶ 9-17, because it mischaracterizes SaveOnSP's services. SaveOnSP will not use this definition.

5.      SaveOnSP objects to the definition of "You" and "Your" to the same extent that it objects to the definition of "SaveOnSP."

6.      SaveOnSP objects to the term "or other substance" in the definition of "Pharmaceutical Manufacturer" as vague and ambiguous. SaveOnSP will interpret the term "Pharmaceutical Manufacturer" to mean any entity that develops, produces, manufactures, creates, licenses, or distributes any pharmaceutical, drug, or medicine used in the treatment, cure, prevention or diagnosis of any illness, disease, disorder, or other condition.


Dated:  April 24, 2023               By: /s/      E. Evans Wohlforth, Jr.
                                     E. Evans Wohlforth, Jr.
                                     **ROBINSON & COLE LLP**

3

666 Third Avenue, 20th Floor
New York, NY 10174
212-451-2954
ewohlforth@rc.com

Philippe Z. Selendy
Andrew R. Dunlap
Meredith Nelson
Elizabeth Snow
**SELENDY GAY PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
pselendy@selendygay.com
adunlap@selendygay.com
mnelson@selendygay.com
esnow@selendygay.com

*Attorneys for Defendant Save On SP, LLC*

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NOS. 2, 17, 18, AND 20**

**INTERROGATORY NO. 2:**

Describe, in as much detail as possible, Your involvement in the creation and use of the presentation found at https://vimeo.com/513414094 (hereinafter, SaveOnSP IPBC Video) as discussed in the Complaint (see, e.g., Compl. ¶¶ 9–11, 53–56).

**RESPONSE:**

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

5

**INTERROGATORY NO. 17:**

Describe, in as much detail as possible, all measures that You have utilized to prevent any Pharmaceutical Manufacturer or manufacturers from being able to identify Your employees or representatives as being affiliated with SaveOnSP, or to make it more difficult for them to do so.

**RESPONSE:**

███████████████████████████████████████

█████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████████

████████████████████

SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**INTERROGATORY NO. 18:**

Describe, in as much detail as possible, all measures that You have utilized to prevent Your current or former employees from communicating with JJHCS or others with regard to Save-OnSP's conduct at issue in this lawsuit, or to make it more difficult for them to do so.

**RESPONSE:**

███████████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

SaveOnSP designates its response to this Interrogatory as Confidential under the Discovery

Confidentiality Order, so-ordered November, 22, 2022, ECF No. 62.

**INTERROGATORY NO. 20:**

Describe, in as much detail as possible, each instance where and all circumstances under which You have instructed Your representatives or employees to lie to, mislead, or deceive Pharmaceutical Manufacturers including with regard to their affiliation with SaveOnSP.

**RESPONSE:**



SaveOnSP designates its response to this Interrogatory as Attorneys' Eyes Only under the

Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

## CERTIFICATION OF SAVE ON SP, LLC

     I, Jody Miller, am the President of Save On SP, LLC ("SaveOnSP"). I am authorized to submit this certification on behalf of SaveOnSP. I certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, SaveOnSP and I are subject to punishment. I certify that in responding to the foregoing Interrogatories, I have furnished all information available to SaveOnSP, its agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

               Save On SP, LLC

               By: _____
                   Jody Miller
                   President

Date: April 23, 2024

Exhibit 12 Confidential

Filed Under Seal

# Exhibit 13

Jeffrey J. Greenbaum, Esq.
Katherine M. Lieb, Esq.
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza Newark,
New Jersey 07102
973-643-7000

Adeel A. Mangi, Esq.
Harry Sandick, Esq. (admitted *pro hac vice*)
George LoBiondo, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10035

*Attorneys for Plaintiff Johnson & Johnson Health Care
Systems Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, <br><br> Defendant. | Civil Action No. 22-2632 (JMV) (CLW) <br><br> **PLAINTIFF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SAVE ON SP, LLC'S SECOND SET OF INTERROGATORIES** |

Pursuant to the Court's November 7, 2023 Order, Johnson and Johnson Health Care Systems, Inc. ("JJHCS") submits these supplemental responses to Save On SP, LLC's ("SaveOnSP") First Set of Interrogatories (the "Interrogatories"). (*See* Dkt. No. 173.) JJHCS reserves the right to amend, modify, or supplement these responses.

## GENERAL OBJECTIONS

JJHCS incorporates each of the General Objections below into its specific objections to each Interrogatory, whether or not each such General Objection is expressly referred to in JJHCS's objections to a specific Interrogatory. JJHCS's investigation of facts related to this Action is ongoing. It reserves the right to supplement, amend, modify, or correct its responses under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this Action. The following responses and objections are based upon information known at this time.

