**Appendix A to the Declaration of E. Evans Wohlforth, Esq.**

| Document Title/ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter dated February 12, 2025 [ECF No. 526] | Letter motion characterizes and quotes directly from communications between employees for Save On SP, LLC ("SaveOn"), Express Scripts, Inc. ("ESI"), and Accredo Health Group, Inc. ("Accredo") (collectively "Defendants"). These communications, produced during discovery, contain information about Defendants' business practices for contacting patients and manufacturers, comprising proprietary business information. *See*, e.g., ECF No. 526 Exhibits 7-12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the letter motion is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

| Exhibit 8 to letter dated February 12, 2025 [ECF No. 526] | Exhibit 8 is an email from employees of ESI to employees of SaveOn and an ESI health plan client. The email communicates to the health plan client SaveOn's business practices in response to changes to copay assistance programs, comprising proprietary business information. *See* ECF No. 526 Ex. 8. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |
|---|---|---|---|---|---|
| Exhibit 11 to letter dated February 12, 2025 [ECF No. 526] | Exhibit 11 is SaveOn's Supplemental Responses and Objections to Johnson & Johnson Healthcare Systems Inc.'s ("J&J") Interrogatory Nos. 2, 17, 18, and 20. The R&Os disclose SaveOn's strategy for drafting marketing material regarding its services and SaveOn's business practices for communicating with drug manufacturers, comprising proprietary business information. *See* ECF No. 526 Ex. 11. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information and strategy be disclosed to competitors and other market participants. | A redacted, public version of the R&Os is being filed. It is believed that no less restrictive alternative is available to prevent the disclosure of SaveOn's proprietary business information. | No | No objection |

2

| Exhibit 12 to letter dated February 12, 2025 [ECF No. 526] | Exhibit 12 is a spreadsheet containing information about SaveOn employees' calls with patients on SaveOn-advised health plans, comprising confidential health information about the patients and proprietary information about SaveOn's business practices for communicating with patients. *See* ECF No. 526 Ex. 12. | If relief is not granted, SaveOn would be at a competitive disadvantage should its proprietary non-public business information be disclosed to competitors and other market participants. Patients would also be harmed by the disclosure of their confidential health information. | It is believed that no less restrictive alternative than filing the exhibit entirely under seal is available to prevent the disclosure of SaveOn's proprietary business information and patients' confidential health information. | No | No objection |

3