Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
*Counsel of Record for Defendant Express Scripts, Inc.*

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVE ON SP, LLC, EXPRESS SCRIPTS, INC., and ACCREDO HEALTH GROUP, INC., <br><br> Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Civil No. 22-2632 (JKS) (CLW) <br><br> **DECLARATION OF MARK A. BERMAN IN SUPPORT OF MOTION TO SEAL** |

MARK A. BERMAN, of full age, hereby declares as follows:

1. I am a member of Hartmann Doherty Berman & Bulbulia LLP, attorneys for Defendant Express Scripts, Inc. ("ESI").

2. I submit this Declaration in support of the motion of Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), Save On SP, and ESI to seal the letters and supporting exhibits filed by the parties in connection with SaveOn's February 5, 2025 Motion to Compel JJHCS to Produce Documents from PAFA+

1

(the "PAFA+ Motion"), with related briefing filed on February 13, 2025 and March 11, 2025 (ECF Nos. 511, 526, 554).

3. ESI seeks to seal portions of ECF No. 526 under Local Civil Rule 5.3(c).

4. ESI joins in the proposed public version of the opposition to the PAFA+ Motion (ECF No. 526) in Exhibit B to the Greenbaum Declaration, to the extent that it redacts references to the exhibits ESI seeks to seal—specifically, the references on page 9, footnote 5, to exhibits 7, 9, and 10. As shown, ESI is proposing the redaction of limited, confidential information from the letters and their exhibits.

5. Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . ." The single consolidated motion shall include: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

6. In support of this motion, ESI has prepared an index, attached hereto as Exhibit A, setting forth the information in the PAFA+ Motion sought to be sealed and the basis for the request.

7. The parties have reviewed each other's proposed redactions, and none of the parties have objected to the sealing of any of the confidential materials subject to this motion.

8. The Amended Complaint alleges that ESI and Accredo Health Group, Inc. along with SaveOn tortiously interfered with Plaintiff JJHCS's patient assistance program, CarePath. The Complaint asserts three causes of action against ESI and Accredo: (1) Tortious Interference with Contract; (2) Conspiracy to Tortiously Interfere with Contract; and (3) Aiding and Abetting Tortious Interference with Contract.

9. This Court so ordered the parties' Discovery Confidentiality Order on November 22, 2022. (ECF No. 62).

10. After being added as Defendants, ESI and Accredo indicated their respective consent to be bound to the Discovery Confidentiality Order.

11. In addition to joining in the redaction of the briefing, ESI seeks to seal in their entirety Exhibits 7, 9, and 10 to the opposition to the PAFA+ Motion.

12. Exhibit B to the Greenbaum Declaration, as it relates to the exhibits ESI seeks to seal, proposes limited redactions to the letters and exhibits that are the

subject of this motion to seal.

13. The proposed redactions directly pertain to the discussion of the confidential exhibits identified in this motion, which the parties have treated as confidential during the litigation.

14. ESI has a substantial and legitimate interest in protecting the proprietary nature of its confidential business information from being disclosed to the public. For that reason, ESI's interest in maintaining the confidentiality of these documents is paramount.

15. The parties have continued to safeguard and protect the confidentiality of these confidential materials during the course of this action.

16. Sealing these documents is the least-restrictive alternative means to protect ESI's highly confidential information, as there is no other way to protect against the disclosure of this confidential information.

17. Attached as Exhibit A is an index documenting all the materials ESI seeks to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted, and why a less restrictive alternative to the relief sought is not available.

18. In summary, the information that ESI seeks to protect from public disclosure is ESI's proprietary business information. *Goldenberg v. Indel, Inc.*, 2012

WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

19. Accordingly, ESI respectfully asks the Court to seal the unredacted version of ECF No. 526.

20. ESI submits that there is no less restrictive alternative available.

21. The parties submit that they have satisfied the criteria for sealing a judicial record under Local Civil Rule 5.3. Accordingly, they request that the Court grant their joint motion to seal these materials.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2025

_____
Mark A. Berman, Esq.