

**Freda L. Wolfson**
Chief U.S. Dist. Judge (ret.)
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

T: (862) 926-2708
F: (973) 597-2400
E: fwolfson@lowenstein.com

# SPECIAL MASTER LETTER ORDER

April 29, 2025

*VIA ECF and Email*
**TO ALL COUNSEL OF RECORD**

    RE:    *Johnson & Johnson Health Care Systems, Inc. v. SaveOnSP, LLC, et al.*
            **Civ. Action No.: 22-2632(CCC)(CLW)**

Counsel:

Defendant SaveOnSP, LLC ("SaveOnSP" or "Defendant") filed a motion to compel *in camera* review with regard to certain withheld and redacted documents identified on Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS" or Plaintiff") privilege log. In its motion, Defendant SaveOnSP, LLC ("SaveOnSP" or "Defendant") initially identified ten categories of issues with Plaintiff Johnson & Johnson Health Care Systems Inc.'s ("JJHCS" or Plaintiff") designated privileged documents, encompassing 4,277 documents. These categories include:

    1.    Fully withheld standalone documents with no indicia of legal advice

    2.    Fully withheld emails and attachments to emails with no lawyers involved

    3.    Fully withheld emails and attachments with no lawyer in the top email

    4.    Fully withheld documents containing some business information

    5.    Fully withheld calendar entries and meeting invitations

    6.    Withheld or redacted documents shared with numerous recipients

7. Documents that do not relate to this litigation despite privilege log narrative

8. Documents with inaccurate privilege log narratives

9. Documents with non-lawyers indicated as lawyers

10. Improperly redacted documents

Defendant selected representative samples from each category—totaling 322 documents—and requested that I conduct an *in camera* review. In its Opposition Brief, Plaintiff concedes that it erroneously withheld or redacted over 2,200 documents, including 1,489 of the 4,277 documents identified by Defendant in this motion. Plaintiff further represents that, since the filing of this motion, it has corrected its designations and produced 250 of the 322 sample documents—either in full or with more limited redactions—and has served a revised privilege log. Plaintiff accuses Defendant of prematurely filing this motion while the parties were continuing to confer on privilege issues, and maintains that it is still in the process of modifying its designations. Plaintiff contends that its revisions and subsequent productions render the motion substantially moot.

Defendant, however, argues that Plaintiff's corrections do not resolve its privilege concerns. According to Defendant, the 250 sample documents produced by Plaintiff represent only a fraction of the more than 4,000 documents at issue. Defendant further asserts that the sheer number of revisions made by Plaintiff highlights a pervasive issue with its privilege designations and that these problems extend to numerous documents that Plaintiff has yet to address.

The party seeking an *in camera* review bears the burden of showing an adequate factual basis to support a good faith belief that such a review is necessary. *See Speth v. Goode*, 607 Fed. Appx. 161, 165 (3d Cir. 2015); *see also United States v. Zolin*, 491 U.S. 554, 572 (1989); *Renner v. Chase Manhattan Bank*, No. 98-926, 2001 U.S. Dist. LEXIS 9766, at *12 (S.D.N.Y. July 13, 2001) (finding *sua sponte in camera* review appropriate where "there has been at least some showing, however preliminary and indeterminative, that [the] communications may not be protected by the attorney-client privilege"); *Graham v. Monmouth Cnty. Bldgs. & Grounds*, No. 19-18763, 2022 U.S. Dist. LEXIS 30573, at *12-13 (D.N.J. Feb. 22, 2022) (finding that without an *in camera* review, the court cannot "make a full evaluation . . . to avoid the risk of ordering the disclosure of protected information"); *See ACLU of N.J. v. F.B.I.*, 733 F.3d 526, 534 (3d Cir. 2013) (noting that district courts have the discretion to utilize *in camera* procedures in "circumstances involving sensitive information"). Indeed, this type of review provides the court with the appropriate context within which to determine whether the privilege claims challenged by a party have been appropriately asserted. *Munich Reinsurance Am., Inc. v. Am. Nat'l Ins. Co.*, No. 09-6435, 2011 U.S. Dist. LEXIS 41826, at *83 (D.N.J. Apr. 18, 2011).

