**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br>**SAVE ON SP, LLC, et al.,**<br><br>Defendants. | Civil Action No.: 22-2632 (CCC)(CF)<br><br>**SPECIAL MASTER REPORT AND RECOMMENDATION** |

**Hon. Freda L. Wolfson (ret.), Special Master:**

Plaintiff Johnson & Johnson Health Care Systems Inc. ("Plaintiff" or "JJHCS") moves, pursuant to Federal Rules of Civil Procedure 15(d) and 16(b), for leave to supplement its Third Amended Complaint to add an allegation concerning IMAAVY, a drug that was recently added to the SaveOnSP drug list. Defendants SaveOnSP, LLC, Express Scripts, Inc. and Accredo Health Group, Inc. (collectively, "Defendants") do not oppose the requested supplementation.

Although the parties consent to the relief sought, the proposed supplementation concerns the operative pleading and is not a discovery matter within the scope of my decisional authority as Special Master. Accordingly, the Court must ultimately determine whether supplementation should be granted. Because the motion is unopposed, I submit this Report and Recommendation ("R&R") directly to the Court for its consideration and adoption. Nevertheless, the parties' consent does not dispense with the need for an independent determination that the proposed supplementation is appropriate under

Rules 15 and 16. For the reasons that follow, I recommend that Plaintiff's motion be **GRANTED**.

## I. BACKGROUND

Plaintiff seeks to make a single substantive addition to paragraph 180 of the Third Amended Complaint, which amounts to only one sentence. As a summary, the existing pleading alleges that, beginning in 2024, JJHCS incorporated into the terms and conditions of certain CarePath copay-assistance programs language expressly addressing SaveOnSP. Among other things, those terms provide that a patient whose insurance company or health plan partners with SaveOnSP is not eligible to use CarePath and that patients subject to services administered by SaveOnSP are likewise ineligible for CarePath assistance.

The proposed amendment alleges that, in April 2025, JJHCS added those same terms to the copay-assistance program for IMAAVY. The proposed pleading attaches the applicable IMAAVY terms and conditions as Exhibit D. I have reviewed the parties' correspondence with each other on this issue. Indeed, consistent with the parties' communications, Plaintiff seeks to include the new allegation because Defendants disclosed in August 2026 that IMAAVY had been added to a SaveOnSP drug list effective January 1, 2026. In that regard, Plaintiff moves to bring the alleged interference involving IMAAVY within the claims already asserted concerning Defendants' alleged interference with CarePath agreements containing SaveOnSP-specific restrictions.

## II. DISCUSSION

I need not belabor the governing standards under Rules 15 and 16. The parties are well acquainted with those standards from the prior motions to amend and supplement litigated in this action. I incorporate by reference my prior R&Rs addressing those motions, including my February 24, 2025 R&R concerning Plaintiff's request to supplement its pleading with allegations based on updated CarePath terms and conditions.[1]

---

[1] Although Plaintiff styles its application as a motion to supplement under Rule 15(d), the requested relief is more properly treated as a motion to amend under Rule 15(a). As explained in my February 24, 2025 R&R, Rule 15(d) permits a supplemental pleading only when it sets forth a "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Thus, the relevant inquiry is when the underlying events occurred in relation to the filing of the operative pleading—not when the moving party discovered those events or decided to assert allegations based upon them. In the prior R&R, I concluded that Plaintiff could not proceed under Rule 15(d) where the proposed allegations predated the amended complaint it sought to supplement; instead, Plaintiff was required to satisfy Rules 16 and 15(a). *See* Feb. 24, 2025 R&R at 11–13. The same reasoning applies here. JJHCS alleges that it added the relevant terms and conditions to the IMAAVY copay-assistance program in April 2025 and that IMAAVY was added to a SaveOnSP drug list on January 1, 2026. Both events occurred before Plaintiff filed the operative Third Amended Complaint in June 2026. Plaintiff's assertion that it did not learn of IMAAVY's inclusion on a SaveOnSP drug list until August 2026 is relevant to whether Plaintiff acted diligently and has demonstrated good cause under Rule 16(b)(4), but it does not transform those preexisting events into post-pleading events governed by Rule 15(d). Accordingly, notwithstanding Plaintiff's characterization of its application, I analyze the requested relief as a motion to amend under Rule 15(a), subject to Rule 16(b)(4). Because courts generally consider the same factors—including undue delay, bad faith, prejudice, and futility—when evaluating proposed amendments and supplemental pleadings, this distinction does not alter the outcome of the present motion.