1.      JJHCS objects to the Interrogatories to the extent that they seek material or information protected from disclosure by a privilege including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any privilege recognized by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or relevant case law.

2.      JJHCS objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense or to the subject matter of this litigation. Any response JJHCS makes to any Interrogatory shall not be deemed an admission that the response, information, document, or thing produced is relevant to a claim or defense or to the subject matter of this litigation, is reasonably calculated to lead to the discovery of admissible evidence, is material, or is admissible as evidence.

3.      JJHCS objects to the Interrogatories to the extent that they are vague and/or

1

14805981

ambiguous.

4.      JJHCS objects to the Interrogatories to the extent that they require interpretation or legal analysis by JJHCS in providing a response.  JJHCS responds to the Interrogatories as it interprets and understands each Interrogatory as set forth.  If SaveOnSP subsequently asserts an interpretation of any Interrogatory that differs from JJHCS's understanding of that Interrogatory, JJHCS reserves the right to modify or supplement its objections and responses.

5.      JJHCS objects to the Interrogatories to the extent that they are duplicative of document requests, other interrogatories, and/or other discovery requests.

6.      JJHCS objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate assertions that are disputed, erroneous, or irrelevant to the Action. JJHCS further objects to the Interrogatories to the extent that they assume facts that do not exist or the occurrence of events that did not take place.

7.      JJHCS objects to the Interrogatories to the extent that they seek information relating to any business affairs other than those that are the subject of the Action.

8.      JJHCS objects to the Interrogatories to the extent that they seek information that is not in JJHCS's possession, custody, or control.

## OBJECTIONS TO DEFINITIONS

1.      JJHCS objects to the definition of the term "Janssen" to the extent the term is used to seek information in the possession of entities other than JJHCS.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.

2

2.      JJHCS objects to the definition of the term "JJHCS" to the extent it purports to include attorneys, accountants, or others who may be outside of JJHCS's control.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to extent it purports to include "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, . . . agents, [or] representatives" or purports to include entities and persons acting or purporting to act on behalf of or under the control of entities other than Johnson & Johnson Healthcare Systems, Inc.

3.      JJHCS objects to the definition of the term "JJHCS Hub Entity" as vague and as irrelevant to the extent it purports to include entities other than those within JJHCS responsible for administering CarePath from August 1, 2016 to the November 7, 2023.  JJHCS further objects to the definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf" of those entities.  JJHCS further objects on the ground that the phrase "administer, in whole or in part, CarePath" is vague and ambiguous.  JJHCS further objects to the extent the term is used to seek information in the possession of entities other than JJHCS.

4.      JJHCS objects to the definition of the term "Lash Group" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any and all predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control

of The Lash Group, Inc." JJHCS further objects to the extent the term is used to seek information

in the possession of entities other than JJHCS.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 8

Identify each individual enrolled in CarePath that JJHCS, Janssen, a JJHCS Hub Entity, or other entity working on any of their behalves has identified (through non-litigation means) as a member of a SaveOnSP-advised plan, and the date on which they made that identification.

**Response:**

4

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY" under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.

**Supplemental Response Pursuant to the Court's November 7, 2023 Order:**

14805981

6

JJHCS designates its response to this Interrogatory as "ATTORNEYS' EYES ONLY"

under the Discovery Confidentiality Order, so-ordered November 22, 2022, ECF No. 62.


Dated: January 31, 2024

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By:    /s/Jeffrey J. Greenbaum
        JEFFREY J. GREENBAUM
        KATHERINE M. LIEB


PATTERSON BELKNAP WEBB & TYLER LLP
Adeel A. Mangi
Harry Sandick (admitted *pro hac vice*)
George LoBiondo
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiff*
*Johnson & Johnson Health Care Systems Inc.*

7

## CERTIFICATION

1. I am authorized by JJHCS to execute these Responses to Interrogatories on its behalf.

2. I have read the attached Responses to SaveOnSP's Second Set of Interrogatories dated January 31, 2024.

3. The Responses are based upon my personal knowledge, upon information supplied to me by others, and upon JJHCS's documents, books, and records.

4. As to Responses based upon my personal knowledge, they are true to the best of my knowledge. As to Responses based upon information supplied to me by others and upon JJHCS's documents, books, and records, I believe those answers to be true.

I certify that the foregoing is true and correct.


Dated: January 31, 2024

Debbie Kenworthy


8