Here, Defendant has provided sufficient factual bases to warrant an *in camera* review. First, the extent to which Plaintiff has redesignated a substantial number of documents supports a finding that additional documents may have been erroneously designated or redacted on the basis of privilege. Although Plaintiff maintains that its privilege review is ongoing, the significant number of remaining documents identified

3

by Defendant as potentially non-privileged justifies *in camera* review to ensure that privilege has been appropriately asserted.

More importantly, the examples provided by Defendant in each of the identified categories raise concerns regarding the privileged status of the withheld documents. I have reviewed Plaintiff's revised privilege log[1] and, like Defendant, question the appropriateness of certain designations. For example, Plaintiff has withheld an entire JALT slide presentation on the basis that the slides purportedly reflect counsel's legal advice regarding product marketing in connection with ongoing litigation. While it is conceivable that discrete slides could contain privileged information subject to redaction, Plaintiff's decision to withhold the entirety of the presentation gives me pause.

Moreover, several documents identified by Defendant appear to be primarily business-related yet have been withheld on privilege grounds. *See, e.g.*, PL000007597 (draft CAP program FAQs); PL000005052 (presentation regarding Stelara and Tremfya terms and conditions); PL000002210 (draft marketing material); PL000006382 (draft product marketing); and PL000004015 (draft letter to SaveOnSP). The document with bates stamped number PL000001432 exemplifies this concern. The document is described as an Erleada accumulator report/spreadsheet, which, on its face, appears to be business in nature. Plaintiff has withheld this document on the ground that it was sent to counsel to facilitate the rendering of legal advice. However, absent evidence that the document

---

[1] The parties are directed to include a "Key" with the future submission of privilege logs, identifying all individuals listed, along with their titles and roles. Without this information, assessing privilege becomes unnecessarily difficult and time-consuming.

4

was created for the purpose of obtaining legal advice—as opposed to being generated in the ordinary course of business and subsequently forwarded to counsel—neither Defendant nor I can conclude that the document is protected by the attorney-client privilege. If the document was prepared in the normal course of business, privilege would not attach. There were many others like it. *See, e.g.*, PL000001176 (seemingly business related documents regarding maximizer solution brainstorm); PL000003020 (Erleada sponsor meeting); PL000004287 (CoPay terms and conditions presentation).

I also share Defendant's concern regarding purported privileged communications that seemingly do not involve any attorneys. As such on the face of the privilege log, it is difficult to discern whether privilege was asserted properly. *See, e.g.*, PL000000964; PL000001814; PL000004651; PL000007729.

Defendant further points out that certain privileged documents and communications were shared with a wide audience, which potentially undermines the assertion of privilege. *See, e.g.*, PL000003161 (redacted email communications regarding "American Express Presentation Materials—CAP" sent to numerous non-attorney recipients); PL000007183 (redacted email sent to 274 recipients); PL000007233 (redacted email sent to 299 recipients); PL000005475 (redacted email sent to 95 recipients). Having reviewed examples referenced by Defendant, it is difficult to discern the privileged nature of communications/documents only with the descriptions on the privilege log, without examining the documents. Absent a review, I must question whether privilege was indeed properly asserted.

5

Next, I reviewed Defendant's references to documents and/or communications that were created years ago which, Defendant argues, should in no way relate to the current litigation such that the work product doctrine would apply. I, too, question whether work product applies when disputed emails were sent long prior to this litigation. *See, e.g.*, PL000000104 (July 2018); PL000007252 (August 2018); PL000007253 (August 2018); PL000000204 (October 2018); PL000000392 (April 2019); PL000000401 (April 2019). And, the privilege log does not shed light on whether the purported privileged nature of the communications relates to this, or any other, litigation.

Finally, Defendant also raises issues with other categories of documents, as outlined *supra*. Without further delving into the specifics of each remaining category, I have reviewed the privilege log entries as they pertain to the sample documents selected by Defendant, and, as with the categories discussed above, I find that Defendant has met the low threshold for demonstrating that an *in camera* review is appropriate. However, I will limit the review to 15 documents from Defendant's selected samples for each category. Defendant shall submit its revised list by May 5, 2025, and Plaintiff shall produce those documents for my *in camera* review by May 12, 2025. [2] Thereafter, I will render a written decision to resolve this issue. Accordingly, this motion will not be argued during the May 7, 2025 motion hearing.

---

[2] My review may be further limited to the extent Plaintiff voluntarily produces additional documents that appear on Defendant's revised list.

6

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master

7