**A. Good Cause and Undue Delay**

Because the deadline to amend the pleadings has passed, Plaintiff must first demonstrate good cause under Rule 16(b)(4). That inquiry principally considers the moving party's diligence. *See Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). Good cause exists here. Although JJHCS added the relevant terms to the IMAAVY copay-assistance program in April 2025, Plaintiff explains that it did not learn that IMAAVY had been added to a SaveOnSP drug list until Defendants disclosed that fact in August 2026. Defendants represented that IMAAVY was first added to a SaveOnSP drug list on January 1, 2026, but that they did not learn of the addition until later and promptly informed Plaintiff. Plaintiff thereafter circulated its proposed supplementation, conferred with Defendants, and filed this motion after obtaining their consent. On this record, Plaintiff could not reasonably have asserted a claim based on SaveOnSP's inclusion of IMAAVY before learning that the drug had been added to a SaveOnSP list. Plaintiff acted diligently after receiving that information. Accordingly, Plaintiff has demonstrated good cause under Rule 16 and did not unduly delay in filing this motion.

**B. Prejudice**

The proposed amendment will not prejudice Defendants. The substantive amendment consists of one sentence in paragraph 180 and does not introduce a new legal theory. It applies Plaintiff's existing theory of liability to an additional drug allegedly subject to the same CarePath restrictions and the same SaveOnSP conduct already at issue. The parties also have addressed the reciprocal production of IMAAVY-related documents and transactional data. Most significantly, Defendants have reviewed the

proposed pleading and consent to the requested amendment. There is therefore no basis to conclude that the amendment will impose an unfair burden, require materially different discovery, or delay resolution of the action. Therefore, I do not find prejudice as an impediment to Plaintiff's amendment.

**C. Futility**

Finally, the proposed amendment is also not futile. As I explained in my February 24, 2025 R&R, each alleged instance of tortious interference occurs when Defendants interfere with an individual patient's CarePath agreement. Because each such agreement constitutes a distinct contract, allegations based on newly applicable CarePath terms or additional drugs must be added separately by motion. Plaintiff has followed that procedure here.

Moreover, the proposed allegations are consistent with the pleading theory previously addressed by the Court. Plaintiff alleges that the IMAAVY CarePath terms, effective in April 2025, expressly provide that patients whose health plans partner with SaveOnSP, or whose benefits are administered by SaveOnSP, are not eligible to use CarePath. Plaintiff further alleges that IMAAVY was added to a SaveOnSP drug list effective January 1, 2026. Read together with the remaining allegations of the proposed pleading, Plaintiff asserts that it has valid and enforceable contracts with patients who use CarePath; that Defendants know of the applicable CarePath restrictions; that Defendants nevertheless induce patients enrolled in SaveOnSP to obtain CarePath funds in violation of those restrictions; and that this conduct causes JJHCS to disburse funds it otherwise would not have paid and for a purpose it did not intend.

Accepting those allegations as true and drawing reasonable inferences in Plaintiff's favor, the proposed pleading plausibly alleges the same elements of tortious interference already asserted as to other drugs: an existing contractual relationship, Defendants' intentional interference with that relationship, a resulting breach, and damages. *See DiGiorgio Corp. v. Mendez & Co.*, 230 F. Supp. 2d 552, 558 (D.N.J. 2002). The amendment merely extends those allegations to IMAAVY based on newly disclosed facts. It therefore would not fail under the Rule 12(b)(6) standard and is not futile.

For the foregoing reasons, I recommend that Plaintiff's unopposed motion for leave to supplement its Third Amended Complaint be GRANTED and that Plaintiff be permitted to file the proposed Supplemented Third Amended Complaint attached to its motion. Plaintiff is directed to submit a proposed order to the Magistrate Judge, consistent with this R&R.

DATED: September 24, 2026

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master